

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

DAVID A. NAPOLI, D.C.                      )
d/b/a NAPOLI CHIROPRACTIC CENTER,          )
and all others similarly situated,         )
                                           )       CASE NO.: 00-CV-6061
        **Plaintiffs,**                    )
                                           )       JUDGE FERGUSON
v.                                         )
                                           )       MAGISTRATE JUDGE SNOW
ALLSTATE INSURANCE COMPANY, and            )
MEDVIEW SERVICES, INC.,                    )
                                           )
        **Defendants.**                    )
_____)

## DEFENDANT, ALLSTATE INSURANCE COMPANY'S
## MOTION TO DISMISS COUNTS IV, V, VI AND VII
## OF CLASS ACTION COMPLAINT

        Defendant, Allstate Insurance Company, through its undersigned counsel, hereby moves

this honorable Court for entry of an Order pursuant to Rules 8, 9 and 12(b) of the Federal Rules

of Civil Procedure, dismissing Counts IV, V, VI and VII of Plaintiffs' Class Action Complaint

("Complaint")[1] and states as follows:

        1.     At its core, plaintiff David A. Napoli, D.C. ("Dr. Napoli") contends in this action

that Allstate failed to pay the proper amounts due in connection with medical services Dr. Napoli

rendered to various patients who were injured in automobile accidents and who were provided

personal injury protection ("PIP") coverage under Allstate automobile insurance policies.

---

       1     Allstate has concurrently filed its Answer and Defenses to Counts II and III of
the Complaint. Count I of the Complaint alleges no claims against Allstate.

2.    Dr. Napoli specifically alleges:

a.    He had a contract with defendant Medview Services, Inc. ("Medview") to accept reduced rates for medical care services he rendered to certain patients (Complaint, ¶¶ 17-18);

b.    He submitted bills which he prepared to Allstate for services rendered by plaintiff to various patients who were injured in automobile accidents and who were provided PIP coverage under Allstate automobile insurance policies (id., ¶ 24);

c.    Allstate paid those bills at the discounted Medview rate (id., ¶ 25); and

d.    He received documentation from Allstate in connection with those bill payments in the form of an Explanation of Benefits ("EOB") which expressly advised him that Allstate had applied that contractual discount to his bills (id., ¶ 27).

## I.    Count IV Fails To Properly Allege A RICO Claim And Must Be Dismissed

3.    Count IV of the Complaint, styled "RICO," is, as a matter of law, flawed and should be dismissed in accordance with Federal Rules 8, 9, and 12. See Delfrate v. Letts, 1996 WL 420880 (M.D. Fla. Mar. 26, 1996)(courts should impose stringent RICO pleading requirements "due to [RICO's] potential for abuse by civil litigants"); Stern v. Laucadia Nat'l Corp., 844 F.2d 997, 1003 (2d Cir. 1988), cert. denied, 488 U.S. 852 (1988)(one of the purposes of Rule 9(b)'s heightened pleading requirement is to derail "strike suits" in which the threat of RICO liability is used in business or personal disputes unrelated to racketeering).

### A.    Count IV violates F.R.Civ.P. 8.

4.    Count IV fails to meet the requirements of Rule 8. Rule 8(a)(2) requires that a complaint contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(e)(1) states that each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Under Rule 8, a

2

complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir.1993).

5.    In Count IV, Dr. Napoli has improperly intertwined a prolix, vague, internally contradictory and incomprehensible claim which purports to be based on several sections of the RICO statutes, including 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d).

6.    Plaintiff's abstruse pleading and commingling of theories, in and of themselves, thus require dismissal of Count IV. Fed. R. Civ. P. 8. See also Rule 12.1(1), General Rules of the Southern District of Florida ("If you allege violations of more than one subsection of § 1962 [each] should be pled as a separate RICO claim.")

**B.    Count IV violates F.R.Civ.P. 9(b).**

7.    Additionally, Count IV is not pleaded with particularity and thus fails to meet the requirements of Fed. R. Civ. P. 9(b) (for claims premised upon fraud, the "circumstances constituting fraud ... shall be stated with particularity"). This rule applies with equal force regardless of whether a plaintiff attempts to plead mail fraud, wire fraud or any other fraudulent conduct as a predicate act for a RICO claim. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364 (11th Cir. 1997). See also United States v. Kreimer, 609 F.2d 126, 128 (5th Cir. 1980)(explaining that the mail fraud statute "does not reject all business practices that do not fulfill expectations, nor does it taint every breach of a business contract"); McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786, 791 (1st Cir. 1990)("a breach of contract [does not] in itself constitute a scheme to defraud" under mail and wire fraud statutes).

