## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO. 00-6061-Civ-Ferguson

DISTRICT JUDGE: Ferguson
MAGISTRATE JUDGE: Snow

DAVID A. NAPOLI, D.C., d/b/a NAPOLI
CHIROPRACTIC CENTER, and all others
similarly situated,

      Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY and
MEDVIEW SERVICES, INC.,

      Defendants.

_____



### DEFENDANT MEDVIEW SERVICES, INC.'S,
### UNOPPOSED MOTION FOR EXTENSION OF TIME

Defendant, Medview Services, Inc. ("Medview"), requests the entry of an order extending until March 29, 2000, its time to respond to Plaintiff's complaint. In support of the motion, Medview states:

1.    Defendant Medview, through other counsel, initially obtained Plaintiff's agreement to a brief extension of time during which it could retain its trial counsel. In obtaining that extension, the other counsel made clear that he had not been retained to defend Medview in the instant litigation.

2.    The undersigned has now been retained to represent Medview in this litigation, and seeks a brief extension of time in which to analyze the complaint, review the file materials, conduct legal research and determine how best to respond.

3.    This request for extension is submitted in good faith and not simply for purposes of delay. Plaintiff has filed a complaint consisting of over 110 paragraphs. It includes class allegations, claims for breach of contract, a claim for unjust enrichment, a claim under the RICO Act, a claim under the Sherman Antitrust Act, a claim under the Florida Statutes dealing with insurance, and a claim for declaratory relief. While relief is not specifically sought against Medview in all counts, each count does reference and involve Medview to some extent. It is submitted that in light of the voluminous nature of the complaint and the legal complexity of the claims involved, the requested extension is reasonable and will not unduly delay these proceedings.

4.    **Certificate Of Consultation With Opposing Counsel**. The undersigned certifies that he consulted Arthur Gold, counsel for Plaintiff, and can represent to the Court that Plaintiff has no objection to the requested extension.

Dated this ___/3___ day of March, 2000.

McGUIRE, WOODS, BATTLE & BOOTHE LLP

By:_____

William W. Deem, Esq.
Florida Bar No. 0512834
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
wwdeem@mwbb.com

Attorneys for Medview Services, Inc.

## Certificate of Service

I certify that a copy of Defendant, Medview Services, Inc.'s Request for Extension of Time has been furnished by facsimile and U.S. Mail on this ___*13*___ day of March, 2000, to the following:

Douglas A. Blankman, Esq.
Kopelman & Blankman, P.A.
Nationsbank Tower, Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
**Attorneys for Plaintiff**

Arthur Gold, Esq.
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
**Attorneys for Plaintiff**

Carlin Phillips, Esq.
Gogel, Phillips & Garcia, LLP
13 Ventura Drive,
North Dartmouth, MA 02747.
**Attorneys for Plaintiff**

David Shelton, Esq.
Rumberger, Kirk & Caldwell
Signature Plaza, Suite 300
Post Office Box 1873
Orlando, FL  32802-1873
**Attorneys for Allstate**

_____
Attorney

\\JAC\2615\Columbia HCA\Napoli\plead\Req for Exten.doc