UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| DAVID A. NAPOLI, D.C. d/b/a NAPOLI CHIROPRACTIC CENTER, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, and MEDVIEW SERVICES, INC.,<br><br>Defendants. | CASE NO.: 00-CV-6061<br><br>JUDGE FERGUSON<br><br>MAGISTRATE JUDGE SNOW<br><br>Allstate Insurance Company's Motion For Extension of Time To Serve Response to Plaintiff's Motion For Class Certification |

Defendant, Allstate Insurance Company ("Allstate"), hereby files this Motion For Extension of Time to respond to Plaintiff's Motion For Class Certification. Allstate initially made this Motion orally at the March 20, 2000 scheduling conference. In support of the Motion, Allstate would show unto the Court the following:

**MEMORANDUM OF LAW**

1. This action was filed on January 12, 2000. Allstate filed an answer to counts II and III of the Complaint and a motion to dismiss counts IV, V, VI and VII of the Complaint. Defendant, Medview Services, Inc. ("Medview") has not responded to the Complaint, but has filed an unopposed motion for extension of time to respond until March 29, 2000.

2. On March 8, 2000, Plaintiff served his Motion For Class Certification. Defendants' responses to the Motion are due March 24, 2000.

3. Plaintiff's Motion was served before the close of the pleadings and before Allstate had the opportunity to conduct any discovery in this case including any discovery related to the issue of whether any class should be certified. Allstate should not be forced to respond to

Plaintiff's Motion without the opportunity to conduct some preliminary discovery. At the least, Allstate would anticipate some written discovery and a deposition of the Plaintiff. This discovery is necessary so Allstate can adequately prepare its response and educate the Court on the issues bearing on class certification.

4. Allstate's counsel raised the issue of an extension of time to respond to Plaintiff's Motion at the scheduling conference held on March 20, 2000. Plaintiff did not object to the oral motion, and the Court indicated that it was inclined to grant a 45-day extension of time in order to allow for some preliminary discovery.

5. An extension of time will not prejudice any party or unnecessarily delay these proceedings. At the scheduling conference, the Court indicated that the case would be set for trial during December 2000.

6. A proposed form of order is attached hereto.

WHEREFORE, Defendant, Allstate Insurance Company, respectfully requests that the Court enter an order granting an extension of time to respond to Plaintiff's Motion For Class Certification.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to the attorneys on the attached list, this 22nd day of March, 2000.

|  |  |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | RUMBERGER, KIRK & CALDWELL |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 920-7241 | Telecopier: (407) 841-2133 |
| Attorneys for Defendant | Attorneys for Defendant |

## SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL  33394
Attorney for Plaintiff

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL  60603
Attorney for Plaintiff

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA  02747
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
Attorney for Defendant,
Medview Services, Inc.