IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID A. NAPOLI, D.C., d/b/a
NAPOLI CHIROPRACTIC CENTER, and
all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
MEDVIEW SERVICES, INC.

    Defendants.

CASE NO.: 00-6061-CIV
JUDGE: FERGUSON
MAGISTRATE: SNOW

## DEFENDANT MEDVIEW SERVICES, INC.'S
## MOTION TO DISMISS COUNT I OF CLASS ACTION COMPLAINT

NOW COMES Defendant MedView Services, Inc. ("MedView") and, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to dismiss the Class Action Complaint of David A. Napoli, D.C., d/b/a Napoli Chiropractic Center, and all others similarly situated ("Plaintiff") for its failure to state a claim for which relief can be granted.

Plaintiff's Complaint fails to state a claim because, under the clear language of the Agreement and given the explicit listing of Allstate in Exhibit C to the Agreement, the conduct alleged in Count One could not constitute a breach. Specifically, for Plaintiff's allegations to be actionable, this Court would have to adopt a construction of the Agreement that (1) artificially limits the Agreement's definition of "Third Party Payors" to insurers of employees; (2) artificially limits the Agreement's definition of "Subscribers" to insured employees; and (3) imposes a nonexistent duty on MedView to directly connect increased patient volume to every Payor or potential Payor to whom



1

MedView communicates information on Plaintiff's discounts. The Agreement's language will not support any such construction.

If the contract is construed as written and according to the principles of contract interpretation, Plaintiff's Complaint cannot state a claim, even after accepting all of its allegations as true. As a result, Count I of Plaintiff's Complaint fails to state a claim against MedView for which relief can be granted.

WHEREFORE, MedView requests that this Court grant its Motion to Dismiss Plaintiff's Class Action Complaint.

McGUIRE, WOODS, BATTLE & BOOTHE LLP

BY: *[signature]*
William W. Deem, Esq.
Fla. Bar No.: 0512834
50 North Laura Street
Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)

ATTORNEYS FOR MEDVIEW SERVICES, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail on this 2⁴ day of March, 2000, to the following:

Douglas A. Blankman, Esq.
Kopelman & Blankman, P.A.
Nationsbank Tower, Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
**Attorneys for Plaintiff**

Arthur Gold, Esq.
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
**Attorneys for Plaintiff**

Carlin Phillips, Esq.
Gogel, Phillips & Garcia, LLP
13 Ventura Drive,
North Dartmouth, MA 02747.
**Attorneys for Plaintiff**

David Shelton, Esq.
Rumberger, Kirk & Caldwell
Signature Plaza, Suite 300
Post Office Box 1873
Orlando, FL 32802-1873
**Attorneys for Allstate**

_____William W. Deem_____
Attorney

\\COMMERCIAL LIT\JTBRANHA\Motion in Count I(#8645)\v. 1