UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| DAVID A. NAPOLI, D.C. d/b/a NAPOLI CHIROPRACTIC CENTER, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, and MEDVIEW SERVICES, INC., <br><br> Defendants. | CASE NO.: 00-CV-6061 <br><br> JUDGE FERGUSON <br><br> MAGISTRATE JUDGE SNOW <br><br> Allstate Insurance Company's Notice of Filing Supplemental Authority In Support of Its Motion to Dismiss |

Defendant, Allstate Insurance Company ("Allstate"), hereby submits supplemental authority in support of its motion to dismiss. Allstate files a copy of an order in the case styled May et al. v. Allstate Insurance Company, Case No. 00-6269-CIV-DIMITROULEAS, entered April 14, 2000 on several matters including defendant's motion to dismiss. That lawsuit is brought by one of the same firms representing plaintiff in this case (Kopelman & Blankman) and raises some of the same allegations including that Allstate violates Florida's personal injury protection ("PIP") statute, Section 627.736(10), Florida Statutes, by paying medical bills at reduced rates pursuant to the medical provider's agreement with Community Care Network, Inc. ("CCN"). Judge Dimitrouleas dismissed all claims that Allstate's payments violate the PIP statute. At pages 4-6 of the Order, Judge Dimitrouleas ruled that as a matter of law medical providers cannot assert a private cause of action under Section 627.736(10). That ruling should apply as well to plaintiff, Napoli. Thus, the May order further supports the dismissal of Counts VI and VII of plaintiff's complaint.



I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to Douglas A. Blankman, Esquire, One Financial Plaza, Suite 1611, Ft. Lauderdale, FL 33394; Arthur Gold, Esquire, 11 S. LaSalle Street, Suite 2500, Chicago, IL 60603; Carlin Phillips, Esquire, 13 Ventura Drive, North Dartmouth, MA 02747; and William W. Deem, Esquire, 50 N. Laura Street, Suite 3300, Jacksonville, FL 32202; this 20TH day of April, 2000.

|  |  |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | RUMBERGER, KIRK & CALDWELL |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 920-7241 | Telecopier: (407) 841-2133 |
| Attorneys for Defendant, Allstate | Attorneys for Defendant, Allstate |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6269-CIV-DIMITROULEAS

DRS. MARTIN MAY, ALAN LAZAR,
MARTIN HALE, JOEL RUSH, PAUL ZIDEL,
RICHARD LINN, RICHARD BERKOWITZ,
DOUGLAS STRINGHAM, ANDREW
ELLOWITZ, ALAN NOVICK, DEBRA WEISS,
and NEIL SCHECHTER,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO REMAND AND MOTION TO DISMISS

THIS CAUSE is before the Court upon Plaintiffs', Drs. Martin May, Alan Lazar, Martin Hale, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz, Douglas Stringham, Andrew Ellowitz, Alan Novick, Debra Weiss and Neil Schechter Motion for Remand, filed herein on March 14, 2000 and Defendant, Allstate Insurance Company's Motion to Dismiss, filed herein on March 1, 2000. The Court has carefully reviewed the motions and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiffs are doctors, who practice under the names "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation." As this entity, they submit claims to Allstate for payment on behalf of persons insured by Allstate for personal injury protection benefits, and receive payments from Allstate.

1

Defendant, Allstate, sells automobile insurance policies in Florida which contain personal injury protection, pursuant to Florida law. Under the PIP coverage, Allstate agrees to pay 80% of reasonable charges for necessary medical treatment provided to covered insured who suffer injury in an automobile accident. Plaintiffs claim that the amount that they have received, pursuant to bills they have sent to Defendant, of work they have done on Defendant's insureds, is "substantially less than [Allstate] is statutorily and contractually obligated to pay."

On January 21, 2000, Plaintiffs filed a two Count Complaint in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida. The action was timely removed. The Complaint is for: 1) Declaratory Relief; and 2) Breach of Contract.

Plaintiffs seek remand to State Court, arguing that the amount of PIP benefits paid to Plaintiffs pursuant to illegally obtained discounts by Defendant, compared to the amounts that should have been paid, can not be determined with certainty. They could potentially exceed or fall below the necessary jurisdictional amount, and therefore Defendants cannot provide, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Defendant counters this argument by stating that Plaintiffs are engaged together in the practice of medicine, submit the claims together, and receive payments together. Defendant submits the Explanation of Medical Bill Payments and Health Insurance Claim Forms as evidence that Plaintiffs are engaged in a united practice of medicine.

