UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO: 00-CIV-6061-FERGUSON/SNOW

DAVID A. NAPOLI, D.C.
d/b/a NAPOLI CHIROPRACTIC CENTER, and
all others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
MEDVIEW SERVICES, INC.,

Defendants.

MOTION FOR LEAVE TO FILE RULE 15(A) AMENDED COMPLAINT TO; (A), SUBSTITUTE DR. PAUL ZIDEL AS NAMED PLAINTIFF IN PLACE OF DAVID NAPOLI, AND (B), TO SUBSTITUTE FOR DEFENDANT MEDVIEW SERVICES, INC., ITS SUCCESSOR-IN-INTEREST "COMMUNITY CARE NETWORK, INC., D/B/A CCN"

Pursuant to Rules 15, 17(a), 21 and 23, Plaintiff moves for leave to file instanter an

Amended Complaint making the above described substitutions. In support of this Motion,

Plaintiff states as follows:

CHRONOLOGICAL BACKGROUND
OF THIS LITIGATION



1

**January 12, 2000**

Class action complaint filed in the United States District Court for the Southern District of Florida, case number 00-6061, entitled *Dr. David Napoli v. All State Insurance Company and Medview Services, Inc.* ("NAPOLI CLASS ACTION."), alleging the stealing of discounts under a "silent PPO" scheme.

**January 21, 2000**

Complaint filed in Florida State Court, Broward County, by Drs. Martin May, Alan Lazar, Martin Hale, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz, Douglas Stringham, Andrew Ellowitz, Alan Novak, Debra Weiss and Neil Schecter ("MAY COMPLAINT") against Allstate Insurance Company ("ALLSTATE"), claiming improper discounts were taken on medical bills submitted to ALLSTATE pursuant to personal injury protection automobile insurance policies.

**February 15, 2000**

Plaintiff, Dr. David Napoli, files an Amended Rule 12.1 Civil RICO case statement in the NAPOLI CLASS ACTION.

**February 22, 2000**

MAY COMPLAINT is removed by ALLSTATE to the United States District Court for the Southern District of Florida as case number 00-CIV-6269 and is assigned to the Honorable

Judge William P. Dimitrouleas.

**February 23, 2000**

ALLSTATE files its Answer and Affirmative Defenses to counts II and III of the NAPOLI CLASS ACTION and a Motion to Dismiss Counts IV, V, VI and VII of the Napoli Class Action Complaint together with a Memorandum in Support of same.

**March 8, 2000**

A joint status report is filed by Plaintiff, Dr. David Napoli and ALLSTATE in the NAPOLI CLASS ACTION and Dr. David Napoli files his opposition to ALLSTATE's Dismissal Motion with respect to counts IV, V, VI, and VII of the Napoli Class Action Complaint. Plaintiff, Dr. David Napoli also files his Motion for Class Certification and Memorandum in Support of same in the NAPOLI CLASS ACTION.

**March 20, 2000**

This Court holds a status conference at 4:15 p.m. Defendant ALLSTATE files its Reply Memorandum relative to its Motion to Dismiss Counts IV, V, VI and VII of the Napoli Class Action Complaint. At the status conference, the Court sets December 4 through December 15, 2000 as trial dates and sets a discovery schedule. The Court also sets a forty minute hearing date on April 14, 2000

relative to ALLSTATE's Motion to Dismiss Counts IV, V, VI and VII of the Napoli Class Action Complaint. The Court directs the parties to agree upon a mediator to conduct mediation prior to the trial dates. The Court withholds a briefing schedule with respect to Dr. Napoli's Motion for Class Certification and Memorandum in Support of same.

**March 29, 2000**

Defendant Medview Services, Inc., ("MEDVIEW") files its Motion to Dismiss Count I of the Napoli Class Action Complaint and Memorandum in Support same.

**April 14, 2000**

Judge Dimitrouleas enters an order denying Plaintiffs' Motion to Remand the MAY COMPLAINT, dismissing Count I of the MAY COMPLAINT which is based upon ALLSTATE's violation of Florida's Personal Injury Protection ("PIP") Statute § 627.736(10), with prejudice. Judge Dimitrouleas also dismisses Count II of the MAY COMPLAINT based upon breach of contract, without prejudice, granting leave to the MAY Plaintiffs to file an Amended Complaint.

