-cv-06061-WJZ     Document 49     Entered on FLSD Docket 07/14/2000     F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID A. NAPOLI, D.C., d/b/a
NAPOLI CHIROPRACTIC CENTER, and
all others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
MEDVIEW SERVICES, INC.

Defendants.

CASE NO.: 00-6061-CIV
JUDGE: FERGUSON
MAGISTRATE: SNOW

### DEFENDANT MEDVIEW'S AGREED MOTION FOR EXTENSION OF TIME TO SERVE ITS RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant, MedView Services, Inc., with agreement of counsel for the plaintiff, requests the entry of an order extending through and including July 31, 2000, its time in which to serve a response to plaintiff's "motion for leave to file Rule 15(A) amended complaint to: (a) substitute Dr. Paul Zidel as named plaintiff in place of David Napoli, and (b) to substitute for defendant MedView Services, Inc., its successor-in-interest Community Care Network, Inc. d/b/a CCN" (hereinafter the "Motion"). In support of the requested extension, MedView states:

1. Plaintiff's Motion was served by mail on June 30, 2000, though it was not received by counsel for defendant MedView until July 5, 2000.

2. Though the Motion states that it attaches a copy of the proposed amended complaint, MedView's service copy did not include the proposed amended complaint as required by Local Rule 15.1. Due to the nature of the Motion, MedView is not able to respond without



reviewing the amended complaint and, in particular, the contract attached to the amended complaint.[1]

3.  Moreover, though the Motion appears straightforward, it presents several very subtle and unusual issues which warrant in-depth consideration and research.

4.  Accordingly, MedView requests an extension through and including July 31, 2000, in which to serve its response to plaintiff's Motion. Under the Rules, MedView's response would have been due to be served by July 18, 2000.

5.  The undersigned has discussed this issue with counsel for plaintiff, and is authorized to represent that plaintiff has no objection to the requested extension.

6.  No prejudice will be caused by the requested delay. Indeed, at the request of counsel for plaintiff, there has been no record activity in this case for a period of over a month, while plaintiff's counsel decided how he wanted to proceed in light of his client's announced intent to withdraw.

## Memorandum of Law

This matter is submitted to the sound discretion of the District Court, to be exercised in accordance with Rule 1 of the Federal Rules of Civil Procedure.

McGUIRE, WOODS, BATTLE & BOOTHE LLP

By: _____

William W. Deem (Fla. Bar No. 512834)
3300 NationsBank Center
50 North Laura Street
Jacksonville, Florida 32202
Telephone:   (904) 798-3200
Facsimile:    (904) 798-3207
E-Mail:       wwdeem@mwbb.com
ATTORNEYS FOR MEDVIEW SERVICES, INC

---

[1] Plaintiff's counsel has promised to provide a copy without delay.

2

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was furnished by facsimile and U. S. Mail to the following on this \_\_\_\_\_ day of July, 2000:

Arthur Gold, Esq.
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Douglas A. Blankman, Esq.
Kopelman & Blankman, P.A.
Nationsbank Tower, Suite 1611
One Financial Plaza
Ft. Lauderdale, FL 33394

Carlin Phillips, Esq.
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747

Peter J. Valeta, Esq.
Ross & Hardies
150 N. Michigan Ave.
Suite 2500
Chicago, IL 60601

David B. Shelton, Esq.
Rumberger Kirk et al.
P. O. Box 1873
Orlando, FL 32802-1873

                                                    Attorney

\\JAC\2615\Columbia-Napoli\plead\Mot for Ext to File Reply.doc

3