**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | | |
|---|---|---|
| DAVID A. NAPOLI, D.C. | ) | |
| d/b/a NAPOLI CHIROPRACTIC CENTER, | ) | CASE NO.: 00-CV-6061 |
| and all others similarly situated, | ) | |
| | ) | **JUDGE FERGUSON** |
| Plaintiffs, | ) | |
| | ) | **MAGISTRATE JUDGE SNOW** |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, and | ) | **Allstate Insurance Company's** |
| MEDVIEW SERVICES, INC.,| ) | **Response to Plaintiff's Motion** |
| | ) | **to Amend, to Substitute Plaintiff** |
| Defendants. | ) | **and to Substitute Defendant** |
| | ) | |

Defendant, Allstate Insurance Company ("Allstate"), hereby files this response in opposition to Plaintiff's Motion for Leave to File Rule 15(A) Amended Complaint to Substitute Dr. Paul Zidel as Named Plaintiff in Place of David Napoli and to Substitute for Defendant Medview Services, Inc. Its Successor-In-Interest Community Care Network, Inc. D/B/A/ CCN. In this motion, Plaintiff, David A. Napoli ("Napoli"), seeks leave to withdraw from the instant lawsuit, to permit Paul Zidel ("Zidel") to intervene as a new party plaintiff, to dismiss Medview Services, Inc. ("Medview") as a party defendant, and to substitute Community Care Network, Inc. ("CCN") as a party defendant. The instant motion should be denied (1) because it seeks to transform this lawsuit into a new lawsuit by raising new claims under a different contract involving different parties and (2) because it is procedurally premature until Zidel's status in another case pending before this Court is resolved.

1

1.    **The Instant Action Should Be Dismissed If Napoli And Zidel Do Not Intend To Litigate Issues Under A Medview Contract.**

Napoli filed a Class Action Complaint ("Complaint") against Allstate and Medview. In the Complaint, Napoli asserted claims arising from the contract he signed with Medview. See Complaint at Exhibit 1. In the contract, Napoli agreed to accept certain rates for the medical services he provided. Napoli agreed that Medview could enter into agreements with payors such as insurance companies which would be able to reimburse Napoli for his services at the agreed Medview rates. Napoli alleged that Medview breached his contract when it entered into an agreement with Allstate which does not sell a preferred provider policy in Florida. As to Allstate, Napoli alleged that Allstate improperly reimbursed him for his services at the agreed Medview rates. Napoli sought to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by ALLSTATE's personal injury protection automobile insurance policies were discounted by ALLSTATE based upon a purported Medview Preferred Provider Organization reduction.

Complaint at ¶ 34.

Napoli now seeks to withdraw from the lawsuit.[1]  Allstate does not seek to preclude Napoli from withdrawing his claims against Allstate. However, Napoli should take a voluntary dismissal of this lawsuit, and the claims alleging a breach of the Medview contract should be dismissed.

---

[1]    Napoli has not filed any document explaining why he seeks to withdraw. The Motion, at page 6, suggests that he was intimidated by questioning at his deposition about a prior arrest. The Motion incorrectly asserts that the questioning was substantial. In fact, the questioning is found on less than one page (page 7, line 4 through page 8, line 3) of a 250 page transcript. See pages attached hereto.

2

Zidel's claims are different from those asserted by Napoli. Zidel seeks to raise claims arising from the contract he signed with CCN. See Proposed Amended Class Action Complaint ("Proposed Amended Complaint") at Exhibit 1. In this contract, Zidel agreed with CCN to accept certain rates for his medical services. Napoli agreed that CCN could enter into agreements with payors such as insurance companies which would be able to reimburse Zidel for his services at the agreed CCN rates. Zidel alleges that CCN breached his contract when it entered into an agreement with Allstate. Further, Zidel alleges that Allstate improperly reimbursed him for his services at the agreed CCN rates. Zidel seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by ALLSTATE's personal injury protection automobile insurance policies were discounted by ALLSTATE based upon a purported CCN reduction pursuant to a signed CCN agreement.

Proposed Amended Complaint at ¶ 31.

As is clearly demonstrated by a review of the two pleadings, Zidel does not seek merely to substitute himself for Napoli and pursue the same claims. Zidel is not a member of the putative class in Napoli's complaint who seeks to be substituted as the class representative. Zidel does not seek to raise any claims with respect to a Medview contract. Zidel seeks to drop all such claims. Instead, Zidel seeks to raise new claims under a CCN contract and to represent a different putative class. Because the contract is different, Zidel also seeks to substitute CCN for Medview as a party defendant. This is a new dispute. It should be filed as a new lawsuit. The right to amended under the Federal Rules of Civil Procedure should not be used to allow one lawsuit to be changed into an entirely different lawsuit with different claims, different parties and different contracts.

