UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO: 00-CIV-6061-FERGUSON/SNOW

DAVID A. NAPOLI, D.C.
d/b/a NAPOLI CHIROPRACTIC CENTER, and
all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
MEDVIEW SERVICES, INC.,

    Defendants.



**PLAINTIFF'S CONSOLIDATED REPLY TO THE
RESPONSE OF ALLSTATE INSURANCE COMPANY AND
MEDVIEW SERVICES, INC., TO PLAINTIFF'S MOTION TO
SUBSTITUTE DR. PAUL ZIDEL AS PARTY PLAINTIFF AND
COMMUNITY CARE NETWORK AS A PARTY DEFENDANT**

NOW COMES Plaintiff, DR. DAVID NAPOLI ("DR. NAPOLI") and all others similarly situated, by and through his attorneys, GOLD & COULSON, a partnership of professional and limited liability corporations, PHILLIPS & GARCIA, LLP, and KOPELMAN & BLANKMAN, a professional association, and state as follows with respect to the response of ALLSTATE INSURANCE COMPANY ("ALLSTATE") and MEDVIEW SERVICES, INC. ("MEDVIEW") relative to Plaintiff's Motion to Amend the Complaint by substituting Dr. Paul Zidel ("DR. ZIDEL") as the named Plaintiff and substituting Community Care Network, Inc., ("CCN") as successor in interest to MEDVIEW as the new Defendant.

1



**ARGUMENT**

1. **PLAINTIFF'S AMENDED COMPLAINT SETS FORTH SUBSTANTIALLY THE SAME CAUSES OF ACTION AND MERELY SUBSTITUTES DR. ZIDEL AS NAMED PLAINTIFF AND ADDS MEDVIEW'S SUCCESSOR IN INTEREST AS A CO-DEFENDANT**

With regard to amendments of a complaint, Rule 15(a) of the Federal Rule of Civil Procedure provides that:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall freely given when justice so requires*. . . (emphasis added).

The proposed amended complaint alleges essentially the same causes of action as DR. NAPOLI's original complaint, yet it seeks to add CCN as a Defendant. Both ALLSTATE and MEDVIEW concede that CCN is MEDVIEW's successor-in-interest. Further, ALLSTATE concedes that it took preferred provider organization discounts for medical expenses billed in connection with automobile accidents *based on its agreement with CCN*. The illegal taking of these discounts forms the basis for this class action. Indeed, paragraph 4 of the *existing* answer of ALLSTATE in the above captioned matter states as follows:

> . . .Allstate further states that with regard to certain claimants covered by a Florida Allstate personal injury protection automobile insurance policy, Allstate was informed and reasonably believed, based on its contractual agreement with Medview's successor-in-interest, CCN Managed Care, Inc., ("CCN"), that the Medview contractual discount with Dr. Napoli was applicable, and based thereon, paid medical bills submitted by Dr. Napoli for such claimants utilizing such discount. . .

The language of Rule 15 should be liberally construed and amendments should be freely

2

given. Gramegna v. Johnson, 846 F.2d 675, 678 (11th Cir. 1988); Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984). Additionally, deficiencies with respect to a pleading in a class action are subject to correction by amendment. Warner v. First Nat'l Bank of Minneapolis, 236 F.2d 853, 858 (8th Cir. 1956); see also, Zeigler v. Gibralter Life Ins. Co. of America, 43 F.R.D. 169, 172 (D. S.D. 1967). Here, Plaintiff seeks to add MEDVIEW's successor in interest, CCN, as a Co-Defendant. Rather than being forced to file an entirely new action, justice so requires that Plaintiff be permitted to add a necessary Co-Defendant.

With regard to the substitution of DR. ZIDEL as the named plaintiff, saliently, the Court in In re Glacier Bay, 746 F. Supp. 1379 (D. Alaska 1990), allowed an amendment by a fish spotter and a fish processor who were not named as plaintiffs in the original class complaint to recover economic damages resulting from defendants' discharge of oil off the Alaska coastline. Id. at 1391. The In re Glacier Court held that the allegations contained in the Amended Complaint related back for purposes of tolling the statute of limitations under Rule 15(c), regardless of whether the fish spotter and fish processor were initially members of the class. The Court held that the original class complaint provided defendants with notice that all of those in the commercial fishing industry where the oil spill occurred were potential plaintiffs. Id. Much like the defendant in In re Glacier, ALLSTATE, MEDVIEW and CCN have been provided with sufficient notice that all doctors in the state of Florida who have filed Personal Injury Protection claims with ALLSTATE and have had them reduced based on the MEDVIEW or CCN preferred provider organization discount are potential plaintiffs.

