UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DAVID A. NAPOLI, D.C. )
d/b/a NAPOLI CHIROPRACTIC CENTER, )
and all others similarly situated, )
 )
        Plaintiffs, )
 )
v. )
 )
ALLSTATE INSURANCE COMPANY, and )
MEDVIEW SERVICES, INC., )
 )
        Defendants. )
_____)

CASE NO.: 00-CV-6061

JUDGE FERGUSON

MAGISTRATE JUDGE SNOW

## DEFENDANT, ALLSTATE INSURANCE COMPANY'S
## MEMORANDUM OF LAW IN OPPOSITION TO CONSOLIDATION

At the status conference held in this case on July 24, 2000, the Court requested that the parties brief the issue of whether the instant action should be consolidated with May et al. v. Allstate Insurance Co., Case No. 00-CIV-6269-FERGUSON and Brickell v. Progressive Express Insurance Co. et al., Case No. 00-6649-CIV-FERGUSON for pretrial and trial purposes. It is Allstate's position that the instant case could be consolidated with May et al. v. Allstate Insurance Co. under certain circumstances. However, the instant case and Brickell v. Progressive should not be consolidated since they do not involve common questions of law or fact as required by Rule 42(a) of the Federal Rules of Civil procedure.

### Factual Background of Napoli v. Allstate

Plaintiff, Dr. Napoli, is a chiropractor doing business as Napoli Chiropractic Center. (Complaint, ¶ 1.) He had a contract with Medview Services, Inc. ("Medview") (id., Exh. 1), under which he agreed to a discount from his standard rates for services rendered to individuals



insured by certain insurance companies. (Id., ¶ 4.) In return, Medview agreed to perform various services to process claims for insurance coverage benefits to be paid to plaintiff for his services. (Id., Exh. 1, pp. 2-3.) Additionally, Medview agreed:

> to make good faith efforts, within reasonable budgetary constraints, to market [plaintiff's] services to existing and potential Third Party Payors, including but not limited to, business entities such as insurance companies, employers and union trust funds provided, however, MedView does not guarantee to [plaintiff] any minimum number of MedView Subscriber patients.

(Id., Exh. 1, p. 3.) Allstate is expressly listed as "Payor" on Napoli's agreement with Medview. (Id., Exh. 1 (Exhibit C thereto, p. 2).)

Allstate Florida automobile insurance policies include personal injury protection ("PIP") coverage pursuant to Florida law. Under PIP coverage, Allstate agrees to pay 80% of reasonable charges for necessary medical treatment provided to a covered insured who suffers injury in an automobile accident. (Id., ¶ 11.) Although Fla. Stat. § 627.736(10) authorizes insurers to offer PIP coverage through a "preferred provider" network, Allstate does not sell such preferred provider PIP policies in Florida. (Id., ¶¶ 13-14.) Allstate's insureds have an absolute right to choose their medical service providers. (Id., ¶ 11.)

Allstate has properly entered into agreements with certain health care providers under which they agree on the "reasonable" amounts which would be charged for various medical services. Such agreements are referred to in the "Explanation of Benefits" ("EOB")which accompanies Allstate's payment reducing a provider's bill to such an agreed "reasonable" amount. (See Id., ¶ 27 (alleging "Exhibit 2 [to the Complaint] represents sample EOBs ...") As the EOB (Exhibit 2) expressly states:

> FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS WITH CCN. THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE

2

> DIFFERENCE BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.[1]

Napoli asserts that over the past two years, he has provided medical care to Allstate insureds entitled to PIP benefits for which he submitted medical bills to Allstate. (Id., ¶¶ 21, 24.) He admits that he received reduced payments from Allstate for such bills based upon the discounted rate agreement he had with Medview. (Id., ¶ 25, 27.)

Napoli has now moved to withdraw from this lawsuit. His attorneys seek to continue with this lawsuit by substituting Dr. Paul Zidel as the named plaintiff. The attorneys also seek to drop Medview as a party defendant and substitute Community Care Network ("CCN") in its stead. If the substitution is granted, Zidel will assert claims that Allstate improperly made payment for his bills based upon the discounted rate agreement he had with CCN. Zidel seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by ALLSTATE's personal injury protection automobile insurance policies were discounted by ALLSTATE based upon a purported CCN reduction pursuant to a signed CCN agreement.

