IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID A. NAPOLI, D.C., d/b/a
NAPOLI CHIROPRACTIC CENTER, and
all others similarly situated,

Plaintiffs,

CASE NO.: 00-6061-CIV
JUDGE: FERGUSON
MAGISTRATE: SNOW

v.

ALLSTATE INSURANCE COMPANY, and
MEDVIEW SERVICES, INC.

Defendants.

_____\



## DEFENDANT MEDVIEW'S SERVICES, INC.'S OPPOSITION TO CONSOLIDATION

Defendant MedView Services, Inc. ("MedView"), opposes the consolidation of this case with other cases brought by Plaintiffs' counsel, showing this Court as follows:

### I.    FACTS

On July 24, 2000, this Court held a status conference at which the issue of consolidating this case with the case of *Brickell v. Progressive Express Ins. Co., et al.*, Case No. 00-CIV-6649 U.S.D.C, S.D. Fla. (hereinafter *Brickell*), and *May v. Allstate Ins. Co.*, , Case No. 00-CIV-6269, U.S.D.C., S.D. Fla (hereinafter *May*), was raised -- without prior notice -- by Plaintiffs' counsel. This Court asked for briefing on this issue. MedView files this brief in response to the Court's request, and notes that Beech Street Corporation ("Beech Street") and ADP Integrated Medical Solutions, Inc. ("ADP") filed a similar brief in the *Brickell* case. MedView concurs with the arguments and factual summary advanced by Beech Street and ADP. MedView addresses some issues in more detail here, as well as some issues that pertain to its concerns.

## II.    ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 42 allows a court to consolidate separate actions that involve "a common question of law or fact . . . ." Fed. R. Civ. P. 42(a). The party seeking consolidation carries the burden "to show common factual or legal issues warranting it." *In re: Repetitive Stress Injury Litigation*, 11 F.3d 368, 374 (2d Cir. 1993). A district court has broad -- but not unfettered -- discretion to order or deny consolidation. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994).

In making a decision regarding consolidation, the district court "should weigh 'the interest of judicial economy against the potential for new delays, expense, confusion, or prejudice.'" *In re: Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D.N.J. 1998). "[A] District Court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *In re: Repetitive Stress Injury*, 11 F.3d at 373. Importantly, however, "[T]he mere existence of common issues . . . does not *require* consolidation." *In re: Consolidated Parlodel Litigation*, 182 F.R.D. at 444. (emphasis added)

In the instant case (the "MedView Litigation"), MedView would strongly resist any motion to consolidate. The only truly common fact between the *Brickell*, *Napoli*, and *May* cases is that the plaintiff in each case is represented by the same lawyers. Each of these cases involves the same *kinds* of legal theories, but the parties, the operative facts, and the contracts at issue are wholly distinct.

The MedView Litigation involves claims that MedView breached its contract with various healthcare providers by providing discount information to co-defendant Allstate Insurance Company ("Allstate"). The complaint also alleges that in using that information, Allstate violated RICO and the Sherman Anti-Trust Act. The *May* litigation involves claims that

2

-cv-06061-WJZ  Document 57  Entered on FLSD Docket 08/16/2000  F

*another* company, CCN, breached *another* contract by providing similar information about *another* plaintiff to Allstate. The *Brickell* case involves yet a *third* company, Beech Street, and a *third* contract. *Brickell* alleges racketeering activity and anti-trust violations, but advances different anti-trust theories than the MedView litigation. It also involves automobile another insurer, Progressive Insurance Company, and Allstate is not a party in *Brickell*.

Each case is highly dependent on the particular parties, contracts, and operative facts. Yet each case involves a *different* contract, *different* parties, and *different* operative facts. Consolidating these cases would be like consolidating three cases involving three different plaintiffs who were injured when they slipped and fell in three different grocery stores because the stores negligently trained their employees to look for grapes on the floor. Even though all three cases involve personal injuries caused by poor training in grocery stores, consolidation would clearly be inappropriate.

Plaintiffs might try to argue that this Court should consolidate these cases because they allege what Plaintiffs call a "silent PPO scheme" involving the application of allegedly unauthorized discounts to services rendered by physicians. That is a flawed argument. Though similar legal theories are advanced, each of these cases requires interpretation of different contracts and a different contractual intent by different parties. *See generally in re: Consolidated Parlodel Litigation*, 182 F.R.D. at 446 (no consolidation in cases where defense required evidence of particular representations made to physicians). If the conduct complained of is allowed by the particular contract at issue, all claims -- including RICO and anti-trust claims -- fail. The assertion of similar causes of action does not mean the cases involve common questions of law or fact under Rule 42(a).

