UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO: 00-CIV-6061-FERGUSON/SNOW

DAVID A. NAPOLI, D.C.
d/b/a NAPOLI CHIROPRACTIC CENTER, and
all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
MEDVIEW SERVICES, INC.,

    Defendants.



**CONSOLIDATED RESPONSE TO OBJECTIONS OF ALLSTATE INSURANCE COMPANY ("ALLSTATE"), PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, AND PROGRESSIVE BAYSIDE INSURANCE COMPANY, ("PROGRESSIVE"), COMMUNITY CARE NETWORK, INC., ("CCN"), BEECH STREET CORPORATION ("BEECH STREET") AND ADP INTEGRATED MEDICAL SOLUTIONS, INC., ("ADP") TO CONSOLIDATE**

NOW COMES Plaintiff, DR. PAUL ZIDEL ("DR. ZIDEL")[1] DR. KEITH BRICKELL,

("DR. BRICKELL") and DR. MARK BROWNER ("DR. BROWNER")[2] and all others similarly

situated, by and through their attorneys, GOLD & COULSON, a partnership of professional and

limited liability corporations, PHILLIPS & GARCIA, LLP, and KOPELMAN & BLANKMAN, a

professional association, as well as DRS. MARTIN MAY, ALAN LAZAR, MARTIN HALE,

JOEL RUSH, PAUL ZIDEL, RICHARD LINN, RICHARD BERKOWITZ, DOUGLAS

---

[1] For purposes of this Consolidate Response, Dr. Paul Zidel will be referred to as the Plaintiff in case number 00 CIV 6061 as a motion is presently pending to dismiss Dr. David Napoli and substitute Dr. Paul Zidel.

[2] See page 2 of this Consolidated Response as to why Dr. BROWNER is mentioned.

1



STRINGHAM, ANDREW ELLOWITZ, ALAN NOVICK, DEBRA WEISS AND NEIL SCHECTER, by KOPELMAN & BLANKMAN, a professional association; all of whom state as follows with respect to the objections raised by ALLSTATE, PROGRESSIVE, CCN, BEECH STREET, and ADP to consolidate case numbers 00 CIV 6061, 00 CIV 6269, 00 CIV 6649, and potentially 00 CIV 7163 for trial and/or for discovery:

**BACKGROUND**

On July 24, 2000 at the last joint status hearing of *Zidel v. Allstate and CCN*, 00 CIV 6061, ("ZIDEL CASE") and *Brickell v. Progressive, Beech Street, and ADP*, 00 CIV 6649, ("BRICKELL CASE") [3] this court suggested consolidating the ZIDEL, BRICKELL and MAY cases for trial and/or discovery and directed Defendants to file any opposition they might have to the Court's suggestion. At the same status hearing, attorneys for DR. ZIDEL, DR. BRICKELL, and Drs. MAY et. al. told the Court that they were in agreement with consolidation. Since July 24, 2000, a third similar class action case has been filed: *Dr. Marc Browner v. Allstate Indemnity Company, Beech Street Corporation, and ADP Integrated Medical Solutions, Inc.*, CASE

---

[3] The status hearing on July 24, 2000 also reviewed the status of *Drs. Martin May, Alan Lazar, Martin Hales, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz, Douglas Stringham, Andrew Ellowitz, Alan Novick, Debra Weiss, and Neil Schechter, v. Allstate Insurance Company*, case number 00-CIV-6269, (MAY CASE) a non-class action case, removed to this court by ALLSTATE and transferred, by Judge Dimitrouleas with this Court's consent. However, since July 24, 2000, the parties to the non-class action MAY CASE have been negotiating to dismiss same without prejudice pursuant to Federal Rule of Civil Procedure 41. Documents have been prepared to dismiss that case without prejudice and are awaiting signature. All rulings in the MAY CASE by Judge Dimitrouleas, according to the proposed agreement of the MAY CASE parties, will stand as to DR. ZIDEL in the NAPOLI/ZIDEL CASE. By September 15, 2000, the MAY CASE may have already been dismissed by agreed order. If not, this court may choose to dismiss Dr. Zidell from same on September 15, 2000 per a Rule 41 motion he has filed presently before this Court with a proposed order.

2

NUMBER 00 -7163 ("BROWNER").[4] BROWNER may be assigned before this Court as a related case, as, on its filing date of August 16, 2000, Plaintiffs filed with the clerk of the U.S. District Court, 7th District of Florida, Fort Lauderdale Division, a notice of relatedness in accordance with Local Rule 3.9 C and D. The BROWNER case has initially been assigned to Judge Highsmith.[5] It is for this reason that DR. BROWNER's name is mentioned in this Consolidated Response.

