## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

DR. PAUL ZIDEL, and all others           )
similarly situated,                      )
                                         )    CASE NO.: 00-CV-6061
          Plaintiffs,                    )
                                         )    JUDGE FERGUSON
v.                                       )
                                         )    MAGISTRATE JUDGE SNOW
ALLSTATE INSURANCE COMPANY, and          )
COMMUNITY CARE NETWORK, INC.,            )
d/b/a CCN                                )
                                         )
          Defendants.                    )
_____)

### ALLSTATE INSURANCE COMPANY'S MEMORANDUM
### IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II, III, IV, V, VI, and VII

This case is a simple disagreement over the amount of payments made by Allstate

Insurance Company ("Allstate") for medical services rendered by plaintiff to personal injury

protection ("PIP") claimants.[1] Plaintiff does not dispute that he (and Park Place) had agreed with

---

[1] Dr. Zidel is one of several doctors, including Drs. May, Lazar, Hale, Rush, Linn, Berkowitz, Atringham, Ellowitz, Novick, Weiss and Schechter, who are engaged together in the practice of medicine as "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation" (collectively the "Park Place Doctors"). The Park Place Doctors previously sued Allstate in Florida state court to recover PIP payments which they alleged were improperly discounted (the "Park Place Doctors Action"). The Park Place Doctors alleged that Allstate's payments were made in amounts "substantially less than [Allstate] is statutorily and contractually obligated to pay," and improperly based upon their agreement with CCN.

Allstate removed the Park Place Doctors Action to the Southern District of Florida, where it was assigned case number 00-CIV-6269-DIMITROULEAS. The Park Place Doctors sought to remand, contending that their claims were separate and the required amount in controversy could not be established. Allstate's response, which is attached hereto as Exhibit A, established that the Park Place Doctors had submitted claims to Allstate for payment on behalf of persons insured by Allstate for PIP benefits, collectively as Park Place; that Allstate made all payments on those claims to Park Place, using the Park Place taxpayer identification number and mailing address. On that basis, the district court denied the Motion to remand, concluding the Park Place Doctors could not maintain separate claims. A copy of that Order is attached as Exhibit B.



Community Care Network ("CCN") to accept certain reduced rates for his services when he rendered them to individuals insured by certain insurance companies. Allstate reasonably believed, based on its contractual agreement with CCN, that CCN's negotiated rates with plaintiff and Park Place were available to Allstate PIP claimants. Allstate thus paid bills submitted by plaintiff for Allstate claimants utilizing those negotiated rates. Furthermore, Allstate openly disclosed that its payments were based on the CCN negotiated rates on the "Explanation of Benefits" ("EOB"), which accompanied Allstate's payment. There was no"secret." Nothing was hidden from plaintiff or misrepresented when Allstate paid the bills. There is no fraud, no RICO and no antitrust case here. This is a simple commercial dispute regarding contractual rights.

## Argument

This action contends Allstate did not pay the amounts plaintiff billed for medical services he rendered to certain patients. In no way could plaintiff allege, however, that Allstate thus committed a fraud upon him or otherwise engaged in a predicate, criminal offense. Plaintiff has failed, therefore, to state a civil RICO claim. Nor could he properly maintain such a claim as a class action. In addition, plaintiff has failed to state a claim based on unjust enrichment, breach of contract or federal antitrust laws. Finally, plaintiff's attempt to allege a claim under the Section 627.736(10) of the PIP statute is barred by res judicata and, in all events, fails as a matter of law because no private cause of action is created by that statute.

Plaintiff bases his grave accusations of deceitful conduct on a purported parade of horrors, which he calls a "silent PPO." His rhetorical hysteria does not, however, constitute a cognizable allegation of any claim. There is nothing inherently fraudulent or wrongful about agreements by which medical care providers agree to accept negotiated rates for their services in certain circumstances, even in the absence of patient steering requirements. First Health Group Corp. v. United Payors & United Providers, Inc., 95 F. Supp. 2d 845, 846-47, 849-50 (N.D. Ill. 2000) (a "PPO does not have a fixed definition which includes a steering requirement"). Though

The district court subsequently granted Allstate's Motion to dismiss. In its Order, which is attached hereto as Exhibit B, the court concluded Florida Statute §627.736(10) does not allow a private cause of action to be asserted against Allstate.

plaintiff would ask this Court to believe otherwise, the contractual rights which apply to plaintiff and Allstate are the only things at issue here, nothing more. Cf., HCA Health Serv. of Georgia v. Employers Health Ins. Co., 22 F. Supp. 2d 1390 (N.D. Ga. 1998)(whether discounts applied were appropriate is based on the terms of the applicable contract).

## I.    Count II Fails To Adequately Allege Unjust Enrichment

In order to state a claim for unjust enrichment, plaintiff must allege that (1) he conferred a benefit on the defendant, who has knowledge thereof, (2) the defendant voluntarily accepted and retained the benefit, and (3) it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. E.g., Peoples National Bank of Commerce v. First Union Nat'l Bank of Florida, N.A., 667 So.2d 876, 879 (Fla. 3rd DCA 1996). Dr. Zidel fails to allege that he has conferred any benefit upon Allstate. To the contrary, he alleges (1) he treated certain patients who were insured by Allstate and (2) Allstate has not compensated him "fully" for those treatments.[2] Because he cannot identify any "benefit" conferred upon Allstate, plaintiff's allegations are inadequate to plead unjust enrichment and Count II must be dismissed.

In addition, plaintiff's unjust enrichment claim is barred by Florida's economic loss doctrine. That rule provides that "parties to a contract can only seek tort damages if conduct occurs that establishes a tort distinguishable from or independent of [the] breach of contract." Jones v. Childers, 18 F.3d 899, 904 (11th Cir. 1994). The doctrine is based on the notion that "contract principles are more appropriate than tort principles for resolving economic loss claims." Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899, 901 (Fla. 1987).

Dr. Zidel seeks to recover economic damages based on Allstate's reduction of the amount paid for his services, purportedly in violation of Allstate's contract with its insureds. Dr. Zidel has alleged that Allstate's conduct constitutes breach of contract, for which he allegedly has

---

[2] Plaintiff's attempt to limit CCN negotiated rates to the period after December 13, 1999, is contrary to the determination of the district court in the Park Place Doctors Action that Zidel was practicing and billing collectively with other members of Park Place. He would thus be covered by the general agreement between Park Place and CCN prior to December, 1999. See supra, fn 1.

3

a contractual remedy. Consequently, the economic loss rule bars plaintiff's purported equitable claim for unjust enrichment. See Anthony Distributors, Inc. v. Miller Brewing Co., 904 F. Supp. 1363, 1368 (M.D. Fla. 1995)(applying the economic loss rule to bar a claim for unjust enrichment). See also AFM Corp. v. Southern Bell, 515 So.2d 180, 181-82 (Fla. 1987) (if the facts surrounding breach of contract and tort claims are "interwoven," the economic loss doctrine applies to preclude recovery of tort damages).

Finally, Dr. Zidel cannot allege a claim for unjust enrichment because he cannot allege he has no adequate remedy at law. Where a complaint on its face shows that adequate legal remedies may exist, equitable remedies are not available. See H.L. McNorton v. Pan Am. Bank of Orlando, 387 So.2d 393, 399 (Fla. 5th DCA 1980). "[T]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." Gary v. D. Agustini & Asociados, S.A., 865 F.Supp. 818 (S.D.Fla.1994) (quoting Bowleg v. Bowe, 502 So.2d 71, 72 (Fla. 3d DCA 1987)). The basis for plaintiff's unjust enrichment claim is the tangible benefit purportedly derived when Allstate reduced the amount of his bills. Dr. Zidel does not and cannot allege his contractual remedy is inadequate. Therefore, Dr. Zidel has failed to state a viable claim for unjust enrichment and Count II must be dismissed.[3]

## II.    Count III Fails To Adequately Allege Breach Of Contract

As plaintiff concedes in his Complaint, Allstate is contractually and statutorily obligated to pay reasonable amounts for covered services rendered to persons covered under Allstate insurance policies. While plaintiff complains that Allstate "improperly applied" the rates he agreed to accept under the CCN contracts, he nevertheless fails to allege that those rates were not reasonable. Consequently, plaintiff has failed to allege a breach of contract claim and Count III

---

[3] Martinez v. Weyerhaeuser Mortg. Co., 959 F.Supp. 1511, 1518-19 (S.D.Fla.1996)(dismissing unjust enrichment claim for failure to allege an adequate remedy at law did not exist); D.Agustini & Asociados, 865 F.Supp. at 827 (dismissing unjust enrichment claim where plaintiff sought contractual remedy). See also Poe v. Estate of Levy, 411 So. 2d 253, 256 (Fla. 4th DCA 1982) (alleged express agreement precluded quasi-contract claim); Cross v. Strader Constr. Corp., 2000 WL 492010 Fla. App. 2nd DCA April 28, 2000)(breach of contract and quantum meruit are mutually exclusive)(copy attached).

must be dismissed. See Industrial Medicine Publishing Co. v. Colonial Press of Miami, Inc., 181 So.2d 19 (Fla. 3rd DCA 1965)(breach of contract claim must allege breach of specific duty).

## III.    Count IV Fails To Properly Allege A RICO Claim And Must Be Dismissed

The self-serving conclusion alleged by plaintiff, that a "silent PPO" is "illegitimate," "fraudulent," and "unlawful" is hollow rhetoric, inadequate to establish a RICO violation. There is nothing inherently fraudulent or deceptive about a non-directed network. The only question, therefore, is whether plaintiff has actually pleaded a viable RICO claim. He has not.

### A.    RICO Claims Are Not Proper for Class Action Treatment.

Assuming, arguendo, that plaintiff otherwise could adequately plead each element of a claim under RICO, Count IV still must be dismissed. Plaintiff's RICO claims, which sound in mail and wire fraud, are not appropriate for class action treatment because they require individualized showings of misrepresentation, reliance, injury and damages. See Andrews v. American Tel. & Tel. Co., 95 F.3d 1014, 1025 (11th Cir.1996)(RICO claims based on mail and wire fraud are not appropriate for class treatment because, even "if it could be shown that the appellants were engaged in a scheme to defraud and made misrepresentations to further that scheme, the plaintiffs would still have to show, on an individual basis, that they relied on the misrepresentations, suffered injury as a result, and incurred a demonstrable amount of damages"); Pelletier v. Zweifel, 921 F.2d 1465, 1498-1500 (11th Cir. 1991); Gibbs Properties Corp. v. CIGNA Corp., 196 F.R.D. 430 (M.D. Fla. 2000)(claim that insurers violated RICO through fraudulent scheme to charge excessive premiums was not appropriate for class treatment because thousands of "mini trials" would be necessary to establish reliance). Cf. Fickler v. Am. South Corp., 176 F.R.D. 583 (M.D. Fla. 1997)(denying class certification of securities fraud claims because a fraud class action cannot be certified when individual reliance will be an issue). See also Gloria v. Allstate Country Mut. Ins. Co., Civ. No. SA-99-CA-676-PM, slip op. (W.D. Tex., Sept. 29, 2000) (holding in a case challenging PIP payment reductions that RICO actions are "inappropriate" for class action treatment) (copy attached).

5

## B.   Count IV Fails To Allege Any Claim For Fraud Or Other RICO Violation

Plaintiff's RICO claims, alleged en mass, should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Despite generously sprinkling the word "fraud" throughout the complaint and citing a litany of criminal statutes, plaintiff has not remotely alleged that Allstate engaged in racketeering activity. See Bill Buck Chevrolet, Inc. v. GTE Florida, Inc., 54 F. Supp. 2d 1127, 1132 (M.D. Fla. 1999)("claims under RICO must be subjected to scrutiny due to their potential abuse by civil litigants").[4]

Plaintiff does not allege a single fact reflecting criminal or fraudulent conduct by Allstate. He does not identify an act, a date, a place, or a method by which Allstate sought to accomplish any such offenses. Plaintiff only alleges that Allstate applied a discount to bills for services he rendered. However, he admits that Allstate provided documentation to him with Allstate's checks which expressly stated that Allstate had applied the contractual CCN rate to plaintiff's bills. Plaintiff knew what amount he had billed and, thus, knew when he received a payment from Allstate for an amount that was less than his invoice. He nevertheless accepted Allstate's payments without question or complaint. Those transactions, as alleged by plaintiff, are so far removed from the purposes of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 et seq., as to make Count IV ludicrous on its face.

### 1.    Count IV Fails to State a Claim under 18 U.S.C. § 1962(a).

Plaintiff fails to plead a claim under 18 U.S.C. § 1962(a) because he has not and cannot establish that he was harmed as a result of investment activity by Allstate. Plaintiff only alleges that he was injured in his property, without alleging any connection between Allstate's investment and his alleged injury. Neither injury resulting from predicate racketeering acts nor mere reinvestment of alleged racketeering proceeds into a business activity is adequate, however, to state a claim under § 1962(a). Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 779 n. 6 (7th Cir. 1994)("the majority of circuits hold that the use or investment of the

---

[4] Although the complaint contains oblique references to the Travel Act and to extortion, there are no facts pleaded which could remotely support a bona fide claim under either theory.

racketeering income must proximately cause the plaintiff's injury; injury caused by the predicate racketeering acts is inadequate"); Fogie v. THORN Americas, Inc., 190 F.3d 889, 895 (8th Cir. 1999); Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 437 (9th Cir.1992) ("a plaintiff seeking civil damages for a violation of section 1962(a) must allege facts tending to show that he or she was injured by the use or investment of racketeering income"); Ouaknine v. MacFarlane, 897 F.2d 75, 82 (2d Cir.1990); Craighead v. E.F. Hutton & Co., 899 F.2d 485, 494 (6th Cir.1990); Rose v. Bartle, 871 F.2d 331, 356-58 (3d Cir.1989); Grider v. Texas Oil & Gas Corp., 868 F.2d 1147, 1149 (10th Cir. 1989). See also Brittingham v. Mobil Corp., 943 F.2d 297, 305 (3d Cir.1991) ("If [reinvestment] were to suffice, the use-or- investment injury requirement would be almost completely eviscerated when the alleged pattern of racketeering is committed on behalf of a corporation.... . Over the long term, corporations generally reinvest their profits, regardless of source."). Because he has alleged injury only from predicate acts, and not from the investment-use of the converted funds, plaintiff's §1962(a) claim fails.

## 2. Count IV Fails to State a Claim under 18 U.S.C. § 1962(c).

### (a) No "Enterprise" Is Pleaded.

Plaintiff's attempt to plead a claim under § 1962(c) also fails. Recovery is available under §1962(c) only for a person who is victimized by the employees or associates of an interstate enterprise that is conducted through a pattern of racketeering activity. See Bill Buck Chevrolet, Inc., 54 F. Supp. 2d at 1132. Proper pleading of an enterprise requires allegations of "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." Jennings v. Emry, 910 F.2d 1434, 1440 (7th Cir. 1990). See United States v. Turkette, 452 U.S. 576, 583, 101 S. Ct. 2524 (1981). Moreover, an enterprise:

> must be more than a group of people who get together to commit a "pattern of racketeering activity"...and more than a group of associated businesses that "are operated in concert" under the control of one family. The hallmark of an enterprise is "structure." There must be "a structure and goals separate from the predicate acts themselves"....An enterprise can be formal or informal; there need not be much structure, but the enterprise must have some continuity and some differentiation of the roles within it.

<u>Richmond v. Nationwide Cassel, L.P.</u>, 52 F.3d 640, 645 (7th Cir. 1995)(citations omitted).[5]

Plaintiff has not set forth any allegations regarding structure, continuity, or common course of conduct of any alleged associations. Consequently, plaintiff has failed to adequately allege a RICO enterprise and his RICO claims should be dismissed on that basis alone. <u>E.g.</u>, <u>Arenson v. Whitehall Conv. and Nursing Home, Inc.</u>, 880 F. Supp. 1202, 1209 (N.D. Ill. 1995) (dismissing RICO claim because plaintiffs had alleged little more than the statutory language and had not supported that conclusory statement with facts).

#### (b)    No "Pattern" of "Racketeering Offenses" Is Alleged.

Plaintiff fails to allege sufficiently predicate racketeering offenses, let alone a pattern of racketeering activities. Racketeering activity is limited to those offenses set forth in 18 U.S.C. §1961(1). The RICO statute is not to be used as a means to create federal cases out of garden-variety commercial disputes and fraud claims in the absence of racketeering activity. <u>Banco Latino Int'l v. Gomez Lopez</u>, 95 F. Supp. 2d 1327, 1333 (S.D. Fla. 2000)[6]

---

[5] <u>See Marshall v. Atlanta</u>, 195 B.R. 156, 168 (N.D. Ga. 1996)(the "existence of an enterprise consisting of an association with a common purpose and continuity of structure, distinct from the pattern of racketeering in which is allegedly has been engaged, must be alleged"); <u>Bill Buck Chevrolet</u>, 54 F. Supp. 2d at 1135; <u>Emery v. American General Finance, Inc.</u>, 134 F.3d 1321, 1324 (7th Cir. 1998)("The firm must be shown to use its agents of affiliates in a way that bears at least a family resemblance to the paradigmatic RICO case in which a criminal obtains control of a legitimate (or legitimate appearing) firm and uses the firm as the instrument of his criminality").

[6] <u>See Robert Suris Gen. Contractor Corp. v. New Metropolitan Fed. Sav. and Loan Assn.</u>, 873 F.2d 1401, 1404 (11th Cir. 1989)("'Plaintiff has taken a simple breach of contract or garden-variety fraud claim and attempted to boot-strap it into a 'federal case' by couching the allegations in [RICO] statutory language. This is not the purpose for which RICO was enacted.'"); <u>Hunter v. J. Craig Constr. Co.</u>, 51 F.3d 275, 1995 WL 141359 (7th Cir. Mar 30, 1995) ("The purpose of [the RICO pleading] requirements is to week out garden variety fraud allegations and prevent RICO from being misused as a tool wherewith a disgruntled party may exact disproportionate vengeance against his partners or associates when their business dealings turn sour"); <u>Mendelovitz v. Vosicky</u>, 40 F.3d 182, 187 (7th Cir. 1994)(a "garden variety business fraud masquerading as a RICO claim" is "just not the proper vehicle" for redress); <u>S.I.G. Food Serv. Assoc. v. Mann</u>, 27 F.3d 569, 1994 WL 260754 (7th Cir. June 14, 1994)("we must be careful to distinguish plain 'garden-variety fraud' from a 'pattern of racketeering activity' with sufficient continuity and relationship between the predicate acts to satisfy the RICO statute").

Plaintiff's efforts to establish mail fraud and wire fraud are insufficient. "Mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." Pelletier v. Zweifel, 921 F.2d 1465, 1498 (11th Cir. 1991). A RICO complaint based on mail fraud or wire fraud must allege the content of each representation and identify, by specific pleading, the acts of each individual charged. See Graue Mill Development Corp. v. Colonial Bank & Trust Co., 927 F.2d 988 (7th Cir. 1991); Ray v. Karris, 780 F.2d 636 (7th Cir. 1985); R.E. Davis Chem. Corp. v. Nalco Chemical Co., 757 F.Supp. 1499 (N.D. Ill. 1990). When multiple actors are alleged to be part of a scheme, each must be informed of the specific acts committed. P&P Marketing, Inc. v. Ditton, 746 F. Supp. 1354 (N.D. Ill. 1990). Each mailing or wire transmission alleged must be "in furtherance of the scheme." Jepson Inc. v. Makuta Corp., 34 F.3d 1321 (7th Cir. 1994). Furthermore, to establish mail fraud or wire fraud, a plaintiff must plead and prove "that the defendant held the requisite mens rea ... a conscious knowing intent to defraud" (Pelletier, 921 F.2d at 1499) and a "RICO plaintiff's allegations of scienter cannot be 'merely conclusory and unsupported by any factual allegations.'" Republic of Panama v. BOCCI Holdings, 119 F.3d 935, 949 (11th Cir. 1997); Bill Buck Chevrolet, 54 F. Supp. 2d at 1132-33.

The essence of plaintiff's claims is that Allstate paid amounts which were less than that billed by plaintiff for medical treatments to Allstate PIP insureds. Neither the mailings nor any alleged action, however, constituted or included a misrepresentation. To the contrary, the payments were accompanied by a document expressly explaining that CCN negotiated rates were applied by Allstate -- hardly fraudulent conduct or conduct indicative of fraudulent intent. There is simply nothing pleaded, beyond mere conclusory statements, upon which scienter can be based. Because the alleged mailings and transmissions served no purpose in a fraud or in a fraudulent inducement of plaintiff to provide services, they do not support a mail or wire fraud scheme. See United States v. Maze, 414 U.S. 395, 94 S. Ct. 645 (1974); United States v. Altman, 48 F.3d 96 (2d Cir. 1995); United States v. Keane, 522 F.2d 534 (7th Cir. 1975). And, as a result, the §1962(c) claim also must be dismissed. See, e.g., Richmond, 52 F.3d at 645; Bill Buck Chevrolet, 54 F. Supp. 2d at 1135; Gomez Lopez, 95 F. Supp. 2d at 1333.

9

In all events, even if racketeering activity were properly alleged, it did not occur in a "pattern" as required by the RICO statute. Sections 1962(a), (c), and (d) require a plaintiff to allege a "pattern" of racketeering in order to state a RICO claim. H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 245, 109 S. Ct. 2893 (1989); H.G. Galli more, Inc. v. Abdul, 652 F. Supp. 437, 440 (N.D. Ill. 1987). In order to establish such a pattern, plaintiff must allege at least two predicate acts which are related and continuous. H.J., 492 U.S. at 239; Bill Buck Chevrolet, 54 F.Supp. 2d at 1134. See Vicom, 20 F.3d at 779. There also must be an implicit future threat of criminal activity. Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1022 (7th Cir.1992).

The complaint fails to allege any pattern. A claim arising out of a single contract is insufficient to comply with the pattern requirement. Skycom Corp. v. Telstar Corp., 813 F.2d 810 (7th Cir. 1987). The single claim alleged by this one plaintiff, asserting the sole injury to be nonpayment of an alleged debt, also bring this complaint outside the scope of RICO's pattern requirement. Lapin Enterprises, Inc. v. Lee, 803 F.2d 322 (7th Cir. 1986).

