## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-CIV-6061-FERGUSON/SNOW

DR. PAUL ZIDEL, and all others similarly situated, )
)
)
Plaintiffs, )
)
v. )
)
ALLSTATE INSURANCE COMPANY, )
and COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
)
Defendants. )
_____ )

### ALLSTATE INSURANCE COMPANY'S MOTION TO STAY DISCOVERY AS PREMATURE, OR IN THE ALTERNATIVE, FOR ENTRY OF A PROTECTIVE ORDER LIMITING DISCOVERY, AND MEMORANDUM IN SUPPORT

Defendant, Allstate Insurance Company ("Allstate"), hereby moves this honorable Court pursuant to Rules 23 and 26 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 23, 26, to stay all discovery as premature at this time or, alternatively, limiting discovery solely to issues relating to class certification. In support hereof, Allstate states as follows:

1.  Plaintiff Paul Zidel, M.D. ("Dr. Zidel") is an orthopedic surgeon practicing in the State of Florida.



1

2.   Dr. Zidel (and Park Place)[1] entered into contracts with Community Care Network, Inc. ("CCN") to accept certain negotiated rates for services rendered to individuals insured by certain insurance companies.

3.   Allstate Florida automobile insurance policies include personal injury protection ("PIP") coverage pursuant to Florida law. Under PIP coverage, Allstate agrees to pay 80% of reasonable charges for necessary medical treatment provided to a covered insured who suffers injury in an automobile accident.

4.   Although Fla. Stat. §627.736(10) authorizes insurers to offer PIP coverage through a "preferred provider" network, Allstate does not sell such preferred provider PIP policies in Florida. Allstate's insureds have an "absolute right and freedom" to choose their medical service providers.

5.   Allstate has properly entered into agreements with certain health care providers under which they agree on the "reasonable" amounts which would be charged for various medical services. Where they apply, such agreements are referred to in the "Explanation of Benefits" ("EOB") which accompanies Allstate's payment of a provider's bill.

6.   Plaintiff asserts that he has provided medical care to Allstate insureds who were entitled to PIP benefits. He admits that the payments he later received from Allstate for such bills were computed based upon the negotiated rate agreement with CCN.

---

[1]   Plaintiff is one of several doctors who are engaged together in the practice of medicine under the names "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation" (collectively "Park Place").

2

7. The original named plaintiff in this action, Dr. Napoli, sought to assert class claims against Allstate based upon a wide variety of purported theories of liability. In the original Complaint, Dr. Napoli asserted six claims against Allstate: unjust enrichment (Count II), breach of contract (Count III), RICO (Count IV), antitrust violations (Count V), declaratory judgment (Count VI) and violation of the Florida PIP statute (Count VII). Allstate filed a Motion to Dismiss in response to the original Complaint.

8. In the recently-filed, Amended Complaint, Dr. Zidel likewise purports to assert six class claims against Allstate: unjust enrichment (Count II), breach of contract (Count III), RICO (Count IV), Sherman Act antitrust violations (Count V), declaratory judgment (Count VI) and violation of section 627.736(10) of the Florida PIP statute (Count VII). Allstate believes the Amended Complaint suffers from substantial and fundamental legal flaws, similar to the original Complaint, and it is subject to dismissal by this Court.

9. The parties are yet not at issue with regard to plaintiff's Amended Complaint, however. By agreement of the parties, the deadline for Allstate to answer or otherwise plead to the Amended Complaint is November 21, 2000. Allstate filed a Motion to Dismiss the Amended Complaint before that deadline date.

