### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-CIV-6061-FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN, | ) ) ) ) ) |
| Defendants. | ) ) |

FILED by ___ D.C.

DEC 1 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.,
S.D. OF FLA. FT. LAUD.

### REPLY MEMORANDUM IN SUPPORT OF
### ALLSTATE INSURANCE COMPANY'S MOTION TO STAY
### DISCOVERY AS PREMATURE, OR IN THE ALTERNATIVE,
### FOR ENTRY OF A PROTECTIVE ORDER LIMITING DISCOVERY

#### (And Renewed Request For Oral Argument)

As noted in Allstate's initial memorandum, the law in the Eleventh Circuit is crystal clear and absolutely supports deferral of discovery in this matter at this time. Facial challenges to the legal sufficiency of a claim asserted must be resolved **before** discovery begins because neither the parties nor the court have any need for discovery until after the court rules on a dispositive motion. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). Furthermore, discovery should be permitted, if at all, only on Rule 23 issues; discovery on the merits of a class plaintiff's claims should be postponed until after a decision on a motion for certification. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1995).

In addition, as Allstate previously noted, that result would be consistent with the manner in which similar issues have been dealt with in other cases presently pending before this Court.

See Browner v. Allstate Indemnity Co., et al., Case No. 00-7163-CIV-FERGUSON; Brickell v. Progressive Express Insurance Co., et al., Case No. 00-6649-CIV-FERGUSON. Contrary to plaintiff's baseless assertion, the efficiencies which led this Court to defer discovery in those actions are similarly present, here. Allstate's pending motion to dismiss properly seeks dismissal of **all counts** of the Amended Complaint which seek relief from Allstate; the fact that Allstate answered certain counts of a prior complaint pleaded on behalf of a different plaintiff is irrelevant.[1] The original plaintiff, Dr. Napoli, filed suit on January 12, 2000. Thereafter, on May 30, 2000, Napoli essentially abandoned this action five days after being deposed. Plaintiff's counsel then sought to substitute Dr. Zidel as the named plaintiff, substitute CCN as a party defendant for Medview, and change the contractual and legal issues. Thus, as a practical matter, the case began anew on or about September 15, 2000, when Dr. Zidel was granted leave by this Court to file his amended complaint and proceed as substitute plaintiff. Contrary to plaintiff's bold and unsupported assertion, therefore, any delay in the progress of this action is substantially related to the change in plaintiffs, change in other defendants and change in issues, and not to anything done by defendant Allstate.

Additional delay can be expected from developments on December 14, 2000. On that date, Dr. Zidel's counsel advised undersigned counsel that he will seek to further amend the complaint to drop CCN as a party defendant and change substantive allegations. In light of the fundamental changes brought about by the amended complaint, the resultant several months delay through no fault of Allstate, and the additional delay expected from plaintiff's effort to

---

[1] Likewise, plaintiff's vague reference to an interlocutory order in May v. Allstate Ins. Co., Case No. 00-6269-CIV-DIMITROULEAS, does not in any way suggest that the unnecessary expense and needless burden of unwarranted discovery in this action should not await a decision by this Court on the pending motion to dismiss.

2

further amend his pleadings, it not only would be appropriate but is in fact necessary for this Court to revisit and reset the discovery and pretrial schedule as well as the trial date in this matter. **In this regard, Allstate makes a specific request for a immediate status conference with the Court.**

Plaintiff makes no effort to address, let alone distinguish, the controlling decisions or any other case cited by Allstate. Instead, plaintiff cites to two District Court decisions from outside the Eleventh Circuit as support for his claim of right to engage in unfettered, limitless discovery at this stage of the case. See Coca-Cola Bottling Co. v. Grol, 1995 WL 421900 (E.D. Pa. March 8, 1993); Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554 (D. Nev. 1997). Plaintiff's reliance on these cases is misplaced, however. Neither of the cases cited by plaintiff was decided under the controlling principles of law set forth by the decisions of the Eleventh Circuit. Neither of those cases involved efforts by putative class representatives to engage in merits-related discovery prior to class certification. Neither of those cases held that a putative class representative should be permitted to engage in broad discovery on the merits of untested claims while a motion to dismiss the entirety of the complaint is pending before the Court. Consequently, plaintiff has not demonstrated any legal basis for this Court to allow his unlimited discovery effort to go forward at this time.

Grol, which is not a class action case, merely holds that a motion to dismiss filed by one of several defendants in a non-class action may not be, in and of itself, a sufficient basis to stay discovery. In Grol, a single plaintiff company attempted to assert RICO and various state law claims against two of its former managers and two customers, based on alleged wrongful efforts to "siphon off" the plaintiff's assets. One of the defendants sought a protective order in response to discovery requests served by plaintiff. The court concluded, among other things, that a stay

3

was not warranted by the pendency of a motion to dismiss filed by only one defendant which could not dispose of the entirety of the case:

> In addition, the Court notes that the other defendants do not seek a stay of discovery nor have they made dispositive motions. Thus, even if the Court granted Defendant Kearney's motion, the action would continue. ... Moreover, Plaintiff seeks discovery from third parties, not Defendant Kearney, and the discovery sought is limited, not a "fishing expedition"

Grol, at *3. See also Keystone Coke Co. v. Pasquale, 1999 WL 46622 (E.D. Pa. Jan. 7, 1999)(citing Grol as "denying stay in multi-party action where pending motion to dismiss would not dispose of claims against other parties who were continuing with discovery").

