### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-CIV-6061-FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN, | ) ) ) ) |
| Defendants. | ) ) ) |

### DEFENDANT, ALLSTATE INSURANCE COMPANY'S
### RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
### TO FILE SECOND AMENDED COMPLAINT

#### (Defendant Requests Immediate Status Conference)

Defendant, Allstate Insurance Company ("Allstate"), hereby responds to Plaintiff's Motion For Leave To File Second Amended Complaint (Docket #97), and would show unto the Court the following:1

Plaintiff seeks leave to amend his complaint to drop party defendant Community Care Network ("CCN") and make substantive changes to the allegations against Allstate. In his motion, Plaintiff's counsel represents that he has contacted Allstate's counsel "who has not objected to the amendment, but has expressed concerns relating to the Scheduling Order entered by this Court." Motion at page 1, footnote 1. Allstate has significant concerns about the effect

---

1   Allstate is filing a request for oral argument on Plaintiff's motion in addition to its request herein for a status conference to discuss this proposed amendment and its ramifications.

1

of the amendment on the parties' ability to comply with the existing scheduling order. Consequently, Allstate requests that the Court hold a status conference.

The original plaintiff, Dr. David Napoli, filed suit on January 12, 2000. On May 30, 2000, Dr. Napoli essentially abandoned this action five days after being deposed. Plaintiff's counsel then sought to substitute Dr. Zidel as the named plaintiff, substitute CCN as a party defendant for Medview, and change the contractual and legal issues. (Docket #46). Status conferences were held on July 24 and September 15, 2000. (Docket #52 and #62). Thereafter, the Court entered a scheduling order (Docket #73) establishing the following dates: joinder of parties and amendments (January 29, 2001), Plaintiff's disclosure of experts (February 12, 2001), Defendant's disclosure of experts (February 26, 2001), disclosure of witnesses (March 12, 2001), close of discovery (April 2, 2001), filing of motions (April 23, 2001), pretrial conference (May 14, 2001), and trial calendar (June 18, 2001).

On October 30, 2000, this Court granted the motion to amend to allow Dr. Zidel's appearance in the case and his claims against Allstate and CCN. (Docket #79). Thus, as a practical matter, the case began anew. Allstate filed a motion to dismiss all counts of Plaintiff's Amended Complaint. (Docket #88). CCN filed a motion to dismiss (Docket #85) and a motion to compel arbitration and stay litigation. (Docket #86). In an effort to avoid litigating the arbitration clause in his contract with CCN, Plaintiff has now voluntarily dismissed CCN without prejudice. (Docket #96). It is unknown by this Defendant whether arbitration proceedings are contemplated between CCN and Plaintiff.

If Plaintiff is permitted leave to file the Second Amended Complaint, Allstate will move to dismiss the claims asserted against it since they do not state cognizable causes of action. In addition, Allstate will raise issues that Plaintiff should not be permitted to proceed without CCN

2

which is a necessary party to this litigation. Plaintiff had a contract with CCN. He complains that CCN violated his contract by allowing Allstate access to his agreed upon rates. Even if he stated cognizable claims, Plaintiff cannot recover against Allstate without a determination of whether CCN had the authority under its contract with Plaintiff to allow Allstate's access. Moreover, the question remains as to whether the determination of CCN's authority under its contract with Plaintiff is subject to arbitration.

Under these circumstances, the existing scheduling order is unworkable. Assuming the second amended complaint were filed in January, the briefing on Allstate's motion to dismiss would extend beyond the scheduling order's initial deadlines. Moreover, the parties would be in no position to disclose experts in February without knowing well in advance what claims, if any, survive the motion to dismiss. Compliance with the other deadlines is also impracticable.

Defendant cannot efficiently participate in discovery and other pretrial planning without knowing the claims Plaintiff intends to assert against it and whether such claims will withstand a motion to dismiss. This is the second significant change in the pleadings against Allstate. If Plaintiff wants to change the direction of the case, such change should not be permitted without a corresponding change to the scheduling order. Again, Allstate submits that the Court should hold a status conference so the parties can discuss the requested amendment, its effect on scheduling and other pending motions and matters.2

---

2   In addition to Allstate's motion to dismiss the amended complaint, Allstate has filed a motion to stay merits discovery pending resolution of the motion to dismiss. Such relief would be consistent with stay orders entered by this Court in similar litigation. Browner v. Allstate Indemnity Co., et al., Case No. 00-7163-CIV-FERGUSON; Brickell v. Progressive Express Insurance Co., et al., Case No. 00-6649-CIV-FERGUSON.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the service list this 21ST day of December, 2000.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Defendant, Allstate

DAVID B. SHELTON
Florida Bar No. 0710539
Rumberger, Kirk & Caldwell
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Defendant, Allstate

SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL 33394
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Attorney for Defendant,
CCN, Inc.

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Attorney for Plaintiff

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
Attorney for Plaintiff

Eric Lee, Esquire
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Attorney for Plaintiff