## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-CIV-6061-FERGUSON/SNOW

DR. PAUL ZIDEL, and all others similarly )
situated, )
                                 )
     Plaintiffs, )
                                 )
v. )
                                 )
ALLSTATE INSURANCE COMPANY, )
and COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
                                 )
     Defendants. )
_____ )



## ALLSTATE INSURANCE COMPANY'S MOTION
## FOR ENTRY OF A PROTECTIVE ORDER CONCERNING DEPOSITIONS
## SCHEDULED FOR JANUARY 16-18, 2001, AND MEMORANDUM IN SUPPORT

Defendant, Allstate Insurance Company ("Allstate"), hereby moves this honorable Court

pursuant to Rules 23 and 26 of the Federal Rules of Civil Procedure for entry of a Protective

Order requiring that depositions scheduled for January 16-18, 2001, pursuant to Notice, not

proceed at that time. Allstate further requests that the Court, as soon as possible, establish an

expedited briefing schedule and set a hearing date which will permit a decision on this Motion

prior to January 16, 2001. In support hereof, Allstate states as follows:

1.     Plaintiff Paul Zidel, M.D. ("Dr. Zidel") is an orthopedic surgeon practicing in the

State of Florida.

2.     Dr. Zidel (and Park Place)[1] entered into contracts with Community Care Network, Inc. ("CCN") to accept certain negotiated rates for services rendered to individuals insured by certain insurance companies.

3.     Allstate Florida automobile insurance policies include personal injury protection ("PIP") coverage pursuant to Florida law. Under PIP coverage, Allstate agrees to pay 80% of reasonable charges for necessary medical treatment provided to a covered insured who suffers injury in an automobile accident.

4.     Although Fla. Stat. §627.736(10) authorizes insurers to offer PIP coverage through a "preferred provider" network, Allstate does not sell such preferred provider PIP policies in Florida.     Allstate's insureds have an "absolute right and freedom" to choose their medical service providers.

5.     Allstate has properly entered into agreements with certain health care providers under which they agree on the "reasonable" amounts which would be charged for various medical services.   Where they apply, such agreements are referred to in the "Explanation of Benefits" ("EOB") which accompanies Allstate's payment of a provider's bill.

6.     Plaintiff asserts that he has provided medical care to Allstate insureds who were entitled to PIP benefits. He admits that the payments he later received from Allstate for such bills were computed based upon the negotiated rate agreement with CCN.

7.     The original named plaintiff in this action, Dr. Napoli, sought to assert class claims against Allstate based upon a wide variety of purported theories of liability.   In the

---

[1]     Plaintiff is one of several doctors who are engaged together in the practice of medicine under the names "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation" (collectively "Park Place").

2

original Complaint, Dr. Napoli asserted six claims against Allstate: unjust enrichment (Count II), breach of contract (Count III), RICO (Count IV), antitrust violations (Count V), declaratory judgment (Count VI) and violation of the Florida PIP statute (Count VII). Allstate filed a Motion to dismiss in response to the original Complaint.[2]

8.     In the Amended Complaint, Dr. Zidel likewise purports to assert six class claims against Allstate: unjust enrichment (Count II), breach of contract (Count III), RICO (Count IV), Sherman Act violations (Count V), declaratory judgment (Count VI) and violation of Section 627.736(10) of the Florida PIP statute (Count VII). Allstate believes the Amended Complaint suffers from substantial and fundamental legal flaws, similar to the Original Complaint, and it also is subject to dismissal by this Court.

9.     On November 16, 2000, this Court granted Allstate's agreed Motion to set a response date, establishing November 21, 2000 as the deadline for Allstate to serve its response to the Amended Complaint. In accordance with that Order, on November 17, 2000, Allstate filed its Motion to Dismiss the Amended Complaint. Allstate's Motion remains pending before the Court. See Affidavit of David Shelton ("Shelton Affidavit"), ¶ 3 (attached hereto as Exhibit A).

10.     Defendant, CCN likewise served its Motion to dismiss all counts of the Amended Complaint against it, along with a Motion to compel arbitration and to stay the litigation, on November 13, 2000. Shelton Affidavit, ¶ 3.

---

[2]     The original plaintiff, Dr. Napoli, filed suit on January 12, 2000. Thereafter, on May 30, 2000, Dr. Napoli essentially abandoned this action five days after being deposed. Plaintiff's counsel then sought to substitute Dr. Zidel as the named plaintiff. As a practical matter, therefore, the case began anew on or about September 15, 2000, when Dr. Zidel was granted leave by this Court to file his Amended Complaint and proceed as substitute plaintiff.

