UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

### PLAINTIFF'S MOTION TO COMPEL, FOR CONTEMPT, AND FOR SANCTIONS AND MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

PLEASE TAKE NOTICE that Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated ("ZIDEL"), by his undersigned counsel, pursuant to Federal Rule of Civil Procedure 37, shall move this Court for the entry of an Order compelling Defendant ALLSTATE INSURANCE COMPANY ("ALLSTATE") to produce documents responsive to ZIDEL's Request for Production, to compel ALLSTATE representatives to attend previously scheduled depositions, holding ALLSTATE in contempt, and awarding sanctions against ALLSTATE. For all the reasons set forth herein, ZIDEL respectfully submits that the instant Motion shall be granted in all respects and ALLSTATE's Motion for Entry of a Protective Order Concerning Depositions scheduled for January 16-18, 2001 ("Motion for Protective Order") should be denied in all respects.

### BACKGROUND

ZIDEL filed his Second Amended Complaint in this matter asserting causes of action against ALLSTATE for unjust enrichment, breach of contract, violations of the RICO Act, a Declaratory

7091-00100 305857.1



ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Judgment, and a violation of Section 627.736, Florida Statutes. On or about January 11, 2001, ALLSTATE filed its Motion to Dismiss the Second Amended Complaint. Subsequent to the status conference, on or about September 27, 2000, this Court entered an Order setting this matter for trial. The trial is presently set for the two week period commencing June 19, 2001. Pursuant to the Trial Order, the filing of a Motion to Dismiss does not stay discovery unless an automatic stay is mandated by statute. Pursuant to the Trial Order, the discovery cutoff is April 2, 2001.

Based on the trial date and the Trial Order's limited time period for conducting all discovery in this matter, ZIDEL's counsel requested dates for depositions of ALLSTATE employees. Due to ALLSTATE's refusal to provide dates for deposition, ZIDEL's counsel served notices of deposition for a number of ALLSTATE employees that were scheduled to take place in Chicago, Illinois on December 5-7, 2000. Despite ALLSTATE's assertion to the contrary, the purpose of taking these depositions, as specifically indicated in the deposition notice of the corporate representative, is to obtain information relating to ALLSTATE's preferred provider policies, agreements to obtain discounts for medical services in Florida, and the payment of PIP medical claims in Florida at contractual rates.

On or about November 30, 2000, ZIDEL served his Request for Production upon ALLSTATE.[1] On or about December 28, 2000, ALLSTATE served its Response to Plaintiff's Request for Production.[2] On or about November 21, 2000, ALLSTATE served its Motion to Stay Discovery as Premature or in the alternative for entry of a Protective Order limiting discovery

---

[1] A true and correct copy of ZIDEL's Request for Production is attached hereto as Exhibit "A."

[2] A true and correct copy of ALLSTATE's Response to Plaintiff's Request for Production is attached hereto as Exhibit "B."

7091-00100 305857.1

2

CASE NO. 00-6061-CIV-FERGUSON/SNOW

("Initial Discovery Motion"). ALLSTATE's Initial Discovery Motion remains pending. On or about December 20, 2000, ZIDEL re-noticed the depositions of the ALLSTATE employees scheduling their depositions for January 16-18, 2001 in ALLSTATE's principal place of business, Chicago, Illinois.[3] ALLSTATE failed to attend the properly scheduled depositions.

## ARGUMENT

The purpose of Federal Rule of Civil Procedure 34 is to insure a full disclosure of documents and is intended to make information known by one party available to the other. Hickman v. Taylor, 329 U.S. 495 (1947). Additionally, a request for discovery should be considered relevant if there is any possibility that information sought may be relevant to the subject matter of the action. Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121 (N.D. N.C. 1989). The initial inquiry in measuring the propriety of a wide-ranging discovery request is whether the material sought is relevant to any of the legal and factual issues being contested by the parties. Smith v. F.D.C., 403 F. Supp. 1000 (D. Del. 1975). Pursuant to Federal Rule of Civil Procedure 37, when a party fails to produce documents, a party is entitled to compel the production of documents. Pursuant to Federal Rule of Civil Procedure 37(a)(4), this Court may require the party whose conduct necessitated the motion "to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys' fees . . . "

This Court has broad discretion in imposing sanctions under Federal Rule of Civil Procedure 37 for failure to make discovery. See Pesaplastic, C.A. v. Cincinnati Milacron Co., 799 F.2d 1510 (11th Cir. 1986). "Courts have inherent power to enforce compliance with their lawful orders

---

[3] A true and correct copy of ZIDEL's Re-Notice of Taking Depositions is attached hereto as Exhibit "C."

