UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ___ *04*

2001 FEB 12 PM 4:43

C.E:. U...
S.D. OF FLA-FTL

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant.

_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION
## TO DISMISS SECOND AMENDED COMPLAINT

Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated ("ZIDEL"),

by his undersigned counsel, submits the instant Memorandum of Law in Opposition to Defendant

ALLSTATE INSURANCE COMPANY's ("ALLSTATE") Motion to Dismiss Second Amended

Complaint ("Motion to Dismiss"). For all the reasons set forth herein, ZIDEL respectfully submits

that ALLSTATE's Motion to Dismiss must be denied in all respects.

### BACKGROUND

This class action was originally filed by David Napoli, D.C. on January 12, 2000. On or

about October 30, 2000, this Court entered an Order substituting ZIDEL as the Plaintiff. On or about

December 27, 2000, this Court entered an Order permitting ZIDEL to file his Second Amended

Complaint. On January 29, 2001, ALLSTATE filed its Third-Party Complaint against Community

Care Network, Inc. This action is one of four class actions presently pending before this Court

involving the illegal reduction of medical expense claims by various insurance companies in Florida.

7091-00100 308269.1



ATLAS PEARLMAN

Three additional actions were recently filed regarding the same subject matter. The class Plaintiffs in all seven pending matters have filed a Motion to Consolidate all of the matters in order to effectively adjudicate the claims.

## ARGUMENT

Rather than restate arguments previously asserted in opposition to the various Motions to Dismiss in these matters, ZIDEL refers to the Memoranda of law filed in opposition to the motions to dismiss filed in <u>Keith Brickell, D.C. v. Progressive Express Ins. Co., et al.</u>, Case No. 00-6649-CIV-FERGUSON/SNOW (dk. #38 and dk. #47); <u>Mark J. Browner, D.C. v. Allstate Indemnity Co., et al.</u>, Case No. 00-7163-CIV-FERGUSON/GARBER (dk. #32 and dk. #47); and the Memorandum of Law in Opposition to Motion to Dismiss filed in this case (dk. #38). These Memoranda along with the oral argument held before this Court on the various Motions to Dismiss establish that ZIDEL's Second Amended Complaint asserts cognizable causes of action against ALLSTATE.[1]

In addition to the foregoing arguments, recent developments have further established that ALLSTATE's practice of reducing medical expense claims based upon PPO rates is illegal. Courts in Florida have rejected insurance companies' use of PPO reductions. In <u>David W. Ice v. Progressive Bayside Ins. Co., et al.</u>, Case No. 98-12491-COCE-53, Broward County Court, the Honorable William Herring granted the Plaintiff's Motion for Partial Summary Judgment.[2] Pursuant to the Order, the Court found, as a matter of law, that Section 627.736(10), Florida Statutes is the exclusive means for an insurer to take PPO reductions when paying PIP claims and that absent

---

[1]The Motions to Dismiss in <u>Brickell</u> and <u>Browner</u> are being considered by this Court and oral argument has taken place. Perhaps inadvertently, the Motion to Dismiss in this case was referred to the Magistrate Judge.

[2]A true and correct copy of the decision is attached hereto as Exhibit "1."

2

compliance with the provisions of Section 627.736(10), Florida Statutes, the insurer must pay the full PIP benefit rate of 80% of reasonable and necessary charges. The Court also found that an insurer cannot avoid the mandate of Section 627.736(10), Florida Statutes by using a middleman for purposes of reducing the amounts to be paid to providers.

Subsequently, in the action entitled Dr. Jeffrey N. Shebovsky v. Peachtree Casualty Ins. Co., Case No. CCO 99-9723 DIV 71, Orange County Court, the Honorable Jerry Brewer granted Plaintiff's Motion for Partial Summary Judgment.[3] Pursuant to the Order, the Court found that the insurance company could not reduce PIP medical expenses based upon a purported PPO reduction. These two cases in which Summary Judgment was granted establish that the practice of reducing medical expense claims based upon purported PPO network reductions is illegal as a matter of law. Accordingly, the claims asserted by ZIDEL against ALLSTATE clearly state causes of action.

The case attached to ALLSTATE's Motion, Peter Gloria and David Perez v. Allstate County Mutual Ins. Co., et al., Civil Action No. SA-99-CA-676-PM, United States District Court for the Western District of Texas is entirely inapplicable herein. The Gloria matter involved an action brought by two policyholders. The court dismissed the claims because the policyholders "failed to state an injury-in-fact." (p . 17). Since the insureds had not actually been damaged based upon the PPO reductions, the court dismissed the action due to the policyholder's lack of standing. Interestingly, the court distinguished Puritt v. Allstate, 672 N.E. 2d 353 (Ill. App. Ct. 1996, pet. denied) because the policyholder in Puritt paid the balance of the bill not paid by ALLSTATE and "a healthcare provider, who was not paid the full amount charge [sic] for the services provided, was

---

[3] A true and correct copy of the Order is attached hereto as Exhibit "2."

included as a plaintiff." (Gloria, p. 17). Clearly, the medical provider class in this action has suffered injury due to ALLSTATE's illegal reduction of PIP medical expense claims. Thus, ALLSTATE's citation of Gloria actually supports ZIDEL's position.

Finally, ZIDEL's claim under Section 627.736, Florida Statutes ("Section 627.736") clearly states a cause of action. The Order attached to ALLSTATE's Motion to Dismiss entered by Judge Dimitrouleas merely found that a party could not assert a cause of action solely under Section 627.736(10). However, pursuant to Section 627.736(4)(b), healthcare providers have the right to assert a cause of action. Section 627.736(4)(b), requires that "insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same." Fla. Stat. § 627.736(4)(b). This subsection is not a mandate of what may or may not appear in an automobile insurance policy. It is a statute requiring payment within a certain time frame. If an insurance company fails to make full payment within 30 days, the healthcare provider is not limited to a breach of contract claim, but may also turn to 627.736(4)(b) for redress.

In fact, Florida courts have found that healthcare providers have standing to pursue an action under Section 627.736. In Colonial Penn Ins. Co. v. Magnetic Imaging Systems I, Ltd., 694 So. 2d 852 (1997) the court certified a class of Colonial Penn insureds and medical providers who received benefit payments beyond the statutory 30 day period without tender of statutory interest.[4] In its reasoning, the court held that "[t]he claims of class members present a common right of recovery

---

[4] Section 627.736(4)(c), Florida Statutes, provides that all overdue PIP payments bear simple interest at the rate of 10 percent per year.

.

.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this ___9th___ day of February, 2001 upon all individuals on the attached service list.

ERIC LEE

ATLAS PEARLMAN

## SERVICE LIST

**(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)**

### ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

7091-00100 294101.1



IN THE COUNTY COURT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 98-12491 COCE 53

DAVID W ICE,

    Plaintiff,

vs.

PROGRESSIVE BAYSIDE
INSURANCE COMPANY,

    Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE having come on to be heard on the Plaintiff's Motion for Partial Summary Judgment as to Count I of the Amended Complaint, and the Court having reviewed all of the Memoranda filed by the parties, the Affidavits submitted in opposition to the motion and all other items of record, and having heard argument of counsel on October 23, 2000 and again on December 5, 2000, and being otherwise advised in the premises, it is hereupon

ORDERED and ADJUDGED that Plaintiff's Motion for Partial Summary Judgment as to Count I for Declaratory Relief is hereby granted and this Court finds:

1.   That the provisions of Section 627.736(10), Florida Statutes, provide the exclusive means by which an insurance company can pay preferred provider rates (PPO rates) on Florida personal injury protection automobile coverage

2.   That an insurance company cannot, by the artifice of erecting a buffer or middleman, such as Medview in this case, avoid the mandate of Section 627.736(10), Florida Statutes

3.   If any insurance company such as the Defendant, PROGRESSIVE, in this case, does not comply with all of the requirements of Florida Statute 627.736(10), then full PIP benefits of 80% of reasonable and necessary medical expenses must be paid

4.   Any agreement or arrangement that the Defendant had with the Florida Department of Insurance which allowed the Defendant to pay PPO rates to or on behalf of an insured who did not elect to purchase a PPO PIP policy, goes directly against the Statutory Mandate and the argument that this Court give deference to what the Department of

Exhibit "1"

Insurance says or does in terms of interpretation of the Statute is unavailing here.

DONE AND ORDERED in Chambers at Broward County, Florida, this  12  day of December, 2000.

WILLIAM W. HERRING

COUNTY COURT JUDGE

Copies furnished:

A TRUE COPY

Ronald F. Shapiro, Esq.
Francis Anania, Esq.
Larry Kopelman, Esq.
Donald Blackwell, Esq.

IN THE COUNTY COURT OF THE
9TH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO: CCO 99-9723 DIV 71

DR. JEFFREY N. SHEBOVSKY d/b/a
SOUTH ORANGE CHIROPRACTIC CENTER
(Glenn Jeffers)
                    Plaintiff

V.

PEACHTREE CASUALTY INSURANCE COMPANY
                    Defendant
___  _____/

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE having come on to be heard on Plaintiff's Motion for Partial Summary Judgment
as to Count I, Declaratory Judgment Count, and the Court having reviewed the Motion and being
otherwise advised in the Premises, it is hereupon,

ORDERED AND ADJUDGED that the contract entered into between Jeffrey N. Shebovsky, D.C.
and MedView Services, Inc., which was attached to the motion as Exhibit "A", is not ambiguous
and the court interprets the contract in accordance with its plain meaning and finds that the contract
does not apply to Personal Injury Protection claims under the No Fault Statute, but rather the terms
and conditions of the contract applies to Group Health Benefits, and Worker's Compensation
Programs. The Court further finds that Peachtree Casualty Insurance Company was not a party to
this contract and not a "Third Party Payor" as defined in the agreement. Therefore, Peachtree
Casualty Insurance Company had no privity of contract and no standing to reduce the medical bills
submitted by the Plaintiff, for the treatment of Glenn Jeffers, pursuant to this contract. In addition,
the Court finds that Peachtree Casualty did not follow the dictates of F.S. 627.736 (10), and could

Exhibit "D"

not reduce the Plaintiff's medical bills as it did not have a preferred provider policy as required by that statute. The No Fault Statute is unique and is to be construed in favor of the insured and not the insurer. Florida Statute 627.736 (10) allows a specific method for insurers to take Preferred Provider reductions and this methodology must be followed by the insurer if the insurer wants to take Preferred Provider reductions. Peachtree's failure to comply with subsection (10) prohibits the taking of these reductions.

As further relief, the Court finds that Peachtree Casualty Insurance Company does not have the right to tender in evidence the MedView agreement marked as Exhibit "A", or any evidence as to Preferred Provider rates or any other rates pertaining to group insurance, worker's compensation insurance program, or any other insurance or program referred to in the MedView agreement as said agreement is not relevant and material to this case. Accordingly, the Court grants Plaintiff's Motion for Partial Summary Judgment as to Count I of the Complaint and denies the Defendant's Motion for Summary Judgment. The Court reserves jurisdiction to award reasonable attorney's fees and costs.

DONE AND ORDERED, in Chambers Orlando, Orange County, Florida, this ___20___ day of _____Dec._____, 2000.

_Jerry L Brewer_
JUDGE OF THE COUNTY COURT

cc: Laura M. Watson, Esq.
    David A. Finley, Esq.

O:\WPS_BENUTTY\S27OS\PVAASTSURD.JNT