**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 00-CIV-6061-FERGUSON/SNOW**

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALLSTATE INSURANCE COMPANY, | ) ) |
| Defendant / Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | ) ) ) |
| Third-Party Defendant. | ) ) |

## AGREED MOTION TO AMEND PRETRIAL ORDER

Defendant, Allstate Insurance Company ("Allstate"), with the agreement of Plaintiff, Dr. Paul Zidel (Dr. Zidel"), hereby moves this honorable Court to amend its Order Setting Trial Date and Discovery Schedule and vacate the schedule of pretrial procedures contained therein.  In support hereof, Allstate states as follows:

1.    On or about September 27, 2000, this Court entered an Order Setting Trial Date and Discovery Schedule ("Pretrial Order")  The Pretrial Order set this case for trial during the two week period commencing June 19, 2001.  The Pretrial Order also established a schedule for pretrial procedure which set, among others, the following deadlines:

      a.       February 12, 2001, for Plaintiff to furnish a list of expert witnesses to defendant's counsel;

      b.       February 26, 2001, for depositions of Plaintiff's expert witnesses to occur;

      c.       February 26, 2001, for Defendant to furnish a list of expert witnesses to plaintiff's counsel;

      d.       March 12, 2001, for depositions of Defendant's expert witnesses to occur;

      e.       March 12, 2001, for the parties to furnish opposing counsel with lists of all witnesses expected to testify at trial;

      f.       April 2, 2001, for all discovery to be completed; and

      g.       May 7, 2001, for filing of a Joint Pretrial Stipulation.

2.      On or about January 11, 2001, Allstate filed its Motion to Dismiss each of the claims asserted by Dr. Zidel in his Second Amended Complaint.

3.      Allstate's Motion To Stay Discovery As Premature Or In The Alternative For Entry Of A Protective Order Limiting Discovery, which was still pending on January 11, 2001, asserted, among other points, that discovery in this matter should be stayed because:

      a.       Allstate's Motion to dismiss will lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate, including plaintiff's RICO claim;

      b.       Counsel for plaintiff and Allstate had agreed to request that the time for Allstate to respond to an anticipated renewed Motion for certification, once filed, be deferred until 60 days following the Court's ruling on

Allstate's Motion to Dismiss because class certification may be limited or mooted by the Court's decision on a Motion to Dismiss;

c.   Given the number of legal theories asserted by plaintiff in the Amended Complaint, discovery concerning both class certification and the merits of plaintiff's claims portends to be expensive and time consuming and, depending on the outcome of Allstate's Motion to Dismiss, may prove to be unnecessarily broad and burdensome; and

d.   To reasonably conserve both judicial resources and those of the parties, all discovery should be deferred until after a ruling on Allstate's Motion to Dismiss; if that ruling does not render the question of class certification moot, then discovery should be limited to class certification issues until the Court rules on the class certification Motion, with discovery on the merits proceeding only thereafter on whichever of plaintiff's purported claims remains pending and only in accordance with the status of the case as a class or individual action.

4.   In its Omnibus Order On Pending Motions, dated January 24, 2001, among other things, this Court:

a.   Referred Allstate's pending Motion To Dismiss Second Amended Complaint to United States Magistrate Judge Lurana S. Snow; and

b.   Granted Allstate's Motion to Stay Discovery.

5.   On or about January 29, 2001, this Court granted Dr. Zidel's unopposed Motion for enlargement of time to respond to Allstate's Motion to Dismiss until February 9, 2001.

3

6.   In light of the decision by this Court to stay discovery, as reflected in the Omnibus Order dated January 24. 2001. the parties agree that they will not be able to comply with several of the deadlines previously set by the Court in its Pretrial Order.

7.   The parties further agree that in the interests of justice and to conserve both judicial resources and those of the parties, the deadlines established in the Pretrial Order should be vacated and a new schedule set. if one is necessary. after the Court rules on Allstate's Motion to Dismiss plaintiff's Second Amended Complaint.

8.   In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, as well as Rule 26.1(l) of the Local Rules of the United States District Court for the Southern District of Florida, Allstate's counsel has personally conferred with Eric Lee, counsel for Plaintiff. Mr. Lee agreed that the pretrial procedure deadlines are not currently workable and need to be amended.

9.   In a similar action, Browner v. Allstate Indemnity Co., Beech Street Corp. and ADP Integrated Medical Solutions, Inc., Case No. 00-7163-Civ-Ferguson/Snow, involving the same counsel for plaintiff and Allstate, this Court set the matter for trial during the same trial period and established the identical pretrial procedure deadlines. Because motions to dismiss had been filed and discovery stayed. this Court recently vacated the pretrial procedure deadlines, and directed the scheduling of a pre-trial conference within five business days after entry of an order on defendants' motions to dismiss. at which conference the Court will order deadlines for pretrial procedures. See Amended Order On Plaintiff's Motion To Set For Trial in Case No. 00-7163-Civ-Ferguson/Snow dated January 24, 2001. As was done in Browner, the pretrial procedure deadlines in the instant case should be vacated.

4

WHEREFORE, Defendant Allstate Insurance Company, with agreement of Plaintiff, Dr. Paul Zidel, requests that this Court enter an Order vacating the pretrial procedure deadlines established in the Order Setting Trial Date and Discovery Schedule dated September 27, 2000.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to the attorneys on the service list, this _9th_ day of February, 2001.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 920-7241
Attorney for Allstate

DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorney for Allstate

## SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL 33394
Attorney for Plaintiff

Eric Lee
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Attorney for Plaintiff

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Attorney for CCN

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
Attorney for Plaintiff