## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### Civil Action No. 00-CIV-6061 FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL and All Others Similarly Situated, | § § § |
| Plaintiffs, | § § § |
| v. | § § |
| ALLSTATE INSURANCE COMPANY and COMMUNITY CARE NETWORK, INC. d/b/a CCN, | § § § § |
| Defendant/Third-Party Plaintiff, | § § |
| v. | § § |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | § § § |
| Third-Party Defendant. | § § |



### CCN'S UNOPPOSED MOTION FOR EXTENSION
### TIME TO RESPOND TO THIRD-PARTY COMPLAINT

Third-party defendant, CCN Managed Care, Inc. (incorrectly referred to as "Community Care Network, Inc. d/b/a CCN" in the third-party complaint), requests the entry of an order extending its time to serve a response to the third-party complaint through and including March 15, 2001. In support of the motion, CCN states:

1. This case was originally filed by plaintiff David Napoli against defendants Allstate Insurance Company and MedView Services, Inc. Thereafter, plaintiff's counsel filed an "Amended Class Action Complaint" substituting Dr. Paul Zidel as plaintiff in place of David



Napoli, and substituting CCN as a co-defendant in place of MedView Services, Inc. The Amended Class Action Complaint continued to name Allstate as a co-defendant.

2. CCN filed a motion to dismiss the amended complaint and a motion to compel arbitration. Thereafter, by joint stipulation dated December 8, 2000, plaintiff voluntarily dismissed its claims against CCN.

3. On January 26, 2001, Allstate filed its third-party complaint against CCN. Though process was never served on CCN, the undersigned counsel have filed an appearance on behalf of CCN in connection with the third-party complaint.

4. The claims asserted in this case are varied and highly complex. The burden of responding is compounded by the fact that CCN has been absent from the case for some time, and is now faced with a wholly new theory of liability. Accordingly, CCN respectfully requests an extension through and including March 15, 2001, of its time in which to serve a response to the third-party complaint.

5. **Certificate of Consultation of Opposing Counsel**. Undersigned counsel for CCN have conferred with counsel for third-party plaintiff Allstate, and represent to the Court that Allstate has no objection to the requested extension.

### Memorandum of Law

This motion for extension is brought in good faith, and is not interposed solely for purposes of delay. It is submitted to the sound discretion of the District Court in accordance with Rule 1 of the Federal Rules of Civil Procedure.

McGuireWoods LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, Florida 32205
(904) 798-3200
(904) 798-3207 Facsimile

Counsel for CCN Managed Care, Inc.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been furnished by U.S. Mail on this __12__ day of February, 2001, to the following:

Lawrence Kopelman, Esq.
Kopelman & Blankman
National Towers, Suite 1611
1 Financial Plaza
Fort Lauderdale, FL 33394
**Attorneys for Plaintiff**

Eric Lee, Esq.
Atlas Pearlman, P.A.
Marc J. Browner, D.C.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
**Attorneys for Plaintiff**

Gold & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
**Attorneys for Plaintiff**

Phillips & Garcia
13 Ventura Drive
North Dartmouth, MA 02747
**Attorneys for Plaintiff**

David B. Shelton, Esq.
Rumberger, Kirk & Caldwell
Signature Plaza, Suite 300
201 South Orange Avenue
Orlando, FL 32802
**Attorneys for Allstate**

Peter J. Valeta, Esq.
Ross & Hardies
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
**Attorneys for Allstate**

_____
Attorney