**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO.: 00-CV-6061 FERGUSON**
**Magistrate Judge Lurana S. Snow**

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALLSTATE INSURANCE COMPANY, | ) ) |
| Defendant / Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | ) ) ) |
| Third-Party Defendant. | ) ) |

### Allstate Insurance Company's Reply In Support Of Its Motion To Dismiss
### Plaintiff's Second Amended Complaint

Nothing contained in Plaintiff's response supports his misguided effort to transform this simple disagreement over the amount of payments made by Allstate Insurance Company ("Allstate") for medical services rendered to personal injury protection ("PIP") claimants into something more grandiose. It is undisputed that Allstate paid medical bills utilizing CCN's contractual rates with plaintiff and Park Place, in accordance with Allstate's contractual agreement with CCN. There is simply nothing intrinsically "illegal" about that arrangement. Nor can plaintiff maintain anything was hidden from him when Allstate paid his bills. As a result, there is no misrepresentation or fraud, no unjust enrichment and no RICO case here.



Although plaintiff would like for the Court to believe otherwise, the allegations of the Second Amended Complaint do not remotely support any of the claims plaintiff purports to assert.

## Argument

Notwithstanding plaintiff's protests, contracts by which medical care providers agree to accept reduced rates for their services are legitimate and lawful. As one commentator has stated:

> While many providers have expressed outrage against what they have variously characterized as unethical to fraudulent behavior on the part of network organizations, the reality is that all too often the provider has signed an agreement without the proper due diligence as to the value to be received. "Contracting provider beware" may well be the watchphrase for hospitals in the 1990s.

Dickerson, Preferred Provider Organizations vs. Non-Directed Networks: A Provider Dilemma, Federation of American Health Systems (1998).[1] Consequently, this case concerns contractual rights applicable to plaintiff and Allstate, nothing more. Cf., HCA Health Serv. of Georgia v. Employers Health Ins. Co., 22 F. Supp. 2d 1390 (N.D. Ga. 1998)(whether discounts applied were appropriate is based on the terms of the applicable contract).

## I.  Plaintiff Does Not Address The Flaws In His Unjust Enrichment Claim.

As Allstate stated in its initial brief, Dr. Zidel fails to allege that he has conferred any recognizable benefit upon Allstate. As a result, plaintiff's allegations are inadequate to plead a claim for unjust enrichment. E.g., Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Florida, N.A., 667 So.2d 876, 879 (Fla. 3rd DCA 1996).

Dr. Zidel seeks to recover economic damages based on Allstate's reduction of the amount paid for his services, purportedly in violation of Allstate's contract with its insureds. His claim, therefore, is barred by Florida's economic loss doctrine. See, e.g., Anthony Dist., Inc. v. Miller

---

[1] See also Somers, What You And Your Physician Client Need To Know About Managed Care Contracts Part 2, 42 NO. 3 Prac. Law. 15 (1996) ("Silent PPO ... labels a not-too-unusual situation.").

2

Brewing Co., 904 F. Supp. 1363, 1368 (M.D. Fla. 1995) (economic loss rule bars claim for unjust enrichment); Martinez v. Weyerhaeuser Mortg. Co., 959 F. Supp. 1511, 1518-18 (S.D. Fla.1996) (dismissing unjust enrichment claim).

Plaintiff's response brief[2] contains no arguments to the contrary. Consequently, Count I of the Second Amended Complaint must be dismissed.

## II. Plaintiff Also Fails To Offer Any Support For His Breach Of Contract Claim.

The Second Amended Complaint is devoid of any express allegation that the amounts paid by Allstate to plaintiff were not reasonable amounts for the services rendered. At a basic level, therefore, plaintiff failed to allege that Allstate did not properly discharge its contractual obligation and thus failed to state a cause of action. See Industrial Medicine Publishing Co. v. Colonial Press of Miami, Inc., 181 So.2d 19 (Fla. 3rd DCA 1965)(breach of contract claim must allege breach of specific duty). Plaintiff's response brief contains no arguments to the contrary. Consequently, Count II must be dismissed as well.

## III. Plaintiff Has Not Adequately Pleaded a Claim For Fraud Or Other RICO Violation.

Plaintiff's conclusory assertions that "a 'silent PPO' is a well-known abuse [and] an unlawful and fraudulent undertaking,"(Napoli Memo., p. 3), are inadequate to properly plead a fraud or RICO claim. There is nothing inherently fraudulent or deceptive about a non-directed network. The point raised by Allstate's Motion to dismiss, moreover, was that plaintiff failed to plead a viable claim. Plaintiff's response does not and cannot explain away his pleading deficiencies. Consequently, Count III also must be dismissed.

---

[2] Plaintiff purports to adopt by reference in his current brief, any arguments asserted by Dr. Napoli in response to Allstate's Motion to dismiss the original complaint in this action ("Napoli Memo"), as well as briefs filed in other cases. Plaintiff's effort to rely upon and force Allstate to respond to matters outside of the record in this action, in particular, should be rejected.

3

### A. Class Action Treatment Is Inappropriate.

Plaintiff's RICO claims are not appropriate for class action treatment. E.g., Andrews v. American Tel. & Tel. Co., 95 F.3d 1014, 1025 (11th Cir.1996). The case of Morse v. Bankers Life & Casualty Co., No. 99 C 0193, slip op. (N.D. Ill.), is contrary to decisions of the Eleventh Circuit, which hold that claims sounding in mail and wire fraud are inappropriate for class action treatment because they require individualized showings of misrepresentation, reliance, injury and damages. See Andrews, 95 F.3d at 1025; Gibbs Properties Corp. v. CIGNA Corp., 196 F.R.D. 430 (M.D. Fla. 2000)(claim that insurers violated RICO through fraudulent scheme to charge excessive premiums was not appropriate for class treatment because thousands of "mini trials" would be necessary to establish reliance). Cf. Fickler v. Am South Corp., 176 F.R.D. 583 (M.D. Fla. 1997)(a fraud class action cannot be certified when individual reliance will be an issue).

### B. No Fraud Or RICO Violation Is Pleaded

Plaintiff cannot identify a single fact reflecting criminal or fraudulent conduct by Allstate. Plaintiff only alleges that Allstate applied a contractual CCN rate to plaintiff's bills. Although plaintiff knew Allstate's payments were less than the amounts on his invoices, he accepted them without question or complaint. That scenario, as alleged by plaintiff, is far removed from the purposes of the RICO Act and fails entirely to state a viable RICO claim.

#### 1. Plaintiff Has Not Stated a Claim under 18 U.S.C. § 1962(a).

Any claim under 18 U.S.C. § 1962(a) must allege harm resulting from investment activity. E.g., Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 779 n. 6 (7th Cir. 1994). Plaintiff alleged only that Allstate did not pay the full amount he claims was due on his bills. The mere reinvestment of alleged racketeering proceeds, at most what is alleged here, is

not sufficient to state a claim. Viacom, 20 F.3d at 779. Plaintiff offers no argument to the contrary. Consequently, the Second Amended Complaint failed to state a claim under § 1962(a).

### 2. Plaintiff Failed to State a Claim under 18 U.S.C. § 1962(c).

#### (a) No "Enterprise" Is Pleaded.

Plaintiff's own authorities acknowledge that "[a]n enterprise 'must be more than a group of people who get together to commit a pattern of racketeering activity,'... and more than a group of associated businesses that 'are operated in concert'... ." Richmond v. Nationwide Cassel L.P., 52 F.3d 640 (7th Cir. 1995). Proper pleading of an enterprise requires allegations of "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." Jennings v. Emry, 910 F.2d 1434, 1440 (7th Cir. 1990). Plaintiff alleges no such thing. Moreover, plaintiff failed in his response to offer any basis to conclude his allegations regarding structure, continuity, or common course of conduct of any alleged associations are sufficient. Consequently, plaintiff has not alleged a RICO enterprise and his RICO claims should be dismissed on that basis alone. E.g., Arenson v. Whitehall Conv. and Nursing Home, Inc., 880 F. Supp. 1202, 1209 (N.D. Ill. 1995).

#### (b) No Fraud Is Alleged.

At the heart of this matter is the simple fact that complaint does not plead facts which could support a conclusion that Allstate defrauded plaintiff or otherwise committed any predicate racketeering offenses. There is no deceitful conduct pleaded. None of Allstate's pleaded actions were concealed from plaintiff. Allstate's alleged statements were not false. Nor has plaintiff alleged that he relied in any way to his detriment upon any alleged misstatement by Allstate.

Allstate told him exactly what it was doing and why. When Allstate applied a CCN rate to plaintiff's bills, Allstate accompanied the payment with an explanation of benefits form which

5

expressly stated that the rate had been used. Nor can plaintiff dispute that he could ascertain independently that a CCN rate had been applied to a bill. Plaintiff cites to no case law, nor could he, which holds that payment of an bill based on a contractual adjustment, where payment was accompanied by a written explanation that the rate was applied, somehow can constitute fraud.

Plaintiff's claims that other courts have "condemned" this "illegal scheme" are false. In HCA Health Serv. of Georgia, Inc. v. Employers Health Ins. Co., 22 F. Supp. 2d 1390 (N.D. Ga. 1998), for example, the Court considered an ERISA claim, in which the insurer was alleged to have received secret discounts from medical care providers which it did not disclose to its insureds. Because those insureds were unaware of the discounts provided to the insurer on claims, they made larger than necessary co-payments based on full, non-discounted rates. Contrary to plaintiffs' implication, the court did not address, let alone hold that non-directed discount arrangements are unlawful or wrongful in any way. Instead, the Court concluded that the insurer, as an ERISA fiduciary, was under those circumstances improperly benefiting from its discount arrangement to the detriment of its insureds in violation of ERISA.

The factual circumstances presented here also are quite different from those in HCA. Unlike Employers, Allstate was not receiving a "secret discount." Allstate's adjustment of the bill was fully disclosed on the face of the EOB. Unlike the insureds in HCA, Allstate's insureds were not put in the position of making unnecessarily large co-payments because their EOBs plainly stated they are responsible only for the "difference between the amount paid by Allstate ... and the CCN contracted rate which appears in the 'billed amount' column." Consequently, the wrongful acts which Employers was deemed to have committed in HCA are not present here.

Nor are the County Court Orders attached to plaintiffs response, entered in David W. Ice v. Progressive Bayside Ins. Co., Case No. 98-12491-COCE-53 (Broward County) and Dr. Jeffrey

6

Shebovsky v. Peachtree Cas. Ins. Co., Case No. CCO 99-9723 DIV 71 (Orange County), in any way supportive of plaintiff's claim. Neither of those County Court Orders held that an agreement to apply contractually agreed-upon rates to medical service providers' bills could establish the basis for a fraud or RICO claim.[3]

At a minimum, a RICO plaintiff "must allege sufficient facts with enough specificity to show probable cause that the predicate acts were committed." In re Cascade Int'l Secs. Litigation, 840 F. Supp. 1558, 1582 (S.D. Fla. 1993). Plaintiff's flimsy allegations do not meet that standard. Plaintiff fails to allege how Allstate's mailings were fraudulent or used to facilitate a fraud. To the contrary, the mailing on which plaintiff relies is the very document which disclosed on its face that Allstate was paying bills at contractually agreed-upon CCN rates. The complaint states only that Allstate sent an EOB reflecting the reduction plaintiff contends should not have been taken. At no point in the chain of alleged events, however, did Allstate make a material misstatement or omission of fact upon which plaintiff could or did rely. Plaintiff's fraud claim thus fails, and with it his attempt to plead a RICO violation.

---

[3]   Other previously cited decisions similarly failed to hold conduct comparable to that alleged in this case was wrongful or otherwise formed the basis for a RICO claim. See Mitzan v. Medview Serv., Inc., 1999 Mass. Super Lexis 279 (1999)(allowing contract and state statutory claims, but not holding the application of contractual rates was fraudulent); HCA Health Serv. of Virginia v. Met. Life Ins. Co., 957 F.2d 120, 122 (4th Cir. 1991)(rejecting challenges to new PPO network on the grounds that it did not comply with certain statutory criteria and not finding any illegal or fraudulent scheme); Ball Mem. Hosp v. Mutual Hosp. Ins. Co., 784 F.2d 1325 (7th Cir. 1986)(holding the trial court correctly refused to issue a preliminary injunction under antitrust and state statutory law to prevent creation of a PPO network); Gavin North Sherwood Chiropr. Clinic v. Bower, 838 F. Supp. 274 (M.D. La. 1993)(chiropractors sought to force a PPO to list them as preferred providers based on a state statute); Ryan v. VHA Enterprise, Inc., 1990 WL 58969 (S.D.N.Y. 1990)(an action to enjoin an insurer's purchase of a health care organization on grounds of alleged securities law violations).

### 3. The Complaint Fails to State a Claim under 18 U.S.C. § 1962(d).

Plaintiff similarly offer no support whatsoever for his cavalier and off-handed dismissal of the fact that no RICO conspiracy can be pleaded in the absence of a bona fide RICO claim. The fact that he has failed entirely to plead a sustainable RICO claim, however, absolutely dooms his effort to state a claim under Section 1962(d). See United States v. Castro, 89 F.3d 1443, 1451 (11th Cir. 1996); Callahan v. United States, 881 F.2d 229, 235 (6th Cir.1989).

### IV. Plaintiff Has Not Stated a Claim for Violation of Section 627.736(10).

Allstate demonstrated in its initial brief that (1) no private cause of action is available for violations of Section 627.736(10); (2) even if such an action were possible, a claim by plaintiff would be barred by res judicata and (3) as a medical care provider, plaintiff would not have standing to bring a claim, even if it were otherwise available, because he is not part of the group which the statute seeks to protect. Plaintiff fails to rebut those points.

First and foremost, plaintiff fails to acknowledge, as required by Rule 11, that his claims under Subsection (10) were dismissed <u>with prejudice</u> in the Park Place Doctors Action (a copy of the Order is attached hereto). In the Park Place Doctors Action, the court held that Subsection (10) <u>does not apply to Allstate</u> and in any event <u>would not allow a private cause of action</u> against Allstate by a medical provider. That decision is <u>conclusively binding</u> on Dr. Zidel. See Citibank, N.A. v. Data Lease Fin.Corp., 904 F.2d 1498, 1501 (11th Cir. 1990). Dr. Zidel's attempt to reassert claims under Subsection (10) is thus barred by res judicata. Dismissal of plaintiff's Subsection (10) claim also would preclude him from acting as a class representative in this case.

Moreover, plaintiff does not attempt to distinguish the decision in the Park Place Doctors Action, or to demonstrate how it fails to properly analyze Subsection (10). That statute is a regulatory provision, subject to enforcement by the Commissioner of Insurance, and does not

8

authorize any private right of action. See Florida Stat. §624.155 (expressly providing that private civil actions may be brought against insurers for violations of several enumerated statutory sections, not including §627.736(10)). Nor is there any basis upon which to conclude that the legislature intended to provide for an implied private cause of action.

In the Park Place Doctors Action, the court thus held that the statute regulates insurers who offer a "preferred provider" policy, but does not require any insurer to do so. Since Allstate does not offer a "preferred provider" policy, the court correctly concluded the statute does not apply to Allstate. Id. In addition, the court held that the statute is not intended to benefit medical providers, that medical providers are not within the class of persons the statute was enacted to protect, and that the provider's allegations of a violation of the statute did not state a cause of action. Op. at p. 6. Consequently, the Court correctly concluded that no private right to bring such a cause of action exists. Id.

Finally, even assuming that such a claim can be maintained, plaintiff has not pleaded that Allstate violated Fla. Stat. §627.736(10). Plaintiff has not and cannot allege that Allstate requires any insured person to use only medical services provided by a specific, limited group of doctors. Allstate is not required by the statute, moreover, to offer a "preferred provider" policy to its insureds and does not violate the statute when it pays medical care providers based on reduced rates which those providers have agreed to accept. Consequently, no basis exists, as a matter of law, to hold that Allstate has violated §627.736(10).

The County Court Orders in David W. Ice v. Progressive Bayside Ins. Co. (Broward County) and Dr. Jeffrey Shebovsky v. Peachtree Cas. Ins. Co. (Orange County), do not compel a different result. Those Orders appear to be based on a failure to "comply with all of the requirements of" Subsection (10) and the application of "PPO rates to or on behalf of an insured

who did not elect to purchase a PPO PIP policy." Notwithstanding broadly-worded dicta, those Orders do not hold that Subsection (10) requires an insurer to offer a "preferred provider" policy, and do not hold an insurer violates the statute when it pays bills based on reduced rates which the providers had agreed to accept. Moreover, no further factual foundation is provided in either of the Orders, and there is no basis on which they can be applied to the instant action.[4]

### Conclusion

Plaintiff has not successfully contradicted the legal precedent and analysis which demonstrates that, as a matter of law, he has failed to allege cognizable claims in the Second Amended Complaint. Accordingly, the complaint fails to state a claim upon which relief can be granted and it must be dismissed.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to the attorneys on the attached list, this 16 TH day of February, 2001.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 920-7241
Attorneys for Allstate

DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate

---

[4] Colonial Penn Ins. Co. v. Magnetic Imaging Sys., Inc., 694 So.2d 852 (Fla. 3rd DCA 1997), is not on point. Colonial involved a different type of claim (for interest due on late-paid benefits) under a different statutory provision (§627.736(4)). Plaintiff does not assert a claim for interest due on late-payments under Section 627.736(4). Nor does the imputation of a private right of action into that section demonstrate a basis for doing so, here. The claimants there were among those directly contemplated to be protected by the statutory provision, unlike this case.

SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL 33394
Attorney for Plaintiff

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Attorney for Plaintiff

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
Attorney for Plaintiff

Eric Lee
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Attorney for CCN