**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 00-CIV-6061-FERGUSON/SNOW**
**United States Magistrate Judge Snow**

DR. PAUL ZIDEL, and all others similarly          )
situated,                                          )
      Plaintiffs,                                 )
                                                   )
v.                                                 )
                                                   )
ALLSTATE INSURANCE COMPANY,                        )
      Defendant / Third-Party Plaintiff,          )
                                                   )
v.                                                 )
                                                   )
COMMUNITY CARE NETWORK, INC.,                      )
d/b/a CCN,                                         )
      Third-Party Defendant.                      )
_____ )

ALLSTATE INSURANCE COMPANY'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

      Plaintiff's Motion To Compel, submitted as part of his response to Allstate's Motion For

Protective Order, is flawed in both premise and form. Contrary to the fundamental assertion by

plaintiff, Allstate has <u>not</u> violated any Order of the District Court. Allstate has acted diligently,

reasonably and with substantial justification in opposing plaintiff's premature effort to engage in

broad-ranging, merits-based discovery at this stage of the litigation, while Allstate's Motion to

Dismiss the Second Amended Complaint remains pending and before any class has been

certified.

      The District Court's entry of an Order granting Allstate's Motion to Stay Discovery

validates fully Allstate's position. With discovery stayed in accordance with the District Court's

Omnibus Order, moreover, there is simply no basis for this Court to compel depositions or

**NON-COMPLIANCE OF S.D. fla. L.R. 5.1.A.1**

further document production. Nor, given the District Court's concurrence with Allstate, is there any basis for this Court to enter sanctions of any kind against Allstate. Plaintiff's Motion to Compel should, therefore, be denied in full.

## Background

Plaintiff Paul Zidel, M.D. ("Dr. Zidel") is an orthopedic surgeon practicing in the State of Florida. Dr. Zidel (and Park Place)[1] entered into contracts with Community Care Network, Inc. ("CCN") to accept certain negotiated rates for services rendered to individuals insured by certain insurance companies. Allstate Florida automobile insurance policies include personal injury protection ("PIP") coverage pursuant to Florida law. Under PIP coverage, Allstate agrees to pay 80% of reasonable charges for necessary medical treatment provided to a covered insured who suffers injury in an automobile accident.

Plaintiff asserts that he has provided medical care to Allstate insureds who were entitled to PIP benefits. He admits that the payments he later received from Allstate for such bills were computed based upon a negotiated rate agreement with CCN.

Allstate's Motion to Dismiss the original complaint in this case was pending, and the case was already ten months old, on October 30, 2000, when Dr. Zidel was substituted as plaintiff and nominal class representative and allowed to file his Amended Complaint.[2] In the Amended

---

[1]    Plaintiff is one of several doctors who are engaged together in the practice of medicine under the names "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation" (collectively "Park Place").

[2]    The original named plaintiff in this action, Dr. Napoli, sought to assert class claims against Allstate based upon a wide variety of purported theories of liability: unjust enrichment, breach of contract, RICO, antitrust violations, declaratory judgment and violation of the Florida PIP statute. Allstate filed a Motion to dismiss in response to the original Complaint. The Court had not yet ruled on the Motion to Dismiss at the time it allowed Dr. Zidel to substitute for Dr.

2

Complaint, Dr. Zidel purported to assert six class claims against Allstate: unjust enrichment, breach of contract, RICO, Sherman Act violations, declaratory judgment and violation of Section 627.736(10) of the Florida PIP statute. Allstate believed the Amended Complaint suffered from substantial and fundamental legal flaws and, on November 20, 2000, Allstate filed its Motion to Dismiss the Amended Complaint (docket #88).

Only a week after he was substituted as plaintiff, and well before Allstate's response to the Amended Complaint even was due, on or about November 7, 2000, plaintiff served Notices demanding that nine persons be presented for deposition in Chicago, on December 5-7, 2000: a "Corporate Representative with the most knowledge of Allstate's preferred supplier policies, agreements to obtain discounts for medical services in Florida, and the payment of PIP medical claims in Florida at contractual rates" and eight (8) specified officers and employees of Allstate. (the "Original Notices").

Because Allstate received the Original Notices before the deadline for its response to the Amended Complaint, counsel for Allstate, David Shelton, consulted with plaintiff's counsel, Eric Lee, about the requested depositions and advised him that Allstate would be filing a motion to dismiss the Amended Complaint. See Affidavit of David Shelton ("Shelton Aff."), ¶ 4 (a copy is attached hereto as Exhibit A). Allstate asked Mr. Lee to agree, consistent with the discovery stays which previously had been requested and granted without opposition in similar litigation pending before this Court and prosecuted by the same group of plaintiffs' counsel in Browner v. Allstate Indemnity Co., et al., Case No. 00-7163-CIV-FERGUSON and Brickell v. Progressive

---

Napoli as plaintiff and nominal class representative.

3

Express Ins. Co., et al., Case No. 00-6649-CIV-FERGUSON, to a stay of discovery until all motions to dismiss had been resolved. Id.

The conversations between Mr. Shelton and Mr. Lee disclosed that plaintiff's primary purpose in seeking the depositions requested in the Original Notices was to attempt to obtain factual support for plaintiff's alleged RICO claims. See Shelton Aff., ¶ 6. Although Mr. Lee had agreed to the discovery stays in the Browner case and the Brickell action, Mr. Lee refused to agree to a stay in this case. See Shelton Aff., ¶ 5.

As a result, on November 22, 2000, Allstate's filed its Motion To Stay Discovery As Premature Or In The Alternative For Entry Of A Protective Order Limiting Discovery ("Initial Discovery Motion")(docket #90). Id. At the time Allstate filed its Initial Discovery Motion, Allstate's Motion to Dismiss was still pending before the Court. Allstate asserted, among other points, in its Initial Discovery Motion that discovery should be stayed or, alternatively, limited strictly to issues pertaining to class certification, because: (a) Allstate's Motion to Dismiss would lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate, including plaintiff's RICO claim; (b) counsel for plaintiff and Allstate had agreed to request that the time for Allstate to respond to an anticipated renewed Motion for Certification, once filed, be deferred until 60 days following the Count's ruling on Allstate's Motion to Dismiss because class certification may be limited or mooted by the Court's decision on a Motion to Dismiss; (c) given the number of legal theories asserted by plaintiff in the Amended Complaint, discovery concerning both class certification and the merits of plaintiff's claims portends to be expensive and time consuming and, depending on the outcome of Allstate's Motion to Dismiss, may prove to be unnecessarily broad and burdensome; and (d) to reasonably conserve both

4

judicial resources and those of the parties, all discovery should be deferred until after a ruling on Allstate's Motion to Dismiss and, if that ruling does not render the question of class certification moot, then be limited to class certification issues until the Court rules on the class certification Motion, and thereafter proceeding only on whichever of plaintiff's purported claims remains pending and only in accordance with the status of the case as a class or individual action.

In an effort to obtain a resolution of the pending discovery issues in advance of the requested deposition dates, Allstate also filed a Request for Oral Argument on Motion to Stay Discovery, on November 22, 2000 (docket #91). Although the Court had not ruled on the Initial Discovery Motion, or on Allstate's Request for Oral Argument, the depositions requested in the Original Notices did not go forward on December 5-7, 2000, due to Mr. Lee's accommodating a scheduling conflict of CCN's counsel. See Shelton Aff., ¶ 7. Mr. Lee nevertheless refused further requests by Allstate's counsel to defer rescheduling the depositions until after the pending Initial Discovery Motion was resolved. Id. [3]

In continuing discussions, Mr. Shelton attempted to resolve the deposition issue by explaining to Mr. Lee that the nine depositions requested was an overbroad request. See Shelton Aff., ¶ 8. Mr. Shelton explained that several of the requested depositions were unnecessary because those deponents were not knowledgeable of the relationship between Allstate and CCN. Id. Mr. Lee refused to offer any basis to support his claim that those deponents had knowledge

---

[3]     Plaintiff disingenuously attempts to justify his unreasonable position by suggesting in his Motion that time was of the essence and it was necessary for him to refuse to continue the depositions because the District Court had set a discovery cutoff of April 2, 2001 and had scheduled the case for trial during the month of June, 2001. What plaintiff fails to point out, however, is that Allstate suggested at that time, and the parties ultimately did agree to submit a motion to amend the District Court's Pretrial Order (docket #119, see also #123).

of CCN's relationship with Allstate, other than to refer to documents, which he steadfastly refused to identify. Id. [4]

Mr. Shelton then suggested that even assuming, arguendo, the stay of all discovery requested in the Initial Discovery Motion were to be denied, it would nevertheless be more efficient and practicable for Mr. Lee to depose the three or four Allstate employees who have significant knowledge of Allstate's relationship with CCN. Id. It was further suggested, again assuming the requested stay was not granted, that plaintiff proceed with efforts to schedule those three or four knowledgeable Allstate employees and defer the other deponents requested in the Initial Notices until some time in the future, should they ultimately prove to be necessary. Id. [5]

Discussions were continuing when Mr. Lee asked Mr. Shelton on December 13, 2000, to agree to plaintiff's filing a second amended complaint in this case. See Shelton Aff., ¶ 10. Mr. Shelton offered to agree to the proposed amendment if plaintiff would move for an amendment of the Court's scheduling order because the current scheduling order is impracticable and would become even more so if plaintiff were granted leave to amend his pleadings, thus requiring new responsive pleadings to be filed. Id.

---

[4]    On December 8, 2000, Allstate filed a request for production of any document which would show that any of the requested deponents had knowledge of CCN. On or about January 12, 2001, however, plaintiff objected across-the-board to producing any such document. (A copy of the plaintiff's objection is attached as Exhibit B.)

[5]    Mr. Shelton also requested that Mr. Lee agree to depose those employees with actual, hands-on knowledge concerning Allstate's relationship with CCN before deposing Allstate's corporate officers, consistent with Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979)(court granted protective order which required plaintiff to depose other employees with knowledge of facts before determining the necessity of a deposition of the defendant's president). Mr. Lee would not agree to do so. See Shelton Aff., ¶¶ 8-9.

6

Based on plaintiff's desire to amend his pleadings, Mr. Shelton again asked Mr. Lee to postpone taking depositions until the status of the case could be defined by rulings on pending motions, including plaintiff's Motion to Amend, both defendants' Motions to Dismiss and Allstate's Initial Discovery Motion. Mr. Lee refused that request. Instead, on December 20, 2000, plaintiff served his Re-Notice Of Taking Depositions for January 16-18, 2001 in Chicago, Illinois ("Renewed Notices"). The Renewed Notices sought to depose all nine deponents requested in the Original Notices and did not limit initial depositions to the three or four Allstate employees who had substantial knowledge of the relationship between Allstate and CCN, despite the prior discussions between the parties on that point. See Shelton Aff., ¶ 11.

In response to the Renewed Notices, and in light of the fact that Allstate's Initial Discovery Motion had not been ruled upon, on December 29, 2000, Allstate filed its Motion for Entry of A Protective Order Concerning Depositions Scheduled For January 16-18, 2001 (the "Second Discovery Motion")(docket #104). Allstate also filed a separate Request for Oral Argument on the Second Discovery Motion (docket #105).

In the Second Discovery Motion, Allstate again asserted that the requested depositions should not proceed and discovery in this matter should be stayed because the broad-based effort by plaintiff is premature. Allstate also reminded the District Court that in Browner v. Allstate Indemnity Co., et al., Case No. 00-7163-CIV-FERGUSON, where the plaintiff purports to assert class claims similar to those alleged here, the District Court entered an Order, based on these same considerations, staying all merit discovery until after defendants' Motions to dismiss and plaintiff's Motion for class certification are resolved. Allstate also noted that Brickell v. Progressive Express Ins. Co., et al., Case No. 00-6649-CIV-FERGUSON, likewise involves

similar class claims asserted against Progressive, and the District Court has entered an Order deferring all discovery in that case until after pending Motions to dismiss are decided.

Allstate again requested in the Second Discovery Motion that the Court enter a Protective Order staying all discovery until after the Court rules on Allstate's Motion to Dismiss. In the event the Court denied Allstate's request for a complete stay of discovery, Allstate alternatively moved that the Court enter an Order limiting discovery solely to issues pertaining to class certification. In light of the limited amount of time available prior to the dates specified in the Renewed Notices, January 16-18, 2001, and the paramount importance of the issues raised therein, Allstate further requested that the Court establish as soon as possible, an expedited briefing schedule and set a hearing which would permit the Court to decide the Motion prior to January 16th.

On January 11, 2001, Allstate filed its Motion to Dismiss each of the claims asserted by Dr. Zidel in his Second Amended Complaint (docket #108). Allstate believes its still-pending Motion to Dismiss will lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate, including plaintiff's RICO claim.

The District Court's Omnibus Order On Pending Motions, dated January 24, 2001, granted Allstate's Motion To Stay Discovery (the Initial Discovery Motion) in this matter. Having done so, the District Court dismissed, as moot, Allstate's Second Discovery Motion and its two Requests for oral argument (docket #113). The District Court also referred Allstate's pending Motion To Dismiss Second Amended Complaint and Plaintiff's Motion to Compel to this Court.

8

**Argument**

## I.     THE MOTION IS FATALLY FLAWED ON ITS FACE.

### A.     The Motion Does Not Meet Mandatory Procedural Requirements.

Plaintiff's Motion to Compel fails to comply with Fed. R. Civ. P. 26(c) and 37, as well as Local Rule 26.1(I). No certificate is attached to the Motion in which Mr. Lee makes the certification required under those Rules that he has conferred personally with counsel for Allstate in a good faith effort to resolve the discovery dispute.

As noted above, there were certain discussions held between counsel concerning the depositions in question. However, they were ongoing up to the time the Motion to Compel was filed and no certification has been made by Mr. Lee, as required by Rule. Moreover, no consultation or discussion ever took place about the "issues" which plaintiff purports to raise concerning Allstate's response to his request for production of documents. And, no certification has been offered on that point. The Motion is thus fatally flawed on its face and should be denied on that basis, alone. Fed. R. Civ. P. 37(A)(2), 37(A)(4)(A); Local Rule 26.1(I). See Drexel Burnham Lambert, Inc. v. Warner, 665 F. Supp. 1549, 1555 (S.D. Fla. 1987); Taylor v. Florida Atl. University, 132 F.R.D. 304, 305 (S.D. Fla. 1990).

### B.     No Court Orders Have Been Violated By Allstate.

Plaintiff's Motion is absolutely wrong in asserting that Allstate has violated any order issued by the District Court in this case. The only order referenced by plaintiff is the District Court's Order Setting Trial Date and Discovery Schedule dated September 27, 2000 ("Pretrial Scheduling Order")(docket #73). A copy of the Pretrial Scheduling Order is attached as Exhibit C. The Pretrial Scheduling Order established a schedule of deadlines for certain pretrial

9

activities, set a deadline for completion of discovery by April 2, 2001, set a Pretrial Conference on May 14, 2001, and set the case to be tried during a two week period beginning June 18, 2001. In no way does the Pretrial Scheduling Order strip Allstate of its right to object to inappropriate or premature discovery requests or otherwise preclude Allstate from seeking relief from the District Court on that basis. Nor does the Pretrial Scheduling Order in any way compel Allstate to make any particular production of documents or to tender any witness for deposition.

## II.    NO RELIEF IS NEEDED OR WARRANTED AT THIS TIME.

### A.    Discovery Is Stayed

The Motion To Compel was filed as part of plaintiff's opposition to Allstate's Second Discovery Motion. Plaintiff's Motion thus presupposed that the District Court had not and would not enter a Stay of Discovery. As part of its Omnibus Order, however, the District Court properly did stay all discovery in this matter. Consequently, even if the Motion To Compel were procedurally proper, there would be no reason for this Court at this time to address the issues plaintiff purports to raise in the Motion To Compel, either as to Allstate's response to document production requests or the noticed depositions. At most, therefore, plaintiff's Motion should be denied without prejudice, subject to renewal after the Court addresses the Motion To Dismiss **and** after plaintiff properly consults with Allstate in a good faith effort to resolve any issues which remain open at that time.

### B.    Allstate Has Acted Reasonably And With Substantial Justification

Allstate's actions, and its diligent efforts to obtain relief from plaintiff's broad-ranging and premature discovery, have been diligent, reasonable and substantively justified. There has been no bad faith, abuse or unjustified misuse of the discovery process. Allstate did not violate

10

any discovery Order. When it entered an Order granting Allstate's Motion To Stay, moreover, the District Court validated Allstate's efforts and demonstrated the substantial justification of Allstate's position that postponing discovery until a reasonable time after the Court rules upon Allstate's Motion to Dismiss the Second Amended Complaint is warranted, appropriate and in the best interests of Court and the parties to this case. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997)(adopting a rule of law intended to avoid unnecessary costs and waste of judicial resources by precluding plaintiffs from engaging in discovery during the pendency of a dispositive motion). See also Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1995)(discovery in the early stages of litigation should be limited to Rule 23 issues and discovery on the merits of plaintiff's claims should be postponed until after a decision on class certification). Consequently, no discovery sanctions of any kind are warranted. See Fed. R. Civ. P. 37(d).

Allstate took every reasonable step possible under the circumstances. Nevertheless, despite diligent efforts to obtain relief from the Court over a period of several months, and the existence of Eleventh Circuit decisions directly on point, Allstate faced the daunting prospect of being forced to produce up to nine corporate officers and employees, at substantial cost and disruption to Allstate's business operations in a matter where the parties were not at issue and the plaintiff had amended his complaint for a third time immediately before demanding the depositions. After attempting but failing to obtain plaintiff's agreement to postpone the requested depositions, and after diligently seeking a hearing before the District Court to resolve

11

the discovery issues,[6] Allstate informed counsel for plaintiff that Allstate had chosen to await the decision of the District Court before proceeding.

The text of Rule 37, on its face, makes it clear that Allstate should not face sanctions because it had filed and was awaiting decision on its Motions for entry of protective order and, more broadly, to stay discovery. See Fed. R. Civ. P. 37(d) ("the failure to act as prescribed by this subdivision may not be excused on the ground that the discovery is objectionable unless the party failing to act has a pending motion for protective order as provided by Rule 26(c).") (emphasis added). Allstate had not one, but two motions to resolve the deposition issues pending. As correctly reflected in the Rule, the absence of a ruling on those pending motions by the District Court, despite months of waiting, should not subject Allstate to sanctions. See Chudasama, 123 F.3d at 1370.

Furthermore, where, as here, a party's actions are reasonable and substantially justified under the circumstances, the Rule makes it clear that sanctions are not warranted. Fed. R. Civ. P. 37(d). The District Court's decision on the Motion to stay validates Allstate's substantive position. Even as plaintiff's own authorities reflect, nothing more could be required from Allstate under the circumstances:

> When it appears that a Court is not going to be able to decide a motion to quash or a motion for protective order before the date set for the deposition, counsel for the movant should contact counsel for the party noticing the deposition and attempt to reach an agreement staying the deposition until after the court acts on the motion ... . If agreement cannot be reached, it is incumbent on counsel for the movant to file a motion to stay the deposition ... and to alert the clerk to the need for immediate action on the motion to stay.

---

[6]    See Shelton Aff., ¶¶ 8-11; Supplemental Affidavit of David Shelton ("Supp. Aff."), ¶¶ 3-4 (a copy is attached hereto as Exhibit D).

12

Goodwin v. City of Boston, 118 F.R.D. 297, 298 (D. Mass. 1988). Allstate had both a motion to stay and a motion for protective order pending before the District Court. Allstate filed two requests for oral arguments, specifically calling the Court's attention to the need for immediate attention to the Motions. See Supp. Aff., ¶ 3. Mr. Shelton contacted the District Court's clerk to inquire whether action on Allstate's Motions would be forthcoming before the impending deposition dates. See Supp. Aff., ¶ 4. Allstate's repeated efforts to obtain judicial relief in advance of the dates selected by plaintiff for the requested depositions, demonstrate its reasonableness and substantial justification for acting. No sanctions are thus warranted or appropriate. See, e.g., Reedy v. Lull Engineering, 137 F.R.D. 405, 409 (M.D. Fla. 1991)(a court should deny a request for an award of fees as sanctions where the party's opposition "was substantially justified or that circumstances would make an award of expenses unjust"); Unicure v. Thurman, 92 F.R.D. 368, 370 (W.D. N.Y. 1981) (same).[7]

In light of the circumstances presented, moreover, entry of sanctions against Allstate also would run directly contrary to the decision of the Eleventh Circuit in Chudasama. In that case,

---

[7]     Allstate learned for the first time of plaintiff's objections to the form and manner of Allstate's discovery compliance, particularly Allstate's response to certain production requests, in the Motion to Compel. Allstate is prepared to meet its obligation under the Rules and engage in full consultation with plaintiff in an effort to resolve those issues. That consultation should have taken place, as required by the Rules, prior to plaintiff's filing his Motion. In all events, plaintiff's counsel should now be required to consult with Allstate's attorneys before the court entertains the specific issues raised in the Motion. If, at that point, no negotiated solution is achieved, Allstate should be permitted to respond to the substance of any specific unresolved document request. Even then, if this court were to conclude that Allstate's responses to plaintiff's requests for production were insufficient under the circumstances, no award of sanctions under Rule 37 would be permitted because no prior order compelling that discovery had been entered by the District Court. See United States v. Certain Real Property, 126 F.3d 1314, 1317-18 (11th Cir. 1997)(noting the absence of "decisional law from this circuit upholding Rule 37 sanctions in the absence of an order compelling discovery").

13

automobile owners who were injured in an accident brought a products liability and fraud action against the manufacturer of their vehicle. The defendant filed a Motion to dismiss the fraud claim, asserting plaintiffs failed to plead fraud with particularity and, later, that the factual allegations did not support an action for fraud. 123 F.3d at 1359, 1360 n.14. Both before and during the period of time while the Motion to dismiss remained pending, the plaintiffs initiated a broad range of discovery. When the trial court refused to rule on either defendant's Motion to dismiss or a subsequent Motion for protective order, the defendant unilaterally refused to comply with discovery and the Court subsequently entered sanctions. 123 F.3d at 1364.

The Court of Appeals found the sanctions imposed by the District Court to be an abuse of discretion and reversed the default judgment. 123 F.3d at 1366-67. In doing so, the appellate court recognized that there are significant burdens associated with discovery compliance. 123 F.3d at 1368. The Court also noted that the discovery imposes significant costs on all parties and that the process itself, along with the seemingly inevitable disputes it engenders, also imposes a considerable burden on the judicial system:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

Id. Dismissal of a flawed complaint before discovery proceeds, on the other hand, is the better course:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery

14

> and, if the court ultimately dismisses the claim, imposes unnecessary costs.

123 F.3d at 1368. As a result, the Court concluded that any legally unsupported claim should be

dismissed before the discovery stage:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, *should ... be resolved before discovery begins*. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. ... Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

123 F.3d at 1367 (emphasis added). See also Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.

1981) ("Discovery should follow the filing of a well-pleaded complaint [and] is not a device to

enable a plaintiff to make a case when his complaint has failed to state a claim.").

While vacating sanctions as improperly imposed, the Eleventh Circuit in Chudasama

noted its deep concern with the failure of the District Court in that case to respond meaningfully

to diligent and repeated efforts by the parties to obtain guidance in connection with their on-

going discovery issues:

> ... 'failure of busy courts to properly monitor the use of discovery procedures' is partially to blame for 'improper discovery activity which unnecessarily prolongs and raises the costs of litigation.' ... When the parties to a case inform the court that there are objections to discovery requests that they cannot resolve, the court should provide rulings on the objections.

123 F.3d at 1370. The Eleventh Circuit concluded that the District Court's failure to address the

discovery motions in a timely manner, forcing the parties to act without requested guidance, was

a clear abuse of discretion. Id.

15

Rule 37 of the Federal Rules of Civil Procedure grants the Court broad discretion to remedy abuses of discovery process and discovery orders by litigants. On its face, however, the same Rule provides that sanctions are not to be imposed where "the failure was substantially justified or that other circumstances make an award of expenses unjust." Here, there has been no violation of a discovery order and no abuse of the process. Allstate acted reasonably and with substantial justification, ultimately being vindicated by the decision of the District Court to grant Allstate's request for a complete stay of discovery.    Consequently, there is no basis for this Court to impose sanctions against Allstate.

## III.    GRANTING THE MOTION TO COMPEL WOULD PERMIT PLAINTIFF'S COUNSEL TO EVADE OTHER STAY ORDERS ENTERED BY THE DISTRICT COURT.

Counsel for plaintiff in this case also represent the plaintiffs in Browner v. Allstate Indemnity Co., et al., Case No. 00-7163-CIV-FERGUSON. In Browner, the plaintiff purports to assert class claims similar to those alleged here. In that case, the District Court entered an Order, based on the same considerations as those argued here, staying all merit discovery until after the defendant's Motion to Dismiss and the plaintiff's Motion for Class Certification are resolved. In addition, plaintiffs have filed a Motion to consolidate this case with Browner as well as Brickell v. Progressive Express Ins. Co., et al., Case No. 00-6649-CIV-FERGUSON . The District Court also has stayed discovery in Brickell. Granting plaintiff's Motion to Compel, therefore, would permit plaintiff's counsel to inappropriately to evade the District Court's Order in Browner, and possibly that in Brickell, by pursuing essentially the same discovery from Allstate in this case which they are not permitted to seek in Browner. This Court should not allow that to occur.

16

## Conclusion

For each of the foregoing reasons, defendant Allstate Insurance Company respectfully requests that this Court deny plaintiff's Motion To Compel in its entirety. In the alternative, plaintiff's Motion to Compel should be denied without prejudice, subject to renewal after the Court addresses the Motion To Dismiss and after plaintiff properly consults with Allstate in a good faith effort to resolve any issues which remain open at that time.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to the attorneys on the attached list, this **23rd** day of February, 2001.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave.. Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 920-7241
Attorneys for Allstate

DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate

17

## SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL  33394
Attorney for Plaintiff

Eric Lee
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL  33301
Attorney for Plaintiff

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL  60603
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
Attorney for CCN

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA  02747
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-CIV-6061-FERGUSON/SNOW

DR. PAUL ZIDEL, and all others similarly     )
situated,     )
    )
      Plaintiffs,     )
    )
v.     )
    )
ALLSTATE INSURANCE COMPANY,     )
and COMMUNITY CARE NETWORK, INC.,     )
d/b/a CCN,     )
    )
      Defendants.     )
_____ )

## AFFIDAVIT

BEFORE ME, the undersigned authority, this day personally appeared the Affiant, David B. Shelton, who after being first duly sworn, deposes and says:

1. I am an attorney of record for Defendant, Allstate Insurance Company ("Allstate"), in this case. This affidavit is based on my own personal knowledge.

2. Plaintiff, Dr. Paul Zidel, was substituted as the party plaintiff and filed an amended class action complaint against Allstate per written order dated October 30, 2000.

3. On November 7, 2000, I served Allstate's agreed motion to set response date. The motion asked the Court to set November 21, 2000 as the deadline for Allstate to serve its response to the amended complaint. The motion was granted on November 16, 2000. On November 17, 2000, I served Allstate's motion to dismiss all counts of the amended complaint against it. On November 13, 2000, Defendant, Community Care Network, Inc. ("CCN"), had served a motion to dismiss all counts of the amended complaint against it and a motion to

1

EXHIBIT "A"

compel arbitration and stay litigation.

4. On November 7, 2000, I received Plaintiff's notices of taking 9 depositions of various Allstate employees for December 5-7, 2000 in Chicago, Illinois. Because Allstate had not yet responded to the amended complaint at the time the depositions were noticed, I contacted Plaintiff's counsel, Eric Lee, to discuss the depositions. I advised Mr. Lee that Allstate would be filing a motion to dismiss and asked him to agree to a stay of discovery until all motions to dismiss had been resolved. My request was consistent with the discovery stays which had been requested and granted without opposition in similar litigation pending before this Court and prosecuted by the same group of Plaintiffs' counsel. Browner v. Allstate Indemnity Co., et al., Case No. 00-7163-CIV-FERGUSON; Brickell v. Progressive Express Insurance Co., et al., Case No. 00-6649-CIV-FERGUSON.

5. Although Plaintiffs' counsel had agreed to the discovery stays in Browner and Brickell, Mr. Lee refused to agree to a stay in this case. Accordingly, on November 21, 2000, I served Allstate's motion to stay discovery as premature or in the alternative for entry of a protective order limiting discovery. That motion has been fully briefed and remains pending.

6. I understood, based on my conversations with Plaintiff's counsel that Plaintiff's primary purpose in seeking the depositions requested in the Original Notices was to attempt to obtain factual support for the merits of Plaintiff's alleged RICO and other claims.

7. Due to a scheduling conflict on the calendar of CCN's counsel, Mr. Lee agreed not to go forward with the depositions on December 5-7, 2000. When discussing the depositions with Mr. Lee, on several occasions I asked him to defer rescheduling the depositions until the motion to stay was resolved. Mr. Lee refused my requests.

8. In addition to the discussions of deferring depositions until the motion to stay was

2

resolved, I discussed with Mr. Lee the fact that the 9 depositions noticed were overbroad and unnecessary. I discussed with Mr. Lee the fact that several deponents were not knowledgeable of the relationship between Allstate and CCN. I asked Mr. Lee why he thought the deponents had knowledge of such relationship and he refused to answer other than to say he was relying on some documents which he refused to identify. I suggested, assuming the motion to stay was denied, that it would be more efficient and practicable to depose 3-4 Allstate employees who had intimate knowledge of Allstate's relationship with CCN. I further suggested, assuming the motion to stay was denied, that Plaintiff schedule these 3-4 employees and schedule additional depositions in the future if necessary, rather than proceeding with the 9 depositions noticed.

9.      Mr. Lee was generally receptive to limiting the depositions to 3-4 knowledgeable employees. However, he insisted on deposing one officer of the corporation, Billie Cohen. I proposed, assuming the motion to stay was denied, that he proceed with the 3-4 employee depositions and we could discuss the officer's deposition later if necessary. My proposal was consistent with Salter v. Upjohn Company, 593 F.2d 649 (5th Cir. 1979)(court granted protective order which required plaintiff to depose other employees with knowledge of facts before determining the necessity of a deposition of the defendant's president).

10.     My discussions with Mr. Lee were continuing when he advised me on December 13, 2000, that he intended to file a second amended complaint in this case. On December 14, 2000, I advised Mr. Lee that Allstate could not agree to the amendment unless Plaintiff agreed to move for an amendment of the Court's scheduling order. It is Allstate's position that the scheduling order is currently impracticable and becomes even more impracticable if Plaintiff is granted leave to amend his pleadings and responsive motions are filed. Plaintiff served a motion for leave to amend on December 15, 2000. Allstate served its response on December 21, 2000

3

and requested a status conference.

11.     Based on Plaintiff's desire to amend his pleadings, I asked Mr. Lee to defer discussions regarding depositions until the status of the case could be defined by rulings on Plaintiff's motion to amend, the motions to dismiss and/or the motion to stay. Mr. Lee refused this request and on December 20, 2000 served notices of taking depositions on January 16-18, 2001 in Chicago, Illinois. Not only did Mr. Lee refuse the request to defer the scheduling of depositions, he re-noticed all 9 depositions, including several officers, despite the prior discussions about limiting the initial depositions to 3-4 employees with additional depositions to be scheduled later if necessary.

FURTHER AFFIANT SAYETH NAUGHT.

David B. Shelton

STATE OF FLORIDA)
COUNTY OF ORANGE)

Sworn to and subscribed before me this 28th day of December , 2000, by David B. Shelton, who is personally known to me.

BARBARA ANN LOUV
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # CC957449
EXPIRES 8/30/2003
BONDED THRU ASA 1-888-NOTARY1

Notary Public, State of Florida

Name of Notary
Typed, Printed or Stamped

Serial number, if any

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT ALLSTATE INSURANCE COMPANY'S REQUEST FOR PRODUCTION

Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated ("ZIDEL"),

by his undersigned counsel, hereby responds to Defendant ALLSTATE INSURANCE COMPANY's

("ALLSTATE") Request for Production to Plaintiff ("Request") as follows:

### GENERAL OBJECTIONS

ZIDEL makes the following general objections to each of ALLSTATE's requests, whether

or not the objections are set forth in response to each Request:

1.    ZIDEL objects to each Request to the extent that such Request calls for the production

or identification of documents that are not currently in ZIDEL's possession, custody or control.

2.    ZIDEL objects to each Request to the extent that such Request calls for the production

or identification of documents that are privileged under applicable law.

EXHIBIT "B"

ATLAS PEARLMAN
ATTORNEYS AT LAW

3.     ZIDEL objects to each Request to the extent that it seeks trade secrets, proprietary

information, or other confidential information and reserves the right to produce such documents

subject to appropriate redaction of confidential information.

## RESPONSES AND SPECIFIC OBJECTIONS

1.     All documents in the possession, custody or control of you and/or your attorneys which
contain one or more of the following names:

      (1)     Billie Cohen:

      (2)     Tony Boyd:

      (3)     Wade Fairchild:

      (4)     Dori McMahon:

      (5)     Gary Mellini:

      (6)     Ellen Neary:

      (7)     Jim Osborne:

      (8)     Suzette Oubre.

**Objection. ALLSTATE's request is harassing and unduly burdensome. ZIDEL's**

**counsel has thousands of pages of documents in its possession relating to the various class**

**action matters. In order to comply with ALLSTATE's request, ZIDEL's counsel would need**

**to read each and every page of each and every document to determine if any of the eight**

**named individuals are referenced in any of those documents. Pursuant to the disclosure**

**requirements, ZIDEL will produce documents in compliance with their disclosure**

**requirements.**

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

7091-00100 305513.1                    3

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this ___12th___ day of January, 2001 upon: all individuals on the attached service list.

ERIC LEE

4



ATLAS PEARLMAN
ATTORNEYS AT LAW

## SERVICE LIST

**(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)**

### ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

7091-00100 294101.1

ATLAS PEARLMAN
ATTORNEYS AT LAW

SEP 2 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6061-CIV-FERGUSON

DAVID A. NAPOLI, D.C. d/b/a
NAPOLI CHIROPRACTIC
CENTER, and all others similarly
situated,

        Plaintiff(s),

vs.

ALLSTATE INSURANCE COMPANY,
and MEDVIEW SERVICES, INC.,

        Defendant(s).
_____/

## ORDER SETTING TRIAL DATE and DISCOVERY SCHEDULE

Trial in this matter is set for the two-week period commencing June 18, 2001, before the

Honorable Wilkie D. Ferguson, Jr., United States District Judge, at **299 East Broward Boulevard,**

**Courtroom 207A, Fort Lauderdale, Florida.** If not reached during this period, this cause will be

continued to each succeeding two-week trial period until reached or until further notice from the

Court.

        **IT IS ORDERED AND ADJUDGED** as follows:

        1.    Counsel shall meet prior to the mandatory pretrial conference to confer to the

preparation of a **Joint** Pretrial Stipulation. The original and one copy of a Joint Pretrial Stipulation

must be filed on or before the date set forth below and shall conform to Local Rule 16.1(e). **The**

**Court will not accept unilateral Pretrial Stipulations. Failure to file a Joint Pretrial**

**Stipulation on or before the date set forth below shall be grounds for dismissal or striking of**

EXHIBIT "C"

Case No. 00-6061-CIV-FERGUSON

· **defenses.**

2.    In cases tried before a jury, each party shall file a copy of the proposed jury    /
instructions in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning
of the trial period. Each jury instruction shall be typed on a separate sheet and must be supported
by citations of authority. In preparing their requested jury instructions, the parties shall utilized as
a guide the Patterned Jury Instructions for Civil Cases approved by the United States Eleventh
Circuit, including the Directions to Counsel contained therein. Copies shall be delivered to
chambers at the time of filing. **Failure to timely file jury instructions and verdict forms as
directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

3.    In cases tried before the Court, each party shall file Proposed Findings of Fact and
Conclusions of Law in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the
beginning of the trial period. Proposed Conclusions of law shall be supported by citations of
authority. Copies shall be delivered to chambers at the time of filing. **Failure to timely file
Proposed Findings of Fact and Conclusions of Law as directed above shall be grounds for
sanctions, including dismissal or striking of defenses.**

4.    All exhibits must be pre-marked. The Plaintiff shall mark its exhibits numerically.
Defendant shall mark its exhibits alphabetically. A typewritten exhibit list setting forth the number,
or letter, and description of each exhibit must be submitted at the time of trial. The parties shall
submit said exhibit list on **Form AO 187,** which is available from the Clerk's office.

5.    A Motion for Continuance shall not stay the requirement for the filing of a Joint
Pretrial Stipulation and, unless an emergency situation arises, a Motion for Continuance will not be

Page 2

considered unless it is filed at least twenty (20) days prior to the date on which the trial period is scheduled to commence.

6.     All motions for extension of time shall be accompanied by a proposed order. Counsel are reminded to comply with Local Rule 7.1(A)(4).

7.     **A PENDING MOTION TO DISMISS SHALL NOT STAY DISCOVERY** except where a Stay is mandated by Statute.

8.     **Non-compliance with any provision of this Order may subject the offending party to sanctions, or striking of defenses.** It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9.     The following timetable shall govern the pretrial procedure in this cause. **This schedule shall not be modified absent compelling circumstances.**

| | |
|---|---|
| January 29, 2001 | Joinder of Additional Parties and Amended Pleadings. |
| February 12, 2001 | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Within the fourteenth day period following this disclosure, the Plaintiff shall make its experts available for deposition by the Defendant. The experts' depositions may be conducted without further order from the Court. |
| February 26, 2001 | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Within the fourteenth day period following this disclosure, the Defendant shall make its experts available for deposition by the Plaintiff. The experts' depositions may be conducted without further order from the Court. |

Page 3

Case No. 00-6061-CIV-FERGUSON

| | |
|---|---|
| March 12, 2001 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| April 2, 2001 | **All Discovery must be completed.** |
| April 23, 2001 | All Pretrial Motions, including Motions for Summary Judgment and Memoranda of Law, must be filed. |
| May 7, 2001 | Joint Pretrial Stipulation must be filed. |
| May 14, 2001 | **Pretrial Conference at 4:15 p.m.** Parties should be prepared to address all pending motions. |
| June 11, 2001 | **Calendar Call at 4:15 p.m.** Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law and Proposed Verdict Form shall be filed. **The parties are ordered to confer prior to submitting the Proposed Jury Instructions and Proposed Verdict Form** to determine whether they can agree to them prior to their submission to the Court. |
| June 18, 2001 | **Two-Week Trial Period.** A time for your appearance will be given at Calendar Call. |

10.    All pretrial Motions in Limine shall be filed not later than twelve (12) days prior to the scheduled Calendar Call. All oppositions to Motions in Limine must be filed seven (7) days prior to the scheduled Calendar Call.

11.    In order to facilitate the accurate transcription of the trial proceeding, the parties shall mail to Paul Haferling, the Court's Official Court Reporter, at **299 East Broward Boulevard, Suite 207B, Fort Lauderdale, Florida 33301,** a copy of (1) the witness and exhibit lists and (2) a designation of unique proper nouns/names which may be raised at trial, to be received no later than five (5) days prior to the scheduled trial period.

Case No. 00-6061-CIV-FERGUSON

12.    If the case is settled, counsel are directed to inform the Court promptly by calling the judge's chambers and to submit an appropriate Order for Dismissal, pursuant to Fed.R.Civ.P. 41(a)(1). The proposed Order must be filed no later than ten (10) days after the Notice of Settlement is given to the Court.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Florida, this 27th day of September, 2000.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Douglas Blankman, Esq.
David Shelton, Esq.
Lori Caldwell, Esq.
Arthur Gold, Esq.
William Deem, Esq.
Peter Valeta, Esq.
Carlin Phillips, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-CIV-6061-FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN, | ) ) ) ) |
| Defendants. | ) ) ) |

## SUPPLEMENTAL AFFIDAVIT

BEFORE ME, the undersigned authority, this day personally appeared the Affiant, David B. Shelton, who after being first duly sworn, deposes and says:

1.    I am an attorney of record for Defendant, Allstate Insurance Company ("Allstate"), in this case. This affidavit is based on my own personal knowledge.

2.    This affidavit is intended to supplement my affidavit dated December 28, 2000 which was filed in support of Allstate's motion for entry of a protective order concerning depositions scheduled for January 16-18, 2001.

3.    In addition to filing the motion for entry of a protective order, I filed a request for oral argument so the matter could be considered before the depositions dates which were unilaterally selected by Plaintiff's counsel, Eric Lee. This was the second such request made by Allstate in order to have the court expeditiously consider this matter.

4.    In an effort to further alert the court to the urgency of the motion for entry of a

1

protective order, I contacted the court's office on January 4, 2001. The law clerk advised me that she was aware of the motion, that the judge had not ruled on the motion, and that she would advise the judge that there had been an inquiry about the motion. She further advised me that I would be notified if the judge granted oral argument.

4.    On January 9 and 10, 2001, I spoke with Mr. Lee regarding the depositions in Chicago. I reiterated Allstate's position that discovery should be stayed pending a ruling on the motion to dismiss, that it was unreasonable for him to insist on taking the depositions before a ruling on the pending motion to dismiss, and that his position is contrary to the agreements he made in other cases pending before this court. In fact, on January 15, 2001, I received electronic correspondence from Mr. Lee in <u>Browner v. Allstate Indemnity Co., Beech Street Corp. and ADP Integrated Medical Solutions, Inc.</u>, Case No. 00-7163-CIV-FERGUSON, stating that he would not be responding to Allstate's class discovery in that case until the court ruled on pending motions to dismiss. This court in <u>Browner</u> had stayed all merits discovery without any objection by Mr. Lee. In addition, Mr. Lee voluntarily agreed to stay all class discovery pending a ruling on the motions to dismiss.

5.    On January 9-10, 2001, Mr. Lee advised me that he had not yet begun to prepare for the depositions or make arrangements for travel to Chicago. On January 10, he and I discussed the fact that Allstate would await a ruling on its pending motions for protective order and to stay discovery. Mr. Lee stated that he would not travel to Chicago and would file a motion to compel.

6.    On January 26, 2001 I received the court's order granting the motion to stay discovery. On that same day I received Plaintiff's motion to compel.

2

FURTHER AFFIANT SAYETH NAUGHT.

David B. Shelton

STATE OF FLORIDA)
COUNTY OF ORANGE)

Sworn to and subscribed before me this 23rd day of February____, 2001, by
David B. Shelton, who is personally known to me.

Notary Public, State of Florida

WANDA R. LAFON
Name of Notary
Typed, Printed or Stamped

_____
Serial number, if any

Wanda R LaFon
My Commission CC926694
Expires May 20, 2004

3