UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/



### PLAINTIFF'S REPLY MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO COMPEL

Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated ("ZIDEL"), by his undersigned counsel, hereby submits his Memorandum of Law in Support of his Motion to Compel, for Contempt, and for Sanctions ("Motion to Compel"). For all the reasons set forth herein, and in his Motion to Compel, ZIDEL respectfully submits that his Motion to Compel should be granted in all respects.

### ARGUMENT

ALLSTATE knowingly and intentionally violated this Court's Order dated September 27, 2000 ("Trial Order"). This Court entered the Trial Order setting this matter for trial in June, 2001. Pursuant to the Trial Order, the filing of a Motion to Dismiss does not stay discovery unless an automatic stay is mandated by statute. Due to the rapidly approaching discovery cutoff, ZIDEL attempted to scheduled depositions of ALLSTATE employees. ALLSTATE refused to provide dates for depositions and the depositions were unilaterally scheduled by ZIDEL's counsel for the

beginning of December, 2000. As a result of scheduling conflicts, the depositions were rescheduled for January 16-18, 2001 at ALLSTATE's principal place of business, Chicago, Illinois. ALLSTATE failed to attend the properly scheduled depositions and failed to obtain an Order from the Court relieving it of its obligation to attend the depositions.

**I.    ALLSTATE's Objections Must be Overruled.**

Due to the entry of the Order staying discovery in this matter pending a ruling on its Motion to Dismiss, ALLSTATE is not required to produce documents responsive to ZIDEL's Request for Production of Documents. However, once an Order is entered denying the Motion to Dismiss, a determination regarding ALLSTATE's objections will be necessary. Counsel for ZIDEL requested that ALLSTATE produce the documents requested. ALLSTATE improperly asserts that no efforts were made to resolve issues relating to the production of documents. On numerous occasions, ZIDEL's counsel attempted to obtain copies of documents and to resolve any objections. However, ALLSTATE's response has always been that it has a Motion to Stay pending and that it would not produce any documents until the Motion to Stay and Motion to Dismiss are decided. Thus, ZIDEL filed his Motion to Compel which addresses the specific objections that ALLSTATE still refuses to discuss. Once the Court enters its Order denying ALLSTATE's Motion to Dismiss, its objections should be overruled and it should be required to produce all responsive documents.

**II.    ALLSTATE Improperly Failed to Produce its Employees for Deposition.**

ZIDEL originally served Notices of Deposition of nine (9) ALLSTATE employees on November 7, 2000. The depositions were subsequently rescheduled for January 16-18, 2001. Despite having more than 2 1/2 months to obtain an Order from this Court postponing the Motions,



CASE NO. 00-6061-CIV-FERGUSON/SNOW

ALLSTATE unilaterally determined that it would not attend the depositions. The Court's subsequent Order staying discovery did not validate ALLSTATE's conduct. In fact, the Court's Order staying discovery referred ZIDEL's Motion to Compel for determination by the Magistrate Judge. Thus, the Order staying discovery does not validate ALLSTATE's conduct.

ZIDEL is also concerned about ALLSTATE's improper efforts to preclude discovery of employees and officers. ZIDEL scheduled nine depositions based upon information obtained which demonstrates that these individuals have knowledge of facts that are relevant to the claims asserted in this matter. ALLSTATE has unilaterally determined that it will produce its own witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6) and that these witnesses should provide the information needed. ZIDEL respectfully submits that ALLSTATE cannot unilaterally determine that it will not produce employees for deposition. ZIDEL's counsel has a good faith belief that these individuals will provide relevant testimony. Thus, ZIDEL is entitled to schedule and take these depositions. ZIDEL is prepared to take these depositions at ALLSTATE's principal place of business in Chicago, Illinois and has made numerous efforts to coordinate the scheduling of the depositions. What is clearly occurring is that ALLSTATE is trying to hide these witnesses and is trying to preclude ZIDEL from taking depositions of individuals that have relevant knowledge of this case.

## CONCLUSION

For all the reasons set forth herein, Plaintiff DR. PAUL ZIDEL respectfully requests that this Court enter an Order compelling Defendant ALLSTATE INSURANCE COMPANY to produce all documents responsive to ZIDEL's Request for Production, requiring ALLSTATE to attend

7091-00100 310906.1

3



CASE NO. 00-6061-CIV-FERGUSON/SNOW

previously scheduled depositions with its employees, awarding sanctions against ALLSTATE, including the attorneys' fees and costs incurred in filing this Motion, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 5th day of March, 2001 upon all individuals on the attached service list.

ERIC LEE



## SERVICE LIST
(Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow)

### ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

William W. Deem, Esq.
McQuire, Woods, Battle & Boothe, LLP
50 N. Laura Street
Suite 5300
Jacksonville, FL 32202
904-798-2615
904-798-3207 Facsimile

### ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

ATLAS PEARLMAN
ATTORNEYS AT LAW