UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 00-CIV-6061-FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALLSTATE INSURANCE COMPANY, | ) ) |
| Defendant / Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | ) ) ) |
| Third-Party Defendant. | ) ) |

### DEFENDANT, ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDE

Defendant, Allstate Insurance Company ("Allstate") hereby files this Memorandum of Law in Opposition to Plaintiff's Motion to Consolidate All Pending PPO Reduction Class Actions. The Court has previously denied Plaintiff's attempt to consolidate the instant action with other class actions pending in this district. Plaintiff's Motion fails to acknowledge the Court's prior denial of consolidation. Moreover, Plaintiff's Motion fails to offer any basis for the Court to reverse itself and now allow consolidation of seven class actions involving different parties, contracts, relationships and theories. Consequently, consolidation should be denied again.

### I.    Prior Denial Of Consolidation And Proceedings Related Thereto.

The issue of consolidation has been fully briefed, argued and decided by this Court. There are no new facts or circumstances which would warrant a reversal of the Court's position.

Plaintiff previously argued that the instant case should be consolidated with Brickell v. Progressive Express Insurance Co., Beech Street Corp. and ADP Integrated Medical Solutions, Inc., Case No. 00-6649-CIV-FERGUSON; and Browner v. Allstate Indemnity Co., Beech Street Corp. and ADP Integrated Medical Solutions, Inc., Case No. 00-7163-CIV-FERGUSON for pretrial and trial purposes (docket # 58). Both Allstate and Community Care Network, Inc. ("CCN") opposed consolidation (docket #56 and #57). The issue of consolidation was argued at length during the status conference on September 15, 2000. At that time the Court denied consolidation after a careful analysis of the issue. Although no written order has been entered, the minutes of the status conference expressly state: "deny motion for consolidate" (docket #62). Moreover, the Court's ruling is reflected by the transcript of the status conference which is being filed contemporaneously with this memorandum.

Plaintiff's Motion, to the extent it does not remind the Court of the aforementioned proceedings, violates the spirit of Local Rule 7.1F. Moreover, because of the prior proceedings and ruling by this Court, the Motion must be treated as a motion for reconsideration and should be denied unless Plaintiff can carry the heavy burden of showing that there has been a change in the factual or legal underpinning upon which the Court's prior decision was based. Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority, 814 F. Supp. 1072 (M.D. Fla. 1993). Plaintiff has not carried that burden in his Motion.

## II. No Reason To Consolidate The Seven Pending Class Actions.

In his Motion. Plaintiff superficially addresses the seven class actions which he seeks to consolidate. Zidel's Motion at page 4. A careful review of the pleadings in the seven cases demonstrates that consolidation would be improper.

### A. Allegations of Zidel v. Allstate

Dr. Zidel originally brought this action against Allstate and CCN. He recently filed a Second Amended Complaint only asserting claims against Allstate. Allstate has brought a third party claim against CCN.

Dr. Zidel alleged that he had an agreement with CCN to be a preferred provider. (Sec. Amend. Complaint, ¶¶ 22, 36.) His agreement is attached as Exhibit "A" to the Second Amended Complaint. He alleged that the agreement did not allow his agreed upon discounts to be used by insurers which could not increase his patient volume. (Id., ¶ 39.) However, there is no such requirement in the agreement attached to his Second Amended Complaint.

Allstate Florida automobile insurance policies include personal injury protection ("PIP") coverage pursuant to Florida law. Under PIP coverage, Allstate agrees to pay 80% of reasonable charges for necessary medical treatment provided to a covered insured who suffers injury in an automobile accident. (Id., ¶ 8.) Although Fla. Stat. § 627.736(10) authorizes insurers to offer PIP coverage through a "preferred provider" network, Allstate does not sell such preferred provider PIP policies in Florida. (Id., ¶ 14.) Allstate's insureds have an absolute right to choose their medical service providers. (Id., ¶ 10.)

Allstate has properly entered into agreements with certain health care providers under which they agree on the "reasonable" amounts which would be charged for various medical services. Such agreements are referred to in the "Explanation of Benefits" ("EOB")which

3

accompanies Allstate's payment reducing a provider's bill to such an agreed "reasonable" amount. (See Id., ¶¶ 46-47.) As the EOB expressly states:

> FEE REIMBURSEMENTS ARE BASED ON THIS MEDICAL SERVICE PROVIDER'S AGREEMENTS WITH CCN. THE PATIENT'S RESPONSIBILITY IS LIMITED TO THE DIFFERENCE BETWEEN THE AMOUNT PAID BY ALLSTATE (AS SHOWN BELOW) AND THE CCN CONTRACTED FEE, WHICH APPEARS IN THE BILLED AMOUNT COLUMN.

Dr. Zidel seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by ALLSTATE's personal injury protection automobile insurance policies were discounted by ALLSTATE based upon a purported CCN Services, Inc. Preferred Provider Organization reduction.

(Id., ¶ 63.) In support of his request for class treatment, Dr. Zidel alleged that the following common issues were presented in his case:

> a.  whether ALLSTATE violated Section 627.736, Florida Statutes by paying personal injury protection medical expense claims at discounted Preferred Provider rates;
>
> b.  whether ALLSTATE'S processing of the PPO discounts is permissible under state law or federal law;
>
> c.  whether DR. ZIDEL and those similarly situated are entitled to compensatory, statutory, or punitive damages against ALLSTATE because of its illegal conduct;
>
> D.  whether DR. ZIDEL and the class are entitled to an injunction preventing the continued disclosure and/or use of their discounts by ALLSTATE and the application of these discounts to automobile personal injury protection medical expense claims.

(Id., ¶ 65.)

---

### B. Allegations in Brickell v. Progressive et al.

This suit was brought by Dr. Keith Brickell against several insurance companies, Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company (collectively referred to as "Progressive"), and other defendants, Beech Street Corporation ("Beech Street") and ADP Integrated Medical Solutions, Inc. ("ADP"). Case No. 00-6649-CIV-Ferguson. Brickell alleged that from 1992-1996 Progressive offered a preferred provider endorsement to its automobile insurance policy. (Complaint, ¶ 14.) Brickell further alleged that Progressive continued to take preferred provider discounts after its discontinued using the endorsement. (Id., ¶ 15.)

Brickell alleged that he executed an agreement with Beech Street to become a preferred provider. (Id., ¶ 16.) His agreement is attached to the Complaint. Brickell alleged that Beech Street breached his agreement by licensing its discount database to ADP which re-priced Brickell's medical bills for payment under Progressive policies. (Id., ¶¶ 25-26.) Brickell seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by PROGRESSIVE AUTOMOBILE INSURERS' personal injury protection automobile insurance policies were discounted by PROGRESSIVE AUTOMOBILE INSURERS based upon BEECH STREET preferred provider rates.

(Id., ¶ 30.) In support of his request for class treatment, Brickell alleged that the following common issues were presented in his case:

> a. whether the PROGRESSIVE AUTOMOBILE INSURERS violated Fla. Stat. § 627.736, et seq. by paying personal injury protection medical expense claims at preferred provider rates;
>
> b. whether the PROGRESSIVE AUTOMOBILE INSURERS' payment of medical providers at preferred provider rates was a breach of their insurance policies;

5

  c. whether Defendants' use and application of BEECH STREET preferred provider rates to automobile insurance medical expense claims was allowed by the BEECH STREET PPA;

  d. whether the PROGRESSIVE AUTOMOBILE INSURERS' application of preferred provider rates is a violation of the Lanham Act and the RICO Act;

  e. whether DR. BRICKELL and those similarly situated are entitled to compensatory, statutory, or punitive damages against Defendants because of their illegal conduct;

  f. whether DR. BRICKELL and the purported class are entitled to an injunction preventing the continued disclosure and application of their BEECH STREET by the PROGRESSIVE AUTOMOBILE INSURERS and ADP.

(Id., ¶ 30.)

### C. Allegations in Browner v. Allstate et al.

This suit was brought by Dr. Browner against Allstate Indemnity Company, Beech Street and ADP. Case No. 00-7163-CIV-Ferguson. Browner alleged that he executed an agreement with Beech Street to become a preferred provider. (Complaint, ¶ 16.) Under his agreement, Browner agreed to accept certain discounts for his services from "Payors" as that term is defined in the agreement. (Id., ¶¶ 16, 19.) Browner alleged that Beech Street breached his agreement by licensing its discount database to ADP which re-priced Browner's medical bills for payment under Allstate Indemnity's policies. (Id., ¶ 29.) Browner seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by Allstate automobile insurance policies were discounted by Allstate allegedly pursuant to a Beech Street Preferred Provider Agreement dated April 1999 (or that defines "Eligible Persons" and "Payors" as set out above) and whose patients began treatment with said healthcare providers prior to Allstate's agreement with Beech Street and/or ADP for access to the Beech Street preferred provider discounts.

6

(Id., ¶ 35.) In support of his request for class treatment, Brickell alleged that the following common issues were presented in his case:

> a. whether Allstate violated Fla. Stat. § 627.736, et seq. by paying personal injury protection medical expense claims at discount rates which rates are less than the amount required by Florida law;
>
> b. whether Allstate's payment of medical providers at discount rates, which are less than the amount required by Florida law, was a breach of its insurance Policy;
>
> c. whether Defendants' use and application of Beech Street discount rates to Allstate automobile medical expense claims was allowed by the Beech Street PPA;
>
> d. whether Defendant could apply Beech Street discounts to patient bills where the patients had chosen and began treating their healthcare provider prior to Beech Street entering into an agreement with ADP or Allstate for access to the discounts;
>
> e. whether Allstate's misappropriation of Beech Street discounts is a violation of the Lanham and RICO Acts;
>
> f. whether Dr. Browner and those similarly situated are entitled to compensatory, statutory, or punitive damages against Defendants because of their illegal conduct;
>
> g. whether Dr. Browner and the purported class are entitled to an injunction preventing the continued disclosure and application of their Beech Street preferred provider discounts by Allstate and ADP.

(Id., ¶ 37.)

### D.   Allegations in Larusso v. Liberty Mutual et al.

This suit was brought by Dr. Salvatore Larusso against Liberty Mutual Insurance Co and CCN. Case No. 00-7692-CIV-Highsmith. Larusso alleged that he executed an agreement with CCN to become a preferred provider. (Complaint, ¶ 21.) Larusso alleged that Liberty Mutual

7

applied his agreed upon CCN discount to his medical bills. (Id.) Larusso seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by LIBERTY MUTUAL'S personal injury protection automobile insurance policies were discounted by LIBERTY MUTUAL based upon a purported CCN Services. Inc. Preferred Provider Organization reduction.

(Id., ¶ 64.) In support of his request for class treatment. Larusso alleged that the following common issues were presented in his case:

> a.  whether LIBERTY MUTUAL violated Section 627.736, Florida Statutes by paying personal injury protection medical expense claims at discounted Preferred Provider rates;
>
> b.  whether LIBERTY MUTUAL'S processing of the PPO discounts is permissible under state law or federal law;
>
> c.  whether DR. LARUSSO and those similarly situated are entitled to compensatory, statutory, or punitive damages against LIBERTY MUTUAL because of its illegal conduct;
>
> D.  whether DR. LARUSSO and the purported class are entitled to an injunction preventing the continued disclosure and/or use of their discounts by LIBERTY MUTUAL and the application of these discounts to automobile personal injury protection medical expense claims.

(Id., ¶ 66.)

### E.     Allegations in Larusso v. Nationwide

This suit was brought by Dr. Salvatore Larusso against Nationwide Insurance Company of America. Case No. 01-8108-CIV-Middlebrooks. Larusso alleged that he executed an agreement with Beech Street to become a preferred provider. (Complaint, ¶ 23.) Larusso alleged that Nationwide applied his agreed upon Beech Street discount to his medical bills. (Id.) Larusso seeks to represent the following class:

8

> all Florida healthcare providers whose bills for medical services rendered to patients covered by NATIONWIDE'S personal injury protection automobile insurance policies were discounted by NATIONWIDE based upon Beech StreetServices, Inc. Preferred Provider Organization reduction.

(Id., ¶ 77.) In support of his request for class treatment, Larusso alleged that the following common issues were presented in his case:

> a.  whether NATIONWIDE violated Section 627.736, Florida Statutes by paying personal injury protection medical expense claims at discounted Preferred Provider rates;
>
> b.  whether NATIONWIDE'S processing of the PPO discounts is permissible under state law or federal law;
>
> c.  whether DR. LARUSSO and those similarly situated are entitled to compensatory, statutory, or punitive damages against NATIONWIDE because of its illegal conduct;
>
> D.  whether DR. LARUSSO and the purported class are entitled to an injunction preventing the continued disclosure and/or use of their discounts by NATIONWIDE and the application of these discounts to automobile personal injury protection medical expense claims.

(Id., ¶ 79.)

### F.   Allegations in Larusso v. Florida Farm Bureau

This suit was brought by Dr. Larusso against Florida Farm Bureau Casualty Insurance Co. Case No. 01-8110-CIV-Hurley. Larusso alleged that he executed an agreement with CCN to become a preferred provider. (Complaint, ¶ 22.) Larusso alleged that Florida Farm Bureau applied his agreed upon Beech Street discount to his medical bills. (Id.) Larusso seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by FLORIDA FARM BUREAU'S personal injury protection automobile insurance policies were discounted by FLORIDA FARM BUREAU based upon a purported CCN Preferred Provider Organization reduction.

9

(Id., ¶ 71.) In support of his request for class treatment, Larusso alleged that the following common issues were presented in his case:

> a.  whether FLORIDA FARM BUREAU violated Section 627.736, Florida Statutes by paying personal injury protection medical expense claims at discounted Preferred Provider rates;
>
> b.  whether FLORIDA FARM BUREAU'S processing of the PPO discounts is permissible under state law or federal law;
>
> c.  whether DR. LARUSSO and those similarly situated are entitled to compensatory, statutory, or punitive damages against FLORIDA FARM BUREAU because of its illegal conduct;
>
> D.  whether DR. LARUSSO and the purported class are entitled to an injunction preventing the continued disclosure and/or use of their discounts by FLORIDA FARM BUREAU and the application of these discounts to automobile personal injury protection medical expense claims.

(Id., ¶ 73.)

### G.    Allegations in Larusso v. Hartford

This suit was brought by Dr. Larusso against ITT Hartford Life and Annuity Insurance Company. Case No. 01-8111-CIV-Hurley. Larusso alleged that he executed an agreement with CCN to become a preferred provider. (Complaint, ¶ 22.) Larusso alleged that Hartford applied his agreed upon CCN discount to his medical bills. (Id.) Larusso seeks to represent the following class:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by HARTFORD'S personal injury protection automobile insurance policies were discounted by HARTFORD based upon a purported CCN Preferred Provider Organization reduction.

(Id., ¶ 71.) In support of his request for class treatment, Larusso alleged that the following common issues were presented in his case:

> a. whether HARTFORD violated Section 627.736, Florida Statutes by paying personal injury protection medical expense claims at discounted Preferred Provider rates;
>
> b. whether HARTFORD'S processing of the PPO discounts is permissible under state law or federal law;
>
> c. whether DR. LARUSSO and those similarly situated are entitled to compensatory, statutory, or punitive damages against HARTFORD because of its illegal conduct;
>
> D. whether DR. LARUSSO and the purported class are entitled to an injunction preventing the continued disclosure and/or use of their discounts by HARTFORD and the application of these discounts to automobile personal injury protection medical expense claims.

(Id., ¶ 73.)

### III.   No Common Issues of Fact or Law in These Seven Cases.

Consolidation of actions is permitted by Rule 42(a) when they involve common questions of law or fact. The party seeking consolidation bears the burden of showing the commonality of factual and legal issues in the different actions. In re Repetitive Stress Litigation, 11 F.3d 368, 373 (2d Cir. 1993). The court must examine the facts with "close attention" before ordering a consolidation. Id. Even when a common question of law or fact is presented, consolidation is not required. Young v. City of Augusta, Georgia, 59 F.3d 1160, 1168 (11th Cir. 1995).

In In re Repetitive Stress Litigation, 11 F.3d 368, 373 (2d Cir. 1993), the Second Circuit granted mandamus to vacate an order consolidating forty-four lawsuits alleging repetitive stress injuries. In reaching its decision, the Second Circuit reviewed various factors to determine whether consolidation was appropriate. This included a review of whether the plaintiffs' claims involved a common worksite, similar occupations, similar time of exposure and similar type of disease. Id. at 373. Because the similarities were lacking, the Second Circuit concluded that the district court abused its discretion in consolidating the lawsuits.

11

Here, there are no common issues of law or fact presented. The individual issues in each case have no application to any issues presented in the other actions. At best, the doctors assert some similar theories of liability against the insurers which paid their bills. However, because those theories involve different parties, different written agreements, different insurance policies, different arrangements and different conduct by the defendants, the theories do not present any common questions which would warrant consolidation of the actions for pretrial or trial purposes.

There is no overlap between the parties in the seven actions. Even the actions which involve related Allstate defendants do not present common questions: the <u>Zidel</u> action attacks Allstate Insurance Company's relationship with CCN, while the <u>Browner</u> action attacks Allstate Indemnity Conpany's relationship with Beech Street and ADP. Moreover, Dr. Zidel seeks an interpretation of his contract with CCN, while Dr. Browner seeks an interpretation of his agreement with Beech Street. Because those agreements have different terms and conditions, they present different questions for resolution. The provisions of the agreements are not identical; therefore, each will need to be separately reviewed and interpreted based on its own language. Under these circumstances, consolidation should be denied. <u>Southwest Marine, Inc. v. Triple A Machine Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989)(consolidation denied when actions involved different contracts).

Because of the different agreements and their need for separate interpretations by the Court, no judicial labor will be saved by consolidated proceedings. Moreover, because the actions involve different parties, consolidated discovery proceedings will not benefit the parties or reduce litigation expenses. The discovery in one action will not be relevant to or probative of the claims in the other action. For example, facts necessary to prove a violation of the CCN

agreement will not be relevant or material to the question of whether the Beech Street agreement was violated. Thus, for example, depositions of CCN or Allstate representatives in <u>Zidel</u> will not be relevant to Brickell's claims against Progressive, Beech Street and ADP. How CCN and Allstate conducted their business will not make it more or less likely that Progressive or ADP breached the agreement between Brickell and Beech Street.

Moreover, discovery of one insurer's business practices by another raises serious concerns regarding the safeguarding of confidential and proprietary business information. Allstate and the other carriers are business competitors. Allstate opposes disclosure of its business practices to its competitors and asks that the Court deny consolidation on this basis even if any common question is found. At the September 15 status conference, Progressive raised identical confidentiality concerns.

The claims are also based on different insurance policies issued by seven different insurance companies. One company, Progressive, had issued a preferred provider policy from 1992 to 1996 while the other companies have never done so.

The actions also involve different arrangements. In the <u>Zidel</u> action, for example, Allstate had a relationship with CCN which had a relationship with Zidel. Bills for medical treatment performed by Zidel were re-priced by CCN pursuant to its provider agreement with the doctors. CCN passed that re-pricing on to Allstate. In the <u>Progressive</u> action, by comparison, it is alleged that Progressive had a relationship with ADP which had a relationship with Beech Street which had a relationship with Brickell. The re-pricing was done by ADP which did not have any relationship with the doctor. Because of the different arrangements, the issue of liability in each action will need to be determined separately.

A further difference among the lawsuits is that Dr. Zidel has already had certain claims resolved against him with prejudice. Dr. Zidel was previously a named plaintiff in May et al. v. Allstate Insurance Co., Case No. 00-CIV-6269-Ferguson. When the case was originally assigned to Judge Dimitrouleas, the court, in an order dated April 14, 2000, dismissed claims that Allstate violated Section 627.736(10), Florida Statutes. Judge Dimitrouleas ruled that a provider such as Dr. Zidel and his colleagues could not bring such claims. The May case was dismissed by this Court per order dated November 22, 2000. In such order, this Court held that "judge Dimitouleas' dismissal of Plaintiffs' claims that Defendant violated Section 627.736(10), as reflected in his order dated April 14, 2000, shall remain in effect as a dismissal with prejudice of such claims."

Because of these fundamental and significant differences between the actions, there are no common questions of law or fact which would warrant consolidation. However, even if the Court were to find a common issue of law or fact, consolidation should still be denied because the individual issues outlined above would predominate over any perceived common issue. Henderson v. National Railroad Passenger Corp., 118 F.R.D. 440 (N.D. Ill. 1987); In re Consolidated Parlodel Litigation, 182 F.R.D. 441 (D.N.J. 1998).

In Henderson, plaintiff moved to consolidate his civil rights action with another action. Both actions alleged that the same defendant violated their rights by disciplining them for alleged acts of employment misconduct. 118 F.R.D. at 441. In support of his motion, Plaintiff asserted that certain evidence regarding defendant's discriminatory practices would need to be presented in both cases. Id. Nonetheless, the court found that individual issues predominated and denied the consolidation. Predominate, individual issues were found because the disciplinary actions arose from unrelated incidents involving different types of misconduct. Id.

14

Predominate, individual issues are presented in these actions. They arise from unrelated incidents involving alleged violations of different written agreements. Evidence regarding one insurer's conduct will not be admissible in the lawsuit against the other insurer. Thus, consolidation is unwarranted and unworkable under Henderson.

Dr. Zidel's reliance on the Humana consolidation is misplaced, as demonstrated by the exhibits attached to his Motion. In those cases, Humana Inc. and Humana Health Plan, Inc. moved to centralize eleven actions brought against Humana and moved for coordinated or consolidated pretrial proceedings. Zidel's Motion, Exhibit "A" thereto at page 1. The panel found that all the actions "involve common questions of fact relating to allegations that Humana's utilization review process and physician financial incentives violate various federal statutes." Id. All the parties agreed that centralization was appropriate, but disagreed on the transferee forum. Id.

Moreover, there does not appear to have been any disagreement as to consolidation of cases before Judge Moreno. Zidel's Motion, Exhibit "B" thereto at page 2. Judge Moreno consolidated for pretrial purposes three cases, Regina Joi Price, et al. v. Humana, Inc., Rodney J. Landrey, et al. v. Humana, Inc., and Sandra Johnson, et al. v. Humana, Inc., all of which have a common nexus: the same defendant. Id.

Here, there is no agreement among the plaintiffs and defendants on consolidation. Further, all actions do not involve the same defendant or allegations that such defendant's conduct violates federal statutes. Instead, these actions involve seven different defendants, and each defendant's separate and unrelated conduct is being attacked.

WHEREFORE, for the foregoing reasons, Allstate Insurance Company respectfully requests that this Court deny Plaintiff's motion and not consolidate the instant action with the other six class actions pending in this district.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to the attorneys on the service list, this 5th day of March, 2001.

*(signature)*

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 920-7241
Attorneys for Defendant

DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Defendant

SERVICE LIST

Douglas A. Blankman, Esquire
Kopelman & Blankman, P.A.
One Financial Plaza, Suite 1611
Ft. Lauderdale, FL 33394
Attorney for Plaintiff

Arthur Gold, Esquire
Gold, Rosenfeld & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Attorney for Plaintiff

Carlin Phillips, Esquire
Gogel, Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
Attorney for Plaintiff

Eric Lee
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Attorney for Plaintiff

William W. Deem, Esquire
McGuire, Woods, Battle & Boothe, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Attorney for CCN