### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

#### Civil Action No. 00-CIV-6061 FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL and All Others Similarly Situated, | § § § |
| Plaintiffs, | § § § |
| v. | § § |
| ALLSTATE INSURANCE COMPANY and COMMUNITY CARE NETWORK, INC. d/b/a CCN, | § § § § |
| Defendant/Third-Party Plaintiff, | § § |
| v. | § § |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | § § § |
| Third-Party Defendant. | § § |



### CCN'S ANSWER AND AFFIRMATIVE DEFENSES
### TO ALLSTATE INSURANCE COMPANY'S THIRD-PARTY COMPLAINT

Third-party defendant, CCN Managed Care, Inc. (incorrectly identified in Allstate's pleadings as "Community Care Network, Inc., d/b/a CCN"), hereby answers Allstate's third-party complaint by denying all allegations not specifically admitted herein, and further states:

1. Paragraph one is admitted for jurisdictional purposes only.

2. CCN admits that venue is proper in this district.

3. CCN is without knowledge as to the allegations of paragraph three.

4. CCN admits the allegations of paragraph four.



5. CCN admits that its principal place of business is located in San Diego, that it maintains a facility in Tampa, and that it transacts business in the southern district of Florida.

6. CCN admits that paragraph six contains an accurate but very general description of CCN's business.

7. CCN admits that part of its business includes contracting with physicians, hospitals and other healthcare providers to form provider networks for group health, worker's compensation and automobile insurance. CCN denies that Allstate's description adequately sets forth the full extent of CCN's business.

8. CNN admits the allegations of paragraph eight.

9. CCN admits that in the typical circumstance, members of its provider networks agree to discount their usual and customary charges for healthcare services provided to the insureds and beneficiaries of CCN's payor clients.

10. CCN admits that part of its business includes contracting with physicians, hospitals and other healthcare providers to form provider networks for group health, worker's compensation and automobile insurance. CCN denies that Allstate's description adequately sets forth the full extent of CCN's business.

11. CCN admits the allegations of paragraph eleven.

12. CCN admits the allegations of paragraph twelve.

13. CCN denies or is without knowledge as to the allegations of paragraph thirteen.

14. CCN denies or is without knowledge as to the allegations of paragraph fourteen.

15. CCN denies or is without knowledge as to the allegations of paragraph fifteen.

16. CCN admits execution of an agreement with Allstate for network provider and re-pricing services for the period from February 1, 1999 through August 31, 1999, with regard to

2

Allstate's Florida automobile insurance PIP coverage. CCN further admits that the effective period for this agreement was later extended through February 28, 2000. CCN denies all other allegations, express or implied, in this paragraph.

17.  CCN states that the agreement speaks for itself, and denies any attempt to paraphrase or otherwise characterize its terms.

18.  CCN states that the agreement speaks for itself, and denies any attempt to paraphrase or otherwise characterize its terms.

19.  CCN states that the agreement speaks for itself, and denies any attempt to paraphrase or otherwise characterize its terms.

20.  CCN states that the agreement speaks for itself, and denies any attempt to paraphrase or otherwise characterize its terms.

21.  CCN states that the agreement speaks for itself, and denies any attempt to paraphrase or otherwise characterize its terms.

22.  CCN states that the agreement speaks for itself, and denies any attempt to paraphrase or otherwise characterize its terms.

23.  CCN states that the agreement speaks for itself, and denies any attempt to paraphrase or otherwise characterize its terms.

24.  CCN states that the agreement speaks for itself, and denies any attempt to paraphrase or otherwise characterize its terms.

25.  CCN admits the allegations of paragraph twenty-five.

26.  CCN denies the allegations of paragraph twenty-six.

27.  CCN denies the allegations of paragraph twenty-seven.

28.  CCN is without knowledge as to the allegations of paragraph twenty-eight.

29. CCN is without knowledge as to the allegations of paragraph twenty-nine.

30. CCN is without knowledge as to the allegations of paragraph thirty.

31. CCN is without knowledge as to the allegations of paragraph thirty-one.

32. CCN denies the allegations of paragraph thirty-two.

33. To the extent paragraph thirty-three purports to selectively quote portions of the complaint in this action, CCN states that the complaint speaks for itself.

34. CCN admits that Allstate has paid compensation for CCN for re-pricing services. CCN denies Allstate's characterization or paraphrase of the contractual basis for the calculation of such amounts, stating that the agreement speaks for itself as to its terms.

35. CCN is without knowledge as to the allegations of paragraph thirty-five.

36. CCN is without knowledge as to the allegations of paragraph thirty-six.

37. CCN is without knowledge as to any costs allegedly incurred by Allstate. CCN admits that certain re-pricing errors were made, and that cost reimbursement has also been made. CCN denies any other allegation in this paragraph.

38. CCN admits that its agreement concluded as of March 2000, and is without knowledge as to any other allegation in this paragraph.

39. CCN restates its responses to paragraphs one through thirty-eight.

40. CCN is without knowledge as to the allegations of paragraph forty.

41. CCN denies the allegations of paragraph forty-one.

42. CCN denies the allegations of paragraph forty-two.

43. CCN denies the allegations of paragraph forty-three.

44. CCN denies the allegations of paragraph forty-four.

45. CCN denies the allegations of paragraph forty-five.

46. CCN denies the allegations of paragraph forty-six.

47. CCN restates its responses to paragraphs one through forty-six.

48. CCN states that the agreement speaks for itself as to its terms, and denies plaintiff's paraphrase or characterization thereof.

49. CCN states that the agreement speaks for itself as to its terms, and denies plaintiff's paraphrase or characterization thereof.

50. CCN states that the agreement speaks for itself as to its terms, and denies plaintiff's paraphrase or characterization thereof.

51. CCN states that the agreement speaks for itself as to its terms, and denies plaintiff's paraphrase or characterization thereof.

52. To the extent paragraph fifty-two purports to selectively paraphrase portions of the complaint in this action, CCN states that the complaint speaks for itself.

53. CCN admits that Allstate has paid compensation for CCN for re-pricing services. CCN denies Allstate's characterization or paraphrase of the contractual basis for the calculation of such amounts, stating that the agreement speaks for itself as to its terms.

54. CCN denies the allegations of paragraph fifty-four.

55. CCN denies the allegations of paragraph fifty-five.

56. CCN restates its responses to paragraphs one through fifty-five.

57. CCN acknowledges that paragraph fifty-seven describes one purpose for (or effect of) the CCN/Allstate agreement. CCN denies any other allegation, express or implied, in this paragraph.

58. CCN states that the agreement speaks for itself, and denies Allstate's paraphrase or characterization thereof.

59.  CCN admits having received compensation. With respect to the balance of this paragraph, CCN states that the agreement speaks for itself, and denies Allstate's paraphrase or characterization thereof.

60.  CCN admits accepting payments from Allstate in exchange for re-pricing services computed as per the parties' written agreement. CCN denies any other allegation, express or implied, in this paragraph.

61.  CCN denies the allegations of paragraph sixty-one.

62.  CCN denies the allegations of paragraph sixty-two.

63.  CCN denies the allegations of paragraph sixty-three.

64.  CCN denies the allegations of paragraph sixty-four.

65.  CCN restates its responses to paragraphs one through sixty-four.

66.  CCN denies the allegations of paragraph sixty-six.

67.  CCN denies the allegations of paragraph sixty-seven.

68.  CCN denies the allegations of paragraph sixty-eight.

69.  CCN denies the allegations of paragraph sixty-nine.

70.  CCN denies the allegations of paragraph seventy.

71.  CCN denies the allegations of paragraph seventy-one.

### AFFIRMATIVE DEFENSES

72.  The third-party claim is barred by the doctrines of waiver, estoppel and assumption of the risk.

73. CCN reserves the right to assert such other affirmative defenses, e.g. (without limitation) prior material breach, as may be disclosed through discovery.

McGuireWoods LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, Florida 32205
(904) 798-3200
(904) 798-3207 Facsimile

Counsel for CCN Managed Care, Inc.

7

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been furnished by U.S. Mail on this __15__ day of March, 2001, to the following:

Lawrence Kopelman, Esq.
Kopelman & Blankman
National Towers, Suite 1611
1 Financial Plaza
Fort Lauderdale, FL 33394
**Attorneys for Plaintiff**

Eric Lee, Esq.
Atlas Pearlman, P.A.
Marc J. Browner, D.C.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
**Attorneys for Plaintiff**

Gold & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
**Attorneys for Plaintiff**

Phillips & Garcia
13 Ventura Drive
North Dartmouth, MA 02747
**Attorneys for Plaintiff**

David B. Shelton, Esq.
Rumberger, Kirk & Caldwell
Signature Plaza, Suite 300
201 South Orange Avenue
Orlando, FL 32802
**Attorneys for Allstate**

Peter J. Valeta, Esq.
Ross & Hardies
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
**Attorneys for Allstate**

_____
Attorney

\COM\52963.1

8