UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN

    Defendants.
_____/



## PLAINTIFFS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO CONSOLIDATE

Plaintiffs DR. PAUL ZIDEL, KEITH BRICKELL, D.C., MARC BROWNER, D.C. and SALVATORE LARUSSO, D.C. ("Class Plaintiffs"), by their undersigned counsel, hereby serve their Reply Memorandum of Law in Support of their Motion to Consolidate all Pending PPO Class Actions ("Motion to Consolidate"). For all the reasons set forth herein and in their Motion to Consolidate, Class Plaintiffs respectfully submit that their Motion should be granted in all respects.

## ARGUMENT

Defendants oppose the Motion to Consolidate based on their assertions that (1) the cases are not related, and (2) this Court already denied consolidation. However, each of these arguments is misplaced and consolidation will serve the interests of the parties and the Court.

In determining whether to consolidate, a court must determine:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on

7091-00100 314269.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and a relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting Arnold v. Eastern Airlines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), cert. denied, 460 U.S. 1102 (1983)).

Since all seven class actions are currently before this Court, the risk of inconsistent adjudications is not present. However, the issue of the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits is significant. There are presently four Class Plaintiffs asserting claims against six different automobile insurance companies. As healthcare providers that treat numerous individuals suffering injuries in automobile accidents, the four Class Plaintiffs are not only plaintiffs in their specific cases, but will also likely be witnesses in the other pending actions. This is also true for other witnesses, including experts, that will be called to testify to establish Class Plaintiffs' claims. It would be an extreme burden on the parties and these witnesses to potentially be exposed to seven separate depositions in seven separate cases. If the actions are consolidated, the number of depositions will be greatly reduced. In addition, the Defendants and their representatives will also benefit by consolidation since their depositions will also only occur on one occasion.

As to judicial resources, consolidation will provide the Court with the ability to address seven cases at one time. Presently pending are motions for class certification in all seven actions. If the actions are consolidated, a consolidated class action motion can be filed, the Defendants can file a consolidated response, and the Court will be able to address the issues in one action as opposed to addressing seven separate contested motions. In addition, when discovery disputes arise, it will be much simpler to address the issues in a consolidated action as opposed to issues that will arise in seven separate actions.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

The length of time required to conclude multiple suits as opposed to a single suit and the relative expense to all concerned establish that consolidation is necessary. The Brickell, Zidel and Browner matters are presently set for trial in June, 2001. In light of this Court's stay of discovery and the fact that the motions to dismiss and motions for class certification have not yet been ruled upon, it appears that the trials will not occur in June. If these actions are not consolidated, the Court and common witnesses will be subjected to seven separate trials each lasting up to two weeks. However, a consolidated trial will avoid the necessity of calling the same witnesses seven different times and will provide this Court with the ability to address the issues consistently. Thus, consolidation of these matters is the most practical way to proceed.

## A.   The Claims Asserted Clearly Involve Common Questions of Law and Fact.

Not surprisingly, the Defendants contest consolidation claiming that the different matters do not involve common questions of law and fact. Although all seven cases are not identical, when the pending motions to dismiss are denied,[1] a consolidated class action complaint will be filed asserting substantially identical claims against all Defendants. The common questions of law and fact in all of these cases is whether the Defendant automobile insurance companies are guilty of stealing healthcare providers' preferred provider discounts to which they are not entitled.[2] The language of individual contracts is irrelevant to this illegal conduct. Defendants' illegal conduct will entitle Plaintiffs to compensatory damages which are easily ascertainable. The damages are the total amount of illegal discounts.

---

[1] At the status conference in Larusso v. Liberty Mutual Insurance Company, this Court advised that the pending motions to dismiss were going to be denied with the exception of the Lanham Act claim.

[2] This scheme has been attacked recently by the Eleventh Circuit Court of Appeals in HCA Health Services of Georgia, Inc. v. Employers Health Ins. Co., 240 F.3d 982 (11th Cir. 2001).

The common questions of law and fact are no different than the presently pending consolidated managed care litigation which has previously been brought to this Court's attention. Defendant Allstate Insurance Company ("Allstate") argues that the consolidated managed care litigation involves only one Defendant. Allstate is wrong. The Amended Complaint filed in the managed care litigation on March 26, 2001 establishes that there are twenty-four class plaintiffs and twelve insurance company defendants.[3] Judge Moreno's pretrial consolidation and scheduling orders in that RICO class action brought against the managed care companies clearly promotes judicial economy.

Issues regarding perceived confidentiality can easily be dealt with by a protective order that provides any party with the ability to designate materials confidential and for use in this litigation only. Once this Court enters such an order, it is hard to imagine that any of the insurance companies will utilize any information obtained in this proceeding to their economic advantage which would clearly violate the order. As to depositions of Defendants' representatives and employees, such depositions can also be subject to the protective order. Therefore, any concerns about confidentiality can easily be addressed, as is routinely done, through the use of a protective order.

## B.   Circumstances have Changed Since this Court's September 15, 2000 Determination.

Defendants assert that this Court had previously denied this Motion to Consolidate. Defendants are wrong. No formal Motion to Consolidate has previously been filed by any party. This Court merely evidenced its own desire to consolidate those cases pending as of September 15, 2000 and initially asked Defendants to brief their opposition. On September 15, 2000, there were only three actions pending against two insurance companies. There are now seven actions pending against six insurance companies. In fact, this Court did not actually deny consolidation. In response

---

[3] A true and correct copy of the first page of the Amended Complaint is attached hereto as Exhibit "1." The entire Amended Complaint can be found at Master File No. 00-1334-MD-MORENO (dk. 1015).

CASE NO. 00-6061-CIV-FERGUSON/SNOW

to Defendants' opposition to consolidation, this Court suggested a hybrid consolidation. This Court also scheduled the three pending actions for trial in June, 2001, and declared that they would all proceed on the same track. Thus, based upon the facts at that time, this Court determined that a hybrid consolidation would be appropriate.

However, now that there are seven pending actions with six different insurance companies, total consolidation is appropriate. It will be nearly impossible to have an agreement among the numerous law firms now representing the numerous parties as to which documents and/or witnesses are common to the various actions. It is anticipated that each time Class Plaintiffs assert that a witness is a common witness for purposes of the pending actions, at least one of the Defendants will disagree, thus necessitating additional issues to be addressed. Once the seven actions are consolidated, all parties, parties' employees, witnesses, and expert witnesses will be deposed once. All parties will have the opportunity to question these witnesses. Scheduling depositions will be much simpler in a consolidated proceeding as opposed to seven separate matters. In addition, as discussed above, any confidentiality concerns can be easily addressed by a protective order. Defendants' assertion that this Court denied consolidation is misplaced. Based upon the present facts, consolidation is appropriate.

## CONCLUSION

For all the reasons set forth herein, Plaintiffs DR. PAUL ZIDEL, KEITH BRICKELL, D.C., MARC BROWNER, D.C. and SALVATORE LARUSSO, D.C. respectfully request that this Court enter an Order consolidating all PPO reduction class actions, together with such other and further relief as this Court may deem just and proper.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

CASE NO. 00-6061-CIV-FERGUSON/SNOW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this __4th__ day of April, 2001 upon: all individuals on the attached service list.

_____
ERIC LEE

cv-06061-WJZ    Document 145    Entered on FLSD Docket 04/06/2001

### SERVICE LIST

Zidel v. Allstate Insurance Company et al. Case No. 00-6061-Civ-Ferguson/Snow

**ATTORNEYS FOR ALLSTATE**

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

William W. Deem, Esq.
McQuire, Woods, Battle & Boothe, LLP
50 N. Laura Street
Suite 5300
Jacksonville, FL 32202
904-798-2615
904-798-3207 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

7091-00100 294101.1



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



**MDL NO.: 1334**

**MASTER FILE NO.: 00-1334-MD-MORENO**

IN RE:
HUMANA, INC., MANAGED CARE LITIGATION

**THIS DOCUMENT RELATES ONLY
TO PROVIDER TRACK CASES**

CHARLES B. SHANE, M.D.; JEFFREY BOOK, D.O;
DENNIS BREEN, M.D.; MICHAEL BURGESS, M.D.;
EDWARD L. DAVIS, D.O.; LANCE R. GOODMAN, M.D.;
H. ROBERT HARRISON, M.D.; GLENN L. KELLY, M.D.;
LEONARD J. KLAY, M.D.; EUGENE MANGIERE, M.D.;
KEVIN MOLK, M.D.; MARTIN MORAN, M.D.;
MANUEL PORTH, M.D.; THOMAS BACKER, M.D.;
DAVID BOXSTEIN, M.D.; NAVID GHALAMBOR, M.D.;
SUSAN HANSEN, M.D.; ANDRES TALEISNIK, M.D.;
JULIO TALEISNIK, M.D.; ROGER WILSON, M.D.;
CALIFORNIA MEDICAL ASSOCIATION; DENTON
COUNTY MEDICAL SOCIETY; MEDICAL ASSOCIATION
OF GEORGIA; and TEXAS MEDICAL ASSOCIATION,

      **Plaintiffs,**

vs.

HUMANA, INC.; AETNA, INC.; AETNA-USHC, INC.;
CIGNA; COVENTRY HEALTH CARE, INC.; HEALTH
NET, INC.; HUMANA HEALTH PLAN, INC.; PACIFICARE
HEALTH SYSTEMS, INC.; PRUDENTIAL INSURANCE
COMPANY OF AMERICA; UNITED HEALTH GROUP;
UNITED HEALTH CARE; and WELLPOINT HEALTH
NETWORKS, INC.;

      **Defendants.**

_____/