**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO.: 00-CIV-6061-FERGUSON/SNOW**

| | |
|---|---|
| **DR. PAUL ZIDEL, and all others similarly situated,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| **ALLSTATE INSURANCE COMPANY,** | ) ) |
| **Defendant / Third-Party Plaintiff,** | ) ) |
| v. | ) ) |
| **COMMUNITY CARE NETWORK, INC., d/b/a CCN,** | ) ) ) |
| **Third-Party Defendant.** | ) ) |

## DEFENDANT, ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO LIMIT COMMUNICATIONS WITH CCN PROVIDERS AND OTHER RELIEF

The plaintiff, in his motion, inappropriately seeks extraordinary relief which is neither legally supportable nor factually justified under the circumstances. The case law proffered by plaintiff does not support his request for relief in a case in which a class has not been certified, or on the basis of purported misconduct by a party against whom he has not alleged a claim, who is not a defendant, and who is not the subject of class claims.[1] Even assuming plaintiff could theoretically overcome those hurdles, the factual record, substantially

---

[1] Plaintiff essentially concedes this point, noting in footnote 3 of his Motion that CCN has been sued by <u>Larusso</u>. However, Dr. Zidel is the named plaintiff in this case. Larusso, on the other hand, is not a party to this action.

overstated by plaintiff to begin with, does not warrant imposition of extraordinary relief. Nor would the alleged misconduct by Community Care Network ("CCN") justify the Court taking any action which could prejudice Allstate Insurance Company ("Allstate"), which had no role in the purported misconduct. Even if some intervention by the Court were called for, therefore, the scope of the relief requested is disproportionate and overbroad. Consequently, the Motion must be denied.

## Background

This action is a simple commercial dispute regarding contractual rights. Plaintiff contends that Allstate did not pay the amounts plaintiff billed for medical services rendered by plaintiff to personal injury protection ("PIP") claimants. Plaintiff (and Park Place [2]) had agreed with CCN to accept certain reduced rates for his services when he rendered them to individuals insured by insurance companies who had contracted with CCN. Allstate reasonably believed, based on its contractual agreement with CCN, that CCN's negotiated rates with plaintiff and Park Place were available to Allstate PIP claimants. Allstate thus paid bills submitted by plaintiff for Allstate claimants utilizing those negotiated rates. Furthermore, Allstate openly disclosed that its payments were based on the CCN negotiated rates on the "Explanation of Benefits" ("EOB"), which accompanied Allstate's payment. There was nothing "secret." Nothing was hidden from plaintiff or misrepresented when Allstate paid plaintiff's bills.

---

[2] Dr. Zidel is one of several doctors who are engaged together in the practice of medicine as "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation" (collectively "Park Place Doctors"). The Park Place Doctors previously sued Allstate to recover PIP payments which they alleged were improperly discounted (the "Park Place Doctors Action"). The Park Place Doctors alleged that Allstate's payments were made in amounts "substantially less than [Allstate] is statutorily and contractually obligated to pay," and improperly based upon their agreement with CCN. The district court in the Park Place Action granted Allstate's Motion to dismiss, concluding that Florida Statute §627.736(10) does not allow a private cause of action to be asserted against Allstate.

2

I.     The Purported Factual Basis For Plaintiff's Motion Is Substantially Flawed.

Plaintiff bases its request for relief on the suggestion that this Court can treat CCN as if it were acting in derogation of its legal and ethical obligations as a defendant in a "meritorious" class action. The factual foundation for plaintiff's contention, however, is significantly flawed.

Plaintiff has not asserted a cause of action against CCN in this action. No class claims ever have been asserted against CCN in this action. There are no claims pending against CCN in this action for which classwide relief could be awarded. CCN simply is a third-party defendant, having been impleaded by Allstate on an indemnity claim.

No claim of any kind asserted by plaintiff has been sustained by this Court. Allstate moved to dismiss plaintiff's alleged claims. That motion remains pending. Although a hearing was held on May 14, 2001, the Court did not rule on the Motion at that time. Indeed, no ruling has yet been made by the Court on the Motion. The Court has never entered an Order addressing that Motion.

Even if the Court were to sustain plaintiff's claims over Allstate's objection, that decision would not constitute an indication that the alleged claims are meritorious. A motion to dismiss addresses the sufficiency of pleaded allegations. See Fed. R. Civ. P. 12(b)(6). Denial of a motion to dismiss, therefore, simply reflects the Court's determination that the allegations of the complaint are sufficient to place the defendant on notice of the nature of a claim which, if proven, may entitle the plaintiff to relief. Nothing has been proven and no liability can be established by the simple denial of a motion to dismiss. CCN's opinion that plaintiff's claims are insupportable is not, therefore, called into doubt by the possibility that the Court would decline to grant a motion to dismiss those claims.

Likewise, this Court has not granted plaintiff's motion to consolidate this case with any other. Plaintiff had moved to consolidated this action with as many as fifteen other cases which had been filed against insurers other than Allstate. At the May 14, 2001 hearing, the Court indicated it might grant some form of consolidation as to some or all of those cases. However, as with the Motion to dismiss, the Court formally took the matter under advisement after the hearing. No further action has been taken by the Court and no Order has ever been entered addressing the requested consolidation. At this point, therefore, this case is not consolidated with any other matter and no basis exists for plaintiff's attempt to treat it otherwise.[3]

II.    No Legal Basis Exists For The Extraordinary Relief Sought By Plaintiff

Plaintiff has offered no legal basis for the relief he seeks to impose on CCN and, by unwarranted extension, Allstate. Neither the Federal Rules, themselves, nor the cases cited by plaintiff, support imposition of such relief against a third-party defendant where, as here, no class has been certified and the party whose conduct is at issue is not the subject of class claims. Neither of the cases relied upon by plaintiff sanctioned entry of such a restriction prior to certification of a class. Nor do the cited cases impose extraordinary limitations on a party who is not subject to a claim for class-wide relief. The cited cases do not suggest that a party which has been subjected to a campaign of attacks directed to its customers cannot, in the course of its business, communicate with those customers or refute the accusations.

In re School Asbestos Litigation, 842 F.2d 671 (3rd Cir. 1988), involved certified class claims against manufacturers of asbestos products. An association composed of several of the

---

[3]    Likewise, no Order has ever been entered by the Court which would lift the stay of discovery previously granted in this case. Plaintiff's tangential grievance over purported unresponsiveness of Allstate, and other insurers, to his discovery requests is thus equally off base.

4

defendants promulgated and sent to members of the certified class, among others, a pamphlet advocating their view that valid scientific studies conclude the risk from asbestos had been substantially overstated. The pamphlet did not indicate the connection between the organization which published the pamphlet and the litigation, or that the organization operated as an "alter ego" of certain of the defendants. Plaintiff sought broad-spectrum, injunctive relief precluding the defendants, including their "alter ego" organization, from further communication with members of a certified class pertaining to the subject matter of the asserted claims without prior court approval Id. at 675. Plaintiff also requested that it be allowed to promulgate a "corrective statement" to counter what plaintiff characterized as prior, misleading communications. Id.

The trial court concluded that the pamphlet was misleading because it did not indicate the connection between the association and the litigation. The court further found it had "broad authority" under Rule 23(d) to exercise control over a class action and to issue orders to "prevent abuse of the class action process." The court thus granted plaintiff's request, in part, limiting all further "direct or indirect" communication with the class members and further requiring that future communications by the association contain a five-paragraph "notice" of the connection between the organization and the defendants. The trial court did not, however, require the promulgation of "corrective" communications, as also requested by plaintiff.

The Court of Appeals vacated the district court's order. The Court acknowledged that "misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process," but further noted that even in the context of a certified class action, "orders regulating communications between litigants ... pose a grave threat [and] must be exercised within the bounds of the first amendment and the Federal Rules." Id. at 680. Although the court agreed that limits on communication may be appropriate in certain

5

circumstances to ensure the fairness of the proceedings, it held a court is required to enter only "a carefully drawn order that limits speech as little as possible consistent with the rights of the parties under the circumstances." Id.

The court of appeals agreed with the district court that the communication at issue was "misleading as to its objectivity and neutrality." Id. at 683. The court nevertheless found the order of the district court was impermissibly overbroad and lacking a sufficient basis for imposing extraordinary relief. Id. at 684. The Court thus vacated the order and remanded the case to the district court. Id.

Kleiner v. First National Bank of Atlanta, 751 F.2d 1193 (11th Cir. 1985), also arose out of communications between a class defendant and members of a certified class. In that action, the district court had "certified certain contract claims for class action treatment." Id. at 1196. The district court thereafter also issued a protective order, precluding the defendant from "badgering class members by taking their depositions" and further directed the defendant not to engage in unilateral contacts with class members. Id. A month later, the district court entered a class notice order, specifying the nature and content of notices to be sent to class members. Id. at 1197. Shortly thereafter, while the district court Judge was on vacation, and notwithstanding the prior orders, the defendant began to massive campaign to solicit class exclusion requests from class members, as a means to reduce its potential liability and to limit the adverse publicity the litigation had caused. Id.[4]

---

[4] The decision in Zarate v. Younglove, 86 F.R.D. 80 (C.D. Ca. 1980), which plaintiff notes was cited in Kleiner, involved an attempt to limit contacts by plaintiff class representatives and their counsel with potential members of the class. The appellate court reversed the order, finding that prior to the stage of class litigation where class notice is appropriate, severe constraints imposed by the First Amendment prevent a court from instituting a "prior approval process." 86 F.R.D. at 102,105.

6

The appellate court addressed "the lower court's authority under the federal rules or statutes to forbid defense contacts with the plaintiff class for the purpose of eliciting exclusion requests." Id. at 1201.[5] The appellate court concluded that unilateral, unsupervised contacts between a class defendant and members of the certified class, for the purpose of soliciting opt-outs, presented a strong likelihood of undermining the purposes and effectiveness of the class action rules. Id. The appellate court found the orders were narrowly drawn to limit only communications which related directly to the litigation and thus did not violate First Amendment protection. Id. at 1206. The appellate court also found the conduct at issue violated the protective and notice orders previously entered by the district court. Id. at 1207. The appellate court thus affirmed certain of the sanctions imposed on the defendant and defense counsel as a result of the scheme fostered by the class action defendant to solicit opt-outs by members of the certified class.[6]

Unlike the contexts presented and parties whose conduct was at issue in the School Asbestos and Kleiner actions, CCN is not a class action defendant, no class claim has been asserted against CCN and no class has been certified in this action. None of the cases relied

---

[5] The propriety of the injunctive relief was rendered moot by a subsequent settlement of the underlying dispute and was not reviewed on appeal. The appellate court addressed scope and nature of the communication limitations, however, in the context of reviewing the sanctions.

[6] The decision of the United States Supreme Court in Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981) is cited in both the School Asbestos and Kleiner decisions relied upon by plaintiff. In Gulf Oil, the defendant sought an order prohibiting the named plaintiffs and their counsel from communicating with class members without prior court approval. In response, the district court entered an order which imposed a complete ban on all communications between parties or their counsel and any actual or potential class member who was not a formal party. The Supreme Court reversed, finding the district court had exceeded its authority under the Federal Rules by entering the order. The Supreme Court found the record did not reveal either the necessary inquiries nor the existence of circumstances justifying imposition of the extraordinary relief granted by the district court. Id. at 100-04. The Supreme Court made a point of noting it had limited its analysis to the particular situation presented -- "involving a broad restraint on communication with class members." Id. at 104, n. 21.

7

upon by plaintiff support imposition of an injunction precluding CCN from exercising its First Amendment rights in such circumstances. Nor do the authorities proffered by plaintiff even remotely support his request for his proposed "curative" letter, itself flawed and misleading. Consequently, plaintiff has failed to provide any basis for this Court to impose extraordinary relief against CCN, or by extension against Allstate, and plaintiff's motion must be denied.

III.    Even If Some Relief Were Warranted, The Nature Of The Relief Requested By Plaintiff Is Impermissibly Overbroad And Unwarranted

There is no suggestion, nor could there be, that Allstate or any other insurer played any role in preparing or disseminating the letters at issue. Nor does plaintiff dare to suggest that Allstate somehow participated in the decision to end Larusso's participation in the CCN network. Plaintiff nevertheless seeks this court's mandate that he be allowed to distribute a "corrective" communication that, itself, would be flawed and misleading. The requested communication, as proposed, would purport to advise CCN's customers "of the pendency of these class actions. ... that courts have already determined that PPO reductions are illegal, and ... that the Eleventh Circuit has found that the improper use of PPO reductions damages insureds as well as the healthcare providers." Motion at 12. The proposed "corrective" letter, however, is itself inherently misleading,[2] furthers no demonstrable interest of plaintiff, has the potential to prejudice Allstate's litigation and business interests, as well as that of CCN. None of the cases

---

[2]    As Allstate previously pointed out, plaintiff bases his grave accusations of deceitful, concerted conduct on a purported parade of horrors which he calls a "silent PPO." However, there is nothing inherently fraudulent or wrongful about agreements by which medical care providers agree to accept negotiated rates for their services in certain circumstances, even in the absence of patient steering requirements.  First Health Group Corp. v. United Payors & United Providers, Inc., 95 F. Supp. 2d 845, 846-47, 849-50 (N.D. Ill. 2000) (a "PPO does not have a fixed definition which includes a steering requirement"). The contractual rights which apply to plaintiff and Allstate are the only things at issue here.  Cf., HCA Health Serv. of Georgia v. Employers Health Ins. Co., 22 F. Supp. 2d 1390 (N.D. Ga. 1998)(whether discounts applied were

8

cited by plaintiff even remotely supports plaintiff's desire to disseminate court-sanctioned propaganda of this type.

Consequently, even assuming that some intervention by the Court is warranted by CCN's communication, the relief requested by plaintiff is overbroad and unjustifiable under the circumstances and should be denied. See, e.g., In re School Asbestos Litigation, 842 F.2d at 681.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to the attorneys on the service list, this _10th_ day of August, 2001.

_David B. Shelton_

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 920-7241
Attorneys for Defendant

DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Defendant

625110

---

appropriate is based on the terms of the applicable contract). No Florida appellate court, moreover, has concluded that such a practice violates the PIP statute or otherwise is illegal.

9

**MASTER SERVICE LIST**

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Robin Corwin Campbell, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Douglas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Allstate**

David B. Shelton, Esq.
RUMBERGER, KIRK & CALDWELL
Post Office Box 1873
Orlando, Florida 32802-1873

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**Counsel for Beech Street and ADP**

Thomas Tew, Esq.
Joseph A. DeMaria, Esq.
Mindy L. Pallot, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
William E. Adams, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esq.
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Prudential**

John D. Adcock, Esq.
Richard M. Wyner, Esq.
Jeffrey M. Klein, Esq.
M. David Dobbins, Esq.
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy Johnson Maus, Esq.
Eric Zivitz, Esq.
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for Superior**

Alan J. Nisberg, Esq.
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for American International**

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021