IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 00-6061-CIV-FERGUSON

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant and Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK,

Third-Party Defendant.

NICHT BOX
FILED
SEP - 6 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## CCN MANAGED CARE, INC.'S MOTION TO PRECLUDE
## THE UNAUTHORIZED COMMENCEMENT OF MERITS DISCOVERY

Third-Party Defendant CCN Managed Care, Inc. ("CCN"), pursuant to Rule 26(c) and pursuant to the various orders and procedural requisites, cited below, which preclude the commencement of merits discovery at this time, moves for the entry of an order precluding the commencement of merits discovery in this case and in any other potentially consolidated PPO reduction litigation involving CCN. In support of this motion, CCN states:

1. On May 14, the Court indicated that it was inclined to grant plaintiff's motion to consolidate this action with six other pending "PPO reduction" cases for pre-trial purposes. However, to date no order of consolidation has been entered. Accordingly, though Plaintiff's counsel purports to act as though the cases have in fact been consolidated, the parties have no understanding as to how any consolidated cases will be administered.

163

2. Plaintiff's counsel has noticed the deposition of Mr. Gavin Meshad for September 11, 2001, in Sarasota.[1]   Mr. Meshad is a former CCN executive.  This notice and a deposition subpoena to Mr. Meshad were served over the objection of defense counsel in the (presumably) consolidated cases *and in direct violation of at least one prior order of this Court*, i.e. the Court's order of January 24, 2001.

3. There are a number of matters which simply have to be resolved before discovery can appropriately commence in any consolidated litigation, both by rule and as a matter of common sense.  Many of these items would fall generally within the parameters of the discovery conference and report required by Rule 26(f) and Local Rule 16.1, neither of which has yet been complied with in the (presumably) consolidated litigation.

4. Accordingly, CCN moves for the entry of an order preventing Plaintiff's premature deposition of Mr. Meshad for the following reasons:

   (a) By order dated January 24, 2001, this Court stayed merits discovery in the above-styled *Zidel v. Allstate v. CCN* litigation (the "*Zidel*" case) pending, among other things, resolution of class certification issues.  To date no motion for class certification has even been filed, let alone resolved;

   (b) In the *Larusso v. Liberty Mutual and CCN* litigation (the "*Larusso*" case, which is assigned case no. 00-7692), CCN's partially unopposed motion to stay discovery pending, among other things, resolution of class certifications issues, is fully briefed but not yet decided by the Court.  The same bases for staying merits discovery in the *Zidel*

---

[1] The notice of deposition bears the *Zidel v. Allstate v. CCN* case style and case number (00-6061), and thus the instant motion is filed in that case. However, Plaintiff initially purported to set the deposition in all consolidated cases, and later announced that he was setting the deposition in just two consolidated cases -- the above-styled *Zidel v. Allstate v. CCN* case and the *Larusso v. Liberty Mutual and CCN* case (case no. 00-7692). Accordingly, CCN requests the entry of appropriate relief in at least the *Zidel* and *Larusso* cases, as well as any other case to which the Court's mandate might be applicable.

2

case pending class certification warrants granting the motion in *Larusso*. No proceedings have been held on certification, and the parties thus have no idea whether they are litigating a claim that is limited to this plaintiff or a claim involving network providers all across the state;

(c) In addition, CCN's partially unopposed motion to stay discovery also asked the court to stay discovery pending resolution of CCN's motion to dismiss, *and Plaintiff agreed to this portion of the motion.* CCN's motion to dismiss has not even been filed yet, let alone resolved;[2]

(d) Neither of the plaintiffs in either the *Zidel* or *Larusso* cases have complied with their Rule 26(a) disclosure requirements. It would be unfairly prejudicial -- and a violation of the Rules -- for them to commence merits discovery without having themselves complied with their preliminary disclosure obligations;

(e) In the *Larusso* case, CCN's motion for more definite statement is fully briefed but not yet decided by the Court. Among other things, the motion addresses the fact that the complaint does not even identify what contract CCN is alleged to have breached, or whether Plaintiff even has a contract with CCN. **How can CCN participate in merits discovery at this point, when the complaint does not even identify what contract is at issue?** By order dated April 3, 2001, the Court has already relieved CCN of its Rule 26(a) disclosure obligations as a result of these shortcomings. The same result is mandated here;

---

[2] CCN's motion for more definite statement is fully brief but not yet decided. CCN's motion to dismiss would likely be filed after a ruling on the motion for more definite statement, unless Plaintiff files a more definite complaint that is not subject to challenge under Rule 12(b).

3

(f)   Though motion practice has been (or should be) on hold as consolidation issues are resolved, CCN intends to file a motion to compel arbitration in the *Zidel* case. As mentioned, the *Larusso* complaint does not clearly indicate what contract is at issue. If and to the extent the Plaintiff in that case seeks to represent a class of providers who have signed the CCN provider agreement (as opposed to, e.g., some form of successor liability for another company), CCN will be moving to compel arbitration in that case as well. Merits discovery is absolutely inappropriate where, as here, the Plaintiff has no right to litigate in the first place;

(g)   No order of consolidation has been entered, and thus the parties to the various PPO reduction cases have no idea how any consolidated cases will be administered, or even <u>what</u> cases will be consolidated. Nevertheless, Plaintiff's counsel has purported (in correspondence) to set the Meshad deposition in some -- but not all -- of the consolidated cases.[3] Given the absence of any direction from a consolidation order, no one has any idea what this "piece-meal" setting means (e.g. are all counsel welcome to attend, and if not who is excluded and what authority is there to exclude them, etc.). The announcement by Plaintiff's counsel that he intends to set this deposition in two separate cases, but only those two, highlights the need to await the entry of an order resolving consolidation logistics prior to undertaking merits discovery.[4]

(h)   While some parties have traded e-mail discussing a proposed consolidation order, the parties to the (presumably) consolidated litigation have neither

---

[3] The notice bears the caption of the *Zidel v. Allstate* case. However, by e-mail dated August 14, 2001, Plaintiff's counsel stated that "I am scheduling the deposition of Mr. Meshad in the *Zidel v. Allstate* and *Larusso v. Liberty Mutual* cases".

[4] CCN is not advocating for the inclusion of all parties from all cases, but rather pointing out the confusion engendered by Plaintiff's attempt to initiate merits discovery at this point. CCN continues to believe that

4

engaged in the discovery conference required by Rule 26(f) nor submitted the conference report and order required by Local Rule 16.1. Discovery is not authorized prior to accomplishing those tasks;

(i) Finally, the parties to the consolidated proceedings include both CCN's insurance company clients and its competitors in the network administration industry. Absent the entry of a suitable order limiting disclosure of confidential information to outside counsel only, counsel for CCN's competitors should not be allowed to attend the deposition at all, and counsel for CCN's clients should not be allowed to attend when its relationship with other clients is discussed. Plaintiff's counsel themselves have suggested this remedy. These issues should be rectified by the consolidation order and/or case management order when and if it is entered.

5. Plaintiff will not be unfairly prejudiced by delaying Mr. Meshad's deposition. First, it was Plaintiff's insistence on consolidation -- over defense objections -- that caused these difficulties in the first place. Second, Plaintiff's attorneys have already deposed Mr. Meshad for a full day in another case pending in state court. That deposition, though taken in a case in which defendant Allstate was not a party, included no less than twenty-nine references to Allstate, the defendant in the *Zidel* case, and the CCN/Allstate relationship, as well as extensive questioning on the relationship between CCN and its network providers such as the Plaintiff.[5] Accordingly, Plaintiff has no pressing need to take this deposition at this point, since his attorneys already have the factual knowledge acquired in the other deposition.

---

consolidation of these various cases, involving different parties (including business competitors) and different contracts, is unwarranted and creates far more problems than it solves.

[5] The plaintiffs in that state litigation were Dr. Zidel's professional association and one of his partners.

5

## MEMORANDUM IN SUPPORT

### I.
### INTRODUCTION

Plaintiff's attempt to commence merits discovery via the deposition of Gavin Meshad in some – but presumably not all – of the consolidated cases is inappropriate. Prior orders of this Court prohibit merits discovery from proceeding at this time. Prior agreements between counsel prohibit merits discovery from proceeding at this time. The Federal Rules of Civil Procedure expressly prohibit merits discovery – or any other discovery – from proceeding at this time. Reason and common sense dictate that discovery in this action not go forward at this time pending resolution of numerous outstanding motions and other issues in this litigation. In short, plaintiff's efforts are wholly unsupported by either law or logic and CCN therefore respectfully requests that the Court enter an order staying discovery in this action and any other similar litigation involving CCN.

### II.
### ARGUMENT

**A.   Plaintiff's efforts to commence discovery violate this Court's prior order.**

On January 24, 2001, the Court entered its Omnibus Order on Pending Motions in *Zidel*, which, among other dispositions, granted Allstate Insurance Company's Motion to Stay Discovery. Allstate's motion sought to stay discovery entirely or to limit it to issues relating to class certification. *See* Omnibus Order on Pending Motions, a copy of which is contained in CCN's Appendix of Exhibits as Exhibit A[6]. The Court's Omnibus Order granted Allstate's motion *in toto*, staying discovery in the *Zidel* action until the resolution of the then-pending motions to dismiss and, in any event, restricting discovery to class certification issues. *See id.*

---

[6] CCN's Appendix of Exhibits is being filed under separate cover. All references to exhibits in CCN's motion refer to exhibits contained with CCN's Appendix of Exhibits.

6

To date, no orders have issued on the pending motions to dismiss. Though the Court indicated its inclination to deny certain motions to dismiss at the May 14 hearing, the Civil Minutes from the May 14 hearing state "M. Dismiss DENIED as to Lanham Act claims ... Order Staying Discovery is LIFTED." *See* Exhibit B. Defendants, relying on the accuracy of the Civil Minutes, understand the Court's rulings to deny only those motions addressing Lanham Act claims – none of which are asserted in *Zidel* – thereby permitting discovery as to those claims only. *See* Exhibit B. No order has issued relating to the motions to dismiss in *Zidel* and there is no reason for the parties to reasonably believe that the Court intended to modify its prior order staying discovery in this case.

Additionally, regardless of the status of the motions to dismiss in this action, the Court's order expressly stayed all merits discovery pending the resolution of plaintiff's motion for class certification. *See* Exhibit A. The Court has not ruled on class certification; in fact, plaintiff has not even filed a motion for class certification in the *Zidel* action. Mr. Meshad is not expected to be deposed on issues relating to class certification, but in instead expected to testify exclusively on the merits of this action.

As such, the Court's order in staying discovery in this matter is still in effect. Plaintiff cannot proceed with discovery until the Court rules on the pending motions to dismiss and, in any event, cannot commence merits discovery until after the Court rules on plaintiff's not-yet-filed motion for class certification. *See* Exhibit A. As there is no indication that the Court has reached any determination on the motions to dismiss in *Zidel*, plaintiffs' attempt to depose Mr. Meshad violates both elements of this Court's prior order and the agreement of the parties and the Court should enter an order quashing the subpoena to Mr. Meshad and precluding any further discovery efforts until the Court rules on Defendants' pending motions.

**B.     Plaintiff's attempt to commence discovery violates the agreement between counsel to stay all discovery pending the resolution of CCN's motion to dismiss.**

To the extent that plaintiff seeks Mr. Meshad's deposition for use in the *Larusso* case, his attempt to proceed with discovery violates an agreement between counsel to stay discovery until the Court rules on CCN's motion to dismiss, which has not yet been filed. On April 6, 2001, CCN filed its Partially Unopposed Motion to Stay Discovery. Prior to filing its motion, CCN contacted counsel for plaintiff, who agreed to the entry of an order staying "all discovery until the resolution of any motions to dismiss" in the *Larusso* litigation. *See* CCN's Partially Unopposed Motion to Stay Discovery at Certificate of Conference at 6, a copy of which is attached as Exhibit C. Though the Court has not yet ruled on this motion, by agreement, all discovery in *Larusso*, merits or otherwise, is stayed pending the filing and resolution of all parties' motions to dismiss.

CCN has not yet filed its motion to dismiss in *Larusso*. Because plaintiff's complaint failed to identify the contract at issue in the *Larruso* case, CCN is unable to form a response to the allegations made against it, necessitating CCN's Motion for More Definite Statement, which was filed on January 31, 2001 and remains pending before the Court. Thus, CCN has not yet even had the opportunity to file its motion to dismiss and cannot do so until plaintiff repleads to identify the contract at issue. Because CCN cannot file a motion to dismiss until it is apprised of the nature of the claims against it, plaintiff's counsel's agreement to stay discovery until the resolution of all motions to dismiss remains in force. Thus, to the extent that Mr. Meshad's deposition is sought for use in the *Larusso* litigation or in any case combined with *Larusso*, plaintiff cannot proceed without breaching his counsels' prior agreement with CCN.

8

### C.  Undertaking any discovery for use in the *Larusso* case will be highly prejudicial until plaintiff identifies the contract at issue in that case.

Though plaintiff's counsel noticed Mr. Meshad's deposition in the *Zidel* case, plaintiff's counsel has indicated his intent to use any testimony received from Mr. Meshad in both *Zidel* and *Larusso*. As discussed above, CCN's motion for more definite statement remains pending. Plaintiff in the *Larusso* case claims to have some relationship with CCN, but he fails to specifically identify any contract allegedly existing between himself and CCN. As CCN argues more completely in its motion, CCN has been unable to locate any contracts between plaintiff and CCN prior to the date the *Larusso* action was commenced. Plaintiff in *Larusso* did have a contract with Medview, a predecessor to CCN, but, as noted in CCN's motion, the contracts used by Medview and CCN contain dramatic differences and it would be improper for a provider who executed one contract with one of these entities to represent a class consisting of providers who executed a different contract with a different entity.

The confusion created by plaintiff's refusal to identify the contract at issue places CCN at an extreme disadvantage in any discovery proceedings. CCN cannot yet determine what issues are involved in its defense and cannot even determine whether Mr. Meshad's testimony is at all relevant to the instant action as he was not employed by Medview and has little, if any, information relevant to claims under a Medview contract. Because commencing discovery before the contract at issue in *Larusso* would severely prejudice CCN, the Court should enter an order staying discovery and preventing Mr. Meshad's deposition from going forward.

### D.  Plaintiff's attempt to commence discovery violates Fed. R. Civ. P. 26(f).

As the Court is aware, the *Zidel* case was consolidated with six other actions pursuant to the Court's oral ruling at the hearing on plaintiffs' motion on May 14. The Court indicated that the seven cases would be consolidated for "discovery and pre-trial procedures." *See* Exhibit B.

9

Though the parties to some of the individual cases held scheduling conferences in regards to those individual actions, no such conference has occurred in the consolidated matter as required by Fed. R. Civ. P. 26(f). The parties have not yet met to discuss changes to any necessary changes to discovery, to identify likely topics of discovery, to discuss the timing and structure of discovery or to resolve any of the other considerations required to be discussed by Fed. R. Civ. P. 26(f). Until Fed. R. Civ. P. 26(f)'s requirements are satisfied, Fed. R. Civ. P. 26(d) – which provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) – precludes plaintiffs from proceeding with discovery.

### E.  Plaintiff has not yet complied with Fed. R. Civ. P. 26(a).

Though the current plaintiff has been involved in this proceeding since June 30, 2000, plaintiff has not yet made his initial disclosures pursuant to Fed. R. Civ. P. 26(a). Plaintiff's insistence on immediately commencing discovery in this action rings hollow; plaintiff seeks to take discovery from CCN immediately, but has not yet provided even the most basic information about his own claims. Plaintiff must be required to comply with this fundamental obligation before expecting Defendants in this action to participate; it would be both inequitable and prejudicial to CCN to permit plaintiff to move forward without satisfying his own threshold discovery obligation.

### F.  Discovery is inconsistent with plaintiff's agreement to arbitrate.

Plaintiff's claims in this litigation are directly related to his contract with CCN in which plaintiff agreed to submit any claims concerning his status as a CCN provider to arbitration. In his Provider Agreement with CCN, plaintiff agreed:

> The sole and exclusive remedy for the resolution of any and all demands, disputes, claims or lawsuits shall be binding arbitration, as the parties do not want the delay or expense of lawsuits. The parties shall mutually agree to the appointment of an impartial arbitrator within 30 days of the written request for the

10

> appointment of any arbitrator by any party. The arbitrator must be familiar with the health care industry. In the event that mutual agreement cannot be obtained, then the American Arbitration Association shall appoint an arbitrator who is familiar with the health care industry if one can be located; and if one cannot be located, then another arbitrator shall be appointed. All arbitration proceedings shall be conducted in accord with the rules of the American Arbitration Association and the award shall be binding, final and conclusive on the parties. Any party may enforce the award rendered by the arbitrator in any court of competent jurisdiction.

Provider Agreement, at ¶ 12.02 (emphasis added), pertinent portions of which are included in CCN's Appendix of Exhibits as Exhibit D. Plaintiff's insistence on commencing discovery immediately is completely inconsistent with his prior agreement to arbitrate all disputes relating to his status as a member of CCN's managed care network; as recognized by his agreement, the parties chose to submit disputes to arbitration because they did not want to incur the delay or expense of lawsuits. CCN is currently preparing its motion to compel arbitration and expects to file it shortly. Because plaintiff agreed to submit all claims to arbitration rather than engaging in litigation to avoid the expense and delay of discovery, plaintiff should not be allowed to thwart his prior agreement by engaging in discovery at this time.

## G.  Discovery cannot commence until the scope of the consolidated litigation is known.

At this time, the exact nature of the consolidated case is unknown. No order has issued; the parties are not aware whether some or all of the seven "PPO Reduction" cases have been consolidated, preventing any party from knowing whether they are a participant in the consolidated litigation. Though the claims asserted in the individual actions are known, without an order from the Court defining the scope and purposes of consolidation, the parties are left to guess as to how to proceed. This confusion extends even to plaintiffs, who – as shown by their attempt to proceed with discovery in one case on an individual basis – cannot determine whether consolidation has occurred and to what extent any matters have been consolidated. Without an

11

order defining the consolidated litigation, no party – plaintiff or defendant – can determine the proper scope and objects of discovery, increasing the likelihood that any discovery conducted prior to the issuance of an order will need to be repeated.

This problem is exacerbated by the seven recently filed cases which plaintiffs intend to consolidate into this matter. Though plaintiffs are presumably diligently proceeding to serve the additional defendants with process, CCN is not aware of the disposition of any motions to consolidate in those actions. Assuming that plaintiffs are successful in consolidating the seven new matters with the seven existing actions, the new defendants will indubitably require that any discovery conducted prior to their appearance be repeated, including the deposition of Mr. Meshad. While plaintiffs' eagerness to prosecute their case is understandable, their zeal should not overwhelm principles of efficiency, logic, and fairness. To avoid wasting the parties' resources – not to mention the resources of the Court which will be taxed in order to resolve the discovery disputes that will arise at each step in the absence of a coherent discovery plan – the Court should quash the subpoena to Mr. Meshad and preclude further discovery until such time as all potential parties to this action are served, all cases are consolidated and a scheduling order is in place.

## H.    Mr. Meshad has been deposed previously by counsel for plaintiffs, eliminating any urgent need to proceed at this time.

Plaintiff's counsels' rush to depose Mr. Meshad belies the fact that they have already deposed Mr. Meshad at length regarding his past employment with CCN. On December 21, 2000, Lawrence Kopelman, one of the counsel for plaintiff here, deposed Mr. Meshad in relation to *Ortho Associates, P.A. d/b/a Park Place Therapeutic Center v. Nationwide Property and Casualty Insurance*, Case No. 00-12376 (52) in the County Court in and for Broward County, Florida. During the course of that five-and-a-half hour deposition, Mr. Kopelman questioned

12

Mr. Meshad in detail regarding his involvement with and knowledge of CCN's corporate procedures and policies, including the relationship between CCN and Allstate.

Despite having this deposition readily available to them, plaintiff's counsel now assert that they desperately need to proceed with discovery immediately which – at least to plaintiff – justifies a violation of the Federal Rules, orders of this Court relating to discovery, plaintiff's agreement to arbitrate and principles of judicial efficiency and economy. While CCN does not dispute that plaintiff may need to depose Mr. Meshad at some point in the future, his counsel already possesses the bulk of the information Mr. Meshad may have relevant to CCN's operations as well as significant information relating to the CCN/Allstate relationship.

There is no legitimate reason for plaintiff's desire to depose Mr. Meshad immediately – no evidentiary motions on the merits of this case are pending or threatened and no hearings are scheduled where Mr. Meshad's knowledge is needed. Put simply, plaintiff's insistence on proceeding with this deposition is not based on any impending need for information sufficient to outweigh the interests of all parties and the Court in postponing this deposition until the issues surrounding the consolidation of this matter, the arbitration clause in Dr. Zidel's agreement with CCN and the need for a scheduling order are resolved. Therefore, CCN moves the Court to quash the subpoena directed to Mr. Meshad and to enter an order precluding any further discovery efforts in this case or the consolidated litigation until such time as these issues are addressed by an order of the Court.

## I. Counsel not involved in *Zidel* should be excluded from the deposition and the access to and the use of the resulting transcript should be tightly controlled.

To the extent that plaintiffs seek to conduct Mr. Meshad's deposition exclusively in the *Zidel* case, the attendance of counsel or representatives of any party not involved in that action would be improper. Attendance and participation by counsel for Defendants in other cases

13

serves no purpose; they have no interest in the outcome of *Zidel* and any testimony Mr. Meshad may provide would be wholly irrelevant to the claims asserted against their clients in other cases. Further, the harm to CCN resulting from the attendance of counsel in other matters is likely to be extreme. CCN would be significantly harmed from the disclosure of its confidential and proprietary information to the parties in the other "PPO Reduction" cases – some of whom are CCN's direct competitors or competitors of CCN's clients. Mr. Meshad is CCN's ex-Vice President of Operations and has knowledge of CCN's confidential and proprietary business information; plaintiff's questioning will likely require him to disclose this information. Given the complete lack of any legitimate reason why any representative of any party other than those involved in *Zidel* would need to attend Mr. Meshad's deposition and the high likelihood of harm to CCN resulting from their attendance, CCN moves the Court to enter an order excluding all representatives of any party not directly involved in *Zidel* from Mr. Meshad's deposition.[7] Further, since the same harm would result from the disclosure of a transcript of Mr. Meshad's deposition or portions thereof to parties in the other "PPO Reduction" cases. CCN requests that the Court enter an order prohibiting the dissemination of the transcript of Mr. Meshad's deposition or any portion thereof to any person or entity not a party to this litigation and precluding the use of the transcript or any portion thereof in any other proceeding.

Plaintiff's effort to immediately commence discovery is improper for many reasons. Plaintiff seeks to ignore the Court's prior orders, the Federal Rules, prior agreements entered by both plaintiff and his counsel, and the dictates of reason and common sense in order to immediately commence discovery where no urgent need exists. Because proceeding with the

---

[7] CCN notes that, although a protective order excluding all unrelated parties from the instant deposition would protect CCN's business interests, it increases the chance of waste since the parties to any consolidated action will likely seek the deposition of Mr. Meshad for use in the consolidated action. The necessity for another deposition

14

deposition of Mr. Meshad violates the Federal Rules, several orders of this Court, and principles of judicial economy. CCN respectfully requests that the Court enter an order quashing the subpoena to Mr. Meshad and preventing any further attempts to commence discovery until such time as discovery can commence in compliance with the Federal Rules and the orders of this Court.

---

can be avoided by simply delaying Mr. Meshad's deposition until such time that discovery can permissibly commence in the consolidated action and following the entry of an appropriate confidentiality order.

DATED: September 5, 2001

Respectfully submitted,

McGUIREWOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
William E. Adams, Jr.
Florida Bar No. 0467080
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone:   (904) 798-3200
Facsimile:    (904) 798-3207
wdeem@mcguirewoods.com
badams@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED
CARE, INC.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to the counsel listed on the attached service list by U.S. Mail on September 5, 2001:

_____
William E. Adams, Jr.

75276.1

16

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

### Co-Counsel for Plaintiffs

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

### Co-Counsel for Plaintiffs

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

### Co-Counsel for Plaintiffs

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

### Co-Counsel for Plaintiffs

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

### Co-Counsel for Plaintiffs

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

### Co-Counsel for Plaintiffs

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 Facsimile

**Counsel for Allstate**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS REBAK KELLOGG
LEHMAN DEMARIA TAGUE
RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esquire
(305) 539-2440
jad@tewlaw.com
Mindy L. Pallot, Esquire
mlp@tewlaw.com
(305)536-8432
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esquire
fanania@anania-law.com
Donald A. Blackwell, Esquire
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
badams@mcguirewoods.com
Curt Caywood, Esquire
ccaywood@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
(904)798-3200
(904)798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Bruce A. Aebel, Esquire
baebel@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813)228-7411
(813)229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
(215)299-4314
(215)299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Prudential**

SHEA & GARDNER
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Richard M. Wyner, Esquire
Rwyner@sheagardner.com
(202) 828-2188
Jeffrey M. Klein, Esquire
jklein@sheagardner.com
(202) 828-4301
M. David Dobbins, Esquire
ddobbins@sheagardner.com
202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
202-828-2000
202-828-2195 (Facsimile)

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
Kmaus@bbplaw.com
Eric Zivitz
Ezivitz@bbplaw.com
3520 Thomasville Road
Suite 102
Tallahassee, Florida 32308.3469
850.894.4111
850.894.4999 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**
CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, *Esquire*
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

COM:74107.1