## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### Civil Action No. 00-CIV-6061 FERGUSON/SNOW

DR. PAUL ZIDEL and All Others          §
Similarly Situated,                    §
                                       §
        Plaintiffs,                    §
                                       §
v.                                     §
                                       §
ALLSTATE INSURANCE COMPANY             §
and COMMUNITY CARE NETWORK,            §
INC. d/b/a CCN,                        §
                                       §
        Defendant/Third-Party Plaintiff, §
                                       §
v.                                     §
                                       §
COMMUNITY CARE NETWORK, INC.,          §
d/b/a CCN,                             §
                                       §
        Third-Party Defendant.         §
                                       §



NIGHT BOX
FILED

SEP - 6 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL'

### CCN MANAGED CARE, INC.'S NOTICE OF FILING
### APPENDIX TO MOTION TO PRECLUDE THE UNAUTHORIZED
### COMMENCEMENT OF MERITS DISCOVERY

CCN Managed Care, Inc. ("CCN"), by and through its undersigned counsel, gives notice

of filing the appendix to CCN's "Motion to Preclude the Unauthorized Commencement of

Merits Discovery." CCN's motion was served on September 5, 2001 without the appendix and

CCN requests that the Clerk of this Court attach the appendix to the motion.

McGuireWoods LLP

By: _____

William W. Deem
Florida Bar No. 0512834
William E. Adams, Jr.
Florida Bar No. 0467080
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)
wdeem@mcguirewoods.com
badams@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED
CARE, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail on this 6 day

of September, 2001, to all counsel named on the attached service list.

_____
Attorney

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**

**Co-Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

**Co-Counsel for Plaintiffs**

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

**Co-Counsel for Plaintiffs**

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 Facsimile

**Counsel for Allstate**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS REBAK KELLOGG
LEHMAN DEMARIA TAGUE
RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esquire
(305) 539-2440
jad@tewlaw.com
Mindy L. Pallot, Esquire
mlp@tewlaw.com
(305)536-8432
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esquire
fanania@anania-law.com
Donald A. Blackwell, Esquire
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
badams@mcguirewoods.com
Curt Caywood, Esquire
ccaywood@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
(904)798-3200
(904)798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Bruce A. Aebel, Esquire
baebel@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813)228-7411
(813)229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
(215)299-4314
(215)299-4301 Facsimile

## Counsel for Florida Farm Bureau

HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

## Counsel for Liberty Mutual

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

## Counsel for Hartford, Metropolitan, Integon

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

## Counsel for Prudential

SHEA & GARDNER
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Richard M. Wyner, Esquire
Rwyner@sheagardner.com
(202) 828-2188
Jeffrey M. Klein, Esquire
jklein@sheagardner.com
(202) 828-4301
M. David Dobbins, Esquire
ddobbins@sheagardner.com
202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
202-828-2000
202-828-2195 (Facsimile)

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
Kmaus@bbplaw.com
Eric Zivitz
Ezivitz@bbplaw.com
3520 Thomasville Road
Suite 102
Tallahassee, Florida 32308.3469
850.894.4111
850.894.4999 (Facsimile)

## Counsel for Superior

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**
CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

COM:74107.1

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Civil Action No. 00-CIV-6061 FERGUSON/SNOW**

| | |
|---|---|
| DR. PAUL ZIDEL and All Others<br>Similarly Situated, | §<br>§<br>§ |
| Plaintiffs, | §<br>§<br>§ |
| v. | §<br>§ |
| ALLSTATE INSURANCE COMPANY<br>and COMMUNITY CARE NETWORK,<br>INC. d/b/a CCN, | §<br>§<br>§<br>§ |
| Defendant/Third-Party Plaintiff, | §<br>§<br>§ |
| v. | §<br>§ |
| COMMUNITY CARE NETWORK, INC.,<br>d/b/a CCN, | §<br>§<br>§ |
| Third-Party Defendant. | §<br>§<br>§ |

**APPENDIX TO CCN MANAGED CARE, INC.'S MOTION TO PRECLUDE
THE UNAUTHORIZED COMMENCEMENT OF MERITS DISCOVERY**

William W. Deem
Florida Bar No. 0512834
William E. Adams, Jr.
Florida Bar No. 0467080
McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)

Attorneys for CCN Managed Care, Inc.

1.    Omnibus Order on Pending Motions entered on January 24, 2001 in the above-referenced case.

2.    Civil Minutes dated May 14, 2001 taken in the above-referenced case.

3.    CCN's Partially Unopposed Motion to Stay Discovery served on April 6, 2001 in the case styled *Salvatore D. Larusso, D.C. d/b/a Family Chiropractic Center v. Liberty Mutual Insurance Company and Community Case Network, Inc.*, in the United States District Court, Southern District of Florida, Civil Action No. 00-7692.

4.    Pages 6 and 7 from Community Care Network, Inc.'s Professional Care Provider Agreement executed by Paul Zidel, M.D.

COM:78939 1

2

FILED by _____

JAN 2 4 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL,                                        CASE NO. 00-6061-CIV-FERGUSON
and all others similarly situated,

      Plaintiffs,

s
vs.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC.,

      Defendants.

_____/

## OMNIBUS ORDER ON PENDING MOTIONS

**THIS CAUSE** is before the Court on various pending motions. Having duly considered the

motions and pertinent portions of the record, it is

### ORDERED AND ADJUDGED that

1.    Allstate Insurance Company's Motion to Dismiss Second Amended Complaint [D.E. 108]

and Plaintiff's Motion to Compel, for Contempt, and or Sanctions [D.E. 110] are

**REFERRED** to **United States Magistrate Judge Lurana S. Snow** pursuant to 28 U.S.C.

§ 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. The

parties are notified that all subsequent pleadings regarding matters referred to the Magistrate

Judge shall be so designated by setting forth beneath the case number the identity of the

Magistrate Judge to which the matter has been referred.

2.    Allstate Insurance Company's Motion to Stay Discovery [D.E. 90] is **GRANTED**.

3.    Allstate Insurance Company's Request for Oral Argument on Motion to Stay Discovery [D.E. 91] is **DISMISSED as MOOT.**

4.    Allstate Insurance Company's Motion for Entry of a Protective Order Concerning Depositions [D.E. 104] and Allstate Insurance Company's Request for Oral Argument on Motion for Entry of a Protective Order Concerning Depositions [D.E. 105] are **DISMISSED as MOOT** pursuant to this Order's stay of discovery.

**DONE AND ORDERED** in chambers, at Ft. Lauderdale, Florida, this $24th$ day of January, 2001.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT COURT JUDGE

cc:
Lurana S. Snow, United States Magistrate Judge
Douglas A. Blankman, Esq.
David B. Shelton, Esq.
Carlin Phillips, Esq.
Arthur S. Gold, Esq.
William W. Deem, Esq.
Peter J. Valeta, Esq.
Jeb T. Branham, Esq.

2

of PH. has filed 7 more related cases



FILED by _____ B.C.

MAY 1 4 2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HONORABLE WILKIE D. FERGUSON, JR.

00 - 6649
00 - 6 061      **CIVIL MINUTES**
00 - 7163   01 - 8108
1.    Case No. 01 - 8110   00 - 2692          Date: 5/14/01

2.    Style: PPC Reduction Cases

3.    Plaintiff's Counsel: Eric Lee, Douglas Blankman

4.    Defendant's Counsel: Bob Levenson, David Shelton, Don Blackwell,
                            Joe Dollaria, Casey Lafee
5.    Type of Proceeding: Pretrial Conference

6.    Result of hearing:        Motion Granted          Motion Denied
                                    ☐                      ☐

7.    Case Continued to:_____ Trial Set for_____ 6/17/02

8.    Does the case require mediation?_____

Notes ① M/2 Consolidate → common issue(s)/facts, protective order
will take care of competitive Defs.; Resp → TT's must prove
indiv. reliance, different (R GRANTED) for discovery +
pre-trial procedures (pties may move for a protective order)
② M. to Dismiss DENIED as to Lanham Act claims
01-8108 arg. diff. b/c TT sued w/ing pty (Rvw motions indp.)
③ Order Staying Discovery is LIFTED
00-6061
01-8110 → M/2 Compel Arbitration in these 3 cases
00-7692
Law Clerk:      Tori Monroe      ④ Divide into sub-classes?
                                    Rvw 11th Cir. cases
Courtroom Deputy: Troy Walker Delores
Courtroom Reporter: Paul Halerling Anita  ⑤ File all cases in lowest
                                          Case #

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 00-7692-CIV-FERGUSON

SALVATORE D. LARUSSO, D.C d/b/a FAMILY
CHIROPRACTIC CENTER. on behalf of himself
and all others similarly situated.

      Plaintiff.

v.

LIBERTY MUTUAL INSURANCE COMPANY
and COMMUNITY CARE NETWORK. INC.,

      Defendants.

_____

## CCN'S PARTIALLY UNOPPOSED MOTION TO STAY DISCOVERY

Defendant, CCN Managed Care, Inc., moves for the entry of an order staying its merits discovery obligations in this matter until the later of (i) per CCN's agreement with plaintiff. the date on which plaintiff's claims survive a motion to dismiss or (ii) the date on which class certification is resolved. CCN would anticipate that class certification discovery could proceed according to the rules. In support of the motion, CCN states:

## I.
## FACTUAL BACKGROUND

Plaintiff initiated this action on November 15, 2000, by filing his Class Action Complaint. asserting claims against CCN and Liberty Mutual Insurance Company. Plaintiff seeks to represent a class of health-care providers who contracted with CCN to participate in CCN's provider networks, which CCN markets to insurers. employers, and other entities who seek to offer discounted medical services to insureds or beneficiaries.

CCN filed its motion for more definite statement on January 31 because of plaintiff's failure to identify the contract he allegedly entered with CCN. CCN is unable to locate any contracts between itself and plaintiff, but it appears that plaintiff may have contracted at one point with CCN's predecessor company, Medview. This distinction is important. The standard-form contracts of Medview and CCN are materially different. Accordingly, the question of which contract is at issue will make a material difference in the merits of this case. Moreover, plaintiff seeks to represent a class consisting of CCN providers; if plaintiff contracted only with Medview, it would be inappropriate for him to serve as class representative here due to fundamental differences between the contracts.

On February 8, 2001, plaintiff filed his Motion to Consolidate All Pending PPO Reduction Class Actions, which asks the Court to revisit its prior rejection of attempts to consolidate multiple unrelated class actions and to consolidate seven different class actions. Plaintiff's motion remains before the Court.

Plaintiff has agreed to the entry of an order staying discovery until the Court resolves all parties' motions to dismiss. However, as the issue of class certification is likely to be as determinative of this litigation as the motions to dismiss-- and will have a significant impact on the scope of discovery -- CCN also requested an agreement to stay merits discovery pending resolution of class certification issues. Plaintiff refused, necessitating the instant motion.

## II.
## ARGUMENT AND AUTHORITIES

Fed. R Civ. P. 26 gives the Court broad discretion to determine the timing and scope of discovery. This expansive power is no different in class action litigation, where the determination of "[w]hether discovery will be permitted in connection with a motion for a class certification determination 'lies within the sound discretion of the trial court.'" *Stewart v. Winter,*

2

669 F.2d 328, 331 (5th Cir. 1982). The Fifth Circuit recognized the value of postponing discovery on the merits until after a class certification decision in *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, (11th Cir. 1992). "To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits." *Id.* at 1570-71. Postponing merits discovery in this action is appropriate not only because of the pending motion for consolidation, but because of the specific factual grounds involved in this action.

If plaintiff is permitted to go forward with classwide merits discovery prior to certification, denial of certification will largely render the parties' discovery efforts useless. The risk of wasting resources to locate, gather, review and produce responsive information -- a process that is likely to be extensive and expensive given the size of the putative class and the expansive discovery already served by plaintiff -- is not outweighed by the minimal prejudice to plaintiff in delaying discovery[1].

Plaintiff opposes this motion on the grounds that plaintiff's individual claims will survive even if certification is denied and that plaintiff will be entitled to proceed with discovery at that time. However, any discovery plaintiff would be entitled to conduct as an individual would be vastly different in scope than discovery on a class-wide basis. Plaintiff's currently outstanding discovery goes far beyond the scope of plaintiff's individual claims, seeking production of broad categories of documents such as "[a]ny and all agreements or contracts between CCN and any health care provider in Florida" and "[a]ny and all documents evidencing or reflecting income generated by CCN from any agreement or contract between CCN and Liberty Mutual." *See*

---

[1] Plaintiff seeks to represent a statewide class of health-care providers. Merits discovery on a class-wide basis will be an enormous undertaking, and one which should therefore not be undertaken until the need for it is established.

Plaintiffs' First Request for Production of Documents to Defendants at Request Nos. 6 and 8. While this discovery might possibly be proper if the putative class were certified, it is far too broad to survive objections if it is sought in support of plaintiff's individual claims.

Further, if the class is not certified, the amount in controversy in this matter will be dramatically reduced, impacting the amount of resources the parties would commit to the litigation and possibly leading to the resolution of this action without further litigation. Plaintiff's claims seek to recover the difference between plaintiff's usual and customary fees and discounted rates he agreed to accept from CCN's clients. The damages recoverable in an individual action by plaintiff are likely to amount only to a few hundred dollars. By way of example, plaintiff attached a bill submitted to Liberty Mutual for his services and Liberty Mutual's explanation of benefits form and draft to his Class Action Complaint as exhibits. Plaintiff submitted a claim to Liberty Mutual for $550.00; after applying the CCN discount, Liberty Mutual tendered payment in the amount of $431.95, for a difference of $118.05. It makes no sense to proceed with statewide discovery if this is representative of the total amount at issue.

An additional risk arises based on the demonstrated willingness of plaintiff's counsel to abandon a putative class representative after unfavorable facts are brought to light regarding the representative's fitness to serve. *Zidel v. Allstate Ins. Co.*, Civil Action No. 00-CIV-6061-FERGUSON, which is also pending before this Court, was formerly known as *Napoli v. Allstate*; plaintiff's counsel substituted Dr. Zidel for the initial putative class representative, Dr. Napoli, after Dr. Napoli's deposition. As a result of this abrupt change in direction -- a change whereby plaintiff's counsel not only substituted one plaintiff for another but also dropped the original defendants and added new defendants and dropped one contract in order to pursue claims based

4

on another -- the scope and focus of discovery significantly changed. The waste resulting from such a change would be significant; contrarily, the prejudice to plaintiff by delaying all discovery until after certification would be minimal.

Further, a dispute exists regarding the propriety of plaintiff's representation of a class of CCN providers. As discussed above, it is currently unknown whether plaintiff contracted with CCN or with Medview, a predecessor of CCN. If it is determined that plaintiff contracted with Medview and not CCN, the scope of proper discovery would be significantly reduced, as only matters relating to Medview would be relevant. Again, permitting merits discovery to proceed prior to the resolution of this issue exposes the parties and the Court to the risk of waste of significant amounts of time, effort and money.

Finally, the Court has granted similar relief in other cases involving class allegations arising from provider management contracts. In *Zidel v. Allstate Ins. Co.*, the Court completely stayed all discovery. *See* Omnibus Order on Pending Motions dated January 24, 2001, a true and correct copy of which is attached. The Court also stayed discovery on similar conditions in *Browner v. Allstate Ins. Co.*, Civil Action No. 00-7163-CIV-FERGUSON (docket no. 39) and *Brickell v. Progressive Express Ins. Co.*, Civil Action No. 00-CIV-6649-FERGUSON (docket no. 86). Plaintiffs' pending Motion to Consolidate represents that the *Zidel, Browner* and *Brickell* cases are "virtually identical;" it follows that staying discovery in this action would also be appropriate.

Therefore, in order to minimize the risk that the parties will expend their litigation resources unnecessarily conducting unnecessary discovery, CCN respectfully requests that the Court grant its motion and enter an Order staying discovery in this matter until the later of the

5

Court's determination of all motions to dismiss or the certification of the putative class representation, and for such other and further relief to which CCN may be justly entitled.

Respectfully submitted,

McGuireWoods LLP

By: _____

William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone:    (904) 798-3200
Facsimile:    (904) 798-3207
E-Mail:    wdeem@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED
CARE, INC.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he spoke with Eric Lee, counsel for plaintiff, on March 5, 2001, regarding the above motion. Plaintiff is unopposed to a stay of all discovery until the resolution of any motions to dismiss in this action, but is opposed to a stay of merits discovery pending class certification.

_____

William E. Adams, Jr.

## CERTIFICATE OF SERVICE

I certify that that a true and correct copy of the foregoing was delivered to the below-named counsel by U.S. Mail on April 6, 2001.

Jan Douglas Atlas. Esq.
Eric Lee. Esq.
Atlas Pearlman. P.A.
350 East Las Olas Blvd., Ste. 1700
Fort Lauderdale. FL 33301

Arthur Gold. Esq.
Gold & Coulson
11 S. LaSalle St.. Ste. 2500
Chicago, IL 60603

Phillips & Garcia. LLP
13 Ventura Drive
North Dartmouth, MA 02747

Kopelman & Blankman. P.A.
Bank of America Tower
One Financial Plaza. Suite 1611
Fort Lauderdale. FL 33394

Mark S. Shapiro. Esq.
Akerman, Senterfitt & Eidson, P.A.
SunTrust International Center. 28th Floor
One Southeast Third Avenue
Miami, FL 33131-1704

William W. Deem

JAC 2615 CCN Larusso Plead verified mot to stay discovery doc

7



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL.                                        CASE NO. 00-6061-CIV-FERGUSON
and all others similarly situated.

Plaintiffs.

s
vs.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK.
INC..

Defendants.
_____/

## OMNIBUS ORDER ON PENDING MOTIONS

**THIS CAUSE** is before the Court on various pending motions. Having duly considered the

motions and pertinent portions of the record, it is

### ORDERED AND ADJUDGED that

1.    Allstate Insurance Company's Motion to Dismiss Second Amended Complaint [D.E. 108]

and Plaintiff's Motion to Compel, for Contempt, and or Sanctions [D.E. 110] are

**REFERRED** to **United States Magistrate Judge Lurana S. Snow** pursuant to 28 U.S.C.

§ 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. The

parties are notified that all subsequent pleadings regarding matters referred to the Magistrate

Judge shall be so designated by setting forth beneath the case number the identity of the

Magistrate Judge to which the matter has been referred.

2.   Allstate Insurance Company's Motion to Stay Discovery [D.E. 90] is **GRANTED**.

3.   Allstate Insurance Company's Request for Oral Argument on Motion to Stay Discovery

[D.E. 91] is **DISMISSED as MOOT.**

4.   Allstate Insurance Company's Motion for Entry of a Protective Order Concerning

Depositions [D.E. 104] and Allstate Insurance Company's Request for Oral Argument on

Motion for Entry of a Protective Order Concerning Depositions [D.E. 105] are **DISMISSED**

**as MOOT** pursuant to this Order's stay of discovery.

**DONE AND ORDERED** in chambers, at Ft. Lauderdale, Florida, this _____ day of

January, 2001.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT COURT JUDGE

cc:
Lurana S. Snow, United States Magistrate Judge
Douglas A. Blankman, Esq.
David B. Shelton, Esq.
Carlin Phillips, Esq.
Arthur S. Gold, Esq.
William W. Deem, Esq.
Peter J. Valeta, Esq.
Jeb T. Branham, Esq.

8.03 **Extended Insurance.** In the event Provider terminates this Agreement for any reason whatsoever, or if Provider changes insurance carriers, Provider agrees to maintain malpractice insurance coverage in the amount required under Section 8.01 of this Agreement for all Health Care Services or Benefits provided to Beneficiaries or Claimants until the statutes of limitation expire for the filing of malpractice claims pertaining to those Health Care Services or Benefits. Such insurance coverage may take the form of an "occurrence" policy covering claims made for services rendered no matter when the claims are filed, ongoing "claims made" insurance covering all claims filed during the period when the insurance is in force, or "tail insurance" coverage if the Provider cancels his/her "claims made" coverage.

## 9. ADMINISTRATIVE MANUAL

9.01 Provider agrees to comply with the requirements and procedures set forth in the Administrative Manual for Participating Providers ("Administrative Manual") which CCN shall provide for use by Provider, and the provisions of the Administrative Manual (as it may be amended by CCN in its sole discretion from time to time) are incorporated herein by this reference. CCN will distribute the Administrative Manual or any amendments to the Administrative Manual to Provider at least thirty (30) days prior to implementation or amendment. Notwithstanding Section 10.01 of this Agreement, any such amendment shall be effective thirty (30) days after such amendment has been distributed to Provider. The Administrative Manual shall cover administration of this Agreement, Utilization Review/Quality Assurance Program, minimum professional and general liability insurance requirements for Provider, billing and accounting requirements for services rendered hereunder, and other matters as deemed necessary by CCN.

## 10. AMENDMENT

10.01 This Agreement or any part hereof, may be amended only by CCN at any time during the term of this Agreement with thirty (30) days prior written notice to the provider by CCN. Provider shall have thirty (30) days after Provider receives written notice of such notice to provide CCN with written notice rejecting the amendment. Failure of Provider to provide such written notice to CCN shall constitute Provider's acceptance of said amendment. Except as provided above, any other amendment or modification of this Agreement shall be in writing and executed by each party hereto.

## 11. ASSIGNMENT

11.01 No assignment or delegation of the rights, duties or obligations hereunder shall be made without the mutual written consent of the parties hereto. Notwithstanding the foregoing, CCN retains the right to assign this Agreement or delegate its performance hereunder in whole or in part, without Provider's consent, to any entity with which CCN or its parent company or any of its subsidiaries is affiliated.

## 12. DISPUTE RESOLUTION AND ARBITRATION

12.01 CCN and Provider agree to meet and confer in good faith to resolve any problems or disputes that may arise under this Agreement.

12.02 The sole and exclusive remedy for the resolution of any demands, disputes, claims or lawsuits shall be binding arbitration as the parties do not want the delay or expense of lawsuits. The parties shall mutually agree to the appointment of an impartial arbitrator within 30 days of the written request for the appointment of an arbitrator by any party. The arbitrator must be familiar with the health care industry. In the event that mutual agreement cannot be obtained, then the American Arbitration Association shall appoint an arbitrator who is familiar with the health care industry if one can be located; and, if one cannot be located, then another arbitrator shall be appointed. All arbitration proceedings shall be conducted in accord with the rules of the American Arbitration Association and the award shall be binding, final and conclusive on the parties. Any party may enforce the award rendered by the arbitrator in any court of competent jurisdiction.

any inference made for or against either party by reason of such party proposing or modifying any provision.

## 13. INDEPENDENT CONTRACTOR

13.01 Provider, in furnishing Health Care Services or Benefits pursuant to this Agreement, does so as an independent contractor. Neither Provider nor CCN shall be construed to be the agent, employee, or representative of the other, except as specified in this Agreement.

13.02 Nothing contained herein shall be construed to prevent Provider from independently operating or participating in any other agreement or in providing health care services independent of this Agreement.

## 14. WAIVER

14.01 The waiver by either party of any breach of any provision of this Agreement or warranty or representation herein set forth shall not be construed as a waiver of any subsequent breach of the same or any other provision.

## 15. SEVERABILITY

15.01 If any term, provision, covenant, or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions herein shall remain in full force and effect and shall in no way be affected, impaired, or invalidated as a result of such decision.

## 16. GOVERNING LAW

16.01 This Agreement shall be construed and enforced in accordance with the laws of the State of Florida as amended from time to time subject to any applicable federal law.

## 17. INDEMNIFICATION

17.01 Each party to this Agreement agrees to indemnify and hold harmless the other party and its directors, officers, employees and agents against any and all liability and expense, including defense costs and legal fees as they are incurred in connection with claims or demands for damages of any nature whatsoever including, but not limited to, bodily injury, death, personal injury or property damage arising from or caused by the indemnifying party's acts or failure to act or the acts or failure to act of its directors, officers, employees or agents.

## 18. NOTICES

18.01 Any notice required or permitted to be given pursuant to this Agreement shall be in writing and shall either be personally delivered or sent by registered or certified mail with the United States Postal Service, return receipt requested, postage prepaid, addressed to such party at its respective last known address.

## 19. CONFIDENTIALITY

19.01 The parties hereto shall maintain the confidentiality of any and all medical, financial and administrative records which shall be in their possession and control, and such information shall only be released or disseminated pursuant to the valid written authorization of the other party, Beneficiary or Claimant or as and when permitted under applicable law.

7    PROFESSIONAL01/98