UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN

Defendants.
_______________________________/



**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO PRECLUDE THE UNAUTHORIZED COMMENCEMENT OF DISCOVERY**

Plaintiff DR. PAUL ZIDEL ("ZIDEL"), on behalf of himself and all others similarly situated, by his undersigned counsel, hereby serves his Memorandum of Law in Opposition to Third-Party Defendant CCN Managed Care, Inc.'s ("CCN") Motion to Preclude the Unauthorized Commencement of Merits Discovery ("Motion to Preclude"). For all the reasons set forth herein, ZIDEL respectfully submits that CCN's Motion to Preclude should be denied in all respects.

## BACKGROUND

On January 24, 2001, this Court entered an Order staying discovery pending a ruling on Defendant ALLSTATE INSURANCE COMPANY's ("ALLSTATE") Motion to Dismiss. At the time, there were four pending class actions relating to the silent PPO issue.[1] Three additional actions

[1] The original four actions are this action, Keith Brickell, D.C. v. Progressive Express Insurance Company, et al., Case No. 00-6649-CIV-FERGUSON/SNOW filed on May 12, 2000, Mark J. Browner, D.C. v. Allstate Indemnity Company, et al., Case No. 00-7163-CIV-FERGUSON, GARBER filed on August 16, 2000, and Salvatore D. Larusso, D.C. v. Liberty Mutual Insurance Company, et al., Case No. 00-7692-CIV-FERGUSON filed on November 15, 2000.

cv-06061-WJZ Document 169 Entered on FLSD Docket 09/24/2001 P



were filed on February 7, 2001.[2] In light of this Court's Order staying discovery in this action, the Class Plaintiffs in the seven actions agreed to discovery stays in all seven actions until this Court ruled on the pending motions to dismiss. On February 8, 2001, the Class Plaintiffs in the original seven actions filed a Motion to Consolidate those actions.

On May 8, 2001, seven additional class actions were filed relating to the silent PPO issue.[3] On June 14, 2001, a fifteenth action was filed relating to the silent PPO issue.[4] On or about May 14, 2001, this Court held a status conference in the seven original actions. At the status conference, this Court orally ruled that with the exception of the Lanham Act claims, all pending motions to dismiss were denied. In addition, after argument of counsel, this Court granted the Class Plaintiffs' Motion to Consolidate. At the status conference, this Court was advised of the seven additional cases that were filed prior to the status conference. Finally, at the status conference, this Court ruled that the pending discovery stays would be lifted. To date, no written orders have been issued relating to the above three issues.

---

[2]The three additional actions are Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Insurance Company, Case No. 01-811-CIV-FERGUSON, Salvatore D. Larusso, D.C. v. Nationwide Insurance Company of America, Case No. 01-8109-CIV-FERGUSON, and Salvatore D. Larusso, D.C. v. Florida Farm Bureau, Case No. 01-8110-CIV-FERGUSON.

[3]The seven additional actions are The Chiropractic Centre Inc. v. Superior Insurance Company, Case No. 01-6782-CIV-FERGUSON, The Chiropractic Centre Inc. v. Metropolitan Casualty Insurance Company, Case No. 01-6783-CIV-FERGUSON, Ultra Open MRI Corporation v. Deerbrook Insurance Company, Case No. 01-6777-CIV-FERGUSON, Ultra Open MRI Corporation v. Progressive American Insurance Company, Case No. 01-6776-CIV-FERGUSON, Ultra Open MRI Corporation v. Fidelity and Casualty Company of New York and The Continental Insurance Company, Case No. 01-6779-CIV-FERGUSON, Ultra Open MRI Corporation v. Integon National Insurance Company v. Integon General Insurance Company, Case No. 01-6780-CIV-FERGUSON, Ultra Open MRI Corporation v. Prudential Property and Casualty Insurance Company, Case No. 01-6778-CIV-FERGUSON.

[4]Mote Wellness & Rehab, Inc. v. American International Insurance Company and American International South Insurance Company, Case No. 01-CV-8549-CIV-FERGUSON.

## ARGUMENT

**I. Despite This Court's Rulings at The May 14, 2001 Status Conference, Defense Counsel in All Pending Silent PPO Actions, Have Steadfastly Stonewalled All Efforts by Class Plaintiffs to Proceed With Discovery.**

Based on this Court's ruling that the motions to dismiss would be denied and that the discovery stays were lifted, counsel for Class Plaintiffs disseminated a proposed initial case management order addressing, among other issues, consolidation, discovery, disclosures, and deadlines. Although the Federal Rule of Civil Procedure 26 requirements had been satisfied in the first four actions, Class Plaintiffs proposed an initial case management order to address these issues in all 15 pending cases. Despite forwarding the proposed initial case management order to all counsel for Defendants in May, 2001 and despite some initial comments, counsel for Defendants have refused to suggest modifications or agree to the initial case management order. In addition, due to concerns expressed by various Defendants at the status conference with regard to confidentiality, counsel for Class Plaintiffs has requested a proposed confidentiality order, approved by all Defendants, to be reviewed and submitted to this Court. Despite such requests, Defendants have failed to provide a proposed upon confidentiality order. Finally, as to the Rule 26 disclosure requirements, Class Plaintiffs have advised counsel for all Defendants that they are prepared to comply with these disclosure requirements and have requested an agreed upon deadline date for all parties to make such disclosures. Despite these requests, counsel for Defendants have refused to agree upon a mandatory disclosure deadline date. Quite simply, based on this Court's rulings at the May 14, 2001 status conference, Class Plaintiffs have been attempting to expeditiously proceed with discovery in the pending matters and to agree to an initial case management order that facilitates the





litigation of these consolidated actions. Despite Class Plaintiffs' efforts, Defendants have chosen to delay these proceedings in every way possible.

In addition to CCN's efforts to delay these proceedings, CCN has undertaken a course of action to attempt to influence potential class members. As fully set forth in ZIDEL's Motion to Limit Communications, almost immediately after this Court's rulings at the status conference, CCN began sending correspondence to potential class members setting forth incorrect interpretations of pending issues, failing to apprise the potential class members of this litigation, and threatening potential class members in the event that they pursue their claims against CCN and various insurance companies. Also, despite the fact that none of the other Defendants has sought to stay discovery since the status conference, CCN, a third-party defendant in this action, filed its Motion to Preclude.

CCN's interpretation of the Civil Minutes from the May 14, 2001 status conference is directly contrary to what this Court ruled. CCN asserts its understanding that the Court's rulings denied "only those motions addressing Lanham Act claims – none of which are asserted in *Zidel* – thereby permitting discovery as to those claims only." (Motion to Preclude at p. 7). It is hard to imagine how CCN can interpret the Civil Minutes in such a way when this Court clearly ruled that the motions to dismiss would be denied, with the exception of the Lanham Act claims. In addition, CCN incredibly states that "there is no reason for the parties to reasonably believe that the Court intended to modify its prior Order staying discovery in this case." (Motion to Preclude at p. 7). After conveniently misinterpreting the Civil Minutes with regard to the motions to dismiss, CCN completely ignores the Civil Minutes and this Court's oral ruling at the May 14, 2001 status conference that the discovery stay is lifted. The Court's ruling and the Civil Minutes are quite clear





on this issue. Thus, CCN's statement that the Court did not intend to modify its prior Order staying discovery is entirely disingenuous.

Despite CCN's assertion that class discovery is necessary before merits discovery can take place, neither CCN nor any of the Defendants have asserted what class discovery may be necessary. As a third-party defendant, there is a question as to whether CCN has standing to object to class certification in a matter where the Complaint does not seek damages from CCN. Throughout these proceedings, Class Plaintiffs have consistently objected to any stays of discovery. Class Plaintiffs agreed to certain stays of discovery after this Court ruled that discovery would be stayed in this action. Rather than have each subsequent Defendant file motions to stay discovery and have the Court address these issues, once the issue was addressed in this action, Class Plaintiffs agreed to stay discovery in the interests of judicial economy and to avoid unnecessary litigation. Thus, when this Court lifted the discovery stay, it lifted the discovery stay in all pending actions. This Court did not lift the discovery stay as to "class action" discovery only. Accordingly, discovery should proceed in these matters and CCN has not set forth any adequate reason why "merits" discovery should be stayed.

**II. CCN's Assertion That it Will Be Filing a Motion to Dismiss And Will Be Filing a Motion to Compel Arbitration Provide No Basis to Stay Discovery.**

This action has been pending for more than a year and a half. At no time has ALLSTATE sought to compel arbitration. Numerous motions have been filed, discovery has taken place, and numerous hearings have been held. Accordingly, if ALLSTATE had a basis to compel arbitration, such a basis has clearly been waived by ALLSTATE. CCN is a third-party defendant in these proceedings having been brought into these proceedings by ALLSTATE which has asserted





indemnification claims against CCN. As a third-party defendant, CCN cannot now compel arbitration of the claims between ZIDEL and ALLSTATE. In addition, despite predicting that a Motion to Compel Arbitration would be filed, CCN has yet to file a Motion to Compel Arbitration which establishes the basis for a third-party defendant to seek arbitration of claims between the named parties to the litigation. Since no such Motion has been filed, it cannot be used as a basis to stay discovery.

In the Larusso action, CCN asserts that it has not yet filed a motion to dismiss, but instead filed a motion for definite statement. CCN asserts that after the Court rules on the motion for more definite statement, it will then file a motion to dismiss. CCN asserts that it cannot file a motion to dismiss because it is not sure which contract is at issue in the Larusso litigation. Despite these representations, CCN is well aware that the claims asserted in the Larusso action relate to reductions taken pursuant to a Medview contract. Not only does the Complaint specifically allege that CCN is being sued because Medview merged with CCN, but the explanation of benefits form attached to the Complaint sets forth the date of the reduction and demonstrates that the reduction was taken by Medview. CCN is aware that based on the date of the explanation of benefits form, the claims relate to Medview and not CCN because CCN did not have a preferred provider program for automobile insurance at the time. Thus, CCN's assertion that its motion for definite statement provides a basis for a stay of discovery is baseless. In addition, since this Court has already sustained the claims asserted and will be denying the motions to dismiss, CCN's filing of a motion to dismiss would clearly be a frivolous effort to further delay these proceedings. Having chosen to file a motion for

more definite statement as opposed to a motion to dismiss, CCN cannot now assert that its intention to possibly file a motion to dismiss in the future can provide a basis to stay discovery.

### III. MR. MESHAD HAS NEVER BEEN DEPOSED IN THESE ACTIONS.

CCN's Motion to Preclude was apparently necessitated by the scheduling of the deposition of Gavin Meshad. CCN has asserted that since Mr. Meshad's deposition took place in an unrelated state court action in which one of Class Plaintiffs' counsel was also counsel, Mr. Meshad's deposition should not take place in these proceedings. What CCN has failed to advise this Court is that there was an agreement in that original state court deposition that Mr. Meshad's deposition could not be used in any other litigation. In addition, the state court action did not assert RICO claims. Accordingly, Class Plaintiffs are clearly entitled to depose Mr. Meshad with relation to the claims asserted in these actions.

## CONCLUSION

For all the reasons set forth herein, Plaintiff DR. PAUL ZIDEL respectfully requests that this Court enter an Order denying Third-Party Defendant CCN MANAGED CARE, INC.'s Motion to Preclude the Unauthorized Commencement of Merits Discovery, together with such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By:______________________
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By:______________________
ERIC LEE
Florida Bar No. 961299

By:______________________
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 20th day of September, 2001 upon: all individuals on the attached service list.

ERIC LEE



ATLAS PEARLMAN

MASTER SERVICE LIST
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 9/17/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
Thomas Tew, Esq.
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esq.
(305) 539-2440
jad@tewlaw.com
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile



**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

