
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| DR. PAUL ZIDEL, on behalf of himself ans all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN,<br><br>    Defendants.<br>_____/ | Case No. 00-6061-CIV-FERGUSON  |
| KEITH BRICKELL, D.C., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, PROGRESSIVE BAYSIDE INSURANCE COMPANY, BEECH STREET CORPORATION, and ADP INTEGRATED MEDICAL SOLUTIONS, INC.,<br><br>    Defendants.<br>_____/ | Case No. 00-6649-CIV-FERGUSON |



| | |
|---|---|
| MARC J. BROWNER, D.C., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY, BEECH STREET CORPORATION, and ADP INTEGRATED MEDICAL SOLUTIONS, INC.,<br><br>    Defendants.<br>_____/ | Case No. 00-7163-CIV-FERGUSON |
| SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY and COMMUNITY CARE NETWORK, INC.,<br><br>    Defendants.<br>_____/ | Case No. 00-7692-CIV-FERGUSON |

| | |
|---|---|
| ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated, | Case No. 01-6776-CIV-FERGUSON |
| Plaintiffs, | |
| vs. | |
| PROGRESSIVE AMERICAN INSURANCE COMPANY, | |
| Defendant._____/ | |
| ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated, | Case No. 01-6777-CIV-FERGUSON |
| Plaintiffs, | |
| vs. | |
| DEERBROOK INSURANCE COMPANY, | |
| Defendant._____/ | |
| ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated, | Case No. 01-6778-CIV-FERGUSON |
| Plaintiffs, | |
| vs. | |
| PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant._____/ | |

| | |
|---|---|
| ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated, | Case No. 01-6779-CIV-FERGUSON |

    Plaintiffs,

vs.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and THE CONTINENTAL INSURANCE COMPANY,

    Defendants.
_____/

| | |
|---|---|
| ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated, | Case No. 01-6780-CIV-FERGUSON |

    Plaintiffs,

vs.

INTEGON NATIONAL INSURANCE COMPANY and INTEGON GENERAL INSURANCE COMPANY,

    Defendants.
_____/

| | |
|---|---|
| THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated, | Case No. 01-6782-CIV-FERGUSON |

    Plaintiffs,

vs.

SUPERIOR INSURANCE COMPANY,

    Defendant.
_____/

| | |
|---|---|
| THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated, | Case No. 01-6783-CIV-FERGUSON |
| Plaintiffs, | |
| vs. | |
| METROPOLITAN CASUALTY INSURANCE COMPANY, | |
| Defendant. _____/ | |
| | |
| SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated, | Case No. 01-8108-CIV-FERGUSON |
| Plaintiffs, | |
| vs. | |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | |
| Defendant. _____/ | |

| | |
|---|---|
| SALVATORE LARUSSO D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated, | Case No. 01-8110-CIV-FERGUSON |
| Plaintiffs, | |
| vs. | |
| FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, | |
| Defendant. _____/ | |

| | |
|---|---|
| SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated, | Case No. 01-8111-CIV-FERGUSON |
| Plaintiffs, | |
| vs. | |
| ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, | |
| Defendant. _____/ | |

MOTE WELLNESS & REHAB, INC., on  Case No. 01-8549-CIV-FERGUSON
behalf of itself and all others similarly
situated,

    Plaintiffs,

vs.

AMERICAN INTERNATIONAL
INSURANCE COMPANY and AMERICAN
INTERNATIONAL SOUTH INSURANCE
COMPANY,

    Defendants.
_____/

## *AMENDED* ORDER SETTING TRIAL DATE and DISCOVERY SCHEDULE

Trial in this matter is set for the two-week period commencing June 17, 2002, before the Honorable Wilkie D. Ferguson, Jr., United States District Judge, at **299 East Broward Boulevard, Courtroom 207A, Fort Lauderdale, Florida.** If not reached during this period, this cause will be continued to each succeeding two-week trial period until reached or until further notice from the Court.

**IT IS ORDERED AND ADJUDGED** as follows:

1. Counsel shall meet prior to the mandatory pretrial conference to confer to the preparation of a **Joint** Pretrial Stipulation. The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below and shall conform to Local Rule 16.1(e). **The Court will not accept unilateral Pretrial Stipulations. Failure to file a Joint Pretrial Stipulation on or before the date set forth below shall be grounds for dismissal or striking of defenses.**

2. In cases tried before a jury, each party shall file a copy of the proposed jury

instructions in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning of the trial period. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. In preparing their requested jury instructions, the parties shall utilized as a guide the Patterned Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. Copies shall be delivered to chambers at the time of filing. **Failure to timely file jury instructions and verdict forms as directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

3.   In cases tried before the Court, each party shall file Proposed Findings of Fact and Conclusions of Law in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning of the trial period. Proposed Conclusions of law shall be supported by citations of authority. Copies shall be delivered to chambers at the time of filing. **Failure to timely file Proposed Findings of Fact and Conclusions of Law as directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

4.   All exhibits must be pre-marked. The Plaintiff shall mark its exhibits numerically. Defendant shall mark its exhibits alphabetically. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on **Form AO 187,** which is available from the Clerk's office.

5.   A Motion for Continuance shall not stay the requirement for the filing of a Joint Pretrial Stipulation and, unless an emergency situation arises, a Motion for Continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial period is scheduled to commence.

6.   All motions for extension of time shall be accompanied by a proposed order. Counsel

are reminded to comply with Local Rule 7.1(A)(4).

7. **A PENDING MOTION TO DISMISS SHALL NOT STAY DISCOVERY** except where a Stay is mandated by Statute.

8. **Non-compliance with any provision of this Order may subject the offending party to sanctions, or striking of defenses.** It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9. The following timetable shall govern the pretrial procedure in this cause. **This schedule shall not be modified absent compelling circumstances.**

| | |
|---|---|
| Jan. 28, 2002 | Joinder of Additional Parties and Amended Pleadings. |
| Feb. 11, 2002 | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Within the fourteenth day period following this disclosure, the Plaintiff shall make its experts available for deposition by the Defendant. The experts' depositions may be conducted without further order from the Court. |
| Feb. 25, 2002 | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Within the fourteenth day period following this disclosure, the Defendant shall make its experts available for deposition by the Plaintiff. The experts' depositions may be conducted without further order from the Court. |
| Mar. 11, 2002 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| Apr. 1, 2002 | **All Discovery must be completed.** |

| | |
|---|---|
| Apr. 22, 2002 | All Pretrial Motions, including Motions for Summary Judgment and Memoranda of Law, must be filed. |
| May 6, 2002 | Joint Pretrial Stipulation must be filed. |
| May 13, 2002 | **Pretrial Conference at 4:15 p.m.** Parties should be prepared to address all pending motions. |
| Jun. 10, 2002 | **Calendar Call at 4:15 p.m.** Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law and Proposed Verdict Form shall be filed. **The parties are ordered to confer prior to submitting the Proposed Jury Instructions and Proposed Verdict Form** to determine whether they can agree to them prior to their submission to the Court. |
| Jun. 17, 2002 | **Two-Week Trial Period.** A time for your appearance will be given at Calendar Call. |

10.  All pretrial Motions in Limine shall be filed not later than twelve (12) days prior to the scheduled Calendar Call. All oppositions to Motions in Limine must be filed seven (7) days prior to the scheduled Calendar Call.

11.  In order to facilitate the accurate transcription of the trial proceeding, the parties shall mail to Stephen Franklin, the Court's Official Court Reporter, at **299 East Broward Boulevard, Suite 207B, Fort Lauderdale, Florida 33301,** a copy of (1) the witness and exhibit lists and (2) a designation of unique proper nouns/names which may be raised at trial, to be received no later than five (5) days prior to the scheduled trial period.

12.  If the case is settled, counsel are directed to inform the Court promptly by calling the judge's chambers and to submit an appropriate Order for Dismissal, pursuant to Fed.R.Civ.P. 41(a)(1). The proposed Order must be filed no later than ten (10) days after the Notice of Settlement is given to the Court.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 28th day of September, 2001.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Lurana Snow, United States Magistrate Judge
William Deem, Esq.
Eric Lee, Esq.
Arthur Gold, Esq.
Andrew Garcia, Esq.
Larry Kopelman, Esq.
Susan Lawson, Esq.
Richard Bokor, Esq.
Casey Fundaro, Esq.
David Shelton, Esq.
Peter Valeta, Esq.
Thomas Tew, Esq.
Francis Anania, Esq.
Katherine Lake, Esq.
James Haggerty, Esq.
Gregory Baldwin, Esq.
mark Shapiro, Esq.
Marcy Aldrich, Esq.
John Aldock, Esq.
Kathy Johnson, Esq.
Alan Nisburg, Esq.
Dale Friedman, Esq.