# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 00-CIV-6061 Ferguson/Snow**
(Original Case No. 00-7692)

SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and
all others similarly situated,

      Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC.,

      Defendants.

_____

LIGHT BOX
FILED

OCT -5 2001 

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

Magistrate Judge Lurana S. Snow

---

## DEFENDANT CCN'S
## MOTION FOR RECONSIDERATION

Defendant, CCN Managed Care, Inc. ("CCN"), hereby requests reconsideration of the

Court's order dated October 2, 2001, which dismissed as moot CCN's partially unopposed

motion to stay discovery. In support of this request, CCN states:

1.      In April 2001, CCN filed its Partially Unopposed Motion to Stay Discovery (the

"CCN Discovery Motion").[1]  That motion is fully briefed.

2.      The CCN Discovery Motion sought to stay merits discovery pending resolution of

Plaintiff's motion for class certification and CCN's motion for more definite statement.

3.      This case has been consolidated with a number of other, somewhat similar cases.

In several of those other cases the Court stayed discovery pending resolution of motions to

---

[1] A copy of the CCN Discovery Motion is attached as Exhibit A.

dismiss which had been filed by certain defendants.  On September 28, 2001, this Court entered its omnibus order which, among other things, denied those motions to dismiss and lifted the stay.

4.    By order dated October 2, 2001, this Court dismissed the CCN Discovery Motion as moot, presumably on the basis of the omnibus order's lifting of the discovery stay then in place.[2]  However, that stay was imposed in response to other motions by other defendants in other cases, and was premised on the pendency of motions to dismiss which had since been denied.  The CCN Discovery Motion, on the other hand, seeks to stay merits discovery based on an *entirely different* set of factors -- factors which have yet to be considered or ruled upon by this Court.

5.    Accordingly, the CCN Discovery Motion is not moot, and CCN respectfully requests that the Court rule on it and stay merits discovery in this case for the reasons and on the terms requested therein.

## Memorandum of Law

This matter is submitted to the sound discretion of the District Court, to be exercised in accordance with Rule 1 of the Federal Rules of Civil Procedure.

CCN's Discovery Motion is not moot.  That motion sought a stay of merits discovery pending resolution of a prospective motion to dismiss by CCN, which could not even be filed until after resolution of CCN's motion for more definite statement.[3]  Neither of those issues has been resolved, nor has the court considered, heard argument upon or ruled on CCN's request for

---

[2] A copy of the order dated October 2, 2001, is attached as Exhibit B.

[3] In connection with the latter ground, it was envisioned by both sides that CCN's motion for more definite statement would be ruled upon and that a motion to dismiss would likely be filed thereafter.  For that reason, the CCN Discovery Motion speaks of staying discovery until a motion to dismiss is resolved.  However, the parties envisioned resolution of the motion for more definite statement as a precursor to the motion to dismiss, and to date the Court has still not ruled on the motion for more definite statement.  Accordingly, for present purposes the issue is whether merits discovery should be stayed pending resolution of the motion for more definite statement.

stay pending such resolution. The CCN Discovery Motion also sought a stay pending resolution of the motion for class certification. Again, the issue of class certification has neither been addressed nor has CCN's request for stay pending such resolution been heard or ruled upon.

There are compelling, judicially recognized bases for granting the CCN Discovery Motion, none of which were addressed by this Court in its Omnibus Order of September 28 or otherwise. As discussed more fully in CCN's Discovery Motion, many courts have recognized that merits discovery should be stayed until certification issues are resolved. How, for example, can a defendant know what resources to devote to discovery -- or even what the appropriate scope of discovery is -- if it is not clear whether the case is a hundred-dollar individual claim or a million-dollar class claim? Moreover, as discussed in CCN's motion for more definite statement, it is not even clear from the complaint what contract is at issue in this case.[4] How can CCN be expected to participate in merits discovery when the complaint does not even disclose what contract is at issue? Indeed, the Court has already excused CCN from its Rule 26(a) disclosure obligations for this very reason.

Accordingly, CCN respectfully requests reconsideration of this Court's October 2 order dismissing the CCN Discovery Motion as moot. CCN further request that the Court grant its Discovery Motion for the reasons expressed therein. CCN notes that Plaintiff is currently in the process of attempting to schedule an out-of-town, third-party merits deposition in this case. Accordingly, the issues presented by CCN's motion are time-sensitive.

Respectfully submitted,

---

[4] A copy of the motion for more definite statement is attached as Exhibit C. The portion of the CCN Discovery Motion relating to this factor was not opposed by Plaintiff, so briefing on the need for a stay of discovery pending resolution of this issue is not extensive. CCN is prepared to more fully brief this point if the Court so desires.

McGuire Woods LLP


By: _____
William W. Deem
Florida Bar No. 0512834
3300 Bank of America Center
50 North Laura Street
Jacksonville, FL 32202
Telephone:    (904) 798-3200
Facsimile:    (904) 798-3207
E-Mail:       wdeem@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED
CARE, INC.


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to the counsel listed on the attached service list by U.S. Mail on October 8 , 2001:


_____
William W. Deem


83557.1

4

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

**Co-Counsel for Plaintiffs**

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

**Co-Counsel for Plaintiffs**

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 Facsimile

**Counsel for Allstate**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS REBAK KELLOGG
LEHMAN DEMARIA TAGUE
RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esquire
(305) 539-2440
jad@tewlaw.com
John M. Quaranta, Esquire
(305) 539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esquire
fanania@anania-law.com
Donald A. Blackwell, Esquire
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
badams@mcguirewoods.com
Curt Caywood, Esquire
ccaywood@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
(904)798-3200
(904)798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Bruce A. Aebel, Esquire
baebel@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813)228-7411
(813)229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
(215)299-4314
(215)299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Hartford, Metropolitan,
Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Prudential**

SHEA & GARDNER
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Richard M. Wyner, Esquire
Rwyner@sheagardner.com
(202) 828-2188
Jeffrey M. Klein, Esquire
jklein@sheagardner.com
(202) 828-4301
M. David Dobbins, Esquire
ddobbins@sheagardner.com
202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
202-828-2000
202-828-2195 (Facsimile)

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
Kmaus@bbplaw.com
Eric Zivitz
Ezivitz@bbplaw.com
3520 Thomasville Road
Suite 102
Tallahassee, Florida  32308.3469
850.894.4111
850.894.4999 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**
CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\74107.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 00-7692-CIV-FERGUSON

SALVATORE D. LARUSSO, D.C d/b/a FAMILY
CHIROPRACTIC CENTER, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY
and COMMUNITY CARE NETWORK, INC.,

      Defendants.

_____

### CCN'S PARTIALLY UNOPPOSED MOTION TO STAY DISCOVERY

Defendant, CCN Managed Care, Inc., moves for the entry of an order staying its merits discovery obligations in this matter until the later of (i) per CCN's agreement with plaintiff, the date on which plaintiff's claims survive a motion to dismiss or (ii) the date on which class certification is resolved. CCN would anticipate that class certification discovery could proceed according to the rules. In support of the motion, CCN states:

## I.
### FACTUAL BACKGROUND

Plaintiff initiated this action on November 15, 2000, by filing his Class Action Complaint, asserting claims against CCN and Liberty Mutual Insurance Company. Plaintiff seeks to represent a class of health-care providers who contracted with CCN to participate in CCN's provider networks, which CCN markets to insurers, employers, and other entities who seek to offer discounted medical services to insureds or beneficiaries.

**EXHIBIT** *A*

CCN filed its motion for more definite statement on January 31 because of plaintiff's failure to identify the contract he allegedly entered with CCN. CCN is unable to locate any contracts between itself and plaintiff, but it appears that plaintiff may have contracted at one point with CCN's predecessor company, Medview. This distinction is important. The standard-form contracts of Medview and CCN are materially different. Accordingly, the question of which contract is at issue will make a material difference in the merits of this case. Moreover, plaintiff seeks to represent a class consisting of CCN providers; if plaintiff contracted only with Medview, it would be inappropriate for him to serve as class representative here due to fundamental differences between the contracts.

On February 8, 2001, plaintiff filed his Motion to Consolidate All Pending PPO Reduction Class Actions, which asks the Court to revisit its prior rejection of attempts to consolidate multiple unrelated class actions and to consolidate seven different class actions. Plaintiff's motion remains before the Court.

Plaintiff has agreed to the entry of an order staying discovery until the Court resolves all parties' motions to dismiss. However, as the issue of class certification is likely to be as determinative of this litigation as the motions to dismiss-- and will have a significant impact on the scope of discovery -- CCN also requested an agreement to stay merits discovery pending resolution of class certification issues. Plaintiff refused, necessitating the instant motion.

## II.
## ARGUMENT AND AUTHORITIES

Fed. R Civ. P. 26 gives the Court broad discretion to determine the timing and scope of discovery. This expansive power is no different in class action litigation, where the determination of "[w]hether discovery will be permitted in connection with a motion for a class certification determination 'lies within the sound discretion of the trial court.'" *Stewart v. Winter,*

2

669 F.2d 328, 331 (5th Cir. 1982). The Fifth Circuit recognized the value of postponing discovery on the merits until after a class certification decision in *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, (11th Cir. 1992). "To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits." *Id.* at 1570-71. Postponing merits discovery in this action is appropriate not only because of the pending motion for consolidation, but because of the specific factual grounds involved in this action.

If plaintiff is permitted to go forward with classwide merits discovery prior to certification, denial of certification will largely render the parties' discovery efforts useless. The risk of wasting resources to locate, gather, review and produce responsive information -- a process that is likely to be extensive and expensive given the size of the putative class and the expansive discovery already served by plaintiff -- is not outweighed by the minimal prejudice to plaintiff in delaying discovery[1].

Plaintiff opposes this motion on the grounds that plaintiff's individual claims will survive even if certification is denied and that plaintiff will be entitled to proceed with discovery at that time. However, any discovery plaintiff would be entitled to conduct as an individual would be vastly different in scope than discovery on a class-wide basis. Plaintiff's currently outstanding discovery goes far beyond the scope of plaintiff's individual claims, seeking production of broad categories of documents such as "[a]ny and all agreements or contracts between CCN and any health care provider in Florida" and "[a]ny and all documents evidencing or reflecting income generated by CCN from any agreement or contract between CCN and Liberty Mutual." *See*

---

[1] Plaintiff seeks to represent a statewide class of health-care providers. Merits discovery on a class-wide basis will be an enormous undertaking, and one which should therefore not be undertaken until the need for it is established.

3

Plaintiffs' First Request for Production of Documents to Defendants at Request Nos. 6 and 8. While this discovery might possibly be proper if the putative class were certified, it is far too broad to survive objections if it is sought in support of plaintiff's individual claims.

Further, if the class is not certified, the amount in controversy in this matter will be dramatically reduced, impacting the amount of resources the parties would commit to the litigation and possibly leading to the resolution of this action without further litigation. Plaintiff's claims seek to recover the difference between plaintiff's usual and customary fees and discounted rates he agreed to accept from CCN's clients. The damages recoverable in an individual action by plaintiff are likely to amount only to a few hundred dollars. By way of example, plaintiff attached a bill submitted to Liberty Mutual for his services and Liberty Mutual's explanation of benefits form and draft to his Class Action Complaint as exhibits. Plaintiff submitted a claim to Liberty Mutual for $550.00; after applying the CCN discount, Liberty Mutual tendered payment in the amount of $431.95, for a difference of $118.05. It makes no sense to proceed with statewide discovery if this is representative of the total amount at issue.

An additional risk arises based on the demonstrated willingness of plaintiff's counsel to abandon a putative class representative after unfavorable facts are brought to light regarding the representative's fitness to serve. *Zidel v. Allstate Ins. Co.*, Civil Action No. 00-CIV-6061-FERGUSON, which is also pending before this Court, was formerly known as *Napoli v. Allstate*; plaintiff's counsel substituted Dr. Zidel for the initial putative class representative, Dr. Napoli, after Dr. Napoli's deposition. As a result of this abrupt change in direction -- a change whereby plaintiff's counsel not only substituted one plaintiff for another but also dropped the original defendants and added new defendants and dropped one contract in order to pursue claims based

4

on another -- the scope and focus of discovery significantly changed. The waste resulting from such a change would be significant; contrarily, the prejudice to plaintiff by delaying all discovery until after certification would be minimal.

Further, a dispute exists regarding the propriety of plaintiff's representation of a class of CCN providers. As discussed above, it is currently unknown whether plaintiff contracted with CCN or with Medview, a predecessor of CCN. If it is determined that plaintiff contracted with Medview and not CCN, the scope of proper discovery would be significantly reduced, as only matters relating to Medview would be relevant. Again, permitting merits discovery to proceed prior to the resolution of this issue exposes the parties and the Court to the risk of waste of significant amounts of time, effort and money.

Finally, the Court has granted similar relief in other cases involving class allegations arising from provider management contracts. In *Zidel v. Allstate Ins. Co.*, the Court completely stayed all discovery. *See* Omnibus Order on Pending Motions dated January 24, 2001, a true and correct copy of which is attached. The Court also stayed discovery on similar conditions in *Browner v. Allstate Ins. Co.*, Civil Action No. 00-7163-CIV-FERGUSON (docket no. 39) and *Brickell v. Progressive Express Ins. Co.*, Civil Action No. 00-CIV-6649-FERGUSON (docket no. 86). Plaintiffs' pending Motion to Consolidate represents that the *Zidel, Browner* and *Brickell* cases are "virtually identical;" it follows that staying discovery in this action would also be appropriate.

Therefore, in order to minimize the risk that the parties will expend their litigation resources unnecessarily conducting unnecessary discovery, CCN respectfully requests that the Court grant its motion and enter an Order staying discovery in this matter until the later of the

Court's determination of all motions to dismiss or the certification of the putative class representation, and for such other and further relief to which CCN may be justly entitled.

Respectfully submitted,

## McGuireWoods LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone:    (904) 798-3200
Facsimile:    (904) 798-3207
E-Mail:       wdeem@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED
CARE, INC.

### CERTIFICATE OF CONFERENCE

The undersigned certifies that he spoke with Eric Lee, counsel for plaintiff, on March 5, 2001, regarding the above motion.  Plaintiff is unopposed to a stay of all discovery until the resolution of any motions to dismiss in this action, but is opposed to a stay of merits discovery pending class certification.

_____
William E. Adams, Jr.

## CERTIFICATE OF SERVICE

I certify that that a true and correct copy of the foregoing was delivered to the below-named counsel by U.S. Mail on April 6, 2001.

Jan Douglas Atlas. Esq.
Eric Lee, Esq.
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Ste. 1700
Fort Lauderdale, FL 33301

Arthur Gold, Esq.
Gold & Coulson
11 S. LaSalle St., Ste. 2500
Chicago, IL 60603

Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747

Kopelman & Blankman, P.A.
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

Mark S. Shapiro, Esq.
Akerman, Senterfitt & Eidson, P.A.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131-1704

_____

William W. Deem

JAC 2615 CCN Larusso Plead verified mot to stay discovery doc

7

It is ORDERED that this Motion is here :

DISMISSED AS MOOT.

WILKIE D. FERGUSON, JR.

10/6/01
DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 00-7692-CIV-FERGUSON

FILED by ___ D.C.

OCT 2 2001

CLARENCE MADDOX
CLERK
S.D. OF FLA.

SALVATORE D. LARUSSO, D.C d/b/a FAMILY
CHIROPRACTIC CENTER, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY
and COMMUNITY CARE NETWORK, INC.,

      Defendants.

_____

## CCN'S PARTIALLY UNOPPOSED MOTION TO STAY DISCOVERY

Defendant, CCN Managed Care, Inc., moves for the entry of an order staying its merits discovery obligations in this matter until the later of (i) per CCN's agreement with plaintiff, the date on which plaintiff's claims survive a motion to dismiss or (ii) the date on which class certification is resolved. CCN would anticipate that class certification discovery could proceed according to the rules. In support of the motion, CCN states:

## I.
## FACTUAL BACKGROUND

Plaintiff initiated this action on November 15, 2000, by filing his Class Action Complaint, asserting claims against CCN and Liberty Mutual Insurance Company. Plaintiff seeks to represent a class of health-care providers who contracted with CCN to participate in CCN's provider networks, which CCN markets to insurers, employers, and other entities who seek to offer discounted medical services to insureds or beneficiaries.

# EXHIBIT B

62

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 00-7692-FERGUSON

| | |
|---|---|
| SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY and COMMUNITY CARE NETWORK, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**COMMUNITY CARE NETWORK, INC.'S MOTION
FOR MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT**

CCN Managed Care, Inc., incorrectly named as Community Care Network, Inc. ("CCN"), moves pursuant to Rule 12(e) for the entry of an order requiring plaintiff to amend his complaint to provide a more definite statement of his claims, and states as follows:

1.    **The Failure to Identify the Contract.** Plaintiff's class complaint purports to state claims against CCN for breach of contract and violations of the Racketeer Influenced Corrupt Organizations ("RICO") Act.

2.    Each of Plaintiff's claims against CCN derive in the first instance from an alleged contract between plaintiff and CCN. In other words, the conduct alleged is wrongful -- and thus actionable -- if and only if (at a minimum) it is not allowed by the contract's terms.

3.    The complaint clearly implies that the contract at issue a written contract. Indeed, the class allegations suggest that the same contract has been executed by all members of the

**EXHIBIT C**

class. Nevertheless, the complaint neither attaches the contract nor quotes its material provisions, such as those which purportedly preclude the activities in question -- the alleged disclosure to Liberty Mutual of plaintiff's "volume discount" rates or "confidential compensation and discount information." *See* Complaint at ¶ 82. The complaint does not even provide a sufficient description of the contract's terms to allow CCN to respond to the claims of breach or, just as importantly, to allow the Court to consider whether a claim has been adequately stated.

4.    CCN files this motion notwithstanding the liberal notice pleading standard employed by federal courts. To the best of its knowledge, CCN does not have and has never had a contract with plaintiff. It does appear that plaintiff may have had a contract with a company called Medview Services, which CCN subsequently acquired. However, that "Medview" contract is materially different from the contracts CCN has with members of its network -- i.e. the class plaintiff purports to represent. Moreover, it appears from file materials that plaintiff may have terminated his relationship with Medview prior to its acquisition by CCN.

5.    Accordingly, the complaint does not provide adequate notice as to the contract CCN is alleged to have breached. CCN cannot reasonably be expected to frame a response to Plaintiff's claims without a more definite description of the contract at issue, and attachment of the contract to the extent that it is a written agreement.

6.    **Shotgun Pleadings.** Each count of the complaint incorporates by reference all 77 paragraphs containing factual allegations, providing no way for CCN to identify which factual allegations are made with regards to the particular claims asserted against it.

7.    Similarly, rather than assert each claim as an individual count as required, plaintiff consolidates three RICO claims into one count, making it inordinately difficult if not impossible to clearly understand and respond to the claims.

2

8. Recent appellate decisions in this circuit have condemned this style of pleading, colloquially referred to as "shotgun pleading". This tactic is improper as a matter of law, and parties employing it are required to replead so that the accused party can respond to the claims asserted.

9. **The Fraud Claims.** Plaintiff's RICO allegations also fail to afford fair notice of the factual basis of his claims. RICO claims are subject to Fed. R. Civ. P. 9(b), requiring that the facts supporting claims of fraud be asserted with particularity. Instead, the complaint provides vague assertions which omitting necessary details relating to the allegedly fraudulent representations. This problem is compounded by the complaint's failure to attribute the alleged misrepresentations to either CCN or Liberty Mutual, opting instead for a conjunctive "shotgun" approach to pleading fraud.

10. For the foregoing reasons, the complaint fails to afford fair notice of the claims against CCN, and CCN is simply not able to fashion an appropriate and comprehensive response. CCN respectfully requests that Plaintiff be required to amend his complaint and:

(a) Attach a copy of the contract CCN is alleged to have breached, or if the contract is not written, describe with specificity all material terms of any alleged oral agreement;

(b) Replead such that the facts alleged to be applicable to each claim against CCN can be ascertained; and

(c) Replead such that fair notice is afforded as to what CCN is alleged to have done, versus what is alleged to have been done by other parties, and such that all claims of fraud comport with Rule 9(b)'s particularity requirement.

3

## MEMORANDUM IN SUPPORT

Plaintiff's Class Action Complaint purports to state several claims against CCN and co-defendant Liberty Mutual, all of which allege damage resulting from Liberty Mutual's payment of reduced fees for professional (i.e. medical) services rendered to Liberty Mutual's insureds. The Class Action Complaint alleges that Plaintiff contracted with CCN and all claims rely in the first instance on the terms of that agreement. However, the pleading does not identify the contract at issue and a copy is not attached. Moreover, despite its bulk, the complaint is largely an exercise in obfuscation. It simply does not provide fair notice of the claims against CCN.

## ARGUMENTS AND AUTHORITIES

**A.     Applicable Standard.**

Fed. R. Civ. P. 12(e) states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Generally speaking, motions for more definite statement are granted where the complaint is "so vague and ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Adelphia Cable Partners, L.P. v. E&A Beepers Corp.*, 188 F.R.D. 662, 665 (S.D. Fla. 1999). Although the federal notice pleading standard warrants a fairly liberal approach in this area, certain circumstances will require the granting of a motion for more definite statement. *See Eye Care Int'l, Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1316 (M. D. Fla. 2000). Where, as here, a party's pleading is properly characterized as being a "shotgun" pleading and fails to provide essential information regarding the contract sued upon and the misrepresentations

supporting its allegations of fraudulent activity, a motion for more definite statement must be granted.

**B.    The Class Action Complaint Is Impermissibly Vague and Ambiguous.**

*(1) Breach of Contract Claim*

The federal rules require specificity with regards to allegations of breach of contract. "To survive a Rule 12(e) motion in a contract claim, the plaintiff must recite the relevant agreement, the basic contents of that agreement and the pertinent parties." *Moore v. Fidelity Fin. Svcs.. Inc.*, 869 F. Supp. 557, 560-61 (N.D. Ill. 1994). These details are critical to survival of a Rule 12(e) motion. Where, as here, a complaint vaguely references a supposed contract without sufficient description of its terms, courts will require repleading to properly identify the contract at issue.

In *Medalie v. FSC Sec. Corp.*, 87 F. Supp. 2d 1295 (S.D. Fla. 2000), for example, plaintiff asserted claims based on an oral contract that did not contain sufficient information to pass muster under Rule 8. Granting defendant's motion for more definite statement, the court required plaintiff to "clearly set forth the terms" of the contract and to "state the parties to which each contract applies, clarify whether more than one contract was formed, [and] state the terms of the contract that were breached..." *Id.* at 1308. These facts are required. Where a contract has been reduced to writing -- a fact unknown here because of Larusso's failure to state whether the alleged contract is written or oral -- a party must "either attach the writing to the complaint, or recite the provision(s) of the contract that they contend give rise to their action for breach." *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 911 (11th Cir. 1996). Unless a complaint "specifically enumerates the contracts which have been breached, describes the manner in which they were breached and identifies the pertinent language in each contract," a motion for more

definite statement should be granted. *Roberts & Schaefer Co. v. The Hardaway Co.*, No. 95-590-CIV-T-17E, 1995 U.S. Dist. LEXIS 10667 at *5 (M.D. Fla. 1995).

Plaintiff's Class Action Complaint fails to meet the foregoing standard. Plaintiff merely asserts that he "was a party to a contract with CCN to be a participating health care preferred medical provider," but he fails to identify the contract or to attach a copy to his complaint. Exhibit A at ¶ 35. Further, instead of identifying the specific terms allegedly violated, Larusso provides only vague and ambiguous statements that purport to demonstrate a breach of the alleged contract, in effect describing what plaintiff is alleged to have done without describing the contractual provision that conduct is alleged to have breached. *See* Complaint at ¶¶ 78-82.

The confusion resulting from plaintiff's imprecision is amplified by CCN's inability to locate any contracts between CCN and plaintiff. Plaintiff's complaint expressly states that he contracted with CCN, asserting that CCN "agreed to market DR. LARUSSO's name, address and available services in CCN's information materials for distribution to Subscribers and to existing an potential Payors." Complaint at ¶ 36. The complaint implies that this is a written agreement, probably even a form agreement since the putative class members are also said to have their own contracts. However, CCN has no record of ever contracting with plaintiff.

Rule 8 requires plaintiffs to plead with specificity sufficient to afford fair notice of the claims asserted, so that the defendant can fashion an appropriate response. *See Anderson*, 77 F.3d at 366-67. The nebulous state of the complaint at bar eliminates any chance CCN might have to defend itself. CCN cannot even ascertain whether it actually contracted with plaintiff and, if so, the terms and conditions of the alleged agreement. The Court should, therefore, grant CCN's motion and require Larusso to specifically identify the contract at issue or to attach a copy to his complaint.

6

### (2) RICO Claims

Larusso's Class Action Complaint also attempts to allege what appears to be three separate RICO claims against CCN, based on a host of predicate acts, including mail and wire fraud. In so doing, however, the complaint is utterly devoid of any detail as to what CCN is alleged to have done.

Allegations of fraud underpinning a RICO claim remain subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). To satisfy Rule 9(b), plaintiffs must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id. See also Durham*, 847 F.2d 1505, 1511-12 (11th Cir. 1988); *Medalie*, 87 F. Supp.2d at 1306; *Raber v. Osprey Alaska, Inc.*, 187 F.R.D. 675, 680-81 (M.D. Fla. 1999). These details are essential to survival under Rule 9, which "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Medalie*, 87 F. Supp. 2d at 1306. Further, where (as here) multiple defendants are involved, the complaint must specifically describe the conduct attributable to each. Stated another way, plaintiffs are required to "differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding 'his alleged participation in the fraud.'" *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437 (M.D. Fla. 1998)(citation omitted).

The instant complaint provides none of these details, opting instead for vague, boilerplate assertions about "steerage" requirements and "silent PPOs." By way of example, the complaint describes the alleged misrepresentations supporting his charges of mail fraud as follows:

127. In those matters and things sent or delivered by the United States Postal Service referred to above, LIBERTY MUTUAL and CCN falsely and fraudulently misrepresented to DR. LARUSSO and the class that:

(a)    LIBERTY MUTUAL's payments were for the amount "billed" for the reasonable value of the services, and

(b)    that LIBERTY MUTUAL was entitled to a PPO discount for DR. LARUSSO and the class under a system that legitimately provides education, marketing, and economic incentives intended to "steer" more patients and to provide other benefits to health care providers. LIBERTY MUTUAL failed, however, to disclose to DR. LARUSSO and the class that its EOBs were based upon illegal discounts designed to maximize profits on discounts illegally obtained through DR. LARUSSO's proprietary information. LIBERTY MUTUAL thus failed to disclose material facts regarding LIBERTY MUTUAL's internal policies and practices specifically designed to reduce or limit the level of payment discussed in detail above.

Complaint at ¶127. There is no specific identification of any fraudulent communication from CCN, nor are any facts alleged such that a "failure to disclose" by CCN would be actionable as a misrepresentation.

Plaintiff's allegation of wire fraud is even more barren -- he does not bother to describe those alleged misrepresentations at all, let alone the misrepresentations specifically attributable to CCN, the time, place and person responsible for this alleged fraudulent statement on CCN's behalf, or the manner in which plaintiff was misled by CCN.

The remainder of plaintiff's fraud allegations are similarly deficient; in regards to each predicate act alleged, plaintiff fails to provide the information required to satisfy Rule 9. Despite the fact that his RICO allegations are 66 paragraphs long, plaintiff fails to include sufficient information in his Class Action Complaint to permit CCN the opportunity to defend itself against

8

his charges: . CCN cannot be expected to conjure the necessary detail from plaintiff's ethereal pleading. The Court should grant CCN's motion and require plaintiff to replead his allegations to conform with the requirements of the federal rules.

**C.    The Class Action Complaint Is an Improper "Shotgun" Pleading.**

Courts routinely condemn the use of "shotgun pleadings." The Eleventh Circuit, for example, opined as follows:

> This case is part of a broader phenomenon that we have previously labeled "shotgun pleading." These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost -- extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happened here. An appeal ensues, and the court of appeals assumes the trial court's responsibility of sorting things out. The result is a massive waste of judicial and private resources; moreover, "the litigants suffer, and society loses confidence in the court[s'] ability to administer justice."

> We recognize the time pressures that the federal district courts face because of crowded dockets; it is much easier in the short term to permit shotgun pleadings -- in the hope that parties will settle their dispute -- instead of intervening sua sponte to narrow the issues. In the long term, however, the judicial work that results from shotgun pleadings is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined. As we have previously stated, and state once again, district courts have the power and the duty to define the issues at the earliest stages of litigation.

*Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

(footnotes and citation omitted, emphasis added). In other words, the problem with shotgun pleadings is that it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," and the defendant's task of answering is rendered virtually

impossible. *Anderson v. District Board of Trustee*, 77 F.3d 364, 366 (11th Cir. 1996). The appropriate response to a shotgun pleading is a motion for more definite statement, asking the court to require plaintiff to "present each claim for relief in a separate count, as required by Rule 10(b) and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Id.* at 366 (footnotes omitted).

Plaintiff's Class Action Complaint is 39 pages long, has 193 paragraphs and purports to assert six different causes of action. The factual allegations are contained in paragraphs 1-77. Thereafter, however, each count incorporates all 77 paragraphs indiscriminately. This problem is compounded in plaintiff's RICO claims, which incorporate paragraphs 1 through 77 at one point and paragraphs 1 through 49 at others. *Compare* Complaint at ¶ 100 *with* ¶¶ 143, 50. Plaintiff's Count III also improperly groups three separate RICO claims together in one count, asserting claims for violations of 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d) based on violations of 18 U.S.C. § 1962(a) and 18 U.S.C. §1962(d) based on violations of 18 U.S.C. § 1962(c). *See Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991). The current state of Larusso's pleadings prevents CCN from identifying the facts underlying his claims for relief. Larusso's use of shotgun pleadings "imperils fundamental principles of due process" by failing to give CCN notice of the allegations made against it. *McKenzie v. E.A.P. Mgmt. Corp.*, No. 98-6062-CIV-DIMITROULEAS, 1998 U.S. Dist. LEXIS 13678 at *3 (S.D. Fla. 1998).

The hazards of shotgun pleading are compounded here by the complexity of this matter. As reflected by its title, the Class Action Complaint purports to assert claims on behalf of a class of physicians and health care providers across Florida. *See* Exhibit A at ¶¶ 64-77. Case-management problems are magnified in class action litigation; the danger of confusion of issues, prejudice to parties, and waste of judicial resources posed by "shotgun pleadings" is magnified in

the class action context.  *See* Manual for Complex Litigation (Third) § 30.1 (2000) ("By its nature, litigation in which claims are made by or against a class tends to be complex and require judicial management.").  To ensure the efficient disposition of this matter and to avoid wasting the resources of the Court and the parties, the Court must grant CCN's motion and enter an order requiring Larusso to replead with specificity.

## CONCLUSION

Because the Class Action Complaint is an impermissible "shotgun pleading" which also fails to provide CCN fair notice of the claims asserted against it by failing to identify the contract at issue and failing to provide the factual allegations underpinning its RICO claims, CCN respectfully requests that the Court grant its motion, enter an order directing Larusso to replead within 10 days, and for such other and further relief to which CCN may be justly entitled.

DATED this 31st day of January, 2001.

Respectfully submitted,

McGuireWoods LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone:    (904) 798-3200
Facsimile:    (904) 798-3207
E-Mail:    wdeem@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED
CARE, INC.

11

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to the below-named counsel by U.S. Mail on the 31st day of January, 2001:

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Ste. 1700
Fort Lauderdale, FL 33301

Arthur Gold, Esq.
Gold & Coulson
11 S. LaSalle St., Ste. 2500
Chicago, IL 60603

Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747

Kopelman & Blankman, P.A.
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394


_____
William W. Deem

\\COM\44877.1

12