IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

DR. PAUL ZIDEL, and all others similarly )
situated, )
 )
    Plaintiffs, )
 )
v. )
 )
ALLSTATE INSURANCE COMPANY, )
and COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
 )
    Defendants. )
_____ )

**ALLSTATE AND OTHER DEFENDANTS' AGREED MOTION TO EXTEND TIME
FOR FILING RESPONSES TO PENDING MOTIONS FOR CLASS CERTIFICATION**

Defendants, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON) and Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON) (collectively "Allstate"), Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON), Fidelity and Casualty Company of New York (Case No. 01-6779-CIV-FERGUSON) and Continental Insurance Company (Case No. 01-6779-CIV-FERGUSON) (all collectively referred to as the "Movants"), hereby respectfully request that this honorable Court defer briefing on pending Motions for class certification. In support hereof, Movants state as follows:

1.    On September 28, 2001, this Court entered a series of Orders which, among other things, consolidated several cases pending against other actions and also granted in part and denied in part, several Motions to dismiss these, now consolidated, actions.



2. The parties to these consolidated cases are not yet at issue. In accordance with Rule 12 of the Federal Rules of Civil Procedure, the defendants are permitted ten days from the date on which they received notice of the Court's denial of the Motions to dismiss to file new, responsive pleadings. Fed. R. Civ. P. 12(a)(4)(A). Consequently, the deadline for the defendants to answer or otherwise plead to the complaints will be no earlier than October 15, 2001.

3. Several Motions for class certification are pending in these consolidated actions.

4. Under the Local Rules for this Court, based on the original filing dates, responses to certain Motions for class certification would be due as early as October 5, 2001.

5. The Federal Rules of Civil Procedure authorize this Court to control the manner, scope, and timing of the pretrial processes in class action litigation. In the present case, deferring briefing on pending Motions for class certification is warranted, appropriate and in the best interests of Court and the parties.

6. These cases have only just recently been consolidated for discovery purposes. At this time, counsel for the Movants, along with counsel for plaintiffs and counsel for the defendants to these consolidated cases, are negotiating to determine whether agreement can be reached regarding the terms of a proposed Case Management Order, and additional time is needed to complete those negotiations. An agreement on a proposed Case Management Order may well resolve such issues as timing for motions for class certification and responses thereto. Given these on-going discussions among counsel for the parties, deferring briefing on the currently-pending motions for class certification until such time as a comprehensive schedule could possibly be put in place would be a sensible and practical approach.

7.  At this point in time, neither the Movants, nor the third-party defendant in <u>Zidel v. Allstate Insurance Company</u>, Case No. 00-6061-CIV-FERGUSON, Community Care Network, Inc. ("CCN"), have had an opportunity to take any class certification discovery, nor even a certification deposition of the putative class representative.

8.  The contract at issue in <u>Zidel v. Allstate Insurance Company</u>, Case No. 00-6061-CIV-FERGUSON, in particular, contains an arbitration clause. CCN has, on that basis, recently filed a Motion to compel arbitration and to stay or dismiss the litigation entirely. It makes no sense to litigate the issue of class certification, with the discovery and extensive briefing that doing so would entail, prior to knowing whether that case will remain in litigation at all.

9.  Avoidance of potentially unnecessary costs and burdens is a proper basis for deferring pretrial activities in class action litigation. See <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.")

10. Adhering to that rationale, this Court previously entered an Order in at least one of the other consolidated cases, <u>Browner v. Allstate Indemnity Company, et al.</u>, Case No. 00-7163-CIV-Ferguson, which deferred the time for Allstate to respond to the Motion for class certification in that case until a period of time following the Court's ruling on the motion to dismiss in that case.

11.   Eric Lee, counsel for plaintiffs has agreed to Movants' request that this Court defer briefing on pending Motions for class certification in the aforementioned case numbers, for a period of time sufficient to allow the parties to continue to confer and attempt to reach an agreement on a specific deadline as part of a possible comprehensive agreement on a Case Management Order. Specifically, Mr. Lee has agreed to defer briefing through and until October 15, 2001, and, thereafter, either the parties hereto would submit to the Court a joint stipulation for extension to an agreed-upon date, or in the event the parties cannot agree, individual Movants would file Motions for the extension periods they request.

12.   William Deem, counsel for third-party defendant CCN in Case No. 00-6061-CIV-FERGUSON has informed undersigned counsel for Movants that CCN joins in this Motion.

WHEREFORE, Defendants, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and Continental Insurance Company respectfully request that this Court enter an Order deferring further briefing on pending Motions for class certification in their respective cases.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 5TH day of October, 2001.

*/s/ David B. Shelton*

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate Insurance Company | Attorneys for Allstate Insurance Company |
| Allstate Indemnity Company | Allstate Indemnity Company |
| Deerbrook Insurance Company | Deerbrook Insurance Company |
| Fidelity and Casualty Company of New York | Fidelity and Casualty Company of New York |
| and Continental Insurance Company | and Continental Insurance Company |

## BROWNER SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Robin Corwin Campbell, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Douglas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

David B. Shelton, Esq.
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**Counsel for Beech Street and ADP**

Thomas Tew, Esq.
Joseph A. DeMaria, Esq.
John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
William E. Adams, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Gregory A. Baldwin, Esquire
Robert K. Levenson, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Prudential**

John D. Adcock, Esquire
Richard M. Wyner, Esquire
Jeffrey M. Klein, Esquire
M. David Dobbins, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy Johnson Maus
Eric Zivitz
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021