IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DR. PAUL ZIDEL, on behalf of himself    CASE NO. 00-6061-CIV-FERGUSON/SNOW
and all others similarly situated,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

      Defendants.

_____/

SALVATORE LARUSSO D.C.    CASE NO. 01-8110-CIV-FERGUSON/SNOW
d/b/a FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly situated,

      Plaintiff,

v.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

      Defendant.

_____/

**NIGHT BOX**
**FILED**

**OCT 15 2001**

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## FLORIDA FARM BUREAU'S MOTION TO STAY DISCOVERY
## PENDING RULING ON ITS MOTION TO COMPEL ARBITRATION

Defendant Florida Farm Bureau Casualty Insurance Company ("Florida Farm Bureau")

respectfully requests the Court to stay all discovery pending resolution of the dispositive issues it

has raised in its Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending

Arbitration (filed May 11, 2001), and states in support as follows:

NON-COMPLIANCE OF S.D. fla. L.R. 7./. A.Y.



1.      This is a purported class action lawsuit in which the sole named Plaintiff, Dr. Salvatore Larusso ("Larusso"), attempts to plead violations of the federal Racketeering Influenced Corrupt Organizations (RICO) statute as well as a variety of state law causes of action against Florida Farm Bureau.  The gist of the Complaint is Larusso's dissatisfaction with the amounts Florida Farm Bureau reimbursed him for providing medical treatment to the Company's policy holders who had been in car accidents.

2.      On April 16, 2001, we filed a Motion to Dismiss the Complaint, in which we demonstrated that the RICO claim was fatally flawed, showed that as a result the Court should not exercise supplemental jurisdiction over the state law claims, and also explained how the state law counts are themselves legally deficient.  That motion is fully briefed and pending before the Court.

3.      On May 11, 2001, we filed our Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration.  In that motion, we showed how Larusso is compelled to arbitrate his claims in this case because his claims are based on acceptance of benefits under contracts (automobile insurance policies) that contained mandatory arbitration provisions.  That motion also is fully briefed and ripe for adjudication.  As a result, there are now two dispositive motions pending before the Court -- one to dismiss the Complaint, and one to compel arbitration.

4.      On October 2, 2001, Larusso served by mail on Florida Farm Bureau three discovery requests: a Request for Admissions, a Request for Production of Documents, and Interrogatories.  Pursuant to this Court's Omnibus Order of September 28, 2001, these discovery requests were simultaneously served on all Defendants whom the Court had ordered consolidated for discovery purposes in these cases.  Responses are due to be served on November 5, 2001.

7090-00100 318823.1

5.    Larusso furthermore on October 11, 2001, requested that Florida Farm Bureau and other Defendants designate corporate representatives for depositions pursuant to Federal Rule of Civil Procedure 30(b)(6).

6.    Given the two dispositive motions before the Court, and in particular the Motion to Compel Arbitration, it is premature for the Plaintiff to undertake discovery as to Florida Farm Bureau. We ask the Court to enter an order staying all discovery as to Florida Farm Bureau until after the Court has ruled on our Motion to Compel Arbitration. We also ask that the Court set up an expedited briefing schedule on this motion so that the Court may rule before Florida Farm Bureau's responses are due on November 5.

7.    Pursuant to S.D. Fla. L.R. 7.1(A)(3)(a), we wrote to Larusso's lawyer to discuss our reasons for bringing this motion and to attempt to secure his agreement. We received no response.

### MEMORANDUM OF LAW

Under Federal Rules of Civil Procedure 26(c) and (d), a court may control the sequence and timing of discovery by entering any order which justice requires to prevent annoyance, oppression, undue burden or expense. Included in this authority is the ability to enter orders that discovery not be had. Fed. R. Civ. P. 26(c)(1). Thus, a federal district court has broad discretion to limit or stay discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997). This is particularly true where the court has not yet had an opportunity to rule on a dispositive motion. *Id.* at 1367-68; *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124 (5th Cir. 1976). As such, a stay of discovery is appropriate where a motion to compel arbitration is pending. *In re: Managed Care Litigation*, No. 1334, 00-1334-MD, 2001 WL 664391 (S.D. Fla. June 12, 2001) (staying discovery until the court rules on

3

7090-00100 318823.1

pending motions to dismiss and to compel arbitration). This practice allows the Court to rule on matters that present a purely legal question before discovery begins since "neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama*, 123 F.3d at 1367.

In *Chudasama*, the Eleventh Circuit held that the district court abused its discretion by *not* staying discovery while it considered the manufacturer's Rule 12(b)(6) motion to dismiss: "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact . . . ." *Id.* at 1367. The court went on to explain its reasoning:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1368. *See also Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987) (district court properly stayed discovery until it decided whether individual defendants were proper parties to the action); *Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127 (2d Cir. 1987) (district court did not abuse discretion in staying discovery pending ruling on dispositive motion to dismiss); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124 (5th Cir. 1976) (district court was correct to order stay of discovery while it considered summary judgment motion since none of propounded discovery addressed facts at issue in motion). Thus, discovery should be stayed while dispositive motions are pending.

Here, the Motion to Compel Arbitration clearly demonstrates a mandatory arbitration provision in a contract which forms the basis of Larusso's claims. As such, this matter should be referred to arbitration and the case dismissed accordingly. As the *Chudasama* court held, forcing the parties to proceed with discovery before ruling on the dispositive issues of whether this lawsuit must be referred to arbitration or even should stand will involve a tremendous waste of the parties' and the Court's resources and time. *Chudasama*, 123 F.3d at 1368 (by ruling on defendant's motion to dismiss fraud claim before allowing discovery to proceed, court could have curtailed plaintiff's discovery and mooted ensuing discovery disputes).

Here, Larusso's discovery requests are extensive. If this Court grants either or both of Florida Farm Bureau's pending motions at a later date, a tremendous amount of resources could be wasted in answering these discovery requests now. This may be avoided if the Court stays discovery until after it determines whether, or how, this lawsuit will proceed. If the court grants Florida Farm Bureau's Motion to Compel Arbitration and dismisses or stays this case pending arbitration, Larusso's discovery requests would be mooted. Likewise, if the Court dismisses some or all of the counts, some or all of the discovery may be moot.

## CONCLUSION

Because Florida Farm Bureau will likely prevail on its Motion to Compel Arbitration and Dismiss or Stay the Case Pending Arbitration, we respectfully request this Court to enter an order staying discovery pending resolution of that motion. Florida Farm Bureau further requests this Court to set an expedited briefing schedule for this motion so that the Court can rule prior to November 5, the date on which Florida Farm Bureau's first discovery responses are due.

7090-00100 318823.1

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (fax)
Attorneys for the Defendant

By: *Robert K. Levenson*
Gregory Baldwin
Florida Bar No. 527394
Robert K. Levenson
Florida Bar No. 0089771
Rebecca Sack
Florida Bar No. 0156302

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S.

Mail on all counsel on the attached service list, this ____ day of October, 2001.

*Robert K. Levenson*
HOLLAND & KNIGHT LLP

MIA1 #1081245 v1

6

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 10/03/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855

(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com

7090-00100 318823.1

150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
5300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

9

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile