IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

DR. PAUL ZIDEL

    Plaintiff,

v.                                CASE NO. 00-6061-CIV-FERGUSON/SNOW

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a/ CCN,

    Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,

    Plaintiff,                CASE NO. 01-8111-CIV-FERGUSON/SNOW

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## MOTION FOR RECONSIDERATION

Defendant, Hartford Insurance Company of the Midwest ("Hartford of the Midwest"), hereby moves for reconsideration of the Court's Omnibus Order dated September 28, 2001 (D.E. 19) and the Court's Amended Scheduling Order dated September 28, 2001 (D.E. 18). As grounds, Hartford of the Midwest states as follows:

## MEMORANDUM OF LAW

1.     The original complaint in this matter was filed on February 7, 2001 against ITT Hartford Life and Annuity Insurance Company ("ITT Hartford").

2.     While the original complaint was filed in February of 2001, ITT Hartford



was not served with the Complaint and a Notice of Pendency of other actions [1] until May 16, 2001. (D.E. 1, 2). The Complaint indicated that this Action was originally assigned to Judge Daniel T. K. Hurley. Before ITT Hartford was served with the Complaint, the Action was transferred to Judge Wilkie D. Ferguson. (D.E. 8).

3. Shortly after ITT Hartford was served, counsel for ITT Hartford notified Plaintiff's counsel that the wrong entity had been joined as the Defendant.

4. Despite being apprised of his error in June of 2001, Plaintiff did not correct his error until October 10, 2001, when he filed an Amended Complaint naming Hartford of the Midwest as the Defendant in this matter.

5. On February 13, 2001, before ITT Hartford or Hartford of the Midwest was served, Plaintiff filed a motion to consolidate this action with other Actions in this Court. (D.E. 5). Plaintiff has never served this motion on ITT Hartford or Hartford of the Midwest and the subject motion has never been briefed.

6. Despite the fact that the motion to consolidate had not been served or briefed, ITT Hartford was served with three Orders of this Court that include this Action in the caption of the Orders.[2] These orders are: (1) an Omnibus Order on Pending Motions dated

---

[1] Plaintiff alleged that these other actions were related and were identified as: *Zidel v. Allstate Ins. Co.* (Case No. 00-6061-CIV-FERGUSON); *Brickell v. Progressive Express Ins. Co.* (Case No. 00-6649-CIV-FERGUSON); and *Browner v. Allstate Indemnity Co.* (Case No. 00-7163-CIV-FERGUSON).

[2] In addition to the cases listed in note 1, *supra*, the captions of the Orders list this case and the following additional cases: *Larusso v. Liberty Mutual Ins. Co.* (Case No. 00-7692-CIV-FERGUSON); *Larusso v. Nationwide Ins. Co.* (Case No. 01-8109-CIV-FERGUSON); *Larusso v. Florida Farm Bureau* (Case No. 01-8110-CIV-FERGUSON); and *Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.* (Case No. 01-8111-CIV-FERGUSON). *Ultra Open MRI Corp. v. Progressive American Ins. Co.* (Case No. 01-6776-CIV-FERGUSON); *Ultra Open MRI Corp. v. Deerbrook Ins. Co.* (Case No. 01-6777-CIV-FERGUSON); *Ultra Open MRI Corp. v. Integon National Ins. Co., et al.*

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON

September 28, 2001 (the "Omnibus Order") (D.E. 19); (2) an Amended Order[3] Setting Trial Date and Discovery Schedule dated September 28, 2001 (D.E. 18) (the "Trial Order"); and (3) an Amended Order[4] of Reference to Magistrate dated September 28, 2001 (D.E. 17) (the "Referral Order") [collectively, the "9/28 Orders"].

7. It is Hartford of the Midwest's understanding that there was a hearing/status conference on the subject matter of these 9/28 Orders on May 14, 2001. Notably, neither ITT Hartford nor Hartford of the Midwest had been served as of the date of that hearing and did not participate in the hearing.

8. The Court's Omnibus Order (D.E. 19) states:

> Motions to Consolidate (00-6649, D.E. #107; 00-7163, D.E. #68; 00-7692, D.E. #31; 01-8108, D.E. #4; 01-8110, D.E. #5; 01-8111, D.E. #5) are **GRANTED** for discovery purposes . . . .[5]

9. While this case is listed as one of the consolidated cases, it is clear that Hartford of the Midwest has never been afforded an opportunity to address the issue of consolidating this Action. Indeed, and as set forth above: (a) neither ITT Hartford nor Hartford

---

(Case No. 01-6778-Civ-Ferguson); *Ultra Open MRI Corp. v. Fidelity and Casualty Co. of New York* (Case No. 01-6779-CIV-FERGUSON); *The Chiropractic Centre, Inc. v. Superior Ins. Co.* (Case No. 01-6782-CIV-FERGUSON); *The Chiropractic Centre, Inc. v. Metropolitan Casualty Ins. Co.*, (Case No. 01-6783-CIV-FERGUSON); *Ultra Open MRI Corp v. Prudential Property & Casualty Ins. Co.* (Case No. 01-6778-CIV-FERGUSON); and *Mote Wellness & Rehab., Inc. v. American International Ins. Co.* (Case No. 01-CV-8549-CIV-FERGUSON.

[3] Notably, ITT Hartford and/or Hartford of the Midwest have never received any "original" or other trial order previous to this "Amended" Trial Order.

[4] Again, ITT Hartford and/or Hartford of the Midwest have never received any "original" or other orders of referral prior to this "Amended" Referral Order.

[5] This consolidation order is apparently limited to consolidation for "discovery purposes." Hartford of the Midwest notes that this is inconsistent with the apparent scope of the Trial Order.

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON

of the Midwest were served with the motion for consolidation; (b) neither ITT Hartford nor Hartford of the Midwest were provided with an opportunity to brief the issue of consolidation; and (c) neither ITT Hartford nor Hartford of the Midwest had even been served as of the date of the hearing on the issue of consolidation.

10. Accordingly, and based on the circumstances set forth above, Hartford of the Midwest asks the Court to reconsider the consolidation of this Action against Hartford of the Midwest. At the very least, Hartford of the Midwest should be provided with an opportunity to brief and/or to be heard on this issue.

11. Hartford of the Midwest notes for the record that it is opposed to the consolidation of this Action with any of the other actions listed in the caption of the orders (the "Other Actions"), for discovery purposes or otherwise.

12. Indeed, Hartford of the Midwest contends that this Action is not an appropriate candidate for consolidation, as the individual legal and factual issues implicated by this Action are fundamentally different from the Other Actions. Each action involves different plaintiffs, different defendants, different third-parties and different factual allegations. While this Action and the Other Actions may share some limited common legal issues, it is clear that they are unlikely to have any common facts whatsoever.

13. Moreover, this Action and the Other Actions address issues involving insurance claims-handling by various automobile insurers. These insurers are direct competitors in the automobile insurance market. Obviously, the disclosure of information and/or documents during discovery, a class certification hearing and/or trial is likely to involve the possible disclosure of trade secrets and/or other highly sensitive and competitive information -- information that cannot be shared among the various parties to these Actions.

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON

14. In addition, several of the Other Actions were filed well before this Action (the first was filed almost two years ago) and have already been the subject of protracted litigation before this Court.[6]

15. Moreover, all of the apparently consolidated Actions implicate issues that are unique or individual in nature and cannot be handled on a consolidated basis. For example, several of the Other Actions have pending motions to compel arbitration. Other Actions include additional, non-insurer defendants (the only current defendant is this Action is Hartford of the Midwest).

16. Essentially, Plaintiff seeks to hitch a new car (*i.e.,* this Action) to the train (the Other Actions) after the train has long departed the station. Consolidation of this case with these Other Actions will undoubtedly result in confusion to the ultimate fact finder and unquestionable prejudice to the Defendant. Accordingly, consolidation of this Action is unwarranted and inappropriate. *See, e.g., Kelly v. Kelly,* 911 F. Supp. 66 (N.D.N.Y. 1996); *Servants of Paraclete, Inc. v. Great American Ins. Co.,* 866 F. Supp. 1560 (D.N.M. 1994); *Henderson v. National Railroad Passenger Corp.,* 118 F.R.D. 440 (N. D. Ill. 1987).

17. Hartford of the Midwest also objects to the application of the Amended Trial Order to this Action. As set forth above, Hartford of the Midwest was not joined as a party to this Action until October 10, 2001. It has yet to respond to the Amended Complaint.

18. Moreover, this is a putative class action case against Hartford of the Midwest which should be assigned to the Complex Track pursuant to Local Rule 16.1(2).

---

[6] The first-filed action, *Zidel v. Allstate Ins. Co.,* (Case No. 00-CV-6061-CIV-FERGUSON), was filed in January of 2000. A review of the docket sheet reveals almost 200 docket entries since that time. Similarly, the *Brickell v. Progressive Express Ins. Co.* (Case No. 00-CV-6649), was filed in May of 2000. A review of the docket sheets reveals more than 120 docket entries since that time.

MI714670;1                                    5

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON

Indeed, Hartford of the Midwest believes that a trial of this Action is likely to require over 10 days of trial. The Amended Trial Order, which requires Hartford of the Midwest to complete discovery by April 1, 2002 (less than six months after it was served), is completely unworkable and inconsistent with this complex case.[7]

19.  The Amended Trial Order does not account for the fact that the defendants in several of the actions, including this Action, have yet to respond to the Complaint. It also does not address the fact that these actions are putative class actions, which typically require class action discovery and a likely evidentiary hearing on the issue of class certification prior to full-blown discovery on the merits and trial. *See, e.g., In re Miller Indus., Inc. Secs. Litig.*, 186 F.R.D. 680, 684 (N.D. Ga. 1999) (court should allow parties to conduct limited discovery and adduce evidence relevant to the class certification issue in advance of determining the propriety of class certification); *In re Polypropylene Carpet Antitrust Litig.*, 178 F.R.D. 603, 609 (N.D. Ga. 1997) (same); *Manual for Complex Litigation (Third)*, § 30.11 (discovery is appropriate prior to determining class certification).

20.  In summary, Hartford of the Midwest seeks reconsideration of the Orders issued by this Court on September 28, 2001. In particular, Hartford of the Midwest requests reconsideration of the consolidation of this Action and the application of the Amended Trial Order to this Action. Hartford of the Midwest contends that this Action is not an appropriate candidate for consolidation. Hartford of the Midwest also contends that the Amended Trial

---

[7] Local Rule 16.1 states that discovery for a Complex Track case shall be completed within 270 to 365 days from the date of a scheduling order. Notably, there has been no scheduling order entered in this Action. Even assuming that the scheduling date runs from the date that Hartford of the Midwest was served on October 10, 2001, this would mean that Hartford of the Midwest is entitled to at least a discovery deadline between July 7, 2002 and October 10, 2002 -- long after the trial date contained in the Trial Order.

MI714670;1                                                6

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON

Order should not be applied to this Action in whole or in part.

**WHEREFORE,** Hartford of the Midwest requests that this Court reconsider its Orders of September 28, 2001. In particular, Hartford of the Midwest requests reconsideration of the consolidation of this Action and the application of the Amended Trial Order to this Action. Hartford of the Midwest contends that this Action is not an appropriate candidate for consolidation. Hartford of the Midwest also contends that the Amended Trial Order should not be applied to this Action in whole or in part.

        Respectfully submitted,

        Akerman, Senterfitt & Eidson, P.A.
        Counsel for Defendant
        SunTrust International Center, 28th Floor
        One Southeast Third Avenue
        Miami, Florida 33131-1704
        Phone: (305) 374-5600
        Fax: (305) 374-5095
        E-Mail: MAldrich@Akerman.com

        _____
        Marcy Levine Aldrich
          Fla. Bar No. 0968447
        Paul Shelowitz
          Fla. Bar No.777447

        and
        Howard J. Roin
        Co-Counsel for Defendant
        Mayer, Brown & Platt
        190 South LaSalle Street
        Chicago, IL, 60603-3441
        Tel: 312-782-0600
        Fax: 312-701-7711
        E-Mail: hroin@mayerbrown.com

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 16th day of October, 2001 on:

_____
Marcy Levine Aldrich

# SERVICE LIST
*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos. 00-6061; 01-8111-Civ-Ferguson) (S.D. Fla.)

**Co-Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
  atlas@atlaslaw.com
Eric Lee, Esq.
  lee@atlaslaw.com
Robin Corwin Campbell, Esq.
  campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

**Co-Counsel for Plaintiffs**

GOLD & COULSON
Arthur S. Gold, Esq.
  asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

**Co-Counsel for Plaintiffs**

PHILLIPS & GARCIA
Andrew Garcia, Esq.
  agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
  cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

**Co-Counsel for Plaintiffs**

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
  dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
  personalinjurylawyer@earthlink.net

MI714681;1

230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

**Co-Counsel for Plaintiffs**

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
  rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

**Co-Counsel for Plaintiffs**

Casey Fundaro, Esq.
Florida Bar No. 933650
  fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
  dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
  peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
  TAGUE, RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
Direct Tel: (305) 539-2106
  tt@tewlaw.com
Joseph A. DeMaria, Esquire
Direct Tel: (305) 539-2440
  jad@tewlaw.com
John M. Quaranta Esquire
Direct Tel: (305)536-8432
  jmq@tewlaw.com

Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
 fanania@anania-law.com
Donald A. Blackwell, Esq.
 dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
 wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
 badams@mcguirewoods.com
Curt Caywood, Esquire
 ccaywood@McGuireWoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
Tel: (904)798-3200
Fax: (904)798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
 klake@fowlerwhite.com
Bruce A. Aebel, Esquire
 baebel@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813)228-7411
Fax: (813)229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
 haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215)299-4314
Fax: (215)299-4301

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire

- 4 -

   gbaldwin@hklaw.com
Robert K. Levenson, Esquire
   rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
   mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Metropolitan**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
   maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
   jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
   maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Prudential**

SHEA & GARDNER
John D. Aldock, Esquire
   jaldock@sheagardner.com
Direct Tel: (202) 828-2140
Richard M. Wyner, Esquire
   Rwyner@sheagardner.com
Direct Tel: (202) 828-2188

MI714681;1

Jeffrey M. Klein, Esquire
 jklein@sheagardner.com
Direct Tel: (202) 828-4301
M. David Dobbins, Esquire
 ddobbins@sheagardner.com
Direct Tel: (202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
 kmaus@bbplaw.com
Eric Zivitz
 ezivitz@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
 anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for American International**
CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
 dfriedman@csglaw.com
Brian P. Knight, Esquire
 bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577

MI714681;1

- 5 -