UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

CASE NO. 00-6649-CIV-FERGUSON

KEITH BRICKELL, D.C.,
individually and on behalf of
all others similarly situated,

    Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION,
and ADP INTERGRATED MEDICAL
SOLUTIONS, INC.,

    Defendants.
_____/

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

PLEASE TAKE NOTICE that Plaintiff KEITH BRICKELL, D.C., on behalf of himself and all others similarly situated, by his undersigned counsel, in further support of his pending Motion

7090-00100 335037.1



for Class Certification, hereby notifies this Court that on March 7, 2001, the Honorable William Herring in the case entitled <u>David W. Ice v. Progressive Bayside Insurance Company</u>, Case No. 98-12491-COCE-53, Broward County Court, granted Plaintiff's Motion for Class Certification in an action for declaratory relief relating to Section 627.736(10), Florida Statutes. A true and correct copy of the decision is attached hereto as Exhibit "1". The Order granting Plaintiff's Motion for Class Certification is currently on appeal to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. Additional supplemental authority can be found in <u>Allstate Indemnity Co. v. De La Rosa</u>, 2001 WL 1040929 (Fla. 3d DCA September 12, 2001) in which the Third District Court of Appeal affirmed the trial court's non-final order granting Class Certification in an action brought on behalf of health care providers for an insurance company's violations of Section 627.736, Florida Statutes. A true and correct copy of the decision is attached hereto as Exhibit "2".

             Respectfully submitted,

             ATLAS PEARLMAN, P.A.
             Co-Counsel for Plaintiff
             KEITH BRICKELL, D.C.
             350 East Las Olas Boulevard, Suite 1700
             Fort Lauderdale, FL 33301
             (954) 763-1200
             (954) 766-7800 Facsimile

By: _____
   ERIC LEE
   Florida Bar No. 961299

7090-00100 335037.1

ATLAS PEARLMAN
ATTORNEYS AT LAW

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 16th day of October, 2001 upon: all individuals on the attached service list.

ERIC LEE

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/03/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

ATLAS PEARLMAN

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
5300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

RECEIVED

IN THE COUNTY COURT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 98-12491 COCE 53

DAVID W. ICE,

    Plaintiff,

vs.

PROGRESSIVE BAYSIDE
INSURANCE COMPANY,

    Defendant.

_____

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION

THIS CAUSE having come on to be heard on the Plaintiff's Motion for Class Certification, and the Court having reviewed the Motion and Memoranda filed by the parties, all items of record, and having heard argument of counsel on December 13, 2000, and being otherwise advised in the premises, finds and concludes as follows:

1. Plaintiff, DAVID W. ICE ("ICE"), in his Amended Class Action Complaint and in his Motion for Class Certification, sought certification of two classes. The first (referred to as the "Class") included all persons and entities who purchased non-preferred provider automobile insurance policies from PROGRESSIVE in the State of Florida since February 25, 1992. The second

1

(referred to as the "Claimant Class") consisted of persons and entities who made claims for Personal Injury Protection benefits under non-preferred provider policies but whose benefits were paid at preferred provider rates by PROGRESSIVE in the State of Florida from February 25, 1992, through the present.

2. ICE, during the class period, had purchased a policy of automobile insurance from PROGRESSIVE which did not have a preferred provider endorsement. He incurred medical expenses as a result of an automobile accident. He submitted a claim for personal injury protection benefits to PROGRESSIVE. Despite there being no preferred provider endorsement to ICE'S policy, PROGRESSIVE, consistent with its company practice which had been in place since 1992, paid certain of ICE'S health care providers at 80% of reduced preferred provider rates as opposed to 80% of reasonable and necessary rates as mandated by Section 627.736(1), Florida Statutes, and by ICE'S policy.

3. On December 5, 2000, this Court granted Partial Summary Judgment in ICE'S favor as to Count I of his Complaint. Said count was for declaratory relief. This Court specifically determined that PROGRESSIVE'S practice of paying preferred provider rates on the claims of insureds that had not purchased preferred provider policies was a violation of Section 627.736(10), Florida Statutes. This Court specifically ruled that Section 627.736(10) provides the exclusive means by

which an insurance company can pay preferred provider rates on Florida personal injury protection claims. This Court further ruled that if an insurance company does not comply with all of the requirements of Section 627.736(10), Florida Statutes, then full personal injury protection benefits at 80% of reasonable and necessary medical expenses must be paid.

4. In light of this Court's ruling on ICE'S Motion for Partial Summary Judgment, ICE, at the class certification hearing, informed the Court that it was no longer necessary to certify both the Class and the Claimant Class. Inasmuch as the Court had ruled that if a personal injury protection claim was submitted by a PROGRESSIVE insured whose policy did not have a preferred provider endorsement, PROGRESSIVE was required to pay 80% of reasonable and necessary medical expenses, it would only be necessary to certify one Class which was defined as follows:

> All persons since February 25, 1992, who have had claims paid at preferred provider rates under personal injury protection (PIP) coverage sold by Progressive to policyholders that did not elect to purchase a PIP policy with a preferred provider endorsement.

Pursuant to the provisions of Rule 1.220, the Court makes the following findings:

NUMEROSITY. The Court finds that Plaintiff has satisfied the numerosity requirement. Rule 1.220(a)(1) requires that the class be so numerous that joinder of all class members would be impracticable. The exact number of class members does

not have to be known. Estate of Bohinger v. Deltona Corp., 563 So. 2d 739, 743 (Fla. 2d DCA 1990). Further, the fact that a Plaintiff has a lack of knowledge as to the exact number of affected persons is not a bar to the maintenance of a class action. Manor Properties, Inc. v. Siksay, 489 So. 2d 842 (Fla. 4th DCA 1986). So long as a proposed class of Plaintiffs is readily identifiable through "reasonable effort" that can be ascertained through discovery, the required showing as been satisfied. Frankel v. City of Miami Beach, 340 So. 2d 463, 470 (Fla. 1976). Record evidence in this case establishes that in 1995, 4,515 claims for no-fault benefits were submitted to PROGRESSIVE. In 1996, the number was 4,209. Of those claims, 941 (1995) and 565 (1996) were made on policies with preferred provided endorsements and 3,574 (1995) and 3,664 (1996) were made on policies without the preferred provider endorsements. PROGRESSIVE acknowledges that it paid preferred provider amounts on bills submitted by physicians it considered preferred providers even though its insureds had purchased policies which did not contain preferred provider endorsements. Accordingly, it appears to the Court that there are over 7,000 potential class members from the years 1995 and 1996 alone. Inasmuch as the class period runs from February 25, 1992 to the present, it is obvious that the class will be much larger. While the exact number and identity of all potential class members is not yet known, joinder of all would clearly be impracticable. The

proposed class will be readily identifiable through reasonable effort and can be ascertained through discovery.

COMMONALITY. Rule 1.220(a)(2) requires that there be questions of law or fact common to all members of the putative class. The threshold of Commonality is not high. Aimed in part at determining whether there is a need for combined treatment and a benefit to be derived therefrom, the rule requires only that resolution of common questions affect all or a substantial number of class members. Broin v. Philip Morris Companies, Inc., 641 So. 2d 888, 890 (Fla. 3d DCA 1994). In this case, Progressive's business practice in Florida of paying personal injury protection benefits at reduced preferred provider rates rather than at reasonable and necessary rates on policies of its insureds that did not contain preferred provider endorsements affects all class members in the same manner. Record evidence establishes that PROGRESSIVE has been paying personal injury protection benefits to certain health care providers at reduced preferred provider rates despite the fact that insureds did not have policies with preferred provider endorsements since 1992. All members of the putative Class have a common interest in ensuring that their personal injury protection claims are paid at the statutory non-preferred provider rate. Accordingly, this Court concludes that ICE has satisfied the commonality requirement.

TYPICALITY. Rule 1.220(a)(3) requires that the interest of the class representative not differ significantly from those of the class as a whole. Plaintiff's claim is said to be typical if it arises from the same event or practice or a course of conduct that gives rise to the claims of the other class members and are based on the same legal theory. Powell v. River Ranch Property Owners Association, Inc., 522 So. 2d 69 (Fla. 2d DCA 1988). Variations in damages suffered do not affect the appropriateness of Class action treatment. Cohen v. Camino Sheridan, Inc., 466 So. 2d 1212, 1214 (Fla. 4th DCA 1985). This Court determines that ICE'S claim meets this standard. ICE, as well as putative Class members have been victims of the same course of conduct that this Court has deemed unlawful in its Order Granting Motion for Partial Summary Judgment. Accordingly, this Court determines that the typicality requirement has been met.

ADEQUACY OF REPRESENTATION. Adequacy of representation is required by Rule 1.220(a)(4) which provides a two-prong test. The test is satisfied if the named representative has an interest in common with proposed class members and the representative and his qualified counsel will properly prosecute the class action. Broin, supra, 641 So. 2d 892. This Court determines that both prongs of the adequacy test have been met in this case. Plaintiff's interests are not antagonistic to or in conflict with the interest of any other class members. He clearly possesses the

6

incentive to prosecute this claim on behalf of himself and all others similarly situated. According to PROGRESSIVE, no one else has brought a similar claim. ICE has a vested interest in bringing this matter to an ultimate successful conclusion. This Court also believes that Plaintiff's counsel have the experience and skill necessary to adequately prosecute this action.

This Court further concludes that PROGRESSIVE has acted on grounds generally applicable to all members of the class thereby making final declaratory relief concerning the class as a whole appropriate in accordance with the provisions of Rule 1.220(b)(2). Accordingly, this Court certifies the following class of individuals pursuant to the provisions of Rule 1.220(b)(2):

> All persons since February 25, 1992, who have had claims paid at preferred provider rates under personal injury protection (PIP) coverage sold by Progressive to policyholders that did not elect to purchase a PIP policy with a preferred provider endorsement.

Inasmuch as the exact number and identity of class members has not yet been ascertained and must be learned through discovery, which has yet to take place, all issues with regard to notification of class members shall be deferred until after the appropriate discovery has been completed.

Finally, long before the Motion for Class Certification was filed, Plaintiff had moved to transfer this matter to Circuit Court. PROGRESSIVE objected to the transfer claiming that it would be inappropriate to transfer the case unless and until

the putative class was certified. In light of the ruling herein certifying the class, this Court grants Plaintiff's previously filed Motion to Transfer and this matter shall be transferred to the Circuit Court. The undersigned does not wish to keep this case as an acting Circuit Judge.

DONE AND ORDERED in Chambers at Broward County, Florida, this 7 day of March, 2001.

WILLIAM W. HERRING<br>
COUNTY COURT JUDGE<br>
A TRUE COPY

Copies furnished:

Ronald F. Shapiro, Esq.
Francis Anania, Esq.
Larry Kopelman, Esq.
Doug Blankman, Esq.
Donald Blackwell, Esq.

8

2001 WL 1040929
26 Fla. L. Weekly D2193
(Cite as: 2001 WL 1040929 (Fla.App. 3 Dist.))
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

District Court of Appeal of Florida, Third District.

ALLSTATE INDEMNITY COMPANY, Appellant,
v.
Leandro De La ROSA, Appellee.

No. 3D00-1966.

Sept. 12, 2001.

Insured sought class certification in action against insurance company for failure to pay PIP benefits. The Circuit Court, Dade County, Margarita Esquiroz, J., issued non-final order granting class certification and naming insured as the class representative. Insurance company appealed. The District Court of Appeal held that insured could continue to act as class representative even though insurer attempted to pay insured's claim in full.

Affirmed.

[1] Parties ⚖35.73

287k35.73 Most Cited Cases

Insured could continue to act as class representative after filing class action claim against insurer even though insurer attempted to pay claim in full.

[2] Parties ⚖35.73
287k35.73 Most Cited Cases

Although an insurer may recognize that it has made errors and may then try to correct them prior to class certification, it cannot simply try to "pick off" the named class representative by offering to pay the class representative's claim in full.

[3] Parties ⚖35.13
287k35.13 Most Cited Cases

Even where an insurer pays a claim in full after the class is certified, the class representative may still be able to press the claim on behalf of the absent class members.

An Appeal from a nonfinal order of the Circuit Court for Dade County, Margarita Esquiroz, Judge.

Ross & Hardies and Peter J. Valeta; Rumberger, Kirk & Caldwell and David B. Shelton, for appellant.

John H. Ruiz, for appellee.

Before JORGENSON and GERSTEN, JJ., and NESBITT, Senior Judge.

PER CURIAM.

*1 Allstate Indemnity Company appeals from the trial court's non-final order granting class certification and naming Leandro de la Rosa the Class Representative. We affirm.

De la Rosa filed a class action complaint in November 1999 in which he alleged that Allstate, his PIP insurer, violated section 627.736, Florida Statutes (Supp.1996) by failing to pay 80% of his medical bills without first obtaining either a report of a physician who performed an independent medical examination or a record review justifying the reduced payment of those bills, and by failing to pay statutory interest after declining to provide PIP benefit payments within 30 days of being given notice of the loss.

Allstate admitted liability as to de la Rosa and tendered a check for $87.46, purportedly for the balance of the PIP payment plus

statutory interest; Allstate also admitted plaintiff's entitlement to attorney's fees. De la Rosa refused the tender, claiming the payment failed to include all principal and interest payments plus prejudgment interest on the accrued interest. Following a hearing, the court granted plaintiff's motion for certification as to two classes and abated ruling on certification of yet one more class. [FN1]

After thoroughly reviewing the record and the case law it is apparent that the trial court did not abuse its discretion in granting class certification. *See* Amedex Ins. Co. v. Tothe 26 Fla. L. Weekly D725 (Fla. 3d DCA March 14, 2001); Shoma Dev. Co. v.. Vazquez, 749 So.2d 1287 (Fla. 3d DCA 2000); Oce Printing Sys. USA, Inc. v. Mailers Data Servs., Inc., 760 So.2d 1037 (Fla. 2d DCA 2000); Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So.2d 852 (Fla. 3d DCA 1997); Sears, Roebuck and Co. v. Labora, 670 So.2d 1025 (Fla. 3d DCA 1996); Broin v. Philip Morris Cos., Inc., 641 So.2d 888 (Fla. 3d DCA 1994), *review denied,* 654 So.2d 919 (Fla.1995).

[1][2][3] Furthermore, the court properly named Leandro De La Rosa class representative. Contrary to Allstate's argument on appeal, De La Rosa's claim for damages remains viable despite Allstate's tenders of payment. [FN2] Although an insurer may recognize that it has made errors and may then try to correct them prior to class certification, *see* Taran v. Blue Cross Blue Shield of Florida, Inc. ., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997), *it cannot simply try to "pick off" the named class representative. See* Ramon v. Aries Ins. Co., 769 So.2d 1053 (Fla. 3d DCA 2000); State Farm Mut. Auto. Ins. Co. v. Kendrick, 780 So.2d 231, 232 n. 1 (Fla. 3d DCA 2001). In *Ramon,* the plaintiff/purported class representative "conceded that all of his medical providers had been paid in full, with interest, and that he was due no money from the insurer." Ramon v. Aries Ins. Co., 769 So.2d at 1054. In this case, however, the record is clear that Allstate has failed to pay De La Rosa's alleged claim in full. During the pendency of this appeal Allstate offered to pay de la Rosa an additional amount; he declined the offer. Even if Allstate were to pay his claim in full after the class was certified, "the class representative may still be able to press the claim on behalf of the absent class members." Allstate Ins. Co. v. Chaple, 774 So.2d 742, 744 (Fla. 3d DCA 2000).

*2 AFFIRMED.

FN1. The court's thorough ten-page Order Granting Class Certification defines the three classes in detail, and provides that "[s]ubclasses may be created in the future if necessary."

FN2. Our decision does not address the merits of any of the claims raised.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works