IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

DR. PAUL ZIDEL

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a/ CCN,

    Defendant.
_____/

CASE NO. 00-6061-CIV-FERGUSON/SNOW

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

CASE NO. 01-8111-CIV-FERGUSON/SNOW

## DEFENDANT'S MOTION TO STAY DISCOVERY AND TO STAY THE TIME FOR RESPONDING TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND SUPPORTING MEMORANDUM

Defendant, Hartford Insurance Company of the Midwest ("Hartford"), hereby moves to stay all discovery in this matter[1] until the Court has resolved its pending Motion to dismiss the Amended Class Action Complaint. Additionally, if and when discovery commences, the Court should set a bifurcated discovery schedule, thereby limiting discovery to class issues and staying

---

[1] In particular, Defendants seek a stay of Plaintiffs' pending "Class Plaintiffs' Consolidated Interrogatories to Insurance Company Defendants," "Class Plaintiffs' Consolidated Request for Admissions to Insurance Company Defendants," and "Class Plaintiffs' Consolidated Request for Production of Documents to Insurance Company Defendants." These were served on October 3, 2001.

MI715093;1     1

CASE NO. 01-8111-CIV-FERGUSON

merits discovery pending the resolution of Plaintiff's motion for class certification. (D.E. 3). In keeping with these requests, Hartford also moves to stay the time for responding to Plaintiff's Motion for Class Certification. As grounds for its Motion, Hartford states as follows:

## MEMORANDUM OF LAW

### Introduction

As this Court is aware, this Action is one of 15 actions filed by Plaintiff's Counsel against various insurers in this Court.[2] On September 28, 2001, the Court consolidated this Action with 5 of the 15 cases (D.E. 19), even though Hartford was not joined as party to this litigation until October 10, 2001, had never been served with a motion to consolidate, and had never had opportunity to be heard on the issue of consolidation. Hartford has moved for reconsideration of the Court's consolidation order.

The gravaman of this Action is a challenge to Hartford's alleged application of negotiated discounts to medical bills arising from personal injury protection ("PIP") automobile insurance claims. Plaintiff contends that Hartford is not not entitled to apply such discounts to medical bills that he submitted on behalf of Hartford insureds.

While Hartford is mindful that this Court has considered motions to dismiss filed by insurers and other parties in the Other Actions, Hartford nonetheless contends that the Amended

---

[2] The Actions are: *Zidel v. Allstate Ins. Co.* (Case No. 00-6061-CIV-FERGUSON); *Brickell v. Progressive Express Ins. Co.* (Case No. 00-6649-CIV-FERGUSON); *Browner v. Allstate Indemnity Co.* (Case No. 00-7163-CIV-FERGUSON); *Larusso v. Liberty Mutual Ins. Co.* (Case No. 00-7692-CIV-FERGUSON); *Ultra Open MRI Corp. v. Progressive American Ins. Co.* (Case No. 01-6776-CIV-FERGUSON); *Ultra Open MRI Corp. v. Deerbrook Ins. Co.* (Case No. 01-6777-CIV-FERGUSON); *Larusso v. Nationwide Ins. Co.* (Case No. 01-8109-CIV-FERGUSON); *Larusso v. Florida Farm Bureau* (Case No. 01-8110-CIV-FERGUSON); *Ultra Open MRI Corp. v. Integon National Ins. Co., et al.* (Case No. 01-6778-Civ-Ferguson); *Ultra Open MRI Corp. v. Fidelity and Casualty Co. of New York* (Case No. 01-6779-CIV-FERGUSON); *The Chiropractic Centre, Inc. v. Superior Ins. Co.* (Case No. 01-6782-CIV-FERGUSON); *The Chiropractic Centre, Inc v. Metropolitan Casualty Ins. Co.,* (Case No. 01-6783-CIV-FERGUSON); *Ultra Open MRI Corp v. Prudential Property & Casualty Ins. Co.* (Case No. 01-6778-CIV-FERGUSON); *Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.* (Case No. 01-8111-CIV-FERGUSON) and *Mote Wellness & Rehab., Inc. v. American International Ins. Co.* (Case No. 01-CV-8549-CIV-FERGUSON).

MI715093;1                                   2

CASE NO. 01-8111-CIV-FERGUSON

Complaint filed in this Action is woefully deficient and should be dismissed. Despite its extensive length, the Complaint fails to set forth any specific allegations entitling Plaintiff to relief. Despite Plaintiff's desire to turn a simple billing dispute into a complex federal class action case, it is clear that the law does not permit such a suit to proceed. Indeed, as set forth in Hartford's Motion, there are grounds to dismiss each and every one of Larusso's counts for relief with prejudice.

Accordingly, in light of Hartford's pending motion to dismiss and pending motion for reconsideration, Hartford respectfully requests that this Court stay all discovery in this matter pending the resolution of Hartford's motion to dismiss. Further, if and when any discovery is to be taken, Hartford requests that the Court set a bifurcated discovery schedule and thus limit Plaintiff to taking only class discovery until such time as the Court has resolved the issue of class certification. Consistent with these requests, Hartford also requests that the Court stay the time for Hartford to respond to Plaintiff's pending Motion for Class Certification.

## Argument

### A. The Court Should Stay All Discovery Pending Its Rulings on the Motion to Dismiss the Complaint

In the interests of fairness and judicial efficiency, this Court should stay all discovery until it has resolved Hartford's pending motion to dismiss the Amended Complaint. Plaintiff does not need to take discovery to respond to this motion, which raise only legal challenges to the allegations of the Amended Complaint. As the Eleventh Circuit has recognized:

> **Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.** Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motors Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added) (note & citations omitted).

As the Eleventh Circuit discussed at length in its hallmark *Chudasama* opinion, discovery

imposes significant burdens on both the litigants and the judicial system, so that district courts should strive to resolve motions to dismiss at the outset of litigation "before discovery has begun." *Id.* at 1368. The alternative -- allowing costly discovery to go forward before the parties even know what claims are at issue -- "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.*[3]

Federal courts within this Circuit routinely follow the guidelines established by *Chudasama* and do not hesitate to stay discovery where, as in this case, defendants have attacked the legal sufficiency of the claims against them. *See In re Southeast Banking Corp.*, 204 F.3d 1322, 1325 (11th Cir. 2000) (noting that the trial court stayed all discovery until "attacks on the amended Complaint, if any, are heard . . . so that the proper scope of discovery may be first determined"); *Crayton v. Callahan*, 120 F.3d 1217, 1218 (11th Cir. 1997) (affirming dismissal of class action complaint and noting that the district court stayed discovery pending the decision on the motions to dismiss); *Mallo v. Public Health Trust*, 88 F. Supp. 2d 1376, 1391 (S.D. Fla. 2000) (granting defendant's motion to stay discovery and class certification pending disposition of its motion to dismiss the Amended Class Action Complaint).

This case -- with its broad yet vague claims, including a highly inappropriate RICO claim, and its request for class certification -- presents great potential for the type of discovery abuses that concerned both Congress and the *Chudasama* court. This Court should, therefore,

---

[3] In 1995, in addressing securities class actions, Congress recognized the same problems highlighted by the *Chudasama* court, and enacted legislation (The Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.*) that mandates discovery stays while motions to dismiss are pending. *See* 15 U.S.C. § 78u-4(b)(3)(B); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (observing that "the overall aim of the Reform Act [is] curbing abusive securities litigation. An important component of achieving this goal was structuring the legislation to permit the dismissal of frivolous cases at the earliest feasible stage of the litigation"). Such discovery stays are now commonplace in securities class actions. *See Hilliard v. Black*, 125 F. Supp. 2d 1071, 1084 (N.D. Fla. 2000); *Gross v. Medaphis Corp.*, 977 F. Supp. 1463, 1465 (N.D. Ga. 1997).

stay all discovery until it has had an opportunity to review the motions to dismiss and determine whether Plaintiff actually has asserted valid claims to which he would be entitled to any discovery.

### B. The Court Should Set a Bifurcated Discovery Schedule If It Later Determines That This Action May Proceed

If the Court eventually permits the parties to begin taking discovery, it should limit the scope of that discovery pending the resolution of Plaintiffs' motion for class certification. At the outset, the parties should conduct only class discovery, reserving merits discovery until after the Court has ruled on the certification question. As the Eleventh Circuit has observed, such a bifurcated discovery schedule is both fair and efficient in class actions. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) (In affirming a challenge to a bifurcated discovery schedule, the court held that "[t]o make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits.").

Moreover, a bifurcated discovery schedule is commonplace in class actions because district courts do not consider merits issues when determining whether to grant class certification:

> When considering a motion for class certification, the court does not inquire whether the plaintiffs have adduced sufficient evidence to prevail on the merits of their claims. . . . The Court is not limited to the substance of the parties' pleadings and should allow them to conduct **limited discovery** and adduce evidence relevant to the class certification issue.

*In re Miller Indus., Inc. Secs. Litig.*, 186 F.R.D. 680, 684 (N.D. Ga. 1999) (emphasis added) (citations omitted); *accord In re Polypropylene Carpet Antitrust Litig.*, 178 F.R.D. 603, 609-10 (N.D. Ga. 1997); *see also Telecomm Technical Servs., Inc. v. Siemens Rolm Communications, Inc.*, 172 F.R.D. 532, 538-39 (N.D. Ga. 1997); *Barry R. Roseman, D.M.D., M.D., Profit Sharing Plan v. Sports & Recreation*, 165 F.R.D. 108, 110 (M.D. Fla. 1996) (both providing for initial period of class discovery).

For these reasons, courts regularly bifurcates discovery in insurance class action cases,

setting an initial period of class discovery. Copies of court orders applying bifurcated discovery schedules in similar insurance class action cases are attached as Exhibit A. *See also Powers v. GEICO*, 192 F.R.D. 313, 316 (S.D. Fla. 1998) (Judge Highsmith).

In accordance with all of these rulings, this Court should set a bifurcated discovery schedule in this class action -- if it eventually determines that the action should proceed. Bifurcation will serve the interests of efficiency, economy and preservation of scarce judicial resources. Moreover, and consistent with the cases set forth above, Hartford should not have to respond to Plaintiff's Motion for Class Certification until after the time for class discovery has expired.

## Conclusion

For the reasons set forth above, Hartford asks that the Court stay all discovery until it has ruled on its pending motion to dismiss the Complaint. Further, if and when any discovery is to be taken, Hartford requests that the Court set a bifurcated discovery schedule and thus limit Plaintiff to taking only class discovery until such time as the Court has resolved the issue of class certification. In keeping with these requests, Hartford also moves to stay the time for responding to Plaintiff's Motion for Class Certification.

Respectfully submitted,

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

Marcy Levine Aldrich
  Fla. Bar No. 0968447
Paul Shelowitz
  Fla. Bar No.777447

and
Howard J. Roin

CASE NO. 01-8111-CIV-FERGUSON

Co-Counsel for Defendant
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, IL, 60603-3441
Tel: 312-782-0600
Fax: 312-701-7711
E-Mail: hroin@mayerbrown.com

CASE NO. 01-8111-CIV-FERGUSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 22nd day of October, 2001 on:

_____
Marcy Levine Aldrich

# SERVICE LIST
*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos. 00-6061; 01-8111-Civ-Ferguson) (S.D. Fla.)

**Co-Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

**Co-Counsel for Plaintiffs**

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

**Co-Counsel for Plaintiffs**

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

**Co-Counsel for Plaintiffs**

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net

MI714681;1
- 1 -

230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

**Co-Counsel for Plaintiffs**

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
  rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

**Co-Counsel for Plaintiffs**

Casey Fundaro, Esq.
Florida Bar No. 933650
  fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
  dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
  peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
  TAGUE, RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
Direct Tel: (305) 539-2106
  tt@tewlaw.com
Joseph A. DeMaria, Esquire
Direct Tel: (305) 539-2440
  jad@tewlaw.com
John M. Quaranta Esquire
Direct Tel: (305)536-8432
  jmq@tewlaw.com

MI714681;1

Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
 fanania@anania-law.com
Donald A. Blackwell, Esq.
 dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
 wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
 badams@mcguirewoods.com
Curt Caywood, Esquire
 ccaywood@McGuireWoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
Tel: (904)798-3200
Fax: (904)798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
 klake@fowlerwhite.com
Bruce A. Aebel, Esquire
 baebel@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813)228-7411
Fax: (813)229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
 haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215)299-4314
Fax: (215)299-4301

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire

MI714681;1

- 3 -

gbaldwin@hklaw.com
Robert K. Levenson, Esquire
  rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
  mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Metropolitan**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
  jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Prudential**

SHEA & GARDNER
John D. Aldock, Esquire
  jaldock@sheagardner.com
Direct Tel: (202) 828-2140
Richard M. Wyner, Esquire
  Rwyner@sheagardner.com
Direct Tel: (202) 828-2188

MI714681;1

- 4 -

Jeffrey M. Klein, Esquire
 jklein@sheagardner.com
Direct Tel: (202) 828-4301
M. David Dobbins, Esquire
 ddobbins@sheagardner.com
Direct Tel: (202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
 kmaus@bbplaw.com
Eric Zivitz
 ezivitz@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
 anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for American International**
CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
 dfriedman@csglaw.com
Brian P. Knight, Esquire
 bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577