## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
### Referred to Magistrate Judge Snow

DR. PAUL ZIDEL, and all others similarly
situated,

          **Plaintiffs,**

v.

ALLSTATE INSURANCE COMPANY,

          **Defendant.**

)
)
)
)
)
)
)
)
)
)
)
)

NIGHT BOX
FILED

OCT 2 3 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

---

## DEFENDANT, ALLSTATE AND OTHERS' MOTION FOR CLARIFICATION
## OF CASE MANAGEMENT AND SCHEDULING ISSUES

Defendants, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON) and

Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON) (collectively "Allstate"),

Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON), Fidelity and Casualty

Company of New York (Case No. 01-6779-CIV-FERGUSON) and Continental Insurance

Company (Case No. 01-6779-CIV-FERGUSON) (all collectively referred to as the "Movants"),

hereby respectfully request that this honorable Court clarify case management and scheduling

issues essential to any possibility of orderly progress in these cases. In support hereof, Movants

state as follows:

    1.      On September 28, 2001, Judge Ferguson entered a series of Orders which, among

other things, consolidated fifteen (15) separate cases by seven (7) putative class representatives

against twenty-two (22) defendants, granted in part and denied in part, several Motions to



dismiss the now consolidated actions, and referred all "pending and future pre-trial non-dispositive motions" to this Court "to take all necessary and proper action as required by law."

2.    One Order entered on September 28, 2001, entitled Amended Order Setting Trial Date and Discovery Schedule ("Amended Pretrial Order"), set all fifteen cases for trial during the two week period commencing June 17, 2002. The Amended Pretrial Order also established a schedule for pretrial procedure in all fifteen cases which set, among others, the following deadlines:

a.    February 11, 2002, for plaintiffs to furnish lists of expert witnesses to defendants' counsel;

b.    February 25, 2002, for depositions of plaintiffs' expert witnesses to occur;

c.    February 25, 2002, for defendants to furnish lists of expert witnesses to plaintiffs' counsel;

d.    March 11, 2002, for depositions of defendants' expert witnesses to occur;

e.    March 11, 2002, for the parties to furnish opposing counsel with lists of all witnesses expected to testify at trial;

f.    April 1, 2002, for all discovery to be completed;

g.    April 22, 2002, for filing pretrial motions; and

h.    May 6, 2001, for filing of a Joint Pretrial Stipulation.

3.    Each of the fifteen consolidated actions involves attempts to assert a wide variety of complex and factually intensive claims, including, among others, breach of contract, third-party beneficiary breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, RICO (based on wire fraud, mail fraud and extortion theories as predicate offenses),

violations of Fla. Stat. §627.736(10), and declaratory judgment.  Each case, however, involves

different plaintiffs, different defendants, different third-parties, and different factual allegations.

    4.    The following table, derived from the Court's docket listings and the various

pleadings and motions filed, shows that at the time of the consolidation each of the fifteen cases

was in a unique procedural posture, with the cases widely varying in relative stages of pleading

and motion practice, and each likely posing a unique and differing path to resolution:

| Case Caption | Case Number | Date Filed | Motion for Consolidation | Motion to Certify | Motions to Dismiss | Motion for Arbitration |
|---|---|---|---|---|---|---|
| Zidel v. Allstate Indemnity Co. and Community Care Network, Inc. d/b/a CCN | 00-6061 | 1/12/00 | Opposition filed on 8/14/00 and 3/7/01 by Allstate. Granted on 9/28/01. | Filed 3/8/00 and 9/21/01, Referred to Magistrate on 9/28/01 | Filed by Allstate on 2/25/00, 11/20/00 and 1/11/01; by Medview on 4/3/00; by CCN on 11/13/00. Denied on 9/28/01. | Filed by CCN on 11/13/00 (CCN was dismissed on 12/11/00 but made a 3rd party defendant by Allstate on 1/29/01). CCN has renewed its request for arbitration by Motion dated 10/3/01. |
| Brickell v. Progressive Express Ins. Co., Progressive Consumers Ins. Co., Progressive Bayside Ins. Co., Beech Street Corp., and ADP Integrated Medical Solutions, Inc. | 00-6649 | 5/12/00 | Opposition filed on 8/14/00. Zidel, Browner, Brickell and Larusso filed on 2/9/01.  Granted on 9/28/01. | Filed 7/24/00, Referred to Magistrate on 9/28/01 | Filed by Beech Street on 7/12/00; by Progressive Entities on 7/17/00; by ADP Integrated on 7/18/00. Denied on 9/28/01. | N/A |
| Browner v. Allstate Indemnity Co., Beech Street Corp. and ADP Integrated Medical Solutions, Inc. | 00-7163 | 8/16/00 | Filed 2/9/01 by Zidel, Browner, Brickell and Larusso. Granted on 9/28/01. | Filed 8/31/00, Referred to Magistrate on 9/28/01 | Filed by Allstate on 9/18/00; by Beech Street and ADP on 10/18/00. Denied on 9/28/01. | N/A |

| Case Caption | Case Number | Date Filed | Motion for Consolidation | Motion to Certify | Motions to Dismiss | Motion for Arbitration |
|---|---|---|---|---|---|---|
| Larusso d/b/a Family Chiropractic Center v. Liberty Mutual Ins. Co. and CCN | 00-7692 | 11/15/00 | Filed 2/9/01 by Zidel, Browner, Brickell and Larusso. Granted on 9/28/01. | Filed 11/15/00 | Filed by Liberty Mutual on 1/19/01. Liberty Mutual's motion denied on 9/28/01. CCN filed a motion for more definite statement on 1/31/01, which was referred on 9/28/01 and is still pending. | Does not appear on docket. |
| Larusso d/b/a Family Chiropractic Center v. Nationwide Ins. Co. of America | 01-8108 | 2/7/01. Amended Complaint filed 10/10/01 against different defendant (Nationwide Mut. Ins. Co.). | Filed 2/12/01; referred on 9/28/01 | Filed 2/7/01, Appears in docket as granted on 9/28/01 | Filed 5/14/01, Referred to Magistrate on 9/28/01; Amended Complaint tendered 10/10/01 because Plaintiff had sued wrong party | N/A |
| Larusso d/b/a Family Chiropractic Center v. Florida Farm Bureau Cas. Ins. Co. | 01-8110 | 2/7/01 | Filed 2/13/01, Granted on 9/28/01 | Filed 2/7/01, Referred to Magistrate on 9/28/01 | Filed 4/16/01, Referred to Magistrate on 9/28/01 | Filed 5/11/01, Referred to Magistrate on 9/28/01. Motion to extend time for reply brief granted on 10/2/01. Motion to Stay discovery pending decision filed 10/15/01. |
| Larusso d/b/a Family Chiropractic Center v. ITT Hartford Life & Annuity Ins. Co. | 01-8111 | 2/7/01. Amended Complaint filed 10/10/01 against different defendant | Filed 2/13/01, before service on Hartford. Granted on 9/28/01 | Filed 2/7/01, Referred to Magistrate on 9/28/01 | No response to original complaint filed. Amended Complaint tendered 10/10/01 | N/A |

| Case Caption | Case Number | Date Filed | Motion for Consolidation | Motion to Certify | Motions to Dismiss | Motion for Arbitration |
|---|---|---|---|---|---|---|
| | | (Hartford Ins. Co. of the Midwest). | | | because Plaintiff had sued wrong party | |
| Ultra Open MRI Corp. v. Progressive Amer. Ins. Co. | 01-6776 | 5/8/01 | None filed | Filed 5/25/01, Referred t on 5/25/01 | No response to complaint filed. | N/A |
| Ultra Open MRI Corp. v. Deerbrook Ins. Co. | 01-6777 | 5/8/01 | None filed | Filed 5/25/01, Referred to Magistrate on 9/28/01 | No response to complaint filed. | N/A |
| Ultra Open MRI Corp. v. Prudential Property & Cas. Ins. Co. | 01-6778 | 5/8/01 | None filed Consolidation ordered without notice to Prudential and without Prudential's participation in any hearing. | Filed 5/25/01, Referred to Magistrate on 9/28/01 | No response to complaint filed. | Filed 8/6/01, Referred to Magistrate on 9/28/01. Motion to Stay discovery pending decision and for expedited consideration filed 10/8/01. |
| Ultra Open MRI Corp. v. Fidelity & Cas. Co. of New York and The Continental Ins. Co. | 01-6779 | 5/8/01 | None filed | Filed 5/25/01, Referred to Magistrate on 9/28/01 | No response to complaint filed. | N/A |
| Ultra Open MRI Corp. v. Integon National Ins. Co. and Integon General Ins. Co. | 01-6780 | 5/8/01. Served 6/8/01. | None filed or served. Consolidation ordered without notice to Integon and without Integon's participation in any hearing. | Filed 5/25/01, Referred to Magistrate on 9/28/01 | No response to complaint filed. | N/A |
| The Chiropractic Center, Inc. v. Superior Ins. Co. | 01-6782 | 5/8/01 | None filed | Filed 5/25/01, Referred to Magistrate on 9/28/01 | No response to complaint filed. | N/A |
| The Chiropractic Center, Inc. v. Metropolitan Cas. Ins. Co. | 01-6783 | 5/8/01 | None filed. Consolidation ordered without notice to Metropolitan and without Metropolitan's participation in any hearing. | Filed 5/25/01, Referred to Magistrate on 9/28/01 | No response to complaint filed. | N/A |

| Case Caption | Case Number | Date Filed | Motion for Consolidation | Motion to Certify | Motions to Dismiss | Motion for Arbitration |
|---|---|---|---|---|---|---|
| Mote Wellness & Rehab, Inc. v. American International Ins. Co. and American International South Ins. Co. | 01-8549 | 6/14/01 | None filed | Filed 6/14/01, Referred to Magistrate on 9/28/01 | No response to complaint filed. | N/A |

5.     As reflected in the above table, several of the cases had not even been filed at the time the Motions for consolidation were submitted to the Court and, as such, the defendants in those cases were not parties to the consolidation motions, nor have they had an opportunity to test the legal sufficiency of the claims pleaded against them through motions to dismiss.

6.     Plaintiffs sought consolidation of these matters ostensibly so all fifteen lawsuits could be treated in the same fashion and kept in the same timeframe, thereby eliminating, among other things, unnecessarily duplicative discovery and inconsistent results.  However, several of the contracts at issue contain arbitration clauses, upon which some defendants already have brought, and others will bring, motions to compel arbitration.  Such motions have and will also contain requests to stay the cases pending the outcome of the arbitration issues.  Pursuant to Section 3 of the Federal Arbitration Act, this Court, upon finding the existence of arbitrable issues, will have to issue the requested stays, which will apply to all aspects of the affected cases including discovery.  See Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998); Miller v. AAACon Auto Transport, Inc., 545 F.2d 1019, 1020 (5th Cir. 1977)(once satisfied that the issue is referable to arbitration under the agreement, the district court is required to stay the trial until such arbitration has occurred); Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F.2d 648, 649 (11th Cir. 1988)(district court should have stayed discovery after entering order to stay trial pending arbitration; "An agreement to arbitrate

is an agreement to proceed under arbitration and not under court rules."). Pending the outcome of such motions, it would be wholly inappropriate to require defendants who may be entitled to arbitrate their claims to proceed in this Court. Conversely, it would defeat the purpose of consolidation to exclude those who have filed such motions from the proceedings, only to have their motions denied requiring them to be thrust back into the case and necessitating duplicative proceedings. Thus, if all fifteen of these cases are to move forward as a consolidated block, the motions to compel arbitration will have to be resolved first. Moreover, if some of the cases that end up being arbitrated also have non-arbitrable issues, the prudent course would be to stay the remainder of the consolidated cases until the arbitration proceedings are completed, thereby allowing the non-arbitrable issues between the arbitrating parties to be resolved in lockstep with the consolidated actions. To do otherwise would defeat the purpose of the consolidation and could lead to inconsistent results and unnecessary duplication and waste. See Western Int'l Media Corp. v. A.R. Johnson, 754 F.Supp. 871, 874 (S.D. Fla. 1991)(stay of cross-claims appropriate pending arbitration involving some of the parties; to allow court proceedings to continue with respect to other defendants could lead to inconsistent results and unnecessary duplication and waste).

      7.    In addition, in light of the consolidation of these fifteen cases, the schedule and deadlines which are set forth in the Amended Pretrial Order do not establish a reasonable and workable framework under which these cases could proceed in a just and orderly manner toward resolution.[1]

---

[1] Motions objecting to the Amended Pretrial Order have been filed in several of the consolidated cases: e.g., Case No. 01-6780, Mot. For Clarification, ¶ 13; Case No. 01-6783, Mot. For Clarification, ¶ 13.

8.     The schedule set in the Amended Pretrial Order appears to conflict with provisions of the Local Rules of this Court. These complex cases properly can and should be designated to the Complex Track under Local Rule 16.1. As such, the parties would be allowed a period of between 270 and 365 days for discovery. Either end of the discovery period called for under the Local Rule, however, would fall after the trial date set in the Amended Pretrial Order.

9.     In addition, the schedule set in the Amended Pretrial Order does not provide adequate time for the parties to conduct discovery necessary to prepare to respond to the pending motions for class certification. In that regard, twenty-two separate defendants will need to take discovery from the seven putative class representatives, each of whom has a different contract and different billing and accounting issues, all of which must be addressed in order for the defendants to address the issues raised in connection with the requested class certification. In addition, some of the parties (CCN, Beech Street, ADP) are involved in several of these cases, either as defendants or as third-party defendants, and will thus be subject to separate discovery as to many, if not all, of the seven putative class representatives.

10.     At this point in time, neither the Movants, nor the third-party defendant in Zidel v. Allstate Insurance Company, Case No. 00-6061-CIV-FERGUSON, Community Care Network, Inc. ("CCN"), have had an opportunity to take any class certification discovery, nor even a certification deposition of the putative class representative.

11.     The defendants must be permitted time to serve and receive responses to written discovery requests before being required to begin taking depositions. Even if the parties were immediately to serve each other with written discovery requests strictly tailored to class certification issues, based on the standard thirty-day response periods provided by Rules 33 and

34 of the Federal Rules of Civil Procedure, it appears that three to four months will be needed to conduct, in an orderly fashion, the necessary class certification discovery. In the best of circumstances, depositions could not even begin for at least another thirty to forty-five days. This assumes, of course, that no extensions are requested and that no disputes arise concerning written discovery requests. Given the nearly forty parties involved in the now consolidated proceedings, moreover, the substantial number of depositions also portend to be unwieldy and lengthy proceedings as well.

12. In addition, the contract at issue in <u>Zidel v. Allstate Insurance Company</u>, Case No. 00-6061-CIV-FERGUSON, in particular, contains an arbitration clause. CCN has, on that basis, filed a Motion to compel arbitration and to stay or dismiss the litigation entirely. It makes no sense to litigate the issue of class certification, with the discovery and extensive briefing that doing so would entail, prior to knowing whether that case will remain in litigation at all.

13. Further complicating the ability to move forward in the process is the plaintiffs' improper insistence on immediately beginning substantial discovery concerning the merits of their claims.

14. On October 3rd, the plaintiffs served on all defendants a set of broadly-based written discovery requests relating directly to the merits of their claims, including (1) Class Plaintiffs' Consolidated Interrogatories To Preferred Provider Organization Defendants, (2) Class Plaintiffs' Consolidated Interrogatories To Insurance Company Defendants, (3) Class Plaintiffs' Consolidated Request For Admissions To Preferred Provider Organization Defendants, (4) Class Plaintiffs' Consolidated Request For Admissions To Insurance Company Defendants, (5) Class Plaintiffs' Consolidated Request For Production of Documents To

Preferred Provider Organization Defendants, and (6) Class Plaintiffs' Consolidated Request For Production of Documents To Insurance Company Defendants.

15.    In addition, On October 11th, counsel for plaintiff made the following demand by e-mail on counsel for all of the defendants:

> "As to the scheduling of depositions, please provide dates for the depositions of each defendant's corporate representative designated under Rule 30(b)(6) with the most knowledge of:
>
> 1.    The Defendant's solicitation, discussions, and agreement with any respective PPO;
>
> 2.    The Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;
>
> 3.    The Defendant's automobile insurance policies;
>
> 4.    The processing of personal injury protection benefits claims;
>
> 5.    Any agreements the Defendant entered into with health care providers relating to the payment of personal injury benefits claims at reduced or preferred provider rates."

The practical effect of that extraordinary demand well may require the designation and deposition of as many as one hundred and ten (110) separate corporate representatives (one deponent for each category for each of 22 defendants).   Even assuming, _arguendo_, that more than one proceeding could be conducted in a given day, it nevertheless will take several months simply to get through those 30(b)(6) depositions, without even taking into account the discovery requests and depositions to be noticed by the defendants.

17.    Further consolidated proceedings, moreover, are not warranted by the circumstances of these cases and substantial difficulties are likely to arise if further consolidated proceedings are required.

18.    Although these cases may appear to assert similar theories of liability against the various defendants the cases do not actually present common questions warranting consolidated proceedings.  There is little if any overlap in parties.  The cases involve different contracts and

arrangements requiring separate and distinct interpretations by the Court. The cases involve different conduct by the insurance companies and other defendants. The defendants will assert differing legal and factual defenses. As a result, there is little likelihood of potential economies and no judicial labor is likely to be saved by further consolidated proceedings.

19.    In addition, because the actions involve many different and unrelated parties, consolidated discovery on the merits of plaintiffs' claims is unlikely to provide any tangible benefit to the parties or meaningfully reduce litigation expenses. The discovery adduced in one action, in fact, may not even be relevant in or probative of the claims in the other actions.

20.    Furthermore, much of the merits discovery in the consolidated actions will likely involve confidential and proprietary information. Many of the defendants are direct competitors who will be highly sensitive to disclosure of businesses information. Several of the defendants, moreover, are providers for a number of other defendants, who will likewise wish to avoid disclosing pricing and related information from one customer to the next. At a minimum, therefore, the Court faces the prospect of receiving a multiplicity of motions for entry of complex and unwieldy protective orders. To the extent they prove to be remotely workable in practice, moreover, the requested restrictions are likely to present serious implications for the ability of the parties' attorneys to properly conduct the litigation and to prepare their clients' defenses.

21.    Likewise, a consolidated trial will neither be desirable nor feasible in light of the substantial disparity in issues and facts between the various cases, as well as the continuing need to strictly protect from disclosure the parties' respective, confidential business information.

22.    The Federal Rules of Civil Procedure authorize this Court to control the manner, scope, and timing of the pretrial processes in class action litigation.

23.    Requiring briefing on class certification issues before defendants are permitted a reasonable time to conduct orderly discovery specifically tailored to those issues would be premature and thus an abuse of this Court's discretion. See In re Miller Industries, Inc. Secs. Litg'n, 186 F.R.D. 680, 684 (N.D. Ga. 1999)(parties should be allowed to take discovery to adduce evidence relevant to certification issues before addressing the motion for class certification); In re Polypropylene Carpet Antitrust Litg'n, 178 F.R.D. 603, 609 (N.D. Ga. 1997) (same proposition); Manual for Complex Litigation (Third), §30.11 (discovery is proper prior to determining propriety of class certification). See generally Majd-Pour v. Georgiana Community Hosp., Inc., 724 F.2d 901, 902-903 (11th Cir. 1984) (court abused its discretion by deciding motion to dismiss for lack of jurisdiction without affording the plaintiff an opportunity to take requested, reasonable discovery to adduce evidence on point).[2]

24.    In addition, avoidance of potentially unnecessary costs and burdens is a proper basis for deferring certain, burdensome pretrial activities in class action litigation. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.")

25.    In the present case, further clarification of the Amended Pretrial Order, case management efforts and setting of orderly schedules for discovery proceedings and briefing on

---

[2]    In Case No. 00-7692, defendant CCN has moved fro reconsideration of its Motion to Stay Discovery, seeking to stay merits discovery until after class certification discovery, briefing and ruling is complete.

pending motions for class certification is absolutely warranted, appropriate and in the best interests of the Court and the many parties.

26.     A proposed form of amended scheduling Order is attached as Exhibit A.

27.     Pursuant to Rule 7.1(B)(1) of the Local Rules of this Court, Movants respectfully request oral argument be permitted on this Motion for Clarification of Case Management and Scheduling Issues. A hearing is desired and would assist the Court in resolving this complex matter expeditiously.

28.     CCN, the third party defendant in <u>Zidel v. Allstate Insurance Company</u>, Case No. 00-6061-CIV-FERGUSON, does not oppose this motion. Plaintiff's counsel has advised that he opposes the relief requested in this motion and similar motions filed by other defendants.

WHEREFORE, Defendants, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and Continental Insurance Company respectfully request that this Court enter an Order:

1.     Extending time for responsive pleadings until a comprehensive and reasonable schedule can be entered, pursuant to this motion;

2.     Extending time for responses to class certification until a comprehensive and reasonable scheduling order can be entered pursuant to this motion, which schedule also allows for adequate time for defendants to conduct class discovery;

3.     Staying merits discovery until after this court makes its recommendations and the district court enters a ruling on plaintiffs' motions for class certification;

4.     Staying all discovery and class certification in cases where a motion for arbitration is filed, until the arbitration is resolved or, and in the event the

arbitration motion is denied, until an appropriate extended schedule is thereafter entered; and

5.    Adjusting the Amended Pretrial Order dates based on foregoing and in accordance with the proposed Order attached hereto as Exhibit B.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 23rd day of October, 2001.

_(signature)_ David Shelton

PETER J. VALETA                          DAVID B. SHELTON
Florida Bar No. 327557                   Florida Bar No. 0710539
ROSS & HARDIES                           Rumberger, Kirk & Caldwell
150 North Michigan Ave., Suite 2500      P.O. Box 1873
Chicago, Illinois 60601                  Orlando, Florida 32802
Telephone: (312) 750-3619                Telephone: (407) 839-4511
Telecopier: (312) 750-8600               Telecopier: (407) 841-2133
Attorneys for Allstate Insurance Company Attorneys for Allstate Insurance Company
and the Movants                          and the Movants

633104

14

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Robin Corwin Campbell, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Douglas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

Thomas Tew, Esq.
Joseph A. DeMaria, Esq.
John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et a'.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
William E. Adams, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy Johnson Maus
Lola M. Swaby
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

DR. PAUL ZIDEL, and all others similarly      )
situated,                                      )
                                               )
          Plaintiffs,                          )
                                               )
v.                                             )
                                               )
ALLSTATE INSURANCE COMPANY,                    )
and COMMUNITY CARE NETWORK, INC.,              )
d/b/a CCN,                                     )
                                               )
          Defendants.                          )
                                               )
_____    )

### *AMENDED* ORDER SETTING TRIAL DATE and DISCOVERY SCHEDULE

Trial in this matter is set for the two-week period commencing _____,
before the Honorable Wilkie D. Ferguson, Jr., United States District Judge, at **299 East
Broward Boulevard, Courtroom 207A, Fort Lauderdale, Florida**. If not reached during this
period, this cause will be continued to each succeeding two-week trial period until reached or
until further notice from the Court.

**IT IS ORDERED AND ADJUDGED** as follows:

1.      Counsel shall meet prior to the mandatory pretrial conference to confer to the
preparation of a **Joint** Pretrial Stipulation. The original and one copy of a Joint Pretrial
Stipulation must be filed on or before the date set forth below and shall conform to Local Rule
16.1(e). **The Court will not accept unilateral Pretrial Stipulations. Failure to file a Joint
Pretrial Stipulation on or before the date set forth below shall be grounds for dismissal or
striking of defenses.**

2.    In cases tried before a jury, each party shall file a copy of the proposed jury instructions in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning of the trial period. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. In preparing their requested jury instructions, the parties shall utilized as a guide the Patterned Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. Copies shall be delivered to chambers at the time of filing. **Failure to timely file jury instructions and verdict forms as directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

3.    In cases tried before the Court, each party shall file Proposed Findings of Fact and Conclusions of Law in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning of the trial period. Proposed Conclusions of Law shall be supported by citations of authority. Copies shall be delivered to chambers at the time of filing. **Failure to timely file Proposed Findings of Fact and Conclusions of Law as directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

4.    All exhibits must be pre-marked. The Plaintiff shall mark its exhibits numerically. Defendant shall mark its exhibits alphabetically. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on **Form AO 187**, which is available from the Clerk's office.

5.    A Motion for Continuance shall not stay the requirement for the filing of a Joint Pretrial Stipulation and, unless an emergency situation arises, a Motion for Continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial period is scheduled to commence.

6.    All motions for extension of time shall be accompanied by a proposed order. Counsel are reminded to comply with Local Rule 7.1(A)(4).

7.    **A PENDING MOTION TO DISMISS SHALL NOT STAY DISCOVERY** except where a Stay is mandated by Statute.

8.      **Non-compliance with any provision of this Order may subject the offending party to sanctions, or striking of defenses.**  It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9.      The following timetable shall govern the pretrial procedure in this cause.   **This schedule shall not be modified absent compelling circumstances.**

| | |
|---|---|
| **November 16, 2001** | Defendants shall serve motions to stay pending arbitration, as appropriate, along with supporting memoranda, or shall serve other responses to respective complaints |
| **January 7, 2002** | Motions to stay pending arbitration/motions to dismiss shall be fully briefed |
| **30 days after orders issued on pending motions to stay/motions to dismiss** | Plaintiffs shall serve motions for class certification along with supporting memoranda |
| **210 days after Plaintiffs serve motions for class certification** | Discovery regarding class certification issue must be completed |
| **60 days after discovery cut-off on class certification** | Class certification motions shall be fully briefed. |
| **30 days after orders issued on motions for class certification** | Joinder of Additional Parties and Amended Pleadings and Initial Rule 26 Disclosures |
| **45 days after Initial Rule 26 disclosures** | Parties shall furnish opposing counsel with a written list containing the names and addresses of a'l witnesses (excluding expert witnesses) intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| **60 days after Initial Rule 26 disclosures** | Plaintiffs shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.  Within the 90 day period following this disclosure, the Plaintiff shall make its experts available for deposition by the Defendant. The experts' depositions may be conducted without further order from the Court. |

3

| | |
|---|---|
| **150 days after Initial Rule 26 disclosures** | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Within the 90 day period following this disclosure, the Defendant shall make its experts available for deposition by the Plaintiff. The experts' depositions may be conducted without further order from the Court. |
| **240 days after Initial Rule 26 disclosures** | **All discovery must be completed**. |
| **21 days after discovery cut-off** | All Pretrial Motions, including Motions for Summary Judgment and Memoranda of Law, must be filed. |
| **21 days after pretrial motions are filed** | Joint Pretrial Stipulation must be filed. |
| **7 days after Joint Pretrial Stipulation is filed** | **Pretrial Conference at 4:15 p.m**. Parties should be prepared to address all pending motions. |
| **28 days after Pretrial** | **Calendar Call at 4:15 p.m**. Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law and Proposed Verdict Form shall be filed. **The parties are ordered to confer prior to submitting the Proposed Jury Instructions and Proposed Verdict Form** to determine whether they can agree to them prior to their submission to the Court. |
| **7 days after Calendar Call** | **Two-Week Trial Period.** A time for your appearance will be given at Calendar Call. |

10.     All pretrial Motions in Limine shall be filed not later than twelve (12) days prior to the scheduled Calendar Call. All oppositions to Motions in Limine must be filed seven (7) days prior to the scheduled Calendar Call.

11.     In order to facilitate the accurate transcription of the trial proceeding, the parties shall mail to Stephen Franklin, the Court's Official Court Report, at **299 East Broward Boulevard, Suite 207B, Fort Lauderdale, Florida 33301**, a copy of (1) the witness and exhibit

lists and (2) a designation of unique proper nouns/names which may be raised at trial, to be received no later than five (5) days prior to the scheduled trial period.

12.     If the case is settled, counsel are directed to inform the Court promptly by calling the judge's chambers and to submit an appropriate Order for Dismissal, pursuant to Fed.R.Civ.P.41(a)(1). The proposed Order must be filed no later than ten (10) days after the Notice of Settlement is given to the Court.

DONE and ORDERED in chambers in Ft. Lauderdale, Florida, this _____ day of _____, 2001.


_____
Honorable Lurana S. Snow
United States Magistrate Judge

copies to
Wilkie D. Ferguson, United States District Judge
counsel of record

5

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

DR. PAUL ZIDEL, and all others similarly          )
situated,                                         )
                                                  )
        Plaintiffs,                               )
                                                  )
v.                                                )
                                                  )
ALLSTATE INSURANCE COMPANY,                       )
                                                  )
        Defendant.                                )
                                                  )
_____ )

ORDER GRANTING ALLSTATE AND OTHER DEFENDANTS' AMENDED
AGREED MOTION TO EXTEND TIME FOR FILING RESPONSES TO
PENDING MOTIONS FOR CLASS CERTIFICATION

THIS CAUSE is before the Court on the Motion For Clarification of Case Management and Scheduling Issues filed by Defendants, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and Continental Insurance Company. Having duly considered the motions, pertinent portions of the record and the arguments of the parties,

IT IS ORDERED AND ADJUDGED as follows:

The time for defendants to file responsive pleadings is hereby extended indefinitely. A new deadline will be established in an amended Order regarding the trial date and pre-trial deadlines, to be entered separately;

The time for defendants to file responses to class certification is hereby extended indefinitely. A new deadline, providing time for defendants to seek discovery concerning class issues, will be established in the amended Order regarding the trial date and pre-trial deadlines;

Discovery on the merits of plaintiffs' claims is hereby stayed until after this court makes its recommendations and the district court enters a ruling on plaintiffs' motions for class certification; and

In any case where a motion for arbitration has been filed and remains pending, all discovery and class certification proceedings are stayed until the arbitration is resolved or, and in the event the arbitration motion is denied, until an appropriate extended schedule is thereafter entered by this Court.

DONE and ORDERED in chambers in Ft. Lauderdale, Florida, this _____ day of _____, 2001.


                                        _____
                                        Honorable Lurana S. Snow
                                        United States Magistrate Judge

copies to
Wilkie D. Ferguson, United States District Judge
counsel of record

2