# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

### (Consolidated Class Action)

## CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

      Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
et al.,

    Defendants    .    /

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,

      Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE,
et al.,

    Defendants.    /

MARC J. BROWNER, D.C., individually
and on behalf of all other similarly situated,

      Plaintiffs,

vs.

ALLSTATE INDEMNITY COMPANY,
et al.,

    Defendants.    /

**Respectfully referred to**
**U.S. Magistrate Judge Lurana Snow**

FILED BY _____ D.C.

2001 OCT 24 PM 2:21

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L

## DEFENDANTS BEECH STREET CORPORATION AND
## ADP INTEGRATED MEDICAL SOLUTIONS, INC.'S MOTION FOR
## REAFFIRMATION OF ORDERS STAYING MERITS DISCOVERY



221

Defendants Beech Street Corporation ("Beech Street") and ADP Integrated Medical Solutions, Inc. ("ADP") pursuant Local Rule 7.1 respectfully request that this Court reaffirm the Court's previous orders: i) dated October 30, 2000 ("Omnibus Order on Pending Motions") (attached hereto as Exhibit "A") and ii) dated January 24, 2001 ("Order") (attached hereto as Exhibit "B") staying discovery in this case. Beech Street and ADP state the following in support of this Motion:

Beech Street and ADP file this Motion to reaffirm that merits discovery continues to be stayed pending the resolution of the class certification motions. Plaintiffs counsel assert that the District Court's September 28, 2001 Omnibus Order on Pending Motions has lifted the previously imposed stay. That Order states in pertinent part:

> 2. Motions to Stay are lifted and the parties shall proceed with discovery in accordance with this Order granting the consolidation of the causes.

Omnibus Order on Pending Motions, P. 1 at ¶ 2 (a copy of this Order is attached hereto as Exhibit "C"). Beech Street and ADP submit that the lifting of the discovery stay was to permit discovery in connection with the class certification motions.

Previously, Beech Street and ADP filed Defendants Motion to Stay Discovery Pending Court's Ruling on Motion to Dismiss or, in the Alternative, Limit Discovery to Issues of Class Certification.[1]  A copy of that Motion is attached hereto as Exhibit "D." That Motion sought alternative relief (stay *all* discovery or stay *merits* discovery) and the District Court granted the Motion in its October 30, 2000 Omnibus Order on Pending Motions:

---

[1]This Motion was jointly filed with Co-defendants Progressive Express Insurance Company, Progressive Consumers Insurance Company and Progressive Bayside Insurance Company.

2

> 4. Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss or in the Alternative to Limit Discovery to Issues of Class Certification [D.E. 34] is granted now for July 24, 2000.

October 30, 2000 Omnibus Order, p. 2 at ¶ 4. (Exhibit "A"). The Omnibus Order therefore granted two separate provisions: a stay of all discovery pending resolution of the Motion to Dismiss and a stay of merits discovery pending resolution of the Class Certification Motion.

Magistrate Judge Snow also entered a discovery order reflecting that the October 30, 2000 Omnibus Order (Exhibit "A") stayed merits discovery pending completion of class certification:

> 3. The plaintiff's Motion to Compel Defendants Progressive Express Insurance Company, Progressive Consumers Insurance Company and Progressive Bayside Insurance Company Hereinafter Collectively Referred to as ("Progressive") to Produce in Accordance with Dr. Brickell's First Request for Production (Docket Entry 56) is DENIED.
>
> ***The Court's subsequent Order of October 30, 2000, stayed all discovery except that related to class certification issues. The plaintiff has not shown that the requested discovery is related to class certification issues.***

Magistrate Judge Snow's January 24, 2001 Order at p. 2, ¶ 3 (Exhibit "B") (emphasis added).

Pursuant to Local Rule 7.1, undersigned counsel referred plaintiffs' counsel to the prior orders. Nevertheless, plaintiffs' counsel state that they are now entitled to commence merits discovery. Beech Street and ADP request the Court to reaffirm these prior orders and continue to stay the merits discovery until the resolution of the Class Certification Motion.

TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

## MEMORANDUM OF LAW

Beech Street and ADP's position is simple: the Court's next significant judicial determination is whether this matter is properly brought as a class action under Rule 23 of the Rules of Civil Procedure, and merit discovery should continue to be stayed pending this determination. Under Federal Rule of Civil Procedure 23(c)(1), "as soon as practicable after the commencement of the action brought as a class action, the Court shall determine by order whether it is to be so maintained." The Federal Rule has been modified by Local Rule 23.1.3 which reads in pertinent part as follows:

> 3. Within 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a determination under subdivision (c)(1) or Rule 23, Fed.R.Civ.P., as to whether the case is to be maintained as a class action. *In ruling upon such a motion, the Court may allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances.* Whenever possible, where it is held that the determination should be postponed, a date will be fixed by the Court for renewal of the motion.

Local Rule 23.1 (emphasis added)

Furthermore, the Court's recent September 28, 2001 discovery schedule is silent as to the class certification issue. However, pursuant to prior orders of this Court, Beech Street and ADP's response to be Motion for Class Certification is due November 27, 2001.[2] The

---

[2]Pursuant to previous orders of the Court, Beech Street and ADP were given 60 days from the denial of the Motion to Dismiss to file their response to the Class Certification Motion. See November 30, 2000 Agreed Order granting Beech Street and ADP's Unopposed Motion for Enlargement of Time to Respond to Brickell's Motion for Class Certification (Exhibit "E"), and October 3, 2000 Order Granting Beech Street and ADP's Motion for Extension of Time to Respond to Browner's Motion for Class Certification (Exhibit "F").

4

Defendants previously proposed, and the Court agreed, to stay merits discovery pending both the completion of class certification discovery and the Court's ruling on whether the class action Complaint should be afforded class action treatment. This proposed procedure is both proper and routine. Rule 23.1.3 recognizes that the parties are entitled to class discovery in connection with the Court's decision on certification.

Indeed, courts within the Eleventh Circuit has recognized that, although within the court's discretion, is staying merits discovery pending class certification discovery is the most fair and efficient way to proceed. <u>Washington v. Brown and Williamson Tobacco Corp.</u>, 959 F.2d 1566, 1570 (11th Cir. 1992) ("to make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow class wide discovery on the certification issue and postpone class wide on the merits"); <u>see also</u> <u>In re Polypropylene Carpet Antitrust Litigation</u>, 178 F.R.D. 603, 610 (N.D. Ga. 1997) (holding that the court should allow limited discovery to adduce evidence regarding class certification); <u>National Organization for Women v. Sperry Rand Corp.</u>, 88 F.R.D. 272, 277 (D. Conn. 1980) (holding that discovery on the merits should not be completed prior to class certification); <u>Karan v. Nabisco, Inc.</u>, 78 F.R.D. 388, 396 (W.D. Penn. 1978) (stating that class determination is preferable before substantial discovery on the merits has been conducted). In this class action, discovery can involve significant expenditures of time and money. <u>See</u> <u>Nabisco</u>, 78 F.R.D. at 396. If discovery is limited to class certification and a determination in the early stages of the litigation that a class action is not appropriate or that it should be limited in scope, both parties benefit form the savings of time and money. <u>See</u> <u>id</u>. Thus, for judicial efficiency and fairness, the court may "direct the parties to focus their initial discovery on matters pertaining to the class question." <u>Id</u>. at n. 5.

5

Summarily, in <u>Washington</u>, a class action alleging employment discrimination based on race, the district court limited discovery to class certification issues and postponed discovery on the merits. 959 F. 2d at 1568. The Eleventh Circuit held that the district court's discovery ruling was appropriate. <u>See id</u>. at 1571. The Eleventh Circuit stated that, in order to determine as soon as practicable whether the action should be maintained as a class action and in order to meet the ends of efficiency and fairness, courts may permit class-wide discovery on the certification issues and postpone discovery on the merits. <u>See id</u>. at 1570-71.

At the very least, discovery should be limited to the issues necessary to determine whether the requirements of Rule 23 have been met. Thus, the Plaintiffs' discovery should be limited to that which will give them an opportunity to show that the class is so numerous that joinder is impracticable, that there are questions of law or fact that are common to the class that the claims and defenses of the representative are typical of those in the class, and that the representative will fairly and adequately protect the interests of the class.

WHEREFORE, Beech Street and ADP respectfully request that this Court reaffirm its Order of September 28, 2001 and continue the stay of merits discovery pending the completion of the class certification issues.

6

Respectfully submitted,

**TEW CARDENAS REBAK KELLOGG**
**LEHMAN DeMARIA TAGUE**
**RAYMOND & LEVINE L.L.P.**
Co-Counsel for Defendants Beech Street Corporation
 and ADP Integrated Medical Solutions, Inc.
201 S. Biscayne Boulevard
2600 Miami Center
Miami, Florida 33131
Telephone:  305-536-1112
Facsimile:  305-536-1116


By:
      Joseph A. DeMaria, Esq.
         Florida Bar No. 764711
         jad@tewlaw.com
      John M. Quaranta, Esq.
         Florida Bar No. 940641
         jmq@tewlaw.com

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served
via U.S. Mail this ___ day of October, 2001 on all counsel listed on the attached Service List.


                    Counsel


::ODMA\MHODMA\Miami:276466:1

7

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Counsel for Plaintiffs**
ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

**Co-Counsel for Plaintiffs**
GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

**Co-Counsel for Plaintiffs**
PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**
Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 Facsimile

8

**Counsel for Allstate**
RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile


ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile


**Counsel for Beech Street and ADP**
TEW, CARDENAS REBAK KELLOGG
LEHMAN DEMARIA TAGUE
RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esquire
(305) 539-2440
jad@tewlaw.com
John M. Quaranta, Esquire
jmq@tewlac.com
(305)536-8432
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile


**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
Francis Anania, Esquire
fanania@anania-law.com

Donald A. Blackwell, Esquire
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile


**Counsel for CCN**
MCQUIRE, WOODS, et al.
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
badams@mcguirewoods.com
Curt Caywood, Esquire
ccaywood@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
(904)798-3200
(904)798-3207 Facsimile


**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Bruce A. Aebel, Esquire
baebel@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813)228-7411
(813)229-8313 Facsimile


SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
(215)299-4314
(215)299-4301 Facsimile

**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Prudential**
SHEA & GARDNER
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Richard M. Wyner, Esquire
Rwyner@sheagardner.com
(202) 828-2188
Jeffrey M. Klein, Esquire
jklein@sheagardner.com
(202) 828-4301
M. David Dobbins, Esquire
ddobbins@sheagardner.com

(202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
202-828-2000
202-828-2195 (Facsimile)

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
Kmaus@bbplaw.com
Eric Zivitz
Ezivitz@bbplaw.com
3520 Thomasville Road
Suite 102
Tallahassee, Florida  32308.3469
850.894.4111
850.894.4999 (Facsimile)

**Counsel for Superior**
BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**
CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

::ODMA\MHODMA\Miami;276466;1

10

**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Prudential**
SHEA & GARDNER
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Richard M. Wyner, Esquire
Rwyner@sheagardner.com
(202) 828-2188
Jeffrey M. Klein, Esquire
jklein@sheagardner.com
(202) 828-4301
M. David Dobbins, Esquire
ddobbins@sheagardner.com

(202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
202-828-2000
202-828-2195 (Facsimile)


BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
Kmaus@bbplaw.com
Eric Zivitz
Ezivitz@bbplaw.com
3520 Thomasville Road
Suite 102
Tallahassee, Florida  32308.3469
850.894.4111
850.894.4999 (Facsimile)

**Counsel for Superior**
BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile


**Counsel for American International**
CONROY, SIMBERG, GANON, KREVANS &
ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)


::ODMA\MHODMA\Miami;276466;1

10



FILED COPY
OCT 3 0 2000

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

KEITH BRICKELL, D.C.,                             CASE NO.  00-6649-CIV-FERGUSON
individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

      Defendants.
_____/

## OMNIBUS ORDER ON PENDING MOTIONS

      **THIS CAUSE** is before the Court on various pending motions. Having duly considered the

motions and pertinent portions of the record, it is

      **ORDERED AND ADJUDGED** that

1.     Defendant ADP Integrated's Motion to Extend Time to Respond to Complaint [D.E. 29] is

     **GRANTED** now for July 17, 2000 .

2.     Defendants' Progressive Express, Progressive Consumer, and Progressive Bayside's Motion

     for Leave to File a Memorandum in Excess of 20 Pages [D.E. 32] is **GRANTED** now for

## EXHIBIT "A"

July 20, 2000 .

3.  Defendants' Joint Motion to Amend Scheduling Report and Extend Time to Comply with Local Rule 16.1 [D.E. 33] is **GRANTED** now for July 20, 2000 .

4.  Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss or in the Alternative to Limit Discovery to Issues of Class Certification [D.E. 34] is **GRANTED** now for July 24, 2000.

5.  Defendant Beech Street and ADP's Motion for Oral Argument on Motion to Dismiss [D.E. 42] is **GRANTED**.  The matter, along with Defendants' Progressive Express, Progressive Consumer, and Progressive Bayside's Motion to Dismiss or Strike Complaint [D.E. 31], has been set for a hearing before the undersigned at the United States District Court, **299 East Broward Blvd., Courtroom 207A, Ft. Lauderdale, Florida 33301, on November 6, 2000 at 9:00 a.m.**

6.  Plaintiff's Motion to Compel First Request for Production [D.E. 56] and Plaintiff's Motion to have Deemed Admitted Certain Responses of Defendants to Requests for Admissions [D.E. 57]are **REFERRED** to **United States Magistrate Judge Lurana S. Snow** pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida.  The parties are notified that all subsequent pleadings regarding matters referred to the Magistrate Judge shall be so designated by setting forth beneath the case number the identity of the Magistrate Judge to which the matter has been referred.

**DONE AND ORDERED** in chambers, at Ft. Lauderdale, Florida, this _____ day of October, 2000.

2

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT COURT JUDGE

cc:
Douglas A. Blankman, Esq.
Eric A. Lee, Esq.
Donald A. Blackwell, Esq.
Robert Cintron, Jr., Esq.
William Xanttopoulos, Esq.
Arthur Gold, Esq.
Carlin Phillips, Esq.
Joseph A. DeMaria, Esq.
Cornelius T. Tew, Jr., Esq.
William H. Hughes III, Esq.

3



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 00-6649-Civ-Ferguson/Snow

KEITH BRICKELL, Individually and on
behalf of all others similarly situated,

      Plaintiff,

  vs.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION and ADP
INTEGRATED MEDICAL SOLUTIONS, INC.,

      Defendants.
_____/



**ORDER**

     THIS CAUSE is before the Court on various motions filed by the parties, which were referred to United States Magistrate Judge Lurana S. Snow. With the Court being fully advised it is hereby

     ORDERED AND ADJUDGED as follows:

     1.  The Unopposed Motion to Dismiss as Moot Plaintiff's Motion to Have Deemed Admitted Certain Responses to Plaintiff's Request for Admissions (Docket Entry 100) is GRANTED.

     2.  The Plaintiff's Motion to Have Deemed Admitted Certain Responses to Plaintiff's Request for Admissions (Docket Entry 57) is DENIED AS MOOT.

EXHIBIT "B"

3.    The plaintiff's Motion to Compel Defendants Progressive Express Insurance Company, Progressive Consumers Insurance Company and Progressive Bayside Insurance Company Hereinafter Collectively Referred to as ("Progressive") to Produce in Accordance with Dr. Brickell's First Request for Production (Docket Entry 56) is DENIED.

The Court's subsequent Order of October 30, 2000, stayed all discovery except that related to class certification issues. The plaintiff has not shown that the requested discovery is related to class certification issues.

DONE AND ORDERED at Fort Lauderdale, Florida, this 24th day of January, 2001.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:    Douglas A. Blankman, Esq.
              Eric A. Lee, Esq.
              Arthur S. Gold, Esq.
              Carlin J. Phillips, Esq.
              William Xanttopoulos, Esq.
              Cornelius T. Tew, Esq.
              Francis Anania, Esq.

2

FILE COPY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of himself ans all others similarly situated,

     Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN,

     Defendants.

_____/

Case No. 00-6061-CIV-FERGUSON

FILED by _____ D.C.

SEP 28 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

KEITH BRICKELL, D.C., individually and on behalf of all others similarly situated,

     Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, PROGRESSIVE BAYSIDE INSURANCE COMPANY, BEECH STREET CORPORATION, and ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

     Defendants.

_____/

Case No. 00-6649-CIV-FERGUSON

DOCKETED

BY: _____

RSP:_____

EXHIBIT "C"

MARC J. BROWNER, D.C., individually and
on behalf of all others similarly situated,

          Plaintiffs,

vs.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

          Defendants.
_____/

Case No. 00-7163-CIV-FERGUSON

SALVATORE D. LARUSSO, D.C. d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

          Plaintiffs,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

          Defendants.
_____/

Case No. 00-7692-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

     Plaintiffs,

vs.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

     Defendant.

_____/

Case No. 01-6776-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

     Plaintiffs,

vs.

DEERBROOK INSURANCE COMPANY,

     Defendant.

_____/

Case No. 01-6777-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

     Plaintiffs,

vs.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

     Defendant.

_____/

Case No. 01-6778-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on                 Case No. 01-6779-CIV-FERGUSON
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

FIDELITY AND CASUALTY COMPANY
OF NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

     Defendants.
_____/


ULTRA OPEN MRI CORPORATION, on                 Case No. 01-6780-CIV-FERGUSON
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

INTEGON NATIONAL INSURANCE
COMPANY and INTEGON GENERAL
INSURANCE COMPANY,

     Defendants.
_____/


THE CHIROPRACTIC CENTRE, INC., on              Case No. 01-6782-CIV-FERGUSON
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

SUPERIOR INSURANCE COMPANY,

     Defendant.
_____/

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated,

     Plaintiffs,

vs.

METROPOLITAN CASUALTY INSURANCE COMPANY,

     Defendant.

_____/

Case No. 01-6783-CIV-FERGUSON

 

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,

     Plaintiffs,

vs.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

     Defendant.

_____/

Case No. 01-8108-CIV-FERGUSON

SALVATORE LARUSSO D.C. d/b/a          Case No. 01-8110-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiffs,

vs.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/


SALVATORE D. LARUSSO, D.C. d/b/a          Case No. 01-8111-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiffs,

vs.

ITT HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

      Defendant.
_____/

MOTE WELLNESS & REHAB, INC., on
behalf of itself and all others similarly
situated,

        Case No. 01-8549-CIV-FERGUSON

        Plaintiffs,

vs.

AMERICAN INTERNATIONAL
INSURANCE COMPANY and AMERICAN
INTERNATIONAL SOUTH INSURANCE
COMPANY,

        Defendants.

_____/

## OMNIBUS ORDER ON PENDING MOTIONS

    **THIS CAUSE** is before the Court on various pending motions. Having duly considered the

motions and pertinent portions of the record and having heard oral argument, it is

    **ORDERED AND ADJUDGED** that the

1.    Motions to Consolidate  [00-6649, D.E. #107; 00-7163, D.E. #68; 00-7692, D.E.# 31; 01-

    8108, D.E. #4; 01-8110, D.E. #5; 01-8111, D.E. # 5] are **GRANTED** for discovery purposes

    except any party may move for a protective order precluding or limiting the production of

    any matters  which in good faith it deems confidential.  **Accordingly, the parties shall file**

    **all  pleadings under case number 00-CIV-6061-FERGUSON/SNOW**.

2.    Motions to Stay are lifted and the parties shall proceed with discovery in accordance with

    this Order granting the consolidation of the causes.

3.    Motions to Dismiss [00-6061, D.E. #108; 00-6649, D.E. #25, #30, #31; 00-7163, D.E. #16,

    #36; 00-7692, D.E. # 23] are **DENIED** except as to the Counts in the relevant Complaints

which raise a Lanham Act issue.  The Lanham Act "prohibit[s] any person, in connection with any goods or services, from using in commerce any word, term, name, symbol, or device  or any combination thereof, . . . or any false or misleading description . . . or representation of fact, . . . in commercial advertising or promotion, [which] misrepresents the nature, characteristics, [or] qualities. . .of his or her or another person's goods, services, or commercial activities."  15 U.S.C. §1125.  None of the Plaintiffs' claim damages based on a product of the Defendants which unfairly competes with their product in violation of trademark law.  Besides, there was no advertising or false statements.  The Defendants simply acted pursuant to an alleged fraudulent agreement.  Accordingly, all Lanham Act counts in the relevant Complaints are dismissed.

4.    Motions to Amend the Scheduling Order  [00-6061, D.E. #119, #123; 00-6649, D.E. #98; 00-7163, D.E. # 60] are **GRANTED**.  Accordingly, an amended Order regarding the trial date and pre-trial deadlines shall be entered separately.

5.    Unopposed Motion for Protective Order [00-6649, #88] is **GRANTED**.

6.    Unopposed Motion for Enlargement of Time to Respond to the Complaint [00-7692, D.E. # 11] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 28th day of September, 2001.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Lurana Snow, United States Magistrate Judge
William Deem, Esq.

Eric Lee, Esq.
Arthur Gold, Esq.
Andrew Garcia, Esq.
Larry Kopelman, Esq.
Susan Lawson, Esq.
Richard Bokor, Esq.
Casey Fundaro, Esq.
David Shelton, Esq.
Peter Valeta, Esq.
Thomas Tew, Esq.
Francis Anania, Esq.
Katherine Lake, Esq.
James Haggerty, Esq.
Gregory Baldwin, Esq.
Mark Shapiro, Esq.
Marcy Aldrich, Esq.
John Aldock, Esq.
Kathy Johnson, Esq.
Alan Nisburg, Esq.
Dale Friedman, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

Case No. 00-6649
CIV-FERGUSON/MAGISTRATE JUDGE SNOW

KEITH BRICKELL, D.C., individually and
on behalf of others similarly situated,

      Plaintiff,

v.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY, BEECH
STREET CORPORATION, and ADP
INTEGRATED MEDICAL SOLUTIONS, INC.,

      Defendants.
_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING COURT'S RULING ON
MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, LIMIT DISCOVERY TO
ISSUES OF CLASS CERTIFICATION, AND MEMORANDUM OF LAW IN SUPPORT**

      Defendants, Progressive Express Insurance Company, Progressive Consumers Insurance

Company, Progressive Bayside Insurance Company (jointly "Progressive"), Beech Street

Corporation ("Beech Street"), and ADP Integrated Medical Solutions , Inc. ("ADP")

(collectively, "Defendants"), move the Court to stay all discovery until after the Court rules on

Defendants' various motions to dismiss or, alternatively, to stay all discovery on the merits and

simultaneously limit all discovery to issues of class certification.  In support, Defendants state as

follows:

      1.    Plaintiff has filed a class action complaint asserting claims based on theories of

breach of contract, unjust enrichment, RICO Act violations, and Lanham Act violations.

**EXHIBIT "D"**

2.    In response to Plaintiff's complaint, Defendants have filed motions to dismiss. These motions have not been fully briefed yet and are not currently ripe for disposition. These motions may dispose of some or all of the claims asserted against the Defendants.

3.    Plaintiff's motion for class certification is not yet due and has not been served. However, the anticipated motion for class certification may be limited or rendered totally moot by the rulings on the motions to dismiss.

4.    Due to the number of legal theories and claims asserted in the Complaint, class certification discovery and merits discovery will be expensive and time consuming. Given the pendency of the motions to dismiss, any discovery initiated now may well be unnecessarily broad and burdensome.

5.    Consequently, the motion for class certification and all discovery should be stayed until after the disposition of the motions to dismiss. If that ruling does not render the question of class certification moot, then discovery should be limited to class certification issues until disposition of the class certification motion. Merits discovery should then proceed in accordance with the remaining claims and the status of the case as a class or individual action. In this fashion, the Court will conserve both its judicial resources and those of the parties.

6.    If the court declines to stay all discovery pending determination of the motions to dismiss, in the alternative, discovery should be limited to class certification issues until such time as the motion for class certification is resolved.

7.    Defendants' counsel has conferred with Plaintiff's counsel, and Plaintiff does not consent to this motion.

WHEREFORE, Defendants Progressive, Beech Street, and ADP respectfully move the Court for an Order staying all discovery until after the Court rules upon Defendants' motions to dismiss. In the event the Court denies Defendants' request for a complete stay of discovery, Defendants move the Court, in the alternative, for an order limiting discovery to issues of class certification.

2

## MEMORANDUM OF LAW

Rule 23, Federal Rules of Civil Procedure, specifically authorizes the Court to control the manner, scope, and timing of the discovery process. In the present case, postponement of discovery until after the Court rules upon the potentially dispositive motions filed in response to Plaintiff's complaint is appropriate.

Defendants have filed motions to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Defendants' motions, therefore, may be dispositive of all or part of Plaintiffs' claims. A decision on the Defendants' motions may also eliminate or define the scope of class certification. "Facial challenges to the legal sufficiency of a claim...such as a motion to dismiss based on failure to state a claim for relief should...be resolved before discovery begins." Chudasama v. Mazda Motor Corporation, 123 F.3d 1353 (11th Cir. 1997). The Court in Chudasama outlined in detail the costs and burdens associated with discovery and held that facial challenges to the legal sufficiency of a claim should be resolved before discovery begins. Id.

Discovery imposes significant costs on both the party seeking discovery and the party from whom discovery is sought. The discovery process, and the disputes that seem to accompany it, also imposes a considerable burden on the judicial system. If the Court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Id. at 1368. Any legally unsupported claim that would unduly expand the scope of discovery should be dismissed before the discovery process is allowed to begin. Id. "Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system. "Id.

In the alternative, Defendants request that discovery be limited to class certification issues. A court shall determine whether an action may be maintained as a class action "[a]s soon

3

as practicable after the commencement of an action." Fed. R. Civ. P. 23(c). To determine whether an action may be maintained as a class action as soon as practicable and to best serve the ends of fairness and efficiency, a court may permit class-wide discovery on the class certification issue and postpone discovery on the merits. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1992); see also In Re Polypropylene Carpet Antitrust Litigation, 178 F.R.D. 603, 610 (N.D. Ga. 1997) (holding that the court should allow limited discovery to adduce evidence regarding class certification); National Organization for Women v. Sperry Rand Corp., 88 F.R.D. 272, 277 (D. Conn. 1980) (holding that discovery on the merits should not be completed prior to class certification); Karan v. Nabisco, Inc., 78 F.R.D. 388, 396 (W.D. Penn. 1978) (stating that class determination is preferable before substantial discovery on the merits has been conducted). In a class action case, discovery can involve significant expenditures of time and money. See Nabisco, 78 F.R.D. at 396. If discovery is limited to class certification and a determination in the early stages of the litigation that a class action is not appropriate or that it should be limited in scope, both parties benefit from the savings of time and money. See id. Thus, for judicial efficiency and fairness, a court may "direct the parties to focus their initial discovery on matters pertaining to the class question." Id. at n.5.

In Washington, a class action alleging employment discrimination based on race, the district court limited discovery to class certification issues and postponed discovery on the merits. 959 F. 2d at 1568. The Eleventh Circuit held that the district court's discovery ruling was appropriate. See id. at 1571. The Eleventh Circuit stated that, in order to determine as soon as practicable whether the action should be maintained as a class action and in order to meet the ends of efficiency and fairness, courts may permit class-wide discovery on the certification issues and postpone discovery on the merits. See id. at 1570-71.

At the very least, discovery should be limited to the issues necessary to determine whether the requirements of Rule 23 have been met. Thus, the Plaintiffs' discovery should be limited to that which will give them an opportunity to show that the class is so numerous that joinder is impracticable, that there are questions of law or fact that are common to the class, that

the claims and defenses of the representatives are typical of those in the class, and that the representatives will fairly and adequately protect the interests of the class.

CONCLUSION

Defendants respectfully move the Court for an Order staying all discovery until after the Court rules on Defendants' motions to dismiss. In the event the Court denies Defendants' request for a complete stay of discovery, Defendants move the Court, in the alternative, for an Order limiting discovery to issues of class certification.

Respectfully submitted this **21** day of July, 2000.

WILLIAM XANTTOPOULOS
WILLIAM XANTTOPOULOS, P.A.
Wxlaw@mindspring.com
Fla. Bar No. 997668
Bank of America Tower
100 SE 2nd Street, Suite 3950
Miami, FL 33131
(305) 579-9075
Fax (305) 579-9073

and

WILLIAM H. HUGHES III
Whugh@penningtonlawfirm.com
Florida Bar No. 0628263
A. KENNETH LEVINE
Ken@penningtonlawfirm.com
Fla. Bar No. 863807
Pennington, Wilkinson, Moore,
Bell & Dunbar, P.A.
215 South Monroe Street
Second Floor
Tallahassee, Florida 32302
(850) 222-3533
Fax - (850) 222-2126

ROBERT CINTRON, JR. (of counsel)
cintron@ibm.net
Fla. Bar No. 0325031
Post Office Box 1117
Key West, FL 33041
(305) 296-5676
Fax: (305) 296-4331


Attorneys for Defendants, ADP and
BEECH STREET

and

FRANCIS A. ANANIA
Fla. Bar No. 160256
fanania@anania-law.com
DONALD A. BLACKWELL
Fla. Bar No. 370967
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
Fax: (305) 373-6914
Attorneys for PROGRESSIVE

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the below-listed attorneys by First Class United States Mail this 21ˢᵗ day of July, 2000:

Douglas Blankman, *Esquire and*
Lawrence M. Kopelman, Esquire
KOPELMAN & BLANKMAN
National Towers, Suite 1611
1 Financial Plaza
Ft. Lauderdale, FL 33394

Arthur Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603

Carlin Phillips, Esquire
GOGEL, PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747

Attorneys for Plaintiff

William Xanttopoulos

clw  G:\USERS\Beech-ADP\pleadings\Motion.Stay.Disc.wpd



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6649-CIV-FERGUSON/SNOW

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY; PROGRESSIVE
CONSUMERS INSURANCE COMPANY;
PROGRESSIVE BAYSIDE INSURANCE
COMPANY; BEECH STREET
CORPORATION; and ADP INTEGRATED
MEDICAL SOLUTIONS, INC.,

        Defendants.

_____/



**AGREED ORDER GRANTING BEECH STREET CORPORATION AND
ADP INTEGRATED MEDICAL SOLUTIONS, INC.'S UNOPPOSED
MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO
PLAINTIFF, KEITH BRICKELL, D.C.'S MOTION FOR CLASS CERTIFICATION**

        THIS MATTER came before the Court on Defendant, Beech Street Corporation and ADP

Integrated Medical Solutions, Inc.'s Unopposed Motion for Enlargement of Time to Respond to

Plaintiff, Keith Brickell, D.C.'s Motion for Class Certification. This Court has reviewed the

motion and the parties' agreement to the relief sought therein, reviewed the record, and is

otherwise fully advised. Upon due consideration, it is hereby

        ORDERED AND ADJUDGED that:

        1.     Defendants, Beech Street Corporation and ADP Integrated Medical Solutions,

Inc.'s Unopposed Motion for Enlargement of Time to Respond to Plaintiff, Keith Brickell,

D.C.'s Motion for Class Certification is granted.

**EXHIBIT "E"**

CASE NO. 00-6649-CIV-FERGUSON/SNOW

2.     Beech Street Corporation and ADP Integrated Medical Solutions, Inc. shall have

an extension of time to respond to Plaintiff, Keith Brickell, D.C.'s Motion for Class

Certification, until sixty (60) days after the entry of any Order ruling on Defendants, Beech Street

Corporation and ADP Integrated Medical Solutions, Inc.'s motions to dismiss the Complaint.

DONE AND ORDERED in Chambers in Broward County, Fort Lauderdale, Florida, this
30th day of November, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE


Confirmed copies to all parties on the attached service list

CASE NO. 00-6649-CIV-FERGUSON/SNOW

SERVICE LIST
(Brickell v. Progressive)

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
Phone: 312/372-0777
Facsimile: 312/372-0778

*Counsel for Plaintiff*

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
Phone: 508/998-0800
Facsimile: 508/998-0919
*Counsel for Plaintiff*

Douglas A. Blankman, Esq.
KOPELMAN & BLANKMAN
One Financial Plaza, Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
Phone: 954/462-6855
Facsimile: 954/462-6899
*Counsel for Plaintiff*

Eric Lee, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301
Phone: 954/763-1200
Facsimile: 954/766-7800
*Counsel for Plaintiff*

Francis A. Anania, Esq.
ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN & TORRICELLA
Bank of America Tower, Suite 4300
100 S.E. 2nd Street
Miami, FL 33131
Phone: 305/373-4900
Facsimile: 305/373-6914

*Counsel for Progressive*

Joseph A. DeMaria, Esq.
201 South Biscayne Boulevard
Suite 2600
Miami, FL 33131-4336
Phone: 305/536/1112
Facsimile: 305/536/1116

*Counsel for ADP & Beech Street*

William Xanttopoulous, Esq.
Bank of America Tower
100 S.E. 2nd Street, Suite 3950
Miami, FL 33131
Phone: 305/579-9075
Facsimile: 305/579-9073
*Co-Counsel for ADP & Beech Street*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 00-7163 CIV-FERGUSON

MARC J. BROWNER, DC, individually,
and on behalf of all others similarly
situated,

        Plaintiff,

vs.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION,
and ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

        Defendants.

_____/

**FILE COPY**

## ORDER GRANTING BEECH STREET CORPORATION AND ADP INTEGRATED MEDICAL SOLUTIONS, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This matter came on for consideration on Defendants, Beech Street Corporation and ADP Integrated Medical Solutions, Inc.'s, Motion for Extension of time to respond to Plaintiff's Motion for Class Certification. Plaintiff does not oppose this motion. Upon consideration of the matter, it is hereby:

ORDERED AND ADJUDGED that the motion is GRANTED. Beech Street Corporation and ADP Integrated Medical Solutions, Inc., shall have an extension of time until 60 days after the Court's order ruling on any Motion to Dismiss in which to serve their responses to Plaintiff's Motion for Class Certification.

DONE AND ORDERED in Miami, Florida, this 3RD day Oct., 2000.

_____
Wilkie D. Ferguson
United States District Court Judge

## EXHIBIT "F"