# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION
### CASE NO. 00-6061-CIV-FERGUSON/SNOW
### (Consolidated Class Action)

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

       Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
et al.,

_____Defendants____._____/

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,

       Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE,
et al.,

_____Defendants._____/

MARC J. BROWNER, D.C., individually
and on behalf of all other similarly situated,

       Plaintiffs,

vs.

ALLSTATE INDEMNITY COMPANY,
et al.,

_____Defendants._____/



## DEFENDANTS BEECH STREET CORPORATION AND APD INTEGRATED MEDICAL SOLUTION, INC.'S *AMENDED* ANSWER AND AFFIRMATIVE DEFENSES TO (BROWNER) CLASS ACTION COMPLAINT

Defendant, Beech Street Corporation ("Beech Street") and ADP Integrated Medical

Solutions, Inc. ("ADP") answer the <u>Marc J. Browner, D.C. v. Progressive Express Insurance</u>

<u>Company, et al.</u> (original Case No. 7163-CIV-FERGUSON) Class Action Complaint as follows:

## ANSWER

### Jurisdiction and Venue

1.      Beech Street and ADP deny allegations in Paragraph 1 of the Class Action Complaint.

2.      Beech Street and ADP deny the allegations in Paragraph 2 of the Class Action Complaint.

3.      Beech Street and ADP deny the allegations in Paragraph 3 of the Class Action Complaint.

### The Parties

4.      Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 4 of the Class Action Complaint.

5.      Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 5 of the Class Action Complaint.

6.      In response to the allegations in Paragraph 6 of the Class Action Complaint, Beech Street and ADP admit Beech Street is "an entity" with a principal place of business at 25500 Commercentre Drive, Lake Forest, CA 92630; admit that Beech Street has established and administers a network of healthcare service providers, commonly known as a Preferred or Participating Provider Organization ("PPO") on a nationwide basis.

7.      ADP admits that it is an "entity"with a principal place of business at 401 North Washington Street, Rockville, Maryland. ADP develops software that evaluates the appropriateness of the billings for medical services.

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

## Factual Background

### The Payment of Medical Expenses Under Florida Automobile
### Insurance Policies and Florida Statutes § 627.736(5)

8.      Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 8 of the Class Action Complaint.

9.      Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 9 of the Class Action Complaint.

10.     In response to the allegations in Paragraph 10 of the Class Action Complaint, Beech Street and ADP refer the Court to the Florida Statutes for the content of that law, deny the applicability of the 1992 Statutes, and deny any further allegations in Paragraph 10.

### The Florida Automobile Managed Care PPO Endorsement
### and the ALLSTATE's Offer and Subsequent Discontinuance of a PPO Endorsement

11.     In response to the allegations in Paragraph 11 of the Class Action Complaint, Beech Street and ADP refer the Court to the Florida Statutes for the content of that law deny the applicability of the 1992 Statutes, and deny any further allegations in Paragraph 11.

12.     Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 12 of the Class Action Complaint.

13.     Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 13 of the Class Action Complaint.

14.     Beech Street and ADP are without sufficient knowledge to respond to the allegations contained in Paragraph 14 of the Class Action Complaint.

3

15.     Beech Street and ADP are without sufficient knowledge to respond to the allegations contained in Paragraph 15 of the Class Action Complaint.

## DR. BROWNER'S Preferred Provider Agreement
## with BEECH STREET

16.     In response to Paragraph 16 of the Class Action Complaint, Beech Street and ADP admit that Dr. Browner entered into a Preferred Provider Agreement with Beech Street admit the Preferred Provider Agreement speaks for itself, and deny all remaining allegations in Paragraph 16 of the Class Action Complaint.

17.     Beech Street and ADP refer the Court to the Preferred Provider Agreement for the terms of that contract and otherwise deny the allegations in Paragraph 17 of the Class Action Complaint.

18.     Beech Street and ADP refer the Court to the Preferred Provider Agreement for the terms of that contract and otherwise deny the allegations in Paragraph 18 of the Class Action Complaint.

19.     Beech Street and ADP refer the Court to the Preferred Provider Agreement for the terms of that contract and otherwise deny the allegations in Paragraph 19 of the Class Action Complaint.

20.     Beech Street and ADP deny the allegations in Paragraph 20 of the Class Action Complaint.

4

**The Illegitimate Discounting of DR. BROWNER'S Accident**
**Related Medical Bills Based on BEECH STREET's PPO Discounts**

21.    Beech Street and ADP deny the allegations in Paragraph 21 of the Class Action Complaint.

22.    Beech Street and ADP deny the allegations in Paragraph 22 of the Class Action Complaint.

23.    In response to the allegations in Paragraph 23 of the Class Action Complaint, Beech Street and ADP admit that, pursuant to the terms of Browner's Participating Provider Agreement, "Beech Street allowed ADP and the Allstate access to all of Beech Street's Preferred Provider's confidential and proprietary discount rates;" admit that Allstate was the proper payor under the terms of Dr. Browner's Preferred Provider Agreement; admits that the execution by Dr. Browner of the Preferred Provider Agreement together with, among other things, Beech Street's provision of access to Progressive Automobile Insurers would increase preferred provider patient volume to Dr. Browner pursuant to the terms of the Preferred Provider Agreement, Beech Street denies that pursuant to the terms of the Preferred Provider Agreement; Beech Street promised to "increase preferred provider patient volume," and denies all remaining allegations in Paragraph 23.

24.    Beech Street and ADP admit the allegations in Paragraph 24 of the Class Action Complaint.

**The Defendants Operation of a Silent PPO**

25.    Beech Street and ADP deny the allegations in Paragraph 25 of the Class Action Complaint.

5

26.    Beech Street and ADP deny the allegations in Paragraph 26 of the Class Action Complaint.

27.    In response to the allegations in Paragraph 27 of the Class Action Complaint, Beech Street and ADP are without sufficient knowledge as to the allegations concerning the knowledge of Allstate to respond, and deny the remaining allegations in Paragraph 27.

28.    In response to the allegations in Paragraph 28, Beech Street admits it drafted the Provider Agreement executed by Dr. Browner admits Beech Street executed the Provider Agreement with Dr. Browner, admit it has express knowledge of the provisions of the Provider Agreement; denies that it is engaged in any silent PPO, admits that it is a member of the American Association of Preferred Provider Organizations, which prohibits silent PPO practices, deny it has condoned silent PPO practices; and admits that together with the AAPPO has taken a strong stance against the practice of silent PPO, and denies all remaining allegations in Paragraph 28.

29.    In response to the allegations in Paragraph 29 of the Class Action Complaint, Beech Street and ADP admit the entry into the Network Access Agreement by and between ADP Integrated Medical Solutions, Inc. and Beech Street Corporation, the terms of which speak for itself, admit that both Beech and ADP have complied with their mutual obligations under the Network Access Agreement, and deny all allegations in Paragraph 29 that are inconsistent with the terms of the Network Access Agreement and the conduct of Beech Street and ADP in compliance therewith.

30.    In response to the allegations in Paragraph 30, Beech Street and ADP admit the entry into the Provider Agreement between Beech Street and Dr. Browner into the Network Access Agreement by and between Beech Street and ADP, admit that the Preferred Provider Agreement

6

executed by Dr. Browner expressly provides for access by various Payors (as defined in the Preferred Provider Agreement) such as Allstate (as defined in the Class Action Complaint) to access the discounted rates agreed upon by Dr. Browner or any eligible preferred patient or beneficiary (as defined in the Preferred Provider Agreement), and deny all allegations that are inconsistent with the terms of Dr. Browner's Preferred Provider Agreement and Beech Street and ADP Network Access Agreement and the parties respective performance under either or both such Agreements.

31.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 31 of the Class Action Complaint.

32.    Beech Street and ADP deny the allegations in Paragraph 32 of the Class Action Complaint.

33.    Beech Street and ADP admit the allegations in Paragraph 33 of the Class Action Complaint.

<u>**Class Action Allegations**</u>

34.    Beech Street and ADP deny the allegations in Paragraph 34 of the Class Action Complaint and deny that this action should be afforded class action treatment pursuant to Federal Rule of Civil Procedure, Rule 23.

35.    Beech Street and ADP deny the allegations in Paragraph 35 of the Class Action Complaint and deny that this action should be afforded class action treatment pursuant to Federal Rule of Civil Procedure, Rule 23.

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

36.    Beech Street and ADP deny the allegations in Paragraph 36 of the Class Action Complaint and deny that this action should be afforded class action treatment pursuant to Federal Rule of Civil Procedure, Rule 23.

37.    Beech Street and ADP deny the allegations in Paragraph 37 (a)-(f) of the Class Action Complaint and deny that this action should be afforded class action treatment pursuant to Federal Rule of Civil Procedure, Rule 23.

38.    Beech Street and ADP deny the allegations in Paragraph 38 of the Class Action Complaint and deny that this action should be afforded class action treatment pursuant to Federal Rule of Civil Procedure, Rule 23.

39.    Beech Street and ADP deny the allegations in Paragraph 39 of the Class Action Complaint.

40.    Beech Street and ADP deny the allegations in Paragraph 40 of the Class Action Complaint and deny that this action should be afforded class action treatment pursuant to Federal Rule of Civil Procedure, Rule 23.

41.    Beech Street and ADP deny the allegations in Paragraph 41 (a)-(e) of the Class Action Complaint and deny that this action should be afforded class action treatment pursuant to Federal Rule of Civil Procedure, Rule 23.

42.    Beech Street and ADP deny the allegations in Paragraph 42 of the Complaint and deny that this action should be afforded class action treatment pursuant to Federal Rule of Civil Procedure, Rule 23.

8

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract as to Beech Street)

Beech Street hereby realleges its responses to Paragraphs 1 through 42 of the Class Action Complaint. ADP does not respond to Count I of the Class Action Complaint because it is not named in this Count.

43.    In response to the allegations in Paragraph 43, Beech Street and ADP admit the entry by Beech Street and Browner into the Preferred Provider Agreement, admit the Preferred Agreement, and deny all remaining allegations in Paragraph 43 of the Class Action Complaint.

44.    Beech Street and ADP deny the allegations in Paragraph 44 of the Class Action Complaint.

45.    Beech Street and ADP deny the allegations in Paragraph 45 of the Class Action Complaint.

46.    Beech Street and ADP deny the allegations in Paragraph 46 (including Paragraphs A through D) of the Class Action Complaint.

47.    Beech Street and ADP deny the allegations in Paragraph 47 of the Class Action Complaint.

WHEREFORE, Beech Street requests that the Court dismiss Court I of the Class Action Complaint with prejudice and award Beech Street its costs and such other relief the Court deems just and proper.

9

## COUNT II
### (Breach of Duty of Good Faith and Fair Dealing as to Beech Street)

Beech Street herein realleges its responses to Paragraphs 1 through 42 of the Class Action Complaint. ADP does not respond to Count II of the Class Action Complaint because it is not named in this Count.

48.     Beech Street admits that it entered into a Preferred Provider Agreement with Browner. Beech Street denies the remaining allegations in Paragraph 48.

49.     Beech Street and ADP deny the allegations in Paragraph 49 of the Class Action Complaint.

50.     Beech Street denies the allegations in Paragraph 49 of the Class Action Complaint.

51.     Beech Street is without sufficient knowledge to respond to the allegations in Paragraph 51 of the Class Action Complaint.

52.     Beech Street denies the allegations in Paragraph 52(a) through (d) of the Class Action Complaint.

53.     Beech Street denies the allegations in Paragraph 53 of the Class Action Complaint.

WHEREFORE, Beech Street requests that the Court dismiss Count II of the Class Action Complaint with prejudice and award Beech Street its costs and such other relief as the Court deems just and proper.

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

### COUNT III
### (Unjust Enrichment as to ALLSTATE and ADP)

ADP realleges herein the responses to Paragraphs 1 through 42 of the Class Action Complaint. Beech Street does not respond to Count III of the Class Action Complaint because it is not named in this Count.

54.    ADP denies the allegations in Paragraph 54 of the Class Action Complaint.

55.    ADP denies the allegations in Paragraph 55 of the Class Action Complaint.

56.    ADP denies the allegations in Paragraph 56 of the Class Action Complaint.

57.    ADP denies the allegations in Paragraph 57 of the Class Action Complaint.

58.    ADP denies the allegations in Paragraph 58 of the Class Action Complaint.

59.    ADP denies the allegations in Paragraph 59 of the Class Action Complaint.

60.    ADP denies the allegations in Paragraph 60 of the Class Action Complaint.

61.    ADP denies the allegations in Paragraph 61 of the Class Action Complaint.

62.    ADP denies the allegations in Paragraph 62 of the Class Action Complaint.

WHEREFORE, ADP requests that the Court deny Count III of the Class Action Complaint with prejudice and award ADP its costs and such other relief as the Court deems just and proper.

### COUNT IV

### (Third Party Beneficiary Breach of Contract as to Allstate)

63.-66. Beech Street and ADP do not respond to Count IV of the Class Action Complaint because they are not named in this Count.

11

TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

## COUNT V

## (RICO Act Violations as to All Parties)

Beech Street and ADP reallege their responses to Paragraphs 1 through 42 of the Class Action Complaint.

67.    In response to the allegations in Paragraph 67, Beech Street and ADP admit the entry into the Preferred Provider Agreement with Browner; Beech Street and ADP admit the entry into the Network Access Agreement signed between Beech Street and ADP, Beech Street and ADP admit the entry by Beech Street into a services agreement between ADP and Allstate, Beech Street and ADP admit the entry into a Beech Street Payor Agreement by and between Beech Street and Allstate; Beech Street and ADP admit the performance by Beech Street, ADP, and Allstate under their respective agreements, and deny all remaining allegations in Paragraph 49 of the Class Action Complaint.

68.    Beech Street and ADP deny the allegations in Paragraph 68 of the Class Action Complaint.

69.    Beech Street and ADP deny the allegations in Paragraph 69 of the Class Action Complaint.

70.    Beech Street and ADP deny the allegations in Paragraph 70 of the Class Action Complaint.

71.    Beech Street and ADP deny the allegations in Paragraph 71 of the Class Action Complaint.

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

72.    Beech Street and ADP deny the allegations in Paragraph 72 (including 72(a) through 72(m)) of the Class Action Complaint.

73.    Beech Street and ADP deny the allegations in Paragraph 73 of the Class Action Complaint

74.    Beech Street and ADP deny the allegations in Paragraph 74 of the Class Action Complaint.

75.    Beech Street and ADP deny the allegations in Paragraph 75 of the Class Action Complaint.

76.    Beech Street and ADP deny the allegations in Paragraph 76 of the Class Action Complaint.

77.    Beech Street and ADP deny the allegations in Paragraph 77 of the Class Action Complaint.

78.    Beech Street and ADP deny the allegations in Paragraph 78 of the Class Action Complaint.

79.    Beech Street and ADP deny the allegations in Paragraph 79 of the Class Action Complaint.

80.    Beech Street and ADP deny the allegations in Paragraph 80 of the Class Action Complaint.

TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

**Racketeering Activities**

81.    Beech Street and ADP deny the allegations in Paragraph 81 of the Class Action Complaint.

82.    Beech Street and ADP refer the Court to 18 U.S.C. § 1961(1) and applicable case law for the terms of that law and otherwise deny the allegations in Paragraph 82 of the Class Action Complaint.

83.    Beech Street and ADP refer the Court to 18 U.S.C. § 1961(1) and applicable case law for the terms of that law and otherwise deny the allegations in Paragraph 83 of the Class Action Complaint.

**18 U.S.C. §§ 1341 and 1346,. and 18 U.S.C. §§ 1343 and 1346**

84.    Beech Street and ADP deny the allegations in Paragraph 84 of the Class Action Complaint.

85.    Beech Street and ADP deny the allegations in Paragraph 85 of the Class Action Complaint.

86.    Beech Street and ADP deny the allegations in Paragraph 86 (including 86(a) through 86(e)) of the Class Action Complaint.

87.    Beech Street and ADP deny the allegations in Paragraph 87 of the Class Action Complaint.

88.    Beech Street and ADP deny the allegations in Paragraph 88 of the Class Action Complaint.

14

89.     Beech Street and ADP deny the allegations in Paragraph 89 of the Class Action Complaint.

**18 U.S.C. § 1951 (b)(2)**

90.     Beech Street and ADP deny the allegations in Paragraph 90 of the Class Action Complaint.

91.     Beech Street and ADP deny the allegations in Paragraph 91 of the Class Action Complaint.

92.     Beech Street and ADP deny the allegations in Paragraph 92 of the Class Action Complaint.

93.     Beech Street and ADP deny the allegations in Paragraph 93 of the Class Action Complaint.

94.     Beech Street and ADP deny the allegations in Paragraph 94 of the Class Action Complaint.

**18 U.S.C. § 1952 (a)**

95.     Beech Street and ADP deny the allegations in Paragraph 95 of the Class Action Complaint.

96.     Beech Street and ADP deny the allegations in Paragraph 96 of the Class Action Complaint.

**Pattern of Racketeering Activity**

97.     Beech Street and ADP deny the allegations in Paragraph 97 of the Class Action Complaint.

15

98.    Beech Street and ADP deny the allegations in Paragraph 98 of the Class Action Complaint.

**Violations of the RICO Act, 18 U.S.C. § 1962(d) as to All Parties**

99.    Beech Street and ADP deny the allegations in Paragraph 99 of the Class Action Complaint.

**Section 1962(c) Claim**

100.    Beech Street and ADP refer the Court to 18 U.S.C. § 1961(1) and applicable case law for the terms of that law and otherwise deny the allegations in Paragraph 100 of the Class Action Complaint.

101.    Beech Street and ADP deny the allegations in Paragraph 101 of the Class Action Complaint.

102.    Beech Street and ADP deny the allegations in Paragraph 102 of the Class Action Complaint.

**Section 1962(d) Claim**

103.    Beech Street and ADP deny the allegations in Paragraph 103 of the Class Action Complaint.

104.    Beech Street and ADP deny the allegations in Paragraph 104 of the Class Action Complaint.

105.    Beech Street and ADP deny the allegations in Paragraph 105 of the Class Action Complaint.

16

106.    Beech Street and ADP deny the allegations in Paragraph 106 of the Class Action Complaint.

107.    Beech Street and ADP deny the allegations in Paragraph 107 of the Class Action Complaint.

108.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 108 of the Class Action Complaint.

109.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 109 of the Class Action Complaint.

110.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 110 of the Class Action Complaint.

111.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 111 of the Class Action Complaint.

112.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 112 of the Class Action Complaint.

113.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 113 of the Class Action Complaint.

114.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 114 of the Class Action Complaint.

115.    Beech Street and ADP are without sufficient knowledge to respond to the allegations in Paragraph 115 of the Class Action Complaint.

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

WHEREFORE, Beech Street and ADP request that Count V of the Class Action Complaint be dismissed with prejudice and that they be awarded their costs and such other relief as this Court deems just and proper.

## COUNT VI
### (Violations of the Lanham Act, 15 U.S.C. § 1125 et. seq., as to All Defendants)

116-125.  Beech Street and ADP do not respond to Count VI of the Class Action Complaint which was dismissed with prejudice by the Court on September 28, 2001.

## COUNT VII
### (Declaratory Judgment)

126-129.  Beech Street and ADP do not respond to Count VII of the Class Action Complaint because they are not named in this Count.

## COUNT VIII
### (Violation of Florida Statute 627.736(10) as to Allstate)

130-135.  Beech Street and ADP do not respond to Count VIII of the Class Action Complaint because they are not named in that Count.

136.     Beech Street and ADP deny each and every allegation of the Class Action Complaint that is not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8(b) and 8(c), Fed.R.Civ.P., Beech Street and ADP set forth the following defenses and affirmative defenses to the Class Action Complaint:

1.     Beech Street and ADP state that Browner's claims are barred by his failure to state a cause of action.

18

2.    The Class Action Complaint violates Rule 8(e), Fed. R.Civ.P. because it is duplicative in that all the allegations of each Count are improperly replead into each subsequent count.

3.    Beech Street and ADP assert that Beech Street's voluntary preferred provider program does not violate Florida's Insurance Code.

4.    Beech Street and ADP assert that Beech Street's voluntary preferred provider program does not fall within § 627.736(10).

5.    Beech Street and ADP assert that Browner's RICO Count must be dismissed because:

    (a)    Browner's Class Action Complaint does not allege a single fact reflecting criminal or fraudulent conduct by Beech Street and ADP. Furthermore, it fails to identify an act, a date, a place, or a method by which Beech Street or ADP sought to accomplish any such offenses;

    (b)    Browner fails to plead a claim under 18 U.S.C. §1962(a) because he has not and cannot establish that he was harmed as a result of investment activity by Beech Street or ADP;

    (c)    Browner fails to plead a claim under 18 U.S.C. §1962(a) by failing to adequately allege a RICO enterprise;

    (d)    Browner fails to plead a claim under 18 U.S.C. §1962(a) by failing to adequately allege a pattern of racketeering offenses; and

    (e)    Browner fails to plead a claim under 18 U.S.C. §1962(d) by failing to adequately allege RICO predicate acts, failed to allege an enterprise and failed to allege a pattern of racketeering activity.

19

6.      Beech Street and ADP assert that Browner's claims are barred due to the applicable statute of limitations.

7.      Beech Street and ADP assert that Browner's claims are barred by the doctrine of laches.

8.      Beech Street asserts that to the extent that Browner is seeking an injunction for his breach of contract claim, that claim is barred by the doctrine of unclean hands. Upon information and belief, Browner has engaged in fraudulent billing practices.

9.      ADP asserts that Browner's claim for unjust enrichment is barred by the doctrine of unclean hands. Upon information and belief, Browner has engaged in possible fraudulent billing practices.

10.     Beech Street and ADP assert that Browner's claims are barred by the doctrine of anticipatory breach where Browner breached the Preferred Provider Agreement first, relieving defendants from further performance.

11.     Beech Street and ADP assert that Browner's RICO claims are barred by the doctrine of *in pari delicto*.

12.     There is no basis for Browner's claim for attorneys' fees in Counts I, II and III of the Class Action Complaint and these claims should be stricken.

### DEMAND FOR JURY TRIAL

Beech Street and ADP demand a trial by jury on all issues so triable.

20

Respectfully submitted,

**TEW CARDENAS REBAK KELLOGG
LEHMAN DeMARIA TAGUE
RAYMOND & LEVINE L.L.P.**
Co-Counsel for Defendants Beech Street Corporation
and ADP Integrated Medical Solutions, Inc.
201 S. Biscayne Boulevard
2600 Miami Center
Miami, Florida 33131
Telephone: 305-536-1112
Facsimile:  305-536-1116

By: _____
    Joseph A. DeMaria
      Florida Bar No. 764711
    John M. Quaranta, Esq.
      Florida Bar No. 764711

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via U.S. Mail on all counsel listed on the attached Service List this _____ day of October, 2001.

_____
    Counsel

::ODMA\MHODMA\MIAMI;277255;1

21

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**

**Co-Counsel for Plaintiffs**
ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

**Co-Counsel for Plaintiffs**
GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

**Co-Counsel for Plaintiffs**
PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**
 KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**
Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 Facsimile

TEW CARDENAS REBAK KELLOGG LEHMAN DEMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

**Counsel for Allstate**
RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**
TEW, CARDENAS REBAK KELLOGG
LEHMAN DEMARIA TAGUE
RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esquire
(305) 539-2440
jad@tewlaw.com
John M. Quaranta, Esquire
jmq@tewlac.com
(305)536-8432
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
Francis Anania, Esquire
fanania@anania-law.com
Donald A. Blackwell, Esquire
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**
MCQUIRE, WOODS, et al.
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
badams@mcguirewoods.com
Curt Caywood, Esquire
ccaywood@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida  32202
(904)798-3200
(904)798-3207 Facsimile

**Counsel for Nationwide**
FOWLER, WHITE
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Bruce A. Aebel, Esquire
baebel@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813)228-7411
(813)229-8313 Facsimile

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
(215)299-4314
(215)299-4301 Facsimile

**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Prudential**
SHEA & GARDNER
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Richard M. Wyner, Esquire
Rwyner@sheagardner.com
(202) 828-2188
Jeffrey M. Klein, Esquire
jklein@sheagardner.com
(202) 828-4301
M. David Dobbins, Esquire
ddobbins@sheagardner.com
(202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
202-828-2000
202-828-2195 (Facsimile)

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
Kmaus@bbplaw.com
Eric Zivitz
Ezivitz@bbplaw.com
3520 Thomasville Road
Suite 102
Tallahassee, Florida  32308.3469
850.894.4111
850.894.4999 (Facsimile)

**Counsel for Superior**
BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

**Counsel for American International**
CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

TEW CARDENAS REBAK KELLOGG LEHMAN DEMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112