# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

### Case No. 00-CIV-6061-Ferguson/Snow (Consolidated)

### <u>Referred to Magistrate Judge Snow</u>

| | |
|---|---|
| DR. PAUL ZIDEL and All Others Similarly Situated, | § § § |
| Plaintiffs, | § § |
| v. | § § |
| ALLSTATE INSURANCE COMPANY, | § § |
| Defendant/Third-Party Plaintiff, | § § § |
| v. | § § |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | § § § |
| Third-Party Defendant. | § § § |



## CCN'S PARTIALLY UNOPPOSED
## MOTION TO STAY PENDING RESOLUTION OF
## ARBITRATION AND CLASS CERTIFICATION ISSUES

Third-Party Defendant, CCN Managed Care, Inc. ("CCN"), moves for the entry of an order (i) staying substantive proceedings pending resolution of CCN's partially unopposed motion to compel arbitration, and/or (ii) staying merits discovery in this litigation pending resolution of Plaintiff's motion for class certification. Defendant/Third-Party Plaintiff Allstate Insurance Company ("Allstate") does not oppose this motion, but Plaintiff Paul Zidel does. <u>This motion relates solely to the above-styled litigation rather than the other consolidated cases,</u>



1

though to the extent this motion suggests a stay of merits discovery pending class certification, its logic is equally applicable to those other cases. In support of this motion, CCN states:

1. For present purposes, this action was initiated by service of an amended class complaint against CCN and Allstate.[1] Plaintiff seeks to represent a class of health-care providers who contracted with CCN to participate in CCN's provider network. CCN markets its provider network to clients such as insurance companies, self-insured employers, and others who provide for medical care to insureds or beneficiaries. This action involves access by one of those CCN clients, defendant Allstate, to the provider network.

2. On November 13, 2000, CCN filed its motion to stay or dismiss this litigation and to compel arbitration pursuant to its contract with the Plaintiff (the "Provider Agreement"). Immediately thereafter, Plaintiff dismissed his claims against CCN.

3. On January 26, 2001, Allstate brought CCN back into the case by serving a third-party complaint asserting claims for indemnity, among other things. The base assertion of Allstate's third-party claims is that if Allstate is liable to the Plaintiff or the putative class, CCN should be liable to Allstate for all or a portion of that amount.

4. At a status conference on July 24, 2000, prior to CCN's entry into the case, Plaintiff's counsel began espousing consolidation of this action and a number of other, allegedly similar actions he was prosecuting against other defendants. Shortly after CCN was brought back into this case via the third-party complaint, it commenced briefing of that issue. Thereafter, the Court indicated that it was inclined to order some form of consolidation for pre-trial purposes, though a consolidation order did not issue for several months.

---

[1] CCN was not a party to the action as initially filed.

2

5.  Aside from answering Allstate's third-party claim, CCN has participated in no substantive or "merits" activity since being brought back into the case. CCN's efforts have been primarily limited to ensuring that it was not prejudiced as the Court considered consolidation issues, ensuring that it was not in default of briefing or other obligations imposed by rule, and resisting the inappropriate commencement of merits discovery by the Plaintiff. Indeed, from a merits perspective this case was largely dormant while the parties awaited a ruling on the consolidation issue.[2]

6.  On September 20, 2001, Plaintiff served his motion for class certification.

7.  On September 28, 2001, this Court issued an omnibus order that, among other things, consolidated this and various other cases for discovery purposes.

8.  On October 3, 2001, CCN served its motion to stay or dismiss this litigation and to compel arbitration of Plaintiff's claims. This motion is based on the same contractual arbitration provision as CCN's initial motion to compel arbitration, which was filed prior to Plaintiff's dismissal of CCN from the case. Plaintiff filed an unopposed motion to extend his time to respond to the pending motion until October 26, 2001.

9.  Plaintiff's counsel is now attempting to impose an expedited case management schedule, requiring CCN to participate not only in class certification proceedings but in merits discovery as well -- including a proposed nation-wide schedule of depositions and the production of voluminous documents concerning its business relationships throughout the State of Florida. These efforts are wholly inappropriate at this stage of the litigation. As set forth below, (i) CCN should not be required to participate in any substantive proceedings until its motion to compel

---

[2] During this time, CCN did apprise Plaintiff's counsel of its intent to continue to pursue arbitration once consolidation issues were resolved. See for example CCN's Response In Opposition To Plaintiff's Motion To Limit Communications at footnote 3, CCN's Motion To Preclude The Unauthorized Commencement Of Merits Discovery

arbitration is resolved, and (ii) even if the case is not referred to arbitration, or even if the case is not stayed pending resolution of the motion to compel arbitration, CCN should not be required to participate in merits discovery until the motion for class certification is resolved.

### The Motion to Compel Arbitration

10.    Allstate is alleged to have been one of CCN's "payor" clients, and is alleged to have accessed CCN's healthcare provider network pursuant to an agreement with CCN. Plaintiff participated as a member of that network pursuant to his Provider Agreement with CCN, and the supposed "rights" he seeks to vindicate in this action -- e.g. the right to his preferred form of "steerage" in return for his discounted fees -- must flow in the first instance from that Agreement. The Provider Agreement, however, explicitly requires that all disputes must be resolved through arbitration. Accordingly, CCN has moved to stay or dismiss this litigation and to compel compliance with the arbitration provision.

11.    The fact that the Provider Agreement is between Plaintiff and CCN, yet Plaintiff chose to dismiss his claim against CCN and proceed only against Allstate, CCN's client, is of no consequence here. As shown in CCN's motion to compel arbitration, there is controlling appellate authority requiring arbitration in just such a circumstance.

12.    The Federal Arbitration Act embodies a strong presumption in favor of arbitration. The legislative intent is frustrated if a party to an arbitration agreement is allowed to avoid his obligation to arbitrate and impose the burden of litigation on other parties.

13.    These same considerations warrant imposing a stay on all further proceedings in this case pending a ruling on the motion to compel arbitration. It would be a hollow benefit should Plaintiff be compelled to arbitrate <u>after</u> CCN has been required to participate in expensive

---

at paragraph 4(f) and pages 10-11, and Third Party Defendant CCN's Memorandum Opposing Consolidation at page 1. There were also communications not of record.

and time-consuming discovery, class certification efforts, and the like.  Effective relief under CCN's motion to compel arbitration requires a ruling <u>prior</u> to those undertakings.

14.     For that reason, and under the authority cited below, CCN respectfully requests that the Court stay all further proceedings in this case pending a ruling on CCN's motion to compel arbitration.

15.     To the extent the current case management schedule in the consolidated proceedings would leave insufficient time if the motion to compel arbitration were eventually denied -- and if the interlocutory appeal thereof which is afforded as a matter of right were unsuccessful -- then either the case management calendar should be extended or, more appropriately, the instant case should be excepted from the consolidation order, and should proceed on its own schedule.

### The Motion For Class Certification

16.     Even if the Court denies the foregoing request to stay the case pending resolution of the motion to compel arbitration, or if that motion itself is ultimately denied, merits discovery should be stayed pending resolution of the motion for class certification.

17.     Plaintiff's motion for class certification, successful or not, will have a dramatic impact on this case.  As with most putative class actions, absent certification this case presents a fairly straightforward claim involving a basic set of facts and routine dollar amounts. Certification, on the other hand, would transform this case into a state-wide dispute involving an enormous number of factual issues and significantly more exposure.

18.     Moreover, resolution of the motion for class certification will significantly effect both the scope of appropriate discovery as well as the amount of resources the parties would rationally decide to devote to discovery.  For example, absent class certification, there would be

no basis to discover evidence relating to the hundreds of potential class members across the state, nor would a rational party want to given the significant cost such an effort would entail versus the smaller amount at issue in an individual claim.

19.    For these and similar reasons, as the Courts have recognized, it makes no sense to litigate the merits of a potential class action prior to determining whether a class will be certified. Accordingly, CCN request that whatever the ruling on the request for stay pending the motion to compel arbitration, merits discovery should be stayed pending resolution of the motion for class certification.

**MEMORANDUM OF LAW**

CCN submits that the instant litigation should be stayed pending resolution of its motion to compel arbitration. CCN further submits that if the litigation is not stayed pending resolution of the motion to compel arbitration, or if the motion to compel arbitration is ultimately denied, merits discovery should be stayed pending resolution of the motion for class certification.[3]

**(a)    CCN's motion to compel arbitration should be resolved prior to further litigation, including but not limited to discovery.**

Discovery and other pre-trial efforts are inconsistent with Plaintiff's contractual agreement to arbitrate disputes. Indeed, the arbitration provision itself states that "[t]he sole and exclusive remedy for the resolution of any and all demands, disputes, claims or lawsuits shall be binding arbitration, <u>as the parties do not want the delay or expense of lawsuits.</u>"[4] Accordingly, any efforts prior to resolution of CCN's Motion to Compel Arbitration would be wasteful and

---

[3] The bases asserted in the instant motion are not related to the prior stay of discovery in certain of the consolidated cases, which was based on the pendency of motions to dismiss filed by other defendants in those cases. The Court has now ruled on those motions to dismiss.

[4] Provider Agreement, at ¶ 12.02 (emphasis added).

6

flout the stated purpose of the parties' agreement to arbitrate -- to avoid the expense associated with litigation -- and should not be allowed. *Cf. Brandford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (in context of stay pending interlocutory appeal from a denial of a motion to compel arbitration, holding that certain benefits of arbitration -- i.e. faster and less expensive resolution -- are eroded where parties are required to first litigate and then, ultimately, to arbitrate).

Though all proceedings should be stayed, discovery would be particularly inappropriate prior to resolution of the arbitration issue. Not only would discovery at this point entail unnecessary cost -- e.g. Plaintiff's proposed nation-wide depositions and massive document production -- but it would also afford the discovering party a benefit to which it would not be entitled in arbitration. *See Suarez-Valdez v. Shearson-Lehman/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) (enforceable agreement to arbitrate precludes discovery under federal rules). As stated by the Court of Appeals for the Fifth Circuit in a slightly different context, "[a] party to arbitration does not have a right to the pre-trial discovery procedures that are used in a case at law." *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 498 (5th Cir. 1986) (holding that a party can waive its right to insist on arbitration by pursuing discovery). *Cf. Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1160 (5th Cir. 1986) (waiver should not ordinarily be inferred where only a minimal amount of discovery has been conducted, implying that significant discovery would be inconsistent with the right to arbitrate). It would be grossly unfair to allow Plaintiff to pursue discovery while the motion to compel arbitration remains pending, and thereby obtain that to which he is not entitled in arbitration.

Accordingly, logic and reason dictate that discovery and other proceedings should be stayed pending resolution of the motion to compel arbitration. *See, e.g., Intertec Contracting v.*

7

*Turner Steiner*, 2001 U.S. Dist. LEXIS 9950, *21 (S.D.N.Y. 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."). Indeed, this Court has even held that a stay should issue pending an interlocutory appeal from an order denying a motion to compel arbitration. *Baron v. Best Buy Co., Inc.*, 79 F.Supp.2d 1350 (S.D. Fla. 1999). It stands to reason that if a stay should issue even after the trial court concludes that a case will not be referred to arbitration, the case should certainly be stayed before the motion is ruled upon in the first instance. This is especially compelling in light of the strong federal policy in favor of arbitration. *See e.g.* *Southland Corp. v. Keating*, 465 U.S. 1, 9 (1984) (in enacting Federal Arbitration Act, "Congress declared a national policy favoring arbitration").

**(b)    Merits discovery should be stayed pending resolution of plaintiff's motion for class certification.**

Rule 26 gives the Court broad discretion to determine the timing and scope of discovery. This expansive power is no different in class litigation, where the issue of "[w]hether discovery will be permitted in connection with a motion for a class certification determination lies within the sound discretion of the trial court." *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982).

CCN submits that it makes no sense to conduct merits discovery in this action prior to the Court's determination of the motion for class certification. First, the scope of discovery in the case as it currently stands, i.e. relating to Plaintiff's individual claim, will differ dramatically from the scope of discovery if a class is certified and the claims of healthcare providers statewide are placed at issue. Plaintiff's recently-served discovery requests, for example, seek information concerning the substance of CCN's relationship with each member of the putative class -- i.e. all

members of CCN's network throughout the State of Florida.[5] None of that material will be within the scope of discovery unless a class is certified.

Moreover, if a class is not certified the amount in controversy will be dramatically reduced, impacting the amount of resources the parties would commit to the litigation and possibly leading to the resolution of this action without further litigation. Plaintiff's claims seek to recover the difference between his usual and customary fees and discounted rates he agreed to accept from CCN's clients. The damage recoverable in an individual action is likely to amount only to a few thousand dollars, whereas a class claim might present exposure in the millions of dollars. The amount at issue would thus have a significant impact on the resources the parties are willing to devote to this litigation, including discovery. It makes no sense to require the parties to make this kind of determination prior to knowing the extent of the claim at issue.

If Plaintiff is permitted to go forward with merits discovery at this time, prior to resolution of the motion for class certification, a subsequent denial of certification will render much of the parties' effort useless. That is antithetical to any notion of efficiency or judicial economy. The Court of Appeals for the Eleventh Circuit has specifically recognized the value of postponing merits discovery in this circumstance, until after class certification has been resolved. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) ("To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow class wide discovery on the certification issue and postpone class

---

[5] For example, interrogatory eight seeks each contract between CCN and a Florida healthcare provider anywhere in the state, interrogatory nine seeks contracts between CCN and any insurance company anywhere in the state -- whether or not those insurance companies have applied discounts to any of Plaintiff's invoices, and interrogatory thirteen seeks details of the financial circumstances involving CCN, each member of CCN's network across the state, and each one of CCN's insurance company clients, whether Plaintiff is involved or not.

wide discovery on the merits.").[6] This is consistent with the general preference in this Circuit to avoid potentially wasteful pretrial proceedings. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (allowing case to proceed through pretrial processes prior to adjudicating legal sufficiency of the claim risks wasting the parties' resources, squandering judicial resources, delaying resolution of disputes between other litigants, and damaging the public's perception of the integrity of the judicial system).

The risk of wasting resources to participate in merits discovery concerning a state-wide class is not outweighed by the minimal prejudice to plaintiff in delaying discovery. Indeed, CCN's burden is exacerbated by the fact that the instant case has been consolidated with a number of other similar cases. Thus CCN would have to participate in not only its own case but all of the consolidated cases -- an exponentially-increased burden that far exceeds that present in other cases in which merits discovery was stayed. Therefore, the need for and propriety of a stay of merits discovery in this case could not be more clear.

## CONCLUSION

For the foregoing reasons, CCN respectfully requests (i) that the Court stay this case in its entirety pending a ruling on CCN's motion to compel arbitration, and (ii) in the event the case is not stayed pending resolution of the motion to compel arbitration, or if the motion to compel arbitration is ultimately denied, that the Court stay merits discovery pending resolution of Plaintiff's motion for class certification.

---

[6] The same consideration is present under Florida law. *See Policastro v. Stelk*, 780 So.2d 989, 991 (Fla. 5th DCA 2001) ("If [plaintiff] was determined to have no standing or if class certification was otherwise inappropriate, she would have no right to pursue discovery on behalf of a putative class whose rights she does not represent.").

10

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he has spoken with counsel for Plaintiff and counsel for Allstate regarding the issues herein. Plaintiff opposes staying these proceedings as suggested herein. Allstate does not oppose any of the relief sought herein.

Respectfully submitted,

MCGUIRE WOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
3300 Bank of America Center
50 North Laura Street
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207

wdeem@mcguirewoods.com

ATTORNEYS FOR THIRD-PARTY
DEFENDANT CCN MANAGED CARE, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by facsimile (to Plaintiff's counsel with his consent pursuant to Rule 5(b)(2)(D)) and U.S. Mail (to all other parties) on this 23 day of October, 2001, to all counsel listed on the attached service list.

_____
Attorney

\\COM\83321.1

11

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

### Counsel for Plaintiffs

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
5300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile