IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

      Defendants.
_____/

CASE NO. 00-6061-CIV-FERGUSON/SNOW

SALVATORE LARUSSO D.C.
d/b/a FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly situated,

      Plaintiff,

v.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/

CASE NO. 01-8110-CIV-FERGUSON/SNOW

## FLORIDA FARM BUREAU'S MOTION FOR PROTECTIVE ORDER

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Florida Farm Bureau Casualty Insurance Company ("Florida Farm Bureau") respectfully requests the Court to enter a protective order preventing the Plaintiff from taking the deposition of the corporate representative of Florida Farm Bureau on November 19, 2001, and states in support as follows:

    1.    This is a purported class action lawsuit in which the sole named Plaintiff, Dr. Salvatore Larusso ("Larusso"), attempts to plead violations of the federal Racketeering



Influenced Corrupt Organizations (RICO) statute as well as a variety of state law causes of action against Florida Farm Bureau. The gist of the Complaint is Larusso's dissatisfaction with the amounts Florida Farm Bureau reimbursed him for providing medical treatment to the Company's policy holders who had been in car accidents.

2. On April 16, 2001, we filed a Motion to Dismiss the Complaint, in which we demonstrated that the RICO claim was fatally flawed, showed that as a result the Court should not exercise supplemental jurisdiction over the state law claims, and also explained how the state law counts are themselves legally deficient. That motion is fully briefed and pending before the Court.[1]

3. On May 11, 2001, we filed our Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration. In that motion, we showed how Larusso is compelled to arbitrate his claims in this case because his claims are based on acceptance of benefits under contracts (automobile insurance policies) that contained mandatory arbitration provisions. That motion also is fully briefed and ripe for adjudication. As a result, there are now two dispositive motions pending before the Court – one to dismiss the Complaint, and one to compel arbitration.

4. On October 16, 2001, we filed our Motion to Stay Discovery Pending Ruling on Motion to Compel Arbitration, where we demonstrated that a discovery stay is appropriate given the likelihood of our prevailing on the Motion to Compel Arbitration.

5. On October 11, 2001 and again on October 17, counsel for the Plaintiff requested via email that Florida Farm Bureau and other Defendants designate corporate representatives for depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). On October 18, we responded

---

[1] We filed our Motion to Dismiss on April 16, 2001. The Plaintiff never filed a response to the motion. Accordingly, no reply was called for. Because the time for a response has long since passed, we consider the motion fully briefed and ripe for resolution by the Court.

via email. We informed the Plaintiff's lawyer that (1) we would check with our clients for available dates, and (2) we intended to file this motion for a protective order. We requested that the Plaintiff postpone the deposition until the Court had rule on our motions to stay discovery and for a protective order, but promised that if the Court denied our motions to prevent discovery and to compel arbitration, we would immediately schedule the deposition. We received no response from the Plaintiff's attorney, prompting us to again send the same request by email on October 25. The Plaintiff's attorney responded by unilaterally scheduling the deposition for November 19.

6. Given the two dispositive motions before the Court, and in particular the Motion to Compel Arbitration, it is premature for the Plaintiff to depose the Florida Farm Bureau corporate representative. Accordingly, we ask the Court to enter an immediate protective order barring the Plaintiff from taking the deposition of Florida Farm Bureau's corporate representative until after the Court has ruled on our Motion to Compel Arbitration. We also request an expedited briefing schedule on this motion due to the date of the deposition.

7. As we explained in Paragraph 5, we tried pursuant to S.D. Fla. L.R. 7.1(A)(3)(a) to resolve this matter prior to filing this motion. But we had no choice but to file after the Plaintiff's lawyer refused our request and unilaterally scheduled the deposition.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 26(c), a court may "make any order which justice requires to protect a party or person from . . . undue burden or expense." Fed.R.Civ.P. 26(c). Thus, a federal District Court has broad discretion to limit or stay discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997). This is particularly true where the court has not yet had an opportunity to rule on a dispositive motion. *Id.* at 1367-68; *Petrus v.*

*Bowen*, 833 F.2d 581 (5th Cir. 1987); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124 (5th Cir. 1976). A stay of discovery is particularly appropriate where a motion to compel arbitration is pending. *In re: Managed Care Litig.*, No. 1334, 00-1334-MD, 2001 WL 664391 (S.D. Fla. June 12, 2001) (staying discovery until the court ruled on pending motions to dismiss and to compel arbitration). This practice allows the Court to rule on matters that present a purely legal question before discovery begins since "neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama*, 123 F.3d at 1367.

Here, the Motion to Compel Arbitration clearly demonstrates a mandatory arbitration provision in a contract which forms the basis of Larusso's claims. As such, this matter should be referred to arbitration and the case dismissed accordingly. As the *Chudasama* court held, forcing Florida Farm Bureau to produce a corporate representative for deposition before ruling on the dispositive issues of whether this lawsuit must be referred to arbitration or whether the action should even stand will involve a waste of the parties' and the Court's resources and time. *See Chudasama*, 123 F.3d at 1368:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

## CONCLUSION

Because Florida Farm Bureau will likely prevail on its Motion to Compel Arbitration and Dismiss or Stay the Case Pending Arbitration, and/or its Motion to Dismiss the Complaint, we respectfully request this Court to enter a protective order barring the deposition of the Florida

Farm Bureau corporate representative until after the pending Motion to Compel Arbitration is resolved. Florida Farm Bureau further requests this Court to set an expedited briefing schedule for this motion so that the Court can rule prior to the Plaintiff noticing a corporate representative for deposition.

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (fax)
Attorneys for the Defendant

By: /s/ Robert K. Levenson
Gregory Baldwin
Florida Bar No. 527394
Robert K. Levenson
Florida Bar No. 0089771

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. Mail on Eric Lee, Atlas Pearlman, P.A., 350 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, FL 33301, and by U.S. Mail on all other counsel on the attached service list, this 26th day of October, 2001.

/s/ Robert K. Levenson
HOLLAND & KNIGHT LLP

MIA1 #1084245 v1

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/03/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855

(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com

6

150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
5300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile