UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.

_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO THIRD-PARTY DEFENDANT CCN'S
## MOTION TO COMPEL ARBITRATION

    Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated ("ZIDEL"),

by his undersigned counsel, hereby submits his Memorandum of Law in Opposition to Third-Party

Defendant CCN MANAGED CARE, INC.'s ("CCN") Partially Unopposed Motion to Compel

Arbitration ("Motion to Compel").[1] For all the reasons set forth herein, ZIDEL respectfully submits

that CCN's Motion to Compel should be denied in all respects.

### INTRODUCTION

    Despite the fact that ZIDEL has not asserted any claims against CCN, CCN seeks to compel

arbitration of the claims ZIDEL has asserted against Defendant ALLSTATE INSURANCE

COMPANY ("ALLSTATE"). CCN was brought into this proceeding as a third-party defendant by

---

[1] ZIDEL opposes the Motion to Compel in its entirety. CCN's characterization of the Motion to Compel as being partially unopposed apparently relates to Defendant ALLSTATE INSURANCE COMPANY's lack of opposition to a motion that, if granted, provides ALLSTATE with the ability to avoid the class action claims asserted against it.

7091-00100 335075.1



ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

ALLSTATE nine months ago. CCN has taken part in this litigation and has waited for a beneficial ruling on ALLSTATE's Motion to Dismiss. Once this Court entered its Order denying ALLSTATE's Motion to Dismiss, CCN then filed its Motion to Compel.

In his Class Action Complaint, ZIDEL alleges five federal and state causes of action against ALLSTATE. The claims asserted relate to ALLSTATE's systematic practice of discounting automobile Personal Injury Protection ("PIP") medical expense claims based on the operation of a "Silent PPO," or "silent preferred provider organization." "Silent PPOs" have been the subject of a number of lawsuits across the country and the resulting body of case law establishes that their existence is actionable under various federal and state laws. ALLSTATE misappropriated ZIDEL's preferred provider organization discounts and applied them to Florida automobile insurance PIP claims. Through the systematic operation of this Silent PPO, ALLSTATE has been paying automobile PIP medical expense claims at a reduced rate without authority or consideration.

## FACTUAL BACKGROUND

ZIDEL is a licensed Florida physician. (Complaint ¶1). In 1999, he entered into a written contract with CCN to join CCN's "preferred provider organization." ("CCN PPO"). Under the terms of the CCN Agreement, CCN acted as a broker. (Complaint ¶5). CCN contracted with health care providers such as ZIDEL, who agreed to discount their normal medical fees in return for increased patient volume. (Complaint ¶22). For patients who were not part of the CCN PPO network, ZIDEL charged his normal fee without any discount.

ALLSTATE is an insurance company offering Florida residents an automobile insurance policy providing PIP benefits. Under ALLSTATE's standard Florida automobile PIP policy, 80%



of "all reasonable and necessary treatment expenses" are paid up to a defined limit. (Complaint ¶9). In exchange, an ALLSTATE insured has the unrestricted right to choose his or her medical providers. (Complaint ¶10).

The State of Florida, however, has enacted a statute setting forth specific requirements for establishing an automobile insurance preferred provider network that financially encourages an insured to use a pre-defined group of preferred medical providers. (Complaint ¶13); see Fla. Stat. § 627.736(10) ("Section 627.736"). Under Section 627.736(10), if an insurance company offers a preferred provider auto policy, it must provide each policyholder with a current roster of preferred providers in the county in which the insured resides at the time of purchase of such policy. ALLSTATE has not offered its insureds a "preferred provider policy." (Complaint ¶14).

Despite the fact that ALLSTATE did not offer an automobile preferred provider policy to its insureds, ALLSTATE obtained access to CCN's database that contained the identities of all of CCN's preferred providers and the discounted rates that they were willing to accept under the CCN contract. (Complaint ¶¶24, 25, 28, 43). Subsequently, ALLSTATE began to systematically apply the CCN PPO discounted medical rates to PIP medical expense claims submitted to it by ZIDEL and the class. (Complaint ¶ 25). When ALLSTATE received a medical bill for payment under the PIP portion of its automobile insurance policy, ALLSTATE and/or CCN would discount the bill at the CCN preferred provider rate, would print out a form explanation of benefits ("EOB") indicating the application of the discount, and would then make payment at that rate. (Complaint ¶¶46-48, 60). At no time prior to ZIDEL's and the class members' treatment of patients entitled to PIP benefits did ALLSTATE market their medical services to their insureds or even comply with the requirements



of Section 627.736(10) pertaining to an automobile preferred provider policy. (Complaint ¶¶49-51).

It was and still is the custom of ALLSTATE to discount thousands of Florida PIP medical expense

claims in violation of its automobile insurance policy and the Florida PIP and preferred provider

statute. (Complaint ¶58). At no time did ZIDEL or the members of the putative class have contracts

with ALLSTATE allowing ALLSTATE to apply CCN discounts to PIP medical expenses.

(Complaint ¶61). In fact, the CCN Agreement does not apply to ALLSTATE. The CCN Agreement

provides: "Whereas, CCN intends to execute contracts with Payor organizations which offer a

preferred provider or exclusive provider healthcare coverage plan to Beneficiaries or Claimants; .

. . " ALLSTATE does not offer a preferred provider or exclusive provider health care coverage plan.

Thus, the CCN Agreement provides no basis for ALLSTATE's conduct.

## PROCEDURAL BACKGROUND

On January 12, 2000, an action was instituted by David Napoli, D.C. On October 30, 2000,

this Court entered an Order substituting ZIDEL as the Plaintiff in this case. On December 27, 2000,

this Court entered an Order permitting ZIDEL to file his Second Amended Complaint. On January

11, 2001 ALLSTATE filed its Motion to Dismiss ZIDEL's Second Amended Complaint. On January

29, 2001, ALLSTATE filed its Third-Party Complaint against CCN. On March 19, 2001, CCN filed

its Answer to ALLSTATE's Third-Party Complaint. On September 28, 2001, this Court entered its

Order denying ALLSTATE's Motion to Dismiss. Thereafter, on October 3, 2001, CCN served its

Motion to Compel.

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## ARGUMENT

### I.   THE CLAIMS ASSERTED BY ZIDEL ARE NOT SUBJECT TO AN ARBITRATION AGREEMENT BECAUSE HE IS ASSERTING CLAIMS AS THE ASSIGNEE OF RIGHTS FROM AN ALLSTATE INSURED.

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that '(a) written agreement for arbitration is the sine qua non of an enforceable arbitration agreement' under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.") As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

5


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

The claims asserted by ZIDEL are not subject to arbitration because ZIDEL is asserting claims as the assignee of claims assigned to him by an ALLSTATE insured. ZIDEL has not asserted any claims against CCN arising out of, connected to, or relating to the CCN Provider Agreement. ZIDEL has asserted claims against ALLSTATE, a non-party to the CCN Provider Agreement. There is no arbitration agreement between ALLSTATE and CCN. There is no arbitration agreement between ZIDEL and ALLSTATE. There is no arbitration agreement between ALLSTATE's insured and ALLSTATE. Thus, there is no basis for CCN to compel arbitration.

ZIDEL's Complaint asserts causes of action against ALLSTATE due to its improper and fraudulent reduction of PIP claims under Section 627.736. In order for a health care provider to assert claims against an automobile insurance company for PIP benefits, the insured must assign the claim to PIP benefits to the health care provider. "Courts have recognized that medical service providers can assert claims for a PIP benefit against insurers when an insured has assigned them the right to the benefits." Hartford Ins. Co. of the Southeast v. St. Mary's Hosp., Inc., 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations omitted). The right to pursue a claim for PIP benefits belongs to the insured unless the insured assigns the right to a health care provider. As recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury protection (PIP) benefits to a health care provider, the insured may not file a lawsuit to collect the assigned benefits. The insured would only have a claim to pursue against the insurance company if the health care provider were permitted to rescind the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any event, only the insured or the medical provider 'owns' the cause of action against the insurer at any



CASE NO. 00-6061-CIV-FERGUSON/SNOW

one time. And the one that owns the claim must bring the action if an action is to be brought."

Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia

v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

The claims ZIDEL has asserted against ALLSTATE are claims that were assigned to ZIDEL

by an ALLSTATE insured.[2] In order for ZIDEL to assert claims for PIP benefits, he was required

to obtain an assignment of benefits from the ALLSTATE insured. There is no arbitration agreement

between ALLSTATE and its insured. There is no arbitration agreement between CCN and the

ALLSTATE insured. ZIDEL, as the insured's assignee "surely is in no worse position than its

assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. &

Surety Co., 276 F. Supp. 791, 793 (S.D. N.Y. 1967). As the assignee, ZIDEL stands in the shoes of

the ALLSTATE insured. Since the ALLSTATE insured cannot be compelled to arbitrate the claims

asserted in this action, ZIDEL cannot be compelled to arbitrate the same claims.

ZIDEL is asserting claims for PIP benefits that were assigned to him by an ALLSTATE

insured. ZIDEL is asserting those claims against the party responsible for paying the PIP benefits,

ALLSTATE. Neither CCN nor ALLSTATE has or can take the position that the ALLSTATE

insured was a party to a PPO insurance policy issued by ALLSTATE which placed the insured in

a PPO established and administered by CCN. The ALLSTATE insured is free to obtain medical

services from any health care provider. Accordingly, claims assigned to ZIDEL by the ALLSTATE

insured are not subject to arbitration.

---

[2]Arguably, the third-party beneficiary breach of contract claim may be considered a direct claim. However, since it derives from the ALLSTATE insurance policy, it cannot be said that it relates to the CCN Agreement.

ATLAS PEARLMAN

In fact, CCN has argued that ZIDEL does not have standing to even file motions directed to CCN's conduct. On July 30, 2001, ZIDEL filed his Emergency Motion to Limit Communications between Defendant COMMUNITY CARE NETWORK, INC. and Potential Class Members ("Motion to Preclude"). The pending Motion to Preclude seeks to prohibit CCN from taking part in unauthorized communications with potential class members. In CCN's opposition, it stated:

> Indeed, Plaintiff has not asserted any claims at all against CCN in this case; CCN's presence is solely due to the Third-Party Claim filed against it by Co-Defendant Allstate. Accordingly, not only is the relief sought unwarranted by the conduct alleged, but the Plaintiff does not even have standing to complain about it in this case.

(CCN's Opposition to Motion to Preclude D.E. # 158 P. 2). It is hard to imagine how CCN can argue on the one hand that ZIDEL does not have standing to file a Motion against CCN while later arguing that CCN has standing to compel arbitration of claims asserted by ZIDEL against ALLSTATE. There is no agreement to arbitrate the assigned claims against ALLSTATE. Thus, CCN's Motion to Compel should be denied.

## II.     CCN HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION.

Assuming, arguendo, that CCN has a basis to compel arbitration, it has waived its right to compel arbitration in this action. As the Eleventh Circuit has stated:

> We have held that, despite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration. Thus, a party that "substantially invokes the litigation machinery" prior to demanding arbitration may waive its right to arbitrate. A party has waived its right to arbitrate if, "under the totality of the circumstances, the party has acted inconsistently with the arbitration right" and, in so acting, has in some way prejudiced the other party. When determining whether the other party has been prejudiced, we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F. 2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in litigation or other actions inconsistent with the right to compel arbitration. Usher Syndicate Ltd., Inc. v. Figgie Int'l, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's 'substantial participation in litigation to a point inconsistent with an intent to arbitrate' which results in prejudice to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000) (quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense associated with litigation. Morewitz, 62 F.3d at 1366.

## A.    CCN Waived Any Purported Right to Arbitration When it Failed to Timely Respond to ZIDEL's May 3, 2000 Correspondence.

Under the totality of the circumstances, CCN has acted inconsistently with its purported arbitration right. Pursuant to the provision set forth by CCN in order to compel arbitration: "The parties shall mutually agree to the appointment of an impartial arbitrator within 30 days of the written request for the appointment of any arbitrator by any party." Attached to CCN's Motion to Compel as Exhibit "C" is correspondence dated May 3, 2000 from counsel for ZIDEL and others to CCN. The correspondence is a written request for arbitration to resolve an allegation that CCN breached its provider agreement "by failing to execute contracts with Payor Organizations which offer Preferred Provider or Exclusive Provider Healthcare Coverage Plans to its beneficiaries and/or claimants."[3]

---

[3]Pursuant to the CCN Agreement, it was required to enter into contracts with payor organizations which offered preferred provider or exclusive provider health care coverage plans. The claim asserted in the May 3, 2000 correspondence is that CCN failed to enter into such agreements.

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Pursuant to the May 3, 2000 correspondence and pursuant to the CCN Agreement, a demand was made that within 30 days that the parties agree upon the appointment of an impartial arbitrator. Neither CCN nor its counsel Mr. Kopelman within thirty (30) days of May 3, 2000 to discuss or mutually agree to the appointment of an impartial arbitrator. At no time since May 3, 2000 has CCN or its counsel suggested an impartial arbitrator to address the issue of whether CCN breached the terms and conditions of its provider agreements by failing to execute contracts with payor organizations which offer preferred provider or exclusive provider health care coverage plans. (Affidavit of Kopelman at ¶¶ 1-8)[4]. When parties agree that a demand for arbitration must be made within a certain time, the demand is a condition precedent and must be performed or the right to arbitrate has been waived. See Platt Pacific, Inc. v. Andelson, 862 P.2d 158 (Cal. 1993); Brick Township Mun. Util. Auth. v. Diversified R.B. & T. Constr. Co., Inc., 409 A.2d 806 (N.J. Super. Ct. App. Div. 1979). Having refused to respond to ZIDEL's request to arbitrate certain claims, CCN cannot now seek to compel arbitration.

**B.    CCN's Failure to Timely Raise Its Purported Arbitration Defense Constitutes a Waiver.**

In addition to its pre-suit waiver of its right to compel arbitration, CCN has acted inconsistently with its alleged arbitration right based on the facts in this cases. This action was originally filed in January, 2000, by David Napoli, D.C. The claims asserted in the original Complaint were substantially the same claims asserted in ZIDEL's Second Amended Complaint. CCN was well aware of the claims asserted in the original Complaint against ALLSTATE. On

---

[4]Exhibit "1".

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

October 30, 2000, ZIDEL was substituted as the Plaintiff in this matter. On December 27, 2000, ZIDEL was permitted to file his Second Amended Complaint asserting causes of action exclusively against ALLSTATE. On January 11, 2001, ALLSTATE filed its Motion to Dismiss. On January 29, 2001, ALLSTATE filed its third-party complaint against CCN asserting claims for indemnity. On March 19, 2001, CCN filed its Answer to the Third-Party Complaint.

At the time CCN filed its Answer to the Third-Party Complaint, it did not seek to compel arbitration. When a third-party defendant responds to a third-party complaint, it is required to raise all defenses required under Rule 12 and the failure to raise such defenses results in a waiver of the defense. Clark v. Associates Commercial Corp., 149 F.R.D. 629 (D. Kan. 1993). Similarly, a third-party defendant may assert any defenses which a third-party plaintiff may have to the Plaintiff's claim. CCN did not seek to compel arbitration when ALLSTATE filed the Third-Party Complaint against CCN. CCN's Answer to the Third-Party Complaint does not assert that ZIDEL's claims against ALLSTATE are subject to arbitration. CCN's Answer to the Third-Party Complaint does not assert that ZIDEL's claims against ALLSTATE are subject to Arbitration. Thus, CCN waived its right to belatedly assert this defense.

## C.    CCN's Participation in the Litigation Process Constitutes a Wavier of its Purported Right to Compel Arbitration.

After filing its Answer to the Third-Party Complaint, CCN further participated in the litigation process. On February 13, 2001, CCN served its Joinder and Agreed Motion to Amend Pretrial Order. On March 2, 2001, CCN filed its Notice of Receipt of Transcript. On March 12, 2001, CCN served its Memorandum opposing consolidation. On April 25, 2001, CCN filed its response to Plaintiff's Motion to Continue Trial. On August 20, 2001, CCN filed its Request for


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Oral Argument and its Opposition to Plaintiffs' Motion to Limit Communications. On September

5, 2001, CCN filed a Motion to Preclude the Unauthorized Commencement of Merits Discovery.

On September 6, 2001, CCN filed its Appendix to its Motion to Preclude the Unauthorized

Commencement of Merits Discovery. On September 13, 2001, CCN filed its Notice regarding

Motion to Preclude the Unauthorized Commencement of Merits Discovery.

ALLSTATE served its Third-Party Complaint against CCN in January, 2001. CCN served

its Answer and Affirmative Defenses to the Third-Party Complaint in March, 2001. It was not until

nine months after the Third-Party Complaint was filed that CCN filed its Motion to Compel. During

this time period, CCN took part in this litigation and clearly sought to benefit from the extensive

Motion to Dismiss filed by ALLSTATE. At a status conference on May 14, 2001, this Court orally

ruled that ALLSTATE's Motion to Dismiss would be denied. On September 28, 2001, this Court

entered its Order denying ALLSTATE's Motion to Dismiss. Five days later, CCN filed its Motion

to Compel.

This Court should not allow ALLSTATE and CCN to collusively make a mockery of the

judicial process. At no time since this action was originally filed in January, 2000, has ALLSTATE

sought to compel arbitration of any claims. ALLSTATE's Motion to Dismiss the original Complaint

was pending at the time ZIDEL filed his Second Amended Complaint. ALLSTATE similarly sought

to dismiss the Second Amended Complaint. While ALLSTATE's potentially dispositive Motion

to Dismiss was pending, CCN sat on its rights; obviously hoping that ALLSTATE's Motion to

Dismiss would be granted. Even after this Court orally ruled in May, 2001 that ALLSTATE's



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Motion to Dismiss would be denied, CCN continued to sit on its rights and did not file its Motion to Compel until almost five months later.

From the time the original Complaint was filed in this action until CCN filed its Motion to Compel (20 months), the original Plaintiff and ZIDEL have incurred and devoted a substantial amount of time and effort to prosecute claims against ALLSTATE and to respond to CCN's motions and arguments. Discovery has occurred, numerous motions have been filed and responded to, and a number of hearings have taken place to address the issues raised in this action. There is no question that ALLSTATE cannot compel arbitration of the claims asserted against it by ZIDEL since there is no arbitration agreement between ZIDEL and ALLSTATE. ALLSTATE has waived any right it may have had to compel arbitration and ALLSTATE has never sought to compel arbitration in these proceedings. It would be inequitable and improper to permit a Third-Party Defendant at this stage of the litigation, with a trial date of June, 2002, to now seek to compel arbitration of claims that are not asserted against it. ZIDEL has not asserted any claims against CCN. The claims asserted against CCN by ALLSTATE are not subject to an arbitration agreement. Now that ZIDEL has been permitted to pursue his claims against ALLSTATE and ALLSTATE's Motion to Dismiss has been denied, CCN's Motion to Compel must be denied.

## III.    CCN CITES NO AUTHORITY IN SUPPORT OF A THIRD-PARTY DEFENDANT'S RIGHT TO COMPEL ARBITRATION.

CCN has not cited any case in which a Third-Party Defendant has been permitted to compel arbitration of claims asserted by a plaintiff against a defendant where there is no arbitration agreement between the plaintiff and defendant. CCN's theory as to how it has the right to compel arbitration can be easily discounted if one looks to how its overbroad interpretation could apply in



CASE NO. 00-6061-CIV-FERGUSON/SNOW

other situations. For example, if a patient of ZIDEL desired to sue ZIDEL for malpractice arising out of his treatment for injuries sustained in an automobile accident whereby ZIDEL was paid by the patient's automobile insurance carrier, under CCN's interpretation of its provider agreement, ZIDEL could seek to compel arbitration of those claims against the insured. ZIDEL was paid by the patient's insurance company purportedly pursuant to an agreement with CCN. A dispute would arise regarding services provided that were paid for by ALLSTATE. The patient allegedly benefitted from the CCN agreement by purportedly receiving additional PIP benefits and health care services at a reduced rate. Thus, applying CCN's contorted reasoning could result in the arbitration of a patient's claim against ZIDEL for alleged malpractice. Clearly, this non-sensical result demonstrates why CCN's argument is misplaced.

CCN's heavy reliance on MS Dealer Service Corp. v. Franklin, 177 F.3d 942 (11th Cir. 1999) is entirely misplaced. In MS Dealer, the plaintiff asserted a direct claim against a defendant that was not a signatory to an agreement containing an arbitration provision. The non-signatory defendant sought to compel arbitration of claims asserted against it which were based on the terms of a written agreement containing an arbitration clause. The Eleventh Circuit applied the doctrine of equitable estoppel to allow the non-signatory defendant to compel arbitration. The situation addressed in MS Dealer is entirely different than the present matter. ZIDEL has not asserted any claims CCN. The claims asserted by ZIDEL against ALLSTATE are not subject to an arbitration agreement. In addition, contrary to CCN's assertion, the claims ZIDEL has asserted against ALLSTATE do not depend on the CCN Provider Agreement. In fact, ZIDEL's claim is that ALLSTATE, in violation of Section 627.736(10), Florida Statutes, improperly reduced ZIDEL's payments for PIP claims.


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

ZIDEL also asserts that ALLSTATE is not entitled to utilize a reduced fee schedule because it did not enter into an agreement directly with ZIDEL and did not provide any consideration to ZIDEL for improperly utilizing the discounts. Thus, ZIDEL's claims against ALLSTATE arise out of ALLSTATE's mandatory payment requires under Section 627.736, Florida Statutes and ALLSTATE's insurance policy with its insured. Regardless of the CCN's Provider Agreement, ALLSTATE had no legal basis to reduce ZIDEL's claims. Thus, ZIDEL's claims do not depend in any way on the CCN Provider Agreement.

CCN's reliance on <u>In re Managed Care Litigation</u>, 132 F. Supp. 2d 989 (S.D. Fla. 2000) is similarly misplaced. In fact, <u>In re Managed Care Litigation</u> supports ZIDEL's position that CCN cannot compel arbitration of claims that are not asserted against it. In situations where a party did not have an arbitration clause in its agreement or did not move to compel arbitration, claims against non-signatory defendants, stemming from a contractual relationship which contained an arbitration clause, were not subject to arbitration. <u>Id</u>. at 996. There is no arbitration agreement between ZIDEL and ALLSTATE. The statutory and contractual claims asserted by ZIDEL against ALLSTATE are not subject to arbitration. Thus, CCN, as a non-signatory to the insurance contract and as a non-party to the statutory claims, cannot compel arbitration where there is no agreement that would allow ALLSTATE to compel arbitration and ALLSTATE has waived any purported right to compel arbitration.

Quite simply, since ZIDEL has not asserted any claims against CCN, the doctrine of equitable estoppel cannot apply. CCN cites no case in which equitable estoppel was utilized by a non-party to compel arbitration of claims asserted by a plaintiff against a defendant. CCN has not cited any

15



case in which a third-party defendant has compelled arbitration of claims asserted by a plaintiff against a defendant where there is no arbitration agreement between the plaintiff and defendant. ZIDEL's claims against ALLSTATE are not subject to arbitration and CCN's efforts to derail these class action proceedings at this stage of the litigation should be summarily denied.

## CONCLUSION

For all the reasons set forth herein, Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order denying Third-Party Defendant CCN MANAGED CARE, INC.'s Motion to Compel Arbitration, together with such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
DR. PAUL ZIDEL
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By:_____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By:_____
ERIC LEE
Florida Bar No. 961299

By:_____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931



CASE NO. 00-6061-CIV-FERGUSON/SNOW

## Co-Counsel for Plaintiff

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this **26th** day of October, 2001 upon: all individuals on the attached service list.

_____
ERIC LEE

7091-00100 335075.1

17



## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

ATLAS PEARLMAN

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34ᵗʰ Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

ATLAS PEARLMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.
_____/

### AFFIDAVIT OF LAWRENCE KOPELMAN, ESQ.

LAWRENCE KOPELMAN, ESQ. being duly sworn, deposes and states:

1.     I am an individual over the age of eighteen and I make this Affidavit based upon personal knowledge of the facts states herein.

2.     I am co-counsel for Plaintiff DR. PAUL ZIDEL ("ZIDEL") in this action.

3.     On May 3, 2000, on behalf of ZIDEL and others, I sent correspondence to Third-Party Defendant COMMUNITY CARE NETWORK, INC. ("CCN") seeking to compel arbitration of a dispute regarding the CCN Professional Care Provider Agreement.

4.     The dispute for which I sought arbitration was whether CCN breached the terms and conditions of its Agreement by failing to execute contracts with payor organizations which offer preferred provider or exclusive provider health care coverage plans.

7090-00100 335173.1

5.      Pursuant to the CCN Professional Care Provider Agreement, I demanded the mutual agreement and appointment of an impartial arbitrator within thirty (30) days of the date of the request.

6.      Neither CCN nor its counsel contacted me within thirty (30) days of May 3, 2000 to mutually agree to the appointment of an impartial arbitrator.

7.      At no time since I wrote the May 3, 2000 correspondence has CCN or its counsel contacted me with a suggested impartial arbitrator.

8.      At the time ZIDEL was substituted as a Plaintiff in this action and at the time he filed his Amended Complaint, there was no agreement or appointment of an impartial arbitrator.

**UNDER PENALTIES OF PERJURY I DECLARE THAT I READ THE FOREGOING AFFIDAVIT AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT.**

LAWRENCE KOPELMAN

STATE OF FLORIDA          )
                          )SS:
COUNTY OF BROWARD         )

The foregoing instrument was acknowledged before me this _24th_ day of _October_ _____, 2001 by LAWRENCE KOPELMAN, who is personally known to me or who has produced _a driver's license_ as identification and who did/did not take an oath.

Notary Public:

sign _Arlene Culliney_

print _ARLENE Culliney_
State of Florida at Large (Seal)
My Commission Expires:

7090-00100 335173.1



ARLENE CULLINEY
MY COMMISSION # CC 985270
EXPIRES: November 1, 2004
Bonded Thru Advantage Notary