IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Consolidated Civil Action No. 00-CIV-6061 Ferguson/Snow

**NIGHT BOX FILED**

Referred to United States Magistrate Judge Snow

OCT 26 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

| | | |
|---|---|---|
| DR. PAUL ZIDEL, § § Plaintiff, § v. § § ALLSTATE INSURANCE COMPANY, § § Defendant/Third-Party Plaintiff, § v. § § COMMUNITY CARE NETWORK, INC., § d/b/a CCN, § § Third-Party Defendant. § | | (Original Case No. 00-6061) |
| SALVATORE D. LARUSSO, D.C., § d/b/a FAMILY CHIROPRACTIC § CENTER, § § Plaintiff, § v. § § LIBERTY MUTUAL INSURANCE § COMPANY and COMMUNITY § CARE NETWORK, INC., § § Defendants. § | | (Original Case No. 00-7692) |

**CCN'S REPLY IN SUPPORT OF**
**<u>MOTION FOR RECONSIDERATION</u>**

Defendant, CCN Managed Care, Inc., files this reply in support of its Motion for Reconsideration, asking the Court to reconsider its prior dismissal "as moot" of CCN's Partially Unopposed Motion to Stay Discovery in the *Larusso v. Liberty Mutual and CCN* case (case no.

00-7692). The underlying motion to stay sought to delay merits discovery until resolution of CCN's motion for more definite statement and of Plaintiff's motion for class certification.

First, Plaintiff does not dispute the central ground for reconsideration -- that this Court never ruled on CCN's motion to stay discovery, and thus the lifting of <u>other</u> stays of discovery in <u>other</u> consolidated cases, which had been premised on <u>other</u> factors, did not render CCN's motion moot. Not one of the orders staying discovery in any of the other, consolidated cases were premised on either the continued pendency of CCN's motion for more definite statement or of Plaintiff's motion for class certification. Accordingly, the fact that this Court has lifted a stay that was imposed in other consolidated cases, which had been based on other factors, is of no consequence here. CCN's motion to stay merits discovery in this case is not moot, and CCN is entitled to have the Court pass upon it.

Plaintiff also does not dispute the bases asserted by CCN for staying merits discovery. There is no dispute that CCN's motion for more definite statement remains pending. Plaintiff states in its response to the motion for reconsideration that CCN "has been sued as the successor in interest to MedView Services, Inc.," but that has no bearing on the motion for more definite statement. As set forth in that motion, the complaint in this case contains no indication whatsoever as to the identity of the contract upon which Plaintiff bases his claims, and <u>that</u> is the primary basis for the motion. How, for example, can CCN know whether it has grounds to file a motion to dismiss the claim for breach when the contract is neither identified in nor attached to the complaint? Unless and until the contract at issue is identified or described of record in an appropriate pleading -- i.e., an amended complaint -- Plaintiff has failed to meet his burden under the rules. One has to wonder why Plaintiff is so vehemently resisting attaching the contract to the complaint, so the parties (and the Court) can determine whether it supports Plaintiff's claims.

Moreover, CCN would be unfairly prejudiced if it was required to somehow participate in this case without any notice -- of record or otherwise -- as to the contractual provision it is alleged to have breached, or even what contract it is alleged to have breached. This Court has already excused CCN from compliance with Rule 26(a) initial disclosures for this reason, and the same consideration warrants granting the motion for more definite statement and staying merits discovery until a more definite statement is provided.

With respect to the motion for class certification, it is telling that Plaintiff cites not a single case in support of his position that merits discovery should proceed at this point, before knowing whether a class will be certified or not. As noted in CCN's motion to stay merits discovery, courts routinely phase discovery such that merits discovery occurs after class certification has been resolved. How else can the parties know what the appropriate scope of discovery is or, just as importantly, what resources to devote to discovery? Plaintiff's desire to move this case quickly in no way negates this basic problem, nor does not it overcome the clear case authority calling for discovery to be phased in this fashion.

For the reasons stated, CCN's Motion to Stay Discovery was not moot. The Court should reach the merits of that motion and grant it in its entirety.

McGUIRE WOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207
E-Mail: wdeem@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED CARE, INC.

3

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by facsimile (to Plaintiff's counsel with his consent pursuant to Rule 5(b)(2)(D)) and U.S. Mail (to all other parties) on this 26 day of October, 2001, to all counsel listed on the attached service list.

_____
Attorney

\\COM\86643.1

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

### Co-Lead Counsel for Plaintiffs

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

### Counsel for Beech Street and ADP

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

### Counsel for Progressive

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

### Counsel for CCN

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1