UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY
CHIROPRACTIC CENTER, on behalf of himself
and all others similarly situated,

    Plaintiff,                           CASE NO. 01-8111-CIV-FERGUSON

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**HARTFORD'S MOTION FOR RECONSIDERATION**

Plaintiff SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER,

on behalf of himself and all others similar situated ("LARUSSO"), by his undersigned counsel,

hereby submits his Memorandum of Law in Opposition to Defendant HARTFORD INSURANCE

COMPANY OF THE MIDWEST's ("HARTFORD") Motion for Reconsideration. For all the

7090-00100 336474.1



ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

reasons set forth herein, LARUSSO respectfully submits that HARTFORD's Motion for Reconsideration should be denied in all respects.

## ARGUMENT

This action is one of 15 class actions consolidated by this Court's September 28, 2001 Omnibus Order ("Omnibus Order"). On February 13, 2001, Plaintiff filed his Motion to Consolidate. Despite the fact that HARTFORD has been well-aware of the Motion to Consolidate and has been aware of this Court's oral ruling consolidating the various PPO reduction class actions, which this Court announced at a status conference on May 14, 2001, HARTFORD now claims that it should be provided with the opportunity to brief the consolidation issue. Having been aware for months that this Court was consolidating these actions, HARTFORD should not be allowed to now claim that it should be entitled to brief the consolidation issues.

HARTFORD's claim that "HARTFORD INSURANCE COMPANY OF THE MIDWEST" should be afforded an opportunity to address the consolidation issue is also misplaced. After this action was filed against ITT Hartford Life and Annuity Insurance Company, HARTFORD advised that the incorrect HARTFORD entity had been sued. Rather than amend the Complaint at the time, LARUSSO instead decided to wait until this Court entered its written order consolidating this action with the other pending PPO reduction class actions. HARTFORD and its counsel were well-aware that the correct HARTFORD entity was going to be substituted as the Defendant in this case. In fact, there were discussions relating to whether a motion to substitute the proper defendant would be necessary, whether an amended complaint would be proper, and whether the amended complaint would need to be served on HARTFORD. Based on these discussions, on October 10, 2001,

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

LARUSSO amended his Complaint to assert claims against the proper HARTFORD entity (HARTFORD INSURANCE COMPANY OF THE MIDWEST) and service was accepted by HARTFORD's counsel. Accordingly, HARTFORD cannot demonstrate any prejudice whatsoever by the consolidation of these proceedings.

This Court's Omnibus Order consolidated the 15 pending PPO class actions. The headings from all 15 pending PPO class actions were contained in the Omnibus Order. The Omnibus Order was served by this Court on all counsel in all 15 pending PPO class actions. The fact that the Motions for Consolidation were only filed in the first 7 cases is irrelevant. It is well established that a motion to consolidate is not required and a court may sua sponte consolidate cases under Rule 42. See Miller v. U.S. Postal Service, 729 F.2d 1033 (5th Cir. 1985); Mylan Pharmaceuticals, Inc. v. Henney, 94 F. Supp. 2d 36 (D.D.C. 2000); Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061 (C.D. Cal. 1999). Accordingly, this Court's Omnibus Order consolidating all 15 actions was clearly appropriate under Rule 42.

As to HARTFORD's arguments relating to its need to conduct discovery and its concerns relating to the June, 2002 trial date, subsequent to the May 14, 2001 status conference, at which this Court lifted all discovery stays, Class Plaintiffs in all pending actions been attempting to coordinate and conduct discovery. The Defendants in the various class actions have refused to cooperate with scheduling discovery and had even asserted that until such time as this Court entered its written order, the discovery stays were still in effect. Having now lost five months by not agreeing to conduct discovery, it is hard to imagine how HARTFORD can assert that this Court's Trial Order does not provide them with enough time to conduct discovery. Class Plaintiffs in all pending actions

CASE NO. 00-6061-CIV-FERGUSON/SNOW

have every intention of completing all discovery by April 1, 2002, which is the discovery cutoff. With the Defendants' cooperation[1], there is no reason why discovery cannot be completed. Accordingly, there is no basis for reconsideration of the Omnibus Order or the Trial Order.

HARTFORD's attempt to argue that this is a complex track case under Local Rule 16.1 and that the amount of time necessary for discovery in such a case provides a basis to extend the discovery and trial in this case is disingenuous. HARTFORD has been a party to these proceedings since February, 2001. Since May, 2001, HARTFORD has been aware that this action would be consolidated and that all discovery stays were lifted. HARTFORD's argument relating to the complex track recommended discovery deadlines utilizes the date when HARTFORD OF THE MIDWEST was served (October 10, 2001). Utilizing when the case was filed, February, 2001, establishes that this Court's April 1, 2002 discovery cut-off is clearly appropriate. Utilizing May 14, 2001 (the date of the status conference at which time all discovery stays were lifted) the amount of time provided for discovery in this Court's Trial Order still complies with the recommended complex track deadlines. Thus, HARTFORD's citation to the Local Rule 16.1 complex track discovery time periods provides no support for its argument.

This Court's Omnibus Order lifted all discovery stays and consolidated the 15 PPO reduction class actions. Having refused to take part in discovery since May, 2001, and now having to abide by this Court's discovery cut-off date and trial date, Defendants are now scrambling to do everything possible to delay discovery and to thwart this Court's Trial Order. Had any of these Defendants been

---

[1] Despite the entry of the Omnibus Order and Trial Order, Defendants continue to refuse to cooperate in scheduling depositions.

7090-00100 336474.1

4

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

truly concerned with the amount of time necessary to complete discovery, they would have agreed to take part in discovery after the May 14, 2001 status conference. The Defendants chose not to. Accordingly, HARTFORD's present efforts to further delay discovery and its argument that it is prejudiced by the April 1, 2002 discovery cut-off date, are the result of HARTFORD's and the other Defendants' strategic miscalculation. Accordingly, there is no basis to reconsider this Court's Omnibus Order.

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all other similar situated, respectfully request that this Court enter an Order denying Defendant HARTFORD INSURANCE COMPANY OF THE MIDWEST's Motion for Reconsideration, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
SALVATORE D. LARUSSO, D.C.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 29th day of October, 2001 upon all individuals on the attached service list.

_____
ERIC LEE

7090-00100 336474.1

6


ATLAS PEARLMAN

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile


ATLAS PEARLMAN

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile



