IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6061-CIV-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

THE CHIROPRACTIC CENTRE, INC.,
On behalf of itself and all others
similarly situated,

    Plaintiff,

v.

SUPERIOR INSURANCE COMPANY,

    Defendant.
_____/

**NIGHT BOX FILED**

OCT 31 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## SUPERIOR'S MOTION TO DISMISS

Defendant, Superior Insurance Company ("Superior"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), moves this Court for dismissal of Plaintiffs' Complaint and in support thereof states as follows:

1.     Plaintiff's Complaint alleges subject matter jurisdiction based upon Count III arising under Federal Statutes. The Complaint alleges no other basis for jurisdiction.

2.     Count III of Plaintiffs' Complaint alleges RICO liability by claiming that Superior engaged in a pattern of racketeering, including making false statements with respect to Superior's right to preferred provider rates on PIP benefits. The Complaint alleges mail fraud, wire fraud and extortion as predicate crimes that establish a pattern of racketeering.

3.     Count III is legally deficient and should be dismissed because the facts alleged do not establish a pattern of racketeering required to establish RICO liability.

Specifically, the stated factual basis for relief does not establish that Superior engaged in the predicate crimes of mail fraud, wire fraud, or extortion.

4. Fraud must be plead with specificity. Plaintiffs' fraud allegations do not provide sufficient specificity. Moreover, intent to defraud and reliance by the plaintiff are elements of mail & wire fraud. The Complaint shows that the facts alleged could not establish those two elements of fraud. Plaintiffs base the mail fraud allegations on EOBs sent with Superior's payments for PIP benefits paid on behalf of Superior's insureds. The EOBs do not contain false statements. The Complaint does not show that Plaintiffs detrimentally relied on the EOBs. No false statements are even specified in the wire fraud allegations.

5. Extortion is the obtaining of property by consent that was induced through wrongful threats. Plaintiffs fail to allege any legally sufficient wrongful threats. Additionally, Plaintiffs fail to adequately plead how any property or property interest was obtained through consent.

6. Plaintiffs have failed to adequately allege the existence of a RICO enterprise as is required to plead a cause of action for civil RICO. Plaintiffs' Complaint simply makes conclusory allegations with respect to the elements of an enterprise.

7. Because the RICO count, which formed Plaintiffs' basis for jurisdiction, is legally deficient, Plaintiffs' entire Complaint should be dismissed.

8. Plaintiffs' Complaint pleads mail fraud based RICO allegations as a Class Action despite the fact that individual questions of law and fact with respect to reliance and damages will be required. Because individual questions of law and fact will predominate

over the questions related to the class, Plaintiffs' Complaint is inappropriate for class action status.

9. Count I of Plaintiffs' Complaint alleges that Superior has no right to preferred provider discounts with respect to paying of medical bills to Plaintiffs, but that Superior has done so anyway. Plaintiffs allege that this is unjust enrichment.

10. Unjust enrichment is an equitable remedy that is only available where a plaintiff does not have an adequate legal remedy. Plaintiffs' Complaint fails to show that Plaintiffs' legal remedy is inadequate. Further, the conferral of a benefit upon the defendant is a required element for an unjust enrichment claim. The complaint fails to show any benefit conferred directly upon Superior.

11. Count II alleges that Plaintiffs are third party beneficiaries of the insurance contracts between Superior and its insureds, and that Superior breached this contract by taking discounted PPO rates that Plaintiffs allege they were not entitled to take.

12. Counts I, II and V all depend on a strained construction of the same statute. Both Counts I and II are premised on the notion that Florida Statutes § 627.736(10)(Florida's "PIP statute) provides an exclusive method for making preferred provider payments on PIP injuries. Count V of the Complaint alleges a breach of statute based upon the same statutory language. Plaintiffs claim that Superior must directly compensate Plaintiffs and must offer preferred provider policies to get the benefit of preferred provider rates.

13. Plaintiffs allegations misinterpret the PIP statute by assuming that the statute regulates the medical provider–insurer relationship, rather than the insurer–insured relationship. However, the statute does not regulate preferred provider agreements

themselves. The statute only regulates what an insurer must do in order to use an insurance policy to encourage its insureds to use preferred providers.

14. There is no private cause of action for violation of the Florida Statutes § 627.736(10). No right to sue is stated in the language of the statute and medical providers are not in the class of persons for whose benefit the statute was enacted.

15. Count IV of Plaintiffs' Complaint seeks declaratory relief based upon Plaintiffs' contract and statutory causes of action. Because Plaintiffs have failed to allege the right to any relief under those causes of action, Plaintiffs' declaratory judgment action should be dismissed as well.

16. Plaintiffs' Complaint has failed to state a claim upon which relief can be granted, and is therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Superior Insurance Company respectfully requests this Court enter an order dismissing Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

BUTLER BURNETTE PAPPAS LLP

_____
ALAN J. NISBERG, ESQ.
Florida Bar No.: 0961639
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607-5946
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant
Superior Insurance Company

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U. S. Mail on October __29__, 2001, to all counsel listed on the attached service list.

_____
Alan J. Nisberg, Esq.

<u>**MASTER SERVICE LIST**</u>
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 10/26/01)

| <u>Co-Lead Counsel for Plaintiffs</u> | <u>Co-Counsel for Plaintiffs</u> | <u>Counsel for Beech Street and ADP</u> |
|---|---|---|
| ATLAS PEARLMAN, P.A.<br>Eric Lee, Esq.<br>lee@atlaslaw.com<br>Jan Douglas Atlas, Esq.<br>atlas@atlaslaw.com<br>Robin Corwin Campbell, Esq.<br>campbell@atlaslaw.com<br>Suite 1700<br>350 East Las Olas Boulevard<br>Fort Lauderdale, FL 33301<br>(954) 763-1200<br>(954) 766-7800 Facsimile<br><br>GOLD & COULSON<br>Arthur S. Gold, Esq.<br>asg@gcjustice.com<br>11 S. LaSalle Street, Suite 2500<br>Chicago, IL 60603<br>(312) 372-0777<br>(312) 372-0778 Facsimile<br><br>PHILLIPS & GARCIA<br>Andrew Garcia, Esq.<br>agarcia@phillipsgarcia.com<br>Carlin Phillips, Esq.<br>cphillips@phillipsgarcia.com<br>Attorneys at Law<br>13 Ventura Drive<br>North Darthmouth, MA 02747<br>(508) 998-0800<br>(508) 998-0919 Facsimile<br><br>KOPELMAN & BLANKMAN, P.A<br>Larry Kopelman, Esq.<br>Douglas Blankman, Esq.<br>dblan2155@aol.com<br>Bank of America Tower<br>One Financial Plaza<br>Suite 2510<br>Fort Lauderdale, FL 33394<br>(954) 462-6855<br>(954) 462-6899 Facsimile | Susan L. Lawson, Esq.<br>personalinjurylawyer@earthlink.net<br>Suite 200<br>230 East Davis Boulevard<br>Tampa, FL 33606<br>(813) 251-8879<br>(813) 251-5786 Facsimile<br><br>RICHARD BOKOR, P.A.<br>Richard Bokor, Esq.<br>rabokor1@tampabay.rr.com<br>230 East Davis Boulevard<br>Tampa, FL 33606<br>(813) 251-1000<br>(813) 254-6327 Facsimile<br><br>Casey Fundaro, Esq.<br>fundaro@aol.com<br>1100 5th Avenue S., Suite 201<br>Naples, FL 34102-6407<br>(941) 435-7995<br><br>**Counsel for:**<br>**Allstate, Fidelity and Casualty,**<br><u>**Continental, Deerbrook**</u><br><br>RUMBERGER, KIRK &<br>CALDWELL<br>David B. Shelton, Esq.<br>dshelton@rumberger.com<br>Signature Plaza, Suite 300<br>201 South Orange Avenue (32801)<br>Post Office Box 1873<br>Orlando, Florida 32802-1873<br>(407) 872-7300<br>(407) 841-2133 Facsimile<br><br>ROSS & HARDIES<br>Peter J. Valeta, Esq.<br>peter.valeta@rosshardies.com<br>150 N. Michigan Avenue, Suite 2500<br>Chicago, IL 60601<br>(312) 750-3619<br>(312) 920-7241 Facsimile | TEW, CARDENAS,et al.<br>John M. Quaranta, Esq.<br>(305)539-2495<br>jmq@tewlaw.com<br>Miami Center, 26th Floor<br>201 S. Biscayne Boulevard<br>Miami, Florida 33131-4336<br>(305) 536-1116 Facsimile<br><br><u>Counsel for Progressive</u><br><br>ANANIA, BANDKLAYDER, et al.<br>Francis Anania, Esq.<br>fanania@anania-law.com<br>Donald A. Blackwell, Esq.<br>dblackwell@Anania-law.com<br>NationsBank Tower, Suite 4300<br>100 Southeast Second Street<br>Miami, Florida 33131<br>(305) 373-4900<br>(305) 373-6914 Facsimile<br><br><u>Counsel for CCN</u><br><br>MCGUIRE WOODS, LLP<br>William W. Deem, Esq.<br>wdeem@mcguirewoods.com<br>William E. Adams, Esq.<br>badams@mcguirewoods.com<br>3300 Bank of America Tower<br>50 North Laura Street<br>Jacksonville, FL 32202<br>(904) 798-3200<br>(904) 798-3207 Facsimile |

7090-00100 318823.1

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823.1