IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6061-CIV-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

THE CHIROPRACTIC CENTRE, INC.,
On behalf of itself and all others
similarly situated,

    Plaintiff,

v.

SUPERIOR INSURANCE COMPANY,

    Defendant.

_____/

**EXPEDITED RELIEF REQUESTED**

**NIGHT BOX FILED**

**OCT 3 1 2001**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## SUPERIOR'S MOTION TO STAY DISCOVERY

Defendant Superior Insurance Company ("Superior") respectfully requests this Court to stay all discovery pending resolution of the dispositive issues raised in Superior's Motion to Dismiss, and in the alternative to stay discovery on the merits until a resolution of Plaintiffs' Motion for Class Certification and, in support thereof states as follows:

1. The present lawsuit is a class action brought by The Chiropractic Centre, Inc. ("TCCI"). The Complaint alleges various causes of action based upon TCCI's claim that the amounts Superior paid TCCI for PIP medical benefits was inaccurate.

2. Although the Complaint is brought as a class action, a class has not been certified.

3. Contemporaneous with the filing of this motion, Superior will be filing a Motion to Dismiss. The motion to dismiss shows that Plaintiff's RICO claim is legally insufficient and that the RICO claim being the only basis for jurisdiction, dismissal of state claims is

required. Plaintiffs' state law claims are legally deficient in themselves, as discussed in the Motion to Dismiss.

4. On October 2, 2001, TCCI served by mail three written discovery requests: Requests for Admissions, Request for Production of Documents, and Interrogatories. These requests for discovery were served to all insurance defendants in the consolidated case pursuant to the September 28, 2001 Omnibus Order. These discovery requests sought information related to the merits of the Complaint and not simply to the appropriateness of class action status. In addition, Plaintiffs are seeking a deposition of Superior's Corporate Representative on the merits of the instant controversy.

5. Discovery is premature given the dispositive motions. An order staying discovery until resolution of this dispositive motion is needed. Further, an order staying all merits discovery prior to certification of the class is needed. Expedited briefing is needed so that a ruling can be made before the responses to the discovery become due.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26 gives the court discretion to enter orders that limit or prevent discovery. The court has broad discretion with respect to setting those limits. See *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, (11th Cir. 1997). Prior to resolution of dispositive motions, such as motions to dismiss, neither party nor the court has need for discovery because there are no issues of fact to be determined where only the legal sufficiency of the allegations is at issue. *Chudasama*, 123 F. 3d at 1367. In the present case, Superior's motion to dismiss shows that the allegations of Plaintiff's Complaint are legally deficit. In *Chudasama*, the Eleventh Circuit found that failure to stay

discovery during the pendency of the motion to dismiss did nothing but waste resources of the parties. *Chudasama*, 123 F. 3d at 1368. Specifically, the court stated:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama*, 123 F. 3d at 1368. Therefore, discovery should be stayed while Superior's dispositive motion is pending.

The present Complaint involves a class action that is not yet certified. While Plaintiffs may be entitled to discovery in connection with the issues of certification, the most fair and efficient way to proceed during the class certification process is to stay any discovery of merits issues. See *Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570 (11th Cir. 1992); See also *In re: Polypropylene Carpet and Interest Litigation*, 178 F.R.D. 603 (N.D. Ga. 1997); *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272 (D. Conn. 1980); *Karan v. Nabisco, Inc.*, 78 F.R.D. 388 (W.D. Ga. 1978). Both parties will benefit by staying discovery on the merits during the pendency of the class certification issues. With limited discovery, if a determination is made at the early stages of the litigation that the class is not appropriate, both parties benefit from saving time and money in unnecessary discovery. *Nabisco*, 78 F.R.D. at 396. Therefore,

3

Superior should not be required to undertake costly discovery efforts related to the merits of the claims of a potentially large number of class members when the right to pursue a class action is still undetermined.

WHEREFORE, Superior Insurance Company respectfully requests this Court for an order to stay discovery during the pendency of the Motion to Dismiss, and alternatively, to enter an order staying discovery of all issues related to the merits of the case during the pendency of the Motion for Class Certification.

> BUTLER BURNETTE PAPPAS LLP
>
> _____
> ALAN J. NISBERG, ESQ.
> Florida Bar No.: 0961639
> Bayport Plaza, Suite 1100
> 6200 Courtney Campbell Causeway
> Tampa, Florida 33607-5946
> Telephone: (813) 281-1900
> Facsimile: (813) 281-0900
> Attorneys for Defendant
> Superior Insurance Company

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U. S. Mail on October 29, 2001, to all counsel listed on the attached service list.

_____
Alan J. Nisberg, Esq.

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

### Co-Lead Counsel for Plaintiffs

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### Counsel for Beech Street and ADP

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

### Counsel for Progressive

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

### Counsel for CCN

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823.1