UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-FERGUSON/SNOW
(consolidated)

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

    Defendants.
_____/



## LIBERTY MUTUAL'S RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER AND MOTION TO RECONSIDER ORDER GRANTING CONSOLIDATION

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, hereby responds to Plaintiffs' Motion for Entry of Confidentiality Order and moves this Court to reconsider its order granting consolidation of the instant matter. In support thereof, Liberty Mutual states as follows:

### BACKGROUND

The instant case arises from a dispute as to Liberty Mutual's payments to Plaintiff for medical services that Plaintiff provided to Liberty Mutual's insureds. This case is just one of fifteen different PPO reduction actions filed against various insurers in this Court. Plaintiff brought this action

MI720791;1

against Liberty Mutual on a class basis, asserting: (1) unjust enrichment; (2) breach of a third-party beneficiary contract; (3) violation of the RICO Act; (4) declaratory relief; and (5) violation of Fla. Stat. § 627.736.[1]

On February 8, 2001, the Class Representative Plaintiffs ("Plaintiffs") moved to consolidate all of the pending PPO reduction cases brought in this Court. Defendants, including Liberty Mutual, opposed consolidation. In sum, Liberty Mutual argued that consolidation would be inappropriate because: (1) the factual and legal issues involved are sufficiently different in each case such that individual factors predominate over any common issues; (2) consolidation would likely result in confusion to the fact finder; and (3) consolidation would prejudice Defendants as they would be required to divulge highly sensitive proprietary information to competitor insurance companies. On September 28, 2001, this Court issued its Omnibus Order on Pending Motions, wherein it granted Plaintiffs' motions to consolidate.

Now that the cases have been consolidated, Plaintiffs seek entry of an order that would further prejudice Liberty Mutual. More specifically, Plaintiffs request that this Court enter a confidentiality order that would limit defendants' access to their competitors' disclosures. Such an order would be unworkable and would hinder Liberty Mutual's ability to defend this action. As set forth *infra*, the proposed confidentiality order would prevent undersigned counsel for Liberty Mutual from sharing with Liberty Mutual information related to other defendants' (competitors) business practices. At the same time, the confidentiality order does not prevent Plaintiffs' counsel from sharing such information with Plaintiffs, thus giving Plaintiff an unfair advantage in litigating this

---

[1] The Complaint also contains a cause of action for breach of contract, but Plaintiff asserts that claim solely against co-defendant Community Care Network.

case. These issues could be entirely avoided if the cases were to proceed in an unconsolidated manner.

## ARGUMENT

Plaintiffs seek the confidentiality order pursuant to Fed. R. Civ. P. 26(c). In accordance with Fed. R. Civ. P. 26(c), Plaintiffs, as the movants, have the burden of demonstrating that "good cause" exists for entry of the order. See Fed. R. Civ. P. 26(c). Moreover, in determining whether to grant such a motion, courts balance the interests of the parties affected by the proposed order. See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989). Plaintiffs have altogether failed to satisfy their burden. Indeed, the posture of the motion is unusual in that Plaintiffs are essentially moving on behalf of Defendants, to protect Defendants' interests. Nowhere in their motion do Plaintiffs indicate what "good cause" the order furthers. Nor does a weighing of the respective interests favor entry of the order. In fact, the order would prejudice Liberty Mutual as set forth *infra*.

The present consolidated posture of this case places Liberty Mutual in an untenable position -- Liberty Mutual can either reveal highly sensitive proprietary information to its competitors (the consolidated defendants), or, equally unpalatably, it can agree to the entry of a confidentiality order that gives Plaintiffs an unfair advantage and hinders Liberty Mutual's ability to defend this action. It is solely due to the consolidation that this dilemma arises.

Due to the nature of the allegations in this case, Liberty Mutual (as well as all the other defendants) will have to disclose highly sensitive proprietary information pertaining to its business methods, financing and provider and insured relationships. More specifically, Liberty Mutual would have to produce information regarding its financial agreements with preferred provider networks,

the terms of Liberty Mutual's policies with its insureds, Liberty Mutual's claims procedure in resolving PIP claims and determining the amount to be paid, and how Liberty Mutual pays its medical providers. Such sensitive information is wholly irrelevant to the other, unrelated actions which have been consolidated with this case. Likewise, similar information pertaining to Liberty Mutual's competitors is immaterial to the prosecution and/or defense of this case.

Nevertheless, in a consolidated action, all parties will have access to <u>all</u> of the discovery produced by <u>all</u> defendants. This means, for instance, that Plaintiffs will be able to use the discovery (potential trade secrets, and other such confidential information) produced by one competitor against another competitor/defendant. However, in accordance with the confidentiality agreement, counsel for Liberty Mutual would not be able to share such proprietary information with Liberty Mutual and therefore Liberty Mutual will be prejudiced in defending this action. The confidentiality agreement proposed by Plaintiffs does not preclude Plaintiffs' counsel from sharing such information with their clients. Plaintiffs would therefore have an unfair advantage over Liberty Mutual.

In conclusion, the only reason the need for a confidentiality order arises is because of the consolidation of these distinct cases. Nevertheless, assuming the cases proceed on a consolidated basis, Liberty Mutual has no choice but to agree to the entry of a confidentiality order so as to protect its proprietary information -- even though such agreement will prejudice Liberty Mutual in defending this action. This Court could, however, readily dispose of such prejudice and obviate the need for the confidentiality order simply by separating these cases, as they were initially brought. <u>See Jackson v. Ford Consumer Fin. Co., Inc.</u>, 181 F.R.D. 537, 539 (N.D. Ga. 1998); <u>see also</u> <u>Empire of Carolina, Inc. v. Mackle</u>, 108 F.R.D. 323 (S.D. Fla. 1985).

WHEREFORE Liberty Mutual respectfully requests that this Court deny Plaintiffs' motion for entry of confidentiality order and separate these actions or, in the alternative, to reconsider its prior order consolidating the referenced cases.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
MARK S. SHAPIRO
Florida Bar No.: 894631
mshapiro@akerman.com
JENNIFER L. COHEN
Florida Bar No.: 123145
jlcohen@akerman.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below this ___2___ day of November, 2001.

_____
Attorney

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
capmbell@atlaslaw.com
350 East Last Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@gpandggarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for Allstate**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter-valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241


**Counsel for Beech Street and ADP**

TEW, CARDENAS, et. al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 539-2106
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et. al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 372-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et. al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT, et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Hartford**

AKERMAN, SENTERFITT, et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile