UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06061-CIV-FERGUSON/SNOW



DR. PAUL ZIDEL, on behalf of
himself and all others similarly
situated,
    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,
    Defendants.
_____/

SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and all
others similarly situated,
    Plaintiff,

v.                                      CASE NO: 01-8108-CV-Ferguson/Snow

NATIONWIDE MUTUAL INSURANCE
COMPANY,
    Defendant.
_____/

### DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION TO STAY ACTION AND MEMORANDUM OF LAW IN SUPPORT

Defendant Nationwide Mutual Insurance Company ("Nationwide Mutual") hereby moves the Court to stay all discovery in this case pending resolution of the Nationwide's pending Motion to Dismiss and Motion to Compel Arbitration. Further, any response to the plaintiff's motion for class certification should be stayed pending resolution of these pending motions and the commencement of bifurcated discovery.

I.   **PROCEDURAL POSTURE.**

Plaintiff filed his initial complaint against Nationwide Insurance Company of America. The Court has not yet addressed the motion to dismiss filed by Nationwide Insurance Company of America. On September 28, 2001, the Court consolidated this case with fourteen other cases. There are various dispositive motions pending in many of these cases, including several motions to compel arbitration. On October 10, 2001, Plaintiff filed an Amended Complaint essentially substituting a new defendant, Nationwide Mutual Insurance Company, in the place of Nationwide Insurance Company of America. Nationwide Mutual filed a Motion to Dismiss and Motion to Compel Arbitration on October 24, 2001.

The Plaintiff propounded discovery requests on all defendants in the consolidated cases on October 8, 2001. No discovery has yet been propounded on Nationwide Mutual as it was not a party at the time this discovery was served. Although there are no pending discovery requests to Nationwide Mutual, Nationwide Mutual believes it is important to have the Court rule on the stay issue prior to any discovery disputes arising.

II.  **THE FEDERAL AND FLORIDA ARBITRATION ACTS REQUIRE THAT THIS CASE BE STAYED.**

The Federal Arbitration Act states

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . ., upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had.

9 U.S.C. § 3; see also § 682.03(3), Fla. Stat. ("any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefore has been made under this section"). Under these provisions, a stay of these proceedings

2

is required given Nationwide Mutual's pending motion to compel arbitration.[1]

### III. A STAY WOULD CONSERVE JUDICIAL RESOURCES GIVEN THE PENDING MOTIONS.

A stay pending resolution of these issues would also conserve judicial resources as well as the resources of the parties. Pursuant to Federal Rule of Civil Procedure 26(c), a court may "make any order which justice requires to protect a party or person from . . . undue burden or expense." Fed.R.Civ.P. 26(c). This Court has broad discretion to limit or stay discovery. See, e.g., Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366-67 (11th Cir. 1997).

Given the pending motions to compel arbitration, a stay of discovery is particularly appropriate. See In re: Managed Care Litig., No. 1334, 00-1334-MD, 2001 WL 664391 (S.D. Fla. June 12, 2001) (staying discovery until the court ruled on pending motions to dismiss and to compel arbitration)(Moreno, J.); see also Chudasama, 123 F.3d at 1367-68 (stay appropriate given pending dispositive motionts); Petrus v. Bowen, 833 F.2d 581 (5th Cir. 1987); Scroggins v. Air Cargo, Inc., 534 F.2d 1124 (5th Cir. 1976). To allow discovery before ruling on such dispositive motions is similar to putting the cart before the horse. As the Eleventh Circuit found,"neither the parties nor the court have any need for discovery before the court rules on the motion." Chudasama, 123 F.3d at 1367.

Nationwide should not be required to produce corporate representatives for deposition when this case should actually be in an arbitral forum where discovery opportunities are often more limited. Further, the defendants should not have to produce documents relevant to claims that may in fact be dismissed. The Eleventh Circuit in Chudasama stated its position quite

---

[1] In oppositions filed by opposing counsel regarding motions to compel filed by other defendants, plaintiff has raised the issue of waiver. However, that is not an issue in this case, as Nationwide Mutual raised the arbitration issue in its initial papers in the case.

clearly:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

123 F.3d at 1368. Given this mandate from the Eleventh Circuit, Nationwide respectfully requests that the Court grant a temporary stay of discovery until the pending motions are decided.

## IV.    ALTERNATIVELY, A STAY OF MERITS DISCOVERY IS REQUIRED.

The fifteen "consolidated" cases are alleged as class actions. Many courts have determined that it is most efficient and fair to limit discovery in alleged class actions to the class certification issue and postpone "merits" discovery until the court makes a determination on the certification issue. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1992); Stewart v. Winter, 669 F.2d 328, 331 (5th Cir. 1982); Barry R. Roseman, D.M.D, M.D., Profit Sharing Plan v. Sports & Recreation, 165 F.R.D. 108, 110 (M.D. Fla. 1996); see also Policastro v. Stelk, 780 So. 2d 989 (Fla. 5th DCA 2001). Similarly, in this case, any discovery related to the merits of the plaintiff's claims should be stayed until the class certification issue is determined.

### CERTIFICATE UNDER LOCAL RULE 26.1

Undersigned counsel certifies that she conferred with opposing counsel regarding the relief sought in this motion in a good faith effort to resolve the issues, and opposing counsel

4

would not agree to the relief sought.

>Respectfully submitted,
>
>FOWLER WHITE BOGGS AND BANKER, P.A.
>Post Office Box 1438
>Tampa, Florida 33601
>813/228-7411
>813/229-8313 (telecopier)
>Trial Counsel for Defendant
>
>_____
>W. Donald Cox, FBN 096535
>Katherine C. Lake, FBN 066941
>
>and
>
>James C. Haggerty
>Swartz, Campbell & Detweiler
>1601 Market Street, 34th Floor
>Philadelphia, PA 19103
>215/564-5190
>215/299-4301 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing to be served by U.S. Mail this 2nd day of November, 2001, to the persons on the attached service list.

_____
Attorney

H:\KCL\NATIONWD\LARUSSO\pld\STAY.wpd

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/18/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile