# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### (Consolidated Class Action)

### CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,
      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.,
      Defendants    .     /
KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,
      Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE,
et al.,

      Defendants.     /
MARC J. BROWNER, D.C., individually
and on behalf of all other similarly situated,
      Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
et al.,
      Defendants.     /

**Respectfully referred to**
**U.S. Magistrate Judge Lurana Snow**

**DEFENDANTS BEECH STREET
CORPORATION AND ADP
INTEGRATED MEDICAL
SOLUTIONS, INC.'S
RESPONSE TO PLAINTIFF'S
MOTION FOR ENTRY OF
CONFIDENTIALITY ORDER**

Pursuant Local Rule 7.1, Defendants Beech Street Corporation ("Beech Street") and ADP

Integrated Medical Solutions, Inc. ("ADP") hereby respond to Plaintiff Dr. Paul Zidel, Keith

Brickell, D.C., Mark J. Browner, D.C., Salvatore D. Larusso, D.C., Ultra Open MRI Corporation,

and the Chiropractic Centre, Inc.'s ("Plaintiffs") Motion for Entry of Confidentiality Order.  In

support of this Response, Beech Street and ADP state as follows:

# I. BACKGROUND

Pursuant to a series of Orders entered on September 28, 2001, this Court consolidated fifteen (15) separate cases by seven (7) putative class representatives against twenty-two (22) defendants ("Defendants") into one case for purposes of discovery and pretrial proceedings and set the trial in all of the cases for the same two-week trial period and commencing in less than nine months. The Defendants, many of whom are direct competitors with one another, have previously alerted the Court of the serious confidentiality issues that will arise given the consolidation of the cases. Defendants, who are represented by over twenty different law firms, have previously sought, amongst themselves, to prepare a Confidentiality Stipulation but were simply unsuccessful. On October 16, 2001, Plaintiffs filed their Motion for Entry of Confidentiality Order (the "Motion"), attaching as a proposed Confidentiality Order taken from the standard form from the Manual for Complex Litigation Third.

Plaintiffs' proposed Confidentiality Order is woefully inadequate in addressing many of the Defendants' confidentiality concerns and protecting their confidential and proprietary information, of which various parties to the fifteen consolidated cases will inevitably seek disclosure during the course of discovery. In response to Plaintiffs' Motion to enter that Order, and in proposing their own Confidentiality Order (attached as Exhibit "A"), Beech Street and ADP reassert the argument, echoed by all Defendants, that the cases should not be consolidated, not even for discovery and pretrial purposes.[1] Nevertheless, Beech Street and ADP respectfully urge this Court to protect the confidential and proprietary interests of the parties and enter the proposed Confidentiality Order attached hereto as **Exhibit "A"**.

---

[1] As such, Beech Street and ADP's proposal of a Confidentiality Order should not be deemed a waiver of the argument that consolidation is in error.

TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

II.    **Defendants' Inability to Agree to the Terms of a Confidentiality Stipulation or Order Instructs Against the Cases Being Consolidated.**

In the Motion, Plaintiffs state that Defendants have failed to provide a proposed Confidentiality Order and have failed to discuss an agreed Confidentiality Order. In fact, Defendants have discussed at length and attempted to agree to a Confidentiality Stipulation but, given the varying and conflicting interests of the numerous Defendants, the parties were unable to reach an agreement as to the terms of such stipulation. Defendants' inability to agree to the terms of a Confidentiality Stipulation illustrates their argument that the cases should not have been consolidated in the first place.

II.    **The Court Should Not Enter Plaintiffs' Proposed Confidentiality Order Because the Defendants are Competitors with, or Providers for, Each Other and Such Order Will Not Prevent the Disclosure of Confidential and Proprietary Information.**

The Court should enter the attached proposed Confidentiality Order (Exhibit "A") which implements measures that will protect such information without inhibiting full and fair discovery by all of the parties. Plaintiffs' proposed Confidentiality Order is the standard form order from the Manual for Complex Litigation Third. That proposed order is not specifically tailored to the unique circumstances of the cases. In this case, many of the Defendants are direct business competitors with, and  providers for, other Defendants. The terms of the various contractual relationships between the various Defendants and the non-party insureds/patients constitute confidential and proprietary information which cannot be disclosed among Defendants that directly compete with one another. The consolidation of the cases would result in inappropriate disclosure of confidential and proprietary information among Defendants that are competing PPO networks (or competing insurance companies).

For example, each of the PPO networks (including Beech Street) creates its own proprietary fee schedules which constitute the basis for those networks' negotiated discounted

3

rates. If the cases are consolidated, the various PPO networks would be obligated to produce such proprietary and confidential information to its competitors. Additionally, other terms of the PPO networks' agreements with their participating providers and with the payors and other related documentation include highly confidential and proprietary information which cannot be disclosed to their respective competitors, including, without limitation, business strategies, marketing methodologies, and operational and work flow processes.

Disclosure of any of these types of information could be devastating to the business of the PPO networks. The only way to protect the highly sensitive confidential and proprietary information from disclosure to Defendants' direct competitors is to create a two-tier system of designation for written discovery and depositions, "Confidential," or "Highly Confidential." In essence, the "Confidential" designation does not allow for dissemination outside the lawyers and parties. The "Highly Confidential" designation does not allow for dissemination beyond the lawyers, and is specifically kept from the parties. Such a two-tier system of designation acknowledges the differing degrees of confidentiality inherent among certain documents and the need to distinguish among such documents during discovery.

Furthermore, Beech Street and ADP's proposed order prevents parties or employees of parties from reviewing documents revealing confidential and proprietary information of competitors, precludes competitor-parties from attending depositions, and authorizes counsel for the parties to blackout certain confidential or proprietary portions of documents and deposition transcripts prior to the production thereof to competitor-parties. Further, the attached proposed order implements a two-tier system of designating documents as "Confidential" or "Highly Confidential" in order to ensure that only the individuals necessary in prosecuting or defending the claims in the various cases are permitted to review the confidential or highly confidential information, thereby protecting the interests of the parties while facilitating the discovery

4

process. Therefore, since the Court consolidated the cases for discovery and pretrial purposes, the Court must enter the attached proposed Confidentiality Order to protect the interests of all parties to these cases.

## CONCLUSION

The Defendants' inability to agree to the terms of something as innocuous and yet essential as a confidentiality stipulation encapsulates the problems that are arising due to the consolidation. Beech Street and ADP respectfully request this Court to protect the confidential and proprietary interests of the parties and enter the attached proposed Confidentiality Order.

Respectfully submitted,

TEW CARDENAS REBAK KELLOGG
LEHMAN DeMARIA TAGUE
RAYMOND & LEVINE L.L.P.
Co-Counsel for Defendants Beech Street Corp.
and ADP Integrated Medical Solutions, Inc.
2600 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-536-1112
Facsimile: 305-536-1116

By: _____
    Joseph A. DeMaria, Esq.
        Florida Bar No. 764711 (jad@tewlaw.com )
    John M. Quaranta, Esq.
        Florida Bar No. 940641 (jmq@tewla.com)
    Kenneth D. Murena, Esq.
        Florida Bar No. 147486 (kdm@tewlaw.com)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via U.S. Mail this ____ day of November, 2001 on all counsel listed on the attached Service List.

_____
Counsel

::ODMA\MHODMA\Miami:309095;1

# EXHIBIT A

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

### CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

IN RE:

FLORIDA AUTOMOBILE
INSURANCE LITIGATION

_____/

## CONFIDENTIALITY ORDER

THIS MATTER came before the Court upon Plaintiffs' Motion for Entry of Confidentiality

Order and Defendants' Responses to such Motion. The Court has ordered the consolidation for pre-

trial purposes, including discovery, of fifteen related actions under Consolidated Case No. 00-6061-

CIV-FERGUSON/SNOW (the "Actions"). The various named plaintiffs and putative class plaintiffs

(collectively, "Plaintiffs") and defendants ("Defendants") in the Actions seek or may seek from any

one or more of each other the production of certain information or documents that the producing

party considers to be information or documents of a confidential or proprietary nature ("Confidential

Information"). Some Defendants (and/or their affiliated entities) are business competitors with

certain other Defendants (and/or their affiliated entities). Some Defendants maintain separate

business relationships with more than one of the other Defendants, each of which business

relationship is confidential from the other such relationships. Plaintiffs may additionally seek from

Defendants the production of certain information and documents that constitute highly confidential

information of a particularly sensitive nature, the disclosure of which could be either competitively

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

harmful to the producing party or could damage its business relationships, which information and documents include, without limitation, fee schedules, negotiated discounted rates, business strategies, marketing methodologies, operational and work flow processes, client information, and other such highly sensitive business information ("Highly Confidential Information").

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the Court, pursuant to its authority under Fed. R. Civ. P. 26(c), hereby ORDERS AND ADJUDGES as follows:

1.    Designation of Confidential or Highly Confidential Information.  In connection with the discovery process in the Actions, a producing party shall have the right, prior to production or disclosure of any documents, to stamp or otherwise designate as "Confidential" or "Highly Confidential" any and all such documents that it deems in good faith to include or be derived from Confidential or Highly Confidential Information.  The party receiving any documents so designated shall not use or disclose the information contained therein except in prosecution or defense of this action in accordance with this Order.  The provisions of this Order extend to all information designated as Confidential or Highly Confidential, regardless of the manner in which disclosed, including, but not limited to, documents produced, responses to requests for production, responses to requests for admission, interrogatory answers, testimony through depositions, affidavits, and statements, exhibits to transcripts, or any other discovery materials, as well as to any copies, notes, abstracts or summaries of the foregoing materials.  To the extent that matter stored or recorded in the form of electronic or magnetic media is produced by any Plaintiff or Defendant in any form, the

producing party may similarly designate such matter as Confidential or Highly Confidential to the party to whom the matter is produced.

Testimony given in the course of discovery may be designated as Confidential or Highly Confidential: (i) by an appropriate statement by counsel on the record at the time of the giving of such testimony or within a reasonable time thereafter that any testimony is Confidential or Highly Confidential, followed by written confirmation of such designation as described below; or (ii) within forty-five (45) days after receipt of the transcript of the deposition or hearing testimony, by providing written notice to all Plaintiffs and Defendants designating specific pages of such transcript as Confidential or Highly Confidential. Once a Plaintiff or Defendant has verbally designated on the record any deposition or hearing testimony as Confidential or Highly Confidential, that Plaintiff or Defendant shall provide written notice to all Plaintiffs and Defendants of such designation within forty-five (45) days after receipt of the transcript, which notice shall specify which pages of the transcript are Confidential or Highly Confidential. If such written designation is not timely made (and the designating party cannot show good cause as to why timely written notice was not provided), the designation shall expire forty-five (45) days after the designating party's receipt of the deposition or hearing transcript. If no designation is made during the deposition or hearing or thereafter in writing, none of the parties to this Stipulation are obligated to treat any testimony or any portion thereof as Confidential or Highly Confidential unless and until a Plaintiff or Defendant provides written notice as set forth in this paragraph. In the event of a designation on the record, the designating party shall make best efforts to require that the original transcript and all copies thereof be marked on their covers "Contains Confidential Information" or "Contains Highly Confidential

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Information."

Any of the Defendants or Plaintiffs may designate as Confidential or Highly Confidential testimony or documents in the possession of a third party if the documents or testimony include a Plaintiff or Defendant's Confidential or Highly Confidential Information. And, a Defendant which produces documents or testimony in an action in which it is not a party may, pursuant to this Order, designate as Confidential or Highly Confidential documents or testimony produced as a third party.

2. <u>Documents</u>. The term "document" as used herein means any document as defined by Rule 34(a) of the Federal Rules of Civil Procedure.

3. <u>Confidentiality of Previously Non-Designated Documents or Information</u>. A designation of confidentiality of a document or information pursuant to Paragraph 1 above that was inadvertently omitted at the time of production of such document or information or was produced prior to the entry of this Order, may be corrected thereafter by written notification to opposing counsel, provided that the party in receipt of the previously non-designated document shall not be held to account for any disclosure thereof prior to such written notice. Upon receipt of such notice, counsel for parties in possession of the previously non-designated document shall either mark all copies of such document as Confidential or Highly Confidential (according to the notice) or exchange all non-designated copies for copies of the document designated pursuant to the notice.

4. <u>Limitation on Use of Confidential Information and Highly Confidential Information</u>. Information and documents designated as Confidential or Highly Confidential and all information learned or derived therefrom shall not be used by the receiving party, nor by any party obtaining such

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

information from the receiving party, for any purpose other than in furtherance of the prosecution or defense of the Actions.

5.    <u>Non-Disclosure of Confidential Information</u>.  Subject to the other paragraphs of this Order, Confidential Information shall not be exhibited or disclosed to any person or entity except:

(a)    Counsel of record for the Plaintiffs, counsel of record for Defendants, and any in-house counsel for the Defendants who is handling any of the Actions in their capacity as an attorney, as well as counsel's employees engaged in assisting any such counsel in the Actions;

(b)    Outside experts, consultants, or investigators consulted by the attorneys of record in the prosecution or defense of the Actions, provided that Paragraph 7 below has been complied with;

(c)    Court reporters and court personnel in performance of their duties in connection with the Actions.

(d)    Officers, directors and employees of the Plaintiffs and Defendants charged with responsibility for the prosecution or defense of the Actions and/or any business decisions related thereto, provided that Paragraph 7 below has been complied with; and

(e)    Any persons who authored or received documents containing the Confidential Information in question in the ordinary course of their employment by one of the Plaintiffs or Defendants or any of their respective affiliates.

6.    <u>Non-Disclosure of Highly Confidential Information</u>.  Subject to the other paragraphs of this Order, Highly Confidential Information shall not be exhibited or disclosed to any person except:

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(a)    Counsel of record for the Plaintiffs, counsel of record for Defendants, and any in-house counsel for the Defendants who is handling any of the Actions in their capacity as an attorney, as well as counsel's employees engaged in assisting any such counsel in the Actions;

(b)    Outside experts, consultants, or investigators consulted by the attorneys of record and in-house counsel in the prosecution or defense of the Actions, provided that Paragraph 7 below has been complied with; and

(c)    Court reporters and court personnel in performance of their duties in connection with the Actions.

7.    <u>Compliance with Requirements of Order before Disclosure</u>.  Before exhibition or disclosure of any Confidential Information or Highly Confidential Information is made to any persons described in Paragraphs 5(b) & (d) and 6(b) above, each such person shall agree to comply with the requirements of this Order and be subject to the jurisdiction of the Court.  An attorney of record for each Plaintiff and Defendant shall maintain a list of names of all persons to whom any Confidential or Highly Confidential Information has been disclosed and shall make such list available to an attorney of record representing another Plaintiff or Defendant, upon request.  Upon the conclusion of the Actions, the identity of all non-testifying expert witnesses to whom Confidential Information or Highly Confidential Information has been exhibited shall be disclosed.

8.    <u>Limitation on Discovery Among Parties to Actions</u>.  The various Plaintiffs and Defendants in each of the Actions may not be parties to some of the other Actions, and some Defendants may be requested by Plaintiffs or other Defendants to produce documents and information in actions in which they are not named as Defendants.  Only those persons described

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

above in paragraph 6(a) - (c) shall attend any deposition or review any information, testimony, or document produced or disclosed by any other Plaintiff or Defendant in any of the Actions in which they: (i) are not a party; or (ii) have not been requested to produce documents and/or information, unless (and subject to this Order) the disclosing party consents in writing to the disclosure of any certain information, testimony, and/or documents to any such Plaintiff or Defendant.

9.     Court Filings.   All filings with the Court that contain or disclose Confidential Information or Highly Confidential Information shall be filed in a sealed envelope marked "SEALED PURSUANT TO COURT ORDER" and kept under seal until further order of the Court. Where practicable, only those portions of the filings that contain or disclose Confidential or Highly Confidential documents or information shall be filed under seal.

10.     Return of Confidential and Highly Confidential Information Upon Conclusion of the Actions.  Within thirty (30) days after the Actions, including any appeals, are finally concluded, counsel in receipt of documents designated as Confidential or Highly Confidential shall: (a) return all such documents, including any copies, notes, abstracts and summaries thereof, to counsel for the producing party; or (b) if so instructed by the producing party, destroy all such documents.

11.     Disclosure of Confidential and Highly Confidential Information in Open Court. Confidential Information or Highly Confidential Information shall not be disclosed in open court without first conferring with counsel for the producing party and the Court with respect to whether protective measures should be imposed before such disclosure.

12.     Notice of any Court Ordered Request for Disclosure of Confidential or Highly Confidential Information.  Any Plaintiff or Defendant or person in possession of another Plaintiff

::ODMA\MHODMA\Miami;317035;1                    Page 7 of 11

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

or Defendant's Confidential Information or Highly Confidential Information who receives a subpoena or other legal process requiring production or other disclosure of such information, shall immediately give notice to the disclosing party of the terms of said subpoena or legal process. The Plaintiff or Defendant or person receiving the subpoena or other process shall inform the person or entity seeking such information of the existence of this Order and shall make good faith efforts to obtain no less than a ten-day period (from notice to the producing party) prior to production or disclosure of such information.

13.    <u>No Admissions</u>. The entry of, adherence to, or implementation of this Order shall not be an admission by any Plaintiff or Defendant, nor shall it constitute a basis for claiming or arguing whether any particular document or information is, confidential, privileged, or admissible as evidence.

14.    <u>Without Prejudice to Objections to Discovery</u>. This Order shall be without prejudice to the right of any party to oppose production of any document or information on any ground whether based on confidentiality or otherwise.

15.    <u>Challenges to Designations</u>. Any Plaintiff or Defendant, upon timely notice, may bring before the Court the question of whether any particular document or testimony is properly designated as Confidential or Highly Confidential or should be subject to protective measures different than those provided by this Order. Subject to the applicable rules of the Court, the Plaintiffs and Defendants shall, within ten (10) business days of notice of any such designation (or provide good cause why timely action was not taken), seek to resolve such matters by agreement before they are presented to the Court. If no such resolution is reached, any such Plaintiff or

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Defendant shall bring such matter before the Court (by motion or otherwise) within thirty (30) days after notice of the challenged designation (unless good cause is not shown as to why such action was not timely made). No Plaintiff or Defendant shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not constitute a waiver of its right to challenge any such designation at a later date.

16.    <u>Disclosure Outside of This Order</u>. Nothing herein shall prevent disclosure beyond the terms of this Order, if the party claiming confidentiality consents in writing to such disclosure or if the party seeking such disclosure: (a) upon timely notice to producing party, receives the approval of the Court; or (b) obtains the information designated as confidential by the producing party from a public source or person lawfully entitled to its possession and in a manner unrelated to the disclosure made by the producing party.

17.    <u>No Waiver</u>. Nothing herein shall prevent or in any way restrict a Plaintiff or Defendant's rights with respect to its own documents or information and a Plaintiff or Defendant may exhibit or disclose such documents or information to any third person without waiver of any rights or protections hereunder.

18.    <u>Application to Third Parties</u>. This Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, if said non-party requests the protection of this Order as to its own confidential information and complies with the provisions of this Order.

Dated: _____

::ODMA\MHODMA\Miami;317035;1                    Page 9 of 11

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

_____

**HON. LURANA S. SNOW**
**United States Magistrate Judge**

Copies furnished to:

All Counsel of Record

## ACKNOWLEDGMENT OF PROTECTIVE ORDER AND
## AGREEMENT TO BE BOUND

_____states as follows:

1.    That s/he resides at _____
      in the city and county of _____
      and state of _____;

2.    That s/he has read and understands the protective order dated _____,
      entered in the Zidel v. Allstate, et al. (Consolidated) Case No. 00-6061-CIV-
      FERGUSON/SNOW litigation;

3.    That s/he
      (a) is engaged as a consultant or expert, or

      (b) has been interviewed by _____on behalf of

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

_____ in the preparation and conduct of one
or more of the cases consolidated under the Order in Case No. 00-6061-CIV-FERGUSON.

4.   That s/he agrees to comply with and be bound by the provisions of the protective order;

5.   That counsel who has retained or consulted with her/him has explained the terms thereof;

6.   That s/he will not divulge to persons other than those specifically authorized by paragraph 2
of the protective order, and will not copy or use, except solely for pur-poses of this litigation,
any confidential document or information as defined by the protective order, except as
provided therein.


_____
(name of individual to whom disclosure will be made)

**Page 11 of 11**

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Counsel for Plaintiffs**
ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

**Co-Counsel for Plaintiffs**
GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

**Co-Counsel for Plaintiffs**
PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**
Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 Facsimile

**Counsel for Allstate**
RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**
TEW, CARDENAS REBAK KELLOGG
LEHMAN DEMARIA TAGUE
RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esquire
(305) 539-2440
jad@tewlaw.com
John M. Quaranta, Esquire
jmq@tewlac.com
(305)536-8432
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
Francis Anania, Esquire
fanania@anania-law.com
Donald A. Blackwell, Esquire
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**
MCQUIRE, WOODS, et al.
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
badams@mcguirewoods.com
Curt Caywood, Esquire
ccaywood@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida  32202
(904)798-3200
(904)798-3207 Facsimile

**Counsel for Nationwide**
FOWLER, WHITE
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Bruce A. Aebel, Esquire
baebel@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813)228-7411
(813)229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
(215)299-4314
(215)299-4301 Facsimile

**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Prudential**
SHEA & GARDNER
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Richard M. Wyner, Esquire
Rwyner@sheagardner.com
(202) 828-2188
Jeffrey M. Klein, Esquire
jklein@sheagardner.com
(202) 828-4301

M. David Dobbins, Esquire
ddobbins@sheagardner.com
(202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
202-828-2000
202-828-2195 (Facsimile)

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
Kmaus@bbplaw.com
Lauren D. Levy, Esq.
Llevy@bbplaw.com
3520 Thomasville Road
Suite 102
Tallahassee, Florida 32308.3469
850.894.4111
850.894.4999 (Facsimile)

**Counsel for Superior**
BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**
CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

**Counsel for Metropolitan**
Jeffrey P. Lennard, Esq.
SONNENSCHEIN NATH & ROSENTHAL
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 Facsimile

**Counsel for Hartford**
Howard J. Roin, Esq.
MAYER, BROWN & PLATT
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

Updated: October 30, 2001

::ODMA\MHODMA\Miami;317015;1