UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants.
_____/



THE CHIROPRACTIC CENTRE, INC.,      CASE NO. 01-6783-CIV-FERGUSON
On behalf of itself and all others
similarly situated,

        Plaintiff,

vs.

METROPOLITAN CASUALTY
INSURANCE COMPANY,

        Defendant.
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO METROPOLITAN'S MOTION TO COMPEL ARBITRATION[1]**

Plaintiff THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated ("TCCI"), by its undersigned counsel, hereby submits its Memorandum of Law in Opposition to Defendant METROPOLITAN CASUALTY INSURANCE COMPANY's

---

[1] Despite being ordered to file all documents under Case No. 00-6061-CIV-FERGUSON, METROPOLITAN filed its Motion in Case No. 01-6783-CIV-FERGUSON.

7090-00100 336630.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

("METROPOLITAN") Motion to Compel Arbitration. For all the reasons set forth herein, TCCI respectfully submits that METROPOLITAN's Motion should be denied in all respects.

## INTRODUCTION

This action is one of 15 pending PPO reduction class actions consolidated by this Court. Following the other insurance company defendants, METROPOLITAN has filed a Motion to Compel Arbitration in an obvious effort to avoid class action treatment. METROPOLITAN's Motion to Compel Arbitration asserts nearly identical arguments to those previously raised by Defendants Florida Farm Bureau Casualty Insurance Company ("Florida Farm Bureau") and Prudential Property and Casualty Insurance Company ("Prudential"). Defendants Integon National Insurance Company and Integon General Insurance Company have also filed a nearly identical Motion to Compel Arbitration.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that '(a) written agreement for arbitration is the sine qua non of an enforceable arbitration agreement' under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton

7090-00100 336630.1

2



CASE NO. 00-6061-CIV-FERGUSON/SNOW

& Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.")  As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury.  Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

METROPOLITAN's Motion to Compel Arbitration reasserts the same arguments already raised by other insurance company defendants.  In Salvatore D. Larusso, D.C. v. Florida Farm Bureau Casualty Insurance Company, Case No. 01-8110-CIV-FERGUSON, Florida Farm Bureau filed a similar Motion to Compel Arbitration.  FLORIDA FARM BUREAU's Motion to Compel Arbitration relies on a policy provision nearly identical to the provision which METROPOLITAN has asserted requires arbitration.  In Ultra Open MRI Corporation v. Prudential Property and Casualty Company, Case No. 01-6778-CIV-FERGUSON, Prudential also filed a similar Motion to Compel Arbitration.  TCCI hereby incorporates and adopts the arguments asserted by Plaintiff Salvatore D. Larusso, D.C. in Case No. 01-8110-CIV-FERGUSON (D.E. # 29) and by Plaintiff Ultra Open MRI Corporation in Case No. 01-6778-CIV-FERGUSON (D.E. # 11).

7090-00100 336630.1

3


ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

I. **THE CLAIMS ASSERTED BY TCCI ARE NOT SUBJECT TO ARBITRATION BECAUSE IT IS ASSERTING CLAIMS AS THE ASSIGNEE OF RIGHTS FROM A METROPOLITAN INSURED.**

The claims asserted by TCCI are not subject to arbitration because TCCI is asserting claims as the assignee of claims assigned to it by a METROPOLITAN insured. There is no arbitration agreement between TCCI and METROPOLITAN. There is no arbitration agreement between METROPOLITAN's insured and METROPOLITAN. Thus, there is no basis for METROPOLITAN to compel arbitration.

TCCI's Complaint asserts causes of action against METROPOLITAN due to its improper and fraudulent reduction of PIP claims under Section 627.736, Florida Statutes. In order for a health care provider to assert claims against an automobile insurance company for PIP benefits, the insured must assign the claim to PIP benefits to the health care provider. "Courts have recognized that medical service providers can assert claims for a PIP benefit against insurers when an insured has assigned them the right to the benefits." Hartford Ins. Co. of the Southeast v. St. Mary's Hosp., Inc., 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations omitted). The right to pursue a claim for PIP benefits belongs to the insured unless the insured assigns the right to a health care provider. As recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury protection (PIP) benefits to a health care provider, the insured may not file a lawsuit to collect the assigned benefits. The insured would only have a claim to pursue against the insurance company if the health care provider were permitted to rescind the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any event, only the insured or the medical provider 'owns' the cause of action against the insurer at any

7090-00100 336630.1

4



CASE NO. 00-6061-CIV-FERGUSON/SNOW

one time. And the one that owns the claim must bring the action if an action is to be brought." Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

The claims TCCI has asserted against METROPOLITAN are claims that were assigned to TCCI by a METROPOLITAN insured. In order for TCCI to assert claims for PIP benefits, it was required to obtain an assignment of benefits from the METROPOLITAN insured. There is no arbitration agreement between METROPOLITAN and its insured. There is no arbitration agreement between TCCI and the METROPOLITAN insured. TCCI, as the insured's assignee "surely is in no worse position than its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. & Surety Co., 276 F. Supp. 791, 793 (S.D. N.Y. 1967). As the assignee, TCCI stands in the shoes of the METROPOLITAN insured. Since the METROPOLITAN insured cannot be compelled to arbitrate the claims asserted in this action, TCCI cannot be compelled to arbitrate the same claims.

II.   **THE INSURANCE POLICY BETWEEN METROPOLITAN AND ITS INSURED DOES NOT PROVIDE A BASIS TO COMPEL ARBITRATION AGAINST TCCI.**

In its Motion to Compel, METROPOLITAN erroneously asserts that the policy between METROPOLITAN and its insureds can provide a basis to compel a non-party to the policy to arbitrate claims against METROPOLITAN. This precise issue was raised and rejected by the Florida Supreme Court in Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000). In Appellants' Initial Brief in Pinnacle, the Appellant insurance companies specifically argued as follows:

7090-00100 336630.1

5



CASE NO. 00-6061-CIV-FERGUSON/SNOW

## REGARDLESS OF THE CONSTITUTIONALITY OF THE STATUTE, APPELLEES WERE BOUND TO ARBITRATE AS THIRD PARTY BENEFICIARIES OF THE INSURANCE CONTRACTS.

The Fifth District should not even have reached the constitutionality issue in this case, because there is a wholly independent reason that these providers should have been compelled to arbitrate. As discussed in detail above, section 627.736(5) statutorily implies such a binding arbitration provision in every PIP policy issued in this state. In this case, there is no question that each of the insurance contracts contained such a provision. The contracts themselves are sufficient to bind the providers to arbitrate regardless of the effect or validity of the statute.

It is well established that health care providers are third party beneficiaries of insurance contracts proving coverage for health care. See United States v. Automobile Club Insurance Company, 522 F.2d 1 (5th Cir. 1975); Vencor Hospitals South, Inc. v. Blue Cross and Blue Shield of Rhode Island, 929 F. Supp. 420 (S.D. Fla. 1996); Orion Insurance Company v. Magnetic Imaging Systems I, 696 So. 2d 475 (Fla. 3d DCA 1997); Pasteur Health Plan, Inc. v. Salazar, 658 So. 2d 543 (Fla. 3d DCA 1995).

It is likewise clear that third party beneficiaries are subject to the terms of the relevant contracts, including arbitration clauses. See Orion, 696 So. 2d at 478; Terminix International Co. v. Ponzio, 693 So. 2d 104, 109 (Fla. 1st DCA 1997); Zac Smith & Co. v. Moonspier Condominium Assoc., 472 So. 2d 1324 (Fla. 1st DCA 1985). See also Scobee Combs Funeral Home Inc. v. E.F. Hutton & Co., 771 F. Supp. 605 (S.D. Fla. 1989) (holding that parties were bound by an arbitration provision in National Association of Securities Dealers manual, regardless of the fact that no contract between them contained such a provision); Desiderio v. National Association of Securities Dealers, Inc., 2 F. Supp. 516 (S.D.N.Y. 1998) (execution of a U-4 SEC form "inherently represents an agreement to arbitrate" as mandated by the relevant statute, even if the form does not so state).

No argument has been raised that an insurer cannot include an arbitration clause in its policy. Thus, regardless of the validity or effect of the statutory arbitration provision in section 627.736(5), these Appellees should have been compelled to arbitration. The Fifth District's decision should be quashed as improperly holding a statute unconstitutional when the case could have resolved without reaching that issue.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Brief for Appellants at 28-30, Pinnacle, 753 So. 2d 55.[2] The Nationwide policy at issue in Pinnacle contained the following provision requiring arbitration:

**ARBITRATION/ASSIGNMENT OF BENEFITS**

If a dispute arises between **us** and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, the dispute shall be settled by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any **insured**, any and all claims to such benefits by the **insured** belong to the health care provider who has received the assignment. Priority of payment of this coverage shall be given to the assigned claims of which **the company** has written notice.[3]

The Florida Supreme Court rejected Nationwide's assertion that the contractual provision in its insurance policy required health care providers to arbitrate their claims. The Florida Supreme Court affirmed the decision of the Fifth District Court of Appeal which had affirmed a county court order denying motions to dismiss and to compel arbitration.

The Florida Supreme Court found Section 627.736(5), Florida Statutes ("Section 627.736(5)") unconstitutional. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. Thus, arbitration had been mandated pursuant to policy provisions. As mandated by Section 627.736(5), METROPOLITAN's policy contains an arbitration provision. An

---

[2] A true and correct copy of the relevant portions of the Initial Brief are attached hereto as Exhibit "1."

[3] A true and correct copy of the Nationwide policy provision is attached hereto as Exhibit "2."

CASE NO. 00-6061-CIV-FERGUSON/SNOW

arbitration provision was also included in the insurance policy at issue in Pinnacle. The Florida Supreme Court rejected the argument that the contractual language provides a basis to compel arbitration. If the contractual provision provided a basis to compel arbitration, the Florida Supreme Court would have used the provision to require arbitration notwithstanding the unconstitutionality of Section 627.736(5). Accordingly, METROPOLITAN's Motion to Compel Arbitration must be denied.

### III. TCCI DID NOT AGREE TO ARBITRATE ITS CLAIMS AGAINST METROPOLITAN.

There was no contract between METROPOLITAN and TCCI requiring TCCI to arbitrate claims against METROPOLITAN. The only agreement cited by METROPOLITAN is an agreement between METROPOLITAN and its insured. "Arbitration agreements are personal covenants usually binding only upon parties to the covenant." Federated Title Insurers, Inc. v. Ward, 538 So. 2d 890 (Fla. 4th DCA 1989); Karlen v. Golf & Western Indus., Inc., 336 So. 2d 461 (Fla. 3d DCA 1976). The METROPOLITAN policy does not contain a personal covenant on the part of the insured to arbitrate PIP claim disputes. The provision instead purportedly requires unknown assignees to arbitrate claims. There is no written agreement between METROPOLITAN and TCCI requiring TCCI to arbitrate such claims. Accordingly, there is no basis to assert that TCCI's claims are subject to arbitration.

METROPOLITAN's assertion that since TCCI has asserted a claim as a third-party beneficiary to the contract, he is required to arbitrate his claims, is also misplaced. It is well established that contract restrictions against assignment of an accrued benefit are unenforceable. Aldana v. Colonial Palms Plaza, Ltd., 591 So. 2d 953 (Fla. 3d DCA 1991); Paley v. Cocoa Masonry,

7090-00100 336630.1
8



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Inc., 433 So. 2d (Fla. 2d DCA 1983); Cordis Corp. v. Sonics Int'l, Inc., 427 So. 2d 782 (Fla. 3d DCA 1983). In addition, the assignment of benefits does not cast upon the assignee obligations imposed by the contract on the assignor. Jenkins v. City Ice & Fuel Co., 118 Fla. 795, 160 So. 215 (Fla. 1935); Sans Souci v. Division of Florida Land Sales & Condominiums, 448 So. 2d 1116 (Fla. 1st DCA 1984) (assignment normally involves the assignee's assuming rights, not obligations of assignor); Dependable Ins. Co. v. Landers, 421 So. 2d 175 (Fla. 5th DCA 1982) (unless assignee assumes the assignor's liabilities or duties, assignee is not affirmatively liable). "The right of an assignee to sue for breach of contract to enforce assigned rights predates the Florida Constitution." Pinnacle, 753 So. 2d at 57.

There is no arbitration agreement between METROPOLITAN and its insured. TCCI, as the insured's assignee "surely is in no worse position that its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp., 276 F. Supp. at 793. Thus, if METROPOLITAN's insured desired to assert a claim against METROPOLITAN for its failure to pay PIP benefits, the insured would be entitled to assert those claims in Court. A health care provider that receives an assignment "stands in the shoes" of an assignor-insured. Since the METROPOLITAN assignor-insured cannot be compelled to arbitrate, the health care provider similarly cannot be compelled to arbitrate. Otherwise, additional conditions and penalties are imposed upon an assignee which are not imposed on the assignor. For example, an assignment of benefits does not require the health care provider to subsequently make premium payments required under the policy. Those obligations remain obligations of the insured since only the benefits were assigned. Further, if a health care provider



assigns the rights back to the insured, the insured would not be required to arbitrate. Based upon the foregoing, METROPOLITAN cannot assert that the assignment of benefits requires arbitration.

Consistent with TCCI's argument, subsequent to Pinnacle, courts have denied efforts by insurance companies to compel arbitration. See Consortium for Diagnostics, Inc. v. Cigna Ins. Co., 781 So. 2d 1128 (Fla. 3d DCA 2001); Magnetic Imaging Systems I, Ltd. v. Auto-Owners Ins. Co., 775 So. 2d 348 (Fla. 3d DCA 2000); Union American, 765 So. 2d 227; Progressive Express Ins. Co. v. MTM Diagnostics, Inc., 754 So. 2d 150 (Fla. 2d DCA 2000). These courts have quashed orders requiring arbitration. Section 627.736(5) required the Cigna, Auto-Owners, Union American, and Progressive policies to contain the same arbitration provision as the one contained in the METROPOLITAN policy. Despite the arbitration provisions in the policies, orders requiring arbitration were quashed based on Pinnacle. Thus, METROPOLITAN's Motion to Compel Arbitration should also be denied.

## CONCLUSION

For all the reasons set forth herein, Plaintiff THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated, respectfully requests that this Court enter an Order denying Defendant METROPOLITAN CASUALTY INSURANCE COMPANY's Motion to Compel Arbitration, together with such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
THE CHIROPRACTIC CENTRE, INC.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

7090-00100 336630.1

11

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 2nd day of November, 2001 upon all individuals on the attached service list.

_____
ERIC LEE

FILED
SID J. WHITE
FEB 3 1999
CLERK, SUPREME COURT
By_____
Chief Deputy Clerk

IN THE SUPREME COURT
STATE OF FLORIDA
TALLAHASSEE, FLORIDA

DELTA CASUALTY COMPANY,
NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY AND BANKERS INSURANCE
COMPANY,

    Appellants,

v.

PINNACLE MEDICAL, INC., etc.,
and M&M DIAGNOSTICS, INC., et al.,

    Appellees.

CASE NOS.: 94,494
94,539

---

INITIAL BRIEF OF APPELLANTS

JOINTLY FILED BY DELTA CASUALTY COMPANY,
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
AND BANKERS INSURANCE COMPANY

---

| | |
|---|---|
| CLAY W. SCHACHT, ESQUIRE<br>Florida Bar No.: 0043834<br>Jack, Wyatt, Tolbert &<br>  Turner, P.A.<br>Post Office Box 948600<br>Maitland, Florida 32794-8600<br>Attorneys for Delta Casualty<br>Company | TRACY RAFFLES GUNN, ESQUIRE<br>Florida Bar No.: 984371<br>Fowler, White, Gillen, Boggs,<br>  Villareal and Banker, P.A.<br>Post Office Box 1438<br>Tampa, Florida 33601<br>Attorneys for Nationwide<br>Mutual Fire Insurance Company |
| BRIAN D. DEGAILLER, ESQUIRE<br>Florida Bar No.: 283703<br>Litchford & Christopher, P.A.<br>Post Office Box 1549<br>Orlando, Florida 32802<br>Attorneys for Bankers<br>Insurance Company | CHRISTOPHER S. REED, Esquire<br>Jack, Wyatt, Tolbert &<br>  Turner, P.A.<br>Post Office Box 948600<br>Maitland, Florida 32794-8600<br>Co-Counsel for Nationwide<br>Mutual Fire Insurance Company |

Exhibit "1"

construction contracts and labor regulations that impact employment contracts to FCC regulations that impact broadcasting contracts.

The Fifth District apparently recognized this fact, because the majority opinion discounts this voluntary bargain analysis by assuming that certain health care providers are economically forced to take assignments of benefits to stay in business. As discussed in detail above, this assumption was not only unsupported by any record facts but was a wholly improper expansion of a court's proper role in evaluating the validity of a statute. The Legislature is given the authority to make policy and to generalize that policy to apply to all similarly situated persons. The courts cannot invalidate a statute by surmising some exceptional and unproven facts that may or may not apply to an individual affected by the statute. Of course, this is particularly true in addressing a facial challenge.

The fact that these providers are only subject to the arbitration clause as a result of their voluntary acceptance of assignments of benefits applies equally to dispel all constitutional challenges raised herein. To the extent that their rights have been impaired, that impairment resulted from their decision to accept an assignment, not from the statute.

II.  **REGARDLESS OF THE CONSTITUTIONALITY OF THE STATUTE, APPELLEES WERE BOUND TO ARBITRATE AS THIRD PARTY BENEFICIARIES OF THE INSURANCE CONTRACTS.**

The Fifth District should not even have reached the constitutionality issue in this case, because there is a wholly independent reason that these providers should have been compelled

28

to arbitrate. As discussed in detail above, section 627.736(5) statutorily implies such a binding arbitration provision in every PIP policy issued in this state. In this case, there is no question that each of the insurance contracts contained such a provision. The contracts themselves are sufficient to bind the providers to arbitrate regardless of the effect or validity of the statute.

It is well established that health care providers are third party beneficiaries of insurance contracts providing coverage for health care. See United States v. Automobile Club Insurance Company, 522 F.2d 1 (5th Cir. 1975); Vencor Hospitals South, Inc. v. Blue Cross and Blue Shield of Rhode Island, 929 F.Supp. 420 (S.D. Fla. 1996); Orion Insurance Company v. Magnetic Imaging Systems I, 696 So. 2d 475 (Fla. 3d DCA 1997); Pasteur Health Plan, Inc. v. Salazar, 658 So. 2d 543 (Fla. 3d DCA 1995).

It is likewise clear that third party beneficiaries are subject to the terms of the relevant contracts, including arbitration clauses. See Orion, 696 So. 2d at 478; Terminix International Co. v. Ponzio, 693 So. 2d 104, 109 (Fla. 1st DCA 1997); Zac Smith & Co. v. Moonspier Condominium Assoc., 472 So. 2d 1324 (Fla. 1st DCA 1985). See also Scobee Combs Funeral Home Inc. v. E.F. Hutton & Co., 711 F.Supp. 605 (S.D. Fla. 1989) (holding that parties were bound by an arbitration provision in National Association of Securities Dealers manual, regardless of the fact that no contract between them contained such a provision); Desiderio v. National Association of Securities Dealers, Inc., 2

F.Supp.2d 516 (S.D.N.Y. 1998) (execution of a U-4 SEC form "inherently represents an agreement to arbitrate" as mandated by the relevant statute, even if the form does not so state).

No argument has been raised that an insurer cannot include an arbitration clause in its policy. Thus, regardless of the validity or effect of the statutory arbitration provision in section 627.736(5), these Appellees should have been compelled to arbitration. The Fifth District's decision should be quashed as improperly holding a statute unconstitutional when the case could have resolved without reaching that issue.

### III. THE PREVAILING PARTY ATTORNEYS' FEE PROVISION IN SECTION 627.736 IS CONSTITUTIONAL.

In addition to invalidating the arbitration requirement of the PIP statute, the Fifth District also held that the prevailing party attorneys' fee provision was unconstitutional. Although the court's discussion of the attorneys' fee issue is somewhat sparse, the primary basis for the holding is the fact that medical providers who accept an assignment of benefits are subject to a prevailing party fees provision, while insureds' direct claims are governed by Florida Statutes section 627.428, which allows the insured to recover fees from the insurer but provides no right of recovery for a prevailing insurance carrier in disputes directly with an insured or beneficiary. Like the analysis applied to the arbitration provision, the majority opinion in the Fifth District concludes that such a distinction between providers and insureds is "discriminatory."

30



# Nationwide's Century II Auto Policy

## Auto insurance protection you can count on in a policy you can understand

This is an insurance policy that is readable, easy to understand and straightforward. You have purchased the best auto insurance—backed by the best in policyholder service. Our commitment to you is to keep it the best.

Please take a few minutes to read and see what's inside your Century II policy.

Should you have an accident or loss—and we hope you don't—just call us at once. Our claims service starts then. The telephone number to call is listed on your Nationwide identification card, or you may get in touch with any local claims office.

If you have any questions about this policy, or any part of your insurance program, your sales representative will welcome your call any time.

Thank you for letting Nationwide be on your side.

## YOUR GUIDE TO PROTECTION

INSURING AGREEMENT .................................................... 2
DEFINITIONS—Key Policy Words ........................................... 2
TERRITORY—Where Your Protection Applies ................................ 3
COVERAGES
    Physical Damage (Comprehensive, Collision, Towing and Labor) ............ 3
    Auto Liability (for Property Damage and Bodily Injury) ................. 6
    Personal Injury Protection ............................................ 10
    Medical Payments .................................................... 12
    Uninsured Motorists (Stacked) ........................................ 15
GENERAL CONDITIONS
    Insured's Duties After an Accident or Loss ............................ 19
    Unauthorized Use ..................................................... 19
    How Your Policy May Be Changed ....................................... 19
    If You Become Bankrupt .............................................. 19
    Our Right to Recover from Others (Subrogation) ....................... 20
    Policy Renewal ...................................................... 20
    Non-Renewal ......................................................... 20
    Your Right and Our Right to Cancel .................................. 20
    Legal Action Limitations ............................................ 21
    Mediation ........................................................... 21
    Fraud ............................................................... 22
    Our Installment Premium Plan ........................................ 22
MUTUAL POLICY CONDITIONS—Nationwide Mutual Insurance Company—
                                         Nationwide Mutual Fire Insurance Company ...... 22

Nationwide Mutual Insurance Company . Nationwide Property and Casualty Insurance Company
Nationwide Mutual Fire Insurance Company/Home Office: Columbus, Ohio 43215-2220

FA-6169-B  (3-00)

Exhibit "5"

## personal injury protection
(continued)

### INSURED PERSONS' DUTIES

1. The insured or someone on the insured's behalf will report any accident to us in writing as soon as practical.
2. As soon as practicable, the insured will submit written proof of claim to us, under oath if we request. This proof must include details of:
   a) the nature and extent of injuries;
   b) treatment received and contemplated; and
   c) any other facts which could affect the types and amounts of benefits payable.
3. The insured must submit to examinations by physicians we select, as often as we reasonably require. If the insured unreasonably refuses to submit to a physical examination we request, we will not be liable for subsequent benefits which would be payable under this coverage.

### SPECIAL PROVISION FOR RENTED OR LEASED VEHICLES

This coverage provides, subject to its terms, Personal Injury Protection for accidental bodily injury of an insured that arises out of the use, ownership or maintenance of a rented or leased motor vehicle. This special provision applies only to losses occurring within the state of Florida. However, unless otherwise stated in bold type on the face of the rental or lease agreement, the Personal Injury Protection coverage afforded under the renter's or lessor's policy will be primary.

### ARBITRATION/ASSIGNMENT OF BENEFITS

If a dispute arises between us and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, the dispute shall be settled by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any insured, any and all claims to such benefits by the insured belong to the health care provider who has received the assignment. Priority of payment of this coverage shall be given to the assigned claims of which the company has written notice.

### ASSIGNABILITY

No interest in this coverage can be transferred without our written consent. However, if the policyholder dies, this coverage will stay in force for the rest of the policy period for those persons who were entitled to coverage at the time of death.

## medical payments
(medical expenses payable regardless of fault)



### COVERAGE AGREEMENT

This coverage provides benefits over and above any available Personal Injury Protection benefits. We will pay:

1. Reasonable expenses incurred for necessary medical and funeral services for:
   a) you; or
   b) any relative;

   for accidental bodily injury suffered while occupying your auto. The expenses must be incurred within one year following the accident. However, when Personal Injury Protection benefits apply to the same accident, the one-year time limit will begin when Personal Injury Protection benefits are exhausted.

2. The portion of any claim for Personal Injury Protection medical benefits which is otherwise covered but is not payable due to the coinsurance provision for Medical Expenses benefits. This applies regardless of whether the full amount of Personal Injury Protection coverage has been exhausted. This does not include the amount of any Personal Injury Protection deductible which has been selected.

3. Up to the limits stated in the policy Declarations.

4. Regardless of who is at fault in the accident.

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

ATLAS PEARLMAN

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823.1

