UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN,

Defendants.

_______________________________________/

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,

Plaintiff,

CASE NO. 01-8111-CIV-FERGUSON

vs.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

Defendant.

_______________________________________/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO HARTFORD'S MOTION TO DISMISS THE COMPLAINT (D.E. #217)**

Plaintiff SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similar situated ("LARUSSO"), by his undersigned counsel, hereby submits his Memorandum of Law in Opposition to Defendant HARTFORD INSURANCE COMPANY OF THE MIDWEST's ("HARTFORD") Motion to Dismiss the Complaint (D.E. #





217). For all the reasons set forth herein, LARUSSO respectfully submits that HARTFORD's Motion to Dismiss should be denied in all respects.

## ARGUMENT

HARTFORD's Motion to Dismiss is identical to the Motions to Dismiss this Court has already denied. The claims asserted by LARUSSO against HARTFORD are identical to the claims asserted by LARUSSO against LIBERTY MUTUAL in Case No. 00-7692-CIV-FERGUSON and are identical to the claims asserted by Plaintiff DR. PAUL ZIDEL in Zidel v. Allstate Ins. Co., Case No. 00-6061-CIV-FERGUSON. The claims asserted by LARUSSO against HARTFORD have also been asserted by Plaintiff MARC J. BROWNER, D.C. in Browner v. Allstate Indemnity Co., Case No. 00-7163-CIV-FERGUSON and by Plaintiff KEITH BRICKELL, D.C. in Brickell v. Progressive Express Insurance Co., et. al., Case No. 00-6649-CIV-FERGUSON. At a May 14, 2001 status conference, this Court orally ruled that it was denying all pending motions to dismiss, with the exception of the Lanham Act counts. Based on this Court's oral ruling, on June 26, 2001, HARTFORD served its Unopposed Motion for Extension of Time in which to serve its response to the Complaint. HARTFORD's Unopposed Motion specifically requested an enlargement until this Court entered a written order on the matters addressed at the May 14, 2001 status conference. LARUSSO agreed to such an extension of time because of the fact that once this Court entered its Order denying the pending motions to dismiss, HARTFORD would then answer the Complaint filed against it.

This Court's September 28, 2001 Omnibus Order denied the Motions to Dismiss from Cases 00-6061, 00-6649, 00-7163, and 00-7692, except as to the Lanham Act counts. The claims asserted





by LARUSSO against HARTFORD are identical to the claims which this Court has already determined to state valid causes of action. This Court has already denied Motions to Dismiss these claims. These issues were extensively briefed and rather than restate arguments previously asserted, LARUSSO adopts to the various memoranda of law filed in opposition to the Motions to Dismiss in Case No. 00-6649 (D.E. # 38 and D.E. # 47); Case No. 00-7163 (D.E. # 32 and D.E. # 47); and Case No. 00-6061 (D.E. # 38 and D.E. # 37). These memoranda, along with the oral arguments held before this Court on the various Motions to Dismiss fully, addressed the issues once again raised by HARTFORD. Based on the fact that this Court has already denied Motions to Dismiss identical claims in the other actions, HARTFORD's Motion to Dismiss should be similarly denied.

Not only should HARTFORD's Motion to Dismiss be denied based on this Court's September 28, 2001 Omnibus Order, but a significant number of cases have been decided during the past year which have found that the utilization of PPO reductions by insurance companies without offering a PPO insurance policy and without complying with Section 627.736(10), Florida Statutes, is invalid and illegal. In the following cases, summary judgment has been entered against insurance companies based on their illegal reduction of PIP benefit claims based on a purported PPO reduction:

1. David W. Ice v. Progressive Bayside Insurance Company, Case No. 98-12491-COCE-53, Broward County Court;

2. Dr. Jeffrey N. Shebovsky v. Peachtree Casualty Insurance Company, Case No. CCO 99-9723 DIV 71, Orange County Court;

3. Arcadia Chiropractic Clinic, Inc. v. Progressive Express Ins. Co., Case No. 00-0166 CC, DeSoto County Court;





4. Arcadia Chiropractic Clinic, Inc. v. Progressive Express Ins. Co., Case No. 00-0167 CC, DeSoto County Court;

5. Arcadia Chiropractic Clinic, Inc. v. Allstate Insurance Company, Case No. 00-0168 CC, DeSota County Court;

6. Larusso v. Nationwide Property & Casualty Insurance, Case No. MS-01-9820-RJ, Palm Beach County Court;

7. Larusso v. Nationwide Property & Casualty Insurance, Case No. MS-01-9821-RJ, Palm Beach County Court;

8. Frank Lanzisera, D.C. vv. Progressive Express Insurance Company, Case No. 2001 SC 1954, Manatee County Court.

9. Frank Lanzisera, D.C. vv. Progressive Express Insurance Company, Case No. 2001 SC 1605, Manatee County Court.

10. Frank Lanzisera, D.C. vv. Progressive Express Insurance Company, Case No. 1636 SC 1636, Manatee County Court.

11. Ortho Associates, P.A. v. Nationwide Property & Casualty Insurance, Case No. 01-010592 COCE 55, Broward County Court;

12. Fishman & Stashak, M.D., P.A. v. Progressive Bayside Insurance Company, Case No. 01-11619 COCE 50, Broward County Court.[1]

In addition to the numerous cases which have specifically found that the PPO reduction scheme utilized by HARTFORD violates Florida law, the Eleventh Circuit has recently found silent

---

[1] A true and correct copy of the Orders entered in these cases are attached hereto as Composite Exhibit "1."

PPO schemes, such as the scheme utilized by HARTFORD, to be invalid. In HCA Health Services of Georgia, Inc. v. Employees' Health Ins. Co., 240 F.3d 982 (11th Cir. 2001), the Court went to great lengths to explain how a discounted fee scheme damages not only the health care provider, but also damages the insured. Since HCA was determined under the heightened standards of the Employment Retirement Income Security Act, its application in these proceedings is even more compelling. Silent PPOs are not valid in this circuit and HARTFORD's Motion to Dismiss should be denied.

As to HARTFORD's arguments relating to LARUSSO's class action claims, LARUSSO respectfully submits that such arguments should be asserted in opposition to LARUSSO's pending Motion for Class Certification. As fully set forth in LARUSSO's Motion for Class Certification, LARUSSO's claims are appropriate for class action treatment. Court's have routinely granted class certification in actions where there has been a systematic violation of Section 627.736, Florida Statutes, See Allstate Indem. Co. v. De La Rossa, 2001 WL 1040929 (Fla. 3d DCA September 12, 2001); Colonial Penn Ins. Co. v. Magnetic Imaging Systems I, Ltd., 694 So. 2d 852 (Fla. 3d DCA 1997). Thus, HARTFORD's assertions are misplaced.

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all other similarly situated, respectfully requests that this Court enter an Order denying Defendant HARTFORD INSURANCE COMPANY OF THE MIDWEST's Motion to Dismiss, together with such other and further relief as this Court may deem just and proper.





Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
SALVATORE D. LARUSSO, D.C.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By:______________________
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By:______________________
ERIC LEE
Florida Bar No. 961299

By:______________________
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 2nd day of November, 2001 upon all individuals on the attached service list.

ERIC LEE





IN THE COUNTY COURT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 98-12491 COCE 53

DAVID W !CE,

Plaintiff,

vs.

PROGRESSIVE BAYSIDE
INSURANCE COMPANY,

Defendant.

**ORDER ON PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS CAUSE having come on to be heard on the Plaintiff's Motion for Partial Summary Judgment as to Count I of the Amended Complaint, and the Court having reviewed all of the Memoranda filed by the parties, the Affidavits submitted in opposition to the motion and all other items of record, and having heard argument of counsel on October 23, 2000 and again on December 5, 2000, and being otherwise advised in the premises, it is hereupon

ORDERED and ADJUDGED that Plaintiff's Motion for Partial Summary Judgment as to Count I for Declaratory Relief is hereby granted and this Court finds:

1. That the provisions of Section 627.736(10), Florida Statutes, provide the exclusive means by which an insurance company can pay preferred provider rates (PPO rates) on Florida personal injury protection automobile coverage

2. That an insurance company cannot, by the artifice of erecting a buffer or middleman, such as Medview in this case, avoid the mandate of Section 627.736(10), Florida Statutes.

3. If any insurance company, such as the Defendant, PROGRESSIVE, in this case, does not comply with all of the requirements of Florida Statute 627.736(10), then full PIP benefits of 80% of reasonable and necessary medical expenses must be paid

4. Any agreement or arrangement that the Defendant had with the Florida Department of Insurance which allowed the Defendant to pay PPO rates to or on behalf of an insured who did not elect to purchase a PPO PIP policy, goes directly against the Statutory Mandate and the argument that this Court give deference to what the Department of

Insurance says or does in terms of interpretation of the Statute is unavailing here.

DONE AND ORDERED in Chambers at Broward County, Florida, this 12 day of December, 2000.

WILLIAM W. HERRING

COUNTY COURT JUDGE

A TRUE COPY

Copies furnished:

Ronald F. Shapiro, Esq.
Francis Anania, Esq.
Larry Kopelman, Esq.
Donald Blackwell, Esq.

**IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

CASE NO: CCO 99-9723 DIV 71

DR. JEFFREY N. SHEBOVSKY d/b/a
SOUTH ORANGE CHIROPRACTIC CENTER
(Glenn Jeffers)

Plaintiff

V.

PEACHTREE CASUALTY INSURANCE COMPANY

Defendant

_______________________________________/

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS CAUSE having come on to be heard on Plaintiff's Motion for Partial Summary Judgment as to Count I, Declaratory Judgment Count, and the Court having reviewed the Motion and being otherwise advised in the Premises, it is hereupon,

ORDERED AND ADJUDGED that the contract entered into between Jeffrey N. Shebovsky, D.C. and MedView Services, Inc., which was attached to the motion as Exhibit "A", is not ambiguous and the court interprets the contract in accordance with its plain meaning and finds that the contract does not apply to Personal Injury Protection claims under the No Fault Statute, but rather the terms and conditions of the contract applies to Group Health Benefits, and Worker's Compensation Programs. The Court further finds that Peachtree Casualty Insurance Company was not a party to this contract and not a "Third Party Payor" as defined in the agreement. Therefore, Peachtree Casualty Insurance Company had no privity of contract and no standing to reduce the medical bills submitted by the Plaintiff, for the treatment of Glenn Jeffers, pursuant to this contract. In addition, the Court finds that Peachtree Casualty did not follow the dictates of F.S. 627.736 (10), and could

FROM : KOPELMAN & BLANKMAN, P.A. FAX NO. : 954 462 6899 Dec. 27 2000 11:21AM P2

not reduce the Plaintiff's medical bills as it did not have a preferred provider policy as required by that statute. The No Fault Statute is unique and is to be construed in favor of the insured and not the insurer. Florida Statute 627.736 (10) allows a specific method for insurers to take Preferred Provider reductions and this methodology must be followed by the insurer if the insurer wants to take Preferred Provider reductions. Peachtree's failure to comply with subsection (10) prohibits the taking of these reductions.

As further relief, the Court finds that Peachtree Casualty Insurance Company does not have the right to tender in evidence the MedView agreement marked as Exhibit "A", or any evidence as to Preferred Provider rates or any other rates pertaining to group insurance, worker's compensation insurance program, or any other insurance or program referred to in the MedView agreement as said agreement is not relevant and material to this case. Accordingly, the Court grants Plaintiff's Motion for Partial Summary Judgment as to Count I of the Complaint and denies the Defendant's Motion for Summary Judgment. The Court reserves jurisdiction to award reasonable attorney's fees and costs.

DONE AND ORDERED, in Chambers Orlando, Orange County, Florida, this 20 day of Dec., 2000.

Jerry L Brewer

JUDGE OF THE COUNTY COURT

cc: Laura M. Watson, Esq.
David A. Finley, Esq.

IN THE COUNTY COURT
IN AND FOR DESOTO COUNTY, FLORIDA

ARCADIA CHIROPRACTIC CLINIC, INC., as assignee of Toni Stombaugh, the parent and natural guardian of Kiona Duenas,

Plaintiff,

vs. CASE NO. 00-0166 CC

PROGRESSIVE EXPRESS INSURANCE COMPANY,

Defendants.
_______________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II**

This matter is before the Court on the Plaintiff's Motion for Summary Judgment as to Count II of the Complaint. The Court has carefully reviewed the Complaint, the Motion, the court file and all other items of record, heard the argument of counsel, and is otherwise fully advised in the premises.

The Court finds that the provisions of Fla. Stat. §627.736(10) provide the only means by which an insurer in Florida may pay "preferred provider" (PPO) rates for personal injury protection (PIP) coverage on a motor vehicle policy. The insured, Toni Stombaugh, the parent and natural guardian of Kiona Duenas, did not purchase a "preferred provider" policy from the Defendant. The Defendant issued a standard non-PPO automobile insurance policy to Toni Stombaugh providing PIP coverage.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment as to Count II is **GRANTED.** It is further,

**ORDERED AND ADJUDGED** that the Defendant, Progressive Express Insurance Company, shall pay to the Plaintiff, Arcadia Chiropractic Clinic, Inc., 80% of all reasonable and necessary expenses for medical services provided by the Plaintiff to the insured. *See* Fla. Stat. §627.736(1)(a).

**DONE and ORDERED** in Chambers in Arcadia, DeSoto County, Florida, this 16 day of Feb, 2001.

Donald T. Hall, County Judge

**Copies to:**

Robert D. Adams, Esq.
101 East Kennedy Boulevard
Suite 2175
Tampa, Florida 33602

A. Casey Fundaro, Esq.
1100 Fifth Avenue South
Suite 201
Naples, Florida 34102

IN THE COUNTY COURT
IN AND FOR DESOTO COUNTY, FLORIDA

ARCADIA CHIROPRACTIC CLINIC, INC., as assignee of James L. Williams,

Plaintiff,

vs. CASE NO. 00-0167 CC

PROGRESSIVE EXPRESS INSURANCE COMPANY,

Defendants.
______________________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II**

This matter is before the Court on the Plaintiff's Motion for Summary Judgment as to Count II of the Complaint. The Court has carefully reviewed the Complaint, the Motion, the court file and all other items of record, heard the argument of counsel, and is otherwise fully advised in the premises.

The Court finds that the provisions of Fla. Stat. §627.736(10) provide the only means by which an insurer in Florida may pay "preferred provider" (PPO) rates for personal injury protection (PIP) coverage on a motor vehicle policy. The Insured, James L. Williams, did not purchase a "preferred provider" policy from the Defendant. The Defendant issued a standard non-PPO automobile insurance policy to James L. Williams providing PIP coverage.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment as to Count II is **GRANTED**. It is further,

**ORDERED AND ADJUDGED** that the Defendant, Progressive Express Insurance Company, shall pay to the Plaintiff, Arcadia Chiropractic Clinic, Inc., 80% of all reasonable and necessary expenses for medical services provided by the Plaintiff to the insured. *See* Fla. Stat. §627.736(1)(a).

**DONE and ORDERED** in Chambers in Arcadia, DeSoto County, Florida. this 16 day of Feb, 2001.

Donald T. Hall, County Judge

**Copies to:**

Robert D. Adams, Esq.
101 East Kennedy Boulevard
Suite 2175
Tampa, Florida 33602

A. Casey Fundaro, Esq.
1100 Fifth Avenue South
Suite 201
Naples, Florida 34102

IN THE COUNTY COURT
IN AND FOR DESOTO COUNTY, FLORIDA

**ARCADIA CHIROPRACTIC CLINIC, INC., as assignee of June L. Hamrick,**

**Plaintiff,**

**vs.** **CASE NO. 00-0168 CC**

**ALLSTATE INSURANCE COMPANY,**

**Defendants.**

______________________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II**

This matter is before the Court on the Plaintiff's Motion for Summary Judgment as to Count II of the Complaint. The Court has carefully reviewed the Complaint, the Motion, the court file and all other items of record, heard the argument of counsel, and is otherwise fully advised in the premises.

The Court finds that the provisions of Fla. Stat. §627.736(10) provide the only means by which an insurer in Florida may pay "preferred provider" (PPO) rates for personal injury protection (PIP) coverage on a motor vehicle policy. The insured, June L. Hamrick, did not purchase a "preferred provider" policy from the Defendant. The Defendant issued a standard non-PPO automobile insurance policy to June L. Hamrick providing PIP coverage.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment as to Count II is **GRANTED**. It is further,

**ORDERED AND ADJUDGED** that the Defendant, Allstate Insurance Company, shall pay to the Plaintiff, Arcadia Chiropractic Clinic, Inc., 80% of all reasonable and necessary expenses for medical services provided by the Plaintiff to the insured. *See* Fla. Stat. §627.736(1)(a).

**DONE and ORDERED** in Chambers in Arcadia, DeSoto County, Florida, this 27 day of June, 2001.

/S/ Don T. Hall
**Donald T. Hall, County Judge**

**Copies to:**

Lori J. Caldwell, Esq.
David B. Shelton, Esq.
c/o Rumberger, Kirk & Caldwell
Post Office Box 1873
Orlando, Florida 32802-1873

A. Casey Fundaro, Esq.
1100 Fifth Avenue South
Suite 201
Naples, Florida 34102

**IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA**

CASE NO.: MS-01-9820-RJ

S.D. LARUSSO, D.C., P.A. and
SALVATORE D. LARUSSO, D.C,,
(Antoinette Gilkes, Patient),
Plaintiff (s)

vs.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE.
Defendant (s)
_______________________________/

**ORDER**

**THIS MATTER** came before the Court on October 18, 2001 on Plaintiff's Motion for Summary Disposition pursuant to Florida Small Claim Rule 7.135. The Court heard arguments of counsel for both parties and both parties had submitted legal authority to the Court prior to the hearing . Based upon the foregoing, it is thereupon:

ORDERED AND ADJUDGED that the Court Grants Plaintiff's Motion for Summary Disposition and finds that the Defendant, Nationwide Property and Casualty Insurance, is not entitled to take PPO reductions in the payment of Automobile PIP benefits without having sold a PPO-PIP policy to the insured and/or without complying with the requirements of FS 627.736(10).

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida on this _____day of October, 2001 SIGNED & DATED

OCT 2 2 2001
______________________
Peter M. Evans
County Court Judge
JUDGE PETER EVANS

Copies furnished:

Douglas A. Blankman, Esq.
Kopelman & Blankman, P.A.
One Financial Plaza - Suite 2510
Ft. Lauderdale, Florida 33394

Patrick Neil, Esq.
Fowler, White, Gillens et al
P. O. Box 210
St. Petersburg, Florida 33731

019820.ord2

Oct 24 01 11:05a KOPELMAN & BLANKMAN 954-462-6899 p.2

**IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA**

CASE NO.: MS-01-9821-RJ

S.D. LARUSSO, D.C., P.A. and
SALVATORE D. LARUSSO, D.C,,
( Sara Weiss, Patient),
Plaintiff (s)

vs.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE.
Defendant (s)
_______________________________/

**ORDER**

**THIS MATTER** came before the Court on October 18, 2001 on Plaintiff's Motion for Summary Disposition pursuant to Florida Small Claim Rule 7.135. The Court heard arguments of counsel for both parties and both parties had submitted legal authority to the Court prior to the hearing . Based upon the foregoing, it is thereupon:

ORDERED AND ADJUDGED that the Court Grants Plaintiff's Motion for Summary Disposition and finds that the Defendant, Nationwide Property and Casualty Insurance, is not entitled to take PPO reductions in the payment of Automobile PIP benefits without having sold a PPO-PIP policy to the insured and/or without complying with the requirements of FS 627.736(10).

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida on this _____day of October, 2001.

SIGNED & DATED

OCT 22 2001

~~JUDGE PETER M. EVANS~~
Peter M. Evans
County Court Judge

Copies furnished:

Douglas A. Blankman, Esq.
Kopelman & Blankman, P.A.
One Financial Plaza - Suite 2510
Ft. Lauderdale, Florida 33394

Patrick Neil, Esq.
Fowler, White, Gillens et al
P. O. Box 210
St. Petersburg, Florida 33731

019821.ord

Oct 24 01 11:05a KOPELMAN & BLANKMAN 954-462-6899 p.3

IN THE COUNTY COURT OF MANATEE COUNTY, FLORIDA

FRANK P. LANZISERA, D.C. d/b/a
THE CHIROPRACTIC CENTRE, P.A.,
as assignee of THERESA ANDERSON,
Plaintiff,

vs. Case No.: 2001 SC 1594

PROGRESSIVE EXPRESS
INSURANCE COMPANY,
Defendant.
_________________________________________/

**ORDER**

**THIS CAUSE** having come to be heard before this Court on August 16, 2001 and on October 4, 2001, upon Plaintiff's Motion for Summary Judgment, and the Court having heard argument from counsel, reviewed Memorandum of Law, finds that no genuine issue of any material fact exists and as a matter of law a Summary Judgment is granted, declaring that the Defendant has violated F.S. 627.736(1)(a), F.S. 627.736(10) and the express terms of the non-PPO PIP policy. It is therefore

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment is hereby **GRANTED.**

**DONE AND ORDERED** in Bradenton, Manatee County, Florida this 12th day of October, 2001.

S/ Frederick A. De Furia
FREDERICK A. De FURIA
SENIOR JUDGE

IN THE COUNTY COURT OF MANATEE COUNTY, FLORIDA

**FRANK P. LANZISERA, D.C. d/b/a**
**THE CHIROPRACTIC CENTRE, P.A.,**
**as assignee of DAWN PEIRCE,**
**Plaintiff,**

**vs.** **Case No.: 2001 SC 1605**

**PROGRESSIVE EXPRESS**
**INSURANCE COMPANY,**
**Defendant.**
__________________________________/

**ORDER**

**THIS CAUSE** having come to be heard before this Court on August 16, 2001 and on October 4, 2001, upon Plaintiff's Motion for Summary Judgment, and the Court having heard argument from counsel, reviewed Memorandum of Law, finds that no genuine issue of any material fact exists and as a matter of law a Summary Judgment is granted, declaring that the Defendant has violated F.S. 627.736(1)(a), F.S. 627.736(10) and the express terms of the non-PPO PIP policy. It is therefore

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment is hereby **GRANTED.**

**DONE AND ORDERED** in Bradenton, Manatee County, Florida this [illegible] day of October, 2001.

S| Frederick A. De Furia

**FREDERICK A. De FURIA**
**SENIOR JUDGE**

Oct 22 01 11:23a KOPELMAN & BLANKMAN 954-462-6899 p.4

**IN THE COUNTY COURT OF MANATEE COUNTY, FLORIDA**

**FRANK P. LANZISERA, D.C. d/b/a**
**THE CHIROPRACTIC CENTRE, P.A.,**
**as assignee of JAMES MARTIN,**
**Plaintiff,**

**vs.** **Case No.: 2001 SC 1636**

**PROGRESSIVE EXPRESS**
**INSURANCE COMPANY,**
**Defendant.**

______________________________________/

**ORDER**

**THIS CAUSE** having come to be heard before this Court on August 16, 2001 and on October 4, 2001, upon Plaintiff's Motion for Summary Judgment, and the Court having heard argument from counsel, reviewed Memorandum of Law, finds that no genuine issue of any material fact exists and as a matter of law a Summary Judgment is granted, declaring that the Defendant has violated F.S. 627.736(1)(a), F.S. 627.736(10) and the express terms of the non-PPO PIP policy. It is therefore

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment is hereby **GRANTED.**

**DONE AND ORDERED** in Bradenton, Manatee County, Florida this 9th day of October, 2001.

[signature]
**FREDERICK A. De FURIA**
**SENIOR JUDGE**

IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO: 01-010592 COCE 55

ORTHO ASSOCIATES, P.A., d/b/a
PARK PLACE THERAPEUTIC CENTER,
and PARK PLACE ORTHOPAEDICS &
REHABILITATION, a Florida Professional
Association, (Pat Braddy, Patient)

Plaintiff,

vs.

NATIONWIDE PROPERTY & CASUALTY
INSURANCE,

Defendant.

_____________________________________/

**ORDER**

THIS CAUSE having come on to be heard on Plaintiff, ORTHO ASSOCIATES, P.A., d/b/a PARK PLACE THERAPEUTIC CENTER and PARK PLACE ORTHOPAEDICS & REHABILITATION, a Florida Professional Association's (Pat Braddy, Patient), Motion for Summary Disposition pursuant to Florida Rule of Civil Procedure 7.135 and the Court having heard argument of counsel and being otherwise fully advised in the Premises,

1. This Court rules in favor of the Plaintiff and further finds that the Defendant, NATIONWIDE PROPERTY AND CASUALTY INSURANCE is not entitled to take Preferred Provider Organization ("PPO") reductions in the payment of automobile Personal Injury Protection ("PIP") benefits without selling a PPO-PIP policy of insurance and/or without complying with the requirements of Florida Statutes 627.736(10).

2. This Court reserves jurisdiction to rule on Defendant's Affirmative Defense of exhaustion of benefits and for the entry of a Final Judgment for damages, together with

pre-judgment and post-judgment interest thereon, costs and reasonable attorney's fees pursuant to Florida Statute 627.428.

DONE AND ORDERED in Chambers at Ft. Lauderdale, Broward County, Florida this ____ day of OCT 16 2001, 2001.

JERRY POLLOCK
A TRUE COPY

Copies furnished:
Counsel of Record

______________________________
Judge, County Court

IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: **01-11619 COCE 50**

**FISHMAN AND STASHAK, M.D.'S, P.A.** d/b/a
**GOLD COAST ORTHOPEDICS** also d/b/a
**GOLD COAST ORTHOPEDICS**
**AND REHABILITATION**
(Leopold Bertrand)

Plaintiff

V.

**PROGRESSIVE BAYSIDE**
**INSURANCE COMPANY,**

Defendant.
______________________________/

## OMNIBUS ORDER

THIS CAUSE came before the undersigned for hearing on August 29, 2001 @ 3:30 p.m. on an application for summary judgment originated by the plaintiff seeking a partial and limited summary judgment on its declaratory relief action as contained in Count I of its Complaint. Plaintiff sought, in part, in its motion, for this Court to determine whether the Defendant is entitled to take preferred provider policy (PPO) reductions in payments of personal injury protection benefits benefits without selling a PPO-PIP policy of insurance which does not comply with the requirement F. S. Section 627.736(10).

This Court was and is aware that it has in excess of seventy (70) cases in its division where a generally comparable motions for relief have been filed by multiple plaintiffs against the instant defendant seeking resolution on a similar issue as raised in the case at bar. The Court, in an effort to be consistent in its rulings, desired to employ an administratively and judicially economical method for being fully briefed/educated on this instant and very important issue.

This Court in the past has scheduled a hearing on important issues regarding personal injury protection benefits and has invited members of both the plaintiff and defense personal injury



Oct 25 01 03:53p KOPELMAN & BLANKMAN 954-462-6899 p.2

protection bar to participate in the argument on the issue. Indeed, this type of procedure was utilized when this Court was presented the issue(s) regarding the role of arbitration in personal injury protection claims. It should be clear that the Court was seeking argument on this instant case in order fully understand the issue(s) and by seeking as much law, advice and argument as possible, leading to consistency in its decisions now, and in the future on this issue.

This court was and is not seeking information from the personal injury protection bar in order to enter some type of advisory opinion. The Court has always maintained that it will rule on any properly noticed motion but as in the past, it has accepted counsel/argument from members of the personal injury protection bar as an "amicus curie" in order to insure all facets of an issue are presented to this Court before it makes its final determination. This is especially true when a new and yet un-presented but highly litigated/plead issue is brought before the court for adjudication.

In this regard, information of this administrative process was disseminated to and by various members of the personal injury protection bar, inviting their participation in the argument for and against the subject motion for summary judgment on the very narrow but extremely important issue in THIS case. At no time has this Court sought any extra-judicial/ex-parte information from any member of the bar on the merits; rather, administratively, the Court sought to obtain input from many members of the plaintiff and defense personal injury protection bar on this issue at the hearing on the instant motion. Indeed, upon this hearing being called to order in excess of fifty (50) members of the plaintiff and defense personal injury protection bar appeared. It is clear that "notice" of this hearing was well disseminated to the many members of the personal injury protection bar, both plaintiff and defense.

One of the unintended ramifications of this administrative process resulted in notices of hearing being filed with the Clerk Of The Court, scheduling motions for summary judgment for hearing in excess of fifty (50) cases in this division for this same date and time. As stated above, while scheduling a hearing on the Plaintiff's Motion for Summary Judgment filed herein, the Court's desire to receive various arguments on the point resulted in a multiple number of cases being scheduled for summary judgment in the cases assigned to this division, which had similar but maybe not the exact same issues as presented herein.

The members of the defense bar for these cases have filed in certain numbers of these cases,

motions for continuance on the hearings on the motions for summary judgment. It was unnecessary for this Court to obtain extensive oral argument on these motions for continuance. Except for the instant case, any and all cases scheduled for hearing on plaintiff's motions for summary judgment in personal injury protection suits assigned to this division and set for hearing before this Court on August 29, 2001 at 3:30 P.M. are not and were not to be heard on this date.

Accordingly, the only matter to be heard will be on this specific case on the Plaintiff's Motion for Summary Judgment. Motions for Summary Judgment in each individual case in this division may be noticed for hearing on the motion(s) as filed in accordance with the administrative requirements of this Court's division. Nothing presented to the Court on this date in this case, and subsequently ruled upon, will be with prejudice in any other personal injury protection benefits case pending before this Court/division.

As to the instant case, the Court file reflects as follows:

A. The plaintiff filed a two count complaint with Count I seeking declaratory relief and Count II an action for damages. The defendant was served on May 25, 2001; and

B. On August 6, 2001 the plaintiff served a motion for summary judgment via Federal Express ; and

C. On August 6, 2001 the plaintiff served a notice of hearing setting a hearing on the Plaintiff's Motion for Summary Judgment for August 29, 2001 @ 3:30 p.m.; and

D. An examination of the court file shows that no motion to continue was filed by the defendant in this cause, objecting to this Court ruling on the pending and properly noticed Motion for Summary Judgment.

Counsel for the defense has made an ore tenus Motion to Continue but Rule 1.500(f) F.R.Civ. P. specifies the procedure needed to be employed where a party seeks a continuance of a properly noticed motion for summary judgment. These procedures were not employed. In part, the defendant suggested that the reason it needed a continuance was that it would want to submit certain documents in defense to the motion for summary judgment. These documents were identified as correspondence between the law firm of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A. and the Department of Insurance, which the defense claimed was probative regarding the issue to be argued. These documents have been in existence for approximately two (2) years same being dated



Oct 25 01 03:53p KOPELMAN & BLANKMAN 954-462-6899 p.4

between June 1, 1999 and September 14, 1999. The defense admitted it has had these documents for well over twenty (20) days.

Nevertheless, the plaintiff in advance of the hearing on the motion for summary judgment agreed to waive authentication for the documents and permitted the defendant to argue the correspondence, reserving the right to object as to relevancy, materiality and its probative value.

The Court proceeded on the hearing in the Plaintiff's Motion for Summary Judgment. A review of the issue being presented is as follows:

The plaintiff contends in Count I of its action for declaratory relief that the defendant, Progressive Bayside Insurance Company, utilized a system for the reduction of bills for medical treatments based upon the statutorily authorized preferred provider policy option (PPO) yet did not offer the insured the ability to purchase a PPO policy at the time the coverage was undertaken by the insured.

Significantly, the plaintiff solely asks this Court to enter a very narrow ruling in this case on the following question.

"Can a personal injury insurance carrier comply with Section 10 of Florida Statute §627.736 and take contractually negotiated provider reductions for medical services to be rendered to an individual who sustained injures in a motor vehicle collision pursuant to the procedure authorized by said section when the carrier never offered a PPO policy which would allow such contractual reductions ? "

A review of the relevant statutes are in order. Florida Statute §627.736 provides:

**(1) Required benefits.--Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:**

**(a) Medical benefits.--Eighty percent of all reasonable expenses for necessary medical,**



Oct 25 01 03:54p KOPELMAN & BLANKMAN 954-462-6899 p.5

**surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services. Such benefits shall also include necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person who relies upon spiritual means through prayer alone for healing, in accordance with his or her religious beliefs.**

...

**Only insurers writing motor vehicle liability insurance in this state may provide the required benefits of this section, and no such insurer shall require the purchase of any other motor vehicle coverage other than the purchase of property damage liability coverage as required by s. 627.7275 as a condition for providing such required benefits. ... [etc] ... ;**

...

Further, Florida Statute §627.736(10) provides:

**(10) An insurer may negotiate and enter into contracts with licensed health care providers for the benefits described in this section, referred to in this section as "preferred providers," which shall include health care providers licensed under chapters 458, 459, 460, 461, and 463. The insurer may provide an option to an insured to use a preferred provider at the time of purchase of the policy for personal injury protection benefits, if the requirements of this subsection are met. If the insured elects to use a provider who is not a preferred provider, whether the insured purchased a preferred provider policy or a nonpreferred provider policy, the medical benefits provided by the insurer shall be as required by this section. If the insured elects to use a provider who is a preferred provider, the insurer may pay medical benefits in excess of the benefits required by this section and may waive or lower the amount of any deductible that applies to such medical benefits. If the insurer offers a preferred provider policy to a policyholder or applicant, it must also offer a nonpreferred provider policy. The insurer shall provide each policyholder with a current roster of preferred providers in the county in which the insured resides at the time of purchase of such policy, and shall make such list available for public inspection during regular business hours at the principal office of the insurer within the state.**

In effect, Florida Statutes give the insurers the option of providing two insurance products

to prospective insureds to cover them for medical benefits in the event they sustain personal injury in an motor vehicle accident. The statute's clear language allows the insured to select either a PIP policy or a PPO policy. Specifically, if an insurer desires to participate in the PPO program, it has a requirement to offer both a PPO and a PIP policy to the insured at the time the policy is undertaken. When a PPO policy is undertaken, the insured is required affirmatively to select this option and then receive a current roster of preferred providers with whom the insured agrees to utilize in the event a covered person is injured in a motor vehicle collision.

There are no genuine issues of material facts relative to this very narrow issue. In the case at bar and in the Defendant's Response to the Plaintiff's Request For Admissions, submitted in support of plaintiff's motion, the insurer, Progressive Bayside Insurance Company, admits it did not offer a preferred provider (PPO) policy to any of its insureds at the time the policy was undertaken as no such policy existed in their product line.

Progressive Bayside Insurance Company admits in its responses to Plaintiff's Request for Admissions served with the Complaint the following facts:

- (#34) There is no first party contract between the Plaintiff and Defendant which was/were in effect when the insured sustained the injuries in a motor vehicle accident, which is the subject of this cause, and upon which the defendant relied to support the reduction of the bills submitted by plaintiff for the care and treatment of the insured. **"Admit (sic), only to the extent that Defendant relied upon Plaintiff's contract with Beech Street which provided usual and customary rates for medical services rendered."**
- (#35) The Defendant did not have a standard form/sample "preferred provider policy" of motor vehicle insurance to be utilized by the defendant on the date when the insured/patient undertook the subject policy of motor vehicle insurance which is the subject of this cause. **"Admit (sic), only to the extent that no preferred provider policy was sold."**
- (#36) The Defendant did not have any correspondence or other documents between the defendant and the State of Florida, Department of Insurance, seeking the approval



Oct 25 01 03:55p KOPELMAN & BLANKMAN 954-462-6899 p.7

of the defendant's standard form/sample "preferred provider policy" of motor vehicle insurance to be utilized by the defendant on the date when the insured/patient undertook the subject policy of motor vehicle insurance which is the subject of this cause. "**Admit** (sic), **only to the extent that no preferred provider policy was sold.**"

- (#37) The Defendant never sought approval from the State of Florida, Department of Insurance, of a standard form/sample "preferred provider policy" of motor vehicle insurance to be utilized by the defendant on the date when the insured/patient undertook the subject policy of motor vehicle insurance which is the subject of this cause. **"Admit** (sic), **only to the extent that no preferred provider policy was sold."**
- (#38) The Defendant did not have any correspondence or other documents between the defendant and the State of Florida, Department of Insurance, wherein the defendants received approval of its standard form/sample "preferred provider policy" of motor vehicle insurance to be utilized by the defendant on the date when the insured/patient undertook the subject motor vehicle insurance policy which is the subject of this cause. **"Admit** (sic), **only to the extent that no preferred provider policy was sold."**

In addition to the above, the Plaintiff's served interrogatories regarding this issue. Specifically, Interrogatory number nine (9) asked the following:

> 9.Please identify by number, form number or other type of designation to assist the plaintiff in identifying same for each and every "preferred provider policy" of motor vehicle insurance utilized by the defendant on the date when the insured/patient undertook the policy and which was in effect when the insured/claimant/patient sustained the injuries in a motor vehicle accident which is the subject of this cause.

The Defendant answered:

> **"Objection, overly broad, unduly burdensome, vague, ambiguous, irrelevant and immaterial. Defendant did not issue a preferred provider policy."**

Notwithstanding the foregoing, when the bills for medical care were submitted to the carrier for payment they were reduced due to some "contractual" agreement. In accordance with answers to Interrogatory 8, and here again submitted to the Court in support of plaintiff's motion, the carrier admits it reduced the bills for medical treatment pursuant to a contractual rate agreement.

Specifically, Interrogatory number eight (8) asked the following:

> 8. If you have reduced medical bills to some arbitrary amount, please state what scale or schedule of reasonable billing amounts you are using, a complete list of all medical providers who are currently billing at the rates you have chosen to pay, any sworn statements you have in your possession that the amounts charged by the doctors you reduced are charges totally without reason.

The Defendant answered:

> **"Bills were not reduced by the Defendant to an arbitrary amount. Prior to the motor vehicle accident, the Plaintiff and Beech Street Corporation entered into an agreement whereby Plaintiff agreed to perform services at a pre-set rate."**

In view of the foregoing it is clear to this Court that the defendant carrier could not have complied with Section 10 as the Defendant admits it **did not** offer or sell to the insured in this case a **"preferred provider policy".** As admitted by the defendant carrier, a preferred provider policy did not even exist in the motor vehicle insurance products it offered for sale to prospective insureds. Under sub-section (10) of the "No Fault" Statute, in order to take PPO reductions, Progressive Bayside Insurance Company must sell a "preferred provider (PPO)" policy. This was not done in this case.

Interestingly, the defense raises in defense to the motion for summary judgment, that this is really an issue regarding the reasonable, related and necessity of the charges for medical services rendered. This is incorrect and irrelevant to this discussion for this Court. Indeed, it is the action for damages in Count II of the complaint that such issues to be determine. Whether or not the medical bills submitted for payment and reduced by the carrier were either reasonable, related or necessary



Oct 25 01 03:56p KOPELMAN & BLANKMAN 954-462-6899 p.9

and or properly reduced will be resolved in disposition of Count II.

Accordingly, the Plaintiff Motion for Partial Summary Judgment as to Count I on the forgoing defined issue, be and the same is hereby granted. The court reserves jurisdiction for the remaining issues raised in the Complaint including but not necessarily limited to awarding reasonable attorney's fees and costs.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 23 day of ~~September~~ October, 2001.

PETER [illegible] SKOLNIK
COUNTY COURT JUDGE

TRUE COPY

Copies furnished:

Laura Watson, Esquire
220 NE 51 Street
Fort Lauderdale, FL 33334-1615

John Murphy, Esquire
633 S. Andrews Avenue, #200
Fort Lauderdale, FL 33301

additional copies furnished to :

Matt Hellman, Esquire
8751 W. Broward Boulevard, #400
Plantation, FL 33324

Douglas Blankman, Esquire
One Financial Plaza, #1611
Fort Lauderdale, FL 33394

Gary Marks, Esquire
303 SW 6 Street
Fort Lauderdale, FL 33315

E.J. Generotti, Esquire
7805 SW 6th Court
Plantation, FL 33324

Robert Adams, Esquire
101 E. Kennedy Boulevard, #2175
Tampa, FL 33602

Harley Kane, Esquire
4800 N. Federal Highway, #101-E
Boca Raton, FL 33431

Amir Fleischer, Esquire
303 SW 6 Street
Fort Lauderdale, FL 33315



Oct 25 01 03:57p KOPELMAN & BLANKMAN 954-462-6899 p.10

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile


7090-00100 318823.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile




