UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY mg D.C.
01 NOV -2 PM 4:01
CLERK

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN,

Defendants.
_______________________________________/

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,

Plaintiff,

CASE NO. 01-8111-CIV-FERGUSON

vs.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

Defendant.
_______________________________________/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO HARTFORD'S MOTION TO STAY DISCOVERY AND TO STAY THE TIME FOR RESPONDING TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (D.E. #213)**

Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated ("LARUSSO"), by his undersigned counsel, hereby submits his Memorandum of Law in Opposition to Defendant HARTFORD INSURANCE COMPANY OF THE MIDWEST's





("HARTFORD") Motion to Stay Discovery and to Stay the Time for Responding to Plaintiff's Motion for Class Certification ("Motion to Stay") (D.E. #213). For all the reasons set forth herein, LARUSSO respectfully submits that HARTFORD's Motion to Stay should be denied in all respects.

## ARGUMENT

It is well established that:

> "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied". . . . Where a party claims that dismissal is likely, it requires the Court to make a preliminary finding of the likelihood of success on the a motion. This would circumvent the procedures for the resolution of such a motion. Such a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value.

Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554 (D. Nev. 1997) (citations omitted). Where the resolution of a motion to dismiss will not dispose of an entire case, a stay of discovery is not proper. As one Court has held:

> A court should not automatically stay discovery pending a motion to dismiss under Rule 12(b). Had the drafters of the Federal Rules of Civil Procedure wanted an automatic stay of discovery pending a motion to dismiss they could have so provided. . . . Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. Requests to stay discovery are rarely appropriate where resolution of the motion to dismiss will not dispose of the entire case. In deciding whether to stay discovery pending a motion to dismiss, a court must balance the harm produced by delay against the possibility that the motion will be granted and entirely eliminate the need for such discovery.

Coca-Cola Bottling Co. of the Lehigh Valley v. Grol, 1995 WL 421900 at *2 (E.D. Pa. 1993).

### 1. **Discovery Should not be Stayed.**

In Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997), the Court discussed a stay of discovery when a motion to dismiss is pending and the motion to dismiss presents a purely





legal question. Herein, HARTFORD's Motion to Dismiss is not dispositive. In fact, HARTFORD basically reasserts arguments raised by other Defendants which this Court has already denied. As further set forth in LARUSSO's Memorandum of Law in Opposition to HARTFORD's Motion to Dismiss, the causes of action asserted by LARUSSO against HARTFORD are identical to those asserted against other Defendants in these consolidated proceedings. On September 28, 2001, this Court entered its Omnibus Order denying the Motions to Dismiss, with the exception of the Lanham Act claims. Accordingly, HARTFORD's Motion to Dismiss should be denied and it provides no basis to stay discovery.

HARTFORD's reference to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 et seq. contradicts its effort to avoid discovery in this case. The Reform Act contains a mandatory stay of discovery when a motion to dismiss is filed in a securities related class action. This is not a securities related class action. Congress has not amended the RICO statutes to provide for a stay of discovery upon the filing of a motion to dismiss. Congress has not amended Federal Rule of Civil Procedure 23 or any other rule of civil procedure to provide for a mandatory stay of discovery upon the filing of a motion to dismiss. Accordingly, in the context of a RICO class action, since Congress has not mandated a stay of discovery, discovery should be stayed only in extraordinary situations.

**2. Bifurcated Discovery is not Appropriate.**

As a fall back argument, HARTFORD asserts that if discovery is allowed, initial discovery should be limited to class certification issues. HARTFORD's effort to limit discovery is clearly a delay tactic. LARUSSO filed his Motion for Class Certification along with the Complaint in this





matter. This Court has already entered an Order setting this matter for trial and scheduling various deadlines. HARTFORD has had months to conduct class discovery. Based on the clear allegations in the Complaint and LARUSSO's Motion for Class Certification, LARUSSO believes that class certification is appropriate. The class proposed by LARUSSO is defined very simply.

Without indicating what discovery may be needed by HARTFORD to respond to the Motion for Class Certification, HARTFORD asserts that discovery should be limited to class discovery issues. HARTFORD has yet to take any discovery on any issue in this case. Bifurcated discovery may be necessary in cases where class plaintiffs need additional information to support their motion for class certification. This is not the case. The class is simply defined and HARTFORD can easily determine who the potential class members are. Thus, it is hard to imagine how bifurcated discovery would be appropriate when HARTFORD has not even set forth what discovery they may need to respond to the Motion for Class Certification, have not yet undertaken any discovery, and have not indicated why they cannot respond to the Motion for Class Certification. Accordingly, bifurcated discovery is not necessary and will merely prolong the determination of class issues in this case.

**3. Defendants' Motion for Extension of Time to Respond to the Motion for Class Certification Must be Denied.**

HARTFORD also seeks an open-ended enlargement of time to serve a response to LARUSSO's Motion for Class Certification. As further established in LARUSSO's Motion for Class Certification, all of the Rule 23 requirements have been met. HARTFORD sets forth no reason why class discovery is needed, fails to set forth what discovery it needs in order to respond to the Motion for Class Certification, and most importantly, have yet to conduct any discovery since this matter was filed over eight months ago.





It makes sense to resolve the Motion for Class Certification as soon as possible to provide notice to class members and to establish the parameters of the class. HARTFORD should not be permitted to delay this determination based on nothing more than an unsupported assertion that they should not have to respond to the Motion for Class Certification until after a class discovery period. HARTFORD should be required to respond to the Motion for Class Certification so that this Court can make an early determination as to whether class certification is appropriate.

**CONCLUSION**

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all other similar situated, respectfully requests that this Court enter an Order denying Defendant HARTFORD INSURANCE COMPANY OF THE MIDWEST's Motion to Stay Discovery, requiring HARTFORD to respond to LARUSSO's pending motion for class certification, and awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiff
SALVATORE D. LARUSSO, D.C.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By:______________________
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By:______________________
ERIC LEE
Florida Bar No. 961299

By:______________________
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 2nd day of November, 2001 upon all individuals on the attached service list.

ERIC LEE





# MASTER SERVICE LIST
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 10/26/01)


**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile







**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile



