IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

5 2001

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| ALLSTATE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT, ALLSTATE AND OTHERS' OPPOSITION TO PLAINTIFFS'
MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Defendants, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON) and Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON) (collectively "Allstate"), Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON), Fidelity and Casualty Company of New York (Case No. 01-6779-CIV-FERGUSON) and Continental Insurance Company (Case No. 01-6779-CIV-FERGUSON), hereby oppose Plaintiffs' motion for entry of confidentiality order. In opposition to Plaintiffs' motion, these Defendants state as follows:

1. Plaintiffs' motion recites that this Court has granted consolidation of various putative class actions for discovery purposes only. See Omnibus Order On Pending Motions dated September 28, 2001. Plaintiffs' motion is apparently premised on the language in the Court's Omnibus Order which permitted any party to move for a protective order precluding or limiting the production of confidential matters.

273

2. Allstate and other defendants had previously served memoranda opposing Plaintiffs' efforts to consolidate these actions. In addition to concerns that the actions presented individual, rather than common, factual and legal determinations, Allstate and others raised concerns that their confidential business information would be made available to their competitors during consolidated discovery proceedings. These concerns led the Court to deny consolidation during a status conference held on September 15, 2000.

3. In its September 28, 2001 Order this Court reversed its position and granted consolidation. Numerous defendants have filed motions seeking clarification or reconsideration of the consolidation. Among other things, defendants have argued:

    a. The cases do not actually present common questions warranting consolidated proceedings. There is little if any overlap in parties. The cases involve different contracts and arrangements requiring separate and distinct interpretations by the Court. The cases involve different conduct by the insurance companies and other defendants. The defendants will assert differing legal and factual defenses. As a result, there is little likelihood of potential economies and no judicial labor is likely to be saved by further consolidated proceedings.

    b. In addition, because the actions involve many different and unrelated parties, consolidated discovery on the merits of plaintiffs' claims is unlikely to provide any tangible benefit to the parties or meaningfully reduce litigation expenses. The discovery adduced in one action, in fact, may not even be relevant in or probative of the claims in the other actions.

To the extent this Court reconsiders the issue of consolidation, Plaintiffs' motion for entry of confidentiality order will be moot.

4.   In any event, Plaintiffs' proposed confidentiality order does not address Defendants' concerns regarding the production of their confidential business documents. Plaintiffs' proposed order does not prevent disclosure of confidential business documents among competitors. Defendants oppose any confidentiality order which does not expressly prohibit disclosure to competitors, their counsel, their experts, etc. Production of confidential business documents should be circumscribed. Depositions which address confidential business documents and proprietary practice should be off limits. In the event the Court proceeds with consolidation and enters a confidentiality order, it must preclude disclosure among competitors in this manner.

5.   These Defendants recognize that their requested restrictions in a confidentiality order are likely to raise serious objections from other parties' attorneys who will want to participate in all aspects of the consolidated discovery. However, such restrictions are absolutely necessary to prevent disclosure of confidential business information among competitors. These Defendants submit that the only proper way for this Court to protect all parties' rights is to deny consolidated discovery.

6.   Finally, these Defendants object to paragraph 10 of Plaintiffs' proposed order to the extent it would allow use of confidential business documents in this litigation and other "related litigation" in which the producing company is a party. This paragraph is ambiguous and it is not clear what is intended. However, to the extent this paragraph is intended to allow Plaintiffs' attorneys to share confidential documents with other plaintiffs' attorneys in other lawsuits, these Defendants object. Discovery of confidential documents in this case should be limited to this case only. Any confidentiality order will be meaningless and unenforceable if

disclosure is permitted on a wide scale among attorneys throughout the state of Florida or beyond.

WHEREFORE, Defendants, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and Continental Insurance Company respectfully request that this Court deny Plaintiffs' motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 2nd day of November, 2001.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Allstate Insurance Company
and the Movants
634930

DAVID B. SHELTON
Florida Bar No. 0710539
Rumberger, Kirk & Caldwell
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate Insurance Company
and the Movants

4

# SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Robin Corwin Campbell, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Douglas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

Thomas Tew, Esq.
Joseph A. DeMaria, Esq.
John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
William E. Adams, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021