IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)



CASE NO. 01-6780-CIV-FERGUSON/SNOW

ULTRA OPEN MRI CORPORATION,
on behalf of itself and all others
similarly situated,

       Plaintiff,
v.

INTEGON NATIONAL INSURANCE
COMPANY and INTEGON GENERAL
INSURANCE COMPANY,

       Defendants.
_____/

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER

Defendants, Integon National Insurance Company and Integon General Insurance (collectively, "Integon") file this memorandum in opposition to Plaintiffs' Motion for Entry of Confidentiality Order ("Plaintiffs' Motion")(00-6061; D.E. 201). Plaintiffs have moved for the entry of a proposed Confidentiality Order ("Proposed Order") "to facilitate discovery and to provide the parties with the ability to protect confidential documents and information." (Plaintiffs' Motion ¶ 10). Plaintiffs' Motion should be denied for the following reasons: (1) plaintiffs have not established that good cause exists for entry of the Proposed Order, and (2) disposition of various pending motions may render the Proposed Order moot or premature.

### Introduction

The instant Action is one of 15 actions filed by Plaintiffs' Counsel against various insurers in this Court. Each action involves distinct parties and claims. Three months before

MI721821;1

serving Integon, Plaintiffs' Counsel moved to consolidate other, earlier filed, actions brought against insurers in this Court ("Motion to Consolidate"). This Motion to Consolidate was never served on Integon, it has never been briefed and Integon has never had an opportunity to be heard on the issue.[1]

Despite Integon's exclusion from service, briefing or argument of the Motion to Consolidate, Integon was served with three Orders, dated September 28, 2001, including an Omnibus Order granting the Motion to Consolidate.[2] This Action is not listed as one of the consolidated cases in the Omnibus Order. (00-6061; D.E. 172). Integon therefore has filed a Motion for Clarification of the Omnibus Order (the "Motion for Clarification") (01-6780; D.E. 11).[3] Integon's Motion for Clarification seeks to clarify that this Action has not been consolidated with the other actions. Among the myriad reasons that Integon opposes consolidation is that the various defendants in the consolidated actions are direct competitors in the personal automobile insurance industry. Therefore, consolidation of these actions for discovery purposes inevitably will result in the disclosure to Integon's competitors of proprietary competitive information in the course of discovery, class certification and/or trial.

In addition to its Motion for Clarification, Integon has filed (a) a Motion to Compel Arbitration (01-6780; D.E. 15) and (b) a Motion to Stay Action (01-6780; D.E. 14). Integon seeks to compel arbitration on the grounds that the automobile insurance policies at issue in this

---

[1]   Indeed, it appears that the Motion to Consolidate was considered at a status conference in this matter on May 14, 2001 -- before any Integon entity was even served.

[2]   Unlike the other two orders, the Omnibus Order does not appear as a docket entry in this proceeding. It does appear as a docket entry in Case No. 00-6061 (D.E. 172).

[3]   Integon also moved for clarification of this Court's September 28, 2001 Amended Scheduling Order. (00-6780; D.E. 11).

Action contain arbitration provisions. Integon's Motion to Stay requests a stay of all discovery in this Action pending the Court's resolution of its Motion to Compel Arbitration.

### Argument

I. **"Good Cause" for the Proposed Order has not been Established**

Plaintiffs have the burden of showing that "good cause" exists for entry of the Proposed Order. Fed. R. Civ. P. 26(c). In addition to requiring good cause, the Eleventh Circuit also requires the district court "to balance the interests" of the parties effected by the order. *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989). "Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party." Moore's Federal Practice 3d § 26.101[1][c].

Plaintiffs have not met their burden. Indeed, the reasons given by the plaintiffs for entry of the Proposed Order are unrelated to the prosecution and defense of Ultra Open MRI Corporation's ("UOMC") action against Integon. The only reason that the Proposed Order would be necessary is if this Action were consolidated with the actions against Integon's competitors. As set forth below, entry of the Proposed Order to facilitate consolidation of these Actions against the defendants will unfairly impede Integon's ability to defend itself.

A. **The Proposed Order is Unnecessary in this Action**

In support of the Motion, Plaintiffs vaguely predict "that there will be objections, as there have been in the past, to the production of documents and information based on confidentiality concerns. In addition, issues raised during depositions will involve confidentiality concerns."

(Plaintiffs' Motion ¶ 9).[4] To remedy these "confidentiality concerns," the Proposed Order would limit a party's access to "stamped confidential documents."

Specifically, Paragraph 2 of the Proposed Order limits the disclosure of stamped confidential documents "to counsel for the parties to this action who are actively involved in the conduct of this litigation...to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation." (Proposed Order ¶ 2). Stamped confidential documents also may be disclosed (a) to any party designated by the court and (b) to prepare deposition witnesses; to experts; and to party employees for organizing, filing or coding the documents. (Id. ¶ 2(a),(b)). Disclosures to competitors, however, are further restricted:

> Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least 10 days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purpose of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

Similar provisions, frequently referred to as "attorneys' eyes only" provisions, are commonly entered when a party to litigation **must** access a competitor's proprietary business information in order to prosecute or defend its claims. For example, such provisions are used when competitors sue each other or are parties to the same complaint. *See, e.g., Bayer, AG & Miles, Inc. v. Bar Laboratories, Inc.*, 162 F.R.D. 456, 464 (S.D.N.Y. 1995)(attorneys' eyes only provision "clearly

---

[4] Integon notes that, as of yet, it has not filed any objections to any disclosure requests by UOMC on the basis of confidentiality.

justified" prior to the exchange of commercially sensitive information between direct competitors in a patent suit); *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca Cola Co.*, 107 F.R.D. 288 (D.Del. 1985)(ordering disclosure of coke formulae to coke bottlers upon finding formulae relevant and necessary to bottler's claims; proposing formulae be produced for attorneys' eyes only). An attorneys' eyes only confidentiality order thereby serves the dual purpose of facilitating the exchange of relevant information while guarding against its use for non-litigation purposes. Clearly, none of the other competitor defendants are engaged in litigation against Integon. The other competitor defendants are not even parties to the Complaint against Integon.

Accordingly, the impetus for entering into an attorneys' eyes only confidentiality order does not exist in this Action. Integon and UOMC are not competitors. Integon is in the automobile insurance business; UOMC is a health care provider. The prosecution of UOMC's own Complaint against Integon does not create a risk that Integon's confidential information will be disclosed to its competitors.[5] Instead, **it is the consolidation of this Action with other unrelated actions that creates the risk that Integon's confidential information will be disclosed to its competitors**. Indeed, only if the Court concludes that this Action is consolidated with the other actions is Integon at risk of disclosing its proprietary information to its direct competitors, to medical providers other than UOMC, and to certain third party vendors.

Moreover, the confidential information Integon may have to disclose to all these persons if consolidated discovery commences **should have no probative value** to the other competitor defendants. UOMC's action challenging Integon's discounting of its fees has no relevance to

---

[5] In connection with UOMC's action against Integon, Integon objects to the disclosure of any confidential, trade secret or proprietary information to anyone other than UOMC or its counsel.

suits against other insurers challenging their relationship with other medical providers. Indeed, each of the consolidated cases involves different medical provider plaintiffs, different insurer defendants, and different third parties. Absent allegations of conspiracy, Integon's claim practices should have nothing to do with Allstate's claim practices or vice versa. While these cases may share some common legal issues, it is overwhelmingly clear that the consolidated cases are unlikely to have any discovery in common. Consolidation will not prevent duplication as no duplication of discovery is likely.

As a result, the only appropriate way to protect against the disclosure of highly competitive information among the insurer defendants is if the Action remains separated from the other actions -- and not by entering the Proposed Order. All confidentiality issues arising from the disclosure of competitive information can be resolved by avoiding consolidation. *See Jackson v. Ford Consumer Fin. Co., Inc.* 181 F.R.D. 537, 539-40 (N.D.Ga. 1998)(finding consolidation of competitor co-defendants inappropriate, *inter alia*, due to possibility of inappropriate disclosure of confidential information to co-defendants); *see also Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323 (S.D.Fla 1985)(denying plaintiff access to defendant's confidential information because of prejudice to defendant and "limited relevance" of materials sought).

**B.   The Proposed Order Would Prejudice Integon**

The Proposed Order vividly illustrates why consolidation of cases against competitors defending against distinct claims is unworkable and unfair. The gravamen of the complaint against Integon is that it improperly discounted payments to UOMC in connection with personal injury protection ("PIP") claims. Information that may be relevant to the Integon Action -- including information regarding Integon's relationship with third party Beech Street, Integon's

review and payment of PIP medical bills on behalf of insureds, and Integon's relationship with medical providers including UOMC -- is relevant only to UOMC's claim against Integon. Integon's proprietary information does not need to be shared with its competitors in order for the parties to litigate the Integon Action.

However, if the Court consolidated this Action with the other actions and enters the Proposed Order, Plaintiffs' Counsel will have access to confidential discovery from all consolidated competitor defendants. In turn, Plaintiffs' Counsel could use confidential information obtained from one competitor defendant against the other insurer defendants. In anticipation of this likelihood, Integon would be required to review all discovery from all other defendants and attend all depositions taken of the other defendants or third parties.

To add insult to injury, the Proposed Order seeks to limit the disclosure of competitive information to "attorneys' eyes only." The risk of prejudice created by this arrangement is horribly obvious. For example, assume that counsel for Integon attended the deposition of Allstate's corporate witness and that witness testified as to Integon's claim practices or as to industry practices in general. If Allstate were to designate such information "confidential," then counsel for Integon would be unable to share that information with her client. Indeed, counsel for Integon would be unable to verify the accuracy or applicability of the information disclosed during the deposition as such information would be for "attorneys' eyes only." As counsel for Integon is not in the automobile insurance business, counsel's ability to process or analyze discovery is limited in the extreme. Counsel for Integon must therefore be permitted to consult with her client as to any discovery information revealed during the course of this litigation.

Clearly, the Proposed Order places all of the defendants' counsel at a significant disadvantage because they would be unable to discuss any parties' "confidential" disclosures

with their clients. This leaves Integon unable to prepare an adequate defense in this Action. *America Sur. Co. v. Baldwin*, 287 U.S. 156, 168, 53 S.Ct. 98, 77 L.Ed. 231 (1932)("due process requires that there be an opportunity to present every defense"); *Complaint of Bankers Trust Co.*, 752 F.2d 874, 890 (3rd Cir. 1984)("due process mandates that a judicial proceeding give all parties an opportunity to be heard on the *critical and decisive allegations which go to the core* of the parties' claim or defense and to present evidence on the contested facts")(emphasis in original); *Vining v. Runyon*, 99 F.3d 1056 (11th Cir. 1996)(right to due process encompasses right to be aware of and refute evidence); *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735 (7th Cir. 1998)(although district courts have flexibility in conducting discovery, that latitude is constrained by due process rights of litigants). This inequity, however, is easily remedied by not consolidating this Action with the other actions and denying Plaintiffs' Motion.

## II. It Is Premature To Enter Any Confidentiality Order

If the Court does not consolidate this Action with the other actions, the Proposed Order is unnecessary. The Proposed Order would likewise become superfluous should Integon prevail on its Motion to Compel Arbitration. Accordingly, at the very least, entry of any confidentiality order should be delayed until the Court has either clarified its ruling with respect to consolidation or ruled on Integon's Motion to Compel Arbitration.

## Conclusion

For all of the foregoing reasons, Integon respectfully requests that Plaintiffs' Motion for Entry of Confidentiality Order be denied or stayed pending resolution of Integon's Motion for Clarification and Motion to Compel Arbitration.

MI721821;1

8

CASE NO. 01-6780-CIV-FERGUSON

Respectfully submitted,
Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

_____
Marcy Levine Aldrich
 Fla. Bar No. 0968447
George Volsky
 Fla. Bar No. 203092

CASE NO. 01-6780-CIV-FERGUSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on this 2nd day of November, 2001 on:

**Counsel for Plaintiff**
Jan Douglas Atlas
Eric Lee
Robin Corwin Campbell
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Ste. 1700
Ft. Lauderdale, FL 33301

Courtesy copies were also mailed to the persons listed on the attached Courtesy Copy List.

_____
George Volsky

**COURTESY COPY LIST**
*Ultra Open MRI Corporation v. Integon National Insurance Company
and Integon General Insurance Company*
(Case No. 01-6780-Civ-Ferguson/Snow) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000

MI723186;1

- 1 -

Fax: (813) 254-6327

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
 rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
 fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
 dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
 peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
 TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
 jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

MI723186;1

- 2 -

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
 fanania@anania-law.com
Donald A. Blackwell, Esq.
 dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
 wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
 badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
Tel: (904) 798-3200
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
 klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
 haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
 rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
 gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
 mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
 maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
 jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
 anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

- 5 -

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
 kmaus@bbplaw.com
Lauren D. Levy, Esq.
 llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

SHEA & GARDNER
John D. Aldock, Esq.
 jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
 jklein@sheagardner.com
Michael Isenman, Esq.
 misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
 dfriedman@csglaw.com
Brian P. Knight, Esquire
 bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577

MI723186;1                                    - 5 -