IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

DR. PAUL ZIDEL

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a/ CCN,

    Defendant.
_____/

CASE NO. 00-6061-CIV-
FERGUSON/SNOW

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

CASE NO. 01-8111-CIV-
FERGUSON/SNOW



**MEMORANDUM OF DEFENDANT HARTFORD INSURANCE
COMPANY OF THE MIDWEST IN OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER</u>**

Defendant, Hartford Insurance Company of the Midwest ("Hartford"), files this memorandum in opposition to Plaintiffs' Motion for Entry of Confidentiality Order ("Plaintiffs' Motion"). Plaintiffs have moved for the entry of a proposed Confidentiality Order ("Proposed Order") "to facilitate discovery and to provide the parties with the ability to protect confidential documents and information." (Plaintiffs' Motion ¶ 10). Plaintiffs' Motion should be denied for the following reasons: (1) plaintiffs have not

{M1722691;1}

established that good cause exists for entry of the Proposed Order, and (2) disposition of various pending motions may render the Proposed Order moot or premature.[1]

### Introduction

The instant Action is one of 15 actions filed by Plaintiffs' Counsel against various insurers in this Court. Each action involves distinct parties and claims. Three months before serving a different (and incorrect) Hartford entity, Plaintiff Salvatore Larusso ("Larusso") moved to consolidate this Action with other actions brought against insurers in this Court ("Motion to Consolidate").[2] This Motion to Consolidate was never served on Hartford, it has never been briefed and Hartford has never had an opportunity to be heard on the issue.[3]

Despite Hartford's exclusion from service, briefing or argument of the Motion to Consolidate, Hartford was served with three Orders, dated September 28, 2001, including an Omnibus Order granting the Motion to Consolidate. (01-8111;D.E. 19). Not surprisingly, Hartford has filed a Motion for Reconsideration of the Omnibus Order (the "Motion for Reconsideration") (00-6061; D.E. 197).[4] Among the myriad reasons that Hartford opposes consolidation is that the various defendants in the

---

[1] Plaintiffs claim that, "since May 14, 2001, counsel for Class Plaintiffs has been attempting to negotiate the terms of a Confidentiality Order that all parties agree upon." (Plaintiffs' Motion ¶ 3). In fact, the **first** draft Confidentiality Order that Hartford received from Plaintiffs' Counsel was attached to Plaintiffs' Motion. Plaintiffs' failure to meet and confer in good faith with Hartford regarding the terms of the Proposed Order is sufficient grounds for denial of the Motion. Fed. R. Civ. P. 26(c).

[2] Larusso filed his Motion to Consolidate on February 13, 2001. (01-8111;D.E. 5). On May 16, 2001, Larusso served the original complaint on ITT Hartford Life and Annuity Insurance Company. Shortly thereafter, Larusso was notified that he had sued an incorrect entity. Nonetheless, Larusso did not file an Amended Complaint and serve the correct entity, Hartford Insurance Company of the Midwest, until October 10, 2001. (00-6061;D.E.194).

[3] Indeed, it appears that the Motion to Consolidate was considered at a status conference in this matter on May 14, 2001 -- before any Hartford entity was even served.

[4] Hartford has also moved for reconsideration of this Court's September 28, 2001 Amended Scheduling Order. (00-6061; D.E. 197).

{MI722691;1}

consolidated actions are direct competitors in the personal automobile insurance industry. Therefore, consolidation of these actions for discovery purposes inevitably will result in the disclosure to Hartford's competitors of proprietary competitive information in the course of discovery, class certification and/or trial.

In addition to its Motion for Reconsideration, Hartford has filed a Motion to Dismiss the Amended Class Complaint (00-6061; D.E. 210) and a Motion to Stay Discovery and Stay the Time for Responding to Plaintiff's Motion for Class Certification (00-6061; D.E. 212). Hartford's Motion to Dismiss seeks dismissal of all claims asserted by Larusso against Hartford. Hartford's Motion to Stay requests a stay of all discovery in this Action pending the Court's resolution of its Motion to Dismiss.[5]

## Argument

I. **"Good Cause" for the Proposed Order has not been Established**

Plaintiffs have the burden of showing that "good cause" exists for entry of the Proposed Order. Fed. R. Civ. P. 26(c). In addition to requiring good cause, the Eleventh Circuit also requires the district court "to balance the interests" of the parties effected by the order. *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989). "Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party." Moore's Federal Practice 3d § 26.101[1][c].

Plaintiffs have not met their burden. Indeed, the reasons given by the plaintiffs for entry of the Proposed Order are unrelated to the prosecution and defense of Larusso's action against Hartford. The only reason that that the Proposed Order would be necessary is if this Action remains consolidated with the actions against Hartford's competitors. As set forth below, entry of the Proposed Order to preserve

---

[5] The Motion to Stay also requests a bifurcated discovery schedule -- thereby limiting initial discovery to class certification issues -- if on any future date discovery commences.

the consolidation of these Actions against the defendants will unfairly impede Hartford's ability to defend itself.

### A. The Proposed Order is Unnecessary in this Action

In support of the Motion, plaintiffs vaguely predict "that there will be objections, as there have been in the past, to the production of documents and information based on confidentiality concerns. In addition, issues raised during depositions will involve confidentiality concerns." (Plaintiffs' Motion ¶ 9).[6] To remedy these "confidentiality concerns," the Proposed Order would limit a party's access to "stamped confidential documents."

Specifically, Paragraph 2 of the Proposed Order limits the disclosure of stamped confidential documents "to counsel for the parties to this action who are actively involved in the conduct of this litigation...to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation." (Proposed Order ¶ 2). Stamped confidential documents also may be disclosed (a) to any party designated by the court and (b) to prepare deposition witnesses; to experts; and to party employees for organizing, filing or coding the documents. (Id. ¶ 2(a),(b)). Disclosures to competitors, however, are further restricted:

> Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least 10 days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purpose of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

Similar provisions, frequently referred to as "attorneys' eyes only" provisions, are commonly entered when a party to litigation **must** access a competitor's proprietary business information in order to

---

[6] Hartford notes that, as of yet, it has not filed any objections to any disclosure requests by Larusso on the basis of confidentiality.

{MI722691;1}

4

prosecute or defend its claims. For example, such provisions are used when competitors sue each other or are parties to the same complaint. *See, e.g., Bayer, AG & Miles, Inc. v. Bar Laboratories, Inc.*, 162 F.R.D. 456, 464 (S.D.N.Y. 1995)(attorneys' eyes only provision "clearly justified" in exchange of commercially sensitive information between direct competitors in a patent suit); *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca Cola Co.*, 107 F.R.D. 288 (D.Del. 1985)(ordering disclosure of coke formulae to coke bottlers upon finding formulae relevant and necessary to bottler's claims; proposing formulae be produced for attorneys' eyes only). An attorneys' eyes only confidentiality order thereby serves the dual purpose of facilitating the exchange of relevant information while guarding against its use for non-litigation purposes. Clearly, none of the other competitor defendants are engaged in litigation against Hartford. The other competitor defendants are not even parties to the Amended Complaint against Hartford.

Accordingly, the impetus for entering into an attorneys' eyes only confidentiality order does not exist in this Action. Hartford and Larusso are not competitors. Hartford is in the automobile insurance business; Larusso is a health care provider. The prosecution of Larusso's own Amended Complaint against Hartford does not create a risk that Hartford's confidential information will be disclosed to its competitors. Instead, **it is the consolidation of this Action with other unrelated actions that creates the risk that Hartford's confidential information will be disclosed to its competitors**. Indeed, due solely to the consolidation order, Hartford risks the disclosure of proprietary information to its direct competitors, to medical providers other than Larusso, and to certain third party vendors.

Moreover, the confidential information Hartford may have to disclose to all these persons if consolidated discovery commences **should have no probative value** to the other competitor defendants. Larusso's action challenging Hartford's discounting of his fees has no relevance to suits against other

---

[7]   In connection with Larusso's action against Hartford, Hartford objects to the disclosure of any confidential, trade secret or proprietary information to anyone other than Larusso or his counsel.

insurers challenging their relationship with other medical providers. Indeed, each of the consolidated cases involves different medical provider plaintiffs, different insurer defendants, and different third parties. Absent allegations of conspiracy, Hartford's claim practices should have nothing to do with Allstate's claim practices or vice versa. While these cases may share some common legal issues, it is overwhelmingly clear that the consolidated cases are unlikely to have any discovery in common. Consolidation will not prevent duplication as no duplication of discovery is likely.

As a result, the only appropriate way to protect against the disclosure of highly competitive information among the insurer defendants is by separating the actions -- and not by entering the Proposed Order. All confidentiality issues arising from the disclosure of competitive information can be resolved by severing these Actions. *See Jackson v. Ford Consumer Fin. Co., Inc.* 181 F.R.D. 537, 539-40 (N.D.Ga. 1998)(finding consolidation of competitor co-defendants inappropriate, *inter alia*, due to possibility of inappropriate disclosure of confidential information to co-defendants); *see also Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323 (S.D.Fla 1985)(denying plaintiff access to defendant's confidential information because of prejudice to defendant and "limited relevance" of materials sought).

### B. The Proposed Order Would Prejudice Hartford

The Proposed Order vividly illustrates why consolidation of cases against competitors defending against distinct claims is unworkable and unfair. The gravaman of the complaint against Hartford is that it improperly discounted payments to Larusso in connection with personal injury protection ("PIP") claims. Information that may be relevant to the Hartford Action -- including information regarding Hartford's relationship with third party CCN/Medview, Hartford's review and payment of PIP medical bills on behalf of insureds, and Hartford's relationship with medical providers including Larusso -- is relevant only to Larusso's claim against Hartford. Hartford's proprietary information does not need to be shared with its competitors in order for the parties to litigate the Hartford Action.

However, if the Court enters the Proposed Order and consolidated discovery proceeds, Plaintiffs' Counsel will have access to confidential discovery from all consolidated competitor defendants. In turn, Plaintiffs' Counsel could use confidential information obtained from one competitor defendant against the other insurer defendants. In anticipation of this likelihood, Hartford would be required to review all discovery from all other defendants and attend all depositions taken of the other defendants or third parties.

To add insult to injury, the Proposed Order seeks to limit the disclosure of competitive information to "attorneys' eyes only." The risk of prejudice created by this arrangement is horribly obvious. For example, assume that counsel for Hartford attended the deposition of Allstate's corporate witness and that witness testified as to Hartford's claim practices or as to industry practices in general. If Allstate were to designate such information "confidential," then counsel for Hartford would be unable to share that information with her client. Indeed, counsel for Hartford would be unable to verify the accuracy or applicability of the information disclosed during the deposition as such information would be for "attorneys' eyes only." As counsel for Hartford is not in the automobile insurance business, counsel's ability to process or analyze discovery is limited in the extreme. Counsel for Hartford must therefore be permitted to consult with her client as to any discovery information revealed during the course of this litigation.

Clearly, the Proposed Order places all of the defendants' counsel at a significant disadvantage because they would be unable to discuss any parties' "confidential" disclosures with their clients. This leaves Hartford unable to prepare an adequate defense in this Action. *America Sur. Co. v. Baldwin*, 287 U.S. 156, 168, 53 S.Ct. 98, 77 L.Ed. 231 (1932)("due process requires that there be an opportunity to present every defense"); *Complaint of Bankers Trust Co.,* 752 F.2d 874, 890 (3rd Cir. 1984)("due process mandates that a judicial proceeding give all parties an opportunity to be heard on the *critical and*

*decisive allegations which go to the core* of the parties' claim or defense and to present evidence on the contested facts")(emphasis in original); *Vining v. Runyon*, 99 F.3d 1056 (11th Cir. 1996)(right to due process encompasses right to be aware of and refute evidence); *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735 (7th Cir. 1998)(although district courts have flexibility in conducting discovery, that latitude is constrained by due process rights of litigants).

This inequity can be easily remedied by separating the Actions for discovery purposes and denying Plaintiffs' Motion. The Proposed Order is unecessary as the risks created by consolidated discovery can be obviated by undoing the consolidation itself. Indeed, as Hartford has argued at length in its pending Motion for Reconsideration (00-6061; D.E. 197), consolidation is completely inappropriate and unworkable in connection with these actions.

## II. It Is Premature To Enter Any Confidentiality Order

If Hartford prevails on either its Motion to Dismiss or Motion for Reconsideration, the Proposed Order would be superfluous. Obviously, if the Court granted Hartford's Motion to Dismiss, the suit against Hartford would be concluded. If, on the other hand, the Court granted Hartford's Motion for Reconsideration, the principal ground for entry the Proposed Order --protecting sensitive business information -- evaporates. Accordingly, at the very least, entry of any confidentiality order should be delayed until the Court has ruled on Hartford's Motion to Dismiss and Motion for Reconsideration.

## Conclusion

For all of the foregoing reasons, Hartford respectfully requests that Plaintiffs' Motion for Entry of Confidentiality Order be denied or stayed pending resolution of Hartford's Motion to Dismiss and Motion for Reconsideration.

Respectfully submitted,

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

_____
Marcy Levine Aldrich
Fla. Bar No. 0968447
George Volsky
Fla. Bar No. 203092

and

Howard J. Roin
Co-Counsel for Defendant
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, IL, 60603-3441
Tel: 312-782-0600
Fax: 312-701-7711
E-Mail: hroin@mayerbrown.com

CASE NOS. 00-6061 and 00-8111-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on this 2nd day of November, 2001 on:

**Counsel for Plaintiff**
Jan Douglas Atlas
Eric Lee
Robin Corwin Campbell
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Ste. 1700
Ft. Lauderdale, FL 33301

Courtesy copies were also mailed to the persons listed on the attached Courtesy Copy List

_____
George Volsky

{MI722691;1}

10

**COURTESY COPY LIST**
*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case No. 01-8111-Civ-Ferguson/Snow) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
 rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
 fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
 dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
 peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
 TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
 jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
 fanania@anania-law.com
Donald A. Blackwell, Esq.
 dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
 wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
 badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
Tel: (904) 798-3200
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
 klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
 haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
 rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
 gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
 mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
 maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
 jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
 anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
 kmaus@bbplaw.com
Lauren D. Levy, Esq.
 llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

SHEA & GARDNER
John D. Aldock, Esq.
 jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
 jklein@sheagardner.com
Michael Isenman, Esq.
 misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
 dfriedman@csglaw.com
Brian P. Knight, Esquire
 bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577