UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-FERGUSON/SNOW
(consolidated)

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

        Defendants.
_____/

NIGHT BOX FILED
NOV -6 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## LIBERTY MUTUAL'S MOTION TO STAY DISCOVERY UNTIL AFTER THIS COURT HAS RULED ON VARIOUS PENDING MOTIONS AND MOTION FOR PROTECTIVE ORDER

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, moves this Court for entry of a protective order and an order staying discovery in this matter until after the Court's resolution of a myriad of pending motions, including but not limited to Liberty Mutual's Motion to Reconsider Order Granting Consolidation and Plaintiffs' motions for class certification. This Court should stay discovery so that all parties in this consolidated case can be on the same track -- as opposed to the current situation where the parties are at differing stages of litigation, resulting in procedural confusion. Moreover, due to Liberty Mutual's motion for reconsideration of the order of consolidation (and numerous other defendants' motions all seeking separate relief) which will directly impact confidentiality issues and thereby

MI722627;1

directly affect the nature and scope of discovery, this Court should stay all discovery in this matter as to Liberty Mutual. At the very least, this Court should stay discovery on the merits until after this Court has resolved the class certification issues. In further support thereof, Liberty Mutual states as follows:

On December 20, 2000, Plaintiff served requests for admissions, requests for production, and interrogatories on Liberty Mutual. Those requests pertain to merits discovery and not simply to class certification issues.[1] On October 3, 2001, the consolidated plaintiffs served on all consolidated defendants Class Plaintiffs' Consolidated Requests for Admissions, Class Plaintiffs' Consolidated Requests for Production, and Class Plaintiffs' Consolidated Interrogatories.[2] The October 3, 2001 requests overlap substantially with the previous requests and, like the earlier requests, are broad based and not limited to class certification issues. In addition, counsel for Plaintiffs has unilaterally advised all defendants that Fed. R. Civ. P. 26(a) disclosures are due November 7, 2001.

Liberty Mutual respectfully requests that this Court enter a protective order with respect to the above-referenced discovery and that this Court enter an order staying all discovery in this matter until it has resolved the pending motions.

1. **This Court Should Stay All Discovery Pending Resolution of the Motions for Reconsideration of the Order of Consolidation**

On September 28, 2001, this Court issued several orders in this case, including an Omnibus Order, wherein the Court consolidated fifteen distinct PPO reduction actions filed against various insurers. On November 2, 2001, Liberty Mutual moved this Court for reconsideration of its Order

---

[1] Due to the pendency of Liberty Mutual's motion to dismiss and thus the lack of clarity of the ultimate scope of the lawsuit, the parties agreed to an extension for Liberty Mutual to respond to such discovery requests.

[2] Plaintiffs also served consolidated discovery requests on the PPO defendants.

MI722627;1                                    2

consolidating these cases. Similarly, many of the other consolidated defendants also moved for reconsideration or clarification of the consolidation order.

As set forth in the motion for reconsideration, it is nearly impossible to proceed with organized, meaningful discovery at this point. Indeed, the motion for reconsideration raises serious confidentiality issues that will need to be resolved prior to discovery so that Liberty Mutual is not put in a position of disclosing highly sensitive, proprietary information to its competitors. Issues pertaining to confidentiality are inherently intertwined with consolidation issues which are, in turn, directly related to discovery issues. As such, this Court should stay discovery until it resolves the motion for reconsideration.

Liberty Mutual moved for reconsideration of the order consolidating cases primarily because such consolidation prejudices Liberty Mutual by forcing it to disclose to its competitors highly sensitive proprietary information related to its business practices. Liberty Mutual also argued that it would be prejudiced even if the parties entered into a confidentiality order because Plaintiffs would have an unfair advantage as Plaintiffs would be able to analyze the confidential documents with their attorneys while counsel for Liberty Mutual would be prohibited from sharing such documents with Liberty Mutual. Moreover, consolidation is inappropriate as the cases were brought by different plaintiffs against different defendants and are premised on different factual predicates.

If this Court grants Liberty Mutual's motion for reconsideration and decides that the cases should not proceed on a consolidated basis, the scope of discovery would be significantly different than if the cases go forward in a consolidated manner. Indeed, the ruling on the motion for reconsideration will directly impact the scope and nature of discovery. If the cases remain consolidated, the parties will have to enter into a confidentiality agreement, thereby protecting each defendant's (competitor's) sensitive business practices and trade secrets from the other defendants

(competitors). There is currently no confidentiality agreement in place. On the other hand, if the court grants the motion for reconsideration and separates the cases, the scope of discovery would necessarily be limited to the appropriate parties, thereby giving the parties direction as to what information can be disclosed to which parties and obviating the need for a comprehensive confidentiality agreement.

In sum, the pending motion for reconsideration of the consolidation order renders discovery largely unworkable at this point -- it is currently undetermined what information can be disclosed to which parties, and whether any of the discovery is subject to a confidentiality agreement. Thus, until this Court rules on the motion for reconsideration, discovery (both merits discovery and class discovery) should not proceed.[3]

Even assuming this Court were to deny the motions for reconsideration of the order on consolidation, discovery should still be stayed until this Court can revisit its scheduling order[4] and

---

[3]Similarly, this Court should stay discovery because of the pending motions to compel arbitration, filed by various defendants. Although Liberty Mutual did not file a motion to compel arbitration, resolution of other defendants' motions to compel arbitration directly impacts Liberty Mutual. Simply stated, some of those defendants that moved to compel arbitration also moved to stay the cases pending the outcome of the arbitration issues, arguing that it would be wholly inappropriate for defendants who may be entitled to arbitrate their claims to proceed in this Court. If, however, the Court denies their motions to compel arbitration (and assuming this Court has required Liberty Mutual to proceed with discovery in the meantime), then those defendants will have to start the discovery process while Liberty Mutual will be deeply embroiled in discovery. This would essentially give Plaintiffs a second bite at the apple - - going through discovery once with Liberty Mutual and the other defendants that did not move to compel arbitration, and a second time with those defendants that moved to compel arbitration. This Court can avoid this scenario by staying discovery until after it resolves the motions to compel arbitration. All defendants would thus be on the same discovery track.

[4]On October 23, 2001, Defendants Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York, and Continental Insurance Company filed a Motion for Clarification of Case Management and Scheduling Orders.

MI722627;1  4

permit all parties to reach the same stage of the proceedings. At this point, even though the cases have been consolidated, the parties are on different tracks, with the fifteen cases in varying stages of motion practice. This is due primarily to the fact that the various plaintiffs filed their actions at different times. Indeed, several of the cases had not even been served at the time plaintiffs filed their motions for consolidation or at the time this Court ruled on the pending motions to dismiss. These varying stages of litigation make it virtually impossible for all of the parties to proceed uniformly through discovery. Some parties, for instance, may be dismissed from this action based on their pending motions to compel arbitration. Other parties may be dismissed from this action based on their pending motions to dismiss. Some parties may be ready to proceed with class discovery at this point. Meanwhile, other parties are awaiting rulings on pending motions for reconsideration. Thus, while multiple parties are in markedly different phases of the litigation process, it is currently logistically impracticable for all parties to move forward with discovery. Accordingly, if the cases are to proceed in a consolidated manner, this Court should stay discovery so that all parties can proceed through the consolidated litigation at the same pace.

2. **This Court Should, at a Minimum, Stay Discovery on the Merits Until Resolution of the Motions For Class Certification**

Even if this Court were to determine that discovery should proceed at this point, the Court should still stay discovery on the merits until after the Court has ruled on Plaintiffs' motions for class certification. Discovery on the merits is simply premature at this stage of the litigation. Indeed, in the interests of fairness and efficiency, the Eleventh Circuit has held that such bifurcated discovery is appropriate in these circumstances. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992). As courts do not consider the merits of a plaintiff's claim in ruling

on a motion for class certification, courts routinely limit initial discovery to class certification issues. See, e.g., In re Miller Indus., Inc. Secs. Litig., 186 F.R.D. 680 (N.D. Ga. 1999).

WHEREFORE, Liberty Mutual respectfully requests that this Court grant its motion to stay discovery, thereby staying all discovery until this Court resolves the pending motions for reconsideration of the consolidation order. Alternatively, Liberty Mutual respectfully requests that this Court stay all discovery on the merits until after it resolves the motions for class certification. Liberty Mutual also respectfully requests that this Court enter a protective order with respect to the pending discovery.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _/s/ Mark S. Shapiro_
MARK S. SHAPIRO
Florida Bar No.: 894631
mshapiro@akerman.com
JENNIFER L. COHEN
Florida Bar No.: 123145
jlcohen@akerman.com

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below this 5th day of November, 2001.

_/s/ Mark S. Shapiro_
Attorney

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
capmbell@atlaslaw.com
350 East Last Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@gpandggarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for Allstate**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter-valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241


**Counsel for Beech Street and ADP**

TEW, CARDENAS, et. al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 539-2106
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et. al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 372-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et. al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT, et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile


**Counsel for Hartford**

AKERMAN, SENTERFITT, et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile