UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-FERGUSON/SNOW
(consolidated)

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

        Defendants.
_____/

**NIGHT BOX FILED**
NOV - 6 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## LIBERTY MUTUAL'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, moves this Court, on an emergency basis, for entry of a protective order with respect to the Rule 30(b)(6) deposition of Liberty Mutual, presently scheduled for Friday, November 16, 2001 in North Dartmouth, Massachusetts. Due to the myriad outstanding motions relating to these consolidated cases and the unresolved (and extremely important) issue as to the entry of a confidentiality order to protect the proprietary information that necessarily will be involved in any such deposition, this Court should enter a protective order to prevent Plaintiff from taking the 30(b)(6) deposition of Liberty Mutual until such time that the pending motions are resolved, a

MI723634;1                                          1

confidentiality order is entered (if the cases are to remain consolidated), and a semblance of organization has been established. In further support thereof, Liberty Mutual states as follows:

On September 28, 2001, this Court issued several orders in this case, including an Omnibus Order, wherein the Court consolidated fifteen distinct PPO reduction actions filed against various insurers. Since that time, numerous motions pertaining to very basic threshold questions have been filed, including motions to compel arbitration, motions for entry of a confidentiality order, and motions to stay discovery. Because these motions have not yet been resolved, the procedural state of these cases is unsettled.

Despite the procedural chaos that currently exists, on October 23, 2001, Plaintiff served a Notice of Taking Corporate Depositions, which set a number of 30(b)(6) depositions for the various defendants in these consolidated cases, including a deposition of Liberty Mutual scheduled for November 16, 2001. Such a deposition should not be permitted to occur at this time. As outlined in more detail below, there are a number of outstanding motions (including Liberty Mutual's motion for reconsideration and Liberty Mutual's motion for stay of discovery) that have not yet been resolved and which may affect the propriety of any discovery being pursued. Rather, this Court should prevent this deposition until such time that the outstanding motions have been ruled on, a confidentiality order is entered, and a scheduling order has been entered which coordinates all of the various discovery and trial deadlines under the current circumstances of this case.

More specifically, Liberty Mutual (and several other defendants) filed motions for reconsideration of consolidation of these cases, which have not yet been resolved. Liberty Mutual moved for reconsideration of the order consolidating cases primarily because such consolidation prejudices Liberty Mutual by forcing it to disclose to its competitors highly sensitive proprietary

information related to its business practices. Liberty Mutual also argued that it would be prejudiced even if the parties entered into a confidentiality order because Plaintiffs would have an unfair advantage as Plaintiffs would be able to analyze the confidential documents with their attorneys while counsel for Liberty Mutual would be prohibited from sharing such documents with Liberty Mutual. Moreover, consolidation is inappropriate as the cases were brought by different plaintiffs against different defendants and are premised on different factual predicates.

If this Court grants Liberty Mutual's motion for reconsideration and decides that the cases should not proceed on a consolidated basis, the scope of discovery would be significantly different than if the cases go forward in a consolidated manner. Indeed, the ruling on the motion for reconsideration will directly impact the scope and nature of discovery. If the cases remain consolidated, the parties will have to enter into a confidentiality agreement, thereby protecting each defendant's (competitor's) sensitive business practices and trade secrets from the other defendants (competitors). There is currently no confidentiality agreement in place. On the other hand, if the court grants the motion for reconsideration and separates the cases, the scope of discovery would necessarily be limited to the appropriate parties, thereby giving the parties direction as to what information can be disclosed to which parties and obviating the need for a comprehensive confidentiality agreement. Therefore, until such time that the pending motions for reconsideration are resolved, or at least until the issue of entry of a confidentiality order is resolved[1], discovery would be inappropriate.

---

[1] Liberty Mutual has previously briefed these issues in its motion for reconsideration of consolidation and its opposition to Plaintiff's motion for entry of a confidentiality order.

Moreover, even assuming this Court were to deny the motions for reconsideration of the order on consolidation and enter a confidentiality order, the Liberty Mutual deposition (and all other depositions) should not occur until this Court can revisit its scheduling order and permit all parties to reach the same stage of the proceedings. At this point, even though the cases have been consolidated, the parties are on different tracks, with the fifteen cases in varying stages of motion practice. This is due primarily to the fact that the various plaintiffs filed their actions at different times. Indeed, several of the cases had not even been served at the time plaintiffs filed their motions for consolidation or at the time this Court ruled on the pending motions to dismiss. These varying stages of litigation make it virtually impossible for all of the parties to proceed uniformly through discovery. Some parties, for instance, may be dismissed from this action based on their pending motions to compel arbitration. Other parties may be dismissed from this action based on their pending motions to dismiss. Meanwhile, other parties are awaiting rulings on pending motions for reconsideration. Thus, while multiple parties are in markedly different phases of the litigation process, it is currently logistically impracticable for all parties to move forward with discovery. Accordingly, if the cases are to proceed in a consolidated manner, this Court should not permit the Liberty Mutual deposition (or other depositions) to occur until such time that a unified scheduling order is entered that would permit all parties to proceed through the consolidated litigation at the same pace.

To the extent that this Court permits Plaintiff to take the deposition of Liberty Mutual, such a deposition should be limited to class discovery, and not merits discovery, as merits discovery at this stage of the litigation, before class certification has been decided, is premature. Indeed, in the interests of fairness and efficiency, the Eleventh Circuit has held that such bifurcated discovery is

appropriate in these circumstances. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992). As courts do not consider the merits of a plaintiff's claim in ruling on a motion for class certification, courts routinely limit initial discovery to class certification issues. See, e.g., In re Miller Indus., Inc. Secs. Litig., 186 F.R.D. 680 (N.D. Ga. 1999).

**WHEREFORE,** Liberty Mutual respectfully requests that this Court enter a protective order that prevents Plaintiff from taking the 30(b)(6) deposition of Liberty Mutual, currently scheduled for November 16, 2001, until such later time as this Court orders.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _/s/ Mark S. Shapiro_
MARK S. SHAPIRO
Florida Bar No.: 894631
mshapiro@akerman.com
GARY J. GUZZI
Florida Bar No.: 159440
gguzzi@akerman.com

## CERTIFICATE OF CONFERENCE

Undersigned counsel has attempted to contact counsel for Plaintiff to ascertain his position on this motion, but has been unable to do so.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by facsimile and U.S. Mail to counsel for Plaintiff, and by U.S. Mail to all other counsel listed below this ___6th___ day of November, 2001.

_____
Attorney

# MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
capmbell@atlaslaw.com
350 East Last Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile


PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@gpandggarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for Allstate**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MI723634;1

7

ROSS & HARDIES
Peter J. Valeta, Esq.
peter-valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241


**Counsel for Beech Street and ADP**

TEW, CARDENAS, et. al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 539-2106
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et. al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 372-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et. al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

MI723634;1

8

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT, et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile


**Counsel for Hartford**

AKERMAN, SENTERFITT, et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile