IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No. 00-CIV-6061 Ferguson/Snow

NIGHT BOX FILED
NOV - 6 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

| | |
|---|---|
| DR. PAUL ZIDEL and All Others Similarly Situated, | § § § |
| Plaintiffs, | § § |
| v. | § § |
| ALLSTATE INSURANCE COMPANY, | § § § |
| Defendant/Third-Party Plaintiff, | § § |
| v. | § § |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | § § § § |
| Third-Party Defendant. | § § |

## CCN'S MOTION FOR CONFIDENTIALITY ORDER

Third-Party Defendant, CCN Managed Care, Inc. ("CCN"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, request the entry of a protective order, in the form attached, governing the use and disclosure of confidential documents and information disclosed in discovery. In support of this motion, CCN states:

1. Plaintiff's counsel is currently in the process of attempting to schedule depositions, and he has already served written discovery. The discovery already served touches



upon business information that is proprietary and confidential to CCN and the other defendants, and it is anticipated that the depositions will as well.[1]

2. By order dated September 28, 2001, the Court consolidated this action with a number of other actions that, while they deal with the same *kinds* of claims, involve different parties and different claims under different contracts.

3. The parties to these other, consolidated cases include both CCN's competitors as well as a number of CCN's clients.

4. This case presents a complex commercial dispute. It will involve a significant amount of documentary and other information, and much of it is likely to be confidential and thus subject to dispute. Accordingly, this case is appropriate for entry of an umbrella confidentiality order.

5. The parties to the consolidated litigation include various competitors and clients of CCN. Therefore, in addition to the typical concern about public disclosure of confidential commercial information, in this case CCN also has a legitimate interest in limiting disclosure to its competitors and its clients of its confidential business information.

6. Accordingly, the proposed confidentiality order (attached) not only restricts the public dissemination of confidential information, but also precludes dissemination of that information which is particularly sensitive to the clients themselves, i.e. an "attorney eyes only" provision.

---

[1] CCN continues to believe that discovery is premature in these cases, and is awaiting a ruling on two motions which could resolve that issue -- a motion to stay pending resolution of arbitration and class certification issues in the above-styled case, and a motion to reconsider the dismissal "as moot" of CCN's motion to stay discovery in the *Larusso v. Liberty Mutual and CCN* litigation, case no. 00-7692. The instant motion is not intended to waive the positions asserted in those motions.

7.  While all parties may be prejudiced to some extent by an inability to share select information and materials with their clients, that prejudice is not unwarranted in light of the consolidation of these cases and the clear need to protect all parties' confidential business information from competitors.[2] Moreover, the proposed order includes means to address special circumstances to the Court, such as circumstances in which the more restrictive designation is not warranted or in which confidentiality concerns may be outweighed by other factors.

8.  Counsel for the Plaintiff has no objection to a confidentiality order, as evidenced by his own motion for protective order, though he has proposed his own form of order and has not commented on the attached format. Counsel for the various defendants in the other cases do object. Many of those objections directed as much at the reason for requiring the relief, i.e., the consolidation of these unrelated cases, as at the relief sought. However, certain defendants do have objections as to specific provisions in the proposed order. Therefore, CCN submits that it would make sense to schedule a hearing or status conference to discuss the parties positions in this respect.

### Memorandum of Law

While CCN continues to oppose consolidation, action must now be taken to protect CCN's proprietary information and trade secrets from disclosure to competitors and customers who are Defendants in the now consolidated action. Accordingly, CCN submits that a protective order, in the form attached, should be entered to protect CCN -- along with other Defendants -- from the disclosure of commercially sensitive information and documents through discovery in the consolidated actions.

---

[2] CCN submits that the most appropriate resolution of this issue would be to rescind the consolidation order, which creates this and other problems and yet achieves virtually no efficiencies of scale. If the cases are to proceed in consolidated fashion, however, then the prejudice caused by the protective order is outweighed by the protection afforded to the parties' confidential information.

This Court is vested with broad discretion to fashion and enter such a protective order. In re Alexander Grant & Co. Litigation, 820 F.2d 352, 357 (11th Cir. 1987) (citing Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1548 (11th Cir. 1985). "In order to preserve the confidentiality of sensitive materials, a district court may regulate access to the information by issuing a protective order pursuant to Rule 26(c)." Id. at 355. In Alexander Grant, the Eleventh Circuit affirmed this very Court's entry of a protective order to facilitate the free flow of discovery between parties entitled to such discovery, while at the same time protecting the disclosing parties' proprietary information. See In re Alexander Grant & Co. Litigation, 629 F.Supp. 593 (S.D. Fla. 1986).

As the Alexander Grant decision noted: "The *Manual for Complex Litigation, Second*, prepared by the Federal Judicial Center, suggests that in complicated cases where document-by-document review of discovery materials would be unfeasible, and 'umbrella' protective order, similar to the one issued in this case, should be used to protect documents designated in good faith by the producing party as confidential." In re Alexander Grant, 820 F.2d at 356. Here, CCN requests the entry of an umbrella order in a form consistent with that set forth in the *Manual for Complex Litigation*, including an "attorney's eyes only" provision designed to protect information that, for competitive reasons, should not be permitted to be viewed by in-house personnel. While this is prejudicial to the defendants, that prejudice is caused by the Court's prior consolidation order, and is clearly warranted in light of the requirements of that order.

CCN notes that, as is typical of umbrella order of this kind in complex commercial litigation, the proposed order includes opportunity to challenge confidentiality designations. Thus all the order does is allow the documents to be produced to trial counsel before resolution

4

of any challenge, so that (i) trial counsel can obtain documents without delay, and (ii) the parties, because the actually have the documents, need challenge designations only as to those documents worth arguing over, rather than every confidential document that is responsive to a discovery request. Absent an order of this kind, discovery would be delayed as parties argued individual claims for protection on a document-specific or question-specific basis.

For all of the foregoing reasons, CCN respectfully requests that this Court enter a protective order, in the form attached, governing the use and disclosure of confidential documents and information disclosed in discovery.

McGuireWoods LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street
Jacksonville, FL 32202
Telephone:    (904) 798-3200
Facsimile:    (904) 798-3207
wdeem@mcguirewoods.com

Attorneys for CCN Managed Care, Inc.

**Certificate of Service**

I certify that a copy of the foregoing has been furnished by U.S. Mail on this ___6___ day of November, 2001, to all counsel listed on the attached service list.

_____
Attorney

\\COM\84161.1

5

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Holly wood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No. 00-CIV-6061 Ferguson/Snow

DR. PAUL ZIDEL and All Others §
Similarly Situated, §
 §
    Plaintiffs, §
 §
v. §
 §
ALLSTATE INSURANCE COMPANY, §
 §
    Defendant/Third-Party Plaintiff, §
 §
v. §
 §
COMMUNITY CARE NETWORK, INC., §
d/b/a CCN, §
 §
    Third-Party Defendant. §
 §

## CONFIDENTIALITY ORDER

This cause came before the Court on third-party defendant CCN's motion for confidentiality order, and the Court finding good cause for the entry thereof, it is

ORDERED as follows:

1.    For purposes of this order, documents or information may be designated as "confidential" if they are deemed in good faith to comprise matters of a proprietary or commercially-sensitive nature, the value or benefit of which would be impaired by public disclosure or disclosure of which would cause undue embarrassment or public relations difficulties. Confidential documents or materials may be designated as "highly confidential" if

they are such that even disclosure to the parties to these cases, e.g., competitors or clients of the producing party, would cause undue impairment of value or competitive harm. All designations are subject to review by the Court as set forth below.

2.  Designation of Confidential or Highly Confidential Information. In connection with the discovery process in the this case and those cases that have been consolidated herewith for discovery purposes (the "Actions"), a producing party (or a party whose information is being disclosed by another party or a third-party pursuant to the discovery process) shall have the right, prior to production or disclosure of any documents or at any time thereafter, to stamp or otherwise designate as "Confidential" or "Highly Confidential" any and all such documents that it deems in good faith to include or be derived from confidential or highly confidential information. Parties receiving any documents so designated shall not use or disclose the information contained therein except in prosecution or defense of this action in accordance with this Order. The provisions of this Order extend to all information designated as Confidential or Highly Confidential, regardless of the manner in which disclosed, including, but not limited to, documents produced, responses to requests for production, responses to requests for admission, interrogatory answers, testimony through depositions, affidavits, and statements, exhibits to transcripts, or any other discovery materials, as well as any copies, notes, abstracts, reports, descriptions or summaries of the foregoing materials. To the extent that matter stored or recorded in the form of electronic or magnetic media is produced by any Plaintiff or Defendant in any form, the producing party may similarly designate such matter as Confidential or Highly Confidential to the party to whom the matter is produced.

3. All documents produced by parties or third-parties pursuant to discovery processes shall be treated as Highly Confidential for a period of thirty days, during which a designating Party may designate the materials as Confidential or Highly Confidential.

4. Testimony given in the course of discovery (including testimony of third-party witnesses) may be designated as Confidential or Highly Confidential: (i) by an appropriate statement by counsel on the record at the time of the giving of such testimony or within a reasonable time thereafter that any testimony is Confidential or Highly Confidential; or (ii) within thirty days after receipt of the transcript of the deposition or hearing testimony, by providing written notice to all Parties designating all or specific pages of such transcript as Confidential or Highly Confidential. If no designation is made during the deposition or hearing, the testimony (and any documents produced during the deposition or pursuant to a deposition subpoena) will nonetheless be treated as Highly Confidential for a period of thirty days following receipt of the transcripts, during which time a written designation may be made. If no designation is made orally at the hearing or deposition or within thirty days thereafter in writing, none of the parties are obligated to treat any document, testimony or any portion thereof as Confidential or Highly Confidential unless and until actual receipt of written notice as set forth in this paragraph. In the event of a designation on the record, the designating party shall make best efforts to require that the original transcript and all copies thereof, including exhibits if appropriate, be marked on their covers "Contains Confidential Information" or "Contains Highly Confidential Information."

5. The term "document" as used herein means any document as defined by Rule 34(a) of the Federal Rules of Civil Procedure.

6.	A designation of document or information confidentiality that was inadvertently omitted at the time of production of such document or information (including the thirty day period for designating deposition transcripts) may be corrected thereafter by written notification to opposing counsel, provided that the party in receipt of the previously non-designated document shall not be held to account for any disclosure thereof prior to such written notice. Upon receipt of such notice, counsel shall either mark all copies of such documents or transcripts as Confidential or Highly Confidential (according to the notice) or exchange all non-designated copies for copies of the document designated pursuant to the notice.

7.	<u>Limitation on Use of Confidential Information and Highly Confidential Information</u>. Information and documents designated as Confidential or Highly Confidential and all information learned or derived therefrom shall not be used or disclosed by the receiving party, nor by any party obtaining such information from the receiving party, for any purpose other than in furtherance of the prosecution or defense of the Actions.

8.	<u>Non-Disclosure of Confidential Information</u>. Subject to the other provisions of this Order, Confidential documents and the information derived therefrom, and testimony that has been designated as Confidential, shall not be exhibited or disclosed to any person or entity except:

(a)	Outside counsel of record in the Actions and any in-house counsel who is handling any of the Actions in their capacity as an attorney, as well as counsel's employees engaged in assisting any such counsel in the Actions;

(b)	Outside experts, consultants, or investigators consulted by the attorneys of record in the prosecution or defense of the Actions, provided that Paragraph 11 below has been complied with;

(c) Court reporters and court personnel in performance of their duties in connection with the Actions.

(d) Officers, directors and employees of the Parties charged with responsibility for the prosecution or defense of the Actions and/or any business decisions related thereto, provided that Paragraph 11 below has been complied with;

(e) Witnesses or potential witnesses to whom disclosure is contemplated in the course of the prosecution or defense of this action, provided that paragraph 11 hereof is adhered to; and

(f) Any persons who authored or received documents containing the Confidential information in question in the course of their employment by one of the Plaintiffs or Defendants in the Actions, or any of their respective affiliates.

9. <u>Non-Disclosure of Highly Confidential Information</u>. Subject to the other provisions of this Order, Highly Confidential documents and the information derived therefrom, and testimony that has been designated as Highly Confidential, shall not be exhibited or disclosed to any person except:

(a) Outside counsel of record in the Actions, <u>excluding</u> any in-house counsel, plus employees of outside counsel engaged in assisting any such counsel in the Actions;

(b) Outside experts, consultants, or investigators consulted by the attorneys of record and in-house counsel in the prosecution or defense of the Actions, provided that Paragraph 11 below has been complied with; and

(c) Court reporters and court personnel in performance of their duties in connection with the Actions.

10. Documents or information designated as Highly Confidential may nonetheless be disclosed to in-house counsel for a Party and officers, directors and employees of the Parties charged with responsibility for the prosecution or defense of the Actions and/or any business decisions related thereto, to the extent that information pertains directly to that particular Party and no other. Prior to any such disclosure, the designating party shall be advised as to the documents or information intended to be disclosed to in-house counsel for a Party or officers, directors and employees of a Party, and given ten business days in which to object. Any such objection shall be resolved by motion to the Court, with the Highly Confidential designation remaining operative unless and until the Court rules otherwise. Prior to any such disclosure, the requirements of paragraph 11 shall be complied with.

11. <u>Consent to this Order before Disclosure</u>. Before exhibition or disclosure of any Confidential or Highly Confidential Information is made to any persons described in Paragraphs 8(b), (d) and (e), Paragraph 9(b) and Paragraph 10 above, each such person shall agree to abide by the terms of this order and be subject to the jurisdiction of the Court, and shall signify such agreement by signing an affidavit, to be maintained by counsel disclosing the information and subject to review and copying by any other counsel upon request, which (i) acknowledges knowledge of all requirements of this order and agrees to be bound thereby, (ii) agrees to be subject to the jurisdiction of the Court in the Actions for purposes of enforcement hereof, and (iii) agrees to the propriety of and the entry of injunctive relief, in addition to any other appropriate remedies, in the event of an actual or threatened violation hereof.

12. <u>Limitation on Discovery Among Parties to Actions</u>. The parties acknowledge that the various Plaintiffs and Defendants in each of the Actions are not parties to some of the other Actions, yet due to the consolidation of these cases all parties may attend depositions even of

witnesses unrelated to their particular case. The parties agree that only those persons described above in paragraph 8(a) - (c) shall attend any deposition or review any information, testimony, or document produced or disclosed by any other Party in any of the consolidated Actions in which they: (i) are not a party; or (ii) have not been requested to produce documents and/or information, unless (and subject to the terms of this order) the disclosing party consents in writing to the disclosure. In noticing depositions, Parties shall indicate the action(s) to which particular deponents are germane.

13. <u>Court Filings</u>. All filings with the Court that contain or disclose Confidential or Highly Confidential Information shall be filed in a sealed envelope marked "SEALED PURSUANT TO COURT ORDER" and kept under seal until further order of the Court. Where practicable, only those portions of the filings that contain or disclose Confidential or Highly Confidential documents or information shall be filed under seal.

14. <u>Return of Confidential and Highly Confidential Information Upon Conclusion of the Actions</u>. Within thirty days after the Actions, including any appeals, are finally concluded, counsel in receipt of documents designated as Confidential or Highly Confidential shall: (a) return all such documents, including any copies, notes, abstracts and summaries thereof, to counsel for the producing party; or (b) if so instructed by the producing party, destroy all such documents.

15. <u>Disclosure of Confidential and Highly Confidential Information in Open Court</u>. Confidential Information or Highly Confidential Information shall not be disclosed in open court without first conferring with counsel for the producing party and the Court with respect to whether protective measures should be imposed before such disclosure.

16. <u>Notice of any Court Ordered Request for Disclosure of Confidential or Highly Confidential Information</u>. Any Party or person in possession of another Party's Confidential Information or Highly Confidential Information who receives a subpoena or other legal process requiring production or other disclosure of such information, shall immediately give notice to the disclosing party of the terms of said subpoena or legal process. The Party or person receiving the subpoena or other process shall inform the person or entity seeking such information of the existence of this Order and shall make good faith efforts to obtain no less than a ten-day period (from notice to the producing party) prior to production or disclosure of such information.

17. <u>No Admissions</u>. The entry of, adherence to, or implementation of this order shall not be an admission by any Party, nor shall it constitute a basis for claiming or arguing whether any particular document or information is, confidential, privileged, or admissible as evidence.

18. <u>Without Prejudice to Objections to Discovery</u>. This order shall be without prejudice to the right of any party to oppose production of any document or information on any ground whether based on confidentiality or otherwise.

19. <u>Challenges to Designations</u>. Any Party, upon timely notice, may bring before the Court the question of whether any particular document or testimony is properly designated as Confidential or Highly Confidential or should be subject to protective measures different than, or in addition to, those provided by this order. Subject to the applicable rules of the Court, the Parties shall seek to resolve such matters by agreement before they are presented to the Court. If no such resolution is reached, any such Parties shall bring such matter before the Court. No Party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not constitute a waiver of its right to challenge any such designation at a later date.

20. <u>Disclosure Outside of This Order</u>. Nothing herein shall prevent disclosure beyond the terms of this order, if the party claiming confidentiality consents in writing to such disclosure or if the party seeking such disclosure: (a) upon timely notice to producing party, receives the approval of the Court; or (b) obtains the information designated as confidential by the producing party from a public source or person lawfully entitled to its possession and in a manner unrelated to the disclosure made by the producing party.

21. <u>No Waiver</u>. Nothing herein shall prevent or in any way restrict a Party's rights with respect to its own documents or information and a Party may exhibit or disclose such documents or information to any third person without waiver of any rights or protections hereunder.

DONE AND ORDERED in Broward County, Florida, on this ____ day of _____, 2001.

_____
U.S. MAGISTRATE JUDGE

Copies to:

All counsel of record

\\COM\84294.1