UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/



**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT ALLSTATE INSURANCE COMPANY'S AND OTHERS'
MOTION FOR CLARIFICATION OF CASE MANAGEMENT
AND SCHEDULING ISSUES (D.E. #220)**

Class Plaintiffs DR. PAUL ZIDEL, MARC J. BROWNER, D.C., and ULTRA OPEN MRI CORPORATION, on behalf of themselves and all others similarly situated ("Class Plaintiffs"), by their undersigned counsel, hereby submit their Memorandum of Law in Opposition to Defendant ALLSTATE INSURANCE COMPANY ("ALLSTATE") and Others' Motion for Clarification of Case Management and Scheduling Issues ("Motion for Clarification") (D.E. # 220). For all the reasons set forth herein, Class Plaintiffs respectfully submit that the Motion for Clarification should be denied in all respects.

## ARGUMENT

The Motion for Clarification sets forth 28 numbered paragraphs on 13 pages arguing a myriad of issues. Basically, the Motion for Clarification seeks to reargue the consolidation issue and

7090-00100 337138.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

to reargue this court's scheduling order. It is interesting that the Defendants seek to reargue these issues five months after this Court orally ruled at the May 14, 2001 Status Conference that consolidation was granted and indicated that the trials would be scheduled in June, 2002. Now, after a flurry of Motions have been filed by the various Defendants, the Defendants seek to utilize these Motions to delay discovery and to delay these proceedings.

For the Court's convenience, Class Plaintiffs set forth below the specific paragraphs of the Motion for Clarification that require a response, with Class Plaintiffs' response to each respective paragraph:

Motion for Clarification

5. As reflected in the above table, several of the cases had not even been filed at the time the Motions for consolidation were submitted to the Court and, as such, the defendants in those cases were not parties to the consolidation motions, nor have they had an opportunity to test the legal sufficiency of the claims pleaded against them through motions to dismiss.

Response

Whether or not the Defendants in the various actions had an opportunity to respond to the Motions for Consolidation, it is well established that a motion to consolidate is not required and a court may sua sponte consolidate cases under Rule 42. See, Miller v. U.S. Postal Service, 729 F.2d 1033 (5th Cir. 1985); Mylan Pharmaceuticals, Inc. v. Henney, 94 F. Supp. 2d 36 (D.D.C. 2000); Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061 (C.D. Cal. 1999). Accordingly, this Court's Omnibus Order was clearly appropriate under Rule 42.

As to whether the Defendants had an opportunity to test the legal sufficiency of their claims pleaded against them, the claims asserted against the Defendants in these proceedings are identical to the claims which this Court has already determined to state valid causes of action against the

7090-00100 337138.1

2


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

insurance company Defendants. Had any of the Defendants desired to address the consolidation issue or desired to contest the legal sufficiency of the claims asserted against them, they had an ample opportunity to do so between the May 14, 2001 Status Conference and the September 28, 2001 Omnibus Order.

Motion for Clarification

6.    Plaintiffs sought consolidation of these matters ostensibly so all fifteen lawsuits could be treated in the same fashion and kept in the same timeframe, thereby eliminating, among other things, unnecessarily duplicative discovery and inconsistent results. However, several of the contracts at issue contain arbitration clauses, upon which some defendants already have brought, and others will bring, motions to compel arbitration. Such motions have and will also contain requests to stay the cases pending the outcome of the arbitration issues. Pursuant to Section 3 of the Federal Arbitration Act, this Court, upon finding the existence of arbitrable issues, will have to issue the requested stays, which will apply to all aspects of the affected cases including discovery. See Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998); Miller v. AAACon Auto Transport, Inc., 545 F.2d 1019, 1020 (5th Cir. 1977)(once satisfied that the issue is referable to arbitration under the agreement, the district court is required to stay the trial until such arbitration has occurred); Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F.2d 648, 649 (11th Cir. 1988)(district court should have stayed discovery after entering order to stay trial pending arbitration; "An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules."). Pending the outcome of such motions, it would be wholly inappropriate to require defendants who may be entitled to arbitrate their claims to proceed in this Court. Conversely, it would defeat the purpose of consolidation to exclude those who have filed such motions from the proceedings, only to have their motions denied requiring them to be thrust back into the case and necessitating duplicative proceedings. Thus, if all fifteen of these cases are to move forward as a consolidated block, the motions to compel arbitration will have to be resolved first. Moreover, if some of the cases that end up being arbitrated also have non-arbitrable issues,, the prudent course would be to stay the remainder of the consolidated cases until the arbitration proceedings are completed, thereby allowing the non-arbitrable issues between the arbitrating parties to be resolved in lockstep with the consolidated actions. To do otherwise would defeat the purpose of the consolidation and could lead to inconsistent results and unnecessary duplication and waste. See Western Int'l Media Corp. v. A.R. Johnson, 754 F. Supp. 871, 874 (S.D. Fla. 1991)(stay of cross-claims appropriate pending arbitration involving some of the parties; to allow court proceedings to continue with respect to other defendants could lead to inconsistent results and unnecessary duplication and waste).

Response

As asserted in the various memoranda of law in opposition to the various motions to compel arbitration, there is no basis for the Defendants in these cases to compel arbitration. The Defendants who filed motions to compel arbitration waited over four months from the date of the May 14, 2001



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Status Conference to file their motions. At no time during the four month period did any of the Defendants object to consolidation based on the fact that they would be filing motions to compel arbitration. The Defendants should not be allowed to attempt to have this Court reverse its consolidation order by filing the various motions to compel arbitration and to stay discovery in order to create issues that could be utilized as an argument against consolidation. Discovery should proceed in accordance with this Court's Scheduling Order and the Defendants should not be allowed to continue delaying these proceedings.

Motion for Clarification

8. The schedule set in the Amended Pretrial Order appears to conflict with provisions of the Local Rules of this Court. These complex cases properly can and should be designated to the Complex Track under Local Rule 16. 1. As such, the parties would be allowed a period of between 270 and 365 days for discovery. Either end of the discovery period called for under the Local Rule, however, would fall after the trial date set in the Amended Pretrial Order.

Response

This Court's Amended Pretrial Order sets forth a discovery schedule that provides the parties a full opportunity to conduct discovery. Subsequent to the May 14, 2001 Status Conference at which this Court orally ruled that all discovery stays were lifted, Class Plaintiffs attempted to conduct discovery. The Defendants refused to cooperate in taking part in discovery. In fact, even after this Court entered its Omnibus Order, the Defendants have continued to resist discovery by filing motions for clarification, reaffirmation, to stay discovery, to stay merits discovery, for protective orders, and by refusing to cooperate in the scheduling of depositions. Having now wasted six months by refusing to take part in discovery, it is hard to imagine how the Defendants can argue in good faith that this Court's Amended Pretrial Order conflicts with the provisions of the local rules of this Court by not providing enough time to complete discovery. If Defendants were so concerned

ATLAS PEARLMAN
ATTORNEYS AT LAW

about conducting discovery, they would not have refused to take part in discovery after this Court's oral ruling at the May 14, 2001 Status Conference. Clearly, Defendants' purported concerns regarding discovery are nothing more than an argument designed to delay these proceeds and to avoid the deadlines set forth in this Court's Amended Pretrial Order.

Motion for Clarification

9. In addition, the schedule set in the Amended Pretrial Order does not provide adequate time for the parties to conduct discovery necessary to prepare to respond to the pending motions for class certification. In that regard, twenty-two separate defendants will need to take discovery from the seven putative class representatives, each of whom has a different contract and different billing and accounting issues, all of which must be addressed in order for the defendants to address the issues raised in connection with the requested class certification. In addition, some of the parties (CCN, Beech Street, ADP) are involved in several of these cases, either as defendants or as third-party defendants, and will thus be subject to separate discovery as to many, if not all, of the seven putative class representatives.

Response

Once again, if Defendants were so concerned about the time necessary to conduct discovery to respond to the pending motions for class certification, the Defendants would have taken part in discovery after the May 14, 2001 status conference. It is important to note that the Defendants, who are arguing that there is not enough time to conduct discovery, continue to refuse to take part in discovery and have made no effort whatsoever to conduct any of the discovery they claim is necessary.

Motion for Clarification

10. At this point in time, neither the Movants, nor the third-party defendant in <u>Zidel v. Allstate Insurance Company</u>, Case No. 00-6061-CIV-FERGUSON, Community Care Network, Inc. ("CCN"), have had an opportunity to take any class certification discovery, nor even a certification deposition of the putative class representative.

Response

All Defendants have had an opportunity to take discovery in all pending cases. The Defendants have chosen not to. The Defendants have refused to participate in discovery. As of this date, the Defendants have not attempted to take any discovery.

Motion for Clarification

11. The defendants must be permitted time to serve and receive responses to written discovery requests before being required to begin taking depositions. Even if the parties were immediately to serve each other with written discovery requests strictly tailored to class certification issues, based on the standard thirty-day response periods provided by Rules 33 and 34 of the Federal Rules of Civil Procedure, it appears that three to four months will be needed to conduct, in an orderly fashion, the necessary class certification discovery. In the best of circumstances, depositions could not even begin for at least another thirty to forty-five days. This assumes, of course, that no extensions are requested and that no disputes arise concerning written discovery requests. Given the nearly forty parties involved in the now consolidated proceedings, moreover, the substantial number of depositions also portend to be unwieldy and lengthy proceedings as well.

Response

The Defendants have been permitted to serve written discovery since these cases were filed more than six months ago. Defendants have been permitted to serve written discovery since this Court lifted all discovery stays at the May 14, 2001 Status Conference. Class Plaintiffs served written discovery subsequent to the Omnibus Order, but the Defendants have failed to respond to the written discovery in any of the cases. Defendants have been able to serve written discovery relating to the class certification issues since May. Defendants have been able to conduct class certification discovery since May. The Defendants have chose not to. Now that they are faced with an April 1, 2002 discovery cut-off, the Defendants claim that there is not enough time to complete discovery. The arguments asserted in this paragraph demonstrate Defendants' blatant effort to delay these proceedings as long as possible and to avoid the April 1, 2002 cut-off.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Motion for Clarification

      12.      In addition, the contract at issue in <u>Zidel v. Allstate Insurance Company</u>, Case No. 00-6061-CIV-FERGUSON, in particular, contains an arbitration clause. CCN has, on that basis, filed a Motion to compel arbitration and to stay or dismiss the litigation entirely. It makes no sense to litigate the issue of class certification, with the discovery and extensive briefing that doing so would entail, prior to knowing whether that case will remain in litigation at all.

Response

      As further set forth in ZIDEL's Memorandum of Law in Opposition to Third-Party Defendant CCN's Motion to Compel Arbitration, CCN's Motion to Compel Arbitration should be denied. ALLSTATE has not filed a Motion to Compel Arbitration. The Defendants were aware of these issues for months and their effort to derail these proceedings at this late date should be denied.

Motion for Clarification

      15.      In addition, on October 11th, counsel for plaintiff made the following demand by e-mail on counsel for all of the defendants:

> "As to the scheduling of depositions, please provide dates for the depositions of each defendant's corporate representative designated under Rule 30(b)(6) with the most knowledge of:
>
> 1.      The Defendant's solicitation, discussions, and agreement with any respective PPO;
>
> 2.      The Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;
>
> 3.      The Defendant's automobile insurance policies;
>
> 4.      The processing of personal injury protection benefits claims;
>
> 5.      Any agreements the Defendant entered into with health care providers relating to the payment of personal injury benefits claims at reduced or preferred provider rates."
>
> 6.      The practical effect of that extraordinary demand well may require the designation and deposition of as many as one hundred and ten (110) separate corporate representatives (one deponent for each category for each of 22 defendants). Even

assuming, arguendo, that more than one proceeding could be conducted in a given day, it nevertheless will take several months simply to get through those 30(b)(6) depositions, without even taking into account the discovery requests and depositions to be noticed by the defendants.

Response

The Defendant's assertion that 110 separate corporate representative depositions will be necessary is entirely baseless. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Class Plaintiffs served a Notice of Taking Deposition and specified the subject matter of the deposition. If Defendants choose to employ procedurally dilatory tactics by having a separate corporate representative for each topic, of course there would be numerous depositions.

It is also incredible that ALLSTATE would take the position that the deposition of a corporate representative is somehow prejudicial. In response to ZIDEL's Motion to Compel and for Sanctions, ALLSTATE set forth its position that the depositions of specific ALLSTATE individuals should not take place until such time as a corporate representative designated by ALLSTATE was deposed. At the time, ALLSTATE was requesting that corporate representative depositions take place before other depositions. Now, when Class Plaintiffs schedule the depositions of corporate representatives, ALLSTATE and the other Defendants complain that these depositions should not go forward. Defendants are required in by Rule 30(b)(6), to prepare and present a corporate representative to testify as to the subject matter in Class Plaintiffs' Notice of Taking Depositions. The depositions of the corporate representatives have already been scheduled and can be completed within the next 90 days.

Motion for Clarification

19.    Although these cases may appear to assert similar theories of liability against the various defendants the cases do not actually present common questions warranting consolidated proceedings. There

7090-00100 337138.1                 8



is little if any overlap in parties. The cases involve different contracts and arrangements requiring separate and distinct interpretations by the Court. The cases involve different conduct by the insurance companies and other defendants. The defendants will assert differing legal and factual defenses. As a result, there is little likelihood of potential economies and no judicial labor is likely to be saved by further consolidated proceedings.

Response

The Defendants are rearguing the same arguments they previously raised in opposition to consolidation. This Court determined that consolidation, for discovery purposes, was appropriate.

Motion for Clarification

19.	In addition, because the actions involve many different and unrelated parties, consolidated discovery on the merits of plaintiffs' claims is unlikely to provide any tangible benefit to the parties or meaningfully reduce litigation expenses. The discovery adduced in one action, in fact, may not even be relevant in or probative of the claims in the other actions.

Response

If the Defendants believe that discovery in certain cases is unlikely to provide any tangible benefit to the parties or meaningfully reduce litigation expenses, the Defendants are free to avoid such discovery. For instance, if the Defendants believe that the deposition of the corporate representative of another Defendant will not provide any benefit to them in their case, they do not have to attend the deposition. Likewise, when the Defendants ultimately produce documents, the Defendants are free to obtain copies of whatever documents they desire and if documents are irrelevant to their case, they can ignore them.

Motion for Clarification

20.	Furthermore, much of the merits discovery in the consolidated actions will likely involve confidential and proprietary information. Many of the defendants are direct competitors who will be highly sensitive to disclosure of businesses information. Several of the defendants, moreover, are providers for a number of other defendants, who will likewise wish to avoid disclosing pricing and related information from one customer to the next. At a minimum, therefore, the Court faces the prospect of receiving a multiplicity of motions for entry of complex and unwieldy protective orders. To the extent they prove to be remotely

CASE NO. 00-6061-CIV-FERGUSON/SNOW

workable in practice, moreover, the requested restrictions are likely to present serious implications for the ability of the parties' attorneys to properly conduct the litigation and to prepare their clients' defenses.

Response

These issues were fully addressed by the various parties before this Court entered its Omnibus Order consolidating these cases. This Court's Omnibus Order specifically recognizes that confidentiality orders should be utilized. In fact, subsequent to the May 14, 2001 Status Conference where this Court ruled that the actions would be consolidated and that the parties' concerns relating to confidentiality could be addressed by a confidentiality order, Class Plaintiffs sought such a confidentiality order from the Defendants. The Defendants, who are purportedly concerned with confidentiality, failed to provide a proposed confidentiality order. Class Plaintiffs then advised that if a proposed confidentiality order was not provided, Class Plaintiffs would file a Motion seeking the entry of a confidentiality order in the same form as that set forth in the Manual for Complex Litigation, Third. Defendants failed to respond. Class Plaintiffs then filed their Motion for Entry of Confidentiality Order, which remains pending.

It is also interesting to note that many of the insurance companies are represented by the same counsel. ALLSTATE INSURANCE, ALLSTATE INDEMNITY, FIDELITY AND CASUALTY, CONTINENTAL & DEERBROOK are all represented by the same counsel. In addition, HARTFORD, METROPOLITAN and INTEGON are represented by the same counsel. Accordingly, it is hard to imagine how some of these Defendants can profess concerns relating to confidentiality when their counsel will be reviewing confidential information for more than one insurance company defendant. In addition, if the Defendants were truly concerned about confidentiality, they would


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

have agreed on a Confidentiality Order that protects their interests. Defendants' claim that they cannot agree on a confidentiality order is a transparent attempt to reargue the consolidation issue.

Motion for Clarification

20. Likewise, a consolidated trial will neither be desirable nor feasible in light of the substantial disparity in issues and facts between the various cases, as well as the continuing need to strictly protect from disclosure the par-ties' respective, confidential business information.

Response

This Court did not enter an Order consolidating these proceedings or the trials. The Omnibus Order specifically indicates that the cases are consolidated for discovery purposes. The trial order merely sets all actions for trial during the same trial period. It does not indicate that a consolidated trial will take place. As this Court indicated during the May 14, 2001 status conference, issues regarding consolidation of the trial will be determined at a latter.

Motion for Clarification

23. Requiring briefing on class certification issues before defendants are permitted a reasonable time to conduct orderly discovery specifically tailored to those issues would be premature and thus an abuse of this Court's discretion. See In re Miller Industries, Inc. Secs. Litg'n, 186 F.R.D. 680, 684 (N.D. Ga. 1999)(parties should be allowed to take discovery to adduce evidence relevant to certification issues before addressing the motion for class certification); In re Polypropylene Carpet Antitrust Litg'n, 178 F.R.D. 603, 609 (N.D. Ga. 1997) (same proposition); Manual for Complex Litigation (Third), §30.11 (discovery is proper prior to determining propriety of class certification). See generally Maid-Pour v. Georgiana Community Hosp., Inc., 724 F.2d 901, 902-903 (11th Cir. 1984) (court abused its discretion by deciding motion to dismiss for lack of jurisdiction without affording the plaintiff an opportunity to take requested, reasonable discovery to adduce evidence on point).

Response

As indicated above, the Defendants have had a substantial amount of time to conduct discovery specifically tailored to any issue in this case. Defendants have refused to do so. The Defendants should not be permitted to refuse to take part in discovery and to then argue that they



have not had an opportunity to conduct discovery. The Defendants should not be allowed to dictate that discovery proceeds according to their own schedule. They should be required to comply with the schedule set forth by this Court.

Motion for Clarification

26.   A proposed form of amended scheduling Order is attached as Exhibit A.

Response

Class Plaintiffs object to the proposed amended scheduling order. Class Plaintiffs, subsequent to the May 14, 2001 Status Conference, attempted to negotiate a proposed case management order with the Defendants. Defendants refused to discuss the proposed case management order. Now, after this Court has entered its trial order, Defendants unilaterally set forth a new scheduling order which contains deadlines that would have this case last for years. For example, based on the proposed scheduling order, assuming the Court rules immediately when certain motions are fully briefed, Defendants propose a discovery cut-off of class certification issues in November, 2002. Defendants propose an overall discovery cut-off of August, 2003 and the earliest trial date under Defendants proposed scheduling order is October, 2003. If this court does not immediately rule on fully briefed Motions, the above dates and trial would be postponed even further. Defendants' Motion for Clarification is nothing more than an effort to reargue the consolidation issues and to delay these proceedings indefinitely. The Motion for Clarification should be denied and the parties should be ordered to comply with this Court's trial order.


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CONCLUSION

For all the reasons set forth herein, Class Plaintiffs DR. PAUL ZIDEL, MARC J. BROWNER, D.C., and ULTRA OPEN MRI CORPORATION, on behalf of themselves and all others similarly situated, respectfully requests that this Court enter an Order denying Defendant ALLSTATE INSURANCE COMPANY's and Others' Motion for Clarification of Case Management and Scheduling Issues, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 7th day of November, 2001 upon: all individuals on the attached service list.

_____
ERIC LEE

ATLAS PEARLMAN

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:
Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile


7090-00100 318823.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile