UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/



THE CHIROPRACTIC CENTRE, INC.,
On behalf of itself and all others
similarly situated,

     Plaintiff,

vs.

SUPERIOR INSURANCE COMPANY,

     Defendant.

_____/

CASE NO. 01-6782-CIV-FERGUSON

---

**CLASS PLAINTIFFS' CONSOLIDATED REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Class Plaintiffs DR. PAUL ZIDEL, KEITH BRICKELL, D.C., MARC J. BROWNER, D.C.,

SALVATORE D. LARUSSO, D.C., ULTRA OPEN MRI CORPORATION, and THE

CHIROPRACTIC CENTRE, INC. ("TCCI"), on behalf of themselves and all others similarly

situated ("Class Plaintiffs"), by their undersigned counsel, hereby submit their Reply Memorandum

of Law in Support of their Motion for Entry of Confidentiality Order (D.E. 201). For all the reasons

7090-00100 337266.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

set forth herein and in their Motion for Entry of Confidentiality Order, Class Plaintiffs respectfully submit that their Motion should be granted in all respects.

## ARGUMENT

I.    Reply to SUPERIOR.

Defendant SUPERIOR INSURANCE COMPANY ("SUPERIOR") opposes the entry of a Confidentiality Order based on: (1) its confusion as to whether the Motion applied to SUPERIOR; and (2) its purported inability to have an opportunity to discuss the proposed Confidentiality Order. These assertions are entirely baseless.    This Court's September 28, 2001 Omnibus Order consolidated the 15 pending PPO reduction class actions.    The Motion for Entry of Confidentiality Order, in accordance with this Court's Omnibus Order, was filed in the consolidated proceedings and was served on all counsel for all Defendants in the consolidated proceedings.    SUPERIOR recognizes that its action was consolidated for discovery purposes, but indicates that SUPERIOR is unclear whether the Motion for Entry of Confidentiality Order "is intended to apply in the above-styled litigation."    It is hard to imagine how SUPERIOR can be confused when TCCI was one of the parties seeking the entry of a Confidentiality Order in these consolidated proceedings.    Accordingly, SUPERIOR's "confusion" provides no basis to deny the Motion for Entry of Confidentiality Order.

This Court's Omnibus Order specifically recognizes that a confidentiality order would be necessary to protect the various parties' interests.    Since this Court orally ruled at a May 14, 2001 Status Conference that the actions would be consolidated and that a confidentiality order could be utilized, Class Plaintiffs have been attempting to obtain a proposed confidentiality order from the

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Defendants. Despite repeated requests, the Defendants failed to provide an agreed confidentiality order.

SUPERIOR's representation that Class Plaintiffs have not attempted to negotiate the terms of a confidentiality order since May 14, 2001 is absolutely false. SUPERIOR's counsel has been a party to numerous e-mails relating to the confidentiality order issue. In fact, on October 3, 2001, based on the Omnibus Order, an e-mail was sent to all defense counsel, including SUPERIOR's counsel, requesting that the proposed confidentiality order be forwarded to counsel for Class Plaintiffs. On October 9, 2001, an e-mail was sent to all defense counsel, including SUPERIOR's counsel, once again requesting the proposed confidentiality order. The October 9, 2001 e-mail specifically advised that if the proposed order was not received by Friday, October 12, 2001, Class Plaintiffs would file a motion with the Court requesting the entry of an order in the form set forth in the Manual for Complex Litigation, Third, Section 41.36.[1] Accordingly, it is hard to imagine how SUPERIOR can argue in good faith that it was not involved in these discussions. SUPERIOR just chose to ignore them.

In addition, it is interesting that SUPERIOR represents that the proposed confidentiality order was not attached to its copy of the Motion. The Motion specifically indicates that the proposed confidentiality order is identical to the form confidentiality order from the Manual for Complex Litigation, Third. In addition, rather than contact counsel for Class Plaintiffs to have a copy of the proposed order sent, faxed, or e-mailed, SUPERIOR instead chose to claim that it was not provided

---

[1] In accordance with Local Rule 7.7, Class Plaintiffs have not attached these e-mails as exhibits, but can provide them to the Court if requested.

ATLAS PEARLMAN
ATTORNEYS AT LAW

with a copy of the proposed confidentiality order. Finally, rather than provide provisions it would desire to have included in a confidentiality order, SUPERIOR instead requests that Class Plaintiffs' Motion be denied.

II.   Reply to BEECH STREET and ADP.

Defendants BEECH STREET CORPORATION ("BEECH STREET") and ADP INTEGRATED MEDICAL SOLUTION, INC. ("ADP") agree that a confidentiality order should be issued, utilize their response as a platform to reargue consolidation issues, and attach a proposed confidentiality order. BEECH STREET and ADP assert that the Defendants' inability to agree to the terms of a confidentiality order indicates that the cases should not be consolidated. Obviously, the Defendants' self-serving inability to agree on the terms of a confidentiality order provides no basis to reconsider the consolidation of these cases. Defendants have had almost six months to agree on a confidentiality order. Rather than agree on a confidentiality order or file Motions addressed to the concerns of each respective Defendant, the Defendants have instead chosen to attempt to utilize their inability to agree on a proposed confidentiality order to their benefit. Defendants' failure to agree on a proposed confidentiality order provides no basis for this Court to reconsider the consolidation issues.

When consolidating these cases, this Court heard argument from the Defendants relating to their confidentiality concerns. Based on these concerns, this Court, in the Order consolidating these proceedings, specifically indicated that the parties could seek a confidentiality order to protect their interests. Class Plaintiffs filed their Motion for Entry of Confidentiality Order to ensure that the various parties will properly respond to discovery. Defendants are likely to assert objections to the

4



CASE NO. 00-6061-CIV-FERGUSON/SNOW

production of certain documents and information based on claims of confidentiality, trade secrets, and proprietary information. Rather than have this Court address those issues on a case by case basis, the purpose of a uniform confidentiality order is to allow the information to flow freely among the parties' counsel.

Class Plaintiffs have no desire to have any Defendant disclose confidential information to competitors without being adequately protected. Class Plaintiffs have no objection to the proposed confidentiality order attached to BEECH STREET's and ADP's Response. Class Plaintiffs proposed the form from the Manual for Complex Litigation, Third, since it is a standard confidentiality order utilized in consolidated class action proceedings such as this. However, if BEECH STREET and ADP believe that their proposed confidentiality order provides better protection to the various Defendants in these proceedings, Class Plaintiffs have no objection to their proposed confidentiality order. Class Plaintiffs merely desire to proceed with discovery and to allow the parties to protect their confidential and proprietary information.

III.    Reply to HARTFORD, INTEGON and METROPOLITAN.

Defendants HARTFORD INSURANCE COMPANY OF THE MIDWEST ("HARTFORD"), INTEGON NATIONAL INSURANCE COMPANY and INTEGON GENERAL INSURANCE CORPORATION ("INTEGON"), and METROPOLITAN CASUALTY INSURANCE COMPANY ("METROPOLITAN") have filed nearly identical responses asserting that good cause has not been established, that it is premature to enter a confidentiality order, and that a confidentiality order would not be necessary if the matters were not consolidated. First, the representations made in HARTFORD's and METROPOLITAN's response that the Class Plaintiffs failed to meet and confer



CASE NO. 00-6061-CIV-FERGUSON/SNOW

in good faith regarding the terms of a confidentiality order are false. As discussed above in response

to SUPERIOR's similar assertion, numerous efforts were made to address a proposed confidentiality

order. In fact, counsel for HARTFORD and METROPOLITAN even took part in a conference call

with counsel for Class Plaintiffs relating to case management issues during which the issue of a

confidentiality order was specifically discussed. Since the Defendants desired to protect their

confidential and proprietary information, Class Plaintiffs requested that a proposed confidentiality

order be prepared, agreed upon, and forwarded by defense counsel for counsel to Class Plaintiffs.

Accordingly, HARTFORD's and METROPOLITAN's representation that no discussions took place

is simply untrue.

HARTFORD's, INTEGON's, and METROPOLITAN's assertions that good cause does not

exist and that a confidentiality order is not necessary in these proceedings is entirely misplaced.

INTEGON, HARTFORD, and METROPOLITAN are utilizing their purported opposition to the

propsed confidentiality order as a basis to reargue the consolidation issues. This Court has already

addressed these issues. As this Court has already ruled, these actions are consolidated for discovery

purposes and the parties can seek a confidentiality order to protect their confidential and proprietary

information. Thus, there is good cause for the entry of a confidentiality order. In addition, it is

interesting that INTEGON, HARTFORD, and METROPOLITAN argue that they have serious

concerns about the production of confidential and proprietary information to their competitors. Each

of these insurance companies is represented by the same counsel. If HARTFORD provides

confidential and proprietary information to its counsel that is beneficial to INTEGON's defense, it



CASE NO. 00-6061-CIV-FERGUSON/SNOW

will be interesting to see how counsel representing both of these competitors will deal with such information.

The example set forth by INTEGON, HARTFORD and METROPOLITAN as to how a confidentiality order could prejudice them, further demonstrates the futility of their argument. The example assumes that counsel for INTEGON, HARTFORD, and METROPOLITAN attended a deposition of an ALLSTATE witness who testified as to INTEGON's, HARTFORD's, or METROPOLITAN's claim practices or as to industry practices in general. They then argue that if ALLSTATE was to designate the information confidential, counsel for INTEGON, HARTFORD, and METROPOLITAN would be unable to share that information with their client. This argument fails to recognize the fact that if these matters are not consolidated for discovery purposes, counsel for INTEGON, HARTFORD, and METROPOLITAN would not even attend the deposition of the ALLSTATE corporate witness and would never even know that the ALLSTATE corporate witness testified as to various claim practices. Thus, this example demonstrates why consolidated discovery benefits all parties. Class Plaintiffs have no desire to prohibit counsel for any Defendant from consulting with their client regarding any information revealed during the course of this litigation. Class Plaintiffs merely desire to have discovery proceed in this consolidated action with a confidentiality order in place that protects the parties' interests.

IV.    Reply to LIBERTY MUTUAL.

Defendant LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY MUTUAL") objects to the Confidentiality Order based on its claim that Defendants would not be able to share proprietary information with their clients, but that Plaintiffs' counsel could share the information

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

with their clients. LIBERTY MUTUAL also briefly objects to a Confidentiality Order because it is purportedly necessitated by consolidation of these cases. As to the first issue, Class Plaintiffs have no desire to prejudice the Defendants. To the extent that any information is deemed confidential, the parties and their counsel should be able to utilize the information to prosecute or defend themselves in these proceedings, but should not be able to utilize the information for any purposes other than litigating these consolidated proceedings. Class Plaintiffs have similar concerns about the confidentiality of documents, especially documents relating to patients/insureds. Accordingly, a confidentiality order should be entered that protects the parties' interests, but allows the parties to utilize the information in these consolidated proceedings.

V.    Reply to ALLSTATE, DEERBROOK, FIDELITY, and CONTINENTAL.

Defendants ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, DEERBROOK INSURANCE COMPANY, FIDELITY AND CASUALTY COMPANY OF NEW YORK, AND CONTINENTAL INSURANCE COMPANY filed a consolidated opposition to the Motion for Entry of Confidentiality Order. These Defendants utilize their opposition as a platform to once again reargue the consolidation issues. As further set forth in the Class Plaintiffs' various memoranda of law in opposition to the numerous motions for reconsideration, clarification, etc., this Court already heard these arguments and has ordered that these matters be consolidated. No new issues have been raised and consolidation is clearly appropriate.

With regard to these Defendants' opposition to "any confidentiality order which does not expressly prohibit disclosure to competitors, their counsel, their experts, etc." it is hard to imagine



how five different insurance company Defendants, all represented by the same counsel, can oppose a confidentiality order that does not prohibit disclosure to competitor's counsel.    Documents produced by CONTINENTAL will automatically be disclosed to ALLSTATE's, DEERBROOK's, and FIDELITY's counsel because the same counsel represents these insurance company Defendants. In addition, if Class Plaintiffs produce documents that are confidential and proprietary and relate to CONTINENTAL, if those documents would be useful to ALLSTATE, DEERBROOK, or FIDELITY, it is hard to imagine how counsel for CONTINENTAL will be able to utilize those documents if these proceedings are not consolidated and an order is entered precluding dissemination among counsel for Defendants.    These actions have been properly consolidated.    In order to protect the parties' interests, a confidentiality order should be issued that limits disclosure of confidential information and limits the utilization of such confidential information to these proceedings.

## CONCLUSION

For all the reasons set forth herein, Class Plaintiffs respectfully submit that this Court should enter an Order granting their Motion for Entry of Confidentiality Order, together with such other and further relief as this Court may deem just and proper.



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

7090-00100 337266.1

10

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899  Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this ___7th___ day of November, 2001 upon: all individuals on the attached service list.

_____
ERIC LEE



## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

