IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Consolidated Civil Action No. 00-CIV-6061 Ferguson/Snow

NIGHT BOX FILED

NOV - 8 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

Referred to United States Magistrate Judge Snow

| | | |
|---|---|---|
| DR. PAUL ZIDEL, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| ALLSTATE INSURANCE COMPANY, | § § | (Original Case No. 00-6061) |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § | |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | § § § | |
| Third-Party Defendant. | § § | |

**CCN'S REPLY MEMORANDUM IN SUPPORT OF ITS
PARTIALLY UNOPPOSED MOTION TO COMPEL ARBITRATION**

Third-Party Defendant, CCN Managed Care, Inc. ("CCN"), submits this Reply Memorandum in Support of its Partially Unopposed Motion to Compel Arbitration.

Plaintiff's claims rely on rights purportedly afforded by his Provider Agreement with CCN -- i.e. the right, as a member of CCN's healthcare provider network, to limit access to his discounted rates to only those CCN clients who provide Plaintiff's preferred form of "steerage." Absent this alleged contract right, none of Plaintiff's claims are viable. However, the Agreement also contains a broad arbitration clause. Therefore, Plaintiff may not both assert his contractual position and at the same time oppose arbitration. Under the strong federal policy favoring enforcement of arbitration clauses, parties to agreements with arbitration clauses are simply not allowed to litigate claims involving their contract rights.

In his memorandum opposing to CCN's motion to compel arbitration, Plaintiff argues that (i) CCN has no right to compel arbitration, (ii) CCN has waived its right to compel arbitration, or (iii) Plaintiff claims are not subject to arbitration under the Provider Agreement. As demonstrated below, all of these arguments lack merit.

### I.   CCN Has Standing to Compel Arbitration of Plaintiff's Claims

Plaintiff initially sued CCN in this case, following which CCN filed its first motion to compel arbitration. Plaintiff then abandoned his claims against CCN and proceeded solely against CCN's client, Allstate, in hopes of avoiding arbitration. However, as set forth in the motion at bar (CCN's second motion to compel arbitration, asserted after being brought back into the case), a party to an arbitration agreement may not avoid arbitration simply by choosing not to sue the other signatory to that agreement. Where the claims rely on rights afforded by the contract, or where the claims allege concerted action involving the non-signatory defendant (i.e. CCN's client, Allstate) and the signatory third-party (i.e. CCN), courts routinely require arbitration of claims against the non-signatory defendant.

Rather than address the merit or reasoning of the foregoing principle, or its application here, Plaintiff merely attempts to factually distinguish the case at bar and two of the many cases CCN cited -- MS Dealer Service Corp. v. Franklin, 177 F.3d 942 (11th Cir. 1999) and In re Managed Care Litigation, 132 F. Supp.2d 989 (S.D. Fla. 2000). Plaintiff's effort is logically flawed, inapposite to the present dispute, and thus unavailing.

Plaintiff addresses MS Dealer by arguing that arbitration in that case was compelled by the non-signatory defendant. Here, the analogy would be Allstate moving to compel arbitration. However, if a non-signatory defendant (such as Allstate) can compel arbitration of a plaintiff's claims based upon the plaintiff's agreement with a signatory third-party, surely the third-party

itself can do so. Indeed, as the only non-signatory to the Provider Agreement mandating arbitration, only Allstate would be able to oppose arbitration on these grounds, yet ***Allstate has agreed to -- and joined in -- CCN's motion***. This alone negates Plaintiff's standing argument.

Plaintiff also contends that the opinion in In re Managed Care Litigation distinguished that case from MS Dealer on grounds that the signatory and non-signatory defendants in In re Managed Care Litigation did not have a sufficiently "close relationship". Here, however, Plaintiff himself has alleged a close relationship between Allstate and CCN, including allegations that CCN and Allstate acted in concert and collectively engaged in an actionable scheme. That brings this case directly within the parameters of MS Dealer. Moreover, the court in In re Managed Care Litigation only ruled that the non-signatory could not compel arbitration of claims against it under the facts presented. It did not announce a blanket prohibition precluding arbitration of claims against non-signatory parties, and it did not hold that a signatory (such as CCN here) could not enforce an agreement with regard to another signatory.

Simply put, MS Dealer and In re Managed Care Litigation, along with the other authority cited in CCN's Motion to Compel Arbitration, clearly establish CCN's ability to compel arbitration of Plaintiff's claims. Plaintiff's attempts to distinguish these opinions are wholly unavailing.

II.   **CCN Has Not Waived Its Right to Compel Arbitration**

In light of the strong presumption favoring arbitration, federal courts take a critical view of claims that a right to arbitrate has been waived. A party claiming waiver bears a heavy burden that is seldom met. See Adams v. Merrill Lynch Pierce Fenner & Smith, 888 F.2d 696, 701 (10th Cir. 1989)(parties asserting waiver of arbitration bear a "heavy burden"); Dickinson v. Heinold Securities, Inc., 661 F.2d 638, 641 (7th Cir. 1981)(a waiver of arbitration is not lightly

3

to be inferred). Although in very limited circumstances a party may waive his right to demand arbitration, mere delay or even substantive participation in the litigation, without more, will not suffice. Rather, the party asserting waiver must show *both* substantive participation in the litigation *and* that he has been substantially and substantively prejudiced thereby. See Adams, 888 F.2d at 701 ("Parties seeking to prove waiver of arbitration obligations bear a heavy burden; they must show substantial prejudice."); Fraser v. Merrill Lynch Pierce Fenner & Smith, Inc., 817 F.2d 250, 252 (4th Cir. 1987) (Waiver of a right to demand arbitration may be found against a party "so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.").[1] Even the case law cited in Plaintiff's Memorandum in Opposition establishes that waiver can only be found where the party seeking to compel arbitration substantially participates in the litigation and the opposing party is prejudiced thereby. See Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 1222 (11th Cir. 2000). Plaintiff has not made -- and cannot make -- either showing in this case.

### (a) *CCN's Participation In this Litigation Has Been Minimal.*

CCN's involvement in this litigation has been limited and has been entirely administrative and responsive, as opposed to "offensive" in nature. CCN initially moved to compel arbitration after it was first named as a defendant, following which Plaintiff dropped his claims against CCN and Allstate filed its third-party claim. Since being served with Allstate's Third-Party Complaint, CCN has:

(a)  answered Allstate's Third-Party Complaint;

(b)  joined in an agreed motion to amend a pretrial order;

(c)  notified the Court that it had received a transcript (which dictated the timing of other obligations);

---

[1] See also Com-Tech Associates v. Computer Associates International, Inc., 938 F.2d 1574 (2d Cir. 1991); Dickinson v. Heinold Securities, Inc., 661 F.2d 638 (7th Cir. 1981).

4

  (d)  filed a memorandum opposing consolidation;

  (e)  responded to Plaintiff's motion to continue the trial date;

  (f)  opposed Plaintiff's motion to limit CCN's ability to communicate with members of its network, *in which CCN noted that it intended to move to compel arbitration*; and

  (g)  moved to preclude the commencement of merits discovery, *in part due the existence of the arbitration agreement.*

By no stretch of the imagination could this activity be termed the invocation by CCN of the litigation process. Every one of these activities is responsive to something else. None of the cases discussing this issue finds waiver simply because a party complied with responsive (e.g. briefing) deadlines imposed by the rules, or sought to protect its position in the event arbitration was not compelled by, e.g., opposing consolidation. CCN conducted no discovery, it neither provided nor sought Rule 26(a) disclosures, and it filed no dispositive motions. There is simply no other way to say it -- CCN never once acted in such a way as to evidence a desire or intent to litigate. The focus of CCN's efforts has been, and continues to be, to *avoid* litigation.

  It is telling that Plaintiff cites no case authority in which such limited participation has been deemed a waiver. In fact, CCN's activity falls well short of that in any case in which waiver has been found. See e.g. Com-Tech Associates v. Computer Associates International, Inc., 938 F.2d 1574, 1576-77 (2d Cir. 1991) (waiver found where defendant filed two answers, extensively deposed plaintiffs, and raised arbitration issue for first time as part of omnibus motion for judgment only four months before trial); S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990) (waiver found where defendant filed motion to dismiss, contested discovery, and took five depositions). Indeed, CCN's activities are substantially less than even that in other cases in which courts *declined* to find a waiver. See e.g.

Williams v. Cigna Financial Advisors, Inc., 56 F.3d 656, 661-62 (5th Cir. 1995) (no waiver where party removed action to federal court, filed motion to dismiss, filed motion to stay proceedings, answered complaint, asserted counterclaim, and exchanged Rule 26 discovery); Walker v. J.C. Bradford & Co., 938 F.2d 575, 576-78 (5th Cir. 1991) (no waiver where defendant removed action to federal court, answered complaint, served interrogatories and served requests for production, over a thirteen-month period); Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985) (no waiver where defendant filed motion to dismiss, answered complaint, asserted affirmative defenses and engaged in extensive discovery, over an eight-month period). Accordingly, Plaintiff's claim of waiver is simply wrong; the record activity at issue here does not even come close to the requisite showing.

> **(b)** *CCN has repeatedly announced its intent to compel arbitration, and thus Plaintiff can make no claim of prejudice.*

Plaintiff's conclusory allegations notwithstanding, CCN did in fact raise the arbitration issue early in this litigation. First, as noted, CCN filed its initial motion to compel arbitration soon after being named as a defendant, at which time Plaintiff dropped his claims. After being brought back into the case, CCN has *repeatedly* announced, in filings with the Court, its intent to arbitrate. See, for example, CCN's response in opposition to Plaintiff's motion to limit CCN's ability to communicate with its network (the putative class members) at page three, which states:

> CCN initially invoked the arbitration clause in this case, following which Plaintiff voluntarily dismissed all claims against CCN. Now that Allstate has brought CCN back into the case with its third party claim, CCN will again move to compel arbitration of all claims as soon as the consolidation issues are resolved.

See also CCN's own motion to preclude the commencement of merits discovery at page four, which states:

> Though motion practice has been (or should be) on hold as consolidation issues are resolved, <u>CCN intends to file a Motion to Compel Arbitration in the *Zidel* case</u>.

This motion also contained an entire section devoted to its argument that discovery is inconsistent with Plaintiff's agreement to arbitrate. Finally, consider CCN's memorandum opposing Plaintiff's motion to consolidate this case with other, purportedly similar cases, in which CCN stated that "<u>CCN notes that the contract at issue in the case at bar contains an arbitration clause</u>." Accordingly, there can be no claim that Plaintiff has been taken by surprise in this regard. CCN has consistently, explicitly and repeatedly announced that this case should be arbitrated instead of litigated.

As noted above, no waiver can be found unless the party asserting waiver can make a clear showing of substantial prejudice. In the present context, this requires detrimental reliance upon the (alleged) failure to invoke the arbitration clause. <u>See</u> <u>Brown v. ITT Consumer Financial Corp.</u>, 211 F.3d 1217, 1222 (11th Cir. 2000). No such showing can be made here because, for example, the parties have not even commenced class certification discovery or briefing, let alone substantive efforts. Even if such efforts had begun, however, Plaintiff has been aware from day-one that CCN objected to the pendency of this case in this forum, and would move to compel arbitration. In that circumstance, any claim of prejudice in the form of detrimental reliance would be absurd.

> *(c)    CCN has never opposed arbitration and, even if it had, Plaintiff's remedy would be to compel arbitration rather than itself pursuing litigation of the claims.*

Plaintiff argues that CCN waived its arbitration right by failing to respond to a prior demand for arbitration.[2] This claim is disingenuous at best. As evidenced by the attached

---

[2] This prior demand, of course, negates any argument that the claims at issue fall outside the scope of the arbitration agreement.

7

affidavit of William W. Deem, counsel for CCN, CCN did in fact respond to Plaintiff's prior demand.[3] It was the Plaintiff who abandoned that demand by filing the instant litigation.

Moreover, Plaintiff's argument in this regard essentially reverses the appropriate waiver analysis. Under the case law, waiver results from a party's action in affirmatively litigating, not in (allegedly) refusing to arbitrate. Plaintiff's remedy in the event CCN had in fact refused to arbitrate would have been to seek an order compelling arbitration of the claim, rather than to litigate the claim himself. See 9 U.S.C. § 4.

### III. Plaintiff's Claims Are Subject to Arbitration Under the Provider Agreement

Plaintiff would have the Court believe that his claims are nothing more than an attempt to collect the balance of discounted PIP benefits (as assignee of the insured), brought pursuant to Section 627.736 of the Florida Statutes, and are thus outside the scope of the arbitration clause. However, every one of plaintiff's counts except Counts Two (breach of the insurance agreements under a third-party beneficiary theory) and Five (violation of section 627.736) -- including the RICO count in which CCN is named as a co-conspirator, and the declaratory relief count, which essentially seeks to limit the kinds of clients with whom CCN can do business -- address an alleged deprivation of rights afforded by the Provider Agreement, i.e. the "right" to limit network access to only those CCN clients who provide Plaintiff's preferred form of "steerage." Moreover, even Counts Two and Five involve rights and obligations under the Provider Agreement, since in order to recover under those counts Plaintiff will have to demonstrate that he did not, by that Agreement, agree to accept the discounted rates in these instances. Accordingly, each of these claims require an adjudication of Plaintiff's rights, expectations and obligations

---

[3] Plaintiff's demand sought arbitration and, as part and parcel of that demand, also sought a number of documents. CCN responded and had in fact produced the documents, and thereafter the instant litigation was filed.

under the Provider Agreement, and also involve allegations relating to CCN's performance (i.e. its selection of "payor" clients) under the Agreement.

As noted in CCN's initial brief, the public policy favors arbitration and, therefore, there is a strong presumption in favor of arbitrability where claims touch upon contractual rights or obligations. See AT&T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 649-50 (1986)(presumption of arbitrability); Southland Corp. v. Keating, 465 U.S. 1, 9 (1984) (enacting the FAA "Congress declared a national policy favoring arbitration"). As a matter of federal law, *"any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."* Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)(emphasis added). This presumption applies without regard to the labels Plaintiff attaches to his claims. See J. J. Ryan & Sons, Inc. v. Rhone Puelenc Textile, S.A., 863 F.2d 315 (4th Cir. 1988) ("To decide whether an arbitration agreement encompasses a dispute a court must determine whether the factual allegations underlying the claim are within the scope of the arbitration clause, regardless of the legal label assigned to the claim."). Thus claims asserting tort or statutory liability -- including RICO claims such as those here -- are arbitrable if they involve matters addressed by the contract. See In re Managed Care Litigation, 132 F. Supp. 2d at 993 (presumption applies to statutory claims with equal force; if plaintiff's claims "touch matters" resolved by the agreement, then those claims are to be arbitrated irrespective of how the allegations are labeled). Accordingly, since each of Plaintiff's claims will focus upon matters addressed by the Provider Agreement, the claims are arbitrable.

Finally, even if Plaintiff were correct, and one or more of his claims fall outside the scope of the arbitration clause, the fact that one claim may not be arbitrable does not mean that the rest of the claims are thereby rendered non-arbitrable as well. In this circumstance, under black-letter

principles, the arbitrable claims <u>must</u> be referred to arbitration. <u>See</u> <u>Baron v. Best Buy Co. Inc.</u>, 79 F. Supp. 2d 1350, 1356-57 (S. D. Fla. 1999)("The Supreme Court has instructed that district courts must 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the results would be the possibly inefficient maintenance of separate proceedings in different forums'," quoting <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 212, 217 (1985)). In this instance, since both arbitrable and non-arbitrable claims would include the issue of Plaintiff's rights and obligations under his Provider Agreement, any non-arbitrable claims are to be stayed. <u>See</u> <u>Western International Media Corp. v. A.R. Johnson</u>, 754 F.Supp. 871 (S.D. Fla. 1991) (non-arbitrable claims stayed pending arbitration of remaining claims to, *inter alia*, avoid inconsistent results and unnecessary duplication and waste).

                                              MCGUIRE WOODS LLP

                                              By: _____
                                                 William W. Deem
                                                 Florida Bar No. 0512834
                                                 W. Curtis Caywood, IV
                                                 Florida Bar No. 0189420
                                                 50 North Laura Street, Suite 3300
                                                 Jacksonville, FL 32202
                                                 Telephone: (904) 798-3200
                                                 Facsimile: (904) 798-3207

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been furnished by U.S. Mail on this ___8___ day of November, 2001, to all counsel listed on the attached service list.

                                                                      _____
                                                                           Attorney

\\COM\83333.1

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Consolidated Civil Action No. 00-CIV-6061 Ferguson/Snow

Referred to United States Magistrate Judge Snow

| | |
|---|---|
| DR. PAUL ZIDEL, § § Plaintiff, § v. § § ALLSTATE INSURANCE COMPANY, § § Defendant/Third-Party Plaintiff, § v. § § COMMUNITY CARE NETWORK, INC., § d/b/a CCN, § § Third-Party Defendant. § § | (Original Case No. 00-6061) |

## AFFIDAVIT OF WILLIAM W. DEEM, ESQURIE

Before me, the undersigned authority, personally appeared William W. Deem, Esquire, who, after being duly sworn, says on oath:

1. I am over the age of eighteen (18) and am competent to make this Affidavit. I have personal knowledge of the matters contained herein.

2. I am an attorney practicing with the law firm of McGuireWoods LLP in its Jacksonville, Florida office. At all times material hereto, I have represented Third-Party Defendant, CCN Managed Care, Inc., in this case.

3. In or about May 2000, CCN received a copy of a letter from Lawrence M. Kopelman, Esquire.

4. Sometime after its receipt of Mr. Kopelman's letter, CCN directed a copy to my attention. That letter indicated an intent to initiate arbitration and also, in that context, requested certain documents.

5. After receiving a copy of the letter, I contacted Mr. Kopelman to discuss his client's claims and to discuss the production of the documents related to those claims. I acknowledged CCN's obligation to arbitrate, and indicated CCN's willingness to do so.

6. Thereafter, I provided Mr. Kopelman with documents pursuant to his request, and awaited his efforts to proceed with the arbitration.

7. Thereafter, plaintiff chose to pursue his claims in this forum, following which CCN moved to compel arbitration.

FURTHER AFFIANT SAYETH NOT.

_____
WILLIAM W. DEEM

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was sworn to and subscribed before me this ____ day of November, 2001, by WILLIAM W. DEEM, who is personally known to me or who has produced _____ as identification.

_____
[...Sherry Jo Dye..........................]


Sherry Jo Dye
MY COMMISSION # CC887415 EXPIRES
November 14, 2003
BONDED THRU TROY FAIN INSURANCE, INC

Print notary name below signature
Notary Public, State and County
Aforesaid

My Commission Expires:

(NOTARY SEAL)