UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-CIV-6061-FERGUSON
MAGISTRATE JUDGE SNOW

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, et. al.,

Defendants.
_____/

**PROGRESSIVE DEFENDANTS'
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S CLASS
ACTION COMPLAINT**

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), hereby file their Answer and Affirmative

Defenses to the "Class Action Complaint" filed hereby the Plaintiff, KEITH BRICKELL, D.C.,

individually and on behalf of all others similarly situated ("Plaintiff"), and state as follows:

## ANSWER TO JURISDICTION AND VENUE

1.     The PROGRESSIVE Defendants admit that this purports to be an action for damages

in excess of the minimum jurisdictional limits of this Court, but they deny that Plaintiff has suffered

or, alternatively, that they are liable to Plaintiff for such damages.  Moreover, the PROGRESSIVE

Defendants deny the remaining allegations in Paragraph 1.

2.     The PROGRESSIVE Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 2, as they call for a legal conclusion,

and, therefore, the PROGRESSIVE Defendants deny those allegations.

3.     The PROGRESSIVE Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 3, as they call for a legal conclusion,

and, therefore, the PROGRESSIVE Defendants deny those allegations.

Case No. No. 00-CIV-6061-FERGUSON
Page 2

## ANSWER TO "THE PARTIES"

4.      The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, they deny those allegations.

5.      The PROGRESSIVE Defendants admit that they are authorized and licensed to sell insurance in this District. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 5.

6.      The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, they deny those allegations.

7.      The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, they deny those allegations.

## ANSWER TO "FACTUAL BACKGROUND"

8.      Insofar as the allegations in Paragraph 8 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 8 and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

11. (sic).      Insofar as the allegations in Paragraph 11 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the

allegations in Paragraph 11 and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

12.    Insofar as the allegations in Paragraph 12 merely seek to paraphrase the terms and conditions of a statutory scheme, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 12 and, instead, respectfully refer the Court to the pertinent statutes for a complete and accurate statement of their contents.

13.    Insofar as the allegations in Paragraph 13 merely seek to paraphrase the terms and conditions of a statutory scheme, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 13 and, instead,  respectfully refer the Court to the pertinent statutes for a complete and accurate statement of their contents.

14.    Denied.

15.    Denied.

16.    The PROGRESSIVE Defendants admit that a document which purports to be an Agreement between BRICKELL and BEECH STREET is attached to the Complaint as Exhibit 1. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 16.

17.    Denied.

18.    Denied.

19.    Insofar as the allegations in Paragraph 19 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, they deny those allegations.

20.    Insofar as the allegations in Paragraph 20 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, they deny those allegations.

21.    Denied.

22.    Denied.

23.    The PROGRESSIVE Defendants admit that they are aware of Florida Statutes, §627.736(10)(1992). However, they deny the remaining allegations in Paragraph 23.

24.    Insofar as the allegations in Paragraph 24 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, they deny those allegations.

25.    Insofar as the allegations in Paragraph 25 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, they deny those allegations. Moreover, the PROGRESSIVE Defendants deny that they were involved in "a silent PPO scheme."

26.    The PROGRESSIVE Defendants admit that, at various times, they utilized the services of ADP INTEGRATED MEDICAL SOLUTIONS, INC. ("ADP") in processing their insureds' medical expense claims. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 26.

27.    Denied.

Case No. No. 00-CIV-6061-FERGUSON
Page 5

28.    Denied.

29.    The PROGRESSIVE Defendants admit that, at various times, they have accessed

the discounted rates to which Dr. Brickell had agreed in processing their insureds' medical expense

claims and that they furnished Dr. Brickell with Explanation of Benefit Forms detailing the basis for

their payments.    However, the PROGRESSIVE Defendants deny the remaining allegations in

Paragraph 29.

## ANSWER TO "CLASS ACTION ALLEGATIONS"

30.    The PROGRESSIVE Defendants admit that this purports to be a class action, but they

deny that Plaintiff has adequately stated a claim for, or otherwise is entitled to, such relief.

Moreover, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 30.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.(a.-e.)        Denied.

37.    Denied.

## ANSWER TO COUNT I:
### Breach of Contract as to Beech Street

38. - 41.        Insofar as the allegations in Paragraph Nos. 38 through 41 are directed to a

party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not

required to respond to those allegations.    However, to the extent that a response is required, the

PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph Nos. 38 through 41 and, therefore, they deny

those allegations.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No. No. 00-CIV-6061-FERGUSON
Page 6

## ANSWER TO COUNT II:
### Unjust Enrichment as to the PROGRESSIVE Defendants and ADP

In response to the introductory Paragraph in Count II, the PROGRESSIVE Defendants reallege and incorporate by reference, their responses to the allegations in Paragraph Nos. 1 through 41, as if fully set forth herein.

42. - 45.        Insofar as the allegations in Paragraph Nos. 42 through 45 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph Nos. 42 through 45 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 42 through 45 and, therefore, they deny those allegations.

## ANSWER TO COUNT III:
### Third Party Beneficiary Breach of Contract as to PROGRESSIVE Defendants

In response to the introductory Paragraph in Count III, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 45, as if fully set forth herein.

46.        Insofar as the allegations in Paragraph 46 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny those allegations and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

47.        Denied.

48.        Denied.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 1300, MIAMI, FLORIDA 33131-2111 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

## ANSWER TO COUNT IV:
## RICO Act Violations as to all Parties

In response to the introductory Paragraph in Count III, the PROGRESSIVE Defendants reallege and incorporate by reference, their responses to the allegations in Paragraph Nos. 1 through 48, as if fully set forth herein.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54. (a.-m.).    Insofar as the allegations in Paragraph 54 and its subparts are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 54 and its subparts relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and its subparts and, therefore, they deny those allegations.

55.    Insofar as the allegations in Paragraph 55 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 55 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, they deny those allegations.

56.    Insofar as the allegations in Paragraph 56 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 56 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, they deny those allegations.

Case No. No. 00-CIV-6061-FERGUSON
Page 8

57.     Denied.

58.     Denied.

59. - 63.          Insofar as the allegations in Paragraph Nos. 59 through 63 are directed at the
PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations.  However,
to the extent that the allegations in Paragraph Nos. 59 through 63 relate to a party or parties other
than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 59 through
63 and, therefore, they deny those allegations.

64.     Insofar as the allegations in Paragraph 64 merely seek to paraphrase a federal statute,
the PROGRESSIVE Defendants are not required to respond to those allegations.  However, to the
extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph
64 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate
statement of its contents.

65.     Insofar as the allegations in Paragraph 65 merely seek to paraphrase a federal statute,
the PROGRESSIVE Defendants are not required to respond to those allegations.  However, to the
extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph
65 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate
statement of its provisions.

66.     Insofar as the allegations in Paragraph 66 are directed at the PROGRESSIVE
Defendants, the PROGRESSIVE Defendants deny those allegations.  However, to the extent that the
allegations in Paragraph 66 relate to a party or parties other than the PROGRESSIVE Defendants,
the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 66 and, therefore, they deny those allegations.

67.     Insofar as the allegations in Paragraph 67 are directed at the PROGRESSIVE
Defendants, the PROGRESSIVE Defendants deny those allegations.  However, to the extent that the

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 SE SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

allegations in Paragraph 67 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, they deny those allegations.

68. (a.-e.).    Insofar as the allegations in Paragraph 68 and its subparts are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 68 and its subparts relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and its subparts and, therefore, they deny those allegations.

69.    Insofar as the allegations in Paragraph 69 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 69 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, they deny those allegations.

70.    Insofar as the allegations in Paragraph 70 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 70 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, they deny those allegations.

71.    Denied.

72.    Insofar as the allegations in Paragraph 72 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 72 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, they deny those allegations.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4000, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

73.    Denied.

74.    Denied.

75.    Insofar as the allegations in Paragraph 75 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 75 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, they deny those allegations.

76.    Denied.

77.    Insofar as the allegations in Paragraph 77 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 77 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, they deny those allegations.

78.    Insofar as the allegations in Paragraph 78 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 78 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, they deny those allegations.

79.    The PROGRESSIVE Defendants admit that the Plaintiff purports to be seeking relief under 18 U.S.C. §1964(c) and 1962(c) of the RICO Act, but they deny that he has stated a claim for, or otherwise is entitled to, such relief.

## ANSWER TO SECTION 1962(c) Claim

80.    Insofar as the allegations in Paragraph 80 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

80 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

81.    Insofar as the allegations in Paragraph 81 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 81 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, they deny those allegations.

82.    Denied.

## ANSWER TO SECTION 1962(d) CLAIM

In response to the introductory Paragraph in this section of Plaintiff's Complaint, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 82, as if fully set forth herein.

83.    The PROGRESSIVE Defendants admit that the Plaintiff purports to be seeking relief under 18 U.S.C. §1964(c) and 1962(d) of the RICO Act, but they deny that he has stated a claim for, or otherwise is entitled to, such relief from the PROGRESSIVE Defendants.

84.    Insofar as the allegations in Paragraph 84 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 84 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

85.    Insofar as the allegations in Paragraph 85 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 85 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its provisions.

86.     Insofar as the allegations in Paragraph 86 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations.  However, to the extent that the allegations in Paragraph 86 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, they deny those allegations.

87.     Insofar as the allegations in Paragraph 87 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations.  However, to the extent that the allegations in Paragraph 87 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, they deny those allegations.

88. - 95.     Denied.

## RESPONSE TO COUNT V:
### Violations of the Lanham Act as to all Defendants

96. - 105.     In its Omnibus Order on Pending Motions dated September 28, 2001, the Court granted the Defendants' Motion to Dismiss or Strike the Plaintiff's Lanham Act claims and, therefore, the PROGRESSIVE Defendants are not required to respond to the allegations in Count V.  However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph Nos. 96 through 105.

## ANSWER TO COUNT VI:
### Declaratory Judgment as to the PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VI, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 105, as if fully set forth herein.

106.     Denied.

107.     Denied.

108.     Denied.

Case No. No. 00-CIV-6061-FERGUSON
Page 13

### ANSWER TO COUNT VII:
### Violation of Fla. Stat. 627.736(10) by PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VII, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 108, as if fully set forth herein.

109.　Denied.

110.　Denied.

111.　Denied.

112.　Denied.

113.　Denied.

114.　Denied.

### ANSWER TO COUNT VIII:
### Breach of Contract as to the PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VIII, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 114, as if fully set forth herein.

115.　Insofar as the allegations in Paragraph 115 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 115 and, instead, respectfully refer the Court to the subject documents for a complete and accurate statement of their terms and conditions. Moreover, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 115.

116.　The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, they deny those allegations.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No. No. 00-CIV-6061-FERGUSON
Page 14

117.    Denied.

118.    Denied.

119.    Denied.

120.    The PROGRESSIVE Defendants deny any and all allegations of breach of contract, statutory violations, declaratory and injunctive relief, negligent or intentional misconduct, and damages of any kind in the Complaint.

121.    The PROGRESSIVE Defendants deny any and all allegations not specifically admitted herein and demand strict proof thereof.

### AFFIRMATIVE DEFENSES

1.    As their first affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for breach of contract and, therefore, that claim should be dismissed or stricken.

2.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for unjust enrichment and, therefore, that claim should be dismissed or stricken.

3.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim based on a third party beneficiary theory and, therefore, that claim should be dismissed or stricken.

4.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to pursue a class action in this matter, because he has not satisfied and cannot satisfy any of the requirements of Fed. R. Civ. P. 23.

5.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for RICO Act violations and, therefore, those claims should be dismissed or stricken.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4000 • FACSIMILE (305) 372-9044

6.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for declaratory or injunctive relief and, therefore, those claims should be dismissed or stricken.

7.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for a violation of Florida Statutes, Section 627.736(10) and, therefore, that claim should be dismissed or stricken.

8.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint improperly realleges and incorporates by reference the substantive allegations of the preceding counts in violation of Fed. R. Civ. P. 8(e).

9.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has failed to attached essential documents in his possession to the Complaint, which, if attached, would negate his claims, as a matter of law.

10.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by well-settled principles of equitable estoppel.

11.    As a further affirmative defense, the PROGRESSIVE Defendants state that their method of administering the claims of their insureds for PIP benefits fully complies with their contractual and statutory obligations.

12.    As a further affirmative defense, the PROGRESSIVE Defendants state that, at all times material to this action, the Florida Department of Insurance approved the methods the PROGRESSIVE Defendants used to administer the PIP claims of their insureds.

13.    As a further affirmative defense, the PROGRESSIVE Defendants state that their method of administering the PIP claims of their insureds does not fall within the plain language or intended scope of §627.736(10), Florida Statutes.

14.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by virtue of his contractual relationships with Beech Street Corporation ("Beech Street") and/or the Chiropractic Alliance.

15.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to relief under the RICO statute, because:

     a.     Plaintiff does not allege a single fact reflecting criminal or fraudulent conduct by the PROGRESSIVE Defendants;

     b.     Plaintiff does not identify an act, a date, a place, or a method by which the PROGRESSIVE Defendants sought to accomplish any such offenses;

     c.     Plaintiff has not established and cannot establish that he was harmed as a result of investment activity by the PROGRESSIVE Defendants;

     d.     Plaintiff has not adequately alleged a RICO "enterprise;"

     e.     Plaintiff has not adequately alleged a pattern of racketeering offenses; and

     f.     Plaintiff has not adequately alleged RICO predicate acts and has failed to allege a pattern of racketeering activity.

17.     As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff's claims are barred because Plaintiff first breached his contract(s) with Beech Street and/or the Chiropractic Alliance.

18.     As a further affirmative defense, the PROGRESSIVE Defendants allege that §627.736(10), Florida Statutes does not create a private right of action against insurers in favor of health care providers. *See May v. Allstate Ins. Co.,* Case No. 00-6269-CIV-DIMITROULEAS (S.D. Fla. April 4, 2000).

19.     As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff is not an intended third party beneficiary of the contracts of insurance with their insureds and, therefore, any and all claims predicated on that status should be stricken or dismissed.

20.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims for equitable relief are barred by the doctrine of laches.

21.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No. No. 00-CIV-6061-FERGUSON
Page 17

22.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has failed to mitigate his damages, if any, and to that extent he is barred from recovery.

23.    As a further affirmative defense, the PROGRESSIVE Defendants state that this Court should strike any and all claims for attorney's fees from the Complaint, because there is no statutory or contractual basis for such an award.

24.    As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff's claims are barred by the doctrine of accord and satisfaction.

25.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by the doctrine of waiver.

26.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has not alleged and cannot allege, let alone prove, that he conferred a benefit on the PROGRESSIVE Defendants and, therefore, he cannot pursue a claim for unjust enrichment.

27.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's contract claims based on a third party beneficiary theory and his claims for unjust enrichment are mutually exclusive and, therefore, Plaintiff must make an election of remedies.

28.    As a further affirmative defense, the PROGRESSIVE Defendants state that the relief Plaintiff seeks in Count VI (*i.e.*, that he ultimately should or will prevail on his PIP related claims) is not a proper subject for declaratory relief.

29.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are not a proper subject for class consideration, because their resolution necessarily will require the Court to make a myriad of individualized factual determinations.

30.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to prosecute a class action under Fed. R. Civ. P. 23, because he is not an adequate class representative.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

31.    As a further affirmative defense, the PROGRESSIVE Defendants adopt and incorporate by reference any and all affirmative defenses asserted by its co-Defendants in this action.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class mail to all counsel on the attached list this _____ day of November, 2001.

> ANANIA, BANDKLAYDER, BLACKWELL,
> BAUMGARTEN & TORRICELLA
> Attorneys for PROGRESSIVE Defendants
> Bank of America Tower, Suite 4300
> 100 Southeast Second Street
> Miami, Florida 33131
> Telephone:    (305) 373-4900
> Facsimile:    (305) 373-6914
>
> By:_____
> Francis A. Anania
> Florida Bar No. 160256
> Donald A. Blackwell
> Florida Bar No. 370967

## MASTER SERVICE LIST
### Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW

### Co-Lead Counsel for Plaintiffs

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Robin Corwin Campbell, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, Florida 33394

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esq.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

### Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook

David B. Shelton, Esq.
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

### Counsel for Beech Street and ADP

Thomas Tew, Esq.
Joseph A. DeMaria, Esq.
John M. Quaranta, Esq.
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

### Counsel for Progressive

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131

### Counsel for CCN
William W. Deem, Esq.
William E. Adams, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Post Office Box 4099 (32201)
Jacksonville, FL 32202

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131

**Counsel for Hartford, Metropolitan,
Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esq.
SONNENSCHEIN, NATH &
ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esq.
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Prudential**

John D. Aldock, Esq.
Jeffrey M. Klein, Esq.
Michael Isenman, Esq.
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy Johnson Maus, Esq.
Lauren D. Levy, Esq.
BUTLER BURNETT PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for Superior**

Alan J. Nisberg, Esq.
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for American International**

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021