UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6061-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

ULTRA OPEN MRI CORPORATION, on
behalf of itself and all others similarly situated,

Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

Defendant.

_____/

**PROGRESSIVE AMERICAN
INSURANCE COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S CLASS ACTION
COMPLAINT**

The Defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY ("PROGRESSIVE AMERICAN"), hereby files its Answer and Affirmative Defenses to the "Class Action Complaint" ("Complaint") served herein by the Plaintiff, ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated ("Plaintiff"), and alleges as follows:

## ANSWER TO "THE PARTIES"

1.    PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, it denies those allegations.

2.    Admitted.

3.    PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, it denies those allegations.

## ANSWER TO "JURISDICTIONAL VENUE"

4.    PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, in that they call for a legal conclusion, and, therefore, PROGRESSIVE AMERICAN denies those allegations.



5.      PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, in that they call for a legal conclusion, and, therefore, PROGRESSIVE AMERICAN denies those allegations.

## ANSWER TO "BACKGROUND"

6.      Insofar as the allegations in Paragraph 6 merely seek to paraphrase the contents of automobile insurance policies that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations.  However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 6 and, instead, respectfully refers the Court to the subject policies for a complete and accurate statement of their terms and conditions.

7.      Insofar as the allegations in Paragraph 7 merely seek to paraphrase the contents of automobile insurance policies that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations.  However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 7 and, instead, respectfully refers the Court to the subject policies for a complete and accurate statement of their terms and conditions.

8.      Insofar as the allegations in Paragraph 8 merely seek to paraphrase the contents of automobile insurance policies that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations.  However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 8 and, instead, respectfully refers the Court to the subject policies for a complete and accurate statement of their terms and conditions.

9.      Insofar as the allegations in Paragraph 9 merely seek to paraphrase the contents of automobile insurance policies that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations.  However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 N. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

9 and, instead, respectfully refers the Court to the subject policies for a complete and accurate statement of their terms and conditions.

10.     Insofar as the allegations in Paragraph 10 merely seek to paraphrase the contents of automobile insurance policies that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 10 and, instead, respectfully refers the Court to the subject policies for a complete and accurate statement of their terms and conditions.

11.     Insofar as the allegations in Paragraph 11 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 11 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

12.     Insofar as the allegations in Paragraph 12 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 12 and, instead, respectfully refers the Court to the pertinent statutes for a complete and accurate statement of their content.

13.     Because the allegations in Paragraph 13 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

14.     Insofar as the allegations in Paragraph 14 relate to an entity or entities other than PROGRESSIVE AMERICAN and merely seek to paraphrase the contents of contracts or agreements that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 14 and, instead, respectfully refers

the Court to the subject policies and other documents for a complete and accurate statement of their terms and conditions.

15.     Insofar as the allegations in Paragraph 15 relate to an entity or entities other than PROGRESSIVE AMERICAN and merely seek to paraphrase the contents of contracts or agreements that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 15 and, instead, respectfully refers the Court to the subject policies for a complete and accurate statement of their terms and conditions.

16.     Because the allegations in Paragraph 16 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

17.     Because the allegations in Paragraph 17 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

18.     Because the allegations in Paragraph 18 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

19.     Because the allegations in Paragraph 19 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

20.     Because the allegations in Paragraph 20 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

21.     Insofar as the allegations in Paragraph 21 relate to an entity or entities other than PROGRESSIVE AMERICAN and merely seek to paraphrase the contents of contracts or agreements that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is

not required to respond to those allegations.    However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 21 and, instead, respectfully refers the Court to the subject policies and other documents for a complete and accurate statement of their terms and conditions. Nonetheless, PROGRESSIVE AMERICAN admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds.

22.    Insofar as the allegations in Paragraph 22 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 22 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

23.    Denied.

24.    PROGRESSIVE AMERICAN admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 24.

25.    Denied.

26.    Denied.

27.    PROGRESSIVE AMERICAN admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 27.

28.    Denied.

29.    Denied.

30.    Because the allegations in Paragraph 30 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

31.    Denied.

32.    PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, it denies those allegations.

33.    Denied.

34.    Insofar as the allegations in Paragraph 34 relate to an entity other than PROGRESSIVE AMERICAN, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations. Moreover, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 34.

35.    Denied.

36.    PROGRESSIVE AMERICAN admits that it did not have a direct written contract with Plaintiff. PROGRESSIVE AMERICAN further admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 36.

37.    PROGRESSIVE AMERICAN admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 37.

38.    Denied.

Case No. 00-6061-CIV-FERGUSON
Page 7

39.    Denied.

40.    Denied.

## ANSWER TO "FACTS AS TO PLAINTIFF"

41.    Upon information and belief, PROGRESSIVE AMERICAN admits that Plaintiff was a party to a contract with Beech Street Corporation. However, PROGRESSIVE AMERICAN does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, because, despite being obligated to do so, Plaintiff did not attach a copy of the subject contracts to the Complaint.

42.    Insofar as the allegations in Paragraph 42 relate to an entity other than PROGRESSIVE AMERICAN and merely seek to paraphrase the contents of contracts or agreements that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 42 and respectfully refers the Court to the subject contracts for a complete and accurate statement of their terms and conditions.

43.    Denied.

44.    Because the allegations in Paragraph 44 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

45.    Denied.

46.    Denied.

47.    PROGRESSIVE AMERICAN admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 47.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICHELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

48.    Insofar as the allegations in Paragraph 48 relate to an entity other than PROGRESSIVE AMERICAN, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

49.    Because the allegations in Paragraph 49 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

50.    PROGRESSIVE AMERICAN admits that it did not have a direct written contract with Plaintiff. However, because the remaining allegations in Paragraph 50 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

51.    PROGRESSIVE AMERICAN admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 51.

52.    Insofar as the allegations in Paragraph 52 relate to an entity or entities other than PROGRESSIVE AMERICAN and merely seek to paraphrase the contents of contracts or agreements that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 52 and, instead, respectfully refers the Court to the pertinent documents for a complete and accurate statement of their contents. Nonetheless, PROGRESSIVE AMERICAN admits that, at various times, it has sent Explanation of Reimbursement forms to Plaintiff and others.

53.    Insofar as the allegations in Paragraph 53 merely seek to paraphrase the contents of Explanation of Reimbursement Forms ("EOBs") that are required to be, but were not, attached to

the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 53 and respectfully refers the Court to the subject EOBs for a complete and accurate statement of their contents.

54.    Denied.

55.    Denied.

56.    Upon information and belief, PROGRESSIVE AMERICAN admits that, at various times, Plaintiff rendered medical care to PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and, therefore, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 56.

57.    Denied.

58.    Denied.

59.    Because the allegations in Paragraph 59 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

60.    Upon information and belief, PROGRESSIVE AMERICAN admits that, at various times, Plaintiff submitted medical bills for the services it had rendered to PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 60.

61.    PROGRESSIVE AMERICAN admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 61.

Case No. 00-6061-CIV-FERGUSON
Page 10

62.     Because the allegations in Paragraph 62 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

63.     Denied.

64.     Denied.

65.     PROGRESSIVE AMERICAN admits that Plaintiff has attached a sample EOB to its Complaint as Exhibit 1. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 65.

66.     Insofar as the allegations in Paragraph 66 merely seek to paraphrase the contents of a document that is attached to the Complaint as an exhibit, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 66 and, instead, respectfully refers the Court to the subject exhibit for a complete and accurate statement of its contents.

67.     Insofar as the allegations in Paragraph 67 merely seek to paraphrase the contents of automobile insurance policies and others documents that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 67 and, instead, respectfully refers the Court to the subject documents for a complete and accurate statement of its contents.

68.     Insofar as the allegations in Paragraph 68 merely seek to paraphrase the contents of a document that is attached to the Complaint as an exhibit, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 68 and, instead, respectfully refers the Court to the subject exhibit for a complete and accurate statement of its contents.

69.     Denied.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4000, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

70.    PROGRESSIVE AMERICAN admits that, at various times, it accessed the discounted rates that Plaintiff had voluntarily and contractually agreed to accept in full payment for Plaintiff's services in administering the medical expense claims of PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 70.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

## ANSWER TO "CLASS ACTION ALLEGATIONS"

75.    PROGRESSIVE AMERICAN admits that this purports to be a class action under Fed. R. Civ. P. 23, but PROGRESSIVE AMERICAN denies that Plaintiff has stated a claim for or otherwise is entitled to class action relief. Moreover, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 75.

76.    Denied.

77. (a.-d.)    Denied.

78.    PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, it denies those allegations.

79.    Because the allegations in Paragraph 79 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

80.    Denied.

81.    Denied.

82.    Denied.

83.    PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, it denies those allegations.

84.    Denied.

85. (a.-e.).    Denied.

86.    Denied.

87.    Denied.

88.    Because the allegations in Paragraph 88 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations.  However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

### ANSWER TO COUNT I: Unjust Enrichment

89.    In response to the allegations in Paragraph 89, PROGRESSIVE AMERICAN realleges and incorporates by reference its responses to the allegations in Paragraph Nos. 1 through 88, as if fully set forth herein.

90. - 96.    Denied.

### ANSWER TO COUNT II: Third Party Beneficiary Breach of Contract

97.    In response to the allegations in Paragraph 97, PROGRESSIVE AMERICAN realleges and incorporates by reference its responses to the allegations in Paragraph Nos. 1 through 88, as if fully set forth herein.

98.    Admitted.

99.    Insofar as the allegations in Paragraph 99 merely seek to paraphrase the contents of automobile insurance policies that are required to be, but were not, attached to the Complaint, PROGRESSIVE AMERICAN is not required to respond to those allegations.  However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 99 and, instead, respectfully refers the Court to the subject policies for a complete and accurate statement of their terms and conditions.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER-100 S.E. SECOND STREET, SUITE 4000, MIAMI, FLORIDA  33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

100.    Upon information and belief, PROGRESSIVE AMERICAN admits that, at various times, Plaintiff rendered medical care to PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and, therefore, it denies those allegations.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

## ANSWER TO COUNT IV: RICO ACT VIOLATIONS

105.    In response to the allegations in Paragraph 105, PROGRESSIVE AMERICAN realleges and incorporates by reference its responses to the allegations in Paragraph Nos. 1 through 88, as if fully set forth herein.

106. - 110.    Denied.

111. (a.-i.).    Denied.

112. - 125.    Denied.

## ANSWER TO: A. " RACKETEERING ACTIVITIES"

126.    Denied.

127.    Insofar as the allegations in Paragraph 127 merely seek to paraphrase or interpret the provisions of a Federal statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 127 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

128.    Insofar as the allegations in Paragraph 128 merely seek to paraphrase or interpret the provisions of a Federal statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies

the allegations in Paragraph 128 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

129. - 144.    Denied.

### ANSWER TO: "B." PATTERN OF RACKETEERING ACTIVITIES

145.    Denied.

146.    Denied.

### ANSWER TO: "C. RICO VIOLATIONS OF 18 U.S.C. § 1962(d)

147.    PROGRESSIVE AMERICAN admits that Plaintiff purports to seek relief under various provision of Chapter 18 of the United States Code, but PROGRESSIVE AMERICAN denies that Plaintiff has stated a claim for, or otherwise is entitled to, relief against PROGRESSIVE AMERICAN under those statutes.

148.    In response to the allegations in Paragraph 148, PROGRESSIVE AMERICAN realleges and incorporates by reference its responses to the allegations in Paragraph Nos. 1 through 88, as if fully set forth herein.

149.    Insofar as the allegations in Paragraph 149 merely seek to paraphrase or interpret the provisions of a Federal statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 149 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

150.    Insofar as the allegations in Paragraph 150 merely seek to paraphrase or interpret the provisions of a Federal statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 150 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

151.    Insofar as the allegations in Paragraph 151 merely seek to paraphrase or interpret the provisions of a Federal statute, PROGRESSIVE AMERICAN is not required to respond to those

Case No. 00-6061-CIV-FERGUSON
Page 15

allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 151 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

152.    Denied.

153.    Denied.

154.    Denied.

155.    In response to the allegations in Paragraph 155, PROGRESSIVE AMERICAN realleges and incorporates by reference its responses to the allegations in Paragraph Nos. 1 through 88, as if fully set forth herein.

156.    PROGRESSIVE AMERICAN that Plaintiff purports to seek relief under various provision of Chapter 18 of the United States Code, but PROGRESSIVE AMERICAN denies that Plaintiff has stated a claim for, or otherwise is entitled to, relief against PROGRESSIVE AMERICAN under those statutes.

157.    Insofar as the allegations in Paragraph 157 merely seek to paraphrase or interpret the provisions of a Federal statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 157 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

158.    Insofar as the allegations in Paragraph 158 merely seek to paraphrase or interpret the provisions of a Federal statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 158 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

159.    Denied.

160.    Denied.

161.    Denied.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

162.    PROGRESSIVE AMERICAN admits that it sells insurance. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 162.

163. - 171.    Denied.

### ANSWER TO COUNT IV: Declaratory Judgment

172.    In response to the allegations in Paragraph 89, PROGRESSIVE AMERICAN realleges and incorporates by reference its responses to the allegations in Paragraph Nos. 1 through 88, as if fully set forth herein.

173.    Denied.

174.    Denied.

175.    Denied.

### ANSWER TO COUNT V: Violation of Section 627.736

176.    In response to the allegations in Paragraph 176, PROGRESSIVE AMERICAN realleges and incorporates by reference its responses to the allegations in Paragraph Nos. 1 through 88, as if fully set forth herein.

177.    Upon information and belief, PROGRESSIVE AMERICAN admits that, at various times, Plaintiff rendered medical care to PROGRESSIVE AMERICAN insureds. However, PROGRESSIVE AMERICAN denies the remaining allegations in Paragraph 177.

178.    Insofar as the allegations in Paragraph 178 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 178 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

179.    Insofar as the allegations in Paragraph 179 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

the allegations in Paragraph 179 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

180.　Insofar as the allegations in Paragraph 180 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 180 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

181.　Insofar as the allegations in Paragraph 181 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 181 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

182.　Denied.

183.　Denied.

184.　Because the allegations in Paragraph 184 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

185.　Denied.

186.　Insofar as the allegations in Paragraph 186 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 186 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

187.　Because the allegations in Paragraph 187 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

188. - 192.    Denied.

193.    Insofar as the allegations in Paragraph 193 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 193 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

194.    Insofar as the allegations in Paragraph 194 merely seek to paraphrase or interpret the provisions of a Florida statute, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies the allegations in Paragraph 194 and, instead, respectfully refers the Court to the pertinent statute for a complete and accurate statement of its contents.

195.    Denied.

196.    Because the allegations in Paragraph 196 are vague and ambiguous, PROGRESSIVE AMERICAN is not required to respond to those allegations. However, to the extent that a response is required, PROGRESSIVE AMERICAN denies those allegations.

197.    Denied.

198.    Denied.

199.    PROGRESSIVE AMERICAN denies any and all allegations of breach of contract, statutory violations, declaratory and injunctive relief, negligent or intentional misconduct, and damages of any kind in the Complaint.

200.    PROGRESSIVE AMERICAN denies any and all allegations not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    As its first affirmative defense, PROGRESSIVE AMERICAN states that this Court should dismiss or strike Plaintiff's Complaint based on his failure to join an indispensable party or parties, *to wit*:  Beech Street Corporation and/or ADP Integrated Medical Solutions, Inc.

Case No. 00-6061-CIV-FERGUSON
Page 19

2.      As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's Complaint does not state a claim for breach of contract and, therefore, that claim should be dismissed or stricken.

3.      As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's Complaint does not state a claim for unjust enrichment and, therefore, that claim should be dismissed or stricken.

4.      As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's Complaint does not state a claim based on a third party beneficiary theory and, therefore, that claim should be dismissed or stricken.

5.      As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff is not entitled to pursue a class action in this matter, because he has not satisfied and cannot satisfy any of the requirements of Fed. R. Civ. P. 23.

6.      As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's Complaint does not state a claim for RICO Act violations and, therefore, those claims should be dismissed or stricken.

7.      As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's Complaint does not state a claim for declaratory or injunctive relief and, therefore, those claims should be dismissed or stricken.

8.      As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's Complaint does not state a claim for a violation of Florida Statutes, Section 627.736(10) and, therefore, that claim should be dismissed or stricken.

9.      As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's Complaint improperly realleges and incorporates by reference the substantive allegations of the preceding counts in violation of Fed. R. Civ. P. 8(e).

10.    As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff has failed to attached essential documents in his possession to the Complaint, which, if attached, would negate his claims, as a matter of law.

11.    As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's claims are barred by well-settled principles of equitable estoppel.

12.    As a further affirmative defense, PROGRESSIVE AMERICAN states that their method of administering the claims of their insureds for PIP benefits fully complies with their contractual and statutory obligations.

13.    As a further affirmative defense, PROGRESSIVE AMERICAN states that, at all times material to this action, the Florida Department of Insurance approved the methods PROGRESSIVE AMERICAN used to administer the PIP claims of their insureds.

14.    As a further affirmative defense, PROGRESSIVE AMERICAN states that their method of administering the PIP claims of their insureds does not fall within the plain language or intended scope of §627.736(10), Florida Statutes.

15.    As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's claims are barred by virtue of his contractual relationships with Beech Street Corporation ("Beech Street") and/or the Chiropractic Alliance.

16.    As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff is not entitled to relief under the RICO statute, because:

      a.    Plaintiff does not allege a single fact reflecting criminal or fraudulent conduct by PROGRESSIVE AMERICAN;

      b.    Plaintiff does not identify an act, a date, a place, or a method by which PROGRESSIVE AMERICAN sought to accomplish any such offenses;

      c.    Plaintiff has not and cannot establish that he was harmed as a result of investment activity by PROGRESSIVE AMERICAN;

      d.    Plaintiff has not adequately alleged a RICO enterprise;

e.     Plaintiff has not adequately alleged a pattern of racketeering offenses; and

f.     Plaintiff has not adequately alleged RICO predicate acts and has failed to allege a pattern of racketeering activity.

18.     As a further affirmative defense, PROGRESSIVE AMERICAN alleges that Plaintiff's claims are barred because Plaintiff first breached his contract(s) with Beech Street and/or the Chiropractic Alliance.

19.     As a further affirmative defense, PROGRESSIVE AMERICAN alleges that §627.736(10), Florida Statutes does not create a private right of action against insurers in favor of health care providers. *See May v. Allstate Ins. Co.*, Case No. 00-6269-CIV-DIMITROULEAS (S.D. Fla. April 4, 2000).

20.     As a further affirmative defense, PROGRESSIVE AMERICAN alleges that Plaintiff is not an intended third party beneficiary of the contracts of insurance with their insureds and, therefore, any and all claims predicated on that status should be stricken or dismissed.

21.     As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's claims for equitable relief are barred by the doctrine of laches.

22.     As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

23.     As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's has failed to mitigate his damages, if any, and to that extent he is barred from recovery.

24.     As a further affirmative defense, PROGRESSIVE AMERICAN states that this Court should strike any and all claims for attorney's fees from the Complaint, because there is no statutory or contractual basis for such an award.

25.     As a further affirmative defense, PROGRESSIVE AMERICAN alleges that Plaintiff's claims are barred by the doctrine of accord and satisfaction.

26.     As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's claims are barred by the doctrine of waiver.

27.     As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff has not alleged and cannot allege, let alone prove, that he conferred a benefit on PROGRESSIVE AMERICAN and, therefore, he cannot pursue a claim for unjust enrichment.

28.     As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's contract claims based on a third party beneficiary theory and his claims for unjust enrichment are mutually exclusive and, therefore, Plaintiff must make an election of remedies.

29.     As a further affirmative defense, PROGRESSIVE AMERICAN states that the relief Plaintiff seeks in Count VI (*i.e.*, that he ultimately should or will prevail on his PIP related claims) is not a proper subject for declaratory relief.

30.     As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff's claims are not a proper subject for class consideration, because their resolution necessarily will require the Court to make a myriad of individualized factual determinations.

31.     As a further affirmative defense, PROGRESSIVE AMERICAN states that Plaintiff is not entitled to prosecute a class action under Fed. R. Civ. P. 23, because he is not an adequate class representative as a matter of law.

32.     As a further affirmative defense, PROGRESSIVE AMERICAN adopts and incorporates by reference any and all affirmative defenses asserted by its co-Defendants in this action.

Case No. 00-6061-CIV-FERGUSON
Page 23

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class
mail to all counsel on the attached list this _____ day of November, 2001.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN & TORRICELLA
Attorneys for PROGRESSIVE
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Telephone:     (305) 373-4900
Facsimile:     (305) 373-6914

By: _____
        Francis A. Anania
        Florida Bar No. 160256
        Donald A. Blackwell
        Florida Bar No. 370967

## MASTER SERVICE LIST
### Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Robin Corwin Campbell, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, Florida 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

David B. Shelton, Esq.
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**Counsel for Beech Street and ADP**

Thomas Tew, Esq.
Joseph A. DeMaria, Esq.
John M. Quaranta, Esq.
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
William E. Adams, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Post Office Box 4099 (32201)
Jacksonville, FL 32202

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esq.
SONNENSCHEIN, NATH &
ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esq.
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Prudential**

John D. Aldock, Esq.
Jeffrey M. Klein, Esq.
Michael Isenman, Esq.
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy Johnson Maus, Esq.
Lauren D. Levy, Esq.
BUTLER BURNETT PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for Superior**

Alan J. Nisberg, Esq.
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for American International**

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021