IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

00-6061 CV WDF

CASE NO. 01-6783-CIV-FERGUSON

THE CHIROPRACTIC CENTRE, INC.,
on behalf of itself and all others
similarly situated,

      Plaintiff,

v.

METROPOLITAN CASUALTY
INSURANCE COMPANY,

      Defendant.

_____/

NIGHT BOX FILED
NOV 13 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant, Metropolitan Casualty Insurance Company ("MetCas"), hereby moves, pursuant to Fed. R. Civ. P. 26(c), for a protective order in connection with all pending discovery. The reasons for MetCas's motion are more fully set forth in the accompanying Memorandum of Law.

### MEMORANDUM OF LAW

### Introduction

As of the date of this Motion, MetCas notes that the following motions, among others, are pending in this Action:

- MetCas's Motion for Clarification regarding the application of certain orders (D.E. 11 and 12 in this Action; and D.E. 172 in Case No. 00-6061);

- MetCas's Motion to Compel Arbitration; and

- MetCas's Motion to Stay all matters (including discovery and briefing on the issue of class certification) pending arbitration.

MI721034;1          1          311

CASE NO. 01-6783-CIV-FERGUSON

Despite the pendency of MetCas's Motion to Stay all matters,[1] including discovery, the Plaintiff has served MetCas with certain consolidated discovery requests:[2]

- Class Plaintiffs' Consolidated Interrogatories to Insurance Company Defendants dated October 3, 2001;[3]

- Class Plaintiffs' Consolidated Request for Admissions to Insurance Company Defendants dated October 3, 2001;

- Class Plaintiffs' Consolidated Request for Production of Documents to Insurance Company Defendants dated October 3, 2001;

- Multiple Consolidated Notices of Taking Corporate Depositions (23 in all), including a proposed deposition of the corporate representative of MetCas on December 10, 2001;[4] and

- Notices of Taking Deposition of third parties (more than 17 to date).

In light of the pendency of MetCas's Motion to Compel Arbitration, this Court should stay all proceedings, including discovery, in this action pending its resolution of that Motion. Such a stay is appropriate under the Federal Arbitration Act ("FAA" or the "Act") and would also serve the interests of judicial economy. If the Court were to find -- as it should -- that this dispute should be resolved in an arbitral forum, then there would be no need for further court proceedings. Accordingly, by this Motion, MetCas seeks a protective order or stay preventing

---

[1] MetCas also notes that the other defendants in the consolidated cases have pending motions to stay or limit discovery.

[2] Plaintiff has served these requests in the consolidated action titled *Zidel v. Allstate Ins. Co.*, (Case No. 00-6061-CIV-FERGUSON/SNOW). As set forth in MetCas's pending Motion for Clarification, MetCas has sought clarification that this Action is not consolidated with any other action before this Court, including the *Zidel* action. Accordingly, MetCas maintains that **this discovery does not apply to this Action.** In an abundance of caution, however, MetCas files this Motion to preserve any objections to the discovery propounded by Plaintiff.

[3] MetCas has filed objections to Plaintiff's written discovery requests.

[4] These 40 or so depositions are scheduled back to back during late November 2001 through early January 2002. There are even multiple depositions scheduled in multiple locations on single days.

MI721034;1                                    2

all discovery from proceeding pending the resolution of MetCas's Motion to Compel Arbitration.

## Background

1.  Plaintiff The Chiropractic Centre, Inc. ("TCCI"), filed this proposed class action in May 2001. In June 2001, it served MetCas with the Class Action Complaint (the "Complaint") and a Notice of Pendency of several purportedly related actions (the "Other Actions").[5]

2.  In May 2001, this Court held a joint status conference in several of the Other Actions. MetCas, which had not been served at that time, did not attend or participate in the conference.

3.  On September 28, 2001, this Court entered various orders consolidating the Other Actions and setting a consolidated discovery and trial schedule. Pleading and discovery have already commenced in some of these Other Actions.

4.  Promptly upon receipt of these orders, MetCas moved for clarification as to the status of this suit. In its motion, MetCas pointed out: (a) that a motion to consolidate had never been filed, much less briefed, in this case; (b) that it had not yet responded to the Complaint; and (c) that the parties had not yet met to prepare a proposed Joint Scheduling Report and/or to exchange preliminary information under Federal Rule of Civil Procedure 26 and Local Rule 16.1.

5.  In October 2001, MetCas moved to compel arbitration of all claims asserted by TCCI in this action. In its motion, MetCas notes that TCCI is seeking direct payment of personal injury protection (PIP) benefits due under MetCas automobile insurance policies.

---

[5] TCCI's counsel also represents the plaintiffs in the Other Actions, the first of which was filed almost two years ago.

Those policies include provisions expressly requiring arbitration of claims involving PIP benefits.

6.  Recently, TCCI served several discovery requests (including request for production of documents, interrogatories, and request for admissions) on MetCas (and on the defendants in the Other Actions).

## Argument

### A. This Court Should Enter a Protective Order Staying All Discovery Pending Its Ruling on MetCas's Motion to Compel Arbitration.

This Court should enter a protective order staying all discovery for at least three reasons. First, the Act specifically provides for stays pending arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . ., upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties **stay the trial of the action until such arbitration has been had.**

9 U.S.C. § 3 (emphasis added.) Until such time as the Court has had an opportunity to consider the arbitration issue, a stay of discovery is warranted under the FAA.

Second, it would be inappropriate for MetCas to participate in discovery in view of the pending arbitration demand. Such participation might be viewed as a waiver of its arbitration rights. *See Morewitz v. West of England Ship Owners Mut. Protection & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party."); *Shoma Dev. Corp. v. Rodriguez*, 730 So. 2d 838, 839 (Fla. 3d DCA 1999) ("A party's contractual right to arbitration may be waived by actively participating in a lawsuit or taking action inconsistent with that right.") (holding that developer

waived right to compel arbitration).

Third, it would serve the interests of judicial economy to delay any discovery until the Court has resolved the pending motion to compel arbitration. If the Court were to grant MetCas's motion, then all further proceedings, including any discovery, would take place in the arbitral forum and not before the Court. It would waste valuable resources to have the parties commence discovery in this forum, only to learn soon thereafter that the case would proceed in arbitration. As the Eleventh Circuit discussed at length in its hallmark *Chudasama* opinion, discovery imposes significant burdens on both the litigants and the judicial system, so that district courts should strive to resolve substantive motions "before discovery has begun." *Chudasama v. Mazda Motors Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). The alternative -- allowing costly discovery to go forward before the parties even know what claims are at issue -- "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.; see also In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391 (S.D. Fla. June 12, 2001) (staying discovery pending ruling on pending motions to compel arbitration).

This Court should therefore stay all discovery pending the resolution of the motion to compel arbitration because if the Court were to grant the motion -- as it should -- then TCCI would not be entitled to any discovery.

**B.     This Court Should Expedite the Consideration of This Motion.**

MetCas requests, in view of the many pending issues, that the Court give expedited consideration to this motion, its motion to stay and/or to its motion to compel arbitration. If the Court were to grant the motion to compel, then the parties could proceed to arbitration and then

CASE NO. 01-6783-CIV-FERGUSON

this Court need not address further issues in this dispute. Alternatively, if the Court were to deny the motion to compel, then MetCas could immediately appeal that denial to the Eleventh Circuit. *See* 9 U.S.C. § 16(a)(1).

### Conclusion

For these reasons, MetCas requests that the Court enter a protective order staying all discovery pending the resolution of its motion to compel arbitration. Further, MetCas asks that the Court grant expedited consideration of this motion and of the arbitration issue.

Respectfully submitted,

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

_____
Marcy Levine Aldrich
 Fla. Bar No. 096847
George Volsky
 Fla. Bar No. 203092

and

Co-Counsel for Defendant
Jeffrey P. Lennard, Esq.
Sonnenschein, Nath & Rosenthal
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

MI721034;1

CASE NO. 01-6783-CIV-FERGUSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on this 13th day of November, 2001 on:

**Counsel for Plaintiff**
Jan Douglas Atlas
Eric Lee
Robin Corwin Campbell
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Ste. 1700
Ft. Lauderdale, FL 33301

Courtesy copies were also mailed to the persons listed on the attached Courtesy Copy List.

_____
Marcy Levine Aldrich

## COURTESY COPY LIST
*The Chiropractic Centre, Inc. v. Metropolitan Casualty Insurance Company*
(Case No. 01-6783-Civ-Ferguson) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

RICHARD BOKOR, P.A.

MI723187;1

Richard Bokor, Esq.
 rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
 fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
 dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
 peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
 TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
 jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

MI723187;1

- 2 -

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
 fanania@anania-law.com
Donald A. Blackwell, Esq.
 dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
 wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
 badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
Tel: (904) 798-3200
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
 klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
 haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
 rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
 gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

MI723187;1                                                              - 3 -

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
  mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
  jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
  anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
  kmaus@bbplaw.com
Lauren D. Levy, Esq.
  llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

SHEA & GARDNER
John D. Aldock, Esq.
  jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
  jklein@sheagardner.com
Michael Isenman, Esq.
  misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
  dfriedman@csglaw.com
Brian P. Knight, Esquire
  bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577

MI723187;1                    - 5 -