UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____

SALVATORE D. LARUSSO, D.C., d/b/a    01-8110
FAMILY CHHIROPRACTIC CENTER, on
behalf of himself and others
similarly situated,

    Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

    Defendant.
_____



### REPORT AND RECOMMENDATION

    This cause is before the Court on the Defendant's Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration (Docket Entry 24 in Case No. 01-8110-Civ-Ferguson), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.



## I. PROCEDURAL HISTORY

The complaint was filed on February 2, 2001, alleging that the defendant unlawfully reduced payments to the plaintiff, a medical provider who treated persons making claims under the Person Injury Protection ("PIP") portion of the defendant's automobile insurance policies. The plaintiff participates in a preferred provider organization ("PPO") network, whereby he charges reduced fees to members of the PPO. The plaintiff alleges that although the defendant never contracted to participate in the PPO, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of fees charged to members of the PPO. The complaint alleges claims for breach of contract, unjust enrichment, declaratory judgment and for RICO wire and mail fraud.

The case was transferred to the calendar of The Honorable Wilkie D. Ferguson, Jr., since it was similar to other cases pending before him. The plaintiff filed a motion to certify the case as a class action. The defendant filed a motion to dismiss the complaint for failure to state a RICO claim for which relief may be granted, and asked the Court to dismiss the state law claims for lack of subject matter jurisdiction. The Court granted an extension of time for the plaintiff to file a response. On May 11, 2001, the defendant filed the instant motion to dismiss or stay the litigation and to compel the plaintiff to participate in arbitration.

On May 14, 2001, the Court held a hearing on this case and five related cases. Thereafter the Court denied three motions to dismiss filed in the related cases.[1]

The motion to compel arbitration is fully briefed. Prior to the plaintiff's response, the defendant filed a supplemental memorandum of law, discussing the effect of the Federal Arbitration Act ("FAA") 9 U.S.C. § 2, et seq.[2] The plaintiff's response addressed both memoranda.

## II.  RECOMMENDATIONS OF LAW

A.  The Arbitration Clause

The contract between the defendant and the owner of an insured automobile provides:

> Arbitration
>
> If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits:
> 1. Any claims dispute involving medical expenses, between the provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

DE 24, Exhibit 1, p. 15.

---

[1] Believing that the Court orally had denied Farm Bureau's motion to dismiss the instant complaint, the plaintiff did not file a response after the Mary 14 hearing. (DE 32).

[2] The defendant may seek to compel arbitration pursuant to the FAA, which requires the Court to enforce a written agreement to arbitrate. However, state law is used to decide whether the parties have entered into an written agreement to arbitrate. Eassa Properties v. Shearson Lehman Brothers, Inc., 851 F.2d 1301, 1304 n. 7 (11th Cir. 1988).

The defendant asserts that this clause is binding on the plaintiff, who bases his claims on his status as a third party beneficiary under the PIP contract. <u>Fortune Insurance Co. v. U.S.A. Diagnostics, Inc.</u>, 684 So.2d 208 (Fla. 4th DCA 1996)(when parties agree to arbitration on issues not mandated by Fla. Stat. § 627.736(5), the Court will uphold the arbitration agreement).

The plaintiff cites <u>Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc.</u>, 753 So.2d 55 (Fla. 2000) in which the Florida Supreme Court held that the mandatory arbitration requirement of that statute was stricken as unconstitutional. In <u>Pinnacle</u>, persons with PIP coverage from Delta Casualty Company ("Delta"), sought treatment from Pinnacle, and assigned to Pinnacle their right to payment from Delta. Pinnacle submitted a bill which Delta refused to pay; Pinnacle sued as the insured's assignee. Delta moved to dismiss the case, asserting that the claim was subject to arbitration pursuant to Fla. Stat. § 627.736(5), which provided

> Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person . . . may charge only a reasonable amount . . ., and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment, if the insured receiving such treatment . . . has countersigned the invoice, bill or claim form approved by the Department of Insurance.
> . . .
> Every Insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the

4

>insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply.

Fla. Stat. § 672.736(5)(the arbitration provision was added in 1991).

Florida's Supreme Court found that the arbitration provision denied medical providers access to the courts in violation of Article I, Section 21 of the Florida Constitution. The statute promoted assignment of benefits to insure prompt medical care for the insured. The court found that the medical providers lost their access to the courts because their right to appeal was severely limited under the Florida Arbitration Code ("FAC") while they did not receive any commensurate benefit from the statute.[3] Indeed, the provider was subject to additional liability because the statute automatically provided attorneys' fees to the prevailing party. The court found that this provision worked against the prompt treatment of insureds, since it caused providers to require immediate payment from the insureds, rather than risking attorneys' fees if it lost a contested arbitration with the insurer. The court concluded, "Accordingly, we affirm the

---

[3] The Court compared the PIP provision with Florida's Worker's Compensation Act, which provided uncontested no-fault benefits to the worker in return for denying the him the right to sue the employer. In other cases upholding mandatory arbitration, a right to appeal existed. 753 So.2d at 58.

decision of Fifth District Court of Appeal below and hold be unconstitutional the portion of section 627.736(5), Florida Statutes (1997) requiring mandatory arbitration for all medical provider assignees . . .." Id. at 59.

One Florida court cited Pinnacle to invalidate a PIP arbitration clause drafted while the arbitration requirement was part of the statute. Union American Insurance Co. v. U.S.A. Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari or an appellate decision upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding that the issue had been decided by Pinnacle).

The defendant asserts that Pinnacle merely invalidates the Florida statute to the extent that it mandated arbitration for medical care providers under a PIP contract. The defendant argues that the case does not invalidate independent contractual agreements which require such arbitration. Livingston v. State Farm Mutual Automibile Insurance Co., 774 So.2d 716, 717 (Fla. 2d DCA 2000).

However, the Livingston PIP contract was not before the court, which decided the case based on the statute. The court stated in dicta that "Pinnacle did not address whether a health care provider may agree to arbitration when it accepts an assignment." Further dicta suggested that the health care provider who accepted assignment was free to either compel arbitration or sue the insurer. Id. at 18.

6

The complaint has one exhibit, which is a claim for treatment of Gail Risner, who was treated for injuries arising from an accident which occurred on February 24, 1997. The defendant's motion provides a copy of the policy in effect on that date, with a revision date of June 1993. Thus the policy was issued while the statute mandated an arbitration clause.

The Court finds that <u>Pinnacle</u> struck down all statutorily-mandated arbitration clauses in PIP insurance contracts. The defendant has cited no legal authority in support of its position that a contract drafted while the statute was in effect could contain an insurer/provider medical claims arbitration clause which was not mandated by the statute. Nor has the defendant shown that its PIP arbitration clause was so different from that required by the statute that it clearly constituted an independent agreement.

Accordingly, the statutorily-mandated arbitration clause must be stricken as in violation of Florida's Constitution. <u>Pinnacle</u>. The defendant cannot enforce the arbitration clause against the plaintiff. Nor does the FAA compel arbitration, since under Florida law, the parties are not bound by a written agreement to arbitrate.

B. <u>Other Arguments Against Arbitration</u>

The undersigned will briefly consider the arguments raised by the plaintiff if the Court determines that the arbitration clause has not been stricken by the <u>Pinnacle</u> decision.

The plaintiff contends that even if the arbitration clause was not mandated by the statute, the insured cannot bind the provider to an arbitration agreement which exists in the contract between the defendant and the insured. <u>Federated Title Insurers, Inc. v. Ward</u>, 538 So.2d 890, 891 (Fla 4th DCA 1989)("Arbitration provisions are personal covenants, usually binding only upon the parties to the covenant;" an employment contract was not binding on the parent or subsidiary of the employing corporation); <u>Karlen v. Gulf & Western Industries, Inc.</u>, 336 So.2d 461 (Fla. 3d DCA 1976)(arbitration agreement was not binding on corporate successor). The plaintiff contends that the insured cannot bind its unknown assignee, the future medical provider, to arbitration.

The defendant asserts that the plaintiff cannot base its complaint on its status as a third party beneficiary to the policy who accepted assignment of the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. <u>Interpool Ltd. v. Through Transport Mutual Insurance Assoc. Ltd.</u>, 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'
> Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'" (citations omitted).

The result is the same under Florida law. The <u>Livingston</u> court noted that the provider has the option to not accept the assignment. The court found that once a medical provider accepted assignment under a PIP contract, he held "an unqualified assignment [which] transfers to the assignee all the interests of the assignor under the assigned contract." 774 So.2d at 718. See also, <u>Orion</u>, 696 So.2d at 476-77.[4]

The arbitration clause at issue specifically binds the medical provider, even though it has not signed the contract. Accordingly, if the arbitration clause has not been stricken by <u>Pinnacle</u>, the arbitration clause in the PIP contract is binding on the plaintiff. Moreover, all of the plaintiff's claims are subject to arbitration, since they all arise out of the claim for unpaid benefits. <u>Shearson/American Express Inc. v. McMahon</u>, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987).

The plaintiff also asserts that the defendant waived its right to compel arbitration by engaging in substantial litigation before filing the motion to compel arbitration. <u>S&H Contractors, Inc. v. A.J.Cole Co., Inc.</u>, 906 F.2d 1507, 1514 (11th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1026 (1991)(a party which acts inconsistently with its right to arbitration, causing prejudice to

---

[4] The plaintiff argues that only the benefits were assigned, and that the arbitration clause was not assigned. However, none of the cases cited by the plaintiff involve a contract which specifically states that the assignee is required to engage in arbitration.

9

the other party, waives the right to compel arbitration). The defendant's reply argues that the filing of the motion to dismiss does not constitute "substantial litigation," particularly since the plaintiff never responded to the motion to dismiss.

The Court finds that since discovery was essentially stayed during the pendency of this motion, the plaintiff was not prejudiced by the short delay in the defendant's filing of the motion to compel arbitration. The Court cannot find that the defendant waived its right to seek arbitration.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to dismiss the case to compel the plaintiff to engage in arbitration should be DENIED, since the arbitration clause in the 1993 policy was mandated by a statutory provision which subsequently was found to violate Florida's Constitution.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958

(1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13 day of November, 2001.

                                LURANA S. SNOW
                            UNITED STATES MAGISTRATE JUDGE

Copeis to:

Jan Atlas, Esq. (P)
Doug Blankman, Esq. (Local Counsel for Gold)
Arthur Gold, Esq. (D)