UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself and
others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC., d/b/a CCN,

     Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf         01-6778
of itself and others similarly situated,

     Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

     Defendant.

_____

FILED by _____ D.C.

NOV 13 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**REPORT AND RECOMMENDATION**

     This cause is before the Court on the Defendant's Motion
to Compel Arbitration (Docket Entry 10 in Case No. 01-6778-Civ-
Ferguson), which was referred to United States Magistrate Judge
Lurana S. Snow for report and recommendation.

I. PROCEDURAL HISTORY

     The complaint was filed on May 5, 2001, alleging that the
defendant unlawfully reduced payments to the plaintiff, a medical
provider who treated persons making claims under the defendant's
Personal Injury Protection ("PIP") automobile insurance policies.
The plaintiff participates in a preferred provider organization



("PPO") network, whereby it charges reduced fees to members of the PPO.   The plaintiff alleges that although the defendant never contracted to participate in the preferred provider organizer network, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of the fees charged for members of the PPO. The complaint alleges claims for third party beneficiary breach of contract and RICO mail and wire fraud.

The case was transferred to the calendar of The Honorable Wilkie D. Ferguson, Jr., since it was similar to other cases pending before him.   The plaintiff filed a motion to certify the case as a class action.

However the defendant, asserting that the plaintiff's claim is governed by an arbitration clause in the insurance contract, filed the instant motion to dismiss or stay the case and to compel the plaintiff to submit to arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, et seq. Although the arbitration clause appears in the insurance contract issued by the defendant to the automobile owner, the defendant argues that the clause also binds the treating physician, as a third party beneficiary of the policy.

The plaintiff's response contends that the arbitration clause, while binding on the defendant's insured drivers, is not applicable to medical care providers who treat them.  Moreover, the plaintiff argues that the terms of the arbitration clause recite that it is governed by Florida's Arbitration Code, rather than by

the FAA.    The motion is fully briefed and is ripe for consideration.

## II. RECOMMENDATIONS OF LAW

The contract between the defendant and the owner of an insured automobile provides:

> Arbitration
>
> Any claims dispute between us and a medical service or supplies provider who has agreed to accept an assignment of benefits shall be decided by arbitration upon written request of either party.
> . . .
> Arbitration is subject to the provisions of the Florida Arbitration Code, Chapter 682 of the Florida Statutes.

DE 10, Exhibit 1, PAC 226 FL (Ed 7/00 INS), Changes to Part 6, Part B, p 10-11.

First the Court must determine the extent to which the motion is governed by Florida law and by the federal statute.

The FAA requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce.   Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983).   If the plaintiff attempts to litigate claims, including statutory claims, which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA).

The defendant asserts that the FAA preempts any state law construing the effect of arbitration agreements. <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 10, 104 S.Ct. 852  (1984)(To the extent that state law conflicts with the FAA, it violates the Supremacy clause of the Constitution).  Even if the parties choose state law to govern the contract, if the contract is part of a transaction involving  interstate  commerce,  the  FAA  governs. <u>Dean Witter Reynolds, Inc. v. Daily</u>, 12 F.Supp.2d 1319, 1321-22 (S.D.Fla. 1998), <u>citing</u>,  <u>Paine Webber Inc. v. Elahi</u>, 87 F.3d 589 (1st Cir. 1996).  However, the purpose of the FAA is to enforce arbitration provisions; the parties still may choose state rules and procedures for conducting the arbitration.  <u>Roadway Package Sywtem, Inc. v. Kayser</u>, 257 F.3d 287 (3rd Cir. 2001).[1]

The plaintiff's response asserts that it did not enter into a contract with the defendant; thus, neither the FAA nor the FAC  binds  the  plaintiffs.  "While  federal  law  may  govern  the interpretation and enforcement of a valid arbitration agreement, state law governs the question of whether such an agreement exists in the first place." <u>Eassa Properties v. Shearson Lehman Borthers, Inc.</u>, 851 F.2d 1301, 1304, n.7 (11th Cir. 1988).

---

[1]  The plaintiff  incorrectly  interprets  <u>Roadway</u>  as  allowing parties  to  "opt  out"  of  the  provisions  of  the  FAA.   The  case clearly holds that the arbitration agreement can choose state rules and procedures, but cannot completely void the provisions of the FAA.

The defendant's reply contends that Eassa does not apply, since the complaint alleges that the plaintiff is a third party beneficiary of the insurance contract, thus the only question before the Court involves interpretation and enforcement of the contract, an issue of federal law.

The FAA requires a written agreement to arbitrate between the parties. The issue before the Court is whether the plaintiff, who is not a party to the defendant's contract, is bound by the contract as a third party beneficiary, since the insureds assigned their right to payment, under the policy, to the plaintiff. The determination of whether the plaintiff is deemed to be a party to the contract is a question of state law. Eassa.

The plaintiff cites Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000) for the proposition that a PIP policy cannot bind a medical provider to the arbitration clause in the policy. In Pinnacle, persons with PIP coverage from Delta Casualty Company ("Delta"), sought treatment from Pinnacle, and assigned to Pinnacle their right to payment from Delta. Pinnacle submitted a bill which Delta refused to pay; Pinnacle sued as the insured's assignee. Delta moved to dismiss the case, asserting that the claim was subject to arbitration pursuant to Fla. Stat. § 627.736(5), which provided

> Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person . . . may charge only a reasonable amount . . ., and the insurer providing such coverage may pay for such charges directly to such person or

> institution lawfully rendering such treatment,
> if the insured receiving such treatment . . .
> has countersigned the invoide, bill or claim
> form approved by the Department of Insurance.
> . . .
> Every Insurer shall include a provision in its
> policy for personal injury protection benefits
> for binding arbitration of any claims dispute
> involving medical benefits arising between the
> insurer and any person providing medical
> services or supplies if that person has agreed
> to accept assignment of personal injury
> protection benefits.  The provision shall
> specify that the provisions of chapter 682
> relating to arbitration shall apply.

Fla. Stat. § 672.736(5).(The arbitration provision was added in 1991).

Florida's Supreme Court found that the arbitration provision denied medical providers access to the courts in violation of Article I, Section 21 of the Florida Constitution. The statute promoted assignment of benefits to insure prompt medical care for the insured.  The court found that the medical providers lost their access to the courts because their right to appeal was severely limited under the FAC while they did not receive any commensurate benefit from the statute.[2] Indeed, the provider was subject to additional liability because the statute automatically provided attorneys' fees to the prevailing party. The court found that this provision worked against the prompt

---

[2]    The Court compared the PIP provision with Florida's Worker's Compensation Act, which provided uncontested no-fault benefits to the worker in return for denying the him the right to sue the employer.  In other cases upholding mandatory arbitration, a right to appeal existed.  753 So.2d at 58.

treatment of insureds, since it caused providers to require
immediate payment from the insureds, rather than risking attorneys'
fees if it lost a contested arbitration with the insurer. The
court concluded, "Accordingly, we affirm the decision of Fifth
District Court of Appeal below and hold be unconstitutional the
portion of section 627.736(5), Florida Statutes (1997) requiring
mandatory arbitration for all medical provider assignees . . .."
Id. at 59.

One Florida court cited Pinnacle to invalidate a PIP
arbitration clause drafted while the arbitration requirement was
part of the statute. Union American Insurance Co. v. U.S.A.
Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying
certiorari for an appellate decision upholding the denial of a
motion to compel arbitration under a PIP contract requiring
arbitration, finding that the issue had been decided by Pinnacle.)

The defendant asserts that Pinnacle merely invalidates
the Florida statute to the extent that it mandated arbitration for
medical care providers under a PIP contract. The defendant argues
that the case does not invalidate contractual agreements which
require such arbitration. Livingston v. State Farm Mutual
Automibile Insurance Co., 774 So.2d 716, 717 (Fla. 2d DCA 2000).

The Livingston PIP contract was not before the court,
which decided the case based on the statute. The court stated in
dicta that "Pinnacle did not address whether a health care provider
may agree to arbitration when it accepts an assignment". Further

dicta in <u>Livingston</u> suggested that the health care provider who accepted assignment was free to either compel arbitration or sue the insurer. <u>Id.</u> at 18.

The complaint has one exhibit, which is a claim for treatment of Anna Lewin, for injuries sustained on August 5, 2000. The defendant's motion provides a copy of the policy in effect on that date, issued August 1, 2000.  Thus the policy was issued nearly five months after the statute was declared to be illegal.

While <u>Pinnacle</u> struck down statutorily-mandated arbitration clauses in PIP insurance contracts, <u>Union American</u>, <u>supra</u>, it did not strike down subsequent arbitration agreements drafted as part of the contract between the parties to the contract. The plaintiff has not cited any case in which the court held that <u>Pinnacle</u> stuck down an arbitration clause in a PIP contract written after the statute mandating such clauses was declared unconstitutional.

The language in the contract was not mandated by the statute, but constitutes an independent agreement between the parties. The arbitration clause was not invalidated by <u>Pinnacle</u>.

The plaintiff contends that even if the arbitration clause was not mandated by the statute, the insured cannot bind the provider to an arbitration agreement which exists in the contract between the defendant and the insured. <u>Federated Title Insurers, Inc. v. Ward</u>, 538 So.2d 890, 891 (Fla 4th DCA 1989)("Arbitration provisions are personal covenants, usually binding only upon the

parties to the covenant;" an employment contract was not binding on the parent or subsidiary of the employing corporation); <u>Karlen v. Gulf & Western Industries, Inc.</u>, 336 So.2d 461 (Fla. 3d DCA 1976)(arbitration agreement was not binding on corporate successor). The plaintiff contends that the insured cannot bind its unknown assignee, the future medical provider, to arbitration.

The defendant asserts that the plaintiff cannot base its complaint on its status as a third party beneficiary to the policy who accepted assignment of the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. <u>Interpool Ltd. v. Through Transport Mutual Insurance Assoc. Ltd.</u>, 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'
> Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'" (citations omitted).

The result is the same under Florida law. The <u>Livingston</u> court noted that the provider has the option to not accept the assignment. The court found that when a medical provider accepted assignment under a PIP contract, he held "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract." 774 So.2d at 718. The arbitration clause at issue specifically binds the

9

medical provider who accepts assignment, even though it has not signed the contract. Accordingly, the arbitration clause in the PIP contract is binding on the plaintiff.[3]

The PIP contract constitutes a written agreement which is binding on the plaintiff. The contract may be enforced under the FAA, and under the FAC to the extent that it does not conflict with the FAA. In this case, the FAC was chosen to provide the procedure for arbitration.[4] Moreover, all of the plaintiff's claims are subject to arbitration. Clearly, the breach of contract claim is subject to arbitration. The associated RICO claim also is subject to arbitration. McMahon, supra.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to dismiss the complaint and require the plaintiff to engage in arbitration be GRANTED.

---

[3] The plaintiff argues that only the benefits were assigned, and that the arbitration clause was not assigned. However, none of the cases cited by the plaintiff involve a contract which specifically states that the assignee is required to engage in arbitration.

[4] Both parties adopted their memoranda of law filed in Case No. 01-8110-Civ-Ferguson, Salvatore D. LaRusso, D.C. v. Florida farm Bureau Casualty Insurance Co. In that case, the plaintiff's response asserted that the defendant had waived its right to compel arbitration by engaging in substantial litigation before filing the motion to compel arbitration. Clearly the part of the LaRusso memoranda does not apply to the instant case, where the motion to compel arbitration was the first response filed by the defendant.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13th day of November, 2001.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Jan Atlas, Esq. (P - Ultra Open MRI)
Kathleen Maus, Esq. (D - Prudential)
Lauren Levy, Esq. (D - Prudential and Local Counsel for
                    Aldock, Wyner, Klein and Isenman)
John Aldock, Esq. (D - Prudential)
Richard Wyner, Esq. (D - Prudential)
Jeffrey Klein, Esq. (D - Prudential)
Michael Isenman, Esq. (D - Prudential)