UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY
CHIROPRACTIC CENTER, on behalf of himself
and all others similarly situated,

     Plaintiff,

vs.

                     CASE NO. 01-8108-CIV-FERGUSON

NATIONWIDE MUTUAL INSURANCE
COMPANY,

     Defendant.

_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION (D.E. #225)

     Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly

situated ("LARUSSO"), by his undersigned counsel, hereby submits his Memorandum of Law in

Opposition to Defendant NATIONWIDE MUTUAL INSURANCE COMPANY's

("NATIONWIDE") Motion to Compel Arbitration, or in the Alternative, to Dismiss ("Motion to



ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Compel Arbitration") (D.E. #225). For all the reasons set forth herein, LARUSSO respectfully submits that NATIONWIDE's Motion to Compel Arbitration should be denied in all respects.

## INTRODUCTION

This is one of 15 pending PPO reduction class actions consolidated by this Court. On September 28, 2001, this Court entered its Omnibus Order ("Omnibus Order") which denied the various Motions to Dismiss, with the exception of the Lanham Act claims. LARUSSO has asserted against NATIONWIDE the same claims which this Court has already sustained. In February, 2001, LARUSSO instituted this action against Nationwide Insurance Company of America. Thereafter, Nationwide Insurance Company of America filed its Motion to Dismiss which asserted that the improper NATIONWIDE entity was sued and raised numerous substantive issues regarding the allegations made against NATIONWIDE. In light of this Court's oral ruling at that the May 14, 2001 status conference that the pending Motions to Dismiss would be denied, counsel for LARUSSO, with the agreement of counsel for NATIONWIDE, agreed to wait until the written Order was entered so that LARUSSO could substitute the proper NATIONWIDE entity. On October 10, 2001, LARUSSO amended the Complaint replacing NATIONWIDE for Nationwide Insurance Company of America as the Defendant in this action. Thereafter, on October 24, 2001, NATIONWIDE served its Motion to Compel Arbitration.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." _Janmort Leasing, Inc. v. Econo-Car Int'l, Inc.,_



CASE NO. 00-6061-CIV-FERGUSON/SNOW

475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that '(a) written agreement for arbitration is the sine qua non of an enforceable arbitration agreement' under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.") As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

I.   THE CLAIMS ASSERTED BY LARUSSO ARE NOT SUBJECT TO ARBITRATION BECAUSE LARUSSO IS ASSERTING CLAIMS AS THE ASSIGNEE OF RIGHTS FROM A NATIONWIDE INSURED.

The claims asserted by LARUSSO are not subject to arbitration because LARUSSO is asserting claims as the assignee of claims assigned to him by a NATIONWIDE insured. There is no arbitration agreement between LARUSSO and NATIONWIDE. There is no arbitration

ATLAS PEARLMAN

agreement between NATIONWIDE's insured and NATIONWIDE. Unlike other Defendants in these

consolidated proceedings, NATIONWIDE has not asserted that the contract between the

NATIONWIDE insured and NATIONWIDE contains an arbitration provision requiring that claims

assigned to health care providers be arbitrated. Instead, NATIONWIDE seeks to compel arbitration

as an alleged third-party beneficiary of a contract between LARUSSO and Beech Street Corporation.

Since LARUSSO is asserting claims as an assignee, there is no basis to utilize the Beech Street

agreement to compel arbitration.

LARUSSO's Complaint asserts causes of action against NATIONWIDE due to its improper

and fraudulent reduction of PIP claims under Section 627.736, Florida Statutes. In order for a health

care provider to assert claims against an automobile insurance company for PIP benefits, the insured

must assign the claim for PIP benefits to the health care provider. "Courts have recognized that

medical service providers can assert claims for a PIP benefit against insurers when an insured has

assigned them the right to the benefits." Hartford Ins. Co. of the Southeast v. St. Mary's Hosp., Inc.,

771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations omitted). The right to pursue a claim for PIP

benefits belongs to the insured unless the insured assigns the right to a health care provider. As

recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury
> protection (PIP) benefits to a health care provider, the insured may not file a lawsuit
> to collect the assigned benefits. The insured would only have a claim to pursue
> against the insurance company if the health care provider were permitted to rescind
> the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any

event, only the insured or the medical provider 'owns' the cause of action against the insurer at any



one time. And the one that owns the claim must bring the action if an action is to be brought." Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

The claims LARUSSO has asserted against NATIONWIDE are claims that were assigned to LARUSSO by a NATIONWIDE insured.[1] In order for LARUSSO to assert claims for PIP benefits, he was required to obtain an assignment of benefits from the NATIONWIDE insured. There is no arbitration agreement between NATIONWIDE and its insured. There is no arbitration agreement between LARUSSO and the NATIONWIDE insured. LARUSSO, as the insured's assignee "surely is in no worse position than its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. & Surety Co., 276 F. Supp. 791, 793 (S.D. N.Y. 1967). As the assignee, LARUSSO stands in the shoes of the NATIONWIDE insured. Since the NATIONWIDE insured cannot be compelled to arbitrate the claims asserted in this action, LARUSSO cannot be compelled to arbitrate the same claims.

NATIONWIDE recognizes that LARUSSO's claim is brought pursuant to an assignment of benefits. NATIONWIDE asserts that without such an assignment, LARUSSO lacks standing and is not the real party in interest to this dispute. (Motion to Compel Arbitration at P. 9). LARUSSO has received an assignment of benefits from his insured. LARUSSO would not have brought the action if he did not have standing to bring the claims asserted and to the extent that NATIONWIDE contests his standing, the attached assignment of benefits verifies LARUSSO's standing. It also clarifies the fact that there is no arbitration agreement between the NATIONWIDE insured and

---

[1] A true and correct copy of the assignment is attached hereto as Exhibit "1."

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

LARUSSO.  Also, the NATIONWIDE insured is not a party to the Beech Street agreement.  NATIONWIDE cannot use the Beech Street agreement to compel arbitration of a dispute between NATIONWIDE and its insured.  Accordingly, NATIONWIDE has no basis to compel arbitration of the claims LARUSSO is asserting as an assignee.

NATIONWIDE also fails to affirmatively set forth a critical element of its claim as a third-party beneficiary.  NATIONWIDE asserts that it is a third-party beneficiary of the LARUSSO contract with Beech Street because it is a defined "payor" under the Beech Street agreement.  In order to be a payor under the Beech Street agreement, NATIONWIDE was required to enter "into an agreement with Beech Street to participate in its preferred provider program."  (Beech Street agreement at ¶ 1.5).  Nowhere in NATIONWIDE's Motion to Compel Arbitration does it assert that NATIONWIDE entered into an agreement with Beech Street to participate in its preferred provider program.  There is no agreement between NATIONWIDE and Beech Street attached as an exhibit to the Motion to Compel Arbitration and there is no evidence presented to establish that NATIONWIDE has entered into a contract with Beech Street.  Since NATIONWIDE has not established that it entered into an agreement with Beech Street, it is not a "payor" under the Beech Street agreement and cannot be considered an intended third-party beneficiary to the Beech Street agreement.

Another reason why NATIONWIDE is not a "payor" under Beech Street agreement is because the Beech Street agreement does not apply to PIP claims.  On page 8 of the Beech Street agreement, LARUSSO signed the signature page and checked off the two applicable boxes.  These boxes related to a "Health Benefits Network Membership" and a "Worker Compensation Network



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Membership." Nowhere in the agreement does it indicate that the Beech Street agreement relates

to PIP claims. Since LARUSSO did not enter into an agreement with Beech Street with relation to

PIP claims, the Beech Street agreement does not apply and NATIONWIDE cannot be considered

a third-party beneficiary. NATIONWIDE does not claim that it provided standard health benefits

or that it provided worker's compensation benefits to individuals treated by LARUSSO.

Accordingly, the Beech Street agreement cannot provide NATIONWIDE with a basis to claim that

these issues should be compelled to arbitration.

## II.     NATIONWIDE HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION.

Even if NATIONWIDE had a basis to compel arbitration, it has waived its right by acting

inconsistently with its purported right to compel arbitration. The right to arbitrate like any other

contractual right is not absolute and may be waived. See S & H Contractors, Inc. v. A.J. Cole Co.,

Inc., 906 F.2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in

litigation or other actions inconsistent with the right to compel arbitration. Usher Syndicate Ltd.,

Inc. v. Figgie Int'l, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's 'substantial

participation in litigation to a point inconsistent with an intent to arbitrate' which results in prejudice

to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000)

(quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356,

1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense

associated with litigation. Morewitz, 62 F.3d at 1366.



In determining whether a party has waived its right to compel arbitration, it is appropriate for a court to consider a party's conduct in other litigation. See PPG Industries, Inc. v. Webster Auto Parts, Inc., 128 F.3d 103 (2d Cir. 1997). As the Court stated :

> We have previously stated that the "prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." Doctor's Assocs., 107 F.3d at 133. It is irrelevant that the prior litigation occurred as a part of a separate action or in a different court. See id. at 132-33; see also Kramer, 943 F.2d at 178 (reversing district court's grant of motion to compel arbitration where defendant waived right to arbitrate by engaging in extensive litigation in state courts).

In Morewitz, 62 F.3d 1356, the Court found that a party involved in various litigation regarding similar disputes cannot pursue litigation and then subsequently demand to arbitrate those same disputes in a subsequent litigation. Finally,

> [t]he "prejudice" that supports a finding of waiver can be "substantive" prejudice to the legal position of the party opposing arbitration, such as when the party seeking arbitration "loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," or obtains information through discovery procedures not available in arbitration.

Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997).

NATIONWIDE has waived its right to compel arbitration by litigating the same issues raised in this action by LARUSSO in other cases. In Ortho Associates, P.A. v. Nationwide Property & Casualty Insurance, Case No. 01-0592 COCE 55, Broward County Court, identical factual and legal issues were raised relating to whether NATIONWIDE could utilize PPO reductions pursuant to a purported agreement between a health care provider and Beech Street Corporation. After litigating the issue in the county court, the Court ruled against NATIONWIDE finding that its practice of reducing health care providers' bills based on a purported PPO reduction was unlawful and violated

8

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Section 627.736(10), Florida Statutes.[2] Additionally, in two actions brought by LARUSSO against NATIONWIDE in the county courts, NATIONWIDE similarly chose to litigate the issues rather than raise any issues relating to arbitration. In <u>Larusso v. Nationwide Property & Casualty Insurance</u>, Case No. MS-01-9820-RJ, Palm Beach County Court and <u>Larusso v. Nationwide Property & Casualty Insurance</u>, Case No. MS-01-9821-RJ, Palm Beach County Court, the court ruled in LARUSSO's favor on the issue of NATIONWIDE's illegal reduction of PIP claims.[3]

Finally, in <u>Dennis M. Jewell v. Nationwide Mutual Insurance Company</u>, Consolidated Case No. 2001 SC 009351 SC, Sarasota County Court, NATIONWIDE proceeded to trial on these issues and once against the Court found against NATIONWIDE.[4] In <u>Jewell</u>, the action arose out of claims asserted by a health care provider as the assignee of individual insureds who received treatment from the plaintiff. NATIONWIDE agreed that the trial would be decided by the court on the issue of: "Whether defendant, Nationwide Mutual Insurance Company could pay personal injury protection (PIP) benefits at reduced preferred provider (PPO) rates without offering a preferred provider PIP policy of insurance and/or without complying with the requirements of Florida Statutes, § 627.736(10)." (Ex. 5 at pp. 1-2). The Court found that Section 627.736(10) sets forth the sole method by which an insurance carrier may utilize preferred provider rates, that NATIONWIDE did not meet the requirements of Section 627.736(10), and that NATIONWIDE's reductions were

---

[2] A true and correct of the decision is attached hereto as Exhibit "2."

[3] True and correct copies of the decisions are attached hereto as Exhibits "3" and "4," respectively.

[4] A true and correct of the decision is attached hereto as Exhibit "5."

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

unlawful. The Court also certified a question of great public importance to the District Court of Appeal.

Counsel for LARUSSO is also aware of numerous county court cases against the various NATIONWIDE entities in which the issue regarding PPO reductions has been litigated by NATIONWIDE without NATIONWIDE asserting that the actions should be arbitrated. NATIONWIDE cannot litigate these issues in the county courts of Florida hoping for a favorable judicial ruling, have adverse rulings entered against it in a number of cases, and then attempt to invoke its purported right to compel arbitration when a class action lawsuit is brought against it on the same issues. LARUSSO challenges NATIONWIDE to advise this Court as to how many lawsuits have been filed against NATIONWIDE in which the issue of PPO reductions was raised. LARUSSO further challenges NATIONWIDE to advise this Court how many times it has sought arbitration in those cases filed against it in which the PPO reduction issue was asserted.[5] If NATIONWIDE provides this Court with this information, it will be clear that NATIONWIDE has waived its right to compel arbitration of these issues by litigating these issues in the county courts throughout the state. If NATIONWIDE fails or refuses to provide this information, it will be because NATIONWIDE is attempting to conceal its efforts to litigate these issues in the county courts, while now attempting to invoke arbitration in this class action.[6]

---

[5]It should be noted that prior to Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000), insurance companies routinely sought arbitration pursuant to Section 627.736(5) which statutorily imposed a binding arbitration provision in every PIP insurance policy issued in the state. In Pinnacle, the Florida Supreme Court found such a provision to be unconstitutional. Thus, NATIONWIDE should advise this Court as to how many times, subsequent to Pinnacle, it has sought to compel arbitration.

[6]LARUSSO believes that there is no basis for NATIONWIDE to compel arbitration. However, in the event that the issue of arbitration turns on whether NATIONWIDE has litigated these issues in the county courts, LARUSSO would request that this Court allow specific discovery directed to NATIONWIDE's activities in litigating these issues in the county

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

NATIONWIDE is also judicially estopped from seeking to compel arbitration in these proceedings. NATIONWIDE has chosen to litigate the same factual and legal issues in the county courts on numerous occasions, including two cases in which LARUSSO was the party. In these cases, NATIONWIDE waived any right it had to compel arbitration by choosing to litigate the issues through judgment. Having utilized the judicial process in these proceedings, NATIONWIDE is judicially estopped from maintaining in this action that the judicial process must yield in favor of arbitration. See Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061 (Fla. 2001); Dimino v. Farina, 572 So. 2d 552 (Fla. 4th DCA 1990). Judicial estoppel applies even where there is not complete mutuality of parties. "The courthouse should not be viewed as an all-you-can-sue buffet, in which litigants can pick and choose which verdicts they want and which they do not." Blumberg, 790 So. 2d at 1067. The Court explained how judicial estoppel applies:

> This case is exactly the type of scenario for which the judicial estoppel doctrine was intended. [Plaintiff] is attempting "to make a mockery out of justice" by asserting inconsistent positions in the [prior] suit (where he claimed that coverage existed and prevailed) and the [subsequent] suit (where he claimed that coverage did not exist).

Id. at 1066.

NATIONWIDE is similarly attempting to make a mockery out of justice. NATIONWIDE has asserted in the numerous county court actions that the issues raised regarding PPO reductions should be litigated in those matters. NATIONWIDE has successfully maintained this position by taking part in litigating these issues rather than having the issues decided by arbitration. NATIONWIDE is now claiming that the very same issues cannot be litigated in court, but should

---

courts.


ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

be referred to arbitration. These are clearly inconsistent positions taken by NATIONWIDE. NATIONWIDE is judicially estopped from claiming that these issues should be arbitrated.

## III. NATIONWIDE'S MOTION TO DISMISS THE CLAIMS ASSERTED AGAINST IT HAS ALREADY BEEN DENIED BY THIS COURT.

NATIONWIDE's Motion to Dismiss is identical to the Motions to Dismiss this Court has already denied. The claims asserted by LARUSSO against NATIONWIDE are identical to the claims asserted by LARUSSO against LIBERTY MUTUAL in Larusso v. Liberty Mutual Ins. Co., Case No. 00-7692-CIV-FERGUSON and are identical to the claims asserted by Plaintiff DR. PAUL ZIDEL in Zidel v. Allstate Ins. Co., Case No. 00-6061-CIV-FERGUSON. The claims asserted by LARUSSO against NATIONWIDE have also been asserted by Plaintiff MARC J. BROWNER, D.C. in Browner v. Allstate Indemnity Co., Case No. 00-7163-CIV-FERGUSON and by Plaintiff KEITH BRICKELL, D.C. in Brickell v. Progressive Express Ins. Co., et al., Case No. 00-6649-CIV-FERGUSON.

This Court's Omnibus Order denied the Motions to Dismiss from Case Nos. 00-6061, 00-6649, 00-7163 and 00-7692, except as to the Lanham Act Counts. The claims asserted by LARUSSO against NATIONWIDE are identical to the claims which this Court has already determined to state valid causes of action. These issues were extensively briefed and rather than restate agreements previously asserted, LARUSSO adopts the various Memoranda of Law filed in Opposition to the Motions to Dismiss in Case No. 00-6649 (D.E. #38 and D.E. # 47); Case No. 00-7163 (D.E. #32 and D.E. #47); and (Case No. 00-6061 (D.E. #38). These memoranda, along with the oral arguments heard before this Court on the various Motions to Dismiss, fully addressed the issues once again raised by NATIONWIDE. Based upon the fact that this Court has already denied

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Motions to Dismiss identical claims in the other actions, NATIONWIDE's Motion to Dismiss should be similarly denied.

LARUSSO also adopts and reasserts the additional arguments set forth in LARUSSO's Memorandum of Law in Opposition to Defendant HARTFORD's Motion to Dismiss. The Memorandum of Law in Opposition to HARTFORD's Motion to Dismiss incorporates 12 recent decisions decided during the past year which have found that the utilization of PPO reductions by insurance companies without offering a PPO insurance policy and without complying with Section 627.736(10), Florida Statutes, is invalid and illegal. The Memorandum of Law in Opposition to HARTFORD's Motion to Dismiss also cites HCA Health Services of Georgia v. Employee's Health Ins. Co., 240 F.3d 982 (11th Cir. 2001), in which the Eleventh Circuit, under the heightened standards of the Employee Retirement Income Security Act, found silent PPOs to be invalid and damaging to health care providers and insureds. Finally, the recent decision in Jewell v. Nationwide Mutual Ins. Co., Consolidated Case No. 2001 SC 009351 SC, further establishes the illegality of NATIONWIDE's reduction of PIP claims. NATIONWIDE's Motion to Dismiss raises no new arguments. The claims asserted by LARUSSO against NATIONWIDE have already been sustained by this Court and NATIONWIDE's Motion to Dismiss should be denied.

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated respectfully requests that this Court enter an Order denying Defendant NATIONWIDE MUTUAL INSURANCE COMPANY's Motion to Compel



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Arbitration, or in the Alternative, to Dismiss, together with such other and further relief as this Court

may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile



CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this __15th__ day of November, 2001 upon: all individuals on the attached service list.

ERIC LEE



# FAMILY CHIROPRACTIC CENTER

Director
Dr. Salvatore D. LaRusso, D.C., P.A.

Associates
Dr. William J. Fichelroth, D.C.
Dr. Kenneth M. Horack, D.C.

13860 Wellington Trace, Suite 13
Wellington, FL 33414
(561) 793-4700

14100 U.S. Highway One
Juno Beach, FL 33408
(561) 626-6711

Member

Florida Chiropractic Society

Fellow, International Chiropractic Association

President Gibbon
Life Chiropractic College

Council on Reenignmology of the American Chiropractic Association

Chairman of the Board, Palm Beach County Chiropractic Society

Past President, Florida Chiropractic Society

Chairman of the Board, Florida Chiropractic Society

## ASSIGNMENT OF BENEFITS

I __JOSEPH GEIGER__ hereby IRREVOCABLY ASSIGN to the below named medical provider, any rights or benefits under any policy of insurance, indemnity agreement, or any other collateral source as defined in Florida Statues for any service and or charges provided by the below named medical provider. You are hereby directed to mail any and all checks payable to the below named medical provider at the address listed on the HCFA-1500 form in box 33. The payment will not exceed my indebtedness to the above-mentioned assignee of said Professional Service charges over and above this insurance payment.

Family Chiropractic Center
13860 Wellington Trace, Suite 13
Wellington, FL 33414

A photocopy of this Assignment shall be considered as effective and valid as the original.

I also authorize Family Chiropractic Center to release any information pertinent to my case to any insurance company, adjustor, and attorney involved in this case and hereby release him of any consequence thereof.

Dated at Family Chiropractic Center this __25th__ day of __July__ 1999

X _____
Signature of POLICYHOLDER

__Joseph Geiger__
PATIENT'S NAME (Please Print)

_____
Signature of Claimant if other than Policy Holder

## EXHIBIT "1"

PLF05133001

IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO: 01-010592 COCE 55

ORTHO ASSOCIATES, P.A., d/b/a
PARK PLACE THERAPEUTIC CENTER,
and PARK PLACE ORTHOPAEDICS &
REHABILITATION, a Florida Professional
Association, (Pat Braddy, Patient)

                              Plaintiff,

vs.

NATIONWIDE PROPERTY & CASUALTY
INSURANCE,
                            Defendant.
_____/

## ORDER

THIS CAUSE having come on to be heard on Plaintiff, ORTHO

ASSOCIATES, P.A., d/b/a PARK PLACE THERAPEUTIC CENTER and PARK PLACE

ORTHOPAEDICS & REHABILITATION, a Florida Professional Association's (Pat Braddy,

Patient), Motion for Summary Disposition pursuant to Florida Rule of Civil Procedure 7.135

and the Court having heard argument of counsel and being otherwise fully advised in the

Premises,

    1. This Court rules in favor of the Plaintiff and further finds that the Defendant,

NATIONWIDE PROPERTY AND CASUALTY INSURANCE is not entitled to take Preferred

Provider Organization ("PPO") reductions in the payment of automobile Personal Injury

Protection ("PIP") benefits without selling a PPO-PIP policy of insurance and/or without

complying with the requirements of Florida Statutes 627.736(10).

    2. This Court reserves jurisdiction to rule on Defendant's Affirmative Defense of

exhaustion of benefits and for the entry of a Final Judgment for damages, together with

### EXHIBIT "2"

pre-judgment and post-judgment interest thereon, costs and reasonable attorney's fees

pursuant to Florida Statute 627.428.

DONE AND ORDERED in Chambers at Ft. Lauderdale, Broward County, Florida

this _____ day of OCT 16 2001 , 2001.

JERRY POLLOCK
A TRUE COPY

Copies furnished:                           _____
Counsel of Record                                   Judge, County Court

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE NO.: MS-01-9820-RJ

S.D. LARUSSO, D.C., P.A. and
SALVATORE D. LARUSSO, D.C.,,
(Antoinette Gilkes, Patient),
        Plaintiff (s)

vs.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE.
        Defendant (s)
_____/

## ORDER

   **THIS MATTER** came before the Court on October 18, 2001 on Plaintiff's Motion for Summary Disposition pursuant to Florida Small Claim Rule 7.135. The Court heard arguments of counsel for both parties and both parties had submitted legal authority to the Court prior to the hearing . Based upon the foregoing, it is thereupon:

   ORDERED AND ADJUDGED that the Court Grants Plaintiff's Motion for Summary Disposition and finds that the Defendant, Nationwide Property and Casualty Insurance, is not entitled to take PPO reductions in the payment of Automobile PIP benefits without having sold a PPO-PIP policy to the insured and/or without complying with the requirements of FS 627.736(10).

   DONE AND ORDERED in Chambers, at West Palm Beach,  Palm Beach County, Florida on this _____day of October, 2001 SIGNED & DATED

OCT 2 2 2001
_____
Peter M. Evans
County Court Judge COUNTY COURT JUDGE. EVANS

Copies furnished:

Douglas A. Blankman, Esq.
Kopelman & Blankman, P.A.
One Financial Plaza - Suite 2510
Ft. Lauderdale, Florida 33394

Patrick Neil, Esq.
Fowler, White, Gillens et al
P. O. Box 210
St. Petersburg, Florida 33731

019820.ord2

EXHIBIT "3"

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: MS-01-9821-RJ

S.D. LARUSSO, D.C., P.A. and
SALVATORE D. LARUSSO, D.C.,
( Sara Weiss, Patient),
    Plaintiff (s)

vs.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE.
    Defendant (s)
_____/

## ORDER

    **THIS MATTER** came before the Court on October 18, 2001 on Plaintiff's Motion for Summary Disposition pursuant to Florida Small Claim Rule 7.135. The Court heard arguments of counsel for both parties and both parties had submitted legal authority to the Court prior to the hearing . Based upon the foregoing, it is thereupon:

    ORDERED AND ADJUDGED that the Court Grants Plaintiff's Motion for Summary Disposition and finds that the Defendant, Nationwide Property and Casualty Insurance, is not entitled to take PPO reductions in the payment of Automobile PIP benefits without having sold a PPO-PIP policy to the insured and/or without complying with the requirements of FS 627.736(10).

    DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida on this _____day of October, 2001.

OCT 2 2 2001

JUDGE PETER M. EVANS
Peter M. Evans
County Court Judge

Copies furnished:

Douglas A. Blankman, Esq.
Kopelman & Blankman, P.A.
One Financial Plaza - Suite 2510
Ft. Lauderdale, Florida 33394

Patrick Neil, Esq.
Fowler, White, Gillens et al
P. O. Box 210
St. Petersburg, Florida 33731

019821.ord

EXHIBIT "4"

IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
CIVIL DIVISION – SOUTH COUNTY

DENNIS M. JEWELL, D.C., P.A.,                    CONSOLIDATED CASE NOS:
a/a/o  Thomas Forberger,                              2001 SC 009351 SC
       Linda Stone                                   2001 SC 002957 SC
       Ralph Stone                                   2001 SC 003763 SC

GEORGE G. HUDSON, D.C., P.A.,
d/b/a HUDSON CHIROPRACTIC
a/a/o  Julie Odenweller                              2001 SC 002950 SC
       James Cafaro                                  2001 SC 004210 SC

       Plaintiff,

vs.

NATIONWIDE MUTUAL INSURANCE
COMPANY, an Ohio corporation,

       Defendant.
_____/

## FINAL JUDGMENT

THIS CAUSE, consisting of the foregoing consolidated cases, having come before the

Court upon a non-jury trial on August 27, 2001, and the Court having considered all the

evidence, testimony, argument of counsel and being otherwise duly advised in the premises, IT

IS ORDERED AND ADJUDGED:

1.    These consolidated cases arose out of PIP (Personal Injury Protection) insurance

contracts between the Plaintiffs, as assignees of the individual insureds who received chiropractic

care from Plaintiffs, and the Defendant.

2.    The Court approves the parties' stipulation that the outcome of these cases would

be decided by the Court upon the following issue:

WHETHER   DEFENDANT,   NATIONWIDE   MUTUAL
INSURANCE  COMPANY,  COULD  PAY  PERSONAL
INJURY  PROTECTION  (PIP)  BENEFITS  AT  REDUCED
PREFERRED  PROVIDER  (PPO)  RATES  WITHOUT

EXHIBIT "5"

OFFERING A PREFERRED PROVIDER PIP POLICY OF
INSURANCE AND/OR WITHOUT COMPLYING WITH
THE REQUIREMENTS OF FLORIDA STATUTES, §
627.736(10).

3.    The Court approves the parties' stipulation that no additional affirmative defenses
would be considered and that a determination of damages, if a decision was favorable to
Plaintiffs, would be agreed upon by the parties and included in the Judgment herein.

4.    The Court finds payment of PIP benefits in Florida is governed by Florida
Statutes, § 627.736, et seq. The Court also finds F.S., §627.736(10) sets forth the sole method by
which an insurance carrier may pay preferred provider rates for PIP benefits in Florida.

5.    The Court finds Defendant did not meet the requirement of F.S., §627.736(10) in
that it did not offer to its insureds the option to purchase a preferred provider PIP policy at the
time of purchase of the policy.

6.    The Court finds the Defendant did not negotiate or enter into contracts with
licensed health care providers as required in Florida Statutes, §627.736(10).

7.    The Court finds the Defendant did not provide to the insured, as required by
Florida Statute, § 627.736(10), a current roster of preferred providers in the County in which the
insured resided at the time of the purchase of the policy. Likewise, the Defendant did not
maintain or make available for public inspection the roster of preferred providers, as described,
during regular business hours at the principal office of Defendant within the State.

8.    The Court finds the Defendant is not entitled to reduce the payment of PIP
benefits according to a PPO agreement because Defendant did not meet the mandatory
requirements of Florida Statutes, § 627.736(10).

9.    The Court finds Plaintiffs are entitled to pre-judgment and post-judgment interest,
costs and attorneys fees pursuant to Florida Statutes, § 627.428.

10.    Judgment is entered for Plaintiff, DENNIS M. JEWELL, D.C., as assignee of

Thomas Forberger, 579 South Indiana Avenue, Suite C, Englewood, Florida 34123, for compensatory damages of $227.73 plus pre-judgment interest of $65.51 for a total of $293.24 against the Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, One Nationwide Plaza, Columbus, Ohio 43216, FEIN 31-1477100, Florida Company Code: 09773, which sum shall bear interest at the statutory interest rate pursuant to Florida Statutes, for which let execution issue.

11.    The Plaintiff, DENNIS M. JEWELL, D.C., as assignee of Linda Stone, 579 South Indiana Avenue, Suite C, Englewood, Florida 34123, for compensatory damages of $294.90 plus pre-judgment interest of $68.89 for a total of $363.79 against the Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, One Nationwide Plaza, Columbus, Ohio 43216, FEIN 31-1477100, Florida Company Code: 09773, which sum shall bear interest at the statutory interest rate pursuant to Florida Statutes, for which let execution issue.

12.    The Plaintiff, DENNIS M. JEWELL, D.C., as assignee of Ralph Stone, 579 South Indiana Avenue, Suite C, Englewood, Florida 34123, for compensatory damages of $315.94 plus pre-judgment interest of $67.52 for a total of $383.46 against the Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, One Nationwide Plaza, Columbus, Ohio 43216, FEIN 31-1477100, Florida Company Code: 09773, which sum shall bear interest at the statutory interest rate pursuant to Florida Statutes, for which let execution issue.

13.    The Plaintiff, GEORGE G. HUDSON, D.C., P.A., d/b/a HUDSON CHIROPRACTIC, as assignee of James F. Cafiro, 3030 South Tamiami Trail, Sarasota, Florida 34239, for compensatory damages of $375.87 plus pre-judgment interest of $30.90 for a total of $406.77 against the Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, One Nationwide Plaza, Columbus, Ohio 43216, FEIN 31-1477100, Florida Company Code: 09773, which sum shall bear interest at the statutory interest rate pursuant to Florida Statutes, for which let execution issue.

14.   The Plaintiff, GEORGE G. HUDSON, D.C., d/b/a HUDSON CHIROPRACTIC, as assignee of Julie M. Odenweller, 3030 South Tamiami Trail, Sarasota, Florida 34239, for compensatory damages of $1,184.59 plus pre-judgment interest of $194.73 for a total of $1,379.32 against the Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, One Nationwide Plaza, Columbus, Ohio 43216, FEIN 31-1477100, Florida Company Code: 09773, which sum shall bear interest at the statutory interest rate pursuant to Florida Statutes, for which let execution issue.

15.   Pursuant to Florida Rules of Appellate Procedure 9.160, the Court certifies the following question to be of great public importance:

WHETHER DEFENDANT, NATIONWIDE MUTUAL INSURANCE COMPANY, COULD PAY PERSONAL INJURY PROTECTION (PIP) BENEFITS AT REDUCED PREFERRED PROVIDER (PPO) RATES WITHOUT OFFERING A PREFERRED PROVIDER PIP POLICY OF INSURANCE AND/OR WITHOUT COMPLYING WITH THE REQUIREMENTS OF FLORIDA STATUTES, § 627.736(10).

DONE AND ORDERED in Chambers at Venice, Sarasota County, Florida this 31 day of Oct, 2001.

HONORABLE HARRY M. RAPKIN
CIRCUIT COURT JUDGE

cc:   Scott A. Schieb, Esquire
      Bruce A. Aebel, Esquire

TOTAL P.05
TOTAL P.05

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile


ATLAS PEARLMAN