IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Consolidated Civil Action No. 00-CIV-6061 Ferguson/Snow

Referred to United States Magistrate Judge Snow

| | | |
|---|---|---|
| DR. PAUL ZIDEL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| ALLSTATE INSURANCE COMPANY, | § § | (Original Case No. 00-6061) |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § | |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | § § § | |
| Third-Party Defendant. | § § | |

**CCN'S Reply In Support Of Its Partially Unopposed
Motion To Stay Pending Resolution of Arbitration and Certification Issues**

Third-Party Defendant, CCN Managed Care, Inc. ("CCN"), submits this Reply Memorandum in Support of its Partially Unopposed Motion to Stay Pending Resolution of Arbitration and Class Certification Issues. Plaintiff makes several arguments which, as discussed below, are either wrong or do not warrant denial of CCN's motion in any event.

*1.    Plaintiff's claim that this action has been pending for two years fails to account for the fact that CCN has not been a party for that entire period.*

Plaintiff contends that this action has been pending for almost two years. It is difficult to understand the pertinence of this claim, unless it goes to the issue of whether CCN has waived its right to compel arbitration. As addressed in CCN's motion to compel arbitration and its reply memorandum in support thereof, that is clearly not the case. Plaintiff's attempt to demonstrate waiver in the briefing of that motion was wholly unavailing.



In any event, this assertion is misleading as it pertains to CCN. While the action itself may have been pending for almost two years, neither CCN nor CCN's contract was placed at issue until the Court's order of October 30, 2000, which allowed the substitution of plaintiff Zidel in place of the original plaintiff, Dr. David Naploi. Thereafter, CCN immediately filed its first motion to compel arbitration, following which plaintiff dismissed his claims against CCN. It was not until late January 2001, during the midst of the discussion and consideration of consolidation issues, that CCN was again brought into this case.[1] Accordingly, plaintiff's assertion that this action has been pending for almost two years is, as to CCN, misleading at best.

2. *The claim that CCN "chose" to pursue arbitration after the court dissolved a prior stay of discovery is both irrelevant and misleading.*

Plaintiff contends that CCN "chose" not to file its motion to compel arbitration (and the instant motion to stay pending resolution of that motion) until after this court dissolved a stay of discovery entered for other reasons.[2] Again, it is difficult to understand the pertinence of this assertion to the instant motion. CCN suspects plaintiff is arguing that CCN has somehow waived its ability to compel arbitration, and its ability to prevent discovery during the pendency of that motion, by waiting too long to file its motions. The issue of waiver, however, has been fully briefed in connection with CCN's motion to compel arbitration and its reply memorandum in support thereof. Under applicable in controlling case law, there has been no waiver in this case.

Moreover, plaintiff implies that CCN allowed the litigation to move forward without ever announcing its intent to compel arbitration, such that it would be unfair to allow CCN to surprise

---

[1] CCN was named a third-party defendant by defendant Allstate.

[2] In certain other cases, the court stayed discovery -- with plaintiffs' agreement -- pending resolution of the various defendants' motions to dismiss. Those motions were subsequently denied and the stay was, therefore, dissolved.

Plaintiff at this time, after the prior stay was lifted. However, the prior stay had absolutely nothing to do with either CCN's motion to compel arbitration or plaintiff's motion for class certification -- the bases for the stay requested by the instant motion. More importantly, Plaintiff fails to acknowledge that CCN has consistently announced -- both on and off the record -- that it intended to move to compel arbitration once the Court resolved consolidation issues. See, for example, CCN's memorandum opposing consolidation, served March 12, 2001, which specifically notes that the contract at issue contained an arbitration clause, making this case inappropriate for consolidation with other, non-arbitrable cases. As another example, CCN's motion to preclude the commencement of merits discovery, at page 4, specifically stated:

> Though motion practice has been (or should be) on hold as consolidation issues are resolved, <u>CCN intends to file a motion to compel arbitration in the *Zidel* case</u>.

Similarly, CCN's opposition to plaintiff's motion to limit CCN's ability to communicate with its network (the putative class members) stated, at page 3, as follows:

> CCN initially invoked the arbitration clause in this case, following which plaintiff voluntarily dismissed all claims against CCN. Now that the Allstate has brought CCN back into the case with its third party claim, <u>CCN will again move to compel arbitration of all claims as soon as the consolidation issues are resolved</u>.

Accordingly, far from delaying and therefore surprising either the plaintiff or this Court, CCN has now simply done precisely what it has said it would do all along.

Finally, Plaintiff's argument is absurd to the extent it addresses CCN's request to stay merits discovery pending resolution of the motion for class certification. The motion for class certification was not even served until September 20, 2001, and CCN had not been required to respond to merits discovery from the Plaintiff prior to that time. CCN did file a similar motion in the *Larusso* litigation (consolidated case number 00-7692), in which a motion to certify was

filed much earlier, over six months ago. The same counsel represents the plaintiff in both this case and the *Larusso* case, so any claim of surprise is clearly unfounded.

### 3. *Plaintiff's claim that CCN is simply seeking to delay the litigation makes no sense in the context of the present motion.*

Plaintiff contends that by filing its motion to stay pending resolution of the arbitration and class certification issues, CCN is simply seeking to delay the litigation. That claim makes no sense. It is true that CCN seeks to stay the case in its entirety pending resolution of its motion to compel arbitration. However, this can be said to effect a "delay" only if the motion to compel arbitration is ultimately denied. In effect, then, plaintiff's argument simply begs the question -- will the motion to compel arbitration be granted or not?

The motion to stay cites authority for the proposition that litigation should be stayed while this question -- whether the case should be referred to arbitration -- is resolved. In those cases, it was not clear whether arbitration would ultimately be compelled because, by definition, the motion sought a stay <u>pending</u> resolution of the other motion. Plaintiff's claim in this respect is therefore something of a bootstrap argument. This issue will be present each and every time a party seeks a stay pending resolution of a motion to compel arbitration. It does nothing to obviate the principle addressed in CCN's motion, i.e. that effective relief under a motion to compel arbitration is impossible if the litigation proceeds during the pendency of the motion.

Moreover, whatever "delay" may be caused by the granting of CCN's motion to stay would be attributable not to CCN but to the continued pendency of the motion to compel arbitration and the motion for class certification. If these motions were ruled upon tomorrow, CCN's motion to stay would be moot and there would be no delay at all. This highlights the fallacy of plaintiff's argument.

4. *Plaintiff's claim of entitlement to the same discovery whether or not a class is certified is simply wrong.*

Plaintiff opposes CCN's request to stay merits discovery pending resolution of the motion for class certification by arguing that he would be entitled to the same discovery whether a class is certified or not. Plaintiff's counsel made this same argument in opposing CCN's motion to stay merits discovery in the *LaRusso v. Liberty Mutual and CCN* case (civil action No. 00-7692), and it is wrong for the reasons expressed in CCN's reply memorandum in that case (copy appended hereto as Attachment A). Simply put, it defies logic and reason to contend that plaintiff would be entitled to the same discovery in an individual case that he may be entitled to in an action involving CCN's entire state-wide provider network.[3] Moreover, who would want to devote the resources to participate in state-wide discovery if this case is to be an individual action rather than a class action? The damages at issue in an individual action would be minuscule compared to the cost associated with such discovery. Indeed, even if state-wide discovery were germane in an individual action -- which it is not -- the burden of compliance would clearly outweigh any marginal probative value. Accordingly, for these and similar reasons, the courts have held that it makes no sense to proceed with merits discovery prior to determining whether the class will be certified or not.

5. *Plaintiff's claim that the motion to compel arbitration is not going to be granted presents no basis to deny the motion to stay.*

Plaintiff contends that the CCN's motion to compel arbitration will not be granted, and that therefore the motion to stay pending resolution of that motion should be denied. That argument is logically flawed. In the cases cited in CCN's initial memorandum supporting the

---

[3] Plaintiff has already served request for production which, among other things, seeks virtually every piece of paper relating to every single member of CCN's health care network throughout the state, as well as every claim submitted for treatment rendered by those physicians.

5

motion to stay, proceedings were stayed at a time when the motion to compel arbitration remained pending. Presumably, the parties opposing a stay in those cases also opposed the motion to compel arbitration, just as plaintiff has done here. Nevertheless, a stay issued in those cases, just as a stay should issue here. Indeed, this Court has held that a stay should be entered pending appeal of a denial of a motion to compel arbitration --i.e. *after* the trial court has decided that the motion to compel arbitration should be denied. See Baron v. best by Company, Inc., 79 F. Supp. 2d 1350 (S. D. Fla. 1999). If a stay should issue in those circumstances, then it certainly should not be denied simply because Plaintiff believes he will prevail when this Court ultimately rules on the underlying motion.

6.  *Plaintiff's assertion that the prior stay of discovery was lifted is irrelevant in this context.*

Plaintiff claims that the Court lifted its prior stay of discovery, implying that this somehow warrants denying CCN's request for a stay in this instance. However, neither the prior stay nor this Court's lifting of that stay bears upon the issues presented by the instant motion. The Court previously stayed discovery in other cases involving other parties, pending resolution of motions to dismiss filed by those other parties. When those motions to dismiss were resolved, the stay was dissolved. Here, CCN had no motion to dismiss pending, and did not request a stay of discovery pending resolution of those other motions. The issues presented by this request are thus neither related to the bases for the Court's prior stay nor resolved by the Court's dissolution of the prior stay.

7. *Conclusion.*

As set forth above, Plaintiff's arguments in opposition to CCN's motion to stay are inapposite or simply wrong. For the reasons stated in CCN's motion, and by reason of the authorities cited therein, CCN requests that its motion be granted, that the litigation be stayed in

its entirety pending resolution of CCN's motion to compel arbitration and, in the event arbitration is not compelled, that merits discovery be stayed pending resolution of plaintiffs motion for class certification.[4]

McGuire Woods LLP

By: _____
William W. Deem
Florida Bar No. 0512834
W. Curtis Caywood, IV
Florida Bar No. 0189420
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207

Counsel for CCN Managed Care, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail on this _16_ day of November, 2001, to all counsel listed on the attached service list.

_____
Attorney

89994.1

---

[4] CCN's request, in the event the motion to compel arbitration is denied, for a stay of merits discovery pending resolution of the motion for class certification is without prejudice to CCN's right, in the event it pursues an interlocutory appeal from a denial of the motion to compel arbitration, to seek a stay of this litigation during the pendency of the appeal. *Cf. Baron v. Best Buy Co., Inc.*, 79 F. Supp. 2d 1350 (S.D, Fla. 1999).

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:
Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 00-7692-CIV-FERGUSON

SALVATORE D. LARUSSO, D.C d/b/a FAMILY
CHIROPRACTIC CENTER, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY
and COMMUNITY CARE NETWORK, INC.,

    Defendants.

---

## REPLY IN SUPPORT OF CCN'S PARTIALLY UNOPPOSED MOTION TO STAY DISCOVERY

Defendant, CCN Managed Care, Inc. (incorrectly named herein as "Community Care Network, Inc.") files this reply in support of its Partially Unopposed Motion to Stay Discovery.

### Introduction

The motion at bar seeks to stay merits discovery pending resolution of any motions to dismiss and of the motion for class certification. Plaintiff does not oppose the former request, but contends that merits discovery should not be delayed until after the motion for class certification is resolved. Instead, Plaintiff contends that CCN should be required to spend countless thousands of dollars in pursuit of merits discovery which -- if class certification is denied or if the class certified is different that the class proffered -- would be a complete waste of time and resources for all involved. It is a position which simply makes no sense.



Plaintiff offers no legitimate basis for forcing CCN to shoulder this risk. Indeed, Plaintiff's opposition brief cites *not a single case or other source of authority* in support of its position. Accordingly, for the reasons set forth in CCN's original motion and as discussed below, Plaintiff's opposition should be discounted and the motion should be granted in its entirety.

### Plaintiff's opposition brief fails to establish why merits discovery should proceed at this preliminary stage.

To avoid the risk of significant waste of time and resources, CCN's seeks to stay merits discovery until after the Court rules on plaintiff's motion for class certification. As discussed in the initial brief, this is a common-sense notion supported by the case law. In response, plaintiff asserts (without authority) that merits discovery should proceed now because, regardless of the certification decision, plaintiff would still be entitled to conduct discovery in his own individual case, and because staying merits discovery will arguably result in duplicative discovery.

CCN does not dispute that plaintiff would be entitled to some discovery following denial of class certification, *assuming plaintiff chooses to continue this litigation to recover the $118.05 involved in the individual claim*. However, the scope of that discovery would be vastly different than one would expect in litigation involving the state-wide class Plaintiff has proposed. Plaintiff's opposition brief does not negate this simple, common sense notion.

For example, Plaintiff asserts that the two example discovery requests discussed in CCN's motion would continue to be relevant in an individual action.[1] There is absolutely no basis for such an assertion, and Plaintiff does not attempt to claim otherwise. Plaintiff's individual claim against CCN is worth, according to the complaint's attachments, less than $200. It is limited to

---

[1] Plaintiff has already served discovery requests, which have been stayed by agreement pending resolution of motions to dismiss.

his *own* alleged relationship with CCN.[2] It simply defies logic and reason to contend that in this context, "any and all agreements or contracts between CCN and any healthcare provider in Florida" would fall within the appropriate scope of discovery, let alone survive an objection based on the undue burden imposed by the request. Accordingly, Plaintiff's argument that he would be entitled to take all of the class discovery anyway, even if class certification is denied, is flawed.

Plaintiff also argues that a stay of merits discovery will result in duplicative discovery, yet plaintiff's own opposition brief demonstrates that duplication, if any, would be extremely limited. Plaintiff has already filed his motion and apparently does not intend to conduct any class discovery; as stated in his opposition brief: "[t]his is not a situation where a class plaintiff needs discovery in order to establish the requirements of Federal Rule of Civil Procedure 23." Opposition Brief at 3. Accordingly, plaintiff himself is likely to be the only party to be deposed in both the pre- and post-certification discovery periods -- a result that would likely occur even if CCN's motion is denied. In the usual class action, the putative class plaintiff is typically deposed in regards to issues relating to class certification. This deposition generally occurs very early in the litigation, necessitating another deposition relating to the merits of the action once the defendants have had the opportunity to investigate the class claims and their defenses and take written discovery from the class; there is no reason to expect that this action will be any different. This minor inconvenience -- an inconvenience that plaintiff will have to bear regardless of the outcome of this motion -- cannot justify subjecting CCN to potentially wasteful discovery.

---

[2] It bears noting that, as detailed in CCN's motion for more definite statement, it is not even clear that plaintiff himself has a contract with CCN. If plaintiff does not have a contract with CCN, how could other doctors' contracts with CCN be in any way relevant to this litigation?

Moreover, the significance of the risk to CCN by going forward with merits discovery prior to class certification vastly outweighs any risk to the plaintiff from a stay of discovery. A delay of a few weeks -- particularly in the context here, where Plaintiff has already agreed to a significant delay pending resolution of motions to dismiss -- cannot compare to the massive expense CCN will be forced to bear if it is required to produce documents relating to every CCN provider in Florida. This tremendous expenditure, which will be squandered if this case ultimately relates only to the claims of the plaintiff, a single chiropractor in south Florida, warrants the requested stay under any view of the law, the equities, or plain logic and reason.

Finally, for some unknown reason, Plaintiff's opposition brief accuses CCN of having "harassed" the putative class representative in an "extensive" deposition taken in another case. The author of the opposition brief was not at that deposition (the class certification deposition of original plaintiff, David Napoli, in what is now styled *Dr. Paul Zidel v. Allstate Insurance Company v. CCN*, Civil Action No. 00-CV-6061 in the United States District Court for the Southern District of Florida) and he apparently has not read the transcript either. It is telling that Plaintiff's opposition brief neither attached that deposition transcript nor cited portions of it. Had this been done, what would have been disclosed is that not only was the deponent *not* harassed during what was a rather routine, mundane deposition, but counsel for CCN (actually Medview Services Inc. at the time) *never even got to start his substantive questioning of the deponent* because counsel for the co-defendant did not conclude his own questioning.[3] The bottom line, simply put, is that there is nothing to argue here; this is no more than a shameful, blatantly transparent attempt by the plaintiff to divert the Court's attention from the merits of CCN's motion, and the Court should pay it no heed.

---

[3] With the indulgence of counsel for the Plaintiff and the co-defendant, the undersigned asked a handful of clarifying questions here and there, but did not get to actually commence his own questioning.

4

## Conclusion

For the reasons stated herein as well as in CCN's original motion, the Court should grant the instant motion and stay merits discovery not only until motions to dismiss have been resolved but until class certification has been resolved as well. It makes no sense to commence discovery until the scope of this case -- and thus the appropriate scope of discovery -- has been decided.

Respectfully submitted,

McGuireWoods LLP

By: _____
William W. Deem
Fla. Bar No. 0512834
William E. Adams, Jr.
Fla. Bar No. pending - admitted *pro hac vice*
50 North Laura Street, Suite 3300
Post Office Box 4099
Jacksonville, Florida 32201-4099
Telephone:   (904) 798-3200
Facsimile:    (904) 798-3207
E-Mail:        wdeem@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED CARE, INC.

5

## CERTIFICATE OF SERVICE

I certify that that a true and correct copy of the foregoing was delivered to the below-named counsel by U.S. Mail on April 27, 2001.

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Ste. 1700
Fort Lauderdale, FL 33301

Arthur Gold, Esq.
Gold & Coulson
11 S. LaSalle St., Ste. 2500
Chicago, IL 60603

Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747

Kopelman & Blankman, P.A.
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

Mark S. Shapiro, Esq.
Akerman, Senterifft & Eidson, P.A.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131-1704

_____
Attorney

59233.2