UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

(Consolidated Class Action)

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,
      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.,
      Defendants   .      /

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,
      Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE,
et al.,
      Defendants.      /

MARC J. BROWNER, D.C., individually
and on behalf of all other similarly situated,
      Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
et al.,
      Defendants.      /

Respectfully referred to
U.S. Magistrate Judge Lurana Snow

**DEFENDANTS BEECH STREET CORPORATION AND ADP INTEGRATED MEDICAL SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE RESPONSES TO PLAINTIFFS' DISCOVERY**

      Pursuant Local Rule 7.1C., Defendants Beech Street Corporation ("Beech Street") and ADP Integrated Medical Solutions, Inc. ("ADP") hereby file this Reply Memorandum in support of their Motion for an extension of time in which to serve responses to the discovery (the "Motion") propounded by Plaintiffs, Dr. Paul Zidel, Keith Brickell, D.C., Marc J. Browner,

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

CASE NO. 00-6061-CIV-FERGUSON/SNOW

D.C., Salvatore D. Larusso, D.C., The Chiropractic Centre, Inc., Ultra Open MRI Corporation, and Mte Wellness & Rehab, Inc. ("Plaintiffs"). In their Memorandum of Law in Opposition to the Motion, Plaintiffs argue that because, by order of this Court, the cases have allegedly been consolidated and discovery stays have allegedly been lifted, and there has been no subsequent order staying discovery, the Motion should be denied. As demonstrated in the Motion and herein, Beech Street and ADP's and many other Defendants' understanding of the Court's position with respect to consolidation and the stay on discovery is very different from Plaintiffs' understanding thereof.

Beech Street and ADP, along with a number of other defendants in the cases that counsel for Plaintiffs assumes are consolidated for discovery and pretrial purposes, are under the impression that this Court, in its September 28, 2001 Omnibus Order, only lifted the stay on class certification discovery and that this Court's stay on merits discovery pending the completion of class certification discovery is still effective. That is precisely why Beech Street and ADP filed their Motion for Reaffirmation of Orders Staying Merits Discovery (the "Motion for Reaffirmation") and various other defendants filed similar motions asking the Court clarify prior orders regarding consolidation and the stay on discovery and/or requesting that Plaintiffs be precluded from conducting merits discovery while class certification discovery is ongoing. Such motions must be ruled upon before Plaintiffs are permitted to conduct merits discovery.

When Plaintiffs served their consolidated discovery requests on all Defendants in the allegedly consolidated cases, on or about October 3, 2001, Beech Street and ADP and the majority if not all of the other Defendants were not in a position to respond to such requests by the deadline imposed by counsel for Plaintiffs. This is because Beech Street and ADP and many other Defendants were gearing up for and/or focusing their efforts and resources on conducting

2

CASE NO. 00-6061-CIV-FERGUSON/SNOW

discovery regarding the class certification issue, the next significant determination that this Court must make before the cases can proceed, as class actions, on the merits. Beech Street and ADP and other Defendants filed Motions for extension of time because, if this Court permits Plaintiffs to conduct merits discovery simultaneously with class certification discovery, Beech Street and ADP and those other Defendants legitimately require more time to completely and accurately respond to Plaintiffs' extensive requests. Beech Street and ADP also filed the Motion to alert the Court that Plaintiffs are conducting merits discovery in direct contravention of this Court's stay on merits discovery.

Accordingly, Beech Street and ADP seek an extension of time to serve their responses to Plaintiffs' discovery requests until such time as this Court rules on the pending motions regarding consolidation and the stay on discovery, determines whether Plaintiffs may simultaneously conduct merits discovery and class certification discovery, and sets a deadline by which Defendants must serve their responses to Plaintiffs' discovery requests.

Respectfully submitted,

TEW CARDENAS REBAK KELLOGG
LEHMAN DeMARIA TAGUE
RAYMOND & LEVINE L.L.P.
Co-Counsel for Defendants Beech Street Corp.
and ADP Integrated Medical Solutions, Inc.
2600 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-536-1112
Facsimile: 305-536-1116

By: _____
JOSEPH A. DEMARIA, ESQ.
Florida Bar No. 764711 jad@tewlaw.com
JOHN M. QUARANTA, ESQ.
Florida Bar No. 940641 jmq@tewla.com
KENNETH D. MURENA, ESQ.
Florida Bar No. 147486 kdm@tewlaw.com

3

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via U.S. Mail this 20TH day of November, 2001 on all counsel listed on the attached Service List.

_____
Counsel

::ODMA\MHODMA\Miami;318667;1

TEW CARDENAS REBAK KELLOGG LEHMAN DEMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112