UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-FERGUSON/SNOW
(consolidated)

**NIGHT BOX
FILED**

**NOV 2 1 2001**

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

          Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

          Defendants.

_____/

## LIBERTY MUTUAL'S REPLY IN SUPPORT OF ITS
## EMERGENCY MOTION FOR PROTECTIVE ORDER

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its

undersigned counsel, hereby files its Reply in Support of its Emergency Motion for Protective Order

with respect to the Rule 30(b)(6) deposition of Liberty Mutual, originally scheduled for Friday,

November 16, 2001 in North Dartmouth, Massachusetts.

As explained more fully in its motion, Liberty Mutual seeks the instant protective order due

to the procedural chaos that currently exists in this matter, as well as the need for a confidentiality

order should the Court keep these cases consolidated. Since the Court's September 28, 2001

Omnibus Order, which consolidated these cases, Liberty Mutual, and most other defendants, have

filed numerous motions, including motions for reconsideration, motions to compel arbitration,

1

motions for entry of a confidentiality order, and motions to stay discovery. The resolution of these motions may substantially alter the procedural nature of these cases and directly impact the scope of discovery. None of these motions has yet been resolved, leaving these cases in an unsettled state. Notwithstanding the procedural uncertainty that currently exists, on October 23, 2001, Plaintiff served a Notice of Taking Corporate Depositions, which set a number of 30(b)(6) depositions for the various defendants in these consolidated cases, including a deposition of Liberty Mutual scheduled for November 16, 2001. Liberty Mutual then served its emergency motion, seeking a protective order with respect to the taking of that deposition until the pending motions were resolved and some sense of procedural organization was established.

In his response, Plaintiff attempts to argue that Liberty Mutual is somehow acting disingenuously by objecting to the deposition on the basis that a confidentiality order is necessary while refusing to cooperate in the preparation of such an order. Such an argument, however, misses the mark. Liberty Mutual objects to the entry of a confidentiality order because consolidation of these cases, the dangers of which the confidentiality order is designed to alleviate, is not proper in this matter. Accordingly, Liberty Mutual has moved this Court to reconsider its earlier ruling consolidating the cases. If, however, the Court decides to keep the cases consolidated, then Liberty Mutual's position is that no depositions should occur until such time that a confidentiality order is entered, so that the prejudice and damage to Liberty Mutual caused by consolidation is minimized.

More specifically, as Liberty Mutual (and numerous other defendants) have argued, this Court should reconsider its decision to consolidate these cases, as such consolidation is unmanageable and will prejudice Liberty Mutual (and the other defendants). Due to the competing nature of the entities involved in this litigation, numerous trade secrets and other confidential and

proprietary information will be discussed and disseminated during the discovery process. As explained in Liberty Mutual's Motion for Reconsideration, even if a confidentiality order were to be in place, such an order would not be sufficient to permit the parties to properly and effectively defend their interests in this litigation while at the same time protecting the proprietary information belonging to the various parties because Plaintiff would have an unfair advantage as he would be able to analyze the confidential documents with his attorneys while counsel for Liberty Mutual would be prohibited from sharing such documents with Liberty Mutual.

Thus, what Plaintiff argues is Liberty Mutual's "refusal" to cooperate in the preparation of a confidentiality order is nothing more than Liberty Mutual's arguments to this Court that any confidentiality order would be insufficient to protect Liberty Mutual's proprietary interests while permitting it to properly defend itself. Therefore, based on the inherent insufficiency of any confidentiality order, and because the need for any order may be reduced or eliminated if the Court ultimately rules that these will not be consolidated, Liberty Mutual has objected to the entry of a confidentiality order, and seeks the instant protective order until the consolidation issue is resolved.

If, however, the Court does not reconsider its decision to consolidate these cases, then Liberty Mutual acknowledges that a confidentiality order is necessary to at least attempt to protect the defendants' proprietary information. Such acknowledgment is not inconsistent with Liberty Mutual's objection to the entry of a confidentiality order in the first place, but is merely a recognition that if the cases are to be consolidated, then some steps must be taken to minimize the damage to Liberty Mutual. Accordingly, while Liberty Mutual objects to the entry of a confidentiality order in the first place, in the event that the cases remain consolidated, such an order must be entered before any discovery can occur, including Plaintiff's deposition of Liberty Mutual.

MI729188;1

3

Contrary to Plaintiff's assertions, entry of such an order is more than a mere ministerial matter, as the scope of any confidentiality order is unclear. Numerous drafts have been circulated among the parties, with the scope varying from one proposal to the next. Because the parties have not reached an agreement, this issue has been submitted to the Court for resolution, and a ruling on this matter is currently pending. Because there has not yet been a court order or agreement as to the scope of the confidentiality agreement, the parties cannot properly prepare for any depositions and take the appropriate steps necessary to effectuate the confidentiality order. Accordingly, assuming that such an order will be entered, no depositions should occur until the Court rules upon the terms and conditions of the confidentiality order and enters such an order.

Moreover, in its motion for protective order, Liberty Mutual explained that because the various cases were filed at different times and therefore are at different procedural stages, commencing discovery at this juncture will only add to the procedural chaos that already exists. Some of the defendants have answered the complaints, some have filed motions to dismiss, and others have filed motions to compel arbitration. Taking the deposition of Liberty Mutual (or any other deposition for that matter) will leave these proceedings at uneven stages, and will subject the parties to the possibility of multiple depositions of the same witnesses. A more appropriate course would be to stay discovery (including the deposition of Liberty Mutual) until the various motions to dismiss, motions to compel arbitration, etc. are resolved and a scheduling order is instituted that uniformly organizes all of the cases for discovery purposes.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
     MARK S. SHAPIRO
     Florida Bar No.: 894631
     GARY J. GUZZI
     Florida Bar No.: 159440

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S.

Mail to all counsel listed below this _21_ day of November, 2001.

_____
Attorney

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

### Co-Lead Counsel for Plaintiffs

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
capmbell@atlaslaw.com
350 East Last Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@gpandggarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

### Counsel for Allstate

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter-valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et. al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 539-2106
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et. al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 372-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et. al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT, et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile


**Counsel for Hartford**

AKERMAN, SENTERFITT, et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

8