NON-COMPLIANCE OF S.D. fla. L.R. 5.1A²

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6061-CIV-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

THE CHIROPRACTIC CENTRE, INC., )
On behalf of itself and all others )
similarly situated, )
)
    Plaintiff, )
)
v. )
)
SUPERIOR INSURANCE COMPANY, )
)
    Defendant. )
_____)



**SUPERIOR'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS**

Superior Insurance Company ("Superior"), by and through its undersigned counsel, and without waiving objections to Plaintiffs' memorandum of law in opposition (for the reasons set forth in Superior's Motion to Strike Plaintiffs' Memorandum of Law in Opposition to Defendant Superior Insurance Company's Motion to Dismiss), hereby files this Reply Memorandum of Law in support of Superior's Motion to Dismiss.

I.    **SUPERIOR'S MOTION TO DISMISS IS NOT IDENTICAL TO PREVIOUS MOTIONS (No Fraudulent Misrepresentations are Properly Alleged)**

Plaintiffs argue that Superior's Motion to Dismiss should be denied because this Court has denied motions to dismiss in "identical claims in the other actions." *Plaintiffs' Memorandum of Law page 2.* Plaintiffs have over-simplified the similarities among these cases. The Complaint in *The Chiropractic Centre, Inc. v. Superior* is both factually and

procedurally distinguishable from the others. For example, Plaintiffs have lumped together all Explanation of Benefits forms (EOBs) used in each of the diverse consolidated cases. The EOB attached to Plaintiffs' Complaint against Superior differs from EOBs presented in the other complaints. Specifically, the EOB attached to the Complaint against Superior clearly identifies the basis on which Superior paid an amount less than that which was billed by The Chiropractic Centre, Inc. ("TCCI"). Thus, no fraudulent misrepresentation is presented in the EOB that supposedly forms the basis for mail fraud. This is not necessarily true of the other consolidated cases. By way of example, in the *Browner v. Allstate* memorandum (D.E. 32), Plaintiffs claim the EOB falsely showed the PPO amount as the amount billed. *See Browner v. Allstate (No. 32) at page 11*. Review of the EOB attached to the Superior Complaint clearly demonstrates that there is no such misrepresentation. That EOB has a separate column titled "Billed Amount" which contains information regarding the original amount billed.

Not only is the instant action *factually* distinguishable from the others, but it is also procedurally distinguishable. The complaint against Superior does not allege diversity jurisdiction. Plaintiffs only allege jurisdiction based upon the federal question raised in their RICO allegations. Plaintiffs' RICO claim is premised largely upon allegations of mail and wire fraud. Fraud requires misrepresentation of material facts. *See Baker v. United States Automobile Association*, 661 So. 2d 128 (Fla. 1st DCA 1995), citing *Thorbear, Inc. v. Cracker Misner Park, Inc.*, 648 So. 2d 168 (Fla. 4th DCA 1994). The only specific statements referenced in the Complaint are those made in the EOBs. Misrepresentations by wire are not identified in the Complaint. In a September 28, 2001 Omnibus Order (Doc.

#172), this Court found that similar EOBs did not contain false statements. Therefore, because this Court has already found that no false statements were made in similar EOBs, Plaintiffs' Complaint fails to state a cause of action for fraud, and therefore cannot sustain a RICO action. As will be discussed below, Plaintiffs extortion allegations are insufficient as well. Therefore, because Plaintiffs' RICO claim must be dismissed, Plaintiffs' Complaint must be dismissed in its entirety for lack of subject matter jurisdiction.

## II.   THE RICO ALLEGATIONS ARE LEGALLY INSUFFICIENT

By adopting the argument in other memorandums of law, Plaintiffs make several claims with regard to the sufficiency of the RICO allegations. Plaintiffs claim that the EOBs do not need to be false because case law does not require a mailed item to be fraudulent if it is part of a scheme to defraud. *Brickwell v. Progressive Memorandum at page 13*. This contention overlooks the fact that <u>the present complaint contains no allegations about misrepresentations other than the EOBs</u>! Mail fraud is a predicate act to RICO and still requires a misrepresentation. See *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991). Therefore, if the EOB is not a misrepresentation then the allegations of the complaint do not show that Plaintiffs are entitled to relief because there are no other misrepresentations identified by time, place and date. Even Plaintiffs' various memoranda acknowledge that fraud allegations must include those specifications.

Plaintiffs allege that fraudulent intent may be inferred from the relationship among the parties to a transaction or from inadequacy of consideration or unusual transactions. *Brickwell v. Progressive Memorandum at page 14*. In support of that proposition, Plaintiffs cite *Florida Software Systems v. Columbia/HCA Healthcare Corp.*, 46 F. Supp. 2d 1276

(M.D. Fla. 1999). However, in that cited case, the inferences were based on the parties entry into a contract where there was an omission of material information. In contrast, the present case involves an EOB that fully explains that the reduction is being taken pursuant to a specific contract. Therefore, there is no reason why the relationship between these parties would result in an inference of fraudulent intent. In the *Florida Software Systems* case, the court inferred an attempt to defraud from one party's omission of material information for the purpose of inducing the other party to enter into an agreement. Here, there is no inducement of an agreement obtained by Superior through the EOB attached to the Complaint. Therefore, inferring fraudulent intent would be improper in the present case.

The EOB attached to Plaintiffs' Complaint cannot establish intent to defraud because it was not reasonably calculated to deceive persons of ordinary prudence and comprehension. See *Beck v. Prupis*, 162 F.3d 1090, 1095 (11th Cir. 1998). The EOB does not misrepresent anything and, in fact, goes to great lengths to identify the exact reasons that Plaintiffs should not be entitled to be reimbursed in the amount stated in Plaintiffs' bills. This is evident on the face of the EOB attached as an exhibit to the Complaint. Plaintiffs argue in a memorandum of law pertaining to one of the consolidated cases (incorporated by reference into their Memorandum in Opposition to Superior's Motion to Dismiss) that the EOB falsely showed a PPO amount as the amount billed. *Browner v. Allstate Memorandum at page 7.* Such an allegation demonstrates the reasons that Plaintiffs incorporation of argument in other cases is improper. It is clear from review of the EOB attached to Plaintiffs' Complaint against Superior that there is absolutely no misrepresentation regarding the amount billed. The EOB attached to the Complaint clearly

states in a separate column the amount billed. The EOB also identifies the amount of the contractual reduction, the source of the contract, and the amount actually allowed and paid. *See EOB attached as an Exhibit to Plaintiffs' Complaint.*

With respect to the issues of extortion, Plaintiffs memoranda focused on case law indicating that threats do not have to be direct if the fear instilled is reasonable. However, even assuming arguendo that there were valid and direct threats, Plaintiffs have not plead that they have given up any property interests by consent. The fear must induce another to give up its rights. *See United States v. Hyde*, 448 F. 2d 815 (5th Cir. 1971), *citing 18 U.S.C. § 1951(b)(2)*.

### III. THE PIP STATUTE IS NOT THE EXCLUSIVE METHOD FOR DETERMINING PPO RATES BETWEEN INSURERS AND MEDICAL PROVIDERS

Plaintiffs Memorandum of Law in Opposition alleges that Superior has ignored twelve decisions finding that "utilization of PPO reductions by insurance companies without offering a PPO insurance policy and without complying with § 627.736(10) Florida Statutes, is invalid and illegal." *Plaintiffs' Memorandum in Opposition page 3*. While Plaintiffs claim to have twelve cases finding the statute to be the exclusive method for taking PPO reductions, none of these cases have any binding precedential authority on this Court, and several of these cases are essentially duplicate decisions involving the same party, with only the assignors of the benefits differing. Specifically, there are three *Arcadia Chiropractic Clinic, Inc. v. Allstate Insurance Company* decisions, three *Lanzisera v. Progressive Insurance Company* decisions, and two *Larusso v. Nationwide* decisions. All of the cases are trial court orders, most of which were not published opinions. *See Exhibits to Plaintiffs Memorandum of Law in Opposition to Hartford's Motion to Dismiss Complaint*

(D.E. #217). Plaintiffs further cite an Eleventh Circuit ERISA decision that they claim was ignored in Superior's Motion to Dismiss. For reasons set forth below, the ERISA decision is completely inapplicable.

### A. The Nonbinding, Unpublished Trial Court Opinions Cited By Plaintiffs Fail To Show That the Statute Was Intended To Be Exclusive

The majority of the twelve opinions cited by Plaintiffs fail to give any reasoning behind their decisions. Others do nothing more than to state that compliance with the statute was required in order to take PPO reductions. Several of the decisions do not even identify what compliance with the statute would entail. Only two of the twelve cases, *Shebrovsky* and *Stashak*, give any insight into the reasoning. However, review of those decisions indicates the reasoning is flawed. Specifically, *Shebrovsky* indicates that the court based its decision on the fact that the no fault statute was to be construed in favor of the insured and not the insurer. Construing the statute as the exclusive method of applying discounted rates to services offered by "preferred providers" is contrary to that goal. For example, in the situation where a written contract requires a medical provider to accept specific contractual rates, applying the PIP statute PPO requirements would harm the insured. Under PIP insurance policies, the insured pays 20% of the bill. The statutory construction followed by the Shebrovsky court would require that insured to pay 20% of the full rates despite the fact that a particular medical provider had already agreed by contract to accept a lower "PPO" rate. That construction of the statute favors the medical provider rather than the insured.

In *HCA Health Services* (cited by Plaintiffs and discussed below) the trial court found that the insured would benefit from invalidating a "silent PPO." However, that case was based on the situation in which there were no valid contracts with the medical providers for reduced rates. Therefore, *HCA Health Services* is distinguishable.

The reasoning of the *Stashak* case is flawed. Specifically, the court's order indicates that "when a PPO policy is undertaken, the insured is required affirmatively to select this option and then receive a current roster of preferred providers with whom the insured agrees to utilize in the event a covered person is injured in a motor vehicle collision." *Stashak at page 6*. The court assumed that the statute requires an insured to use preferred providers. However, that assumption is inaccurate and is inconsistent with the language of the statute. That incorrect assumption would explain the conclusion that noncompliance with the statute would prohibit an insurer from forcing PPO's on insureds. To the contrary, the statute indicates that an insurer cannot require an insured to use a preferred provider or any other specific provider regardless of what type of policy the insured has chosen. Florida Statutes § 627.736(10). Therefore, the conclusion regarding the statute upon which the decision was premised, is incorrect and should not persuade this court. The actual language of the statute does not lead to the conclusion that the statute is exclusive or that compliance with the statute is required to pay PPO rates. The statute regulates the types of insurance policies that must be offered by an insurer, it does not require the issuance of those policies. See *May v. Allstate Insurance Co.*, Case No. 00-6269-CIV-DIMITROULEAS (S.D. Fla. April 13, 2000)(unpublished order)(attached as Exhibit "A" to Superior's Memorandum of Law in Support of its Motion to Dismiss).

In fact, this Court is not bound to follow any of the twelve PIP decisions cited by Plaintiffs. None of these decisions are appellate decisions and all but two are unpublished. State trial court decisions are not binding precedent. See *Factor ETC, Inc. v. Pro Arts, Inc.,* 701 F. 2d 11 (2nd Circuit 1983). Further, unpublished opinions are not considered binding. See *United States v. Hernandez-Fraier,* 205 F. 3d 945 (11th Cir. 2000).

### B. The ERISA Decision Cited by Plaintiff is Not Applicable to the Present Case

The Plaintiffs cite *HCA Health Services of Georgia v. Employees Health Insurance Company,* 240 F. 3d 982 (11th Cir. 2001), which interprets the Federal ERISA statute. Plaintiffs fail to state how the ERISA statute bears any relation to Florida Statutes Section 627.736(10). Moreover, the decision in *HCA Health Services* was premised upon interpretation of the contracts between the parties and not on the basis of statutory regulation. That decision was based on in-depth analysis of definitions within the various contracts. On several occasions in the opinion, the Eleventh Circuit Court of Appeals stated that the opinion was based on contractual language and the opinion was not so broad as to prohibit all PPO related contracts. Specifically, the court specified "our holding should not be read to mean that payors, such as insurance companies, can never contract with out of network providers for reduced fees. Instead, we note that at the time of contract

formation between EHI and Software Builders, EHI had yet to contract with HSI." *HCA Health Services of Georgia, Inc.*, 240 F. 3d at 1007, note 55.

                        BUTLER BURNETTE PAPPAS LLP

                        _____
                        ALAN J. NISBERG, ESQ.
                        Florida Bar No.: 0961639
                        Bayport Plaza, Suite 1100
                        6200 Courtney Campbell Causeway
                        Tampa, Florida  33607-5946
                        Telephone:  (813) 281-1900
                        Facsimile:   (813) 281-0900
                        Attorneys for Defendant
                        Superior Insurance Company

### **CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing has been furnished by U. S. Mail on November 21, 2001, to all counsel listed on the attached service list.

                                            _____
                                            Alan J. Nisberg, Esq.

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 11/13/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823 1

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823 1