UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)



DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a      CASE NO: 00-7692-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL LIBERTY MUTUAL
TO ATTEND DEPOSITIONS AND FOR SANCTIONS**

PLEASE TAKE NOTICE that Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated ("LARUSSO"), by his undersigned counsel, shall move this Court for the entry of an Order compelling Defendant LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY MUTUAL") to attend depositions scheduled by LARUSSO and for

7090-00100 338830.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

sanctions against LIBERTY MUTUAL. For all the reasons set forth herein, LARUSSO respectfully submits that the instant Motion should be granted in all respects.

## BACKGROUND

On September 28, 2001 this Court entered its Omnibus Order ("Omnibus Order") which denied LIBERTY MUTUAL's Motion to Dismiss, consolidated this action with other actions for discovery purposes, and lifted all discovery stays. This Court's September 28, 2001 Trial Order set this matter for trial, set a schedule for discovery and other matters, and specifically ruled that discovery is not stayed unless mandated by statute. Based on the Omnibus Order and the Trial Order, counsel for Class Plaintiffs attempted to coordinate the scheduling of depositions. However, the Defendants, other than Defendant SUPERIOR INSURANCE COMPANY, refused to coordinate the scheduling of depositions.[1] On October 23, 2001, LARUSSO served a Notice of Taking Corporate Depositions and a Notice of Taking Depositions of individuals having specific knowledge of the claims asserted in this action. LARUSSO scheduled the depositions of LIBERTY MUTUAL to take place on November 16, 2001 at the office of LARUSSO's co-counsel in North Dartmouth, Massachusetts, located approximately fifty miles south of LIBERTY MUTUAL's corporate offices in Boston. Subsequently, LIBERTY MUTUAL attempted to obtain a protective order on an emergency basis (D.E. #285) from this Court. This Court did not grant a protective order prior to November 16. LARUSSO attempted to proceed with the deposition as scheduled. LIBERTY

---

[1] Counsel for non-party Gavin Meshad and counsel for Defendant FLORIDA FARM BUREAU assisted in rescheduling depositions of their parties.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

MUTUAL, however, refused to appear at the deposition. LARUSSO attaches a copy of the transcript from November 16, 2001 deposition to this motion.

## ARGUMENT

The absence of the resolution of a motion for protective order does not eliminate the duty to appear at a deposition. Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979). As the former Fifth Circuit stated:

> Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to <u>get an order postponing the time of the deposition until his motion can be heard</u>. He might also appear and seek to adjourn the deposition until an order can be obtained. But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains.

Id. at 613 (emphasis added) (quoting Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964). Additionally, as one court stated:

> When it appears that a Court is not going to be able to decide a motion to quash or a motion for protective order before the date set for a deposition, counsel for the movant should contact counsel for the party noticing the deposition and attempt to reach an agreement staying the deposition until after the Court acts on the motion to quash and/or the motion for protective order. If agreement cannot be reached, it is incumbent on counsel for the movant to file a motion to stay the deposition until the Court acts on the motion to quash and/or for a protective order and to alert the clerk to the need for immediate action on the motion to stay.

Goodwin v. City of Boston, 118 F.R.D. 297, 298 (D. Mass. 1988).

In United States v. One Lot of U.S. Currency, 628 F. Supp. 1473 (S.D. Fla. 1986), this Court dismissed a claim where a party failed to appear for deposition. As the Court stated:

> Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice. No prior court order is required for Rule 37(d) sanctions.

7090-00100 338830.1

3

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

> Although courts frequently enter an order compelling discovery before entering sanctions, Rule 37(d) authorizes sanctions without violation of a prior court order.
>
> . . .
>
> Because claimant's total failure to appear for deposition is willful and indicative of an irresponsible attitude towards its discovery obligations, this Court has the discretion to impose harsh sanctions, such as striking the claim or entering default judgment.

Id. at 1476 - 1477 (citing Sigliano v. Mendoza, 642 F.2d 309 (9th Cir. 1981); Dorey v. Dorey, 609 F.2d 1128 (5th Cir. 1980) (discovery sanctions may be imposed without a prior violation of a court order when a party fails to appear for deposition); National Hockey League v. Metropolitan Hockey Club, Inc., 477 U.S. 639 (1976); Properties International Limited v. Turner, 706 F.2d 308 (11th Cir. 1983)). "Rule 37 sanctions must be applied diligently . . . . to penalize those whose conduct may be deemed to warrant such a sanction . . . ." Id. at 1477 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).

As this Court is well aware, LARUSSO's attempts at proceeding with discovery in this consolidated action have been met with nothing but utter contempt by the Defendants, including LIBERTY MUTUAL. In response to discovery efforts, the various Defendants have filed motions seeking clarification, reaffirmation, reconsideration, to stay all proceedings, to stay all discovery, to stay merits discovery, and with relation to the LIBERTY MUTUAL deposition, an Emergency Motion for Protective Order. Prior to serving the October 23, 2001 deposition notices, counsel for Class Plaintiffs attempted to coordinate with LIBERTY MUTUAL an acceptable date for the depositions. LIBERTY MUTUAL refused to cooperate, primarily arguing that it was concerned about disclosing proprietary information to competitors absent a confidentiality agreement.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

There is no basis to permit LIBERTY MUTUAL to avoid discovery. LIBERTY MUTUAL is a defendant in one of the four original actions filed in these proceedings. This Court denied its Motion to Dismiss. This Court rejected LIBERTY MUTUAL's opposition to the consolidation of the cases. This Court specifically lifted the discovery stays at the status conference on May 14, 2001 and in the Omnibus Order. Yet, rather than cooperate to resolve the confidentiality issues and provide dates for the deposition, LIBERTY MUTUAL continually refused to address a confidentiality agreement and declined to provide dates for any depositions.

LIBERTY MUTUAL did not attend the November 16, 2001 deposition. Instead, it indicated that it would not attend the deposition unless it received a ruling from this Court denying its Emergency Motion for Protective Order. Prior to November 16, 2001, this Court did not rule on LIBERTY MUTUAL's so-called Emergency Motion for Protective Order. LIBERTY MUTUAL's conduct in refusing to appear at the November 16, 2001 deposition in the absence of a protective order is clearly inappropriate and its interference with discovery should be severely dealt with by this Court.

LIBERTY MUTUAL's outright refusal to attend the scheduled deposition clearly violates the Federal Rules of Civil Procedure and this Court's Trial Order. Despite LARUSSO's scheduling of the deposition on November 16, 2001, LIBERTY MUTUAL unilaterally and indefinitely postponed the deposition without any authority from this Court and in disregard for this Court's Trial Order and Omnibus Order which specifically indicate that discovery is not stayed. LIBERTY MUTUAL cannot simply ignore this Court's Orders.

7090-00100 338830.1

5



CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order compelling Defendant LIBERTY MUTUAL INSURANCE COMPANY to attend the previously scheduled deposition and to award sanctions against LIBERTY MUTUAL, including the attorneys' fees and costs incurred in attending the deposition and filing this Motion, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931



CASE NO. 00-6061-CIV-FERGUSON/SNOW

<u>Co-Counsel for Class Plaintiffs</u>

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 21st day of November, 2001 upon: all individuals on the attached service list.

ERIC LEE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
C.A. 00-6061-CIV-FERGUSON/SNOW

* * * * * * * * * * * * * * * * *
DR. PAUL ZIDEL, on behalf of
himself and all others similarly
situated,
            Plaintiffs

-vs-

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,
            Defendants.
* * * * * * * * * * * * * * * * *

SCHEDULED DEPOSITION OF LIBERTY MUTUAL INSURANCE CO., taken pursuant to The United States District Court Rules of Procedure, wherein Dr. Paul Zidel, Et Al, are the Plaintiffs and Allstate Insurance Company, Et Al are the Defendants on pending in the District Court of the United States, for the District of Southern Florida, pursuant to Notice and agreement before Christine R. Parisi, Certified Shorthand Reporter, Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the offices of Phillips & Garcia LLP, 13 Ventura Drive, North Dartmouth, Massachusetts, commencing on Friday, November 16, 2001, at 10:38 a.m.

Nov-21-01 12:08P Phillips & Garcia
Case 0:00-cv-06061-WJZ    Document 348    Entered on FLSD Docket 11/27/2001    Page 9 of 13
P.03

2

| | |
|---|---|
| 1 | APPEARANCES: Carlin J. Phillips, Esquire |
| 2 | PHILLIPS & GARCIA, LLP |
|   | 13 Ventura Drive |
|   | North Dartmouth, Massachusetts 02747; |
| 3 | On behalf of the Plaintiffs. |
|   | * * * * * |

Parisi Court Reporting
270 Hixville Road
No. Dartmouth, MA 02740

1   MR. PHILLIPS: On the record. This is
2   the scheduled deposition of Liberty Mutual Insurance
3   Company. It was scheduled for November 16, 2001, at
4   10 o'clock at my office here in North Dartmouth,
5   Massachusetts. We've waited a half an hour or so,
6   and it's approximately 10:40, for a Liberty Mutual
7   representative to show, and they have not shown.
8       In this case Liberty Mutual filed a
9   protective order seeking to stop the taking of this
10  deposition, and the Court did not issue an order
11  prior to today allowing for that protective order.
12  Liberty Mutual did inform us, through counsel, that
13  they were not having a witness show today, despite
14  the fact that the Court had not issued an order. So
15  it's our position, and we went on record here today,
16  that the deposition should go forward seeing there
17  was no order from the Court preventing the witness
18  from appearing.
19      Just for the record, this is the 30(b)(6)
20  deposition of Liberty Mutual in the consolidated
21  action Zidel versus Allstate Insurance Company and
22  the consolidated case, which this references, is
23  LaRusso versus Liberty Mutual Insurance Company.
24      (Proceedings concluded at 10:42 a.m.)

4

## CERTIFICATE

I, Christine R. Parisi, do hereby certify that the foregoing is a true and accurate transcription of my stenographic notes taken in the matter Zidel versus Allstate, on November 16, 2001.

*Christine R Parisi*
Notary Public

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

ATLAS PEARLMAN
ATTORNEYS AT LAW

---

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:
Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile



7090-00100 318823.1



ATLAS PEARLMAN
ATTORNEYS AT LAW