IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

DR. PAUL ZIDEL

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a/ CCN,

    Defendant.
_____/

CASE NO. 00-6061-CIV-FERGUSON/SNOW

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

CASE NO. 01-8111-CIV-FERGUSON/SNOW

### REPLY MEMORANDUM OF DEFENDANT HARTFORD INSURANCE COMPANY OF THE MIDWEST IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT (D.E. 210)

Defendant, Hartford Insurance Company of the Midwest ("Hartford"), files this Memorandum in Reply to Plaintiff's Memorandum of Law in Opposition to Hartford's Motion to Dismiss the Complaint ("Larusso's Opposition") (D.E. 269). By this Reply, Hartford addresses only the following issues raised in Larusso's Opposition. Hartford otherwise relies on its Motion to Dismiss the Complaint. (D.E. 210).

### Introduction

On October of 2001, Hartford filed its Motion to Dismiss the Complaint. (D.E. 210).

MI726914;1      1

Hartford's Motion raised seven separate grounds of dismissal of the Amended Class Action Complaint. (D.E. 210):

- **There has been no breach of Larusso's CCN Contract**: As detailed in Hartford's Motion to Dismiss, Hartford's conduct is entirely consistent with Larusso's CCN Contract and cannot be construed as a breach thereof.

- **There has been no violation of Florida Statute**: the PIP Statute regulates the contractual relationship between insurers and their insureds. It does not regulate the contractual relationship, if any, between insurers and medical providers. In addition, Larusso does not have a private right of action for violation of Stat. § 627.736(10). This issue permeates all counts of the Complaint.

- **There has been no violation of Hartford's contracts with its insureds**: Larusso asserts rights as a "third-party beneficiary" of Hartford's contracts with its insureds (Count II). There are two flaws with this theory: (1) Larusso is not an intended beneficiary of Hartford's contracts with its insureds; and (2) Hartford's alleged conduct does not constitute a violation of those contracts.

- **Larusso fails to state a claim for unjust enrichment**: There are at least two reasons that Larusso's unjust enrichment claim (Count I) must be dismissed: (1) Larusso fails to allege the requisite elements of a claim for unjust enrichment (particularly, the requirement that he allege that he directly conferred a benefit on Hartford); and (2) the unjust enrichment claim is inconsistent with his contractual claim (Count II).

- **Larusso fails to state a claim for declaratory relief**: There are at least three reasons that Larusso's declaratory relief claim (Count IV) must be dismissed: (1) he is not a third party beneficiary of the policies between Hartford and its insureds and thus has no standing to sue for declaratory relief as to those policies; (2) his claim is not appropriate for declaratory relief as a matter of law; and (3) his claim is merely duplicative of his breach of contract claim.

- **Larusso fails to state a claim for RICO violations**: There are at least three reasons that Larusso's RICO claim (Count III) must be dismissed: (1) Larusso does not sufficiently allege predicate acts; (2) Larusso fails to state a claim under 18 U.S.C §§ 1962(c) or (d); and (3) Larusso's claim for punitive damages under RICO should be stricken.

- **Larusso has failed to state viable class action claims**: As set forth in Hartford's Motion to Dismiss, none of Larusso's claims are suitable for class action treatment as a matter of law.

Despite Larusso's representation that Hartford's "Motion to Dismiss is identical to claims asserted by Larusso" in other cases, it is clear that Hartford's Motion to Dismiss is not identical any motions filed by other parties. In particular, Hartford's motion involves different parties,

MI726914;1                                             2

different factual allegations, different legal grounds, and different authority. Most importantly, none of the other cases cited by Larusso involve Hartford, Hartford's insurance policy or the specific benefits claim at issue in this Action.

In his Opposition, Larusso has chosen to address none of Hartford's extensive grounds for dismissal with any specificity. Instead, he chooses to gloss over the very serious defects in the Complaint by: (1) mentioning that the Court has denied some motions to dismiss in other cases against other insurers; (2) citing some unpersuasive county court slip opinions and other authority; and (3) summarily stating that class certification may be appropriate. This insufficient response should be disregarded. Instead, the Court should dismiss the Complaint in its entirety for the detailed reasons set forth in Hartford's Motion to Dismiss. (D.E. 210).

I.   **The Court's Denial Of Motions In Other Cases Is Irrelevant**

As set forth above, Larusso attempts to circumvent his obligation to address the specific dismissal grounds set forth in Hartford's Motion to Dismiss by stating, in a conclusory fashion, that the Court "has already denied Motions to Dismiss identical claims in other actions." (D.E. 269 at 3). A cursory review of Hartford's Motion to Dismiss, however, reveals that is is not "identical" to any motions filed by any other insurer in these cases. While there are unquestionably some similarities, it is clear that Hartford's Motion involves different parties, different factual allegations, different legal grounds, and different authority. None of the other cases cited by Larusso appear to implicate Hartford, Hartford's insurance policy, the application of Larusso's CCN Contract to Hartford, or the specific benefits claim at issue in this Action. Larusso's woeful attempt to lump Hartford or this Action with any other insurer or action must be

rejected outright.[1]

## II. Larusso Fails To Cite Any Persuasive Authority

Rather than dealing with any of the specific legal grounds raised in Hartford's Motion to Dismiss, Larusso attempts to dispose of these detailed issues merely by citing to a string of unpersuasive county court slip opinions. A review of these decisions reveals little discussion of the courts' reasoning. More importantly, there is no indication that any of these courts considered any of the specific claims, authority, parties, contracts or facts implicated in this particular action. None of these cases involve Hartford, Hartford's insurance policy, the application of Larusso's CCN contract to Hartford, or the specific benefits claims at issue in this Action.

Notably, there is one reported county court case involving **Hartford**: *Autrey v. Hartford Ins. Co. of the Midwest*, 8 Fla. L. Weekly Supp. 802 (Fla., 19th Jud'l Cir. (Indian River County)) (July 16, 2001) (attached as Ex. 1). In *Autrey*, the court granted summary judgment **in favor of Hartford,** finding that a CCN contract, like Larusso's contract herein:

> **is not a preferred provider agreement contemplated by Section 627.736(10), Florida Statutes.** The agreement is a negotiated fee schedule to be used if an insured of the defendant uses Dr. Clark's services. This is no different than an insuranc ecompany negotiating to pay *after* the services has been rendered. The goal is to reduce the money disbursed by the insurance company and preserve the benefits available to the insured. The fact that negotiations are done beforehand, as opposed to after-the-fact should not render the agreement void. The insured is not required to use any particular provider, and is not penalized by using a provider that is not one in the position of Dr. Clark. The fact that the plaintiff chose to use Dr. Clark was a fortuitous choice that worked to her benefit.

---

[1] This is a typical example of the litigation strategy employed by Larusso and his counsel. While Hartford's Motion to Dismiss is vastly different from other motions filed by other defendants, Larusso himself has filed "copycat" documents in various cases. For example, Larusso's Complaint is nothing more than a copy of the complaints in the other 14 actions (including the same typographical and other errors). Other of Larusso's pleadings are virtually indistinguishable from pleadings filed in other cases. Clearly, he is attempting to litigate by "steamrolling" over any individual issues, concerns or facts implicated by these 15 vastly different cases. For the reasons set forth in Hartford's pending motion for reconsideration (D.E. 197), this conduct should be rejected.

\*\*\*

> The statutory scheme in Section 627.736(10), Florida Statutes, provides a means for an insurance company to give an insured the option of buying a PPO policy. This Court agrees with other court decisions which assert that the only way to provide a PPO policy in Florida is to follow the requirements of that section. **However, the statute certainly doesn't dictate what providers must charge for medical services and what insurers must pay for medical services. The section does allow the insurance company the flexibility to offer reduced premiums and altered coverages to insureds in return for their use of a preferred provider. In this case, however, the defendant did not intend to restrict the plaintiff in her choice of providers, and agreed to cover her in the manner indicated in the policy, which complied with Florida law.** The facts are undisputed that the plaintiff chose her provider and the defendant paid benefits at a rate agreed to by Dr. Clark.

*Id.* (emphasis added). Notably, this is the very argument raised by Hartford in its Motion to Dismiss -- an argument that Larusso has chosen to ignore in his Opposition.

The only other case cited by Larusso, *HCA Health Servs. of Georgia, Inc. v. Employees' Health Ins. Co.*, 240 F.3d 982 (11th Cir. 2001) is inapplicable to this Action. As the *HCA* court recognized, *HCA* is "an ERISA case involving the denial of benefits allegedly due a patient under the terms of a group health policy issued and administered by an insurance company." *Id.* at 985. In granting summary judgment for the medical provider, the court examined certain specific agreements, including a group health insurance policy and other agreements. *Id.* at 989-90. None of these documents are implicated in this Action and any conclusions reached as a result of the analysis of these documents has no application to this case. Indeed, the court's result in *HCA* involved the failure to meet contractual expectations as set forth in contract documents not involved in this matter. *Id.* at 1008.

More importantly, the legal claims and law applicable to the Court's analysis in *HCA* have no application here. *HCA* was an ERISA case. This case arises from benefits claims under Florida's PIP Statute, Fla. Stat. § 627.736. From the face of the opinion, it does not appear that *HCA* involved many of the legal claims in this action including the claims for declaratory relief, violation of Fla. Stat. § 627.736 or violation of RICO. In addition, *HCA* involved contractual

claims under Georgia law, whereas this case arises under the regulated insurance laws of Florida. *HCA* does not appear to be a class action case. In sum, *HCA* is clearly distinguishable and inapplicable to the Court's analysis of Larusso's Florida automobile insurance claims. The numerous Florida authorities cited in Hartford's Motion to Dismiss, which Larusso has chosen not to address, provide ample support for the dismissal of the Complaint in its entirety.

### III.   This Court Should Dismiss Larusso's Class Action Claims

Rather than addressing the specific and detailed arguments set forth in Hartford's Motion to Dismiss, Larusso simply argues that the Court should consider Hartford's class action arguments only in response to a motion for class certification. (D.E. 269 at 5). This statement ignores the fact that federal courts may consider such arguments on a motion to dismiss.[2] *See Reed v. State Farm Mutual Auto. Ins. Co.*, slip op. (Case No. 98-798-CIV-T-24F) (M.D. Fla. July 30, 1998) (D.E. 269, Ex. 4) (court found similar PIP class action inappropriate for class action treatment on motion to dismiss because individual factual issues would predominate over common legal questions); *see also Ross-Randolph v. Allstate Ins. Co.*, slip op. (Case No. DKC-99-334) (D. Maryland, May 11, 2001) (D.E. 269, Ex. 5) (same); *Cordell v. World Ins. Co.*, 418 So. 2d 1162, 1164 (Fla. 1st DCA 1982) (class action claims dismissed where class members

---

[2]   Larusso argues that "Court's [sic] have routinely granted class certification in actions where there has been a systematic violation of Section 627.736 . . . ." (D.E. 269 at 5). The two cases he cites are inapposite. *Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd.*, 694 So. 2d 852 (Fla., 3d DCA 1997) concerns only claims for statutory interest on PIP benefits that were **paid.** The benefits themselves were not at issue -- only the insurer's failure to pay interest on them. By contrast, the benefits are very much at issue here and this issue is not suitable for class action treatment as it is an inherently individual in nature. In *Allstate Indemnity Co. v. De La Rosa*, 26 Fla. L. Weekly D2193a (Fla. 3d DCA Sept. 12, 2001), the court affirmed certification of a class action for failure to pay PIP benefits without first obtaining a medical report justifying the reduction. The 3d DCA was recently reversed on the substantive class issue. In *United Auto. Ins. Co. v. Rodriguez/State Farm Fire and Casualty Co. v. Perez*, 26 Fla. L. Weekly S747a (Fla., Nov. 8, 2001), the Florida Supreme Court rejected a uniform rule that a medical report must always be obtained to support a reduction of PIP benefits. Accordingly, the propriety of the *De La Rosa* court's certification of a class based on an overruled rule is in serious doubt.

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON

sought different remedies and defendant could assert different defenses to each claim). For the reasons set forth at length in Hartford's Motion to Dismiss, this Court should likewise dismiss Larusso's class action claims with prejudice.

## Conclusion

For the reasons set forth above and in its Motion to Dismiss, Hartford respectfully requests that the Court dismiss the Amended Class Action Complaint in its entirety.

Respectfully submitted,

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

_____
Marcy Levine Aldrich
 Fla. Bar No. 096844
George Volsky
 Fla. Bar No. 203092

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 27th day of November, 2001 on:

_____
Marcy Levine Aldrich

# SERVICE LIST
*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case No. 01-8111-Civ-Ferguson/Snow) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

- 1 -

- 2 -

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
 rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
 fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
 dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
 peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
 TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
 jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

- 3 -

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
 fanania@anania-law.com
Donald A. Blackwell, Esq.
 dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
 wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
 badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Main Tel: (904) 798-3200
Direct Tel: (904) 798-2615
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
 klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
 haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

- 4 -

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
  rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
  gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
  mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida  33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
  jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
 anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
 kmaus@bbplaw.com
Lauren D. Levy, Esq.
 llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

SHEA & GARDNER
John D. Aldock, Esq.
 jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
 jklein@sheagardner.com
Michael Isenman, Esq.
 misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
 dfriedman@csglaw.com
Brian P. Knight, Esquire
 bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577

# EXHIBIT "1"

8 Fla. L. Weekly Supp. 802a

**Insurance -- Plaintiff/insured was not party to contractual agreement between medical provider and insurer and was not third-party beneficiary of contract -- Agreement between provider and insurer was not a preferred provider agreement, but simply a negotiated fee schedule to be used if an insured of the defendant uses the provider's services -- Insurer entitled to summary judgment on issue of whether agreement entered into by provider is valid agreement -- Ruling does not decide ramifications if provider is making demands on plaintiff for payment in excess of the contract rate**

GLENDA AUTREY, Plaintiff, vs. HARTFORD INSURANCE COMPANY OF THE MIDWEST, Defendant. County Court, 19th Judicial Circuit in and for Indian River County. Case No. 2000-0724 CC 10. July 16, 2001. Joe Wild, Judge. Counsel: Joseph Shaughnessy. Norman Monroe.

*SUMMARY JUDGMENT ORDER*

The plaintiff and defendant have both filed motions for summary judgment dealing with the issue of a contract between the defendant and Dr. Clark, the plaintiff's medical provider. The facts of the case pertinent to the issue in question are set out in Plaintiff's Response to Defendant's Motion for Summary Judgment; Plaintiff's Motion for Summary Judgment and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment.

The Court grants the Defendant's Motion for Summary Judgment and denies the Plaintiff's Motion for Summary Judgment. The reasons are as follows:

(1) The plaintiff is not a party to the contractual agreement between Dr. Clark and Community Care Network (CCN), nor is the plaintiff a legal third-party beneficiary of the contract.[1]

(2) The agreement between Dr. Clark and CCN is not a preferred provider agreement contemplated by Section 627.736(10), Florida Statutes. The agreement is a negotiated fee schedule to be used if an insured of the defendent uses Dr. Clark's services. This is no different than an insurance company negotiating a fee to pay *after* the service has been rendered. The goal is to reduce the money disbursed by the insurance company and preserve the benefits available to the insured. The fact that the negotiations are done beforehand, as opposed to after-the-fact should not render the agreement void. The insured is not required to use any particular provider, and is not penalized by using a provider that is not one in the position of Dr. Clark. The fact that the plaintiff chose to use Dr. Clark was a fortuitous choice that worked to her benefit.

(3) The statutory scheme in Section 627.736(10), Florida Statutes, provides a means for an insurance company to give an insured the option of buying a PPO policy. This Court agrees with other court decisions which assert that the only way to provide a PPO policy in Florida is to follow the requirements of that section. However, the statute certainly doesn't dictate what providers must charge for medical services and what insurers must pay for medical services. The section does allow the insurance company the flexibility to offer reduced premiums and altered coverages to insureds in return for their use of a preferred provider. In this case, however, the defendant did not intend to restrict the plaintiff in her choice of providers, and agreed to cover her in the manner indicated in the policy, which complied with Florida law. The facts are undisputed that the plaintiff chose her provider and the defendant paid benefits at a rate agreed to by Dr. Clark.

(4) This ruling applies only to the issue of whether the agreement entered into by Dr. Clark is a valid

agreement. This ruling does not decide the ramifications if Dr. Clark is making demands on the plaintiff for payment in excess of the contract rate.

———————

[1]The plaintiff does, however, *benefit* from the contract to the extent that the plaintiff's insurance benefits are dissipated at a reduced rate based on the contract between CCN and Dr. Clark.

* * *