IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No. 01-6780-CIV-Ferguson/Snow

ULTRA OPEN MRI CORPORATION,           :
on behalf of itself and all others          :
similarly situated,                          :
                                        :
                                        :
              Plaintiff,                :
                                        :
v.                                      :
                                        :
INTEGON NATIONAL INSURANCE              :
COMPANY and INTEGON GENERAL             :
INSURANCE COMPANY,                      :
                                        :
              Defendants.               :
_____/

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

Defendants Integon National Insurance Company and Integon General Insurance

Corporation (collectively, "Integon"), submit this reply memorandum in response to Plaintiff's

Opposition to Defendants' Motion Compel Arbitration.

I.      The PruPac and Florida Farm Bureau Reports

Recently, Magistrate Judge Snow made Report and Recommendations in two

consolidated cases -- *Ultra Open MRI Corp. v. Prudential Property and Casualty Insurance*

*Company,* Case No. 01-6778 (the "PruPac Report") and *LaRusso v. Florida Farm Bureau*

*Casualty Insurance Co.,* Case No. 01-8110 (the "FFB Report"), concerning motions to compel

arbitration. In the PruPac and FFB actions, Magistrate Judge Snow found that the respective

plaintiff's acceptance of an assignment of rights as a third-party beneficiary binds them to a

contractual provision mandating arbitration. *See* PruPac Report at 9; FFB Report at 8-9.

Magistrate Judge Snow concluded, however, that while the PruPac claim was subject to

arbitration, the FFB arbitration clause was invalidated by the Florida Supreme Court in

*Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.,* 753 So. 2d 55 (Fla. 2000). *Pinnacle* struck

down as unconstitutional the mandatory arbitration provision of Section 627.736(5) of the

Florida Statutes. Id. at 57.

Specifically, Magistrate Judge Snow held that because the PruPac arbitration clause was

part of a contract entered into after *Pinnacle* was decided, the clause is "an independent

agreement between the parties." PruPac Report at 8. Accordingly, the Court found that the clause

was not invalidated by *Pinnacle*. Id. Magistrate Judge Snow invalidated the arbitration clause in

the FFB policy, however, based upon the conclusion that *Pinnacle* "struck down all statutorily-

mandated arbitration clauses in PIP insurance contracts." FFB Report at 7. Because the FFB

contract containing the arbitration clause was entered into prior to *Pinnacle*, Magistrate Judge

Snow invalidated the contractual provision and denied FFB's motion to compel arbitration.

II.    **UOMC Agreed to Arbitrate Its Claims Against Integon**

Plaintiff Ultra Open MRI Corporation ("UOMC") spends a great deal of its Opposition

arguing that it is not bound by the arbitration clause in Integon's contract with its insured

Kimberly McCombs ("McCombs") because UOMC was not a party to that contract, and thus did

not accept an assignment of the arbitration provision in the contract. *See* Opp. Memo. at 4-5[1], 8-

---

[1]    UOMC incorporated the Memorandum of Law in Opposition to Metropolitan
Casualty Insurance Company's Motion to Compel Arbitration. The cite is to the Memorandum of

10. The PruPac and FFB Reports, in accordance with established precedent cited in Integon's Motion to Compel Arbitration, dispose of this specious argument. Accordingly, UOMC is bound by the arbitration clause in McCombs' contract with Integon. *See* PruPac Report at 9; FFB Report at 8-9; Integon Motion at 5-6. The only remaining question is whether *Pinnacle* invalidated Integon's contractual provision that requires the arbitration of medical provider claims.

### III.    *Pinnacle* Does not Affect Integon's Contractual Arbitration Provision

McCombs' contract with Integon was entered into before the Supreme Court issued *Pinnacle*. Magistrate Judge Snow's analysis in FFB would therefore suggest that the arbitration provision contained in McCombs' insurance contract was invalidated by *Pinnacle*. For a myriad of reasons, Integon respectfully disagrees with this portion of the FFB Report and instead asserts that the contractual provision mandating arbitration remains enforceable under *Pinnacle*.

*First*, the narrow question presented to the Florida Supreme Court in *Pinnacle* was whether Section 627.736(5) violates the Florida Constitution. *See Delta Casualty Co. v. Pinnacle Med., Inc.,* 721 So. 2d 321, 322 & 325 n.3 (Fla. 5th DCA 1998)(noting that issue presented to appeals court was whether arbitration requirement of Section 627.736(5) violated Florida Constitution; insurance contracts between insureds and their insurance companies not in the record reviewed by appeals court). While the Florida Supreme Court found that the statute's mandatory arbitration provision violated the Florida Constitution, it did not conclude that

---

Law filed in the Met action.

**contractual provisions** mandating medical provider arbitration were invalid. *See Pinnacle,* 753 So. 2d at 59 ("we affirm the decision of the Fifth District Court of Appeal below and hold to be unconstitutional the portion of section 627.736(5), Florida Statutes, requiring mandatory arbitration for all medical provider assignees"); *see also Livingston v. State Farm Mut. Auto. Ins. Co.,* 774 So. 2d 716 (Fla. 2d DCA 2000)(noting that *Pinnacle* did not address whether a medical provider may have agreed to arbitration when it accepts a contractual assignment).

Indeed, two pre-*Pinnacle* cases found that medical providers were required to arbitrate PIP disputes pursuant to provisions contained in the insurer's contract with its insured. *See Orion Ins. Co. v. Magnetic Imaging Sys., Inc.,* 696 So. 2d 475, 477-78 (Fla. 3d DCA 1997)(finding that contractual language of policy provided basis for arbitration separate and distinct from the statute); *Fortune Ins. Co. v. U.S.A. Diagnostics, Inc.,* 684 So. 2d 208 (Fla. 4th DCA 1996)(reversing order denying motion to compel arbitration of claim by medical provider of failure to pay PIP benefits because language of insurance policy compelled arbitration).

*Second*, an expansion of *Pinnacle* to invalidate contractual arbitration provisions would directly contradict the strong federal policy favoring arbitration set forth in the Federal Arbitration Act ("FAA"). In light of the FAA's strong "pro-arbitration policy," which was reaffirmed last year by the Supreme Court in *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 91 (2000), this Court should not expand the holding of *Pinnacle* to invalidate independent contractual agreements to arbitrate.

*Third*, at least some of Integon's policies have continued to contain a mandatory arbitrationm provision post-*Pinnacle*. Thus, it would be patently unfair to invalidate an

MI730335;1                                4

independent contractual provision mandating arbitration merely because a statutory provision

was held unconstitutional.

Accordingly, the Court should enforce UOMC's contractual obligation to arbitrate its

claims against Integon.

## IV.    Even if the Court Were to Invalidate Pre-*Pinnacle* Contractual Arbitration Provisions, This Action Should Be Stayed Pending Arbitration of Post-*Pinnacle* Claims

Integon retained a mandatory arbitration clause in some of its Florida auto insurance

contracts after February 3, 2000 (the date of the *Pinnacle* decision).  Any claims asserted by

UOMC pursuant to contracts entered into or renewed after February 3, 2000 that contain

mandatory arbitration provisions are subject to arbitration without question -- as set forth in the

PruPac Report.  When a Florida court is presented with claims subject to mandatory arbitration,

"Section 682.03(3), Florida Statutes, requires the court to stay '[a]ny action or proceeding

involving an issue subject to arbitration.  The statute does not require the parties to be identical in

both proceedings so long as the same issues are determinable.'" *Okeelanta Corp. v. United States

Sugar Corp.*, 712 So. 2d 814, 815 (Fla. 2d DCA 1998).  Accordingly, even if the McCombs

policy were not subject to arbitration -- which Integon disputes -- the Court must abate litigation

of UOMC's claims under the McCombs policy pending resolution of any arbitrable claims.[2]

---

[2]    If the Court adopted the FFB Report and only ordered arbitration of claims arising from post-*Pinnacle* insurance contracts containing arbitration provisions, the parties presumably would have to engage in limited discovery to determine which claims are subject to arbitration.

MI730335;1                                                   5

Case No. 01-6780-CIV-Ferguson/Snow

Moreover, to the extent that the Court orders consolidation of this Action with any other actions, all consolidated litigation must be stayed pending resolution of any claims subject to arbitration. For example, to the extent that this Action is consolidated with the PruPac action in which Magistrate Judge Snow already has recommended that the parties engage in arbitration, this Action would be stayed pending the outcome of the PruPac arbitration. Id. A ruling to the contrary could result in inconsistent rulings on common legal issues.

**WHEREFORE,** for the reasons set forth in Integon's Motion to Compel Arbitration and this Reply, Integon requests that the Court compel arbitration and dismiss this Action. Alternatively, Integon requests that the Court stay this Action pending arbitration of any claims asserted by UOMC that are determined to be subject to arbitration.

Respectfully submitted,

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

_____
Marcy Levine Aldrich
  Fla. Bar No. 0968447
George Volsky
  Fla. Bar No. 203092

Case No. 01-6780-CIV-Ferguson/Snow

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by

U.S. Mail, on this 27th day of November, 2001 on:

**Counsel for Plaintiff**
Jan Douglas Atlas
Eric Lee
Robin Corwin Campbell
Atlas Pearlman, P.A.
350 East Las Olas Blvd., Ste. 1700
Ft. Lauderdale, FL 33301

Courtesy copies were also mailed to the persons listed on the attached Courtesy Copy List.

_____
Marcy Levine Aldrich

Case No. 01-6780-CIV-Ferguson/Snow

## COURTESY COPY LIST
*Ultra Open MRI Corp. v. Integon National Ins. Co.,*
(Case No. 01-6780-CIV-FERGUSON)

**Co-Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
  atlas@atlaslaw.com
Eric Lee, Esq.
  lee@atlaslaw.com
Robin Corwin Campbell, Esq.
  campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

**Co-Counsel for Plaintiffs**

GOLD & COULSON
Arthur S. Gold, Esq.
  asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

**Co-Counsel for Plaintiffs**

PHILLIPS & GARCIA
Andrew Garcia, Esq.
  agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
  cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

**Co-Counsel for Plaintiffs**

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
  dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
  personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

**Co-Counsel for Plaintiffs**

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
  rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

**Co-Counsel for Plaintiffs**

Casey Fundaro, Esq.
Florida Bar No. 933650
  fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

MI730335;1

Case No. 01-6780-CIV-Ferguson/Snow

**Counsel for Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
 dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
 peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG,
LEHMAN, DEMARIA,
 TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta Esquire
Direct Tel: (305)536-8432
 jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
 fanania@anania-law.com
Donald A. Blackwell, Esq.
 dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
 wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
 badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Tel: (904)798-3200
Fax: (904)798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
 klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813)228-7411
Fax: (813)229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
 haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215)299-4314
Fax: (215)299-4301

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esquire
 rlevenson@hklaw.com
Greg Baldwin, Esq.
 gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

Case No. 01-6780-CIV-Ferguson/Snow

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
  mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305) 374-5600
Fax: (305) 374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305) 374-5600
Fax: (305) 374-5095

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
  jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: (312) 876-8000
Fax: (312) 876-7934

**Counsel for Hartford**

MAYER BROWN & PLATT
Howard J. Roin, Esq.
Hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
Tel: (312) 782-0600
Fax: (312) 701-7711

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
  anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

SHEA & GARDNER
John D. Aldock, Esq.
  jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
  jklein@sheagardner.com
Michael Isenman, Esq.
  Misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: (202) 828-2000
Fax: (202) 828-2195

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
  kmaus@bbplaw.com
Lauren D. Levy, Esq.
  Llevy@bbplaw.com
  ezivitz@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: (850) 894-4111
Fax: (850) 894-4999

**Counsel for American International**

CONROY, SIMBERG, GANON,
  KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
  dfriedman@csglaw.com
Brian P. Knight, Esquire
  bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577

MI730335;1