UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-CIV-6061-FERGUSON/SNOW

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

      Defendants.
_____/

**NIGHT BOX FILED**
**NOV 27 2001**
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## LIBERTY MUTUAL'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY UNTIL AFTER THIS COURT HAS RULED ON VARIOUS PENDING MOTIONS AND MOTION FOR PROTECTIVE ORDER

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, hereby files its Reply in Support of its Motion to Stay Discovery Until After This Court Has Ruled on Various Pending Motions and Motion for Protective Order ("motion to stay"), including but not limited to Liberty Mutual's Motion to Reconsider Order Granting Consolidation and Plaintiffs' motions for class certification. In further support thereof, Liberty Mutual states as follows:

Since the Court's September 28, 2001 Omnibus Order, which consolidated 15 different PIP cases, Liberty Mutual, and most other defendants, have filed numerous motions, including motions for reconsideration of the consolidation order, motions to compel arbitration, motions for entry of

MI731057;1

a confidentiality order, and motions to stay discovery. Despite Larusso's protestations to the contrary, the rulings on these motions may directly impact the scope of discovery and substantially alter the procedural nature of these cases. None of these motions has yet been resolved, leaving these cases in an unsettled state.

Due to the pendency of the various motions in the consolidated cases, it would simply be unworkable to proceed with discovery, merits or otherwise, at this juncture. The most significant obstacle hindering orderly, efficient discovery is the unresolved dispute regarding consolidation of these cases and a workable confidentiality agreement. Without a defined confidentiality agreement in tact, the need for which turns upon whether the cases remain consolidated, it is currently undetermined what information can be disclosed to which parties, and whether *any* of the discovery is subject to a confidentiality agreement. As set forth more fully in Liberty Mutual's motion to stay, the need for and scope of a confidentiality agreement is directly linked to this Court's ruling on Liberty Mutual's and others' motions for reconsideration of the consolidation order. Indeed, the motion for reconsideration raises serious confidentiality issues that will need to be resolved prior to discovery so that Liberty Mutual and others are not put in a position of disclosing highly sensitive, proprietary information to its competitors. Thus, until this Court rules on the motions for reconsideration, discovery (both merits discovery and class discovery) should not proceed.

In his response, Plaintiff argues that Liberty Mutual has failed "to even discuss a proposed confidentiality order." (Response p. 3). At the outset, Liberty Mutual and Plaintiff have, in fact, discussed proposed confidentiality orders. Indeed, numerous drafts of a confidentiality agreement have been circulated among the parties, with the scope of such agreement varying from one proposal to the next. However, because the parties have not reached an agreement, this issue has been submitted to the Court for resolution, and a ruling on this matter is currently pending.

MI731057;1

2

Notwithstanding Plaintiff's mischaracterization of Liberty Mutual's refusal to discuss a confidentiality agreement, Liberty Mutual contends that the need for a confidentiality agreement in this case hinges on whether the distinct PPO cases remain consolidated. Accordingly, Liberty Mutual has moved this Court to reconsider its earlier ruling consolidating the cases. If the Court grants Liberty Mutual's motion for reconsideration, the need for a confidentiality agreement will be all but obviated. If, however, the Court decides to keep the cases consolidated, then Liberty Mutual's position is that no discovery should occur until such time that a confidentiality order is entered, so as to minimize the prejudice and damage to Liberty Mutual caused by consolidation. Thus, discovery should be stayed until the Court has had an opportunity to rule on the pending motion for reconsideration.

In his response, Plaintiff also argues that the fact that the numerous consolidated cases are at varying stages of litigation provides no basis for a stay of discovery with respect to Liberty Mutual. In support of his argument, Plaintiff simply states that the cases were consolidated for discovery purposes only. This argument misses the mark. It is precisely because the cases were consolidated for discovery purposes that the varying procedural stages becomes problematic. Commencing discovery against such a chaotic procedural backdrop will only exacerbate the confusion that already exists. Some of the defendants have answered the complaints, some have filed motions to dismiss, and others have filed motions to compel arbitration. Thus, while multiple parties are in markedly different phases of the litigation process, it is currently logistically impracticable for all parties to move forward with discovery with any semblance of uniformity (which is ostensibly the rationale underlying consolidated discovery). In sum, to compel some parties to move forward with discovery at this point while other parties lag behind procedurally will

defeat the very purpose of consolidated discovery. The more appropriate procedure would be to stay discovery so that all parties can proceed through the consolidated litigation at the same pace.

Finally, Plaintiff contends that a stay of merits discovery is inappropriate. However, as set forth more fully in Liberty Mutual's motion for stay, discovery on the merits is simply premature at this stage of the litigation. Indeed, in the interests of fairness and efficiency, the Eleventh Circuit has held that such bifurcated discovery is appropriate in these circumstances. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992). Accordingly, at a minimum, the Court should stay merits discovery pending the Court's ruling on the motions for class certification.

WHEREFORE, Liberty Mutual respectfully requests that this Court grant its motion to stay discovery and for protective order in its entirety.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _/s/ Jennifer Cohen_
MARK S. SHAPIRO
Florida Bar No.: 894631
mshapiro@akerman.com
JENNIFER L. COHEN
Florida Bar No.: 123145
jlcohen@akerman.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this 27 day of November, 2001.

_____
Attorney

CASE NO. 00-7692-FERGUSON

# MASTER SERVICE LIST
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619, (312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

MI729885;1

CASE NO. 00-7692-FERGUSON

**SWARTZ CAMPBELL DETWEILER**
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com

Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

MI729885;1