UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.
_____/



SALVATORE D. LARUSSO, D.C. d/b/a
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and all others similarly situated,

     Plaintiff,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

     Defendant.
_____/

CASE NO. 01-8111-CIV-FERGUSON

7090-00100 339276.1

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

ULTRA OPEN MRI CORPORATION,                CASE NO. 01-6780-CIV-FERGUSON
on behalf of itself and all others similarly
situated,

      Plaintiff,

vs.

INTEGON NATIONAL INSURANCE
COMPANY and INTEGON GENERAL
INSURANCE CORPORATION,

      Defendants.
_____/

THE CHIROPRACTIC CENTRE, INC.,             CASE NO. 01-6783-CIV-FERGUSON
On behalf of itself and all others
similarly situated,

      Plaintiff,

vs.

METROPOLITAN CASUALTY INSURANCE
COMPANY,

      Defendant.
_____/

## CLASS PLAINTIFFS' CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO HARTFORD'S MOTION FOR PROTECTIVE ORDER (D.E. # 315), METROPOLITAN'S MOTION FOR PROTECTIVE ORDER (D.E. # 314), AND INTEGON'S MOTION FOR PROTECTIVE ORDER (D.E. # 313)

Class Plaintiffs SALVATORE D. LARUSSO, D.C. ("LARUSSO"), ULTRA OPEN MRI

CORPORATION ("UOMC"), and THE CHIROPRACTIC CENTRE, INC. ("TCCI") on behalf of

themselves and all others similarly situated (collectively, the "Class Plaintiffs"), by their undersigned

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

counsel, hereby submit their Memorandum of Law in Opposition to Defendants HARTFORD

INSURANCE COMPANY OF THE MIDWEST's ("HARTFORD") Motion for a Protective Order

(D.E. # 315), METROPOLITAN CASUALTY INSURANCE COMPANY's ("METROPOLITAN")

Motion for a Protective Order (D.E. # 314), and INTEGON NATIONAL INSURANCE

COMPANY's and INTEGON GENERAL INSURANCE COMPANY's ("INTEGON") Motion for

a Protective Order (D.E. # 313). For all the reasons set forth herein, Class Plaintiffs respectfully

submit that HARTFORD's, METROPOLITAN's, and INTEGON's (collectively, the "HMI

Defendants") Motions for a Protective Order should be denied in all respects.

## ARGUMENT

The HMI Defendants' Motions for a Protective Order are yet another effort by the Defendants

to delay these proceedings. On September 28, 2001, this Court entered its Omnibus Order

("Omnibus Order") which consolidated the 15 pending PPO reduction class actions, denied certain

Motions to Dismiss and lifted all discovery stays. Thereafter, Class Plaintiffs served Interrogatories,

a Request to Produce, and a Request for Admissions on all Defendants. Subsequently, the various

Defendants have filed motions for reconsideration, clarification, reaffirmation, to stay discovery, to

stay merits discovery and to compel arbitration. HARTFORD has filed a Motion for

Reconsideration and has already filed a Motion to Stay Discovery. METROPOLITAN has filed a

Motion for Clarification, Motion to Compel Arbitration, and a Motion to Stay these proceedings.

Similarly, INTEGON has filed a Motion for Clarification, Motion to Compel Arbitration, and

Motion to Stay these proceedings.

7090-00100 339276.1

3



CASE NO. 00-6061-CIV-FERGUSON/SNOW

## I.    HARTFORD'S MOTION FOR A PROTECTIVE ORDER.

HARTFORD asserts that all discovery should be stayed based on its Motion to Dismiss. HARTFORD further asserts that if discovery commences, a bifurcated discovery schedule should proceed until such time as class certification issues are decided. However, as HARTFORD is aware, this Court already denied Motions to Dismiss the same claims as those asserted against HARTFORD. The Omnibus Order denied the pending Motions to Dismiss with the exception of the Lanham Act Counts. The claims asserted by LARUSSO against HARTFORD are identical to the causes of action already sustained by this Court. Accordingly, HARTFORD's Motion to Dismiss will be denied.

Moreover, this Court's Omnibus Order specifically lifted all discovery stays and this Court's September 28, 2001 Trial Order specifically orders that discovery will not be stayed by a pending motion to dismiss, unless mandated by statute. Notwithstanding the foregoing, HARTFORD has sought to stay discovery in these proceedings and its Motion for a Protective Order merely restates its position that discovery should be stayed. Since this Court has already denied Motions to Dismiss the same claims as those asserted against HARTFORD, lifted all discovery stays in the Omnibus Order, and ordered in the Trial Order that motions to dismiss will not stay discovery, HARTFORD's Motion for a Protective Order should be denied.

As to HARTFORD's assertion that bifurcated discovery is necessary, despite the fact that LARUSSO's Motion for Class Certification has been pending for months, HARTFORD has not yet responded to the Motion for Class Certification. HARTFORD has refused to respond to any

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

discovery in these proceedings, including discovery that would be considered class discovery. Instead, HARTFORD has sought to grind these proceedings to a halt by refusing to respond to discovery, by seeking to stay these proceedings, and then arguing that even if discovery should proceed, only class discovery should be addressed. Interestingly, HARTFORD has not indicated that class discovery is necessary for it to respond to the pending Motion for Classification and HARTFORD fails to advise this Court that it has not conducted any class discovery in these proceedings despite the fact that the matter has been pending for months and the Omnibus Order was entered two months ago. Clearly, HARTFORD's Motion for a Protective Order is a further delay tactic and should be denied.

## II.    METROPOLITAN'S AND INTEGON'S MOTIONS FOR A PROTECTIVE ORDER.

METROPOLITAN and INTEGON have filed nearly identical Motions for a Protective Order. They assert that their pending Motion to Compel Arbitration should stay these proceedings in their entirety. However, based upon Magistrate Judge Snow's November 13, 2001 Report and Recommendations ("R&R"), METROPOLITAN's and INTEGON's Motions to Compel Arbitration will be denied. The R&R found that arbitration provisions in insurance contracts entered into before Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000) are unconstitutional and cannot be utilized to compel arbitration. The insurance policies at issue in METROPOLITAN and INTEGON were both entered into before the Pinnacle. Accordingly, METROPOLITAN's and INTEGON's Motions to Compel Arbitration will be denied.

Despite the fact that the Motions to Compel Arbitration will be denied, METROPOLITAN and INTEGON seek to stay these proceedings based on their Motions to Compel Arbitration. Since



CASE NO. 00-6061-CIV-FERGUSON/SNOW

the Motions to Compel Arbitration will be denied, there is no basis to stay these proceedings. Moreover, METROPOLITAN's and INTEGON's continued refusal to recognize that their cases were consolidated provides no basis to stay discovery. The Omnibus Order consolidated all 15 pending PPO reduction class actions, including the METROPOLITAN and INTEGON cases. Despite the consolidation, METROPOLITAN and INTEGON continue to file documents in their respective actions, in direct contravention of the Omnibus Order, and further argue that the discovery served by Class Plaintiffs in the consolidated action "does not apply to this Action." (Mot. at p. 2). There is no question that these actions were consolidated. There is no basis for METROPOLITAN or INTEGON to stay these proceedings. Accordingly, METROPOLITAN's and INTEGON's Motion for a Protective Order should be denied.

## CONCLUSION

For all the reasons set forth herein, Plaintiffs SALVATORE D. LARUSSO, D.C., ULTRA OPEN MRI CORPORATION, and THE CHIROPRACTIC CENTER, INC., on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order denying Defendants HARTFORD INSURANCE COMPANY OF THE MIDWEST's, METROPOLITAN CASUALTY INSURANCE COMPANY's, and INTEGON NATIONAL INSURANCE COMPANY's and INTEGON GENERAL INSURANCE CORPORATION's Motions for a Protective Order, together with such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
    JAN DOUGLAS ATLAS
    Florida Bar No. 226246

By: _____
    ERIC LEE
    Florida Bar No. 961299

By: _____
    ROBIN CORWIN CAMPBELL
    Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

7090-00100 339276.1

7

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this __28th__ day of November, 2001 upon all individuals on the attached service list.

ERIC LEE

8

ATLAS PEARLMAN
ATTORNEYS AT LAW