UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

THE CHIROPRACTIC CENTRE, INC.,    CASE NO. 01-6782-CIV-FERGUSON
On behalf of itself and all others
similarly situated,

    Plaintiff,

vs.

SUPERIOR INSURANCE COMPANY,

    Defendant.
_____/



**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO SUPERIOR'S MOTION TO STRIKE**

Plaintiff THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated ("TCCI"), by its undersigned counsel, hereby submits its Memorandum of Law in Opposition to Defendant SUPERIOR INSURANCE COMPANY's ("SUPERIOR") Motion to Strike Plaintiff's Memorandum of Law in Opposition to Defendant SUPERIOR INSURANCE COMPANY's Motion to Dismiss and Incorporated Memorandum of Law ("Motion to Strike"). For

7090-00100 339250.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

all the reasons set forth herein, TCCI respectfully submits that SUPERIOR's Motion to Strike should be denied in all respects.

## ARGUMENT

Based on this Court's oral ruling at a May 14, 2001 status conference that the pending Motions to Dismiss would be denied, TCCI provided SUPERIOR with an enlargement of time to respond to the Complaint in this action until such time as this Court entered a written Order denying the pending Motions to Dismiss. The purpose of this enlargement was so that this Court would not need to resolve additional Motions to Dismiss while preparing the written Order. Despite the foregoing, subsequent to the entry of this Court's September 28, 2000 Omnibus Order which denied the pending Motions to Dismiss, SUPERIOR filed its Motion to Dismiss in these proceedings. SUPERIOR's Motion to Dismiss is identical to the Motions to Dismiss this Court has already denied. The claims asserted in this matter have already been sustained by this Court.

Rather than restate the arguments previously asserted in opposition to the various Motions to Dismiss, TCCI merely incorporated a number of memoranda of law filed in the various PPO reduction proceedings. TCCI also cited a number of recent decisions which further demonstrate that this Court's Omnibus Order correctly denied the pending Motions to Dismiss. In its Motion to Strike, SUPERIOR asserts that the incorporation of prior memoranda violates Local Rule 7.1(C)(2) because the incorporation of the prior memoranda exceeds the page limitation. Despite filing its Motion to Strike, SUPERIOR was able to fully respond to TCCI's Opposition Memorandum by filing a Reply in Support of its Motion to Dismiss.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

SUPERIOR'S Motion to Dismiss is baseless. This Court has already sustained the exact claims asserted against SUPERIOR. SUPERIOR's Motion to Strike is similarly baseless. The incorporation of various memoranda of law was designed to promote judicial economy and to demonstrate that SUPERIOR's Motion to Dismiss raises no new arguments. Accordingly, TCCI's Opposition Memorandum does not exceed the page limitation and should not be stricken. It is also entirely disingenuous for SUPERIOR to even make this argument in light of the fact that in its Request for Status Conference and Motion for New Case Management and Scheduling Order (D.E. #330), it cites to numerous motions filed by other defendants. SUPERIOR then "joins in the various requests for a scheduling conference, new case management and scheduling order, stay of discovery, and emergency protective order presented by the Defendants in the consolidated cases." (D.E. #330 at P. 2). The number of pages of all of the Motions joined in by SUPERIOR exceed 20 pages. Accordingly, SUPERIOR's Motion to Strike is entirely frivolous.

## CONCLUSION

For all the reasons set forth herein, Plaintiff THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated, respectfully requests that this Court enter an Order denying Defendant SUPERIOR INSURANCE COMPANY's Motion to Strike Plaintiff's Memorandum of Law, together with such other and further relief as this Court may deem just and proper.

7090-00100 339250.1

3

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

7090-00100 339250.1                     4

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899  Facsimile

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 28th day of November, 2001 upon: all individuals on the attached service list.

_____
ERIC LEE

ATLAS PEARLMAN
ATTORNEYS AT LAW