UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.
_____/

ULTRA OPEN MRI CORPORATION,

                                     CASE NO. 01-CIV-6778-FERGUSON/SNOW

     Plaintiff,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

     Defendant.
_____/

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (D.E. #318)

     Plaintiff ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated ("UOMC"), by its undersigned counsel, hereby submits its Objections to Magistrate Judge Snow's November 13, 2001 Report and Recommendation ("R&R") (D.E. #318). For all the reasons set forth herein, UOMC respectfully submits that Defendant PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY's ("PRUDENTIAL") Motion to Compel Arbitration should have been denied in all respects.

7090-00100 339089.1



ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## BACKGROUND

This action is one of 15 pending class actions consolidated for discovery purposes by this Court. UOMC filed its Complaint against PRUDENTIAL on May 8, 2001. On May 25, 2001, UOMC filed its Motion for Class Certification. At a Status Conference on May 14, 2001, this Court orally ruled that it was denying the pending Motions to Dismiss, that all discovery stays would be lifted, and that the pending class actions would be consolidated for discovery purposes. In light of this Court's oral ruling, UOMC, in this action and in the other actions it filed, rather than force the Defendants to respond to the Complaints, Motions for Class Certification, and consolidation issues, agreed that the Defendants would have an enlargement of time until this Court entered a written Order and the parties agreed to a scheduling order setting further deadlines.

On June 25, 2001, PRUDENTIAL filed its Unopposed Motion for Postponement or Extension of Time. Thereafter, on August 6, 2001, while the parties were waiting for this Court's written ruling on the Motions to Dismiss, lifting the discovery stays, and consolidating these actions, PRUDENTIAL filed its Motion to Compel Arbitration. On September 28, 2001, this Court entered its Omnibus Order which denied the pending Motions to Dismiss, lifted all discovery stays, and consolidated the 15 pending class actions. On October 8, 2001, this Court dismissed PRUDENTIAL's Unopposed Motion for a Postponement or Extension of Time as moot.

## REPORT AND RECOMMENDATION

The R&R entered by the Magistrate Judge in this matter grants PRUDENTIAL's Motion to Compel Arbitration. The R&R finds that the personal injury protection benefits contract ("PIP Contract") between PRUDENTIAL and its insured constitutes a written agreement which is binding

7090-00100 339089.1

2

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

on UOMC. Since the PIP Contract in this matter was issued five months after Section 627.736(5),

Florida Statutes, was declared unconstitutional, the R&R finds that the arbitration clause in the PIP

Contract is binding on the Plaintiff.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1)

whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether

there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc.,

475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration,

it is axiomatic that '(a) written agreement for arbitration is the sine qua non of an enforceable

arbitration agreement' under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l,

Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented

by a motion to compel arbitration is whether the contract between the parties to the controversy

embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton

& Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local

378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever

existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for

submitting any question to an arbitrator.") As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived
> of a day in court, there should be an express, unequivocal agreement to that effect.
> If there is doubt as to whether such an agreement exists, the matter, upon a proper
> and timely demand, should be submitted to a jury. Only when there is no genuine
> issue of fact concerning the formation of the agreement should the court decide as a
> matter of law that the parties did or did not enter into such an agreement. The district
> court, when considering a motion to compel arbitration which is opposed on the
> ground that no agreement to arbitrate had been made between the parties, should give

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

## I.    THE R&R INCORRECTLY CONCLUDES THAT THE ARBITRATION PROVISION IN THE PIP CONTRACT AT ISSUE IN THIS CASE IS VALID.

The R&R correctly concludes that Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000) invalidated arbitration clauses contained in PIP Contracts. The R&R limited the effect of Pinnacle to PIP Contracts entered into before the Pinnacle decision. However, based on the clear language of Pinnacle, the Florida Supreme Court struck down all arbitration provisions which restrict a healthcare provider's rights. As the Court held in Pinnacle:

> An objective of Florida's Motor Vehicle No-Fault Law was to provide persons injured in an action with prompt payment of benefits. Similarly, the legislative objective of section 627.428(1), Florida Statutes, which provides for an award of attorneys' fees against insurers who wrongfully deny benefits, was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorneys' fees when they are compelled to sue to enforce their insurance contracts. Section 627.736(5) replaces section 627.428(1) attorney fees with an award of attorney fees based on who was the "prevailing party" at arbitration. Under section 627.736(5), medical provider - assignees are subject to attorney fees, while insureds suing to enforce the exact same contract enjoy the one-way imposition of attorneys' fees against insurers provided in Section 627.428(1). This distinction does nothing to further the prompt payment of benefits or to discourage insurers' denial of valid claims. The effect of the attorney-fee provision in Section 627.736(5) is to further delay insureds from receiving medical benefits by encouraging medical providers to require payment from insureds at the time the services are rendered rather than risk having to collect through arbitration. Thus, the prevailing party attorney-fee provision of Section 627.736(5) arbitrarily distinguishes between medical providers and insureds, violating medical providers' due process rights, and is unconstitutional under article I, section 9 of Florida's Constitution.

Id. at 59 (citations omitted) (emphasis added).



CASE NO. 00-6061-CIV-FERGUSON/SNOW

A PIP Contract is entered into between an insured and an insurance company. The healthcare provider is not a party to the PIP Contract. Healthcare providers have no part in negotiating the terms of the PIP Contract. Accordingly, if insurance companies are able to place onerous arbitration provisions in PIP Contracts that are binding only when a healthcare provider seeks compensation for services provided, the entire holding in Pinnacle would be meaningless. In this case, PRUDENTIAL's PIP Contract contains the following arbitration provision:

Arbitration

Any claims dispute between us and a medical service or supplies provider who has agreed to accept an assignment of benefits shall be decided by arbitration upon written request of either party. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party.

The prevailing party is entitled to attorney's fees and costs. For purposes of the award of attorney's fees and costs, the prevailing party shall be determined as follows:

1. When the amount of personal injury protection benefits determined by arbitration exceeds the sum of the amount offered by us at arbitration plus 50 percent of the difference between the amount of the claim asserted by the claimant at arbitration and the amount offered by us at arbitration, the claimant is the prevailing party.

2. When the amount of personal injury protection benefits determined by arbitration is less than the sum of the amount offered by us at arbitration plus 50 percent of the difference between the amount of the claim asserted by the claimant at arbitration and the amount offered by us at arbitration, we are the prevailing party.

3. When neither paragraph 1. nor paragraph 2. applies, there is no prevailing party. For purposes of this paragraph, the amount of the offer or claim at arbitration is the amount of the last written offer or claim made at least 30 days prior to the arbitration.

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

4.      In the demand for arbitration, the party requesting arbitration must include a statement specifically identifying the issues for arbitration for each examination specifying any other examinations or treatment and any other issues that it intends to raise in the arbitration. The parties may amend their statements up to 30 days prior to arbitration, provided that arbitration shall be limited to those identified issues and neither party may add additional issues during arbitration.

The arbitration shall take place in the county in which the provider is located. If they are located out-of-state, arbitration shall take place in the county in which the insured resides, unless the parties agree to another place. Arbitration is subject to the provisions of the Florida Arbitration Code, Chapter 582 of the Florida Statutes.

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment of benefits. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. The Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical providers. As the Court stated:

We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision violates the right of medical providers to access to courts provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) violates the due process rights of medical providers in violation of article I, section 9 of the Florida Constitution.

Pinnacle, 753 So. 2d at 57 (emphasis added). Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the PRUDENTIAL policy is likewise unconstitutional. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts." Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

arbitration provision in the PRUDENTIAL PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. <u>Pinnacle</u>.

The PRUDENTIAL arbitration provision impermissibly provides for prevailing party attorney fees. This provision was found to be unconstitutional in <u>Pinnacle</u>. The PRUDENTIAL arbitration provision is also more restrictive than required by Section 627.736(5). The PRUDENTIAL arbitration provision requires a recovery of more than 50% of the difference between the amount offered by PRUDENTIAL to the healthcare provider to be considered a prevailing party. In addition, if the amount determined at arbitration is less than the amount offered by PRUDENTIAL plus 50%, less the difference of the claim, PRUDENTIAL is the prevailing party. If neither of these provisions applies, neither party is the prevailing party. The arbitration provision violates the rights of healthcare providers to access to courts and is unconstitutional in that it requires arbitration in violation of article I, section 21 of the Florida Constitution. <u>Pinnacle</u>, 753 So. 2d 55. The PRUDENTIAL arbitration provision is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it impermissibly modifies the statutory fee-shifting provisions of Section 627.736. <u>Id</u> . The fact that the PIP Contract was entered into by an insured and PRUDENTIAL subsequent to the holding <u>Pinnacle</u> does not change the fact that the arbitration provision contained therein is unconstitutional and void.

## II.   THE R&R INCORRECTLY FINDS THAT THE ARBITRATION PROVISION CAN BIND AN ASSIGNEE.

The R&R concludes that the assignment of benefits to the healthcare provider binds the healthcare provider to the arbitration clause contained in the PIP Contract. However, since

ATLAS PEARLMAN
ATTORNEYS AT LAW

PRUDENTIAL could not compel its insured to arbitrate these claims, UOMC, as the assignee, cannot be compelled to arbitrate the claims.

"Arbitration agreements are personal covenants usually binding only upon parties to the covenant." Federated Title Insurers, Inc. v. Ward, 538 So. 2d 890 (Fla. 4th DCA 1989); Karlen v. Golf & Western Indus., Inc., 336 So. 2d 461 (Fla. 3d DCA 1976). The PRUDENTIAL policy does not contain a personal covenant on the part of the insured to arbitrate personal injury protection claim disputes. The provision instead purportedly requires unknown assignees to arbitrate claims. There is no written agreement between PRUDENTIAL and UOMC requiring UOMC to arbitrate such claims. Accordingly, there is no basis to assert that UOMC's claims are subject to arbitration.

There is no arbitration agreement between PRUDENTIAL and its insured. UOMC, as the insured's assignee "surely is in no worse position that its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. and Surety Co., 276 F. Supp. 791, 793 (S.D.N.Y. 1967). Thus, if PRUDENTIAL's insured desired to assert a claim against PRUDENTIAL for its failure to pay PIP benefits, the insured would be entitled to assert those claims in Court. A healthcare provider that receives an assignment "stands in the shoes" of an assignor-insured. Since the PRUDENTIAL assignor-insured cannot be compelled to arbitrate, the healthcare provider similarly cannot be compelled to arbitrate. Otherwise, additional conditions and penalties are imposed upon an assignee which are not imposed on the assignor. For example, an assignment of benefits does not require the healthcare provider to subsequently make premium payments required under the policy. Those obligations remain obligations of the insured since only the benefits were assigned. Further, if a healthcare provider assigns the rights back to the insured, the insured would

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

not be required to arbitrate. Based upon the foregoing, PRUDENTIAL cannot assert that the assignment of benefits requires arbitration.

This precise issue was addressed in <u>Pinnacle</u>. In <u>Pinnacle</u>, the healthcare provider brought its claim as the assignee of benefits from an insured. The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider. The policy did not require the same claims to be arbitrated if they were brought by the insured. The insurance company asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, <u>there is no voluntary agreement to arbitrate</u> between medical providers and PIP insurers. <u>Medical providers are forced to arbitrate</u> by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

<u>Id</u>. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in <u>Pinnacle</u>, a contractual provision entered into between an insured and insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claims.

There is no contract between UOMC and its patient to arbitrate claims. There is no contract between UOMC and PRUDENTIAL to arbitrate claims. There is no contract between PRUDENTIAL's insured and PRUDENTIAL to arbitrate claims. UOMC cannot be forced to arbitrate based on the terms of an agreement entered into between a PRUDENTIAL insured and PRUDENTIAL, to which the assignor-insured is not subject. <u>Id</u>. Accordingly, the arbitration



CASE NO. 00-6061-CIV-FERGUSON/SNOW

provision contained in the PRUDENTIAL PIP Contract provides no basis to compel arbitration against UOMC.

## CONCLUSION

For all the reasons set forth herein, Plaintiff ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated, respectfully requests that this Court enter an Order determining that the claims asserted in this action are not subject to arbitration, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931


ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this 29th day of November, 2001 upon: all individuals on the attached service list.

ERIC LEE

