UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

SALVATORE D. LARUSSO, D.C.
d/b/a FAMILY CHIROPRACTIC          CASE NO. 01-8111-CIV-FERGUSON
CENTER, on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (D.E. #317)

      Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly

situated ("LARUSSO"), by his undersigned counsel, hereby submits his Objections to Magistrate

Judge Snow's November 13, 2001 Report and Recommendation ("R&R") (D.E. #317). For all the

reasons set forth herein, LARUSSO respectfully submits that Defendant FLORIDA FARM

7090-00100 339219.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

BUREAU CASUALTY INSURANCE COMPANY's ("FARM BUREAU") Motion to Compel Arbitration should have been denied in all respects.

## BACKGROUND

This action is one of 15 pending class actions consolidated for discovery purposes by this Court. LARUSSO filed his Complaint against FARM BUREAU on February 7, 2001. On February 7, 2001, LARUSSO filed his Motion for Class Certification. On April 16, 2001, FARM BUREAU filed its Motion to Dismiss. At a Status Conference on May 14, 2001, this Court orally ruled that it was denying the pending Motions to Dismiss. On May 11, 2001, FARM BUREAU filed its Motion to Compel Arbitration. On May 24, 2001 FARM BUREAU filed its Memorandum in Support of Motion to Compel Arbitration. On September 28, 2001, this Court entered its Omnibus Order which denied the pending Motions to Dismiss, lifted all discovery stays, and consolidated the 15 pending class actions.

## REPORT AND RECOMMENDATION

The R&R entered by the Magistrate Judge in this matter denies FARM BUREAU's Motion to Compel Arbitration. The R&R finds that the personal injury protection benefits contract ("PIP Contract") between FARM BUREAU and its insured constitutes a written agreement which is binding on LARUSSO. However, since the PIP Contract in this matter was issued before Section 627.736(5), Florida Statutes, was declared unconstitutional, the R&R finds that the arbitration clause in the PIP Contract is not binding on LARUSSO.

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that '(a) written agreement for arbitration is the sine qua non of an enforceable arbitration agreement' under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.") As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

**I.    THE R&R INCORRECTLY CONCLUDES THAT THE ARBITRATION PROVISION IN THE PIP CONTRACT AT ISSUE IN THIS CASE IS INVALID SOLELY BECAUSE IT WAS ENTERED INTO BEFORE THE PINNACLE DECISION.**

The R&R correctly concludes that <u>Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.</u>, 753 So. 2d 55 (Fla. 2000) invalidated arbitration clauses contained in PIP Contracts.  The R&R limited the effect of <u>Pinnacle</u> to PIP Contracts entered into before the <u>Pinnacle</u> decision.  However, based on the clear language of <u>Pinnacle</u>, the Florida Supreme Court struck down all arbitration provisions which restrict a healthcare provider's rights.  As the Court held in <u>Pinnacle</u>:

> An objective of Florida's Motor Vehicle No-Fault Law was to provide persons injured in an action with prompt payment of benefits.  Similarly, the legislative objective of section 627.428(1), Florida Statutes, which provides for an award of attorneys' fees against insurers who wrongfully deny benefits, was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorneys' fees when they are compelled to sue to enforce their insurance contracts.  Section 627.736(5) replaces section 627.428(1) attorney fees with an award of attorney fees based on who was the "prevailing party" at arbitration.  <u>Under section 627.736(5), medical provider - assignees are subject to attorney fees, while insureds suing to enforce the exact same contract enjoy the one-way imposition of attorneys' fees against insurers provided in Section 627.428(1)</u>.  This distinction does nothing to further the prompt payment of benefits or to discourage insurers' denial of valid claims.  The effect of the attorney-fee provision in Section 627.736(5) is to further delay insureds from receiving medical benefits by encouraging medical providers to require payment from insureds at the time the services are rendered rather than risk having to collect through arbitration.  Thus, <u>the prevailing party attorney-fee provision of Section 627.736(5) arbitrarily distinguishes between medical providers and insureds, violating medical providers' due process rights</u>, and is unconstitutional under article I, section 9 of Florida's Constitution.

<u>Id</u>. at 59 (citations omitted) (emphasis added).

A PIP Contract is entered into between an insured and an insurance company. The healthcare provider is not a party to the PIP Contract.  Healthcare providers have no part in negotiating the terms of the PIP Contract.  Accordingly, if insurance companies are able to place onerous arbitration

7090-00100 339219.1                                4



provisions in PIP Contract that are binding only when a healthcare provider seeks compensation for

services provided, the entire holding in Pinnacle would be meaningless.  In this case, FARM

BUREAU's PIP Contract contains the following arbitration provision:

> Arbitration
>
> If a provider of medical services or supplies has agreed to accept assignment of
> personal injury protection benefits:
>
> 1.      Any claims dispute, involving medical expenses, between that provider and
> us shall be subject to binding arbitration in accordance with the Florida
> Arbitration Code.
>
> 2.      The prevailing party shall be entitled to attorney's fees and costs.

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment

of benefits.  Section 627.736(5) did not, by itself, require arbitration.  Section 627.736(5) required

insurers to include an arbitration provision in all contracts binding any person providing medical

services if that person has agreed to accept an assignment of personal injury protection benefits.  The

Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical

providers.  As the Court stated:

> We agree with the Fifth District that the mandatory arbitration provision of section
> 627.736(5) is unconstitutional.  However, we reach this conclusion by finding that
> the provision violates the right of medical providers to access to courts provided
> under article I, section 21 of the Florida Constitution. We also find that the attorney-
> fee provision of section 627.736(5) violates the due process rights of medical
> providers in violation of article I, section 9 of the Florida Constitution.

Pinnacle, 753 So. 2d at 57 (emphasis added).  Since the Florida Supreme Court found that the

arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of

medical providers, the contractual provision in the FARM BUREAU policy is likewise



unconstitutional whether it was entered into before or after Pinnacle. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts." Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the FARM BUREAU PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. Pinnacle.

The FARM BUREAU arbitration provision impermissibly provides for prevailing party attorney fees. This provision was found to be unconstitutional in Pinnacle. The arbitration provision violates the rights of healthcare providers to access to courts and is unconstitutional in that it requires arbitration in violation of article I, section 21 of the Florida Constitution. Pinnacle, 753 So. 2d 55. The FARM BUREAU arbitration provision is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it impermissibly modifies the statutory fee-shifting provisions of Section 627.736. Id . The fact that the PIP Contract was entered into by an insured and FARM BUREAU prior to the holding Pinnacle does not change the fact that the arbitration provision contained therein is unconstitutional and void.

## II.    THE R&R INCORRECTLY FINDS THAT THE ARBITRATION PROVISION CAN BIND AN ASSIGNEE.

The R&R concludes that the assignment of benefits to the healthcare provider binds the healthcare provider to the arbitration clause contained in the PIP Contract. However, since FARM BUREAU could not compel its insured to arbitrate these claims, LARUSSO, as the assignee, cannot be compelled to arbitrate the claims.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

"Arbitration agreements are personal covenants usually binding only upon parties to the covenant." Federated Title Insurers, Inc. v. Ward, 538 So. 2d 890 (Fla. 4th DCA 1989); Karlen v. Golf & Western Indus., Inc., 336 So. 2d 461 (Fla. 3d DCA 1976). The FARM BUREAU policy does not contain a personal covenant on the part of the insured to arbitrate personal injury protection claim disputes. The provision instead purportedly requires unknown assignees to arbitrate claims. There is no written agreement between FARM BUREAU and LARUSSO requiring LARUSSO to arbitrate such claims. Accordingly, there is no basis to assert that LARUSSO's claims are subject to arbitration.

There is no arbitration agreement between FARM BUREAU and its insured. LARUSSO, as the insured's assignee "surely is in no worse position that its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. and Surety Co., 276 F. Supp. 791, 793 (S.D.N.Y. 1967). Thus, if FARM BUREAU's insured desired to assert a claim against FARM BUREAU for its failure to pay PIP benefits, the insured would be entitled to assert those claims in Court. A healthcare provider that receives an assignment "stands in the shoes" of an assignor-insured. Since the FARM BUREAU assignor-insured cannot be compelled to arbitrate, the healthcare provider similarly cannot be compelled to arbitrate. Otherwise, additional conditions and penalties are imposed upon an assignee which are not imposed on the assignor. For example, an assignment of benefits does not require the healthcare provider to subsequently make premium payments required under the policy. Those obligations remain obligations of the insured since only the benefits were assigned. Further, if a healthcare provider assigns the rights back to the insured,

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

the insured would not be required to arbitrate.  Based upon the foregoing, FARM BUREAU cannot assert that the assignment of benefits requires arbitration.

This precise issue was addressed in <u>Pinnacle</u>.  In <u>Pinnacle</u>, the healthcare provider brought its claim as the assignee of benefits from an insured.  The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider.  The policy did not require the same claims to be arbitrated if they were brought by the insured.  The insurance company asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration.  The Florida Supreme Court rejected this position.  As the court stated:

> In the instant case, <u>there is no voluntary agreement to arbitrate</u> between medical providers and PIP insurers. <u>Medical providers are forced to arbitrate</u> by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

<u>Id</u>. at 58 n. 4 (emphasis added).  Accordingly, as the Court squarely held in <u>Pinnacle</u>, a contractual provision entered into between an insured and insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claims.

There is no contract between LARUSSO and his patient to arbitrate claims.  There is no contract between LARUSSO and FARM BUREAU to arbitrate claims.  There is no contract between FARM BUREAU's insured and FARM BUREAU to arbitrate claims.  LARUSSO cannot be forced to arbitrate based on the terms of an agreement entered into between a FARM BUREAU insured and FARM BUREAU, to which the assignor-insured is not subject.  <u>Id</u>.  Accordingly, the arbitration

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

provision contained in the FARM BUREAU PIP Contract provides no basis to compel arbitration against LARUSSO.

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order determining that the claims asserted in this action are not subject to arbitration, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By:_____
    JAN DOUGLAS ATLAS
    Florida Bar No. 226246


By:_____
    ERIC LEE
    Florida Bar No. 961299


By:_____
    ROBIN CORWIN CAMPBELL
    Florida Bar No. 327931



CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this __28th__ day of November, 2001 upon: all individuals on the attached service list.

_____
ERIC LEE

7090-00100 339219.1                          10

