UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly
situated,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and all
others similarly situated,

    Plaintiff,

v.                             CASE NO: 01-8108-CV-Ferguson/Snow

NATIONWIDE MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/



**NATIONWIDE MUTUAL INSURANCE COMPANY'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION
TO COMPEL ARBITRATION AND MOTION TO DISMISS (D.E. 225)**

COMES NOW, the Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY (hereinafter referred to as NATIONWIDE) by and through undersigned counsel and files its Reply Memorandum in Support of its Motion to Compel Arbitration and Motion to Dismiss and states as follows:

The Plaintiff, Salvatore D. LaRusso, D.C. d/b/a Family Chiropractic Center ("LaRusso") filed a Memorandum Opposing Nationwide's Motion to Compel Arbitration and to Dismiss. In that Memorandum, Plaintiff raised three arguments:

1. LaRusso's claims are not subject to arbitration because he is an assignee of Nationwide's named insured;

2. Nationwide waived its right to compel arbitration; and

3. Nationwide's Motion to Dismiss was already heard.

Nationwide shall briefly address each argument in separate paragraphs below.

**1.    LaRusso's Status as Assignee is Irrelevant to the Arbitration Clause**

As LaRusso acknowledges, Nationwide seeks to compel arbitration under the contract which LaRusso signed with the Beech Street Corporation. (Plaintiff's Memorandum in Opposition at p.4.) LaRusso does not deny the existence of the arbitration clause, but rather states that "since the Nationwide insured cannot be compelled to arbitrate the claims asserted in this action, LaRusso cannot be compelled to arbitrate the same claims." (Plaintiff's Memorandum in Opposition at p.5.) LaRusso signed an agreement with the Beech Street Corporation which contained an arbitration clause; Nationwide's insured did not.

LaRusso's complaint is centered upon a single issue: Whether Florida law prohibits Nationwide from paying his bills at a preferred provider (PPO) rate.[1] LaRusso acknowledges

---

[1]    Specifically, LaRusso proposes to represent a class of "others similarly situated" defined as follows:
all Florida health care providers whose bills for medical services rendered to patients covered by NATIONWIDE's personal injury protection automobile insurance policies were discounted by NATIONWIDE based upon a purported Beech Street Services, Inc. Preferred Provider Organization reduction.
(Amended Complaint at ¶ 77.)

2

that he and Nationwide contracted with the Beech Street Corporation. (Amended Complaint at ¶¶ 43-49.) LaRusso does not deny that the arbitration clause within his PPO contract with Beech Street requires arbitration of any and all disputes under the PPO arrangement.[2] The fact that Nationwide's insured did not sign LaRusso's PPO contract is irrelevant.

LaRusso also argues that Nationwide is not a "payor" under his contract with Beech Street. That contract, which was attached as Exhibit "A" to Nationwide's Motion to Compel Arbitration, defines "payor" as "an employer, **insurance carrier**, third party administrator . . .." (Preferred Provider Agreement at Article I, ¶ 1.5 (emphasis added).) LaRusso acknowledges that Nationwide is an insurance carrier. (Amended Complaint at ¶ 2.) Accordingly, Nationwide is a "payor" under LaRusso's PPO contract and a third party beneficiary of that contract capable of enforcing its arbitration provision.

## 2. Nationwide Did Not Waive Its Right to Compel Arbitration

LaRusso argues that Nationwide waived its right to compel arbitration by litigating identical issues in state court in totally unrelated cases. (Plaintiff's Memorandum in Opposition at pp.7-9.) However, LaRusso fails to allege facts which support a waiver of arbitration in this or any other Court. Nationwide promptly raised its right to arbitrate in this case. Further, the issues and substantive rights in this case are different than those cited by the Plaintiff.

Waiver of arbitration is not to be lightly inferred. See PPG Industries, Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 107 (2d Cir. 1997); Com-Tech Associates v. Computer Associates, Intern., Inc., 938 F.2d 1574 (2d Cir.1991). Federal policy strongly favors arbitration

---

[2] It should be noted that in the other cases where the Court has addressed the arbitration issue – Florida Farm Bureau and Prudential Property and Casualty – the Report and Recommendation referred to an arbitration clause in the insured's policy, not the PPO contract, which is the case here.

3

as an alternative means of dispute resolution. See <u>Doctor's Assocs., Inc. v Distajo</u>, 107 F.3d 126, 130 (2d Cir. 1997)(citations omitted). This preference for arbitration "[has] led to its corollary that any doubts concerning whether there has been a waiver are resolved in favor of arbitration." <u>Leadertex Inc. v. Morganton Dying & Finishing Co.</u>, 67 F.3d 20, 25 (2nd Cir. 1995)(citing <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941-42, 74 L.Ed.2d 765 (1983)). There must be a showing of substantial prejudice to the other party to justify a finding of a waiver. <u>PPG Indus.</u>, 128 F.3d at 107; <u>Adams v. Merrill Lynch, Pierce, Fenner & Smith</u>, 817 F.2d 250 (4th Cir.1989).

Therefore, "in determining whether [a party] has waived its right to arbitration, [the Court] will consider such factors as (1) the time elapsed from the commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice." <u>PPG Indus.</u>, 128 F.3d at 107. "There is no bright-line rule, however, for determining when a party has waived its right to arbitration: the determination of waiver depends on the particular facts of each case." <u>Id.</u> at 107-08. LaRusso fails to allege that the time elapsed or the amount of litigation in the various county courts supports waiver. In fact, the county court and small claims court cases mentioned on the Plaintiff were all filed in 2001. More importantly, LaRusso fails to provide any "proof of prejudice" as required by the cases cited in his Memorandum in Opposition. It seems incomprehensible how Nationwide's decision to proceed in state court cases not involving the Plaintiff could prejudice him in this case.

"Different claims may arise from a common factual basis, and that in one claim, a party may wish to waive arbitration while preserving that right in the other." <u>Grumhaus v. Comerica Secs., Inc.</u>, 223 F.3d 648 (7th Cir. 2000). LaRusso claims that Nationwide waived its right to

arbitrate this case by defending three unrelated county court and small claims cases, all filed in 2001. In the instant matter, LaRusso proposes to represent a class of individuals suing for "hundreds of thousands" of claims resulting in "millions of dollars of medical bills." (Amended Complaint at ¶¶ 39 & 42.) Nationwide's election to defend short-lived county court and small claims cases should not be interpreted as a waiver of its right to arbitrate the instant suit. The allegations and substantive rights, not to mention the dollar amounts allegedly involved, remarkably differentiate the instant suit from those county and small claims cases. Nationwide's actions in these other cases fails to establish wavier in this case.

### 3.     The Court Did Not Rule On Nationwide's Motion to Dismiss

LaRusso argues that the Court has previously denied Nationwide's Motion to Dismiss; implying that Nationwide is attempting a second bite at the apple. (Plaintiff's Memorandum in Opposition at heading III and p.12.) The Motion to Dismiss to which the Plaintiff refers was filed on behalf of Nationwide Insurance Company of America (NICOA). This Court never ruled upon NICOA's Motion to Dismiss. In fact, NICOA is not even a defendant in this action. The Plaintiff filed the instant Amended Complaint on October 10, 2001 against Nationwide Mutual Insurance Company. Nationwide Mutual Insurance Company's pending Motion to Dismiss, though substantially similar, raises new arguments, drops moot points and has not been addressed by this Court. Carefully reading LaRusso's Memorandum in Opposition, it becomes clear that this Court did not rule upon Nationwide's Motion to Dismiss, but instead denied Motions from Liberty Mutual, Allstate and Progressive. (Plaintiff's Memorandum in Opposition at p.12.)

Finally, Plaintiff attaches to his Opposition Memorandum, an exhibit which would support his alleged standing to sue Nationwide as an assignee of benefits. (Plaintiff's

5

Memorandum in Opposition at p.5 and note 1.) This information was not included in the four corners of the complaint and therefore should not be considered by the Court in reviewing Nationwide's pending motion to dismiss.

Respectfully submitted,

FOWLER WHITE BOGGS AND BANKER, P.A.
Post Office Box 1438
Tampa, Florida 33601
813/228-7411
813/229-8313 (telecopier)
Trial Counsel for Defendant

_Katherine C Lake_
W. Donald Cox, FBN 096535
Katherine C. Lake, FBN 066941

and

James C. Haggerty
Swartz, Campbell & Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA 19103
215/564-5190
215/299-4301 (telecopier)

CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing to be served by U.S. Mail this 26th day of November, 2001, to the persons on the attached service list.

_Katherine C Lake_
Attorney

6

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394

(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile


**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000

(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036

(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile