IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

NOV 29 2001

CLER...  USD...

DR. PAUL ZIDEL, and all others similarly     )
situated,                                     )
                                              )
            Plaintiffs,                       )
                                              )
v.                                            )
                                              )
ALLSTATE INSURANCE COMPANY,                   )
                                              )
            Defendant.                        )
_____)

**DEFENDANTS ALLSTATE AND OTHERS' REPLY IN SUPPORT OF THEIR
MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY**

Defendants, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON) and

Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON) (collectively "Allstate"),

Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON), Fidelity and Casualty

Company of New York (Case No. 01-6779-CIV-FERGUSON) and Continental Insurance

Company (Case No. 01-6779-CIV-FERGUSON) (all collectively referred to as the "Movants"),

reply in support of their Motion for Protective Order and Stay of Discovery ("Motion for

Protective Order") as follows:

In responding to the Motion for Protective Order, plaintiffs utterly ignore the cogent

reasons supporting Movants' requests for stays of discovery. Instead, plaintiffs' argue that

Movants have waived any right to complain about any discovery issues. At all times before and

after the entry of the Omnibus Order on September 28, 2001, Movants, along with the other

defendants in the consolidated cases, have continued to seek appropriate limitations, controls and

scheduling regarding discovery in these matters. Nothing they have done has even remotely

suggested a knowing, voluntary relinquishment of their rights to seek such relief on those issues from the Court. Further, plaintiffs assert that this is merely a single set of discovery which is not the proper subject of a protective order. Plaintiffs, however, ignore Allstate's timely filed objections stating that the discovery requests and 39 noticed depositions are, *inter alia*, overly broad, unduly burdensome, and invade work product and attorney client privileges. In such circumstances, Movants' request for a protective order is absolutely appropriate.

At the heart of Movants' requests for stays of discovery is the unwieldy and disorganized status of the 15 currently-consolidated class actions for which no realistic, comprehensive scheduling order has been entered. The compelling reasons for seeking this Court's relief in the form of appropriate and orderly scheduling and sequencing of proceedings and discovery are set forth in Movants' (and others') pending motions for reconsideration and clarification of the September 28, 2001 Order ("Omnibus Order").[1]

The pendency of the several motions for reconsideration of the consolidation of these cases alone calls for a stay of discovery. Because plaintiffs apparently are seeking to use the vehicle of consolidation to permit use of evidence and testimony from some cases against defendants in other cases,[2] in the event consolidation were reconsidered and thereafter denied, any consolidated discovery permitted in the interim would waste judicial resources and might well result in prejudice to the affected defendants.

Plaintiffs sought the combination of these 15 different matters for treatment as a whole. Having obtaining the result they sought, they cannot now justifiably complain that issues which

---

[1] Movants incorporate the arguments set forth in their Motion for Clarification of Case Management and Scheduling Issues.

[2] If this were not the case, there obviously would have been no reason for the consolidation which plaintiffs sought.

affect any of the 15 cases must now be considered in light of the interests of all of the defendants in all cases. Complicated issues of confidentiality as well as complex issues surrounding coordination of schedules for dozens of parties and their attorneys will require substantial labor and expense for the parties. Yet, if consolidation is reconsidered and then denied, such costs and expenses would have been utterly wasted. Thus, for the sake of cost-effective and efficient litigation, a stay of all discovery until such time as the motions for reconsideration of consolidation are resolved is appropriate. Plaintiffs have not provided any argument to the contrary.

A more compelling example of the need for complete determination of preliminary matters before hundreds of hours are spent by dozens of attorneys on written discovery and in numerous depositions is presented by the pending motions to stay discovery pending arbitration. Plaintiffs' complaint that the Movants have not sought to compel arbitration is misleading. First, in the Zidel case, defendant CCN has moved to compel arbitration and defendant Allstate Insurance Company has joined in that motion.[3] Indeed, since all of these cases have been consolidated for discovery purposes, forcing any defendants to proceed with litigation in court while others seek arbitration undercuts the public policy favoring arbitration. Due to the consolidated nature of these matters (which plaintiffs sought), defendants who seek to arbitrate their cases will of necessity be forced to participate in the court proceedings in order to protect their interests which may be otherwise affected by these consolidated proceedings. The parties

---

[3] CCN seeks to arbitrate contractual issues between itself and Zidel which underlie Zidel's claims against Allstate. Forcing Allstate to proceed in this litigation without waiting for enforcement of CCN's right to arbitration will, in effect, cause litigation of the issues to be arbitrated in court, undercutting the clear public policy favoring enforcement of arbitration rights and risking inconsistent results to the parties regarding the same contracts, events and transactions.

3

to these consolidated proceedings must be entitled to conduct all proceedings on the same schedule through the discovery process and other proceedings in this Court. Accordingly the requested stays pending determination of pending arbitration motions are appropriate and should be granted.[4]

  Plaintiffs' red herrings ignore the following substantive points raised:

   1) a determination that arbitrable issues exist necessitates a stay which applies to all aspects of the consolidated cases, including discovery;

   2) it would be inappropriate to require defendants who may be entitled to arbitration to proceed with discovery, while their motions to compel remain pending (or while they are arbitrating their claims);

   3) it would defeat the purpose of consolidation to exclude those defendants from the proceedings until their motions were denied, and then thrust them back into the case, necessitating duplicative proceedings; and

   4) it would defeat the purpose of consolidation to have some cases in arbitration while the others proceeded through discovery, only to have the arbitrated cases brought back in as to non-arbitrable issues, again necessitating duplicative proceedings.

The only solution to the issues raised by Movants is a stay of discovery pending the resolution of the motions to compel arbitration.

---

[4] Plaintiffs' reliance on the fact that the Court's Omnibus Order lifted all discovery stays also misses the point. Those stays were put in place pending the resolution of various motions to dismiss. Nothing in the Omnibus Order indicates that the Court even considered any issues pertaining to the pending motions to compel arbitration. Thus, the issue regarding discovery stays pending arbitration do not involve reconsideration of the Omnibus Order by way of this Motion for Protective Order.

Alternatively, Movants seek to limit any discovery permitted to the issue of class certification. As with the other issues raised in the Motion for Protective Order, plaintiffs fail to address the merits of Movants' position. Plaintiffs fail to recognize the distinction made by the law between class and merits discovery and do not even discuss the authorities cited by Movants which recognize that discovery on the merits of a class plaintiff's claim should be postponed until after a decision on a motion for certification.[5] Based on these unchallenged principle, in the event this Court is not willing to stay all discovery, at a minimum it should limit discovery to issues raised by the motions for class certification.

WHEREFORE, Defendants, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York, and Continental Insurance Company, for all of the reasons stated herein and in their Motion for Protective Order, respectfully request that this Court enter a protective order with respect to the written discovery served by plaintiffs and the 39 depositions noticed.

---

[5] Plaintiffs do not claim that their written discovery and deposition notices are limited to class issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this _29th_ day of November, 2001.


PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Allstate Insurance Company
Allstate Indemnity Company
Deerbrook Insurance Company
Fidelity and Casualty Company of New York
and Continental Insurance Company

637957

DAVID B. SHELTON
Florida Bar No. 0710539
DARRYL L. GAVIN
Florida Bar No. 0705195
Rumberger, Kirk & Caldwell
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate Insurance Company
Allstate Indemnity Company
Deerbrook Insurance Company
Fidelity and Casualty Company of New York
and Continental Insurance Company

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esquire
Eric Lee, Esquire
Robin Corwin Campbell, Esquire
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
William E. Adams, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021