IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CASE NO. 00-6061-CIV-FERGUSON/SNOW (Consolidated)**
**Referred to Magistrate Judge Snow**

THE CHIROPRACTIC CENTRE, INC.,
On behalf of itself and all others
similarly situated,

     Plaintiff,

v.

SUPERIOR INSURANCE COMPANY,

     Defendant.

_____/



## SUPERIOR INSURANCE COMPANY'S EMERGENCY
## MOTION FOR PROTECTIVE ORDER

1.     On October 23, 2001, Plaintiffs' counsel served a notice of taking twenty-three (23) corporate representative depositions to be held on the fifteen consolidated cases. Superior Insurance Company's corporate representative was included within the depositions scheduled.

2.     The notice of taking corporate depositions includes six topic areas, five (5) of which clearly relate to the merits of Plaintiffs' action against Superior Insurance Company.[1]

_____

[1]Specifically, the topics listed in Plaintiffs' Notice of Taking Corporate Depositions are as follows:

    1.    Defendant's solicitation by, discussions with, and agreements with any PPO;

    2.    Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;

    3.    The Defendant's automobile insurance policies;

    4.    The processing of personal injury protection benefits claims at reduced or preferred provider rates;

    5.    Any negotiations or discussions with held care providers,

3.      In the fifteen consolidated cases, numerous motions have been filed by the various defendants (1) for the entry of protective orders, (2) to stay discovery pending motions to compel arbitration, (3) to stay discovery pending motions to dismiss, (4) to stay merits discovery pending class discovery and certification of a class in each case, (5) for clarification of the Court's previous consolidation and scheduling orders, and (6) for a revised scheduling order reflecting the complexity of these actions and the difference in procedural postures of the various cases.  The current state of affairs is procedural chaos.

4.      In the instant above-styled action, Superior Insurance Company filed the following motions, which remain pending:

- Superior's Motion to Dismiss
- Superior's Motion to Stay Discovery
- Superior's Motion for Clarification of Class Certification Discovery and Response Date

5.      Superior's Motion to Dismiss attacks Plaintiffs' Complaint not only based on its failure to State a cause of action upon which relief may be granted, but also asserting the lack of subject matter jurisdiction in this Federal tribunal.   In light of the pending motions, this Court should enter a protective order. The entry of a protective order would not only avert oppression of Superior Insurance Company while its various motions are pending, but also protect privileges and serve the interests of judicial economy.

---

relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

6.      Any agreements the Defendant entered into with healthcare providers relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

2

## Basis for Emergency Relief

6.      The deposition of Superior Insurance Company pursuant to Federal Rule of Civil Procedure 30(b)(6) is currently scheduled to be held on December 20, 2001.

7.      Based on the procedural posture of not only Superior's pending motions, but also the uncertainty and confusion in all of the fifteen consolidated cases, Superior Insurance Company would be forced to attend the deposition, but terminate it early if a protective order is not entered in advance. *See Federal Rule of Civil Procedure 30(d)(4).* Of course, this would be a waste of both time and expense for the litigants, ultimately requiring consideration by this Court anyway.

8.      This emergency motion for a protective order is not interposed merely to delay these proceedings, but rather for the benefit of judicial economy, conservation of the respective litigants' resources, and in a good faith effort to bring clarity to the multiple issues outstanding.

9.      Moreover, a deposition of Superior Insurance Company's corporate representative at this juncture without the entry of a confidentiality order would be highly unproductive. Plaintiffs have moved for the entry of a confidentiality order. In one of the consolidated cases, CCN filed a motion for entry of a different confidentiality order. No confidentiality order has been entered to date. The very nature of consolidating fifteen different cases in which multiple insurance industry competitors have been sued, requires protection of the trade secrets developed by each defendant. Without entry of a confidentiality order, the Rule 30(b)(6) deposition of Superior Insurance Company would be met with objections and instructions not to answer based on trade secret privileges.

3

Clearly, this would not be in the ultimate interests of Plaintiffs, Defendant, or efficiency of judicial administration.

WHEREFORE, Superior Insurance Company respectfully requests that this Court enter a protective order on an expedited basis, to preclude the December 20, 2001 deposition of its corporate representative.

## MEMORANDUM OF LAW

In *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353 (11th Cir. 1997), the Eleventh Circuit Court of Appeals recognized that allowing discovery to proceed while a motion to dismiss is pending would be premature.  In *Chudasama*, the Eleventh Circuit held:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.  Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.  For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.  Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama*, 123 F. 3d at 1368.  Moreover, discovery in connection with the issues of certification should proceed before this deposition requesting an inquiry on the merits. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d 1566, 1570 (11 Cir. 1992); *See also In Re: Polypropylene Carpet and Interest Litigation*, 178 F.R.D. 603 (N.D. Ga.

4

1997); *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272 (D. Conn. 1980); *Karan v. Nabisco, Inc.*, 78 F.R.D. 380 (W.D. Ga. 1978).

Federal Rule of Civil Procedure 26(c) specifically allows for a protective order to prevent oppression or undue burden and expense, and to protect trade secret and other confidential research, development, or commercial information. Superior Insurance Company respectfully submits that the current procedural posture of this case warrants entry of an emergency protective order to preclude, or at least postpone, the corporate representative deposition of Superior Insurance Company.

## CERTIFICATE OF CONFERRAL

Counsel for Superior Insurance Company has conferred with counsel for Plaintiffs in an attempt to resolve this discovery dispute. Plaintiffs' counsel refused to postpone the deposition while the various other motions referenced herein are pending.

Respectfully submitted,

BUTLER BURNETTE PAPPAS LLP

ALAN J. NISBERG, ESQ.
Florida Bar No.: 0961639
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607-5946
Telephone:    (813) 281-1900
Facsimile:    (813) 281-0900
Attorneys for Defendant

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to all parties on the Master Service List on December 5 , 2001.

Alan J. Nisberg, Esq.

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 11/13/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile