UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a    00-7692
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

    Defendants.
_____/

**NIGHT BOX FILED**
**DEC -7 2001**

### LIBERTY MUTUAL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL LIBERTY MUTUAL TO ATTEND DEPOSITIONS AND FOR SANCTIONS

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiff's Motion to Compel Liberty

MI731036;1    1



Mutual to Attend Depositions and for Sanctions. Plaintiff is attempting to derive strategic advantage from the procedural confusion of this case. Moreover, Liberty Mutual's efforts to obtain immediate relief from this Court have been in the utmost good faith and the result of Liberty Mutual's genuine need for the assistance of the Court to protect its legitimate proprietary interests in the face of the sweeping discovery that Plaintiff seeks and to assure order in the proceedings, including the assurance that it (and other defendants) are not exposed to multiple depositions in this increasingly convoluted and complex lawsuit. In further support, Liberty Mutual states as follows.

On September 28, 2001, this Court issued several orders in this case, including an Omnibus Order, wherein the Court consolidated fifteen distinct PPO reduction actions filed against various insurers. Since that time, numerous motions pertaining to very basic, threshold questions have been filed, including motions to compel arbitration, motions for reconsideration of the Court's consolidation order, motions for entry of a confidentiality order, and motions to stay discovery. Although this Court has issued a Report and Recommendation with regard to the arbitration issue (to which all parties involved have filed objections to the District Judge), the remaining motions, including the critical motion for entry of a confidentiality order, have not yet been resolved, thus resulting in a highly unsettled procedural posture for the case and, should deposition discovery proceed, a genuine danger of forcing parties to disclose confidential, highly sensitive business information without adequate protection.

Notwithstanding the pending, unresolved threshold questions still to be resolved, including confidentiality, on October 23, 2001, Plaintiff served a Notice of Taking Corporate Depositions, which set numerous 30(b)(6) depositions for the various defendants in these consolidated cases,

including a deposition of Liberty Mutual scheduled for November 16, 2001. Soon after receiving the notice of deposition, undersigned counsel contacted counsel for plaintiff and stated:

> Based on the motion to stay and motion for reconsideration Liberty has filed, we would like to postpone the depositions of the Liberty corporate representative(s) you have set for next Friday until such time as the Court has had the opportunity to rule on those motions (including the pending motion for entry of confidentiality order). Please advise if you will agree to postpone the depositions. If not, we will be filing an Emergency Motion for Protective Order.

See Exhibit A, E-mail from Mark S. Shapiro to Eric Lee, dated November 6, 2001. Liberty Mutual then served its Emergency Motion for Protective Order ("Emergency Motion"). In the Emergency Motion, Liberty Mutual sought relief from the Court on three principal grounds: 1) the pending motions, including Liberty Mutual's pending Motion to Stay Discovery and Motion for Reconsideration, should be resolved prior to commencement of discovery; 2) a confidentiality order should be entered prior to Liberty Mutual's deposition (assuming the Court did not reconsider the consolidation of the instant cases); and 3) a semblance of organization should be established and all cases placed on the same procedural track. Plaintiff did not file a response to the Emergency Motion until November 15, 2001.

On November 13, 2001, three days prior to the scheduled deposition, Liberty Mutual forwarded to all counsel, including plaintiff's counsel, a letter which indicated that Liberty Mutual did not intend to present a witness at deposition absent an order denying Liberty Mutual's Emergency Motion. See Exhibit B. Despite Liberty Mutual's Emergency Motion and its request that Plaintiff postpone the deposition, Plaintiff refused to do so. To date, the Court has not ruled on the Emergency Motion.[1]

---

[1] Indeed, each of the defendants whose depositions have been scheduled to occur thus far has either arranged to have the deposition postponed or has filed its own Emergency Motion for

Plaintiff characterizes the actions of Liberty Mutual and the other defendants as being in "utter contempt." Such a characterization is entirely inappropriate. Contrary to Plaintiff's assertion, Liberty Mutual, and the other defendants in these related cases, have repeatedly solicited the direction of the Court to resolve basic, threshold issues that must be resolved before this case can proceed in an organized fashion without endangering highly sensitive and confidential information. Although Plaintiff may ultimately have the right to seek certain discovery from Liberty Mutual and the other defendants, Plaintiff's requests are entirely premature under the circumstances.

Plaintiff further attempts to persuade this Court that it should enter sanctions against Liberty Mutual. Such a request is without support in the context of this case. Plaintiff cites to Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979); Goodwin v. City of Boston, 118 F.R.D. 297 (D. Mass. 1988); and U.S. v. One Lot of U.S. Currency, 628 F. Supp. 1473 (S.D. Fla. 1986).[2] These cases are distinguishable from the instant matter. At the outset, none of these cases entailed a situation, like in this case, which involved serious confidentiality questions and procedural chaos that could irreparably injure the defendant if the party seeking discovery were permitted to obtain such discovery. Moreover, Goodwin is distinguishable in that the defendant seeking the protective order, unlike Liberty Mutual in this case, did not inform the Court of the emergency nature of the relief that

---

Protective Order, seeking essentially the same relief as Liberty Mutual. See Motions of Beech Street and ADP (filed on or about October 30, 2001), Florida Farm Bureau (filed on or about October 26, 2001), PruPac (filed on or about November 2, 2001), Prudential, Allstate, Deerbrook, Fidelity and Casualty Company and Continental Insurance Company (filed on or about November 2, 2001), and Integon, Metropolitan, and Hartford. None of these motions has been ruled on to date.

[2]Although Plaintiff is seeking sanctions against Liberty Mutual (and certain other defendants), Plaintiff has chosen not to seek sanctions against certain different defendants for the same act of seeking a protective order against the 30(b)(6) depositions at issue. It is not clear why Plaintiff is selectively choosing different remedies against different defendants.

MI731036;1                                           4

it was seeking and did not attempt to coordinate the postponement of the deposition or to otherwise eliminate expenses the plaintiff may incurred. See Goodwin, 118 F.R.D. at 298. Likewise, One Lot of U.S. Currency is distinguishable in that the Court dismissed a party's claim only after the party, who was a fugitive from justice, failed to attend his deposition on three separate occasions without ever seeking a protective order from the court. Under such extreme circumstances, the court found that such sanctions were warranted. See One Lot of U.S. Currency, 628 F. Supp. at 1476-78; see also Hepperle (plaintiff's claim properly dismissed because plaintiff violated three court orders to attend deposition).

Unlike the parties in the cases Plaintiff cites in his motion, Liberty Mutual acted in utmost good faith in attempting to minimize any inconvenience or expense to the parties in conjunction with its decision to await the ruling of the Court pending attendance at the deposition. As explained above, Liberty Mutual informed Plaintiff's counsel of its position that it would not appear at the deposition absent a court order. Plaintiff identifies no costs that it has incurred as a result of Liberty Mutual's decision.

In light of the procedural uncertainty that currently exists in this matter, and Liberty Mutual's good faith effort to protect its rights in the face of Plaintiff's premature and overzealous attempt to secure the deposition of Liberty Mutual, this Court should use its discretion and deny Plaintiff's attempt to sanction Liberty Mutual.

**WHEREFORE,** Liberty Mutual respectfully requests that this Court deny Plaintiff's motion.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
MARK S. SHAPIRO
Florida Bar No.: 894631
mshapiro@akerman.com
GARY J. GUZZI
Florida Bar No.: 159440
gguzzi@akerman.com

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this __7__ day of December, 2001.

_____
Attorney

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619, (312) 920-7241
Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
[illegible email]
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.

SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.

SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com

Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

# EXHIBIT "A"

**From:** Mark Shapiro
**To:** lee@atlaslaw.com
**Date:** 11/6/01 10:10AM
**Subject:** larusso/liberty

Eric- Based on the motion to stay and motion for reconsideration Liberty has filed, we would like to postpone the depositions of the Liberty corporate representative(s) you have set for next Friday until such time as the court has had the opportunity to rule on those motions (including the pending motion for entry of confidentiality order). Please advise if you will agree to postpone the depositions. If not, we will be filing an emergency motion for protective order. Thanks in advance for a quick response.

# EXHIBIT "B"

MI635060;1

# AKERMAN SENTERFITT
ATTORNEYS AT LAW

SunTrust International Center
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131-1714
Phone (305) 374-5600 • Fax (305) 374-5095
http://www.akerman.com

November 13, 2001

**VIA FACSIMILE**

TO ALL COUNSEL

    Re:    **Salvatore D. Larusso, D.C., d/b/a Family Chiropractic Center, etc. v. Liberty Mutual Insurance Co. and Community Care Network, Inc. - U.S. Dist. Ct. Case No. 00-CIV-FERGUSON**

Dear Counsel:

    As you may know, plaintiff has set a 30(b)(6) deposition of Liberty Mutual for Friday, November 16, 2001 in Massachusetts. As you may also know, Liberty Mutual has filed an Emergency Motion for Protective Order with regard to that deposition. To date, we have received no word from the Court as to that motion.

    Please be advised that, for the reasons set forth in Liberty Mutual's Emergency Motion for Protective Order, Liberty Mutual does not intend to present a witness at deposition absent an order denying Liberty Mutual's Motion for Protective Order. Please feel free to contact me should you have any questions.

                          Yours truly,

                          AKERMAN, SENTERFITT & EIDSON, P.A.

                          Mark S. Shapiro

MSS/dl
cc: Nina K. Brown, Esq.

MI727180;1