UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL

 Plaintiff,
v.

ALLSTATE INSURANCE COMPANY

 Defendant/Third-Party Plaintiff,
v.

COMMUNITY CARE NETWORK, INC.,

 Third-Party Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a   CASE NO. 01-8111
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and others similarly situated,

 Plaintiff,
v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

 Defendant.
_____/



**MOTION OF DEFENDANT, HARTFORD INSURANCE COMPANY OF THE MIDWEST, TO COMPEL ARBITRATION, DISMISS THE AMENDED COMPLAINT AND TO STAY DISCOVERY (WITH SUPPORTING MEMORANDUM)**

Defendant, Hartford Insurance Company of the Midwest ("Hartford"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and to the Florida Arbitration Code, Fla. Stat. § 682.01 *et seq.*, moves to compel arbitration, stay or dismiss the action, and stay discovery.

M1735147;1            1

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

## MEMORANDUM OF LAW

### I. INTRODUCTION

This Court should compel arbitration of this dispute pursuant to the strong federal policy in favor of arbitration set forth in the Federal Arbitration Act ("FAA" or the "Act"). Plaintiff Salvatore Larusso ("Larusso"), has asserted claims for non-payment of personal injury protection ("PIP") benefits due under Hartford automobile insurance policies. These policies provide for the arbitration of disputes with medical providers, such as Larusso, concerning PIP benefits. Hartford properly has demanded arbitration as to the claims asserted in this action, and this Court should enforce that demand.

### II. FACTUAL BACKGROUND

1. Larusso filed this proposed class action in May 2001 and served the Amended Class Action Complaint (the "Amended Complaint") on Hartford in October 2001.[1]

2. The five-count Complaint includes a claim for breach of contract brought by Larusso as an alleged third-party beneficiary of Hartford's auto insurance contracts.[2] *See* Amended Complaint ¶¶ 93-100. Larusso claims that he is entitled, under these policies, to direct payment of PIP benefits that otherwise would have been payable to the policyholders. *See* id. ¶¶ 11-12.

3. Attached to the Complaint is an explanation of benefits relating to services

---

[1] Hartford filed a pre-Answer Motion to Dismiss the Amended Complaint in its entirety for failure to state a legal cause of action for which relief can be granted. (D.E. 210, 351) Hartford's Motion to Compel Arbitration goes beyond a threshold challenge to the sufficiency of the Amended Complaint and asks the Court to review the Policy at issue in this Action.

[2] The other four counts allege unjust enrichment, violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, declaratory judgment, and violation of Section 627.736 of the Florida Statutes.

MI735147;1    2

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

rendered by Larusso to Desmond Mahon ("Mahon"). Hartford has filed with the Court a certified copy of Mahon's automobile insurance policy (the "Policy").

4. The PIP section of the Mahon Policy (Part B) contains a mandatory arbitration provision that governs all claims relating to medical benefit claims:

> **ARBITRATION**
>
> If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits:
>
> 1. Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

Policy at 10 (emphasis in original).

## III. ARGUMENT

This Court should direct Larusso to submit his claims to arbitration in accordance with the arbitration clause in the Policy and with the "liberal federal policy favoring arbitration agreements." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000); *accord Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998) (noting the "general federal policy in favor of arbitration"). The Policy's arbitration clause covers the dispute in this case -- a provider's claim to PIP benefits that otherwise would be payable to the insured. Hence, this Court should compel the arbitration of all of Larusso's claims and should dismiss the action.

A. **The Strong Federal Pro-Arbitration Policy Requires the Arbitration of All of Larusso's Claims, Including His Statutory and Third-Party Claims.**

In view of the FAA's strong "pro-arbitration policy," which was reaffirmed just last year by the Supreme Court in *Green Tree*, this Court should compel the arbitration of Larusso's claims. *Randolph v. Green Tree Fin. Corp.*, 244 F.3d 814, 819 (11th Cir. 2001); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (noting that the purpose of the Act is

"to reverse the longstanding judicial hostility to arbitration . . . and to place arbitration agreements upon the same footing as other contracts"); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").[3]

Larusso alleges, among other things, a breach of the PIP portion of the Policy. That portion of the Policy broadly requires "binding arbitration or any claims dispute involving medical benefits." (Policy at 10.) The dispute before the Court concerns Larusso's claims for direct payment of the benefits that Hartford otherwise would pay to policyholders, such as Mahon. These claims -- which involve medical benefits under the Policy -- thus fall squarely within the Hartford arbitration clause. *See* Complaint ¶¶ 7-11 (citing Policy provisions).

The strong federal policy in favor of arbitration applies not only to Larusso's contract claims (Counts I and II), but also to the statutory claims (RICO and Chapter 627) set forth in Counts III and V of the Complaint. *See Green Tree v. Randolph*, 531 U.S. at 89 ("[W]e have recognized that federal statutory claims can be appropriately resolved through arbitration, and we have enforced agreements to arbitrate that involve such claims."); *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 242 (1987) (holding that RICO claims are subject to arbitration under FAA); *In re Managed Care Litig.*, 132 F. Supp. 2d 989, 993 (S.D. Fla. 2000) (ordering arbitration of RICO claims). Because these claims "touch matters" covered by the Policy and the arbitration clause, they too are arbitrable. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.13 (1985); *accord In re Managed Care*, 132 F.

---

[3]   Florida law similarly favors the resolution of disputes through arbitration. *See Rintin Corp., S.A. v. Domar, Ltd.*, 766 So. 2d 407, 409 (Fla. 3d DCA 2000) ("Further, courts are required to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.").

Supp. 2d at 993.

Nor can Larusso avoid arbitration by pointing to his status as an alleged third-party beneficiary of the Policy. Larusso seeks to obtain Policy benefits that otherwise would be due to insureds such as Mahon. Larusso cannot seek to invoke Mahon's rights under his Policy while avoiding his Policy obligations. *See Interpool Ltd. v. Through Transp. Mut. Ins. Ass'n Ltd.*, 635 F. Supp. 1503, 1505 (S.D. Fla. 1985) ("The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'") (citation omitted); *see also MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (noting that third-party beneficiaries are bound by arbitration clause where they seek to assert rights under a contract containing such a clause); *Orion Ins. v. Magnetic Imaging Sys.*, 696 So. 2d 475, 478 (Fla. 3d DCA 1997) ("Because Magnetic is a third party beneficiary of the policy between Orion and its insured, Magnetic is bound by the arbitration provision in that policy."); *Terminix Int'l Co. v. Ponzio*, 693 So. 2d 104, 109 (Fla. 1st DCA. 1997). ("As third party beneficiaries, these additional plaintiffs are bound by the arbitration provision"). Moreover, the arbitration clause at issue expressly states that it covers disputes between Hartford and medical providers, such as Larusso, that seek direct payment of benefits under the Policy.

**B.    The Magistrate's Reports Do Not Invalidate
        the Policy's Mandatory Arbitration Provision**

   **1.    The Magistrate's Reports**

Recently, Magistrate Judge Snow issued Report and Recommendations in two cases -- *Ultra Open MRI Corp. v. Prudential Property and Casualty Insurance Company*, Case No. 01-6778 (the "PruPac Report") and *Larusso v. Florida Farm Bureau Casualty Insurance Co.*, Case No. 01-8110 (the "FFB Report"), concerning motions to compel arbitration. In the *PruPac* and

*FFB* actions, Magistrate Judge Snow found that the respective plaintiff's acceptance of an assignment of rights as a third-party beneficiary binds them to a contractual provision mandating arbitration. *See* PruPac Report at 9; FFB Report at 8-9. Magistrate Judge Snow concluded, however, that while the PruPac claim was subject to arbitration, the FFB arbitration clause was invalidated by the Florida Supreme Court in *Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.*, 753 So. 2d 55 (Fla. 2000). *Pinnacle* struck down as unconstitutional the mandatory arbitration provision of Section 627.736(5) of the Florida Statutes. Id. at 57.

Specifically, Magistrate Judge Snow held that because the PruPac arbitration clause was part of a contract entered into after *Pinnacle* was decided, the clause is "an independent agreement between the parties." PruPac Report at 8. Accordingly, the Court found that the clause was not invalidated by *Pinnacle*. Id. Magistrate Judge Snow invalidated the arbitration clause in the FFB policy, however, based upon the conclusion that *Pinnacle* "struck down all statutorily-mandated arbitration clauses in PIP insurance contracts." FFB Report at 7. Because the FFB contract containing the arbitration clause was entered into prior to *Pinnacle*, Magistrate Judge Snow invalidated the contractual provision and denied FFB's motion to compel arbitration.

2.   ***Pinnacle* Does not Affect Hartford's Contractual Arbitration Provision**

Mahon's contract with Hartford was entered into before the Supreme Court issued *Pinnacle*. Magistrate Judge Snow's analysis in FFB would therefore suggest that the arbitration provision contained in Mahon's insurance contract was invalidated by *Pinnacle*. For a myriad of reasons, Hartford respectfully disagrees with this portion of the FFB Report and instead asserts that the contractual provision mandating arbitration remains enforceable under *Pinnacle*.

*First*, the narrow question presented to the Florida Supreme Court in *Pinnacle* was whether Section 627.736(5) violates the Florida Constitution. *See Delta Casualty Co. v.*

*Pinnacle Med., Inc.*, 721 So. 2d 321, 322 & 325 n.3 (Fla. 5th DCA 1998)(noting that issue presented to appeals court was whether arbitration requirement of Section 627.736(5) violated Florida Constitution; insurance contracts between insureds and their insurance companies not in the record reviewed by appeals court). While the Florida Supreme Court found that the statute's mandatory arbitration provision violated the Florida Constitution, it did not conclude that **contractual provisions** mandating medical provider arbitration were invalid. *See Pinnacle*, 753 So. 2d at 59 ("we affirm the decision of the Fifth District Court of Appeal below and hold to be unconstitutional the portion of section 627.736(5), Florida Statutes, requiring mandatory arbitration for all medical provider assignees"); *see also Livingston v. State Farm Mut. Auto. Ins. Co.*, 774 So. 2d 716 (Fla. 2d DCA 2000)(noting that *Pinnacle* did not address whether a medical provider may have agreed to arbitration when it accepts a contractual assignment).

Indeed, two pre-*Pinnacle* cases found that medical providers were required to arbitrate PIP disputes pursuant to provisions contained in the insurer's contract with its insured. *See Orion Ins. Co. v. Magnetic Imaging Sys., Inc.*, 696 So. 2d 475, 477-78 (Fla. 3d DCA 1997)(finding that contractual language of policy provided basis for arbitration separate and distinct from the statute); *Fortune Ins. Co. v. U.S.A. Diagnostics, Inc.*, 684 So. 2d 208 (Fla. 4th DCA 1996)(reversing order denying motion to compel arbitration of claim by medical provider of failure to pay PIP benefits because language of insurance policy compelled arbitration).

*Second*, an expansion of *Pinnacle* to invalidate contractual arbitration provisions would directly contradict the strong federal policy favoring arbitration set forth in the Federal Arbitration Act ("FAA"). In light of the FAA's strong "pro-arbitration policy," which was reaffirmed last year by the Supreme Court in *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000), this Court should not expand the holding of *Pinnacle* to invalidate independent

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

contractual agreements to arbitrate.

*Third,* Hartford's Florida auto insurance policies have continued to contain a mandatory arbitration provision post-*Pinnacle.* Thus, it would be patently unfair to invalidate an independent contractual provision mandating arbitration merely because a statutory provision was held unconstitutional.

Accordingly, the Court should enforce Larusso's contractual obligation to arbitrate its claims against Hartford.

### C. The Court Should Dismiss the Amended Complaint Because All of Larusso's Claims are Subject to Arbitration

Section 3 of the Federal Arbitration Act permits courts to stay proceedings pending the completion of Arbitration. But the "weight of authority clearly supports dismissal of the case when **all** of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992)(emphasis in original); *see also Fedmet Corp. v. M/V Buyalyk,* 194 F.3d 674, 678-79 (5th Cir. 1999)(dismissing case when all claims subject to arbitration). Since all the claims raised by Larusso involve medical benefits to be paid by Hartford, they all should be submitted to arbitration, and the Court should dismiss the Complaint in its entirety.

### D. All Discovery Should be Stayed Pending Resolution of this Motion and/or Hartford's Motion to Dismiss

The Court is presently considering Hartford's motion to dismiss and motion for reconsideration of the order of consolidation. Because the plaintiffs had outstanding discovery requests when those motions were filed, Hartford moved to stay discovery and stay the time for responding to Larusso's motion for class certification ("Motion to Stay")(D.E. 212). Since filing its Motion to Stay, Larusso has continued to serve Hartford with consolidated discovery requests.

MI735147;1

8

Hartford therefore also has filed a motion for protective order in connection with all pending discovery ("Motion for Protective Order")(D.E. 315).[4] In addition to the reasons set forth in Hartford's motion to stay and motion for protective order, this motion to compel arbitration provides three additional reasons that the Court must stay discovery.

*First*, the Federal Arbitration Act specifically provides for stays pending arbitration. *See* 9 U.S.C. § 3. *Second*, it would be inappropriate for Hartford to participate in discovery in view of its pending arbitration demand. *See Morewitz v. West England Ship Owners Mut. Protection & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995)("Waiver occurs when a party seeking arbitration participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party."). *Third*, it would serve the interests of judicial economy to stay any discovery or other proceedings in this case until the Court has resolved the motion to compel arbitration. As the Eleventh Circuit discussed at length in its hallmark *Chudasama* opinion, discovery imposes significant burdens on both the litigants and the judicial system, so that district courts should strive to resolve motions to dismiss at the outset of litigation "before discovery has begun." *Chudasama v. Mazda Motors Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

This Court should therefore stay all discovery pending the resolution of Hartford's motion to compel arbitration, because if the Court were to grant the motion (or Hartford's motion to dismiss) then Larusso would not be entitled to any discovery.

## IV. **CONCLUSION**

For these reasons, Hartford asks that the Court compel arbitration, dismiss this action and

---

[4] Page 2 of the Motion for Protective Order sets out all discovery pending when that Motion was filed.

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

stay all discovery pending a ruling on this Motion.

        Respectfully submitted,

        Akerman, Senterfitt & Eidson, P.A.
        Counsel for Defendant
        SunTrust International Center, 28th Floor
        One Southeast Third Avenue
        Miami, Florida 33131-1704
        Phone: (305) 374-5600
        Fax: (305) 374-5095
        E-Mail: MAldrich@Akerman.com

        _____
        Marcy Levine Aldrich
          Fla. Bar No. 0968447
        George Volsky
          Fla. Bar No. 203092

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 10th day of December, 2001.

_____
Marcy Levine Aldrich

## SERVICE LIST
*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos. 00-6061 and 01-8111-Civ-Ferguson/Snow) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

RICHARD BOKOR, P.A.

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

Richard Bokor, Esq.
 rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
 fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
 dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
 peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
 TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
 jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

MI713754;1

- 2 -

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
 fanania@anania-law.com
Donald A. Blackwell, Esq.
 dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
 wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
 badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Main Tel: (904) 798-3200
Direct Tel: (904) 798-2615
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
 klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
 haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
  rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
  gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
  mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
  jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
 anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
 kmaus@bbplaw.com
Lauren D. Levy, Esq.
 llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

SHEA & GARDNER
John D. Aldock, Esq.
 jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
 jklein@sheagardner.com
Michael Isenman, Esq.
 misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
 dfriedman@csglaw.com
Brian P. Knight, Esquire
 bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577

MI713754;1                          - 5 -