UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY

     Defendant / Third-Party Plaintff,

v.

COMMUNITY CARE NETWORK, INC.
doing business as CCN

     Third-Party Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a       01-8111
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and others similarly situated,

     Plaintiffs,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

     Defendant.
_____/

## NOTICE OF FILING

    Defendant Hartford Insurance Company of the Midwest ("Hartford") gives notice of the

filing of the attached certified copy of the automobile insurance policy of Desmond Mahon.

MI735148:1

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

Hartford files this policy in support of its motion to compel arbitration of this dispute.

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

Marcy Levine Aldrich
   Fla. Bar No. 0968447
George Volsky
   Fla. Bar No. 203092

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by

U.S. Mail, on all persons on the attached Service List this ___10th___ day of December, 2001.

_____
Marcy Levine Aldrich

MI735148;1

## SERVICE LIST

*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos. 00-6061 and 01-8111-Civ-Ferguson/Snow) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

RICHARD BOKOR, P.A.

Richard Bokor, Esq.
  rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
  fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
  dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
  peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
  TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
  jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

MI713754;1

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
  fanania@anania-law.com
Donald A. Blackwell, Esq.
  dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
  wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
  badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida  32202
Main Tel: (904) 798-3200
Direct Tel: (904) 798-2615
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
  klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
  haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
  rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
  gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
  mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida  33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
  jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
 anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
 kmaus@bbplaw.com
Lauren D. Levy, Esq.
 llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida  32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

SHEA & GARDNER
John D. Aldock, Esq.
 jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
 jklein@sheagardner.com
Michael Isenman, Esq.
 misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
 dfriedman@csglaw.com
Brian P. Knight, Esquire
 bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577



THE
HARTFORD

I, <u>Gregory A. Castleman</u> , certify that the attached is a true and correct

representation of Policy Number <u>55 PH 868763</u> Effective <u>01/15/97</u>

issued by <u>Hartford Insurance Company of the Midwest.</u>

Signature

**STATE OF FLORIDA**

**COUNTY OF HILLSBOROUGH**

Before me personally appeared, <u>Gregory A. Castleman</u>, to me well known and
known to me to be the person described in and who executed the foregoing
instrument, and acknowledge to and before that, <u>Gregory A. Castleman</u>, executed
said instrument for the purposes therein expressed.

**Witness** my hand and official seal, this <u>19th</u> day of <u>October</u> A.D. <u>2001</u>.

Notary Public
State of Florida

My Commission Expires ____



KATIE S. SUTTON
COMMISSION # CC977171
EXPIRES OCT 23 2004
BONDED THROUGH
RLI INSURANCE COMPANY

Southeast Personal Lines
Claim Service Center
2502 Rocky Point Drive
Suite 400
P.O. Box 30773
Tampa, FL 33630-3773
Telephone 813 286 8243
Toll Free 1 800 637 5410



The Company has caused this policy to be signed by its President and a Secretary, but it shall not be binding unless countersigned on the declaration page by a duly authorized agent of the company.

Charles Minor O'Halloran, *Secretary*

Ramani Ayer, *Chairman & CEO*

```
15:36:19                        AARP AUTO INQUIRY
08/13/97  POL #55PH 868763112580
                      ------GENERAL INFO------         AS OF 080897
                                                TCN
        POL #55PH 868763      PROD 112580         REQ CD ROM

        INSD MAHON,DESMOND & WILMA                POLICY PROCESS DT 031496
        ADDR 13546 COLUMBINE AVE                  RATE TABLE DT    080195
        CITY W PALM BEACH              ST FL  ZIP 33414          HBB
                                                                 AARP
              POL                     NC              PAY  HCC PREF
   SUB SHT CO PLAN ST EFF    EXP   TERM INST PF RNST A/C RI STAT LAPSE IND DISC
      MAH G   1  FL 050196 050197  12                 1 A     P            P
   ---TABS---       ORIG        RNL              CHG    TRANS AARP
   ACCT NO    PLAN      POL DT  TX CD CDT   ACT    CH#  EFF DT  DT PROC MEMB
              P1     050186   966       AREN  00         031396       Y
   LTERM T655M14C STATE EXCEPTION N  RSN              REAPP A 0296
   CR  MVR CRT  HO POL # / FORM   COMP POL#   COMBO POL  U/W CRU CLUE  JKT#
                                                                      8183
   PREVIOUS:   POL #        PROD    CO   POL PLAN STATE         ST BOOKLET
             55PH 868763  112580    G     1      FL
                                                       ---TABS---
   FUTURE:    POL #        PROD    SUB  CO POL PLAN   ACCT NO    PLAN
     NR CODE                       P/L QUAL CODE

   AUTO    GARAGE                              ST    ZIP
   AUTO    GARAGE                              ST    ZIP
                      ---LOSS PAYEE/LESSOR INFO---

**** NO LOSS PAYEE INFO FOR THIS POLICY ****
                       ----- AUTO INFO -----
   AUTO                                   VIN DT   N PURCH           MAKE
    # YR MAKE  MDL/BODY     VIN           VER PURCH U PRICE TYPE     CD
    1 90 LINC  TWN CAR SIGNATUR 1LNLM82F8LY625068  A            PP    51
    2 83 CHEV  CAVALIER 4DR     1G1AC69P8DJ199595  A            PP    21
   AUTO RATE       DAYS/MILE CAR       VIN      L MTHM PD  DDC    IPO GS
    #  TERR CLASS    WEEK/WORK POOL USE SYM BYP PERF P LGTH SUR  CR LSR SUR CR
    1  035  33656B              X   WM  C                 N
    2  035  31216B                  P   6                 N
   AUTO ANTI SEAT AIR       FULL ANN  FUTUR -PREVIOUS-- --CURRENT-- INSP
    #  THFT BELT BAG ABS DRL GLASS MLGE MLGE  ODM   DATE ODM   DATE INFO
    1          B   B              11000      056150 0395 066066 0296 INSD # YRS
    2                              2000      078839 0395 079933 0296
                       ----- DRIVER INFO -----

    # NAME              DOB    MS SEX  OCC      LIC #              DT LIC
    1 MAHON,DESMOND     080634 M  M TEACHER    M50016534286
    2 MAHON,WILMA       040633 M  F HOUSEWIFE  M50092033626
   -STATE SPECIFIC-
   DRV P  %  LMT D G DEF   ADV SCH  FR  FR DVR RET 3-YR MVR MVR
   CAR O USE DVR T S DRV DT DDC 100+ SUR NC PTS CR  MVR  CD  AGE IPO ACC CONV SPD
    2 X                                           Y   C   2
    1 X                                           Y   C   2
   # DRIV OVER 5 =    YR PT FR =   TOT SDI =   # ACC =    # CONV =    INEXP PO =
   INCIDENT FREE =    SAFE DRIVERS PLUS =                     SPEED =
```

```
15:36:19                        AARP AUTO INQUIRY
08/13/97  POL #55PH 868763112580
                      ----- DRIVER INFO -----
```

```
   DRIVER    EXT            EXT NON PREMIUMS
     #       NON     BI         PD         MED
     1
```

```
    2
                  AD+D                  AD+D PREM      O/R
    #     I    II   III   IV      I+II       III+IV   VEHS
    1
    2
                     ------------COVERAGES------------

         LIMITS                           PREMIUMS BY AUTO
                                     1              2          3              4
BI      100/ 300            $   319.00  $  180.00  $           $
PD       50                 $   110.00  $   62.00  $           $
MED     10000               $    14.00  $   13.00  $           $
UM    * 100/ 300            $    40.00  $   40.00  $           $
        ADDTL CHG INC LIMITS $   77.00  $   77.00  $           $
   * - (UM LIMITS ARE STACKED   )
PDBUYBACK
NO FAULT      FL FULL INS/HH; WKLS XT PIP
                                         PREMIUMS BY AUTO
                                     1              2          3              4
PIP                        $    83.00  $   83.00  $           $
ADD PIP

INC                     FMLY #
      (BPP   PIP 1 DPD  ------ FOR SYSTEMS USE)
              LIMITS BY AUTO        PREMIUMS BY AUTO
         1     2     3     4      1              2          3              4
NON COLL  100   100         $    64.00  $   16.00  $           $
COLL      100   100         $   222.00  $   66.00  $           $
STA AMT
CUSTOMIZED
NON COLL                    $           $           $           $
COLL                        $           $           $           $
STA AMT
NAC   N

NCRF LOSS RECOUP/ALLOC
NCRF CLEAN RISK RECOUP/ALLOC
              LIMITS BY AUTO        PREMIUMS BY AUTO
         1     2     3     4      1              2          3              4
T & L    25    25           $     4.00  $    4.00  $           $
TAPES ONLY                  $           $           $           $
AUDIO/VISUAL
   EQUIPMENT                $           $           $           $
TRANSP EXP                  $           $           $           $
   TOTAL PREMIUM BY AUTO    $   933.00  $  541.00  $           $

15:36:19                  AARP AUTO INQUIRY
08/13/97  POL #55PH 868763112580
                     ------------COVERAGES------------

   PERSONAL UMBRELLA
   OTHER ENDT PREMIUM
   FULL TERM PREMIUM  $   1474.00    PROPOSED HOMEOWNER ACCT CR

                  ----- ENDORSEMENTS -----
ENDT   A4506 0  A4832 1  A5464 0  A5259 0  A5260 1  A5509 1
ENDT
PREM
ENDT
PREM
PUP
ENDT
                  ----- STAT INFO ----- (STATE = 09)
```

```
VEH SEG2 BI/PD        NA/5217 PRIM $: 319.00 SEC $: 110.00 COMM:      TAX:0966
  1  SEG3 35015021202133656B0351  0633414    20010000300        00050   252  9
     SEG3 11122 9901LNLM82F8L10011040693320112M049500501986                 21
VEH SEG2 MED PAY      NA/5217 PRIM $:  14.00 SEC $:        COMM:      TAX:0966
  1  SEG3 3504   1202133656B0351  0633414    00100                  252  9
     SEG3 11192 9901LNLM82F8L10011040693320112M049500501986                 21
VEH SEG2 UM/UDM       NA/5217 PRIM $: 117.00 SEC $:        COMM:      TAX:0966
  1  SEG3 3511   1202133656B0351  0633414    20010000300        00000   252  9
     SEG3 99999 9901LNLM82F8L10011040693320112M049500501986                 21
VEH SEG2 NO FAULT     NB/5417 PRIM $:  83.00 SEC $:        COMM:      TAX:0966
  1  SEG3 3520   1202133656B0351  0933414    0990101                252  9
     SEG3 11122 9901LNLM82F8L10011040693320112M049500501986                 21
                 ----- STAT INFO ----- (STATE = 09)
VEH SEG2 PHYS DAM     NC/5157 PRIM $:  64.00 SEC $: 222.00 COMM:      TAX:0966
  1  SEG3 35305311202133656B0351    33414    00320100110802010110   252  9
     SEG3 11152 9901LNLM82F8L 0011040693320112M049500501986                 21
VEH SEG2 TOWING       NC/5157 PRIM $:   4.00 SEC $:        COMM:      TAX:0966
  1  SEG3 3530   1202133656B0351    33414    0641    11        000025 252  9
     SEG3 99952 9901LNLM82F8L 0011040693320112M049500501986                 21
VEH SEG2 BI/PD        NA/5217 PRIM $: 180.00 SEC $:  62.00 COMM:      TAX:0966
  2  SEG3 35015021202131216B0351  0633414    20010000300        00050       9
     SEG3 11112 9831G1AC69P8D50002080693410111M089510501986                 22
VEH SEG2 MED PAY      NA/5217 PRIM $:  13.00 SEC $:        COMM:      TAX:0966
  2  SEG3 3504   1202131216B0351  0633414    00100                       9
     SEG3 11192 9831G1AC69P8D50002080693410111M089510501986                 22
                 ----- STAT INFO ----- (STATE = 09)
VEH SEG2 UM/UDM       NA/5217 PRIM $: 117.00 SEC $:        COMM:      TAX:0966
  2  SEG3 3511   1202131216B0351  0633414    20010000300        00000       9
     SEG3 99999 9831G1AC69P8D50002080693410111M089510501986                 22
VEH SEG2 NO FAULT     NB/5417 PRIM $:  83.00 SEC $:        COMM:      TAX:0966
  2  SEG3 3520   1202131216B0351  0933414    0990101                     9
     SEG3 11112 9831G1AC69P8D50002080693410111M089510501986                 22
VEH SEG2 PHYS DAM     NC/5157 PRIM $:  16.00 SEC $:  66.00 COMM:      TAX:0966
  2  SEG3 35305311202131216B0351    33414    00320100060802010060       9
     SEG3 11172 9831G1AC69P8D 0002080693410111M089510501986                 22
VEH SEG2 TOWING       NC/5157 PRIM $:   4.00 SEC $:        COMM:      TAX:0966
  2  SEG3 3530   1202131216B0351    33414    0641    06        000025     9
     SEG3 99992 9831G1AC69P8D 0002080693410111M089510501986                 22
                 ----- STAT INFO ----- (STATE = 09)
     SEG4 SUMMARY SEG   CBAI:11    $: 1474.00              COMM:
```

# PERSONAL AUTO POLICY COVER SHEET - FLORIDA

Your personal auto insurance policy is a legal contract between you and your insurance company.

**READ YOUR POLICY CAREFULLY.** This cover sheet provides only a brief outline of some of the important features of your policy. This is not the insurance contract and only the actual policy provisions will control. The policy itself sets forth, in detail, the rights and obligations of both you and your insurance company. **IT IS THEREFORE IMPORTANT THAT YOU READ YOUR POLICY.**

The following is an index of the major provisions of your policy. Page numbers refer to the location of these provisions in the policy. Amendatory endorsements may be attached to your policy to modify these provisions or provide you with additional coverage(s).

| INDEX OF MAJOR PROVISIONS OF THE POLICY | | Beginning On Page |
|---|---|---|
| **AGREEMENT** | | 1 |
| **DEFINITIONS** | | 1 |
| **PART A**   **LIABILITY COVERAGE** | | 2 |
| Insuring Agreement | Out of State Coverage | |
| Supplementary Payments | Financial Responsibility | |
| Exclusions | Other Insurance | |
| Limit of Liability | | |
| **PART B**   **MEDICAL PAYMENTS/PERSONAL INJURY PROTECTION (NO-FAULT)** | | 4 |
| SECTION I - MEDICAL PAYMENTS COVERAGE | | |
| Insuring Agreement | Limit of Liability | |
| Exclusions | Other Insurance | |
| SECTION II - PERSONAL INJURY PROTECTION COVERAGE | | |
| Schedule | Limit of Liability | |
| Definitions | Other Insurance | |
| Insuring Agreement | Coordination of Military Benefits | |
| Exclusions | | |
| SECTION III - EXTENDED PERSONAL INJURY PROTECTION COVERAGE | | |
| Schedule | Exclusions | |
| Definitions | Limit of Liability | |
| Insuring Agreement | Other Insurance | |
| SECION IV - ADDED PERSONAL INJURY PROTECTION COVERAGE | | |
| Insuring Agreement | Limit of Liability | |
| Exclusions | Other Insurance | |
| **PART C**   **UNINSURED MOTORISTS COVERAGE** | | 16 |
| SECTION I - UNINSURED MOTORISTS COVERAGE - STACKED | | |
| Insuring Agreement | Arbitration | |
| Exclusions | Florida Arbitration Code | |
| Limit of Liability | Additional Duty | |
| Other Insrurance | Part F - General Provisions | |

SECTION II – UNINSURED MOTORISTS COVERAGE – NON – STACKED

Insuring Agreement              Arbitration
Exclusions                      Florida Arbitration Code
Limit of Liability              Additional Duty
Other Insurance

---

| PART D | COVERAGE FOR DAMAGE TO YOUR AUTO | | 21 |
|---|---|---|---|
| | Insuring Agreement | Loss Payable Clause | |
| | Transportation Expenses | Towing and Labor Costs | |
| | Exclusions | No Benefit to Bailee | |
| | Limit of Liability | Other Sources of Recovery | |
| | Payment of Loss | Appraisal | |

---

| PART E | DUTIES AFTER AN ACCIDENT OR LOSS | | 25 |
|---|---|---|---|
| | General Duties | Additional Duties for Coverage | |
| | Additional Duties for Uninsured | For Damage To Your Auto | |
| | Motorists Coverage | | |

---

| PART F | GENERAL PROVISIONS | | 26 |
|---|---|---|---|
| | Bankruptcy | Policy Period and Territory | |
| | Changes | Premium | |
| | Fraud | Termination | |
| | Legal Action Against Us | Mediation | |
| | Our Right To Recover Payment | Transfer of Your Interest in This Policy | |
| | | Two Or More Auto Policies | |

This is **not inclusive.** There may be other endorsements attached to your policy. **READ YOUR POLICY AND ALL ENDORSEMENTS TO YOUR POLICY CAREFULLY.**

Form A-5464-0   (Ed. 1/95)

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

A.  Throughout this policy, **you** and **your** refer to:
    1.  The named insured shown in the Declarations; and
    2.  The spouse if a resident of the same household.

B.  **We, us** and **our** refer to the Company providing this insurance.

C.  For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:
    1.  Under a written agreement to that person; and
    2.  For a continuous period of at least 6 months.

Other words and phrases are defined. They are in bold face when used.

D.  "**Bodily injury**" means bodily harm, sickness or disease, including death that results.

E.  "**Business**" includes trade, profession or occupation.

F.  "**Family member**" means a person related to **you** by blood, marriage or adoption who is a resident of **your** household. This includes a ward or foster child.

G.  "**Occupying**" means in, upon, getting in, on, out or off.

H.  "**Property damage**" means physical injury to, destruction of or loss of use of tangible property.

I.  "**Trailer**" means a vehicle designed to be pulled by a:
    1.  Private passenger auto; or
    2.  Pickup or van.
    It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

J.  "**Your covered auto**" means:
    1.  Any vehicle shown in the Declarations.
    2.  Any of the following types of vehicles on the date **you** become the owner:
        a.  A private passenger auto; or
        b.  A pickup or van that:
            (1)  Has a Gross Vehicle Weight of less than 10,000 lbs; and
            (2)  Is not used for the delivery or transportation of goods and materials unless such use is:
                (a)  Incidental to **your business** of installing, maintaining or repairing furnishings or equipment; or
                (b)  For farming or ranching.
    This provision (**J.2.**) applies only if:
        a.  **You** acquire the vehicle during the policy period;
        b.  **You** ask **us** to insure it within 30 days after **you** become the owner; and
        c.  With respect to a pickup or van, no other insurance policy provides coverage for that vehicle.
    If the vehicle **you** acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. **You** must ask **us** to insure a replacement vehicle within 30 days only if **you** wish to add or continue Coverage for Damage to Your Auto. If the vehicle **you** acquire is in addition to any shown in the Declarations, it will have the broadest coverage **we** now provide for any vehicle shown in the Declarations.
    3.  Any **trailer you** own
    4.  Any auto or **trailer you** do not own while used as a temporary substitute for any of the vehicles described in this definition which is out of normal use because of its:
        a.  Breakdown;        d.  Loss; or
        b.  Repair;           e.  Destruction.
        c.  Servicing;
    This provision (**J.4.**) does not apply to Coverage for Damage to Your Auto.

# PART A - LIABILITY COVERAGE

## INSURING AGREEMENT

A.  We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured**. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

B.  "**Insured**" as used in this Part means:
    1.  You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.
    2.  Any person using **your covered auto**.
    3.  For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
    4.  For any auto or **trailer other than your covered auto**, any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision (**B.4.**) applies only if the person or organization does not own or hire the auto or **trailer**.

## SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured**:
    1.  Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy.
    2.  Premiums on appeal bonds and bonds to release attachments in any suit we defend.
    3.  Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.
    4.  Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
    5.  Other reasonable expenses incurred at our request.

## EXCLUSIONS

A.  We do not provide Liability Coverage for any **insured**:
    1.  Who intentionally causes **bodily injury** or **property damage**.
    2.  For **property damage** to property owned or being transported by that **insured**.
    3.  For **property damage** to property:
        a.  Rented to;
        b.  Used by; or
        c.  In the care of:
        that **insured**.
        This exclusion (**A.3.**) does not apply to **property damage** to a residence or private garage.
    4.  For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion (**A.4.**) does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.
    5.  For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (**A.5.**) does not apply to a share-the-expense car pool.
    6.  While employed or otherwise engaged in the **business** of:

| | | |
|---|---|---|
| a. Selling; | d. | Storing; or |
| b. Repairing; | e. | Parking; |
| c. Servicing; | | |

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (**A.6.**) does not apply to the ownership, maintenance or use of **your covered auto** by:

- **a.** You;
- **b.** Any **family member;** or
- **c.** Any partner, agent or employee of you or any **family member.**

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in exclusion **A.6.**
   This exclusion (**A.7.**) does not apply to the maintenance or use of a:
   - **a.** Private passenger auto;
   - **b.** Pickup or van that:
     - (1) You own; or
     - (2) You do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:
       - (a) Breakdown;          (d) Loss; or
       - (b) Repair;              (e) Destruction.
       - (c) Servicing;
   - **c.** **Trailer** used with a vehicle described in a or b above.
8. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.
9. For **bodily injury** or **property damage** for which that **insured:**
   - **a.** Is an insured under a nuclear energy liability policy; or
   - **b.** Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.
   A nuclear energy liability policy is a policy issued by any of the following or their successors:
   - **a.** American Nuclear Insurers;
   - **b.** Mutual Atomic Energy Liability Underwriters; or
   - **c.** Nuclear Insurance Association of Canada.
10. We do not provide Liability Coverage for any **insured** for **bodily injury** to you or any **family member.**

B. We do not provide Liability Coverage for the ownership, maintenance or use of:
1. Any vehicle which:
   - **a.** Has fewer than four wheels; or
   - **b.** Is designed mainly for use off public roads.
   This exclusion (**B.1.**) does not apply:
   - **a.** While such vehicle is being used by an **insured** in a medical emergency; or
   - **b.** To any **trailer.**
2. Any vehicle, other than **your covered auto,** which is:
   - **a.** Owned by you; or
   - **b.** Furnished or available for your regular use.
3. Any vehicle, other than **your covered auto,** which is:
   - **a.** Owned by any **family member;** or
   - **b.** Furnished or available for the regular use of any **family member.**
   However, this exclusion (**B.3.**) does not apply to you while you are maintaining or **occupying** any vehicle which is:
   - **a.** Owned by a **family member;** or
   - **b.** Furnished or available for the regular use of a **family member.**
4. Any vehicle, located inside a facility designed for racing, for the purpose of:
   - **a.** Competing in; or
   - **b.** Practicing or preparing for; any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one auto accident. This is the most we will pay regardless of the number of:

1.    **Insureds;**
2.    Claims made;
3.    Vehicles or premiums shown in the Declarations; or
4.    Vehicles involved in the auto accident.

B.    We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision **(B.)** will not change our total limit of liability.

C.    No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1.    Part B or Part C of this policy; or
2.    Any Underinsured Motorists Coverage provided by this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

A.    If the state or province has:

1.    A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher spcified limit.
2.    A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B.    No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance. However, we will provide primary insurance for a vehicle you do not own if the vehicle is leased by you under a written lease agreement and you have agreed to provide coverage for your operation of the vehicle.

# PART B - MEDICAL PAYMENTS COVERAGE/PERSONAL INJURY PROTECTION COVERAGE (NO-FAULT)

## SECTION I - MEDICAL PAYMENTS COVERAGE
### This Section Applies Only If Medical Payments Coverage Is Indicated On The Declarations Page

## INSURING AGREEMENT

A.    We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury:**

1.    Caused by accident; and
2.    Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B.    "**Insured**" as used in this Part means:

1.    You or any **family member:**

    **a.**   While **occupying**; or
    **b.**   As a pedestrian when struck by;
    a motor vehicle designed for use mainly on public roads or a trailer of any type.

  **2.**   Any other person while **occupying your covered auto.**

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

  **1.**   Sustained while **occupying** any motorized vehicle having fewer than four wheels.

  **2.**   Sustained while **occupying your covered auto** when it is being used a public or livery conveyance. This exclusion (**2.**) does not apply to a share-the-expense car pool.

  **3.**   Sustained while **occupying** any vehicle located for use as a residence or premises.

  **4.**   Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

  **5.**   Sustained wile **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
    **a.**   Owned by you; or
    **b.**   Furnished or available for your regular use.

  **6.**   Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
    **a.**   Owned by any **family member**; or
    **b.**   Furnished or available for the regular user of any **family member.**
    However, this exclusion (**6.**) does not not apply to you.

  **7.**   Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.

  **8.**   Sustained, while **occupying** a vehicle when it is being used in the **business** of an insured. This exclusion (**8.**) does not apply to **bodily injury** sustained while **occupying** a:
    **a.**   Private passenger auto;
    **b.**   Pickup or van that you own; or
    **c.**   **Trailer** used with a vehicle described in **a.** or **b.** above.

  **9.**   Caused by or as a consequence of:
    **a.**   Discharge of a nuclear Weapon (even if accidental);
    **b.**   War (declared or undeclared);
    **c.**   Civil war;
    **d.**   Insurrection; or
    **e.**   Rebellion or revolution.

 **10.**   From or as a consequence of the following, whether controlled or uncontrolled or however caused:
    **a.**   Nuclear reaction;
    **b.**   Radiation; or
    **c.**   Radioactive contamination.

 **11.**   Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:
    **a.**   Competing in; or
    **b.**   Practicing or preparing for; any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

**A.**   The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

  **1.**   **Insureds;**
  **2.**   Claims made;
  **3.**   Vehicles or premiums shown in the Declarations; or
  **4.**   Vehicles involved in the accident.

B.  No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and;

   1.  Part **A** or Part **C** of this policy; or

   2.  Any Underinsured Motorists Coverage provided by this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

# SECTION II - PERSONAL INJURY PROTECTION COVERAGE
## This Section Applies Only If Personal Injury Protection Coverage is Indicated On The Declarations Page

With respect to coverage provided by this Part B Section II, the provisions of the policy apply unless modified by Part B Section II.

**SCHEDULE**

| Benefits | Limit Of Liability |
|---|---|
| Medical Expenses | No specific dollar amount |
| Work Loss | No specific dollar amount |
| Replacement Services | No specific dollar amount |
| Accidental Death | $5,000 |
| Maximum Limit For The Total Of All Personal Injury Protection Benefits | $10,000 |

**Personal Injury Protection Coverage Deductible**

As indicated in the Declarations, personal injury protection benefits are subject to a deductible applicable to:

The **named insured**.

The **named insured** and any dependent **family member**.

**Exclusion Of Work Loss**

Work loss does not apply as indicated in the Declarations:

Work loss will not be provided for the **named insured**.

Work loss will not be provided for the **named insured** and any dependent **family member**.

**Coordination Of Military Benefits**

If indicated in the Declarations, the Coordination of Military Benefits option applies to the **named insured** and any dependent **family member**.

I.  **DEFINITIONS**

The Definitions section is amended as follows:

A.  For the purposes of this Part B - Section II, a **motor vehicle** shall be deemed to be owned by a person if that person:

   1.  Holds the legal title to such vehicle.

   2.  Is a debtor having the right to possession, if such vehicle is the subject of security agreement.

   3.  Is a lessee having the right to possession, if such vehicle is the subject of a lease which:

      a.  Has an option to purchase; and

      b.  Is for a period of at least 6 months.

   4.  Is a lessee having the right to possession, if such vehicle is the subject of a lease which:

      a.  Does not have an option to purchase;

      b.  Is for a period of at least 6 months; and

      c.  Requires the lessee to secure insurance.

B. The following definitions are replaced:
1. **"Family member"** means a person related to the **named insured** by blood, marriage or adoption who is usually a resident of the **named insured's** household. This includes a ward or foster child.
2. **"Occupying"** means:
   a. In or upon;
   b. Entering into; or
   c. Alighting from.
3. **"Your covered auto"** means a motor vehicle owned by the **named insured** and for which security is required to be maintained under the Florida Motor Vehicle No-Fault Law, and either:
   a. A premium is charged; or
   b. It is a trailer, other than a mobile home, designed for use with a **motor vehicle.**

C. The following definitions are added:
1. **"Motor vehicle"** means:
   a. Any self-propelled vehicle with 4 or more wheels which is:
      (1) Designed; and
      (2) Required to be licensed;
      for use on Florida highways.
   b. Any trailer or semi-trailer designed for use with such vehicle.
   However, **motor vehicle** does not include:
   a Any motor vehicle which is:
      (1) Used in mass transit or public school transportation;
      (2) Designed to transport more than 5 passengers (excluding the operator); and
      (3) Owned by a:
         (a) Municipality;
         (b) Transit or public school transportation authority; or
         (c) Political subdivision of the state.
   b. A mobile home.
2. **"Named insured"** means:
   a. The person named in the Declarations; or
   b. That person's spouse, if a resident of the same household.
3. **"Pedestrian"** means a person who is not **occupying** a self-propelled vehicle.

D. **"Insured"** as used in this Part B – Section II means:
1. The **named insured** or any **family member** while:
   a. **Occupying a motor vehicle;** or
   b. A **pedestrian** struck by a **motor vehicle.**
2. Any other person while:
   a. **Occupying your covered auto;** or
   b. A **pedestrian** struck by **your covered auto.**

## II. PERSONAL INJURY PROTECTION COVERAGE
### INSURING AGREEMENT

A. We will pay, in accordance with the Florida Motor Vehicle No-Fault Law, personal injury protection benefits to or for an **insured** who sustains **bodily injury. The bodily injury** must be caused by an accident arising out of the ownership, maintenance or use of **motor vehicle.**

B. Subject to the limits shown in the Schedule or Declarations, personal injury protection benefits consist of the following:
1. Medical expenses. 80% of reasonable expenses for:
   a. Necessary medical, surgical, x-ray, dental, ambulance, hospital, professional nursing and rehabilitative service; and
   b. Prosthetic devices.
   This includes necessary remedial treatment and services recognized and permitted under state law for an **insured** who relies upon spiritual means through prayer alone for healing in accordance with that **insured's** religious belief.

2. Work loss. With respect to the period of disability of an **insured**, 60% of any loss of income and earning capacity from that **insured's** inability to work due to **bodily injury**. However, work loss does not include any loss after an **insured's** death.

3. Replacement services. With respect to the period of disability of an **insured**, all expenses reasonably incurred in obtaining ordinary and necessary services from others instead of those that the insured would have performed, without income, for the benefit of his household had he not sustained **bodily injury**.

4. Accidental death. A death benefit.

## EXCLUSIONS

A. We do not provide Personal Injury Protection Coverage for any **insured**:

1. While operating **your covered auto** without the **named insured's** express or implied consent.

2. If that **insured's** conduct contributed to his **bodily injury** under any of the following circumstances:

   a. Intentionally causing **bodily injury** to himself; or

   b. While committing a felony.

3. Other than the **named insured**, if that **insured** owns a **motor vehicle** for which security is required under the Florida Motor Vehicle No–Fault Law.

4. Other than the **named insured** or any **family member**, who is entitled to personal injury protection benefits from a person who owns a **motor vehicle** which is not a **your covered auto** under this policy, or from that vehicle owner's policy.

5. Who sustains **bodily injury** while **occupying** a **motor vehicle** located for use as a residence or premises.

B. We do not provide Personal Injury Protection Coverage for:

1. The **named insured** or any **family member** while **occupying** a **motor vehicle** which is:

   a. Owned by the **named insured**; and

   b. Not a **your covered auto** under this policy.

2. Any **pedestrian**, other than the **named insured** or any **family member** who is not a legal resident of Florida.

## LIMIT OF LIABILITY

A. The limits of liability shown in the Schedule or Declarations for Personal Injury Protection Coverage are the most we will pay to or for each **insured** injured in any one accident, regardless of the number of:

1. **Insureds**;

2. Policies or bonds applicable;

3. Vehicles involved; or

4. Claims made.

The maximum limit of liability for the total of all personal protection benefits shown in the Schedule or Declarations is the total agregate limit for personal injury protection benefits available, to or for each **insured** in any one accident, from all sources combined, including this policy.

B. Any amounts payable under this Coverage shall be reduced by any amounts paid or payable for the same elements of loss under any of the following:

1. Workers' compensation laws; or

2. Medicaid.

C. The amount of any deductible shown in the Schedule or Declarations shall be deducted from the lesser of:

1. The total amount otherwise payable under this coverage for:

   a. Medical expenses;

   b. Work loss; and

   c. Replacement services;

   to or for each **insured** to whom the deductible applies; or

    2.    The limits of liability shown in the Schedule or Declarations.
The total amount otherwise payable means the benefits payable for medical expenses, work loss and replacement services after the application of any percentage limitation. Accidental death is not subject to a deductible.

## OTHER INSURANCE

A.    No one will be entitled to receive duplicate payments for the same elements of loss under this or any other insurance. If an **insured** receives personal injury protection benefits from another insurer, that insurer shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses of processing the claim.

B.    If an **insured** sustains **bodily injury** while:
1.    **Occupying**; or
2.    Struck by a **motor vehicle** rented or leased under a rental or lease agreement;
The personal injury protection benefits afforded under the lessor's policy shall be primary. This provision (**B.**) does not apply if the rental or lease agreement states otherwise in bold type on the face of the agreement.

## COORDINATION OF MILITARY BENEFITS

If the Schedule or Declarations indicates that the Coordination of Military Benefits option applies to the **named insured** or any dependent **family member**, any amounts payable under this Coverage shall be reduced by any benefits payable by the federal government to:
1.    Active or retired military personnel; or
2.    Their dependent **family members**.
If such military benefits are not available at the time of loss, we shall have the right to recompute and charge the appropriate premium.

## III.  PART E - DUTIES AFTER AN ACCIDENT OR LOSS

Part E is replaced by the following:

### DUTIES AFTER AN ACCIDENT OR LOSS

A person seeking Personal Injury Protection Coverage must:

A.    In the event of an accident, provide prompt written notice of loss to us or our authorized agent.

B.    Promptly forward to us a copy of the:
1.    Summons and complaint; or
2.    Other process;
served in connection with any legal action that person takes against a third party to recover damages for **bodily injury.**

C.    Promptly give us written proof of claim, under oath if required. Such proof shall include:
1.    Full details of the nature and extent of the injuries and treatment received and contemplated; and
2.    Any other information which may assist us in determining the amount due and payable.

D.    Submit as often as we reasonably require to mental or physical exams. We will:
1.    Pay for these exams; and
2.    Forward a copy of the medical report to that person if requested.
If that person unreasonably refuses to submit to an exam, we will not be liable for subsequent personal injury protection benefits.

## IV.  PART F - GENERAL PROVISIONS

Part F. is amended as follows:

A.    Paragraph A. of the Legal Action Against Us provision is replaced by the following:
### LEGAL ACTION AGAINST US
A.    No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, no legal action may be brought against us until 30 days after the required notice of loss and reasonable poof of claim has been filed with us.

B.    Paragraph B. of the Policy Period And Territory provision is replaced by the following:
### POLICY PERIOD AND TERRITORY
B.    The policy territory is:
1.    Florida.

    2.   The United States of America, its territories or possessions or Canada. This provision (**B.2.**) applies only to:

        a.   The **named insrued** or any **family member** while **occupying your covered auto; or**

        b.   The **named insured** while **occupying a motor vehicle:**

           (1)   Owned by any **family member;** and

           (2)   For which security is maintained as required by the Florida Motor Vehicle No-Fault Law;

**C.**   The Our Right To Recover Payment provision is replaced by the following:

**OUR RIGHT TO RECOVER PAYMENT**

**A.**   If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another we shall, to the extent of our payment, be subrogated to that right. That person shall:

    1.   Execute and deliver instruments and papers and do whatever else is necessary to secure our rights; and

    2.   Do nothing after loss to prejudice these rights.

**B.**   If we make a payment under this coverage and the person to or for whom payment was made sustained **bodily injury** while:

    1.   **Occupying;** or

    2.   A **pedestrian** struck by;

a commercial motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, we shall, to the extent of our payment, be entitled to reimbursement from the person who owns such motor vehicle or that person's insurer.

**D.**   The following provisions are added:

**ARBITRATION**

If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits:

    1.   Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

    2.   The prevailing party shall be entitled to attorney's fees and costs.

**PAYMENT OF CLAIMS**

If a person seeking Personal Injury Protection Coverage is charged with committing a felony, we shall withhold benefits until, at the trial level:

    1.   The prosecution makes a formal entry on the record that it will not prosecute the case against that person;

    2.   The charge is dismissed; or

    3.   That person is acquitted.

**MODIFICATION OF POLICY COVERAGES**

    1.   Any coverage provided under Part **B** or Part **C** of this policy shall be excess over any personal protection benefits paid or payable.

    2.   Regardless of whether the limits for personal injury protection benefits have been exhausted, any coverage provided under Part **B** shall pay the pay the amount of any claim for medical expenses payable under this coverage which exceeds the 80% limitation for medical expenses.

    3.   No coverage is provided under Part **B** for the amount of any applicable deductible under this coverage.

**PROVISIONAL PREMIUM**

    1.   In the event of any change in the:

        a.   Rules;

        b.   Rates;

        c.   Rating plan;

        d.   Premiums; or

        e.   Minimum premiums;

applicable to this coverage, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-Fault Law which provide for the exemption of persons from tort liability, the premium shown in the Declarations for any coverage under:

    a.   Part **A**;
    b.   Part **B**; or
    c.   Part **C**;
of this policy shall be deemed to be provisional and subject to recomputation.

2. If this policy is a renewal policy, such recomputation shall include the amount of any return premium previously credited or refunded to the **named insured**, in accordance with the Florida Motor Vehicle No-Fault Law, with respect to insurance provided under a previous policy.

3. If the final recomputed premium exceeds the premium shown in the Declarations, the **named insured** shall pay us:
   a.   The excess amount; and
   b.   The amount of any return premium previously credited or refunded.

# SECTION III - EXTENDED PERSONAL INJURY PROTECTION COVERAGE

## This Applies Only If Extended Personal Injury Protection Coverage Is Indicated On The Declarations Page

With respect to coverage provided by this Part B Section III, the provisions of the policy apply unless modified by this Part B Section III.

### SCHEDULE

| Benefits | Limit Of Liability |
| --- | --- |
| Medical Expenses | No Specific dollar amount |
| Work Loss | No specific dollar amount |
| Replacement Services | No specific dollar amount |
| Accidental Death | $5,000 |
| Maximum Limit For The Total Of All Extended Personal Injury Protection Benefits | $10,000 |

**EXCLUSION OF WORK LOSS**

If indicated in the Declarations, work loss will not be provided for the **named insured** and any dependent **family member**.

**I.   DEFINITIONS**

The Definitions section is amended as follows:

A. For the purposes of this Part B Section III, a **motor vehicle** shall be deemed to be owned by a person if that person:
   1. Holds the legal title to such vehicle.
   2. Is a debtor having the right to possession, if such vehicle is the subject of a security agreement.
   3. Is a lessee having the right to possession, if such vehicle is the subject of a lease which:
      a.   Has an option to purchase; and
      b.   Is for a period of at least 6 months.
   4. Is a lessee having the right to possession, if such vehicle is the subject of a lease which:
      a.   Does not have an option to purchase;
      b.   Is for a period of at least 6 months; and
      c.   Requires the lessee to secure insurance.

B. The following definitions are replaced:
   1. **"Family member"** means a person related to the **named insured** by blood, marriage or adoption who is usually a resident of the **named insured's** household. This includes a ward or foster child.
   2. **"Occupying"** means:
      a.   In or upon;
      b.   Entering into; or
      c.   Alighting from.

    3. **"Your covered auto"** means a motor vehicle owned by the named insured and for which security is required to be maintained under the Florida Motor Vehicle No-Fault Law, and either:

        **a.** A premium is charged; or

        **b.** It is a trailer, other than a mobile home, designed for use with a motor vehicle.

**C.** The following definitions are added:

    **1.** **"Motor vehicle"** means:

        **a.** Any self-propelled vehicle with 4 or more wheels which is:

            **(1)** Designed; and

            **(2)** Required to be licensed;

        for use on Florida highways.

        **b.** Any trailer or semi-trailer designed for use with such vehicle.

    However, **motor vehicle** does not include:

        **a.** Any motor vehicle which is:

            **(1)** Used in mass transit or public school transportation;

            **(2)** Designed to transport more than 5 passengers (excluding the operator); and

            **(3)** Owned by a:

                **(a)** Municipality;

                **(b)** Transit or public school transportation authority; or

                **(c)** Political subdivision of the state.

        **b.** A mobile home.

    **2.** **"Named Insured"** means:

        **a.** The person named in the Declarations; or

        **b.** That person's spouse, if a resident of the same household.

    **3.** **"Pedestrian"** means a person who is not occupying a self-propelled vehicle.

**D.** **"Insured"** as used in this Part B Section III means:

    **1.** The named insured or any family member while:

        **a.** Occupying; or

        **b.** A pedestrian struck by;

    a motor vehicle.

    **2.** Any othe person while:

        **a.** Occupying; or

        **b.** A pedestrian struck by;

    your covered auto.

---

**II. EXTENDED PERSONAL INJURY PROTECTION COVERAGE**

**INSURING AGREEMENT**

**A.** We will pay, in accordance with the Florida Motor Vehicle No-Fault Law, extended personal injury protection benefits to or for an insured who sustains bodily injury. The bodily injury must be caused by an accident arising out of the ownership, maintenance or use of a motor vehicle.

**B.** Subject to the limits shown in the Schedule or Declarations, extended personal injury protection benefits consist of the following:

    **1.** Medical expenses. Reasonable expenses for:

        **a.** Necessary medcial, surgical, x-ray, dental, ambulance, hospital, professional nursing and rehabilitative services; and

        **b.** Prosthetic devices.

    This includes necessary remedial treatment and services, recognized and permitted under state law, for an insured who relies on spiritual means through prayer alone for healing in accordance with that insured's religious beliefs.

    We will pay:

        **a.** All medical expenses incurred by the named insured or any family member; and

        **b.** 80% of medical expenses incurred by any other insured; due to bodily injury.

    **2.** Work loss. With respect to the period of disability of an insured, any loss of income and earning capacity from that insured's inability to work due to bodily injury. However, work loss does not include any loss after an insured's death.

We will pay:
    a.    80% of work loss to or for the **named insured** or any **family member**; and
    b.    60% of work loss to or for any other **insured**.
3.    Replacement services. With respect to the period of disability of an **insured**, all expenses reasonably incurred in obtaining ordinary and necessary services from others instead of those that the **insured** would have performed, without income, for the benefit of his household had he not sustained **bodily injury**.
4.    Accidental death. A death benefit.

## EXCLUSIONS

A.    We do not provide Extended Personal Injury Protection Coverage for any **insured**:
1.    While operating **your covered auto** without the **named insured**'s express or implied consent.
2.    If that **insured**'s conduct contributed to his **bodily injury** under any of the following circumstances:
    a.    Intentionally causing **bodily injury** to himself; or
    b.    While committing a felony.
3.    Other than the **named insured**, if that **insured** owns a **motor vehicle** for which security is required under the Florida Motor Vehicle No–Fault Law.
4.    Other than the **named insured** or any **family member**, who is entitled to personal injury protection benefits from a person who owns a **motor vehicle** which is not a **your covered auto** under this policy, or from that vehicle owner's policy.
5.    Who sustains **bodily injury** while occupying a **motor vehicle** located for use as a residence or premises.
B.    We do not provide Extended Personal Injury Protection Coverage for:
1.    The **named insured** or any **family member** while occupying a **motor vehicle** which is:
    a.    Owned by the **named insured**; and
    b.    Not a **your covered auto** under this policy.
2.    Any **pedestrian**, other than the **named insured** or any **family member**, who is not a legal resident of Florida.

## LIMIT OF LIABILITY

A.    The limits of liability shown in the Schedule or Declarations for Extended Personal Injury Protection Coverage are the most we will pay to or for each **insured** injured in any one accident regardless of the number of:
1.    **Insureds;**
2.    Policies or bonds applicable;
3.    Vehicles involved; or
4.    Claims made.
The maximum limit of liability for the total of all extended personal injury protection benefits shown in the Schedule or Declarations is the total aggregate limit for extended personal injury protection benefits available, to or for each **insured** injured in any one accident, from all sources combined, including this policy.
B.    Any amounts payable under this coverage shall be reduced by any amounts paid or payable for the same elements of loss under any of the following:
1.    Workers' compensation laws; or
2.    Medicaid.

## OTHER INSURANCE

A.    No one will be entitled to receive duplicate payments for the same elements of loss under this or any other insurance. If an **insured** receives personal injury protection benefits from another insurer, that insurer shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses of processing the claim.
B.    If an **insured** sustains **bodily injury** while:
1.    **Occupying;** or
2.    Struck by a **motor vehicle** rented or leased under a rental or lease agreement;
the personal injury protection benefits afforded under the lessor's policy shall be primary. This provision (**B.**) does not apply if the rental or lease agreement states otherwise in bold type on the face of the agreement.

III.  **PART E - DUTIES AFTER AN ACCIDENT OR LOSS**
Part E is replaced by the following:
**DUTIES AFTER AN ACCIDENT OR LOSS**
A person seeking Extended Personal injury Protection Coverage must:
- A.  In the event of an accident, provide prompt written notice of loss to us or our authorized agent.
- B.  Promptly forward to us a copy of the:
  1.  Summons and complaint; or
  2.  Other process;
  served in connection with any legal action that person takes against a third party to recover damages for **bodily injury.**
- C.  Promptly give us written proof of claim, under oath if required. Such proof shall include:
  1.  Full details of the nature and extent of the injuries and treatment received and contemplated; and
  2.  Any other information which may assist us in determining the amount due and payable.
- D.  Submit as often as we reasonably require to mental or physical exams. We will:
  1.  Pay for these exams; and
  2.  Forward a copy of the medical report to that person if requsted.
  If that person unreasonably refuses to submit to an exam, we will not be liable for subsequent extended personal injury protection benefits.

IV.  **PART F - GENERAL PROVISIONS**
Part F is amended as follows:
- A.  Paragraph **A.** of the Legal Action Against Us provision is replaced by the following:
  **LEGAL ACTION AGAINST US**
  - A.  No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, no legal action may be brought against us until 30 days after the required notice of loss and reasonable proof of claim has been filed with us.
- B.  Paragraph **B.** of the Policy Period And Territory provision is replaced by the following:
  **POLICY PERIOD AND TERRITORTY**
  - B.  The policy territory is:
    1.  Florida
    2.  The United States of America, its territories or possessions or Canada. This provision **(B.2.)** applies only to:
       a.  The **named insrued** or any **family member** while **occupying your covered auto;** or
       b.  The **named insured** while **occupying a motor vehicle:**
          (1)  Owned by any **family member;** and
          (2)  For which security is maintained as required by the Florida Motor Vehicle No-Fault Law;
- C.  The Our Right To Recover Payment provision is replaced by the following:
  **OUR RIGHT TO RECOVER PAYMENT**
  - A.  If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another we shall, to the extent of our payment, be subrogated to that right. That person shall:
    1.  Execute and deliver instruments and papers and do whatever else is necessary to secure our rights; and
    2.  Do nothing after loss to prejudice these rights.
  - B.  If we make a payment under this coverage and the person to or for whom payment was made sustained **"bodily injury"** while:
    1.  **Occupying;** or
    2.  A **pedestrian** struck by;
    a commercial motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, we shall, to the extent of our payment, be entitled to reimbursement from the person who owns such motor vehicle or that person's insurer.

**D.**   The following provisions are added:

**ARBITRATION**

If a provider of medical services or supplies has agreed to accept assignment of extended personal injury protection benefits:

1.   Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.
2.   The prevailing party shall be entitled to attorney's fees and costs.

**PAYMENT OF CLAIMS**

If a person seeking Extended Personal Injury Protection Coverage is charged with committing a felony, we shall withhold benefits until at the trial level:

1.   The prosecution makes a formal entry on the record that it will not prosecute the case against that person;
2.   The charge is dismissed; or
3.   That person is acquitted.

**MODIFICATION OF POLICY COVERAGES**

1.   Any coverage provided under Part B Section I or Part C of this policy shall be excess over any extended personal injury protection benefits paid or payable.
2.   Regardless of whether the limits for extended personal injury protection benefits have been exhausted, any coverage provided under Part B shall pay for the amount of any claim for medical expenses payable under this coverage which exceeds the 80% limitation for medical expenses.
3.   No coverage is provided under Part B Section I or Part C for the amount of any applicable deductible under this coverage.

**PROVISIONAL PREMIUM**

1.   In the event of any change in the:
     a.   Rules;
     b.   Rates;
     c.   Rating plan;
     d.   Premiums; or
     e.   Minimum premiums;

     applicable to this coverage, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-Fault Law which provide for the exemption of persons from tort liability, the premium shown in the Declarations for any coverage under:
     a.   Part A;
     b.   Part B; Section I; or
     c.   Part C;
     of this policy shall be deemed to be provisional and subject to recomputation.
2.   If this policy is a renewal policy, such recomputation shall include the amount of any return premium previously credited or refunded to the **named insured,** in accordance with the Florida Motor Vehicle No-Fault Law, with respect to insurance provided under a previous policy.
3.   If the final recomputed premium exceeds the premium shown in the Schedule or Declarations, the **named insured** shall pay us the:
     a.   The excess amount; and
     b.   The amount of any return premium previously credited or refunded.

# SECTION IV - ADDED PERSONAL INJURY PROTECTION COVERAGE
### This Section Applies Only If Added Personal Injury Protection Coverage Is Indicated On The Declarations Page

With respect to coverage provided by this Part B Section **IV,** the provisions of the Extended Personal Injury Protection Coverage Part B Section III apply unless modified by this Part B Section **IV.**

**I.**   **ADDED PERSONAL INJURY PROTECTION COVERAGE**

**INSURING AGREEMENT**

We will pay added personal injury protection benefits to or for the **named insured** or any **family member** who sustains **bodily injury.** The **bodily injury** must be sustained while:

   1. **Occupying** a **motor vehicle**; or
   2. A **pedestrian** struck by a **motor vehicle**.

**EXCLUSIONS**

The following exclusion is added:

We do not provide Added Personal Injury Protection Coverage for **bodily injury** sustained by any **insured** while:

   1. **Occupying**; or
   2. A **pedestrian** struck by:

   a **motor vehicle** owned by that **insured** and which is not insured for this coverage under this policy.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for Added Personal Injury Protection Coverage is the most we will pay to or for the **named insured** or each **family member** injured in any one accident, regardless of the number of:

   1. **Insureds**;
   2. Policies or bonds applicable;
   3. Vehicles involved; or
   4. Claims made.

B. Any amounts payable under this coverage shall be reduced by any amounts paid or payable for the same elements of loss under any of the following:

   1. Workers' compensation law; or
   2. Medicaid.

**OTHER INSURANCE**

A. Any coverage provided by this Part **B** Section **IV** shall be excess over any applicable Extended Personal Injury Protection Coverage.

B. Any coverage provided under Part **B** Section **I** or Part **C** of this policy shall be excess over any coverage provided by this Part **B** Section **IV**.

**II.** **PART F - GENERAL PROVISIONS**

The Our Right To Recover Payment provision is replaced by the following:

**SUBROGATION**

If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another we shall, to the extent of our payment, be subrogated to that right. That person shall:

   1. Execute and deliver instruments and papers and do whatever else is necessary to secure these rights; and
   2. Do nothing after loss to prejudice such rights.

Our rights are subject to the provisions of the Florida Motor Vehicle No-Fault Law.

---

## PART C - UNINSURED MOTORISTS COVERAGE

---

## SECTION I - UNINSURED MOTORISTS COVERAGE - STACKED

### This Section Applies Only If Stacked Uninsured Motorists Coverage is Indicated On The Declarations Page

---

**INSURING AGREEMENT**

A. We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

   1. Sustained by an **insured**; and
   2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Any judgment for damages arising out of a suit brought without or written consent is not binding on us.

B.  "Insured" as used in this Part means:
1.  You or any **family member.**
2.  Any other person **occupying your covered auto.**
3.  Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.
C.  "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
1.  To which no bodily injury liability bond or policy applies at the time of the accident.
2.  To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for **bodily injury** under that bond or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.
3.  Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** without hitting:
    a.  You or any **family member;**
    b.  A vehicle which you or any **family member** are occupying; or
    c.  Your **covered auto.**
    If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claims under this or any similar coverage.
4.  To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
    a.  Denies coverage; or
    b.  Is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment:
1.  Owned by or furnished or available for the regular use of you or any **family member** unless it is a **your covered auto** to which Part A of the policy applies and liability coverage is excluded for any person other than you or any **family member** for damages sustained in the accident by you or any **family member.**
2.  Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
3.  Owned by any governmental unit or agency.
4.  Operated on rails or crawler treads.
5.  Designed mainly for use off public roads while not on public roads.
6.  While located for use as residence or premises.

## EXCLUSIONS
A.  We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any person:
1.  If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion **(A.1.)** does not apply:
    a.  If such settlement does not prejudice our right to recover payment; or
    b.  To a settlement made with the insurer of a vehicle described in Section **2.** of the definition of **uninsured motor vehicle.**
2.  While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(A.2.)** does not apply to a share-the-expense car pool.
3.  Using a vehicle without a reasonable belief that that **insured** is entitled to do so.
B.  This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:
1.  Workers' compensation law; or
2.  Disability benefits law.
C.  We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY
A.  Our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident is the sum of the limits of liability shown in the Declarations for each person. Subject to this limit for each person, our maximum limit of liability for all damages arising out of **bodily injury** resulting from any one accident is the sum of the limits of liability shown in the Declarations for each accident. This is the most we will pay regardless of the number of:

    1.   **Insureds;**
    2.   Claims made;
    3.   Vehicles or premiums shown in the Declarations; or
    4.   Vehicles involved in the accident.
    However, no one will be entitled to receive duplicate payments of loss as a result of the application of this provision.

B.   No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
    1.   Part A of this policy;
    2.   No-fault coverage; or
    3.   Automobile medical payments coverage.

C.   We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D.   We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law.
    1.   Workers' compensation law; or
    2.   Disability benefits law.

## OTHER INSURANCE

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

A.   If we and an **insured** do not agree:
    1.   Whether that **insured** is legally entitled to recover damages; or
    2.   As to the amount of damages which are recoverable by that **insured**;
    from the owner or operator of an **uninsured motor vehicle** then the matter may be:
    1.   Mediated, in accordance with the Mediation provision contained in Part **F** of the policy, if the damages resulting from **bodily injury** are for $10,000 or less; or
    2.   Arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.
    If either party demands mediation, the mediation must be completed before arbitration can occur.

B.   Both parties must agree to arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

C.   Each party will:
    1.   Pay the expenses it incurs; and
    2.   Bear the expenses of the third arbitrator equally.

D.   Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
    1.   Whether the **insured** is legally entitled to recover damages; and
    2.   The amount of damages.

## FLORIDA ARBITRATION CODE

If we and an **insured** agree to arbitration, the Florida Arbitration Code will not apply.

## ADDITIONAL DUTY

A person seeking Uninsured Motorists Coverage under Section **2.** of the definition of **uninsured motor vehicle** must also promptly:
    1.   Send us copies of the legal papers if a suit is brought; and
    2.   Notify us in writing by certified or registered mail of a tentative settlement between the **insured** and the insurer of the **uninsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **uninsured motor vehicle.**

**PART F - GENERAL PROVISIONS**
The following is added to the Two Or More Auto Policies provision:
1.  This provision does not apply to Uninsured Motorists Coverage.
2.  No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured Motorists Coverage.

## SECTION II - UNINSURED MOTORISTS COVERAGE - NON-STACKED

### This Section Applies Only If Non-Stacked Uninsured Motorists Coverage Is Indicated On The Declarations Page

**INSURING AGREEMENT**

A.  We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:
1.  Sustained by an **insured**; and
2.  Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**
Any judgment for damages arising out of a suit brought without or written consent is not binding on us.

B.  "Insured" as used in this Part means:
1.  You or any **family member.**
2.  Any other person **occupying your covered auto.**
3.  Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in 1. or 2. above.

C.  "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
1.  To which no bodily injury liability bond or policy applies at the time of the accident.
2.  To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for **bodily injury** under that bond or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.
3.  Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** without hitting:
    a.  You or any **family member;**
    b.  A vehicle which you or any **family member** are occupying; or
    c.  **Your covered auto.**
    If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claims under this or any similar coverage.
4.  To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
    a.  Denies coverage; or
    b.  Is or becomes insolvent.
However, **uninsured motor vehicle** does not include any vehicle or equipment:
1.  Owned by or furnished or available for the regular use of you or any **family member** unless it is a **your covered auto** to which Part A of the policy applies and liability coverage is excluded for any person other than you or any **family member** for damages sustained in the accident by you or any **family member.**
2.  Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
3.  Owned by any governmental unit or agency.
4.  Operated on rails or crawler treads.
5.  Designed mainly for use off public roads while not on public roads.
6.  While located for use as residence or premises.

**EXCLUSIONS**

A.  We do no provide Uninsured Motorists Coverage for **bodily injury** sustained by any person:
1.  By an **insured** while **occupying** any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
2.  By any **family member** while **occupying** any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

   B.  We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any insured:

      1.  If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion **(B.1.)** does not apply:

         a.  If such settlement does not prejudice our right to recover payment; or

         b.  To a settlement made with the insurer of a vehicle described in Section 2. of the definition of **uninsured motor vehicle.**

      2.  While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.2.)** does not apply to a share-the-expense car pool.

      3.  Using a vehicle without a reasonable belief that that person is entitled to do so.

   C.  This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

      1.  Workers' compensation law; or

      2.  Disability benefits law.

   D.  We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

---

## LIMIT OF LIABILITY

   A.  When the **insured** is **occupying your covered auto** at the time of the accident:

      1.  The limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to that **your covered auto** is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in that accident; and

      2.  Subject to this limit for each person, the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to that **your covered auto** is our maximum limit of liability for all damages for **bodily injury** resulting from that accident.

   B.  When the **insured** is not **occupying your covered auto** at the time of the accident:

      1.  The highest limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any of **your covered autos** is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in that accident; and

      2.  Subject to this limit for each person, the highest limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any of **your covered autos** is our maximum limit of liability for all damages for **bodily injury** resulting from that accident.

      This is the most we will pay regardless of the number of:

      1.  **Insureds;**

      2.  Claims made;

      3.  Vehicles or premiums shown in the Declarations; or

      4.  Vehicles involved in the accident.

   C.  No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

      1.  Part **A** of this policy;

      2.  No-fault coverage; or

      3.  Automobile medical payments coverage.

   D.  We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

   E.  We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law.

      1.  Workers' compensation law; or

      2.  Disability benefits law.

---

## OTHER INSURANCE

If there is other applicable similar insurance available under this policy or any other policy:

      1.  Any recovery for damages sustained by you or any **family member:**

         a.  While occupying a vehicle owned by you or any **family member** may equal, but not exceed, the limit of liability for Uninsured Motorists Coverage applicable to that vehicle;

         b.  While occupying a vehicle not owned by you or any **family member** may equal, but not exceed, the sum of:

       (1)   The limit of liability for Uninsured Motorists Coverage applicable to the vehicle you or any **family member** were occupying at the time of the accident; and

       (2)   The highest limit of liability for Uninsured Motorists Coverage applicable to any one vehicle under any one policy affording coverage to you or any **family member;**

   c.   While not occupying any vehicle may equal, but not exceed, the highest limit of liability for Uninsured Motorists Coverage applicable to any one vehicle under any one policy affording coverage to you or any **family member.**

2.   Any insurance we provide with respect to a vehicle you do not own will be excess over any other collectible insurance.

3.   We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

## ARBITRATION

A.   If we and an **insured** do not agree:

   1.   Whether that person is legally entitled to recover damages; or

   2.   As to the amount of damages which are recoverable by that **insured;**

   from the owner or operator of an **uninsured motor vehicle** then the matter may be:

   1.   Mediated, in accordance with the Mediation provision contained in Part F of the policy, if the damages resulting from **bodily injury** are for $10,000 or less; or

   2.   Arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

   If either party demands mediation, the mediation must be completed before arbitration can occur.

B.   Both parties must agree to arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

C.   Each party will:

   1.   Pay the expenses it incurs; and

   2.   Bear the expenses of the third arbitrator equally.

D.   Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

   1.   Whether the **insured** is legally entitled to recover damages; and

   2.   The amount of damages.

## FLORIDA ARBITRATION CODE

If we and an **insured** agree to arbitration, the Florida Arbitration Code will not apply.

## ADDITIONAL DUTY

A person seeking Uninsured Motorists Coverage under Section 2. of the definition of **uninsured motor vehicle** must also promptly:

   1.   Send us copies of the legal papers if a suit is brought; and

   2.   Notify us in writing by certified or registered mail of a tentative settlement between the **insured** and the insurer of the **uninsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **uninsured motor vehicle.**

## PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

## INSURING AGREEMENT

A.   We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one **your covered auto** or **non-owned auto** results from the same **collision**, only the highest applicable deductible will apply. We will pay for loss to **your covered auto** caused by:

   1.   Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

   2.   **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

We will pay under Other Than Collision Coverage for the cost of repairing or replacing the damaged windshield on **your covered auto** without a deductible. We will pay only if the Declarations indicates that Other Than Collision Coverage applies.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

B.  "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered other than **collision**:

| | | | |
|---|---|---|---|
| 1. | Missiles or falling objects; | 6. | Hail, water or flood; |
| 2. | Fire; | 7. | Malicious mischief or vandalism; |
| 3. | Theft or larceny; | 8. | Riot or civil commotion; |
| 4. | Explosion or earthquake, | 9. | Contact with bird or animal; or |
| 5. | Windstorm; | 10. | Breakage of glass |

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision**.

C.  "**Non-owned auto**" means:

1.  Any private passenger auto, pickup, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member**; or

2.  Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

| | | | |
|---|---|---|---|
| a. | Breakdown; | d. | Loss; or |
| b. | Repair; | e. | Destruction. |
| c. | Servicing; | | |

## TRANSPORTATION EXPENSES

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450 for:

1.  Temporary transportation expenses incurred by you in the event of a loss to **your covered auto**. We will pay for such expenses if the loss is caused by:

    a.  Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

    b.  **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

2.  Loss of use expenses for which you become legally responsible in the event of loss to a **non-owned auto**. We will pay for loss of use expenses if the loss is caused by:

    a.  Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for any **your covered auto**.

    b.  **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto**.

If the loss is caused by a total theft of **your covered auto** or a **non-owned auto**, we will pay only expenses incurred during the period:

1.  Beginning 48 hours after the theft; and

2.  Ending when **your covered auto** or the non-owned auto is returned to use or we pay for its loss.

If the loss is caused by other than theft of a **your covered auto** or a **non-owned auto**, we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto**.

## EXCLUSIONS

We will not pay for:

1.  Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion **(1.)** does not apply to a share-the-expense car pool.

2.  Damage due and confined to:

    a.  Wear and tear;

    b.  Freezing;

    c.  Mechanical or electrical breakdown or failure; or

    d.  Road damage to tires.

    This exclusion **(2.)** does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.

3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.
4. Loss to:
   a. Any electronic equipment designed for the reproduction of sound, including, but not limited to:
      (1) Radios and stereos;
      (2) Tape decks; or
      (3) Compact disc players;
   b. Any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:
      (1) Citizens band radios;
      (2) Telephones;
      (3) Two-way mobile radios;
      (4) Scanning monitor receivers;
      (5) Television monitor receivers;
      (6) Video cassette recorders;
      (7) Audio cassette recorders; or
      (8) Personal computers;
   c. Tapes, records, discs, or other media used with equipment described in **a.** or **b.** or
   d. Any other accessories used with equipment described in **a.** or **b.**
   This exclusion (**4.**) does not apply to:
   a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:
      (1) The equipment is permanently installed in **your covered auto** or any **non-owned**; or
      (2) The equipment is:
         (a) Removable from a housing unit which is permanently installed in the auto;
         (b) Designed to be solely operated by use of the power from the auto's electrical system; and
         (c) In or upon **your covered auto** or any **non-owned auto**;
      at the time of the loss.
   b. Any other electronic equipment that is:
      (1) Necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or
      (2) An integral part of the same unit housing any sound reproducing equipment described in **a.** and permanently installed in the opening of the dash or console of **your convered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio.
5. A total loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities.
   This exclusion (**5.**) does not apply to the interests of Loss Payees in **your covered auto.**
6. Loss to a camper body or **trailer** you own which is not shown in the Declarations. This exclusion (**6.**) does not apply to a camper body or **trailer** you:
   a. Acquire during the policy period; and
   b. Ask us to insure within 30 days after you become the owner.
7. Loss to any **non-owned auto** when used by you or any **family member** without a reasonable belief that you or that **family member** are entitled to do so.
8. Loss to:
   a. Awnings or cabanas; or
   b. Equipment designed to create additional living facilities.
9. Loss to equipment designed or used for the detection or location of radar or laser.

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:
    a. Special carpeting and insulation, furniture or bars;
    b. Facilities for cooking and sleeping;
    c. Height-extending roofs; or
    d. Custom murals, paintings or other decals or graphics.

11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:
    a. Selling;    **d.** Storing; or
    b. Repairing;    **e.** Parking;
    c. Servicing;
    vehicles designed for use on public highways. This includes raod testing and delivery.

12. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 11. This exclusion (12.) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer**.

13. Loss to **your covered auto** or any **non-owned auto**, located inside a facility, designed for racing, for the purpose of:
    a. Competing in; or
    b. Practicing or preparing for;
    any prearranged or organized racing or speed contest.

14. Loss to, or loss of use of, a **non-owned auto** rented by:
    a. You; or
    b. Any **family member;** if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

A. Our limit of liability for loss will be lesser of the:
    1. Actual cash value of the stolen or damaged property;
    2. Amount necessary to repair or replace the property with other property of like kind and quality.
    However, the most we will pay for loss to any **non-owned auto** which is a trailer is $500.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

C. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:
    1. You; or
    2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## LOSS PAYABLE CLAUSE

Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of **your covered auto.** However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs incurred each time **your covered auto** or any **non-owned auto** is disabled, up to the amount shown in the Declarations as applicable to that vehicle. If a **non-owned auto** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **your covered auto** shown in the Declarations. We will only pay for labor performed at the place of disablment.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto**;
2. Any other applicable physical damage insurance;
3. Any other source of recovery applicable to the loss.

## APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. Upon notice of a demand for appraisal, the opposing party may, prior to the appraisal, demand mediation of the dispute in accordance with the Mediation Provision contained in Part F of the policy. The mediation must be completed before demand for appraisal can be made.

B. In the event of a demand for appraisal, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the expenses of the appraisal and umpire equally.

# PART E - DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:
1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
3. Submit, as often as we reasonably require:
   a. To physical exams by physicians we select. We will pay for these exams.
   b. To examination under oath and subscribe the same.
4. Authorize us to obtain:
   a. Medical reports; and
   b. Other pertinent records.
5. Submit a proof of loss when required by us.

C. A person seeking Uninsured Motorists Coverage must also:
1. Promptly notify the police if a hit-and-run driver is involved.
2. Promtply send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:
1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.
2. Promply notify the police if **your covered auto** or any **non-owned auto** is stolen.

3.  Permit us to inspect and appraise the damaged property before its repair or disposal.

# PART F - GENERAL PROVISIONS

## BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

## CHANGES

A.  This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

B.  If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
1.  The number, type or use classification of insured vehicles;
2.  Operators using insured vehicles;
3.  The place of principal garaging of insured vehicles;
4.  Coverage, deductible or limits.
If a change resulting from **A.** or **B.** requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

C.  If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:
1.  A subsequent endition of your policy; or
2.  An Amendatory Endorsemnt.

## FRAUD

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

## LEGAL ACTION AGAINST US

A.  No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A,** no legal action may be brought against us until:
1.  We agree in writing that the **insured** has an obligation to pay; or
2.  The amount of that obligation has been finally determined by judgment after trial.

B.  No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

## OUR RIGHT TO RECOVER PAYMENT

A.  If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
1.  Whatever is necessary to enable us to exercise our rights; and
2.  Nothing after loss to prejudice them.
However, our rights in this paragraph **(A.)** do not apply under Part **D,** against any person using your **covered auto** with a reasonable belief that that person is entitled to do so.

B.  If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
1.  Hold in trust for us the proceeds of the recovery; and
2.  Reimburse us to the extent of our payment.

C.  Our rights do not apply under Paragraph **A.** with respect to Coverage under Section **2.** of the definition of **uninsured motor vehicle** if we:
1.  Have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **uninsured motor vehicle;** and
2.  Fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

    1.    That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Uninsured Motorists Coverage.

    2.    We also have a right to recover the advanced payment.

## POLICY PERIOD AND TERRITORY

A.  This policy applies only to accidents and losses which occur:

    1.    During the policy period as shown in the Declarations; and

    2.    Within the policy territory.

B.  The policy territory is:

    1.    The United States of America, its territories or possessions;

    2.    Puerto Rico; or

    3.    Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## PREMIUM

the premium stated in the Declarations is the initial premium for this policy. On each renewal, continuation or anniversary of the effective date of this policy the premium shall be computed by us in accordance with our manuals then in use.

## TERMINATION

A.  **Cancellation.** This policy may be cancelled during the policy period as follows:

    1.    The named insured shown in the Declarations may cancel by:

        a.    Returning this policy to us; or

        b.    Giving us advance written notice of the date cancellation is to take effect.

    2.    The named insured:

        a.    May not cancel this policy, if this policy provides Personal Injury Protection and Liability Coverage, during the first 60 days immediately following the date of issuance or renewal unless:

            (1)    **Your covered auto** has been totally destroyed so that it is no longer operable on the roads of Florida; or

            (2)    The named insured transfers ownership of **your covered auto**; or

            (3)    The named insured obtains other insurance on **your covered auto**; or

            (4)    the named insured is a member of the United States Armed Forces and is called to or on active duty outside the United States in an emergency situation.

        b.    We may cancel for any reason after this policy is in effect for 60 days.

    3.    If this is a new policy, we will not cancel for nonpayment of premium during the first 60 days following the date of issuance. However, we may cancel if a check used to pay us is dishonored for any reason.

    4.    After this policy is in effect for 60 days, we will cancel only:

        a.    For nonpayment of premium; or

        b.    If your driver's license or that of:

            (1)    Any driver who lives with you; or

            (2)    Any driver who customarily uses **your covered auto**;

        has been suspended or revoked. This must have occurred during:

            (1)    The policy period; or

            (2)    The 180 days immediately preceding the original effective date of the policy.

        c.    If the policy was obtained through material misrepresentation or fraud.

    5.    Except as provided in Section **6.**, we may cancel by mailing by registered or certified mail or United States Post Office proof of mailing to the named insured shown in the Declarations at the address shown in the policy:

    **a.** At least 10 days notice if cancellation is for nonpayment of premium; or

    **b.** At least 45 days notice in all other cases.

6. In the event we determine that you have been charged an incorrect premium for coverage requested in your application for insurance, we shall immediately mail you notice of any additional premium due us. If within 15 days of the notice of additional premium due (or a longer time period as specified in the notice), you fail to either:

    **a.** Pay the additional premium and maintain this policy in full force under its original terms; or

    **b.** Cancel this policy and demand a refund of any unearned premium;

    then this policy shall be cancelled effective 15 days from the date of the notice (or a longer time period as specified in the notice).

**B.** **Nonrenewal.** If we decide not to renew or continue this policy we will mail advance notice to the named insured shown in the Declarations at the address shown in this policy at least 45 days before the end of the policy period. Notice will be mailed by registered or certified mail or United States Post Office proof of mailing. If the policy period is:

1. Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

2. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

We will not refuse to renew or continue this policy solely because:

1. You were convicted of one or more traffic violations which did not involve an accident or cause revocation or suspension of your driving privilege unless you have been convicted of, or plead guilty to:

    **a.** Two such traffic violations within an 18 month period;

    **b.** Three or more such traffic violations within a 36 month period;

    **c.** Exceeding the lawful speed limit by more than 15 miles per hour; or

2. You have had only one accident if we have insured **your covered auto** for a period of at least 5 years immediately preceding the renewal date.

**C.** **Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D.** **Other Termination Provisions.**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

---

**MEDIATION**

In any claim filed with us for:

1. Loss resulting from **bodily injury** in an amount of $10,000 or less;

2 **Property damage;** or

3. Loss to **your covered auto** or any **non-owned auto;**

either party may demand mediation of the claim, prior to taking legal action, by filing written request with the Department of Insurance on a form which may be obtained from the Department. The request must state:

1. Why mediation is being requested; and

2. The issues in dispute which are to be mediated.

Only one mediation may be requested for each claim, unless all parties agree to further mediation. A party demanding mediation shall not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated. The Department shall randomly select mediators. Each party may reject one mediator, either before or after the opposing side has rejected a mediator. The mediator will notify the parties of the date, time and place of the mediation conference, which will be held within 45 days of the request for mediation. The conference may be held by telephone, if feasible. The mediation shall be conducted as an informal process and formal rules of evidence and procedure need not be observed. Participants must:

1. Have authority to make a binding decision; and
2. Mediate in good faith.

Costs of the mediation shall be shared equally by both parties unless the mediator determines that one party has not mediated in good faith.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

B. Coverage will only be provided until the end of the policy period.

## TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

The Company has caused this policy to be signed by its President and Secretary, but it shall not be binding unless countersigned on the Declarations page by a duly authorized agent of the company.

Michael S. Wilder, Secretary

Ramani Ayer, President & COO

Form A-5464-0 (Ed. 1/95)  Printed in U.S.A. (ISO: PP0001 0694; PP0184 0694; PP0309 0486; PP0326 0694; PP0442 0694; PP0443 0694; PP0406 0188; PP0407 0188; PP0554 0694; PP0555 0694; PP0566 0694)
Copyright, Insurance Services Office, Inc., 1994

Dividend Provision Endorsement
Florida – Private Passenger Automobile


THE HARTFORD

This policy has been classified for dividend purposes in a special class along with other policies offering similar insurance. You will participate in our earnings on the policies in your dividend class, to such extent and upon such conditions as determined by our Board of Directors in accordance with law and as made applicable to this policy provided you have complied with all of the terms of this policy with respect to the payment of premium

Form A-4506-0  (Ed 2/85)  Printed in U.S.A  (NS)

# Lifetime Continuation Agreement – Auto

After this policy is in effect sixty (60) days or if this is a renewal or continuation policy, if you are age 50 or over, we will continue the policy for as many additional policy periods as you wish, provided:

1.  You pay the premium when due.

2.  Your license or the license of any customary operator of your covered auto has not been suspended or revoked.

3   You furnish, within forty-five (45) days of our request, acceptable certification by a licensed physician that you or any other driver who customarily operates your covered auto are physically and mentally capable of safely operating an automobile.

4.  You or any customary operator of the covered auto are not convicted of driving while under the influence of alcohol.

5.  The policy was not obtained through material misrepresentation.

Nothing in this endorsement shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.



THE HARTFORD

# Waiver Of Collision Deductible

This endorsement applies only if the Declarations indicate that Collision Coverage is provided for the **covered auto.**

When there is a Collision loss to **your covered auto,** the Collision deductible shown on the Declarations page does not apply if:

1.  That auto was legally parked when struck by another auto owned by an identified person; or

2.  That auto was struck in the rear by another auto moving in the same direction and owned by an identified person; or

3.  The operator of the other auto was cited for any of the following violations and this violation was a contributing factor in the cause of loss:

    a.  operating under the influence of alcohol, marijuana or a narcotic drug;

    b.  driving the wrong way down a one—way street;

    c.  operating at an excessive rate of speed.

    However, we will apply the deductible if the driver of **your covered auto** is also cited for one of these violations.

    or

4.  You are legally entitled to a full recovery against an identified person.

## EXCLUSIONS

The waiver of collision provided under this endorsement does not apply to any **non-owned auto** nor to any temporary substitute auto.

Nothing in this endorsement shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as stated herein.

Form A—5260—1   (Ed. 7/90)   (NS)

# Replacement Cost Coverage For New Cars

This endorsement applies only if the Declarations indicate that Other Than Collision Coverage or Other Than Collision Coverage and Collision Coverage is provided for the covered auto.

The provisions and exclusions that apply to Part D also apply to this endorsement except as modified herein.

LIMIT OF LIABILITY

If, within 180 days of purchase of a new covered auto, or 7,500 miles, whichever occurs first, the auto suffers a total loss under either Other Than Collision Coverage or Collision Coverage, the Limit of Liability section of Coverage D is deleted and replaced by the following:

LIMIT OF LIABILITY

Our limit of liability for loss will be the lesser of the:

1.    Replacement cost of your stolen or damaged covered auto; or

2.    Amount necessary to replace the covered auto.

We reserve the right to replace the covered auto or to pay the loss in money.

APPRAISAL

The term "actual cash value" in Part D APPRAISAL is replaced by "replacement cost".

EXCLUSIONS

There is no coverage under this endorsement for:

1.    Any non-owned auto or temporary substitute auto;

2.    Any covered auto that was not new when purchased;

3.    The covered auto if more than 180 days have elapsed since the date of purchase on the bill of sale for the covered auto or if the covered auto has been driven more than 7,500 miles if there have been fewer than 180 days since the date of purchase.

DEFINITIONS

A.    New means an auto with less than 150 miles on the odometer on the date of purchase.

B.    Replacement Cost means the cost at the time of loss, of a new auto of the same make, model and equipment as the one damaged, destroyed or stolen without depreciation.

Nothing in this endorsement shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

Form A-5259-0  (Ed. 9/89)  (NS)

## Amendatory Endorsement
## Personal Auto Policy – Florida



I.   **PART A – LIABILITY COVERAGE**
The Other Insurance provision of Part A is replaced by the following:
**OTHER INSURANCE**
If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance. However, we will provide primary insurance for a vehicle you do not own if:
1.   The vehicle is leased by you under a written rental or lease agreement; and
2.   The face of the rental or lease agreement contains, in at least 10–point type, the following language:
     The valid and collectible liability insurance of any authorized rental or leasing driver is primary for the limits of liability coverage required by FLA.STAT.SECTION 324.02 1(7).

II.  **PART B SECTION II – PERSONAL INJURY PROTECTION COVERAGE**
The Other Insurance Provision of Part B Section II is replaced by the following:
**OTHER INSURANCE**
A.   No one will be entitled to receive duplicate payments for the same elements of loss under this or any other insurance. If an **insured** receives personal injury protection benefits from another insurer, that insurer shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses of processing the claim.
B.   If an **insured** sustains **bodily injury** while:
     1.   **Occupying**; or
     2.   Struck by a motor vehicle rented or leased under a rental or lease agreement; the personal injury protection benefits afforded under the lessor's policy shall be primary. This provision (B.) does not apply if the face of the rental or lease agreement contains, in at least 10–point type, the following language:
          The valid and collectible personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of personal injury protection coverage required by FLA.STAT.SECTION 627.736.

III. **PART B SECTION III – EXTENDED PERSONAL INJURY PROTECTION COVERAGE**
The Other Insurance Provision of Part B Section III is replaced by the following:
**OTHER INSURANCE**
A.   No one will be entitled to receive duplicate payments for the same elements of loss under this or any other insurance. If an insured receives personal injury protection benefits from another insurer, that insurer shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses of processing the claim.
B.   If an **insured** sustains **bodily injury** while:
     1.   **Occupying**; or
     2.   Struck by a motor vehicle rented or leased under a rental or lease agreement;
     the personal injury protection benefits afforded under the lessor's policy shall be primary. The provision (B.) does not apply if the face of the rental or lease agreement contains, in at least 10–point type, the following language:
     The valid and collectible personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of personal injury protection coverage required by FLA.STAT.SECTION 627.736.

IV.  **PART F – GENERAL PROVISIONS**
**TERMINATION**
The Termination provision is amended as follows:
B.   **Nonrenewal**, exception 2. is replaced by the following:
     2.   **You** have had an accident. However, we may refuse to renew or continue this policy if, at the time of non–renewal, you have had two or more at fault accidents, or three or more accidents regardless of fault, within the current 3–year period.

Nothing in this endorsement shall be held to vary, waive, alter, extend any of the terms, conditions, agreements or declarations of the policy, other than as stated herein.

Copyright, Insurance Services Office, Inc. 1995