IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6061-CIV-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

THE CHIROPRACTIC CENTRE, INC., )
On behalf of itself and all others )
similarly situated, )
)
    Plaintiff, )
)
v. )
)
SUPERIOR INSURANCE COMPANY, )
)
    Defendant. )
_____)



## SUPERIORS REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLARIFICATION

Superior Insurance Company ("Superior"), by and through its undersigned counsel, hereby files this Reply Memorandum of Law in support of Superior's Motion for Clarification and Motion for New Case Management and Scheduling Order.

**I.**     **Superior Was Not Involved at the Time of the May 14, 2001 Status Conference**

The Complaint in the present case (Case#01-6782) was filed on May 8, 2001, only six days before the status conference that Plaintiffs argue should control Superiors procedural rights. The Complaint was not even served until June 6, 2001. This is three weeks <u>after</u> the May 14, 2001 status conference was held. Plaintiffs expect Superior to live by "agreements" entered into prior to even being served with notice of the lawsuit. Further, even after service, Superior's lawsuit was not consolidated with the other cases




until months later and without Superior having the opportunity to be heard on the matter. Superior never had the opportunity to participate in a case management conference. When counsel for Superior contacted Plaintiffs' counsel to request an extension of time to respond to the Complaint, the filing of an underlying Answer rather than motion to dismiss was not discussed. Plaintiffs' "belief" that answers would be filed rather than a motion to dismiss did not come from any discussions with this defendant.

## II.    Superior is Not Attempting Delay

Superior was not a party to the earlier actions. Superior's only opportunity to challenge the sufficiency of the Complaint came after the status conference. Superior filed a Motion to Dismiss upon being notified that its case was consolidated with the other cases. That motion is still pending before this court and addresses jurisdictional issues. Therefore, Superior is unable to go forward with discovery, including class discovery, without concern that it would be waiving its jurisdictional challenge. Indeed, Plaintiffs have demonstrated a willingness to assert waiver arguments against other defendants in the consolidated cases. It is disingenuous for Plaintiffs to suggest that Superior is engaging in delay when jurisdictional issues have not yet been decided. Further, it would be improper to lump Superior in the same category as defendants who were served prior to the May 14, 2001 status conference.

## III.    The Current Schedule is Not Feasible for Superior

For the reasons set forth above, Superior will not have sufficient time to prepare for trial based on the current scheduling order. The allegations made in the Complaint suggest both a large class of aggrieved persons/entities as well as a conspiracy among multiple entities. Those allegations alone suggest that discovery will be substantial and

time consuming. Numerous depositions will be required. Also, a great deal of documents will need to be identifed and reviewed prior to those depositions. Indeed, the discovery already propounded by Plaintiffs upon Superior would require hundreds of hours of labor to compile and review. While Plaintiffs assert that the order provides more than ample time to complete discovery, that assertion is their opinion and is premised upon a conference in which Superior's input was not considered. Superior's position on timing issues and ability to comply with and pursue discovery was never heard at that hearing or anytime since.

Significantly, other defendants have been litigating some of the consolidated cases for approximately two years. Superior has not. It is inequitable to place Superior on a schedule that was determined based on lawsuits that had been in progress long before Superior was served.

BUTLER BURNETTE PAPPAS LLP

ALAN J. NISBERG, ESQ.
Florida Bar No.: 0961639
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607-5946
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant
Superior Insurance Company

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U. S. Mail on December 6, 2001, to all counsel listed on the attached service list.

_____
Alan J. Nisberg, Esq.