IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6061-CIV-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

THE CHIROPRACTIC CENTRE, INC., )
On behalf of itself and all others )
similarly situated, )
)
    Plaintiff, )
)
v. )
)
SUPERIOR INSURANCE COMPANY, )
)
    Defendant. )
_____)



## SUPERIOR'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE

Superior Insurance Company ("Superior"), by and through its undersigned counsel, hereby files this Reply Memorandum of Law in support of Superior's Motion to Strike Plaintiffs' Memorandum of Law in Opposition to Defendant Superior Insurance Company's Motion to Dismiss.

### I.    Superior's Motion to Dismiss is Not Identical to the Prior Motions

Plaintiffs incorrectly suggest that Superior filed a Motion to Dismiss that is identical to motions that have already been denied. First, Superior's motion was premised on the notion that this court does not have jurisdiction of these claims without the RICO claim establishing a basis for pendant jurisdiction. The motion pointed out that no other basis, including diversity, was alleged to establish the jurisdiction of this Court. Many of the other

motions involved complaints where diversity was alleged and could form an additional basis for jurisdiction of the contractual and statutory claims.

Second, Superior's Motion to Dismiss presented argument that the complaint must be dismissed because the mail fraud allegations made part of the RICO count were deficient based upon the <u>specific</u> EOB attached as an exhibit to Plaintiffs complaint against Superior. Superior's Memorandum of Law in support of the Motion to Dismiss noted <u>specific</u> reasons why <u>that EOB</u> could not be a misrepresentation that was the basis of a mail fraud claim. While Superior's Motion to Dismiss may rely on the same statutes or cases cited in other motions, Superior's motion applies that law to the specific allegations of the Complaint filed against Superior (Case # 01-6782). It is preposterous for Plaintiffs to suggest that Superior should not be allowed to point out legal and factual reasons why the Complaint filed against Superior must be dismissed. Anything less would deprive Superior of due process.

II.     **Plaintiffs' Memorandum Violates Local Rule 7.1(c)(2)**

While Plaintiffs make excuses for their methodology, they do not deny that the incorporation of <u>legal argument</u> from multiple previous memoranda violated the rule. While Plaintiffs claim that Superior was "able to fully respond" to the memorandum, Plaintiffs miss the point. First, Plaintiffs' statement is based on their own assumption that Superior was fully able to respond. That assumption ignores any lost time that Superior's counsel expended in reviewing 80 pages of memoranda rather than the 20 pages designated by the rule. Secondly, the tactic is inequitable. Plaintiffs are able to fashion arguments that exceed the page limitations, while Superior must work within the limitations to respond.

Finally, some of the referenced documents predated consolidation, meaning that the referenced documents were never served upon Superior.

Plaintiffs' allegation that they were motivated by judicial economy is a red herring. The incorporation of documents that cumulatively exceed page limitations actually increases the burden upon both the Court and Superior. Plaintiffs' method requires the Court to sift through multiple other motions <u>and</u> complaints to compare and contrast the arguments to the present action. In reality, by lumping Superior's case together with the others, Plaintiffs memorandum attempts to disguise the <u>differences</u> between the complaint against Superior and the allegations of the other complaints.

### III.  Only Plaintiffs Violated Local Rule 7.1(c)(2)

Plaintiffs attempt to equate Superior's reference to the position taken by Defendants in the consolidated cases with the tactic of <u>incorporating legal argument</u> used by Plaintiffs. This comparison is ridiculous. Superior's Request for Status Conference and Motion for New Case Management and Scheduling Order did not incorporate any legal argument of other cases. It simply pointed out that other parties within the consolidated case filed various similar motions and that Superior was joining with other movants in seeking the same or similar relief.

Incorporation of argument from other sources, especially where those sources by themselves or cumulatively exceed the page limitations allowed by this Court's local rules, is improper. If Plaintiffs believed that prior arguments were applicable in response to Superior's Motion, Plaintiffs could easily have "cut and pasted" the applicable portions to create a memorandum that does not exceed local rule page limitations. It is the reference to the arguments specifically aimed at the prior motions that is problematic. Superior and

the court must do Plaintiffs work for them by determining which arguments are applicable to the motion at hand prior to analysis of the substance of the argument. Plaintiffs method is intellectual laziness that creates additional work for everyone but themselves.

BUTLER BURNETTE PAPPAS LLP

_____
ALAN J. NISBERG, ESQ.
Florida Bar No.: 0961639
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607-5946
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant
Superior Insurance Company

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U. S. Mail on December 6, 2001, to all counsel listed on the attached service list.

_____
Alan J. Nisberg, Esq.