## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CONSOLIDATED CASE NO. 00-CIV-6061-FERGUSON/SNOW

|  |  |
|---|---|
| DR. PAUL ZIDEL, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALLSTATE INSURANCE COMPANY, | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| COMMUNITY CARE NETWORK, INC., doing business as CCN, | ) ) ) |
| Third-Party Defendant. | ) ) |

### ALLSTATE AND DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION OF CASE MANAGEMENT AND SCHEDULING ISSUES

In responding to the Motion for Clarification of Case Management And Scheduling Issues ("Motion for Clarification"), the plaintiffs utterly ignore the real obstacle presented by the September 28, 2001 Order ("Omnibus Order"). That Omnibus Order creates an unworkable framework for the 15 currently-consolidated class actions to proceed by applying a pre-existing schedule from one of the cases without regard to the complexities presented by the multiplicity of defendants and the myriad of unresolved preliminary legal issues. The schedule established by the Omnibus Order is simply unrealistic because, *inter alia*:

- It does not take into account the time needed for the Court to resolve motions to compel arbitration, or provide time for those arbitrations to take place;

1

- It does not take into account the fact that several of the cases are not yet at issue, that Motions to dismiss may be filed in those cases, and does not provide time for those Motions to be resolved;

- It does not provide a reasonable time period for discovery to take place regarding class certification issues before briefing commences on class certification;

- It does not defer merits-based discovery until after the Court determines whether class certification is appropriate; and

- It does not allow a sufficient time period for merits-based discovery in these complex cases to proceed, if needed, after class certification is decided.

As a result, unless clarified and corrected, the Omnibus Order essentially condemns these consolidated actions to a disorganized and unwieldy future process. These are the compelling reasons Movants[1] have sought from this Court's relief in the form of appropriate and orderly schedule for the sequencing of proceedings and discovery. Plaintiffs have not provided any argument or reasonable rationale compelling any contrary result.

The thrust of plaintiffs' opposition is founded on the fallacy that Movants have been "dilatory." To reach that baseless conclusion, however, plaintiffs have ignored completely the fact that *this Court had entered an order staying proceedings in these cases*. That Order was in place and controlling upon the parties long before the May, 2001 status hearing. No order was entered at that status hearing.[2]

---

[1]    Defendants, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON) and Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON) (collectively "Allstate"), Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON), Fidelity and Casualty Company of New York (Case No. 01-6779-CIV-FERGUSON) and Continental Insurance Company (Case No. 01-6779-CIV-FERGUSON) are collectively referred to as the "Movants."

[2]    The comments of the Court at the status hearing, even if deemed to foreshadow its later decision, did not affect the existence or effect of the previous stay Order. The parties remained bound by the stay Order until the Court later entered its Omnibus Order, on September 28, 2001, which included a provision lifting the stay. Had that not been the case,

As a result, the defendants were fully justified in their resistance to plaintiffs' efforts to force defendants to proceed prematurely, prior to the issuance of the Omnibus Order. Indeed, plaintiffs' demands would have placed the defendants in the position of violating the Court's order. Plaintiffs' unilateral declarations and obvious frustration with the passage of time between the May status conference and the Court's ultimate decision and entry of the Omnibus Order in September cannot, therefore, transform defendants' proper observance of their obligations to this Court into a justification for abrogating due process and imposing an unreasonable and unworkable pretrial schedule.

Plaintiffs sought the combination of these 15 different matters for treatment as a whole. Having obtaining the result they sought, they cannot now justifiably complain that issues which affect any of the 15 cases must now be considered in light of the interests of all of the defendants in all cases. Complicated issues of confidentiality as well as complex issues surrounding coordination of schedules for dozens of parties and their attorneys will require substantial labor and expense for the parties. For the sake of cost-effective and efficient litigation, therefore, it is imperative that a reasonable and orderly schedule for pretrial procedures be established.

Plaintiffs offer no justification for the imposition of a schedule which fails to take into account the need to resolve arbitration issues. Nor do plaintiffs even attempt to contradict the several authorities cited by Movants. Several of the contracts at issue, including the one between CCN and Dr. Zidel, contain arbitration clauses. Some defendants already have brought, and others undoubtedly will soon bring, motions to compel arbitration.[3]

---

of course, there would have been no reason for the Court to include the provision lifting the stay in the Omnibus Order.

[3]   One such Motion to compel arbitration already has been filed by CCN in the Zidel case. Allstate has affirmatively joined in that pending Motion to compel arbitration. Plaintiffs'

Those motions to compel arbitration have and will also contain requests to stay the cases pending the outcome of the arbitration issues. Pursuant to Section 3 of the Federal Arbitration Act, this Court, upon finding the existence of arbitrable issues, will have to issue the requested stays, which will apply to all aspects of the affected cases including discovery. See, e.g., Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998); Miller v. AAACon Auto Transport, Inc., 545 F.2d 1019, 1020 (5th Cir. 1977)(once satisfied that the issue is referable to arbitration under the agreement, the district court is required to stay the trial until such arbitration has occurred). Pending the outcome of such motions, it would be wholly inappropriate to require defendants who may be entitled to arbitrate their claims to proceed in this Court. Conversely, it would defeat the purpose of consolidation to exclude those who have filed such motions from the proceedings, only to have their motions denied requiring them to be thrust back into the case and necessitating duplicative proceedings. Thus, if all fifteen of these cases are to move forward as a consolidated block, the motions to compel arbitration will have to be resolved first. To do otherwise, moreover, would defeat the purpose of the consolidation and could lead to inconsistent results and unnecessary duplication and waste. See Western Int'l Media Corp. v. A. R. Johnson, 754 F. Supp. 871, 874 (S.D. Fla. 1991)(stay appropriate pending arbitration involving only some of the parties because allowing proceedings to continue with respect to other defendants could lead to inconsistent results and unnecessary duplication and waste).

Finally, plaintiffs' contention that Movants somehow may have waived their right to seek arbitration by not raising the issue in their oppositions to consolidation is baseless. Plaintiffs cite no case law to support their position, nor could they. At all times before and after the entry of

---

complaint that the Movants have not sought to compel arbitration, therefore, is entirely incorrect.

4

the Omnibus Order, Movants, along with the other defendants in the consolidated cases, have properly sought appropriate limitations and controls regarding discovery and other aspects of these matters. Neither briefing on the wholly unrelated issue of consolidation, nor any other actions undertaken by the defendants, even remotely suggests a knowing, voluntary relinquishment of a right to seek arbitration, where contractually warranted.

Plaintiffs similarly offer no reasonable justification for the imposition of a schedule which fails to provide adequate time for proceedings – both in discovery and in briefing – issues pertaining to class certification <u>before</u> forcing defendants to respond to discovery on the merits of plaintiffs' claims. In fact it would be an abuse of this Court's discretion to require the parties to proceed in such a fashion. <u>See</u> <u>In re Miller Industries, Inc. Secs. Litg'n</u>, 186 F.R.D. 680, 684 (N.D. Ga. 1999)(parties should be allowed to take discovery to adduce evidence relevant to certification issues before addressing the motion for class certification); <u>In re Polypropylene Carpet Antitrust Litg'n</u>, 178 F.R.D. 603, 609 (N.D. Ga. 1997) (same proposition); <u>Manual for Complex Litigation</u> (Third), §30.11 (discovery is proper prior to determining propriety of class certification). <u>See</u> <u>generally</u> <u>Majd-Pour v. Georgiana Community Hosp., Inc.</u>, 724 F.2d 901, 902-903 (11th Cir. 1984) (court abused its discretion by deciding motion to dismiss for lack of jurisdiction without affording the plaintiff an opportunity to take requested, reasonable discovery to adduce evidence on point).

Moreover, it is beyond rational contest that merits discovery will be an enormous undertaking for the parties. Although plaintiffs quibble in their response with the likelihood that their broad-based Rule 30(b)(6) deposition requests will result in more than 100 depositions, the nature of those requests more than suggest they may. The 30(b)(6) requests, directed to each of the defendants, contain six separate subparts and request a broad spectrum of information. It is

far from unreasonable to consider the likelihood that each party will need to produce more than one, and likely several witnesses, to comply fully with those requests. Further highlighting the colossal breadth of likely merits discovery are plaintiffs' recently-tendered Rule 26 disclosures. In that document, plaintiffs identify 59 separate individuals and categories of people they assert have discoverable information supportive of plaintiffs' claims. Plaintiffs also preliminarily identify nearly 4,000 documents they assert may be used in support of their claims. Even assuming, *arguendo*, a significant amount of duplication among the identified witnesses, those covered by the 30(b)(6) requests, and those witnesses who could be similarly designated by the defendants, it is clear that the number of persons likely to be deposed on the merits easily exceeds several dozen, and likely is much, much higher. It is thus proper, and indeed essential that this Court establish a schedule which provides for the possibility of avoiding those potentially unnecessary costs and burdens by deferring merits discovery until after class-related, pretrial activities are completed. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997).[4]

Finally, plaintiffs offer no cogent reason whatsoever for this Court to disregard the provisions of Local Rule 16.1, which should be considered in connection with these complex cases. Under the Complex Track, the parties would be allowed a period of between 270 and 365 days for discovery. Beginning on the date of the Omnibus Order, when the stay of discovery was lifted, the end discovery period called for under Local Rule 16.1 would fall after the trial

---

[4] Plaintiffs' complaint concerning Allstate's prior conditional tender of corporate representatives for deposition wholly misses the point. Allstate has never suggested it would refuse to tender an corporate representative for deposition. Allstate simply has asked that this Court put in place an appropriate schedule which would allow the case to proceed in a rational, orderly and efficient manner. Merits discovery, including broadly stated 30(b)(6) requests, should not proceed until after preliminary matters are resolved and class certification is decided. Until that time, plaintiffs' 30(b)(6) requests are, at a minimum, premature.

date set in the Amended Pretrial Order. Even that period is likely to be difficult to achieve if either full arbitration proceedings or full proceedings related to class certification are properly scheduled to take place before the proposed, extensive discovery on the merits begins. Nevertheless, the rationale of the Local Rule underscores the difficulties and flaws inherent in the schedule established in the Omnibus Order.

Finally, plaintiffs cling to the most flimsy of reed in their effort to argue that consolidated discovery proceedings will be reasonable, workable and beneficial. It is true that Movants, who are related entities, are jointly represented by counsel. Dealing with confidential and proprietary information is not difficult where the information is shared solely between these three Movants. It is the forced presence and unwitting role in this litigation by other defendants, many of whom are direct competitors who will be highly sensitive to disclosure of confidential businesses information, which portends an unwieldy process. Several of the defendants, moreover, are providers for a number of other defendants, who likewise will wish to avoid disclosing pricing and related information from one customer to the next. At a minimum, therefore, the Court faces the prospect of receiving a multiplicity of motions for entry of complex and unwieldy protective orders. To the extent they prove to be remotely workable in practice, moreover, the requested restrictions are likely to present serious implications for the ability of the parties' attorneys to properly conduct the litigation and to prepare their clients' defenses.

WHEREFORE, Defendants, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and Continental Insurance Company respectfully request that this Court enter an Order granting their Motion For Clarification of Case Management and Scheduling Issues, and further:

      (1)    Extending time for responses to class certification until a comprehensive and reasonable scheduling order can be entered pursuant to this motion,

which schedule also allows for adequate time for defendants to conduct class discovery;

(2)    Staying merits discovery until after this court makes its recommendations and the district court enters a ruling on plaintiffs' motions for class certification;

(3)    Staying all discovery and class certification in cases where a motion for arbitration is filed, until the arbitration is resolved or, and in the event the arbitration motion is denied, until an appropriate extended schedule is thereafter entered; and

(4)    Adjusting the Amended Pretrial Order dates based on foregoing and in accordance with the proposed Order attached to the motion To Clarify as Exhibit A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 7th day of December, 2001.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Allstate Insurance Company
and the Movants

DAVID B. SHELTON
Florida Bar No. 0710539
Rumberger, Kirk & Caldwell
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate Insurance Company
and the Movants

638756

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Robin Corwin Campbell, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Douglas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

David B. Shelton, Esq.
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**Counsel for Beech Street and ADP**

Thomas Tew, Esq.
Joseph A. DeMaria, Esq.
John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
William E. Adams, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Gregory A. Baldwin, Esquire
Robert K. Levenson, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Prudential**

John D. Adcock, Esquire
Richard M. Wyner, Esquire
Jeffrey M. Klein, Esquire
M. David Dobbins, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy Johnson Maus
Eric Zivitz
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021