UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

01 DEC -7 PM 3:34

DR. PAUL ZIDEL, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN,

Defendants.

_____________________________________/

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,

CASE NO. 01-8111-CIV-FERGUSON

Plaintiff,

vs.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

Defendant.

_____________________________________/

ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

CASE NO. 01-6780-CIV-FERGUSON

Plaintiff,

vs.

INTEGON NATIONAL INSURANCE COMPANY and INTEGON GENERAL INSURANCE CORPORATION,

Defendants.

_____________________________________/

410

7090-00100 340063.1



**CLASS PLAINTIFFS' MOTION TO COMPEL INTEGON NATIONAL INSURANCE COMPANY, INTEGON GENERAL INSURANCE CORPORATION, AND HARTFORD INSURANCE COMPANY OF THE MIDWEST TO ATTEND DEPOSITIONS**

PLEASE TAKE NOTICE that Class Plaintiffs ULTRA OPEN MRI CORPORATION, and SALVATORE LARUSSO, D.C., on behalf of themselves and all others similarly situated ("Class Plaintiffs"), by their undersigned counsel, shall move this Court for the entry of an Order compelling Defendants INTEGON NATIONAL INSURANCE COMPANY ("INTEGON NATIONAL"), INTEGON GENERAL INSURANCE CORPORATION ("INTEGON GENERAL") and HARTFORD INSURANCE COMPANY OF THE MIDWEST ("HARTFORD") to attend depositions. For all the reasons set forth herein, Class Plaintiffs respectfully submit that the Defendants should be compelled to attend depositions.

## ARGUMENT

On October 23, 2001, the Class Plaintiffs served a Notice of Taking Corporate Depositions on INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD. Class Plaintiffs scheduled the corporate representative depositions of INTEGON NATIONAL and INTEGON GENERAL to take place on December 4, 2001, at a court reporter's office in Winston-Salem, North Carolina which is INTEGON NATIONAL's and INTEGON GENERAL's principal place of business. The corporate representative deposition of HARTFORD was scheduled to take place on December 5, 2001, at a court reporter's office in Hartford, Connecticut which is HARTFORD's principal place of business. INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD filed Motions for Protective Order (D.E. 313) (D.E. 315). This Court did not grant the Motions for Protective Order prior to December 4 and 5, 2001. Class counsel attempted to proceed with the depositions as

scheduled. Counsel for INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD advised by e-mail on November 30, 2001, that INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD would not be appearing. INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD did not appear at the depositions scheduled on December 4 and 5, 2001.

As this Court is aware the Class Plaintiffs' attempts at proceeding with discovery in this consolidated action have been met with nothing but utter contempt by the Defendants, including INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD. In response to the Class Plaintiffs discovery efforts, the various Defendants have filed motions seeking clarification, reaffirmation, reconsideration, to stay all proceedings, to stay all discovery, to stay merits discovery, and in the instance of the December 4 and 5 depositions, Motions for Protective Order. Prior to serving the deposition notices, class counsel attempted to coordinate with INTEGON NATIONAL, INTEGON GENERAL, HARTFORD, and the other Defendants in choosing acceptable dates for depositions. INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD refused to cooperate.

There is no basis to permit INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD to avoid discovery. This Court specifically lifted the discovery stays at the status conference on May 14, 2001 and in the September 28, 2001 Omnibus Order. Yet, rather than cooperate to resolve the discovery issues and provide dates for the depositions, INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD continually refused to provide dates for depositions. INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD did not attend the December 4 and 5, 2001 depositions. INTEGON NATIONAL's, INTEGON GENERAL's, and

HARTFORD's conduct in refusing to appear at the December 4 and 5, 2001 depositions, in the absence of a protective order, is clearly inappropriate.

The absence of resolution on a motion for protective order does not eliminate the duty to appear at a deposition. Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979). As the former Fifth Circuit stated:

> Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard. He might also appear and seek to adjourn the deposition until an order can be obtained. But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains.

Id. at 613 (emphasis added) (quoting Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964). Additionally, as one court recently stated:

> When it appears that a Court is not going to be able to decide a motion to quash or a motion for protective order before the date set for a deposition, counsel for the movant should contact counsel for the party noticing the deposition and attempt to reach an agreement staying the deposition until after the Court acts on the motion to quash and/or the motion for protective order. If agreement cannot be reached, it is incumbent on counsel for the movant to file a motion to stay the deposition until the Court acts on the motion to quash and/or for a protective order and to alert the clerk to the need for immediate action on the motion to stay.

Goodwin v. City of Boston, 118 F.R.D. 297, 298 (D. Mass. 1988).

In United States v. One Lot of U.S. Currency, 628 F. Supp. 1473 (S.D. Fla. 1986), this Court dismissed a claim where a party failed to appear for deposition. As the Court stated:

> Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice. No prior court order is required for Rule 37(d) sanctions. Although courts frequently enter an order compelling discovery before entering sanctions, Rule 37(d) authorizes sanctions without violation of a prior court order.
>
> . . .





> Because claimant's total failure to appear for deposition is willful and indicative of an irresponsible attitude towards its discovery obligations, this Court has the discretion to impose harsh sanctions, such as striking the claim or entering default judgment.

Id. at 1476 - 1477 (citing Sigliano v. Mendoza, 642 F.2d 309 (9th Cir. 1981); Dorey v. Dorey, 609 F.2d 1128 (5th Cir. 1980) (discovery sanctions may be imposed without a prior violation of a court order when a party fails to appear for deposition); National Hockey League v. Metropolitan Hockey Club, Inc., 477 U.S. 639 (1976); Properties International Limited v. Turner, 706 F.2d 308 (11th Cir. 1983)). "Rule 37 sanctions must be applied diligently . . . . to penalize those whose conduct may be deemed to warrant such a sanction . . . ." Id. at 1477 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980). The Local Rules of this Court specifically condemn INTEGON NATIONAL's, INTEGON GENERAL's, and HARTFORD's conduct. Appendix A, Section VI(B) provides:

> In addition to the procedures and guidelines governing the filing of motions for a protective order, counsel should be aware that the mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the discovery requested or scheduled. For example, a motion for protective order will not prevent a deposition from occurring; only a court order granting the motion will accomplish this.

(emphasis added).

The Omnibus Order specifically lifted all discovery stays. This Court's September 28, 2001 trial order specifically orders that discovery will not be stayed. INTEGON NATIONAL's, INTEGON GENERAL's, and HARTFORD's outright refusal to attend the scheduled depositions clearly violates the Federal Rules of Civil Procedure, this Court's Local Rules, the Omnibus Order and this Court's Trial Order. INTEGON NATIONAL, INTEGON GENERAL, and HARTFORD

have unilaterally and indefinitely postponed the depositions without any authority from the Court and in disregard for this Court's Orders specifically indicating that discovery would not be stayed.

## CONCLUSION

For all the reasons set forth herein, Class Plaintiffs ULTRA OPEN MRI CORPORATION, and SALVATORE LARUSSO, D.C., on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order compelling Defendants INTEGON NATIONAL INSURANCE COMPANY, INTEGON GENERAL INSURANCE CORPORATION, and HARTFORD INSURANCE COMPANY to attend the previously scheduled depositions, awarding attorneys' fees and costs incurred in filing this Motion, and awarding such other and further relief as this Court may deem just and proper.





Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By:______________________
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By:______________________
ERIC LEE
Florida Bar No. 961299

By:______________________
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 6th day of December, 2001 upon all individuals on the attached service list.

ERIC LEE





# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile






**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile