UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

01  DEC -7  PM 3: 34

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.

_____/

KEITH BRICKELL, D.C.,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION,
and ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

    Defendants.

_____/

MARC J. BROWNER, D.C.,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION,
and ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

    Defendants.

_____/

CASE NO. 00-6649-CIV-FERGUSON

CASE NO. 00-7163-CIV-FERGUSON


ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CLASS PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS BEECH STREET CORPORATION'S AND ADP INTEGRATED MEDICAL SOLUTIONS, INC.'S MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION (D.E. #357)

Class Plaintiffs KEITH BRICKELL, D.C. and MARC J. BROWNER, D.C., on behalf of themselves and all others similarly situated ("Class Plaintiffs"), by their undersigned counsel, hereby submit their Memorandum of Law in Opposition to Defendants BEECH STREET CORPORATION's ("BEECH STREET") and ADP INTEGRATED MEDICAL SOLUTIONS, INC.'s ("ADP") Motion to Extend Deadline to Respond to Plaintiffs' Motions for Class Certification ("Motion to Extend") (D.E. #357). For all the reasons set forth herein, Class Plaintiffs respectfully submit that the Motion to Extend should be denied in all respects.

### ARGUMENT

Over a year ago due to, the then pending Motions to Dismiss, Class Plaintiffs agreed to provide BEECH STREET and ADP an enlargement of time to respond to Class Plaintiffs' Motions for Class Certification. On October 3, 2000 and November 30, 2000, this Court entered Orders granting BEECH STREET and ADP 60 days from the denial of their Motions to Dismiss to file their response to the Motions for Class Certification. However, despite the fact that these Orders were entered over a year ago, BEECH STREET and ADP now assert that they need additional time to respond to the pending Motions for Class Certification. BEECH STREET's and ADP's further attempts to delay these proceedings should be denied and Class Plaintiffs' Motions for Class Certification should be granted by default

7090-00100 340408.1

2

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

This Court's September 28, 2001 Omnibus Order ("Omnibus Order") denied the pending Motions to Dismiss and lifted all discovery stays. Based on the entry of the Omnibus Oder on September 28, 2001, BEECH STREET and ADP were required by the prior Court Orders to serve their Response to the pending Motions for Class Certification on or before November 27, 2001. BEECH STREET and ADP failed to serve a Response and instead, on November 27, 2001, filed their Motion to Extend.

The arguments asserted by BEECH STREET and ADP in support of their Motion to Extend demonstrate that the Motion to Extend is a blatant effort to delay these proceedings. Nowhere in the Motion to Extend does BEECH STREET or ADP indicate what discovery they need in order to respond to the Motions for Class Certification. Nowhere in the Motion to Extend does BEECH STREET or ADP indicate that they have been precluded from obtaining this information during the past year. Instead, BEECH STREET and ADP first assert that the various unresolved motions filed by other defendants in other cases somehow have an effect on BEECH STREET's and ADP's response to the Motions for Class Certification. However, the resolution of motions filed in the other cases will have no effect whatsoever on the discovery necessary for BEECH STREET and ADP to respond to the Motions for Class Certification.

There are no pending motions to dismiss or motions to compel arbitration in the two proceedings in which BEECH STREET and ADP are defendants. The Defendants in these proceedings have filed answers. Class Plaintiffs' Motions for Class Certification in these proceedings have been pending for well over a year. Quite simply, BEECH STREET and ADP have failed to indicate how the various motions filed since September 28, 2001 have had any effect

7090-00100 340408.1                                      3



CASE NO. 00-6061-CIV-FERGUSON/SNOW

whatsoever on their ability to conduct class discovery. The reason why BEECH STREET and ADP failed to address the issue is because the various motions have had no effect on their ability to conduct class discovery. BEECH STREET and ADP have chosen not to conduct any discovery in these proceedings. Having refused to take part in discovery despite the fact that the Omnibus Order lifted all discovery stays, BEECH STREET and ADP cannot now complain that they do not have the ability to respond to the Motions for Class Certification.

BEECH STREET's and ADP's second reason why they need additional time to respond to the Motions for Class Certification is entirely disingenuous. BEECH STREET and ADP assert that their Motion for Reaffirmation of Order Staying Merits Discovery (D.E. #221) will have an effect on their response. As set forth in their Motion for Reaffirmation and in the Motion to Extend, BEECH STREET and ADP incorrectly assert that merits discovery is stayed pending the class certification determination. However, even if this is true, this provides no basis to extend their time to respond to the Motions for Class Certification. BEECH STREET and ADP admit that the "litigation will be dramatically affected depending on the Court's class certification determination." Class Plaintiffs do not disagree with this assertion. However, if this Court determines that merits discovery is still stayed and that class discovery should commence, BEECH STREET's and ADP's failure to conduct any class discovery during the past two months cannot provide the basis for them to unilaterally extend their response date. Based on a BEECH STREET's and ADP's Motion for Reaffirmation, the best result they could obtain would be a determination that merits discovery continues to be stayed while class discovery continues. It is hard to imagine how such a

4



CASE NO. 00-6061-CIV-FERGUSON/SNOW

determination would have any effect on BEECH STREET's and ADP's absolute failure to conduct any class discovery during the 60 day period subsequent to the September 28, 2001 Omnibus Order.

BEECH STREET and ADP waited to file their Motion to Extend until the last day for when they were required to respond to the pending Motions for Class Certification. BEECH STREET and ADP cannot argue that the lifting of the discovery stays relates only to class discovery, fail to take part in any class discovery, and then use their own failure in order to seek an open-ended extension of time to respond to the pending Motions for Class Certification. BEECH STREET and ADP were provided 60 days from the date of the denial of their Motions to Dismiss to respond to the Motions for Class Certification. They failed to do so.

The true intent behind BEECH STREET's and ADP's Motion to Extend is demonstrated by the relief they are seeking. BEECH STREET and ADP seek to postpone their time to respond the pending Motions for Class Certification until "more than 30 days following the later of (a) the last date on which any consolidated defendant can initiate an appeal of a denial of its motion to dismiss or arbitrate; and (b) if an appeal is filed, the date on which the order denying the motion to dismiss or arbitrate is affirmed and the matter remanded to the district court." Since issues relating to the motions to dismiss and motions to arbitrate filed by the Defendants in the other cases have no relevance whatsoever to this matter, BEECH STREET's and ADP's request is clearly a dilatory tactic. These actions were consolidated for discovery purposes. Thus, whether one of the related proceedings is compelled to arbitration has no bearing whatsoever on these matters in which the motions to dismiss have been denied and there are no issues regarding arbitration.



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Federal Rule of Civil Procedure 23 mandates that class action determinations be made at the earliest stage of the proceedings and "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." "In order to give clear definition to the action, this provision requires the court to determine, as early in the proceedings as may be practicable, whether an action brought as a class action is to be so maintained." Notes of Advisory Committee on Federal Rule of Civil Procedure 23(c)(1). Additionally, Southern District of Florida Local Rule 23.1(3) requires a plaintiff to move for class certification within "90 days after the filing of a complaint in a class action."

Pursuant to Local Rule 7.1(C), failure to serve an opposition memorandum of law "may be deemed sufficient cause for granting the motion by default." BEECH STREET and ADP have failed to comply with this Court's Orders which required them to respond to the Motions for Class Certification within 60 days after the denial of their Motions to Dismiss. The grounds set forth by BEECH STREET and ADP in their Motion to Extend are baseless and frivolous. BEECH STREET and ADP admit that the class certification determination will have a substantial impact on these cases. Yet, their refusal to respond to the Motions for Class Certification has precluded this Court from determining whether these actions should be maintained as a class action. BEECH STREET and ADP have failed to timely respond to the Motions for Class Certification and the Motions should be granted by default.

## CONCLUSION

For all the reasons set forth herein, Class Plaintiffs KEITH BRICKELL, D.C. and MARC J. BROWNER, D.C., on behalf of themselves and all others similarly situated, respectfully request



CASE NO. 00-6061-CIV-FERGUSON/SNOW

that this Court enter an Order denying Defendants BEECH STREET CORPORATION'S and ADP

INTEGRATED MEDICAL SOLUTIONS, INC.'s Motion to Extend Deadline to Respond to

Plaintiffs' Motions for Class Certification, grant their Motions for Class Certification and for such

other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By:_____
    JAN DOUGLAS ATLAS
    Florida Bar No. 226246

By:_____
    ERIC LEE
    Florida Bar No. 961299

By:_____
    ROBIN CORWIN CAMPBELL
    Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

7090-00100 340408.1                                7

ATLAS PEARLMAN
        P.A.
    ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN
A Professional Association
National Towers
Suite 2510
1 Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899  Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this _6th_ day of December, 2001 upon: all individuals on the attached service list.

ERIC LEE

7090-00100 340408.1                                    8



## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

