UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.
_____/

KEITH BRICKELL, D.C.,                  00-6649
individually and on behalf of
all others similarly situated,

     Plaintiff,

v.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION,
and ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

     Defendants.
_____/



ULTRA OPEN MRI CORPORATION,     01-6776
on behalf of itself and all others similarly
situated,

      Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

      Defendant.
_____/





CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## MOTION TO COMPEL PROGRESSIVE INSURANCE COMPANY
## DEFENDANTS TO ATTEND DEPOSITIONS AND FOR SANCTIONS

PLEASE TAKE NOTICE that Plaintiffs KEITH BRICKELL, D.C. and ULTRA OPEN MRI CORPORATION, on behalf of themselves and all others similarly situated ("Class Plaintiffs"), by their undersigned counsel, shall move this Court for the entry of an Order compelling Defendants PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, PROGRESSIVE BAYSIDE INSURANCE COMPANY, and PROGRESSIVE AMERICAN INSURANCE COMPANY ("PROGRESSIVE Defendants") to attend depositions and for sanctions. For all the reasons set forth herein, Class Plaintiffs respectfully submit that the PROGRESSIVE Defendants should be compelled to attend depositions and sanctions should be entered against the PROGRESSIVE Defendants.

## ARGUMENT

On October 23, 2001, Class Plaintiffs served a Notice of Taking Corporate Depositions on the PROGRESSIVE Defendants. Class Plaintiffs scheduled the corporate representative depositions of the PROGRESSIVE Defendants to take place on December 11 and 12, 2001, at a court reporter's office in Tampa, Florida which is the PROGRESSIVE Defendants' principal place of business. On December 7, 2001, the PROGRESSIVE Defendants, other than PROGRESSIVE AMERICAN, filed a Motion for Protective Order (D.E. #400). This Court did not grant the Motion for Protective Order prior to December 11 and 12, 2001. Counsel for Class Plaintiffs attempted to proceed with the depositions as scheduled. Counsel for the PROGRESSIVE Defendants advised that the

7090-00100 340831.1

2

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

PROGRESSIVE Defendants would not be appearing. The PROGRESSIVE Defendants did not appear at the depositions scheduled on December 11 and 12, 2001.

As this Court is aware, the Class Plaintiffs' attempts at proceeding with discovery in this consolidated action have been met with nothing but utter contempt by the Defendants, including the PROGRESSIVE Defendants. In response to the Class Plaintiffs discovery efforts, the various Defendants have filed motions seeking clarification, reaffirmation, reconsideration, to stay all proceedings, to stay all discovery, to stay merits discovery, and in the instance of the December 11 and 12 depositions, a Motion for Protective Order. Prior to serving the deposition notices, class counsel attempted to coordinate with the PROGRESSIVE Defendants and the other Defendants in choosing acceptable dates for the depositions. The PROGRESSIVE Defendants refused to cooperate.

There is no basis to permit the PROGRESSIVE Defendants to avoid discovery. This Court specifically lifted the discovery stays at the status conference on May 14, 2001 and in the September 28, 2001 Omnibus Order. Yet, rather than cooperate to resolve the discovery issues and provide dates for the depositions, the PROGRESSIVE Defendants continually refused to provide dates for depositions. The PROGRESSIVE Defendants did not attend the December 11 and 12, 2001 depositions. The PROGRESSIVE Defendants' conduct in refusing to appear at the December 11 and 12, 2001 depositions, in the absence of a protective order, is clearly inappropriate.

The absence of resolution on a motion for protective order does not eliminate the duty to appear at a deposition. Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979). As the former Fifth Circuit stated:



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to <u>get an order postponing the time of the deposition until his motion can be heard</u>. He might also appear and seek to adjourn the deposition until an order can be obtained. But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains.

<u>Id.</u> at 613 (emphasis added) (quoting <u>Pioche Mines Consolidated, Inc. v. Dolman</u>, 333 F.2d 257, 269

(9th Cir. 1964). Additionally, as one court recently stated:

When it appears that a Court is not going to be able to decide a motion to quash or a motion for protective order before the date set for a deposition, counsel for the movant should contact counsel for the party noticing the deposition and attempt to reach an agreement staying the deposition until after the Court acts on the motion to quash and/or the motion for protective order. If agreement cannot be reached, it is incumbent on counsel for the movant to file a motion to stay the deposition until the Court acts on the motion to quash and/or for a protective order and to alert the clerk to the need for immediate action on the motion to stay.

<u>Goodwin v. City of Boston</u>, 118 F.R.D. 297, 298 (D. Mass. 1988).

In <u>United States v. One Lot of U.S. Currency</u>, 628 F. Supp. 1473 (S.D. Fla. 1986), this Court

dismissed a claim where a party failed to appear for deposition. As the Court stated:

Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice. No prior court order is required for Rule 37(d) sanctions. Although courts frequently enter an order compelling discovery before entering sanctions, Rule 37(d) authorizes sanctions without violation of a prior court order.

. . .

Because claimant's total failure to appear for deposition is willful and indicative of an irresponsible attitude towards its discovery obligations, this Court has the discretion to impose harsh sanctions, such as striking the claim or entering default judgment.

<u>Id.</u> at 1476 - 1477 (citing <u>Sigliano v. Mendoza</u>, 642 F.2d 309 (9th Cir. 1981); <u>Dorey v. Dorey</u>, 609

F.2d 1128 (5th Cir. 1980) (discovery sanctions may be imposed without a prior violation of a court

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

order when a party fails to appear for deposition); National Hockey League v. Metropolitan Hockey Club, Inc., 477 U.S. 639 (1976); Properties International Limited v. Turner, 706 F.2d 308 (11th Cir. 1983)). "Rule 37 sanctions must be applied diligently . . . . to penalize those whose conduct may be deemed to warrant such a sanction . . . ." Id. at 1477 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980). The Local Rules of this Court specifically condemn The PROGRESSIVE Defendants' conduct. Appendix A, Section VI(B) provides:

> In addition to the procedures and guidelines governing the filing of motions for a protective order, counsel should be aware that the mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the discovery requested or scheduled. For example, a motion for protective order will not prevent a deposition from occurring; only a court order granting the motion will accomplish this.

(emphasis added).

The Omnibus Order specifically lifted all discovery stays. This Court's September 28, 2001 Trial Order specifically orders that discovery will not be stayed. The PROGRESSIVE Defendants' outright refusal to attend the scheduled depositions clearly violates the Federal Rules of Civil Procedure, this Court's Local Rules, the Omnibus Order and this Court's Trial Order. The PROGRESSIVE Defendants have unilaterally and indefinitely postponed the depositions without any authority from the Court and in disregard for this Court's Orders specifically indicating that discovery would not be stayed.

The PROGRESSIVE Defendants have no basis to avoid depositions. There is no pending motion to dismiss in the actions relating to the PROGRESSIVE Defendants. There are no pending motions to compel arbitration in the actions in which the PROGRESSIVE Defendants are parties. In fact, the PROGRESSIVE Defendants have not sought to stay discovery in their actions. The



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

PROGRESSIVE Defendants' assertion that the pending Motions filed by the other Defendants should somehow postpone their depositions is misplaced. There is no discovery stay in the PROGRESSIVE Defendants' actions. The PROGRESSIVE Defendants have had since October 23, 2001 to address this issue with the Court. Instead, the PROGRESSIVE Defendants, other than PROGRESSIVE AMERICAN, filed a Motion for Protective Order just days before the scheduled depositions. In the case of PROGRESSIVE AMERICAN, there is no pending motion for protective order or any other motion which would allow PROGRESSIVE AMERICAN to refuse to attend its deposition. The PROGRESSIVE Defendants' failure to appear for depositions is willful and indicative of an irresponsible attitude towards their discovery obligations. Accordingly, sanctions are appropriate.

The PROGRESSIVE Defendants have also waived any right to seek a protective order and to raise the objections to the Notice of Taking Depositions. Pursuant to Local Rule 26.1(H)(1):

> All motions relating to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file discovery motions within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a wavier of the relief sought.

(emphasis added). The Notices of Taking Depositions were served on October 23, 2001. The PROGRESSIVE Defendants had until November 22, 2001 to file a motion for protective order and/or object to the Notice. The PROGRESSIVE Defendants did not serve their Motion for Protective Order within the applicable time period under the Local Rules. Accordingly, the PROGRESSIVE Defendants have waived their right to seek a protective order and have waived their right to object to the categories set forth in the Notices of Taking Depositions.

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

As to the categories set forth in the Notice, they are specific and seek information relevant to the claims asserted in these proceedings. The only category that is arguably overbroad is category (C) which relates to the Defendant's automobile insurance policies. Class Plaintiffs agree to limit this category to the personal injury protection and med pay provisions as they relate to PPO reductions in Florida. This limitation is specific and seeks information relevant to the claims asserted in this action.

## CONCLUSION

For all the reasons set forth herein, Plaintiffs KEITH BRICKELL, D.C. and ULTRA OPEN MRI CORPORATION, on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order compelling Defendants PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, PROGRESSIVE BAYSIDE INSURANCE COMPANY, and PROGRESSIVE AMERICAN INSURANCE to attend the previously scheduled depositions, awarding attorneys' fees and costs incurred in filing this Motion, imposing sanctions against the PROGRESSIVE Defendants by striking the PROGRESSIVE Defendants' pleadings or by barring the PROGRESSIVE Defendants from presenting any witnesses at the trial of this matter, and awarding such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN
A Professional Association
National Towers
Suite 2510
1 Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899  Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this _____ day of December, 2001 upon: all individuals on the attached service list.

ERIC LEE

ATLAS PEARLMAN
ATTORNEYS AT LAW

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin. Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY,  SIMBERG,  GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

