UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-Civ-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

       Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

       Third-Party Defendant.
_____/



CHIROPRACTIC CENTRE, INC., on behalf          01-6783
of itself and others similarly situated,

       Plaintiffs,
v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the Court on Met's Motion to Compel Arbitration (Docket Entry 17 in 01-6783), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

      The complaint was filed on May 8, 2001, alleging that the defendant unlawfully reduced payments to the plaintiff, a medical



provider who treated persons making claims under the Personal Injury Protection ("PIP") portion of the defendant's automobile insurance policies.  The plaintiff participates in a preferred provider organization ("PPO") network, whereby he charges reduced fees to members of the PPO.  The plaintiff alleges that although the defendant never contracted to participate in the PPO, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of fees charged to members of the PPO.  The complaint alleges claims for breach of contract, unjust enrichment, declaratory judgment, RICO wire and mail fraud and violation of Fla. Stat. § 627.736.  The plaintiff filed a motion to certify the case as a class action.

The case was transferred to the calendar of The Honorable Wilkie D. Ferguson, Jr., since it was similar to other cases pending before him.  On October 22, 2001, the defendant filed the instant motion to dismiss or stay the litigation and to compel the plaintiff to participate in arbitration.  The motion is fully briefed and ripe for consideration.

<u>II.  RECOMMENDATIONS OF LAW</u>

<u>A.</u>        <u>The Arbitration Clause</u>

Attached to the complaint is a claim for services provided to Mr. Daniel Hoffman on March 17, 2000.  The defendant filed a copy of Mr. Hoffman's policy issued June 7, 1999, which provides:

> 6. Arbitration. There shall be binding
> arbitration of any claims dispute involving
> medical benefits arising between us and any
> person providing medical services or supplies
> if that person has agreed to accept assignment
> of personal injury protection benefits. The
> provisions of Chapter 682 of the Florida
> Arbitration Code relating to arbitration
> shall apply.

Docket Entry 15, Policy, Endorsement FL #2B.

The defendant asserts that this clause is binding on the plaintiff, who bases his claims on his status as an assignee under the PIP contract. Interpool Ltd. v. Through Transport Mutual Insurance Association, Ltd., 635 F.Supp. 1503, 1505 (S.D.Fla. 1985)(A non-signator to a contract is bound to the arbitration clause if the non-signator invokes the benefits of the contract as a third party beneficiary); Orion Ins. v. Magnetic Imaging Systems I, Ltd., 696 So.2d 475, 478 (Fla. 3d DCA 1997)(the third party beneficiary of an insurance policy is bound by the arbitration clause in that policy).

The plaintiff cites Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000) in which the Florida Supreme Court held that the mandatory arbitration requirement of that statute was stricken as unconstitutional. In Pinnacle, persons with PIP coverage from Delta Casualty Company ("Delta"), sought treatment from Pinnacle, and assigned to Pinnacle their right to payment from Delta. Pinnacle submitted a bill which Delta refused to pay; Pinnacle sued as the insured's assignee. Delta moved to dismiss the case, asserting that the claim was

3

subject to arbitration pursuant to Fla. Stat. § 627.736(5), which
provided

> Any physician, hospital, clinic, or other
> person or institution lawfully rendering
> treatment to an injured person . . . may
> charge only a reasonable amount . . ., and the
> insurer providing such coverage may pay for
> such charges directly to such person or
> institution lawfully rendering such treatment,
> if the insured receiving such treatment . . .
> has countersigned the invoice, bill or claim
> form approved by the Department of Insurance.
> . . .
> Every Insurer shall include a provision in its
> policy for personal injury protection benefits
> for binding arbitration of any claims dispute
> involving medical benefits arising between the
> insurer and any person providing medical
> services or supplies if that person has agreed
> to accept assignment of personal injury
> protection benefits.  The provision shall
> specify that the provisions of chapter 682
> relating to arbitration shall apply.

Fla. Stat. § 672.736(5)(the arbitration provision in the second
paragrpaph was added in 1991).

Florida's Supreme Court found that the arbitration
provision denied medical providers access to the courts in
violation of Article I, Section 21 of the Florida Constitution.
The statute promoted assignment of benefits to insure prompt
medical care for the insured. The court found that the medical
providers lost their access to the courts because their right to
appeal was severely limited under the Florida Arbitration Code
("FAC") while they did not receive any commensurate benefit from

4

the statute.[1]  Indeed, the provider was subject to additional
liability because the statute automatically provided attorneys'
fees to the prevailing party.  The court found that this provision
worked against the prompt treatment of insureds, since it caused
providers to require immediate payment from the insureds, rather
than risking attorneys' fees if it lost a contested arbitration
with the insurer.  The court concluded, "Accordingly, we affirm the
decision of Fifth District Court of Appeal below and hold be
unconstitutional the portion of section 627.736(5), Florida
Statutes (1997) requiring mandatory arbitration for all medical
provider assignees . . .."  Id. at 59.

     The defendant asserts that Pinnacle merely invalidates
the Florida statute to the extent that it mandated arbitration for
medical care providers under a PIP contract.  The defendant argues
that the case does not invalidate independent contractual
agreements which require such arbitration.  Livingston v. State
Farm Mutual Automobile Insurance Co., 774 So.2d 716, 717 (Fla. 2d
DCA 2000).

     However, the Livingston PIP contract was not before the
court, which decided the case based on the statute. The court
stated in dicta that "Pinnacle did not address whether a health

---

[1] The Court compared the PIP provision with Florida's
Worker's Compensation Act, which provided uncontested no-fault
benefits to the worker in return for denying the him the right to
sue the employer.  In other cases upholding mandatory
arbitration, a right to appeal existed.  753 So.2d at 58.

care provider may agree to arbitration when it accepts an assignment." Further dicta suggested that the health care provider who accepted assignment under a statutorily-mandated arbitration clause was now free to either compel arbitration or sue the insurer. <u>Id.</u> at 18.

The defendant also cites two cases decided before <u>Pinnacle</u> requiring arbitration based on the contract, rather than on the statute. <u>Orion</u>, 696 So.2d at 477-78 (holding that the statute required arbitration, and finding that the language of the policy - mandated by the statute - also required arbitration); <u>Fortune Insurance Co. v. U.S.A. Diagnostics, Inc.</u>, 684 So.2d 208 (Fla. 4th DCA 1996);(When the arbitration clause in the contract is broader in scope than that required by the statute, the Court will enforce the contract).

However, one Florida court cited <u>Pinnacle</u> to invalidate a PIP <u>contractual</u> arbitration clause drafted while the arbitration requirements were part of the statute. <u>Union American Insurance Co. v. U.S.A. Diagnostics, Inc.</u>, 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP <u>contract</u> requiring arbitration, finding that the issue had been decided by <u>Pinnacle</u>).

The Court finds that <u>Pinnacle</u> struck down all statutorily-mandated arbitration clauses in PIP insurance contracts. <u>Union American</u>, <u>supra</u>. The defendant has cited no legal authority in support of its argument that a contract drafted while

the statute was in effect, which complies with the language of the statute, actually contains an insurer/provider medical claims arbitration clause which was not mandated by the statute.

In the instant case, the 1999 policy with the arbitration clause cannot be deemed to be an independent contract between the parties. The clause appears in a special endorsement for Florida policies, rather than in the main policy.  The endorsement was written while the statute was in effect. The arbitration clause, while rearranging the statutory words to form a single sentence, does not expand or alter the requirements set by the statute. There is no evidence that this arbitration clause was an agreement between the parties which was formed independently from the statute.

Accordingly, the statutorily-mandated arbitration clause must be stricken as in violation of Florida's Constitution. Pinnacle.  Union Diagnostics.

The defendant asserts that even if the clause is invalid under Florida law, it must be enforced under the Federal Arbitration Act, 9 U.S.C. § 1, et seq., which codifies the strong federal policy favoring arbitration. Green Tree Financial Corp. v. Randolph, 531 U.S. 79, 91, 121 S.Ct. 513 (2000)(an arbitration agreement which does not include a provision for the payment of costs remains effective insofar as it mandates arbitration, and must be enforced by the courts).

In <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 104 S.Ct. 852 (1984), the Supreme Court held that 9 U.S.C. § 2 bars states from enacting laws prohibiting arbitration. The statute provides that arbitration clauses might be revoked only upon "grounds as exist at law or in equity for the revocation of any contract," and that enforceability is not subject to "any additional limitations under state law." 465 U.S. at 11, 104 S.Ct. at 858. The Court upheld a contractual arbitration clause which the parties agreed to in spite of state law prohibiting arbitration clauses in franchise investment contracts.

The state cannot interfere with the "ability of contracting parties to freely enter into arbitration agreements." <u>Securities Industry Association v. Lewis</u>, 751 F.Supp. 205, 207 (S.D.Fla. 1990).

However, the parties must freely enter into the arbitration agreement. When the parties are forced into a contractual arbitration agreement by a statute which later is found to be unconstitutional, the court should not enforce the arbitration clause. In the instant case, there was no Florida statute prohibiting arbitration clauses in PIP insurance policies. Rather, an unconstitutional statute attempted to require arbitration. After the statute was stricken, the <u>Union American</u> Court held that arbitration clauses forced on the parties by the unconstitutional statute could not be enforced.

Accordingly, the Court must deny the motion to compel arbitration in this case.

B.        Assignment of the Arbitration Clause

The undersigned will briefly consider the other argument raised by the plaintiff, should the Court determine that the arbitration clause has not been stricken by the <u>Pinnacle</u> decision.

The plaintiff contends that even if the arbitration clause was not mandated by the statute, the insured cannot bind the provider to an arbitration agreement which exists in the contract between the defendant and the insured.  <u>Federated Title Insurers, Inc. v. Ward</u>, 538 So.2d 890, 891 (Fla 4th DCA 1989)("Arbitration provisions are personal covenants, usually binding only upon the parties to the covenant;" an employment contract was not binding on the parent or subsidiary of the employing corporation); <u>Karlen v. Gulf & Western Industries, Inc.</u>, 336 So.2d 461 (Fla. 3d DCA 1976)(arbitration agreement was not binding on corporate successor).  The plaintiff contends that the insured cannot bind its unknown assignee, the future medical provider, to arbitration.

The defendant asserts that the plaintiff cannot base its complaint on its status as a third party beneficiary to the policy, who accepted assignment of the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. <u>Interpool Ltd. v. Through Transport Mutual Insurance Assoc. Ltd.</u>, 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. "The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract."
>
> Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and "a party may be bound by an agreement to arbitrate even in the absence of a signature." (citations omitted).

The result is the same under Florida law. The Livingston court noted that the provider has the option to not accept the assignment. The court found that once a medical provider accepted assignment under a PIP contract, he held "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract." 774 So.2d at 718. See also, Orion, 696 So.2d at 476-77.

The arbitration clause at issue specifically binds the medical provider, even though that provider did not sign the contract. Accordingly, if the arbitration clause has not been stricken by Pinnacle, the arbitration clause in the PIP contract is binding on the plaintiff. Moreover, all of the plaintiff's claims are subject to arbitration, since they all arise out of the claim for unpaid benefits. Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987).

---

The plaintiff argues that only the benefits were assigned, and that the arbitration clause was not assigned. However, none of the cases cited by the plaintiff involve a contract which specifically states that the assignee is required to engage in arbitration.

10

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13 day of December, 2001.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: Attached Service List 01-6783

## SERVICE LIST

## CONSOLIDATED CASE 00-6061-CIV-FERGUSON/SNOW

### Chiropractic Centre, Inc. v. Metropolitan Casualty          01-6783

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Gold and Phillips)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Marcy Aldrich, Esq. (D and Local Counsel for Lennard)
Jeffrey Lennard, Esq. (D)