IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant
_____/

CASE NO. 00-6061-CIV-FERGUSON/SNOW

NIGHT BOX FILED

DEC 13 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

SALVATORE LARUSSO D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on
on behalf of himself and others similarly situated,

    Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

01-8110

### FLORIDA FARM BUREAU'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION ON ARBITRATION

Pursuant to 28 U.S.C. Section 636(b)(1)(C) and Southern District of Florida Local Rule 4(a)(1), Defendant Florida Farm Bureau Casualty Insurance Company ("Florida Farm Bureau" or "the Company") files this Response to the Plaintiff's Objections to the Report and




Recommendation of Magistrate Judge Snow on Florida Farm Bureau's Motion to Compel Arbitration. For the reasons set forth below, the Plaintiff's objections do not provide the Court with any reason to overrule those portions of the Report and Recommendation in which the Magistrate held in our favor.

### Standard Of Review

Pursuant to 28 U.S.C. Section 636(b)(1)(C), this Court must undertake a *de novo* review of those portions of the Report and Recommendation ("Report") to which a party objects. *Lynch v. Silcox*, No. 01-8800-CIV, 2001 WL 1200656 (S.D. Fla. Oct. 4, 2001) at *2. Those portions of the Report not objected to are subject to review under a clear error standard. *Id.* Therefore, because the Plaintiff did not object to the Magistrate's finding that Florida Farm Bureau had not waived its right to arbitration by filing a motion to dismiss the Complaint, the Court must uphold that finding unless it determines the finding was clearly erroneous.

### Background

This is a purported class action lawsuit in which the sole named Plaintiff, Dr. Salvatore Larusso ("Larusso"), attempts to plead violations of the federal Racketeering Influenced Corrupt Organizations (RICO) statute as well as a variety of state law causes of action against Florida Farm Bureau. The gist of the Complaint is Larusso's dissatisfaction with the amounts Florida Farm Bureau reimbursed him for providing medical treatment to the Company's policy holders who had been in car accidents.

Larusso's Complaint is based in large part on Florida Farm Bureau's standard automobile insurance policy ("the Policy"). *See* Complaint at ¶¶ 7-11 (describing the requirements of Florida Farm Bureau's Policy with respect to reimbursing policy holders for reasonable and necessary medical expenses). Count II of the Complaint alleges that Larusso is a third-party

2

beneficiary of the Policy and that Florida Farm Bureau has breached the Policy by not paying Larusso the required amounts for treatment of insureds. *Id.* at ¶¶ 93-100.

Our Motion to Compel Arbitration ("Motion") was based on a contractual provision in the Policy requiring health care providers who accept an assignment of benefits from policy holders to arbitrate any claims against the Company involving medical expenses. In his response to our Motion, Larusso did not contest the fact that he accepted an assignment of personal injury protection benefits under the Policy. We explained that because Larusso accepted an assignment of benefits, and because he alleged he was a third-party beneficiary of the Policy, he was bound by the clause in the Policy requiring him to arbitrate these claims.

### The Magistrate's Report And Recommendation

The Magistrate's primary finding was that Florida Farm Bureau could not compel Larusso to arbitrate his claims because there was no valid agreement to arbitrate. The Magistrate based that finding on the Florida Supreme Court's opinion in *Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.*, 753 So. 2d 55 (Fla. 2000). In *Pinnacle*, the Florida Supreme Court struck down Florida Statute Section 627.736(5) as violating the Florida Constitution. That statute had not specifically mandated arbitration, but instead required insurers such as Florida Farm Bureau to insert provisions in their policies stating that health care providers who accepted an assignment of benefits had to arbitrate claims concerning those benefits. Report at 4-5. But the Magistrate, without any basis in Florida law to support her conclusion, found that *Pinnacle* went even further than invalidating the statute, and also "struck down all statutorily-mandated arbitration clauses in PIP insurance contracts." Report at 7. She therefore held that because the arbitration agreement had been entered into ***before*** the *Pinnacle* decision, that contractual agreement was rendered void by *Pinnacle* and is therefore not a valid agreement to arbitrate.

3

She then went on, however, to state that *if she were incorrect* in her conclusion about *Pinnacle*, and if *Pinnacle* did not, in fact, strike down contractual arbitration agreements (as opposed to just the statute),[1] then there *would* be a valid agreement to arbitrate between Florida Farm Bureau and Larusso. The Magistrate based this conclusion upon well-settled Florida and federal law that Larusso was a third-party beneficiary of the Policy and thus subject to the requirements of the arbitration agreement. Report at 8-9.

### Larusso's Objections

Larusso objects to the Magistrate's Report and Recommendation on two grounds:

(1) Larusso claims that the Magistrate erred in concluding that the arbitration agreement here is invalid *only* because it was entered into before *Pinnacle*; and

(2) Larusso claims that even if the arbitration agreement in the Policy *were* valid, it could not bind him because he was not a party to the Policy.

We address each argument in turn.

#### 1. THE DATE OF THE *PINNACLE* DECISION IS IRRELEVANT BECAUSE *PINNACLE* DID NOT INVALIDATE ALL *CONTRACTUAL* ARBITRATION AGREEMENTS

Larusso thinks the Magistrate's Report did not go far enough in interpreting *Pinnacle's* scope. He wants the Court to hold that *Pinnacle* invalidated all contractual arbitration agreements entered into before *and after* the *Pinnacle* decision. That objection is irrelevant here, because the Magistrate's Report in *this* case did not concern itself with *Pinnacle's* effect on arbitration agreements entered into after *Pinnacle*. What Larusso is really upset about is that in *another* case, the Magistrate recommended that an insurance company's motion to compel arbitration be granted because the insurance policy and arbitration agreement at issue in that case

---

[1] As we set forth in our Objections to the Report and discuss briefly below, we believe the Magistrate *was* incorrect in her conclusion about *Pinnacle*. That case did invalidate a state statute, but it did not invalidate all contractual arbitration agreements such as the one at issue here.

4

were entered into after *Pinnacle.* See Magistrate's Report and Recommendation in *Ultra Open MRI Corp. v. Prudential Property and Casualty Ins. Co.*, Case No. 01-6778-CIV-FERGUSON/SNOW. Larusso apparently is trying to argue *here* why *that* Report and Recommendation is wrong, which is simply irrelevant.

Larusso's difficulty with *Pinnacle* in *this* case arises directly from the limited holding of *Pinnacle.* The holding of the Florida Supreme Court is clear:

> We agree with the Fifth District that the mandatory arbitration *provision of section 627.736(5)* is unconstitutional. However, we reach this conclusion by finding that *the provision* violates the right of medical providers to access to courts provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee *provision* of section 627.736(5) violates the due process rights of medical providers in violation of article I, section 9 of the Florida Constitution.

*Pinnacle,* 753 So.2d at 57 (emphasis added).

*Pinnacle* invalidated a state statute, and nothing more. By its terms it did not invalidate all agreements to arbitrate. In fact, it did not even address them. Indeed, *Pinnacle* could *not* have invalidated this or any other contractual agreement to arbitrate on the grounds enunciated in its holding. As we explained in our Objections to the Magistrate's Report, federal law – and in particular the Federal Arbitration Act, 9 U.S.C. Section 2 *et seq.* ("the FAA") – governs the enforceability of the arbitration agreement in the Policy. In enacting the FAA, Congress created "a body of *federal substantive law* of arbitrability, applicable to *any arbitration agreement* within the coverage of the Act ... *not withstanding any state substantive or procedural policies to the contrary.*" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (emphasis added).

In other words, federal law does not allow states to impose restrictions on the enforceability of *contractual* agreements to arbitrate. *See, e.g., Southland Corp. v. Keating*, 465

U.S. 1 (1984). Any state law that purports to restrict the enforceability of arbitration agreements violates the Supremacy Clause of the U.S. Constitution, as the U.S. Supreme Court in *Southland* held. Employing the same reasoning, federal courts have repeatedly and uniformly struck down state laws purporting to restrict the enforceability of arbitration agreements. *Allied-Bruce*, 513 U.S. at 272 (reaffirming *Southland*); *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681 (1997) (striking down Montana statute requiring arbitration clauses to be underlined and in capital letters because it violated the FAA); *S+L+H S, P.A., v. Miller-St. Nazianz, Inc.*, 988 F.2d 1518 (7th Cir. 1993) (invalidation of arbitration clause under state fair dealership law preempted by FAA); *Osterneck v. Merrill Lynch*, 841 F.2d 508 (3d Cir. 1988) (FAA preempted provision in Pennsylvania securities act precluding enforcement of arbitration clause covering claims arising under that state law); *Haluska v. RAF Fin. Corp.*, 875 F. Supp. 825, 829 (N.D. Ga. 1994) (FAA preempted provision in Georgia Minimum Wage Law requiring judicial forum for claims made under that law); *Securities Indus. Ass'n v. Lewis*, 751 F. Supp. 205 (S.D. Fla. 1990) (provision of Florida's Securities Investor Protection Act invalidating arbitration agreements that did not provide for an independent, non-industry arbitration forum was preempted by the FAA).

Thus it is clear that even if the Florida Supreme Court in *Pinnacle* had wanted to strike down *en masse* every contractual arbitration provision agreement in the state, it could ***not*** have done so without running afoul of *Southland* and its progeny. The FAA quite simply would preempt any attempt by the Florida Supreme Court to invalidate contractual arbitration agreements such as the one in this case. Consequently, the ***most*** that *Pinnacle* could have done would have been to invalidate the state law mandating arbitration; it could not legitimately invalidate any contractual arbitration agreements.

6

In sum, regardless of her reasoning, the Magistrate erred in concluding that *Pinnacle* struck down all arbitration agreements such as the one here. And for the same reasons, Larusso erroneously argues that the Magistrate should have interpreted *Pinnacle* to have an even broader application than either the Magistrate gave it or the Florida Supreme Court could have intended.

### 2. LARUSSO IS BOUND BY THE TERMS OF THE POLICY TO ARBITRATE

Larusso had argued before the Magistrate that he could not be bound to the arbitration agreement in the Policy because he was not a party to it. The Magistrate in her Report initially concluded that *Pinnacle* had invalidated the arbitration agreement here. She then turned to Larusso's argument that he could not be required to arbitrate because he was not a party to the Policy. The Magistrate made it clear that she was reaching this argument only based on the assumption that her initial conclusion about *Pinnacle* was ***wrong*** and that *Pinnacle* had ***not*** invalidated all contractual arbitration agreements such as the one here. The Magistrate concluded that ***if*** she were incorrect about *Pinnacle*, then Larusso ***would*** be bound to arbitrate.

Larusso objects to this conclusion because: (1) he was not a party to the Policy; and (2) since the insureds could not be compelled to arbitrate, neither could he.

Larusso raised the very same arguments in his response to our Motion, and the Magistrate soundly rejected them. Larusso's objections do not raise any new points, but merely repeat in truncated form the assertions he made in his response. As we pointed out in our Motion, and as the Magistrate agreed in her Report, Larusso did not have to be a party to the Policy in order to be compelled to arbitrate. Larusso himself alleged in the Complaint that he was a third-party beneficiary of the Policy. As the Magistrate concluded, Larusso cannot base his Complaint on his status as a third-party beneficiary to the Policy who accepted an assignment of benefits from an insured, then at the same time claim the assignment is not binding on him. Report at 8. The

law is clear that a third-party beneficiary of a contract cannot accept the benefits but avoid the burdens of a contract. *Interpool Ltd. v. Through Transport Mut. Ins. Assoc. Ltd.*, 635 F. Supp. 1503, 1505 (S.D. Fla. 1985). A third-party beneficiary is bound by the terms and conditions of the contract it attempts to invoke. *Id.*

Furthermore, the fact that the insureds could not be compelled to arbitrate overlooks the fact that there is a specific clause in the Policy requiring **medical providers** to arbitrate **if they accept an assignment of benefits**. As the Magistrate noted, a medical provider has the option not to accept an assignment of benefits. Report at 9. Once the medical provider accepts an assignment, he is bound by the arbitration agreement. *Id., citing Livingston v. State Farm Mut. Automobile Ins. Co.*, 774 So. 2d 716, 718 (Fla. 2d DCA 2000). Consequently, the Magistrate was entirely correct in concluding that if *Pinnacle* did not invalidate all contractual arbitration provisions such as the one here, then Larusso would be bound by that arbitration provision as a third-party beneficiary who accepted an assignment of benefits under the Policy.

## Conclusion

For the foregoing reasons, the Court should reject Larusso's objections to the Report and uphold the Magistrate's finding that Larusso is a third-party beneficiary of the Policy bound by the Policy's arbitration clause. As set forth in our objections to the Report, the Court should reverse the Magistrate's finding that *Pinnacle* struck down the arbitration agreement in this case, and grant our motion to compel arbitration.

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (fax)
Attorneys for the Defendant

By: *Robert K. Levenson*
Gregory Baldwin
Florida Bar No. 527394
Robert K. Levenson
Florida Bar No. 0089771

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing memorandum was served by U.S. Mail on all counsel on the attached service list, this 14th day of December, 2001.

*Robert K. Levenson*
HOLLAND & KNIGHT LLP

MIA1 #1097833 v2

9

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 12/13/01)

| Co-Lead Counsel for Plaintiffs | Co-Counsel for Plaintiffs | Counsel for Beech Street and ADP |
|---|---|---|
| ATLAS PEARLMAN, P.A.<br>Eric Lee, Esq.<br>lee@atlaslaw.com<br>Jan Douglas Atlas, Esq.<br>atlas@atlaslaw.com<br>Robin Corwin Campbell, Esq.<br>campbell@atlaslaw.com<br>Suite 1700<br>350 East Las Olas Boulevard<br>Fort Lauderdale, FL 33301<br>(954) 763-1200<br>(954) 766-7800 Facsimile<br><br>GOLD & COULSON<br>Arthur S. Gold, Esq.<br>asg@gcjustice.com<br>11 S. LaSalle Street, Suite 2500<br>Chicago, IL 60603<br>(312) 372-0777<br>(312) 372-0778 Facsimile<br><br>PHILLIPS & GARCIA<br>Andrew Garcia, Esq.<br>agarcia@phillipsgarcia.com<br>Carlin Phillips, Esq.<br>cphillips@phillipsgarcia.com<br>13 Ventura Drive<br>North Darthmouth, MA 02747<br>(508) 998-0800<br>(508) 998-0919 Facsimile<br><br>KOPELMAN & BLANKMAN, P.A<br>Lawrence M. Kopelman, Esq.<br>Douglas Blankman, Esq.<br>dblan2155@aol.com<br>Bank of America Tower<br>One Financial Plaza<br>Suite 2510<br>Fort Lauderdale, FL 33394<br>(954) 462-6855<br>(954) 462-6899 Facsimile | Susan L. Lawson, Esq.<br>personalinjurylawyer@earthlink.net<br>Suite 200<br>230 East Davis Boulevard<br>Tampa, FL 33606<br>(813) 251-8879<br>(813) 251-5786  Facsimile<br><br>RICHARD BOKOR, P.A.<br>Richard Bokor, Esq.<br>rabokor1@tampabay.rr.com<br>230 East Davis Boulevard<br>Tampa, FL 33606<br>(813) 251-1000<br>(813) 254-6327 Facsimile<br><br>Casey Fundaro, Esq.<br>fundaro@aol.com<br>1100 5th Avenue S., Suite 201<br>Naples, FL 34102-6407<br>(941) 435-7995<br>(941) 435-1269<br><br>**Counsel for:**<br>**Allstate, Fidelity and Casualty,**<br>**Continental, Deerbrook**<br><br>RUMBERGER, KIRK & CALDWELL<br>David B. Shelton, Esq.<br>dshelton@rumberger.com<br>Signature Plaza, Suite 300<br>201 South Orange Avenue (32801)<br>Post Office Box 1873<br>Orlando, Florida 32802-1873<br>(407) 872-7300<br>(407) 841-2133 Facsimile<br><br>ROSS & HARDIES<br>Peter J. Valeta, Esq.<br>peter.valeta@rosshardies.com<br>150 N. Michigan Avenue<br>Suite 2500<br>Chicago, IL 60601<br>(312) 750-3619<br>(312) 920-7241 Facsimile | TEW, CARDENAS,et al.<br>John M. Quaranta, Esq.<br>jmq@tewlaw.com<br>(305)539-2495<br>Thomas C. Tew, Esq.<br>tt@tewlaw.com<br>(305) 539-2106<br>Joseph A. DeMaria, Esq.<br>jad@tewlaw.com<br>(305) 539-2440<br>Miami Center, 26th Floor<br>201 S. Biscayne Boulevard<br>Miami, Florida 33131-4336<br>(305) 536-1116 Facsimile<br><br>**Counsel for Progressive**<br><br>ANANIA, BANDKLAYDER, et al.<br>Francis Anania, Esq.<br>fanania@anania-law.com<br>Donald A. Blackwell, Esq.<br>dblackwell@Anania-law.com<br>NationsBank Tower, Suite 4300<br>100 Southeast Second Street<br>Miami, Florida 33131<br>(305) 373-4900<br>(305) 373-6914 Facsimile<br><br>**Counsel for CCN**<br><br>MCGUIRE WOODS, LLP<br>William W. Deem, Esq.<br>wdeem@mcguirewoods.com<br>William E. Adams, Esq.<br>badams@mcguirewoods.com<br>3300 Bank of America Tower<br>50 North Laura Street<br>Jacksonville, FL  32202<br>(904) 798-3200<br>(904) 798-3207 Facsimile |

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934-Facsimile

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934-Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

BUTLER BURNETTE PAPPAS
Lauren D. Levy, Esq.
llevy@bbplaw.com
Alfred I. DuPont Building
169 East Flagler Street, Suite 1300
Miami, Florida 33131
(305) 416-9998
(305-416-6848-Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

MIA1 #1090605 v1