## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division

### CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,
                Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.,
           Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

        Third-Party Defendant.
_____/

MARC J. BROWNER, D.C., individually and
on behalf of all others similarly situated,

        Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.

        Defendants.
_____/

**Respectfully referred to**
**U.S. Magistrate Judge Lurana Snow**

NIGHT BOX
FILED

DEC 14 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

00-7163

### BEECH STREET CORPORATION AND ADP INTEGRATED MEDICAL SOLUTIONS REPLY IN SUPPORT OF THEIR MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION

       Beech Street Corporation ("Beech Street") and ADP Integrated Medical Solutions, Inc.

("ADP") hereby file their Reply in Support of Their Motion to Extend Deadline to Respond to

Plaintiffs' Motion for Class Certification.  In support thereof Beech Street and ADP state as follows:

## I. THE CLASS PLAINTIFFS HAVE ALWAYS ADVOCATED FOR A UNIFORM BRIEFING AND HEARING SCHEDULE FOR CLASS CERTIFICATION

### ARGUMENT

In filing their Motion for Extension of the Deadlines to Respond to Plaintiffs' Class Certification Motions (the "Motion"), Beech Street and ADP argued to the Court that for the reasons set forth in the Motion, a uniform class certification discovery and briefing schedule and evidentiary hearing for all of the 15 consolidated cases would be the most efficient way to address the class certification issue.[1]  Despite originally advocating this position, now, in their Memorandum of Law in Opposition, Drs. Brickell and Browner for unknown tactical reasons want to recede from treating this case as consolidated and proceed as if it was not.  Dr. Brickell and Dr. Browner cannot cherry pick, nor, can they have it both ways.  For the past two years and Drs. Brickell and Browner have been asserting to this Court that these instant cases should be consolidated with the 13 other pending cases.  In order to achieve the resulting consolidation, Drs. Brickell and Browner asserted before this Court that:

> Consolidation of these matters will clearly be beneficial to all parties involved.  Consolidation will benefit the parties by streamlining the discovery process, avoiding duplicative discovery, minimizing discovery issues, consolidating pre-trial motions and insuring that all these matters can be efficiently adjudicated by this Court. (emphasis added).

---

[1] While Beech Street and ADP wholeheartedly believe that consolidation of these matters is procedurally improper, Beech Street and ADP accept the fact that it is.  Additionally, while the Court presently asserts that this matter is only consolidated for discovery, it presumably will consolidate it for trial, being as all 15 cases are scheduled to start trial in the same courtroom before the same judge at the same time.

2

See Drs. Brickell and Browner's Motion to Consolidate all pending PPO reduction class actions attached hereto as Exhibits "A" and "B." Their argument against a uniform discovery briefing and hearing schedule is the antithesis of their earlier position and should, at this late date, be ignored by the Court.

Furthermore, in their proposed Case Management Order these very Plaintiffs proposed a uniform class certification response date (although on a much shorter time frame). A printout of Plaintiffs' proposal is attached hereto as Exhibit "C." The Court should not permit the Lead Plaintiffs to simply change their position for tactical reasons. The Court should grant the Motion.

## II. BEECH STREET AND ADP HAVE NOT ENGAGED IN DISCOVERY BECAUSE THE COURT HAS NOT YET ENTERED A CONFIDENTIALITY ORDER.

As a final matter, Beech Street and ADP are compelled to point out to the Court a false assertion in Plaintiffs' Memorandum in Opposition. Therein, the Plaintiffs claim that "the resolution of motions filed in other cases will have no effect whatsoever on the discovery necessary for Beech Street and ADP to response to the Motions for Class Certification." Memorandum at 3. That is simply not true.

As set forth in the various motions for and against the entry of a Confidentiality Order, the parties have pointed out to the Court that the Consolidated Defendants herein are competitors. As such, the parties, even if they were willing to, could not begin discovery in this until the Court enters the appropriate Confidentiality Order that limits the dissemination of the Consolidated Defendants' trade secrets. The simple fact of the matter is that the Court has not yet entered a Confidentiality Order in this consolidated case.

3

## CONCLUSION

WHEREFORE, based upon the foregoing Beech Street and ADP respectfully request that the Court grant their Motion to Extend Deadline to Respond to Plaintiffs' Motions for Class Certification.

Respectfully submitted,

**TEW CARDENAS REBAK KELLOGG**
**LEHMAN DeMARIA TAGUE**
**RAYMOND & LEVINE L.L.P.**
Co-Counsel for Defendants Beech Street Corp.
and ADP Integrated Medical Solutions, Inc.
2600 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-536-1112
Facsimile: 305-536-1116

By: _____
    John M. Quaranta
      Florida Bar No. 940641
      jmq@tewla.com
    Kenneth D. Murena
      Florida Bar No. 147486
      kdm@tewlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via U.S. Mail this 14th day of December, 2001 on all counsel listed on the attached Service List.

_____
Counsel

::ODMA\MHODMA\Miami;320497;1

4

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/03/01)

### Co-Lead Counsel for Plaintiffs

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

### Counsel for:
### Allstate, Fidelity and Casualty,
### Continental, Deerbrook

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
5300 Bank of America Center
Post Office Box 4099
Jacksonville, FL 32202-4099
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-7163-CIV-FERGUSON/GARBER

MARC J. BROWNER, D.C.,
individually and on behalf of
all others similarly situated,

       Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION,
and ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

       Defendants.

_____/

## PLAINTIFFS' MOTION TO CONSOLIDATE
## ALL PENDING PPO REDUCTION CLASS ACTIONS

PLEASE TAKE NOTICE that Plaintiff DR. PAUL ZIDEL ("ZIDEL"), Plaintiff KEITH

BRICKELL, D.C. ("BRICKELL"), Plaintiff MARC BROWNER, D.C. ("BROWNER"), and

Plaintiff SALVATORE LARUSSO, D.C. ("LARUSSO"), on behalf of themselves and all others

similarly situated ("Class Representative Plaintiffs"), by their undersigned counsel, pursuant to

Federal Rule of Civil Procedure 42, shall move this Court for the entry of an Order consolidating all

pending PPO reduction class actions brought by the Class Representative Plaintiffs. For all the

reasons set forth herein, the Class Representative Plaintiffs respectfully submit that the instant

Motion should be granted in all respects.

7092-00100 308478.1

ATLAS PEARLMAN
ATTORNEYS AT LAW

## BACKGROUND

On or about January 12, 2000, an action was instituted by David Napoli, D.C. On or about October 30, 2000, this Court entered an Order substituting ZIDEL as the Plaintiff. On or about December 27, 2000, this Court entered an Order permitting ZIDEL to file his Second Amended Complaint. The action by ZIDEL is styled <u>Dr. Paul Zidel v. Allstate Insurance Company</u>, Case No. 00-6061-CIV-FERGUSON/SNOW ("Zidel Action"). On or about May 12, 2000, BRICKELL filed an action entitled <u>Keith Brickell, D.C. v. Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Progressive Bayside Insurance Company, Beach Street Corporation, and ADP Integrated Medical Solutions, Inc.</u>, Case No. 00-6649-CIV-FERGUSON/SNOW ("Progressive Action"). On or about August 16, 2000, BROWNER filed an action against ALLSTATE entitled <u>Marc J. Browner, D.C. v. Allstate Indemnity Company, Beach Street Corporation, and ADP Integrated Medical Solutions, Inc.</u>, Case No. 00-7163-CIV-FERGUSON/GARBER ("Allstate Action"). On or about November 15, 2000, LARUSSO filed an action entitled <u>Salvatore D. Larusso, D.C. v. Liberty Mutual Insurance Company and Communicare Network, Inc.</u>, Case No. 00-7692-CIV-FERGUSON ("Liberty Mutual Action"). On or about February 7, 2001, LARUSSO filed the action entitled <u>Salvatore D. Larusso, D.C. v. Florida Farm Bureau</u>, Case No. 01-8110-CIV-HURLEY/LYNCH ("Farm Bureau Action"). On or about February 7, 2001, LARUSSO filed the action entitled <u>Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Insurance Company</u>, Case No. 01-8111-CIV-HURLEY/LYNCH ("Hartford Action"). On or about February 7, 2001, LARUSSO filed the action entitled <u>Salvatore D. Larusso, D.C. v. Nationwide Insurance Company of America</u>, Case No. 01-8109-CIV-

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-7163-CIV-FERGUSON/GARBER

MIDDLEBROOKS/BANDSTRA ("Nationwide Action") (collectively, "PPO Reduction Class Actions").

Each of the foregoing PPO Reduction Class Actions involved a systematic practice of insurance companies improperly paying personal injury protection ("PIP") claims at preferred provider rates. The actions are in various stages of litigation, as described below. The ZIDEL, BROWNER, and BRICKELL Actions are presently set for trial on this Court's June, 2001 trial docket with calendar call scheduled for June 11, 2001.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"), this Court should consolidate all of the PPO Reduction Class Actions. Rule 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990) (citing Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673 (3d Cir. 1964), cert. denied, 382 U.S. 812 (1965); Zervos v. S.S. Sam Houston, 427 F. Supp. 500 (S.D. N.Y. 1976)). In this circuit:

> A trial court may consolidate cases when actions involving a common question of law or fact are pending before the court. "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)."

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-7163-CIV-FERGUSON/GARBER

Hargett v. Valley Federal Savings Bank, 60 F.3d 754, 765-766 (11th Cir. 1995) (citing Fed. R. Civ. P. 42; Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984). "The trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." Johnson, 899 F.2d at 1284-1285 (citations omitted).

Herein, judicial economy dictates that all PPO Reduction Class Actions should be consolidated for all purposes, including the trial. An examination of these class actions demonstrates that the proposed classes are not only overlapping, but virtually identical. Each class action seeks to assert claims on behalf of all providers whose medical expense claims were reduced by the respective insurance companies based upon a purported PPO reduction. The claims asserted in each class action are virtually identical. The following chart demonstrates the similarities among the actions:

| Allstate (Zidel) | Allstate (Browner) | Progressive (Brickell) | Liberty Mutual (Larusso) | Farm Bureau, Hartford, and Nationwide (Larusso) |
|---|---|---|---|---|
| 1. Unjust Enrichment | 1. | 1. | 1. | 1. Unjust Enrichment |
| | 2. Breach of Duty of Good Faith | 2. Unjust Enrichment | 2. Unjust Enrichment | 2. |
| 3. RICO Violation | 3. Unjust Enrichment | | | 3. RICO Violation |
| 5. Violation of 627.736 | 5. RICO Violation | 4. RICO Violation | 4. RICO Violation | 5. Violation of 627.736 |
| | 6. Lanham Act | 5. Lanham Act | | |
| | | | 6. Violation of 627.736 | |
| | 8. Violation of 627.736(10) | 7. Violation of 627.736(10) | | |
| | | 8. Breach of Contract (Assignment) | | |

Consolidation of these matters will clearly be beneficial to all parties involved. Consolidation will benefit the parties by streamlining the discovery process, avoiding duplicative discovery, minimizing discovery issues, consolidating pretrial motions, and insuring that all of these matters can be efficiently adjudicated by this Court.

4

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

In an extremely similar matter, the Judicial Panel on Multidistrict Litigation and the Honorable Frederico Moreno consolidated all managed care litigation class action cases.[1]  In the managed care litigation, class actions were brought against 13 separate health care organizations on behalf of insureds and providers.  On or about June 13, 2000, Judge Moreno entered a pretrial order which consolidated all of the actions and set forth a subscriber track and a provider track.[2]

The claims asserted in the managed care litigation relate to the Defendants' alleged pattern of racketeering activity and common course of illegal conduct through the implementation of a scheme using fraud, deception, extortion and other illegal means to increase their profits at the expense of medical providers and to the detriment of patients and the patient-physician relationship. The consolidated class action complaint asserts causes of action against the managed care companies for breach of contract, RICO violations, and ERISA violations.  The managed care litigation is no less complex than the presently pending PPO Reduction Class Actions and consolidation of these actions is appropriate.

## II.    UPON CONSOLIDATION, THIS COURT SHOULD ENTER A JOINT SCHEDULING ORDER SETTING UNIFORM DATES.

After consolidation, a consolidated pretrial order would be appropriate to insure the uniformity of these proceedings.  The present status of the pending PPO Reduction Class Actions is as follows:

**Zidel v. Allstate**: Second Amended Complaint filed.  Allstate's Motion to Dismiss filed. ZIDEL's response to the Motion not yet due.  Motion referred to Magistrate Judge.  Motion for Class

---

[1] A true and correct copy of the transfer order from the Judicial Panel on Multidistrict Litigation is attached hereto as Exhibit "A."

[2] A true and correct copy of the June 13, 2000 Order is attached hereto as Exhibit "B."

5

ATLAS PEARLMAN
ATTORNEYS AT LAW

Certification filed.  Plaintiff's Motion to Compel, for Contempt and Sanctions filed.  Trial set for June, 2001.  Discovery cutoff April 2, 2001.

**Browner v. Allstate**: Motions to Dismiss filed and fully briefed.  Oral Argument heard on Motion to Dismiss.  Motion for Class Certification filed.  Trial set for June, 2001.  Discovery cutoff April 2, 2001.

**Brickell v. Progressive**:  Motions to Dismiss filed and fully briefed.  Oral Argument heard on Motion to Dismiss.  Motion for Class Certification filed.  Trial set for June, 2001.  Discovery cutoff April 2, 2001.

**Larusso v. Liberty Mutual**: Motion to Dismiss filed.  Larusso's Response not yet due.  Motion for Class Certification filed.  No trial date.

**Larusso v. Farm Bureau**: Complaint recently filed.  Motion for Class Certification filed.

**Larusso v. Hartford**: Complaint recently filed.  Motion for Class Certification filed.

**Larusso v. Nationwide**: Complaint recently filed.  Motion for Class Certification filed.

Upon consolidation, Class Representative Plaintiffs submit that this Court should order a scheduling conference, pursuant to Federal Rule of Civil Procedure 26 and Local Rule 16, including all parties.  The parties will then submit a proposed scheduling order which establishes uniform deadlines.  As to the outstanding motions, Class Representative Plaintiffs submit that upon resolution of the pending Motions to Dismiss, a Consolidated Class Action Complaint should be filed against all Defendants.  In addition, a Consolidated Motion for Class Certification should be filed.

## CONCLUSION

For all the reasons set forth herein, Plaintiffs DR. PAUL ZIDEL, MARC BROWNER, D.C., KEITH BRICKELL, D.C. and SALVATORE D. LARUSSO, D.C., on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order consolidating all PPO

ATLAS PEARLMAN
ATTORNEYS AT LAW

Reduction Class Actions for all purposes, including trial, establishing a uniform briefing schedule,

establishing pretrial procedures, and for such other and further relief as this Court may deem just and

proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-7163-CIV-FERGUSON/GARBER

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this ___8th___ day of February, 2001 upon: all individuals on the attached service list.

ERIC LEE

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

**SERVICE LIST**

**(Browner v. Allstate et al. Case No.: 00-7163-CIV-FERGUSON)**

## ATTORNEYS FOR ALLSTATE

David B. Shelton, Esq.
dshelton@rumberger.com
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### Attorneys for Beech Street & ADP

Thomas Tew, Esq.
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esq.
(305) 539-2440
jad@tewlaw.com
TEW, CARDENAS,et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

William Xanttopoulos, Esq.
Wxlas@mindspring.com
Bank Of America Tower
100 SE 2nd Street, Suite 3950
Miami, Fla. 33131
(305) 579-9073

Scott Sheldon, Esq.
1 ADP Boulevard
Roseland, New Jersey 07068
(973) 974-5900
(973) 974-3399 Facsimile

## ATTORNEYS FOR PLAINTIFFS

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile



A CERTIFIED TRUE COPY

APR 13 2000

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

FILED BY _____ D.C.
DOCKETING

00 APR 17 AM 11:53

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

*DOCKET NO. 1334*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

APR 13 2000

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE HUMANA INC. MANAGED CARE LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE[*] AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*    CO - 1334-MD-Moren
                                        /DC·BC

This litigation presently consists of four actions in the following federal districts: two actions in the Southern District of Florida and one action each in the Northern District of Illinois and Southern District of Mississippi.[1] Before the Panel is a motion by defendants Humana Inc. and Humana Health Plan Inc. (collectively referred to as Humana) to centralize these actions, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings in the Western District of Kentucky. All responding parties agree that centralization of these actions is appropriate, but disagree regarding the most appropriate transferee district for this litigation. Plaintiffs in each action suggest centralization of this litigation in the federal court in which their respective action is pending, i.e., Southern District of Florida, Northern District of Illinois or Southern District of Mississippi.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact relating to allegations that Humana's utilization review process and physician financial incentives violate various federal statutes. Centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

On balance, we are persuaded that the Southern District of Florida is the most appropriate transferee forum for this litigation. We note that i) the actions in the Florida court

---

[*] Judge Bechtle took no part in the decision of this matter.

[1] The Panel has been notified that eleven potentially related actions involving Humana have recently been filed in or removed to federal court: ten actions in the Southern District of Florida and one action in the Western District of Kentucky. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

EXHIBIT _____

- 2 -

are proceeding expeditiously before Judge Federico A. Moreno, and ii) two of the four actions
before the Panel as well as several potentially related actions are pending there.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on
the attached Schedule A and pending outside the Southern District of Florida be, and the same
hereby are, transferred to the Southern District of Florida and, with the consent of that court,
assigned to the Honorable Federico A. Moreno for coordinated or consolidated pretrial
proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

MDL No. 1334

Master File No. 00-1334-MD-MORENO

IN RE:

## HUMANA INC., MANAGED CARE LITIGATION

_____

THIS DOCUMENT RELATES TO ALL CASES
_____/

```
FILED by ___ D.C.

JUN 1 3 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.
```

### PRETRIAL ORDER NO. 1
### ORDER APPOINTING PLAINTIFFS' COUNSEL
### AND ORDER SETTING INITIAL BRIEFING SCHEDULE

THIS CAUSE came before the Court at a Pretrial Conference on **June 8, 2000**. Having considered the comments and proposals of the parties the court ORDERS:

I     **DUAL TRACKS** - To allow this action to proceed in a manageable and streamlined fashion all actions brought under this multidistrict litigation shall be assigned to either the Subscriber Track or the Provider Track.

(1)     **Subscriber Track** - This track shall include all actions brought by individual subscribers or purchasers of Defendant's health insurance plans. Actions assigned to the Subscriber Track shall travel under a single Subscriber Track Consolidated Amended Complaint under the case name and number of the lead subscriber action - _Regina Joi Price, et. al. v. Humana, Inc._, 99-8763-CV-MORENO.

(2)     **Provider Track** - This track shall include all actions brought by health care providers or physician groups who participated in the Defendant's health insurance plans. Actions assigned to the Provider Track shall travel under a single Provider Track

EXHIBIT "B"

Consolidated Amended Complaint under a case name and number to be determined at a later date.

     II    **PRETRIAL CONSOLIDATION -** The following cases are consolidated for pretrial purposes:

     **(1)**   *Regina Joi Price, et. al. v. Humana, Inc.,* 99-8763-CV-MORENO, originally filed in the Southern District of Florida and includes ten other action previously consolidated under this case number. This case shall be the lead Subscriber Track case.

     **(2)**   *Rodney J. Landry, et. al. v. Humana, Inc., et. al.,* 00-1658-CIV-MORENO, originally filed in the Southern District of Mississippi under case number 99-CV-325PG. This case is assigned to the Subscriber Track and shall travel under the lead subscriber case of *Price v. Humana.*

     **(3)**   *Sandra Johnson, et. al. v. Human Inc.,* 00-1666-CIV-MORENO, originally filed in the Northern District of Illinois under case number 99-C-7602. This case is assigned to the Subscriber Track and shall travel under the lead subscriber case of *Price v. Humana.*

     III    **MASTER DOCKET AND FILE -** All documents filed in this case shall bear a caption similar to that of this Order and shall include the MDL No. 1334 as well as the Master File No. 00-1334-MD-MORENO. Documents generally applicable to all consolidated actions shall include in their caption "THIS DOCUMENT RELATES TO ALL CASES." Documents applicable to only the Subscriber Track shall include in their caption "THIS DOCUMENT RELATES TO SUBSCRIBER TRACK CASES." Documents applicable to only the Provider Track shall include in their caption "THIS DOCUMENT RELATES TO

PROVIDER TRACK CASES."

IV    **ORGANIZATION OF COUNSEL** - Plaintiffs' counsel shall also be divided into a Subscriber Track and a Provider Track, each track having lead counsel, liaison counsel, and a steering committee.

(1)    **Plaintiffs' Lead Counsel**

a.    **Duties and Responsibilities** - Plaintiffs' Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

(i)    determine (after such consultation with other members of Plaintiffs' Steering Committee and other co-counsel) and present in briefs, oral argument, or such other fashion as may be appropriate, to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

(ii)    coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of *Fed. R. Civ. P.* 26 (b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(iii)    conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

(iv)    delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

(v)    enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

-3-

(vi)     prepare and distribute to the parties periodic status reports;

(vii)    maintain adequate time and disbursement records covering services as lead counsel;

(viii)   monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(ix)     perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of this court.

Counsel for plaintiffs who disagree with lead counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may act separately on behalf of their clients only with prior authorization of this Court.

      **b.**     **Subscriber Track Lead Counsel** - To act on behalf of the plaintiffs in the Subscriber Track this Court designates as lead counsel:

> **BOIES, SCHILLER & FLEXNER, LLP**
> 80 Business Park Drive
> Armonk, NY 10504
> (914) 273-9800
>
> **SCRUGGS, MILLETTE, BOZEMAN & DENT, P.A.**
> P.O. Drawer 1425
> Pascagoula, MS 39548
> (228)762-6068

      **c.**     **Provider Track Lead Counsel** - To act on behalf of the plaintiffs in the Provider Track this Court designates as lead counsel:

> **LAW OFFICES OF ARCHIE C. LAMB, LLC**
> 2017 Second Avenue
> North Birmingham, AL 35203
> (205)324-4644

(2)    **Plaintiffs' Liaison Counsel**

a.    **Duties and Responsibilities** - It shall be the duty of Plaintiffs'
Liaison Counsel to:

(i)    maintain and distribute to co-counsel and to Defendant's Counsel an
up-to-date service list;

(ii)    receive and, as appropriate, distribute to co-counsel orders from the court
and documents from opposing parties and counsel;

(iii)    maintain and make available to co-counsel at reasonable hours a complete
file of all documents served by or upon each party; and

(iv)    establish and maintain a document depository.

b.    **Subscriber Track Liaison Counsel** - To act on behalf of the
plaintiffs in the Subscriber Track this Court designates as liaison counsel:

> **PODHURST, ORSECK, JOSEFSBERG, EATON,**
> **MEADOW, OLIN & PERWIN, P.A.**
> 800 City National Bank Building
> 25 West Flagler Street
> Miami, FL 33130-1780
> (305)358-2500
>
> **MILLER, SCHWARTZ & MILLER, P.A.**
> P.O. Box 7259
> 2435 Hollywood Boulevard
> Hollywood, FL 33081
> (954)924-0300
>
> **COLSON, HICKS, EIDSON, COLSON, MATTHEWS,**
> **MARTINEZ, MENDOZA, KALBAC & KANE, P.A.**
> 4700 First Union Financial Center
> 200 South Biscayne Boulevard
> Miami, FL 33131-2351
> (305)373-5400

*Subscriber Track Document Depository*

**ZACK, KOSNITZKY, P.A.**
2800 NationsBank Tower
100 Southeast Second Street
Miami, FL 33131-2144
(305)539-8400

      **c.**      **Provider Track Liaison Counsel** - To act on behalf of the

plaintiffs in the Provider Track this Court designates as liaison counsel:

**PODHURST, ORSECK, JOSEFSBERG, EATON,**
   **MEADOW, OLIN & PERWIN, P.A.**
800 City National Bank Building
25 West Flagler Street
Miami, FL 33130-1780
(305)358-2500

     **(3)**     **Plaintiffs' Steering Committee**

      **a.**      **Duties and Responsibilities** - Plaintiffs' Steering Committee

shall from time to time consult with Plaintiffs' Lead and Liaison Counsel in coordinating the

plaintiffs' pretrial activities and in planning for trial.

      **b.**      **Subscriber Track Steering Committee** - To act on behalf of

the plaintiffs in the Subscriber Track this Court designates the following firms to the

Subscriber Track Steering Committee:

**BOIES, SCHILLER & FLEXNER, LLP**
80 Business Park Drive
Armonk, NY 10504
(914) 273-9800

**SCRUGGS, MILLETTE, BOZEMAN & DENT, P.A.**
P.O. Drawer 1425
Pascagoula, MS 39548
(228)762-6068

**BERGER & MONTAUGE, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
(215)875-3000

**COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC**
1100 New York Avenue NW
West Tower, Suite 500
Washington, DC 20005-3934
(202)408-4600

**RICCI, HUBBARD, LEOPOLD, FRANKEL & FARMER, P.A.**
250 Mellon United National Bank Tower
1645 Palm Beach Lakes Boulevard
PO Box 2946
West Palm Beach, FL 33402
(561)684-6500

**ZACK, KOSNITZKY, P.A.**
2800 NationsBank Tower
100 Southeast Second Street
Miami, FL 33131-2144
(305)539-8400

**BAINBRIDGE & STRAUS, LLP**
2210 Second Avenue North
Birmingham, AL 35203
(205)324-3800

**NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE**
P.O. Box 1792
Mt. Pleasant, SC 29465
(843)216-9211

**LANGSTON, LANGSTON, MICHAEL,
  BOWEN & TUCKER, P.A.**
P.O. Box 787
Booneville, MS 38829
(662)728-3138

**WILLIAMS BAILEY LAW FIRM, L.L.P.**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713)-230-2200

**MINOR AND ASSOCIATES**
160 Main Street
Drawer 1388
Biloxi, MS 39533-1388
(228)374-5151

**THE FURTH FIRM**
The Furth Building, Suite 1000
201 Sansome Street
San Francisco, CA 94104
(415)433-2070

**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
10 Rockefeller Plaza, 12th Floor
New York, NY 10020
(212)218-6600

**HERMAN, MIDDLETON, CASEY & KITCHENS, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
(504)581-4892

c.     **Provider Track Steering Committee -** To act on behalf of the

plaintiffs in the Provider Track this Court designates the following firms to the Provider

Track Steering Committee:

**LAW OFFICES OF ARCHIE C. LAMB, LLC**
2017 Second Avenue
North Birmingham, AL 35203
(205)324-4644

-8-

**CAMPBELL, WALLER & McCALLUM, L.L.C.**
Suite 330, 2000-A Southbridge Parkway
Birmingham, Alabama 35209
(205)803-0051

**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
1400 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
(205)328-0640

**WHATLEY DRAKE, L.L.C.**
1100 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
(205)328-9576

**WHITE, DUNN & BOOKER**
2025 3rd Avenue North, Suite 600
Birmingham, Alabama 35203
(205)323-1888

**EYSTER, KEY, TUBB, WEAVER & ROTH**
Eyster Building
402 East Moulton Street, S.E.
P.O. Box 1607
Decatur, Alabama 35602
(256)353-6761

**LOWE, MOBLEY & LOWE**
1210-21st Street
P.O. Box 576
Haleyville, Alabama 35565
(205)486-5296

**GRAY & WEISS**
1400 Citizen Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
(502)581-1630

**FOOTE & MEYERS**
13 South 7th Street
Geneve, IL 60134
(630)232-6333

(4)    **Privileges Preserved -** No communication among plaintiffs' counsel or among defendant's counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

(5)    **Time Records -** Counsel who anticipate seeking an award of attorneys' fees from the court shall:

a.    Keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity. The failure to maintain such records will be grounds for denying court-awarded attorneys' fees, as will an insufficient description of the activity.

b.    By the twentieth day of each month, beginning July 20, 2000, each firm that may seek an award or approval of a fee by the court shall file with Lead Counsel a report summarizing according to each separate activity the time and expenses spent by its members or associates during the preceding month, the ordinary billing rates of such attorneys in effect during such month and the accumulated total of the firm's time, hourly rates, and expenses to date. Lead Counsel shall file under seal with the clerk by the last day of every third month, beginning September 30, 2000, a report, no longer than ten pages in length, summarizing for all participating counsel such time and expenses reports, arranged according to the particular activities.

(6)    **Pleadings, Motions, and Other Documents -** Plaintiffs' Liaison

-10-

Counsel shall be provided with three copies of each pleading, motion, or other document filed by a party; Defendant shall likewise be provided with three copies of each such document. Pursuant to *Fed. R. Civ. P. 5*, service on Liaison Counsel constitutes service on other attorneys and parties for whom Liaison Counsel is acting.

      **(7)**    **Avoidance of Multiple Requests -** Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party. No party shall request documents available to it at a document depository or from its own Liaison Counsel.

**V**     **INITIAL BRIEFING SCHEDULE -** The following briefing schedule applies only to the Subscriber Track and only to Defendant, Humana, Inc. A briefing schedule for the Provider Track shall be set when appropriate.

      **(1)**    **Amended Compliant / Motion to Dismiss**

         **a.**    Amended Compliant - Plaintiffs shall file a Subscriber Track Consolidated Amended Complaint no later than **Friday, June 16, 2000**.

         **b.**    Civil RICO Statement - Plaintiffs shall have until **Tuesday, June 27, 2000**, to file a Civil RICO Statement as required by S.D. Fla. L.R. 12.1.

         **c.**    Motion to Dismiss - Defendant Humana, Inc., shall have until **Friday, July 7, 2000**, to file any Rule 12 motions.

         **d.**    Response to Motion to Dismiss - Plaintiffs shall have until **Wednesday, July 26, 2000**, to file a Response in Opposition to Defendant's Motion to Dismiss.

         **e.**    Reply in Support of Motion to Dismiss - Defendant, Humana, `

-11-

Inc., shall have until **Wednesday, August 2, 2000**, to file a Reply in Support of its Motion to Dismiss.

        f.      Hearing on Motion to Dismiss - A hearing is set on Defendant, Humana, Inc.'s, Motion to Dismiss for **Thursday, August 17, 2000 at 9:30 AM**.

    **(2)**   **Class Certification**

        a.      Plaintiffs shall file a Motion for Subscriber Track Class Certification no later than **Tuesday, August 15, 2000**.

        b.      Response to Motion for Class Certification - Defendant, Humana, Inc. shall have until **Thursday, September 14, 2000**, to file a Response in Opposition to Plaintiffs' Motion for Class Certification.

        c.      Reply in Support of Motion for Class Certification - Plaintiffs shall have until **Thursday, September 21, 2000**, to file a Reply in Support of its Motion for Class Certification.

**VI**    **DISCOVERY** - Pending this Court's ruling on Defendant, Humana's anticipated Motion to Dismiss all merit discovery is **STAYED**, however, limited class certification discovery shall be allowed in the following manner.

        (1)      Deposition of Named Plaintiffs- Defendant, Humana, Inc., shall only be allowed to take the deposition of the named Plaintiffs in the Subscriber Track Consolidated Amended Complaint as well as in the Provider Track Consolidated Amended Complaint. Such depositions are limited to six hours absent court order or agreement of the parties. S.D. Fla. L.R. 26.1.K.

        (2)      Deposition of Humana, Inc.'s Corporate Representative - Only

Provider Track Plaintiffs shall be allowed to take the deposition of the corporate representative of Humana, Inc. The parties shall confer and agree as to the identity and number of corporate representatives to be deposed. Such depositions are limited to six hours absent court order or agreement of the parties. S.D. Fla. L.R. 26.1.K.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of June, 2000.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

COPIES PROVIDED TO COUNSEL ON THE
ATTACHED JUNE 12, 2000, SERVICE LIST.

-13-

# EXHIBIT B

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.

Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6649-CIV-FERGUSON/SNOW

KEITH BRICKELL, D.C.,
individually and on behalf of
all others similarly situated,

     Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION,
and ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

     Defendants.
_____/

## PLAINTIFFS' MOTION TO CONSOLIDATE
## ALL PENDING PPO REDUCTION CLASS ACTIONS

PLEASE TAKE NOTICE that Plaintiff DR. PAUL ZIDEL ("ZIDEL"), Plaintiff KEITH

BRICKELL, D.C. ("BRICKELL"), Plaintiff MARC BROWNER, D.C. ("BROWNER"), and

Plaintiff SALVATORE LARUSSO, D.C. ("LARUSSO"), on behalf of themselves and all others

similarly situated ("Class Representative Plaintiffs"), by their undersigned counsel, pursuant to

Federal Rule of Civil Procedure 42, shall move this Court for the entry of an Order consolidating all

pending PPO reduction class actions brought by the Class Representative Plaintiffs. For all the

reasons set forth herein, the Class Representative Plaintiffs respectfully submit that the instant

Motion should be granted in all respects.

7090-00100 308472.1



ATLAS PEARLMAN

## BACKGROUND

On or about January 12, 2000, an action was instituted by David Napoli, D.C. On or about October 30, 2000, this Court entered an Order substituting ZIDEL as the Plaintiff. On or about December 27, 2000, this Court entered an Order permitting ZIDEL to file his Second Amended Complaint. The action by ZIDEL is styled Dr. Paul Zidel v. Allstate Insurance Company, Case No. 00-6061-CIV-FERGUSON/SNOW ("Zidel Action"). On or about May 12, 2000, BRICKELL filed an action entitled Keith Brickell, D.C. v. Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Progressive Bayside Insurance Company, Beach Street Corporation, and ADP Integrated Medical Solutions, Inc., Case No. 00-6649-CIV-FERGUSON/SNOW ("Progressive Action"). On or about August 16, 2000, BROWNER filed an action against ALLSTATE entitled Marc J. Browner, D.C. v. Allstate Indemnity Company, Beach Street Corporation, and ADP Integrated Medical Solutions, Inc., Case No. 00-7163-CIV-FERGUSON/GARBER ("Allstate Action"). On or about November 15, 2000, LARUSSO filed an action entitled Salvatore D. Larusso, D.C. v. Liberty Mutual Insurance Company and Communicare Network, Inc., Case No. 00-7692-CIV-FERGUSON ("Liberty Mutual Action"). On or about February 7, 2001, LARUSSO filed the action entitled Salvatore D. Larusso, D.C. v. Florida Farm Bureau, Case No. 01-8110-CIV-HURLEY/LYNCH ("Farm Bureau Action"). On or about February 7, 2001, LARUSSO filed the action entitled Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Insurance Company, Case No. 01-8111-CIV-HURLEY/LYNCH ("Hartford Action"). On or about February 7, 2001, LARUSSO filed the action entitled Salvatore D. Larusso, D.C. v. Nationwide Insurance Company of America, Case No. 01-8109-CIV-



CASE NO. 00-6649-CIV-FERGUSON/SNOW

MIDDLEBROOKS/BANDSTRA ("Nationwide Action") (collectively, "PPO Reduction Class Actions").

Each of the foregoing PPO Reduction Class Actions involved a systematic practice of insurance companies improperly paying personal injury protection ("PIP") claims at preferred provider rates. The actions are in various stages of litigation, as described below. The ZIDEL, BROWNER, and BRICKELL Actions are presently set for trial on this Court's June, 2001 trial docket with calendar call scheduled for June 11, 2001.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"), this Court should consolidate all of the PPO Reduction Class Actions. Rule 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990) (citing Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673 (3d Cir. 1964), cert. denied, 382 U.S. 812 (1965); Zervos v. S.S. Sam Houston, 427 F. Supp. 500 (S.D. N.Y. 1976)). In this circuit:

> A trial court may consolidate cases when actions involving a common question of law or fact are pending before the court. "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)."



Hargett v. Valley Federal Savings Bank, 60 F.3d 754, 765-766 (11th Cir. 1995) (citing Fed. R. Civ. P. 42; Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984). "The trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." Johnson, 899 F.2d at 1284-1285 (citations omitted).

Herein, judicial economy dictates that all PPO Reduction Class Actions should be consolidated for all purposes, including the trial. An examination of these class actions demonstrates that the proposed classes are not only overlapping, but virtually identical. Each class action seeks to assert claims on behalf of all providers whose medical expense claims were reduced by the respective insurance companies based upon a purported PPO reduction. The claims asserted in each class action are virtually identical. The following chart demonstrates the similarities among the actions:

| Allstate (Zidel) | Allstate (Browner) | Progressive (Brickell) | Liberty Mutual (Larusso) | Farm Bureau, Hartford, and Nationwide (Larusso) |
|---|---|---|---|---|
| 1. Unjust Enrichment | 1. Breach of Contract | 1. Negligence | 1. Breach of Contract | 1. Unjust Enrichment |
| 2. Breach of Good Faith | 2. Breach of Duty of Good Faith | 2. Unjust Enrichment | 2. Unjust Enrichment | 2. Breach of Good Faith |
| 3. RICO Violation | 3. Unjust Enrichment | 3. | 3. | 3. RICO Violation |
| 4. Breach of Contract | 4. Breach of Duty of | 4. RICO Violation | 4. RICO Violation | 4. Breach of Contract |
| 5. Violation of 627.736 | 5. RICO Violation | 5. Lanham Act | 5. | 5. Violation of 627.736 |
| | 6. Lanham Act | | 6. Violation of 627.736 | |
| | 7. | 7. Violation of 627.736(10) | | |
| | 8. Violation of 627.736(10) | 8. Breach of Contract (Assignment) | | |

Consolidation of these matters will clearly be beneficial to all parties involved. Consolidation will benefit the parties by streamlining the discovery process, avoiding duplicative discovery, minimizing discovery issues, consolidating pretrial motions, and insuring that all of these matters can be efficiently adjudicated by this Court.

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CASE NO. 00-6649-CIV-FERGUSON/SNOW

In an extremely similar matter, the Judicial Panel on Multidistrict Litigation and the Honorable Frederico Moreno consolidated all managed care litigation class action cases.[1]  In the managed care litigation, class actions were brought against 13 separate health care organizations on behalf of insureds and providers.  On or about June 13, 2000, Judge Moreno entered a pretrial order which consolidated all of the actions and set forth a subscriber track and a provider track.[2]

The claims asserted in the managed care litigation relate to the Defendants' alleged pattern of racketeering activity and common course of illegal conduct through the implementation of a scheme using fraud, deception, extortion and other illegal means to increase their profits at the expense of medical providers and to the detriment of patients and the patient-physician relationship. The consolidated class action complaint asserts causes of action against the managed care companies for breach of contract, RICO violations, and ERISA violations.  The managed care litigation is no less complex than the presently pending PPO Reduction Class Actions and consolidation of these actions is appropriate.

## II.    UPON CONSOLIDATION, THIS COURT SHOULD ENTER A JOINT SCHEDULING ORDER SETTING UNIFORM DATES.

After consolidation, a consolidated pretrial order would be appropriate to insure the uniformity of these proceedings.  The present status of the pending PPO Reduction Class Actions is as follows:

**Zidel v. Allstate**: Second Amended Complaint filed.  Allstate's Motion to Dismiss filed. ZIDEL's response to the Motion not yet due.  Motion referred to Magistrate Judge.  Motion for Class

---

[1] A true and correct copy of the transfer order from the Judicial Panel on Multidistrict Litigation is attached hereto as Exhibit "A."

[2] A true and correct copy of the June 13, 2000 Order is attached hereto as Exhibit "B."

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

Certification filed. Plaintiff's Motion to Compel, for Contempt and Sanctions filed. Trial set for June, 2001. Discovery cutoff April 2, 2001.

**Browner v. Allstate**: Motions to Dismiss filed and fully briefed. Oral Argument heard on Motion to Dismiss. Motion for Class Certification filed. Trial set for June, 2001. Discovery cutoff April 2, 2001.

**Brickell v. Progressive**: Motions to Dismiss filed and fully briefed. Oral Argument heard on Motion to Dismiss. Motion for Class Certification filed. Trial set for June, 2001. Discovery cutoff April 2, 2001.

**Larusso v. Liberty Mutual**: Motion to Dismiss filed. Larusso's Response not yet due. Motion for Class Certification filed. No trial date.

**Larusso v. Farm Bureau**: Complaint recently filed. Motion for Class Certification filed.

**Larusso v. Hartford**: Complaint recently filed. Motion for Class Certification filed.

**Larusso v. Nationwide**: Complaint recently filed. Motion for Class Certification filed.

Upon consolidation, Class Representative Plaintiffs submit that this Court should order a scheduling conference, pursuant to Federal Rule of Civil Procedure 26 and Local Rule 16, including all parties. The parties will then submit a proposed scheduling order which establishes uniform deadlines. As to the outstanding motions, Class Representative Plaintiffs submit that upon resolution of the pending Motions to Dismiss, a Consolidated Class Action Complaint should be filed against all Defendants. In addition, a Consolidated Motion for Class Certification should be filed.

## CONCLUSION

For all the reasons set forth herein, Plaintiffs DR. PAUL ZIDEL, MARC BROWNER, D.C., KEITH BRICKELL, D.C. and SALVATORE D. LARUSSO, D.C., on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order consolidating all PPO

ATLAS PEARLMAN

CASE NO. 00-6649-CIV-FERGUSON/SNOW

Reduction Class Actions for all purposes, including trial, establishing a uniform briefing schedule,

establishing pretrial procedures, and for such other and further relief as this Court may deem just and

proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200

By: _____
    JAN DOUGLAS ATLAS
    Florida Bar No. 226246

By: _____
    ROBIN CORWIN CAMPBELL
    Florida Bar No. 327931

By: _____
    ERIC LEE
    Florida Bar No. 961299

**Co-Counsel for Plaintiff**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

7090-00100 308472.1

7

ATLAS PEARLMAN

CASE NO. 00-6649-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this ___8th___ day of February, 2001 upon: all individuals on the attached service list.

ERIC LEE

ATLAS PEARLMAN

## SERVICE LIST
### (Brickell v. Progressive Express Ins. Co., et al. Case No.: 00-6649-CIV-FERGUSON)

**Attorneys for Progressive**

Francis Anania, Esq.
ANANIA, BANDKLAYDER,
BLACKWELL, BAUMGARTEN &
TORRICELLA
NationsBank Tower
Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Attorneys for Beech Street & ADP**

Thomas Tew, Esq.
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esq.
(305) 539-2440
jad@tewlaw.com
TEW, CARDENAS, RRBACK,
KELLOGG, LEHMAN, DEMARIA &
TAGUE, L.L.P.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

William Xanttopoulos, Esq.
Wxlas@mindspring.com
Bank Of America Tower
100 SE 2nd Street, Suite 3950
Miami, Fla. 33131
(305) 579-9073

Scott Sheldon, Esq.
1 ADP Boulevard
Roseland, New Jersey 07068
(973) 974-5900
(973) 974-3399 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 1611
Bank of America Building
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile





FILED BY _____ D.C.
DOCKETING

00 APR 17 AM II: 53

*DOCKET NO. 1334* CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

APR 13 2000

FILED
CLERK'S OFFICE

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE HUMANA INC. MANAGED CARE LITIGATION*

## *BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE* AND JOHN F. KEENAN, JUDGES OF THE PANEL*

### *TRANSFER ORDER* CO-1334-MD-MORENO / DC-13C

This litigation presently consists of four actions in the following federal districts: two actions in the Southern District of Florida and one action each in the Northern District of Illinois and Southern District of Mississippi.[1] Before the Panel is a motion by defendants Humana Inc. and Humana Health Plan Inc. (collectively referred to as Humana) to centralize these actions, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings in the Western District of Kentucky. All responding parties agree that centralization of these actions is appropriate, but disagree regarding the most appropriate transferee district for this litigation. Plaintiffs in each action suggest centralization of this litigation in the federal court in which their respective action is pending, i.e., Southern District of Florida, Northern District of Illinois or Southern District of Mississippi.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact relating to allegations that Humana's utilization review process and physician financial incentives violate various federal statutes. Centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

On balance, we are persuaded that the Southern District of Florida is the most appropriate transferee forum for this litigation. We note that i) the actions in the Florida court

---

* Judge Bechtle took no part in the decision of this matter.

[1] The Panel has been notified that eleven potentially related actions involving Humana have recently been filed in or removed to federal court: ten actions in the Southern District of Florida and one action in the Western District of Kentucky. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

EXHIBIT "A"

- 2 -

are proceeding expeditiously before Judge Federico A. Moreno, and ii) two of the four actions before the Panel as well as several potentially related actions are pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Southern District of Florida be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Federico A. Moreno for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 1334

Master File No. 00-1334-MD-MORENO

IN RE:

HUMANA INC., MANAGED CARE LITIGATION
_____

THIS DOCUMENT RELATES TO ALL CASES
_____/

FILED by _____ D.C.

JUN 1 3 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

PRETRIAL ORDER NO. 1
ORDER APPOINTING PLAINTIFFS' COUNSEL
AND ORDER SETTING INITIAL BRIEFING SCHEDULE

THIS CAUSE came before the Court at a Pretrial Conference on **June 8, 2000**. Having considered the comments and proposals of the parties the court ORDERS:

I    **DUAL TRACKS -** To allow this action to proceed in a manageable and streamlined fashion all actions brought under this multidistrict litigation shall be assigned to either the Subscriber Track or the Provider Track.

(1)    **Subscriber Track -** This track shall include all actions brought by individual subscribers or purchasers of Defendant's health insurance plans. Actions assigned to the Subscriber Track shall travel under a single Subscriber Track Consolidated Amended Complaint under the case name and number of the lead subscriber action - *Regina Joi Price, et. al. v. Humana, Inc.*, 99-8763-CV-MORENO.

(2)    **Provider Track -** This track shall include all actions brought by health care providers or physician groups who participated in the Defendant's health insurance plans. Actions assigned to the Provider Track shall travel under a single Provider Track

EXHIBIT "B"

Consolidated Amended Complaint under a case name and number to be determined at a later date.

    **II**    **PRETRIAL CONSOLIDATION** - The following cases are consolidated for pretrial purposes:

    **(1)**    *Regina Joi Price, et. al. v. Humana, Inc.*, 99-8763-CV-MORENO, originally filed in the Southern District of Florida and includes ten other action previously consolidated under this case number. This case shall be the lead Subscriber Track case.

    **(2)**    *Rodney J. Landry, et. al. v. Humana, Inc., et. al.*, 00-1658-CIV-MORENO, originally filed in the Southern District of Mississippi under case number 99-CV-325PG. This case is assigned to the Subscriber Track and shall travel under the lead subscriber case of *Price v. Humana*.

    **(3)**    *Sandra Johnson, et. al. v. Human Inc.*, 00-1666-CIV-MORENO, originally filed in the Northern District of Illinois under case number 99-C-7602. This case is assigned to the Subscriber Track and shall travel under the lead subscriber case of *Price v. Humana*.

    **III**    **MASTER DOCKET AND FILE** - All documents filed in this case shall bear a caption similar to that of this Order and shall include the MDL No. 1334 as well as the Master File No. 00-1334-MD-MORENO. Documents generally applicable to all consolidated actions shall include in their caption "THIS DOCUMENT RELATES TO ALL CASES." Documents applicable to only the Subscriber Track shall include in their caption "THIS DOCUMENT RELATES TO SUBSCRIBER TRACK CASES." Documents applicable to only the Provider Track shall include in their caption "THIS DOCUMENT RELATES TO

PROVIDER TRACK CASES."

**IV    ORGANIZATION OF COUNSEL** - Plaintiffs' counsel shall also be divided into a Subscriber Track and a Provider Track, each track having lead counsel, liaison counsel, and a steering committee.

    **(1)    Plaintiffs' Lead Counsel**

        **a.    Duties and Responsibilities** - Plaintiffs' Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

        (i)    determine (after such consultation with other members of Plaintiffs' Steering Committee and other co-counsel) and present in briefs, oral argument, or such other fashion as may be appropriate, to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

        (ii)    coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of *Fed. R. Civ. P.* 26 (b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

        (iii)    conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

        (iv)    delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

        (v)    enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

(vi)     prepare and distribute to the parties periodic status reports;

(vii)     maintain adequate time and disbursement records covering services as lead counsel;

(viii)     monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(ix)     perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of this court.

Counsel for plaintiffs who disagree with lead counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may act separately on behalf of their clients only with prior authorization of this Court.

     b.     **Subscriber Track Lead Counsel** - To act on behalf of the plaintiffs in the Subscriber Track this Court designates as lead counsel:

> **BOIES, SCHILLER & FLEXNER, LLP**
> 80 Business Park Drive
> Armonk, NY 10504
> (914) 273-9800

> **SCRUGGS, MILLETTE, BOZEMAN & DENT, P.A.**
> P.O. Drawer 1425
> Pascagoula, MS 39548
> (228)762-6068

     c.     **Provider Track Lead Counsel** - To act on behalf of the plaintiffs in the Provider Track this Court designates as lead counsel:

> **LAW OFFICES OF ARCHIE C. LAMB, LLC**
> 2017 Second Avenue
> North Birmingham, AL 35203
> (205)324-4644

-4-

### (2)    Plaintiffs' Liaison Counsel

**a.    Duties and Responsibilities** - It shall be the duty of Plaintiffs' Liaison Counsel to:

(i)    maintain and distribute to co-counsel and to Defendant's Counsel an up-to-date service list;

(ii)    receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel;

(iii)    maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party; and

(iv)    establish and maintain a document depository.

**b.    Subscriber Track Liaison Counsel** - To act on behalf of the plaintiffs in the Subscriber Track this Court designates as liaison counsel:

> **PODHURST, ORSECK, JOSEFSBERG, EATON,**
> **   MEADOW, OLIN & PERWIN, P.A.**
> 800 City National Bank Building
> 25 West Flagler Street
> Miami, FL 33130-1780
> (305)358-2500

> **MILLER, SCHWARTZ & MILLER, P.A.**
> P.O. Box 7259
> 2435 Hollywood Boulevard
> Hollywood, FL 33081
> (954)924-0300

> **COLSON, HICKS, EIDSON, COLSON, MATTHEWS,**
> **MARTINEZ, MENDOZA, KALBAC & KANE, P.A.**
> 4700 First Union Financial Center
> 200 South Biscayne Boulevard
> Miami, FL 33131-2351
> (305)373-5400

*Subscriber Track Document Depository*

**ZACK, KOSNITZKY, P.A.**
2800 NationsBank Tower
100 Southeast Second Street
Miami, FL 33131-2144
(305)539-8400

**c.** **Provider Track Liaison Counsel** - To act on behalf of the

plaintiffs in the Provider Track this Court designates as liaison counsel:

**PODHURST, ORSECK, JOSEFSBERG, EATON,**
**MEADOW, OLIN & PERWIN, P.A.**
800 City National Bank Building
25 West Flagler Street
Miami, FL 33130-1780
(305)358-2500

**(3)** **Plaintiffs' Steering Committee**

**a.** **Duties and Responsibilities** - Plaintiffs' Steering Committee

shall from time to time consult with Plaintiffs' Lead and Liaison Counsel in coordinating the

plaintiffs' pretrial activities and in planning for trial.

**b.** **Subscriber Track Steering Committee** - To act on behalf of

the plaintiffs in the Subscriber Track this Court designates the following firms to the

Subscriber Track Steering Committee:

**BOIES, SCHILLER & FLEXNER, LLP**
80 Business Park Drive
Armonk, NY 10504
(914) 273-9800

-6-

**SCRUGGS, MILLETTE, BOZEMAN & DENT, P.A.**
P.O. Drawer 1425
Pascagoula, MS 39548
(228)762-6068

**BERGER & MONTAUGE, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
(215)875-3000

**COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC**
1100 New York Avenue NW
West Tower, Suite 500
Washington, DC 20005-3934
(202)408-4600

**RICCI, HUBBARD, LEOPOLD, FRANKEL & FARMER, P.A.**
250 Mellon United National Bank Tower
1645 Palm Beach Lakes Boulevard
PO Box 2946
West Palm Beach, FL 33402
(561)684-6500

**ZACK, KOSNITZKY, P.A.**
2800 NationsBank Tower
100 Southeast Second Street
Miami, FL 33131-2144
(305)539-8400

**BAINBRIDGE & STRAUS, LLP**
2210 Second Avenue North
Birmingham, AL 35203
(205)324-3800

**NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE**
P.O. Box 1792
Mt. Pleasant, SC 29465
(843)216-9211

LANGSTON, LANGSTON, MICHAEL,
   BOWEN & TUCKER, P.A.
P.O. Box 787
Booneville, MS 38829
(662)728-3138

WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713)-230-2200

MINOR AND ASSOCIATES
160 Main Street
Drawer 1388
Biloxi, MS 39533-1388
(228)374-5151

THE FURTH FIRM
The Furth Building, Suite 1000
201 Sansome Street
San Francisco, CA 94104
(415)433-2070

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
10 Rockefeller Plaza, 12th Floor
New York, NY 10020
(212)218-6600

HERMAN, MIDDLETON, CASEY & KITCHENS, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
(504)581-4892

    c.    **Provider Track Steering Committee -** To act on behalf of the

plaintiffs in the Provider Track this Court designates the following firms to the Provider

Track Steering Committee:

LAW OFFICES OF ARCHIE C. LAMB, LLC
2017 Second Avenue
North Birmingham, AL 35203
(205)324-4644

**CAMPBELL, WALLER & McCALLUM, L.L.C.**
Suite 330, 2000-A Southbridge Parkway
Birmingham, Alabama 35209
(205)803-0051

**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
1400 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
(205)328-0640

**WHATLEY DRAKE, L.L.C.**
1100 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
(205)328-9576

**WHITE, DUNN & BOOKER**
2025 3rd Avenue North, Suite 600
Birmingham, Alabama 35203
(205)323-1888

**EYSTER, KEY, TUBB, WEAVER & ROTH**
Eyster Building
402 East Moulton Street, S.E.
P.O. Box 1607
Decatur, Alabama 35602
(256)353-6761

**LOWE, MOBLEY & LOWE**
1210-21st Street
P.O. Box 576
Haleyville, Alabama 35565
(205)486-5296

**GRAY & WEISS**
1400 Citizen Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
(502)581-1630

**FOOTE & MEYERS**
13 South 7th Street
Geneve, IL 60134
(630)232-6333

(4)     **Privileges Preserved -** No communication among plaintiffs' counsel or among defendant's counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

(5)     **Time Records -** Counsel who anticipate seeking an award of attorneys' fees from the court shall:

a.     Keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity. The failure to maintain such records will be grounds for denying court-awarded attorneys' fees, as will an insufficient description of the activity.

b.     By the twentieth day of each month, beginning July 20, 2000, each firm that may seek an award or approval of a fee by the court shall file with Lead Counsel a report summarizing according to each separate activity the time and expenses spent by its members or associates during the preceding month, the ordinary billing rates of such attorneys in effect during such month and the accumulated total of the firm's time, hourly rates, and expenses to date. Lead Counsel shall file under seal with the clerk by the last day of every third month, beginning September 30, 2000, a report, no longer than ten pages in length, summarizing for all participating counsel such time and expenses reports, arranged according to the particular activities.

(6)     **Pleadings, Motions, and Other Documents -** Plaintiffs' Liaison

-10-

Counsel shall be provided with three copies of each pleading, motion, or other document filed by a party; Defendant shall likewise be provided with three copies of each such document. Pursuant to *Fed. R. Civ. P.* 5, service on Liaison Counsel constitutes service on other attorneys and parties for whom Liaison Counsel is acting.

      **(7)    Avoidance of Multiple Requests -** Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party. No party shall request documents available to it at a document depository or from its own Liaison Counsel.

    **V    INITIAL BRIEFING SCHEDULE -** The following briefing schedule applies only to the Subscriber Track and only to Defendant, Humana, Inc. A briefing schedule for the Provider Track shall be set when appropriate.

      **(1)    Amended Compliant / Motion to Dismiss**

          **a.**    Amended Compliant - Plaintiffs shall file a Subscriber Track Consolidated Amended Complaint no later than **Friday, June 16, 2000**.

          **b.**    Civil RICO Statement - Plaintiffs shall have until **Tuesday, June 27, 2000**, to file a Civil RICO Statement as required by S.D. Fla. L.R. 12.1.

          **c.**    Motion to Dismiss - Defendant Humana, Inc., shall have until **Friday, July 7, 2000**, to file any Rule 12 motions.

          **d.**    Response to Motion to Dismiss - Plaintiffs shall have until **Wednesday, July 26, 2000**, to file a Response in Opposition to Defendant's Motion to Dismiss.

          **e.**    Reply in Support of Motion to Dismiss - Defendant, Humana,

Inc., shall have until **Wednesday, August 2, 2000**, to file a Reply in Support of its Motion to Dismiss.

        f.      Hearing on Motion to Dismiss - A hearing is set on Defendant, Humana, Inc.'s, Motion to Dismiss for **Thursday, August 17, 2000 at 9:30 AM**.

      **(2)**    **Class Certification**

        a.      Plaintiffs shall file a Motion for Subscriber Track Class Certification no later than **Tuesday, August 15, 2000**.

        b.      Response to Motion for Class Certification - Defendant, Humana, Inc. shall have until **Thursday, September 14, 2000**, to file a Response in Opposition to Plaintiffs' Motion for Class Certification.

        c.      Reply in Support of Motion for Class Certification - Plaintiffs shall have until **Thursday, September 21, 2000**, to file a Reply in Support of its Motion for Class Certification.

    **VI**    **DISCOVERY -** Pending this Court's ruling on Defendant, Humana's anticipated Motion to Dismiss all merit discovery is **STAYED**, however, limited class certification discovery shall be allowed in the following manner.

      **(1)**    Deposition of Named Plaintiffs- Defendant, Humana, Inc., shall only be allowed to take the deposition of the named Plaintiffs in the Subscriber Track Consolidated Amended Complaint as well as in the Provider Track Consolidated Amended Complaint. Such depositions are limited to six hours absent court order or agreement of the parties. S.D. Fla. L.R. 26.1.K.

      **(2)**    Deposition of Humana, Inc.'s Corporate Representative - Only

-12-

Provider Track Plaintiffs shall be allowed to take the deposition of the corporate representative of Humana, Inc. The parties shall confer and agree as to the identity and number of corporate representatives to be deposed. Such depositions are limited to six hours absent court order or agreement of the parties. S.D. Fla. L.R. 26.1.K.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2000.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

COPIES PROVIDED TO COUNSEL ON THE
ATTACHED JUNE 12, 2000, SERVICE LIST.

-13-

# EXHIBIT C

TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA TAGUE RAYMOND & LEVINE, L.L.P.

Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Master File No. 00-6061-CIV-FERGUSON/SNOW

IN RE:

FLORIDA AUTOMOBILE
INSURANCE LITIGATION
_____/

## AGREED CASE MANAGEMENT ORDER
### (Order No. 1)

THIS CAUSE, having come before this Court, upon the stipulation of the parties and based upon this Court's September 28, 2001 Omnibus Order on Pending Motions, Amended Order Setting Trial Date and Discovery Schedule, and Amended Order of Referrence to Magistrate, the Court ORDERS:

I.    **MASTER DOCKET AND FILE**. All documents filed in this case shall have a caption similar to that of this Order under Master File No. 00-6061-CIV-FERGUSON. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

II.    **DISCOVERY REQUESTS AND RESPONSES**. Pursuant to Federal Rule of Civil Procedure 5(d), discovery requests and responses will not be filed with the court except when specifically ordered by the court or to the extent offered in connection with a motion.

III.    **INITIAL BRIEFING SCHEDULE.** The following briefing schedule shall apply:

(1)    **Answers to Complaints.**

a.    All Defendants shall serve their answers to the respective complaints on or before October 19, 2001.

any requests for such discovery shall indicate why the discovery is needed and the specific information or document(s) sought.

**(3)    Avoidance of Multiple Requests.** Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests.

**(4)    Preservation of Electronic Data**. All data and information maintained electronically by any party shall be preserved and maintained in all forms it is presently in during the pendency of this case.

**(5)    Confidentiality Order.** Discovery in this case shall be taken subject to the an Agreed Confidentiality Order. The parties shall file the Agreed Confidentiality Order on or before October 25, 2001.

**V.    Joinder of Additional Parties and Later Filed Cases.** The terms of this Order, including pretrial consolidation, shall apply automatically to actions later instituted in, removed to, or transferred to this Court regarding the same subject matter.

DONE AND ORDERED in the Southern District of Florida on _____, 2001.


_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE


Copies Provided To:

Counsel on the Attached
Master Service List.


7090-00100 319548 1                                3