UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL, on behalf of himself and other similarly situated, § § § § | |
| Plaintiffs, § | |
| v. § | |
| ALLSTATE INSURANCE COMPANY, § § | |
| Defendant/Third-Party Plaintiff, § § | |
| v. § § | |
| COMMUNITY CARE NETWORK, INC., doing business as CCN, § § § | |
| Third-Party Defendant. § § | |

CCN'S MOTION TO AMEND
CASE MANAGEMENT CALENDAR AND CONTINUE TRIAL DATE

CN Managed Care, Inc. ("CCN"), a third-party defendant in the above-styled action and a defendant in the *Larusso v. Liberty Mutual and CCN* action (case no. 00-7692), moves to take this litigation off the current case management calendar and to continue the current trial date. In support of this motion, CCN states:

1.  By its "Omnibus Order on Pending Motions" dated September 28, 2001, the Court consolidated this and fourteen other, purportedly similar cases. By its "Amended Order Setting Trial Date and Discovery Schedule" of September 28, 2001, the Court set all of the consolidated cases on the following schedule:

| | |
|---|---|
| January 28, 2002 | Joinder of additional parties and amended pleadings. |
| February 11, 2002 | Plaintiff's expert witness disclosure, with subsequent depositions. |
| February 25, 2002 | Defendants' expert witness disclosure, with subsequent depositions. |
| March 11, 2002 | Witness lists exchanged. |
| April 1, 2002 | Discovery cutoff. |
| April 22, 2002 | Dispositive and other pretrial motions. |
| May 6, 2002 | Pretrial stipulation. |
| May 13, 2002 | Pretrial conference. |
| June 10, 2002 | Calendar call. |
| June 17, 2002 | Trial period. |

Neither CCN nor, on information and belief, any other defendant stipulated or agreed that this trial calendar afforded sufficient time to adequately litigate the claims at bar.

***The cases at bar are complicated to the extent that they warrant the
most comprehensive of treatment and the highest investment of time and resources.***

2.  The two CCN cases and (on information and belief) the other consolidated cases are complex commercial disputes asserting a variety of complicated and factually distinct claims, including breach of contract, unjust enrichment, RICO (predicated on various allegations of fraud and conspiracy) and other statutory and common law claims. They are certain to involve a significant number of documents, witnesses, factual issues and legal issues.

3.  Plaintiffs' Rule 26(a) disclosures, for example, list in excess of sixty witnesses who will have to be deposed, and that is prior to receiving written discovery responses that will likely identify others.

4.     Similarly, Plaintiffs' Rule 26(a) disclosures list in excess 3,500 documents upon which they will rely to support their claims, plus a number of additional documents which are said to be currently in the Defendants' possession.

5.     The complexity of these cases will be compounded if the various motions to certify are granted, in which case both the number of claims and the dollar amounts at issue will increase exponentially. Moreover, though a number of the consolidated defendants have filed motions seeking reconsideration of the consolidation order, if the cases remain consolidated the complexity discussed above will be compounded even further.

6.     Accordingly, these cases should clearly be designated to the complex track under Local Rule 16.1. As such, parties should be allowed a minimum of between 270 and 365 days for discovery.

### *The current case management calendar does not afford nearly enough time to litigate the claims at issue, including resolution of preliminary issues such as motions to compel arbitration or motions for class certification*

7.     Given the complexity of these cases, the number of witnesses and documents at issue, and especially the consolidation issues referenced above, CCN would argue that even the period contemplated by Local Rule 16.1 is not nearly enough time. Nevertheless, the current schedule affords only a <u>fraction</u> of that time during which to conduct discovery.

8.     Moreover, the brief period provided by the case management order has been reduced even further by factors such as, for example, CCN's motion to compel arbitration, which warrants staying all discovery until it is resolved.

9.  In addition, under applicable case authority, all merits discovery should be stayed pending resolution of the motions for class certification. This has not yet occurred and, as discussed below, is not likely to occur in the near future.[1]

10. Finally, as both this Court and the Plaintiffs have acknowledged, the consolidation of cases involving different clients and competitors, including CCN's clients and CCN's competitors, requires the entry of a comprehensive confidentiality order before discovery can move forward.[2] To date there has been no ruling on any of the competing motions for confidentiality order.

11. The result of all of this is that as of the present date, with less than two months to go before expert disclosures commence, four months to go before the discovery cutoff and approximately six months before trial, <u>not a single deposition</u> has taken place and <u>not a single document</u> has been produced, whether as to class certification or on the merits.

12. Given the current status of these proceedings, and the immense volume of depositions and document production that will eventually be required once certification and arbitration issues are resolved -- particularly if classes are certified -- there is simply no way that the current case management calendar can remain in place.

13. Indeed, it is not even likely that class certification will be resolved prior to the current trial date, let alone the merits discovery cutoff or the expert disclosure dates (now approximately two months away). Class certification discovery would likely require at least through the current merits discovery cutoff if not beyond. If written discovery tailored to

---

[1] CCN's motion to compel arbitration and its motion to stay pending resolution of arbitration and class certification issues are both fully-briefed and ready to be heard.

[2] The Court's civil minutes note, in discussion of consolidation, that protective orders would need to be addressed following consolidation. CCN has moved for the entry of a confidentiality order. Plaintiffs have moved for their own confidentiality order, and have also indicated agreement with that proposed by CCN. It is believed that other defendants oppose CCN's proposed order.

4

certification issues were served today, given the thirty-day response period and *assuming no discovery disputes*, the parties would not be in position to commence depositions until the first part of February 2002 at the earliest. Thereafter, twenty-two separate defendants will have to examine seven separate putative class representatives -- each with a distinct contracts and factors relating to suitability as a class representative -- and will then have to brief and argue fifteen separate motions to certify. That process is likely to take at least several months more, at which point the Court will be in position to consider the evidence and rule on fifteen separate motions.

14. Moreover, the cases are not even at a point where class certification efforts can appropriately begin. Several defendants (including CCN) have filed motions to compel arbitration. Under applicable statutory and case authority, the litigation should be stayed until those motions are resolved, meaning that the parties might not be able to even *commence* discovery prior to the discovery cutoff.[3]

15. In addition to the foregoing, CCN respectfully joins in Defendant Allstate's motion for clarification of case management and scheduling issues and its reply brief in connection therewith (docket nos. 219 and 220)[4] to the extent Allstate seeks to take the consolidated cases off the current schedule, including the legal argument contained therein.

16. Accordingly, CCN requests that, at least with respect to the two cases in which CCN is a party, the Court vacate the current case management calendar and to continue the current trial date.

---

[3] The arbitration issue in this instance would not be "resolved" until either an arbitration award is rendered (with the litigation being stayed during the interim) or, if the motion to compel arbitration is denied, a ruling is obtained on an interlocutory appeal of that order, which can be taken as a matter of right and during which the case must be stayed. Accordingly, even if the current case management calendar could be workable in the present context, it is not workable for those cases involving arbitration issues nor in any cases consolidated with them.

[4] Allstate's reply brief has not yet been assigned a docket number.

17. Pursuant to rule 7.1(B)(1) of the Local Rules, CCN respectfully requests oral argument on this motion. CCN believes that given the complexity of the issues presented and the confusion engendered by the effort to consolidate fifteen separate cases, oral argument would be of substantial assistance to the Court.

### Memorandum of Law

This motion is submitted to the sound discretion of the District Court, to be exercised in accordance with the mandate of Rule 1 to the effect that the rules should be administered to secure the just, speedy and inexpensive determination of every action. Given the complexity of the issues in this case, the variety of issues presented by the various preliminary motions including the motion to compel arbitration and the motion for class certification, and the enormous increase in this burden caused by the consolidation of the various other actions, justice requires that this case be taken off the current calendar and that additional time be afforded for its resolution. CCN also adopts the legal argument in Defendant Allstate's motion for clarification of case management and scheduling issues and its reply brief in connection therewith.

McGuire Woods LLP

By: _____
William W. Deem
Florida Bar No. 0512834
W. Curtis Caywood, IV
Florida Bar No. 0189420
50 North Laura St., Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
wdeem@mcquirewoods.com

Counsel for CCN Managed Care, Inc.

## Certificate of Consultation

Counsel for CCN certifies that he consulted counsel for the Plaintiffs with respect to the foregoing. Plaintiffs will oppose this motion. Defendant Allstate, in its own motion referenced above, has already adopted the position that the current calendar is unworkable.

## Certificate of Service

I certify that a copy of the foregoing has been furnished by U.S. Mail on this /2 day of December, 2001, to all counsel listed on the attached service list.

_____
Attorney

\\COM\96166.1

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Amended 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Holly wood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1