UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a      00-7692
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.

    Defendants.
_____/

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL LIBERTY MUTUAL TO ATTEND DEPOSITIONS AND FOR SANCTIONS (D.E. #348)

Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated ("LARUSSO"), by his undersigned counsel, hereby submits his Reply Memorandum of Law in Support of his Motion to Compel LIBERTY MUTUAL to Attend Depositions and For Sanctions.

7090-00100 341147.1



ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

For all the reasons set forth herein, LARUSSO respectfully submits that his Motion to Compel should be granted in all respects.

## ARGUMENT

Contrary to Defendant LIBERTY MUTUAL INSURANCE COMPANY's ("LIBERTY MUTUAL") assertion, LARUSSO is not attempting to "derive strategic advantage from the procedural confusion of this case." In fact, the procedural confusion created in this case has been the result of the Defendants, including LIBERTY MUTUAL, filing unnecessary Motions and making every effort possible to avoid discovery. LIBERTY MUTUAL contends that until a confidentiality order is entered, it is concerned about attending a deposition in these proceedings. However, LIBERTY MUTUAL fails to advise this Court that it has not cooperated in agreeing to the terms of a confidentiality order. The LIBERTY MUTUAL deposition could have occurred with a stipulation among the parties addressing confidentiality concerns. The Defendants, including LIBERTY MUTUAL, cannot refuse to address their confidentiality concerns and then utilize their own failure as a basis to refuse to attend depositions.

Subsequent to the September 28, 2001 Omnibus Order which lifted all discovery stays, counsel for LARUSSO and the Class Plaintiffs attempted to reach an agreement among the parties with relation to a confidentiality order and with relation to the scheduling of depositions. Despite numerous efforts by counsel for Class Plaintiffs, the Defendants refused to assist in addressing the confidentiality issues and refused to provide dates for depositions. Accordingly, counsel for Class Plaintiffs thereafter served the Notice of Taking Corporate Depositions. The Notice provided all of the parties with more than enough time to prepare for the depositions and to address any

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

confidentiality concerns. Rather than address these issues, LIBERTY MUTUAL instead filed a Motion for Protective Order and refused to attend its deposition.

In violation of Local Rule 7.7, LIBERTY MUTUAL attached to its response an e-mail dated November 6, 2001 and its November 13, 2001 letter. However, even though LIBERTY MUTUAL has violated Local Rule 7.7 by furnishing copies of correspondence among counsel to the Court, a review of the documents demonstrates that LIBERTY MUTUAL had no basis to ignore its obligation to attend a properly scheduled deposition. The Local Rules of this Court specifically condemn LIBERTY MUTUAL's conduct. Appendix A, Section VI(B) provides:

> In addition to the procedures and guidelines governing the filing of motions for a protective order, counsel should be aware that the mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the discovery requested or scheduled. For example, <u>a motion for protective order will not prevent a deposition from occurring; only a court order granting the motion will accomplish this</u>.

(emphasis added).

Directly contrary to the Local Rules of this Court, LIBERTY MUTUAL took the position in its November 13, 2001 correspondence that it did "not intend to present a witness at deposition absent an order denying Liberty Mutual's Motion for Protective Order." LIBERTY MUTUAL's conduct is directly prohibited by the Local Rules of this Court and by the Federal Rules of Civil Procedure. Following LIBERTY MUTUAL's lead, despite the fact that this Court has not entered an order staying discovery or postponing scheduled depositions, the other Defendants have similarly refused to attend depositions. Sanctions are appropriate against LIBERTY MUTUAL for its willful and intentional disregard of this Court's September 28, 2001 Omnibus Order, September 28, 2001 Trial Order, the Local Rules of this Court, and the Federal Rules of Civil Procedure. There is no

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

pending Motion to Dismiss or Motion to Compel Arbitration in this proceeding. There is no Order staying discovery or postponing the duly scheduled depositions. Accordingly, rather than comply with this Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure, LIBERTY MUTUAL chose to ignore the rules and refused to attend its deposition. Such conduct should not be tolerated by this Court.

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order compelling Defendant LIBERTY MUTUAL INSURANCE COMPANY to attend the previously scheduled deposition and to award sanctions against LIBERTY MUTUAL, including the attorneys' fees and costs incurred in attending the deposition and filing this Motion, together with such other and further relief as this Court may deem just and proper.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this ___ day of December, 2001 upon: all individuals on the attached service list.

_____
ERIC LEE

7090-00100 341147.1

6

ATLAS PEARLMAN
ATTORNEYS AT LAW