UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.
doing business as CCN,

     Third-Party Defendant.



_____

ULTRA OPEN MRI CORPORATION, on behalf            01-6778
of itself and others similarly situated,

     Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

     Defendant.

_____

**RESPONSE OF DEFENDANT PRUPAC TO**
**PLAINTIFF'S OBJECTIONS TO**
**REPORT AND RECOMMENDATION (D.E. #318)**

Pursuant to Fed. R. Civ. P. 72(b), Defendant Prudential Property and Casualty Insurance

Company ("PruPAC") hereby respectfully submits its response to Plaintiff's Objections to United

States Magistrate Judge Lurana S. Snow's Report and Recommendation (D.E. 318).  As

explained below, Judge Snow correctly concluded that the Federal Arbitration Act, 9 U.S.C. §§ 1

*et seq.*, requires Plaintiff Ultra Open MRI Corporation ("UOMC") to arbitrate its dispute with

PruPAC.  UOMC's objections to Judge Snow's recommendations are meritless.  Accordingly,

Judge Snow's Report and Recommendation ("R&R") should be approved and adopted by the

Court.

**STATEMENT**

A.    Procedural History.

UOMC filed its complaint against PruPAC on May 5, 2001, but failed to serve PruPAC

until June 6, 2001.  The parties then agreed to postpone PruPAC's deadline to respond to the

complaint.

On August 6, 2001, prior to answering or otherwise responding to UOMC's complaint,

PruPAC filed its Motion to Compel Arbitration (Docket Entry 10 in No. 01-6778-CIV-Ferguson)

(the "Motion") (see B. *infra*).  In its Motion, PruPAC requested that UOMC be compelled to

arbitrate its dispute and that the complaint be dismissed.

On September 28, 2001, the Court referred PruPAC's Motion to United States Magistrate

Judge Lurana Snow.  On November 13, 2001, Judge Snow issued the Report and Recommen-

dation (Docket Entry 318) at issue here (see C. *infra*), in which Judge Snow recommended that

PruPAC's Motion be granted, that UOMC be compelled to arbitrate, and that UOMC's complaint

be dismissed.

On November 28, 2001, UOMC filed its Objections ("Obj.") to the Report and

Recommendation.

2

B.     PruPAC's Motion to Compel Arbitration.

PruPAC brought its Motion to Compel Arbitration to enforce the arbitration provision in

the PIP contract at issue here.  That arbitration provision provided, in relevant part:

> "Any claims dispute between us [*i.e.*, PruPAC] and a medical service or supplies provider who has agreed to accept an assignment of benefits shall be decided by arbitration upon written request of either party."

In the Motion and a later reply, PruPAC explained:

- The PIP contract's arbitration provision was subject to the Federal Arbitration Act.

- The Federal Arbitration "Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds Inc.* v. *Byrd*, 470 U.S. 213, 218 (1985).

- As an assignee and third-party beneficiary, UOMC was subject to the arbitration provision.

- The Florida Supreme Court's decision in *Nationwide Mut. Fire Ins. Co.* v. *Pinnacle Med., Inc.*, 753 So. 2d 55 (Fla. 2000), did not dictate any different result.

- In sum, as the voluntary assignee of a PIP contract issued by PruPAC, UOMC was bound by an arbitration provision included in the PIP contract, and that arbitration provision was enforceable under the Federal Arbitration Act.  Accordingly, the claims UOMC alleged in its complaint are subject to arbitration.

C.     Judge Snow's Report and Recommendation.

In the Report and Recommendation, Judge Snow concluded that the PIP contract

constitutes a written agreement that is binding on UOMC.  Judge Snow further concluded that

the arbitration provision of the PIP contract is enforceable under the Federal Arbitration Act.

Explicitly rejecting UOMC's argument that the arbitration provision was somehow invalidated by

the Florida Supreme Court's decision in *Pinnacle* that a Florida statute was invalid, Judge Snow

held:

> "The language in the contract was not mandated by the statute, but constitutes an independent agreement between the parties. The arbitration clause was not invalidated by *Pinnacle*." R&R at 8.

Judge Snow also concluded that the arbitration provision is binding upon UOMC, which voluntarily accepted the assignment of the terms and conditions of the PIP contract. Finally, Judge Snow concluded that all of UOMC's claims in its complaint are subject to arbitration. Accordingly, Judge Snow:

> "RECOMMENDED that the motion to dismiss the complaint and require the plaintiff to engage in arbitration be GRANTED." *Id.* at 10.

## ARGUMENT

PruPAC premised its Motion to Compel Arbitration on the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* As the United States Supreme Court has explained, "the basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate." *Allied-Bruce Terminix Companies, Inc.* v. *Dobson*, 513 U.S. 265, 270 (1995).[1] "By its terms, the [Federal Arbitration] Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds Inc.*, v. *Byrd*, 470 U.S. 213, 218 (1985); accord *Creative Tile Mktg.* v. *Sicis Int'l*, 922 F. Supp. 1534, 1538 (S.D. Fla. 1996).

---

[1] The Federal Arbitration Act "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp.* v. *Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). Therefore, "in applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the Act, due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Sciences, Inc.* v. *Board of Trustees*, 489 U.S. 468, 475-76 (1989) (citations omitted).

In its objections, UOMC cannot and does not challenge Judge Snow's conclusion that the arbitration provision, if valid, is subject to and enforceable under the Federal Arbitration Act.[2] Thus, if the PIP contract includes a valid arbitration provision that binds UOMC, then UOMC's complaint against PruPAC must be arbitrated and cannot go forward in this Court.

Instead, UOMC makes two objections to Judge Snow's Report and Recommendation: first, that "the R&R incorrectly concludes that the arbitration provision . . . is valid," and second, that "the R&R incorrectly finds that the Arbitration provision can bind an assignee." Obj. at 4, 7. Neither of these objections has any merit, as we now explain.

## I.   Judge Snow Correctly Concluded That the Arbitration Provision Is Valid.

UOMC argues that Judge Snow erred in holding that the arbitration provision is valid. UOMC argues that the Florida Supreme Court's holding in *Nationwide Mut. Fire Ins. Co.* v. *Pinnacle Med., Inc.*, 753 So. 2d 55 (Fla. 2000) voids all PIP contract arbitration provisions – like the one at issue here – that make disputes involving third-party beneficiaries such as UOMC subject to arbitration. UOMC's argument is meritless.

### A.    UOMC Misconstrues the Holding in *Pinnacle.*

UOMC completely misconstrues the Florida state court's decision in *Pinnacle.* In *Pinnacle*, the Florida state court held that "the mandatory arbitration provision in section 627.736(5), Florida Statutes (1997), denies medical providers access to courts in violation" of the

---

[2] In fact, UOMC implicitly acknowledges that the Federal Arbitration Act controls by citing to case law decided under the Act. See Obj. at 3-4. The cases it cites, however, are from other jurisdictions and predate the United States Supreme Court's extensive jurisprudence on the Act. Thus, its citations are of questionable validity and were never precedent in this Court in the first place. In contrast, this Response cites solely to cases from the U.S. Supreme Court, the Eleventh Circuit, and the U.S. District Court for the Southern District of Florida.

Florida constitution. 753 So. 2d at 59. This violation occurred because parties had a right of access to the courts that pre-existed adoption of the Florida constitution, and "the Legislature cannot abolish that right without providing a reasonable alternative" except under certain conditions. *Id.* at 57. In other words, in *Pinnacle*, the state court concluded that it was unconstitutional for the Florida *legislature* to *require* medical providers to arbitrate their disputes with insurance companies.

The Florida state court in *Pinnacle* did not and could not hold, however, that *private parties* were prohibited from making agreements among themselves to arbitrate disputes arising from those agreements. Thus, after *Pinnacle* struck down the Florida statutory mandate to include an arbitration provision, private parties were then free to voluntarily enter into arbitration agreements as they saw fit. PruPAC and its insured did not enter into the PIP contract at issue here until after the *Pinnacle* decision was decided. As Judge Snow points out, UOMC "has not cited any case in which the court held that *Pinnacle* struck down an arbitration clause in a PIP contract written *after* the statute mandating such clauses was declared unconstitutional." R&R at 8 (emphasis added). In its Objections, UOMC still has not cited to any such case.

Instead, UOMC cites to *Harris* v. *Gonzalez*, 789 So. 2d 405 (Fla. Dist. Ct. App. 2001) – a case having nothing to do with PIP contracts or arbitration – for the general proposition that "[a] contract which violates a provision of the constitution or a statute is void and illegal, and will not be enforced in our Courts." Obj. at 6 (quoting *Harris*, 789 So. 2d at 409). *Harris*, however, is inapposite because *Pinnacle* did not hold that PIP contracts violate the constitution or a statute. Rather, *Pinnacle* only held that a particular statutory provision (Fla. Stat. 627.736(5)) – not the contract here – violated the Florida constitution.

B.    The Federal Arbitration Act Would Preempt any State Law Purporting to
Invalidate Arbitration Provisions Entered Into by Private Parties.

The Florida Supreme Court's decision in *Pinnacle* could not, as UOMC erroneously

argues, void any PIP contract provision that requires UOMC to arbitrate. Any state law – whether

statutory or judicially-created – holding arbitration provisions in a PIP contract unenforceable

would be preempted by the Federal Arbitration Act.  As the United States Supreme Court has

repeatedly made clear, the Federal Arbitration Act "preempts state laws which require a judicial

forum for the resolution of claims which the contracting parties agreed to resolve by arbitration."

*Volt Info. Sciences, Inc.* v. *Board of Trustees*, 489 U.S. 468, 478 (1989) (citations and internal

punctuation omitted).  In the current case, the parties to the PIP contract indisputably agreed to

resolve by arbitration any claims asserted by an assignee like UOMC that arose under the

contract.

In *Southland Corp.* v. *Keating*, 465 U.S. 1 (1984), the United States Supreme Court

considered and rejected UOMC's argument that state law can void a contractual arbitration

provision. *Southland* addressed a California statute that purported to void arbitration provisions

in franchising agreements.  The Supreme Court held that the Federal Arbitration Act preempted

any such state law.  That Act, the Supreme Court explained, "withdrew the power of the states to

require a judicial forum for the resolution of claims which the contracting parties agreed to

resolve by arbitration." *Id.* at 10; accord *Mastrobuono* v. *Shearson Lehman Hutton, Inc.*, 514

U.S. 52, 56 (1995).

In sum, if, as UOMC erroneously argues, the *Pinnacle* decision somehow invalidated all

arbitration provisions in PIP contracts applicable to third-party medical providers, the *Pinnacle*

decision would be preempted by the Federal Arbitration Act. As a Court in this District has held,

"[t]o allow state law to preempt the [F]ederal Arbitration Act, in a case where that Act applies,

would be violative of the Supremacy Clause of the United States Constitution." *Singer* v. *E.F.*

*Hutton & Co.*, 699 F. Supp. 276, 279 (S.D. Fla. 1988). Notwithstanding UOMC's erroneous

contentions, *Pinnacle* did nothing more than invalidate the Florida *legislature*'s attempt to

compel parties to arbitrate, while leaving intact private parties' power to voluntarily include

arbitration provisions in their contracts.[3]

## II. Judge Snow Correctly Concluded That UOMC, as a Voluntary Assignee, Is Bound by the Arbitration Provision.

UOMC's second objection to Judge Snow's Report and Recommendation is that even if

the arbitration provision is valid, it cannot bind UOMC, a voluntary assignee and third-party

beneficiary of the PIP contact. Again, UOMC's objection is meritless.

### A.    UOMC Voluntarily Agreed to Accept Assignment of the PIP Contract.

At the outset, UOMC's argument rests upon a faulty premise. UOMC contends that it did

not agree to the arbitration provision in the PIP contract. UOMC is mistaken. Although UOMC

was not originally a party to the contract, it freely agreed to accept, as a third-party beneficiary,

the insured's assignment of the contract. As the arbitration provision makes clear, it applies only

---

[3] UOMC also offhandedly argues that the arbitration provision "impermissibly provides for prevailing party attorney fees," again citing to the *Pinnacle* decision. Obj. at 7. First, UOMC failed to raise this argument before Judge Snow, and has therefore waived it. *E.g.*, *Jaffe* v. *Grant*, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986). Second, UOMC's argument fails in any event. As explained above, *Pinnacle* did not prohibit parties from entering into contracts as they saw fit. Rather, it only prevented the state legislature from compelling parties to do so. Notwithstanding UOMC's incorrect argument, "[a] court is not empowered to rewrite a clear and unambiguous provision, nor should it attempt to make an otherwise valid contract more reasonable for one of the parties." *North American Van Lines* v. *Collyer*, 616 So. 2d 177, 179 (Fla. Dist. Ct. App. 1993).

to "[a]ny claims dispute between us and a medical service or supplies provider [such as UOMC] who has *agreed to accept* an assignment of benefits" from the insured.  Having agreed to accept that assignment, UOMC cannot legitimately contend that it has not agreed to the contract's provisions.  If UOMC did not wish to agree to those provisions, it was free not to accept the contractual assignment in the first place.

> B.    The Arbitration Provision Binds any Third-Party Beneficiary
> That Accepts Assignment of a Contract Including That Provision.

Leaving aside that as a factual matter, UOMC accepted assignment of the PIP contract, UOMC's argument is also wrong on the law.  A previous case in this District rejected the very objection UOMC now raises and held that third-party beneficiaries of a contract are bound by the terms of any arbitration provision in that contract.  *Interpool Ltd.* v. *Through Transport Mut. Ins.*, 635 F. Supp. 1503, 1505 (S.D. Fla. 1985).  The Court explained:

> "The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke.  The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.  * * * Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and a party may be bound by an agreement to arbitrate even in the absence of a signature." *Id.* at 1505 (citations and internal punctuation omitted).

Despite Judge Snow's citation to this case and to this very passage (R&R at 9), UOMC does not even mention the case in its Objections, let alone attempt to explain or distinguish it.

> C.    UOMC Misreads Florida Law on the Effect
> of Arbitration Provisions on Assignees.

Although it ignores the *Interpool* decision, UOMC does cite to two Florida court of appeals cases, *Federated Title Insurers, Inc.* v. *Ward*, 528 So. 2d 890 (Fla. Dist. Ct. App. 1989) and *Karlen* v. *Gold & Western Indus.*, 336 So. 2d 461 (Fla. Dist. Ct. App. 1976), for the

proposition that "[a]rbitration agreements are personal covenants *usually* binding only upon

parties to the covenant," and not, apparently, on assignees like UOMC. Obj. at 8 (emphasis

added). UOMC misreads these cases. The courts in *Ward* and in *Karlen* do not hold that an

arbitration provision can *never* bind an assignee, but rather leave open the possibility that an

arbitration provision may do so in some circumstances. And, as Judge Snow explained, neither

case "involve[s] a contract which specifically states that the assignee is required to engage in

arbitration." R&R at 10 n.3. In contrast, the PIP contract at issue here *expressly requires the*

*assignee to arbitrate* any dispute with PruPAC.

> D.      The Federal Arbitration Act Preempts Any State Law that Purports to Treat
>         Arbitration Provisions Differently From Other Contractual Provisions.

Leaving aside UOMC's misreading of *Ward* and *Karlen*, in citing to those cases UOMC

argues in effect that Florida law treats arbitration provisions differently from other types of

contractual provisions. Although contractual provisions generally transfer to an assignee under

basic principles of contract law, UOMC contends that arbitration provisions do *not* transfer to an

assignee under Florida law.

The United States Supreme Court has repeatedly and unequivocally rejected UOMC's

argument. Simply stated, "[c]ourts may not invalidate agreements under state laws applicable

only to arbitration provisions." *Doctors Associates, Inc.* v. *Casarotto*, 517 U.S. 681, 687 (1996).

The Supreme Court has made it crystal clear that "[a] state law principle that takes its meaning

precisely from the fact that a contract to arbitrate is at issue does not comport with" the Federal

Arbitration Act. *Perry* v. *Thomas*, 482 U.S. 483, 493 n.9 (1987). For that reason, "[a] court may

not . . . in assessing the rights of litigants to enforce an arbitration agreement, construe that

agreement in a manner different from that in which it otherwise construes nonarbitration agreements under state law." *Perry*, 482 U.S. at 492 n.9.

Put another way, UOMC asks to be paid under the terms of the PIP contract, but to be free from the contract's arbitration provision. See Complaint, Count II and ¶¶ 97-104 (alleging a cause of action for "Third-Party Beneficiary Breach of Contract). But, "[w]hat States may *not* do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause." *Allied-Bruce*, 513 U.S. at 281 (emphasis added). The Federal Arbitration "Act makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal 'footing,' directly contrary to the Act's language and Congress' intent." *Id.*

Consistent with this clear, unequivocal rule enunciated by the U.S. Supreme Court, a Court in this District concluded that any state law that treats arbitration provisions differently from other types of contract provisions is preempted by the Federal Arbitration Act. *Securities Industry Ass'n v. Lewis*, 751 F. Supp. 205 (S.D. Fla. 1990). Quoting *Perry*, the Court explained:

> "[S]tate law, *whether of legislative or judicial origin*, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally. A state law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with this requirement of [the Federal Arbitration Act.]" *Id.* at 206 (quoting *Perry*, 482 U.S. at 493 n.9) (emphasis added).

Likewise, to the extent the *Ward* and *Karlen* cases on which UOMC relies hold that arbitration provisions are to be treated differently from other contractual provisions, those cases are preempted by the Federal Arbitration Act. Accordingly, the PIP contract's arbitration provision binds UOMC as the assignee and third-party beneficiary of the contract.

## CONCLUSION

Judge Snow's Report and Recommendation should be approved and adopted and

UOMC's objections should be overruled.  A proposed order is attached.

Respectfully submitted,

John D. Aldock                          Kathy J. Maus (Bar No. 896330)
Michael K. Isenman                      Lauren D. Levy (Bar No. 0116490)
Jeffrey M. Klein                        BUTLER BURNETTE PAPPAS
SHEA & GARDNER                          3520 Thomasville Road, Suite 102
1800 Massachusetts Ave., N.W.           Tallahassee, FL 32308
Washington, DC 20036                    (850) 894-4111
(202) 828-2000                          Fax (850) 894-4999
Fax (202) 828-2195


Dated:  December 17, 2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.
doing business as CCN,

      Third-Party Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf         01-6778
of itself and others similarly situated,

      Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendant.

_____

**ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

This **CAUSE** is before the Court on United States Magistrate Judge Lurana S. Snow's

Report and Recommendation (Docket Entry 318) that the Motion of Defendant Prudential

Property and Casualty Insurance Company to Compel Arbitration (Docket Entry 10 in Case No.

01-6778-CIV-Ferguson) be granted and the complaint in Case No. 01-6778-CIV-Ferguson

dismissed.

After due consideration of the Magistrate Judge's Report and Recommendation (Docket

Entry 318), Plaintiff's Objections thereto, Defendant's Response, and the pertinent portions of the

record, it is

**ORDERED AND ADJUDGED** that:

1.    Plaintiff's Objections are **OVERRULED**;

2.    The Report and Recommendation of United States Magistrate Judge Lurana S. Snow

      (Docket Entry 318) is **ADOPTED** as the opinion of the Court;

3.    Defendant's Motion to Compel Arbitration (Docket Entry 10 in Case No. 01-6778-CIV-

      Ferguson) is **GRANTED**; and

4.    Plaintiff's Complaint in Case No. 01-6778-CIV-Ferguson is **DISMISSED**.

      **DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this _____ day of

_____, 200__.


                                          _____
                                          WILKIE D. FERGUSON, JR.
                                          UNITED STATES DISTRICT JUDGE
copies to:
Lurana Snow, United States Magistrate Judge
Jan Atlas, Esq.
Eric Lee, Esq.
Robin Campbell, Esq.
Kathleen Maus, Esq.
Lauren Levy, Esq.
John Aldock, Esq.
Michael Isenman, Esq.
Jeffrey Klein, Esq.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.
doing business as CCN,

     Third-Party Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf     01-6778
of itself and others similarly situated,

     Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

     Defendant.

_____

**CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of the foregoing Response of Defendant PruPAC to

Plaintiff's Objections to Report and Recommendation (D.E. #318), and accompanying proposed

order, to be served upon the counsel in the accompanying service list by U.S. Mail, postage

prepaid, on December 17, 2001.

_____
Lauren D. Levy, Esq.

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823.1

4