UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-CIV-6061-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.

---

### ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, AND DEERBROOK INSURANCE COMPANY'S OPPOSITION TO CLASS PLAINTIFFS' MOTION TO COMPEL DEPOSITION ATTENDANCE AND FOR SANCTIONS

Class plaintiffs' Motion To Compel, submitted separate and apart from their response to the Allstate defendants' pending Motion For Protective Order addressing these same issues, is flawed in both premise and form. Contrary to the fundamental assertion by Class plaintiffs, Allstate Insurance Company, Allstate Indemnity Company and Deerbrook Insurance Company (the "Allstate defendants") have not violated any Order of the District Court. The Allstate defendants have acted diligently, reasonably and with substantial justification in opposing Class plaintiffs' premature effort to engage in broad-ranging, merits-based discovery at this stage of the litigation, particularly while various motions to reconsider consolidation, compel arbitration,

and clarify this Court's amended scheduling Order remain pending and before any class has been certified.

## Background

I.    **ZIDEL'S PRIOR MOTION TO COMPEL AND FOR SANCTIONS.**

Class plaintiffs' basis for seeking the civil litigation equivalent of the death penalty -- striking the Allstate defendants' pleadings or barring the Allstate defendants from presenting any witnesses -- is monumentally flawed. Their misplaced and undeserved outrage allegedly stems from a similar pre-consolidation motion to compel and for sanctions brought against Allstate Insurance Company, alone, by one of the current Class plaintiffs, Paul Zidel, M.D. ("Zidel"). Zidel had served Notices demanding that nine persons be presented for deposition in Chicago, on December 5-7, 2000: a "Corporate Representative with the most knowledge of Allstate's preferred supplier policies, agreements to obtain discounts for medical services in Florida, and the payment of PIP medical claims in Florida at contractual rates" and eight (8) specified officers and employees of Allstate. (the "Original Notices").

After unsuccessful attempts to convince Zidel's counsel to delay the depositions in deference to its pending motion to dismiss and because of the impropriety of conducting merits discovery before class certification, Allstate served its Motion To Stay Discovery As Premature Or In The Alternative For Entry Of A Protective Order Limiting Discovery ("Initial Discovery Motion") on November 21, 2000. See Allstate Insurance Company's Opposition to Motion to Compel. At the time Allstate filed its Initial Discovery Motion, Allstate's Motion to Dismiss Zidel's Second Amended Complaint was still pending before the Court, and remained pending in various incarnations up to September 28, 2001. Allstate asserted, among other points, in its Initial Discovery Motion that discovery should be stayed or, alternatively, limited strictly to

2

issues pertaining to class certification, because: (a) Allstate's Motion to Dismiss would lead the Court to dispose of all or substantially all of the claims asserted by plaintiff against Allstate, including plaintiff's RICO claim; (b) counsel for plaintiff and Allstate had agreed to request that the time for Allstate to respond to an anticipated renewed Motion for Certification, once filed, be deferred until 60 days following the Count's ruling on Allstate's Motion to Dismiss because class certification may be limited or mooted by the Court's decision on a Motion to Dismiss; (c) given the number of legal theories asserted by plaintiff in the Amended Complaint, discovery concerning both class certification and the merits of plaintiff's claims portends to be expensive and time consuming and, depending on the outcome of Allstate's Motion to Dismiss, may prove to be unnecessarily broad and burdensome; and (d) to reasonably conserve both judicial resources and those of the parties, all discovery should be deferred until after a ruling on Allstate's Motion to Dismiss and, if that ruling does not render the question of class certification moot, then be limited to class certification issues until the Court rules on the class certification Motion, and thereafter proceeding only on whichever of plaintiff's purported claims remains pending and only in accordance with the status of the case as a class or individual action. In an effort to obtain a resolution of the pending discovery issues in advance of the requested deposition dates, Allstate also filed a Request for Oral Argument on Motion to Stay Discovery, on November 21, 2000.

On December 20, 2000, plaintiff served his Re-Notice Of Taking Depositions for January 16-18, 2001 in Chicago, Illinois ("Renewed Notices"). The Renewed Notices sought to depose all nine deponents requested in the Original Notices. In response to the Renewed Notices, and in light of the fact that Allstate's Initial Discovery Motion had not been ruled upon, Allstate filed its Motion for Entry of A Protective Order Concerning Depositions Scheduled For

January 16-18, 2001 (the "Second Discovery Motion") on December 28, 2000. Allstate also filed a separate Request for Oral Argument on the Second Discovery Motion.

In the Second Discovery Motion, Allstate again asserted that the requested depositions should not proceed and discovery in this matter should be stayed because the broad-based effort by plaintiff was premature. Allstate again requested in the Second Discovery Motion that the Court enter a Protective Order staying all discovery until after the Court ruled on Allstate's Motion to Dismiss. In the event the Court denied Allstate's request for a complete stay of discovery, Allstate alternatively moved that the Court enter an Order limiting discovery solely to issues pertaining to class certification. In light of the limited amount of time available prior to the dates specified in the Renewed Notices, January 16-18, 2001, and the paramount importance of the issues raised therein, Allstate further requested that the Court establish as soon as possible, an expedited briefing schedule and set a hearing which would permit the Court to decide the Motion prior to January 16th.

No Order was issued on Allstate's pending motions and Allstate did not produce its corporate representative, officers or employees for deposition. Zidel then filed his motion to compel and for sanctions. On January 24, 2001, after the noticed deposition dates, this Court's Omnibus Order On Pending Motions granted Allstate's Motion To Stay Discovery (the "Initial Discovery Motion") in this matter. Having done so, the District Court dismissed, as moot, Allstate's Second Discovery Motion and its two Requests for oral argument. The District Court also referred Allstate's pending Motion To Dismiss Second Amended Complaint and Plaintiff's Motion to Compel and for Sanctions to United States Magistrate Judge Snow. Zidel's Motion to Compel and for Sanctions was subsequently denied, without prejudice, as moot.

II. **CLASS PLAINTIFFS' CURRENT MOTION TO COMPEL AND FOR SANCTIONS.**

Similar to the earlier situation, this Motion to Compel arises out of the unilateral noticing of the depositions of corporate representatives of the Allstate defendants. In particular, Class plaintiffs' seek to take the depositions of those individuals from each of the Allstate defendants with the most knowledge of the following broad-ranging and merits-based topics:

1. The Defendant's solicitation by, discussions with, and agreements with any PPO;

2. The Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;

3. The Defendant's automobile insurance policies;

4. The processing of personal injury protection benefits claims at reduced or preferred provider rates;

5. Any negotiations or discussions with health care providers, insurance companies, or preferred provider organizations relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

6. Any agreements the Defendant entered into with health care providers relating to the payments of personal injury benefits claims at reduced or preferred provider rates.

The notice of depositions was mailed on October 23, 2001. The depositions for the Allstate defendant corporate representatives were scheduled for November 27 and 28, 2001.

This Court had entered an Omnibus Order on Pending Motions on September 28, 2001 ("Omnibus Order"), which consolidated fifteen class actions, lifted discovery stays, and granted in part and denied in part various motions to dismiss. On the same date, the Court also issued its Amended Order Setting Trial Date and Discovery Schedule ("Amended Scheduling Order"). Shortly after the issuance of the Omnibus Order, and prior to the mailing of the Class plaintiffs'

5

deposition notices, various motions to compel arbitration and for clarification of the Amended Scheduling Order were filed by defendants in the now-consolidated class actions raising questions regarding, inter alia, potential stays pending arbitration, the propriety of proceeding with merits discovery in conjunction with, or even prior to, class discovery, and confidentiality concerns. Needless to say, Class plaintiffs were well aware of the defendants' concerns, including the Allstate defendants, at the time they mailed their deposition notices.

On November 2, 2001, in response to, inter alia, the Class plaintiffs' deposition notice, the Allstate defendants filed their Motion for Protective Order and Stay of Discovery. That motion discussed the unresolved motions for reconsideration, motions for clarification of the Amended Scheduling Order, and motions to compel arbitration and sought a stay of discovery, including the subject depositions, pending the resolution of said motions. In the alternative, that motion sought a partial stay of discovery whereby discovery would be limited to class certification issues. The Allstate defendants requested that the Motion for Protective Order be given expedited consideration and, on the same day, filed a request for oral argument also seeking expedited consideration. By the time the Allstate defendants advised Class plaintiffs that the depositions would not be going forward based on the pendency of the Allstate defendants' motion for protective order and stay of discovery, as well as the motion regarding clarification of the Amended Scheduling Order, similar motions to stay and for protective orders had been filed by at least six other defendants. In fact, due to the morass of pending motions to reconsider, clarify, compel arbitration, and obtain guidance from the Court, not a single deposition of any of the defendants' corporate representatives has gone forward as unilaterally scheduled by Class plaintiffs (by December 13, 2001, 13 defendants, including the three Allstate Defendants, were to have produced their corporate representatives pursuant to Class plaintiffs' 30(b)(6) Notice).

Thus, the Allstate defendants are certainly not alone in defending their position by the only means available – refusing to produce their corporate representatives, as scheduled, until such time as all of the concerns raised by the various pending motions are resolved by the Court.

### Argument

Zidel's earlier Motion to Compel and for Sanctions was denied. Nothing has changed which would entitle Class plaintiffs to any other result here. Granted, by the time the earlier Motion to Compel and for Sanctions had been denied, there had been an order entered staying discovery. Zidel argued then, however, that since the discovery stay was ordered after Allstate failed to produce its deponents, the order did not validate Allstate's conduct and Allstate should still be compelled to produce its deponents and be subject to sanctions. The conduct of the Allstate defendants is virtually identical with regard to the subject motion. Indeed, if anything, the Allstate defendants' repeated, persistent, and consistent attempts to seek guidance with regard to the consolidated litigation, as well as similar efforts by many, if not all, of the other defendants in the consolidated actions, lends additional merit to their position regarding the depositions sought by Class plaintiffs. Accordingly, Class plaintiffs' Motion to Compel and for Sanctions should be denied in its entirety.

I.   **THE MOTION IS FATALLY FLAWED ON ITS FACE.**

   A.   **The Motion Does Not Meet Mandatory Procedural Requirements.**

Class plaintiffs' Motion to Compel fails to comply with Fed. R. Civ. P. 26(c) and 37, as well as Local Rule 26.1(I). No certificate is attached to the Motion to Compel in which counsel for Class plaintiffs makes the certification required under those Rules that he or she has conferred personally with counsel for the Allstate defendants in a good faith effort to resolve the discovery dispute. The Motion to Compel is thus fatally flawed on its face and should be denied

on that basis, alone. Fed. R. Civ. P. 37(A)(2), 37(A)(4)(A); Local Rule 26.1(I). See Drexel Burnham Lambert, Inc. v. Warner, 665 F. Supp. 1549, 1555 (S.D. Fla. 1987); Taylor v. Florida Atl. University, 132 F.R.D. 304, 305 (S.D. Fla.1990).

### B. No Court Orders Have Been Violated By The Allstate Defendants.

Class plaintiffs' Motion to Compel is absolutely wrong in asserting that the Allstate defendants have violated this Court's Omnibus Order and Amended Scheduling Order, both dated September 28, 2001. The Omnibus Order did lift existing stays on discovery which had been put in place pending the Court's decision on the defendants' motions to dismiss. However, the Allstate defendants and other defendants raised new and compelling reasons for a new stay on discovery to be put in place, such as reconsideration, clarification, and arbitration, as well as recognizing the dichotomy between class certification and merits discovery. The September 28, 2001 Amended Scheduling Order established a schedule of deadlines for certain pretrial activities, set a deadline for completion of discovery by April 1, 2002, set a Pretrial Conference on May 13, 2002, and set the case to be tried during a two week period beginning June 17, 2002. In no way does the Amended Scheduling Order strip the Allstate defendants of their right to object to inappropriate or premature discovery requests or otherwise preclude the Allstate defendants from seeking relief from the District Court on that basis. Nor does the Amended Scheduling Order in any way compel Allstate to tender any witness for deposition.

### II. Allstate Has Acted Reasonably And With Substantial Justification.

The Allstate defendants' actions, and their diligent efforts to obtain relief from Class plaintiffs' broad-ranging and premature discovery, have been diligent, reasonable and substantively justified. There has been no bad faith, abuse or unjustified misuse of the discovery process. The Allstate defendants did not violate any discovery Order. On the prior occasion

discussed above, this Court agreed with Allstate's position that refusing to produce deponents while a motion for protective order was pending was reasonable and did not violate this Court's discovery rules or subject Allstate to sanctions. Now, the Allstate defendants believe that there is even greater reason for caution, as they await guidance from the Court regarding the shape of this litigation and if it will proceed as fifteen consolidated cases. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997)(adopting a rule of law intended to avoid unnecessary costs and waste of judicial resources by precluding plaintiffs from engaging in discovery during the pendency of a dispositive motion). See also Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1995)(discovery in the early stages of litigation should be limited to Rule 23 issues and discovery on the merits of plaintiff's claims should be postponed until after a decision on class certification). Consequently, no discovery sanctions of any kind are warranted. See Fed. R. Civ. P. 37(d).

The Allstate defendants took every reasonable step possible under the circumstances. Nevertheless, despite diligent efforts to obtain relief from the Court, the Allstate defendants faced the daunting prospect of being forced to produce up to eighteen corporate officers and employees, at substantial cost and disruption to the Allstate defendants' business operations, in a matter where the outcome of various pending motions might substantially alter the nature of the proceedings. After diligently seeking a hearing before the District Court to resolve the discovery issues, the Allstate defendants informed counsel for the Class plaintiffs that the Allstate defendants had chosen to await the decision of this Court before proceeding. As the Court stated in Chudasama,

> When the parties to a case inform the court that there are objections to discovery requests that they cannot resolve, the court should provide rulings on the objections. When a party moves the court to compel discovery, the court should consider and rule on the

> objections filed by the resisting party. While it has discretion to grant or deny the motion, it should not grant the motion in the face of well-developed, bona fide objections without a meaningful explanation of its decision.
>
> Filtering out overly burdensome discovery requests before issuing dispositive orders serves many of the same purposes as eliminating nonmeritorious claims for relief that unnecessarily broaden the scope of discovery. To the extent that such requests unduly broaden the scope of discovery, rejecting them saves significant costs to the parties, the court, and other litigants. To the extent the requests unduly increase the parties' costs of compliance, rejecting them will result in more equitable and more efficient discovery management and will discourage further abuse.

123 F.3d at 1370. The Allstate defendants, as well as other defendants, have sought and continue to seek the efficient discovery management and, as a result, elimination of Class plaintiffs' discovery abuse, by way of the various pending motions. Accordingly, Class plaintiffs' Motion to Compel should be denied.

The text of Rule 37, on its face, makes it clear that the Allstate defendants should not face sanctions because they had filed and were awaiting decision on their motion for entry of protective order and, more broadly, to stay discovery. See Fed. R. Civ. P. 37(d) ("the failure to act as prescribed by this subdivision may not be excused on the ground that the discovery is objectionable unless the party failing to act has a pending motion for protective order as provided by Rule 26(c)")(emphasis added). As correctly reflected in the Rule, the absence of a ruling on the pending motion by the District Court should not subject the Allstate defendants to sanctions. See Chudasama, 123 F.3d at 1370. Furthermore, where, as here, a party's actions are reasonable and substantially justified under the circumstances, the Rule makes it clear that sanctions are not warranted. Fed. R. Civ. P. 37(d). Allstate had traveled this route before with Class plaintiffs' counsel. No compromise was reached then, and the Allstate defendants had no reason to believe that the result would be any different the second time around. Moreover, this Court had previously validated the Allstate defendants' conduct by refusing to sanction Allstate for

identical activity. No sanctions are thus warranted or appropriate. See, e.g., Reedy v. Lull Engineering, 137 F.R.D. 405, 409 (M.D. Fla. 1991)(a court should deny a request for an award of fees as sanctions where the party's opposition was substantially justified or circumstances would make an award of expenses unjust); Unicure v. Thurman, 92 F.R.D. 368, 370 (W.D. N.Y. 1981)(same).

Additionally, Class plaintiffs' cited authority does not support an award of sanctions. Class plaintiffs cite to Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979), Goodwin v. City of Boston, 118 F.R.D. 297 (D. Mass. 1988), and U.S. v. One Lot of U.S. Currency, 628 F. Supp. 1473 (S.D. Fla. 1986). These cases are distinguishable from the instant matter. None of these cases entailed a situation, like this one, which involved serious confidentiality questions and procedural chaos that could irreparably injure the defendant if the party seeking discovery were permitted to obtain it. Additionally, Goodwin is distinguishable in that the defendant seeking the protective order there did not inform the Court of the urgency of the situation. Here, the Allstate Defendants' Motion for Protective Order and Stay of Discovery was based on the urgent nature of their request. One Lot of U.S. Currency falls even further from the mark. There, the court dismissed the party's claim only after he failed to attend his deposition on three separate occasions without ever seeking a protective order from the court (not surprising, as he was a fugitive from justice). Under such extreme circumstances, the court found that such sanctions were warranted. See One Lot of U.S. Currency, 628 F. Supp. at 1476-78; see also Hepperle (plaintiff's claim properly dismissed because plaintiff violated three court orders to attend deposition).

Finally, Class plaintiffs' cite to Appendix A, Section VI (B) of this Court's Local Rules as "specifically condemn[ing]" the Allstate defendants' actions is misleading. Appendix A is

11

known as the Discovery Practices Handbook. Administrative Order 96-36, adopting the Handbook, specifically states that "The practices set forth in the Discovery Practices Handbook shall not have the force of law..." and "No provision of the Discovery Practices Handbook shall limit the discretion of a District or Magistrate Judge to provide for different practices in cases before that Judge." This is certainly a case which calls for the exercise of such discretion.

Rule 37 of the Federal Rules of Civil Procedure provides that sanctions are not to be imposed where "the failure was substantially justified or that other circumstances make an award of expenses unjust." Here, there has been no violation of a discovery order and no abuse of the process. The Allstate defendants acted reasonably and with substantial justification and, perhaps just as importantly, acted consistently in a manner the Allstate defendants believed was appropriate based upon past experience. Consequently, there is no basis for this Court to impose sanctions against the Allstate defendants, and certainly no cause for imposing the civil litigation "death penalty" that the Class plaintiffs seek.

### Conclusion

For each of the foregoing reasons, defendants Allstate Insurance Company, Allstate Indemnity Company, and Deerbrook Insurance Company respectfully request that this Court deny Class plaintiff's Motion To Compel in its entirety. In the alternative, plaintiff's Motion to Compel should be denied without prejudice, subject to renewal after the Court addresses the various motions which will affect discovery in this matter and after the Class plaintiffs properly consult with the Allstate defendants in a good faith effort to resolve any issues which remain open at that time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 14TH day of December, 2001.

_/s/ David Shelton_

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate Insurance Company, Allstate Indemnity Company & Deerbrook Insurance Company | Attorneys for Allstate Insurance Company, Allstate Indemnity Company & Deerbrook Insurance Company |

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esquire
Eric Lee, Esquire
Robin Corwin Campbell, Esquire
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
William E. Adams, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021