IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

      Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,

      Third-Party Defendant.

_____/

SALVATORE D. LARUSSO, D.C., d/b/a          CASE NO. 01-8111
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and others similarly situated,

        Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.

_____/

FILED by ___ D.C.

DEC 2 1 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**MEMORANDUM OF DEFENDANT, HARTFORD INSURANCE
COMPANY OF THE MIDWEST, IN OPPOSITION TO PLAINTIFFS'
<u>MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS</u>**

    Defendant, Hartford Insurance Company of the Midwest ("Hartford"), files this

memorandum in opposition to Class Plaintiffs' Motion to Compel Integon National Insurance

Company, Integon General Insurance Corporation, and Hartford Insurance Company of the

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

Midwest to Attend Depositions ("Plaintiffs' Motion").[1]

## **Background**

In late October of 2001, Plaintiffs served a massive "Notice of Taking Corporate Depositions" on 23 Defendants, including Hartford. The Notice scheduled 23 depositions for corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6).[2] The deposition of the corporate representative of Hartford was noticed for December 5, 2001 in Hartford, Connecticut.

On November 13, 2001, well in advance of the noticed deposition date, Hartford served its Motion for a Protective Order (D.E. 315, 395). Hartford's motion seeks the entry of a protective order staying all discovery, including the subject deposition, pending the resolution of its motion to dismiss the Amended Complaint (D.E. 210). That motion remains pending. In addition, and more recently, Hartford has moved to compel arbitration and to stay all discovery, including the subject deposition, pending arbitration.

Further, on November 21, 2001, counsel for Hartford sent an e-mail letter to counsel for the Plaintiffs. (*See* Letter dated November 21, 2001, attached as Ex. A). The letter requested a postponement of the deposition in light of Hartford's then outstanding Motion for a Protective Order (D.E. 315, 395), as well as its outstanding motion to dismiss (D.E. 210), motion to stay discovery (D.E. 212), and motion for reconsideration (D.E. 197).

On November 26, 2001, counsel for the Plaintiffs and Hartford had a conference call

---

[1]    Hartford objects to Plaintiffs' filing of a consolidated Motion to Compel deposition attendance by three different insurers. The two cases against these insurers involve different parties, different contracts, and have different litigation histories. Accordingly, Plaintiffs' singling out of only these three companies for "consolidated" treatment is inappropriate and confusing.

[2]    A second notice was filed at the same time seeking the depositions of 16 named corporate witnesses.

regarding Hartford's letter of November 21, 2001. As confirmed in an e-mail letter to Plaintiffs'

counsel on that same date, the Parties agreed that the depositions scheduled for December 5,

2001 would not go forward. (*See* Letter dated November 26, 2001, attached as Ex. B). The

Parties also agreed to get back to the Plaintiffs as to: (a) whether Hartford would agree to

schedule an alternative date for the deposition; or (b) whether Hartford would stand by its motion

for a protective order and decline to produce a witness absent a ruling on that motion.

Significantly, the letter also confirms that, in the event Hartford chose not to produce a witness,

Plaintiffs' counsel had indicated "that [he] would be filing a motion to compel the deposition but

. . . **would not seek sanctions**." (Ex. B (emphasis added)). Plaintiffs did not dispute the

representations contained in this letter.

On November 30, 2001, counsel for Hartford sent a final e-mail letter to Plaintiffs'

counsel regarding this matter. (*See* Letter dated November 30, 2001, attached as Ex. C). As set

forth therein, Hartford chose to stand by its pending motion for a protective order and declined to

produce a witness for deposition on an alternative date absent a ruling on that motion. Again, the

letter confirmed that Plaintiffs would be filing a motion to compel and would not be seeking

sanctions:

> I anticipate, based on our discussion earlier this week, that the
> Plaintiff will be filing a motion to compel the deposition.
> Obviously, Hartford will oppose the motion. You have indicated
> that **the Plaintiff will not seek sanctions, but will simply seek to
> compel the deposition itself**.

(Ex. C (emphasis added)). Again, Plaintiffs did not dispute the representations contained in this

letter.

For the reasons set forth below, the Court should deny Plaintiffs' motion to compel.

Hartford has filed five pending motions, including its pending motion for a protective order,

which address the propriety of the subject deposition. Accordingly, its decision not to produce a witness absent a ruling on its motion for a protective order or these other motions is an eminently appropriate one. In addition, Plaintiffs' request for an award of attorneys' fees and costs, which is completely at odds with its prior agreement **not** to seek sanctions, should be summarily rejected.

## Argument

### I.    Hartford Has A Pending Motion  for A Protective Order

On November 13, 2001, Hartford filed a prompt motion for a protective order (D.E. 315) seeking the entry of a protective order staying all discovery, including the subject deposition, pending the resolution of Hartford's motion to compel arbitration. (D.E. 210). That motion remains pending. In addition, and more recently, Hartford has moved to compel arbitration and to stay all discovery, including the subject deposition, pending arbitration.

### A.    A Protective Order Is Warranted Given the Uncertain Status Of This Action

Not only is Hartford's Motion for a Protective Order outstanding, there are four other motions filed by Hartford that may affect the propriety, timing or scope of the subject deposition:

- Hartford's Motion for Reconsideration (D.E. 197);

- Hartford's Motion to Dismiss (D.E. 210);

- Hartford's Motion to Stay Discovery (D.E. 212); and

- Hartford's Motion to Compel Arbitration, Dismiss the Amended Complaint, and To Stay Discovery.

In fact, there are more than 40 motions pending in the 15 actions, including the following:[3]

---

[3]    This is a representative sampling. Due to the overlapping dockets in the 15 cases, it is difficult even to locate the totality of the pending motions, let alone determine the status of these various motions.

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

| Type of Motion(s) | Case Nos. | Docket Nos. | Movant(s) |
|---|---|---|---|
| Motion to Compel Arbitration | 01-8110 | 24 | Florida Farm Bureau |
| | 01-6778 | 10 | Prudential |
| | 00-6061 | 174 | CCN |
| | 00-6061 | 225 | Nationwide |
| | 00-6061 | tba | Hartford |
| | 01-6783 | 17 | Metropolitan Casualty |
| | 01-6780 | 15 | Hartford |
| Motion to Stay or Birfurcate Discovery | 00-6061 | 196 | Florida Farm Bureau |
| | 00-6061 | 212 | Hartford |
| | 00-6061 | 252 | Superior |
| | 00-6061 | 261 | Nationwide |
| | 00-6061 | 285 | Liberty Mutual |
| | 00-6061 | tba | Hartford |
| | 01-6778 | 17 | Prudential |
| | 01-6783 | 16 | Metropolitan Casualty |
| | 01-6780 | 14 | Hartford |
| Motion to Dismiss | 00-6061 | 210 | Hartford |
| | 00-6061 | 249 | Superior |
| Motion for a Protective Order | 00-6061 | 230 | Florida Farm Bureau |
| | 00-6061 | 237 | Beechstreet, ADP |
| | 00-6061 | 262 | Allstate, Deerbrook, Fidelity and Casualty |
| | 00-6061 | 288 | Liberty Mutual |
| | 00-6061 | 311 | Metropolitan Casualty |
| | 00-6061 | 313 | Hartford |
| | 00-6061 | 315 | Hartford |
| Motion for a Confidentiality Order[4] | 00-6061 | 201 | Plaintiffs |
| | 00-6061 | 290 | CCN |
| Motion for Reconsideration and/or Clarification | 00-6061 | 189 | CCN |
| | 00-6061 | 197 | Hartford |
| | 00-6061 | 219 | Allstate, Deerbrook, Fidelity and Casualty et al. |
| | 01-8549 | 15 | American International |
| | 01-6783 | 13 | Metropolitan Casualty |
| | 01-6780 | 11 | Hartford |

---

[4]    One of most significant obstacles hindering discovery, including the subject depositions, is the unresolved dispute regarding consolidation of these cases and a workable confidentiality agreement. Without a defined confidentiality agreement, the need for which turns upon whether the cases remain consolidated, it is currently undetermined what information can be disclosed to which parties, and whether *any* of the discovery is subject to a confidentiality agreement. Hartford has opposed Plaintiffs' untenable proposed confidentiality agreement, which limits production of certain information to "attorneys eyes only." (D.E. 279). Hartford contends that no confidentiality order can resolve the serious discovery issues posed by consolidation of these cases. (D.E. 279).

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

| Type of Motion(s) | Case Nos. | Docket Nos. | Movant(s) |
|---|---|---|---|
| Other Discovery Motions | 00-6061 00-6061 00-6061 00-6061 | 221 330 331 348 | Beech Street/ADP Superior Superior Plaintiffs |

Despite Plaintiffs' protestations to the contrary, the resolution of any of these motions may directly impact the scope of discovery and substantially alter the procedural nature of these cases. None of these motions has yet been resolved, leaving these cases in an unsettled state. Due to the pendency of the various motions, it would simply be unworkable to proceed with discovery, merits or otherwise, at this juncture.

**B.     A Protective Order Is Warranted Pending Arbitration and/or the Resolution of Hartford's Motion to Dismiss**

As set forth in both its Motion for a Protective Order and Motion to Stay Discovery, all discovery should be stayed pending the resolution of Hartford's Motion to Dismiss. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) (a facial challenge to the legal sufficiency of a complaint should be resolved prior to the commencement of discovery). Hartford also strongly contends that its motion to compel arbitration -- and the similar motions of Florida Farm Bureau, Metropolitan Casualty, Integon, and Prudential -- should be granted. The issue is a serious one that will be reviewed by this Court and, possibly, by the Eleventh Circuit.[5] A stay is thus appropriate until the issue is resolved. *See* Federal Arbitration Act, 9 U.S.C. § 3 (providing for stays pending arbitration); *see also In re Managed Care Litig.*, (Case No. 00-1334-MD), 2001 WL 664391 (S.D. Fla. June 12, 2001) (staying discovery pending ruling on pending motions to compel arbitration). Accordingly, Hartford's request for the entry of a

---

[5]     Under the FAA, Hartford has the right to pursue an immediate appeal of any ruling denying its motion to compel arbitration. *See* 9 U.S.C. § 16(a).

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

protective order staying all discovery, including the subject deposition, pending arbitration is entirely appropriate and consistent with relevant case law.

## II.    Plaintiffs' Request For Sanctions Must Be Rejected Outright

Finally, Plaintiffs' attempt to seeks sanctions against Hartford must be rejected outright.[6] As set forth above, Plaintiffs' counsel repeatedly represented that any motion to compel the subject deposition **would not be accompanied by a request for sanctions**. (Exs. B and C). Accordingly, the Court should reject Plaintiffs' contradictory attempt to obtain them now.

Moreover, Plaintiffs' attempt to characterize the actions of Hartford as sanctionable is entirely without merit. Contrary to Plaintiff's assertions and as set forth above, Hartford has repeatedly sought the direction of the Court to determine threshold issues that must be resolved before this case can proceed without endangering Hartford's arbitration rights and/or rights to protect confidential information. Although Plaintiffs may ultimately have the right to seek certain discovery from Hartford and/or the other Defendants, Plaintiffs' requests are entirely premature under the circumstances.

The authority cited by the Plaintiffs is inapposite. Plaintiff cites to *Hepperle v. Johnston,* 590 F.2d 609 (5th Cir. 1979); *Goodwin v. City of Boston,* 118 F.R.D. 297 (D. Mass. 1988); and *U.S. v. One Lot of U.S. Currency,* 628 F. Supp. 1473 (S.D. Fla. 1986). These cases are clearly distinguishable. None of the cases involve a situation, like this Action, which involved serious confidentiality questions and procedural chaos that could irreparably injure the defendant if the party seeking discovery were permitted to obtain such discovery. Moreover, *Goodwin* is

---

[6]    It may be that Plaintiffs included the sanctions request in error, as the motion to compel filed by Plaintiffs is a virtual copy of similar motions that they have filed against other Defendants. (*See, e.g.,* D.E. 348, 374). Perhaps the Plaintiffs forgot to excise these allegations with respect to Hartford. This is a common problem in Plaintiffs' pleadings, which are often copies of other pleadings filed against other Defendants.

distinguishable in that the defendant seeking the protective order, unlike Hartford, did not inform the Court of the emergency nature of the relief that it was seeking and did not attempt to coordinate the postponement of the deposition or to otherwise eliminate expenses the plaintiff may incurred. *See Goodwin,* 118 F.R.D. at 298. Likewise, *One Lot of U.S. Currency* is distinguishable in that the Court dismissed a party's claim only after the party, who was a fugitive from justice, failed to attend his deposition on three separate occasions without ever seeking a protective order from the court. Under such extreme circumstances, the court found that such sanctions were warranted. *See One Lot of U.S. Currency*, 628 F. Supp. at 1476-78; *see also Hepperle* (plaintiff's claim properly dismissed because plaintiff violated three court orders to attend deposition).

Unlike the parties in the cases Plaintiffs cites in their Motion, Hartford acted in utmost good faith in attempting to minimize any inconvenience or expense to the parties in conjunction with its decision to await the ruling of the Court pending attendance at the deposition. As explained above, Hartford informed Plaintiff's counsel of its position that it would not appear at the deposition absent a court order. (*See* Exs. A, B and C). Plaintiffs identify no costs that they incurred as a result of Hartford's decision.

In light of the procedural uncertainty that currently exists in this matter, and Hartford's good faith effort to protect its rights in the face of Plaintiff's premature and overzealous attempt to secure the deposition of Hartford, this Court should use its discretion and deny Plaintiff's Motion.

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**WHEREFORE,** Hartford respectfully requests that this Court deny Plaintiff's Motion in its entirety.

Respectfully submitted,

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendants
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

Marcy Levine Aldrich
  Fla. Bar No. 0968447
George Volsky
  Fla. Bar No. 203092

MI737271;1

9

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S.

Mail, on all persons on the attached Service List this ___21st___ day of December, 2001.

Marcy Levine Aldrich

# EXHIBIT "A"

| | |
|---|---|
| **From:** | Marcy Aldrich |
| **To:** | Lee, Eric |
| **Date:** | 11/21/01 11:00AM |
| **Subject:** | Larusso v. Hartford |

Eric A. Lee, Esq.
Atlas Pearlman, P.A.
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301?4217

Re:
Salvatore D. Larusso, D.C. v. Hartford Ins. Co. of the Midwest
(Case No. 01-8111-Civ-Ferguson) (S.D. Fla.)

Dear Eric:

As you are aware, Hartford Insurance Company of the Midwest ("Hartford") has filed a motion for a protective order directed to the deposition of Hartford that you have noticed for December 5, 2001 in Hartford, CT.

As you are also aware, there are many other pending motions in this Action that may affect the scope of the pleadings and the progress of discovery, including:

- Hartford's Motion to Dismiss

- Hartford's Motion to Stay Discovery and to Extend the time for Class Certification Briefing; and

- Hartford's Motion for Reconsideration.

In addition, there are a veritable plethora of other motions filed by the Plaintiffs and other Defendants in the other cases that may affect both the scope of this matter and the progress of discovery.

In light of these issues, Hartford would request a postponement of the deposition until such time as its pending motion for a protective order is resolved. At the very least, Hartford would request a postponement for a later date which may be coordinated between counsel for the Plaintiffs and various Defendants who may be attending such a deposition.


Please let me know your position on this matter as soon as possible.

Very truly yours,

Marcy Levine Aldrich
Akerman, Senterfitt & Eidson, P.A.
SunTrust International Centre, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
Tel: 305-364-5600
Fax: 305-374-5095
E-Mail: Maldrich@Akerman.com


**CC:**          Greenwald, Eric;  Volsky, George

# EXHIBIT "B"

**From:**      Marcy Aldrich
**To:**        Lee, Eric
**Date:**      11/26/01 4:45PM
**Subject:**   Salvatore D. Larusso, D.C. v. Hartford Ins. Co. of the Midwest

Re:    Salvatore D. Larusso, D.C. v. Hartford Ins. Co. of the Midwest
       (Case No. 01-8111-Civ-Ferguson) (S.D. Fla.)

This confirms our conversation of earlier today regarding the above-referenced action.

As you are aware, Hartford Insurance Company of the Midwest ("Hartford") has filed a motion for a protective order directed to the deposition of Hartford that you have noticed for December 5, 2001 in Hartford, CT.

As we discussed, I am awaiting word from my client regarding its final position on this matter. By the end of the week, I will let you know whether: (a) my client will agree to go forward with the deposition on an alternative date in December 2001 or early January 2002; or (b) my client will stand by its motion for protective order and decline to produce a witness absent a ruling on that order. Accordingly, we have agreed that the deposition will not go forward next Wednesday.

In the event that my client decides to stand by its motion for a protective order and decides not to produce a witness, you indicated that you would be filing a motion to compel the deposition but that you would not seek sanctions.

As we discussed, I am sending a copy of this e-mail to counsel for other Defendants in order to notify them regarding the status of this deposition. I appreciate your prompt response to my inquiries.

Very truly yours,

Marcy Levine Aldrich

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR. THEN DELETE IT. THANK YOU.

**CC:**         E-Mail Defense Group

# EXHIBIT "C"

**From:**        Marcy Aldrich
**To:**          Lee, Eric
**Date:**        11/30/01 10:15AM
**Subject:**     Larusso v. Hartford Ins. Co. of the Midwest (Case No. 01-8111)

As promised, I am responding to your request for clarification regarding the 30(b)(6) deposition of Hartford Ins. Co. of the Midwest ("Hartford").

My client has chosen to stand by its pending motion for a protective order and declines to produce a witness for deposition at this time absent a ruling on that order. I anticipate, based on our discussion earlier this week, that the Plaintiff will be filing a motion to compel the deposition. Obviously, Hartford will oppose the motion. You have indicated that the Plaintiff will not seek sanctions, but will simply seek to compel the deposition itself.

Please do not hesitate to contact me if you have any questions with regard to this matter.

Very truly yours,

Marcy Levine Aldrich

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR. THEN DELETE IT. THANK YOU.

**CC:**          Greenwald, Eric;  Volsky, George

## SERVICE LIST

*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos. 00-6061 and 01-8111-Civ-Ferguson/Snow) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

RICHARD BOKOR, P.A.

MI713754;1

- 1 -

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

Richard Bokor, Esq.
  rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
  fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
  dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
  peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
  TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
  jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
  fanania@anania-law.com
Donald A. Blackwell, Esq.
  dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
  wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
  badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Main Tel: (904) 798-3200
Direct Tel: (904) 798-2615
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
  klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
  haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
  rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
  gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
  mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
  jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441

MI713754;1

- 4 -

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
  anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
  kmaus@bbplaw.com
Lauren D. Levy, Esq.
  llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida  32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

SHEA & GARDNER
John D. Aldock, Esq.
  jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
  jklein@sheagardner.com
Michael Isenman, Esq.
  misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
  dfriedman@csglaw.com
Brian P. Knight, Esquire
  bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577

MI713754;1

- 5 -