UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL, on behalf of himself and other similarly situated, § § § § <br><br> Plaintiffs, § <br> v. § § <br> ALLSTATE INSURANCE COMPANY, § § <br> Defendant/Third-Party Plaintiff, § § <br> v. § § <br> COMMUNITY CARE NETWORK, INC., § doing business as CCN, § § <br> Third-Party Defendant. § § |  |

## CCN'S MOTION TO RECONSIDER ORDER OF CONSOLIDATION

CCN Managed Care, Inc. ("CCN"), a third-party defendant in the above-styled action and a defendant in the *Larusso v. Liberty Mutual and CCN* action (case no. 00-7692), moves for reconsideration of the Court's "Omnibus Order on Pending Motions" dated September 28, 2001, to the extent that it orders the consolidation of these and other, purportedly similar actions. In support of this motion, CCN states:

1. Plaintiff requested consolidation of this and other, purportedly similar cases on grounds that consolidation would create economies of scale and otherwise make litigation of the cases more efficient.

2.  CCN opposed consolidation for a number of reasons. First, CCN argued that though the cases are similar in *nature*, they each involve different parties and different alleged activities, and arise under different contracts. What the various complaints call a "silent PPO" may be perfectly appropriate under one contract -- in which case none of the activity alleged would be actionable under any theory -- and yet be prohibited by another. Therefore, these cases do not involve common issues of law or fact; they simply involve the same *kinds* of issues of law and fact, much like cases involving different automobile accidents will involve the same kinds of issues. Rule 42 does not envision this kind of commonality as a basis for consolidation.

3.  Second, discovery pertinent to the claims in the above-styled case would be completely irrelevant to the issues raised in another case that, though similar, involves different parties, different contracts, different contractual intents, different alleged conspiracies, different putative classes, and different damages. Therefore, consolidation would not significantly decrease the number of depositions or otherwise yield an increase in efficiency.

4.  Third, consolidation would actually <u>increase</u> the overall discovery burden, with no offsetting benefit. Because the cases have been consolidated for pre-trial purposes, lawyers for each party would have to attend all depositions, including those of no or only marginal relevance to their disputes. Not only would that cause a substantial increase in each party's legal fees, but it would also create immense scheduling difficulty given the increased number of witnesses and lawyers whose schedules would have to be accommodated.[1]

5.  Fourth, the parties to the consolidated cases are competitors and clients of one another. CCN, for example, has a legitimate interest in preventing the dissemination of its

---

[1] *Cf. In re Repetitive Stress Injury Litigation*, 11 F. 3d 368, 374 (2d Cir. 1993)(consolidation improper where used to increase adversaries' costs by forcing participation in discovery proceedings that are irrelevant to their particular disputes).

business information to its competitors, and has a legitimate interest in preventing the disclosure to one client of information relating to its relationship with another client. In a consolidated proceeding, the only way to protect these interests would be to prevent counsel for the competitors and clients from disclosing that information to the parties themselves, but that impairs counsel's ability to prepare a defense to the charges. CCN argued that in this context, the small (if any) increase in efficiency from consolidation of all the cases -- without regard to whether or not a particular party is involved in a particular case -- should clearly be outweighed by the difficulties caused thereby.[2]

6. Finally, the cases to be consolidated involve issues and factors that make them inappropriate for administration on the same case management calendar. For example, the above-styled case includes a dispute concerning enforcement of an arbitration clause, whereas other cases do not. Those other cases could not share a case management calendar with the above-styled case unless their prosecution was delayed until the arbitration issue was resolved.[3] This, however, would be antithetical to the notion of increased efficiency. Similarly, many of the consolidated cases are at issue, yet in the *Larusso v. Liberty Mutual and CCN* action (case no.

---

[2] CCN does acknowledge the potential benefit of combining a limited number of depositions in a limited number of cases. For example, CCN is a party to two cases, and will be a witness in several others. With respect to those few issues applicable across all four or five cases, it might make sense to have the parties to these cases take just one deposition (with suitable confidentiality protection) rather than deposing the CCN representative five times. However, that is a far cry from outright consolidation of all fifteen actions, requiring parties to unrelated disputes to participate in each others' discovery, and placing all cases on the same track without regard to their particular circumstances and requirements.

[3] Moreover, the arbitration issue in this instance would not be "resolved" until either an arbitration award is rendered (with the litigation being stayed during the interim) or, if the motion to compel arbitration is denied, a ruling is obtained on an interlocutory appeal of that order, which may be taken as a matter of right and during which the case must be stayed.

00-7692) CCN has not yet even filed a motion to dismiss.[4] Many of the other cases have issues of timing that, though different, are comparable in effect.

7. By its omnibus order, the Court ordered that the actions be consolidated "for discovery purposes" over the foregoing objections and those of the other defendants. By separate order dated September 28, 2001, the Court also set all of the consolidated cases on the same trial calendar, effectively consolidating the cases not just for discovery purposes but for all pretrial purposes.

8. The administration of these actions post-consolidation demonstrates that consolidation has not yielded an increase in efficiency. Instead, the litigation of these separate, complex cases has become immeasurably more complicated, as the parties attempt to deal with the complicating factors set forth above.

9. By way of example, Plaintiff has purported to set a large number of depositions of corporate representatives and individuals. Not one of those depositions has occurred, due in large part to factors such as the lack of a confidentiality order and various defendants' motions to stay pending resolution of their motions to compel arbitration[5] or to stay merits discovery pending resolution of class certification issues.[6]

---

[4] CCN's motion for more definite statement has not yet been ruled on in that case. Moreover, if the contract at issue in that case has an arbitration clause -- and possibly even if it does not, depending on the nature of the dispute as disclosed following receipt of a more definite statement -- CCN may also file a motion to compel arbitration.

[5] CCN has filed its own motion for confidentiality order, to which Plaintiff has agreed. Plaintiff has also filed his own motion for confidentiality order, which differs from that of CCN. Other parties have filed motions for the entry of their own preferred form of confidentiality orders. Still other parties object that if a confidentiality order is to be effective, it must limit disclosure of information to the clients, yet that unfairly impairs counsel's ability to mount a defense.

[6] Under controlling authority, parties to an arbitration agreement are entitled to a stay of the litigation pending arbitration. Since the litigation has been consolidated for its pretrial purposes, it would be unfair to allow depositions to go forward while these individual defendants' motions to compel arbitration are pending.

10. Moreover, this Court has set the consolidated cases on an extremely aggressive trial calendar, with expert deadlines in February 2002, a discovery cutoff in April 2002, and trial commencing in June 2002. Given the inefficiencies caused by consolidation, there is absolutely no way that these deadlines can be met.[7] It is now roughly three and a half months before the discovery cutoff in these complicated, wide-ranging cases, and not a single deposition has been taken nor are the cases at a point at which depositions <u>could</u> be taken. Indeed, class certification discovery has not even commenced, let alone briefing on the motions to certify. Moreover, in the *Larusso v. Liberty Mutual and CCN* action (case no. 00-7692) the case will most likely not even be at issue by the discovery cutoff. How can the parties be expected to take discovery without knowing what the claims and defenses will ultimately look like?

11. Accordingly, for the reasons announced in CCN's initial briefing opposing consolidation of these cases (in both case 00-6061 and case 00-7692) as well as those set forth above, CCN respectfully requests that the Court reconsider its order consolidating these cases, allow the cases to proceed individually according to their own circumstances and requirements, and entertain such future motions as may address the logistics of discovery in the circumstances of each case.

## Memorandum of Law

In determining whether cases should be consolidated, courts must "weigh the interest of judicial economy against the potential for new delays, expense, confusion or prejudice." *In re Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D. NJ 1998). Put another way, consolidation should solve problems, not create them. *See Hargett v. Valley Federal Savings*

---

[7] CCN and other defendants have also filed motions to amend the trial schedule.

*Bank*, 60 F.3d 754, 766 (11th Cir. 1995)(utility of consolidation is to resolve problems created by the existence of two or more cases involving the same parties and issues).

CCN demonstrated, in its initial briefing on the motion to consolidate, that these cases do not involve common issues or fact of law simply because they involve the same <u>kinds</u> of claims. *See Enterprise Bank v. Saettele,* 21 F.3d 233, 236 (8th Cir. 1994)(similarity of claims and some common parties is not enough to warrant consolidation -- common issues of law or fact are prerequisites to consolidation). CCN also showed that even if there were some common issues amongst the various cases, that did not necessarily mean that consolidation was appropriate. *See In Re Consolidated Parlodel Litigation*, 182 F.R.D. at 444 ("the mere existence of common issues . . . does not require consolidation."); *Abate v. Lewis,* 1996 U.S. App. LEXIS 639 at * 15 (9th Cir. 1995)( "Rule 42(a) sets forth no situation in which consolidation must be granted."). Now, having endured several months of consolidated litigation, it is clear that any minimal commonalty among these cases did not and does not warrant consolidation. Rather, consolidation has created far more problems than it could possibly solve, and for that reason CCN requests reconsideration of the prior order.

No prejudice would be occasioned by reconsideration of the consolidation order. Indeed, virtually nothing of substance has occurred in these proceedings since the consolidation order was entered, due to the problems associated with consolidating the peculiarities of many separate, complex cases into one case management effort.

Accordingly, for the foregoing reasons, CCN respectfully requests that this Court reconsider its order of consolidation and allow these cases to proceed individually according to their own circumstances and requirements.

Respectfully submitted,

MCGUIRE WOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
wdeem@mcquirewoods.com

Counsel for CCN Managed Care, Inc.

**Certificate of Consultation**

Counsel for CCN certifies that he consulted with Plaintiff's counsel with respect to the foregoing. Plaintiff will oppose this motion. Counsel for CCN did not consult counsel for the various co-defendants, since they all opposed consolidation initially and a number of them have filed their own motions seeking to avoid or mitigate the problems posed by the consolidation order.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been furnished by U.S. Mail on this _18_ day of December, 2001, to all counsel listed on the attached service list.

_____
Attorney

\\COM\96164.1