IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW**

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CNN,

    Third Party Defendant.

___

THE CHIROPRACTIC CENTRE, INC.,
On behalf of itself and all others                01-6782
similarly situated,

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendant.

___

**<u>SUPERIOR'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION
OF CLAIMS AGAINST SUPERIOR INSURANCE COMPANY</u>**

Superior Insurance Company ("Superior"), by and through its undersigned counsel, pursuant to Local Rule 7.1(C), hereby responds with the following memorandum of law in

opposition to Plaintiff's Amended Motion for Class Certification of claims against Superior. This memorandum of law is interposed by Superior without waiving any other rights and defenses it may have, including (but not limited to) lack of jurisdiction of this court over the subject matter of the controversy and Superior's right to invoke the arbitration provision in its contract of insurance once proper jurisdiction is established.

I. **PLAINTIFF HAS FAILED TO PROFFER EVIDENCE IN SUPPORT OF CERTIFICATION**

To show an entitlement to certification, Plaintiff must proffer <u>evidence</u> that the requirements of Federal Rule of Civil Procedure 23 are met. See *Szabo v. Bridgeport Machines, Inc.*, 249 F. 3d 672 (7th Circuit 2001); *Israel v. Avis Rent-A-Car Systems, Inc.*, 185 F.R.D. 372 (S.D. Fla. 1999); *Fuller v. Duke University*, 1979 U.S. Dist. LEXIS 15317 (M.D. N.C. 1979); *Pecere v. Empire Blue Cross and Blue Shield*, 194 F.R.D. 66 (E.D. N.Y. 2000). The burden of proof in establishing such evidence is upon the plaintiff who is the advocate of the class. See *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F. 3d 1228 (11th Cir. 2000); *Hudson v. Delta Airlines*, 90 F. 3d 451 (11th Cir. 1996); *Zeidman v. J. Ray McDermott & Co.*, 651 F. 2d 1030 (5th Cir. 1981). A party seeking certification cannot rest on allegations alone, but rather must make basic accounting of the facts. See *Sherman v. Griepentrog*, 775 F. Supp. 1383 (D. Nev. 1991).

In the present case, Plaintiff has failed to meet its burden. Plaintiff has offered absolutely no evidence. Plaintiff cites to allegations from the complaint, with bald assertions of "fact" and assumptions based upon nothing more than assertions or allegations. For example, Plaintiff's entire "Factual Background" section cites to nothing more than paragraphs of its own Complaint as support for its claims of factual statements. Further, at the top of page 8 of Plaintiff's motion, Plaintiff makes a tremendous speculative

leap by alleging that it is reasonable to infer that thousands of healthcare providers have been affected simply based upon an alleged systematic discounting of medical claims. However, Plaintiff does not offer one scintilla of evidence of systematic discounting. Simple conclusory allegations that "there must be others" is not evidence that can support claims of numerosity. See *Perez v. Personnel Board of Chicago*, 690 F. Supp 670 (N.D. IL. 1988).

Plaintiff's motion is filled with similar unsubstantiated assumptions. Plaintiffs make an assumption that "it is reasonable to conclude that the preferred provider membership was large enough to provide a variety of medical specialists in order to entice a sufficient number of payors to be able to provide the "significant source of patient volume" to its providers." See *Plaintiff's Amended Motion for Class Certification, pg. 7*. Similarly, Plaintiff asserts that "the same course of conduct gave rise to the claims of all purported class members" by detailing their theory of the case, but without the slightest citation to record evidence. See *Plaintiff's Amended Motion for Class Certification, pg. 11*. Most egregious is Plaintiff's declaration that the fraud claims are based on "identical misrepresentations contained in the computer generated EOB" as support for its contentions that class action status is appropriate. *See Plaintiff's Amended Motion for Class Certification, pg. 13*. Only a single EOB is attached to the Complaint. Plaintiff provides no evidence that even two identical misrepresentations exist. Such unsupported premises cannot establish an entitlement to class certification. Actual and not presumed conformance with Rule 23 is required for class certification. *Szabo*, 249 F. 3d at 677. In *Szabo*, the Seventh Circuit Court of Appeals recognized that the allegations of the Complaint are not to be taken as true on a motion for Class Certification. *Szabo*, 249 F. 3d at 675-78.

Plaintiff unfairly expects this Court to certify a class based upon nothing more than unsubstantiated allegations that Superior acted in a systematic manner and that numerous parties were affected in the same way. With no evidence to substantiate any of these allegations, Plaintiff is not entitled to a class action. Indeed, Plaintiff has not supported its conclusion that the EOB attached to its Complaint is a form. Plaintiff attaches only one EOB and leaps to the conclusion that the alleged misrepresentations are within language alleged to be "form" language. Such speculation without evidence is insufficient. See *Trull v. Plaza Associates*, 1998 U.S. Dist. LEXIS 14195 (N.D. Ill. 1998)(requiring evidence rather than just an examination of the wording of a "form" letter to support class certification.) Further, Plaintiff provides no evidence that other alleged class members did not agree to the discounts that allegedly would have been represented on the EOB sent to them. Finally, and significantly, <u>Plaintiff provides absolutely no evidence that the EOB attached to the Complaint was even sent by Superior</u>. The EOB is allegedly the misrepresentation upon which Plaintiff's RICO count is based. Review of the EOB itself shows that it was sent on the letterhead of National Healthcare Resources, Inc. and not by Superior. How could the EOB be any evidence that Superior committed mail fraud, if the EOB was not even sent by Superior? And, without the RICO count, this Court has no jurisdiction over the Complaint at all.

## II. THE JURISDICTIONAL ISSUE RAISED IN SUPERIOR'S MOTION TO DISMISS SHOWS THAT PLAINTIFF'S MOTION FOR CERTIFICATION IS PREMATURE

If a class representative's claim(s) fail to state a cause of action, no class action can be maintained. Therefore, while class certification is to be determined as soon as practical, courts have recognized that certain circumstances make it appropriate to rule on dispositive motions before ruling on a motion for class certification. See *Cowen v. United*

4

of Texas, FSB, 70 F. 3d 937 (7th Cir. 1995); *Floyd v. Bowen*, 833 F. 2d 529 (5th Cir. 1987). It is appropriate to consider a motion to dismiss prior to consideration of a motion for class certification where the outcome of the motion to dismiss would render certification moot. See *Western v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp.2d 1317 (S.D. Fla. 2000). Similar to the jurisdictional arguments raised in the present case, *Western* involved an argument that venue was improper due to a forum selection clause in the applicable contract. The court considered a motion to dismiss prior to a motion for certification and granted the motion to dismiss.

Additionally, in the present situation, it is imperative to delay the certification motion until after resolution of the motion to dismiss because to allow certification to go forward would require Superior to continue to litigate substantive issues where the jurisdiction of the court to hear the issues has not even been established. It would be improper and a waste of judicial resources to certify a class of persons whose claims could not be heard by this Court.

### III. PLAINTIFF'S MOTION FOR CERTIFICATION FAILS TO SHOW EVIDENCE THAT JOINDER IS IMPRACTICABLE

Plaintiff's allegations that the class is so numerous to make joinder impracticable is nothing more than guesswork. Motions for certification must fail where numerosity assertions are pure speculation or bare allegations. See *Evans v. U.S. Pipe & Foundry Company*, 696 F. 2d 925 (11th Cir. 1983); *Demarco v. Edens*, 390 F.2d 836 (2nd Cir. 1968); *Weissman v. ABC Financial Services*, 203 F.R.D. 81 (E.D. N.Y. 2001); *Reese v. Arrow Financial Services*, 202 F.R.D. 83 (D. Conn. 2001); *Burke v. Local 710 Pension Plan*, 2000 U.S. Dist. LEXIS 5875 (N.D. Ill. 2000). While on page 6 of their motion Plaintiff cites two cases for the proposition that numerosity can be established based upon general

knowledge and common sense, these cases only apply to the situation in which the exact number of a class is unknown. In the present case, Plaintiff's Complaint does not even establish evidence that more than one Plaintiff exists. Only one EOB was attached to the Complaint. Even though the exact number does not need to be identified, Plaintiff must provide evidence that the case is at least numerous enough to exceed the standards set forth in prior case law. *See Crawford v. Western Electric Company*, 614 F. 2d 1300 (5th Cir. 1980)(holding that a class which would have involved approximately 34 individuals was not numerous); *Hodge v. McClain Trucking Co.*, 607 F. 2d 1118 (5th Cir. 1979)(holding that a class of 4 does not satisfy the numerosity requirements).

Further, Plaintiff makes the unsubstantiated assertion that Superior issues automobile insurance to thousands of individuals. Besides being unsupported with record evidence, this assertion is irrelevant because the class does not involve all insureds or even encompass all insureds. Plaintiff offers no evidence that every Superior insured is likely to have made a claim under his/her policy. Therefore, the allegation regarding thousands of insureds has no bearing on the issue of numerosity. Plaintiff also bases its claims of numerosity on unsubstantiated assertions regarding plaintiff's estimate of the size of Sun Health's "preferred provider membership." *Plaintiff's Amended Motion for Class Certification p.7*. However, even assuming the accuracy of such assertions, the size of Sun Health is irrelevant. Sun Health is not a party to this lawsuit. The lawsuit is aimed at Superior only and the proposed class refers to recipients of medical benefits from Superior policies. The size of that class is not logically related to the size of Sun Health.

To establish numerosity, additional relevant facts such as geographical dispersion, ease with which class members may be identified, the nature of the action, and the size

6

of each plaintiff's claim must be considered. See *Zeidman v. J.Ray. McDermott & Company*, 651 F. 2d 1030 (11th Cir. 1981). In the present case, there is no evidence that due to any of these factors the class is so numerous to make joinder impracticable. Plaintiff fails to identify any facts indicating that geographic dispersion will make joinder impracticable. Absolutely no evidence has been offered regarding dispersal of alleged class members. Speculation regarding geographic dispersal is not sufficient to support an argument that joinder is impracticable. See *Sandlin v. Shapiro & Fishman*, 1997 U.S. Dist. LEXIS 4062 (M.D. Fla. 1997).

## IV.   THE CLASS IS NOT CLEARLY DEFINED AND ASCERTAINABLE

To certify a class, a class must be clearly defined and ascertainable without prolonged and individualized analytical struggle. *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.*, 197 F.R.D. 522 (S.D. Fla. 2000); *Gibbs Property Corp. v. Cigna Corp.*, 196 F.R.D. 430 (M.D. Fla. 2000). A class definition must identify the persons entitled to relief, those bound by the final judgment, and those that are entitled to notice. *Id.* The definition proposed by Plaintiff would require a court to sift through thousands of bills and/or EOBs to determine if those documents refer to PIP coverage, whether reductions were taken, and whether the reductions were based upon the SunHealth contract. This amounts to prolonged and individualized analytical struggle. Further, because the definition does not include a time limit, the range of documents that would have to be reviewed in order to identify a class member is unnecessarily open-ended. How many of the putative class members, even if *arguendo* they were aggrieved, would have claims barred by the applicable statute of limitations? Additionally, Plaintiff's definition does not differentiate between those providers who may have agreed to the discounted rates from

7

those who have not. Therefore, the proposed class does not identify only persons entitled to relief.

### V. PLAINTIFF'S RICO COUNT IS NOT APPROPRIATE FOR CLASS ACTION STATUS BECAUSE FRAUD REQUIRES THE SHOWING OF INDIVIDUAL RELIANCE

Generally where individual questions of law or fact predominate over common issues, class action status in inappropriate. See *Andrews v. AT&T*, 95 F. 3d 1014 (11th Cir. 1996). Plaintiff's reliance upon cases which allowed class actions to proceed in situations where misrepresentations were alleged to occur in standard form contracts is misplaced. The "form argument" has been rejected by several courts. See *e.g. Smith v. Transworld Systems, Inc.*, 953 F. 2d 1025 (6th Cir. 1992); *Byes v. Accelerated Cash Flow*, 1997 U.S. Dist. LEXIS 7545 (E.D. La. 1997). Even assuming that uniform misrepresentations are allowed to be the basis for class actions, Plaintiff's motion provides no evidence that "virtually identical computer generated EOB's" exist as Plaintiff alleges. Also, no evidence is provided to establish that Superior produced or distributed these EOBs. Plaintiff simply assumes that there are identical "misrepresentations" and further assumes that the alleged fraud to The Chiropractic Centre, Inc. was also made to others.

In addition to the allegations of misrepresentations in the EOBs, Plaintiff's Complaint alleges wire fraud as a predicate act without identifying any misrepresentations that form the basis of that allegation. Those supposed misrepresentations have not even been alleged. If the alleged wire fraud is the use of the telephone lines, then the Complaint relies on oral misrepresentations which are inappropriate for class treatment. Individual questions of reliance will predominate over the common questions. See *Coe v. National Safety Association*, 137 F.R.D. 252 (N.D. II. 1991). Even Plaintiff's motion for class

8

certification recognizes this in its citation to *Coe*. Therefore, as long as Plaintiff's Complaint includes allegations of oral misrepresentations, Plaintiff's Complaint is inappropriate for class certification.

## VII. PLAINTIFF HAS FAILED TO PROVIDE EVIDENCE THAT COMMON ISSUES OF LAW AND FACT PREDOMINATE OVER INDIVIDUAL QUESTIONS

While Plaintiff makes assertions regarding a consistent practice of using Sun Health to reduce PIP payments, provides no evidence of such a scheme. In particular, Plaintiffs fail to address the Sun Health contract. Without reviewing the contract it is impossible to determine if common issues predominate. Because Plaintiff's proposed class definition is not limited to those health care providers who had not agreed to PPO rates, there could be individual issues of fact and law regarding whether the reductions were proper or whether damages were incurred. Further, the RICO allegations based on fraud will involve individual questions of reliance and intent. See *Pelletier v. Zweifel*, 921 F. 2d 1465 (11th Cir. 1991);*Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001). Mail fraud generally requires an intent to defraud, meaning that the perpetrator of a scheme must anticipate reliance upon his misrepresentations by the intended victim of the mail fraud. *Pelletier*, 1921 F. 2d at 1499. Private plaintiffs must show that they were injured as a proximate result of the violation. *Byrne*, 261 F.3d at 1110. Essentially, this means that a plaintiff must have been the target of the scheme to defraud and relied to its detriment on the misrepresentations made in furtherance of the scheme. *Id.* Intent and reliance are very individualized elements. The Eleventh Circuit Court of Appeals takes the more restrictive view of RICO which requires that recoverable damages must be caused directly by a predicate act (*i.e.*, by reliance upon misrepresentations). *Byrne*, 261 F.3d at 1110.

Plaintiff attempts to argue that predominance is established simply by its allegation that Superior engages in a "consistent practice" that affects every member of the putative class. However, the case Plaintiff cites in support of that proposition, *Humana, Inc. v. Forsyth*, 525 U.S. 299 (1999), does not deal with class certification. Indeed, the *Humana* decision does not even indicate that it was brought as a class action. The *Humana* holding has no relevance to issues regarding class certification here.

Further, Plaintiff's citation to *Colonial Penn Insurance Co. v. Magnetic Imaging Systems I, Ltd.*, 694 So.2d (Fla. 3d DCA 1997) and *Allstate Indemnity Co. v. De La Rosa*, 2001 WL 1040929 (Fla. 3d DCA Sept. 12, 2001) misses the point. A systematic violation of the PIP statute has not been shown here by any record evidence.

WHEREFORE, Superior Insurance Company respectfully requests that this Court deny Plaintiff's Amended Motion for Class Certification of Claims Against Superior Insurance Company.

> BUTLER BURNETTE PAPPAS LLP
>
> ALAN J. NISBERG, ESQ.
> Florida Bar No.: 0961639
> Bayport Plaza, Suite 1100
> 6200 Courtney Campbell Causeway
> Tampa, Florida  33607-5946
> Telephone:  (813) 281-1900
> Facsimile:    (813) 281-0900
> Attorneys for Defendant
> Superior Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to all parties on the Master Service List on December 20, 2001.

_____
Alan J. Nisberg, Esq.

# MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 11/13/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:
Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823.1