IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br><br>    Defendant. | |
| ULTRA OPEN MRI CORPORATION, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FIDELITY AND CASUALTY COMPANY OF NEW YORK and THE CONTINENTAL INSURANCE COMPANY,<br><br>    Defendants. | CASE NO. 01-6779-CIV-FERGUSON |

**DEFENDANTS, FIDELITY AND CASUALTY COMPANY AND CONTINENTAL INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION**

  Defendants, Fidelity and Casualty Company of New York and Continental Insurance Company (collectively referred to as the "Movants"), hereby respectfully request that this honorable Court extend the time for their response to plaintiff's amended motion for class



certification, served December 6, 2001, until such time as (1) pending motions affecting case management are resolved and (2) the Defendants are thereafter afforded a reasonable amount of time to conduct class discovery. In support hereof, Movants state as follows:

1. This case was filed on May 8, 2001. Within a few days of its filing, this Court stated, at a status hearing relating to other alleged class action PPO litigation, that it did not want further motion practice on any similar matters until it decided pending motions to dismiss in, *inter alia*, Zidel v. Allstate Ins. Co., 00-CV-6061, and Browner v. Allstate Indemnity Co., 00-CV-7163.

2. Thus, rather than file a motion to dismiss the complaint, Movants waited for the Court's decision. Accordingly, between May 8, 2001, when the case was filed, and September 28, 2001, when the pending motions to dismiss were denied in part and granted in part, Movants justifiably treated the case as if it were formally stayed.[1]

3. On September 28, 2001, Judge Ferguson entered an Omnibus Order which, among other things, consolidated fifteen (15) separate cases by seven (7) putative class representatives against twenty-two (22) defendants, granted in part and denied in part several motions to dismiss the now consolidated actions, lifted the discovery stay, and referred all "pending and future pre-trial non-dispositive motions" to this Court "to take all necessary and proper action as required by law."

4. The issuance of the Omnibus Order caused substantial confusion and complication due to the consolidation of these many actions without necessary changes in the pre-existing pretrial schedule to accommodate the multiplicity of parties. Therefore, the defendants whose cases had been consolidated for discovery purposes have filed numerous

---

[1] Indeed, all discovery had been stayed in, *inter alia*, the Zidel and Browner cases from a date prior to the May, 2001 status hearing up to September 28, 2001.

motions to reconsider the consolidation, for clarification of scheduling issues including class discovery, and to compel arbitration. Movants have filed an answer to the pending Complaint in this action per the Court's Omnibus Order, but have requested that the Court rule on pending motions to reconsider consolidation, for clarification of scheduling issues, and to compel arbitration and to issue a revised pretrial schedule because attempting to conduct class discovery without further guidance from the Court on all of the outstanding issues would be neither efficient nor effective.

5. Now, less than two months after answering the complaint, and without any guidance from the Court on the pending issues relating to reconsideration, clarification, or arbitration in these many consolidated cases, Movants are being asked to meaningfully respond to Plaintiff's amended motion for class certification, without the benefit of written or oral discovery. Requiring such a response at this time would be unfair, prejudicial, inefficient and, in light of the facts set forth herein, legally unsupportable.

6. Each of the fifteen consolidated actions involves attempts to assert a wide variety of complex and factually intensive claims, including, among others, breach of contract, third-party beneficiary breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, RICO (based on wire fraud, mail fraud and extortion theories as predicate offenses), violations of Fla. Stat. §627.736(10), and declaratory judgment. Each case, however, involves different plaintiffs, different defendants, different third-parties, and different factual allegations.

7. At the time of the consolidation each of the fifteen cases was in a unique procedural posture, with the cases widely varying in relative stages of pleading and motion practice, and each likely posing a unique and differing path to resolution. Several of the cases had not even been filed at the time the motions for consolidation were submitted to the Court

and, as such, the defendants in those cases were not parties to the consolidation motions, nor have they had an opportunity to test the legal sufficiency of the claims pleaded against them through motions to dismiss.

8.    Plaintiffs sought consolidation of these matters ostensibly so all fifteen lawsuits could be treated in the same fashion and kept in the same timeframe, thereby eliminating, among other things, unnecessarily duplicative discovery and inconsistent results. However, several of the contracts at issue contain arbitration clauses, upon which some defendants already have brought, and others will bring, motions to compel arbitration. Such motions have and will also contain requests to stay the cases pending the outcome of the arbitration issues. Pursuant to Section 3 of the Federal Arbitration Act, this Court, upon finding the existence of arbitrable issues, will have to issue the requested stays, which will apply to all aspects of the affected cases including discovery. See Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998); Miller v. AAACon Auto Transport, Inc., 545 F.2d 1019, 1020 (5th Cir. 1977)(once satisfied that the issue is referable to arbitration under the agreement, the district court is required to stay the trial until such arbitration has occurred). The magistrate has issued recommendations on a couple of the motions to compel arbitration, but the time for filing objections with the District Court has not expired. Other motions to compel arbitration have not been ruled on and no recommendations on the numerous motions to dismiss or for reconsideration or for clarification of scheduling have been issued. Movants submit that all motions regarding arbitration as well as the motions to reconsider consolidation and for clarification of scheduling should be finally resolved before class certification discovery and briefing begins.

9. The other Order entered on September 28, 2001, entitled Amended Order Setting Trial Date and Discovery Schedule ("Amended Pretrial Order"), set all fifteen cases for trial during the two week period commencing June 17, 2002. The Amended Pretrial Order also established a schedule for pretrial procedure in all fifteen cases which set, among others, the following deadlines:

a. February 11, 2002, for plaintiffs to furnish lists of expert witnesses to defendants' counsel;

b. February 25, 2002, for depositions of plaintiffs' expert witnesses to occur;

c. February 25, 2002, for defendants to furnish lists of expert witnesses to plaintiffs' counsel;

d. March 11, 2002, for depositions of defendants' expert witnesses to occur;

e. March 11, 2002, for the parties to furnish opposing counsel with lists of all witnesses expected to testify at trial;

f. April 1, 2002, for all discovery to be completed;

g. April 22, 2002, for filing pretrial motions; and

h. May 6, 2001, for filing of a Joint Pretrial Stipulation.

In light of the consolidation of these fifteen cases, the schedule and deadlines which are set forth in the Amended Pretrial Order do not establish a reasonable and workable framework under which these cases could proceed in a just and orderly manner toward resolution. The Movants, in conjunction with Allstate Insurance Company, have previously filed a motion in Case No. 00-6061 seeking clarification of the case management order.[2] That motion, which remains pending, sought a scheduling framework which would allow separate time for class certification proceedings after resolution of the issues regarding arbitration.

---

[2] Other motions objecting to the Amended Pretrial Order have been filed in several of the consolidated cases: e.g., Case No. 01-6780, Mot. For Clarification, ¶ 13; Case No. 01-6783, Mot. For Clarification, ¶ 13.

10. The schedule set in the Amended Pretrial Order does not provide adequate time for the parties to conduct discovery necessary to prepare to respond to the pending, and now amended, motions for class certification. In that regard, twenty-two separate defendants will need to take discovery from the seven putative class representatives, each of whom has a different contract and different billing and accounting issues, all of which must be addressed in order for the defendants to address the issues raised in connection with the requested class certification. In addition, some of the parties (CCN, Beech Street, ADP) are involved in several of these cases, either as defendants or as third-party defendants, and will thus be subject to separate discovery as to many, if not all, of the seven putative class representatives.

11. At this point in time, and for the reasons stated previously, the Movants have not had an opportunity to take any class certification discovery, nor even a certification deposition of the putative class representative.

12. The Movants must be permitted time to serve and receive responses to written discovery requests before being required to begin taking depositions. Written discovery has not been served at this point based on the issues raised by the defendants relating to the Omnibus and Amended Pretrial Orders, which remain pending. In addition, discovery is not appropriate until the Court enters a confidentiality order to protect the trade secrets of the various defendants. Moreover, written discovery should not be served at this point because any such discovery would be inconsistent with the efforts to have these cases arbitrated rather than litigated. However, even if the parties were immediately to serve each other with written discovery requests strictly tailored to class certification issues, based on the standard thirty-day response periods provided by Rules 33 and 34 of the Federal Rules of Civil Procedure, it appears that three to four months will be needed to conduct, in an orderly fashion, the necessary class certification discovery. In

the best of circumstances, depositions could not even begin for at least another thirty to forty-five days. This assumes, of course, that no extensions are requested and that no disputes arise concerning written discovery requests. Given the nearly forty parties involved in the now consolidated proceedings, moreover, the substantial number of depositions also portend to be unwieldy and lengthy proceedings as well.

13. The Federal Rules of Civil Procedure authorize this Court to control the manner, scope, and timing of the pretrial processes in class action litigation.

14. Requiring briefing on class certification issues before defendants are permitted a reasonable time to conduct orderly discovery specifically tailored to those issues would be premature and thus an abuse of this Court's discretion. See In re Miller Industries, Inc. Secs. Litg'n, 186 F.R.D. 680, 684 (N.D. Ga. 1999)(parties should be allowed to take discovery to adduce evidence relevant to certification issues before addressing the motion for class certification); In re Polypropylene Carpet Antitrust Litg'n, 178 F.R.D. 603, 609 (N.D. Ga. 1997) (same proposition); Manual for Complex Litigation (Third), §30.11 (discovery is proper prior to determining propriety of class certification). See generally Majd-Pour v. Georgiana Community Hosp., Inc., 724 F.2d 901, 902-903 (11th Cir. 1984) (court abused its discretion by deciding motion to dismiss for lack of jurisdiction without affording the plaintiff an opportunity to take requested, reasonable discovery to adduce evidence on point).[3]

15. In addition, avoidance of potentially unnecessary costs and burdens is a proper basis for deferring certain, burdensome pretrial activities in class action litigation. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to

---

[3] In Case No. 00-7692, defendant CCN has moved for reconsideration of its Motion to Stay Discovery, seeking to stay merits discovery until after class certification discovery, briefing and ruling is complete.

proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.")

16. In the present case, further clarification of the Amended Pretrial Order, case management efforts and setting of orderly schedules for discovery proceedings and briefing on pending motions for class certification is absolutely warranted, appropriate and in the best interests of the Court and the many parties.

17. A proposed form of amended scheduling Order is attached as Exhibit A.

18. Plaintiff's counsel, Eric Lee, has advised that he opposes the relief requested in this motion.

WHEREFORE, Defendants, Fidelity and Casualty Company of New York and Continental Insurance Company, respectfully request that this Court enter an Order:

1. Staying proceedings regarding Plaintiff's amended motion for class certification until the pending motions by various defendants relating to reconsideration, clarification of the Amended Pretrial Order, and arbitration are resolved; and if the motions to compel arbitration are granted, until the arbitration is completed; and

2. Extending the time for a response to Plaintiff's amended motion for class certification until a comprehensive and reasonable scheduling order can be entered pursuant to this motion, which schedule also allows for adequate time for defendants to conduct class discovery before briefing begins.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 20th day of December, 2001.

*David Shelton*

PETER J. VALETA  
Florida Bar No. 327557  
ROSS & HARDIES  
150 North Michigan Ave., Suite 2500  
Chicago, Illinois 60601  
Telephone: (312) 750-3619  
Telecopier: (312) 750-8600  
Attorneys for Movants

DAVID B. SHELTON  
Florida Bar No. 0710539  
Rumberger, Kirk & Caldwell  
P.O. Box 1873  
Orlando, Florida 32802  
Telephone: (407) 839-4511  
Telecopier: (407) 841-2133  
Attorneys for Movants

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esquire
Eric Lee, Esquire
Robin Corwin Campbell, Esquire
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
William E. Adams, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

DR. PAUL ZIDEL, and all others similarly )
situated, )
)
      Plaintiffs, )
)
v. )
)
ALLSTATE INSURANCE COMPANY, )
and COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
)
      Defendants. )
)
_____ )

## *AMENDED* ORDER SETTING TRIAL DATE and DISCOVERY SCHEDULE

Trial in this matter is set for the two-week period commencing _____, before the Honorable Wilkie D. Ferguson, Jr., United States District Judge, at **299 East Broward Boulevard, Courtroom 207A, Fort Lauderdale, Florida**. If not reached during this period, this cause will be continued to each succeeding two-week trial period until reached or until further notice from the Court.

**IT IS ORDERED AND ADJUDGED** as follows:

1.    Counsel shall meet prior to the mandatory pretrial conference to confer to the preparation of a **Joint** Pretrial Stipulation. The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below and shall conform to Local Rule 16.1(e). **The Court will not accept unilateral Pretrial Stipulations. Failure to file a Joint Pretrial Stipulation on or before the date set forth below shall be grounds for dismissal or striking of defenses.**

2. In cases tried before a jury, each party shall file a copy of the proposed jury instructions in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning of the trial period. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. In preparing their requested jury instructions, the parties shall utilized as a guide the Patterned Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. Copies shall be delivered to chambers at the time of filing. **Failure to timely file jury instructions and verdict forms as directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

3. In cases tried before the Court, each party shall file Proposed Findings of Fact and Conclusions of Law in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning of the trial period. Proposed Conclusions of Law shall be supported by citations of authority. Copies shall be delivered to chambers at the time of filing. **Failure to timely file Proposed Findings of Fact and Conclusions of Law as directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

4. All exhibits must be pre-marked. The Plaintiff shall mark its exhibits numerically. Defendant shall mark its exhibits alphabetically. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on **Form AO 187**, which is available from the Clerk's office.

5. A Motion for Continuance shall not stay the requirement for the filing of a Joint Pretrial Stipulation and, unless an emergency situation arises, a Motion for Continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial period is scheduled to commence.

6. All motions for extension of time shall be accompanied by a proposed order. Counsel are reminded to comply with Local Rule 7.1(A)(4).

7. **A PENDING MOTION TO DISMISS SHALL NOT STAY DISCOVERY** except where a Stay is mandated by Statute.

8. **Non-compliance with any provision of this Order may subject the offending party to sanctions, or striking of defenses.** It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9. The following timetable shall govern the pretrial procedure in this cause. **This schedule shall not be modified absent compelling circumstances.**

| | |
|---|---|
| November 16, 2001 | Defendants shall serve motions to stay pending arbitration, as appropriate, along with supporting memoranda, or shall serve other responses to respective complaints |
| **January 7, 2002** | Motions to stay pending arbitration/motions to dismiss shall be fully briefed |
| **30 days after orders issued on pending motions to stay/motions to dismiss** | Plaintiffs shall serve motions for class certification along with supporting memoranda |
| **210 days after Plaintiffs serve motions for class certification** | Discovery regarding class certification issue must be completed |
| **60 days after discovery cut-off on class certification** | Class certification motions shall be fully briefed. |
| **30 days after orders issued on motions for class certification** | Joinder of Additional Parties and Amended Pleadings and Initial Rule 26 Disclosures |
| **45 days after Initial Rule 26 disclosures** | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses (excluding expert witnesses) intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| **60 days after Initial Rule 26 disclosures** | Plaintiffs shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Within the 90 day period following this disclosure, the Plaintiff shall make its experts available for deposition by the Defendant. The experts' depositions may be conducted without further order from the Court. |

3

| | |
|---|---|
| **150 days after Initial Rule 26 disclosures** | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Within the 90 day period following this disclosure, the Defendant shall make its experts available for deposition by the Plaintiff. The experts' depositions may be conducted without further order from the Court. |
| **240 days after Initial Rule 26 disclosures** | **All discovery must be completed.** |
| **21 days after discovery cut-off** | All Pretrial Motions, including Motions for Summary Judgment and Memoranda of Law, must be filed. |
| **21 days after pretrial motions are filed** | Joint Pretrial Stipulation must be filed. |
| **7 days after Joint Pretrial Stipulation is filed** | **Pretrial Conference at 4:15 p.m.** Parties should be prepared to address all pending motions. |
| **28 days after Pretrial** | **Calendar Call at 4:15 p.m.** Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law and Proposed Verdict Form shall be filed. **The parties are ordered to confer prior to submitting the Proposed Jury Instructions and Proposed Verdict Form** to determine whether they can agree to them prior to their submission to the Court. |
| **7 days after Calendar Call** | **Two-Week Trial Period.** A time for your appearance will be given at Calendar Call. |

10. All pretrial Motions in Limine shall be filed not later than twelve (12) days prior to the scheduled Calendar Call. All oppositions to Motions in Limine must be filed seven (7) days prior to the scheduled Calendar Call.

11. In order to facilitate the accurate transcription of the trial proceeding, the parties shall mail to Stephen Franklin, the Court's Official Court Report, at **299 East Broward Boulevard, Suite 207B, Fort Lauderdale, Florida 33301**, a copy of (1) the witness and exhibit

lists and (2) a designation of unique proper nouns/names which may be raised at trial, to be received no later than five (5) days prior to the scheduled trial period.

12.     If the case is settled, counsel are directed to inform the Court promptly by calling the judge's chambers and to submit an appropriate Order for Dismissal, pursuant to Fed.R.Civ.P.41(a)(1). The proposed Order must be filed no later than ten (10) days after the Notice of Settlement is given to the Court.

DONE and ORDERED in chambers in Ft. Lauderdale, Florida, this _____ day of _____, 2001.

Honorable Lurana S. Snow
United States Magistrate Judge

copies to
Wilkie D. Ferguson, United States District Judge
counsel of record