UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW ✓

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

THE CHIROPRACTIC CENTER, INC.,
on behalf of itself and all others           01-6783
similarly situated,

    Plaintiff,
vs.

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/



FILED by ___ D.C.
DEC 2 8 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**PLAINTIFF'S OBJECTIONS TO REPORT
AND RECOMMENDATION RE: METROPOLITAN (D.E. # 427)**

Plaintiff THE CHIROPRACTIC CENTER, INC., on behalf of itself and all others similarly situated ("TCCI"), by his undersigned counsel, hereby submits his Objections to Magistrate Judge Snow's December 13, 2001 Report and Recommendation ("R&R") (D.E. # 427). For all the reasons set forth herein, TCCI respectfully submits that Defendant METROPOLITAN CASUALTY INSURANCE COMPANY's ("METROPOLITAN") Motion to Compel Arbitration should have been denied in all respects.

7090-00100 342270.1



ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

## BACKGROUND

This action is one of 15 pending class actions consolidated for discovery purposes by this Court. TCCI filed its Complaint against METROPOLITAN on May 8, 2001. On October 22, 2001, METROPOLITAN filed its Motion to Compel Arbitration.

## REPORT AND RECOMMENDATION

The R&R entered by the Magistrate Judge in this matter denies METROPOLITAN's Motion to Compel Arbitration. The R&R finds that the personal injury protection benefits contract ("PIP Contract") between METROPOLITAN and its insured constitutes a written agreement which is binding on TCCI. However, since the PIP Contract in this matter was issued before Section 627.736(5), Florida Statutes, was declared unconstitutional, the R&R finds that the arbitration clause in the PIP Contract is not binding on TCCI.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that '(a) written agreement for arbitration is the sine qua non of an enforceable arbitration agreement' under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton

CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

& Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.") As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

I. **THE R&R INCORRECTLY CONCLUDES THAT THE ARBITRATION PROVISION IN THE PIP CONTRACT AT ISSUE IN THIS CASE IS INVALID SOLELY BECAUSE IT WAS ENTERED INTO BEFORE THE PINNACLE DECISION.**

The R&R correctly concludes that Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000) invalidated arbitration clauses contained in PIP Contracts. The R&R limited the effect of Pinnacle to PIP Contracts entered into before the Pinnacle decision. However, based on the clear language of Pinnacle, the Florida Supreme Court struck down all arbitration provisions which restrict a healthcare provider's rights. As the Court held in Pinnacle:

> An objective of Florida's Motor Vehicle No-Fault Law was to provide persons injured in an action with prompt payment of benefits. Similarly, the legislative objective of section 627.428(1), Florida Statutes, which provides for an award of attorneys' fees against insurers who wrongfully deny benefits, was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorneys' fees when they are compelled to sue to

enforce their insurance contracts. Section 627.736(5) replaces section 627.428(1) attorney fees with an award of attorney fees based on who was the "prevailing party" at arbitration. <u>Under section 627.736(5), medical provider - assignees are subject to attorney fees, while insureds suing to enforce the exact same contract enjoy the one-way imposition of attorneys' fees against insurers provided in Section 627.428(1)</u>. This distinction does nothing to further the prompt payment of benefits or to discourage insurers' denial of valid claims. The effect of the attorney-fee provision in Section 627.736(5) is to further delay insureds from receiving medical benefits by encouraging medical providers to require payment from insureds at the time the services are rendered rather than risk having to collect through arbitration. Thus, <u>the prevailing party attorney-fee provision of Section 627.736(5) arbitrarily distinguishes between medical providers and insureds, violating medical providers' due process rights</u>, and is unconstitutional under article I, section 9 of Florida's Constitution.

<u>Id</u>. at 59 (citations omitted) (emphasis added).

A PIP Contract is entered into between an insured and an insurance company. The healthcare provider is not a party to the PIP Contract. Healthcare providers have no part in negotiating the terms of the PIP Contract. Accordingly, if insurance companies are able to place onerous arbitration provisions in PIP Contract that are binding only when a healthcare provider seeks compensation for services provided, the entire holding in <u>Pinnacle</u> would be meaningless. In this case, METROPOLITAN's PIP Contract contains the following arbitration provision:

> 6. Arbitration. There shall be binding arbitration of any claims dispute including medical benefits arising between us and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provisions of Chapter 682 of the Florida Arbitration Code relating to arbitration shall apply. The prevailing party shall be entitled to attorney's fees and costs.

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment of benefits. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. The

CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical providers. As the Court stated:

> We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision <u>violates the right of medical providers to access to courts</u> provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) <u>violates the due process rights of medical providers</u> in violation of article I, section 9 of the Florida Constitution.

<u>Pinnacle</u>, 753 So. 2d at 57 (emphasis added). Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the METROPOLITAN policy is likewise unconstitutional whether it was entered into before or after <u>Pinnacle</u>. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts." <u>Harris v. Gonzalez</u>, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the METROPOLITAN PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. <u>Pinnacle</u>.

The METROPOLITAN arbitration provision impermissibly provides for prevailing party attorney fees. This provision was found to be unconstitutional in <u>Pinnacle</u>. The arbitration provision violates the rights of healthcare providers to access to courts and is unconstitutional in that it requires arbitration in violation of article I, section 21 of the Florida Constitution. <u>Pinnacle</u>, 753 So. 2d 55. The METROPOLITAN arbitration provision is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it impermissibly modifies the statutory fee-shifting provisions of Section 627.736. <u>Id</u>. The fact that the PIP Contract was entered into by an insured


ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

and METROPOLITAN prior to the holding Pinnacle does not change the fact that the arbitration provision contained therein is unconstitutional and void.

## II. THE R&R INCORRECTLY FINDS THAT THE ARBITRATION PROVISION CAN BIND AN ASSIGNEE.

The R&R concludes that the assignment of benefits to the healthcare provider binds the healthcare provider to the arbitration clause contained in the PIP Contract. However, since METROPOLITAN could not compel its insured to arbitrate these claims, TCCI, as the assignee, cannot be compelled to arbitrate the claims.

"Arbitration agreements are personal covenants usually binding only upon parties to the covenant." Federated Title Insurers, Inc. v. Ward, 538 So. 2d 890 (Fla. 4th DCA 1989); Karlen v. Golf & Western Indus., Inc., 336 So. 2d 461 (Fla. 3d DCA 1976). The METROPOLITAN policy does not contain a personal covenant on the part of the insured to arbitrate personal injury protection claim disputes. The provision instead purportedly requires unknown assignees to arbitrate claims. There is no written agreement between METROPOLITAN and TCCI requiring TCCI to arbitrate such claims. Accordingly, there is no basis to assert that TCCI's claims are subject to arbitration.

There is no arbitration agreement between METROPOLITAN and its insured. TCCI, as the insured's assignee "surely is in no worse position that its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. and Surety Co., 276 F. Supp. 791, 793 (S.D.N.Y. 1967). Thus, if METROPOLITAN's insured desired to assert a claim against METROPOLITAN for its failure to pay PIP benefits, the insured would be entitled to assert those claims in Court. A healthcare provider that receives an assignment "stands in the shoes" of an assignor-insured. Since the METROPOLITAN assignor-insured cannot be compelled to arbitrate,



CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

the healthcare provider similarly cannot be compelled to arbitrate. Otherwise, additional conditions and penalties are imposed upon an assignee which are not imposed on the assignor. For example, an assignment of benefits does not require the healthcare provider to subsequently make premium payments required under the policy. Those obligations remain obligations of the insured since only the benefits were assigned. Further, if a healthcare provider assigns the rights back to the insured, the insured would not be required to arbitrate. Based upon the foregoing, METROPOLITAN cannot assert that the assignment of benefits requires arbitration.

This precise issue was addressed in Pinnacle. In Pinnacle, the healthcare provider brought its claim as the assignee of benefits from an insured. The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider. The policy did not require the same claims to be arbitrated if they were brought by the insured. The insurance company asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, there is no voluntary agreement to arbitrate between medical providers and PIP insurers. Medical providers are forced to arbitrate by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

Id. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in Pinnacle, a contractual provision entered into between an insured and insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claims.

7090-00100 342270.1

7



CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

There is no contract between TCCI and its patient to arbitrate claims. There is no contract between TCCI and METROPOLITAN to arbitrate claims. There is no contract between METROPOLITAN's insured and METROPOLITAN to arbitrate claims. TCCI cannot be forced to arbitrate based on the terms of an agreement entered into between a METROPOLITAN insured and METROPOLITAN, to which the assignor-insured is not subject. Id. Accordingly, the arbitration provision contained in the METROPOLITAN PIP Contract provides no basis to compel arbitration against TCCI.

## CONCLUSION

For all the reasons set forth herein, Plaintiff THE CHIROPRACTIC CENTER, INC., on behalf of itself and all others similarly situated, respectfully requests that this Court enter an Order determining that the claims asserted in this action are not subject to arbitration, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
    JAN DOUGLAS ATLAS
    Florida Bar No. 226246

By: _____
    ERIC LEE
    Florida Bar No. 961299



CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

By: *Robin Corwin Campbell*
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

<u>Co-Counsel for Class Plaintiffs</u>

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 27th day of December, 2001 upon: all individuals on the attached service list.

ERIC LEE

7090-00100 342270.1

9



## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile


7090-00100 318823.1



<u>**Counsel for Nationwide**</u>

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

<u>**Counsel for Florida Farm Bureau**</u>

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

<u>**Counsel for Liberty Mutual**</u>

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

<u>**Counsel for:**
**Hartford, Metropolitan, Integon**</u>

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

<u>**Counsel for Metropolitan**</u>

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

<u>**Counsel for Hartford**</u>

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

<u>**Counsel for Superior**</u>

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

<u>**Counsel for Prudential**</u>

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

<u>**Counsel for American International**</u>

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile



