IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW ✓

DR. PAUL ZIDEL

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,

Third-Party Defendant.

_____________________________________/

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated,

CASE NO. 01-6783

Plaintiff,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

Defendant.

_____________________________________/

FILED by VT D.C.
DEC 28 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**METROPOLITAN CASUALTY INSURANCE COMPANY'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION DENYING MOTION TO COMPEL ARBITRATION**

## INTRODUCTION

Pursuant to 28 U.S.C. Section 636(b)(1)(C) and Local Rule 4(a)(1) of the Southern District of Florida, Defendant Metropolitan Casualty Insurance Company ("MetCas") files these



Objections to the Report and Recommendation issued by Magistrate Judge Snow on December 13, 2001 denying MetCas's Motion to Compel Arbitration (the "Report").

The Magistrate Judge based her denial of MetCas's Motion to Compel Arbitration on the fact that MetCas's policy, which contains an arbitration provision, was drafted while a statute mandating arbitration was in effect. The statute was subsequently found to be unconstitutional by the Florida state Supreme Court, and Magistrate Judge Snow concluded therefore that the "statutorily mandated arbitration provision must be stricken as in violation of Florida's Constitution." (Report at 7). The Magistrate's Report is erroneous because it is well-established that the Federal Arbitration Act (the "FAA") preempts state laws restricting the enforcement of arbitration agreements. *See Southland Corp. v. Keating*, 465 U.S. 1 (1984). Accordingly, the Magistrate's Report is contrary to law and should not be adopted by the Court.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. Section 636(b)(1)(C), this Court must undertake a *de novo* review of those portions of a Report to which a party objects. *Lynch v. Silcox*, No. 01-8800-CIV, 2001 WL 1200656 (S.D. Fla. Oct. 4, 2001) at *2. Those portions of the Report not objected to are subject to review under a clear error standard. *Id.*

**BACKGROUND**

Plaintiff The Chiropractic Centre, Inc. ("TCCI") filed this proposed class action in May 2001 and served the Class Action Complaint ("Complaint") on MetCas in June 2001. The gravaman of TCCI's Complaint is that MetCas wrongfully reduced payments to TCCI for services rendered to MetCas's insureds.

The five-count Complaint includes a claim for breach of contract brought by TCCI as an alleged third-party beneficiary of MetCas's auto insurance policies. *See* Complaint ¶¶ 97-104.

TCCI claims that it is entitled, under these policies, to direct payment of PIP benefits that otherwise would have been payable to the policyholders. *Id.* ¶¶ 6-10 & 65-69. TCCI has attached to the Complaint a benefit document relating to services rendered by TCCI to Daniel Hoffman, a relative of MetCas insured Georgina Hoffman ("Hoffman"). MetCas has filed with the Court a certified copy of Hoffman's automobile insurance policy (the "Policy").

The PIP section of the Policy (Endorsement FL #2B) contains a mandatory arbitration provision that governs all medical benefit claims.

> 6. **Arbitration.** There shall be binding arbitration of any claims dispute involving medical benefits arising between **us** and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury benefits. The provisions of Chapter 682 of the Florida Arbitration Code relating to arbitration shall apply. The prevailing party shall be entitled to attorneys' fees and costs.

Policy, Special Fla. State Provisions at 4 (emphasis in original). Based on this provision, MetCas moved to compel arbitration.

## THE REPORT

Magistrate Judge Snow correctly found that TCCI is a third party beneficiary of Hoffman's insurance policy with MetCas and that MetCas has not waived its right to compel arbitration. MetCas does not object to those conclusions in the Report.

Magistrate Judge Snow concluded, however, that there was no valid agreement to arbitrate between TCCI and MetCas. It is this portion of the Report to which MetCas objects. The Report based its conclusion that Hoffman's contractual arbitration provision is invalid on the Florida Supreme Court's decision in *Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.*, 753 So.2d 55 (Fla. 2000). *Pinnacle* concluded **only** that the mandatory arbitration provision in Florida Statute §627.736(5) violated the Florida Constitution. The Magistrate's Report impermissibly extended the Supreme Court's holding in *Pinnacle* to conclude that the opinion

"struck down all statutorily-mandated arbitration clauses in PIP insurance contracts." This conclusion directly contradicts the well-established principle that federal law preempts state laws that attempt to restrict the enforceability of arbitration provisions affecting interstate commerce. *Southland Corp. v. Keating*, 465 U.S. 1 (1984).

**ARGUMENT**

The Report impermissibly extended the holding in *Pinnacle*. United States Supreme Court precedent dictates that the scope of *Pinnacle* must be restricted to invalidating the mandatory arbitration provision in Florida Statute §627.736(5). Extending *Pinnacle* to invalidate all statutorily-mandated arbitration provisions flies in the face of *Southland* and its progeny and should be rejected. Even if the Court adopts the Report, this Action must be stayed pending arbitration of any post-*Pinnacle* claims.

## I. *Pinnacle* Did Not Invalidate All Statutorily-Mandated Arbitration Provisions

The narrow question presented to the Florida Supreme Court in *Pinnacle* was whether the mandatory arbitration portion of Florida Statute §627.736(5) violates the Florida Constitution. *See Delta Cas. Co. v. Pinnacle Med., Inc.*, 721 So. 2d 321, 322 & 325 n.3 (insurance contract between policy holders and insurance company not in record reviewed by appeals court, which only determined whether arbitration requirement of §627.736(5) violates Florida Constitution). Florida Stat. §627.736(5) provides:

> Any physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person ... may charge only a reasonable amount ... and the insurer providing such coverage may pay such charges directly to such person or institution lawfully rendering such treatment, if the insured receiving such treatment ... has countersigned the invoice, bill or claim form approved by the Department of Insurance.
> . . .
> Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has

> agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply.

Fla. Sat. § 672.736(5).

Although the Florida Supreme Court found that the statute's mandatory arbitration provision violated the Florida Constitution, it did not conclude that **contractual provisions** mandating medical provider arbitration were invalid. *See Pinnacle,* 753 So. 2d at 59 ("we affirm the decision of the Fifth District Court of Appeal below and hold to be unconstitutional the portion of section 627.736(5), Florida Statutes, requiring mandatory arbitration for all medical provider assignees").

Thus, in *Livingston v. Sate Farm Mut. Auto. Ins. Co.*, 774 So. 2d 716 (Fla. 2d DCA 2000), the court noted that *Pinnacle* did not address whether a medical provider may have agreed to arbitration when it accepts a contractual assignment containing an arbitration clause. The Report dismissed the significance of *Livingston* on the basis that its finding was *dicta* because the case was decided only on the basis of the statute's validity. However, even if only in *dicta*, the Magistrate fails to distinguish *Livingston*. Indeed, the *dicta* is correct -- *Pinnacle* does not address whether contractual provisions mandating arbitration are valid even though the statute was held unconstitutional.

The Report instead relies heavily upon the holding in *Union Am. Ins. Co. v. USA Diagnostics, Inc.*, 765 So.2d 227 (Fla. 4th DCA 2000). While *Union American* does rely on *Pinnacle* to nullify a contractual arbitration provision, the opinion offers no clue as to how it reached the conclusion that *Pinnacle* invalidated the contractual provision mandating arbitration. As such, this Court should not rely upon *Union American*.

## II. The FAA Trumps Attempts by States to Restrict Contractual Agreements to Arbitrate

Any finding that a contractual arbitration provision is invalidated by state law would directly contravene Federal Arbitration Act, 9 U.S.C. § 2, ("FAA") which provides that "a written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... **shall be valid, irrevocable, and enforceable**, save upon such grounds as exist at law or in equity for the revocation any contract." 9 U.S.C. § 2 (emphasis supplied). The Supreme Court has held that the FAA creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). As recently as last year, the Supreme Court has reaffirmed the FAA's strong "pro-arbitration policy." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000). *See also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24 (the FAA established "a liberal federal policy favoring arbitration agreements, not withstanding any state substantive or procedural policies to the contrary."); *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999)(reversing District Court's order denying petition to compel arbitration because third-party beneficiary of contract had right to compel arbitration).[1]

The *Southland* opinion struck down a California state statute invalidating arbitration agreements under the California Franchise Investment Law. *Southland* explicitly states that the FAA "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland*, 465 U.S. at 10.

---

[1] The two limitations to the enforceability of arbitration agreements under the FAA -- that the underlying transaction either did not involve interstate commerce or was based upon an invalid contract -- are inapplicable in this case. *Southland,* 465 U.S. at 10-11. The Complaint concedes that the payment of medical claims involves interstate commerce (Compl. ¶¶ 1-2 ) and there are no allegations that the Hoffman policy is invalid.

Accordingly, state laws purporting to restrict the enforceability of arbitration agreements are violative of the Supremacy Clause of the U.S. Constitution. This holding extends to judicial opinions as well as statutes. *See e.g. Perry v. Thomas*, 482 U.S. 483 (1987).

Federal courts have consistently applied *Southland* to invalidate statutes purporting to restrict the enforceability of arbitration agreements and compelled arbitration under the FAA. *See e.g. Doctor's Assoc. v. Casarotto*, 517 U.S. 681 (1997)(striking down Montana statute requiring contractual arbitration clauses to be underlined and in capital letters because the statute violated the FAA); *Osterneck v. Merrill Lynch*, 841 F.2d 508 (3d Cir. 1988)(FAA preempted provision in Pennsylvania securities act precluding enforcement of arbitration clause covering claims arising under that state law); *Haluska v. RAF Fin. Corp.*, 875 F. Supp. 825, 829 (N.D. Ga. 1994)(FAA preempted provision requiring judicial forum for claims made under Georgia Minimum Wage Law); *Securities Indus. Ass'n v. Lewis,* 751 F. Supp. 205 (S.D. Fla. 1990)(FAA preempts provision of Florida's Securities Investor Protection Act invalidating arbitration agreements that did not provide for an independent, nonindustry arbitration forum).

The narrow issue presented to the Court in *Pinnacle* and the clear intent of Congress favoring the enforcement of arbitration agreements lead to the inescapable conclusion that *Pinnacle* merely invalidated a state statute mandating arbitration. It did not -- and indeed it could not -- validly have "struck down all statutorily-mandated arbitration provisions in PIP insurance contracts." Accordingly, the Court should enforce the arbitration clause in the Hoffman policy by compelling the parties to submit to arbitration.

## III. If the Court Adopts the Report This Action Must be Stayed Pending Arbitration of Post-*Pinnacle* Claims

MetCas retained a mandatory arbitration clause in some of its Florida auto insurance contracts after February 3, 2000 (the date of the *Pinnacle* decision). Any claims asserted by

TCCI pursuant to contracts entered into or renewed after February 3, 2000 that contain mandatory arbitration provisions are subject to arbitration without question -- as set forth in Magistrate Judge Snow's Report and Recommendation in *Ultra Open MRI Corp. v. Prudential Property and Casualty Insurance Co.*, Case No. 01-6778 ("PruPac Report"). When a Florida court is presented with claims subject to mandatory arbitration, "Section 682.03(3), Florida Statutes, requires the court to stay '[a]ny action or proceeding involving an issue subject to arbitration. The statute does not require the parties to be identical in both proceedings so long as the issues are determinable.'" *Okeelanta Corp. v. United States Sugar Corp.*, 712 So. 2d 814, 815 (Fla. 2d DCA 1998). Accordingly, even if the Court adopts the Report and holds that Hoffman's policy is not subject to arbitration, the Court must abate litigation of TCCI's claims under the Hoffman policy pending resolution of any arbitrable claims.

Moreover, to the extent that the Court orders consolidation of this Action with any other actions, all consolidated litigation must be stayed pending resolution of any claims subject to arbitration. For example, to the extent that this Action is consolidated with the PruPac action in which Magistrate Judge Snow already has recommended that the parties engage in arbitration, the Action would be stayed pending the outcome of the PruPac arbitration. *Id.* A ruling to the contrary could result in inconsistent rulings on common legal issues.

## CONCLUSION

The Magistrate's Report is contrary to law to the extent that it finds that the mandatory arbitration provision in the Hoffman policy was invalidated by *Pinnacle*. The Court therefore should (1) adopt the Magistrate's finding that TCCI is a third-party beneficiary of the policy, (2) adopt the Magistrate's finding that MetCas did not waive its right to arbitrate, and (3) reject the

finding that *Pinnacle* invalidates the agreement to arbitrate in this case. The Court should compel arbitration as required by the FAA and grant MetCas's Motion.

Respectfully submitted,

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendants
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

Marcy Levine Aldrich
Fla. Bar No. 0968447
George Volsky
Fla. Bar No. 203092

and

Co-Counsel for Defendant
Jeffrey P. Lennard, Esq.
Sonnenschein, Nath & Rosenthal
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 28th day of December, 2001.

Marcy Levine Aldrich

## SERVICE LIST

*The Chiropractic Centre, Inc. v. Metropolitan Casualty Insurance Company*
(Case Nos. 00-6061 and 01-6783-Civ-Ferguson) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA, TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Main Tel: (904) 798-3200
Direct: )(904) 798-2615
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305) 374-5600
Fax: (305) 374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305) 374-5600
Fax: (305) 374-5095

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
Tel: (850) 894-4111
Fax: (850) 894-4999

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
Tel: (202) 828-2000
Fax: (202) 828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577