UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

(Consolidated Class Action)

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,
    Plaintiffs,

**Respectfully referred to
U.S. Magistrate Judge Lurana Snow**

v.

ALLSTATE INSURANCE COMPANY,
et al.,
    Defendants      /

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,
    Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE,
et al.,
    Defendants.      /



FILED by _____ D.C.

JAN - 8 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**DEFENDANTS BEECH STREET
CORPORATION AND ADP
INTEGRATED MEDICAL
SOLUTIONS, INC.'S MOTION
TO COMPEL RULE 26
DISCLOSURES AND FOR OTHER
RELIEF AND SUPPORTING
MEMORANDUM OF LAW**

MARC J. BROWNER, D.C., individually
and on behalf of all other similarly situated,
    Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
et al.,
    Defendants.      /

Pursuant Rule 37(a) and (c), Defendants Beech Street Corporation ("Beech Street") and

ADP Integrated Medical Solutions, Inc. ("ADP") hereby file their motion to compel Plaintiffs to

disclose their damages and produce supporting documents as required by Federal Rule of Civil Procedure 26(a)(1)(C) and for other relief and in support state:

On November 7, 2001 Plaintiffs provided the following statement:

### Rule 26(a)(1)(C)

*A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered.*

The category of damages sought by Class Plaintiffs and those similarly situated are those damages incurred by the illegal discounts stolen by the Defendants as specifically alleged in the Complaints. The amount of the damages is based on the difference between the amounts the insurance company Defendants were required to pay to the respective Class Plaintiffs and the reduced amounts paid by the insurance company Defendants. For example, if the reasonable and necessary amount billed by a health care provider for a particular service was $100.00 and the insurance company based its required percentage payment on a reduced amount of $60.00, the amount reduced was $40.00. Based on the applicable amount required to be paid by the insurance company (80%, 90% or 100%), the amount of health care provider's damages is equal to the applicable percentage times the difference. In this example, if the insurance company was only required to pay 80%, the amount of the damages would equal $32.00.

The documents that will establish these damages are the explanation of benefits forms prepared by the insurance companies; the various preferred provider organization's documents relating to the amounts billed, reductions taken, and benefits obtained; and the payments made to the preferred provider organization discounts. These documents are all in the possession of the respective Defendants.

See Class Plaintiffs' Rule 26 Disclosures at p.12.

In essence, the Class Plaintiffs are improperly trying to shift their burden to the Defendants: You have documents; you figure out our damages. This is not the requirements of Rule 26(a)(1)(C). Class Plaintiffs possess and/or have access to the documentation necessary to

2

compute or estimate their damages but have failed to do so. Plaintiffs provide a mere "example" of their proposed methodology of how they may calculate their damages in the future. Further, the disclosure is inadequate because Plaintiffs have not offered to make such documentation presently available in their possession for Defendants' inspection and copying.

Rule 26(a)(1) provides that: "a party must, without awaiting a discovery request, provide to other parties . . . (C) a **computation of any category of damages** claimed by the disclosing party, making available for inspection and copying as under Rule 34 the **documents** or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered[.]" (Emphasis added).

The Advisory Committee's Notes (1993) to Rule 26 indicate that "[a] party claiming damages or other monetary relief *must*, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34. Therefore, if the documents establishing Plaintiffs' damages are in the possession of Plaintiffs or in the possession of other Defendants to which Plaintiffs have access, the documents are reasonably available to Plaintiffs and so Plaintiffs must make those documents available to all other Defendants for inspection and copying.

In a class action where the class has not yet been certified "plaintiffs have a duty under Rule 26 to disclose computations of any category of damages claimed. This duty would include damages to the . . . named plaintiffs and to the putative class and subclasses. As more information becomes available that would be relevant to the putative class or subclasses, plaintiffs can supplement their disclosures to include the incorporation of that new information . . . . If plaintiffs have allegations concerning a large number of people, they should compute the

3

potential damages accordingly." Burrell v. Crown Cent. Petroleum, Inc., 177 F.R.D. 376, 385 (E.D. Tex. 1997). Here, Plaintiffs fail to provide "a computation of any category of damages" to the named Plaintiffs or the putative class members. Instead, Plaintiffs indicated that the category of damages they are seeking is the "illegal discounts stolen" and that the "amount of the damages is based on the difference between the amounts the insurance company Defendants were required to pay to the respective Class Plaintiffs and the reduced amounts paid by the insurance company Defendants." Instead of computing the damages, Plaintiffs gave an example of how they could be computed. Rule 26(a)(1)(C) does not authorize such disclosure in lieu of a "computation."

If Plaintiffs do not have sufficient documentation to compute or estimate their damages, they should so indicate in their disclosure. See id. If Plaintiffs, however, possess (or have access to) the documents needed to calculate or estimate damages, they must calculate the damages in their Rule 26(a) disclosures. See Dixon v. Bankhead, 2000 WL 33175440 *1 (N.D. Fla.). "That Defendant had the records does not comply with the requirement that Plaintiff provide a *computation*. . . . If estimates are made which might be subject to revision with expert opinion, that is entirely permissible, but the requirements of Fed.R.Civ.P. 26(a)(1)(C) *cannot be avoided if the opposing party insists on compliance*." See id. (emphasis in original).

Furthermore, in their disclosure, Plaintiffs describe the documents that establish their damages and claim that such documents are all in the possession of the Defendants. Plaintiffs do not indicate that they do not possess (or have access to) such documents. As such, Plaintiffs are required under Rule 26(a)(1)(C) to not only compute their damages but to produce all documents which support such computation.

4

Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

Federal Rule of Civil Procedure 37(a)(2)(A) provides "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Federal Rule of Civil Procedure 37 (c)(1) provides "A party that without substantial justification fails to disclose information required by Rule 26(a)...is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A)[facts taken as established], (B)[prohibition against disobedient party supporting claims], and (C)[striking of pleadings or default] and may include informing the jury of the failure to make the disclosure."

WHEREFORE Defendants, Beech Street and ADP, pursuant to Rule 37, move the Court to compel Plaintiffs to provide a damage disclosure which complies with Rule 26(a)(1)(C) and for all other and further sanctions which this court deems appropriate including an award of Defendants' attorneys' fees and costs, a prohibition against Plaintiffs using information currently in their possession to calculate their alleged damages, the striking of Plaintiffs' pleadings or entry

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

of a default judgment against Plaintiffs.[1]

                              Respectfully submitted,

**TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA TAGUE RAYMOND & LEVINE L.L.P.**
Co-Counsel for Defendants Beech Street Corp.
and ADP Integrated Medical Solutions, Inc.
2600 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-536-1112
Facsimile: 305-536-1116

By: ___/s/___
    Joseph A. DeMaria
        Florida Bar No. 764711
        jad@tewlaw.com
    John M. Quaranta
        Florida Bar No. 940641
        jmq@tewla.com
    Kenneth D. Murena
        Florida Bar No. 147486
        kdm@tewlaw.com

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via U.S. Mail this 8TH day of January, 2002, on all counsel listed on the attached Service List.

                                              ___/s/___
                                              Counsel

::ODMA\MHODMA\Miami:319126;1

---

[1] Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion and have been unable to do so.

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Counsel for Plaintiffs**
ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

**Co-Counsel for Plaintiffs**
GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

**Co-Counsel for Plaintiffs**
PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**
Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 Facsimile

**Counsel for Allstate**
RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**
TEW, CARDENAS REBAK KELLOGG LEHMAN DEMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esquire
(305) 539-2440
jad@tewlaw.com
John M. Quaranta, Esquire
jmq@tewlac.com
(305)536-8432
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
Francis Anania, Esquire
fanania@anania-law.com
Donald A. Blackwell, Esquire
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**
MCQUIRE, WOODS, et al.
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
badams@mcguirewoods.com
Curt Caywood, Esquire
ccaywood@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida 32202
(904)798-3200
(904)798-3207 Facsimile

**Counsel for Nationwide**
FOWLER, WHITE
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Bruce A. Aebel, Esquire
baebel@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813)228-7411
(813)229-8313 Facsimile

**SWARTZ CAMPBELL DETWEILER**
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
(215)299-4314
(215)299-4301 Facsimile

**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Prudential**
SHEA & GARDNER
Michael Isenman, Esquire
(202) 828-2000

misenman@sheagardner.com
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Jeff Grant, Esquire
(202) 828-2000

1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
202-828-2000
202-828-2195 (Facsimile)

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esquire
Kmaus@bbplaw.com
Lauren D. Levy, Esquire
Llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida 32308-3469
(850) 894-4111 Telephone
(850) 894-4999 (Facsimile)

**Counsel for Superior**
BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**
CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

**Counsel for Metropolitan**
Jeffrey P. Lennard, Esq.
SONNENSCHEIN NATH & ROSENTHAL
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 Facsimile

**Counsel for Hartford**
Howard J. Roin, Esq.
MAYER, BROWN & PLATT
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

Updated: January 8, 2002

::ODMA\MHODMA\Miami;317015;1