UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,

    Third-Party Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a     CASE NO. 01-8111
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and others similarly situated,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

**HARTFORD INSURANCE COMPANY OF THE MIDWEST'S
REPLY TO PLAINTIFF'S OPPOSITION TO HARTFORD'S
MOTION TO COMPEL ARBITRATION, DISMISS
THE AMENDED COMPLAINT AND TO STAY DISCOVERY**

Defendant Hartford Insurance Company of the Midwest ("Hartford") submits this reply memorandum in response to Plaintiff Salvatore Larusso's ("Larusso's") Opposition to Hartford's





{M1743549;1}

Motion to Compel Arbitration. By this Reply, Hartford responds only to the following issues raised in Larusso's Opposition.

**I.     The Federal Arbitration Act Mandates Arbitration**

Larusso claims that the Federal Arbitration Act ("FAA") is inapplicable to whether Larusso can be compelled to arbitrate because the arbitration provision at issue provides that the parties are "subject to binding arbitration in accordance with the Florida Arbitration Code." According to Larusso, this reference to the Florida Arbitration code renders the FAA "inapplicable since the purported arbitration agreement specifically opts out of the FAA." Larusso's argument is disingenuous at best. The cases he cites in "support" of this argument merely hold that arbitration provisions may dictate which state's law is applicable to the <u>scope or interpretation</u> of the arbitration provision. The cases have no bearing upon Hartford's assertion that the FAA constrains this Court from restricting the <u>enforceability</u> of the arbitration provision.

As Hartford set forth in its motion to compel arbitration, the FAA governs the enforceability of arbitration provisions that arise from contracts pertaining to interstate commerce. In *Roadway Package Sys., Inc. v. Kayser*, 257 F.3d 287 (3d Cir. 2001), a case relied upon by Larusso, the court enforced an arbitration provision from a contract that contained a Pennsylvania choice of law provision. The *Kayser* court's reasoning is representative of the cases cited by Larusso:

> Congress enacted the FAA to overcome courts' refusals to enforce agreements to arbitrate. The statute's ultimate purpose is to enforce the terms of private arbitration agreements. Though the FAA generally embraces a proarbitration policy, this policy does not operate without regard to the wishes of the contracting parties. Thus, if the parties contract to arbitrate pursuant to arbitration rules or procedures borrowed from state law, **the federal policy is satisfied so long as the agreement is enforced.**

*Id.* at 292 (internal citations and quotations omitted; emphasis supplied). The other cases that Larusso relies upon similarly limit the affect of a choice of law provision to the scope or

interpretation of the arbitration agreement. *See Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989) ("There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate.") *Ford v. Nylcare Health Plans of the Gulf Coast, Inc.*, 141 F.3d 243, 247 (5th Cir. 1998)(Texas law governed scope but not enforceability of arbitration provision); *ASW Allstate Painting & Constr. Co, Inc. v. Lexington Ins. Co*, 188 F.3d 307, 310 (5th Cir. 1999)(FAA does not preempt state arbitration rules "as long as the state rules do not undermine the goals and policies of the FAA"). Thus, these cases lend additional support to Harford's assertion that the FAA -- and not Florida law -- controls the enforceability of the arbitration provision. Accordingly, the arbitration provision should be enforced.

II.     **Larusso is Bound by the Arbitration Agreement as an Assignee**

In his Amended Complaint, Larusso claims that he is a third party beneficiary to Hartford's contract with its insured Desmond Mahon ("Mahon). *See* Am. Compl. ¶¶ 93-100)(00-6061;D.E.194). As Hartford set forth in its Motion to Dismiss, Larusso's third party beneficiary claim is deficient as a matter of law because he cannot show that the contract was intended to primarily and directly benefit him. *See* Motion to Dismiss at 9-10(00-6061;D.E. 210). In his Opposition, Larusso now argues that he is an "assignee" of the Hartford/Mahon contract but that he was not assigned the contract's mandatory arbitration provision. The argument is without legal merit. *See e.g. Interpool Ltd. v. Through Transp. Mut. Ins. Ass'n Ltd.*, 635 F. Supp. 1503, 1505 (S.D. Fla. 1985) ("The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'") (citation omitted); *MS Dealer Serv. Corp. v.*

*Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (noting that third-party beneficiaries are bound by arbitration clause where they seek to assert rights under a contract containing such a clause); *Orion Ins. v. Magnetic Imaging Sys.*, 696 So. 2d 475, 478 (Fla. 3d DCA 1997) ("Because Magnetic is a third party beneficiary of the policy between Orion and its insured, Magnetic is bound by the arbitration provision in that policy."); *Terminix Int'l Co. v. Ponzio*, 693 So. 2d 104, 109 (Fla. 1st DCA 1997)("As third party beneficiaries, these additional plaintiffs are bound by the arbitration provision"). Indeed, Magistrate Judge Snow previously has recognized that an assignee such as Larusso cannot seek to invoke an insured's rights under a policy while avoiding his policy obligations. *See Ultra Open MRI Corp. v. Prudential Property and Cas. Ins. Co.*, Case No. 01-68778, Report and Recommendation, at 9 (00-6061; D.E. 318) & *Larusso v. Florida Farm Bureau Cas. Ins. Co.*, Case No. 01-8110, Report and Recommendation, at 9-10 (00-6061; D.E. 317). Larusso therefore is bound by the arbitration provision in Mahon's policy.

### III. Hartford has not Waived its Right to Compel Arbitration

Larusso distorts the record and the law to advance his argument that Hartford waived its right to compel arbitration by substantially participating in this litigation. First, Larusso argues waiver on the ground that Hartford has been "actively participating in these Proceedings." Opp. Memo. at 12-13. Hartford was first served with the Amended Complaint on October 10, 2001.[1] The only motions filed by Hartford prior to filing its Motion to Compel Arbitration were motions (1) for reconsideration of the Court's consolidation order (2) to stay discovery and stay the time for responding to class certification (3) for a protective order and (4) to dismiss the amended

---

[1] Larusso incorrectly alleges that Hartford had a "six month delay in seeking to compel arbitration." *Id.* at 13. Larusso initially served the Complaint upon ITT Hartford Life and Annuity Insurance Company in May, 2001. After prompt notification by Hartford that the wrong entity had been sued, Larusso waited to file the Amended Complaint until October 10, 2001. Thus, Hartford has only been a party to this litigation since October.

complaint. Significantly, other than the motion to dismiss, all of these motions were based on Hartford's position that consolidation of this Action with other actions is inappropriate and therefore Hartford should not have to participate in consolidated discovery.

Larusso offers no authority for the proposition that Hartford's motion for reconsideration is grounds for waiver. Furthermore, it is well established that filing a motion to dismiss does not constitute substantial participation in a lawsuit and does not waive a contractual right to arbitrate. *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985)(filing a motion to dismiss, answering the complaint and asserting affirmative defenses and engaging in "extensive" discovery over eight months did not waive right to arbitrate); *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 61-62 (5th Cir. 1995)(filing motion to dismiss, asserting a counterclaim and conducting preliminary discovery over five months did not "substantially invoke the judicial process" and waive the Defendant's right to arbitration). Moreover, Larusso cannot show any prejudice by Hartford's filing of the motion to dismiss the complaint much less the other motions, which were precipitated by Larusso's motion to consolidate and attempt to proceed with discovery. Indeed, in a virtually identical situation, Magistrate Judge Snow has rejected Larusso's waiver argument. *See* Florida Farm Bureau Report, at 10.

Larusso alternatively argues that Hartford has waived its right to compel arbitration by allegedly litigating PPO reduction claims in state court actions. Larusso is unable to specify even one PPO reduction case that Hartford has allegedly litigated, nor has he told the court whether the purported other cases involve class actions in which the same plaintiffs have sued Hartford for the same relief. Moreover, in the two instances cited by Larusso where a court has found waiver of arbitration based upon conduct in another action, both actions arose from <u>the same core of operative facts between the same or related parties</u>. In *PPG Indus., Inc. v. Webster*

*Auto Parts, Inc.*, 128 F.3d 103 (2d Cir. 1997), the plaintiff initially brought separate actions against the same defendants (with one additional defendant in the federal court action) that "sought nearly identical relief in both actions." *Id.* at 105. The Second Circuit therefore considered the plaintiff's conduct in the state court action when determining whether the plaintiff had waived its right to seek arbitration in the federal court action. Since the plaintiff had engaged in significant discovery and had filed substantive motions, the Court determined that the plaintiff had waived its right to arbitrate the either action.[2] Likewise, in *Morewitz v. West of England Ship Owners Mut. Protection and Indem. Assoc.*, 62 F.3d 1356 (11th Cir. 1995), the insurer was found to have waived its right to invoke an arbitration provision with its insured after it had unsuccessfully undertaken the defense of its insured against Morewitz. Although the insurer was technically not a party to the underlying proceeding, it had participated by providing a defense, and its failure to raise arbitration at that time affected a waiver when Morewitz filed suit to enforce the underlying judgment. *Id.* at 1366.

Larusso and Hartford are not litigating the issues raised in the Amended Complaint elsewhere. Larusso therefore could not suffer any prejudice from any other suits in which Hartford may be a party that raise the issue of PPO reductions. It is absurd for Larusso to argue that Hartford has in some manner waived its right to compel arbitration in this Action by allegedly litigating PPO reductions in other, unrelated actions. To the extent that any other

---

[2] The two actions were so closely related in *PPG* that the district court had consolidated the actions. *Id.* at 107. Moreover, the Second Circuit noted many factors that evidenced a waiver of arbitration, including: a failure by the plaintiff to file a motion to stay pending arbitration in either action; the filing of substantive motions by the plaintiff; and engaging in significant discovery. *Id.* at 109. In contrast, Hartford has filed a motion to stay pending resolution of its motion to compel arbitration and has not engaged in any discovery or filed any substantive motions (other than its motion to dismiss, which, as set forth above, is not grounds for waiver).

CAS NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

actions exist, Larusso has no relationship to those actions. Accordingly, Hartford has not waived its right to seek arbitration of Larusso's claims.

## IV. Conclusion

For these reasons, and the reasons set forth in Hartford's Motion to Compel, Hartford asks that the Court compel arbitration, dismiss this action and stay all discovery pending a ruling on this Motion.

Respectfully submitted,

Akerman, Senterfitt & Eidson, P.A.
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

_____
Marcy Levine Aldrich
 Fla. Bar No. 0968447
George Volsky
 Fla. Bar No. 203092

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 9th day of January, 2002.

_____
Marcy Levine Aldrich