IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL

     Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

     Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,

     Third-Party Defendant.

_____/

ULTRA OPEN MRI CORPORATION,
on behalf of itself and all others
similarly situated,

     Plaintiff,

v.

INTEGON NATIONAL INSURANCE
COMPANY and INTEGON GENERAL
INSURANCE COMPANY,

     Defendants.

_____/

CASE NO. 01-6780

FILED by _____ D.C.

JAN 1 4 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**INTEGON NATIONAL INSURANCE COMPANY AND INTEGON GENERAL
INSURANCE CORPORATION'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION DENYING MOTION TO COMPEL ARBITRATION**

### INTRODUCTION

Pursuant to 28 U.S.C. Section 636(b)(1)(C) and Local Rule 4(a)(1) of the Southern

District of Florida, Defendants Integon National Insurance Company and Integon General

Insurance Corporation (collectively, "Integon") file this Response to the Plaintiff's Objections to

{MI745210;1}

the Report and Recommendation issued by Magistrate Judge Snow on December 14, 2001 denying Integon's Motion to Compel Arbitration (the "Report").

The Magistrate Judge based her denial of Integon's Motion to Compel Arbitration on the fact that Integon's policy, which contains an arbitration provision, was drafted while a statute mandating arbitration was in effect. The statute was subsequently found to be unconstitutional by the Florida Supreme Court, and Magistrate Judge Snow concluded therefore that the "statutorily mandated arbitration provision must be stricken as in violation of Florida's Constitution." (Report at 7). Integon has filed Objections to the Magistrate's Report arguing that it is erroneous because it is well-established that the Federal Arbitration Act (the "FAA") preempts state laws restricting the enforcement of arbitration agreements. *See Southland Corp. v. Keating*, 465 U.S. 1 (1984).

In spite of the fact that the Report concluded that Integon's motion to compel arbitration should be denied, Plaintiff Ultra Open MRI Corporation ("UOMC") argues in its Objections that the Report made two erroneous conclusions. First, UOMC objects to the Report insofar as it held that the arbitration provision at issue was invalid only because it was entered into before the Florida Supreme Court decided *Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.* 753 So.2d 55 (Fla. 2000). Second, UOMC objects on the ground that the Report concluded that, if the arbitration provision was valid, UOMC is obliged to arbitrate its claims as an assignee. For the reasons explained below, both objections are meritless and should be rejected.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. Section 636(b)(1)(C), this Court must undertake a *de novo* review of those portions of a Report to which a party objects. *Lynch v. Silcox*, No. 01-8800-CIV, 2001

{MI745210;1}

WL 1200656 (S.D. Fla. Oct. 4, 2001) at *2. Those portions of the Report not objected to are subject to review under a clear error standard. *Id.*

## BACKGROUND

Plaintiff Ultra Open MRI Corp. ("UOMC") filed this proposed class action in May 2001 and served the Class Action Complaint ("Complaint") on Integon in June 2001. The gravaman of UOMC's Complaint is that Integon wrongfully reduced payments to UOMC for services rendered to Integon's insureds.

The five-count Complaint includes a claim for breach of contract brought by UOMC as an alleged third-party beneficiary of Integon's auto insurance policies. *See* Complaint ¶¶ 97-104. UOMC claims that it is entitled, under these policies, to direct payment of PIP benefits that otherwise would have been payable to the policyholders. *Id.* ¶¶ 6-10 & 65-69. UOMC has attached to the Complaint various benefit documents relating to services rendered by UOMC to Integon insured Kimberly McCombs ("McCombs"). Integon has filed with the Court a certified copy of McCombs' automobile insurance policy (the "Policy").

The PIP section of the Policy (Part B) contains a mandatory arbitration provision that governs all medical benefit claims.

**ARBITRATION**
All disputes between **us** and any medical services provider involving medical benefits under this coverage shall be resolved through binding arbitration in accordance with Chapter 682 of the Florida Statutes. The prevailing party shall be entitled to attorneys' fees and costs.

Policy at 7 (emphasis in original). Based on this provision, Integon moved to compel arbitration.

{MI745210;1}

CASE NOS. 00-6061 AND 01-6780-CIV-FERGUSON

# ARGUMENT

## I.  *Pinnacle* Did Not Invalidate All Statutorily-Mandated Arbitration Provisions

UOMC takes issue with the portion of the Report that limits the *Pinnacle* holding to invalidating all pre-*Pinnacle* arbitration clauses in PIP insurance contracts.[1]  UOMC presses the Court to adopt the untenable position that **all** arbitration provisions contained in PIP insurance contracts are invalid as unconstitutional under Florida law.

UOMC's position -- which, in essence, asks the Court to invalidate all **contractual** arbitration provisions in all PIP contracts -- stands in sharp relief to the limited holding in *Pinnacle* and to the Supreme Court's well-settled jurisprudence mandating enforcement of contractual arbitration provisions pursuant to the Federal Arbitration Act ("FAA").

As an initial matter, the narrow question presented to the Florida Supreme Court in *Pinnacle* was whether the mandatory arbitration portion of Florida Statute §627.736(5) violates the Florida Constitution.  *See Delta Cas. Co. v. Pinnacle Med., Inc.,* 721 So. 2d 321, 322 & 325 n.3 (insurance contract between policy holders and insurance company not in record reviewed by appeals court, which only determined whether arbitration requirement of §627.736(5) violates Florida Constitution).  The statute -- and nothing more -- was held unconstitutional.  "We agree with the Fifth District that the mandatory arbitration **provision** of section 627.736(5) is unconstitutional." *Pinnacle,* 753 So.2d at 57 (emphasis supplied).

---

[1]    For purposes of Integon's motion to compel arbitration, the Magistrate's recommendation that post-*Pinnacle* arbitration provisions are valid has no bearing on the McCombs Policy, because it was executed pre-*Pinnacle*.  However, to the extent that discovery reveals that there are class plaintiffs who entered into post-*Pinnacle* insurance contracts, UOMC would be subject to mandatory arbitration under those plaintiff's contracts with Integon if the Magistrate's Report is adopted.
{MI745210;1}

Even if the Florida Supreme Court had wanted to invalidate all contractual arbitration provisions in PIP policies, they could not have done so without running afoul of the FAA, which provides that " a written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... **shall be valid, irrevocable, and enforceable,** save upon such grounds as exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2 (emphasis supplied). The U.S. Supreme Court has explicitly held that the FAA "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). UOMC's attempt to broaden *Pinnacle* to invalidate private arbitration agreements therefore violates the Supremacy Clause of the U.S. Constitution and must be rejected.

## II.     UOMC is Bound by the Terms of the Policy to Arbitrate

The Magistrate considered several arguments raised by UOMC in the event that this Court finds that the agreement to arbitrate was not invalidated by *Pinnacle*. One conclusion soundly reached by the Magistrate is that -- assuming the contractual provision to arbitrate is valid -- UOMC is bound to arbitrate its claims against Integon even though it is not a signatory to the Policy. Report at 9-10 (finding that the arbitration provision binds UOMC even though UOMC did not sign Policy). The Report's conclusion that UOMC is bound by the arbitration provision accords with established precedent and should not be disturbed. *See Interpool Ltd. v. Through Transp. Mut. Ins. Ass'n Ltd.*, 635 F. Supp. 1503, 1505 (S.D. Fla. 1985)("The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a

{MI745210;1}

CASE NOS. 00-6061 AND 01-6780-CIV-FERGUSON

contract.'")(citation omitted); *MS Dealer Serv. Corp. v. Franklin*, 177 F. 3d 942, 947 (11th Cir. 1999)(noting that third-party beneficiaries are bound by arbitration clause where they seek to assert rights under a contract containing such a clause); *Orion Ins. v. Magnetic Imaging Sys.*, 696 So. 2d 475, 478 (Fla. 3d DCA 1997)("Because Magnetic is a third party beneficiary of the policy between Orion and its insured, Magnetic is bound by the arbitration provision in that policy."); *Terminix Int'l Co. v. Ponzio*, 693 So. 2d 104, 109 (FLA 1st DCA 1997)("As third party beneficiaries, these additional plaintiffs are bound by the arbitration provision.").

## CONCLUSION

For the foregoing reasons, the Court should reject UOMC's objections to the Report. As set forth in Integon's objections to the Report, the Court should reverse the Magistrate's finding that the arbitration provision in the Policy was invalidated by *Pinnacle*, and grant Integon's motion to compel arbitration.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
*Counsel for Defendants*
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
    Marcy Levine Aldrich
    Fla. Bar No. 0968447
    George Volsky
    Fla. Bar No. 203092

{MI745210;1}

CASE NOS. 00-6061 AND 01-6780-CIV-FERGUSON

### <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S.

Mail, on all persons on the attached Service List this 14th day of January, 2002.

_____
Marcy Levine Aldrich

## SERVICE LIST

*Ultra Open MRI Corporation v. Integon National Insurance Company*
*and Integon General Insurance Company*
(Case Nos. 00-6061 and 01-6780-Civ-Ferguson/Snow) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
 atlas@atlaslaw.com
Eric Lee, Esq.
 lee@atlaslaw.com
Robin Corwin Campbell, Esq.
 campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 763-1200
Fax: (954) 766-7800

GOLD & COULSON
Arthur S. Gold, Esq.
 asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tel: (312) 372-0777
Fax: (312) 372-0778

PHILLIPS & GARCIA
Andrew Garcia, Esq.
 agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
 cphilips@gpandg.com
13 Ventura Drive
North Darthmouth, MA 02747
Tel: (508) 998-0800
Fax: (508) 998-0919

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
 dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
Tel: (954) 462-6855
Fax: (954) 462-6899

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
 personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

{MI723186;1}

CASE NOS. 00-6061 and 01-6780-CIV-FERGUSON/SNOW

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
 rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
Tel: (813) 251-1000
Fax: (813) 254-6327

Casey Fundaro, Esq.
Florida Bar No. 933650
 fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
Tel: (941) 435-7995
Fax: (941) 435-1269

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
 dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Tel: (407) 872-7300
Fax: (407) 841-2133

ROSS & HARDIES
Peter J. Valeta, Esq.
 peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 750-3619
Fax: (312) 920-7241

**Counsel for Beech Street and ADP**

TEW, CARDENAS, REBAK, KELLOGG, LEHMAN, DEMARIA,
 TAGUE, RAYMOND & LEVINE, L.L.P.
John M. Quaranta, Esq.
Direct Tel: (305) 539-2495
 jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Fax: (305) 536-1116

{MI723186;1}

CASE NOS. 00-6061 and 01-6780-CIV-FERGUSON/SNOW

**Counsel for Progressive**

ANANIA, BANDKLAYDER, *et al.*
Francis Anania, Esq.
  fanania@anania-law.com
Donald A. Blackwell, Esq.
  dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Tel: (305) 373-4900
Fax: (305) 373-6914

**Counsel for CCN**

MCGUIRE, WOODS, et al.
William W. Deem, Esquire
  wdeem@mcguirewoods.com
William E. Adams, Esquire
Florida Bar No. 467080
  badams@mcguirewoods.com
3300 Bank of America Tower
50 North. Laura Street
Jacksonville, Florida 32202
Main Tel: (904) 798-3200
Direct Tel: (904) 798-2615
Fax: (904) 798-3207

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esquire
  klake@fowlerwhite.com
Post Office Box 1438
Tampa, Florida 33601
Tel: (813) 228-7411
Fax: (813) 229-8313

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
  haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
Tel: (215) 299-4314
Fax: (215) 299-4301

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
GregoryRobert K. Levenson, Esquire
  rlevenson@hklaw.com
Gregory A. Baldwin, Esquire
  gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305)789-7799

{MI723186;1}

- 3 -

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT & EIDSON, P.A.
Mark Shapiro, Esquire
  mshapiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT & EIDSON, P.A.
Marcy Levine Aldrich, Esq.
  maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305)374-5600
Fax: (305)374-5095

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
  jlennard@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
Tel: 312-876-8000
Fax: 312-876-7934

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
  anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607
Tel: (813) 281-1900
Fax: (813) 281-0900

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus, Esq.
  kmaus@bbplaw.com
Lauren D. Levy, Esq.
  llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, Florida  32308-3469
Tel: 850-894-4111
Fax: 850-894-4999

{MI723186;1}

SHEA & GARDNER
John D. Aldock, Esq.
 jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
 jklein@sheagardner.com
Michael Isenman, Esq.
 misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
Tel: 202-828-2000
Fax: 202-828-2195

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
 dfriedman@csglaw.com
Brian P. Knight, Esquire
 bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
Tel: (954) 961-1400
Fax: (954) 967-8577