UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Consolidated Case No. 00-6061-CIV-Ferguson/Snow

DR. PAUL ZIDEL, on behalf of §
himself and other similarly §
situated, §
§
    Plaintiffs, §
§
v. §
§
ALLSTATE INSURANCE COMPANY, §
§
    Defendant/Third-Party Plaintiff, §
v. §
§
CCN MANAGED CARE, INC., §
§
    Third-Party Defendant. §
§



**CCN'S REPLY TO CLASS PLAINTIFFS' MEMORANDUM
IN OPPOSITION TO CCN'S MOTION TO AMEND CASE
MANAGEMENT CALENDAR AND CONTINUE TRIAL DATE**

CCN Managed Care, Inc. ("CCN"), pursuant to the Local Rules of this Court, files this memorandum in reply to the Class Plaintiffs' Memorandum In Opposition To CCN's Motion To Amend Case Management Calendar and Continue Trial Date (docket entry 514; original motion docket entry 432). Plaintiffs' memorandum warrants only the following, very brief reply.

> *(1)    Plaintiffs fail to address the base issue -- that there is not enough time for any party, plaintiff or defendant, to prepare for trial as currently scheduled*

Plaintiffs' memorandum fails to address the base problem, which is that there is simply not enough time to prepare for a June trial. Plaintiffs' Rule 26(a) disclosure, for



example, lists fifty-eight non-plaintiff witnesses all across the country (including "corporate representatives" that may actually comprise a number of individuals) whom they will call to support their claims. How are the parties going to depose all of these people prior to the April discovery cutoff, let alone the additional witnesses discovery will disclose? Moreover, how will Defendants be able to complete their equally arduous discovery in the time allotted, when applicable case law precludes even starting until motions to compel arbitration are resolved?

Similarly, Plaintiffs' initial disclosure lists 3,527 documents that they intend to use at trial, plus a large volume which are said to be in Defendants' possession. There is not nearly enough time to resolve objections, discover and then authenticate this mass of documentary evidence in the brief time remaining.

Indeed, in case 00-7692, CCN has not even filed a motion to dismiss yet because its motion for more definite statement remains pending (docket entry 28 in case 00-7692). That case will probably not even be at issue prior to the discovery cutoff, and it will certainly not be beyond the class certificate stage by then. How can the parties expect to not just commence discovery but to conclude it before knowing what claims will ultimately be tried, and whether they will be individual or class claims?

These few examples -- and there are many more -- demonstrate why the current case management schedule is simply not tenable. As set forth in CCN's motion, even if there were no factors delaying the commencement of merits discovery (e.g. motions to compel arbitration, motions to delay merits discovery pending class certification issues, etc.) Local Rule 16.1(A)(2) contemplates that cases such as this will require at least 270-365 days for discovery -- significantly more time than is available between the date this

Court lifted the discovery stay and the date of the current discovery cutoff. CCN respectfully asks that the parties be afforded at least the 365 day discovery period contemplated by the Local Rules, running from the date on which merits discovery can appropriately commence in light of issues relating to arbitration, class certification and the like.

### (2) *Plaintiffs' argument that CCN "refused" to take part in discovery is misleading in the context of the instant motion*

CCN seeks to continue the June 2002 trial date on grounds that the there is not enough time to prepare even one of these complex cases for trial in that brief period, let alone fifteen of them. In response, Plaintiffs contend that CCN has refused to take part in discovery, presumably implying that by so doing CCN has itself created the timing difficulty, and that this warrants a denial of the relief sought.

There are a number of problems with this argument. First, CCN has not "refused" to participate in discovery; CCN has simply filed various motions demonstrating that discovery is not appropriate at this stage of the litigation. See, for example, CCN's motion to stay these proceedings in their entirety pending resolution of its motion to compel arbitration (docket entry 227). In other words, that fact is not that CCN has delayed the case but rather that the case presents issues requiring more time than Plaintiffs would prefer. Though Plaintiffs steadfastly refuse to acknowledge it, CCN has rights under its contract and under applicable legal authority that limit the manner in which (and the speed with which) the claims can proceed. In the context of this motion, it is ludicrous to characterize the exercise of these rights as an inappropriate "delay" by CCN.

Plaintiffs also contend that the court previously lifted "all" stays in discovery in its order consolidating these proceedings. That is misleading. Prior to the order of consolidation, the Court had stayed discovery in a number of the now consolidated cases pending resolution of motions to dismiss filed by defendants (not CCN) in those cases. The order of consolidation lifted those stays. However, none of those orders pertained to CCN or to the claims against CCN, nor do any of CCN's current motions seek a stay based on the pendency of a motion to dismiss.[1] This Court has *never* addressed the issues raised in any of CCN's motions to stay these proceedings or to regulate the discovery process, as Plaintiffs' imply.

Plaintiffs also allege that CCN has refused to allow depositions to proceed, refused to produce documents and refused to answer interrogatories. That too is misleading. CCN has appeared at deposition and, following the procedure suggested by Plaintiff's counsel in several of his motions to compel, terminated the deposition in order to allow the Court time to reach the various motions addressing the issue of whether the deposition should go forward or not (e.g., docket entry 374 at page 3).[2] See Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir. 1979)(deponent can appear and terminate deposition until an order on motion to prevent the discovery can be obtained). With respect to document production, CCN served its responses to Plaintiffs' interrogatories

---

[1] See CCN's partially unopposed motion to stay pending resolution of arbitration and class certification issues (docket entry 227); CCN's partially unopposed motion to stay discovery (docket entry 62 in case 00-07692); and CCN's motion for reconsideration from the "dismissal as moot" of its motion to stay discovery in case 00-07692 (docket entry 189). A number of other motions have been filed by the other defendants.

[2] With respect to Plaintiffs' scheduled deposition of Mr. Gavin Meshad, counsel for Plaintiffs and counsel for CCN agreed that rather than traveling out of town simply hear CCN's counsel terminate the deposition in this fashion, they would stipulate to proceed as though this had in fact occurred. That does not preclude the plaintiff for moving to compel to require the deposition to go forward, but it does shield CCN from any claim that it simply failed to cooperate and appear at the deposition.

4

and document requests on a timely basis. The responses did comprise a variety of objections, as is CCN's right under Rules 33 and 34, and to date Plaintiffs have not filed motions to compel or even consulted with counsel concerning those objections. Indeed, Plaintiffs have requested several extensions of their time in which to pursue motions to compel. How can Plaintiffs argue that CCN has delayed paper discovery when they have volitionally delayed the period during which motions to compel are to be filed?

Simply put, it is not intransigence by CCN but rather the particular facts and circumstances of this case -- and the law applicable to them -- that preclude summary disposition and require additional time.

### *(3)    CCN has not failed to cooperate concerning an appropriate confidentiality order*

Plaintiffs also contend that CCN has delayed the process of obtaining an appropriate confidentiality order which, as the Court itself has recognized, will be necessary if discovery is to proceed on a consolidated basis.[3] That is not true. Plaintiffs filed a motion for entry of a confidentiality order which, in CCN's view, was deficient in several respects (docket entry 201). CCN filed a memorandum opposing that the motion (docket entry 287). Thereafter, CCN filed its own motion for a confidentiality order, to which Plaintiffs subsequently agreed on the record (docket entries 290 and 343). How can this be characterized as an inappropriate delay by CCN in the process of obtaining a confidentiality order? CCN did what it believes is precisely the appropriate thing, *and Plaintiffs agreed*. It is only now, in seeking to cast CCN has obstructionist, that CCN's

---

[3] This is because with the cases consolidated, companies like CCN will be required to produce their confidential and competitive business materials to both their competitors (e.g. companies such as defendant Beech Street) and their clients or potential clients (e.g., any of the insurer defendants).

5

conduct is characterized as having delayed the process. For this reason, the Court should discount plaintiffs' argument.

### (4) *Contrary to Plaintiffs' argument, these cases are highly complex and will require an inordinate amount of time and effort*

Plaintiffs contend that these consolidated cases are actually quite simple. Plaintiffs' support for this rather startling claim consists of just two points -- first, that there are a number of county court cases addressing these issues which are "routinely" litigated, and second, that damage amounts will be derived automatically from a review of the defendants' records.[4] What plaintiffs fail to disclose, however, is that the county court cases (i) typically involve dollar amounts that are minuscule in comparison to the class claims at issue here, (ii) typically involve only a construction of section 627.736 and perhaps a contractual defense, (iii) do not involve allegations of mail fraud, wire fraud, criminal enterprises or RICO conspiracies, or any of the complexities of RICO litigation, (iv) do not involve putative classes, (iv) do not involve equitable claims, and (v) do not involve determinations as to the reasonableness of or necessity for thousands of medical claims, as will be the case here (particularly if classes are certified).

The cases at bar are in fact highly complex and will involve an enormous undertaking. The trials in these cases will include a substantial evidentiary presentation from all sides. Indeed, Plaintiffs' Rule 26(a)(1) disclosures list approximately fifty witnesses and thousands of documents that will be used to support their claims, and that is *before* Plaintiffs' list is expanded by their discovery efforts and *before* considering

---

[4] Plaintiffs apparently believe that damages in these cases will equal discount amounts as a matter of law. That is wrong. Assuming liability, it still must be determined whether the discounted invoices -- perhaps *thousands* of them if classes are certified -- reflected "reasonable" fees for "necessary" services. See § 627.736(1)(a), Fla. Stat. (2000).

Defendants' presentations. No one in his right mind could contend that these cases are actually quite simple, and will require no more than a few months' effort to prepare for trial. Plaintiffs' claim in this respect is absurd.

### (5)   *Conclusion*

Plaintiffs' arguments do not warrant a denial of CCN's motion. For the reasons stated in the motion, this case should be taken off the current case management calendar, and the currently-scheduled trial of this case should be continued. Furthermore, CCN submits that given the large number of unsettled issues which will impact trial scheduling -- including the various motions to compel arbitration and potential appeals from any denial thereof, as well as the motions for class certification -- the court should not impose a new trial schedule immediately but should instead first determine how these other issues will be resolved.

> Respectfully submitted,
>
> MCGUIREWOODS LLP
>
> By: _____
> William W. Deem
> Florida Bar No. 0512834
> 50 North Laura Street, Suite 3300
> Jacksonville, Florida 32202
> (904) 798-3200
> (904) 798-3207 (fax)
> wdeem@mcguirewoods.com
>
> ATTORNEYS FOR CCN MANAGED
> CARE, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail on this ___14___ day of January, 2002, to all counsel listed on the attached service list.

_____
Attorney

113453.1

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Amended 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1