UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL, on behalf of himself and other similarly situated, | § § § § |
| Plaintiffs, | § § |
| v. | § § |
| ALLSTATE INSURANCE COMPANY, | § § |
| Defendant/Third-Party Plaintiff, | § |
| v. | § § |
| CCN MANAGED CARE, INC., | § § |
| Third-Party Defendant. | § § |

**CCN'S REPLY TO CLASS PLAINTIFFS'
MEMORANDUM IN OPPOSITION TO CCN'S
MOTION TO RECONSIDER ORDER OF CONSOLIDATION**

CCN Managed Care, Inc. ("CCN"), pursuant to the Local Rules of this Court, files this memorandum in reply to the Class Plaintiffs' Memorandum In Opposition To CCN's Motion To Reconsider Order Of Consolidation (docket entry 515; original motion docket entry 491). Plaintiffs' memorandum warrants only the following, very brief reply.

*(a)    Plaintiffs' memorandum does not address the central premise of CCN's motion -- that consolidation simply has not worked, and has in fact impaired the progress of the various cases*

CCN addressed consolidation on a conceptual basis in its two memoranda opposing plaintiffs' motion to consolidate. The instant motion, however, is premised upon the parties' actual experience post-consolidation, which has shown that while these

cases may be similar in nature, they are distinct to the point that managing them on a consolidated basis simply does not work -- it does not allow accommodation of the particular challenges each case presents. For that reason, we are now approximately a month from expert dates and less than three months from the discovery cutoff, and not a single deposition has occurred, not a single document has been produced and not a single interrogatory has been answered substantively. Instead, proceedings in <u>all</u> cases have been delayed while challenges in particular cases -- e.g. motions to compel arbitration, motions for more definite statement or motions relating to confidentiality -- are resolved.[1]

Plaintiffs' memorandum does not challenge this assertion. Indeed, given the morass that these cases have become post-consolidation, CCN would think that plaintiffs would <u>want</u> the court to reconsider its order of consolidation, so that all cases would not have to await resolution of issues in all other cases. Plaintiffs never answer the question of why, if some of the cases are required to wait as (for example) arbitration issues are resolved and possibly appealed, Plaintiffs would not want to proceed in the other cases.

(b)    *Plaintiffs' discussion of common "issues" and "themes" is misguided.*

Plaintiffs contend that the common "issues" in the consolidated cases are whether the defendants are liable for "stealing" discounts, and for doing so in violation of section 67.736 (10) of the Florida statutes. Plaintiffs contend that the common "theme" of these cases is that the insurance carrier defendants claim to have taken discounts pursuant to agreements with network companies such as CCN. Those arguments miss the mark.

---

[1] See e.g. CCN's motion to compel arbitration in case 00-6061 (docket entry 174), CCN's motion for more definite statement in case 00-7692 (docket entry 28 in case 00-7692), and CCN's motion for confidentiality order in case 00-6061 (docket entry 290). CCN may also be filing a motion to compel arbitration in case 00-7692. Other motions have been filed by many of the other consolidated defendants.

2

The fact that these cases involve some of the same *kinds* of issues does not mean that by consolidating them they can be managed more efficiently. In each case, those allegedly similar issues will turn upon the appropriate construction of the particular provider agreement signed by that plaintiff (or plaintiff class) and that defendant, and for the most part the cases do not involve the same contracts. What is perfectly acceptable in one case under one contract, which allows the network defendant (e.g. CCN) to do business with auto/medical insurers, might be actionable in another case under another contract.[2] In other words, the allegedly "common issue" in these various cases actually involves different contracts, different evidence, different witnesses, and may well be resolved in a different manner.

Similarly, each case involves the same *kinds* of alleged conspiracies, but between different actors at different times and pursuant to different (purported) RICO enterprises. If one has to prove the existence of separate conspiracies among separate conspirators engaged in separate enterprises at separate times -- even if they are similar in *nature* -- how is it more efficient to attempt to prove that all that the same time?

The plain fact is that consolidation has forced all of these different issues to be proven in a single case, but it has not reduce the amount of effort required, it has not reduce the amount of evidence involved, and it has not reduced the burden on the parties or this Court. Consolidation has in fact *increased the complexity* of our collective case management task and *decreased the efficiency* with which these cases can be managed.

---

[2] For a discussion of "directed" and "non-directed" PPOs, see First Health Group Corp. v. United Payors & United Providers, Inc., 95 F. Supp. 2d 845, 849-51 (N. D. Ill. 2000). The question of whether discounts can be taken in the absence of mandatory "steerage" -- i.e. a provider list that insureds must use, such as Plaintiffs claim was required in the cases at bar -- is answered by the particular contract in question. Id. ("In the case of both the directed and non-directed PPOs the terms of the arrangement are committed to a contract between the parties . . . "). In the present circumstance that would be fifteen contracts, many or all of which contain different terms, entered into by fifteen different sets of parties.

### (c) *Plaintiffs' argument as to a reduction in the number of depositions required overstates the alleged benefit*

Plaintiffs contend that companies such as CCN, who may have to provide testimony in more than one case, should favor consolidation because it will reduce the number of depositions of its personnel. That overstates the benefit of consolidation by a considerable degree. It is true that to a very limited extent, the same CCN personnel may have knowledge that would be pertinent to more than one case. Typically, however, CCN's information will be case-specific, even if the same kind of information might be germane in another case. Moreover, CCN's testimony will be pertinent in only three or four of the consolidated cases. Why should CCN be required to attend depositions pertinent to all fifteen consolidated actions, on the chance that some testimony may be adduced that, because of the consolidation, could be admissible against it? It would make more sense, in the very limited circumstances in which testimony may have cross-applicability, for the various counsel involved to reach an accommodation. However, even if that is not possible, the burden of providing evidence in two or three cases is clearly less than the burden associated with being forced to participate in discovery across all fifteen cases.³

### (d) *Plaintiffs' claim with respect to written discovery makes no sense*

Plaintiffs contend that consolidation will save CCN the burden of having to produce documents in a number of different cases. That makes no sense. Once documents have been produced in one case, the same documents can be produced in any

---

³ The burden of having to participate in consolidated discovery includes not just the exponential increase in effort and cost, but also the fact that the parties will have to either share confidential business information with their clients and competitors or, to avoid that problem, give up the ability to discuss discovered material with their counsel (i.e. an attorney-eyes only confidentiality order) and thereby reduce their ability to participate in their own defense. See CCN's motion for confidentiality order (docket no. 290)

4

number of cases with virtually no effort. Moreover, the plaintiffs' counsel are the same in all of these cases. If they have discovered documents in one case, why would they ask for them again? This argument is a red herring and should be afforded no weight.

> (e)   *Plaintiffs' claim that CCN inappropriately waited to file its motion to reconsider consolidation is simply wrong and, moreover, misses the point of the motion at bar, which addresses actual experience during the so-called period of "delay"*

Plaintiffs claim that CCN waited approximately six months to file its motion to reconsider the order of consolidation. It is difficult to see how that is germane to the instant motion. In any event, this claim overlooks two important points.

First, Plaintiffs compute the six-month period from the date of the court's status conference in May 2001, at which the court indicated it was inclined to order consolidation. However, as noted many times by CCN and the other defendants, it was by no means clear following that status conference that the cases had in fact been consolidated. It was not until the court's written orders of September 28, 2001, that the parties knew with any certainty that these cases had in fact been consolidated and set for trial in summer 2002.

Second, plaintiffs overlook the gravamen of CCN's motion, which is that actual experience in these cases post-consolidation shows that the base premise of the consolidation order -- that consolidation would increase efficiency and streamline the process of taking these cases to trial -- has proven unfounded. In other words, CCN's motion *acknowledges and relies upon* the interim period which Plaintiffs characterize as a delay. Far from being a reason to denying reconsideration, this so-called delay actually warrants the relief sought.

*(f)* ***Conclusion***

For the reasons stated, CCN respectfully submits that benefit sought from consolidation -- increased efficiency -- simply has not occurred. Without this benefit to offset the burdens and complications that consolidation continues to cause, consolidation makes little sense. For this reason, CCN respectfully requests that the Court reconsider its prior order and allow these cases to proceed individually, on their own merit, according to schedules that can accommodate the particular circumstances and requirements of each.

Respectfully submitted,

MCGUIRE WOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
wdeem@mcquirewoods.com

Counsel for CCN Managed Care, Inc.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been furnished by U.S. Mail on this _10_ day of January, 2002, to all counsel listed on the attached service list.

_____
Attorney

\\COM\113252.1

6

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Amended 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1