UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | |
|---|---|
| DR. PAUL ZIDEL, on behalf of himself and other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant/Third-Party Plaintiff, <br> v. <br><br> COMMUNITY CARE NETWORK, INC., doing business as CCN, <br><br> Third-Party Defendant. | § § § § § § § § § § § § § § § § § § § |



**CCN'S MOTION FOR PROTECTIVE ORDER**

CCN Managed Care, Inc. ("CCN"), a third-party defendant in the *Zidel v. Allstate v. CCN* litigation (case no. 00-6061), and a defendant in the *Larusso v. Liberty Mutual Insurance Company and CCN* litigation (case no. 00-7692), pursuant to Rule 26(c), moves for the entry of a protective order to prevent the depositions of its current or former personnel from going forward, including several depositions set by Plaintiffs for January 17, 2001, until such time as the Court can rule on various pending motions which, if granted, would preclude such discovery at this stage of the proceedings. CCN further requests that if and when its Rule 30(b)(6) deposition is allowed to proceed, the scope of the Rule 30(b)(6) designation be narrowed to issues relevant to these consolidated proceedings. In support of this motion, CCN states:

1.      Plaintiffs have noticed a number of depositions, including the depositions of CCN (under Rule 30(b)(6)) and Mr. Mark Heinemeyer, a former CCN executive, which are set for January 17, 2001, in San Diego.

2.      CCN has filed several motions demonstrating that discovery, and particularly merits discovery, is not appropriate at this time. These motions, some of which were filed well-prior to service of Plaintiffs' deposition notices, are fully-briefed and remain pending before the Court. An order granting any of these motions would prevent the currently-scheduled depositions from going forward. Conversely, the taking of these depositions prior to a ruling on the motions would limit the Court's ability to grant effective relief as sought by the motions.

3.      Accordingly, in an abundance of caution (since motions addressing these issues are already on file) CCN requests the entry of a protective order to prevent depositions from going forward until such time as the Court is able to address the following motions:

(a)     CCN's motion to compel arbitration in case 00-6061 (docket entry 174) and its partially unopposed motion to stay pending resolution of that motion (docket entry 227);[1]

(b)     CCN's motion for more definite statement in case 00-7692 (docket entry 28 in case 00-7692), its motion to stay discovery in that case (docket entry 62 in case 00-7692) and its motion to reconsider the "dismissal as moot" of the latter motion (docket entry 189);[2]

---

[1] To the extent these motions are denied, CCN should have a right to appeal pending which, under applicable authority, further proceedings should be stayed.

[2] CCN moved to stay discovery pending resolution of its "prospective" motion to dismiss and resolution of class certification issues. To date, however, case 00-7692 has not even reached the motion to dismiss stage with respect to CCN because CCN's motion for more definite statement has not yet been ruled upon. In other words, it is still not clear from the pleadings just what contract is at issue in that case.

    (c)    Plaintiffs' motions for class certification and CCN's motions to stay merits discovery pending resolution of those motions (docket entry 227; docket entry 62 in case 00-7692).[3]

    (d)    Motions for the entry of a confidentiality order by both the Plaintiffs (docket entry 201) and CCN (docket entry 290).[4]

4.    CCN respectfully requests the entry of this protective order on an emergency basis. However, counsel for CCN and Plaintiffs have agreed that no one will actually appear at the depositions, and the parties will proceed by stipulation as though CCN appeared and then terminated the depositions to allow the Court sufficient time to rule. This procedure, based on the opinion in <u>Hepperle v. Johnston</u>, 590 F. 2d 609, 613 (5th Cir. 1979), was suggested by Plaintiffs in prior motions to compel other defendants to appear for deposition. Accordingly, it may not be accurate to characterize this as an "emergency motion" since it is not contemplated that the depositions will proceed absent a court order.

5.    In addition, if and when the depositions can appropriately go forward, Plaintiffs' notice of deposition purports to require production of representatives to testify concerning not just the insurer relationships at issue in these consolidated cases, but CCN's relationships with "<u>any</u> PPO," or payment of any personal injury benefits at PPO rates, or the processing of any benefit claims, or discussions with any healthcare providers or any insurance companies or any PPOs, or any agreements with any healthcare provider.[5] As such, the notice is clearly overbroad,

---

[3] CCN's motion to stay merits discovery pending resolution of the motions for class certification also address a stay pending arbitration in case 00-6061 and resolution of pleadings challenges in case 00-7692, as set forth in subparagraphs (a) and (b) above.

[4] This Court, in its civil minutes discussing consolidation, has already noted that a confidentiality order would be required to address the parties' confidentiality concerns.

[5] Plaintiffs' notice of taking corporation depositions is attached as Exhibit A.

3

and seeks discovery as to matters neither relevant to any of the consolidated cases nor reasonably calculated to lead to the discovery of evidence admissible therein.

6.   CCN submits that when and if its deposition goes forward, its testimony should be limited to its relationships with the plaintiffs (including class members if a class has been certified) and the insurer co-defendants in these cases. Out of the fifteen consolidated cases, CCN believes that it has relationships with Allstate that are pertinent to case 00-6061 and possibly Metropolitan in case 01-6783. It is conceivable that a CCN relationship may also be at issue in case 00-7692, though as explained in CCN's motion for more definite statement that is by no means clear.[6]

## Memorandum of Law

This motion seeks the court's protection on two unrelated bases. First, this motion simply seeks to delay Plaintiffs' depositions of CCN and its current and former executives until such time as the Court can rule on the various motions set forth above. CCN adopts the legal argument presented in its partially unopposed motion to stay pending resolution of arbitration and class certification issues (docket entry 227), its motion to stay discovery (docket entry 62 in case 00-7692), and its motion for confidentiality order (docket entry 290). If the circumstances of this case preclude the taking of merits in the depositions at this point, as set forth in these motions, Plaintiffs should not be allowed to circumvent that proscription by setting the depositions before the court has a chance to rule on the motions. This is especially so with respect to the motion for confidentiality order. Confidentiality, once lost by disclosure, cannot be regained even if the motion is ultimately granted.

---

[6] It may be that the relationship at issue in that case actually involves another corporation called MedView Services, Inc., which CCN acquired some time ago. It is not clear whether Plaintiffs expect CCN to testify concerning the affairs of that other corporation which pre-date the acquisition.

Second, Plaintiffs are only entitled to discovery that is "relevant" to the claims presented and at least "reasonably calculated" to lead to discovery of admissible evidence. See Rule 26(b)(1), Fed. R. Civ. P. Plaintiffs' notice of deposition, however, purports to require CCN to produce representatives to testify concerning matters relating to any relationship that it had with any of its insurance company clients, and the processing of claims for those clients, whether those clients are at issue in these consolidated cases are not.[7] For example, CCN is alleged to have had a relationship with codefendant Allstate which involved actionable conduct, it could therefore be appropriate to require CCN to provide discovery concerning its relationship with Allstate. The notice of deposition, however, would also require CCN to produce representatives to testify concerning all of CCN's other clients -- including those not placed in issue in any of these consolidated proceedings. As such, the notice clearly exceeds the appropriate scope of discovery.

For these reasons, CCN respectfully requests an order preventing depositions from going forward until resolution of the various motions which, if granted, would limits or preclude the taking of depositions at this time. CCN also requests that, if and when its Rule 30(b)(6) deposition can appropriately go forward, it be required to produce representatives to testify only as to its relationship with insurers at issue in these consolidated proceedings, rather than all of its relationships with all of its clients.

---

[7] In part, this discovery would presumably entail information concerning the insurer clients' insureds -- i.e. private information concerning claims for medical benefits by individuals unconnected to these disputes.

## Certificate of Consultation

The undersigned certifies that Plaintiff's counsel was consulted, unsuccessfully, in an attempt to resolve the issues herein.

Respectfully submitted,

MCGUIRE WOODS LLP


By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
wdeem@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail on this _14_ day of January, 2002, to all counsel listed on the attached service list.

_____
Attorney

\\COM\112370.1

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Amended 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/



## NOTICE OF TAKING CORPORATE DEPOSITIONS

TO:   ALL COUNSEL ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that the undersigned attorneys will take the depositions of the corporate representatives designated under Federal Rule of Civil Procedure 30(b)(6) with the most knowledge of:

1. The Defendant's solicitation by, discussions with, and agreements with any PPO;

2. The Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;

3. The Defendant's automobile insurance policies;

4. The processing of personal injury protection benefits claims at reduced or preferred provider rates;

5. Any negotiations or discussions with health care providers, insurance companies, or preferred provider organizations relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

6. Any agreements the Defendant entered into with health care providers relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

7091-00100 335626.1

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

    The information sought is limited to payments made under Florida Automobile Insurance policies.

| NAME: | DATE AND TIME: | PLACE |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | 11/27/01 9:00 a.m. | Gold & Coulson<br>11 S. LaSalle Street<br>Suite 2500<br>Chicago, IL 60603 |
| ALLSTATE INDEMNITY COMPANY | 11/28/01 9:00 a.m. | Gold & Coulson<br>11 S. LaSalle Street<br>Suite 2500<br>Chicago, IL 60603 |
| COMMUNITY CARE NETWORK, INC. | 1/17/02 10:00 a.m. | Veritext California<br>402 West Broadway<br>4th Floor<br>San Diego, CA 92101 |
| PROGRESSIVE EXPRESS INSURANCE COMPANY | 12/12/01 10:00 a.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |
| PROGRESSIVE CONSUMERS INSURANCE COMPANY | 12/12/01 2:00 p.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |
| PROGRESSIVE BAYSIDE INSURANCE COMPANY | 12/13/01 10:00 a.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |

(POSTED)


ATLAS PEARLMAN



CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | | |
|---|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY | 12/13/01 2:00 p.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |
| BEECH STREET CORPORATION | 1/22/02 9:00 a.m. | Veritext California<br>3090 Bristol Street<br>Suite 190<br>Costa Mesa, CA |
| ADP INTEGRATED MEDICAL SOLUTIONS, INC. | 1/16/02 9:00 a.m. | Lee & Amtzis, P.A.<br>260 Christopher Lane<br>Staten Island, New York 10314 |
| LIBERTY MUTUAL INSURANCE COMPANY | 11/16/01 10:00 a.m. | Phillips & Garcia<br>13 Ventura Drive<br>North Darthmouth, MA 02747 |
| DEERBROOK INSURANCE COMPANY | 11/28/01 1:00 p.m. | Gold & Coulson<br>11 S. LaSalle Street<br>Suite 2500<br>Chicago, IL 60603 |
| PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY | 1/9/02 10:00 a.m. | Lee & Amtzis, P.A.<br>260 Christopher Lane<br>Staten Island, New York 10314 |
| FIDELITY AND CASUALTY COMPANY OF NEW YORK | 1/10/02 10:00 a.m. | Lee & Amtzis, P.A.<br>260 Christopher Lane<br>Staten Island, New York 10314 |
| THE CONTINENTAL INSURANCE COMPANY | 1/11/02 10:00 a.m. | Lee & Amtzis, P.A.<br>260 Christopher Lane<br>Staten Island, New York 10314 |
| INTEGON NATIONAL COMPANY | 12/4/01 11:00 a.m. | Spherion Court Reporting<br>200 West 2nd Street<br>Winston Salem, NC 27101 |

ATLAS PEARLMAN P.A.
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | | |
|---|---|---|
| INTEGON GENERAL INSURANCE COMPANY | 12/4/01 11:00 a.m. | Spherion Court Reporting<br>200 West 2nd Street<br>Winston Salem, NC 27101 |
| SUPERIOR INSURANCE COMPANY | 12/20/01 10:00 a.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |
| METROPOLITAN CASUALTY INSURANCE COMPANY | 12/10/01 10:00 a.m. | Reporting Associates<br>10 Dorrance Street<br>Suite 220<br>Providence, RI 02903 |
| NATIONWIDE MUTUAL INSURANCE COMPANY | 12/19/01 10:00 a.m. | Armstrong & Okey, Inc.<br>326 South High Street<br>Annex<br>Columbus, OH 43215 |
| FLORIDA FARM BUREAU INSURANCE COMPANY | 11/19/01 9:00 a.m. | Van Landingham,<br>Durscher, et al.<br>201 S.E. 2nd Avenue<br>Gainesville, FL 32601 |
| HARTFORD INSURANCE INSURANCE COMPANY OF THE MIDWEST | 12/5/01 10:00 a.m. | Cunningham Group Reporting<br>111 Gillett Street<br>Hartford, CT 06105 |
| AMERICAN INTERNATIONAL INSURANCE COMPANY | 1/5/02 9:00 a.m. | Lee & Amtzis, P.A.<br>260 Christopher Lane<br>Staten Island, New York 10314 |
| AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY | 1/5/02 2:00 p.m. | Lee & Amtzis, P.A.<br>260 Christopher Lane<br>Staten Island, New York 10314 |

upon oral examination before a court reporter, notary public, or any other officer authorized by law to take depositions.

7091-00100 335626.1

4


ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
   ERIC LEE
   Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 23rd day of October, 2001 upon: all individuals on the attached service list.

_____
ERIC LEE

7091-00100 335626.1

6

