IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

 Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

 Defendants.
_____/

SALVATORE LARUSSO D.C.            01-8110
d/b/a FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly situated,

 Plaintiff,

v.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

 Defendant.
_____/

### FLORIDA FARM BUREAU'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND RENEWED REQUEST FOR A STAY OF DISCOVERY AND A PROTECTIVE ORDER

#### Introduction

The Plaintiff's "cookie-cutter" motion to compel Florida Farm Bureau's attendance at a deposition (one of eight filed in these consolidated cases against various Defendants that read almost word-for-word the same regardless of the facts of each case) is filled with inaccuracies



and misstates the relevant law. As set forth in two separate motions and an emergency request for rulings on those motions pending before the Court, proceeding with depositions and other discovery prior to the Court ruling on our Motion to Compel Arbitration and our Motion to Dismiss is inappropriate. Notwithstanding the two discovery motions, we have responded to written discovery and cooperated in the scheduling of depositions – ***including offering a month ago to reschedule the deposition of Florida Farm Bureau's corporate representative that is the subject of this motion***. The Plaintiff instead refused to reschedule and filed this motion – in effect asking the Court to compel us to attend a deposition we already had agreed to attend. The Plaintiff's motion to compel is meritless, and should be summarily denied.

## Factual Background

This is a purported class action lawsuit in which the sole named Plaintiff, Dr. Salvatore Larusso ("Larusso"), attempts to plead violations of the federal Racketeering Influenced Corrupt Organizations (RICO) statute as well as a variety of state law causes of action against Florida Farm Bureau. The gist of the Complaint is Larusso's dissatisfaction with the amounts Florida Farm Bureau reimbursed him for providing medical treatment to the Company's policy holders who had been in car accidents.

On April 16, 2001, we filed a Motion to Dismiss the Complaint, in which we demonstrated that the RICO claim was fatally flawed, showed that as a result the Court should not exercise supplemental jurisdiction over the state law claims, and explained how the state law counts are themselves legally deficient. That motion is fully briefed and ripe for adjudication.[1]

---

[1] Larusso did not bother to respond to our motion until November 21, 2001, *six months* after a response was due. For months, he maintained the fiction that the Court orally denied our motion to dismiss at a May 14, 2001 status conference. As the Court is well aware, it did *not* deny our motion at the May 14 status conference, but rather reserved ruling on both that motion and on our motion to compel arbitration. This oral ruling was reduced to writing in the Court's Omnibus Order of September 28, 2001, in which the Court specifically listed which motions in the consolidated cases it was denying. Ours were not

On May 11, 2001, we filed our Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration. In that motion, we showed how Larusso is compelled to arbitrate his claims in this case because his claims are based on acceptance of benefits under contracts (automobile insurance policies) that contained mandatory arbitration provisions. On November 13, 2001, the Magistrate issued a Report and Recommendation recommending denial of our motion on one ground, but stating that if she were wrong about her conclusion, the motion could be granted on other grounds. Both Larusso and Florida Farm Bureau have timely filed objections to the report as well as responses to each other's objections. As a result, that motion is now fully briefed and ripe for adjudication. Hence, there are now two dispositive motions pending before the Court – one to dismiss the complaint, and one to compel arbitration.

On October 3, 2001, Larusso served on Florida Farm Bureau and other Defendants Requests for Admission, Requests for Production of Documents, and Interrogatories. On October 16, 2001, we filed our Motion to Stay Discovery Pending Ruling on Motion to Compel Arbitration, where we demonstrated that a discovery stay is appropriate when there are dispositive motions pending. That motion is fully briefed and pending before the Court. Notwithstanding that motion, we timely filed and served written responses and objections to all of Larusso's written discovery.

On October 11 and again on October 17, 2001, Larusso sent us emails requesting dates for a deposition of Florida Farm Bureau's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). On October 18, just one day after receiving the second email and notwithstanding the fact that we had already filed a motion to stay discovery, we sent an email

---

among them, but were instead referred to the Magistrate for a Report and Recommendation. Almost two months after the Court's September 28 order, Larusso finally responded to our motion on November 21.

back to Larusso stating that we were checking with Florida Farm Bureau's corporate representative for available dates.

This response apparently was not good enough for Larusso. Not content to wait a reasonable amount of time for us to provide dates, *the next day* he unilaterally set the date for Florida Farm Bureau's deposition for November 19, 2001 -- a date it turned out Florida Farm Bureau's corporate representative was not available.

Larusso eventually agreed to re-schedule the deposition until December 14, 2001. In the interim, we filed a Motion for a Protective Order to prevent the deposition for the same reasons we cited in the motion to stay discovery. Larusso never responded to that motion. When neither the Motion to Stay Discovery nor the Motion for a Protective Order had been ruled on by December 10, we filed an Emergency Request for rulings on both motions. Larusso filed no response with the Court, and to date, the Court has not ruled on either the two motions or the emergency request.

After filing the emergency request, we contacted Larusso and attempted to reschedule the December 14 deposition for a date certain in January or February, to give the Court additional time to rule on the two dispositive motions and the two discovery motions. As we explained in our motion to stay discovery and our motion for a protective order, and as we discuss briefly below, a favorable ruling on either the motion to compel arbitration or the motion to dismiss would obviate the need for the deposition.

Larusso, however, refused to reschedule, forcing us to take the position (as allowed by law and discussed below) that we would appear for the deposition on December 14 but immediately adjourn it to continue to seek a protective order from the Court. At that point,

Larusso realized it made no sense to force everyone to travel to Gainesville, Florida to appear for a five-minute proceeding, and postponed the deposition. The instant motion to compel followed.

### Argument

As we have discussed in our motions to stay discovery and for a protective order to prevent the deposition from going forward, district courts have an **obligation** to stay discovery pending ruling on dispositive motion that may obviate the need for discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997):

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.

*Id.* at 1368.

Here, there are two dispositive motions that the Court has not yet ruled on – our motion to dismiss the complaint and our motion to compel arbitration. Granting either motion would obviate the need for expensive, time-consuming and ultimately unnecessary discovery. *Chudasama* instructs us that the Court should rule on those motions before permitting discovery to proceed. Larusso's response to our motion to stay and the current motion to compel do not even mention *Chudasama* – for good reason. The case holds squarely against his argument that the deposition, or indeed *any* discovery, should go forward. This is especially true where both our motion to compel arbitration *and* our motion to dismiss are pending.

Instead of discussing this relevant law, Larusso's motion contains a series of generic statements about *all* Defendants and their alleged efforts to disrupt discovery that are either inapplicable to Florida Farm Bureau or just plain wrong. For example, Larusso falsely claims that his attempts at discovery "have been met with nothing but utter contempt by the Defendants,

including [Florida] Farm Bureau." Motion at 2. Larusso's definition of "utter contempt" apparently is the fact that Florida Farm Bureau and other Defendants, as is their absolute right, have filed good-faith motions aimed at clarifying the issues in the case and defining the order and scope of discovery. While Larusso may not like the fact that the Defendants want to proceed with discovery in an orderly and clearly defined manner, rather than on his unilaterally set schedule, that doesn't mean that Florida Farm Bureau has proceeded in "utter contempt" of this Court or anyone else.

As we explained above, Florida Farm Bureau has attempted to work with Larusso at all stages of discovery despite the fact that we have two dispositive motions pending that may obviate the need for *any* discovery, and two other motions that may temporarily stay discovery. We timely responded to Larusso's requests for admissions, interrogatories and requests for production notwithstanding our motion to stay discovery. And in contrast to Larusso's claim in the motion to compel, we have repeatedly responded to his requests to schedule the deposition of Florida Farm Bureau's corporate representative.

Larusso falsely claims in the motion to compel that "[Florida] Farm Bureau initially refused to cooperate" in scheduling the deposition. Motion at 2-3. In reality, when Larusso first requested dates of availability, we wrote back stating that (1) we did not think the deposition should go forward given our motions to compel arbitration and stay discovery, (2) we would at least provide some available dates while we argued over the issue, but (3) asking if Larusso would agree not to schedule the deposition until the Court had ruled on the motions to stay discovery and compel arbitration. This is hardly a refusal to cooperate.

After our response, Larusso waited exactly *one day* before unilaterally scheduling the deposition for a date of his own choosing – a date, as it turns out, that our representative was not

6

available. When we provided alternate dates, Larusso told us they were unacceptable. We went back and got *more* dates that were acceptable. In fact, as this scenario shows, it is Larusso, not Florida Farm Bureau, who has "refused to cooperate."

Larusso further claims that we have *indefinitely* postponed the deposition of Florida Farm Bureau's corporate representative. Again, exactly the opposite is true. When we notified Larusso that we did not think proceeding with the December 14 deposition was appropriate, we proposed *ten* alternate dates in January and February so that we could have a date scheduled in the event the Court ruled unfavorably on our motions. Instead of accepting our proposal, Larusso indicated he would rather take up this Court's scare time and resources by filing a motion to compel us to attend the very deposition we were offering to reschedule. Larusso then waited almost a month to file this motion, thus postponing resolution of the issues raised in it and rescheduling the deposition even longer. Clearly it is Larusso, not Florida Farm Bureau, that is *indefinitely* postponing this deposition.

Larusso also represents in his motion that we are violating a court order lifting a stay of discovery. This also is not true. The stay of discovery to which Larusso refers was imposed in another case (that ultimately was consolidated with this one after the Court lifted the stay). No stay of discovery has ever been imposed in *this* case because the Court, until recently, was not asked to impose one. We had literally just filed our motion to compel arbitration when the Court held the May 14 status hearing and lifted the discovery stay in the related case, and had not yet had the opportunity to ask the Court to stay discovery pending ruling on that motion. Thus, we are not violating any order, as Larusso claims.

This is more than just a technical distinction. The Court originally imposed the discovery stay in the other case pending its ruling on a motion to dismiss filed in that case – correctly so,

7

under *Chudasama*. At the May 14 status conference, the Court announced it would be denying the motion to dismiss in that case. Logically, it followed that the Court would then lift the discovery stay in that case. It follows just as logically that the Court should follow its own precedent and the holding of *Chudasama* and, just as it did in the other case, stay discovery in this case pending its ruling on our two dispositive motions.

Finally, Larusso has ignored relevant case law in his motion to compel indicating that when a party has done everything it can to secure a protective order from the Court prior to a deposition, it is appropriate for the party to appear at the deposition and adjourn it to seek a further protective order from the court. *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1977) (party "might also appear and seek to adjourn the deposition until an order can be obtained"); *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964) (same).

We did everything we could prior to the scheduled December 14 deposition to obtain a protective order from the Court. We filed a motion to stay discovery and asked for an expedited ruling. We filed a motion for a protective order and asked for an expedited ruling. We filed an emergency request for rulings on the motions as the date of the deposition approached. Given those circumstances, it was entirely appropriate for Florida Farm Bureau to appear for the deposition, then immediately adjourn it to attempt to obtain rulings on our pending motions.

### Conclusion

We ask that the Court deny Larusso's motion to compel, until it has ruled on our pending motions to dismiss and to compel arbitration, as *Chudasama* instructs. We ask for rulings on those two dispositive motions as quickly as possible. If the Court rules favorably on either motion, there will be no need for the deposition. If the Court denies both of those motions, our corporate representative will appear at the earliest possible time for his deposition.

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (fax)
Attorneys for the Defendant


By: *Robert K. Levenson*
Gregory Baldwin
Florida Bar No. 527394
Robert K. Levenson
Florida Bar No. 0089771

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing response was served by U.S. Mail on all counsel on the attached service list, this 18th day of January, 2002.

*Robert K. Levenson*
HOLLAND & KNIGHT LLP

MIA1 #1104362 v1

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/17/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Lawrence M. Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
(305)539-2495
Thomas C. Tew, Esq.
tt@tewlaw.com
(305) 539-2106
Joseph A. DeMaria, Esq.
jad@tewlaw.com
(305) 539-2440
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:
Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934-Facsimile

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934-Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

BUTLER BURNETTE PAPPAS
Lauren D. Levy, Esq.
llevy@bbplaw.com
Alfred I. DuPont Building
169 East Flagler Street, Suite 1300
Miami, Florida 33131
(305) 416-9998
(305-416-6848-Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

MIA1 #1090605 v1