IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW**

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CNN,

    Third Party Defendant.

---

THE CHIROPRACTIC CENTRE, INC.,
On behalf of itself and all others
similarly situated,

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendant.

01-6782

---

**SUPERIOR'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL SUPERIOR INSURANCE COMPANY TO ATTEND DEPOSITIONS**

Superior Insurance Company ("Superior"), by and through its undersigned counsel, hereby files this memorandum of law in opposition to Plaintiff's Motion to Compel Superior Insurance Company To Attend Depositions.



I.  **OVERVIEW**

Among other motions currently pending before this court are Superior's Motion for Protective Order, Motion to Dismiss, Superior's Request for Status Conference and Motion for New Case Management and Scheduling Order, and Motion to Stay Discovery.  The motion for a protective order explains the substantive basis why Plaintiffs' Motion to Compel should be denied at this time.  Essentially, the corporate deposition that Plaintiff sought on the merits of the class action is improper while Superior's motion to dismiss is pending, and before a class is certified.  Superior incorporates by reference its Motion for Protective Order (Doc. #393) and Memorandum of Law in Support (Doc. #495) herein.

Moreover, the topics for which Plaintiff was seeking a corporate deposition involved information that is protected as a trade secret.  Pursuing discovery regarding privileged topics prior to resolution of the motion to dismiss would be oppressive to Superior.  Therefore, if Superior was not going to be protected by a protective order, Superior would be forced to terminate the deposition pursuant to Rule 30(d)(4) as soon as the questioning began.  Because such an outcome was clear and would involve a waste of each parties resources, Superior's counsel communicated Superior's intentions to counsel for Plaintiff prior to the time of the deposition.  The parties agreed to not proceed with the deposition at the scheduled time.  It is Superior's position that the depositions should not be rescheduled or proceed unless and until this court determines that there is jurisdiction.  This first requires ruling on Superior's Motion to Dismiss.  Even if Superior's motion to dismiss is denied, Superior would be entitled to invoke its right to arbitration in lieu of litigation.  Either way, this Court lacks jurisdiction over the instant dispute.

II.   **RULE 30(D)(4) ALLOWS SUSPENSION OF A DEPOSITION TO ALLOW A RULING ON SUPERIOR'S MOTION FOR PROTECTIVE ORDER**

The federal rules allow a party to terminate a deposition to seek a protective order to avoid depositions conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. See F.R.C.P. 30(d)(4). Rule 30(d)(4) is a protective measure that is intended to protect parties and deponents from the unlimited right of discovery under Rule 26. *Broadbent v. Moore-McCormack Lines, Inc.*, 5 F.R.D. 220 (E.D. Pa. 1946). In order for the rule to provide any protection, it logically follows that a deposition must be suspended for the <u>duration</u> of the time it takes to rule on the motion for protective order. If not, there is no protection where objections go beyond questions of relevance and admissibility. See *Ross v. Cities Service Gas Company*, 21 F.R.D. 34 (W.D. Mo. 1957)(holding that a plaintiff had not waived a right to introduce evidence obtained after the defendant expressed an intent to object to the deposition on the basis of a statutory privilege but did not exercise the right to terminate the deposition and have the claim of privilege certified to the court). In the present case, where allowing the deposition would permit disclosure of trade secrets, the damage Superior seeks to protect against will have been done if a deposition continues prior to ruling on the motion. This is not a case where a few irrelevant questions may be asked in the context of a proper deposition. Superior is being asked to provide testimony regarding its competitive behaviors in this lawsuit before the legal sufficiency of the action is tested and the jurisdiction of the court has not yet been established. There is no equity in allowing such oppression to go forward.

While Plaintiff misses no chance to declare that this Court lifted a stay of discovery before the scheduled deposition, Plaintiff continually ignores the fact that Superior was not

given any opportunity to address those issues. The lifting of the stay of discovery (in the cases now consolidated with this one) which Plaintiff says occurred at a status conference on May 14, 2001, was <u>before</u> Superior was served with the Complaint on June 6, 2001. Indeed, Plaintiff in this action initially agreed to an indefinite extension to time to respond to the Complaint. Superior has not improperly avoided discovery as scandalously alleged by Plaintiff. In contrast, Superior has simply asserted its rights to follow normal procedure which requires that discovery does not typically precede resolution of a motion to dismiss.

### III. PLAINTIFF'S INTERPRETATION OF THE LOCAL RULES IMPROPERLY CONFLICTS WITH FEDERAL RULES OF CIVIL PROCEDURE

While the local rules indicate that a motion for a protective order alone does not eliminate the obligation to attend a deposition, the rule does not prohibit adjournment as allowed by Rule 30(d)(4). Further, to the extent that it did, the rule would be invalid as creating an improper conflict with the Federal Rules of Civil Procedure. *Brown v. Crawford County, GA.*, 960 F.2d 1002 (11th Cir. 1992)(District courts must not circumvent Federal Rules of Civil Procedure by implementing local rules or "procedures" that do not grant parties the rights accorded under the Federal Rules). As discussed above, the protections granted in Rule 30(d)(4) logically require that a deposition be suspended during the entire pendency of a motion for protective order where the mere disclosure of information leads to the harm the rule is designed to protect against. Further, where privilege is at issue counsel may properly instruct a witness to not answer questions. *Resolution Trust Corp. v. Dabney*, 73 F.3d 262 (10th Cir. 1995). Here, the agreement between the parties is effectively the same as physically appearing and adjourning the deposition. The entire deposition is improper at this time and not simply that certain questions were improper. There is no way for the deposition to go forward without harming Superior. Therefore,

Superior should not be compelled to appear for depositions prior to the resolution of the jurisdictional motion to dismiss (and anticipated motion to compel arbitration if the motion to dismiss is denied).

WHEREFORE, Superior Insurance Company respectfully requests that this court deny Plaintiff's Motion to Compel Superior Insurance Company to Attend Depositions.

BUTLER BURNETTE PAPPAS LLP

_____
ALAN J. NISBERG, ESQ.
Florida Bar No.: 0961639
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607-5946
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant
Superior Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to all parties on the Master Service List on January 17, 2002.

_____
Alan J. Nisberg, Esq.

5

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 11/13/01)

### Co-Lead Counsel for Plaintiffs

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

### Counsel for:
### Allstate, Fidelity and Casualty,
### Continental, Deerbrook

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### Counsel for Beech Street and ADP

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305) 539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

### Counsel for Progressive

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

### Counsel for CCN

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile