UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly
situated,
     Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,
     Defendant/Third-Party Plaintiff,

vs.

COMMUNITY CARE NETWORK, INC.
     Third-Party Defendant.

_____/

THE CHIROPRACTIC CENTRE, INC.,
on behalf of itself and all others similarly
situated,

     Plaintiff,                01-6782

vs.

SUPERIOR  INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF ITS AMENDED MOTION
## FOR CLASS CERTIFICATION (D.E. #416)

     Plaintiff THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly

situated ("TCCI"), by its undersigned counsel, hereby submits its Reply Memorandum of Law in

Support of its Amended Motion for Class Certification.  For all the reasons set forth herein, TCCI

7090-00100 343905.1



ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

respectfully submits that its Amended Motion for Class Certification should be granted in all respects.

## I.    TCCI HAS ESTABLISHED THAT CLASS CERTIFICATION IS APPROPRIATE.

A district court has broad discretion in determining whether to certify a class. <u>Heaven v. Trust Co. Bank</u>, 118 F.3d 735, 737 (11th Cir. 1997). The standard for certifying a case as a class action is necessarily liberal in light of Rule 23(c)(1)'s requirement that a class certification decision be made "as soon as practicable" after the commencement of the action and Local Rule 23.1 which requires a plaintiff to move for certification within 90 days following the filing of the initial complaint.

Despite the Defendants' collective "stone walling" of the Class Plaintiffs' discovery efforts, Defendant SUPERIOR INSURANCE COMPANY ("SUPERIOR") claims that TCCI has presented no evidence to support certification other than the allegations contained in the Complaint. In this District, when making a determination to certify a class, a "Court <u>must take the factual allegations of the Complaint as true</u> and examine only whether those factual allegations meet the requirements of Rule 23." <u>Fabricant v. Sears Roebuck & Co.</u>, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (emphasis added). Although a court may look beyond the allegations of a complaint to assess whether a motion for class certification should be granted, it is well settled that a court does not conduct a preliminary inquiry into the merits of a suit when deciding whether it may be maintained as a class action. <u>Hammet v. Am. Bankers Ins. Co.</u>, 203 F.R.D. 690 (S.D. Fla. 2001) (citing <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156 (1974)).

In this district, "the district court may consider both the allegations of the complaint and the supplemental evidentiary submissions of the parties. Doubts regarding the propriety of class



CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

certification should be resolved in favor of certification." Singer v. AT&T Corp., 185 F.R.D. 681, 685 (S.D. Fla. 1998) (citations omitted). SUPERIOR does not claim that the allegations set forth in the Complaint do not establish a basis for class certification. Instead, SUPERIOR claims that TCCI is required to produce evidence in addition to the allegations made in the Complaint to establish class certification. SUPERIOR cites a Seventh Circuit case for the proposition that the allegations of the Complaint are not to be taken as true. However, this is directly contrary to the law followed in this District. See Fabricant, 202 F.R.D. 310; Singer, 185 F.R.D. 681.

Interestingly, despite alleging that sufficient evidence has not been provided, SUPERIOR does not refute any of the allegations contained in the Complaint which support class certification and has not presented any evidence to establish that class certification is inappropriate. However, as clearly set forth in the Complaint and in the Amended Motion for Class Certification, TCCI has met its burden of establishing that this matter should be maintained as a class action. In fact, the issue regarding the illegal reduction of PIP claims based on the use of a PPO reduction has already been determined to warrant class action status. In David W. Ice v. Progressive Bayside Ins. Co., Case No. 98-12491-COCE-53, Broward County Court, the court granted plaintiff's motion for class certification in an action for declaratory relief relating to Section 627.736(10), Florida Statutes.[1] This decision determined that class certification was appropriate in an action relating to illegal PPO reductions in violation of Section 627.736(10), Florida Statutes. Additionally, in John Del Gardo and Michelle Del Gardo v. Allstate Ins. Co. and Allstate Indem. Co., Case No. 95-13760-04, Broward County Circuit Court, the court similarly granted class certification in an action relating to

---

[1] A true and correct copy of the Ice decision is attached hereto as Exhibit "1."

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

the illegal reduction of PIP claims based on PPO reductions.[2] The issues decided in these cases, establishes that the claims asserted against SUPERIOR are likewise most effectively dealt with as a class action.

Appellate courts have also routinely affirmed class certification in actions relating to violations of Section 627.736, Florida Statutes. In <u>Allstate Indem. Co. v. De La Rosa</u>, 800 So. 2d 245 (Fla. 3d DCA 2001), the court affirmed an order granting class certification in an action brought on behalf of healthcare providers due to an insurance company's violations of Section 627.736, Florida Statutes. In <u>Colonial Penn Ins. Co. v. Magnetic Imaging Systems I, Ltd.</u>, 694 So. 2d 852 (Fla. 3d DCA 1997), the court also found that a class action can be maintained for the systemic violation of Section 627.736, Florida Statutes. Based upon the foregoing, the allegations in the Complaint, and the arguments asserted in the Amended Motion for Class Certification, which have not been refuted or contested by SUPERIOR, TCCI has met its burden of establishing that this matter should be maintained as a class action.

## II. SUPERIOR'S MOTION TO DISMISS SHOULD BE DENIED AND PROVIDES NO BASIS TO DELAY CLASS CERTIFICATION.

As further set forth in TCCI's Memorandum of Law in Opposition to SUPERIOR's Motion to Dismiss, this Court has already determined that the claims asserted by TCCI state valid causes of action against the insurance company Defendants. These issues were fully briefed and this Court heard oral argument on the Motions to Dismiss brought by the other insurance companies. On September 28, 2001, this Court entered its Omnibus Order which denied the insurance company

---

[2]A true and correct copy of the <u>Del Gardo</u> decision is attached hereto as Exhibit "2."

ATLAS PEARLMAN

CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

Defendants' Motions to Dismiss. The claims asserted by TCCI against SUPERIOR are identical to

the claims asserted in the other actions. Accordingly, SUPERIOR's Motion to Dismiss should be

denied and it provides no basis to delay class certification.

## III.    TCCI HAS ESTABLISHED THAT JOINDER IS IMPRACTICABLE.

SUPERIOR also claims that TCCI has not demonstrated that the proposed class is so

numerous so as to make joinder impracticable. In support of its assertion, SUPERIOR attempts to

undermine TCCI's reliance on the number of preferred providers in the Sun Health network that

SUPERIOR accesses when paying PIP claims and the number of auto insurance policies that

SUPERIOR underwrites in the state of Florida. SUPERIOR cannot escape the fundamental fact that

a court may "make common sense assumptions in order to find support for numerosity." Evans v.

United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). It is not necessary that a precise

number of class members be known; plaintiffs may make reasonable and supported estimates as to

the size of the proposed class. Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D. Fla.

2000). Where the question on numerosity is a close one, a balance should be struck in favor of a

finding of numerosity because the court always has the option to decertify pursuant to Rule 23(c)(1).

Israel v. Avis Rent-A-Car Systems, Inc., 185 F.R.D. 372, 378 (S.D. Fla. 1999). "The plaintiff need

not allege the exact number and identify all of the class members, but must only establish that joinder

is impracticable through some evidence or reasonable estimate of the purported class members."

Singer, 185 F.R.D. at 686-687 (citing Kilgo v. Bowman Trans., Inc., 789 F.2d 859, 870 (11th Cir.

1986); Anderson v. Bank of South, N.A., 118 F.R.D. 136, 145 (N.D. Fla. 1987); Zeidman v. J. Ray

McDermott & Co., 651 F.2d 1030, 1038 (5th Cir. 1981)).



CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

It is undisputed that TCCI does not know the exact size of the proposed healthcare provider class at this time.[3]  As alleged in the Complaint, TCCI estimates that the purported class is in the thousands based on the size of Sun Health's preferred provider membership in relation to the number of auto insurance policies that SUPERIOR underwrites. (Complaint ¶ 73). These two numbers are directly intertwined because the basis of this case is that every Sun Health preferred provider who gives medical treatment to a person in Florida injured in an auto accident and who is insured with SUPERIOR has had its PIP medical claims wrongfully reduced by SUPERIOR on the basis of a PPO discount. The number of Sun Health preferred providers across the state of Florida, plus the number of people insured by SUPERIOR throughout the entire state, logically dictate that the proposed class of healthcare providers is sufficiently large enough to make joinder impracticable.

It is also important to note that although SUPERIOR claims that TCCI has not established that joinder is impracticable, SUPERIOR fails to provide any evidence to refute TCCI's claim that SUPERIOR has discounted thousands of Florida medical expense claims throughout the state. If the facts support SUPERIOR's argument, it clearly would have provided evidence to establish that the class size would not satisfy the numerosity requirements. SUPERIOR has not refuted this contention because it can't. TCCI has clearly established that joinder is impracticable and that the numerosity requirement has been met.

---

[3]TCCI's inability to provide the exact number of class members is the result of SUPERIOR's refusal to provide discovery relating to this issue and its refusal to attend its duly scheduled deposition.

ATLAS PEARLMAN

CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

## IV.    TCCC HAS CLEARLY DEFINED THE CLASS.

SUPERIOR also assails TCCI's proposed class definition on the basis that the Court will

have to sift through thousands of bills and/or EOBs to determine whether they refer to PIP coverage,

whether reductions were taken, and whether the reductions were based on the Sun Health contract.

SUPERIOR's argument in this regard is simply a red herring. The Court will not need to sift through

thousands of EOBs. TCCI alleges that SUPERIOR accessed Sun Health's *computer database* of

preferred healthcare providers. Immediately, the potential class is easily identifiable by reviewing

that database.

The class can then be further pared down by determining which Sun Health preferred

providers were paid PIP benefits by SUPERIOR at the Sun Health PPO discounted rate. Since

SUPERIOR accomplished these reductions through a computer processing program, identification

of the class becomes a mere matter of computer programming. Given today's modern technology,

such a task is far from insurmountable.

A class is sufficiently identifiable if it is "administratively feasible for the court to determine

whether a particular individual is a class member." See Access Now, Inc. v. AHM CGH, Inc., 2000

WL 1809979 (S.D. Fla. 2000) (finding proposed class definition sufficiently identifiable since it was

administratively feasible to determine whether an individual was member of class consisting of all

individuals with disabilities as defined by ADA). In the present case, identification of the proposed

class can be readily accomplished from SUPERIOR's own computer records.


ATLAS PEARLMAN

CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

## V.    TCCI'S RICO COUNT IS APPROPRIATE FOR CLASS CERTIFICATION.

SUPERIOR claims that TCCI's RICO count is not appropriate for class certification because fraud requires a showing of individual reliance.  The fact that questions peculiar to each individual member of the class may remain after the common questions have been resolved, even when the issue involves fraud, though, does not dictate the conclusion that a class action is not permissible. Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1379 (11th Cir. 1984) (quoting with approval Dolgow v. Anderson, 43 F.R.D. 472 (E.D.N.Y. 1968)).

While it is true that class certification has been rejected in fraud cases where the alleged misrepresentations were oral, due to the predominance of individual reliance issues,[4] certification is proper when the misrepresentations have been in writing. See e.g. Shroder, 729 F.2d at 1378-79 (holding that there were predominant issues of law and fact where plaintiffs showed that each of the 492 class members received similar Truth-in-Lending disclosures).  As the advisory committee notes to Rule 23 state: "In this view, a fraud perpetrated on numerous persons by the use of similar representations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class."  "Many courts have held that where a common scheme of deceptive conduct is alleged, common questions of law and/or fact will exist." Singer, 185 F.R.D. at 688 (citations omitted).  In Singer, class certification was granted in an action alleging RICO claims.  As the Court stated: "Class

---

[4] See e.g., Kaser v. Swann, 141 F.R.D. 337, 339 (M.D. Fla. 1991) (explaining that courts generally deny certification of oral communications because of the highly individualized nature of the statements between class members and defendants); Peoples v. American Fidelity Life Ins. Co., 176 F.R.D. 637, 643-645 (N.D. Fla. 1998) (denying certification where fraudulent scheme consisted of information contained within allegedly identical oral presentations because of individual fact-intensive analyses to determine what each class member was actually told).

ATLAS PEARLMAN

CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

certification is allowed in instances where class-wide reliance may be presumed based on a uniform written misrepresentation. Id. at 691 (citing Smith v. MCI Telecommunications Corp., 124 F.R.D. 665 (D. Kan. 1989)). The fraudulent scheme alleged in Singer was the implementation of a nationwide uniform written price representation contained in a plan and in monthly bills. Based on the uniform written procedure, the Court found: "that it is not necessary to examine each class member's subjective belief" and "that the facts of this case lend themself to a presumption of reliance on the part of the class." Id.

TCCI's RICO claim centers around SUPERIOR's computerized PIP processing system that automatically reduces PIP claims on the basis of the Sun Health PPO discount and generates a form EOB containing numerous fraudulent claims. These form EOBs, containing the fraudulent claims that SUPERIOR was entitled to take the Sun Health PPO discount, were sent by SUPERIOR to all members of the purported class. These uniform written misrepresentations provide a sufficient basis to establish a presumption of reliance. Id. There are no individual issues of reliance on oral misrepresentations that would hinder class certification. The RICO claim is based on the misrepresentations made in the EOBs sent on a uniform basis to healthcare providers. Thus, reliance can be presumed and there is no need to examine each class member's subjective belief. Id.

## CONCLUSION

For all the reasons set forth herein, Plaintiff THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated, respectfully requests that this Court enter an Order granting its Amended Motion for Class Certification, together with such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
    JAN DOUGLAS ATLAS
    Florida Bar No. 226246

By: _____
    ERIC LEE
    Florida Bar No. 961299

By: _____
    ROBIN CORWIN CAMPBELL
    Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile



CONSOLIDATED CASE NO: 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899  Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this __18th__ day of January, 2002 upon: all individuals on the attached service list.

ERIC LEE



RECEIVED

IN THE COUNTY COURT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 98-12491 COCE 53

DAVID W. ICE,

    Plaintiff,

vs.

PROGRESSIVE BAYSIDE
INSURANCE COMPANY,

    Defendant.

_____

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION

THIS CAUSE having come on to be heard on the Plaintiff's Motion for Class

Certification, and the Court having reviewed the Motion and Memoranda filed by

the parties, all items of record, and having heard argument of counsel on December

13, 2000, and being otherwise advised in the premises, finds and concludes as

follows:

1. Plaintiff, DAVID W. ICE ("ICE"), in his Amended Class Action

Complaint and in his Motion for Class Certification, sought certification of two

classes. The first (referred to as the "Class") included all persons and entities who

purchased non-preferred provider automobile insurance policies from

PROGRESSIVE in the State of Florida since February 25, 1992. The second

1


EXHIBIT "1"

(referred to as the "Claimant Class") consisted of persons and entities who made claims for Personal Injury Protection benefits under non-preferred provider policies but whose benefits were paid at preferred provider rates by PROGRESSIVE in the State of Florida from February 25, 1992, through the present.

2. ICE, during the class period, had purchased a policy of automobile insurance from PROGRESSIVE which did not have a preferred provider endorsement. He incurred medical expenses as a result of an automobile accident. He submitted a claim for personal injury protection benefits to PROGRESSIVE. Despite there being no preferred provider endorsement to ICE'S policy, PROGRESSIVE, consistent with its company practice which had been in place since 1992, paid certain of ICE'S health care providers at 80% of reduced preferred provider rates as opposed to 80% of reasonable and necessary rates as mandated by Section 627.736(1), Florida Statutes, and by ICE'S policy.

3. On December 5, 2000, this Court granted Partial Summary Judgment in ICE'S favor as to Count I of his Complaint. Said count was for declaratory relief. This Court specifically determined that PROGRESSIVE'S practice of paying preferred provider rates on the claims of insureds that had not purchased preferred provider policies was a violation of Section 627.736(10), Florida Statutes. This Court specifically ruled that Section 627.736(10) provides the exclusive means by

2

which an insurance company can pay preferred provider rates on Florida personal injury protection claims. This Court further ruled that if an insurance company does not comply with all of the requirements of Section 627.736(10), Florida Statutes, then full personal injury protection benefits at 80% of reasonable and necessary medical expenses must be paid.

4. In light of this Court's ruling on ICE'S Motion for Partial Summary Judgment, ICE, at the class certification hearing, informed the Court that it was no longer necessary to certify both the Class and the Claimant Class. Inasmuch as the Court had ruled that if a personal injury protection claim was submitted by a PROGRESSIVE insured whose policy did not have a preferred provider endorsement, PROGRESSIVE was required to pay 80% of reasonable and necessary medical expenses, it would only be necessary to certify one Class which was defined as follows:

> All persons since February 25, 1992, who have had claims paid at preferred provider rates under personal injury protection (PIP) coverage sold by Progressive to policyholders that did not elect to purchase a PIP policy with a preferred provider endorsement.

Pursuant to the provisions of Rule 1.220, the Court makes the following findings:

NUMEROSITY. The Court finds that Plaintiff has satisfied the numerosity requirement. Rule 1.220(a)(1) requires that the class be so numerous that joinder of all class members would be impracticable. The exact number of class members does

not have to be known. Estate of Bobinger v. Deltona Corp., 563 So. 2d 739, 743 (Fla. 2d DCA 1990). Further, the fact that a Plaintiff has a lack of knowledge as to the exact number of affected persons is not a bar to the maintenance of a class action. Manor Properties, Inc. v. Siksay, 489 So. 2d 842 (Fla. 4th DCA 1986). So long as a proposed class of Plaintiffs is readily identifiable through "reasonable effort" that can be ascertained through discovery, the required showing as been satisfied. Frankel v. City of Miami Beach, 340 So. 2d 463, 470 (Fla. 1976). Record evidence in this case establishes that in 1995, 4,515 claims for no-fault benefits were submitted to PROGRESSIVE. In 1996, the number was 4,209. Of those claims, 941 (1995) and 565 (1996) were made on policies with preferred provider endorsements and 3,574 (1995) and 3,664 (1996) were made on policies without the preferred provider endorsements. PROGRESSIVE acknowledges that it paid preferred provider amounts on bills submitted by physicians it considered preferred providers even though its insureds had purchased policies which did not contain preferred provider endorsements. Accordingly, it appears to the Court that there are over 7,000 potential class members from the years 1995 and 1996 alone. Inasmuch as the class period runs from February 25, 1992 to the present, it is obvious that the class will be much larger. While the exact number and identity of all potential class members is not yet known, joinder of all would clearly be impracticable. The

4

proposed class will be readily identifiable through reasonable effort and can be ascertained through discovery.

COMMONALITY.  Rule 1.220(a)(2) requires that there be questions of law or fact common to all members of the putative class.  The threshold of Commonality is not high.  Aimed in part at determining whether there is a need for combined treatment and a benefit to be derived therefrom, the rule requires only that resolution of common questions affect all or a substantial number of class members. Broin v. Philip Morris Companies, Inc., 641 So. 2d 888, 890 (Fla. 3d DCA 1994).  In this case, Progressive's business practice in Florida of paying personal injury protection benefits at reduced preferred provider rates rather than at reasonable and necessary rates on policies of its insureds that did not contain preferred provider endorsements affects all class members in the same manner.  Record evidence establishes that PROGRESSIVE has been paying personal injury protection benefits to certain health care providers at reduced preferred provider rates despite the fact that insureds did not have policies with preferred provider endorsements since 1992. All members of the putative Class have a common interest in ensuring that their personal injury protection claims are paid at the statutory non-preferred provider rate.  Accordingly, this Court concludes that ICE has satisfied the commonality requirement.

TYPICALITY.  Rule 1.220(a)(3) requires that the interest of the class representative not differ significantly from those of the class as a whole.  Plaintiff's claim is said to be typical if it arises from the same event or practice or a course of conduct that gives rise to the claims of the other class members and are based on the same legal theory.  Powell v. River Ranch Property Owners Association, Inc., 522 So. 2d 69  (Fla. 2d DCA 1988).  Variations in damages suffered do not affect the appropriateness of Class action treatment.  Cohen v. Camino Sheridan, Inc., 466 So. 2d 1212, 1214 (Fla. 4th DCA 1985). This Court determines that ICE'S claim meets this standard.  ICE, as well as putative Class members have been victims of the same course of conduct that this Court has deemed unlawful in its Order Granting Motion for Partial Summary Judgment.  Accordingly, this Court determines that the typicality requirement has been met.

ADEQUACY OF REPRESENTATION.    Adequacy of representation is required by Rule 1.220(a)(4) which provides a two-prong test.  The test is satisfied if the named representative has an interest in common with proposed class members and the representative and his qualified counsel will properly prosecute the class action.  Broin, supra, 641 So. 2d 892.  This Court determines that both prongs of the adequacy test have been met in this case.  Plaintiff's interests are not antagonistic to or in conflict with the interest of any other class members.  He clearly possesses the

6

incentive to prosecute this claim on behalf of himself and all others similarly situated. According to PROGRESSIVE, no one else has brought a similar claim. ICE has a vested interest in bringing this matter to an ultimate successful conclusion. This Court also believes that Plaintiff's counsel have the experience and skill necessary to adequately prosecute this action.

This Court further concludes that PROGRESSIVE has acted on grounds generally applicable to all members of the class thereby making final declaratory relief concerning the class as a whole appropriate in accordance with the provisions of Rule 1.220(b)(2). Accordingly, this Court certifies the following class of individuals pursuant to the provisions of Rule 1.220(b)(2):

> All persons since February 25, 1992, who have had claims paid at preferred provider rates under personal injury protection (PIP) coverage sold by Progressive to policyholders that did not elect to purchase a PIP policy with a preferred provider endorsement.

Inasmuch as the exact number and identity of class members has not yet been ascertained and must be learned through discovery, which has yet to take place, all issues with regard to notification of class members shall be deferred until after the appropriate discovery has been completed.

Finally, long before the Motion for Class Certification was filed, Plaintiff had moved to transfer this matter to Circuit Court. PROGRESSIVE objected to the transfer claiming that it would be inappropriate to transfer the case unless and until

the putative class was certified. In light of the ruling herein certifying the class, this Court grants Plaintiff's previously filed Motion to Transfer and this matter shall be transferred to the Circuit Court. The undersigned does not wish to keep this case as an acting Circuit Judge.

DONE AND ORDERED in Chambers at Broward County, Florida, this ___7___ day of _March_, 2001.


_____
WILLIAM W. HERRING
COUNTY COURT JUDGE
A TRUE COPY

Copies furnished:

Ronald F. Shapiro, Esq.
Francis Anania, Esq.
Larry Kopelman, Esq.
Doug Blankman, Esq.
Donald Blackwell, Esq.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 95-13760-04

JOHN DEL GARDO and MICHELLE
DEL GARDO, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

        Defendant.
_____/

**ORDER GRANTING
PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION**

THIS CAUSE having come before this Court on Plaintiffs JOHN DEL GARDO's and

MICHELLE DEL GARDO's Motion for Class Certification, and the Court having reviewed the

Motion, having reviewed Defendant ALLSTATE INSURANCE COMPANY's ("ALLSTATE")

opposition, having reviewed the entire court record in this matter, and having heard argument

of counsel, this Court finds, in accordance with the pronouncements at the hearing as follows:

    1.    Plaintiffs have demonstrated that the facts alleged satisfy the requirements of

Florida Rule of Civil Procedure 1.220.

    2.    The members of the class and subclass are so numerous that separate joinder of

each member is impracticable.

    3.    The claims of the class representatives raise questions of law or fact common to

the questions of law or fact raised by the claims of each class member and of each subclass

member.

 

**EXHIBIT "2"**

4.     The common question of law and fact in this matter is whether or not ALLSTATE

has paid claims for personal injury protection (PIP) benefits at reduced rates, either directly or

indirectly pursuant to an agreement or contract, in violation of its contract of insurance with its

insureds or in violation of Section 627.736(10), Florida Statutes.

5.     The claims asserted by the Plaintiffs are typical of the claims of each member of

the class and subclass.

6.     The Plaintiffs have standing to bring this claim and can fairly and adequately

protect and represent the interests of each member of the class because the Plaintiffs have

interests in common with the proposed class members and it has been shown that the

representatives and their qualified attorneys will properly prosecute the class action.

7.     Common questions of law and fact predominate over any question of law or fact

affecting only individual members of the class.

8.     Class representation is superior to other available methods for the fair and

efficient adjudication of the controversy.

Based upon these findings of fact, it is thereupon,

ORDERED AND ADJUDGED that Plaintiffs' Motion for Class Certification be and the

same is hereby GRANTED.  This matter shall be maintained as a class action on behalf of all

ALLSTATE automobile insurance policyholders who paid premiums for personal injury

protection benefits on policies in existence from October 1, 1991 through October 15, 1995.

This matter shall also be maintained as a class action on behalf of a subclass of individuals who

actually incurred medical expenses due to bodily injury, sickness, or disease or death caused by

2

CASE NO. 95-13760-04

an accident arising from the use of a motor vehicle as a motor vehicle, who made a claim under the PIP section of an ALLSTATE policy and whose expenses were paid by ALLSTATE at reduced rates, either directly or indirectly pursuant to an agreement or contract which were paid by ALLSTATE under the personal injury protection benefits section of ALLSTATE's automobile policies for all policies in effect from October 1, 1991 through October 15, 1995. This Court reserves jurisdiction to determine the adequacy and method of notice to be provided to class and subclass members.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida this ___ day of May, 1998.

PATRICIA W. COCALIS  MAY  8 1998
A TRUE COPY
Patricia W. Cocalis
Circuit Court Judge

Copies furnished to:

Eric Lee, Esq.
David Shelton, Esq.

3

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

