UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of §
himself and other similarly §
situated, §
 §
    Plaintiffs, §
 §
v. §
 §
ALLSTATE INSURANCE COMPANY, §
 §
    Defendant/Third-Party Plaintiff, §
v. §
 §
COMMUNITY CARE NETWORK, INC., §
doing business as CCN, §
 §
    Third-Party Defendant. §
 §



**CCN'S Response in Opposition to Plaintiffs' Motion
To Compel Non-Party Gavin Meshad to Attend Deposition**

CCN Managed Care, Inc. ("CCN"), a third-party defendant in the *Zidel v. Allstate v. CCN* litigation (case no. 00-6061), and a defendant in the *Larusso v. Liberty Mutual Insurance Company and CCN* litigation (case no. 00-7692), files this memorandum in opposition to Plaintiffs' Motion To Compel Non-Party Gavin Meshad to Attend Deposition (docket entry 518).

Plaintiff's motion misrepresents the facts, albeit probably through inadvertence. Plaintiff's motion implies that the putative deponent, Mr. Gavin Meshad, was responsible for the immediate adjournment of his deposition as described at the top of page two of Plaintiffs' motion. In fact, it was CCN that <u>temporarily</u> adjourned the deposition, in order to allow the

Court time to reach various pending motions addressing whether and how discovery should proceed at this time.[1] Mr. Meshad is a former CCN executive. He is represented by the same counsel as CCN (i.e. the undersigned), but he has no stake in this litigation and is willing to appear pursuant to the Court's subpoena.

CCN's bases for temporarily adjourning the deposition are found in the following motions, all of which are fully briefed and ready for determination by the Court:

    (a)    CCN's motion to compel arbitration in case 00-6061 (docket entry 174) and its partially unopposed motion to stay pending resolution of that motion (docket entry 227);[2]

    (b)    CCN's motion for more definite statement in case 00-7692 (docket entry 28 in case 00-7692), its motion to stay discovery in that case (docket entry 62 in case 00-7692) and its motion to reconsider the "dismissal as moot" of the latter motion (docket entry 189);[3]

    (c)    Plaintiffs' motions for class certification and CCN's motions to stay merits discovery pending resolution of those motions (docket entry 227; docket entry 62 in case 00-7692).[4]

---

[1] See, e.g., correspondence from the undersigned dated December 10, 2001, attached as Exhibit A, addressing a delay to allow a ruling on the motion for confidentiality order.

[2] To the extent these motions are denied, CCN should have a right to appeal pending which, under applicable authority, further proceedings should be stayed.

[3] CCN moved to stay discovery pending resolution of its "prospective" motion to dismiss and resolution of class certification issues. To date, however, case 00-7692 has not even reached the motion to dismiss stage with respect to CCN because CCN's motion for more definite statement has not yet been ruled upon. In other words, it is still not clear from the pleadings just what contract is at issue in that case.

[4] CCN's motion to stay merits discovery pending resolution of the motions for class certification also address a stay pending arbitration in case 00-6061 and resolution of pleadings challenges in case 00-7692, as set forth in subparagraphs (a) and (b) above.

>   (d)   Motions for the entry of a confidentiality order by both the Plaintiffs (docket entry 201) and CCN (docket entry 290).[5]

There are also a number of other motions filed by other defendants that are similar in nature and impact. A ruling on any of these motions could either preclude the Meshad deposition from going forward or, at minimum, could govern the disclosure and use of the confidential information he would provide. It makes no sense to suggest, as Plaintiffs do, that they can negate CCN's ability to even seek this kind of relief simply by scheduling depositions before the Court can reach the pending motions.

CCN submits that Plaintiff's motion to compel Mr. Meshad's deposition should be denied, and that <u>no</u> depositions in <u>any</u> of the consolidated cases should go forward, until the Court is able to rule upon the pending motions. Plaintiffs' motions to compel other deponents to appear specifically suggest as much in their citation of the *Hepperle* opinion:

> Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard. <u>He might also appear and seek to adjourn the deposition until an order can be obtained</u>. . . . .

*Hepperle v. Johnston*, 590 F. 2d 609, 613 (5th Cir. 1979)(emphasis added).

In addition, CCN adopts the legal argument set forth in its own motion for protective order (a docket entry not yet assigned). CCN also adopts the legal arguments advanced by defendants Allstate (docket entry 436) and Liberty Mutual (docket entry 401) in response to Plaintiffs' motions to compel their depositions, to the extent consistent herewith.[6] Finally, CCN

---

[5] This Court, in its civil minutes discussing consolidation, has already noted that a confidentiality order would be required to address the parties' confidentiality concerns.

[6] The motions to compel these other depositions include requests for certain sanctions that are not sought in connection with the instant motion.

3

adopts the legal argument presented in its underlying motions -- the partially unopposed motion to stay pending resolution of arbitration and class certification issues (docket entry 227), the motion to stay discovery (docket entry 62 in case 00-7692), and the motion for confidentiality order (docket entry 290). If the circumstances of this case preclude the taking of merits in the depositions at this point, as set forth in these motions, Plaintiffs should not be allowed to circumvent that proscription by setting the depositions before the court has a chance to rule on the motions. This is especially so with respect to the motion for confidentiality order. Confidentiality, once lost by disclosure, cannot be regained even if the motion is ultimately granted.

Accordingly, CCN respectfully submits that Plaintiffs' motion to compel should be denied.

MCGUIRE WOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
wdeem@mcquirewoods.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail on this __17__ day of January, 2002, to all counsel listed on the attached service list.

_____
Attorney

\\COM\114803.1

McGuireWoods LLP
Bank of America Tower
50 North Laura Street
Suite 3300
Jacksonville, FL 32202-3661
Phone: 904.798.3200
Fax: 904.798.3207
www.mcguirewoods.com

William W. Deem
Direct: 904.798.2615

# McGuireWoods

wdeem@mcguirewoods.com

December 10, 2001

**Via Facsimile**

Eric Lee, Esq.
Atlas Pearlman, P.A.
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301

   Re: *Dr. Paul Zidel v. Allstate Insurance Company v. Community Care Network, Inc., d/b/a CCN*; Case No. 00-Civ-6061-Ferguson/Snow

     *Salvatore D. Larusso, D.C. v. Liberty Mutual Insurance Company and Community Care Network, Inc.*
     Case No. 00-Civ-7692 Ferguson/Snow

Dear Eric:

  You have scheduled Gavin Meshad's deposition for December 17, 2001, in Sarasota. Mr. Meshad is planning to appear. As you know, however, his testimony will divulge information about CCN that is confidential, proprietary and/or competitive in nature -- information that no business would want its clients or its competitors to learn. That is why CCN filed its motion for confidentiality order (though CCN continues to believe that the better remedy would be to reconsider the consolidation order).

  CCN's request for a confidentiality order has been pending for some time. Nevertheless, and despite your agreement to our proposed order, no order has been entered. That presents a problem with respect to Mr. Meshad's deposition. CCN does not feel the deposition should go forward in the absence of a confidentiality order. Indeed, the Court's civil minutes from the hearing on consolidation specifically note that if the cases were consolidated, a protective order would be needed to deal with confidentiality concerns.

  In your motions to compel directed to other defendants, you argue that the pendency of a motion for protective order does not excuse attendance at deposition, and that the deponent must actually appear even if he then terminates the deposition to allow the Court time to rule on the motion. CCN is prepared to do that in connection with the Meshad deposition. I submit, however, that requiring everyone to travel to Sarasota simply to hear me terminate the deposition would be unnecessary and wasteful. Therefore, I propose that if we have not received a ruling

**EXHIBIT A**

Eric Lee, Esq.
December 10, 2001
Page 2


by the close of business on Wednesday the 12th, we agree to dispense with the formality of traveling to Sarasota, and conduct ourselves as though I had terminated the deposition to allow the Court to rule on CCN's motion.

    Please let me know what you think.

Very truly yours,



William W. Deem

WWD/sjd

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Amended 10/26/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Jr., Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Jeffrey M. Klein, Esq.
jklein@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American**
**International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Holly wood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

\\COM\79006.1