IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

DR. PAUL ZIDEL, and all others similarly situated, )
)
)
Plaintiffs, )
)
v. )
)
ALLSTATE INSURANCE COMPANY, )
)
)
Defendant. )
)
_____ )

ULTRA OPEN MRI CORPORATION, and )
all others similarly situated, )
)
)
)
Plaintiffs, )
)
v. ) CASE NO. 01-6777-CIV-FERGUSON
)
DEERBROOK INSURANCE COMPANY, )
)
)
)
)
)
)
)
Defendant. )
_____ )

**DEFENDANT, DEERBROOK INSURANCE COMPANY'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION**

Defendant, Deerbrook Insurance Company ("Movant"), replies in support of its motion to

extend the time for its response to plaintiff's amended motion for class certification as follows:



In its Opposition Brief, Plaintiff Ultra Open MRI Corporation cavalierly states that there is no basis for the Movant's motion to extend time,[1] concluding that "the resolution of motions filed in the other [consolidated] cases will have no effect whatsoever on the discovery necessary for [movant] to respond to the Amended Motion for Class Certification." Opp. Brief at p.2. Plaintiff reaches this conclusion, however, only by ignoring the fact that there are fifteen cases consolidated expressly for purposes of discovery and that the various defendants, including the movant, have been attempting to have the Court reconsider or, in the alternative, clarify the meaning of that consolidation since the entry of the Omnibus Order on September 28, 2001.

Indeed, in light of the confusion and complication caused by the Court ordered consolidation, Movant filed and is awaiting a ruling on its Motion for Clarification of Case Management and Scheduling Issues. In that Motion, Movant addressed the class certification issue specifically, stating:

> In addition, the schedule set in the Amended Pretrial Order does not provide adequate time for the parties to conduct discovery necessary to prepare to respond to the pending motions for class certification. In that regard, twenty-two separate defendants will need to take discovery from the seven putative class representatives, each of whom has a different contract and different billing and accounting issues, all of which must be addressed in order for the defendants to address the issues raised in connection with the requested class certification. In addition, some of the parties (CCN, Beech Street, ADP) are involved in several of these cases, either as defendants or as third-party defendants, and will thus be subject to separate discovery as to many, if not all, of the seven putative class representatives."

---

[1] Plaintiff complains that Movant has not identified the particular discovery needed to respond to the Amended Motion for Class Certification, and that Movant has not indicated that it has been precluded from obtaining the information during the past year. These statements are obvious red herrings. Plaintiff's counsel has been practicing long enough to realize that class discovery will relate to numerosity, typicality, commonality of questions of law or fact, predominance, and Plaintiff's ability to represent the purported class. Moreover, not only has this action only been on file for approximately eight months, contrasted with the year alleged by Plaintiff, but, more importantly, discovery was stayed from the date of filing on May 8, 2001 through September 28, 2001.

Motion for Clarification, p. 8.[2]

The pending Motion for Clarification, in and of itself, supports Movant's request for an extension of time with regard to the Amended Motion for Class Certification,[3] and renders Plaintiff's request that the class certification motion be granted by default moot.

In addition, and contrary to Plaintiff's assertions, the motions pending in the other consolidated cases certainly do impact Movant's ability to move forward with class discovery. Each of the fifteen consolidated actions involves attempts to assert a wide variety of complex and factually intensive claims, including, among others, breach of contract, third-party beneficiary breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, RICO (based on wire fraud, mail fraud and extortion theories as predicate offenses), violations of Fla. Stat. §627.736(10), and declaratory judgment. Each case, however, involves different plaintiffs, different defendants, different third-parties, and different factual allegations.

At the time of the consolidation each of the fifteen cases was in a unique procedural posture, with the cases widely varying in relative stages of pleading and motion practice, and each likely posing a unique and differing path to resolution. Several of the cases had not even been filed at the time the motions for consolidation were submitted to the Court and, as such, the defendants in those cases were not parties to the consolidation motions, nor have they had an opportunity to test the legal sufficiency of the claims pleaded against them through motions to dismiss.

---

[2] Thus, Plaintiff's statement that [t]here are no pending motions to dismiss or motions to compel arbitration in this proceeding" and the implication that Movant has sat idly while time passed is disingenuous.

[3] Contrary to Plaintiff's assertion, such extension does not run afoul of Fed.R.Civ. P. 23 or this Court's Local Rule 23.1(3), neither of which address Movant's obligation to respond to the Amended Motion for Class Certification.

Plaintiffs sought consolidation of these matters ostensibly so all fifteen lawsuits could be treated in the same fashion and kept in the same timeframe, thereby eliminating, among other things, unnecessarily duplicative discovery and inconsistent results. However, several of the contracts at issue contain arbitration clauses, upon which some defendants already have brought, and others will bring, motions to compel arbitration. Such motions have and will also contain requests to stay the cases pending the outcome of the arbitration issues. Pursuant to Section 3 of the Federal Arbitration Act, this Court, upon finding the existence of arbitrable issues, will have to issue the requested stays, which will apply to all aspects of the affected cases including discovery. See Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998); Miller v. AAACon Auto Transport, Inc., 545 F.2d 1019, 1020 (5th Cir. 1977)(once satisfied that the issue is referable to arbitration under the agreement, the district court is required to stay the trial until such arbitration has occurred). The magistrate has issued recommendations on a couple of the motions to compel arbitration, ruling in at least one instance that the arbitration clause was enforceable. Other motions to compel arbitration have not been ruled on and no recommendations on the numerous motions to dismiss or for reconsideration or for clarification of scheduling have been issued. Movant submits that all motions regarding arbitration as well as the motions to reconsider consolidation and for clarification of scheduling should be finally resolved before class certification discovery and briefing begins.

Finally, avoidance of potentially unnecessary costs and burdens is a proper basis for deferring certain, burdensome pretrial activities in class action litigation. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes

between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.") In the present case, further clarification of the Amended Pretrial Order, case management efforts and setting of orderly schedules for discovery proceedings and briefing on pending motions for class certification is absolutely warranted, appropriate and in the best interests of the Court and the many parties. Accordingly, for these reasons and those set forth in Movant's Motion for Extension of Time, such motion should be granted and the time for responding to Plaintiff's Amended Motion for Class Certification should be extended until (1) pending motions affect case management are resolved and (2) the Movant is thereafter afforded a reasonable amount of time to conduct class discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 18th day of January, 2002.

|  |  |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Movant | Attorneys for Movant |

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esquire
Eric Lee, Esquire
Robin Corwin Campbell, Esquire
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
William E. Adams, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021