UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

SALVATORE D. LARUSSO, D.C.
d/b/a FAMILY CHIROPRACTIC                 01-8111
CENTER, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

ULTRA OPEN MRI CORPORATION,                     01-6778

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

7090-00100 345201.1



ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | |
|---|---|
| THE CHIROPRACTIC CENTER, INC., on behalf of itself and all others similarly situated, | 01-6783 |
| Plaintiff, | |
| vs. | |
| METROPOLITAN CASUALTY INSURANCE COMPANY, | |
| Defendant. _____/ | |
| ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated, | 01-6780 |
| Plaintiff, | |
| vs. | |
| INTEGON NATIONAL INSURANCE COMPANY and INTEGON GENERAL INSURANCE CORPORATION, | |
| Defendants. _____/ | |
| SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated, | |
| Plaintiff, | 01-8111 |
| vs. | |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST, | |
| Defendant. _____/ | |

### SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION

7090-00100 345201.1

2

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Plaintiffs SALVATORE D. LARUSSO, D.C., ULTRA OPEN MRI CORPORATION, and THE CHIROPRACTIC CENTER, INC., on behalf of themselves and all others similarly situated ("Class Plaintiffs"), hereby submit their Supplemental Memorandum of Law in Opposition to Defendants FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, METROPOLITAN CASUALTY INSURANCE COMPANY, INTEGON NATIONAL INSURANCE COMPANY, INTEGON GENERAL INSURANCE CORPORATION, and HARTFORD INSURANCE COMPANY OF THE MIDWEST's (collectively, "Defendants") Motions to Compel Arbitration. For all the reasons set forth herein, as well as in their objections to the Reports and Recommendation of Magistrate Judge Snow, and in their Response to Defendants' Objections to the Reports and Recommendation, Class Plaintiffs respectfully submit that the Defendants' Motions to Compel Arbitration should be denied in all respects.

## SUPPLEMENTAL ARGUMENT

**The McCarran-Ferguson Act Precludes Preemption of State Insurance Laws by the Federal Arbitration Act.**

Defendants assert that state laws purporting to restrict the enforceability of arbitration agreements are violative of the Federal Arbitration Act ("FAA") and the Supremacy Clause of the U.S. Constitution. Defendants assert that any contractual arbitration provision invalidated by state law directly contravenes the FAA. Based on these arguments, Defendants assert that <u>Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc.</u>, 753 So. 2d 55 (Fla. 2000) is preempted by the FAA.

7090-00100 345201.1

3

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Since the Pinnacle decision relates to the regulation of the business of insurance, the McCarran-Ferguson Act precludes utilization of the FAA to preempt state law. Generally, an arbitration clause contained in a contract will be enforced under the FAA even if there are state laws restricting the enforceability of an arbitration agreement.

> One exception to this general rule of preemption is contained in the McCarran-Ferguson Act. Congress passed the McCarran-Ferguson Act to insure that the states can regulate the business of insurance "free from the inadvertent preemption by federal statutes of general applicability."

Standard Security Life Ins. Co. v. West, 127 F. Supp. 2d 1064, 1067 (W.D. Miss. 2000); (quoting, Autry v. Northwest Premium Services, 144 F.3d 1037, 1040 (7th Cir. 1998)). To determine whether the McCarran-Ferguson Act precludes utilization of the FAA to preempt the Pinnacle decision, the following three factors must be considered:

> (1) whether the federal statute specifically relates to the business of insurance;
>
> (2) whether the state law at issue was enacted for the purpose of regulating the business of insurance; and
>
> (3) whether the application of the federal law invalidates, supercedes or impairs the state law.

Id. (citing United States Dep't of Treasury v. Fabe, 508 U.S. 491 (1993)).

There is no question "that the FAA is a statute of general application which does not specifically relate to the business of insurance." Smith, 93 Cal. App. 4th 139, 113 Cal. Rptr. 2d 140. Based on Defendants' arguments, there is no question that the Defendants are asserting that application of the FAA would invalidate, supercede or impair the Pinnacle decision. Accordingly,

7090-00100 345201.1

4

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

the only issue for this Court to determine is whether the state law at issue was enacted for the purpose of regulating the business of insurance. The two-part test is as follows:

> The Supreme Court in UNUM Life Ins. Co. of America v. Ward, 526 U.S. 358, 360, 119 S.Ct. 1380, 143 L. Ed. 2d 462 (1999), recently clarified the test for determining when a state law regulates the business of insurance. First, a court must ask whether common sense shows that the state law regulates insurance. Second, a court looks at three factors as "checking points" or "guide posts" to test its common sense conclusion. Those factors are: 1) Does the law have the effect of transferring or spreading a policy holder's risk? 2) Is the law an integral part of the policy relationship between the insurance company and the insured? 3) Is the law limited to the insurance industry? Id. at 367, 119 S.Ct. 1380. These three factors are relevant but not required. Hence, to find that the state law regulates business of insurance, all three factors need not be present. Id. at 374, 119 S.Ct. 1380.

Standard Security Life Ins. Co., 127 F. Supp. 2d at 1067. "In order to be within the common-sense definition of insurance regulation, 'a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry.'" Smith, 93 Cal. App. 4th at 156 (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987)).

Applying the foregoing factors in this case clearly establishes that the Pinnacle decision regulates the business of insurance. Pinnacle is based on a comprehensive interpretation of the purposes of Florida's Motor Vehicle No-Fault Insurance Law. The Florida Supreme Court based its decision on the fact that the no-fault laws were enacted "to provide persons injured in an accident with prompt payment of benefits" and that the attorney fee provision against insurers "was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorney fees when they are compelled to sue to enforce their insurance contracts." Pinnacle, 753 So. 2d at 59. Based on the Florida Supreme Court's finding that an arbitration clause forcing medical providers to arbitrate claims does nothing to further the prompt payment of benefits

ATLAS PEARLMAN
ATTORNEYS AT LAW

and that the prevailing party attorney-fee provision arbitrarily distinguishing between medical providers and insureds, arbitration provisions such as those at issue herein, have been invalidated. Clearly, there can be no question that Pinnacle is specifically directed towards Florida's Motor Vehicle No-Fault Insurance Law.

In fact, state laws restricting arbitration in the context of insurance are "state laws enacted for the purpose of regulating the business of insurance." Mutual Reinsurance Bureau v. Great Plains Mut., 969 F.2d 931 (10th Cir. 1992); Stevens v. American Intern. Ins. Co., 66 F. 3d 41 (2d Cir.1995); Quackenbush v. Allstate Ins. Co., 121 F.3d 1372 (9th Cir. 1997). Applying the foregoing factors establishes that Pinnacle relates to the business of insurance. Although, Pinnacle does not have an effect of transferring or spreading a policyholder's risk, the striking down of arbitration provisions such as those contained in the policy at issue herein clearly relates to the policy relationship between the insurer and the insured. In addition, Pinnacle is clearly limited to entities within the automobile insurance industry since it only relates to arbitration clauses contained in automobile insurance policies. Thus, there is no question that Pinnacle relates to the business of insurance.

Since the FAA does not specifically relate to the business of insurance, Pinnacle regulates the business of insurance, and the application of the FAA would invalidate, supercede or impair the Florida Supreme Court's decision in Pinnacle, the McCarran-Ferguson Act precludes utilization of the FAA in this matter. United States Dep't of Treasury, 508 U.S. 491. The FAA does not preempt Pinnacle. Accordingly, the FAA provides no basis to compel arbitration in these proceedings.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CONCLUSION

For all the reasons set forth herein, Plaintiffs SALVATORE D. LARUSSO, D.C., ULTRA OPEN MRI CORPORATION and THE CHIROPRACTIC CENTER, INC., on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order denying Defendants FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, METROPOLITAN CASUALTY INSURANCE COMPANY, INTEGON NATIONAL INSURANCE COMPANY, INTEGON GENERAL INSURANCE CORPORATION, and HARTFORD INSURANCE COMPANY OF THE MIDWEST's Motions to Compel Arbitration, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 22nd day of January, 2002, upon: all individuals on the attached service list.

ERIC LEE

7090-00100 345201.1

8



# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

### Co-Lead Counsel for Plaintiffs

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

### Counsel for:
### Allstate, Fidelity and Casualty, Continental, Deerbrook

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

### Counsel for Beech Street and ADP

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

### Counsel for Progressive

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

### Counsel for CCN

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823 1

ATLAS PEARLMAN

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile