UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN,

     Defendants.

_____/

ULTRA OPEN MRI CORPORATION,        01-6778
On behalf of itself and all others
similarly situated,

     Plaintiff,

V.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY,

     Defendant.

_____/



## AMENDED CLASS ACTION COMPLAINT

    Plaintiffs ULTRA OPEN MRI CORPORATION ("UOMC") and WALTER E. AFIELD,

M.D., P.A. ("AFIELD") (collectively, "Class Plaintiffs") on behalf of themselves and all others

similarly situated, by their undersigned counsel, sue Defendant PRUDENTIAL PROPERTY AND

CASUALTY INSURANCE COMPANY ("PRUDENTIAL"), and allege as follows:

7090-00100 345171 1



ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## THE PARTIES

1.      UOMC is a corporation incorporated under the laws of the State of Florida with its principal place of business in Bradenton, Florida.

2.      AFIELD is a professional corporation organized and existing under the laws of the State of Florida with its principal place of business in Tampa, Florida.

3.      PRUDENTIAL is an insurance company incorporated under the laws of the State of Illinois with its principal place of business located in Holmdel, New Jersey. PRUDENTIAL provides automobile insurance throughout the State of Florida, is registered to do business in Florida, and transacts business in the Southern District of Florida.

4.      Non-party Beech Street Corporation ("Beech Street") is a California corporation that established a preferred provider organization. In 1999, Beech Street merged with non-party Capp Care, Inc.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically 18 U.S.C. § 1961 et seq. (the "RICO Act").

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District. PRUDENTIAL is subject to personal jurisdiction in this District, PRUDENTIAL insures numerous individuals in this District, and numerous class members are present in this District.

7090-00100 345171.1

2

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## BACKGROUND

7.    PRUDENTIAL's standard Florida Automobile Insurance Policy (hereinafter the "Policy") provides personal injury protection benefits to its insureds. Certain policies also provide extended personal injury protection benefits and MPC coverage. All such coverage shall be referred to as ("PIP") coverage.

8.    With respect to payment of accident related medical expenses under PIP, PRUDENTIAL's policy of insurance states in pertinent part that PRUDENTIAL must pay eighty (80%) percent of all reasonable and necessary accident related medical expenses.

9.    PRUDENTIAL's Policy is a typical Florida indemnity insurance policy under which PRUDENTIAL is required to indemnify claimants for eighty percent (80%) of the full cost of their reasonable and necessary medical bills up to a defined limit.

10.    Under the Policy, an insured has the absolute right and freedom to choose his or her medical providers.

11.    Within Policy limits, medical providers have the unrestricted right to be reimbursed eighty percent (80%) of their reasonable and necessary accident related medical expenses.

12.    The State of Florida's PIP statute directly addresses a healthcare provider's right to be paid for reasonable charges. Section 627.736(5), Florida Statutes ("Section 627.736") states:

> Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for bodily injury covered by personal injury protection insurance may charge only a reasonable amount for the products, services, and accommodations rendered ...



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

13.     Florida statutes permit an automobile insurance company to designate certain medical providers as preferred providers *if* the automobile insurer establishes a legitimate preferred provider organization ("PPO") network by satisfying the strict requirements of Section 627.736(10) which provides as follows:

> (10) An insurer may negotiate and enter into contracts with licensed healthcare providers for the benefits described in this section, referred to in this section as "preferred providers," which shall include healthcare providers licensed under chapters 458, 459, 460, 461, and 463. The insurer may provide an option to an insured to use a preferred provider at the time of purchase of the policy for personal injury protection benefits, if the requirements of this subsection are met. If the insured elects to use a provider who is not a preferred provider, whether the insured purchased a preferred provider policy or a non-preferred provider policy, the medical benefits provided by the insurer shall be as required by this section. If the insured elects to use a provider who is a preferred provider, the insurer may pay medical benefits in excess of the benefits required by this section and may waive or lower the amount of any deductible that applies to such medical benefits. If the insurer offers a preferred provider policy to a policy-holder or applicant, it must also offer a non-preferred provider policy. The insurer shall provide each policy-holder with a current roster of preferred providers in the county in which the insured resides at the time of purchase of such policy, and shall make such list available for public inspection during regular business hours at the principal office of the insurer within the state.

14.     PRUDENTIAL has not offered its insureds preferred policies for PIP automobile insurance. As such, any medical provider who treated or treats a PRUDENTIAL insured under a PRUDENTIAL PIP auto insurance policy is not a "preferred provider." Therefore, in accordance with the above quoted statute, "the medical benefits provided by the insurer <u>shall</u> be as <u>required</u> by this section." (emphasis added). The medical benefits "required" are 80% of "all reasonable and necessary treatment, expenses..."

15.     Companies such as Beech Street are sometimes referred to as "brokers" or "managed care companies" in the healthcare industry. Beech Street contracts with healthcare providers, such

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

as UOMC and AFIELD, for the purpose of uniting healthcare providers with commercial payors to

coordinate and arrange for the delivery of healthcare services to the payors' legitimate subscribers.

Beech Street may also administer healthcare claims submitted by healthcare providers to insurance

companies. These contracts are typically referred to as Preferred Provider Agreements ("PPAs").

16.    The contracts entered into with healthcare providers by Beech Street require the

healthcare providers to accept fees for services to subscribers at discounted rates from payors.

17.    Healthcare providers, by definition, include, but are not limited to, physicians,

chiropractors, hospitals, pharmacies, and other healthcare facilities.

18.    Payors benefit by paying healthcare providers at discounted rates.

19.    Healthcare providers benefit by becoming part of the network of healthcare providers

that are supposed to be marketed by payors to their subscribers and insureds through the use of

directories and marketing tools, thus increasing the healthcare providers' volume of business

referrals. Such healthcare providers are recognized as "preferred providers."

20.    The insurance policies sold or provided by the payors to their subscribers are

recognized as "preferred provider policies."

21.    The combination of all parties to this endeavor is recognized as a Preferred Provider

Organization.

22.    At all times material herein, UOMC and AFIELD entered into contracts under which

they agreed to provide services to Beech Street's PPO Subscribers. Thereafter, PRUDENTIAL

began applying Beech Street contractual discounts to UOMC's and AFIELD's medical bills for

patients who were injured in automobile accidents and covered by a Florida PRUDENTIAL PIP



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Policy. PRUDENTIAL utilized the services of ADP Integrated Medical Solutions, Inc. ("ADP")
to process and discount the bills.

23.    Section 627.736(10), provides a means for PRUDENTIAL to participate in such a
PPO and offer a preferred provider policy for personal injury protection automobile insurance to its
insureds after it enters into contracts with healthcare providers.

24.    PRUDENTIAL never became a legitimate participant in the purported PPO and never
complied with the requirements of the Section 627.736(10).

25.    Nevertheless, PRUDENTIAL has taken discounts on healthcare providers' bills as
if it were a legitimate participant in the purported PPO and had complied with Section 627.736 by
offering a preferred provider policy of personal injury protection automobile insurance to its
insureds, none of which was done by PRUDENTIAL.

26.    This unlawful practice (called a "Silent PPO") allows PRUDENTIAL to enjoy
substantial savings and profits by paying out less in benefits which in turn causes Class Plaintiffs
and those similarly situated to suffer financial loss, without any consideration from PRUDENTIAL
for these discounts.

27.    PRUDENTIAL, Beech Street and ADP have collectively engaged in the previously
described "Silent PPO" scheme to reduce benefits paid on auto injury claims.

28.    The "Silent PPO" scheme has emerged primarily in the context of indemnity plans.
Indemnity insurers, such as PRUDENTIAL, obtain access to PPO networks of preferred providers
and their discounts. PRUDENTIAL takes advantage of these discounts.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

29.    PRUDENTIAL is not, however, entitled to take advantage of these legitimate PPO discounts under the terms and conditions of its Florida automobile insurance policies, the Florida PIP statutes, and the Beech Street PPA contract.

30.    PRUDENTIAL has not established the statutory prerequisites to be entitled to these PPO discounts.

31.    This Silent PPO scheme contains none of the legitimate steerage mechanisms required by legitimate PPOs. Legitimate steerage mechanisms include creating financial incentives for steering insureds to preferred providers such as lower premiums or lower co-payments, providing education and marketing information to insureds about preferred providers in the network, and printing and distributing preferred provider identification cards.

32.    By using the Silent PPO scheme, PRUDENTIAL enjoys substantial savings by paying PIP benefits without the attendant expense of establishing a legitimate PPO network.

33.    Legitimate managed care companies and insurers have knowledge of the illegality of such schemes. The American Association of Preferred Providers has denounced such practices and the American Medical Association has issued an "Action Alert Kit" to its members educating them about Silent PPO schemes.

34.    PRUDENTIAL had knowledge of the illegal nature of this Silent PPO discounting scheme. Silent PPO discounting schemes have been the subject of widespread discussion in the insurance and managed care industries with many major medical associations denouncing the practice.

7090-00100 345171.1

7

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

35.    Beech Street had direct knowledge of the illegitimate nature of Silent PPOs. Beech Street purportedly drafted the PPA, executed the PPA and had express knowledge of its provisions.

36.    Under PRUDENTIAL's Silent PPO scheme, Beech Street licensed, leased or otherwise provided its discount database to PRUDENTIAL.

37.    Armed with the Beech Street preferred provider database of discounts, PRUDENTIAL systematically processed all Florida medical expense claims through ADP's automated PPO re-pricing product and applied discounts to bills where the medical provider's tax identification number on the bill matched a tax identification number in Beech Street's database. At no time did Class Plaintiffs have a contract which authorized PRUDENTIAL to take discounts on medical bills.

38.    PRUDENTIAL routinely and systematically used Beech Street's preferred provider discounts to reduce millions of dollars of medical bills.  The discounts were routinely and systematically applied despite the fact that a preferred, provider policy was not offered by PRUDENTIAL and despite the fact that claimants were not referred steered or directed to preferred providers.

39.    As part of PRUDENTIAL's Silent PPO scheme, upon information and belief, Beech Street was paid a percentage of PRUDENTIAL's PPO discount savings and/or a per transaction fee for processing claims for PRUDENTIAL.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

40.    Without complying with the statutory prerequisites for the establishment of an automobile insurance PPO network, PRUDENTIAL has systematically discounted medical providers' PIP medical expenses by utilizing PPO discounts.

41.    PRUDENTIAL has illegitimately discounted hundreds of thousands of PIP medical expense claims in this manner without providing any steerage or other meaningful consideration for such discounts.

### FACTS AS TO PLAINTIFFS

42.    At all times material herein, UOMC and AFIELD were purportedly parties to a PPA with Beech Street to be a participating healthcare preferred medical provider (hereinafter referred to as a "Beech Street Preferred Provider").

43.    Pursuant to the purported PPA Agreement, Class Plaintiffs agreed to become members of Beech Street's Network (i.e. employer/employee based group or individual health plan related payors).

44.    Class Plaintiffs' purported agreement does not allow Beech Street to allow automobile insurers or PPO discount brokers with automobile insurer clients access to the preferred provider rates.

45.    Class Plaintiffs' purported agreement does not allow Beech Street to allow automobile insurers or PPO discount brokers with automobile insurer clients access to the rates.

46.    PRUDENTIAL had not offered a PPO endorsement to its automobile insureds. Moreover, PRUDENTIAL never offered its Florida automobile insureds premium reductions as an economic incentive to use preferred providers.

7090-00100 345171.1



47.     Class Plaintiffs' purported PPA with Beech Street did not authorize the application of discounts by automobile insurers or discount brokers who could not increase Class Plaintiffs' patient volume.

48.     Despite these known facts, Beech Street allowed PRUDENTIAL access to all of Beech Street's preferred provider's confidential and proprietary discount rates knowing that PRUDENTIAL was not a proper payor under the PPA and could not increase preferred provider patient volume as promised by Beech Street.

49.     With Beech Street's consent, its database of preferred provider discounts was loaded into PRUDENTIAL's and/or ADP's software and applied to all bills submitted to PRUDENTIAL by Beech Street preferred providers such as Class Plaintiffs.

50.     In exchange for Beech Street's anticipated effort to increase their patient volume, Class Plaintiffs purportedly agreed with Beech Street to provide healthcare services to Subscribers of such Payors at a rate lower than they would normally accept for the same healthcare services.

51.     PRUDENTIAL obtained access to Beech Street's database that contained the identities of all of Beech Street's purported Preferred Providers, as well as the discounted fees that these healthcare providers were willing to accept for medical services.

52.     At no time did PRUDENTIAL have a written contract with Class Plaintiffs or other healthcare providers in Florida wherein healthcare providers agreed with PRUDENTIAL to discount charges for their medical services to patients injured in automobile accidents who were insured for PIP coverage by PRUDENTIAL.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

53.    By virtue of PRUDENTIAL's access to the discounted rates in the purported agreements between Beech Street, Class Plaintiffs, and the class, PRUDENTIAL began to systematically apply PPO discounts.

54.    ADP, Beech Street and/or PRUDENTIAL have mailed explanation of reimbursement forms ("EOBs") that indicated the application of a discount based upon the Beech Street Preferred Provider Agreements.

55.    These EOBs state that PRUDENTIAL is entitled to such discounts.

56.    Under this scheme, PRUDENTIAL has been reaping huge savings while violating Florida law and providing no consideration whatsoever to healthcare providers, including Class Plaintiffs, for the right to apply such discounts.

57.    Under PRUDENTIAL's Silent PPO scheme, it incorporated the purported Beech Street preferred provider discounts into ADP's existing cost containment software product - a product specifically designed to "re-price" medical bills based on preferred provider rates for non-managed care lines of insurance such as property and casualty insurance.

58.    At all times material herein, in the course of their medical practice, Class Plaintiffs provided medical care to patients who had been injured in automobile accidents and who were entitled to PIP benefits from PRUDENTIAL.

59.    At no time prior to their treatment with Class Plaintiffs did this class of patients receive any marketing materials, including, but not limited to, publications identifying Class Plaintiffs' name, address and available services, from PRUDENTIAL.

60.    At no time did PRUDENTIAL comply with the requirements of Section 627.736(10).

ATLAS PEARLMAN
ATTORNEYS AT LAW

61.     At no time prior to their treatment with Class Plaintiffs did PRUDENTIAL encourage these patients to use Class Plaintiffs' medical services.

62.     After providing medical treatment to these patients, Class Plaintiffs submitted medical bills for reasonable and necessary accident related medical expenses to PRUDENTIAL for payment.

63.     Upon receipt of the medical bills submitted by Class Plaintiffs for payment under the PIP portion of the PRUDENTIAL Automobile Policy, PRUDENTIAL discounted Class Plaintiffs' and other class members' bills by using the Beech Street PPO discounted rates claiming that PRUDENTIAL was entitled to said discount.

64.     Upon information and belief, ADP and/or Beech Street were paid a percentage of PRUDENTIAL's discount savings on each PIP medical expense claim.

65.     Class Plaintiffs and other class members have received no consideration from PRUDENTIAL for the discounts taken.

66.     PRUDENTIAL could not provide such consideration because PRUDENTIAL failed to offer its insureds a PPO automobile insurance policy in compliance with the Florida PIP statute.

67.     PRUDENTIAL's illegal activity is demonstrated by Exhibit "1" attached hereto. Exhibit "1" represents a sample of an EOB received by UOMC illustrating the illegal discount.

68.     UOMC billed PRUDENTIAL $899.00 for CPT Code 72141. PRUDENTIAL then paid less than the amount billed by UOMC.

69.     PRUDENTIAL was supposed to pay eighty (80%) percent of the billed amount.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

70.    PRUDENTIAL paid only 80% of the reduced amount as its full obligation under the insured's automobile insurance policy.

71.    This example resulted in the misappropriation of $287.68 from UOMC.

72.    An additional example of PRUDENTIAL's activity is demonstrated by Exhibit "2" attached hereto.  Exhibit "2" represents a sample EOB received by AFIELD.

73.    AFIELD billed PRUDENTIAL $200.00 for CPT Code 99358-22 and $100.00 for CPT Code 99361.  PRUDENTIAL then paid less than the amount billed.

74.    PRUDENTIAL was supposed to pay eighty (80%) percent of the billed amount.

75.    PRUDENTIAL paid only 80% of the reduced amount as its full obligation under the insured's automobile insurance policy.

76.    This example resulted in the misappropriation of $135.05 from AFIELD.

77.    PRUDENTIAL routinely and systematically applied the Beech Street PPO discounted rates to PIP medical expense claims.

78.    At the time PRUDENTIAL implemented its PPO discounting scheme, it knew it was violating Florida law.

79.    After taking the illegal discounts on Class Plaintiffs' and the class' bills, as described above, PRUDENTIAL routinely printed out EOBs showing the discounts.  It then forwarded the EOBs and reduced payment checks to the healthcare providers in purported full satisfaction of the healthcare providers' medical charges.


ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

80. It was and is the custom and practice of PRUDENTIAL to discount thousands of automobile medical expense claims in this manner in violation of its policies with its insureds and in violation of Florida's PIP statutes.

81. Class Plaintiffs and those similarly situated have been economically damaged and have suffered monetary losses as a result of the conduct of PRUDENTIAL.

## CLASS ACTION ALLEGATIONS

82. Class Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class of all other persons and entities similarly situated. The class is defined to include:

> all Florida healthcare providers whose bills for medical services rendered to patients covered by PRUDENTIAL's automobile insurance policies were discounted by PRUDENTIAL based upon a purported Beech Street Preferred Provider Organization reduction.

83. There are questions of law and fact that are common to all members of the class, which questions predominate over any question affecting only individual class members.

84. The principal common issues include the following:

(a) whether PRUDENTIAL violated Section 627.736, Florida Statutes, by paying personal injury protection medical expense claims at discounted Preferred Provider rates;

(b) whether PRUDENTIAL's processing of the PPO discounts is permissible under state law or federal law;

(c) whether Class Plaintiffs and those similarly situated are entitled to compensatory, statutory, or punitive damages against PRUDENTIAL because of its illegal conduct; and

ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(d)    whether Class Plaintiffs and the class are entitled to an injunction preventing the continued disclosure and/or use of their discounts by PRUDENTIAL and the application of these discounts to automobile personal injury protection medical expense claims.

85.    The class is comprised of all healthcare providers whose medical bills were discounted by PRUDENTIAL based on Beech Street Preferred Provider discounts.

86.    The amounts of the discounts are contained in PRUDENTIAL's computer systems and on the EOBs and checks mailed by PRUDENTIAL to Class Plaintiffs and the members of the class.

87.    Class Plaintiffs' claims are typical of the claims of all members of the class because the claims are based on the same legal and remedial theories.

88.    Class Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims stated herein.

89.    Class Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the class that they seek to represent.

90.    Class Plaintiffs have retained counsel experienced in class action cases and healthcare litigation.

91.    Neither Class Plaintiffs, nor counsel, have any interest that may cause them to not vigorously pursue this action.

92.    A class action is preferable to other available methods for the fair and efficient adjudication of the controversy, because:



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(a)    the individual class members are not all aware that they have been wronged and are thus unable to prosecute individual actions:

(b)    concentration of the litigation concerning this matter in this Court is desirable;

(c)    the claims of the representative Plaintiffs are typical of the claims of the members of the class;

(d)    a failure of justice will result from the absence of a class action; and

(e)    the class and the difficulties likely to be encountered in the management of this class action are not great.

93.    The class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

94.    PRUDENTIAL has discounted thousands of medical bills throughout Florida based on Beech Street Preferred Provider discounted rates. Many healthcare providers may not even be aware of PRUDENTIAL's sophisticated scheme, and if they were, for many providers, the amount in controversy would be too small to justify the expense of pursuing individual litigation.

95.    In contrast, on a class-wide basis, PRUDENTIAL has saved millions of dollars by accessing and utilizing the discounted rates of healthcare providers.

### AS AND FOR A FIRST
### CAUSE OF ACTION
### (Unjust Enrichment)

96.    Class Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "95" above, with the same force and effect as if set forth fully herein.

ATLAS PEARLMAN
ATTORNEYS AT LAW

97.     Class Plaintiffs and the class conferred benefits upon PRUDENTIAL by providing healthcare services to individuals insured by PRUDENTIAL.

98.     Class Plaintiffs and the class billed PRUDENTIAL the reasonable value for these services.

99.     PRUDENTIAL improperly paid these bills at reduced rates.

100.     PRUDENTIAL has provided no consideration to Class Plaintiffs and the class for the retention of the discounts by PRUDENTIAL.

101.     PRUDENTIAL has reaped the benefit of substantial monetary savings on PIP claims by wrongfully and illegally applying the Beech Street PPO discounted rates to Florida PIP medical expense claims.

102.     PRUDENTIAL had knowledge that it reaped said financial benefits to the detriment of Class Plaintiffs and the members of the class by voluntarily accepting and retaining said benefits.

103.     Such savings constitute unjust enrichment for PRUDENTIAL and it would be inequitable under the circumstances for PRUDENTIAL to retain the benefits received from Class Plaintiffs and the members of the class without paying the full value thereof.

**AS AND FOR A SECOND**
**CAUSE OF ACTION**
**(Third-Party Beneficiary Breach of Contract)**

104.     Class Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "95" above, with the same force and effect as if set forth fully herein.

105.     PRUDENTIAL and its insureds who purchased its Florida PIP automobile insurance policy entered into a contract of insurance.



106.    PRUDENTIAL's contract provided that in the event an insured was involved in an automobile accident, PRUDENTIAL would pay. on the insured's behalf, eighty (80%) percent of all reasonable and necessary medical expenses incurred.

107.    Class Plaintiffs and the other members of the class provided medical services to PRUDENTIAL insureds who were injured in automobile accidents.

108.    Class Plaintiffs and the members of the class are intended third-party beneficiaries of PRUDENTIAL's automobile insurance agreements.

109.    Class Plaintiffs and the members of the class were to be paid eighty (80%) percent of all reasonable and necessary medical expenses incurred and billed.

110.    PRUDENTIAL breached the agreement by improperly paying medical expenses at reduced rates.

111.    As a result, Class Plaintiffs and the putative class members have suffered damages directly and proximately caused by PRUDENTIAL's breach of its insurance agreements with its insureds.

**AS AND FOR A THIRD**
**CAUSE OF ACTION**
**(RICO Act Violations)**

112.    Class Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "95" above, with the same force and effect as if set forth fully herein.

113.    PRUDENTIAL, acting with Beech Street, formed an association-in-fact enterprise designed to reduce payments made to Beech Street preferred providers on all Florida PIP medical expense claims submitted to PRUDENTIAL. The "association-in-fact" is known as a "Silent PPO."



114.    PRUDENTIAL, with the knowing or grossly negligent cooperation of Beech Street participated, directly and indirectly, in the activities of this enterprise through a pattern of racketeering activity, as more fully set forth below.

115.    The activities of this enterprise affected commerce.

116.    The pattern of racketeering activity consisted of multiple acts of mail and wire fraud, punishable under 18 U.S.C. § 1341 and § 1343, respectively.

117.    The pattern of racketeering activity has been continuous for at least two years, and, on information and belief, will continue into the future.

118.    In furtherance of the pattern of racketeering activity, PRUDENTIAL has engaged in a continuous scheme and artifice to defraud Class Plaintiffs, and those similarly situated, of money as follows:

(a)    Beech Street solicited Class Plaintiffs by mail to join its PPO network.  Beech Street mailed its marketing and preferred provider agreements to potential preferred providers through use of the United States mails.  Beech Street entered into a PPA with Class Plaintiffs and class members which did not authorize the disclosure, sale, lease or license of preferred provider discounts to PRUDENTIAL;

(b)    Beech Street entered into a broker agreement (hereinafter referred to as a "Broker Agreement") with PRUDENTIAL which allowed for the disclosure and lease and/or license of the Beech Street preferred provider database to PRUDENTIAL;

(c)    PRUDENTIAL applied Beech Street's preferred provider discounts to medical expense claims submitted to PRUDENTIAL by Beech Street preferred providers;



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(d)    Beech Street and PRUDENTIAL transferred claim information, medical bills, EOBs, compensation information and documentation and other documentation and information necessary to carry out this scheme via the United States mails and/or by wire;

(e)    After computer application of the discounts, PRUDENTIAL printed Explanation of Reimbursement forms ("EOBs") on its form EOBs which indicated the PPO discount and the reduced amount owed after application of the discount;

(f)    By use of the United States mail, Beech Street, ADP and/or PRUDENTIAL thereafter transmitted or caused to be transmitted said EOBs and reduced claim checks to medical providers and persons insured by PRUDENTIAL. A sample of such EOBs are attached hereto as Exhibits "1" and "2."

(g)    Said EOBs falsely represented that PRUDENTIAL was entitled to apply a Beech Street PPO discount to the claim;

(h)    Said EOBs falsely claimed the "ALLOWED AMOUNT" to be less than the amount actually owed and also falsely decreased the claimant's deductible, thereby exposing claimants to liability for the fraudulently discounted amount;

(i)    PRUDENTIAL, ADP and/or Beech Street engaged in interstate telephone calls, computer communications, and/or wire communications and transactions to transmit information that was false and to exchange fees and compensation essential to the scheme.

119.    In the above described manner, PRUDENTIAL was able to gain access to managed care contract rates for application to Florida PIP medical expense claims without providing any

ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

consideration to UOMC or members of the purported class, and without ever entering into a managed care agreement with any medical providers.

120.    This scheme to sell and grant access to unauthorized proprietary discounts worth millions of dollars has directly caused monetary damages to Class Plaintiffs and members of the class.

121.    PRUDENTIAL's, ADP's and/or Beech Street's conduct gives rise to claims under 18 U.S.C. § 1964(a) of RICO and permits the recovery of treble damages against PRUDENTIAL for violations of 18 U.S.C. § 1962 (c), for a conspiracy to violate 18 U.S.C. § 1962(a) in violation of 18 U.S.C. § 1962(d) and for seeking to aid and abet and aiding and abetting violations of 18 U.S.C. § 1962(a) within the meaning of 18 U.S.C. § 2.

122.    Class Plaintiffs and the class members are "persons" within the meaning of 18 U.S.C. § 1964(c).

123.    At all times relevant hereto, Class Plaintiffs and class members were and are "persons" within the meaning of 18 U.S.C. § 1961(3).

124.    With respect to the activities alleged herein, PRUDENTIAL, ADP and/or Beech Street acted at all times with malice toward the class, intent to engage in the conduct complained of for their own benefit and with knowledge that such conduct constituted unlawful activity.  Such conduct was done with reckless disregard for the rights of the class as well as the laws, to which PRUDENTIAL, ADP and/or Beech Street are subject, the same amounting to actionable wantonness.

125.    With respect to the activities alleged herein, PRUDENTIAL, ADP and/or Beech Street aided and abetted each other, and others not named in this Complaint, in committing those

21



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

activities, within the meaning of 18 U.S.C. § 2, by seeking to aid and abet and aiding and abetting a scheme to violate 18 U.S.C. §§ 1962(a) and (c).

126.    PRUDENTIAL operated the scheme or artifice to defraud and to obtain money by false pretenses and to deprive class members of the intangible right of honest payment.

127.    In furtherance of this scheme, PRUDENTIAL, ADP and/or Beech Street interfered with, obstructed, delayed or affected commerce by attempting to obtain and/or actually obtaining property interests, to which PRUDENTIAL and Beech Street are not entitled, through the exploitation of discount rates.

128.    With respect to the overt acts and activities alleged herein, PRUDENTIAL communicated and conspired with ADP and/or Beech Street to violate 18 U.S.C. §§ 1962(a) and (c), all in violation of 18 U.S.C. § 1962(d).

129.    PRUDENTIAL communicated with Beech Street and/or ADP so that it could participate directly in the fraudulent scheme or artifice alleged herein, to obtain money by false pretenses and to deprive class members of the intangible right of honest payment.

130.    PRUDENTIAL communicated with ADP and/or Beech Street so that it could participate directly in the interference with, obstructing of, delaying of, or effect upon commerce by actually obtaining property interests to which PRUDENTIAL was not entitled, through the exploitation of a proprietary discount rate.

131.    The numerous predicate acts of mail and wire fraud and interference with the operation of legitimate preferred provider discounts herein are part of a common fraudulent and extortionate scheme by PRUDENTIAL, ADP and/or and Beech Street to defraud Class Plaintiffs and

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

the purported class of money and property interests under false pretenses; to deprive Class Plaintiffs and the purported class of receipt of reasonable and necessary compensation for medical services; to interfere with the patient-doctor fiduciary relationship; and to place PRUDENTIAL's, ADP's and/or Beech Street's financial interests over the confidential records of Class Plaintiffs and the class so that PRUDENTIAL, ADP and/or Beech Street could make greater profits.

132.     Class Plaintiffs and the purported class, as victims of this unlawful pattern of illegal activity, have and continue to suffer losses.

## A.     RACKETEERING ACTIVITIES.

133.     In carrying out the overt acts and fraudulent scheme described above, PRUDENTIAL, ADP and/or Beech Street engaged in *inter alia*, conduct in violation of federal laws, including 18 U.S.C. §§ 1341 and 1343, 18 U.S.C. §§ 1341 and 1346, 18 U.S.C. §§ 1343 and 1346, 18 U.S.C. § 1951(b)(2), 18 U.S.C. § 1952(a), 18 U.S.C. § 1954, and 18 U.S.C. § 961 et seq., as stated below.

134.     Section 1961(1) of RICO provides that "'racketeering activity' means. . . any act which is indictable under any of the following provisions of Title 18, United States Code ... Section 1341 (relating to mail fraud), Section 1343 (relating to wire fraud)."

135.     The United States Congress amended the mail and wire fraud statutes in 1988 by codifying a partial definition of the central term "scheme or artifice to defraud." The newly created definition of a "scheme or artifice" for purposes of specifically recognizing by statute certain unlawful acts also constituting mail and wire fraud violations under 18 U.S.C. §§ 1341 and 1343, respectively, now reads in its entirety as follows: "For purposes of this chapter, the term 'scheme or artifice' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

ATLAS PEARLMAN
ATTORNEYS AT LAW

**1.  18 U.S.C. §§ 1341 and 1346, and 18 U.S.C. §§ 1343 and 1346**

136.    For the purpose of executing and/or attempting to execute its scheme to defraud and to obtain money by means of false or fraudulent pretenses, as well as to execute and/or attempt to execute its scheme or artifice to deprive another of the intangible right of honest services, PRUDENTIAL and Beech Street, in violation of 18 U.S.C. § 1341 and § 1346, placed in United States Post Offices and/or in authorized repositories for mail, matter, matters and things to be sent or delivered by the United States Postal Service, and received matters and things therefrom and knowingly caused to be delivered by mail those matters and things according to the directions thereon or at the place at which they were directed to be delivered by the persons to whom they were addressed.

137.    For the purpose of executing and/or attempting to execute its scheme to defraud and to obtain money by means of false or fraudulent pretenses, as well as to execute and/or attempt to execute its scheme or artifice to deprive another of the intangible right of honest services, PRUDENTIAL, ADP and/or Beech Street, in violation of 18 U.S.C. §§ 1343 and 1346, transmitted in interstate commerce by wire, telephone, or computer transmissions, information regarding illegal discounts. In this manner, PRUDENTIAL, was knowingly violating purported obligations of Beech Street to UOMC and others similarly situated to provide "honest services."

138.    PRUDENTIAL knowingly induced ADP and/or Beech Street to deprive Class Plaintiffs and others similarly situated of "honest services."

ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

139.    In those matters and things sent or delivered by the United States Postal Service referred to above, PRUDENTIAL, ADP and/or Beech Street falsely and fraudulently represented to Class Plaintiffs and the class that:

(a)    PRUDENTIAL's payments were for the amount "billed" for the reasonable value of the services, and

(b)    PRUDENTIAL was entitled to a PPO discount from Class Plaintiffs and the class under a system that legitimately provides education, marketing and economic incentives intended to "steer" more patients  and to provide other benefits to healthcare providers. PRUDENTIAL failed, however, to disclose to Class Plaintiffs and the class that its EOBs were based upon illegal discounts designed to maximize profits on discounts illegally obtained through Class Plaintiffs' proprietary information. PRUDENTIAL thus failed to disclose material facts regarding PRUDENTIAL's internal policies and practices specifically designed to reduce or limit the level of payment discussed in detail above.

140.    With respect to its unlawful activities described above, PRUDENTIAL also transmitted funds, contracts, and other forms of business communications and transactions in a continuous and uninterrupted flow across state lines and employed the United States mails and interstate wires in violations of 18 U.S.C. §§ 1341, 1343, and 1346.

141.    PRUDENTIAL intentionally and knowingly deceived Class Plaintiffs and the purported class referred to above for the purpose of financial gain. PRUDENTIAL either knew, or recklessly disregarded, that the illegal discounts described above were material.

ATLAS PEARLMAN
ATTORNEYS AT LAW

142.    Class Plaintiffs and the class have been injured in their business or property by PRUDENTIAL's overt acts and racketeering activities in amounts to be determined at trial.

## 2.    18 U.S.C. § 1951(b)(2)

143.    During the relevant times and in furtherance of and for the purpose of executing and/or attempting to execute the above discussed scheme and artifice to defraud or deprive, PRUDENTIAL, ADP and/or Beech Street, on numerous occasions aided and abetted and conspired to and attempted to and did interfere with, obstruct, delay or affect "commerce" as that term is defined in 18 U.S.C. § 1951.

144.    PRUDENTIAL unlawfully attempted to and/or did induce ADP and/or Beech Street to cause Class Plaintiffs and numerous other healthcare providers to part with various property interests to which PRUDENTIAL was and is not entitled, including the intangible property right of healthcare providers to conduct their business free of fraud and their fiduciary obligation to provide their patients with privacy.

145.    PRUDENTIAL's conduct induced ADP and/or Beech Street to provide it with the names of healthcare providers and their discounts and exploited a fear of economic loss and/or loss of business by Class Plaintiffs and others similarly situated in violation of 18 U.S.C. § 1951(b)(2).

146.    In furtherance of the scheme or artifice to defraud to obtain money by false pretenses from Class Plaintiffs and the class, PRUDENTIAL communicated with ADP and/or Beech Street to participate, directly or indirectly, in interfering with, obstructing, delaying or affecting commerce by attempting to obtain and/or actually obtaining property interests to which PRUDENTIAL was

ATLAS PEARLMAN

not entitled through the exploitation of healthcare providers' fear of economic loss and/or loss of business by refusing to contest the aforesaid illegal discounts.

147.    PRUDENTIAL either knew, or recklessly disregarded, that the natural consequences of its acts would exploit and continue to exploit fear of economic loss or loss of business by Class Plaintiffs and the class.

148.    PRUDENTIAL's, ADP's and/or Beech Street's overt acts and fraudulent and extortionate racketeering activities has and continues to defraud Class Plaintiffs and the members of the class, of money, has and continues to unlawfully influence and interfere with the purported relationship of Beech Street and Class Plaintiffs and the purported class, as well as interfering with the fiduciary relationship between Class Plaintiffs and members of the purported class and their patients.

149.    Class Plaintiffs and the purported class have, therefor, been injured in their business or property by PRUDENTIAL's overt acts and racketeering activities in amounts to be determined at trial.

### 3. 18 U.S.C. § 1952(a).

150.    During the relevant times, and in furtherance of and for the purpose of executing the above-described scheme and artifice to defraud Class Plaintiffs and the purported class, PRUDENTIAL, ADP and/or Beech Street and their respective employees, agents and others, on numerous occasions did travel and caused others not named in this Complaint to travel in interstate commerce in order to attempt to and to commit mail fraud and wire fraud in violation of the Travel Act, 18 U.S.C. § 1952(a).

ATLAS PEARLMAN
ATTORNEYS AT LAW

151.   PRUDENTIAL's, ADP's and/or Beech Street's overt acts and fraudulent racketeering activity has and continues to defraud Class Plaintiffs and the class of money.

## B.   PATTERN OF RACKETEERING ACTIVITY.

152.   PRUDENTIAL, ADP and/or Beech Street have engaged in a "pattern of racketeering activity" as defined in 18 U.S.C. 1961(5) of RICO by committing and/or conspiring to or aiding and abetting a scheme for at least two such acts of racketeering activity, as described above, within the past ten years. Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Class Plaintiffs and the class.

153.   The multiple acts of racketeering activity committed and/or conspired to or aided and abetted by PRUDENTIAL, ADP and/or Beech Street, as described above, were related to each other and amount to and pose a threat of continued racketeering activity, and, therefor, constitute a "pattern of racketeering activity," as defined in 18 U.S.C. § 1961(5).

## C.   RICO VIOLATIONS OF 18 U.S.C. §§ 1962 (d).

154.   Class Plaintiffs' claim for relief also arises under 18 U.S.C. § 1964 (c) of RICO and seeks to recover actual and treble damages for PRUDENTIAL's and Beech Street's violations of 18 U.S.C. §§ 1962(c) and for its violations of 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(a) and (c).

### 1.   Section 1962(c) claim.

155.   Class Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "95" above, with the same force and effect as if set forth fully herein.

ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

156.    18 U.S.C. § 1962(c) of RICO provides that "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

157.    18 U.S.C. § 1961(3) of RICO states that a "person" includes any individual or entity capable of holding a legal or beneficial interest in property.

158.    18 U.S.C. § 1961(4) of RICO defines "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

159.    For purposes of this 18 U.S.C. § 1962(c) claim, the persons consist of PRUDENTIAL, ADP and/or Beech Street.  The enterprise is an association-in-fact consisting of PRUDENTIAL, ADP and/or Beech Street by virtue of its control over physicians, medical specialists, medical laboratories, hospitals, healthcare clinics, pharmacies, home healthcare agencies, and other miscellaneous healthcare providers, all of which have the purpose of providing healthcare services to PRUDENTIAL's insureds making PIP claims under PRUDENTIAL's automobile insurance policies.

160.    This 18 U.S.C. § 1962(c) enterprise is distinct from PRUDENTIAL and includes many persons who are not employees of PRUDENTIAL and many entities that are not owned by PRUDENTIAL.  The Section 1962(c) enterprise is engaged in, and its activities substantially affect, interstate commerce.

ATLAS PEARLMAN

161.    PRUDENTIAL is associated with ADP and Beech Street in the 18 U.S.C. § 1962(c) enterprise as described above and conducts and participates in the affairs of that enterprise through the pattern of racketeering activity described herein. Class Plaintiffs and the purported class members are directly and proximately injured both by this pattern of activity and by PRUDENTIAL's conduct and participation, for which they are entitled to actual and treble damages, attorneys' fees, and costs under 18 U.S.C. § 1964(c).

### 2.    Section 1962(d) Claim.

162.    Class Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "95" above, with the same force and effect as if set forth fully herein.

163.    This claim for relief also arises under 18 U.S.C. § 1964(c) of RICO and seeks to recover actual and treble damages for PRUDENTIAL's and Beech Street's violation of 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(a) and (c). Section 1962(d) of RICO provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

164.    18 U.S.C. § 1961(4) of RICO defines "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

165.    18 U.S.C. § 1962 (a) of RICO provides that it "shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity... to use or invest directly or indirectly, any part of such income, or the proceeds of such income, in

ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

acquisition of any interest in, or the establishment or operation of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

166.     For purposes of the claim of a conspiracy in violation of 18 U.S.C. § 1962(d) to violate 18 U.S.C. § 1962(a), the persons under the latter subsection consist of PRUDENTIAL and Beech Street and the enterprise consists of PRUDENTIAL and its investment division, which further profits from the ill-gotten gains.

167.     At all times relevant herein, Beech Street's, ADP's, and PRUDENTIAL's investment division together constitute an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(a).

168.     The PRUDENTIAL investment division was and continues to be the investment beneficiary of additional monies realized from the above overt acts and fraudulent and extortionate scheme or activities to defraud Class Plaintiffs and the purported class of money and to deprive them of their intangible right of honest services from Beech Street.

169.     PRUDENTIAL sells insurance. Assets generated from PRUDENTIAL's unlawful practices described herein are in the millions of dollars and the proceeds of such income amount to millions of dollars.

170.     PRUDENTIAL derived substantial income and proceeds through the above described pattern of racketeering activity, and conspired to use or invest, and did use or invest, directly or indirectly, a significant part of such income or proceeds in the operation of the enterprise described above, in violation of 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(a).



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

171.    This use or investment injures Class Plaintiffs and the purported class members because it permits that enterprise to continue, expand, and increase its revenue and to affect healthcare providers that are attacked by the enterprise. This use and investment directly and proximately injures purported class members in a manner that is distinct from the injury caused by the pattern of racketeering activity described herein.

172.    As demonstrated in detail above, PRUDENTIAL has engaged in numerous overt and predicate fraudulent and extortionate racketeering acts in furtherance of the conspiracy, including material misrepresentations and omissions designed to fraudulently require Class Plaintiffs and the purported class to accept discounted payments, yet failing to disclose numerous internal systemic fraudulent and extortionate policies and practices designed to defraud Class Plaintiffs and the class of money, and to unlawfully interfere with their physician-patient relationship.

173.    PRUDENTIAL's pattern of fraudulent and extortionate racketeering acts include, but are not limited to, acts in furtherance of its efforts to not disclose conflicts of interest brought about by PRUDENTIAL's inducement to ADP and Beech Street to allow PRUDENTIAL to defraud Class Plaintiffs and the purported class.

174.    The nature of the above described acts of PRUDENTIAL constitutes material misrepresentations that give rise to an inference that PRUDENTIAL knew it was violating the objective of 18 U.S.C. § 1962(d) by violating 18 U.S.C. §§ 1962(a) and (c), through its ongoing fraudulent and extortionate acts that have been and are part of an overall pattern of racketeering activity.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

175.    As a direct and proximate result of PRUDENTIAL's overt acts and predicate acts in furtherance of violating 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. §§ 1962(a) and (c), Class Plaintiffs and the class have been and are continuing to be injured in their business or property.

176.    Pursuant to 18 U.S.C. § 1964(c), Class Plaintiffs are entitled, therefore, to bring this action on behalf of the purported class and to recover actual and treble damages, as well as the costs of bringing this suit and attorneys' fees.

177.    PRUDENTIAL has sought to and has engaged in the commission of and continues to commit overt acts and the aforesaid described unlawful racketeering predicate acts that have and continue to generate income or proceeds received by PRUDENTIAL from such pattern of racketeering activity, to-wit:

(a)    multiple instances of mail and wire fraud violations of 18 U.S.C. §§ 1341 and 1343;

(b)    multiple instances of mail fraud violations of 18 U.S.C. §§ 1341 and 1346;

(c)    multiple instances of wire fraud violations of 18 U.S.C. §§ 1343 and 1346;

(d)    multiple instances of extortion violations of 18 U.S.C. § 1951(b)(2);

(e)    multiple instances of travel in interstate commerce to attempt to and to actually commit mail fraud, wire fraud, and extortion, in violation of 18 U.S.C. § 1952(a); and

(f)    multiple instances of violations of 18 U.S.C. § 1954.

178.    PRUDENTIAL's violations of the above federal laws and the effects thereof detailed above are continuing and will continue unless injunctive relief prohibiting PRUDENTIAL's illegal acts constituting a pattern of racketeering activity is fashioned and imposed by this Court.

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

### AS AND FOR A FOURTH
### CAUSE OF ACTION
### (Declaratory Judgment)

179.    Class Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "95" above, with the same force and effect as if set forth fully herein.

180.    As previously alleged, PRUDENTIAL has improperly taken advantage of discounts to which it is not entitled for all the reasons that have been set forth in the previous paragraphs of this Complaint.

181.    PRUDENTIAL has taken these discounts in breach of the terms and conditions of their automobile insurance policies.  Said policies are indemnity policies that do not provide for preferred provider benefits or the application of preferred provider rates.

182.    By using Beech Street's purported preferred provider rates to limit the payment of Class Plaintiffs' and class members' PIP medical bills, PRUDENTIAL has imposed a limitation on benefits that is not contained in their automobile insurance policies.  Class Plaintiffs and the class members are intended third-party beneficiaries of said insurance policies and are entitled to a declaration that PRUDENTIAL's payments of their PIP medical bills at preferred provider rates is a breach of the applicable insurance contracts.

### AS AND FOR A FIFTH
### CAUSE OF ACTION
### (Violation of Section 627.736, Florida Statutes)

183.    Class Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "95" above, with the same force and effect as if set forth fully herein.


ATLAS PEARLMAN

184.    At all times material herein, Class Plaintiffs and the members of the class that he seeks to represent presented or had presented on their behalf reasonable and necessary medical charges to PRUDENTIAL for treatment of patients entitled to PIP medical expense benefits pursuant to a Florida automobile insurance policy issued by PRUDENTIAL.

185.    Pursuant to Section 627.736, Florida Statutes:

(1)    **Required benefits.**  Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 of loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:

(a)    Medical benefits.  Eighty percent of all reasonable expenses for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services.  Such benefits shall also include necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person who relies upon spiritual means through a prayer alone for healing, in accordance with his religious beliefs.

. . .

(4)    **Benefits; when due.**

. . .

(g)    It is a violation of the insurance code for an insurer to fail to timely provide benefits as required by this section with such frequency as to constitute a general business practice.

186.    Effective October 1, 1991, as amended, effective October 1, 1992, Section 627.736(10), Florida Statutes provides:

ATLAS PEARLMAN
ATTORNEYS AT LAW

An insurer may negotiate and enter into contracts with licensed healthcare providers for the benefits described in this section referred to in this section as "preferred providers" which shall include healthcare providers licensed under chapters 458, 459, 460, 461, and 463. The insurer may provide an option to an insured to use a preferred provider at the time of purchase of the policy for personal injury protection benefits, if the requirements of this subsection are met. If the insured elects to use a provider who is not a preferred provider, whether the insured purchased a preferred provider policy or a nonpreferred provider policy, the medical benefits provided by the insurer shall be as required by this section. If the insured elects to use a provider who is a preferred provider, the insurer may pay medical benefits in excess of the benefits required by this section and may waive or lower the amount of any deductible that applies to such medical benefits. If the insurer offers a preferred provider policy to a policyholder or applicant, it must also offer a nonpreferred provider policy. The insurer shall provide each policyholder with a current roster of preferred providers in the county in which the insured resides at the time of purchase of such policy, and shall make such list available for public inspection during regular business hours at the principal office of the insurer within the state.

187.    Pursuant to Section 627.736(10), Florida Statutes: "If the insured elects to use a provider who is not a preferred provider, whether the insured purchased a preferred provider policy or a non-preferred provider policy, the medical benefits provided by the insurer shall be as required by this section." (Emphasis added).

188.    Pursuant to Section 627.736(10), Florida Statutes: "If the insured elects to use a provider who is a preferred provider, the insurance may pay medical benefits in excess of the benefits required by this section and may waive or lower the amount of any deductible that applies to such medical benefits." (Emphasis added).

189.    In violation of the foregoing provisions of Section 627.736, PRUDENTIAL has implemented a policy and has conducted itself in a manner with such frequency as to constitute a general business practice whereby PRUDENTIAL has paid and continues to pay medical benefits at a rate less than the reasonable and necessary rate.

190.    PRUDENTIAL, as part of its general business practice, has been paying medical benefits at eighty (80%) percent of preferred provider rates.

191.    At all times material hereto, PRUDENTIAL did not offer preferred provider policies.

192.    Since PRUDENTIAL did not offer a preferred provider policies, PRUDENTIAL was required to pay eighty (80%) percent of all reasonable and necessary medical expenses.

193.    If PRUDENTIAL issued and sold preferred provider policies, PRUDENTIAL would then be entitled to pay medical benefits in excess of the benefits required and may waive or lower the amounts of any deductible that applies to such medical benefits.

194.    By paying PIP benefits at a preferred provider rate, PRUDENTIAL has significantly reduced its payments and obligations under PIP policies throughout the State of Florida.

195.    PRUDENTIAL's actions are in direct violation of Section 627.736, Florida Statutes.

196.    PRUDENTIAL has wrongfully reduced Class Plaintiffs' and the class members' PIP medical expense claims based on Beech Street preferred provider discounts.

197.    PRUDENTIAL is not entitled to said Beech Street preferred provider discounts. PRUDENTIAL has failed to offer insureds a PPO endorsement and also failed to otherwise comply with the requirements of Section 627.736(10), Florida Statutes.

198.    Despite this failure, PRUDENTIAL has reduced and continues to reduce PIP automobile insurance medical expense claims of Class Plaintiffs and the purported class members by accessing and applying Beech Street preferred provider discounts.

199.    Accordingly, an outstanding balance remains on all automobile insurance PIP medical expense claims that PRUDENTIAL has reduced based on Beech Street preferred provider discounts.

ATLAS PEARLMAN

200.    Pursuant to Section 627.736(4)(b): "Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same."

201.    Pursuant to Section 627.736(c): "All overdue payments shall bear interest at the rate of 10 percent per year."

202.    PRUDENTIAL has failed to pay the full amount of the reasonable and necessary medical expense billed by Class Plaintiffs and the class members within 30 days after PRUDENTIAL was furnished with written notice of the reasonable and necessary amount of the medical expense.

203.    PRUDENTIAL has failed to pay interest on the remaining balances owed to Class Plaintiffs and the class members.

204.    By reducing Class Plaintiffs' and the purported class members' legitimate medical expenses by the application of Beech Street preferred provider discount rates, PRUDENTIAL has violated Section 627.736, Florida Statutes.

205.    As a result of PRUDENTIAL's failure to comply with Section 627.736, Florida Statutes, Class Plaintiffs and the members of the purported class have suffered damages.

WHEREFORE, Class Plaintiffs and the class demand the following relief:

        (a)    As to the First Cause of Action, compensatory damages;

        (b)    As to the Second Cause of Action, compensatory damages;

        (c)    As to the Third Cause of Action, compensatory damages, punitive damages, and injunctive relief;

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(d)    As to the Fourth Cause of Action, a declaration that PRUDENTIAL's insurance practices are improper;

(e)    As to the Fifth Cause of Action, compensatory damages;

(f)    Interest, Attorneys' fees and costs where applicable;

(g)    A trial by jury on all issues so triable; and

(h)    Such other and further relief as the Court may deem just and proper.

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this  day of January, 2002 upon: all individuals on the attached service list.

ERIC LEE



**Prudential**

Explanation of Reimbursement

☐ Prudential Property and Casualty Insurance Company
☐ Prudential General Insurance Company
☐ Prudential Commercial Insurance Company
☐ Merastar Insurance Company

──────────────── Claim Information ────────────────

| | | | |
|---|---|---|---|
| Claim Number: | 49U00191-C-1 | Office: | MAPCO |
| Policyholder: | LEWIN, | Caseworker: | WELLS |
| Claimant: | LEWIN, ANNA MARIE | Extension: | 3393 |
| Date of Loss: | 08/05/2000 | Party: | First |
| Updated: | 02/13/2001 | Bill No: | 65 |
| | | Audited: | 02/05/2001 |

──────────────── Provider Information ────────────────

ULTR OPEN MRI CORPORATION
PO BOX 1186
TAMPA, FL 33601

| | |
|---|---|
| Place of Service ZIP: | 33710 |
| Jurisdiction State: | |
| Payee EIN: | 59-3605967 |
| Specialty: | 30 - RADIOLOGY, DIAGNOSTIC MD OR DO |
| Patient Account Number: | 5663 |

──────────────── Diagnosis ────────────────

| # | ICD-9 | Description |
|---|---|---|
| 1 | 723.4 | BRACHIAL NEURITIS OR RADICULITIS NOS |

──────────────── Item Detail ────────────────

| Item | Date | POS | CPT-Mod | Description | Units | Charge | Allowed Amount | Reason Code |
|---|---|---|---|---|---|---|---|---|
| 1 | 01/19/01 | 11 | 72141 | MRI OF CERVICAL SPINE | | 899.00 | 539.40 | EXBECH |
| | | | | Totals for Bill | | 899.00 | 539.40 | |
| | | | | Co-payment of 20% | | | -107.88 | |
| | | | | Totals less Deductions | | | 431.52 | |

──────────────── Reason Code Description ────────────────

| Reason Code - Item | Description |
|---|---|
| EXBECH - | Charges exceed the Beech Street contractual allowance for this procedure |

──────────────── Additional Comment ────────────────

If reimbursement is forthcoming, check will be sent under separate cover.

Copyright (c) 1993 ADP Integrated Medical Solutions, Inc.

65 - 1

Exhibit "I"

Explanation of Reimbursement

 **Prudential**

**Prudential Property and Casualty Insurance Company
and Affiliated Companies**
PO Box 5061, Freehold NJ 07728

───────────────────────────── Claim Information ─────────────────────────────

| | | | |
|---|---|---|---|
| Claim Number: | 49T00092-09-118-B | Office: | MAPCO |
| Policyholder: | ANDERSON, THELMA | Caseworker: | BAUER |
| Claimant: | HANSON, RAMONA | Extension: | 3316 |
| Date of Loss: | 04/30/1999 | Party: | First |
| Updated: | 08/18/2000 | Bill No: | 45 |
| | | Audited: | 08/18/2000 |

───────────────────────────── Provider Information ─────────────────────────────

AFIELD, WALTER
NEURO PSYCHIARTIC INSTITUTE
5820-B W CYPRESS STREET
TAMPA, FL 33607

| | |
|---|---|
| Place of Service ZIP: | 33607 |
| Jurisdiction State: | |
| Payee EIN: | 59-1356640 |
| Specialty: | 86 - NEUROPSYCHIATRY MD or DO |
| Patient Account Number: | 6449-0007005g |

───────────────────────────── Diagnosis ─────────────────────────────

| Seq# | ICD-9 | Description |
|---|---|---|
| 1 | 854 | INTRACRANIAL INJURY OF OTHER AND UNSPECIFIED NATURE |
| 2 | 311 | DEPRESSIVE DISORDER, NOT ELSEWHERE CLASSIFIED |

───────────────────────────── Item Detail ─────────────────────────────

| Item | Date | POS | CPT-Mod | Description | Units | Charge | Allowed Amount | Reason Code |
|---|---|---|---|---|---|---|---|---|
| 1 | 06/22/00 | 11 | 99358-22 | PROLONGED SERVICE, W/ O CONTACT, 1ST HR | | 200.00 | 80.48 | EXBECH |
| 2 | 06/22/00 | 11 | 99361 | PHYSICIAN/ TEAM CONFERENCE, 30 MIN | | 100.00 | 50.71 | EXBECH |
| | | | | Totals for Bill | | 300.00 | 131.19 | |
| | | | | Co-payment of 20% | | | -26.24 | |
| | | | | Totals less Deductions | | | 104.95 | |

───────────────────────────── Reason Code Description ─────────────────────────────

| Reason Code - Item | Description |
|---|---|
| EXBECH      - | Charges exceed the Beech Street contractual allowance for this procedure. |

───────────────────────────── Additional Comment ─────────────────────────────

If reimbursement is forthcoming, check will be sent under separate cover.

Copyright (c) 1993 ADP Integrated Medical Solutions, Inc.                45 - 1

Exhibit "2"

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823 1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

