UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

SALVATORE D. LARUSSO, D.C.
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

01-8111



FILED by _____ D.C.

JAN 2 4 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY TO ATTEND DEPOSITIONS (D.E. #519)**

Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated ("LARUSSO"), by his undersigned counsel, hereby submits his Reply Memorandum of Law in Support of his Motion to Compel Defendant FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY ("FARM BUREAU") to attend depositions. For all the reasons set forth

7090-00100 345599.1


ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

herein and in his Motion to Compel, LARUSSO respectfully submits that his Motion to Compel should be granted in all respects.

## ARGUMENT

Despite an extraordinary effort to distort what has occurred in this case and in the other consolidated proceedings, FARM BUREAU cannot avoid the fact that it refused to answer questions at a duly scheduled deposition. Prior to scheduling the depositions of the corporate representatives, counsel for Class Plaintiffs made numerous requests from the Defendants for agreed upon dates for depositions. On October 11, 2001, counsel for Class Plaintiffs sent e-mails to counsel for all Defendants requesting dates for depositions. On October 17, 2001, after the Defendants failed to respond, counsel for Plaintiffs once again sent an e-mail advising that unless dates were provided by October 19, 2001, counsel for Class Plaintiffs would schedule the depositions. On October 18, 2001, counsel for FARM BUREAU sent an e-mail indicating that they were checking dates and would get back to counsel for Class Plaintiffs. When counsel for FARM BUREAU failed to provide dates by October 19, 2001, counsel for Class Plaintiffs scheduled the depositions of the Defendants' corporate representatives, including FARM BUREAU. FARM BUREAU was provided with more than a week to provide deposition dates and, after ignoring the request, was advised that the depositions would be scheduled if dates were not provided by October 19, 2001. When FARM BUREAU and the other Defendants failed to provide dates by October 19, 2001, counsel for Class Plaintiffs scheduled the depositions.

FARM BUREAU's deposition was originally scheduled for November 19, 2001. Upon being advised that the corporate representative was not available on that date, Class Plaintiffs agreed



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

to reschedule the deposition for December 14, 2001. Prior to the December 14, 2001 deposition, FARM BUREAU attempted to reschedule the deposition based on their assertion that their outstanding Motions should be ruled upon before the deposition proceeded forward. FARM BUREAU filed a Motion for Protective Order and Motion to Stay Discovery based on the their Motion to Dismiss and their Motion to Compel Arbitration. However, this Court's Trial Order specifically states that motions to dismiss will not stay discovery unless mandated by statute. There is no statute in these proceedings which mandates a discovery stay during the pendency of a motion to dismiss. In addition, by the date of the December 14, 2001 deposition, Magistrate Judge Snow issued a Report and Recommendation denying FARM BUREAU's Motion to Compel Arbitration. Despite seeking emergency relief from this Court, this Court did not stay discovery and did not issue a protective order prior to the December 14, 2001 deposition date. Based upon the foregoing, there is no justifiable reason for FARM BUREAU to have refused to answer questions at its deposition.

FARM BUREAU's assertion that it agreed to reschedule the deposition fails to fully advise this Court of the circumstances surrounding their purported agreement. Prior to the December 14, 2001 deposition, FARM BUREAU advised that based on its pending Motions, which had not been ruled upon, if the deposition was to go forward, it would adjourn the deposition a seek a protective order without allowing any questions to be asked. FARM BUREAU then advised that it would agree to reschedule the deposition for certain dates in January or February to allow this Court additional time to rule on its pending Motions. However, what FARM BUREAU failed to advise this Court is that it agreed to reschedule the depositions, but did not agree that the depositions would actually take place in the event that its outstanding Motions had not been ruled upon by the date of



the rescheduled deposition. Accordingly, if the deposition was rescheduled for one of the dates in January or February and the pending Motions had not been ruled upon, FARM BUREAU still would not have allowed the deposition to go forward and would have adjourned the deposition. Accordingly, FARM BUREAU's claimed agreement to reschedule the deposition was nothing more than a unilateral extension of time granting of its Motion for Protective Order. Based on the fact that FARM BUREAU would not agree to attend a deposition, even if it was rescheduled, class counsel refused to cancel the December 14, 2001 deposition. Based on an agreement among counsel, rather than have all parties travel to Gainesville, the parties agreed that if the deposition was to go forward, FARM BUREAU would have attended the deposition and adjourned the deposition without allowing any questions to be asked.

As to FARM BUREAU's claim that it responded to the discovery served on October 3, 2001, FARM BUREAU objected to the discovery, failed to provide answers to interrogatories, and has failed to produce any documents. Accordingly, its claim that it timely filed and served written responses and objections is inaccurate. FARM BUREAU timely served objections, but failed to properly respond and to produce documents.

Despite distorting the facts, FARM BUREAU cannot hide the fact that it refused to answer questions at a duly scheduled deposition. Since May 14, 2001, Class Plaintiffs have been attempted to proceed with discovery. Other than the production of a few documents by a few Defendants, none of the Defendants have produced any documents and all of the Defendants have refused to allow depositions to proceed. This Court's September 28, 2001 Omnibus Order specifically consolidated this action with the other pending PPO reduction class actions and it specifically indicates that all

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

discovery stays are lifted. This Court's Trial Order specifically indicated that there will be no stays of discovery unless mandated by statute. Despite the foregoing, FARM BUREAU and the other Defendants have effectively stayed discovery in these proceedings during the past four months. Accordingly, FARM BUREAU should be required to attend its deposition and Class Plaintiffs should be awarded attorneys' fees and costs incurred in having to file its Motion to Compel.

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order compelling Defendant FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY to attend its deposition and answer questions, awarding attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

7090-00100 345599.1

5



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

7090-00100 345599 1

6

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 23rd day of January, 2002 upon: all individuals on the attached service list.

_____
ERIC LEE

7090-00100 345599 1

7



## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823 1



<u>Counsel for Nationwide</u>

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

<u>Counsel for Florida Farm Bureau</u>

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

<u>Counsel for Liberty Mutual</u>

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

<u>Counsel for:
Hartford, Metropolitan, Integon</u>

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

<u>Counsel for Metropolitan</u>

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

<u>Counsel for Hartford</u>

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

<u>Counsel for Superior</u>

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

<u>Counsel for Prudential</u>

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

<u>Counsel for American International</u>

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile


7090-00100 318823.1


ATLAS PEARLMAN