UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR PAUL ZIDEL, on behalf of himself and
others similarly situated,

       Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

       Defendant/Third Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

       Third Party Defendant.

_____

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

       Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY, BEECH
STREET CORPORATION, and ADP
INTEGRATED MEDICAL SOLUTIONS, INC.,

       Defendants.

_____/

Case No. 00-6649



FILED by _____ D.C.

JAN 2 8 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**PROGRESSIVE DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL PROGRESSIVE DEFENDANTS
TO ATTEND DEPOSITIONS AND FOR SANCTIONS**

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), hereby file this Response in Opposition

Case No. 00-6061-CIV FERGUSON
Page 2

to Plaintiff's Motion to Compel the PROGRESSIVE Defendants to Attend Depositions and for

Sanctions, and state as follows:

## STATEMENT OF PROCEEDINGS

On September 28, 2001, this Court entered an Omnibus Order on Pending Motions

("Omnibus Order"), which consolidated fifteen (15) class actions and granted in part and denied in

part various Motions to Dismiss.  The Court also issued an Amended Order Setting Trial Date and

Discovery Schedule ("Amended Scheduling Order").  Shortly after the issuance of the Omnibus

Order, various Defendants filed motions to compel arbitration, for clarification of the Amended

Scheduling Order, and for protective orders.  In those Motions, the Defendants sought stays pending

arbitration, questioned the propriety of proceeding with merits discovery in conjunction with, or

even prior to, class discovery, and raised concerns about confidentiality.

Notwithstanding the Defendants' concerns, however, Plaintiff unilaterally noticed the

depositions of those representatives of the PROGRESSIVE Defendants with the most knowledge

of the following broad-ranging and merits-based topics:

    (a)    [Each] Defendant's solicitation by, discussions with, and agreements with any PPO;

    (b)    [Each] Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;

    (c)    [Each] Defendant's automobile insurance policies;

    (d)    The processing of personal injury protection benefits claims at reduced or preferred provider rates;

    (e)    Any negotiations or discussions with health care providers, insurance companies, or preferred provider organizations relating to the payment of personal injury benefits claims at reduced or preferred provider rates; and

    (f)    Any agreements [each] Defendant entered into with health care providers relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

Notice of Taking Depositions dated October 23, 2001, attached as Exhibit "A".  The depositions of

the PROGRESSIVE Defendants' corporate representatives purportedly were to take place on

December 11 and 12, 2001 in Tampa, Florida.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 SE SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

The PROGRESSIVE Defendants, in turn, repeatedly contacted Plaintiff in a good faith effort to resolve the numerous substantive and procedural deficiencies in Plaintiff's deposition notices. When those efforts failed to resolve the parties' differences, and prior to the scheduled dates for the depositions, the PROGRESSIVE Defendants filed a Motion for Protective Order. In that Motion, a copy of which is attached hereto as Exhibit B, the PROGRESSIVE Defendants discussed the unresolved motions for reconsideration, motions for clarification, and motions to compel arbitration and sought a stay of discovery, including the subject depositions, pending the resolution of the motions. In the alternative, PROGRESSIVE sought a partial stay, which would limit discovery to class certification issues.[1]

## A.    Plaintiff's Motion Does Not Meet Mandatory Procedural Requirements

Class Plaintiff's Motion to Compel does not comply with Fed. R. Civ. P. 26(c) and 37, or Local Rule 26.I(1), because Plaintiff has not certified that its counsel conferred personally with counsel for the PROGRESSIVE Defendants in a good faith effort to resolve the discovery dispute. Thus, the Motion to Compel is legally insufficient on its face and should be denied. *See Drexel Burnham Lambert, Inc. v. Warner*, 665 F. Supp. 1549 (S.D. Fla. 1987). *See also Taylor v. Florida Atl. Univ.*, 132 F.R.D. 304 (S.D. Fla. 1990).

## B.    The PROGRESSIVE Defendants have not violated any Court Orders

Contrary to the allegations in Class Plaintiff's Motion to Compel, the PROGRESSIVE Defendants have not violated this Court's September 28, 2001 Omnibus Order or Amended Scheduling Order. The Omnibus Order merely lifted existing stays on discovery which the Court

---

[1] At least six (6) other Defendants also have sought protective orders preventing the taking of the depositions of their corporate representatives based on the pending motions to reconsider, clarify, compel arbitration, and obtain guidance from the Court. In fact, not a single deposition of any of the Defendants' corporate representatives has occurred as unilaterally scheduled by Class Plaintiff. Thus, the PROGRESSIVE Defendants are not alone in defending their interests by the only means available – refusing to produce their corporate representatives, as scheduled, until such time as the Court resolves the concerns raised by the various pending motions.

had put in place pending its resolution of the Defendants' Motions to Dismiss. However, the Defendants, including PROGRESSIVE, have since raised compelling reasons for the issuance of a new stay on discovery, including concerns relating to confidentiality, judicial and litigation economy, and the need to distinguish between class and merits-based discovery.

Similarly, the Amended Scheduling Order establishes an April 1, 2002 discovery deadline, sets a May 13, 2002 Pretrial Conference, and schedules the case for trial during the two week period beginning June 17, 2002. However, the Amended Scheduling Order does not strip the PROGRESSIVE Defendants of their right to object to inappropriate or premature discovery requests, nor does it preclude them from seeking relief from the District Court on that basis. Moreover, the Amended Scheduling Order does not compel the PROGRESSIVE Defendants to tender any witness for deposition.

### C.    The PROGRESSIVE Defendants Have Acted Reasonably

The PROGRESSIVE Defendants' efforts to obtain relief from Class Plaintiff's broad-ranging and premature discovery have been diligent and reasonable. The PROGRESSIVE Defendants have not violated any discovery Order, nor have they engaged in bad faith, abuse or unjustified misuse of the discovery process. On the contrary, the PROGRESSIVE Defendants have taken every reasonable step possible under the circumstances. Nevertheless, the PROGRESSIVE Defendants faced the daunting prospect of being forced to produce up to eighteen (18) corporate officers and employees, at a substantial cost and disruption to the PROGRESSIVE Defendants' business operations, in a matter where the outcome of various pending motions might substantially alter the nature of the proceedings. In a spirit of cooperation and to avoid needless legal efforts, the PROGRESSIVE Defendants informed counsel for Class Plaintiff that they had chosen to await the decision of the Court before proceeding.

As the Court stated in *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997):

> When the parties to a case inform the court that there are objections to discovery requests that they cannot resolve, the court should provide rulings on the objections. When a party moves the court to compel discovery, the court should consider and

rule on the objections filed by the resisting party. While it has discretion to grant or deny the motion, it should not grant the motion in the face of well-developed, bona fide objections without a meaningful explanation of its decision.

Filtering out overly burdensome discovery requests before issuing dispositive orders serves many of the same purposes as eliminating nonmeritorious claims for relief that unnecessarily broaden the scope of discovery. To the extent that such requests unduly broaden the scope of discovery, rejecting them saves significant costs to the parties, the court and other litigants. To the extent the requests unduly increase the parties' costs of compliance, rejecting them will result in more equitable and more efficient discovery management and will discourage further abuse.

*Id.* at 1370.

The PROGRESSIVE Defendants have sought and continue to seek efficient discovery management by way of their pending Motion for Protective Order. Accordingly, this Court should deny Class Plaintiff's Motion to Compel.

**D.    Rule 37 Does Not Support Plaintiff's Request for Sanctions**

Rule 37 makes it clear that the PROGRESSIVE Defendants should not face sanctions merely because they filed and are awaiting a decision on their motion for protective order. *See* Fed. R. Civ. P. 37(d) ("the failure to act as prescribed by this subdivision may not be excused on the ground that the discovery is objectionable unless the party failing to act has a pending motion for protective order as provided by Rule 26(c)"). As correctly reflected in the Rule, the absence of a ruling on the pending motion by the District Court should not subject the PROGRESSIVE Defendants to sanctions. *See Chudasma,* 123 F.3d at 1370. Furthermore, where, as here, a party's actions are reasonable and substantially justified under the circumstances, the Rule makes it clear that sanctions are not warranted. *See* Fed. R. Civ. P. 37(d). *See also Reedy v. Lull Engineering*, 137 F.R.D. 405, 409 (M.D. Fla. 1991)(a court should deny a request for an award of fees as sanctions where the party's opposition was substantially justified or circumstances would make an award of expenses unjust); *See also Unicure, Inc. v. Thurman*, 92 F.R.D. 368 (W.D.N.Y. 1981).

Moreover, the cases upon which Class Plaintiff relies, *i.e., Hepperle v. Johnstone*, 590 F.2d 609 (5th Cir. 1979), *Goodwin v. City of Boston*, 118 F.R.D. 297 (D. Mass. 1988), and *U.S. v. One Lot of U.S. Currency*, 629 F. Supp. 1473 (S.D.Fla. 1986), do not support the entry of sanctions

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

against the PROGRESSIVE Defendants. Indeed, none of those cases involves the type of serious confidentiality questions and procedural turmoil, if not irreparable injury, that would result if Plaintiff in the instant action were permitted to proceed with its discovery efforts. On the contrary, in *One Lot of U.S. Currency,* the Court dismissed the party's claim only **after he failed to attend his deposition on three separate occasions without ever seeking a protective order**. Under such extreme circumstances, which indisputably are not present here, the Court found that sanctions were warranted.

Finally, Class Plaintiff's reliance on Appendix A, Section VI (B) of this Court's Local Rules as "specifically condemn[ing]" the PROGRESSIVE Defendants' actions is misplaced. Appendix A is known as the Discovery Practices Handbook. Administrative Order 96-36, adopting the Handbook, specifically states that "[t]he practices set forth in the Discovery Practices Handbook shall not have the force of law ..." and "[n]o provision of the Discovery Practices Handbook shall limit the discretion of a District or Magistrate Judge to provide for different practices in cases before that Judge." This certainly is a case which calls for the exercise of such discretion. Rule 37 of the Federal Rules of Civil Procedure provides that sanctions are not to be imposed where "the failure was substantially justified or other circumstances make an award of expenses unjust." Here, there has been no violation of a discovery order and no abuse of process. The PROGRESSIVE Defendants acted reasonably and with ample justification and, perhaps just as importantly, acted consistently in a manner the PROGRESSIVE Defendants believed was appropriate. Consequently, there is no basis for this Court to impose sanctions, and certainly no cause for imposing the civil litigation "death penalty," which the Class Plaintiff seeks.

## CONCLUSION

For each of the foregoing reasons, Defendants PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE COMPANY, respectfully request that this Court deny Class Plaintiff's

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, 100 S.E. SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**(Consolidated Class Action)**

**CASE NO. 00-0061-CIV-FERGUSON/SNOW**

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,

      Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS,
INC.,

      Defendants.
_____/

**PROGRESSIVE DEFENDANTS' MOTION FOR PROTECTIVE**
**ORDER AND SUPPORTING MEMORANDUM OF LAW**

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), move this Court, pursuant to Rule 26(c)

of the Federal Rules of Civil Procedure and Local Rule 7.1, for entry of a protective order with

respect to the October 23, 2001 Notices of Taking Deposition served herein by the Plaintiff Keith

Brickell ("Plaintiff"). In support of their Motion, the PROGRESSIVE Defendants state as follows:

On October 23, 2001, Plaintiff served the PROGRESSIVE Defendants with two Notices of

Taking Deposition. The first, a copy of which is attached as Exhibit A, is directed to personnel of

the various consolidated Defendants, including the PROGRESSIVE Defendants. The second, a copy

of which is attached as Exhibit B, seeks the following categories of information from as yet to be

designated 30(b)(6) representatives of the various consolidated Defendants, including the

PROGRESSIVE Defendants:

**EXHIBIT**

**B**

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

Corporate representatives with the most knowledge of:

    (a)    The Defendant's solicitation by, discussions with, and agreements with any PPO;

    (b)    The Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;

    (c)    The Defendant's automobile insurance policies;

    (d)    The processing of personal injury protection benefits claims at reduced or preferred provider rates;

    (e)    Any negotiations or discussions with health care providers, insurance companies, or preferred provider organizations relating to the payment of personal injury benefits claims at reduced or preferred provider rates; and

    (f)    Any agreements the Defendant entered into with health care providers relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

*See* Exhibit B.

However, a review of the record reveals that there are a myriad of outstanding motions relating to these consolidated cases, including motions for the issuance of a confidentiality order to protect the proprietary information that necessarily will be involved in any such depositions, which should be resolved before Plaintiff is permitted to take the depositions of the PROGRESSIVE Defendants' witnesses. Accordingly, this Court should defer the subject discovery until such time as the pending motions (discussed below) are resolved, a confidentiality order is entered, and the parties have agreed on a discovery schedule.

On September 28, 2001, this Court entered several orders in this case, including an Omnibus Order, wherein the Court consolidated fifteen (15) distinct PPO reduction actions filed by multiple Plaintiffs against twenty (20) different insurers. Since that time, Defendants and Plaintiffs have filed numerous motions pertaining to certain threshold questions, including motions to compel arbitration, motions for the entry of a confidentiality order, motions to stay discovery, and motions to reaffirm or clarify prior discovery orders. Because these motions have not yet been resolved, the procedural state of these cases is unsettled.

CASE NO. 00-6061-CIV FERGUSON/SNOW
Page 2

Corporate representatives with the most knowledge of:

(a)    The Defendant's solicitation by, discussions with, and agreements with any PPO;

(b)    The Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;

(c)    The Defendant's automobile insurance policies;

(d)    The processing of personal injury protection benefits claims at reduced or preferred provider rates;

(e)    Any negotiations or discussions with health care providers, insurance companies, or preferred provider organizations relating to the payment of personal injury benefits claims at reduced or preferred provider rates; and

(f)    Any agreements the Defendant entered into with health care providers relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

*See* Exhibit B.

However, a review of the record reveals that there are a myriad of outstanding motions relating to these consolidated cases, including motions for the issuance of a confidentiality order to protect the proprietary information that necessarily will be involved in any such depositions, which should be resolved before Plaintiff is permitted to take the depositions of the PROGRESSIVE Defendants' witnesses. Accordingly, this Court should defer the subject discovery until such time as the pending motions (discussed below) are resolved, a confidentiality order is entered, and the parties have agreed on a discovery schedule.

On September 28, 2001, this Court entered several orders in this case, including an Omnibus Order, wherein the Court consolidated fifteen (15) distinct PPO reduction actions filed by multiple Plaintiffs against twenty (20) different insurers. Since that time, Defendants and Plaintiffs have filed numerous motions pertaining to certain threshold questions, including motions to compel arbitration, motions for the entry of a confidentiality order, motions to stay discovery, and motions to reaffirm or clarify prior discovery orders. Because these motions have not yet been resolved, the procedural state of these cases is unsettled.

Specifically, various Defendants have asked the Court to reconsider its order consolidating these cases, because, among other things, consolidation prejudices the corporate defendants by forcing them to disclose to their competitors highly sensitive proprietary information related to their business practices. The Defendants further argue that they would be prejudiced even if the parties entered into a confidentiality agreement, because Plaintiffs would have an unfair advantage, in that they would be able to analyze the confidential documents with their attorneys, while counsel for Defendants would be prohibited from sharing such documents with each other. Finally, the Defendants contend that consolidation is inappropriate because the cases were brought by different Plaintiffs against different Defendants and are premised on different factual predicates.

If this Court grants any of the motions for reconsideration, the scope of discovery would be significantly different than if the cases were to go forward on a consolidated basis. Indeed, the ruling on the motions for reconsideration will directly impact the scope and nature of discovery. If the cases remain consolidated, the parties will have to enter into a confidentiality agreement, protecting each defendant's sensitive business practices and trade secrets from the other defendants. If, on the other hand, the Court grants a motion for reconsideration and separates the cases, the scope of discovery necessarily would be limited to the appropriate parties, thereby obviating the need for a comprehensive confidentiality agreement. For these reasons, discovery is inappropriate until the Court resolves the pending motions for reconsideration or, at the least, resolves the issue of a confidentiality order.

Moreover, even if the Court were to deny the motions for reconsideration and enter a confidentiality order, the depositions of the PROGRESSIVE Defendants should not occur until this Court revisits its scheduling order and permits all parties to reach the same stage of the proceedings. At this point, even though the cases have been consolidated, the fifteen cases are in varying stages of motion practice. Indeed, several defendants were not even served at the time Plaintiffs sought consolidation. These varying stages of litigation make it virtually impossible for all of the parties

to proceed uniformly through discovery. Some parties, for instance, may be dismissed based on their pending motions to compel arbitration. Meanwhile, other parties are awaiting rulings on motions for reconsideration. While multiple parties are in markedly different phases of the litigation process, it is logistically impracticable for the parties to move forward with discovery. Therefore, if the cases are to proceed in a consolidated manner, this Court should not permit the depositions of the PROGRESSIVE Defendants to occur until such time as it enters a unified scheduling order that would permit all parties to proceed with the consolidated litigation at the same pace.

Additionally, to the extent that this Court permits Plaintiff to take the depositions of the PROGRESSIVE Defendants, such depositions should be limited to class discovery, and not merits discovery. Merits discovery, which precedes a determination on class certification, is premature. Indeed, because courts do not consider the merits of a plaintiff's claim in ruling on a motion for class certification, courts routinely limit initial discovery to class certification issues. *See, e.g., In re Miller Indus., Inc. Secs. Litig.*, 186 F.R.D. 680 (N.D. Ga. 1999). In the interest of fairness and efficiency, the Eleventh Circuit has held that such bifurcated discovery is appropriate in these circumstances. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-1571 (11th Cir. 1992)("To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits").

In addition to the litigation-wide issues raised above, the PROGRESSIVE Defendants further object to the corporate depositions for several reasons. First as to the Rule 30(b)(6) Notice, Plaintiff has requested that the PROGRESSIVE Defendants produce representatives with the most knowledge in six (6) broadly defined areas of the PROGRESSIVE Defendants' business. Those categories, which are listed on page two of this Motion, are objectionable on various grounds. First, the descriptions are vague, overbroad, and seek information which is not reasonably calculated to lead to the discovery of admissible evidence. Category three, for example, requests that the

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

BANK OF AMERICA TOWER, ONE SECOND STREET, SUITE 4300, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

CASE NO. 00-6061-CIV FERGUSON/SNOW
Page 5

PROGRESSIVE Defendants produce an employee with the most knowledge of "Defendant's automobile insurance policies." Considering that the PROGRESSIVE Defendants are in the automobile insurance business, a request for someone with the most knowledge of "automobile insurance policies" is nonsensical and impossible to comply with in good faith. Thus, before the PROGRESSIVE Defendants can be made to comply with any Rule 30(b)(6) request, the Plaintiff must narrow its categories to comply with the requirements of that Rule, which plainly obligates the discovering party to "describe with reasonable particularity the matters on which examination is requested."

Second, the PROGRESSIVE Defendants object to Plaintiff's Notices of Taking Deposition to the extent that they violate a fundamental precept of federal procedure: efficiency in discovery. Pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure, the frequency or extent of the discovery methods permitted under the rules "shall be limited by the court of it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." In the context of these cases, the scheduling of multiple depositions of the Progressive Defendants[1] would be unreasonably cumulative, burdensome, and expensive for all parties. The depositions scheduled by the Plaintiff are the least efficient and most burdensome method of discovery and in light of the current status of the litigation, would be contrary to the spirit and letter of the Federal Rules of Civil Procedure.

**WHEREFORE,** PROGRESSIVE Defendants respectfully request that this Court

---

[1] Plaintiff's Notices of Deposition would potentially involve numerous depositions of the PROGRESSIVE Defendants, since six areas of testimony were broadly identified for each of the four PROGRESSIVE corporate entities, in addition to the three PROGRESSIVE employees specifically identified in Exhibit A.

CASE NO. 00-6061-CIV FERGUSON/SNOW
Page 6

enter a protective order preventing Plaintiff from taking the currently scheduled depositions of

Defendant's representatives until such later time as this Court orders.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1(H)**

Undersigned counsel certifies that we have, in good faith, conferred or attempted to confer

with counsel for Plaintiff in an effort to resolve the issues raised in this Motion but were unable to

agree to a resolution of these issues prior to the time of the filing of this Motion.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Protective

Order was sent by first class mail to all counsel on the attached service list on this 7th day of

December, 2001.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN & TORRICELLA
Attorneys for PROGRESSIVE Defendants
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Telephone:      (305) 373-4900
Facsimile:      (305) 373-6914

By: _____
Francis A. Anania
Florida Bar No. 160256
*fanania@anania-law.com*
Donald A. Blackwell
Florida Bar No. 370967
*dblackwell@anania-law.com*
Ana Rivero-Alexander
Florida Bar No. 872490
*arivero@anania-law.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

## <u>NOTICE OF TAKING CORPORATE DEPOSITIONS</u>

TO:    ALL COUNSEL ON THE ATTACHED SERVICE LIST

      PLEASE TAKE NOTICE that the undersigned attorneys will take the depositions of:

| <u>NAME</u> | <u>DATE AND TIME</u> | <u>PLACE</u> |
|---|---|---|
| JUAN ANDRADE | 12/21/01 9:00 a.m. | Michael Musetta & Assoc. |
| MICHAEL CRONIN | 12/21/01 2:00 p.m. | 1 Tampa City Circle |
| MICHAEL HANNERTY | 12/27/01 9:00 a.m. | 201 N. Franklin Street |
| DON MATHEWS | 12/27/01 1:00 p.m. | Suite 2880 |
| SUSAN DEAL | 12/27/01 3:00 p.m. | Tampa, FL 33602 |
| | | |
| TONI BOYD | 12/10/01 11:00 a.m. | Gold & Coulson |
| BILLIE COHEN | 12/10/01 9:00 a.m. | 11 S. LaSalle Street |
| WADE FAIRCHILD | 12/10/01 2:00 p.m. | Suite 2500 |
| DORI MCMAHON | 12/10/01 4:00 p.m. | Chicago, IL 60603 |
| GARY MELLINI | 12/11/01 9:00 a.m. | |
| ELLEN NEARY | 12/11/01 11:00 a.m. | |
| JIM OSBORNE | 12/11/01 2:00 p.m. | |
| SUZETTE OUBRE | 12/11/01 4:00 p.m. | |



EXHIBIT

A

7090-00100 335929.1

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | | |
|---|---|---|
| BILL HALE | 1/23/02 9:00 a.m. | Veritext California |
| JOE RADIGAN | 1/23/02 2:00 p.m. | 3090 Bristol Street |
| | | Costa Mesa, CA 92626 |
| | | |
| GAVIN MESHAD | 12/4/01 10:00 a.m. | JWM Management |
| | | 401 Cattleman Road |
| | | Sarasota, FL |

upon oral examination before a court reporter, notary public, or any other officer authorized by law to take depositions.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

ATLAS PEARLMAN

CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this _23rd_ day of October, 2001 upon: all individuals on the attached service list.

ERIC LEE

ATLAS PEARLMAN
ATTORNEYS AT LAW

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 10/19/01)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile



**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile



**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

ATLAS PEARLMAN

## MASTER SERVICE LIST
### Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esq.
Eric Lee, Esq.
Robin Corwin Campbell, Esq.
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, Florida 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

David B. Shelton, Esq.
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**Counsel for Beech Street and ADP**

John M. Quaranta, Esq.
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esq.
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esq.
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Prudential**

Kathy J. Maus, Esq.
Lauren D. Levy, Esq.
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

John D. Aldock, Esq.
Michael Isenman, Esq.
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

**Counsel for Superior**

Alan J. Nisberg, Esq.
BUTLER BURNETTE PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for American International**

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021