018365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.

    Defendants.
_____

CASE NO. 00-6061-CIV-FERGUSON/SNOW

NIGHT BOX
FILED

JAN 28 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

MOTE WELLNESS & REHAB, INC. on behalf
of itself and all others similarly situated,

    Plaintiff,

v.

AMERICAN INTERNATIONAL INSURANCE
COMPANY and AMERICAN INTERNATIONAL
SOUTH INSURANCE COMPANY,

    Defendants.
_____/

CASE NO. 01-8549-CIV-FERGUSON/SNOW

**MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

The Defendants, AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY (hereinafter AMERICAN INTERNATIONAL and AMERICAN SOUTH, respectively), by and through undersigned counsel, hereby file their Motion to Dismiss and Alternative Motion for Summary Judgment and as grounds therefor state:

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

## INTRODUCTION

The Plaintiff, MOTE WELLNESS & REHAB, INC. (hereinafter MOTE), filed its Class Action Complaint, on June 14, 2001, Case No.: 01-8549-CIV-Ryskamp. Service was effected on the Defendants on or about June 20, 2001. Although no motion to consolidate was ever filed in this action or served on these Defendants, the Plaintiff contends that this case is consolidated with a number of other cases against other insurers. Since no motion was ever served on these Defendants, they have not had any opportunity to respond to the proposed consolidation. The Court's Order granting motions to consolidate filed in other actions is the subject of these Defendants' pending Motion for Clarification seeking to determine whether this case is, indeed, consolidated with the other cases.

The Plaintiff's Complaint is brought in five counts: Count I for unjust enrichment; Count II for Third-Party Beneficiary Breach of Contract; Count III for RICO violations; Count IV for declaratory judgment; and Count V for violation of Florida Statutes §627.736. The basis for the Complaint is that MOTE submitted bills for payment of medical services rendered to the Defendants' insureds or claimants on a policy pursuant to an assignment of benefits, and that the Defendants allegedly improperly reduced such bills due to MOTE's participation in a preferred provider organization (PPO) network. The Plaintiff contends that these reductions are violative of Florida Statutes §627.736. While the Defendants believe that the Plaintiff's claims are without legal merit, MOTE cannot support the facts alleged regardless because no PPO deductions were ever recommended or taken from any bill submitted by MOTE to AMERICAN INTERNATIONAL. Moreover, MOTE has never submitted any bill whatsoever for treatment of an insured or other claimant on any policy issued by AMERICAN SOUTH. Accordingly, AMERICAN

2

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

INTERNATIONAL and AMERICAN SOUTH are entitled to dismissal of the Complaint, or alternatively, to summary judgment in their favor.

## I. AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY

Bills submitted by providers for treatment rendered to insureds or other claimants on a policy issued by AMERICAN SOUTH are adjusted by American International Group Claims Service (AIGCS). *See* Affidavit of Pam Jones. A search of the entire AIGCS claims system has revealed that AMERICAN SOUTH has not issued any policies of insurance for any individual insured who has obtained treatment from MOTE, or on which any non-insured claimant has obtained treatment. The Plaintiff was clearly aware of this fact but elected to proceed against AMERICAN SOUTH regardless of the lack of merit to the claim, as reflected in Plaintiff's Rule 26 disclosures showing claims made by Howard Vaine, Timothy Large, and Louis Galterio, each of whom is insured by an entity other than AMERICAN SOUTH. This is not a case of simple misidentification of the proper party since AMERICAN SOUTH is a separate and distinct insurer which has had no relationship with MOTE. *See* Affidavit of Pam Jones. Accordingly, AMERICAN SOUTH is entitled to dismissal of the Plaintiff's claim, or alternatively, to summary judgment in its favor.

## II. AMERICAN INTERNATIONAL INSURANCE COMPANY

Claims made on policies issued by AMERICAN INTERNATIONAL are similarly adjusted by AIGCS. *See* Affidavit of Pam Jones. Bills submitted by medical providers pursuant to an insured's assignment of benefits are reviewed to determine whether the amounts billed exceed the reasonable amount for such services pursuant to the requirements of Florida's PIP statutes. *Id.* Bills submitted by medical providers were reviewed to determine whether the provider was part of a PPO network for which deductions should be taken, however, AIGCS no longer participates in a PPO network for PIP claims. *Id.*

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

After a bill is reviewed to determine whether a reduction should be taken either for exceeding the reasonable cost of services or pursuant to a PPO agreement, an "Explanation of Review" letter is sent both to the provider and to the adjuster handling the claim. *Id.* Reductions for charges exceeding the reasonable cost of services are reflected in a column with the heading of "Bill Review," while reductions pursuant to a PPO agreement are reflected in a separate column with the heading of "PPO." *Id.* The reductions for either reason are recommended, not mandatory, and the adjuster has complete discretion as to whether the reductions should be taken or whether the entire amount billed should be paid. *Id.* In this case, the undisputed evidence reflects that no PPO deductions were ever recommended or taken on bills submitted by MOTE on a policy issued by AMERICAN INTERNATIONAL.

A search of the entire AIGCS claims system has turned up only two PIP policies issued by AMERICAN INTERNATIONAL on which claims were made for treatment by MOTE. The insureds on these claims are (1) Gregory F. Horton and Michele D. Horton, and (2) Christine M. Johansson. *See* Affidavit of Pam Jones. MOTE submitted bills for treatment of Aliya Horton, a claimant on Gregory F. Horton's policy, for treatment dates between March 16, 2001, and April 13, 2001. *Id.* As reflected in the PIP Payment Record and the Explanation of Review letters, no PPO reductions were ever recommended or taken for any treatment rendered to Aliya Horton by Mote Wellness & Rehab, Inc. *Id.* MOTE also submitted bills for treatment of Christopher Iverson, a second claimant on Gregory F. Horton's policy. *Id.* As reflected in the PIP Payment Record and the Explanation of Review letters, no PPO reductions were ever recommended or taken for any treatment rendered to Christopher Iverson by Mote Wellness & Rehab, Inc.

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

MOTE submitted bills for the treatment of Christine Johansson, another insured of AMERICAN INTERNATIONAL, for treatment between April 23, 2001, and May 22, 2001. As reflected in the PIP Payment Record and the Explanation of Review letters, no PPO reductions were ever recommended or taken for any treatment rendered to Christine Johansson by MOTE.

There are no bills for treatment rendered by MOTE for any other insureds having policies issued by AMERICAN INTERNATIONAL. Had the Plaintiff and his attorneys conducted the barest of investigation into this matter, it would have become readily apparent that this suit was frivolous from the beginning. Presumably, the Plaintiff has payment records showing that the amounts received on bills submitted for the above noted claims reflected no deductions for participation in a PPO network. The Plaintiff's bills were paid <u>in full</u> on every occasion. Since no PPO reductions were ever recommended or taken on bills submitted by MOTE for treatment on any policy issued by AMERICAN INTERNATIONAL, it is entitled to summary judgment in its favor.

### III. AMERICAN HOME ASSURANCE COMPANY

American Home Assurance Company (hereinafter American Home) is an insurer that issues automobile policies in the State of Florida. *See* Affidavit of Pam Jones. American Home is a separate and independent entity from AMERICAN SOUTH and AMERICAN INTERNATIONAL, and is not a named party in this lawsuit. *Id.* Claims submitted for medical treatment of American Home's insureds are also adjusted by AIGCS. *Id.*

It is apparent from the Plaintiff's Rule 26 disclosures that the Plaintiff believes improper PPO deductions were taken for treatment rendered to Howard Vaine, Timothy Large, and Louis Galterio. *See*

5

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

Exhibit 1, attached hereto.[1] However, these three individuals are insured by American Home, not AMERICAN SOUTH or AMERICAN INTERNATIONAL. *See* Affidavit of Pam Jones. In an effort to avoid the filing of another frivolous lawsuit naming American Home, the following information is provided establishing that no PPO deductions were ever taken for the three above named individuals, nor were PPO deductions taken for claims made on the American Home policy of Seymour Weiss, who is the only other American Home insured that received treatment from MOTE.

MOTE submitted bills, and obtained payment, for treatment of Louis Galterio, for treatment dates between December 29, 2000, and April 13, 2001. *See* Exhibit J to Affidavit of Pam Jones.[2] The Explanation of Review letter for service provided between February 16, 2001, and February 21, 2001, shows that PPO reductions were recommended. *Id.* However, as reflected by the adjuster's handwritten notes on the Explanation of Review letter and based on the PIP Payment Record sheet, the recommended PPO reductions were never taken and MOTE was paid in full.

MOTE submitted bills for treatment of Howard Vaine, for treatment beginning in January of 2001. The PIP Payment Record shows that no reductions were taken for any bills submitted by MOTE for treatment of Howard Vaine. The Explanation of Review letter for service provided on February 19, 2001, and February 21, 2001, reflect that PPO reductions were recommended. *See* Exhibit K to Affidavit of Pam Jones. However, this bill was never paid because Vaine's attorney requested that remaining benefits be

---

[1] A review of the Plaintiff's Rule 26 disclosures shows only one Explanation of Review letter in which PPO reductions were recommended, only for treatment of Howard Vaine.

[2] MOTE submitted several bills after coverage was exhausted, as confirmed in several letters to MOTE from AIGCS. *See* Exhibit J to Affidavit of Pam Jones.

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

allocated to Vaine's lost wages claim which ultimately exhausted the benefits available under the policy. *Id.*

MOTE also submitted bills for treatment rendered to Seymour Weiss and Mildred Weiss between June 2, 2000, and July 7, 2000. As reflected in the PIP Payment Record and the Explanation of Review letters, no PPO reductions were ever recommended or taken for any treatment rendered by MOTE to either Seymour Weiss or Mildred Weiss.

Finally, MOTE submitted bills for treatment of Timothy Large between February 5, 2001, and April 27, 2001. As reflected in the PIP Payment Record and the Explanation of Review letters, PPO reductions were recommended only on one occasion for treatment on February 19, 2001, and February 21, 2001, but these reductions were never taken. *See* Affidavit of Pam Jones.

Mote Wellness & Rehab, Inc. has not submitted bills for treatment of any other insureds or claimants on policies issued by American Home Assurance Company. *See* Affidavit of Pam Jones. As a non-party, American Home is not entitled to summary judgment, however, the Defendants are hopeful that the Plaintiff will refrain from filing another frivolous lawsuit based on the above information.

## **CONCLUSION**

In accordance with the foregoing, AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY is entitled to dismissal of the claim, or alternatively, to summary judgment in its favor because no insureds or claimants under one of its policies have ever treated with the Plaintiff. AMERICAN INTERNATIONAL INSURANCE COMPANY is also entitled to dismissal of the claim, or alternatively, to summary judgment in its favor since no PPO reductions were ever recommended or taken for any claimant under one of its policies that treated with the Plaintiff. Although American Home Assurance

7

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

Company is not a party to the suit, it is presumed that Plaintiff's counsel will not file a frivolous suit against it or amend the present suit to include American Home.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 25th day of January, 2002, to: Jan Douglas Atlas, Esq., Lead Counsel for Mote Wellness, Atlas Pearlman, P.A., 350 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida 33301. The motion was also mailed to counsel on the attached service list.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade

By: *Brian P Knight*
Dale L. Friedman, Esquire
Florida Bar No.: 854646
Brian P. Knight, Esquire
Florida Bar No.: 993662

BPK
02.0115
Z82747.WPD

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:
Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823.1

| | | |
|---|---|---|
| **Counsel for Nationwide**<br><br>FOWLER, WHITE, et al.<br>Katherine C. Lake, Esq.<br>klake@fowlerwhite.com<br>Post Office Box 1438<br>Tampa, FL 33601<br>(813) 228-7411<br>(813) 229-8313 Facsimile<br><br>SWARTZ CAMPBELL DETWEILER<br>James C. Haggerty, Esq.<br>haggerty@scdlaw.com<br>1601 Market Street<br>34th Floor<br>Philadelphia, PA 19103-2316<br>(215) 299-4314<br>(215) 299-4301 Facsimile<br><br>**Counsel for Florida Farm Bureau**<br><br>HOLLAND & KNIGHT, LLP<br>Robert K. Levenson, Esq.<br>rlevenson@hklaw.com<br>Greg Baldwin, Esq.<br>gbaldwin@hklaw.com<br>701 Brickell Avenue, Suite 3000<br>Miami, FL 33131<br>(305) 374-8500<br>(305) 789-7799 Facsimile<br><br>**Counsel for Liberty Mutual**<br><br>AKERMAN, SENTERFITT et al.<br>Mark Shapiro, Esq.<br>mshapiro@akerman.com<br>SunTrust International Center<br>28th Floor<br>One Southeast Third Avenue<br>Miami, FL 33131<br>(305) 374-5600<br>(305) 374-5095 Facsimile | **Counsel for:**<br>**Hartford, Metropolitan, Integon**<br><br>AKERMAN, SENTERFITT et al.<br>Marcy Levine Aldrich, Esq.<br>maldrich@akerman.com<br>SunTrust International Center<br>28th Floor<br>One Southeast Third Avenue<br>Miami, FL 33131<br>(305) 374-5600<br>(305) 374-5095 Facsimile<br><br>**Counsel for Metropolitan**<br><br>SONNENSCHEIN, NATH & ROSENTHAL<br>Jeffrey P. Lennard, Esq.<br>jpl@sonnenschein.com<br>8000 Sears Tower<br>Chicago, IL 60606<br>(312) 876-8000<br>(312) 876-7934<br><br>**Counsel for Hartford**<br><br>MAYER, BROWN & PLATT<br>Howard J. Roin, Esq.<br>hroin@mayerbrown.com<br>190 South LaSalle Street<br>Chicago, IL, 60603-3441<br>(312) 782-0600<br>(312) 701-7711 Facsimile<br><br>**Counsel for Superior**<br><br>BUTLER BURNETTE PAPPAS<br>Alan J. Nisberg, Esq.<br>anisberg@bbplaw.com<br>Bayport Plaza<br>6200 Courtney Campbell Causeway<br>Suite 1100<br>Tampa, FL 33607<br>(813) 281-1900<br>(813) 281-0900 Facsimile | **Counsel for Prudential**<br><br>BUTLER BURNETTE PAPPAS<br>Kathy J. Maus, Esq.<br>kmaus@bbplaw.com<br>Lauren D. Levy, Esq.<br>llevy@bbplaw.com<br>3520 Thomasville Road, Suite 102<br>Tallahassee, FL 32308<br>(850) 894-4111<br>(850) 894-4999 Facsimile<br><br>SHEA & GARDNER<br>John D. Aldock, Esq.<br>Jaldock@SheaGardner.com<br>Michael Isenman, Esq.<br>misenman@sheagardner.com<br>1800 Massachusetts Ave., N.W.<br>Washington, D.C. 20036<br>(202) 828-2000<br>(202) 828-2195 Facsimile<br><br>**Counsel for American International**<br><br>CONROY, SIMBERG, GANON,<br>KREVANS & ABEL, P.A.<br>Dale L. Friedman, Esq.<br>dfriedman@csglaw.com<br>Brian P. Knight, Esq.<br>bknight@csglaw.com<br>3440 Hollywood Boulevard<br>Second Floor<br>Hollywood, FL 33021<br>(954) 961-1400<br>(954) 967-8577 Facsimile | 

7090-00100 318823.1