UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/



### PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION DENYING CCN'S MOTION TO COMPEL ARBITRATION (D.E. #550)

Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated ("ZIDEL"), by his undersigned counsel, hereby submits his Objections to Magistrate Judge Snow's January 18, 2002 Report and Recommendation ("R&R"). For all the reasons set forth herein, ZIDEL respectfully submits that Third-Party Defendant CCN Manage Care, Inc.'s ("CCN") Motion to Compel Arbitration should be denied in all respects.

### ARGUMENT

### CCN HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION.

The R&R correctly concludes that CCN's Motion to Compel Arbitration should be denied. However, the R&R incorrectly concludes that in the event that CCN has a basis to compel arbitration, it has not waived its right to compel arbitration. As the Eleventh Circuit has stated:

> We have held that, despite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration. Thus, a party that "substantially

7090-00100 345958.1



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

invokes the litigation machinery" prior to demanding arbitration may waive its right to arbitrate. A party has waived its right to arbitrate if, "under the totality of the circumstances, the party has acted inconsistently with the arbitration right" and, in so acting, has in some way prejudiced the other party. When determining whether the other party has been prejudiced, we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process.

S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F. 2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in litigation or other actions inconsistent with the right to compel arbitration. Usher Syndicate Ltd., Inc. v. Figgie Int'l, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's 'substantial participation in litigation to a point inconsistent with an intent to arbitrate' which results in prejudice to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000) (quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense associated with litigation. Morewitz, 62 F.3d at 1366.

A.   **CCN Waived Any Purported Right to Arbitration When it Failed to Timely Respond to ZIDEL's May 3, 2000 Correspondence.**

Although the R&R mentions CCN's breach of a condition precedent to the enforcement of the Arbitration Agreement, the R&R makes no conclusion as to whether such a breach waived CCN's right to seek arbitration in these proceedings. Under the totality of the circumstances, CCN has acted inconsistently with its purported arbitration right. Pursuant to the provision set forth by CCN in order to seek arbitration: "The parties shall mutually agree to the appointment of an impartial arbitrator within 30 days of the written request for the appointment of any arbitrator by any party." Attached to CCN's Motion to Compel as Exhibit "C" was correspondence dated May 3, 2000, from

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

counsel for ZIDEL and others to CCN.[1] The correspondence is a written request for arbitration to resolve an allegation that CCN breached its provider agreement "by failing to execute contracts with Payor Organizations which offer Preferred Provider or Exclusive Provider Healthcare Coverage Plans to its beneficiaries and/or claimants."[2]

Pursuant to the May 3, 2000 correspondence and pursuant to the CCN Agreement, a demand was made that within 30 days that the parties agree upon the appointment of an impartial arbitrator. Neither CCN nor its counsel contacted ZIDEL's counsel within thirty (30) days of May 3, 2000 to discuss or mutually agree to the appointment of an impartial arbitrator. At no time since May 3, 2000, has CCN or its counsel suggested an impartial arbitrator to address the issue of whether CCN breached the terms and conditions of its provider agreements by failing to execute contracts with payor organizations which offer preferred provider or exclusive provider health care coverage plans. (Affidavit of Kopelman at ¶¶ 1-8)[3]. When parties agree that a demand for arbitration must be made within a certain time, the demand is a condition precedent and must be performed or the right to arbitrate has been waived. See Platt Pacific, Inc. v. Andelson, 862 P.2d 158 (Cal. 1993); Brick Township Mun. Util. Auth. v. Diversified R.B. & T. Constr. Co., Inc., 409 A.2d 806 (N.J. Super. Ct. App. Div. 1979). Having refused to respond to ZIDEL's request to arbitrate certain claims, CCN waived its right to seek to compel arbitration.

---

[1] A true and correct copy of the May 3, 2000 correspondence is attached hereto as Exhibit "1."

[2] Pursuant to the CCN Agreement, it was required to enter into contracts with payor organizations which offered preferred provider or exclusive provider health care coverage plans. The claim asserted in the May 3, 2000 correspondence is that CCN failed to enter into such agreements.

[3] Exhibit "2."

7090-00100 345958.1                          3

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**B.  CCN's Failure to Timely Raise Its Purported Arbitration Defense Constitutes a Waiver.**

In addition to its pre-suit waiver of its right to compel arbitration, CCN has acted inconsistently with its alleged arbitration right based on the facts in this case. This action was originally filed in January, 2000, by David Napoli, D.C. The claims asserted in the original Complaint were substantially the same claims asserted in ZIDEL's Second Amended Complaint. CCN was well aware of the claims asserted in the original Complaint against ALLSTATE. On October 30, 2000, ZIDEL was substituted as the Plaintiff in this matter. On December 27, 2000, ZIDEL was permitted to file his Second Amended Complaint asserting causes of action exclusively against ALLSTATE. On January 11, 2001, ALLSTATE filed its Motion to Dismiss. On January 29, 2001, ALLSTATE filed its third-party complaint against CCN asserting claims for indemnity. On March 19, 2001, CCN filed its Answer to the Third-Party Complaint.

The R&R fails to address the fact that at the time CCN filed its Answer to the Third-Party Complaint, it did not seek to compel arbitration. When a third-party defendant responds to a third-party complaint, it is required to raise all defenses required under Rule 12 and the failure to raise such defenses results in a waiver of the defense. Clark v. Associates Commercial Corp., 149 F.R.D. 629 (D. Kan. 1993). Similarly, a third-party defendant may assert any defenses which a third-party plaintiff may have to the plaintiff's claim. CCN did not seek to compel arbitration when ALLSTATE filed the Third-Party Complaint against CCN. CCN's Answer to the Third-Party Complaint does not assert that ZIDEL's claims against ALLSTATE are subject to Arbitration. Thus, CCN waived its right to belatedly assert this defense.

ATLAS PEARLMAN
ATTORNEYS AT LAW

C. **CCN's Participation in the Litigation Process Constitutes a Waiver of its Purported Right to Compel Arbitration.**

After filing its Answer to the Third-Party Complaint, CCN further participated in the litigation process. On February 13, 2001, CCN served its Joinder and Agreed Motion to Amend Pretrial Order. On March 2, 2001, CCN filed its Notice of Receipt of Transcript. On March 12, 2001, CCN served its Memorandum opposing consolidation. On April 25, 2001, CCN filed its response to Plaintiff's Motion to Continue Trial. On August 20, 2001, CCN filed its Request for Oral Argument and its Opposition to Plaintiffs' Motion to Limit Communications. On September 5, 2001, CCN filed a Motion to Preclude the Unauthorized Commencement of Merits Discovery. On September 6, 2001, CCN filed its Appendix to its Motion to Preclude the Unauthorized Commencement of Merits Discovery. On September 13, 2001, CCN filed its Notice regarding Motion to Preclude the Unauthorized Commencement of Merits Discovery.

ALLSTATE served its Third-Party Complaint against CCN in January, 2001. CCN served its Answer and Affirmative Defenses to the Third-Party Complaint in March, 2001. It was not until nine months after the Third-Party Complaint was filed that CCN filed its Motion to Compel Arbitration. During this time period, CCN took part in this litigation and clearly sought to benefit from the extensive Motion to Dismiss filed by ALLSTATE. ALLSTATE's Motion to Dismiss, if granted, could have disposed of this entire litigation. CCN sat on its purported right to compel arbitration while awaiting a ruling on ALLSTATE's Motion to Dismiss. At a status conference on May 14, 2001, this Court orally ruled that ALLSTATE's Motion to Dismiss would be denied. On September 28, 2001, this Court entered its Order denying ALLSTATE's Motion to Dismiss. Five days later, CCN filed its Motion to Compel Arbitration. The R&R fails to address the fact that CCN



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

waited until nine months after the Third-Party Complaint was filed to file its Motion to Compel Arbitration. This is a significant fact because it clearly demonstrates CCN's substantial participation in the litigation to a point inconsistent with an intent to arbitrate. If CCN believed that this matter should be arbitrated, it could have filed its Motion to Compel Arbitration in January, 2001. If CCN's Motion to Compel Arbitration was granted, the substantive issues raised in ALLSTATE's Motion to Dismiss would not have been before this Court and would have been decided in arbitration. Rather than timely seek arbitration, CCN has clearly sought two bites of the apple. In the event that this Court granted ALLSTATE's Motion to Dismiss, this matter and Third-Party Complaint against CCN would have likely been disposed of. By waiting until after this Court ruled on ALLSTATE's Motion to Dismiss to file its Motion to Compel Arbitration, CCN clearly took part in the litigation process by attempting to take advantage of a potential ruling by this Court. Based on the totality of the circumstances, CCN has waived its right to compel arbitration.

From the time the original Complaint was filed in this action until CCN filed its Motion to Compel (20 months), the original Plaintiff and ZIDEL have incurred and devoted a substantial amount of time and effort to prosecute claims against ALLSTATE and to respond to CCN's motions and arguments. Discovery has occurred, numerous motions have been filed and responded to, and a number of hearings have taken place to address the issues raised in this action. There is no question that ALLSTATE cannot compel arbitration of the claims asserted against it by ZIDEL since there is no arbitration agreement between ZIDEL and ALLSTATE. ALLSTATE has waived any right it may have had to compel arbitration and, other than a Notice of Joinder in CCN's Motion to Compel Arbitration, ALLSTATE has never sought to compel arbitration in these proceedings. It


ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

would be inequitable and improper to permit a Third-Party Defendant at this stage of the litigation, to now seek to compel arbitration of claims that are not asserted against it.

## CONCLUSION

For all the reasons set forth herein, Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated, respectfully requests that this Court adopt Magistrate Judge Snow's January 18, 2002 Report and Recommendation denying Third-Party Defendant CCN MANAGED CARE, INC.'s Motion to Compel Arbitration to the extent it finds that CCN does not have a legal basis to compel arbitration and to find that in the event that CCN does have the right to compel arbitration, it has waived its purported right, together with such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 28th day of January, 2002 upon: all individuals on the attached service list.

_____
ERIC LEE



**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

| Co-Lead Counsel for Plaintiffs | Co-Counsel for Plaintiffs | Counsel for Beech Street and ADP |
|---|---|---|
| ATLAS PEARLMAN, P.A.<br>Eric Lee, Esq.<br>lee@atlaslaw.com<br>Jan Douglas Atlas, Esq.<br>atlas@atlaslaw.com<br>Robin Corwin Campbell, Esq.<br>campbell@atlaslaw.com<br>Suite 1700<br>350 East Las Olas Boulevard<br>Fort Lauderdale, FL 33301<br>(954) 763-1200<br>(954) 766-7800 Facsimile<br><br>GOLD & COULSON<br>Arthur S. Gold, Esq.<br>asg@gcjustice.com<br>11 S. LaSalle Street, Suite 2500<br>Chicago, IL 60603<br>(312) 372-0777<br>(312) 372-0778 Facsimile<br><br>PHILLIPS & GARCIA<br>Andrew Garcia, Esq.<br>agarcia@phillipsgarcia.com<br>Carlin Phillips, Esq.<br>cphillips@phillipsgarcia.com<br>Attorneys at Law<br>13 Ventura Drive<br>North Darthmouth, MA 02747<br>(508) 998-0800<br>(508) 998-0919 Facsimile<br><br>KOPELMAN & BLANKMAN, P.A<br>Larry Kopelman, Esq.<br>Douglas Blankman, Esq.<br>dblan2155@aol.com<br>Bank of America Tower<br>One Financial Plaza<br>Suite 2510<br>Fort Lauderdale, FL 33394<br>(954) 462-6855<br>(954) 462-6899 Facsimile | Susan L. Lawson, Esq.<br>personalinjurylawyer@earthlink.net<br>Suite 200<br>230 East Davis Boulevard<br>Tampa, FL 33606<br>(813) 251-8879<br>(813) 251-5786  Facsimile<br><br>RICHARD BOKOR, P.A.<br>Richard Bokor, Esq.<br>rabokor1@tampabay.rr.com<br>230 East Davis Boulevard<br>Tampa, FL 33606<br>(813) 251-1000<br>(813) 254-6327 Facsimile<br><br>Casey Fundaro, Esq.<br>fundaro@aol.com<br>P.O. Box 7420<br>Fort Lauderdale, FL 33338-7420<br>(954) 462-2833<br>(954) 462-2835 Facsimile<br><br>**Counsel for:**<br>**Allstate, Fidelity and Casualty,**<br>**Continental, Deerbrook**<br><br>RUMBERGER, KIRK & CALDWELL<br>David B. Shelton, Esq.<br>dshelton@rumberger.com<br>Signature Plaza, Suite 300<br>201 South Orange Avenue (32801)<br>Post Office Box 1873<br>Orlando, Florida 32802-1873<br>(407) 872-7300<br>(407) 841-2133 Facsimile<br><br>ROSS & HARDIES<br>Peter J. Valeta, Esq.<br>peter.valeta@rosshardies.com<br>150 N. Michigan Avenue, Suite 2500<br>Chicago, IL 60601<br>(312) 750-3619<br>(312) 920-7241 Facsimile | TEW, CARDENAS,et al.<br>John M. Quaranta, Esq.<br>(305)539-2495<br>jmq@tewlaw.com<br>Miami Center, 26th Floor<br>201 S. Biscayne Boulevard<br>Miami, Florida 33131-4336<br>(305) 536-1116 Facsimile<br><br>**Counsel for Progressive**<br><br>ANANIA, BANDKLAYDER, et al.<br>Francis Anania, Esq.<br>fanania@anania-law.com<br>Donald A. Blackwell, Esq.<br>dblackwell@Anania-law.com<br>NationsBank Tower, Suite 4300<br>100 Southeast Second Street<br>Miami, Florida 33131<br>(305) 373-4900<br>(305) 373-6914 Facsimile<br><br>**Counsel for CCN**<br><br>MCGUIRE WOODS, LLP<br>William W. Deem, Esq.<br>wdeem@mcguirewoods.com<br>3300 Bank of America Tower<br>50 North Laura Street<br>Jacksonville, FL  32202<br>(904) 798-3200<br>(904) 798-3207 Facsimile |

7090-00100 318823.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile


7090-00100 318823.1


ATLAS PEARLMAN

FROM : KOPELMAN & BLANKMAN, P.A.          FAX NO. : 954 462 6899

LAW OFFICES OF
**KOPELMAN & BLANKMAN**
A PROFESSIONAL ASSOCIATION

NATIONSBANK TOWER, SUITE 1611
ONE FINANCIAL PLAZA
FORT LAUDERDALE, FLORIDA 33394

LAWRENCE M. KOPELMAN
DOUGLAS A. BLANKMAN

TELEPHONE
(954) 462-6855
FAX (954) 462-6899

May 3, 2000

Community Care Network/CCN
1507 N. Falkenburg Road
Tampa, Florida 33619

RE:   Park Place Therapeutic Center and Drs. Martin May, Alan Lazar, Martin Hale, Joel Rush, Paul Zidel, Richard Linn, Richard Berkowitz, Douglas Stringham, Andrew Ellowitz, Alan Novick, Debra Weiss and Neil Schechter

To Whom It May Concern:

Pursuant to Section 11.01 of the Community Care Network, Inc., Professional Care Provider Agreement entered into with Park Place Therapeutic Center on June 5, 1998 and further, pursuant to Section 12.02 of the Community Care Network, Inc., Professional Care Provider Agreement entered into with the above named medical providers, this letter shall serve as a written request for arbitration to resolve the disputes and demands set forth in my letter dated April 5, 2000.

Specifically, it is hereby alleged that Community Care Network has breached the terms and conditions of its agreements with the above referenced claimants by failing to execute contracts with Payor Organizations which offer Preferred Provider or Exclusive Provider Healthcare Coverage Plans to its beneficiaries and/or claimants.

Pursuant to the aforementioned agreements, we have thirty (30) days from the date of this request to mutually agree to the appointment of an impartial arbitrator. Kindly contact me upon receipt of this letter so that we may discuss the appointment of said arbitrator.

Very truly yours,

Lawrence M. Kopelman

LMK/cjl
CM-RRR

cc:   Matthew S. Nelles, Esquire
      Via: Fax & U.S. Mail

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated Case)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

### AFFIDAVIT OF LAWRENCE KOPELMAN, ESQ.

LAWRENCE KOPELMAN, ESQ. being duly sworn, deposes and states:

1. I am an individual over the age of eighteen and I make this Affidavit based upon personal knowledge of the facts states herein.

2. I am co-counsel for Plaintiff DR. PAUL ZIDEL ("ZIDEL") in this action.

3. On May 3, 2000, on behalf of ZIDEL and others, I sent correspondence to Third-Party Defendant COMMUNITY CARE NETWORK, INC. ("CCN") seeking to compel arbitration of a dispute regarding the CCN Professional Care Provider Agreement.

4. The dispute for which I sought arbitration was whether CCN breached the terms and conditions of its Agreement by failing to execute contracts with payor organizations which offer preferred provider or exclusive provider health care coverage plans.

5. Pursuant to the CCN Professional Care Provider Agreement, I demanded the mutual agreement and appointment of an impartial arbitrator within thirty (30) days of the date of the request.

6. Neither CCN nor its counsel contacted me within thirty (30) days of May 3, 2000 to mutually agree to the appointment of an impartial arbitrator.

7. At no time since I wrote the May 3, 2000 correspondence has CCN or its counsel contacted me with a suggested impartial arbitrator.

8. At the time ZIDEL was substituted as a Plaintiff in this action and at the time he filed his Amended Complaint, there was no agreement or appointment of an impartial arbitrator.

**UNDER PENALTIES OF PERJURY I DECLARE THAT I READ THE FOREGOING AFFIDAVIT AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT.**

_____
LAWRENCE KOPELMAN

STATE OF FLORIDA    )
                    )SS:
COUNTY OF BROWARD   )

The foregoing instrument was acknowledged before me this _24th_ day of _October_, 2001 by LAWRENCE KOPELMAN, who is personally known to me or who has produced _a driver's license_ as identification and who did/did not take an oath.

Notary Public:

sign _Arlene Culliney_

print _ARLENE CULLINEY_
State of Florida at Large (Seal)
My Commission Expires:

7090-00100 335173.1

