UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.
_____/



## NOTICE OF SUPPLEMENTAL AUTHORITY

PLEASE TAKE NOTICE that the Class Plaintiffs, on behalf of themselves and all others similarly situated, by their undersigned counsel, hereby notify this Court of supplemental authority in opposition to the pending Motions to Dismiss. On December 28, 2001, in <u>Dr. William Waters v. Nationwide Mutual Insurance Company</u>, in the County Court in and for Bay County, Florida, the Court granted summary judgment in an action relating to PPO reductions in violation of Section 627.736(10), Florida Statutes. A true and correct copy of the decision is attached hereto as Exhibit "1".



7090-00100 346337.1

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

7090-00100 346337.1

2



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 29th day of January, 2002 upon: all individuals on the attached service list.

_____
ERIC LEE

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:
Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile


7090-00100 318823.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile


**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:
Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile


7090-00100 318823.1


ATLAS PEARLMAN

JAN 18 2002

IN THE COUNTY COURT
IN AND FOR BAY COUNTY, FLORIDA

DR. WILLIAM B. WATERS
(Christina Miller)
c/o Andrew D. Wyman, Esq.
303 S. W. 6th St.
Ft. Lauderdale, FL 33315

    Plaintiff,

vs.

Case No.: 01-CC-1087

NATIONWIDE MUTUAL INSURANCE COMPANY
c/o Jay M. Walker, Esq.
P.O. Box 210
St. Petersburg, FL 33731

FILE# 2002-000060
BAY COUNTY, FLORIDA
** OFFICIAL RECORDS **
BOOK: 2101    PAGE: 204

    Defendant.

## SUMMARY JUDGMENT

    The facts in this case are not in dispute. The parties entered into a stipulation of fact and further affirmed during the hearing that the facts are settled. It is only the application of the law to the facts that the parties debate.

    The Defendant insurance company issued a insurance policy to Christine Miller. The policy was not a PPO policy as authorized by Fla. Stat. 627.736. Thereafter Christine Miller was injured in an auto accident, assigned her rights under the policy to the Plaintiff, and received medical treatment from the Plaintiff. Plaintiff now complains because the insurance company refused to pay more than PPO rates even though the policy was not a PPO policy.

    The Defendant asserts the right to pay reduced rates because Plaintiff entered into a contract with Beach Street Corporation, a Preferred Provider Organization, as did the Defendant. Even though the contract was not admitted in this proceeding, the Defendant asserts that based on the Beach Street Contract it is entitled to establish the amount to be paid in accord with the fee schedules of that contract. The Defendant, in effect, asserts the right to pay PPO rates, not because it issued a PPO policy, but because the provider entered into a contract with a PPO Organization.

    This argument must fail. Plaintiff has the right to bring this action only because of the assignment of the *insured's rights*. Those rights are not diminished by any contract which the Plaintiff doctor may have with Beach Street or any other third party. To the contrary, those rights are fixed by the terms of the Defendant's policy and the applicable law.

EXHIBIT "1"

** OFFICIAL RECORDS **
BOOK: 2101    PAGE: 205

The insurance company here seeks to have the best of both worlds. It did not issue a PPO policy which would have paid lower premiums, but nevertheless it seeks the advantage of a PPO policy to pay lower medical rates. To accept this argument, the Court would have to accept the proposition that the right of the insurance company to pay reduced rates depends on the chance selection of the provider rather than compliance with Fla. Stat. 627.736. According to this argument, if the selected doctor would ever accept PPO rates, evidenced by his contract with a PPO organization, then he must always accept such rates if the insured's carrier is also a signatory. This Court cannot accept such a proposal.

The motion of the Plaintiff for Summary Judgment is hereby granted. The Court specifically reserves jurisdiction to award costs, interest and attorney fees.

The parties have requested this Court certify the question presented in this case as one of great public importance under Fla. R. App. P. 9.030. The parties say there are hundreds of cases with this same issue pending in various courts around the state. Therefore, since this same issue has arisen in many cases and since there is no controlling precedent, this Court hereby certifies the following question:

> May an insurance company reduce fees payable to a doctor for medical care because the treating physician entered into a contract with a PPO organization to accept the reduced fees payable under a PPO policy, even though the patient treated did not have a PPO policy and the physician took an assignment of the insured's rights under the policy in return for treatment?

DONE AND ORDERED in chambers at Panama City, Bay County, Florida, this 28 day of December, 2001.

JOHN D. O'BRIEN
County Judge

I hereby certify that copies of the foregoing have been furnished by U.S. Mail to the above parties at the above addresses on this 28 day of December, 2001.

Deputy Clerk

RCD 01M 02 2002  08:08am
HAROLD BAZZEL, CLERK