## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division

### (Consolidated Class Action)

### CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,
             Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.,
             Defendants         .         /

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,
             Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE,
et al.,
             Defendants.         /

MARC J. BROWNER, D.C., individually
and on behalf of all other similarly situated,
             Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
et al.,
             Defendants.         /

**Respectfully referred to**
**U.S. Magistrate Judge Lurana Snow**

**DEFENDANTS BEECH STREET**
**CORPORATION AND ADP**
**INTEGRATED MEDICAL**
**SOLUTIONS, INC.'S REPLY**
**MEMORANDUM IN SUPPORT**
**OF MOTION TO COMPEL RULE 26**
**DISCLOSURES AND FOR OTHER**
**RELIEF AND SUPPORTING**
**MEMORANDUM OF LAW**

FILED by _____ D.C.

JAN 2 9 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

    Defendants Beech Street Corporation ("Beech Street") and ADP Integrated Medical

Solutions, Inc. ("ADP") hereby file this Reply Memorandum in Support of their Motion to

compel Plaintiffs to disclose a calculation of their claimed damages and produce supporting

documents as required by Federal Rule of Civil Procedure 26(a)(1)(C) and for other relief and

state as follows:

Contrary to what Plaintiffs argue in their Memorandum of Law in Opposition to Beech Street's and ADP's Motion to Compel Rule 26(a) Disclosures, Beech Street and ADP have not failed to comply with the mandatory disclosure requirements of Rule 26 and have not refused to take part in all discovery in this matter. As undersigned counsel has repeatedly explained to counsel for Plaintiffs, it is Beech Street and ADP's position that **merits** discovery has been stayed by this Court pending certification of the class. Therefore, Beech Street and ADP need not submit their Rule 26(a) disclosures, which only relate to the **merits** of the case, and need not take part in **merits** discovery until after the class has been certified. Undersigned counsel understands that it is Plaintiffs' position that all discovery stays have been lifted and therefore the parties may conduct merits discovery, and Beech Street and ADP respectfully disagree with such position. Counsel for Plaintiffs, however, do not even recognize Beech Street and ADP's position. Instead, Plaintiffs incessantly state, like a mantra, that Beech Street and ADP have wrongfully declined to participate in discovery.[1]

This red herring is a classic diversionary tactic. Whether or not Beech Street and ADP have failed to make certain disclosures pursuant to Rule 26(a) or have failed to participate in merits discovery is completely irrelevant to the instant Motion to Compel Rule 26(a) disclosures. Plaintiffs even go so far as to accuse Beech Street and ADP of being disingenuous for demanding more specific Rule 26(a) disclosures from Plaintiffs and not making any Rule 26(a) disclosures

---

[1] On January 25, 2002, U.S. District Judge Ferguson ruled from the bench that merits discovery will not proceed until class certification discovery is completed – thus reaffirming Beech Street and ADP's interpretation of the Court's prior orders in this case. The documentation required of Plaintiffs by Rule 26(a)(1)(C) are directly relevant to class certification discovery. Plaintiffs' damages are an important element of the class certification analysis that will be performed by the Court; accordingly, this vital information must be produced for the class certification process to proceed.

2

themselves. Beech Street and ADP have justified their demand for more complete disclosures from Plaintiffs in a letter dated November 27, 2001 (prior to filing the Motion to Compel): Because Plaintiffs have served their Rule 26(a) disclosures, Local Rule 26.1H mandates that Beech Street and ADP move to compel more complete disclosures within thirty (30) days or waive any right to such disclosures. Beech Street and ADP are not being disingenuous by moving to compel Plaintiffs to submit more complete Rule 26(a) disclosures; Local Rule 26.1H requires that they do so. Clearly, it is Plaintiffs who are being disingenuous.

Rule 26(a)(1)(C) provides that Plaintiffs "must, without awaiting a discovery request, provide to other parties . . . [a] computation of any category of damages claimed by the disclosing party[.]" Instead of disclosing the computation of damages they are claiming, as the Rule requires, Plaintiffs provided an example of their proposed methodology of how they may calculate their damages in the future and directed Beech Street and ADP (and the other Defendants) to make the calculation themselves. The Rule does not authorize such disclosure in lieu of a "computation." Further, in their Rule 26(a) disclosures, Plaintiffs describe the "documents that will establish these damages" and indicate that such "documents are all in the possession of the respective Defendants." (*See* Class Plaintiffs' Rule 26(a) Disclosures , at p. 13). Even if the documents that will establish the claimed damages are in the possession of Defendants or other parties, Plaintiffs are still required to provide a computation **to the extent Plaintiffs have access to such documents**. *See Dixon v. Bankhead*, 2000 WL 33175440 *1 (N.D. Fla.). Plaintiffs cannot justify their failure to provide a computation of damages by stating that Defendants have the documentation that establish the damages. *See id.* If Plaintiffs do not possess **or have access to** the documents necessary to compute their claimed damages, they

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

should have so indicated in their Rule 26(a) disclosures. *See Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376, 385 (E.D. Tex. 1997).[2]

In addition to requiring disclosure of the computation of claimed damages, Rule 26(a)(1)(C) requires Plaintiffs to make "available for inspection and copying . . . the documents or other evidentiary material . . . on which such computation is based, including materials bearing on the nature and extent of injuries suffered[.]" The Advisory Committee's Notes (1993) to Rule 26 provide that a plaintiff's obligation "to make available the supporting documents for inspection and copying . . . applies only with respect to documents then reasonable available to it . . . ." Therefore, to the extent Plaintiffs possess the documents establishing their claimed damages, or have access to such documents in the possession of certain Defendants or third parties, the documents are reasonably available to Plaintiffs and so Plaintiffs must make those documents available to Beech Street and ADP and all other Defendants for inspection and copying.

Because Plaintiffs described the documents and the information therein which could be used to calculate damages as if they have reviewed such documents, Beech Street and ADP logically concluded that Plaintiffs had access to those documents and, therefore, were required to provide a computation of damages based on information derived therefrom and make such

---

[2]Plaintiffs argue that *Dixon* and *Burrell* do not support Beech Street and ADP's position that Plaintiffs were required to provide a computation of damages in their Rule 26(a) disclosures and make the documents upon which such damages computation is based available to Beech Street and ADP for inspection and copying. Plaintiffs explain that the plaintiffs in those cases possessed or had access to the documents necessary to compute their claimed damages and that Plaintiffs here do not have the documents establishing their claimed damages. *Dixon* and *Burrell*, however, do support Beech Street and ADP's position. Indeed, Beech Street and ADP specifically moved to compel Plaintiffs to provide the computation and make the supporting documents available for inspection and copying TO THE EXTENT PLAINTIFFS POSSESS OR HAVE ACCESS TO SUCH DOCUMENTS. (*See* Motion to Compel Rule 26(a) Disclosures, at pp. 3, 4).

4

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

documents available for inspection and copying. Given that in their Rule 26(a) disclosures, Plaintiffs failed to provide the computation, failed to indicate that they would make the supporting documentation available for inspection and copying, and failed to state that they did not possess **or have access to** such documentation, Beech Street and ADP, after making informal requests in letters dated November 27, 2001 and December 7, 2001 to no avail, were forced to formally move this Court to compel Plaintiffs to disclose the computation and make the supporting documentation available for inspection and copying.

In their Memorandum in Opposition, Plaintiffs claim, for the first time, that "Defendants have refused to provide these documents[,] . . . BRICKELL does not have the records necessary to provide a detailed calculation of damages[, and] . . . [u]ntil such time as BEECH STREET AND ADP and/or PROGRESSIVE provide the information requested by BRICKELL in his Request to Produce and the information required to be produced by Rule 26, BRICKELL cannot provide a computation as to the damages for the class." If Plaintiffs truly do not possess or have access to the documents establishing their claimed damages and will not have those documents until Beech Street and ADP and the other Defendants produce such documents during **merits discovery** (which has been stayed until after class certification), Plaintiffs need not supplement their Rule 26(a)(1)(C) disclosures at this time. If, however, Plaintiffs do possess or have access to any document that establishes their claimed damages, they must provide a calculation of damages based on information derived therefrom and make any such document available for inspection or copying. Regardless, because of the deficiencies in Plaintiffs' Rule 26(a) disclosures described above, Beech Street and ADP were forced to file the instant Motion to Compel in order to preserve their right to receive a damages calculation and be permitted to inspect and copy the documents.

TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

For the foregoing reasons, this Court should compel Plaintiffs to provide a computation of their claimed damages and make the documents establishing such damages available to Beech Street and ADP for inspection and copying (to the extent Plaintiffs possess or have access to such documents) in accordance with Rule 26(a)(1)(C), and should grant Beech Street and ADP all other and further relief which this Court deems appropriate, including an award of attorneys' fees and costs, prohibit Plaintiffs from using information that they currently possess, or to which they have access, to calculate their claimed damages, strike Plaintiffs' pleadings, or enter a default judgment against Plaintiffs.

Respectfully submitted,

TEW CARDENAS REBAK KELLOGG LEHMAN
DEMARIA TAGUE RAYMOND & LEVINE, LLP
Co-Counsel for Defendants Beech Street Corp.
and ADP Integrated Medical Solutions, Inc.
2600 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-536-1112
Facsimile:  305-536-1116

By:_____
    JOSEPH A. DEMARIA, ESQ.
      Florida Bar No. 764711
      jad@tewlaw.com
    JOHN M. QUARANTA, ESQ.
      Florida Bar No. 940641
      jmq@tewla.com
    KENNETH D. MURENA, ESQ.
      Florida Bar No. 147486
      kdm@tewlaw.com

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served
via U.S. Mail this **29**<sup>TH</sup> day of January, 2002, on all counsel listed on the attached Service List.

_____
Counsel

::ODMA\MHODMA\Miami:323904;1

7

Tew Cardenas Rebak Kellogg Lehman DeMaria Tague Raymond & Levine, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

**Counsel for Prudential**

**Counsel for:**