IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

    Defendants.
_____/

SALVATORE LARUSSO D.C.       01-8110
d/b/a FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly situated,

    Plaintiff,

v.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

NIGHT BOX FILED
JAN 3 0 2002
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### FLORIDA FARM BUREAU'S RESPONSE TO PLAINTIFF'S UNAUTHORIZED SUPPLEMENTAL MEMORANDUM OPPOSING FLORIDA FARM BUREAU'S MOTION TO COMPEL ARBITRATION

#### Introduction

Florida Farm Bureau respectfully requests the Court to strike or disregard the unauthorized supplemental memorandum (the "memorandum") of Plaintiff Salvatore Larusso ("Larusso") opposing our motion to compel arbitration. The grounds are:

(1) The memorandum was filed without prior leave of the Court in violation of Southern District of Florida Local Rule 7.1(C). Larusso's purported "compelling" reason for filing the memorandum is a transparent excuse for his failure to raise the issue in a timely manner.

(2) In the event the Court considers the argument Larusso makes in the memorandum – that the McCarran-Ferguson Act bars application of the Federal Arbitration Act here – we demonstrate below that not only is this claim incorrect, but that Larusso ignored binding precedent holding that the McCarran-Ferguson Act does *not* preclude application of the Federal Arbitration Act ("the FAA") to enforce arbitration agreements in insurance policies. *Miller v. National Fidelity Life Ins. Co.*, 588 F.2d 185 (5th Cir. 1979).

### Background

We filed our motion to compel arbitration in May 2001. Larusso filed a response in June, and we filed our reply memorandum later that same month. On November 13, 2001, Magistrate Judge Snow issued a report and recommendation that the Court deny our motion. Larusso filed objections to the report and recommendation on November 28; we filed ours one day later. Both parties filed their responses to each other's objections on December 13, 2001, meaning the motion was fully briefed and ripe for adjudication by the Court as of that date.

### The Court Should Strike The Memorandum

Local Rule 7.1(C) authorizes a response to a motion and a reply in support of a motion, then states in unequivocal terms: "No further or additional memoranda of law shall be filed without *prior* leave of Court." S.D.L.R. 7.1(C) (emphasis added). Furthermore, Rule 4(a)(1) of the Magistrate Judge Rules of the Southern District of Florida authorizes objections to a report and recommendation and responses to objections, and nothing else.

Our motion to compel arbitration is fully briefed in accordance with these Local Rules. A response and a reply were filed in connection with the motion, and both parties have filed objections and responses to objections in connection with the report and recommendation. Thus, under the Local Rules, no party is allowed to file any other memorandum without ***prior*** leave of the Court. The Rules could not be clearer on this subject. Nonetheless, in direct violation of the Local Rules, Larusso filed a supplemental memorandum opposing our motion to compel arbitration *five weeks* after briefing was completed, raising an issue that he had not addressed in any of his three preceding pleadings filed in connection with the motion.[1]

Larusso gave lip service to the Local Rules by filing a motion for permission to submit the memorandum. But at exactly the same time, he violated the Rules by simultaneously filing his memorandum, rather than wait for a ruling by the Court on that motion as the Local Rules require. Clearly the Local Rules do not contemplate a party simultaneously filing both a motion for leave to file an additional memorandum and the memorandum itself. Otherwise compliance with the Rules would be reduced to a technicality and there would then be no point to Rule 7.1(C). Rather, the intent of the Rules is to prevent parties from doing what Larusso has done here – pepper the Court *ad infinitum* with additional thoughts any time they pop into a party's head. On this violation of the Local Rules alone, the Court should strike the memorandum.

In addition, the Court should strike the memorandum because Larusso's supposed "compelling" reason for filing it is a sham. Our motion to compel arbitration was based on a clause in Florida Farm Bureau's automobile insurance policies requiring medical providers who accept an assignment of benefits from an insured to arbitrate any disputes over those benefits.

---

[1] Since Larusso filed his supplemental memorandum, we have every right to respond to it. If the Court considers Larusso's memorandum, we ask that the Court also accept this response and treat this as a motion for leave to file the response.

We argued that the FAA required the Court to enforce that arbitration agreement. The Magistrate, however, held that the case of *Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.*, 753 So. 2d 55 (Fla. 2000), invalidated such contractual agreements to arbitrate.

We pointed out in our objections that *Pinnacle* could not have invalidated arbitration *agreements* because such agreements are enforceable under the FAA, and under the Supremacy Clause of the U.S. Constitution, the FAA preempts state laws restricting the enforceability of arbitration agreements. Larusso's supplemental memorandum argues that the FAA could not preempt *Pinnacle* because *Pinnacle* is a state law regulating insurance, and such laws are not subject to federal preemption under the McCarran-Ferguson Act, 15 U.S.C. § 1012(b).

This argument was available to Larusso at any point in the briefing process. We argued in our first motion and memorandum last May that the FAA required the Court to enforce the arbitration agreement at issue. As we discuss more extensively in the next section, *federal* courts, including those in this Circuit, have ruled as far back as *1969* on the effect of the McCarran-Ferguson Act on the FAA's preemption of state laws restricting the enforceability of arbitration agreements. Larusso therefore could have raised this issue as far back as his response to our motion in June, but he did not.

His "compelling" reason for raising this issue now is a California state court decision reached on October 25, 2001, of which he claims the Magistrate did not have the benefit. This simply is not true. The California decision was reached three weeks *before* the Magistrate issued her report and recommendation. Furthermore, Larusso could have argued this case in his response to our objections, which weren't filed until *seven weeks* after the California opinion.

It is plain that Larusso's "compelling" reason is a last-minute attempt to cover up the fact that he did not address the McCarran-Ferguson Act when he had the opportunity. The Court

4

should not reward Larusso's negligence by allowing him to file an additional memorandum on a subject he had ample chance to address in the pleadings authorized by the Local Rules. Accordingly, the Court should strike the memorandum.

### The McCarran-Ferguson Act Does Not Bar Application Of The FAA

Alternatively, if the Court decides to consider Larusso's substantive argument in the memorandum – that the McCarran Ferguson Act bars application of the FAA to enforce the arbitration agreement at issue – it should reject that argument because, as we have noted, there is binding precedent on this Court holding the opposite.

The McCarran-Ferguson Act precludes application of federal laws if, as a result, state laws regulating the business of insurance would be invalidated, impaired or superseded. *Miller v. National Fidelity Life Ins. Co.*, 588 F.2d 185, 186-87 (5th Cir. 1979). Larusso argues that the *Pinnacle* decision amounts to a law regulating the business of insurance, and that applying the FAA to enforce the arbitration clause at issue in this case would invalidate, impair or supersede this "law." Larusso is wrong.

*Pinnacle*, as we discussed extensively in our motion to compel arbitration, our reply in support of our motion, and our objections to the Magistrate's report and recommendation, did not invalidate contractual agreements to arbitrate in insurance policies.[2] It merely struck down a state statute ***requiring*** insurance companies to insert clauses in their policies mandating that medical providers arbitrate disputes over payment of benefits if they accept an assignment of benefits from an insured. *Pinnacle* did not ***forbid*** insurance companies from inserting such clauses in their policies and having them voluntarily agreed to. *See Ultra Open MRI Corp. v.*

---

[2] Because we have discussed this point on three previous occasions, for the Court's convenience we will not repeat our previous arguments. Instead, we refer the Court to those pleadings.

*Prudential Prop. and Cas. Ins. Co.*, Case No. 01-6778-FERGUSON/SNOW, Report and Recommendation of Magistrate on Motion to Compel Arbitration (S.D. Fla. Nov. 13, 2001).

Thus, because there is no law invalidating contractual agreements to arbitrate in insurance policies, there is no "law regulating the business of insurance" that would implicate the McCarran-Ferguson Act. All we have here is a contractual agreement to arbitrate in an insurance policy. So essentially what Larusso is arguing is that McCarran-Ferguson bars application of the FAA to enforce arbitration agreements in insurance policies. Several courts, including the Fifth Circuit before the Fifth Circuit-Eleventh Circuit split, have ruled on this very subject, and held that McCarran-Ferguson does ***not*** bar application of the FAA to enforce arbitration agreements in insurance policies. *Miller*, 588 F.2d at 185. Fifth Circuit opinions predating the circuit split in 1981 are binding precedent on courts in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

In *Miller*, a former airline pilot sued his insurer under a disability policy for non-payment of benefits. The policy had a clause requiring arbitration of the claims at issue. As Larusso does in this case, the pilot in *Miller* argued that McCarran-Ferguson precluded application of the FAA to enforce the arbitration agreement. Both the district court and the Fifth Circuit rejected this argument. In upholding the district court's grant of summary judgment in favor of the insurer, the Fifth Circuit held that the pilot had failed to show that any Georgia law regulating insurance would be invalidated, impaired or superseded by enforcement of the arbitration agreement. *Miller*, 588 F.2d at 187: "[b]ased upon the clear meaning of 15 U.S.C.A. s 1012(b), the district court correctly concluded that McCarran-Ferguson did not apply and that the Federal Arbitration Act made the arbitration clause of the policy valid, enforceable, and irrevocable." *Id.*

The Fifth Circuit noted that it was not alone in holding that McCarran-Ferguson does not preclude application of the FAA to enforce arbitration agreements in insurance policies. *See*

*Hart v. Orion Ins. Co.*, 453 F.2d 1358 (10th Cir. 1971) (FAA did not impair, invalidate or supersede any state law governing insurance and thus commanded enforcement of arbitration agreement in insurance policy notwithstanding McCarran-Ferguson Act); *Hamilton Life Ins. Co. of N.Y. v. Republic Nat'l Life Ins. Co.*, 408 F.2d 606 (2d Cir. 1969) (McCarran-Ferguson Act did not preclude enforcement of arbitration agreement between two insurance companies under FAA); *Triton Lines, Inc. v. Steamship Mutual Underwriting Ass'n*, 707 F. Supp. 277 (S.D. Tex. 1989) (anti-arbitration provisions of the Texas Insurance Code were not laws regulating the business of insurance since they did not focus on underwriting and spreading of policy holder's risk and therefore were countermanded by the requirements of the FAA); *Ainsworth v. Allstate Ins. Co.*, 634 F. Supp. 52 (W.D. Mo. 1985) (Missouri law barring arbitration of executory contracts, including insurance policies, was not a law regulating the business of insurance, and thus McCarran-Ferguson did not bar application of the FAA to enforce an arbitration clause in an agreement between two insurance companies); *Bernstein on behalf of Commn'r of Banking and Ins. of Vermont v. Centaur Ins. Co.*, 606 F. Supp. 98 (S.D.N.Y. 1984) (McCarran-Ferguson Act did not preclude enforcement of arbitration agreement under the FAA because no New York law regulating the business of insurance would be affected). *See also In re Managed Care Litig.*, 132 F. Supp. 2d 989 (S.D. Fla. 2000) (although not mentioning McCarran-Ferguson Act, holding that FAA required subscribers and physicians to arbitrate claims against health insurers because insurer's agreements with both parties required them to arbitrate); 15 COUCH ON INS. (3d ed. 1996) § 209:13 ("as a general rule, the McCarran-Ferguson Act ... does not preclude the application of the Federal Arbitration Act because the FAA does not invalidate, impair, or supersede a state law regulating the business of insurance") (footnotes omitted).

Against this overwhelming weight of authority, including binding precedent, the California case interpreting California state law cited by Larusso as his "compelling" reason for filing the memorandum is irrelevant. That case, like others cited by Larusso, discusses the three-part test for determining whether a state law is one "regulating the business of insurance." That test has no application here since, as we have just discussed, numerous courts have held that enforcing an arbitration clause in an insurance policy does not impair, invalidate or supersede any state law regulating the business of insurance. Thus, McCarran-Ferguson is not implicated.

However, even if the Court were to somehow interpret *Pinnacle* as a "law" restricting the enforceability of contractual agreements to arbitrate between insurance companies and medical providers, that would not make it a "law regulating the business of insurance" under the three-factor test cited by Larusso. Thus, McCarran-Ferguson *still* would not be implicated and the FAA would *still* require enforcement of the arbitration agreement at issue.

The three-part test asks: (1) whether the law has the effect of transferring a policy holder's risk; (2) whether the law is an integral part of the policy relationship between the insurance company and the insured; and (3) whether the law is limited to the insurance industry. In this case, while we acknowledge *Pinnacle*'s holding was limited to the insurance industry, neither of the other two factors are present. Larusso has conceded that *Pinnacle*'s ruling governing whether third-party providers are required to arbitrate claims for benefits against insurers does not have any effect on spreading or transferring a policy holder's risk. Memorandum at 6. *See also Triton Lines*, 707 F. Supp. at 279 (anti-arbitration provision of Texas Insurance Code was not law "regulating the business of insurance" because it had nothing to do with spreading policy holder's risk).

That leaves the third factor – whether the law is integral to the relationship between the insured and the insurer. The answer here is a self-evident no. *Pinnacle* was only concerned with whether ***third-party medical providers*** should be required to arbitrate claims for benefits with insurers. The answer one way or the other changes nothing about the relationship between the ***insured*** and the insurer. ***That*** relationship remains static. *See Miller*, 588 F.2d at 187 (laws governing arbitration were not provisions applying to the business of insurance); *Hart*, 453 F.2d at 1360 (same); *Ainsworth*, 634 F. Supp. at 56-57 (law governing arbitration between insurance companies did not affect relationship between insured and insurer); *Triton Lines, supra.*

Clearly, then, even if this Court were to find that *Pinnacle* was a "law" restricting the enforceability of contractual agreements to arbitrate between insurance companies and medical providers, it would not be a "law regulating the business of insurance" under the three-factor test. McCarran-Ferguson would then not act as a bar to enforcement of the arbitration agreement at issue. But, as we have shown, *Pinnacle* is not and could not be a "law" restricting the enforceability of arbitration ***agreements*** in insurance contracts. Thus, McCarran-Ferguson is irrelevant here, and under the FAA the Court must enforce the arbitration agreement between Larusso and Florida Farm Bureau.

### Conclusion

For the reasons discussed in this response, the Court should strike Larusso's supplemental memorandum. Alternatively, the Court should disregard the substantive argument in the memorandum when deciding our motion to compel arbitration. Furthermore, we ask the Court to order Larusso not to file any more memoranda in violation of the Local Rules, and in particular not to respond to this pleading. The motion to compel arbitration has been extensively briefed. While we're quite sure that both parties could think of additional things to say about it, the Local

Rules were designed to control the amount of paper both parties could visit upon the Court and not give parties extra chances to argue. Larusso should not be permitted to continue to raise new arguments simply because he feels like it. We ask that the Court put at end to that behavior, and rule on the motion to compel arbitration.

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (fax)
Attorneys for the Defendant

By: _____
Gregory Baldwin
Florida Bar No. 527394
Robert K. Levenson
Florida Bar No. 0089771

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing memorandum was served by U.S. Mail on all counsel on the attached service list, this 30th day of January, 2002.

HOLLAND & KNIGHT LLP

MIA1 #1106998 v3

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Lawrence M. Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
(305) 539-2495
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934-Facsimile

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

BUTLER BURNETTE PAPPAS
Lauren D. Levy, Esq.
llevy@bbplaw.com
Alfred I. DuPont Building
169 East Flagler Street, Suite 1300
Miami, Florida 33131
(305) 416-9998
(305-416-6848-Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

MIA1 #1090605 v1