UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.
doing business as CCN,

    Third-Party Defendant.

_____

ULTRA OPEN MRI CORPORATION, et al., on behalf      01-6778
of itself and others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

_____

### PRUPAC'S MEMORANDUM IN OPPOSITION TO CLASS PLAINTIFFS' MOTION TO SUBMIT SUPPLEMENTAL MEMORANDUM

More than four months after the Motion to Compel Arbitration (the "Arbitration Motion")

filed by Defendant Prudential Property and Casualty Insurance Company ("PruPAC") was fully



-2-

briefed, and more than two months after United States Magistrate Judge Lurana S. Snow issued her Report and Recommendation that the Court grant PruPAC's motion, plaintiff Ultra Open MRI Corp. ("UOMC") now seeks to raise a new argument in opposition to PruPAC's Arbitration Motion. Specifically, in its "Class Plaintiffs' Motion to Submit Supplemental Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration" (the "Motion to Submit") and its simultaneously-filed "Supplemental Memorandum in Opposition to Defendants' Motions to Compel Arbitration" (the "Supplemental Memorandum"), UOMC now seeks to argue that Federal Arbitration Act preemption is inapplicable because of the McCarran-Ferguson Act.

UOMC's belated attempt to avoid its obligation to arbitrate must be rejected. First, UOMC has waived this argument and cannot raise it now, and moreover, in filing the Motion to Submit and the Supplemental Memorandum, UOMC has flouted the Court's procedural requirements. Second, UOMC's last-minute argument is irrelevant to Judge Snow's Report and Recommendation, which does not even mention preemption under the Federal Arbitration Act. Third, even if preemption under the Federal Arbitration Act were at issue, UOMC's argument is simply incorrect. Accordingly, UOMC's Motion to Submit should be denied and UOMC's Supplemental Memorandum struck.

## PROCEDURAL STATEMENT

On August 6, 2001, prior to answering or otherwise responding to UOMC's complaint, PruPAC filed its Motion to Compel Arbitration (D.E. # 10 in Case No. 01-6778) (the "Arbitration Motion"). In its Motion, PruPAC requested that UOMC be compelled to arbitrate its dispute rather than litigate the case in this Court.

-3-

On August 16, 2001, UOMC filed a memorandum in opposition to PruPAC's Arbitration Motion (D.E. # 11 in Case No. 01-6778) (the "Opposition to Arbitration"). In its Opposition to Arbitration, UOMC erroneously argued that the arbitration provision PruPAC sought to enforce was void under the Florida Supreme Court's decision in *Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc.*, 753 So. 2d 55 (Fla. 2000). UOMC did *not*, however, raise any argument regarding the McCarran-Ferguson Act's impact on PruPAC's Arbitration Motion. PruPAC filed its reply memorandum on August 30, 2001 (D.E. # 14 in Case No. 01-6778).

On September 28, 2001, the Court referred PruPAC's Arbitration Motion to United States Magistrate Judge Lurana Snow. On November 13, 2001, Judge Snow issued her Report and Recommendation (D.E. # 318 in Case No. 00-6061) (the "R&R"), in which Judge Snow recommended that PruPAC's Motion be granted and UOMC be compelled to arbitrate its dispute. Judge Snow did *not* conclude, however, that the Federal Arbitration Act preempted the Florida Supreme Court's decision in *Pinnacle*. Judge Snow held, rather, that the *Pinnacle* case was inapplicable to the arbitration provision at issue in the lawsuit.

On November 28, 2001, UOMC filed its "Plaintiff's Objections to Report and Recommendation (D.E. #318)" (D.E. # 363 in Case No. 00-6061) (the "Objections"). UOMC again incorrectly argued that the *Pinnacle* decision was applicable and that Judge Snow's recommendation was therefore wrong. Also again, however, UOMC did *not* raise any argument regarding the McCarran-Ferguson Act's effect on PruPAC's Arbitration Motion. PruPAC filed its response to UOMC's Objections on December 17, 2001 (D.E. # 435 in Case No. 00-6061). The R&R is currently before the Court for consideration.

-4-

On January 23, 2002, UOMC and all other plaintiffs in these consolidated actions jointly filed their Motion to Submit (D.E. # 559 in Case No. 00-6061) and, without waiting for the Court to rule on the Motion to Submit and in clear violation or Local Rule 7.1(C), simultaneously filed their Supplemental Memorandum (D.E. # 560 in Case No. 00-6061). Having failed to raise any argument regarding the McCarran-Ferguson Act in either its Opposition to Arbitration *or* in its Objections, UOMC now seeks for the first time to raise that issue in the Motion to Submit and the Supplemental Memorandum.

## ARGUMENT

## I.    UOMC'S SUPPLEMENTAL MEMORANDUM IS PROCEDURALLY BARRED.

UOMC's Supplemental Memorandum is procedurally barred for at least three separate reasons. First, UOMC failed to raise the argument in its briefs to Judge Snow or, for that matter, in its objections to Judge Snow's Report and Recommendation; the argument is therefore waived. Second, UOMC violated Local Rule 7.1(C), which prohibits the filing of any "further or additional memoranda of law . . . without *prior* leave of Court." (Emphasis added.) UOMC has already filed the Supplemental Memorandum, without waiting for prior leave. Third, UOMC violated Local Rule 7.1(A)(3)(a), which requires UOMC to confer with counsel for PruPAC, and so certify, prior to filing its Motion to Submit. For each of these reasons, the Motion to Submit should be denied and UOMC's Supplemental Memorandum struck.

>    A.    UOMC Waived the Supplemental Memorandum's Argument
>          by Not Raising It Before the Magistrate Judge.

UOMC concedes that it failed to "address the McCarran-Ferguson Act prior to the entry of the Magistrate Judge's Reports and Recommendations," despite the fact that it is "well

-5-

established that the McCarran-Ferguson Act provides an exception to the general rule of preemption." See Motion to Submit at 4-5. Moreover, UOMC again failed to raise the argument in its Objections to Judge Snow's R&R.

UOMC has therefore waived any argument regarding the McCarran-Ferguson Act. It is well-established that "arguments not made before a magistrate judge are normally waived." *United States* v. *Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). So too, in this Circuit, District Courts follow the rule that a party who fails to present an argument to a magistrate judge has waived the right to present that argument to the district court. E.g., *Jaffe* v. *Grant*, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986); *Giraldo-Rincon* v. *Dugger*, 707 F.Supp. 504, 505 (M.D. Fla. 1989).[1]

Nor does UOMC present any compelling reason for the Court to overlook UOMC's clear waiver. UOMC asserts that it did not have an opportunity to raise a California state case – *Smith* v. *Pacificare Behavioral Health of California*, 93 Cal. App. 4th 139, 113 Cal. Rptr.2d 140 (Oct. 25, 2001) – before the Magistrate Judge. See Motion to Submit at 5. Contrary to UOMC's assertion however, courts only permit a party to submit supplemental authority on issues *"already properly raised* in the initial briefs." *United States* v. *Nealy*, 232 F.3d 825, 830 (11th

---

[1]Indeed, Class Plaintiffs have previously urged the Court to apply this very rule and bar consideration of any argument not presented to Judge Snow. For example, plaintiff Larusso (in Case No. 01-8111) previously has argued that "[b]y failing to assert these arguments before the Magistrate Judge, FARM BUREAU has waived its right to assert these arguments in its objections to the [Report and Recommendation]." Plaintiffs' Response to Def. Florida Farm Bureau's Objections to Magistrate's Report and Recommendation (D.E. #370) at 5-6 (citing *Melgar*). In the instant motion, Class Plaintiffs cannot and do not present a compelling reason why this rule should not be applied equally to them as well.

-6-

Cir. 2000) (citing similar holdings from other circuits) (emphasis added). UOMC never raised

any argument regarding the McCarran-Ferguson Act previously, however.

UOMC cannot claim that the case law was previously unavailable to it. In its

Supplemental Memorandum, UOMC relies chiefly on *United States Dep't of Treasury* v. *Fabe*,

508 U.S. 491 (1993), which discusses in detail the anti-preemption provisions of the McCarran-

Ferguson Act. Plaintiff also cites *Standard Security Life Ins. Co.* v. *West*, 127 F.Supp.2d 1064

(W.D. Miss. 2000), which specifically discusses the situations in which the McCarran-Ferguson

Act precludes utilizing the Federal Arbitration Act to preempt a state statute that regulates

insurance. Both of these cases had been decided well before UOMC filed its Opposition to

Arbitration, let alone its later Objections. In contrast, UOMC barely mentions *Smith*, the new

California state case that UOMC contends is the basis for its filing the Supplemental

Memorandum. Moreover, *Smith* was decided over a month before UOMC even filed its

Objections.

In sum, the issuance of a California state decision provides no basis to exempt UOMC

from the general rule that "parties cannot properly raise new issues at supplemental briefing, even

if the issues arise based on the intervening decisions or new developments cited in the

supplemental authority." *Nealy*, 232 F.3d at 830.

B.    UOMC Failed to Obtain Prior Leave of the Court
      Before Filing the Supplemental Memorandum.

Local Rule 7.1(C) requires that after an initial memorandum of law, an opposition, and a

reply have been filed, "no further or additional memoranda of law shall be filed without *prior*

*leave* of the court." (Emphasis added.) UOMC has filed its Supplemental Memorandum without

-7-

obtaining that prior leave. Specifically, UOMC filed its Motion to Submit, but then without waiting for the Court to rule on that motion, UOMC simultaneously filed its Supplemental Memorandum. The Court should therefore strike the Supplemental Memorandum. Cf. *Martinez v. Weyerhaeuser Mortgage Co.*, 959 F.Supp. 1511, 1515-1516 (S.D. Fla. 1996) ("Based on the plain language of [Local Rule 7.1(c)], the Court finds that the movant may not raise new arguments in a reply brief. Thus, the portions of * * * the reply memorandum that raise[] new arguments[] will be stricken.").

      C.     UOMC's Motion to Submit Should be Denied Because UOMC Failed
             to Confer with Counsel in Violation of Local Rule 7.1(A)(3)(a).

Local Rule 7.1(A)(3)(a) requires that "[p]rior to filing any motion in a civil case, except [for various exceptions not applicable here,] counsel for the moving party shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with counsel for the opposing party in a good faith effort to resolve by agreement the issues to be raised in the motion." The Rule further requires that "counsel for the moving party shall file with the Clerk a statement certifying either (a) that counsel have conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so; or (b) that counsel for the moving party has made reasonable effort (which shall be identified with specificity in the statement) to confer with the opposing party but has been unable to do so."

UOMC has failed to comply with the letter or spirit of Local Rule 7.1(A)(3)(a). UOMC did not confer, or attempt to confer, with PruPAC's counsel prior to filing the Motion to Submit, in clear violation of the Rule. Nor has UOMC included the certification required by the Rule.

-8-

For this reason alone, both the Motion to Submit and the Supplemental Memorandum should be struck. The Rule expressly states that "[f]ailure to comply with the requirements of this rule may be cause for the court to * * * deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."

## II.    UOMC's Motion to Submit Should Be Denied Because the Argument Raised in the Supplemental Memorandum is Wrong.

In its Supplemental Memorandum, UOMC contends that the McCarran-Ferguson Act "precludes utilization of" preemption by the Federal Arbitration Act in this case, and therefore, the Federal Arbitration Act "provides no basis to compel arbitration in these proceedings." Supplemental Memorandum at 6. This argument is incorrect for two reasons: (1) the argument is irrelevant to Judge Snow's R&R in this case; and leaving that aside, (2) the McCarran-Ferguson Act does not apply to the enforcement of the arbitration clause in this case.

### A.    The Supplemental Memorandum's Argument Is Irrelevant to the Report and Recommendation in this Case.

UOMC contends that the McCarran-Ferguson Act prevents the Federal Arbitration Act from preempting the Florida Supreme Court's decision in *Nationwide Mut. Fire Ins. Co.* v. *Pinnacle Medical, Inc.*, 753 So. 2d 55 (Fla. 2000). This argument is not relevant to Judge Snow's R&R in this case for the simple reason that Judge Snow did not hold that the Federal Arbitration Act preempted *Pinnacle.* Instead, Judge Snow concluded that *Pinnacle* was not applicable in the first place: "The language in the contract was not mandated by the statute, but constitutes an independent agreement between the parties. The arbitration clause was not invalidated by *Pinnacle."* R&R at 8.

-9-

Because the R&R does not hold that the Federal Arbitration Act preempts *Pinnacle*, there is no need even to consider the McCarran-Ferguson Act's effect on Federal Arbitration Act Preemption. We address this issue briefly however, to correct UOMC's mischaracterization of the application of the McCarran-Ferguson Act.

     B.     The McCarran-Ferguson Act Does Not Apply to the Federal Arbitration
           <u>Act's Preemption of the Florida Supreme Court's *Pinnacle* Decision.</u>

Leaving aside the procedural bars to UOMC raising this belated argument and the fact that the argument is completely irrelevant to Judge Snow's R&R, the Supplemental Memorandum must be rejected for a more fundamental reason: UOMC's argument is wrong on the law. To the extent that the Florida Supreme Court's decision in *Nationwide Mut. Fire Ins. Co.* v. *Pinnacle Medical, Inc.*, 753 So. 2d 55 (Fla. 2000), could be construed to invalidate arbitration provisions, the Federal Arbitration Act would preempt the *Pinnacle* decision. UOMC incorrectly contends that the McCarran-Ferguson Act prevents the Federal Arbitration Act from preempting *Pinnacle*. This is wrong because the McCarran-Ferguson Act saves *statutes* – but not *case law* – from preemption.

     1.     <u>The McCarran-Ferguson Act Saves Certain</u>
           <u>State *Statutes* from Preemption.</u>

Section 2(b) of the McCarran-Ferguson Act provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any *law enacted*" – that is, any *statute* – "for the purpose of regulating the business of insurance * * * unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b) (emphasis added.). Thus, in limited circumstances, Section 2(b) saves certain state *statutes* from preemption. This saving from preemption is known as "inverse preemption."

-10-

Applying the tripartite test for inverse preemption set out in *Moore* v. *Liberty National Life Ins. Co.*, 267 F.3d 1209, 1220 (11th Cir. 2001) to the Federal Arbitration Act in particular, a Court in this District has recently made clear that:

> "McCarran-Ferguson bars application of the [Federal Arbitration Act] * * * *only* if:
> (1) the FAA does not specifically relate to the business of insurance,
> (2) the *Florida legislature* * * * has *enacted* laws regulating the business of insurance; and
> (3) the FAA's application 'invalidates, impairs, or supersedes' the state *statute*."
> *Mayard-Paul* v. *Mega Life & Health Ins. Co.*, Case No. 01-3488-Civ-Moreno, 2001 U.S. Dist Lexis 22256, at *6 (S.D.Fla. Dec. 21, 2001) (emphasis added).

Thus, a necessary condition for inverse preemption under Section 2(b) in this case would be the Federal Arbitration Act's preemption of a *Florida statute* regulating the business of insurance that prohibits the arbitration of UOMC's claim. That condition is completely missing here. As the Court in *Mayard-Paul* recently made clear just a few weeks ago, Florida has not "enacted a statute barring arbitration of insurance claims." *Mayard-Paul* at *8. Nor has UOMC identified any such statute. Thus, enforcing the arbitration provision in this case pursuant to the Federal Arbitration Act in does not "invalidate, impair or supersede" a Florida statute.[2]

2.    The McCarran-Ferguson Act Does Not Save State
      <u>*Judicial Decisions* from Preemption.</u>

UOMC attempts to avoid the requirements of Section 2(b) of the McCarran-Ferguson Act by suggesting that a judicial decision – *Pinnacle* – conflicts with the Federal Arbitration Act.

---

[2] In a similar case (cited by UOMC), the Ninth Circuit has come to the same conclusion: if the enforcement of an arbitration clause "does not provoke a conflict" between the Federal Arbitration Act and a state statute, "the McCarran-Ferguson Act simply does not apply." *Quackenbush* v. *Allstate Ins. Co.*, 121 F.3d 1372, 1381-1382 (9th Cir. 1997); see also *Miller* v. *National Fidelity Life Ins. Co.*, 588 F.2d 185, 187 (5th Cir. 1979) (rejecting McCarran-Ferguson Act inverse preemption argument where party did "not identify any *statute* which would be impaired, invalidated, or superseded by the [Federal] Arbitration Act.").

-11-

UOMC's argument fails because Section 2(b)'s plain language indicates that its saves from preemption *legislatively-enacted statutes*, not *judicial decisions*. In Florida, state courts are "not vested with authority to *enact laws* but only to interpret them." *Copeland* v. *Copeland*, 53 So.2d 637, 638 (Fla. 1951) (emphasis added).

As the U.S. Supreme Court has stated, "the starting point in a case involving construction of the McCarran-Ferguson Act, like the starting point in any case involving the meaning of a statute, is the language of the statute itself." *U.S. Dep't of Treasury* v. *Fabe*, 508 U.S. 491, 500 (1993) (citation omitted). Accordingly, the McCarran-Ferguson Act, which refers to "a law *enacted* for the purpose of regulating insurance," clearly applies to state statutes and excludes judicial decisions, which are not enacted by a legislature. Thus, the Supreme Court has construed the McCarran-Ferguson Act to require that "*[s]tatutes* aimed at protecting or regulating [the relationship between insurer or insured], directly or indirectly, are laws regulating the 'business of insurance.'" *Fabe* at 501 (citing *SEC* v. *National Securities Inc.*, 393 U.S. 453, 460 (1969)) (emphasis added). Numerous other decisions have also referred to the McCarran-Ferguson Act as applying to "state statutes" and "state legislation."[3]

UOMC has not and cannot provide any authority that would allow this Court to take the extraordinary step of going beyond Section 2(b)'s plain language to somehow hold that Section 2(b)'s inverse preemption applies when there is a conflict between a federal law and a state

---

[3] See, *e.g., Stephens* v. *American Int'l Ins. Co.*, 66 F.3d 41, 43 (2d Cir. 1995) ("McCarran-Ferguson preserves *state statutes*, enacted 'for the purpose of regulating the business of insurance,' from preemption * * *.") (emphasis added); *Hamilton Life Ins. Co.* v. *Republic Nat'l Life Ins. Co.*, 408 F.2d 606, 611 (2d Cir. 1969) ("The plain and unambiguous statutory language is persuasive evidence that the McCarran-Ferguson Act was not intended to preclude the application of these federal statutes to insurance *unless* they invalidate, impair or supersede *applicable State legislation* regulating the business of insurance.") (emphasis added).

-12-

judicial decision. UOMC cites case law that addresses the application of Section 2(b) to state *statutes*,[4] but none of these cases address the novel theory that the McCarran-Ferguson Act saves state *judicial decisions* from preemption.[5] Accordingly, UOMC's argument is without merit.

### CONCLUSION

For the foregoing reasons, the Motion to Submit should be denied and the Supplemental Memorandum should be struck from the docket. A proposed order is attached.

Respectfully submitted,

John D. Aldock
Michael K. Isenman
SHEA & GARDNER
1800 Massachusetts Ave., N.W.
Washington, DC 20036
(202) 828-2000
Fax (202) 828-2195

Kathy J. Maus (Bar No. 896330)
Lauren D. Levy (Bar No. 0116490)
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
Fax (850) 894-4999

Dated: February 4, 2002

---

[4] See Supplemental Memorandum at 4-6 (citing *Standard Security Life Ins.*, *Fabe*, *Smith*, *Stephens*, *Quackenbush*, and *Mutual Reinsurance Bureau* v. *Great Plains Mut. Ins. Co.*, 969 F.2d 931 (10th Cir. 1992)).

[5] UOMC also indirectly cites two Supreme Court decisions – *UNUM Life Insurance Co. of America* v. *Ward*, 526 U.S. 358 (1999) and *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41 (1987) – that concern the "savings" or inverse preemption clause in section 514(b)(2)(A) of ERISA, 29 U.S.C. § 1144(b)(2)(A). See Supplemental Memorandum at 5. Those cases are completely inapposite because the ERISA savings clause *expressly applies to court decisions as well as statutes*. Unlike Section 2(b) of the McCarran-Ferguson Act, which applies exclusively to a "law enacted" by a state, ERISA § 514(b)(2)(A) expressly applies far more broadly to "all laws, *decisions*, rules, regulations, or other State action having the effect of law * * *." 29 U.S.C. § 1144(c)(1) (emphasis added).