UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,

    Third-Party Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a     CASE NO. 01-8111
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and others similarly situated,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**UNAUTHORIZED SUPPLEMENTAL MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Defendant Hartford Insurance Company of the Midwest ("Hartford") submits this

memorandum in response to Plaintiff's unauthorized supplemental memorandum of law in

{M1756354;1}

opposition to Defendant's motion to compel arbitration. Plaintiff's late-filed memorandum is without merit and should be rejected for the reasons set forth below.

## I. Plaintiff Has Waived Any Argument Concerning the McCarran-Ferguson Act.

Local Rule 7.1(C) does not allow for supplemental memorandum of law in support of a motion "without **prior** leave of Court." S.D.L.R. 7.1(C) (emphasis supplied). As Larusso acknowledges, Hartford's motion to compel arbitration has been fully briefed and is ripe for adjudication. Instead of seeking leave to file its additional memorandum of law, Larusso filed its motion to submit supplemental authority simultaneously with its memorandum of law. Larusso's conduct is precisely what Local Rule 7.1(C) forbids, and, if allowed, would undermine the purpose of the rule -- to prevent parties from inundating the Court with supplemental memoranda.

Larusso's two excuses for failing to earlier raise the McCarran-Ferguson Act argument are meritless. Larusso points to a California state court case decided in 2001, *Smith v. Pacificare Behavioral Health of California*, 93 Cal.App.4th 139, 113 Cal. Rptr. 140 (2001), as a reason for failing to bring this argument to the Magistrate's attention. Putting aside that the case has absolutely no precedential value to this case, Larusso does not give the slightest indication of what finding in that case is a new principle of law on which it is relying, or what prevented Larusso from alerting the Magistrate to the opinion in his opposition to Hartford's motion to compel arbitration. Larusso's other argument against waiver -- that Hartford has asserted that the FAA is controlling and preempts *Pinnacle* -- is similarly unavailing given that this argument was raised by Hartford in its motion to compel arbitration.

Accordingly, the Court should ignore Larusso's untimely supplemental memorandum of law.

## II. The McCarran-Ferguson Act is Inapplicable Because There is no Conflict Between State and Federal Statutes.

A brief review of the argument raised by Larusso reveals that it is without merit. Larusso argues that the McCarran-Ferguson Act precludes the FAA from trumping the Florida Supreme Court's *Pinnacle* opinion. Larusso reaches this spurious conclusion by misapprehending the scope of the McCarran-Ferguson Act.

The relevant section of the McCarran-Ferguson Act states that "No act of Congress shall be construed to invalidate, impair, or supersede **any law enacted by any State** for the purpose of regulating the business of insurance." 15 U.S.C. § 1012(b)(emphasis supplied). The only state statute implicated by Hartford's motion to compel arbitration is Section 627.736(5), Florida Statutes ("Section 627.736(5)"), which is entirely **consistent** with the Federal Arbitration Act.[1]

Instead of pointing to a state statute that conflicts with the FAA -- which the McCarran-Ferguson' Act's plain language requires -- Larusso argues that the FAA is preempted because it is in conflict with a **judicial opinion**. That opinion – *Pinnacle* -- struck down the mandatory arbitration provision in Section 627.736(5). Larusso attempts to convert the *Pinnacle* holding into the equivalent of a Florida state law that restricts the enforceability of medical provider arbitration provisions in insurance contracts. *Pinnacle*, however, did nothing more than address the constitutionality of the state statute. *See Pinnacle*, 753 So.2d at 59 ("we affirm the decision of the Fifth District Court of Appeal below and hold to be unconstitutional the portion of section 627.736(5), Florida Statutes, requiring mandatory arbitration for all medical provider

---

[1] Section 627.736(5) provides, in relevant part, "Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies." Fla. Stat. § 627.736(5).

assignees"). Accordingly, there presently is no valid Florida state statute (or judicial opinion) regulating the business of insurance that conflicts with the FAA.

Moreover, Larusso has not cited to a single case in which a court has held that the McCarran-Ferguson Act has any applicability to state judicial opinions that conflict with federal statutes. This is so because the plain language of the McCarran-Ferguson Act limits its applicability to conflicts between federal statutes and "any law enacted by any State". *See e.g.. Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992)("[I]n interpreting a statute a court should always turn first to one cardinal canon before all others" which is "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there;" and "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.").[2]

Since there is no inconsistency between the FAA and any Florida state law that regulates insurance, the McCarran-Ferguson Act is inapplicable and Larusso's preemption argument should be rejected.

**WHEREFORE**, for the reasons set forth in Hartford's Motion to Compel Arbitration and in this reply, Hartford respectfully requests that the Court compel arbitration as required by the FAA and grant Hartford's Motion.

---

[2] Moreover, the former Fifth Circuit has held that the McCarran-Ferguson Act does not bar application of the FAA to enforce arbitration agreements. *See Miller v. National Fidelity Life Ins. Co.,* 588 F.2d 185, 186-87 (5th Cir. 1979).

{M1756354;1}   4

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
*Counsel for Defendant*
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
     Marcy Levine Aldrich
       Fla. Bar No. 0968447
     George Volsky
       Fla. Bar No. 203092

{M1756354;1}                              5

CASE NOS. 00-6061 AND 01-8111-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 8th day of February, 2002.

_____
Marcy Levine Aldrich

## SERVICE LIST
*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos. 00-6061 and 01-8111-Civ-Ferguson/Snow) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for: Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

1

## SERVICE LIST
*Salvatore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos. 00-6061 and 01-8111-Civ-Ferguson/Snow) (S.D. Fla.)

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

2