UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

### PLAINTIFF'S RESPONSE TO ALLSTATE'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (D.E. #576)

Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated ("ZIDEL"), by his undersigned counsel, hereby submits his Response to Defendant ALLSTATE INSURANCE COMPANY's ("ALLSTATE") Objections to Magistrate Judge Snow's Report and Recommendation. For all the reasons set forth herein, Third-Party CCN MANAGED CARE, INC.'s ("CCN") Motion to Compel Arbitration should be denied in all respects.

### ARGUMENT

ALLSTATE's objections should be overruled and stricken. ALLSTATE did not file a motion to compel arbitration. Instead, after losing its Motion to Dismiss and filing an Answer to the Second Amended Complaint, ALLSTATE filed a Notice of Joinder in CCN's Motion to Compel Arbitration. ALLSTATE did not raise the issues asserted in its objections previously and should not be allowed to assert extensive arguments on these issues because it filed a "Notice of Joinder."

7090-00100 347245.1



ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## ARGUMENT

I. ALLSTATE HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION BY ACTIVELY LITIGATING THESE PROCEEDINGS.

ALLSTATE has waived its right to compel arbitration by acting inconsistently with its purported right to compel arbitration. The right to arbitrate like any other contractual right is not absolute and may be waived. See S & H Contractors, Inc. v. A.J. Cole Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in litigation or other actions inconsistent with the right to compel arbitration. Usher Syndicate Ltd., Inc. v. Figgie Int'l, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's 'substantial participation in litigation to a point inconsistent with an intent to arbitrate' which results in prejudice to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000) (quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense associated with litigation. Morewitz, 62 F.3d at 1366.

ALLSTATE has waived any right it may have had to compel arbitration. On January 12, 2000, an action was instituted by David Napoli, D.C. On October 30, 2000, this Court entered an Order substituting ZIDEL as the Plaintiff in this case. On December 27, 2000, this Court entered an Order permitting ZIDEL to file his Second Amended Complaint. On January 11, 2001, ALLSTATE filed its Motion to Dismiss ZIDEL's Second Amended Complaint. On January 29, 2001, ALLSTATE filed its Third-Party Complaint against CCN. On March 19, 2001, CCN filed its Answer to ALLSTATE's Third-Party Complaint. On September 28, 2001, this Court entered its Order denying ALLSTATE's Motion to Dismiss. Thereafter, on October 3, 2001, CCN served its

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Motion to Compel Arbitration. On October 23, 2001, ALLSTATE filed its Answer to the Second Amended Complaint.

Throughout these proceedings during the past two years, ALLSTATE has chosen to litigate the issues raised. ALLSTATE filed a Motion to Dismiss the original Complaint and even filed an Answer as to certain counts in the original Complaint. ALLSTATE took part in discovery in these proceedings. When ZIDEL sought to be substituted as the Plaintiff in this case, ALLSTATE objected to the substitution unless ZIDEL agreed to be bound by a prior decision relating to ALLSTATE and ZIDEL's physician practice group. ZIDEL agreed and ZIDEL was substituted as the Plaintiff in this case. Subsequent to filing the Second Amended Complaint, ALLSTATE filed an extensive Motion to Dismiss. ZIDEL responded to the Motion to Dismiss and this Court heard oral argument on the various Motions to Dismiss. On May 14, 2001, at a status conference, this Court indicated that it would be denying the various Motions to Dismiss, with the exception of the Lanham Act counts. On September 28, 2001, this Court entered its Omnibus Order denying the Motions to Dismiss, with the exception of the Lanham Act counts, consolidating the 15 pending PPO reduction class actions, and lifting all discovery stays. On October 23, 2001, ALLSTATE filed its Answer to the Second Amended Complaint.

ALLSTATE's joinder clearly demonstrates ALLSTATE's and CCN's concerted effort to thwart the class action process by seeking to compel arbitration of these proceedings. ALLSTATE has clearly waived any right it may have to compel arbitration. ZIDEL has not asserted any claims against CCN. ALLSTATE has brought CCN into these proceedings as a Third-Party Defendant. ALLSTATE did not seek to arbitrate its purported claims against CCN. In its Answer to the Third-



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Party Complaint, CCN raised no issues relating to arbitration. Now, after losing their Motion to Dismiss, ALLSTATE and CCN are seeking to compel arbitration. ALLSTATE has no basis to join in CCN's Motion.

## II.  ALLSTATE'S CONDUCT IN OTHER ACTIONS CONSTITUTES A WAIVER OF ITS RIGHT TO COMPEL ARBITRATION.

In determining whether a party has waived its right to compel arbitration, it is appropriate for a court to consider a party's conduct in other litigation. See PPG Industries, Inc. v. Webster Auto Parts, Inc., 128 F.3d 103 (2d Cir. 1997). As the Court stated:

> We have previously stated that the "prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." Doctor's Assocs., 107 F.3d at 133. It is irrelevant that the prior litigation occurred as a part of a separate action or in a different court. See id. at 132-33; see also Kramer, 943 F.2d at 178 (reversing district court's grant of motion to compel arbitration where defendant waived right to arbitrate by engaging in extensive litigation in state courts).

In Morewitz, 62 F.3d 1356, the Court found that a party involved in various litigation regarding similar disputes cannot pursue litigation and then subsequently demand to arbitrate those same disputes in a subsequent litigation. Finally,

> [t]he "prejudice" that supports a finding of waiver can be "substantive" prejudice to the legal position of the party opposing arbitration, such as when the party seeking arbitration "loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," or obtains information through discovery procedures not available in arbitration.

Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997).

ALLSTATE has waived its right to compel arbitration by litigating the same issues raised in this action by ZIDEL in other cases. In Arcadia Chiropractic Clinic, Inc. v. Allstate Ins. Co., Case No. 00-0168 CC Desoto County Court, ALLSTATE chose to litigate the issues rather than to compel



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

arbitration. ALLSTATE had an adverse order entered against it finding that its PPO reduction scheme was illegal. Counsel for ZIDEL is also aware of numerous county court cases against ALLSTATE in which the issues regarding PPO reductions have been litigated by ALLSTATE without ALLSTATE asserting that the actions should be arbitrated. ALLSTATE was challenged to advise this Court as to how many times it has been sued where the issue regarding PPO reductions was at issue and how many times ALLSTATE or CCN sought to compel arbitration of those claims.[1] The foregoing information was not provided by ALLSTATE. This clearly demonstrates that the sole purpose for having CCN seek to compel arbitration in these proceedings is to avoid class action treatment. ALLSTATE and CCN cannot litigate these issues in the county courts and then seek to compel arbitration when it suits their needs. ALLSTATE and CCN have waived any right to compel arbitration in these proceedings and ALLSTATE's joinder should be denied.

### III. ALLSTATE IS BARRED FROM RAISING ISSUES NOT ASSERTED BEFORE THE MAGISTRATE JUDGE.

ALLSTATE's objections improperly raises issues not raised by ALLSTATE before the Magistrate Judge. ALLSTATE did not seek arbitration based upon its status as a third-party beneficiary of the CCN Agreement. ALLSTATE did not seek to compel arbitration based on an arbitration clause contained in its insurance policy. ALLSTATE merely joined in CCN's Motion to Compel Arbitration which similarly did not raise these issues. ALLSTATE did not present these issues to the Magistrate Judge and cannot raise them now.

---

[1] It should be noted that prior to Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000), insurance companies routinely sought arbitration pursuant to Section 627.736(5) which statutorily imposed a binding arbitration provision in every PIP insurance policy issued in the state. In Pinnacle, the Florida Supreme Court found such a provision to be unconstitutional. Thus, ALLSTATE should have advised this Court as to how many times, subsequent to Pinnacle, it sought to compel arbitration.

7090-00100 347245.1

5

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

As stated in <u>United States v. Malgar</u>, 327 F.3d 1038, 1040 (7th Cir. 2000):

> Our cases, however indicate that arguments not made before a magistrate judge are normally waived. It is also true that we have said that waiver is a flexible doctrine, but there are good reasons for the rule that district courts should not consider arguments not raised initially before the magistrate judge, even though their review in cases governed by 28 U.S.C. § 636(b)(1) is <u>de</u> <u>novo</u>. Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument (which [appellee] argues is the case here). Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them.

(citations omitted); <u>see</u> <u>also</u> <u>Maine Green Party v. Maine, Secretary of State</u>, 173 F.3d 1, 4 (1st Cir. 1999) ("Appellant was entitled to a <u>de</u> <u>novo</u> review by the district court of the magistrate judge's recommendations to which he objected, however he was not entitled to a <u>de</u> <u>novo</u> review of an argument never raised.") (citation omitted); <u>Malone v. Pipe Fitters' Assoc.</u>, 774 F. Supp. 490, 494 (N.D. Ill. 1991) ("The Court's purpose in referring the case to the Magistrate-Judge was to streamline this Court's review of the case. The Court will not entertain attempts to bypass that system by raising new issues in the objections to the Magistrate-Judge's Report"). In <u>Cupit v. Whitley</u>, 28 F.3d 532, 535 (5th Cir. 1994) the Court held:

> [A] party "has a duty to put its best foot forward" before the magistrate-judge -- i.e., "'to spell out its arguments squarely and distinctly" -- and, accordingly, that a party's entitled to <u>de</u> <u>novo</u> review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge . . . [W]hen a matter is assigned to a Magistrate Judge, Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for <u>de</u> <u>novo</u> review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge -- "absent compelling reasons."

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(citations omitted).

ALLSTATE did not assert that it is a third-party beneficiary of the CCN Agreement. ALLSTATE did not assert that its contract with its insured provides a basis to compel arbitration. ALLSTATE merely filed a "Notice of Joinder" in CCN's Motion to Compel Arbitration in which CCN erroneously argued that despite the fact that no claims have been asserted against CCN, it could seek to compel arbitration based on the CCN Agreement. CCN's Motion did not assert that ALLSTATE is a third-party beneficiary of the CNN Agreement or that ALLSTATE's policy with its insured provides a basis to compel arbitration. ALLSTATE failed to raise the foregoing issues with the Magistrate Judge and cannot do so now.

## CONCLUSION

For all the reasons set forth herein, Plaintiff DR. PAUL ZIDEL, on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order denying Third-Party Defendant CCN's MANAGED CARE, INC.'s Motion to Compel Arbitration, together with such other and further relief as this Court may deem just and proper.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

7090-00100 347245.1                       8

ATLAS PEARLMAN
ATTORNEYS AT LAW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 7th day of February, 2002 upon: all individuals on the attached service list.

ERIC LEE

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:
Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

ATLAS PEARLMAN

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile


