UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/



## NOTICE OF SUPPLEMENTAL AUTHORITY

PLEASE TAKE NOTICE that the Class Plaintiffs, on behalf of themselves and all others similarly situated, by their undersigned counsel, hereby notify this Court of supplemental authority in opposition to the pending Motions to Dismiss. On October 23, 2001, in <u>Fishman and Stashak, M.D., P.A., v. Progressive Bayside Insurance Company</u>, Case No. 01-11619 COCE 50, in the County Court in and for Broward County, Florida, the Honorable Peter B. Skolnick granted summary judgment in an action relating to PPO reductions in violation of Section 627.736(10), Florida Statutes. A true and correct copy of the decision is attached hereto as Exhibit "1." On October 24, 2001, in <u>Fishman and Stashak, M.D., P.A. v. Progressive Bayside Insurance Company</u>, Case No. 01-11729 COCE 53, in the County Court in and for Broward County, Florida, the Honorable William W. Herring granted summary judgment in an action relating to PPO reductions in violation of Section 627.736(10), Florida Statutes. A true and correct copy of the decision is attached hereto as Exhibit "2." On December 20, 2001, in <u>Fishman and Stashak, M.D., P.A. v. Progressive Bayside</u>



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Insurance Company, Case No. 01-122868 COCE 54, in the County Court in and for Broward County, Florida, the Honorable Zebedee W. Wright granted summary judgment in an action relating to PPO reductions in violation of Section 627.736(10), Florida Statutes. A true and correct copy of the decision is attached hereto as Exhibit "3."

                                      Respectfully submitted,

                                      ATLAS PEARLMAN, P.A.
                                      Co-Counsel for Class Plaintiffs
                                      350 East Las Olas Boulevard, Suite 1700
                                      Fort Lauderdale, FL 33301
                                      (954) 763-1200
                                      (954) 766-7800 Facsimile

                              By: _____
                                      ERIC LEE
                                      Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 11th day of February, 2002 upon: all individuals on the attached service list.

_____
ERIC LEE



## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile


7090-00100 318823.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile


7090-00100 318823.1



IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 01-11619 COCE 50

FISHMAN AND STASHAK, M.D.'S, P.A. d/b/a
GOLD COAST ORTHOPEDICS also d/b/a
GOLD COAST ORTHOPEDICS
AND REHABILITATION
(Leopold Bertrand)

        Plaintiff

    V.

PROGRESSIVE BAYSIDE
INSURANCE COMPANY,

    Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE came before the undersigned for hearing on August 29, 2001 @ 3:30 p.m. on an application for summary judgment originated by the plaintiff seeking a partial and limited summary judgment on its declaratory relief action as contained in Count I of its Complaint. Plaintiff sought, in part, in its motion, for this Court to determine whether the Defendant is entitled to take preferred provider policy (PPO) reductions in payments of personal injury protection benefits benefits without selling a PPO-PIP policy of insurance which does not comply with the requirement F. S. Section 627.736(10).

This Court was and is aware that it has in excess of seventy (70) cases in its division where a generally comparable motions for relief have been filed by multiple plaintiffs against the instant defendant seeking resolution on a similar issue as raised in the case at bar. The Court, in an effort to be consistent in its rulings, desired to employ an administratively and judicially economical method for being fully briefed/educated on this instant and very important issue.

This Court in the past has scheduled a hearing on important issues regarding personal injury protection benefits and has invited members of both the plaintiff and defense personal injury

Page 1 of 9


EXHIBIT "1"

protection bar to participate in the argument on the issue. Indeed, this type of procedure was utilized when this Court was presented the issue(s) regarding the role of arbitration in personal injury protection claims. It should be clear that the Court was seeking argument on this instant case in order fully understand the issue(s) and by seeking as much law, advice and argument as possible, leading to consistency in its decisions now, and in the future on this issue.

This court was and is not seeking information from the personal injury protection bar in order to enter some type of advisory opinion. The Court has always maintained that it will rule on any properly noticed motion but as in the past, it has accepted counsel/argument from members of the personal injury protection bar as an "amicus curie" in order to insure all facets of an issue are presented to this Court before it makes its final determination. This is especially true when a new and yet un-presented but highly litigated/plead issue is brought before the court for adjudication.

In this regard, information of this administrative process was disseminated to and by various members of the personal injury protection bar, inviting their participation in the argument for and against the subject motion for summary judgment on the very narrow but extremely important issue in THIS case. At no time has this Court sought any extra-judicial/ex-parte information from any member of the bar on the merits; rather, administratively, the Court sought to obtain input from many members of the plaintiff and defense personal injury protection bar on this issue at the hearing on the instant motion. Indeed, upon this hearing being called to order in excess of fifty (50) members of the plaintiff and defense personal injury protection bar appeared. It is clear that "notice" of this hearing was well disseminated to the many members of the personal injury protection bar, both plaintiff and defense.

One of the unintended ramifications of this administrative process resulted in notices of hearing being filed with the Clerk Of The Court, scheduling motions for summary judgment for hearing in excess of fifty (50) cases in this division for this same date and time. As stated above, while scheduling a hearing on the Plaintiff's Motion for Summary Judgment filed herein, the Court's desire to receive various arguments on the point resulted in a multiple number of cases being scheduled for summary judgment in the cases assigned to this division, which had similar but maybe not the exact same issues as presented herein.

The members of the defense bar for these cases have filed in certain numbers of these cases,

motions for continuance on the hearings on the motions for summary judgment. It was unnecessary for this Court to obtain extensive oral argument on these motions for continuance. Except for the instant case, any and all cases scheduled for hearing on plaintiff's motions for summary judgment in personal injury protection suits assigned to this division and set for hearing before this Court on August 29, 2001 at 3:30 P.M. are not and were not to be heard on this date.

Accordingly, the only matter to be heard will be on this specific case on the Plaintiff's Motion for Summary Judgment. Motions for Summary Judgment in each individual case in this division may be noticed for hearing on the motion(s) as filed in accordance with the administrative requirements of this Court's division. Nothing presented to the Court on this date in this case, and subsequently ruled upon, will be with prejudice in any other personal injury protection benefits case pending before this Court/division.

As to the instant case, the Court file reflects as follows:

A.    The plaintiff filed a two count complaint with Count I seeking declaratory relief and Count II an action for damages. The defendant was served on May 25, 2001; and

B.    On August 6, 2001 the plaintiff served a motion for summary judgment via Federal Express; and

C.    On August 6, 2001 the plaintiff served a notice of hearing setting a hearing on the Plaintiff's Motion for Summary Judgment for August 29, 2001 @ 3:30 p.m.; and

D.    An examination of the court file shows that no motion to continue was filed by the defendant in this cause, objecting to this Court ruling on the pending and properly noticed Motion for Summary Judgment.

Counsel for the defense has made an ore tenus Motion to Continue but Rule 1.500(f) F.R.Civ. P. specifies the procedure needed to be employed where a party seeks a continuance of a properly noticed motion for summary judgment. These procedures were not employed. In part, the defendant suggested that the reason it needed a continuance was that it would want to submit certain documents in defense to the motion for summary judgment. These documents were identified as correspondence between the law firm of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A. and the Department of Insurance, which the defense claimed was probative regarding the issue to be argued. These documents have been in existence for approximately two (2) years same being dated

Page 3 of 9

between June 1, 1999 and September 14, 1999. The defense admitted it has had these documents for well over twenty (20) days.

Nevertheless, the plaintiff in advance of the hearing on the motion for summary judgment agreed to waive authentication for the documents and permitted the defendant to argue the correspondence, reserving the right to object as to relevancy, materiality and its probative value.

The Court proceeded on the hearing in the Plaintiff's Motion for Summary Judgment. A review of the issue being presented is as follows:

The plaintiff contends in Count I of its action for declaratory relief that the defendant, Progressive Bayside Insurance Company, utilized a system for the reduction of bills for medical treatments based upon the statutorily authorized preferred provider policy option (PPO) yet did not offer the insured the ability to purchase a PPO policy at the time the coverage was undertaken by the insured.

Significantly, the plaintiff solely asks this Court to enter a very narrow ruling in this case on the following question.

"Can a personal injury insurance carrier comply with Section 10 of Florida Statute §627.736 and take contractually negotiated provider reductions for medical services to be rendered to an individual who sustained injures in a motor vehicle collision pursuant to the procedure authorized by said section when the carrier never offered a PPO policy which would allow such contractual reductions?"

A review of the relevant statutes are in order. Florida Statute §627.736 provides:

**(1) Required benefits.--Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:**

**(a) Medical benefits.--Eighty percent of all reasonable expenses for necessary medical,**

surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services. Such benefits shall also include necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person who relies upon spiritual means through prayer alone for healing, in accordance with his or her religious beliefs.

...

Only insurers writing motor vehicle liability insurance in this state may provide the required benefits of this section, and no such insurer shall require the purchase of any other motor vehicle coverage other than the purchase of property damage liability coverage as required by s. 627.7275 as a condition for providing such required benefits. ... [etc] ... ;

...

Further, Florida Statute §627.736(10) provides:

(10) An insurer may negotiate and enter into contracts with licensed health care providers for the benefits described in this section, referred to in this section as "preferred providers," which shall include health care providers licensed under chapters 458, 459, 460, 461, and 463. The insurer may provide an option to an insured to use a preferred provider at the time of purchase of the policy for personal injury protection benefits, if the requirements of this subsection are met. If the insured elects to use a provider who is not a preferred provider, whether the insured purchased a preferred provider policy or a nonpreferred provider policy, the medical benefits provided by the insurer shall be as required by this section. If the insured elects to use a provider who is a preferred provider, the insurer may pay medical benefits in excess of the benefits required by this section and may waive or lower the amount of any deductible that applies to such medical benefits. If the insurer offers a preferred provider policy to a policyholder or applicant, it must also offer a nonpreferred provider policy. The insurer shall provide each policyholder with a current roster of preferred providers in the county in which the insured resides at the time of purchase of such policy, and shall make such list available for public inspection during regular business hours at the principal office of the insurer within the state.

In effect, Florida Statutes give the insurers the option of providing two insurance products

to prospective insureds to cover them for medical benefits in the event they sustain personal injury in an motor vehicle accident. The statute's clear language allows the insured to select either a PIP policy or a PPO policy. Specifically, if an insurer desires to participate in the PPO program, it has a requirement to offer both a PPO and a PIP policy to the insured at the time the policy is undertaken. When a PPO policy is undertaken, the insured is required affirmatively to select this option and then receive a current roster of preferred providers with whom the insured agrees to utilize in the event a covered person is injured in a motor vehicle collision.

There are no genuine issues of material facts relative to this very narrow issue. In the case at bar and in the Defendant's Response to the Plaintiff's Request For Admissions, submitted in support of plaintiff's motion, the insurer, Progressive Bayside Insurance Company, admits it did not offer a preferred provider (PPO) policy to any of its insureds at the time the policy was undertaken as no such policy existed in their product line.

Progressive Bayside Insurance Company admits in its responses to Plaintiff's Request for Admissions served with the Complaint the following facts:

- (#34) There is no first party contract between the Plaintiff and Defendant which was/were in effect when the insured sustained the injuries in a motor vehicle accident, which is the subject of this cause, and upon which the defendant relied to support the reduction of the bills submitted by plaintiff for the care and treatment of the insured. **"Admit (sic), only to the extent that Defendant relied upon Plaintiff's contract with Beech Street which provided usual and customary rates for medical services rendered."**
- (#35) The Defendant did not have a standard form/sample "preferred provider policy" of motor vehicle insurance to be utilized by the defendant on the date when the insured/patient undertook the subject policy of motor vehicle insurance which is the subject of this cause. **"Admit (sic), only to the extent that no preferred provider policy was sold."**
- (#36) The Defendant did not have any correspondence or other documents between the defendant and the State of Florida, Department of Insurance, seeking the approval

Page 6 of 9

of the defendant's standard form/sample "preferred provider policy" of motor vehicle insurance to be utilized by the defendant on the date when the insured/patient undertook the subject policy of motor vehicle insurance which is the subject of this cause. "Admit (sic), **only to the extent that no preferred provider policy was sold."**

- (#37) The Defendant never sought approval from the State of Florida, Department of Insurance, of a standard form/sample "preferred provider policy" of motor vehicle insurance to be utilized by the defendant on the date when the insured/patient undertook the subject policy of motor vehicle insurance which is the subject of this cause. "Admit (sic), **only to the extent that no preferred provider policy was sold."**

- (#38) The Defendant did not have any correspondence or other documents between the defendant and the State of Florida, Department of Insurance, wherein the defendants received approval of its standard form/sample "preferred provider policy" of motor vehicle insurance to be utilized by the defendant on the date when the insured/patient undertook the subject motor vehicle insurance policy which is the subject of this cause. "Admit (sic), **only to the extent that no preferred provider policy was sold."**

In addition to the above, the Plaintiff's served interrogatories regarding this issue. Specifically, Interrogatory number nine (9) asked the following:

> 9. Please identify by number, form number or other type of designation to assist the plaintiff in identifying same for each and every "preferred provider policy" of motor vehicle insurance utilized by the defendant on the date when the insured/patient undertook the policy and which was in effect when the insured/claimant/patient sustained the injuries in a motor vehicle accident which is the subject of this cause.

The Defendant answered:

> "Objection, overly broad, unduly burdensome, vague, ambiguous, irrelevant and immaterial. Defendant did not issue a preferred provider policy."

Notwithstanding the foregoing, when the bills for medical care were submitted to the carrier for payment they were reduced due to some "contractual" agreement. In accordance with answers to Interrogatory 8, and here again submitted to the Court in support of plaintiff's motion, the carrier admits it reduced the bills for medical treatment pursuant to a contractual rate agreement.

Specifically, Interrogatory number eight (8) asked the following:

> 8. If you have reduced medical bills to some arbitrary amount, please state what scale or schedule of reasonable billing amounts you are using, a complete list of all medical providers who are currently billing at the rates you have chosen to pay, any sworn statements you have in your possession that the amounts charged by the doctors you reduced are charges totally without reason.

The Defendant answered:

> "**Bills were not reduced by the Defendant to an arbitrary amount. Prior to the motor vehicle accident, the Plaintiff and Beech Street Corporation entered into an agreement whereby Plaintiff agreed to perform services at a pre-set rate.**"

In view of the foregoing it is clear to this Court that the defendant carrier could not have complied with Section 10 as the Defendant admits it **did not** offer or sell to the insured in this case a **"preferred provider policy"**. As admitted by the defendant carrier, a preferred provider policy did not even exist in the motor vehicle insurance products it offered for sale to prospective insureds. Under sub-section (10) of the "No Fault" Statute, in order to take PPO reductions, Progressive Bayside Insurance Company must sell a "preferred provider (PPO)" policy. This was not done in this case.

Interestingly, the defense raises in defense to the motion for summary judgment, that this is really an issue regarding the reasonable, related and necessity of the charges for medical services rendered. This is incorrect and irrelevant to this discussion for this Court. Indeed, it is the action for damages in Count II of the complaint that such issues to be determine. Whether or not the medical bills submitted for payment and reduced by the carrier were either reasonable, related or necessary

Page 8 of 9

and or properly reduced will be resolved in disposition of Count II.

Accordingly, the Plaintiff Motion for Partial Summary Judgment as to Count I on the forgoing defined issue, be and the same is hereby granted. The court reserves jurisdiction for the remaining issues raised in the Complaint including but not necessarily limited to awarding reasonable attorney's fees and costs.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 23 day of ~~September~~ October, 2001.

_____
PETER B. SKOLNIK
COUNTY COURT JUDGE

TRUE COPY

Copies furnished:

    Laura Watson, Esquire
    220 NE 51 Street
    Fort Lauderdale, FL 33334-1615

    John Murphy, Esquire
    633 S. Andrews Avenue, #200
    Fort Lauderdale, FL 33301

additional copies furnished to :

| | |
|---|---|
| Matt Hellman, Esquire<br>8751 W. Broward Boulevard, #400<br>Plantation, FL 33324 | Robert Adams, Esquire<br>101 E. Kennedy Boulevard, #2175<br>Tampa, FL 33602 |
| Douglas Blankman, Esquire<br>One Financial Plaza, #1611<br>Fort Lauderdale, FL 33394 | Harley Kane, Esquire<br>4800 N. Federal Highway, #101-E<br>Boca Raton, FL 33431 |
| Gary Marks, Esquire<br>303 SW 6 Street<br>Fort Lauderdale, FL 33315 | Amir Fleischer, Esquire<br>303 SW 6 Street<br>Fort Lauderdale, FL 33315 |

    E.J. Generotti, Esquire
    7805 SW 6th Court
    Plantation, FL 33324

IN THE COUNTY COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 01-11729 COCE 53

FISHMAN AND STASHAK, M.D.'S, P.A. d/b/a
GOLD COAST ORTHOPEDICS also d/b/a
GOLD COAST ORTHOPEDICS AND REHABILITATION
(Suzanne Portz),
    Plaintiff,

v.

PROGRESSIVE BAYSIDE INSURANCE COMPANY
    Defendant
_____/

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE having come on to be heard on October 17, 2001 on Plaintiff's Motion for Partial Summary Judgment and the Court having reviewed the Motion and being otherwise advised in the Premises, it is hereupon,

ORDERED AND ADJUDGED that the Plaintiff's Motion for Partial Summary Judgment as to Count I for Declaratory Relief is hereby granted and this Court finds that the provisions of Section 627.736 (10), Florida statutes, provide the exclusive means by which an insurance company can pay preferred provider rates (PPO rates) on Florida personal injury protection automobile coverage. To rule otherwise would allow the insurance company to do an end around the No Fault Statute and avoid giving the insureds discounts on policies with PPO endorsements yet make payments to the health care provider at lower PPO rates. The permissive language in the statute presupposes the insurance company has followed the four requirements of 627.736 (10).

In this case, the first two (~~four~~) requirements were not met, in that, the insurer failed to negotiate and enter into contracts directly with licensed health care providers and the insurer failed to offer

EXHIBIT "2"

both a PPO and Non-PPO policy at the time the insured purchased the policy and failed to offer the insured the election to have a PPO endorsement in her policy.

The Court further finds that the word "may" in subsection (10) of the statute is a word of empowerment that an insurer may enter into PPO arrangements if they follow the requirements of F.S. 627.736 (10) under the doctrine of "Expressio Unius Est Exclusio Alterius."

Alternatively, the Court rules that no such PPO contract exists between the Plaintiff Health Care Provider and Beech Street Corporation, the purported PPO Network administrator. The Defendant has had ample opportunity to conduct discovery in terms of issuing a Notice of Production of Non-Party Subpoena directed to Beech Street Corporation to obtain the contract and they have not done so. This is true in the other cases in this division between the same Plaintiff and Defendant or other Progressive Insurance Companies. In those other cases, no Notice of Production of Non-Parties subpoenas were utilized by the Defendant to obtain the relevant contracts when acquiring these contracts would benefit the Defendant and Beech Street Corporation.

Subordinately, no discovery requests were issued in this case by the Defendant to the Plaintiff regarding whether the Plaintiff provider is in possession or has knowledge of such a contract. Even a Motion for Protective Order regarding the deposition of the Plaintiff in other cases would not prevent the Defendant from sending Request for Admissions and Request for Production which was not done by the Defendant in this case.

DONE AND ORDERED, in Chambers Fort Lauderdale, Broward County, Florida, this 24 day of October, 2001.

WILLIAM W. HERRING

JUDGE OF THE COUNTY COURT
A TRUE COPY

cc: Laura M. Watson, Esq.
Rachel P. Ray, Esq.

IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO: 01-12268 COCE 54

FISHMAN AND STASHAK, M.D.'S, P.A. d/b/a
GOLD COAST ORTHOPEDICS also d/b/a
GOLD COAST ORTHOPEDICS AND REHABILITATION
(Nathaniel Rodriguez)
   Plaintiff

V.

PROGRESSIVE BAYSIDE INSURANCE COMPANY
   Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AS TO COUNT I OF THE COMPLAINT**

THIS CAUSE having come on to be heard on December 4, 2001 on Plaintiff's Motion for Summary Judgment and the Court having reviewed the Motion and being otherwise advised in the Premises, it is hereupon,

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment as to Count I for Declaratory Relief is hereby granted and this Court finds that this Motion presents a pure legal question for the Court to consider and issue its ruling. This Court rules in favor of the Plaintiff and finds as a matter of law, that the provisions of Section 627.736 (10), Florida Statutes, provide the exclusive means by which an insurance company can contract to pay Preferred Provider rates (PPO rates) on Florida personal injury protection (PIP) automobile coverage. As a result of Defendant's failure to comply with the requirements of F.S. 627.736(10), Plaintiff is not a Preferred Provider as defined by that statute. Therefore the Defendant must pay the required benefits pursuant to F.S. 627.736 (1), and it cannot rely on Plaintiff's contract with Beech Street Corporation as an independent basis for paying the bills at PPO rates.

EXHIBIT "3"

CASE NO: 01-12268 COCE 54

The court reserves jurisdiction for awarding reasonable attorney's fees and costs.

DONE AND ORDERED, in Chambers Fort Lauderdale, Broward County, Florida, this _____ day of DEC 20 2001, 2001.

ZEBEDEE W. WRIGHT
JUDGE OF THE COUNTY COURT
A TRUE COPY

cc: Laura M. Watson, Esq.
John J. Murphy, Esq.

G:\WPFILES\SUITS\RODRIGUZ.NATORDER.MSJ