UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.



---

CHIROPRACTIC CENTRE, INC., on behalf        01-6782
of itself and others similarly situated,

    Plaintiffs,
v.

SUPERIOR INSURANCE COMPANY,

    Defendants.

---

CHIROPRACTIC CENTRE, INC., on behalf        01-6783
of itself and others similarly situated,

    Plaintiffs,
v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

---

## **O R D E R**

    THIS CAUSE is before the Court sponte sua.

    The plaintiffs are represented by an attorney not admitted to practice in the Southern District of Florida. Pursuant



to Rule 4.B, Special Rules Governing the Admission and Practice of Attorneys in the Southern District, such an attorney may, upon written application, be permitted to make a special or limited appearance for purposes of representing the above noted plaintiffs. The rule requires that the application designate a member of the bar of this Court who maintains an office in the Southern District for the practice of law, with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom papers shall be served, along with a certification from the applicant that he has studied the local rules. The rule further requires that the application be accompanied by a written statement consenting to the designation. Additionally, Administrative Order 96-61 provides that

> . . . the Court hereby establishes a new admissions fee of $75.00. This admissions fee is to be paid by every attorney seeking admission to our Local Bar as well as those attorneys petitioning the Court to appear and participate in a particular case under Rule 4(B) of the Special Rules Governing the Admission and Practice of Attorneys in this District. The fee should be paid by check made payable to the "U.S. Courts" and be accompanied by written application and certification as specified in our Local Rules.

Therefore, it is hereby

ORDERED AND ADJUDGED that on or before February 28, 2002, Casey Fundaro, Esquire, shall file an application to appear *pro hac vice* cases 01-6782 and 01-6783, accompanied by a $150.00 check, made payable to the U.S. Courts. The application shall designate local counsel, and shall be accompanied by a written statement

indicating that the designated local counsel consents to the designation, along with a certification from the applicant that he has studied the local rules. The application shall include local counsel's address and telephone number.

DONE AND ORDERED at Fort Lauderdale, Florida, this /5th day of February, 2002.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

**Chiropractic Centre, Inc. v. Superior Insurance**    01-6782

Eric Lee, Esq. (P)
Douglas Blankman, Esq. (P and Local Counsel for Phillips and Gold)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Alan Nisberg, Esq. (D)

---

**Chiropractic Centre, Inc. v. Metropolitan Casualty**    01-6783

Eric Lee, Esq. (P)
Douglas Blankman, Esq. (P and Local Counsel for Phillips and Gold)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Marcy Aldrich, Esq. (D and Local Counsel for Lennard)
Jeffrey Lennard, Esq. (D)