UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of §
himself and other similarly §
situated, §
 §
    Plaintiffs, §
 §
v. §
 §
ALLSTATE INSURANCE COMPANY, §
 §
    Defendant/Third-Party Plaintiff, §
v. §
 §
CCN MANAGED CARE, INC., §
 §
    Third-Party Defendant. §
 §

NIGHT BOX
FILED
FEB 19 2002
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### CCN's Response to Plaintiff's Objections
### to Magistrate's Report and Recommendation
### Regarding CCN's Motion to Compel Arbitration

CCN Managed Care, Inc. ("CCN"), pursuant to this Court's Local Rules, files this response to plaintiff's objections to the Report and Recommendation of Magistrate Judge Snow regarding CCN's Motion to Compel Arbitration.

*Introduction*

Magistrate Judge Snow's Report and Recommendation (the "Report") recommends that CCN's motion to compel arbitration be denied for reasons not germane here.[1] However, the Report found that in the event its recommendation for denial is not adopted, the motion to compel arbitration should be granted notwithstanding Plaintiff's claim of waiver. Plaintiff has

---
[1] CCN filed its own objections to that portion of the Magistrate's report. (docket entry 578)

objected to that portion of the report, arguing (i) that as a matter of law, CCN's alleged refusal to arbitrate prior to the institution of this action waived its ability to compel arbitration after suit was filed, and (ii) that CCN's activity in the case after it was filed had the same effect.

Neither of these positions are tenable. With respect to "pre-litigation" waiver, Plaintiff simply argues that after he demanded arbitration by letter dated May 3, 2000, CCN did not suggest a name or names of potential arbitrators within the contract's period for attempting to choose an arbitrator. What Plaintiff neglects to mention, however, is that the contract requires <u>both</u> parties to participate in arbitrator selection, and that he never suggested a single name either. Moreover, neither the parties requesting arbitration in the May 3 letter nor the claims asserted are the same as those at issue in this litigation. Finally, Plaintiff's motion and attached affidavit are very carefully worded so as to avoid addressing what actually occurred -- that CCN responded to another prior letter by acknowledging its obligation to arbitrate and CCN actually produced documents in connection therewith.

Plaintiff also argues that CCN's limited participation in this litigation once it was filed is sufficient to waive CCN's right to compel arbitration. However, CCN's involvement in this litigation has been reactive only, designed merely to protect its rights while seeking to avoid litigation altogether. Under the applicable case authority, CCN cannot thereby be said to have "substantially invoked" the litigation process. Additionally, Plaintiff fails to demonstrate the "significant prejudice" required for a finding of waiver, opting to assert boilerplate statements of counsel instead of proof. Each of these grounds is sufficient to uphold the Magistrate's finding.

1. **Plaintiff's "Pre-Litigation Waiver" Argument**

Plaintiff's argument that CCN waived its right to arbitrate by its conduct prior to the institution of this case, i.e. its alleged refusal to arbitrate as evidenced by its (alleged) failure to suggest names of arbitrators, is flawed in several respects.

> *(a) Plaintiff fails to note that the May 3, 2000 letter pertains to disputes with a number of individuals and entities who are neither parties to this case nor to the contract upon which Plaintiff bases his claims*

The instant litigation is brought by Plaintiff Zidel, and is based upon a contract between Plaintiff Zidel and CCN. The May 3 letter upon which he bases his claim of waiver, however, arises by its terms from a different section of an agreement with "Park Place Therapeutic Center" and from different contracts with a number of other individuals, only one of whom is the Plaintiff here. In opposing CCN's motion to compel arbitration, Plaintiff failed to support his claim of waiver with any evidentiary showing as to those other agreements or claims. More importantly, Plaintiff's objection fails to demonstrate how CCN's activities with respect to claims asserted communally by a host of individuals and entities could constitute a waiver of its right to arbitrate a claim brought by Plaintiff alone.

> *(b) The May 3 letter does not address the same claims as are asserted in the instant litigation*

In the case at bar, Plaintiff asserts that defendant Allstate, in conspiracy with CCN, committed violations of the racketeering laws via the predicate acts of mail and wire fraud.[2] Plaintiff also claims that Allstate was unjustly enriched by discounting his medical fees, breached the terms of insurance contracts entered into with its insureds, and violated the provisions of a Florida statute. Finally, Plaintiff seeks a declaration that Allstate may not do

---

[2] Plaintiff made the same assertions against CCN prior to receipt of CCN's first motion to compel arbitration, after which Plaintiff dropped his claims against CCN and elected to proceed solely against CCN's client and alleged co-conspirator, Allstate.

business with CCN in this fashion, and an injunction to prevent continued activities. <u>None of this is placed at issue by the May 3 letter</u>. Accordingly, Plaintiff is wrong in claiming that CCN's alleged refusal to arbitrate the claim asserted in the May 3 letter excuses him from having to arbitrate the current claims against Allstate.

        *(c)*    *Plaintiff's argument implies a unilateral obligation on CCN's part that the contract does not require*

Plaintiff asserts that CCN waived the right to compel arbitration by failing to take action to select an arbitrator following plaintiff's May 3, 2000 letter. According to plaintiff, the May 3 letter obliged CCN to take affirmative action within 30 days to begin the process of selecting an arbitrator. In so doing, Plaintiff in effect shifts a bilateral burden to CCN, and then ignores the remainder of the arbitration clause, which provides an alternative arbitrator selection process which plaintiff failed to invoke.

Plaintiff posits that because "[a]t no time since May 3, 2000, has CCN or its counsel suggested an impartial arbitrator to address the issue [described in Kopelman's letter]," CCN should be barred from enforcing its right to arbitrate this dispute. However, this ignores Plaintiff's own responsibility. The contract requires that "[t]he parties shall <u>mutually agree</u> to the appointment of an impartial arbitrator within 30 days of the written request for the appointment of an arbitrator by any party" (emphasis added), and Plaintiff does not, in his waiver argument or his counsel's carefully-worded affidavit, claim that he or his counsel took any act to set this process in motion. Thus, his argument is not that CCN sought to avoid arbitration, but that <u>neither</u> party took the lead in fulfilling a <u>mutual</u> obligation. There is no basis to assert waiver in this circumstance.

Moreover, the contract contains a provision to address just such an occurrence, and Plaintiff never invoked it. Specifically, the arbitration clause provides that:

4

> In the event that mutual agreement cannot be obtained, <u>then the American Arbitration Association shall appoint an arbitrator who is familiar with the health care industry if one can be located; and, if one cannot be located, then another arbitrator shall be appointed</u>. All arbitration proceedings shall be conducted in accord with the rules of the American Arbitration Association . . .

(emphasis added). Plaintiff's failure to invoke that provision demonstrates what actually happened here -- Plaintiff himself abandoned his demand for arbitration in favor of litigation.[3]

### (d) Plaintiff's argument -- and his counsel's carefully-worded affidavit -- fail to note that CCN did indeed respond to the request for arbitration and in fact produced documents pursuant to it.

Contrary to plaintiff's implication, CCN did not sit idly by following receipt of the request for arbitration. There was actually another letter that preceded the May 3 letter, which requested arbitration and also, in connection therewith, asked for production of certain documents. Thereafter, CCN's counsel acknowledged the obligation to arbitrate and then, on June 16, produced the requested documents.[4] This was fourteen days before plaintiff Zidel filed his motion to substitute as putative class plaintiff in this cause -- effectively abandoning his effort to pursue arbitration and, ultimately, requiring CCN to file its initial motion to compel arbitration.

In this respect, Plaintiff's motion and the affidavit of his lawyer, Mr. Kopelman, are notable not so much for what they say as what they do <u>not</u> say. Plaintiff's objection, and the affidavit of Mr. Kopelman itself, are carefully worded to address only CCN's alleged failure to

---

[3] The alternative selection mechanism is enforceable under Section 2 of the Federal Arbitration Act, which provides that "[a] written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of such contract or transaction ... <u>shall be valid, irrevocable and enforceable</u> ...." 9 U.S.C. § 2 (emphasis added). Further, the Act expressly provides that selection methods selected by the parties must be adhered to, stating that "[i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, <u>such method shall be followed</u>..." 9 U.S.C. §5 (emphasis added). *See Universal Reins. Corp. v. Allstate Ins. Co.*, 16 F.3d 125 (7th Cir. 1994); *New England Reins. Corp. v. Tennessee Reins. Co.*, 780 F. Supp. 73 (D. Mass. 1991)(enforcing alternative selection clauses even where contract enabled one party to select all arbitrators).

[4] See the affidavit of William Deem, which was attached to CCN's reply brief in support of its motion and is attached hereto for purposes of convenience.

5

propose an arbitrator, neither confirming nor denying CCN's other activity as set forth above. That is because when the totality of CCN's activity is considered, Plaintiff's objection finds no support at all. On this record, there is simply no basis to find that CCN acted inconsistently with its obligation to arbitrate.

(e)   ***Plaintiff's citations of authority are not pertinent to the issue at bar.***

Plaintiff cites two cases in support of his objection. Neither applies to the issue at bar. Both *Platt Pacific, Inc. v. Andelson*, 862 P.2d 158 (Cal. 1993) and *Township Mun. Util. Auth. v. Diversified R.B. & T. Constr. Co., Inc.*, 409 A.2d 806 (N.J. Super. Ct. App. Div. 1979) involve arbitration clauses that contain limitations provisions requiring claims to be made within a specified time, and address the consequences of failing to do so. Though such clauses are enforceable, the Contract in this case does not contain such a provision, rendering both cases irrelevant to the question at hand.

**B.   Plaintiff's "Post-Litigation" Argument**

Plaintiff also objects that CCN waived its right to compel arbitration by failing to raise the arbitration clause as a defense in its answer to Allstate's Third-Party Complaint or by failing to file its motion sooner in this litigation. However, despite the passage of time, CCN has not "substantially [invoked] the litigation machinery" so as to prejudice plaintiff by its delay in filing its motion to compel and accordingly, CCN cannot be said to have waived its right to demand arbitration. *S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990).

First, the existence of an arbitration agreement is not a "defense" that is subject to waiver under Federal Rule 12 if not asserted in the first responsive pleading. Rule 12(h) enumerates those defenses which are subject to waiver in this fashion -- lack of personal jurisdiction,

improper venue, insufficiency of process, and insufficiency of service of process -- and the existence of an arbitration agreement is not among them. Courts reviewing the standard for waiver consistently reject arguments like plaintiff's, finding that waiver does not result mechanically from mere delay. *See e.g., Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000); *Adams v. Merrill Lynch Pierce Fenner & Smith*, 888 F.2d 696, 701 (10th Cir. 1989); *Fraser v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987).

For waiver to be found, a party must significantly participate in the litigation process, and the opposing party must be prejudiced by that participation. Plaintiff has not made -- cannot make -- that showing here.

Plaintiff has been aware of CCN's intent to demand arbitration since the outset of this litigation. Indeed, CCN immediately asserted its arbitration right in response to plaintiff's direct claims against CCN, after which plaintiff dropped CCN as a party. Once CCN was brought back into the litigation, CCN consistently informed Plaintiff, both on and off the record, that it would be moving to compel arbitration again. Armed with the knowledge that CCN intended to invoke its right to require the submission of this dispute to arbitration, plaintiff could have acted consistently with his contractual obligation and avoided any delay or expense he has incurred. Having failed to do so, plaintiff is estopped from holding CCN accountable for whatever costs, if any, he may have incurred as a result of this litigation.

Moreover, CCN's activity in this case has been extremely limited. Between being named as a third-party defendant and filing its (second) motion to compel arbitration, CCN only:

    (a)    answered Allstate's Third-Party Complaint;

    (b)    joined in an agreed motion to amend a pretrial order;

(c) notified the Court that it had received a transcript;

(d) filed a memorandum opposing consolidation;

(e) responded to plaintiff's motion to continue the trial date;

(f) opposed plaintiff's motion to limit CCN's ability to communicate with members of its network, *in which CCN noted that it intended to move to compel arbitration*, and;

(g) moved to preclude the commencement of merits discovery, *in part due to the existence of the arbitration agreement.*

CCN has not initiated any litigation activity, but has only reacted to the filings of other parties -- most notably the Plaintiff's -- in order to preserve its rights. CCN has not conducted any discovery and has not filed any dispositive motions, but has instead restricted its participation to the barest minimum necessary to defend itself before proceeding to arbitration. On this record, CCN cannot be fairly said to have "substantially invoked the litigation process."

It is telling that Plaintiff cites no case authority in which such limited participation has been deemed a waiver. In fact, CCN's activity falls well short of that in any case in which waiver has been found. See e.g. Com-Tech Associates v. Computer Associates International, Inc., 938 F.2d 1574, 1576-77 (2d Cir. 1991) (waiver found where defendant filed two answers, extensively deposed plaintiffs, and raised arbitration issue for first time as part of omnibus motion for judgment only four months before trial); S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990) (waiver found where defendant filed motion to dismiss, contested discovery, and took five depositions). Indeed, CCN's activities are substantially less than even that in other cases in which courts *declined* to find a waiver. See e.g. Williams v. Cigna Financial Advisors, Inc., 56 F.3d 656, 661-62 (5th Cir. 1995) (no waiver

where party removed action to federal court, filed motion to dismiss, filed motion to stay proceedings, answered complaint, asserted counterclaim, and exchanged Rule 26 discovery); Walker v. J.C. Bradford & Co., 938 F.2d 575, 576-78 (5th Cir. 1991) (no waiver where defendant removed action to federal court, answered complaint, served interrogatories and served requests for production, over a thirteen-month period); Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985) (no waiver where defendant filed motion to dismiss, answered complaint, asserted affirmative defenses and engaged in extensive discovery, over an eight-month period). Accordingly, Plaintiff's claim of waiver is simply wrong; the record activity at issue here does not even come close to the requisite showing.

Perhaps more importantly, neither plaintiff's response to CCN's motion nor plaintiff's instant objections contain any showing that plaintiff has been prejudiced by CCN's limited activities. Plaintiff simply claims, in conclusory, boilerplate fashion, that he has "incurred and devoted a substantial amount of time and effort to prosecute claims against ALLSTATE and to respond to CCN's motions and arguments." Plaintiff's Objection at 6. There are no specific allegations and plaintiff offers no evidence to demonstrate that he has suffered "significant prejudice" as the result of CCN's activity. *See Adams*, 888 F.2d at 701. Plaintiff fails to make this showing for a simple reason – CCN's participation in this case has been so limited that plaintiff cannot fairly claim that CCN's conduct has directly prejudiced him in anyway.

Because CCN's participation in this case has been limited to circumstances where it is required to act in order to preserve its rights and because plaintiff has not been prejudiced in any way, plaintiff's objection to Magistrate Snow's Report and Recommendation regarding waiver should be denied and the Court should enter an Order consistent therewith.

9

C.  **Conclusion**

For the reasons set forth above, and under the law and reasoning discussed in CCN's memoranda of law supporting its motion to compel arbitration (docket entry 174), Plaintiff's objections to the Magistrate's findings on the waiver issue are not well-taken and should be overruled.

MCGUIRE WOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
W. Curtis Caywood, IV
Florida Bar No. 0189420
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been furnished by U.S. Mail on this 19th day of February, 2002, to all counsel listed on the attached service list.

_____
Attorney

119730.1

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Amended 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Consolidated Civil Action No. 00-CIV-6061 Ferguson/Snow

Referred to United States Magistrate Judge Snow

| | | |
|---|---|---|
| DR. PAUL ZIDEL, | § § § | |
| Plaintiff, | § | |
| v. | § § | |
| ALLSTATE INSURANCE COMPANY, | § § | (Original Case No. 00-6061) |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § | |
| COMMUNITY CARE NETWORK, INC., d/b/a CCN, | § § § | |
| Third-Party Defendant. | § § | |

## AFFIDAVIT OF WILLIAM W. DEEM, ESQURIE

Before me, the undersigned authority, personally appeared William W. Deem, Esquire, who, after being duly sworn, says on oath:

1.   I am over the age of eighteen (18) and am competent to make this Affidavit. I have personal knowledge of the matters contained herein.

2.   I am an attorney practicing with the law firm of McGuireWoods LLP in its Jacksonville, Florida office. At all times material hereto, I have represented Third-Party Defendant, CCN Managed Care, Inc., in this case.

3.   In or about May 2000, CCN received a copy of a letter from Lawrence M. Kopelman, Esquire.

4. Sometime after its receipt of Mr. Kopelman's letter, CCN directed a copy to my attention. That letter indicated an intent to initiate arbitration and also, in that context, requested certain documents.

5. After receiving a copy of the letter, I contacted Mr. Kopelman to discuss his client's claims and to discuss the production of the documents related to those claims. I acknowledged CCN's obligation to arbitrate, and indicated CCN's willingness to do so.

6. Thereafter, I provided Mr. Kopelman with documents pursuant to his request, and awaited his efforts to proceed with the arbitration.

7. Thereafter, plaintiff chose to pursue his claims in this forum, following which CCN moved to compel arbitration.

FURTHER AFFIANT SAYETH NOT.

_____
WILLIAM W. DEEM

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was sworn to and subscribed before me this ____ day of November, 2001, by WILLIAM W. DEEM, who is personally known to me or who has produced _____ as identification.

_____
[...Sherry Jo Dye...]
Print notary name below signature
Notary Public, State and County
Aforesaid

Sherry Jo Dye
MY COMMISSION # CC887415 EXPIRES
November 14, 2003
BONDED THRU TROY FAIN INSURANCE, INC.

My Commission Expires:

(NOTARY SEAL)

2