018365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of himself and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, et al.

    Defendants.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

FILED by _____ D.C.
DKT
FEB 2 5 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

---

MOTE WELLNESS & REHAB, INC. on behalf of itself and all others similarly situated,

    Plaintiff,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

    Defendants.
_____/

CASE NO. 01-8549-CIV-FERGUSON/SNOW

## MOTION FOR RULE 11 SANCTIONS

The Defendants, AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY (hereinafter AMERICAN INTERNATIONAL and AMERICAN SOUTH, respectively), by and through undersigned counsel, and pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby file their Motion for Rule 11 Sanctions and as grounds therefor state:

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

The Plaintiff, MOTE WELLNESS & REHAB, INC. (hereinafter MOTE), filed its Class Action Complaint, on June 14, 2001, naming AMERICAN INTERNATIONAL and AMERICAN SOUTH as party Defendants. The Plaintiff's Complaint is brought in five counts: Count I for unjust enrichment; Count II for Third-Party Beneficiary Breach of Contract; Count III for RICO violations; Count IV for declaratory judgment; and Count V for violation of Florida Statutes §627.736. The basis for the Complaint is that MOTE submitted bills for payment of medical services rendered to the Defendants' insureds or claimants on a policy pursuant to an assignment of benefits, and that the Defendants allegedly improperly reduced such bills due to MOTE's participation in a preferred provider organization (PPO) network. The Plaintiff contends that these reductions are violative of Florida Statutes §627.736.

## I. AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY

Had the Plaintiff's attorneys conducted the slightest presuit investigation, they would have discovered that MOTE has never submitted any bills for treatment of an insured or other claimant on an automobile policy issued by AMERICAN SOUTH. If no bills for treatment were submitted for any claim on an AMERICAN SOUTH policy, obviously, there cannot have been a violation of the Florida PIP statutes, nor can there have been participation in a RICO scheme. Accordingly, Defendant AMERICAN SOUTH asks that this Court sanction the Plaintiff by awarding all of its attorneys fees and costs expended in the defense of this patently frivolous lawsuit.

## II. AMERICAN INTERNATIONAL INSURANCE COMPANY

Plaintiff's counsel's lack of a meaningful presuit investigation is also apparent in the fact that the Plaintiff's Complaint names AMERICAN INTERNATIONAL as a party Defendant. There are only two PIP policies issued by AMERICAN INTERNATIONAL on which claims were made for treatment by

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

MOTE. The insureds on these claims are (1) Gregory F. Horton and Michele D. Horton, and (2) Christine M. Johansson. *See* Affidavit of Pam Jones and Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment, incorporated by reference herein. Not a single one of the Explanation of Review letters sent to MOTE states that PPO reductions were recommended or taken, and the PIP Payment Records for the claims in these policies reflect that MOTE was paid everything that was billed with the exception of reductions for bills that exceeded the reasonable cost of the services. These reductions were agreed to by MOTE and confirmed by letter to MOTE, and have nothing to do with the PPO reductions that form the basis of MOTE's Complaint.

Clear evidence of Plaintiff's and counsel's lack of presuit investigation is shown by the proposed (and inadequate) Rule 26 disclosures. Plaintiff's Rule 26 disclosures include claims made on polices of Howard Vaine, Timothy Large, and Louis Galterio. None of these individuals is insured by AMERICAN SOUTH or AMERICAN INTERNATIONAL. Instead, they are insured by American Home Assurance Company (hereinafter American Home), which is not a party to this litigation. This is not a simple misnomer by the Plaintiff. The named Defendants are separate and distinct entities from American Home and have no relationship with the individuals reflected in Plaintiff's Rule 26 disclosures.

What makes Plaintiff's claims even more obviously frivolous is that, even if the Plaintiff had named American Home as a defendant, no PPO reductions were ever taken for bills submitted by MOTE on claims under the American Home policies of Vaine, Large, or Galterio. *See* Affidavit of Pam Jones. While several of the Explanation of Review letters show that PPO reductions were <u>recommended</u> in a few instances, these reductions, which are not mandatory, were never taken based on the adjuster's review of the file. It is clear from the Plaintiff's Rule 26 disclosures that Plaintiff's counsel made no effort to inquire of his client as to

3

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

the amounts actually paid on the bills submitted. Presumably, the Plaintiff keeps records of payments which are made by insurers, however, these documents are not reflected in Plaintiff's disclosures for the likely reason that counsel never bothered to investigate the matter. Nor has the Plaintiff included the HCFA forms on which bills are submitted to the carrier, which forms also prove that the amounts billed were not decreased for PPO reductions.

Plaintiff's counsel has had the documents produced in the Defendants' Rule 26 disclosures for several months. Despite being told on several occasions that the documents establish the nonexistence of Plaintiff's claim, counsel has refused to dismiss this patently frivolous claim. Accordingly, the Plaintiff and Plaintiff's counsel should be sanctioned under Rule 11 and be required to pay all fees and costs incurred by AMERICAN INTERNATIONAL in defending this action. Furthermore, the Plaintiff and counsel should be cautioned against filing yet another frivolous suit against American Home in light of the fact that no PPO deductions were taken on any of MOTE's bills by American Home.

## MEMORANDUM OF LAW

Rule 11 provides in pertinent part as follows:

> "... The signature of any attorney or party constitutes a certificate by the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needles increase in the cost of litigation..." Fed.R.Civ.P. 11.

Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses. *See Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987). Among those circumstances identified by the Eleventh Circuit where sanctions may be

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

assessed under Rule 11 are those where factually groundless allegations, which are patently frivolous, have been made. *See Collins v. Walden*, 834 F.2d 961,964 (11th Cir. 1987). A key inquiry under Rule 11 is whether there has been some prefiling inquiry into both the **facts** and the **law**. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 818 F.Supp. 1510,1515-16 (M.D. Fla. 1993). A party to an action and his attorney are both under a duty, pursuant to Rule 11, to make such an inquiry. The failure to make a proper inquiry will leave both attorney and client vulnerable to a Court's imposition of Rule 11 sanctions. *Id.* (holding that where Plaintiff knew his claim was false and thus frivolous, and his attorney relied on Plaintiff's false and hearsay based statements to pursue Plaintiff's frivolous claims, both Plaintiff and his attorney were liable for Rule 11 sanctions).

The standard used for determining the validity and reasonableness and of a prefiling inquiry is an objective one. *See Worldwide Primates, Inc., v. McGreal*, 87 F.3d 1252,1254 (11th Cir. 1996)(stating that the Court must determine whether a party's claims are objectively frivolous and if so, whether the person who signed the pleadings **should have** been aware, upon making a reasonable inquiry of fact); *Donaldson v. Clark*, 819 F.2d 1551,1556 (11th Cir. 1987). Ultimately, if the attorney or party did not make a 'reasonable inquiry,' then the Court must impose sanctions–despite the attorney's good faith belief that the claims were sound. *See Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991). Courts may not evaluate reasonableness or hindsight; rather courts should test the signer's conduct by inquiring into what it was reasonable for the party or attorney to believe at the time the pleading, motion, or other paper was submitted. As this Court has stated, "[a] pleading, motion or other paper may not be signed first and the basis investigated thereafter. Rule 11 requires the signer to first stop and think." *See Propharma, S.A. v. P. Leiner Nutritional Products Corp.*, 135 F.R.D. 207, 209 (S.D. Fla. 1991)(*quoting Guitierrez v. City of*

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

*Hialeah*, 723 F.Supp. 1494 (S.D. Fla. 1989). Counsel has a continuing obligation to re-evaluate their position as the case develops. Furthermore, upon discovery that a good faith basis no longer exists, it is incumbent upon the appropriate counsel and party to take necessary steps to ensure that the proceedings do not continue without a reasonable basis in law and fact. *See Baker v. Alderman*, 150 F.R.D. 202, 206 (M.D. Fla. 1993).

As noted above, had Plaintiff's attorney conducted any presuit investigation whatsoever, he would have concluded (1) that MOTE never submitted any bills on policies issued by AMERICAN SOUTH, and (2) that no PPO reductions were taken from the bills submitted by MOTE for treatment of claimants on the only two policies issued by AMERICAN INTERNATIONAL on which MOTE submitted claims. Counsel obviously did not review any records of payment with his client, as such records would have shown the lack of PPO reductions. Counsel's zeal to rush this suit so that it may be "consolidated" with other pre-existing suits resulted in the filing of a meritless claim. Accordingly, the Defendants are entitled to sanctions in the form of attorneys fees and costs for defending this frivolous suit.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this  25th  day of   January  , 2002, to: Jan Douglas Atlas, Esq., Lead Counsel for Mote Wellness, Atlas Pearlman, P.A., 350 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida 33301. The motion

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

was also mailed to counsel on the attached service list.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade

By: /s/ Brian P. Knight
Dale L. Friedman, Esquire
Florida Bar No.: 854646
Brian P. Knight, Esquire
Florida Bar No.: 993662

BPK
02.0115
Z92778.WPD

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

<u>Co-Lead Counsel for Plaintiffs</u>

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

<u>Co-Counsel for Plaintiffs</u>

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

<u>Counsel for Beech Street and ADP</u>

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

<u>Counsel for Progressive</u>

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

<u>Counsel for CCN</u>

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823.1