018365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.

    Defendants.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

NIGHT/BOX
FILED

FEB 25 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

_____

MOTE WELLNESS & REHAB, INC. on behalf
of itself and all others similarly situated,

    Plaintiff,

v.

AMERICAN INTERNATIONAL INSURANCE
COMPANY and AMERICAN INTERNATIONAL
SOUTH INSURANCE COMPANY,

    Defendants.

CASE NO. 01-8549-CIV-FERGUSON/SNOW

_____/

## MOTION TO STRIKE "AMENDED CLASS ACTION COMPLAINT"

The Defendants, AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN

INTERNATIONAL SOUTH INSURANCE COMPANY (hereinafter AMERICAN INTERNATIONAL

and AMERICAN SOUTH, respectively), by and through undersigned counsel, hereby file their Motion to

Strike the Plaintiff's "Amended Class Action Complaint", and as grounds therefor state:



CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

1.  The Plaintiff, MOTE WELLNESS & REHAB, INC. (hereinafter MOTE), filed its initial Class Action Complaint, on June 14, 2001, Case No.: 01-8549-CIV-Ryskamp.

2.  The initial Complaint was brought in five counts: Count I for unjust enrichment; Count II for Third-Party Beneficiary Breach of Contract; Count III for RICO violations; Count IV for declaratory judgment; and Count V for violation of Florida Statutes §627.736.

3.  The basis for the initial Complaint is that MOTE submitted bills for payment of medical services rendered to the Defendants' insureds or claimants on a policy pursuant to an assignment of benefits, and that the Defendants allegedly improperly reduced such bills due to MOTE's participation in a preferred provider organization (PPO) network.

4.  On a number of occasions over a period of months, the undersigned advised Plaintiff's attorneys that, although PPO deductions had been recommended for bills submitted by MOTE, no such deductions were ever taken at the discretion of the adjuster. *See* Defendants' Motion for Rule 11 Sanctions, filed herewith and incorporated by reference herein.

5.  Despite having the information from both the Defendants' initial Rule 26 disclosures and their client's own financial records showing that MOTE had no valid cause of action, Plaintiff's counsel refused to dismiss the claim.

6.  Not only did MOTE not have a valid cause of action because deductions were never taken, but the Defendants named by MOTE's attorneys never even had a claim submitted for treatment of an insured by MOTE where such deductions were even recommended.

7.  The documents produced in Plaintiff's Rule 26 disclosures referenced individuals that were insured by an entirely different insurance company, not party to this litigation.

2

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

8.  As a result, the Defendants were forced to spend a great deal of time and effort performing the investigation that Plaintiff's attorneys failed to perform on their own in order to sort out the incorrect parties and to show that deductions were never taken.

9.  Had the Plaintiff's attorneys made the barest of investigation they would have made themselves aware of the numerous deficiencies in their claim.

10.  Rather than respond to the Defendants' motion, Plaintiff's counsel filed an "Amended Class Action Complaint" which no longer names MOTE as party plaintiff at all but, instead, now names a Dr. Andrew Ellowitz.

11.  The "amended" complaint also revises the allegations concerning the PPO network, since Dr. Ellowitz was allegedly part of the CCN program, whereas MOTE was allegedly a member of the Chiro Alliance PPO network.

12.  The "amended" complaint should be stricken because there is no provision in the Federal Rules of Civil Procedure for a plaintiff to substitute entirely for a former plaintiff, especially where there is no certified class.

WHEREFORE, the Defendants, AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY, hereby move this Honorable Court to strike the Amended Class Action Complaint filed in this matter.

## MEMORANDUM OF LAW

Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings and states in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading

3

is permitted and the action has not been placed upon the trial calendar, the party may so
amend it at any time within 20 days after it is served

*See* Fed.R.Civ.P. 15(a). The "party" purporting to amend its pleading in this instance is MOTE. However, MOTE is no longer a "party" in the amended pleading. Thus, the attempted amendment is a nullity.

In this case, MOTE has responded to the Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment by stating that the issues therein are moot, presumably in recognition of the lack of merit in MOTE's allegations. Under similar circumstances, courts have refused to permit such amendments where the initial plaintiff is dropped and no longer has a claim pending against the defendant, since the initial plaintiff is no longer a "party" as required under Rule 15 to permit amendment. *See e.g. Fox v. Board of Trustees of State Univ. of New York*, 148 F.R.D. 474, 487 (N.D.N.Y. 1993)(the attempted complete substitution of one plaintiff for another plaintiff under Rule 15 "is a procedural hurdle to allowing an amendment, which plaintiffs cannot surmount").

This case is very similar to *Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278 (5th Cir., Unit A 1981), a former Fifth Circuit opinion that is binding on this Court. In *Summit*, the plaintiffs brought a class action suit against a number of steel and metal companies, alleging antitrust violations of the Sherman Act and the Clayton Act. *Id.* at 1280. An intervening Supreme Court decision mooted the plaintiffs' claims, resulting in the district court granting the defendants' motion for summary judgment on the merits. As in the present case, the plaintiffs in *Summit* filed an "amended" complaint which named completely new party plaintiffs, and which did not include the plaintiffs from the initial complaint. The district court struck the amended complaint because Fed.R.Civ.P. 15 did not authorize substitution of parties in this manner.

4

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

The Fifth Circuit affirmed the district court's order striking the amended complaint and agreed with the district court's analysis of the plaintiffs' improper use of Rule 15. The court noted that an attempt to substitute parties in this manner constituted a "lawsuit in search of a sponsor." *Id.* at 1281. The court also reiterated the language of the district court judge who stated, "such a 'revolving door' theory of representation through the imaginative use of the amendment process . . . would vest in plaintiffs' counsel a power and control over litigation, particularly class action litigation, heretofore not recognized by the federal courts." *Id.* The court stated that "no one with a valid claim remained to urge the amendment and that any litigation on behalf of [the new plaintiffs] should be filed in a new lawsuit." *Id.*

The "lawsuit in search of a sponsor" language and "revolving door" analogy in the *Summit* case is an apt description to these proceedings. Plaintiff's counsel is proceeding as if a class has already been certified, despite the fact that their first attempt to find a "sponsor" representative Plaintiff failed. Plaintiff's counsel's zeal to keep this suit moving in lock step with the other consolidated matters has caused the Plaintiff to disregard the Federal Rules of Civil Procedure regarding amendment of pleadings and substitution of parties.

For example, the Plaintiffs' attempted substitution of parties does not fit within any of the categories for permissible substitution of parties listed in Rule 25, nor have the Plaintiffs filed a motion for leave to substitute parties under that rule. Neither is this a situation where there is a certified class whose named representative's claim is resolved, whereby simple substitution of another class member would be permissible. *See e.g. Umar v. Johnson,* 173 F.R.D. 494, 504 (N.D.Ill. 1997). To paraphrase a previous memorandum filed by another of the consolidated defendants, the Plaintiff's attorneys are determined to

add cars to an already moving train solely for their own convenience, regardless of any legal requirements or of due process concerns of the Defendants. This should not be permitted.

The attempted amendment is all the more troubling given the fact that the undersigned told Plaintiff's counsel on a number of occasions that the deductions were never taken from any bill submitted to the named Defendants by the initial plaintiff, MOTE WELLNESS. Although counsel has recently intimated in correspondence that PPO deductions were confirmed by their investigation of MOTE WELLNESS' books, this is clearly untrue since the documents in MOTE's Rule 26 disclosures did not even relate to insureds of the named defendants. To this end, the Defendants file herewith their Motion for Rule 11 Sanctions which was served January 25, 2001, in accordance with the safe harbor provisions of the rule. Because the Plaintiffs have never formally withdrawn the initial complaint, and since the purported "amended" complaint is a nullity, the Rule 11 motion is ripe for filing and consideration.

In accordance with the foregoing, the Amended Class Action Complaint should be stricken since there is no procedural basis to entirely substitute party plaintiffs absent filing a new lawsuit.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this __25th__ day of __February__, 2002, to: Jan Douglas Atlas, Esq., Lead Counsel for Mote Wellness, Atlas Pearlman, P.A., 350 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida 33301, and to counsel on the

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

attached service list.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade


By: _Brian P Knight_
      Dale L. Friedman, Esquire
      Florida Bar No.: 854646
      Brian P. Knight, Esquire
      Florida Bar No.: 993662

BPK
02.0222
ZX4404.WPD

7

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

7090-00100 318823.1