IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly )
situated, )
    Plaintiffs, )
 )
v. )
 )
ALLSTATE INSURANCE COMPANY, )
    Defendant / Third-Party Plaintiff, )
 )
v. )
 )
COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
    Third-Party Defendant. )
_____)

NIGHT BOX FILED

FEB 28 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

DEFENDANT, ALLSTATE INSURANCE COMPANY'S PARTIALLY UNOPPOSED
MOTION TO STRIKE PLAINTIFF'S RESPONSE TO ALLSTATE'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A REPLY BRIEF

Defendant, Allstate Insurance Company ("Allstate"), hereby moves this honorable Court, pursuant to Rule 72 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 72, for entry of an Order striking in its entirety Plaintiff's Response To Allstate's Objections To Magistrate Judge's Report And Recommendation. In the alternative, Allstate respectfully requests that it be permitted to file a Reply brief in which the baseless assertions made by plaintiff in his Response can be fully addressed. Plaintiff does not oppose the filing of a reply. In support hereof, Allstate states as follows:

1.    Plaintiff, Paul Zidel, M.D. ("Dr. Zidel"), is an orthopedic surgeon practicing in the State of Florida. (Second Amended Complaint, ¶ 1.) (DE #98) Dr. Zidel entered into an agreement with Third-Party defendant Community Care Network, Inc. ("CCN") to accept certain negotiated

1

rates for his services when rendered to individuals insured by certain insurance companies. (Id., ¶¶ 15, 22.)

2. In his Second Amended Complaint in this action, Dr. Zidel alleges, among other things, that:

a. he became a "CCN Preferred Provider," and signed a Professional Care Provider Agreement with CCN, thus agreeing to become a provider for CCN "payor organizations." (Id., ¶¶ 36, 37 and Exhibit A thereto.);

b. his agreement "does not allow CCN to allow automobile insurers ... access to Dr. Zidel's preferred provider rates." (Id., ¶ 37.);

c. his agreement "with CCN did not authorize the application of his discounts by automobile insurers." (Id., ¶ 39.);

d. Allstate began to apply the CCN contractual rates to his medical bills when he treated patients covered by an Allstate automobile insurance policy. (Id., ¶ 22.);

e. Allstate had no right to apply such rates since Allstate never became a "legitimate participant" in his PPO with CCN. (Id., ¶ 24.);

f. Although Allstate was not entitled to apply the CCN rates "under the terms and conditions of ... the CCN PPO contract with Dr. Zidel," and Allstate was not a "proper payor" under that agreement, CCN allowed Allstate access to its rates. (Id., ¶¶ 24-26, 40.)

      g.    Allstate applied the rates "as if it were a legitimate participant" in the CCN PPO, thus engaging in a "Silent PPO" with CCN. (Id., ¶¶ 25, 26, 27.)[1]

3.    Dr. Zidel's claims in this action were originally brought against both Allstate and CCN. (DE #47)  When CCN responded with a motion to compel arbitration under the agreement between Dr. Zidel and CCN (DE #86), Dr. Zidel voluntarily dismissed CCN as a party. (DE #96) However, after Dr. Zidel filed his Second Amended Complaint solely against Allstate (DE #98), Allstate filed a third party claim against CCN. (DE #115)

4.    CCN thereafter filed its Partially Unopposed Motion to Compel Arbitration (DE #174) based on the fact that Dr. Zidel's claims against Allstate make reference to, presume the existence of, arise out of, and directly relate to his CCN agreement (see, e.g., Second Amended Complaint, ¶¶15, 22, 24-27, 29, 36-37, 39-40).

5.    Allstate formally advised the Court that it joined in CCN's motion, expressly and unequivocally adopting and incorporating by reference each of the various arguments made by CCN in support of its motion. (DE #332)

6.    The Magistrate Judge issued a Report and Recommendation dated January 18, 2002 (DE #550) which denied CCN's Partially Unopposed Motion to Compel Arbitration (DE #174).

7.    In accordance with the procedure specified in Rule 72 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 72, Allstate timely submitted its Objections To Magistrate Judge's Report

---

[1] In its Answer, Allstate denied all material allegations including that it is not a "legitimate participant" or that it is not entitled to use the CCN rates. Answer at pages 7-8.

And Recommendation Regarding CCN's Partially Unopposed Motion To Compel Arbitration (Joined by Allstate) ("Objections"). (DE #576)

8. Plaintiff's Response to Allstate's Objections is premised on distortions of the factual record along with misrepresentations concerning the legal basis for his arguments.

9. There is no bona fide legal or factual basis for Plaintiff's claim that Allstate waived its right to compel arbitration. Likewise, there is no genuine basis for Plaintiff's assertion that Allstate is barred from raising objections to the Magistrate Judge's Report and Recommendation.

10. Plaintiff selectively quotes from and wholly misrepresents the nature, scope and holding of the cases upon which he asks this court to base a determination that Allstate has waived its right to compel arbitration on the basis of prior litigation between Allstate and a third party. See PPG Industries, Inc. v. Webster Auto Parts, Inc., 128 F.3d 103 (2d Cir. 1997); Doctors Associates, Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997). Those Second Circuit cases simply do not, as plaintiff contends, provide authority for the broad proposition that any conduct by a party in one piece of litigation can constitute the basis for a waiver of its rights in another case in another court, involving different parties, differing facts and differing legal theories and issues.

11. Plaintiff thus fails to provide a legal basis upon which he can characterize Allstate's participation in and defense of the claims asserted in Arcadia Chiropractic Clinic, Inc. v. Allstate Ins. Co., Case No. 00-0168 CC Desoto County Court (the "Arcadia Case"), as a waiver of Allstate's rights to require arbitration of the claims asserted by plaintiff in this litigation. The mere fact that Allstate is alleged to have litigated the Arcadia Case in another forum, at a different time, with different parties, in the absence of CCN, involving different facts and involving at most a single

claim which might have some general similarity to one of many theories asserted in this case, does not and cannot be used to establish a waiver of Allstate's rights in connection with this litigation.

12. Plaintiff also substantially misrepresents to this Court the extent and nature of Allstate's joinder and participation in CCN's motion to compel arbitration, as presented to the Magistrate Judge. It is absolutely false to contend, as Plaintiff does, that Allstate did not participate in the Motion. Allstate formally joined in CCN's motion to compel arbitration, and expressly and unequivocally adopted and incorporated by reference each of the various arguments asserted by CCN by filing a document which did just that. (DE #332)

13. It is well beyond legitimate contention that the pertinent arguments were made by CCN to the Magistrate Judge, with Allstate joining in and adopting those arguments. Allstate's Objection to the Report and Recommendation, which asserted that arbitration is required under Dr. Zidel's contract with CCN is not in any way affected by the fact that Allstate simply joined in CCN's Motion, rather than filing a duplicative pleading which restated the same arguments.[2]

14. Plaintiff has submitted to this Court a brief in opposition to Allstate's Objections to the Magistrate's Report and Recommendation which is insupportable in fact and law. The Rules do

---

[2] The Magistrate Judge, without prompting, made an erroneous finding of fact that there is no arbitration agreement in the automobile insurance policy under which Dr. Zidel is claiming to be a third party beneficiary. Report at page 6 footnote 6. Because that finding is contained in the Report and Recommendation, and because Dr. Zidel did not attach any insurance policy to his Second Amended Complaint, Allstate attempted to clarify the record by attaching a copy of Allstate Florida Automobile Policy Amendment, Form AU2157, which is part of its standard policy in Florida, to its Objection presented to this Court. The Policy Amendment does contain an arbitration clause at page 2. Although CCN's motion to compel arbitration was based on the terms of the Dr. Zidel-CCN agreement, it is also true that Allstate's policy requires arbitration and, as such, lends further support for granting CCN's Motion to compel arbitration. See Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2nd DCA 2000).

not provide an opportunity, absent further action by this Court, for Allstate to address the frivolous nature of plaintiff's opposition. See Fed. R. Civ. P. 72. As a result, this Court should strike the offending pleading and sustain Allstate's objections as unrebutted. In the alternative, at a minimum, Allstate must be provided with a reasonable opportunity to submit a Reply in support of its Objections, in order to fully rebut the meritless assertions contained in plaintiff's Response.

## Conclusion

For each of the foregoing reasons, defendant Allstate Insurance Company respectfully requests that this Court strike, in its entirety, Plaintiff's Response To Allstate's Objections To Magistrate Judge's Report And Recommendation. In the alternative, Allstate respectfully requests that Allstate be permitted to file a Reply brief in which the legally baseless assertions espoused by plaintiff in his Response can be fully addressed.

## CERTIFICATE OF COUNSEL

Pursuant to the Local Rules, undersigned counsel conferred with Eric Lee, Plaintiff's counsel, with respect to this Motion. Mr. Lee advised that he opposes the Motion to the extent it requested the striking of the response, but Mr. Lee does not oppose the filing of a reply by Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 28TH day of February, 2002.

*/s/ David B. Shelton*

PETER J. VALETA  
Florida Bar No. 327557  
ROSS & HARDIES  
150 North Michigan Ave., Suite 2500  
Chicago, Illinois 60601  
Telephone: (312) 750-3619  
Telecopier: (312) 750-8600  
Attorneys for Allstate Insurance Company  
647660

DAVID B. SHELTON  
Florida Bar No. 0710539  
Rumberger, Kirk & Caldwell  
P.O. Box 1873  
Orlando, Florida 32802  
Telephone: (407) 839-4511  
Telecopier: (407) 841-2133  
Attorneys for Allstate Insurance Company

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esquire
Eric Lee, Esquire
Robin Corwin Campbell, Esquire
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
William E. Adams, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021