IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly situated,
    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
    Defendant / Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,
    Third-Party Defendant.

NIGHT BOX FILED
FEB 28 2002
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

MEMORANDUM IN SUPPORT OF
ALLSTATE INSURANCE COMPANY'S PARTIALLY UNOPPOSED MOTION
TO STRIKE PLAINTIFF'S RESPONSE TO ALLSTATE'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A REPLY BRIEF

Plaintiff has submitted to this Court a response brief in opposition to Allstate's Objections to the Magistrate Judge's Report and Recommendation dated January 18, 2002, which denied CCN's Partially Unopposed Motion to Compel Arbitration, that is insupportable in fact and law. The Rules do not provide an opportunity, absent further action by this Court, for Allstate to address the frivolous substance of Plaintiff's Response. See Fed. R. Civ. P. 72. It is wholly appropriate, therefore, for this Court to strike Plaintiff's Response, and thereafter to sustain Allstate's Objections as unrebutted. In the alternative, Allstate should be permitted to submit a Reply in support of its Objections, in order to fully rebut the meritless assertions contained in Plaintiff's opposition.

1

Background

Plaintiff, Paul Zidel, M.D. ("Dr. Zidel"), is an orthopedic surgeon practicing in the State of Florida. (Second Amended Complaint, ¶ 1.) Dr. Zidel entered into an agreement with Third-Party defendant Community Care Network, Inc. ("CCN") to accept certain negotiated rates for services when rendered to individuals insured by certain insurance companies. (Id., ¶¶ 15, 22.)

In his Second Amended Complaint in this action, Dr. Zidel alleges, among other things, that: he became a "CCN Preferred Provider," and signed a Professional Care Provider Agreement with CCN, thus agreeing to become a provider for CCN "payor organizations." (Id., ¶¶ 36, 37 and Exhibit A thereto.); his agreement "does not allow CCN to allow automobile insurers ... access to Dr. Zidel's preferred provider rates." (Id., ¶ 37.); his agreement "with CCN did not authorize the application of his discounts by automobile insurers." (Id., ¶ 39.); Allstate began to apply the CCN contractual rates to his medical bills when he treated patients covered by an Allstate automobile insurance policy. (Id., ¶ 22.); Allstate had no right to apply such rates since Allstate never became a "legitimate participant" in his PPO with CCN. (Id., ¶ 24.); Although Allstate was not entitled to apply the CCN rates "under the terms and conditions of ... the CCN PPO contract with Dr. Zidel," and Allstate was not a "proper payor" under that agreement, CCN allowed Allstate access to its rates. (Id., ¶¶ 24-26, 40.); and Allstate applied the rates "as if it were a legitimate participant" in the CCN PPO, thus engaging in a "Silent PPO" with CCN. (Id., ¶¶ 25, 26, 27.)[1]

Dr. Zidel's claims in this action were originally brought against both Allstate and CCN.

---

[1] In its Answer, Allstate denied all material allegations including that it is not a "legitimate participant" or that it is not entitled to use the CCN rates. Answer at pages 7-8.

When CCN responded with a Motion to compel arbitration under the agreement between Dr. Zidel and CCN, Dr. Zidel voluntarily dismissed CCN as a party. After Dr. Zidel filed his Second Amended Complaint solely against Allstate, however, Allstate filed a third party claim against CCN. CCN thereafter filed its Partially Unopposed Motion to Compel Arbitration based on the fact that Dr. Zidel's claims against Allstate make reference to, presume the existence of, arise out of, and directly relate to his CCN agreement (see, e.g., Second Amended Complaint, ¶¶15, 22, 24-27, 29, 36-37, 39-40). Allstate formally advised the Court that it joined in CCN's motion, expressly and unequivocally adopting and incorporating by reference each of the various arguments made by CCN in support of its motion.

The Magistrate Judge issued a Report and Recommendation dated January 18, 2002, which recommended that CCN's Partially Unopposed Motion to Compel Arbitration be denied. Thereafter, in accordance with the procedure specified in Rule 72 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 72, Allstate timely submitted its Objections to the Magistrate Judge's Report And Recommendation ("Objections").

Argument

Simply put, Plaintiff's Response is factually insupportable and legally unwarranted. As more fully described below, Plaintiff's Response is premised on several distortions of the factual record along with a number of misrepresentations concerning the legal basis for his arguments. At a minimum, therefore, the Response should be stricken and Allstate's Objection sustained as unrebutted.

3

I. **PLAINTIFF'S ASSERTION THAT ALLSTATE HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION IS INSUPPORTABLE.**

A. **Allstate's Minimal Activity In Defense Of This Litigation Is Factually And Legally Insufficient To Establish A Waiver.**

The Response fails completely to meet plaintiff's burden to demonstrate that the substantial use of the judicial process in protracted litigation by Allstate caused plaintiff to suffer substantial detriment or prejudice. It is, however, a fundamental and well-established rule of law, discussed in the cases cited by plaintiff, himself, that a party cannot be deemed to have waived its right to arbitration through its litigation conduct unless the opposing party affirmatively meets that burden. E.g., Morewitz v. West Of England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995); Freund-Alberti v. Merrill, Lynch, Pierce, Fenner & Smith, 135 F. Supp. 2d 1298, 1302-03 (S.D. Fla. 2001). The required showing of actual prejudice, before a waiver can be found, is consistent with the strong federal presumption favoring arbitration. E.g., Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp., 460 U.S. 1, 24, 103 S. Ct. 927 (1983) ("[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."). See Freund-Alberti, 135 F. Supp. 2d at 1302.

In his effort to artificially create a non-existent waiver by Allstate in this litigation, Plaintiff resorts to complaining about the passage of time and offering baseless speculation concerning Allstate's motivation in joining in CCN's Motion to compel arbitration. Although prejudice can be shown as "substantive" prejudice to the legal position of the opposing party, or that which flows from "unnecessary delay or expense" resulting when a party delays invocation of its contractual right to arbitrate (see Doctors Associates, Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997)), neither type of prerequisite prejudice is even remotely established by plaintiff, here.

The passage of time alluded to in the Response reflects more upon plaintiff's predecessor's (Dr. Napoli) abrupt decision to abandon his litigation efforts, and plaintiff's determination to avoid arbitration through its attempt to remove CCN as a party to the case, and repetitive pleading, than anything attributable to Allstate. Indeed, even then, Plaintiff's proffered recounting of the time line in the case reflects the occurrence of only relatively minimal litigation activity outside of Plaintiff's procedural maneuvering. That cannot meet the required showing of significant use of the judicial process. Nor does it in any way come close to affirmatively establishing that plaintiff has been substantially prejudiced by that minimal litigation effort. See Doctors Associates, 107 F.3d at 134 ("prejudice as defined in our cases refers to the inherent unfairness -- in terms of delay, expense, or damage to the party's legal position -- that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue [and] legal expenses inherent to litigation, 'without more,' do not constitute prejudice requiring a finding of waiver").

Plaintiff's Response fails to offer any justification for this court to affirmatively find substantial prejudice to Dr. Zidel resulting from significant use of the judicial process in this matter by Allstate. Plaintiff's assertion to the contrary is both insupportable and unwarranted by law. Accordingly, Plaintiff has failed to meet his burden and no basis exists for this Court to find a waiver by Allstate.

**B.     Plaintiff's References To Other Litigation As A Basis For Asserting A Waiver By Allstate Is Entirely Frivolous.**

Plaintiff selectively quotes from and wholly misrepresents the nature, scope and holding of the cases upon which he asks this court to base a determination that Allstate has waived its right to compel arbitration on the basis of prior litigation between Allstate and a third party. See PPG

5

Industries, Inc. v. Webster Auto Parts, Inc., 128 F.3d 103 (2d Cir. 1997); Doctors Associates, Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997). Neither of these Second Circuit cases cited by plaintiff actually supports plaintiff's efforts to characterize Allstate's participation in and defense of the claims asserted in Arcadia Chiropractic Clinic, Inc. v. Allstate Ins. Co., Case No. 00-0168 CC Desoto County Court (the "Arcadia Case") as a waiver of Allstate's rights to require arbitration of the claims asserted by plaintiff in this litigation.

Doctor's Associates arose out of litigation between franchisees-plaintiffs and their franchisor. The franchise agreement at issue contained an arbitration clause. A second agreement, a sublease of the franchise premises, which was entered into between the franchisees and a leasing company affiliated with the franchisor, did not contain an arbitration clause but did provide for eviction as a remedy for default under either contract. After disputes arose concerning non-payment by the franchisees of rent, royalties and fees due under the contracts, the leasing company filed eviction actions. Long after the eviction proceedings ended, the franchisees filed suit against the franchisor, alleging fraud, breach of contract and other theories of recovery arising out of their franchise relationship. The franchisor invoked the arbitration clause but the franchisees refused to comply, asserting the franchisor had waived its right to compel arbitration of their claims because it had previously sought to evict them through separate eviction actions. The district court rejected the franchisees' position, and held that the franchisor had "not waived its right to arbitrate by bringing [the prior] eviction proceedings" because the franchisees had not proven sufficient prejudice. Id. at 129.

The Second Circuit affirmed the conclusion that no waiver had occurred. It did so on the basis that there was no demonstration that the issues and parties involved in the eviction litigation

6

substantially overlapped with the claims asserted in the franchisee's lawsuit. The Court first found that the franchisor did not, in the eviction actions, "engage in litigation on the merits of the issues now raised in the franchisees' [current] suits." Id. at 132. The Court then noted "only prior litigation of the same legal and factual issues as those the party now wants to arbitrate" can result in waiver of the right to arbitrate. Id. at 133. Because the franchisor did not litigate substantial issues going to the merits of the franchisees' current claims," the court thus concluded that the franchisor "did not waive arbitration." Id.

In PPG Industries, PPG, a manufacturer filed two nearly identical collection actions against its distributors. In the first case ("Premium Action"), PPG sued Webster, Premium, Anthony Puleo and Patricia Puleo. In the second case ("Webster Action"), PPG sued Webster, Anthony Puleo and Patricia Puleo. The defendants in the Premium action filed an answer asserting six counterclaims against PPG. The defendants in the Webster action filed an answer asserting four counterclaims identical to four of the six counterclaims filed in the Premium Action. All of the parties in the Webster case were also parties to the Premium case, "the counterclaims raised in the Webster action were duplicative of four of the six counterclaims raised in the Premium action," both actions involved nearly identical claims, both "arose out of the same core facts," and both were "so closely related as to form what is really a single controversy." 128 F.3d at 107.

PPG sought to compel arbitration of the six counterclaims in the Premium Action, relying on an arbitration clause in the underlying distribution agreement. Several months after filing the first petition, also sought to compel arbitration of the Webster Action.

The Court in the Premium Action denied the petition to compel arbitration in that case. PPG did not appeal from that adverse ruling. The petition in the Webster Action was later denied as well.

In affirming the denial of the petition in the Webster Action, the Second Circuit concluded that PPG's "failure to take an immediate appeal" from the adverse ruling in the Premium Action, "combined with [its] continued pursuit of litigation once the opportunity to appeal" had passed, resulted "in prejudice that compels a finding of waiver." 128 F.3d at 110. The Court also found significant the fact that PPG had obtained information through discovery in the Premium Action litigation which it would not have been able to obtain, and thus should not be permitted to use, in an arbitration proceeding in the Webster Action. Id.

There is no demonstrable parallel between the circumstances presented here and those discussed in Doctor's Associates and PPG Industries. The one other piece of Allstate litigation identified and relied upon by plaintiff, the Arcadia Case, is not at all similar to those at issue in Doctor's Associates and PPG Industries, and does not remotely support the assertion of waiver. Unlike the situation in those cited cases, there is no unity of parties between the Arcadia case and the instant action. Plaintiff was not a party to the Arcadia Case. CCN was not a party to the Arcadia case. Plaintiff does not assert, nor could he, that the facts giving rise to the claim in the Arcadia Case are identical to those which he alleges to establish his claims. Nor does plaintiff contend, because he cannot, that the Arcadia Case involved all of the numerous legal theories which plaintiff has asserted in this case. The similarity asserted by plaintiff as a conclusion, without any explanation or support -- a legal challenge to the amount paid by Allstate in response to a PIP coverage claim -- even if true would simply not be enough.

Mere commonality of some aspects, or some "core" facts or issues, is not nearly sufficient to establish the substantial overlap necessary to constitute a "prior litigation of the same legal and factual issues" properly supporting of a finding of waiver of arbitration. E.g., Doctors Associates,

8

107 F.3d at 133-34 (rejecting assertion that common core facts are sufficient where the disputes involved are in fact different). See Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 122 (2d Cir. 1991) (no waiver where prior litigation was brought by a separate party and involved a number of "legally distinct" claims). The mere fact that Allstate is alleged to have litigated in another forum, at a different time, with different parties, in the absence of CCN, involving different facts and at best a single claim which might have some similarity to one of many asserted in this case, therefore, does not and cannot be used as a basis for plaintiff to establish a waiver of Allstate's rights in connection with this litigation.

## II. PLAINTIFF'S CLAIM THAT ALLSTATE IS BARRED FROM RAISING OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IS EQUALLY BASELESS.

It cannot be disputed that Allstate formally joined in CCN's motion to compel arbitration by, among other things, filing a document which expressly did just that. Nor is it possible to legitimately question that Allstate's joinder in CCN's Motion expressly and unequivocally adopted and incorporated by reference each of the various arguments asserted by CCN in support of its effort to compel arbitration. There was no omission by Allstate or attempt to bypass the Magistrate Judge. It is thus disingenuous in the extreme for Plaintiff to assert in his responsive pleading that Allstate did not move before the Magistrate Judge or raise arguments in support of compelling arbitration. It is likewise equally baseless for plaintiff to assert that Allstate is barred from proffering its Objections in this Court which arise from the very same legal arguments that indeed were presented to the Magistrate Judge by CCN, joined by Allstate.

Plaintiff's repeated references to Allstate's status as a third-party beneficiary of the agreement between Dr. Zidel and CCN is a red herring. Absolutely no distinction can be made

9

between the contracting party and the third-party beneficiary in connection with the argument that arbitration is required by the contract.[2] Based on the factual allegations of the pleadings, the terms of Dr. Zidel's agreement with CCN are fundamental to a resolution of this lawsuit. Cf., HCA Health Serv. of Georgia v. Employers Health Ins. Co., 22 F. Supp. 2d 1390 (N.D. Ga. 1998) (decision whether discounts applied were appropriate is based on the terms of the applicable contract).[3]

This conclusion cannot be escaped simply by noting that CCN is a only a third-party defendant, or that Allstate is only a third-party beneficiary, as Plaintiff attempts to do. See MS Dealer Service Corp. v. Franklin, 177 F. 3d 942 (11th Cir. 1999)(non-signatory may compel arbitration where claims make reference to, presume the existence of, arise out of, and directly relate to the contract containing the arbitration clause). The nature of the claims asserted in this case, as well as Allstate's defenses to those claims, arise out of, directly relate to, and would require an

---

[2] The arbitration clause in the Dr. Zidel-CCN agreement provides: "The sole and exclusive remedy for the resolution of any demands, disputes, claims or lawsuits shall be by binding arbitration as the parties do not want the delay or expense of lawsuits." Second Amended Complaint, Exhibit A thereto at ¶12.02.

[3] CCN's right to contract with "payors" such as Allstate is a fundamental term of the agreement. The core dispute in this case is thus whether CCN had the right to contract with Allstate to allow it access to the CCN rates. At a minimum, in order to resolve that dispute, the Court will be required to construe ¶1.06 of the agreement, which defines the "Payor." In addition, because Dr. Zidel broadly asserts that Allstate has "illegitimately discounted hundreds of thousands of PIP medical expense claims in this manner without providing any steerage or other meaningful consideration for such discounts" (Id., ¶ 29), the Court will be required to interpret the agreement to determine whether steerage or other consideration is specifically required. As a result, CCN's rights will be determined in this matter regardless of whether it is nominally a defendant or a third-party defendant. That core dispute regarding CCN's rights under the agreement is subject to arbitration under the terms of the arbitration clause.

interpretation of the Dr. Zidel-CCN agreement regardless of whether CCN is a defendant or third-party defendant in this suit.[4]

It is beyond question that the pertinent arguments were made to the Magistrate Judge. Allstate joined in and adopted that argument. Allstate's Objection to the Report and Recommendation, which asserted that arbitration is required under Dr. Zidel's contract with CCN is not in any way affected by the fact that Allstate simply joined in CCN's Motion, rather than filing a duplicative pleading which restated the same arguments.

## Conclusion

For each of the foregoing reasons, as well as those stated in its Motion To Strike Plaintiff's Response To Objections To Magistrate Judge's Report and Recommendation Or, In The Alternative, For Leave To File A Reply Brief, defendant Allstate Insurance Company respectfully requests that this Court strike, in its entirety, Plaintiff's Response To Allstate's Objections To Magistrate Judge's Report And Recommendation. In the alternative, Allstate respectfully requests that Allstate be permitted to file a Reply brief in which the legally baseless assertions espoused by Plaintiff in his Response can be fully addressed.

---

[4] In addition to its status as third party defendant, CCN is specifically alleged by Dr. Zidel to be a participant in the alleged RICO conspiracy. Second Amended Complaint, ¶¶118, 120-122, 124, 129, 131, 133-134, 140. Dr. Zidel specifically seeks "damages for Allstate's and CCN's violations of" 18 U.S.C. §§1962(c) and 1962(d). Id., ¶¶135, 144. Thus, Dr. Zidel's pleading places CCN's conduct at issue. To the extent he complains about CCN's conduct, his complaints should be arbitrated regardless of whether he formally seeks to recover from CCN.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 28TH day of February, 2002.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Allstate Insurance Company

DAVID B. SHELTON
Florida Bar No. 0710539
Rumberger, Kirk & Caldwell
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate Insurance Company

647673

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esquire
Eric Lee, Esquire
Robin Corwin Campbell, Esquire
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
William E. Adams, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021