UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

ULTRA OPEN MRI CORPORATION and
WALTER E. AFIELD, M.D., P.A.,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

01-CIV-6778

**PLAINTIFF WALTER E. AFIELD, M.D., P.A.'S MEMORANDUM OF LAW IN OPPOSITION TO PRUDENTIAL'S MOTION TO COMPEL ARBITRATION (D.E. #610)**

Plaintiff WALTER E. AFIELD, M.D., P.A. on behalf of itself and all others similarly situated ("AFIELD"), by its undersigned counsel, hereby submits its Memorandum of Law in Opposition to Defendant PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY's ("PRUDENTIAL") Motion to Compel Arbitration. For all the reasons set forth

7090-00100 350690.1



ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

herein, AFIELD respectfully submits that PRUDENTIAL's Motion to Compel Arbitration should be denied in all respects.

## BACKGROUND

On May 8, 2001, Plaintiff ULTRA OPEN MRI CORPORATION ("UOMC") filed its original Class Action Complaint against PRUDENTIAL. On August 6, 2001, PRUDENTIAL filed its Motion to Compel Arbitration. On November 13, 2001, United States Magistrate Judge Lurana Snow issued a Report and Recommendation ("R&R") (D.E. #318). Judge Snow recommended that PRUDENTIAL's Motion to Compel Arbitration be granted. On November 28, 2001, UOMC filed its Objections to Report and Recommendation (D.E. #363). On December 17, 2001, PRUDENTIAL filed its Response to UOMC's Objections (D.E. #435).

Magistrate Judge Snow also determined Motions to Compel Arbitration filed by other Defendants in these consolidated proceedings. Magistrate Judge Snow issued Reports and Recommendations denying Defendant FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY's Motion to Compel Arbitration (D.E. #370), denying INTEGON NATIONAL INSURANCE COMPANY's and INTEGON GENERAL INSURANCE COMPANY's Motion to Compel Arbitration (D.E. #428), and denying METROPOLITAN CASUALTY INSURANCE COMPANY's Motion to Compel Arbitration (D.E. #427). The Reports and Recommendations denied arbitration in these matters based on Judge Snow's finding that <u>Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.</u>, 753 So. 2d 55 (Fla. 2000) invalidated arbitration clauses contained in PIP contracts. Magistrate Judge Snow concluded that arbitration provisions contained in insurance policies issued before <u>Pinnacle</u> are invalid. Since the insurance policies issued in the

7090-00100 350690.1

2



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

foregoing matters were issued before Pinnacle, Magistrate Judge Snow concluded that the arbitration provisions were invalid and that the Motions to Compel Arbitration should be denied.

Since the insurance policy at issue in the original Complaint filed in this action was entered into after the Pinnacle decision, Magistrate Judge Snow concluded that the provision was valid and granted PRUDENTIAL's Motion to Compel Arbitration. UOMC has objected to the Magistrate Judge's conclusion that the insurance policy at issue in the original Complaint in this action provides a basis to compel arbitration. In addition, on January 23, 2002, an Amended Class Action Complaint was filed which added AFIELD as an additional Plaintiff (D.E. #561). As Exhibit "1" to PRUDENTIAL's Motion to Compel Arbitration demonstrates, the policy relevant to AFIELD's claim was issued in December, 1998. Accordingly, the policy that was issued with relation to AFIELD's claim predates Pinnacle.

## ARGUMENT

PRUDENTIAL's Motion to Compel Arbitration raises no new issues that would support overruling Magistrate Judge Snow's R&R issued in this matter and in the other consolidated proceedings. In detailed Reports and Recommendations, Magistrate Judge Snow correctly concluded that Pinnacle invalidated arbitration clauses contained in PIP contracts. Although Plaintiffs do not agree that arbitration clauses contained in insurance policies entered into after Pinnacle are valid, the insurance policy at issue with relation to AFIELD was entered into before Pinnacle. Accordingly, Magistrate Judge Snow has already concluded that such claims are not subject to arbitration. Thus, PRUDENTIAL's Motion to Compel Arbitration of AFIELD's claims must be denied.

7090-00100 350690.1                                 3

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

I.  **THE FEDERAL ARBITRATION ACT DOES NOT PREEMPT STATE LAW.**

PRUDENTIAL's assertion that the FAA somehow preempts the Florida Supreme Court's ruling in Pinnacle is entirely baseless. As the United States Supreme Court has stated:

> The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration.
>
> * * *
>
> Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, so too may they specify by contract the rules under which the arbitration will be conducted. Where, as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward.

Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468, 477-479 (1989).

The Eleventh Circuit has similarly rejected PRUDENTIAL's preemption argument. In Eassa Properties v. Shearson Lehman Bros., Inc., 851 F.2d 1301, 1304 n. 7 (11th Cir. 1988), the Court stated:

> [Appellee] claims that the [state uniform partnership act] is preempted by the Federal Arbitration Act, 9 U.S.C. § 1 et. seq. However, as the Supreme Court recently reiterated, "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" While federal law may govern the interpretation and enforcement of a valid arbitration agreement, <u>state law governs the question of whether such an agreement exists in the first instance.</u>

(emphasis added) (citations omitted).



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

The purported arbitration clause asserted by PRUDENTIAL specifically opts out of the use of the FAA. Courts must enforce the specific terms of arbitration agreements and parties may opt out of the FAA's standards. Roadway Package Systems, Inc. v. Kayser, 2001 WL 629276 (3rd Cir. June 7, 2001) (citations omitted). A clause in an agreement which "states that arbitration of any claim must be settled 'in accordance with the Texas General Arbitration Act'" is specific enough to opt out of the FAA and to establish "that the parties intended Texas law and the TGAA to govern the scope of arbitration clause." Ford v. Nylcare Health Plans of the Gulf Coast, Inc., 141 F.2d 243, 249 (5th Cir. 1998); see also ASW Allstate Painting & Constr. Co., Inc. v. Lexington Ins. Co., 188 F.3d 307 (5th Cir. 1999).

PRUDENTIAL's assertion that the PIP contract does not opt out of the Federal Arbitration Act is entirely misplaced. The cases cited by PRUDENTIAL stand for the general proposition that despite a general choice of law provision, the Federal Arbitration Act may still apply. However, the arbitration provision in this matter does not merely indicate that a certain state's laws will apply. Instead, the arbitration provision specifically opts out of the FAA by agreeing that the Florida Arbitration Code will apply to all arbitration proceedings under the policy.

The alleged arbitration provision cited by PRUDENTIAL specifically states: "Arbitration is subject to the provisions of the Florida Arbitration Code, Chapter 682 of the Florida Statutes." (emphasis added). It is also well established that: "in the case of an insurance contract, the parties enter into the contract with the acknowledgment that the laws of that jurisdiction control their actions. In essence, that jurisdiction's laws are incorporated by implication into the agreement." Strochak v. Federal Ins. Co., 717 So. 2d 453, 455 (Fla. 1998) (citing Sturiano v. Brooks, 523 So. 2d

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

1126, 1129-30 (Fla. 1988)). Based on the clear language of the clause PRUDENTIAL cites to seek arbitration, there is a specific agreement to opt out of the provisions of the FAA. Since PRUDENTIAL agreed to abide by Florida's rules of arbitration, enforcing those rules according to the terms of the PRUDENTIAL agreement "is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward." Volt Information Sciences, Inc., 489 U.S. at 479.

The arbitration provisions struck down by the Florida Supreme Court provide no basis for PRUDENTIAL to compel arbitration. PRUDENTIAL's effort to utilize the FAA is unavailing. The FAA does not preempt the Florida Supreme Court's ruling and is inapplicable since the purported arbitration agreement specifically opts out of the FAA.

The Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical providers. As the Court stated:

> We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision <u>violates the right of medical providers to access to courts</u> provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) <u>violates the due process rights of medical providers</u> in violation of article I, section 9 of the Florida Constitution.

Pinnacle, 753 So. 2d at 57 (emphasis added). Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the PRUDENTIAL policy is likewise unconstitutional. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

not be enforced in our Courts." Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the PRUDENTIAL PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. Pinnacle. Since the contractual provision is unconstitutional and void, there is no contract or agreement that can provide a basis to compel arbitration. If there is no valid contract, utilization of the FAA cannot create an agreement to arbitrate.

II. **THE FLORIDA SUPREME COURT INVALIDATED CONTRACTUAL AGREEMENTS TO ARBITRATE LIKE THOSE CONTAINED IN PRUDENTIAL'S PIP CONTRACT.**

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that '(a) written agreement for arbitration is the sine qua non of an enforceable arbitration agreement' under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.") As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

PRUDENTIAL asserts that although Pinnacle invalidated Section 627.736(5), Florida Statutes, the PIP contract provides an independent basis to compel arbitration. This precise issue was raised and rejected by the Florida Supreme Court in Pinnacle. In appellants' initial brief in Pinnacle, the appellant insurance companies specifically argued as follows:

> **REGARDLESS OF THE CONSTITUTIONALITY OF THE STATUTE, APPELLEES WERE BOUND TO ARBITRATE AS THIRD PARTY BENEFICIARIES OF THE INSURANCE CONTRACTS.**
>
> The Fifth District should not even have reached the constitutionality issue in this case, because there is a wholly independent reason that these providers should have been compelled to arbitrate. As discussed in detail above, section 627.736(5) statutorily implies such a binding arbitration provision in every PIP policy issued in this state. In this case, there is no question that each of the insurance contracts contained such a provision. The contracts themselves are sufficient to bind the providers to arbitrate regardless of the effect or validity of the statute.
>
> It is well established that health care providers are third party beneficiaries of insurance contracts proving coverage for health care. See United States v. Automobile Club Insurance Company, 522 F.2d 1 (5th Cir. 1975); Vencor Hospitals South, Inc. v. Blue Cross and Blue Shield of Rhode Island, 929 F. Supp. 420 (S.D. Fla. 1996); Orion Insurance Company v. Magnetic Imaging Systems I, 696 So. 2d 475 (Fla. 3d DCA 1997); Pasteur Health Plan, Inc. v. Salazar, 658 So. 2d 543 (Fla. 3d DCA 1995).

>It is likewise clear that third party beneficiaries are subject to the terms of the relevant contracts, including arbitration clauses. See Orion, 696 So. 2d at 478; Terminix International Co. v. Ponzio, 693 So. 2d 104, 109 (Fla. 1st DCA 1997); Zac Smith & Co. v. Moonspier Condominium Assoc., 472 So. 2d 1324 (Fla. 1st DCA 1985). See also Scobee Combs Funeral Home Inc. v. E.F. Hutton & Co., 771 F. Supp. 605 (S.D. Fla. 1989) (holding that parties were bound by an arbitration provision in National Association of Securities Dealers manual, regardless of the fact that no contract between them contained such a provision); Desiderio v. National Association of Securities Dealers, Inc., 2 F. Supp. 516 (S.D.N.Y. 1998) (execution of a U-4 SEC form "inherently represents an agreement to arbitrate" as mandated by the relevant statute, even if the form does not so state).
>
>No argument has been raised that an insurer cannot include an arbitration clause in its policy. Thus, regardless of the validity or effect of the statutory arbitration provision in section 627.736(5), these Appellees should have been compelled to arbitration. The Fifth District's decision should be quashed as improperly holding a statute unconstitutional when the case could have resolved without reaching that issue.

Brief for Appellants at 28-30, Pinnacle, 753 So. 2d 55. The Nationwide policy at issue in Pinnacle contained the following provision requiring arbitration:

**ARBITRATION/ASSIGNMENT OF BENEFITS**

If a dispute arises between **us** and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, the dispute shall be settled by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any **insured**, any and all claims to such benefits by the **insured** belong to the health care provider who has received the assignment. Priority of payment of this coverage shall be given to the assigned claims of which **the company** has written notice.

The Florida Supreme Court rejected Nationwide's assertion that the contractual provision in its insurance policy required medical providers to arbitrate their claims. The Florida Supreme

Court affirmed the decision of the Fifth District Court of Appeal which had affirmed a county court order denying motions to dismiss and to compel arbitration.

The Florida Supreme Court found Section 627.736(5), Florida Statutes ("Section 627.736(5)") unconstitutional. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. Thus, arbitration had been mandated pursuant to policy provisions. As mandated by Section 627.736(5), PRUDENTIAL's policy contains an arbitration provision. An arbitration provision was also included in the insurance policy at issue in <u>Pinnacle</u>. The Florida Supreme Court rejected the argument that the contractual language provides a basis to compel arbitration. If the contractual provision provided a basis to compel arbitration, the Florida Supreme Court would have used the provision to require arbitration notwithstanding the unconstitutionality of Section 627.736(5).

The insurance company in <u>Pinnacle</u> asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, <u>there is no voluntary agreement to arbitrate</u> between medical providers and PIP insurers. <u>Medical providers are forced to arbitrate</u> by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

<u>Id</u>. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in <u>Pinnacle</u>, a contractual provision entered into between an insured and an insurance company cannot require arbitration of

claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claims.

Based on the clear language of <u>Pinnacle</u>, the Florida Supreme Court struck down all arbitration provisions which restrict a healthcare provider's rights. As the Court held in <u>Pinnacle</u>:

> An objective of Florida's Motor Vehicle No-Fault Law was to provide persons injured in an action with prompt payment of benefits. Similarly, the legislative objective of section 627.428(1), Florida Statutes, which provides for an award of attorneys' fees against insurers who wrongfully deny benefits, was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorneys' fees when they are compelled to sue to enforce their insurance contracts. Section 627.736(5) replaces section 627.428(1) attorney fees with an award of attorney fees based on who was the "prevailing party" at arbitration. <u>Under section 627.736(5), medical provider - assignees are subject to attorney fees, while insureds suing to enforce the exact same contract enjoy the one-way imposition of attorneys' fees against insurers provided in Section 627.428(1)</u>. This distinction does nothing to further the prompt payment of benefits or to discourage insurers' denial of valid claims. The effect of the attorney-fee provision in Section 627.736(5) is to further delay insureds from receiving medical benefits by encouraging medical providers to require payment from insureds at the time the services are rendered rather than risk having to collect through arbitration. Thus, <u>the prevailing party attorney-fee provision of Section 627.736(5) arbitrarily distinguishes between medical providers and insureds, violating medical providers' due process rights</u>, and is unconstitutional under article I, section 9 of Florida's Constitution.

<u>Id</u>. at 59 (citations omitted) (emphasis added).

A PIP Contract is entered into between an insured and an insurance company. The healthcare provider is not a party to the PIP Contract. Healthcare providers have no part in negotiating the terms of the PIP Contract. Accordingly, if insurance companies are able to place onerous arbitration provisions in PIP Contract that are binding only when a healthcare provider seeks compensation for services provided, the entire holding in <u>Pinnacle</u> would be meaningless. In this case, PRUDENTIAL's PIP Contract contains the following arbitration provision:

**Arbitration**

Any claims dispute between us and a medical service or supplies provider who has agreed to accept an assignment of benefits shall be decided by arbitration upon written request of either party. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party.

The prevailing party is entitled to attorney's fees and costs.

The arbitration shall take place in the county in which the provider is located. If they are located out-of-state, arbitration shall take place in the county in which the insured resides, unless the parties agree to another place. Arbitration is subject to the provisions of the Florida Arbitration Code, Chapter 682 of the Florida Statutes.

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment of benefits. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the PRUDENTIAL policy is likewise unconstitutional whether it was entered into before or after Pinnacle. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts." Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the PRUDENTIAL PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. Pinnacle.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

The PRUDENTIAL arbitration provision impermissibly provides for prevailing party attorney fees. This provision was found to be unconstitutional in <u>Pinnacle</u>. The arbitration provision violates the rights of healthcare providers to access to courts and is unconstitutional in that it requires arbitration in violation of article I, section 21 of the Florida Constitution. <u>Pinnacle</u>, 753 So. 2d 55. The PRUDENTIAL arbitration provision is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it impermissibly modifies the statutory fee-shifting provisions of Section 627.736. <u>Id</u>. The fact that the PIP Contract was entered into by an insured and PRUDENTIAL prior to the holding <u>Pinnacle</u> does not change the fact that the arbitration provision contained therein is unconstitutional and void.

### III. **THE PRUDENTIAL PIP POLICY CANNOT BIND AN ASSIGNEE.**

"Arbitration agreements are personal covenants usually binding only upon parties to the covenant." <u>Federated Title Insurers, Inc. v. Ward</u>, 538 So. 2d 890 (Fla. 4th DCA 1989); <u>Karlen v. Golf & Western Indus., Inc.</u>, 336 So. 2d 461 (Fla. 3d DCA 1976). The PRUDENTIAL policy does not contain a personal covenant on the part of the insured to arbitrate personal injury protection claim disputes. The provision instead purportedly requires unknown assignees to arbitrate claims. There is no written agreement between PRUDENTIAL and AFIELD requiring AFIELD to arbitrate such claims. Accordingly, there is no basis to assert that AFIELD's claims are subject to arbitration.

There is no arbitration agreement between PRUDENTIAL and its insured. AFIELD, as the insured's assignee "surely is in no worse position that its assignor would be in if the assignor were the plaintiff here." <u>Foreign Credit Corp. v. Aetna Cas. and Surety Co.</u>, 276 F. Supp. 791, 793 (S.D.N.Y. 1967). Thus, if PRUDENTIAL's insured desired to assert a claim against PRUDENTIAL



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

for its failure to pay PIP benefits, the insured would be entitled to assert those claims in Court. A healthcare provider that receives an assignment "stands in the shoes" of an assignor-insured. Since the PRUDENTIAL assignor-insured cannot be compelled to arbitrate, the healthcare provider similarly cannot be compelled to arbitrate. Otherwise, additional conditions and penalties are imposed upon an assignee which are not imposed on the assignor. For example, an assignment of benefits does not require the healthcare provider to subsequently make premium payments required under the policy. Those obligations remain obligations of the insured since only the benefits were assigned. Further, if a healthcare provider assigns the rights back to the insured, the insured would not be required to arbitrate. Based upon the foregoing, PRUDENTIAL cannot assert that the assignment of benefits requires arbitration.

This precise issue was addressed in <u>Pinnacle</u>. In <u>Pinnacle</u>, the healthcare provider brought its claim as the assignee of benefits from an insured. The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider. The policy did not require the same claims to be arbitrated if they were brought by the insured. The insurance company asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, <u>there is no voluntary agreement to arbitrate</u> between medical providers and PIP insurers. <u>Medical providers are forced to arbitrate</u> by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.



Id. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in Pinnacle, a contractual provision entered into between an insured and insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claims.

There is no contract between AFIELD and its patient to arbitrate claims. There is no contract between AFIELD and PRUDENTIAL to arbitrate claims. There is no agreement between PRUDENTIAL's insured and PRUDENTIAL to arbitrate claims. AFIELD cannot be forced to arbitrate based on the terms of an agreement entered into between a PRUDENTIAL insured and PRUDENTIAL, to which the assignor-insured is not subject. Id. Accordingly, the arbitration provision contained in the PRUDENTIAL PIP Contract provides no basis to compel arbitration against AFIELD.

## CONCLUSION

For all the reasons set forth herein, Plaintiff WALTER E. AFIELD, on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order denying Defendant PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY's Motion to Compel Arbitration, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 7th day of March, 2002 upon: all individuals on the attached service list.

_____
ERIC LEE

7090-00100 350690.1                    16



## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1



| | | |
|---|---|---|
| **Counsel for Nationwide** | **Counsel for:** <br> **Hartford, Metropolitan, Integon** | **Counsel for Prudential** |
| FOWLER, WHITE, et al. <br> Katherine C. Lake, Esq. <br> klake@fowlerwhite.com <br> Post Office Box 1438 <br> Tampa, FL 33601 <br> (813) 228-7411 <br> (813) 229-8313 Facsimile | AKERMAN, SENTERFITT et al. <br> Marcy Levine Aldrich, Esq. <br> maldrich@akerman.com <br> SunTrust International Center <br> 28th Floor <br> One Southeast Third Avenue <br> Miami, FL 33131 <br> (305) 374-5600 <br> (305) 374-5095 Facsimile | BUTLER BURNETTE PAPPAS <br> Kathy J. Maus, Esq. <br> kmaus@bbplaw.com <br> Lauren D. Levy, Esq. <br> llevy@bbplaw.com <br> 3520 Thomasville Road, Suite 102 <br> Tallahassee, FL 32308 <br> (850) 894-4111 <br> (850) 894-4999 Facsimile |

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile


7090-00100 318823.1


ATLAS PEARLMAN