UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN,

    Defendants.
_____/

DR. ANDREW ELLOWITZ,                01-8549
on behalf of himself and all others similarly
situated,

    Plaintiff,

vs.

AMERICAN INTERNATIONAL
INSURANCE COMPANY,

    Defendants.
_____/



**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

Former Plaintiff MOTE WELLNESS & REHAB, INC., on behalf of itself and all others similarly situated ("MOTE"), by its undersigned counsel, hereby submits its Memorandum of Law in Opposition to Defendants AMERICAN INTERNATIONAL INSURANCE COMPANY's ("AMERICAN INTERNATIONAL") and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY's ("AMERICAN SOUTH") (collectively "AIG") Motion for Rule 11 Sanctions

7090-00100 350935.1



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

("Rule 11 Motion"). For all the reasons set forth herein, MOTE respectfully submits that AIG's Rule 11 Motion should be denied in all respects.

## BACKGROUND

On June 14, 2001, MOTE filed a class action Complaint against AMERICAN INTERNATIONAL and AMERICAN SOUTH. The Complaint asserted causes of action against AIG for unjust enrichment, third-party beneficiary breach of contract, RICO violations, declaratory judgment, and for violations of Section 627.736, Florida Statutes. Thereafter, pursuant to an agreement among the parties, MOTE provided AIG with an enlargement of time to respond to the Complaint until such time as this Court ruled on the pending motions to consolidate and the motions to dismiss filed in the other PPO reduction class actions. On September 28, 2001, this Court entered its Omnibus Order which consolidated this action with the other pending PPO reduction class actions and denied various motions to dismiss. On October 23, 2001, AIG filed its Motion for Clarification and Motion to Stay Discovery which indicated for the first time since the matter was filed that AIG would be filing a Motion to Dismiss or Alternative Motion for Summary Judgment on the alleged basis that MOTE had not been subject to PPO reductions.

On November 7, 2001, despite the fact that most Defendants refused to make disclosures under Federal Rule of Civil Procedure 26, MOTE and the other Class Plaintiffs served their Rule 26 disclosures. On November 7, 2001, AIG served its Rule 26 disclosures limiting its disclosures to documents. Although AIG disclosed certain documents, AIG's Rule 26 disclosures did not comply with Federal Rule of Civil Procedure 26(a)(1)(A) since it failed to identify witnesses and failed to identify information the disclosing party may use to support its defenses. Subsequent to the



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

October 23, 2001 Motion for Clarification and limited Rule 26 disclosure, counsel for MOTE requested additional information as to why AIG believed that MOTE did not have a claim. Specifically, on December 17, 2001 an e-mail was sent advising that based upon a review of the documents forwarded and a review of MOTE's records it appeared that MOTE did have a valid claim. The December 17, 2001 e-mail requested that AIG provide information to substantiate its assertion that MOTE did not have a claim.[1]

On January 25, 2002, almost four months after it was required to respond to the Complaint in this action, AIG filed its Motion to Dismiss and Alternative Motion for Summary Judgment. On January 25, 2002, AIG also served its Rule 11 Motion. On February 12, 2002, an Amended Complaint was filed in these proceedings in which ELLOWITZ has asserted identical claims against AMERICAN INTERNATIONAL and the claims asserted by MOTE are no longer asserted. On February 25, 2002, AIG served its Motion to Strike and filed its Rule 11 Motion.

## ARGUMENT

I. **THE PLEADING WHICH PURPORTEDLY VIOLATED RULE 11 WAS WITHDRAWN WITHIN THE 21 DAY SAFE HARBOR PROVISION OF RULE 11.**

Pursuant to Federal Rule of Civil Procedure 11(c)(1)(A):

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but <u>shall not be filed</u> with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial <u>is not withdrawn</u> or appropriately corrected.

---

[1] In accordance with Local Rule 7.7, the e-mail is not attached to this memorandum, but can be furnished if requested by the Court.



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(emphasis added). As the Advisory Committee Notes to Rule 11 state:

> The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. <u>If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court.</u> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

AIG's Rule 11 Motion was served by facsimile on January 25, 2002. Accordingly, pursuant to Rule 11, MOTE had until February 15, 2002 to withdraw (whether formally or informally) the allegedly offending pleading. On February 12, 2002, an Amended Complaint was filed which dropped the claims asserted by MOTE, substituted DR. ANDREW ELLOWITZ as the Plaintiff, and asserted claims solely against AMERICAN INTERNATIONAL. Despite the foregoing, on February 25, 2002, AIG served its Rule 11 Motion. AIG also filed a Motion to Strike Amended Class Action Complaint.

It is well established that amended complaints supersede the original pleadings rendering pending motions to dismiss moot. <u>Yates v. Applied Performance Technologies, Inc.</u>, 2002 WL 193845 (S.D. Ohio Jan. 14, 2002); <u>Pippett v. Waterford Development, LLC</u>, 166 F. Supp.2d 233, 236 ("The filing of an amended complaint generally renders a pending motion to dismiss moot."). "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" <u>In Home Health, Inc. v. The Prudential Ins. Co. of America</u>, 101 F.3d 600, 603 (8th Cir. 1996) (citations omitted). An amended complaint omitting a defendant that filed a motion for summary judgment renders the motion for summary judgment moot. <u>McNulty v. First Union Bank</u>, 2000 WL

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

276096 (E.D. Pa. 2000). Finally, an amended complaint that drops claims against a defendant can be considered the same as a dismissal under Rule 41. As stated in <u>Dee-K Enterprises, Inc. v. Heveafil SDN. BHD</u>, 177 F.R.D. 351, 355-356 (E.D. Pa. 1998):

> An amendment pursuant to Rule 15 that eliminates "or proposes to eliminate" all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant. . . . In other words, when a plaintiff "seeks the equivalent of a voluntary dismissal through some other procedural device, the court may treat the application as if made under Rule 41(a)(2)." In this regard, plaintiffs here sought a dismissal of [a defendant] through "some other procedural device," namely their motion for leave to amend. Plaintiffs' motion specifically sought to "drop [a defendant] at this time" by not naming it as a defendant in the second amended complaint.

(citations omitted). Based on the fact that the plaintiff sought to file an amended complaint which dropped a defendant by not naming it in the second amended complaint, the court found that the plaintiffs timely withdrew the claim against the defendant within the 21 day safe harbor period of Rule 11 and therefore, the motion for Rule 11 sanctions was denied.

Herein, the purportedly offending pleading was withdrawn when the Amended Complaint was filed on February 12, 2002. MOTE has not asserted any claims in the Amended Complaint and there are no claims asserted in the Amended Complaint against AMERICAN SOUTH. As further discussed below, despite AIG's contention that the Amended Complaint is improper, the original Complaint was properly amended and the claims asserted by MOTE against AIG were dropped.

It is hard to imagine why AIG would attempt to resurrect the original Complaint which it claims had no basis. Obviously, the sole reason for its attempt to strike the Amended Complaint and to argue that the original Complaint remains in effect is so that it could file its Rule 11 Motion. MOTE chose to drop the claims asserted in this federal class action because of the unique nature of



its claims. As discussed below, MOTE has valid causes of action against AIG. However, since MOTE sought to represent a class of individuals damaged by AIG's illegal and fraudulent conduct, based upon the information obtained during these proceedings, it became apparent that MOTE's claims were too unique and it would be difficult for him to maintain his status as the class representative. Accordingly, the Complaint was amended and a new class representative was substituted. MOTE continues to possess claims against AIG and MOTE is, in fact, a member of the proposed class that ELLOWITZ seeks to represent. Based on the foregoing, it is clear that AIG's Rule 11 Motion is improper because the allegedly offending pleading was withdrawn, superseded, and dismissed during the safe harbor period of Rule 11.

## II.   THE AMENDED COMPLAINT SUBSTITUTING ELLOWITZ AS THE PLAINTIFF IN THESE PROCEEDINGS WAS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 15.

Pursuant to Federal Rule of Civil Procedure 15(a): "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon a trial calendar, he may amend it at any time within 20 days after it is served." At the time the Amended Complaint was filed, no responsive pleading was served by AIG. AIG incorrectly asserts that since MOTE dropped his claims, the Amended Complaint is a nullity and should be stricken.

The cases relied upon by AIG are completely inapplicable herein. AIG cites cases where the plaintiffs' claims became moot before their complaints were amended. In <u>Summit Office Park, Inc. v. United States Steel Corp.</u>, 639 F.2d 1278 (5th Cir. 1981), the Court did not allow an amendment to substitute Plaintiffs. However, the Court stated:

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

> The circumstances of this case are unique. Here the original plaintiff was left with <u>no cause of action</u> upon which it could recover as the result of an intervening Supreme Court decision. There was no way in which the plaintiff could properly amend the complaint to give it a cause of action. Plaintiff <u>had no identity of interest</u> with either the new proposed plaintiffs, or the new class named in the Complaint, or their cause of action. It is clear that the new cause of action which the new proposed amended complaint attempted to insert could not benefit the original plaintiff.
>
> . . .
>
> Since there was <u>no plaintiff before the court with a valid cause of action</u>, there was no proper party available to amended the complaint. Thus, none of the appellants had a right to file the amended complaint.

(emphasis added). Herein, there was no intervening Supreme Court decision which left MOTE with no cause of action. At the time the Complaint was amended, MOTE maintained valid causes of action. The fact that AIG filed a Motion to Dismiss or Alternative Motion for Summary Judgment did not automatically render MOTE's claims moot. In fact, as further discussed below, MOTE still properly has claims against AIG. Accordingly, <u>Summit</u> is entirely inapplicable.

Similarly, <u>Fox v. Board of Trustees</u>, 148 F.R.D. 474 (N.D.N.Y. 1993) is inapplicable. In <u>Fox</u>, the claims of the original plaintiff had become moot. Since the claims had become moot and the original plaintiffs did not continue to have a personal stake in the outcome of the litigation, the Court denied leave to amend to substitute new plaintiffs. Interestingly, in <u>Fox</u>, the Court distinguished <u>Hackner v. Guaranty Trust Co.</u>, 117 F.2d 95 (2d Cir. 1941) because <u>Hackner</u> was a class action and because the original plaintiffs in <u>Hackner</u> continued to have a personal stake in nearly identical claims. The Fifth Circuit in <u>Summit</u> also distinguished <u>Hackner</u> because: "Neither the class nor the cause of action was changed in the amended complaint. The original plaintiffs had

ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

valid claims, which, as members of the class they originally proposed, they could still recover upon in the new Complaint." 639 F.2d at 1283 n. 12.

In Delta Coal Program v. Libman, 743 F.2d 852 (11th Cir. 1984), the Eleventh Circuit limited the Summit decision as follows:

> Its holding by its terms extends "only" to instances where a plaintiff who lacks standing to assert a claim attempts to substitute "new plaintiffs, a new class, and a new cause of action. Here, by contrast, the operative facts and the cause of action are not changed, but only the formally named plaintiff.

(citation omitted). Since, as further addressed below, MOTE maintains standing to assert a claim, the class ELLOWITZ seeks to represent is the same as the class MOTE sought to represent, and the causes of action asserted by ELLOWITZ are identical to the causes of action asserted by MOTE, AIG's assertion that the Amended Complaint is a nullity is baseless.

In fact, in Sogevalor v. Penn Central Corp., 137 F.R.D. 12 (S.D. Ohio 1991), the Court allowed the amendment of a complaint where there was no identity of interest. As the Court stated:

> First, [the new plaintiff] seeks to prosecute the same claims advanced by [the old plaintiff]; essentially, the same cause of action is at stake. Second, if the amendment was denied, [the new plaintiff] could simply file a new lawsuit forcing defendants to respond at a later date to the claims presently pending in this Court. Third, judicial economy suggests that this action proceed now without the delay and waste precipitated by a second filing. Fourth, Rule 15 sets forth a liberal standard under which amendments to pleadings are allowed -- "leave shall be freely given when justice so requires." Requiring [the new plaintiff] to file a new action upon dismissal of this case would needlessly consume the additional resources of all the parties and of the Court.
>
> In sum, the Court finds that the Summit rule should not obtain where a new plaintiff seeks to represent the same class on the same cause of action.

(citations omitted).

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

As further discussed below, although MOTE continues to maintain claims that could be asserted against AIG, a determination was made for purposes of this class action to substitute ELLOWITZ as the named plaintiff. ELLOWITZ is asserting the same causes of action asserted by MOTE. Since no responsive pleading had been filed, filing an Amended Complaint was the most economical procedure. An Amended Complaint was filed which dropped MOTE's claims and asserted the same claims by ELLOWITZ against AMERICAN INTERNATIONAL. The class which ELLOWITZ seeks to represent is the same class MOTE sought to represent and, in fact, MOTE is a potential member of the class ELLOWITZ seeks to represent. Therefore, MOTE continues to maintain a personal stake in the outcome of this litigation. Another procedure that could have been utilized would have been for MOTE to file an Amended Complaint adding ELLOWITZ as a Plaintiff. MOTE could have then voluntarily dismissed his claims, leaving the case in the same posture as it now stands.

Finally, AIG does not question the fact that ELLOWITZ could simply file a new lawsuit, seek to transfer the action to this Court, and then seek to consolidate the newly filed action with the remaining PPO reduction class actions. Judicial economy suggests that requiring the filing of a new lawsuit with the delay and waste precipitated by the second filing is not warranted in light of the liberal amendment provisions of Rule 15. <u>Sogevalor</u>, 137 F.R.D. at 14. Based on the foregoing, there is no basis to strike the Amended Complaint and AMERICAN INTERNATIONAL should be required to immediately respond.

ATLAS PEARLMAN

### III. MOTE HAS VALID CLAIMS AGAINST AIG.

The basis for AIG's Motion to Strike is that the claims asserted by MOTE have no factual basis. Although AIG filed a Motion to Dismiss or for Summary Judgment, no determination has been made as to the viability of MOTE's claims. Contrary to AIG's assertion, MOTE maintains valid causes of action against AIG. MOTE instituted the action against AMERICAN INTERNATIONAL and AMERICAN SOUTH due to their improper utilization of PPO discounts. As alleged in the Complaint, AIG improperly accessed PPO rates. MOTE sought damages and injunctive relief against AMERICAN INTERNATIONAL and AMERICAN SOUTH.

Contrary to AIG's assertions, a presuit investigation was commenced and it was determined that AIG improperly accessed MOTE's PPO agreement. The Affidavit of Pam Jones submitted in support of the Motion to Dismiss confirms that claims made on policies issued by AMERICAN INTERNATIONAL, AMERICAN SOUTH, and American Home Assurance Company ("American Home") are adjusted by AIGCS. The Affidavit and exhibits attached thereto confirmed that AIGCS illegally obtained access to MOTE's PPO rates. As alleged in the Complaint, AIG, since it does not comply with Section 627.736(10), Florida Statutes, cannot pay PIP claims at PPO reduced rates. Accordingly, the mere fact that AIGCS has admitted that it accessed MOTE's PPO rates establishes MOTE's entitlement to injunctive relief precluding AIG from utilizing these rates in the future. The fact that AIG did not make payments at reduced PPO rates, at worst, may establish that MOTE's damages claim relating to PPO reductions could not be maintained.[2] However, MOTE's individual damages claims" pale into insignificance when compared with the declaratory and injunctive relief

---

[2] As discussed below, MOTE still maintains a damages claim against AIG for its wrongful refusal to make payments.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

to which the Class would be entitled, should it prevail." In re: Consolidated "Non-Filing" Insurance Fee Litigation, 195 F.R.D. 684, 695 (M.D. Ala. 2000). Based on the fact that AIGCS has improperly accessed MOTE's PPO reductions on behalf of AMERICAN INTERNATIONAL, AMERICAN SOUTH, and American Home, MOTE clearly can maintain a cause of action against all three insurance companies for injunctive relief.

Based on the Affidavit of Pam Jones ("Jones"), it is also clear that MOTE also maintains a damages claim against American Home. Since the explanation of benefit forms and other forms utilized by AIG provide no basis to determine which AIG insurance company is actually insuring a given insured, AIG cannot argue that the improper AIG entities were sued. Nowhere on the explanation of benefit form does it indicate which AIG entity was making payments. Additionally, if MOTE instituted an action against the wrong AIG entity, the proper procedure would have been to notify MOTE's counsel or to file a Motion to Dismiss claiming that the improper entity was sued. At that point, MOTE would have been able to amend the Complaint to assert claims against American Home.

MOTE continues to have a claim for damages against American Home despite its assertion to the contrary. As reflected in the Affidavit of Jones and attached exhibits, AIGCS processed a claim in which it recommended PPO reductions. (CSG 000180). The Affidavit of Jones confirms that PPO reduction were recommended to the adjuster. (Aff. at ¶ 22). However, Jones indicates that the February 19 and 21, 2001 invoices were never paid because the insured's attorneys requested that all remaining PIP benefits be reserved for the payment of lost wages, which exhausted the remaining



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

benefits under the policy. (Aff. at ¶ 23). However, since the insured assigned his benefits to MOTE,[3] the insured did not have the ability to direct how PIP benefits were to be paid.

Once the insured assigned his benefits to MOTE, he had no right to direct how PIP benefits were paid. As stated in State Farm Fire & Cas. Co. v. Ray, 556 So. 2d 811 (Fla. 5th DCA 1990):

> An assignee may enforce payments or the performance of an obligation due under an assigned contract. Because an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee.

(citations omitted). The Court affirmed the insurance company's payment of insurance benefits to a hospital despite the fact that the insured submitted a claim for lost wages and requested that the lost wages be paid. Since there was an assignment, the insured no longer had the right to direct payment of wages. Id. See also Superior Ins. Co. v. Libert, 776 So. 2d 360 (Fla. 5th DCA 2001) (Finding that once there is an assignment, the insured no longer has standing to file an action or assert a claim for benefits).

Based on the foregoing, since the insured irrevocably assigned his benefits to MOTE before AIG paid the wage loss claims, the insured was unable to direct AIG to pay lost wages as opposed to paying MOTE's invoices. The PIP payment record submitted with the Affidavit of Jones establishes that the wage loss claims were paid well after the initial payments were made to MOTE. Accordingly, MOTE maintains a cause of action against AIG for its failure to pay MOTE's invoices. In addition, MOTE maintains a claim against AIG for its improper PPO reductions of the services

---

[3] A true and correct copy of the Assignment is attached hereto as Exhibit "1".

7090-00100 350935.1                                12

ATLAS PEARLMAN
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

provided on February 19 and February 21, 2001. Accordingly, there is no question that MOTE's claims have substantial, factual and legal merit.

## CONCLUSION

Rather than accept the fact that the pleading it claimed violated Rule 11 was withdrawn within the safe harbor provision of Rule 11, AIG has instead continued to prosecute its Rule 11 Motion. Based on the fact that the Amended Complaint was proper, rendered the original pleading a nullity, dismissed MOTE's claims, and otherwise withdrew the offending pleading, Rule 11 sanctions are not proper. In fact, MOTE should be entitled to attorneys' fees incurred in opposing AIG's Rule 11 Motion. Fed. R. Civ. P. 11(c)(1)(A). Accordingly, former Plaintiff MOTE WELLNESS & REHAB, INC., on behalf of itself and all other similarly situated, respectfully requests that this Court enter an Order denying Defendants AMERICAN INTERNATIONAL INSURANCE COMPANY's and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY's Motion for Rule 11 Sanctions, awarding attorneys' fees to MOTE, and awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

<u>Co-Counsel for Class Plaintiffs</u>

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 7th day of March, 2002 upon: all individuals on the attached service list.

_____
ERIC LEE

7090-00100 350935.1                                14



ATLAS PEARLMAN

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile


7090-00100 318823.1



| | | |
|---|---|---|
| **Counsel for Nationwide**<br><br>FOWLER, WHITE, et al.<br>Katherine C. Lake, Esq.<br>klake@fowlerwhite.com<br>Post Office Box 1438<br>Tampa, FL 33601<br>(813) 228-7411<br>(813) 229-8313 Facsimile<br><br>SWARTZ CAMPBELL DETWEILER<br>James C. Haggerty, Esq.<br>haggerty@scdlaw.com<br>1601 Market Street<br>34th Floor<br>Philadelphia, PA 19103-2316<br>(215) 299-4314<br>(215) 299-4301 Facsimile<br><br>**Counsel for Florida Farm Bureau**<br><br>HOLLAND & KNIGHT, LLP<br>Robert K. Levenson, Esq.<br>rlevenson@hklaw.com<br>Greg Baldwin, Esq.<br>gbaldwin@hklaw.com<br>701 Brickell Avenue, Suite 3000<br>Miami, FL 33131<br>(305) 374-8500<br>(305) 789-7799 Facsimile<br><br>**Counsel for Liberty Mutual**<br><br>AKERMAN, SENTERFITT et al.<br>Mark Shapiro, Esq.<br>mshapiro@akerman.com<br>SunTrust International Center<br>28th Floor<br>One Southeast Third Avenue<br>Miami, FL 33131<br>(305) 374-5600<br>(305) 374-5095 Facsimile | **Counsel for:**<br>**Hartford, Metropolitan, Integon**<br><br>AKERMAN, SENTERFITT et al.<br>Marcy Levine Aldrich, Esq.<br>maldrich@akerman.com<br>SunTrust International Center<br>28th Floor<br>One Southeast Third Avenue<br>Miami, FL 33131<br>(305) 374-5600<br>(305) 374-5095 Facsimile<br><br>**Counsel for Metropolitan**<br><br>SONNENSCHEIN, NATH & ROSENTHAL<br>Jeffrey P. Lennard, Esq.<br>jpl@sonnenschein.com<br>8000 Sears Tower<br>Chicago, IL 60606<br>(312) 876-8000<br>(312) 876-7934<br><br>**Counsel for Hartford**<br><br>MAYER, BROWN & PLATT<br>Howard J. Roin, Esq.<br>hroin@mayerbrown.com<br>190 South LaSalle Street<br>Chicago, IL, 60603-3441<br>(312) 782-0600<br>(312) 701-7711 Facsimile<br><br>**Counsel for Superior**<br><br>BUTLER BURNETTE PAPPAS<br>Alan J. Nisberg, Esq.<br>anisberg@bbplaw.com<br>Bayport Plaza<br>6200 Courtney Campbell Causeway<br>Suite 1100<br>Tampa, FL 33607<br>(813) 281-1900<br>(813) 281-0900 Facsimile | **Counsel for Prudential**<br><br>BUTLER BURNETTE PAPPAS<br>Kathy J. Maus, Esq.<br>kmaus@bbplaw.com<br>Lauren D. Levy, Esq.<br>llevy@bbplaw.com<br>3520 Thomasville Road, Suite 102<br>Tallahassee, FL 32308<br>(850) 894-4111<br>(850) 894-4999 Facsimile<br><br>SHEA & GARDNER<br>John D. Aldock, Esq.<br>Jaldock@SheaGardner.com<br>Michael Isenman, Esq.<br>misenman@sheagardner.com<br>1800 Massachusetts Ave., N.W.<br>Washington, D.C. 20036<br>(202) 828-2000<br>(202) 828-2195 Facsimile<br><br>**Counsel for American International**<br><br>CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.<br>Dale L. Friedman, Esq.<br>dfriedman@csglaw.com<br>Brian P. Knight, Esq.<br>bknight@csglaw.com<br>3440 Hollywood Boulevard<br>Second Floor<br>Hollywood, FL 33021<br>(954) 961-1400<br>(954) 967-8577 Facsimile |


7090-00100 318823.1


ATLAS PEARLMAN

FROM : MOTE WELLNESS         FAX NO. : 7423283         May. 18 2001 11:15PM P3
FROM : KUPELMAN & BLANCMAN, P.A.     FAX NO. : 954 462 5850     May. 16 2001 02:45PM P2

## IRREVOCABLE ASSIGNMENT OF BENEFITS

I hereby assign to MOTE WELLNESS AND REHAB, INC. any benefits under any policy of insurance, indemnity agreement or any other collateral source for any services and/or charges provided by MOTE WELLNESS AND REHAB, INC. It is the intent of the undersigned that this Assignment of Benefits be deemed irrevocable and that this Assignment of Benefits shall apply to any and all causes of action, suits, claims and demands whatsoever.

I have carefully read and understand the information provided above.

DATE: JANUARY 19, 2001

X _____        X _____
Witness                               HOWARD VAINE

MOTE WELLNESS AND REHAB, INC.
3625 W. BOYNTON BEACH BLVD., #105
BOYNTON Beach, FL 33436
(561)742-3283

EXHIBIT 1

PLF05352001