UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN,

    Defendants.
_____/

DR. ANDREW ELLOWITZ,                       01-8549
on behalf of himself and all others similarly
situated,

    Plaintiff,

vs.

AMERICAN INTERNATIONAL
INSURANCE COMPANY,

    Defendants.
_____/



**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE AMENDED CLASS ACTION COMPLAINT**

Plaintiff DR. ANDREW ELLOWITZ ("ELLOWITZ"), on behalf of himself and all others similarly situated, by his undersigned counsel, hereby submits his Memorandum of Law in Opposition to Defendants AMERICAN INTERNATIONAL INSURANCE COMPANY's ("AMERICAN INTERNATIONAL") and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY's ("AMERICAN SOUTH") (collectively "AIG") Motion to Strike Amended Class

7090-00100 350816.1



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Action Complaint ("Motion to Strike"). For all the reasons set forth herein, ELLOWITZ respectfully submits that AIG's Motion to Strike should be denied in all respects.

## BACKGROUND

On June 14, 2001, Plaintiff MOTE WELLNESS & REHAB, INC. ("MOTE") filed a class action Complaint against AMERICAN INTERNATIONAL and AMERICAN SOUTH. The Complaint asserted causes of action against AIG for unjust enrichment, third-party beneficiary breach of contract, RICO violations, declaratory judgment, and for violations of Section 627.736, Florida Statutes. Thereafter, pursuant to an agreement among the parties, MOTE provided AIG with an enlargement of time to respond to the Complaint until such time as this Court ruled on the pending motions to consolidate and the motions to dismiss filed in the other PPO reduction class actions. On September 28, 2001, this Court entered its Omnibus Order which consolidated this action with the other pending PPO reduction class actions and denied various motions to dismiss.

On November 7, 2001, despite the fact that most Defendants refused to make disclosures under Federal Rule of Civil Procedure 26, MOTE and the other Class Plaintiffs served their Rule 26 disclosures. On November 7, 2001, AIG served its Rule 26 disclosures limiting its disclosures to documents.

On January 25, 2002, almost four months after it was required to respond to the Complaint in this action, AIG filed its Motion to Dismiss or Alternative Motion for Summary Judgment. On February 12, 2002, an Amended Complaint (D.E. #593) was filed in these proceedings in which ELLOWITZ has asserted identical claims against AMERICAN INTERNATIONAL and the claims asserted by MOTE are no longer asserted. On February 25, 2002, AIG served its Motion to Strike.


ATLAS PEARLMAN
P.A.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## ARGUMENT

I. **THE AMENDED COMPLAINT SUBSTITUTING ELLOWITZ AS THE PLAINTIFF IN THESE PROCEEDINGS WAS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 15.**

Pursuant to Federal Rule of Civil Procedure 15(a): "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon a trial calendar, he may amend it at any time within 20 days after it is served." At the time the Amended Complaint was filed, no responsive pleading was served by AIG. AIG incorrectly asserts that since MOTE dropped his claims, the Amended Complaint is a nullity and should be stricken.

The cases relied upon by AIG are completely inapplicable herein. AIG cites cases where the plaintiffs' claims became moot before their complaints were amended. In <u>Summit Office Park, Inc. v. United States Steel Corp.</u>, 639 F.2d 1278 (5th Cir. 1981), the Court did not allow an amendment to substitute Plaintiffs. However, the Court stated:

> <u>The circumstances of this case are unique</u>. Here the original plaintiff was left with <u>no cause of action</u> upon which it could recover as the result of an intervening Supreme Court decision. There was no way in which the plaintiff could properly amend the complaint to give it a cause of action. Plaintiff <u>had no identity of interest</u> with either the new proposed plaintiffs, or the new class named in the Complaint, or their cause of action. It is clear that the new cause of action which the new proposed amended complaint attempted to insert could not benefit the original plaintiff.
>
> . . .
>
> Since there was <u>no plaintiff before the court with a valid cause of action</u>, there was no proper party available to amended the complaint. Thus, none of the appellants had a right to file the amended complaint.

7090-00100 350816.1                            3


ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(emphasis added). Herein, there was no intervening Supreme Court decision which left MOTE with no cause of action. At the time the Complaint was amended, MOTE maintained valid causes of action. The fact that AIG filed a Motion to Dismiss or for Summary Judgment did not automatically render MOTE's claims moot. In fact, as further discussed below, MOTE still properly has claims against AIG. Accordingly, Summit is entirely inapplicable.

Similarly, Fox v. Board of Trustees, 148 F.R.D. 474 (N.D.N.Y. 1993) is inapplicable. In Fox, the claims of the original plaintiff had become moot. Since the claims had become moot and the original plaintiffs did not continue to have a personal stake in the outcome of the litigation, the Court denied leave to amend to substitute new plaintiffs. Interestingly, in Fox, the Court distinguished Hackner v. Guaranty Trust Co., 117 F.2d 95 (2d Cir. 1941) because Hackner was a class action and because the original plaintiffs in Hackner continued to have a personal stake in nearly identical claims. The Fifth Circuit in Summit also distinguished Hackner because: "Neither the class nor the cause of action was changed in the amended complaint. The original plaintiffs had valid claims, which, as members of the class they originally proposed, they could still recover upon in the new Complaint." 639 F.2d at 1283 n. 12.

In Delta Coal Program v. Libman, 743 F.2d 852 (11th Cir. 1984), the Eleventh Circuit limited the Summit decision as follows:

> Its holding by its terms extends "only" to instances where a plaintiff who lacks standing to assert a claim attempts to substitute "new plaintiffs, a new class, and a new cause of action. Here, by contrast, the operative facts and the cause of action are not changed, but only the formally named plaintiff.

(citation omitted). Since, as further addressed below, MOTE maintains standing to assert a claim, the class ELLOWITZ seeks to represent is the same as the class MOTE sought to represent, and the



causes of action asserted by ELLOWITZ are identical to the causes of action asserted by MOTE, AIG's assertion that the Amended Complaint is a nullity is baseless.

In fact, in <u>Sogevalor v. Penn Central Corp.</u>, 137 F.R.D. 12 (S.D. Ohio 1991), the Court allowed the amendment of a complaint where there was no identity of interest. As the Court stated:

> First, [the new plaintiff] seeks to prosecute the same claims advanced by [the old plaintiff]; essentially, the same cause of action is at stake. Second, if the amendment was denied, [the new plaintiff] could simply file a new lawsuit forcing defendants to respond at a later date to the claims presently pending in this Court. Third, judicial economy suggests that this action proceed now without the delay and waste precipitated by a second filing. Fourth, Rule 15 sets forth a liberal standard under which amendments to pleadings are allowed -- "leave shall be freely given when justice so requires." Requiring [the new plaintiff] to file a new action upon dismissal of this case would needlessly consume the additional resources of all the parties and of the Court.
>
> In sum, the Court finds that the <u>Summit</u> rule should not obtain where a new plaintiff seeks to represent the same class on the same cause of action.

(citations omitted).

As further discussed below, although MOTE continues to maintain claims that could be asserted against AIG, a determination was made for purposes of this class action to substitute ELLOWITZ as the named plaintiff. ELLOWITZ is asserting the same causes of action asserted by MOTE. Since no responsive pleading had been filed, filing an Amended Complaint was the most economical procedure. An Amended Complaint was filed which dropped MOTE's claims and asserted the same claims by ELLOWITZ against AMERICAN INTERNATIONAL. The class which ELLOWITZ seeks to represent is the same class MOTE sought to represent and, in fact, MOTE is a potential member of the class ELLOWITZ seeks to represent. Therefore, MOTE continues to maintain a personal stake in the outcome of this litigation. Another procedure that could have been

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

utilized would have been for MOTE to file an Amended Complaint adding ELLOWITZ as a Plaintiff. MOTE could have then voluntarily dismissed his claims, leaving the case in the same posture as it now stands.

Finally, AIG does not question the fact that ELLOWITZ could simply file a new lawsuit, seek to transfer the action to this Court, and then seek to consolidate the newly filed action with the remaining PPO reduction class actions. Judicial economy suggests that requiring the filing of a new lawsuit with the delay and waste precipitated by the second filing is not warranted in light of the liberal amendment provisions of Rule 15. Sogevalor, 137 F.R.D. at 14. Based on the foregoing, there is no basis to strike the Amended Complaint and AMERICAN INTERNATIONAL should be required to immediately respond.

## II.   MOTE HAS VALID CLAIMS AGAINST AIG.

The basis for AIG's Motion to Strike is that the claims asserted by MOTE have no factual basis. Although AIG filed a Motion to Dismiss or for Summary Judgment, no determination has been made as to the viability of MOTE's claims. Contrary to AIG's assertion, MOTE maintains valid causes of action against AIG. MOTE instituted the action against AMERICAN INTERNATIONAL and AMERICAN SOUTH due to their improper utilization of PPO discounts. As alleged in the Complaint, AIG improperly accessed PPO rates. MOTE sought damages and injunctive relief against AMERICAN INTERNATIONAL and AMERICAN SOUTH.

Contrary to AIG's assertions, a presuit investigation was commenced and it was determined that AIG improperly accessed MOTE's PPO agreement. The Affidavit of Pam Jones submitted in support of the Motion to Dismiss confirms that claims made on policies issued by AMERICAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

INTERNATIONAL, AMERICAN SOUTH, and American Home Assurance Company ("American Home") are adjusted by AIGCS. The Affidavit and exhibits attached thereto confirmed that AIGCS illegally obtained access to MOTE's PPO rates. As alleged in the Complaint, AIG, since it does not comply with Section 627.736(10), Florida Statutes, cannot pay PIP claims at PPO reduced rates. Accordingly, the mere fact that AIGCS has admitted that it accessed MOTE's PPO rates establishes MOTE's entitlement to injunctive relief precluding AIG from utilizing these rates in the future. The fact that AIG did not make payments at reduced PPO rates, at worst, may establish that MOTE's damages claim relating to PPO reductions could not be maintained.[1] However, MOTE's damages claims "pale into insignificance when compared with the declaratory and injunctive relief to which the class would be entitled, should it prevail." In re: Consolidated "Non-Filing" Insurance Fee Litigation, 195 F.R.D. 684, 695 (M.D. Ala. 2000). Based on the fact that AIGCS has improperly accessed MOTE's PPO reductions on behalf of AMERICAN INTERNATIONAL, AMERICAN SOUTH, and American Home, MOTE clearly can maintain a cause of action against all three insurance companies for injunctive relief.

Based on the Affidavit of Pam Jones ("Jones"), it is also clear that MOTE also maintains a damages claim against American Home. Since the explanation of benefit forms and other forms utilized by AIG provide no basis to determine which AIG insurance company is actually insuring a given insured, AIG cannot argue that the improper AIG entities were sued. Nowhere on the explanation of benefit form does it indicate which AIG entity was making payments. Additionally, if MOTE instituted an action against the wrong AIG entity, the proper procedure would have been

---

[1] As discussed below, MOTE still maintains a damages claim against AIG for its wrongful refusal to make payments.

7090-00100 350816.1                     7

ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

to notify MOTE's counsel or to file a Motion to Dismiss claiming that the improper entity was sued. At that point, MOTE would have been able to amend the Complaint to assert claims against American Home.

MOTE continues to have a claim for damages against American Home despite its assertion to the contrary. As reflected in the Affidavit of Jones and attached exhibits, AIGCS processed a claim in which it recommended PPO reductions. (CSG 000180). The Affidavit of Jones confirms that PPO reduction were recommended to the adjuster. (Aff. at ¶ 22). However, Jones indicates that the February 19 and 21, 2001 invoices were never paid because the insured's attorneys requested that all remaining PIP benefits be reserved for the payment of lost wages, which exhausted the remaining benefits under the policy. (Aff. at ¶ 23). However, since the insured assigned his benefits to MOTE,[2] the insured did not have the ability to direct how PIP benefits were to be paid.

Once the insured assigned his benefits to MOTE, he had no right to direct how PIP benefits were paid. As stated in State Farm Fire & Cas. Co. v. Ray, 556 So. 2d 811 (Fla. 5th DCA 1990):

> An assignee may enforce payments or the performance of an obligation due under an assigned contract. Because an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee.

(citations omitted). The Court affirmed the insurance company's payment of insurance benefits to a hospital despite the fact that the insured submitted a claim for lost wages and requested that the lost wages be paid. Since there was an assignment, the insured no longer had the right to direct payment of wages. Id. See also Superior Ins. Co. v. Libert, 776 So. 2d 360 (Fla. 5th DCA 2001) (Finding that

---

[2] A true and correct copy of the Assignment is attached hereto as Exhibit "1".

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

once there is an assignment, the insured no longer has standing to file an action or assert a claim for benefits).

Based on the foregoing, since the insured irrevocably assigned his benefits to MOTE before AIG paid the wage loss claims, the insured was unable to direct AIG to pay lost wages as opposed to paying MOTE's invoices. The PIP payment record submitted with the Affidavit of Jones establishes that the wage loss claims were paid well after the initial payments were made to MOTE. Accordingly, MOTE maintains a cause of action against AIG for its failure to pay MOTE's invoices. In addition, MOTE maintains a claim against AIG for its improper PPO reductions of the services provided on February 19 and February 21, 2001. Accordingly, there is no question that MOTE's claims have substantial, factual and legal merit.

## CONCLUSION

For all the reasons set forth herein, Plaintiff DR. ANDREW ELLOWITZ respectfully requests that this Court enter an Order denying Defendants AMERICAN INTERNATIONAL INSURANCE COMPANY's and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY's Motion to Strike Amended Class Action Complaint, together with such other and further relief as this Court may deem just and proper.

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this __7th__ day of March, 2002 upon: all individuals on the attached service list.

_____
ERIC LEE


ATLAS PEARLMAN

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:
Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 318823.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile



FROM : MOTE WELLNESS              FAX NO. : 7423283              May. 18 2001 11:15PM  P3
FROM : KLPELMAN & BLANCHARD, P.A.   FAX NO. : 954 462 5850        May. 18 2001 02:46PM  P2

## IRREVOCABLE ASSIGNMENT OF BENEFITS

I hereby assign to MOTE WELLNESS AND REHAB, INC. any benefits under any policy of insurance, indemnity agreement or any other collateral source for any services and/or charges provided by MOTE WELLNESS AND REHAB, INC. It is the intent of the undersigned that this Assignment of Benefits be deemed irrevocable and that this Assignment of Benefits shall apply to any and all causes of action, suits, claims and demands whatsoever.

I have carefully read and understand the information provided above.

DATE: JANUARY 19, 2001

X _____                    X _____
Witness                                            HOWARD VAINE


MOTE WELLNESS AND REHAB, INC.
3825 W. BOYNTON BEACH BLVD., #105
BOYNTON Beach, FL 33436
(561)742-3283


EXHIBIT 1

PLF05352001