UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

NIGHT BOX
FILED

MAR 11 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

| | |
|---|---|
| DR. PAUL ZIDEL, on behalf of himself and other similarly situated,<br><br>    Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant/Third-Party Plaintiff,<br>v.<br><br>COMMUNITY CARE NETWORK, INC., doing business as CCN,<br><br>    Third-Party Defendant. | § § § § § § § § § § § § § § § § § § |
| SALVATORE D. LARUSSO, D.C., d/b/a Family Chiropractic Center, on behalf of himself and others similarly situated<br><br>    Plaintiff,<br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY and COMMUNITY CARE NETWORK, INC.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § |

00-07692

**DEFENDANT CCN'S MOTION FOR RECONSIDERATION
AND MOTION TO ENLARGE PENDING RECONSIDERATION**

Defendant, CCN Managed Care, Inc., incorrectly named as Community Care Network, Inc. ("CCN"), through counsel, moves the Court for Reconsideration of its March 1, 2002 Order, dismissing as moot CCN's Motion for More Definite Statement in the LaRusso action.



Moreover, pursuant to Fed.R.Civ.P. 6(b), CCN requests that the Court enlarge its time in which to respond to Plaintiff's Complaint pending the Court's reconsideration of its Order. In support of this Motion, CCN states as follows:

## INTRODUCTION

1. CCN filed its Motion for More Definite Statement because Plaintiff's Complaint, as crafted, fails to afford CCN fair notice of the claims against it, and therefore, CCN is unable to fashion an appropriate response. Recently, the Court entered an Order (along with a number of other Orders) "dismissing" CCN's Motion for More Definite Statement as moot. Because Plaintiff has not tendered any amended complaint and because CCN (to its knowledge) has not been dismissed from the lawsuit, CCN's Motion is not moot.

2. Accordingly, CCN believes that the Court may have entered the Order in error, and therefore requests that the Court reconsider the Order and address CCN's Motion (which is fully briefed and ripe for resolution) on the merits. CCN further requests that the Court enlarge its time in which to respond to Plaintiff's Complaint while the Court considers CCN's Motion for More Definite Statement on the merits. As detailed in CCN's Motion for More Definite Statement, Plaintiff's Complaint is so vague and ambiguous -- failing to even identify the alleged contract at issue between Plaintiff and CCN -- that CCN cannot respond in good faith or without prejudicing itself.

## STATEMENT OF FACTS

3. Plaintiff's Complaint purports to allege causes of action against CCN for breach of contract and for RICO violations. Because the Complaint is so vague and ambiguous that CCN could not reasonably be required to frame a responsive pleading, CCN filed and served its Motion for More Definite Statement. A copy of CCN's Motion for More Definite Statement and

Brief in Support is attached as <u>Exhibit A</u> and incorporated by reference. Plaintiff tendered his Response, and CCN tendered its Reply.

4. In its Motion for More Definite Statement, CCN requests that the Court enter an order requiring that Plaintiff:

(i) attach a copy of the contract CCN is alleged to have breached;

(ii) replead such that the facts alleged to be applicable to each claim against CCN can be ascertained; and

(iii) replead such that fair notice is afforded as to what CCN is alleged to have done, versus what is alleged to have been done by other parties, and such that all claims of fraud comport with Rule 9(b)'s particularity requirement.

6. On or about March 1, 2002, the Court entered its Order dismissing <u>as moot</u> CCN's Motion for More Definite Statement. To date, Plaintiff has not tendered any amended complaint, let alone any amendment that would address the deficiencies set forth in CCN's Motion for More Definite Statement. Also, CCN has not been dismissed from the litigation, either by Plaintiff or by the Court.

7. Accordingly, CCN submits that the Court may have entered its Order in error because no development in the case could have arguably rendered CCN's Motion moot. To the contrary, the Motion is fully briefed and ripe for resolution on the merits.

8. CCN further requests that the Court enlarge its time in which to respond to Plaintiff's Complaint pending the Court's reconsideration of CCN's Motion for More Definite Statement.

3

## **MEMORANDUM OF LAW**

As demonstrated in CCN's Motion for More Definite Statement and Brief in Support, Plaintiff's Complaint is impermissibly vague and ambiguous, fails to identify the contract or specific provisions that CCN allegedly breached, and amounts to an improper "shotgun" pleading. A copy of CCN's Motion for More Definite Statement and Brief in Support is attached as Exhibit A, and the arguments set forth therein are incorporated by reference. Plaintiff submitted his Response in Opposition to CCN's Motion, and CCN then filed its Reply. The Motion is fully briefed and ripe for resolution on the merits.

Plaintiff has not filed any amended complaint, and CCN has not been dismissed from the litigation. In short, no record activity since CCN's submission of its Motion for More Definite Statement has rendered that Motion moot. CCN submits that the Court's March 1, 2002 Order may simply be the result of error. Accordingly, CCN requests that the Court reconsider its Order and address CCN's Motion for More Definite Statement on the merits.

CCN further requests that the Court enlarge its time in which to respond to Plaintiff's Complaint pending the Court's reconsideration of its Order. Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Court may enlarge the period of time within which an act is required to be done for good cause shown if the enlargement is requested prior to the expiration of the period originally prescribed. As demonstrated above, good cause exists and this Motion has been filed prior to the expiration of the deadline which CCN requests that the Court enlarge. CCN should not be required to respond to a Complaint that is impermissibly vague and ambiguous while the Court considers CCN's Motion for More Definite Statement on the merits.

WHEREFORE, CCN respectfully requests that the Court reconsider its Order dismissing as moot CCN's Motion for More Definite Statement, and that the Court enter an Order granting

CCN's Motion for More Definite Statement. CCN further requests that the Court enlarge its time in which to serve a response to Plaintiff's Complaint pending the Court's consideration of CCN's Motion for More Definite Statement on the merits.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(A)(3)(a), the undersigned hereby certifies that counsel have conferred in a good faith effort to resolve the issues raised in this Motion and have been unable to do so.

Respectfully submitted,

McGUIRE WOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
3300 Bank of America Center
50 North Laura Street
Jacksonville, FL 32202
Telephone:  (904) 798-3200
Facsimile:  (904) 798-3207
E-Mail:  wdeem@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED CARE, INC.

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to the counsel listed on the attached service list by U.S. Mail on March 11, 2002:

_____
William W. Deem

\\COM\123035.1

**MASTER SERVICE LIST**
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Amended 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard,
Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:
Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 (Facsimile)

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American
International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)