UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY
CHIROPRACTIC CENTER, on behalf of himself
and all others similarly situated,

    Plaintiff,                     01-8111

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

SALVATORE D. LARUSSO, D.C.
d/b/a FAMILY CHIROPRACTIC              01-8110
CENTER, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO HARTFORD'S AND FLORIDA FARM BUREAU'S
NOTICES OF SUPPLEMENTAL AUTHORITY (D.E. #618) AND (D.E. #619)**



7090-00100 351353.1



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Class Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated ("LARUSSO"), by his undersigned counsel, hereby submits his Response to Defendants HARTFORD INSURANCE COMPANY OF THE MIDWEST's ("HARTFORD") Notice of Filing Supplemental Authority (D.E. #618) and Defendant FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY's ("FARM BUREAU") Notice of Supplemental Authority (D.E. #619). For all the reasons set forth herein, LARUSSO respectfully submits that the supplemental authority has no application herein and HARTFORD's and FARM BUREAU's Motions to Dismiss should be denied in all respects.

**ARGUMENT**

HARTFORD and FARM BUREAU have submitted as supplemental authority the decision from In re: Managed Care Litigation, Master File No. 00-1334-MD-Moreno (S.D. Fla. February 20, 2002). Rather than merely attach the purported supplemental authority, HARTFORD and FARM BUREAU improperly present arguments as to why the managed care litigation case allegedly applies herein. Accordingly, LARUSSO hereby responds to the supplemental arguments asserted by HARTFORD and FARM BUREAU LARUSSO.

**I.   HARTFORD and FARM BUREAU HAVE WAIVED THE RIGHT TO ASSERT THAT THE MCCARRAN-FERGUSON ACT APPLIES.**

HARTFORD and FARM BUREAU claim that the decision in In re: Managed Care Litigation applies in these proceedings to the extent that the McCarran-Ferguson Act reverse preempts LARUSSO's RICO claims. Despite the fact that neither HARTFORD nor FARM BUREAU even mentioned the McCarran-Ferguson Act in their respective Motions to Dismiss, they now assert that the decision supports dismissal. HARTFORD and FARM BUREAU attempt to gloss over their

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

failure to raise the McCarran-Ferguson Act by arguing that since they argued that there is not a private cause of action under Section 627.736(10), Florida Statutes, they somehow raised the issue of reverse preemption. This argument fails because nowhere in the Motions to Dismiss is the McCarran-Ferguson Act mentioned, nowhere is reverse preemption addressed, and the issue of whether there is a private cause of action under Section 627.736 was not asserted as a grounds for reverse preemption. Having failed to raise this issue in their Motion to Dismiss, HARTFORD and FARM BUREAU cannot now raise this new argument by way of supplemental authority.

## II. THE MCCARRAN-FERGUSON ACT DOES NOT BAR LARUSSO'S RICO CLAIMS.

Even if HARTFORD and FARM BUREAU did not waive the argument that the McCarran-Ferguson Act reverse preempts LARUSSO's RICO claim, In re: Managed Care Litigation provides no support for reverse preemption in this case. In order for the McCarran-Ferguson Act to preclude application of the RICO statutes a determination must be made that the application of the RICO statutes to LARUSSO's "claims would invalidate, impair, or supersede [a state's] laws regulating insurance." Humana, Inc. v. Forsyth, 525 U.S. 299, 300 (1999). As the Court concluded: "When federal law does not directly conflict with state regulation, and when application of the federal law would not frustrate any declared state policy or interfere with the State's administrative regime, the McCarran-Ferguson Act does not preclude its application." Id. at 309. The claim in Humana was that a group health insurer obtained discounts for hospital services that were not disclosed or passed on to beneficiaries resulting in the payment of less than 80 percent of actual hospital charges covered by the policy. Id.



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

This case presents an almost identical factual scenario as that which occurred in Humana. The claims alleged by LARUSSO and the other Class Plaintiffs is that the automobile insurance companies illegally utilized PPO discounts when paying personal injury benefits claims. This resulted in the insurance companies paying less than 80 percent of the amount they were required to pay under Florida law and their respective insurance policies. This Court already denied the Motions to Dismiss in the Allstate and Progressive matters. In denying the Motions to Dismiss, this Court found that the medical providers had a private right to sue under Section 627.736, Florida Statutes and that the insurance companies' respective fraudulent conduct in violation of the Florida Statutes stated a cause of action for violations of RICO.

HARTFORD and FARM BUREAU attempt to mislead this Court by improperly arguing that there is no private right of action for violations of Section 627.736, Florida Statutes. There are hundreds of cases in which claims were brought for violations of Section 627.736. See Allstate Ins. Co. v. Schall, 778 So. 2d 317 (Fla. 4th DCA 2000) (Insured brought claim against insurance company for violation of Section 627.736, Florida Statutes). In Colonial Penn Ins. Co. v. Magnetic Imaging Systems I, Ltd., 694 So.2d 852 (Fla. 3d DCA 1997), the Court certified a class of Colonial Penn insureds based on the systematic violation of Section 627.736, Florida Statutes. In its reasoning, the Colonial Penn Court held that "[t]he claims of class members present a common right of recovery under section 627.736(4)(c) based on Colonial Penn's conduct that raises common issues to all members; whether the statutory interest was paid when due." Id. at 854. In Allstate Indemn. Co. v. De La Rosa, 800 So. 2d 245 (Fla. 3d DCA 2001), the Court affirmed an order granting class

ATLAS PEARLMAN

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

certification in an action brought on behalf of healthcare providers due to an insurance company's violation of Section 627.736, Florida Statutes.

HARTFORD's citation of May v. Allstate Ins. Co., (Case no. 00-6269-CIV-DIMITROLEAS) (S.D. Fla. April 14, 2000) is entirely disingenuous. In May, the provider brought a direct claim against the insurance company without an assignment of benefits from an insured. As addressed on numerous occasions in these proceedings, LARUSSO and the other Class Plaintiffs have asserted claims as the assignees of rights from their insureds. "Courts have recognized that medical service providers can assert claims for a PIP benefit against insurers when an insured has assigned them the right to the benefits." Hartford Ins. Co. of the Southeast v. St. Mary's Hosp., Inc., 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations omitted). The right to pursue a claim for PIP benefits belongs to the insured unless the insured assigns the right to a healthcare provider. As recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury protection (PIP) benefits to a healthcare provider, the insured may not file a lawsuit to collect the assigned benefits. The insured would only have a claim to pursue against the insurance company if the healthcare provider were permitted to rescind the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any event, only the insured or the medical provider 'owns' the cause of action against the insurer at any one time. And the one that owns the claim must bring the action if an action is to be brought." Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

Accordingly, HARTFORD's continued assertion that LARUSSO is pursuing these claims as anything other than an assignee of rights from an insured is baseless. Since insureds clearly have



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

a private cause of action for violations of Section 627.736, Florida Statues, <u>May</u> has no application herein. LARUSSO and the class of providers who received assignments of benefits from their insureds have the ability to assert those claims against the insurance companies. Since the application of Section 627.736 is not impaired or superseded by the application of RICO, there is no reverse preemption.

## <u>CONCLUSION</u>

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated, respectfully submits that Defendants HARTFORD INSURANCE COMPANY OF THE MIDWEST's and FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY's Notices of Supplemental Authority provide no basis to dismiss LARUSSO's claims and their respective Motions to Dismiss should be denied in all respects.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931

7090-00100 351353.1                6



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Co-Counsel for Class Plaintiffs

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 12th day of March 2002 upon: all individuals on the attached service list.

ERIC LEE



# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 345419.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile



7090-00100 345419.1

