UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.
doing business as CCN,

    Third-Party Defendant.



_____

ULTRA OPEN MRI CORPORATION, et al., on behalf      01-6778
of itself and others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

_____

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT PRUPAC'S MOTION
TO COMPEL ARBITRATION AS TO PLAINTIFF AFIELD**

Prudential Property and Casualty Insurance Company's ("PruPAC's") Motion to Compel

Arbitration As to Plaintiff Afield (the "Motion") showed that plaintiff Walter E. Afield's claims



are subject to a contractual arbitration clause that is enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"). As a result, Afield must arbitrate his claim, rather than litigate it in this Court.

In his Opposition, Afield contends (1) that the FAA does not apply to this case because the PIP contract somehow "opts out" of the FAA by specifying that arbitration is subject to the provisions of the Florida Arbitration Code; (2) that the arbitration clause cannot be enforced against a third-party assignee such as Afield; and (3) that *Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.*, 753 So. 2d 55 (Fla. 2000), prevents the enforcement of the arbitration clause. PruPAC addressed each of these arguments in its Motion and showed that none of them has any merit. First, the law is clear that the FAA applies to all contracts that – like the PIP contract here – involve interstate commerce, regardless of whether the contract contains a provision specifying the application of state law. Second, the law is equally clear that arbitration provisions are fully enforceable against Afield as an assignee and third-party beneficiary of the PIP contract. Third, the *Pinnacle* decision, which addressed the validity of a statute mandating arbitration, has no effect on the enforceability of a contractually agreed-upon arbitration clauses. If *Pinnacle* were construed to void contractual arbitration provisions, *Pinnacle* would be preempted by the FAA.

**I.  THE FAA APPLIES TO THIS CASE AND COMPELS ENFORCEMENT OF THE ARBITRATION AGREEMENT.**

As PruPAC showed in its Motion (at 8-9), the "[t]he [FAA] and federal law will govern a contract if the transaction evidences commerce, despite the inclusion of a choice of law clause in the contract." *Garney Cos. v. Southwest Water Wells, Inc.*, 1992 U.S. Dist. LEXIS 21319, at *8

2

(M.D. Fla. Sept. 15, 1992) (emphasis omitted), *adopted*, 1993 U.S. Dist. LEXIS 5068 (M.D. Fla. Apr. 14, 1993). In its Opposition, Afield cannot and does not deny that the PIP contract "evidences a transaction involving commerce." Thus, the contract is subject to the FAA.

Afield argues erroneously (at 4-6) that the FAA does not govern the enforcement of the arbitration clause because the clause "opts out" of the FAA by stating that the "[a]rbitration is subject to the provisions of the Florida Arbitration Code." Judge Snow has already considered and squarely rejected the identical argument made by co-Plaintiff Ultra Open MRI Corporation ("UOMC"). Judge Snow concluded that the PIP "contract may be enforced under the FAA, and under the [Florida Arbitration Code] to the extent that it does not conflict with the FAA." Report and Recommendation ("UOMC R&R"), D.E. #318, at 10. Afield has not presented any new arguments or authority that would support overruling Judge Snow on this matter.

Instead, Afield relies upon the same cases that have already been presented to and rejected by Judge Snow in the UOMC R&R. Afield first quotes *Volt Info. Scis., Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468 (1989), for the proposition that parties can agree to apply state rules of arbitration. Opposition at 4. Afield omits the key fact that *Volt* involved a state court proceeding that applied state "rules which are manifestly designed to encourage resort to the arbitral process." *Id.* at 476. This case, by contrast, involves no state court proceeding to defer to and, more importantly, involves an effort by plaintiff to apply state law to *defeat* arbitration. Seven federal circuits "have unanimously concluded that *Volt* is inapposite" in such circumstances. *Roadway Package Sys., Inc. v. Kayser*, 257 F.3d 287, 295 (3d Cir. 2001).

Afield also cites (at 5) *ASW Allstate Painting & Constr. Co. v. Lexington Ins. Co.*, 188

F.3d 307 (5th Cir. 1999), and *Ford* v. *NYLCare Health Plans, Inc.*, 141 F.3d 243 (5th Cir. 1998), for the proposition that by agreeing to employ state law, the parties can opt out of the FAA. These cases again make it clear, however, that the FAA "does not preempt state arbitration rules *as long as the state rules do not undermine the goals and policies of the FAA*." *ASW Allstate*, 188 F.3d at 310 (emphasis added). In both of these cases, the Fifth Circuit applied Texas law to a contract based on the fact that Texas law "do[es] not undermine the federal policy of the FAA," but to the contrary favors arbitration. *Id.* In particular, the cases addressed only the question of what the parties intended the arbitration clause to cover. By contrast, Afield is requesting that this Court apply state law to wholly invalidate an arbitration clause that otherwise must be enforced under the FAA. Such a holding would surely "undermine the goals and policies of the FAA." *ASW Allstate*, 188 F.3d at 310. In sum, and as Judge Snow found, the contract "may be enforced under the FAA." UOMC R&R at 10.[1]

---

[1] In fact, Afield implicitly acknowledges that the FAA controls by citing (at 7-8) to case law decided under the FAA. The cases cited by Afield, however, are from other jurisdictions and predate the United States Supreme Court's extensive jurisprudence on the FAA. Thus, its citations are of questionable validity and were never precedent in this Court in the first place.
Afield also cites a footnote in *Eassa Properties* v. *Shearson Lehman Bros.*, 851 F.2d 1301 (11th Cir. 1988), for the proposition that federal law only controls the "interpretation and enforcement" of arbitration agreements, while state law controls the question of whether an agreement "exists in the first instance." Opposition at 4-5. This is a correct statement of the general law of arbitration, but Plaintiff misinterprets it. In *Eassa*, the defendant contended that the entire agreement was procured without authority, and that no contract existed between the parties. Thus, state law of agency controlled the disposition of the case. In the present case, however, Afield is asserting rights under a contract whose existence is not in dispute – indeed, he seeks to enforce all of the other terms of the contract *except* the arbitration provision. Thus, the only questions before this Court are ones of "interpretation and enforcement" of the arbitration clause in the agreement, not questions about whether the agreement exists. Accordingly, federal law controls.

II.  **THE ARBITRATION PROVISION IS FULLY ENFORCEABLE AGAINST AFIELD AS AN ASSIGNEE AND THIRD-PARTY BENEFICIARY OF THE PIP CONTRACT.**

As PruPAC demonstrated in its Motion (at 9-10), the arbitration provision is fully enforceable against Afield as an assignee and third-party beneficiary. Afield nonetheless contends that the arbitration provision is not binding because Afield is not subject to the agreement between Prudential and the assignor-insured, Ms. Anderson. See Opposition at 13-15. This argument is meritless.

As Judge Snow has already concluded with respect to Afield's co-Plaintiff UOMC, "the arbitration clause at issue specifically binds the medical provider who accepts assignment" because the "provider has the option to not accept the assignment." UOMC R&R at 9-10. Judge Snow has reached the same conclusion in all of the other cases that have been consolidated with this one. See, *e.g.*, *Chiropractic Centre, Inc. v. Metropolitan Casualty Insurance Co*, No. 01-6783, Report and Recommendation, D.E. #427 (the "Metropolitan R&R"), at 10. Afield has not presented any new authority for overruling Judge Snow's conclusion that a contractual arbitration provision is binding against a third-party such as Afield.

III.  ***PINNACLE* DOES NOT AFFECT THE ENFORCEABILITY OF THE ARBITRATION PROVISION IN THE PIP CONTRACT.**

Afield incorrectly contends (at 10) that in *Pinnacle*, the Florida Supreme Court "rejected the argument that the contractual language provides a basis to compel arbitration." This argument fails for two reasons: The court in *Pinnacle* did not so hold, and if it had, that holding would be preempted by the FAA.

5

### A. Afield Misconstrues *Pinnacle*.

Contrary to Afield's assertions, *Pinnacle* did not hold that contractual arbitration provisions in existing PIP policies were invalid or unenforceable. As PruPAC explained in its Motion (at 10-11), *Pinnacle* held that it was unconstitutional for the Florida *legislature* to *require* medical providers to arbitrate their disputes with insurance companies. As another Florida court has noted, *Pinnacle* did not address the argument that "a health care provider may agree to arbitration when it accepts an assignment" of a PIP claim. *Livingston v. State Farm Mut. Auto Ins. Co.*, 774 So. 2d 716, 717 (Fla. 2d Dist. Ct. App. 2000).[2]

Thus, Afield's argument that a contractual agreement to arbitrate violates the Florida constitution is without merit. The only other case Afield relies on for this assertion is *Harris v. Gonzalez*, 789 So. 2d 405 (Fla. 4th Dist. Ct. App. 2001), a case that has nothing to do with PIP contracts or arbitration. *Harris* stands for the general proposition that "[a] contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our courts." *Id.* at 409. That case is inapposite, however, because Afield has failed to show that the arbitration clause at issue here violates a Florida constitution or statute.[3]

---

[2] Despite the fact that *Pinnacle* did not even address this issue, Afield suggests (at 8-10) that the Florida Supreme Court implicitly rejected this argument because the appellants had argued that the contracts were sufficient to bind the parties to arbitration. But as the lower court in *Pinnacle* observed, the validity of a contractual agreement to arbitrate could not be addressed because the insurance contracts were not in the record of the case. See *Delta Casualty Co. v. Pinnacle Medical, Inc.*, 721 So.2d 321, 325 n.3 (Fla. 5th Dist. Ct. App. 1998), *aff'd sub nom. Nationwide Mut. Fire Ins Co. v. Pinnacle Med., Inc.*, 753 So. 2d 55 (Fla. 2000).

[3] Afield also offhandedly argues (at 13) that the arbitration provision "impermissibly provides for prevailing party attorney fees," again citing to the *Pinnacle* decision. This argument also fails. As explained above, *Pinnacle* did not prohibit parties from entering into contracts as they saw fit. Rather, it only prevented the state legislature from compelling parties to do so.

### B. If *Pinnacle* Were Construed to Void Contractual Arbitration Provisions, It Would Be Preempted by the FAA.

Afield's reliance on *Pinnacle* is unfounded for an additional reason: if *Pinnacle* were construed, as Afield argues, to void contractual arbitration provisions, *Pinnacle* would be preempted by the FAA. As PruPAC showed in its Motion (at 12-13), the FAA preempts state laws which attempt to void contractual arbitration provisions. Specifically, Afield reads *Pinnacle* as voiding the contract's arbitration provision while leaving the rest of the contract standing. But, "[w]hat States may not do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause." *Allied-Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 281 (1995). The Federal Arbitration "Act makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal 'footing,' directly contrary to the Act's language and Congress' intent." *Id.*[4]

For these reasons, PruPAC respectfully suggests that, notwithstanding Judge Snow's conclusion that *Pinnacle* voided contractual arbitration provision in other consolidated cases, the arbitration provision in this case is enforceable against Afield.

### CONCLUSION

For the foregoing reasons, PruPAC respectfully requests that the Court grant PruPAC's Motion to Compel Arbitration as to Plaintiff Afield.

---

[4] Judge Snow has concluded in several other cases consolidated with this one that an arbitration clause could not be enforced under the FAA if it was not entered into freely by the parties in those other cases. See, e.g., Metropolitan R&R at 10. However, in this case, Afield cannot legitimately contend that he has not agreed to the PIP Contract's provisions. If Afield did not wish to agree to those provisions, he was free not to accept the assignment of benefits in the PIP contract. Indeed, as Judge Snow has observed, a provider always "has the option to not accept the assignment." See UOMC R&R at 9; Metropolitan R&R at 10.

Respectfully submitted,

*[signature]*

| | |
|---|---|
| John D. Aldock | Kathy J. Maus (Bar No. 896330) |
| Michael K. Isenman | Lauren D. Levy (Bar No. 0116490) |
| SHEA & GARDNER | BUTLER BURNETTE PAPPAS |
| 1800 Massachusetts Ave., N.W. | 3520 Thomasville Road, Suite 102 |
| Washington, DC 20036 | Tallahassee, FL 32308 |
| (202) 828-2000 | (850) 894-4111 |
| Fax (202) 828-2195 | Fax (850) 894-4999 |

Dated: March 15, 2002

## CERTIFICATE OF SERVICE

    I hereby certify that I caused copies of the foregoing Defendant PruPAC's Reply Memorandum In Support of Defendant PruPAC's Motion to Compel Arbitration as to Plaintiff Afield to be served upon the counsel in the accompanying service list by U.S. Mail, postage prepaid, on March 15, 2002.

                                                                           Lauren D. Levy, Esq.

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305) 539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:
Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile