UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6061-Civ-Ferguson/Snow

DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant and
    Third Party Plaintiff,

vs

COMMUNITY CARE NETWORK,

    Third Party Defendant.
_____/    **ORDER**



THIS CAUSE is before the Court on the various motion filed by the parties, which were referred to United States Magistrate Judge Lurana S. Snow.

Third Party Defendant Community Care Network, Inc., (CCN) has sent two letters to the medical care providers in its network informing them that attorneys who litigate cased involving Personal Injury Protection (PIP) automobile insurance have been approaching physicians to participate in lawsuits against PIP insurers challenging the use of managed care networks.

Neither letter mentions any specific litigation in state of federal court; both state that the lawsuits will result in higher costs to their patients. One letter explains CCN's interpretation of the law governing the interaction of PIP statutes and the use of preferred provider organizations (PPO). The



subsequent letter reminds the medical providers of their obligations under their contract with CCN which may preclude recovery through litigation, and asks them to "choose to decline these lawyers' advances, rather than proliferating this spurious litigation." (DE 150, Exhibits 1 and 2).[1]

The plaintiff asks the Court to bar CCN from sending any further such letters, asserting that the letters contain misinformation and are coercive and threatening. The plaintiff argues that the such letters improperly interfere with potential class members. The plaintiff also seeks leave to send curative letters, paid for by CCN, to all those who received the challenged letters.

CCN's response[2] argues that (1) the letters are accurate, (2) the letters do not mention any specific litigation but merely discuss state court litigation in general, (3) the letters do not mention class action lawsuits, (4) CCN is not a party to any of the state court lawsuits by medical care providers since its contract with its medical care providers requires arbitration to settle disputes, (5) for the same reason CCN is not a party to the class action claims in the instant lawsuit and (6) a curative letter is unwarranted in this litigation.

---

[1] Thereafter, CCN terminated its contract PPO with Salvatore D. LaRusso, a plaintiff in several complaints in the consolidated case. The plaintiff asserts that this demonstrates the heavy-handed approach taken by CCN. The Court CCN is neither a defendant nor a third party defendant in any of LaRusso's complaints.

[2] Although the plaintiff's motion is not directed to defendant Allstate, Allstate also filed a response to the motion.

The plaintiff's reply notes that the Court has the power to prevent attempts to influence potential class members to prevent them from joining a class action. Gulf Oil v. Bernhard, 452 U.S. 89, 101, 101 S.Ct. 2193, 2200 (1981). The plaintiff also characterizes the letters as advising the medical care providers to avoid seeking legal advice.

The plaintiff's reply cites three cases involving mailings to potential class members early in the litigation before the class was identified sufficiently to consider class certification.[3] Jennifer, T/A v. Delaware Solid Waste Authority, 1999 WL 117762 (D.Del. February 25, 1999); Burrell v. Crown Central Petroleum, Inc., 176 F.R.D. 239 (E.D. Texas 1997); Hampton Hardware, Inc. v. Cotter & Co., Inc., 156 F.R.D. 630 (N.D.Texas 1994).

In only one of those cases did the Court grant a motion to limit communications between a defendant and potential class members. In Hampton Hardware the defendant, who operated a cooperative of hardware dealers, sent a letter to the dealers discussing a newly-filed class action complaint and stating that the dealers could save the company time and money by not participating in a case which the defendant would probably win. The court found this communications impermissibly coercive,

---

[3] The plaintiff previously cited Kleiner v. First National Bank of Atlanta, 751 F.2d 1193 (11th Cir. 1995) and In re School Asbestos Litigation, 842 F.2d 671 (3rd Cir. 1988). Kleiner involved attempts to persuade members of a certified class to opt out of the class. Asbestos Litigation involved communications with a certified class. Neither of the cases is germane to the procedural posture of the instant case.

applying the test in Gulf Oil. The court granted the order to bar communications, finding that the defendant held a position of power, that it specifically advised the members not to participate in that lawsuit and that it warned the dealers they would have to pay higher prices for merchandise if the class won. The Hampton Hardware court declined to authorize a curative letter, noting that the Rule 23(c) notice to class members would provide the necessary objective information.

The plaintiff has cited no case barring communication by one who is not a defendant to the class action complaint. The complaint against CCN alleges contractual claims by Allstate against CCN. CCN's letters do not mention the instant lawsuit specifically or mention any class action. The June 2000 letter states only that the subject of the letter is lawsuits by medical providers against PIP insurers. The July 13, 2001, letter addresses lawsuits against PIP insurers who are payors in CCN's network. (DE 150, Exhibit 1).

The Court finds that since CCN is not a defendant in the class action, the two letters which do not identify any particular lawsuit are not sufficiently coercive to the prospective plaintiffs in the instant litigation as to warrant a ban on communications with the providers. To the extent that the letters may be misleading regarding the law related to claims by providers against PIP insurers, once the Court certifies a class, the class notice can cure any such confusion. With the Court being fully advised it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion to Limit Communications between Defendant Community Care Network and Potential Class Members (Docket Entry 150) is DENIED.

2. The plaintiff's Motion for Expedited Consideration (Docket Entry 151) is DENIED AS MOOT.

3. CCN's Request for Oral Argument (Docket Entry 159) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 15th day of March, 2002.

                                          LURANA S. SNOW
                                          UNITED STATES MAGISTRATE JUDGE

Copies to:    Attached Service List

### SERVICE LIST

### CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Paul Zidel, et al. v. Allstate Insurance Company v. Community Care**

Eric Lee, Esq. (P)                                                    00-6061
Douglas Blankman, Esq. (P and Local Cnsl for Phillips, Gold,
                                                    Lawson & Bokor)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
Richard Bokor, Esq. (P)
David Shelton, Esq. (D and Third-Party Plaintiff Allstate)
William Deem, Esq. (Third-Party Defendant Comunity Care)
Peter Valeta, Esq. (D and Third-Party Plaintiff Allstate)
Scott Sarason, Esq. (Local Counsel for Valeta)