IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly situated,
    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
    Defendant / Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC., d/b/a CCN,
    Third-Party Defendant.

REPLY IN SUPPORT OF
ALLSTATE INSURANCE COMPANY'S MOTION TO STRIKE
PLAINTIFF'S RESPONSE TO ALLSTATE'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A REPLY BRIEF

It is almost incomprehensible why Plaintiff would style his responsive brief "Plaintiff's Memorandum of Law In Opposition To Allstate's Motion To Strike." The Opposition Brief is completely devoid of legal authority of any kind and simply sidesteps the salient points raised in Allstate's Motion for striking Plaintiff's Response To Allstate's Objections To Magistrate Judge's Report And Recommendation Regarding CCN's Partially Unopposed Motion To Compel Arbitration (Joined by Allstate). Plaintiff's Response to the Objections was and still is premised on distortions of the factual record and misrepresentations concerning the legal basis for his arguments. There is still no bona fide legal or factual basis for Plaintiff's claim that Allstate waived its right to compel arbitration. Likewise, there is still no genuine basis for Plaintiff's assertion that Allstate is

barred from raising objections to the Magistrate Judge's Report and Recommendation. Plaintiff's Opposition Brief fails to refute any of Allstate's contentions and fails to offer any reason why this Court should not grant Allstate's Motion to Strike in its entirety.

Plaintiff's Opposition Brief fails to offer any authority upon which he could base his insupportable characterization of Allstate's participation in and defense of the claims asserted in Arcadia Chiropractic Clinic, Inc. v. Allstate Ins. Co., Case No. 00-0168 CC, Desoto County Court, or its appearance as an amicus curiae in Nationwide Mutual Ins. Co. v. Jewel, DC, PA, Case No. 2D01-5714, as a waiver of Allstate's rights to join in CCN's effort to require arbitration of the claims asserted by plaintiff in this litigation. Plaintiff does not point to even a single case for support of his preposterous conclusion that any conduct by a party in one piece of litigation can constitute the basis for a waiver of its rights in another case in another court, involving different parties, differing facts and differing legal theories and issues.

Furthermore, Plaintiff does attempt in any way to contradict the fact that he must, in order to establish a waiver, affirmatively prove that substantial use of judicial process in protracted litigation by Allstate caused him to suffer substantial detriment or prejudice. E.g., Morewitz v. West Of England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995); Freund-Alberti v. Merrill, Lynch, Pierce, Fenner & Smith, 135 F. Supp. 2d 1298, 1302-03 (S.D. Fla. 2001). Nor does he even attempt to establish, factually, any prejudice of the kind required to support a waiver claim. See Doctors Associates, 107 F.3d at 134 ("prejudice as defined in our cases refers to the inherent unfairness -- in terms of delay, expense, or damage to the party's legal position -- that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that

same issue [and] legal expenses inherent to litigation, 'without more,' do not constitute prejudice requiring a finding of waiver").

Try as he may, through his casting of baseless aspersions and name-calling, Plaintiff simply cannot transform the mere fact that Allstate is alleged to have litigated in another forum, at a different time, with different parties, in the absence of CCN, involving different facts and involving at most a single claim which might have some general similarity to one of many theories asserted in this case, into a waiver of Allstate's rights in connection with this litigation.

Finally, Plaintiff cannot, and does not even try to contest the fact that each the pertinent arguments were in fact presented by CCN to the Magistrate Judge. Nor can he contest that Allstate affirmatively joined in and adopted those arguments. It is now beyond contest, therefore, that Allstate's Objection to the Report and Recommendation, which asserted that arbitration is required under Dr. Zidel's contract with CCN, is not in any way affected by the fact that Allstate simply joined in CCN's Motion, rather than filing a duplicative pleading which restated the same arguments, and plaintiff's related waiver argument fails.

## Conclusion

As Allstate established in its Motion to Strike, Plaintiff has submitted to this Court a brief in opposition to Allstate's Objections to the Magistrate Judge's Report and Recommendation, which denied CCN's Partially Unopposed Motion to Compel Arbitration, that is insupportable in fact and law. The Rules do not provide an opportunity, absent further action by this Court, for Allstate to address the frivolous substance of Plaintiff's Response. It is wholly appropriate, therefore, for this Court to strike Plaintiff's Response, and thereafter to sustain Allstate's Objections as unrebutted. Nothing contained in plaintiff's latest offering -- his Memorandum of Law In Opposition To

Allstate's Motion To Strike -- is in any meaningful way to the contrary. In the alternative, Allstate should be permitted to submit a Reply in support of its Objections, in order to fully rebut the meritless assertions contained in Plaintiff's brief.[1]

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 22nd day of March, 2002.

|  |  |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate Insurance Company | Attorneys for Allstate Insurance Company |
| 6506373 | |

---

[1] At the very least, Allstate should be permitted to file a Reply brief. Allstate's motion was titled "partially unopposed" since Plaintiff's counsel advised that he did not oppose the filing of a reply, although he opposed the striking of his memorandum.

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esquire
Eric Lee, Esquire
Robin Corwin Campbell, Esquire
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
William E. Adams, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

5

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021