018365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

CASE NO. 00-6061-CIV-FERGUSON/SNOW

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.

    Defendants.

_____

MOTE WELLNESS & REHAB, INC. on behalf
of itself and all others similarly situated,

CASE NO. 01-8549-CIV-FERGUSON/SNOW

    Plaintiff,

v.

AMERICAN INTERNATIONAL INSURANCE
COMPANY and AMERICAN INTERNATIONAL
SOUTH INSURANCE COMPANY,

    Defendants.

_____/

### REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STRIKE "AMENDED CLASS ACTION COMPLAINT"

The Defendants, AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN

INTERNATIONAL SOUTH INSURANCE COMPANY (hereinafter AMERICAN INTERNATIONAL

and AMERICAN SOUTH, respectively), by and through undersigned counsel, hereby file their Reply to

Plaintiff's Response to Motion to Strike "Amended Class Action Complaint", and states:

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

The Plaintiff's argument in response to the Defendants' Motion to Strike is that the original named Plaintiff, MOTE WELLNESS & REHAB, INC. ("MOTE"), continues to maintain its claims against the Defendants, thereby making this case different than the case law cited in Defendants' memorandum. The Plaintiff claims that, unlike the plaintiffs in *Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278 (5th Cir. 1981), whose claims were moot at the time of the purported amendment which was disallowed, MOTE still has valid and pending claims against the Defendants. With all due respect to Plaintiff's attorneys, this argument is at best nonsensical.

The Plaintiff argues that MOTE had a valid claim from the onset of litigation. Despite the fact that MOTE had a valid claim, Plaintiff's counsel determined that ANDREW ELLOWITZ should now be the Plaintiff in the Amended Class Action Complaint rather than MOTE. What counsel is overlooking is that there is no certified class at this time. Accordingly, if the Amended Class Action Complaint is a valid "amendment" of the prior pleading, a point which the Defendants strongly deny, then MOTE can have no pending claim under the Amended Class Action Complaint since MOTE is no longer a named Plaintiff. It defies logic for Plaintiff's counsel to assert that MOTE "continues to maintain a personal stake in the outcome of this litigation," after having been removed from the pleadings.[1] *See* Plaintiff's Response, p. 5. If MOTE does indeed continue to maintain a claim then the Court should rule on the Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment which, in that case, clearly is not rendered moot as suggested by counsel.

---

[1]This argument is also completely at odds with the Plaintiff's Response to Defendant's Motion for Rule 11 Sanctions, wherein the Plaintiff asserts that the MOTE claims have been withdrawn.

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

Furthermore, the "claim" that MOTE purportedly "continues to maintain," albeit, in the absence of any pleading so stating, relates to an alleged issue not set forth either in the initial Complaint or in the Amended Complaint. The Plaintiff argues that MOTE has a cause of action because MOTE had an assignment of benefits from the insured, Howard Vaine, and that the insurer improperly applied a portion of the PIP benefits to Vaine's lost wages which ultimately exhausted the available benefits. *See* Plaintiff's Response, p. 8. Even if this was a valid claim, which is denied by the Defendants, it has absolutely nothing to do with the alleged "silent PPO" program that forms the entire basis of the Plaintiff's suit. It is unclear why the Plaintiff would even raise such an argument at this time other than to attempt to confuse the issues and avoid having its pleading stricken.

Moreover, the Amended Complaint is far from "identical" to the claims raised by MOTE. Although the legal theories are the same, the underlying facts are entirely different. ELLOWITZ alleges that he was part of the CCN PPO network, while MOTE was a member of the Chiro Alliance PPO network. Obviously, the contracts between these entities, which the Plaintiff has not yet produced, will be different with regard to the chiropractors' participation in a specific PPO program. In fact, if a class is ultimately certified, ELLOWITZ could not even be a representative for MOTE's purported claims since they are not part of the same programs.

Perhaps even a greater strain on logic and credibility is counsel's assertion that MOTE "also maintains a damages claim against American Home." *See* Plaintiff's Response, p. 7. American Home is

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

The bottom line is that Plaintiff's counsel is playing a game of musical chairs in the hopes that one of the named Plaintiff's ultimately sticks with a valid claim. Having lost and given up on MOTE's Complaint, counsel has now come up with another Plaintiff. This is in violation of Rule 11 which requires a good faith basis be had prior to filing suit. No doubt, counsel will simply try to switch Plaintiffs again when the Defendant's Motion to Dismiss the Amended Complaint is filed. In fact, Plaintiff's counsel is again attempting to force the Defendants to conduct their investigation for them in the Amended Complaint. The explanation of benefits letters attached to the Amended Complaint that allegedly support the claim that PPO reductions were taken do not reference ANDREW ELLOWITZ, the new named Plaintiff. Rather, the letters refer only to Park Place Therapeutic Center, an entirely different entity.

In accordance with the foregoing, the Plaintiff's Amended Class Action Complaint should be stricken as not being permitted by the Federal Rules of Civil Procedure.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this __15th__ day of __March__, 2002, to: Jan Douglas Atlas, Esq., Lead Counsel for Mote Wellness, Atlas Pearlman, P.A., 350 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida 33301, and to counsel on the

4

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

attached service list.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade

By: _____
    Dale L. Friedman, Esquire
    Florida Bar No.: 854646
    Brian P. Knight, Esquire
    Florida Bar No.: 993662

BPK
02.0314
711633.WPD

5

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 2/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile