IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly )
 Situated Plaintiffs, )
 )
v. )
 )
ALLSTATE INSURANCE COMPANY, )
Defendant / Third-Party Plaintiff, )
 )
v. )
 )
COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
Third-Party Defendant. )
_____)

ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY,
DEERBROOK INSURANCE COMPANY, FIDELITY AND CASUALTY COMPANY
OF NEW YORK, AND CONTINENTAL INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS'
RESPECTIVE RICO CLAIMS

In support of their Motion to Dismiss the Plaintiffs' respective RICO claims brought against them, Defendants, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON), Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON), Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON), Fidelity and Casualty Company of New York (Case No. 01-6779-CIV-FERGUSON) and Continental Insurance Company (Case No. 01-6779-CIV-FERGUSON) (collectively "Defendants"), by and through their undersigned counsel, respectfully state as follows:



**Background**

In each of their complaints against the aforementioned Defendants, the Plaintiff medical providers have asserted a RICO claim. Each of the respective RICO claims is based upon the respective Plaintiff medical provider's allegations that it has not received payments it was owed for medical services performed, pursuant to the provisions of Fla. Stat. §627.736. In particular, each of the RICO claims is based upon the allegation that, in violation of Fla. Stat. §627.736(10), the Defendant insurers' each formed an "association-in-fact," characterized by Plaintiffs as a "Silent PPO," designed to reduce payments made to medical providers, including Plaintiffs, on all Florida PIP medical expense claims submitted to the Defendant insurers. It was through these "Silent PPOs" that the Defendant insurers perpetrated the alleged insurance fraud which forms the basis for the Plaintiffs' RICO claims.

**Argument**

Pursuant to the Southern District of Florida's recent decision in In Re Managed Care Litigation, (Order Granting In Part and Denying In Part the Defendants' Motion to Dismiss the Amended Complaints)(slip op.)(MDL No. 1334; Master File No. 00-1334-MD-MORENO)(S.D. Fla., February 20, 2002), attached as Exhibit A to the underlying motion, as well as similar opinions from other jurisdictions, the aforementioned RICO claims must be dismissed with prejudice.

In Managed Care, the Southern District addressed the impact of the McCarran-Ferguson Act on RICO claims in a multi-district case brought by plaintiffs alleging insurance fraud. In particular, the plaintiffs claimed that the defendants did not properly notify subscribers about the defendant managed care organizations' ("MCOs") internal cost reduction practices that did or

2

could affect both professional medical judgment as to appropriate medical treatment and the granting or denial of policy claims. See Exhibit A to Motion to Dismiss, p. 4. They claimed that the defendant MCOs defined "medical necessity" by relying on guidelines created by third parties who made their decisions based upon "the minimum possible level of care that was adequate in a limited sample of 'best case' situations," instead of applying the term in a manner consistent with membership materials and common usage in the medical profession. Id. Plaintiffs further charged that they were not fully informed about monetary incentives used to influence their doctors and that their doctors were financially pressured to keep patients in the dark about the "medical necessity" review process and monetary incentives. Id. at p. 5.

The defendant MCOs sought to dismiss the action based upon the McCarran-Ferguson Act (the "Act") which seeks to alleviate the impact of federal statutes that impinge upon state power and discretion to regulate and tax insurance by mandating that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance." 15 U.S.C. §1012(b). The Southern District recounted that it had previously concluded, in this case, that "the Defendants have not shown that permitting the Plaintiffs to remedy alleged acts of fraud, extortion and conspiracy in federal court will significantly impair, rather than advance, the interests of state insurance laws or that this action will disrupt a state administrative system." Id. at p. 12. However, after verifying that California does not provide a relevant private cause of action under its insurance laws, the Southern District held that the RICO claim of a California resident should be dismissed. This dismissal led the defendant MCOs to present new information concerning relevant state laws. Id. at pp. 12-13.

3

Based on this new information, the Southern District held that, of the states involved in Managed Care, Florida, California, New Jersey, and Virginia do not expressly provide for private causes of action to victims of insurance fraud and, therefore, the plaintiffs' RICO claims were reverse preempted by the Act. Id. at pp. 13-14. Permitting private RICO claims addressing matters intended to be handled exclusively by government regulatory bodies "would convert a system of public redress into a system of private redress." Ambrose v. Blue Cross & Blue Shield of Va., 891 F. Supp. 1153, 1165 (E.D. Va. 1995). "Consequently, where state insurance laws closely regulate the very activity forming the basis of a plaintiff's claim, '[t]he absence of a state-level cause of action counsels in favor of barring the federal lawsuit' if the federal law does not specifically relate to the business of insurance.[1] See Exhibit A to Motion to Dismiss, p.15; LaBarre v. Credit Acceptance Corp., 175 F.3d 640, 643 (8th Cir. 1999)(holding that the McCarran Ferguson Act barred a RICO suit where no analogous private cause of action existed under Minnesota law). Accordingly, the RICO claims of the plaintiffs from those states without private rights of action were dismissed. The Southern District based its decision regarding Florida law, at least in part, on Greene v. Well Care HMO, Inc., 778 So. 2d 1037, 1040 (Fla. App. 4th DCA 2001) (holding that although Florida law specifically prohibits an HMO from engaging in any unfair or deceptive trade practice, no civil action to enforce these provisions is permissible). See Exhibit A to Motion to Dismiss, p. 14.

In so holding, the Southern District distinguished the United States Supreme Court's holding in Humana, Inc. v. Forsyth, 525 U.S. 299 (1999). In Humana, health insurance policyholders brought civil RICO claims alleging that Humana and a hospital engaged in a fraudulent scheme whereby the insurance company secretly obtained discounts from the hospital,

---

[1]  The United States Supreme Court has expressly held that RICO does not specifically relate to the business of insurance. See Humana, Inc. v. Forsyth, 525 U.S. 299, 307 (1999).

4

but concealed those discounts from the policyholders. The Court found that RICO did not invalidate, supercede or impair Nevada state law. In particular, the Court "found that while federal and state law both regulate the same fraudulent insurance activity, the Nevada Unfair Insurance Practices Act authorized private actions for victims of insurance fraud and provides remedies exceeding those available under RICO's civil provisions." Id. at 307, 310-14. Therefore, because RICO advanced the state's interest in prohibiting insurance fraud and did not frustrate any articulated state policy, the McCarran-Ferguson Act did not bar the plaintiffs' claims. Id. at 311. The Southern District distinguished Humana from Managed Care by pointing to one glaring difference -- while Nevada provides for a private right of action for insurance fraud, the states of Florida, California, New Jersey and Virginia do not. See Exhibit A to Motion to Dismiss, pp. 13-14.

Another recent post-Humana decision, American Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 151 F. Supp. 2d 723 (W.D. Va. 2001), supports dismissal of Plaintiffs' claims here. In Trigon, the chiropractic industry brought suit against the defendant insurer for its failure to provide coverage for chiropractic services due to an alleged anti-chiropractic bias. With regard to their RICO claims, plaintiffs alleged that the defendant violated state and federal extortion laws and committed mail and wire fraud in furtherance of its racketeering activities. The defendant insurer argued that the RICO claims were barred by the McCarran-Ferguson Act. Id. at 732. Specifically, the defendant insurer pointed to the lack of a private right of action in tort under Va. Code Ann. §38.2-200 (Michie 1999), which provides, in part, that the State Corporation Commission "is charged with the execution of all laws relating to insurance and insurers." Plaintiffs argued that the provision in question does not relate to the "business of

5

insurance" so that the McCarran-Ferguson Act does not apply. The court held that the statute in question clearly related to the "business of insurance."[2]

The remaining question was whether the application of the RICO statute would impair, supercede or invalidate section 38.2-200. The court answered this question in the affirmative, finding no private cause of action in the statute and holding that "[a]pplication of RICO would, in fact, convert 'a system of public redress into a system of private redress.'" Id. at 735 (internal citation omitted). In so holding, the court relied on the following standard:

> [F]ederal courts should be reluctant to read private rights of action into state laws where state courts and state legislatures have not done so. Without clear and specific evidence of legislative intent, the creation of a private right of action by a federal court abrogates both the prerogatives of the political branches and the obvious authority of states to sculpt the content of state laws.

A&E Supply Co. v. Nationwide Mutual Fire Ins. Co., 798 F.2d 669, 674 (4th Cir. 1986).

The same analysis applies in the present case and results in the reverse preemption of the Plaintiff providers' RICO claims. Plaintiffs' RICO claims are based on alleged violations of Fla. Stat. §627.736(10), which is a regulatory provision subject to enforcement by the Commissioner of Insurance. Section 627.736(10) does not expressly authorize any private right of action for violations of the statute. See Florida Stat. §624.155 (expressly providing that private civil actions may be brought against insurers for violations of several enumerated statutory sections,

---

[2] In siding with the defendant insurer, the Trigon court stated that "to place such a limited interpretation upon the meaning of ["business of insurance"] would run afoul of the 'broad' support sought to be afforded by Congress to state regulation of the insurance industry under the Act." Id. at 733. Moreover, "[a]gainst this backdrop, section 38.2-200, charging the State Corporation Commission ('SCC') with the execution of insurance laws in the Commonwealth, is clearly aimed at the enforceability of insurance policies and falls within the "business of insurance" as defined in [United States Dep't of Treasury v. Fabe, 508 U.S. 491, 500 (1993)]." Id.

6

not including §627.736(10)). Nor is there any basis upon which to conclude that the legislature intended otherwise to provide for an implied private cause of action. Consequently, no such cause of action exists. See, e.g., Murthy v. N. Sintha Corp., 644 So. 2d 983, 985-86 (Fla. 1994)(no private cause of action may be maintained where neither a statute on its face nor the legislative history reveal an intent by the legislature to provide for a private right of action).

Moreover, the Southern District has already held that the specific statute upon which the Plaintiff providers rely in bringing such claims does not provide a private right of action for these Plaintiffs. In May v. Allstate Insurance Company, Case No. 00-06269-Civ-Dimitrouleas (S.D. Fla. April 4, 2000), the Southern District dismissed claims alleged against Allstate under Fla. Stat. §627.736(10). In its Order, a copy of which is attached as Exhibit B to the underlying motion, the Southern District interpreted the statute and determined that it did not allow a private cause of action to be asserted against Allstate.

In fact, the decision in May is conclusively binding on Plaintiff Dr. Zidel, who was a party to that case. See Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990)(the doctrine of res judicata precludes a subsequent suit on claims which were raised, or which could have been raised, in a prior suit); Aquatherm Indus., Inc. v. Florida Power & Light Co., 84 F.3d 1388, 1394-95 (11th Cir. 1996)(Florida law requires plaintiffs to "raise all available claims involving the same circumstances in one action"); Tuma v. Dade County Public Schools, 989 F. Supp. 1471, 1473 n.2 (S.D. Fla. 1998)(res judicata means previous parties to an action, including those in privity with them, are barred from relitigating issues that were or could have been raised in the initial action). Dr. Zidel's attempt to reassert claims under Subsection 10,

7

albeit under the auspices of RICO, is thus barred by res judicata and Count IV of his Amended Class Action Complaint must be dismissed for that reason.[3]

Since the statutory section pursuant to which these Plaintiffs have brought their RICO claims has already been held by the Southern District of Florida not to afford a private cause of action to medical providers, and since the Southern District of Florida has already held that, pursuant to McCarran-Ferguson, if the statute upon which a plaintiff relies for an insurance-based RICO claim does not provide a private right of action such claim is reverse preempted, Plaintiffs' RICO claims cannot survive. Based on the combination of the McCarran-Ferguson Act and the Southern District's prior decisions in <u>Managed Care</u> and <u>May</u>, Plaintiffs' respective RICO claims must be dismissed with prejudice against the respective Defendant insurers.

---

[3] Dr. Zidel is one of several doctors who are engaged together in the practice of medicine as "Park Place Therapeutic Center" and "Park Place Orthopaedics & Rehabilitation" (collectively "Park Place Doctors"). The Park Place Doctors sued Allstate in the <u>May</u> case to recover PIP payments which they alleged were improperly discounted. The Park Place Doctors alleged that Allstate's payments were made in amounts "substantially less than [Allstate] is statutorily and contractually obligated to pay," and improperly based upon their agreement with CCN. As noted above, the district court granted Allstate's Motion to dismiss, concluding that Florida Statute §627.736(10) does not allow a private cause of action to be asserted against Allstate. Subsequently, the <u>May</u> case was voluntarily dismissed on the express condition that Dr. Zidel remain bound by the Order which dismissed his Section 627.736(10) claim. A copy of the dismissal Order is attached as Exhibit C to the underlying motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 2nd day of April, 2002.

*[signature: David Shelton]*

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate, Allstate Indemnity, Fidelity and Casualty, Continental, Deerbrook | Attorneys for Allstate, , Allstate Indemnity, Fidelity and Casualty, Continental, Deerbrook |

6506373

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Jan Douglas Atlas, Esquire
Eric Lee, Esquire
Robin Corwin Campbell, Esquire
ATLAS PEARLMAN, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
William E. Adams, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esquire
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Jeffrey M. Klein, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021