UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/



**CLASS PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY,
DEERBROOK INSURANCE COMPANY, FIDELITY AND CASUALTY COMPANY
OF NEW YORK, AND CONTINENTAL INSURANCE COMPANY'S
MOTION TO DISMISS PLAINTIFFS' RESPECTIVE RICO CLAIMS (D.E. #654)**

    Class Plaintiffs DR. PAUL ZIDEL and ULTRA OPEN MRI CORPORATION, on behalf of themselves and all others similarly situated ("Class Plaintiffs"), by their undersigned counsel, hereby submit their Memorandum of Law in Opposition to Defendants ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY (collectively, "ALLSTATE"), DEERBROOK INSURANCE COMPANY ("DEERBROOK"), FIDELITY AND CASUALTY COMPANY OF NEW YORK ("FIDELITY"), and CONTINENTAL INSURANCE COMPANY's ("CONTINENTAL") (collectively, "Allstate Defendants") Motion to Dismiss Plaintiffs' Respective RICO Claims. For all the reasons set forth herein, Class Plaintiffs respectively submit that the ALLSTATE Defendants' Motion to Dismiss should be denied in all respects.

7090-00100 354318.1



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## BACKGROUND

On January 11, 2001, ALLSTATE filed its Motion to Dismiss ZIDEL's Second Amended Complaint. On September 28, 2001, this Court entered its Omnibus Order which denied ALLSTATE's Motion to Dismiss. On October 23, 2001, ALLSTATE filed its Answer to ZIDEL's Second Amended Class Action Complaint (D.E. #216). On October 23, 2001, ALLSTATE INDEMNITY filed its Answer to Plaintiffs' Class Action Complaint (D.E. #218). On October 23, 2001, FIDELITY filed its Answer to UOMC's Class Action Complaint (D.E. #215). On October 23, 2001, DEERBROOK filed its Answer to UOMC's Class Action Complaint (D.E. #217). On October 23, 2001, CONTINENTAL filed its Answer to UOMC's Class Action Complaint (D.E. #215). On April 2, 2002, the ALLSTATE Defendants filed their Motion to Dismiss.

## ARGUMENT

**I.  THE ALLSTATE DEFENDANTS' MOTION TO DISMISS IS IMPROPER AND MUST BE TREATED AS A MOTION FOR JUDGMENT ON THE PLEADINGS.**

The ALLSTATE Defendants have all filed Answers to the respective Complaints brought against each of them. Having answered the respective Complaints, the ALLSTATE Defendants cannot now file a Motion to Dismiss. "Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed. . . . [T]he better-reasoned rule is that the proper vehicle for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings, as permitted by Rules 12(c) and 12(h)(2). Brisk v. City of Miami Beach, Florida, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989) (citations omitted). "[A] motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

district court as a motion for judgment on the pleadings under Rule 12(c)." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). Accordingly, the ALLSTATE Defendants' Motion to Dismiss must be treated as a Motion for Judgment on the Pleadings, and, as discussed below, issues not previously raised have been waived.

II. **THE ALLSTATE DEFENDANTS HAVE WAIVED THEIR RIGHT TO ASSERT THAT THE MCCARRAN-FERGUSON ACT APPLIES.**

The ALLSTATE Defendants submit that the recent decision from In re: Managed Care Litigation, Master File No. 00-1334-MD-MORENO (S.D. Fla. February 20, 2002) provides a basis for dismissal of the Class Plaintiffs' RICO claims through the utilization of the McCarran-Ferguson Act. The ALLSTATE Defendants did not raise or even mention the McCarran-Ferguson Act in their respective Motions to Dismiss and did not raise the McCarran-Ferguson Act as grounds for an affirmative defense.

Preemption is an affirmative defense that must be raised by a defendant and the failure to raise preemption results in a waiver of the defense. Jordan v. Clayton Brokerage Co. of St. Louis, Inc., 975 F.2d 539, 541 (8th Cir. 1992); Ventura v. Titan Sports, Inc., 65 F.3d 725, 730 n.6 (8th Cir. 1995). Further, failure to raise the reverse preemption provisions of the McCarran-Ferguson Act constitutes a waiver of the argument. Alabama v. Shalala, 124 F.Supp.2d 1250, 1272 (M.D. Ala. 2000). Nowhere in the ALLSTATE Defendants' Motions to Dismiss or in any of their affirmative defenses is the McCarran-Ferguson Act mentioned, nowhere is reverse preemption addressed, and the issue of whether there is a private cause of action under Section 627.736 was not asserted as a basis for reverse preemption. Having failed to raise this issue in their Motions to Dismiss or as



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

affirmative defenses, the ALLSTATE Defendants have waived this argument and cannot resurrect this argument by citing to the recent decision.

The ALLSTATE Defendants' assertion that they did not raise this issue in their prior Motions to Dismiss because those Motions were filed and decided before the decision is entirely irrelevant. The McCarran-Ferguson Act and the issue of reverse preemption was not created by the decision. The McCarran-Ferguson Act was in existence for many years before the Complaints were filed in these proceedings. Thus, the ALLSTATE Defendants' purported excuse for failing to raise the McCarran-Ferguson Act is entirely baseless. Having failed to raise the McCarran-Ferguson Act in their Motions to Dismiss or as affirmative defenses, the ALLSTATE Defendants have waived this defense.

### III.  THE MCCARRAN-FERGUSON ACT DOES NOT BAR CLASS PLAINTIFFS' RICO CLAIMS.

Even if the ALLSTATE Defendants did not waive the argument that the McCarran-Ferguson Act reverse preempts Class Plaintiffs' RICO claim, the Managed Care case provides no support for reverse preemption. In order for the McCarran-Ferguson Act to preclude application of the RICO statutes, a determination must be made that the application of the RICO statutes to Class Plaintiffs' "claims would invalidate, impair, or supersede [a state's] laws regulating insurance." Humana, Inc. v. Forsyth, 525 U.S. 299, 300 (1999). As the Court concluded: "When federal law does not directly conflict with state regulation, and when application of the federal law would not frustrate any declared state policy or interfere with the State's administrative regime, the McCarran-Ferguson Act does not preclude its application." Id. at 309. The claim in Humana was that a group health insurer



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

obtained discounts for hospital services that were not disclosed or passed on to beneficiaries resulting in the payment of less than 80 percent of actual hospital charges covered by the policy. Id.

This case presents an almost identical factual scenario as that which occurred in Humana. The claims alleged by the Class Plaintiffs is that the automobile insurance companies illegally utilized PPO discounts when paying personal injury benefits claims. This resulted in the insurance companies paying less than 80 percent of the amount they were required to pay under Florida law and their respective insurance policies. This Court already denied ALLSTATE's and others' Motions to Dismiss. In denying the Motions to Dismiss, this Court found that the medical providers had a private right to sue under Section 627.736, Florida Statutes and that the insurance companies' respective fraudulent conduct in violation of the Florida Statutes stated a cause of action for violations of RICO.

The ALLSTATE Defendants attempt to mislead this Court by improperly arguing that there is no private right of action for violations of Section 627.736, Florida Statutes. The Managed Care case provides no basis for the ALLSTATE Defendants' assertion that the McCarran-Ferguson Act applies or that there is no private right of action for violations of Section 627.736, Florida Statutes. In fact, the Managed Care case, on this issue, is entirely distinguishable because it relates to healthcare insurance as opposed to automobile insurance. In fact, in the case cited by ALLSTATE and the Managed Care case for the proposition that there is no private cause of action, Greene v. Well Care HMO, Inc., 778 So. 2d 1037 (Fla. 4th DCA 2001), the Court specifically found that there was no private cause of action against health maintenance organizations under Chapter 641, Florida Statutes. Whether there is a private cause of action against health maintenance organizations who are governed by Chapter 641, Florida Statutes is irrelevant in this case since this matter relates to



automobile insurance companies who are governed, with relation to personal injury protection benefits, by Chapter 627, Florida Statutes.

There are hundreds of cases in which claims were brought for violations of Section 627.736. See Allstate Ins. Co. v. Schall, 778 So. 2d 317 (Fla. 4th DCA 2000) (Insured brought claim against insurance company for violation of Section 627.736, Florida Statutes). In Colonial Penn Ins. Co. v. Magnetic Imaging Systems I, Ltd., 694 So.2d 852 (Fla. 3d DCA 1997), the Court certified a class of Colonial Penn insureds based on the systematic violation of Section 627.736, Florida Statutes. In its reasoning, the Colonial Penn Court held that "[t]he claims of class members present a common right of recovery under section 627.736(4)(c) based on Colonial Penn's conduct that raises common issues to all members; whether the statutory interest was paid when due." Id. at 854. In Allstate Indemn. Co. v. De La Rosa, 800 So. 2d 245 (Fla. 3d DCA 2001), the Court affirmed an order granting class certification in an action brought on behalf of healthcare providers due to an insurance company's violation of Section 627.736, Florida Statutes. Finally, there are at least 26 county court decisions in which claims were not only maintained by healthcare providers under Section 627.736(10), Florida Statutes, but the healthcare providers prevailed on summary judgment and the respective courts found that the utilization of PPO rates without complying with Section 627.736(10), Florida Statutes, is invalid and illegal.[1]

The ALLSTATE Defendants' citation of May v. Allstate Ins. Co., (Case no. 00-6269-CIV-DIMITROLEAS) (S.D. Fla. April 14, 2000) is entirely disingenuous. In May, the provider brought a direct claim against the insurance company without an assignment of benefits

---

[1] Attached hereto as Exhibit "1" is a schedule of the 26 county court decisions.

7090-00100 354318.1

6



from an insured. As addressed on numerous occasions in these proceedings, the Class Plaintiffs have asserted claims as the assignees of rights from their insureds. "Courts have recognized that medical service providers can assert claims for a PIP benefit against insurers when an insured has assigned them the right to the benefits." Hartford Ins. Co. of the Southeast v. St. Mary's Hosp., Inc., 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations omitted). The right to pursue a claim for PIP benefits belongs to the insured unless the insured assigns the right to a healthcare provider. As recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury protection (PIP) benefits to a healthcare provider, the insured may not file a lawsuit to collect the assigned benefits. The insured would only have a claim to pursue against the insurance company if the healthcare provider were permitted to rescind the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any event, only the insured or the medical provider 'owns' the cause of action against the insurer at any one time. And the one that owns the claim must bring the action if an action is to be brought." Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

Accordingly, the ALLSTATE Defendants' continued assertion that the Class Plaintiffs are pursuing these claims as anything other than as assignees of rights from insureds is baseless. Since insureds clearly have a private cause of action for violations of Section 627.736, Florida Statues, May has no application herein. The Class Plaintiffs and the class of providers who received assignments of benefits from their insureds have the ability to assert those claims against the insurance companies. Since the application of Section 627.736 is not impaired or superseded by the application of RICO, there is no reverse preemption.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CONCLUSION

For all the reasons set forth herein, Class Plaintiff DR. PAUL ZIDEL and ULTRA OPEN MRI CORPORATION, on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order denying Defendants ALLSTATE INSURANCE COMPANY's, ALLSTATE INDEMNITY COMPANY's, DEERBROOK INSURANCE COMPANY's, FIDELITY AND CASUALTY COMPANY OF NEW YORK's and CONTINENTAL INSURANCE COMPANY's Motion to Dismiss Plaintiffs' Respective RICO Claims, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
JAN DOUGLAS ATLAS
Florida Bar No. 226246

By: _____
ERIC LEE
Florida Bar No. 961299

By: _____
ROBIN CORWIN CAMPBELL
Florida Bar No. 327931



CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 10th day of April, 2002 upon: all individuals on the attached service list.

_____
ERIC LEE

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 1/22/02)

**Co-Lead Counsel for Plaintiffs**

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

7090-00100 345419.1



**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile


7090-00100 345419.1


ATLAS PEARLMAN
ATTORNEYS AT LAW

**Florida Summary Judgment Decisions Declaring Auto PPO
Discounts Illegal Under Section 627.736(10), Florida Statutes**

| | Date | Case Name and Number | Court |
|---|---|---|---|
| 1. | 6/28/01 | Arcadia Chiropractic v. Allstate Insurance 00-0165CC | Desoto County, Florida |
| 2. | 6/27/01 | Arcadia Chiropractic v. Allstate Insurance 00-0168CC | Desoto County, Florida |
| 3. | 2/16/01 | Arcadia Chiropractic v. Progressive Express Insurance 00-0166CC | Desoto County, Florida |
| 4. | 10/17/01 | Arcadia Chiropractic v. Allstate Insurance 00-0169CC | Desoto County, Florida |
| 5. | 2/16/01 | Arcadia Chiropractic v. Progressive Express 00-0167CC | Desoto County, Florida |
| 6. | 12/20/00 | Dr. Jeffrey Shebovsky v. Peachtree Casualty Insurance CCO 99-9723 | Orange County, Florida |
| 7. | 10/22/01 | S.D. LaRusso, D.C., and Salvatore LaRusso, D.C. v. Nationwide Property and Casualty Insurance MS-01-9820 | Palm Beach County, Florida |
| 8. | 10/22/01 | S.D. LaRusso, et al. v Nationwide Property and Casualty Co. MS 01 9821 | Palm Beach County, Florida |
| 9. | 10/31/01 | Dennis Jewell et al v. Nationwide Mutual Insurance 2001 SC 9351 2001 SC 2957 2001 SC 3763 2001 SC 2950 2001 SC 4310 | Sarasota County, Florida |

**Exhibit "1"**

| Date | | Case Name and Number | Court |
|---|---|---|---|
| 10. | 12/28/01 | Dr. William Waters v. Nationwide Mutual Insurance<br>01 CC 1087 | Bay County, Florida |
| 11. | 10/16/01 | Ortho Associates et al. v. Nationwide Property & Casualty Insurance<br>01-008686 | Broward County, Florida |
| 12. | 10/16/01 | Ortho Associates, et al. v Nationwide Property & Casualty Insurance<br>01 8903 | Broward County, Florida |
| 13. | 10/16/01 | Ortho Associates, et al. v. Nationwide Property & Casualty Insurance<br>01 8682 | Broward County, Florida |
| 14. | 10/16/01 | Ortho Associates, et al. v. Nationwide Property & Casualty Insurance<br>01 8679 | Broward County, Florida |
| 15. | 10/16/01 | Ortho Associates et al. v. Nationwide Property & Casualty Insurance<br>01 10592 | Broward County, Florida |
| 16. | 10/24/01 | Fishman and Stashak, et al. v. Progressive Bayside Insurance<br>01 11729 | Broward County, Florida |
| 17. | 11/26/01 | Fishman & Stashak, et al. v. Progressive Bayside Insurance<br>01 11646 | Broward County, Florida |
| 18. | 12/17/01 | Fishman & Stashak, et al. v. Progressive Bayside Insurance<br>01 11048 | Broward County, Florida |
| 19. | 12/17/01 | Fishman & Stashak, et al. v. Progressive Bayside Insurance<br>01 12275 | Broward County, Florida |
| 20. | 10/23/01 | Fishman & Stashak, et al. v. Progressive Bayside Insurance Company<br>01 11619 | Broward County, Florida |

**Exhibit "1"**

| Date | | Case Name and Number | Court |
|---|---|---|---|
| 21. | 12/20/01 | Fishman & Stashak, et al. v. Progressive Bayside Insurance Company<br>01 12268 | Broward County, Florida |
| 22. | 2/9/02 | Clifford D. Janssen v. Progressive Consumers Insurance Company<br>016665 | Broward County, Florida |
| 23. | 3/22/02 | Barnes Family Chiropractic v. Metropolitan Property and Casualty Insurance<br>2001 11775 | Volusia County, Florida |
| 24. | 10/12/01 | Frank Lanzisera, et al. v. Progressive Express Insurance<br>2001 SC 1636 | Manatee County, Florida |
| 25. | 10/12/01 | Frank Lanzisera, er al. v. Progressive Express Insurance<br>2001 SC 1594 | Manatee County, Florida |
| 26. | 10/12/01 | Frank Lanzisera et al. v. Progressive Express Insurance<br>2001 SC 1605 | Manatee County, Florida |

**Exhibit "1"**