UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.
_____/

DR. ANDREW ELLOWITZ, on behalf     01-8549
of himself and others similarly situated,

    Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY,

    Defendant.
_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the defendants' Motion to Strike "Amended Class Action Complaint" (Docket Entry 616), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

Mote Wellness & Rehab, Inc., ("Mote") filed a class action complaint on June 14, 2001, alleging that the defendants



improperly reduced payment of the plaintiff's bills to the rates charged by the plaintiff's preferred provider organization ("PPO") even though the defendants did not belong to the PPO. The case was consolidated with 14 similar cases for discovery purposes. The Court granted the defendants' motion to stay a response to the complaint.

On January 28, 2002, the defendants filed a motion to dismiss the complaint, or alternatively for summary judgment, asserting (1) that the plaintiff never submitted any bills related to any policy issued by American International South Insurance Company ("American South") and (2) that payments made by American International Insurance Company ("American International") were not reduced to the PPO rates.[1]

In response, Dr. Andrew Ellowitz, as plaintiff, filed an amended class action complaint against American International alone, then argued that the motion to dismiss or for summary judgment was moot in light of the amended complaint.

The defendants to the original complaint filed the instant motion to strike the amended complaint as an improper attempt at amendment, and a motion to impose sanctions on Mote for

---

[1] The defendant's affidavit in support of its motion for summary judgment suggests that another American International insurance company, American Home Assurance Company, may have discounted payments to Mote based on PPO rates. Mote argues that the benefits forms used by American International and American Home do not identify the insurer, so Mote was unable to determine which bills were reimbursed improperly at PPO rates.

2

failing to investigate the facts before filing the class action complaint.

The motion to strike the amended complaint is fully briefed and are ripe for consideration.

## II. RECOMMENDATIONS OF LAW

The complaint and the amended complaint allege that the plaintiff submitted bills for medical care directly to the defendants, based on medical coverage offered in the defendants' automobile insurance policies. The defendants allegedly benefitted by processing and paying the bills to reflect PPO reduced rates even though the defendants were not part of the PPO network.

The original complaint was filed by Mote, based on its membership in the Chiro Alliance, an independent physician association which entered into a contract with Focus Healthcare Management, Inc., a PPO. The amended complaint is filed by Dr. Ellowitz, a different plaintiff, based on his contract with CCN Managed Care, Inc., a different PPO. Although both complaints are based on a PPO contract, neither Chiro/Focus nor CCN is named as a party.

The defendants assert that the amended complaint should be stricken because there is no provision in Fed.R.Civ.P. 15(a) to amend a complaint by substituting a new plaintiff for one whose claim has been dismissed or is moot. <u>Summit Office Park, Inc. v. United States Steel Corp.</u>, 639 F.2d 1287 (5th Cir. Unit A 1981)(when a recent Supreme Court decision mandates summary

judgment for the defendant, the complaint cannot be amended by changing the named plaintiffs, the class composition and the cause of action). The defendants note that the instant case is not one involving a new lead plaintiff for an already-certified class. Umar v. Johnson, 173 F.R.D. 494, 504 (N.D.Ill. 1997).

The plaintiff's response argues that Summit is a rare case where the original plaintiff was left with no claim against the defendant, thus there was no viable complaint to amend; the new Summit plaintiffs did not have any identity of interest with the original plaintiffs and the amended complaint alleged a different cause of action. Mote argues that at the time the instant complaint was amended, Mote still had valid causes of action against the defendants, since the Court had not ruled on the motion to dismiss or for summary judgment. Moreover, the amended complaint does not change the class composition; it still encompasses medical providers whose bills were reduced improperly by American International. Mote maintains it has claims against American International as a member of the proposed class.

The defendants argue that since no class has been certified, Mote has no claim against the defendants at present. Nor can Mote continue to pursue its claims under the Chiro/Focus PPO contract; the amended complaint is based on the CCN PPO

---

 The defendants assert that a ruling on the pending motion for summary judgment would settle the issue of whether Mote has any claims against the defendants.

contract. Thus there is no continuity between Mote Wellness and Dr. Ellowitz.[3]

Clearly, amendment is not proper when the amendment changes (1) the named plaintiff, (2) the class composition and (3) the legal basis for the complaint. Summit, supra. However, when a court finds that a plaintiff has no standing to raise the claims in the complaint, it may permit amendment to substitute plaintiffs who have the same cause of action alleged against the defendant. Delta Coal Program v. Libman, 743 F.2d 852, 856 n. 6 (11th Cir. 1984)(rejecting Summit when the operative facts of the claims do not change).

Courts also consider whether the original plaintiff could have amended the complaint himself. The Summit court noted that the original plaintiff, whose entire claim was eliminated by the Supreme Court decisison, could not amend the complaint to state a cause of action. Summit, 639 F.2d at 1282. See, Jaffree v. Wallace, 837 F.2d 1461 (11th Cir. 1988); Aetna Casualty & Surety Co. v. Hillman, 796 F.2d 770, 774 (5th Cir. 1986).

In the lead consolidated case, Zeidel v. Allstate Insurance Co., this Court permitted amendment of the complaint to change the named plaintiff and a co-defendant, when the class

---

[3] The defendants also point out that Mote's response to the motion for sanctions states, "the claims asserted by MOTE are no longer asserted. . . . "MOTE has not asserted any claims in the Amended Complaint." (DE 631, pp. 3, 5). However, Mote's response to the motion for sanctions also argues that its claims remain viable as a class member.

composition and the legal bases for the complaint remained the same. (DE 79) In <u>Zeidel</u>, the proposed co-defendant PPO in the amended complaint was the successor in interest to the co-defendant PPO named in the original complaint; the Court permitted the amendment even though the amended complaint was based a different version of the PPO contract than the contract which formed the basis for the original complaint.

In the instant case, the amendment is not based on a PPO contract which is a successor to the PPO contract identified in the complaint. Instead, the original allegations relate to the PPO network and contract which have no relationship to the PPO network and contract alleged in the original complaint. However, the defendants' claims processing procedures are at issue, and the underlying PPO contract does not affect the general procedure.

The plaintiff urges the Court to permit the amendment in the name of judicial economy, rather than forcing Dr. Ellowitz to file an entirely new complaint. Since discovery on the consolidated class actions has just begun and there is little prejudice to the defendants to permit the amendment. <u>Sogevalor v. Penn Central Corp.</u>, 137 F.R.D. 12 (S.D.Ohio 1991).

The undersigned recommends that the Court deny the motion to strike the amended complaint. The class of those who received improper payments from American International, based on the CCN PPO contract is sufficiently similar to the original class of those who

received improper payments from American International based on a Chiro/Focus PPO contract. Class discovery has just started in the consolidated case, and merits discovery has been stayed. Mote may remain as a plaintiff in the new proposed class. Accordingly, the defendant suffers little prejudice if amendment is permitted.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to strike the amended complaint be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 17th day of May, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:    Attached 01-8549 Service List

## SERVICE LIST

## CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Dr. Andrew Ellowitz, et al. v. American Int'l Ins., et al.**   01-8549

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold
                                                Lawson & Bokor)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
Richard Bokor, Esq. (P)
Dale Friedman, Esq. (D)