UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.
doing business as CCN,

    Third-Party Defendant.



---

ULTRA OPEN MRI CORPORATION, et al., on behalf
of itself and others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

01-6778

---

## EMERGENCY MOTION
## FOR STAY PENDING APPEAL
## OF DEFENDANT PRUDENTIAL PROPERTY
## AND CASUALTY INSURANCE COMPANY

Defendant Prudential Property and Casualty Insurance Company ("PruPAC") hereby respectfully moves for a stay of all proceedings relating to PruPAC pending the resolution of



- 2 -

PruPAC's appeal. Because of impending discovery deadlines, PruPAC requests expedited consideration of this emergency motion.

On May 24, 2002, PruPAC filed a notice of appeal of this Court's Order of May 13, 2002 entitled "Order Staying Causes Pending Ruling on Motions for Class Certification and to Compel Arbitration and Limiting Discovery to Class Certification" (the "May 13 Order") and Order of May 21, 2002 entitled "Order on Class Plaintiffs' Emergency Motion for Clarification" (the "May 21 Order"). These two orders require PruPAC to take part in class certification discovery and thereby deny PruPAC's motions to stay proceedings pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. PruPAC filed these notices of appeal pursuant to Section 16(a)(1)(A) of the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(A), which provides an immediate right of appeal of a district court's refusal to stay an action pursuant to Section 3 of the Act.

PruPAC's appeal "'divests the district court of its control over those aspects of the case involved in the appeal.'" *Baron v. Best Buy Co.*, 79 F. Supp. 2d 1350, 1353 (S.D. Fla. 1999) (citation omitted); *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n.*, 895 F.2d 711, 713 (11th Cir. 1990); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This Court "'retains only the authority to act in aid of the appeal.'" *Baron*, 79 F. Supp. 2d at 1353 (citation omitted); *Showtime/The Movie Channel*, 895 F.2d at 713.

As a result, PruPAC's appeal under 9 U.S.C. § 16(a)(1)(A) requires an immediate stay of proceedings in this Court involving PruPAC. *Baron*, 79 F. Supp. 2d at 1356; *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997). Accordingly, PruPAC respectfully requests that the Court issue that stay.

In support of this motion, PruPAC relies on the following memorandum of law.

- 3 -

# MEMORANDUM

**Procedural Statement.**

1. On August 6, 2001, prior to answering or otherwise responding to the Complaint in this case, PruPAC filed a motion to compel arbitration (D.E. 10 in No. 01-6778) (the "First Arbitration Motion"). On November 13, 2001, United States Magistrate Judge Snow issued a Report and Recommendation (D.E. 318 in No. 00-6061) (the "R&R") that "all of the plaintiff's claims are subject to arbitration" and that the First Arbitration Motion accordingly be granted and the case dismissed. R&R at 10. Judge Snow's Report and Recommendation is currently before the Court for consideration.

2. On October 12, 2001, PruPAC filed a Motion for a Stay and for Expedited Consideration of Defendant's Motion to Compel Arbitration (D.E. 17 in No. 01-6778) (the "First Stay Motion"). The First Stay Motion expressly requested a stay of all proceedings pursuant to 9 U.S.C. § 3.

3. On November 2, 2001, PruPAC filed an Emergency Motion for Protective Order (D.E. 334 in No. 00-6061) (the "Emergency Protective Order Motion"), which requested a protective order that PruPAC did not have to respond to any discovery while the First Arbitration Motion remained pending.

4. On January 23, 2002, the complaint was amended to add a new plaintiff (D.E. 561 in No. 00-6061). On February 22, 2002, PruPAC filed another motion to compel arbitration (D.E. 610 in No. 00-6061) with respect to the new plaintiff. The motion asked that the amended complaint be dismissed outright or, in the alternative, expressly asked that all proceedings be stayed pursuant to 9 U.S.C. § 3 (the "Second Arbitration and Stay Motion").

- 4 -

5. The May 13 and May 21 Orders deny in part the First Stay Motion, the Second Arbitration and Stay Motion, and the Emergency Protective Order Motion, each of which requested that the Court stay all proceedings or stay discovery. The May 13 and May 21 Orders instead require PruPAC to "take part [in] class certification discovery." May 21 Order at 5.[1/]

6. PruPAC expects class certification discovery to be burdensome. Class Plaintiffs have thus far served class certification discovery requests a half-inch thick, consisting of numerous interrogatories, discovery requests, and requests for admission, and PruPAC will have to take, defend, or attend a number of depositions.

7. On May 24, 2002, pursuant to 9 U.S.C. § 16(a)(1)(A), PruPAC filed its Notice of Appeal of the Court's May 13 and May 21 Orders. Section 16(a)(1)(A) provides PruPAC with an immediate appeal as of right of any order "refusing a stay of any action under" 9 U.S.C. § 3, as the Court has done here. 9 U.S.C. § 16(a)(1)(A).

8. To date, PruPAC has not answered or otherwise responded to the original or amended complaint, except for filing the First Arbitration Motion and the Second Arbitration and Stay Motion and filing papers requesting stays of all proceedings and of all discovery.

## ARGUMENT

The May 13 and May 21 Orders deny PruPAC's motions to stay proceedings pursuant to 9 U.S.C. § 3 and instead require PruPAC to "take part [in] class certification discovery." May 21 Order at 5. PruPAC has appealed those orders pursuant to 9 U.S.C. § 16(a)(1)(A), which divests this Court of "'its control over those aspects of the case involved in the appeal.'" *Baron v. Best*

---

[1/] In orders dated May 23 and May 24, 2002, U.S. Magistrate Judge Snow accordingly denied the First Stay Motion and the Emergency Protective Order Motion as "moot in light of the May 13, 2002, Order."

- 5 -

*Buy Co.*, 79 F. Supp. 2d 1350, 1353 (S.D. Fla. 1999) (citation omitted); *Showtime/The Movie Channel, Inc.*, v. *Covered Bridge Condo. Ass'n*, 895 F.2d 711, 713 (11th Cir. 1990); *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This Court "'retains only the authority to act in aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superseded.'" *Baron*, 79 F. Supp. 2d at 1353 (citation omitted); *Showtime/The Movie Channel*, 895 F.2d at 713.

Because PruPAC has brought this appeal pursuant to 9 U.S.C. § 16(a)(1)(A), an immediate stay of all proceedings involving PruPAC is required. *Baron*, 79 F. Supp. 2d 1350; *Bradford-Scott Data Corp.* v. *Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997); *SATCOM Int'l Group PLC* v. *ORBCOMM Int'l Partners, L.P.*, 55 F. Supp. 2d 231 (S.D.N.Y. 1999).[2] The Eleventh Circuit must decide the very question of whether this Court has jurisdiction to order PruPAC to participate in class certification discovery.

As another court in this District has recently explained under almost exactly these circumstances,[3] PruPAC's "claim on appeal in this case is simply 'inconsistent with continuation

---

[2] The Ninth Circuit's decision in *Britton* v. *Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990), does not dictate a different result. Most importantly, since the Seventh Circuit issued its decision in *Bradford-Scott*, virtually all courts, including Judge Jordan in this District, have expressly declined to follow the Ninth Circuit's reasoning in *Britton*, and have instead followed the Seventh Circuit's reasoning in *Bradford-Scott*. See, *e.g.*, *Baron*, 79 F. Supp. 2d at 1353-54; *SATCOM*, 55 F. Supp. 2d at 234-37. But even ignoring that, a stay would be appropriate even under *Britton*. First, *Britton* applies only if the district court concludes that arbitration should *not* be compelled. Here, Judge Snow reached the opposite conclusion – that arbitration *should* be compelled – and the Court has not yet ruled on the objections to Judge Snow's recommendation. Second, under *Britton*, a stay is still appropriate if the motion to compel arbitration "presents a substantial question" concerning the enforceability of the arbitration clause, 916 F.2d at 1412, as is the case here.

[3] In that case, the defendants, prior to answering the complaint, moved to compel arbitration. Judge King of this District denied that motion and then transferred the case to Judge

of proceedings in the district court.'" *Baron*, 79 F. Supp. 2d at 1354 (quoting *Bradford-Scott*, 128 F.3d at 506). Rather, PruPAC's "'appeal authorized by § 16(a)(1)(A) presents the question whether the district court must stay its own proceedings pending arbitration. Whether the litigation may go forward in the district court is precisely what the court of appeals must decide.'" *Baron*, 79 F. Supp. 2d at 1354 (quoting *Bradford-Scott*, 128 F.3d at 506); see also *SATCOM*, 55 F. Supp. 2d at 236 ("Additional proceedings before this Court during pendency of the appeal therefore raise precisely the issue that the Second Circuit will address.").

There is only one exception to this rule that an immediate stay is required if a party appeals pursuant to 9 U.S.C. § 16(a)(1)(A): if that appeal were frivolous. *Baron*, 79 F. Supp. 2d at 1354; *Bradford-Scott*, 128 F.3d at 506. As the Court explained in *Baron*, "a claim is not frivolous if it is 'colorable,' and a claim is 'colorable' if 'there is some *possible* validity' to it." 79 F. Supp. 2d at 1354 (citation omitted). That exception clearly cannot apply here for the following reasons:

*First*, if a valid arbitration provision applies and a party brings a motion to stay pursuant to 9 U.S.C. § 3, then the court *must* stay *all* proceedings in the action – it has no discretion in this regard. *Suarez-Valdez* v. *Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 & n.2 (11th Cir. 1988) ("district court erred in refusing to stay discovery" in the face of a valid arbitration provision because the "district court has no discretion" in this regard); *In re Complaint*

---

Jordan. *Baron*, 79 F. Supp. at 1351-52. The defendants appealed Judge King's decision to the Eleventh Circuit pursuant to 9 U.S.C. § 16(a)(1). Although he agreed with Judge King's decision denying the motion to compel arbitration, Judge Jordan determined that an immediate stay of all proceedings was required. In an unpublished decision two years later, the Eleventh Circuit left that stay intact but reversed the Judge King's denial of the motion to compel arbitration. *Baron v. Best Buy Co.*, 260 F.3d 625 (11th Cir. 2001) (table). A copy of that unpublished decision is attached.

- 7 -

*of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993) (9 U.S.C. § 3 "provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement" and "*is mandatory: . . ., the district court has no discretion under section 3 to deny the stay.*") (citation and internal punctuation omitted; emphasis added); *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (Federal Arbitration Act "leaves *no place for the exercise of discretion* by a district court but instead mandates that district courts *shall* direct the parties to proceed to arbitration.") (first emphasis added). Indeed, in *Suarez-Valdez*, which was decided before Congress enacted 9 U.S.C. § 16(a)(1)(A) to permit immediate appeals under these circumstances, the Eleventh Circuit issued a writ of mandamus to vacate a district court order permitting discovery to proceed in the face of a valid arbitration provision. 858 F.2d at 649.

*Second*, Judge Snow has concluded in the R&R that a valid arbitration provision applies here. Specifically Judge Snow held that the contract at issue "constitutes a written agreement which is binding on the plaintiff"; that "[t]he contract may be enforced under the" Federal Arbitration Act; and that "all of the plaintiff's claims are subject to arbitration." R&R at 10. Accordingly, Judge Snow recommended that the First Arbitration Motion be granted and the complaint dismissed. *Id.*

*Third*, the Court has not stayed proceedings against PruPAC, but has instead required PruPAC to participate in class certification discovery. May 13 Order at 5; May 21 Order at 5.

In sum, if a valid arbitration provision applies, the Court has no discretion but to stay the action (or dismiss it outright); Judge Snow has concluded that a valid arbitration provision applies here; and the Court has not granted a stay. Accordingly, there is validity to PruPAC's position, and PruPAC's appeal is not frivolous.

- 8 -

## CONCLUSION

For the foregoing reasons, PruPAC respectfully requests that the Court stay all proceedings in this action relating to PruPAC, including discovery, until PruPAC's appeal has been resolved.

Respectfully submitted,

John D. Aldock  
Michael K. Isenman  
Lisa M. Harrison  
SHEA & GARDNER  
1800 Massachusetts Avenue, N.W.  
Washington, D.C. 20036  
(202) 828-2000  
Fax (202) 828-2195

Kathy J. Maus (Bar No. 896330)  
Lauren D. Levy (Bar No. 0116490)  
BUTLER BURNETTE PAPPAS  
3520 Thomasville Road, Suite 102  
Tallahassee, Florida 32308  
(850) 894-4111  
Fax (850) 894-4999

Dated: May 29, 2002


- 9 -

## ATTACHMENT

*Baron* v. *Best Buy, Inc.*, No. 99-14028 (11th Cir. June 1, 2001) (unpublished)

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2001
THOMAS K. KAHN
CLERK

No. 99-14028

D.C. Docket No. 99-01297-CV-A

NATALIE BARON,

Plaintiff-Appellee,

versus

BEST BUY CO., INC.,
BENEFICIAL NATIONAL BANK USA,
UNION FIDELITY LIFE INSURANCE COMPANY,
VIRGINIA SURETY COMPANY, INC.,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Florida

(June 1, 2001)

Before TJOFLAT and WILSON, Circuit Judges, and RESTANI*, Judge.

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

PER CURIAM:

On May 6, 1999, Plaintiff-Appellee Natalie Baron ("Baron") filed a complaint under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. (1994), against Defendants-Appellants Best Buy Co., Inc., Beneficial National Bank, Union Fidelity Life Insurance Company and Virginia Surety Company, Inc. (collectively "Best Buy"). Baron also alleged violations of the Florida Insurance Code. Fla. Stat. §§ 624.605, 626.631, 627.679, 627.682. Best Buy timely notified Baron that it was electing to proceed under the arbitration provision of the Best Buy Credit Cardholder Agreement. Baron refused to consent to arbitration and Best Buy filed a motion to compel arbitration, which was denied by the district court. See Baron v. Best Buy, Inc., 75 F. Supp. 2d 1368 (S.D. Fla. 1999). Appeal was timely filed and we have jurisdiction pursuant to § 16(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. (1994).

Relying on then-effective 11th Circuit law, the district court found that Best Buy failed to demonstrate that National Arbitration Forum ("NAF"), which was the designated arbitral forum in the cardholder agreement, was an acceptable forum in which Baron could assert her statutory rights. See Baron, 75 F. Supp. 2d at 1370. Since that decision, however, key aspects of Randolph v. Green Tree Fin. Corp., 178 F.3d 1149 (11th Cir. 1999), aff'd in part, rev'd in part, 121 S.Ct. 513 (2000),

2

on which the court relied, have been reversed, and we have issued Randolph v. Green Tree Fin. Corp.-Ala., 244 F.3d 1149 (11th Cir. 2001), and Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331 (11th Cir. 2000). These cases hold that nothing in TILA makes an arbitration clause unenforceable, even if class actions are not maintainable under the clause. Randolph, 244 F.3d at 818-19; Bowen, 233 F.3d at 1338. The Supreme Court emphasized the "liberal federal policy favoring arbitration agreements" embodied in the FAA and found the Randolph arbitration clause enforceable where plaintiff could only speculate that costs would be prohibitive. Green Tree, 121 S.Ct. at 522-23 (citation omitted). This case is indistinguishable on these points.

The district court also relied on Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054 (11th Cir. 1998). Without deciding whether aspects of Paladino have been overruled by Green Tree, we find Paladino readily distinguishable. Paladino involved an arbitration clause that proscribed statutory remedies in an employment discrimination context. Id. at 1060-62. Here, statutory remedies are not proscribed and there is no evidence that the fees and costs of NAF will approach those of the American Arbitration Association, which was the designated arbitral forum in Paladino. Id. at 1056, 1062.

3

TOTAL P.05

Further, Baron has made no showing of arbitral bias, if such a claim is even reachable at this stage of the proceeding. None of Baron's remaining arguments have merit.

Accordingly, the district court's denial of Best Buy's motion to compel arbitration is REVERSED.

4

## CERTIFICATE OF SERVICE

I hereby certify that I caused copies of the foregoing Emergency Motion for Stay Pending Appeal of Defendant Prudential Property and Casualty Insurance Company to be served upon the counsel in the accompanying service list by U.S. Mail, postage prepaid, on May 29, 2002.

_____
Lauren D. Levy, Esq.

- 2 -

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

| Co-Lead Counsel for Plaintiffs | Co-Counsel for Plaintiffs | Counsel for Beech Street and ADP |
|---|---|---|
| LEE & AMTZIS, P.L.<br>Eric Lee, Esq.<br>elee@leeamlaw.com<br>Suite 150<br>350 N.W. 12th Ave.<br>Deerfield Beach, FL 33442<br>(561) 981-9988<br>(561) 981-9980 Facsimile<br><br>GOLD & COULSON<br>Arthur S. Gold, Esq.<br>asg@gcjustice.com<br>11 S. LaSalle Street, Suite 2500<br>Chicago, IL 60603<br>(312) 372-0777<br>(312) 372-0778 Facsimile<br><br>PHILLIPS & GARCIA<br>Andrew Garcia, Esq.<br>agarcia@phillipsgarcia.com<br>Carlin Phillips, Esq.<br>cphillips@phillipsgarcia.com<br>Attorneys at Law<br>13 Ventura Drive<br>North Darthmouth, MA 02747<br>(508) 998-0800<br>(508) 998-0919 Facsimile<br><br>KOPELMAN & BLANKMAN, P.A<br>Larry Kopelman, Esq.<br>Douglas Blankman, Esq.<br>dblan2155@aol.com<br>Bank of America Tower<br>One Financial Plaza<br>Suite 2510<br>Fort Lauderdale, FL 33394<br>(954) 462-6855<br>(954) 462-6899 Facsimile | Susan L. Lawson, Esq.<br>personalinjurylawyer@earthlink.net<br>230 East Davis Boulevard, Suite 200<br>Tampa, FL 33606<br>(813) 251-8879<br>(813) 251-5786  Facsimile<br><br>RICHARD BOKOR, P.A.<br>Richard Bokor, Esq.<br>rabokor1@tampabay.rr.com<br>230 East Davis Boulevard<br>Tampa, FL 33606<br>(813) 251-1000<br>(813) 254-6327 Facsimile<br><br>Casey Fundaro, Esq.<br>fundaro@aol.com<br>P.O. Box 7420<br>Fort Lauderdale, FL 33338-7420<br>(954) 462-2833<br>(954) 462-2835 Facsimile<br><br>**Counsel for:**<br>**Allstate, Fidelity and Casualty,**<br>**Continental, Deerbrook**<br><br>RUMBERGER, KIRK &<br>CALDWELL<br>David B. Shelton, Esq.<br>dshelton@rumberger.com<br>Signature Plaza, Suite 300<br>201 South Orange Avenue (32801)<br>Post Office Box 1873<br>Orlando, Florida 32802-1873<br>(407) 872-7300<br>(407) 841-2133 Facsimile<br><br>ROSS & HARDIES<br>Peter J. Valeta, Esq.<br>peter.valeta@rosshardies.com<br>150 N. Michigan Avenue, Suite 2500<br>Chicago, IL 60601<br>(312) 750-3619<br>(312) 920-7241 Facsimile | TEW, CARDENAS,et al.<br>John M. Quaranta, Esq.<br>(305)539-2495<br>jmq@tewlaw.com<br>Miami Center, 26th Floor<br>201 S. Biscayne Boulevard<br>Miami, Florida 33131-4336<br>(305) 536-1116 Facsimile<br><br>**Counsel for Progressive**<br><br>ANANIA, BANDKLAYDER, et al.<br>Francis Anania, Esq.<br>fanania@anania-law.com<br>Donald A. Blackwell, Esq.<br>dblackwell@Anania-law.com<br>NationsBank Tower, Suite 4300<br>100 Southeast Second Street<br>Miami, Florida 33131<br>(305) 373-4900<br>(305) 373-6914 Facsimile<br><br>**Counsel for CCN**<br><br>MCGUIRE WOODS, LLP<br>William W. Deem, Esq.<br>wdeem@mcguirewoods.com<br>3300 Bank of America Tower<br>50 North Laura Street<br>Jacksonville, FL  32202<br>(904) 798-3200<br>(904) 798-3207 Facsimile |

- 3 -

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL, DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile


**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:
Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile