IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,

    Third-Party Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,

    Plaintiff,                             CASE NO. 01-8111

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

**DEFENDANT HARTFORD INSURANCE COMPANY OF THE
MIDWEST'S EMERGENCY MOTION FOR RECONSIDERATION
OF THE COURT'S MAY 13 AND MAY 21, 2002 ORDERS
AND FOR STAY OF ALL PROCEEDINGS**

Defendant, Hartford Insurance Company of the Midwest ("Hartford") respectfully requests that the Court reconsider its Scheduling Orders of May 13, 2002 ("May 13 Order") and May 22, 2002 ("May 22 Order") to the extent that they require Hartford to participate in class discovery, and to issue an order staying all discovery pending

disposition of Hartford's Motion to Compel Arbitration. As grounds for its motion, Hartford states as follows:

1. On May 13, 2002, the Court issued an Order stating:

Ordered and Adjudged that the above referenced causes are STAYED in part until an order on the motions for class certification and to compel arbitration is entered. Further, discovery is limited to class certification and shall be completed by July 31, 2002.

2. On May 21, 2002, Class Plaintiffs filed an "Emergency Motion for Clarification of May 13, 2002 Order." Class Plaintiffs asked that the Court enter an order "clarifying that the May 13 Order requires all parties in all pending actions to take part in class certification discovery, cooperate in scheduling depositions, and requires such discovery to be completed by July 21, 2002."

3. Before Hartford was even provided with an opportunity to respond to Plaintiffs' emergency motion, the Court issued the May 21 Order, which states that "this Court's Order of May 13, 2002, requires that all parties in these consolidated proceedings take part and conclude class certification discovery by July 31, 2002." May 21 Order, p. 5.

4. Requiring Hartford to participate in class discovery is inconsistent with Hartford's pending Motion to Compel Arbitration, Dismiss the Amended Complaint and to Stay Discovery ("Motion to Compel Arbitration").

5. Hartford filed its Motion to Compel Arbitration on December 20, 2001. Hartford's Motion to Compel Arbitration remains pending.

6. This Court held a status conference on January 25, 2002. At the conference, the Court acknowledged that one of the issues that must be addressed before the case may proceed is whether the defendants are entitled to arbitration. January 25,

2002 Status Conference Transcript ("Tr.") at 46, attached as Exhibit A. The Court indicated that it would rule on the pending arbitration motions within 10-15 days of the conference. *Id.* at 45. To date, the Court has not issued any rulings with respect to arbitration.

7. Even though Hartford's Motion to Compel Arbitration remains pending, the Court issued the May 13 Order and the May 22 Order requiring Hartford to participate in class discovery. Requiring Hartford to participate in class discovery before resolving its arbitration motion would violate the Federal Arbitration Act and controlling precedent in this Circuit.

8. Under the Federal Arbitration Act, if a valid arbitration provision exists "the court ... *shall*, on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3 (emphasis added). As the United States Supreme Court has emphasized, this "leaves *no place for the exercise of discretion* by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis added). Moreover, the court must "move the parties to an arbitrable dispute out of court and into arbitration as *quickly* and *easily* as possible." *Moses E. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (emphasis added).

9. Indeed, it would be inappropriate for Hartford to participate in discovery in view of the pending arbitration demand since such participation might be viewed as a waiver of its arbitration rights. *See Morewitz v. West of England Ship Owners Mutual Protection & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a

{MI800388;1}                                    3

party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party."). Moreover, staying discovery pending resolution of Hartford's motion to compel arbitration serves judicial economy. If the Court were to grant Hartford's motion, all further proceedings would take place in the arbitral forum and not before the Court.

    10.    There is no reason that class discovery must proceed prior to a determination of Hartford's motion to arbitrate. Indeed, if the Court denies Hartford's motion to compel arbitration, Hartford would be entitled to an immediate interlocutory appeal of that denial pursuant to 9 U.S.C. §16(a)(1), and a stay of all proceedings in the case, including a stay of all discovery. *Baron v. Best Buy Co.*, 79 F. Supp. 2d 1350, 1353 (S.D. Fla. 1999); *Bradford-Scott Data Crop. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997). The Court appeared to recognize this possibility during the January 25 conference when it stated that "We'll move to the point at least where maybe someone will be appealing something interlocutory." Tr. at 47. An interlocutory appeal, to the extent one is taken on the issue of arbitration, cannot occur until the Court rules on Hartford's arbitration motion.

**WHEREFORE**, for the reasons set forth Hartford respectfully requests that the Court stay all discovery, including class certification discovery, pending disposition of Hartford's pending motion to compel arbitration.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
*Counsel for Defendant*
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
Marcy Levine Aldrich
   Fla. Bar No. 0968447
George Volsky
   Fla. Bar No. 203092
Eric A. Greenwald
   Fla. Bar No. 0543691

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 30th day of May, 2002.

_____
Attorney

# EXHIBIT "A"

CASE # 00-CV-6061-WDF



# "Do Not Scan or Copy This Transcript."

DE #

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON


DR. PAUL ZIDEL, on behalf of
himself and all others similarly
situated,
        Plaintiffs

        VS.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN
        Defendants


DR. ANDREW ELLOWITZ, on behalf of
himself and all others similarly
situated,
        Plaintiffs

        VS.

AMERICAN INTERNATIONAL
INSURANCE COMPANY,

        Defendants

- - -

STATUS CONFERENCE

HELD JANUARY 25, 2002

BEFORE THE HONORABLE WILKIE D. FERGUSON

UNITED STATES DISTRICT JUDGE

- - -


REPORTED BY:
PATRICIA SANDERS, RPR

Proceedings recorded by mechanical stenography, transcript produced by computer aided transcription.

PATRICIA W. SANDERS, OFFICIAL COURT REPORTER
(305) 523-5654

# TRANSCRIPT NOT SCANNED

PLEASE REFER TO COURT FILE

# MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

{MI791991;1}

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 5/6/02)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

{MI791991;1}