018365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.

    Defendants.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

_____

MOTE WELLNESS & REHAB, INC. on behalf
of itself and all others similarly situated,

    Plaintiff,

v.

AMERICAN INTERNATIONAL INSURANCE
COMPANY and AMERICAN INTERNATIONAL
SOUTH INSURANCE COMPANY,

    Defendants.

CASE NO. 01-8549-CIV-FERGUSON/SNOW

_____/

## DEFENDANTS' OBJECTIONS TO MAGISTRATE'S
## REPORT AND RECOMMENDATION

    The Defendants, AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN

INTERNATIONAL SOUTH INSURANCE COMPANY (hereinafter AMERICAN INTERNATIONAL

and AMERICAN SOUTH, respectively), by and through undersigned counsel, hereby file their objection

to the Magistrate's Report and Recommendation dated May 17, 2002, and state:

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

## Introduction

On May 17, 2002, the Magistrate issued her Report and Recommendation as to the Defendants'

Motion to Strike. The Report recommends that this Court deny the Defendants' Motion to Strike Amended

Class Action Complaint (DE 616) and permit the Plaintiff to substitute in an entirely new Plaintiff, while

dismissing the former Plaintiff without prejudice. The Defendants hereby object to the Report and

Recommendation because it ignores the Federal Rules of Civil Procedure and relevant precedent, as set

forth more fully below.

Furthermore, even if it were proper to permit the Plaintiff's attorneys to shop around for a name

Plaintiff in this manner, the Report specifies that the prior Plaintiff, MOTE WELLNESS & REHAB, INC.

(hereinafter MOTE) "may remain as a plaintiff in the new proposed class." *See* Report and

Recommendation, p. 7. As set forth in the Defendants' Motion to Dismiss and Alternative Motion for

Summary Judgment, it is absolutely undisputed that PPO reductions were **never** taken with respect to any

claim submitted by MOTE and, moreover, that MOTE never even submitted a claim to Defendant

AMERICAN SOUTH. For Plaintiff's counsel to continue to press a claim that it knows is unsupportable

is outrageous and for the Magistrate to condone such actions in her Report and Recommendation is obvious

error.

## Argument

The initial Plaintiff, MOTE, filed its initial Class Action Complaint, on June 14, 2001, Case No.: 01-

8549-CIV-Ryskamp. The basis for the initial Complaint is that MOTE submitted bills for payment of

medical services rendered to the Defendants' insureds or claimants on a policy pursuant to an assignment

2

of benefits, and that the Defendants allegedly improperly reduced such bills due to MOTE's participation in a preferred provider organization (PPO) network.

Despite having the information from both the Defendants' initial Rule 26 disclosures and their client's own financial records showing that MOTE had no valid cause of action, Plaintiff's counsel refused to dismiss the claim. Not only did MOTE not have a valid cause of action because deductions were never taken, but the Defendants named by MOTE's attorneys never even had a claim submitted for treatment of an insured by MOTE where such deductions were even recommended. The documents produced in Plaintiff's Rule 26 disclosures referenced individuals that were insured by an entirely different insurance company, not party to this litigation.

As a result, the Defendants were forced to spend a great deal of time and effort performing the investigation that Plaintiff's attorneys failed to perform on their own in order to sort out the incorrect parties and to show that deductions were never taken. The Defendants filed a Motion to Dismiss and Alternative Motion for Summary Judgment with extensive exhibits and an affidavit in support thereof. Rather than respond to the Defendants' motion, Plaintiff's counsel filed an "Amended Class Action Complaint" which no longer names MOTE as party plaintiff at all but, instead, now names a Dr. Andrew Ellowitz.

The "amended" complaint revises the allegations concerning the PPO network, since Dr. Ellowitz was allegedly part of the CCN program, whereas MOTE was allegedly a member of the Chiro Alliance PPO network. The "amended" complaint should be stricken because there is no provision in the Federal Rules of Civil Procedure for a plaintiff to substitute entirely for a former plaintiff, especially where there is no certified class.

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings and states in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served

See Fed.R.Civ.P. 15(a). The "party" purporting to amend its pleading in this instance is MOTE. However, MOTE is no longer a "party" in the amended pleading. Thus, the attempted amendment is a nullity.

The reasons for counsel's actions are obvious. Having been presented with undisputable evidence that PPO reductions were never taken on bills submitted by MOTE, and facing the Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment, as well as their Motion for Rule 11 Sanctions, the easier route was simply to shop for a new Plaintiff, i.e. Ellowitz. Under similar circumstances, courts have refused to permit such amendments where the initial plaintiff is dropped and no longer has a claim pending against the defendant, since the initial plaintiff is no longer a "party" as required under Rule 15 to permit amendment. See e.g. Fox v. Board of Trustees of State Univ. of New York, 148 F.R.D. 474, 487 (N.D.N.Y. 1993)(the attempted complete substitution of one plaintiff for another plaintiff under Rule 15 "is a procedural hurdle to allowing an amendment, which plaintiffs cannot surmount").

This case is very similar to Summit Office Park, Inc. v. United States Steel Corp., 639 F.2d 1278 (5th Cir., Unit A 1981), a former Fifth Circuit opinion that is binding on this Court. In Summit, the plaintiffs brought a class action suit against a number of steel and metal companies, alleging antitrust violations of the Sherman Act and the Clayton Act. Id. at 1280. An intervening Supreme Court decision mooted the plaintiffs' claims, resulting in the district court granting the defendants' motion for summary judgment on the merits. As in the present case, the plaintiffs in Summit filed an "amended" complaint which

4

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

named completely new party plaintiffs, and which did not include the plaintiffs from the initial complaint. The district court struck the amended complaint because Fed.R.Civ.P. 15 did not authorize substitution of parties in this manner.

The Fifth Circuit affirmed the district court's order striking the amended complaint and agreed with the district court's analysis of the plaintiffs' improper use of Rule 15. The court noted that an attempt to substitute parties in this manner constituted a "lawsuit in search of a sponsor." *Id.* at 1281. The court also reiterated the language of the district court judge who stated, "such a 'revolving door' theory of representation through the imaginative use of the amendment process . . . would vest in plaintiffs' counsel a power and control over litigation, particularly class action litigation, heretofore not recognized by the federal courts." *Id.* The court stated that "no one with a valid claim remained to urge the amendment and that any litigation on behalf of [the new plaintiffs] should be filed in a new lawsuit." *Id.*

The "lawsuit in search of a sponsor" language and "revolving door" analogy in the *Summit* case is an apt description to these proceedings. Plaintiff's counsel is proceeding as if a class has already been certified, despite the fact that their first attempt to find a "sponsor" representative Plaintiff failed. Plaintiff's counsel's zeal to keep this suit moving in lock step with the other consolidated matters has caused the Plaintiff to disregard the Federal Rules of Civil Procedure regarding amendment of pleadings and substitution of parties.

The Magistrate's Report states that the Defendants will not be prejudiced by allowing a new Plaintiff to replace MOTE. This is clearly not the case. All consolidated Defendants are required pursuant to this Court's Order to conduct and complete class discovery by July 31, 2002. AMERICAN INTERNATIONAL will be prejudiced since it will have little time to investigate this new claim to determine

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

whether it has any merit, much less relate the claim to issues of class certification. This is made all the more difficult by Plaintiff's counsel's stance that he need not supply "new" initial Rule 26 disclosures, despite the fact that this is an entirely new Plaintiff having nothing in common with MOTE, making MOTE's previous disclosures irrelevant. Even further complicating matters is the fact that the "amended" complaint attaches exhibits that relate to claims of yet another entity, Park Place, and not to Ellowitz. To permit this "amendment" will obviously result in prejudice to the Defendants.

Even if the Court accepts the portion of the Magistrate's Report and Recommendation permitting Plaintiff's attorneys to simply switch Plaintiffs, the portion of the Report and Recommendation permitting MOTE to remain as a Plaintiff must not be adopted. As noted, it is undisputed that MOTE does not have a cause of action because it never suffered any PPO reductions. *See* Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment. MOTE's response to the Defendants' motion does not even attempt to refute this argument. Therefore, the Defendants are still entitled to summary judgment against MOTE and MOTE cannot remain as a class plaintiff as recommended by the Magistrate. Furthermore, the Report and Recommendation does not moot the Defendants' previously filed Motion for Rule 11 Sanctions regarding the Plaintiff's attorney's failure to investigate MOTE's claim prior to filing suit.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 31st day of
_May_, 2002, to: Eric Lee, Esq., Lee & Amtzis, P.L. Suite 150, 350 N.W. 12th Ave., Deerfield Beach,

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

FL 33442, and to counsel on the attached service list.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade


By: _Brian P Knight_____
Dale L. Friedman, Esquire
Florida Bar No.: 854646
Brian P. Knight, Esquire
Florida Bar No.: 993662

BPK
02.0523
BM1069.WPD

7

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental,**
**Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile
**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile


**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile


**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Rebecca Sack, Esq.
inslit@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500

(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile


**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL,
P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile