UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6649-CIV-FERGUSON/SNOW
(Consolidated Class Action)

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
et al.,

        Defendants          /

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,

        Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE,
et al.,

        Defendants.          /

00-6061CV-WDFV

NIGHT BOX
FILED

JUN - ? 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## NOTICE OF FILING CONFIDENTIALITY ORDER

Pursuant to this Court's May 21, 2002 Order, Defendants Beech Street and ADP hereby notify the Court of their desire to enter into the attached two-tiered Confidentiality Order previously disclosed to the Court at the last status conference.

TEW CARDENAS REBAK KELLOGG LEHMAN DEMARIA TAGUE RAYMOND & LEVINE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

Respectfully submitted,

**TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA TAGUE RAYMOND & LEVINE, L.L.P.**
Attorneys for Beech Street & ADP
201 S. Biscayne Boulevard
2600 Miami Center
Miami, Florida 33131
Telephone: 305 / 536-1112
Telefax:   305 / 536-1116

By: _____
    Joseph A. DeMaria, Esquire
        Florida Bar No. 764711
    John M. Quaranta
        Florida Bar No. 764711

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via regular U.S. Mail on all counsel listed on the attached Master Service List this 5___ day of June, 2002.

_____
John M. Quaranta

@PFDesktop\::ODMA/MHODMA/Miami;336821;1

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

CONSOLIDATED CASE NO.: 00-6061-CIV-FERGUSON/SNOW

IN RE:

FLORIDA AUTOMOBILE
INSURANCE LITIGATION

_____/

## CONFIDENTIALITY ORDER

THIS MATTER came before the Court upon Plaintiffs' Motion for Entry of Confidentiality Order and Defendants' Responses to such Motion. The Court has ordered the consolidation for pre-trial purposes, including discovery, of fifteen related actions under Consolidated Case No. 00-6061-CIV-FERGUSON/SNOW (the "Actions"). The various named plaintiffs and putative class plaintiffs (collectively, "Plaintiffs") and defendants ("Defendants") in the Actions seek or may seek from any one or more of each other the production of certain information or documents that the producing party considers to be information or documents of a confidential or proprietary nature ("Confidential Information"). Some Defendants (and/or their affiliated entities) are business competitors with certain other Defendants (and/or their affiliated entities). Some Defendants maintain separate business relationships with more than one of the other Defendants, each of which business relationship is confidential from the other such relationships. Plaintiffs may additionally seek from Defendants the production of certain information and documents that constitute highly confidential information of a particularly sensitive nature, the disclosure of which could be either competitively

::ODMA\MHODMA\Miami;317035;1          Page 1 of 11

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

harmful to the producing party or could damage its business relationships, which information and documents include, without limitation, fee schedules, negotiated discounted rates, business strategies, marketing methodologies, operational and work flow processes, client information, and other such highly sensitive business information ("Highly Confidential Information").

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the Court, pursuant to its authority under Fed. R. Civ. P. 26(c), hereby ORDERS AND ADJUDGES as follows:

1.  <u>Designation of Confidential or Highly Confidential Information</u>. In connection with the discovery process in the Actions, a producing party shall have the right, prior to production or disclosure of any documents, to stamp or otherwise designate as "Confidential" or "Highly Confidential" any and all such documents that it deems in good faith to include or be derived from Confidential or Highly Confidential Information. The party receiving any documents so designated shall not use or disclose the information contained therein except in prosecution or defense of this action in accordance with this Order. The provisions of this Order extend to all information designated as Confidential or Highly Confidential, regardless of the manner in which disclosed, including, but not limited to, documents produced, responses to requests for production, responses to requests for admission, interrogatory answers, testimony through depositions, affidavits, and statements, exhibits to transcripts, or any other discovery materials, as well as to any copies, notes, abstracts or summaries of the foregoing materials. To the extent that matter stored or recorded in the form of electronic or magnetic media is produced by any Plaintiff or Defendant in any form, the

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

producing party may similarly designate such matter as Confidential or Highly Confidential to the party to whom the matter is produced.

Testimony given in the course of discovery may be designated as Confidential or Highly Confidential: (i) by an appropriate statement by counsel on the record at the time of the giving of such testimony or within a reasonable time thereafter that any testimony is Confidential or Highly Confidential, followed by written confirmation of such designation as described below; or (ii) within forty-five (45) days after receipt of the transcript of the deposition or hearing testimony, by providing written notice to all Plaintiffs and Defendants designating specific pages of such transcript as Confidential or Highly Confidential. Once a Plaintiff or Defendant has verbally designated on the record any deposition or hearing testimony as Confidential or Highly Confidential, that Plaintiff or Defendant shall provide written notice to all Plaintiffs and Defendants of such designation within forty-five (45) days after receipt of the transcript, which notice shall specify which pages of the transcript are Confidential or Highly Confidential. If such written designation is not timely made (and the designating party cannot show good cause as to why timely written notice was not provided), the designation shall expire forty-five (45) days after the designating party's receipt of the deposition or hearing transcript. If no designation is made during the deposition or hearing or thereafter in writing, none of the parties to this Stipulation are obligated to treat any testimony or any portion thereof as Confidential or Highly Confidential unless and until a Plaintiff or Defendant provides written notice as set forth in this paragraph. In the event of a designation on the record, the designating party shall make best efforts to require that the original transcript and all copies thereof be marked on their covers "Contains Confidential Information" or "Contains Highly Confidential

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Information."

Any of the Defendants or Plaintiffs may designate as Confidential or Highly Confidential testimony or documents in the possession of a third party if the documents or testimony include a Plaintiff or Defendant's Confidential or Highly Confidential Information. And, a Defendant which produces documents or testimony in an action in which it is not a party may, pursuant to this Order, designate as Confidential or Highly Confidential documents or testimony produced as a third party.

2. <u>Documents</u>. The term "document" as used herein means any document as defined by Rule 34(a) of the Federal Rules of Civil Procedure.

3. <u>Confidentiality of Previously Non-Designated Documents or Information</u>. A designation of confidentiality of a document or information pursuant to Paragraph 1 above that was inadvertently omitted at the time of production of such document or information or was produced prior to the entry of this Order, may be corrected thereafter by written notification to opposing counsel, provided that the party in receipt of the previously non-designated document shall not be held to account for any disclosure thereof prior to such written notice. Upon receipt of such notice, counsel for parties in possession of the previously non-designated document shall either mark all copies of such document as Confidential or Highly Confidential (according to the notice) or exchange all non-designated copies for copies of the document designated pursuant to the notice.

4. <u>Limitation on Use of Confidential Information and Highly Confidential Information</u>. Information and documents designated as Confidential or Highly Confidential and all information learned or derived therefrom shall not be used by the receiving party, nor by any party obtaining such

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

information from the receiving party, for any purpose other than in furtherance of the prosecution or defense of the Actions.

5. <u>Non-Disclosure of Confidential Information</u>. Subject to the other paragraphs of this Order, Confidential Information shall not be exhibited or disclosed to any person or entity except:

(a) Counsel of record for the Plaintiffs, counsel of record for Defendants, and any in-house counsel for the Defendants who is handling any of the Actions in their capacity as an attorney, as well as counsel's employees engaged in assisting any such counsel in the Actions;

(b) Outside experts, consultants, or investigators consulted by the attorneys of record in the prosecution or defense of the Actions, provided that Paragraph 7 below has been complied with;

(c) Court reporters and court personnel in performance of their duties in connection with the Actions.

(d) Officers, directors and employees of the Plaintiffs and Defendants charged with responsibility for the prosecution or defense of the Actions and/or any business decisions related thereto, provided that Paragraph 7 below has been complied with; and

(e) Any persons who authored or received documents containing the Confidential Information in question in the ordinary course of their employment by one of the Plaintiffs or Defendants or any of their respective affiliates.

6. <u>Non-Disclosure of Highly Confidential Information</u>. Subject to the other paragraphs of this Order, Highly Confidential Information shall not be exhibited or disclosed to any person except:

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(a) Counsel of record for the Plaintiffs, counsel of record for Defendants, and any in-house counsel for the Defendants who is handling any of the Actions in their capacity as an attorney, as well as counsel's employees engaged in assisting any such counsel in the Actions;

(b) Outside experts, consultants, or investigators consulted by the attorneys of record and in-house counsel in the prosecution or defense of the Actions, provided that Paragraph 7 below has been complied with; and

(c) Court reporters and court personnel in performance of their duties in connection with the Actions.

7. <u>Compliance with Requirements of Order before Disclosure</u>. Before exhibition or disclosure of any Confidential Information or Highly Confidential Information is made to any persons described in Paragraphs 5(b) & (d) and 6(b) above, each such person shall agree to comply with the requirements of this Order and be subject to the jurisdiction of the Court. An attorney of record for each Plaintiff and Defendant shall maintain a list of names of all persons to whom any Confidential or Highly Confidential Information has been disclosed and shall make such list available to an attorney of record representing another Plaintiff or Defendant, upon request. Upon the conclusion of the Actions, the identity of all non-testifying expert witnesses to whom Confidential Information or Highly Confidential Information has been exhibited shall be disclosed.

8. <u>Limitation on Discovery Among Parties to Actions</u>. The various Plaintiffs and Defendants in each of the Actions may not be parties to some of the other Actions, and some Defendants may be requested by Plaintiffs or other Defendants to produce documents and information in actions in which they are not named as Defendants. Only those persons described

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

above in paragraph 6(a) - (c) shall attend any deposition or review any information, testimony, or document produced or disclosed by any other Plaintiff or Defendant in any of the Actions in which they: (i) are not a party; or (ii) have not been requested to produce documents and/or information, unless (and subject to this Order) the disclosing party consents in writing to the disclosure of any certain information, testimony, and/or documents to any such Plaintiff or Defendant.

9. <u>Court Filings</u>. All filings with the Court that contain or disclose Confidential Information or Highly Confidential Information shall be filed in a sealed envelope marked "SEALED PURSUANT TO COURT ORDER" and kept under seal until further order of the Court. Where practicable, only those portions of the filings that contain or disclose Confidential or Highly Confidential documents or information shall be filed under seal.

10. <u>Return of Confidential and Highly Confidential Information Upon Conclusion of the Actions</u>. Within thirty (30) days after the Actions, including any appeals, are finally concluded, counsel in receipt of documents designated as Confidential or Highly Confidential shall: (a) return all such documents, including any copies, notes, abstracts and summaries thereof, to counsel for the producing party; or (b) if so instructed by the producing party, destroy all such documents.

11. <u>Disclosure of Confidential and Highly Confidential Information in Open Court</u>. Confidential Information or Highly Confidential Information shall not be disclosed in open court without first conferring with counsel for the producing party and the Court with respect to whether protective measures should be imposed before such disclosure.

12. <u>Notice of any Court Ordered Request for Disclosure of Confidential or Highly Confidential Information</u>. Any Plaintiff or Defendant or person in possession of another Plaintiff

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

or Defendant's Confidential Information or Highly Confidential Information who receives a subpoena or other legal process requiring production or other disclosure of such information, shall immediately give notice to the disclosing party of the terms of said subpoena or legal process. The Plaintiff or Defendant or person receiving the subpoena or other process shall inform the person or entity seeking such information of the existence of this Order and shall make good faith efforts to obtain no less than a ten-day period (from notice to the producing party) prior to production or disclosure of such information.

13. <u>No Admissions</u>. The entry of, adherence to, or implementation of this Order shall not be an admission by any Plaintiff or Defendant, nor shall it constitute a basis for claiming or arguing whether any particular document or information is, confidential, privileged, or admissible as evidence.

14. <u>Without Prejudice to Objections to Discovery</u>. This Order shall be without prejudice to the right of any party to oppose production of any document or information on any ground whether based on confidentiality or otherwise.

15. <u>Challenges to Designations</u>. Any Plaintiff or Defendant, upon timely notice, may bring before the Court the question of whether any particular document or testimony is properly designated as Confidential or Highly Confidential or should be subject to protective measures different than those provided by this Order. Subject to the applicable rules of the Court, the Plaintiffs and Defendants shall, within ten (10) business days of notice of any such designation (or provide good cause why timely action was not taken), seek to resolve such matters by agreement before they are presented to the Court. If no such resolution is reached, any such Plaintiff or

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Defendant shall bring such matter before the Court (by motion or otherwise) within thirty (30) days after notice of the challenged designation (unless good cause is not shown as to why such action was not timely made). No Plaintiff or Defendant shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not constitute a waiver of its right to challenge any such designation at a later date.

16. <u>Disclosure Outside of This Order</u>. Nothing herein shall prevent disclosure beyond the terms of this Order, if the party claiming confidentiality consents in writing to such disclosure or if the party seeking such disclosure: (a) upon timely notice to producing party, receives the approval of the Court; or (b) obtains the information designated as confidential by the producing party from a public source or person lawfully entitled to its possession and in a manner unrelated to the disclosure made by the producing party.

17. <u>No Waiver</u>. Nothing herein shall prevent or in any way restrict a Plaintiff or Defendant's rights with respect to its own documents or information and a Plaintiff or Defendant may exhibit or disclose such documents or information to any third person without waiver of any rights or protections hereunder.

18. <u>Application to Third Parties</u>. This Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, if said non-party requests the protection of this Order as to its own confidential information and complies with the provisions of this Order.

Dated: _____

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**HON. LURANA S. SNOW**
**United States Magistrate Judge**

Copies furnished to:

All Counsel of Record

### ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

_____states as follows:

1.  That s/he resides at _____
    in the city and county of _____
    and state of _____;

2.  That s/he has read and understands the protective order dated _____,
    entered in the <u>Zidel v. Allstate, et al. (Consolidated)</u> Case No. 00-6061-CIV-FERGUSON/SNOW litigation;

3.  That s/he
    (a) is engaged as a consultant or expert, or

    (b) has been interviewed by _____on behalf of

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

_____ in the preparation and conduct of one or more of the cases consolidated under the Order in Case No. 00-6061-CIV-FERGUSON.

4.  That s/he agrees to comply with and be bound by the provisions of the protective order;

5.  That counsel who has retained or consulted with her/him has explained the terms thereof;

6.  That s/he will not divulge to persons other than those specifically authorized by paragraph 2 of the protective order, and will not copy or use, except solely for pur-poses of this litigation, any confidential document or information as defined by the protective order, except as provided therein.

_____
(name of individual to whom disclosure will be made)

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)

**Co-Counsel for Plaintiffs**
ATLAS PEARLMAN, P.A.
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Eric Lee, Esq.
lee@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

**Co-Counsel for Plaintiffs**
GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

**Co-Counsel for Plaintiffs**
PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@gpandg.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

**Co-Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 1611
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**
Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Co-Counsel for Plaintiffs**
Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995
(941) 435-1269 Facsimile

**Counsel for Allstate**
RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**
TEW, CARDENAS REBAK KELLOGG
LEHMAN DEMARIA TAGUE
RAYMOND & LEVINE, L.L.P.
Thomas Tew, Esquire
(305) 539-2106
tt@tewlaw.com
Joseph A. DeMaria, Esquire
(305) 539-2440
jad@tewlaw.com
John M. Quaranta, Esquire
jmq@tewlac.com
(305)536-8432
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
Francis Anania, Esquire
fanania@anania-law.com
Donald A. Blackwell, Esquire
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**
MCQUIRE, WOODS, et al.
William W. Deem, Esquire
wdeem@mcguirewoods.com
William E. Adams, Esquire
badams@mcguirewoods.com
Curt Caywood, Esquire
ccaywood@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, Florida  32202
(904)798-3200
(904)798-3207 Facsimile

**Counsel for Nationwide**
FOWLER, WHITE
Katherine C. Lake, Esquire
klake@fowlerwhite.com
Bruce A. Aebel, Esquire
baebel@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813)228-7411
(813)229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esquire
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, Pennsylvania 19103-2316
(215)299-4314
(215)299-4301 Facsimile

**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
Gregory A. Baldwin, Esquire
gbaldwin@hklaw.com
Robert K. Levenson, Esquire
rlevenson@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305)374-8500
(305)789-7799 Facsimile

**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT et al.
Mark Shapiro, Esquire
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305)374-5600
(305)374-5095 Facsimile

**Counsel for Prudential**
SHEA & GARDNER
John D. Aldock, Esquire
jaldock@sheagardner.com
(202) 828-2140
Richard M. Wyner, Esquire
Rwyner@sheagardner.com
(202) 828-2188
Jeffrey M. Klein, Esquire
jklein@sheagardner.com
(202) 828-4301

M. David Dobbins, Esquire
ddobbins@sheagardner.com
(202) 828-2184
1800 Massachusetts Avenue, N.W.
Washington, District of Columbia 20036
202-828-2000
202-828-2195 (Facsimile)

BUTLER BURNETTE PAPPAS
Kathy Johnson Maus
Kmaus@bbplaw.com
Lauren D. Levy, Esq.
Llevy@bbplaw.com
3520 Thomasville Road
Suite 102
Tallahassee, Florida 32308.3469
850.894.4111
850.894.4999 (Facsimile)

**Counsel for Superior**
BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esquire
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, Florida 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**
CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esquire
dfriedman@csglaw.com
Brian P. Knight, Esquire
bknight@csglaw.com
3440 Hollywood Boulevard, 2nd Floor
Holly wood, Florida 33021
(954) 961-1400
(954) 967-8577 (Facsimile)

**Counsel for Metropolitan**
Jeffrey P. Lennard, Esq.
SONNENSCHEIN NATH & ROSENTHAL
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 Facsimile

**Counsel for Hartford**
Howard J. Roin, Esq.
MAYER, BROWN & PLATT
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

Updated: October 30, 2001

::ODMA\MHODMA\Miami;317015;1

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-CIV-FERGUSON/SNOW)

(Updated: 5/6/02)

**Co-Lead Counsel for Plaintiffs**
**Eric Lee, Esq.**
LEE & AMTZIS, P.L.
350 N.W. 12 Avenue
Deerfield Beach, FL 33442
(561) 981-9988 Telephone
(561) 981-9980 Facsimile
elee@leeamlaw.com

**Arthur S. Gold, Esq.**
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777 Telephone
(312) 372-0778 Facsimile
asg@gcjustice.com

**Andrew Garcia, Esq.**
**Carlin Phillips, Esq.**
PHILLIPS & GARCIA
Attorneys At Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800 Telephone
(508) 998-0919 Facsimile
agarcia@phillipsgarcia.com
cphillips@phillipsgarcia.com

**Larry Kopelman, Esq.**
**Douglas Blankman, Esq.**
KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855 Telephone
(954) 462-6899 Facsimile
dblan2155@aol.com

**Co-Counsel for Plaintiffs**
**Susan L. Lawson, Esq.**
230 East Davis Boulevard, Ste. 200
Tampa, FL 33606
(813) 251-8879 Telephone
(813) 251-5786 Facsimile
personalinjurylawyer@earthlink.net

**Richard Bokor, Esq.**
Richard Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000 Telephone
(812) 254-6327 Facsimile
rabokor1@tampabay.rr.com

**Casey Fundaro, Esq.**
P. O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833 Telephone
(954) 462-2835 Facsimile
fundaro@aol.com

**Counsel for: Allstate, Fidelity and Casualty, Continental, Deerbrook**
**David B. Shelton, Esq.**
RUMBERGER, KIRK, CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
P. O. Box 1873
Orlando, FL 32802-1873
(407) 872-7300 Telephone
(407) 841-2133 Facsimile
dshelton@rumberger.com

**Counsel for: Allstate, Fidelity and Casualty, Continental, Deerbrook**
**Peter J. Valeta, Esq.**
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619 Telephone
(312) 920-7241 Facsimile
peter.valeta@rosshardies.com

**Counsel for Beech Street and ADP**
**Joseph A. DeMaria, Esq.**
**John M. Quaranta, Esq.**
TEW CARDENAS REBAK
KELLOGG LEHMAN DEMARIA
TAGUE RAYMOND & LEVINE, LLP
Miami Center, 26th Floor
201 South Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1112 Telephone
(305) 536-1116 Facsimile
jad@tewlaw.com
jmq@tewlaw.com

**Counsel for Progressive**
**Francis Anania, Esq.**
**Donald A. Blackwell, Esq.**
ANANIA BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900 Telephone
(305) 373-6914 Facsimile

Counsel for CCN
**William W. Deem, Esq.**
MCGUIRE WOODS, LLP
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200 Telephone
(904) 798-3207 Facsimile
wdeem@mcguirewoods.com

Counsel for Nationwide
**Katherine C. Lake, Esq.**
FOWLER WHITE, et al.
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411 Telephone
(813) 229-8313 Facsimile
klake@fowlerwhite.com

**James C. Haggerty, Esq.**
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314 Telephone
(215) 299-4301 Facsimile
haggerty@scdlaw.com

Counsel for Florida Farm Bureau
**Greg Bladwin, Esq.**
**Rebecca A. Sack, Esq.**
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500 Telephone
(3050 789-7799 Facsimile

Counsel for Liberty Mutual
**Mark Shapiro, Esq.**
AKERMAN SENTERFITT et al.
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600 Telephone
(305) 374-5095 Facsimile
mshapiro@akerman.com

Counsel for Hartford, Metropolitan, Integon
**Marcy Levine Aldrich, Esq.**
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600 Telephone
(305) 374-5095 Facsimile
maldrich@akerman.com

Counsel for Metropolitan
**Jeffrey P. Lennard, Esq.**
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000 Telephone
(312) 876-7934 Facsimile
jpl@sonnenschein.com

Counsel for Superior
**Alan J. Nisberg, Esq.**
BUTLER BURNETTE PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900 Telephone
(813) 281-0900 Facsimile
anisberg@bbplaw.com

Counsel for Prudential
**Kathy J. Maus, Esq.**
**Lauren D. Levy, Esq.**
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111 Telephone
(850) 894-4999 Facsimile
kmaus@bbplaw.com
llevy@bbplaw.com

**John D. Aldock, Esq.**
**Michael Isenman, Esq.**
SHEA & GARDNER
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000 Telephone
(202) 828-2195 Facsimile

jaldock@sheagardner.com
misenman@sheagardner.com
Counsel for American International
**Dale L. Friedman, Esq.**
**Brian P. Knight, Esq.**
CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400 Telephone
(954) 967-8577 Facsimile
dfriedman@csglaw.com
bknight@csglaw.com