IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL

Plaintiff,
v.

ALLSTATE INSURANCE COMPANY

Defendant/Third-Party Plaintiff,
v.

COMMUNITY CARE NETWORK, INC.,

Third-Party Defendant.
_____/

ULTRA OPEN MRI CORPORATION,
on behalf of itself and all others
similarly situated,

Plaintiff,
v.

INTEGON NATIONAL INSURANCE
COMPANY and INTEGON GENERAL
INSURANCE COMPANY,

Defendants.
_____/

CASE NO. 01-6780

**EMERGENCY MOTION FOR STAY
PENDING APPEAL OF DEFENDANTS
INTEGON NATIONAL INSURANCE COMPANY
AND INTEGON GENERAL INSURANCE COMPANY**

Defendants, Integon National Insurance Company and Integon General Insurance Company ("Integon") respectfully move for a stay of all proceedings in this action

{MI804028;1}                                 1

relating to Integon, including discovery,[1] until Integon's appeal has been resolved. Because of impending discovery deadlines, Integon requests expedited consideration of this emergency motion. Due to impending discovery deadlines, Integon requests that the Court issue an order with respect to this motion no later than June 14, 2002. Integon will be forced to seek a stay from the 11th Circuit if this Court does not issue a ruling by that date.

Integon has filed a notice of appeal of the Court's May 13 and May 21 Orders (collectively, the "May Orders"). The May Orders, which require Integon to participate in class discovery, are inconsistent with Integon's pending motion to compel arbitration and to stay all proceedings. The May Orders also are inconsistent with the Court's pronouncement at the January 25, 2002 hearing that it would rule on the pending motions to compel arbitration within 10-15 days after the hearing. The Court's failure to rule on Integon's pending arbitration motion has left Integon with no other choice than to file a notice of appeal with the 11th Circuit.

Integon's appeal "'divests the district court of its control over those aspects of the case involved in the appeal.'" *Baron v. Best Buy Co.*, 79 F.Supp.2d 1350, 1353 (S.D. Fla. 1999) (citation omitted); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n*, 895 F.2d 711, 713 (11th Cir. 1990). The Court "'retains only the authority to act in aid of the appeal.'" *Baron*, 79 F.Supp.2d at 1353; *Showtime/The Movie Channel*, 895 F.2d at 713. As a result, Integon's appeal pursuant to 9 U.S.C. §16(a)(1)(A) requires an immediate stay of proceedings in this Court involving Integon. *Baron*, 79 F.Supp.2d 1350; *Bradford*

---

[1] This includes all of the pending written class discovery requests, as well as <u>all</u> of the

-*Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997); *SATCOM Int'l Group PLC v. ORBCOMM Int'l Partners, L.P.*, 55 F.Supp.2d 231 (S.D.N.Y. 1999). Accordingly, Integon respectfully requests that the Court issue that stay.

In support of this motion, Integon relies on the following memorandum of law.

### MEMORANDUM

1. On May 13, 2002, the Court issued an Order stating:

Ordered and Adjudged that the above referenced causes are STAYED in part until an order on the motions for class certification and to compel arbitration is entered. Further, discovery is limited to class certification and shall be completed by July 31, 2002.

2. On May 21, 2002, Class Plaintiffs filed an "Emergency Motion for Clarification of May 13, 2002 Order." Class Plaintiffs asked that the Court enter an order "clarifying that the May 13 Order requires all parties in all pending actions to take part in class certification discovery, cooperate in scheduling depositions, and requires such discovery to be completed by July 31, 2002."

3. Before Integon was even provided with an opportunity to respond to Plaintiffs' emergency motion, the Court issued the May 21 Order, which states that "this Court's Order of May 13, 2002, requires that all parties in these consolidated proceedings take part and conclude class certification discovery by July 31, 2002." May 21 Order, p. 5. Plaintiffs have issued a 30(b)(6) deposition notice to Integon and also have propounded interrogatories and document requests in connection with class discovery. Integon expects class discovery to be onerous.

---

depositions scheduled for June and July of 2002.

4.  Requiring Integon to participate in class discovery is inconsistent with Integon's pending Motion to Compel Arbitration and Integon's Motion to Stay Discovery ("Motion to Stay"). Indeed, the Court effectively has denied the request for a stay, as the Magistrate recognized when she denied the pending Motion to Stay as moot in light of the Court's May 13 Order. *See* Magistrate Judge Snow Order dated May 23, 2002, ¶3.

5.  Prior to responding to the Complaint or participating in discovery, Integon filed its Motion to Compel Arbitration on October 22, 2001. On the same date Integon also filed a Motion to Stay, pursuant to 9 U.S.C. §3.[2] Magistrate Judge Snow issued a Report and Recommendation to deny Integon's Motion to Compel Arbitration on December 14, 2001 (the "Report"). Integon timely filed Objections to Judge Snow's Report on December 28, 2001. Integon's Objections remain pending.

6.  This Court held a status conference on January 25, 2002. At the conference, the Court acknowledged that one of the issues that must be addressed before the case may proceed is whether the defendants are entitled to arbitration. January 25, 2002 Status Conference Transcript ("Tr.") at 46. The Court indicated that it would rule on the pending arbitration motions within 10-15 days of the conference. *Id.* at 45. The Court appeared to recognize during the January 25 conference that it must issue rulings on the pending arbitration motions when it stated that "We'll move to the point at least where maybe someone will be appealing something interlocutory." Tr. at 47. An

---

[2] 9 U.S.C. § 3 provides:
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court ..., upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had.

interlocutory appeal, to the extent one ultimately is taken on the issue of arbitration, cannot occur until the Court rules on Integon's arbitration motion. To date, the Court has not ruled on Integon's Motion to Compel Arbitration.

7. Even though Integon's Objections to Judge Snow's Report remain pending, the Court has ordered Integon to participate in class discovery. Integon therefore filed a notice of appeal with the 11th Circuit pursuant to 9 U.S.C. § 16(a)(1)(A), which provides Integon with an immediate appeal as of right of any order "refusing a stay of any action under" 9 U.S.C. § 3, as the Court has done here. 9 U.S.C. § 16(a)(1)(A).

## ARGUMENT

The May Orders deny Integon's Motion to Stay and instead require Integon to "take part [in] class certification discovery." May 21 Order at 5. Integon has appealed those orders pursuant to 9 U.S.C. §16(a)(1)(A), which divests this Court of "its control over those aspects of the case involved in the appeal." *Baron*, 79 F.Supp.2d at 1353. Once a notice for appeal has been filed, the "district court retains only the authority to act in aid of the appeal or to aid in the execution of judgment that has not been superseded." *Showtime/The Movie Channel, Inc.*, 895 F.2d at 713.

Resolution of Integon's motion to compel arbitration will ultimately determine whether this Court may retain jurisdiction over Plaintiffs' claims. Since "the issue before the Eleventh Circuit concerns the very authority of this court to consider [Plaintiffs'] claims, it makes little sense for the litigation to continue here while the appeal is pending." *Baron*, 79 F.Supp.2d at 1353. In a similar case, the Seventh Circuit summarized its reasoning for issuing a stay pending arbitration:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded,

> and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under §16(a) helps cut the loss from duplication. *Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.*

*Bradford-Scott Data Corp.*, 128 F.3d at 505-06 (emphasis supplied). The Seventh Circuit therefore stayed the district court proceedings pending an appeal of the district court's denial to compel arbitration. *Id.*

Judge Jordan's opinion in *Baron* also is on all fours with Integon's motion to stay. Defendant Best Buy appealed a denial by Judge King (the judge initially assigned to the case) of Best Buy's motion to compel arbitration. After the case was transferred to Judge Jordan, Best Buy appealed the denial of the arbitration motion and also moved to stay the case pending the appeal. Even though Judge Jordan concluded that Best Buy faced "an uphill battle on appeal," the Court granted the motion to stay because the question on appeal concerned "the proper forum for Ms. Baron's claims, and if the defendants prevail on the appeal, those claims will be handled by the [National Arbitration Forum]." *Baron*, 79 F.Supp.2d at 1354.

Similarly, if Integon's motion to compel arbitration is granted (either by this Court or the 11th Circuit), Plaintiffs' claims against Integon will be decided in the arbitral forum, and not by this Court. Staying the action pending Integon's motion to compel arbitration is also consistent with the statutory objective of § 16(a) to promote arbitration. *See SATCOM Int'l Group PLC*, 55 F.Supp.2d at 237.

The only exception to the rule that an immediate stay is required if a party appeals pursuant to 9 U.S.C. § 16(a)(1)(A) is inapplicable in this instance. A court may deny a stay only if the arbitration claim is frivolous. "A claim is not frivolous if it is 'colorable,' and a claim is 'colorable' if 'there is some possible validity' to it." *Baron*, 79 F.Supp.2d at 1354 (internal citation omitted). Integon's arbitration claim is, at a minimum, colorable.

As set forth above, this Court has yet to rule on Integon's arbitration motion. The only ruling on Integon's arbitration motion is Magistrate Judge Snow's Report and Recommendation to deny Integon's motion to compel arbitration. Integon filed Objections to the Magistrate's Report, and those Objections remain pending. Even if this Court adopted the Magistrate's Report, under the Magistrate's reasoning certain plaintiffs would be subject to arbitration.[3] Accordingly, Integon's motion for arbitration is colorable.[4]

If this Court or the 11th Circuit finds that Plaintiffs' claims are subject to arbitration, the Court is *required* to stay all proceedings in this action. *Suarez-Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 & n.2 (11th Cir. 1998) ("district court erred in refusing to stay discovery" where valid arbitration provision governed because "district court has no discretion" in this regard). This Court, however,

---

[3] The Magistrate based her denial of Integon's Motion to Compel Arbitration on the fact that the Integon policy referenced in the Complaint, which contains an arbitration provision, was drafted while a statute mandating arbitration was in effect. The statute was subsequently found to be unconstitutional by the Florida Supreme Court, and the Magistrate concluded therefore that the "statutorily mandated arbitration must be stricken as in violation of Florida's Constitution." (Report at 7). Integon retained a mandatory arbitration clause in some of its Florida auto insurance contracts after the Florida Supreme Court declared the statute unconstitutional. The Magistrate has recommended in a consolidated case that contracts containing arbitration provisions that post-date the Supreme Court's opinion are subject to arbitration.

has not issued an opinion as to the validity of the arbitration provision. Until that time, this Court must stay this action pending a ruling by the 11th Circuit on Integon's appeal of the May Orders requiring Integon to participate in class discovery.

## CONCLUSION

For the foregoing reasons, Integon respectfully requests that the Court stay all proceedings in this action relating to Integon, including discovery, until Integon's appeal has been resolved.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
*Counsel for Defendants*
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
Marcy Levine Aldrich
Fla. Bar No. 0968447
George Volsky
Fla. Bar No. 203092
Eric A. Greenwald
Fla. Bar No. 0543691

---

[4] The Plaintiffs also have filed Objections to the Magistrate's Report. Plaintiffs' Objections lend additional credence to the validity of Integon's arbitration motion.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 7th day of June, 2002.

_____
Attorney

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

{MI791991;1}

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
**(Updated 5/6/02)**

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

{MI791991;1}