UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a                01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendant.
_____/



## REPORT AND RECOMMENDATION

    This cause is before the Court on Defendant Nationwide Mutual Insurance Company's Motion to Compel Arbitration, or in the Alternative, to Dismiss (Docket Entry 225 in 00-6061), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

## I. PROCEDURAL HISTORY

The complaint was filed on February 7, 2001, alleging that Nationwide Insurance Company of America unlawfully reduced payments to the plaintiff, a medical provider who treated persons making claims under the Personal Injury Protection ("PIP") portion of the defendant's automobile insurance policies.

The plaintiff signed a contract to provide medical services to members of a preferred provider organization ("PPO") organized by non-party Beech Street Corporation. The plaintiff agreed to accept reduced fees for treating Beech Street's PPO members in return for services and referrals offered by Beech Street. The complaint alleges that Beech Street made an arrangement with non-party ADP Integrated Medical Solutions, Inc. ("ADP"), a developer of software to review medical claims to reduce insurance payments, to provide ADP with Beech Street's database of PPO medical providers. ADP then used, or permitted the defendant to use, Beech Street's database to process the defendant's PIP medical expense claims at reduced rates, even though the defendant did not belong to Beech Street's PPO. The complaint alleges claims for breach of contract, unjust enrichment, declaratory judgment, RICO wire and mail fraud and violation of Fla. Stat. §727.736.

The case was transferred to the calendar of The Honorable Wilkie D. Ferguson, Jr., since it was similar to other cases pending before him. The plaintiff filed a motion to certify the case as a class action. On May 14, 2001, Nationwide Insurance

Company of American filed a motion to dismiss the complaint since the policy at issue was written by Nationwide Mutual Insurance Company, a different company. On October 10, 2001, the plaintiff filed an amended complaint (hereinafter "complaint") naming Nationwide Mutual Insurance Company as the defendant. The remaining allegations are substantially unchanged.

On October 16, 2001, the defendant filed the instant motion to stay the litigation and to compel the plaintiff to participate in arbitration pursuant to the PPO contract between the plaintiff and Beech Street, or to dismiss the complaint for failure to state a claim. The motion is fully briefed.

Because the Court has ordered that the issues of arbitration and class certification be determined at the outset, the undersigned will consider only that portion of the motion dealing with arbitration and will stay consideration of the rest of the motion.

## II. RECOMMENDATIONS OF LAW

The complaint is based on the PIP provisions of the defendant's contract with Joseph M. Geiger. (DE 193, Exhibit 1). In the instant motion, the defendant disregards the PIP contract, which contains no provision for arbitration, and instead claims the right to compel arbitration under the December 1, 1995, PPO contract between the plaintiff, as a "provider," and Beech Street which manages "Beech Street's Preferred Provider Program.". (DE 225, Exhibit 1, p. 1). The contract provides that "Any dispute

arising over the terms and conditions of this Agreement which the parties are unable to resolve themselves shall be submitted upon the motion of any party, to arbitration under the appropriate rules of the AAA." (DE 225, exhibit 1, p, 7, ¶14.2)

The defendant is not a party to this contract, but asserts that it is a "payor" as defined in ¶ 1.5 of the PPO contract between the plaintiff and Beech Street.

> 1.5 PAYOR - An employer, insurance carrier, third party administrator, health care service plan, trust, non-profit hospital service plan, any governmental unit or any other entity which has an obligation to provide Benefits to a Beneficiary and which has entered into an agreement with Beech Street to participate in its Preferred Provider Program.
> 1.7 PAYOR AGREEMENT - An instrument between a payor and Beech Street or its authorized representative which provides for Beech Street providers, including Provider pursuant to this Agreement, to render Covered Services to Beneficiaries.

(DE 225, Exhibit A, p 1)

The defendant contends that as a payor, it is a third party beneficiary to the agreement, including the right to require arbitration under ¶ 14.2. The defendant asks the Court to uphold the strong policy of encouraging arbitration between parties to an arbitration agreement. Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc., 743 U.S. 614, 626 (1985); Piercy v. School Board, 576 So.2d 806, 807 (Fla. 1st DCA 1991).

The plaintiff's response asserts that the PPO contract is irrelevant to the issue of arbitration, since the claim is based on

the plaintiff's status as assignee of the defendant's PIP contract with its insured, which does not include an arbitration clause. Moreover, the defendant has not shown that it is a payor under the PPO contract, or that it is a third party beneficiary with the power to compel arbitration under the PPO contract. The plaintiff states that it did not contract to service PIP contracts under the PPO contract; the plaintiff elected to participate only for Health Benefits Network Memberships and Worker Compensation Network Memberships. (DE 225, Exhibit 1, p. 8). Finally, the plaintiff asserts that the defendant has waived its right to compel arbitration by failing to raise this argument in other court cases between the parties.

The defendant's reply argues that La Russo is bound by the contract that is signed with Beech Street, regardless of the provisions of the PIP policy.

The Court finds unpersuasive the defendant's argument that it is a payor entitled to compel arbitration under the PPO contract. The definition of "payor" requires that the payor be an insurer with an obligation to provide benefits <u>and which has entered into an agreement with Beech Street to participate in its Preferred Provider Program</u>. (DE 225, Exhibit 1, p. 1, ¶ 1.5 (emphasis added)). The "Payor Agreement" is defined as <u>an instrument</u> between the payor and Beech street. (<u>Id.</u> ¶ 1.7 (emphasis added)) The complaint does not allege that there was any written agreement between Beech Street and the defendant. The defendant

has not demonstrated, or even suggested, that there is a written payor agreement between itself and Beech Street. Accordingly, the defendant cannot be a payor as defined in the PPO agreement. Nor has the defendant suggested any other legal doctrine under which it might be a third party beneficiary of the PPO contract.

Moreover, even if the defendant were a payor under the PPO agreement, the right to compel arbitration is limited specifically to the parties to the PPO contract. The PPO contract does not give a payor the right to compel arbitration under the terms of the PPO contract.[1]

Because the defendant has not shown that it has any right to enforce arbitration under the PPO contract, the Court need not consider whether the defendant waived the right to compel arbitration.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration (DE 225) is DENIED. Consideration of the motion to dismiss the complaint is stayed.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which

---

[1] While such a right may exist in the payor agreement, the defendant apparently did not sign a payor agreement with Beech Street.

to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 12th day of June, 2002.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: Attached 01-8108-Civ-Ferguson Service List

**SERVICE LIST**

**CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW**

**Salvatore D. LaRusso, D.C., et al. v. Nationwide**          01-8108

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold
                                                Lawson & Bokor)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
Richard Bokor, Esq. (P)
Katherine Lake, Esq. (D and Local Counsel for Haggerty)
James Haggerty, Esq. (D)