UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Consolidated Case No. 00-6061-Civ-Ferguson/Snow

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

        Plaintiffs,

    vs.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,

        Defendants.
_____/

SLAVATORE LARUSSO D.C. d/b/a      Case No. 01-8111-Civ-Ferguson
FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all
others similarly situated,

        Plaintiffs,

    vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

        Defendant.
_____/

FILED by _____ D.C.

JUN 1 2 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

## REPORT AND RECOMMENDATION

      This cause is before the Court on the Motion of
Defendant, Hartford Insurance Company of the Midwest, to Compel
Arbitration, Dismiss the Amended Complaint and to Stay Discovery
(Docket Entry 402), which was referred to United States Magistrate
Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

      The complaint was filed on February 7, 2001, naming as
defendant ITT Hartford Life and Annuity Insurance Company, based on
a billing report from "Hartford Liability - Florida" for the

plaintiff's patient, Mr. Desmond Mahon. (DE 1 in 01-8111-Civ-Ferguson, Exhibit 1). The case was transferred to the calendar of The Honorable Wilkie D. Ferguson, Jr., as it was similar to other cases pending before him.

While the defendant was preparing a response to the complaint, the plaintiff filed an amended complaint, naming Hartford Insurance Company of the Midwest as the defendant, since it was the insurer for Mr. Mahon.

The amended complaint (hereinafter "complaint") alleges that the defendant unlawfully reduced payments to the plaintiff, a medical provider who treated persons making claims under the Person Injury Protection ("PIP") portion of the defendant's automobile insurance policies. The plaintiff participates in a preferred provider organization ("PPO") network, whereby he charges reduced fees to members of the PPO. The plaintiff alleges that although the defendant never contracted to participate in the PPO, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of fees charged to members of the PPO. The complaint alleges claims for breach of contract, unjust enrichment, declaratory judgment and for RICO wire and mail fraud.

The defendant filed a motion to dismiss the complaint, which remains pending.

On December 10, 2001, the defendant filed the instant motion to stay or dismiss the case and to compel arbitration pursuant to its PIP contract with Mr. Mahon. The motion is fully

2

briefed and is ripe for consideration.  The plaintiff subsequently filed a notice of supplemental authority on the issue of waiver of the right to compel arbitration. (DE 656)

## II.  RECOMMENDATIONS OF LAW

A.          The Arbitration Clause

The  August 13, 1997, PIP contract between the defendant and Mr. Mahon provides:

> Arbitration
>
> If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits:
> 1.    Any claims dispute involving medical expenses, between the provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

(DE 403, Exhibit, p. 10)  The form is an edition adopted in January 1995.  (Id., p. 29)

The defendant asserts that this clause is binding on the plaintiff, who bases his claims on his status as a third party beneficiary under the PIP contract. Fortune Insurance Co. v. U.S.A. Diagnostics, Inc., 684 So.2d 208 (Fla. 4th DCA 1996)(when parties agree to arbitration on issues not mandated by Fla. Stat. § 627.736(5), the Court will uphold the arbitration agreement); Orion Ins. Co. v. Magnetic Imaging System, Inc., 696 So.2d 475, 477-78 (Fla. 3d DCA 1996).

The plaintiff objects to arbitration, citing Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000) in which the Florida Supreme Court held that the

mandatory arbitration requirement of Fla. Stat. § 627.736(5), requiring parties to PIP policies to engage in arbitration, was stricken as unconstitutional. Both Orion and Fortune were decided prior to Pinnacle and are called into question by Pinnacle.

In Pinnacle, persons with PIP coverage from Delta Casualty Company ("Delta"), sought treatment from Pinnacle, and assigned to Pinnacle their right to payment from Delta. Pinnacle submitted a bill which Delta refused to pay; Pinnacle sued as the insured's assignee. Delta moved to dismiss the case, asserting that the claim was subject to arbitration pursuant to Fla. Stat. § 627.736(5), which provided

> Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person . . . may charge only a reasonable amount . . ., and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment, if the insured receiving such treatment . . . has countersigned the invoice, bill or claim form approved by the Department of Insurance. . . .
> Every Insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply.

Fla. Stat. § 672.736(5)(the arbitration provision was added in 1991).

4

Florida's Supreme Court found that the arbitration provision denied medical providers access to the courts in violation of Article I, Section 21 of the Florida Constitution. The statute promoted assignment of benefits to insure prompt medical care for the insured. The court found that the medical providers lost their access to the courts because their right to appeal was severely limited under the Florida Arbitration Code ("FAC") while they did not receive any commensurate benefit from the statute.[1] Indeed, the provider was subject to additional liability because the statute automatically provided attorneys' fees to the prevailing party. The court found that this provision worked against the prompt treatment of insureds, since it caused the provider to require immediate payment from the insureds, rather than risking attorneys' fees if it lost a contested arbitration with the insurer. The court concluded, "Accordingly, we affirm the decision of Fifth District Court of Appeal below and hold to be unconstitutional the portion of section 627.736(5), Florida Statutes (1997) requiring mandatory arbitration for all medical provider assignees . . .." Pinnacle, 753 So. 2d at 59.

One Florida court cited Pinnacle to invalidate a PIP arbitration clause drafted while the arbitration requirement was part of the statute. Union American Insurance Co. v. U.S.A.

---

[1] The Court compared the PIP provision with Florida's Worker's Compensation Act, which provided uncontested no-fault benefits to the worker in return for denying him the right to sue the employer. In other cases upholding mandatory arbitration, a right to appeal existed. 753 So.2d at 58.

Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding that the issue had been decided by Pinnacle).

The defendant asserts that Pinnacle merely invalidates the Florida statute to the extent that it mandated arbitration for medical care providers under a PIP contract. The defendant argues that the case does not invalidate independent contractual agreements which require such arbitration. Livingston v. State Farm Mutual Auto. Insurance Co., 774 So.2d 716, 717 (Fla. 2d DCA 2000).

The Court notes that the Livingston PIP contract was not before the court, which decided the case based on the statute. The court stated in dicta that "Pinnacle did not address whether a health care provider may agree to arbitration when it accepts an assignment." Further dicta suggested that the health care provider who accepted assignment under a statutorily-mandated arbitration clause was now free to either compel arbitration or sue the insurer. Id. at 18.

The Court finds that Pinnacle struck down all statutorily-mandated arbitration clauses in PIP insurance contracts. The defendant has cited no legal authority in support of its position that its contracts drafted while the statute was in effect contained an insurer/provider medical claims arbitration clause which was not mandated by the statute. Accordingly, the statutorily-mandated arbitration clause must be stricken as in violation of Florida's

6

Constitution.    _Pinnacle_.    The defendant cannot enforce the arbitration clause against the plaintiff.

The defendant asserts that even if the clause is not enforceable under Florida law, the Court should compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which evidences a strong federal policy favoring enforcement of arbitration agreements. _Green Tree Financial Corp. v. Randolph_, 531 U.S. 79, 91 (2000).

The FAA requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce.    _Moses H. Cone Memorial Hosp. v. Mercury Construction Corp._, 460 U.S. 1, 24-25 (1983).  If the plaintiff attempts to litigate claims, including statutory claims, which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. _Shearson/American Express Inc. v. McMahon_, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA).

The plaintiff's response argues that since the arbitration clause at issue specifies Florida law, the parties have chosen to opt out of any provisions of the FAA. _Roadway Package Systems, Inc. v. Kayser_, 257 F.3d 287 (3rd Cir. 2001).

The defendant asserts that the FAA preempts any state law construing the effect of arbitration agreements.    _Southland Corp. v. Keating_, 465 U.S. 1, 10, 104 S.Ct. 852  (1984)(To the extent that

state law conflicts with the FAA, it violates the Supremacy clause of the Constitution). Even if the parties choose state law to govern the contract, if the contract is part of a transaction involving interstate commerce, the FAA governs. Dean Witter Reynolds, Inc. v. Daily, 12 F.Supp.2d 1319, 1321-22 (S.D.Fla. 1998), citing, Paine Webber Inc. v. Elahi, 87 F.3d 589 (1st Cir. 1996). However, the purpose of the FAA is to enforce arbitration provisions; the parties still may choose state rules and procedures for conducting the arbitration. Roadway.

The plaintiff incorrectly interprets Roadway as allowing parties to "opt out" of the provisions of the FAA. The case clearly holds that the arbitration agreement can choose state rules and procedures, but cannot completely void the provisions of the FAA. Accordingly, the PIP language did not remove the contract from the purview of the FAA.

However, the defendant has not shown that the FAA requires arbitration between entities which are not signatories to a valid arbitration agreement. The only arbitration agreement between the plaintiff, as an assignee of the insured, and the defendant, is the wording of the PIP contract, which was mandated by a statute held to be unconstitutional by the Florida Supreme Court. Since there is no valid arbitration agreement between the parties, the FAA cannot require arbitration.

B.        Other Arguments Against Arbitration

The undersigned will briefly consider the arguments raised by the plaintiff if the Court determines that the arbitration clause has not been stricken by the Pinnacle decision.

The plaintiff contends that even if the arbitration clause was not mandated by the statute, the insured cannot bind the provider to an arbitration agreement which exists in the contract between the defendant and the insured. The PIP policy does not require Mr. Mahon to arbitrate claims with the defendant. The plaintiff's contract with Mr. Mahon, accepting the benefits under Mr. Mahon's PIP policy, does not contain an arbitration agreement. (DE 498, Exhibit 3). The plaintiff argues that as assignee, it can only pursue those claims Mr. Mahon could have pursued against the defendant. Livingston, 774 So. 2d at 717. Since the defendant could not compel Mr. Mahon to participate in arbitration, it cannot require arbitration of the plaintiff.

The defendant asserts that the plaintiff cannot base its complaint on its status as a third party beneficiary to the policy, who accepted assignment of the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. Interpool Ltd. v. Through Transport Mutual Insurance Assoc. Ltd., 635 F.Supp. 1503, 1505 (S.D.Fla. 1985)(citations omitted):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke.  'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'

9

> Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'"

The result is the same under Florida law. The <u>Livingston</u> court noted that the provider has the option to not accept the assignment. The court found that once a medical provider accepted assignment under a PIP contract, he held "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract." 774 So.2d at 718. See also, <u>Orion</u>, 696 So.2d at 476-77. The arbitration clause at issue specifically binds the medical provider, even though it has not signed the contract. Accordingly, if the arbitration clause has not been stricken by <u>Pinnacle</u>, the arbitration clause in the PIP contract is binding on the plaintiff.[2] Moreover, all of the plaintiff's claims are subject to arbitration, since they all arise out of the claim for unpaid benefits. <u>Shearson/American Express Inc. v. McMahon</u>, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987).

The plaintiff also asserts that the defendant waived its right to compel arbitration by engaging in substantial litigation before filing the motion to compel arbitration. <u>PPG Industries, Inc. v. Webster Auto parts, Inc.</u>, 128 F.3d 103 (2d Cor. 1997)(litigation in one case, e.g., engaging in discovery, failing to appeal an order

---

[2] The plaintiff argues that only the benefits were assigned, and that the arbitration clause was not assigned. However, none of the cases cited by the plaintiff involve a contract which specifically states that the assignee is required to engage in arbitration.

denying a demand for arbitration and filing a motion for summary judgment, waived the defendant's right to compel arbitration in a companion case). The plaintiff asserts that the defendant has litigated numerous PIP reduction cases in state court without seeking arbitration, and should be barred from now raising the issue here.

The defendant's reply argues that the filing of the motion to dismiss does not constitute "substantial litigation." Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985). The defendant also points out that the plaintiff has not identified a single case in which this defendant and this plaintiff engaged in litigation in lieu of arbitration.

The Court finds that since discovery was essentially stayed during the pendency of this motion, the plaintiff was not prejudiced by the short delay in the defendant's filing of the motion to compel arbitration. Nor is there any evidence of waiver in a companion case as in Rush. The Court cannot find that the defendant waived its right to seek arbitration.

C.        Stay of Discovery

The defendant argues that the Court must dismiss the case or stay all discovery until it has decided the motion to compel arbitration. The defendant asserts (1) that a stay or dismissal is mandated by the FAA; (2) that pursuit of discovery, even if mandated by the court, could be viewed as a waiver of the right to arbitration, and (3) requiring the parties to engage in discovery

11

would waste resources of both the Court and the parties. <u>Chudasama</u> <u>v. Mazda Motors</u>, 123 F.3d 1353, 1368 (11th Cir. 1997).

The plaintiff, adopting its arguments previously raised (DE 270) in response to an earlier motion to stay discovery, contends that <u>Chudasama</u> deals with a stay of discovery pending resolution of a motion to dismiss, and the Court has already denied similar motions to dismiss the consolidated cases.[3]

The Court notes that discovery has been strictly limited to the issue of class certification until the Court has decided the issue of arbitration. Accordingly, the issue of a stay of discovery has already been decided.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to stay discovery, or dismiss the case and to compel the plaintiff to engage in arbitration should be DENIED as to all requests.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge.

---

[3] Moreover, the pending motion to dismiss actually constitutes, in part, a motion for summary judgment, since it involves consideration of the plaintiff's contract with its PPO network. Consideration of matters beyond the four corners of the complaint is improper in the context of a motion to dismiss. <u>Thomas v. Burlington Industries, Inc.</u>, 769 F.Supp. 368, 370 (S.D. Fla 1991).

Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 12th day of June, 2002.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: The attached 01-8111-Civ-Ferguson Service List.

## SERVICE LIST

### CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Salvatoare D. LaRusso, D.C. et al., v. Hartford**                    01-8111

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold
                                        Lawson & Bokor)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
Richard Bokor, Esq. (P)
Marcy Aldrich, Esq. (D and Local Counsel for Roin)
Howard Roin, Esq. (D)