UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Consolidated Case No. 00-6061-Civ-Ferguson/Snow

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,

    Defendants.
_____/

ULTRA OPEN MRI CORPORATION,      Case No. 01-6778-Civ-Ferguson

    Plaintiff,

vs.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/ **REPORT AND RECOMMENDATION**

    This cause is before the Court on the Defendant PruPAC's Motion to Compel Arbitration as to plaintiff Afield (Docket Entry 610), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

<u>I. PROCEDURAL HISTORY</u>

    The complaint was filed on May 5, 2001, alleging that the defendant unlawfully reduced payments to the Ultra Open MRI Corporation (UOMC), a medical provider which treated persons making claims under the defendant's Personal Injury Protection ("PIP") automobile insurance policies.

    UOMC participates in a preferred provider organization ("PPO") network, whereby it charges reduced fees to members of the

PPO. The plaintiff alleged that although the defendant never contracted to participate in the PPO network, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of the fees charged for members of the PPO. The complaint alleged claims for third party beneficiary breach of contract and RICO mail and wire fraud. Attached to the complaint is a claim for treatment of Ms. Anna Lewin for injuries sustained on August 5, 2000.

The case was transferred to the calendar of The Honorable Wilkie D. Ferguson, Jr., since it was similar to other cases pending before him. The plaintiff filed a motion to certify the case as a class action.

The defendant filed a motion to compel UOMC to participate in arbitration in accordance with the provisions of the PIP policy issued to Ms. Lewin. On November 13, 2001, the undersigned issued a report and recommendation that the motion to compel arbitration be granted. The motion is pending.[1]

On January 23, 2002, UOMC filed an amended complaint which added as a class plaintiff Walter E. Afield, M.D., P.A., a professional corporation ("Afield"). UOMC's claim is unchanged; thus, the prior recommendation regarding arbitration still applies to the arbitration of its claims in the amended complaint.

---

[1] The Court recently provided for a period of class certification discovery. The defendant has filed an appeal of this order, asserting that it should not have to participate in discovery in district court since it has asserted its rights under the arbitration clause.

In the amended complaint, Afield makes similar allegations of unlawfully reduced payments and refers to the claim for the August 18, 2000, treatment of Ms. Ramona Hanson for an injury sustained April 30, 1999. The claim was made to the defendant under its PIP policy issued to Ms. Thelma Anderson. (DE 561, Exhibit 2).

The defendant filed the instant motion stay or dismiss Afield's claim and to compel Afield to participate in arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, et seq., and the provisions of Ms. Anderson's policy, which is attached to the motion.[2] Although the arbitration clause appears in the insurance contract issued by the defendant to the automobile owner, the defendant argues that the clause also binds the treating physician, as the assignee and third party beneficiary of the policy's benefits.

Afield's response asserts that Ms. Anderson's PIP contact, unlike Ms. Lewin's PIP contact, contains an arbitration clause mandated by a statute which was declared unconstitutional by the Florida Supreme Court. Afield argues that the FAA does not preempt Florida law, since the parties opted out of the FAA in favor of state law remedies. The plaintiff also contends that the arbitration clause, while binding on the defendant's insured drivers, is not applicable to medical care providers who treat

---

[2] The instant motion to compel arbitration and the instant report and recommendation address Afield's claim only.

3

persons under the policy. The motion is fully briefed and is ripe for consideration.

## II. RECOMMENDATIONS OF LAW

The basic PIP policy form, dated 4-87, does not contain an arbitration clause. (DE 610, Exhibit 1, pp. 34-37). The attached May 1998 form entitled "Florida Special State Provisions" provides "Changes to Part 6," the PIP provision, including:

> The section entitled "Arbitration" is added as follows:
>
> Any claims dispute between us and a medical service or supplies provider who has agreed to accept an assignment of benefits shall be decided by arbitration upon written request of either party.
>
> . . .
>
> Arbitration is subject to the provision os the Florida Arbitration Code, Chapter 682 of the Florida Statutes.[3]

(Id. at p. 28)

A.   Arbitration Under Florida Law

The Court must first determine the effect of the arbitration clause under Florida law. The defendant asserts that the Florida Supreme Court, in Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000), did not strike

---

[3] The Court notes that these two sentences also are found in the policy issued to Ms. Lewin, UOMC's client. However, Ms. Lewin's arbitration clause is in an amendment dated July 2000 and contains a greatly-revised version of the May 1998 arbitration clause in Ms. Anderson's policy. (01-6778-Civ-Ferguson, DE 10, PAC 226FL (Ed. 7/00 INS), pp. 10-11). The July 2000 policy amendment was issued after the February 3, 2000, decision in Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000).

down arbitration clauses in PIP contracts. Rather the court struck down a statute mandating arbitration clauses in PIP contacts. It did not invalidate arbitration clauses parties agreed to independently of the statute.

The plaintiff argues that because the arbitration clause was mandated by the Florida PIP statute, it cannot be enforced now that the arbitration requirement in the statute has been declared unconstitutional.

In Pinnacle, persons with PIP coverage from Delta Casualty Company ("Delta"), sought treatment from Pinnacle, and assigned to Pinnacle their right to payment from Delta. Pinnacle submitted a bill which Delta refused to pay; Pinnacle sued as the insured's assignee. Delta moved to dismiss the case, asserting that the claim was subject to arbitration pursuant to Fla. Stat. § 627.736(5), which provided

> Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person . . . may charge only a reasonable amount . . ., and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment, if the insured receiving such treatment . . . has countersigned the invoice, bill or claim form approved by the Department of Insurance.
> . . .
> Every Insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply.

Fla. Stat. § 672.736(5).(The arbitration provision was added in 1991).

Florida's Supreme Court found that the arbitration provision denied medical providers access to the courts in violation of Article I, Section 21 of the Florida Constitution. The statute promoted assignment of benefits to insure prompt medical care for the insured. The court found that the medical providers lost their access to the courts because their right to appeal was severely limited under the FAC while they did not receive any commensurate benefit from the statute.[4] Indeed, the provider was subject to additional liability because the statute automatically provided attorneys' fees to the prevailing party. The court found that this provision worked against the prompt treatment of insureds, since it caused the provider to require immediate payment from the insureds, rather than risking attorneys' fees if it lost a contested arbitration with the insurer. The court concluded, "Accordingly, we affirm the decision of Fifth District Court of Appeal below and hold to be unconstitutional the portion of section 627.736(5), Florida Statutes (1997) requiring mandatory arbitration for all medical provider assignees . . .." Id. at 59.

---

[4] The Court compared the PIP provision with Florida's Worker's Compensation Act, which provided uncontested no-fault benefits to the worker in return for denying him the right to sue the employer. In other cases upholding mandatory arbitration, a right to appeal existed. 753 So.2d at 58.

One Florida court cited <u>Pinnacle</u> to invalidate a PIP arbitration clause drafted while the arbitration requirement was part of the statute. <u>Union American Insurance Co. v. U.S.A. Diagnostics, Inc.</u>, 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding that the issue had been decided by <u>Pinnacle</u>.)

The defendant asserts that <u>Pinnacle</u> merely invalidates the Florida statute to the extent that it mandated arbitration for medical care providers under a PIP contract. The defendant argues that the case does not invalidate contractual agreements which require such arbitration. <u>Livingston v. State Farm Mutual Automobile Insurance Co.</u>, 774 So.2d 716, 717 (Fla. 2d DCA 2000). The <u>Livingston</u> PIP contract was not before the court, which decided the case based on the statute. The court stated in dicta that "<u>Pinnacle</u> did not address whether a health care provider may agree to arbitration when it accepts an assignment". Further dicta in <u>Livingston</u> suggested that the health care provider who accepted assignment was free to either compel arbitration or sue the insurer. <u>Id.</u> at 18.

The Court finds that <u>Pinnacle</u> struck down all statutorily-mandated arbitration clauses in PIP insurance contracts. <u>Union American</u>, <u>supra</u>. The defendant has not shown that its PIP arbitration clause, drafted while the statute was in effect, constitutes an independent agreement of the parties and

7

was not mandated by the unconstitutional statute. The Court cannot enforce the arbitration clause under Florida law.

B.        Arbitration Under the FAA

The defendant argues that even if the clause is not enforceable under Florida law, the Court must enforce it under the provisions of the FAA, which exhibits a strong federal policy of requiring arbitration for parties who agree to arbitrate their claims.

The FAA requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce. Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). If the plaintiff attempts to litigate claims, including statutory claims, which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA). Courts must resolve ambiguities in favor of arbitration. Volt Information Services, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468, 475-76 (1989).

The defendant asserts that the FAA preempts any state law construing the effect of arbitration agreements. Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852 (1984)(To the extent that state law conflicts with the FAA, it violates the Supremacy clause of the Constitution). Even if the parties choose state law

to govern the contract, if the contract is part of a transaction involving interstate commerce, the FAA governs. Dean Witter Reynolds, Inc. v. Daily, 12 F.Supp.2d 1319, 1321-22 (S.D.Fla. 1998), citing, Paine Webber Inc. v. Elahi, 87 F.3d 589 (1st Cir. 1996). However, the purpose of the FAA is to enforce arbitration provisions; the parties still may choose state rules and procedures for conducting the arbitration. Roadway Package System, Inc. v. Kayser, 257 F.3d 287 (3rd Cir. 2001).

The plaintiff asserts that since the PIP contract adopts Florida law, the parties have opted out of the provisions of the FAA. Roadway.

The Court finds that the plaintiff incorrectly interprets Roadway as allowing parties to "opt out" of the provisions of the FAA. The case clearly holds that the arbitration agreement can choose state rules and procedures, but cannot completely void the provisions of the FAA.

The plaintiff also argues that it did not enter into a contract with the defendant; thus, the FAA cannot bind the plaintiff. "While federal law may govern the interpretation and enforcement of a valid arbitration agreement, state law governs the question of whether such an agreement exists in the first place." Eassa Properties v. Shearson Lehman Bothers, Inc., 851 F.2d 1301, 1304, n.7 (11th Cir. 1988).

The FAA requires a written agreement to arbitrate between the parties. Under Florida law, if the arbitration clause is unconstitutional, there is no evidence in this case of an

9

independent written agreement in the PIP contract which would bind the defendant, the

insured or the medical provider to arbitration. Accordingly, the defendant cannot compel arbitration under the provisions of th FAA.

C.        Arbitration and the McCarran-Ferguson Act[5]

The McCarran-Ferguson Act (the Act), 15 U.S.C. § 1011, et seq, provides: "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . ., unless such Act specifically relates to the business of insurance . . .." 15 U.S.C. § 1012(b)

The defendant asserts that the Act governs the relationship between the FAA and state statutes which regulate the business of insurance, but does not apply to state case law interpreting contractual arbitration clauses.

> The Act thus bars the application of federal law if (1) the federal statute at issue does not "'specifically relat[e] to the business of insurance'"; (2) the state statute at issue was "'enacted . . . for the purpose of regulating the business of insurance'"; and (3) application of the federal statute would "'invalidate, impair or supersede'" the state statute.

---

[5] The plaintiffs in several of the consolidated cases, including UOMC in the instant case, filed supplemental memoranda of law after the issuance of the reports and recommendations on arbitration, arguing that the McCarran-Ferguson Act precluded the FAA from preempting Florida law regarding arbitration of insurance claims. Apparently the defendant chose to address this issue in the instant motion, which was filed after the supplemental memoranda in the other cases.

10

Moore v. Liberty National Life Insurance Co., 267 F.3d 1209, 1220 (11th Cir. 2001), quoting, Humana, Inc. v. Forsythe, 525 U.S. 299, 307, 119 S.Ct. 710 (1999)(discussing claims made against an insurer pursuant to 42 U.S.C. §§ 1981 and 1982).

The plaintiff's response does not address the McCarran-Ferguson Act argument,[6] nor does the defendant address it in its reply.

There is nothing before the Court demonstrating that the McCarran-Ferguson Act restricts the FAA insofar as it relates to state judicially-declared case law. The Act prohibits the FAA from impairing any "law enacted by the State." 15 U.S.C. § 1012(b). Even if the Court were to consider UOMC's supplemental memorandum of law filed in this case, that plaintiff cited no case involving

---

[6] However, UOMC previously argued, with respect to the defendant's motion to compel arbitration, that the Act relates to state law, not state statutes.
> One exception to this general rule [that an arbitration clause contained in a contract will be enforced under the FAA even if there are state laws restricting the enforceability of an arbitration agreement] is contained in the McCarran-Ferguson Act. Congress passed the McCarran-Ferguson Act to insure that the state can regulate the business of insurance "free from the inadvertent preemption by federal statutes of general applicability."

Standard Security Life Insurance Co. v. West, 127 F.Supp. 2d 1064, 1067 (W.D. Miss. 2000), quoting, Autry v. Northwest Premium Services, 144 F.3d 1037, 1040( 7th Cir. 1998). These cases discuss the same three factors for determining whether the Act precludes the FAA from preempting state insurance law, but use the term "state law" rather than "state statute." The plaintiff argues that the state law elucidated in Pinnacle clearly regulates the arbitration of insurance claims, and thus is exempted from the FAA by the Act.

11

the interaction of the Act and state court decisions related to insurance statutes. <u>West</u> involved a state statute prohibiting arbitration agreements in insurance policies; <u>Autry</u> involved a state statutes regulating financing contracts. Accordingly, the Court finds that the McCarran-Ferguson Act cannot be construed to mandate that <u>Pinnacle</u> prevents the Court from considering whether the FAA applies to the instant case. However, as discussed above, the FAA does not apply to the instant case because there is no valid arbitration contract in the PIP contract.

D.      <u>Arbitration as Related to the Assignee of the Contract</u>

The plaintiff contends that even if the arbitration clause is valid under <u>Pinnacle</u> and the FAA, the insured cannot bind the provider to an arbitration agreement which exists solely in the contract between the defendant and the insured. <u>Federated Title Insurers, Inc. v. Ward</u>, 538 So.2d 890, 891 (Fla 4th DCA 1989)("Arbitration provisions are personal covenants, usually binding only upon the parties to the covenant;" an employment contract was not binding on the parent or subsidiary of the employing corporation); <u>Karlen v. Gulf & Western Industries, Inc.</u>, 336 So.2d 461 (Fla. 3d DCA 1976)(arbitration agreement was not binding on corporate successor). The plaintiff contends that the insured cannot bind its unknown assignee, the future medical provider, to arbitration. Nor is there any contract between the defendant and the plaintiff, or between the defendant and its insured, which requires arbitration.

The defendant asserts that the plaintiff cannot base its complaint on its status as an assignee and third party beneficiary to the policy who accepted assignment of the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. <u>Interpool Ltd. v. Through Transport Mutual Insurance Assoc. Ltd.</u>, 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'
> Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'"   (citations omitted).

The result is the same under Florida law. The <u>Livingston</u> court noted that the provider has the option to not accept the assignment. The court found that when a medical provider accepted assignment under a PIP contract, he held "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract." 774 So.2d at 718. The arbitration clause at issue specifically binds the medical provider who accepts assignment, even though it has not signed the contract. Accordingly, if the Court finds that the arbitration clause in the PIP contract is valid under either Florida law or the FAA, then the clause can be enforced against the plaintiff.[7]

---

[7] The plaintiff argues that only the benefits were assigned, and that the arbitration clause was not assigned. However, none of the cases cited by the plaintiff involve a contract which states that the assignee is required to engage in arbitration.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 12th day of June, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: The attached 01-6778-Civ-Ferguson Service List

## SERVICE LIST

### CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Ultra Open MRI Corp., et al. v. Prudential Property**          01-6778

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold
                                                Lawson & Bokor)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
Richard Bokor, Esq. (P)
Lauren Levy, Esq. (D and Local Counsel for Harrison)
Kathleen Maus, Esq. (D and Local Counsel for Aldock and Klein)
John Aldock, Esq. (D)
Michael Isenman, Esq. (D)
Lisa Harrison, Esq. (D)