IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,

    Third-Party Defendant.
_____/



CASE NO. 01-8110

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

    Plaintiff,

v.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## FLORIDA FARM BUREAU'S
### EMERGENCY MOTION FOR STAY PENDING APPEAL

Defendant, Florida Farm Bureau Casualty Insurance Company ("Florida Farm Bureau") respectfully moves for a stay of all proceedings in this action



relating to Florida Farm Bureau including discovery,[1] until Florida Farm Bureau's appeal has been resolved. Because of impending discovery deadlines, Florida Farm Bureau requests expedited consideration of this emergency motion, and requests that the Court issue an order with respect to this motion no later than June 17, 2002. Florida Farm Bureau will be forced to seek a stay from the Eleventh Circuit if this Court does not issue a ruling by that date.

Florida Farm Bureau has filed a notice of appeal of the Court's May 13 and May 21 Orders (collectively, the "May Orders"). The May Orders, which require Florida Farm Bureau to participate in class discovery, are inconsistent with Florida Farm Bureau's pending Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration (filed May 11, 2001). The May Orders also are inconsistent with the Court's pronouncement at the January 25, 2002 hearing that it would rule on the pending motions to compel arbitration within 10-15 days after the hearing. The Court's failure to rule on Florida Farm Bureau's pending arbitration motion has left Florida Farm Bureau with no other choice than to file a notice of appeal with the Eleventh Circuit.

Florida Farm Bureau's appeal "'divests the district court of its control over those aspects of the case involved in the appeal.'" *Baron v. Best Buy Co.*, 79

---

[1] This includes all of the pending written class discovery requests, as well as <u>all</u> of the depositions scheduled for June and July of 2002. On May 13, 2002, Larusso served a set of interrogatories and a document request that purportedly address class certification issues. Pursuant to the Federal Rules of Civil Procedure, Florida Farm Bureau's responses are due on June 17, 2002. Further, on May 15, 2002, Larusso requested that Florida Farm Bureau and other defendants designate corporate representatives for deposition pursuant to Federal Rules of Civil Procedure 30(b)(6). Additionally, on May 20, 2002, Larusso served a request for admissions that purportedly addresses class certification issues. Pursuant to the Federal Rules of Civil Procedure, Florida Farm Bureau's response is due June 24, 2002.

F.Supp.2d 1350, 1353 (S.D. Fla. 1999) (citation omitted); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n*, 895 F.2d 711, 713 (11th Cir. 1990). The Court "'retains only the authority to act in aid of the appeal.'" *Baron*, 79 F.Supp.2d at 1353; *Showtime/The Movie Channel*, 895 F.2d at 713. As a result, Florida Farm Bureau's appeal pursuant to 9 U.S.C. § 16(a)(1)(A) requires an immediate stay of proceedings in this Court involving Florida Farm Bureau. *Baron*, 79 F.Supp.2d 1350; *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997); *SATCOM Int'l Group PLC v. ORBCOMM Int'l Partners, L.P.*, 55 F.Supp.2d 231 (S.D.N.Y. 1999). Accordingly, Florida Farm Bureau respectfully requests that the Court issue that stay.

In support of this motion, Florida Farm Bureau relies on the following memorandum of law.

## MEMORANDUM

1.   On May 11, 2001, Florida Farm Bureau filed its Motion to Compel Arbitration and to Dismiss Or Stay Proceedings Pending Arbitration ("Motion to Compel Arbitration"). In its motion, Florida Farm Bureau seeks a stay of the action, citing to 9 U.S.C. § 3. The Motion to Compel Arbitration is fully briefed and ripe for adjudication.[2]

---

[2] On November 13, 2001, Magistrate Judge Lurana S. Snow issued a Report and Recommendation recommending the denial of Florida Farm Bureau's Motion to Compel Arbitration. Both parties filed objections to the Report and Recommendation in late November, 2001.

3

2.  This court held a status conference on January 25, 2002. At the conference, the Court acknowledged that one of the issues that must be addressed before the case may proceed is whether the defendants are entitled to arbitration. January 25, 2002 Status Conference Transcript at 46. The Court indicated that it would rule on the pending arbitration motions within 10-15 days of the conference. *Id.* At 45. However, to date the Court has not ruled on Florida Farm Bureau's Motion to Compel Arbitration.

3.  On May 13, 2002, the court issued an Order stating:

> Ordered and Adjudged that the above referenced causes are STAYED in part until an order on the motions for class certification and to compel arbitration is entered. Further, discovery is limited to class certification and shall be completed by July 31, 2002.

4.  On May 21, 2002, Class Plaintiffs filed an "Emergency Motion for Clarification of May 13, 2002 Order." Class Plaintiffs asked that the Court enter an order "clarifying that the May 13 Order requires all parties in all pending actions to take part in class certification discovery, cooperate in scheduling depositions, and requires such discovery to be completed by July 31, 2002."

5.  Before Florida Farm Bureau was even provided with an opportunity to respond to Plaintiffs' emergency motion, the Court issued the May 21 Order, which states that "this Court's Order of May 13, 2002, requires that all parties in these consolidated proceedings take part and conclude class certification discovery by July 31, 2002." May 21 Order, p. 5. As stated above, Plaintiffs have issued a 30(b)(6) deposition notice to Florida Farm Bureau and also have propounded written discovery. Florida Farm Bureau expects class discovery to be onerous.

4

6. Requiring Florida Farm Bureau to participate in class discovery is inconsistent with Florida Farm Bureau's pending Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration ("Motion to Compel Arbitration"). Indeed, the May Orders effectively have denied the request for a stay.

7. Even though Florida Farm Bureau's Motion to Compel Arbitration remains pending, the court has ordered Florida Farm Bureau to participate in class discovery. Florida Farm Bureau therefore filed a notice of appeal with the Eleventh Circuit pursuant to 9 U.S.C. § 16(a)(1)(A), which provides Florida Farm Bureau with an immediate appeal as of right of any order "refusing a stay of an action under" 9 U.S.C. § 3, as the Court has done here. 9 U.S.C. § 16(a)(1)(A).

## ARGUMENT

The May Orders essentially deny Florida Farm Bureau's request, made in its Motion to Compel Arbitration, for a stay and further require Florida Farm Bureau to "take part [in] class certification discovery." May 21 Order at 5. Florida Farm Bureau has appealed those orders pursuant to 9 U.S.C. § 16(a)(1)(A), which divests this Court of "its control over those aspects of the case involved in the appeal." *Baron*, 79 F.Supp.2d at 1353. Once a notice for appeal has been filed, the "district court retains only the authority to act in aid of the appeal or to aid in the execution of judgment that has not been superseded."

Resolution of Florida Farm Bureau's motion to compel arbitration will ultimately determine whether this Court may retain jurisdiction over Plaintiffs'

5

claims. Since "the issue before the Eleventh Circuit concerns the very authority of this court to consider [Plaintiffs'] claims, it makes little sense for the litigation to continue here while the appeal is pending." *Baron,* 79 F.Supp.2d at 1353. In a similar case, the Seventh Circuit summarized its reasoning for issuing a stay pending arbitration:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps cut the loss from duplication. *Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case on appeal under § 16(a) is pending.*

*Bradford-Scott Data Corp.,* 128 F.3d at 505-06 (emphasis supplied). The Seventh Circuit therefore stayed the district court proceedings pending an appeal of the district court's denial to compel arbitration. *Id.*

Judge Jordan's opinion in *Baron* also supports Florida Farm Bureau's motion to stay. Defendant Best Buy appealed a denial by Judge King (the judge initially assigned to the case) of Best Buy's motion to compel arbitration. After the case was transferred to Judge Jordan, Best Buy appealed the denial of the arbitration motion and also moved to stay the case pending the appeal. Even though Judge Jordan concluded that Best Buy faced "an uphill battle on appeal," the Court granted the motion to stay because the question on appeal concerned "the proper forum for Ms. Baron's claims, and if the defendants prevail on the appeal, those claims will be handled by the [National Arbitration Forum]." *Baron,* 79 F.Supp.2d at 1354.

6

Similarly, if Florida Farm Bureau's motion to compel arbitration is granted (either by this Court or the Eleventh Circuit), Plaintiffs' claims against Florida Farm Bureau will be decided in the arbitral forum, and not by this Court. Staying the action pending Florida Farm Bureau's motion to compel arbitration is also consistent with the statutory objective of § 16(a) to promote arbitration. *See SATCOM Int'l Group PLC,* 55 Supp. 2d at 237.

The only exception to the rule that an immediate stay is required if a party appeals pursuant to 9 U.S.C. § 16(a)(1)(A) is inapplicable in this instance. A court may deny a stay only if the arbitration claim is frivolous. "A claim is not frivolous if it is 'colorable,' and a claim is 'colorable' if 'there is some possible validity' to it." *Baron,* 79 F.Supp.2d at 1354 (internal citation omitted). Florida Farm Bureau's arbitration claim is, at a minimum, colorable.

As set forth above, this court has yet to rule on Florida Farm Bureau's arbitration motion. The fact that Magistrate Judge Snow's report and recommendation addressing the motion has been ripe for disposition for almost seven months evidences the validity of the motion.

If this Court or the Eleventh Circuit finds that Plaintiffs' claims are subject to arbitration, the Court is *required* to stay all proceedings in this action. *Suarez-Valdez v. Shearson Lehman/American Express, Inc.,* 858 F.2d 648, 649 & n.2 (11th Cir. 1998) ("district court erred in refusing to stay discovery" where valid arbitration provision governed). This Court, however, has not issued an opinion as to the validity of the arbitration provision. Until that time, Florida Farm Bureau

7

respectfully requests that this Court stay this action pending a ruling by the Eleventh Circuit on Florida Farm Bureau's appeal of the May Orders requiring Florida Farm Bureau to participate in class discovery.

Pursuant to Local Rule 26.1, Florida Farm Bureau has contacted counsel for Plaintiffs but was unable to reach him. Accordingly, Florida Farm Bureau is filing this emergency motion because it has been unable to resolve the issues raised in this motion with Plaintiffs' counsel.

## CONCLUSION

For the foregoing reasons, Florida Farm Bureau respectfully requests that the Court stay all proceedings in this action relating to Florida Farm Bureau, including discovery, until Florida Farm Bureau's appeal has been resolved.

Respectfully submitted,

HOLLAND & KNIGHT LLP
*Counsel for Florida Farm Bureau*
701 Brickell Ave., Suite 300
Miami, Florida 33131
Phone (305) 374-8500
Fax: (305) 789-7799

By: _____
Gregory Baldwin
Florida Bar No. 527394
Rebecca A. Sack
Florida Bar No. 0156302

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U. S. Mail, on all persons on the attached Service List this 13th day of June, 2002.



## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated June 13, 2002)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Lawrence M. Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile


**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
Suite 200
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:
Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
(305)539-2495
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
Hope Lester, Esq.
hlester@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934-Facsimile

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

BUTLER BURNETTE PAPPAS
Lauren D. Levy, Esq.
llevy@bbplaw.com
Alfred I. DuPont Building
169 East Flagler Street, Suite 1300
Miami, Florida 33131
(305) 416-9998
(305-416-6848-Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
Lisa M. Harrison, Esq.
lharrison@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile