IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br>    Defendant / Third-Party Plaintiff,<br><br>v.<br><br>COMMUNITY CARE NETWORK, INC.,<br>d/b/a CCN,<br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NIGHT BOX FILED
JUN 17 2002
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### ALLSTATE INSURANCE COMPANY'S AMENDED EMERGENCY MOTION TO STAY PROCEEDINGS IN THIS MATTER PENDING RESOLUTION OF ALL ARBITRATION ISSUES AND PROCEEDINGS

Defendants, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON), Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON), Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON), Fidelity and Casualty Company of New York (Case No. 01-6779-CIV-FERGUSON) and Continental Insurance Company (Case No. 01-6779-CIV-FERGUSON) (collectively "Defendants"), hereby move this honorable Court, on an emergency basis, for entry of an Order staying this matter in its entirety, including discovery, until such time as all appeals concerning arbitration are decided and arbitration of all referable issues is completed. In support hereof, Defendants state as follows:

1

1. Over defendants' objections, on September 28, 2001, this Court ordered fifteen cases to be consolidated, essentially to ensure that discovery and other pretrial proceedings in each of the cases would move forward <u>together</u>, in an orderly and efficient manner.

2. In consolidating these lawsuits, this Court necessarily held that the common elements of each of the cases were sufficient to outweigh the defendants' desire to allow each case to pursue a separate course. Indeed, at the last status conference in this matter, held on January 25, 2002, the Court rejected defendants' suggestions that the Court should reconsider consolidation due to the complications caused by confidentiality concerns and various other issues that have been raised as to each different defendant. See Transcript of Status Conference held January 25, 2002, DE#705, at page 37.

3. Parties in seven of the fifteen consolidated cases have moved to compel arbitration of certain of the pending claims.

4. In this particular case, CCN filed a Partially Unopposed Motion to Compel Arbitration, asserting that the core issues in this case presume the existence of, arise out of, and directly relate to the agreement between Dr. Zidel and CCN, and are subject to arbitration under the terms of the arbitration clause contained within that agreement. (DE #174)

5. Allstate filed a separate pleading, formally advising the Court that Allstate joined in CCN's motion to compel arbitration, expressly and unequivocally adopting and incorporating by reference each of the various arguments made by CCN in support of its motion, including CCN's request to compel arbitration proceedings and CCN's request that this matter be stayed pending arbitration. (DE #332)

6.   In at least one of the consolidated cases, involving defendant Prudential Property and Casualty Company, the Magistrate Judge issued a Report and Recommendation which *granted* the pertinent Motion, thus requiring that claims asserted by Plaintiffs against Prudential be determined through arbitration proceedings. (DE#318)[1]

7.   In many of the other consolidated cases, including this one, the Magistrate Judge issued Reports which recommended denial of the defendants' Motions to compel arbitration.

8.   In particular, the Magistrate Judge issued a Report and Recommendation dated January 18, 2002, that denied CCN's Partially Unopposed Motion to Compel Arbitration. (DE#550)

9.   In accordance with the procedure specified in Rule 72 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 72, various parties, including CCN and Allstate, have filed Objections, requesting that this Court decline to adopt the Magistrate's recommendations to deny arbitration, and seeking a stay of these litigation proceedings pending arbitration. (DE#576 and 578) Responses to those Objections have been filed as well. (DE#591 and 600)

10.  At the Status Hearing held earlier this year, this Court recognized, correctly, that (a) an orderly pretrial process is essential to ensuring the fairness of this litigation, (b) it is essential that arbitration issues to be resolved before other aspects of the litigation, and (c) any established

---

[1]   In reaching the conclusion that the claims asserted against Prudential should be arbitrated, the Magistrate Judge found the decision in <u>Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.</u>, 753 So.2d 55 (Fla. 2000), which held unconstitutional portions of Section 627.736(5), Fla. Stat., does not apply to, and would not preclude arbitration pursuant to contractual arbitration clauses contained in insurance policies issued after February 3, 2000. In the event that this Court, or the Eleventh Circuit, were to adopt the reasoning of the Magistrate Judge in that regard, additional claims asserted pursuant to other insurance policies may be deemed to be eligible for arbitration and become the subject of additional Motions to compel arbitration.

schedule should yield to the primacy of arbitration issues and to the Court's overriding concern that pretrial proceedings in the litigation flow properly, fairly and efficiently. See Transcript of Status Conference held January 25, 2002, DE#705, at pages 31, 38, 45-46. Acknowledging the importance of these concerns, toward the end of the hearing, the Court specifically stated:

> I think you shouldn't be that concerned about the timeframe. That's the easiest of the problems to remedy. If you need more time we'll redo the scheduling order if there are good grounds for doing so. . . . I will give you a ruling on the arbitration issue. I will try to do that within the next ten to fifteen days. . . . There will be a new scheduling order that will take into consideration the fact many of the plaintiffs have come into the case long after the first. I agree the two issues, the one I addressed and the one you insist must be addressed first, the arbitration question do have to be resolved.

Id. at 38, 45-46. The Court also specifically recognized the likelihood that the arbitration issues would be the subject of one or more appeals to the Eleventh Circuit Court of Appeals, noting the likely next step would be "We'll move to the point at least where maybe someone will be appealing something interlocutory." Id. at 47.

11. Notwithstanding the Court's statements at the January hearing, the Court has not issued any orders ruling on the arbitration issue. Instead, the Court has issued orders dated May 13, 2002, and May 21, 2002, establishing a new schedule for pretrial proceedings and requiring the parties to proceed with discovery pertaining to class certification. (DE#670 and 686) In doing so, the Court also has effectively and erroneously denied the parties', including Allstate's and CNN's, requests for entry of a stay of litigation, pending arbitration. See, e.g., IDS Life Ins. Co. v. Sun America, Inc., 103 F.3d 524, 525-26 (7th Cir. 1996)(construing a failure by the District Court to explicitly rule on Motion to stay as a "constructive denial" of the Motion).

12. Notices of Appeal to the Eleventh Circuit Court of Appeals, appealing this Court's denials of requests to stay litigation pending arbitration, have been filed by defendants Prudential, Metropolitan, Hartford, and Integon, Florida Farm Bureau, Allstate and CCN. (e.g. DE#684, 714, 715, 716, 718)

13. Section 3 of the Arbitration Act, requires a court to stay "any suit ... brought in any of the courts of the United States upon any issue referable to arbitration." 9 U.S.C. § 3. See Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F.2d 648, 649 & n.2 (11th Cir. 1998)(issuing writ of mandamus requiring entry of stay of discovery pending arbitration because the "district court has no discretion" not to do so when an agreement to arbitrate applies). Arbitrations are thus given priority over related litigation, appeals from denials of arbitration must be resolved before parties are forced to litigate in court and appellants challenging a denial of a motion to stay pending arbitration are entitled to a stay of all district court proceedings concerning them until their appeals are decided. Id. See Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504 (7th Cir. 1997); In re: Managed Care Litigation, 2001 WL 664391 (S.D. Fla., June 12, 2001); Baron v. Best Buy Co., Inc., 79 F. Supp.2d 1350 (S.D. Fla. 1999).

14. In complex cases involving multiple parties and issues, only some of which may be subject to arbitration, as in these proceedings, arbitration issues must be given priority to proceed, while the remainder of the case is stayed until arbitrations are completed or denials of arbitration are appealed and affirmed. See, e.g., Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 387 (8th Cir. 1983)(affirming imposition of stay which also covered non-parties to the arbitration agreement, under Section 3 of the Arbitration Act and on other grounds as well); IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 530 (7th Cir.1996) (interests of judicial economy

and principles of abstention applicable to parallel proceedings require a stay); Western Int'l Media Corp. v. A.R. Johnson, 754 F. Supp. 874, 874 (S.D. Fla. 1991) (stay of all claims pending arbitration involving only some of the parties is appropriate to prevent the possibility of inconsistent results and avoid unnecessary duplication and waste).

15. Requiring the parties to these consolidated actions to proceed with litigation before the arbitration appeals are decided and arbitration proceedings, if deemed warranted, are completed, violates the Federal Arbitration Act, is inconsistent with proper case management principles and is contrary to the purposes of consolidation. See, e.g., Baron, 79 F. Supp.2d at 1353 (since "the issue before the Eleventh Circuit concerns the very authority of this Court to consider [plaintiffs'] claims, it makes little sense for the litigation to continue here while the appeal is pending"). See also MS Dealer Service Corp. v. Franklin, 177 F.3d 942, 944-47 (11th Cir. 1999) (non-signatory to contract may enforce arbitration clause against signatory)

16. Section 3 of the Arbitration Act, requires a court to stay "*any* suit ... brought in any of the courts of the United States upon *any* issue referable to arbitration." 9 U.S.C. § 3 (emphasis added). This provision has been construed as permitting the entry of a stay of litigation, including proceedings between non-arbitrating parties, as long as the lawsuit is based on issues referable to arbitration under an arbitration agreement governed by the Arbitration Act. See Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 387 (8th Cir. 1983)(affirming imposition of stay which also covered non-parties to the arbitration agreement, under Section 3 of the Arbitration Act and on other grounds as well); American Home Assurance Co. v. Vecco Concrete Construction Co., 629 F.2d 961, 964 (4th Cir. 1980)(Section 3 of the Arbitration Act authorizes a stay in favor of a non-party to arbitration). That is precisely what is involved here.

17.     Based on plaintiff's pleadings, the outcome of this specific case incontrovertibly depends on the rights applicable to Dr. Zidel, CCN and Allstate pursuant to the terms of Dr. Zidel's agreement with CCN.[2] CCN is a party to this litigation and disputes Dr. Zidel's claims regarding CCN's authority to allow access to CCN rates. That dispute centers on the differences between Dr. Zidel's interpretation that the agreement does not include automobile insurers as "payors," and the interpretation by CCN and Allstate that "payors" include automobile insurers. In addition, because Dr. Zidel broadly alleges that Allstate has "illegitimately discounted" medical bills without providing steerage or other consideration, the agreement also will have to be interpreted to determine whether such steerage or other consideration is actually required. Resolution of the claims asserted by plaintiff against Allstate, as well as Allstate's defenses to those claims, therefore, necessarily requires an interpretation of Dr. Zidel's agreement with CCN, an issue which assertedly is subject to arbitration. Cf. HCA Health Serv. of Georgia v. Employers Health Ins. Co., 22 F. Supp. 2d 1390

---

[2]     In his Second Amended Complaint in this action, plaintiff Paul Zidel, M.D. ("Dr. Zidel") alleges, among other things, that he entered into an agreement with Third-Party defendant Community Care Network, Inc. ("CCN") to accept certain negotiated rates for his services when rendered to individuals insured by certain insurance companies (Id., ¶¶ 15, 22); he signed a Professional Care Provider Agreement with CCN, thus agreeing to become a preferred provider for CCN "payor organizations" (Second Amended Complaint, ¶¶ 36, 37 and Exhibit A thereto); his agreement "does not allow CCN to allow automobile insurers ... access to Dr. Zidel's preferred provider rates" (Id., ¶ 37); his agreement "with CCN did not authorize the application of his discounts by automobile insurers" (Id., ¶ 39); Allstate began to apply the CCN contractual rates to his medical bills when he treated patients covered by an Allstate automobile insurance policy (Id., ¶ 22); Allstate had no right to apply such rates since Allstate never became a "legitimate participant" in his PPO with CCN (Id., ¶ 24); although Allstate was not entitled to apply the CCN rates "under the terms and conditions of ... the CCN PPO contract with Dr. Zidel," and Allstate was not a "proper payor" under that agreement, CCN allowed Allstate access to its rates (Id., ¶¶ 24-26, 40); and Allstate applied the [CCN] rates "as if it were a legitimate participant" in the CCN PPO, thus engaging in a "Silent PPO" with CCN. (Id., ¶¶ 25, 26, 27.)

(N.D. Ga. 1998)(decision of whether discounts were properly applied is based on the terms of the applicable contract).

18.    Even if Section 3 is construed not to directly authorize a stay in favor of a non-party to the arbitration agreement in question, moreover, Allstate and the other parties to this consolidated matter are entitled to a stay of litigation "under the doctrine of abstention applicable to parallel proceedings in the judicial and arbitral forums," which seeks to avoid, among other things, the potential for inconsistent results IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 530 (7th Cir. 1996). See Nootens v. Madison Gas And Electric Co., 1998 WL 719611 (N.D. Ill. Oct. 8, 1998)("Judicial economy and principles of parallel proceedings require a stay ... ."); Creative Foods of Indiana, Inc. v. My Favorite Muffin, Too, Inc., 2002 W.L. 244577 (S.D. Ind. Jan. 14, 2002)(issuing stay of third parties based on "parallel proceedings" abstention).

19.    A stay also is well-warranted as a matter of law, because the filing of a notice of appeal from the denial of arbitration confers jurisdiction on court of appeals, divests this court of its control over those aspects of case involved in appeal and renders impractical any attempt to proceed with discovery without the parties to the appeal. Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 505-06 (7th Cir. 1997)(all district court proceedings should be stayed until appeals were decided as it "is fundamental to a hierarchical judiciary that 'a federal district court and federal court of appeals should not attempt to assert jurisdiction over case simultaneously.'") . See In re: Managed Care Litigation, 2001 WL 664391, *3, & n.2 (S.D. Fla., June 12, 2001)(deeming Bradford-Scott, to be "persuasive" authority); Baron v. Best Buy Co., Inc., 79 F. Supp.2d 1350 (S.D. Fla. 1999) (following Bradford-Scott). Cf. Showtime/the Movie Channel,

Inc. v. Covered Bridge Condo. Ass'n., 895 F.2d 711, 713 (11th Cir. 1990) (the district court "retains only the authority to act in aid of the appeal").

20.  Only by entering a stay requiring all proceedings in this court to await the resolution of the various motions to compel arbitration, including related appeals and any subsequent arbitration proceedings, can this Court ensure that all fifteen of these consolidated cases are able to move forward fairly, efficiently, and as a unified block, as the Court contemplated when it granted plaintiffs' motion for consolidation.

21.  The decision in the Managed Care Litigation addressed a closely-related question. That multi-district litigation involved twenty individual plaintiffs, four association plaintiffs, and twelve named defendants, with claims divided into two separate but overlapping groups referred to as "provider track cases" and "subscriber track cases." One of the defendants moved to stay all discovery pending appellate review of the district court's order denying in part various defendants' motions to compel arbitration. In re: Managed Care Litigation, 2001 WL 664391 at * 1. Alternatively, the defendant requested that all provider track discovery be stayed until the district court ruled on certain providers' motions to dismiss and to compel arbitration. Id. at *2. The Court considered at length the practical aspects and effects of the requests, commenting:

> Discovery from this case has the potential to consume vast resources from all litigants. The Court does not desire to see duplication of effort. Under current circumstances, it would be burdensome if the Defendants -- many of whom are involved in both subscriber and provider track cases -- were required to conduct quite similar discovery first with Provider Plaintiffs and them with Subscriber Plaintiffs. While the Court already has granted Provider and Subscriber Plaintiffs' request to be permitted to share discovery materials, the granting of this request will not eliminate the plaintiffs' right to depose Defendants' corporate representatives. Discovery, when the stay is lifted, shall continue in a fashion that will not duplicate efforts and will cause

9

>the least possible disruption to Defendants' businesses. ... Parallel discovery is the most efficient way for this multi-district litigation to proceed.

Id. at 3.

22.  It is well-established, moreover, that Courts should exercise their inherent power to control their dockets and ensure fairness, by taking into account factors such as those considered by the Court in Managed Care Litigation, and staying all proceedings in multi-party litigation, even where only some of the parties or some of the issues are involved in the appeal of arbitration issues. E.g., Western Int'l Media Corp. v. A.R. Johnson, 754 F. Supp. 874, 874 (S.D. Fla. 1991)(stay of cross-claims pending arbitration involving some of the parties was appropriate because allowing court proceedings to continue with respect to other defendants could lead to inconsistent results and unnecessary duplication and waste); Worldcrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997)(even as to litigants who are not party to an arbitration agreement, district courts "may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 386 (8th Cir. 1983)(district court properly exercised its inherent power to grant stay of all proceedings in consolidated action pending arbitration involving some but not all of the parties); American Home Assurance Co. v. Vecco Concrete Construction Co., 629 F.2d 961, 964 (4th Cir. 1980)([w]hile it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action");. See also Bradford-Scott, 128 F.3d at 506-07 (the "district judge should decide whether discovery among [plaintiff] and the defendants who have not appealed

sensibly can proceed without" the parties to the appeal and, "if not, the judge should put a hold on discovery until the appeals have been resolved."); Aggrow Oils, L.L.C. v. National Union Fire Ins. Co. of Pittsburgh, 242 F.3d 777, 783 (8th Cir. 2001)(A pending arbitration should "be given priority to the extent it is likely to resolve issues material to this lawsuit" even though "the lawsuit involves more parties and claims than the arbitration. In a complex, multi-party dispute of this type, issues such as the risk of inconsistent rulings, the extent to which the parties will be bound by the arbitrator's decision, and the prejudice that will result from delays must be weighed ... ."); Summer Rain v. The Donning Company/Publishers, Inc., 964 F.2d 1455, 1461 (4th Cir. 1992)(if non-arbitrable issues depend on arbitrable issues, or if resolution of arbitrable issues would render the district court's ruling on non-arbitrable issues unnecessary, "litigation on non-arbitrable issues should be stayed pending arbitration.")

23.    In the instant case, the substance of the claims asserted against each of the defendants, as well as the primary, factual prerequisites for class certification, are likely indistinguishable. Potential discovery involving the non-appealing parties, particularly as to class certification, will be fundamentally and inextricably intertwined with potential discovery involving those parties who have or will appeal. In the event the appealing parties were not to prevail in the Eleventh Circuit, much of the class action discovery would have to be repeated upon their return to the consolidated proceedings. This court should act to ensure to orderly and efficient conduct of this litigation by staying proceedings until at least such time as the appeals from this Court's denial of arbitration are resolved. E.g., Bradford-Scott, 128 F.3d at 506-07; Managed Care Litigation, 2001 WL 664391 at * 3; Baron v. Best Buy Co., Inc., 79 F. Supp.2d 1350 (S.D. Fla. 1999).

24. In light of the vast potential for overlapping and potentially contradictory determinations of law, moreover, in the event that parallel arbitration proceedings are permitted to proceed, this Court must give primacy to the arbitrations and stay litigation of these matters until any required arbitrations are concluded. E.g., Western Int'l Media Corp. v. A.R. Johnson, 754 F. Supp. 874, 874 (S.D. Fla. 1991)(stay of claims pending arbitration is appropriate to avoid possible inconsistent results and unnecessary duplication and waste). See Gary Turner v. Bain & Co., 1997 W.L. 638521 (N.D. Ill. 1997)(district court stayed claims against party not in privity to arbitration agreement because claims "depend on the validity" of the contract containing the arbitration agreement.").

25. Emergency relief is essential to protect Allstate from substantial prejudice which will result if Defendants are required to comply with the looming discovery deadlines. Plaintiffs have served written discovery requests, including Requests for Production of Documents, Interrogatories and Requests for Admission, on Defendants. Responses to the Requests for Production of Documents and the Interrogatories are purportedly due on June 17, 2002. Responses to the Requests for Admission purportedly are due on June 24, 2002. Plaintiffs also have purported to schedule depositions during the months of June and July, 2002. Defendants do not wish to appear to be acting in disregard of their obligations to address the propounded discovery. If forced to respond, however, Defendants may be placed in the untenable position of later facing a claim of waiver as to their right to compel arbitration by virtue of the extent of its "participation" in the litigation. The looming discovery deadlines thus require immediate relief, and, accordingly, Defendants respectfully request expedited consideration of this Emergency Motion.

## Conclusion

For each of the foregoing reasons, Defendants, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York, and Continental Insurance Company, respectfully request that this Court stay all proceedings in these consolidated matters until such time as all appeals concerning arbitration are decided and arbitration of all referable issues is completed.

## Request for Oral Argument

Defendants believe that oral argument would be helpful to the Court because the procedural posture of the case is complex and disputed. Oral argument could help to flesh out the status of the case as well as the importance of obtaining immediate relief in the form of a stay of further proceedings. Given the emergency nature of this Motion, Defendants hereby request oral argument on this Motion take place by means of a telephone conference. Defendants estimate that the time required for oral argument would be ten minutes for each side.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 17TH day of June, 2002.

_/s/ David S. Shelton_

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate Insurance Co., Allstate Indemnity Co., Deerbrook Insurance Co., Fidelity and Casualty Co. of New York, | Attorneys for Allstate Insurance Co., Allstate Indemnity Co., Deerbrook Insurance Co., Fidelity and Casualty Co. of New York, |

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021