IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly )
situated, )
    Plaintiffs, )
)
v. )
)
ALLSTATE INSURANCE COMPANY, )
    Defendant / Third-Party Plaintiff, )
)
v. )
)
COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
    Third-Party Defendant. )
_____)

NIGHT BOX
FILED

JUN 1 ... 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### ALLSTATE INSURANCE COMPANY AND OTHERS' EMERGENCY MOTION FOR PROTECTIVE ORDER

Defendants, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON), Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON), Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON), Fidelity and Casualty Company of New York (Case No. 01-6779-CIV-FERGUSON) and Continental Insurance Company (Case No. 01-6779-CIV-FERGUSON) (collectively "Defendants"), hereby moves this honorable Court, on an emergency basis, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26(c), and without waiver of any right to arbitrate in this matter, for entry of an Order that discovery not proceed in these consolidated actions until the issue of whether the parties are entitled to a stay pending appeal has been resolved and thereafter until such time as all appeals concerning arbitration are decided and arbitration of all referable issues is completed. Requiring Defendants to participate in discovery while the parties' appeals to the Eleventh Circuit, including Allstate's, are pending, is contrary to the Federal

Arbitration Act, 9 U.S.C. § 1, et seq., and established precedent. In support hereof, Defendants state as follows:

1. On June 12, 2002, Allstate filed a Notice of Appeal pursuant to §16(a)(1)(A) of the Federal Arbitration Act, 9 U.S.C. §16(a)(1)(A), seeking review by the Eleventh Circuit Court of Appeals of this Court's Order of May 13, 2002 entitled "Order Staying Causes Pending Ruling on Motions for Class Certification and to Compel Arbitration and Limiting Discovery to Class Certification" and Order of May 21, 2002 entitled "Order on Class Plaintiffs' Emergency Motion for Clarification," which refused a stay of this action under section 3 of the Federal Arbitration Act. (DE#726)

2. Allstate's appeal divests this Court of "its control over those aspects of the case involved in the appeal." Baron v. Best Buy Co., Inc., 79 F. Supp.2d 1350, 1353 (S.D. Fla. 1999)(citation omitted). Therefore, a "stay is required" of "[a]ll matters in this case," including discovery. Id. at 1353, 1356 (citation omitted). See Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504 (7th Cir. 1997); In re: Managed Care Litigation, 2001 WL 664391 (S.D. Fla., June 12, 2001). See also Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F.2d 648, 649 & n.2 (11th Cir. 1998)(issuing writ of mandamus requiring entry of stay of discovery pending arbitration because the "district court has no discretion" not to do so when an agreement to arbitrate applies).

3. In conjunction herewith, Defendants are filing an Amended Emergency Motion To Stay Proceedings In This Matter Pending Resolution Of All Arbitration Issues And Proceedings.

4. Defendants have requested that Plaintiffs agree to hold all discovery obligations in abeyance pending resolution of that Emergency Motion, but Plaintiffs have declined to do so.

5. Plaintiffs have served written discovery requests, including Requests for Production of Documents, Interrogatories and Requests for Admission, on Defendants. Responses to the Requests for Production of Documents and the Interrogatories are purportedly due on June 17, 2002. Responses to the Requests for Admission purportedly are due on June 24, 2002.

6. Plaintiffs also have purported to schedule depositions during the months of June and July, 2002. In particular, Plaintiffs have tendered a "Notice of Taking Rule 30(b)(6) Depositions Of Corporate Representatives On Class Discovery Issues" for (a) Allstate Insurance Company, on July 10, 2002; (b) Allstate Indemnity Company, on July 10, 2002; (c) Community Care Network, on July 15, 2002; (d) Progressive Express Insurance Company, on June 17, 2002; (e) Progressive Consumers Insurance Company, on June 17, 2002; (f) Progressive Bayside Insurance Company, on June 17, 2002; (g) Progressive American Insurance Company, on June 17, 2002; (h) Beech Street Corporation, on July 17, 2002; (i) ADP Integrated Medical Solutions, Inc., on June 28, 2002; (j) Liberty Mutual Insurance Company, on July 17, 2002; (k) Deerbrook Insurance Company, on July 10, 2002; (l) Prudential Property and Casualty Insurance Company, on July 24, 2002; (m) Fidelity and Casualty Company of New York, on July 11, 2002; (n) The Continental Insurance Company, on July 11, 2002; (o) Integon National Insurance Company, on July 9, 2002; (p) Integon General Insurance Company, on July 9, 2002; (q) Metropolitan Casualty Insurance Company, on June 26, 2002; (r) Nationwide Mutual Insurance Company, on July 12, 2002; (s) Florida Farm Bureau Insurance Company, on June 25, 2002; (t) Hartford Insurance Company of the Midwest, on June 26, 2002; and (u) American International Insurance Company, on June 28, 2002.

7. Defendants do not wish to appear to be acting in disregard of its obligations to address the propounded discovery. If forced to respond to the written discovery requests and to attend the substantial number of noticed depositions, however, Defendants may be placed in the untenable position of later facing a claim of waiver as to their right to compel arbitration by virtue of the extent of its "participation" in the litigation. The looming discovery deadlines thus require immediate relief, and, accordingly, Defendants respectfully request expedited consideration of this Emergency Motion For Protective Order.

8. For the reasons explained in Defendants' Amended Emergency Motion To Stay Proceedings In This Matter Pending Resolution Of All Arbitration Issues And Proceedings, each of which is incorporated herein by reference, Defendants respectfully submit this Court should now stay any further proceedings in these actions and also enter a protective order holding, at a minimum, that discovery not be had as to any party, including these Defendants, until the issue of whether the parties are entitled to a stay pending appeal has been resolved.

## Conclusion

For each of the foregoing reasons, Defendants, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York, Continental Insurance Company, respectfully request that this Court enter a protective order that discovery not proceed in these consolidated matters until such time as the Amended Emergency Motion To Stay Proceedings In This Matter Pending Resolution Of All Arbitration Issues And Proceedings is decided by this Court and thereafter until such time as all appeals concerning arbitration are decided and arbitration of all referable issues is completed.

## Certification of Counsel

Pursuant to Local Rule 26.1(I), I hereby certify that counsel for Defendants conferred with Eric Lee, Esq., counsel for Plaintiffs, in a good faith effort to resolve the issues raised in this Emergency Motion For Protective Order, but has been unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 18TH day of June, 2002.

*[signature: David Shelton]*

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York, Continental Insurance Company | Attorneys for Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York, Continental Insurance Company |

660576

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021