# UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-06061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly
situated,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

NIGHT BOX
FILED

JUN 1 9 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and all
others similarly situated,

      Plaintiff,

v.

                               CASE NO: 01-8108-CV-Ferguson/Snow

NATIONWIDE MUTUAL INSURANCE
COMPANY,

      Defendant.

_____/

## MOTION OF DEFENDANT, NATIONWIDE MUTUAL INSURANCE COMPANY, FOR A PROTECTIVE ORDER REGARDING CLASS PLAINTIFFS' CONSOLIDATED CLASS DISCOVERY REQUEST FOR PRODUCTION OF DOCUMENTS

      Defendant, Nationwide Mutual Insurance Company (hereinafter "Nationwide"), by and

through its undersigned attorneys, moves the Court for a protective order staying any response by

Nationwide to Class Plaintiffs' Consolidated Class Discovery Request For Production Of

Documents To Insurance Company Defendants."  In support of its motion, Nationwide states as follows.

1.    The present action involves a claim seeking recovery of damages in connection with the PIP payment procedures of the defendant, Nationwide, in Florida.

2.    The plaintiff instituted this action individually as well as on behalf of a class of similarly situated individuals.

3.    In response to the plaintiff's Amended Complaint the defendant Nationwide filed on October 24, 2001 a "Motion to Compel Arbitration, Or In The Alternative, To Dismiss."

4.    In said motion the defendant Nationwide seeks to compel arbitration of the dispute on the basis that the contract the Plaintiff had with the PPO contained an arbitration clause which specifically stated, "Any dispute arising over the terms and conditions of this agreement which the parties are unable to resolve themselves shall be submitted, upon the motion of any party, to arbitration under the appropriate rules of the AAA." Nationwide further argued that it was a "payor" as defined under said agreement and therefore Nationwide was a third-party beneficiary of that contract and entitled to arbitration.

5.    Under Florida law, participation in discovery, while the Motion to Compel Arbitration is pending would act as a waiver of all demands and rights of to arbitration asserted on behalf of the defendant, Nationwide.

6.    As a result of the pending Motion to Compel Arbitration, Or In The Alternative, To Dismiss, the defendant, Nationwide, has not engaged in discovery.

2

7.    Nationwide's Motion to Compel Arbitration, Or In The Alternative, To Dismiss, remains pending.

8.    On May 13, 2002, the Court entered a new scheduling order and an order staying the cases, in part, "until an order on the motions for class certification and to compel arbitration is entered." The Court limited discovery to the issue of class certification and ordered that such discovery be completed by July 31, 2002. A true and accurate copy of said Order is attached hereto as Exhibit "A".

9.    On May 21, 2002, the Court issued another Order vacating the May 13, 2002 order and directing that "all parties in these consolidated proceedings take part and conclude class certification discovery by July 31, 2002." A true and accurate copy of said Order is attached hereto as Exhibit "B".

10.    The defendant, Nationwide, has filed an appeal of the orders of this Court dated May 13, 2002 ("Order Staying Causes Pending Ruling on Motions for Class Certification and to Compel Arbitration and Limiting Discovery to Class Certification") and May 21, 2002 ("Order on Class Plaintiffs' Emergency Motion for Clarification") to the Court of Appeals for the 11th Circuit.

11.    On May 13, 2002 the Plaintiff served discovery demands on the defendant, Nationwide, entitled, "Class Plaintiffs' Consolidated Class Discovery Request For Production Of Documents To Insurance Company Defendants." Said document seeks various types of information including information about any contracts or agreements among Nationwide, health care providers, PPOs and/or the Class Plaintiffs, documents related to profits or savings realized by Nationwide through

3

use of the PPO system, documents and manuals regarding the processing of PIP claims at PPO rates, and documents reflecting the amount of money Nationwide paid to PPOs.

12.    In the present action, the parties have reached no agreement regarding confidentiality and the Court has entered no order protecting the confidential nature of any information that may be produced in the course of discovery by the defendant Nationwide.

13.    The defendant, Nationwide, may not participate in discovery without waiving its argument that this matter is subject to arbitration.

14.    The defendant Nationwide will be prejudiced by being forced to participate in discovery and thereby being compelled to waive its argument that Nationwide has a right to arbitrate this matter.

15.    The defendant Nationwide will be prejudiced by being forced to participate in discovery and thereby being compelled to disclose potentially confidential information without any confidentiality agreement or order in place.

WHEREFORE, the moving defendant, Nationwide Mutual Insurance Company, respectfully requests that the Court enter a Protective Order staying all discovery, including staying any response by Nationwide to Class Plaintiffs' Consolidated Class Discovery Request For Production Of Documents To Insurance Company Defendants pending the disposition of: (a) the Motion to Dismiss,(b) Nationwide's Appeal of the Court's orders dated May 13, 2002 and May 21, 2002, and (c) the issuance of a confidentiality order.

4

## MEMORANDUM OF LAW IN SUPPORT[1]

## FACTS

The present action involves a claim seeking recovery of damages in connection with the PIP payment procedures of the defendant, Nationwide Mutual Insurance Company (hereinafter "Nationwide"), in Florida. The plaintiff instituted this action individually as well as on behalf of a class of similarly situated individuals.

In response to the plaintiff's Amended Complaint the defendant Nationwide filed on October 24, 2001 a Motion to Compel Arbitration, or in the alternative, to Dismiss. The parties completed the briefing on this motion on November 26, 2001.

In said motion the defendant Nationwide seeks to compel arbitration of the dispute on the basis that the contract the Plaintiff had with the PPO contained an arbitration clause which specifically states, "Any dispute arising over the terms and conditions of this agreement which the parties are unable to resolve themselves shall be submitted, upon the motion of any party, to arbitration under the appropriate rules of the AAA." Nationwide further argued that it was a "payor" as defined under said agreement and therefore Nationwide was a third-party beneficiary of that contract and entitled to arbitration. As a result of that Motion the defendant, Nationwide, has not engaged in discovery. That Motion remains pending.

On May 13, 2002, the Court entered a new scheduling order and an order staying the cases, in part, "until an order on the motions for class certification and to compel arbitration is entered." The Court limited discovery to the issue of class certification and ordered that such discovery be completed by July 31, 2002. A true and accurate copy of said Order is attached

---

[1]     Nationwide adopts its arguments made previously in its Motion to Stay action, including all discovery. (Docket Number 261)

hereto as Exhibit "A".

On May 21, 2002, the Court issued another Order vacating the May 13, 2002 order and directing that "all parties in these consolidated proceedings take part and conclude class certification discovery by July 31, 2002." A true and accurate copy of said Order is attached hereto as Exhibit "B".

The defendant, Nationwide, has filed an appeal of the orders of this Court dated May 13, 2002 ("Order Staying Causes Pending Ruling on Motions for Class Certification and to Compel Arbitration and Limiting Discovery to Class Certification") and May 21, 2002 ("Order on Class Plaintiffs' Emergency Motion for Clarification") to the Court of Appeals for the 11th Circuit.

Since the Court's order of May 13, 2002 the plaintiff has attempted to engage in discovery. On May 13, 2002 the Plaintiff served discovery demands on the defendant, Nationwide, entitled, "Class Plaintiffs' Consolidated Class Discovery Request For Production Of Documents To Insurance Company Defendants." Said document seeks various types of information including information about any contracts or agreements among Nationwide, health care providers, PPOs and/or the Class Plaintiffs, documents related to profits or savings realized by Nationwide through use of the PPO system, documents and manuals regarding the processing of PIP claims at PPO rates, and documents reflecting the amount of money Nationwide paid to PPOs.

On May 13, 2002 the Plaintiff also served discovery demands on the defendant, Nationwide, entitled, "Class Plaintiffs' Consolidated Class Discovery Interrogatories To Insurance Company Defendants." Said document seeks various types of information including information about any contracts or agreements among Nationwide, health care providers, and/or

PPOs, insurance contracts, the amount of profits or savings realized by Nationwide through use of the PPO system, the total number of other similar lawsuits, and information regarding the processing of PIP claims at PPO rates.

On May 21, 2002 the Plaintiff served discovery demands on the defendant Nationwide entitled "Class Plaintiffs' Consolidated Class Discovery Request For Admissions To Insurance Company Defendants." Said document seeks various types of information including information about any agreements Nationwide had with health care providers or PPOs, details of Nationwide's insurance policies, details with regard to any PPO at issue, and details pertaining to the computer software programs used to process bills. Plaintiff even asks the defendant Nationwide to admit a violation of a Florida statute.

On or about May 30, 2002, the Plaintiff scheduled the deposition of the Rule 30(b)(6) corporate designee of the defendant, Nationwide, for July 17, 2002 to testify regarding: "1. PIP claim document retention policies of Florida PIP claims; 2. Computerized database information relating to Florida PIP claims; 3. The ability to generate, create, or run reports of PPO reductions applied to healthcare provider bills with relation to Florida PIP claims; 4. The ability to ability to generate, create, or run reports for specific information relating to PPO reductions applied to Florida PPI (sic) claims; 5. All acts which you intend to utilize in opposition to Class Plaintiff's Motion for Class Certification; [and] 6. The number, geographic area, and status of claims, complaints, and demands against you relating to PPO reductions in Florida. The information sought is limited to payments made under Florida Automobile Insurance policies."

In the present action, there is no confidentiality order is in place relative to protecting the confidential nature of any information that may be produced in the course of discovery by the

defendant Nationwide.  The parties have been unable to agree to reach an agreement on a confidentiality order.

## ARGUMENT

    A.    <u>Motion to Dismiss</u>

Under Fed. R. Civ. P. 26(c), this Court has the discretion to enter orders governing the orderly conduct of discovery.  More specifically, a court may "make any order which justice requires to protect a party or person from ... undue burden or expense." Fed. R. Civ. P. 26(c). In the present matter, the Court should issue a Protective Order staying all discovery, pending the resolution of certain issues.

In the case of <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1368 (11th Cir. 1997) the Court found:

> If the district court dismiss is a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.  For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.  Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the cases does nothing but waste the resources of the litigants in the any action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

<u>Chudasama</u>, 123 F.3d at 1368.

As in <u>Chudasama</u>, Nationwide filed a Motion to Compel Arbitration, or in the alternative, to Dismiss.  Said motion argued, in part, that the instant matter was subject to arbitration pursuant to a contract between the plaintiff health care provider and the PPO.  It was further argued that if Nationwide engaged in discovery of any type in this litigation that Nationwide

would waive its right to arbitration. Resolution of that motion in favor of arbitration would obviate any need for discovery in the present matter. That motion by Nationwide is still pending.

On May 13, 2002 and May 21, 2002, the Court directed the parties to engage in and complete class discovery by July 31, 2002. The plaintiff then served discovery demands including Requests for Admissions, Interrogatories, Requests for Production of Documents and also served a Notice of Taking Rule 30(b)(6) Depositions of Corporate Representatives of the defendant, Nationwide.

However, given Nationwide's pending Motion to Compel Arbitration, or in the Alternative to Dismiss, it would be inappropriate for Nationwide to be forced to respond to the plaintiff's discovery demands or to produce any 30(b)(6) corporate designee for depositions. If Nationwide is forced to engage in such discovery or participate in depositions it will also be forced to waive its right to arbitration. Consequently, this Court should issue a Protective Order staying all discovery, including Rule 30(b)(6) depositions, until: (a) the issue of arbitrability is decided and (b) Nationwide's appeal of this Court's Orders dated May 13, 2002 and May 21, 2002 is decided. See Baron v Best Buy Co. 79 F. Supp. 2d 1350 1352 (S.D. Fla 1999)(discovery cannot proceed while question of arbitrability is pending); Suarez-Valdez v. Shearson/Lehman/ Am. Express, Inc., 858 F.2d 648, 649 (11th Cir. 1988)(granting writ of mandamus to require a district court to stay discovery pending arbitration proceedings). By resolving that motion before forcing Nationwide to spend the time and money to engage in discovery of any type in this matter, unnecessary costs to the litigants and to the court system can be potentially avoided. Chudasama, 123 F.3d at 1368; see also Petrus v. Bowen, 833 F.2d 581 (5th Cir. 1987)(trial court has broad discretion and inherent power to stay discovery until preliminary questions that may

dispose of the case are determined).

B.    Confidentiality

There has been no confidentiality order agreed to by the parties or entered by the Court in this matter.  The Plaintiff has served on Nationwide a Request for Production of Documents, Interrogatories and Request for Admissions, as well as a Notice of Notice of Taking Rule 30(b)(6) Depositions of Corporate Representatives of the defendant, Nationwide.  In these documents, as described above, the plaintiff detailed documents and information about the internal operations of Nationwide, much of which is proprietary and extremely confidential in nature.

If the defendant, Nationwide, is forced to produce a 30(b)(6) corporate representative for depositions, or serve responses to the plaintiffs Request for Production of Documents, Interrogatories or Request for Admissions confidential and proprietary information will be disclosed to all parties to this litigation.  Many of the co-defendants in this action are insurance companies competing with Nationwide for business in Florida.  If the Court does not impose a confidentiality agreement, then Nationwide's competitors will have unrestricted use of all information discovered in this action and can use it to seek unfair competitive advantages over Nationwide.

Absent a confidentiality order, it would be improper for Nationwide to be compelled to produce a 30(b)(6) corporate representative for depositions, and also improper for Nationwide to be compelled to serve responses to Plaintiff's Request for Production of Documents, Interrogatories or Request for Admissions.  Thus, consistent with the Court's discretion under Fed. R. Civ. P. 26(c), to enter orders governing the orderly conduct of discovery, this Court

should issue a Protective Order staying all discovery, including Rule 30(b)(6) depositions, until a confidentiality order is in place. <u>Scroggins v. Air Cargo, Inc.</u>, 534 F.2d 1124 (5th Cir. 1976), (district judge has broad discretion in discovery matters); <u>Petrus v. Bowen</u>, 833 F.2d 581 (5th Cir. 1987).

## CONCLUSION

Wherefore, the moving defendant, Nationwide Mutual Insurance Company, respectfully requests that the Court enter a Protective Order staying all discovery, including staying any response by Nationwide to Class Plaintiffs' Consolidated Class Discovery Request For Production of Documents To Insurance Company Defendants pending the disposition of: (a) Nationwide's Motion to Compel Arbitration, or in the Alternative to Dismiss, (b) Nationwide's Appeal of the Court's orders dated May 13, 2002 and May 21, 2002, and (c) the issuance of a confidentiality order governing discovery in this litigation.

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S.

Mail to all the persons on the attached service list on the _18th_ day of June, 2002.

_Katherine C Clark_
Attorney

H:\KCL\Nationwide Ins\LARUSSO\pld\protective-order-depos.wpd

13

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of          CONSOLIDATED CASE NO. 00-6061-
himself and others similarly          CIV-FERGUSON/SNOW
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.

_____

KEITH BRICKELL, D.C., individually          00-6649
and on behalf of himself and others
similarly situated,

    Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

    Defendants.

_____



FILED by _____ D.C.

MAY 1 3 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

MARC J. BROWNER, D.C., individually                    00-7163
and on behalf of himself and others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

    Defendants.

---

SALVATORE D. LARUSSO, D.C., d/b/a                      00-7692
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE and
COMMUNITY CARE NETWORK, INC.,

    Defendants.

---

ULTRA OPEN MRI CORPORATION, on behalf                  01-6776
of itself and others similarly situated,

    Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

    Defendant.

---

-2-

ULTRA OPEN MRI CORPORATION, on behalf                          01-6777
of itself and others similarly situated,

    Plaintiffs,
v.

DEERBROOK INSURANCE COMPANY,

    Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                          01-6778
of itself and others similarly situated,

    Plaintiffs,
v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                          01-6779
of itself and others similarly situated,

    Plaintiffs,
v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

    Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf                          01-6780
of itself and others similarly situated,

    Plaintiffs,
v.

INTEGON NATIONAL INSURANCE COMPANY and
INTEGON GENERAL INSURANCE COMPANY,

    Defendants.

_____

CHIROPRACTIC CENTRE, INC., on behalf                    01-6782
of itself and others similarly situated,

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendants.

---

CHIROPRACTIC CENTRE, INC., on behalf                    01-6783
of itself and others similarly situated,

    Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                        01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

    Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                        01-8110
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

    Defendant.

---

```
SALVATORE D. LARUSSO, D.C., d/b/a            01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

     Plaintiffs,

v.
HARTFORD INSURANCE COMPANY OF THE MIDWEST,

     Defendant.
```
_____

```
DR. ANDREW ELLOWITZ, et al., on behalf       01-8549
of himself and all others similarly situated,

     Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

     Defendants.
```
_____

## ORDER STAYING CAUSES PENDING RULING ON MOTIONS FOR CLASS CERTIFICATION AND TO COMPEL ARBITRATION AND LIMITING DISCOVERY TO CLASS CERTIFICATION

THIS CAUSE was before the Court on the status conference hearing of January 25, 2002.

Having considered the motions, pertinent portions of the record and argument of counsel, it is

ORDERED AND ADJUDGED that the above referenced causes are STAYED in part until an order on the motions for class certification and to compel arbitration is entered. Further, discovery is limited to class certification and shall be completed by July 31, 2002.

-5-

DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida, this 13th day of May, 2002.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
all counsel of record

- 6 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of      CONSOLIDATED CASE NO. 00-6061-
himself and others similarly      CIV-FERGUSON/SNOW
situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

     Third-Party Defendant.



FILED by _____ D.C.

MAY 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

---

KEITH BRICKELL, D.C., individually      00-6649
and on behalf of himself and others
similarly situated,

     Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

     Defendants.

---

MARC J. BROWNER, D.C., individually                    00-7163
and on behalf of himself and others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

    Defendants.

---

SALVATORE D. LARUSSO, D.C., d/b/a                    00-7692
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE and
COMMUNITY CARE NETWORK, INC.,

    Defendants.

---

ULTRA OPEN MRI CORPORATION, on behalf                    01-6776
of itself and others similarly situated,

    Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

    Defendant.

---

-2-

ULTRA OPEN MRI CORPORATION, on behalf
of itself and others similarly situated,                    01-6777

    Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

    Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf                       01-6778
of itself and others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf                       01-6779
of itself and others similarly situated,

    Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

    Defendants.

---

ULTRA OPEN MRI CORPORATION, on behalf
of itself and others similarly situated,                    01-6780

    Plaintiffs,

v.

INTEGON NATIONAL INSURANCE COMPANY and
INTEGON GENERAL INSURANCE COMPANY,

    Defendants.

---

-3-

CHIROPRACTIC CENTRE, INC., on behalf                    01-6782
of itself and others similarly situated,

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendants.

---

CHIROPRACTIC CENTRE, INC., on behalf                    01-6783
of itself and others similarly situated,

    Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                       01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

    Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                       01-8110
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

    Defendant.

---

-4-

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

---

DR. ANDREW ELLOWITZ, et al., on behalf              01-8549
of himself and all others similarly situated,

    Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

    Defendants.

---

## ORDER ON CLASS PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION

THIS CAUSE is before the Court on the Class Plaintiffs' Emergency Motion for Clarification of May 13, 2002 Order dated May 21, 2002. Having considered the motion and pertinent portions of the record, it is

ORDERED AND ADJUDGED that the emergency motion is GRANTED. This Court's Order of May 13, 2002, requires that all parties in these consolidated proceedings take part and conclude class certification discovery by July 31, 2002. Further defendants, as agreed, shall submit a proposed two-tiered confidentiality order within fifteen (15) days from the date of this Order.

-5-

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 21 day of May, 2002.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
all counsel of record

- 6 -