UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.

        Defendants.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

_____

MOTE WELLNESS & REHAB, INC. on behalf
of itself and all others similarly situated,

        Plaintiff,

v.

AMERICAN INTERNATIONAL INSURANCE
COMPANY and AMERICAN INTERNATIONAL
SOUTH INSURANCE COMPANY,

        Defendants.

CASE NO. 01-8549-CIV-FERGUSON/SNOW

_____/

## NOTICE OF FILING AFFIDAVIT OF WENDY BOWLING

COME NOW, Defendants, AMERICAN INTERNATIONAL INSURANCE COMPANY

and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY, by and through undersigned

counsel, hereby file this facsimile Affidavit in support of their Motion to Compel Arbitration:

      1.      Affidavit of Wendy Bowling.

756

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy hereof has been furnished by mail this <u>21st</u> day of <u>June</u>, 2002 to all

counsel in the attached service list.

> CONROY, SIMBERG, GANON,
> KREVANS & ABEL, P.A.
> Counsel for AMERICAN INTERNATIONAL
> 3440 Hollywood Boulevard, Second Floor
> Hollywood, Florida 33021
> (954) 961-1400 Broward
> (305) 940-4821 Dade


> BY: _Brian P Knight_
> Dale L. Friedman, Esquire
> Florida Bar No. 854646
> Brian P. Knight, Esquire
> Florida Bar No. 993662

BPK/nfm
CG3483.WPD
02.0125

-2-

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental,**
**Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile
**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Rebecca Sack, Esq.
inslit@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500

(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL,
P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

JUN 19 2002  3:24 PM FR CONROY,SIMBERG,GANON 9617912 TO 5336#018365#1407 P.02/04

018365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of            CASE NO. 00-6061-CIV-FERGUSON/SNOW
himself and others similarly situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.

       Defendants.

———————————————

MOTE WELLNESS & REHAB, INC. on behalf     CASE NO. 01-8549-CIV-FERGUSON/SNOW
of itself and all others similarly situated,

       Plaintiff,

v.

AMERICAN INTERNATIONAL INSURANCE
COMPANY and AMERICAN INTERNATIONAL
SOUTH INSURANCE COMPANY,

       Defendants.

———————————————————————/

### AFFIDAVIT OF WENDY BOWLING

BEFORE ME, this date personally appeared Wendy Bowling, as follows:

1. My name is Wendy Bowling, I am the Assistant Branch Manager for the Lake Mary office which handles Florida PIP claims for American International Group Claims Services, Inc. (hereinafter "AIGCS").

2. I have reviewed the relevant PIP policies issued by American International Insurance Company, and the claims files for the relevant claimants referenced below as having received benefits from Park Place Therapeutic/Orthopedic and/or Dr. Andrew Ellowitz, and I have personal knowledge of the facts herein.

RECEIVED

JUN 19 2002

JUN 19 2002  3:24 PM FR CONROY,SIMBERG,GANON49617912 TO 5336#018365#1407 P.03/04

3.  Beginning June 5, 1999, American International began offering policies with "expanded arbitration." *See* Exhibit A.

4.  For a reduced premium, the insureds had the option of agreeing to mandatory "expanded arbitration." This election was made on a signature form entitled "PIP options form" signed by the insureds at the time of application.

5.  If the insured did not wish to have "expanded arbitration," the declaration page of the policy would indicate that the "statutory arbitration" procedure would apply, and the insured would retain their rights to sue while providers would be required to submit to the Florida PIP statutory arbitration procedure then in effect. Thus, the insureds had the option of contracting for arbitration or utilizing the statutory procedure.

6.  The contractual "expanded arbitration" required submission of all disputes to arbitration, not just those disputes brought by providers who had assignments of benefits.

7.  Beginning July 1, 2000, for new policies, and August 30, 2000, for renewal policies, American International's Florida PIP endorsement forms were changed to specifically delineate the "Expanded Arbitration" provision, and to delete reference to statutory arbitration. *See* Exhibit B, attached hereto.

8.  As such, insureds are given the choice of a policy with voluntary arbitration or, for a reduction in premium, a policy with Expanded Arbitration which requires mandatory arbitration of disputes over benefits. *See* Exhibit B.

9.  Claims submitted by Dr. Andrew Ellowitz, Park Place Therapeutics, and all other doctors employed by Park Place Therapeutics, are submitted utilizing the same tax identification number.

10. I have reviewed all claims submitted under this tax identification number in which PPO reductions were recommended and have determined that claims made by Nancy Messeroff, L. Mazarella, Myrna Loy, Dana Friedman, A. Handmaker, Joan Katzman, Shamma Sethi, Danny Phillips, Salmon Pierre,

RECEIVED

JUN 1 9 2002

JUN 19 2002  3:24 PM FR CONROY,SIMBERG,GANON49617912 TO 5336#018365#1407 P.04/04

and L. Micoletti, have all been made on policies containing the contractual Expanded Arbitration provision.

FURTHER AFFIANT SAYETH NAUGHT.

WENDY BOWLING

SWORN TO AND SUBSCRIBED before me this _20_ day of _June_, 2002.

NOTARY PUBLIC

My Commission Expires:

Patricia J. Finch
MY COMMISSION # CC912115 EXPIRES
March 25, 2004
BONDED THRU TROY FAIN INSURANCE, INC.

(Print, Type or Stamp Commissioned Name of Notary Public)

Personally Known ☑ OR Produced Identification ☐

Type of Identification Produced: _____

RECEIVED

JUN 1 9 2002

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PERSONAL INJURY PROTECTION COVERAGE - FLORIDA

With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

## SCHEDULE

| Benefits | Limit of Liability |
|---|---|
| Medical Expenses | No specific dollar amount |
| Work Loss | No specific dollar amount |
| Replacement Services | No specific dollar amount |
| Accidental Death | $5,000 |
| | |
| Maximum Limit For The Total Of All Personal Injury Protection Benefits | $10,000 |

**Personal Injury Protection Coverage Deductible**

As indicated below or in the Declarations, personal injury protection benefits are subject to a deductible of $_____ applicable to:

☐ The "named insured".

☐ The "named insured" and any dependent "family member".

**Exclusion Of Work Loss**

Work loss does not apply as indicated below or in the Declarations:

☐ Work loss will not be provided for the "named insured".

☐ Work loss will not be provided for the "named insured" and any dependent "family member".

**Coordination Of Military Benefits**

☐ If indicated to the left or in the Declarations, the Coordination of Military Benefits option applies to the "named insured" and any dependent "family member".

---

**I.  Definitions**

The **Definitions** section is amended as follows:

**A.**  For the purposes of this endorsement, a "motor vehicle" shall be deemed to be owned by a person if that person:

   **1.**  Holds the legal title to such vehicle.

   **2.**  Is a debtor having the right to possession, if such vehicle is the subject of a security agreement.

   **3.**  Is a lessee having the right to possession, if such vehicle is the subject of a lease which:

      **a.**  Has an option to purchase; and

      **b.**  Is for a period of at least 6 months.

   **4.**  Is a lessee having the right to possession, if such vehicle is the subject of a lease which:

      **a.**  Does not have an option to purchase;

      **b.**  Is for a period of at least 6 months; and

      **c.**  Requires the lessee to secure insurance.

**B.**  The following definitions are replaced:

   **1.**  "Family member" means a person related to the "named insured" by blood, marriage or adoption who is usually a resident of the "named insured's" household. This includes a ward or foster child.

   **2.**  "Occupying" means:

      **a.**  In or upon;

      **b.**  Entering into; or

      **c.**  Alighting from.

   **3.**  "Your covered auto" means a "motor vehicle" owned by the "named insured" and for which security is required to be maintained under the Florida Motor Vehicle No-Fault Law, and either:

      **a.**  A premium is charged; or

      **b.**  It is a trailer, other than a mobile home, designed for use with a "motor vehicle".



**EXHIBIT**

A

Page 1 of 5

**C.** The following definitions are adde

1. "Motor vehicle" means:

   **a.** Any self-propelled vehicle with 4 or more wheels which is:

      **(1)** Designed; and

      **(2)** Required to be licensed;

      for use on Florida highways.

   **b.** Any trailer or semi-trailer designed for use with such vehicle.

   However, "motor vehicle" does not include:

   **a.** Any motor vehicle which is:

      **(1)** Used in mass transit other than public school transportation;

      **(2)** Designed to transport more than 5 passengers (excluding the operator); and

      **(3)** Owned by a:

         **(a)** Municipality;

         **(b)** Transit authority; or

         **(c)** Political subdivision of the state.

   **b.** A mobile home.

2. "Named insured" means:

   **a.** The person named in the Declarations; or

   **b.** That person's spouse, if a resident of the same household.

3. "Pedestrian" means a person who is not "occupying" a self-propelled vehicle.

**D.** "Insured" as used in this endorsement means:

1. The "named insured" or any "family member" while:

   **a.** "Occupying" a "motor vehicle"; or

   **b.** A "pedestrian" struck by a "motor vehicle".

2. Any other person while:

   **a.** "Occupying" "your covered auto"; or

   **b.** A "pedestrian" struck by "your covered auto".

## II. Personal Injury Protection Coverage

### INSURING AGREEMENT

**A.** We will pay, in accordance with the Florida Motor Vehicle No-Fault Law, personal injury protection benefits to or for an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the ownership, maintenance or use of a "motor vehicle".

**B.** Subject to the limits shown in the Schedule or Declarations, personal injury protection benefits consist of the following:

1. **Medical expenses.** 80% of reasonable expenses for:

   **a.** Nec ary medical, surgical, x-ray, dent.., ambulance, hospital, professional nursing and rehabilitative services; and

   **b.** Prosthetic devices.

   This includes necessary remedial treatment and services recognized and permitted under state law for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with that "insured's" religious beliefs.

2. **Work loss.** With respect to the period of disability of an "insured", 60% of any loss of income and earning capacity from that "insured's" inability to work due to "bodily injury". However, work loss does not include any loss after an "insured's" death.

3. **Replacement services.** With respect to the period of disability of an "insured", all expenses reasonably incurred in obtaining ordinary and necessary services from others instead of those that the "insured" would have performed, without income, for the benefit of his household had he not sustained "bodily injury".

4. **Accidental death.** A death benefit.

## EXCLUSIONS

**A.** We do not provide Personal Injury Protection Coverage for any "insured":

1. While operating "your covered auto" without the "named insured's" express or implied consent.

2. If that "insured's" conduct contributed to his "bodily injury" under any of the following circumstances:

   **a.** Intentionally causing "bodily injury" to himself; or

   **b.** While committing a felony.

3. Other than the "named insured", if that "insured" owns a "motor vehicle" for which security is required under the Florida Motor Vehicle No-Fault Law.

4. Other than the "named insured" or any "family member", who is entitled to personal injury protection benefits from a person who owns a "motor vehicle" which is not a "your covered auto" under this policy, or from that vehicle owner's policy.

5. Who sustains "bodily injury" while "occupying" a "motor vehicle" located for use as a residence or premises.

**B.** We do not provide Personal Injury Protection Coverage for any "insured":

1. The "named insured" or any "family member" while "occupying" a "motor vehicle" which is:

   **a.** Owned by the "named insured"; and

   **b.** Not a "your covered auto" under this policy.



2. Any "pedestrian", other than the "named insured" or any "family member", who is not a legal resident of Florida.

## LIMIT OF LIABILITY

**A.** The limits of liability shown in the Schedule or Declarations for Personal Injury Protection Coverage are the most we will pay to or for each "insured" injured in any one accident, regardless of the number of:

    1. "Insureds";

    2. Policies or bonds applicable;

    3. Vehicles involved; or

    4. Claims made.

The maximum limit of liability for the total of all personal injury protection benefits shown in the Schedule or Declarations is the total aggregate limit for personal injury protection benefits available, to or for each "insured" injured in any one accident, from all sources combined, including this policy.

**B.** Any amounts payable under this coverage shall be reduced by any amounts paid or payable for the same elements of loss under any workers' compensation law.

**C.** The amount of any deductible shown in the Schedule or Declarations shall be deducted from the lesser of:

    1. The total amount otherwise payable under this coverage for:

        **a.** Medical expenses;

        **b.** Work loss; and

        **c.** Replacement services;

        to or for each "insured" to whom the deductible applies; or

    2. The limits of liability shown in the Schedule or Declarations.

The total amount otherwise payable means the benefits payable for medical expenses, work loss and replacement services after the application of any percentage limitation.

Accidental death is not subject to a deductible.

## OTHER INSURANCE

**A.** No one will be entitled to receive duplicate payments for the same elements of loss under this or any other insurance. If an "insured" receives personal injury protection benefits from another insurer, that insurer shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses of processing the claim.

**B.** If an "insured" sustains "bodily injury" while:

    1. "Occupying"; or

    2. Struck by a "motor vehicle" rented or leased under a rental or lease agreement;

the personal injury protection benefits afforded under the lessor's policy shall be primary.

This Provision (**B.**) does not apply if the face of the rental or lease agreement contains, in at least 10-point type, the following language:

The valid and collectible personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of personal injury protection coverage required by FLA. STAT. SECTION 627.736.

## COORDINATION OF MILITARY BENEFITS

If the Schedule or Declarations indicates that the Coordination of Military Benefits option applies to the "named insured" or any dependent "family member", any amounts payable under this coverage shall be reduced by any benefits payable by the federal government to:

1. Active or retired military personnel; or

2. Their dependent "family members".

If such military benefits are not available at the time of loss, we shall have the right to recompute and charge the appropriate premium.

**III. Part E - Duties After An Accident Or Loss**

Part E is replaced by the following:

## DUTIES AFTER AN ACCIDENT OR LOSS

A person seeking Personal Injury Protection Coverage must:

**A.** In the event of an accident, provide prompt written notice of loss to us or our authorized agent.

**B.** Promptly forward to us a copy of the:

    1. Summons and complaint; or

    2. Other process;

served in connection with any legal action that person takes against a third party to recover damages for "bodily injury".

**C.** Promptly give us written proof of claim, under oath if required. Such proof shall include:

    1. Full details of the nature and extent of the injuries and treatment received and contemplated; and

    2. Any other information which may assist us in determining the amount due and payable.

**D.** Submit as often as we reasonably require to mental or physical exams. We will:

    1. Pay for these exams; and

    2. Forward a copy of the medical report to that person if requested.

If that person unreasonably refuses to submit to an exam, we will not be liable for subsequent personal injury protection benefits.

**IV. Part F - General Provisions**

Part F is amended as follows:

**A.** Paragraph **A.** of the **Legal Action Against Us** Provision is replaced by the following:

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all terms of this policy. In addition, no legal action may be brought against us until 30 days after the required notice of loss and reasonable proof of claim has been filed with us.

B.  Paragraph **B.** of the **Policy Per    And Territory** Provision is replaced by the follo.   g:

## POLICY PERIOD AND TERRITORY

**B.**  The policy territory is:

1.  Florida.

2.  The United States of America, its territories or possessions or Canada.

This Provision (**B.2.**) applies only to:

**a.**  The "named insured" or any "family member" while "occupying" "your covered auto"; or

**b.**  The "named insured" while "occupying" a "motor vehicle":

(1) Owned by any "family member"; and

(2) For which security is maintained as required by the Florida Motor Vehicle No-Fault Law;

**C.**  The **Our Right To Recover Payment** Provision is replaced by the following:

## OUR RIGHT TO RECOVER PAYMENT

**A.**  If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another we shall, to the extent of our payment, be subrogated to that right. That person shall:

1.  Execute and deliver instruments and papers and do whatever else is necessary to secure our rights; and

2.  Do nothing after loss to prejudice these rights.

**B.**  If we make a payment under this coverage and the person to or for whom payment was made sustained "bodily injury" while:

1.  "Occupying"; or

2.  A "pedestrian" struck by;

a commercial motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, we shall, to the extent of our payment, be entitled to reimbursement from the person who owns such motor vehicle or that person's insurer.

**D.**  The following provisions are added:

## ARBITRATION

1.  **Disputes with a provider of medical services.** If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits, direction to pay, power of attorney or any instrument allowing direct payment to the provider:

**a.**  Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

**b.**  The prevailing party shall be entitled atte  y's fees and costs. The prevailing party is determined as follows:

(1) If the arbitration award is greater than the sum of the amount we offer at arbitration plus fifty percent of the difference between:

(a) The amount of the claim asserted by the provider at arbitration; and

(b) The amount we offer at arbitration;

then the provider is the prevailing party.

(2) If the arbitration award is less than the sum of the amount we offer at arbitration plus fifty percent of the difference between:

(a) The amount of the claim asserted by the provider at arbitration; and

(b) The amount we offer at arbitration;

then we are the prevailing party.

(3) If neither (1) nor (2) above applies, there is no prevailing party and each side is responsible for its own attorney's fees and costs.

The amount of the offer or claim at arbitration is the amount of the last offer or claim made at least thirty days prior to arbitration.

2.  **Other disputes.** Any dispute involving benefits under this part of the policy between the company and a person claiming benefits under this policy shall be decided by arbitration.

Upon the written request for arbitration, each party will select one arbitrator. The two arbitrators will attempt to select a third arbitrator. If they cannot agree on a third arbitrator within 30 days, either party may request a judge of the court of record in the county of jurisdiction where the arbitration is pending to appoint the third arbitrator. A written decision agreed upon by any two or more arbitrators will be binding upon each party.

Each party will bear the expenses it incurs, including all legal fees and costs, and parties shall bear the expenses of the third arbitrator equally.

The arbitration will take place in the county in which the person claiming benefits under this policy resides. If they are located out of state, arbitration will take place in the county in which the insured resides. Arbitration is subject to the provisions of the Florida Arbitration Code Chapter 682 of the Florida statutes.

**Other disputes, 2.,** does not apply if your Declarations page indicates "Statutory Arbitration".

## PAYMENT OF CLAIMS

If a person seeking Personal Injury Protection Coverage is charged with committing a felony, we shall withhold benefits until, at the trial level:

1. The prosecution makes a formal entry on the record that it will not prosecute the case against that person;

2. The charge is dismissed; or

3. That person is acquitted.

## MODIFICATION OF POLICY COVERAGES

1. Any coverage provided under Part **B** or Part **C** of this policy shall be excess over any personal injury protection benefits paid or payable.

2. Regardless of whether the limits for personal injury protection benefits have been exhausted, any coverage provided under Part **B** shall pay the amount of any claim for medical expenses payable under this coverage which exceeds the 80% limitation for medical expenses.

3. No coverage is provided under Part **B** for the amount of any applicable deductible under this coverage.

## PROVISIONAL PREMIUM

1. In the event of any change in the:

    a. Rules;

    b. Rates;

    c. Rating plan;

    d. Premiums; or

    e. Minimum premiums;

applicable this coverage, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-Fault Law which provide for the exemption of persons from tort liability, the premium shown in the Declarations for any coverage under:

   a. Part **A**;

   b. Part **B**; or

   c. Part **C**;

of this policy shall be deemed to be provisional and subject to recomputation.

2. If this policy is a renewal policy, such recomputation shall include the amount of any return premium previously credited or refunded to the "named insured", in accordance with the Florida Motor Vehicle No-Fault Law, with respect to insurance provided under a previous policy.

3. If the final recomputed premium exceeds the premium shown in the Declarations, the "named insured" shall pay us:

   a. The excess amount; and

   b. The amount of any return premium previously credited or refunded.

AIG-554 (7/00)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PERSONAL INJURY PROTECTION COVERAGE - FLORIDA

With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

## SCHEDULE

| Benefits | Limit of Liability |
|---|---|
| Medical Expenses | No specific dollar amount |
| Work Loss | No specific dollar amount |
| Replacement Services | No specific dollar amount |
| Accidental Death | $5,000 |
| | |
| Maximum Limit For The Total Of All Personal Injury Protection Benefits | $10,000 |

**Personal Injury Protection Coverage Deductible**

As indicated below or in the Declarations, personal injury protection benefits are subject to a deductible of $_____ applicable to:

☐ The "named insured".

☐ The "named insured" and any dependent "family member".

**Exclusion Of Work Loss**

Work loss does not apply as indicated below or in the Declarations:

☐ Work loss will not be provided for the "named insured".

☐ Work loss will not be provided for the "named insured" and any dependent "family member".

**I. Definitions**

The **Definitions** section is amended as follows:

**A.** For the purposes of this endorsement, a "motor vehicle" shall be deemed to be owned by a person if that person:

1. Holds the legal title to such vehicle.

2. Is a debtor having the right to possession, if such vehicle is the subject of a security agreement.

3. Is a lessee having the right to possession, if such vehicle is the subject of a lease which:

   a. Has an option to purchase; and

   b. Is for a period of at least 6 months.

4. Is a lessee having the right to possession, if such vehicle is the subject of a lease which:

   a. Does not have an option to purchase;

   b. Is for a period of at least 6 months; and

   c. Requires the lessee to secure insurance.

**B.** The following definitions are replaced:

1. "Family member" means a person related to the "named insured" by blood, marriage or adoption who is usually a resident of the "named insured's" household. This includes a ward or foster child.

2. "Occupying" means:

   a. In or upon;

   b. Entering into; or

   c. Alighting from.

3. "Your covered auto" means a "motor vehicle" owned by the "named insured" and for which security is required to be maintained under the Florida Motor Vehicle No-Fault Law, and either:

   a. A premium is charged; or

   b. It is a trailer, other than a mobile home, designed for use with a "motor vehicle".



**EXHIBIT**

**B**

 Includes copyright... ...Services Office, Inc., **Page 1 of 5**

C. The following definitions are ad

1. "Motor vehicle" means:

  a. Any self-propelled vehicle with 4 or more wheels which is:

    (1) Designed; and

    (2) Required to be licensed;

    for use on Florida highways.

  b. Any trailer or semi-trailer designed for use with such vehicle.

  However, "motor vehicle" does not include:

  a. Any motor vehicle which is:

    (1) Used in mass transit other than public school transportation;

    (2) Designed to transport more than 5 passengers (excluding the operator); and

    (3) Owned by a:

      (a) Municipality;

      (b) Transit authority; or

      (c) Political subdivision of the state.

  b. A mobile home.

2. "Named insured" means:

  a. The person named in the Declarations; or

  b. That person's spouse, if a resident of the same household.

3. "Pedestrian" means a person who is not "occupying" a self-propelled vehicle.

D. "Insured" as used in this endorsement means:

1. The "named insured" or any "family member" while:

  a. "Occupying" a "motor vehicle"; or

  b. A "pedestrian" struck by a "motor vehicle".

2. Any other person while:

  a. "Occupying" "your covered auto"; or

  b. A "pedestrian" struck by "your covered auto".

## II. Personal Injury Protection Coverage

### INSURING AGREEMENT

A. We will pay, in accordance with the Florida Motor Vehicle No-Fault Law, personal injury protection benefits to or for an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the ownership, maintenance or use of a "motor vehicle".

B. Subject to the limits shown in the Schedule or Declarations, personal injury protection benefits consist of the following:

1. **Medical expenses.** 80% of reasonable expenses for:

  a. N ssary medical, surgical, x-r. de_.al, ambulance, hospital, profession nursing and rehabilitative services; and

  b. Prosthetic devices.

  This includes necessary remedial treatme and services recognized and permitted und_ state law for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with that "insured's" religious beliefs.

2. **Work loss.** With respect to the period of disability of an "insured", 60% of any loss of income and earning capacity from that "insured's" inability to work due to "bodily injury". However, work loss does not include any loss after an "insured's" death.

3. **Replacement services.** With respect to the period of disability of an "insured", all expenses reasonably incurred in obtaining ordinary and necessary services from others instead of those that the "insured" would have performed, without income, for the benefit of his household had he not sustained "bodily injury".

4. **Accidental death.** A death benefit.

## EXCLUSIONS

A. We do not provide Personal Injury Protection Coverage for any "insured":

1. While operating "your covered auto" without the "named insured's" express or implied consent.

2. If that "insured's" conduct contributed to . "bodily injury" under any of the following circumstances:

  a. Intentionally causing "bodily injury" to himself; or

  b. While committing a felony.

3. Other than the "named insured", if that "insured" owns a "motor vehicle" for which security is required under the Florida Motor Vehicle No-Fault Law.

4. Other than the "named insured" or any "family member", who is entitled to personal injury protection benefits from a person who owns a "motor vehicle" which is not a "your covered auto" under this policy, or from that vehicle owner's policy.

5. Who sustains "bodily injury" while "occupying" a "motor vehicle" located for use as a residence or premises.

B. We do not provide Personal Injury Protection Coverage for:

1. The "named insured" or any "family member" while "occupying" a "motor vehicle" which is:

  a. Owned by the "named insured"; and

  b. Not a "your covered auto" under this policy.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.



2. Any "pedestrian", other the "named insured" or any "family member" who is not a legal resident of Florida.

## LIMIT OF LIABILITY

A. The limits of liability shown in the Schedule or Declarations for Personal Injury Protection Coverage are the most we will pay to or for each "insured" injured in any one accident, regardless of the number of:

1. "Insureds";

2. Policies or bonds applicable;

3. Vehicles involved; or

4. Claims made.

The maximum limit of liability for the total of all personal injury protection benefits shown in the Schedule or Declarations is the total aggregate limit for personal injury protection benefits available, to or for each "insured" injured in any one accident, from all sources combined, including this policy.

B. Any amounts payable under this coverage shall be reduced by any amounts paid or payable for the same elements of loss under any workers' compensation law.

C. The amount of any deductible shown in the Schedule or Declarations shall be deducted from the lesser of:

1. The total amount otherwise payable under this coverage for:

   a. Medical expenses;

   b. Work loss; and

   c. Replacement services;

   to or for each "insured" to whom the deductible applies; or

2. The limits of liability shown in the Schedule or Declarations.

The total amount otherwise payable means the benefits payable for medical expenses, work loss and replacement services after the application of any percentage limitation.

Accidental death is not subject to a deductible.

## OTHER INSURANCE

A. No one will be entitled to receive duplicate payments for the same elements of loss under this or any other insurance. If an "insured" receives personal injury protection benefits from another insurer, that insurer shall be entitled to recover from us its equitable pro rata share of the benefits paid and expenses of processing the claim.

B. If an "insured" sustains "bodily injury" while:

1. "Occupying"; or

2. Struck by a "motor vehicle" rented or leased under a rental or lease agreement;

the personal injury protection benefits afforded under the lessor's policy shall be primary.

This Provision (B.) does not apply if the face of the rental or lease agreement contains, in at least 10-point type, the following language:

The valid and collectible personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of personal injury protection coverage required by FLA. STAT. SECTION 627.736.

## III. Part E - Duties After An Accident Or Loss

Part E is replaced by the following:

### DUTIES AFTER AN ACCIDENT OR LOSS

A person seeking Personal Injury Protection Coverage must:

A. In the event of an accident, provide prompt written notice of loss to us or our authorized agent.

B. Promptly forward to us a copy of the:

1. Summons and complaint; or

2. Other process;

served in connection with any legal action that person takes against a third party to recover damages for "bodily injury".

C. Promptly give us written proof of claim, under oath if required. Such proof shall include:

1. Full details of the nature and extent of the injuries and treatment received and contemplated; and

2. Any other information which may assist us in determining the amount due and payable.

D. Submit as often as we reasonably require to mental or physical exams. We will:

1. Pay for these exams; and

2. Forward a copy of the medical report to that person if requested.

If that person unreasonably refuses to submit to an exam, we will not be liable for subsequent personal injury protection benefits.

## IV. Part F - General Provisions

Part F is amended as follows:

A. Paragraph A. of the **Legal Action Against Us** Provision is replaced by the following:

### LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all terms of this policy. In addition, no legal action may be brought against us until 30 days after the required notice of loss and reasonable proof of claim has been filed with us.

B. Paragraph B. of the **Policy Period And Territory** Provision is replaced by the following:

### POLICY PERIOD AND TERRITORY

B. The policy territory is:

1. Florida.

2. The United States of America, its territories or possessions or Canada.

This Provision (B.2.) applies only to:

a. The "named insured" or any "family member" while "occupying" "your covered auto"; or

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**b.** The "named" insured while "occupying" a motor vehicle:

(1) Owned by any "family member"; and

(2) For which security is maintained as required by the Florida Motor Vehicle No-Fault Law;

**C.** The **Our Right To Recover Payment** Provision is replaced by the following:

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another we shall, to the extent of our payment, be subrogated to that right. That person shall:

1. Execute and deliver instruments and papers and do whatever else is necessary to secure our rights; and

2. Do nothing after loss to prejudice these rights.

**B.** If we make a payment under this coverage and the person to or for whom payment was made sustained "bodily injury" while:

1. "Occupying"; or

2. A "pedestrian" struck by;

a commercial motor vehicle, as defined in the Florida Motor Vehicle No-Fault Law, we shall, to the extent of our payment, be entitled to reimbursement from the person who owns such motor vehicle or that person's insurer.

**D.** The following provision is added:

**ARBITRATION**

1. Any dispute involving benefits under this part of the policy between the company and an "insured", or provider of medical services claiming benefits under this policy, may be decided by arbitration if the parties agree.

Upon the written request for arbitration, each party will select one arbitrator. The two arbitrators will attempt to select a third arbitrator. If they cannot agree on a third arbitrator within 30 days, either party may request a judge of the court of record in the county of jurisdiction where the arbitration is pending to appoint the third arbitrator. A written decision agreed upon by any two or more arbitrators will be binding upon each party.

Each party will bear the expenses it incurs, including all legal fees and costs, and parties shall bear the expenses of the third arbitrator equally.

The arbitration will take place in the county which person claiming benefits under the policy resides. If they are located out of state arbitration will take place in the county in which the insured resides. Arbitration is subject to the provisions of the Florida Arbitration Code Chapter 682 of the Florida statutes.

2. Any dispute involving benefits under this part of the policy between the company and an "insured", or provider of medical services claiming benefits under this policy shall be decided by arbitration.

Upon the written request for arbitration, each party will select one arbitrator. The two arbitrators will attempt to select a third arbitrator. If they cannot agree on a third arbitrator within 30 days, either party may request a judge of the court of record in the county of jurisdiction where the arbitration is pending to appoint the third arbitrator. A written decision agreed upon by any two or more arbitrators will be binding upon each party.

Each party will bear the expenses it incurs, including all legal fees and costs, and parties shall bear the expenses of the third arbitrator equally.

The arbitration will take place in the county in which the person claiming benefits under this policy resides. If they are located out of state, arbitration will take place in the county in which the insured resides. Arbitration subject to the provisions of the Florida Arbitration Code Chapter 682 of the Florida statutes.

This section **2.** only applies if your Declaration page indicates "Expanded Arbitration."

**PAYMENT OF CLAIMS**

If a person seeking Personal Injury Protection Coverage is charged with committing a felony, we shall withhold benefits until, at the trial level:

1. The prosecution makes a formal entry on the record that it will not prosecute the case against that person;

2. The charge is dismissed; or

3. That person is acquitted.

**MODIFICATION OF POLICY COVERAGES**

1. Any coverage provided under Part **B** or Part **C** of this policy shall be excess over any personal injury protection benefits paid or payable.

2. Regardless of whether the limits for personal injury protection benefits have been exhausted, any coverage provided under Part **B** shall pay the amount of any claim for medical expenses payable under this coverage which exceeds the 80% limitation for medical expenses.


No coverage is provided under Part B for the amount of any applicable deductible under this coverage.

**PROVISIONAL PREMIUM**

1.  In the event of any change in the:

    a.  Rules;

    b.  Rates;

    c.  Rating plan;

    d.  Premiums; or

    e.  Minimum premiums;

    applicable to this coverage, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-Fault Law which provide for the exemption of persons from tort liability, the premium shown in the Declarations for any coverage under:

    b.  Part **B**, or

    c.  Part **C**;

    of this policy shall be deemed to be provisional and subject to recomputation.

2.  If this policy is a renewal policy, such recomputation shall include the amount of any return premium previously credited or refunded to the "named insured", in accordance with the Florida Motor Vehicle No-Fault Law, with respect to insurance provided under a previous policy.

3.  If the final recomputed premium exceeds the premium shown in the Declarations, the "named insured" shall pay us:

    a.  The excess amount; and

    b.  The amount of any return premium previously credited or refunded.

AIG-554  (7/00)

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

Page 5 of 5