IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly )
situated, )
      Plaintiffs, )
       )
v. )
       )
ALLSTATE INSURANCE COMPANY, )
      Defendant / Third-Party Plaintiff, )
       )
v. )
       )
COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
      Third-Party Defendant. )
_____)

ULTRA OPEN MRI CORPORATION, on )
behalf of itself and all others similarly situated, )
      Plaintiffs, )
       )
v. )           01-6777-CIV
       )
DEERBROOK INSURANCE COMPANY, )
      Defendant. )
_____)

NIGHT BOX
FILED

JUN 26 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEERBROOK INSURANCE COMPANY'S EMERGENCY MOTION TO STAY PROCEEDINGS IN THIS MATTER PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION

Defendant, Deerbrook Insurance Company ("Deerbrook"), hereby moves this honorable

Court, on an emergency basis, for entry of an Order staying this matter in its entirety, including

discovery, until such time as its motion to compel arbitration is decided and arbitration of all

referable issues is completed. In support hereof, Deerbrook states as follows:

1.      Over defendants' objections, on September 28, 2001, this Court ordered fifteen cases to be consolidated, essentially to ensure that discovery and other pretrial proceedings in each of the cases would move forward <u>together</u>, in an orderly and efficient manner.

2.      In consolidating these lawsuits, this Court necessarily held that the common elements of each of the cases were sufficient to outweigh the defendants' desire to allow each case to pursue a separate course.  Indeed, at the last status conference in this matter, held on January 25, 2002, the Court rejected defendants' suggestions that the Court should reconsider consolidation due to the complications caused by confidentiality concerns and various other issues that have been raised as to each different defendant.  <u>See</u> Report of Status Conference held January 25, 2002, at 37.

3.      Parties in ten of the fifteen consolidated cases have moved to compel arbitration of certain of the pending claims.

4.      In this particular case, Deerbrook has filed its motion based on the fact that plaintiff Ultra Open MRI Corporation ("UMOC") has asserted claims to direct payment of personal injury protection ("PIP") benefits due under Deerbrook automobile insurance policies, which claims are subject to arbitration under the terms of the arbitration clause contained within Deerbrook's auto policies.

5.      In at least one of the consolidated cases, involving defendant Prudential Property and Casualty Company, the Magistrate Judge issued a Report and Recommendation which *granted* the pertinent Motion, thus requiring that claims asserted by Plaintiffs against Prudential be determined through arbitration proceedings.[1]

---

[1]      In reaching the conclusion that the claims asserted against Prudential should be arbitrated, the Magistrate Judge found the decision in <u>Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.</u>,

2

6.    At the Status Hearing held earlier this year, this Court recognized, correctly, that (a) an orderly pretrial process is essential to ensuring the fairness of this litigation, (b) it is essential that arbitration issues to be resolved before other aspects of the litigation, and (c) any established schedule should yield to the primacy of arbitration issues and to the Court's overriding concern that pretrial proceedings in the litigation flow properly, fairly and efficiently.  See Report of Status Conference held January 25, 2002, at 31, 38, 45-46.  Acknowledging the importance of these concerns, toward the end of the hearing, the Court specifically stated:

> I think you shouldn't be that concerned about the timeframe.  That's the easiest of the problems to remedy.  If you need more time we'll redo the scheduling order if there are good grounds for doing so. . . . I will give you a ruling on the arbitration issue.  I will try to do that within the next ten to fifteen days. . . .  There will be a new scheduling order that will take into consideration the fact many of the plaintiffs have come into the case long after the first.  I agree the two issues, the one I addressed and the one you insist must be addressed first, the arbitration question do have to be resolved.

Id. at 38, 45-46.

7.    Notwithstanding the Court's statements at the January hearing, the Court has not issued any orders ruling on the arbitration issue.  Instead, the Court has issued orders dated May 13, 2002, and May 21, 2002, establishing a new schedule for pretrial proceedings and requiring the parties to proceed with discovery pertaining to class certification.  In doing so, the Court also has

---

753 So.2d 55 (Fla. 2000), which held unconstitutional portions of Section 627.736(5), Fla. Stat., does not apply to, and would not preclude arbitration pursuant to contractual arbitration clauses contained in insurance policies issued after February 3, 2000.  In effect, Magistrate Judge Snow's Report and Recommendation forms the basis for this motion.

effectively and erroneously denied prior requests for entry of a stay of litigation, pending arbitration. See, e.g., IDS Life Ins. Co. v. Sun America, Inc., 103 F.3d 524, 525-26 (7th Cir. 1996)(construing a failure by the District Court to explicitly rule on Motion to stay as a "constructive denial" of the Motion).

8.      Section 3 of the Arbitration Act, requires a court to stay "any suit ... brought in any of the courts of the United States upon any issue referable to arbitration." 9 U.S.C. § 3. See Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F.2d 648, 649 & n.2 (11th Cir. 1998)(issuing writ of mandamus requiring entry of stay of discovery pending arbitration because the "district court has no discretion" not to do so when an agreement to arbitrate applies). Arbitrations are thus given priority over related litigation, appeals from denials of arbitration must be resolved before parties are forced to litigate in court and appellants challenging a denial of a motion to stay pending arbitration are entitled to a stay of all district court proceedings concerning them until their appeals are decided. Id. See Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504 (7th Cir. 1997); In re: Managed Care Litigation, 2001 WL 664391 (S.D. Fla., June 12, 2001); Baron v. Best Buy Co., Inc., 79 F. Supp.2d 1350 (S.D. Fla. 1999).

9.      In complex cases involving multiple parties and issues, only some of which may be subject to arbitration, as in these proceedings, arbitration issues must be given priority to proceed, while the remainder of the case is stayed until arbitrations are completed or denials of arbitration are appealed and affirmed. See, e.g., Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 387 (8th Cir. 1983)(affirming imposition of stay which also covered non-parties to the arbitration agreement, under Section 3 of the Arbitration Act and on other grounds as well); IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 530 (7th Cir.1996) (interests of judicial economy

and principles of abstention applicable to parallel proceedings require a stay); Western Int'l Media

Corp. v. A.R. Johnson, 754 F. Supp. 874, 874 (S.D. Fla. 1991) (stay of all claims pending arbitration

involving only some of the parties is appropriate to prevent the possibility of inconsistent results and

avoid unnecessary duplication and waste).

10.    Requiring the parties to these consolidated actions to proceed with litigation before

pending motions to compel are decided and arbitration proceedings, if deemed warranted, are

completed, violates the Federal Arbitration Act, is inconsistent with proper case management

principles and is contrary to the purposes of consolidation.

11.    Section 3 of the Arbitration Act, requires a court to stay "*any* suit ... brought in any of

the courts of the United States upon *any* issue referable to arbitration." 9 U.S.C. § 3 (emphasis

added). This provision has been construed as permitting the entry of a stay of litigation, including

proceedings between non-arbitrating parties, as long as the lawsuit is based on issues referable to

arbitration under an arbitration agreement governed by the Arbitration Act. See Contracting

Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 387 (8th Cir. 1983)(affirming imposition of

stay which also covered non-parties to the arbitration agreement, under Section 3 of the Arbitration

Act and on other grounds as well); American Home Assurance Co. v. Vecco Concrete Construction

Co., 629 F.2d 961, 964 (4th Cir. 1980)(Section 3 of the Arbitration Act authorizes a stay in favor of a

non-party to arbitration). That is precisely what is involved here.

12.    Only by entering a stay requiring all proceedings in this court to await the resolution

of the various motions to compel arbitration, including related appeals and any subsequent arbitration

proceedings, can this Court ensure that all fifteen of these consolidated cases are able to move

forward fairly, efficiently, and as a unified block, as the Court contemplated when it granted plaintiffs' motion for consolidation.

13.    The decision in the <u>Managed Care Litigation</u> addressed a closely-related question. That multi-district litigation involved twenty individual plaintiffs, four association plaintiffs, and twelve named defendants, with claims divided into two separate but overlapping groups referred to as "provider track cases" and "subscriber track cases." One of the defendants moved to stay all discovery pending appellate review of the district court's order denying in part various defendants' motions to compel arbitration. <u>In re: Managed Care Litigation</u>, 2001 WL 664391 at * 1. Alternatively, the defendant requested that all provider track discovery be stayed until the district court ruled on certain providers' motions to dismiss and to compel arbitration. Id. at *2. The Court considered at length the practical aspects and effects of the requests, commenting:

> Discovery from this case has the potential to consume vast resources from all litigants.  The Court does not desire to see duplication of effort.  Under current circumstances, it would be burdensome if the Defendants -- many of whom are involved in both subscriber and provider track cases -- were required to conduct quite similar discovery first with Provider Plaintiffs and them with Subscriber Plaintiffs.  While the Court already has granted Provider and Subscriber Plaintiffs' request to be permitted to share discovery materials, the granting of this request will not eliminate the plaintiffs' right to depose Defendants' corporate representatives.  Discovery, when the stay is lifted, shall continue in a fashion that will not duplicate efforts and will cause the least possible disruption to Defendants' businesses. ... Parallel discovery is the most efficient way for this multi-district litigation to proceed.

<u>Id.</u> at 3.

14.    It is well-established, moreover, that Courts should exercise their inherent power to control their dockets and ensure fairness, by taking into account factors such as those considered by the Court in <u>Managed Care Litigation</u>, and staying all proceedings in multi-party litigation, even

where only some of the parties are involved in the arbitration issues. E.g., Western Int'l Media Corp. v. A.R. Johnson, 754 F. Supp. 874, 874 (S.D. Fla. 1991)(stay of cross-claims pending arbitration involving some of the parties was appropriate because allowing court proceedings to continue with respect to other defendants could lead to inconsistent results and unnecessary duplication and waste); Worldcrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997)(even as to litigants who are not party to an arbitration agreement, district courts "may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 386 (8th Cir. 1983)(district court properly exercised its inherent power to grant stay of all proceedings in consolidated action pending arbitration involving some but not all of the parties); American Home Assurance Co. v. Vecco Concrete Construction Co., 629 F.2d 961, 964 (4th Cir. 1980)([w]hile it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action"); Aggrow Oils, L.L.C. v. National Union Fire Ins. Co. of Pittsburgh, 242 F.3d 777, 783 (8th Cir. 2001)(A pending arbitration should "be given priority to the extent it is likely to resolve issues material to this lawsuit" even though "the lawsuit involves more parties and claims than the arbitration. In a complex, multi-party dispute of this type, issues such as the risk of inconsistent rulings, the extent to which the parties will be bound by the arbitrator's decision, and the prejudice that will result from delays must be weighed ... ."); Summer Rain v. The Donning Company/Publishers, Inc., 964 F.2d 1455, 1461 (4th Cir. 1992)(if non-arbitrable issues depend on arbitrable issues, or if resolution of arbitrable issues would render the

district court's ruling on non-arbitrable issues unnecessary, "litigation on non-arbitrable issues should be stayed pending arbitration.")

15.    In the instant case, the substance of the claims asserted against each of the defendants, as well as the primary, factual prerequisites for class certification, are likely indistinguishable. Potential discovery involving the non-moving parties, particularly as to class certification, will be fundamentally and inextricably intertwined with potential discovery involving those parties who have moved to compel arbitration.  In the event this motion to compel arbitration was ultimately defeated, whether here or on appeal, much of the class action discovery would have to be repeated upon Deerbrook's return to the consolidated proceedings.  This court should act to ensure to orderly and efficient conduct of this litigation by staying proceedings until at least such time as Deerbrook's motion to compel arbitration is resolved.

16.     In light of the vast potential for overlapping and potentially contradictory determinations of law, moreover, in the event that parallel arbitration proceedings are permitted to proceed, this Court must give primacy to the arbitrations and stay litigation of these matters until any required arbitrations are concluded. E.g., <u>Western Int'l Media Corp. v. A.R. Johnson</u>, 754 F. Supp. 874, 874 (S.D. Fla. 1991)(stay of claims pending arbitration is appropriate to avoid possible inconsistent results and unnecessary duplication and waste). <u>See</u> <u>Gary Turner v. Bain & Co.</u>, 1997 W.L. 638521 (N.D. Ill. 1997)(district court stayed claims against party not in privity to arbitration agreement because claims "depend on the validity" of the contract containing the arbitration agreement.").

17.     Emergency relief is essential to protect Deerbrook from substantial prejudice which will result if Deerbrook is required to comply with the looming discovery deadlines. Plaintiffs have served written discovery requests, including Requests for Production of Documents, Interrogatories and Requests for Admission, on Deerbrook.   Plaintiffs also have purported to schedule depositions during the months of June and July, 2002.  Deerbrook does not wish to appear to be acting in disregard of its obligations to address the propounded discovery.  If forced to respond, however, Deerbrook may be placed in the untenable position of later facing a claim of waiver as to its right to compel arbitration by virtue of the extent of its "participation" in the litigation.  The looming discovery deadlines thus require immediate relief, and, accordingly, Deerbrook respectfully requests expedited consideration of this Emergency Motion.

## **Conclusion**

For each of the foregoing reasons, defendant Deerbrook Insurance Company respectfully requests that this Court stay all proceedings in these consolidated matters until such time as its motion to compel arbitration is decided and arbitration of all referable issues is completed.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 26TH day of June, 2002.

David S Shelton

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Deerbrook Insurance Company | Attorneys for Deerbrook Insurance Company |

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

11

Fort Lauderdale, FL 33338-7420

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021

12