UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.
doing business as CCN,

    Third-Party Defendant.

---

ULTRA OPEN MRI CORPORATION, et al., on behalf    01-6778
of itself and others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

---

**OBJECTIONS OF DEFENDANT PRUPAC TO
REPORT AND RECOMMENDATION (D.E. 721)
ON PRUPAC'S MOTION TO COMPEL ARBITRATION
AS TO PLAINTIFF AFIELD**

1

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), defendant Prudential Property and Casualty Insurance Company ("PruPAC") hereby respectfully objects to the Report and Recommendation (the "R&R") of United States Magistrate Judge Lurana S. Snow (D.E. 721 in Case No. 00-6061) that PruPAC's Motion to Compel Arbitration as to Plaintiff Afield (D.E. 610 in Case No. 00-6061) be denied as clearly erroneous and contrary to law.[1]

PruPAC objects to the R&R's conclusion that the arbitration provision in the insurance contract at issue is unenforceable under the Federal Arbitration Act (the "FAA") because of the Florida Supreme Court's decision in *Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc.*, 753 So. 2d 55 (Fla. 2000). Specifically, PruPAC objects to the R&R's conclusions that:

(1) *Pinnacle* "struck down all statutorily-mandated arbitration clauses in PIP insurance contracts." R&R at 7.

(2) "The Court cannot enforce the arbitration clause under Florida law." R&R at 8.

(3) "Under Florida law, if the arbitration clause is unconstitutional, there is no evidence in this case of an independent written agreement in the PIP contract which would bind the defendant, the insured or the medical provider to arbitration. Accordingly, the defendant cannot compel arbitration under the provisions of th[e] FAA." R&R at 9-10.

---

[1] Effective May 28, 2002, PruPAC filed a notice of appeal (D.E. 684 in Case No. 00-6061) to the United States Court of Appeals for the Eleventh Circuit. That appeal "divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Baron v. Best Buy Co.*, 79 F. Supp. 2d 1350, 1353 (S.D. Fla. 1999) (citation and internal punctuation omitted). These objections are filed as a protective measure without prejudice to PruPAC's appeal and without waiving any rights to a stay PruPAC has pending that appeal.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

As we explain below, these conclusions are incorrect because the *Pinnacle* decision, upon which the R&R relies, would be preempted by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq, if *Pinnacle* were construed as the R&R recommends.

## STATEMENT

A.   Procedural Background.

1.   *The Original Complaint.* The original plaintiff in this action, Ultra Open MRI Corp. ("UOMC"), filed its original Class Action Complaint (the "Original Complaint") against PruPAC on May 8, 2001 and served PruPAC on June 6, 2001. The parties then agreed to postpone PruPAC's deadline to respond to the Original Complaint.

2.   *The First Arbitration Motion.* On August 6, 2001, prior to answering or otherwise responding to UOMC's complaint, PruPAC filed its Motion to Compel Arbitration (D.E. 10 in Case No. 01-6778) ("the First Arbitration Motion"). In its First Arbitration Motion, PruPAC requested that UOMC be compelled to arbitrate its dispute rather than litigate the case in this Court.

On November 13, 2001, Judge Snow issued her *first* Report and Recommendation (D.E. 318 in Case No. 00-6061) (the "UOMC R&R"). Judge Snow recommended that PruPAC's Motion be granted and UOMC be compelled to arbitrate its dispute. The UOMC R&R is currently before the Court for consideration.

3.   *The First Stay Motion.* On October 12, 2001, PruPAC filed a Motion for a Stay and for Expedited Consideration of Defendant's Motion to Compel Arbitration (D.E. 17 in Case No. 01-6778) (the "First Stay Motion"). The First Stay Motion was filed pursuant to 9 U.S.C. § 3.

3

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

4. *The Amended Complaint.* On January 23, 2002, UOMC filed an Amended Class Action Complaint (D.E. 561 in Case No. 00-6061) (the "Amended Complaint") that added an additional plaintiff, Walter E. Afield ("Afield").

5. *The Second Arbitration and Stay Motion.* PruPAC has not yet answered the Amended Complaint. Instead, on February 22, 2002, PruPAC filed another motion to compel arbitration (D.E. 610 in No. 00-6061) with respect to plaintiff Afield. The motion asked that the Amended Complaint be dismissed outright or, in the alternative, expressly asked that all proceedings be stayed pursuant to 9 U.S.C. § 3 (the "Second Arbitration and Stay Motion") (see B. *infra*).

6. *The May 13 and May 21 Orders.* In orders dated May 13 and May 21, 2002, the Court denied in part both (i) the First Stay Motion and (ii) the Second Arbitration and Stay Motion (D.E. 670 and 686 in Case No. 00-6061). The May 13 and May 21 Orders instead require PruPAC to "take part [in] class certification discovery." May 21 Order at 5. Accordingly, effective May 28, 2002, PruPAC filed its Notice of Appeal of the Court's May 13 and May 21 Orders pursuant to 9 U.S.C. § 16(a)(1)(A).

7. *The Stipulation to Stay Cases.* On June 24, 2002, PruPAC, along with each of the plaintiffs and defendants in Case Nos. 01-6778, 01-6780, 01-6783, 01-8108, 01-8110, 01-8111, and 01-8549, filed a Stipulation, subject to the Court's approval, to stay all proceedings in those cases until the Court has issued orders ruling on the pending arbitration motions in each of those cases. The Stipulation provides that the stay shall remain in effect until any timely-filed appeals in those cases have been resolved. Although PruPAC contends that its currently-filed appeal to the Eleventh Circuit divests this Court

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

of jurisdiction (see *supra* note 1), the Stipulation provides further that any party to the Stipulation may file objections to a Report and Recommendation addressing an arbitration motion, and file a response to another party's objections to such Report and Recommendation.

B.  <u>PruPAC's Motion to Compel Arbitration as to Plaintiff Afield.</u>

The Second Arbitration and Stay Motion sought to compel arbitration as to plaintiff Afield. As PruPAC explained in that motion (at 3-4), the Amended Complaint asserts that UOMC and Afield, both of which are providers of medical services, are entitled to direct payment of benefits under automobile insurance policies issued by PruPAC that otherwise would have been payable to the policyholders. Amended Complaint ¶¶ 7-11, 72-76, 105-09. The Amended Complaint attaches an Explanation of Reimbursement sent by PruPAC for services rendered to PruPAC policyholder Thelma W. Anderson by Afield under an automobile insurance policy issued by PruPAC.

The automobile insurance policies issued in Florida by PruPAC, however, contain a clause that expressly requires arbitration of any disputes between PruPAC and providers who furnish services to PruPAC policyholders. For example, Ms. Anderson's policy (hereinafter, the "PIP Contract") contains a section entitled "Arbitration" that reads in part as follows (Exhibit 1 to the Second Arbitration and Stay Motion, PAC 226 FL [Ed. 5/98], at 28):

> "Any claims dispute between us and a medical service or supplies provider who has agreed to accept an assignment of benefits shall be decided by arbitration upon written request of either party."

5

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

The policy at issue in connection with co-plaintiff UOMC's claims has a substantially similar arbitration provision.

In the Second Arbitration and Stay Motion, PruPAC explained that:

- The PIP Contract's arbitration provision is subject to the Federal Arbitration Act.

- The Federal Arbitration "Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

- As an assignee and third-party beneficiary, Afield is subject to the arbitration provision.

- The Florida Supreme Court's decision in *Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc.*, 753 So. 2d 55 (Fla. 2000), does not dictate any different result and, if it did, it would be preempted by the Federal Arbitration Act.

- In sum, as the voluntary assignee of a PIP contract issued by PruPAC, Afield is bound by the arbitration provision included in the PIP contract, and that arbitration provision is enforceable under the Federal Arbitration Act. Accordingly, the claims Afield alleges in the Amended Complaint are subject to arbitration.

C.   The Report and Recommendation.

On June 12, 2002, Judge Snow issued the *second* Report and Recommendation, which is at issue here, in response to the Second Arbitration and Stay Motion. Judge Snow correctly concluded that:

- "The FAA requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce." R&R at 8.

- Parties may not "opt out" of the provisions of the FAA. R&R at 9.

- The McCarran-Ferguson Act does not restrict any preemptive effect the FAA has on the Florida Supreme Court's decision in *Pinnacle*. R&R at 10-12.

- If the arbitration provision is valid, it binds the plaintiff (Afield) as assignee and third-party beneficiary. R&R at 12-13.

The R&R *incorrectly* concludes, however, that the arbitration provision is unenforceable because of *Pinnacle*. In *Pinnacle*, the Florida state court held that "the mandatory arbitration provision in section 627.736(5), Florida Statutes (1997), denies medical providers access to courts in violation" of the Florida constitution. 753 So. 2d at 59. This violation occurred, according to the Florida court, because parties had a right of access to the courts that pre-existed adoption of the Florida constitution, and "the Legislature cannot abolish that right without providing a reasonable alternative" except under certain conditions. *Id.* at 57. In other words, in *Pinnacle*, the state court concluded that it was unconstitutional for the Florida *legislature* to require medical providers to arbitrate their disputes with insurance companies.

## ARGUMENT

The R&R concludes that the arbitration provision in the PIP Contract is void under Florida law, and that as a result, there is no arbitration provision to enforce under the Federal Arbitration Act. As we now explain, these conclusions are wrong. First, if the Florida Supreme Court's decision in *Pinnacle* did in fact void the arbitration provision, the Federal Arbitration Act would preempt *Pinnacle*. Second, and in any event, the R&R misconstrues the effect of *Pinnacle*, which held a state statute unconstitutional but did not invalidate arbitration provisions in effect at the time of the decision. Thus, the Court should construe *Pinnacle* in a manner that avoids the constitutional issue of preemption, and hold that *Pinnacle* does not invalidate the arbitration provision at issue here.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## I. If *Pinnacle* Were Read to Void Existing Arbitration Provisions, *Pinnacle* Would Be Preempted by the FAA.

Assuming for the sake of argument that the R&R were correct in concluding (at 7) "that *Pinnacle* struck down all statutorily-mandated arbitration clauses in PIP insurance contracts," then the Federal Arbitration Act would inescapably preempt *Pinnacle*. As the United States Supreme Court has repeatedly made clear, the Federal Arbitration Act "preempts state laws which require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 478 (1989) (citations and internal punctuation omitted). Yet that is precisely what the R&R would read *Pinnacle* to do – require a judicial forum for resolution of the parties' disputes despite the PIP Contract's arbitration provision.

### A. The Federal Arbitration Act Preempts State Law That Voids Arbitration Provisions.

Contrary to the R&R's conclusion, the Florida Supreme Court lacked the very power to hold the arbitration provision at issue to be unenforceable. In *Southland Corp. v. Keating*, 465 U.S. 1 (1984), the United States Supreme Court considered and rejected the argument that state law can void a contractual arbitration provision. *Southland* addressed a California statute that purported to void arbitration provisions in franchising agreements. The Supreme Court held that the Federal Arbitration Act preempted any such state law. The FAA, the Supreme Court explained, "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve

8

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

by arbitration." *Id.* at 10; accord *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 56 (1995).

### B. The Federal Arbitration Act Preempts State Law that Singles Out Arbitration Provisions.

The United States Supreme Court has repeatedly and unequivocally held that courts cannot single out arbitration provisions for special scrutiny. Simply stated, "[c]ourts may not . . . invalidate arbitration agreements under state laws applicable *only* to arbitration provisions." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). The Supreme Court has made it crystal clear that "[a] state-law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with" the Federal Arbitration Act. *Perry v. Thomas*, 482 U.S. 483, 493 n.9 (1987). For that reason, "[a] court may not . . . in assessing the rights of litigants to enforce an arbitration agreement, construe that agreement in a manner different from that in which it otherwise construes nonarbitration agreements under state law." *Id.*

Nonetheless, in *Pinnacle* the Florida Supreme Court focused on the statutory requirement that automobile insurance policies include an arbitration provision, and struck down *that* requirement, leaving the rest of the insurance policy contract standing. Florida automobile insurance policies also include, however, numerous other provisions required under Florida law. For example, the PIP Contract was required by statute to offer personal injury protection benefits both to the named insured and to certain other persons such as operators or passengers of the insured automobile. Fla. Stat. Ann. § 627.736 (1). The

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

benefits must include, among other things, medical, disability, and death benefits. *Id.*[2/] The Florida Supreme Court did not strike down the PIP Contract as a whole, nor did it strike down other provisions in the contract that the insurance carrier be required to pay certain benefits. Rather, in *Pinnacle* – at least as construed in the R&R – the Florida Supreme Court singled out arbitration provisions in automobile insurance contracts for special scrutiny, and then struck down that provision alone.

But as the U.S. Supreme Court has made clear, "[w]hat States may *not* do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause." *Allied-Bruce Terminix Cos.* v. *Dobson*, 513 U.S. 265, 281 (1995) (emphasis added). The Federal Arbitration Act "makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal 'footing,' directly contrary to the Act's language and Congress' intent." *Id.*

Consistent with this clear, unequivocal rule enunciated by the U.S. Supreme Court, a Court in this District concluded that any state law that treats arbitration provisions differently from other types of contract provisions is preempted by the Federal Arbitration Act. *Securities Industry Ass'n* v. *Lewis*, 751 F. Supp. 205 (S.D. Fla. 1990). Quoting *Perry*, the Court explained:

---

[2/] Despite having various provisions required by statute or by regulation, it is important to note that the parties to the agreement voluntarily entered into it. PruPAC chose to offer automobile insurance in Florida, but was not compelled to do so. The original insured agreed to purchase the insurance policy from PruPAC. The insured could have chosen to purchase insurance coverage from another carrier or not to purchase insurance at all. And Afield chose to accept the assignment of the contract – he had no obligation to accept this assignment, but could instead have billed the insured, who would have sought reimbursement from PruPAC.

> "[S]tate law, *whether of legislative or judicial origin*, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally. A state law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with this requirement of [the Federal Arbitration Act]." *Id.* at 206 (quoting *Perry*, 482 U.S. at 493 n.9) (emphasis added).

If, therefore, the R&R were correct that *Pinnacle* "struck down all statutorily-mandated arbitration clauses in PIP insurance contracts," see R&R at 7, then *Pinnacle* would have singled out arbitration provisions for special scrutiny and would be preempted by the FAA.

## II. In *Pinnacle*, the Florida Supreme Court Did Not Void Existing Arbitration Provisions.

This Court does not need to reach the preemption issue, however, because *Pinnacle* did not hold that the arbitration provisions in PIP policies were invalid or unenforceable. As another Florida court has noted, *Pinnacle* simply did not address "whether a health care provider may agree to arbitration when it accepts an assignment" of a PIP claim. *Livingston* v. *State Farm Mut. Auto. Ins. Co.*, 774 So. 2d 716, 717 (Fla. 2d Dist. Ct. App. 2000). In fact, the Florida Supreme Court never had the opportunity to address the validity of contractual arbitration clauses in *Pinnacle* because, as the lower court in *Pinnacle* observed, the insurance contracts were not in the record of the case. See *Delta Casualty Co.* v. *Pinnacle Med., Inc.*, 721 So. 2d 321, 325 n.3 (Fla. 5th Dist. Ct. App. 1998), *aff'd sub nom. Nationwide Mut. Fire Ins. Co.* v. *Pinnacle Med., Inc.*, 753 So. 2d 55 (Fla. 2000). Contrary to the R&R's conclusion, *Pinnacle* did not single out arbitration provisions for special scrutiny because it did not address the enforceability of contractual arbitration clauses.

### III. The Court Should Construe *Pinnacle* to Avoid the Preemption Issue.

Because the FAA would preempt *Pinnacle* if that case voided the arbitration provision at issue here, the Court should not construe *Pinnacle* in this manner. Whether the FAA preempts *Pinnacle* is a constitutional issue that the Court has a duty to avoid reaching unnecessarily.

Preemption under the FAA is a constitutional issue "[b]ecause federal preemption of a state . . . law is premised on the Supremacy Clause of the United States Constitution." *Bellsouth Telecomms., Inc.* v. *Town of Palm Beach*, 252 F.3d 1169, 1176 (11th Cir. 2001); see also *Singer* v. *E.F. Hutton & Co.*, 699 F. Supp. 276, 279 (S.D. Fla. 1988) ("To allow state law to preempt the [F]ederal Arbitration Act, in a case where that Act applies, would be violative of the Supremacy Clause of the United States Constitution.").

As the Eleventh Circuit has repeatedly held, "Courts have a duty to avoid deciding constitutional questions unless strictly necessary." *Thigpen* v. *Smith*, 792 F.2d 1507, 1514 n.12 (11th Cir. 1986). Thus, "if there are other grounds upon which a case can be decided," the court should avoid reaching the constitutional issue. *Bellsouth*, 252 F.3d at 1176.

In this case, the Court need not decide the constitutional question whether *Pinnacle* is preempted by the FAA because, as discussed above, *Pinnacle* does not prohibit the enforcement of the arbitration clause against Afield. See *Livingston,* 774 So. 2d at 717 ("*Pinnacle* did not address whether a health care provider may agree to arbitration when

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

it accepts an assignment."). Construing *Pinnacle* in this manner simply avoids the constitutional issue of whether the FAA preempts *Pinnacle*.

## CONCLUSION

For the foregoing reasons, PruPAC respectfully requests that the Court sustain its Objections to the R&R and that the Court reject the R&R to the extent that it holds that the arbitration clause is not enforceable against Afield. PruPAC further respectfully requests that (1) the Court grant its motion to compel arbitration as to Afield, and (2) that the Court dismiss the Amended Complaint or, in the alternative, stay this action until arbitration has been had.

A proposed order is attached.

Respectfully submitted,

John D. Aldock
Michael K. Isenman
Lisa M. Harrison
SHEA & GARDNER
1800 Massachusetts Ave., N.W.
Washington, DC 20036
(202) 828-2000
Fax (202) 828-2195

Kathy J. Maus (Bar No. 896330)
Lauren D. Levy (Bar No. 0116490)
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
Fax (850) 894-4999

Dated: June 28, 2002

13

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused copies of the foregoing Defendant Prudential Property and Casualty Insurance Company's ("PruPAC's") Objections to Report and Recommendation (D.E. 721) on PruPAC's Motion to Compel Arbitration as to Plaintiff Afield and accompanying proposed order to be served upon the counsel in the accompanying service list by U.S. Mail, postage prepaid, on June 28, 2002.

_____
LAUREN D. LEVY, ESQ.

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 6/25/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:
Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619

(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

2

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL, DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
Rebecca Sack, Esq.
rasack@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:
Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
Lisa M. Harrison, Esq.
lharrison@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

3