UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-CIV-6061-FERGUSON/SNOW

SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and
all others similarly situated,
Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC.,
Defendants.

_____/

**NIGHT BOX FILED**

JUN 2 ...

CLARENCE ...... X
CLERK, USDC/SDF.. F'L

## DEFENDANT LIBERTY MUTUAL'S MOTION TO STAY PENDING RESOLUTION OF ALL ARBITRATION PROCEEDINGS

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned attorneys, hereby files its Motion to Stay Pending Resolution of All Arbitration Issues and Proceedings. Given the pendency of Liberty Mutual's Joinder in CCN's Motion to Compel Arbitration, as well as the other numerous outstanding motions to compel arbitration and notices of appeal, this Court should stay these proceedings until all arbitration issues and proceedings have been resolved. In support thereof, Liberty Mutual states as follows:

1. This case (along with the remaining cases that were consolidated) involves a dispute as to Liberty Mutual's entitlement to reduce automobile PIP bills pursuant to preferred provider organization ("PPO") contracts into which Plaintiff and other medical providers entered.

2. A number of the PPO agreements at issue in the consolidated cases contain provisions that require the medical providers to arbitrate any disputes arising out of the

{MI811617;1}

1



agreements. Accordingly, a number of the parties in these cases have filed motions to compel arbitration of the claims that Plaintiff has asserted. A number of parties have also filed notices of appeal relating to the arbitration issues present in this matter.

3. In this particular case, on May 31, 2002, co-defendant CCN filed a motion to compel arbitration, asserting that the claims against it arise out of the PPO agreement into which the parties had entered.

4. On June 21, 2002, Liberty Mutual served its Joinder in CCN's Motion to Compel Arbitration. A copy of this motion is attached hereto as Exhibit A. In its motion, Liberty Mutual seeks to compel Plaintiff to arbitrate his claims against Liberty Mutual, based on the arbitration provision contained in Plaintiff's contract with CCN.

5. Under the Federal Arbitration Act, 9 U.S.C. § 3, a party to an arbitration agreement is entitled to a stay of any litigation pending the outcome of the arbitration proceedings. Despite the pendency of the outstanding motions to compel and related motions for stay and motions for protective order as well as notices of appeal, Plaintiff has served class action discovery and is otherwise attempting to prosecute this matter. Accordingly, pursuant to the Arbitration Act, and because of the procedural confusion that would be caused without a stay, this Court should stay this action and all of the other consolidated actions until all arbitration issues are resolved.[1]

---

1 A recent development in these cases lends additional support for issuing a stay. On June 24, 2002, Plaintiff and several of the other defendants filed a Stipulation and Order Staying Proceedings, which is currently awaiting entry by the Court. The effect of this Stipulation is that those cases involving the defendants who are parties to the Stipulation are stayed until this Court resolves all arbitration issues involved in those cases. In addition, the parties agreed that any discovery taken in the remaining cases that are not included in the Stipulation will not be admissible in the cases included in the Stipulation. As explained below, this Stipulation will further the procedural confusion if a stay as to all cases is not entered.

{MJ811617;1}

<u>MEMORANDUM OF LAW</u>

**I.    Because Plaintiff is Required to Arbitrate His Claims Against Liberty Mutual, this Court Should Enter a Stay Until the Arbitration Proceedings Have Been Resolved**

Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, provides that a court shall stay "any suit . . . brought in any of the courts of the United States upon any issue referable to arbitration." Accordingly, litigation which involves potentially arbitrable claims must be stayed pending the resolution of any arbitration proceedings. <u>See, e.g.</u>, <u>Suarez-Valdez v. Shearson Lehman / American Express, Inc.</u>, 858 F.2d 648, 649 (11th Cir. 1988) ("district court has no discretion" not to stay litigation pending arbitration proceedings). In addition, where parties have appealed a denial of a motion to compel arbitration, a district court should stay the action until the appellate issues have been resolved. <u>See, e.g.</u>, <u>Bradford-Scott Data Corp. v. Physician Computer Network, Inc.</u>, 128 F.3d 504 (7th Cir. 1997); <u>In re: Managed Care Litigation</u>, 2001 WL 664391 (S.D. Fla. 2001); <u>Baron v. Best Buy Co.</u>, 79 F. Supp. 2d 1350 (S.D. Fla. 1999).

In this case, Liberty Mutual has filed a motion seeking to compel Plaintiff to arbitrate his claims against Liberty Mutual. As explained in more detail in Liberty Mutual's Joinder in CCN's Motion to Compel Arbitration, although there is no arbitration agreement between Plaintiff and Liberty Mutual, Plaintiff is nevertheless obligated to arbitrate his claims against Liberty Mutual due to the arbitration provision contained in the PPO agreement between CCN and Plaintiff. <u>See</u> Exhibit A. Accordingly, as Plaintiff's claims against Liberty Mutual are required to be decided in arbitration, Liberty Mutual is entitled to a stay of this litigation pursuant to 9 U.S.C. § 3 until such time that any and all arbitration issues and proceedings have been resolved.

{MI811617;1}

3

## II.    The Arbitration Act Permits a Stay Even for Non-Arbitrating Parties

Assuming, arguendo, that Plaintiff is not required to arbitrate his claims against Liberty

Mutual (which he is), this Court should still stay this case pending resolution of all of the

remaining arbitration proceedings.  As explained above, pursuant to 9 U.S.C. § 3, a party seeking

to enforce an arbitration provision is entitled to a stay.  This statute, however, is not limited

merely to those parties who are entitled to arbitration.  Rather, it has been construed to permit a

stay of litigation where only some of the claims involved are subject to arbitration.  See, e.g.,

Contracting Northwest, Inc. v. City of Fredericksburg, 713 F.2d 382, 387 (8th Cir. 1983)

("Section 3 of the Arbitration Act . . . is broad enough to permit the stay of litigation between

nonarbitrating parties as long as that lawsuit is based on issues referable to arbitration under an

arbitration agreement governed by the Arbitration Act"); American Home Assur. Co. v. Vecco

Concrete Constr. Co., 629 F.2d 961 (4th Cir. 1980) (Section 3 of the Arbitration Act authorizes

stay in favor on non-arbitrating parties).  For example, in American Home Assurance, litigation

occurred between a general contractor, subcontractor and bonding company.  Although only the

contract between the general contractor and the subcontractor contained an arbitration provision,

the court stayed all of the litigation pending arbitration, including the bonding company's

litigation against the other two parties (even though there was no arbitration agreement between

them).  The trial court held that because the resolution of the third party litigation depended upon

facts that fell within the other parties' arbitration provision, a stay of all of the litigation was

warranted pursuant to the Arbitration Act.

In the instant case, irrespective of whether Plaintiff is required to arbitrate his claims

against Liberty Mutual, this Court should stay this case (and all of the remaining consolidated

cases) pending resolution of the various arbitration issues and proceedings present in these

{MI811617;1}

4

consolidated cases.  As made clear in <u>Contracting Northwest</u> and <u>American Home Assurance</u>, the Arbitration Act authorizes a stay of proceedings for any party to litigation where there is an arbitration provision, even those parties whose claims do not involve arbitration.  Because Plaintiff's claims against CCN (in this case) and a number of the other defendants (in the other consolidated cases) are subject to arbitration, this Court should enter a stay pending the resolution of those proceedings.

**III.    Even If the FAA Doesn't Authorize a Stay, Interests of Judicial Economy Favor a Stay**

As explained above, Section 3 of the Arbitration Act authorizes a stay in favor of parties that are not entitled to arbitration.  Even if this Court were to construe Section 3 to not authorize such a stay, this Court should nonetheless issue a stay pursuant to its inherent power to control its docket, so as to prevent potentially inconsistent results, avoid unnecessary duplication and preserve judicial resources.  <u>See, e.g.</u>, <u>IDS Life Ins. Co. v. SunAmerica, Inc.</u>, 103 F.3d 524, 530 (7th Cir. 1996); <u>Contracting Northwest, Inc. v. City of Fredericksburg</u>, 713 F.2d 382, 387 (8th Cir. 1983) ("while it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of inconsistent results nonetheless militate in favor of staying the entire action"); <u>American Home Assur. Co. v. Vecco Concrete Constr. Co.</u>, 629 F.2d 961 (4th Cir. 1980) (same); <u>Creative Foods of Ind., Inc. v. My Favorite Muffin, Too, Inc.</u>, 2002 WL 244577 (S.D. Ind. 2002); <u>Nootens v. Madison Gas & Elec. Co.</u>, 1998 WL 719611 (N.D. Ill. 1998); <u>Western Int'l Media Corp. v. A.R. Johnson</u>, 754 F. Supp. 874 (S.D. Fla. 1991).

Absent a stay, there is a substantial risk of duplicative work and inconsistent results.  For example, if a stay is not entered for any of the parties, the parties will be forced to participate in

discovery that ultimately would be of no use should the claims be referred to mediation. Furthermore, if some of the cases, but not all, are stayed, then certain parties may proceed with discovery and other court proceedings, while others will not. Should those parties that did not proceed later be required to participate in this litigation, then none of the prior discovery would be binding on those parties, and the entire process would have to be repeated for all parties. In contrast, ordering a stay pending all arbitration proceedings will allow for an orderly progression of the merits of all of the consolidated cases once the arbitration issues have been resolved.

The Stipulation into which several of the parties recently entered (see Footnote 1) provides even more reason why all of these consolidated cases should be stayed until all arbitration issues are resolved. Without a stay of all the cases, discovery will occur in some, but not all, of the cases. In the event that Plaintiff's claims are not subject to arbitration, this Court will again have jurisdiction, and parties will be forced to duplicate the previous discovery. Such a result is nothing more than an inefficient use of the Court's and the parties' resources, and will cause additional procedural confusion.

**WHEREFORE,** Liberty Mutual respectfully requests that this Court enter an order staying all of the consolidated cases until such time that all arbitration issues and proceedings are resolved.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By:_____
   MARK S. SHAPIRO
   Florida Bar No.: 894631
   mshapiro@akerman.com
   GARY J. GUZZI
   Florida Bar No.: 159440
   gguzzi@akerman.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by

U.S. Mail to counsel listed below on this ___28___ day of June, 2002.

_____
Attorney

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 5/21/02)

**Co-Lead Counsel for Class Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com

Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN,
P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**
RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue
(32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER,
et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

{MI811617;1}

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMANSENTERFITT
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for: Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE
PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell
Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road,
Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

{MI811617;1}