UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

       Defendants.

_____/

ULTRA OPEN MRI CORPORATION and          01-6778
WALTER E. AFIELD, M.D., P.A.,
On behalf of themselves and all others
Similarly situated,

       Plaintiffs,

vs.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY,

       Defendants.

_____/

## PLAINTIFFS' OBJECTIONS TO REPORT AND
## RECOMMENDATION RE: PRUDENTIAL

    Plaintiffs ULTRA OPEN MRI CORPORATION ("UOMC") and WALTER E. AFIELD,

M.D., P.A. ("AFIELD"), on behalf of themselves and all others similarly situated ("Class Plaintiffs"),

by their undersigned counsel, hereby submit their Objections to Magistrate Judge Snow's June 12,

2002 Report and Recommendation ("R&R"). For all the reasons set forth herein, Class Plaintiffs

respectfully submit that Defendant PRUDENTIAL PROPERTY AND CASUALTY INSURANCE

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

COMPANY ("PRUDENTIAL") Motion to Compel Arbitration should have been denied in all respects.

## BACKGROUND

This action is one of 15 pending class actions consolidated for discovery purposes by this Court. UOMC filed its Complaint against PRUDENTIAL on May 5, 2001. On January 23, 2002, an Amended Complaint was filed adding AFIELD as a Plaintiff. PRUDENTIAL then filed its Motion to Dismiss or Stay the Litigation and to Compel Arbitration ("Motion to Compel Arbitration").

## REPORT AND RECOMMENDATION

The R&R entered by the Magistrate Judge in this matter denies PRUDENTIAL's Motion to Compel Arbitration. The R&R finds that the personal injury protection benefits contract ("PIP Contract") between PRUDENTIAL and its insured constitutes a written agreement which is binding on AFIELD. However, since the PIP Contract in this matter was issued before Section 627.736(5), Florida Statutes, was declared unconstitutional, the R&R finds that the arbitration clause in the PIP Contract is not binding on AFIELD.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that a written agreement for arbitration is the sine qua non of an enforceable arbitration agreement under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l,

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)).  Thus, the threshold question presented

by a motion to compel arbitration is whether the contract between the parties to the controversy

embodies a clause providing for arbitration.  Three Valleys Municipal Water District v. E.F. Hutton

& Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local

378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever

existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for

submitting any question to an arbitrator.")  As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of
> a day in court, there should be an express, unequivocal agreement to that effect.  If
> there is doubt as to whether such an agreement exists, the matter, upon a proper and
> timely demand, should be submitted to a jury.  Only when there is no genuine issue
> of fact concerning the formation of the agreement should the court decide as a matter
> of law that the parties did or did not enter into such an agreement.  The district court,
> when considering a motion to compel arbitration which is opposed on the ground that
> no agreement to arbitrate had been made between the parties, should give to the
> opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

1.    **THE R&R INCORRECTLY CONCLUDES THAT THE ARBITRATION
      PROVISION IN THE PIP CONTRACT AT ISSUE IN THIS CASE IS INVALID
      SOLELY BECAUSE IT WAS ENTERED INTO BEFORE THE PINNACLE
      DECISION.**

The R&R correctly concludes that Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.,

753 So. 2d 55 (Fla. 2000) invalidated arbitration clauses contained in PIP Contracts.  The R&R

limited the effect of Pinnacle to PIP Contracts entered into before the Pinnacle decision.  However,

based on the clear language of Pinnacle, the Florida Supreme Court struck down all arbitration

provisions which restrict a healthcare provider's rights.


LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

3

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Although the R&R recognizes that <u>Pinnacle</u> invalidated Section 627.736(5), Florida Statutes,

the R&R finds that the PIP contract provides an independent basis to compel arbitration for contracts

entered into subsequent to the <u>Pinnacle</u> decision.  This precise issue was raised and rejected by the

Florida Supreme Court in <u>Pinnacle</u>.  In appellants' initial brief in <u>Pinnacle</u>, the appellant insurance

companies specifically argued as follows:

## REGARDLESS OF THE CONSTITUTIONALITY OF THE STATUTE, APPELLEES WERE BOUND TO ARBITRATE AS THIRD PARTY BENEFICIARIES OF THE INSURANCE CONTRACTS.

The Fifth District should not have reached the constitutionality issue in this case, because there is a wholly independent reason that these providers should have been compelled to arbitrate.  As discussed in detail above, Section 627.736(5) statutorily implies such a binding arbitration provision in every PIP policy issued in this state.  In this case, there is no question that each of the insurance contracts contained such a provision.  The contracts themselves are sufficient to bind the providers to arbitrate regardless of the effect or validity of the statute.

It is well established that health care providers are third party beneficiaries of insurance contracts providing coverage for health care.  <u>See</u> <u>United States v. Automobile Club Insurance Company</u>, 522 F.2d 1 (5th Cir. 1975); <u>Vencor Hospitals South, Inc. v. Blue Cross Blue Shield of Rhode Island</u>, 929 F. Supp. 420 (S.D. Fla. 1996); <u>Orion Insurance Company v. Magnetic Imaging Systems I</u>, 696 So. 2d 475 (Fla. 3d DCA 1997); <u>Pasteur Health Plan, Inc. v. Salazar</u>, 658 So. 2d 543 (Fla. 3d DCA 1995).

It is likewise clear that third party beneficiaries are subject to the terms of the relevant contracts, including arbitration clauses.  <u>See</u> <u>Orion</u>.  696 So. 2d at 478; <u>Terminix International Co. v. Ponzio</u>, 693 So. 2d 104, 109 (Fla. 1st DCA 1997); <u>Zac Smith & Co. v. Moonspier Condominium Assoc.</u>, 472 So. 2d 1324 (Fla. 1st DCA 1985).  <u>See also</u> <u>Scobee Combs Funeral Home Inc. v. E.F. Hutton & Co.</u>, 771 F. Supp. 605 (S.D. Fla. 1989) (holding that parties are bound by an arbitration provision in National Association of Securities Dealers manual, regardless of the fact that no contract between them contained such a provision); <u>Desiderio v. National Association of Securities Dealers, Inc.</u>, 2 F. Supp. 516 (S.D.N.Y. 1998) (execution of a U-4 SEC form "inherently represents an agreement to arbitrate" as mandated by the relevant statute, even if the form does not so state).

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

No argument has been raised that an insurer cannot include an arbitration clause in its policy. Thus, regardless of the validity or effect of the statutory arbitration provision in Section 627.736(5), these Appellees should have been compelled to arbitrate. The Fifth District's decision should be quashed as improperly holding a statute unconstitutional when the case could have resolved without reaching that issue.

Brief for Appellants at 28-30, Pinnacle, 753 So. 2d 55. The Nationwide policy at issue in

Pinnacle contained the following provision requiring arbitration:

**ARBITRATION/ASSIGNMENT OF BENEFITS**

If a dispute arises between **us** and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, the dispute shall be settled by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any **insured**, any and all claims to such benefits by the **insured** belong to the health care provider who has received the assignment. Priority of payment of this coverage shall be given to the assigned claims of which **the company** has written notice.

The Florida Supreme Court rejected Nationwide's assertion that the contractual provision in

its insurance policy required medical providers to arbitrate their claims. The Florida Supreme Court

affirmed the decision of the Fifth District Court of Appeal which had affirmed a county court order

denying motions to dismiss and to compel arbitration.

The Florida Supreme Court found Section 627.736(5), Florida Statutes ("Section

627.736(5)") unconstitutional. Section 627.736(5) did not, by itself, require arbitration. Section

627.736(5) required insurers to include an arbitration provision in all contracts binding any person

providing medical services if that person has agreed to accept an assignment of personal injury

protection benefits. Thus, arbitration had been mandated pursuant to policy provisions. As

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

5

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

mandated by Section 627.736(5), PRUDENTIAL's policy contains an arbitration provision. An arbitration provision was also included in the insurance policy at issue in <u>Pinnacle</u>. The Florida Supreme Court rejected the argument that the contractual language provides a basis to compel arbitration. If the contractual provision provided a basis to compel arbitration, the Florida Supreme Court would have used the provision to require arbitration notwithstanding the unconstitutionality of Section 627.736(5).

The insurance company in <u>Pinnacle</u> asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, <u>there is no voluntary agreement to arbitrate</u> between medical providers and PIP insurers. <u>Medical providers are forced to arbitrate</u> by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

<u>Id</u>. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in <u>Pinnacle</u>, a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claims.

Based on the clear language of <u>Pinnacle</u>, the Florida Supreme Court struck down all arbitration provisions which restrict a healthcare provider's rights. As the Court held in <u>Pinnacle</u>:

> An objective of Florida's Motor Vehicle No-Fault law was to provide persons injured in an action with prompt payment of benefits. Similarly, the legislative objective of Section 627.428(1), Florida Statutes, which provides for an award of attorneys' fees against insurers who wrongfully deny benefits, was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorneys' fees when they are compelled to sue to enforce their

<u>LEE & AMTZIS, P.L.</u>
ATTORNEYS AT LAW

6

insurance contracts. Section 627.736(5) replaces Section 627.428(1) attorney fees with an award of attorney fees based on who was the "prevailing party" at arbitration. <u>Under Section 627.736(5), medical provider-assignees are subject to attorney fees, while insureds suing to enforce the exact same contract enjoy the one-way imposition of attorneys' fees against insurers provided in Section 627.428(1)</u>. This distinction does nothing to further the prompt payment of benefits or to discourage insurers' denial of valid claims. The effect of the attorney-fee provision in Section 627.736(5) is to further delay insureds from receiving medical benefits by encouraging medical providers to require payment from insureds at the time the services are rendered rather than risk having to collect through arbitration. Thus, <u>the prevailing party attorney-fee provision of Section 627.736(5) arbitrarily distinguishes between medical providers and insureds, violating medical providers' due process rights</u>, and is unconstitutional under article I, section 9 of Florida's Constitution.

<u>Id</u>. at 59 (citations omitted) (emphasis added).

A PIP Contract is entered into between an insured and an insurance company. The healthcare provider is not a party to the PIP Contract. Healthcare providers have no part in negotiating the terms of the PIP Contract. Accordingly, if insurance companies are able to place onerous arbitration provisions in PIP Contracts that are binding only when a healthcare provider seeks compensation for services provided, the entire holding in <u>Pinnacle</u> would be meaningless. In this case, PRUDENTIAL's PIP Contract contains the following arbitration provision:

**Arbitration**

Any claims dispute between us and a medical service or supplies provider who has agreed to accept an assignment of benefits shall be decided by arbitration upon written request of either party. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party.

The prevailing party is entitled to attorney's fees and costs.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

7

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

The arbitration shall take place in the county in which the provider is located. If they are located out-of-state, arbitration shall take place in the county in which the insured resides, unless the parties agree to another place. Arbitration is subject to the provisions of the Florida Arbitration Code, Chapter 682 of the Florida Statutes.

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment of benefits. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. The Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical providers. As the Court stated:

We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision violates the right of medical providers to access to courts provided under article 1, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) violates the due process rights of medical providers in violation of article I, section 9 of the Florida Constitution.

Pinnacle, 753 So. 2d at 57 (emphasis added). Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the PRUDENTIAL policy is likewise unconstitutional whether it was entered into before or after Pinnacle. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts." Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the PRUDENTIAL PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. Pinnacle.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

8

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

The PRUDENTIAL arbitration provision impermissibly provides for prevailing party attorney fees. This provision was found to be unconstitutional in <u>Pinnacle</u>. The arbitration provision violates the rights of healthcare providers to access to courts and is unconstitutional in that it requires arbitration in violation of article I, section 21 of the Florida Constitution. <u>Pinnacle</u>, 753 So. 2d 55. The PRUDENTIAL arbitration provision is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it impermissibly modifies the statutory fee-shifting provisions of Section 627.736. <u>Id</u> . The fact that the PIP Contract was entered into by an insured and PRUDENTIAL prior to the holding <u>Pinnacle</u> does not change the fact that the arbitration provision contained therein is unconstitutional and void.

## 2.    THE R&R INCORRECTLY FINDS THAT THE ARBITRATION PROVISION CAN BIND AN ASSIGNEE.

The R&R concludes that the assignment of benefits to the healthcare provider binds the healthcare provider to the arbitration clause contained in the PIP Contract. However, since PRUDENTIAL could not compel its insured to arbitrate these claims, AFIELD, as the assignee, cannot be compelled to arbitrate the claims.

"Arbitration agreements are personal covenants usually binding only upon parties to the covenant." <u>Federated Title Insurers, Inc. v. Ward</u>, 538 So. 2d 890 (Fla. 4th DCA 1989); <u>Karlen v. Golf & Western Indus., Inc.</u>, 336 So. 2d 461 (Fla. 3d DCA 1976). The PRUDENTIAL policy does not contain a personal covenant on the part of the insured to arbitrate personal injury protection claim disputes. The provision instead purportedly requires unknown assignees to arbitrate claims. There is

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

no written agreement between PRUDENTIAL and AFIELD requiring AFIELD to arbitrate such claims. Accordingly, there is no basis to assert that AFIELD's claims are subject to arbitration.

There is no arbitration agreement between PRUDENTIAL and its insured. AFIELD, as the insured's assignee "surely is in no worse position that its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. and Surety Co., 276 F. Supp. 791, 793 (S.D.N.Y. 1967). Thus, if PRUDENTIAL's insured desired to assert a claim against PRUDENTIAL for its failure to pay PIP benefits, the insured would be entitled to assert those claims in Court. A healthcare provider that receives an assignment "stands in the shoes" of an assignor-insured. Since the PRUDENTIAL assignor-insured cannot be compelled to arbitrate, the healthcare provider similarly cannot be compelled to arbitrate. Otherwise, additional conditions and penalties are imposed upon an assignee which are not imposed on the assignor. For example, an assignment of benefits does not require the healthcare provider to subsequently make premium payments required under the policy. Those obligations remain obligations of the insured since only the benefits were assigned. Further, if a healthcare provider assigns the rights back to the insured, the insured would not be required to arbitrate. Based upon the foregoing, PRUDENTIAL cannot assert that the assignment of benefits requires arbitration.

This precise issue was addressed in Pinnacle. In Pinnacle, the healthcare provider brought its claim as the assignee of benefits from an insured. The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider. The policy did not require the same claims to be arbitrated if they were brought by the insured. The insurance company asserted that

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

10

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual

provision which provides for arbitration. The Florida Supreme Court rejected this position. As the

court stated:

> In the instant case, there is no voluntary agreement to arbitrate between medical
> providers and PIP insurers. Medical providers are forced to arbitrate by terms in an
> agreement entered into between an insured and an insurer, to which the assignor-
> insured is not subject.

Id. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in Pinnacle, a

contractual provision entered into between an insured and insurance company cannot require

arbitration of claims that are assigned to a healthcare provider where the insured is not

required to arbitrate the same claims.

There is no contract between AFIELD and its patient to arbitrate claims. There is no contract

between AFIELD and PRUDENTIAL to arbitrate claims. There is no contract between

PRUDENTIAL's insured and PRUDENTIAL to arbitrate claims. AFIELD cannot be forced to

arbitrate based on the terms of an agreement entered into between an PRUDENTIAL insured and

PRUDENTIAL, to which the assignor-insured is not subject. Id. Accordingly, the arbitration

provision contained in the PRUDENTIAL PIP Contract provides no basis to compel arbitration

against AFIELD.

## CONCLUSION

For all the reasons set forth herein, Plaintiffs ULTRA OPEN MRI CORPORATION and

WALTER E. AFIELD, M.D., P.A., on behalf of themselves and all others similarly situated,

respectfully request that this Court enter an Order determining that the claims asserted in this action

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

are not subject to arbitration, together with such other and further relief as this Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this 24th day of June, 2002, upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

LEE & AMTZIS, P.L.
Attorneys at Law

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@lecamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile