

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.
_____/

SALVATORE LARUSSO, D.C.               01-8111
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.
_____/

## PLAINTIFF'S OBJECTIONS TO REPORT AND
## RECOMMENDATION RE: HARTFORD

Plaintiff SALVATORE LARUSSO, D.C., on behalf of himself and all others similarly

situated ("LARUSSO"), by his undersigned counsel, hereby submits his Objections to Magistrate

Judge Snow's June 12, 2002 Report and Recommendation ("R&R"). For all the reasons set forth

herein, LARUSSO respectfully submits that Defendant HARTFORD INSURANCE COMPANY OF

LEE & AMTZIS, P.A.
ATTORNEYS AT LAW

THE MIDWEST's ("HARTFORD") Motion to Compel Arbitration should have been denied in all respects.

## BACKGROUND

This action is one of 15 pending class actions consolidated for discovery purposes by this Court. LARUSSO filed his Complaint against HARTFORD on February 7, 2001. In December, 2001, HARTFORD filed its Motion to Dismiss or Stay the Litigation and to Compel Arbitration ("Motion to Compel Arbitration").

## REPORT AND RECOMMENDATION

The R&R entered by the Magistrate Judge in this matter denies HARTFORD's Motion to Compel Arbitration. The R&R finds that the personal injury protection benefits contract ("PIP Contract") between HARTFORD and its insured constitutes a written agreement which is binding on LARUSSO. However, since the PIP Contract in this matter was issued before Section 627.736(5), Florida Statutes, was declared unconstitutional, the R&R finds that the arbitration clause in the PIP Contract is not binding on LARUSSO.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that a written agreement for arbitration is the sine qua non of an enforceable arbitration agreement under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l,

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)).  Thus, the threshold question presented

by a motion to compel arbitration is whether the contract between the parties to the controversy

embodies a clause providing for arbitration.  Three Valleys Municipal Water District v. E.F. Hutton

& Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local

378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever

existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for

submitting any question to an arbitrator.")  As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of
> a day in court, there should be an express, unequivocal agreement to that effect.  If
> there is doubt as to whether such an agreement exists, the matter, upon a proper and
> timely demand, should be submitted to a jury.  Only when there is no genuine issue
> of fact concerning the formation of the agreement should the court decide as a matter
> of law that the parties did or did not enter into such an agreement.  The district court,
> when considering a motion to compel arbitration which is opposed on the ground that
> no agreement to arbitrate had been made between the parties, should give to the
> opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

## 1.    THE R&R INCORRECTLY CONCLUDES THAT THE ARBITRATION PROVISION IN THE PIP CONTRACT AT ISSUE IN THIS CASE IS INVALID SOLELY BECAUSE IT WAS ENTERED INTO BEFORE THE PINNACLE DECISION.

The R&R correctly concludes that Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.,

753 So. 2d 55 (Fla. 2000) invalidated arbitration clauses contained in PIP Contracts.  The R&R

limited the effect of Pinnacle to PIP Contracts entered into before the Pinnacle decision.  However,

based on the clear language of Pinnacle, the Florida Supreme Court struck down all arbitration

provisions which restrict a healthcare provider's rights.



LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

3

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

This precise issue was raised and rejected by the Florida Supreme Court in <u>Nationwide</u>

<u>Mutual Fire Ins. Co. v. Pinnacle Medical, Inc.</u>, 753 So. 2d 55 (Fla. 2000).  In appellants' initial

brief in <u>Pinnacle</u>, the appellant insurance companies specifically argued as follows:

> **REGARDLESS OF THE CONSTITUTIONALITY OF THE**
> **STATUTE, APPELLEES WERE BOUND TO ARBITRATE AS**
> **THIRD PARTY BENEFICIARIES OF THE INSURANCE**
> **CONTRACTS.**
>
> The Fifth District should not even have reached the constitutionality issue in this case, because there is a wholly independent reason that these providers should have been compelled to arbitrate.  As discussed in detail above, section 627.736(5) statutorily implies such a binding arbitration provision in every PIP policy issued in this state.  In this case, there is no question that each of the insurance contracts contained such a provision.  The contracts themselves are sufficient to bind the providers to arbitrate regardless of the effect or validity of the statute.
>
> It is well established that healthcare providers are third party beneficiaries of insurance contracts proving coverage for healthcare.  See <u>United States v. Automobile Club Insurance Company</u>, 522 F.2d 1 (5th Cir. 1975); <u>Vencor Hospitals South, Inc. v. Blue Cross and Blue Shield of Rhode Island</u>, 929 F. Supp. 420 (S.D. Fla. 1996); <u>Orion Insurance Company v. Magnetic Imaging Systems I</u>, 696 So. 2d 475 (Fla. 3d DCA 1997); <u>Pasteur Health Plan, Inc. v. Salazar</u>, 658 So. 2d 543 (Fla. 3d DCA 1995).
>
> It is likewise clear that third party beneficiaries are subject to the terms of the relevant contracts, including arbitration clauses.  See <u>Orion</u>, 696 So. 2d at 478; <u>Terminix International Co. v. Ponzio</u>, 693 So. 2d 104, 109 (Fla. 1st DCA 1997); <u>Zac Smith & Co. v. Moonspier Condominium Assoc.</u>, 472 So. 2d 1324 (Fla. 1st DCA 1985).  <u>See also Scobee Combs Funeral Home Inc. v. E.F. Hutton & Co.</u>, 771 F. Supp. 605 (S.D. Fla. 1989) (holding that parties were bound by an arbitration provision in National Association of Securities Dealers manual, regardless of the fact that no contract between them contained such a provision); <u>Desiderio v. National Association of Securities Dealers, Inc.</u>, 2 F. Supp. 516 (S.D.N.Y. 1998) (execution of a U-4 SEC form "inherently represents an agreement to arbitrate" as mandated by the relevant statute, even if the form does not so state).
>
> No argument has been raised that an insurer cannot include an arbitration clause in its policy.  Thus, regardless of the validity or effect of the statutory arbitration provision

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

in section 627.736(5), these Appellees should have been compelled to arbitration. The Fifth District's decision should be quashed as improperly holding a statute unconstitutional when the case could have resolved without reaching that issue.

Brief for Appellants at 28-30, Pinnacle, 753 So. 2d 55. The Nationwide policy at issue in Pinnacle

contained the following provision requiring arbitration:

**ARBITRATION/ASSIGNMENT OF BENEFITS**

If a dispute arises between **us** and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, the dispute shall be settled by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any **insured**, any and all claims to such benefits by the **insured** belong to the healthcare provider who has received the assignment. Priority of payment of this coverage shall be given to the assigned claims of which **the company** has written notice.

The Florida Supreme Court rejected Nationwide's assertion that the contractual provision in

its insurance policy required medical providers to arbitrate their claims. The Florida Supreme Court

affirmed the decision of the Fifth District Court of Appeal which had affirmed a county court order

denying motions to dismiss and to compel arbitration.

The Florida Supreme Court found Section 627.736(5), Florida Statutes ("Section

627.736(5)") unconstitutional. Section 627.736(5) did not, by itself, require arbitration. Section

627.736(5) required insurers to include an arbitration provision in all contracts binding any person

providing medical services if that person has agreed to accept an assignment of personal injury

protection benefits. Thus, arbitration had been mandated pursuant to policy provisions. As

mandated by Section 627.736(5), HARTFORD's policy contains an arbitration provision. An

arbitration provision was also included in the insurance policy at issue in Pinnacle. The Florida

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

5

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Supreme Court rejected the argument that the contractual language provides a basis to compel arbitration. If the contractual provision provided a basis to compel arbitration, the Florida Supreme Court would have used the provision to require arbitration notwithstanding the unconstitutionality of Section 627.736(5).

In Pinnacle, the healthcare provider brought its claim as the assignee of benefits from an insured. The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider. The policy did not require the same claims to be arbitrated if they were brought by the insured. The insurance company asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, there is no voluntary agreement to arbitrate between medical providers and PIP insurers. Medical providers are forced to arbitrate by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

Id. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in Pinnacle, a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claims.

> An objective of Florida's Motor Vehicle No-Fault Law was to provide persons injured in an action with prompt payment of benefits. Similarly, the legislative objective of section 627.428(1), Florida Statutes, which provides for an award of attorneys' fees against insurers who wrongfully deny benefits, was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorneys' fees when they are compelled to sue to

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

6

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

enforce their insurance contracts. Section 627.736(5) replaces section 627.428(1) attorney fees with an award of attorney fees based on who was the "prevailing party" at arbitration. <u>Under section 627.736(5), medical provider - assignees are subject to attorney fees, while insureds suing to enforce the exact same contract enjoy the one-way imposition of attorneys' fees against insurers provided in Section 627.428(1)</u>. This distinction does nothing to further the prompt payment of benefits or to discourage insurers' denial of valid claims. The effect of the attorney-fee provision in Section 627.736(5) is to further delay insureds from receiving medical benefits by encouraging medical providers to require payment from insureds at the time the services are rendered rather than risk having to collect through arbitration. Thus, <u>the prevailing party attorney-fee provision of Section 627.736(5) arbitrarily distinguishes between medical providers and insureds, violating medical providers' due process rights,</u> and is unconstitutional under article I, section 9 of Florida's Constitution.

<u>Id</u>. at 59 (citations omitted) (emphasis added).

A PIP Contract is entered into between an insured and an insurance company. The healthcare provider is not a party to the PIP Contract. Healthcare providers have no part in negotiating the terms of the PIP Contract. Accordingly, if insurance companies are able to place onerous arbitration provisions in PIP Contract that are binding only when a healthcare provider seeks compensation for services provided, the entire holding in <u>Pinnacle</u> would be meaningless. In this case, HARTFORD's PIP Contract contains the following arbitration provision:

Arbitration

If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits:

1. Any claims dispute involving medical expenses between the provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

2. The prevailing party shall be entitled to attorney's fees and costs.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

7

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment of benefits. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. The Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical providers. As the Court stated:

> We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision violates the right of medical providers to access to courts provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) violates the due process rights of medical providers in violation of article I, section 9 of the Florida Constitution.

Pinnacle, 753 So. 2d at 57 (emphasis added). Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the HARTFORD policy is likewise unconstitutional whether it was entered into before or after Pinnacle. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts." Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the HARTFORD PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. Pinnacle.

The HARTFORD arbitration provision impermissibly provides for prevailing party attorney fees. This provision was found to be unconstitutional in Pinnacle. The arbitration provision violates the rights of healthcare providers to access to courts and is unconstitutional in that it requires

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

8

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

arbitration in violation of article I, section 21 of the Florida Constitution. Pinnacle, 753 So. 2d 55. The HARTFORD arbitration provision is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it impermissibly modifies the statutory fee-shifting provisions of Section 627.736. Id . The fact that the PIP Contract was entered into by an insured and HARTFORD prior to the holding Pinnacle does not change the fact that the arbitration provision contained therein is unconstitutional and void.

**2.     THE R&R INCORRECTLY FINDS THAT THE ARBITRATION PROVISION CAN BIND AN ASSIGNEE.**

The R&R concludes that the assignment of benefits to the healthcare provider binds the healthcare provider to the arbitration clause contained in the PIP Contract. However, since HARTFORD could not compel its insured to arbitrate these claims, LARUSSO, as the assignee, cannot be compelled to arbitrate the claims.

"Arbitration agreements are personal covenants usually binding only upon parties to the covenant." Federated Title Insurers, Inc. v. Ward, 538 So. 2d 890 (Fla. 4th DCA 1989); Karlen v. Golf & Western Indus., Inc., 336 So. 2d 461 (Fla. 3d DCA 1976). The HARTFORD policy does not contain a personal covenant on the part of the insured to arbitrate personal injury protection claim disputes. The provision instead purportedly requires unknown assignees to arbitrate claims. There is no written agreement between HARTFORD and LARUSSO requiring LARUSSO to arbitrate such claims. Accordingly, there is no basis to assert that LARUSSO's claims are subject to arbitration.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

9

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

There is no arbitration agreement between HARTFORD and its insured. LARUSSO, as the insured's assignee "surely is in no worse position that its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. and Surety Co., 276 F. Supp. 791, 793 (S.D.N.Y. 1967). Thus, if HARTFORD's insured desired to assert a claim against HARTFORD for its failure to pay PIP benefits, the insured would be entitled to assert those claims in Court. A healthcare provider that receives an assignment "stands in the shoes" of an assignor-insured. Since the HARTFORD assignor-insured cannot be compelled to arbitrate, the healthcare provider similarly cannot be compelled to arbitrate. Otherwise, additional conditions and penalties are imposed upon an assignee which are not imposed on the assignor. For example, an assignment of benefits does not require the healthcare provider to subsequently make premium payments required under the policy. Those obligations remain obligations of the insured since only the benefits were assigned. Further, if a healthcare provider assigns the rights back to the insured, the insured would not be required to arbitrate. Based upon the foregoing, HARTFORD cannot assert that the assignment of benefits requires arbitration.

This precise issue was addressed in Pinnacle. In Pinnacle, the healthcare provider brought its claim as the assignee of benefits from an insured. The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider. The policy did not require the same claims to be arbitrated if they were brought by the insured. The insurance company asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

10

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, <u>there is no voluntary agreement to arbitrate</u> between medical providers and PIP insurers. <u>Medical providers are forced to arbitrate</u> by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

<u>Id</u>. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in <u>Pinnacle</u>, a contractual provision entered into between an insured and insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claims.

There is no contract between LARUSSO and his patient to arbitrate claims. There is no contract between LARUSSO and HARTFORD to arbitrate claims. There is no contract between HARTFORD's insured and HARTFORD to arbitrate claims. LARUSSO cannot be forced to arbitrate based on the terms of an agreement entered into between an HARTFORD's insured and HARTFORD, to which the assignor-insured is not subject. <u>Id</u>. Accordingly, the arbitration provision contained in the HARTFORD PIP Contract provides no basis to compel arbitration against LARUSSO.

## 3.    <u>HARTFORD HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION.</u>

Even if HARTFORD had a basis to compel arbitration, it has waived its right by acting inconsistently with its purported right to compel arbitration. The right to arbitrate like any other contractual right is not absolute and may be waived. <u>See S & H Contractors, Inc. v. A.J. Cole Co., Inc.</u>, 906 F.2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

11

litigation or other actions inconsistent with the right to compel arbitration. Usher Syndicate Ltd., Inc. v. Figgie Int'l, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's substantial participation in litigation to a point inconsistent with an intent to arbitrate which results in prejudice to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000) (quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense associated with litigation. Morewitz, 62 F.3d at 1366.

**A.  Hartford Has Waived Its Right To Compel Arbitration By Actively Participating In These Proceedings.**

Prior to filing its Motion to Compel Arbitration, HARTFORD actively took part in these proceedings. On October 16, 2001, HARTFORD filed it Motion for Reconsideration. On October 22, 2001, HARTFORD filed its Motion to Stay Discovery and to Stay the Time for Responding to Plaintiffs' Motion for Class Certification (D.E. #213). On October 22, 2001, HARTFORD filed its Motion to Dismiss the Amended Complaint (D.E. #210). On November 13, 2001, HARTFORD filed its Motion for Protective Order (D.E. #315). LARUSSO timely responded to each of the foregoing Motions.

This action was originally filed in May, 2001. For six months, rather than assert its purported right to compel arbitration, HARTFORD instead chose to take part in these proceedings. Having filed various Motions that, if granted, would have benefited HARTFORD, HARTFORD belatedly sought to compel arbitration. HARTFORD's actions have prejudiced LARUSSO since LARUSSO has had to respond to each of HARTFORD's Motions. In addition, HARTFORD's six month delay

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

12

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

in seeking to compel arbitration clearly caused an unnecessary delay in these proceedings.

**B.    Hartford Has Waived Its Right To Compel Arbitration By Litigating The Same Issues In State Court Proceedings.**

In determining whether a party has waived its right to compel arbitration, it is appropriate for a court to consider a party's conduct in other litigation.  See PPG Industries, Inc. v. Webster Auto Parts, Inc., 128 F.3d 103 (2d Cir. 1997).  As the Court stated :

> We have previously stated that the "prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." Doctor's Assocs., 107 F.3d at 133. It is irrelevant that the prior litigation occurred as a part of a separate action or in a different court. See id. at 132-33; see also Kramer, 943 F.2d at 178 (reversing district court's grant of motion to compel arbitration where defendant waived right to arbitrate by engaging in extensive litigation in state courts).

In Morewitz, 62 F.3d 1356, the Court found that a party involved in various litigation regarding similar disputes cannot pursue litigation and then subsequently demand to arbitrate those same disputes in a subsequent litigation.  Finally,

> [t]he "prejudice" that supports a finding of waiver can be "substantive" prejudice to the legal position of the party opposing arbitration, such as when the party seeking arbitration "loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," or obtains information through discovery procedures not available in arbitration.

Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997).

HARTFORD has litigated numerous county court cases against the various HARTFORD entities in which the issue regarding PPO reductions has been litigated by HARTFORD without HARTFORD asserting that the actions should be arbitrated.  HARTFORD cannot litigate these issues in the county courts of Florida hoping for a favorable judicial ruling and then attempt to

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

invoke its purported right to compel arbitration when a class action lawsuit is brought against it on the same issues. LARUSSO challenged HARTFORD to advise this Court as to how many lawsuits have been filed against HARTFORD in which the issue of PPO reductions was raised. LARUSSO further challenged HARTFORD to advise this Court how many times it has sought arbitration in those cases filed against it in which the PPO reduction issue was asserted.[5] HARTFORD refused to provide this information. Had HARTFORD provided this Court with this information, it would have been clear that HARTFORD has waived its right to compel arbitration of these issues by litigating these issues in the county courts throughout the state. HARTFORD's failure and refusal to provide this information, demonstrates that HARTFORD has concealed its efforts to litigate these issues in the county courts, while now attempting to invoke arbitration in this class action.[6]

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE LARUSSO, D.C. on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order determining that the claims asserted in this action are not subject to arbitration, together with such other and further relief as this Court may deem just and proper.

---

[5] It should be noted that prior to Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000), insurance companies routinely sought arbitration pursuant to Section 627.736(5) which statutorily imposed a binding arbitration provision in every PIP insurance policy issued in the state. In Pinnacle, the Florida Supreme Court found such a provision to be unconstitutional. Thus, HARTFORD should advise this Court as to how many times, subsequent to Pinnacle, it has sought to compel arbitration.

[6] LARUSSO believes that there is no basis for HARTFORD to compel arbitration. However, in the event that the issue of arbitration turns on whether HARTFORD has litigated these issues in the county courts, LARUSSO would request that this Court allow specific discovery directed to HARTFORD's activities in litigating these issues in the county courts.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

14

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this _26th_ day of June, 2002, upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

## Co-Counsel for Class Plaintiffs

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

15

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

16

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile


**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile


**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile


**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile