UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

FILED
REC'D by _____ D.C.
JUL 1 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE ALLSTATE INSURANCE COMPANY DEFENDANTS' EMERGENCY MOTION TO STAY PROCEEDINGS, AMENDED EMERGENCY MOTION TO STAY PROCEEDINGS, AND EMERGENCY MOTION FOR PROTECTIVE ORDER**

PLEASE TAKE NOTICE that Class Plaintiffs DR. PAUL ZIDEL, DR. MARC BROWNER and ULTRA OPEN MRI CORPORATION, on behalf of themselves and all others similarly situated ("Class Plaintiffs"), by their undersigned counsel, hereby submit their Memorandum of Law in Opposition to Defendants ALLSTATE INSURANCE COMPANY's, ALLSTATE INDEMNITY COMPANY's, DEERBROOK INSURANCE COMPANY's, FIDELITY AND CASUALTY COMPANY OF NEW YORK's AND CONTINENTAL INSURANCE COMPANY's

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

NON COMPLIANCE OF S.D. fla. L.R. 7.1.A.4

787

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

("ALLSTATE Defendants") Emergency Motion to Stay Proceedings, Amended Emergency Motion to Stay Proceedings, and Emergency Motion for Protective Order ("Motions to Stay"). For all the reasons set forth herein, Class Plaintiffs respectfully submit that the ALLSTATE Defendants' Motions to Stay should be denied in all respects.

## BACKGROUND

On September 28, 2001, this Court entered an Order consolidating the fifteen pending PPO class action matters so that discovery and other pretrial proceedings could proceed together in an orderly and efficient matter. Subsequently, numerous Motions to Compel Arbitration were filed by various Defendants. However, many Defendants did not seek to compel arbitration. Magistrate Judge Snow has issued Reports and Recommendation recommending the denial of all Motions to Compel Arbitration, with the exception of Prudential's Motion to Compel Arbitration as to one of two named Plaintiffs. Magistrate Judge Snow has issued a Report and Recommendation Denying Prudential's Motion to Compel Arbitration as to the other Plaintiff in that matter. This Court's rulings on the Reports and Recommendations remain pending.

On May 13, 2002 and May 21, 2002, this Court entered Orders requiring the parties to proceed with class certification discovery and staying all other discovery in these proceedings ("May, 2002 Orders"). The Defendants in the matters in which arbitration is at issue, have appealed this Court's May, 2002 Orders and have sought a stay pending appeal. In an effort to streamline the litigation and to reduce the burden on this Court, Class Plaintiffs and the appealing Defendants, other than ALLSTATE INSURANCE COMPANY and Third-Party Defendant COMMUNITY CARE NETWORK, INC. ("CCN"), have agreed to and submitted a Stipulation which stays the matters in

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

which arbitration is at issue until such time as this Court rules on the Reports and Recommendations and until such time as the Eleventh Circuit rules on the Defendants' appeals in the event that this Court adopts the Reports and Recommendations and denies the Motions to Compel Arbitration. The Stipulation has no effect on the cases in which arbitration is not an issue.

## ARGUMENT

Despite Class Plaintiffs' offer to stay litigation of the ZIDEL v. ALLSTATE matter in which there is an issue regarding arbitration, the ALLSTATE Defendants instead improperly seek to stay the cases in which there is no arbitration issue. The mandatory stay provisions of 9 U.S.C. § 3 only apply to parties to an arbitration agreement. Adams v. Georgia Gulf Corp., 237 F.3d 538, 540 (5th Cir. 2001). "[T]he mandatory stay provision of the FAA does not apply to those who are not contractually bound by the arbitration agreement." Id. (quoting Zimmerman v. Int.'l Companies & Consulting, Inc., 107 F.3d 334, 346 (5th Cir. 1997)). As to non-parties to an arbitration agreement, the decision to stay the proceedings "is one left to the district court . . . as a matter of discretion, rather than required by the FAA." Id. (quoting Moses H. Cohen Mem.'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 n.23 (1983)). The "FAA's goal of 'ensuring judicial enforcement of privately made agreements to arbitrate,' is not advanced by forcing a party that has not agreed to arbitrate to delay litigation of its claims." Cargill Ferrous Int.'l v. M/V Anatoli, 935 F. Supp. 833, 837 (E.D.La. 1996) (citations omitted). Other than the ZIDEL v. ALLSTATE case, there are no arbitration issues in the cases in which the other ALLSTATE Defendants are parties. Accordingly, those parties are not entitled to a mandatory stay under the FAA.

"Non-parties to an arbitration do not have the right to obtain a stay, but they may petition a

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

federal court to grant a stay pursuant to its inherent power to control its docket." Keytrade USA, Inc. v. M/V Ain Temouchent, 2002 WL 461657 *2 (E.D.La. 2002) (quoting American Shipping Line, Inc. v. Massan Shipping Indus., Inc., 885 F. Supp. 499, 501 (S.D.N.Y 1995)). "Although the Court has discretion to issue a stay under its inherent power to regulate its docket, 'the moving party bears a heavy burden to justify the stay.'" Id. at *3 (quoting Cargill Ferrous, Int.'l, 935 F. Supp. at 837). In this proceeding, the ALLSTATE Defendants cannot justify a stay.

As previously indicated, Class Plaintiffs have agreed to a stay in all actions in which arbitration is at issue in order to streamline the issues in these proceedings and to allow this Court to proceed with determining issues in cases in which there are no arbitration issues. In ZIDEL v. ALLSTATE, since there is an arbitration issue, Class Plaintiffs have no objection to a stay of discovery in those proceedings until such time as this Court rules on the arbitration issues and until such time as the Eleventh Circuit rules on ALLSTATE's and/or CCN's appeal. However, there is no reason why the remaining cases in which arbitration is not at issue should not proceed forward. In those cases, the Defendants have filed Answers, Motions for Class Certification are pending, and this Court has ordered that class discovery must be completed by July 31, 2002. The Defendants in the actions in which there is no arbitration issue have no basis to seek a discretionary stay while the other actions are on appeal. Although these matters were consolidated for discovery purposes and the issues in the cases are similar, nothing that will occur on appeal that will affect the cases in which arbitration is not an issue. If the Defendants prevail on the appeal of this Court's denial of their Motions to Compel Arbitration, those cases will proceed to arbitration. Since the Defendants are not Co-Defendants in the proceedings, any ultimate ruling by an arbitration panel will have no binding

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

effect on any of the parties in these proceedings. In addition, if the Eleventh Circuit determines that the Defendants' efforts to compel arbitration are improper, those matters will be remanded to this Court for further proceedings. Thus, it is hard to imagine how parties that have the right to proceed before this Court will be effected by a ruling on the arbitration issues.

The ALLSTATE Defendants' argument that a stay is warranted because discovery would have to be repeated is entirely misplaced. The ALLSTATE Defendants point to no discovery that would have to be repeated by them in the event that the Eleventh Circuit denies the Defendants' efforts to compel arbitration. Class discovery, merits discovery and the trial of the proceedings in the non-arbitration cases can proceed forward without any prejudice to those Defendants since they will have a full and fair opportunity to conduct whatever discovery is necessary to defend themselves. The ALLSTATE Defendants' assertion that there is a potential of overlapping or potentially contradictory determinations of law is also misplaced. Even if the Defendants are successful in compelling arbitration, any determinations by an arbitration panel will have no effect on the Defendants in these proceedings. For example, if a Defendant seeking to compel arbitration prevails on its appeal to the Eleventh Circuit and the matter is sent to arbitration and the arbitrator determines that the insurance company's conduct in reducing healthcare provider bills based on PPO reductions is illegal, such a determination against that Defendant is not binding on any other Defendant. Accordingly, there is no potential of overlapping or potentially contradictory determinations of law.

Although this Court consolidated these proceedings for discovery purposes, there are still fifteen separate matters involving different Defendants. What the Defendants who are not subject to arbitration issues are clearly attempting to do is to derail these proceedings and delay these

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

proceedings as long as possible. This Court has determined that class discovery should proceed. In all cases in which arbitration is not an issue, there is no reason why class discovery cannot proceed and there is no reason why those cases cannot proceed to trial. This latest effort by the Defendants to delay these proceedings should be summarily denied by this Court.

## CONCLUSION

For all the reasons set forth herein, Class Plaintiffs DR. PAUL ZIDEL, DR. MARC BROWNER and ULTRA OPEN MRI CORPORATION, respectfully request that this Court enter an Order denying the ALLSTATE Defendants' Emergency Motion to Stay, Amended Emergency Motion to Stay, and Emergency Motion for Protective Order, together with such other and further relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on June 26th, 2002 upon: all individuals on the attached Service List.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile