UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW ✓

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CNN,

      Defendants.
_____/

DR. ANDREW ELLOWITZ,               01-8549
on behalf of himself and all others similarly
situated,

      Plaintiff,

vs.

AMERICAN INTERNATIONAL
INSURANCE COMPANY,

      Defendants.
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT AMERICAN INTERNATIONAL'S
<u>EMERGENCY MOTION TO COMPEL ARBITRATION</u>**

    Plaintiff DR. ANDREW ELLOWITZ ("ELLOWITZ"), on behalf of himself and all others

similarly situated, by his undersigned counsel, hereby submits his Memorandum of Law in

Opposition to Defendant AMERICAN INTERNATIONAL's ("AMERICAN INTERNATIONAL")

<u>LEE & AMTZIS, P.L.</u>
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Emergency Motion to Compel Arbitration.[1]  For all the reasons set forth herein, ELLOWITZ

respectfully submits that AMERICAN INTERNATIONAL's Motion Compel Arbitration should be

denied in all respects.

## **BACKGROUND**

On June 14, 2001, Plaintiff MOTE WELLNESS & REHAB, INC. ("MOTE") filed a class

action Complaint against AMERICAN INTERNATIONAL and AMERICAN SOUTH (collectively,

"AIG").  The Complaint asserted causes of action against AIG for unjust enrichment, third-party

beneficiary breach of contract, RICO violations, declaratory judgment, and for violations of Section

627.736, Florida Statutes.  Thereafter, pursuant to an agreement among the parties, MOTE provided

AIG with an enlargement of time to respond to the Complaint until such time as this Court ruled on

the pending motions to consolidate and the motions to dismiss filed in the other PPO reduction class

actions.  On September 28, 2001, this Court entered its Omnibus Order which consolidated this

action with the other pending PPO reduction class actions and denied various motions to dismiss.

On November 7, 2001, despite the fact that most Defendants refused to make disclosures

under Federal Rule of Civil Procedure 26, MOTE and the other Class Plaintiffs served their Rule 26

disclosures.  On November 7, 2001, AIG served its Rule 26 disclosures limiting its disclosures to

documents.

On January 25, 2002, almost four months after it was required to respond to the Complaint in

this action, AIG filed its Motion to Dismiss or Alternative Motion for Summary Judgment.  On

---

[1]Pursuant to the Stipulation entered into among numerous parties in this proceeding, American International's Motion

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

February 12, 2002, an Amended Complaint was filed in these proceedings in which ELLOWITZ

asserted identical claims against AMERICAN INTERNATIONAL and the claims asserted by MOTE

are no longer asserted.  On February 25, 2002, AIG served its Motion to Strike Amended Class

Action Complaint.   On May 17, 2002, Magistrate Judge Snow issued the Report and

Recommendation which correctly concluded that the Motion to Strike should be denied.

Subsequently, on June 17, 2002, nine months after it was supposed to respond to the Complaint and

four months after the Amended Complaint was filed, AIG served its Motion to Compel Arbitration.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1)

whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether

there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc.,

475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration,

it is axiomatic that (a) written agreement for arbitration is the sine qua non of an enforceable

arbitration agreement under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l,

Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented

by a motion to compel arbitration is whether the contract between the parties to the controversy

embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton

& Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local

---

to Stay Proceedings and Motion for Protective Order should be denied as moot.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.")  As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect.  If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury.  Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement.  The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

## I.    THE CLAIMS ASSERTED BY ELLOWITZ ARE NOT SUBJECT TO ARBITRATION BASED ON A PURPORTED PPO AGREEMENT.

The claims asserted by ELLOWITZ are not subject to arbitration because ELLOWITZ is asserting claims as the assignee of claims assigned to him by an AMERICAN INTERNATIONAL insured.    There is no arbitration agreement between ELLOWITZ and AMERICAN INTERNATIONAL.  AMERICAN INTERNATIONAL seeks to compel arbitration as an alleged third-party beneficiary of a contract between ELLOWITZ and CCN Managed Care, Inc. ("CCN").  Since ELLOWITZ is asserting claims as an assignee, there is no basis to utilize the CCN agreement to compel arbitration.

ELLOWITZ's Amended Complaint asserts causes of action against AMERICAN INTERNATIONAL due to its improper and fraudulent reduction of PIP claims under Section 627.736, Florida Statutes.  In order for a health care provider to assert claims against an automobile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

insurance company for PIP benefits, the insured must assign the claim for PIP benefits to the health

care provider. "Courts have recognized that medical service providers can assert claims for a PIP

benefit against insurers when an insured has assigned them the right to the benefits." Hartford Ins.

Co. of the Southeast v. St. Mary's Hosp., Inc., 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations

omitted). The right to pursue a claim for PIP benefits belongs to the insured unless the insured

assigns the right to a health care provider. As recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury
> protection (PIP) benefits to a health care provider, the insured may not file a lawsuit
> to collect the assigned benefits. The insured would only have a claim to pursue
> against the insurance company if the health care provider were permitted to rescind
> the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any

event, only the insured or the medical provider 'owns' the cause of action against the insurer at any

one time. And the one that owns the claim must bring the action if an action is to be brought."

Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia

v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

The claims ELLOWITZ has asserted against AMERICAN INTERNATIONAL are claims

that were assigned to ELLOWITZ by an AMERICAN INTERNATIONAL insured. In order for

ELLOWITZ to assert claims for PIP benefits, he was required to obtain an assignment of benefits

from the AMERICAN INTERNATIONAL insured. AMERICAN INTERNATIONAL recognizes

that ELLOWITZ's claim is brought pursuant to an assignment of benefits. (Motion to Compel

Arbitration at P. 16). ELLOWITZ would not have brought the action if he did not have standing to

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

5

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

bring the claims asserted. There is no arbitration agreement between the AMERICAN INTERNATIONAL insured and ELLOWITZ. Also, the AMERICAN INTERNATIONAL insured is not a party to the CCN Agreement. AMERICAN INTERNATIONAL cannot use the CCN Agreement to compel arbitration of a dispute between AMERICAN INTERNATIONAL and its insured. Accordingly, AMERICAN INTERNATIONAL has no basis to compel arbitration of the claims ELLOWITZ is asserting as an assignee.

AMERICAN INTERNATIONAL also fails to affirmatively set forth a critical element of its claim as a third-party beneficiary. AMERICAN INTERNATIONAL asserts that it is a third-party beneficiary of the ELLOWITZ contract with CCN because it is a defined "payor" under the CCN Agreement. In order to be a payor under the CCN Agreement, AMERICAN INTERNATIONAL was required to enter into an agreement with CCN to participate in its preferred provider program. (CCN Agreement at ¶ 1.07). Nowhere in AMERICAN INTERNATIONAL's Motion to Compel Arbitration does it assert that AMERICAN INTERNATIONAL entered into an agreement with CCN to participate in its preferred provider program. There is no agreement between AMERICAN INTERNATIONAL and CCN attached as an exhibit to the Motion to Compel Arbitration and there is no evidence presented to establish that AMERICAN INTERNATIONAL has entered into a contract with CCN. Since AMERICAN INTERNATIONAL has not established that it entered into an agreement with CCN, it is not a "payor" under the CCN Agreement and cannot be considered an intended third-party beneficiary to the CCN Agreement.[2]

---

[2] Magistrate Judge Snow's recent Report and Recommendation in the Nationwide action denied Nationwide's

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Another reason why AMERICAN INTERNATIONAL's argument fails is because it failed to attach ELLOWITZ's purported agreement with CCN. Instead, AMERICAN INTERNATIONAL attached an agreement with CCN and Salvatore D. Larusso, D.C. AMERICAN INTERNATIONAL has not established that ELLOWITZ entered into an agreement similar to the CCN/LARUSSO agreement or that the terms of the agreements are the same. During the past four months since this action was filed, AMERICAN INTERNATIONAL surely has had the opportunity to obtain ELLOWITZ's purported agreement with CCN. Having failed to so, AMERICAN INTERNATIONAL asserts an agreement between another party and CCN to compel arbitration in these proceedings. This failure is fatal to AMERICAN INTERNATIONAL's Motion.

## II.    THE ARBITRATION PROVISION IN THE PIP CONTRACT AT ISSUE IN THIS CASE IS INVALID.

Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000) invalidated arbitration clauses contained in PIP Contracts. AMERICAN INTERNATIONAL attempts to assert that its unique "expanded arbitration" provision contained in policies before Pinnacle somehow changes the result. However, based on the clear language in Pinnacle, the Florida Supreme Court struck down all arbitration provisions which restrict a healthcare provider's rights.

This precise issue was raised and rejected by the Florida Supreme Court in Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000). In appellants' initial

---

Motion to Compel Arbitration due to its similar failure to establish that it was a payor that entered into a contract with the PPO.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

7

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

brief in <u>Pinnacle</u>, the appellant insurance companies specifically argued as follows:

**REGARDLESS OF THE CONSTITUTIONALITY OF THE STATUTE, APPELLEES WERE BOUND TO ARBITRATE AS THIRD PARTY BENEFICIARIES OF THE INSURANCE CONTRACTS.**

The Fifth District should not even have reached the constitutionality issue in this case, because there is a wholly independent reason that these providers should have been compelled to arbitrate. As discussed in detail above, section 627.736(5) statutorily implies such a binding arbitration provision in every PIP policy issued in this state. In this case, there is no question that each of the insurance contracts contained such a provision. The contracts themselves are sufficient to bind the providers to arbitrate regardless of the effect or validity of the statute.

It is well established that healthcare providers are third party beneficiaries of insurance contracts proving coverage for healthcare. See <u>United States v. Automobile Club Insurance Company</u>, 522 F.2d 1 (5th Cir. 1975); <u>Vencor Hospitals South, Inc. v. Blue Cross and Blue Shield of Rhode Island</u>, 929 F. Supp. 420 (S.D. Fla. 1996); <u>Orion Insurance Company v. Magnetic Imaging Systems I</u>, 696 So. 2d 475 (Fla. 3d DCA 1997); <u>Pasteur Health Plan, Inc. v. Salazar</u>, 658 So. 2d 543 (Fla. 3d DCA 1995).

It is likewise clear that third party beneficiaries are subject to the terms of the relevant contracts, including arbitration clauses. See <u>Orion</u>, 696 So. 2d at 478; <u>Terminix International Co. v. Ponzio</u>, 693 So. 2d 104, 109 (Fla. 1st DCA 1997); <u>Zac Smith & Co. v. Moonspier Condominium Assoc.</u>, 472 So. 2d 1324 (Fla. 1st DCA 1985). See also <u>Scobee Combs Funeral Home Inc. v. E.F. Hutton & Co.</u>, 771 F. Supp. 605 (S.D. Fla. 1989) (holding that parties were bound by an arbitration provision in National Association of Securities Dealers manual, regardless of the fact that no contract between them contained such a provision); <u>Desiderio v. National Association of Securities Dealers, Inc.</u>, 2 F. Supp. 516 (S.D.N.Y. 1998) (execution of a U-4 SEC form "inherently represents an agreement to arbitrate" as mandated by the relevant statute, even if the form does not so state).

No argument has been raised that an insurer cannot include an arbitration clause in its policy. Thus, regardless of the validity or effect of the statutory arbitration provision in section 627.736(5), these Appellees should have been compelled to arbitration. The Fifth District's decision should be quashed as improperly holding a statute unconstitutional when the case could have resolved without reaching that issue.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

8

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Brief for Appellants at 28-30, Pinnacle, 753 So. 2d 55. The Nationwide policy at issue in Pinnacle contained the following provision requiring arbitration:

**ARBITRATION/ASSIGNMENT OF BENEFITS**

If a dispute arises between **us** and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, the dispute shall be settled by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any **insured,** any and all claims to such benefits by the **insured** belong to the healthcare provider who has received the assignment. Priority of payment of this coverage shall be given to the assigned claims of which **the company** has written notice.

The Florida Supreme Court rejected Nationwide's assertion that the contractual provision in its insurance policy required medical providers to arbitrate their claims. The Florida Supreme Court affirmed the decision of the Fifth District Court of Appeal which had affirmed a county court order denying motions to dismiss and to compel arbitration.

The Florida Supreme Court found Section 627.736(5), Florida Statutes ("Section 627.736(5)") unconstitutional. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. Thus, arbitration had been mandated pursuant to policy provisions. As mandated by Section 627.736(5), AMERICAN INTERNATIONAL's policy contains an arbitration provision. An arbitration provision was also included in the insurance policy at issue in Pinnacle. The Florida Supreme Court rejected the argument that the contractual language provides a basis to

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

9

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

compel arbitration. If the contractual provision provided a basis to compel arbitration, the Florida Supreme Court would have used the provision to require arbitration notwithstanding the unconstitutionality of Section 627.736(5).

In Pinnacle, the healthcare provider brought its claim as the assignee of benefits from an insured. The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider. The policy did not require the same claims to be arbitrated if they were brought by the insured. The insurance company asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, there is no voluntary agreement to arbitrate between medical providers and PIP insurers. Medical providers are forced to arbitrate by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

Id. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in Pinnacle, a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider.

> An objective of Florida's Motor Vehicle No-Fault Law was to provide persons injured in an action with prompt payment of benefits. Similarly, the legislative objective of section 627.428(1), Florida Statutes, which provides for an award of attorneys' fees against insurers who wrongfully deny benefits, was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorneys' fees when they are compelled to sue to enforce their insurance contracts. Section 627.736(5) replaces section 627.428(1) attorney fees with an award of attorney fees based on who was the "prevailing party" at arbitration. Under section 627.736(5), medical provider - assignees are subject to

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

10

attorney fees, while insureds suing to enforce the exact same contract enjoy the one-way imposition of attorneys' fees against insurers provided in Section 627.428(1). This distinction does nothing to further the prompt payment of benefits or to discourage insurers' denial of valid claims. The effect of the attorney-fee provision in Section 627.736(5) is to further delay insureds from receiving medical benefits by encouraging medical providers to require payment from insureds at the time the services are rendered rather than risk having to collect through arbitration. Thus, the prevailing party attorney-fee provision of Section 627.736(5) arbitrarily distinguishes between medical providers and insureds, violating medical providers' due process rights, and is unconstitutional under article I, section 9 of Florida's Constitution.

Id. at 59 (citations omitted) (emphasis added).

A PIP Contract is entered into between an insured and an insurance company. The healthcare provider is not a party to the PIP Contract. Healthcare providers have no part in negotiating the terms of the PIP Contract. Accordingly, if insurance companies are able to place onerous arbitration provisions in PIP Contract that are binding only when a healthcare provider seeks compensation for services provided, the entire holding in Pinnacle would be meaningless. In this case, AMERICAN INTERNATIONAL's PIP Contract contains the following arbitration provision:

ARBITRATION

1.    **Disputes with a provider of medical services.** If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits, direction to pay, power of attorney or any instrument allowing direct payment to the provider:

  a.    Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

  b.    The prevailing party shall be entitled to attorney's fees and costs. The prevailing party is determined as follows:

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(1) If the arbitration award is greater than the sum of the amount we offer at arbitration plus fifty percent of the difference between:

    (a)    The amount of the claim asserted by the provider at arbitration; and

    (b)    The amount we offer at arbitration;

then the provider is the prevailing party.

(2)    If the arbitration award is less than the sum of the amount we offer at arbitration plus fifty percent of the difference between:

    (a)    The amount of the claim asserted by the provider at arbitration; and

    (b)    The amount we offer at arbitration;

Then we are the prevailing party.

(3)    If neither (1) nor (2) above applies; there is no prevailing party and each side is responsible for its own attorney's fees and costs.

The amount of the offer or claim at arbitration is the amount of the last offer or claim made at least thirty days prior to arbitration.

2.    **Other disputes**.  Any dispute involving benefits under this part of the policy between the company and a person claiming benefits under this policy shall be decided by arbitration.

Upon the written request for arbitration, each party will select one arbitrator. The two arbitrators will attempt to select a third arbitrator. If they cannot agree with a third arbitrator within 30 days, either party may request a judge of the court of record in the county of jurisdiction where the arbitration is pending to appoint the third arbitrator. A written decision agreed upon by any two or more arbitrators will be binding upon each party.

Each party will bear the expenses it incurs, including all legal fees and costs, and parties shall bear the expenses of the third arbitrator equally.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

> The arbitration will take place in the county in which the person claiming benefits under this policy resides. If they are located out of state, arbitration will take place in the county in which the insured resides. Arbitration is subject to the provisions of the Florida Arbitration Code Chapter 682 of the Florida statutes.

**Other disputes, 2.**, does not apply if your Declarations page indicates "Statutory Arbitration".

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment of benefits. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. The Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical providers. As the Court stated:

> We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision violates the right of medical providers to access to courts provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) violates the due process rights of medical providers in violation of article I, section 9 of the Florida Constitution.

Pinnacle, 753 So. 2d at 57 (emphasis added). Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the AMERICAN INTERNATIONAL policy is likewise unconstitutional whether it was entered into before or after Pinnacle. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts."

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

13

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the

AMERICAN INTERNATIONAL PIP Contract is unconstitutional and provides no basis to compel

arbitration in these proceedings. Pinnacle.

The AMERICAN INTERNATIONAL arbitration provision impermissibly provides for

prevailing party attorney fees. This provision was found to be unconstitutional in Pinnacle. The

arbitration provision violates the rights of healthcare providers to access to courts and is

unconstitutional in that it requires arbitration in violation of article I, section 21 of the Florida

Constitution. Pinnacle, 753 So. 2d 55. The AMERICAN INTERNATIONAL arbitration provision

is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it

impermissibly modifies the statutory fee-shifting provisions of Section 627.736. Id . The fact that

the PIP Contract was entered into by an insured and AMERICAN INTERNATIONAL prior to the

holding Pinnacle does not change the fact that the arbitration provision contained therein is

unconstitutional and void.

AMERICAN INTERNATIONAL's citation to its July, 2000 Amendment to its PIP coverage

is also unavailing. Section D(1) of the July, 2000 policy indicates that such disputes "may be

decided by arbitration if the parties agree." Thus, this provision is not a mandatory arbitration

provision. With regard to Section D(2) of the July, 2000 policy, for an insured that has "expanded

arbitration" coverage, the AMERICAN INTERNATIONAL policy requires the medical service

providers to arbitration, requires the parties to bear their own expenses, including legal fees and

costs, and requires the parties to bear the expenses of the arbitrator equally. As discussed above,

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

14

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

such as provision was rendered unconstitutional <u>Pinnacle</u>. This provision requires a healthcare provider, that was not a party to the insurance agreement, to arbitration and modifies the statutory fee-shifting provisions of Section 627.736. The July, 2000 policy provisions penalize healthcare providers for providing medical services to AMERICAN INTERNATIONAL's insureds based on a policy that healthcare providers had no part in negotiating.

As clearly set forth in the Amended Complaint, ELLOWITZ has instituted this action as the assignee of claims from an AMERICAN INTERNATIONAL insured whose claims arose prior to the <u>Pinnacle</u> decision. <u>Pinnacle</u> held such policies to be unconstitutional. Accordingly, the claims asserted by ELLOWTIZ are not subject to arbitration. In addition, AMERICAN INTERNATIONAL's effort to limit the claims in this class action to those arising pre-<u>Pinnacle</u>, as set forth above, should be denied. All AMERICAN INTERNATIONAL policies containing arbitration provisions requiring healthcare providers to arbitrate disputes regarding PIP claims are unconstitutional.

## III.    AMERICAN INTERNATIONAL HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION.

Even if AMERICAN INTERNATIONAL had a basis to compel arbitration, it has waived its right by acting inconsistently with its purported right to compel arbitration. The right to arbitrate like any other contractual right is not absolute and may be waived. See <u>S & H Contractors, Inc. v. A.J. Cole Co., Inc.</u>, 906 F.2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in litigation or other actions inconsistent with the right to compel arbitration. <u>Usher Syndicate Ltd., Inc. v. Figgie Int'l</u>, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's

<u>LEE & AMTZIS, P.L.</u>
ATTORNEYS AT LAW

15

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

substantial participation in litigation to a point inconsistent with an intent to arbitrate which results in prejudice to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000) (quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense associated with litigation. Morewitz, 62 F.3d at 1366.

AMERICAN INTERNATIONAL has waited a year to seek arbitration in these proceedings. The original Complaint in this action was filed on June 14, 2001. AMERICAN INTERNATIONAL has filed numerous motions since that time. AMERICAN INTERNATIONAL has also taken part in discovery by serving Rule 26 disclosures. In addition, MOTE disclosed its Rule 26 disclosures in these proceedings. On June 25, 2002, almost four months after it was required to respond to the Complaint in this action and seven months after the lawsuit was filed, AIG filed a Motion to Dismiss or Alternative Motion for Summary Judgment as to MOTE's claims. When the Complaint was filed, AMERICAN INTERNTAIONAL did not seek arbitration. Instead, AMERICAN INTERNATIONAL served a Motion to Strike the Amended Class Action Complaint. The Motion to Strike was fully briefed and on May 17, 2002, Magistrate Judge Snow issued a Report and Recommendation which correctly concluded that the Motion to Strike should be denied. Subsequently, on June 17, 2002, a year after the Complaint was filed and four months after the Amended Complaint was filed, AMERICAN INTERNATIONAL served its first Motion to Compel Arbitration.

Clearly, AMERICAN INTERNATIONAL has taken part in substantial litigation in these

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

proceedings. AMERICAN INTERNATIONAL's participation is clearly inconsistent with an intent

to arbitrate.    Rather than file a Motion to Arbitrate MOTE's claims, AMERICAN

INTERNATIONAL filed a Motion to Dismiss or for Summary Judgment seeking a determination,

on the merits, as to MOTE's claims.  If AMERICAN INTERNATIONAL believed that it had the

right to arbitrate such claims, a Motion to Compel Arbitration should have been immediately filed.

Once the Amended Complaint was filed, AMERICAN INTERNATIONAL did not seek to compel

arbitration.  Instead, it sought to strike the Amended Complaint and continued to press its Motion to

Dismiss or for Summary Judgment seeking a determination, on the merits, as to MOTE's claims.

Subsequent to the Magistrate Judge's recommendation that the Amended Complaint be allowed and

that the Motion to Strike be denied, AMERICAN INTERNATIONAL, for the first time, sought to

compel arbitration.

Obviously, ELLOWITZ has been prejudiced by AMERICAN INTERNATIONAL's actions.

AMERICAN INTERNATIONAL sought the benefits of litigating this matter in this Court until such

time as it was determined that its position was unfounded.  AMERICAN INTERNATIONAL then

determined that it would seek arbitration in an effort to divest this Court of jurisdiction.  ELLOWITZ

has been required to respond to the various Motions and AMERICAN INTERNATIONAL's tactic of

seeking a determination on the merits from this Court and then seeking to compel arbitration when

the determination was not favorable is entirely disingenuous.  If AMERICAN INTERNATIONAL

believed that the claims should have been arbitrated, it was required to immediately seek to compel

arbitration.  Having substantially participated in this litigation, inconsistent with its right to compel

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

17

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

arbitration, AMERICAN INTERNATIONAL has clearly waived its right to seek arbitration of any claims in these proceedings. A ruling to the contrary would promote conduct such as AMERICAN INTERNATIONAL's wherein defendants would seek to dismiss claims on their merits, take part in litigation, and then when their efforts to dismiss the claims are denied, to seek arbitration as an effort to divest the Court of its jurisdiction. Defendants cannot take advantage of this Court's jurisdiction when it suits them and then seek to divest this Court of its jurisdiction when they receive unfavorable decisions. AMERICAN INTERNATIONAL has waived its right to seek arbitration in these proceedings.

## <u>CONCLUSION</u>

For all the reasons set forth herein, Plaintiff DR. ANDREW ELLOWITZ respectfully requests that this Court enter an Order denying Defendant AMERICAN INTERNATIONAL INSURANCE COMPANY's Emergency Motion to Compel Arbitration, together with such other and further relief as this Court may deem just and proper.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail on July __, 2002 upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
     ERIC LEE
     Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile


LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

20

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile