IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated,<br>    Plaintiffs,<br>v.<br>ALLSTATE INSURANCE COMPANY,<br>    Defendant / Third-Party Plaintiff, | NIGHT BOX<br>FILED<br><br>JUL - 5 2002<br><br>CLARENCE MADDOX<br>CLERK, USDC/SDFL/FTL |

**ALLSTATE INSURANCE COMPANY AND OTHERS'
REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
EMERGENCY MOTIONS TO STAY AND FOR PROTECTIVE ORDER**

Over all defendants' strenuous objections, plaintiffs persistently sought, obtained and fought to preserve consolidation of these fifteen proceedings. In doing so, plaintiffs have repeatedly asserted there are substantial similarities between the claims presented and thus a likelihood of significant benefits to be achieved by forcing the parties to "proceed together in an orderly and efficient manner." Among the points plaintiffs repeatedly argued to this Court in support of consolidation efforts, were:

• It "is the conduct of Defendants in all three cases: the claimed illegal taking of Preferred Provider discounts, that forms the basis of the federal, state and common law causes of actions." (Plaintiffs' Consolidated Response to objections to consolidation, at 8.)

• " The claims asserted clearly involve common questions of law and fact. ... Although all seven cases are not identical, when the pending motions to dismiss are denied, a consolidated class action complaint will be filed asserting substantially identical claims against all Defendants. The common questions of law and fact in all of these cases is whether the Defendant automobile insurance companies are guilty of stealing healthcare providers' preferred provider discounts to which they are not entitled. ... Defendants' illegal conduct will entitle Plaintiffs to compensatory damages which are easily ascertainable." (Plaintiffs' Reply in support of consolidation, at 3.)

• "As healthcare providers that treat numerous individuals suffering injuries in automobile accidents, <u>the four Class Plaintiffs are not only plaintiffs in their specific cases, but will also likely be witnesses in other pending actions. This is also true for other witnesses, including experts,</u> that



will be called to testify to establish Class Plaintiffs' claims. <u>It would be an extreme burden on the parties and these witnesses to potentially be exposed to seven separate depositions in seven separate cases.</u>" (Plaintiffs' Reply in support of consolidation, at 2 (emphasis added).)

- "If the actions are consolidated, a consolidated class certification motion can be filed, the Defendants can file a consolidated response, and the Court will be able to address the issues in one action, as opposed to addressing seven separate contested motions. In addition, when a discovery dispute arises, it will be much simpler to address the issues in a consolidated action as opposed to issues that will arise in seven separate actions." (Plaintiffs' Reply in support of consolidation, at 2.)

- "Once the seven actions are consolidated, all parties, parties' employees, witnesses, and expert witnesses will be deposed once. All parties will have the opportunity to question these witnesses." (Plaintiffs' Reply in support of consolidation, at 5.)

Plaintiffs argue that Allstate's argument that discovery would have to be repeated is misplaced and that Allstate fails to point to any discovery that would have to be repeated (at page 5). As recited above, plaintiffs argued in support of consolidation that the class plaintiffs will likely be witnesses in the other cases and that this is also true of experts that will be called to establish plaintiffs' claims. Having some of the plaintiffs deposed now while some of the cases are stayed results in the very thing plaintiffs argued they wanted to avoid by consolidating the cases.

Faced with the reality that most of the defendants have asserted colorable demands for arbitration, however, plaintiffs now argue that the cases should instead be divided in to separate groups (although not un-consolidated) and proceed separately, because "there are still fifteen separate matters involving different defendants." Plaintiffs simply cannot have it both ways. The current circumstance is solely the product of plaintiffs' own contrivances. No matter how bitter the harvest may seem, they must now reap what they have sown.

The defendants in these consolidated cases are, as a matter of law, absolutely entitled to relief from plaintiffs' misguided effort to plunge headlong into unwarranted discovery and class certification proceedings at this juncture. Plaintiffs cannot escape the fact that federal policy

absolutely favors arbitration and that litigation may not be allowed to proceed in contravention of that policy. While substantial questions of arbitration remain pending before the Court of Appeals, as well as this Court, the litigation simply should not proceed. Without question, this Court can and must now stay the entirety of these consolidated proceedings, pending resolution of all arbitration issues, and enter a protective order as to the proffered discovery and class certification briefing.

### The Pendency Of Arbitration-Related Appeals Mandates Entry Of A Stay

On May 13, 2002, this Court issued an Order titled "Order Staying Causes Pending Ruling On Motions For Class Certification And To Compel Arbitration And Limiting Discovery To Class Certification." The Court entered a second Order dated May 21, 2002, addressing a subsequent Emergency Motion For Clarification. The May 13th and May 21st Orders require "all parties in these consolidated proceedings take part and conclude class discovery by July 31, 2002."

In issuing those Orders, this Court effectively denied the parties' still-pending requests for entry of a stay of litigation, pending arbitration, favoring litigation proceedings over arbitration. See Klepper v. SLI, Inc., 2002 WL 1058092 (3rd Cir., May 28, 2002) (requiring parties to submit to discovery "in essence constituted a declination to stay litigation"); Koveleskie v. SBC Capital Markets, Inc., 167 F.3d 361, 363 (7th Cir. 1999) (an order which required that discovery proceed before the court decided to compel arbitration was an effective denial); McLaughlin Gormley King Co. v. Terminix Int'l Co., L.P., 105 F.3d 1192, 1193 (8th Cir. 1997) (refusal to order arbitration prior to discovery is an effective denial of the stay); IDS Life Ins. Co. v. Sun America, Inc., 103 F.3d 524, 525-26 (7th Cir. 1996) (failure to explicitly rule on stay is a "constructive denial" of the stay).

Consistent with the overwhelming public policy favoring arbitration, any order which even has the *effect* of denying a motion to stay, or which simply favors litigation proceedings over

arbitration, is immediately appealable. See Klepper v. SLI, Inc., 2002 WL 1058092 (3rd Cir., May 28, 2002); Koveleskie v. SBC Capital Markets, Inc., 167 F.3d 361, 363 (7th Cir. 1999). Cf., Bess v. Check Express, 2002 WL 1337304 at * 2 (11th Cir. June 19, 2002)(order denying motion to compel arbitration is immediately appealable). On that basis, Allstate and other defendants have filed Notices of Appeal, pursuant to §16(a)(1)(A) of the Federal Arbitration Act, seeking review of the May 13, 2002 and May 21, 2002 Orders.

Plaintiffs concede that the pendency of those appeals necessitates a stay of the litigation. Plaintiffs have entered stipulations to that effect with many of the appealing parties. Specifically as to Allstate, with whom plaintiffs have not reached a stipulation, plaintiffs nevertheless admit in their response brief that the pending appeal absolutely entitles Allstate to a stay of these proceedings "until such time as this Court rules on the [Magistrate's] Reports and Recommendations and until such time as the Eleventh Circuit rules on the Defendants' appeals in the event that this Court adopts the Reports and Recommendations and denies the Motions to Compel Arbitration."

The same premises which guide plaintiffs' apparent concession as to Allstate Insurance Company, apply with equal force to the other parties. Indeed, the pertinent question is:

> not whether appellants have shown a powerful reason why the district court must halt proceedings, but whether there is any good reason why the district court may carry on once an appeal has been filed.

Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir.1997).

The various parties' filing of notices of appeal confers jurisdiction on the Court of Appeals, divests this Court of its control over those aspects of case involved in appeal and, most importantly, renders impractical any attempt to proceed with piecemeal discovery without the parties to the appeal. Bradford-Scott Data Corp., 128 F.3d at 505-06 (all district court proceedings should be

stayed until appeals were decided as it "is fundamental to a hierarchical judiciary that 'a federal district court and federal court of appeals should not attempt to assert jurisdiction over case simultaneously.'"). See In re: Managed Care Litigation, 2001 WL 664391, *3, & n.2 (S.D. Fla., June 12, 2001); Baron v. Best Buy Co., Inc., 79 F. Supp.2d 1350 (S.D. Fla. 1999). Cf. Showtime/the Movie Channel, Inc. v. Covered Bridge Condo. Ass'n., 895 F.2d 711, 713 (11th Cir. 1990) (the district court "retains only the authority to act in aid of the appeal").

Notwithstanding plaintiffs' protests to the contrary, in light of the pending appeals as to arbitration, this Court can and must enter a stay as to the entirety of these consolidated proceedings, at least until such time as those appeals are resolved, along with a protective order as to the proffered discovery.

### The Nature Of Consolidated Proceedings Requires The Stay Be Applied To All Parties

Plaintiffs do not offer any substantive support for their effort to break out a small number of parties and claims from complex, consolidated cases, and force them to proceed with litigation, while the remainder moves to arbitration. Indeed, the weight of authority requires that arbitration issues be given priority to proceed, while the *remainder* of the case is to be stayed until arbitrations are completed or denials of arbitration are appealed and affirmed. See, e.g., IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 530 (7th Cir. 1996) (interests of judicial economy and principles of abstention applicable to parallel proceedings require a stay); Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 387 (8th Cir. 1983)(affirming imposition of stay which also covered non-parties to the arbitration agreement, under Section 3 of the Arbitration Act and on other grounds as well); Western Int'l Media Corp. v. A.R. Johnson, 754 F. Supp. 874, 874 (S.D. Fla. 1991) (stay of

all claims pending arbitration involving only some of the parties is appropriate to prevent the possibility of inconsistent results and avoid unnecessary duplication and waste).

Contrary to plaintiffs' unsupported claim, moreover, Section 3 of the Arbitration Act has long been construed to permit a stay of litigation, including proceedings between non-arbitrating parties, as long as the lawsuit is based on issues referable to arbitration under an arbitration agreement governed by the Arbitration Act. See Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 387 (8th Cir. 1983); American Home Assurance Co. v. Vecco Concrete Construction Co., 629 F.2d 961, 964 (4th Cir. 1980). See also Hill v. GE Power Systems, Inc., 282 F.3d 343, 347-48 (5th Cir. 2002) (where claims asserted against party to arbitration agreement are inherently inseparable from those asserted against other parties, Section 3 applies to all of the claims).[1] MS Dealer Service Corp. v. Franklin, 177 F.3d 942, 944-47 (11th Cir. 1999) (non-signatory to contract may enforce arbitration clause against signatory). That is precisely the situation presented, here.

Plaintiffs asked for these fifteen cases to be consolidated. They asserted the cases are nearly identical. They wanted discovery and litigation to be coordinated among all of the cases and for all

---

[1] Plaintiffs cite to a handful of decisions from the Fifth Circuit Court of Appeals and the District of Louisiana, a district court within that Circuit, as authority for general propositions of law. Plaintiffs neither suggest those decisions are controlling authority nor even attempt to argue the cases are in any way factually or legally analogous to the situation presented, here. In fact, in large part those cases are supportive of defendants' legal position and in no way are apposite to these defendants' request for a stay of litigation in this case. See Adams v. Georgia Gulf Corp., 237 F.3d 538 (5th Cir. 2001); Keytrade USA, Inc. v. M/V Ain Temouchent, 2002 WL 461657 (E.D. La. 2002); Cargill Ferrous Int'l v. M/V Anatoli, 935 F. Supp. 833 (E.D. La.1996). As those decisions recognize, where, as here, the claims at issue are substantially similar and inherently inseparable, the Fifth Circuit holds Section 3 applies. See Hill v. GE Power Systems, Inc., 282 F.3d at 347-48; Harvey v. Joyce, 199 F.3d 790, 796 (5th Cir. 2000) (mandatory stay provision of Section 3 applies to non-parties to the arbitration agreement where issues presented in the non-party litigation, if litigated, would render the arbitration redundant and thwart the federal policy favoring arbitration); Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 329 (5th Cir. 1999)(Section 3 applies where the claims asserted overlap and if the lawsuit against the nonparty to the arbitration agreement were permitted to proceed, it could have a critical impact on the issues to be presented in arbitration).

cases to proceed together. Despite defendants' repeated objections, that request was granted. However, plaintiffs now find that consolidation is inconvenient because coordination of all discovery and litigation among fifteen cases means just that -- all cases must proceed, or more particularly, **not** proceed, together. Instead, plaintiffs want to take discovery of some defendants in some cases now, leaving others until some later date. This is, however, the very duplication of effort and waste of resources that plaintiffs urged should be avoided through consolidation. As long as consolidation remains in place, it is utterly inconsistent and completely unjustifiable, to subdivide the cases and thereby permit discovery and other proceedings to begin as to some defendants in some cases, only.

Even if Section 3 were construed not to directly authorize a stay in favor of a non-party to the arbitration agreement in question, moreover, the remaining parties to this consolidated matter are nevertheless entitled to a stay of litigation "under the doctrine of abstention applicable to parallel proceedings in the judicial and arbitral fora," which seeks to avoid, among other things, the potential for inconsistent results IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 530 (7th Cir. 1996). See Nootens v. Madison Gas And Electric Co., 1998 WL 719611 (N.D. Ill. Oct. 8, 1998)("Judicial economy and principles of parallel proceedings require a stay ... ."); Creative Foods of Indiana, Inc. v. My Favorite Muffin, Too, Inc., 2002 W.L. 244577 (S.D. Ind. Jan. 14, 2002)(issuing stay of third parties based on "parallel proceedings" abstention).

It is well-established, moreover, that a Court can and should exercise its general power to control its dockets and to ensure fairness, by staying all proceedings in multi-party litigation, even where only some of the parties or some of the issues are involved in the appeal of arbitration issues. E.g., In re: Managed Care Litigation, 2001 WL 664391 at * 1; Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 386 (8th Cir. 1983). See also Aggrow Oils, L.L.C. v. National Union

Fire Ins. Co. of Pittsburgh, 242 F.3d 777, 783 (8th Cir. 2001)(a pending arbitration should "be given priority to the extent it is likely to resolve issues material to this lawsuit" even though "the lawsuit involves more parties and claims than the arbitration. In a complex, multi-party dispute of this type, issues such as the risk of inconsistent rulings, the extent to which the parties will be bound by the arbitrator's decision, and the prejudice that will result from delays must be weighed"); Summer Rain v. The Donning Company/Publishers, Inc., 964 F.2d 1455, 1461 (4th Cir. 1992)(if non-arbitrable issues depend on arbitrable issues, or if resolution of arbitrable issues would render court's ruling on non-arbitrable issues unnecessary, litigation on non-arbitrable issues should be stayed).

Plaintiffs offer nothing in their response brief which remotely contradicts the basic fact that the substance of the claims asserted against each of the defendants, as well as the primary, factual prerequisites for class certification, are absolutely indistinguishable. This court necessarily recognized as much when it ordered consolidation of these proceedings. See Contracting Northwest, 713 F.2d at 386 (recognizing that when consolidating cases, the district court must have held they "involved common issues of law and fact"). Potential discovery involving the non-appealing parties, particularly as to class certification as to which the issues are absolutely identical, necessarily will be fundamentally and inextricably intertwined with potential discovery involving those parties who have or will appeal. In the event the appealing parties were not to prevail in the Eleventh Circuit, there is no doubt that much of the class action discovery would have to be repeated upon their return to the consolidated proceedings.

Plaintiffs also offer no basis for this Court to disregard the vast potential for overlapping and potentially contradictory determinations of law, in the event that parallel arbitration proceedings are permitted to proceed. The fundamental legal issues which form the basis for plaintiffs' claims

against each of the defendants, as would be presented in the arbitrations, are inherently inseparable from the same questions which necessarily would have to be presented in the litigation. This Court must give primacy to the arbitrations. E.g., Western Int'l Media Corp. v. A.R. Johnson, 754 F. Supp. 874, 874 (S.D. Fla. 1991)(stay of claims pending arbitration is appropriate to avoid possible inconsistent results and unnecessary duplication and waste). See Gary Turner v. Bain & Co., 1997 W.L. 638521 (N.D. Ill. 1997)(court stayed claims against party not in privity to arbitration agreement because claims "depend on the validity" of the contract containing the arbitration agreement.").

Only by entering a stay requiring all proceedings in this court to await the resolution of the various motions to compel arbitration, including related appeals and any subsequent arbitration proceedings, can this Court ensure that all fifteen of these consolidated cases are able to move forward fairly, efficiently, and as a unified block, as the Court contemplated when it granted plaintiffs' motion for consolidation. This Court should now act to ensure the orderly and efficient conduct of this litigation by staying proceedings until at least such time as the appeals from this Court's denial of arbitration are resolved. E.g., Bradford-Scott, 128 F.3d at 506-07.

### Pending Motions To Compel Arbitration Also Require Entry Of A Stay

There is no justification for treating Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and Continental Insurance Company differently from Allstate Insurance Company. Plaintiffs' contention that the stay of litigation it concedes should be entered as to Allstate Insurance Company, and others, should not be extended to cover Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and Continental Insurance Company, is entirely without merit. As noted above, the pending consolidated appeal, in and of itself, warrants entry of a complete stay of all litigation

proceedings and entry of a protective order as to the proffered discovery. Even assuming, arguendo, that were not true, those parties nevertheless would be entitled to a stay based on the pendency of their own, separate Motions to compel arbitration.

Plaintiffs ignore the fact that Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and The Continental Insurance Company have each filed their own, separate Motions to compel arbitration as to their respective cases. Each of those parties likewise have filed appropriate Motions requesting that this Court stay litigation proceedings pending arbitration. Try as they might, plaintiffs cannot simply escape those basic facts.

Requiring parties to consolidated actions to proceed with litigation before arbitration questions are decided violates the Federal Arbitration Act, is inconsistent with proper case management principles and is contrary to the purposes of consolidation. Arbitrations are to be given priority over related litigation, and questions as to arbitration must be resolved before parties are forced to litigate in court. See Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F.2d 648, 649 & n.2 (11th Cir. 1998); In re: Managed Care Litigation, 2001 WL 664391 (S.D. Fla., June 12, 2001). In light of the fact that each of Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty Company of New York and Continental Insurance Company has pending a Motion to compel arbitration, each of these parties is thus entitled to a stay of litigation proceedings, and to entry of a protective order, at least until such time as those Motions are decided. See, e.g., Suarez-Valdez, 858 F.2d at 649; Klepper v. SLI, Inc., 2002 WL 1058092 at *1.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 5TH day of July, 2002.

_David B. Shelton (signature)_

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | RUMBERGER, KIRK & CALDWELL |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate Insurance Company, Allstate Indemnity Company, Deerbrook, Fidelity and Casualty, Continental | Attorneys for Allstate Insurance Company, Allstate Indemnity Company, Deerbrook, Fidelity and Casualty, Continental |

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021