UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

    Defendants.
_____/   01-8108

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendant.
_____/

FILED by ___ D.C.
INTAKE
JUL - 8 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

**PLAINTIFF SALVATORE D. LARUSSO'S RESPONSE TO NATIONWIDE'S
OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Plaintiff SALVATORE D. LARRUSO, D.C., on behalf of himself and all others similarly situated ("LARUSSO"), by his undersigned counsel, hereby submits his Response to Defendant NATIONWIDE MUTUAL INSURANCE COMPANY's ("NATIONWIDE") Objections to Magistrate's Report and Recommendation ("Objections"). For all the reasons set

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

forth herein and in Magistrate Judge Snow's June 12, 2002 Report and Recommendation ("R&R"), LARUSSO respectfully submits that NATIONWIDE's Motion to Compel Arbitration should be denied in all respects.

## **ARGUMENT**

The R&R correctly concludes that NATIONWIDE's Motion to Compel Arbitration should be denied. The R&R correctly concludes that NATIONWIDE failed to establish that it was a "payor" under the Beech Street Agreement and that even if NATIONWIDE were a payor under the Agreement, the Agreement does not give a payor the right to compel arbitration. In its Objections, NATIONWIDE attaches a purported agreement in an effort to establish that it is a payor. NATIONWIDE did not provide this evidence to the Magistrate Judge, even after its failure to establish that it was a payor under the Beech Street Agreement was raised by LARUSSO in his Memorandum of Law in Opposition to NATIONWIDE's Motion to Compel Arbitration. Having failed to assert this evidence before the Magistrate Judge, NATIONWIDE has waived its right to assert this evidence in its Objections.

As stated in United States v. Malgar, 327 F.3d 1038, 1040 (7th Cir. 2000):

> Our cases, however indicate that arguments not made before a magistrate judge are normally waived. It is also true that we have said that waiver is a flexible doctrine, but there are good reasons for the rule that district courts should not consider arguments not raised initially before the magistrate judge, even though their review in cases governed by 28 U.S.C. § 636(b)(1) is de novo. Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument (which [appellee] argues is the case here). Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

(citations omitted); see also Maine Green Party v. Maine, Secretary of State, 173 F.3d 1, 4 (1st Cir. 1999) ("Appellant was entitled to a de novo review by the district court of the magistrate judge's recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised.") (citation omitted); Malone v. Pipe Fitters' Assoc., 774 F. Supp. 490, 494 (N.D. Ill. 1991) ("The Court's purpose in referring the case to the Magistrate-Judge was to streamline this Court's review of the case. The Court will not entertain attempts to bypass that system by raising new issues in the objections to the Magistrate-Judge's Report"). In Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994) the Court held:

> [A] party "has a duty to put its best foot forward" before the magistrate-judge -- i.e., "'to spell out its arguments squarely and distinctly'" -- and, accordingly, that a party's entitled to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge . . . [W]hen a matter is assigned to a Magistrate Judge, Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for de novo review by the district court if timely objections are filed, it <u>does not allow the parties to raise at the district court stage new evidence, argument, and issues</u> that were not presented to the Magistrate Judge -- "absent compelling reasons."

(citations omitted) (emphasis added).

NATIONWIDE did not present the contract attached to its Objections to the Magistrate Judge. LARUSSO specifically raised this issue in his Opposition to the Motion to Compel Arbitration. Notwithstanding the foregoing, NATIONWIDE failed to present the evidence. Having failed to present this evidence, NATIONWIDE is barred from presenting new evidence by way of its Objections and NATIONWIDE has failed to set forth compelling reasons why this information was not provided. Accordingly, NATIONWIDE has waived its right to present this new evidence.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

3

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

In addition, the new evidence does not change the fact that NATIONWIDE has failed to establish that it is a payor under the Beech Street Agreement or that it is entitled to Compel Arbitration. The Cooperating Provider Networking Agreement attached to the Objections is a schedule to another agreement that has not been provided by NATIONWIDE. Pursuant to Section 2 of the Cooperating Provider Networking Agreement, the term of the agreement is the same as the Payor Agreement dated December 23, 1997 between NATIONWIDE and ADP into which the Cooperating Provider Networking Agreement is incorporated. Since NATIONWIDE conveniently failed to attach the other agreement, it is impossible to determine the term of the Cooperating Provider Networking Agreement. In addition, this Cooperating Provider Networking Agreement is not a Payor Agreement as contemplated by the Beech Street Agreement. Such a Payor Agreement is apparently the one referred to in Section 2 of the Cooperating Provider Networking Agreement between NATIONWIDE and ADP. Section 3 of the Cooperating Provider Networking Agreement regarding NATIONWIDE's responsibilities relates to payments to "Participating ADP Providers." NATIONWIDE has not indicated that it is a party to an agreement with ADP and has not indicated how participating ADP providers relate to the Beech Street PPO Agreement. Accordingly, the Cooperating Provider Networking Agreement provides no basis for NATIONWIDE to compel arbitration.

Finally, NATIONWIDE completely fails to address Magistrate Judge Snow's conclusion that even if it were a payor under the PPO Agreement, the PPO Contract does not give a payor the right to compel arbitration under the terms of the PPO Contract. As the R&R correctly concludes, the arbitration provision is limited to the parties to the agreement. Since NATIONWIDE was not a party to the PPO Contract, it has no basis to compel arbitration.

LEE & AMTZIS, P.L.<br>ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CONCLUSION

For all the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order adopting Magistrate Judge Snow's June 12, 2002 Report and Recommendation in its entirety, find that NATIONWIDE MUTUAL INSURANCE COMPANY has waived its right to present additional evidence at this late date, and for such other and further relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on July 5, 2002 upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile