UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.
_____/   00-7692

SALVATORE D. LARUSSO, D.C.
d/b/a FAMILY CHIROPRACTIC CENTER, on behalf
of himself and other similarly situated,

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,

    Defendants.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO LIBERTY MUTUAL INSURANCE COMPANY'S JOINDER IN COMMUNITY CARE NETWORK, INC.'S MOTION TO COMPEL ARBITRATION, MOTION FOR PROTECTIVE ORDER, AND MOTION TO STAY PENDING RESOLUTION OF ARBITRATION PROCEEDINGS**

Plaintiff SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all other similarly situated ("LARUSSO"), by his undersigned counsel, hereby




LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

submits his Memorandum of Law in Opposition to Defendant LIBERTY MUTUAL INSURANCE COMPANY's ("LIBERTY MUTUAL") Joinder in Defendant COMMUNITY CARE NETWORK, INC.'s ("CCN") Motion to Compel Arbitration ("Joinder") , Motion to Stay Pending Resolution of all Arbitration Proceedings, and Motion for Protective Order ("Motion to Stay"). For all the reasons set forth herein, LARUSSO respectfully submits that LIBERTY MUTUAL's Joinder and Motion to Stay should be denied in all respects.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that '(a) written agreement for arbitration is the sine qua non of an enforceable arbitration agreement' under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.") As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when

considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

### I.   LIBERTY MUTUAL IS NOT ENTITLED TO SEEK ARBITRATION BY JOINING IN CCN'S MOTION.

LIBERTY MUTUAL's Joinder is its first effort to seek arbitration in these proceedings. As discussed below, LIBERTY MUTUAL's participation and litigation in these proceedings during the past year and a half constitutes a waiver of any purported right to seek arbitration. Moreover, CCN's Motion to Compel Arbitration is now moot. CCN, by stipulation, has been dismissed from this case, and the parties have agreed that its Motion to Compel Arbitration should be dismissed as moot. Accordingly, there is no longer a pending Motion to Compel Arbitration in which LIBERTY MUTUAL can join.

LIBERTY MUTUAL also fails to affirmatively set forth a critical element of its claim as a third-party beneficiary. LIBERTY MUTUAL asserts that it is a third-party beneficiary of the LARUSSO contract with CCN because it is a defined "Payor" under the CCN Agreement. However, in order for the CCN Agreement to apply, Payors under the CCN Agreement are required to enter into Payor Agreements with CCN. Such agreements are defined as follows:

> "Payor Agreement" is an instrument between a Payor and CCN or its authorized representative which provides for CCN providers, including Provider pursuant to this Agreement, to render Health Care Services or Benefits at Reimbursement Amounts determined and established by CCN and such Payor.

(CCN Agreement at ¶ 1.07).[1] The CCN Agreement also indicates that Payors will be "Payor organizations which offer a preferred provider or exclusive provider health care coverage plan to Beneficiaries or Claimants . . ." (CCN Agreement at P. 1).

---

[1] A True and correct copy of the CCN Agreement is attached to CCN's Motion to Compel Arbitration as Exhibit "A."

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

Nowhere in LIBERTY MUTUAL's Joinder does it assert that LIBERTY MUTUAL entered into a Payor Agreement with CCN to participate in its preferred provider program. There is no agreement between LIBERTY MUTUAL and CCN attached as an exhibit to the Joinder and there is no evidence presented to establish that LIBERTY MUTUAL has entered into a contract with CCN. LIBERTY MUTUAL has also not claimed or established that it offered "a preferred provider or exclusive provider health care coverage plan" as required by the CCN Agreement. Since LIBERTY MUTUAL has not established the foregoing, it is not a "Payor" under the CCN Agreement and cannot be considered an intended third-party beneficiary of the CCN Agreement.

## II.     LIBERTY MUTUAL HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION.

Even if LIBERTY MUTUAL had a basis to compel arbitration, it has waived its right by acting inconsistently with its purported right to compel arbitration. The right to arbitrate like any other contractual right is not absolute and may be waived. See S & H Contractors, Inc. v. A.J. Cole Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in litigation or other actions inconsistent with the right to compel arbitration. Usher Syndicate Ltd., Inc. v. Figgie Int'l, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's 'substantial participation in litigation to a point inconsistent with an intent to arbitrate' which results in prejudice to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000) (quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense associated with litigation. Morewitz, 62 F.3d at 1366.

Prior to filing its Joinder, LIBERTY MUTUAL actively took part in these proceedings. The action was originally filed against LIBERTY MUTUAL on November 15, 2000. On January 19, 2001 LIBERTY MUTUAL filed a Motion to Dismiss. LIBERTY MUTUAL's Motion to Dismiss

was denied on September 28, 2001. During these proceedings, LIBERTY MUTUAL has filed the following documents demonstrating its substantial participation in these proceedings:

| DATE | DOCKET ENTRY | DESCRIPTION |
|---|---|---|
| 11/15/00 | 1 | Class Action Complaint filed |
| 03/08/01 | 49 | Memorandum by Liberty Mutual in opposition to motion to consolidate all pending PPO reduction class cases |
| 04/24/01 | 65 | Partially Unopposed Motion by Liberty Mutual to stay discovery |
| 06/27/01 | $72^2$ | Motion by Liberty Mutual to extend time to respond to motion for class certification |
| 11/01/01 | 256 | Answer and affirmative defenses by Liberty Mutual |
| 11/02/01 | 257 | Response by Liberty Mutual to plaintiff's motion for entry of confidentiality order and Motion for reconsideration of order granting consolidation |
| 11/06/01 | 285 | Motion by Liberty Mutual to stay discovery until ruling on various pending motions and motion for protective order |
| 11/06/01 | 289 | Motion by Liberty Mutual for Hearing on [288-1] Motion for protective order as to deposition of Liberty Mutual |

LARUSSO has been required to respond to the foregoing. On November 1, 2001, after its substantive Motion to Dismiss was denied, LIBERTY MUTUAL filed its Answer and Affirmative Defenses to the Complaint. At no time prior to when it filed its Joinder, did LIBERY MUTUAL raise any issues relating to arbitration. Having waited over one and a half years to file its Joinder, substantially taking part in these proceedings, filing an Answer and Affirmative Defenses, and failing to ever raise the issue of arbitration, LIBERTY MUTUAL cannot seek arbitration at this late date by way of a Joinder in a Co-Defendant's Motion to Compel Arbitration. In fact, since CCN has been

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

5

dismissed from these proceedings and its Motion to Compel Arbitration has been dismissed as moot, LIBERTY MUTUAL's Joinder is moot. LIBERTY MUTUAL has waived its right to compel arbitration in these proceedings and its belated effort to do should be denied by this Court.

### III. THE CLAIMS ASSERTED BY LARUSSO ARE NOT SUBJECT TO ARBITRATION BECAUSE LARUSSO IS ASSERTING CLAIMS AS THE ASSIGNEE OF RIGHTS FROM A LIBERTY MUTUAL INSURED.

The claims asserted by LARUSSO are not subject to arbitration because LARUSSO is asserting claims as the assignee of claims assigned to him by a LIBERTY MUTUAL insured. There is no arbitration agreement between LARUSSO and LIBERTY MUTUAL. There is no arbitration agreement between LIBERTY MUTUAL's insured and LIBERTY MUTUAL. Unlike other Defendants in these consolidated proceedings, LIBERTY MUTUAL has not asserted that the contract between the LIBERTY MUTUAL insured and LIBERTY MUTUAL contains an arbitration provision requiring that claims assigned to health care providers be arbitrated. Instead, LIBERTY MUTUAL seeks to compel arbitration as an alleged third-party beneficiary of a contract between LARUSSO and CCN. Since LARUSSO is asserting claims as an assignee, there is no basis to utilize the CCN Agreement to compel arbitration.

LARUSSO's Complaint asserts causes of action against LIBERTY MUTUAL due to its improper and fraudulent reduction of PIP claims under Section 627.736, Florida Statutes. In order for a health care provider to assert claims against an automobile insurance company for PIP benefits, the insured must assign the claim for PIP benefits to the health care provider. "Courts have recognized that medical service providers can assert claims for a PIP benefit against insurers when an insured has assigned them the right to the benefits." Hartford Ins. Co. of the Southeast v. St. Mary's Hosp., Inc., 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations omitted). The right to pursue a claim for PIP benefits belongs to the insured unless the insured assigns the right to a health care

---

[2] Entries 1-72 are from Case No. 00-7692.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

6

provider. As recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury protection (PIP) benefits to a health care provider, the insured may not file a lawsuit to collect the assigned benefits. The insured would only have a claim to pursue against the insurance company if the health care provider were permitted to rescind the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any event, only the insured or the medical provider 'owns' the cause of action against the insurer at any one time. And the one that owns the claim must bring the action if an action is to be brought." Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

The claims LARUSSO has asserted against LIBERTY MUTUAL are claims that were assigned to LARUSSO by a LIBERTY MUTUAL insured. In order for LARUSSO to assert claims for PIP benefits, he was required to obtain an assignment of benefits from the LIBERTY MUTUAL insured. There is no arbitration agreement between LIBERTY MUTUAL and its insured. There is no arbitration agreement between LARUSSO and the LIBERTY MUTUAL insured. LARUSSO, as the insured's assignee "surely is in no worse position than its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. & Surety Co., 276 F. Supp. 791, 793 (S.D. N.Y. 1967). As the assignee, LARUSSO stands in the shoes of the LIBERTY MUTUAL insured. Since the LIBERTY MUTUAL insured cannot be compelled to arbitrate the claims asserted in this action, LARUSSO cannot be compelled to arbitrate the same claims. The LIBERTY MUTUAL insured is not a party to the CCN Agreement. LIBERTY MUTUAL cannot use the CCN Agreement to compel arbitration of a dispute between LIBERTY MUTUAL and its insured. Accordingly, LIBERTY MUTUAL has no basis to compel arbitration of the claims LARUSSO is asserting as an assignee.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

## IV. LIBERTY MUTUAL'S MOTION TO STAY SHOULD BE DENIED.

Since LIBERTY MUTUAL does not have the right to seek arbitration in these proceedings, it has no basis to stay this action. In addition, LIBERTY MUTUAL cannot stay this action based on the fact that other actions in which arbitration was appropriately raised will be stayed pending the appeal of those issues to the Eleventh Circuit.

On September 28, 2001, this Court entered an Order consolidating the fifteen pending PPO class action matters so that discovery and other pretrial proceedings could proceed together in an orderly and efficient matter. Subsequently, numerous Motions to Compel Arbitration were filed by various Defendants. However, many Defendants did not seek to compel arbitration. Magistrate Judge Snow has issued Reports and Recommendation recommending the denial of all Motions to Compel Arbitration, with the exception of Prudential's Motion to Compel Arbitration as to one of two named Plaintiffs. Magistrate Judge Snow has issued a Report and Recommendation denying Prudential's Motion to Compel Arbitration as to the other Plaintiff in that matter. This Court's rulings on the Reports and Recommendations remain pending.

On May 13, 2002 and May 21, 2002, this Court entered Orders requiring the parties to proceed with class certification discovery and staying all other discovery in these proceedings ("May, 2002 Orders"). The Defendants in the matters in which arbitration is at issue, have appealed this Court's May, 2002 Orders and have sought a stay pending appeal. In an effort to streamline the litigation and to reduce the burden on this Court, Class Plaintiffs and the appealing Defendants, other than ALLSTATE INSURANCE COMPANY and Third-Party Defendant CCN, have agreed to and submitted a Stipulation which stays the matters in which arbitration is at issue until such time as this Court rules on the Reports and Recommendations and until such time as the Eleventh Circuit rules on the Defendants' appeals in the event that this Court adopts the Reports and Recommendations and denies the Motions to Compel Arbitration. The Stipulation has no effect on the cases in which

arbitration is not an issue.

The mandatory stay provisions of 9 U.S.C. § 3 only apply to parties to an arbitration agreement. Adams v. Georgia Gulf Corp., 237 F.3d 538, 540 (5th Cir. 2001). "[T]he mandatory stay provision of the FAA does not apply to those who are not contractually bound by the arbitration agreement." Id. (quoting Zimmerman v. Int.'l Companies & Consulting, Inc., 107 F.3d 334, 346 (5th Cir. 1997)). As to non-parties to an arbitration agreement, the decision to stay the proceedings "is one left to the district court . . . as a matter of discretion, rather than required by the FAA." Id. (quoting Moses H. Cohen Mem.'l Hosp. v. Mercury Constr. Corp., 460 U.S.1, 20 n.23 (1983)). The "FAA's goal of 'ensuring judicial enforcement of privately made agreements to arbitrate,' is not advanced by forcing a party that has not agreed to arbitrate to delay litigation of its claims." Cargill Ferrous Int.'l v. M/V Anatoli, 935 F. Supp. 833, 837 (E.D.La. 1996) (citations omitted). As discussed above, there are no arbitration issues in this case. Accordingly, LIBERTY MUTUAL is not entitled to a mandatory stay under the FAA.

"Non-parties to an arbitration do not have the right to obtain a stay, but they may petition a federal court to grant a stay pursuant to its inherent power to control its docket." Keytrade USA, Inc. v. M/V Ain Temouchent, 2002 WL 461657 *2 (E.D.La. 2002) (quoting American Shipping Line, Inc. v. Massan Shipping Indus., Inc., 885 F. Supp. 499, 501 (S.D.N.Y 1995)). "Although the Court has discretion to issue a stay under its inherent power to regulate its docket, 'the moving party bears a heavy burden to justify the stay.'" Id. at *3 (quoting Cargill Ferrous, Int.'l, 935 F. Supp. at 837). In this proceeding, LIBERTY MUTUAL cannot justify a stay.

As previously indicated, Class Plaintiffs have agreed to a stay in all actions in which arbitration is at issue in order to streamline the issues in these proceedings and to allow this Court to proceed with determining issues in cases in which there are no arbitration issues. The Defendants in the actions in which there is no arbitration issue have no basis to seek a discretionary stay while the

other actions are on appeal. Although these matters were consolidated for discovery purposes and the issues in the cases are similar, nothing that will occur on appeal that will affect the cases in which arbitration is not an issue. If the Defendants prevail on the appeal of this Court's denial of their Motions to Compel Arbitration, those cases will proceed to arbitration. Since the Defendants are not Co-Defendants in the proceedings, any ultimate ruling by an arbitration panel will have no binding effect on any of the parties in these proceedings. In addition, if the Eleventh Circuit determines that the Defendants' efforts to compel arbitration are improper, those matters will be remanded to this Court for further proceedings. Thus, it is hard to imagine how parties that have the right to proceed before this Court will be effected by a ruling on the arbitration issues.

LIBERTY MUTUAL's argument that a stay is warranted because discovery would have to be repeated is entirely misplaced. LIBERTY MUTUAL points to no discovery that would have to be repeated by it in the event that the Eleventh Circuit denies the Defendants' efforts to compel arbitration. Class discovery, merits discovery and the trial of the proceedings in the non-arbitration cases can proceed forward without any prejudice to those Defendants since they will have a full and fair opportunity to conduct whatever discovery is necessary to defend themselves. LIBERTY MUTUAL's assertion that there is a potential of overlapping or potentially contradictory determinations of law is also misplaced. Even if the Defendants are successful in compelling arbitration, any determinations by an arbitration panel will have no effect on the Defendants in these proceedings. For example, if a Defendant seeking to compel arbitration prevails on its appeal to the Eleventh Circuit and the matter is sent to arbitration and the arbitrator determines that the insurance company's conduct in reducing healthcare provider bills based on PPO reductions is illegal, such a determination against that Defendant is not binding on any other Defendant. Accordingly, there is no potential of overlapping or potentially contradictory determinations of law. Although this Court consolidated these proceedings for discovery purposes, there are still fifteen separate matters

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

involving different Defendants. What the Defendants who are not subject to arbitration issues are clearly attempting to do is to derail these proceedings and delay these proceedings as long as possible. This Court has determined that class discovery should proceed. In all cases in which arbitration is not an issue, there is no reason why class discovery cannot proceed and there is no reason why those cases cannot proceed to trial. This latest effort by the Defendants to delay these proceedings should be summarily denied by this Court.

## CONCLUSION

For all of the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order denying LIBERTY MUTUAL's Joinder, denying LIBERTY MUTUAL's Motion to Stay Pending Resolution of all Arbitration Proceedings, and denying LIBERTY MUTUAL's Motion for Protective Order, together with such and other and further relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on July 8, 2002 upon: all individuals on the attached Service List.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

# MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305) 539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile


**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile