UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION (FORT LAUDERDALE)

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,

    Third-Party Defendant.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a      CASE NO. 01-8111
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and others similarly situated,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

**HARTFORD INSURANCE COMPANY OF THE MIDWEST'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO
MAGISTRATE'S REPORT AND RECOMMENDATION
<u>DENYING MOTION TO COMPEL ARBITRATION</u>**

Pursuant to 28 U.S.C. Section 636(b)(1)(C) and Local Rule 4(a)(1) of the Southern

District of Florida, Defendant Hartford Insurance Company of the Midwest ("Hartford") submits



{MI818229;1}

this Response to Plaintiff Salvatore Larusso's ("Larusso's") Objections to the Report and Recommendation issued by Magistrate Judge Snow on June 12, 2002 (the "Report").

The Magistrate Judge based her denial of Hartford's Motion to Compel Arbitration on the fact that Hartford's policy, which contains an arbitration provision, was drafted while a statute mandating arbitration was in effect. The statute was subsequently found to be unconstitutional by the Florida Supreme Court, and Magistrate Judge Snow concluded therefore that the "statutorily mandated arbitration provision must be stricken as in violation of Florida's Constitution." (Report at 6-7). Hartford has filed Objections to the Magistrate's Report arguing that it is erroneous because it is well-established that the Federal Arbitration Act (the "FAA") preempts state laws restricting the enforcement of arbitration agreements. *See Southland Corp. v. Keating*, 465 U.S. 1 (1984).

In spite of the fact that the Report concluded that Hartford's motion to compel arbitration should be denied, Larusso argues in his Objections that the Report made three erroneous conclusions. First, Larusso objects to the Report insofar as it held that the arbitration provision at issue was invalid only because it was entered into before the Florida Supreme Court decided *Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc.* 753 So.2d 55 (Fla. 2000). Second, Larusso objects on the ground that the Report concluded that, if the arbitration provision was valid, Larusso is obliged to arbitrate HIS claims as an assignee. Third, Larusso argues that Hartford waived its right to compel arbitration. For the reasons explained below, the objections are meritless and should be rejected.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. Section 636(b)(1)(C), this Court must undertake a *de novo* review of those portions of a Report to which a party objects. *Lynch v. Silcox*, No. 01-8800-CIV, 2001

WL 1200656 (S.D. Fla. Oct. 4, 2001) at *2. Those portions of the Report not objected to are subject to review under a clear error standard. *Id.*

## FACTUAL BACKGROUND

Larusso filed this proposed class action in May 2001 and served the Amended Class Action Complaint (the "Amended Complaint") on Hartford in October 2001. The five-count Complaint includes a claim for breach of contract brought by Larusso as an alleged third-party beneficiary of Hartford's auto insurance contracts.[1] *See* Amended Complaint ¶¶ 93-100. Larusso claims that he is entitled, under these policies, to direct payment of PIP benefits that otherwise would have been payable to the policyholders. *See* id. ¶¶ 11-12.

Attached to the Complaint is an explanation of benefits relating to services rendered by Larusso to Desmond Mahon ("Mahon"). Hartford has filed with the Court a certified copy of Mahon's automobile insurance policy (the "Policy").

The PIP section of the Mahon Policy (Part B) contains a mandatory arbitration provision that governs all claims relating to medical benefit claims:

> **ARBITRATION**
>
> If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits:
>
> 1.  Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

Policy at 10 (emphasis in original).

---

[1] The other four counts allege unjust enrichment, violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, declaratory judgment, and violation of Section 627.736 of the Florida Statutes.

## ARGUMENT

I.  *Pinnacle* **Did Not Invalidate All Statutorily-Mandated Arbitration Provisions**

Larusso takes issue with the portion of the Report that limits the *Pinnacle* holding to invalidating all pre-*Pinnacle* arbitration clauses in PIP insurance contracts.[2] Larusso presses the Court to adopt the untenable position that **all** arbitration provisions contained in PIP insurance contracts are invalid as unconstitutional under Florida law.

Larusso's position -- which, in essence, asks the Court to invalidate all **contractual** arbitration provisions in all PIP contracts -- stands in sharp relief to the limited holding in *Pinnacle* and to the Supreme Court's well-settled jurisprudence mandating enforcement of contractual arbitration provisions pursuant to the Federal Arbitration Act ("FAA").

As an initial matter, the narrow question presented to the Florida Supreme Court in *Pinnacle* was whether the mandatory arbitration portion of Florida Statute §627.736(5) violates the Florida Constitution. *See Delta Cas. Co. v. Pinnacle Med., Inc.*, 721 So. 2d 321, 322 & 325 n.3 (insurance contract between policy holders and insurance company not in record reviewed by appeals court, which only determined whether arbitration requirement of §627.736(5) violates Florida Constitution). The statute -- and nothing more -- was held unconstitutional. "We agree with the Fifth District that the mandatory arbitration **provision** of section 627.736(5) is unconstitutional." *Pinnacle*, 753 So. 2d at 57 (emphasis supplied).

Even if the Florida Supreme Court had wanted to invalidate all contractual arbitration provisions in PIP policies, they could not have done so without running afoul of the FAA, which

---

[2] For purposes of Hartford's motion to compel arbitration, the Magistrate's recommendation that post-*Pinnacle* arbitration provisions are valid has no bearing on the Mahon Policy, because it was executed pre-*Pinnacle*. However, to the extent that discovery reveals that there are class plaintiffs who entered into post-*Pinnacle* insurance contracts, Larusso would be subject to mandatory arbitration under those plaintiff's contracts with Hartford if the Magistrate's Report is adopted.

{MI818229;1}                                      4

provides that " a written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... **shall be valid, irrevocable, and enforceable**, save upon such grounds as exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2 (emphasis supplied). The U.S. Supreme Court has explicitly held that the FAA "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Larusso's attempt to broaden *Pinnacle* to invalidate private arbitration agreements therefore violates the Supremacy Clause of the U.S. Constitution and must be rejected.

## II.    Larusso is Bound by the Terms of the Policy to Arbitrate

The Magistrate considered several arguments raised by Larusso in the event that this Court finds that the agreement to arbitrate was not invalidated by *Pinnacle*. One conclusion soundly reached by the Magistrate is that -- assuming the contractual provision to arbitrate is valid -- Larusso is bound to arbitrate his claims against Hartford even though he is not a signatory to the Policy. Report at 10 (finding that the arbitration provision binds Larusso even though Larusso did not sign Policy). The Report's conclusion that Larusso is bound by the arbitration provision accords with established precedent and should not be disturbed. *See Interpool Ltd. v. Through Transp. Mut. Ins. Ass'n Ltd.*, 635 F. Supp. 1503, 1505 (S.D. Fla. 1985) ("The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'")(citation omitted); *MS Dealer Serv. Corp. v. Franklin*, 177 F. 3d 942, 947 (11th Cir. 1999) (noting that third-party beneficiaries are bound by arbitration clause where they seek to assert rights under a contract containing such a clause); *Orion Ins. v.*

*Magnetic Imaging Sys.*, 696 So. 2d 475, 478 (Fla. 3d DCA 1997) ("Because Magnetic is a third party beneficiary of the policy between Orion and its insured, Magnetic is bound by the arbitration provision in that policy."); *Terminix Int'l Co. v. Ponzio*, 693 So. 2d 104, 109 (Fla. 1st DCA 1997) ("As third party beneficiaries, these additional plaintiffs are bound by the arbitration provision.").

### III. Hartford has not Waived its Right to Compel Arbitration

The Magistrate also properly concluded that Hartford has not waived its right to compel arbitration by participating in the litigation. Nevertheless, Larusso once again distorts the record and the law to advance his argument that Hartford waived its right to compel arbitration by substantially participating in this litigation. First, Larusso argues waiver on the ground that Hartford "actively took part in these Proceedings." Objections at 12. Hartford was first served with the Amended Complaint on October 10, 2001.[3] The only motions filed by Hartford prior to filing its Motion to Compel Arbitration were motions (1) for reconsideration of the Court's consolidation order (2) to stay discovery and stay the time for responding to class certification (3) for a protective order and (4) to dismiss the amended complaint. Significantly, other than the motion to dismiss, all of these motions were based on Hartford's position that consolidation of this Action with other actions is inappropriate and therefore Hartford should not have to participate in consolidated discovery.

Larusso offers no authority for the proposition that Hartford's motion for reconsideration is grounds for waiver. Furthermore, it is well established that filing a motion to dismiss does not

---

[3] Larusso incorrectly alleges that Hartford had a "six month delay in seeking to compel arbitration." *Id.* at 13. Larusso initially served the Complaint upon ITT Hartford Life and Annuity Insurance Company in May, 2001. After prompt notification by Hartford that the wrong entity had been sued, Larusso waited to file the Amended Complaint until October 10, 2001. Thus, Hartford has only been a party to this litigation since October.

constitute substantial participation in a lawsuit and does not waive a contractual right to arbitrate. *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985)(filing a motion to dismiss, answering the complaint and asserting affirmative defenses and engaging in "extensive" discovery over eight months did not waive right to arbitrate); *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 61-62 (5th Cir. 1995)(filing motion to dismiss, asserting a counterclaim and conducting preliminary discovery over five months did not "substantially invoke the judicial process" and waive the Defendant's right to arbitration). Moreover, Larusso cannot show any prejudice by Hartford's filing of the motion to dismiss the complaint much less the other motions, which were precipitated by Larusso's motion to consolidate and attempt to proceed with discovery. Indeed, in a virtually identical situation, Magistrate Judge Snow has rejected Larusso's waiver argument. *See* Florida Farm Bureau Report, at 10.

Larusso alternatively argues that Hartford has waived its right to compel arbitration by allegedly litigating PPO reduction claims in state court actions. Larusso is still unable to specify even one PPO reduction case that Hartford has allegedly litigated, nor has he told the court whether the purported other cases involve class actions in which the same plaintiffs have sued Hartford for the same relief. Moreover, in the two instances cited by Larusso where a court has found waiver of arbitration based upon conduct in another action, both actions arose from <u>the same core of operative facts between the same or related parties</u>. In *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103 (2d Cir. 1997), the plaintiff initially brought separate actions against the same defendants (with one additional defendant in the federal court action) that "sought nearly identical relief in both actions." *Id.* at 105. The Second Circuit therefore considered the plaintiff's conduct in the state court action when determining whether the plaintiff had waived its right to seek arbitration in the federal court action. Since the plaintiff had

engaged in significant discovery and had filed substantive motions, the Court determined that the plaintiff had waived its right to arbitrate the either action.[4] Likewise, in *Morewitz v. West of England Ship Owners Mut. Protection and Indem. Assoc.*, 62 F.3d 1356 (11th Cir. 1995), the insurer was found to have waived its right to invoke an arbitration provision with its insured after it had unsuccessfully undertaken the defense of its insured against Morewitz. Although the insurer was technically not a party to the underlying proceeding, it had participated by providing a defense, and its failure to raise arbitration at that time affected a waiver when Morewitz filed suit to enforce the underlying judgment. *Id.* at 1366.

Larusso and Hartford are not litigating the issues raised in the Amended Complaint elsewhere. Larusso therefore could not suffer any prejudice from any other suits in which Hartford may be a party that raise the issue of PPO reductions. It is absurd for Larusso to argue that Hartford has in some manner waived its right to compel arbitration in this Action by allegedly litigating PPO reductions in other, unrelated actions. To the extent that any other actions exist, Larusso has no relationship to those actions. Accordingly, Hartford has not waived its right to seek arbitration of Larusso's claims.

---

[4] The two actions were so closely related in *PPG* that the district court had consolidated the actions. *Id.* at 107. Moreover, the Second Circuit noted many factors that evidenced a waiver of arbitration, including: a failure by the plaintiff to file a motion to stay pending arbitration in either action; the filing of substantive motions by the plaintiff; and engaging in significant discovery. *Id.* at 109. In contrast, Hartford has filed a motion to stay pending resolution of its motion to compel arbitration and has not engaged in any discovery or filed any substantive motions (other than its motion to dismiss, which, as set forth above, is not grounds for waiver).

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CONCLUSION

For these reasons, and the reasons set forth in Hartford's Motion to Compel, Hartford asks that the Court compel arbitration, dismiss this action and stay all discovery pending a ruling on this Motion.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
Counsel for Defendant
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
E-Mail: MAldrich@Akerman.com

_____
Marcy Levine Aldrich
 Fla. Bar No. 0968447
George Volsky
 Fla. Bar No. 203092

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on all persons on the attached Service List this 12th day of July, 2002.

_____
Attorney

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

{MI791991;1}

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 5/6/02)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

{MI791991;1}