018365 

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

      CASE NO. 00-6061-CIV-FERGUSON/SNOW

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.

    Defendants.

_____

MOTE WELLNESS & REHAB, INC. on behalf
of itself and all others similarly situated,

      CASE NO. 01-8549-CIV-FERGUSON/SNOW

    Plaintiff,

v.

AMERICAN INTERNATIONAL INSURANCE
COMPANY and AMERICAN INTERNATIONAL
SOUTH INSURANCE COMPANY,

    Defendants.

_____/

### AMERICAN INTERNATIONAL'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO EMERGENCY MOTION TO COMPEL ARBITRATION, EMERGENCY MOTION TO STAY PROCEEDINGS, AND EMERGENCY MOTION FOR PROTECTIVE ORDER

Defendant AMERICAN INTERNATIONAL INSURANCE COMPANY ("AMERICAN INTERNATIONAL"), pursuant to S.D.Fla.L.R. 7.1 hereby files its Reply to Plaintiff's Memorandum of Law in Opposition to Defendant American International's Emergency Motion to Compel Arbitration, and states:

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

The Plaintiff's Memorandum of Law in Opposition to the Emergency Motion to Compel Arbitration filed by American International raises three arguments. First, the Plaintiff argues that the claims asserted by Ellowitz are not subject to the arbitration agreement in Ellowitz' PPO contract. Second, he claims that the arbitration provision in the PIP contract is "unconstitutional" and cannot be enforced. Third, the Plaintiff asserts that American International has waived its right to arbitration. These arguments will be discussed in turn.

## I. Ellowitz' Claims Are Subject To Arbitration Under The PPO Contract With CCN

Ellowitz first argues that American International cannot rely on the arbitration clause in the PPO contract between Ellowitz and CCN. Ellowitz claims that he is suing pursuant to an assignment from American International's insured based on a PIP policy, and that he has not asserted claims based on the PPO contract. However, the entire basis for Elllowitz' claim is that American International allegedly wrongfully accessed PPO discounts pursuant to the very contract between Ellowitz and CCN, which contract incorporates American International as a party "payor." Indeed, the PPO contract is a necessary element of Ellowitz' claim since he alleges a RICO conspiracy between CCN and American International with regard to application of the PPO discounts <u>pursuant to the PPO contract</u>. Clearly, if Ellowitz is claiming that CCN and American International conspired to wrongfully assert contract terms to which Ellowitz is a party, that contract is relevant and at issue in the case, and the parties are entitled to raise the arbitration clause contained therein.

2

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

Ellowitz further argues that American International did not attach the agreement between CCN and Ellowitz as an exhibit to its motion and, therefore, cannot establish the existence of same. It should first be noted that, despite the fact that Ellowitz' entire claim depends on the allegations surrounding the application of the PPO contract discounts, Ellowitz has failed to attach the contract to the Amended Complaint and has not provided it pursuant to Rule 26. Despite Ellowitz' claim that American International could have somehow obtained a copy of the contract, American International cannot file a motion to compel Ellowitz to attach the contract to the Amended Complaint and cannot compel him to provide it in discovery or it will risk waiving the right to arbitration. Furthermore, Ellowitz would certainly object to any attempt by American International to obtain this contract through a subpoena since discovery is presently limited by court order to discovery relating to class issues. Interestingly, Ellowitz does not claim that the copy of the contract attached to American International's motion is different than the contract he signed or that it is not a representative copy as far as the terms contained in it.

Second, Ellowitz himself has alleged that he "entered into a contract with CCN under which he agreed to provide CCN access to its members." *See* Amended Complaint, ¶20. If Ellowitz is now challenging the existence of this contract in an attempt to avoid arbitration, American International would ask the Court to grant judgment in its favor based on the pleadings. Obviously, American International cannot have improperly accessed Ellowitz' contractual PPO discounts if there was no contract. Ellowitz cannot have it both ways. Either there was a contract between Ellowitz and CCN which forms the basis for the alleged PPO reductions, or Ellowitz has no case.

3

CASE NO. 00-6061-CIV-FERGUSON/SNOW<br>
CASE NO. 01-8549-CIV-FERGUSON/SNOW

## II. The Arbitration Provision In American International's PIP Policy Is Valid

Ellowitz argues that American International's second ground for compelling arbitration should be denied because the arbitration provision in its PIP policy is invalid. Ellowitz makes the novel argument that, because the Florida Supreme Court has determined that the mandatory arbitration provision in Florida Statutes §627.736(5) is unconstitutional, the contractual provision in American International's PIP policy must also be unconstitutional. *See* Memorandum in Opposition, p. 13. There is no legal authority to hold a provision of a private contract unconstitutional.

Ellowitz did not, and cannot, argue that American International somehow violated its insured's constitutional rights by including the arbitration provision in its PIP policy. As Ellowitz so often repeats, his rights are held only through the assignment of benefits from the insured. Accordingly, if there is no violation of the insured's constitutional rights, there is no violation of Ellowtiz' rights. Simply because the Florida Supreme Court determined that the <u>statute</u> is unconstitutional has no effect on <u>contractual</u> arbitration provisions contained in the policy.

It is telling that Ellowitz has failed to address the subsequent Florida cases that have specifically stated that the *Pinnacle* decision did not touch on the right to contract for arbitration. *See e.g. Livingston v. State Farm Mut. Auto. Ins. Co.*, 774 So.2d 716 (Fla. 2d DCA 2000). In *Livingston*, the court noted, "*Pinnacle* did not address whether a health care provider may agree to arbitration when it accepts an assignment." *Id.* at 717. In its hypothetical example regarding the effect of an assignment, the court stated, "if State Farm were to dispute the reasonableness of the bill after the chiropractor had accepted an

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

assignment, the matter would either go to court **or to arbitration**." *Id.* at 718 (emphasis added). Clearly, the *Livingston* court has indicated that contractual arbitration provisions would be upheld, without regard to whether they pre-existed the *Pinnacle* decision. *See also Benefit Association International, Inc. v. The Mount Sinai Comprehensive Cancer Center*, 27 Fla.L.Weekly D973 (Fla. 3d DCA 2002).

### III. American International Has Not Waived Arbitration

Ellowitz' third argument is that American International has waived its right to compel arbitration. Ellowitz has absolutely misrepresented the facts of this case to the Court. He states that the original Complaint in this action was filed on June 14, 2001, and that American International has filed numerous motions and took part in discovery, such that it has waived any right to arbitration. Ellowitz states "when the Complaint was filed, AMERICAN INTERNATIONAL did not seek arbitration." *See* Memorandum in Opposition, p. 16.

What Ellowitz fails to state is that the original Complaint had absolutely nothing to do with Ellowitz who was not named as the Plaintiff in that pleading. The original Complaint was filed by Mote Wellness, an unrelated entity, and involved different allegations concerning a different PPO program. In fact, CCN, which Ellowitz alleges conspired with American International to take PPO reductions, was not even the PPO company that contracted with Mote Wellness. Ellowitz fails to explain how American International could possibly have raised the right to arbitration pursuant to CCN's contract when CCN was not involved in the original Complaint.

5

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

It was not until the purported "Amended Complaint" was filed on February 11, 2002, that Ellowitz became a party to this lawsuit. The Amended Complaint for the first time alleges a conspiracy with CCN to take PPO reductions. American International moved to strike the Amended Complaint since a complete substitution of party plaintiffs and allegations does not comport with the Federal Rules of Civil Procedure governing amendment of pleadings.[1] The motion to strike was directed at Mote Wellness as the "amending" party and does not constitute waiver of any right to demand arbitration from Ellowitz, especially since it is not yet even determined that the District Court will permit the amendment.

Ellowitz makes the absolutely incredible argument that he has been "prejudiced" by American International's failure to request arbitration from Mote Wellness. *See* Memorandum in Opposition, p. 17. However, he fails to describe the nature of this prejudice for the obvious reason that there is none. Ellowitz was never a party until February 11, 2002, and has done nothing in this suit. Ellowitz is even refusing to provide Rule 26 disclosures even though he is a newly substituted party since the Court has limited discovery to class matters. Accordingly, it is unclear what prejudice Ellowitz could have suffered.

Ellowitz' present argument on waiver is exactly the reason the "amended" pleading substituting Ellowitz for Mote Wellness should not be permitted in the first place. If this waiver theory is accepted, the pleading can be amended an infinite number of times raising claims involving any number of other PPO companies, and American International would be precluded from ever seeking arbitration, even if the other

---

[1] The Magistrate's report and recommendation that the amendment be permitted is still pending before the District Court. American International has filed objections to the report.

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

PPO companies have contracts requiring arbitration different than CCN's contract. This simply does not make sense. In fact, even if American International somehow did waive its right to demand arbitration from Ellowitz by litigating a claim brought by Mote Wellness, an unrelated entity, that does not preclude it from seeking arbitration from each and every one of the potential class members in this suit should the Court determine a class exists. Obviously, American International cannot forever barred from seeking arbitration from all of its insureds/assignors, just because it did not seek arbitration from Mote Wellness.

In accordance with the foregoing, the Court should require Ellowitz to submit to arbitration under both the CCN contract and the PIP policy.

CASE NO. 00-6061-CIV-FERGUSON/SNOW
CASE NO. 01-8549-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 12th day of July, 2002, to: Eric Lee, Esq., Lee & Amtzis, P.L. Suite 150, 350 N.W. 12th Ave., Deerfield Beach, Florida 33442, and to counsel on the attached service list.

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Attorneys for AMERICAN INTERNATIONAL
3440 Hollywood Boulevard, Second Floor
Hollywood, Florida 33021
(954) 961-1400 Broward
(305) 940-4821 Dade

By: *Brian P Knight*
Dale L. Friedman, Esquire
Florida Bar No.: 854646
Brian P. Knight, Esquire
Florida Bar No.: 993662

BPK
02.0604
CT1818.WPD