UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO.  00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

       Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

       Defendants.

_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

       Plaintiff,

v.

DEERBROOK INSURANCE COMPAMNY,

       Defendant.

_____/

FILED by _____ D.C.
INTAKE

JUL 16 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEERBROOK INSURANCE COMPANY'S MOTION TO COMPEL
ARBITRATION AND EMERGENCY MOTION TO STAY PROCEEDINGS**

Plaintiff ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated ("UOMC"), by its undersigned counsel, hereby submits its Memorandum of law in Opposition to Defendant DEERBROK INSURANCE COMPANY's ("DEERBROOK") Motion to Compel Arbitration and DEERBROOK's Emergency Motion to Stay Proceedings ("Motion to Stay). For all the reasons set forth herein, UOMC respectfully submits that DEERBROOK's Motion to Compel Arbitration and Motion to Stay should be denied in all respects.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DEERBROOK's Motion to Compel Arbitration and Motion to Stay should be denied in all respects.

## PROCEDURAL BACKGROUND

On May 8, 2001, UOMC filed its class action Complaint against DEERBROOK. On May 14, 2001, during a status conference, this Court indicated that it was going to deny the pending Motions to Dismiss with the exception of the Lanham Act Count. Thereafter, on September 28, 2001, this Court entered its Order denying the pending Motions to Dismiss with the exception of the Lanham Act Count. On October 23, 2001, DEERBROOK filed its Answer and Affirmative Defenses.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that a written agreement for arbitration is the sine qua non of an enforceable arbitration agreement under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.") As the Third Circuit has stated:

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO.  00-6061-CIV-FERGUSON/SNOW

Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

## I.    THE ARBITRATION PROVISION IN THE PIP CONTRACT AT ISSUE IN THIS CASE IS INVALID.

Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000) invalidated arbitration clauses contained in PIP Contracts.  Magistrate Judge Snow's Reports and Recommendations ("R&R") in other consolidated proceedings limit the effect of Pinnacle to PIP Contracts entered into before the Pinnacle decision.  However, based on the clear language of Pinnacle, the Florida Supreme Court struck down all arbitration provisions which restrict a healthcare provider's rights.

Although the R&R recognizes that Pinnacle invalidated Section 627.736(5), Florida Statutes, the R&R finds that the PIP contract provides an independent basis to compel arbitration for contracts entered into subsequent to the Pinnacle decision.  This precise issue was raised and rejected by the Florida Supreme Court in Pinnacle.  In appellants' initial brief in Pinnacle, the appellant insurance companies specifically argued as follows:

> ### REGARDLESS OF THE CONSTITUTIONALITY OF THE STATUTE, APPELLEES WERE BOUND TO ARBITRATE AS THIRD PARTY BENEFICIARIES OF THE INSURANCE CONTRACTS.
>
> The Fifth District should not have reached the constitutionality issue in this case, because there is a wholly independent reason that these providers should have been compelled to arbitrate.  As discussed in detail above, Section 627.736(5) statutorily implies such a binding arbitration provision in every PIP policy issued in this state.  In this case, there is no question that each of the

insurance contracts contained such a provision. The contracts themselves are sufficient to bind the providers to arbitrate regardless of the effect or validity of the statute.

It is well established that health care providers are third party beneficiaries of insurance contracts providing coverage for health care. See United States v. Automobile Club Insurance Company, 522 F.2d 1 (5th Cir. 1975); Vencor Hospitals South, Inc. v. Blue Cross Blue Shield of Rhode Island, 929 F. Supp. 420 (S.D. Fla. 1996); Orion Insurance Company v. Magnetic Imaging Systems I, 696 So. 2d 475 (Fla. 3d DCA 1997); Pasteur Health Plan, Inc. v. Salazar, 658 So. 2d 543 (Fla. 3d DCA 1995).

It is likewise clear that third party beneficiaries are subject to the terms of the relevant contracts, including arbitration clauses. See Orion. 696 So. 2d at 478; Terminix International Co. v. Ponzio, 693 So. 2d 104, 109 (Fla. 1st DCA 1997); Zac Smith & Co. v. Moonspier Condominium Assoc., 472 So. 2d 1324 (Fla. 1st DCA 1985). See also Scobee Combs Funeral Home Inc. v. E.F. Hutton & Co., 771 F. Supp. 605 (S.D. Fla. 1989) (holding that parties are bound by an arbitration provision in National Association of Securities Dealers manual, regardless of the fact that no contract between them contained such a provision); Desiderio v. National Association of Securities Dealers, Inc., 2 F. Supp. 516 (S.D.N.Y. 1998) (execution of a U-4 SEC form "inherently represents an agreement to arbitrate" as mandated by the relevant statute, even if the form does not so state).

No argument has been raised that an insurer cannot include an arbitration clause in its policy. Thus, regardless of the validity or effect of the statutory arbitration provision in Section 627.736(5), these Appellees should have been compelled to arbitrate. The Fifth District's decision should be quashed as improperly holding a statute unconstitutional when the case could have resolved without reaching that issue.

Brief for Appellants at 28-30, Pinnacle, 753 So. 2d 55. The Nationwide policy at issue in

Pinnacle contained the following provision requiring arbitration:

**ARBITRATION/ASSIGNMENT OF BENEFITS**

If a dispute arises between **us** and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, the dispute shall be settled by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any **insured**, any and all claims to such benefits by the **insured** belong to the health care provider who has received the assignment. Priority of payment of this

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

coverage shall be given to the assigned claims of which **the company** has written notice.

The Florida Supreme Court rejected Nationwide's assertion that the contractual provision in its insurance policy required medical providers to arbitrate their claims. The Florida Supreme Court affirmed the decision of the Fifth District Court of Appeal which had affirmed a county court order denying motions to dismiss and to compel arbitration.

The Florida Supreme Court found Section 627.736(5), Florida Statutes ("Section 627.736(5)") unconstitutional. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. Thus, arbitration had been mandated pursuant to policy provisions. As mandated by Section 627.736(5), DEERBROOK's policy contains an arbitration provision.[1] An arbitration provision was also included in the insurance policy at issue in Pinnacle. The Florida Supreme Court rejected the argument that the contractual language provides a basis to compel arbitration. If the contractual provision provided a basis to compel arbitration, the Florida Supreme Court would have used the provision to require arbitration notwithstanding the unconstitutionality of Section 627.736(5).

The insurance company in Pinnacle asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

> In the instant case, there is no voluntary agreement to arbitrate between medical providers and PIP insurers. Medical providers are forced to arbitrate by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.

---

[1] Interestingly, the policy attached to the Motion to Compel Arbitration has redacted the date of the policy form used.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Id. at 58 n. 4 (emphasis added).   Accordingly, as the Court squarely held in Pinnacle, a

contractual provision entered into between an insured and an insurance company cannot require

arbitration of claims that are assigned to a healthcare provider where the insured is not required

to arbitrate the same claims.

Based on the clear language of Pinnacle, the Florida Supreme Court struck down all

arbitration provisions which restrict a healthcare provider's rights.   As the Court held in

Pinnacle:

> An objective of Florida's Motor Vehicle No-Fault law was to provide
> persons injured in an action with prompt payment of benefits.   Similarly, the
> legislative objective of Section 627.428(1), Florida Statutes, which provides for
> an award of attorneys' fees against insurers who wrongfully deny benefits, was to
> discourage insurance companies from contesting valid claims and to reimburse
> successful insureds for their attorneys' fees when they are compelled to sue to
> enforce their insurance contracts.   Section 627.736(5) replaces Section 627.428(1)
> attorney fees with an award of attorney fees based on who was the "prevailing
> party" at arbitration.  Under Section 627.736(5), medical provider-assignees are
> subject to attorney fees, while insureds suing to enforce the exact same contract
> enjoy the one-way imposition of attorneys' fees against insurers provided in
> Section 627.428(1).   This distinction does nothing to further the prompt payment
> of benefits or to discourage insurers' denial of valid claims.   The effect of the
> attorney-fee provision in Section 627.736(5) is to further delay insureds from
> receiving medical benefits by encouraging medical providers to require payment
> from insureds at the time the services are rendered rather than risk having to
> collect through arbitration.   Thus, the prevailing party attorney-fee provision of
> Section 627.736(5) arbitrarily distinguishes between medical providers and
> insureds, violating medical providers' due process rights, and is unconstitutional
> under article I, section 9 of Florida's Constitution.

Id. at 59 (citations omitted) (emphasis added).

A PIP Contract is entered into between an insured and an insurance company.   The

healthcare provider is not a party to the PIP Contract.   Healthcare providers have no part in

negotiating the terms of the PIP Contract.   Accordingly, if insurance companies are able to place

onerous arbitration provisions in PIP Contracts that are binding only when a healthcare provider

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

6

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

seeks compensation for services provided, the entire holding in <u>Pinnacle</u> would be meaningless.

In this case, DEERBROOK's PIP Contract contains the following arbitration provision:

**Arbitration**

Any claim dispute involving medical benefits under this part of the policy between us and a health care provider who has agreed to accept an assignment of personal injury protection benefits will be decided by arbitration upon written request of either party. However, arbitration will not apply to disputes regarding the termination of personal injury protection benefits.

Upon the written request for arbitration, each party will select one arbitrator. The two arbitrators will attempt to select a third arbitrator. If they can't agree on a third arbitrator within 30 days, either party may request a judge of the court of record in the county of jurisdiction where the arbitration is pending to appoint the third arbitrator. A written decision agreed upon by any two or more arbitrators will be binding on each party.

As a condition of maintaining a claim in arbitration, the health care provider will make available to us for inspection and copying the entire file pertaining to the patient who is the subject of this proceeding.

The prevailing party to the arbitration will be entitled to attorney fees and costs. "Prevailing party" is defined as follows:

(a)     The health care provider is the "prevailing party" if the arbitrator awards an amount more than 25% less than the health care provider's demand.

(b)     We are the "prevailing party" if the arbitrator awards an amount less than 25% greater than the amount offered to be paid by us at arbitration.

If both the health care provider and us are prevailing parties under the above definition, then attorney fees and costs and all other expenses of arbitration will be paid by the party incurring them. However, the expenses and fees of the third arbitrator will be shared equally by both parties.

Attorney fees and costs will not be subject to any type of multiplier.

The arbitration will take place in the county in which the health care provider is located. If they are located out-of-state, arbitration will take place in the county in which the insured resides, unless the health care provider and we agree on another place. Arbitration is subject to the provisions of the Florida Arbitration Code, Chapter 682 of the Florida Statutes. shall take place in the county in which the provider is located. If they are located out-of-state, arbitration shall take place in

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

the county in which the insured resides, unless the parties agree to another place. Arbitration is subject to the provisions of the Florida Arbitration Code, Chapter 682 of the Florida Statutes.

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment of benefits. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. The Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical providers. As the Court stated:

> We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision violates the right of medical providers to access to courts provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) violates the due process rights of medical providers in violation of article I, section 9 of the Florida Constitution.

Pinnacle, 753 So. 2d at 57 (emphasis added).

Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the DEERBROOK policy is likewise unconstitutional whether it was entered into before or after Pinnacle. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts." Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the DEERBROOK PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. Pinnacle.

The DEERBROOK arbitration provision impermissibly provides for prevailing party attorney fees. This provision was found to be unconstitutional in Pinnacle. The arbitration

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

provision violates the rights of healthcare providers to access to courts and is unconstitutional in that it requires arbitration in violation of article I, section 21 of the Florida Constitution. Pinnacle, 753 So. 2d 55. The DEERBROOK arbitration provision is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it impermissibly modifies the statutory fee-shifting provisions of Section 627.736. Id . The fact that the PIP Contract was entered into by an insured and DEERBROOK after the holding in Pinnacle does not change the fact that the arbitration provision contained therein is unconstitutional and void.

## II.    DEERBROOK HAS WAIVED ITS RIGHT TO COMPEL ARBITRATION.

Even if DEERBROOK had a basis to compel arbitration, it has waived its right by acting inconsistently with its purported right to compel arbitration. The right to arbitrate like any other contractual right is not absolute and may be waived. See S & H Contractors, Inc. v. A.J. Cole Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in litigation or other actions inconsistent with the right to compel arbitration. Usher Syndicate Ltd., Inc. v. Figgie Int'l, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's 'substantial participation in litigation to a point inconsistent with an intent to arbitrate' which results in prejudice to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000) (quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense associated with litigation. Morewitz, 62 F.3d at 1366.

Prior to filing its Motion to Compel Arbitration, DEERBROOK actively took part in these proceedings. The action was originally filed against DEERBROOK on May 8, 2001. During these proceedings, DEERBROOK has filed the following documents demonstrating its substantial participation in these proceedings:

CONSOLIDATED CASE NO.  00-6061-CIV-FERGUSON/SNOW

| DATE | DOCKET ENTRY | DESCRIPTION |
|------|--------------|-------------|
| 10/05/01 | 192 | Amended Motion by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook Insurance to extend time to file responses to motions for pending class certification referring to [191-1] motion to extend time to file responses to pending motions for class certification |
| 10/09/01 | 191 | Motion by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook Insurance to extend time to file responses to pending motions for class certification |
| 10/23/01 | 217 | Answer to Ultra Open MRI's Class Action Complaint by Deerbrook Insurance |
| 10/23/01 | 218 | Motion by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook Insurance  for  clarification of [171-1] Scheduling order |
| 10/23/01 | 219 | Motion by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook Insurance  for Hearing on [219-1] motion for clarification of Scheduling order |
| 11/05/01 | 262 | Motion by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook Insurance for protective order with respect to 39 depositions, and to stay discovery |
| 11/05/01 | 263 | Amended Motion by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook Insurance  for oral argument on [262-1] motion for protective order with respect to 39 depositions, [262-2] motion to stay discovery |
| 11/05/01 | 273 | Amended Motion by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook Insurance  to [201-1] motion for confidentiality order |
| 12/10/01 | 406 | Reply by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook |

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

|  |  | Insurance to response to [219-1] motion for clarification of [171-1] Scheduling order |
|---|---|---|
| 12/17/01 | 435 | Response by Prudential Property in opposition to [363-1] objection |
| 12/24/01 | 500 | Motion by Deerbrook Insurance to extend time to respond to amended motion for class certification |
| 01/14/02 | 532 | Notice of joinder in CCN's motion to reconsider order of consolidation and request for oral argument by Allstate Insurance, Allstate Indemnity, Fidelity & Casualty, Continental Ins., Deerbrook Insurance |
| 01/22/02 | 556 | Reply by Deerbrook Insurance to response to [500-1] motion to extend time to respond to amended motion for class certification |

UOMC has been required to respond to the foregoing. On October 23, 2001, after substantive Motions to Dismiss filed by other parties were denied, DEERBROOK filed its Answer and Affirmative Defenses to the Complaint. Deerbrook refused to take part in discovery after September 28, 2001. The reason for refusal was because DEERBROOK wanted a confidentiality order and wanted class discovery to proceed before merits discovery. Without any orders being entered allowing DEERBROOK to refuse to respond to discovery, DEERBROOK ignored discovery served upon it and refused to attend its duly scheduled deposition. This conduct resulted in UOMC having to file its Motion to Compel and for Sanctions.

At no time prior to when it filed its Motion to Compel Arbitration, did DEERBROOK raise any issues relating to arbitration. Having waited over a year to file its Motion to Compel Arbitration, substantially taking part in these proceedings, filing an Answer and Affirmative Defenses, and failing to ever raise the issue of arbitration, DEERBROOK cannot seek arbitration at this late date. DEERBROOK has waived its right to compel arbitration in these proceedings

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

and its belated effort to do should be denied by this Court.

## III.  THE CLAIMS ASSERTED BY UOMC ARE NOT SUBJECT TO ARBITRATION BECAUSE UOMC IS ASSERTING CLAIMS AS THE ASSIGNEE OF RIGHTS FROM A DEERBROOK INSURED.

The claims asserted by UOMC are not subject to arbitration because UOMC is asserting claims as the assignee of claims assigned to him by a DEERBROOK insured. There is no arbitration agreement between UOMC and DEERBROOK. There is no arbitration agreement between DEERBROOK's insured and DEERBROOK. Since UOMC is asserting claims as an assignee, there is no basis to compel arbitration.

UOMC's Complaint asserts causes of action against DEERBROOK due to its improper and fraudulent reduction of PIP claims under Section 627.736, Florida Statutes. In order for a health care provider to assert claims against an automobile insurance company for PIP benefits, the insured must assign the claim for PIP benefits to the health care provider. "Courts have recognized that medical service providers can assert claims for a PIP benefit against insurers when an insured has assigned them the right to the benefits." Hartford Ins. Co. of the Southeast v. St. Mary's Hosp., Inc., 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations omitted). The right to pursue a claim for PIP benefits belongs to the insured unless the insured assigns the right to a health care provider. As recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury protection (PIP) benefits to a health care provider, the insured may not file a lawsuit to collect the assigned benefits. The insured would only have a claim to pursue against the insurance company if the health care provider were permitted to rescind the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any event, only the insured or the medical provider 'owns' the cause of action against the insurer at any one time. And the one that owns the claim must bring the action if an action is to be

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

brought." Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

The claims UOMC has asserted against DEERBROOK are claims that were assigned to UOMC by a DEERBROOK insured. In order for UOMC to assert claims for PIP benefits, he was required to obtain an assignment of benefits from the DEERBROOK insured. There is no arbitration agreement between DEERBROOK and its insured. There is no arbitration agreement between UOMC and the DEERBROOK insured. UOMC, as the insured's assignee "surely is in no worse position than its assignor would be in if the assignor were the plaintiff here." Foreign Credit Corp. v. Aetna Cas. & Surety Co., 276 F. Supp. 791, 793 (S.D. N.Y. 1967). As the assignee, UOMC stands in the shoes of the DEERBROOK insured. Since the DEERBROOK insured cannot be compelled to arbitrate the claims asserted in this action, UOMC cannot be compelled to arbitrate the same claims. Accordingly, DEERBROOK has no basis to compel arbitration of the claims UOMC is asserting as an assignee.

## IV.    **DEERBROOK'S MOTION TO STAY SHOULD BE DENIED.**

Since DEERBROOK does not have the right to seek arbitration in these proceedings, it has no basis to stay this action. In addition, DEERBROOK cannot stay this action based on the fact that other actions in which arbitration was appropriately raised will be stayed pending the appeal of those issues to the Eleventh Circuit.

On September 28, 2001, this Court entered an Order consolidating the fifteen pending PPO class action matters so that discovery and other pretrial proceedings could proceed together in an orderly and efficient matter. Subsequently, numerous Motions to Compel Arbitration were filed by various Defendants. However, many Defendants did not seek to compel arbitration.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Magistrate Judge Snow has issued Reports and Recommendation recommending the denial of all Motions to Compel Arbitration, with the exception of Prudential's Motion to Compel Arbitration as to one of two named Plaintiffs. Magistrate Judge Snow has issued a Report and Recommendation denying Prudential's Motion to Compel Arbitration as to the other Plaintiff in that matter. This Court's rulings on the Reports and Recommendations remain pending.

On May 13, 2002 and May 21, 2002, this Court entered Orders requiring the parties to proceed with class certification discovery and staying all other discovery in these proceedings ("May, 2002 Orders"). The Defendants in the matters in which arbitration is at issue, have appealed this Court's May, 2002 Orders and have sought a stay pending appeal. In an effort to streamline the litigation and to reduce the burden on this Court, Class Plaintiffs and the appealing Defendants, other than the AllState Defendants and Third-Party Defendant CCN, have agreed to and submitted a Stipulation which stays the matters in which arbitration is at issue until such time as this Court rules on the Reports and Recommendations and until such time as the Eleventh Circuit rules on the Defendants' appeals in the event that this Court adopts the Reports and Recommendations and denies the Motions to Compel Arbitration. The Stipulation has no effect on the cases in which arbitration is not an issue.

The mandatory stay provisions of 9 U.S.C. § 3 only apply to parties to an arbitration agreement. Adams v. Georgia Gulf Corp., 237 F.3d 538, 540 (5th Cir. 2001). "[T]he mandatory stay provision of the FAA does not apply to those who are not contractually bound by the arbitration agreement." Id. (quoting Zimmerman v. Int.'l Companies & Consulting, Inc., 107 F.3d 334, 346 (5th Cir. 1997)). As to non-parties to an arbitration agreement, the decision to stay the proceedings "is one left to the district court . . . as a matter of discretion, rather than required by the FAA." Id. (quoting Moses H. Cohen Mem.'l Hosp. v. Mercury Constr. Corp., 460 U.S.1,

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

20 n.23 (1983)).  The "FAA's goal of 'ensuring judicial enforcement of privately made agreements to arbitrate,' is not advanced by forcing a party that has not agreed to arbitrate to delay litigation of its claims."  Cargill Ferrous Int.'l v. M/V Anatoli, 935 F. Supp. 833, 837 (E.D.La. 1996) (citations omitted).  As discussed above, there are no arbitration issues in this case.  Accordingly, DEERBROOK is not entitled to a mandatory stay under the FAA.

"Non-parties to an arbitration do not have the right to obtain a stay, but they may petition a federal court to grant a stay pursuant to its inherent power to control its docket."  Keytrade USA, Inc. v. M/V Ain Temouchent, 2002 WL 461657 *2 (E.D.La. 2002) (quoting American Shipping Line, Inc. v. Massan Shipping Indus., Inc., 885 F. Supp. 499, 501 (S.D.N.Y 1995)).  "Although the Court has discretion to issue a stay under its inherent power to regulate its docket, 'the moving party bears a heavy burden to justify the stay.'"  Id. at *3 (quoting Cargill Ferrous, Int.'l, 935 F. Supp. at 837).  In this proceeding, DEERBROOK cannot justify a stay.

As previously indicated, Class Plaintiffs have agreed to a stay in all actions in which arbitration is at issue in order to streamline the issues in these proceedings and to allow this Court to proceed with determining issues in cases in which there are no arbitration issues.  The Defendants in the actions in which there is no arbitration issue have no basis to seek a discretionary stay while the other actions are on appeal.  Although these matters were consolidated for discovery purposes and the issues in the cases are similar, nothing that will occur on appeal that will affect the cases in which arbitration is not an issue.  If the Defendants prevail on the appeal of this Court's denial of their Motions to Compel Arbitration, those cases will proceed to arbitration.  Since the Defendants are not Co-Defendants in the proceedings, any ultimate ruling by an arbitration panel will have no binding effect on any of the parties in these proceedings.  In addition, if the Eleventh Circuit determines that the Defendants' efforts to

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

compel arbitration are improper, those matters will be remanded to this Court for further proceedings. Thus, it is hard to imagine how parties that have the right to proceed before this Court will be effected by a ruling on the arbitration issues.

DEERBROOK's argument that a stay is warranted because discovery would have to be repeated is entirely misplaced. DEERBROOK points to no discovery that would have to be repeated by it in the event that the Eleventh Circuit denies the Defendants' efforts to compel arbitration. Class discovery, merits discovery and the trial of the proceedings in the non-arbitration cases can proceed forward without any prejudice to those Defendants since they will have a full and fair opportunity to conduct whatever discovery is necessary to defend themselves. DEERBROOK's assertion that there is a potential of overlapping or potentially contradictory determinations of law is also misplaced.

Even if the Defendants are successful in compelling arbitration, any determinations by an arbitration panel will have no effect on the Defendants in these proceedings. For example, if a Defendant seeking to compel arbitration prevails on its appeal to the Eleventh Circuit and the matter is sent to arbitration and the arbitrator determines that the insurance company's conduct in reducing healthcare provider bills based on PPO reductions is illegal, such a determination against that Defendant is not binding on any other Defendant. Accordingly, there is no potential of overlapping or potentially contradictory determinations of law. Although this Court consolidated these proceedings for discovery purposes, there are still fifteen separate matters involving different Defendants. What the Defendants who are not subject to arbitration issues are clearly attempting to do is to derail these proceedings and delay these proceedings as long as possible. This Court has determined that class discovery should proceed. In all cases in which arbitration is not an issue, there is no reason why class discovery cannot proceed and there is no

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO.  00-6061-CIV-FERGUSON/SNOW

reason why those cases cannot proceed to trial.  This latest effort by the Defendants to delay

these proceedings should be summarily denied by this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail on July 15, 2002, upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

## Co-Counsel for Class Plaintiffs

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO.  00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile