UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-CIV-6061-FERGUSON/SNOW

SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and
all others similarly situated,
        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC.,
        Defendants.
_____/



**DEFENDANT LIBERTY MUTUAL'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION, MOTION FOR
STAY AND MOTION FOR PROTECTIVE ORDER**

    Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned attorneys, hereby files its Reply Memorandum of Law in Support of its Motion to Compel Arbitration[1], Motion for Stay and Motion for Protective Order. This Court should reject Plaintiff's argument that Liberty Mutual waived its right to compel arbitration, as Liberty Mutual's participation in this litigation has not been substantial and Plaintiff has not alleged any facts demonstrating the substantial prejudice necessary to establish Liberty Mutual's waiver of its right to arbitrate. Moreover, whether considered a third-party beneficiary of the insurance policy (the "Policy") between Liberty Mutual and its insureds, or the insureds' assignee, Plaintiff

---

[1] Although Liberty Mutual's original Motion to Compel Arbitration was styled as a "Joinder to CCN's Motion to Compel Arbitration," Liberty Mutual's Motion constituted an independent pleading requesting that the Court compel Plaintiff to arbitrate his claims against Liberty Mutual. Accordingly, the mere fact that CCN has been dismissed from this case does not affect the pendency of Liberty Mutual's motion to compel arbitration.

{MI819440;2}

1

is bound to arbitrate his claims against Liberty Mutual by virtue of the arbitration provision in the Policy. As a result, Liberty is entitled to arbitrate Plaintiff's claims, and this Court should enter a stay and a protective order pending the resolution of all arbitration proceedings. In further support thereof, Liberty Mutual states as follows:

I. **PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO ESTABLISH THE WAIVER OF LIBERTY MUTUAL'S RIGHT TO COMPEL ARBITRATION.**

A party will be deemed to have waived its right to arbitrate only where: (1) it substantially participates in litigation; (2) to a point that is inconsistent with an intent to arbitrate; and (3) the opposing party is prejudiced as a result. See, e.g., Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000). Indeed, "any party arguing waiver of arbitration bears a heavy burden of proof," Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543 (11th Cir. 1990), including a showing of "substantial prejudice" to that party to justify a finding of waiver. Wilson v. Par Builders II, Inc., 879 F. Supp. 1187, 1189 (M.D. Fla. 1995). Moreover, a finding of a party's waiver of the right to arbitrate is disfavored and should not be inferred lightly. See Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985). Plaintiff's allegations fall well short of satisfying this exacting inquiry.

The sum and substance of Plaintiff's waiver argument is his claim that Liberty Mutual has substantially participated in this litigation by filing a motion to dismiss and an answer and affirmative defenses, coupled with a conclusory allegation of prejudice. The facts alleged by Plaintiff and the law governing waiver, however, demonstrate the insufficiency of Plaintiff's argument. Indeed, the mere filing of an answer and a motion to dismiss is insufficient to support a finding of waiver. See Rush, 779 F.2d at 888-89; Wilson, 879 F. Supp. at 1189; Knight v. Xebec, 750 F. Supp. 1116, 1119 (M.D. Fla. 1990). Likewise, the mere fact that a party seeking

{MI819440;2}

2

to compel arbitration did not seek arbitration upon commencement of the suit or shortly thereafter is alone insufficient to demonstrate waiver. See Rush, 779 F.2d at 887.

Wilson is illustrative of the insufficiency of Plaintiff's arguments in support of waiver. In Wilson, the defendants did not seek arbitration until six months after the plaintiffs had filed suit. See 879 F. Supp. at 1189. By that time, the defendants had attacked the plaintiffs' complaint by filing a motion to dismiss. See id. The Court, however, concluded that the filing of the motion to dismiss did not equate to substantial participation in the litigation that was inconsistent with the defendants' right to arbitrate: "[T]he defendants' testing of the viability of the complaint, by way of motion to dismiss, [is not] inconsistent with invoking the right to arbitration." Id. Accordingly, as the plaintiffs had not alleged any facts demonstrating how they were prejudiced, but instead had simply pointed to the defendants' filing of a motion to dismiss and six-month delay in requesting arbitration as sufficient to establish waiver, the Court rejected the plaintiffs' waiver argument. See id.

Similarly, in Knight, the Court rejected the plaintiffs' arguments that the defendant had waived its right to arbitration by filing, inter alia, a motion to dismiss, answer, motion for protective order, and by conducting discovery. See 750 F. Supp. at 1119. Likewise, in Rush, the Court held that the fact that the defendant delayed eight months in seeking arbitration, filed an answer containing thirteen affirmative defenses, filed a motion to dismiss, and participated in discovery was alone insufficient to establish waiver as the plaintiff failed to establish substantial prejudice. See 779 F.2d at 888-90.

Like the plaintiffs in Wilson and Knight, Plaintiff has not alleged sufficient facts to establish that Plaintiff has been substantially prejudiced by Liberty Mutual's decision to seek arbitration at this time. Indeed, Plaintiff's "substantial" prejudice argument is anemic at best, as

{MI819440;2}

3

it consists of Plaintiff's claim that he "has been required to respond" to Liberty Mutual's motion to dismiss, answer and affirmative defenses, motions to stay discovery and motions for protective order. If such allegations were sufficient to support a finding of substantial prejudice, essentially any litigation activity by a defendant would be sufficient to establish waiver, a result that would be irreconcilable with the federal policy disfavoring findings of a waiver of a party's right to arbitrate. Rush, 779 F.2d at 887. Moreover, beyond Plaintiff's clearly insufficient allegations of prejudice, Plaintiff has simply not alleged any facts that would support a finding that Liberty Mutual has substantially participated in this litigation. In fact, Liberty Mutual has not propounded any discovery requests, has not taken any depositions, and has not in any way attempted to litigate this case towards its conclusion, particularly in light of all of the pending motions for arbitration and to stay discovery.[2] Accordingly, this Court should reject Plaintiff's waiver argument, as Plaintiff has failed to allege facts sufficient to support a finding that Liberty

---

[2] Indeed, the insufficiency of Plaintiff's waiver argument is readily apparent when Liberty Mutual's participation in this litigation is compared with those instances in which the courts have found waiver. Compare Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 925 (3d Cir. 1992) (finding waiver where the defendants filed motion to dismiss and motion to disqualify plaintiffs' counsel, took the depositions of each of the named plaintiffs, inadequately answered plaintiffs' discovery requests forcing plaintiffs to move to compel the production of documents and answers to interrogatories, and thereafter moved for a stay of discovery, all before seeking arbitration); S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990) (finding waiver where the defendant filed a motion to dismiss and motion in opposition to plaintiff's discovery request, and took the depositions of five of the plaintiff's employees before seeking arbitration); Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543-44 (11th Cir. 1990) (finding waiver where the defendant engaged "in discovery typical of a party preparing for trial," including deposing the plaintiff and responding to requests for production); Snelling & Snelling, Inc. v. Reynolds, 140 F. Supp. 2d 1314, 1322 (M.D. Fla. 2001) (finding waiver where the defendant moved to compel arbitration after the close of discovery by which time the defendant had "engaged in taking depositions, requested document production, served written discovery, and responded to Plaintiff's written discovery"). In contrast to the extensive discovery practice triggering the finding of waiver in these cases, Liberty Mutual has not propounded any discovery requests or taken any depositions in this case, or otherwise attempted to litigate this case toward its conclusion.

{MI819440;2}

Mutual has substantially participated in this litigation and that Plaintiff has suffered substantial prejudice thereby.[3]

## II. PLAINTIFF IS BOUND BY THE ARBITRATION PROVISION IN THE LIBERTY MUTUAL POLICY

Plaintiff emphasizes in his Response that his claims against Liberty Mutual are based on his status as assignee of claims assigned to him by a Liberty Mutual insured and that there is no arbitration provision between Liberty Mutual and its insured that can be invoked to compel Plaintiff to arbitration. As discussed in Liberty Mutual's Motion to Compel Arbitration on Additional Grounds, being served contemporaneously, Plaintiff's argument is unfounded because an arbitration provision does in fact exist between Liberty Mutual and its insured.[4]

In his complaint, Plaintiff claims that he is a third-party beneficiary of the insurance contract between Liberty Mutual and its insureds.[5] Complaint at ¶¶ 96; 170. Additionally, as previously noted, Plaintiff argues in its response that it took an assignment of the insured's rights

---

3  Plaintiff's argument that he is not bound to arbitrate his claims against Liberty Mutual because Plaintiff has brought suit as an assignee of the insured's contract with Liberty Mutual and the contract between Liberty Mutual and its insured contains no arbitration provision is similarly unfounded. As will be more fully discussed in Liberty Mutual's forthcoming Motion to Compel Arbitration on Additional Grounds, the contract between Liberty Mutual and its insured does contain an arbitration provision. Accordingly, as the assignee of Liberty Mutual's insured, Plaintiff is bound to arbitrate his claims against Liberty Mutual by virtue of that provision.

4  Although Liberty Mutual did not raise the Liberty Mutual policy provision concerning arbitration as a basis to compel arbitration in its original motion to compel arbitration, Plaintiff's opposition memo of law addresses this issue. Accordingly, Liberty Mutual includes this basis to compel arbitration as a reply to Plaintiff's argument. In addition, as noted above, Liberty Mutual is contemporaneously filing a Motion to Compel Arbitration on Additional Grounds, which sets forth in more detail its basis for seeking arbitration pursuant to the policy provision. If he desires, Plaintiff will have an opportunity to fully brief this issue in his response to Liberty's Motion to Compel Arbitration on Additional Grounds.

5  A copy of the Liberty Mutual insurance policy is attached to its Motion to Compel Arbitration on Additional Grounds, being served contemporaneously.

{MI819440;2}

5

under the policy. Indeed, although not specifically pleaded, Plaintiff apparently took an assignment of the insured's rights under the policy so that Plaintiff would bill Liberty Mutual directly and Liberty Mutual would pay the insurance benefits directly to Plaintiff. Id. at ¶¶ 49, 55, 86, 87, Exhibit A. The policy contains an arbitration provision which provides:

> **ARBITRATION** If a provider of medical services or supplies has agreed to accept assignment of extended personal injury protection benefits: (1) Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code . . . . .

Policy at Extended Personal Injury Protection Coverage – Florida, § IV(D). Whether Plaintiff is considered a third-party beneficiary of the Policy, as asserted in the Complaint, or the insured's assignee as argued in the Response, Plaintiff is bound by the Policy's arbitration provision.

Under established Florida law, where one party claims the status of a third-party beneficiary of a contract that includes an arbitration provision, the third party is bound by that arbitration provision even though the third party is not a signatory to the contract provision. See Scobee Combs Funeral Home, Inc. v. E.F. Hutton & Co., 711 F. Supp. 605, 607 (S.D. Fla. 1989); Interpool Ltd. v. Through Transport Mut. Ins. Ass'n Ltd., 635 F. Supp. 1503, 1504-05 (S.D. Fla. 1985); Orion Ins. Co. v. Magnetic Imaging Sys. I, 696 So. 2d 475, 478 (Fla. 3d DCA 1997) Terminix Int'l Co. v. Ponzio, 693 So. 2d 104, 109 (Fla. 5th DCA 1997). The same holds true for one who claims the status of assignee of a contract including an arbitration provision. See Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 718 (Fla. 2d DCA 2000). Similarly, in the context of an insurance policy containing an arbitration provision, a plaintiff's status as a third-party beneficiary of an insurance policy, or as an assignee of the policy, not only provides a plaintiff with the insurance benefits at issue, but also subjects the plaintiff to all of the contractual terms and conditions, including the arbitration provision. See Interpool, 635 F. Supp.

{MI819440;2}

at 1504-05. Accordingly, Plaintiff, as third-party beneficiary or assignee of the Policy, is subject to the arbitration provision contained therein.

### III. PLAINTIFF HAS OFFERED NOTHING TO REFUTE THE FACT THAT HE IS EQUITABLY ESTOPPED FROM DENYING THE ARBITRABILITY OF HIS CLAIMS GIVEN THE ARBITRATION PROVISION IN THE CONTRACT BETWEEN PLAINTIFF AND CCN

Conspicuously absent from Plaintiff's Response is any discussion of the main point raised by Liberty Mutual in its original Motion to Compel Arbitration, i.e., that Plaintiff is equitably estopped from denying the arbitrability of his claims against Liberty Mutual given the arbitration provision contained in the agreement between Plaintiff and CCN. As best can be determined, the only argument offered by Plaintiff in response to the equitable estoppel argument appears to be Plaintiff's contention that Liberty Mutual has not entered into a Payor agreement with CCN and is therefore unable to claim third-party beneficiary status with respect to the agreement between Plaintiff and CCN, including the arbitration provision contained therein. Plaintiff's argument misses the mark entirely.

Liberty Mutual's equitable estoppel argument is neither contingent on Liberty Mutual claiming third-party beneficiary status to the agreement between Plaintiff and CCN, nor does it require Liberty Mutual to be a payor under the agreement between Plaintiff and CCN. Instead, the application of equitable estoppel to compel a signatory to a contract containing an arbitration provision to arbitrate its claims against a non-signatory is proper in two circumstances: (1) where the plaintiff signatory relies on the terms of the written agreement in asserting its claims against the nonsignatory defendant, see Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 756 (11th Cir. 1993), and (2) where the plaintiff signatory "raises allegations of . . . substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the

{MI819440;2}                                        7

signatories to the contract." MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999). As discussed in Liberty Mutual's original Motion to Compel Arbitration, both circumstances are present here, as Plaintiff's claims against Liberty Mutual presume the existence of and require reference to the provider agreement, and Plaintiff has alleged a conspiracy between CCN and Liberty Mutual. Whether Liberty Mutual in fact entered into an agreement with CCN is wholly irrelevant to the equitable estoppel analysis. Accordingly, this Court should compel Plaintiff to arbitrate his claims against Liberty Mutual on equitable estoppel grounds.

## IV.   THE ENTRY OF A STAY IS APPROPRIATE

Plaintiff's argument that a stay of this litigation is not warranted is similarly unavailing. Plaintiff argues that because Liberty Mutual is not entitled to arbitrate Plaintiff's claims against it, Liberty Mutual is not entitled to a stay. Such an argument is incorrect, for two reasons. First, Plaintiff is incorrect in arguing that Liberty Mutual is not entitled to arbitration. Although Liberty Mutual is not a party to the PPO agreement between CCN and Plaintiff, this agreement requires Plaintiff to arbitrate his claims against Liberty Mutual, as set forth in more detail above and in its motion to compel arbitration. In addition, as explained above and in its Motion to Compel Arbitration on Additional Grounds, being filed contemporaneously, Plaintiff is bound by the arbitration provision contained in the Liberty Mutual insurance policy. Accordingly, as Liberty Mutual is entitled to arbitration, it is entitled to a stay of these proceedings. See 9 U.S.C. § 3; Suarez-Valdez v. Shearson Lehman / American Express, Inc., 858 F.2d 648, 649 (11th Cir. 1988).

Even assuming that this Court holds that Plaintiff is not required to arbitrate his claims, the circumstances still warrant the entry of a stay of this case pending the resolution of all of the

{MI819440;2}

remaining arbitration proceedings, given the similarities of the issues and procedural overlap involved in the consolidated cases. As explained in its motion for stay, this court has the authority to stay this action pending the resolution of the arbitration proceedings pursuant to Section 3 of the Federal Arbitration Act, see, e.g., Contracting Northwest, Inc. v. City of Fredericksburg, 713 F.2d 382, 387 (8th Cir. 1983); American Home Assur. Co. v. Vecco Concrete Constr. Co., 629 F.2d 961 (4th Cir. 1980), and pursuant to its inherent power to control its docket, see, e.g., IDS Life Ins. Co. v. Sun America, Inc., 103 F.3d 524, 530 (7th Cir. 1996); Creative Foods of Ind., Inc. v. My Favorite Muffin, Too, Inc., 2002 WL 244577 (S.D. Ind. Jan. 14, 2002); Western Int'l Media Corp. v. Johnson, 754 F. Supp. 871 (S.D. Fla. 1991).

In his opposition papers, Plaintiff argues that a stay is not warranted because any ultimate ruling by an arbitration panel concerning other cases will not be binding on Liberty Mutual. Although Plaintiff is correct that Liberty Mutual would not be bound by such an arbitration decision, courts have rejected this as a basis to deny a stay. See, e.g., Contracting Northwest, Inc. v. City of Fredericksburg, 713 F.2d 382, 387 (8th Cir. 1983) ("while it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of inconsistent results nonetheless militate in favor of staying the entire action"). Indeed, given the substantial risk of duplicative work and inconsistent results should this litigation proceed while several of the other consolidated cases proceed to arbitration, considerations of judicial economy warrant the entry of a stay. To do otherwise would prevent an orderly progression of the merits and result in the unnecessary duplication of the parties' resources and judicial labor.

{MI819440;2}

V.  **THIS COURT SHOULD ENTER A PROTECTIVE ORDER WITH RESPECT TO DISCOVERY PENDING THE RESOLUTION OF THE ARBITRATION ISSUES**

Finally, Liberty Mutual has filed a Motion for Protective Order, requesting that this Court enter a protective order pending resolution of the arbitration issues present in this matter. Although Plaintiff's Opposition Memo purports to include an opposition to the motion for protective order, Plaintiff's Opposition Memo does not actually specifically address the issues raised in Liberty Mutual's Motion for Stay. For the reasons set forth in its motion, which Plaintiff has chosen not to address, this Court should enter a protective order pending the resolution of the arbitration proceedings.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
MARK S. SHAPIRO
Florida Bar No.: 894631
mshapiro@akerman.com
ANTONIO D. MORIN
Florida Bar No.: 0187860
amorin@akerman.com

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this 18th day of July, 2002.

_____
Attorney

{Ml819440;2}

11

# MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/21/02)

**Co-Lead Counsel for Class Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com

Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
**cphillips@phillipsgarcia.com**
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:
Allstate, Fidelity and Casualty, Continental, Deerbrook**
RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue
(32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

{MI819440;2}

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN SENTERFITT
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile


**Counsel for: Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road,
Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

{MI819440;2}