UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR PAUL ZIDEL, on behalf of himself and
others similarly situated,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

      Third Party Defendant.

_____

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

      Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY, BEECH
STREET CORPORATION, and ADP
INTEGRATED MEDICAL SOLUTIONS, INC.,

      Defendants.

_____/

Case No. 00-6649



### PROGRESSIVE DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER AND AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM OF LAW

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), move this Court, pursuant to Fed. R. Civ.

P. 15(a), for leave to Amend their Answer and Affirmative defenses. In accordance with S.D. Fla.

L. R. 15.1, the PROGRESSIVE Defendants have attached the proposed amended pleading hereto as Exhibit A. In support of their Motion, the PROGRESSIVE Defendants state as follows:

The PROGRESSIVE Defendants seek to amend their Answer to include a Cross-Claim against co-Defendant BEECH STREET.

Undersigned counsel has attempted to contact Eric Lee, Esquire, counsel for Plaintiff, to obtain his position on this Motion to Amend, but has been unable to contact Mr. Lee.

## MEMORANDUM OF LAW

Rule 15(a), Fed. R. Civ. P., provides that leave to amend a pleading "shall be freely given when justice so requires." *See Diesel "Repower" Inc. v. Islander Investments Ltd.,* 271 F.3d 1318 (11th Cir. 2001). In determining whether to grant a party leave to amend the its pleadings, the following factors are considered: (1) undue delay, (2) bad faith, (3) prejudice to the nonmovant, and (4) futility of amendment. *Foeman v. Davis,* 371 U.S. 178 (1962); *Islander Investments,* 271 F.3d at 1321; *Hargett v. Valley Fed'l Sav. Bank,* 60 F. 3d 754 (11th Cir. 1995).

All these factors warrant granting the PROGRESSIVE Defendants leave to amend their Answer to add the Cross-Claim. There is no undue delay or bad faith in asserting this Cross-Claim at this time. Moreover, the addition of this Cross-Claim will not prejudice any of the parties as discovery is in its initial stages due to multiple, complex issues regarding consolidation, confidentiality and arbitration.

**WHEREFORE,** the PROGRESSIVE Defendants respectfully request that this Court grant their motion and afford them leave to amend their Answer to include a Cross-Claim against BEECH STREET.

Case No. 00-6061-CIV FERGUSON
Page 3

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class mail to all counsel on the attached service list on this 2↓ day of July, 2002.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
Attorneys for PROGRESSIVE Defendants
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900 - Telephone
(305) 373-6914 - Facsimile

By: _____
Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
dblackwell@anania-law.com
Florida Bar No. 370967
Ana M. Rivero-Alexander
aalexander@anania-law.com
Florida Bar No. 872490

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-CIV-6061-FERGUSON
MAGISTRATE JUDGE SNOW

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, et. al.,

Defendants.

_____/

**PROGRESSIVE DEFENDANTS'
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S CLASS
ACTION COMPLAINT
AND CROSS-CLAIM**

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), hereby file their Answer and Affirmative

Defenses and Cross-Claim to the "Class Action Complaint" filed hereby the Plaintiff, KEITH

BRICKELL, D.C., individually and on behalf of all others similarly situated ("Plaintiff"), and state

as follows:

## ANSWER TO JURISDICTION AND VENUE

1.      The PROGRESSIVE Defendants admit that this purports to be an action for damages

in excess of the minimum jurisdictional limits of this Court, but they deny that Plaintiff has suffered

or, alternatively, that they are liable to Plaintiff for such damages.  Moreover, the PROGRESSIVE

Defendants deny the remaining allegations in Paragraph 1.

2.      The PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 2, as they call for a legal conclusion, and,

therefore, the PROGRESSIVE Defendants deny those allegations.

3.      The PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 3, as they call for a legal conclusion, and,

therefore, the PROGRESSIVE Defendants deny those allegations.

EXHIBIT
A

Case No. No. 00-CIV-6061-FERGUSON
Page 2

## ANSWER TO "THE PARTIES"

4.     The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, they deny those allegations.

5.     The PROGRESSIVE Defendants admit that they are authorized and licensed to sell insurance in this District. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 5.

6.     The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, they deny those allegations.

7.     The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, they deny those allegations.

## ANSWER TO "FACTUAL BACKGROUND"

8.     Insofar as the allegations in Paragraph 8 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 8 and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

11. (sic).     Insofar as the allegations in Paragraph 11 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the

allegations in Paragraph 11 and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

12.    Insofar as the allegations in Paragraph 12 merely seek to paraphrase the terms and conditions of a statutory scheme, the PROGRESSIVE Defendants are not required to respond to those allegations.    However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 12 and, instead, respectfully refer the Court to the pertinent statutes for a complete and accurate statement of their contents.

13.    Insofar as the allegations in Paragraph 13 merely seek to paraphrase the terms and conditions of a statutory scheme, the PROGRESSIVE Defendants are not required to respond to those allegations.    However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 13 and, instead,  respectfully refer the Court to the pertinent statutes for a complete and accurate statement of their contents.

14.    Denied.

15.    Denied.

16.    The PROGRESSIVE Defendants admit that a document which purports to be an Agreement between BRICKELL and BEECH STREET is attached to the Complaint as Exhibit 1. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 16.

17.    Denied.

18.    Denied.

19.    Insofar as the allegations in Paragraph 19 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, they deny those allegations.

20.    Insofar as the allegations in Paragraph 20 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, they deny those allegations.

21.    Denied.

22.    Denied.

23.    The PROGRESSIVE Defendants admit that they are aware of Florida Statutes, §627.736(10)(1992). However, they deny the remaining allegations in Paragraph 23.

24.    Insofar as the allegations in Paragraph 24 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, they deny those allegations.

25.    Insofar as the allegations in Paragraph 25 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, they deny those allegations. Moreover, the PROGRESSIVE Defendants deny that they were involved in "a silent PPO scheme."

26.    The PROGRESSIVE Defendants admit that, at various times, they utilized the services of ADP INTEGRATED MEDICAL SOLUTIONS, INC. ("ADP") in processing their insureds' medical expense claims. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 26.

27.    Denied.

28.    Denied.

29.    The PROGRESSIVE Defendants admit that, at various times, they have accessed the discounted rates to which Dr. Brickell had agreed in processing their insureds' medical expense claims and that they furnished Dr. Brickell with Explanation of Benefit Forms detailing the basis for their payments. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 29.

### ANSWER TO "CLASS ACTION ALLEGATIONS"

30.    The PROGRESSIVE Defendants admit that this purports to be a class action, but they deny that Plaintiff has adequately stated a claim for, or otherwise is entitled to, such relief. Moreover, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 30.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.(a.-e.)        Denied.

37.    Denied.

### ANSWER TO COUNT I:
### Breach of Contract as to Beech Street

38. - 41.        Insofar as the allegations in Paragraph Nos. 38 through 41 are directed to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 38 through 41 and, therefore, they deny those allegations.

Case No. No. 00-CIV-6061-FERGUSON
Page 6

## ANSWER TO COUNT II:
### Unjust Enrichment as to the PROGRESSIVE Defendants and ADP

In response to the introductory Paragraph in Count II, the PROGRESSIVE Defendants reallege and incorporate by reference, their responses to the allegations in Paragraph Nos. 1 through 41, as if fully set forth herein.

42. - 45.       Insofar as the allegations in Paragraph Nos. 42 through 45 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph Nos. 42 through 45 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 42 through 45 and, therefore, they deny those allegations.

## ANSWER TO COUNT III:
### Third Party Beneficiary Breach of Contract as to PROGRESSIVE Defendants

In response to the introductory Paragraph in Count III, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 45, as if fully set forth herein.

46.       Insofar as the allegations in Paragraph 46 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny those allegations and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

47.       Denied.

48.       Denied.

Case No. No. 00-CIV-6061-FERGUSON
Page 7

## ANSWER TO COUNT IV:
## RICO Act Violations as to all Parties

In response to the introductory Paragraph in Count III, the PROGRESSIVE Defendants reallege and incorporate by reference, their responses to the allegations in Paragraph Nos. 1 through 48, as if fully set forth herein.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54. (a.-m.).    Insofar as the allegations in Paragraph 54 and its subparts are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 54 and its subparts relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and its subparts and, therefore, they deny those allegations.

55.    Insofar as the allegations in Paragraph 55 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 55 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, they deny those allegations.

56.    Insofar as the allegations in Paragraph 56 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 56 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 56 and, therefore, they deny those allegations.

57.    Denied.

58.    Denied.

59. - 63.        Insofar as the allegations in Paragraph Nos. 59 through 63 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph Nos. 59 through 63 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 59 through 63 and, therefore, they deny those allegations.

64.    Insofar as the allegations in Paragraph 64 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 64 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

65.    Insofar as the allegations in Paragraph 65 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 65 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its provisions.

66.    Insofar as the allegations in Paragraph 66 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 66 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 66 and, therefore, they deny those allegations.

67.     Insofar as the allegations in Paragraph 67 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 67 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, they deny those allegations.

68. (a.-e.).     Insofar as the allegations in Paragraph 68 and its subparts are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 68 and its subparts relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and its subparts and, therefore, they deny those allegations.

69.     Insofar as the allegations in Paragraph 69 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 69 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, they deny those allegations.

70.     Insofar as the allegations in Paragraph 70 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 70 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 70 and, therefore, they deny those allegations.

71.     Denied.

72.     Insofar as the allegations in Paragraph 72 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 72 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, they deny those allegations.

73.     Denied.

74.     Denied.

75.     Insofar as the allegations in Paragraph 75 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 75 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, they deny those allegations.

76.     Denied.

77.     Insofar as the allegations in Paragraph 77 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 77 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, they deny those allegations.

78.     Insofar as the allegations in Paragraph 78 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 78 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, they deny those allegations.

79.     The PROGRESSIVE Defendants admit that the Plaintiff purports to be seeking relief under 18 U.S.C. §1964(c) and 1962(c) of the RICO Act, but they deny that he has stated a claim for, or otherwise is entitled to, such relief.

## ANSWER TO SECTION 1962(c) Claim

80.     Insofar as the allegations in Paragraph 80 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 80 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

81.     Insofar as the allegations in Paragraph 81 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 81 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, they deny those allegations.

82.     Denied.

## ANSWER TO SECTION 1962(d) CLAIM

In response to the introductory Paragraph in this section of Plaintiff's Complaint, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 82, as if fully set forth herein.

83.     The PROGRESSIVE Defendants admit that the Plaintiff purports to be seeking relief under 18 U.S.C. §1964(c) and 1962(d) of the RICO Act, but they deny that he has stated a claim for, or otherwise is entitled to, such relief from the PROGRESSIVE Defendants.

84.     Insofar as the allegations in Paragraph 84 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 84 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

85.     Insofar as the allegations in Paragraph 85 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 85 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its provisions.

86.     Insofar as the allegations in Paragraph 86 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 86 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, they deny those allegations.

87.     Insofar as the allegations in Paragraph 87 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 87 relate to a party or parties other than the PROGRESSIVE

Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, they deny those allegations.

88. - 95.    Denied.

## RESPONSE TO COUNT V:
### Violations of the Lanham Act as to all Defendants

96. - 105.    In its Omnibus Order on Pending Motions dated September 28, 2001, the Court granted the Defendants' Motion to Dismiss or Strike the Plaintiff's Lanham Act claims and, therefore, the PROGRESSIVE Defendants are not required to respond to the allegations in Count V. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph Nos. 96 through 105.

## ANSWER TO COUNT VI:
### Declaratory Judgment as to the PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VI, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 105, as if fully set forth herein.

106.    Denied.

107.    Denied.

108.    Denied.

## ANSWER TO COUNT VII:
### Violation of Fla. Stat. 627.736(10) by PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VII, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 108, as if fully set forth herein.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

## ANSWER TO COUNT VIII:
### Breach of Contract as to the PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VIII, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 114, as if fully set forth herein.

115.    Insofar as the allegations in Paragraph 115 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 115 and, instead, respectfully refer the Court to the subject documents for a complete and accurate statement of their terms and conditions. Moreover, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 115.

116.    The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, they deny those allegations.

117.    Denied.

118.    Denied.

119.    Denied.

120.    The PROGRESSIVE Defendants deny any and all allegations of breach of contract, statutory violations, declaratory and injunctive relief, negligent or intentional misconduct, and damages of any kind in the Complaint.

121.    The PROGRESSIVE Defendants deny any and all allegations not specifically admitted herein and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      As their first affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for breach of contract and, therefore, that claim should be dismissed or stricken.

2.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for unjust enrichment and, therefore, that claim should be dismissed or stricken.

3.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim based on a third party beneficiary theory and, therefore, that claim should be dismissed or stricken.

4.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to pursue a class action in this matter, because he has not satisfied and cannot satisfy any of the requirements of Fed. R. Civ. P. 23.

5.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for RICO Act violations and, therefore, those claims should be dismissed or stricken.

6.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for declaratory or injunctive relief and, therefore, those claims should be dismissed or stricken.

7.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for a violation of Florida Statutes, Section 627.736(10) and, therefore, that claim should be dismissed or stricken.

8.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint improperly realleges and incorporates by reference the substantive allegations of the preceding counts in violation of Fed. R. Civ. P. 8(e).

9.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has failed to attached essential documents in his possession to the Complaint, which, if attached, would negate his claims, as a matter of law.

10.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by well-settled principles of equitable estoppel.

11.    As a further affirmative defense, the PROGRESSIVE Defendants state that their method of administering the claims of their insureds for PIP benefits fully complies with their contractual and statutory obligations.

12.    As a further affirmative defense, the PROGRESSIVE Defendants state that, at all times material to this action, the Florida Department of Insurance approved the methods the PROGRESSIVE Defendants used to administer the PIP claims of their insureds.

13.    As a further affirmative defense, the PROGRESSIVE Defendants state that their method of administering the PIP claims of their insureds does not fall within the plain language or intended scope of §627.736(10), Florida Statutes.

14.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by virtue of his contractual relationships with Beech Street Corporation ("Beech Street") and/or the Chiropractic Alliance.

15.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to relief under the RICO statute, because:

a.    Plaintiff does not allege a single fact reflecting criminal or fraudulent conduct by the PROGRESSIVE Defendants;

b.    Plaintiff does not identify an act, a date, a place, or a method by which the PROGRESSIVE Defendants sought to accomplish any such offenses;

c.    Plaintiff has not established and cannot establish that he was harmed as a result of investment activity by the PROGRESSIVE Defendants;

d.    Plaintiff has not adequately alleged a RICO "enterprise;"

e.    Plaintiff has not adequately alleged a pattern of racketeering offenses; and

f.    Plaintiff has not adequately alleged RICO predicate acts and has failed to allege a pattern of racketeering activity.

17.    As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff's claims are barred because Plaintiff first breached his contract(s) with Beech Street and/or the Chiropractic Alliance.

18.    As a further affirmative defense, the PROGRESSIVE Defendants allege that §627.736(10), Florida Statutes does not create a private right of action against insurers in favor of health care providers. *See May v. Allstate Ins. Co.*, Case No. 00-6269-CIV-DIMITROULEAS (S.D. Fla. April 4, 2000).

19.    As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff is not an intended third party beneficiary of the contracts of insurance with their insureds and, therefore, any and all claims predicated on that status should be stricken or dismissed.

20.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims for equitable relief are barred by the doctrine of laches.

21.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

22.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has failed to mitigate his damages, if any, and to that extent he is barred from recovery.

23.    As a further affirmative defense, the PROGRESSIVE Defendants state that this Court should strike any and all claims for attorney's fees from the Complaint, because there is no statutory or contractual basis for such an award.

24.    As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff's claims are barred by the doctrine of accord and satisfaction.

25.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by the doctrine of waiver.

26.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has not alleged and cannot allege, let alone prove, that he conferred a benefit on the PROGRESSIVE Defendants and, therefore, he cannot pursue a claim for unjust enrichment.

27.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's contract claims based on a third party beneficiary theory and his claims for unjust enrichment are mutually exclusive and, therefore, Plaintiff must make an election of remedies.

28.     As a further affirmative defense, the PROGRESSIVE Defendants state that the relief Plaintiff seeks in Count VI (*i.e.,* that he ultimately should or will prevail on his PIP related claims) is not a proper subject for declaratory relief.

29.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are not a proper subject for class consideration, because their resolution necessarily will require the Court to make a myriad of individualized factual determinations.

30.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to prosecute a class action under Fed. R. Civ. P. 23, because he is not an adequate class representative.

31.     As a further affirmative defense, the PROGRESSIVE Defendants adopt and incorporate by reference any and all affirmative defenses asserted by its co-Defendants in this action.

32.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's RICO claims are barred by the McCarran-Ferguson Act, 15 U.S.C. Sec. 1012(b).

## CROSS-CLAIM AGAINST BEECH STREET

The Defendants/Cross-Claim Plaintiffs, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE COMPANY (collectively "PROGRESSIVE Cross-Claim Plaintiffs"),

hereby sue Cross-Claim Defendant, BEECH STREET CORPORATION, a California corporation ("BEECH"), and allege as follows:

## JURISDICTION, PARTIES AND VENUE

1.      This is an action for damages in excess of $75,000, exclusive of interest, attorney's fees and costs.

2.      PROGRESSIVE EXPRESS INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

3.      PROGRESSIVE CONSUMERS INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

4.      PROGRESSIVE BAYSIDE INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

5.      BEECH is and, at all times material to this Cross-Claim, was a California corporation, authorized to do and doing business in the State of Florida, with agents and employees in Broward County.

6.      Venue in this action is proper in the Southern District of Florida because BEECH has offices and agents in the Southern District of Florida, who conduct its regular and usual business.

## GENERAL ALLEGATIONS

7.      BEECH is the largest independently-owned Preferred Provider Organization in the United States with nationwide access to 345,000 providers and 3,300 hospitals.

8.      BEECH negotiates preferred rates with medical providers and facilities, in exchange for its commitment to direct or "steer"eligible patients to those providers.

9.      PROGRESSIVE Cross-Claim Plaintiffs are and, at all times material to this Cross-Claim, were Florida corporations, providing automobile insurance to individuals throughout the State of Florida, with agents and employees in the Southern District of Florida.

10.     On December 1, 1995, Progressive Casualty Insurance Company ("Progressive Casualty") entered into a Services Agreement with ADP Integrated Medical Solutions ("ADP").

That Services Agreement entitled PROGRESSIVE to access ADP's Provider Bill Audit ("PBA") software to process medical claims for PROGRESSIVE insureds.

11.    Thereafter, on February 1, 1997, Progressive Casualty entered into a Payor Provider Network Agreement ("Agreement") with BEECH.   Because the terms of that Agreement are confidential and BEECH is in possession of a copy, PROGRESSIVE will not attach a copy hereto.

12.    Pursuant to that Agreement, PROGRESSIVE was entitled to access the contractually agreed upon rates of members of BEECH's network of medical providers when PROGRESSIVE insureds chose to seek treatment within that network.

13.    Pursuant to the terms of Progressive Casualty's agreements with BEECH and ADP, BEECH provided ADP with the names of its participating providers and the fee schedules they had agreed to accept for covered services.

14.    ADP programmed that information into its PBA software program, which PROGRESSIVE subsequently used to process medical invoices that it received from participating providers and/or PROGRESSIVE insureds.

15.    Pursuant to the Provider Agreement, PROGRESSIVE insureds who chose to seek treatment within BEECH's network were entitled to access the reduced rates available through BEECH's network of medical providers.

16.    Since February 1997, BEECH has been obligated to comply with the terms and conditions of the Provider Agreement, which states, in pertinent part, as follows:

> (a)    Beech Street shall be responsible for enforcing the terms of its provider agreements and managing the provider relationships.  Beech shall work with Client [PROGRESSIVE] and contracted Participating Providers to resolve any claims issues resulting from inaccurate data extracts, at its own expense.
>
> (b)    Beech Street represents and warrants [that] the Client [PROGRESSIVE] shall have the right to apply the Provider Contracted Rates against the amounts charged for Eligible Persons receiving the Covered Services pursuant to the applicable Utilization Management Program rates applied by Client [PROGRESSIVE].

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN

BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

(c)      Beech Street agrees to defend, indemnify and hold harmless Client [PROGRESSIVE] from and against all lawsuits, liabilities, claims, damages, causes of action, settlements, judgments, costs and expenses (including without limitation, reasonable attorney's fees and related expenses) alleged against, imposed upon or incurred by Client [PROGRESSIVE] arising from (a) Beech Street's breach of the material terms and conditions of this Agreement, (b) Beech Street's negligence or intentional wrongdoing in the course of performing its obligations under this Agreement or (c) Beech Street's violations of any state or federal laws or administrative regulations.

Agreement, p. 4.

17.      PROGRESSIVE relied on the accuracy and completeness of the information BEECH supplied to ADP, in processing invoices and rendering payments to the providers in accordance with BEECH's fee schedule.

18.      PROGRESSIVE has been named as a defendant in the instant lawsuit where a putative class of medical providers claim that PROGRESSIVE wrongfully reduced payments allegedly due and owing to them.

19.      PROGRESSIVE has been compelled to defend itself in this lawsuit, thus incurring attorney's fees, litigation expenses and other costs.

20.      All conditions precedent to this action have been performed, have occurred, or have been waived.

## COUNT I: BREACH OF CONTRACT

21.      PROGRESSIVE alleges and incorporates by reference the allegations in Paragraph Nos.1 through 20, as if fully set forth herein.

22.      BEECH has materially breached its obligations under the Provider Agreement in one or all of the following material respects:

(a)      by failing to enforce the terms of its Provider Agreements and manage provider relationships;

(b)      by failing to work with PROGRESSIVE to resolve claims issues resulting from inaccurate data, at its own expense;

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN

BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

(c)     by informing ADP that there was an enforceable preferred provider agreement in place when BEECH did not have an enforceable agreement, either because the provider agreement had expired or been cancelled;

(d)     by failing to ensure that it had a contract in force and effect with each of the providers and/or groups of providers whose names it supplied to ADP for inclusion in ADP's PBA bill-review software;

(e)     by failing to ensure that the contracts it had with providers and/or groups of providers whose names it supplied to ADP included auto medical claims;

(f)     by failing to take reasonable steps to update the list of providers and groups of providers whose names it had supplied to ADP for inclusion in its bill review system when those providers terminated or amended their agreements;

(g)     by providing ADP with inconsistent or incorrect reduction amounts on behalf of medical providers who were in the BEECH network; and

(h)     by such other acts or omissions as discovery in this action may reveal.

23.     As a direct and proximate result of BEECH's material breaches, PROGRESSIVE has suffered damages, including, but not limited to, compensatory damages, attorney's fees and interest.

24.     PROGRESSIVE retained undersigned counsel to enforce its contractual rights and it is entitled to recover that firm's fees and costs pursuant to the Provider Agreement with BEECH.

WHEREFORE, the Defendants/Cross-Claim Plaintiffs, PROGRESSIVE BAYSIDE INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE EXPRESS INSURANCE COMPANY, demand judgment against the Cross-Claim Defendant, BEECH STREET CORPORATION, for compensatory damages, attorney's fees, pre- and post-judgment interest, costs and for such other and further relief as the Court deems appropriate.

## COUNT II: CONTRACTUAL INDEMNIFICATION

25.     PROGRESSIVE realleges and incorporates by reference the allegations in Paragraph Nos. 1 through 20, as if fully set forth herein.

26.     The Provider Agreement between PROGRESSIVE and BEECH expressly provides that

> Beech Street agrees to defend, indemnify and hold harmless [PROGRESSIVE] from and against all lawsuits, liabilities, claims, damages, causes of action, settlements, judgments, costs and expenses, (including, without limitation, reasonable attorney's fees and related expenses) alleged against, imposed upon or incurred by [PROGRESSIVE] arising from (a) Beech Street's breach of the material terms and conditions of this Agreement. . . .

Agreement, p. 6.

27.     To the extent that PROGRESSIVE has suffered any damages, those damages are solely and exclusively attributable to BEECH's "breach of the material terms and conditions" of the Provider Agreement with PROGRESSIVE.

28.     Specifically, PROGRESSIVE 's damages, if any, are solely and exclusively attributable to BEECH's:

(a)     failure to enforce the terms of its Provider Agreements and manage provider relationships;

(b)     failure to work with PROGRESSIVE to resolve claims issues resulting from inaccurate data, at its own expense;

(c)     informing ADP that there was an enforceable preferred provider agreement in place when BEECH did not have an enforceable agreement, either because the provider agreement had expired or been cancelled;

(d)     failure to ensure that it had a contract in force and effect with each of the providers and/or groups of providers whose names it supplied to ADP for inclusion in its bill-review software;

(e)     failure to ensure that the contracts it had with providers and/or groups of providers whose names it supplied to ADP included auto medical claims;

(f)     failure to take reasonable steps to update the list of providers and groups of providers whose names it had supplied to ADP for inclusion in its bill review system when those providers terminated or amended their agreements;

(g)     providing ADP with inconsistent or incorrect reduction amounts on behalf of medical providers who were in the BEECH network; and

(h)     such other acts or omissions as discovery in this action may reveal.

29.     Thus, to the extent that PROGRESSIVE is found liable for damages, such liability will be based solely and exclusively upon the actions or inactions of BEECH and, therefore, PROGRESSIVE is entitled to full contractual indemnification from BEECH.

30.     Moreover, PROGRESSIVE is entitled to recover its costs and attorney's fees incurred in defending third party actions against it, and in prosecuting this action because those costs and expenses are incurred solely as a result of the acts or inactions of BEECH.

WHEREFORE, the Defendants/Cross-Claim Plaintiffs, PROGRESSIVE BAYSIDE INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE EXPRESS INSURANCE COMPANY, demand judgment against the Cross-Claim Defendant, BEECH STREET CORPORATION, for compensatory damages, attorney's fees, pre- and post-judgment interest, costs and for such other and further relief as the Court deems appropriate.

Case No. No. 00-CIV-6061-FERGUSON
Page 25

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class

mail to all counsel on the attached list this _24_ day of July, 2002.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
Attorneys for PROGRESSIVE
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Telephone:     (305) 373-4900
Facsimile:     (305) 373-6914

By: _____
Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
Florida Bar No. 370967
dblackwell@anania-law.com
Ana Rivero Alexander
Florida Bar No. 872490
aalexander@anania-law.com

**MASTER SERVICE LIST**
**Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW**
**(Updated 5/6/02)**

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esq.
LEE & AMTZIS, P.L.
350 N.W. 12th Avenue
Suite 150
Deerfield Beach, Florida 33442

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, Florida 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

David B. Shelton, Esq.
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**Counsel for Beech Street and ADP**

John M. Quaranta, Esq.
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
Bank of America, Suite 4300
100 S.E. Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esq.
SONNENSCHEIN, NATH &
ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esq.
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Prudential**

Kathy J. Maus, Esq.
Lauren D. Levy, Esq.
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

John D. Aldock, Esq.
Michael Isenman, Esq.
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

**Counsel for Superior**

Alan J. Nisberg, Esq.
BUTLER BURNETTE PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for American International**

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021