UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

      Third-Party Defendant.

_____/    00-7692

SALVATORE D. LARUSSO, D.C.
d/b/a FAMILY CHIROPRACTIC CENTER, on behalf
of himself and other similarly situated,

      Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,

      Defendants.

_____/

FILED by _____ D.C.
INTAKE

AUG - 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION ON ADDITIONAL GROUNDS

Plaintiff SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on

behalf of himself and all other similarly situated ("LARUSSO"), by his undersigned counsel, hereby

submits his Memorandum of Law in Opposition to Defendant LIBERTY MUTUAL INSURANCE

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

COMPANY's ("LIBERTY MUTUAL") Motion to Compel Arbitration on Additional Grounds ("Motion to Compel Arbitration"). For all the reasons set forth herein, LARUSSO respectfully submits that LIBERTY MUTUAL's Motion to Compel Arbitration should be denied in all respects.

## PRELIMINARY STATEMENT

On November 15, 2000, this action was instituted against LIBERTY MUTUAL. Now, almost two years after the action was originally filed and after its Motion to Dismiss was denied, LIBERTY MUTUAL is seeking to compel arbitration. LIBERTY MUTUAL filed its Joinder in Defendant COMMUNITY CARE NETWORK, INC.'s ("CCN") Motion to Compel Arbitration ("Joinder") on June 21, 2002. Thereafter, pursuant to an agreement, CCN was dismissed from these proceedings and CCN's Motion to Compel Arbitration was dismissed as moot. LIBERTY MUTUAL has now filed a second Motion to Compel Arbitration which raises new arguments. LIBERTY MUTUAL has waived any purported right to compel arbitration. In addition, LIBERTY MUTUAL has no basis to compel arbitration. Accordingly, LIBERTY MUTUAL's Motion to Compel Arbitration should be denied in all respects.

## ARGUMENT

When considering a motion to compel arbitration, a district court must determine "(1) whether there is an agreement to arbitrate, (2) whether there are arbitrable claims, and (3) whether there has been a waiver of the right to arbitration." Janmort Leasing, Inc. v. Econo-Car Int'l, Inc., 475 F. Supp. 1282 (E.D.N.Y. 1979). "Although federal policy strongly favors consensual arbitration, it is axiomatic that (a) written agreement for arbitration is the sine qua non of an enforceable arbitration agreement under the Arbitration Act." Id. (quoting Garnac Grain Co. v. Nimpex Int'l, Inc., 249 F. Supp. 986 (S.D.N.Y. 1966) (citations omitted)). Thus, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

embodies a clause providing for arbitration. Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir. 1991); Camping Constr. Co. v. District Counsel of Ironworkers Local 378, 915 F.2d 1333, 1340 (9th Cir. 1990) ("The court must determine whether a contract ever existed; unless that issue is decided in favor of the party seeking arbitration, there is no basis for submitting any question to an arbitrator.")  As the Third Circuit has stated:

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3rd Cir. 1980).

## I.   LIBERTY MUTUAL HAS WAIVED ITS ALLEGED RIGHT TO COMPEL ARBITRATION.

Even if LIBERTY MUTUAL had a basis to compel arbitration, it has waived its right by acting inconsistently with its purported right to compel arbitration. The right to arbitrate like any other contractual right is not absolute and may be waived. See S & H Contractors, Inc. v. A.J. Cole Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990). A waiver of arbitration can occur by participation in litigation or other actions inconsistent with the right to compel arbitration. Usher Syndicate Ltd., Inc. v. Figgie Int'l, 1987 WL 19840 (S.D. Fla. 1987). "Waiver results from a party's 'substantial participation in litigation to a point inconsistent with an intent to arbitrate' which results in prejudice to the other party." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000) (quoting Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995)). Prejudice can be demonstrated by a party incurring the delay or expense

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

associated with litigation. Morewitz, 62 F.3d at 1366.

Prior to filing its Joinder and Motion to Compel Arbitration, LIBERTY MUTUAL actively took part in these proceedings. The action was originally filed against LIBERTY MUTUAL on November 15, 2000. On January 19, 2001 LIBERTY MUTUAL filed a Motion to Dismiss. LIBERTY MUTUAL's Motion to Dismiss was denied on September 28, 2001. During these proceedings, LIBERTY MUTUAL has filed the following documents demonstrating its substantial participation in these proceedings:

| DATE | DOCKET ENTRY | DESCRIPTION |
|------|-------------|-------------|
| 11/15/00 | 1 | Class Action Complaint filed |
| 01/19/01 | 23 | Motion to Dismiss Class Action Complaint |
| 03/08/01 | 49 | Memorandum by Liberty Mutual in opposition to motion to consolidate all pending PPO reduction class cases |
| 04/24/01 | 65 | Partially Unopposed Motion by Liberty Mutual to stay discovery |
| 06/27/01 | 72[1] | Motion by Liberty Mutual to extend time to respond to motion for class certification |
| 11/01/01 | 256 | Answer and affirmative defenses by Liberty Mutual |
| 11/02/01 | 257 | Response by Liberty Mutual to plaintiff's motion for entry of confidentiality order and Motion for reconsideration of order granting consolidation |
| 11/06/01 | 285 | Motion by Liberty Mutual to stay discovery until ruling on various pending motions and motion for protective order |
| 11/06/01 | 289 | Motion by Liberty Mutual for Hearing on [288-1] Motion for protective order as to deposition of Liberty Mutual |

---

[1] Entries 1-72 are from Case No. 00-7692.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

LARUSSO has been required to respond to the foregoing. On November 1, 2001, after its substantive Motion to Dismiss was denied, LIBERTY MUTUAL filed its Answer and Affirmative Defenses to the Complaint. At no time prior to when it filed its Joinder or Motion to Compel Arbitration, did LIBERY MUTUAL raise any issues relating to arbitration. Having waited almost two years to file its Motion to Compel Arbitration, substantially taking part in these proceedings, filing an Answer and Affirmative Defenses, and failing to ever raise the issue of arbitration, LIBERTY MUTUAL cannot seek arbitration at this late date.

Recognizing that it has participated in this litigation to a point inconsistent with an intent to arbitrate, LIBERTY MUTUAL attempts to argue against a finding of waiver in its Motion to Compel Arbitration. However, the cases cited by LIBERTY MUTUAL and LIBERTY MUTUAL's lengthy comparison of the litigation that occurred in those proceeding are irrelevant. The cases cited by LIBERTY MUTUAL are cases from other circuits. The test to determine waiver in this circuit is whether a party has substantially participated in the litigation to a point inconsistent with an intent to arbitrate and whether this has caused prejudice to the other party. Brown, 211 F.3d 1217. The delay or expense associated with litigation can constitute prejudice. Morewitz, 62 F.3d at 1366.

There is no question that LIBERTY MUTUAL has substantially participated in this litigation. LIBERTY MUTUAL filed a substantive Motion to Dismiss and has filed other motions in these proceedings which sought to stay discovery, opposed consolidation, opposed the entry of a confidentiality order, and sought protective orders as to certain depositions. LIBERTY MUTUAL never asserted a purported right to compel arbitration as the grounds for any of these motions. There is also no question that LARUSSO has incurred delay and the expenses associated with litigation. Due to LIBERTY MUTUAL's litigating these proceedings, this action is almost two years old. LARUSSO has incurred significant expenses and attorneys' fees in litigating these proceedings

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

against LIBERTY MUTUAL during the past two years. Finally, allowing LIBERTY MUTUAL, at

this date, to compel arbitration would be prejudicial to LARUSSO. LIBERTY MUTUAL filed a

substantive Motion to Dismiss which was denied. LIBERTY MUTUAL cannot seek a dismissal of

LARUSSO's claims and then seek to compel arbitration after its substantive Motion to Dismiss was

denied. LIBERTY MUTUAL has waived its right to compel arbitration in these proceedings and its

belated effort to do should be denied by this Court.

## II.    THE ARBITRATION PROVISION IN THE PIP CONTRACT AT ISSUE IN THIS CASE IS INVALID.

      Nationwide Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000)

invalidated arbitration clauses contained in PIP Contracts. In its Motion to Stay Pending Resolution

of all Arbitration Proceedings, LIBERTY MUTUAL acknowledged that its PIP contract does not

provide a basis to compel arbitration. LIBERTY MUTUAL stated: "there is no arbitration

agreement between Plaintiff and Liberty Mutual . . ." (Motion to Stay at P. 3). LIBERTY MUTUAL

now attempts to assert that its PIP contract does provide a basis to compel arbitration. However,

based on the clear language in Pinnacle, the Florida Supreme Court struck down all arbitration

provisions which restrict a healthcare provider's rights.

      This precise issue was raised and rejected by the Florida Supreme Court in Nationwide

Mutual Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000). In appellants' initial

brief in Pinnacle, the appellant insurance companies specifically argued as follows:

> ### REGARDLESS OF THE CONSTITUTIONALITY OF THE STATUTE, APPELLEES WERE BOUND TO ARBITRATE AS THIRD PARTY BENEFICIARIES OF THE INSURANCE CONTRACTS.
>
>       The Fifth District should not even have reached the constitutionality issue in this case, because there is a wholly independent reason that these providers should have been compelled to arbitrate. As discussed in detail above, section 627.736(5)

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

statutorily implies such a binding arbitration provision in every PIP policy issued in this state. In this case, there is no question that each of the insurance contracts contained such a provision. The contracts themselves are sufficient to bind the providers to arbitrate regardless of the effect or validity of the statute.

It is well established that healthcare providers are third party beneficiaries of insurance contracts proving coverage for healthcare. See United States v. Automobile Club Insurance Company, 522 F.2d 1 (5th Cir. 1975); Vencor Hospitals South, Inc. v. Blue Cross and Blue Shield of Rhode Island, 929 F. Supp. 420 (S.D. Fla. 1996); Orion Insurance Company v. Magnetic Imaging Systems I, 696 So. 2d 475 (Fla. 3d DCA 1997); Pasteur Health Plan, Inc. v. Salazar, 658 So. 2d 543 (Fla. 3d DCA 1995).

It is likewise clear that third party beneficiaries are subject to the terms of the relevant contracts, including arbitration clauses. See Orion, 696 So. 2d at 478; Terminix International Co. v. Ponzio, 693 So. 2d 104, 109 (Fla. 1st DCA 1997); Zac Smith & Co. v. Moonspier Condominium Assoc., 472 So. 2d 1324 (Fla. 1st DCA 1985). See also Scobee Combs Funeral Home Inc. v. E.F. Hutton & Co., 771 F. Supp. 605 (S.D. Fla. 1989) (holding that parties were bound by an arbitration provision in National Association of Securities Dealers manual, regardless of the fact that no contract between them contained such a provision); Desiderio v. National Association of Securities Dealers, Inc., 2 F. Supp. 516 (S.D.N.Y. 1998) (execution of a U-4 SEC form "inherently represents an agreement to arbitrate" as mandated by the relevant statute, even if the form does not so state).

No argument has been raised that an insurer cannot include an arbitration clause in its policy. Thus, regardless of the validity or effect of the statutory arbitration provision in section 627.736(5), these Appellees should have been compelled to arbitration. The Fifth District's decision should be quashed as improperly holding a statute unconstitutional when the case could have resolved without reaching that issue.

Brief for Appellants at 28-30, Pinnacle, 753 So. 2d 55. The Nationwide policy at issue in Pinnacle

contained the following provision requiring arbitration:

**ARBITRATION/ASSIGNMENT OF BENEFITS**

If a dispute arises between **us** and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, the dispute shall be settled by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any **insured**, any and all claims to such benefits by the **insured** belong to the healthcare provider who has received the assignment. Priority of payment of this coverage shall be given

to the assigned claims of which **the company** has written notice.

The Florida Supreme Court rejected Nationwide's assertion that the contractual provision in its insurance policy required medical providers to arbitrate their claims. The Florida Supreme Court affirmed the decision of the Fifth District Court of Appeal which had affirmed a county court order denying motions to dismiss and to compel arbitration.

The Florida Supreme Court found Section 627.736(5), Florida Statutes ("Section 627.736(5)") unconstitutional. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. Thus, arbitration had been mandated pursuant to policy provisions. As mandated by Section 627.736(5), LIBERTY MUTUAL's policy contains an arbitration provision. An arbitration provision was also included in the insurance policy at issue in <u>Pinnacle</u>. The Florida Supreme Court rejected the argument that the contractual language provides a basis to compel arbitration. If the contractual provision provided a basis to compel arbitration, the Florida Supreme Court would have used the provision to require arbitration notwithstanding the unconstitutionality of Section 627.736(5).

In <u>Pinnacle</u>, the healthcare provider brought its claim as the assignee of benefits from an insured. The PIP Contract between the insured and the insurance company contained an arbitration clause which required arbitration of disputes in the event that the claims were assigned to a healthcare provider. The policy did not require the same claims to be arbitrated if they were brought by the insured. The insurance company asserted that notwithstanding the provisions of Section 627.736(5), Florida Statutes, there is an agreed contractual provision which provides for arbitration. The Florida Supreme Court rejected this position. As the court stated:

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

> In the instant case, there is no voluntary agreement to arbitrate between medical
> providers and PIP insurers. Medical providers are forced to arbitrate by terms in an
> agreement entered into between an insured and an insurer, to which the assignor-
> insured is not subject.

Id. at 58 n. 4 (emphasis added). Accordingly, as the Court squarely held in Pinnacle, a contractual

provision entered into between an insured and an insurance company cannot require arbitration of

claims that are assigned to a healthcare provider.

> An objective of Florida's Motor Vehicle No-Fault Law was to provide
> persons injured in an action with prompt payment of benefits. Similarly, the
> legislative objective of section 627.428(1), Florida Statutes, which provides for an
> award of attorneys' fees against insurers who wrongfully deny benefits, was to
> discourage insurance companies from contesting valid claims and to reimburse
> successful insureds for their attorneys' fees when they are compelled to sue to
> enforce their insurance contracts. Section 627.736(5) replaces section 627.428(1)
> attorney fees with an award of attorney fees based on who was the "prevailing party"
> at arbitration. Under section 627.736(5), medical provider - assignees are subject to
> attorney fees, while insureds suing to enforce the exact same contract enjoy the one-
> way imposition of attorneys' fees against insurers provided in Section 627.428(1).
> This distinction does nothing to further the prompt payment of benefits or to
> discourage insurers' denial of valid claims. The effect of the attorney-fee provision
> in Section 627.736(5) is to further delay insureds from receiving medical benefits by
> encouraging medical providers to require payment from insureds at the time the
> services are rendered rather than risk having to collect through arbitration. Thus, the
> prevailing party attorney-fee provision of Section 627.736(5) arbitrarily distinguishes
> between medical providers and insureds, violating medical providers' due process
> rights, and is unconstitutional under article I, section 9 of Florida's Constitution.

Id. at 59 (citations omitted) (emphasis added).

A PIP Contract is entered into between an insured and an insurance company. The healthcare

provider is not a party to the PIP Contract. Healthcare providers have no part in negotiating the

terms of the PIP Contract. Accordingly, if insurance companies are able to place onerous arbitration

provisions in PIP Contract that are binding only when a healthcare provider seeks compensation for

services provided, the entire holding in Pinnacle would be meaningless. In this case, LIBERTY

MUTUAL's PIP Contract contains the following arbitration provision:

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**ARBITRATION**

If a provider of medical services or supplies has agreed to accept assignment of extended personal injury protection benefits:

**1.**      Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

**2.**      The prevailing party shall be entitled to attorney's fees and costs.

Clearly, this arbitration provision penalizes a healthcare provider who accepts an assignment of benefits. Section 627.736(5) did not, by itself, require arbitration. Section 627.736(5) required insurers to include an arbitration provision in all contracts binding any person providing medical services if that person has agreed to accept an assignment of personal injury protection benefits. The Florida Supreme Court found that the provisions of Section 627.736(5) violated the rights of medical providers. As the Court stated:

> We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision violates the right of medical providers to access to courts provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) violates the due process rights of medical providers in violation of article I, section 9 of the Florida Constitution.

Pinnacle, 753 So. 2d at 57 (emphasis added). Since the Florida Supreme Court found that the arbitration provision of Section 627.736(5) is unconstitutional because it violates the rights of medical providers, the contractual provision in the LIBERTY MUTUAL policy is likewise unconstitutional whether it was entered into before or after Pinnacle. Contractual provisions can be found invalid if they violate constitutional rights. "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our Courts." Harris v. Gonzalez, 789 So. 2d 405, 407 (Fla. 4th DCA 2000). The arbitration provision in the LIBERTY

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

MUTUAL PIP Contract is unconstitutional and provides no basis to compel arbitration in these proceedings. <u>Pinnacle</u>.

The LIBERTY MUTUAL arbitration provision impermissibly provides for prevailing party attorney fees. This provision was found to be unconstitutional in <u>Pinnacle</u>. The arbitration provision violates the rights of healthcare providers to access to courts and is unconstitutional in that it requires arbitration in violation of article I, section 21 of the Florida Constitution. <u>Pinnacle</u>, 753 So. 2d 55. The LIBERTY MUTUAL arbitration provision is further unconstitutional in violation of article I, section 9 of the Florida Constitution in that it impermissibly modifies the statutory fee-shifting provisions of Section 627.736. <u>Id</u>. The fact that the PIP Contract was entered into by an insured and LIBERTY MUTUAL prior to the holding <u>Pinnacle</u> does not change the fact that the arbitration provision contained therein is unconstitutional and void.

LIBERTY MUTUAL's effort to limit the claims asserted in this class action to those arising prior to <u>Pinnacle</u> is inappropriate. Although Magistrate Judge Snow, in her Reports and Recommendations, has found that claims arising post-<u>Pinnacle</u> are subject to arbitration, as discussed above, it is LARUSSO's position that <u>Pinnacle</u> invalidated all arbitration clauses. In addition, it is important to note that the arbitration provision in the LIBERTY MUTUAL policy at issue in this case is from a 1992 policy form. After <u>Pinnacle</u>, LIBERTY MUTUAL did nothing to change its policy provisions. The mandatory arbitration language which was required by Section 627.736 (5) was left unchanged after <u>Pinnacle</u>. Accordingly, if it is found that LIBERTY MUTUAL can compel arbitration of claims arising subsequent to <u>Pinnacle</u>, the result reached in <u>Pinnacle</u> would not only be meaningless, but <u>Pinnacle</u> would, in fact, be the basis for LIBERTY MUTUAL to seek arbitration. It would not make sense if <u>Pinnacle</u> could strike down the arbitration provision contained in the LIBERTY MUTUAL policy as being unconstitutional and that the same policy provision could

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

11

provide the basis to compel arbitration for policies entered into after <u>Pinnacle</u>.

The obvious directive from <u>Pinnacle</u> was that such provisions are invalid, not that insurance companies can continue to place the same provisions in policies and would be able to enforce them subsequent to <u>Pinnacle</u>. Faced with the argument that the insurance policies can contain such an arbitration provision, notwithstanding the directive of Section 627.736(5), Florida Statutes, the Florida Supreme Court chose to invalidate the arbitration provisions. Therefore, the arbitration provision contained in the PIP contract at issue in this case is invalid.

## III.    LIBERTY MUTUAL IS NOT ENTITLED TO SEEK ARBITRATION BY JOINING IN CCN'S MOTION.

To the extent LIBERTY MUTUAL still seeks to compel arbitration based on the CCN Agreement, its position is unfounded. LIBERTY MUTUAL also fails to affirmatively set forth a critical element of its claim as a third-party beneficiary. LIBERTY MUTUAL asserts that it is a third-party beneficiary of the LARUSSO contract with CCN because it is a defined "Payor" under the CCN Agreement. However, in order for the CCN Agreement to apply, Payors under the CCN Agreement are required to enter into Payor Agreements with CCN. Such agreements are defined as follows:

> "Payor Agreement" is an instrument between a Payor and CCN or its authorized representative which provides for CCN providers, including Provider pursuant to this Agreement, to render Health Care Services or Benefits at Reimbursement Amounts determined and established by CCN and such Payor.

(CCN Agreement at ¶ 1.07).[2] The CCN Agreement also indicates that Payors will be "Payor organizations which offer a preferred provider or exclusive provider health care coverage plan to Beneficiaries or Claimants . . ." (CCN Agreement at P. 1).

___

[2] A True and correct copy of the CCN Agreement is attached to CCN's Motion to Compel Arbitration as Exhibit "A."

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Nowhere in LIBERTY MUTUAL's Joinder or Motion to Compel Arbitration does it assert that LIBERTY MUTUAL entered into a Payor Agreement with CCN to participate in its preferred provider program. There is no agreement between LIBERTY MUTUAL and CCN attached as an exhibit to the Joinder and there is no evidence presented to establish that LIBERTY MUTUAL has entered into a contract with CCN. LIBERTY MUTUAL has also not claimed or established that it offered "a preferred provider or exclusive provider health care coverage plan" as required by the CCN Agreement. Since LIBERTY MUTUAL has not established the foregoing, it is not a "Payor" under the CCN Agreement and cannot be considered an intended third-party beneficiary of the CCN Agreement.

IV.   **THE CLAIMS ASSERTED BY LARUSSO ARE NOT SUBJECT TO ARBITRATION BECAUSE LARUSSO IS ASSERTING CLAIMS AS THE ASSIGNEE OF RIGHTS FROM A LIBERTY MUTUAL INSURED.**

The claims asserted by LARUSSO are not subject to arbitration because LARUSSO is asserting claims as the assignee of claims assigned to him by a LIBERTY MUTUAL insured. There is no arbitration agreement between LARUSSO and LIBERTY MUTUAL. There is no arbitration agreement between LIBERTY MUTUAL's insured and LIBERTY MUTUAL. Since LARUSSO is asserting claims as an assignee, there is no basis to compel arbitration.

LARUSSO's Complaint asserts causes of action against LIBERTY MUTUAL due to its improper and fraudulent reduction of PIP claims under Section 627.736, Florida Statutes. In order for a healthcare provider to assert claims against an automobile insurance company for PIP benefits, the insured must assign the claim for PIP benefits to the healthcare provider. "Courts have recognized that medical service providers can assert claims for a PIP benefit against insurers when an insured as assigned them the right to the benefits." Hartford Ins. Co. of the Southeast v. St. Mary's Hosp., Inc., 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (citations omitted). The right to pursue a

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

claim for PIP benefits belongs to the insured unless the insured assigns the right to a healthcare

provider. As recently stated:

> As a general rule, if an insured has assigned her right to receive personal injury
> protection (PIP) benefits to a healthcare provider, the insured may not file a lawsuit
> to collect the assigned benefits. The insured would only have a claim to pursue
> against the insurance company if the healthcare provider were permitted to rescind
> the assignment.

Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 717 (Fla. 2d DCA 2000). "In any

event, only the insured or the medical provider 'owns' the cause of action against the insurer at any

one time. And the one that owns the claim must bring the action if an action is to be brought."

Oglesby v. State Farm Mut. Auto. Ins. Co., 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (citing Garcia

v. State Farm Mut. Auto. Ins. Co., 766 So. 2d 430 (Fla. 5th DCA 2000); Livingston, 774 So. 2d 716).

The claims LARUSSO has asserted against LIBERTY MUTUAL are claims that were

assigned to LARUSSO by a LIBERTY MUTUAL insured. In order for LARUSSO to assert claims

for PIP benefits, he was required to obtain an assignment of benefits from the LIBERTY MUTUAL

insured. There is no arbitration agreement LIBERTY MUTUAL and its insured. There is no

arbitration agreement between LARUSSO and the LIBERTY MUTUAL insured. LARUSSO, as the

insured's assignee "surely is in no worse position than its assignor would be in if the assignor were

the plaintiff here." Foreign Credit Corp. v. Aetna Cas. & Surety Co., 276 F. Supp. 791, 793

(S.D.N.Y. 1967).

In her Reports and Recommendations, Magistrate Snow has found that when a healthcare

provider accepts an assignment and is a third-party beneficiary of the insurance contract, it is bound

by the arbitration provision. LARUSSO agrees that third-party beneficiaries and/or assignees of

contracts that contain arbitration clauses are required to arbitrate those claims. However, based on

the language of the policy at issue in this case, the result is different. If the insured filed a lawsuit

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

against LIBERTY MUTUAL for the claims asserted in this action by LARUSSO, LIBERTY MUTUAL would have no basis to compel arbitration. When LARUSSO obtained an assignment of benefits from the insured, LARUSSO was assigned the insured's right to pursue these claims in a judicial forum. As to the assignee, LARUSSO stands in the shoes of the LIBERTY MUTUAL insured. Since the LIBERTY MUTUAL insured can assert these claim in court and cannot be compelled to arbitrate the claims asserted in this action, LARUSSO can assert these claims in a judicial forum. Accordingly, LIBERTY MUTUAL has no basis to compel arbitration of the claims LARUSSO is asserting as an assignee.

As clearly set forth in the Complaint, LARUSSO has instituted this action as the assignee of claims from LIBERTY MUTUAL insured whose claims arose prior to the <u>Pinnacle</u> decision. <u>Pinnacle</u> held such policies to be unconstitutional. Accordingly, the claims asserted by LARUSSO are not subject to arbitration. In addition, LIBERTY MUTUAL's effort to limit the claims in this class action to those arising pre-<u>Pinnacle</u>, as set forth above, should be denied. All LIBERTY MUTUAL policies containing arbitration provisions requiring healthcare providers to arbitrate disputes regarding PIP claims are unconstitutional.

## <u>CONCLUSION</u>

For all of the reasons set forth herein, Plaintiff SALVATORE D. LARUSSO, D.C., on behalf of himself and all others similarly situated, respectfully requests that this Court enter an Order denying LIBERTY MUTUAL's Motion to Compel Arbitration on Additional Grounds, together with such and other and further relief as this Court may deem just and proper.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail on July 30 , 2002, upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

## Co-Counsel for Class Plaintiffs

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

16

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile