UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-CIV-6061-FERGUSON/SNOW



SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and
all others similarly situated,
       Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC.,
       Defendants.
_____/

## DEFENDANT LIBERTY MUTUAL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION ON ADDITIONAL GROUNDS

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned attorneys, hereby files its Reply Memorandum of Law in Support of its Motion to Compel Arbitration on Additional Grounds. In his response, Plaintiff essentially raises three arguments: (1) Liberty mutual has waived its right to compel arbitration; (2) The arbitration provision in the PIP contract (or "Policy") between Liberty Mutual and its insured is unenforceable; and (3) Liberty Mutual is unable to claim third party beneficiary status under the agreement between Plaintiff and CCN because Liberty Mutual did not enter a payor agreement with CCN. First, Plaintiff's claim of waiver is wholly without merit as Liberty Mutual's participation in this matter has been limited; Liberty Mutual has not propounded any discovery requests, has not taken any depositions, and has not otherwise attempted to litigate this case towards its conclusion. Given Liberty Mutual's limited involvement, Plaintiff's claim of

{M1827479;1}
1



prejudice is necessarily unfounded and insubstantial. Second, Plaintiff's reliance on Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000), to support his claim that the arbitration provision contained in the PIP contract between Liberty Mutual and its insured is unenforceable is misplaced as the Pinnacle court did not address the contractual validity of such provisions and Plaintiff has not alleged any grounds in law or equity to suggest that it should not be enforced. Lastly, Liberty Mutual's argument to compel arbitration based on the agreement between CCN and Plaintiff is not contingent on Liberty Mutual claiming status as third party beneficiary under that agreement, but, rather is based on equitable estoppel grounds which Plaintiff has offered no authority to rebut. In further support thereof, Liberty Mutual states as follows:

I. **LIBERTY MUTUAL HAS NOT WAIVED ITS RIGHT TO COMPEL ARBITRATION IN THAT LIBERTY MUTUAL'S PARTICIPATION IN THIS LITIGATION HAS BEEN LIMITED AND PLAINTIFF HAS NOT BEEN SUBSTANTIALLY PREJUDICED THEREBY**

This Court's docket and the law governing waiver belies Plaintiff's attempt to characterize Liberty Mutual's participation in this litigation as substantial. Not surprisingly, Plaintiff has neither cited any authority that would support a finding of waiver nor any substantive arguments, beyond a conclusory claim of irrelevance, to rebut the authority cited by Liberty Mutual in its Motion.[1]

---

1 While Plaintiff is correct in observing that the determination of waiver is principally guided by the factors of substantial participation and prejudice, consideration of those factors is not unique to the Eleventh Circuit. In his Response, Plaintiff argues that Liberty Mutual's reference to cases outside the Eleventh Circuit are irrelevant: "[T]he cases cited by Liberty Mutual and Liberty Mutual's lengthy comparison of the litigation that occurred in those proceedings are irrelevant. The cases cited by Liberty Mutual are cases from other circuits." Plaintiff's Response at 5. As discussed above, the waiver analysis in the non-Eleventh Circuit cases cited by Liberty Mutual in its Motion is identical to that employed by the Eleventh Circuit. See, e.g., Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000). Accordingly, while the non-

{M1827479;1}

2

Plaintiff's waiver argument is based principally on three factors: (1) the delay in seeking arbitration; (2) the filing of an answer and affirmative defenses; (3) the filing of a motion to dismiss; and (3) the alleged time and expense caused to Plaintiff by having to respond to the foregoing. Turning to the first factor, the federal courts have made clear that a defendant's delay in seeking arbitration is alone insufficient to support a finding of waiver. See, e.g., Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2nd Cir. 1985) ("It is beyond question that defendants' delay in seeking arbitration during approximately eight months of pretrial proceedings is insufficient by itself to constitute a waiver of the right to arbitrate, for in addition, prejudice to Rush must be demonstrated"). A defendant's filing of an answer and motion to dismiss is likewise insufficient. See Rush, 779 F.2d at 888-89 (holding that defendants did not waive their right to compel arbitration by filing a motion to dismiss and answering the complaint); Wilson v. Par Builders II, Inc., 879 F. Supp. 1187, 1189 (M.D. Fla. 1995) ("The Court does not find the defendants' testing of the viability of the complaint, by way of motion to dismiss, to be inconsistent with invoking the right to arbitration"); Knight v. Xebec, 750 F. Supp. 1116, 1119 (M.D. Fla. 1990) (finding no waiver of the right to arbitrate where the defendant filed a motion to dismiss and answer before moving to compel arbitration). Nevertheless, Plaintiff claims prejudice arising out of the alleged expense and delay of having been "required to respond to the foregoing." Plaintiff's Response at 5. Plaintiff's allegations, however, are insufficient to shoulder Plaintiff's "heavy burden of proof" in establishing a waiver of Liberty Mutual's right to arbitrate. Stone v. E.F. Hutton & Co., 898 F. 2d 1542, 1543 (11th Cir. 1990).

---

Eleventh Circuit authority cited by Liberty Mutual in its Motion is not binding, it is certainly persuasive and undeniably relevant.

{MI827479;1}

The deficiency of Plaintiff's waiver argument is necessarily tied to the fact that Liberty Mutual's involvement in this litigation has been anything but substantial. Liberty Mutual has not propounded any discovery requests, taken any depositions, or otherwise attempted to litigate this case towards its conclusion. Instead, Liberty Mutual's involvement has been limited to the filing of a motion to stay discovery, a motion for protective order, and other documents related to precluding discovery in this matter. Indeed, the undeniably limited character of Liberty Mutual's involvement, and the necessarily unsubstantiated claim of prejudice by Plaintiff arising therefrom, is forcefully illustrated by the circumstances in which the courts have found a waiver of the right to arbitrate. Those cases make clear that waiver is appropriate where the defendant has engaged in extensive motion practice and discovery. See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 925 (3d Cir. 1992); S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990); Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543-44 (11th Cir. 1990); Snelling & Snelling Inc. v. Reynolds, 140 F. Supp. 2d 1314, 1322 (M.D. Fla. 2001). In sum, this Court should reject Plaintiff's claim of waiver given Liberty Mutual's limited involvement in this litigation and Plaintiff's necessarily insubstantial claim of prejudice arising therefrom.

## II. THE ARBITRATION PROVISION IN THE PIP CONTRACT IS VALID AND ENFORCEABLE

Plaintiff argues that the arbitration provision in the Policy between Liberty Mutual and its insured under which Plaintiff claims third party beneficiary status (Complaint at ¶96) is unenforceable as a result of the Court's decision in Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000), arguing that the Pinnacle court invalidated all

contractual arbitration provisions in PIP contracts. Plaintiff's argument is incorrect as it rests on an overstatement of the Pinnacle court's holding.[2]

In Pinnacle, the Court addressed the narrow question of whether Fla. Stat. § 627.736 (5), which required automobile insurers to include in all automobile insurance policies a provision that required medical providers who accepted an assignment of insurance benefits from their patients to submit any disputes to arbitration, and included a prevailing party attorney fee award, was constitutional. The Court held the statute unconstitutional, but the Court did not address the validity of the contractual arbitration provisions themselves. Rather, the Court's holding was limited to the validity of the statute that required insurers to include these provisions in their policies. See Delta Casualty Co. v. Pinnacle Med., Inc., 721 So. 2d 321, 325 n.3 (Fla. 5th DCA 1998) (issue presented to the court was the constitutionality of section 627.736(5), not the validity of the arbitration provisions themselves as the insurance contracts between insurers and insureds were not in the record before the Court). Indeed, the limited reach of the Pinnacle court's holding was noted by the Second District in Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 718 (Fla. 2d DCA 2000), wherein the Court observed that Pinnacle did not address the issue of whether such contractual arbitration agreements are valid. Moreover, pre-Pinnacle cases held that the contractual arbitration provisions contained in insurance policies

---

2  In another attempt at overstatement, Plaintiff argues that Liberty Mutual had previously argued that no arbitration agreement existed between Plaintiff and Liberty Mutual in an attempt to imply that Liberty Mutual has changed course by asserting the arbitration provision between it and its insured as an additional ground to compel arbitration. Although Liberty Mutual did indicate that no arbitration agreement existed between Liberty Mutual and Plaintiff, that statement is consistent with Liberty Mutual's stance in this litigation. Liberty Mutual is seeking to compel arbitration based on Plaintiff's alleged status as third party beneficiary or assignee of the Policy between it and its insured and based on the arbitration provision contained in the contract between Plaintiff and CCN. Neither of these theories requires the existence of an actual arbitration agreement between Liberty Mutual and Plaintiff.

{MI827479;1}

5

constituted a separate and independent basis for compelling arbitration outside the statutorily-mandated arbitration requirement. See Orion Ins. Co. v. Magnetic Imaging Sys., Inc., 696 So. 2d 475 (Fla. 3d DCA 1997); Fortune Ins. Co. v. USA Diagnostics, Inc., 684 So. 2d 208 (Fla. 4th DCA 1996). In sum, Pinnacle did not hold the contractual agreements themselves unenforceable.

In any event, even if Pinnacle is extended to hold the contractual agreements themselves invalid or unenforceable, such a holding would be preempted by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which preempts any state laws concerning arbitration provisions: "[A] written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, the FAA establishes a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). As it is undeniable that the transactions in this case involve interstate commerce, even if Pinnacle is stretched to invalidate the contractual arbitration provision in the Liberty Mutual Policy, such a holding would be preempted by the FAA. See, e.g., Southland v. Keating, 465 U.S. 1, 10-11, 16 (1984) (FAA preempts state law concerning arbitration agreements). Indeed, Plaintiff has offered no authority to suggest that FAA's preemptive force would not preclude the Florida Supreme Court's purported invalidation of the contractual arbitration provision at issue. Accordingly, Plaintiff, as third party beneficiary or assignee, is bound by the arbitration

provision contained in the Policy. See Interpool Ltd. v. Through Transport Mut. Ins. Ass'n Ltd., 635 F. Supp. 1503, 1504-05 (S.D. Fla. 1985).[3]

### III. PLAINTIFF HAS OFFERED NOTHING TO REBUT THE FACT THAT IT IS BOUND TO ARBITRATE ITS CLAIMS AGAINST LIBERTY MUTUAL ON EQUITABLE ESTOPPEL GROUNDS

Plaintiff's argument that Liberty Mutual is not entitled to seek arbitration by joining in CCN's Motion to Compel Arbitration because Liberty Mutual cannot claim third party beneficiary status as it did not enter a payor agreement with CCN misses the mark entirely. Liberty Mutual's argument with respect to the agreement between Plaintiff and CCN is neither contingent on Liberty Mutual claiming third-party beneficiary status to the agreement between Plaintiff and CCN, nor does it require Liberty Mutual to be a payor under the agreement between Plaintiff and CCN. Rather, Liberty Mutual's authority to compel arbitration on this ground is based on equitable estoppel grounds due to Plaintiff's reliance on the terms of his written

---

[3] In Section IV of his Response, Plaintiff appears to argue that no arbitration provision exists in the Policy. As noted in Liberty Mutual's Motion to Compel Arbitration on Additional Grounds, the Policy contained an arbitration provision which requires Plaintiff to arbitrate his claims against Liberty Mutual:

> **ARBITRATION**  If a provider of medical services or supplies has agreed to accept assignment of extended personal injury protection benefits: (1) Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code . . . . .

Policy at Extended Personal Injury Protection Coverage – Florida, § IV(D). Accordingly, it is beyond dispute that an arbitration provision did in fact exist between Liberty Mutual and its insured which binds Plaintiff as a third party beneficiary or assignee under the Policy.
    Plaintiff also appears to argue that Pinnacle precludes the application of the arbitration provision by the insurer against its insured and, therefore, Plaintiff, as assignee of Policy, can be in no worse position that the insured. As noted above, Pinnacle addressed the constitutionality of Fla. Stat. § 627.736 (5), not the enforceability or validity of the contractual arbitration provisions themselves. Therefore, this Court should reject Plaintiff's argument and hold Plaintiff bound to the arbitration provision between Liberty Mutual and its insured as an assignee thereof.

{M1827479;1}

agreement with CCN and his allegations of substantially interdependent and concerted misconduct by CCN and Liberty Mutual. See Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 756 (11th Cir. 1993); MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999). Here, Plaintiff's claims against Liberty Mutual presume the existence and require reference to his agreement with CCN, and Plaintiff has alleged a conspiracy between CCN and Liberty Mutual. Instead of addressing this argument head on, Plaintiff has chosen to focus on a third party beneficiary theory which Liberty Mutual has never argued. Accordingly, this Court should compel Plaintiff to arbitrate his claims against Liberty Mutual on the strength of the arbitration provision contained in Plaintiff's agreement with CCN.

## CONCLUSION

Plaintiff has not carried his burden of establishing waiver of Liberty Mutual's right to compel arbitration. Liberty Mutual's involvement in this litigation has been limited and has not significantly prejudiced Plaintiff. Moreover, Plaintiff is bound to arbitrate his claims based on the arbitration provision contained in the Policy between Liberty Mutual and its insured, which provision was not rendered invalid or unenforceable by Pinnacle. Finally, Plaintiff is bound to arbitrate his claims on the strength of the arbitration provision contained in the agreement between Plaintiff and CCN given Plaintiff's reliance on that agreement and his allegations of concerted misconduct between CCN and Liberty Mutual.

**WHEREFORE,** Defendant Liberty Mutual Insurance Company respectfully requests that the Court compel Plaintiff to arbitrate all claims against Liberty Mutual.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
MARK S. SHAPIRO
Florida Bar No.: 894631
mshapiro@akerman.com
ANTONIO D. MORIN
Florida Bar No.: 0187860
amorin@akerman.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this 9th day of August, 2002.

_____
Attorney

{MI827479;1}                                    9

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
### (Updated 5/21/02)

**Co-Lead Counsel for Class Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com

Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:
Allstate, Fidelity and Casualty, Continental, Deerbrook**
RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue
(32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

{MI827479;1}

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN SENTERFITT
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for: Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road,
Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

{MI827479;1}