IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-CIV-6061-FERGUSON/SNOW (Consolidated)
Referred to Magistrate Judge Snow

DR. PAUL ZIDEL, and all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

**DEFENDANT, ALLSTATE AND OTHERS'
MOTION TO SET STATUS CONFERENCE
OR, IN THE ALTERNATIVE, TO ENTER A REVISED
SCHEDULING ORDER REFLECTING APPROPRIATE
<u>RESOLUTION OF PENDING MOTIONS</u>**

Allstate Insurance Company, Allstate Indemnity Company, and Deerbrook Insurance Company (collectively referred to herein as "The Allstate Defendants"), and Fidelity and Casualty Company of New York and The Continental Insurance Company (collectively referred to herein as "CNA"), move this Honorable Court to set a time certain for a status conference on these consolidated proceedings or, in the alternative, request this Court to enter a revised scheduling order which provides for the appropriate resolution of all pending motions. In support of their motion, the Allstate Defendants and CNA state as follows:

    1.    A status conference involving all of the parties to these consolidated proceedings would be useful to the parties and the Court in order to coordinate future activity in these various consolidated cases in light of a number of significant events including:



    a)     this Court's Order vacating the July 31, 2002 deadline for class discovery and stating that a new scheduling order would issue;

    b)     this Court's Orders dismissing as moot certain of Class Plaintiffs' motions for class certification; and

    c)     this Court's Order consenting to the stipulation entered into between Class Plaintiffs and certain defendants, which relieves those defendants from, among other things, any participation in discovery until their arbitration issues have been fully and completely resolved.

2.     These events highlight a major area of concern, namely the appropriate manner for these <u>consolidated</u> proceedings to go forward.

3.     For example, each of the Allstate Defendants and CNA has its own arbitration issue, request for a stay, and motion for protective order pending before this Court, as do certain other defendants. As a result of the aforementioned Orders, there is no single, coordinated procedure in place for future proceedings. Different parties to different cases have different motions pending and different stays in effect. However, as result of the stipulation staying several of the cases, there is a lack of uniformity as to such pending motions and outstanding discovery which should be addressed.

4.     The Allstate Defendants and CNA would appreciate the opportunity to discuss these matters with the Court during a status conference in an attempt to avoid discovery proceeding with regard to the Allstate Defendants and CNA and/or those defendants who have not raised arbitration issues, which discovery will have to be repeated, at least in part, when the defendants subject to the stipulation re-enter the case.

5. In the alternative, the Allstate Defendants and CNA propose that any scheduling order entered by the Court provide for the orderly resolution of the following motions currently pending before the Court:

    a. Allstate Insurance Company (Zidel) has the following motions pending:

        1. Objections to the Magistrate's recommendation to deny CCN's Partially Unopposed Motion To Compel Arbitration (in which Allstate had previously joined);

        2. An Emergency Motion to Stay Proceedings in this Matter Pending Resolution of All Arbitration Issues and Proceedings; and

        3. An Emergency Motion for Protective Order relating to a stay of all discovery pending the outcome of all arbitration issues.

    b. Allstate Indemnity Company (Browner), Deerbrook Insurance Company (Ultra Open), and CNA (Ultra Open) each have the following motions pending:

        1. Motion To Compel Arbitration;

        2. An Emergency Motion to Stay Proceedings In This Matter Pending Resolution of Motion to Compel Arbitration, and

        3. An Emergency Motion For Protective Order relating to the stay of discovery pending resolution of the motion to compel arbitration.

    c. The Allstate Defendants and CNA all have a Motion to Dismiss the Class Plaintiffs' respective RICO claims pending before the Court.

6. By virtue of the stipulation this Court recently sanctioned, 7 of the 15 consolidated cases, involving 9 of 22 original defendants, are now stayed for all purposes pending the resolution of their arbitration issues. However, like the Allstate Defendants and

CNA, the following defendants are not subject to that stipulation: Liberty Mutual Insurance, Superior Ins. Co., Progressive American Ins. Co., Progressive Express Ins. Co., Progressive Consumers Ins. Co., Progessive Bayside Ins. Co., Beech Street Corporation, ADP Integrated Medical Solutions, Inc., and Community Care Network, Inc. Some of these defendants do and some do not have pending motions regarding arbitration and related stays. Absent a stay of all proceedings, and depending on how the Court decides to proceed with regard to the non-stipulating defendants, a maximum of 13 defendants (out of the 22 originally consolidated), and perhaps as few as a handful of those 13, will end up being the only defendants in this <u>consolidated</u> action that must proceed with discovery and class certification prior to the resolution of all arbitration issues.

7. The Allstate Defendants and CNA respectfully request that any scheduling order entered by this Court should first and foremost stay all proceedings in all consolidated cases pending resolution of all arbitration issues and proceedings raised by defendants in many of the cases, for the reasons set forth here and in Allstate Insurance Company's Emergency Motion to Stay. Such a stay would moot all other motions to stay and for protective orders filed by any of the consolidated defendants and would help to ensure that these consolidated proceedings move forward on a uniform basis, as Class Plaintiffs originally requested, rather than as a haphazard free for all.[1]

8. The Allstate Defendants and CNA respectfully request that subsequent to entering the foregoing stay, this Court then rule on Allstate Insurance Company's Objections to the Magistrate's recommendation (as well as the Objections of several other defendants) and Allstate

---

[1] Alternatively, if the Court decides not to stay the entire matter, the Allstate Defendants and CNA respectfully request that the Court enter the stays and protective orders sought in each of their individual cases.

Indemnity Company's, Deerbrook Insurance Company's and CNA's motions to compel arbitration (and any other motions to compel that are still pending).

9. Also, the Allstate Defendants and CNA respectfully request that this Court then rule simultaneously on the Allstate Defendants' and CNA's motion to dismiss Class Plaintiffs' respective RICO claims, assuming this Court decides that motion is not a proper subject for arbitration.

10. Finally, the Allstate Defendants and CNA respectfully request that the Court should, upon completion of all arbitration proceedings, revisit the scheduling order regarding subsequent proceedings, including class certification.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 9th day of August, 2002.

_____

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | Rumberger, Kirk & Caldwell |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate, Allstate Indemnity, Deerbrook, Fidelity and Casualty, CNA | Attorneys for Allstate, Allstate Indemnity, Deerbrook, Fidelity and Casualty, CNA |

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021

666804