UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.
_____/

**MARC J. BROWNER, D.C., individually and on
behalf of all others similarly situated,**

      **Plaintiff,**

v.

**ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,**

      **Defendants.**

      **Defendant/Third-Party Plaintiff,**

v.

**COMMUNITY CARE NETWORK, INC.
doing business as CCN,**

      **Third-Party Defendant**
_____/

**NIGHT BOX
FILED**

AUG 1 5 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

**Case No. 00-7163**

1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.
_____/

**MARC J. BROWNER, D.C., individually and on
behalf of all others similarly situated,**

      **Plaintiff,**

v.

**ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and**      Case No. 00-7163
**ADP INTEGRATED MEDICAL SOLUTIONS, INC.,**

      **Defendants.**

        **Defendant/Third-Party Plaintiff,**

v.

**COMMUNITY CARE NETWORK, INC.
doing business as CCN,**

        **Third-Party Defendant**
_____/

1

ULTRA OPEN MRI CORPORATION,
on behalf of itself and all others similarly
situated,

        Plaintiff,

vs.                            01-6777

DEERBROOK INSURANCE
COMPANY,

        Defendant.

_____/

**NIGHT BOX FILED**

AUG 1 5 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## MOTION OF CERTAIN PLAINTIFFS FOR CLASS CERTIFICATION AGAINST ALLSTATE DEFENDANTS DUE TO THEIR FAILURE TO APPEAR FOR DEPOSITIONS

NOW COME Plaintiffs, DR. PAUL ZIDEL, Dr. MARC J. BROWNER, and ULTRA

OPEN MRI CORP ("PLAINTIFFS") on behalf of themselves and all others similarly situated,

by their attorneys Lee & Amtzis, Gold & Coulson, a partnership of professional and limited

liability corporations, Phillips & Garcia, and Kopelman & Blankman, and state as follows

relative to the above matter:

### BACKGROUND OF PRIOR COURT ORDERS AS TO DEPOSITIONS

On September 28, 2001, the Honorable Judge Wilkie Ferguson entered Exhibit 1, an

Order containing the following language:

> "Motions to stay are lifted and the parties shall proceed with discovery in accordance
> with this order granting the consolidation of the causes."

Within 30 days of this order, On October 23, 2001, Plaintiffs served attached Exhibit 2,  a Notice

of Deposition requesting the 30(b)(6) witnesses of Allstate Insurance Company, Allstate

Indemnity Company, and Deerbrook Insurance Company ("ALLSTATE DEFENDANTS") to

appear for depositions on November 27, 2001, November 28, 2001 and November 28, 2001,

respectively. The ALLSTATE DEFENDANTS did not appear for depositions on those dates.

This led to Plaintiffs' first Motion for Sanctions attached as Exhibit 3. Thereafter, Plaintiffs

continued in their attempts to force the ALLSTATE DEFENDANTS to engage in discovery.

And then, on May 13, 2002, Judge Ferguson entered an Order, attached as Exhibit 4, stating

"discovery is limited to class certification and shall be completed by July 31, 2002." Eight days

later, on May 21, 2002, Judge Ferguson further ordered (attached Exhibit 5):

> "This Court's Order of May 13, 2001 requires that all parties in this consolidated
> proceeding take part in and conclude class certification discovery by July 31, 2002."

Armed with these two orders, 13 days later, on June 3, 2002, Plaintiffs served yet another Notice

of Deposition for the 30(b)(6) witnesses of Allstate Insurance Company, Allstate Indemnity

Company, and Deerbrook Insurance Company. These depositions were noticed for July 10, 2002

(exhibit 6 attached). Again, the ALLSTATE DEFENDANTS did not appear. Instead, the

ALLSTATE DEFENDANTS circumvented this Court and Judge Ferguson by filing an

emergency motion in the 11th Circuit Court of Appeals to avoid the depositions. The ALLSTATE

DEFENDANTS failed. On July 23, 2002, the 11th Circuit Court of Appeals denied their

motion. A copy of that Order is attached as Exhibit 7.

## ATTEMPTS AT RESOLUTION PURSUANT TO LOCAL RULE 26.1.

On 7/24/02, the day following the 11th Circuit's denial of Allstate's Emergency Motion to

Stay, Arthur S. Gold, one of the attorneys for Plaintiffs, sent an e-mail to attorneys for the

ALLSTATE DEFENDANTS. In light of the 11th Circuit's ruling, he suggested that the 30(b)(6) witnesses of these three Defendants, previously noticed, now be deposed on August 19, 2002 and August 20, 2002. The ALLSTATE DEFENDANTS did not respond to Mr. Gold's 7/24/02 e-mail. Thus, on 8/5/02, Mr. Gold phoned Mr. Peter Valeta, one of the attorneys for these three Defendants, to determine whether or not the dates of August 19, 2002, and August 20, 2002 were convenient for the Allstate witnesses. In that phone conversation, Mr. Valeta stated that he would not be setting any depositions "in light of the flurry of Orders". He told Mr. Gold he "wants the dust to settle." To further memorialize his desire to have the "dust ... settle" Mr. Valeta sent an e-mail on August 5, 2002 stating that Allstate was "not willing to set any deposition dates."

## NECESSITY FOR SEVERE SANCTIONS.

It is obvious that the ALLSTATE DEFENDANTS engage in the infamous "3-Ds" of the insurance industry. Deny. Don't pay. Delay. The arrogance and contumacious conduct of the ALLSTATE DEFENDANTS has been well documented. But federal courts take seriously their duty to prevent violations of discovery rules and orders and unhesitatingly impose strong sanctions where necessary. As stated in attached Exhibit 3:

"In United States v. One Lot of U.S. Currency, 628 F. Supp. 1473 (S.D. Fla. 1986), this Court dismissed a claim where a party failed to appear for deposition. As the Court stated:

Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice. No prior court order is required for Rule 37(d) sanctions. Although courts frequently enter an order compelling discovery before entering sanctions, Rule 37(d) authorizes sanctions without violation of a prior court order.

4

. . .

> Because claimant's total failure to appear for deposition is willful
> and indicative of an irresponsible attitude towards its discovery
> obligations, this Court has the discretion to impose harsh
> sanctions, such as striking the claim or entering default judgment.

Id. at 1476 - 1477 (citing Sigliano v. Mendoza, 642 F.2d 309 (9th Cir. 1981);
Dorey v. Dorey, 609 F.2d 1128 (5th Cir. 1980) (discovery sanctions may be
imposed without a prior violation of a court order when a party fails to appear
for deposition); National Hockey League v. Metropolitan Hockey Club, Inc.,
477 U.S. 639 (1976); Properties International Limited v. Turner, 706 F.2d 308
(11th Cir. 1983)). 'Rule 37 sanctions must be applied diligently . . . . to
penalize those whose conduct may be deemed to warrant such a sanction . . .'
Id. at 1477 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980))."

Allstate's outright refusal to attend or schedule depositions clearly violates the Federal

Rules of Civil Procedure, two Orders signed by Judge Ferguson and one Order entered by the

11th Circuit Court of Appeals. A meaningful sanction is required. Otherwise, the ALLSTATE

DEFENDANTS will have succeeded in their strategy to thwart progress in this litigation.

## CONCLUSION

Plaintiffs request that this Court exercise its inherent power and grant Plaintiffs'

pending class certification motions. Such a sanction is appropriate as Judge Ferguson ordered

(twice) discovery to proceed on class certification and the 11th Circuit denied the attempt by the

ALLSTATE DEFENDANTS to reverse Judge Ferguson's orders. And yet, the ALLSTATE

DEFENDANTS continue to stonewall. A mere contempt finding is inadequate. An award of

attorneys' fees is meaningless. Instead, the following classes should be certified: in Case No. 00-

6061, designating Dr. Paul Zidel as class representative;

all Florida healthcare providers whose bills for medical services rendered to patients

covered by ALLSTATE's personal injury protection automobile insurance policies were discounted by ALLSTATE based upon a purported CCN reduction pursuant to a signed CCN Agreement with a sub-class of all Florida healthcare providers whose bills for medical services rendered to patients covered by ALLSTATE's personal injury protection automobile insurance polices were discounted by ALLSTATE based upon a purported CCN reduction at a time when no CCN agreement was in effect with these Florida healthcare providers,

in Case No.00-7163 designating Dr. Marc J. Browner as class representative;

all Florida healthcare providers whose bills for medical services rendered to patients covered by Allstate automobile insurance policies were discounted by Allstate allegedly pursuant to a Beech Street Preferred Provider Agreement dated 4/99 (or that defines "Eligible Persons" and "Payors" as set out in the 4/99 Beech Street Preferred Provider Agreement and whose patients began treatment with said healthcare providers prior to Allstate's agreement with Beech Street and/or ADP for access to the Beech Street Preferred Provider discounts,

and, finally, in Case No. 01-6777 designating Ultra Open MRI Corp. as class representative;

all Florida healthcare providers whose bills for medical services rendered to patients covered by DEERBROOK's automobile insurance policies were discounted by DEERBROOK based upon a purported Beech Street Preferred Provider Organization reduction.

Plaintiff also requests that the following attorneys be appointed class counsel for these three classes:

LEE & AMTZIS
Attorney at Law
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
Suite 2500
Chicago, Illinois 60603

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394

Respectfully submitted,

GOLD & COULSON

By: _____
ARTHUR S. GOLD

**Co-Counsel for Plaintiff**
LEE & AMTZIS
Attorney at Law
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 1611
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

OCT - 3 2001

DR. PAUL ZIDEL, on behalf of himself ans
all others similarly situated,

     Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

     Defendants.

_____/

Case No. 00-6061-CIV-FERGUSON

FILED by _____ D.C.

SEP 28 200.

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

     Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

     Defendants.

_____/

Case No. 00-6649-CIV-FERGUSON

MARC J. BROWNER, D.C., individually and on behalf of all others similarly situated,

      Plaintiffs,

vs.

ALLSTATE INDEMNITY COMPANY, BEECH STREET CORPORATION, and A D P   I N T E G R A T E D   M E D I C A L SOLUTIONS, INC.,

      Defendants.

_____/

Case No. 00-7163-CIV-FERGUSON


SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,

      Plaintiffs,

vs.

LIBERTY MUTUAL INSURANCE COMPANY and COMMUNITY CARE NETWORK, INC.,

      Defendants.

_____/

Case No. 00-7692-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

     Defendant.
_____/

Case No. 01-6776-CIV-FERGUSON


ULTRA OPEN MRI CORPORATION, on
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

DEERBROOK INSURANCE COMPANY,

     Defendant.
_____/

Case No. 01-6777-CIV-FERGUSON


ULTRA OPEN MRI CORPORATION, on
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

PRUDENTIAL   PROPERTY   AND
CASUALTY INSURANCE COMPANY,

     Defendant.
_____/

Case No. 01-6778-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and THE CONTINENTAL INSURANCE COMPANY,

      Defendants.
_____/

Case No. 01-6779-CIV-FERGUSON


ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

INTEGON NATIONAL INSURANCE COMPANY and INTEGON GENERAL INSURANCE COMPANY,

      Defendants.
_____/

Case No. 01-6780-CIV-FERGUSON


THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

SUPERIOR INSURANCE COMPANY,

      Defendant.
_____/

Case No. 01-6782-CIV-FERGUSON

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated,

     Plaintiffs,

vs.

METROPOLITAN CASUALTY INSURANCE COMPANY,

     Defendant.

_____/

Case No. 01-6783-CIV-FERGUSON

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,

     Plaintiffs,

vs.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

     Defendant.

_____/

Case No. 01-8108-CIV-FERGUSON

SALVATORE LARUSSO D.C. d/b/a                  Case No. 01-8110-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

     Plaintiffs,

vs.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

     Defendant.
_____/


SALVATORE D. LARUSSO, D.C. d/b/a              Case No. 01-8111-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

     Plaintiffs,

vs.

ITT HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

     Defendant.
_____/

MOTE WELLNESS & REHAB, INC., on behalf of itself and all others similarly situated,

       Plaintiffs,

vs.

AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

       Defendants.
_____/

Case No. 01-8549-CIV-FERGUSON

OCT - 3 2001

## OMNIBUS ORDER ON PENDING MOTIONS

     **THIS CAUSE** is before the Court on various pending motions. Having duly considered the motions and pertinent portions of the record and having heard oral argument, it is

     **ORDERED AND ADJUDGED** that the

1.    Motions to Consolidate [00-6649, D.E. #107; 00-7163, D.E. #68; 00-7692, D.E.# 31; 01-8108, D.E. #4; 01-8110, D.E. #5; 01-8111, D.E. # 5] are **GRANTED** for discovery purposes except any party may move for a protective order precluding or limiting the production of any matters which in good faith it deems confidential. **Accordingly, the parties shall file all pleadings under case number 00-CIV-6061-FERGUSON/SNOW.**

2.    Motions to Stay are lifted and the parties shall proceed with discovery in accordance with this Order granting the consolidation of the causes.

3.    Motions to Dismiss [00-6061, D.E. #108; 00-6649, D.E. #25, #30, #31; 00-7163, D.E. #16, #36; 00-7692, D.E. # 23] are **DENIED** except as to the Counts in the relevant Complaints

which raise a Lanham Act issue. The Lanham Act "prohibit[s] any person, in connection with any goods or services, from using in commerce any word, term, name, symbol, or device or any combination thereof, . . . or any false or misleading description . . . or representation of fact, . . . in commercial advertising or promotion, [which] misrepresents the nature, characteristics, [or] qualities. . .of his or her or another person's goods, services, or commercial activities." 15 U.S.C. §1125. None of the Plaintiffs' claim damages based on a product of the Defendants which unfairly competes with their product in violation of trademark law. Besides, there was no advertising or false statements. The Defendants simply acted pursuant to an alleged fraudulent agreement. Accordingly, all Lanham Act counts in the relevant Complaints are dismissed.

4.    Motions to Amend the Scheduling Order [00-6061, D.E. #119, #123; 00-6649, D.E. #98; 00-7163, D.E. # 60] are **GRANTED**. Accordingly, an amended Order regarding the trial date and pre-trial deadlines shall be entered separately.

5.    Unopposed Motion for Protective Order [00-6649, #88] is **GRANTED**.

6.    Unopposed Motion for Enlargement of Time to Respond to the Complaint [00-7692, D.E. # 11] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this ___ day of September, 2001.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Lurana Snow, United States Magistrate Judge
William Deem, Esq.

Eric Lee, Esq.
Arthur Gold, Esq.
Andrew Garcia, Esq.
Larry Kopelman, Esq.
Susan Lawson, Esq.
Richard Bokor, Esq.
Casey Fundaro, Esq.
David Shelton, Esq.
Peter Valeta, Esq.
Thomas Tew, Esq.
Francis Anania, Esq.
Katherine Lake, Esq.
James Haggerty, Esq.
Gregory Baldwin, Esq.
Mark Shapiro, Esq.
Marcy Aldrich, Esq.
John Aldock, Esq.
Kathy Johnson, Esq.
Alan Nisburg, Esq.
Dale Friedman, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

## NOTICE OF TAKING CORPORATE DEPOSITIONS

TO:    ALL COUNSEL ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that the undersigned attorneys will take the depositions of the corporate representatives designated under Federal Rule of Civil Procedure 30(b)(6) with the most knowledge of:

1.    The Defendant's solicitation by, discussions with, and agreements with any PPO;

2.    The Defendant's payment of personal injury protection benefits claims at reduced or preferred provider rates;

3.    The Defendant's automobile insurance policies;

4.    The processing of personal injury protection benefits claims at reduced or preferred provider rates;

5.    Any negotiations or discussions with health care providers, insurance companies, or preferred provider organizations relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

6.    Any agreements the Defendant entered into with health care providers relating to the payment of personal injury benefits claims at reduced or preferred provider rates.

7091-00100 335626.1



CASE NO. 00-6061-CIV-FERGUSON/SNOW

The information sought is limited to payments made under Florida Automobile Insurance policies.

| NAME: | DATE AND TIME: | PLACE |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | 11/27/01 9:00 a.m. | Gold & Coulson<br>11 S. LaSalle Street<br>Suite 2500<br>Chicago, IL 60603 |
| ALLSTATE INDEMNITY COMPANY | 11/28/01 9:00 a.m. | Gold & Coulson<br>11 S. LaSalle Street<br>Suite 2500<br>Chicago, IL 60603 |
| COMMUNITY CARE NETWORK, INC. | 1/17/02 10:00 a.m. | Veritext California<br>402 West Broadway<br>4th Floor<br>San Diego, CA 92101 |
| PROGRESSIVE EXPRESS<br>INSURANCE COMPANY | 12/12/01 10:00 a.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |
| PROGRESSIVE CONSUMERS<br>INSURANCE COMPANY | 12/12/01 2:00 p.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |
| PROGRESSIVE BAYSIDE<br>INSURANCE COMPANY | 12/13/01 10:00 a.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |



CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | | |
|---|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY | 12/13/01 2:00 p.m. | Michael Musetta & Assoc. 1 Tampa City Circle 201 N. Franklin Street Suite 2880 Tampa, FL 33602 |
| BEECH STREET CORPORATION | 1/22/02 9:00 a.m. | Veritext California 3090 Bristol Street Suite 190 Costa Mesa, CA |
| ADP INTEGRATED MEDICAL SOLUTIONS, INC. | 1/16/02 9:00 a.m. | Lee & Amtzis, P.A. 260 Christopher Lane Staten Island, New York 10314 |
| LIBERTY MUTUAL INSURANCE COMPANY | 11/16/01 10:00 a.m. | Phillips & Garcia 13 Ventura Drive North Darthmouth, MA 02747 |
| DEERBROOK INSURANCE COMPANY | 11/28/01 1:00 p.m. | Gold & Coulson 11 S. LaSalle Street Suite 2500 Chicago, IL 60603 |
| PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY | 1/9/02 10:00 a.m. | Lee & Amtzis, P.A. 260 Christopher Lane Staten Island, New York 10314 |
| FIDELITY AND CASUALTY COMPANY OF NEW YORK | 1/10/02 10:00 a.m. | Lee & Amtzis, P.A. 260 Christopher Lane Staten Island, New York 10314 |
| THE CONTINENTAL INSURANCE COMPANY | 1/11/02 10:00 a.m. | Lee & Amtzis, P.A. 260 Christopher Lane Staten Island, New York 10314 |
| INTEGON NATIONAL COMPANY | 12/4/01 11:00 a.m. | Spherion Court Reporting 200 West 2nd Street Winston Salem, NC 27101 |

7091-00100 335626.1

3



CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | | |
|---|---|---|
| INTEGON GENERAL<br>INSURANCE COMPANY | 12/4/01 11:00 a.m. | Spherion Court Reporting<br>200 West 2nd Street<br>Winston Salem, NC 27101 |
| SUPERIOR INSURANCE<br>COMPANY | 12/20/01 10:00 a.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |
| METROPOLITAN CASUALTY<br>INSURANCE COMPANY | 12/10/01 10:00 a.m. | Reporting Associates<br>10 Dorrance Street<br>Suite 220<br>Providence, RI 02903 |
| NATIONWIDE MUTUAL<br>INSURANCE COMPANY | 12/19/01 10:00 a.m. | Armstrong & Okey, Inc.<br>326 South High Street<br>Annex<br>Columbus, OH 43215 |
| FLORIDA FARM BUREAU<br>INSURANCE COMPANY | 11/19/01 9:00 a.m. | Van Landingham,<br>Durscher, et al.<br>201 S.E. 2nd Avenue<br>Gainesville, FL 32601 |
| HARTFORD INSURANCE<br>INSURANCE COMPANY<br>OF THE MIDWEST | 12/5/01 10:00 a.m. | Cunningham Group<br>Reporting<br>111 Gillett Street<br>Hartford, CT 06105 |
| AMERICAN INTERNATIONAL<br>INSURANCE COMPANY | 1/5/02 9:00 a.m. | Lee & Amtzis, P.A.<br>260 Christopher Lane<br>Staten Island, New York 10314 |
| AMERICAN INTERNATIONAL<br>SOUTH INSURANCE COMPANY | 1/5/02 2:00 p.m. | Lee & Amtzis, P.A.<br>260 Christopher Lane<br>Staten Island, New York 10314 |

upon oral examination before a court reporter, notary public, or any other officer authorized by law to take depositions.

7091-00100 335626.1

4



CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 763-1200
(954) 766-7800 Facsimile

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

7091-00100 335626.1

5

ATLAS PEARLMAN
ATTORNEYS AT LAW

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this _23rd_ day of October, 2001 upon: all individuals on the attached service list.

ERIC/LEE



**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 10/19/01)

<u>Co-Lead Counsel for Plaintiffs</u>

ATLAS PEARLMAN, P.A.
Eric Lee, Esq.
lee@atlaslaw.com
Jan Douglas Atlas, Esq.
atlas@atlaslaw.com
Robin Corwin Campbell, Esq.
campbell@atlaslaw.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7800 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

<u>Co-Counsel for Plaintiffs</u>

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
1100 5th Avenue S., Suite 201
Naples, FL 34102-6407
(941) 435-7995

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile



**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
William E. Adams, Esq.
badams@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

ATLAS PEARLMAN
ATTORNEYS AT LAW

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Hartford**

MAYER, BROWN & PLATT
Howard J. Roin, Esq.
hroin@mayerbrown.com
190 South LaSalle Street
Chicago, IL, 60603-3441
(312) 782-0600
(312) 701-7711 Facsimile

**Counsel for Superior**

BUTLER BURNETT PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETT PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lola M. Swaby, Esq.
lswaby@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Jeffrey M. Klein, Esq.
Jklein@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS
& ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

## CLASS PLAINTIFFS' MOTION TO COMPEL ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY AND DEERBROOK INSURANCE COMPANY TO ATTEND DEPOSITIONS AND FOR SANCTIONS

PLEASE TAKE NOTICE that Class Plaintiffs DR. PAUL ZIDEL, MARC J. BROWNER, D.C., and ULTRA OPEN MRI CORPORATION, on behalf of themselves and all others similarly situated ("Class Plaintiffs"), by their undersigned counsel, shall move this Court for the entry of an Order compelling Defendants ALLSTATE INSURANCE COMPANY ("ALLSTATE INSURANCE"), ALLSTATE INDEMNITY COMPANY ("ALLSTATE INDEMNITY") and DEERBROOK INSURANCE COMPANY ("DEERBROOK") (collectively, the "ALLSTATE Defendants") to attend depositions and for sanctions. For all the reasons set forth herein, Class Plaintiffs respectfully submit that the ALLSTATE Defendants should be compelled to attend depositions and sanctions should be entered against the ALLSTATE Defendants.

7090-00100 339271.1

CASE NO. 00-6061-CIV-FERGUSON/SNOW

## ARGUMENT

On October 23, 2001, the Class Plaintiffs served a Notice of Taking Corporate Depositions on the ALLSTATE Defendants and a Notice of Taking Depositions of individuals having specific knowledge of the claims asserted in this action. Class Plaintiffs scheduled the corporate representative depositions to take place on November 27 and 28, 2001, at the office of Class Plaintiffs' co-counsel in Chicago, Illinois, located approximately four blocks from the ALLSTATE Defendants' Chicago counsel, Ross & Hardies, and twenty miles from the ALLSTATE Defendants' corporate headquarters in Northbrook, Illinois. The ALLSTATE Defendants filed a Motion for Protective Order and Stay of Discovery (D. E. # 263). This Court did not grant the Motion for Protective Order prior to November 27, 2001. Class counsel attempted to proceed with the depositions as scheduled. Class Plaintiffs' attorney in Chicago, Illinois, Arthur S. Gold, Esq. ("GOLD"), called the ALLSTATE Defendants' attorney, David Shelton, Esq. ("SHELTON") on November 20, 2001. GOLD attempted to resolve discovery disputes and determine whether the ALLSTATE Defendants would appear on November 27 and 28, 2001. GOLD left voice messages on SHELTON's voice mail. SHELTON never returned the calls of GOLD. SHELTON advised by e-mail on November 21, 2001, at 4:50 p.m. that the ALLSTATE Defendants would not be appearing. The ALLSTATE Defendants did not appear at the depositions scheduled on November 27 and 28, 2001.

As this Court knows by now, the Class Plaintiffs' attempts at proceeding with discovery in this consolidated action have been met with nothing but utter contempt by the Defendants, including the ALLSTATE Defendants. In response to the Class Plaintiffs' discovery efforts, the various Defendants have filed motions seeking clarification, reaffirmation, reconsideration, to stay all

CASE NO. 00-6061-CIV-FERGUSON/SNOW

proceedings, to stay all discovery, to stay merits discovery, and in the instance of the November 27

and 28 depositions, a Motion for Protective Order.  Prior to serving the deposition notices, class

counsel attempted to coordinate with the ALLSTATE Defendants and the other Defendants in

choosing acceptable dates for the depositions.  The ALLSTATE Defendants refused to cooperate.

There is no basis to permit the ALLSTATE Defendants to avoid discovery.  ALLSTATE

INSURANCE and ALLSTATE INDEMNITY are Defendants in the original actions filed in these

proceedings.  This Court denied their Motions to Dismiss.  This Court rejected their opposition to

the consolidation of the cases.  This Court specifically lifted the discovery stays at the hearing on

May 14, 2001 and in the September 28, 2001 Omnibus Order.  Yet, rather than cooperate to resolve

the discovery issues and provide dates for the depositions, the ALLSTATE Defendants continually

refused to provide dates for depositions.  The ALLSTATE Defendants did not attend the November

27 and 28, 2001 depositions.  The ALLSTATE Defendants' conduct in refusing to appear at the

November 27 and 28, 2001 depositions, in the absence of a protective order, is clearly inappropriate

and its interference with discovery should be severely dealt with by this Court.

The absence of resolution on a motion for protective order does not eliminate the duty to

appear at a deposition.  Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979).  As the former Fifth

Circuit stated:

> Rule 30(b) places the burden on the proposed deponent to get an order, not just to
>
> make a motion.  And if there is not time to have his motion heard, the least that he
>
> can be expected to do is to get an order postponing the time of the deposition until
>
> his motion can be heard.  He might also appear and seek to adjourn the deposition

CASE NO. 00-6061-CIV-FERGUSON/SNOW

until an order can be obtained.  But unless he has obtained a court order that

postpones or dispenses with his duty to appear, that duty remains.

Id. at 613 (emphasis added) (quoting Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257, 269

(9th Cir. 1964).  Additionally, as one court recently stated:

> When it appears that a Court is not going to be able to decide a motion to quash or
> a motion for protective order before the date set for a deposition, counsel for the
> movant should contact counsel for the party noticing the deposition and attempt to
> reach an agreement staying the deposition until after the Court acts on the motion to
> quash and/or the motion for protective order.  If agreement cannot be reached, it is
> incumbent on counsel for the movant to file a motion to stay the deposition until the
> Court acts on the motion to quash and/or a protective order and to alert the clerk
> to the need for immediate action on the motion to stay.

Goodwin v. City of Boston, 118 F.R.D. 297, 298 (D. Mass. 1988).

In United States v. One Lot of U.S. Currency, 628 F. Supp. 1473 (S.D. Fla. 1986), this Court

dismissed a claim where a party failed to appear for deposition.  As the Court stated:

> Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions,
> including dismissal, for a complete failure to appear for a deposition after being
> served with notice.  No prior court order is required for Rule 37(d) sanctions.
> Although courts frequently enter an order compelling discovery before entering
> sanctions, Rule 37(d) authorizes sanctions without violation of a prior court order.
>
> . . .
>
> Because claimant's total failure to appear for deposition is willful and indicative of
> an irresponsible attitude towards its discovery obligations, this Court has the
> discretion to impose harsh sanctions, such as striking the claim or entering default
> judgment.

Id. at 1476 - 1477 (citing Sigliano v. Mendoza, 642 F.2d 309 (9th Cir. 1981); Dorey v. Dorey, 609

F.2d 1128 (5th Cir. 1980) (discovery sanctions may be imposed without a prior violation of a court

order when a party fails to appear for deposition); National Hockey League v. Metropolitan Hockey

Club, Inc., 477 U.S. 639 (1976); Properties International Limited v. Turner, 706 F.2d 308 (11th Cir.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

1983)). "Rule 37 sanctions must be applied diligently . . . . to penalize those whose conduct may

be deemed to warrant such a sanction . . . ." Id. at 1477 (citing Roadway Express, Inc. v. Piper, 447

U.S. 752, 764 (1980). The Local Rules of this Court specifically condemn the ALLSTATE

Defendants' conduct. Apendix A, Section VI(B) provides:

> In addition to the procedures and guidelines governing the filing of motions for a protective order, counsel should be aware that the mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the discovery requested or scheduled. For example, a motion for protective order will not prevent a deposition from occurring; only a court order granting the motion will accomplish this.

(emphasis added).

Sanctions are appropriate in this matter. This is not ALLSTATE's first refusal to attend

depositions in these proceedings. ZIDEL scheduled depositions to take place in Chicago, Illinois

on December 5-7, 2000. On or about December 20, 2000, ZIDEL re-noticed the depositions

scheduling the depositions for January 16-18, 2001, at ALLSTATE's principal place of business,

Chicago, Illinois. ALLSTATE failed to attend the properly schedule depositions. Due to

ALLSTATE's failure to attend the depositions, ZIDEL was forced to file a motion to compel. Thus,

this Court entered an Order staying discovery. However, the fact remains that ALLSTATE

previously failed to attend depositions despite the fact that there was no order staying discovery and

no protective order entered. The Omnibus Order specifically lifted all discovery stays. This Court's

September 28, 2001 trial order specifically orders that discovery will not be stayed. The

ALLSTATE Defendants' outright refusal to attend the scheduled depositions clearly violates the

Federal Rules of Civil Procedure, this Court's Local Rules, the Omnibus Order and this Court's Trial

Order. The ALLSTATE Defendants have unilaterally and indefinitely postponed the depositions

CASE NO. 00-6061-CIV-FERGUSON/SNOW

without any authority from the Court and in disregard for this Court's Orders specifically indicating that discovery would not be stayed. In addition, ALLSTATE INSURANCE's pattern of contumacious disregard for this Court's Orders should be severely dealt with by this Court. ALLSTATE INSURANCE has demonstrated an irresponsible attitude towards its discovery obligations and this Court has the discretion to impose harsh sanctions One Lot, 628 F. Supp. at 1477.

## CONCLUSION

For all the reasons set forth herein, Class Plaintiffs DR. PAUL ZIDEL, MARC J. BROWNER, D.C., and ULTRA OPEN MRI CORPORATION on behalf of themselves and all others similarly situated, respectfully request that this Court enter an Order compelling Defendants ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and DEERBROOK INSURANCE COMPANY to attend the previously scheduled depositions, imposing sanctions against the ALLSTATE Defendants by striking the ALLSTATE Defendants' pleadings or by barring the ALLSTATE Defendants from presenting any witnesses at the trial of this matter, awarding attorneys' fees and costs incurred in filing this Motion, and awarding such other and further relief as this Court may deem just and proper.

CASE NO. 00-6061-CIV-FERGUSON/SNOW

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this _____ day of November, 2001 upon: all individuals on the attached service list.


_____
ERIC LEE

CASE NO. 00-6061-CIV-FERGUSON/SNOW

Respectfully submitted,

ATLAS PEARLMAN, P.A.
Co-Counsel for Class Plaintiffs
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200
(954) 766-7600 Facsimile

By:_____
    JAN DOUGLAS ATLAS
    Florida Bar No. 226246


By:_____
    ERIC LEE
    Florida Bar No. 961299


By:_____
    ROBIN CORWIN CAMPBELL
    Florida Bar No. 327931

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of          CONSOLIDATED CASE NO. 00-6061-
himself and others similarly          CIV-FERGUSON/SNOW
situated,

    Plaintiffs,

v.



ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.

_____

KEITH BRICKELL, D.C., individually          00-6649
and on behalf of himself and others
similarly situated,

    Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

    Defendants.

_____

MARC J. BROWNER, D.C., individually                    00-7163
and on behalf of himself and others
similarly situated,

      Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

      Defendants.

_____

SALVATORE D. LARUSSO, D.C., d/b/a                      00-7692
Family Chiropractic Center, on behalf
of himself and others similarly situated,

      Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE and
COMMUNITY CARE NETWORK, INC.,

      Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf                  01-6776
of itself and others similarly situated,

      Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

      Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                01-6777
of itself and others similarly situated,

    Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

    Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                01-6778
of itself and others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                01-6779
of itself and others similarly situated,

    Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

    Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf                01-6780
of itself and others similarly situated,

    Plaintiffs,

v.

INTEGON NATIONAL INSURANCE COMPANY and
INTEGON GENERAL INSURANCE COMPANY,

    Defendants.

_____

CHIROPRACTIC CENTRE, INC., on behalf                    01-6782
of itself and others similarly situated,

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendants.

---

CHIROPRACTIC CENTRE, INC., on behalf                    01-6783
of itself and others similarly situated,

    Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                        01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

    Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                        01-8110
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

    Defendant.

---

-4-

SALVATORE D. LARUSSO, D.C., d/b/a                      01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

_____

DR. ANDREW ELLOWITZ, et al., on behalf                 01-8549
of himself and all others similarly situated,

    Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

    Defendants.

_____

### ORDER STAYING CAUSES PENDING RULING ON MOTIONS FOR CLASS CERTIFICATION AND TO COMPEL ARBITRATION AND LIMITING DISCOVERY TO CLASS CERTIFICATION

    **THIS CAUSE** was before the Court on the status conference hearing of January 25, 2002.

    Having considered the motions, pertinent portions of the record and argument of counsel, it is

    **ORDERED AND ADJUDGED** that the above referenced causes are **STAYED** in part until an order on the motions for class certification and to compel arbitration is entered. Further, discovery is limited to class certification and shall be completed by July 31, 2002.

-5-

DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida, this _13TH_ day of May, 2002.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
all counsel of record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

      Third-Party Defendant.

CONSOLIDATED CASE NO. 00-6061-
CIV-FERGUSON/SNOW



FILED by _____ D.C.

MAY 21 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

_____

KEITH BRICKELL, D.C., individually
and on behalf of himself and others
similarly situated,

      Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

      Defendants.

00-6649

_____

MARC J. BROWNER, D.C., individually                    00-7163
and on behalf of himself and others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

    Defendants.

---

SALVATORE D. LARUSSO, D.C., d/b/a                      00-7692
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.
LIBERTY MUTUAL INSURANCE and
COMMUNITY CARE NETWORK, INC.,

    Defendants.

---

ULTRA OPEN MRI CORPORATION, on behalf                  01-6776
of itself and others similarly situated,

    Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

    Defendant.

---

-2-

ULTRA OPEN MRI CORPORATION, on behalf
of itself and others similarly situated,                      01-6777

     Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

     Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf                         01-6778
of itself and others similarly situated,

     Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

     Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf                         01-6779
of itself and others similarly situated,

     Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

     Defendants.

---

ULTRA OPEN MRI CORPORATION, on behalf                         01-6780
of itself and others similarly situated,

     Plaintiffs,

v.

INTEGON NATIONAL INSURANCE COMPANY and
INTEGON GENERAL INSURANCE COMPANY,

     Defendants.

---

CHIROPRACTIC CENTRE, INC., on behalf           01-6782
of itself and others similarly situated,

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendants.

_____

CHIROPRACTIC CENTRE, INC., on behalf           01-6783
of itself and others similarly situated,

    Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

_____

SALVATORE D. LARUSSO, D.C., d/b/a              01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

    Defendant.

_____

SALVATORE D. LARUSSO, D.C., d/b/a              01-8110
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

    Defendant.

_____

-4-

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

_____

DR. ANDREW ELLOWITZ, et al., on behalf               01-8549
of himself and all others similarly situated,

    Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

    Defendants.

_____

## ORDER ON CLASS PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION

THIS CAUSE is before the Court on the Class Plaintiffs' Emergency Motion for Clarification of May 13, 2002 Order dated May 21, 2002. Having considered the motion and pertinent portions of the record, it is

ORDERED AND ADJUDGED that the emergency motion is GRANTED. This Court's Order of May 13, 2002, requires that all parties in these consolidated proceedings take part and conclude class certification discovery by July 31, 2002. Further defendants, as agreed, shall submit a proposed two-tiered confidentiality order within fifteen (15) days from the date of this Order.

-5-

DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida, this $\underline{21}$ day of May, 2002.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
all counsel of record

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.
HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

_____

DR. ANDREW ELLOWITZ, et al., on behalf              01-8549
of himself and all others similarly situated,

    Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

    Defendants.

_____



RECEIVED
MAY 2 4 2002
Orlando Law Offices of
Rumberger, Kirk & Caldwell
Professional Association

## ORDER ON CLASS PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION

    **THIS CAUSE** is before the Court on the Class Plaintiffs' Emergency Motion for Clarification of May 13, 2002 Order dated May 21, 2002. Having considered the motion and pertinent portions of the record, it is

    **ORDERED AND ADJUDGED** that the emergency motion is **GRANTED**. This Court's Order of May 13, 2002, requires that all parties in these consolidated proceedings take part and conclude class certification discovery by July 31, 2002. Further defendants, as agreed, shall submit a proposed two-tiered confidentiality order within fifteen (15) days from the date of this Order.

POSTED 6/5
6/4

DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida, this _21st_ day of May,

2002.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
all counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

**NOTICE OF TAKING RULE 30(b)(6) DEPOSITIONS OF CORPORATE**
**REPRESENTATIVES ON CLASS DISCOVERY ISSUES**

TO:    ALL COUNSEL ON THE ATTACHED SERVICE LIST

      PLEASE TAKE NOTICE that the undersigned attorneys will take the depositions of the

corporate representatives designated under Federal Rule of Civil Procedure 30(b)(6) with the most

knowledge of:

1.      PIP claim document retention policies of Florida PIP claims.

2.      Computerized database information relating to Florida PIP claims.

3.      The ability to generate, create, or run reports of PPO reductions applied to healthcare

      provider bills with relation to Florida PIP claims.

4.      The ability to generate, create, or run reports for specific information relating to PPO

      reductions applied to Florida PPI claims.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

5. The policies, procedures, and practices for processing PIP claims in Florida when PPO discounts are applied.

6. All facts which you intend to utilize in opposition to Class Plaintiff's Motion for Class Certification.

7. The number, geographic area, and status of claims, complaints, and demands against you relating to PPO reductions in Florida. The information sought is limited to payments made under Florida Automobile Insurance policies.

| NAME | DATE AND TIME | PLACE |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | 07/10/02 9:00 a.m. | Gold & Coulson<br>11 S. LaSalle Street<br>Suite 2500<br>Chicago, IL 60603 |
| ALLSTATE INDEMNITY COMPANY | 07/10/02 11:00 a.m. | Gold & Coulson<br>11 S. LaSalle Street<br>Suite 2500<br>Chicago, IL 60603 |
| COMMUNITY CARE NETWORK, INC. | 07/15/02 9:00 a.m. | Veritext California<br>402 West Broadway<br>4th Floor<br>San Diego, CA 92101 |
| PROGRESSIVE EXPRESS<br>INSURANCE COMPANY | 06/17/02 9:00 a.m. | Michael Musetta & Assoc.<br>1 Tampa City Circle<br>201 N. Franklin Street<br>Suite 2880<br>Tampa, FL 33602 |

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | | |
|---|---|---|
| PROGRESSIVE CONSUMERS INSURANCE COMPANY | 06/17/02 9:00 a.m. | Michael Musetta & Assoc. 1 Tampa City Circle 201 N. Franklin Street Suite 2880 Tampa, FL 33602 |
| PROGRESSIVE BAYSIDE INSURANCE COMPANY | 06/17/02 9:00 a.m. | Michael Musetta & Assoc. 1 Tampa City Circle 201 N. Franklin Street Suite 2880 Tampa, FL 33602 |
| PROGRESSIVE AMERICAN INSURANCE COMPANY | 06/17/02 9:00 a.m. | Michael Musetta & Assoc. 1 Tampa City Circle 201 N. Franklin Street Suite 2880 Tampa, FL 33602 |
| BEECH STREET CORPORATION | 07/15/02 11:00 a.m. | Veritext California 402 West Broadway 4th Floor San Diego, CA 92101 |
| ADP INTEGRATED MEDICAL SOLUTIONS, INC. | 06/28/02 9:00 a.m. | Kopelman & Blankman, P.A. Bank of America Tower Suite 2510 One Financial Plaza Ft. Lauderdale, FL 33394 |
| LIBERTY MUTUAL INSURANCE COMPANY | 07/17/02 9:00 a.m. | Reporting Associates 10 Dorrance Street Providence, RI 02903 |
| DEERBROOK INSURANCE COMPANY | 07/10/02 2:00 p.m. | Gold & Coulson 11 S. LaSalle Street Suite 2500 Chicago, IL 60603 |

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

3

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | | |
|---|---|---|
| PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY | 07/24/02 9:00 a.m. | Kopelman & Blankman, P.A. Bank of America Tower Suite 2510 One Financial Plaza Ft. Lauderdale, FL 33394 |
| FIDELITY AND CASUALTY COMPANY OF NEW YORK | 07/11/02 1:00 p.m. | Gold & Coulson 11 S. LaSalle Street Suite 2500 Chicago, IL 60603 |
| THE CONTINENTAL INSURANCE COMPANY | 07/11/02 9:00 a.m. | Gold & Coulson 11 S. LaSalle Street Suite 2500 Chicago, IL 60603 |
| INTEGON NATIONAL INSURANCE COMPANY | 07/09/02 9:00 a.m. | Spherion Court Reporting 200 West 2nd Street Winston Salem, NC 27101 |
| INTEGON GENERAL INSURANCE COMPANY | 07/09/02 1:00 p.m. | Spherion Court Reporting 200 West 2nd Street Winston Salem, NC 27101 |
| METROPOLITAN CASUALTY INSURANCE COMPANY | 06/26/02 10:00 a.m. | Reporting Associates 10 Dorrance Street Suite 220 Providence, RI 02903 |
| NATIONWIDE MUTUAL INSURANCE COMPANY | 07/12/02 10:00 a.m. | Armstrong & Okey, Inc. 326 South High Street Annex Columbus, OH 43215 |
| FLORIDA FARM BUREAU INSURANCE COMPANY | 06/25/02 11:00 a.m. | Van Landingham, Durscher, et al. 201 S.E. 2nd Avenue Gainesville, FL 32601 |

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

| | | |
|---|---|---|
| HARTFORD INSURANCE<br>COMPANY OF<br>THE MIDWEST | 06/26/02 2:00 p.m. | Cunningham Group<br>Reporting<br>10 Dorrance Street<br>Suite 220<br>Providence, RI 02903 |
| AMERICAN INTERNATIONAL<br>INSURANCE COMPANY | 06/28/02 3:00 p.m. | Kopelman & Blankman, P.A.<br>Bank of America Tower<br>Suite 2510<br>One Financial Plaza<br>Ft. Lauderdale, FL 33394 |

upon oral examination before a court reporter, notary public, or any other officer authorized by law to take depositions.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by e-mail and mail on June 3, 2002 upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
350 N.W. 12th Ave., Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

## Co-Counsel for Class Plaintiffs

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporation
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

6

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

**Counsel for Prudential**

Counsel for:

Arthur S. Gold
11 S. LaSalle Street
Suite 2500
Chicago IL 60603

_____

July 23, 2002

RE: 02-12927-AA      David A. Napoli v. Allstate Ins. Co.
DC DKT NO.: 00-06061 CV-WDF

CC:   David Bryan Shelton

CC:   Peter J. Valeta

CC:   William Wallace Deem

CC:   Gregory A. Baldwin

CC:   Kathy J. Maus

CC:   John D. Aldock

CC:   Michael K. Isenman

CC:   Lisa M. Harrison

CC:   Nancy A. Copperthwaite

CC:   Bryan Scott Gowdy

CC:   Rebecca A. Sack

CC:   Clarence Maddox

CC:   Eric Lee

CC:   Arthur S. Gold

CC:   Andrew Garcia

CC:   Larry Kopelman

CC:   Douglas Blankman

CC:   Susan L. Lawson

CC:   Richard Bokor

CC:   Casey Fundaro

CC:   John M. Quaranta

CC:   Francis A. Anania

CC:   Donald A. Blackwell

CC:   Katherine C. Lake

CC:   James C. Haggerty

CC:   Robert K. Levenson

CC:   Mark S. Shapiro

CC:   Marcy Levine Aldrich

CC:   Jeffrey Lennard

CC:   Alan Jeffrey Nisberg

CC:   Dale Friedman

CC:   Brian P. Knight

CC:   Jan D. Atlas

CC:   Robin Corwin Campbell

CC:   Lori Jean Caldwell

CC:   Scott M. Sarason

CC:   William Xanttopoulos

CC:   Joseph A. DeMaria

CC:   Cornelius Thomas Tew, Jr.

CC:   Nina Kole Brown

CC:   Richard W. Wyner

CC:   Paul A. Shelowitz

CC:   Howard J. Roin

CC:   George Volsky

CC:   W. Curtis Caywood, IV

CC:   McGuire Woods

CC:   William E. Adams, Jr.

CC:   Administrative File

# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

July 23, 2002

MEMORANDUM TO COUNSEL OR PARTIES

RE: 02-12927-AA      David A. Napoli v. Allstate Ins. Co.
DC DKT NO.:  00-06061 CV-WDF

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Wendi Tilden (404) 335-6170

MOT-2 (2-2002)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUL 2 3 2002

THOMAS K. KAHN
CLERK
```

No. 02-12927-AA

00-CV-6061

ALL PLAINTIFFS, Zidel, ET AL.,

Plaintiffs-Appellees,

versus

ALLSTATE INSURANCE COMPANY,

Defendant-Third-Party
-Plaintiff-Appellant,

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY,

Defendant-Appellant.

-------------------------------------------------
00-CV-6649

KEITH BRICKELL, D.C.,
individually and on behalf of
all others similarly situated,

Plaintiff,

versus

PROGRESSIVE EXPRESS INSURANCE
COMPANY, ET AL.,

Defendants.

-------------------------------------------------
00-CV-7163

MARC J. BROWNER, D.C.,
individually and on behalf
of all others similarly situated,

Plaintiff,

versus

ALLSTATE INDEMNITY COMPANY, ET AL.,

Defendants.

-------------------------------------------------

00-CV-7692

SALVATORE D. LARUSSO, D.C.,
on behalf of himself and all
others similarly situated
d.b.a. Family Chiropractic
Center,

                                             Plaintiff,

                    versus

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL.,

                                             Defendants.
-----------------------------------------------------

01-CV-6776

ULTRA OPEN MRI CORPORATION
on behalf of itself and all
others similarly situated,

                                             Plaintiff,

                    versus

PROGRESSIVE AMERICAN INSURANCE
COMPANY,
                                             Defendant.
-----------------------------------------------------

01-CV-6777

ULTRA OPEN MRI CORPORATION
on behalf of itself and all
others similarly situated,

                                             Plaintiff,

                    versus

DEERBROOK INSURANCE COMPANY,

                                             Defendant.
-----------------------------------------------------

01-CV-6778

ULTRA OPEN MRI CORPORATION
on behalf of itself and all
others similarly situated,

                                        Plaintiff-Appellee,

versus

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY,

Defendant-Appellant.

-----------------------------------------------

01-CV-6779

ULTRA OPEN MRI CORPORATION
on behalf of itself and all
others similarly situated,

Plaintiff,

versus

FIDELITY AND CASUALTY COMPANY
OF NEW YORK, ET AL.,

Defendants.

------------------------------------------------------

01-CV-6780

ULTRA OPEN MRI CORPORATION
on behalf of itself and all
others similarly situated,

Plaintiff-Appellee,

versus

INTEGON NATIONAL INSURANCE COMPANY,
INTEGON GENERAL INSURANCE COMPANY,

Defendants-Appellants.

-----------------------------------------------

01-CV-6782

CHIROPRACTIC CENTRE, INC., on
behalf of itself and all others
similarly situated,

Plaintiff,

versus

SUPERIOR INSURANCE COMPANY,

Defendant.

-----------------------------------------------

01-CV-6783

CHIROPRACTIC CENTRE, INC., on

-3-

behalf of itself and all others
similarly situated,

                                        Plaintiff-Appellee,


                        versus


METROPOLITAN CASUALTY INSURANCE
COMPANY,

                                        Defendant-Appellant.
----------------------------------------------------

01-CV-8108

SALVATORE D. LARUSSO, D.C.,
on behalf of himself and all
others similarly situated
d.b.a. Family Chiropractic
Center,

                                        Plaintiff-Appellee,


                        versus


NATIONWIDE INSURANCE COMPANY
OF AMERICA,

                                        Defendant-Appellant.
----------------------------------------------------

01-CV-8110

SALVATORE D. LARUSSO, D.C.,
on behalf of himself and all
others similarly situated
d.b.a. Family Chiropractic
Center,

                                        Plaintiff-Appellee,


                        versus


FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

                                        Defendant-Appellant.
----------------------------------------------------

01-CV-8111

SALVATORE D. LARUSSO, D.C.,
on behalf of himself and all
others similarly situated
d.b.a. Family Chiropractic
Center,

                                        Plaintiff-Appellee,


-4-

versus

ITT HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

                                        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

01-CV-8549

MOTE WELLNESS & REHAB, INC.,
on behalf of itself and all
others similarly situated,

                                                        Plaintiff,

versus

AMERICAN INTERNATIONAL INSURANCE
COMPANY, ET AL.,

                                                        Defendants.

- - - - - - - - - - - - - - - - - - -
On Appeal from the United States District Court for the
Southern District of Florida
- - - - - - - - - - - - - - - - - - -

BEFORE:   TJOFLAT, BIRCH, and CARNES, Circuit Judges.

BY THE COURT:

    Appellant Allstate Insurance Company's "Emergency Motion to

Stay Proceedings..." is DENIED.