IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

| | |
|---|---|
| DR. PAUL ZIDEL, and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br>    Defendant / Third-Party Plaintiff,<br><br>v.<br><br>COMMUNITY CARE NETWORK, INC.,<br>d/b/a CCN,<br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



**REPLY IN SUPPORT OF ALLSTATE'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff's Response sidesteps the salient points raised by Allstate's Objection, relying, instead, on distortions of the factual record and misrepresentations of the law in an attempt to avoid arbitration. Plaintiff cannot ignore his agreement to arbitrate these claims. There is no bona fide basis for his assertion that Allstate waived its right to compel arbitration. Nor is there any merit to the assertion that Allstate is barred from raising objections to the Report and Recommendation. Plaintiff's Response fails to refute any of Allstate's arguments in favor of arbitration and provides no reason why this Court should adopt the Magistrate Judge's erroneous Report and Recommendation.

**I. PLAINTIFF CANNOT IGNORE HIS AGREEMENT TO ARBITRATE.**

The Response disregards both plaintiff's contractual obligation to arbitrate and the effect of the "liberal federal policy favoring arbitration agreements." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 91 (2000). Accord Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054, 1057 (11th Cir. 1998). The Federal Arbitration Act absolutely requires courts to enforce arbitration agreements. Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). A court must compel parties to arbitrate claims, including statutory claims, which fall within an arbitration agreement. Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242 (1987). Accordingly, plaintiff must be required to arbitrate his claims in



accordance with the arbitration provisions contained in the contracts upon which he bases his claims for recovery.

A.  **Allstate Is Entitled To Compel Arbitration.**

Plaintiff's references to Allstate's status as a third-party beneficiary of the agreement between himself and CCN is a complete red herring.[1]  Absolutely no distinction can be made between the contracting party and the third-party beneficiary in connection with the argument that arbitration is required by the contract.  Based on the factual allegations of the pleadings, the terms of Dr. Zidel's agreement with CCN are fundamental to a resolution of this lawsuit.  Cf., HCA Health Serv. of Georgia v. Employers Health Ins. Co., 22 F. Supp. 2d 1390 (N.D. Ga. 1998) (decision whether discounts applied were appropriate is based on the terms of the applicable contract).

This conclusion cannot be escaped simply by noting that CCN is only a third-party defendant, or that Allstate is only a third-party beneficiary.  See MS Dealer Service Corp. v. Franklin, 177 F. 3d 942 (11th Cir. 1999) (non-signatory may compel arbitration where claims make reference to, presume the existence of, arise out of, and directly relate to the contract containing the arbitration clause); Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 756 (11th Cir. 1993).  Based on plaintiff's pleadings, the outcome of this specific case incontrovertibly depends on the rights applicable to Dr. Zidel, CCN and Allstate pursuant to the terms of Dr. Zidel's agreement with CCN, regardless of whether CCN is a defendant or third-party defendant.  CCN is a party to this litigation and disputes Dr. Zidel's claims regarding CCN's authority to allow access to CCN rates.  That dispute centers on the differences between Dr. Zidel's contention that the agreement does not include automobile insurers as "payors," and the interpretation by CCN and Allstate that "payors" include automobile insurers.  In addition, because Dr. Zidel broadly alleges that Allstate has "illegitimately discounted" medical bills without providing steerage or other consideration, the agreement also will have to be interpreted to determine whether such steerage or other consideration is actually required.  Resolution of the claims asserted by plaintiff against Allstate, as well as Allstate's defenses to those claims, therefore, necessarily requires an interpretation of Dr. Zidel's agreement with CCN, an issue that is subject to arbitration.  Cf. HCA Health Serv. of Georgia v. Employers Health Ins. Co., 22 F.

---

[1]     The arbitration clause in the Dr. Zidel-CCN agreement provides: "The sole and exclusive remedy for the resolution of any demands, disputes, claims or lawsuits shall be by binding arbitration as the parties do not want the delay or expense of lawsuits."  Second Amended Complaint, Exhibit A thereto at ¶12.02.

Supp. 2d 1390 (N.D. Ga. 1998)(decision of whether discounts were properly applied is based on the terms of the applicable contract). See also American Heritage Life Ins. Co. v. Orr, ___ F.3d ___, 2002 WL 1306188 (5th Cir. 2002)(Court affirmed district court's order compelling arbitration and staying pending state court action on behalf of insurers who were not signatories to documents containing "Arbitration Agreement").

Plaintiff also is bound by arbitration provisions in the insurance policies, regardless of whether he is attempting to assert rights as a third-party beneficiary of the policy, or as an assignee of the insureds. A plaintiff's status as a third-party beneficiary of an insurance policy, or as an assignee of rights under such a policy, confers upon the plaintiff not only the insurance benefits at issue but also subjects the plaintiff to all applicable terms and conditions. See Interpool, Ltd. v. Through Transport Mut. Ins. Ass'n Ltd., 635 F. Supp. 1503, 1504-05 (S.D. Fla. 1985); Orion Ins. Co. v. Magnetic Imaging Sys. I, 696 So.2d 475, 478 (Fla. 3rd DCA 1997).

It is thus well-settled under Florida law that where a party claims the status of a third-party beneficiary of a contract that includes an arbitration provision, the third party is bound by the arbitration provision notwithstanding the fact that the third party is not a signatory to the contract or the arbitration provision. See Scobee Combs Funeral Home, Inc. v. E.F. Hutton & Co., 711 F. Supp. 605, 607 (S.D. Fla. 1989); Orion, 696 So.2d at 478; Terminix Int'l Co. v. Ponzio, 693 So.2d 104, 109 (Fla. 5th DCA 1997). The same principle applies where one claims to be an assignee of a claim arising under a contract containing an arbitration provision. See Livingston v. State Farm Mut. Auto. Ins. Co., 774 So.2d 716, 718 (Fla. 2nd DCA 2000).

**B.    The Arbitration Provision Is Not Affected By The Pinnacle Decision.**

Plaintiff's reliance on the decision in Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000), also is misplaced. As a matter of law, Pinnacle does *not* preclude enforcement of applicable arbitration provisions and does not provide a basis for this Court to deny Allstate's Motion to compel arbitration. The holding of Pinnacle is limited to the constitutional validity of Fla. Stat. §627.736(5), which required the inclusion of arbitration provisions in all automobile insurance policies, and not the validity of arbitration provisions themselves. See Delta Cas. Co. v. Pinnacle Med., Inc., 721 So.2d 321, 325 n.3 (Fla. 5th DCA 1998); Livingston v. State Farm Mut. Auto Ins. Co., 774 So.2d 716, 718 (Fla. 2d DCA 2000).

As Magistrate Judge Snow recommended in her Report and Recommendation regarding Prudential's motion to compel arbitration in the consolidated case of Ultra Open MRI Corp. v. Prudential Property and Cas. Ins. Co., No. 01-6778, the plaintiff was in fact bound by the arbitration clause in the insured's policy and all of Ultra Open's claims were subject to

3

arbitration. Magistrate Judge Snow recognized that <u>Pinnacle</u> invalidated that portion of Fla. Stat. §627.736(5) that mandated arbitration for medical care providers under a PIP contract, but it did ***not*** invalidate contractual agreements requiring arbitration. Since Ultra Open's complaint only referenced a single claim based on a policy issued on August 1, 2000, nearly five months after the statute was declared to be illegal in <u>Pinnacle</u>, Magistrate Judge Snow held the arbitration clause was not statutorily-mandated. Instead, the arbitration clause constituted an independent agreement between the parties that was not affected or invalidated by <u>Pinnacle</u>.

In the aftermath of <u>Pinnacle</u>, the question of whether an insurer's arbitration clause is binding upon a medical provider is thus answered by looking at the date of issuance of the underlying policy. If the policy was issued after <u>Pinnacle</u> was decided, February 3, 2000, then the arbitration clause is binding and enforceable as to the medical provider.

Plaintiff brought this lawsuit as a class action, not an individual claim. He defined the putative class to include providers whose earliest claims arose after April, 1999. He does not deny that the class he seeks to represent must include at least some individuals whose claims are based on policies that were issued ***after*** <u>Pinnacle</u> was decided. Consequently, as was the case in <u>Ultra Open MRI Corp. v. Prudential Prop. and Cas. Ins. Co.</u>, if even one class members' claim is subject to arbitration, whether it be the named plaintiff or another class member, then the arbitration provision is enforceable and all claims must be arbitrated. (Rep. at 10.)

**II.    PLAINTIFF'S WAIVER CLAIM IS INSUPPORTABLE.**

A party may be deemed to have waived its right to arbitrate only where: (1) the party substantially participates in litigation; (2) to a point that is inconsistent with an intent to arbitrate; and (3) the opposing party is prejudiced as a result. <u>See, e.g., Brown v. ITT Consumer Fin. Corp.</u>, 211 F.3d 1217, 1222 (11th Cir. 2000). A finding of waiver is strongly disfavored. <u>See Rush v. Oppenheimer & Co.</u>, 779 F.2d 885, 887 (2d Cir.1985). The "party arguing waiver of arbitration bears a heavy burden of proof," <u>Stone v. E.F. Hutton & Co.</u>, 898 F.2d 1542, 1543 (11th Cir, 1990), and must show "substantial prejudice," in order to justify a finding of waiver. <u>Wilson v. Par Builders II, Inc.</u>, 879 F. Supp. 1187, 1189 (M.D. Fla. 1995). A party cannot be deemed to have waived its right to arbitration through its litigation conduct unless the opposing party affirmatively meets that burden. E.g., <u>Morewitz v. West Of England Ship Owners Mut. Protection and Indem. Assoc.</u>, 62 F.3d 1356, 1366 (11th Cir. 1995); <u>Freund-Alberti v. Merrill, Lynch, Pierce, Fenner & Smith</u>, 135 F. Supp. 2d 1298, 1302-03 (S.D. Fla. 2001).

4

A.  **Allstate's Minimal Activity In This Litigation Is Not A Waiver.**

In an effort to artificially create a non-existent waiver, Plaintiffs resort to complaining about the passage of time and offering baseless speculation concerning Allstate's motivation in joining CCN's Motion to compel arbitration. Plaintiffs have argued that Allstate waived its right to arbitration because Allstate sought to compel arbitration only recently, after filing motions to dismiss, answers and affirmative defenses and motions concerning the pretrial scheduling order.

A waiver of a right to compel arbitration requires more than a failure to assert that right at the outset of a case. "Under federal law, the courts invariably find that no waiver has occurred where parties who assert a right to arbitration have made relatively little use of the judicial process and the party opposing arbitration cannot show that it would be prejudiced." Acevedo v. Caribbean Transportation, Inc., 673 So. 2d 170, 175 (Fla. 3d DCA 1996), *citing* Rush v. Oppenheimer & Co., 779 F.2d 885 (2d Cir. 1985)(defendant did not waive arbitration by participating in pretrial discovery, or by filing a motion to dismiss and a subsequent answer even though it waited eight months to raise the issue).

The passage of time alluded to in the Response is more reflective of the prior plaintiff's abrupt decision to abandon this litigation, and current plaintiff's effort to avoid arbitration by removing CCN as a defendant, than anything attributable to Allstate. The history of this case in fact reflects only relatively minimal litigation activity outside of plaintiff's procedural maneuvering. That is insufficient to meet the required showing of significant use of the judicial process by Allstate. Nor does it come close to establishing that plaintiff has been substantially prejudiced by Allstate's minimal litigation effort. See Doctors Assoc., Inc. v. Distajo, 107 F.3d 126, 134 (2d Cir. 1997) ("prejudice ... refers to the inherent unfairness -- in terms of delay, expense, or damage to the party's legal position -- that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue [and] legal expenses inherent to litigation, 'without more,' do not constitute prejudice requiring a finding of waiver").

Plaintiffs do not allege any facts showing actual prejudice resulting from any alleged "delay" by Allstate. Instead, plaintiffs base their waiver contention merely on the fact that they have been required to "respond" to defendants motion to dismiss, answer and affirmative defenses, motions to stay discovery and motions for protective order. However, that does not demonstrate substantial prejudice and does not support a finding of waiver.

A finding of waiver requires both *substantial* participation in litigation and *actual* prejudice. The filing of pleadings and motions as the defendants have done in this case is not a sufficient basis for a finding of waiver and does not demonstrate prejudice. See Rush, 779 F.2d

5

at 888-90(eight month delay, filing an answer and a motion to dismiss, and participation in discovery, was not waiver where plaintiffs showed no prejudice); Wilson, 879 F. Supp. at 1189 (six-month delay and filing motion to dismiss was not waiver because plaintiffs showed no actual prejudice); Knight v. Xebec, 750 F. Supp. 1116, 1119 (M.D. Fla. 1990)(no waiver where defendant filed a motion to dismiss, an answer, a motion for protective order, and conducted a limited amount of discovery prior to seeking to compel arbitration because plaintiff failed to show actual prejudice); Sweater Bee By Banff, Ltd. v. Manhattan Indus., Inc., 754 F.2d 457 (2d Cir.), cert. denied, 474 U.S. 819 (1985)(defendant did not waive by moving to dismiss, engaging in discovery, and asserting right to arbitrate two years after complaint was filed).

The Response offers no reason for this Court to find that Allstate has engaged in substantial litigation or that Dr. Zidel has been substantially prejudiced by the use of the judicial process in this matter by Allstate. Accordingly, plaintiff has failed to meet his burden and no basis exists for this Court to find a waiver by Allstate.

B.     **Plaintiff's References To Other Litigation Are Equally Frivolous.**

Plaintiff offers no legitimate basis for his claim that conduct by a party in one litigation matter can constitute a waiver in another case, in another court, involving different parties, differing facts and differing legal theories and issues. Allstate's participation in and defense of the claims asserted in Arcadia Chiropractic Clinic, Inc. v. Allstate Ins. Co., Case No. 00-0168 CC, Desoto County Court, and its appearance as an amicus curiae in Nationwide Mutual Ins. Co. v. Jewel, DC, PA, Case No. 2D01-5714, therefore, cannot constitute a waiver of Allstate's right to require arbitration in this litigation.[2]

Plaintiff selectively quotes from and misrepresents the cases he proffers as authority for this waiver theory. See PPG Indust., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103 (2d Cir. 1997); Doctors Assoc., Inc. v. Distajo, 107 F.3d 126 (2d Cir. 1997). Neither case actually supports an effort to characterize Allstate's participation in other litigation as a waiver in this action.

Doctors Associates arose out of litigation concerning a franchise agreement which contained an arbitration clause. A second agreement, a real estate sublease entered into between franchisees and a leasing company affiliated with the franchisor, did not contain an arbitration clause but did provide for eviction as a remedy for default under either contract. After disputes

---

[2]     As discussed, above, even if other litigation matters somehow were deemed to be relevant, plaintiff fails to meet his essential burden to establish how Allstate's participation in those other matters caused him to suffer prejudice. See Morewitz, 62 F.3d at 1366; Freund-Alberti, 135 F. Supp. 2d at 1302-03; Doctors Assoc., 107 F.3d 126 at 134.

6

arose concerning payment due under the contracts, the leasing company filed eviction actions. After the eviction proceedings ended, the franchisees sued the franchisor, alleging fraud and breach of contract arising out of the franchise relationship. The franchisor sought to arbitrate and the franchisees asserted waiver, based on the prior eviction actions. The district court held that the franchisor had "not waived its right to arbitrate by bringing [the prior] eviction proceedings" because the franchisees had not proven sufficient prejudice. Id. at 129.

The Second Circuit also concluded no waiver had occurred, on the basis that there was no demonstration that the issues and parties involved in the eviction litigation substantially overlapped with the claims asserted in the franchisee's lawsuit. The Court first found that the franchisor did not, in the eviction actions, "engage in litigation on the merits of the issues now raised in the franchisees' [current] suits." Id. at 132. The Court noted "only prior litigation of the same legal and factual issues as those the party now wants to arbitrate" can result in a waiver. Id. at 133. Because the franchisor did not litigate the merits of the franchisees' claims, the franchisor "did not waive arbitration." Id.

In PPG Industries, PPG filed two nearly identical collection actions against its distributors. In the first case ("Premium Action"), PPG sued Webster, Premium, Anthony Puleo and Patricia Puleo. In the second case ("Webster Action"), PPG sued Webster, Anthony Puleo and Patricia Puleo. The defendants in the Premium action filed an answer asserting six counterclaims against PPG. The defendants in the Webster action filed an answer asserting four counterclaims identical to four of the six counterclaims filed in the Premium Action. Both actions involved nearly identical claims, both "arose out of the same core facts," and both were "so closely related as to form what is really a single controversy." 128 F.3d at 107.

PPG sought to compel arbitration in the Premium Action, relying on an arbitration clause in the underlying distribution agreement. Several months later, PPG also sought to compel arbitration of the Webster Action. The Court in the Premium Action denied the petition. PPG did not appeal. The petition in the Webster Action later was denied as well. In affirming the decision in the Webster Action, the Second Circuit concluded that PPG's "failure to take an immediate appeal" from the adverse ruling in the Premium Action, "combined with [its] continued pursuit of litigation once the opportunity to appeal" had passed, resulted "in prejudice that compels a finding of waiver." 128 F.3d at 110. The Court also noted that PPG had obtained information through discovery in the Premium Action that it would not have obtained, and thus should not be permitted to use, in an arbitration proceeding in the Webster Action. Id.

There is no demonstrable parallel between the circumstances presented here and those discussed in Doctors Associates and PPG Industries. Unlike the situation in those cases, there is no unity of parties in the litigation matters at issue. Plaintiff is not a party to the Arcadia Case or the Nationwide appeal. CCN is not a party to either case. Plaintiff does not assert, nor could he, that the facts giving rise to the claims in those cases are identical to those which he alleges to establish his claims in this case. Nor can plaintiff contend those cases involved all of the numerous legal theories plaintiff has asserted in this case. The only similarity asserted by plaintiff -- the existence of a legal challenge to the amount paid in a PIP coverage claim -- simply is not enough.

Mere commonality of some aspects, or some "core" facts or issues, is not nearly sufficient to establish the substantial overlap necessary to constitute a "prior litigation of the same legal and factual issues" properly supporting of a finding of waiver of arbitration. E.g., Doctors Associates, 107 F.3d at 133-34 (rejecting assertion that common core facts are sufficient where the disputes involved are, in fact, different). See Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 122 (2d Cir. 1991) (no waiver where prior litigation was brought by a separate party and involved a number of "legally distinct" claims).

The mere fact that Allstate is alleged to have litigated in another forum, at a different time, with different parties, a matter involving different facts and, at most, a single claim similar to one of many asserted in this case cannot be used by plaintiff to establish a waiver of Allstate's rights to arbitrate the claims asserted in this litigation.

### III. PLAINTIFF'S CLAIM THAT ALLSTATE IS BARRED FROM OBJECTING TO THE REPORT AND RECOMMENDATION IS EQUALLY BASELESS.

It cannot be disputed that Allstate formally joined in CCN's motion to compel arbitration by, among other things, filing a document which expressly did just that. Nor is it possible to legitimately question that Allstate's joinder in CCN's Motion expressly and unequivocally adopted and incorporated by reference each of the various arguments asserted by CCN in support of its effort to compel arbitration. Thus, by joining in CCN's Motion, Allstate raised all of the arguments asserted by CCN including: (1) the fact that the Federal Arbitration Act applies to the arbitration provision in the Plaintiff's Provider Agreement; (2) the parties agreed in writing to arbitrate disputes of this kind; (3) the Florida Arbitration Code would also require the arbitration of this dispute; and, most importantly, (4) arbitration is appropriate even though Allstate is not a party to the arbitration agreement.

Accordingly, there was no omission by Allstate or attempt to bypass the Magistrate Judge. It is thus disingenuous for Plaintiff to assert in his responsive pleading that Allstate did not move before the Magistrate Judge or raise arguments in support of compelling arbitration. It is likewise equally baseless for plaintiff to assert that Allstate is barred from proffering its Objections in this Court which arise from the very same legal arguments that were presented to the Magistrate Judge by CCN, joined by Allstate.

It is beyond question that the pertinent arguments were made to the Magistrate Judge. Allstate joined in and adopted those arguments. It is now equally beyond reasonable contest, therefore, that Allstate's Objections, which asserted that arbitration is required under Dr. Zidel's contract with CCN, are not in any way affected by the fact that Allstate simply joined in CCN's Motion, rather than filing a duplicative pleading which restated the same arguments. This waiver argument thus fails as well.

### Conclusion

Plaintiff simply cannot escape the fact that he is contractually required to arbitrate the types of claims asserted in this litigation and that Allstate, along with CCN, properly invoked that obligation. Allstate respectfully submits there was no basis in law or fact for the Magistrate Judge to disregard plaintiff's obligation, and her decision to the contrary violates established law and federal policy favoring arbitration. This Court must now correct that error, by refusing to adopt the Magistrate Judge's Report and Recommendation and, instead, granting Allstate's Motion to compel arbitration.

Wherefore, for each of the foregoing reasons, as well as those stated in its Objections to the Magistrate Judge's Report and Recommendation, Allstate Insurance Company respectfully requests that this Court sustain Allstate's Objections and, in doing so, grant Allstate's Motion to compel arbitration.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 22nd day of August, 2002.

PETER J. VALETA  
Florida Bar No. 327557  
ROSS & HARDIES  
150 North Michigan Ave., Suite 2500  
Chicago, Illinois 60601  
Telephone: (312) 750-3619  
Telecopier: (312) 750-8600  
Attorneys for Allstate Insurance Company

SCOTT M. SARASON  
Florida Bar No. 0394718  
DAVID B. SHELTON  
Florida Bar No. 0710539  
LORI J. CALDWELL  
Florida Bar No. 0268674  
RUMBERGER, KIRK & CALDWELL  
P.O. Box 1873  
Orlando, Florida 32802  
Telephone: (407) 839-4511  
Telecopier: (407) 841-2133  
Attorneys for Allstate Insurance Company

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

#668667

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021