UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of §
himself and other similarly §
situated, §
§
    Plaintiff, §
v. §
§
ALLSTATE INSURANCE COMPANY, §
§
    Defendant/Third-Party Plaintiff, §
v. §
§
COMMUNITY CARE NETWORK, INC., §
doing business as CCN, §
§
    Third-Party Defendant. §
§



**CCN's Response In Opposition To "Motion Of Certain
Plaintiffs For Class Certification Against Allstate Defendants
Due To Their (Alleged) Failure To Appear For Depositions"**

Third-Party Defendant, CCN Managed Care, Inc., incorrectly named as Community Care Network, Inc. ("CCN"), submits this memorandum in opposition to the "motion of certain Plaintiffs for class certification against Allstate Defendants due to their (alleged) failure to appear for depositions", in which Plaintiffs request class certification as a sanction for alleged discovery deficiencies by the Allstate defendants.

I.    **Introduction**

On August 16, 2002, Plaintiffs served their Motion of Certain Plaintiffs for Class Certification Against Allstate Defendants (the "Sanctions Motion"). In the Sanctions Motion, Plaintiffs ask the Court to grant class certification as a sanction for alleged discovery deficiencies

by the Allstate Defendants. CCN is not directly involved in any discovery issues between Plaintiffs and the Allstate Defendants, and therefore will not brief the merits of the discovery dispute.[1] CCN anticipates that the Allstate Defendants will file a response directed to the merits of the discovery issues. However, CCN submits this response because the sweeping and unwarranted relief requested in the Sanctions Motion is wholly inappropriate and would have a substantial impact on CCN and members of its healthcare provider network.

Briefly, this action was filed on behalf of a putative class of medical care providers against the Allstate Defendants and other insurers challenging the propriety of discounts taken on payments to the providers. CCN maintains a network of healthcare providers who have agreed to provide services to patients insured by CCN's insurance company clients. The putative class includes members of CCN's provider network, and the Allstate Defendants are among CCN's clients. Therefore, both CCN and the members of its healthcare provider network have an interest in the class certification issues in this case. Thus by seeking class certification as a sanction for Allstate's alleged discovery violations, Plaintiffs put at issue not just Allstate's interests but those of both CCN and the putative class as well.

## II.  Class Certification is not a Proper Discovery Sanction

In order to maintain a class action, Plaintiffs must demonstrate, <u>and the Court must find</u>, that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a), Fed. R. Civ. P. <u>See</u>, <u>Heaven</u>

---

[1] CCN does note, however, that the Sanctions Motion is based on Allstate's alleged failure to afford class certification discovery pursuant to the Court's May 13, 2002, order. However, the Court has now vacated that order, demonstrating the foresight of Allstate's counsel in wanting to wait until the confusion surrounding the case management schedule in these cases is resolved.

2

v. Trust Company Bank, 118 F.3d 735, 737 (11th Cir. 1997)(plaintiffs bear the burden of establishing each of these requirements). In addition, the Court must find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(b)(3), Fed. R. Civ. P. A class "may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Fed.R.Civ.P. 23(a) have been satisfied." Gilchrist v. Bolger, 733 F.2d 1551, 1555 (11th Cir. 1984) (emphasis added). These requirements preclude the use of a certification order as a sanction for alleged discovery abuse. By no stretch of the imagination could a finding of discovery abuse be considered the functional equivalent of the foregoing requirements for class certification.

Plaintiffs' counsel have not cited -- and cannot cite -- a single case suggesting that class certification is an appropriate sanction for alleged discovery deficiencies. Indeed, United States v. One Lot of U.S. Currency, 628 F.Supp. 1473 (S.D. Fla. 1986) is the only case cited by Plaintiffs' counsel, and that case is entirely inapposite. In One Lot of U.S. Currency, the United States seized more than $500,000 worth of U.S. currency at the Miami airport and initiated forfeiture proceedings. Plaintiff submitted a claim to the currency, yet failed on numerous occasions to appear for deposition. Ultimately, the Court dismissed plaintiff's claim as barred by the fugitive-from-justice rule and because the plaintiff repeatedly refused to appear for deposition in the forfeiture action. Dismissal, of course, has long been recognized as an appropriate sanction under Rule 37. Its application in an appropriate case has no bearing on Plaintiffs' request in this case to employ class certification as a sanction. There is no authority for the use of certification as a sanction.

The prerequisites to class certification, and the Court's rigorous analysis of the pertinent factors, operate to protect the interests of all participants -- including putative class members, defendants and the judicial system itself. Plaintiffs attempt to employ certification as a sanction would bypass those protections, and is therefore wholly inappropriate. For that reason, CCN respectfully requests that the Court deny Plaintiffs' Sanctions Motion.

Respectfully submitted,

MCGUIRE WOODS LLP

By: _____
William W. Deem
Florida Bar No. 0512834
3300 Bank of America Center
50 North Laura Street
Jacksonville, FL 32202
Telephone:   (904) 798-3200
Facsimile:   (904) 798-3207
E-Mail:      wdeem@mcguirewoods.com

ATTORNEYS FOR CCN MANAGED CARE, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to the counsel listed on the attached service list by U.S. Mail on August 23, 2002:

_____
William W. Deem

\\COM\154620.1

4

<u>**MASTER SERVICE LIST**</u>
(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Amended 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
350 N.W. 12th Avenue, Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 (Facsimile)

**Counsel for:
Allstate, Fidelity and Casualty,
Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)