IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly )
  Situated Plaintiffs, )
  )
v. )
  )
ALLSTATE INSURANCE COMPANY, )
Defendant / Third-Party Plaintiff, )
  )
v. )
  )
COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
Third-Party Defendant. )
_____)



**ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, AND DEERBROOK INSURANCE COMPANY'S OPPOSITION TO MOTION OF CERTAIN PLAINTIFFS FOR CLASS CERTIFICATION AGAINST ALLSTATE DEFENDANTS DUE TO THEIR FAILURE TO APPEAR FOR DEPOSITIONS**

Class Plaintiffs' Motion ("Motion for Sanctions") asks this Court to certify three purported classes as a discovery sanction against Allstate Insurance Company, Allstate Indemnity Company and Deerbrook Insurance Company (the "Allstate Defendants") for their alleged failure to appear for deposition. Class Plaintiffs' request is both meritless and unprecedented.

It is meritless because the Allstate Defendants have not violated any discovery order or any rule of civil procedure. To the contrary, the Allstate Defendants have acted reasonably and with substantial justification and, perhaps just as importantly, in a manner consistent with the parties' past experience. Consequently, there is no basis for this Court to follow Class Plaintiffs' suggestion and impose any sanctions against the Allstate Defendants.

It is unprecedented because granting Class Plaintiffs' Motion for Sanctions and certifying the three purported classes under these circumstances would violate: (i) Rules 23 and 37 of the Federal Rules of Civil Procedure; (ii) the Allstate Defendants' constitutional rights; (iii) the constitutional rights of all absent class members; and (iv) well-established Supreme Court precedent. Indeed, despite a diligent search, the Allstate Defendants have not found a single case where a court has imposed such a sanction. Accordingly, Class Plaintiffs' Motion for Sanctions should be denied.

### Procedural History

Class Plaintiffs attempt to support their motion with an incomplete and misleading version of this case's procedural history. A full and complete account of that history demonstrates why no sanctions are appropriate here.

On September 28, 2001, this Court entered an Omnibus Order on Pending Motions ("Omnibus Order"), consolidating fifteen class actions, lifting discovery stays, and granting in part various motions to dismiss. On the same date, this Court also issued an Amended Order Setting Trial Date and Discovery Schedule ("Amended Scheduling Order").

Shortly after the issuance of the Omnibus Order, various motions to compel arbitration and for clarification of the Amended Scheduling Order were filed by defendants in the now-consolidated class actions raising questions regarding, *inter alia*, potential stays pending arbitration, the propriety of proceeding with merits discovery in conjunction with, or even prior to, class discovery, and confidentiality concerns.

On October 23, 2001, Class Plaintiffs served a Notice of Deposition stating that the depositions of the Allstate Defendants' corporate representatives were scheduled for November 27 and 28, 2001. In light of the uncertain procedural posture of the consolidated cases, on

November 2, 2001, the Allstate Defendants moved for a protective order pending the resolution of the outstanding issues before the Court including, *inter alia*, motions for reconsideration, motions for clarification of the Amended Scheduling Order, and motions to compel arbitration. The Allstate Defendants also sought a stay of discovery, including the subject depositions, pending the resolution of said motions. In the alternative, the Allstate Defendants asked that discovery be limited to class certification issues.

Consistent with their pending motion for protective order, the Allstate Defendants did not produce their corporate representatives for their noticed depositions.[1] Notwithstanding the pending motion for protective order, on November 30, 2001, Class Plaintiffs moved to compel the Allstate Defendants' depositions and for sanctions. The Allstate Defendants filed a response on December 14, 2001. No Order issued directly with regard to the motion for protective order or the motion to compel and for sanctions. However, this Court's May 13, 2002 Order, staying the actions with the exception of class certification discovery, effectively denied Class Plaintiffs' motion to compel and for sanctions.

On January 18, 2002, the Magistrate Judge recommended that the Court deny CCN's motion to compel arbitration, in which motion defendant Allstate Insurance Company had formally joined on November 14, 2001. Allstate Insurance Company filed Objections to the Magistrate's Report and Recommendation on January 28, 2002.

On May 13, 2002, this Court entered an Order staying the consolidated cases pending ruling on the parties' respective motions for class certification and to compel arbitration and

---

[1] By the time the Allstate Defendants advised Class Plaintiffs that the depositions would not be going forward based on the pendency of the Allstate Defendants' motion for protective order and stay of discovery, as well as the motion regarding clarification of the Amended Scheduling Order, similar motions to stay and for protective orders had been filed by at least six other defendants.

3

limiting discovery to class certification issues. The May 13, 2002 Order set a class certification discovery cut-off date of July 31, 2002. On May 21, 2002, this Court entered another Order clarifying the May 13, 2002 Order.

On June 3, 2002, Class Plaintiffs served a new deposition notice stating that the depositions of the Allstate Defendants' corporate representatives were scheduled for July 10, 2002. Class Plaintiffs did not complain or object when the Allstate Defendants joined with the other consolidated defendants in putting off those unilaterally noticed depositions, instead choosing to cancel the depositions in advance.

On June 11, 2002, concerned that this Court had effectively denied its motion to compel arbitration by permitting class discovery to go forward, Allstate Insurance Company filed an appeal with United States Court of Appeal for the Eleventh Circuit. On June 13, 2002, Allstate Insurance Company sought an emergency stay in this Court pending the outcome of the appeal.[2]

On June 25, 2002, the remaining Allstate Defendants -- Allstate Indemnity Company and Deerbrook Insurance Company -- each filed a motion to compel arbitration, motion to stay pending the outcome of the arbitration issue, and a motion for protective order regarding all discovery.

On July 16, 2002, having heard no word from this Court on the emergency motion for stay pending appeal, Allstate Insurance Company followed the Federal Rules of Civil Procedure by filing a substantively identical emergency motion for a stay in the Eleventh Circuit. The Eleventh Circuit denied the emergency motion for stay on July 23, 2002.

On July 24, 2002, counsel for Class Plaintiffs <u>suggested</u> by e-mail that the depositions of the Allstate Defendants' corporate representatives take place on August 18 and 19, 2002 (Motion

---

[2] An amended motion was filed on June 17, 2002.

for Sanctions, pp. 3-4). These were only proposed dates by Class Plaintiffs. Unlike the prior efforts to schedule the depositions of the Allstate Defendants, Class Plaintiffs sent no formal notice.

On July 30, 2002, this Court vacated the July 31, 2002 class certification discovery deadline, stating that the Court would issue a new Scheduling Order. That Scheduling Order has not yet been entered.

\*          \*          \*

In short, Class Plaintiffs' Motion for Sanctions asks for draconian measures despite the following facts: (1) this Court has vacated the July 31, 2002 deadline for class certification discovery, so there are no current deadlines in place; (2) this Court stated in its July 30, 2002 Order that it would be issuing a revised Scheduling Order; (3) each of the Allstate Defendants has motions pending seeking to compel arbitration, as well as motions seeking stays and protective orders until such time as the arbitration issues are resolved; and (4) many of the other defendants in these consolidated cases also have motions pending regarding arbitration or have ostensibly been removed from the consolidated proceedings by virtue of a stipulation agreed to by certain defendants and the Class Plaintiffs and consented to by this Court.[3] Under these circumstances, the Allstate Defendants are justified in awaiting guidance from this Court as to how the parties should proceed with these <u>consolidated</u> cases before producing representatives for deposition.

---

[3] In a phone conversation on August 5, 2002, counsel for the Allstate Defendants communicated these points to counsel for Class Plaintiffs and sent a confirming e-mail. Both the conversation and the confirming e-mail are referenced by Class Plaintiffs in a misleading manner. (Motion for Sanctions, pp. 3-4). *See* Correspondence from Peter J. Valeta, attorney for the Allstate Defendants, to Arthur S. Gold, attorney for the Class Plaintiffs, dated August 5, 2002 and attached hereto as Exhibit A.

## Argument

Class Plaintiffs' Motion for Sanctions is fatally flawed for three reasons. First, the Allstate Defendants have not violated any Court Orders. Second, the Allstate Defendants acted reasonably and with substantial justification in not agreeing to set a date certain to proceed with the depositions of their corporate representatives. Third, Class Plaintiffs' Motion for Sanctions asks this Court for an unprecedented and impermissible punishment -- class certification without any finding that the requirements of Rule 23 and due process are satisfied.

### A. The Motion is Fatally Flawed on Its Face Because No Court Orders Have Been Violated By The Allstate Defendants.

Class Plaintiffs' Motion for Sanctions wrongly asserts that the Allstate Defendants have violated the Federal Rules of Civil Procedure, two Orders of this Court, and an Order entered by the Eleventh Circuit. The Orders issued by this Court on May 13 and 21, 2002 stated that class discovery had to be completed by July 31, 2002. The Eleventh Circuit's Order of July 23, 2002 denied Allstate Insurance Company's emergency motion for a stay. The Allstate Defendants never violated any of these Orders. First, this Court vacated the class certification discovery cut-off, set forth in its May 13th Order and clarified in its May 21st Order, and declared its intent to issue a new Scheduling Order. This Court has not yet set that schedule. The Eleventh Circuit, of course, has not set any discovery schedules. Second, Class Plaintiffs never formally noticed the supposed August 18 and 19, 2002 depositions. The Allstate Defendants thus were under no obligation to produce their representative on those dates. Third, Class Plaintiffs' proposed dates of August 18 and 19, 2002 would have come after this Court's previous discovery cut-off date. As such, the Order setting the July 31, 2002 deadline for class discovery, even if still in effect, could not apply. Because the Allstate Defendants have not violated any Court Orders, there is no basis for any sanctions against them.

B.  **Allstate Has Acted Reasonably and With Substantial Justification.**

The Allstate Defendants' efforts to obtain relief from Class Plaintiffs' discovery requests, pending clarification from this Court as to the future of these consolidated cases, have been diligent, reasonable and substantively justified. There has been no bad faith, abuse or unjustified misuse of the discovery process. The Allstate Defendants have not violated any discovery Order. Moreover, on prior occasions, this Court agreed, either expressly or implicitly, with the Allstate Defendants' position that refusing to produce deponents while a motion for protective order was pending was reasonable and did not violate this Court's discovery rules or subject the Allstate Defendants to sanctions. In this instance, the Allstate Defendants believe that an identical need for caution exists, as they await guidance from the Court regarding the shape of this litigation. In particular, the Allstate Defendants are waiting to see if this action will actually proceed as fifteen consolidated cases in light of the pending motions to compel arbitration and the stipulation reducing the number of consolidated cases proceeding at this time by approximately half.

Here, the Allstate Defendants have filed dispositive motions to compel arbitration (as well as motions to stay the proceedings and for protective orders). The Eleventh Circuit, in order to avoid unnecessary costs and waste of judicial resources, has precluded plaintiffs from engaging in discovery during the pendency of a dispositive motion. *See* Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997)(adopting a rule of law intended to avoid unnecessary costs and waste of judicial resources by precluding plaintiffs from engaging in discovery during the pendency of a dispositive motion). This rule applies here.

Moreover, the text of Federal Rule of Civil Procedure 37 authorizes the Allstate Defendants to await decision on their pending motions for protective orders and, more broadly, to stay discovery, without risk of sanctions. *See* Fed. R. Civ. P. 37(d) ("the failure to act as

prescribed by this subdivision may not be excused on the ground that the discovery is objectionable unless the party failing to act has a <u>pending motion for protective order</u> as provided by Rule 26(c)")(emphasis added); *see also* Chudasama, 123 F. 3d at 1370. Because the Allstate Defendants' motions for protective order remain pending, sanctions are not appropriate.

Furthermore, where, as here, a party's actions are reasonable and substantially justified under the circumstances, the Rule makes it clear that sanctions are not warranted. Fed. R. Civ. P. 37(d). The Allstate Defendants had traveled this route before with Class Plaintiffs' counsel. No compromise was reached then, and the Allstate Defendants had no reason to believe that the result would be any different this time. Because the Allstate Defendants have complied with all the Orders of this Court, and are awaiting guidance on discovery, their stance is substantially justified. In addition, this Court has previously validated the Allstate Defendants' current stance by refusing to entertain Class Plaintiffs' sanctions motions in the past. No sanctions are thus warranted or appropriate. *See, e.g.*, <u>Reedy v. Lull Engineering</u>, 137 F.R.D. 405, 409 (M.D. Fla. 1991)(a court should deny a request for an award of fees as sanctions where the party's opposition was substantially justified or circumstances would make an award of expenses unjust); <u>Unicure v. Thurman</u>, 92 F.R.D. 368, 370 (W.D. N.Y. 1981)(same).

Finally, Class Plaintiffs' sole cited authority does not support an award of sanctions. *See* <u>U.S. v. One Lot of U.S. Currency</u>, 628 F. Supp. 1473 (S.D. Fla. 1986). <u>One Lot</u> is distinguishable from the instant case. There, the court dismissed the party's claim only after he failed to attend his deposition on three separate occasions <u>without ever seeking a protective order</u> from the court (not surprising, as he was a fugitive from justice). Under such extreme circumstances, the court found that such sanctions were warranted. *See* <u>One Lot of U.S. Currency</u>, 628 F. Supp. at 1476-78.

### C. Plaintiffs' Extraordinary Request for Class Certification as a Discovery Sanction Cannot Be Granted.

Not only does Class Plaintiffs' Motion for Sanctions lack merit, but it seeks the unprecedented and impermissible sanction of class certification. Granting class certification as a purported discovery sanction is not authorized by Rule 37, would violate the constitutional rights of the Allstate Defendants, as well as all absent putative class members, and would contravene controlling Supreme Court authority. Because class certification is the only relief sought by Class Plaintiffs, and this request cannot be allowed, Class Plaintiffs' Motion for Sanctions should be denied.

First, Class Plaintiffs' proposed discovery sanction -- that the court certify Class Plaintiffs' alleged classes -- is not a proper sanction under Rule 37. The text of Rule 37 does not authorize class certification as a sanction. *See* Fed. R. Civ. P. 37(b)(2). Class Plaintiffs' Motion for Sanctions does not cite a single case granting the relief they now seek -- with good reason, as the Allstate Defendants have found no cases anywhere in the country certifying a class for a party's alleged failure to attend a deposition or for any other discovery violation.

Second, granting class certification as a discovery sanction is fundamentally unfair and would violate the Allstate Defendants' constitutional rights. The Allstate Defendants have not conducted full discovery with respect to class issues, have not had an opportunity to develop a complete record, and no class certification briefing has even taken place.[4] Any class certification decision now is premature to say the least, and would deprive the Allstate Defendants of their right to due process and fundamental fairness. *See* In re American Medical Systems, Inc., 75

---

[4] Indeed, the Court's July 30, 2002 Order vacating the class certification discovery deadline makes it clear that the Court does not expect such discovery and briefing to have been completed, thereby confirming that the imposition of sanctions here would be entirely unwarranted.

9

F.3d 1069, 1086 (6th Cir. 1996); *see also* Chateau dev Ville Productions, Inc. v. Tams-Witmark Music Library, Inc., 586 F.2d 962, 966 (2d Cir. 1978); Gross v. Medaphis Corp., 977 F. Supp. 1463, 1475 (N.D. Ga. 1997).

Third, blindly certifying a class as a discovery sanction would violate the constitutional due process rights of all absent putative class members. Absent class members have a fundamental Constitutional right to insist that the named plaintiffs at all times adequately represent their interests. Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 395 (1996); Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985). Class members also have the right to have the named plaintiffs' claims not be antagonistic to their own claims and interests -- a right safeguarded by the commonality and typicality requirements. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997); General Telephone Co. v. Falcon, 457 U.S. 147, 156-57 & n.13 (1982). Certifying these classes as a discovery sanction without any proof or court finding of adequacy, commonality, and typicality would violate absent class members' rights.

Fourth, Class Plaintiffs' request also violates Federal Rule of Civil Procedure 23 and well-settled Supreme Court and Eleventh Circuit precedent. Class Plaintiffs bear the burden of satisfying each element under Rule 23, Sikes v. Teleline, 281 F.3d 1350, 1359 (11th Cir. 2002), and the Court has a duty to perform a "rigorous analysis" to ensure that plaintiffs have met their burden. General Telephone, 457 U.S. at 156; *see also* Szabo v. Bridgeport Machs., 249 F.3d 672, 676 (7th Cir. 2001) (district court must "make whatever factual and legal inquiries are necessary" to determine that Rule 23 is satisfied before certifying a class). Class Plaintiffs nonetheless ask that this Court perform no analysis at all, let alone a "rigorous analysis," and instead simply demand that the classes be certified now, with all questions regarding

requirements of Rule 23 ignored altogether or, at a minimum, put off until later. Such an approach is contrary to Rule 23 and controlling law.

## Conclusion

Simply put, Class Plaintiffs are experiencing the negative consequences of <u>their own desire to consolidate</u> these cases. The fact that consolidation has slowed the progress of all of these cases does not justify the vilification of the Allstate Defendants, does not entitle Class Plaintiffs to sanctions not authorized by Rule 37, and certainly does not give the Class Plaintiffs a free pass on class certification. The Allstate Defendants, therefore, respectfully request that this Court deny the Motion of Certain Plaintiffs For Class Certification Against Allstate Defendants Due To Their Failure To Appear For Depositions in its entirety.

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 23rd day of August, 2002.

PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Allstate Insurance Company

#668673

LORI J. CALDWELL
Florida Bar No. 0268674
DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate Insurance Company

11

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021

```
-----Original Message-----
From: Valeta, Peter
Sent: Monday, August 05, 2002 10:42 AM
To: 'asg@gcjustice.com'; dshelton@rumberger.com
Cc: wrc@gcjustice.com; agarcia@phillipsgarcia.com;
cphillips@phillipsgarcia.com; dblan2155@aol.com; Lee@leeamlaw.com
Subject: RE: Allstate's emergency motion to stay/00-CV-6061/ appeal
02-12927A
```

Art--

To confirm our conversation, as I told you I will be on vacation on 8/19 and 8/20. Moreover, in light of the recent orders from the Court, including the order vacating the previous order setting a class certification discovery cut-off of 7/31 and indicating that a new scheduling order will be forthcoming, we are not willing to set any deposition dates. As you know, we have motions for protective orders and for stays pending in the district court based on the pendancy of the several arbitration motions. The 11th Circuit order you refer to does not change their viability or status.

Once the Court issues the new scheduling order, we will all have a better handle on the status of these matters and can then proceed accordingly.

Pete Valeta

```
-----Original Message-----
From: asg@gcjustice.com [mailto:asg@gcjustice.com]
Sent: Wednesday, July 24, 2002 1:59 PM
To: dshelton@rumberger.com; peter.valeta@rhmail.rosshardies.com
Cc: wrc@gcjustice.com; agarcia@phillipsgarcia.com;
cphillips@phillipsgarcia.com; dblan2155@aol.com; Lee@leeamlaw.com
Subject: Allstate's emergency motion to stay/00-CV-6061/ appeal
02-12927A
```

Dear Counsel,

As you may know by now, the 11th Circuit denied Allstate's Emergency Motion to Stay. In that connection, plaintiffs expect the responses to written discovbery by 7/31/02 and suggested deposition dates for the previously scheduled 7/10/02 & 7/11/02 deponents. I suggest 8/19/02 and 8/20/02. Please advise by 7/30/02.

Please be advised that failure to respond timely by Allstate will result in our having to file the appropriate sanction motion.

Arthur S. Gold

1

EXHIBIT "A"