UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.



___

THE CHIROPRACTIC CENTRE, INC., on behalf      01-6782
of itself and others similarly situated,

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendant.

___

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Superior's Motion to Dismiss (Docket Entry 249), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

The class action complaint was filed May 8, 2001, alleging jurisdiction pursuant to 28 U.S.C. § 1331, a claim arising under the laws of the United States, specifically 18 U.S.C. § 1961,

et seq. (the "RICO" Act). In addition to the RICO claim and a claim for declaratory judgment, the complaint alleges state law claims for unjust enrichment, third-party beneficiary breach of contract and violation of Fla. Stat. § 627.736.

The cases were consolidated for discovery with similar cases under Case No. 00-6061-Civ-Ferguson.

The defendant filed the instant motion to dismiss the complaint, asserting that the RICO claim is insufficient; therefore, the court lacks jurisdiction to consider the state law claims. The defendant also argues that the state law claims must be dismissed because they fail to state a claim for which relief may be granted. The motion is fully briefed and is ripe for consideration.

## II.   THE COMPLAINT

The complaint alleges that the defendant unlawfully reduced payments to the plaintiff, a medical care provider who treated persons making claims under the Person Injury Protection ("PIP") portion of the defendant's automobile insurance policies. The plaintiff participates in a preferred provider organization ("PPO") network, Sun Healthcare Plans of Florida, whereby the plaintiff charges reduced fees to members of the PPO. The plaintiff alleges that although the defendant never contracted to participate in the PPO, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of fees charged to members of the PPO. Attached to the complaint is an

"Explanation of Reductions" for a claim submitted for treatment of Carolyn Albritton, who was insured by the defendant. The document states that the reductions of payment are taken pursuant to the plaintiff's contract with Sun Healthcare Plans of Florida.

### III. RECOMMENDATIONS OF LAW

"The complaint should not be dismissed unless it appears that the [plaintiff] could 'prove no set of facts which would entitle him to relief.' " Jenkins v. McKeithen, 395 U.S. 411, 422, 89 S.Ct. 1843, 1849 (1969), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); Shands Teaching Hospital and Clinics, Inc. v. Beech Street Corp., 208 F.3d 1308, 1310 (11th Cir. 2000). The allegations of the complaint are taken as admitted; the complaint must be construed liberally in favor of the plaintiff. Jenkins, supra; United States v. Pemco Aeroplex, 195 F.3d 1234, 1236 (11th Cir. 1999)(en banc). Consideration of matters beyond the four corners of the complaint is improper in the context of a motion to dismiss. Thomas v. Burlington Industries, Inc., 769 F.Supp. 368, 370 (S.D. Fla 1991).

Attachments to the complaint are considered part of the pleading for all purposes, including a motion to dismiss the complaint. Solis-Ramirez v. Dept. of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985).

A.   RICO

The elements of a claim for civil RICO liability are (1) conduct, (2) of an enterprise, (3) through a pattern (4) of

racketeering activity. See, Langford v. Rite Aid of Alabama, Inc., 231 F.3d 1308 (11th Cir. 2000). "Racketeering activity" is defined as including any act indictable under a list of criminal offenses including federal mail fraud and wire fraud. Id. at 1312.

Mail fraud occurs when one (1) intentionally participates in a scheme to defraud another out of money or property and (2) uses the mail in furtherance of that scheme. Byrne v. Nezhat, 261 F.3d 1075, 1109 (11th Cir. 2001).

The motion to dismiss argues that the Court must dismiss the RICO claim because the complaint does not adequately plead mail fraud since the Explanation of Benefits forms (EOBs) mailed to the plaintiff did not contain misrepresentations that were intended to induce reliance on the part of the plaintiffs, to their detriment. Indeed, the defendant argues that the EOBs did not contain any misrepresentations, since they clearly identified the basis for the reduction of fees. The defendant also asserts that there was no detriment to the plaintiffs, since they were free to recover the reductions by filing a lawsuit to claim damages.

The defendant contends that the complaint also fails to plead wire fraud adequately, since it does not set forth the alleged fraud with particularity. Pelletier v. Zweifel, 921 F.2d 1465, 1498-99 (11th Cir. 1991)

The defendant argues that the complaint does not allege extortion since the plaintiffs do not allege the defendant used wrongful threats to obtain property from the plaintiffs. Callanan

4

<u>v. United States</u>, 223 F.2d 171 (8th Cir. 1955), <u>cert. denied</u>, 350 U.S. 802 (1955).

The defendant asserts that the complaint, while invoking 18 U.S.C. § 1962(d), cannot allege a conspiracy to commit mail fraud, wire fraud or extortion, since the allegations of mail fraud, wire fraud and extortion are all legally insufficient, as discussed above.

Next the defendant contends that the plaintiffs have failed to state a claim under the Travel Act, 18 U.S.C. § 1952(a), since the complaint fails to allege how interstate travel was used in furtherance of a particular unlawful activity.

Finally, the defendant asserts that the RICO claim is not proper for a class action, since each mailing constitutes an individual claim.

In response, the plaintiff notes that the Court has already denied four similar motions to dismiss the identical RICO claims in cases 00-6061, 00-6649, 00-7163 and 00-7692. The plaintiff refers the Court to its responses to those motions.

The defendant's reply argues that this case is different from those four cases because it is the only one wherein the EOB clearly states that the payment is reduced based on Sun Healthcare's PPO plan, thus there is no fraud. The defendant also asks the Court to scrutinize the RICO claim more closely than in the other cases, since this is the only case where the Court's

5

jurisdiction is based solely on the RICO count, rather than on diversity of citizenship.

The class action complaints in the consolidated cases are substantially identical. Construing these complaints liberally in favor of the plaintiffs, this Court has already rejected (Docket Entry 172) the arguments related to mail fraud, wire fraud, and conspiracy to commit mail and wire fraud. Browner v. Allstate Indemnity Co., 00-7163-Civ-Ferguson, Docket Entry 36 (motion to dismiss). Schmuck v. United States, 489 U.S. 705, 710-11 (1989)(use of mails may be incidental); Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997), cert. denied, 522 U.S. 996 (1997)(mail and wire fraud); Dererath Land Co. v. Sparr, 48 F.3d 353, 355 (8th Cir. 1995)(mailings themselves need not be misleading if they are in furtherance of a scheme to defraud).

Similarly, the Court rejected the arguments related to the claims of extortion and violation of the Travel Act. Brickell v. Progressive Express Ins. Co., Case No 00-6649-Civ-Ferguson, Docket Entry 47 (motion to dismiss). United States v. Haimowitz, 725 F.2d 1561, 1572 (11th Cir. 1984), cert. denied, 469 U.S. 1072 (1984).

Because the plaintiff sufficiently pleaded mail fraud, wire fraud and extortion, the complaint is sufficient to plead a conspiracy to commit these crimes pursuant to 18 U.S.C. § 1962(d).

The Court also rejected the argument that the plaintiff failed to sufficiently plead a pattern of racketeering. Richmond

v. Nationwide Cassel, 52 F.3d 640 (7th Cir. 1995); Colonial Penn Ins. Co. v. Value Rent-A-Car, Inc., 814 F.Supp. 1084, 1095(S.D.Fla. 1992).

Finally, the Court has denied requests to dismiss the claim as a class action complaint. Clearly this request is premature; it will be decided in the context of the motion to certify the class.

The defendant subsequently filed a notice of supplemental authority, In re: Managed Care Litigation, 185 F.Supp.2d 1310 (S.D.Fla. 2002), in which the Court held that the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), bars Florida residents from asserting RICO claims based on allegations of health insurance fraud.

The Court does not find this opinion persuasive. As Judge Moreno pointed out, the McCarran-Ferguson Act bars the claim only if the statute at issue is enforced solely by state administrative process and cannot serve as a basis for individual claims. Id. at 1321.

The defendant concedes that Fla. Stat. § 627.736 permits a private cause of action. However, the defendant argues that a lawsuit under § 627.736(10) cannot be brought by medical care providers, citing May v. Allstate Ins. Co., Case No. 00-6269-Civ-Dimitrouleas (S.D.Fla. April 13, 2000). Using the statutory evaluation test set forth in Fischer v. Metcalf, 543 So.2d 785, 788 (Fla. 3d DCA 1989), Judge Dimitrouleas found that Fla. Stat. §

627.736, in its entirety, barred claims by health care providers and dismissed a claim filed under subsection ten. Id. at 6.

The Fischer decision is at odds with Florida law, and with the defendant's concession that some sections of the statute permit a private cause of action. At least one Florida appellate court permitted certification of a class of health care providers alleging a claim pursuant to Fla. Stat. § 627.736(4)(c). Colonial Penn Ins. Co. v. Magnetic Imaging Systems I, Ltd., 694 So.2d 852 (Fla. 3d DCA 1997). There is no persuasive legal authority holding that Fla. Stat. § 627.736(10) does not support a private cause of action by health care providers. The McCarran-Ferguson Act does not bar the RICO claim with respect to Fla. Stat. § 627.736(10).

Accordingly, the Court should deny the motion to dismiss the RICO claim. Since the Court has jurisdiction to hear the case, the undersigned will consider the motion to dismiss the state law claims.

B.   Count V, Violation of Fla. Stat. § 627.736

The defendant argues that Fla. Stat. § 627.736(10) does not provide a cause of action in favor of medical providers.

As discussed above, Florida courts have certified medical care providers as a class to bring claims under § 627.736. See also, Shebovsky v. Peachtree Casualty Ins. Co., 8 Fla. L. Weekly Supp. 246(b) (Fla. 9th Judicial Circuit, December 20, 2000)(health care provider can bring claim under § 627.736(10).

C.        Count I, Unjust Enrichment

The defendant asserts that a claim for unjust enrichment, which is an equitable remedy, is not available when there is an adequate legal remedy. Gary v. D. Agustini & Asociados, S.A., 865 F.Supp. 818 (S.D.Fla. 1994). The defendant contends that the plaintiff also has failed to allege that the defendant received a direct benefit without paying the value thereof to the plaintiff. Hillman Construction Corp. v. Wainer, 636 So.2d 576 (Fla. 4th DCA 1996).

The Court has rejected these arguments in the related cases. Under Fed.R.Civ.P. 8(e), the plaintiff may plead claims in the alternative; thus, the claim for unjust enrichment is not barred by the contract claims. Brookhaven Landscape & Grading Co., Inc. v. J.F.Barton Contracting Co., 676 F.2d 517, 523 (11th Cir. 1982). The complaint sufficiently alleges that the defendant received the benefit of paying reduced medical bills for treatment of its insured. Accordingly, the Court should deny the motion to dismiss Count I.

### IV. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to dismiss be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The

Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 1C day of September, 2002.

                                             LURANA S. SNOW
                                          UNITED STATES MAGISTRATE JUDGE

Copies to:   Attached 01-6872 Service List

**SERVICE LIST**

**CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW**

---

**Chiropractic Centre, Inc. v. Superior Insurance**                    01-6782

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold,
                                        Lawson and Fundaro)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
Casey Fundaro, Esq (P)
Alan Nisberg, Esq. (D)