UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NOS.    00-6061; 00-6649; 00-7163; 00-7692; 01-6776;
01-6777; 01-6778; 01-6779; 01-6780; 01-6782; 01-6783;
01-8108;01-8110;01-8111;01-8549-CIV-FERGUSON

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third Party Plaintiff,

vs.

COMMUNITY CARE NETWORK, INC.,
d/b/a CCN.

    Third-Party Defendant.
_____/



FILED by _____ D.C.

SEP 30 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
ADMINISTRATIVELY CLOSING CASES**

    A motion filed by the defendant Hartford Insurance Company to compel arbitration, dismiss the amended complaint and stay discovery was referred to United States Magistrate Judge Lurana S. Snow for a report and recommendation.[1] After a hearing the Magistrate Judge issued a report which recommends that the motion to compel arbitration and the motion to dismiss be denied and

---

[1] This order impacts fifteen (15) cases which have been consolidated.

that the motion to stay discovery be found moot. Both parties have filed objections to parts of the report and recommendation. Hartford argues that the report is erroneous "because it is well-established that the Federal Arbitration Act (the "FAA") preempts state laws restricting the enforcement of arbitration agreements." Dr. Zidel contends that the Magistrate Judge's basis for recommending denial of arbitration-- that the arbitration clause is unconstitutional based on a Florida Supreme Court decision--falls short and that otherwise there would have been a duty to arbitrate, is erroneous.

The conclusion reached by the Magistrate Judge, that the motion to compel arbitration be denied, is adopted by this Court. Hartford's objection is **OVERRULED**. This Court agrees with the plaintiffs that the motion to compel arbitration should be denied for the additional reason that a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claim. For that reason the Plaintiffs' objection to the Report and Recommendation are **SUSTAINED**. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation is **ADOPTED** in part as the finding and conclusions of this Court. It is further

**ORDERED AND ADJUDGED that these cases are administratively closed.**[2] All other pending motions are dismissed without prejudice.

---

[2] The parties have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal.

**DONE AND ORDERED** in chambers, at Ft. Lauderdale, Florida, this 30th day of September, 2002.

_____
WILKIE D. FERGUSON, JR.
United States District Judge

cc:     All Counsel of Record