UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

    CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.
_____

ULTRA OPEN MRI CORPORATION, on behalf        01-6777
of itself and others similarly situated,

    Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

    Defendants.
_____

FILED by _____ D.C.

SEP 30 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

## REPORT AND RECOMMENDATION

    This cause is before the Court on Deerbrook Insurance Company's Motion to Compel Arbitration (Docket Entry 760), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

    The complaint was filed on May 8, 2001, alleging that the defendant unlawfully reduced payments to Ultra Open MRI Corporation (UOMC), a medical provider which treated persons making claims




under the defendant's Personal Injury Protection ("PIP") automobile insurance policies.

UOMC participates in a preferred provider organization ("PPO") network, whereby it charges reduced fees to members of the PPO. The plaintiff alleged that although the defendant never contracted to participate in the PPO network, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of the fees charged for members of the PPO. The complaint seeks a declaratory judgment and makes claims for unjust enrichment, third party beneficiary breach of contract, RICO mail and wire fraud and violation of Fla. Stat. § 627.736. Attached to the complaint is an Explanation of Medical Bill Payment for treatment provided to Ms. Jennifer Castro, who was insured under the PIP policy of Ms. Marta Jiminez.

The defendants filed the instant motion to compel UOMC to participate in arbitration in accordance with the provisions of the PIP policy issued to Ms. Jiminez on April 1, 2000. The plaintiff filed a response to the motion; however the defendants did not file a reply.

## II. RECOMMENDATIONS OF LAW

A. The Arbitration Clause and Florida Law

The Personal Injury Protection coverage is set forth in Part Three of the Policy DI 113, and provides:

>    ARBITRATION
>
>    Any claim dispute involving medical benefits under this part of the policy between us and a health care provider who has agreed to accept an assignment of personal injury protection benefits will be decided by arbitration upon the written request of either party. however, arbitration will not apply to disputes regarding the termination of persona injury protection benefits.

(DE 760, Exhibit A, Policy page 12)  The cover letter to the policy notes that the policy incorporates changes which took effect on April 1, 2000. (DE 760, Exhibit A, Policy cover letter)

The defendant asks the Court to require the plaintiff to submit its claims to arbitration pursuant to the terms of the policy.  The defendant refers the Court to the November 13, 2001, report and recommendation to compel arbitration in Case No. 01-6778-Civ-Ferguson, <u>Ultra Open MRI Corporation v. Prudential Property and Casualty Insurance Co.</u> (00-6061-Civ-Ferguson, Docket Entry 318).  In that report and recommendation, the undersigned upheld an arbitration clause in a PIP policy issued on August 1, 2000, incorporating a PIP arbitration clause dated July 2000.

The plaintiff's response asserts that the defendants' PIP provision is invalid because on February 2, 2000, the Florida Supreme Court held unconstitutional an amendment to Fla. Stat. § 627.736(5) which mandated a clause in PIP contracts which required arbitration of any disputes between insurers and medical care providers who had agreed to accept assignment of the insured's benefits.  <u>Nationwide Mutual Fire Insurance Co. v. Pinnacle</u>

Medical, Inc., 753 So.2d 55 (Fla. 2000)(holding unconstitutional the 1991 statute requiring mandatory arbitration for all medical providers accepting assignment). Subsequently one Florida court cited Pinnacle to invalidate a PIP arbitration clause in a policy issued while the arbitration requirement was part of the statute. Union American Insurance Co. v. U.S.A. Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding the issue was decided by Pinnacle.)

The defendant contends that any policy containing an arbitration clause which was issued after February 2, 2000, constitutes a independent contract between the parties, and does not contain an arbitration clause mandated by the statute. Marchesano v. Nationwide Property and Cas. Ins. Co., 506 So.2d 410, 413 (Fla. 1987)(upon each renewal of an insurance policy, an entire new and independent contract of insurance is created).

The plaintiff does not dispute this statement of the law. The plaintiff argues that the Court should strike the clause from the policy because it is unconstitutional for the same reasons the Pinnacle court invalidated the statutory arbitration requirement.

The Court is not convinced by the plaintiff's argument. The Pinnacle court held that "when a right of redress in courts preexisted the adoption of the Declaration of Rights of Florida's Constitution the Legislature cannot abolish that right without providing a reasonable alternative unless the Legislature can show

an overpowering public necessity for its abolishment and no alternative method of meeting such public necessity." <u>Pinnacle</u>, 753 So.2d at 57 (emphasis added), <u>citing</u>, <u>Kluger v. White</u>, 281 So.2d 1, 4 (Fla. 1973). Nothing in either <u>Kluger</u> or <u>Pinnacle</u> prohibits <u>parties</u> from entering into an contract to settle their disputes in arbitration. Indeed, the Florida Arbitration Code states "Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract . . .." Fla. Stat. § 682.02.

The plaintiff asserts that since the PIP arbitration provision is in a contract between the insurer and the insured, the arbitration provisions cannot be binding on the medical care provider, who is only an assignee and not a party to the contract. <u>Pinnacle</u>, 753 So.2d at 58 n. 4.

The Court finds that the plaintiff cannot base its complaint on its status as a third party beneficiary of the PIP policy, accept the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. <u>Interpool Ltd. v. Through Transport Mutual Insurance Assoc., Ltd.</u>, 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to

>   invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'
>   Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'" (citations omitted).

See, Livingston v. State Farm Mutual Automobile Ins. Co., 774 So.2d 716, 718 (Fla. 2d DCA 2000)(The provider has the option to not accept the assignment; when he accepts the assignment, he holds "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract.").

The arbitration clause at issue specifically binds the medical provider who accepts assignment, even though it has not signed the contract. Accordingly, the arbitration clause in the PIP contract is binding on the plaintiff.

B.      Arbitration Under the Federal Arbitration Act

The defendant urges the Court to enforce the arbitration clause under the "liberal federal policy favoring arbitration agreements." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 91 (2000).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, et seq., requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce. Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). If the plaintiff attempts to litigate claims, including statutory claims,

6

which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA). Courts must resolve ambiguities in favor of arbitration. Volt Information Services, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468, 475-76 (1989). The purpose of the FAA is to enforce arbitration provisions; the parties still may choose state rules and procedures for conducting the arbitration. Roadway Package System, Inc. v. Kayser, 257 F.3d 287 (3rd Cir. 2001).

The plaintiff again contends that it did not enter into a contract with the defendant; thus, the FAA cannot bind the plaintiff. "While federal law may govern the interpretation and enforcement of a valid arbitration agreement, state law governs the question of whether such an agreement exists in the first place." Eassa Properties v. Shearson Lehman Bothers, Inc., 851 F.2d 1301, 1304, n.7 (11th Cir. 1988).

The FAA requires a written agreement to arbitrate between the parties. Under Florida law the terms of the instant arbitration agreement are binding on the assignee who bases its claim on the contract between the insurer and the insured. Accordingly, the Court must enforce the PIP arbitration agreement under the requirements of the FAA.

7

C.  Waiver

The plaintiff contends that the defendant waived its right to compel arbitration since the motion to compel arbitration was filed more than a year after the complaint, and since the defendant substantially participated in the litigation during that time. S&H Contractors, Inc. v. A.J. Cole Co., Inc. 906 F.2d 1507, 1514 (11th Cir. 1990); Usher Syndicate Ltd. v. Figgie International, 1987 WL 19840 (S.D.Fla. 1987). The plaintiff lists thirteen filings by the defendants (an answer, motion for entry of a confidentiality order, motions for protective orders for discovery, responses to non-dispositive motions, and several motions for extensions of time).

The defendant contends that it could not file a motion to compel arbitration until the Court had considered similar pending motions. However, even if a party participates in discovery or filed a motion to dismiss, it has not waived the right to compel arbitration if the opposing party cannot show prejudice from the delay. Acevedo v. Caribbean Transportation, Inc., 673 So.2d 170, 175 (Fla. 3d DCA 1996), citing, Rush v. Oppenheimer & Co., 779 F.2d 885 (2d Cir. 1985). The defendant points out that through various stays, the parties have not engaged in discovery, thus there is no prejudice to the plaintiff.

The undersigned notes that the Court has already stayed consideration of several of the consolidated cases until the issue of arbitration has been decided through the appellate stage. A

8

similar motion has been filed in the instant case. Clearly the Court has determined that the issue of arbitration must be decided at the outset. The case is in the earliest stages of discovery. Thus there is no prejudice to the plaintiff in having the issue of arbitration decided now.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration be GRANTED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 30th day of September, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: The Attached 01-6777-Civ-Ferguson Service List

<u>**SERVICE LIST**</u>

<u>**CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW**</u>

<u>**Ultra Open MRI Corp., et. al. v. Deerbrook Insurance**</u>     01-6777

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold & Lawson)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
David Shelton, Esq. (D)
Peter Valeta, Esq. (D)
Scott Sarason, Esq. (Local Counsel for Valeta)