IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly )
Situated, )
Plaintiff, )
)
v. )
)
ALLSTATE INSURANCE COMPANY, )
Defendant / Third-Party Plaintiff, )
)
v. )
)
COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
Third-Party Defendant. )
_____)

## MOTION OF DEFENDANTS ALLSTATE INDEMNITY COMPANY, DEERBROOK INSURANCE COMPANY, FIDELITY AND CASUALTY COMPANY OF NEW YORK AND CONTINENTAL INSURANCE COMPANY, FOR REHEARING ON SEPTEMBER 30TH ORDER

It appears that the Court intended, through its September 30, 2002 Order, to suspend

litigation and place all of the parties on an equal footing to seek and receive prompt, substantive

determinations from the Eleventh Circuit on the defendants' various requests for arbitration.

Defendants, Allstate Indemnity Company (Case No. 00-7163-CIV-FERGUSON) ("Allstate

Indemnity"), Deerbrook Insurance Company (Case No. 01-6777-CIV-FERGUSON)

("Deerbrook"), Fidelity and Casualty Company of New York (Case No. 01-6779-CIV-

FERGUSON) ("Fidelity") and Continental Insurance Company (Case No. 01-6779-CIV-

FERGUSON) ("CNA") (collectively referred to as the "Movants"), do not take issue with the

Court's apparent intention, but nevertheless believe the Order, as entered, does not effectuate that

result for the following reasons: (1) the Order does not establish a right to appeal for any of the

other defendants, including Movants, only for Hartford; and (2) any appellate decision with regard to Hartford <u>will not resolve</u> the particular issues raised by the Movants' requests for arbitration and, therefore, additional motion practice in this Court and subsequent appeals will be necessary.

Movants, therefore, respectfully request that this honorable Court rehear and reconsider the Court's Order dated September 30, 2002, and issue a new Order that properly will permit a prompt determination of each party's rights to arbitrate in these matters. In support hereof, the Movants state as follows:

1.    The express language of the September 30th Order states that this Court (a) "sustained" and "adopted" the Magistrate Judge's Report and Recommendation to deny Hartford's Motion to compel arbitration in that case; (b) "dismissed without prejudice" all other pending motions; and (c) "administratively closed" all of the consolidated cases.

2.    Footnote 2 of the Order also specifically states the Court's apparent intent that the "parties will have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal."

3.    The language and effect of the Order does not appear to yield that outcome and has the potential to create significant confusion among the parties and the appellate court, and also to cause extensive delays in resolving the respective parties' rights to arbitration.

4.    The issues presented in the Hartford case are not necessarily representative of the issues presented in others of these consolidated cases. To the extent that the Court intended to allow Hartford to appeal immediately as a representative case, therefore, the intention of the Court is likely to be frustrated because pertinent issues may not be addressed by Hartford in its

appeal. That scenario, of course, portends the likelihood of a new round of seriatim motions and decisions, and substantial delays, even after the Hartford appeal is concluded.

5.      At the time the Court issued the Order, each of the Movants had a motion to compel arbitration pending which had been fully briefed. On the same day that the Order was entered, Magistrate Judge Snow issued a Report and Recommendation on each of the Movants' outstanding motions, recommending – unlike the Hartford Motion -- that they be granted and arbitration be compelled by the Court.

6.      As Magistrate Judge Snow's Reports and Recommendations make clear, the Hartford decision is not representative of Movants' cases.

a.      The insured identified in the Hartford action, Mahon, was insured under a policy issued by Hartford with an effective date of January 15, 1997.

b.      On February 3, 2000, the Florida Supreme Court declared unconstitutional the Florida statute that required mandatory arbitration for all medical providers who had accepted assignments of PIP benefits, in <u>Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc.</u>, 753 So.2d 55 (Fla. 2000).

c.      The holding of <u>Pinnacle</u> is limited to the constitutional validity of Fla. Stat. §627.736(5), which required the inclusion of arbitration provisions in all automobile insurance policies, and not the validity of arbitration provisions themselves. <u>See Delta Cas. Co. v. Pinnacle Med., Inc.</u>, 721 So.2d 321, 325 n.3 (Fla. 5th DCA 1998); <u>Livingston v. State Farm Mut. Auto Ins. Co.</u>, 774 So.2d 716, 718 (Fla. 2d DCA 2000).

d.      Magistrate Judge Snow recognized in her Report and Recommendation regarding Prudential's motion to compel arbitration in the consolidated case of <u>Ultra Open MRI Corp. v. Prudential Property and Cas. Ins. Co.</u>, No. 01-6778, that <u>Pinnacle</u> invalidated that

portion of Fla. Stat. §627.736(5) which mandated arbitration for medical care providers under a PIP contract, but it did not invalidate contractual agreements requiring arbitration. Since Ultra Open's complaint only referenced a single claim based on a policy issued on August 1, 2000, nearly five months after the statute was declared to be illegal in Pinnacle, Magistrate Judge Snow held the arbitration clause was not statutorily mandated. Instead, the arbitration clause constituted an independent agreement between the parties that was not affected or invalidated by Pinnacle.

      e.     In the aftermath of Pinnacle, therefore, the question of whether an insurer's arbitration clause is binding upon a medical provider is thus answered by looking at the date of issuance of the underlying policy. If the policy was issued after Pinnacle was decided, February 3, 2000, then the arbitration clause is binding and enforceable as to the medical provider.

      f.     Mahon's insurance contract with Hartford was entered into before the Florida Supreme Court issued its decision in Pinnacle.

      g.     The Magistrate Judge's Report and Recommendation in the Hartford case was based on the distinction between contracts entered into before and those entered into after Pinnacle, and the Magistrate Judge concluded that Pinnacle applied, and the arbitration clause at issue was invalid, because Mahon's policy was issued before February 3, 2000.

      h.     Magistrate Judge Snow's Reports and Recommendations for Movants' Motions to compel arbitration, each dated September 30, 2002 (attached hereto as Exhibits A, B and C), properly recognize that the circumstances present in Movants' cases are comparable to those in the Prudential matter, where the Magistrate Judge recommended that arbitration be compelled, and unlike those in Hartford. Like the Prudential case, and unlike the Hartford case,

4

Movants' requests for arbitration are based on contracts containing arbitration provisions that were issued *after* Pinnacle was decided, and are thus valid and enforceable.

   (1) The PIP policy at issue in the CNA case was issued to the insured, Odessa, on May 26, 2000. The Magistrate Judge found the policy, which contains an arbitration clause, was issued after February 3, 2000, and thus falls outside the reach of Pinnacle. The Magistrate Judge thus concluded, notwithstanding the Pinnacle decision, that the CNA arbitration clause is valid and binding upon both the insureds and their assignee, the medical provider.

   (2) The complaint in the Allstate Indemnity case does not identify a particular insured whose payment was reduced. The Magistrate Judge thus found that the arbitration clause in any Allstate Indemnity PIP contract issued after February 3, 2000 falls outside the reach of Pinnacle. The Magistrate Judge thus concluded, notwithstanding the Pinnacle decision, that the arbitration clause in any Allstate Indemnity contract issued after February 3, 2000, is valid and binding upon both the insured and his or her assignee, the medical provider.

   (3) The PIP policy at issue in the Deerbrook case was issued to the insured, Jiminez, on April 1, 2000. The Magistrate Judge found the policy, which contains an arbitration clause, was issued after February 3, 2000, thus falls outside the reach of Pinnacle. The Magistrate Judge thus concluded, notwithstanding the Pinnacle decision, that the Deerbrook arbitration clause is valid and binding upon both the insured and her assignee, the medical provider.

   i. The arbitration issue presented in these cases, contrary to the Magistrate Judge's Report and Recommendation in the Hartford matter which was adopted by the Court in

the September 30, 2002 Order, is thus not controlled by routine application of the decision in Pinnacle.

        j.     Consequently, Hartford cannot function as a representative appeal for the arbitration issues presented and which necessarily must be decided in connection with the Motions to compel arbitration in these Movants' actions.

        k.     If, indeed, the September 30, 2002 Order was based on the expectation of this Court that the anticipated appeal in the Hartford matter could resolve all of the issues presented by each of the other defendants' Motions to compel arbitration, the Movants respectfully submit the Order was in error. As a result, the September 30, 2002 Order should be vacated, the matter reheard and a new form of Order thereafter entered which more clearly matches the intention of the Court to allow all arbitration issues to be addressed promptly by the appellate court.

     7.     If, on the other hand, the Court intended the September 30, 2002 Order to constitute a basis for all parties to appeal their respective arbitration issues, the Order does not appear to accomplish that goal.

        a.     Section 16 of the Federal Arbitration Act allows for an immediate appeal from an order that refuses to compel arbitration. 9 U.S.C. § 16. E.g., Bess v. Check Express, 2002 WL 1337304 (11th Cir., June 19, 2002)(denial of motion to compel arbitration was appealable pursuant to Section 16(a)); Telecom Italia, SPA v. Wholesale Telecom Corp., 248 F.3d 1109, 1114 (11th Cir. 2001)(denial of motion seeking stay pending arbitration was appealable under Section 16(a)).

        b.     The September 30, 2002 Order did *not* expressly deny the Motions to compel arbitration in Movants' cases, or any case other than the Hartford case. The Order does

not address the substance of any Motion other than Hartford's Motion. The Order merely serves to "dismiss" all Motions, other than Hartford's Motion, and administratively closes all of the consolidated cases.

      c.     As a result, the Court's conclusion that the "parties will have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal" may be unfounded, in light of the requirements of Section 16, for any case other than the Hartford case.

      d.     If, as it appears, the September 30, 2002 Order was based on the expectation of this Court that all defendants would be allowed an immediate appeal of the issues presented by their respective Motions to compel arbitration, the Movants respectfully submit the Order is in error. As a result, the September 30, 2002 Order should be vacated, the matter reheard and a new form of Order thereafter entered which addresses the substance of each Motion to compel arbitration that was pending before this Court, in order to effectuate the Court's intention to facilitate appellate review of all arbitration issues in these consolidated matters.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail

to counsel on the attached service list this ___8th___ day of October, 2002.


PETER J. VALETA
Florida Bar No. 327557
ROSS & HARDIES
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 750-3619
Telecopier: (312) 750-8600
Attorneys for Allstate Indemnity Company,
Deerbrook Insurance Company, Fidelity and
Casualty Company of New York and
Continental Insurance Company

674054

DAVID B. SHELTON
Florida Bar No. 0710539
RUMBERGER, KIRK & CALDWELL
P.O. Box 1873
Orlando, Florida 32802
Telephone: (407) 839-4511
Telecopier: (407) 841-2133
Attorneys for Allstate Indemnity Company,
Deerbrook Insurance Company, Fidelity and
Casualty Company of New York and
Continental Insurance Company

# SERVICE LIST

### Co-Lead Counsel for Plaintiffs

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

### Co-Counsel for Plaintiffs

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

### Counsel for Beech Street and ADP

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

### Counsel for Progressive

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

### Counsel for CCN

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

### Counsel for Nationwide

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

      Third-Party Defendant.



FILED by _____ D.C.
FILED by _____ D.C.
SEP 3 0 2002
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

_____

MARC. J. BROWNER, D.C., individually and      00-7163
on behalf of others similarly situated,

      Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY, BEECH STREET
CORPORATION and ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      This cause is before the Court on Allstate Indemnity
Company's Motion to Compel Arbitration (Docket Entry 759), which
was referred to United States Magistrate Judge Lurana S. Snow for
report and recommendation.

### I. PROCEDURAL HISTORY

      The complaint was filed on August 16, 2000, alleging that
Allstate Indemnity Company ("Allstate") unlawfully reduced payments

**EXHIBIT "A"**

to the plaintiff, a medical care provider which treated persons
making claims under the defendant's Personal Injury Protection
("PIP") automobile insurance policies.

The plaintiff participates in a preferred provider
organization ("PPO") network, whereby it charges reduced fees to
members of the PPO.  The plaintiff alleged that although the
defendant never contracted to participate in the PPO network, as
permitted by Florida law, it began discounting fees for the
plaintiff's services to the level of the fees charged for members
of the PPO. The complaint seeks a declaratory judgment and makes
claims against Allstate for unjust enrichment, third party
beneficiary breach of contract, RICO mail and wire fraud and
violation of Fla. Stat. § 627.736.[1]

The complaint does not identify any particular insured
person whose payment was reduced. However, Exhibit 1 to the Civil
Rico Statement refers to Ms. Bridget Knott as an insured.  Allstate
notes that Ms. Knott is not insured with Allstate, but instead is
insured with Allstate Insurance Company.

The defendant filed the instant motion to compel the
plaintiff to participate in arbitration in accordance with the
provisions of Allstate's standard PIP policies.[2]   The plaintiff

---

[1]  The Court dismissed the claim for violation of the Lanham
Act, 15 U.S.C. § 1125, et seq.

[2]  Article III, Section 2, limits the Court's jurisdiction
to "controversies" arising between the parties.  The defendant
asserts that there is no controversy between the plaintiff and

2

filed a response to the motion; however the defendants did not file a reply.

## II.  RECOMMENDATIONS OF LAW

A.        The Arbitration Clause and Florida Law

Allstate's example of its Personal Injury Protection coverage is set forth in the affidavit of James Falkingham, who provides the arbitration clause in Allstate's PIP policies prior to and subsequent to February 3, 2000.  The clause was included in new policies issued before March 17, 2001, and in renewals of policies before April 18, 2001. (DE 759, Exhibit B)

> ARBITRATION
>
> Any claim dispute involving medical benefits under this part of the policy between us and a health care provider who has agreed to accept an assignment of personal injury protection benefits will be decided by arbitration upon the written request of either party.  however, arbitration will not apply to disputes regarding the termination of persona injury protection benefits.

(Id., Exhibit A to the Affidavit)

The defendants refer the Court to the November 13, 2001, report and recommendation to compel arbitration in Case No. 01-6778-Civ-Ferguson, Ultra Open MRI Corporation v. Prudential Property and Casualty Insurance Co. (00-6061-Civ-Ferguson, Docket

---

Allstate for the treatment of Ms. Knott.  However, the complaint is silent about any particular insured, and makes general allegations regarding Allstate's insureds.  Since the complaint alleges a class action involving Allstate's PIP policies, the undersigned will consider Allstate's proffered standard policy.

Entry 318). In that report and recommendation, the undersigned upheld an arbitration clause in a PIP policy issued on August 1, 2000, incorporating a PIP arbitration clause dated July 2000.

The plaintiff's response asserts that the defendants' PIP provision is invalid because on February 3, 2000, the Florida Supreme Court held unconstitutional an amendment to Fla. Stat. § 627.736(5) which mandated a clause in PIP contracts which required arbitration of any disputes between insurers and medical care providers who had agreed to accept assignment of the insured's benefits. Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000)(holding unconstitutional the 1991 statute requiring mandatory arbitration for all medical providers who accept PIP assignment). Subsequently one Florida court cited Pinnacle to invalidate a PIP arbitration clause drafted while the arbitration requirement was part of the statute. Union American Insurance Co. v. U.S.A. Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding that the issue had been decided by Pinnacle.)

The defendant contends that since the plaintiff has failed to identify a single PIP policy, any claim based on PIP policies issued after February 3, 2000, which contains a mandatory arbitration clause must be arbitrated, since those policies all

4

contain arbitration clauses.[3]

The plaintiff argues that the Court should strike the arbitration clauses from policies issued after February 3, 2000, because these are unconstitutional for the same reasons the _Pinnacle_ court invalidated the statutory arbitration requirement.

The Court is not convinced by the plaintiff's argument. The _Pinnacle_ court held that "when a right of redress in courts preexisted the adoption of the Declaration of Rights of Florida's Constitution the _Legislature_ cannot abolish that right without providing a reasonable alternative unless the Legislature can show an overpowering public necessity for its abolishment and no alternative method of meeting such public necessity." _Pinnacle_, 753 So.2d at 57 (emphasis added), _citing_, _Kluger v. White_, 281 So.2d 1, 4 (Fla 1973). Nothing in either _Kluger_ or _Pinnacle_ prohibits _parties_ from entering into an contract to settle their disputes in arbitration. Indeed, the Florida Arbitration Code states "Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract . . .." Fla. Stat. § 682.02.

---

[3] When the policy is renewed, it constitutes a new and independent contract. _Marchesano v. Nationwide Property and Cas. Ins. Co._, 506 So.2d 410 413 (Fla. 1987).

5

The plaintiff asserts that since the PIP arbitration provision is in a contract between the insurer and the insured, the arbitration provisions cannot be binding on the medical care provider, who is only an assignee and not a party to the contract. Pinnacle, 753 So.2d at 58 n. 4.

The Court finds that the plaintiff cannot base its complaint on its status as a third party beneficiary of the PIP policy, accept the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. Interpool Ltd. v. Through Transport Mutual Insurance Assoc., Ltd., 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'
> Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'" (citations omitted).

See, Livingston v. State Farm Mutual Automobile Ins. Co., 774 So.2d 716, 718 (Fla. 2d DCA 2000)(The provider has the option to not accept the assignment; when he accepts the assignment, he holds "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract.").

The arbitration clause in the defendant's PIP policies specifically binds the medical provider who accepts assignment,

even though it has not signed the contract. Accordingly, the arbitration clause in any PIP contract issued after February 3, 2000, is binding on the plaintiff.

B.    Arbitration Under the Federal Arbitration Act

The defendant urges the Court to enforce the arbitration clause under the "liberal federal policy favoring arbitration agreements." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 91 (2000).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, et seq., requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce. Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). If the plaintiff attempts to litigate claims, including statutory claims, which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA). Courts must resolve ambiguities in favor of arbitration. Volt Information Services, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468, 475-76 (1989). The purpose of the FAA is to enforce arbitration provisions; the parties still may choose state rules and procedures for conducting the arbitration. Roadway Package System, Inc. v. Kayser, 257 F.3d 287 (3rd Cir. 2001).

7

The plaintiff again contends that it did not enter into a contract with the defendant; thus, the FAA cannot bind the plaintiff. "While federal law may govern the interpretation and enforcement of a valid arbitration agreement, state law governs the question of whether such an agreement exists in the first place." Eassa Properties v. Shearson Lehman Bothers, Inc., 851 F.2d 1301, 1304, n.7 (11th Cir. 1988).

The FAA requires a written agreement to arbitrate between the parties. Under Florida law the terms of Allstate's post February 3, 2000, arbitration agreements are binding on the assignee who bases its claim on the contract between the insurer and the insured. Accordingly, the Court must enforce the PIP arbitration agreement under the requirements of the FAA.

C.      Waiver

The plaintiff contends that the defendant waived its right to compel arbitration since the motion to compel arbitration was filed almost two years after the complaint, and since the defendant substantially participated in the litigation during that time. S&H Contractors, Inc. v. A.J. Cole Co., Inc. 906 F.2d 1507, 1514 (11th Cir. 1990); Usher Syndicate Ltd. v. Figgie International, 1987 WL 19840 (S.D.Fla. 1987). The plaintiff lists eighteen filings by the defendants (a motion to dismiss, an answer, a motion for entry of a confidentiality order, motions for protective orders for discovery, responses to non-dispositive motions, and several motions for extensions of time).

8

The defendant contends that it could not file a motion to compel arbitration until the Court had considered similar pending motions. However, even if a party participates in discovery or filed a motion to dismiss, it has not waived the right to compel arbitration if the opposing party cannot show prejudice from the delay. Acevedo v. Caribbean Transportation, Inc., 673 So.2d 170, 175 (Fla. 3d DCA 1996), citing, Rush v. Oppenheimer & Co., 779 F.2d 885 (2d Cir. 1985). The defendant points out that through various stays, the parties have not engaged in discovery, thus there is no prejudice to the plaintiff.

The undersigned notes that the Court has already stayed consideration of several of the consolidated cases until the issue of arbitration has been decided through the appellate stage. A similar motion has been filed in the instant case. Clearly the Court has determined that the issue of arbitration must be decided at the outset. The case is in the earliest stages of discovery. Thus there is no prejudice to the plaintiff in having the issue of arbitration decided now.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration be GRANTED for claims based on Allstate's PIP policies issued after February 3, 2002.

9

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 30th day of September, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: The Attached 00-7163-Civ-Ferguson Service List

10

## SERVICE LIST

### CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Mark Broner, D.C., et al. v. Allstate Indemnity, et al.       00-7163

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold &
                                                 Lawson)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
David Shelton, Esq. (D - Allstate)
Peter Valeta, Esq. (D - Allstate)
Scott Sarason, Esq. (Local Counsel for Valeta)
Cornelius Tew, Jr., Esq. (D - Beech Street Corp. and ADP)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

     Third-Party Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf                    01-6777
of itself and others similarly situated,

     Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

     Defendants.

```
FILED by _____ D.C.

SEP 3 0 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD
```

**RECEIVED**

OCT 0 1 2002

Orlando Law Offices of
Rumberger, Kirk & Caldwell, P.A.

## REPORT AND RECOMMENDATION

     This cause is before the Court on Deerbrook Insurance
Company's Motion to Compel Arbitration (Docket Entry 760), which
was referred to United States Magistrate Judge Lurana S. Snow for
report and recommendation.

### I. PROCEDURAL HISTORY

     The complaint was filed on May 8, 2001, alleging that the
defendant unlawfully reduced payments to Ultra Open MRI Corporation
(UOMC), a medical provider which treated persons making claims

**EXHIBIT "B"**

under the defendant's Personal Injury Protection ("PIP") automobile insurance policies.

UOMC participates in a preferred provider organization ("PPO") network, whereby it charges reduced fees to members of the PPO. The plaintiff alleged that although the defendant never contracted to participate in the PPO network, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of the fees charged for members of the PPO. The complaint seeks a declaratory judgment and makes claims for unjust enrichment, third party beneficiary breach of contract, RICO mail and wire fraud and violation of Fla. Stat. § 627.736. Attached to the complaint is an Explanation of Medical Bill Payment for treatment provided to Ms. Jennifer Castro, who was insured under the PIP policy of Ms. Marta Jiminez.

The defendants filed the instant motion to compel UOMC to participate in arbitration in accordance with the provisions of the PIP policy issued to Ms. Jiminez on April 1, 2000. The plaintiff filed a response to the motion; however the defendants did not file a reply.

## II.  RECOMMENDATIONS OF LAW

### A.        The Arbitration Clause and Florida Law

The Personal Injury Protection coverage is set forth in Part Three of the Policy DI 113, and provides:

2

ARBITRATION

Any claim dispute involving medical benefits under this part of the policy between us and a health care provider who has agreed to accept an assignment of personal injury protection benefits will be decided by arbitration upon the written request of either party. however, arbitration will not apply to disputes regarding the termination of persona injury protection benefits.

(DE 760, Exhibit A, Policy page 12) The cover letter to the policy notes that the policy incorporates changes which took effect on April 1, 2000. (DE 760, Exhibit A, Policy cover letter)

The defendant asks the Court to require the plaintiff to submit its claims to arbitration pursuant to the terms of the policy. The defendant refers the Court to the November 13, 2001, report and recommendation to compel arbitration in Case No. 01-6778-Civ-Ferguson, <u>Ultra Open MRI Corporation v. Prudential Property and Casualty Insurance Co.</u> (00-6061-Civ-Ferguson, Docket Entry 318). In that report and recommendation, the undersigned upheld an arbitration clause in a PIP policy issued on August 1, 2000, incorporating a PIP arbitration clause dated July 2000.

The plaintiff's response asserts that the defendants' PIP provision is invalid because on February 2, 2000, the Florida Supreme Court held unconstitutional an amendment to Fla. Stat. § 627.736(5) which mandated a clause in PIP contracts which required arbitration of any disputes between insurers and medical care providers who had agreed to accept assignment of the insured's benefits. <u>Nationwide Mutual Fire Insurance Co. v. Pinnacle</u>

3

Medical, Inc., 753 So.2d 55 (Fla. 2000)(holding unconstitutional the 1991 statute requiring mandatory arbitration for all medical providers accepting assignment).  Subsequently one Florida court cited Pinnacle to invalidate a PIP arbitration clause in a policy issued while the arbitration requirement was part of the statute. Union American Insurance Co. v. U.S.A. Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding the issue was decided by Pinnacle.)

The defendant contends that any policy containing an arbitration clause which was issued after February 2, 2000, constitutes a independent contract between the parties, and does not contain an arbitration clause mandated by the statute. Marchesano v. Nationwide Property and Cas. Ins. Co., 506 So.2d 410, 413 (Fla. 1987)(upon each renewal of an insurance policy, an entire new and independent contract of insurance is created).

The plaintiff does not dispute this statement of the law. The plaintiff argues that the Court should strike the clause from the policy because it is unconstitutional for the same reasons the Pinnacle court invalidated the statutory arbitration requirement.

The Court is not convinced by the plaintiff's argument. The Pinnacle court held that "when a right of redress in courts preexisted the adoption of the Declaration of Rights of Florida's Constitution the Legislature cannot abolish that right without providing a reasonable alternative unless the Legislature can show

4

an overpowering public necessity for its abolishment and no alternative method of meeting such public necessity." *Pinnacle*, 753 So.2d at 57 (emphasis added), *citing*, *Kluger v. White*, 281 So.2d 1, 4 (Fla. 1973). Nothing in either *Kluger* or *Pinnacle* prohibits parties from entering into an contract to settle their disputes in arbitration. Indeed, the Florida Arbitration Code states "Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract . . .." Fla. Stat. § 682.02.

The plaintiff asserts that since the PIP arbitration provision is in a contract between the insurer and the insured, the arbitration provisions cannot be binding on the medical care provider, who is only an assignee and not a party to the contract. *Pinnacle*, 753 So.2d at 58 n. 4.

The Court finds that the plaintiff cannot base its complaint on its status as a third party beneficiary of the PIP policy, accept the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. *Interpool Ltd. v. Through Transport Mutual Insurance Assoc., Ltd.*, 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to

5

invoke.   'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'
    Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'"   (citations omitted).

See, Livingston v. State Farm Mutual Automobile Ins. Co., 774 So.2d 716, 718 (Fla. 2d DCA 2000)(The provider has the option to not accept the assignment; when he accepts the assignment, he holds "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract.").

The arbitration clause at issue specifically binds the medical provider who accepts assignment, even though it has not signed the contract.   Accordingly, the arbitration clause in the PIP contract is binding on the plaintiff.

B.      Arbitration Under the Federal Arbitration Act

The defendant urges the Court to enforce the arbitration clause under the "liberal federal policy favoring arbitration agreements."   Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 91 (2000).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, et seq., requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce.   Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983).   If the plaintiff attempts to litigate claims, including statutory claims,

6

which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA). Courts must resolve ambiguities in favor of arbitration. Volt Information Services, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468, 475-76 (1989).    The purpose of the FAA is to enforce arbitration provisions; the parties still may choose state rules and procedures for conducting the arbitration. Roadway Package System, Inc. v. Kayser, 257 F.3d 287 (3rd Cir. 2001).

The plaintiff again contends that it did not enter into a contract with the defendant; thus, the FAA cannot bind the plaintiff. "While federal law may govern the interpretation and enforcement of a valid arbitration agreement, state law governs the question of whether such an agreement exists in the first place." Eassa Properties v. Shearson Lehman Bothers, Inc., 851 F.2d 1301, 1304, n.7 (11th Cir. 1988).

The FAA requires a written agreement to arbitrate between the parties. Under Florida law the terms of the instant arbitration agreement are binding on the assignee who bases its claim on the contract between the insurer and the insured.    Accordingly, the Court must enforce the PIP arbitration agreement under the requirements of the FAA.

7

C.      Waiver

The plaintiff contends that the defendant waived its right to compel arbitration since the motion to compel arbitration was filed more than a year after the complaint, and since the defendant substantially participated in the litigation during that time. S&H Contractors, Inc. v. A.J. Cole Co., Inc. 906 F.2d 1507, 1514 (11th Cir. 1990); Usher Syndicate Ltd. v. Figgie International, 1987 WL 19840 (S.D.Fla. 1987). The plaintiff lists thirteen filings by the defendants (an answer, motion for entry of a confidentiality order, motions for protective orders for discovery, responses to non-dispositive motions, and several motions for extensions of time).

The defendant contends that it could not file a motion to compel arbitration until the Court had considered similar pending motions. However, even if a party participates in discovery or filed a motion to dismiss, it has not waived the right to compel arbitration if the opposing party cannot show prejudice from the delay. Acevedo v. Caribbean Transportation, Inc., 673 So.2d 170, 175 (Fla. 3d DCA 1996), citing, Rush v. Oppenheimer & Co., 779 F.2d 885 (2d Cir. 1985). The defendant points out that through various stays, the parties have not engaged in discovery, thus there is no prejudice to the plaintiff.

The undersigned notes that the Court has already stayed consideration of several of the consolidated cases until the issue of arbitration has been decided through the appellate stage.    A

8

similar motion has been filed in the instant case. Clearly the Court has determined that the issue of arbitration must be decided at the outset. The case is in the earliest stages of discovery. Thus there is no prejudice to the plaintiff in having the issue of arbitration decided now.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration be GRANTED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 30th day of September, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: The Attached 01-6777-Civ-Ferguson Service List

9

**SERVICE LIST**

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

<u>Ultra Open MRI Corp., et. al. v. Deerbrook Insurance</u>          01-6777

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold &
                                                    Lawson)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
David Shelton, Esq. (D)
Peter Valeta, Esq. (D)
Scott Sarason, Esq. (Local Counsel for Valeta)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

RECEIVED

OCT 01 2002

Orlando Law Offices of
Rumberger, Kirk & Caldwell, P.A.

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

     Third-Party Defendant.

FILED by _____ D.C.

SEP 30 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

———————————————

ULTRA OPEN MRI CORPORATION, on behalf           01-6779
of itself and others similarly situated,

     Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

     Defendants.

———————————————

### REPORT AND RECOMMENDATION

This cause is before the Court on the Fidelity Casualty Company of New York and The Continental Insurance Company's Motion to Compel Arbitration (Docket Entry 761), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

The complaint was filed on May 8, 2001, alleging that the defendants unlawfully reduced payments to Ultra Open MRI

**EXHIBIT "C"**

Corporation (UOMC), a medical provider which treated persons making claims under the defendants' Personal Injury Protection ("PIP") automobile insurance policies.

UOMC participates in a preferred provider organization ("PPO") network, whereby it charges reduced fees to members of the PPO. The plaintiff alleged that although the defendants never contracted to participate in the PPO network, as permitted by Florida law, they began discounting fees for the plaintiff's services to the level of the fees charged for members of the PPO. The complaint seeks a declaratory judgment and makes claims for unjust enrichment, third party beneficiary breach of contract, RICO mail and wire fraud and violation of Fla. Stat. § 627.736. Attached to the complaint is an Explanation of Reimbursement for treatment provided to Ms. Janinda Odessa for injuries sustained on September 29, 2000.

The defendants filed the instant motion to compel UOMC to participate in arbitration in accordance with the provisions of the PIP policy issued to Mr. and Ms. Odessa on May 26, 2000. The plaintiff filed a response to the motion; however the defendants did not file a reply.

## II.   RECOMMENDATIONS OF LAW

### A.   The Arbitration Clause and Florida Law

The Personal Injury Protection coverage is set forth in the "Optional Coverage" endorsement version dated 01-99. (DE 761,

2

Exhibit A, Endorsement G-23166C, Ed. 01-99). The endorsement provides:

> ARBITRATION
>
> If a provider of medical services or supplies has agreed to accept assignment of personal injury protection benefits:
>
> 1. Any claims dispute, involving medical expenses, between that provider and us shall be subject to binding arbitration in accordance with the Florida Arbitration Code.

Id. at p. 6.

The defendants ask the Court to require the plaintiff to submit its claims to arbitration pursuant to the terms of the policy. The defendants refer the Court to the November 13, 2001, report and recommendation to compel arbitration in Case No. 01-6778-Civ-Ferguson, Ultra Open MRI Corporation v. Prudential Property and Casualty Insurance Co. (00-6061-Civ-Ferguson, Docket Entry 318). In that report and recommendation, the undersigned upheld an arbitration clause in a PIP policy issued on August 1, 2000, incorporating a PIP arbitration clause dated July 2000.

The plaintiff's response asserts that the defendants' PIP provision, in a version dated January 1999, is invalid because the 1999 version was based on an amendment to Fla. Stat. § 627.736(5) which was declared unconstitutional on February 3, 2000. Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000)(holding unconstitutional the 1991 statute requiring mandatory arbitration for all medical provider who accept

assignment of PIP benefits). Subsequently one Florida court cited Pinnacle to invalidate a PIP arbitration clause drafted while the arbitration requirement was part of the statute. Union American Insurance Co. v. U.S.A. Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding that the issue had been decided by Pinnacle.)

The defendants contend that any policy containing an arbitration clause, which was issued after February 3, 2000, constitutes a independent contract between the parties, and does not contain an arbitration clause mandated by the statute. Marchesano v. Nationwide Property and Cas. Ins. Co., 506 So.2d 410, 413 (Fla. 1987)(upon each renewal of an insurance policy, an entire new and independent contract of insurance is created).

The plaintiff does not dispute this statement of the law. The plaintiff argues that the Court should strike the clause from the policy because it is unconstitutional for the same reasons the Pinnacle court invalidated the statutory arbitration requirement.

The Court is not convinced by the plaintiff's argument. The Pinnacle court held that "when a right of redress in courts prexisted the adoption of the Declaration of Rights of Florida's Constitution the Legislature cannot abolish that right without providing a reasonable alternative unless the Legislature can show an overpowering public necessity for its abolishment and no alternative method of meeting such public necessity." Pinnacle,

4

753 So.2d at 57 (emphasis added), citing, Kluger v. White, 281 So.2d 1, 4 (Fla 1973).   Nothing in either Kluger or Pinnacle prohibits parties from entering into an contract to settle their disputes in arbitration. Indeed, the Florida Arbitration Code states "Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract . . .." Fla. Stat. § 682.02.

The plaintiff asserts that since the PIP arbitration provision is in a contract between the insurer and the insured, the arbitration provisions cannot be binding on the medical care provider, who is only an assignee and not a party to the contract. Pinnacle, 753 So.2d at 58 n. 4.

The Court finds that the plaintiff cannot base its complaint on its status as a third party beneficiary of the PIP policy, accept the benefits owed to the insured, and at the same time claim that the assignment is not binding on it.   Interpool Ltd. v. Through Transport Mutual Insurance Assoc., Ltd., 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke.   'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'
> Ordinary principles of contract law are

used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'" (citations omitted).

See, Livingston v. State Farm Mutual Automobile Ins. Co., 774 So.2d 716, 718 (Fla. 2d DCA 2000)(The provider has the option to not accept the assignment; when he accepts the assignment, he holds "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract.").

The arbitration clause at issue specifically binds the medical provider who accepts assignment, even though it has not signed the contract. Accordingly, the arbitration clause in the PIP contract is binding on the plaintiff.

B.      Arbitration Under the Federal Arbitration Act

The defendants urge the Court to enforce the arbitration clause under the "liberal federal policy favoring arbitration agreements." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 91 (2000).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, et seq., requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce. Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). If the plaintiff attempts to litigate claims, including statutory claims, which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. Shearson/American

6

_Express Inc. v. McMahon_, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA). Courts must resolve ambiguities in favor of arbitration. _Volt Information Services, Inc. v. Board of Trustees of the Leland Stanford Junior University_, 489 U.S. 468, 475-76 (1989). The purpose of the FAA is to enforce arbitration provisions; the parties still may choose state rules and procedures for conducting the arbitration. _Roadway Package System, Inc. v. Kayser_, 257 F.3d 287 (3rd Cir. 2001).

The plaintiff again contends that it did not enter into a contract with the defendant; thus, the FAA cannot bind the plaintiff. "While federal law may govern the interpretation and enforcement of a valid arbitration agreement, state law governs the question of whether such an agreement exists in the first place." _Eassa Properties v. Shearson Lehman Bothers, Inc._, 851 F.2d 1301, 1304, n.7 (11th Cir. 1988).

The FAA requires a written agreement to arbitrate between the parties. Under Florida law the terms of the instant arbitration agreement are binding on the assignee who bases its claim on the contract between the insurer and the insured. Accordingly, the Court must enforce the PIP arbitration agreement under the requirements of the FAA.

C.      Waiver

The plaintiff contends that the defendants waived their right to compel arbitration since the motion to compel arbitration

7

was filed more than a year after the complaint, and since the defendants substantially participated in the litigation during that time. <u>S&H Contractors, Inc. v. A.J. Cole Co., Inc.</u> 906 F.2d 1507, 1514 (11th Cir. 1990); <u>Usher Syndicate Ltd. v. Figgie International</u>, 1987 WL 19840 (S.D.Fla. 1987). The plaintiff lists thirteen filings by the defendants (an answer, motion for entry of a confidentiality order, motions for protective orders for discovery, responses to non-dispositive motions, and several motions for extensions of time).

The defendants contend that they could not file a motion to compel arbitration until the Court had considered similar pending motions. However, even if a party participates in discovery or filed a motion to dismiss, it has not waived the right to compel arbitration if the opposing party cannot show prejudice from the delay. <u>Acevedo v. Caribbean Transportation, Inc.</u>, 673 So.2d 170, 175 (Fla. 3d DCA 1996), <u>citing</u>, <u>Rush v. Oppenheimer & Co.</u>, 779 F.2d 885 (2d Cir. 1985). The defendants point out that through various stays, the parties have not engaged in discovery, thus there is no prejudice to the plaintiff.

The undersigned notes that the Court has already stayed consideration of several of the consolidated cases until the issue of arbitration has been decided through the appellate stage. A similar motion has been filed in the instant case. Clearly the Court has determined that the issue of arbitration must be decided at the outset. The instant case is still in the earliest stages of

8

discovery, Thus, there is no prejudice to the plaintiff in having the issue of arbitration decided now.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration be GRANTED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 30th day of September, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: The Attached 01-6779-Civ-Ferguson Service List

9

## SERVICE LIST

### CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

**Ultra Open MRI Corp., et al. v. Fidelity, et al.**                    01-6779

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold &
                                        Lawson)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
David Shelton, Esq. (D)
Peter Valeta, Esq. (D)
Scott Sarason, Esq. (Local Counsel for Valeta)