IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 00-CIV-6061-FERGUSON/SNOW
(Consolidated)

DR. PAUL ZIDEL, and all others similarly Situated,
Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
Defendant / Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,
Third-Party Defendant.

## MOTION OF DEFENDANT, ALLSTATE INSURANCE COMPANY, FOR REHEARING ON SEPTEMBER 30TH ORDER

It appears that the Court intended, through its September 30, 2002 Order, to suspend litigation and place all of the parties on an equal footing to seek and receive prompt, substantive determinations from the Eleventh Circuit on the defendants' various requests for arbitration. Defendant, Allstate Insurance Company (Case No. 00-6061-CIV-FERGUSON) ("Movant"), does not take issue with the Court's apparent intention, but nevertheless believes the Order, as entered, does not effectuate that result for the following reasons: (1) the Order does not establish a right to appeal for any of the other defendants, including Movant, only for Hartford; and (2) any appellate decision with regard to Hartford will not resolve the particular issues raised by the Movant's request for arbitration and, therefore, additional motion practice in this Court and subsequent appeals will be necessary.

Movant, therefore, respectfully requests that this honorable Court rehear and reconsider the Court's Order dated September 30, 2002, and issue a new Order that properly will permit a prompt determination of each party's rights to arbitrate in these matters. In support hereof, the Movant states as follows:

1. The express language of the September 30th Order states that this Court (a) "sustained" and "adopted" the Magistrate Judge's Report and Recommendation to deny Hartford's Motion to compel arbitration in that case; (b) "dismissed without prejudice" all other pending motions; and (c) "administratively closed" all of the consolidated cases.

2. Footnote 2 of the Order also specifically states the Court's apparent intent that the "parties will have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal."

3. The language and effect of the Order does not appear to yield that outcome and has the potential to create significant confusion among the parties and the appellate court, and also to cause extensive delays in resolving the respective parties' rights to arbitration.

4. The issues presented in the Hartford case are not necessarily representative of the issues presented in others of these consolidated cases. To the extent that the Court intended to allow Hartford to appeal immediately as a representative case, therefore, the intention of the Court is likely to be frustrated because pertinent issues may not be addressed by Hartford in its appeal. That scenario, of course, portends the likelihood of a new round of seriatim motions and decisions, and substantial delays, even after the Hartford appeal is concluded.

5. At the time the Court issued the Order, the Movant's motion to compel arbitration was pending before this Court. Previously, Magistrate Judge Snow had issued a Report and

Recommendation advising that such motion be denied. Movant timely filed Objections and the matter had been fully briefed.

6. As the prior proceedings and pleadings make clear, the Hartford decision is not representative of Movant's case.

   a. The insured identified in the Hartford action, Mahon, was insured under a policy issued by Hartford with an effective date of January 15, 1997.

   b. On February 3, 2000, the Florida Supreme Court declared unconstitutional the Florida statute that required mandatory arbitration for all medical providers who had accepted assignments of PIP benefits, in Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000).

   c. The holding of Pinnacle is limited to the constitutional validity of Fla. Stat. §627.736(5), which required the inclusion of arbitration provisions in all automobile insurance policies, and not the validity of arbitration provisions themselves. See Delta Cas. Co. v. Pinnacle Med., Inc., 721 So.2d 321, 325 n.3 (Fla. 5th DCA 1998); Livingston v. State Farm Mut. Auto Ins. Co., 774 So.2d 716, 718 (Fla. 2d DCA 2000).

   d. Magistrate Judge Snow recognized in her Report and Recommendation regarding Prudential's motion to compel arbitration in the consolidated case of Ultra Open MRI Corp. v. Prudential Property and Cas. Ins. Co., No. 01-6778, that Pinnacle invalidated that portion of Fla. Stat. §627.736(5) which mandated arbitration for medical care providers under a PIP contract, but it did not invalidate contractual agreements requiring arbitration. Since Ultra Open's complaint only referenced a single claim based on a policy issued on August 1, 2000, nearly five months after the statute was declared to be illegal in Pinnacle, Magistrate Judge Snow held the arbitration clause was not statutorily mandated. Instead, the arbitration clause

constituted an independent agreement between the parties that was not affected or invalidated by Pinnacle.

  e. In the aftermath of Pinnacle, therefore, the question of whether an insurer's arbitration clause is binding upon a medical provider is thus answered by looking at the date of issuance of the underlying policy. If the policy was issued after Pinnacle was decided, February 3, 2000, then the arbitration clause is binding and enforceable as to the medical provider.

  f. Mahon's insurance contract with Hartford was entered into before the Florida Supreme Court issued its decision in Pinnacle.

  g. The Magistrate Judge's Report and Recommendation in the Hartford case was based on the distinction between contracts entered into before and those entered into after Pinnacle, and the Magistrate Judge concluded that Pinnacle applied, and the arbitration clause at issue was invalid, because Mahon's policy was issued before February 3, 2000.

  7. Unlike the decision in the Hartford matter, the arbitration question presented in this matter is not dependent upon an interpretation or application of the decision in Pinnacle. On November 14, 2001, Allstate formally joined in CCN's motion to compel arbitration. CCN's Motion, and Allstate's subsequent joinder, is based upon language contained in CCN's contract with Dr. Zidel and <u>not upon language contained in an insurance policy</u>. Accordingly, the arbitration issue presented in this case, contrary to the Magistrate Judge's Report and Recommendation in the Hartford matter which was adopted by the Court in the September 30, 2002 Order, is not controlled by the decision in Pinnacle. Indeed, since the arbitration clause at issue does not appear in an insurance contract, Pinnacle does not even arguably apply.

8. As a result, Hartford cannot function as a representative appeal for the arbitration issues presented and which necessarily must be decided in connection with the Motion to compel arbitration in this Movant's action.

9. If, indeed, the September 30, 2002 Order was based on the expectation of this Court that the anticipated appeal in the Hartford matter could resolve all of the issues presented by each of the other defendants' Motions to compel arbitration, the Movant respectfully submits the Order was in error. As a result, the September 30, 2002 Order should be vacated, the matter reheard and a new form of Order thereafter entered which more clearly matches the intention of the Court to allow all arbitration issues to be addressed promptly by the appellate court.

10. If, on the other hand, the Court intended the September 30, 2002 Order to constitute a basis for all parties to appeal their respective arbitration issues, the Order does not appear to accomplish that goal.

    a. Section 16 of the Federal Arbitration Act allows for an immediate appeal from an order that refuses to compel arbitration. 9 U.S.C. § 16. E.g., Bess v. Check Express, 2002 WL 1337304 (11th Cir., June 19, 2002)(denial of motion to compel arbitration was appealable pursuant to Section 16(a)); Telecom Italia, SPA v. Wholesale Telecom Corp., 248 F.3d 1109, 1114 (11th Cir. 2001)(denial of motion seeking stay pending arbitration was appealable under Section 16(a)).

    b. The September 30, 2002 Order did *not* expressly deny the Motion to compel arbitration in Movant's case, or any case other than the Hartford case. The Order does not address the substance of any Motion other than Hartford's Motion. The Order merely serves to "dismiss" all Motions, other than Hartford's Motion, and administratively closes all of the consolidated cases.

    c. As a result, the Court's conclusion that the "parties will have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal" may be unfounded, in light of the requirements of Section 16, for any case other than the Hartford case.

    d. If, as it appears, the September 30, 2002 Order was based on the expectation of this Court that all defendants would be allowed an immediate appeal of the issues presented by their respective Motions to compel arbitration, the Movant respectfully submits the Order is in error. As a result, the September 30, 2002 Order should be vacated, the matter reheard and a new form of Order thereafter entered which addresses the substance of each Motion to compel arbitration that was pending before this Court, in order to effectuate the Court's intention to facilitate appellate review of all arbitration issues in these consolidated matters.

<b><u>CERTIFICATE OF SERVICE</u></b>

  I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to counsel on the attached service list this 8th day of October, 2002.

                  _/s/ David B. Shelton_

| | |
|---|---|
| PETER J. VALETA | DAVID B. SHELTON |
| Florida Bar No. 327557 | Florida Bar No. 0710539 |
| ROSS & HARDIES | RUMBERGER, KIRK & CALDWELL |
| 150 North Michigan Ave., Suite 2500 | P.O. Box 1873 |
| Chicago, Illinois 60601 | Orlando, Florida 32802 |
| Telephone: (312) 750-3619 | Telephone: (407) 839-4511 |
| Telecopier: (312) 750-8600 | Telecopier: (407) 841-2133 |
| Attorneys for Allstate Insurance Company | Attorneys for Allstate Insurance Company |

674058

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esquire
LEE & AMTZIS, P.L.
Suite 150
350 N.W. 12th Avenue
Deerfield Beach, FL 33442

Arthur S. Gold, Esquire
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
PHILLIPS & GARCIA
13 Ventura Drive
North Dartmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
KOPELMAN & BLANKMAN, P.A
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esquire
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esquire
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esquire
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Beech Street and ADP**

John M. Quaranta, Esquire
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esquire
Donald A. Blackwell, Esquire
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esquire
MCGUIRE WOODS, LLP
3300 Bank of America Center
50 N. Laura Street
Jacksonville, FL 32202-4099

**Counsel for Nationwide**

Katherine C. Lake, Esquire
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esquire
SWARTZ CAMPBELL DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esquire
AKERMAN, SENTERFITT et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esquire
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Superior**

Alan J. Nisberg, Esquire
BUTLER BURNETT PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for Prudential**

John D. Aldock, Esquire
Michael Isenman, Esquire
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

**Counsel for American International**

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
CONROY, SIMBERG, GANNON, KREVANS & ABEL, P.A.
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021