IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW**

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CNN,

    Third Party Defendant.



---

THE CHIROPRACTIC CENTRE, INC.,
On behalf of itself and all others
similarly situated,

    Plaintiff,

v.

SUPERIOR INSURANCE COMPANY,

    Defendant.

01-6782

---

**NOTICE OF FILING AUTOMATIC STAY**

PLEASE TAKE NOTICE the Defendant, Superior Insurance Company, by and through its undersigned counsel, hereby files the attached ***Order to Show Cause,***



***Temporary Injunction and Notice of Automatic Stay*** for insertion into the Court's file relating to the above-styled matter.

BUTLER BURNETTE PAPPAS LLP

_____
ALAN J. NISBERG, ESQ.
Florida Bar No.: 0961639
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607-5946
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant
Superior Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to all parties on the Master Service List on October 8, 2002.

_____
Alan J. Nisberg, Esq.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

CASE NO.: 02·CA·2186

STATE OF FLORIDA, ex. rel, the
DEPARTMENT OF INSURANCE OF
THE STATE OF FLORIDA,

    Relator,

vs.

SUPERIOR INSURANCE COMPANY,
a Florida corporation authorized
to transact an insurance business
in Florida,

    Respondent.
_____/

## ORDER TO SHOW CAUSE, TEMPORARY
## INJUNCTION AND NOTICE OF AUTOMATIC STAY

**THIS CAUSE** was considered on the Petition of the Department of Insurance for an Order to Show Cause on the appointment of a Receiver of SUPERIOR INSURANCE COMPANY (hereafter Respondent) for purposes of rehabilitation. The Court having considered the matters set forth in said Petition, ~~having heard the presentation of counsel~~, and being otherwise fully informed in the premises, the Court finds:

1) The Department of Insurance has made a prima facie showing that Respondent, SUPERIOR INSURANCE COMPANY, meets one or more of the following statutory grounds for the appointment of the Department of Insurance as Reciever by this Court:

    a) That Respondent is or is about to become impaired and is therefore in such a condition as to

render its further transaction of insurance prospectively hazardous to its policyholders, creditors, stockholders, or the public pursuant to section 631.051(3), Florida Statutes (2001);

b) Respondent in such a condition as to render its further transaction of insurance prospectively hazardous to its policyholders, creditors, stockholders, or the public pursuant to section 631.051(3), Florida Statutes (2001).

2) It is necessary for this Court to issue injunctions pursuant to Sections 631.041(3) and (4), Florida Statutes (2001), to protect the interests of policyholders, creditors, and the public generally, pending the adjudication of this matter.

It is therefore, **ORDERED** and **ADJUDGED** as follows:

3) SUPERIOR INSURANCE COMPANY (herein "Respondent"), shall appear before the Honorable _NIKKI ANN CLARK_, Circuit Court Judge, in Chambers _313_, Leon County Courthouse, Tallahassee, Florida, at _9:00_, on _October 24_, 2002, to _4 hours have been set aside_ show good cause, if any, why the Department of Insurance of the State of Florida should not be appointed Receiver of Respondent for the purpose of rehabilitation in accordance with Chapter 631, Part I, Florida Statutes. Respondent shall file its written response along with any defenses it may have to the Department's allegations no later than 20 days after the service of this ORDER. Should the hearing date fall within 35 days after the service of this ORDER then Respondent's defenses are due 15 days prior to the hearing date set by this ORDER. Said response shall include: a list of all witnesses; a summary of the testimony of each witness and dates when those witnesses will be available for deposition by the Department; any and all evidence and copies of all documents to be presented on behalf of Respondent at hearing,

2

including, but not limited to, any changes in Respondent's assets and liabilities from what was reported by Respondent on its June 30, 2001 Quarterly Statement. The Department may schedule discovery as provided in paragraph 7 of this ORDER. The failure of Respondent to comply with this provision will result in the immediate entry of an order of rehabilitation.

4) To protect the interests of policyholders, creditors, and the public generally, pending the adjudication of this matter and to protect and preserve the assets, books, and records of Respondent pending hearing on the Department's petition pursuant to Sections 631.041(3) and (4), Florida Statutes, all persons, firms, corporations, associations and Respondent's affiliates as defined by section 631.011, Florida Statutes (2001) including but not limited to Goran Capital, Inc.-Toronto, Ontario, Canada, Granite Insurance Company-Toronto, Canada, Symons International Group, Inc.-Florida, Symons International Group, Inc.-Indiana, Granite Reinsurance Company, Ltd.-Barbados, IGF Holdings, Inc.-Indiana, Superior Insurance Group Management, Inc.-Delaware, IGF Insurance Company, North American Crop Underwriters, Inc.- Minnesota, Superior Insurance Group, Inc.-Delaware, Pafco General Insurance Company, Superior American Insurance Company and Superior Guaranty Insurance Company, and all other persons or entities within the jurisdiction of this Court, including, but not limited to, Respondent and its officers, directors, stockholders, trustees, members, agents, and employees shall immediately disclose the location of Respondent's documents, books, records, and assets and are further enjoined and restrained from removing, destroying, or otherwise disposing of any documents, books, records, or assets of Respondent (or pertaining to Respondent), from doing, through acts of commission or omission, or permitting to be done any action which might waste or otherwise dispose of the books, records, and assets of, or directly or indirectly

relating to, the Respondent; from denying the Department access to the books, records, and assets of, or directly or indirectly relating to, the Respondent; from in any manner interfering with the Department or the conduct of these proceedings; from the removal, concealment or other disposition of the property, books, records, and accounts of, or directly or indirectly relating to, the Respondent; from the commencement or prosecution of any actions against the Respondent, or the obtaining of preferences, judgments, writs of attachment or execution against Respondent or its property or assets. However regulatory actions against Respondent by any regulatory body shall not be stayed or enjoined.

5) The Department may conduct either an investigation authorized by Section 631.391, Florida Statutes (2001) or an examination pursuant to section 624.316, Florida Statutes (2001) of Respondent and its affiliates, as defined above, including but not limited to Goran Capital, Inc.-Toronto, Ontario, Canada, Granite Insurance Company-Toronto, Canada, Symons International Group, Inc.-Florida, Symons International Group, Inc.-Indiana, Granite Reinsurance Company, Ltd.-Barbados, IGF Holdings, Inc.-Indiana, Superior Insurance Group Management, Inc.-Delaware, IGF Insurance Company, North American Crop Underwriters, Inc.- Minnesota, Superior Insurance Group, Inc.-Delaware, Pafco General Insurance Company, Superior American Insurance Company and Superior Guaranty Insurance Company to uncover and make fully available to the Court the true state of Respondent's financial affairs. In furtherance of this investigation Respondent and its parent corporations, its subsidiaries, affiliates including but not limited to the Respondent's affiliates as set out above, shall disclose the location of and make all books, documents, accounts, records, and affairs, which either belong to or pertain to the Respondent, available for full, free and unhindered inspection and examination by the

4

Department during normal business hours (9:00 a.m. to 5:00 p.m.) Monday through Friday, from the date of this Order. This investigation shall include a full and complete examination of any and all reviews, compilations, audits or any other work of whatever nature performed by the accounting firm of Coopers and Lybrand, to include all workpapers, on behalf of, related to or in any way connected with Respondent, its affiliates and/or entities comprising Respondent's Holding Company System or Respondent's corporate structure and affiliations. The Respondent and the above specified entities shall cooperate with the Department to the fullest extent required by Section 631.391, Florida Statutes. Such cooperation shall include, but is not limited to, the taking of oral testimony under oath of Respondent's officers, directors, managers, trustees, agents, adjusters, employees, or independent contractor of Respondent its affiliates and any other person who possesses any executive authority over, or who exercises any control over, any segment of the affairs of Respondent in both their official, representative and individual capacities and the production of all documents that are calculated to disclose the true state of Respondent's affairs.

6 ) Any officer, director, manager, trustee, agent, accountants, adjuster, employee, or independent contractor of Respondent, and any other person who possesses any executive authority over, or who exercises any control over, any segment of the affairs of Respondent shall fully cooperate with the Department as required by Section 631.391, Florida Statutes (2000), and as set out in the proceeding paragraph. Upon receipt of a certified copy of this ORDER, any and all financial institution shall immediately disclose to the Department the existence of any accounts, funds, assets, investments or any other property of Respondent and any and all documents in its possession relating or pertaining to Respondent, in any way, for the Department's inspection and

5

copying. Such financial institution shall disclose whether such accounts, funds, assets, investments or any other property of Respondent are encumbered in any way whatsoever.

7) Failure of Respondent and its affiliates including but not limited to Goran Capital, Inc.-Toronto, Ontario, Canada, Granite Insurance Company-Toronto, Canada, Symons International Group, Inc.-Florida, Symons International Group, Inc.-Indiana, Granite Reinsurance Company, Ltd.-Barbados, IGF Holdings, Inc.-Indiana, Superior Insurance Group Management, Inc.-Delaware, IGF Insurance Company, North American Crop Underwriters, Inc.- Minnesota, Superior Insurance Group, Inc.-Delaware, Pafco General Insurance Company, Superior American Insurance Company and Superior Guaranty Insurance Company, and all other persons or entities within the jurisdiction of this Court, including, but not limited to, Respondent and its officers, directors, stockholders, trustees, members, agents, employees, outside accountants and financial institutions to cooperate with the Department's investigations as required by Section 631.391, Florida Statutes (2001), and this ORDER shall result in the immediate entry of an order of conservation against Respondent.

8) The Officers and Directors of the Respondent shall comply with the provisions of Section 626.954(1)(w), Florida Statues (2001), if they have reason to believe that Superior is impaired or insolvent.

## NOTICE OF AUTOMATIC STAY

9) Notice is hereby given that, pursuant to Section 631.041(1), Florida Statutes, the filing of the Department's Petition for Order to Show Cause herein operates as an automatic stay applicable to all persons and entities, other than the Department, which shall be permanent and survive the entry of this Order, and which prohibits:

6

a) The commencement or continuation of judicial, administrative, or other action or proceeding against the insurer or against its assets or any part thereof;

b) The enforcement of a judgment against the insurer or an affiliate obtained either before or after the commencement of the delinquency proceeding;

c) Any act to obtain possession of property of the insurer;

d) Any act to create, perfect, or enforce a lien against property of the insurer; except that a secured claim as defined in Section 631.011(17), Florida Statutes, may proceed under Section 631.191 after the order of rehabilitation is entered;

e) Any act to collect, assess, or recover a claim against the insurer, except claims as provided for under Chapter 631;

f) The setoff or offset of any debt owing to the insurer except offsets as provided in Section 631.281, Florida Statutes.

10) Pursuant to Section 631.001(2), Florida Statutes, nothing in this Order shall be interpreted to limit any powers granted the Department of Insurance by other provisions of law.

11) This Order shall remain in effect until a further order in the formal delinquency proceeding is entered, until the hearing scheduled above, or until otherwise modified by the Court.

ORDERED in Chambers at the Leon County Courthouse, Tallahassee, Leon County, Florida, this 13 day of Sept, 2000, at 1:30 o'clock p.m.

NIKKI ANN CLARK
CIRCUIT JUDGE

A Certified Copy
Attest:
Bob Inzer
Clerk of Circuit Court
Leon County, Florida
By _____ D.C.

7

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile