UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-CIV-6061-FERGUSON/SNOW



SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and
all others similarly situated,
        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC.,
        Defendants.
_____/

## DEFENDANT LIBERTY MUTUAL'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPTEMBER 27, 2002 REPORT AND RECOMMENDATION

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, hereby files its Response to Plaintiff's objections [D.E. 868] to the September 27, 2002 Report and Recommendation [D.E. 853], which recommended that Liberty Mutual's two motions to compel arbitration [D.E. 757 and D.E. 807] be denied. In the Report and Recommendation ("R&R"), the Magistrate Judge found that the first motion should be denied for two reasons: (1) substantively, Liberty Mutual had not established that Plaintiff is estopped from denying the arbitrability of its claim; and (2) procedurally, Liberty Mutual's motion was moot because co-defendant CCN, upon whose arbitration provision the Liberty Mutual motion was based, had been dismissed as a defendant. With respect to the second motion, the Magistrate Judge found that it should be denied because the arbitration provision contained in the Liberty Mutual policy was unenforceable because the Florida Supreme Court

{MI856747;1}

1

had ruled that Fla. Stat. § 627.736(5), which required certain arbitration provisions to be included in insurance policies, was unconstitutional.

Plaintiff essentially has two objections to the R&R. The first objection is that in not addressing Plaintiff's argument that Liberty Mutual had waived its right to compel arbitration, the Magistrate Judge implicitly found that Liberty Mutual had not waived its right to compel arbitration. Plaintiff's other objection is that the Magistrate Judge erred by declining to address the issue of whether purported class members whose policies were issued after the <u>Pinnacle</u> case was decided must arbitrate their claims; Plaintiff argues that they cannot be forced to do so because <u>Pinnacle</u> found such arbitration provisions unenforceable.

Plaintiff's objections are not supportable. With respect to the first issue, as explained in its prior briefings and below, Liberty Mutual has not waived its right to compel arbitration. With respect to the second issue, Liberty Mutual agrees with Plaintiff that such an issue was properly before the Court, as the purported class that Plaintiff purports to represent includes individuals to whom policies had been issued after <u>Pinnacle</u> had been decided. Plaintiff, however, is incorrect that such arbitration provisions are unenforceable.[1]

## I.    LIBERTY MUTUAL HAS NOT WAIVED ITS RIGHT TO ARBITRATE

One of Plaintiff's objections relates to Plaintiff's belief that Liberty Mutual has waived its right to compel arbitration. In its responses to Liberty Mutual's motions to compel arbitration, Plaintiff argued that Liberty Mutual waived its right to compel arbitration. The Magistrate Judge's R&R properly did not address such an argument, as it has no merit. In its

---

1 As explained in Liberty Mutual's motions and its objections to the R&R, it is Liberty Mutual's position that the claims of <u>all</u> purported class members must be arbitrated, regardless of whether the policies were issued before or after <u>Pinnacle</u> was decided. For purposes of this response to Plaintiff's objections, to the extent that the Magistrate Judge was correct that the arbitration provisions contained in pre-<u>Pinnacle</u> policies are unenforceable, then at a minimum, those claims related to policies issued after <u>Pinnacle</u> must be arbitrated.

{MI856747;1}

objections, however, as in its previously filed response memoranda, Plaintiff again argues that Liberty Mutual waived its right to compel arbitration. Such an objection, however, is not supported by applicable law and the facts of this case.

A party will be deemed to have waived its right to arbitrate only where: (1) it substantially participates in litigation; (2) to a point that is inconsistent with an intent to arbitrate; and (3) the opposing party is prejudiced as a result. See, e.g., Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000). Indeed, "any party arguing waiver of arbitration bears a heavy burden of proof," Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543 (11th Cir. 1990), including a showing of "substantial prejudice" to that party to justify a finding of waiver. Wilson v. Par Builders II, Inc., 879 F. Supp. 1187, 1189 (M.D. Fla. 1995). Moreover, a finding of a party's waiver of the right to arbitrate is disfavored and should not be inferred lightly. See Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985). Plaintiff's allegations fall well short of satisfying this exacting inquiry.

This Court's docket and the law governing waiver belies Plaintiff's attempt to characterize Liberty Mutual's participation in this litigation as substantial. Not surprisingly, Plaintiff has neither cited any authority that would support a finding of waiver nor any substantive arguments, beyond a conclusory claim of irrelevance, to rebut the authority cited by Liberty Mutual in its previous filings.[2]

---

2 While Plaintiff is correct in observing that the determination of waiver is principally guided by the factors of substantial participation and prejudice, consideration of those factors is not unique to the Eleventh Circuit. In its objections, Plaintiff argues that Liberty Mutual's reference to cases outside the Eleventh Circuit are irrelevant. As discussed above, the waiver analysis in the non-Eleventh Circuit cases cited by Liberty Mutual in its Motion is identical to that employed by the Eleventh Circuit. See, e.g., Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000). Accordingly, while the non-Eleventh Circuit authority cited by Liberty Mutual is not binding, it is certainly persuasive and undeniably relevant.

{MI856747;1}

Plaintiff's waiver argument is based principally on three factors: (1) the delay in seeking arbitration; (2) the filing of a motion to dismiss and a subsequent answer and affirmative defenses; and (3) the alleged time and expense caused to Plaintiff by having to respond to the foregoing. Turning to the first factor, the federal courts have made clear that a defendant's delay in seeking arbitration is alone insufficient to support a finding of waiver. See, e.g., Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2nd Cir. 1985) ("It is beyond question that defendants' delay in seeking arbitration during approximately eight months of pretrial proceedings is insufficient by itself to constitute a waiver of the right to arbitrate, for in addition, prejudice to Rush must be demonstrated"). A defendant's filing of an answer and motion to dismiss is likewise insufficient. See Rush, 779 F.2d at 888-89 (holding that defendants did not waive their right to compel arbitration by filing a motion to dismiss and answering the complaint); Wilson v. Par Builders II, Inc., 879 F. Supp. 1187, 1189 (M.D. Fla. 1995) ("The Court does not find the defendants' testing of the viability of the complaint, by way of motion to dismiss, to be inconsistent with invoking the right to arbitration"); Knight v. Xebec, 750 F. Supp. 1116, 1119 (M.D. Fla. 1990) (finding no waiver of the right to arbitrate where the defendant filed a motion to dismiss and answer before moving to compel arbitration). Nevertheless, Plaintiff claims prejudice arising out of the alleged expense and delay of having been required to respond to these court filings. Plaintiff's allegations, however, are insufficient to shoulder Plaintiff's "heavy burden of proof" in establishing a waiver of Liberty Mutual's right to arbitrate. Stone v. E.F. Hutton & Co., 898 F. 2d 1542, 1543 (11th Cir. 1990).

The deficiency of Plaintiff's waiver argument is necessarily tied to the fact that Liberty Mutual's involvement in this litigation has been anything but substantial. Liberty Mutual has not propounded any discovery requests, taken any depositions, or otherwise attempted to litigate this

{MI856747;1}

4

case towards its conclusion. Instead, Liberty Mutual's involvement has been limited to the filing of a motion to stay discovery, a motion for protective order, and other documents related to precluding discovery in this matter. Indeed, the undeniably limited character of Liberty Mutual's involvement, and the necessarily unsubstantiated claim of prejudice by Plaintiff arising therefrom, is forcefully illustrated by the circumstances in which the courts have found a waiver of the right to arbitrate. Those cases make clear that waiver is appropriate where the defendant has engaged in extensive motion practice and discovery. See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 925 (3d Cir. 1992); S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990); Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543-44 (11th Cir. 1990); Snelling & Snelling Inc. v. Reynolds, 140 F. Supp. 2d 1314, 1322 (M.D. Fla. 2001). In sum, this Court should reject Plaintiff's claim of waiver given Liberty Mutual's limited involvement in this litigation and Plaintiff's necessarily insubstantial claim of prejudice arising therefrom.

## II.   THE ARBITRATION PROVISIONS IN LIBERTY MUTUAL'S POLICIES ARE ENFORCEABLE

Plaintiff's remaining objection relates to the enforceability of the arbitration provision with respect to those purported class members whose policies were issued after Pinnacle was decided. The Magistrate Judge declined to rule on this issue, stating that it was not before the Court. Liberty Mutual agrees with Plaintiff that such an issue was properly before the Court, as the purported class that Plaintiff purports to represent includes individuals to whom policies had been issued after Pinnacle had been decided. Plaintiff, however, is incorrect that such arbitration provisions are unenforceable.

{MI856747;1}

5

In Pinnacle, the Florida Supreme Court held that certain portions of Florida's PIP statute, which required insurers to include arbitration provisions with respect to claims made by medical providers for PIP benefits, were unconstitutional. Contrary to the Plaintiff's objection, Liberty Mutual believes that the effect of Pinnacle is not to render contractual arbitration provisions unenforceable, as such an effect would be contrary to existing federal and state law.

In Pinnacle, the Supreme Court addressed the constitutionality of Fla. Stat. § 627.736(5), which required automobile insurers to include in all automobile insurance policies a provision that required medical providers who accepted an assignment of insurance benefits from their patients to submit any disputes to arbitration, and included a prevailing party attorney fee award. The Court held that this statute violated the Florida Constitution's access to courts clause. The Court, however, never addressed the validity of the contractual arbitration provisions themselves, but rather, only addressed the validity of the statute that required insurers to include these provisions in their policies. In Livingston v. State Farm Mut. Auto. Ins. Co., 774 So. 2d 716, 718 (Fla. 2d DCA 2000), the court noted that Pinnacle did not address the issue of whether such contractual arbitration agreements are valid. Moreover, in Orion Ins. Co. v. Magnetic Imaging Sys., Inc., 696 So. 2d 475 (Fla. 3d DCA 1997) and Fortune Ins. Co. v. USA Diagnostics, Inc., 684 So. 2d 208 (Fla. 4th DCA 1996), the court held that contractual arbitration agreements contained in insurance policies are a separate and independent basis for compelling arbitration outside of the statutorily-mandated arbitration requirement. Accordingly, even though Pinnacle struck down the Florida statute requiring insurers to include arbitration provisions in their policies, the case did not render the contractual agreements themselves unenforceable.

In addition, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., preempts any state laws concerning arbitration provisions, such that the Florida Supreme Court is without power to

invalidate the arbitration agreements in question. The FAA provides that a "written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act," and establishes a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Moreover, in passing the FAA, Congress "withdrew the power of the states to require a judicial forum for the resolution of claims" subject to a contractual arbitration agreement, and preempted the states' ability to "undercut the enforceability of arbitration agreements." Southland v. Keating, 465 U.S. 1, 10, 16 (1984).

In sum, as long as there is a written contract evidencing a transaction involving commerce, then the only state law limitation to the enforcement of the arbitration provision is where the contract may be invalidated on general grounds that exist in law or equity for revoking contracts. Southland, 465 U.S. at 10-11. Such an exception does not apply to this case. First, there is no doubt that the transactions in this case involve interstate commerce – Plaintiff admits this fact in his Complaint. See Complaint at ¶¶ 103, 106, 115, 125, 131, 138, 154. Second, the Pinnacle decision was based on a finding that the statute in question violated the Florida Constitution's access to courts clause, not on any fraudulent inducement, adhesion contract or other similar theory for voiding the arbitration provisions. See Pinnacle, 753 So. 2d at 57. Accordingly, even if the Pinnacle decision were to be construed as attempting to invalidate the contractual arbitration agreement contained in the Liberty Mutual insurance policy (which it

{MI856747;1}

7

cannot), such an attempted invalidation is not effective in this case, as the FAA's preemptive force prohibits any state law attempt to do so. See Southland, 465 U.S. at 10-11, 16; see also Doctor's Assoc., Inc. v. Casarotto, 517 U.S. 681, 687 (1996) (FAA preempts state law concerning arbitration agreements); S+L+H S.p.A. v. Miller-St. Nazianz, Inc., 988 F.2d 1518, 1525-26 (7th Cir. 1993) (same); Osterneck v. Merrill Lynch, 841 F.2d 508, 510-12 (3d Cir. 1988) (same); Haluska v. RAF Fin. Corp., 875 F. Supp. 825, 827-28 (N.D. Ga. 1994) (same); Securities Indus. Ass'n v. Lewis, 751 F. Supp. 205, 206-08 (S.D. Fla. 1990) (same). As a result, notwithstanding the holding in Pinnacle, the arbitration agreement contained in the Liberty Mutual policy is enforceable.[3]

## CONCLUSION

Plaintiff's objections to the R&R – that Liberty Mutual waived its right to compel arbitration and that the Liberty Mutual arbitration provision is unenforceable – must be overruled, as Plaintiff's arguments are not supported by the facts or the law applicable to this matter.

---

3 Plaintiff's objections also contains a section arguing that the Court's September 30, 2002 order adopting an R&R from a different case correctly determined that "an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claim." This issue was not addressed in the R&R in this case, so it is unclear as to the purpose of this section in Plaintiff's response to the R&R in this case. Moreover, both parties appear to agree that in accepting an assignment from Liberty Mutual's insured, Plaintiff agreed to bind itself to the terms of the Liberty Mutual insurance policy. Accordingly, if the arbitration agreement is enforceable as to Liberty Mutual's insured, it is enforceable as to Plaintiff; if it is not enforceable as to the insured, then it is not enforceable as to Plaintiff.

In addition, in this section, Plaintiff also states that "there is no arbitration agreement between Liberty Mutual's insured and Liberty Mutual." This statement is incorrect, as the policy does contain an arbitration agreement, which forms the basis of Liberty Mutual's second motion to compel arbitration. Perhaps Plaintiff was attempting to argue that there is no enforceable arbitration agreement between Liberty Mutual and its insured that binds Plaintiff. Such an argument is the subject of the instant R&R.

{MI856747;1}

8

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By:_____
        MARK S. SHAPIRO
        Florida Bar No.: 894631
        mshapiro@akerman.com
        GARY J. GUZZI
        Florida Bar No.: 159440
        gguzzi@akerman.com


## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this ___25___ day of October, 2002.

_____
Attorney

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 5/21/02)

**Co-Lead Counsel for Class Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com

Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental, Deerbrook**
RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

{MI856747;1}

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm
Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMANSENTERFITT
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for: Hartford,
Metropolitan, Integon**

AKERMAN, SENTERFITT
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE
PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell
Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road,
Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American
International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

{MI856747;1}

11