UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.



KEITH BRICKELL, D.C., individually                                                                                                    00-6649
and on behalf of himself and others
similarly situated,

    Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

    Defendants.



| | |
|---|---|
| MARC J. BROWNER, D.C., individually<br>and on behalf of himself and others<br>similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY,<br>BEECH STREET CORPORATION, and<br>ADP INTEGRATED MEDICAL SOLUTIONS, INC.,<br><br>        Defendants. | 00-7163 |
| SALVATORE D. LARUSSO, D.C., d/b/a<br>Family Chiropractic Center, on behalf<br>of himself and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br>LIBERTY MUTUAL INSURANCE and<br>COMMUNITY CARE NETWORK, INC.,<br><br>        Defendants. | 00-7692 |
| ULTRA OPEN MRI CORPORATION, on behalf<br>of itself and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PROGRESSIVE AMERICAN INSURANCE COMPANY,<br>        Defendant. | 01-6776 |

ULTRA OPEN MRI CORPORATION, on behalf
of itself and others similarly situated,                                01-6777

        Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

        Defendant.
_____

ULTRA OPEN MRI CORPORATION, on behalf                                   01-6778
of itself and others similarly situated,

        Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

        Defendant.
_____

ULTRA OPEN MRI CORPORATION, on behalf                                   01-6779
of itself and others similarly situated,

        Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

        Defendants.
_____

| | |
|---|---|
| ULTRA OPEN MRI CORPORATION, on behalf of itself and others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>INTEGON NATIONAL INSURANCE COMPANY and INTEGON GENERAL INSURANCE COMPANY,<br><br>　　　　Defendants. | 01-6780 |
| CHIROPRACTIC CENTRE, INC., on behalf of itself and others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>SUPERIOR INSURANCE COMPANY,<br><br>　　　　Defendants. | 01-6782 |
| CHIROPRACTIC CENTRE, INC., on behalf of itself and others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>METROPOLITAN CASUALTY INSURANCE COMPANY,<br><br>　　　　Defendant. | 01-6783 |

| | |
|---|---|
| SALVATORE D. LARUSSO, D.C., d/b/a<br>Family Chiropractic Center, on behalf<br>of himself and others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>      Defendant. | 01-8108 |

---

| | |
|---|---|
| SALVATORE D. LARUSSO, D.C., d/b/a<br>FAMILY CHIROPRACTIC CENTER, on behalf<br>of himself and others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,<br><br>      Defendant. | 01-8110 |

---

SALVATORE D. LARUSSO, D.C., d/b/a  
FAMILY CHIROPRACTIC CENTER, on behalf  
of himself and others similarly situated,

      Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

      Defendant.

01-8111

_____

DR. ANDREW ELLOWITZ, et al., on behalf  
of himself and all others similarly situated,

      Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and  
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

      Defendants.

01-8549

_____

## SUPPLEMENTAL ORDER ON MOTIONS TO COMPEL ARBITRATION

**THIS CAUSE** is before the Court on the parties' motions to compel arbitration in Consolidated Case No. 00-6061-CIV-FERGUSON. The motions to compel arbitration are denied for the reasons that: (1) a statutorily mandated obligation to arbitrate is unconstitutional as set forth in the Magistrate Judge's Report and Recommendation; (2) a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claim; or (3) the

motion to compel arbitration is premature until such time as the Court has decided whether the challenged contract is valid. The question of validity may turn on, among other things, the applicability of Florida Statute section 627.736(5) or unconscionability, i.e., whether the contracts are the product of an industry-wide scheme to deprive healthcare providers of an option. Accordingly, it is

**ORDERED AND ADJUDGED** that the following motions, docket entries 174, 225, 402, 610, 698, 745, 757, 759, 760, 761, 807, 10 (01-6778), 15 (01-6780), 17 (01-6783), and 24 (01-8110), are **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 28TH day of October, 2002.

TIME 12:00 NOON

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
See service list.