IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

**Case Nos. 00-6061-CIV-Ferguson & 01-8111-CIV-Ferguson**

SALVATORE D. LARUSSO, D.C., d/b/a :
FAMILY CHIROPRACTIC CENTER,          :
                                                          :
                    Plaintiff,             :
                                                          :
v.                                                       :
                                                          :
HARTFORD INSURANCE COMPANY       :
OF THE MIDWEST,                                :
                                                          :
                    Defendant.             :
_____/

## HARTFORD'S  NOTICE  OF  APPEAL

Defendant Hartford Insurance Company of the Midwest ("Hartford") gives

notice that it is appealing to the United States Court of Appeals for the Eleventh Circuit

from the following orders:  (a) the Court's order adopting the magistrate judge's report

and recommendation and denying Hartford's motion to compel arbitration and to

dismiss or stay this action; and (b) the Court's supplemental order on Defendants'

motions to compel arbitration.  A copy of the first order dated September 30, 2002, is

attached as Exhibit A.  A copy of the second order dated October 28, 2002, is attached

as Exhibit B.  A copy of the Report and Recommendation dated June 12, 2002, is

attached as Exhibit C.

**AKERMAN SENTERFITT**

AKERMAN SENTERFITT
Counsel for Defendant Hartford
2800 SunTrust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:   305-374-5600
Telefax:       305-374-5095
E-Mail:         MAldrich@akerman.com

*Nancy Cthwaite*

Marcy Levine Aldrich
Nancy A. Copperthwaite
Eric A. Greenwald

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this 30th day of October 2002 to all persons on the attached Service List.

*Nancy Cthwaite*

Nancy A. Copperthwaite
Florida Bar No. 549428

{MI859702;1}                             -2-

AKERMAN SENTERFITT

**SERVICE LIST**
*Salvadore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos.  00-6061 and 00-8111-CIV-FERGUSON/SNOW) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

{MI800142;1}

**SERVICE LIST**

*Salvadore D. Larusso, D.C. v. ITT Hartford Life and Annuity Ins. Co.*
(Case Nos. 00-6061 and 00-8111-CIV-FERGUSON/SNOW) (S.D. Fla.)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY,    SIMBERG,    GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NOS.  00-6061; 00-6649; 00-7163; 00-7692; 01-6776;
01-6777; 01-6778; 01-6779; 01-6780; 01-6782; 01-6783;
01-8108;01-8110;01-8111;01-8549-CIV-FERGUSON

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

     Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

     Defendant/Third Party Plaintiff,

vs.

COMMUNITY CARE NETWORK, INC.,
d/b/a CCN.

     Third-Party Defendant.
_____/



FILED by ⎯⎯ D.C.

SEP 3 0 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND ADMINISTRATIVELY CLOSING CASES

A motion filed by the defendant Hartford Insurance Company to compel arbitration, dismiss

the amended complaint and stay discovery was referred to United States Magistrate Judge Lurana

S. Snow for a report and recommendation.[1]  After a hearing the Magistrate Judge issued a report

which recommends that the motion to compel arbitration and the motion to dismiss be denied and

_____

[1] This order impacts fifteen (15) cases which have been consolidated.

that the motion to stay discovery be found moot.  Both parties have filed objections to parts of the report and recommendation.   Hartford argues that the report is erroneous "because it is well-established that the Federal Arbitration Act (the "FAA") preempts state laws restricting the enforcement of arbitration agreements."  Dr. Zidel contends that the Magistrate Judge's basis for recommending denial of arbitration-- that the arbitration clause is unconstitutional based on a Florida Supreme Court decision--falls short and that otherwise there would have been a duty to arbitrate, is erroneous.

The conclusion reached by the Magistrate Judge, that the motion to compel arbitration be denied, is adopted by this Court.  Hartford's objection is **OVERRULED**.  This Court agrees with the plaintiffs that the motion to compel arbitration should be denied for the additional reason that a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claim.  For that reason the Plaintiffs' objection to the Report and Recommendation are **SUSTAINED**.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation is **ADOPTED** in part as the finding and conclusions of this Court.  It is further

**ORDERED AND ADJUDGED that these cases are administratively closed.**[2]  All other pending motions are dismissed without prejudice.

---

[2]       The parties have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal.

**DONE AND ORDERED** in chambers, at Ft. Lauderdale, Florida, this _____ day of

September, 2002.

_____
WILKIE D. FERGUSON, JR.
United States District Judge


cc:     All Counsel of Record

**EXHIBIT  B**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

       Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

       Third-Party Defendant.



---

KEITH BRICKELL, D.C., individually                    00-6649
and on behalf of himself and others
similarly situated,

       Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

       Defendants.

---



MARC J. BROWNER, D.C., individually          00-7163
and on behalf of himself and others
similarly situated,

       Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

       Defendants.

_____

SALVATORE D. LARUSSO, D.C., d/b/a          00-7692
Family Chiropractic Center, on behalf
of himself and others similarly situated,

       Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE and
COMMUNITY CARE NETWORK, INC.,

       Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf          01-6776
of itself and others similarly situated,

       Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,
       Defendant.

_____

2

ULTRA OPEN MRI CORPORATION, on behalf
of itself and others similarly situated,                                    01-6777

        Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

        Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                                       01-6778
of itself and others similarly situated,

        Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

        Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                                       01-6779
of itself and others similarly situated,

        Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

        Defendants.

_____

3

ULTRA OPEN MRI CORPORATION, on behalf                    01-6780
of itself and others similarly situated,

       Plaintiffs,

v.

INTEGON NATIONAL INSURANCE COMPANY and
INTEGON GENERAL INSURANCE COMPANY,

       Defendants.

---

CHIROPRACTIC CENTRE, INC., on behalf                     01-6782
of itself and others similarly situated,

       Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

       Defendants.

---

CHIROPRACTIC CENTRE, INC., on behalf                     01-6783
of itself and others similarly situated,

       Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

       Defendant.

---

4

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

       Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

       Defendant.

_____

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8110
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

       Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

       Defendant.

_____

SALVATORE D. LARUSSO, D.C., d/b/a                          01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

        Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

        Defendant.

_____

DR. ANDREW ELLOWITZ, et al., on behalf                    01-8549
of himself and all others similarly situated,

        Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

        Defendants.

_____

## SUPPLEMENTAL ORDER ON MOTIONS TO COMPEL ARBITRATION

        **THIS CAUSE** is before the Court on the parties' motions to compel arbitration in

Consolidated Case No. 00-6061-CIV-FERGUSON. The motions to compel arbitration are denied

for the reasons that: (1) a statutorily mandated obligation to arbitrate is unconstitutional as set forth

in the Magistrate Judge's Report and Recommendation; (2) a contractual provision entered into

between an insured and an insurance company cannot require arbitration of claims that are assigned

to a healthcare provider where the insured is not required to arbitrate the same claim; or (3) the

6

motion to compel arbitration is premature until such time as the Court has decided whether the challenged contract is valid. The question of validity may turn on, among other things, the applicability of Florida Statute section 627.736(5) or unconscionability, i.e., whether the contracts are the product of an industry-wide scheme to deprive healthcare providers of an option. Accordingly, it is

**ORDERED AND ADJUDGED** that the following motions, docket entries 174, 225, 402, 610, 698, 745, 757, 759, 760, 761, 807, 10 (01-6778), 15 (01-6780), 17 (01-6783), and 24 (01-8110), are **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this _28TH_ day of October, 2002.

_TIME  12:00 NOON_

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
See service list.

7

**EXHIBIT  C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Consolidated Case No. 00-6061-Civ-Ferguson/Snow

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

        Plaintiffs,

    vs.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,

        Defendants.
_____/

FILED by _____ D.C.

JUN 12 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

SLAVATORE LARUSSO D.C. d/b/a    Case No. 01-8111-Civ-Ferguson
FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all
others similarly situated,

        Plaintiffs,

    vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the Court on the Motion of
Defendant, Hartford Insurance Company of the Midwest, to Compel
Arbitration, Dismiss the Amended Complaint and to Stay Discovery
(Docket Entry 402), which was referred to United States Magistrate
Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

      The complaint was filed on February 7, 2001, naming as
defendant ITT Hartford Life and Annuity Insurance Company, based on
a billing report from "Hartford Liability - Florida" for the

plaintiff's patient, Mr. Desmond Mahon. (DE 1 in 01-8111-Civ-
Ferguson, Exhibit 1). The case was transferred to the calendar of
The Honorable Wilkie D. Ferguson, Jr., as it was similar to other
cases pending before him.

While the defendant was preparing a response to the
complaint, the plaintiff filed an amended complaint, naming
Hartford Insurance Company of the Midwest as the defendant, since
it was the insurer for Mr. Mahon.

The amended complaint (hereinafter "complaint") alleges
that the defendant unlawfully reduced payments to the plaintiff, a
medical provider who treated persons making claims under the Person
Injury Protection ("PIP") portion of the defendant's automobile
insurance policies. The plaintiff participates in a preferred
provider organization ("PPO") network, whereby he charges reduced
fees to members of the PPO. The plaintiff alleges that although
the defendant never contracted to participate in the PPO, as
permitted by Florida law, it began discounting fees for the
plaintiff's services to the level of fees charged to members of the
PPO. The complaint alleges claims for breach of contract, unjust
enrichment, declaratory judgment and for RICO wire and mail fraud.

The defendant filed a motion to dismiss the complaint,
which remains pending.

On December 10, 2001, the defendant filed the instant
motion to stay or dismiss the case and to compel arbitration
pursuant to its PIP contract with Mr. Mahon. The motion is fully

2

briefed and is ripe for consideration.  The plaintiff subsequently
filed a notice of supplemental authority on the issue of waiver of
the right to compel arbitration. (DE 656)

## II.  RECOMMENDATIONS OF LAW

<u>A.</u>        <u>The Arbitration Clause</u>

The  August 13, 1997, PIP contract between the defendant
and Mr. Mahon provides:

> Arbitration
>
> If a provider of medical services or supplies
> has agreed to accept assignment of personal
> injury protection benefits:
> 1.  Any  claims  dispute  involving  medical
> expenses, between the provider and us shall be
> subject to binding arbitration in accordance
> with the Florida Arbitration Code.

(DE 403, Exhibit, p. 10)  The form is an edition adopted in January
1995.  (<u>Id.</u>, p. 29)

The defendant asserts that this clause is binding on the
plaintiff, who bases his claims on his status as a third party
beneficiary under the PIP contract. <u>Fortune Insurance Co. v. U.S.A.
Diagnostics, Inc.</u>, 684 So.2d 208 (Fla. 4th DCA 1996)(when parties
agree  to  arbitration  on  issues  not  mandated  by  Fla.  Stat.  §
627.736(5), the Court will uphold the arbitration agreement); <u>Orion
Ins. Co. v. Magnetic Imaging System, Inc.</u>, 696 So.2d 475, 477-78
(Fla. 3d DCA 1996).

The plaintiff objects to arbitration, citing <u>Nationwide
Mutual Fire Insurance Co. v. Pinnacle Medical, Inc.</u>, 753 So.2d 55
(Fla. 2000) in which the Florida Supreme Court held that the

3

mandatory arbitration requirement of Fla. Stat. § 627.736(5), requiring parties to PIP policies to engage in arbitration, was stricken as unconstitutional. Both <u>Orion</u> and <u>Fortune</u> were decided prior to <u>Pinnacle</u> and are called into question by <u>Pinnacle</u>.

In <u>Pinnacle</u>, persons with PIP coverage from Delta Casualty Company ("Delta"), sought treatment from Pinnacle, and assigned to Pinnacle their right to payment from Delta. Pinnacle submitted a bill which Delta refused to pay; Pinnacle sued as the insured's assignee. Delta moved to dismiss the case, asserting that the claim was subject to arbitration pursuant to Fla. Stat. § 627.736(5), which provided

> Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person . . . may charge only a reasonable amount . . ., and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment, if the insured receiving such treatment . . . has countersigned the invoice, bill or claim form approved by the Department of Insurance. . . .
> Every Insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply.

Fla. Stat. § 672.736(5)(the arbitration provision was added in 1991).

4

Florida's Supreme Court found that the arbitration provision denied medical providers access to the courts in violation of Article I, Section 21 of the Florida Constitution. The statute promoted assignment of benefits to insure prompt medical care for the insured. The court found that the medical providers lost their access to the courts because their right to appeal was severely limited under the Florida Arbitration Code ("FAC") while they did not receive any commensurate benefit from the statute.[1] Indeed, the provider was subject to additional liability because the statute automatically provided attorneys' fees to the prevailing party. The court found that this provision worked against the prompt treatment of insureds, since it caused the provider to require immediate payment from the insureds, rather than risking attorneys' fees if it lost a contested arbitration with the insurer. The court concluded, "Accordingly, we affirm the decision of Fifth District Court of Appeal below and hold to be unconstitutional the portion of section 627.736(5), Florida Statutes (1997) requiring mandatory arbitration for all medical provider assignees . . .." Pinnacle, 753 So. 2d at 59.

One Florida court cited Pinnacle to invalidate a PIP arbitration clause drafted while the arbitration requirement was part of the statute. Union American Insurance Co. v. U.S.A.

---

[1] The Court compared the PIP provision with Florida's Worker's Compensation Act, which provided uncontested no-fault benefits to the worker in return for denying him the right to sue the employer. In other cases upholding mandatory arbitration, a right to appeal existed. 753 So.2d at 58.

Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding that the issue had been decided by Pinnacle).

The defendant asserts that Pinnacle merely invalidates the Florida statute to the extent that it mandated arbitration for medical care providers under a PIP contract. The defendant argues that the case does not invalidate independent contractual agreements which require such arbitration. Livingston v. State Farm Mutual Auto. Insurance Co., 774 So.2d 716, 717 (Fla. 2d DCA 2000).

The Court notes that the Livingston PIP contract was not before the court, which decided the case based on the statute. The court stated in dicta that "Pinnacle did not address whether a health care provider may agree to arbitration when it accepts an assignment." Further dicta suggested that the health care provider who accepted assignment under a statutorily-mandated arbitration clause was now free to either compel arbitration or sue the insurer. Id. at 18.

The Court finds that Pinnacle struck down all statutorily-mandated arbitration clauses in PIP insurance contracts. The defendant has cited no legal authority in support of its position that its contracts drafted while the statute was in effect contained an insurer/provider medical claims arbitration clause which was not mandated by the statute. Accordingly, the statutorily-mandated arbitration clause must be stricken as in violation of Florida's

6

Constitution.    _Pinnacle_.    The defendant cannot enforce the arbitration clause against the plaintiff.

The defendant asserts that even if the clause is not enforceable under Florida law, the Court should compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which evidences a strong federal policy favoring enforcement of arbitration agreements. _Green Tree Financial Corp. v. Randolph_, 531 U.S. 79, 91 (2000).

The FAA requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce.    _Moses H. Cone Memorial Hosp. v. Mercury Construction Corp._, 460 U.S. 1, 24-25 (1983).  If the plaintiff attempts to litigate claims, including statutory claims, which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. _Shearson/American Express Inc. v. McMahon_, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA).

The plaintiff's response argues that since the arbitration clause at issue specifies Florida law, the parties have chosen to opt out of any provisions of the FAA. _Roadway Package Systems, Inc. v. Kayser_, 257 F.3d 287 (3rd Cir. 2001).

The defendant asserts that the FAA preempts any state law construing the effect of arbitration agreements.    _Southland Corp. v. Keating_, 465 U.S. 1, 10, 104 S.Ct. 852 (1984)(To the extent that

7

state law conflicts with the FAA, it violates the Supremacy clause of the Constitution). Even if the parties choose state law to govern the contract, if the contract is part of a transaction involving interstate commerce, the FAA governs. <u>Dean Witter Reynolds, Inc. v. Daily</u>, 12 F.Supp.2d 1319, 1321-22 (S.D.Fla. 1998), <u>citing</u>, <u>Paine Webber Inc. v. Elahi</u>, 87 F.3d 589 (1st Cir. 1996). However, the purpose of the FAA is to enforce arbitration provisions; the parties still may choose state rules and procedures for conducting the arbitration. <u>Roadway</u>.

The plaintiff incorrectly interprets <u>Roadway</u> as allowing parties to "opt out" of the provisions of the FAA. The case clearly holds that the arbitration agreement can choose state rules and procedures, but cannot completely void the provisions of the FAA. Accordingly, the PIP language did not remove the contract from the purview of the FAA.

However, the defendant has not shown that the FAA requires arbitration between entities which are not signatories to a valid arbitration agreement. The only arbitration agreement between the plaintiff, as an assignee of the insured, and the defendant, is the wording of the PIP contract, which was mandated by a statute held to be unconstitutional by the Florida Supreme Court. Since there is no valid arbitration agreement between the parties, the FAA cannot require arbitration.

<u>B.</u>        <u>Other Arguments Against Arbitration</u>

The undersigned will briefly consider the arguments raised by the plaintiff if the Court determines that the arbitration clause has not been stricken by the <u>Pinnacle</u> decision.

The plaintiff contends that even if the arbitration clause was not mandated by the statute, the insured cannot bind the provider to an arbitration agreement which exists in the contract between the defendant and the insured. The PIP policy does not require Mr. Mahon to arbitrate claims with the defendant. The plaintiff's contract with Mr. Mahon, accepting the benefits under Mr. Mahon's PIP policy, does not contain an arbitration agreement. (DE 498, Exhibit 3). The plaintiff argues that as assignee, it can only pursue those claims Mr. Mahon could have pursued against the defendant. <u>Livingston</u>, 774 So. 2d at 717. Since the defendant could not compel Mr. Mahon to participate in arbitration, it cannot require arbitration of the plaintiff.

The defendant asserts that the plaintiff cannot base its complaint on its status as a third party beneficiary to the policy, who accepted assignment of the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. <u>Interpool Ltd. v. Through Transport Mutual Insurance Assoc. Ltd.</u>, 635 F.Supp. 1503, 1505 (S.D.Fla. 1985)(citations omitted):

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'

9

> Ordinary principles of contract law are
> used to determine if a non-signatory is to be
> bound by the contract and 'a party may be bound
> by an agreement to arbitrate even in the
> absence of a signature.'"

The result is the same under Florida law.  The <u>Livingston</u> court noted that the provider has the option to not accept the assignment. The court found that once a medical provider accepted assignment under a PIP contract, he held "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract."  774 So.2d at 718. See also, <u>Orion</u>, 696 So.2d at 476-77. The arbitration clause at issue specifically binds the medical provider, even though it has not signed the contract.   Accordingly, if the arbitration clause has not been stricken by <u>Pinnacle</u>, the arbitration clause in the PIP contract is binding on the plaintiff.[2]  Moreover, all of the plaintiff's claims are subject to arbitration, since they all arise out of the claim for unpaid benefits. <u>Shearson/American Express Inc. v. McMahon</u>, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987).

The plaintiff also asserts that the defendant waived its right to compel arbitration by engaging in substantial litigation before filing the motion to compel arbitration. <u>PPG Industries, Inc. v. Webster Auto parts, Inc.</u>, 128 F.3d 103 (2d Cor. 1997)(litigation in one case, e.g., engaging in discovery, failing to appeal an order

---

[2] The plaintiff argues that only the benefits were assigned, and that the arbitration clause was not assigned. However, none of the cases cited by the plaintiff involve a contract which specifically states that the assignee is required to engage in arbitration.

10

denying a demand for arbitration and filing a motion for summary judgment, waived the defendant's right to compel arbitration in a companion case). The plaintiff asserts that the defendant has litigated numerous PIP reduction cases in state court without seeking arbitration, and should be barred from now raising the issue here.

The defendant's reply argues that the filing of the motion to dismiss does not constitute "substantial litigation." Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985). The defendant also points out that the plaintiff has not identified a single case in which this defendant and this plaintiff engaged in litigation in lieu of arbitration.

The Court finds that since discovery was essentially stayed during the pendency of this motion, the plaintiff was not prejudiced by the short delay in the defendant's filing of the motion to compel arbitration. Nor is there any evidence of waiver in a companion case as in Rush. The Court cannot find that the defendant waived its right to seek arbitration.

C.      Stay of Discovery

The defendant argues that the Court must dismiss the case or stay all discovery until it has decided the motion to compel arbitration. The defendant asserts (1) that a stay or dismissal is mandated by the FAA; (2) that pursuit of discovery, even if mandated by the court, could be viewed as a waiver of the right to arbitration, and (3) requiring the parties to engage in discovery

11

would waste resources of both the Court and the parties. <u>Chudasama</u> <u>v. Mazda Motors</u>, 123 F.3d 1353, 1368 (11th Cir. 1997).

The plaintiff, adopting its arguments previously raised (DE 270) in response to an earlier motion to stay discovery, contends that <u>Chudasama</u> deals with a stay of discovery pending resolution of a motion to dismiss, and the Court has already denied similar motions to dismiss the consolidated cases.[3]

The Court notes that discovery has been strictly limited to the issue of class certification until the Court has decided the issue of arbitration. Accordingly, the issue of a stay of discovery has already been decided.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to stay discovery, or dismiss the case and to compel the plaintiff to engage in arbitration should be DENIED as to all requests.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge.

---

[3] Moreover, the pending motion to dismiss actually constitutes, in part, a motion for summary judgment, since it involves consideration of the plaintiff's contract with its PPO network. Consideration of matters beyond the four corners of the complaint is improper in the context of a motion to dismiss. <u>Thomas v. Burlington Industries, Inc.</u>, 769 F.Supp. 368, 370 (S.D. Fla 1991).

Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 12th day of June, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: The attached 01-8111-Civ-Ferguson Service List.

13

<u>SERVICE LIST</u>

<u>CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW</u>

<u>Salvatoare D. LaRusso, D.C. et al., v. Hartford</u>          01-8111

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold
                                      Lawson & Bokor)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
Richard Bokor, Esq. (P)
Marcy Aldrich, Esq. (D and Local Counsel for Roin)
Howard Roin, Esq. (D)