FILING FEE
PAID ___ 105°0
In Forma ___ 526562
Pauperis ___
Clarence Maddox, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

**Case Nos. 00-6061-CIV-Ferguson & 01-6783-CIV-Ferguson**

THE CHIROPRACTIC CENTRE, INC.,      :

          Plaintiff,      :

v.      :

METROPOLITAN CASUALTY      :
INSURANCE COMPANY      :

          Defendant.      :

_____/



# METROPOLITAN'S  NOTICE  OF  APPEAL

      Defendant Metropolitan Casualty Insurance Company ("Metropolitan")

gives notice that it is appealing to the United States Court of Appeals for the Eleventh

Circuit from the following orders:  (a) the Court's order adopting the magistrate judge's

report and recommendation and denying defendant Hartford's motion to compel

arbitration and to dismiss or stay this action; and (b) the Court's supplemental order on

Defendants' motions to compel arbitration.  A copy of the first order dated September

30, 2002, is attached as Exhibit A.  A copy of the second order dated October 28, 2002,

is attached as Exhibit B.  A copy of the Report and Recommendation dated December

13, 2001, is attached as Exhibit C.



Case Nos. 00-6061 & 00-6783

Jeffrey P. Lennard
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, Illinois  60606
Telephone:    312-876-8000
Telefax:        312-876-7934
E-Mail:         JLennard@sonnenschein.com

AKERMAN SENTERFITT
Counsel for Defendant Metropolitan
2800 SunTrust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:    305-374-5600
Telefax:        305-374-5095
E-Mail:         MAldrich@akerman.com

*Nancy Copperthwaite*

Marcy Levine Aldrich
Nancy A. Copperthwaite
George Volsky

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this 30th day of October 2002 to all persons on the attached Service List.

*Nancy Copperthwaite*

Nancy A. Copperthwaite
Florida Bar No. 549428

**AKERMAN SENTERFITT**

# SERVICE LIST

*The Chiropractic Centre, Inc. v. Metropolitan Casualty Insurance Company*
(Case Nos.  00-6061 and 01-6783-CIV-FERGUSON/SNOW) (S.D. Fla.)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

## SERVICE LIST

*The Chiropractic Centre, Inc. v. Metropolitan Casualty Insurance Company*
(Case Nos. 00-6061 and 01-6783-CIV-FERGUSON/SNOW) (S.D. Fla.)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

**EXHIBIT  A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NOS.   00-6061; 00-6649; 00-7163; 00-7692; 01-6776;
01-6777; 01-6778; 01-6779; 01-6780; 01-6782; 01-6783;
01-8108;01-8110;01-8111;01-8549-CIV-FERGUSON

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

      Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third Party Plaintiff,

vs.

COMMUNITY CARE NETWORK, INC.,
d/b/a CCN.

      Third-Party Defendant.

_____/



FILED by _____ D.C.

SEP 3 0 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND ADMINISTRATIVELY CLOSING CASES

A motion filed by the defendant Hartford Insurance Company to compel arbitration, dismiss the amended complaint and stay discovery was referred to United States Magistrate Judge Lurana S. Snow for a report and recommendation.[1]  After a hearing the Magistrate Judge issued a report which recommends that the motion to compel arbitration and the motion to dismiss be denied and

_____

[1] This order impacts fifteen (15) cases which have been consolidated.

that the motion to stay discovery be found moot. Both parties have filed objections to parts of the report and recommendation. Hartford argues that the report is erroneous "because it is well-established that the Federal Arbitration Act (the "FAA") preempts state laws restricting the enforcement of arbitration agreements." Dr. Zidel contends that the Magistrate Judge's basis for recommending denial of arbitration-- that the arbitration clause is unconstitutional based on a Florida Supreme Court decision--falls short and that otherwise there would have been a duty to arbitrate, is erroneous.

The conclusion reached by the Magistrate Judge, that the motion to compel arbitration be denied, is adopted by this Court. Hartford's objection is **OVERRULED**. This Court agrees with the plaintiffs that the motion to compel arbitration should be denied for the additional reason that a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claim. For that reason the Plaintiffs' objection to the Report and Recommendation are **SUSTAINED**. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation is **ADOPTED** in part as the finding and conclusions of this Court. It is further

**ORDERED AND ADJUDGED** that these cases are administratively closed.[2] All other pending motions are dismissed without prejudice.

_____

[2]    The parties have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal.

**DONE AND ORDERED** in chambers, at Ft. Lauderdale, Florida, this _____ day of

September, 2002.

_____
WILKIE D. FERGUSON, JR.
United States District Judge

cc:    All Counsel of Record

**EXHIBIT  B**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

      Third-Party Defendant.



FILED by ___ D.C.

OCT 2 8 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

_____

KEITH BRICKELL, D.C., individually              00-6649
and on behalf of himself and others
similarly situated,

      Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

      Defendants.

_____



MARC J. BROWNER, D.C., individually                    00-7163
and on behalf of himself and others
similarly situated,

       Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

       Defendants.

_____

SALVATORE D. LARUSSO, D.C., d/b/a                     00-7692
Family Chiropractic Center, on behalf
of himself and others similarly situated,

       Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE and
COMMUNITY CARE NETWORK, INC.,

       Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf                 01-6776
of itself and others similarly situated,

       Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,
       Defendant.

_____

2

ULTRA OPEN MRI CORPORATION, on behalf
of itself and others similarly situated,                                    01-6777

       Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

       Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                                       01-6778
of itself and others similarly situated,

       Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

       Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                                       01-6779
of itself and others similarly situated,

       Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

       Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf                  01-6780
of itself and others similarly situated,

        Plaintiffs,

v.

INTEGON NATIONAL INSURANCE COMPANY and
INTEGON GENERAL INSURANCE COMPANY,

        Defendants.

_____

CHIROPRACTIC CENTRE, INC., on behalf                   01-6782
of itself and others similarly situated,

        Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

        Defendants.

_____

CHIROPRACTIC CENTRE, INC., on behalf                   01-6783
of itself and others similarly situated,

        Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

        Defendant.

_____

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

        Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

        Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8110
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

        Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

        Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                           01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

        Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

        Defendant.

_____

DR. ANDREW ELLOWITZ, et al., on behalf                     01-8549
of himself and all others similarly situated,

        Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

        Defendants.

_____

## SUPPLEMENTAL ORDER ON MOTIONS TO COMPEL ARBITRATION

        **THIS CAUSE** is before the Court on the parties' motions to compel arbitration in

Consolidated Case No. 00-6061-CIV-FERGUSON. The motions to compel arbitration are denied

for the reasons that: (1) a statutorily mandated obligation to arbitrate is unconstitutional as set forth

in the Magistrate Judge's Report and Recommendation; (2) a contractual provision entered into

between an insured and an insurance company cannot require arbitration of claims that are assigned

to a healthcare provider where the insured is not required to arbitrate the same claim; or (3) the

6

motion to compel arbitration is premature until such time as the Court has decided whether the challenged contract is valid. The question of validity may turn on, among other things, the applicability of Florida Statute section 627.736(5) or unconscionability, i.e., whether the contracts are the product of an industry-wide scheme to deprive healthcare providers of an option. Accordingly, it is

**ORDERED AND ADJUDGED** that the following motions, docket entries 174, 225, 402, 610, 698, 745, 757, 759, 760, 761, 807, 10 (01-6778), 15 (01-6780), 17 (01-6783), and 24 (01-8110), are **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this _28TH_ day of October, 2002.

_TIME   12:00 NOON_

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
See service list.

7

**EXHIBIT  C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-Civ-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

       Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

       Third-Party Defendant.
_____/

CHIROPRACTIC CENTRE, INC., on behalf        01-6783
of itself and others similarly situated,

       Plaintiffs,
v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

       Defendant.
_____/



FILED by ___ D.C.

DEC 13 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### REPORT AND RECOMMENDATION

       This cause is before the Court on Met's Motion to Compel
Arbitration (Docket Entry 17 in 01-6783), which was referred to
United States Magistrate Judge Lurana S. Snow for report and
recommendation.

### I. PROCEDURAL HISTORY

       The complaint was filed on May 8, 2001, alleging that the
defendant unlawfully reduced payments to the plaintiff, a medical

provider who treated persons making claims under the Personal
Injury Protection ("PIP") portion of the defendant's automobile
insurance policies. The plaintiff participates in a preferred
provider organization ("PPO") network, whereby he charges reduced
fees to members of the PPO. The plaintiff alleges that although
the defendant never contracted to participate in the PPO, as
permitted by Florida law, it began discounting fees for the
plaintiff's services to the level of fees charged to members of the
PPO. The complaint alleges claims for breach of contract, unjust
enrichment, declaratory judgment, RICO wire and mail fraud and
violation of Fla. Stat. § 627.736. The plaintiff filed a motion to
certify the case as a class action.

      The case was transferred to the calendar of The Honorable
Wilkie D. Ferguson, Jr., since it was similar to other cases
pending before him. On October 22, 2001, the defendant filed the
instant motion to dismiss or stay the litigation and to compel the
plaintiff to participate in arbitration. The motion is fully
briefed and ripe for consideration.

## II.  RECOMMENDATIONS OF LAW

### A.  The Arbitration Clause

      Attached to the complaint is a claim for services
provided to Mr. Daniel Hoffman on March 17, 2000. The defendant
filed a copy of Mr. Hoffman's policy issued June 7, 1999, which
provides:

> 6. Arbitration.   There shall be binding
> arbitration of any claims dispute involving
> medical benefits arising between us and any
> person providing medical services or supplies
> if that person has agreed to accept assignment
> of personal injury protection benefits.   The
> provisions of Chapter 682 of the Florida
> Arbitration Code relating   to arbitration
> shall apply.

Docket Entry 15, Policy, Endorsement FL #2B.

The defendant asserts that this clause is binding on the plaintiff, who bases his claims on his status as an assignee under the PIP contract.   Interpool Ltd. v. Through Transport Mutual Insurance Association, Ltd., 635 F.Supp. 1503, 1505 (S.D.Fla. 1985)(A non-signator to a contract is bound to the arbitration clause if the non-signator invokes the benefits of the contract as a third party beneficiary); Orion Ins. v. Magnetic Imaging Systems I, Ltd., 696 So.2d 475, 478 (Fla. 3d DCA 1997)(the third party beneficiary of an insurance policy is bound by the arbitration clause in that policy).

The plaintiff cites Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla. 2000) in which the Florida Supreme Court held that the mandatory arbitration requirement of that statute was stricken as unconstitutional.   In Pinnacle, persons with PIP coverage from Delta Casualty Company ("Delta"), sought treatment from Pinnacle, and assigned to Pinnacle their right to payment from Delta.  Pinnacle submitted a bill which Delta refused to pay; Pinnacle sued as the insured's assignee. Delta moved to dismiss the case, asserting that the claim was

3

subject to arbitration pursuant to Fla. Stat. § 627.736(5), which provided

> Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person . . . may charge only a reasonable amount . . ., and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment, if the insured receiving such treatment . . . has countersigned the invoice, bill or claim form approved by the Department of Insurance. . . .
>
> Every Insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply.

Fla. Stat. § 672.736(5)(the arbitration provision in the second paragrpaph was added in 1991).

Florida's Supreme Court found that the arbitration provision denied medical providers access to the courts in violation of Article I, Section 21 of the Florida Constitution. The statute promoted assignment of benefits to insure prompt medical care for the insured. The court found that the medical providers lost their access to the courts because their right to appeal was severely limited under the Florida Arbitration Code ("FAC") while they did not receive any commensurate benefit from

4

the statute.[1]  Indeed, the provider was subject to additional liability because the statute automatically provided attorneys' fees to the prevailing party.  The court found that this provision worked against the prompt treatment of insureds, since it caused providers to require immediate payment from the insureds, rather than risking attorneys' fees if it lost a contested arbitration with the insurer.  The court concluded, "Accordingly, we affirm the decision of Fifth District Court of Appeal below and hold be unconstitutional the portion of section 627.736(5), Florida Statutes (1997) requiring mandatory arbitration for all medical provider assignees . . .." Id. at 59.

The defendant asserts that Pinnacle merely invalidates the Florida statute to the extent that it mandated arbitration for medical care providers under a PIP contract.  The defendant argues that the case does not invalidate independent contractual agreements which require such arbitration.  Livingston v. State Farm Mutual Automobile Insurance Co., 774 So.2d 716, 717 (Fla. 2d DCA 2000).

However, the Livingston PIP contract was not before the court, which decided the case based on the statute.  The court stated in dicta that "Pinnacle did not address whether a health

---

[1] The Court compared the PIP provision with Florida's Worker's Compensation Act, which provided uncontested no-fault benefits to the worker in return for denying the him the right to sue the employer.  In other cases upholding mandatory arbitration, a right to appeal existed.  753 So.2d at 58.

care provider may agree to arbitration when it accepts an assignment." Further dicta suggested that the health care provider who accepted assignment under a statutorily-mandated arbitration clause was now free to either compel arbitration or sue the insurer. Id. at 18.

The defendant also cites two cases decided before Pinnacle requiring arbitration based on the contract, rather than on the statute. Orion, 696 So.2d at 477-78 (holding that the statute required arbitration, and finding that the language of the policy - mandated by the statute - also required arbitration); Fortune Insurance Co. v. U.S.A. Diagnostics, Inc., 684 So.2d 208 (Fla. 4th DCA 1996);(When the arbitration clause in the contract is broader in scope than that required by the statute, the Court will enforce the contract).

However, one Florida court cited Pinnacle to invalidate a PIP contractual arbitration clause drafted while the arbitration requirements were part of the statute. Union American Insurance Co. v. U.S.A. Diagnostics, Inc., 765 So.2d 227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding the denial of a motion to compel arbitration under a PIP contract requiring arbitration, finding that the issue had been decided by Pinnacle).

The Court finds that Pinnacle struck down all statutorily-mandated arbitration clauses in PIP insurance contracts. Union American, supra. The defendant has cited no legal authority in support of its argument that a contract drafted while

6

the statute was in effect, which complies with the language of the statute, actually contains an insurer/provider medical claims arbitration clause which was not mandated by the statute.

In the instant case, the 1999 policy with the arbitration clause cannot be deemed to be an independent contract between the parties. The clause appears in a special endorsement for Florida policies, rather than in the main policy.  The endorsement was written while the statute was in effect. The arbitration clause, while rearranging the statutory words to form a single sentence, does not expand or alter the requirements set by the statute. There is no evidence that this arbitration clause was an agreement between the parties which was formed independently from the statute.

Accordingly, the statutorily-mandated arbitration clause must be stricken as in violation of Florida's Constitution. <u>Pinnacle</u>.  <u>Union Diagnostics</u>.

The defendant asserts that even if the clause is invalid under Florida law, it must be enforced under the Federal Arbitration Act, 9 U.S.C. § 1, et seq., which codifies the strong federal policy favoring arbitration. <u>Green Tree Financial Corp. v. Randolph</u>, 531 U.S. 79, 91, 121 S.Ct. 513 (2000)(an arbitration agreement which does not include a provision for the payment of costs remains effective insofar as it mandates arbitration, and must be enforced by the courts).

In <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 104 S.Ct. 852 (1984), the Supreme Court held that 9 U.S.C. § 2 bars states from enacting laws prohibiting arbitration. The statute provides that arbitration clauses might be revoked only upon "grounds as exist at law or in equity for the revocation of any contract," and that enforceability is not subject to "any additional limitations under state law." 465 U.S. at 11, 104 S.Ct. at 858. The Court upheld a contractual arbitration clause which the parties agreed to in spite of state law prohibiting arbitration clauses in franchise investment contracts.

The state cannot interfere with the "ability of contracting parties to freely enter into arbitration agreements." <u>Securities Industry Association v. Lewis</u>, 751 F.Supp. 205, 207 (S.D.Fla. 1990).

However, the parties must freely enter into the arbitration agreement. When the parties are forced into a contractual arbitration agreement by a statute which later is found to be unconstitutional, the court should not enforce the arbitration clause. In the instant case, there was no Florida statute prohibiting arbitration clauses in PIP insurance policies. Rather, an unconstitutional statute attempted to require arbitration. After the statute was stricken, the <u>Union American</u> Court held that arbitration clauses forced on the parties by the unconstitutional statute could not be enforced.

8

Accordingly, the Court must deny the motion to compel arbitration in this case.

**B.**        **Assignment of the Arbitration Clause**

The undersigned will briefly consider the other argument raised by the plaintiff, should the Court determine that the arbitration clause has not been stricken by the <u>Pinnacle</u> decision.

The plaintiff contends that even if the arbitration clause was not mandated by the statute, the insured cannot bind the provider to an arbitration agreement which exists in the contract between the defendant and the insured. <u>Federated Title Insurers, Inc. v. Ward</u>, 538 So.2d 890, 891 (Fla 4th DCA 1989)("Arbitration provisions are personal covenants, usually binding only upon the parties to the covenant;" an employment contract was not binding on the parent or subsidiary of the employing corporation); <u>Karlen v. Gulf & Western Industries, Inc.</u>, 336 So.2d 461 (Fla. 3d DCA 1976)(arbitration agreement was not binding on corporate successor). The plaintiff contends that the insured cannot bind its unknown assignee, the future medical provider, to arbitration.

The defendant asserts that the plaintiff cannot base its complaint on its status as a third party beneficiary to the policy, who accepted assignment of the benefits owed to the insured, and at the same time claim that the assignment is not binding on it. <u>Interpool Ltd. v. Through Transport Mutual Insurance Assoc. Ltd.</u>, 635 F.Supp. 1503, 1505 (S.D.Fla. 1985):

9

> The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. "The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract."
> Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and "a party may be bound by an agreement to arbitrate even in the absence of a signature." (citations omitted).

The result is the same under Florida law. The Livingston court noted that the provider has the option to not accept the assignment. The court found that once a medical provider accepted assignment under a PIP contract, he held "an unqualified assignment [which] transfers to the assignee all the interest of the assignor under the assigned contract." 774 So.2d at 718. See also, Orion, 696 So.2d at 476-77.

The arbitration clause at issue specifically binds the medical provider, even though that provider did not sign the contract. Accordingly, if the arbitration clause has not been stricken by Pinnacle, the arbitration clause in the PIP contract is binding on the plaintiff.[2] Moreover, all of the plaintiff's claims are subject to arbitration, since they all arise out of the claim for unpaid benefits. Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987).

---

[2] The plaintiff argues that only the benefits were assigned, and that the arbitration clause was not assigned. However, none of the cases cited by the plaintiff involve a contract which specifically states that the assignee is required to engage in arbitration.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13th day of December, 2001.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: Attached Service List 01-6783

## SERVICE LIST

### CONSOLIDATED CASE 00-6061-CIV-FERGUSON/SNOW

**Chiropractic Centre, Inc. v. Metropolitan Casualty**          01-6783

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Gold and Phillips)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Marcy Aldrich, Esq. (D and Local Counsel for Lennard)
Jeffrey Lennard, Esq. (D)