

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-FERGUSON/SNOW



DR. PAUL ZIDEL, on behalf of himself and others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC., (n/k/a CCN Managed Care, Inc.),

Third-Party Defendant.

**CCN'S NOTICE OF APPEAL**

Notice is given that Community Care Network, Inc., now known as CCN Managed Care, Inc. ("CCN"), the third-party defendant in this action, pursuant to section 16(a)(1)(A) of the Federal Arbitration Act, 9 U.S.C. §16(a)(1)(A), hereby appeals to the United States Court of Appeals for the Eleventh Circuit the following order of the United States District Court for the Southern District of Florida: The Order of October 28, 2002 entitled "Supplemental Order On Motions To Compel Arbitration" (docket entry 881), which, among other things, denied CCN's motion to compel arbitration (docket entry 174).

For purposes of clarity, the instant case has been consolidated for certain pre-trial purposes with a number of other cases involving different parties and different contracts.



Though the District Court's Order also rules upon other motions to compel arbitration filed by other parties in other cases, those motions were based on different contracts and present different issue than CCN's motions. Accordingly, CCN appeals the District Court's Order only to the extent that it denies CCN's motion to compel arbitration.

A copy of the District Court's order is attached as Exhibit A hereto. A copy of the Magistrate Judge's Report and Recommendation on CCN's motion, dated January 18, 2002, is attached hereto as Exhibit B.

Respectfully submitted,

MCGUIRE WOODS LLP

By: ______________________

William W. Deem
Florida Bar No. 0512834
Bryan S. Gowdy
Florida Bar No. 0176631
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207
E-mail: wdeem@mcguirewoods.com

Attorneys for CCN Managed Care, Inc.

**Certificate of Service**

I certify that a copy of the foregoing has been furnished by U.S. Mail on this 7th day of November, 2002, to all counsel listed on the attached service list.

______________________
Attorney

\\COM\168202.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of himself and others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC., doing business as CCN,

Third-Party Defendant.

---

KEITH BRICKELL, D.C., individually and on behalf of himself and others similarly situated, 00-6649

Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

Defendants.

---

FILED by D.C.
OCT 28 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.






MARC J. BROWNER, D.C., individually and on behalf of himself and others similarly situated, — 00-7163

Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY, BEECH STREET CORPORATION, and ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

Defendants.

---

SALVATORE D. LARUSSO, D.C., d/b/a Family Chiropractic Center, on behalf of himself and others similarly situated, — 00-7692

Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE and COMMUNITY CARE NETWORK, INC.,

Defendants.

---

ULTRA OPEN MRI CORPORATION, on behalf of itself and others similarly situated, — 01-6776

Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf of itself and others similarly situated,

01-6777

Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf of itself and others similarly situated,

01-6778

Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf of itself and others similarly situated,

01-6779

Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and THE CONTINENTAL INSURANCE COMPANY,

Defendants.

---

SALVATORE D. LARUSSO, D.C., d/b/a Family Chiropractic Center, on behalf of himself and others similarly situated, — 01-8108

Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and others similarly situated, — 01-8110

Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and others similarly situated,

Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

Defendant.

01-8111

FILED by D.C.
OCT 28 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

---

DR. ANDREW ELLOWITZ, et al., on behalf of himself and all others similarly situated,

Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

Defendants.

01-8549

---

**SUPPLEMENTAL ORDER ON MOTIONS TO COMPEL ARBITRATION**

**THIS CAUSE** is before the Court on the parties' motions to compel arbitration in Consolidated Case No. 00-6061-CIV-FERGUSON. The motions to compel arbitration are denied for the reasons that: (1) a statutorily mandated obligation to arbitrate is unconstitutional as set forth in the Magistrate Judge's Report and Recommendation; (2) a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claim; or (3) the

motion to compel arbitration is premature until such time as the Court has decided whether the challenged contract is valid. The question of validity may turn on, among other things, the applicability of Florida Statute section 627.736(5) or unconscionability, i.e., whether the contracts are the product of an industry-wide scheme to deprive healthcare providers of an option. Accordingly, it is

**ORDERED AND ADJUDGED** that the following motions, docket entries 174, 225, 402, 610, 698, 745, 757, 759, 760, 761, 807, 10 (01-6778), 15 (01-6780), 17 (01-6783), and 24 (01-8110), are **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 28TH day of October, 2002.

TIME 12:00 NOON

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
See service list.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Consolidated Case No. 00-6061-Civ-Ferguson/Snow

DR. PAUL ZIDEL, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

Defendant and Third Party Plaintiff,

vs

COMMUNITY CARE NETWORK,

Third Party Defendant.
_________________________________/




**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on CCN's Partially Unopposed Motion to Compel Arbitration (Docket Entry 174), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

**I. PROCEDURAL HISTORY**

A class action complaint was filed by David A. Napoli on January 12, 2000, alleging claims against Allstate Insurance Company (hereinafter "Allstate") and Medview Services, Inc. The defendants filed motions to dismiss the complaint. Thereafter a new plaintiff, Dr. Paul Zidel was granted leave to file an amended complaint naming as defendants Allstate and Community Care Network (hereinafter "CCN"). Allstate and CCN filed motions to dismiss; CCN also filed a motion to compel arbitration under its PPO



contract with the plaintiff. In response, the plaintiff stipulated to a dismissal without prejudice of his claim against CCN.

Thereafter Dr. Zidel filed a second amended complaint against Allstate, which filed a motion to dismiss. Allstate also filed a third party complaint against CCN. After the Court denied Allstate's motion to dismiss; CCN filed the instant motion to compel the plaintiff to engage in arbitration. The motion is fully briefed and is ripe for consideration.

II. THE COMPLAINT AND THIRD PARTY COMPLAINT

The second amended complaint ("complaint") alleges that Allstate unlawfully reduced its payments to the plaintiff, a medical provider who treated persons making claims under Allstate's Person Injury Protection ("PIP") automobile insurance policies. The plaintiff participates in a preferred provider organization ("PPO") network, whereby he charges reduced fees to members of the PPO which CCN organized. The plaintiff alleges that although the defendant never joined CCN's PPO, as permitted by Florida law, CCN provided software to Allstate which enabled Allstate to discount its payments for the plaintiff's services to the level of fees charged to members of CCN's PPO.

The complaint seeks declaratory judgment, and damages for unjust enrichment, RICO wire and mail fraud, and violation of Fla. Stat. § 627.736. The plaintiff also asserts that Allstate breached its contract with its insureds by failing to pay 80% of reasonable and necessary medical expenses incurred under the PIP coverage. The plaintiff makes a claim of breach of contract, based on his

status as a third party beneficiary of the PIP insurance policy.

Attached to the complaint is a copy of the plaintiff's August 1, 1998, PPO contract with CCN, to demonstrate that Allstate does not meet any definition which would make it a participant in the PPO. The contract includes a clause requiring arbitration of any disputes between the plaintiff and CCN. (DE 98, Exhibit A, § 12.02.)

Allstate's third party complaint against CCN states that CCN markets health care service provider networks. Health care providers agree to accept less than their usual fees in return for the marketing and billing services provided by CCN. The complaint alleges that CCN represented to Allstate that CCN was authorized to provide Allstate with the PPO network reduced prices for persons treated, under Allstate's PIP policies, by CCN's PPO health care providers-. Accordingly, on February 1, 1999, Allstate entered into an agreement with CCN whereby Allstate paid a fee to CCN and in return CCN processed Allstate's PIP claims to reduce payments for any CCN network health care provider who provided services under Allstate's PIP coverage. The complaint alleges CCN breached its contract with Allstate by discounting payments in an unauthorized manner. Allstate also claims unjust enrichment and negligent misrepresentation and seeks indemnity if it is found that CCN did not have the authority to bill Allstate PIP claims at the lower PPO rates.

III. MOTION TO COMPEL ARBITRATION

CCN, the third party defendant, seeks to compel the plaintiff to engage in arbitration pursuant to the PPO contract. CCN argues that as a third party defendant, it can require compliance with the provisions of its contract with the plaintiff, even though it is being sued by Allstate, which is not a party to that PPO contract.

The plaintiff asserts that since he is not making any claim against CCN under the PPO contract, CCN cannot enforce the arbitration clause as a defense against claims brought by Allstate against CCN. The plaintiff also asserts that CCN has waived its right to arbitrations because it repeatedly failed to exercise the right to arbitration.

CCN's reply argues that so long as the plaintiff's claim against Allstate is based on his rights and obligations under the PPO contract, the plaintiff cannot ignore those parts of the PPO contract which limit his remedies.

IV. RECOMMENDATIONS OF LAW

The Federal Arbitration Act, 9 U.S.C. § 1, et seq. embodies the federal commitment to enforcing arbitration contracts between parties. Dean Witter Reynolds, 470 U.S. 213, 218 (1984). In order to invoke the provisions of the act, the defendant must show that the parties agreed to arbitrate their disputes and that the claims fall within the scope of their arbitration agreement. Singer v. Smith Barney Shearson, 926 F.Supp. 183, 187 (S.D.Fla.

1996).[1] All doubts should be resolved in favor of arbitration. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). To determine whether the claim falls within the terms of the arbitration agreement, the Court must evaluate the underlying factual allegations regardless of "the legal label assigned to the claim." J.J.Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 319 (4th Cir. 1988).

A. Enforcement of PPO Contract

CCN argues that its written PPO contract with Dr. Zidel requires arbitration of "any demands, disputes, claims or lawsuits." (DE 98, Exhibit A, § 12.02). Accordingly, CCN seeks to stay this litigation and to compel the plaintiff to engage in arbitration.

The plaintiff and CCN agree that they entered into a written arbitration agreement which applies to any claim or dispute between them. They also agree that the plaintiff, prior to filing the complaint, made a demand to CCN for arbitration about Allstate's bills; however, for reasons the parties dispute, arbitration did not take place. Finally, the parties agree that thee is no legal authority directly on point.

CCN points out that federal courts have compelled arbitration despite the lack of a written arbitration agreement

---

[1] CCN asserts that the result is the same under the Florida Arbitration Code, Fla. Stat. § 682.01, et seq. The Court must determine whether a valid written arbitration agreement exists, whether the claim falls within the arbitration agreement, and whether the right to arbitrate was waived. Seifert v. U.S. Home Corp., 750 So.2d633, 636 (Fla. 1999).

between the particular parties, if the existing written arbitration agreement applies to the parties through the principles of agency or third party beneficiary status. In re Managed Care Litigation, 132 F.Supp.2d 989, 994 (S.D.Fla. 2000), mod. 143 F.Supp.2d 1371 (2001).[2]

The plaintiff's response argues that he has not asserted any claim against CCN, and neither he nor Allstate have sought recovery through the PPO contract. The only claims against CCN were filed by Allstate in the third-party complaint, based on the contract between Allstate and CCN.[3] The plaintiff argues that since he has made no claims against CCN, CCN cannot force him into arbitration in this litigation. The defendant points out that CCN has not cited any case where an arbitration clause has been asserted against a plaintiff by a third-party defendant.

CCN argues that the doctrine of equitable estoppel mandates arbitration in this case. It asserts that the plaintiff's entire claim against Allstate is based on the plaintiff's rights and duties under CCN's PPO agreement; the plaintiff must prove that Alstate is not included in the PPO network. Because it is central to his claim, the plaintiff attached a copy of the PPO contract to

---

[2] The undersigned notes that CCN is not attempting to compel non-signatory Allstate to engage in arbitration. CCN's motion states that Allstate does not oppose arbitration between the plaintiff and CCN. Apparently this is the basis for designation of the motion as "partially unopposed."

[3] Allstate has no arbitration agreement in its PIP contract under which the plaintiff is a third party beneficiary; Allstate has not sought to compel the plaintiff to engage in arbitration with Allstate.

the complaint. MS Dealer Service Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)(an arbitration clause may be enforced against a non-signatory if the signatory's claims against another signatory and the non-signatory are so interdependent as to show concerted misconduct by the other signatory and the non-signatory); International Paper Co. v. Schwabedissen Maschinen & Anlagen, GMBH, 206 F.3d 411, 417-18 (4th Cir. 2000)(an arbitration clause may be enforced against a non-signatory when the non-signatory has asserted rights under the contract).

The plaintiff contends that this argument suffers the same flaw as the previous one: CCN is not attempting to compel non-signatory Allstate to engage in arbitration. Accordingly, the cases are inapposite.

CCN's reply asks the Court to consider an analogy: under the cases cited, Allstate, as a third party-beneficiary of the plaintiff's PPO contract with CCN, could demand that the plaintiff engage in arbitration pursuant to that contract. Accordingly, in the posture of this case, CCN also could require arbitration under a signed contract it has with the plaintiff.

The undersigned finds that this last argument also is inapplicable. Allstate is not claiming any benefits or defenses as a third party beneficiary of the plaintiff's contract with CCN. Thus there is no basis for Allstate to seek to compel arbitration under CCN's PPO agreement with the plaintiff. If Allstate cannot compel arbitration, CCN cannot.

The situation is similar to the defenses which a third-party defendant may raise against the original plaintiff, pursuant to Fed.R.Civ.P. 14(a). The third party defendant may raise any defenses against the original plaintiff which the third party plaintiff might raise against the original plaintiff's claim. Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d § 1457 (1990). Only if the plaintiff asserts a claim against the third party defendant may the third-party defendant raise personal defenses directly against the original plaintiff. Id. at text accompanying n. 14; Knell v. Feltman, 174 F.2d 662, 664 (D.D.C. 1949). If the plaintiff does not assert a claim against the third party defendant, the third party defendant cannot assert personal defenses against the plaintiff.[4]

The undersigned finds that there is no legal basis for CCN to demand arbitration under its PPO contract with the plaintiff. The plaintiff has not asserted any claim against CCN or Allstate under the PPO contract. Allstate does not claim to be a third-party beneficiary of the PPO contract between the plaintiff and CCN, and cannot use the PPO contract as a defense. Accordingly, CCN cannot assert defenses based on the PPO contract. While the complaint freely refers to the PPO contract to demonstrate that Allstate was not a member of the PPO network, this is insufficient to provide a basis for the relief CCN seeks.

---

[4] Clearly the rule contemplates that the original plaintiff may choose not to make a claim against the third-party defendant. That is his choice. Nothing in the rule gives the third-party defendant the right to insist that the plaintiff make a claim directly against the third party defendant.

CCN asserts that because there is a strong presumption in favor of arbitration in cases involving contracts with arbitration clauses, the Court should find that the PPO contract is central to the litigation and compel arbitration. J.J. Ryan, supra. However, this argument also fails, since none of the parties claim relief under the PPO contract. The Court should deny the motion to compel arbitration.

B. Waiver[5]

The plaintiff's response contends that CCN repeatedly has failed to invoke its rights under the arbitration clause of the PPO contract; accordingly it has waived the right to now demand enforcement of that clause. S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990), cert. denied, 498 U.S. 1026 (1991)(the right to arbitration is waived if the party has acted inconsistently with that right and prejudiced the other party). The Court must consider the length of the delay and the expense of the litigations before arbitration is sought. Id.

The plaintiff asserts that § 12.02 of the PPO contract requires the parties to mutually agree to appoint an impartial arbitrator within 30 days of a written request for arbitration. On May 3, 2000, the plaintiff sent CCN a letter seeking to arbitrate the matter of lowered payments for parties who had not executed PPO

[5] If the Court affirms the recommendation to deny the motion to compel arbitration, the waiver argument is moot. However, in an abundance of caution, the undersigned will consider the waiver arguments raised by the parties.

agreements with CCN. CCN did not respond. The plaintiff argues that CCN breached the arbitration agreement, it breached a condition precedent to enforcement of the agreement. Platt Pacific, Inc. v. Andelson, 862 P.2d 158 (Cal. 1993); Brick Township Mun. Utilities Authority v. Diversified R.B. & T. Const. Co., Inc., 409 A.2d 806 (N.J.Super. Ct. App. Div. 1979).

The plaintiff also argues that CCN's failure to seek arbitration immediately after the filing fo the third-party complaint, and to instead participate in the litigation, constitutes waiver. Between February 13, 2001 and the filing of the instant motion on October 3, 2001, CCN joined in a motion to amend the pretrial order, opposed consolidation of this case with other similar cases, responded to the plaintiff's motion to continue the trial, filed a request for oral argument on its opposition to the plaintiff's motion to limit CCN's communications with the class members, and filed a motion to preclude commencement of merits discovery.

CCN notes that in response to the amended complaint, which first named CCN as a defendant, it immediately filed a motion to compel arbitration. Instead, the plaintiff dropped his claims against CCN. CCN argues that it filed only one motion, to preclude merits discovery, in part due to the arbitration agreement.

The undersigned agrees that this limited participation falls far short of the degree of participation deemed to constitute waiver of the right to arbitrations. Com-Tech-Associates v. Computer Associates International, Inc., 938 F.2d 1574, 1576-77 (2d Cir. 1991)(party engaged in extensive litigation then filed a motion for arbitration four months before the trial); S&H

Contractors, 906 F.2d at 1514 (motion to dismiss and active participation in discovery constituted waiver of right to seek arbitration). CCN sought to compel arbitration immediately after being named as a plaintiff. The plaintiff cannot claim prejudice, since it had early notice of CCN's intent to enforce the arbitration clause. If the Court determines that the arbitration clause in the PPO contract between CCN and the plaintiff can be enforced, even though the plaintiff has made no claim against CCN, then the doctrine of waiver does not bar arbitration.

III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to compel arbitration be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 18th day of January, 2002.

Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: Attached 00-6061 Service List

**SERVICE LIST**

**CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW**

**Paul Zidel, et al. v. Allstate Insurance Company v. Community Care**

Eric Lee, Esq. (P) 00-6061
Douglas Blankman, Esq. (P and Local for Phillips and Gold)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
David Shelton, Esq. (D and Third-Party Plaintiff Allstate)
William Deem, Esq. (Third-Party Defendant Comunity Care)

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Amended 5/6/02)


**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
350 N.W. 12th Avenue, Suite 150
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 (Facsimile)

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphilips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 (Facsimile)

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 (Facsimile)

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 (Facsimile)

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 (Facsimile)

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 (Facsimile)

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 (Facsimile)

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4336
(305) 539-2495
(305) 536-1116 (Facsimile)

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900
(305) 373-6914 (Facsimile)

**Counsel for CCN**

MCGUIRE WOODS LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (Facsimile)

**Counsel for Nationwide**

FOWLER, WHITE
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 (Facsimile)

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 (Facsimile)

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 (Facsimile)

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (Facsimile)

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (Facsimile)

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 (Facsimile)

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy @bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 (Facsimile)

SHEA & GARDNER
John D. Aldock, Esq.
jaldock@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000
(202) 828-2195 (Facsimile)

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Floor
Holly wood, FL 33021
(954) 961-1400
(954) 967-8577 (Facsimile)