UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC.,

        Defendants.

_____/

Case No. 00-7692-FERGUSON

## APPELLANT/DEFENDANT LIBERTY MUTUAL'S
## AMENDED NOTICE OF APPEAL

    Appellant/Defendant, Liberty Mutual Insurance Company, hereby amends its Notice of Appeal filed on October 29, 2002, to include the order of the trial court titled, "Supplemental Order on Motions to Compel Arbitration" dated October 28, 2002.

    Thus, notice is hereby given that Liberty Mutual Insurance Company, one of the defendants in the above-named cause, hereby appeals to the United States Court of Appeals for the Eleventh Circuit the following orders:  (1) Supplemental Order on Motions to Compel Arbitration dated October 28, 2002 (attached hereto as Exhibit A); (2) Order Adopting Report and Recommendation and Administratively Closing Cases, dated September 30, 2002 (attached hereto as Exhibit B); and (3) Report and Recommendation submitted on September 27, 2002 (attached hereto as Exhibit C).

{MI862639;1}



Respectfully submitted,

**AKERMAN SENTERFITT**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _Nina K. Brown_

     NINA K. BROWN
     Florida Bar No. 354260
     nbrown@akerman.com
     MARK S. SHAPIRO
     Florida Bar No.: 894631
     mshapiro@akerman.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this _7th_ day of November, 2002.

_Nina K. Brown_
Attorney

{MI862639;1}

**MASTER SERVICE LIST**
**(Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)**
(Updated 5/21/02)

**Co-Lead Counsel for Class Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 150
350 N.W. 12th Ave.
Deerfield Beach, FL 33442
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

{MI862639;1}

3

**Counsel for CCN**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL
DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm
Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite
3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN SENTERFITT
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:
Hartford, Metropolitan,
Integon**

AKERMAN SENTERFITT
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE
PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell
Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE
PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite
102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave.,
N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American
International**

CONROY, SIMBERG,
GANON, KREVANS &
ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

       Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

       Third-Party Defendant.

_____

KEITH BRICKELL, D.C., individually
and on behalf of himself and others
similarly situated,

       Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

       Defendants.

_____

00-6649

FILED by _____ D.C.

OCT 28 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

MARC J. BROWNER, D.C., individually          00-7163
and on behalf of himself and others
similarly situated,

       Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

       Defendants.

_____

SALVATORE D. LARUSSO, D.C., d/b/a       00-7692
Family Chiropractic Center, on behalf
of himself and others similarly situated,

       Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE and
COMMUNITY CARE NETWORK, INC.,

       Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf    01-6776
of itself and others similarly situated,

       Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,
       Defendant.

_____

2

ULTRA OPEN MRI CORPORATION, on behalf
of itself and others similarly situated,                                    01-6777

        Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

        Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                      01-6778
of itself and others similarly situated,

        Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

        Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf                      01-6779
of itself and others similarly situated,

        Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

        Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf                    01-6780
of itself and others similarly situated,

        Plaintiffs,

v.

INTEGON NATIONAL INSURANCE COMPANY and
INTEGON GENERAL INSURANCE COMPANY,

        Defendants.

_____

CHIROPRACTIC CENTRE, INC., on behalf                     01-6782
of itself and others similarly situated,

        Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

        Defendants.

_____

CHIROPRACTIC CENTRE, INC., on behalf                     01-6783
of itself and others similarly situated,

        Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

        Defendant.

_____

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

      Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

      Defendant.

_____

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8110
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

      Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

      Defendant.

_____

SALVATORE D. LARUSSO, D.C., d/b/a                        01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

       Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

       Defendant.



_____

DR. ANDREW ELLOWITZ, et al., on behalf                        01-8549
of himself and all others similarly situated,

       Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

       Defendants.

_____

## SUPPLEMENTAL ORDER ON MOTIONS TO COMPEL ARBITRATION

**THIS CAUSE** is before the Court on the parties' motions to compel arbitration in

Consolidated Case No. 00-6061-CIV-FERGUSON.  The motions to compel arbitration are denied

for the reasons that: (1) a statutorily mandated obligation to arbitrate is unconstitutional as set forth

in the Magistrate Judge's Report and Recommendation; (2) a contractual provision entered into

between an insured and an insurance company cannot require arbitration of claims that are assigned

to a healthcare provider where the insured is not required to arbitrate the same claim; or (3) the

6

motion to compel arbitration is premature until such time as the Court has decided whether the challenged contract is valid. The question of validity may turn on, among other things, the applicability of Florida Statute section 627.736(5) or unconscionability, i.e., whether the contracts are the product of an industry-wide scheme to deprive healthcare providers of an option. Accordingly, it is

**ORDERED AND ADJUDGED** that the following motions, docket entries 174, 225, 402, 610, 698, 745, 757, 759, 760, 761, 807, 10 (01-6778), 15 (01-6780), 17 (01-6783), and 24 (01-8110), are **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this _28TH_ day of October, 2002.

_TIME  12:00 NOON_

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
See service list.

7

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NOS.   00-6061; 00-6649; 00-7163; 00-7692; 01-6776;
01-6777; 01-6778; 01-6779; 01-6780; 01-6782; 01-6783;
01-8108;01-8110;01-8111;01-8549-CIV-FERGUSON

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

    Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third Party Plaintiff,

vs.

COMMUNITY CARE NETWORK, INC.,
d/b/a CCN.

    Third-Party Defendant.
_____/

FILED by _____ D.C.

SEP. 3 0 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

ORDER ADOPTING REPORT AND RECOMMENDATION AND
ADMINISTRATIVELY CLOSING CASES

    A motion filed by the defendant Hartford Insurance Company to compel arbitration, dismiss

the amended complaint and stay discovery was referred to United States Magistrate Judge Lurana

S. Snow for a report and recommendation.[1]  After a hearing the Magistrate Judge issued a report

which recommends that the motion to compel arbitration and the motion to dismiss be denied and

_____

    [1] This order impacts fifteen (15) cases which have been consolidated.

that the motion to stay discovery be found moot. Both parties have filed objections to parts of the report and recommendation. Hartford argues that the report is erroneous "because it is well-established that the Federal Arbitration Act (the "FAA") preempts state laws restricting the enforcement of arbitration agreements." Dr. Zidel contends that the Magistrate Judge's basis for recommending denial of arbitration-- that the arbitration clause is unconstitutional based on a Florida Supreme Court decision--falls short and that otherwise there would have been a duty to arbitrate, is erroneous.

The conclusion reached by the Magistrate Judge, that the motion to compel arbitration be denied, is adopted by this Court. Hartford's objection is OVERRULED. This Court agrees with the plaintiffs that the motion to compel arbitration should be denied for the additional reason that a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claim. For that reason the Plaintiffs' objection to the Report and Recommendation are SUSTAINED. Accordingly, it is

ORDERED AND ADJUDGED that the Report and Recommendation is ADOPTED in part as the finding and conclusions of this Court. It is further

ORDERED AND ADJUDGED that these cases are administratively closed.[2] All other pending motions are dismissed without prejudice.

---

[2]    The parties have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal.

DONE AND ORDERED in chambers, at Ft. Lauderdale, Florida, this 30th day of September, 2002.

_____
WILKIE D. FERGUSON, JR.
United States District Judge

cc:    All Counsel of Record

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

     Third-Party Defendant.



--------------------------------------

SALVATORE D. LARUSSO, D.C., on behalf      00-7692
of himself and others similarly situated,

     Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,

     Defendants.

--------------------------------------

## REPORT AND RECOMMENDATION

     This cause is before the Court on Defendant Liberty
Mutual's Joinder in Defendant CCN's Motion to Compel Arbitration
(Docket Entry 757), and Defendant Liberty Mutual's Motion to Compel
Arbitration on Additional Grounds (Docket Entry 807), which were
referred to United States Magistrate Judge Lurana S. Snow for
report and recommendation.

## I. PROCEDURAL HISTORY

The complaint was filed on November 15, 2000, alleging that defendant Liberty Mutual Insurance Company ("Liberty Mutual") unlawfully reduced payments to the plaintiff, a medical provider which treated persons making claims under the defendant's Personal Injury Protection ("PIP") automobile insurance policies.

The plaintiff participates in a preferred provider organization ("PPO") network organized an managed by defendant Community Care Network, Inc. ("CCN"), whereby the plaintiff charges reduced fees to members of the PPO. The plaintiff alleged that although the defendant never contracted to participate in the PPO network, as permitted by Florida law, it began discounting fees for the plaintiff's services to the level of the fees charged for members of the PPO. The complaint seeks a declaratory judgment and makes claims for unjust enrichment, third party beneficiary breach of contract, RICO mail and wire fraud and violation of Fla. Stat. § 627.736. Attached to the complaint is an Explanation of Payment for treatment provided to Ms. Noelle Zulli, who was injured on March 17, 1995, and was treated by the plaintiff in June 1996.

On May 31, 2002, CCN filed a motion to compel arbitration pursuant to its PPO contract with the plaintiff. (DE 698) On June 24, 2002, Liberty Mutual filed its "joinder" with CCN's motion, and provided a memorandum of law on its legal standing to join the motion. (DE 757) After several extensions of time to respond to CCN's motion to compel arbitration, the plaintiff voluntarily

2

dismissed its claims against CCN, without ever filing a response to CCN's motion. (DE 794) The plaintiff then filed a memorandum of law in opposition to Liberty Mutual's standing to join in CCN's motion to compel arbitration. (DE 797)   Liberty Mutual filed a reply in support of its standing (DE 806) and also a motion to compel arbitration based on its PIP policy (DE 807).   Both motions are fully briefed and ripe for consideration.

## II.  RECOMMENDATIONS OF LAW

A.        Joinder in CCN's Motion to Compel Arbitration, DE 757

The PPO contract between the plaintiff and CCN, ("CCN Provider Agreement") states: "The sole and exclusive remedy for the resolution of any demands, disputes, claims or lawsuits shall be binding arbitration as the parties do not want the delay of expense of lawsuits."  (DE 698, Exhibit A, ¶ 12.02)  CCN filed its motion to compel arbitration based on this clause.

Liberty Mutual sought to join in this motion, asserting that it has standing to enforce this arbitration agreement, based on the doctrine of equitable estoppel, even though it is not a party to the CCN Provider Agreement.  In special circumstances, a signatory to an arbitration agreement will be equitably estopped from avoiding arbitration on the grounds that the party seeking arbitration is a non-signatory.   First, when the plaintiff signatory relies on the terms of the written agreement in asserting its claims against the non-signatory defendant.   Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 756 (11th Cir.

3

1993). Second, when the plaintiff signatory "raises allegations of substantially independent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract." MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999).

The defendant argues that the plaintiff's claims against Liberty Mutual presume the existence of the CCN Provider Agreement, and require reference to the Provider Agreement. Moreover, the complaint alleges that CCN and Liberty Mutual "collectively engaged in the previously described 'Silent PPO' scheme to reduce benefits paid on auto insurance claims." (Case No. 00-7692-Civ-Ferguson, DE 1, ¶26). Thus the plaintiff is estopped from arguing that Liberty Mutual cannot enforce the arbitration clause in the CCN Provider Agreement.

The plaintiff's response argues that after its case against CCN was settled, Liberty Mutual's "joinder" became moot, since the settlement mooted CCN's motion to compel arbitration.

The defendant's reply does not address the issue of mootness regarding the CCN Provider Agreement. Instead, the defendant argues that arbitration still can be compelled pursuant to its motion to compel arbitration under its PIP insurance contract.

The Court finds that Liberty Mutual did not establish standing, either equitably or procedurally, to enforce the terms of the CCN Provider Agreement against the plaintiff. Sunkist analyzes two situations where a non-signatory may be bound by an arbitration

4

agreement.  First, when the non-signatory is repeatedly mentioned in the contract containing the arbitration agreement.  Sunkist, 10 F.3d at 757.  Second, when the signatory and non-signatory are a parent company and a subsidiary company with claims and liabilities arising out of the same contract.  Id. at 757-58.  Neither situation applies to the instant case.

The MS Dealer case also fails to support the defendant's argument.  Although the case discusses concerted action between the signatory and non-signatory defendants, the Court stressed the importance of the fact that the conspiring defendants worked in concert to cause the plaintiff to enter into the challenged contract.  MS Dealer, 177 F.3d at 948, citing, Roberson v. Money Tree of Ala. Inc., 954 F.Supp. 1519, 1529 (M.D.Ala. 1997)(the defendants acted in concert to cause the plaintiff to enter into the loan agreement which required arbitration).  In the instant case, there are no allegations that Liberty Mutual acted in concert with CCN to induce the plaintiff to enter into the CCN Provider Agreement.  Indeed, the plaintiff's claim against Liberty Mutual alleges improper payments under Liberty Mutual's PIP policies.

Thus Liberty Mutual has failed to demonstrate that it had equitable standing to join CCN's motion to compel arbitration under CCN's Provider Agreement. But, even if the Court were to find that Liberty Mutual had equitable standing to enforce the CCN provider Agreement against the plaintiff, procedurally the issue of the

effect of CCN's arbitration clause became moot during the course of the litigation.

Liberty Mutual did not adopt CCN's arguments to compel arbitration under the CCN Provider Agreement. When the plaintiff settled the case with CCN, CCN's motion became moot and the plaintiff did not respond to CCN's arguments regarding arbitration. The plaintiff's response to Liberty Mutual's "joinder" challenged only Liberty Mutual's standing to join CCN's motion, and noted that CCN's motion had become moot. Liberty Mutual's reply also is limited to the issue of standing. The issue of the arbitration clause in the CCN Provider Agreement was not briefed by either Liberty Mutual or the plaintiff. The only issue these parties have briefed for the Court is whether Liberty Mutual had standing to join in CCN's motion.

Accordingly, the Court cannot grant Liberty Mutual any relief as a result of its "joinder" in CCN's motion to compel arbitration. While Liberty Mutual did not entitle its "joinder" as a motion, the issue was fully briefed as a motion for leave to join in CCN's motion. For the reasons discussed above, the motion must be denied.

B.        Arbitration under Liberty Mutual's PIP Policy (DE 807)

The defendant provided a copy of Ms. Zulli's automobile insurance policy issued March 16, 1995:

ARBITRATION

> If a provider of medical services or supplies
> has agreed to accept assignment of extended
> personal injury protection benefits:
>
> 1.  Any claims dispute, involving
>     medical expenses, between that
>     provider and us shall be subject to
>     binding arbitration in accordance
>     with the Florida Arbitration Code.

(DE 807, Exhibit A, Extended Personal Injury Protection Coverage -

Florida, Form PP 05 66 02 93 [1992 version] p. 4)  Liberty Mutual

asserts that this clause is enforceable, despite the decision in

Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical , Inc., 753 So.2d

55 (Fla. 2000).

        In  Pinnacle,  the  Florida  Supreme  Court  held

unconstitutional an amendment to Fla. Stat. § 627.736(5) which

mandated a clause in PIP contracts requiring arbitration of any

disputes between insurers and medical care providers who had agreed

to accept assignment of the insured's benefits. The challenged

statute was in effect from its passage in 1991 until it was

declared unconstitutional on February 3, 2000.  Subsequently, one

Florida court cited Pinnacle to invalidate a PIP arbitration clause

drafted while the arbitration requirement was part of the statute.

Union American Insurance Co. v. U.S.A. Diagnostics, Inc., 765 So.2d

227 (Fla. 4th DCA 2000)(denying certiorari for an appeal upholding

the denial of a motion to compel arbitration under a PIP contract

requiring arbitration, finding that the issue had been decided by

Pinnacle.) Accordingly, the Court must deny the motion to enforce

the arbitration clause in Ms. Zulli's PIP contract.

The defendant asserts that even if <u>Pinnacle</u> voided Ms. Zulli's PIP arbitration clause, the plaintiff's class action allegations include potential claims based on Liberty Mutual's PIP policies issued after February 3, 2000, all of which include non-statutory arbitration clauses.

The Court need not pursue this argument, since Article III, section 2, of the Constitution limits the Court's jurisdiction to controversies actually before the Court. At present, the only PIP claim before the Court is for Ms. Zulli, and is based on a pre-<u>Pinnacle</u> PIP policy.

<u>B.</u>        <u>Arbitration Under the Federal Arbitration Act</u>

The defendant urges the Court to enforce the arbitration clause under the "liberal federal policy favoring arbitrations agreements." <u>Green Tree Fin. Corp. v. Randolph</u>, 531 U.S. 79, 91 (2000).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, et seq., requires the Court to enforce written arbitration agreements which are included in contracts which evidence a transaction involving interstate commerce. <u>Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.</u>, 460 U.S. 1, 24-25 (1983). If the plaintiff attempts to litigate claims, including statutory claims, which fall within the terms of the arbitration agreement, the Court must compel the parties to attend arbitration. <u>Shearson/American Express Inc. v. McMahon</u>, 482 U.S. 220, 242, 107 S.Ct. 2332, 2345 (1987)(RICO claims are subject to arbitration under the FAA).

Courts must resolve ambiguities in favor of arbitration.  Volt
Information Services, Inc. v. Board of Trustees of the Leland
Stanford Junior University, 489 U.S. 468, 475-76 (1989).    The
purpose of the FAA is to enforce written arbitration provisions.
Roadway Package System, Inc. v. Kayser, 257 F.3d 287 (3rd Cir.
2001).

    In the instant case, the operation of state law has
voided the arbitration clause in the PIP policy.  There is no other
written arbitration agreement between the plaintiff and the
defendant.  The Court cannot compel arbitration pursuant to the
FAA.

### III. CONCLUSION

    This Court having considered carefully the pleadings,
arguments of counsel, and the applicable case law, it is hereby

    RECOMMENDED AS FOLLOWS:

    1.    That Defendant Liberty Mutual's Joinder in Defendant
CCN's Motion to Compel Arbitration (DE 757) be deemed a motion for
joinder and be DENIED.

    2.    That the Court DENY Defendant Liberty Mutual's
Motion to Compel Arbitration on Additional Grounds (DE 807).

    The parties will have ten days from the date of being
served with a copy of this Report and Recommendation within which
to file written objections, if any, for consideration by The
Honorable Wilkie D. Ferguson, Jr., United States District Judge.
Failure to file objections timely shall bar the parties from

attacking on appeal factual findings contained herein. <u>LoConte v.</u> <u>Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

  DONE AND SUBMITTED at Fort Lauderdale, Florida, this 27th day of September, 2002.

        _Lurana S. Snow_
       _____
       LURANA S. SNOW
       UNITED STATES MAGISTRATE JUDGE

Copies to: The Attached 00-7692-Civ-Ferguson Service List

SERVICE LIST

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

Salvatore Larusso, D.C., et al. v. Liberty Mutual, et al.   00-7692

Eric Lee, Esq. (P)
Douglas Blackman, Esq. (P and Local Counsel for Phillips, Gold &
                                                  Lawson)
Carlin Phillips, Esq. (P)
Arthur Gold, Esq. (P)
Susan Lawson, Esq. (P)
Nina Kole Brown, Esq. (D - Liberty)
William Deem, Esq. (D - Community Care)