IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW**

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CNN,

    Third Party Defendant.



_____

THE CHIROPRACTIC CENTRE, INC.,
On behalf of itself and all others
similarly situated,

    01-6782

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendant.
_____/

**SUGGESTION OF PENDENCY OF REHABILITATION
AND NOTICE OF AUTOMATIC STAY**

Defendant, SUPERIOR INSURANCE COMPANY, by and through its undersigned

counsel, hereby gives notice that on August 29, 2003, an Order was entered in the matter

pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, styled *State of Florida, ex rel., The Department of Financial Services of the State of Florida, Relator, v. Superior Insurance Company, a Florida Corporation authorized to transact an insurance business in Florida, Respondent,* Case No. 2003-1979 ("the Order"), placing Superior Insurance Company in Rehabilitation pursuant to the provisions of Section 631.051, Florida Statutes. The Department of Financial Services of the State of Florida was appointed Receiver of Respondent for purposes of rehabilitation pursuant to the terms of the Order. A copy of the Order is attached hereto as Exhibit "A".

Pursuant to the Notice of Automatic Stay at Paragraph 39 (*sic*) of the Order, the filing of the Department's initial petition operates as an automatic stay "which shall be permanent and survive the entry of the order, and which prohibits: A. The commencement or continuation of judicial, administrative or other action or proceeding against the insurer or against its assets or any part thereof;..."

All matters in the above-styled action are stayed by the Order. Any party objecting to this stay is requested to file his, her or its objection in advance of any presently scheduled matters.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

*/s/ Alan J. Nisberg*

ALAN J. NISBERG, ESQUIRE
Florida Bar No. 0961639
ROBERT E. VAUGHN, JR., ESQUIRE
Florida Bar No. 0494437
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Fax
Attorneys for Superior Insurance Company

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

State Of Florida, ex rel., The
Department Of Financial Services Of
The State Of Florida,

    Relator,

v.     CASE NO.: 2003-1979

Superior Insurance Company,
a Florida Corporation authorized to
transact an insurance business in Florida

    Respondent.
_____/

### CONSENT ORDER APPOINTING THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES AS RECEIVER FOR PURPOSES OF REHABILITATION, INJUNCTION, AND NOTICE OF AUTOMATIC STAY

THIS CAUSE was considered on the Petition of the State of Florida, Department of Financial Services (hereinafter the "Department") for entry of a consent order of rehabilitation of Superior Insurance Company. The Court having reviewed the pleadings of record, having heard presentation of counsel, and otherwise being fully informed in the premises, finds:

1. Superior Insurance Company (hereinafter "Respondent") is a corporation authorized pursuant to the Florida Insurance Code to transact business in the state of Florida as a domestic property and casualty insurer. Respondent's corporate offices are at 5503 W. Waters Avenue, Tampa, FL 33634, and its principal place of business is 4720 Kingsway Drive, Indianapolis, IN 46205.

2. Section 631.021(3), Florida Statutes, provides that a delinquency proceeding pursuant to Chapter 631, Florida Statutes, constitutes the sole and exclusive method of liquidating, rehabilitating, reorganizing, or conserving a Florida domiciled insurer.

1


EXHIBIT A

3. Section 631.051, Florida Statutes, authorizes the Department to apply to this Court for an order directing the Department to rehabilitate a domestic insurer upon the existence of any of the grounds specified therein.

4. Section 631.051(11), Florida Statutes, authorizes the Department to apply to this Court for an order directing it to rehabilitate a domestic insurer upon the ground that the insurer has consented to such an order through a majority of its directors, stockholders, members, or subscribers.

5. Respondent has consented to the appointment of the Department as Receiver for purposes of rehabilitation.

6. It is in the best interests of Respondent and its creditors and insureds that the relief requested in the petition be granted.

**THEREFORE, IT IS ORDERED AND ADJUDGED** as follows:

7. The Department of Financial Services of the State of Florida is appointed Receiver of Respondent for purposes of rehabilitation and that the Receiver is authorized and directed to:

8. Conduct the business of Respondent and take all steps, as the Court may direct, toward the removal of the causes and conditions which have made this Order of Rehabilitation necessary and to take such further action, as the Receiver deems necessary or appropriate, to reform and revitalize the Respondent.

9. Take immediate possession of all the property, assets, and estate, and all other property of every kind whatsoever and wherever located, belonging to Respondent, pursuant to Sections 631.111 and 631.141, Florida Statutes, including but not limited to: offices maintained by the Respondent, rights of action, books, papers, evidences of debt, bank accounts, savings

accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of Respondent, wherever situate, whether in the possession of Respondent or its officers, directors, trustees, employees, consultants, attorneys, agents, affiliates, or other persons.

10. Employ and authorize the compensation of legal counsel, actuaries, accountants, clerks, consultants, and such assistants as it deems necessary, purchase or lease personal or real property as it deems necessary, and authorize the payment of the expenses of these proceedings and the necessary incidents thereof, as approved by the Court, to be paid out of the funds or assets of the Respondent in the possession of the Receiver or coming into its possession.

11. Reimburse such employees, from the funds of this receivership, for their actual necessary and reasonable expenses incurred while traveling on the business of this receivership.

12. Not defend or accept service of process on legal actions wherein the Respondent, the Receiver, or the insured is a party defendant, commenced either prior to or subsequent to the order, without authorization of this Court; except, however, in actions where Respondent is a nominal party, as in certain foreclosure actions, and the action does not affect a claim against or adversely affect the assets of Respondent, the Receiver may file appropriate pleadings in its discretion.

13. Commence and maintain all legal actions necessary, wherever necessary, for the proper administration of this receivership proceeding.

14. Collect all debts that are economically feasible to collect which are due and owing to the Respondent.

15. Deposit funds and maintain bank accounts.

16. Take possession of all Respondent's securities and certificates of deposit on deposit with the Treasurer of Florida, if any, and convert to cash as much as may be necessary, in its judgment, to pay the expenses of administration of this receivership or otherwise best benefit the estate.

17. Apply to this Court for further instructions in the discharge if its duties as may be necessary.

**IT IS FURTHER ORDERED AND DIRECTED:**

18. Any officer, director, manager, trustee, administrator, attorney, agent, accountant, actuary, broker, employee, adjuster, independent contractor, or affiliate of Respondent and any other person who possesses or possessed any executive authority over, or who exercises or exercised any control over, any segment of Respondent's affairs or the affairs of its affiliates is required to fully cooperate with the Receiver, pursuant to Section 631.391, Florida Statutes, notwithstanding the provisions of the above paragraph.

19. Title to all property, real or personal, all contracts, rights of action and all books and records of Respondent, wherever located, is vested in the Receiver pursuant to Sections 631.111 and 631.141, Florida Statutes.

20. The Receiver is granted all of the powers of the Respondent's directors, officers, and managers, whose authority shall be suspended, except as such powers are re-delegated in writing by the Receiver. The Receiver has full power to direct and manage the affairs of Respondent, to hire and discharge employees, and to deal with the property and business of the Respondent.

21. All attorneys employed by Respondent as of the date of the Order, within 10 days of receiving notice of this Order, are required to report to the Receiver on the name, company

claim number and status of each file they are handling on behalf of the Respondent. Said report should also include an accounting of any funds received from or on behalf of the Respondent. All attorneys employed by Respondent are discharged as of the date of the Order unless the Receiver retains their services. All attorneys employed by Respondent are advised that pursuant to Sections 631.011(17) and 631.011(21), Florida Statutes, a claim based on mere possession does not create a secured claim and all attorneys employed by Respondent, pursuant to In Re the Receivership of Syndicate Two, Inc., 538 So.2d 945 (Fla. 1st DCA 1989), who are in possession of litigation files or other material, documents or records belonging to or relating to work performed by the attorney on behalf of Respondent are required to deliver such litigation files, material, documents or records intact and without purging to the Receiver, on request, notwithstanding any claim of a retaining lien which, if otherwise valid, should not be extinguished by the delivery of these documents.

22.    All agents, brokers or other persons having sold policies of insurance and/or collected premiums on behalf of the Respondent are required to account for and pay all premiums and commissions unearned due to cancellation of policies in the normal course of business owed to the Respondent directly to the Receiver within 30 days of demand by the Receiver or appear before this Court to show cause, if any they may have, as to why they should not be required to account to the Receiver or be held in contempt of Court for violation of the provisions of the Order. No agent, broker, premium finance company or other person should use premium monies owed to the Respondent for refund of unearned premium or for any purpose other than payment to the Receiver.

5

23. Any premium finance company, which has entered into a contract to finance a premium for a policy, which has been issued by the Respondent, is required to pay any premium owed to the Respondent directly to the Receiver.

24. Reinsurance premiums due to or payable by the Respondent shall remitted to, or disbursed by, the Receiver. The Receiver shall handle reinsurance losses recoverable or payable by the Respondent. All correspondence concerning reinsurance shall be between the Receiver and the reinsuring company or intermediary.

25. Upon request by the Receiver, any company providing telephonic services to the Respondent is directed to provide a reference of calls from the number presently assigned to the Respondent to any such number designated by the Receiver or perform any other services or changes necessary to the conduct of the receivership.

26. Any bank, savings and loan association, financial institution or other person which has on deposit, in its possession, custody or control any funds, accounts and any other assets of the Respondent, including, but not limited to, the following institutions: Bank of America, Wachovia, Bank One, and Union Federal Savings Bank is directed to immediately transfer title, custody and control of all such funds, accounts and other assets to the Receiver. The Receiver is authorized to change the name of such accounts and other assets, withdraw them from such bank, savings and loan association or other financial institution, or take any lesser action necessary for the proper conduct of this receivership. No bank, savings and loan association or other financial institution shall be permitted to exercise any form of set-off, alleged set-off, lien, any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control unless and until obtaining an order from this Court authorizing such action.

27. Any entity furnishing telephone, water, electric, sewage, garbage or trash removal services to the Respondent is required to maintain such service and transfer any such accounts to the Receiver as of the date of the Order, unless instructed to the contrary by the Receiver.

28. Any data processing service not affiliated with Superior Insurance Company which has custody or control of any data processing information and records including but not limited to source documents, data processing cards, input tapes, all types of storage information, master tapes or any other recorded information relating to the Respondent is directed to transfer custody and control of such records to the Receiver. The Receiver is authorized to compensate any such entity for the actual use of hardware and software, which the Receiver finds to be necessary to this proceeding. Compensation should be based upon the monthly rate provided for in contracts or leases with Respondent which were in effect when this proceeding was instituted, or based upon such contract as may be negotiated by the Receiver, for the actual time such equipment and software is used by the Receiver.

29. The United States Postal Service is directed to provide any information requested by the Receiver regarding the Respondent and to handle future deliveries of Respondent's mail as directed by the Receiver.

30. All insurance policies, bonds or similar contracts of coverage issued by the Respondent shall remain in full force and effect until further Order of this Court except where cancelled in the normal course of business as a result of the non-payment of current premium to the Receiver.

31. All affiliated companies and associations are directed to make their books and records available to the Receiver, to include all records located in any premises occupied by said affiliate, whether corporate records or not, and to provide copies of any records requested by the

Receiver whether or not such records are related to Respondent. The Receiver has title to all policy files and other records of, and relating to Respondent, whether such documents are kept in offices occupied by an affiliate company or any other person, corporation, or association. The Receiver is authorized to take possession of any such records, files, and documents, and to remove them to any location in the Receiver's discretion. Any disputed records shall not be withheld from the Receiver's review, but should be safeguarded and presented to this Court for review prior to copying by the Receiver.

32. The Receiver shall have complete access to and control of all computer records of the Respondent and its affiliates at all times including but not limited to Respondent's computer records. Each affiliate shall be given reasonable access to such records for the purpose of carrying out its business operations.

33. Any person, firm, corporation or other entity having notice of the Order that fails to abide by its terms is directed to appear before this Court to show good cause, if any they may have, as to why they should not be held in contempt of Court for violation of the provisions of this Order.

34. Pursuant to Sections 631.041(3) and (4), Florida Statutes, all persons, firms, corporations and associations within the jurisdiction of this Court, including, but not limited to, Respondent and its officers, directors, stockholders, members, subscribers, agents and employees, are enjoined and restrained: from the further transaction of the insurance business of the Respondent; from doing, doing through omission, or permitting to be done any action which might waste or dispose of the books, records and assets of the Respondent; from in any means interfering with the Receiver or these proceedings; from the transfer of property and assets of Respondent without the consent of the Receiver; from the removal, concealment, or other

disposition of Respondent's property, books, records, and accounts; from the commencement or prosecution of any actions against the Respondent or the Receiver together with its agents or employees, the service of process and subpoenas, or the obtaining of preferences, judgments, writs of attachment or garnishment or other liens; and, from the making of any levy or execution against Respondent or any of its property or assets. Notwithstanding the provisions of this paragraph, the Receiver is permitted to accept and be subpoenaed for non-party production of claims files in its possession, including medical records, which may be contained therein. In such cases, the requesting party must submit an affidavit to the Receiver stating that notice of the non-party production was appropriately issued and provided to the patient and that the patient was given the opportunity to object and either did not object to the non-party production, or objected and the Court overruled the objection, in which case a copy of the Court's ruling must be attached to the affidavit. The Receiver is authorized to impose a charge for copies of such claim files pursuant to the provisions of Sections 119.07(1)(a), and 624.501, Florida Statutes.

35. Entry of this Order shall constitute notice to Superior Insurance Group, Inc. that the contract between Superior Insurance Company and Superior Insurance Group, Inc. is cancelled in accordance with the provision of the contract that the contract may be cancelled upon 60 (sixty) days notice by either party. The Receiver may employ any individuals currently employed by Superior Insurance Group, Inc. deemed necessary by the Receiver, at its sole discretion, to perform the services previously provided by Superior Insurance Group, Inc.

36. All subsidiaries, affiliates, parent corporations, ultimate parent corporations, and any other business entity affiliated with Superior Insurance Company agree to fully cooperate with the Receiver in the effort to rehabilitate Superior Insurance Company.

37. All subsidiaries, affiliates, parent corporations, ultimate parent corporations, and any other business entity affiliated with Superior Insurance Company having any interest in the building located at 4720 Kingsway Drive, Indianapolis, Indiana, agree to make available, at that location and at no charge to the Receiver or to Superior Insurance Company, office space, and related facilities (telephone service, copiers, computer equipment and software, office supplies, parking, etc.) to the extent deemed necessary by the Receiver in its sole discretion. Should the Receiver of Superior Insurance Company continue to utilize office space and related facilities in the building located at 4720 Kingsway Drive, Indianapolis, Indiana, after the termination of the Management Agreement referenced in Paragraph 35, above, Superior Insurance Company shall be charged a reasonable rent for such space. If the parties are unable to agree on the appropriate terms, the matter shall be presented to the Court for resolution.

38. All subsidiaries, affiliates, parent corporations, ultimate parent corporations, and any other business entity affiliated with Superior Insurance Company having any interest in the computer equipment and software currently used by or for Superior Insurance Company shall make such computer equipment and software available to the Receiver at no charge to the Receiver or Superior Insurance Company to the extent deemed necessary by the Receiver in its sole discretion

## CONTINUATION OF INVESTIGATION

39. The Receiver is authorized to conduct an investigation as authorized by Section 631.391, Florida Statutes, of Respondent and its affiliates, as defined above, to uncover and make fully available to the Court the true state of Respondent's financial affairs. In furtherance of this investigation, Respondent's parent corporations, its subsidiaries, and affiliates are required to make all books, documents, accounts, records, and affairs, which either belong to or pertain to the Respondent, available for full, free and unhindered inspection and examination by

the Receiver during normal business hours (8:00 a.m. to 5:00 p.m.) Monday through Friday, from the date of the Order. The above-specified entities are required to cooperate with the Receiver to the fullest extent required by Section 631.391, Florida Statutes. Such cooperation should include, but not be limited to, the taking of oral testimony under oath of Respondent's officers, directors, managers, trustees, agents, adjusters, employees, or independent contractors of Respondent, its affiliates and any other person who possesses any executive authority over, or who exercises any control over, any segment of the affairs of Respondent in both their official, representative and individual capacities and the production of all documents that are calculated to disclose the true state of Respondent's affairs.

40. Any officer, director, manager, trustee, administrator, attorney, agent, accountant, actuary, broker, employee, adjuster, independent contractor, or affiliate of Respondent and any other person who possesses or possessed any executive authority over, or who exercises or exercised any control over, any segment of the affairs of Respondent or its affiliates is directed to fully cooperate with the Receiver as required by Section 631.391, Florida Statutes, and as set out in the preceding paragraph. Upon receipt of a certified copy of the Order, any bank or financial institution is directed to immediately disclose to the Receiver the existence of any accounts of Respondent including, but not limited to the following accounts: Bank of America, Attn: Pamela Defeo, 101 E. Kennedy Blvd., Tampa, FL 33602:

Master Account 3660584853
Claims Account 3660584811
Commission Account 3660907197
Manual Account 3660584824
Operating Expense Account 3660584840
Premium Account 3660907184

Union Federal Bank, attn: Julia Schneider, 45 N. Pennsylvania Street, Indianapolis, IN 46204

Concentration Account 590180916

Premium Account 590181270
Operating Expense Account 590181300
Manual Account 590181297
Commission Account 590181289
Claim Account 590181262
Manual Field Account 590173049

and any funds contained therein and any and all documents in its possession relating to Respondent for the Receiver's inspection and copying.

41. All Sheriffs and all law enforcement officials of this state shall cooperate with and assist the Receiver in the implementation of this Order.

42. In the event the Receiver determines that reorganization, consolidation, conversion, reinsurance, merger, or other transformation of the Respondent is appropriate, the Receiver is directed to prepare a plan to effect such changes and submit the plan to this Court for consideration. Upon petition by the Receiver stating that further efforts to rehabilitate Respondent would be useless, this Court will consider entry of an order of liquidation of Respondent without further notice of hearing.

## NOTICE OF AUTOMATIC STAY

39. Notice is hereby given that, pursuant to Section 631.041(1), Florida Statutes, the filing of the Department's initial petition herein operates as an automatic stay applicable to all persons and entities, other than the Receiver, which shall be permanent and survive the entry of the order, and which prohibits:

    A. The commencement or continuation of judicial, administrative or other action or proceeding against the insurer or against its assets or any part thereof;

    B. The enforcement of a judgment against the insurer or an affiliate obtained either before or after the commencement of the delinquency proceeding;

    C. Any act to obtain possession of property of the insurer;

D. Any act to create, perfect or enforce a lien against property of the insurer, except a secured claim as defined in Section 631.011(21), Florida Statutes;

E. Any action to collect, assess or recover a claim against the insurer, except claims as provided for under Chapter 631;

F. The set-off or offset of any debt owing to the insurer except offsets as provided in Section 631.281, Florida Statutes.

39. This Court retains jurisdiction of this cause for the purpose of granting such other and further relief as from time to time shall be deemed appropriate.

40. In the event the Receiver determines that reorganization, consolidation, conversion, reinsurance, merger, or other transformation of the Respondent is appropriate, the Receiver shall prepare a plan to effect such changes and submit the plan to this Court for consideration.

41. Upon petition by the Receiver stating that further efforts to rehabilitate Respondent would be useless, this Court will consider entry of an order of liquidation of Respondent without further notice or hearing.

**DONE and ORDERED** in Chambers at the Leon County Courthouse in Tallahassee, Leon County, Florida this 29 day of August, 2003.

_____
CIRCUIT JUDGE

13

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW)
(Updated August 4, 2003)

**Co-Lead Counsel for Plaintiffs:**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
Bank of America Tower
One Financial Plaza
Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs:**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Continental, Deerbrook:**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP:**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305) 539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive:**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN:**

MCGUIRE WOODS, LLP
William W. Deem, Esq.
wdeem@mcguirewoods.com
3300 Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 Facsimile

**Counsel for Nationwide:**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau:**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual:**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon:**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan:**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior:**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential:**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International:**

CONROY, SIMBERG, GANON, KREVANS &
ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile