UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

       Case No.: 00-6061-CIV-ZLOCH

       Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
et al.,

       Defendants    .     /

**NIGHT BOX
FILED**

DEC 1 7 2003

CLARENCE MAD~...
CLERK, USDC / SDF~./FLA.

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,

       **Case No. 00-6649-CIV-ZLOCH**

       Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE,
et al.,

       Defendants.
              /

MARC J. BROWNER, D.C., individually
and on behalf of all others similarly situated,

       **Case No. 00-7163-CIV-ZLOCH**

       Plaintiffs,

vs.

ALLSTATE INDEMNITY COMPANY,
et al.,

       Defendants.
              /

**JOINT MOTION TO APPROVE STIPULATION AND SETTLEMENT AGREEMENT
PURSUANT TO FED.R.CIV.P. 23(e) AND FOR VOLUNTARY DISMISSAL
WITHOUT PREJUDICE PURSUANT TO FED.R.CIV.P. 41(a)(2)**



Pursuant to Local Rule 7.1, and Federal Rules of Civil Procedures 23(e) and 41(a)(2), Lead Plaintiffs, Keith Brickell, D.C. ("Brickell") and Marc J. Browner, D.C. ("Browner") (collectively, the "Settling Plaintiffs") and Defendants, Beech Street Corporation ("Beech Street") and ADP Integrated Medical Solutions, Inc. ("ADP") (collectively, the "Settling Defendants") (the Settling Plaintiffs and the Settling Defendants shall be referred to collectively as the "Settling Parties"), by and through undersigned counsel, file this Joint Motion to Approve Stipulation and Settlement Agreement Pursuant to Fed.R.Civ.P. 23(e) and for Voluntary Dismissal Without Prejudice Pursuant to Fed.R.Civ.P. 41(a)(2). The Settling Parties respectfully request this Court to approve the Stipulation and Settlement Agreement reached amongst the Setting Parties and to enter an order voluntarily dismissing the Settling Defendants from the above-captioned consolidated litigation (the "Litigation") without prejudice. The Settling Parties state the following in support of this motion:

## I. Introduction

On December 16, 2003, the Settling Parties finalized their settlement and executed a Stipulation and Settlement Agreement, a copy of which is attached hereto as Exhibit "A." As set forth in the Stipulation and Settlement Agreement, the Settling Plaintiffs have determined that it is in their best interest to voluntarily dismiss Beech Street and ADP from the Litigation, without prejudice. As consideration for being let out of the case without prejudice, Beech Street and ADP have provided the Settling Plaintiffs with scores of discovery documents and access to witnesses and information essential to the Settling Plaintiffs prosecution of this case and the majority of the additional consolidated cases. Pursuant to the Stipulation and Settlement Agreement, ADP's and Beech Street's obligation to furnish information is ongoing throughout the life of these consolidated cases. Although this is a non-monetary settlement, Beech Street and ADP have allowed Brickell and

2

Browner liberal access to documents and information to conduct a due diligence review to consummate the settlement. The information provided by ADP and Beech Street has been essential in recent settlement discussions with various parties before the Eleventh Circuit mediator, Joseph Unger. The Settling Plaintiffs would not otherwise have been entitled to the discovery due to the fact that this case has been administratively closed pending the Eleventh Circuit's resolution of the pending appeals. Thus, the Settling Plaintiffs obtained valuable consideration from the Settling Defendants. The Court should approve the settlement because it is fair, free of collusion and in the Parties' best interests.

The Stipulation and Settlement Agreement is contingent, however, on the Settling Defendants entire dismissal from the case. In this regard, prior to the Court's administrative closing of this case, the Progressive Defendants in the above-captioned <u>Brickell</u> matter filed a motion seeking leave from this Court to amend their answer to file a cross-claim against Beech Street for indemnification of Brickell's claims against the Progressive Defendants. [D.E 1257]. The Settling Defendants contend that the Court should not allow the proposed cross-claim (or any alternative request to implead the Settling Defendants under Fed.R.Civ.P. 14) because: i) the settlement cannot be consummated between the Settling Parties if the Court allows the cross-claim (or a third-party complaint) to proceed; and ii) the Progressive Defendants have the right to file a separate indemnification lawsuit against Beech Street in a different court of their choosing and thus would not be prejudiced by Beech Street's dismissal from this Litigation.

## II. MEMORANDUM OF LAW

A.    The Court Should Approve the Settlement Because it is
Fair, Free of Collusion and in the Parties' Best Interests

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court must approve the

Settling Parties' Stipulation and Settlement Agreement and Motion for Voluntary Dismissal Without

Prejudice. Rule 23(e) reads in pertinent part as follows:

> A class action shall not be dismissed or compromised without the
> approval of the court. . .

Id. Here, the Court should approve the Settling Parties' Stipulation and Settlement Agreement

because it is without prejudice, free of collusion, fair and in the best interests of the Settling Parties.

In considering the fairness of a proposed settlement of a class action, the courts have long recognized

that "compromise is the essence of settlement." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th

Cir. 1984). The Court should consider the likelihood of success on the merits, the complexity,

expense, and duration of litigation, the judgment and experience of trial counsel, and any objections

raised to the settlement. United States v. Board of Public Instruction of St. Lucie County, 977

F.Supp. 1202, at 1205 (S.D. Fla. 1997), citing Flinn v. FMC Corp., 528 F.2d 1169, 1173 (4th Cir.

1975), cert. denied, 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 734 (1976). Set forth below are the

material provisions of the Stipulation and Settlement Agreement:

- The Settling Plaintiffs agreed to dismiss the Litigation against the Settling
  Defendants without prejudice.

- Beech Street and ADP agreed to provide the Settling Plaintiffs with documents and
  information to assess the validity of their claims. There was a due diligence period
  in which the Settling Plaintiffs could have withdrawn the settlement. Beech Street
  and ADP had originally given the Settling Plaintiffs until September 13, 2002 in
  which to conduct their due diligence. This deadline was extended to September 15,
  2003 by agreement of the parties.

4

- To conduct the due diligence, Brickell and Browner served, pursuant to Rule 34, Fed.R.Civ.P., a Second Request for Production of Documents upon ADP and Beech Street in which the Settling Plaintiffs requested those documents they believed necessary to determine if the Settling Plaintiffs had viable claims against the Settling Defendants. This discovery was in addition to the documents that the Settling Defendants have produced in response to Plaintiffs' First Request for Production.

- Over 25,000 pages of responsive documents have been produced to the Settling Plaintiffs by the Settling Defendants. The documents responsive to the First and Second Requests for Production were produced subject to the filed Stipulation on Confidentiality Order that Settling Plaintiffs, ADP and Beech Street have executed in this case and which was filed with the court on July 15, 2002, D.E. 802.

- Upon completion of their due diligence, the Settling Plaintiffs proceeded with filing this instant Joint Motion to Approve Stipulation and Settlement Agreement pursuant to Fed.R.Civ.P. 23(e) and Motion for Voluntary Dismissal Without Prejudice pursuant to Fed.R.Civ.P. 41(a)(2) as to Beech Street and ADP pursuant to Fed.R.Civ.P. 23(d) and 41(a)(1), with each party to bear their own costs and attorney's fees.

- ADP and Beech Street warranted, represented and stipulated that they have produced all documents responsive to Settling Plaintiffs' First and Second Requests for Production. ADP and Beech Street further agreed to produce other documents that may be requested by the Settling Plaintiffs in the future pursuant to a proper Request for Production, pursuant to Fed.R.Civ.P. 34(c) & 45 and to make their representatives reasonably available for deposition and/ or trial testimony.

- Settling Plaintiffs, with and through their counsel, conducted discussions and arms'-length negotiations with counsel for and representatives of the Settling Defendants to determine if the Litigation could be compromised and settled achieving the best relief possible consistent with the interests of the Class.

- Based on their investigation and discovery as set forth above, Settling Plaintiffs and their counsel have concluded that the terms and conditions of the Stipulation and Settlement Agreement are fair, reasonable and adequate to Plaintiffs and the other members of the putative Class, and in their best interests, and have agreed to settle the claims raised in the Litigation pursuant to the terms and provisions of the Stipulation and Settlement Agreement, after considering (a) the benefits that Settling Plaintiffs and the other members of the putative Class will receive from settlement of the Litigation, (b) the attendant risks of continued litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such

5

litigation, and (c) the desirability of permitting the settlement to be consummated as provided by the terms of the Stipulation and Settlement Agreement.

See Exhibit "A," hereto.

In considering the fairness of the proposed settlement, the Court must consider the likelihood of the success on the merits. See Raines v. Florida, 987 F.Supp. 1416, 1418 (N.D. Fla. 1997). Here, the Settling Plaintiffs have taken into consideration recent decisions of the Eleventh Circuit in which RICO class actions were not certified because of reliance issues. See e.g. Sikes v. Teleline, 281 F.3d 1350 (11th Cir. 2002); Hammett v. American Bankers, 283 F.R.D. 690 (S.D. Fla. 2001) ("under plaintiff's RICO theory, each class member would have to demonstrate his or her individual reliance upon the alleged misrepresentations, causing individual, not common, fact issues to predominate. . ."). Similarly, the Settling Plaintiffs recognize that the Court may not certify the class as to the Settling Plaintiffs breach of contract claim. See e.g. Brooks v. Southern Bell, 133 F.R.D. 54 (S.D. Fla. 1990) (where the court declined to certify the class due to each class member's individual contract with the defendant). Thus, in light of these factors, the Settling Parties' Stipulation and Settlement Agreement is fair, even without a monetary settlement. See In re Southern Ohio Correctional Facility, 173 F.R.D. 205, 211 (S.D. Ohio 1997) (the law favors the settlement of complex class actions).

B.    Notice of the Stipulation and Settlement Agreement to the Putative Class is Not Required in this Instance

The Court, in this instance, does not have to provide notice of the Stipulation and Settlement Agreement to the putative class. Putative class member claims are not being released, and the dismissal of the Settling Defendants is without prejudice. While other Circuits have imposed bright line rules regarding whether Rule 23(e)'s notice requirements apply to precertification dismissals of

a class action complaint where claims were dismissed with prejudice, see e.g. Diaz v. Trust Territory of Pacific Islands, 875 F.2d 1401, 1406-11 (9th Cir. 1989); Glidden v. Chromalloy American Corp., 808 F.2d 621, 625-28 (7th Circ. 1986); Kahan v. Rosenstiel, 424 F.2d 161, 163 (3d Cir. 1970); Sikes, 841 F.Supp. at 1578; Philadelphia Electr. Co. v. Anaconda American Brass, 42 F.R.D. 324, 326 (E.D. Pa. 1967), the Eleventh Circuit has not yet ruled upon the issue. See Rice v. Ford Motor Company, 88 F.3d 914, 920 n. 8 (11th Circ. 1996) ("In this circuit, the applicability of Rule 23(e) to proposed classes prior to certification is an open question"). However, even those courts that have found that Rule 23(e) applies to the voluntary dismissal of class allegations in a complaint have applied a functional approach to its application. Thus, "if there is no evidence of any collusion between the named plaintiffs and the defendants in seeking the dismissal and no evidence of any prejudice to absent class members, then courts have consistently found that notice to the absent class members is not required." See Glidden, 808 F.2d at 627-28 (citing Simer v. Rios, 661 F.2d 65, 665 (7th Circ. 1981)); Sikes, 841 F.Supp. at 1579; Gupta v. Penn Jersey Corp., 582 F.Supp. 1058, 1060 (E.D. Penn. 1984); Maddox & Starbuck, Ltd. v. British Airways; 97 F.R.D. 395, 397 (S.D.N.Y. 1983); Larkin v. Gen. Hosp., Ltd. v. American Tel. & Tel. Co., 93 F.R.D. 497, 502-03 (E.D. Penn. 1982); Robinson v. First Nat. City Bank, 482 F.Supp. 92, 100-01 (S.D.N.Y. 1979); Magana v. Platzer Shipyard, Inc., 74 F.R.D. 61, 64-71 (S.D. Tex. 1977); see also Shelton, 582 F.2d at 1314-15 (although not applying Rule 23(e), requiring notice to absent class members if there was evidence of collusion or prejudice). Furthermore, there will be no prejudice to absent class members since dismissal of putative class representatives's claims at precertification stage would have no res judicata effect upon claims of absent class members. Sikes v. AT&T, 841 F.Supp. 1572, 1579 (S.D.

Ga. 1993); Anderberg v. Masonite Corp., 176 F.R.D. 682, 690 (N.D. Ga. 1997); and Caston v. Mr.

T's Apparel, 157 F.R.D. 31, 34 (S.D. Miss. 1994).

C.    The Court Should Grant the Dismissal Over the Progressive Defendants' Objections

The settlement is contingent upon the Court denying Progressive Defendants' Motion for

Leave to Amend Their Answer to include a cross-claim against Beech Street. The Settling Plaintiffs

have made the Stipulation and Settlement Agreement contingent upon Beech Street and ADP's

dismissal from this case. See Exhibit "A" at page 7. If the Court allows Progressive to amend its

answer to file a cross-claim against Beech Street (or, alternatively, to file a third-party complaint to

implead Beech Street after it is dismissed from this action), then there will be no settlement. The

Court should deny the Progressive Defendants' Motion because it was filed after the Court's

deadline for amending the pleadings and because Progressive can be fully protected by filing its

indemnification claim separately.[1]

## CONCLUSION

Accordingly, based upon the foregoing, the Settling Parties respectfully request the entry of

an order accepting the Stipulation and Settlement Agreement and entering an order dismissing Beech

Street and ADP without prejudice.

---

[1] Beech Street and ADP are going to file a separate memorandum of law which addresses this argument more fully.

Respectfully submitted,

**PHILLIPS & GARCIA**
Attorneys At Law
Counsel for Plaintiffs
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800 Telephone
(508) 998-0919 Facsimile

By: /S/
    Carlin Phillips

**GOLD & COULSON**
Counsel for Plaintiffs
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777 Telephone
(312) 372-0778 Facsimile

By: /S/
    Arthur S. Gold

**KOPELMAN & BLANKMAN, P.A.**
Counsel for Plaintiffs
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855 Telephone
(954) 462-6899 Facsimile

By: _____
    Lawrence M. Kopelman
    Florida Bar No. 288845

**TEW CARDENAS** LLP
Counsel for Beech Street Corporation, Inc.
and ADP Integrated Medical Solutions, Inc.
Miami Center, 26th Floor
201 South Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1112 Telephone
(305) 536-1116 Facsimile

By: _____
    Joseph A. DeMaria
      Florida Bar No. 764711
    John M. Quaranta
      Florida Bar No. 940641

**LEE & AMTZIS, P.L.**
Counsel for Plaintiffs
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 998-3021 Telephone
(561) 981-9980 Facsimile

By: /S/
    Eric Lee
    Florida Bar No. 961299

ODMA\MHODMA\MIAMI;087060;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via U.S. Mail on all counsel listed on the attached Service List this 17th day of December, 2003.

John M. Quaranta

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DR. PAUL ZIDEL, on behalf of himself          Case No.: 00-6061-CIV-FERGUSON
and all others similarly situated,

            Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
et al.,

            Defendants
DR. HOI BROCKTEL, D.C., individually and     Case No. 00-6649-CIV-FERGUSON
on behalf of all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE,
et al.

        Defendants.

MARTY E. BOWNER, D.C., individually          Case No. 00-7165-CIV-FERGUSON
and on behalf of all others similarly situated,

        Plaintiff,

vs.

ALLSTATE INDEMNITY COMPANY,
et al.,

        Defendants.

STIPULATION AND SETTLEMENT AGREEMENT


Page 1 of 19

This Stipulation and Settlement Agreement ("Stipulation"), dated as of _____ is made by, between, and among Plaintiffs, Keith J. Brickell, D.C. ("Brickell") and Marc J. Browner, D.C. ("Browner") (collectively, the "Settling Plaintiffs") and Defendants, Beech Street Corporation ("Beech Street") and ADP Integrated Medical Solutions, Inc. ("ADP") (collectively, the "Settling Defendants"). (Settling Plaintiffs and Settling Defendants are collectively, "Parties").

**WHEREAS**

On May 12, 2000, Brickell filed an eight-count Class Action Complaint styled Keith Brickell, D.C., individually and on behalf of all others similarly situated v. Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Beech Street Corporation and ADP Integrated Medical Solutions, Inc., Case No. 00-6649-CIV-Ferguson-Snow (District Court, Southern District of Florida) (hereinafter, the "Brickell Lawsuit").

On August 15, 2000, Browner filed an eight-count Class Action Complaint styled Marc J. Browner, D.C., individually and on behalf of all others similarly situated v. Allstate Indemnity Company, Beech Street Corporation and ADP Integrated Medical Solutions, Inc., Case No. 00-7163-CIV-Ferguson-Snow (District Court, Southern District of Florida) (hereinafter, the "Browner Lawsuit" and collectively the Browner Lawsuit and the Brickell Lawsuit shall be collectively referred to as the "Litigation").

**WHEREAS:**

On July 11, 2000, Beech Street filed its Motion to Dismiss and Incorporate Memorandum of Law in the Brickell Lawsuit. On July 13, 2000, ADP filed its Motion to Dismiss and Memorandum of Law in support in the Brickell Lawsuit. On October 18, 2000, Beech Street filed

ADP filed their Motion to Dismiss Count I, II, III, V and VI of the Cross Action Complaint and Incorporated Memorandum of Law in the Browner Lawsuit.

**WHEREAS:**

On September 28, 2001, the Court entered an order granting the motions to dismiss in part and denying them in part. This order dismissed the Lanham Act claims but allowed all other remaining counts and claims to proceed. On November 1, 2001, Beech Street and ADP answered the complaints and denied all of the allegations in the Litigation.

**WHEREAS:**

The Court allowed the parties to engage in class certification discovery. In that regard, Brickell and Browner served their First Request for Production of Documents and Second Request for Production of Documents upon ADP and Beech Street. Thereafter, the case was stayed pending the various parties' appeals. Despite the stay, Beech Street and ADP have collectively produced over 23,000 pages of documents to Brickell and Browner. ADP and Beech Street also are prepared to make their corporate representatives available for deposition.

**WHEREAS:**

On or about July 26, 2002, and prior to the depositions going forward, Brickell, Browner, Beech Street and ADP entered into a Letter Agreement memorializing their agreement in principle to settle this Litigation. The Letter Agreement is attached hereto as Exhibit E. After the signing of the Letter Agreement, the parties have had additional discussions which modify the Letter Agreement in certain respects. As so modified, the Parties' agreement is as follows:

a.     Beech Street and ADP are to be dismissed as parties from the Litigation without prejudice subject to Brickell and Browner completing their Plaintiff due diligence and the Settling Defendants cooperating with the Settling Plaintiffs in discovery;

b.     The then pending depositions of the 30(b)(6) corporate representatives of Beech Street and ADP, as well as the depositions of Drs. Brickell and Browner, were postponed without prejudice to their reinstating should the Court not approve this Stipulation and Settlement Agreement in full;

c.     Beech Street and ADP gave the Plaintiffs until September 15, 2003, in which to conduct their due diligence for the settlement of this Litigation. This deadline was extended to September 15, 2003 by agreement of the parties. To conduct the due diligence, Brickell and Browner served, pursuant to Rule 34, Fed.R.Civ.P., a Second Request for Production of Documents upon ADP and Beech Street in which the Plaintiffs requested those documents they believed necessary to determine if the Plaintiffs had viable claims against the Settling Defendants. This was in addition to the documents that the Settling Defendants had produced in response to Plaintiffs' First Request for Production. To date, over 35,000 pages of responsive document have been produced to the Plaintiffs by the Settling Defendant. The documents produced by the Settling Defendants were subject to the Stipulation on Confidentiality Order that Plaintiffs, ADP and Beech Street have executed in this case and which was filed with the Court on July 17, 2002, D.E. 802;

d.     Having completed their due diligence, the Plaintiffs are prepared to proceed with filing a Joint Motion to Approve Settlement Agreement pursuant to Fed.R.Civ.P. 23(e) and Motion for Voluntary Dismissal With out Prejudice pursuant to Fed.R.Civ.P. 41(a)(2) as to Beech

Street and ADP pursuant to Fed.R.Civ.P. 23(d) and 41(a)(1), with each party to bear their own costs and attorneys' fees.

e.      In connection with their production of documents in response to Plaintiffs' First and Second Requests for Production, ADP and Beech Street warrant, represent and stipulate that they have produced all documents responsive to Plaintiffs' First and Second Requests for Production. ADP and Beech Street further agree to produce other documents that may be requested by Plaintiffs in the future pursuant to a proper Request for Production, pursuant to Fed.R.Civ.P. 34(c) & 45, and to make their representatives reasonably available for deposition and/or trial testimony. The Settling Plaintiffs will take all reasonable efforts to minimize expense to the Settling Defendants associated with such deposition testimony.

f.      The Parties agree that notice to the uncertified class is not required pursuant to Rule 23(e) and they will jointly request the Court to dispense with such notice. If the Court, however, orders notice to be provided to the uncertified class, Beech Street will provide and pay for the required notice, and the Settling Plaintiffs shall have no financial obligation in connection with fulfilling any required notice.

g.      The Settling Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Beech Street or ADP with respect to any claim of any fault or liability or wrongdoing, or damages whatsoever, or any infirmity in the defenses that the Settling Defendants have or could assert in the Litigation. The Settling Defendants have at all times complied with all applicable laws and regulations and deny that they have committed any act or omission giving rise to any

Page 5 of 10

liability and/or violation of law, and they further state that they are entering into this Stipulation and Settlement Agreement to eliminate the burden and expense of further litigation.

        h.    Plaintiffs' counsel conducted an investigation relating to the claims and the underlying events and transactions alleged in the Litigation and believe that the allegations the Plaintiff pursued in the Litigation were meritorious.

        i.    Plaintiffs, with and through their counsel, conducted discussions and arms's length negotiations with counsel for and representatives of the Settling Defendants to determine if the Litigation could be compromised and settled, achieving the best relief possible consistent with the interests of the Class.

        j.    Based on their investigation and the discovery and due diligence explained as above, Plaintiffs and their counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the putative Class, and in their best interests, and have agreed to settle the claims raised in the Litigation pursuant to the terms and provisions of this Stipulation, after considering (a) the benefits that Plaintiffs and the other members of the putative Class will receive from settlement of the Litigation, (b) the attendant risks of continued litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation, and (c) the desirability of permitting the settlement to be consummated as provided by the terms of this Stipulation.

WHEREAS:

    Bricknell, Browner, MDP and Roca Street understand that pursuant to Federal Rule of Civil Procedure 23(e), the parties' exchange will be subject to Court approval.

NOW THEREFORE, in consideration of the promises, undertakings, payments and releases stated herein, the receipt and sufficiency of which consideration is hereby acknowledged, Brickell, Browner, ADP and Beech Street (the "Parties") STIPULATE AND AGREE, each with each other, as follows:

1.     The foregoing recitals are true and correct and are made part of this Stipulation subject to Paragraph 6 below.

2.     As full consideration for the agreements and undertakings herein, the Parties agree to perform the following acts:

a.     Plaintiffs, ADP and Beech Street shall jointly move this Court to approve this Stipulation pursuant to Fed. R. Civ. P. 23(e) and to dismiss the Litigation against ADP and Beech Street pursuant to Rule 41(a)(2) Fed. R. Civ. P. The Parties shall jointly request the Court to schedule an expedited hearing to consider and approve this Stipulation and to dismiss the Litigation as to the Settling Defendants. Plaintiffs, ADP and Beech Street further agree that notice to the uncertified class is not required pursuant to Rule 23(e) and they will jointly request the Court to dispense with such notice. If the Court, however, orders notice to be provided to the uncertified class, Beech Street will provide and pay for the required notice.

b.     The agreements set forth in the proceeding paragraphs are contingent upon Beech Street's and ADP's dismissal as parties to the Litigation. If the Court permits Beech Street and ADP to be added as a non-defendant and/or a third-party defendant, then Plaintiffs shall be entitled to add Beech Street and/or ADP as defendants in the Litigation and Beech Street and ADP shall be compelled to remain in the class certification discovery and briefing process. Thereafter, the depositions of ADP, Beech Street, and/or Brickell and Browner shall be rescheduled, the Parties

will be provided sufficient time to file their own motion papers relating to the class certification issue and the stay of other discovery will continue until the Court resolves the class certification issue or otherwise orders. No act required by this Stipulation shall be considered in any way to be an admission of liability or of fact by any party to this Stipulation regarding any claims asserted in the Litigation or any of the matters referenced in this Stipulation.

3.    Each of the Parties to this Stipulation shall bear his or its own fees and costs with regard to the Litigation. However, should the Court require that notice of this Stipulation be provided to absent class members, the cost of this notice shall be borne by Beech Street.

4.    The Parties each acknowledge, warrant and represent that this Stipulation was signed only after due consideration by each Party and consultation with their respective counsel, and that no Party was fraudulently induced, coerced or intimidated to sign this Stipulation. In signing this Stipulation, each Party acknowledges that he or it did not rely upon any oral or written statement or acts of any party other than as expressly stated in writing in this Stipulation.

5.    Each of the Parties to this Stipulation represents and warrants to each of the other Parties hereto that the signatory on behalf of each Party consents to the Stipulation and is authorized to sign for and bind that Party.

6.    This Stipulation incorporates and merges the Parties' Letter Agreement and thus constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein. To the extent this Stipulation differs from the Letter Agreement, the language in this Stipulation is controlling.

7.    This Stipulation may be executed in counterparts and each counterpart shall be and constitute a part of this Stipulation and all counterparts taken together shall constitute the entire agreement of, and be binding and effective on, all Parties hereto.

8.    This Stipulation shall be interpreted, construed and enforced according to Florida law, without regard to choice of law principles.

9.    This Stipulation will become effective immediately upon execution by the last party hereto.

10.    Plaintiffs' counsel and the Settling Defendants' counsel agree to cooperate fully with one another in seeking Court approval of their Joint Motion to Approve Stipulation and Settlement Agreement pursuant to Fed.R.Civ.P. 23(e) and Motion for Voluntary Dismissal Without Prejudice pursuant to Fed.R.Civ.P. 41(a)(2) and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the District Court.

IN WITNESS THEREOF, the parties hereto have caused this Stipulation and Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the representations and provisions stated in the Stipulation and Settlement Agreement are true and correct.

**MARC J. BROWNER, D.C.**

Dated: _____

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the representations and provisions stated in the Stipulation and Settlement Agreement are true and correct.

KEITH S. BRICKELL, D.C.

_____

Dated: _____

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the representations and provisions stated in the Stipulation and Settlement Agreement are true and correct.

BEECH STREET CORPORATION

_____

_____
(Print Name)

_____
(Title)

Dated: _____

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the representations and provisions stated in the Stipulation and Settlement Agreement are true and correct.

ADP INTEGRATED MEDICAL SOLUTIONS, INC.

_____

Dated: _____

_____
(Print Name)

_____
(Title)

_____

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the representations and provisions stated in the Stipulation and Settlement Agreement are true and correct.

KEITH S BRICKELL, D C

Dated: _____

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the representations and provisions stated in the Stipulation and Settlement Agreement are true and correct.

BEECH STREET CORPORATION

_____ N H WERTHWEIN _____
(Print Name)

Senior Vice President
(Title)

Dated: 12/15/03

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the representations and provisions stated in the Stipulation and Settlement Agreement are true and correct.

ADP INTEGRATED MEDICAL SOLUTIONS, INC.

_____

Dated: _____

_____
(Print Name)

_____
(Title)

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-CIV-FERGUSON/SNOW)

(Updated: December 17, 2003)

**Co-Lead Counsel for Plaintiffs**
**Eric Lee, Esq.**
LEE & AMTZIS, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988 Telephone
(561) 981-9980 Facsimile
elee@leeamlaw.com

**Arthur S. Gold, Esq.**
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777 Telephone
(312) 372-0778 Facsimile
asg@gcjustice.com

**Andrew Garcia, Esq.**
**Carlin Phillips, Esq.**
PHILLIPS & GARCIA
Attorneys At Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800 Telephone
(508) 998-0919 Facsimile
agarcia@phillipsgarcia.com
cphillips@phillipsgarcia.com

**Larry Kopelman, Esq.**
**Douglas Blankman, Esq.**
KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza, Suite 2510
Fort Lauderdale, FL 33394
(954) 462-6855 Telephone
(954) 462-6899 Facsimile
dblan2155@aol.com

**Co-Counsel for Plaintiffs**
**Susan L. Lawson, Esq.**
230 East Davis Boulevard, Ste. 200
Tampa, FL 33606
(813) 251-8879 Telephone
(813) 251-5786 Facsimile
personalinjurylawyer@earthlink.net

**Richard Bokor, Esq.**
Richard Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000 Telephone
(812) 254-6327 Facsimile
rabokor1@tampabay.rr.com

**Casey Fundaro, Esq.**
P. O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833 Telephone
(954) 462-2835 Facsimile
fundaro@aol.com

**Counsel for: Allstate, Fidelity and**
**Casualty, Continental, Deerbrook**
**David B. Shelton, Esq.**
RUMBERGER, KIRK, CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
P. O. Box 1873
Orlando, FL 32802-1873
(407) 872-7300 Telephone
(407) 841-2133 Facsimile
dshelton@rumberger.com

**Counsel for: Allstate, Fidelity and**
**Casualty, Continental, Deerbrook**
**Peter J. Valeta, Esq.**
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619 Telephone
(312) 920-7241 Facsimile
peter.valeta@rosshardies.com

Counsel for Beech Street and ADP
**Joseph A. DeMaria, Esq.**
**John M. Quaranta, Esq.**
TEW CARDENAS REBAK
KELLOGG LEHMAN DEMARIA
TAGUE RAYMOND & LEVINE, LLP
Miami Center, 26th Floor
201 South Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1112 Telephone
(305) 536-1116 Facsimile
jad@tewlaw.com
jmq@tewlaw.com

Counsel for Progressive
**Francis Anania, Esq.**
**Donald A. Blackwell, Esq.**
ANANIA BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, FL 33131
(305) 373-4900 Telephone
(305) 373-6914 Facsimile

Counsel for Nationwide
**Katherine C. Lake, Esq.**
FOWLER WHITE, et al.
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411 Telephone
(813) 229-8313 Facsimile
klake@fowlerwhite.com

**William F. Conway, Esq.**
SWARTZ CAMPBELL
DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314 Telephone
(215) 299-4301 Facsimile
haggerty@scdlaw.com

Counsel for Florida Farm Bureau
**Greg Bladwin, Esq.**
**Rebecca A. Sack, Esq.**
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500 Telephone
(3050 789-7799 Facsimile

Counsel for Liberty Mutual
**Mark Shapiro, Esq.**
AKERMAN SENTERFITT et al.
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600 Telephone
(305) 374-5095 Facsimile
mshapiro@akerman.com

Counsel for Hartford, Metropolitan, Integon
**Marcy Levine Aldrich, Esq.**
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600 Telephone
(305) 374-5095 Facsimile
maldrich@akerman.com

Counsel for Metropolitan
**Jeffrey P. Lennard, Esq.**
SONNENSCHEIN, NATH &
ROSENTHAL
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000 Telephone
(312) 876-7934 Facsimile
jpl@sonnenschein.com

Counsel for Superior
**Alan J. Nisberg, Esq.**
BUTLER PAPPAS WEIHMULLER
KATZ CRAIG, L.L.P
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607-5946
(813) 281-1900, ext. 308 Telephone
(813) 281-0900 Facsimile
anisberg@butlerpappas.com

Counsel for Prudential
**Kathy J. Maus, Esq.**
**Lauren D. Levy, Esq.**
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308
(850) 894-4111 Telephone
(850) 894-4999 Facsimile
kmaus@bbplaw.com
llevy@bbplaw.com

**John D. Aldock, Esq.**
**Michael Isenman, Esq.**
SHEA & GARDNER
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000 Telephone
(202) 828-2195 Facsimile
jaldock@sheagardner.com
misenman@sheagardner.com

Counsel for American International
**Dale L. Friedman, Esq.**
**Brian P. Knight, Esq.**
CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400 Telephone
(954) 967-8577 Facsimile
dfriedman@csglaw.com
bknight@csglaw.com

Co-Counsel for Third-Party Defendant
Community Care Network, Inc.
**Richard H. Critchlow, Esq.**
**Robert D. W. Landon, III, Esq.**
KENNY NACHWALTER SEYMOUR
ARNOLD CRITCHLOW &
SPECTOR, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131-4327
(305) 373-1000 Telephone
(305) 372-1861 Facsimile
rhc@knsacs.com
rdl@knsacs.com