8.    Rule 9 is thus satisfied only where the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made,

3

and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud.'" Brooks, 116 F.3d at 1380; see Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 776 (7th Cir. 1994).

9.    Count IV alleges none of these critical details with particularity; indeed, the express allegations of the complaint indicate that plaintiff was not misled and did not rely upon any alleged misstatement by Allstate. See Pelletier v. Zweifel, 921 F.2d 1465, 1499-1500 (11th Cir. 1991)(when the alleged predicate act is mail or wire fraud, the plaintiff must have been the target of the scheme to defraud and must have relied to his detriment on misrepresentations made in furtherance of that scheme); Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1318 (11th Cir. 1998)(misrepresentations made to someone other than the plaintiff will not support RICO claim based on mail or wire fraud). Instead, Count IV contains only cryptic and conclusory allegations purporting to charge Allstate with vague and unsubstantiated acts of conspiracy, fraud, racketeering and extortion.

10.    Count IV further improperly fails to distinguish between the conduct of Allstate, Medview and other, unnamed, actors. As such, Count IV fails to plead with sufficient particularity and must be dismissed on this basis as well. E.g., Sears v. Likens, 912 F.2d 889, 893 (7th Cir. 1990) (affirming dismissal of complaint that was "bereft of any detail concerning who was involved in each allegedly fraudulent activity" and "lump[ed] all the defendants together and [did] not specify who was involved in what activity.").

4

**C.    Count IV violates F.R.Civ.P. 12(b)(6).**

11.    For the following reasons, Count IV fails, as a matter of law, to state a claim for which relief can be granted and thus must be dismissed under Rule 12(b)(6).

**1.    Count IV fails to state a claim under 18 U.S.C. § 1962(a).**

12.    Plaintiff's apparent attempt in Count IV to plead a claim under 18 U.S.C. § 1962(a) fails, as a matter of law, because he has not and cannot establish that he was harmed as a result of investment activity by Allstate.    Plaintiff only alleges that he was injured in his property, without providing a connection between Allstate's investment and his alleged injury. Neither injury resulting from predicate racketeering acts nor mere reinvestment of the racketeering proceeds into a business activity is adequate, however, to establish a claim under § 1962(a). See, e.g., Viacom, 20 F.3d at 779 n. 6 ("the majority of circuits hold that the use or investment of the racketeering income must proximately cause the plaintiff's injury; injury caused by the predicate racketeering acts is inadequate"); Fogie v. Thorn Americas, Inc., 190 F.3d 889, 895 (8th Cir. 1999); Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 437 (9th Cir.1992) (concluding that "a plaintiff seeking civil damages for a violation of section 1962(a) must allege facts tending to show that he or she was injured by the use or investment of racketeering income"), cert. denied, 508 U.S. 908, 113 S.Ct. 2336, 124 L.Ed.2d 247 (1993); Ouaknine v. MacFarlane, 897 F.2d 75, 82 (2nd Cir.1990); Craighead v. E.F. Hutton & Co., 899 F.2d 485, 494 (6th Cir.1990); Rose v. Bartle, 871 F.2d 331, 356-58 (3rd Cir.1989); Grider v. Texas Oil & Gas Corp., 868 F.2d 1147, 1149 (10th Cir.), cert. denied, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). See also Brittingham v. Mobil Corp., 943 F.2d 297, 305 (3rd Cir.1991) ("If [reinvestment] were to suffice, the use-or- investment injury requirement would be almost completely eviscerated when the alleged pattern of racketeering is committed

5

on behalf of a corporation... . Over the long term, corporations generally reinvest their profits, regardless of source.").

13.     Plaintiff thus lacks standing under §1962(a) because he has alleged injury only from purported predicate acts, not from the investment-use of the converted funds, and his effort to pursue a §1962(a) claim must be dismissed.

### 2.     Count IV fails to state a claim under 18 U.S.C. § 1962(c).

14.     Plaintiff's apparent attempt in Count IV to plead a claim under § 1962(c) likewise fails as a matter of law because recovery is available under §1962(c) only for a person who is victimized by the employees or associates of an interstate enterprise that is conducted through a pattern of racketeering activity.  See Bill Buck Chevrolet, Inc. v.  GTE Florida, 54 F. Supp.2d 1127 (M.D. Fla. 1999).

15.     Plaintiff has not set forth any allegations regarding a structure, continuity, or common course of conduct of any alleged improper associations and thus fails to allege an enterprise.

16.     Plaintiff, likewise, fails to allege sufficiently any predicate racketeering offenses, let alone a pattern of racketeering activities. As a result, plaintiff's attempt to pursue a §1962(c) claim also must be dismissed.  See, e.g., Richmond v. Nationwide Cassel, 52 F.3d 640, 645 (7th Cir. 1995).  Bill Buck Chevrolet, 54 F.Supp.2d at 1135.

### 3.     Count IV fails to state a claim under 18 U.S.C. § 1962(d).

17.     Plaintiff also has failed to properly allege a §1962(d) claim because a RICO conspiracy cannot be charged in the absence of a properly pled substantive RICO violation. Plaintiff has failed to adequately allege RICO predicate acts, failed to allege an enterprise, failed to allege a pattern of racketeering activity and she has suffered no RICO injury.  As a result,

6

plaintiff has not and cannot properly plead RICO conspiracy under §1962(d).  See Callan v. United States , 881 F.2d 229, 235 (6th Cir. 1989).

> ### 4.    Dr. Napoli's RICO claims are not proper for class action treatment.

18.    In all events, because the alleged RICO claims sound in mail and wire fraud, they are inappropriate for class action treatment because they require individualized showings of misrepresentation, reliance, injury and damages, and thus must be dismissed on that basis as well.  See Andrews v.  American Tel. & Tel. Co. , 95 F.3d 1014, 1025 (11th Cir.1996)(RICO claims predicated on mail fraud and wire fraud deemed inappropriate for class treatment because, even "if it could be shown that the appellants were engaged in a scheme to defraud and made misrepresentations to further that scheme, the plaintiffs would still have to show, on an individual basis, that they relied on the misrepresentations, suffered injury as a result, and incurred a demonstrable amount of damages"); Pelletier, 921 F.2d at 1498-1500.  Cf. Fischler v. AmSouth Corp., 176 F.R.D. 583 (M.D. Fla. 1997)(citing the advisory committee notes to Rule 23(b)(3) and denying class certification of securities fraud claims because a fraud class action cannot be certified when individual reliance will be an issue).

## II.    Count V Fails To Properly Allege An Antitrust Claim And Also Must Be Dismissed

> ### A.    Count V violates F.R.Civ.P. 8.

19.    Count V fails to meet the requirements of Rule 8 because it commingles multiple purported antitrust theories and fails to make a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

> ### A.    Count V should be dismissed under F.R.Civ.P. 12 (b)(6).

20.    First and foremost, plaintiff points to alleged "price discrimination" as the basis for his purported anti-trust claims.  However, 15 U.S.C. § 13, that portion of the Clayton Act

known as the Robinson-Patman Act, applies specifically to price discrimination concerning "commodities." Insurance services are not considered "commodities" and thus not covered by the Robinson-Patman Act. <u>Uniforce Temporary Personnel, Inc. v. National Council on Compensation Insurance, Inc.</u>, 892 F. Supp. 1503, 1513 n.12 (S.D. Fla. 1995), <u>aff'd</u> 87 F.3d 1296 (11th Cir. 1996), <u>citing</u> <u>Freeman v. Chicago Title & Trust Co.</u>, 505 F.2d 527, 530 (7th Cir. 1974).

21.    As a result, to the extent plaintiff's claim in Count V is based on §13 of the Clayton Act, Count V must be dismissed.

22.    Plaintiff likewise fails to allege a violation of Section 1 of the Sherman Act because:

a.    Plaintiff does not allege, as is required on the face of Section 1 of the statute, a contract, combination or conspiracy in restraint of trade of commerce. <u>Six Twenty-Nine Productions, Inc. v. Rollins Telecasting, Inc.</u>, 365 F.2d 478, 484 (5th Cir. 1966 (Fla)) ("The essential element in a Section 1 violation, not found in Section 2 cases, is the existence of some kind of contract, combination or conspiracy.").

b.    Plaintiff's allegations speak only to the alleged actions of Allstate, which, quite simply, cannot be in a contract, combination or conspiracy with itself. <u>Id.</u> ("It is fundamental that at least two independent business entities are required for violation of Section 1 ...").

c.    Plaintiff makes no effort to plead the manner in which Allstate's alleged actions actually restrained trade, settling instead for the inadequate conclusory statement in Paragraph 101 that "said price discrimination practices constitute a restraint upon commerce and trade." See <u>Gregoris Motors v. Nissan Motor Corp. in USA</u>, 630 F. Supp. 902, 908 (E.D.N.Y. 1986) ("The allegations of anti-competitive effect as to plaintiff individually and to any market as a whole are no more than conclusory. As 'the absence of a sufficient allegation of anticompetitive

8

effects is fatal to the existence of the cause of action,' <u>Havoco of American, Ltd. v. Shell Oil Co.</u>, 626 F.2d 549, 554 (7th Cir. 1980), the first cause of action for violation of §1 of the Sherman Act must be dismissed.").

23.     In light of the foregoing, plaintiff has failed to plead a violation of Section 1 and all claims contained in Count V which are based upon Section 1 of the Sherman Act must be dismissed.

24.     Plaintiff also fails to allege a violation of Section 2 of the Sherman Act.  Section 2 of the Sherman Act only applies to monopolization.  Plaintiff does not even use the word "monopoly" in his Complaint, let alone allege a specific interest on the part of Allstate to attempt or conspire to monopolize anything.  <u>See</u> <u>Double D Spotting Service, Inc. v. Supervalu, Inc.</u>, 136 F.3d 554, 560 (8th Cir. 1998) ("Section 2 of the Sherman Act requires a plaintiff to **plead** and prove that the defendant (1) possessed monopoly power in the relevant market and (2) willfully acquired or maintained that power as opposed to gaining it as a result of a superior product, business acumen, or historical accident." (internal citations omitted; emphasis added)).  Thus, plaintiff's failure to plead the existence of a "monopoly" requires all claims based upon Section 2 of the Sherman Act be dismissed.

### III.     Count VI Fails To State A Viable Claim And Must Be Dismissed

25.     Count VII, styled "Declaratory Judgment," in effect asks this Court to declare that Allstate's conduct, as alleged in connection with the various and sundry theories asserted elsewhere in the Complaint, is "wrong."

26.     Count VII, is, at best, redundant, provides no basis for independent declaratory relief against Allstate, and must be dismissed.  <u>See</u> Fed.R.Civ.P. 12(f).

**IV.**     **Count VII Fails To Allege Any Cognizable Violation Of The Florida PIP Statute**

27.     Plaintiff attempts in Count VII to plead a claim under the Florida Statute §627.736(10) , which is a regulatory provision subject to enforcement by the Commissioner of Insurance.  There is no private right of action for violations of the statute.  The statute does not expressly provide for a private right of action.  See Florida Stat. §624.155 (expressly providing that private civil actions may be brought against insurers for violations of several enumerated statutory sections, not including §627.736(10)).  Nor is there any basis upon which to conclude that the legislature intended otherwise to provide for an implied private cause of action.  Consequently, no such cause of action exists and, as a result, Count VII must be dismissed.  See, e.g., Murthy v. N. Sintha Corp., 644 So.2d 983, 985-86 (Fla. 1994)(no private cause of action may be maintained where neither a statute on its face nor the legislative history reveal an intent by the legislature to provide for a private right of action).

28.     Furthermore, the provisions of Florida Statute §627.736(10) govern conduct in the sale of insurance policies by insurance companies to their insureds.  The purpose of §627.736(10) is to protect insureds from harm as a result of actions by insurance companies deemed inappropriate.  Plaintiff is not an insured and thus is not in the class of persons the statute would be deemed to have intended to protect.  Consequently, to the extent that any private right of action were determined to exist under the statute, it would not be available to plaintiff.  See S.M. Fischer v. G.W. Metcalf, M.D., 543 So.2d 785, 788 (Fla. 3rd DCA 1989)(noting that a private cause of action is to be implied, if at all, only for a plaintiff who is "one of the class for whose especial benefit the statute was enacted").  As a result, even if a claim otherwise could be asserted by an Allstate insured, plaintiff lacks standing and his effort to pursue such a claim must be dismissed.

WHEREFORE, for the foregoing reasons, Allstate Insurance Company respectfully requests that this Court enter an Order dismissing Counts IV, V, VI and VII of the Class Action Complaint, with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to Douglas A. Blankman, Esquire, Kopelman & Blankman, P.A., One Financial Plaza, Suite 1611, Ft. Lauderdale, FL  33394, Carlin Phillips, Esquire, Gogel, Phillips & Garcia, LLP, 13 Ventura Drive, North Dartmouth, MA  02747 and Arthur Gold, Esquire, Gold, Rosenfeld & Coulson, 11 S. LaSalle Street, Suite 2500, Chicago, IL  60603, this 23rd day of February, 2000.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 920-7241

Attorneys for Allstate Insurance Company

LORI J. CALDWELL
Florida Bar No. 0268674
DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
A Professional Association
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone: (407) 839-4511
Telecopier: (407) 841-2133

Attorneys for Allstate Insurance Company

11