Defendant next moves to dismiss this action. It argues that Plaintiffs do not allege that Allstate offers "preferred provider" PIP coverage under the policy. The insured are entitled to choose the health care provider they want, on their own. Plaintiffs claim that Defendant pays PIP claims for medical benefits at 80% of "preferred provider" rates. Defendant argues that it is not required to offer a "preferred provider" policy to its insured and therefore, has not failed to pay

2

PIP benefits as required by § 627.736, Florida Statutes. Defendant also argues that the Complaint does not establish that it breached an obligation under the PIP coverage or § 627.736(10), Florida Statutes, by paying medical benefits at a "reasonable" rate, if it is less than what Plaintiffs request. Defendant's last argument is that there is no private cause of action permitted for violations of § 627.736(10). In sum, Defendant claims Plaintiffs do not state a claim.

Plaintiffs, in their two page response, argue that they strongly disagree with Defendant's arguments in the dismissal motion, and aver that they do state a claim.

## II. DISCUSSION

### A. Remand

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). Federal Jurisdiction should be found, unless it appears within "a legal certainty that the claim is really for less than the jurisdictional amount." Id. at 1356. However, "[w]here a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. Id. at 1356-57; See Gafford v. General Electric Company, 997 F.2d 150, 160 (6th Cir. 1993).

Plaintiffs claim that the amount of controversy in this action can only be determined by calculating the amount of PIP benefits paid individually, to Plaintiffs. However, Plaintiffs are engaged together in the practice of medicine under two names, "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation." Plaintiffs submit forms to receive payment, and receive payment collectively. The Health Insurance Claim Forms, submitted by Defendant,

3

shows that the I.D. Number of Referring Physician contains the same tax number on each sheet. Additionally, in the space marked "Physician's, Supplier's Billing Name...," Park Place Therapeutic Center is noted on each form. On the Explanation of Medical Bill Payment, submitted by Defendant, in the space marked, "Treatment Rendered By," is the name Park Place Therapeutic Center. "[W]hen several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." Troy Bank of Troy, Indiana v. G.A. Whitehead & Company, 222 U.S. 39, 40-41 (1911). The aggregate amount of the reduction of payments clearly exceeds the $75,000 threshold necessary to confer jurisdiction on this Court.

### B. Dismiss

It is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)). There must be a showing that the plaintiff has no claim before granting a motion to dismiss. June Vernon and Delroy Vernon v. Medical Management Associates of Margate, Inc., 912 F.Supp. 1549 (S.D.Fla. 1996).

Defendant's first argument is that the Complaint fails to allege a breach of contract or violation of § 627.736. Plaintiffs allege in their Complaint, that Allstate pays PIP claims for medical benefits at 80% of "preferred provider" rates. However, Plaintiffs fail to define "preferred provider" rates, nor do they allege that such rates were not reasonable. Plaintiffs claim, then, that because Allstate does not provide an option to insureds to purchase a "preferred

4

provider" policy for PIP benefits, it breached its contracts of insurance with its insureds and violated § 627.736(10) by paying at those rates. Therefore, Plaintiffs' only allegation is that Allstate is paying certain health care providers reduced rates which those providers have agreed to accept for medical services covered under the Allstate PIP contracts.

Plaintiffs, in the Complaint, claim that Defendant's standard policy does not comply with § 627.736(1)(a), which necessitates a party to have personal injury protection of "[e]ighty percent of all reasonable expenses for necessary medical..." Plaintiffs claim that they provided medical treatment, and were paid less than what is statutorily and contractually obligated to pay. However, Plaintiff's claims are not based on this Florida Statute.

Plaintiffs also argue that Defendant refers to Plaintiffs actions as "preferred providers," and such designation is improper. § 627.736(10), Florida Statutes, states in pertinent part, "(10) An insurer may negotiate and enter into contracts with licensed health care providers for the benefits described in this section, referred to in this section as 'preferred providers,' which shall include health care providers...The insurer may provide an option to an insured to use a preferred provider at the time of purchase of the policy for personal injury protection benefits..." Plaintiffs attached the insurance policy to the Complaint. The Court may consider the policy for purposes of a motion to dismiss. Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1369 (11th Cir. 1997); Smith Barney, Inc. v. Scanlon, 180 F.R.D. 444, 446 (S.D.Fla. 1998). Such consideration of a document attached to Plaintiff's complaint does not convert the motion to dismiss into a motion for summary judgment. Id. The policy does not contain the term "preferred providers," and Plaintiffs are not the parties the statute is meant to protect. Additionally, the statute does not state that Defendant must offer a "preferred providers" plan, but only regulates those parties that choose to do so.

5

Defendant argues that the statute was not enacted to benefit medical providers, and therefore, does not allow Plaintiffs to rely on it as their basis for damages. In <u>Fischer v. Metcalf</u>, the Third District Court of Appeals discussed three criteria[1] which are pertinent to whether the legislature intended a statute to benefit a party. They are, "1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; 2) whether there is any indication, either explicit or implicit, of a legislative intent to create or deny such a remedy; and 3) whether judicial implication is consistent with the underlying purposes of the legislative scheme." <u>Fischer v. Metcalf</u>, 543 So.2d 785, 788 (Fla. 3rd DCA 1989); See <u>Cort v. Ash</u>, 422 U.S. 66 (1975).

§ 627.736, Florida Statutes, was not enacted to benefit medical providers. Plaintiffs are not the class whose especial benefit the statute was enacted. The statute was enacted to protect insureds from harm as a result of accidents with other drivers, and actions by insurance companies. The statute was not enacted to ensure that medical providers received what they felt was a reasonable wage. The legislature did not imply, nor can it be inferred, that the medical providers were the parties the statute was enacted to protect. The Court cannot infer that the Legislature intended to protect the medical providers with the enactment of § 627.736. "Legislative intent, rather than duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one." <u>Murthy v. N. Sinha Corp.</u>, 644 So.2d 983, 985 (Fla. 1994). Plaintiffs claim for relief based on Defendant's alleged violation of § 627.736, Florida, Statutes, does not allege a cause of action.

---

[1] Out of a four part test.

6

The remaining issue is whether Plaintiffs may sue Defendant for paying them what they do not deem to be reasonable rates, as preferred providers. However, the term preferred provider is not mentioned in the insurance policy and Defendant's actions do not resemble the statute's definition of the term preferred provider. Therefore, Plaintiffs claim is based on being intended third party beneficiaries to Defendant's insurance policies. Plaintiffs are not in direct contractual privity with Defendant. "[T]he term 'privity' is a word of art derived from the common law of contracts and used to describe the relationship with persons who are parties to a contract." Espinosa v. Sparber, et al., 612 So.2d 1378, 1380 (Fla. 1993). Usually only parties to a contract may collect on the contract. However, "an intended third party beneficiary of a contract may recover damages from the contracting parties if they breach the contract." Jacobson v. Heritage Quality Construction Co., Inc., 604 So.2d 17, 18 (Fla. 4th DCA 1992). "Essential to the right of a third party beneficiary of a contract to maintain an action for its breach is a clear intent and purpose of the contract to directly and substantially benefit the third party." Thompson v. Commerical Union Insurance Company of N.Y., 250 So.2d 259, 262 (Fla. 1971). The insurance policies between Defendant and the insureds are clear in their intent to directly and substantially benefit Plaintiffs[2]. Plaintiffs, in the present action, "must plead the contract which was expressly for (their) benefit and one under which it clearly appears that (they were) a beneficiary." Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100, 102 (Fla. 4th DCA 1969). Plaintiffs properly pled that they were intended third party beneficiaries to defeat the motion to dismiss.

### III. CONCLUSION

Plaintiffs did not, nor could they, properly plead a cause of action under § 627.736(1)(a)

---

[2] Although this benefit is not the main crux of the insurance policy.

7

and (10) as the basis of Defendant's liability. The statute does not delineate that there exists such a cause of action exists, nor is the statute drafted to benefit medical providers. Plaintiffs do state a cause of action for breach of contract, in that they are the intended third party beneficiaries to the insurance policy, but not on the basis that they were improperly treated as preferred providers.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand is hereby **DENIED**;

2. Defendant's Motion to Dismiss is hereby **GRANTED**; in part. Motion to Dismiss Count I is hereby Granted; Count I is dismissed with prejudice. Motion to Dismiss Count II is hereby **GRANTED**; Count II dismissed without prejudice, with leave to amend in accordance with this Order. An Amended Complaint shall be filed within then days of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this _14_ day of April, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Peter Valeta, Esq.
Lawrence Kopelman, Esq.
David B. Shelton, Esq.