**April 14, 2000**

Oral argument takes place on ALLSTATE's Motion to Dismiss Counts IV, V, VI, and VII, of the NAPOLI CLASS ACTION COMPLAINT. The Court takes same

under advisement. Dr. David Napoli files his Memorandum in Opposition to MEDVIEW's Motion to Dismiss Count I of the Napoli Class Action Complaint.

**April 19, 2000**

MAY Plaintiffs file their First Amended Complaint in the MAY CASE.

**April 20, 2000**

Allstate files a "Notice of Pendency of Other Action" relative to the case of *Drs. Martin May, Alan Lazar, Martin Hale, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz, Douglas Stringham, Andrew Ellowitz, Alan Novak, Debra Weiss and Neil Schecter against Allstate Insurance Company,* ("MAY CASE") 00-CIV-6269. On that same date, ALLSTATE also files in the NAPOLI CLASS ACTION its "Notice of Filing Supplemental Authority in Support of its Motion to Dismiss" citing Judge Dimitrouleas' ruling in the MAY CASE.

**April 21, 2000**

MEDVIEW files its reply to Plaintiff's Memorandum in Opposition to MEDVIEW's Motion to Dismiss.

**May 3, 2000**

ALLSTATE files its Answer and Affirmative Defenses to the First Amended Complaint in the MAY CASE.

5

**May 18, 2000**

ALLSTATE's Attorney requests additional time to respond to discovery.

**May 20, 2000**

MEDVIEW's attorney requests the same extension that ALLSTATE requested on May 18, 2000. Both extensions are agreed to by Dr. Napoli's attorneys. (See Exhibit 1 attached hereto.)

**May 24, 2000**

ALLSTATE agrees to Plaintiff's choice of mediator, former Judge Louis Garippo, of *Judicial Dispute Resolution, Inc*. (See Exhibit 2 attached.)

**May 25, 2000**

The Deposition of Dr. David Napoli proceeds in Fort Lauderdale, Florida. Attorneys for ALLSTATE question Dr. Napoli for six hours. A substantial portion of the questioning of Dr. Napoli is about a long-ago arrest of Dr. Napoli which did not result in any criminal conviction. This arrest was clearly irrelevant, and questioning him about it at such length could only have been designed to intimidate him into withdrawing as a named Plaintiff. Attorneys for MEDVIEW

6

have no opportunity to ask any independent questions of Dr. Napoli. Attorneys for MEDVIEW want Dr. Napoli to return for additional questioning.[1]

**May 30, 2000**

Attorneys for MEDVIEW accept former Judge Louis Garippo as a mediator for the NAPOLI CLASS ACTION. (See Exhibit 3 attached.) On that same day, Dr. David Napoli asks that his attorneys remove him as named Plaintiff and potential class representative.

**May 31, 2000**

Attorneys for Dr. David Napoli immediately inform Attorneys for ALLSTATE and MEDVIEW of Dr. Napoli's desire to withdraw as Plaintiff. (See Exhibits 4 and 5 attached.) Attorneys for Plaintiff agree to suspend discovery requirements of Defendants pending the substitution of another doctor for Dr. Napoli.

**June 8, 2000 through June 14, 2000**

On June 8, 2000, Attorneys for Dr. David Napoli report to Attorneys for ALLSTATE that indeed, Plaintiff, Dr. Paul Zidel, a named Plaintiff on the MAY COMPLAINT, has agreed to participate as a Plaintiff and class representative in the NAPOLI CLASS ACTION. Attempts are made by Dr. Zidel's attorneys to

---

[1] Local Rule 26.1 K of the United States District for the Southern District of Florida permits a maximum of six hours for a deposition.

7

have no opportunity to ask any independent questions of Dr. Napoli. Attorneys for MEDVIEW want Dr. Napoli to return for additional questioning.[1]

**May 30, 2000**

Attorneys for MEDVIEW accept former Judge Louis Garippo as a mediator for the NAPOLI CLASS ACTION. (See Exhibit 3 attached.) On that same day, Dr. David Napoli asks that his attorneys remove him as named Plaintiff and potential class representative.

**May 31, 2000**

Attorneys for Dr. David Napoli immediately inform Attorneys for ALLSTATE and MEDVIEW of Dr. Napoli's desire to withdraw as Plaintiff. (See Exhibits 4 and 5 attached.) Attorneys for Plaintiff agree to suspend discovery requirements of Defendants pending the substitution of another doctor for Dr. Napoli.

**June 8, 2000 through June 14, 2000**

On June 8, 2000, Attorneys for Dr. David Napoli report to Attorneys for ALLSTATE that indeed, Plaintiff, Dr. Paul Zidel, a named Plaintiff on the MAY COMPLAINT, has agreed to participate as a Plaintiff and class representative in the NAPOLI CLASS ACTION. Attempts are made by Dr. Zidel's attorneys to

---

[1] Local Rule 26.1 K of the United States District for the Southern District of Florida permits a maximum of six hours for a deposition.

7

arrive at a stipulation relative to the existing MAY COMPLAINT. Dr. Zidel's attorneys are informed that ALLSTATE's position would be made known to them on or before June 14, 2000. June 14, 2000 came and went without communication from ALLSTATE's attorneys.

**June 15, 2000**

Attorneys for ALLSTATE file a "Motion For Entry Of An Order Enjoining Plaintiffs And Their Counsel From Proceeding With Duplicate State Court Actions" in the MAY CASE.

**June 22, 2000**

This Court consents to a transfer of the MAY CASE to this Court, so both cases are now here.

### ARGUMENT

Simultaneously with the filing of this Motion, Dr. Paul Zidel submits his proposed Amended Complaint. As the Court will note, Dr. Zidel's Amended Complaint alleges the same illegal taking of discounts by ALLSTATE. Counts IV, V, VI and VII of Dr. Zidel's Amended Complaint are substantially identical to those same numbered counts in Dr. Napoli's complaint. CCN is named as a new Defendant but is merely a successor-in-interest to MEDVIEW, as Defendants' attorneys represented to this Court at the April 14, 2000 oral argument on ALLSTATE's Motion to Dismiss. No new briefing will be necessary as to ALLSTATE's Motion

8

with respect to Counts IV, V, VI and VII of DR. NAPOLI's Complaint.

ALLSTATE has filed a "Supplemental Authority in Support of its Motion to Dismiss" with this Court on April 20, 2000. The Supplemental Authority attached the April 14, 2000 Order of Judge Dimitrouleas in the MAY CASE. Judge Dimitrouleas' order only impacts Count III (THIRD PARTY BENEFICIARY BREACH OF CONTRACT- ALLSTATE) and Count VII ("VIOLATION OF FLORIDA STATUTE 627.736(10)) of the NAPOLI CLASS ACTION COMPLAINT.[2] Those counts are almost identical to Count III and Count VII of Dr. Zidel's proposed Complaint. Judge Dimitrouleas' order states that Plaintiffs have a cause of action for third party beneficiary breach of contract as to ALLSTATE, but do not have a cause of action based upon a violation of Florida Statute § 627.736(10). This court may or may not choose to adopt Judge Dimitrouleas' ruling on those Counts with respect to Dr. Zidel's Amended Complaint. But, whatever impact this Court may give to Judge Dimitrouleas' order, one thing is clear, the MAY CASE has only one Defendant: ALLSTATE. The MAY COMPLAINT does not allege a RICO Count involving conduct by two or more entities. The MAY case does not allege an anti-trust Count.

*The focus of the oral argument and briefs before this Court on April 14, 2000 was* ALLSTATE's 12(b)(6) Motion to Dismiss Counts V and VI of the NAPOLI CLASS ACTION (RICO and Anti-Trust). Federal Rule of Civil Procedure 15 allows liberal amendment of pleadings. Leave to file the Zidel Amended Complaint will serve to expedite ruling on the various

---

[2] Contrary to ALLSTATE's argument at page 1 of its "Supplemental Authority" in support of its Motion to Dismiss Counts IV, V, VI and VII that the "MAY order further supports the dismissal of Counts VI and VII of Plaintiff's complaint," Count IV of the NAPOLI CLASS ACTION COMPLAINT seeks declaratory relief *independent* of Florida Statue § 627.736 (10).

9

important issues this Court has to decide. Judicial economy will thus be served.

With respect to the substitution of CCN in place of MEDVIEW, following the deposition of Dr. Napoli, counsel for MEDVIEW and for Dr. Napoli had discussions relative to substitution, by agreement, of CCN for MEDVIEW. Since leave is being sought to dismiss MEDVIEW as a DEFENDANT and substitute CCN, it may very well be that counsel for MEDVIEW will substitute his appearance for CCN and Amended Summons need not be issued. In any event, if CCN needs to be served process, same should only briefly delay pleading and discovery scheduling.

**CONCLUSION**

WHEREFORE, for all these reasons, Dr. Napoli should be dismissed as a named plaintiff, Dr. Paul Zidel should be substituted as named Plaintiff, with leave to file his Amended Complaint instanter. Seven (7) days should be granted for issuance of an Amended Summons in the event counsel for MEDVIEW will not voluntarily enter his appearance for CCN.

Respectfully submitted,

By: _____
One of Plaintiff's attorneys

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street, Ste 2500
Chicago, IL 60603
(312) 372-0777  (312) 372-0778 (facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800  (508) 998-0919 (facsimile)

KOPELMAN & BLANKMAN
A Professional Association
One Financial Plaza
Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855 (954) 462-6899 (facsimile)

C:\WP51\ASG\NAPOLI\MOTION2.

11

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail to counsel on the attached list on June 30, 2000.

_____
Attorney

**SERVICE LIST**

CARLIN PHILLIPS, ESQ.
GOGEL, PHILLIPS & GARCIA, LLP
13 VENTURA DRIVE
NORTH DARTMOUTH, MA 02747
508-998-0800
FAX 508-998-0919

DOUGLAS A. BLANKMAN, ESQ.
KOPELMAN & BLANKMAN, P.A.
ONE FINANCIAL PLAZA, SUITE 1611
FT. LAUDERDALE, FL 33394
954-452-6855
FAX 954-462-6899

PETER J. VALETA, ESQ.
ROSS & HARDIES
150 N. MICHIGAN AVENUE
SUITE 2500
CHICAGO, IL 60601

DAVID B. SHELTON, ESQ.
RUMBERGER KIRK et al.
P.O. BOX 1873
ORLANDO, FL 32802-1873

WILLIAM W. DEEM, ESQ.
3300 NATINSBANK CENTER
50 NORTH LAURA STREET
JACKSONVILLE, FL 32202

LAW OFFICES
## RUMBERGER, KIRK & CALDWELL
PROFESSIONAL ASSOCIATION

Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873

Telephone (407) 872-7300
Telecopier (407) 841-2133
http://www.rumberger.com

May 18, 2000

**VIA FACSIMILE TRANSMISSION**
**AND U.S. MAIL**

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Re: Napoli v. Allstate Insurance Co. and Medview Services, Inc.
Case No.: 00-CV-6061
Our File No.: A042-100472

Dear Mr. Gold:

This letter will confirm our conversation this afternoon regarding extensions of time to serve responses to Plaintiff's discovery. I requested, and you granted, an extension of time until Friday, June 2, 2000 for Allstate to serve its responses to Plaintiff's request for production, interrogatories, and requests for admission. I appreciate your cooperation.

You indicated that you were aware of Bill Deem also contacting your office regarding an extension of time for Medview to serve responses to Plaintiff's discovery. You agreed to the same extension until June 2, 2000 for Medview to serve its responses to Plaintiff's request for production, interrogatories, and requests for admission. You requested that my letter also confirm that agreement. By copy of this letter to Mr. Deem, I am advising him of your agreement.

Also, per our prior conversation, I am working on a draft stipulation and protective order to maintain the confidentiality of proprietary business information. I should have a draft to you and Mr. Deem shortly.

| Orlando | Miami | Tallahassee | Tampa | Birmingham |
| (407) 872-7300 | (305) 358-7777 | (850) 222-6550 | (813) 223-4253 | (205) 327-1190 |


EXHIBIT ___

May 18, 2000
Page 2

Please contact me if you have any questions or if this letter does not reflect our agreements.

Very truly yours,

David B. Shelton

DBS:pb

cc via telecopier only:
Douglas A. Blankman, Esquire
William W. Deem, Esquire
Carlin Phillips, Esquire
Peter J. Valeta, Esquire

LAW OFFICES
## RUMBERGER, KIRK & CALDWELL
PROFESSIONAL ASSOCIATION

Signature Plaza, Suite 300  
201 South Orange Avenue (32801)  
Post Office Box 1873  
Orlando, Florida 32802-1873

Telephone (407) 872-7300  
Telecopier (407) 841-2133  
http://www.rumberger.com

May 24, 2000

**VIA FACSIMILE TRANSMISSION**  
**AND ORIGINAL VIA U. S. MAIL**

Arthur Gold, Esquire  
Gold, Rosenfeld & Coulson  
11 S. LaSalle Street, Suite 2500  
Chicago, IL 60603

    Re:   Napoli v. Allstate Insurance Co. and Medview Services, Inc.  
           Case No.:   00-CV-6061  
           Our File No.: A042-100472

Dear Mr. Gold:

    This will respond to your proposal to use Judge Louis Garippo as a mediator in this matter. Please be advised that Mr. Garippo is acceptable to Allstate. I assume that Mr. Garippo is amenable to conducting mediation in Florida. Please contact me if you have any questions with respect to this matter.

Very truly yours,

David B. Shelton

DBS:pb  
cc: William Deem, Esquire via telecopier

573143

| Orlando | Miami | Tallahassee | Tampa | Birmingham |
|---|---|---|---|---|
| (407) 872-7300 | (305) 358-5577 | (850) 222-6550 | (813) 223-4253 | (205) 327-5550 |



EXHIBIT____

**McGuireWoods**
**Battle & Boothe** LLP

50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone (904) 798-3200 • Fax (904) 798-3207

William W. Deem
wwdeem@mwbb.com

Direct Dial: (904) 798-2615

May 30, 2000

Via Facsimile

Arthur Gold, Esq.
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Re: *David A. Napoli, D.C., et al. v. Allstate Insurance Company, et al.*
Case No. 00-6061-Civ-Ferguson

Dear Art:

I am writing with respect to your proposal that the parties retain Mr. Garippo as our mediator.

My client has no substantive objection to your proposal. However, my client is not prepared to pay for Mr. Garippo's travel time and expenses in coming to Florida when there are so many fine mediators already here. If Mr. Garippo does not charge for travel time/expense or if the other parties are willing to pick up that cost, then we will agree to your proposal. If not, please let me know and I will propose a local mediator.

Very truly yours,

William W. Deem

WWD/sjd
cc: David Shelton
    Jay Mitchell
    Karen Stangland

WAC\2615\Columbia-Napoli\ltr to Gold ltr 5-30-00.doc

**EXHIBIT _____**

LAW OFFICES
## RUMBERGER, KIRK & CALDWELL
PROFESSIONAL ASSOCIATION

Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873

Telephone (407) 872-7300
Telecopier (407) 841-2133
http://www.rumberger.com

May 31, 2000

**VIA FACSIMILE TRANSMISSION**
**AND ORIGINAL VIA U. S. MAIL**

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

    Re:   Napoli v. Allstate Insurance Co. and Medview Services, Inc.
           Case No.:   00-CV-6061
           Our File No.:  A042-100472

Dear Mr. Gold:

       This will confirm our telephone conversation this morning in which you advised of Dr. Napoli's intentions to withdraw as the Plaintiff in this case. You advised that you will be filing a motion asking for Dr. Napoli's dismissal from the case and for leave to search for and substitute another representative, if possible. In light of Dr. Napoli's decision, we agreed that Allstate's responses to the outstanding discovery will not be due this Friday as previously agreed. Instead, Allstate will have an indefinite extension of time to respond to the discovery so that we can determine whether the case will be dismissed or another doctor substituted as class representative.

       Please contact me immediately if you have any questions or if this letter does not reflect our agreement.

Very truly yours,

David B. Shelton

DBS:pb
cc: William Deem (via telecopier)

573768

| Orlando | Miami | Tallahassee | Tampa | Birmingham |
|---|---|---|---|---|
| (407) 872-7300 | (305) 358-5577 | (850) 222-6550 | (813) 223-4253 | (205) 327-5550 |



**EXHIBIT** \_\_\_\_

**McGUIREWOODS**
**BATTLE & BOOTHE** LLP

50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone (904) 798-3200 • Fax (904) 798-3207

William W. Deem
wwdeem@mwbb.com

Direct Dial: (904) 798-2615

May 31, 2000

Via Facsimile

Arthur Gold, Esq.
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Re: *David A. Napoli, D.C., et al. v. Allstate Insurance Company, et al.*
Case No. 00-6061-Civ-Ferguson

Dear Art:

I am writing to confirm this afternoon's telephone discussion. As I understand it, Dr. Napoli is no longer interested in pursuing his claim. You are researching whether you need to dismiss this litigation, whether you are able to continue this litigation with a "substitute" plaintiff if one can be located, or whatever else you need to do. Until those issues are resolved, we will suspend all pending deadlines -- response dates for discovery, the response date for requests to admit, mediation, class certification and the like.

Please let me know how you feel we ought to proceed.

Very truly yours,

William W. Deem

WWD/sjd
cc: Jay Mitchell
    Karen Stangland

\\JAC2615\Columbia-Napoli\corr\Gold ltr 5-31-00.doc

**EXHIBIT**_____