3

No party will be prejudiced if this Medview suit is dismissed and a new CCN suit is required to be filed.[2] There is no statute of limitations issue as Allstate did not begin its relationship with CCN until early 1999.

It appears that Zidel's attorneys seek to amend rather than re-file based on the belief that it will be more expeditious. See Motion at pages 9-10. However, such belief is unfounded. A new defendant will need to be brought into the case and responsive pleadings and motions filed. Allstate should be entitled to file new pleadings and motions to any amended complaint even though it was originally a party defendant.

Zidel suggests that the Court should be limited to considering the earlier briefing on Allstate's motion to dismiss Counts IV, V, VI and VII of Napoli's Complaint when determining the propriety of Counts IV, V, VI and VII of Zidel's Proposed Amended Complaint. No such limitations should be placed on this Court or on Allstate. Allstate should be able to tailor its motions and memoranda to the specific claims of the Proposed Amended Complaint and the CCN contract. Although some points may be repeated, there is no prejudice to Zidel if new motions and memoranda are filed in response to a new pleading. Thus, because Zidel seeks to fundamentally change the nature of the case by suing on a different contract involving a different party, there are no time savings created by allowing an amendment as opposed to requiring the filing of a new suit.

---

[2]    Dismissal at this time would not raise any concerns under Rule 23(e) of the Federal Rules of Civil Procedure. Although Napoli filed a motion for class certification, no defendant has responded to the motion and it has not been decided by the Court. The Eleventh Circuit has not decided whether Rule 23(e) applies to a pre-certification dismissal. Rice v. Ford Motor Co., 88 F.3d 914 (11th Cir. 1996). However, courts in this Circuit have not required notice under the Rule when there is no evidence of collusion between the parties and any prejudice to absent class members. Gunn v. World Omni Financial Corp., 184 F.R.D. 417, 419 (M.D. Ala. 1999). There is no such evidence presented in this case.

4

Moreover, by fundamentally changing the claims and parties in this lawsuit, the scheduling order entered by this Court on March 31, 2000 is unworkable. The scheduling order calls for a discovery cutoff of September 25, a motion deadline of October 9 and a trial date of December 4, 2000. These deadlines become unrealistic if a new plaintiff is entitled to intervene in July and bring new claims. Thus, a new scheduling order and trial date will be required whether there is an amendment or a new case filed.

## 2.    Zidel's Involvement In This Case Is Improper And Premature Until His Status In Case No. 00-CIV-6269 Is Resolved.

Along with his business partners, Zidel is a named party plaintiff in the case of May et al. v. Allstate, Case No. 00-CIV-6269 pending in the Southern District, Ft. Lauderdale Division.[3] The May case was originally assigned to Judge Dimitrouleas but has been reassigned to this Court. The May case also attacks Allstate's payment of insurance benefits at agreed CCN rates. The instant motion does not address Zidel's status in Case No. 00-CIV-6269. Before the instant motion was filed, representations were made that Zidel would seek leave to voluntarily dismiss his claims in Case No. 00-CIV-6269. No such motion has been filed.

The instant motion should not be considered until Zidel's status in Case No. 00-CIV-6269 is resolved. Zidel should not be able to pursue similar claims against Allstate in two pending suits. Under Rule 41(a)(1), because Allstate has already served an answer to the amended complaint in Case No. 00-CIV-6269, Zidel cannot file a notice of dismissal of his claims there. Instead, Zidel can dismiss his claims only upon order of the court and upon such terms and conditions as the court deems proper. See Rule 41(a)(2).

---

[3]    There has been no discovery conducted in Case No. 00-CIV-6269.

If a motion is filed under Rule 41(a)(2), this Court would have to decide whether to permit Zidel to dismiss his claims in Case No. 00-CIV-6269. Fisher v. Puerto Rico Marine Management, Inc., 940 So. 2d 1502, 1502-03 (11th Cir. 1991)("A voluntary dismissal without prejudice is not a matter of right." "[I]n considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for the protection of defendants."). Upon consideration of the circumstances, this Court may deny the dismissal. Alternatively, this Court may allow dismissal but only on terms and conditions that are unacceptable to Zidel or to the class he seeks to represent in this case. GAF Corp. v. Transamerica Insurance Co., 665 F.2d 364, 367-68 (D.C. Cir. 1981)("Under the rule, a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal and proceeding with the case on the merits.").

In Case No. 00-CIV-6269, Judge Dimitrouleas made certain rulings adverse to Zidel in an order dated April 14, 2000, including dismissing claims that Allstate's conduct violated Section 627.736(10), Florida Statutes. Zidel seeks to assert the same claims on behalf of the putative class here. See Proposed Amended Complaint at ¶¶ 7, 22, 109-10. However, it is established that a party is not entitled to dismiss under Rule 41 to escape an adverse decision nor to seek a more favorable forum. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999), cert. denied, 120 S. Ct. 937 (2000). Thus, courts have denied Rule 41(a)(2) motions where plaintiffs seek to circumvent an adverse pretrial ruling. E.g. Teck General Partnership v. Crown Central Petroleum Corp., 28 F. Supp. 2d 989, 992 (E.D. Va. 1998); Webb v. Altec Industries, Inc., 1994 WL 162815 (N.D. Ill. April 25, 1994).

6

Even if Zidel were dismissed from Case No. 00-CIV-6269 under Rule 41(a)(2), any order should include terms confirming that Zidel remains bound by Judge Dimitrouleas' April 14, 2000 order. The rulings in such order must be carried with Zidel in the instant lawsuit under the doctrine of law of the case. Casey v. Planned Parenthood of Southeastern Pennsylvania, 14 F.3d 848, 856 n. 11 (3d Cir.)(law of the case doctrine applies to rulings in a closely related case), stay of mandate denied, 510 U.S. 1309 (1994); see also Payne v. Churchich, 161 F.3d 1030, 1037 n. 8 (7ᵗʰ Cir. 1998)(under law of the case, district court should not reconsider legal rulings made by state court judge before removal unless they are clearly erroneous), cert. denied, 527 U.S. 1004 (1999); Kaminsky v. Condell Memorial Hospital, 816 F. Supp. 484, 487 (N.D. Ill. 1993)(under law of the case, legal rulings made by state court judge before plaintiff's voluntary dismissal were binding on parties in subsequently filed action in federal court). By extension, those rulings would be binding on all parties Zidel represents.

At the very least, the terms and conditions of Zidel's dismissal from Case No. 00-CIV-6269 should be known before the issue of Zidel's entry into the instant case should be decided. Consequently, the instant motion should be stayed until Zidel files a motion in Case No. 00-CIV-6269 under Rule 41(1)(2), and it is resolved.

Alternatively, Zidel's entry in this case should be denied and Zidel directed to seek amendment of his pleading in Case No. 00-CIV-6269 to assert claims on behalf of a putative class. Zidel does not explain why he cannot use Case No. 00-CIV-6269 as the vehicle to pursue the class relief. One explanation which can be inferred is that Zidel seeks to escape adverse rulings in Case No. 00-CIV-6269.[4] However, Zidel should not be able to escape these rulings by

---

[4]     The motion suggests, at page 9, that this Court may freely disregard Judge Dimitrouleas' April 14 ruling when considering Zidel's claims in the Proposed Amended Complaint. Because these issues were actually litigated between Zidel and Allstate and actually decided, their

7

switching to a different lawsuit. <u>Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.</u>, 187 F.3d 941, 950 (8th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 937 (2000).

## CONCLUSION

Naopli should be given leave to dismiss his lawsuit. Zidel should not be permitted to be substituted as the party plaintiff since he seeks to raise new claims under a new contract. In addition, Zidel has not sought leave to dismiss his claims in Case No. 00-CIV-6269 and should not be allowed to proceed in both suits against Allstate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to Douglas A. Blankman, Esquire, One Financial Plaza, Suite 1611, Ft. Lauderdale, FL 33394; Arthur Gold, Esquire, 11 S. LaSalle Street, Suite 2500, Chicago, IL 60603; Carlin Phillips, Esquire, 13 Ventura Drive, North Dartmouth, MA 02747; and William W. Deem, Esquire, 50 N. Laura Street, Suite 3300, Jacksonville, FL 32202; this **18TH** day of July, 2000.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 920-7241
Attorneys for Defendant, Allstate

DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Defendant, Allstate

---

resolution must continue to be binding on Zidel even in this case. Zidel has offered no reasons to reconsider Judge Dimitrouleas' well-reasoned decision.

8