## II. ALLSTATE'S SCHEDULING ORDER CONCERN HAS BEEN RENDERED MOOT

The first major objection of ALLSTATE to the substitution of DR. ZIDEL is that an existing scheduling order makes the stated trial date of December 4, 2000 unrealistic. However, this Court vacated the Scheduling Order setting the December trial date, and indicated that a new scheduling order will be entered on September 15, 2000 at the next status of this case. ALLSTATE's "scheduling" concern is therefore moot.

### III.    ALLSTATE'S CONCERN ABOUT DR. ZIDEL "CIRCUMVENTING" THE COURT'S ORDER IN THE "MAY CASE" IS UNFOUNDED

ALLSTATE asserts that in substituting DR. NAPOLI with DR. ZIDEL, DR. ZIDEL is attempting to circumvent an order in the case captioned May, et al. v. Allstate Insurance Company, C.A. No. 00-CIV-6269 (S.D. Fla. Ft. Lauderdale Div. 2000). DR. ZIDEL is a plaintiff in May. Contemporaneously with Plaintiff's motion to substitute DR. ZIDEL as a plaintiff, DR. ZIDEL has filed a motion to dismiss himself as a party plaintiff in May. (Plaintiffs' counsel has attached a copy of DR. ZIDEL's Rule 41(a)(2) Motion to Dismiss marked Exhibit A). Dr. ZIDEL'S motion in May clearly demonstrates that DR. ZIDEL is not seeking to "circumvent" Judge Dimitrouleas's order. ALLSTATE's circumvention argument is unfounded.

The substitution of DR. ZIDELL in this case should not be denied merely because he seeks to be dismissed from another related case against ALLSTATE. Courts have consistently held that legal prejudice does not result simply when a defendant faces the prospect of a second lawsuit on the identical issues. See e.g., Lee-Moore Oil Co. v. Union Oil Co, 441 F Supp 730 (M.D. N.C. 1977) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)); SEC v Oakford Corp., 181 F.R.D. 269 (S.D.N.Y. 1998) (finding that mere tactical advantage, whether to one side or another, is not proper basis to deny Rule 41(a)(2) motion); B & J Mfg. Co. v D.A. Frost

4

Industries, Inc., 106 F.R.D. 351, 353 (N.D. Ohio 1985) (reasoning that neither prospect of a second lawsuit, nor advanced state of litigation, constitute undue prejudice to defendant that would warrant denial of motion to dismiss without prejudice under Rule 41(a)(2)); Mercer Tool Corp. v Friedr. Dick GmbH, 175 F.R.D. 173, 175 (E.D.N.Y. 1997) (finding that prospect of starting litigation all over again does not constitute legal prejudice).

Furthermore, DR. ZIDEL's Rule 41(a)(2) motion clearly demonstrates that DR. ZIDEL is not seeking to "circumvent" Judge Dimitrouleas' order and will be bound by that order as to the issues in the present class action case. ALLSTATE's "circumvention" concern is unfounded.

### IV. SINCE CCN IS THE TRUE PARTY IN INTEREST, AND BECAUSE ALLSTATE ASSERTS THAT ITS AGREEMENT WITH CCN AUTHORIZED IT TO TAKE PREFERRED PROVIDER DISCOUNTS, CCN IS A PROPER CO-DEFENDANT

MEDVIEW has adopted ALLSTATE's objections to DR. ZIDEL's filing an Amended Complaint. Paragraph four of ALLSTATE's existing answer, cited *supra*, admits that CCN is the successor-in-interest to MEDVIEW. Paragraph 4 of ALLSTATE's answer also admits that it is its agreement *with CCN* that authorized ALLSTATE to take the preferred provider organization discounts that form the basis of this lawsuit. CCN is thus a proper party Defendant, and substantial prejudice to the Plaintiff would result if the amendment to the complaint is denied.

### V. ALLSTATE AND CCN'S NEW PLEADING REQUIREMENT WOULD NOT BAR THE SUBSTITUTION OF DR. ZIDEL OR THE ADDITION OF CCN

At page 4 of ALLSTATE's response to Plaintiff's Motion to Amend, ALLSTATE states, referring to existing motions filed in the present action, that "Although some points may be repeated, there is no prejudice to ZIDEL if new motions and memorandum are filed in response to a new pleading." ALLSTATE is concerned for itself and CCN that both would not be allowed to

5

file new motions directed at the Amended Complaint. This is not true.

Although any new motions of ALLSTATE and CCN may, in large part, mirror the existing motions that have been filed by ALLSTATE and MEDVIEW, certainly DR. ZIDEL does not object to the filing of new motions if that is Defendants' desire. DR. ZIDEL, however, does not believe it necessary. The ALLSTATE motion to dismiss the original complaint filed in this case has been fully briefed. An oral hearing on same was conducted. DR. ZIDEL believes that the same issues raised in ALLSTATE's motion to dismiss apply to any new motion to dismiss that ALLSTATE may file as to DR. ZIDEL's complaint. Any need for new briefing would be minimal. Nevertheless, DR. ZIDEL does not object to ALLSTATE's request to file new motions if that is ALLSTATE's desire.

As to CCN, DR. ZIDEL has no objection to any motions that it would seek to file.

## VI. CONCLUSION

For all these reasons, DR. ZIDEL asks that this Court grant his motion for leave to amend the complaint substituting himself as a putative class representative in this case and substituting CCN for MEDVIEW as a defendant, plus grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

By: _____
Douglas A. Blankman, Esq.
One of Plaintiff's attorneys
KOPELMAN & BLANKMAN, P.A.
One Financial Plaza
Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile

6

Plaintiff's counsel

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street, Ste 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)

KOPELMAN & BLANKMAN
A Professional Association
One Financial Plaza
Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

C:\WP51\ASG\NAPOLI\Consolidate reply

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail to counsel on the attached list on August 7, 2000.

Douglas A. Blankman, Esq.
One of Plaintiff's Attorneys
KOPELMAN & BLANKMAN, P.A.
ONE FINANCIAL PLAZA, SUITE 1611
FT. LAUDERDALE, FL 33394
954-452-6855
FAX 954-462-6899

**SERVICE LIST**

CARLIN PHILLIPS, ESQ.
GOGEL, PHILLIPS & GARCIA, LLP
13 VENTURA DRIVE
NORTH DARTMOUTH, MA 02747
508-998-0800
FAX 508-998-0919

GOLD & COULSON
A PARTNERSHIP OF PROFESSIONAL AND
LIMITED LIABILITY CORPORATIONS
11 S. LASALLE STREET, STE 2500
CHICAGO, ILLINOIS 60603
(312)372-0777
FAX (312)372-0778

PETER J. VALETA, ESQ.
ROSS & HARDIES
150 N. MICHIGAN AVENUE
SUITE 2500
CHICAGO, IL 60601

DAVID B. SHELTON, ESQ.
RUMBERGER KIRK et al.
P.O. BOX 1873
ORLANDO, FL 32802-1873

WILLIAM W. DEEM, ESQ.
3300 NATIONSBANK CENTER
50 NORTH LAURA STREET
JACKSONVILLE, FL 32202

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 00-CIV-6269

DRS. MARTIN MAY, ALAN LAZAR,
MARTIN HALES, JOEL RUSH, PAUL ZIDEL,
RICHARD LINN, RICHARD BERKOWITZ,
DOUGLAS STRINGHAM, ANDREW ELLOWITZ,
ALAN NOVICK, DEBRA WEISS, AND NEIL SCHECHTER,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendants.

_____/

### MOTION OF DR. PAUL ZIDEL TO BE DISMISSED, WITHOUT PREJUDICE, AS PARTY PLAINTIFF IN THIS CASE

NOW COMES Dr. Paul Zidel, one of the Plaintiffs in the above captioned matter, and moves this Court for the entry of an Order dismissing him, without prejudice, as a Plaintiff in case number 00 CIV 6269, the above captioned matter.

Respectfully submitted

By: _____
One of Dr. Plaintiffs' attorneys

KOPELMAN & BLANKMAN
A Professional Association
One Financial Plaza
Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

Arthur S. Gold, Esq.
GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street, Ste 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (facsimile)
#5231

Carlin Phillips, Esq.
PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)

C:\WP51\ASG\NAPOLI\MAY Motion

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. mail to Lori J. Caldwell, Esquire and David B. Shelton, Esquire, Attorneys for the Defendant, RUMBERGER, KIRK & CALDWELL, P.O. Box 1873, Orlando, Florida 32802 and Peter J. Valeta, Esquire, Attorney for the Defendant, ROSS & HARDIES, 150 North Michigan Avenue, Suite #2500, Chicago, Illinois 60601, Arthur Gold, Esq., GOLD & COULSON, co-counsel for Plaintiffs, 11 S. LaSalle Street, Ste 2500, Chicago, IL 60603 and Carlin Phillips, Esq., PHILLIPS & GARCIA, LLP, co-counsel for Plaintiffs, 13 Ventura Drive, North Dartmouth, MA 02747 on August 7, 2000.

Douglas A. Blankman, Esquire
KOPELMAN & BLANKMAN, P.A.
One Financial Plaza, Suite #1611
Bank of America Building
Fort Lauderdale, Florida 33394
Telephone: (954) 462-6855
Fax: (954) 462-6899
Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 00-CIV-6269

DRS. MARTIN MAY, ALAN LAZAR,
MARTIN HALES, JOEL RUSH, PAUL ZIDEL,
RICHARD LINN, RICHARD BERKOWITZ,
DOUGLAS STRINGHAM, ANDREW ELLOWITZ,
ALAN NOVICK, DEBRA WEISS, AND NEIL SCHECHTER,

 Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

 Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF DR. PAUL ZIDEL'S MOTION TO
DISMISS HIMSELF AS A PARTY PLAINTIFF**

NOW COMES Plaintiff, PAUL ZIDEL, M.D. ("DR. ZIDEL"), by and through his attorneys, GOLD & COULSON, a partnership of professional and limited liability corporations, PHILLIPS & GARCIA, LLP, and KOPELMAN & BLANKMAN, a professional association, and moves this Court to dismiss him, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**I. PROCEDURAL BACKGROUND**

DR. ZIDEL seeks to have himself dismissed as a party plaintiff in this case pursuant to Rule 41(a)(2). In a related case involving Defendant, ALLSTATE INSURANCE COMPANY ("ALLSTATE"), DR. ZIDEL is seeking to be substituted as a class representative. The related case is captioned, <u>Napoli v. Allstate Insurance Company, et al.</u>, C.A. No. 00-CIV-6061 (S.D. Fla.

1

Ft. Lauderdale Div. 2000) (the "NAPOLI CASE")[1]. The Defendants in the NAPOLI CASE have filed objections to DR. ZIDEL being substituted as a party plaintiff. Plaintiff's counsel are filing a reply to Defendants' objection.

## II. DR. ZIDEL'S MOTION TO DISMISS IN THE PRESENT CASE SHOULD BE ALLOWED BECAUSE IT WILL NOT RESULT IN PREJUDICE TO THE DEFENDANT

Rule 41(a)(2) provides that a court, on such terms and conditions as the court deems proper, may grant a plaintiff's motion for voluntary dismissal. Fed. R. Civ. P. 41(a)(2). The basic purpose of Rule 41(a)(2) is to freely permit a plaintiff, with court approval, to voluntarily dismiss an action so long as no other party is prejudiced. Lee-Moore Oil Co. v. Union Oil Co. 441 F Supp 730, 740 (M.D. N.C. 1977), rev'd on other grounds, 599 F2d 1299 (4th Cir. 1977); see also FDIC v. Becker, 166 F.R.D. 14, 15 (D. Md. 1996) (reasoning that purpose behind Rule 41(a)(2) is to freely allow voluntary dismissals unless parties will be unfairly prejudiced). In considering a Rule 41(a)(2) motion, a court is vested with great discretion. San Marco v City of St. Petersburg, 185 F.R.D. 679, 680 (M.D. Fla. 1999).

In the instant case, allowing DR. ZIDEL's Rule 41(a)(2) motion will not result in any prejudice to ALLSTATE.[2] The case is essentially in its infancy. There have not been substantial proceedings covering a long period of time that have resulted in significant cost outlays to ALLSTATE. See e.g., Ritchey v Ledoux, 164 FRD 186, 189 (E.D. La. 1995) (finding that court may, in its discretion, refuse to grant voluntary dismissal where plaintiff does not seek dismissal

---

[1] In the motion to substitute DR. ZIDEL as class representative, the Plaintiff also seeks to amend the complaint by adding Community Care Network, Inc. ("CCN") as a Defendant. Plaintiff alleges that CCN is the successor in interest of the Co-Defendant, MedView Services, Inc.

[2] Negotiations are presently pending with Allstate to dismiss this case without prejudice. If the negotiations succeed, the instant motion becomes moot.

2

until late stage, and defendants have exerted significant time and effort). Furthermore, the removal of DR. ZIDEL does not result in the dismissal of the entire action. There remain eleven other plaintiffs to continue the prosecution of the matter.

The only possible motivation that ALLSTATE might have behind an objection to DR. ZIDEL's motion to dismiss in the present action is DR. ZIDELL's attempt to be substituted as class representative in the related NAPOLI CASE. The possibility of DR. ZIDELL being substituted as a class representative in another related case, however, is not enough to prevent the Court from allowing the present motion. In most cases, dismissal should be granted unless a defendant will suffer some legal harm. Ritchey v Ledoux, 164 F.R.D. at 189. Courts have consistently held that plain legal prejudice does not result simply when a defendant faces the prospect of a second lawsuit on the identical issues. Id.; see also, Lee-Moore Oil Co. v. Union Oil Co. 441 F Supp 730 (M.D. N.C. 1977) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)); SEC v Oakford Corp., 181 F.R.D. 269 (S.D.N.Y. 1998) (finding that mere tactical advantage, whether to one side or another, is not proper basis to deny Rule 41(a)(2) motion); B & J Mfg. Co. v D.A. Frost Industries, Inc., 106 F.R.D. 351, 353 (N.D. Ohio 1985) (reasoning that neither prospect of a second lawsuit, nor advanced state of litigation, constitute undue prejudice to defendant that would warrant denial of motion to dismiss without prejudice under Rule 41(a)(2)); Mercer Tool Corp. v Friedr. Dick GmbH, 175 F.R.D. 173, 175 (E.D.N.Y. 1997) (finding that prospect of starting litigation all over again does not constitute legal prejudice).

Finally, by moving to dismiss himself in the present action, DR. ZIDEL is not seeking to "circumvent" any rulings in this case resulting in prejudice to ALLSTATE. Indeed, Judge Dimitrouleas' ruling in this case is favorable to him. DR. ZIDEL "conditions" his request to be dismissed without prejudice in this case on being bound by all rulings of Judge Dimitrouleas.

WHEREFOR, DR. ZIDEL moves that this Court allow his motion to dismiss pursuant to Rule 41(a)(2), without prejudice, and submits a proposed order herewith.

Respectfully submitted

By: _____
Douglas A. Blankman, Esq.
One of Plaintiffs' attorneys
KOPELMAN & BLANKMAN, P.A.
One Financial Plaza, Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

Plaintiff's Counsel

Arthur S. Gold, Esq.
GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street, Ste 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (facsimile)

Carlin Phillips, Esq.
PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)

C:\WP51\ASG\NAPOLI\MAY Memorandum

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. mail to Lori J. Caldwell, Esquire and David B. Shelton, Esquire, Attorneys for the Defendant, RUMBERGER, KIRK & CALDWELL, P.O. Box 1873, Orlando, Florida 32802 and Peter J. Valeta, Esquire, Attorney for the Defendant, ROSS & HARDIES, 150 North Michigan Avenue, Suite #2500, Chicago, Illinois 60601, Arthur Gold, Esq., GOLD & COULSON, co-counsel for Plaintiffs, 11 S. LaSalle Street, Ste 2500,Chicago, IL 60603 and Carlin Phillips, Esq., PHILLIPS & GARCIA, LLP, co-counsel for Plaintiffs, 13 Ventura Drive, North Dartmouth, MA 02747 on August 7, 2000.

Douglas A. Blankman, Esquire
KOPELMAN & BLANKMAN, P.A.
One Financial Plaza, Suite #1611
Bank of America Building
Fort Lauderdale, Florida 33394
Telephone: (954) 462-6855
Fax: (954) 462-6899
Attorneys for the Plaintiffs