Proposed Amended Complaint at ¶ 31. Allstate has opposed the substitution, and Naopli's motion remains pending.

---

[1] "CCN" refers to Community Care Network, which Allstate understood was a successor-in-interest to Medview and Medview's contractual arrangements with providers like Napoli. Allstate was informed and reasonably believed, based on its contractual agreement with CCN, that the Medview contractual discount agreement with plaintiff was applicable, and based thereon, paid medical bills submitted by Napoli for such claimants utilizing such discount. (See Answer and Defenses to Counts II and III of the Plaintiffs' Class Action Complaint , ¶ 4.)

3

### Factual Background of May et al. v. Allstate

The case of May et al. v. Allstate Insurance Co., Case No. 00-CIV-6269-FERGUSON was filed by a group of doctors (Martin May, Alan Lazar, Martin Hale, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz, Douglas Stringham, Andrew Ellowitz, Alan Novick, Debra Weiss and Neil Schechter) doing business as Park Place Therapeutic Center and Park Place Orthopaedics & Rehabilitation. (Complaint, ¶ 4.) Plaintiffs assert that over the past "several" years, they have provided medical care to Allstate insureds entitled to PIP benefits for which they submitted medical bills to Allstate. (Id., ¶¶ 16, 17.) Plaintiffs allege that they were paid by Allstate for those services at "preferred provider" rates. (See id., ¶16.)

The May case was originally assigned to Judge Dimitrouleas. On April 14, 2000, Judge Dimitrouleas dismissed certain of Plaintiffs' claims, including allegations that Allstate's payments violated Section 627.736(10), Florida Statutes. Plaintiffs then filed a First Amended Complaint asserting claims as third party beneficiaries of Allstate's insurance policies with its insureds. Plaintiffs alleged that their bills for medical services provided to Allstate's insureds were not paid at appropriate rates. (First Amended Complaint, ¶¶ 11-13.) In a veiled reference to CCN, Plaintiffs also alleged that Allstate improperly relied on information from third parties to establish the amount it reimbursed for medical expenses. (Id., ¶ 14.) By way of answer to the First Amended Complaint and as its second affirmative defense, Allstate alleged that Plaintiffs had entered into agreements which established rates they would accept as reasonable rates for the medical services they provided to PIP coverage claimants and, therefore, Plaintiffs are estopped from asserting and/or have waived any and all objections to payment by Allstate for medical services provided to PIP coverage claimants in accordance with such rates. (Answer at page 6.)

In the event Napoli is granted leave to withdraw from Napoli v. Allstate Insurance Co. and Zidel is substituted, the Napoli and May cases will involve common questions of fact and law regarding Allstate's payment of insurance benefits at agreed CCN rates. In that event, consolidation of those two cases for pretrial purposes might be warranted under Rule 42(a). However, Allstate opposes consolidation for trial purposes since there are significant differences in the nature of the claims asserted (class v. individual claims), the substantive claims pleaded at this time (antitrust/RICO/contract v. contract only) and the relief sought at this time (treble/punitive/compensatory v. compensatory only).

### Allegations in Brickell v. Progressive et al.

This suit was brought by Dr. Keith Brickell against several insurance companies, Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company (collectively referred to as "Progressive"), and other defendants, Beech Street Corporation ("Beech Street") and ADP Integrated Medical Solutions, Inc. ("ADP"). Brickell alleged that from 1992-1996 Progressive offered a preferred provider endorsement to its automobile insurance policy. (Complaint, ¶ 14.) Brickell further alleged that Progressive continued to take preferred provider discounts after its discontinued using the endorsement. (Id., ¶ 15.)

Brickell alleged that he executed an agreement with Beech Street to become a preferred provider. (Id., ¶ 16.) His agreement is attached to the Complaint. Brickell alleged that Beech Street breached his agreement by licensing its discount database to ADP which re-priced Brickell's medical bills for payment under Progressive policies. (Id., ¶¶ 25-26.) Brickell seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by PROGRESSIVE AUTOMOBILE

5

INSURERS' personal injury protection automobile insurance policies were discounted by PROGRESSIVE AUTOMOBILE INSURERS based upon BEECH STREET preferred provider rates.

(Id., ¶ 30.) In support of his request for class treatment, Brickell alleged that the following common issues were presented in his case:

    a.    whether the PROGRESSIVE AUTOMOBILE INSURERS violated Fla. Stat. § 627.736, et seq. by paying personal injury protection medical expense claims at preferred provider rates;

    b.    whether the PROGRESSIVE AUTOMOBILE INSURERS' payment of medical providers at preferred provider rates was a breach of their insurance policies;

    c.    whether Defendants' use and application of BEECH STREET preferred provider rates to automobile insurance medical expense claims was allowed by the BEECH STREET PPA;

    d.    whether the PROGRESSIVE AUTOMOBILE INSURERS' application of preferred provider rates is a violation of the Lanham Act and the RICO Act;

    e.    whether DR. BRICKELL and those similarly situated are entitled to compensatory, statutory, or punitive damages against Defendants because of their illegal conduct;

    f.    whether DR. BRICKELL and the purported class are entitled to an injunction preventing the continued disclosure and application of their BEECH STREET by the PROGRESSIVE AUTOMOBILE INSURERS and ADP.

(Id., ¶ 30.)

### No Common Issues of Fact or Law in Allstate and Progressive Cases

Consolidation of actions is permitted by Rule 42(a) when they involve common questions of law or fact. The party seeking consolidation bears the burden of showing the commonality of factual and legal issues in the different actions. In re Repetitive Stress Litigation, 11 F.3d 368, 373 (2d Cir. 1993). The court must examine the facts with "close attention" before ordering a

6

consolidation. Id. Even when a common question of law or fact is presented, consolidation is not required. Young v. City of Augusta, Georgia, 59 F.3d 1160, 1168 (11th Cir. 1995).

In In re Repetitive Stress Litigation, 11 F.3d 368, 373 (2d Cir. 1993), the Second Circuit granted mandamus to vacate an order consolidating forty-four lawsuits alleging repetitive stress injuries. In reaching its decision, the Second Circuit reviewed various factors to determine whether consolidation was appropriate. This included a review of whether the plaintiffs' claims involved a common worksite, similar occupations, similar time of exposure and similar type of disease. Id. at 373. Because the similarities were lacking, the Second Circuit concluded that the district court abused its discretion in consolidating the lawsuits.

Here, there are no common issues of law or fact presented. Brickell has identified the common questions presented in his case (Complaint at ¶ 30), and they have no application to any question presented in the Napoli/Zidel/May actions. At best, Napoli/Zidel/May and Brickell assert similar theories of liability against Allstate and Progressive, respectively. However, because those theories involve different parties, different written agreements, different arrangements and different conduct by the defendants, the theories do not present any common questions which would warrant consolidation of the actions for pretrial or trial purposes.

There is no overlap between the parties in the Allstate and Progressive actions. There are different plaintiffs and different defendants.

The claims in the Allstate and Progressive actions are based on different provider agreements. The Allstate actions will involve interpretation and application of Napoli/Zidel/May's provider agreements with CCN, whereas the Progressive action will involve interpretation and application of Brickell's provider agreement with Beech Street. The provisions of the two agreements are not identical; therefore, each will need to be separately reviewed and

7

interpreted based on its own language. Under these circumstances, consolidation should be denied. <u>Southwest Marine, Inc. v. Triple A Machine Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989)(consolidation denied when actions involved different contracts).

Because of the different agreements and their need for separate interpretations by the Court, no judicial labor will be saved by consolidated proceedings. Moreover, because the actions involve different and unrelated parties, consolidated discovery proceedings will not benefit the parties or reduce litigation expenses. The discovery in one action will not be relevant to or probative of the claims in the other action. For example, facts necessary to prove a violation of the CCN agreement will not be relevant or material to the question of whether the Beech Street agreement was violated. Thus, depositions of CCN or Allstate representatives will not be relevant to Brickell's claims against Progressive, Beech Street and ADP.[2] How CCN and Allstate conducted their business will not make it more or less likely that Progressive or ADP breached the agreement between Brickell and Beech Street.

The two actions also involve different arrangements. In the Allstate actions, Allstate had a relationship with CCN which had a relationship with Napoli/Zidel/May. Bills for medical treatment performed by Napoli/Zidel/May were re-priced by CCN pursuant to its provider agreement with the doctors. CCN passed that re-pricing on to Allstate. In the Progressive action, it is alleged that Progressive had a relationship with ADP which had a relationship with Beech Street which had a relationship with Brickell. The re-pricing was done by ADP which did not

---

[2]   Discovery of one insurer's business practices by another raises serious concerns regarding the safeguarding of confidential and proprietary business information. Allstate and Progressive are business competitors. Allstate opposes disclosure of its business practices to its competitor and asks that the Court deny consolidation on this basis even if any common question is found.

8

have any relationship with the doctor. Because of the different arrangements, the issue of liability in each action will need to be determined separately.

The two actions also involve different conduct by the insurance companies. Brickell alleged that Progressive offered a preferred provider endorsement from 1992 to 1996. Brickell alleged that Progressive continued to take preferred provider discounts even after it discontinued using such endorsement. Allstate has never offered a preferred provider endorsement or policy.

Because of these fundamental and significant differences between the actions, there are no common questions of law or fact which would warrant consolidation. However, even if the Court were to find a common issue of law or fact, consolidation should still be denied because the individual issues outlined above would predominate over any perceived common issue. Henderson v. National Railroad Passenger Corp., 118 F.R.D. 440 (N.D. Ill. 1987); In re Consolidated Parlodel Litigation, 182 F.R.D. 441 (D.N.J. 1998).

In Henderson, plaintiff moved to consolidate his civil rights action with another action. Both actions alleged that the same defendant violated their rights by disciplining them for alleged acts of employment misconduct. 118 F.R.D. at 441. In support of his motion, Plaintiff asserted that certain evidence regarding defendant's discriminatory practices would need to be presented in both cases. Id. Nonetheless, the court found that individual issues predominated and denied the consolidation. Predominate, individual issues were found because the disciplinary actions arose from unrelated incidents involving different types of misconduct. Id.

Predominate, individual issues are presented in the Allstate and Progressive actions. The Allstate and Progressive actions arise from unrelated incidents involving alleged violations of different written agreements. Evidence regarding one insurer's conduct will not be admissible in
9

the lawsuit against the other insurer. Thus, consolidation is unwarranted and unworkable under Henderson.

WHEREFORE, for the foregoing reasons, Allstate Insurance Company respectfully requests that this Court not consolidate the Brickell v. Progressive et al. case with the instant action or with the May v. Allstate action for pretrial or trial purposes.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to Douglas A. Blankman, Esquire, Kopelman & Blankman, P.A., One Financial Plaza, Suite 1611, Ft. Lauderdale, FL 33394, Carlin Phillips, Esquire, Gogel, Phillips & Garcia, LLP, 13 Ventura Drive, North Dartmouth, MA 02747 and Arthur Gold, Esquire, Gold, Rosenfeld & Coulson, 11 S. LaSalle Street, Suite 2500, Chicago, IL 60603, and William W. Deem, Esquire, Attorney for Defendant, Medview Medical Services, Inc., 50 N. Laura Street, Suite 3300, Jacksonville, FL 32202 this __11TH__ day of August, 2000.

*David Shelton* (signature)

PETER J. VALETA  
Florida Bar No. 327557  
ROSS & HARDIES  
150 North Michigan Ave., Suite 2500  
Chicago, Illinois 60601  
Telephone: (312) 750-3619  
Telecopier: (312) 920-7241  

Attorneys for Allstate Insurance Company

LORI J. CALDWELL  
Florida Bar No. 0268674  
DAVID B. SHELTON  
Florida Bar No. 0710539  
RUMBERGER, KIRK & CALDWELL  
A Professional Association  
Post Office Box 1873  
Orlando, Florida 32802-1873  
Telephone: (407) 839-4511  
Telecopier: (407) 841-2133  

Attorneys for Allstate Insurance Company

cc: Francis A. Anania, Attorney for Progressive, NationsBank Tower, Suite 4300, 100 Southeast Second Street, Miami, FL 33131; William H. Hughes, III, Attorney for Beech Street, 215 S. Monroe Street, Second Floor, Tallahassee, FL 32302; Scott Sheldon, Attorney for ADP, 1 ADP Boulevard, Roseland, New Jersey 07068.