3

*Enterprise Bank v. Saettele* is instructive since it highlights the difference between similar causes of action, which we have here, and common questions of law or fact under Rule 42(a), which we do not. 21 F.3d at 233. In *Saettele*, the District Court consolidated two separate lawsuits filed against the defendants by its creditors to resolve what it saw as a dispute regarding the validity of a pre-judgment attachment. *Id.* at 234-35. However, neither lawsuit involved the same facts. *Id.* at 233-35. Therefore, in finding no common issue of law or fact, the Eighth Circuit reversed stating that:

> The Landmark lawsuit and the Enterprise lawsuit involved neither common issues of law nor common issues of fact. Both cases involved breach of contract claims against the Saetteles. The legal issues are unrelated. Further, the only common factual thread running through the lawsuits was the fact that the Saetteles were defendants in both cases.

*Id.* at 236.

*Saettele* shows that cases that involve similar causes of action, even when filed against the same defendant, should not be consolidated unless the cases actually address the same legal and factual issues. In the case at hand, the only common issue to all three cases involves Plaintiffs' allegations of an allegedly improper "silent PPO scheme." Each breach of contract claim involves a different contract with different parties, and the anti-trust and RICO allegations in the MedView Litigation and *Brickell* involve different parties, different acts, and different violations. Thus, *Napoli*, *Brickell*, and *May* do not involve common issues of law or fact under Rule 42(a).

Also, consolidation of the three cases will prejudice MedView by significantly increasing its defense costs. If this Court consolidates all three cases, MedView will have to pay for its counsel to participate in discovery, particularly numerous depositions, that will have little or

4

nothing to do with MedView. In *In re: Repetitive Stress Injury Litigation*, the Second Circuit vacated the District Court's consolidation orders due in large part to the expense that consolidation would force the defendants to incur. 11 F.3d at 368. The court stated that "[a] party may not use aggregation as a method of increasing the costs of its adversaries . . . by forcing them to participate in discovery or other proceedings that are irrelevant to their case." *Id.* at 374. The Court also noted that although representation of the plaintiffs by the same counsel makes consolidation convenient, the convenience only benefits one side, and the court must not "'go too far in the interest of expediency and . . . sacrifice basic fairness in the process.'" *Id.* at 373-74.

Finally, consolidation of these three cases would result in an impossibly confused trial. When consolidating cases, a district court should weigh the interest of judicial economy against the likelihood of confusion. *See in re: Consolidated Parlodel Litigation*, 182 F.R.D. at 444; *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 352-54 (2d Cir. 1993) (new trial ordered where consolidation caused jury confusion). If consolidated, the jury would hear evidence concerning several different contracts, along with evidence about several different RICO and anti-trust claims against several different defendants. Much of this evidence would relate only to a specific claim against a specific defendant. The likelihood of confusion caused by the presentation of evidence that only relates to specific parties and specific claims while simultaneously trying various claims against various defendants outweighs any benefits of consolidation. As the *Parlodel* court stated, "[e]ven where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." 182 F.R.D. at 444.

### III. CONCLUSION

For the reasons set forth herein, this Court should not consolidate the *Napoli, Brickell*, and *May* cases.

                McGuireWoods LLP

BY: *[signature]*
William W. Deem.
Fla. Bar No.: 0512834
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone:    (904) 798-3200
Facsimile:    (904) 798-3207
E-Mail:    wdeem@mcguirewoods.com

Attorneys For Medview Services, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was furnished by facsimile and U. S. Mail to the following on this 14th day of August, 2000:

Arthur Gold, Esq.
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Douglas A. Blankman, Esq.
Kopelman & Blankman, P.A.
Nationsbank Tower, Suite 1611
One Financial Plaza
Ft. Lauderdale, FL 33394

Carlin Phillips, Esq.
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747

Peter J. Valeta, Esq.
Ross & Hardies
150 N. Michigan Ave.
Suite 2500
Chicago, IL 60601

David B. Shelton, Esq.
Rumberger Kirk et al.
P. O. Box 1873
Orlando, FL 32802-1873

*[signature]*
Attorney

6