ALLSTATE is a Defendant in the ZIDEL CASE. ALLSTATE is a Defendant in the BROWNER CASE. BEECH STREET/ADP are Defendants in the BRICKELL CASE. BEECH STREET/ADP are Defendants in the BROWNER CASE. As will be demonstrated, the facts and issues in ZIDEL, BRICKELL, AND BROWNER stem from a common course of conduct by all Defendants. This common course of conduct has caused damages to Plaintiff Doctors. For ease of reference, the following diagram clarifies the parties in all three class action cases:

| 00CIV 6061 | 00 CIV 6649 | 00 CIV |
|---|---|---|
| DR. PAUL ZIDEL | DR. KEITH BRICKELL, | DR. MARC BROWNER |
| Plaintiff | Plaintiff, | Plaintiff, |
| v. | v. | v. |
| ALLSTATE, | PROGRESSIVE, | ALLSTATE, |
| CCN, | BEECH STREET/ADP | BEECH STREET/ADP |
| Defendants. | Defendants | Defendants |

---

[4] The BROWNER complaint has been e-mailed to counsel for ALLSTATE, BEECH STREET, and ADP.

[5] Attached to this consolidated response and marked Exhibit A is a motion to have BROWNER set for status on September 15, 2000 at 2:30 p.m.

3

### The roles of the parties in the three class actions.

The parties involved in all three lawsuits are in the following professions or business:

DR. ZIDEL
DR. BRICKELL         - Florida Medical Providers
DR. BROWNER

ALLSTATE
PROGRESSIVE          - Florida Automobile Insurance Companies

CCN
BEECH STREET
ADP                  - Florida "managed care companies" which negotiate contracts with insurance companies for purposes of representing them to reduce medical providers' bills. "Managed care companies" are compensated by insurance companies based upon savings received by their client insurance companies on medical providers' bills. These same "managed care companies" induce medical providers to sign contracts discounting their medical bills claiming such discounting will cause steerage of patients to these medical providers by the insurance companies.

### The standard for determining consolidation.

Fed. R. Civ. P.42(a) provides:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

4

*In re Air Crash Disaster At Florida Everglades v. Eastern Airlines*, et al., 549 F.2d 1006 (5th Cir. 1977),[6] established precedent-setting guidelines for utilizing the consolidation provisions of rule 42(a) as follows:

> This [Federal Rule of Civil Procedure 42(a)] is a broad grant of authority, particularly in the last clause. And the rule has been applied liberally.
>
> A court may order the consolidation of cases despite the opposition of the parties. Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285, 293, 12 S.Ct. 909, 36 L.Ed. 706, 709 (1892); 5 Moore's Federal Practice P 42.02 at 42-7 n. 4 (1976).
>
> . . .
>
> In this Circuit, district judges have been *'urged to make good use of Rule 42(a)... in order to expedite the trial and eliminate unnecessary repetition and confusion.'* "*Gentry v. Smith*, 487 F.2d 571, 581 (CA5, 1973), quoting Dupont v. Southern Pacific Co., 366 F.2d 193, 195 (CA5, 1966), cert. denied 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967). Rule 42(a) "is permissive and vests a purely discretionary power in the district court. 'An exercise of such power may be reviewed on appeal from a final judgment or order but will not be disturbed except for abuse of discretion.' 'Whiteman v. Pitrie, 220 F.2d 914, 918 (CA5, 1955). Accord, NAACP v. Michot, 480 F.2d 547 (CA5, 1973); Davis v. Yellow Cab Co., 220 F.2d 790 (CA5, 1955) ('the trial court had a large discretion in the matter which will not be interfered with except in a clear case of abuse'). (Emphasis added)

*In Re Air Crash Disaster*, also a class action, at footnote 8 continued with the following observation:

> In class actions we recognize, indeed insist upon, the court's participation as the manager of the case. [citation omitted] Fed.R.Civ.P. 23 (d) grants particularly broad powers to a court in managing a class action: '(d) Orders in Conduct of Actions. In the conduct of actions to which this rule applies, the court may make appropriate orders: (1) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument; (2) requiring, for the protection of the members of the class

---

[6] In *Bonner v. City of Pricherd*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the 11th Circuit Court of Appeals adopted as binding precedent all decisions from the 5th Circuit handed down prior to October 1, 1981.

> or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time.'
> Under the authority of this section courts have utilized a variety of techniques in managing class actions. [citation omitted]"

The Court then reasoned:

> "The need for a court to exercise its inherent managerial powers as expressed in Rule 42(a) may take precedence over desires of counsel. For example in Walker v. Loop Fish & Oyster Co., 211 F.2d 777 (CA5, 1954), this circuit took the view that Rule 42 and its policy against waste of judicial resources can take precedence over individual counsel's desires that litigation follow its normal and full-blown course."

With this well reasoned precedent which sets the standard in this Circuit for consolidation, we next take a look at the strongest objections that Defendants in all three cases voice to this Court's consolidation suggestion.

**PROGRESSIVE's opposition.**

At page 5 of its opposition to consolidation, PROGRESSIVE states as follows:

> "It could also severely prejudice the PROGRESSIVE Defendants, in that 1) it

would afford ALLSTATE, one of PROGRESSIVE Defendants' competitors, with access, through the discovery process, to confidential and proprietary information, regarding the PROGRESSIVE Defendants' claims handling and pricing practices, which could later be used to gain a competitive advantage over the PROGRESSIVE Defendants:..."

PROGRESSIVE is concerned that ALLSTATE, "its competitor", might gain access to some of its "confidential and proprietary information" as a result of PROGRESSIVE being a Defendant in a consolidated lawsuit with ALLSTATE. This Court need only look to the diagram at page 3 of this Consolidated Response. ALLSTATE's present "managed care company" for negotiating its agreements is BEECH STREET/ADP. PROGRESSIVE's "managed care company" for negotiating its agreements is BEECH STREET/ADP. Both ALLSTATE and PROGRESSIVE, as claimed by Plaintiffs, use BEECH STREET/ADP as the vehicle to steal Plaintiffs' preferred provider discounts. This Court inquired at the July 24, 2000 status as to whether or not this claimed "silent PPO" and/or "stealing of discounts" practice was industry wide. Plaintiffs could only respond that their investigation, to date, revealed sufficient evidence only against existing defendants, two of which, ALLSTATE and PROGRESSIVE, are the largest producers of automobile insurance in Florida. In any event, a simple protective order, if necessary, would allay any of PROGRESSIVE'S fears.

As to PROGRESSIVE's concern relative to absence of an anti-trust Count against it, an appropriate jury instruction would eliminate any perceived "confusion".

**ALLSTATE's opposition.**

ALLSTATE's opposition argues that consolidation should not take place because there are

"no common issues of law or fact presented" and because NAPOLI/ZIDEL involves the CCN Preferred Provider Agreement whereas BRICKELL involves the BEECH STREET Preferred Provider Agreement. Of course, ALLSTATE must acknowledge that BROWNER also involves the BEECH STREET Preferred Provider Agreement. Moreover, it is the *conduct* of Defendants in all three cases: the claimed illegal taking of Preferred Provider discounts, that forms the basis of the federal, state, and common law causes of actions. To the extent that the CCN and BEECH STREET Preferred Provider Agreements contain different language and to the extent that the different language would have a *material* impact on the various causes of action alleged, again, a simple jury instruction, if necessary, could be given.

As to ALLSTATE's argument that there are "no common issues of law or fact presented", that argument is addressed below at pages 9-12 where Plaintiffs specify the multiple common questions of law and fact involved in all three cases.

**BEECH STREET/ADP's opposition.**

BEECH STREET/ADP's major objection appears to be that they are accused of a Lanham Act violation in BRICKELL whereas MEDVIEW/CCN is accused of a RICO violation in NAPOLI/ZIDEL. Of course, a RICO violation is also alleged in NAPOLI/ZIDEL, BRICKELL, and BROWNER. Moreover, BEECH STREET/ADP are faced with a Lanham Act violation in BROWNER. Again, a simple jury instruction as to the particular statutory violation will address any perceived problem. As this Court well knows, it is not uncommon, especially in criminal cases, to have multiple defendants that are charged with different statutory offenses whereas other defendants are not.

**MEDVIEW ("CCN") opposition.**

Although MEDVIEW filed its consolidation opposition in the NAPOLI/ZIDEL case, Plaintiffs will respond as if it were filed by the true party in interest: CCN. At page 2 of the MEDVIEW/CCN opposition, the following appears to be the major concern:

"The only truly common factor between BRICKELL, NAPOLI, and MAY cases is that the Plaintiff in each case is represented by the same lawyers."

As noted below, common counsel for all Plaintiffs is not even a consideration. This Court never mentioned common counsel for Plaintiffs in its consolidation suggestion at the July 24, 2000 status hearing. BROWNER was not even before the Court on July 24, 2000. Convenience of counsel is not a consideration.

**Common Issues of Law and Fact Which are Identical to All Three Cases.**

*Generally* speaking, the following represent commons issues of law and fact in all three cases:

a. Whether ALLSTATE or PROGRESSIVE offered a personal injury protection policy with a preferred provider organization endorsement. (They did not.)

b. Whether PROGRESSIVE and ALLSTATE used Defendants BEECH STREET/ADP as their managed care companies to allegedly steal Plaintiffs' preferred provider discounts. (They did.)

c. Whether existence of a "silent PPO" is present in NAPOLI/ZIDEL, BRICKELL, and BROWNER. (It is.)

d. Whether the preferred provider agreements in all three cases contain language referring to medical providers' participation in automobile medical insurance networks. (They do not.)

9

e.  Whether ALLSTATE or PROGRESSIVE furnish a list of preferred providers to their insureds at the time the insureds purchase the automobile insurance policies. (They do not.)

*Specifically*, and as stated in the NAPOLI/ZIDEL, BRICKELL, and BROWNER complaints, the following commons issues of law and fact exist:

### NAPOLI/ZIDEL

a.  whether ALLSTATE violated Fla Stat. § 627.736, et seq. by paying personal injury protection medical expense claims at Preferred Provider rates (NAPOLI/ZIDEL complaint at ¶ 34.);

b.  whether ALLSTATE's payment of medical providers bills at preferred provider rates was a breach of its insurance policy (NAPOLI/ZIDEL complaint at ¶49.);

c.  whether Defendants' use and application of CCN preferred provider rates to automobile medical expense claims was allowed by the CCN PPA (NAPOLI/ZIDEL complaint at ¶42.);

d.  whether Allstate's application of preferred provider rates is a violation of the RICO and Anti-trust Acts (NAPOLI/ZIDEL complaint at ¶s 50-102.);

e.  whether DR. ZIDEL and those similarly situated are entitled to compensatory, statutory, or punitive damages against ALLSTATE because of its illegal conduct. (NAPOLI/ZIDEL complaint at ¶s 83, 86,87, and 97.);

f.  Whether Dr. ZIDEL and the purported class are entitled to an injunction preventing the continued disclosure and application of the CNN discounts by

10

ALLSTATE and CCN. (NAPOLI/ZIDEL complaint at ¶s 99 and 102.)

**BRICKELL**

a. whether PROGRESSIVE violated Fla Stat. § 627.736, et seq. by paying personal injury protection medical expense claims at Preferred Provider rates;

b. whether the PROGRESSIVE AUTOMOBILE INSURERS' payment of medical providers at preferred provider rates was a breach of their insurance policies;

c. whether Defendants' use and application of BEECH STREET preferred provider rates to automobile medical expense claims was allowed by the BEECH STREET PPA;

d. whether the PROGRESSIVE AUTOMOBILE INSURERS' application of preferred provider rates is a violation of the RICO and Lanham Acts;

e. whether DR. BRICKELL and those similarly situated are entitled to compensatory, statutory, or punitive damages against the Defendants because of their illegal conduct;

f. whether DR. BRICKELL and the purported class are entitled to an injunction preventing the continued disclosure and application of their BEECH STREET discounts by the PROGRESSIVE. (BRICKELL complaint at ¶ 32.)

11

**BROWNER**

a.  whether Allstate violated Fla Stat. § 627.736, et seq. by paying personal injury protection medical expense claims at discount rates, which rates are less than the amount required by Florida law;

b.  whether Allstate's payment of medical providers at discount rates, which rates are less than the amount required by Florida law, was a breach of its insurance Policy;

c.  whether Defendants' use and application of Beech Street's discount rates to Allstate automobile medical expense claims was allowed by the Beech Street PPA;

d.  whether Defendants could apply Beech Street discounts to patient bills where the patients had chosen and began treating with their healthcare provider prior to Beech Street entering into an agreement with ADP or Allstate for access to the discounts;

e.  whether Allstate's misappropriation of Beech Street's discounts is a violation of the RICO and Lanham Acts;

f.  whether Dr. Browner and those similarly situated are entitled to compensatory, statutory, or punitive damages against the Defendants because of their illegal conduct;

g.  whether Dr. Browner and the purported class are entitled to an injunction preventing the continued disclosure and application of their Beech Street preferred provider discounts by Allstate and ADP. (BROWNER complaint at ¶ 37.)

12

## CONCLUSION

For all these reasons, it is obvious that these three cases cry out for consolidation. The Court's suggestion at the July 24, 2000 status hearing should be adopted. Plaintiffs submit a proposed order in that regard.

Respectfully submitted,

By: _____
One of Plaintiff's attorneys

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street, Ste 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)

KOPELMAN & BLANKMAN
A Professional Association
One Financial Plaza
Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

C:\WP51\ASG\NAPOLI\Consolidate response

13

SERVICE LIST

Anania, Bandklayder, Blackwell,
Baumgarten & Torricella
Attorneys for Progressive
NationsBank Tower
Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

William H. Hughes III
A. Kenneth Levine
Attorneys for Beeach Street Corporation
Pennington, Wilkinson, Moore
Bell & Dunbar, P.A.
215 S. Monroe Street
Second Floor
Tallahassee, Florida 32302
(850) 222-3533 (850) 222-2126 Facsimile
E-mail: Whugh@penningtonlawfirm.com
       Ken@penningtonlawfirm.com

William Xanttopoulous, Esq.
Attorneys for Beech Street Corporation
Bank of America Tower
100 S.E. 2nd Street, Suite #3950
Miami, Florida 33131
(305) 579-9075
(305) 579-9073 (facsimile)

Scott Sheldon, Esq.
Attorney for ADP Integrated Medical
Solutions, Inc.,
1 ADP Boulevard
Roseland, New Jersey 07068
(973) 974-5900
(973) 974-3399

David B. Shelton, Esq.
Rumberger, Kirk & Caldwell
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Mr. William W. Deem
McGuire Woods Battle
& Boothe, LLP
Attorneys for Medview
50 N. Laura Street
Suite 5300
Jacksonville, Florida 32202
(904)798-2615
(904)798-3207 Facsimile
wwdeem@mwbb.com

ROSS & HARDIES
Peter J. Valeta
Attorneys for Allstate
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619 (312) 920-7241 Facsimile

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street, Ste. 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)

KOPELMAN & BLANKMAN
A Professional Association
One Financial Plaza
Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO: 00-7163-HIGHSMITH/GARBER

MARC J. BROWNER, D.C., individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

    Defendants.

## MOTION TO SET MATTER FOR STATUS ON SEPTEMBER 15, 2000 AT 2:30 P.M. BEFORE THE HONORABLE JUDGE FERGUSON

NOW COME GOLD & COULSON, a partnership of professional and limited liability corporations, PHILLIPS & GARCIA, LLP, and KOPELMAN & BLANKMAN, a professional association, attorneys for the Plaintiffs in the above matter and state as follows;

1. On September 15, 2000 at 2:30 p.m., *Dr. David Napoli, and all others similarly situated, v. Allstate Insurance Company, and Community Care Network, Inc., d/b/a CCN* case number 00-CIV-6061 ("NAPOLI/ZIDEL"), *Keith Brickell, D.C., individually and on behalf of all others similarly situated, v. Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Beech Street Corporation, and ADP Integrated*

1

EXHIBIT "A"

*Medical Solutions, Inc.*, case number 00-CIV-6649 ("BRICKELL") and *Drs. Martin May, Alan Lazar, Martin Hale, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz, Douglas Stringham, Andrew Ellowitz, Alan Novick, Debra Weiss and Neil Schecter, v. Allstate Insurance Company* case number 00-CIV-6269 ("MAY") are set before the Honorable Judge Ferguson for status. These cases have the following motions outstanding for resolution:

### CLASS ACTION OF NAPOLI/ZIDEL v. ALLSTATE INSURANCE COMPANY AND MEDVIEW ("CCN") NUMBER 00 CIV 6061

A. Opposition of Defendants ALLSTATE and MEDVIEW to consolidate with BRICKELL. The consolidation issue has been fully briefed and is ready for determination.

B. Motion of Dr. Paul Zidel to substitute as party plaintiff and to name MEDVIEW's successor-interest, CCN, as Defendant by filing a First Amended Complaint. This motion has been fully briefed and is ready for determination.

C. Motions of Defendants ALLSTATE and MEDVIEW to dismiss certain counts of the complaint filed by Dr. Napoli. These motions have been fully briefed. Oral argument occurred on April 14, 2000 as to the ALLSTATE motion to dismiss.

### CLASS ACTION OF BRICKELL v. PROGRESSIVE AND BEECH STREET/ADP NUMBER 00 CIV 6649

A. Opposition of Defendants PROGRESSIVE, BEECH STREET, and ADP to consolidate with NAPOLI/ZIDEL. The consolidation issue has been fully briefed and is ready for determination.

B. Motions to dismiss of Defendants PROGRESSIVE, BEECH STREET and

2

        ADP. These motions have been fully briefed and are ready for determination.

    C.    Motions of Defendants PROGRESSIVE, BEECH STREET and ADP to stay discovery. These motions have been fully briefed and are ready for determination.

**INDIVIDUAL CASE OF MAY v. ALLSTATE INSURANCE COMPANY**
**NUMBER 00 CIV 6269**

    A.  Dr. Paul Zidel's Motion To Dismiss Himself, without prejudice. The motion has been fully briefed and is ready for decision, however, by September 15, 2000, the parties may have entered into an agreed order to dismiss the case under Rule 41.

2.    The above captioned matter, *Dr. Marc Browner v. Allstate Insurance Company and Beech Street/ADP*, ("BROWNER") was filed on August 16, 2000. At the time BROWNER was filed, Plaintiffs filed with the clerk of the U.S. District Court a notice of relatedness pursuant to Local Rule 3.9 C and D. BROWNER is concerned with issues which revolve around allegations against the Defendant insurance companies and managed care companies as to their illegal discounting of Florida medical providers bills in violation of federal, state and common law. MAY Defendant ALLSTATE is a defendant in BROWNER. BROWNER Defendant ALLSTATE is a Defendant in NAPOLI/ZIDEL. BROWNER Defendants BEECH STREET and ADP are Defendants in BRICKELL. Plaintiff in the above captioned matter is a medical provider as are Plaintiffs in NAPOLI/ZIDEL and BRICKELL.

3

3   In the interest of judicial economy, it appears that it would be beneficial to include

BROWNER at the status hearing on September 15, 2000 at 2:30 p.m.

WHEREFORE, attorneys for Plaintiffs in the NAPOLI/ZIDEL, BRICKELL, and MAY CASES ask for an order setting the BROWNER case for status along with the NAPOLI/ZIDEL, BRICKELL and MAY on September 15, 2000 at 2:30 p.m. Plaintiffs present a proposed order in that connection.

Respectfully submitted,

By: _____
DOUGLAS A. BLANKMAN, ESQ.
KOPELMAN & BLANKMAN, P.A.
One of Plaintiff's attorneys
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL 33394
954-462-6855

PLAINTIFF'S COUNSEL

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street, Ste 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)

KOPELMAN & BLANKMAN
A Professional Association
One Financial Plaza-Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

4

SERVICE LIST

Anania, Bandklayder, Blackwell,
Baumgarten & Torricella
Attorneys for Progressive
NationsBank Tower
Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

William H. Hughes III
A. Kenneth Levine
Attorneys for Beeach Street Corporation
Pennington, Wilkinson, Moore
Bell & Dunbar, P.A.
215 S. Monroe Street
Second Floor
Tallahassee, Florida 32302
(850) 222-3533 (850) 222-2126 Facsimile
E-mail: Whugh@penningtonlawfirm.com
         Ken@penningtonlawfirm.com

William Xanttopoulous, Esq.
Attorneys for Beech Street Corporation
Bank of America Tower
100 S.E. 2nd Street, Suite #3950
Miami, Florida 33131
(305) 579-9075
(305) 579-9073 (facsimile)

Scott Sheldon, Esq.
Attorney for ADP Integrated Medical
Solutions, Inc.,
1 ADP Boulevard
Roseland, New Jersey 07068
(973) 974-5900
(973) 974-3399

David B. Shelton, Esq.
Rumberger, Kirk & Caldwell
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Mr. William W. Deem
McGuire Woods Battle
& Boothe, LLP
Attorneys for Medview
50 N. Laura Street
Suite 5300
Jacksonville, Florida 32202
(904)798-2615
(904)798-3207 Facsimile
wwdeem@mwbb.com

ROSS & HARDIES
Peter J. Valeta
Attorneys for Allstate
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619  (312) 920-7241 Facsimile

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street, Ste. 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (facsimile)

KOPELMAN & BLANKMAN
A Professional Association
One Financial Plaza
Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)