Furthermore, the requirement that the pattern have "continuity" is also missing from the complaint. A scheme that has a single finite goal, is designed to be short-lived and has no threat of future criminal conduct does not satisfy the continuity prong of the pattern requirement. See Short v. Belleville Shoe Mfg.co., 908 F.2d 1385 (7th Cir. 1990); Olive Can Co., Inc. v. Martin, 906 F.2d. 1147 (7th Cir. 1990). Continuity can be either "open-ended" or "closed-ended." Open-ended continuity involves acts which occur over a shorter period of time but pose a threat of continuing criminal activity. V.S. Investors v. V.S. Management, Inc., 1994 WL 722035, at *2 (N.D. Ill. Dec. 29, 1994). In order to show open-ended continuity, a plaintiff must demonstrate: (1) a specific threat of repetition; (2) that the predicate acts or offenses are part of an ongoing entity's regular way of doing business; or (3) that the defendant operates a long-term association that exists for criminal purposes. Midwest, 976 F.2d at 1023. Closed-ended continuity is shown by a "series of related predicate acts 'extending over a substantial period of time'" now concluded. V.S. Investors, 1994 WL 722035, at *2 (quoting McDonald v. Schnecken, 18 F.3d 491, 497 (7th Cir. 1994)). In assessing allegations of closed-ended continuity, courts consider: (1) the number and variety of predicate acts and the length of time

10

over which they were committed; (2) the number of victims; (3) the presence of separate schemes; and (4) the occurrence of distinct injuries. Vicom, 20 F.3d at 780. See H.J., 492 U.S. at 239; Bill Buck Chevrolet, 54 F.Supp. 2d at 1134. And, courts do "not look favorably on many instances of mail and wire fraud to form a pattern." Midwest, 976 F.2d at 1025. See also Olive Can, 906 F.2d at 1151; V.S. Investors, 1994 WL 722035. at *5.

Plaintiff has not, however, alleged either closed or open-ended continuity. The Complaint contains no allegations demonstrating that there is a specific threat of repetition; that the alleged predicate acts or offenses are part of Allstate's regular way of doing business; or that Allstate operates a long-term association that exists for criminal purpose. Plaintiff includes only the bare allegation that Defendants' alleged policy and practices would continue unless halted by this Court. This unsupported contention does not satisfy a showing of continuity. See, e.g., Midwest, 976 F.2d at 1023.

### 3.    Count IV Fails to State a Claim under 18 U.S.C. § 1962(d).

Plaintiff also has failed to properly allege a §1962(d) claim. A plaintiff asserting a violation of §1962(d)  must allege that the "conspirators agreed to participate directly or indirectly in the affairs of an enterprise through a pattern of racketeering activity." United States v. Castro, 89 F.3d 1443, 1451 (11th Cir. 1996). A RICO conspiracy cannot be charged, therefore, in the absence of a properly pled substantive RICO violation. Plaintiff has failed to adequately allege RICO predicate acts, failed to allege an enterprise, and failed to allege a pattern of racketeering activity. As a result, plaintiff has not and cannot properly plead RICO conspiracy under §1962(d). See Callahan v. United States, 881 F.2d 229, 235 (6th Cir.1989).

### C.    Count IV Fails To Allege Any Cognizable Claim Of Fraud.

Simply put, the Complaint does not plead facts which would lead anyone to conclude that Allstate defrauded plaintiff or otherwise committed predicate racketeering offenses. There is no deceitful conduct by Allstate pleaded. None of Allstate's alleged actions were concealed in any way. Allstate's alleged statements, moreover, were not false. Nor has plaintiff alleged that he relied in any meaningful way to his detriment upon any alleged misstatement by Allstate.

11

In fact, there is no disputing the fact that Allstate told plaintiff exactly what it was doing and why. Allstate accompanied payments with an EOB which expressly stated that the CCN rates had been applied. Moreover, plaintiff cannot contest that he possessed information with which to independently ascertain both that the negotiated rates had been applied and the amount of the reduction -- his own billing records. There is no law which holds that payment of a bill in a reduced amount, based on an asserted contractual right, where that payment was accompanied by a written explanation, can somehow constitute fraud.

Count IV thus does not allege any "circumstances constituting fraud ... with particularity" and fails to meet the requirements of Fed. R. Civ. P. 9(b).[7] Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants against spurious charges of immoral and fraudulent behavior.' " Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988). In addition, this rule applies with equal force regardless of whether a plaintiff attempts to plead mail fraud, wire fraud or any other fraudulent conduct as a predicate act for a RICO claim. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364 (11th Cir. 1997). See also

---

[7] Rule 9 is satisfied only where the complaint sets forth "(1) precisely what statement were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud.'" Brooks, 116 F.3d at 1380-81; Vicom, 20 F.3d at 776; Harrison Enterprises, Inc. v. Moran, 1999 W.L. 1211753 (S.D. Fla., Aug. 30, 1999). Moreover, "'Cryptic statements' suggesting fraud are not enough: '[mere allegations of fraud..., averments to conditions of mind, or references to plans or schemes are too conclusional to satisfy the particularity requirements no matter how many time such accusations are repeated.'" Graue Mill, 927 F.2d at 992; Haddock v. Lamna, 775 F.2d 441, 444 (1st Cir. 1985). Additionally, in a fraud case involving multiple actors, "'the complaint should inform each [actor] of the nature of his alleged participation in the fraud.'" Vicom, 20 F.3d at 778 (quoting Divider v. Acadian Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987)); Brooks, 116 F.3d at 1380 (quoting Vicom). Courts routinely have rejected complaints that lump multiple actors together without specifying the actions taken by each of them. See, e.g., Sears v. Likens, 912 F.2d 889, 893 (7th Cir. 1990)(affirming dismissal of complaint that was "bereft of any detail concerning who was involved in each allegedly fraudulent activity" and "lump[ed] all the defendants together and [did] not specify who was involved in what activity."). See also Design Time, Inc. v. Synthetic Diamond Technology, Inc., 674 F.Supp. 1564, 1659 (N.D. Ind. 1987).

12

United States v. Cramer, 609 F.2d 126, 128 (5th Cir.1980)(explaining that the mail fraud statute "does not reject all business practices that do not fulfill expectations, nor does it taint every breach of a business contract"); McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786, 791 (1st Cir. 1990)("a breach of contract [does not] in itself constitute a scheme to defraud" under mail and wire fraud statutes).

The Complaint alleges none of these critical details with particularity. Indeed, the express allegations of the Complaint make it clear that plaintiff was not misled and could not reasonably have relied upon any alleged misstatement by Allstate. See Pelletier, 921 F.2d at 1499-1500 (when the alleged predicate act is mail or wire fraud, the plaintiff must have been the target of the scheme to defraud and must have relied to his detriment on misrepresentations made in furtherance of that scheme); Johnson Enter.of Jacksonville, Inc. v. FAL Group, Inc., 162 F.3d 1290, 1318 (11th Cir. 1998)(misrepresentations made to someone other than the plaintiff will not support RICO claim based on mail or wire fraud); Petrol, Ltd. v. Radulovic, 764 So.2d 878 (Fla. 5th DCA 2000)(failure to properly allege reliance on alleged misstatements warranted dismissal of both fraud and RICO claims). Instead, the Complaint contains only cryptic and conclusory allegations charging Allstate with vague and unsubstantiated acts of conspiracy, fraud and racketeering. Those allegations are insufficient as a matter of law.

Plaintiff has also failed to articulate with particularity the predicate acts underlying his alleged RICO violations. "A RICO claim predicated on mail or wire fraud must sketch out both the scheme to defraud and how the mail or wires furthered that scheme...A plaintiff must identify the mailings and the role they played in the fraud." Biegnet v. Wilson, 642 F. Supp. 768, 770 (N.D. Ill. 1986). See In re Cascade Int'l Secs. Litigation, 840 F. Supp. 1558, 1582 (S.D. Fla. 1993)("To maintain a RICO action, at a minimum, the plaintiffs must allege sufficient facts with enough specificity to show probable cause that the predicate acts were committed"); Bill Buck Chevrolet, supra; Harrison Enterprises, supra.

Plaintiff's flimsy mail and wire fraud allegations simply do not meet that standard. Plaintiff fails to allege how these mailings and wires could be fraudulent or could be used to

13

facilitate a fraud. The Complaint states only that Allstate sent an EOB reflecting the reductions which plaintiff contends should not have been taken. At no point in the chain of alleged events, however, did Allstate make a material misstatement or omission of fact upon which plaintiff could or did rely. Plaintiff, therefore, simply cannot meet the requirements of Rule 9(b).

**D.    In All Events, Count IV Is Not a "Short and Plain Statement of the Claim Showing That the Pleader Is Entitled to Relief."**

Rule 8(a)(2) requires that a complaint contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(e)(1) states that each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Under Rule 8, a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir.1993).

Plaintiff has improperly intertwined a prolix, vague, internally contradictory and incomprehensible claim which purports to be based on several sections of the RICO statutes, including 18 U.S.C. § 1962(a), 1962(c) and 1962(d). Plaintiff's abstruse pleading and commingling of theories, thus fails to meet the requirements of Rule 8. Fed. R. Civ. P. 8. See also Rule 12.1(1), Gen. Rules of the Southern District of Florida ("If you allege violations of more than one subsection of § 1962 [each] should be pled as a separate RICO claim.").

14

## IV.    Count V Fails To Allege A Cognizable Antitrust Claim And Must Be Dismissed.

### A.    The McCarran Ferguson Act Bars Plaintiff's Antitrust Claims.

Each of plaintiff's purported anti-trust claims fail for the simple reason that they are barred by the McCarran-Ferguson Act, 5 U.S.C. § 1012. McCarran-Ferguson was enacted to preserve the states' power to regulate the business and expressly exempts insurer activities from the antitrust laws under circumstances such as are presented here. See American Hospital & Life Ins. Co. v. Federal Trade Comm'n, 243 F.2d 719, 723 (5th Cir. 1957), aff'd sub nom. FTC v. National Cas. Co., 357 U.S. 560 (1958); Uniforce Temp. Personnel, Inc. v. Nat'l Council on Compensation Ins., 87 F.3d 1296, 1299 (11th Cir. 1996).

### B.    Plaintiff Fails To Properly Plead Antitrust Violations.

Plaintiff's abstruse pleading and commingling of antitrust theories arising under the Clayton Act as well as Sections 1 and 2 of the Sherman Act, in and of itself, requires dismissal of Count V. Fed. R. Civ. P. 8(a)(2).

Plaintiff alleges "price discrimination" as the basis for his anti-trust claims. However, 15 U.S.C. § 13, the portion of the Clayton Act known as the Robinson-Patman Act, applies only to price discrimination concerning "commodities." Insurance services are not commodities and not covered by the Act. Uniforce Temp. Personnel, Inc. v. Nat'l Council on Comp. Ins., Inc., 892 F. Supp. 1503, 1513 n.12 (S.D. Fla. 1995), aff'd 87 F.3d 1296 (11th Cir. 1996); Freeman v. Chicago Title & Trust Co., 505 F.2d 527, 530 (7th Cir. 1974). As a result, to the extent plaintiff's claim in Count V is based on §13 of the Clayton Act, it fails to state a claim and must be dismissed. See also Empire State Pharm. Society v. Empire Blue Cross & Blue Shield, 778 F. Supp. 1253, 1259 (S.D.N.Y. 1991)(imposing Rule 11 sanctions against a plaintiff for asserting a Robinson-Patman Act claim against an insurance company).

Plaintiff also fails to allege a violation of Section 1 of the Sherman Act. Plaintiff does not allege the required contract, combination or conspiracy in restraint of trade of commerce. Six Twenty-nine Prods., Inc. v. Rollins Tele., Inc., 365 F.2d 478, 484 (5th Cir. 1966) ("The essential element in a Section 1 violation ... is the existence of some kind of contract, combination or conspiracy"). In addition, plaintiff only alleges actions by Allstate, which cannot

be in a contract, combination or conspiracy with itself. Id. ("It is fundamental that at least two independent business entities are required for violation of Section 1 ..."). Further, plaintiff makes no effort to plead the manner in which Allstate's alleged actions actually restrained trade, instead proffering an inadequate, conclusory allegation that "said price discrimination practices constitute a restraint upon commerce and trade." See Gregoris Motors v. Nissan Motor Corp., 630 F.Supp. 902, 908 (E.D.N.Y. 1986) (the absence of a sufficient allegation of anticompetitive effects is fatal to the existence of the cause of action); Havoco of American, Ltd. v. Shell Oil Co., 626 F.2d 549, 554 (7th Cir. 1980). As a result, all claims contained in Count V which are based upon Section 1 of the Sherman Act must be dismissed.

Finally, plaintiff also fails to allege a violation of Section 2 of the Sherman Act. Section 2 of the Sherman Act only applies to monopolization. Plaintiff does not even use the word "monopoly" in his Complaint, let alone allege a specific interest on the part of Allstate to attempt or conspire to monopolize anything. See Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 560 (8th Cir. 1998) ("Section 2 of the Sherman Act requires a plaintiff to **plead** and prove that the defendant (1) possessed monopoly power in the relevant market and (2) willfully acquired or maintained that power as opposed to gaining it as a result of a superior product, business acumen, or historical accident." (internal citations omitted; emphasis added)). Thus, plaintiff's failure to plead the existence of a "monopoly" requires all claims based upon Section 2 of the Sherman Act be dismissed.[8]

---

[8] Plaintiff also fails to allege the necessary "anti-trust injury, which is to say the type of injury the anti-trust laws were designed to prevent." Brunswick Corp. v. Pueblo Bowl-O-Matic, 429 U.S. 477, 489 (1977). Only an injury to "competition" can constitute an anti-trust injury. E.g., Stewart Glass & Mirror, Inc. v. U.S. Glass Discount Centers, 200 F.3d 307, 312 (5th Cir. 2000). Harm which merely flows from the breach of a contract, such as that alleged here, cannot constitute an anti-trust injury. E.g., UNR Indus. v. Continental Ins. Co., 607 F. Supp. 855, 850-61 (N.D. Ill. 1984). See also Apperson v. Fleet Carrier Corp., 879 F.2d 1344, 1362 (6th Cir. 1989)("[t]he essential flaw in Plaintiff's argument...is that their alleged injuries [are] in the 'nature' of contract damages"); McDonald v. Johnson & Johnson, 722 F.2d 1370, 1377 (8th Cir. 1983)("injuries to plaintiffs flowed from the alleged fraud and breach of contract, not from suppressed competition").

## V.    Count VI Fails To State A Viable Claim And Must Be Dismissed.

Count VI, styled "Declaratory Judgment," in effect asks this Court to declare that Allstate's conduct, as alleged in connection with the various and sundry theories asserted elsewhere in the Complaint, is "wrong." Count VI is, at best, redundant, provides no basis for independent declaratory relief against Allstate, and must be dismissed. See Fed.R.Civ.P. 12(f).

## VI.    Count VII Fails To Allege Any Cognizable Violation Of The Florida PIP Statute

Dr. Zidel cannot plead a viable claim under Florida Statute §627.736(10). In the Park Place Doctors Action, the district court dismissed claims brought against Allstate by Dr. Zidel and others pursuant to Subsection (10). In its order, a copy of which is attached hereto, the district court correctly concluded the statute does not allow for a private cause of action against Allstate. Op. at p. 6. The decision in the Park Place Doctors Action is conclusively binding on Dr. Zidel, who was a party to that case. See Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990)(the doctrine of res judicata precludes a subsequent suit on claims which were raised, or which could have been raised, in a prior suit); Aquatherm Indus., Inc. v. Florida Power & Light Co., 84 F.3d 1388, 1394-95 (11th Cir. 1996)(Florida law requires plaintiffs to "raise all available claims involving the same circumstances in one action"); Tuma v. Dade County Public Schools, 989 F. Supp. 1471, 1473 n.2 (S.D. Fla. 1998)(res judicata means previous parties to an action, including those in privity with them, are barred from relitigating issues that were or could have been raised in the initial action). Dr. Zidel's attempt to reassert claims under Subsection 10 is thus barred by res judicata and Count VII must be dismissed.

Even if it were not conclusively binding, the decision in the Park Place Doctors Action illustrates the proper analysis for this claim. The statute is a regulatory provision, subject to enforcement by the Commissioner of Insurance, and does not authorize any private right of action. See Florida Stat. §624.155 (expressly providing that private civil actions may be brought against insurers for violations of several enumerated statutory sections, not including

17

§627.736(10)).  Nor is there any basis upon which to conclude that the legislature intended to provide for an implied private cause of action.[9]

In the Park Place Doctors Action, the district court dismissed claims brought against Allstate by Zidel and others pursuant to Subsection (10).  The district court held that the statute regulates those insurers who offer a "preferred provider" policy, but does require any insurer to do so.  Op. at p. 5.  Since Allstate does not offer a "preferred provider" policy, the court correctly concluded the statute does not apply to Allstate.  Id.  In addition, the court held that the statute is not intended to benefit medical providers, that medical providers are not within the class of persons the statute was enacted to protect, and that the provider's allegations of a violation of the statute did not state a cause of action.  Op. at p. 6.  Consequently, the Court correctly concluded that no private right to bring such a cause of action exists.  Id.  As a result, plaintiff's claim fails and Count VII must be dismissed.  See also Murthy v. N. Sintha Corp., 644 So.2d 983, 985-86 (Fla. 1994)(no private cause of action may be maintained where neither a statute on its face nor the legislative history reveal an intent by the legislature to provide for a private right of action).

---

[9] The provisions of Florida Statute §627.736(10) govern conduct in the sale of insurance policies by insurance companies to their insureds.  The purpose of §627.736(10) is to protect insureds from harm as a result of actions by insurance companies deemed inappropriate.  Plaintiff is not an insured and thus is not in the class of persons the statute would be deemed to have intended to protect.  Consequently, to the extent that any private right of action were determined to exist under the statute, it would not be available to plaintiff.  See Fischer v. Metcalf, 543 So. 2d 785, 788 3d DCA 1989)(noting that a private cause of action is to be implied, if at all, only for a plaintiff who is "one of the class for whose especial benefit the statute was enacted").

18

## Conclusion

As one commentator has stated, while "many providers have expressed outrage against what they have variously characterized as unethical to fraudulent behavior on the part of network organizations, the reality is that all too often the provider has signed an agreement without the proper due diligence as to the value to be received. 'Contracting provider beware' may well be the watchphrase for hospitals in the 1990s." Dickerson, Preferred Provider Organizations vs. Non-Directed Networks: A Provider Dilemma, Federation of American Health Systems (1998).

Plaintiff's claims amount to nothing more than a simple payment dispute. For the foregoing reasons, therefore, Allstate Insurance Company respectfully requests that this Court enter an Order dismissing Counts II, III, IV, V, VI, and VII of the Amended Class Action Complaint, with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this **17TH** day of November, 2000.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave.. Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Allstate Insurance Company

DAVID B. SHELTON
Florida Bar No. 0710539
Rumberger, Kirk & Caldwell
P.O. Box 1873
Orlando. Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate Insurance Company

SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL 33394
Attorney for Plaintiff

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Attorney for Plaintiff

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
Attorney for Plaintiff

Eric Lee
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Attorney for Defendant, CCN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 00-CIV-6269-DIMITROULEAS

DRS. MARTIN MAY, ALAN LAZAR,
MARTIN HALE, JOEL RUSH,
PAUL ZIDEL, RICHARD LINN,
RICHARD BERKOWITZ,
DOUGLAS STRINGHAM,
ANDREW ELLOWITZ, ALAN NOVICK,
DEBRA WEISS and NEIL SCHECHTER,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

_____/

### DEFENDANT, ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

Defendant, Allstate Insurance Company ("Allstate"), hereby submits this Memorandum of

Law in Opposition to the Motion for Remand filed in the above-entitled matter by Plaintiffs, Drs.

Martin May, Alan Lazar, Martin Hale, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz,

Douglas Stringham, Andrew Ellowitz, Alan Novick, Debra Weiss and Neil Schechter.

### DEFENDANT, ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

A.    Allstate Timely Filed The Removal Status Report

This Court's February 25, 2000 Order, a copy of which is attached to Plaintiffs' Motion

for Remand, states that Allstate was to file and serve its Removal Status Report within 10 days of

the February 25, 2000 Order. By Plaintiffs' admission, Allstate's Removal Status Report was

EXHIBIT "A"

filed with this Court on March 10, 2000. (Motion for Remand, p. 3.)  Rule 6(a) of the Federal

Rules of Civil Procedure, Fed. R. Civ. P. 6(a), provides, in pertinent part, that "[w]hen the period

of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal

holidays shall be excluded in the computation."  Thus, pursuant to Rule 6(a), the Removal Status

Report was due on March 10, 2000, the day it was filed.

B.    The Amount In Controversy Satisfies The Jurisdictional Requirement

With respect to the amount in controversy[1], and as stated in Allstate's Notice of Removal,

jurisdiction should be found to exist unless it appears "to a legal certainty that the claim is really

for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303

U.S. 283, 288-89 (1938); *Indianer v. Franklin Life Ins. Co.*, 113 F.R.D. 595, 598-99 (S.D. Fla.

1986).  Moreover, where the Complaint alleges only that the damages exceed the jurisdictional

minimum of the state court in which the action was originally filed, diversity jurisdiction will

nevertheless be found to exist if a reasonable reading of the Complaint discloses that the amount

in controversy does in fact exceed that required by Section 1332.  *Baker v. Firestone Tire and

Rubber Co.*, 537 F.Supp. 244, 246-47 (S.D. Fla. 1982); *Estevez-Gonzales v. Kraft, Inc.*, 606

F.Supp. 127, 129 (S.D. Fla. 1985).

---

[1]    In determining the amount in controversy, statutory penalties are included (*Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975); *Pardue v. River Thames Ins. Co.*, 651 F.Supp. 143, 144 (M.D. La. 1986) (mandatory penalty under state statute for non-payment of insurance claim is included in determining the amount in controversy), as are attorney's fees where provided by contract or statute. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981 (Unit A)); *Clark*, 518 F.2d at 1168.

2

Under *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)[2],

Allstate must simply show, by a preponderance of the evidence, that the amount in controversy,

more likely than not, exceeds the jurisdictional requirement.    Indeed, the *Tapscott* court

specifically recognized, in situations where unspecified damages are sought, that "a lower burden

of proof is warranted because there is simply no estimate of damages to which a court may

defer." *Id.*

This case satisfies the amount in controversy requirement. As alleged in the Complaint,

Plaintiffs are engaged together in the practice of medicine under the names "Park Place

Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation," through which they submit

claims to Allstate for payment on behalf of persons insured by Allstate for personal injury

protection ("PIP") benefits, and receive payment from Allstate for such claims in amounts

"substantially less than [Allstate] is statutorily and contractually obligated to pay," reflected on

"Explanations of Benefits" issued by Allstate. (Complaint, ¶¶ 4, 7-10; see also the Affidavit of

David Shelton ("Shelton Aff."), attached hereto as Exhibit 1.)

The representative "Explanation of Benefits" forms ("EOBs") provided by Plaintiffs'

counsel (copies attached as Exhibit A to the Affidavit of David Shelton), as well as additional

---

[2]    Allstate cited *Tapscott* in its Notice of Removal, along with *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). The *Tapscott* court relied on *McNutt* for the proposition that a defendant can remove upon a showing of facts supporting jurisdiction by a preponderance of the evidence, despite the fact that *McNutt* was a case where the nominal plaintiff filed originally in federal court and it was the defendant arguing that the amount in controversy of $3,000 was not present. 298 U.S. at 181.

3

information garnered by Allstate since the inception of this suit, show that the amount in controversy in this action "more likely than not" exceeds the jurisdictional limits. Plaintiffs are pursuing claims in this action based on the payment by Allstate of medical bills submitted by "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation," registered fictitious names under which Ortho-Associates, P.A., a Florida corporation, does business.[3] (Shelton Aff., ¶¶6-7.)[4]

Plaintiffs do not allege that they seek any relief based on independent billings to Allstate or payments by Allstate to any entity or person except "Park Place Therapeutic Center." They have not alleged that they individually submitted claims, nor do the EOBs produced by their counsel contain any indication that the submissions were made on behalf of any person or entity other than "Park Place Therapeutic Center." As is reflected on the representative EOBs forwarded by Plaintiffs' counsel, Allstate made all payments on claims submitted by Plaintiffs on behalf of "Park Place Therapeutic Center," not the individual Plaintiffs. Allstate made those payments to "Park Place Therapeutic Center," not to the individual Plaintiffs. (Shelton Aff., ¶¶3-4). "Park Place Therapeutic Center" and Ortho-Associates, P.A. both use the same taxpayer identification number ("TIN"), 65-0435831, and address. (Shelton Aff., ¶¶4, 6-7.)

---

[3]   Indeed, three of the Plaintiffs in this action, Martin Hale, Alan Lazar and Martin May, are on the board of Ortho-Associates, P.A. (Shelton Aff., ¶6.)

[4]   Subject to further investigation, it may be appropriate for Allstate to move to join Ortho-Associates, P.A. d/b/a Park Place Therapeutic Center as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

A review of billings by "Park Place Therapeutic Center," TIN 65-0435831, during the period from March 1, 1999 to February 29, 2000, reveals a total of $566,568.86. (Shelton Aff., ¶8.) The amount of reductions taken during that period by Allstate, based on Allstate's belief and understanding that Plaintiffs had agreed to accept reduced payments, totals $227,054.00. (Shelton Aff., ¶8.)

Because the record of payments indicates that the amount of reductions, $227,054.00, far exceeds the $75,000 threshold, there is sufficient evidence that the amount in controversy "more likely than not" exceeds the jurisdictional limits. The *Tapscott* test does not require an "exact" amount.[5] Even without considering attorney's fees, which are claimed by Plaintiffs and would properly be a part of the amount in controversy, these facts adequately demonstrate that the amount in controversy here "more likely than not" exceeds $75,000.00.

Because the amount in controversy arises in connection with bills issued by and payments made to a single entity, "Park Place Therapeutic Center," there is no issue about "combining" or "aggregating" damage claims of separate plaintiffs. However, assuming, *arguendo*, that there is an "aggregation" issue presented, aggregation is clearly appropriate. In *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40-41, 32 S.Ct. 9, 56 L.Ed. 81 (1911), the Supreme Court set down the rule for aggregations of claims:

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is

---

[5]    Florida's PIP statute requires insurers to pay "eighty percent of all reasonable expenses for necessary medical, surgical, X-ray, dental, and rehabilitative services." Section 627.736(1)(a), Florida Statutes. Even if the reduced portion of Plaintiffs' bills ($227,054.00) was paid at 80%, the amount would far exceed the jurisdictional amount.

enough if their interests collectively equal the jurisdictional amount.

A "common and undivided interest" is present "if [in the event that] one plaintiff cannot and does not collect his share, the shares of the other remaining plaintiffs are increased." *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983).

In *Tapscott, supra*, the Eleventh Circuit Court of Appeals further explained that a "common interest" is present when the remedies sought are "for the benefit of the group rather than vindication of individual rights." 77 F.3d at 1359 n.14. Moreover, multiple plaintiffs are considered to have a "common interest" in an award, if a defendant is disinterested in how a potential remedy is distributed among the plaintiffs. *Id.* In the instant matter, the essence of Plaintiffs' claims is that Allstate was not entitled to <u>any</u> reduction in payments and, as such, the remedies that are sought are intended to benefit the entire group, as opposed to vindicating the individual rights of any single Plaintiff. Additionally, in the event that Plaintiffs should ultimately prevail on their claims, Allstate would be wholly indifferent regarding the distribution of any award among the Plaintiffs.

As stated above, the course of conduct has always been for Allstate to simply remit its payment to a single entity, "Park Place Therapeutic Center," for subsequent distribution among the individual providers. In other words, the Plaintiffs collectively billed these amounts together as "Park Place Therapeutic Center" and the disputed amounts were paid to a single TIN belonging to both "Park Place Therapeutic Center" and Ortho-Associates, P.A. The Plaintiffs in this lawsuit do not have separate and distinct demands. In fact, since the amounts sought are pursuant to payments made to a single TIN, the absence of one or more of the individual Plaintiffs would not impact the amount of recovery, if any. Under the rules of aggregation,

6

Plaintiffs cannot, on the one hand, sue on bills submitted to and payments made by Allstate under a single, common TIN belonging to a Florida corporation and then, in an attempt to defeat diversity jurisdiction, be permitted to argue that for purposes of the amount in controversy the disputed payment amounts cannot be aggregated because they are suing in their individual names.

The circumstances in the instant matter are analogous to those involved in a shareholders' derivative action, in which one or more shareholders bring suit on behalf of the corporation. In such an action it is the corporation, rather than the complaining shareholder, that is the real party in interest and, as such, the jurisdictional amount is properly measured by the alleged damage sustained by the corporation. *Bernstein v. Levenson*, 437 F.2d 756, 757 (4th Cir. 1971); *see generally, Koster v. Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 67 S.Ct. 828 (1947). Therefore, even though an individual stockholder's *pro rata* share of damages may not satisfy the jurisdictional amount, the proper test is whether or not the alleged damages to the corporation exceeds the jurisdictional amount. In the instant matter, it is undisputed that the payments by Allstate were made to a single entity, "Park Place Therapeutic Center," with a single TIN. Any claim that Allstate was not entitled to make reductions in payments, therefore, is a claim that Allstate was not entitled to make reductions in payments to this corporate entity. Because the amount of reduced payments by Allstate to "Park Place Therapeutic Center" totals $227,054.00, the amount in controversy exceeds $75,000.00 and federal jurisdiction properly exists. Accordingly, this case was properly removed and Plaintiffs' Motion for Remand should be denied.

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished by U.S. Mail

to Lawrence M. Kopelman, Esq., Kopelman & Blankman, P.A., One Financial Plaza, Nations

Bank Building, Suite 1611, Ft. Lauderdale, FL 33394 this $\underline{5}^{TH}$ day of April, 2000.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 920-7241
Attorneys for Defendant

LORI J. CALDWELL
Florida Bar No. 0268674
DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
A Professional Association
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Defendant

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 00-CIV-6269-DIMITROULEAS

DRS. MARTIN MAY, ALAN LAZAR,
MARTIN HALE, JOEL RUSH,
PAUL ZIDEL, RICHARD LINN,
RICHARD BERKOWITZ,
DOUGLAS STRINGHAM,
ANDREW ELLOWITZ, ALAN NOVICK,
DEBRA WEISS and NEIL SCHECHTER,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

_____/

## AFFIDAVIT

BEFORE ME, the undersigned authority, this day personally appeared the Affiant, David B. Shelton, who after being first duly sworn, deposes and says:

1.    I am the attorney of record for Defendant, Allstate Insurance Company ("Allstate"), in this case. This affidavit is based on my own personal knowledge.

2.    This case involves claims that Allstate has improperly paid personal injury protection (PIP) insurance benefits under its automobile insurance policies based on Plaintiffs' agreements with Community Care Network, Inc. ("CCN"). The complaint alleges that the Plaintiffs were engaged in the practice of medicine in Broward County, Florida under the names of Park Place Therapeutic Center and Park Place Orthopaedics and Rehabilitation. (¶ 4.) Plaintiffs further allege that they provided medical treatment to Allstate's insureds (¶ 8), that Allstate paid less than it was obligated to pay under its contract and Florida law (¶ 9), and that

EXHIBIT "1"

the reductions would be reflected on Explanation of Benefits forms (EOBs) prepared by Allstate and sent to Plaintiffs. (¶ 10.)

3.    I have had numerous conversations with Plaintiffs' counsel, Larry Kopelman, regarding this matter. I asked Mr. Kopelman for representative EOBs that were sent by Allstate to Plaintiffs. Attached hereto as composite Exhibit "A" are representative EOBs forwarded to me by Mr. Kopelman, which he marked 1-18. With one exception, the EOBs reflect that Allstate made payments under the following terms: "FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS WITH CCN."

4.    The EOBs attached as Exhibit "A" further reflect that Allstate made payment to Park Place Therapeutic Center at an address of P.O. Box 16270, Plantation, Florida 33318. The EOBs reflect a taxpayer identification number ("TIN") (a/k/a federal employer identification number or FEI) for Park Place Therapeutic Center of 65-0435831.

5.    I have reviewed many of the bills which correspond to the EOBs forwarded by Mr. Kopelman. Copies of such bills are attached as composite Exhibit "B." Each is marked with the number corresponding to its EOB. In box 17a, the bills list "TAX # 65-0435831." In box 32, the bills identify the name of facility where services were rendered as Park Place Therapeutic. In box 33, the bills list the billing name and address as Park Place Therapeutic Center, P.O. Box 16270, Plantation, Florida 33318.

6.    I reviewed the on-line records of the Florida Division of Corporations for information regarding TIN 65-0435831. I discovered that the TIN is registered to a Florida corporation by the name of Ortho-Associates, P.A. (herein "corporation"). A copy of the inquiry report is attached hereto as Exhibit "C." The corporation lists a physical address of 301 N.W.

2

84th Avenue, Plantation, Florida 33324 and a mailing address of P.O. Box 16270, Plantation, Florida 33318, the same mailing address as on the EOBs. A search of the corporation's officers and directors shows that the board consists of Jay Knight and Drs. Martin Hale, Alan Lazar and Martin May. A copy of the inquiry report is attached as Exhibit "D."

7.      Further inquiry shows that the corporation is registered to use two fictitious names: Park Place Therapeutic Center and Park Place Orthopaedics and Rehabilitation. The inquiry reports are attached hereto as Exhibits "E" and "F" respectively. The reports show the address for Park Place Therapeutic Center as 301 N.W. 84th Avenue, Plantation, Florida 33324 and for Park Place Orthopaedics & Rehabilitation as P.O. Box 16270, Plantation, Florida 33318. Park Place Therapeutic Center lists an FEI of 650435831. There is no FEI listed for Park Place Orthopaedics & Rehabilitation.

8.      At my and Allstate's request, CCN conducted an audit of its computer records to determine the amount of billings submitted by TIN 65-0435831 for payment by Allstate and the amount of the reductions between March 1, 1999 and February 29, 2000 authorized by and based on CCN's contract with this provider. The audit was forwarded to me and shows that total bills processed for TIN 65-0435831 were $566,568.86. The audit further shows that the total amount of the reductions applied to these billings based on CCN's contract was $227,054.00. The last page of the audit which shows the totals is attached hereto as Exhibit "G."

FURTHER AFFIANT SAYETH NAUGHT.

3

_(signature)_

David B. Shelton

STATE OF FLORIDA)
COUNTY OF ORANGE)

Sworn to and subscribed before me this _5_ th day of _April_ , 2000, by
David B. Shelton, who is personally known to me.

_(signature)_

Notary Public, State of Florida

_____
Name of Notary
Typed, Printed or Stamped

BARBARA ANN LOUV
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # CC867449
EXPIRES 8/30/2003
BONDED THRU ASA 1-888-NOTARY1

_____
Serial number, if any

4

EXHIBIT "A"

**Allstate**
You're in good hands.

FT LAUD S. CNTRLZD PIP
13650 N.W. 8TH ST. SUITE 109
SUNRISE FL 33325

## EXPLANATION OF MEDICAL BILL PAYMENT

Date: 06/16/1999
Bill Received Date: 05/27/1999
Claim #: 3974394291-01
File Handler: 3EX
Invoice #: 208834-0
Eligible Injured Person: MARVALEE ROBINSON
Treatment Rendered By: PARK PLACE THERAPUTIC CEN
Provider Specialty: GENERAL PRACTICE MD (GP)
TIN: 65-0435831

Service Provided For:
MARVALEE ROBINSON
7320 NW 1ST COURT
PLANTATION FL  33317-2257

Diagnosis Codes
847.0   NECK SPRAIN
724.2   LUMBAGO

847.2    LUMBAR SPRAIN      *Billed $395.*

| Date Of Service(s) From | Thru | Code/Modifier | Procedure Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 04/08/99 | 04/08/99 | 99204 | OFFICE/OUTPATIENT VISIT, | 1.00 | $ 316.00 | $ 316.00 | |
| 04/08/99 | 04/08/99 | 72040 | X-RAY EXAM OF NECK SPINE | 1.00 | $ 76.00 | $ 76.00 | |
| 04/08/99 | 04/08/99 | 72100 | X-RAY EXAM OF LOWER SPIN | 1.00 | $ 88.00 | $ 88.00 | |
| 04/26/99 | 04/26/99 | 99214 | OFFICE/OUTPATIENT VISIT, | 1.00 | $ 180.00 | $ 180.00 | |

Total:                                                      $    660.00     660.00

*Billed at $95*
*Billed at $110*

Eligible Amount Based on  80% Coverage             $       528.00
Less Remaining Policy Deductible                   $       528.00
Covered Amount After Deductible                    $         0.00

Deductible applied to date $        528.00 from deductible limit of $     2000.00

*Billed at $225*

If you have any questions about this claim, please contact your file handler,
WILLIAM DODSON at (954) 846-7203

Copy(s) of this Explanation of Benefits has been sent to:
MARVALEE ROBINSON, 7320 NW 1ST COURT, PLANTATION, FL, 33317-2257
PARK PLACE THERAPUTIC CENTER ●, P O BOX 16270, PLANTATION, FL, 33318



**Allstate Indemnity Company**
FT LAUD S. CNTRLZD PIP
13650 N.W. 8TH ST. SUITE 109
SUNRISE, FL 33325

**Allstate**
You're in good hands.

## EXPLANATION OF MEDICAL BILL PAYMENT

Service Provided For:
ANDRES HINCAPIE
3151 SW 22 ST
FT LAUDERDALE FL   33312

Date: 06/22/1999
Bill Received Date: 05/20/1999
Claim #: 3974640628-04
File Handler: 3EE
Invoice #: 208866-0
Eligible Injured Person: ANDRES HINCAPIE
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: GENERAL PRACTICE MD (GP)
TIN: 65-0435831

Diagnosis Codes
840.4    ROTATOR CUFF (CAPSULE) SPRAIN

| Date Of Service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 05/11/99 | 05/11/99 | 73220 | MAGNETIC IMAGE, ARM, HAN | 1.00 $ | 476.41 $ | 476.41 | — Billed at $1200 |
| Total: | | | | $ | 476.41 $ | 476.41 | |

| | | |
|---|---|---|
| Eligible Amount Based on  80% Coverage | $ | 381.13 |
| Less Remaining Policy Deductible | $ | 381.13 |
| Covered Amount After Deductible | $ | 0.00 |

Deductible applied to date $       520.77 from deductible limit of $       2000.00

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S
AGREEMENT WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO
THE DIFFERENCE BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN
BELOW) AND THE CCN CONTRACTED FEE, WHICH APPEARS IN THE BILLED
AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
LINDA ROARY-EDWARDS at (954) 846-7366

Copy(s) of this Explanation of Benefits has been sent to:
ANDRES HINCAPIE, 3151 SW 22 ST, FT LAUDERDALE, FL, 33312
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318



990622001711841 0000091

2



Allstate Indemnity Company
PT LAUD S. CNTRLZD PIP
13650 N.W. 8TH ST. SUITE 109
SUNRISE FL 33325

**Allstate**
You're in good hands.

## **EXPLANATION OF MEDICAL BILL PAYMENT**

Date: 06/08/1999
Bill Received Date: 05/26/1999
Claim #: 3974672183-01
File Handler: 3EE
Invoice #: 117106-0
Eligible Injured Person: LISA SARWAR
Treatment Rendered By: PARK PLACE THERAPUTIC CEN
Provider Specialty: GENERAL PRACTICE MD (GP)
TIN: 65-0435831

Service Provided For:
LISA SARWAR
9633 RIVERSIDE DR E5
CORAL SPRINGS FL  33071

---

Diagnosis Codes
723.1   CERVICALGIA                           724.2   LUMBACO

*Billed at $125*

| Date Of service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 05/13/99 | 05/13/99 | 97001 | PT EVALUATION | 1.00 $ | 63.56 $ | 63.56 | |
| Total: | | | | $ | 63.56 $ | 63.56 | |

Eligible Amount Based on  80% Coverage        $        50.85
Less Remaining Policy Deductible .            $        50.85        *61.44*
Covered Amount After Deductible               $         0.00

Deductible applied to date $     50.85 from deductible limit of $     2000.00

Additional Information:
"FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
FEE, WHICH APPEARS IN THE 'BILLED AMOUNT' COLUMN."

If you have any questions about this claim, please contact your file handler,
LINDA ROARY-EDWARDS at (954) 846-7366

Copy(s) of this Explanation of Benefits has been sent to:
LISA SARWAR, 9633 RIVERSIDE DR E5, CORAL SPRINGS, FL, 33071
PARK PLACE THERAPUTIC CENTER ©, P O BOX 16270, PLANTATION, FL, 33318

ALLSTATE INSURANCE COMPANY
FT LAUD S. CNTRL2D PIP
HOSO N.W. 8TH ST. SUITE 109
SUNRISE FL 33325



## EXPLANATION OF MEDICAL BILL PAYMENT

Service Provided For:
KIMBERLY ABBATE
11911 NW 34TH PLACE
SUNRISE FL 33323

Date: 02/23/2000
Bill Received Date: 07/26/1999
Claim #: 3974554779-02
File Handler: BBS
Invoice #: 115268-0
Eligible Injured Person: KIMBERLY ABBATE
Treatment Rendered By: PARK PLACE THERAPUTIC CEN
Provider Specialty: CLINIC OR GROUP PRACTICE,
TIN: 65-0435831

Diagnosis Codes
347.2   LUMBAR SPRAIN

| Date Of Service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 07/20/99 | 07/20/99 | 99214 | OFFICE/OUTPATIENT VISIT, | 1.00 $ | 316.00 $ | 316.00 | |
| 07/20/99 | 07/20/99 | MISCL-IT | MISCELLANEOUS | 1.00 $ | 12.67 $ | 12.67 | |

Total:                                              $      328.67 $      328.67

Eligible Amount Based on 80% Coverage          $    265.47
Interest paid at 100% (Deductible does not apply to it)

Modifier Code(s):
IT  Interest Payment

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S
AGREEMENTS WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE
DIFFERENCE BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN
CONTRACTED FEE, WHICH APPEARS IN THE "BILLED AMOUNT" COLUMN.

If you have any questions about this claim, please contact your file handler,
STEPHANIE SHURTZ at (954) 846-7212

Payment for $      265.47 was made on 02/23/2000 to:
PARK PLACE THERAPUTIC CENTER @

Copy(s) of this Explanation of Benefits has been sent to:
KIMBERLY ABBATE, 11911 NW 34TH PLACE, SUNRISE, FL, 33323
PARK PLACE THERAPUTIC CENTER @, P O BOX 16270, PLANTATION, FL, 33318

00072300229188l 8004867

**Allstate**
You're in good hands.

*ALLSTATE INSURANCE COMPANY*
*FT LAUD S CNTRLZD PIP*
*13650 N.W. 6TH ST. SUITE 109*
*SUNRISE FL 33325*

### EXPLANATION OF MEDICAL BILL PAYMENT

Date: 02/14/2000
Bill Received Date: 01/31/2000
Claim #: 3974908074-01
File Handler: 3MC
Invoice #: 021553-4
Eligible Injured Person: DEBORAH MEEKS
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: GENERAL PRACTICE MD (GP)
TIN: 65-0435831

Service Provided For:
DEBORAH MEEKS
4179 SW 87 TERRACE
DAVIE FL   33328

Diagnosis Codes
842.00  SPRAIN OF UNSPECIFIED SITE OF WRIST        842.13  SPRAIN OF INTERPHALANGEAL (JOINT) OF HA

| Date of Service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 01/04/00 | 01/04/00 | 73721 | MRI, LOWER EXTREMITY JOI | 1.00 $ | 446.63 $ | 446.63 | |
| Total: | | | | $ | 446.63 $ | 446.63 | |

Eligible Amount Based on 80% Coverage        $     357.30

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL BILL SERVICE PROVIDER'S
AGREEMENTS WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED
TO THE DIFFERENCE BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN
BELOW) AND THE CCN CONTRACTED FEE, WHICH APPEARS IN THE
BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
EMMA MCKENZIE at (800) 598-0915

Payment for $    357.30 was made on 02/14/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
DEBORAH MEEKS, 4179 SW 87 TERRACE, DAVIE, FL, 33328
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318

0002140037838A1 0002516
0018 0027

5



ALLSTATE INSURANCE COMPANY
FT LAUD S. CNTRLZD PIP
13650 N.W. 8TH ST. SUITE 109
SUNRISE FL 33325

## EXPLANATION OF MEDICAL BILL PAYMENT

Service Provided For:
LINDA LEMOS
11705 STRAND WAY
COOPER CITY FL  33026

Date: 02/14/2000
Bill Received Date: 01/24/2000
Claim #: 3974876321-04
File Handler: 3MC
Invoice #: 212480-0
Eligible Injured Person: LINDA LEMOS
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: SURGERY, ORTHOPEDIC MD
TIN: 65-0435831

Diagnosis Codes
847.0  NECK SPRAIN                              847.1    THORACIC SPRAIN
847.2  LUMBAR SPRAIN

| Date Of Service (s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | | Covered Amount | Reason Code (s) |
|---|---|---|---|---|---|---|---|---|
| 01/19/00 | 01/19/00 | E0215 | ELECTRIC HEAT PAD MOIST | 1.00 | 72.00 | $ | 72.00 | |
| 01/19/00 | 01/19/00 | 99204 | OFFICE/OUTPATIENT VISIT. | 1.00 | 89.73 | $ | 89.73 | |
| 01/19/00 | 01/19/00 | 72050 | X-RAY EXAM. CERVICAL SPI | 1.00 | 43.81 | $ | 43.81 | |
| 01/19/00 | 01/19/00 | 72110 | X-RAY LOWER SPINE. COMPL | 1.00 | 49.55 | $ | 49.55 | |
| 01/19/00 | 01/19/00 | 72070 | X-RAY EXAM, THORACIC SPI | 1.00 | 35.00 | $ | 35.00 | |
| 01/19/00 | 01/19/00 | L1030 | LUMBAR BOLSTER PAD | 1.00 | 52.00 | $ | 52.00 | |
| 01/19/00 | 01/19/00 | E0943 | CERVICAL PILLOW | 1.00 | 52.00 | $ | 52.00 | |

Total:                                                    $    399.09  $    299.09

Eligible Amount Based on 100% Coverage              $    399.09

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
EMMA MCKENZIE at (800) 998-0915

Payment for $    399.09 was made on 02/14/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
LINDA LEMOS. 11705 STRAND WAY, COOPER CITY, FL. 33026.
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318



**Allstate**
You're in good hands.

ALLSTATE INSURANCE COMPANY
PT LAUD S. CNTRLZD MIF
13654 N.W. 8TH ST, SUITE 109
SUNRISE FL 33335

## EXPLANATION OF MEDICAL BILL PAYMENT

Date: 02/14/2000
Bill Received Date: 01/24/2000

Service Provided For:
SHANNON LEMOS
11705 STRAND WAY
COOPER CITY FL   33026

Claim #: 3974876321-03
File Handler: 3MC
Invoice #: 212481-0
Eligible Injured Person: SHANNON LEMOS
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: SURGERY, ORTHOPEDIC MD
TIN: 65-0435831

Diagnosis Codes
847.0   NECK SPRAIN                                     847.2   LUMBAR SPRAIN

| Date of Service(s) | | Procedure | | Units | Billed Amount | | Covered Amount | Reason Code(s) |
| From | Thru | Code/Modifier | Description | | | | | |
|---|---|---|---|---|---|---|---|---|
| 01/19/00 | 01/19/00 | 99204 | OFFICE/OUTPATIENT VISIT, | 1.00 $ | 89.73 | $ | 89.73 | |
| 01/19/00 | 01/19/00 | 72050 | X-RAY EXAM. CERVICAL SPI | 1.00 $ | 48.81 | $ | 48.81 | |
| 01/19/00 | 01/19/00 | 72110 | X-RAY LOWER SPINE. COMPL | 1.00 $ | 49.55 | $ | 49.55 | |
| 01/19/00 | 01/19/00 | L1030 | LUMBAR BOLSTER PAD | 1.00 $ | 52.00 | $ | 52.00 | |
| 01/19/00 | 01/19/00 | E0943 | CERVICAL PILLOW | 1.00 $ | 52.00 | $ | 52.00 | |
| 01/19/00 | 01/19/00 | E0215 | ELECTRIC HEAT PAD MOIST | 1.00 $ | 72.00 | $ | 72.00 | |

Total:                                                    $   364.09  $   364.09

Eligible Amount Based on 100% Coverage            $      364.09

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
EMMA MCKENZIE at (800) 998-0915

Payment for $    364.09 was made on 02/14/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
SHANNON LEMOS, 11705 STRAND WAY, COOPER CITY, FL, 33026
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318



ALLSTATE INDEMNITY COMPANY
ORLANDO
485 N. KELLER RD., STE 200
MAITLAND FL 32751

Allstate
You're in good hands.

### EXPLANATION OF MEDICAL BILL PAYMENT

Service Provided For:
LILLIE ERVIN
3270 NW 18 CT
FT LAUDERDALE FL 33311-4312

Date: 02/14/2000
Bill Received Date: 02/03/2000
Claim #: 3974818018-01
File Handler: 3RS
Invoice #: 211504-0
Eligible Injured Person: LILLIE ERVIN
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: PHYSICAL MEDICINE AND REH
TIN: 65-0435831

Diagnosis Codes
726.2   OTHER AFFECTIONS OF SHOULDER REGION, NO

| Date Of Service(s) | | Procedure | | | Billed | Covered | Reason |
| From | Thru | Code/Modifier | Description | Units | Amount | Amount | Code(s) |
| 01/24/00 | 01/24/00 | 99213-25 | OFFICE/OUTPATIENT VISIT, | 1.00 $ | 34.03 | $ 34.03 | |
| 01/24/00 | 01/24/00 | J0702 | BETAMETHASONE ACET&SOD P | 1.00 $ | 24.00 | $ 24.00 | |
| 01/24/00 | 01/24/00 | 20610 | ARTHROCENTESIS MAJOR JOI | 1.00 $ | 42.16 | $ 42.16 | |
| 01/24/00 | 01/24/00 | A4454 | TAPE ALL TYPES ALL SIZES | 1.00 $ | 8.00 | $ 8.00 | |
| 01/24/00 | 01/24/00 | A4455 | ADHESIVE REMOVER PER OUN | 1.00 $ | 4.00 | $ 4.00 | |

Total:                                                      $    112.19 $    112.19

Eligible Amount Based on  80% Coverage .          $    89.75

Deductible applied to date #    2000.00 from deductible limit of $    2000.00

Modifier Code(s):
25  SIGNIFICANT E&M/SAME PHYSICIAN ON DAY OF PROCEDURE

Additional Information:
*FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE ( AS SHOWN BELOW ) AND THE CCN
CONTRACTED FEE WHICH APPEARS IN THE BILLED AMOUNT COLUMN.*

If you have any questions about this claim, please contact your file handler,
SARAH HANDSPIKER at (407) 919-1556

Payment for $    89.75 was made on 02/14/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
LILLIE ERVIN, 3270 NW 18 CT. FT LAUDERDALE, FL. 33311-4312
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318





**Allstate**
You're in good hands.

*STATE INSURANCE COMPANY*
*LAUD S. CNTRLED PIP*
*13450 N.W. 8TH ST. SUITE 109*
*SUNRISE FL 33325*

## EXPLANATION OF MEDICAL BILL PAYMENT

Date: 02/09/2000
Bill Received Date: 01/31/2000
Claim #: 3974855002-01
File Handler: 3EE
Invoice #: 118356-0
Eligible Injured Person: CYNTHIA CLARK
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: GENERAL PRACTICE MD (GP)
TIN: 65-0435831

Service Provided For:
CYNTHIA CLARK
12800 SW 8TH CT
DAVIE FL  33325-5530

Diagnosis Codes
847.0   NECK SPRAIN                                           847.2    LUMBAR SPRAIN

| Date Of Service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 01/24/00 | 01/24/00 | 99244 | OFFICE CONSULTATION, EXT | 1.00 $ | 118.70 | $ 118.70 | |
| 01/24/00 | 01/24/00 | 95861 | MUSCLE TESTING, TWO EXTR | 1.00 $ | 124.20 | $ 124.20 | |
| 01/24/00 | 01/24/00 | 95900 | MOTOR NERVE TESTING, EAC | 1.00 $ | 37.00 | $ 37.00 | |
| 01/24/00 | 01/24/00 | 95904 | SENSORY NERVE TESTING, E | 1.00 $ | 32.95 | $ 32.95 | |

Total:                                                        $    312.85 $    312.85

Eligible Amount Based On   80% Coverage            $     250.28

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS.
WITH CCN.   THE PATIENTS RESPONSIBILITY IS LIMITED TO THE DIFFERENCE BETWEEN
THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED FEE,
WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
LINDA ROARY-EDWARDS at (954) 846-7366

Payment for $    250.28 was made on 02/09/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
CYNTHIA CLARK, 12800 SW 8TH CT, DAVIE, FL, 33325-5530
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318

00: 20RJ01621X41 003a:1
04C/ 0002

7

**Allstate**
You're in good hands.

ALLSTATE INSURANCE COMPANY
FT LAUD S CNTRLED PIP
13650 N.W. 8TH ST. SUITE 109
SUNRISE FL 33325

### EXPLANATION OF MEDICAL BILL PAYMENT

Date: 02/14/2000
Bill Received Date: 02/04/2000
Claim #: 3974722079-01
File Handler: 3EX
Invoice #: 040762-5
Eligible Injured Person: DOROTHY BERMAN
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: CLINIC OR GROUP PRACTICE,
TIN: 65-0435831

Service Provided For:
DOROTHY BERMAN
227 LAKESIDE CIR
SUNRISE FL   33326-2148

Diagnosis Codes
847.1    THORACIC SPRAIN

| Date Of service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 01/26/00 | 01/26/00 | 99214 | OFFICE/OUTPATIENT VISIT, | 1.00 $ | 34.03 $ | 34.03 | |
| Total: | | | | $ | 34.03 $ | 34.03 | |

Eligible Amount Based on 100% Coverage    $

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
WILLIAM DODSON at (954) 846-7203

Payment for $    34.03 was made on 02/14/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
DOROTHY BERMAN, 227 LAKESIDE CIR, SUNRISE, FL, 33326-2148
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318

/6

ALLSTATE INDEMNITY COMPANY
FT LAUD S. CNTRLZD PIP
1301 W. ... ST. SUITE 100
SUNRISE FL 33325

## EXPLANATION OF MEDICAL BILL PAYMENT

Date: 02/14/2000
Bill Received Date: 02/04/2000
Claim #: 3974807847-01
File Handler: 3EX
Invoice #: 212577-0

Service Provided For:
PHILOMISE JOSEPH
5340 NE 5 TERRACE
POMPANO BEACH FL 33064-4035

Eligible Injured Person: PHILOMISE JOSEPH
Treatment Rendered By: PARK PLACE THERAPEUTIC C
Provider Specialty: CLINIC OR GROUP PRAC
TIN: 65-0435831

Diagnosis Codes
717.7 CHONDROMALACIA OF PATELLA

| Date of service(s) | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reas Cod |
|---|---|---|---|---|---|---|
| From ... 01/26/00 | 99213 | OFFICE/OUTPATIENT VISIT, | 1.00 $ | 34.03 $ | 34.03 | |
| 01/26/00 | | | $ | 34.03 $ | 34.03 | |
| Total | | | $ | | | |

Eligible Amount Based on 80% Coverage
Deductible applied to date $    2000.00 from deductible limit of $    2000.00

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN. THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
WILLIAM DODSON at (954) 846-7203

Payment for $    27.22 was made on 02/14/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
STANLEY G. SWIDERSKI P.A., 3990 SHERIDAN STREET #212, HOLLYWOOD, FL, 33021
PHILOMISE JOSEPH, 5340 NE 5 TERRACE, POMPANO BEACH, FL, 33064-4035
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318

**Allstate**
You're in good hands.

ALLSTATE INDEMNITY COMPANY
ORLANDO
823 N. KELLER RD., STE.200
MAITLAND FL 32751

**EXPLANATION OF MEDICAL BILL PAYMENT**

Date: 02/17/2000
Bill Received Date: 02/08/2000
Claim #: 3974818018-01
File Handler: 3RS
Invoice #: 211504-0
Eligible Injured Person: LILLIE ERVIN
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: PHYSICAL MEDICINE AND REH
TIN: 65-0435831

Service Provided For:
LILLIE ERVIN
3270 NW 18 CT
FT LAUDERDALE FL  33311-4312

Diagnosis Codes
726.2   OTHER AFFECTIONS OF SHOULDER REGION, NO

| Date Of Service(s) | | Procedure | | | Billed | Covered | Reason |
|---|---|---|---|---|---|---|---|
| From | Thru | Code/Modifier | Description | Units | Amount | Amount | Code(s) |
| 01/27/00 | 01/27/00 | 73220 | MRI, UPPER EXTREMITY OTH | 1.00 $ | 476.41 $ | 476.41 | |
| Total: | | | | $ | 476.41 $ | 476.41 | |

Eligible Amount Based on  80% Coverage          $     381.13

Deductible applied to date $     2000.00 from deductible limit of $     2000.00

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler.
SARAH HANDSPIKER at (407) 919-1655

Payment for $     381.13 was made on 02/17/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
LILLIE ERVIN, 3270 NW 18 CT, FT LAUDERDALE, FL, 33311-4312
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318

/2

**Allstate**
You're in good hands.

ALLSTATE INSURANCE COMPANY
FT LAUD S. CNTRLZD PIP
1360 N W. 12TH ST. SUITE 109
SUNRISE FL 33325

### EXPLANATION OF MEDICAL BILL PAYMENT

Date: 02/17/2000
Bill Received Date: 02/07/2000
Claim #: 3974712138-01
File Handler: 3MV
Invoice #: 048437-1
Eligible Injured Person: NAOMI C LEVI
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: OSTEOPATH/MANIPULATIVE TH
TIN: 65-0435831

Service Provided For:
NAOMI C LEVI
7430 JOHNSON ST
HOLLYWOOD FL   33024

Diagnosis Codes
847.2   LUMBAR SPRAIN                          847.0   NECK SPRAIN
724.2   LUMBAGO                                847.1   THORACIC SPRAIN

| Date Of Service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 01/28/00 | 01/28/00 | 99214 | OFFICE/OUTPATIENT VISIT. | 1.00 | $ 34.03 | $ 34.03 | |
| Total: | | | | | $ 34.03 | $ 34.03 | |

Eligible Amount Based on   80% Coverage        $    27.22

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S
AGREEMENTS WITH CCN.   THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE
DIFFERENCE BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND
THE CCN CONTRACTED FEE, WHICH APPEARS IN THE "BILLED AMOUNT COLUMN."

If you have any questions about this claim, please contact your file handler.
VALERIE SHALOO at (954) 846-7305

Payment for $       27.22 was made on 02/17/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
NAOMI C LEVI, 7430 JOHNSON ST, HOLLYWOOD, FL, 33024
PARK PLACE THERAPEUTIC CENTER. P.O. BOX 16270, PLANTATION. FL, 33316

0002170029480A10001230
0002 0014

/3

ALLSTATE INSURANCE COMPANY
FT LAUD S. CNTRLZD PIP
13650 N.W. 8TH ST. SUITE 105
SUNRISE FL 33325

**Allstate**
You're in good hands.

## EXPLANATION OF MEDICAL BILL PAYMENT

**Service Provided For:**
DEBORAH MEEKS
4179 SW 87 TERRACE
DAVIE FL 33328

Date: 02/24/2000
Bill Received Date: 02/08/2000
Claim #: 3974908074-01
File Handler: 3MC
Invoice #: 021553-4
Eligible Injured Person: DEBORAH MEEKS
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: PHYSICAL MEDICINE AND REH
TIN: 65-0455831

**Diagnosis Codes**
842.00 SPRAIN OF UNSPECIFIED SITE OF WRIST

| Date Of Service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|---|
| 02/01/00 | 02/01/00 | 99214 | OFFICE/OUTPATIENT VISIT, | 1.00 $ | 34.03 | $ | 34.03 | |
| Total: | | | | $ | 34.03 $ | | 34.03 | |

Eligible Amount Based on 80% Coverage          $      27.22

**Additional Information:**
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN. THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE BETWEE
N THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED FEE,
WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
EMMA MCKENZIE at (800) 998-0915

Payment for $    27.22 was made on 02/24/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
DEBORAH MEEKS, 4179 SW 87 TERRACE, DAVIE, FL, 33328
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318



TOTAL P.10

/4

## EXPLANATION OF MEDICAL BILL PAYMENT

Date: 02/18/2000
Bill Received Date: 02/10/2000
Claim #: 3974851950-01
File Handler: 3MH
Invoice #: 094704-1
Eligible Injured Person: JOANN HOFFMANN
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: PHYSICAL MEDICINE AND REH
TIN: 65-0435831

BRACHIAL NEURITIS OR RADICULITIS NOS    842.06   SPRAIN OF UNSPECIFIED SITE OF WRIST
UNSPECIFIED SITE OF ANKLE SPRAIN        844.9    SPRAIN OF UNSPECIFIED SITE OF KNEE AND

| Date of Service(s) | Procedure Code/Modifier: Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|
| 02/02/00 99244 | OFFICE/OUTPATIENT VISIT | 1.00 | 34.03 | 34.03 | |
| | | | 34.03 | 34.03 | |

Amount based on: 80% Coverage    27.22

General Information:
DISCOUNTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
THAT APPEARS IN THE BILLED AMOUNT COLUMN.

Have any questions about this claim, please contact your file handler.
ADDRESS (954) 846-7358.

Payment was made on 02/18/2000

THERAPEUTIC CENTER

This Explanation of Benefits has been sent to:
12040 W SAMPLE ROAD, CORAL SPRINGS, FL 33065-8820
1750 N OAKLAND PARK BLVD, SUITE 330, FT LAUDERDALE, FL 33334
THERAPEUTIC CENTER, PO BOX 16270, PLANTATION, FL 33318

/5

ALLSTATE INSURANCE COMPANY
PT LAUD S CNTRL2D PIP
10630 N.W. 8TH ST. SUITE 109
SUNRISE FL 33325

## EXPLANATION OF MEDICAL BILL PAYMENT

Date: 02/22/2000
Bill Received Date: 02/11/2000
Claim #: 3974842983-03
File Handler: 3EY
Invoice #: 211593-0
Eligible Injured Person: RHONA LIVERMAN
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: GENERAL PRACTICE MD (GP)
TIN: 65-0435831

Service Provided For:
RHONA LIVERMAN
10630 LONDON ST
COOPER CITY FL   33026

**Diagnosis Codes**
921.09  CONTUSION OF MULTIPLE SITES OF SHOULDER.   845.00  UNSPECIFIED SITE OF ANKLE SPRAIN

| Date of Service(s) | | Procedure | | Units | Billed Amount | | Covered Amount | | Reason Code(s) |
|---|---|---|---|---|---|---|---|---|---|
| From | Thru | Code/Modifier | Description | | | | | | |
| 02/02/00 | 02/02/00 | 97012 | MECHANICAL TRACTION THER | 1.00 $ | 15.00 | $ | 16.00 | | |
| 02/02/00 | 02/02/00 | 97035 | ULTRASOUND, EACH 15 MINU | 1.00 $ | 14.02 | $ | 14.02 | | |
| 02/02/00 | 02/02/00 | 97124 | MASSAGE THERAPY, EACH 15 | 1.00 $ | 15.03 | $ | 16.03 | | |
| 02/02/00 | 02/02/00 | 97530 | THERAPEUTIC ACTIVITIES ( | 1.00 $ | 23.22 | $ | 23.22 | | |

Total:                                                    $    69.27 $           69.27

Eligible Amount Based on 100% Coverage            $    69.27

**Additional Information:**
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN. THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE BETWEE
N THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED FEE,
WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
SHEA MCCOSKEY at (954) 846-7253

Payment for $     69.27 was made on 02/22/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
RHONA LIVERMAN, 10630 LONDON ST, COOPER CITY, FL, 33026
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318





/6

Allstate
You're in good hands.

**EXPLANATION OF MEDICAL BILL PAYMENT**

Date: 02/18/2000
Bill Received Date: 02/10/2000
Claim #: 3974797476-02
File Handler: 3MV
Invoice #: 117664-0
Eligible Injured Person: EPISTIMI STARFAS
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: PHYSICAL MEDICINE AND REH
TIN: 65-0435831

Service Provided For:
EPISTIMI STARFAS
4420 W BROWARD BLVD
PLANTATION FL 33317

Diagnosis Codes
923.03   CONTUSION OF UPPER ARM          847.2   LUMBAR SPRAIN
847.0    NECK SPRAIN                     723.1   CERVICALGIA

| Date Of Service(s) From | Thru | Procedure Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 02/02/00 | 02/02/00 | 99214 | OFFICE/OUTPATIENT VISIT, | 1.00 $ | 34.03 | $ 34.03 | |
| Total: | | | | $ | 34.03 $ | 34.03 | |

Eligible Amount Based on 100% Coverage          $      34.03

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN. THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler,
VALERIE SHALOO at (954) 846-7305

Payment for $      34.03 was made on 02/18/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
EPISTIMI STARFAS, 4420 W BROWARD BLVD, PLANTATION, FL, 33317
PARK PLACE THERAPEUTIC CENTER, P.C. BOX 16270, PLANTATION, FL, 33318

TOTAL P.01

/7

ALLSTATE INSURANCE COMPANY
FT LAUD S. CNTRL&D PIP
TROWN.W. 8TH ST. SUITE 109
SUNRISE FL 33325

**Allstate**
You're in good hands.

## EXPLANATION OF MEDICAL BILL PAYMENT

Service Provided For:
CELIA V HORNE
930 NW 34 AVE
FT LAUDERDALE FL 33311-6540

Date: 02/23/2000
Bill Received Date: 02/10/2000
Claim #: 3974805338-01
File Handler: 3EC
Invoice #: 212310-0
Eligible Injured Person: CELIA V HORNE
Treatment Rendered By: PARK PLACE THERAPEUTIC CE
Provider Specialty: PHYSICAL MEDICINE AND REH
TIN: 65-0435831

Diagnosis Codes
842.10  SPRAIN OF UNSPECIFIED SITE OF HAND

| Date of Service(s) From | Thru | Code/Modifier | Procedure Description | Units | Billed Amount | | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|---|
| 02/02/00 | 02/02/00 | 97124 | MASSAGE THERAPY, EACH 15 | 1.00 | 16.03 | $ | 16.03 | |
| 02/02/00 | 02/02/00 | 9703P | PHYSICAL THERAPY TREATME | 1.00 | 19.07 | $ | 19.07 | |
| 02/02/00 | 02/02/00 | 97530 | THERAPEUTIC ACTIVITIES ( | 1.00 | 23.22 | $ | 23.22 | |
| 02/04/00 | 02/04/00 | 97124 | MASSAGE THERAPY, EACH 15 | 1.00 | 16.03 | $ | 16.03 | |
| 02/04/00 | 02/04/00 | 97018 | PARAFFIN BATH THERAPY | 1.00 | 16.90 | | 16.90 | |
| 02/04/00 | 02/04/00 | 97530 | THERAPEUTIC ACTIVITIES ( | 1.00 | 23.22 | | 23.22 | |

Total:                                    $    114.47 $       114.47

Eligible Amount Based on  80% Coverage        $      91.58

Additional Information:
FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS
WITH CCN.  THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE
BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED
FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

If you have any questions about this claim, please contact your file handler.
MARGURITE MCGIBBON at (954) 846-7209

Payment for $    91.58 was made on 02/23/2000 to:
PARK PLACE THERAPEUTIC CENTER

Copy(s) of this Explanation of Benefits has been sent to:
CELIA V HORNE, 930 NW 34 AVE, FT LAUDERDALE, FL, 33311-6540
PARK PLACE THERAPEUTIC CENTER, P.O. BOX 16270, PLANTATION, FL, 33318



000225012290P41 0664003

18

EXHIBIT "B"



13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

PICA | | HEALTH INSURANCE CLAIM FORM | PICA

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | X (SSN or ID) | (SSN) | (ID) | 641368974111909019 | |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
HINCAPIE ANDRES

3. PATIENT'S BIRTH DATE: 04 09 1968  SEX M X

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
SAME

5. PATIENT'S ADDRESS (No., Street)
3151 SW 22ND TREET

6. PATIENT RELATIONSHIP TO INSURED: Self X Spouse Child Other

7. INSURED'S ADDRESS (No., Street)
SAME

CITY: FT LAUD  STATE: FL

8. PATIENT STATUS: Single  Married X  Other

CITY  STATE

ZIP CODE: 33312  TELEPHONE (Include Area Code): (954) 920 9074

Employed X  Full-Time Student  Part-Time Student

ZIP CODE  TELEPHONE (INCLUDE AREA CODE): ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)
NA

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
NONE

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS): YES  X NO

a. INSURED'S DATE OF BIRTH: MM DD YY  SEX M F

b. OTHER INSURED'S DATE OF BIRTH: MM DD YY  SEX M F

b. AUTO ACCIDENT? X YES  NO  PLACE (State) FL

b. EMPLOYER'S NAME OR SCHOOL NAME

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT? YES  X NO

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN? YES  X NO  If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF  DATE 05 13 99

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)
04 07 99

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY  TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE
RICHARD LINN MD FL

17a. I.D. NUMBER OF REFERRING PHYSICIAN
E70656 TAX# 65-0435831

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY  TO MM DD YY

19. RESERVED FOR LOCAL USE

20. OUTSIDE LAB? YES X NO  NO PURCHASED SERVICES ON THIS CLAIM

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)
1. 840 4
2.

NOTES ATTACHED

22. MEDICAID RESUBMISSION CODE  ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05 11 99 | | 11 | 04 | 73220 | 840 4 | 120000 | 1 | | | | |

25. FEDERAL TAX I.D. NUMBER: 5-0435831  SSN EIN X

26. PATIENT'S ACCOUNT NO.: 208866-0

27. ACCEPT ASSIGNMENT? X YES  NO

28. TOTAL CHARGE: $ 120000

29. AMOUNT PAID: $ 00

30. BALANCE DUE: $ 120000

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
LINN MD
SIGNED ME0060563  DATE 05 13 99

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)
PARK PLACE THERAPEUTIC CTR
301 NW 84TH AVE
PLANTATION FL 33324

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
PARK PLACE THERAPEUTIC CENTER
PO BOX 16270
PLANTATION FL 33318 6270
PIN# 000000  GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)  PLEASE PRINT OR TYPE  1481-00316
FORM HCFA-1500  (12-90)  FORM OWCP-1500  FORM RRB-1500

* * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

```
13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325
```

# HEALTH INSURANCE CLAIM FORM

| | PICA | | | | | | | | | | PICA | |

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) X | (SSN or ID) | (SSN) | (ID) | 641690390 | |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE / SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|
| SARWAR LISA | 12 18 1968  F X | SAME |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 9633 RIVERSIDE DR, E5 | Self X Spouse Child Other | SAME |

| CITY | STATE | 8. PATIENT STATUS | CITY | STATE |
|---|---|---|---|---|
| CORAL SPRINGS | FL | Single Married X Other | | |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|---|---|
| 33071 | (954)344 0964 | Employed X Full-Time Student / Part-Time Student | | ( ) |

| 9. OTHER INSURED'S NAME | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NA | | CL#3974672183 |

**a. OTHER INSURED'S POLICY OR GROUP NUMBER** — a. EMPLOYMENT? (CURRENT OR PREVIOUS) YES / X NO — a. INSURED'S DATE OF BIRTH / SEX

**b. OTHER INSURED'S DATE OF BIRTH** — b. AUTO ACCIDENT? PLACE (State) X YES NO FL — b. EMPLOYER'S NAME OR SCHOOL NAME

**c. EMPLOYER'S NAME OR SCHOOL NAME** — c. OTHER ACCIDENT? YES X NO — c. INSURANCE PLAN NAME OR PROGRAM NAME

**d. INSURANCE PLAN NAME OR PROGRAM NAME** — 10d. RESERVED FOR LOCAL USE — d. IS THERE ANOTHER HEALTH BENEFIT PLAN? YES X NO

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE — SIGNED SOF  DATE 05 14 99
13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE — SIGNED SOF

| 14. DATE OF CURRENT: 05 08 99 | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS | 16. DATES PATIENT UNABLE TO WORK |
| 17. NAME OF REFERRING PHYSICIAN: MARTIN E HALE MD FL | 17a. D63287 TAX# 65-0435831 | 18. HOSPITALIZATION DATES |

19. RESERVED FOR LOCAL USE — 20. OUTSIDE LAB? YES X NO — NO PURCHASED SERVICES ON THIS CLAIM

| 21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY |
| 1. 723.1    NOTES ATTACHED |
| 2. 724.2 |

22. MEDICAID RESUBMISSION CODE — 23. PRIOR AUTHORIZATION NUMBER

| DATE(S) OF SERVICE From / To | Place | Type | CPT/HCPCS MODIFIER | DIAGNOSIS CODE | $ CHARGES | DAYS/UNITS |
|---|---|---|---|---|---|---|
| 05 13 99 | 11 | 01 | 97001 | 723 1 | 12500 | 1 |

| 25. FEDERAL TAX I.D. NUMBER | SSN EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. BALANCE DUE |
|---|---|---|---|---|---|---|
| 65-0435831 | X | 117106-0 | X YES NO | 12500 | 00 | 12500 |

31. SIGNATURE OF PHYSICIAN OR SUPPLIER — HALE MD  SIGNED ME0046937  DATE 05 14 99

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED
```
PARK PLACE THERAPEUTIC CTR
7171 N UNIVERSITY DR
TAMARAC FL  33321
```

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
```
PARK PLACE THERAPEUTIC CENTER
PO BOX 16270
PLANTATION FL 33318 6270
PIN# 000000  GRP#
```

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)  0504  WHCFA-1500  05-    **PLEASE PRINT OR TYPE**    FORM HCFA-1500 (12-90) FORM OWCP-1500  FORM RRB-1500

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

## HEALTH INSURANCE CLAIM FORM

| | PICA | | | | | | | | | PICA | |

| MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) X | (SSN or ID) | (SSN) | (ID) | 3974554779 | |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
ABBATE JOSEPH

3. PATIENT'S BIRTH DATE
MM 10 DD 04 YY 1958  SEX X F

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
SAME

5. PATIENT'S ADDRESS (No., Street)
11911 N W 34TH PL

6. PATIENT RELATIONSHIP TO INSURED
Self X  Spouse  Child  Other

7. INSURED'S ADDRESS (No., Street)
SAME

CITY
SUNRISE   STATE FL

8. PATIENT STATUS
Single   Married X   Other

CITY   STATE

ZIP CODE 33323   TELEPHONE (Include Area Code) (954) 746 4695

Employed X   Full-Time Student   Part-Time Student

ZIP CODE   TELEPHONE (INCLUDE AREA CODE) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)
NA

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
NONE

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES  X NO

a. INSURED'S DATE OF BIRTH
MM DD YY   SEX M   F

b. OTHER INSURED'S DATE OF BIRTH
MM DD YY   SEX M   F

b. AUTO ACCIDENT?   PLACE (State)
X YES  NO FL

b. EMPLOYER'S NAME OR SCHOOL NAME

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?
YES  X NO

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES  X NO   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF   DATE 04 29 99

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)
MM 11 DD 23 YY 98

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY   TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE
MARTIN E HALE MD   FL

17a. I.D. NUMBER OF REFERRING PHYSICIAN
D63287 TAX# 65-0435831

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY   TO MM DD YY

19. RESERVED FOR LOCAL USE

20. OUTSIDE LAB?
YES  X NO   $ CHARGES

NO PURCHASED SERVICES ON THIS CLAIM

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)
1. 838 09
2.
3.
4.

22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. | A. DATE(S) OF SERVICE | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) | | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From MM DD YY | | To MM DD YY | | | | | CPT/HCPCS | MODIFIER | | | | | | | |
| | 04 27 99 | | | | | 11 | 01 | 99214 | | 838 09 | 39500 | 1 | | | | |

25. FEDERAL TAX I.D. NUMBER   SSN   EIN
65-0435831   X

26. PATIENT'S ACCOUNT NO.
115269-0

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
X YES  NO

28. TOTAL CHARGE
$ 39500

29. AMOUNT PAID
$ 00

30. BALANCE DUE
$ 39500

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
SIGNED M HALE MD   ME0046937   DATE 04 29 99

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)
PARK PLACE THERAPEUTIC CTR
7171 N UNIVERSITY DR
TAMARAC FL 33321

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
PARK PLACE THERAPEUTIC CENTER
PO BOX 16270
PLANTATION FL 33318 6270
PIN# 000000   GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
0404  WHCFA-1500 (12-90) FORM OWCP-1500 FORM RRB-1500

0405-   USI-000005

PLEASE PRINT OR TYPE

FORM HCFA-1500   (12-90)

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

## HEALTH INSURANCE CLAIM FORM

| | PICA | | | | | | PICA |
|---|---|---|---|---|---|---|---|

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM ) |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) X | (SSN or ID) | (SSN) | (ID) | 3974908074 | |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE | SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|---|
| MEEKS DEBORAH | MM 10 DD 22 YY 1949 | M F X | SAME |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 4179 SW 87 TERR | Self X Spouse Child Other | SAME |

| CITY | STATE | 8. PATIENT STATUS | CITY | STATE |
|---|---|---|---|---|
| DAVIE, | FL | Single X Married Other | | |

| ZIP CODE | TELEPHONE (Include Area Code) | Employed X Full-Time Student Part-Time Student | ZIP CODE | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|---|---|
| 33320 | (954)474 7744 | | | ( ) |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NA | | NONE |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS) | a. INSURED'S DATE OF BIRTH | SEX |
|---|---|---|---|
| | YES X NO | MM DD YY | M F |

| b. OTHER INSURED'S DATE OF BIRTH | SEX | b. AUTO ACCIDENT? | PLACE (State) | b. EMPLOYER'S NAME OR SCHOOL NAME |
|---|---|---|---|---|
| MM DD YY | M F | X YES NO FL | | |

| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT? | c. INSURANCE PLAN NAME OR PROGRAM NAME |
|---|---|---|
| | YES X NO | |

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE | d. IS THERE ANOTHER HEALTH BENEFIT PLAN? |
|---|---|---|
| | | YES X NO If yes, return to and complete item 9 a-d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED **SOF** DATE **01 18 00**

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED **SOF**

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION |
|---|---|---|
| MM 12 DD 20 YY 99 | | FROM MM DD YY TO MM DD YY |

| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES |
|---|---|---|
| ALAN LAZAR MD FL | D63025 TAX# 65-0435831 | FROM MM DD YY TO MM DD YY |

| 19. RESERVED FOR LOCAL USE | 20. OUTSIDE LAB? | NO PURCHASED SERVICES ON THIS CLAIM |
|---|---|---|
| | YES X NO | |

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 or 4 TO ITEM 24E BY LINE)

1. 842 00      **NOTES ATTACHED**
2. 842 13      4.

| 22. MEDICAID RESUBMISSION CODE | ORIGINAL REF. NO. |
|---|---|
| | |

23. PRIOR AUTHORIZATION NUMBER

| 24. | A. DATE(S) OF SERVICE | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From MM 01 | DD 04 | YY 00 | To MM | DD | YY | 11 | 04 | 73721 | 842 00 | 120000 | 1 | | | | |
| | | | | | | | | | | | | | | | | |

| 25. FEDERAL TAX I.D. NUMBER | SSN EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. BALANCE DUE |
|---|---|---|---|---|---|---|
| 65-0435831 | X | 021553-4 | X YES NO | $ 120000 | $ 00 | $ 120000 |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office) | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE # |
|---|---|---|
| LAZAR MD SIGNED ME0034661 DATE 01 18 00 | PARK PLACE THERAPEUTIC CTR 301 NW 84TH AVE PLANTATION FL 33324 | PARK PLACE THERAPEUTIC CENTER PO BOX 16270 PLANTATION FL 33318 6270 PIN# 000000 GRP# |

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)          **PLEASE PRINT OR TYPE**          0030320

FORM HCFA-1500 (12-90)
FORM OWCP-1500
FORM RRB-1500

01M3   WHCFA-1500 08-05 08-08-
\* \* \* \* SEE BACK OF FORM FOR FRAUD STATEMENT \* \* \* \* \*

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

## HEALTH INSURANCE CLAIM FORM

| | PICA | | | | | | | | PICA | |

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) X | (SSN or ID) | (SSN) | (ID) | 3974876321-01 | |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE     SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|
| LEMOS LINDA | 08 09 1947  M   F X | LEMOS STEVEN |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 11705 STRAND WAY | Self   Spouse X   Child   Other | |

| CITY | STATE | 8. PATIENT STATUS | CITY | STATE |
|---|---|---|---|---|
| COOPER CITY | FL | Single   Married X   Other | | |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|---|---|
| 33026 | 954 )432 1013 | Employed X  Full-Time Student  Part-Time Student | | ( ) |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NA | | NONE |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS)   YES X NO | a. INSURED'S DATE OF BIRTH    SEX |
|---|---|---|
| | | 00 00 1900  M X  F |

| b. OTHER INSURED'S DATE OF BIRTH    SEX | b. AUTO ACCIDENT?    PLACE (State)   X YES   NO FL | b. EMPLOYER'S NAME OR SCHOOL NAME |
|---|---|---|
| MM DD YY   M   F | | / |

| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT?   YES   X NO | c. INSURANCE PLAN NAME OR PROGRAM NAME |
|---|---|---|

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE | d. IS THERE ANOTHER HEALTH BENEFIT PLAN?   YES X NO   If yes, return to and complete item 9 a-d. |
|---|---|---|

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED __SOF__    DATE __01 21 00__

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED __SOF__

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) 11 22 99 | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION FROM MM DD YY    TO MM DD YY |
|---|---|---|

| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES |
|---|---|---|
| MARTIN E. HALE MD    FL | D63287 TAX# 65-0435831 | FROM MM DD YY    TO MM DD YY |

| 19. RESERVED FOR LOCAL USE | 20. OUTSIDE LAB?   YES X NO | NO PURCHASED SERVICES ON THIS CLAIM |
|---|---|---|

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 847 0
2. 847 1
3. 847 2
4.

| 22. MEDICAID RESUBMISSION CODE | ORIGINAL REF. NO. |
|---|---|

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From MM DD YY   To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS   MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|
| 01 19 00 | 11 | 09 | E0215 | 847 0 | 90 00 | 1 | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| 25. FEDERAL TAX I.D. NUMBER    SSN  EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back)   X YES   NO | 28. TOTAL CHARGE $ 90 00 | 29. AMOUNT PAID $ 00 | 30. BALANCE DUE $ 90 00 |
|---|---|---|---|---|---|
| 65-0435831    X | 212480-0 | | | | |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office) | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE # |
|---|---|---|
| HALE MD   SIGNED ME0046937   DATE 01 21 00 | PARK PLACE THERAPEUTIC CTR 301 NW 84TH AVE PLANTATION FL 33324 | PARK PLACE THERAPEUTIC CENTER PO BOX 16270 PLANTATION FL 33318 6270   PIN# 000000   GRP# |

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)    0114  WHCFA-1500 8/88   05-

**PLEASE PRINT OR TYPE**    28570

FORM HCFA-1500   (12-90)
FORM OWCP-1500
FORM RRB-150?

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

## HEALTH INSURANCE CLAIM FORM

| PICA | | | | | | | | PICA |
|------|--|--|--|--|--|--|--|------|

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM |
|-------------|----------|---------|---------|-------------------|---------------|-------|---------------------------|----------------------|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | X (SSN or ID) | (SSN) | (ID) | 3974876321 | |

**2. PATIENT'S NAME** (Last Name, First Name, Middle Initial)
LEMOS LINDA

**3. PATIENT'S BIRTH DATE** MM 08 DD 09 YY 1947 SEX F X

**4. INSURED'S NAME** (Last Name, First Name, Middle Initial)
LEMOS STEVEN

**5. PATIENT'S ADDRESS** (No., Street)
11705 STRAND WAY

**6. PATIENT RELATIONSHIP TO INSURED**
Self ☐ Spouse X Child ☐ Other ☐

**7. INSURED'S ADDRESS** (No., Street)

CITY COOPER CITY   STATE FL

**8. PATIENT STATUS**
Single ☐ Married X Other ☐

CITY    STATE

ZIP CODE 33026   TELEPHONE (Include Area Code) 954 432 1013

Employed X Full-Time Student ☐ Part-Time Student ☐

ZIP CODE    TELEPHONE (INCLUDE AREA CODE) ( )

**9. OTHER INSURED'S NAME** (Last Name, First Name, Middle Initial)
NA

**10. IS PATIENT'S CONDITION RELATED TO:**

**11. INSURED'S POLICY GROUP OR FECA NUMBER**
NONE

**a. OTHER INSURED'S POLICY OR GROUP NUMBER**

**a. EMPLOYMENT?** (CURRENT OR PREVIOUS)
☐ YES X NO

**a. INSURED'S DATE OF BIRTH** MM 00 DD 00 YY 1900 M X F ☐

**b. OTHER INSURED'S DATE OF BIRTH** MM DD YY SEX M ☐ F ☐

**b. AUTO ACCIDENT?** PLACE (State)
X YES NO FL

**b. EMPLOYER'S NAME OR SCHOOL NAME**
/

**c. EMPLOYER'S NAME OR SCHOOL NAME**

**c. OTHER ACCIDENT?**
☐ YES X NO

**c. INSURANCE PLAN NAME OR PROGRAM NAME**

**d. INSURANCE PLAN NAME OR PROGRAM NAME**

**10d. RESERVED FOR LOCAL USE**

**d. IS THERE ANOTHER HEALTH BENEFIT PLAN?**
☐ YES X NO   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
**12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF   DATE 01 21 00

**13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

**14. DATE OF CURRENT:** ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) MM 11 DD 22 YY 99

**15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE** MM DD YY

**16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION** MM DD YY FROM TO MM DD YY

**17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE**
MARTIN E. HALE MD    FL

**17a. I.D. NUMBER OF REFERRING PHYSICIAN**
D63287 TAX# 65-0435831

**18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES** MM DD YY FROM TO MM DD YY

**19. RESERVED FOR LOCAL USE**

**20. OUTSIDE LAB?** ☐ YES X NO

NO PURCHASED SERVICES ON THIS CLAIM

**21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY.** (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 847 0
2. 847 1
3. 847 2
4.

**22. MEDICAID RESUBMISSION** CODE   ORIGINAL REF. NO.

**23. PRIOR AUTHORIZATION NUMBER**

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMC | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 19 00 | | 11 | 01 | 99204 | | 847 0 | 425 00 | 1 | | | | |
| 01 19 00 | | 11 | 04 | 72050 | | 847 0 | 185 00 | 1 | | | | |
| 01 19 00 | | 11 | 04 | 72110 | | 847 2 | 175 00 | 1 | | | | |
| 01 19 00 | | 11 | 04 | 72070 | | 847 1 | 125 00 | 1 | | | | |
| 01 19 00 | | 11 | 09 | L1030 | | 847 2 | 65 00 | 1 | | | | |
| 01 19 00 | | 11 | 09 | E0943 | | 847 0 | 65 00 | 1 | | | | |

**25. FEDERAL TAX I.D. NUMBER** 65-0435831 SSN ☐ EIN X

**26. PATIENT'S ACCOUNT NO.** 212480-0

**27. ACCEPT ASSIGNMENT?** (For govt. claims, see back) X YES ☐ NO

**28. TOTAL CHARGE** $ 1040 00

**29. AMOUNT PAID** $ 00

**30. BALANCE DUE** $ 1040 00

**31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS** (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
SIGNED M HALE MD ME0046937   DATE 01 21 00

**32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED** (If other than home or office)
PARK PLACE THERAPEUTIC CTR
301 NW 84TH AVE
PLANTATION FL 33324

**33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #**
PARK PLACE THERAPEUTIC CENTER
PO BOX 16270
PLANTATION FL 33318 6270
PIN# 000000   GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
0114   WHCFA-1500 8-87-73-05-
* * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

**PLEASE PRINT OR TYPE**

FORM HCFA-1500 (12-90)
FORM OWCP-1500
FORM RRB-1500

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

| | | PICA | | | | | | | **HEALTH INSURANCE CLAIM FORM** | | PICA | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

**1. MEDICARE** (Medicare#) — **MEDICAID** (Medicaid #) — **CHAMPUS** (Sponsor's SSN) — **CHAMPVA** (VA File #) — **GROUP HEALTH PLAN** (SSN or ID) [X] — **FECA BLK LUNG** (SSN) — **OTHER** (ID)

**1a. INSURED'S I.D. NUMBER** (FOR PROGRAM IN ITEM 1)
3974876321

**2. PATIENT'S NAME (Last Name, First Name, Middle Initial)**
LEMOS SHANNON

**3. PATIENT'S BIRTH DATE**  MM 12 DD 02 YY 1976  **SEX** M  F [X]

**4. INSURED'S NAME (Last Name, First Name, Middle Initial)**
LEMOS STEVEN

**5. PATIENT'S ADDRESS (No., Street)**
11705 STRAND WAY

**6. PATIENT RELATIONSHIP TO INSURED**
Self  Spouse  Child [X]  Other

**7. INSURED'S ADDRESS (No., Street)**

**CITY**
COOPER CITY   **STATE** FL

**8. PATIENT STATUS**
Single [X]  Married  Other

**CITY**   **STATE**

**ZIP CODE** 33026   **TELEPHONE (Include Area Code)** (954)432 1013

Employed  Full-Time Student  Part-Time Student

**ZIP CODE**   **TELEPHONE (INCLUDE AREA CODE)** ( )

**9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)**
NA

**10. IS PATIENT'S CONDITION RELATED TO:**

**11. INSURED'S POLICY GROUP OR FECA NUMBER**
NONE

**a. OTHER INSURED'S POLICY OR GROUP NUMBER**

**a. EMPLOYMENT? (CURRENT OR PREVIOUS)**
YES  [X] NO

**a. INSURED'S DATE OF BIRTH**  MM 00 DD 00 YY 1900  **SEX** M [X]  F

**b. OTHER INSURED'S DATE OF BIRTH**  MM DD YY  **SEX** M  F

**b. AUTO ACCIDENT?**  [X] YES  NO  **PLACE (State)** FL

**b. EMPLOYER'S NAME OR SCHOOL NAME**
/

**c. EMPLOYER'S NAME OR SCHOOL NAME**

**c. OTHER ACCIDENT?**  YES  [X] NO

**c. INSURANCE PLAN NAME OR PROGRAM NAME**

**d. INSURANCE PLAN NAME OR PROGRAM NAME**

**10d. RESERVED FOR LOCAL USE**

**d. IS THERE ANOTHER HEALTH BENEFIT PLAN?**
YES  [X] NO   If yes, return to and complete item 9 a-d.

**READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.**
**12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF   DATE 01 21 00

**13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

**14. DATE OF CURRENT** ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)  MM 11 DD 22 YY 99

**15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE** MM DD YY

**16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION** FROM MM DD YY  TO MM DD YY

**17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE**
MARTIN E. HALE MD   FL

**17a. I.D. NUMBER OF REFERRING PHYSICIAN**
D63287 TAX# 65-0435831

**18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES** FROM MM DD YY  TO MM DD YY

**19. RESERVED FOR LOCAL USE**

**20. OUTSIDE LAB?**  YES  [X] NO   **$ CHARGES**

NO PURCHASED SERVICES ON THIS CLAIM

**21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)**
1. 847 0
2. 847 2
3.
4.

**22. MEDICAID RESUBMISSION CODE**   **ORIGINAL REF. NO.**

**23. PRIOR AUTHORIZATION NUMBER**

| | 24. A. DATE(S) OF SERVICE | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From MM 01 | DD 19 | YY 00 | To MM | DD | YY | 11 | 01 | 99204 | 847 0 | 42500 | 1 | | | | |
| | 01 | 19 | 00 | | | | 11 | 04 | 72050 | 847 0 | 18500 | 1 | | | | |
| | 01 | 19 | 00 | | | | 11 | 04 | 72110 | 847 2 | 17500 | 1 | | | | |
| | 01 | 19 | 00 | | | | 11 | 09 | L1030 | 847 2 | 6500 | 1 | | | | |
| | 01 | 19 | 00 | | | | 11 | 09 | E0943 | 847 0 | 6500 | 1 | | | | |
| | 01 | 19 | 00 | | | | 11 | 09 | E0215 | 847 0 | 9000 | 1 | | | | |

**25. FEDERAL TAX I.D. NUMBER**  65-0435831  SSN  EIN [X]

**26. PATIENT'S ACCOUNT NO.**
212481-0

**27. ACCEPT ASSIGNMENT?** (For govt. claims, see back)  [X] YES  NO

**28. TOTAL CHARGE**  $ 100500

**29. AMOUNT PAID**  $ 00

**30. BALANCE DUE**  $ 100500

**31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS** (I certify that the statements on the reverse apply to this bill and are made a part thereof.)

H HALE MD
SIGNED ME0046937   DATE 01 21 00

**32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)**
PARK PLACE THERAPEUTIC CTR
301 NW 84TH AVE
PLANTATION FL 33324

**33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #**
PARK PLACE THERAPEUTIC CENTER
PO BOX 16270
PLANTATION FL 33318 6270
PIN# 000000   GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)   0114   (VHCFA-1500) (12-90) 05-   **PLEASE PRINT OR TYPE**   28528

FORM HCFA-1500   FORM OWCP-1500   FORM RRB-1500

**\* \* \* \* \* SEE BACK OF FORM FOR FRAUD STATEMENT !! \* \* \* \* \***

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

**HEALTH INSURANCE CLAIM FORM**

| | PICA | | | | | | PICA | |

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | X (SSN or ID) | (SSN) | (ID) | CL#3974855002 | |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE / SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|
| CLARK CYNTHIA | 02 10 1958  F X | SAME |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 12800 SW 8TH COURT | Self X  Spouse  Child  Other | SAME |

| CITY | STATE | 8. PATIENT STATUS | CITY | STATE |
|---|---|---|---|---|
| DAVIE | FL | Single  Married X  Other | | |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|---|---|
| 33325 | (954) 476 6336 | Employed X  Full-Time Student  Part-Time Student | | ( ) |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NA | | NONE |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS) | a. INSURED'S DATE OF BIRTH / SEX |
|---|---|---|
| | YES  X NO | MM DD YY   M  F |

| b. OTHER INSURED'S DATE OF BIRTH / SEX | b. AUTO ACCIDENT?  PLACE (State) | b. EMPLOYER'S NAME OR SCHOOL NAME |
|---|---|---|
| MM DD YY  M  F | X YES  NO (FL) | |

| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT? | c. INSURANCE PLAN NAME OR PROGRAM NAME |
|---|---|---|
| | YES  X NO | |

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE | d. IS THERE ANOTHER HEALTH BENEFIT PLAN? |
|---|---|---|
| | | YES  X NO  If yes, return to and complete item 9 a-d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF  DATE 01 25 00

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION |
|---|---|---|
| 10 22 99 | | FROM MM DD YY  TO MM DD YY |

| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES |
|---|---|---|
| ALAN NOVICK MD  FL | E84515 TAX# 65-0435831 | FROM MM DD YY  TO MM DD YY |

| 19. RESERVED FOR LOCAL USE | 20. OUTSIDE LAB? | |
|---|---|---|
| | YES  X NO | NO PURCHASED SERVICES ON THIS CLAIM |

| 21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE) | 22. MEDICAID RESUBMISSION CODE  ORIGINAL REF. NO. |
|---|---|
| 1. 847 0          3. | |
| 2. 847 2          4. | 23. PRIOR AUTHORIZATION NUMBER |

| 24. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES CPT/HCPCS | MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 24 00 | | 11 | 01 | 99244 | | 847 0 | 33500 | 1 | | | | |
| 01 24 00 | | 11 | 01 | 95861 | | 847 0 | 29500 | 1 | | | | |
| 01 24 00 | | 11 | 01 | 95900 | | 847 0 | 30000 | 4 | | | | |
| 01 24 00 | | 11 | 01 | 95904 | | 847 0 | 21000 | 3 | | | | |

| 25. FEDERAL TAX I.D. NUMBER | SSN | EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. BALANCE DUE |
|---|---|---|---|---|---|---|---|
| 5-0435831 | | X | 118356-0 | X YES  NO | $ 114000 | $ 00 | $ 114000 |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office) | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE # |
|---|---|---|
| NOVICK MD | PARK PLACE THERAPEUTIC CTR 301 NW 84TH AVE PLANTATION FL 33324 | PARK PLACE THERAPEUTIC CENTER PO BOX 16270 PLANTATION FL 33318 6270 |
| ME0059686  DATE 01 25 00  30258 | | PIN# 000000  GRP# |

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)  PLEASE PRINT OR TYPE  FORM HCFA-1500 (1290)  FORM OWCP-1500  FORM RRB-1500

010N  WHCFA-1500-R-03  -77-

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * * *

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

PICA ATTN: LINDA KING ADJ                HEALTH INSURANCE CLAIM FORM                PICA

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1 |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | X (SSN or ID) | (SSN) | (ID) | 3974712138 | |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE | SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|---|
| LEVI NAOMI | 06 25 1955 | M ☐ F ☒ | SAME |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 7430 JOHNSON ST | Self ☒ Spouse ☐ Child ☐ Other ☐ | SAME |

| CITY | STATE | 8. PATIENT STATUS | CITY | STATE |
|---|---|---|---|---|
| HOLLYWOOD | FL | Single ☐ Married ☒ Other ☐ | | |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|---|---|
| 33024 | (954) 963 1410 | Employed ☒ Full-Time Student ☐ Part-Time Student ☐ | | ( ) |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NA | | NONE |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS) | a. INSURED'S DATE OF BIRTH | SEX |
|---|---|---|---|
| | YES ☐ NO ☒ | MM DD YY | M ☐ F ☐ |

| b. OTHER INSURED'S DATE OF BIRTH | SEX | b. AUTO ACCIDENT? | PLACE (State) | b. EMPLOYER'S NAME OR SCHOOL NAME |
|---|---|---|---|---|
| MM DD YY M ☐ F ☐ | | YES ☒ NO ☐ FL | | |

| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT? | c. INSURANCE PLAN NAME OR PROGRAM NAME |
|---|---|---|
| | YES ☐ NO ☒ | |

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE | d. IS THERE ANOTHER HEALTH BENEFIT PLAN? |
|---|---|---|
| | | YES ☐ NO ☒ If yes, return to and complete item 9 a-d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF    DATE 01 31 00

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION |
|---|---|---|
| 07 23 99 | | FROM MM DD YY  TO MM DD YY |

| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES |
|---|---|---|
| JOEL L RUSH, DO    FL | E61720 TAX# 65-0435831 | FROM MM DD YY  TO MM DD YY |

| 19. RESERVED FOR LOCAL USE | 20. OUTSIDE LAB? | $ CHARGES |
|---|---|---|
| | YES ☐ NO ☒ | NO PURCHASED SERVICES ON THIS CLAIM |

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 847.2    3. 724.2
2. 847.0    4. 847.1

| 22. MEDICAID RESUBMISSION CODE | ORIGINAL REF. NO. |
|---|---|
| | |

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From  To | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MM DD YY | MM DD YY | | | | | | | | | | | |
| 01 28 00 | | 11 | 01 | 99214 | | 847.2 | 39500 | 1 | | | | |
| 2 | | | | | | | | | | | | |
| 3 | | | | | RECEIVED FEB 07 2000 By____ | | | | | | | |
| 4 | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | |
| 6 | | | | | | | | | | | | |

| 25. FEDERAL TAX I.D. NUMBER | SSN | EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. BALANCE DUE |
|---|---|---|---|---|---|---|---|
| 65-0435831 | | X | 048437-1 | YES ☒ NO ☐ | $ 39500 | $ 00 | $ 39500 |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office) | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE # |
|---|---|---|
| J RUSH, DO | PARK PLACE THERAPEUTIC CTR | PARK PLACE THERAPEUTIC CENTE |
| | 301 NW 84TH AVE | PO BOX 16270 |
| SIGNED OS 0005228 DATE 01 31 00 | PLANTATION FL 33324 | PLANTATION FL 33318 6270 |
| | | PIN# 000000    GRP# |

APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88
0105  WHCFA-1500 (12-90)

PLEASE PRINT OR TYPE

FORM HCFA-1500  (12-90)
FORM OWCP-1500
FORM RRB-150

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

13650 N.W. 8TH ST.
SUITE 109.
SUNRISE, FL 33325

# HEALTH INSURANCE CLAIM FORM

| | PICA | | | | | | | PICA | |
|---|---|---|---|---|---|---|---|---|---|

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | X (SSN or ID) | (SSN) | (ID) | 3974908074 | |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE / SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|
| MEEKS DEBORAH | 10 22 1949  F [X] | SAME |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 4179 SW 87 TERR | Self [X] Spouse Child Other | SAME |

| CITY | STATE | 8. PATIENT STATUS | CITY | STATE |
|---|---|---|---|---|
| DAVIE, | FL | Single [X] Married Other | | |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|---|---|
| 33328 | (954) 474 7744 | Employed [X] Full-Time Student / Part-Time Student | | ( ) |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NA | | NONE |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS) | a. INSURED'S DATE OF BIRTH / SEX |
|---|---|---|
| | YES [X] NO | MM DD YY  M F |

| b. OTHER INSURED'S DATE OF BIRTH SEX | b. AUTO ACCIDENT? PLACE (State) | b. EMPLOYER'S NAME OR SCHOOL NAME |
|---|---|---|
| MM DD YY  M F | [X] YES NO [FL] | |

| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT? | c. INSURANCE PLAN NAME OR PROGRAM NAME |
|---|---|---|
| | YES [X] NO | , |

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE | d. IS THERE ANOTHER HEALTH BENEFIT PLAN? |
|---|---|---|
| | | YES [X] NO  If yes, return to and complete item 9 a-d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF   DATE 02 02 00

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE  MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION |
|---|---|---|
| 12 20 99 | | FROM MM DD YY  TO MM DD YY |

| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES |
|---|---|---|
| ALAN M. LAZAR MD    FL | D63025 TAX# 65-0435831 | FROM MM DD YY  TO MM DD YY |

| 19. RESERVED FOR LOCAL USE | 20. OUTSIDE LAB? | $ CHARGES |
|---|---|---|
| | YES [X] NO | NO PURCHASED SERVICES ON THIS CLAIM |

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 842 00
2.
3.
4.

| 22. MEDICAID RESUBMISSION CODE | ORIGINAL REF. NO. |
|---|---|
| | |

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE | | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) | | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| From MM | DD | YY | To MM | DD | YY | | | CPT/HCPCS | MODIFIER | | | | | | | |
| 02 | 01 | 00 | | | | 11 | 01 | 99214 | | 842 00 | 225 00 | 1 | | | | |

| 25. FEDERAL TAX I.D. NUMBER | SSN | EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. BALANCE DUE |
|---|---|---|---|---|---|---|---|
| 5-0435831 | | [X] | 021553-4 | [X] YES NO | $ 225 00 | $ 00 | $ 225 00 |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office) | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE # |
|---|---|---|
| LAZAR MD | PARK PLACE THERAPEUTIC CTR | PARK PLACE THERAPEUTIC CENTER |
| ME0034661   DATE 02 02 00 | 301 NW 84TH AVE  PLANTATION FL 33324 | PO BOX 16270  PLANTATION FL 33318 6270 |
| | | PIN# 000000   GRP# |

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)    0105    WHCFA-1500 (12-90)(5/91)    08-    PLEASE PRINT OR TYPE 00 2 2 239 5    FORM HCFA-1500 (12-90)    FORM OWCP-1500    FORM RRB-1500

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

| | PICA | | | | | **HEALTH INSURANCE CLAIM FORM** | PICA | |

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1 |
|---|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | X (SSN or ID) | (SSN) | (ID) | CL#3974851950 | |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE | SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|---|
| HOFFMANN JOANN | MM 04 DD 07 YY 1958 | M□ F X | SAME |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 7525 NW 61ST TERR    D-2804 | Self X Spouse□ Child□ Other□ | SAME |

| CITY | STATE | 8. PATIENT STATUS | CITY | STATE |
|---|---|---|---|---|
| PARKLAND | FL | Single□ Married X Other□ | | |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|---|---|
| 33067 | 954 340 3169 | Employed□ Full-Time Student□ Part-Time Student□ | | ( ) |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NA | | NONE |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS) | a. INSURED'S DATE OF BIRTH | SEX |
|---|---|---|---|
| | □ YES X NO | MM DD YY | M□ F□ |

| b. OTHER INSURED'S DATE OF BIRTH | SEX | b. AUTO ACCIDENT? | PLACE (State) | b. EMPLOYER'S NAME OR SCHOOL NAME |
|---|---|---|---|---|
| MM DD YY | M□ F□ | X YES NO□ FL | |

| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT? | c. INSURANCE PLAN NAME OR PROGRAM NAME |
|---|---|---|
| | □ YES X NO | |

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE | d. IS THERE ANOTHER HEALTH BENEFIT PLAN? |
|---|---|---|
| | | □ YES X NO    If yes, return to and complete item 9 a-d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF                     DATE 02 04 00

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION |
|---|---|---|
| MM 11 DD 01 YY 99 | | FROM MM DD YY    TO MM DD YY |

| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES |
|---|---|---|
| ALAN M. LAZAR MD    FL | D63025 TAX# 65-0435831 | FROM MM DD YY    TO MM DD YY |

| 19. RESERVED FOR LOCAL USE | 20. OUTSIDE LAB? | $ CHARGES |
|---|---|---|
| | □ YES X NO | NO PURCHASED SERVICES ON THIS CLAIM |

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 723.4        3. 845.00
2. 842.00       4. 1846.9

| 22. MEDICAID RESUBMISSION CODE | ORIGINAL REF. NO. |
|---|---|
| | |

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE | | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS    MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| From MM 02 | DD 02 | YY 00 | To MM | DD | YY | 11 | 01 | 99214 | 723 4 | 225 00 | 1 | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

RECEIVED FEB 10 2000

| 25. FEDERAL TAX I.D. NUMBER | SSN | EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. BALANCE DUE |
|---|---|---|---|---|---|---|---|
| 65-0435831 | | X | 094704-1 | X YES NO□ | $ 225 00 | $ 00 | $ 225 00 |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office) | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE # |
|---|---|---|
| LAZAR MD SIGNED MF0034661    DATE 02 04 00 | PARK PLACE THERAPEUTIC CTR 7171 N UNIVERSITY DR TAMARAC FL   33321 | PARK PLACE THERAPEUTIC CENTER PO BOX 16270 PLANTATION FL 33318 6270 PIN# 000000    GRP# |

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)    0403    WHCFA-1500 (U8-08)    05-

FORM HCFA-1500    (12-90)
FORM OWCP-1500
FORM RRB-1500

**PLEASE PRINT OR TYPE** 32B79

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

**HEALTH INSURANCE CLAIM FORM**

| | PICA | | | | | | PICA | |

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | X (SSN or ID) | (SSN) | (ID) | 3974842983 | |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
LIVERMAN RHONA

3. PATIENT'S BIRTH DATE  MM 04 DD 09 YY 1931   SEX  F X

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
SAME

5. PATIENT'S ADDRESS (No., Street)
10630 LONDON STREET

6. PATIENT RELATIONSHIP TO INSURED
Self X  Spouse  Child  Other

7. INSURED'S ADDRESS (No., Street)
SAME

CITY COOPER CITY   STATE FL

8. PATIENT STATUS
Single   Married X   Other

CITY   STATE

ZIP CODE 33026   TELEPHONE (Include Area Code) (954) 435 5658

Employed X   Full-Time Student   Part-Time Student

ZIP CODE   TELEPHONE (INCLUDE AREA CODE) (   )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)
NA

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
NONE

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES   X NO

a. INSURED'S DATE OF BIRTH  MM DD YY   SEX  M   F

b. OTHER INSURED'S DATE OF BIRTH  MM DD YY   SEX  M   F

b. AUTO ACCIDENT?   PLACE (State)
YES   X NO

b. EMPLOYER'S NAME OR SCHOOL NAME

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?
X YES   NO

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES   X NO   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF   DATE 02 08 00

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

14. DATE OF CURRENT:  MM 11 DD 02 YY 99   ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE  MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION  FROM MM DD YY   TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE
MARTIN E. HALE MD   FL

17a. I.D. NUMBER OF REFERRING PHYSICIAN
D63287 TAX# 65-0435831

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES  FROM MM DD YY   TO MM DD YY

19. RESERVED FOR LOCAL USE

20. OUTSIDE LAB?   YES   X NO

NO PURCHASED SERVICES ON THIS CLAIM

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 923.09
2. 845.00
3.
4.

22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

RECEIVED

| 24. A. DATE(S) OF SERVICE | | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| From MM 02 | DD 02 | YY 00 | To MM | DD | YY | 11 | 01 | 97012 | By | 923 09 | 36 00 | 1 | | | | |
| 02 | 02 | 00 | | | | 11 | 01 | 97035 | | 923 09 | 35 00 | 1 | | | | |
| 02 | 02 | 00 | | | | 11 | 01 | 97124 | | 923 09 | 45 00 | 1 | | | | |
| 02 | 02 | 00 | | | | 11 | 01 | 97530 | | 923 09 | 55 00 | 1 | | | | |

LB 1 1 923 09

25. FEDERAL TAX I.D. NUMBER   SSN   EIN
65-0435831   X

26. PATIENT'S ACCOUNT NO.
211593-0

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
X YES   NO

28. TOTAL CHARGE
$ 171 00

29. AMOUNT PAID
$ 00

30. BALANCE DUE
$ 171 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
HALE MD
SIGNED ME0046937   DATE 02 08 00

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)
PARK PLACE THERAPEUTIC CTR
301 NW 84TH AVE
PLANTATION FL 33324
33468-2

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
PARK PLACE THERAPEUTIC CENTER
PO BOX 16270
PLANTATION FL 33318 6270
PIN# 000000   GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
0204   WHCFA-1500 (12-90)
FORM HCFA-1500 (12-90)
FORM OWCP-1500
FORM RRB-1500

PLEASE PRINT OR TYPE

\* \* \* \* \* SEE BACK OF FORM FOR FRAUD STATEMENT !! \* \* \* \* \*

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

| | | | | | | **HEALTH INSURANCE CLAIM FORM** | |
|---|---|---|---|---|---|---|---|

PICA | | | | | | | PICA

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1 |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) X | (SSN or ID) | (SSN) | (ID) | CL#3974797476 | |

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) | 3. PATIENT'S BIRTH DATE | SEX | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) |
|---|---|---|---|
| STARFAS EPISTIMI | 01 26 1971 M | F X | SAME |

| 5. PATIENT'S ADDRESS (No., Street) | 6. PATIENT RELATIONSHIP TO INSURED | 7. INSURED'S ADDRESS (No., Street) |
|---|---|---|
| 22616 SEA BASS DR | Self X Spouse Child Other | SAME |

| CITY | | STATE | 8. PATIENT STATUS | CITY | | STATE |
|---|---|---|---|---|---|---|
| BOCA RATON | | FL | Single Married X Other | | | |

| ZIP CODE | TELEPHONE (Include Area Code) | | ZIP CODE | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|---|---|
| 33428 | (561 )477 8031 | Employed X Full-Time Student Part-Time Student | | |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER |
|---|---|---|
| NA | | NONE |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS) | a. INSURED'S DATE OF BIRTH | SEX |
|---|---|---|---|
| | YES X NO | MM DD YY | M F |

| b. OTHER INSURED'S DATE OF BIRTH | SEX | b. AUTO ACCIDENT? | PLACE (State) | b. EMPLOYER'S NAME OR SCHOOL NAME |
|---|---|---|---|---|
| MM DD YY | M F | X YES NO FL | | |

| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT? | c. INSURANCE PLAN NAME OR PROGRAM NAME |
|---|---|---|
| | YES X NO | |

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE | d. IS THERE ANOTHER HEALTH BENEFIT PLAN? |
|---|---|---|
| | | YES X NO If yes, return to and complete item 9 a-d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF        DATE 02 04 00

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION |
|---|---|---|
| 09 01 99 | | FROM MM DD YY TO MM DD YY |

| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES |
|---|---|---|
| ALAN M. LAZAR MD FL | D63025 TAX# 65-0435831 | FROM MM DD YY TO MM DD YY |

| 19. RESERVED FOR LOCAL USE | 20. OUTSIDE LAB? | $ CHARGES |
|---|---|---|
| | YES X NO | NO PURCHASED SERVICES ON THIS CLAIM |

| 21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE) | 22. MEDICAID RESUBMISSION CODE | ORIGINAL REF. NO. |
|---|---|---|
| 1. 923.03      3. 847.0 | | |
| 2. 847.2      4. 723.1 | 23. PRIOR AUTHORIZATION NUMBER | |

| 24. | A. DATE(S) OF SERVICE | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) | | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From MM DD YY | | To MM DD YY | | | | | CPT/HCPCS | MODIFIER | | | | | | | |
| | 02 02 00 | | | | | 11 | 01 | 99214 | | 923 03 | 22500 | 1 | | | | |

RECEIVED FEB -0 2000 BY

| 25. FEDERAL TAX I.D. NUMBER | SSN | EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. BALANCE DUE |
|---|---|---|---|---|---|---|---|
| 5-0435831 | | X | 117664-0 | X YES NO | $ 22500 | $ 00 | $ 22500 |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office) | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE # |
|---|---|---|
| LAZAR MD | PARK PLACE THERAPEUTIC CTR 7171 N UNIVERSITY DR TAMARAC FL 33321 | PARK PLACE THERAPEUTIC CENTER PO BOX 16270 PLANTATION FL 33318 6270 |
| SIGNED ME0034661 DATE 02 04 00 | | PIN# 000000 GRP# |

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)    0403    WHCFA-1500 8 Cr 7/3 Gr 05 ~

PLEASE PRINT OR TYPE    32882

FORM HCFA-1500        (12-90)
FORM OWCP-1500
FORM RRB-1500

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

ALLSTATE
13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

| PICA | | | | | | | **HEALTH INSURANCE CLAIM FORM** | PICA |

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | [X] (SSN or ID) | (SSN) | (ID) | CL#3974805338 | |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
HORNE CELIA

3. PATIENT'S BIRTH DATE: 09 20 1941    SEX  F [X]

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
SAME

5. PATIENT'S ADDRESS (No., Street)
930 NW 34 AVE

6. PATIENT RELATIONSHIP TO INSURED
Self [X]  Spouse  Child  Other

7. INSURED'S ADDRESS (No., Street)
SAME

CITY: FT LAUDERDALE    STATE: FL

8. PATIENT STATUS
Single [X]  Married  Other

CITY                STATE

ZIP CODE: 33311    TELEPHONE (Include Area Code): (954) 791 5288

Employed [X]  Full-Time Student  Part-Time Student

ZIP CODE    TELEPHONE (INCLUDE AREA CODE): (   )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)
NA

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
NONE

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES [X] NO

a. INSURED'S DATE OF BIRTH
MM DD YY    SEX  M   F

b. OTHER INSURED'S DATE OF BIRTH
MM DD YY    SEX  M   F

b. AUTO ACCIDENT?    PLACE (State)
[X] YES  NO [FL]

b. EMPLOYER'S NAME OR SCHOOL NAME

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?
YES [X] NO

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES [X] NO    If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF    DATE 02 07 00

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

14. DATE OF CURRENT: 04 12 98    ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS GIVE FIRST DATE  MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY    TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE
MARTIN E. HALE MD    FL

17a. I.D. NUMBER OF REFERRING PHYSICIAN
D63287 TAX# 65-0435831

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY    TO MM DD YY

19. RESERVED FOR LOCAL USE

20. OUTSIDE LAB?    NO PURCHASED SERVICES ON THIS CLAIM
YES [X] NO

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 842 10
2. 
3. 
4. 

22. MEDICAID RESUBMISSION CODE    ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE | | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| From MM | DD | YY | To MM | DD | YY | | | | | | | | | | | |
| 02 | 04 | 00 | | | | 11 | 01 | 97124 | | 842 10 | 45 00 | 1 | | | | |
| 02 | 04 | 00 | | | | 11 | 01 | 97018 | | 842 10 | 45 00 | 1 | | | | |
| 02 | 04 | 00 | | | | 11 | 01 | 97530 | | 842 10 | 55 00 | 1 | | | | |

FEB 10 2000
By

25. FEDERAL TAX I.D. NUMBER  SSN  EIN
5-0435831  [X]

26. PATIENT'S ACCOUNT NO.
212310-0

27. ACCEPT ASSIGNMENT? (For govt. claims, see back.)
[X] YES  NO

28. TOTAL CHARGE: $ 145 00

29. AMOUNT PAID: $ 00

30. BALANCE DUE: $ 145 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
HALE MD
SIGNED ME0046937    DATE 02 07 00

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)
PARK PLACE THERAPEUTIC CTR
301 NW 84TH AVE
PLANTATION FL 33324

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
PARK PLACE THERAPEUTIC CENTER
PO BOX 16270
PLANTATION FL 33318 6270
PIN# 000000    GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
0204    WHCFA-1500 WHCFA-1500 (12-90)

PLEASE PRINT OR TYPE

FORM HCFA-1500  (12-90)
FORM OWCP-1500
FORM RRB-1500

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

13650 N.W. 8TH ST.
SUITE 109
SUNRISE, FL 33325

| PICA | | **HEALTH INSURANCE CLAIM FORM** | PICA |
|---|---|---|---|

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | X (SSN or ID) | (SSN) | (ID) | CL#3974805338 | |

**2. PATIENT'S NAME (Last Name, First Name, Middle Initial)**
HORNE CELIA

**3. PATIENT'S BIRTH DATE** MM 09 DD 20 YY 1942   **SEX** M   F X

**4. INSURED'S NAME (Last Name, First Name, Middle Initial)**
SAME

**5. PATIENT'S ADDRESS (No., Street)**
930 NW 34 AVE

**6. PATIENT RELATIONSHIP TO INSURED**
Self X   Spouse   Child   Other

**7. INSURED'S ADDRESS (No., Street)**
SAME

**CITY** FT LAUDERDALE   **STATE** FL

**8. PATIENT STATUS**
Single X   Married   Other

**CITY** **STATE**

**ZIP CODE** 33311   **TELEPHONE (Include Area Code)** (954) 791 5288

Employed X   Full-Time Student   Part-Time Student

**ZIP CODE** **TELEPHONE (INCLUDE AREA CODE)** ( )

**9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)**
NA

**10. IS PATIENT'S CONDITION RELATED TO:**

**11. INSURED'S POLICY GROUP OR FECA NUMBER**
NONE

**a. OTHER INSURED'S POLICY OR GROUP NUMBER**

**a. EMPLOYMENT? (CURRENT OR PREVIOUS)**
YES   X NO

**a. INSURED'S DATE OF BIRTH** MM DD YY   **SEX** M   F

**b. OTHER INSURED'S DATE OF BIRTH** MM DD YY   **SEX** M   F

**b. AUTO ACCIDENT?**   **PLACE (State)**
X YES   NO LFL

**b. EMPLOYER'S NAME OR SCHOOL NAME**

**c. EMPLOYER'S NAME OR SCHOOL NAME**

**c. OTHER ACCIDENT?**
YES   X NO

**c. INSURANCE PLAN NAME OR PROGRAM NAME**

**d. INSURANCE PLAN NAME OR PROGRAM NAME**

**10d. RESERVED FOR LOCAL USE**

**d. IS THERE ANOTHER HEALTH BENEFIT PLAN?**
YES   X NO   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
**12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SOF   DATE 02 04 00

**13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SOF

**14. DATE OF CURRENT:** MM 09 DD 12 YY 99   ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)

**15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE** MM DD YY

**16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION** FROM MM DD YY   TO MM DD YY

**17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE**
MARTIN E. HALE MD   FL

**17a. I.D. NUMBER OF REFERRING PHYSICIAN**
D63287 TAX# 65-0435831

**18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES** FROM MM DD YY   TO MM DD YY

**19. RESERVED FOR LOCAL USE**

**20. OUTSIDE LAB?**
YES   X NO   $ CHARGES
NO PURCHASED SERVICES ON THIS CLAIM

**21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)**
1. 842.10   3.
2.   4.

**22. MEDICAID RESUBMISSION CODE**   ORIGINAL REF. NO.

**23. PRIOR AUTHORIZATION NUMBER**

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS \| MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 02 02 00 | | 11 | 01 | 97124 | 842 10 | 45 00 | 1 | | | | |
| 2 | 02 02 00 | | 11 | 01 | 97039 | 842 10 | 45 00 | 1 | | | | |
| 3 | 02 02 00 | | 11 | 01 | 97530 | 842 10 | 55 00 | 1 | | | | |
| 4 | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | |
| 6 | | | | | | | | | | | | |

**25. FEDERAL TAX I.D. NUMBER** 65-0435831   SSN   EIN X

**26. PATIENT'S ACCOUNT NO.** 212310-0

**27. ACCEPT ASSIGNMENT?** (For govt. claims, see back)
X YES   NO

**28. TOTAL CHARGE** $ 145 00

**29. AMOUNT PAID** $ 00

**30. BALANCE DUE** $ 145 00

**31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS** (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
M HALE MD
SIGNED ME0046937   DATE 02 04 00

**32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)**
PARK PLACE THERAPEUTIC CTR
301 NW 84TH AVE
PLANTATION FL 33324

**33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #**
PARK PLACE THERAPEUTIC CENTE
PO BOX 16270
PLANTATION FL 33318 6270
PIN# 000000   GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)   0204   WHCFA-1500 Form 05-3   **PLEASE PRINT OR TYPE**   FORM HCFA-1500   (12-90)
FORM OWCP-1500   FORM RRB-150.

* * * * * SEE BACK OF FORM FOR FRAUD STATEMENT !! * * * * *

EXHIBIT "C"

| Florida Division of<br>Corporations<br>Public Access | Corporate Inquiry Menu:<br>Please select an inquiry type from the list below, then enter a<br>search key in the search field. Press **SEARCH** to begin the search. |
|---|---|
| Inquiry by:<br>● Corporation / Trademark Name<br>● Officer / Registered Agent Name<br>● Registered Agent Name<br>● Trademark Owner Name<br>● FEI Number<br>● Document Number<br>● Trademark Name<br>**Search String:**<br><br>HomePage | 3/27/00           CORPORATE DETAIL RECORD SCREEN<br>NUM: P93000064342 ST:FL ACTIVE/FL PROFIT     FLD: 09/15/1993<br>LAST: AMENDMENT                  FLD: 12/03/1998<br>FEI#: 65-0435831<br>NAME     : ORTHO-ASSOCIATES, P.A.<br>PRINCIPAL: 301 NW 84TH AVE<br>ADDRESS   PLANTATION, FL 33324<br>MAILING  : PO BOX 16270                    C<br>ADDRESS   PLANTATION, FL 33318-6270 US<br>RA NAME  : KNIGHT, JAY L<br>RA ADDR  : 301 NW 84TH AVE<br>           PLANTATION, FL 33324 US<br>ANN REP  : (1998) BY 03/04/98   (1999) AY 02/19/99   (2000<br><br>Officers  Events<br><br>----- THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTIO<br>Document Image |

EXHIBIT "D"

| Florida Division of Corporations Public Access | Corporate Inquiry Menu:<br>Please select an inquiry type from the list below, then enter a search key in the search field. Press SEARCH to begin the search. |
|---|---|
| **Inquiry by:**<br>● Corporation / Trademark Name<br>● Officer / Registered Agent Name<br>● Registered Agent Name<br>● Trademark Owner Name<br>● FEI Number<br>● Document Number<br>● Trademark Name<br>**Search String:**<br><br>[ ]<br><br>&#9632;    HomePage | ```
3/27/00              OFFICER/DIRECTOR DETAIL SCREEN
CORP NUMBER: P93000064342  CORP NAME: ORTHO-ASSOCIATES, P.A.
TITLE: CEO     NAME: KNIGHT, JAY L
                     301 NW 84TH AVE
                     PLANTATION, FL
TITLE: VS      NAME: LAZAR, ALAN M
                     301 NW 84TH AVE
                     PLANTATION, FL
TITLE: PVT     NAME: HALE, MARTIN E
                     301 NW AVE
                     PLANTATION, FL
TITLE: V       NAME: MAY, MARTIN M
                     301 NW 84TH AVE
                     PLANTATION, FL
``` <br><br>Events<br><br>----- THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTIO<br>Document Image |

EXHIBIT "E"



## PARK PLACE THERAPEUTIC CENTER
301 NORTHWEST 84TH AVENUE
PLANTATION, FL 33324- US

| **Document Number** | **Status** | **Date Filed** |
| G93280900032 | ACTIVE | 10/07/1993 |

| **Expiration Date** | **Current Owners** | **County** |
| 12/31/2003 | 000000001 | BROWARD |

| **Total Pages** | **Events Filed** | **FEI Number** |
| 000000002 | 000000001 | 650435831 |

## View Filing History



## Owner Information

| Name & Address | FEI Number | Charter Number |
|---|---|---|
| ORTHO-ASSOCIATES, P.A.<br>301 NORTHWEST 84TH AVENUE<br>PLANTATION, FL 33324 US | APPL | P93000064342 |

## Document Images

| Action | Document Number | Fax Number | Contact Name |
|---|---|---|---|
| ● Display Image | | | |
| ● Fax Image | | | |

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**





## Filing History



**

G98999027196 is a RENEWAL filed on 08/14/1998 with 0001 page(s).
This document contains 0002 actions.
1) Add Renewal
2) Changed address
    Old address is :
    301 NORTHWEST 84TH AVENUE
    PLANTATION, FL 33324 BROWARD
    New address is :
    301 NORTHWEST 84TH AVENUE
    PLANTATION, FL 33324 BROWARD New FEI #: 65-0435831

## Document Images

| Action | Document Number | Fax Number | Contact Name |
|---|---|---|---|
| ● Display Image | | | |
| ● Fax Image | | | |

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**



EXHIBIT "F"



## PARK PLACE ORTHOPAEDICS & REHABILITATION
P.O. BOX 16270
PLANTATION, FL 33318-6270

| | | |
|---|---|---|
| **Document Number**<br>G99189900314 | **Status**<br>ACTIVE | **Date Filed**<br>07/08/1999 |
| **Expiration Date**<br>12/31/2004 | **Current Owners**<br>000000001 | **County**<br>MULTIPLE |
| **Total Pages**<br>000000001 | **Events Filed**<br>000000000 | **FEI Number**<br>NONE |

## No Filing History

## Owner Information

| Name & Address | FEI Number | Charter Number |
|---|---|---|
| ORTHO-ASSOCIATES, P.A.<br>301 NW 84TH AVENUE<br>PLANTATION, FL 33324 | 650435831 | P93000064342 |

## Document Images

| Action | Document Number | Fax Number | Contact Name |
|---|---|---|---|
| ● Display Image | | | |
| ● Fax Image | | | |

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**



EXHIBIT "G"

CCN Auto Claims Listing
Park Place Therapeutic
Detailed and MBA Data
May 1999 Through Feb 2006
ALL Claims

$4,578.00  $2,705.32  $1,072.58

| Claimant Name | Post Month/ Audit Date | Provider Name | Tin | Provider Address | First Dos | Last Dos | Case # | Diag1 | Diag2 | Claim Number | DOI | Charges | Network Savings | Allowed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JORGE, ROSELIO | 9/20/99 STRINGHAM, DOUGLAS | STRINGHAM, DOUGLAS | 650435831 | PO BOX 16270 | 9/9/99 | 9/9/99 | 1451007137 | 30781 | 7224 | 3974060212 | 5/31/99 | $109.00 | $58.08 | $50.32 |
| JORGE, DAISY | 9/21/99 STRINGHAM, DOUGLAS | STRINGHAM, DOUGLAS | 650435831 | PO BOX 16270 | 8/31/99 | 8/31/99 | 1442008455 | 80700 | 72180 | 3974060212 01 | 5/31/99 | $85.00 | $50.97 | $34.03 |
| MORRIS, FREMON | 6/1/99 WEISS, DEBRA | WEISS, DEBRA | 650435831 | PO BOX 16270 | 4/14/99 | 4/14/99 | 1482035551 | 71515 | 7179 | 3974550451 | 11/25/98 | $220.00 | $129.08 | $90.92 |
| LASSER-STEIN, LAURA | 8/11/99 WEISS, DEBRA | WEISS, DEBRA | 650435831 | PO BOX 16270 | 7/20/99 | 7/20/99 | 1436003221 | 8470 | 7281 | 2215553968 | 1/6/99 | $425.00 | $335.27 | $89.73 |
| HUNT, ANDRE | 9/29/99 WEISS, DEBRA | WEISS, DEBRA | 650435831 | PO BOX 16270 | 7/27/99 | 7/27/99 | 1439005856 | 3441 | 9595 | 641026024 | 6/14/99 | $1,440.00 | $892.08 | $547.92 |
| LASSER-STEIN, LAURA | Oc-99 WEISS, DEBRA R | WEISS, DEBRA R | 650435831 | 901 N.W. 64TH AVE. | 10/12/99 | 10/12/99 | 856 | 847.0 | 7281 | 2215553968 | 1/6/99 | $85.00 | $50.97 | $34.03 |
| DELGIUDICE, EMILY | 3/31/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 3/9/99 | 3/9/99 | 1462000873 | 7,2980 | 71504 | 3974462734 | 3/9/99 | $250.00 | $164.76 | $85.24 |
| DELGIUDICE, EMILY | 4/9/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 3/23/99 | 3/23/99 | 1445001171 | 72980 | 71504 | 3974462734 | 2/23/99 | $188.00 | $102.06 | $85.94 |
| DELGIUDICE, EMILY | 4/9/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 3/25/99 | 3/25/99 | 1481001419 | 72980 | 71504 | 3974462734 | 3/9/99 | $180.00 | $95.04 | $84.96 |
| GORDON, ORD | 6/25/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 6/7/99 | 6/7/99 | 1445005768 | 3540 | 3549 | 3974520558 | 3/2/99 | $325.00 | $219.83 | $105.17 |
| GORDON, ORD | 7/2/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 6/21/99 | 6/21/99 | 1477005115 | 3540 | | 3974520558 | 3/2/99 | $85.00 | $50.97 | $34.03 |
| FRIEDMAN, MICHAEL | 7/19/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 7/1/99 | 7/1/99 | 1452007873 | 51500 | 84210 | 3974519007 | 11/14/99 | $245.00 | $186.28 | $58.72 |
| KELSO, BARBARA | 9/2/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 7/13/99 | 7/13/99 | 1425000886 | 84210 | | 3974745841 | 7/2/99 | $555.00 | $385.94 | $169.06 |
| KELSO, BARBARA | 9/9/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 7/13/99 | 7/13/99 | 1442003308 | 84210 | | 3974745841 | 7/2/99 | $1,200.00 | $753.37 | $446.63 |
| KELSO, BARBARA | 9/11/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 7/21/99 | 7/21/99 | 1430003219 | 84210 | | 3974745841 | 7/2/99 | $85.00 | $50.97 | $34.03 |
| KELSO, BARBARA | 9/23/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 8/9/99 | 8/9/99 | 1485005300 | 84210 | | 3974745841 | 7/2/99 | $330.00 | $98.75 | $231.25 |
| HUNT, ANDRE | 9/26/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 7/23/99 | 7/23/99 | 1439005857 | 81322 | 84202 | 641026024 | 6/14/99 | $325.00 | $209.10 | $115.90 |
| KELSO, BARBARA | 6/27/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 8/9/99 | 8/9/99 | 1430003649 | 84210 | | 3974745841 | 7/2/99 | $170.00 | $67.97 | $102.03 |
| KELSO, BARBARA | 9/1/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 8/17/99 | 8/17/99 | 1444000198 | 84210 | | 3974745841 | 7/2/99 | $180.00 | $98.46 | $81.54 |
| KELSO, BARBARA | 9/1/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 8/23/99 | 8/23/99 | 1486003713 | 84210 | | 3974745841 | 7/2/99 | $135.00 | $76.68 | $58.32 |
| KELSO, BARBARA | 9/9/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 8/27/99 | 8/27/99 | 1484000863 | 84210 | | 3974745841 | 7/2/99 | $135.00 | $76.68 | $58.32 |
| KELSO, BARBARA | 9/20/99 ZIDEL, PAUL | ZIDEL, PAUL | 650435831 | PO BOX 16270 | 9/1/99 | 9/1/99 | 1456004252 | 84210 | | 3974745841 | 7/2/99 | $180.00 | $98.46 | $81.54 |

1,567 Bills processed

$596,666.00  $227,054.00  $338,544.60

CCN Analytic Services
3/26/2000

Parts/Place there a

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6269-CIV-DIMITROULEAS

DRS. MARTIN MAY, ALAN LAZAR,
MARTIN HALE, JOEL RUSH, PAUL ZIDEL,
RICHARD LINN, RICHARD BERKOWITZ,
DOUGLAS STRINGHAM, ANDREW
ELLOWITZ, ALAN NOVICK, DEBRA WEISS,
and NEIL SCHECHTER,

Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant.

_____/



## ORDER ON MOTION TO REMAND
## AND MOTION TO DISMISS

THIS CAUSE is before the Court upon Plaintiffs', Drs. Martin May, Alan Lazar, Martin

Hale, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz, Douglas Stringham, Andrew

Ellowitz, Alan Novick, Debra Weiss and Neil Schechter Motion for Remand, filed herein on

March 14, 2000 and Defendant, Allstate Insurance Company's Motion to Dismiss, filed herein

on March 1, 2000. The Court has carefully reviewed the motions and is otherwise fully advised

in the premises.

## I. BACKGROUND

Plaintiffs are doctors, who practice under the names "Park Place Therapeutic Center" and

"Park Place Orthopaedics & Rehabilitation." As this entity, they submit claims to Allstate for

payment on behalf of persons insured by Allstate for personal injury protection benefits, and

receive payments from Allstate.

1

EXHIBIT "B"

Defendant, Allstate, sells automobile insurance policies in Florida which contain personal injury protection, pursuant to Florida law. Under the PIP coverage, Allstate agrees to pay 80% of reasonable charges for necessary medical treatment provided to covered insured who suffer injury in an automobile accident. Plaintiffs claim that the amount that they have received, pursuant to bills they have sent to Defendant, of work they have done on Defendant's insureds, is "substantially less than [Allstate] is statutorily and contractually obligated to pay."

On January 21, 2000, Plaintiffs filed a two Count Complaint in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida. The action was timely removed. The Complaint is for: 1) Declaratory Relief; and 2) Breach of Contract.

Plaintiffs seek remand to State Court, arguing that the amount of PIP benefits paid to Plaintiffs pursuant to illegally obtained discounts by Defendant, compared to the amounts that should have been paid, can not be determined with certainty. They could potentially exceed or fall below the necessary jurisdictional amount, and therefore Defendants cannot provide, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Defendant counters this argument by stating that Plaintiffs are engaged together in the practice of medicine, submit the claims together, and receive payments together. Defendant submits the Explanation of Medical Bill Payments and Health Insurance Claim Forms as evidence that Plaintiffs are engaged in a united practice of medicine.

Defendant next moves to dismiss this action. It argues that Plaintiffs do not allege that Allstate offers "preferred provider" PIP coverage under the policy. The insured are entitled to choose the health care provider they want, on their own. Plaintiffs claim that Defendant pays PIP claims for medical benefits at 80% of "preferred provider" rates. Defendant argues that it is not required to offer a "preferred provider" policy to its insured and therefore, has not failed to pay

2

PIP benefits as required by § 627.736, Florida Statutes. Defendant also argues that the

Complaint does not establish that it breached an obligation under the PIP coverage or §

627.736(10), Florida Statutes, by paying medical benefits at a "reasonable" rate, if it is less than

what Plaintiffs request. Defendant's last argument is that there is no private cause of action

permitted for violations of § 627.736(10). In sum, Defendant claims Plaintiffs do not state a

claim.

Plaintiffs, in their two page response, argue that they strongly disagree with Defendant's

arguments in the dismissal motion, and aver that they do state a claim.

## II. DISCUSSION

### A. Remand

"Any civil case filed in state court may be removed by the defendant to federal court if

the case could have been brought originally in federal court." Tapscott v. MS Dealer Service

Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). Federal Jurisdiction should be found, unless it

appears within "a legal certainty that the claim is really for less than the jurisdictional amount."

Id. at 1356. However, "[w]here a plaintiff has made an unspecified demand for damages, a lower

burden of proof is warranted because there is simply no estimate of damages to which a court

may defer. Id. at 1356-57; See Gafford v. General Electric Company, 997 F.2d 150, 160 (6th Cir.

1993).

Plaintiffs claim that the amount of controversy in this action can only be determined by

calculating the amount of PIP benefits paid individually, to Plaintiffs. However, Plaintiffs are

engaged together in the practice of medicine under two names, "Park Place Therapeutic Center"

and "Park Place Orthopaedics & Rehabilitation." Plaintiffs submit forms to receive payment,

and receive payment collectively. The Health Insurance Claim Forms, submitted by Defendant,

3

shows that the I.D. Number of Referring Physician contains the same tax number on each sheet.
Additionally, in the space marked "Physician's, Supplier's Billing Name...," Park Place
Therapeutic Center is noted on each form. On the Explanation of Medical Bill Payment,
submitted by Defendant, in the space marked, "Treatment Rendered By," is the name Park Place
Therapeutic Center. "[W]hen several plaintiffs unite to enforce a single title or right, in which
they have a common and undivided interest, it is enough if their interests collectively equal the
jurisdictional amount." Troy Bank of Troy, Indiana v. G.A. Whitehead & Company, 222 U.S.
39, 40-41 (1911). The aggregate amount of the reduction of payments clearly exceeds the
$75,000 threshold necessary to confer jurisdiction on this Court.

### B. Dismiss

It is long settled that a complaint should not be dismissed unless it appears beyond a
doubt that the plaintiff could prove no set of facts in support of his claim which would entitle
him to relief. Conley v. Gibson, 355 U.S. 41 (1957). The allegations of the claim must be taken
as true and must be read to include any theory on which the plaintiff may recover. See Linder v.
Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43
(5th Cir.1967)). There must be a showing that the plaintiff has no claim before granting a motion
to dismiss. June Vernon and Delroy Vernon v. Medical Management Associates of Margate,
Inc., 912 F.Supp. 1549 (S.D.Fla. 1996).

Defendant's first argument is that the Complaint fails to allege a breach of contract or
violation of § 627.736. Plaintiffs allege in their Complaint, that Allstate pays PIP claims for
medical benefits at 80% of "preferred provider" rates. However, Plaintiffs fail to define
"preferred provider" rates, nor do they allege that such rates were not reasonable. Plaintiffs
claim, then, that because Allstate does not provide an option to insureds to purchase a "preferred

4

provider" policy for PIP benefits, it breached its contracts of insurance with its insureds and violated § 627.736(10) by paying at those rates. Therefore, Plaintiffs' only allegation is that Allstate is paying certain health care providers reduced rates which those providers have agreed to accept for medical services covered under the Allstate PIP contracts.

Plaintiffs, in the Complaint, claim that Defendant's standard policy does not comply with § 627.736(1)(a), which necessitates a party to have personal injury protection of "[e]ighty percent of all reasonable expenses for necessary medical..." Plaintiffs claim that they provided medical treatment, and were paid less than what is statutorily and contractually obligated to pay. However, Plaintiff's claims are not based on this Florida Statute.

Plaintiffs also argue that Defendant refers to Plaintiffs actions as "preferred providers," and such designation is improper. § 627.736(10), Florida Statutes, states in pertinent part, "(10) An insurer may negotiate and enter into contracts with licensed health care providers for the benefits described in this section, referred to in this section as 'preferred providers,' which shall include health care providers...The insurer may provide an option to an insured to use a preferred provider at the time of purchase of the policy for personal injury protection benefits..." Plaintiffs attached the insurance policy to the Complaint. The Court may consider the policy for purposes of a motion to dismiss. Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1369 (11th Cir. 1997); Smith Barney, Inc. v. Scanlon, 180 F.R.D. 444, 446 (S.D.Fla. 1998). Such consideration of a document attached to Plaintiff's complaint does not convert the motion to dismiss into a motion for summary judgment. Id. The policy does not contain the term "preferred providers," and Plaintiffs are not the parties the statute is meant to protect. Additionally, the statute does not state that Defendant must offer a "preferred providers" plan, but only regulates those parties that choose to do so.

5

Defendant argues that the statute was not enacted to benefit medical providers, and therefore, does not allow Plaintiffs to rely on it as their basis for damages. In Fischer v. Metcalf, the Third District Court of Appeals discussed three criteria[1] which are pertinent to whether the legislature intended a statute to benefit a party. They are, "1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; 2) whether there is any indication, either explicit or implicit, of a legislative intent to create or deny such a remedy; and 3) whether judicial implication is consistent with the underlying purposes of the legislative scheme." Fischer v. Metcalf, 543 So.2d 785, 788 (Fla. 3rd DCA 1989); See Cort v. Ash, 422 U.S. 66 (1975).

§ 627.736, Florida Statutes, was not enacted to benefit medical providers. Plaintiffs are not the class whose especial benefit the statute was enacted. The statute was enacted to protect insureds from harm as a result of accidents with other drivers, and actions by insurance companies. The statute was not enacted to ensure that medical providers received what they felt was a reasonable wage. The legislature did not imply, nor can it be inferred, that the medical providers were the parties the statute was enacted to protect. The Court cannot infer that the Legislature intended to protect the medical providers with the enactment of § 627.736. "Legislative intent, rather than duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one." Murthy v. N. Sinha Corp., 644 So.2d 983, 985 (Fla. 1994). Plaintiffs claim for relief based on Defendant's alleged violation of § 627.736, Florida, Statutes, does not allege a cause of action.

---

[1] Out of a four part test.

6

The remaining issue is whether Plaintiffs may sue Defendant for paying them what they do not deem to be reasonable rates, as preferred providers. However, the term preferred provider is not mentioned in the insurance policy and Defendant's actions do not resemble the statute's definition of the term preferred provider. Therefore, Plaintiffs claim is based on being intended third party beneficiaries to Defendant's insurance policies. Plaintiffs are not in direct contractual privity with Defendant. "[T]he term 'privity' is a word of art derived from the common law of contracts and used to describe the relationship with persons who are parties to a contract." Espinosa v. Sparber, et al., 612 So.2d 1378, 1380 (Fla. 1993). Usually only parties to a contract may collect on the contract. However, "an intended third party beneficiary of a contract may recover damages from the contracting parties if they breach the contract." Jacobson v. Heritage Quality Construction Co., Inc., 604 So.2d 17, 18 (Fla. 4th DCA 1992). "Essential to the right of a third party beneficiary of a contract to maintain an action for its breach is a clear intent and purpose of the contract to directly and substantially benefit the third party." Thompson v. Commerical Union Insurance Company of N.Y., 250 So.2d 259, 262 (Fla. 1971). The insurance policies between Defendant and the insureds are clear in their intent to directly and substantially benefit Plaintiffs[2]. Plaintiffs, in the present action, "must plead the contract which was expressly for (their) benefit and one under which it clearly appears that (they were) a beneficiary." Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100, 102 (Fla. 4th DCA 1969). Plaintiffs properly pled that they were intended third party beneficiaries to defeat the motion to dismiss.

## III. CONCLUSION

Plaintiffs did not, nor could they, properly plead a cause of action under § 627.736(1)(a)

---

[2] Although this benefit is not the main crux of the insurance policy.

7

and (10) as the basis of Defendant's liability. The statute does not delineate that there exists such

a cause of action exists, nor is the statute drafted to benefit medical providers. Plaintiffs do state

a cause of action for breach of contract, in that they are the intended third party beneficiaries to

the insurance policy, but not on the basis that they were improperly treated as preferred

providers.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand is hereby **DENIED**;

2. Defendant's Motion to Dismiss is hereby **GRANTED**; in part. Motion to Dismiss

Count I is hereby Granted; Count I is dismissed with prejudice. Motion to Dismiss Count II is

hereby **GRANTED**; Count II dismissed without prejudice, with leave to amend in accordance

with this Order. An Amended Complaint shall be filed within then days of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this _11_ day of

April, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Peter Valeta, Esq.
Lawrence Kopelman, Esq.
David B. Shelton, Esq.

8

**\*492010**  NOTICE: THIS OPINION HAS NOT
BEEN RELEASED FOR PUBLICATION IN THE
PERMANENT LAW REPORTS.    UNTIL
RELEASED, IT IS SUBJECT TO REVISION OR
WITHDRAWAL.

**David CROSS and Peggy Cross, Appellants,**
v.
**STRADER CONSTRUCTION
CORPORATION, Appellee.**

**No. 2D98-3627.**

District Court of Appeal of Florida,

Second District.

April 28, 2000.

General contractor brought action against
homeowners for enforcement of mechanic's lien,
breach of contract, and quantum meruit.
Homeowners counterclaimed for breach of contract.
The Circuit Court, Hillsborough County, Dick
Greco, Jr., J., awarded contractor $28,011 in
damages, based on quantum meruit claim, and
granted contractor's motion to enforce judgment lien
and authorized sale of property.    Homeowners
appealed. The District Court of Appeal, Whatley,
Acting C.J., held that contractor's monetary
judgment was not enforceable against homeowner's
property so long as it maintained its homestead
status.

Reversed and remanded.

Davis, J., dissented with opinion.

**1. HOMESTEAD⬤⮬ 97**

202    ----

2021    Nature, Acquisition, and Extent
202I(E)    Liabilities Enforceable Against
    Homestead
202k97    Claims and liens for creation,
    improvement, or preservation of
    property.

Fla.App. 2 Dist. 2000.

Judgment for quantum meruit damages in favor of
general contractor, on property that was

homeowner's homestead, did not fall within
exceptions to homestead exemption, and thus
contractor's monetary judgment was not enforceable
against homeowner's property so long as it
maintained its homestead status. West's F.S.A.
Const. Art. 10 § 4(a).

**2. HOMESTEAD⬤⮬ 5**

202    ----

2021    Nature, Acquisition, and Extent
202I(A)    Nature, Creation, and Duration of
    Estate or Right in General
202k5    Construction of homestead laws in
    general.

Fla.App. 2 Dist. 2000.

State law requires a strict construction of the
exceptions to the homestead exemption. West's
F.S.A. Const. Art. 10 § 4(a).

**3. IMPLIED    AND    CONSTRUCTIVE
CONTRACTS⬤⮬ 30**

205H    ----

205HI    Nature and Grounds of Obligation
205HI(C)    Services Rendered
205Hk30    Work and labor in general;
    quantum meruit.

Fla.App. 2 Dist. 2000.

Quantum meruit is the antithesis of matters
contracted for.

**4. IMPLIED    AND    CONSTRUCTIVE
CONTRACTS⬤⮬ 60.1**

205H    ----

205HI    Nature and Grounds of Obligation
205HI(D)    Effect of Express Contract
205Hk60    Contract for Services
205Hk60.1    In general.

Fla.App. 2 Dist. 2000.

Quantum meruit damages cannot be awarded when
an enforceable contract exists.

Copyright (c) West Group 2000 No claim to original U.S. Govt. works

## 5. IMPLIED AND CONSTRUCTIVE CONTRACTS⬤⇒ 60.1

205H ----

205HI   Nature and Grounds of Obligation
205HI(D)   Effect of Express Contract
205Hk60   Contract for Services
205Hk60.1   In general.

Fla.App. 2 Dist. 2000.

Breach of contract and quantum meruit are mutually exclusive remedies.

Appeal from the Circuit Court for Hillsborough County; Dick Greco, Jr., Judge.

Debra J. Sutton of The Law Office of Debra J. Sutton, P.A., Bartow, and David and Peggy Cross, Riverview, pro se.

Dennis J. LeVine and D. Brett Marks of Dennis LeVine & Associates, P.A., Tampa, for Appellee.

WHATLEY, Acting Chief Judge.

**\*\*1** David and Peggy Cross appeal an order granting Strader Construction Corporation's motion for enforcement of a judgment lien. We conclude that the homestead exemption precluded the enforcement of the judgment lien and reverse.

The Crosses hired Strader as a general contractor to construct their home. Problems arose and litigation followed. Strader sued under three causes of action: enforcement of a mechanic's lien, breach of contract, and quantum meruit. The Crosses counterclaimed for breach of contract. The trial court denied all claims except Strader's quantum meruit claim. Pursuant to that cause of action, the trial court entered a final judgment awarding Strader $28,011 in damages. Strader then filed a motion to enforce the judgment lien and authorize the sale of the property, which the trial court granted. The Crosses argue that the trial court erred in granting the motion because the property is their homestead. Both parties acknowledge the homestead nature of the property.

[1] The issue is whether Article X, Section 4(a) of the Constitution of the State of Florida protects the Crosses' real property from this judgment lien.

Article X, Section 4(a) states in relevant part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations **contracted for** the purchase, improvement or repair thereof, or obligations **contracted for** house, field or other labor performed on the realty....

(emphasis added).

Strader contends levy and sale are appropriate as the judgment was for goods, labor, and materials that were incorporated into the improvement of the Crosses' property. Strader would be correct if he had prevailed on his mechanic's lien claim or his breach of contract claim. *See In re Clements*, 194 B.R. 923 (Bankr.M.D.Fla.1996); *Brinson v. Creative Aluminum Prod., Inc.*, 519 So.2d 59 (Fla. 2d DCA 1988). However, the trial court denied both of these claims and the final judgment was not appealed.

[2] [3] [4] [5] Article X, Section 4(a) expressly provides that obligations for the purchase, improvement, or repair of the property, which are **contracted for**, are an exception to the homestead exemption. Florida law requires a strict construction of the exceptions to the homestead exemption. *See Butterworth v. Caggiano*, 605 So.2d 56 (Fla.1992). Quantum meruit is the antithesis of matters contracted for. Quantum meruit damages cannot be awarded when an enforceable contract exists. *See Corn v. Greco*, 694 So.2d 833 (Fla. 2d DCA 1997). As stated in *First Data Resources, Inc. v. Safecard Services, Inc.*, 574 So.2d 311 (Fla. 3d DCA 1991), "breach of contract and quantum meruit are mutually exclusive remedies." We conclude that the judgment for quantum meruit damages in this case does not fall within the exceptions to the homestead exemption. Accordingly, Strader's monetary judgment is not enforceable against the Cross property so long as it maintains its homestead status.

This cause is reversed and remanded for proceedings consistent with this opinion.

GREEN, J., Concurs.

DAVIS, J., Dissents with opinion.

Copyright (c) West Group 2000 No claim to original U.S. Govt. works

DAVIS, Judge, Dissenting.

**\*\*2.** I respectfully dissent.    The majority concludes that a judgment lien based on a quasi contract does not defeat homestead protection because it, by definition, is not a contract. In so holding, the majority strictly construes the language in article X, section 4(a) of the Florida Constitution, which provides:

> There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property....

That is, the majority would require the existence of a legally enforceable contract before a person could enforce a judgment lien under this exception.

I would reject such a literal interpretation of the Florida Constitution.    Rather, I read the phrase "contracted for" as a description of the relationship between parties, and not a delineation of a sole theory of recovery.   It appears the trial court's use of the term "quantum meruit" was inartful.   *See Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co.,* 695 So.2d 383, 386 (Fla. 4th DCA 1997).   However, I find no fault with its

ruling that, even though no enforceable contract existed, the facts warranted a finding that the parties' relationship was quasi contractual in nature. That is, the Crosses invited Strader to perform the improvements, Strader expected to be paid, and the Crosses anticipated paying for the improvements. Accordingly, I would read the constitutional language to afford Strader the benefit of the exception.

I do not believe such a reading violates the intent of the constitutional provision.   Notwithstanding the inartful and interchangable use of such terms as "quantum meruit," "quasi contract," and "unjust enrichment" by Florida courts, these courts have frequently allowed an equitable lien to defeat the homestead protection to prevent unjust enrichment. *See id.*    "[W]here equity demands it [the Florida Supreme Court] has not hesitated to permit equitable liens to be imposed on homesteads beyond the literal language of article X, section 4."    *Palm Beach Sav. & Loan v. Fishbein,* 619 So.2d 267, 270 (Fla.1993); *La Mar v. Lechilder,* 135 Fla. 703, 711, 185 So. 833, 836 (1939) (equitable lien available to prevent unjust enrichment even in the absence of fraud or malfeasance    by    beneficiary    of    homestead protection).   Although the judgment lien herein may not technically be an "equitable" lien,*see Commerce Partnership,* 695 So.2d at 390, I would give a broader reading to article X, section 4(a) than the majority, and affirm the trial court's enforcement of the final judgment.

Copyright (c) West Group 2000 No claim to original U.S. Govt. works