10. On or about November 7th, plaintiff served Notices which demand that the following persons be presented for deposition in Chicago, on December 5-7, 2000: (1) a "Corporate Representative with the most knowledge of Allstate's preferred supplier policies, agreements to obtain discounts for medical services in Florida, and the payment of PIP medical claims in Florida at contractual rates"; (2) Bill Cohen; (3) Toni Boyd; (4) Gary Mellini; (5) Ellen Neary; (6) Wade Fairchild;  (7) Jim Osborne; (8) Dori McMahon; (9) Suzette Oubre.  In

accordance with Rule 26.1(c) of the Local Rules of the United States District Court for the Southern District of Florida, copies of the deposition Notices are attached hereto as Exhibit A.

11. Allstate understands, based on conversations between Allstate's counsel and counsel for plaintiff, that plaintiff's primary purpose in seeking these depositions is to attempt to obtain factual support for the merits of plaintiff's alleged RICO and other claims.

12. Because plaintiff's Amended Complaint fails to correct many of the substantial flaws detailed in Allstate's Motion to Dismiss the original Complaint, and because the Amended Complaint also fails to state a claim against Allstate for which relief can be granted, Allstate believes its Motion to Dismiss will lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate, including plaintiff's RICO claim.

13. Allstate also understands that plaintiff intends to file a renewed Motion for class certification, taking into account the change in plaintiff/class representative. Counsel for plaintiff and Allstate have agreed to request that the time for Allstate to respond to the renewed Motion for certification, once filed, be deferred until 60 days following the Count's ruling on Allstate's expected motion to dismiss.[2] The rationale behind that extension of time is that the Motion for class certification may be limited or mooted by the Court's decision on a Motion to Dismiss. This agreement was based on an identical agreement reached between the same attorneys who represent plaintiff and Allstate in <u>Browner v. Allstate Indemnity Company, et al.</u>, Case No. 00-CIV-FERGUSON (see docket #14 and #24 therein).

---

[2] Prior to substitution of the named plaintiff, Dr. Napoli filed a Motion for class certification (docket #18). At that time, counsel for Dr. Napoli and counsel for Allstate agreed to defer the time for Allstate's response brief (docket #32).

4

14. Given the number of legal theories asserted by plaintiff in the Amended Complaint, discovery concerning both class certification and the merits of plaintiff's claims portends to be expensive and time consuming. Depending on the outcome of Allstate's Motion to dismiss, moreover, any discovery initiated or implemented at this time may prove to be unnecessarily broad and burdensome.

15. Just as briefing on plaintiff's motion for class certification should be deferred until 60 days after this Court rules on Allstate's Motion to Dismiss, all discovery should be deferred until that time as well. If the ruling on the Motion to Dismiss does not render the question of class certification moot, moreover, then discovery should be limited to class certification issues until the Court rules on the class certification Motion. Discovery on the merits should then proceed only on whichever of plaintiff's purported claims remains pending and only in accordance with the status of the case as a class or individual action. In that fashion, the Court will have reasonably conserved both its judicial resources and those of the parties.

16. This certainly is not the first time this Court has been asked to defer discovery in a case such as this one. Browner v. Allstate Indemnity Company, et al., Case No. 00-7163-CIV-FERGUSON, purports to assert very similar class claims arising out of alleged improper discounting of bills for medical treatment provided to PIP claimants. This Court already has entered an Order in Browner, based on these same considerations, which defers all merit discovery until after defendants' motions to dismiss and plaintiff's motion for class certification are resolved.[3] See docket #39 in Case No. 00-CIV-7163-FERGUSON. Brickell v. Progressive

---

[3] Counsel for plaintiff in this case also represent the plaintiff in the Browner action. They should not be permitted to evade the Order issued in Browner by pursuing discovery in this case.

5

Express Insurance Company, et al., Case No. 00-CIV-6649-FERGUSON, likewise involves similar class claims asserted against Progressive. In the Progressive case, as well, this Court has entered an Order which defers all discovery until after pending motions to dismiss are decided. See docket #86 in Case No. 00-CIV-6649-FERGUSON.

17. If the Court declines to stay discovery entirely until it considers and rules on Allstate's Motion to dismiss, in the alternative, the Court nevertheless should limit discovery to the class certification issues until the Court rules on the class certification Motion.

18. In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, as well as Rule 26.1(I) of the Local Rules of the United States District Court for the Southern District of Florida, Allstate's counsel has personally conferred in good faith with plaintiff's counsel in an effort to resolve the issues raised herein, specifically pertaining to the scope and timing of discovery. Allstate's counsel's efforts to promote an agreed-upon resolution were not successful. A corresponding Certificate of Counsel is set forth below.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this Court enter an Order staying all discovery until after the Court rules on Allstate's motion to dismiss. In the event the Court denies Allstate's request for a complete stay of discovery, Allstate alternatively moves that the Court enter an Order limiting discovery solely to issues pertaining to class certification.

## MEMORANDUM OF LAW

Rule 23 of the Federal Rules of Civil Procedure expressly authorizes this Court to control the manner, scope, and timing of the discovery process in class action litigation. In the present case, postponing discovery until a reasonable time after this Court rules upon the dispositive

motion filed by Allstate in response to the Amended Complaint is warranted, appropriate and in the best interests of Court and the parties to this case.

Plaintiffs have sought in this action to assert class claims against Allstate based upon a wide variety of purported theories of liability. In the original Complaint, Dr. Napoli asserted claims for unjust enrichment, breach of contract, RICO, antitrust violations, declaratory judgment and violation of the Florida PIP statute. Allstate filed a Motion to dismiss in response to the original Complaint.

In response to Allstate's Motion to Dismiss, Dr. Zidel filed an Amended Complaint asserting, essentially, the same purported claims against Allstate. Allstate believes the Amended Complaint suffers from substantially the same fundamental legal flaws as the original Complaint and it remains subject to dismissal by this Court.

As a result, Allstate has filed a Motion to Dismiss which Allstate believes will lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate. That decision also will eliminate or refine the scope of plaintiff's effort to certify a class in this action. As a result, discovery should be deferred in this case until that dispositive Motion is decided by the Court. Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997)("facial challenges to the legal sufficiency of a claim ... such as a motion to dismiss based on a failure to state a claim for relief should ... be resolved before discovery begins").

In Chudasama, auto owners who were injured in an accident brought a products liability and fraud action against the manufacturer of their vehicle. The defendant filed a Motion to dismiss the fraud action, asserting plaintiffs failed to plead fraud with particularity and, later, that the factual allegations did not support a claim for fraud. 123 F.3d at 1359, 1360 n.14. Both before and during the period of time while the Motion to dismiss remained pending, the plaintiffs

initiated a broad range of discovery. When the trial court refused to rule on either defendant's Motion to dismiss or a subsequent Motion for protective order, the defendant unilaterally refused to comply with discovery and the Court subsequently entered a default judgment as a sanction. 123 F.3d at 1364.

The Court of Appeals found the sanctions to be an abuse of discretion and reversed the default judgment. 123 F.3d at 1366-67. In doing so, the appellate court recognized that there are significant burdens associated with discovery compliance. 123 F.3d at 1368. The Court also noted that the discovery imposes significant costs on all parties and that the process itself, along with the seemingly inevitable disputes it engenders, also imposes a considerable burden on the judicial system:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

Id. Dismissal of a flawed complaint before discovery proceeds, on the other hand, is the better course:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.

123 F.3d at 1368. As a result, the Court concluded that any legally unsupported claim should be dismissed before the discovery stage:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins. Such a dispute always presents a purely

8

> legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. ... Therefore, neither the parties not the court have any need for discovery before the court rules on the motion.

123 F.3d at 1367. See also Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint [and] is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.")

A similar rationale -- avoidance of potentially unnecessary costs and burdens -- applies to supports Allstate's alternative request that discovery on the merits of plaintiff's claims be deferred until after class certification issues have been resolved. In class action litigation, discovery can involve significant expenditures of time and money. See, e.g., Karan v. Nabisco, Inc., 78 F.R.D. 388, 396 (W.D. Pa.1978). If, in the early stages of the litigation before merits discovery is underway, the Court determines that the class action is not appropriate or that it should be limited in scope, both parties would benefit from avoiding unnecessary discovery. 78 F.R.D. at 396. Accordingly, in order to ensure that class certification issues are determined as "as soon as practicable" in accordance with Rule 23(c), therefore, and to best serve the interests of fairness and efficiency, courts should "direct the parties to focus their initial discovery on matters pertaining to the class question." 78 F.R.D. at 396 n.5. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1995); National Organization for Women v. Sperry Rand Corp., 88 F.R.D. 272, 277 (D. Conn. 1980).

In Washington, for example, the plaintiff brought a class action alleging employment discrimination based on race. Although the defendant moved to dismiss the claim, the plaintiff sought to initiate discovery proceedings. 959 F.2d at 1568. The trial court recognized the unacceptable burden of permitting full discovery to proceed. Instead, the Court limited

9

discovery solely to class certification issues and deferred all discovery on the merits of plaintiff's claims. 959 F.2d at 1568. Reviewing that determination, and concluding it was appropriate, the Court of Appeals stated:

> To make early determination [of class certification] practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone discovery on the merits.

959 F.2d at 1570-71.

The Court in Nabisco similarly addressed the question of whether discovery on the merits of a plaintiff's claims should proceed before a class certification motion had been decided. Concluding it should not, the Court summarized, succinctly:

> Certainly, class determination is preferable before substantial discovery on the merits has been conducted. Where the plaintiffs seek to represent a large national class on a broad spectrum of employment conditions, discovery can require immense commitments of time, money and resources and involve innumerable documents and records. Neither party would benefit from such extensive expenditures when it could have been determined in the early stages that a class action was not appropriate or that the class must be more limited in scope than originally alleged by the plaintiffs.

78 F.R.D. at 396.

In this case, plaintiff has initiated requests for a total of nine depositions of Allstate employees. As related by counsel for plaintiff, those depositions are intended to adduce factual support for the merits of plaintiff's purported RICO and other claims. The burdens resulting from such discovery are unjustified, completely, at this stage of the litigation -- before the legal sufficiency of plaintiff's Amended Complaint has been tested by Allstate's Motion to dismiss and before class certification issues have been resolved. All discovery should be deferred, therefore,

10

until a reasonable time following a decision on Allstate's Motion to dismiss.[4] At a minimum, moreover, discovery should be limited to issues pertaining to class certification under Rule 23. In either event, the requested depositions should not be permitted to proceed.

### Conclusion

For each of the foregoing reasons, Allstate Insurance Company respectfully requests that this Court enter an Order staying all discovery until a reasonable time after the Court rules on Allstate's motion to dismiss. In the event the Court denies Allstate's request for a complete stay of discovery, Allstate alternatively moves that the Court enter an Order limiting discovery solely to issues pertaining to class certification.

### CERTIFICATE OF COUNSEL

The undersigned, counsel of record for Allstate Insurance Company, hereby certify in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and Rule 26.1(I) of the Local Rules of the United States District Court for the Southern District of Florida, that I have personally conferred in good faith with plaintiff's counsel in an effort to resolve the issues raised herein, specifically pertaining to the scope and timing of discovery, but have failed to resolve these issues.

---

[4] As noted above, this treatment would be consistent with the manner in which similar issues have been dealt with in other cases presently pending before this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the service list below this **21st** day of November, 2000.

*(signature: David Shelton)*

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate Insurance Company | Attorneys for Allstate Insurance Company |

### SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL  33394
Attorney for Plaintiff

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL  60603
Attorney for Plaintiff

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA  02747
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
Attorney for Defendant, CCN

Eric Lee
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL  33301
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, and all others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN

    Defendants.
_____/

## NOTICE OF TAKING DEPOSITION
(Videotape)

TO:   ALL COUNSEL ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

### NAME:

Corporate Representative with the most knowledge of Allstate's preferred supplier policies, agreements to obtain discounts for medical services in Florida, and the payment of PIP medical claims in Florida at contractual rates.

### DATE AND TIME:

December 5, 2000 at 9:00 a.m.

### PLACE:

GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

upon oral examination before a court reporter, notary public, or any other officer authorized by law to take depositions.

7091-00100 298952.1

EXHIBIT "A"


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200

By: _____
ERIC LEE
Florida Bar No. 961299

cc:   H. Allen Benowitz & Associates Court Reporters

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

GOGEL, PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

7091-00100 298952 1                         2



CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and mail this __7th__ day of November, 2000 upon: all individuals on the attached service list.

ERIC LEE



cv-06061-WJZ   Document 90   Entered on FLSD Docket 11/22/2000   Pa

## SERVICE LIST
(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)

### ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### ATTORNEYS FOR COMMUNITY CARE NETWORK

William W. Deem, Esq.
(904)798-2615
wwdeem@mwbb.com
Jeb T. Nranham, Esq.
(904)798-2671
jbranham@mcguirewoods.com
MCQUIRE WOODS BATTLE
& BOOTHE, LLP
50 N. Laura Street
Suite 5300
Jacksonville, Florida 32202
(904)798-3207 Facsimile

### ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0909 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6809 Facsimile

7091-00100 294101.1


ATLAS PEARLMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, and all others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN

    Defendants.
_____/

### NOTICE OF TAKING DEPOSITION
(Videotape)

TO:   ALL COUNSEL ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

**NAME:**                        **DATE AND TIME:**

| Name | Date and Time |
|---|---|
| Bill Cohen | December 5, 2000 at 3:00 p.m. |
| Toni Boyd | December 6, 2000 at 9:00 a.m. |
| Gary Mellini | December 6, 2000 at 11:00 a.m. |
| Ellen Neary | December 6, 2000 at 2:00 p.m. |
| Wade Fairchild | December 6, 2000 at 4:00 p.m. |
| Jim Osborne | December 7, 2000 at 9:00 a.m. |
| Dori McMahon | December 7, 2000 at 11:00 a.m. |
| Suzette Oubre | December 7, 2000 at 2:00 p.m. |

**PLACE:**

GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

7091-00100 298958.1



cv-06061-WJZ    Document 90    Entered on FLSD Docket 11/22/2000    Pa

CASE NO. 00-6061-CIV-FERGUSON/SNOW

upon oral examination before a court reporter, notary public, or any other officer authorized by law to take depositions.

                Respectfully submitted,

                ATLAS PEARLMAN, P.A.
                Co-counsel for Plaintiff
                DR. PAUL ZIDEL
                350 East Las Olas Boulevard, Suite 1700
                Fort Lauderdale, Florida 33301
                (954) 763-1200

                By: _____
                ERIC LEE
                Florida Bar No. 951299

cc:    H. Allen Benowitz & Associates Court Reporters

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

GOGEL, PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and mail this __7th__ day of November, 2000 upon: all individuals on the attached service list.

ERIC LEE



## SERVICE LIST
(Zidel v. Allstate Insurance Company et al. Case No. 00-6161-Civ-Ferguson/Snow)

### ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### ATTORNEYS FOR COMMUNITY CARE NETWORK

William W. Deem, Esq.
(904)798-2615
wwdeem@mwbb.com
Jeb T. Nranham, Esq.
(904)798-2671
jbranham@mcguirewoods.com
MCQUIRE WOODS BATTLE
& BOOTHE, LLP
50 N. Laura Street
Suite 5300
Jacksonville, Florida 32202
(904)798-3207 Facsimile

### ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0717
(312) 372-0718 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0810
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6809 Facsimile


7091-00100 294101.1


ATLAS PEARLMAN