The decision in Tracinda also arises out of a non-class action, in which a breach of contract claim was asserted by certain shareholders of the defendant. The defendant sought a stay of discovery until its contemplated dispositive motion were to be decided. The Court agreed that the discovery requests were unduly burdensome and could form the basis for a motion for protection. Tracinda, 175 F.R.D. at 555. Relying on Ninth Circuit decisions which it interpreted to require a showing that "plaintiff will be unable to state a claim for relief," however, the court declined to enter a stay. Tracinda, 175 F.R.D. at 555-56. The Court noted as a basis for its decision that the "intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery." Tracinda, 175 F.R.D. at 556. The decision in Tracinda cannot apply here. Both defendants in this action have previously filed motions to dismiss the Complaint. The basis for the decision in Tracinda, moreover, is clearly contrary to the law established in the Eleventh Circuit.

Unlike the decisions relied upon by plaintiff, this case has been brought as a purported class action. Both defendants, Allstate and CCN, have filed motions to dismiss the Amended Complaint. And, each of the defendants has requested a stay of discovery as well. Any

4

justification to permit discovery to continue where a pending motion would not dispose of the case or otherwise prevent discovery from continuing is lacking entirely here.

Furthermore, the Eleventh Circuit has clearly adopted a rule of law rightfully intended to avoid unnecessary costs and waste of judicial resources by precluding plaintiffs from engaging in discovery during the pendency of a dispositive motion. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). In Chudasama, auto owners who were injured in an accident brought a products liability and fraud action against the manufacturer of their vehicle. The defendant filed a motion to dismiss. 123 F.3d at 1359, 1360 n.14. Plaintiffs nevertheless initiated a broad-ranging discovery effort. The trial court refused to rule on either defendant's motion to dismiss or a subsequent motion for protective order, and the defendant unilaterally refused to comply with discovery. 123 F.3d at 1364. The trial court subsequently entered a default judgment as a sanction. Id.

The Eleventh Circuit found the sanction to be an abuse of discretion and reversed the default judgment. 123 F.3d at 1366-67. In doing so, the court recognized that there are significant burdens and associated with discovery compliance:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

Id. Accordingly, a trial court should render a decision on a pending dispositive motion, and any legally unsupported claim dismissed, **before** discovery is allowed to proceed:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, ***should ... be resolved before discovery begins***. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained

5

The Court in <u>Nabisco</u> also concluded discovery on the merits of a plaintiff's claims should not proceed before a class certification motion had been decided, stating:

> Certainly, class determination is preferable before substantial discovery on the merits has been conducted. Where the plaintiffs seek to represent a large national class on a broad spectrum of employment conditions, discovery can require immense commitments of time, money and resources and involve innumerable documents and records. Neither party would benefit from such extensive expenditures when it could have been determined in the early stages that a class action was not appropriate or that the class must be more limited in scope than originally alleged by the plaintiffs.

78 F.R.D. at 396.

Similarly, in <u>Rodriguez</u>, the court limited discovery to the issue of whether or not the named plaintiff had met the requirements of Rule 23 in the pre-certification stage. In doing so, the Court summarized:

> Only discovery which would lead to establish the presence of these prerequisites of Rule 23 must be allowed ... and discovery on the merits should not be had prior to the pre-certification issue.

<u>Rodriguez</u>, 102 F.R.D. at 903.

Likewise, in <u>Sperry Rand</u>, the Court denied a motion to compel discovery in a pre-certification class action case. Although the Court acknowledged that some discovery may be appropriate prior to certification, any discovery permitted should be narrowly limited to Rule 23 issues:

> The discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet these requirements; at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas. **Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification.**

<u>Sperry Rand</u>, 88 F.R.D. at 277 (emphasis added).

7

Plaintiff has initiated requests for a total of nine depositions of Allstate employees along with Requests to Admit. Plaintiff does not contest that those discovery requests are intended to permit him to develop information in support of the merits of his proffered claims. Nor does he assert that the discovery he seeks is intended to be used in support of his effort to certify a class in this action. Consequently, even if class-related discovery were permissible at this stage of the litigation, at a minimum, a protective order is necessary and appropriate to preclude these requested depositions and all other merits- related discovery from proceeding at this time.

### **Conclusion**

For each of the foregoing reasons, as well as those stated in its Motion and initial Memorandum, Allstate Insurance Company respectfully requests that this Court enter an Order staying all discovery until a reasonable time after the Court rules on Allstate's motion to dismiss. In the event the Court denies Allstate's request for a complete stay of discovery, Allstate alternatively moves that the Court enter an Order limiting discovery solely to issues pertaining to class certification under Rule 23. In either event, the depositions requested by plaintiff should not be permitted to proceed. Finally, Allstate renews its request for oral argument on this motion and further requests a status conference to discuss all developments in this case.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the service list this 15th day of December, 2000.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Defendant, Allstate

DAVID B. SHELTON
Florida Bar No. 0710539
Rumberger, Kirk & Caldwell
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Defendant, Allstate

SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL  33394
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
Attorney for Defendant,
CCN, Inc.

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL  60603
Attorney for Plaintiff

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA  02747
Attorney for Plaintiff

Eric Lee, Esquire
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL  33301
Attorney for Plaintiff

9