3

11.    On or about November 7th, plaintiff served Notices which demanded that the following persons be presented for deposition in Chicago, on December 5-7, 2000: (1) a "Corporate Representative with the most knowledge of Allstate's preferred supplier policies, agreements to obtain discounts for medical services in Florida, and the payment of PIP medical claims in Florida at contractual rates"; (2) Bill Cohen; (3) Toni Boyd; (4) Gary Mellini; (5) Ellen Neary; (6) Wade Fairchild; (7) Jim Osborne; (8) Dori McMahon; (9) Suzette Oubre (the "Original Notices"). In accordance with Rule 26.1(c) of the Local Rules of the United States District Court for the Southern District of Florida, copies of the Original Notices are attached hereto as Exhibit B.

12.    Allstate received the Original Notices before the deadline for its response to the Amended Complaint and, accordingly, Allstate had not yet filed its Motion To Dismiss at that time. Counsel for Allstate thus contacted plaintiff's counsel, Eric Lee, to discuss the requested depositions. See Shelton Affidavit, ¶ 4.

13.    In the ensuing discussion, counsel for Allstate advised Mr. Lee that Allstate would be filing a Motion to dismiss the Amended Complaint and asked Mr. Lee to agree to a stay of discovery until all motions to dismiss had been resolved. See Shelton Affidavit, ¶ 4. Allstate's proposal was consistent with the discovery stays which previously had been requested and granted without opposition in similar litigation pending before this Court and prosecuted by the same group of plaintiffs' counsel in Browner v. Allstate Indemnity Co., et al., Case No. 00-7163-CIV-FERGUSON and Brickell v. Progressive Express Insurance Co., et al., Case No. 00-6649-CIV-FERGUSON. Id.

4

14.    Allstate understood, based on the conversations between Allstate's counsel and counsel for plaintiff, that plaintiff's primary purpose in seeking the depositions requested in the Original Notices was to attempt to obtain factual support for the merits of plaintiff's alleged RICO and other claims. Shelton Affidavit, ¶ 6.

15.    Although plaintiffs' counsel had agreed to the discovery stays in the Browner case and the Brickell action, Mr. Lee refused to agree to a stay in this case. See Shelton Affidavit, ¶ 5. Accordingly, on November 21, 2000, Allstate's served its Motion To Stay Discovery As Premature Or In The Alternative For Entry Of A Protective Order Limiting Discovery ("Initial Discovery Motion") and supporting Memorandum. Id. That Motion has been fully briefed and remains pending before this Court.

16.    Allstate asserted, among other points, in its still-pending Initial Discovery Motion that discovery should be stayed or, alternatively, limited strictly to issues pertaining to class certification, because:

> a.    Allstate believes its still-pending Motion to dismiss will lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate, including plaintiff's RICO claim;
>
> b.    Counsel for plaintiff and Allstate had agreed to request that the time for Allstate to respond to an anticipated renewed Motion for certification, once filed, be deferred until 60 days following the Count's ruling on Allstate's Motion to Dismiss because class certification may be limited or mooted by the Court's decision on a Motion to Dismiss;
>
> c.    Given the number of legal theories asserted by plaintiff in the Amended Complaint, discovery concerning both class certification and the merits of plaintiff's claims portends to be expensive and time consuming and, depending on the outcome of Allstate's Motion to Dismiss, may prove to be unnecessarily broad and burdensome; and
>
> d.    To reasonably conserve both judicial resources and those of the parties, all discovery should be deferred until after a ruling on Allstate's Motion to Dismiss;

5

> if that ruling does not render the question of class certification moot, then discovery should be limited to class certification issues until the Court rules on the class certification Motion, with discovery on the merits proceeding only thereafter on whichever of plaintiff's purported claims remains pending and only in accordance with the status of the case as a class or individual action.

17.    Although the Court had not ruled on the Initial Discovery Motion, the depositions requested in the Original Notices did not go forward on December 5-7, 2000, due to Mr. Lee's accommodation to a scheduling conflict on the calendar of CCN's counsel.    See Shelton Affidavit, ¶ 7.    Mr. Lee nevertheless refused further requests by counsel to defer rescheduling the depositions until the pending Initial Discovery Motion was resolved.    Id.

18.    In continuing discussions, counsel for Allstate also raised with Mr. Lee the fact that the request for nine depositions contained the Original Notices was overbroad.    See Shelton Affidavit, ¶ 8.    Mr. Lee also was informed that Allstate believes a number of the requested depositions are unnecessary because several of the deponents are not knowledgeable of the relationship between Allstate and CCN.    Id.    Mr. Lee refused to offer any basis to support his position that the deponents had knowledge of such relationship other than to say he was relying on some documents which he refused to identify.    Id.

19.    Counsel for Allstate then suggested that even assuming, arguendo, the stay of all discovery requested in the Initial Discovery Motion were to be denied, it would nevertheless be more efficient and practicable for Mr. Lee to depose the three or four Allstate employees who have significant knowledge of Allstate's relationship with CCN.    Id.    It was further suggested, again assuming the requested stay was not granted, that plaintiff proceed with efforts to schedule those three or four knowledgeable Allstate employees and defer the other deponents requested in the Initial Notices until some time in the future, should they ultimately prove to be necessary.    Id.

6

20.    Although Mr. Lee was generally receptive to limiting depositions to three or four knowledgeable employees, he nevertheless insisted on deposing one officer of the corporation, Billie Cohen. Shelton Affidavit, ¶ 9. In response, counsel for Allstate proposed, again assuming the stay was denied, and consistent with Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979)(court granted protective order which required plaintiff to depose other employees with knowledge of facts before determining the necessity of a deposition of the defendant's president), that Mr. Lee proceed only with the three or four employee depositions and postpone further discussion concerning the officer's deposition until after the others are completed. Id.

20.    Discussions were continuing when Mr. Lee advised counsel for Allstate on December 13, 2000, that he intended to file a second amended complaint in this case. See Shelton Affidavit, ¶ 10. On December 14, 2000, counsel for Allstate advised Mr. Lee that Allstate could not agree to the proposed amendment unless plaintiff agreed to move for an amendment of the Court's scheduling order. Id. It is Allstate's position that the current scheduling order is impracticable and it becomes even more so if plaintiff is granted leave to amend his pleadings and further responsive motions are to be filed. Id. Plaintiff served a Motion for leave to amend on December 15, 2000. Allstate served its response on December 21, 2000 and requested a status conference. That Motion remains pending before the Court.

21.    Based on plaintiff's desire to amend his pleadings, counsel for Allstate again asked Mr. Lee to postpone taking depositions until the status of the case could be defined by rulings on pending motions, including plaintiff's Motion to amend, both defendants' Motions to dismiss and/or Allstate's Initial Discovery Motion.

7

22.     Mr. Lee refused Allstate's request to defer scheduling of depositions and, instead, on December 20, 2000, he served a document entitled Re-Notice Of Taking Depositions for January 16-18, 2001 in Chicago, Illinois (the "Renewed Notices"). In accordance with Rule 26.1(c) of the Local Rules of the United States District Court for the Southern District of Florida, copies of the Renewed Notices are attached hereto as Exhibit C. The Renewed Notices seek to depose all nine deponents requested in the Original Notices, including several officers, and does not limit initial depositions to the three or four Allstate employees who had substantial knowledge of the relationship between Allstate and CCN, despite the prior discussions between the parties on that point. See Shelton Affidavit, ¶ 11.

23.     Allstate continues to believes its still-pending Motion to Dismiss will lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate, including plaintiff's RICO claim.

24.     In addition, it is still necessary for plaintiff to file a renewed Motion for class certification, taking into account the change in plaintiff/class representative and changes in allegations contained in the subsequent amendment to the complaint. Counsel for plaintiff and Allstate had agreed to request that the time for Allstate to respond to the renewed Motion for certification, once filed, be deferred until 60 days following the Count's ruling on Allstate's expected motion to dismiss.[3] The rationale behind that extension of time is that the Motion for class certification may be limited or mooted by the Court's decision on a Motion to Dismiss.

_____

[3]     Prior to substitution of the named plaintiff, Dr. Napoli filed a Motion for class certification. At that time, counsel for Dr. Napoli and counsel for Allstate agreed to defer the time for Allstate's response brief until 60 days following the Court's decision on Allstate's then-pending Motion to dismiss. Based on an unopposed Motion, this Court thereafter entered an Order granting that agreed-upon deferral.

8

25.     Given the number of legal theories asserted by plaintiff, discovery concerning both class certification and the merits of plaintiff's claims portends to be expensive and time consuming.     Depending on the outcome of Allstate's Motion to Dismiss, moreover, any discovery which is allowed to proceed may prove to be unnecessarily broad and burdensome.

26.     Just as briefing on plaintiff's motion for class certification should be deferred until 60 days after this Court rules on Allstate's Motion to Dismiss, all discovery should be deferred until that time as well.     If the ruling on the Motion to Dismiss does not render the question of class certification moot, moreover, discovery should then be limited only to class certification issues until the Court rules on the class certification Motion.     Discovery on the merits should proceed thereafter only on whichever of plaintiff's purported claims remains pending and only in accordance with the status of the case as a class or individual action.     In that fashion, the Court will have reasonably conserved both its judicial resources and those of the parties.

27.     Browner v. Allstate Indemnity Company, et al., Case No. 00-7163-CIV-Ferguson, purports to assert similar class claims arising out of alleged improper discounting of bills for medical treatment provided to PIP claimants.     This Court entered an Order in Browner, based on these same considerations, which defers all merit discovery until after defendants' Motions to dismiss and plaintiff's Motion for class certification are resolved.     Brickell v. Progressive Express Insurance Co., et al., Case No. 00-6649-CIV-FERGUSON, likewise involves similar class claims asserted against Progressive.     In the Progressive case, as well, this Court has entered an Order which defers all discovery until after pending Motions to dismiss are decided.     Counsel for plaintiff in this case also represent the plaintiff in the Browner action.     They should not be permitted to evade the Order issued in Browner by pursuing discovery in this case.

9

28.    If the Court declines to stay discovery entirely until it considers and rules on Allstate's Motion to dismiss, in the alternative, the Court nevertheless should limit discovery to the class certification issues until the Court rules on the class certification Motion.

29.    In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, as well as Rule 26.1(I) of the Local Rules of the United States District Court for the Southern District of Florida, Allstate's counsel has personally conferred in good faith with plaintiff's counsel in an effort to resolve the issues raised herein, specifically pertaining to the scope and timing of discovery. Allstate's counsel's efforts to promote an agreed-upon resolution were not successful. See Shelton Affidavit, ¶¶ 8-11.

30.    In light of the limited amount of time available prior to the dates specified in the Renewed Notices, January 16-18, 2001, and the paramount importance of the issues raised herein, Allstate further requests that this Court establish as soon as possible, an expedited briefing schedule and set a hearing which will permit this Court to decide this Motion prior to January 16th.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this Court enter a Protective Order staying all discovery until after the Court rules on Allstate's motion to dismiss. In the event the Court denies Allstate's request for a complete stay of discovery, Allstate alternatively moves that the Court enter an Order limiting discovery solely to issues pertaining to class certification.

## MEMORANDUM OF LAW

Rule 23 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 23, expressly authorizes this Court to control the manner, scope, and timing of the discovery process in class action

litigation. In the present case, postponing discovery until a reasonable time after this Court rules upon a dispositive motion to be filed by Allstate in response to the Amended Complaint is warranted, appropriate and in the best interests of Court and the parties to this case.

Plaintiffs have sought in this action to assert class claims against Allstate based upon a wide variety of purported theories of liability. In his Amended Complaint, Dr. Zidel asserts claims for unjust enrichment, breach of contract, RICO, antitrust violations, declaratory judgment and violation of the Florida PIP statute. Allstate has filed a Motion to Dismiss in response to the Amended Complaint, which Allstate believes will lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate. That decision also will eliminate or refine the scope of plaintiff's effort to certify a class in this action.

The Eleventh Circuit Court of Appeals has clearly adopted a rule of law rightfully intended to avoid unnecessary costs and waste of judicial resources by precluding plaintiffs from engaging in discovery during the pendency of a dispositive motion. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). As a result, discovery should be deferred in this case at least until the pending dispositive Motions are decided by the Court. Furthermore, even at that point discovery should be permitted, if at all, only on Rule 23 issues and discovery on the merits of plaintiff's claims should be postponed until after a decision on class certification. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1995).

The decision by the Eleventh Circuit in Chudasama is both closely on point and instructive. In that case, automobile owners who were injured in an accident brought a products liability and fraud action against the manufacturer of their vehicle. The defendant filed a Motion to dismiss the fraud claim, asserting plaintiffs failed to plead fraud with particularity and, later,

11

that the factual allegations did not support an action for fraud. 123 F.3d at 1359, 1360 n.14. Both before and during the period of time while the Motion to dismiss remained pending, the plaintiffs initiated a broad range of discovery. When the trial court refused to rule on either defendant's Motion to dismiss or a subsequent Motion for protective order, the defendant unilaterally refused to comply with discovery and the Court subsequently entered a default judgment as a sanction. 123 F.3d at 1364.

The Court of Appeals found the sanctions imposed by the District Court to be an abuse of discretion and reversed the default judgment. 123 F.3d at 1366-67. In doing so, the appellate court recognized that there are significant burdens associated with discovery compliance. 123 F.3d at 1368. The Court also noted that the discovery imposes significant costs on all parties and that the process itself, along with the seemingly inevitable disputes it engenders, also imposes a considerable burden on the judicial system:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

Id. Dismissal of a flawed complaint before discovery proceeds, on the other hand, is the better course:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.

12

123 F.3d at 1368. As a result, the Court concluded that any legally unsupported claim should be
dismissed before the discovery stage:

> Facial challenges to the legal sufficiency of a claim or defense, such as a
> motion to dismiss based on failure to state a claim for relief, *should ... be
> resolved before discovery begins*. Such a dispute always presents a purely
> legal question; there are no issues of fact because the allegations contained
> in the pleading are presumed to be true. ... Therefore, neither the parties
> nor the court have any need for discovery before the court rules on the
> motion.

123 F.3d at 1367 (emphasis added). See also Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.
1981) ("Discovery should follow the filing of a well-pleaded complaint [and] is not a device to
enable a plaintiff to make a case when his complaint has failed to state a claim.").

Even assuming, arguendo, that the pendency of the Motions to dismiss are deemed by
this Court to be an insufficient reason to stay discovery, plaintiff should not be permitted to
proceed with broad merits-related discovery at this time. In class action litigation, discovery can
involve significant expenditures of time and money. See Chudasama, 123 F.3d at 1368; Karan v.
Nabisco, Inc., 78 F.R.D. 388, 396 (W.D. Pa.1978). If, in the early stages of the litigation before
merits discovery is underway, the Court determines that the class action is not appropriate or that
it should be limited in scope, both parties would benefit from avoiding unnecessary discovery.
Karan, 78 F.R.D. at 396. Accordingly, in order to ensure that class certification issues are
determined as "as soon as practicable" in accordance with Rule 23(c), therefore, and to best serve
the interests of fairness and efficiency, courts should "direct the parties to focus their initial
discovery on matters pertaining to the class question." 78 F.R.D. at 396 n.5. See Washington v.
Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1995); National
Organization for Women v. Sperry Rand Corp., 88 F.R.D. 272, 277 (D. Conn. 1980).

13

Discovery at the pre-certification stage of a putative class action should thus be limited exclusively to issues concerning class certification and no discovery on the merits should be permitted prior to resolution of class certification issues. Washington, 959 F.2d at 1570-71. See Sloan v. CC. Collings & Co., Inc., 1986 WL 8226 (E.D. Pa. July 22, 1986); Rodriguez v. Banco Central, 102 F.R.D. 897 (D. Puerto Rico 1984); Sperry Rand, 88 F.R.D. at 277; Karan, 78 F.R.D. at 396.

In Washington, for example, the plaintiff brought a class action alleging employment discrimination based on race. Although the defendant moved to dismiss the claim, the plaintiff sought to initiate discovery proceedings. 959 F.2d at 1568. The trial court recognized the unacceptable burden of permitting full discovery to proceed.    Instead, the Court limited discovery solely to class certification issues and deferred all discovery on the merits of plaintiff's claims. 959 F.2d at 1568. Reviewing that determination, and concluding it was appropriate, the Court of Appeals stated:

> To make early determination [of class certification] practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone discovery on the merits.

959 F.2d at 1570-71.

The Court in Nabisco similarly addressed the question of whether discovery on the merits of a plaintiff's claims should proceed before a class certification motion had been decided. Concluding it should not, the Court summarized, succinctly:

> Certainly, class determination is preferable before substantial discovery on the merits has been conducted. Where the plaintiffs seek to represent a large national class on a broad spectrum of employment conditions, discovery can require immense commitments of time, money and resources and involve innumerable documents and records. Neither party would benefit from such extensive expenditures when it could have been

14

> determined in the early stages that a class action was not appropriate or
> that the class must be more limited in scope than originally alleged by the
> plaintiffs.

78 F.R.D. at 396.

Similarly, in Rodriguez, the court limited discovery to the issue of whether or not the

named plaintiff had met the requirements of Rule 23 in the pre-certification stage. In doing so,

the Court summarized:

> Only discovery which would lead to establish the presence of these
> prerequisites of Rule 23 must be allowed ... and discovery on the merits
> should not be had prior to the pre-certification issue.

Rodriguez, 102 F.R.D. at 903.

Likewise, in Sperry Rand, the Court denied a motion to compel discovery in a pre-

certification class action case. Although the Court acknowledged that some discovery may be

appropriate prior to certification, any discovery permitted should be narrowly limited to Rule 23

issues:

> The discovery permitted must be sufficiently broad in order that the
> plaintiffs have a realistic opportunity to meet these requirements; at the
> same time, the defendant must be protected from discovery which is
> overly burdensome, irrelevant, or which invades privileged or confidential
> areas. **Discovery is not to be used as a weapon, nor must discovery on
> the merits be completed precedent to class certification.**

Sperry Rand, 88 F.R.D. at 277 (emphasis added).

In this case, plaintiff has initiated requests for a total of nine depositions of Allstate

employees. Plaintiff has not contested that those discovery requests are intended to permit him

to develop information in support of the merits of his proffered claims. Nor has plaintiff asserted

that the discovery he seeks is intended to be used in support of his effort to certify a class in this

action.

15

The burdens resulting from such discovery are thus unjustified, completely, at this stage of the litigation -- before the legal sufficiency of plaintiff's Amended Complaint has been tested by Allstate's pending Motion to dismiss and before class certification issues have been resolved. Consequently, all discovery should be deferred until a reasonable time following a decision on Allstate's Motion to Dismiss. Even if class-related discovery were permissible at this stage of the litigation, moreover, at a minimum, a Protective Order is necessary and appropriate to preclude these requested depositions and all other merits- related discovery from proceeding at this time. In either event, the requested depositions should not be permitted to proceed.

## Conclusion

For each of the foregoing reasons, as well as those stated in its still-pending Motion To Stay Discovery As Premature Or In The Alternative For Entry Of A Protective Order Limiting Discovery, incorporated herein by reference, defendant Allstate Insurance Company respectfully requests that this Court enter a Protective Order precluding plaintiff from proceeding with the depositions requested in his Re-Notice of Taking Depositions, and all other discovery as well, until a reasonable time after the Court rules on Allstate's pending Motion to Dismiss. Allstate further requests that this Court establish, as soon as possible, an expedited briefing schedule and hearing date which will permit this Court to decide this Motion prior to January 16, 2001.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the service list this **28th** day of December, 2000.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Defendant

DAVID B. SHELTON
Florida Bar No. 0710539
Rumberger, Kirk & Caldwell
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Defendant

## SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL 33394
Attorney for Plaintiff

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Attorney for Plaintiff

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
Attorney for Plaintiff

Eric Lee
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Attorney for Defendant,
CCN, Inc.

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-CIV-6061-FERGUSON/SNOW

| | |
|---|---|
| **DR. PAUL ZIDEL, and all others similarly situated,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) ) ) |
| **ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN,** | ) ) ) ) |
| **Defendants.** | ) ) ) |

### AFFIDAVIT

BEFORE ME, the undersigned authority, this day personally appeared the Affiant, David B. Shelton, who after being first duly sworn, deposes and says:

1. I am an attorney of record for Defendant, Allstate Insurance Company ("Allstate"), in this case. This affidavit is based on my own personal knowledge.

2. Plaintiff, Dr. Paul Zidel, was substituted as the party plaintiff and filed an amended class action complaint against Allstate per written order dated October 30, 2000.

3. On November 7, 2000, I served Allstate's agreed motion to set response date. The motion asked the Court to set November 21, 2000 as the deadline for Allstate to serve its response to the amended complaint. The motion was granted on November 16, 2000. On November 17, 2000, I served Allstate's motion to dismiss all counts of the amended complaint against it. On November 13, 2000, Defendant, Community Care Network, Inc. ("CCN"), had served a motion to dismiss all counts of the amended complaint against it and a motion to

1

EXHIBIT "A"

compel arbitration and stay litigation.

4. On November 7, 2000, I received Plaintiff's notices of taking 9 depositions of various Allstate employees for December 5-7, 2000 in Chicago, Illinois. Because Allstate had not yet responded to the amended complaint at the time the depositions were noticed, I contacted Plaintiff's counsel, Eric Lee, to discuss the depositions. I advised Mr. Lee that Allstate would be filing a motion to dismiss and asked him to agree to a stay of discovery until all motions to dismiss had been resolved. My request was consistent with the discovery stays which had been requested and granted without opposition in similar litigation pending before this Court and prosecuted by the same group of Plaintiffs' counsel. Browner v. Allstate Indemnity Co., et al., Case No. 00-7163-CIV-FERGUSON; Brickell v. Progressive Express Insurance Co., et al., Case No. 00-6649-CIV-FERGUSON.

5. Although Plaintiffs' counsel had agreed to the discovery stays in Browner and Brickell, Mr. Lee refused to agree to a stay in this case. Accordingly, on November 21, 2000, I served Allstate's motion to stay discovery as premature or in the alternative for entry of a protective order limiting discovery. That motion has been fully briefed and remains pending.

6. I understood, based on my conversations with Plaintiff's counsel that Plaintiff's primary purpose in seeking the depositions requested in the Original Notices was to attempt to obtain factual support for the merits of Plaintiff's alleged RICO and other claims.

7. Due to a scheduling conflict on the calendar of CCN's counsel, Mr. Lee agreed not to go forward with the depositions on December 5-7, 2000. When discussing the depositions with Mr. Lee, on several occasions I asked him to defer rescheduling the depositions until the motion to stay was resolved. Mr. Lee refused my requests.

8. In addition to the discussions of deferring depositions until the motion to stay was

2

resolved, I discussed with Mr. Lee the fact that the 9 depositions noticed were overbroad and unnecessary. I discussed with Mr. Lee the fact that several deponents were not knowledgeable of the relationship between Allstate and CCN. I asked Mr. Lee why he thought the deponents had knowledge of such relationship and he refused to answer other than to say he was relying on some documents which he refused to identify. I suggested, assuming the motion to stay was denied, that it would be more efficient and practicable to depose 3-4 Allstate employees who had intimate knowledge of Allstate's relationship with CCN. I further suggested, assuming the motion to stay was denied, that Plaintiff schedule these 3-4 employees and schedule additional depositions in the future if necessary, rather than proceeding with the 9 depositions noticed.

9.     Mr. Lee was generally receptive to limiting the depositions to 3-4 knowledgeable employees. However, he insisted on deposing one officer of the corporation, Billie Cohen. I proposed, assuming the motion to stay was denied, that he proceed with the 3-4 employee depositions and we could discuss the officer's deposition later if necessary. My proposal was consistent with Salter v. Upjohn Company, 593 F.2d 649 (5th Cir. 1979)(court granted protective order which required plaintiff to depose other employees with knowledge of facts before determining the necessity of a deposition of the defendant's president).

10.    My discussions with Mr. Lee were continuing when he advised me on December 13, 2000, that he intended to file a second amended complaint in this case. On December 14, 2000, I advised Mr. Lee that Allstate could not agree to the amendment unless Plaintiff agreed to move for an amendment of the Court's scheduling order. It is Allstate's position that the scheduling order is currently impracticable and becomes even more impracticable if Plaintiff is granted leave to amend his pleadings and responsive motions are filed. Plaintiff served a motion for leave to amend on December 15, 2000. Allstate served its response on December 21, 2000

3

and requested a status conference.

      11.    Based on Plaintiff's desire to amend his pleadings, I asked Mr. Lee to defer

discussions regarding depositions until the status of the case could be defined by rulings on

Plaintiff's motion to amend, the motions to dismiss and/or the motion to stay. Mr. Lee refused

this request and on December 20, 2000 served notices of taking depositions on January 16-18,

2001 in Chicago. Illinois. Not only did Mr. Lee refuse the request to defer the scheduling of

depositions, he re-noticed all 9 depositions, including several officers, despite the prior

discussions about limiting the initial depositions to 3-4 employees with additional depositions to

be scheduled later if necessary.

      FURTHER AFFIANT SAYETH NAUGHT.

                               David B. Shelton

STATE OF FLORIDA)
COUNTY OF ORANGE)

      Sworn to and subscribed before me this 28th day of December , 2000, by
David B. Shelton, who is personally known to me.

BARBARA ANN LOUV
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # CC867449
EXPIRES 8/30/2003
BONDED THRU ASA 1-888-NOTARY1

                              Notary Public, State of Florida

                              Name of Notary
                              Typed. Printed or Stamped

                              Serial number, if any

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, and all others
similarly situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN

       Defendants.

_____/

## NOTICE OF TAKING DEPOSITION
### (Videotape)

TO:    ALL COUNSEL ON THE ATTACHED SERVICE LIST

       PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

**NAME:**

Corporate Representative with the most knowledge of Allstate's preferred supplier policies, agreements to obtain discounts for medical services in Florida, and the payment of PIP medical claims in Florida at contractual rates.

**DATE AND TIME:**

December 5, 2000 at 9:00 a.m.

**PLACE:**

GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

upon oral examination before a court reporter, notary public, or any other officer authorized by law to take depositions.

7091-00100 298952 1

EXHIBIT "B"



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200

By: _____
ERIC LEE
Florida Bar No. 961299

cc:    H. Allen Benowitz & Associates Court Reporters

## Co-Counsel for Plaintiff

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

GOGEL, PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

7091-00100 298952 1                                     2

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

facsimile and mail this _7th_ day of November, 2000 upon: all individuals on the attached service

list.

ERIC LEE

3

ATLAS PEARLMAN

**SERVICE LIST**

**(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)**

## ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

## ATTORNEYS FOR COMMUNITY CARE NETWORK

William W. Deem, Esq.
(904)798-2615
wwdeem@mwbb.com
Jeb T. Nranham, Esq.
(904)798-2671
jbranham@mcguirewoods.com
MCQUIRE WOODS BATTLE
& BOOTHE, LLP
50 N. Laura Street
Suite 5300
Jacksonville, Florida 32202
(904)798-3207 Facsimile

## ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, and all others
similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN

     Defendants.

_____/



## NOTICE OF TAKING DEPOSITION
(Videotape)

TO:   ALL COUNSEL ON THE ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| **NAME:** | **DATE AND TIME:** |
|---|---|
| Bill Cohen | December 5, 2000 at 3:00 p.m. |
| Toni Boyd | December 6, 2000 at 9:00 a.m. |
| Gary Mellini | December 6, 2000 at 11:00 a.m. |
| Ellen Neary | December 6, 2000 at 2:00 p.m. |
| Wade Fairchild | December 6, 2000 at 4:00 p.m. |
| Jim Osborne | December 7, 2000 at 9:00 a.m. |
| Dori McMahon | December 7, 2000 at 11:00 a.m. |
| Suzette Oubre | December 7, 2000 at 2:00 p.m. |

### PLACE:

GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

7091-00100 298958.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

upon oral examination before a court reporter, notary public, or any other officer authorized by law
to take depositions.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-4200

By:

ERIC LEE
Florida Bar No. 961299

cc:     H. Allen Benowitz & Associates Court Reporters

## Co-Counsel for Plaintiff

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

GOGEL, PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

7091-00100 298958.1                                  2



CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

facsimile and mail this __7th__ day of November, 2000 upon: all individuals on the attached service

list.

ERIC LEE



### SERVICE LIST

**(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)**

## ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

## ATTORNEYS FOR COMMUNITY
## CARE NETWORK

William W. Deem, Esq.
(904)798-2615
wwdeem@mwbb.com
Jeb T. Nranham, Esq.
(904)798-2671
jbranham@mcguirewoods.com
MCQUIRE WOODS BATTLE
& BOOTHE, LLP
50 N. Laura Street
Suite 5300
Jacksonville, Florida 32202
(904)798-3207 Facsimile

## ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNO 

DR. PAUL ZIDEL, and all others
similarly situated,

    Plaintiffs,

ORLANDO LAW OFFICES OF
Rumberger, Kirk & Caldwell
Professional Association

v.

ALLSTATE INSURANCE COMPANY,

    Defendants.

_____/

## RE-NOTICE OF TAKING DEPOSITION
### (Videotape)

TO:    ALL COUNSEL ON THE ATTACHED SERVICE LIST

    PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

### NAME:

Corporate Representative with the most knowledge of Allstate's preferred supplier policies, agreements to obtain discounts for medical services in Florida, and the payment of PIP medical claims in Florida at contractual rates.

### DATE AND TIME:

TUESDAY, JANUARY 16, 2001 at 9:00 a.m.

### PLACE:

GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

upon oral examination before a court reporter, notary public, or any other officer authorized by law to take depositions.

7091-00100 298952.1

EXHIBIT "C"



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200

By:

ERIC LEE
Florida Bar No. 961299

cc:     H. Allen Benowitz & Associates Court Reporters

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

7091-00100 298952.1                    2



CASE NO. 00-6061-CIV-FERGUSON/SNOW

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

facsimile and mail this __20th__ day of December, 2000 upon: all individuals on the attached service

list.

ERIC LEE

3



# SERVICE LIST

**(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)**

## ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

## ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

7091-00100 294101 1

ATLAS PEARLMAN
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, and all others
similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____/



DEC 2 8 2000

ORLANDO LAW OFFICES OF
Rumberger, Kirk & Caldwell
Professional Association

POSTED

## NOTICE OF TAKING DEPOSITION
### (Videotape)

TO:    ALL COUNSEL ON THE ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

### NAME:

### DATE AND TIME:

| | |
|---|---|
| Billie Cohen | January 16, 2001 at 3:00 p.m. |
| Toni Boyd | January 17, 2001 at 9:00 a.m. |
| Gary Mellini | January 17, 2001 at 11:00 a.m. |
| Ellen Neary | January 17, 2001 at 2:00 p.m. |
| Wade Fairchild | January 17, 2001 at 4:00 p.m. |
| Jim Osborne | January 18, 2001 at 9:00 a.m. |
| Dori McMahon | January 18, 2001 at 11:00 a.m. |
| Suzette Oubre | January 18, 2001 at 2:00 p.m. |

### PLACE:

GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

upon oral examination before a court reporter, notary public, or any other officer authorized by law
to take depositions.

7091-00100 298958.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200

By:

ERIC LEE
Florida Bar No. 961299

cc:    H. Allen Benowitz & Associates Court Reporters

## Co-Counsel for Plaintiff

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile)

7091-00100 298958.1                    2



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and mail this $\partial o\cancel{h}$ day of December, 2000 upon: all individuals on the attached service list.

ERIC LEE

7091-00100 298958.1                    3

ATLAS PEARLMAN
ATTORNEYS AT LAW

## SERVICE LIST

(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)

### ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

7091-00100 294101.1