CASE NO. 00-6061-CIV-FERGUSON/SNOW

through civil contempt." Citronelle - Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing Shillitani v. United States, 384 U.S. 364, 370 (1966)). "Civil contempt is used to coerce present or future compliance with an order of the court." Sunbeam Corp. v. Black & Decker (U.S.), Inc., 151 F.R.D. 11, 15 (D.R.I. 1993) (citing In re Kave, 768 F.2d 343, 351 (1st Cir. 1985)). ALLSTATE has failed and refused to comply with this Court's Trial Order and must be compelled to do so and held in contempt in order to obtain present and future compliance with this Court's Order which does not permit a stay of discovery.

## I. ALLSTATE MUST BE COMPELLED TO PRODUCE DOCUMENTS.

ALLSTATE's Response to Plaintiff's Request for Production asserts baseless objections and effectively grants ALLSTATE's Initial Discovery Motion by refusing to produce any responsive documents. ALLSTATE has refused to produce any documents "until the Court resolves the Motion to Dismiss and/or Motion to Stay." (emphasis added). This Court's Trial Order specifically indicates that discovery will not be stayed. ALLSTATE filed a Motion to Stay Discovery. This Court has not ruled upon ALLSTATE's Motion. Accordingly, ALLSTATE's refusal to comply with discovery constitutes a unilateral determination by ALLSTATE to stay all discovery in this case despite the fact that there is no Order permitting ALLSTATE to stay discovery. Accordingly, ALLSTATE must be compelled to immediately produce all responsive documents and should be subjected to appropriate sanctions.

### A. ALLSTATE's Specific Objections Must be Overruled.

In addition to ALLSTATE's refusal to produce any documents until such time as this Court resolves its Motion to Dismiss and/or Motion to Stay, the specific objections asserted by



CASE NO. 00-6061-CIV-FERGUSON/SNOW

ALLSTATE are without merit. In order to facilitate this Court's determination, pursuant to Local Rule 26.1(H)(2), the Request, specific responses and ZIDEL's Reply are as follows:

1. Any and all documents representing correspondence or communications between ALLSTATE and CCN.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad, without any limitations and unduly burdensome. It is unclear whether Plaintiff has limited the request to any time frame such as before the filing of the instant litigation and/or the May v. Allstate lawsuit. The request is potentially so overbroad that it might encompass communications protected by the attorney-client privilege and/or work product doctrine. Further, the request seeks confidential and proprietary business information. Without waiving its objections, Allstate will Produce non-privileged, responsive documents at a convenient time and place Pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY**: This Request, as specifically limited by the definitional section of ZIDEL's Request for Production of Documents with regard to the time frame, clearly seeks documents relevant to the claims asserted. The Request is not vague, ambiguous, overbroad, or unduly burdensome. CCN is the company that purportedly allowed ALLSTATE to utilize its reduced rates as part of ALLSTATE's fraudulent scheme to systematically deprive ZIDEL and other providers of their full entitlement to payment for medical services. Since the foregoing constitutes ALLSTATE's entire business relationship with CCN, all correspondence and communications between them are relevant to ALLSTATE's fraudulent practices. To the extent the Request could encompass communications protected by the attorney-client privilege and/or work product doctrine, ALLSTATE has failed to provide a privilege log relating to any such documents. Finally, ALLSTATE's assertion that the documents are confidential and proprietary business information is unsupported and can easily be addressed by the entry of a Confidentiality Order.

2 Any and all documents representing correspondence or communications between ALLSTATE and DR. ZIDEL.

7091-00100 305857.1

5



CASE NO. 00-6061-CIV-FERGUSON/SNOW

> RESPONSE: Allstate objects to this request on the grounds that it is overbroad, without any limitations and unduly burdensome. Plaintiff has not identified any insureds, claims or subject matter for the correspondence or communications requested.

**ZIDEL's REPLY**: ZIDEL agrees to limit this request to all correspondence or communications relating to any insured or claim that was reduced pursuant to a purported PPO or network reduction.

    4.    Any and all documents representing ALLSTATE internal Communications relating to CCN, any CCN Affiliated Health Plan, and any plan, project, idea or proposal relating to paying PIP medical expenses in Florida at reduced or agreed upon rates.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. It is unclear whether Plaintiff has limited the request to any time frame such as before the filing of the instant litigation and/or the May v. Allstate lawsuit. The request is potentially so overbroad that it might encompass communications protected by the attorney-client privilege and/or work product doctrine. Further, the request seeks confidential and proprietary business information. Without waiving its objections, Allstate will produce non-privileged, responsive documents, if any, at a convenient time and place pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "1."

    5.    Any and all documents representing CCN internal communications relating to ALLSTATE.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad, without any limitations and unduly burdensome. By definition, Allstate would not have CCN's internal communications.

**ZIDEL's REPLY**: ALLSTATE's objections are without merit. ALLSTATE carefully asserts that by definition, it would not have CCN's internal communications. However, ALLSTATE does not indicate that it does not have any such documents in its possession, custody, or control.

    6.    Any and all documents representing agreements or contracts between ALLSTATE and CCN.

> RESPONSE: Allstate had a letter of agreement with CCN which is a confidential and proprietary business document. Without waiving these objections, Allstate will produce the letter of agreement at a convenient time and place pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY:** ZIDEL would agree to the entry of a Confidentiality Order.

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

7. Any and all documents representing agreements or contracts between ALLSTATE and DR. ZIDEL.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad, without any limitations and unduly burdensome. Without waiving these objections, Allstate would state, as related to the claims made in this suit, Allstate had no direct agreement with Dr. Zidel in which he agreed to be reimbursed at the CCN rates. Allstate contends that it acted under authority of Dr. Zidel's agreement with CCN.

**ZIDEL's REPLY**: Although ALLSTATE indicates that it had no direct agreement with ZIDEL in which ZIDEL agreed to be reimbursed at the CCN rates, its response does not indicate whether any other agreements or contracts were entered into between ALLSTATE and ZIDEL. Such documents are clearly relevant and ALLSTATE cannot avoid producing the documents by changing the Request to limit it to agreements in which CCN rates are applicable.

10. Any and all documents provided to ALLSTATE by CCN, including any solicitation materials, advertising materials, projections, estimates and/or offers prior to the time ALLSTATE and CCN entered into any agreements relating in any way to PIP Medical Expenses.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks confidential and proprietary business information. Without waiving its objections, Allstate will produce non-privileged, responsive documents, if any, at a convenient time and place pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY**: ZIDEL would agree to the entry of a Confidentiality Order. In addition, the Request is not vague, ambiguous, overbroad, or irrelevant. Documents provided to ALLSTATE by CCN, prior to when ALLSTATE and CCN entered into any agreements, are clearly relevant to the claims asserted in this action.

11. Any and all documents relating to ALLSTATE's use of CCN's rates when paying PIP Medical Expenses.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome. It is unclear whether Plaintiff has limited the request

CASE NO. 00-6061-CIV-FERGUSON/SNOW

to any time frame such as before the filing of the instant litigation and/or the <u>May v. Allstate</u> lawsuit. The request is potentially so overbroad that it might encompass communications protected by the attorney-client privilege and/or work product doctrine. Further, the request seeks confidential and proprietary business information. Without waiving its objections, Allstate will produce non-privileged, responsive documents, if any, at a convenient time and place pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "1."

12. Any and all documents representing projections, analyses, or other materials relating to ALLSTATE's profits, savings, or earnings based upon ALLSTATE's agreement with CCN or ALLSTATE's use of CCN's rates.

RESPONSE: Allstate objects to this request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks confidential and proprietary business information.

**ZIDEL's REPLY**: This Request is clearly relevant. ALLSTATE's profits, savings, or earnings based upon its agreement with CCN or its use of CCN's rates is relevant to the claims asserted in this action and specifically relates to the profits ALLSTATE realized as a result of its fraudulent scheme to improperly utilize CCN's rates. To the extent this information is confidential and proprietary, ZIDEL would agree to the entry of a Confidentiality Order.

13. Any and all documents representing projections, analyses, or other materials relating to the number of claimants who would choose a CCN Provider without being steered, directed, or referred to any such Provider.

RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks confidential and proprietary business information.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "12."

14. Any and all documents representing studies, tests, comparisons, pilot programs, reviews, assessments, analyses, audits, estimates, projections or data compilations of any kind analyzing, discussing, or referencing the advantages, disadvantages, feasibility, legality, propriety or validity of ALLSTATE's use of reduced rates or CCN's rates when making payments for PIP Medical Expenses.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

to any time frame such as before the filing of the instant litigation and/or the <u>May v. Allstate</u> lawsuit. The request is potentially so overbroad that it might encompass communications protected by the attorney-client privilege and/or work product doctrine. Further, the request seeks confidential and proprietary business information. Without waiving its objections, Allstate will produce non-privileged, responsive documents, if any, at a convenient time and place pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "1."

12. Any and all documents representing projections, analyses, or other materials relating to ALLSTATE's profits, savings, or earnings based upon ALLSTATE's agreement with CCN or ALLSTATE's use of CCN's rates.

RESPONSE: Allstate objects to this request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks confidential and proprietary business information.

**ZIDEL's REPLY**: This Request is clearly relevant. ALLSTATE's profits, savings, or earnings based upon its agreement with CCN or its use of CCN's rates is relevant to the claims asserted in this action and specifically relates to the profits ALLSTATE realized as a result of its fraudulent scheme to improperly utilize CCN's rates. To the extent this information is confidential and proprietary, ZIDEL would agree to the entry of a Confidentiality Order.

13. Any and all documents representing projections, analyses, or other materials relating to the number of claimants who would choose a CCN Provider without being steered, directed, or referred to any such Provider.

RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks confidential and proprietary business information.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "12."

14. Any and all documents representing studies, tests, comparisons, pilot programs, reviews, assessments, analyses, audits, estimates, projections or data compilations of any kind analyzing, discussing, or referencing the advantages, disadvantages, feasibility, legality, propriety or validity of ALLSTATE's use of reduced rates or CCN's rates when making payments for PIP Medical Expenses.



RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it may call for the production of information protected by the attorney-client privilege and/or work product doctrine. Additionally, although Plaintiff contends that Allstate's failure to offer a policy with a PPO endorsement violates the provisions of Section 627.736(10), Florida Statutes, the court in May v. Allstate, Case No. 00-CIV-62696 DIMITROULEAS, has held that Plaintiff cannot complain about an alleged violation of the statute. Allstate's motion to dismiss claims asserting a violation of the statute remains pending. Nonetheless, even if a provider could make such complaint, it would be irrelevant what an insurer considered. The issue under Section 627.736(10) presents a question of statutory interpretation for the court. Any consideration by Allstate whether such application was advantageous, feasible, legal, proper or valid is irrelevant. Moreover, any such consideration would be confidential and proprietary business information.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "1." In addition, ALLSTATE's interpretation of Judge Dimitrouleas' Order is clearly overbroad. Judge Dimitrouleas merely determined that providers would not have a cause of action under Section 627.736(10). However, ALLSTATE's violation of Section 627.736(10) is an issue that providers can raise when seeking full payment for services. ZIDEL's Second Amended Complaint does not assert a cause of action under Section 627.736(10), Florida Statutes. It asserts a cause of action for ALLSTATE's failure to pay in full for services provided by providers based upon ALLSTATE's systematic utilization of preferred provider rates <u>without any legal authority to do so</u>! Judge Dimitrouleas' Order clearly provides that the providers, as third-party beneficiaries to the insurance agreement between ALLSTATE and its insureds, have the right to assert such claims. Any documents relating to ALLSTATE's internal determinations whether their actions were advantageous, feasible, legal, proper or valid are clearly relevant to the providers' legal claims. Thus, all documents must be produced.

15. Any and all documents relating to the number of CCN providers to whom automobile Claimants were steered, directed, or referred by CCN or ALLSTATE.

RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and



CASE NO. 00-6061-CIV-FERGUSON/SNOW

seeks confidential and proprietary business information. Without waiving its objections, Allstate will produce non-privileged, responsive documents, if any, at a convenient time and place pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "12."

16. Any and all documents relating to any referral or steerage mechanisms created by Defendants to encourage ALLSTATE's insureds to use CCN's Providers.

RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary business information. Without waiving its objections, Allstate will produce non-privileged, responsive documents, if any, at a convenient time and place pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "12."

17. Any and all documents reflecting financial incentives established by CCN or ALLSTATE to encourage, direct, refer or steer ALLSTATE insureds to CCN Providers.

RESPONSE: Allstate objects to the request on the grounds that it is vague and ambiguous. It is unclear whether the request seeks incentives to insureds or providers. Allstate would refer Plaintiff to the contract between Plaintiff and CCN. Other than payment of PIP benefits, Allstate did not provide financial incentives to Plaintiff.

**ZIDEL's REPLY**: This Request seeks documents reflecting all financial incentives established by

CCN or ALLSTATE to encourage ALLSTATE insureds to use CCN providers. ALLSTATE

responded by indicating that there were no financial incentives to ZIDEL. However, ALLSTATE

fails to indicate whether there are documents indicating that there were other financial incentives

offered or granted to insureds, other providers, or CCN.

20. Any and all documents representing CCN's Payor lists from 1996 to the present.

RESPONSE: Allstate objects to this request on the grounds that it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Allstate's relationship with CCN began in early 1999 and ended in early 2000. Further, the request seeks confidential and proprietary business information. Without waiving its objections, Allstate will produce non-privileged, responsive documents, if any, at a convenient time and



CASE NO. 00-6061-CIV-FERGUSON/SNOW

place pursuant to a protective order once the Court resolves the motion to dismiss and/or motion to stay.

**ZIDEL's REPLY**: This Request clearly seeks relevant information to determine who constituted ALLSTATE's purported payors under the CCN contract. The term "payor" is defined in the CCN contract.

23. Any and all complaints, formal or informal. made by any CCN Providers relating to the application of CCN's rates to PIP Medical Expense claims.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Complaints are not relevant to the issues in this case.

**ZIDEL's REPLY**: Complaints made by CCN providers relating to the application of CCN's rate to medical expense claims is clearly relevant to the claims asserted in this action. Such complaints would place ALLSTATE on notice that providers did not agree to the systematic reduction of their rates and would further establish ALLSTATE's continued practice of improperly reducing rates despite protests from providers.

24. Any and all documents relating or referring to the retroactive application of CCN's Provider rates to ALLSTATE PIP Medical Expense claims.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, and the terms "retroactive application" are not defined.

**ZIDEL's REPLY**: This Request is not vague or ambiguous. The term retroactive application is self-explanatory and relates to situations where ALLSTATE applied CCN's rates to services provided to patients already treating with providers at the time the provider entered into an agreement with CCN.

27. Any and all documents representing correspondence or communications between ALLSTATE and the Florida Department of Insurance relating to ALLSTATE's payment of PIP Medical

Expense claims at CCN's Provider rates or at reduced rates based on an agreement between ALLSTATE and any health care provider or preferred provider organization.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**ZIDEL's REPLY**: This Request clearly seeks documents that are relevant to the claims asserted. Correspondence or communications between ALLSTATE and the Florida Department of Insurance relating to ALLSTATE's scheme to pay preferred provider rates is relevant to the instant issues. Any communications between ALLSTATE and the Florida Department of Insurance could constitute admissions and relate to ALLSTATE's knowledge of its wrongdoing. Thus, ALLSTATE's objection is clearly frivolous.

29. Any and all documents reflecting a) the names and addresses of Providers whose bills were discounted by ALLSTATE based on CCN's rates; b) the dates of the discounted payments; c) the amounts of the discounts; d) the amounts paid by ALLSTATE; and e) the compensation received by CCN as a result of the discount.

> RESPONSE: Allstate objects to this request on the grounds that it is overbroad, unduly burdensome and seeks confidential and proprietary business information. The compensation received by CCN is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**ZIDEL's REPLY**: This Request clearly seeks documents that are relevant to the claims asserted. ZIDEL agrees to the entry of a Confidentiality Order to protect the proprietary nature of any such information. In addition, the compensation received by CCN is clearly relevant to determine ALLSTATE's profits, motivation, intent, and knowledge of its wrongdoing.

31. Any and all documents utilized by ALLSTATE to determine if a health care provider in Florida has a direct contract with ALLSTATE relating to the amount the health care provider will accept for certain services.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As stated in response to request #7, Allstate had no direct agreement with providers such as Dr.



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Zidel in which they agreed to be reimbursed at the CCN rates. Allstate contends that it acted under authority of the providers' agreement with CCN.

**ZIDEL's REPLY**: This Request seeks documents that are relevant to the claims asserted. The Request seeks contracts among ALLSTATE and any providers relating to the amount the health care provider would accept for certain services. It is not limited to agreements in which providers agreed to be reimbursed by CCN's rates. ALLSTATE has once again attempted to change the definition of the documents requested in order to avoid producing responsive documents. ALLSTATE has previously admitted that it has entered into contracts directly with health care providers relating to the amounts ALLSTATE pays to the health care providers for certain services. Such documents will demonstrate that the CCN rates are significantly lower than rates ALLSTATE has agreed to accept from certain providers and that ALLSTATE's systematic use of the CCN rates knowingly perpetrated a fraud on those providers that did not enter into an agreement directly with ALLSTATE.

32. Any and all agreements or contacts between ALLSTATE and any health care provider in Florida relating to an agreement by the health care provider to accept certain reduced rates for services provided by the health care provider.

RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lea to the discovery of admissible evidence. Without waiving these objections, Allstate would state, as related to the claims made in this suit, Allstate has no direct agreement with providers such as Dr. Zidel in which they agreed to be reimbursed at the CCN rates. Allstate contends that it acted under authority of the providers' agreement with CCN.

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "31."

33. Any and all documents reelecting the amount of compensation paid by ALLSTATE to CCN pursuant to any agreement between ALLSTATE and CCN.

RESPONSE: Allstate objects to this request on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks confidential and proprietary business information.


CASE NO. 00-6061-CIV-FERGUSON/SNOW

**ZIDEL's REPLY**: See ZIDEL's Reply to Request No. "29."

34. Any and all documents which relate to silent PPOs, wrap-around PPOs, managed indemnity plans, back door PPOs, soft channeling, directed PPOs and non-directed PPOs.

> RESPONSE: Allstate objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**ZIDEL's REPLY**: This Request is clearly relevant to the claims asserted in this action. ZIDEL is requesting documents in ALLSTATE's possession relating to well-defined terms in the insurance industry in order to demonstrate ALLSTATE's knowledge of its wrongdoing.

## II.  ALLSTATE MUST BE REQUIRED TO PRODUCE ITS EMPLOYEES FOR DEPOSITION.

On or about November 7, 2000, ZIDEL served Notices for Deposition of nine ALLSTATE employees scheduling the depositions in ALLSTATE's principal place of business, Chicago, Illinois for December 5-7, 2000 ("ALLSTATE employee depositions"). ZIDEL served the Response after ALLSTATE refused to cooperate in scheduling these depositions. Due to a scheduling conflict with counsel for CCN, ZIDEL's counsel agreed to reschedule the depositions. Subsequently, ZIDEL's counsel had discussions with ALLSTATE's counsel relating to ALLSTATE's production of three or four ALLSTATE employees with significant knowledge of ALLSTATE's relationship with CCN. Counsel for ZIDEL indicated that although this may be acceptable, it was critical to depose an ALLSTATE office with knowledge of the claims, to wit, Billie Cohen. Rather than cooperate to resolve these issues and provide dates for these depositions, ALLSTATE continually refused to provide dates for any depositions. On numerous occasions, counsel for ZIDEL attempted to schedule the ALLSTATE employee depositions. On five occasions subsequent to when the initial depositions



CASE NO. 00-6061-CIV-FERGUSON/SNOW

were canceled, counsel for ZIDEL, in writing, requested ALLSTATE's cooperation in rescheduling the depositions.[4] Despite repeatedly requesting that ALLSTATE reschedule the ALLSTATE employee depositions, ALLSTATE refused to provide any cooperation whatsoever. Accordingly, on or about December 20, 2000, after providing notice to ALLSTATE that they would do so, ZIDEL's counsel rescheduled the depositions for January 16-18, 2001 in Chicago, Illinois.

ALLSTATE failed to attend the depositions and instead indicated that it would not attend the depositions until it received an Order from the Court regarding its Motion for Protective Order. ALLSTATE's conduct is clearly inappropriate and its repeated and constant interference with discovery should be severely dealt with by this Court.

ALLSTATE and its counsel are thoroughly aware that the absence of and resolution on a motion for protective order does not eliminate the duty to appear at a deposition. Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979). As the former Fifth Circuit stated:

> Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to <u>get an order postponing the time of the deposition until his motion can be heard</u>. He might also appear and seek to adjourn the deposition until an order can be obtained. But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains.

Id. at 613 (emphasis added) (quoting Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964). Additionally, as one court recently stated:

> When it appears that a Court is not going to be able to decide a motion to quash or a motion for protective order before the date set for a deposition, counsel for the movant should contact counsel for the party noticing the deposition and attempt to reach an agreement staying the deposition until after the Court acts on the motion to

---

[4] In accordance with Local Rule 7.7, counsel for ZIDEL has not attached such correspondence as exhibits, but will do so if requested by the Court.

quash and/or the motion for protective order. If agreement cannot be reached, it is incumbent on counsel for the movant to file a motion to stay the deposition until the Court acts on the motion to quash and/or for a protective order and to alert the clerk to the need for immediate action on the motion to stay.

Goodwin v. City of Boston, 118 F.R.D. 297, 298 (D. Mass. 1988).

In United States v. One Lot of U.S. Currency, 628 F. Supp. 1473 (S.D. Fla. 1986), this Court dismissed a claim where a party failed to appear for deposition. As the Court stated:

> Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice. No prior court order is required for Rule 37(d) sanctions. Although courts frequently enter an order compelling discovery before entering sanctions, Rule 37(d) authorizes sanctions without violation of a prior court order.
>
> . . .
>
> Because claimant's total failure to appear for deposition is willful and indicative of an irresponsible attitude towards its discovery obligations, this Court has the discretion to impose harsh sanctions, such as striking the claim or entering default judgment.

Id at 1476 - 1477 (citing Sigliano v. Mendoza, 642 F.2d 309 (9th Cir. 1981); Dorey v. Dorey, 609 F.2d 1128 (5th Cir. 1980) (discovery sanctions may be imposed without a prior violation of a court order when a party fails to appear for deposition); National Hockey League v. Metropolitan Hockey Club, Inc., 477 U.S. 639 (1976); Properties International Limited v. Turner, 706 F.2d 308 (11th Cir. 1983)). "Rule 37 sanctions must be applied diligently . . . . to penalize those whose conduct may be deemed to warrant such a sanction . . . ." Id. at 1477 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980). ALLSTATE's refusal to attend these scheduled depositions clearly violates the Federal Rules of Civil Procedure and this Court's Trial Order. The ALLSTATE employee depositions were originally scheduled for the first week in December, 2000. ALLSTATE has now unilaterally and indefinitely postponed these depositions without any authority from the Court and

CASE NO. 00-6061-CIV-FERGUSON/SNOW

despite this Court's Trial Order which specifically indicates that discovery would not be stayed. ALLSTATE's Motion for Protective Order also seeks to improperly limit the depositions scheduled by ZIDEL. ALLSTATE wants to produce only the witnesses it deems appropriate despite ZIDEL's request to take depositions of certain ALLSTATE employees that ZIDEL believes have information relevant to the claims asserted. Only one of the employees sought to be deposed by ZIDEL is a corporate officer. ALLSTATE does not indicate that the corporate officer does not have knowledge regarding the claims asserted in this matter, but instead tries to avoid the deposition by arguing that ZIDEL should be required to take other depositions first. This is clearly inappropriate and is designed to thwart ZIDEL's discovery. ZIDEL has information that the employees scheduled for deposition have knowledge about the claims asserted. Thus, ZIDEL should be allowed to take these depositions despite ALLSTATE's continued efforts to avoid discovery.

## CONCLUSION

For all the reasons set forth herein, Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order compelling Defendant ALLSTATE INSURANCE COMPANY to produce documents responsive to ZIDEL's Request for Production, requiring ALLSTATE to attend previously scheduled depositions with its employees, awarding sanctions against ALLSTATE, including the attorneys' fees and costs incurred in filing this Motion, together with such other and further relief as this Court may deem just and proper.



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 23rd day of January, 2001 upon all individuals on the attached service list.

_____
JAN DOUGLAS ATLAS

ATLAS PEARLMAN

## SERVICE LIST

(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)

**ATTORNEYS FOR ALLSTATE**

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile