UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CONSOLIDATED CASE NO.: 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.,

     Defendants.
_____/

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,

     Plaintiffs,

v.                                 Case No.  00-6649-CIV-ZLOCH

PROGRESSIVE EXPRESS INSURANCE CO.,
et al.,

     Defendants.
_____/

## PROGRESSIVE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO BRICKELL AND BEECH STREET'S JOINT MOTION TO APPROVE STIPULATION AND SETTLEMENT AGREEMENT

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY(collectively "PROGRESSIVE Defendants"), pursuant to Rule 7.1 of the Local Rules

of the United States District Court of the Southern District of Florida, file this Memorandum of Law

in Opposition to the "Joint Motion to Approve Stipulation and Settlement Agreement" filed herein

by the Plaintiff, KEITH BRICKELL, D.C. ("BRICKELL"), and the Defendants, BEECH STREET

CORPORATION ("BEECH STREET") and ADP INTEGRATED MEDICAL SOLUTIONS, INC.

("ADP"), and state as follows:

## STATEMENT OF PROCEEDINGS

On May 12, 2000, BRICKELL filed a Class Action Complaint ("Complaint") against the

PROGRESSIVE Defendants, BEECH STREET, and ADP. In that Complaint, BRICKELL alleges

that the Defendants were involved in a "Silent PPO Scheme," pursuant to which BEECH STREET

allegedly sold its "PPO rates" to ADP, who, in turn, incorporated those rates into a software

program, which it then sold to the PROGRESSIVE Defendants. The PROGRESSIVE Defendants

allegedly relied on the information in that software program in administering the PIP claims of their

insureds and, more specifically, in reimbursing BRICKELL and other health care providers for the

medical services that they rendered to those insureds.

On September 28, 2001, this Court entered an "Omnibus Order on Pending Motions" which

consolidated the instant matter, along with fourteen (14) other class actions that various health care

providers had filed against a number of insurers, under Consolidated Case No. 00-6061. On

November 9, 2001, the PROGRESSIVE Defendants filed a timely Answer and Affirmative Defenses

to BRICKELL's Complaint. Thereafter, *i.e.*, on July 24, 2002, the PROGRESSIVE Defendants filed

a "Motion For Leave To Amend Their Answer and Affirmative Defenses" to include a Cross-Claim

against BEECH STREET. In an abundance of caution, the PROGRESSIVE Defendants have since

renewed that Motion, a copy of which is attached hereto as Exhibit A.

In that Cross-Claim, the PROGRESSIVE Defendants allege that: (1) BEECH STREET breached its contract with the PROGRESSIVE Defendants by failing to enforce the terms of its Provider Agreements with BRICKELL and others; (2) BEECH STREET failed to provide accurate and complete information for inclusion in the ADP Provider Bill Audit Software, which the PROGRESSIVE Defendants used to process the invoices of and render payments to BRICKELL and others; and (3) BEECH STREET is contractually obligated to indemnify the PROGRESSIVE Defendants, because their liability to BRICKELL, if any, is solely and exclusively attributable to BEECH STREET's wrongful acts and omissions. *See* Proposed Cross-Claim against BEECH STREET at ¶¶ 22(a), 22(f), and 29.

BEECH STREET requested and received multiple extensions of time to file its response to the PROGRESSIVE Defendants' initial Motion for Leave to Amend, the last of one of which contemplated that BEECH STREET would file its response on or before October 7, 2002. Unbeknownst to the PROGRESSIVE Defendants, however, at the time they agreed to extend the deadline for BEECH STREET's response, BEECH STREET and the Plaintiffs were colluding to consummate a settlement agreement, which would significantly compromise the rights of the PROGRESSIVE Defendants, as well as the right of the putative class members. *See* Joint Motion to Approve Stipulation and Settlement Agreement Pursuant to Fed. R. Civ. P. 23(e) and for Voluntary Dismissal without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) at p. 4. [1]

---

[1]In that Motion, BEECH STREET and ADP concede that, **sometime in 2002**, they "agreed to provide the Settling Plaintiffs with documents and information to assess the validity of their claims. There was a due diligence period in which the Settling Plaintiffs could have withdrawn the settlement. **Beech Street and ADP had originally given the Settling Plaintiffs until September 13, 2002 in which to conduct their due diligence**. This deadline was extended to September 15, 2003 by agreement of the parties." *Id.* (emphasis added).

Case No. 00-6061-CIV-ZLOCH
Page 4

While the PROGRESSIVE Defendants' Motion for Leave to Amend was pending, *i.e.*, on

September 30, 2002, the Court entered an Order "administratively closing" all fifteen class actions

pending certain of the parties' appeals over arbitration issues. A copy of the Order is attached hereto

as exhibit B. Now, without first taking appropriate steps to reopen the proceedings, BRICKELL,

BEECH STREET, and ADP, have filed a Joint Motion to Approve Stipulation and Settlement

Agreement, in which, among other things, they seek to have this Court facilitate the consummation

of their tentative settlement agreement by denying the PROGRESSIVE Defendants' Motion for

Leave to Amend to prosecute a claim against the truly culpable party in this case, *to wit*: BEECH

STREET. *See* Joint Motion at p. 3 (wherein BEECH STREET and BRICKELL note that "the

settlement cannot be consummated between the settling parties if the Court allows the Cross-Claim

. . . to proceed").

Indeed, BRICKELL and BEECH STREET have the temerity to suggest that, by facilitating

their settlement agreement through the denial of the PROGRESSIVE Defendants' Motion for Leave

to Amend to assert a Cross-Claim against BEECH STREET, this Court would not be prejudicing

the rights of the PROGRESSIVE Defendants, since the PROGRESSIVE Defendants presumably

would "have the right to file a separate indemnification lawsuit against [BEECH STREET] in a

different court." *Id.* at p. 3. In the same breath, however, BRICKELL, BEECH STREET and ADP

make it clear that, under the express terms of their proposed settlement agreement, the obligation of

BEECH STREET and ADP to "furnish information [presumably including documents and

witnesses] [to BRICKELL] **is ongoing throughout the life of these consolidated cases**"! *Id.* at p.

2 (emphasis added).

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN

BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Simply stated, BRICKELL and BEECH STREET are asking this Court to allow them to dictate where and when the PROGRESSIVE Defendants will be permitted to prosecute their claims against BEECH STREET, if at all. More importantly, they are proposing that this Court "rubber stamp" a collusive arrangement whereby BRICKELL will have unlimited access to the employees and documents of BEECH STREET and ADP, unencumbered by the rules, restrictions and obligations that other parties in these consolidated cases, including the PROGRESSIVE Defendants, would encounter in attempting to secure that same information from BRICKELL, BEECH STREET, and ADP, all of whom would be non-parties if they and BRICKELL are successful in their effort to gain Court approval of their proposed "settlement agreement." Suffice it to say, there is no legal authority which supports, let alone mandates, such a result. Accordingly, this Court should deny the parties' Joint Motion.

## ARGUMENT

**I.     THIS COURT SHOULD DENY THE JOINT MOTION TO THE EXTENT THAT THE PARTIES' SETTLEMENT AGREEMENT IS CONTINGENT ON THE DENIAL OF THE PROGRESSIVE DEFENDANTS' MOTION FOR LEAVE TO AMEND, BECAUSE RULE 15 (A) MANDATES THAT THIS COURT GRANT THE PROGRESSIVE DEFENDANTS LEAVE TO ASSERT A CROSS-CLAIM AGAINST BEECH STREET**

It is settled law in Florida and elsewhere that a district court should consider a motion for leave to amend on its own merit.[2] *See, e.g., Baez v. Banc One Leasing Corp,* 348 F.3d 972 (11th Cir. 2003)(holding that district court's failure to address pending motion to amend complaint prior to

---

[2]The PROGRESSIVE Defendants have separately filed a Motion to Re-Open Case No. 00-6649 for the limited purpose of considering their Motion for Leave to Amend Their Answer and Affirmative Defenses.

ANANIA, BANDKLAYDER, BLACKWELL BAUMGARTEN, TORRICELLA & STEIN

BANK OF AMERICA TOWER, SUITE 4300 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

entry of final judgment constituted an abuse of discretion); *Ross v. Zavarella*, 732 F. Supp. 1306 (M.D. Pa. 1990)(recognizing that courts must consider merits of proposed amendments). Moreover, it is equally well-established that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See also Diesel "Repower," Inc. v. Islander Investments Ltd.*, 271 F.3d 1318 (11th Cir. 2001). The liberal manner in which courts treat motions for leave to amend is based on the judicial system's commitment to determine cases on their merits. *See, e.g., Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401 (11th Cir. 1989). In fact, the policy of Rule 15(a) in liberally permitting amendments to facilitate the determination of claims on their merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.*

As evidenced by their initial and renewed Motions for Leave to Amend, the PROGRESSIVE Defendants have satisfied their burden of demonstrating that "justice requires" that they be granted leave to amend their Answer to assert a Cross-Claim against BEECH STREET, because, as more fully alleged in the proposed Cross-Claim, the acts and omissions of BEECH STREET, **and not any act or omission on the part of the PROGRESSIVE Defendants,** caused BRICKELL's damages, if any. *See* PROGRESSIVE Defendants' Renewed Motion for Leave to Amend Answer, dated January 20, 2004, a copy of which is attached hereto as Exhibit A. Thus, BEECH STREET's presence in this litigation as a Defendant, Cross-Defendant, and/or Third Party Defendant is essential to a full and complete resolution of BRICKELL's claims, the claims of the putative class members, and the defenses of the PROGRESSIVE Defendants.

Moreover, BRICKELL and BEECH STREET have not proffered a "substantial reason" why this Court should deny the Motion for Leave to Amend.  *See Diesel,* 271 F.3d at 1321 (noting that "substantial reasons" for denying a party leave to amend typically are limited to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment).  Instead, BRICKELL and BEECH STREET simply suggest, in a conclusory fashion, that they would somehow be "prejudiced" if this Court were to grant the PROGRESSIVE Defendants' leave to assert a Cross-Claim against BEECH STREET, because their settlement agreement is contingent on the denial of that Motion.  *See* Joint Motion to Approve Settlement at p. 8.

Not surprisingly, however, BRICKELL and BEECH STREET do not cite any authority to support the novel contention that a federal district court should deny a co-defendant the right to prosecute a viable cross-claim (or third party claim) simply to facilitate a collusive settlement between the plaintiffs and a co-defendant.  In fact, what little federal court authority exists on the subject supports a contrary result, *i.e.,* that the failure of such a self-imposed condition to occur does not constitute the type of "undue prejudice" contemplated by Rule 15(a) as a basis for overcoming the compelling policy considerations favoring the liberal amendment of pleadings. *See, e.g., Jacobs v. McClosky & Co.*, 40 F.R.D. 486 (E.D. Pa. 1966)(holding that to the extent the complaining party causes the prejudice, it is not "undue" within the meaning of the rule).

Apparently cognizant of the lack of legal support for their contention, BRICKELL and BEECH STREET attempt to shift the burden of demonstrating prejudice from themselves to the

PROGRESSIVE Defendants. Specifically, rather than demonstrating that **they would be substantially prejudiced if this Court were to grant the Motion for Leave to Amend**, BEECH STREET and BRICKELL attempt to demonstrate that PROGRESSIVE Defendants **would not be prejudiced** by the denial of their Motion for Leave to Amend**,** ostensibly because the PROGRESSIVE Defendants would "have the right to file a separate indemnification lawsuit against [BEECH STREET] in a different court." Joint Motion at p. 8. Such an analysis is obviously flawed, in that it improperly shifts the burden of demonstrating prejudice from BEECH STREET and BRICKELL to the PROGRESSIVE Defendants. Moreover, it also is improper in that it inappropriately attempts to dictate where and when the PROGRESSIVE Defendants should be permitted to prosecute their claims against BEECH STREET, if at all, when the decision as to the proper forum for prosecuting the Cross-Claim plainly rests with the PROGRESSIVE Defendants. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000)(holding that a plaintiff's choice of forum in a federal case should rarely be disturbed).

II.    **THE PROGRESSIVE DEFENDANTS' MOTION FOR LEAVE TO AMEND WAS NOT UNTIMELY, NOR DID ANYTHING OF SUBSTANCE HAPPEN IN THIS CASE PRIOR TO ITS "ADMINISTRATIVE CLOSURE" WHICH WOULD PROVIDE A LEGALLY SUFFICIENT BASIS FOR DENYING THE MOTION BASED ON UNTIMELINESS**

BRICKELL and BEECH STREET's argument that this Court should deny the PROGRESSIVE Defendants' Motion for Leave to Amend, because it was or is untimely, also is without merit.[3] Presumably, BEECH STREET's argument is based on the Court's September 28,

---

[3]Curiously, if BEECH STREET truly believed that the PROGRESSIVE Defendants' Motion for Leave to Amend was untimely, query as to why BEECH STREET required a two month extension of time to prepare its response to that Motion.

2001 "Amended Order Setting Trial Date and Discovery Schedule," which, among other things, established a January 28, 2002 deadline for the filing of amended pleadings. Significantly, however, as evidenced by the fact that other parties were permitted to amend their pleadings after the January 28 date, the September 28, 2001 Scheduling Order no longer was in effect at the time the PROGRESSIVE Defendants filed their Motion. *See, e.g.,* July 29, 2002 Order Adopting Report and Recommendation that Motion to Strike Amended Complaint, dated February 12, 2002, be Denied. *See also Spiller v. Ella Smithers Geriatric Center*, 919 F.2d 339 (5th Cir. 1990)(holding that trial court's action in allowing defendants to move for summary judgment after original cut-off date in scheduling order was an implied granting of motion to amend order).

The record further reflects that the parties were unable to comply with a number of other deadlines set forth in the Court's September 28, 2001 Order, including the deadline for the disclosure of expert witnesses and the deadline for completion of class based discovery, due, in part, to the complexities of this litigation, the existence of various issues relating to mandatory arbitration that arose in several of the consolidated cases, and the inability of the parties to proceed with discovery pending the resolution of those issues. *See* Amended Order Setting Trial Date and Discovery Schedule, a copy of which is attached hereto as Exhibit C. Accordingly, on May 3, 2002, this Court manifested its intent that the September 28 Order no longer was operative by entering an Order advising the parties that it would issue "[a] new trial date and discovery schedule." *See* Order Canceling Scheduled Hearing, a copy of which is attached hereto as Exhibit D. Thus, although this Court administratively closed the cases before establishing a new deadline for amending pleadings and/or a new trial date, one thing is clear - as of the date of closure, the September 28, 2001 Order

Case No. 00-6061-CIV-ZLOCH
Page 10

no longer was in effect.[4]

Finally, but no less significantly, BRICKELL, BEECH STREET, and ADP should not be permitted to use the delay caused by the administrative closure of these cases and the intervening appeals to their strategic advantage. The fact of the matter is that BEECH STREET, BRICKELL and ADP are asking this Court to deny the PROGRESSIVE Defendants' Motion for Leave to Amend **for reasons that did not even exist when the PROGRESSIVE Defendants originally filed their Motion.** The PROGRESSIVE Defendants' Motion has been pending since **July 24, 2002.** Had BEECH STREET not delayed this Court's consideration of the Motion before the Court administratively closed this and the other consolidated cases on September 30, 2002, this Court, in all probability, would have long since granted the PROGRESSIVE Defendants' Motion on its own merits, thereby rendering the current settlement proposal and the resulting Joint Motion moot.

## CONCLUSION

WHEREFORE, the Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMER INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE COMPANY, respectfully request that this Court deny the Joint Motion to Approve Stipulation and Settlement Agreement and that it grant the PROGRESSIVE Defendants any and all

---

[4]Even if the PROGRESSIVE Defendants' Motion for Leave to Amend was deemed to be "untimely,"it would not warrant a denial. *See The Decorative Ctr. of Houston, L.P. v. Direct Response Pub., Inc.*, 208 F. Supp. 2d 719 (S.D. Tex. 2002)(mere fact that a party fails to seek leave to amend a pleading before a deadline is insufficient to justify denial of the motion for leave to amend). *See also Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir.1989), *rev'd on other grounds,* 499 U.S. 530 (1991)(passage of time, standing alone, is not a sufficient basis for denying a party leave to amend). This is particularly true where, as here, almost no discovery has been taken, the case is not at issue, and the case has not been set for trial. *See The Decorative Ctr. of Houston, L.P.,* 208 F. Supp. 2d at 719.

Case No. 00-6061-CIV-ZLOCH
Page 11

such further relief to which they are entitled.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class

mail to all counsel on the attached service list on this 21st day of January, 2004.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA, & STEIN
Attorneys for PROGRESSIVE Defendants
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900 - Telephone
(305) 373-6914 - Facsimile

By: _____

Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
Florida Bar No. 370967
dblackwell@anania-law.com

**MASTER SERVICE LIST**
**Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW**
**(Updated 01/07/04)**

Eric Lee, Esq.
**Co-Lead Counsel for Plaintiffs**
LEE & AMTZIS, P.I.
350 N.W. 12th Avenue, Suite 150
Deerfield Beach, Florida 33442
Tele:   561-981-9988
Fax:    561-981-9980
E-mail:        lee@leeamlaw.com

Arthur S. Gold, Esq.
**Co-Lead Counsel for Plaintiffs**
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tele:   312-372-0777
Fax:    312-372-0778
E-mail:        asg@gcjustice.com

Andrew Garcia, Esq.
Carlin Phillips, Esq.
**Co-Lead Counsel for Plaintiffs**
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
Tele:   508-998-0800
Fax:    508-998-0919
E-mail:        agarcia@phillipsgarcia.com
               cphillips@phillipsgarcia.com

Larry Kopelman, Esq.
Douglas Blankman, Esq.
**Co-Lead Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A.
350 East Las Olas Boulevard, Suite 980
Fort Lauderdale, Florida 33301
Tele:   954-462-6855
Fax:    954-462-6899
E-mail:        lmk@kopelblank.com
               dab@kopelblank.com

Susan L. Lawson, Esq.
**Co-Counsel for Plaintiffs**
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
Tele:   813-251-8879
Fax:    813-251-5786
E-mail:        personalinjurylawyer@earthlink.net

Richard Bokor, Esq.
**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606
Tele:   813-251-1000
Fax:    813-254-6327
E-mail:        richard@bokorlaw.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 2

Casey Fundaro, Esq.
**Co-Counsel for Plaintiffs**
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
Tele:   954-252-6666
Fax:    954-252-0901
E-mail:      fundaro@aol.com

David B. Shelton, Esq.
**Counsel for Allstate, Fidelity and**
**Casualty, Continental, Deerbrook**
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
Tele:   407-872-7300
Fax:    407-841-2133
E-mail:      dshelton@rumberger.com

Peter J. Valeta, Esq.
**Counsel for Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tele:   312-750-3619
Fax:    312-920-7241
E-mail:      peter.valeta@rosshardies.com

John M. Quaranta, Esq.
**Counsel for Beech Street and ADP**
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Tele:   305-539-2495
Fax:    305-536-1116
E-mail:      jmq@tewlaw.com

Francis Anania, Esq.
Donald A. Blackwell, Esq.
**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131
Tele:   305-373-4900
Fax:    305-373-6914
E-mail:      fanania@anania-law.com
             dblackwell@anania-law.com

William W. Deem, Esq.
**Counsel for CCN**
McGuire Woods LLP
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Tele:   904-798-3200
Fax:    904-798-3207
E-mail:      wdeem@mcguirewoods.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 3

Katherine C. Lake, Esq.
**Counsel for Nationwide**
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601
Tele:   813-228-7411
Fax:    813-229-8313
E-mail:        klake@fowlerwhite.com

James C. Haggerty, Esq.
**Counsel for Nationwide**
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
Tele:   215-299-4314
Fax:    215-299-4301
E-mail:        haggerty@scdlaw.com

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tele:   305-374-8500
Fax:    305-789-7799
E-mail:        rlevenson@hklaw.com
               gbaldwin@hklaw.com

Mark Shapiro, Esq.
**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tele:   305-374-5600
Fax:    305-374-5095
E-mail:        mshapiro@akerman.com

Marcy Levine Aldrich, Esq.
**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
Tele:   305-374-5600
Fax:    305-374-5095
E-mail:        maldrich@akerman.com

Jeffrey P. Lennard, Esq.
**Counsel for Metropolitan**
SONNENSCHEIN, NATH &
ROSENTHAL
8000 Sears Tower
Chicago, IL 60606
Tele:   312-876-8000
Fax:    312-876-7934
E-mail:        jpl@sonnenschein.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 4

Kathy J. Maus, Esq.
Lauren D. Levy, Esq.
**Counsel for Prudential**
BUTLER BURNETTE PAPPAS
3600 Maclay Boulevard, Suite 101
Tallahassee, FL 32312
Tele:   850-894-4111
Fax:    850-894-4999
E-mail:        kmaus@bbplaw.com
               llevy@bbplaw.com

Alan J. Nisberg, Esq.
**Counsel for Superior**
BUTLER BURNETTE PAPPAS
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL 33607
Tele:   813-281-1900
Fax:    813-281-0900
E-mail:        anisberg@bbplaw.com

John D. Aldock, Esq.
Michael Isenman, Esq.
**Counsel for Prudential**
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
Tele:   202-828-2000
Fax:    202-828-2195
E-mail:        jaldock@sheagardner.com
               Misenman@sheagardner.com

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
**Counsel for American International**
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021
Tele:   954-961-1400
Fax:    954-967-8577
E-mail:        dfriedman@csglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

DR PAUL ZIDEL, on behalf of himself and
others similarly situated,

       Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

       Defendant,

_____/

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

       Plaintiffs,

vs.                                                    Case No. 00-6649-ZLOCH

PROGRESSIVE EXPRESS INSURANCE
COMPANY, et al.,

       Defendants.

_____/

**PROGRESSIVE DEFENDANTS' RENEWED MOTION FOR LEAVE TO
AMEND THEIR ANSWER AND AFFIRMATIVE DEFENSES
AND SUPPORTING MEMORANDUM OF LAW**

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), pursuant to Fed. R. Civ. P. 15(a), hereby

renew their Motion for Leave to Amend their Answer and Affirmative Defenses to include a Cross-

Claim against their co-Defendant, BEECH STREET SERVICES CORPORATION ("BEECH



STREET"), in the above-styled case.[1] In support of their Motion, the PROGRESSIVE Defendants state as follows:

1.    On May 12, 2000, the Plaintiff, KEITH BRICKELL, D.C. ("BRICKELL"), filed a Class Action Complaint ("Complaint") against the PROGRESSIVE Defendants, BEECH STREET SERVICES CORPORATION ("BEECH STREET"), and ADP INTEGRATED MEDICAL SOLUTIONS, INC. ("ADP").

2.    In the Complaint, BRICKELL alleges that the PROGRESSIVE Defendants, BEECH STREET, and ADP were engaged in a "Silent PPO scheme" whereby the PROGRESSIVE Defendants paid "PPO rates" to BRICKELL and others for services that they rendered to Progressive insureds without offering a PPO policy.

3.    On September 28, 2001, this Court entered an Order which consolidated BRICKELL's action with fourteen (14) other class actions, involving similar claims of other providers against a number of other insurance companies, under Consolidated Case No. 00-6061-CIV-ZLOCH.

4.    The PROGRESSIVE Defendants, in turn, filed a timely Answer to the Complaint and asserted, as an affirmative defense, that their method of administering the PIP claims of their insureds, including the reimbursement of BRICKELL and others at contractually agreed upon rates, fully complied with their contractual and statutory obligations.[2]

---

[1]  In accordance with S.D. Fla. L. R. 15.1, the PROGRESSIVE Defendants have attached the proposed amended pleading hereto as Exhibit A.

[2]  Significantly, in *Nationwide Mut. Ins. Co. v. Jewell*, 28 Fla. L. Weekly D2605 (Fla. 2d DCA Nov. 14, 2003), the Second District Court of Appeal held that the above-described methods of administering PIP claims and reimbursing health care providers for their services does not violate Florida law. *Compare Nationwide Mut. Ins. Co. v. Central Fla. Physiatrists, P.A.*, 851 So. 2d 762 (Fla. 5th DCA 2003)(holding that in the absence of compliance with § 627.734(10) Fla. Stat., an insurer was required to pay 80% of the reasonable and necessary expenses incurred rather than the reduced PPO rates).

5.    Thereafter, on July 24, 2002, the PROGRESSIVE Defendants filed a Motion for Leave to Amend Their Answer and Affirmative Defenses to include a Cross-Claim against BEECH STREET. Copies of that Motion and the proposed Cross Claim are attached hereto as Composite Exhibit B.

6.    On August 5, 2002 and, again, on September 23, 2002, BEECH STREET requested and received extensions of time within which to respond to the PROGRESSIVE Defendants' Motion for Leave to Amend.[3]

7.    A week after the second extension, *i.e.*, on September 30, 2002, while the PROGRESSIVE Defendants' Motion for Leave to Amend remained outstanding, this Court "administratively closed" all pending cases under Consolidated Case No. 00-6061-CIV-ZLOCH.

8.    Because it is unclear whether the September 10, 2002 Order "dismissed" the PROGRESSIVE Defendants' Motion to Amend, the PROGRESSIVE Defendants are compelled to renew that Motion to include a Cross-Claim against BEECH STREET for breach of contract and contractual indemnification.

9.    In the proposed Cross-Claim, the PROGRESSIVE Defendants allege that BEECH STREET breached its contract with the PROGRESSIVE Defendants by failing to enforce the terms of its Provider Agreements with BRICKELL and others.

---

[3]It now appears that, **at the time BEECH STREET was requesting extensions of time** to respond to PROGRESSIVE Defendants' Motion for Leave to Amend, **it and ADP already were engaged in settlement discussions and, in fact, may have tentatively agreed on a settlement with the Plaintiffs contingent on the denial of the PROGRESSIVE Defendants' Motion for Leave to Amend.** *See* Joint Motion to Approve Stipulation and Settlement Agreement Pursuant to Fed.R.CiV.P. 23(e) and for Voluntary Dismissal without Prejudice Pursuant to Fed.Civ.P. 41(a)(2) at p. 4 (wherein BEECH STREET and ADP now concede that, sometime in 2002, they "agreed to provide the Settling Plaintiffs with documents and information to assess the validity of their claims. There was a due diligence period in which the Settling Plaintiffs could have withdrawn the settlement. **Beech Street and ADP had originally given the Settling Plaintiffs until September 13, 2002 in which to conduct their due diligence.** This deadline was extended to September 15, 2003 by agreement of the parties"). Obviously, if the PROGRESSIVE Defendants had been privy to the fact that BEECH STREET and ADP were colluding with BRICKELL to prejudice the rights of the PROGRESSIVE Defendants they would have insisted that BEECH STREET file a timely response so that the Court, in turn, could have timely decided the Motion for Leave to Amend.

10.    The PROGRESSIVE Defendants further allege that BEECH STREET failed to provide accurate and complete information for inclusion in the ADP Provider Bill Audit Software, which the PROGRESSIVE Defendants used to process the invoices of and render payments to BRICKELL and others. *See* Cross Claim at ¶ 17.

11.    Finally, the PROGRESSIVE Defendants allege that they are entitled to full contractual indemnification from BEECH STREET, because their liability to BRICKELL, if any, is solely and exclusively attributable to BEECH STREET's wrongful acts and omissions. *Id.* at ¶¶ 27 and 28 (a. through g.).

12.    Fed. R. Civ. P., 15(a) expressly provides that leave to amend a pleading "shall be freely given when justice so requires." *See, e.g., Diesel "Repower," Inc. v. Islander Investments Ltd.,* 271 F.3d 1318 (11th Cir. 2001).

13.    "Justice so requires," in the instant case, because, among other things, it is the acts and omissions of BEECH STREET, **and not the PROGRESSIVE Defendants**, that caused Plaintiffs' damages, if any.

14.    Moreover, granting the PROGRESSIVE Defendants leave to assert the attached Cross-Claim will not prejudice any of the parties as discovery is in its initial stages, due to multiple, complex issues regarding consolidation, confidentiality and arbitration and the fact that the case has been administratively closed since September 30, 2002.

15.    This Motion is not interposed for purposes of delay and will further the interests of justice and litigant and judicial economy.

**WHEREFORE,** the Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMER INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE COMPANY, respectfully request that this Court grant their Renewed Motion for Leave to Amend, afford them leave to amend their Answer to include a Cross-Claim against BEECH STREET, and grant them any and all such further relief to which they are entitled.

Case No. 00-6061-CIV-ZLOCH
Page 5

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class mail to all counsel on the attached service list on this 20th day of January, 2004.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
Attorneys for PROGRESSIVE Defendants
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900 / Telephone
(305) 373-6914 / Facsimile

By: _____
Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
dblackwell@anania-law.com
Florida Bar No. 370967

## MASTER SERVICE LIST
### Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
### (Updated 01/07/04)

Eric Lee, Esq.
**Co-Lead Counsel for Plaintiffs**
LEE & AMTZIS, P.I.
350 N.W. 12th Avenue, Suite 150
Deerfield Beach, Florida 33442
Tele:   561-981-9988
Fax:   561-981-9980
E-mail:        lee@leeamlaw.com

Andrew Garcia, Esq.
Carlin Phillips, Esq.
**Co-Lead Counsel for Plaintiffs**
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
Tele:   508-998-0800
Fax:   508-998-0919
E-mail:        agarcia@phillipsgarcia.com
               cphillips@phillipsgarcia.com

Susan L. Lawson, Esq.
**Co-Counsel for Plaintiffs**
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
Tele:   813-251-8879
Fax:   813-251-5786
E-mail:        personalinjurylawyer@earthlink.net

Arthur S. Gold, Esq.
**Co-Lead Counsel for Plaintiffs**
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tele:   312-372-0777
Fax:   312-372-0778
E-mail:        asg@gcjustice.com

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
**Co-Lead Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A.
350 East Las Olas Boulevard, Suite 980
Fort Lauderdale, Florida 33301
Tele:   954-462-6855
Fax:   954-462-6899
E-mail:        lmk@kopelblank.com
               dab@kopelblank.com

Richard Bokor, Esq.
**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606
Tele:   813-251-1000
Fax:   813-254-6327
E-mail:        richard@bokorlaw.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 2

Casey Fundaro, Esq.
**Co-Counsel for Plaintiffs**
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
Tele:  954-252-6666
Fax:   954-252-0901
E-mail:       fundaro@aol.com

David B. Shelton, Esq.
**Counsel for Allstate, Fidelity and
Casualty, Continental, Deerbrook**
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
Tele:   407-872-7300
Fax:    407-841-2133
E-mail:       dshelton@rumberger.com

Peter J. Valeta, Esq.
**Counsel for Allstate, Fidelity and Casualty,
Continental, Deerbrook**
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tele:   312-750-3619
Fax:    312-920-7241
E-mail:       peter.valeta@rosshardies.com

John M. Quaranta, Esq.
**Counsel for Beech Street and ADP**
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Tele:   305-539-2495
Fax:    305-536-1116
E-mail:       jmq@tewlaw.com

Francis Anania, Esq.
Donald A. Blackwell, Esq.
**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131
Tele:   305-373-4900
Fax:    305-373-6914
E-mail:       fanania@anania-law.com
              dblackwell@anania-law.com

William W. Deem, Esq.
**Counsel for CCN**
McGuire Woods LLP
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Tele:   904-798-3200
Fax:    904-798-3207
E-mail:       wdeem@mcguirewoods.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 3

Katherine C. Lake, Esq.
**Counsel for Nationwide**
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601
Tele:   813-228-7411
Fax:    813-229-8313
E-mail:        klake@fowlerwhite.com

James C. Haggerty, Esq.
**Counsel for Nationwide**
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
Tele:   215-299-4314
Fax:    215-299-4301
E-mail:        haggerty@scdlaw.com

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tele:   305-374-8500
Fax:    305-789-7799
E-mail:        rlevenson@hklaw.com
               gbaldwin@hklaw.com

Mark Shapiro, Esq.
**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tele:   305-374-5600
Fax:    305-374-5095
E-mail:        mshapiro@akerman.com

Marcy Levine Aldrich, Esq.
**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
Tele:   305-374-5600
Fax:    305-374-5095
E-mail:        maldrich@akerman.com

Jeffrey P. Lennard, Esq.
**Counsel for Metropolitan**
SONNENSCHEIN, NATH &
ROSENTHAL
8000 Sears Tower
Chicago, IL 60606
Tele:   312-876-8000
Fax:    312-876-7934
E-mail:        jpl@sonnenschein.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 4

Kathy J. Maus, Esq.
Lauren D. Levy, Esq.
**Counsel for Prudential**
BUTLER BURNETTE PAPPAS
3600 Maclay Boulevard, Suite 101
Tallahassee, FL 32312
Tele:   850-894-4111
Fax:   850-894-4999
E-mail:       kmaus@bbplaw.com
              llevy@bbplaw.com

Alan J. Nisberg, Esq.
**Counsel for Superior**
BUTLER BURNETTE PAPPAS
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL 33607
Tele:   813-281-1900
Fax:   813-281-0900
E-mail:       anisberg@bbplaw.com

John D. Aldock, Esq.
Michael Isenman, Esq.
**Counsel for Prudential**
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
Tele:   202-828-2000
Fax:   202-828-2195
E-mail:       jaldock@sheagardner.com
              Misenman@sheagardner.com

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
**Counsel for American International**
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021
Tele:   954-961-1400
Fax:   954-967-8577
E-mail:       dfriedman@csglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-CIV-6061-ZLOCH

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, et. al.,

        Defendants.

_____/

**PROGRESSIVE DEFENDANTS'
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S CLASS
ACTION COMPLAINT
AND CROSS-CLAIM**

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), hereby file their Answer and Affirmative

Defenses and Cross-Claim to the "Class Action Complaint" filed hereby the Plaintiff, KEITH

BRICKELL, D.C., individually and on behalf of all others similarly situated ("Plaintiff"), and state

as follows:

## ANSWER TO JURISDICTION AND VENUE

1.      The PROGRESSIVE Defendants admit that this purports to be an action for damages

in excess of the minimum jurisdictional limits of this Court, but they deny that Plaintiff has suffered

or, alternatively, that they are liable to Plaintiff for such damages. Moreover, the PROGRESSIVE

Defendants deny the remaining allegations in Paragraph 1.

2.      The PROGRESSIVE Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 2, as they call for a legal conclusion,

and, therefore, the PROGRESSIVE Defendants deny those allegations.

3.      The PROGRESSIVE Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 3, as they call for a legal conclusion,

and, therefore, the PROGRESSIVE Defendants deny those allegations.

EXHIBIT
A

Case No. No. 00-CIV-6061-FERGUSON
Page 2

## ANSWER TO "THE PARTIES"

4.     The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, they deny those allegations.

5.     The PROGRESSIVE Defendants admit that they are authorized and licensed to sell insurance in this District. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 5.

6.     The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, they deny those allegations.

7.     The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, they deny those allegations.

## ANSWER TO "FACTUAL BACKGROUND"

8.     Insofar as the allegations in Paragraph 8 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 8 and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

11. (sic).     Insofar as the allegations in Paragraph 11 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 11 and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

12. Insofar as the allegations in Paragraph 12 merely seek to paraphrase the terms and conditions of a statutory scheme, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 12 and, instead, respectfully refer the Court to the pertinent statutes for a complete and accurate statement of their contents.

13. Insofar as the allegations in Paragraph 13 merely seek to paraphrase the terms and conditions of a statutory scheme, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 13 and, instead, respectfully refer the Court to the pertinent statutes for a complete and accurate statement of their contents.

14. Denied.

15. Denied.

16. The PROGRESSIVE Defendants admit that a document which purports to be an Agreement between BRICKELL and BEECH STREET is attached to the Complaint as Exhibit 1. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 16.

17. Denied.

18. Denied.

19. Insofar as the allegations in Paragraph 19 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, they deny those allegations.

20. Insofar as the allegations in Paragraph 20 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state

that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, they deny those allegations.

21.     Denied.

22.     Denied.

23.     The PROGRESSIVE Defendants admit that they are aware of Florida Statutes, §627.736(10)(1992). However, they deny the remaining allegations in Paragraph 23.

24.     Insofar as the allegations in Paragraph 24 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, they deny those allegations.

25.     Insofar as the allegations in Paragraph 25 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, they deny those allegations. Moreover, the PROGRESSIVE Defendants deny that they were involved in "a silent PPO scheme."

26.     The PROGRESSIVE Defendants admit that, at various times, they utilized the services of ADP INTEGRATED MEDICAL SOLUTIONS, INC. ("ADP") in processing their insureds' medical expense claims. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 26.

27.     Denied.

28.     Denied.

29.     The PROGRESSIVE Defendants admit that, at various times, they have accessed the discounted rates to which Dr. Brickell had agreed in processing their insureds' medical expense claims and that they furnished Dr. Brickell with Explanation of Benefit Forms detailing the basis for

their payments. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 29.

## ANSWER TO "CLASS ACTION ALLEGATIONS"

30.　　The PROGRESSIVE Defendants admit that this purports to be a class action, but they deny that Plaintiff has adequately stated a claim for, or otherwise is entitled to, such relief. Moreover, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 30.

31.　　Denied.

32.　　Denied.

33.　　Denied.

34.　　Denied.

35.　　Denied.

36.(a.-e.)　　Denied.

37.　　Denied.

### ANSWER TO COUNT I:
### Breach of Contract as to Beech Street

38. - 41.　　Insofar as the allegations in Paragraph Nos. 38 through 41 are directed to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 38 through 41 and, therefore, they deny those allegations.

## ANSWER TO COUNT II:
### Unjust Enrichment as to the PROGRESSIVE Defendants and ADP

In response to the introductory Paragraph in Count II, the PROGRESSIVE Defendants reallege and incorporate by reference, their responses to the allegations in Paragraph Nos. 1 through 41, as if fully set forth herein.

42. - 45.        Insofar as the allegations in Paragraph Nos. 42 through 45 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph Nos. 42 through 45 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 42 through 45 and, therefore, they deny those allegations.

## ANSWER TO COUNT III:
### Third Party Beneficiary Breach of Contract as to PROGRESSIVE Defendants

In response to the introductory Paragraph in Count III, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 45, as if fully set forth herein.

46.        Insofar as the allegations in Paragraph 46 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny those allegations and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

47.        Denied.

48.        Denied.

## ANSWER TO COUNT IV:
### RICO Act Violations as to all Parties

In response to the introductory Paragraph in Count III, the PROGRESSIVE Defendants reallege and incorporate by reference, their responses to the allegations in Paragraph Nos. 1 through 48, as if fully set forth herein.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54. (a.-m.).    Insofar as the allegations in Paragraph 54 and its subparts are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 54 and its subparts relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and its subparts and, therefore, they deny those allegations.

55.    Insofar as the allegations in Paragraph 55 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 55 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, they deny those allegations.

56.    Insofar as the allegations in Paragraph 56 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 56 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, they deny those allegations.

57.    Denied.

58.    Denied.

59. - 63.    Insofar as the allegations in Paragraph Nos. 59 through 63 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph Nos. 59 through 63 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 59 through 63 and, therefore, they deny those allegations.

64.    Insofar as the allegations in Paragraph 64 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 64 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

65.    Insofar as the allegations in Paragraph 65 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 65 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its provisions.

66.    Insofar as the allegations in Paragraph 66 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 66 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, they deny those allegations.

67.    Insofar as the allegations in Paragraph 67 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 67 relate to a party or parties other than the PROGRESSIVE Defendants,

Case No. No. 00-CIV-6061-FERGUSON
Page 9

the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, they deny those allegations.

68. (a.-e.).    Insofar as the allegations in Paragraph 68 and its subparts are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 68 and its subparts relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and its subparts and, therefore, they deny those allegations.

69.    Insofar as the allegations in Paragraph 69 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 69 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, they deny those allegations.

70.    Insofar as the allegations in Paragraph 70 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 70 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, they deny those allegations.

71.    Denied.

72.    Insofar as the allegations in Paragraph 72 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 72 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, they deny those allegations.

73.    Denied.

74.    Denied.

75.    Insofar as the allegations in Paragraph 75 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 75 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, they deny those allegations.

76.    Denied.

77.    Insofar as the allegations in Paragraph 77 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 77 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, they deny those allegations.

78.    Insofar as the allegations in Paragraph 78 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 78 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, they deny those allegations.

79.    The PROGRESSIVE Defendants admit that the Plaintiff purports to be seeking relief under 18 U.S.C. §1964(c) and 1962(c) of the RICO Act, but they deny that he has stated a claim for, or otherwise is entitled to, such relief.

## ANSWER TO SECTION 1962(c) Claim

80.    Insofar as the allegations in Paragraph 80 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 80 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

81.    Insofar as the allegations in Paragraph 81 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 81 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, they deny those allegations.

82.    Denied.

## ANSWER TO SECTION 1962(d) CLAIM

In response to the introductory Paragraph in this section of Plaintiff's Complaint, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 82, as if fully set forth herein.

83.    The PROGRESSIVE Defendants admit that the Plaintiff purports to be seeking relief under 18 U.S.C. §1964(c) and 1962(d) of the RICO Act, but they deny that he has stated a claim for, or otherwise is entitled to, such relief from the PROGRESSIVE Defendants.

84.    Insofar as the allegations in Paragraph 84 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 84 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

85.    Insofar as the allegations in Paragraph 85 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 85 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its provisions.

86.    Insofar as the allegations in Paragraph 86 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 86 relate to a party or parties other than the PROGRESSIVE Defendants,

the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, they deny those allegations.

87.     Insofar as the allegations in Paragraph 87 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 87 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, they deny those allegations.

88. - 95.     Denied.

**RESPONSE TO COUNT V:**
**Violations of the Lanham Act as to all Defendants**

96. - 105.     In its Omnibus Order on Pending Motions dated September 28, 2001, the Court granted the Defendants' Motion to Dismiss or Strike the Plaintiff's Lanham Act claims and, therefore, the PROGRESSIVE Defendants are not required to respond to the allegations in Count V. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph Nos. 96 through 105.

**ANSWER TO COUNT VI:**
**Declaratory Judgment as to the PROGRESSIVE Defendants**

In response to the introductory Paragraph in Count VI, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 105, as if fully set forth herein.

106.     Denied.

107.     Denied.

108.     Denied.

**ANSWER TO COUNT VII:**
**Violation of Fla. Stat. 627.736(10) by PROGRESSIVE Defendants**

In response to the introductory Paragraph in Count VII, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 108, as if fully set forth herein.

     109.   Denied.

     110.   Denied.

     111.   Denied.

     112.   Denied.

     113.   Denied.

     114.   Denied.

### ANSWER TO COUNT VIII:
### Breach of Contract as to the PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VIII, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 114, as if fully set forth herein.

     115.   Insofar as the allegations in Paragraph 115 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 115 and, instead, respectfully refer the Court to the subject documents for a complete and accurate statement of their terms and conditions. Moreover, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 115.

     116.   The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, they deny those allegations.

     117.   Denied.

     118.   Denied.

119.    Denied.

120.    The PROGRESSIVE Defendants deny any and all allegations of breach of contract, statutory violations, declaratory and injunctive relief, negligent or intentional misconduct, and damages of any kind in the Complaint.

121.    The PROGRESSIVE Defendants deny any and all allegations not specifically admitted herein and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    As their first affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for breach of contract and, therefore, that claim should be dismissed or stricken.

2.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for unjust enrichment and, therefore, that claim should be dismissed or stricken.

3.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim based on a third party beneficiary theory and, therefore, that claim should be dismissed or stricken.

4.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to pursue a class action in this matter, because he has not satisfied and cannot satisfy any of the requirements of Fed. R. Civ. P. 23.

5.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for RICO Act violations and, therefore, those claims should be dismissed or stricken.

6.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for declaratory or injunctive relief and, therefore, those claims should be dismissed or stricken.

7.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for a violation of Florida Statutes, Section 627.736(10) and, therefore, that claim should be dismissed or stricken.

8.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint improperly realleges and incorporates by reference the substantive allegations of the preceding counts in violation of Fed. R. Civ. P. 8(e).

9.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has failed to attached essential documents in his possession to the Complaint, which, if attached, would negate his claims, as a matter of law.

10.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by well-settled principles of equitable estoppel.

11.     As a further affirmative defense, the PROGRESSIVE Defendants state that their method of administering the claims of their insureds for PIP benefits fully complies with their contractual and statutory obligations.

12.     As a further affirmative defense, the PROGRESSIVE Defendants state that, at all times material to this action, the Florida Department of Insurance approved the methods the PROGRESSIVE Defendants used to administer the PIP claims of their insureds.

13.     As a further affirmative defense, the PROGRESSIVE Defendants state that their method of administering the PIP claims of their insureds does not fall within the plain language or intended scope of §627.736(10), Florida Statutes.

14.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by virtue of his contractual relationships with Beech Street Corporation ("Beech Street") and/or the Chiropractic Alliance.

15.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to relief under the RICO statute, because:

Case No. No. 00-CIV-6061-FERGUSON
Page 16

a. Plaintiff does not allege a single fact reflecting criminal or fraudulent conduct by the PROGRESSIVE Defendants;

b. Plaintiff does not identify an act, a date, a place, or a method by which the PROGRESSIVE Defendants sought to accomplish any such offenses;

c. Plaintiff has not established and cannot establish that he was harmed as a result of investment activity by the PROGRESSIVE Defendants;

d. Plaintiff has not adequately alleged a RICO "enterprise;"

e. Plaintiff has not adequately alleged a pattern of racketeering offenses; and

f. Plaintiff has not adequately alleged RICO predicate acts and has failed to allege a pattern of racketeering activity.

17. As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff's claims are barred because Plaintiff first breached his contract(s) with Beech Street and/or the Chiropractic Alliance.

18. As a further affirmative defense, the PROGRESSIVE Defendants allege that §627.736(10), Florida Statutes does not create a private right of action against insurers in favor of health care providers. *See May v. Allstate Ins. Co.,* Case No. 00-6269-CIV-DIMITROULEAS (S.D. Fla. April 4, 2000).

19. As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff is not an intended third party beneficiary of the contracts of insurance with their insureds and, therefore, any and all claims predicated on that status should be stricken or dismissed.

20. As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims for equitable relief are barred by the doctrine of laches.

21. As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

22. As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has failed to mitigate his damages, if any, and to that extent he is barred from recovery.

23.    As a further affirmative defense, the PROGRESSIVE Defendants state that this Court should strike any and all claims for attorney's fees from the Complaint, because there is no statutory or contractual basis for such an award.

24.    As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff's claims are barred by the doctrine of accord and satisfaction.

25.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by the doctrine of waiver.

26.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has not alleged and cannot allege, let alone prove, that he conferred a benefit on the PROGRESSIVE Defendants and, therefore, he cannot pursue a claim for unjust enrichment.

27.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's contract claims based on a third party beneficiary theory and his claims for unjust enrichment are mutually exclusive and, therefore, Plaintiff must make an election of remedies.

28.    As a further affirmative defense, the PROGRESSIVE Defendants state that the relief Plaintiff seeks in Count VI (*i.e.,* that he ultimately should or will prevail on his PIP related claims) is not a proper subject for declaratory relief.

29.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are not a proper subject for class consideration, because their resolution necessarily will require the Court to make a myriad of individualized factual determinations.

30.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to prosecute a class action under Fed. R. Civ. P. 23, because he is not an adequate class representative.

31.    As a further affirmative defense, the PROGRESSIVE Defendants adopt and incorporate by reference any and all affirmative defenses asserted by its co-Defendants in this action.

32.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's RICO claims are barred by the McCarran-Ferguson Act, 15 U.S.C. Sec. 1012(b).

Case No. No. 00-CIV-6061-FERGUSON
Page 18

## CROSS-CLAIM AGAINST BEECH STREET

The Defendants/Cross-Claim Plaintiffs, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE COMPANY (collectively "PROGRESSIVE Cross-Claim Plaintiffs"), hereby sue Cross-Claim Defendant, BEECH STREET CORPORATION, a California corporation ("BEECH"), and allege as follows:

## JURISDICTION, PARTIES AND VENUE

1.     This is an action for damages in excess of $75,000, exclusive of interest, attorney's fees and costs.

2.     PROGRESSIVE EXPRESS INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

3.     PROGRESSIVE CONSUMERS INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

4.     PROGRESSIVE BAYSIDE INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

5.     BEECH is and, at all times material to this Cross-Claim, was a California corporation, authorized to do and doing business in the State of Florida, with agents and employees in Broward County.

6.     Venue in this action is proper in the Southern District of Florida because BEECH has offices and agents in the Southern District of Florida, who conduct its regular and usual business.

## GENERAL ALLEGATIONS

7.     BEECH is the largest independently-owned Preferred Provider Organization in the United States with nationwide access to 345,000 providers and 3,300 hospitals.

8.      BEECH negotiates preferred rates with medical providers and facilities, in exchange for its commitment to direct or "steer"eligible patients to those providers.

9.      PROGRESSIVE Cross-Claim Plaintiffs are and, at all times material to this Cross-Claim, were Florida corporations, providing automobile insurance to individuals throughout the State of Florida, with agents and employees in the Southern District of Florida.

10.     On December 1, 1995, Progressive Casualty Insurance Company ("Progressive Casualty") entered into a Services Agreement with ADP Integrated Medical Solutions ("ADP"). That Services Agreement entitled PROGRESSIVE to access ADP's Provider Bill Audit ("PBA") software to process medical claims for PROGRESSIVE insureds.

11.     Thereafter, on February 1, 1997, Progressive Casualty entered into a Payor Provider Network Agreement ("Agreement") with BEECH. Because the terms of that Agreement are confidential and BEECH is in possession of a copy, PROGRESSIVE will not attach a copy hereto.

12.     Pursuant to that Agreement, PROGRESSIVE was entitled to access the contractually agreed upon rates of members of BEECH's network of medical providers when PROGRESSIVE insureds chose to seek treatment within that network.

13.     Pursuant to the terms of Progressive Casualty's agreements with BEECH and ADP, BEECH provided ADP with the names of its participating providers and the fee schedules they had agreed to accept for covered services.

14.     ADP programmed that information into its PBA software program, which PROGRESSIVE subsequently used to process medical invoices that it received from participating providers and/or PROGRESSIVE insureds.

15.     Pursuant to the Provider Agreement, PROGRESSIVE insureds who chose to seek treatment within BEECH's network were entitled to access the reduced rates available through BEECH's network of medical providers.

Case No. No. 00-CIV-6061-FERGUSON
Page 20

16.    Since February 1997, BEECH has been obligated to comply with the terms and
conditions of the Provider Agreement, which states, in pertinent part, as follows:

> (a)    Beech Street shall be responsible for enforcing the terms of its
> provider agreements and managing the provider relationships. Beech shall
> work with Client [PROGRESSIVE] and contracted Participating Providers
> to resolve any claims issues resulting from inaccurate data extracts, at its own
> expense.
>
> (b)    Beech    Street    represents    and    warrants    [that] the Client
> [PROGRESSIVE] shall have the right to apply the Provider Contracted Rates
> against the amounts charged for Eligible Persons receiving the Covered
> Services pursuant to the applicable Utilization Management Program rates
> applied by Client [PROGRESSIVE].
>
> (c)    Beech Street agrees to defend, indemnify and hold harmless Client
> [PROGRESSIVE] from and against all lawsuits, liabilities, claims, damages,
> causes of action, settlements, judgments, costs and expenses (including
> without limitation, reasonable attorney's fees and related expenses) alleged
> against, imposed upon or incurred by Client [PROGRESSIVE] arising from
> (a) Beech Street's breach of the material terms and conditions of this
> Agreement, (b) Beech Street's negligence or intentional wrongdoing in the
> course of performing its obligations under this Agreement or (c) Beech
> Street's violations of any state or federal laws or administrative regulations.

Agreement, p. 4.

17.    PROGRESSIVE relied on the accuracy and completeness of the information BEECH
supplied to ADP, in processing invoices and rendering payments to the providers in accordance with
BEECH's fee schedule.

18.    PROGRESSIVE has been named as a defendant in the instant lawsuit where a
putative class of medical providers claim that PROGRESSIVE wrongfully reduced payments
allegedly due and owing to them.

19.    PROGRESSIVE has been compelled to defend itself in this lawsuit, thus incurring
attorney's fees, litigation expenses and other costs.

20.    All conditions precedent to this action have been performed, have occurred, or have
been waived.

Case No. No. 00-CIV-6061-FERGUSON
Page 21

## COUNT I: BREACH OF CONTRACT

21.    PROGRESSIVE alleges and incorporates by reference the allegations in Paragraph Nos.1 through 20, as if fully set forth herein.

22.    BEECH has materially breached its obligations under the Provider Agreement in one or all of the following material respects:

(a)    by failing to enforce the terms of its Provider Agreements and manage provider relationships;

(b)    by failing to work with PROGRESSIVE to resolve claims issues resulting from inaccurate data, at its own expense;

(c)    by informing ADP that there was an enforceable preferred provider agreement in place when BEECH did not have an enforceable agreement, either because the provider agreement had expired or been cancelled;

(d)    by failing to ensure that it had a contract in force and effect with each of the providers and/or groups of providers whose names it supplied to ADP for inclusion in ADP's PBA bill-review software;

(e)    by failing to ensure that the contracts it had with providers and/or groups of providers whose names it supplied to ADP included auto medical claims;

(f)    by failing to take reasonable steps to update the list of providers and groups of providers whose names it had supplied to ADP for inclusion in its bill review system when those providers terminated or amended their agreements;

(g)    by providing ADP with inconsistent or incorrect reduction amounts on behalf of medical providers who were in the BEECH network; and

(h)    by such other acts or omissions as discovery in this action may reveal.

23.    As a direct and proximate result of BEECH's material breaches, PROGRESSIVE has suffered damages, including, but not limited to, compensatory damages, attorney's fees and interest.

Case No. No. 00-CIV-6061-FERGUSON
Page 22

24.    PROGRESSIVE retained undersigned counsel to enforce its contractual rights and it is entitled to recover that firm's fees and costs pursuant to the Provider Agreement with BEECH.

WHEREFORE, the Defendants/Cross-Claim Plaintiffs, PROGRESSIVE BAYSIDE INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE EXPRESS INSURANCE COMPANY, demand judgment against the Cross-Claim Defendant, BEECH STREET CORPORATION, for compensatory damages, attorney's fees, pre- and post-judgment interest, costs and for such other and further relief as the Court deems appropriate.


## COUNT II: CONTRACTUAL INDEMNIFICATION

25.    PROGRESSIVE realleges and incorporates by reference the allegations in Paragraph Nos.1 through 20, as if fully set forth herein.

26.    The Provider Agreement between PROGRESSIVE and BEECH expressly provides that

> Beech Street agrees to defend, indemnify and hold harmless [PROGRESSIVE] from and against all lawsuits, liabilities, claims, damages, causes of action, settlements, judgments, costs and expenses, (including, without limitation, reasonable attorney's fees and related expenses) alleged against, imposed upon or incurred by [PROGRESSIVE] arising from (a) Beech Street's breach of the material terms and conditions of this Agreement. . . .

Agreement, p. 6.

27.    To the extent that PROGRESSIVE has suffered any damages, those damages are solely and exclusively attributable to BEECH's "breach of the material terms and conditions" of the Provider Agreement with PROGRESSIVE.

28.    Specifically, PROGRESSIVE 's damages, if any, are solely and exclusively attributable to BEECH's:

(a)    failure to enforce the terms of its Provider Agreements and manage provider relationships;

(b)    failure to work with PROGRESSIVE to resolve claims issues resulting from inaccurate data, at its own expense;

(c)    informing ADP that there was an enforceable preferred provider agreement in place when BEECH did not have an enforceable agreement, either because the provider agreement had expired or been cancelled;

(d)    failure to ensure that it had a contract in force and effect with each of the providers and/or groups of providers whose names it supplied to ADP for inclusion in its bill-review software;

(e)    failure to ensure that the contracts it had with providers and/or groups of providers whose names it supplied to ADP included auto medical claims;

(f)    failure to take reasonable steps to update the list of providers and groups of providers whose names it had supplied to ADP for inclusion in its bill review system when those providers terminated or amended their agreements;

(g)    providing ADP with inconsistent or incorrect reduction amounts on behalf of medical providers who were in the BEECH network; and

(h)    such other acts or omissions as discovery in this action may reveal.

29.    Thus, to the extent that PROGRESSIVE is found liable for damages, such liability will be based solely and exclusively upon the actions or inactions of BEECH and, therefore, PROGRESSIVE is entitled to full contractual indemnification from BEECH.

30.    Moreover, PROGRESSIVE is entitled to recover its costs and attorney's fees incurred in defending third party actions against it, and in prosecuting this action because those costs and expenses are incurred solely as a result of the acts or inactions of BEECH.

WHEREFORE, the Defendants/Cross-Claim Plaintiffs, PROGRESSIVE BAYSIDE INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE EXPRESS INSURANCE COMPANY, demand judgment against the Cross-Claim

Case No. No. 00-CIV-6061-FERGUSON
Page 24

Defendant, BEECH STREET CORPORATION, for compensatory damages, attorney's fees, pre-
and post-judgment interest, costs and for such other and further relief as the Court deems
appropriate.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class
mail to all counsel on the attached list this _2oh_ day of January, 2004.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
Attorneys for PROGRESSIVE
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Telephone:    (305) 373-4900
Facsimile:    (305) 373-6914

By: _____
Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
Florida Bar No. 370967
dblackwell@anania-law.com

## MASTER SERVICE LIST
### Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
### (Updated 01/07/04)

Eric Lee, Esq.
**Co-Lead Counsel for Plaintiffs**
LEE & AMTZIS, P.I.
350 N.W. 12th Avenue, Suite 150
Deerfield Beach, Florida 33442
Tele:   561-981-9988
Fax:    561-981-9980
E-mail:        lee@leeamlaw.com

Andrew Garcia, Esq.
Carlin Phillips, Esq.
**Co-Lead Counsel for Plaintiffs**
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
Tele:   508-998-0800
Fax:    508-998-0919
E-mail:        agarcia@phillipsgarcia.com
               cphillips@phillipsgarcia.com

Susan L. Lawson, Esq.
**Co-Counsel for Plaintiffs**
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
Tele:   813-251-8879
Fax:    813-251-5786
E-mail:        personalinjurylawyer@earthlink.net

Arthur S. Gold, Esq.
**Co-Lead Counsel for Plaintiffs**
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tele:   312-372-0777
Fax:    312-372-0778
E-mail:        asg@gcjustice.com

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
**Co-Lead Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A.
350 East Las Olas Boulevard, Suite 980
Fort Lauderdale, Florida 33301
Tele:   954-462-6855
Fax:    954-462-6899
E-mail:        lmk@kopelblank.com
               dab@kopelblank.com

Richard Bokor, Esq.
**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606
Tele:   813-251-1000
Fax:    813-254-6327
E-mail:        richard@bokorlaw.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 2

Casey Fundaro, Esq.
**Co-Counsel for Plaintiffs**
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
Tele:   954-252-6666
Fax:    954-252-0901
E-mail:       fundaro@aol.com

Peter J. Valeta, Esq.
**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tele:   312-750-3619
Fax:    312-920-7241
E-mail:       peter.valeta@rosshardies.com

Francis Anania, Esq.
Donald A. Blackwell, Esq.
**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131
Tele:   305-373-4900
Fax:    305-373-6914
E-mail:       fanania@anania-law.com
              dblackwell@anania-law.com

David B. Shelton, Esq.
**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
Tele:   407-872-7300
Fax:    407-841-2133
E-mail:       dshelton@rumberger.com

John M. Quaranta, Esq.
**Counsel for Beech Street and ADP**
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Tele:   305-539-2495
Fax:    305-536-1116
E-mail:       jmq@tewlaw.com

William W. Deem, Esq.
**Counsel for CCN**
McGuire Woods LLP
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Tele:   904-798-3200
Fax:    904-798-3207
E-mail:       wdeem@mcguirewoods.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 3

Katherine C. Lake, Esq.
**Counsel for Nationwide**
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601
Tele:  813-228-7411
Fax:    813-229-8313
E-mail:       klake@fowlerwhite.com

James C. Haggerty, Esq.
**Counsel for Nationwide**
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
Tele:   215-299-4314
Fax:    215-299-4301
E-mail:       haggerty@scdlaw.com

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tele:  305-374-8500
Fax:   305-789-7799
E-mail:      rlevenson@hklaw.com
                   gbaldwin@hklaw.com

Mark Shapiro, Esq.
**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tele:   305-374-5600
Fax:    305-374-5095
E-mail:       mshapiro@akerman.com

Marcy Levine Aldrich, Esq.
**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
Tele:  305-374-5600
Fax:   305-374-5095
E-mail:      maldrich@akerman.com

Jeffrey P. Lennard, Esq.
**Counsel for Metropolitan**
SONNENSCHEIN, NATH &
ROSENTHAL
8000 Sears Tower
Chicago, IL 60606
Tele:   312-876-8000
Fax:    312-876-7934
E-mail:       jpl@sonnenschein.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 4

Kathy J. Maus, Esq.
Lauren D. Levy, Esq.
**Counsel for Prudential**
BUTLER BURNETTE PAPPAS
3600 Maclay Boulevard, Suite 101
Tallahassee, FL 32312
Tele:   850-894-4111
Fax:    850-894-4999
E-mail:        kmaus@bbplaw.com
               llevy@bbplaw.com


Alan J. Nisberg, Esq.
**Counsel for Superior**
BUTLER BURNETTE PAPPAS
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL 33607
Tele:   813-281-1900
Fax:    813-281-0900
E-mail:        anisberg@bbplaw.com

John D. Aldock, Esq.
Michael Isenman, Esq.
**Counsel for Prudential**
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
Tele:   202-828-2000
Fax:    202-828-2195
E-mail:        jaldock@sheagardner.com
               Misenman@sheagardner.com


Dale L. Friedman, Esq.
Brian P. Knight, Esq.
**Counsel for American International**
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021
Tele:   954-961-1400
Fax:    954-967-8577
E-mail:        dfriedman@csglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR PAUL ZIDEL, on behalf of himself and
others similarly situated,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

      Third Party Defendant.

_____

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

      Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY, BEECH
STREET CORPORATION, and ADP
INTEGRATED MEDICAL SOLUTIONS, INC.,

      Defendants.

_____/

Case No. 00-6649



### PROGRESSIVE DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER AND AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM OF LAW

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), move this Court, pursuant to Fed. R. Civ.

P. 15(a), for leave to Amend their Answer and Affirmative defenses. In accordance with S.D. Fla.

**EXHIBIT**
**B**

L. R. 15.1, the PROGRESSIVE Defendants have attached the proposed amended pleading hereto as Exhibit A. In support of their Motion, the PROGRESSIVE Defendants state as follows:

The PROGRESSIVE Defendants seek to amend their Answer to include a Cross-Claim against co-Defendant BEECH STREET.

Undersigned counsel has attempted to contact Eric Lee, Esquire, counsel for Plaintiff, to obtain his position on this Motion to Amend, but has been unable to contact Mr. Lee.

## MEMORANDUM OF LAW

Rule 15(a), Fed. R. Civ. P., provides that leave to amend a pleading "shall be freely given when justice so requires." *See Diesel "Repower" Inc. v. Islander Investments Ltd.*, 271 F.3d 1318 (11th Cir. 2001). In determining whether to grant a party leave to amend the its pleadings, the following factors are considered: (1) undue delay, (2) bad faith, (3) prejudice to the nonmovant, and (4) futility of amendment. *Foeman v. Davis*, 371 U.S. 178 (1962); *Islander Investments*, 271 F.3d at 1321; *Hargett v. Valley Fed'l Sav. Bank*, 60 F. 3d 754 (11th Cir. 1995).

All these factors warrant granting the PROGRESSIVE Defendants leave to amend their Answer to add the Cross-Claim. There is no undue delay or bad faith in asserting this Cross-Claim at this time. Moreover, the addition of this Cross-Claim will not prejudice any of the parties as discovery is in its initial stages due to multiple, complex issues regarding consolidation, confidentiality and arbitration.

**WHEREFORE**, the PROGRESSIVE Defendants respectfully request that this Court grant their motion and afford them leave to amend their Answer to include a Cross-Claim against BEECH STREET.

Case No. 00-6061-CIV FERGUSON
Page 3

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class mail to all counsel on the attached service list on this 24 day of July, 2002.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
Attorneys for PROGRESSIVE Defendants
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900 - Telephone
(305) 373-6914 - Facsimile

By: _____
Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
dblackwell@anania-law.com
Florida Bar No. 370967
Ana M. Rivero-Alexander
aalexander@anania-law.com
Florida Bar No. 872490

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-CIV-6061-FERGUSON
MAGISTRATE JUDGE SNOW

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, et. al.,

        Defendants.

_____/

**PROGRESSIVE DEFENDANTS'
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S CLASS
ACTION COMPLAINT
AND CROSS-CLAIM**

The Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE

CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

COMPANY (collectively "PROGRESSIVE Defendants"), hereby file their Answer and Affirmative

Defenses and Cross-Claim to the "Class Action Complaint" filed hereby the Plaintiff, KEITH

BRICKELL, D.C., individually and on behalf of all others similarly situated ("Plaintiff"), and state

as follows:

### ANSWER TO JURISDICTION AND VENUE

1.     The PROGRESSIVE Defendants admit that this purports to be an action for damages

in excess of the minimum jurisdictional limits of this Court, but they deny that Plaintiff has suffered

or, alternatively, that they are liable to Plaintiff for such damages. Moreover, the PROGRESSIVE

Defendants deny the remaining allegations in Paragraph 1.

2.     The PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 2, as they call for a legal conclusion, and,

therefore, the PROGRESSIVE Defendants deny those allegations.

3.     The PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 3, as they call for a legal conclusion, and,

therefore, the PROGRESSIVE Defendants deny those allegations.

EXHIBIT
A

## ANSWER TO "THE PARTIES"

4.    The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, they deny those allegations.

5.    The PROGRESSIVE Defendants admit that they are authorized and licensed to sell insurance in this District. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 5.

6.    The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, they deny those allegations.

7.    The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, they deny those allegations.

## ANSWER TO "FACTUAL BACKGROUND"

8.    Insofar as the allegations in Paragraph 8 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 8 and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

11. (sic).    Insofar as the allegations in Paragraph 11 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the

allegations in Paragraph 11 and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

12.     Insofar as the allegations in Paragraph 12 merely seek to paraphrase the terms and conditions of a statutory scheme, the PROGRESSIVE Defendants are not required to respond to those allegations.  However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 12 and, instead, respectfully refer the Court to the pertinent statutes for a complete and accurate statement of their contents.

13.     Insofar as the allegations in Paragraph 13 merely seek to paraphrase the terms and conditions of a statutory scheme, the PROGRESSIVE Defendants are not required to respond to those allegations.  However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 13 and, instead, respectfully refer the Court to the pertinent statutes for a complete and accurate statement of their contents.

14.     Denied.

15.     Denied.

16.     The PROGRESSIVE Defendants admit that a document which purports to be an Agreement between BRICKELL and BEECH STREET is attached to the Complaint as Exhibit 1. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 16.

17.     Denied.

18.     Denied.

19.     Insofar as the allegations in Paragraph 19 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, they deny those allegations.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN

BANK OF AMERICA TOWER, SUITE 4300, 100 SE SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

20.    Insofar as the allegations in Paragraph 20 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, they deny those allegations.

21.    Denied.

22.    Denied.

23.    The PROGRESSIVE Defendants admit that they are aware of Florida Statutes, §627.736(10)(1992). However, they deny the remaining allegations in Paragraph 23.

24.    Insofar as the allegations in Paragraph 24 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, they deny those allegations.

25.    Insofar as the allegations in Paragraph 25 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, they deny those allegations. Moreover, the PROGRESSIVE Defendants deny that they were involved in "a silent PPO scheme."

26.    The PROGRESSIVE Defendants admit that, at various times, they utilized the services of ADP INTEGRATED MEDICAL SOLUTIONS, INC. ("ADP") in processing their insureds' medical expense claims. However, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 26.

27.    Denied.

Case No. No. 00-CIV-6061-FERGUSON
Page 5

28.    Denied.

29.    The PROGRESSIVE Defendants admit that, at various times, they have accessed

the discounted rates to which Dr. Brickell had agreed in processing their insureds' medical expense

claims and that they furnished Dr. Brickell with Explanation of Benefit Forms detailing the basis

for their payments. However, the PROGRESSIVE Defendants deny the remaining allegations in

Paragraph 29.

### ANSWER TO "CLASS ACTION ALLEGATIONS"

30.    The PROGRESSIVE Defendants admit that this purports to be a class action, but

they deny that Plaintiff has adequately stated a claim for, or otherwise is entitled to, such relief.

Moreover, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 30.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.(a.-e.)    Denied.

37.    Denied.

### ANSWER TO COUNT I:
### Breach of Contract as to Beech Street

38. - 41.    Insofar as the allegations in Paragraph Nos. 38 through 41 are directed to a

party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are not

required to respond to those allegations. However, to the extent that a response is required, the

PROGRESSIVE Defendants state that they are without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph Nos. 38 through 41 and, therefore, they deny

those allegations.

Case No. No. 00-CIV-6061-FERGUSON
Page 6

## ANSWER TO COUNT II:
### Unjust Enrichment as to the PROGRESSIVE Defendants and ADP

In response to the introductory Paragraph in Count II, the PROGRESSIVE Defendants reallege and incorporate by reference, their responses to the allegations in Paragraph Nos. 1 through 41, as if fully set forth herein.

42. - 45.    Insofar as the allegations in Paragraph Nos. 42 through 45 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph Nos. 42 through 45 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 42 through 45 and, therefore, they deny those allegations.

## ANSWER TO COUNT III:
### Third Party Beneficiary Breach of Contract as to PROGRESSIVE Defendants

In response to the introductory Paragraph in Count III, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 45, as if fully set forth herein.

46.    Insofar as the allegations in Paragraph 46 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny those allegations and, instead, respectfully refer the Court to the subject policies for a complete and accurate statement of their terms and conditions.

47.    Denied.

48.    Denied.

Case No. No. 00-CIV-6061-FERGUSON
Page 7

### ANSWER TO COUNT IV:
### RICO Act Violations as to all Parties

In response to the introductory Paragraph in Count III, the PROGRESSIVE Defendants reallege and incorporate by reference, their responses to the allegations in Paragraph Nos. 1 through 48, as if fully set forth herein.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54. (a.-m.).    Insofar as the allegations in Paragraph 54 and its subparts are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 54 and its subparts relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and its subparts and, therefore, they deny those allegations.

55.    Insofar as the allegations in Paragraph 55 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 55 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, they deny those allegations.

56.    Insofar as the allegations in Paragraph 56 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 56 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 56 and, therefore, they deny those allegations.

57.   Denied.

58.   Denied.

59. - 63.   Insofar as the allegations in Paragraph Nos. 59 through 63 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph Nos. 59 through 63 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Nos. 59 through 63 and, therefore, they deny those allegations.

64.   Insofar as the allegations in Paragraph 64 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 64 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

65.   Insofar as the allegations in Paragraph 65 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 65 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its provisions.

66.   Insofar as the allegations in Paragraph 66 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 66 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 66 and, therefore, they deny those allegations.

67.     Insofar as the allegations in Paragraph 67 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 67 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, they deny those allegations.

68. (a.-e.).     Insofar as the allegations in Paragraph 68 and its subparts are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 68 and its subparts relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and its subparts and, therefore, they deny those allegations.

69.     Insofar as the allegations in Paragraph 69 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 69 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, they deny those allegations.

70.     Insofar as the allegations in Paragraph 70 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 70 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 70 and, therefore, they deny those allegations.

71.    Denied.

72.    Insofar as the allegations in Paragraph 72 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 72 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, they deny those allegations.

73.    Denied.

74.    Denied.

75.    Insofar as the allegations in Paragraph 75 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 75 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, they deny those allegations.

76.    Denied.

77.    Insofar as the allegations in Paragraph 77 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 77 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, they deny those allegations.

78.    Insofar as the allegations in Paragraph 78 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 78 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, they deny those allegations.

79.    The PROGRESSIVE Defendants admit that the Plaintiff purports to be seeking relief under 18 U.S.C. §1964(c) and 1962(c) of the RICO Act, but they deny that he has stated a claim for, or otherwise is entitled to, such relief.

## ANSWER TO SECTION 1962(c) Claim

80.    Insofar as the allegations in Paragraph 80 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 80 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

81.    Insofar as the allegations in Paragraph 81 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 81 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, they deny those allegations.

82.    Denied.

## ANSWER TO SECTION 1962(d) CLAIM

In response to the introductory Paragraph in this section of Plaintiff's Complaint, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 82, as if fully set forth herein.

83.     The PROGRESSIVE Defendants admit that the Plaintiff purports to be seeking relief under 18 U.S.C. §1964(c) and 1962(d) of the RICO Act, but they deny that he has stated a claim for, or otherwise is entitled to, such relief from the PROGRESSIVE Defendants.

84.     Insofar as the allegations in Paragraph 84 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 84 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its contents.

85.     Insofar as the allegations in Paragraph 85 merely seek to paraphrase a federal statute, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 85 and, instead, respectfully refer the Court to the applicable statute for a complete and accurate statement of its provisions.

86.     Insofar as the allegations in Paragraph 86 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 86 relate to a party or parties other than the PROGRESSIVE Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, they deny those allegations.

87.     Insofar as the allegations in Paragraph 87 are directed at the PROGRESSIVE Defendants, the PROGRESSIVE Defendants deny those allegations. However, to the extent that the allegations in Paragraph 87 relate to a party or parties other than the PROGRESSIVE

Defendants, the PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, they deny those allegations.

88. - 95.    Denied.

## RESPONSE TO COUNT V:
### Violations of the Lanham Act as to all Defendants

96. - 105.    In its Omnibus Order on Pending Motions dated September 28, 2001, the Court granted the Defendants' Motion to Dismiss or Strike the Plaintiff's Lanham Act claims and, therefore, the PROGRESSIVE Defendants are not required to respond to the allegations in Count V. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph Nos. 96 through 105.

## ANSWER TO COUNT VI:
### Declaratory Judgment as to the PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VI, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 105, as if fully set forth herein.

106.    Denied.

107.    Denied.

108.    Denied.

## ANSWER TO COUNT VII:
### Violation of Fla. Stat. 627.736(10) by PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VII, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 108, as if fully set forth herein.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

### ANSWER TO COUNT VIII:
### Breach of Contract as to the PROGRESSIVE Defendants

In response to the introductory Paragraph in Count VIII, the PROGRESSIVE Defendants reallege and incorporate by reference their responses to the allegations in Paragraph Nos. 1 through 114, as if fully set forth herein.

115.    Insofar as the allegations in Paragraph 115 merely seek to paraphrase the terms and conditions of documents which should have been, but were not, attached as exhibits to the Complaint, the PROGRESSIVE Defendants are not required to respond to those allegations. However, to the extent that a response is required, the PROGRESSIVE Defendants deny the allegations in Paragraph 115 and, instead, respectfully refer the Court to the subject documents for a complete and accurate statement of their terms and conditions. Moreover, the PROGRESSIVE Defendants deny the remaining allegations in Paragraph 115.

116.    The PROGRESSIVE Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, they deny those allegations.

117.    Denied.

118.    Denied.

119.    Denied.

120.    The PROGRESSIVE Defendants deny any and all allegations of breach of contract, statutory violations, declaratory and injunctive relief, negligent or intentional misconduct, and damages of any kind in the Complaint.

121.    The PROGRESSIVE Defendants deny any and all allegations not specifically admitted herein and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     As their first affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for breach of contract and, therefore, that claim should be dismissed or stricken.

2.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for unjust enrichment and, therefore, that claim should be dismissed or stricken.

3.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim based on a third party beneficiary theory and, therefore, that claim should be dismissed or stricken.

4.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to pursue a class action in this matter, because he has not satisfied and cannot satisfy any of the requirements of Fed. R. Civ. P. 23.

5.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for RICO Act violations and, therefore, those claims should be dismissed or stricken.

6.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for declaratory or injunctive relief and, therefore, those claims should be dismissed or stricken.

7.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint does not state a claim for a violation of Florida Statutes, Section 627.736(10) and, therefore, that claim should be dismissed or stricken.

8.     As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's Complaint improperly realleges and incorporates by reference the substantive allegations of the preceding counts in violation of Fed. R. Civ. P. 8(e).

9.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has failed to attached essential documents in his possession to the Complaint, which, if attached, would negate his claims, as a matter of law.

10.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by well-settled principles of equitable estoppel.

11.    As a further affirmative defense, the PROGRESSIVE Defendants state that their method of administering the claims of their insureds for PIP benefits fully complies with their contractual and statutory obligations.

12.    As a further affirmative defense, the PROGRESSIVE Defendants state that, at all times material to this action, the Florida Department of Insurance approved the methods the PROGRESSIVE Defendants used to administer the PIP claims of their insureds.

13.    As a further affirmative defense, the PROGRESSIVE Defendants state that their method of administering the PIP claims of their insureds does not fall within the plain language or intended scope of §627.736(10), Florida Statutes.

14.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are barred by virtue of his contractual relationships with Beech Street Corporation ("Beech Street") and/or the Chiropractic Alliance.

15.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to relief under the RICO statute, because:

   a.    Plaintiff does not allege a single fact reflecting criminal or fraudulent conduct by the PROGRESSIVE Defendants;

   b.    Plaintiff does not identify an act, a date, a place, or a method by which the PROGRESSIVE Defendants sought to accomplish any such offenses;

   c.    Plaintiff has not established and cannot establish that he was harmed as a result of investment activity by the PROGRESSIVE Defendants;

   d.    Plaintiff has not adequately alleged a RICO "enterprise;"

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN

BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

e.      Plaintiff has not adequately alleged a pattern of racketeering offenses; and

f.      Plaintiff has not adequately alleged RICO predicate acts and has failed to allege a

pattern of racketeering activity.

17.      As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff's

claims are barred because Plaintiff first breached his contract(s) with Beech Street and/or the

Chiropractic Alliance.

18.      As a further affirmative defense, the PROGRESSIVE Defendants allege that

§627.736(10), Florida Statutes does not create a private right of action against insurers in favor of

health care providers. *See May v. Allstate Ins. Co.*, Case No. 00-6269-CIV-DIMITROULEAS (S.D.

Fla. April 4, 2000).

19.      As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff

is not an intended third party beneficiary of the contracts of insurance with their insureds and,

therefore, any and all claims predicated on that status should be stricken or dismissed.

20.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's

claims for equitable relief are barred by the doctrine of laches.

21.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's

claims for equitable relief are barred by the doctrine of unclean hands.

22.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff

has failed to mitigate his damages, if any, and to that extent he is barred from recovery.

23.      As a further affirmative defense, the PROGRESSIVE Defendants state that this Court

should strike any and all claims for attorney's fees from the Complaint, because there is no statutory

or contractual basis for such an award.

24.      As a further affirmative defense, the PROGRESSIVE Defendants allege that Plaintiff's

claims are barred by the doctrine of accord and satisfaction.

25.      As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's

claims are barred by the doctrine of waiver.

26.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff has not alleged and cannot allege, let alone prove, that he conferred a benefit on the PROGRESSIVE Defendants and, therefore, he cannot pursue a claim for unjust enrichment.

27.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's contract claims based on a third party beneficiary theory and his claims for unjust enrichment are mutually exclusive and, therefore, Plaintiff must make an election of remedies.

28.    As a further affirmative defense, the PROGRESSIVE Defendants state that the relief Plaintiff seeks in Count VI (*i.e.,* that he ultimately should or will prevail on his PIP related claims) is not a proper subject for declaratory relief.

29.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's claims are not a proper subject for class consideration, because their resolution necessarily will require the Court to make a myriad of individualized factual determinations.

30.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff is not entitled to prosecute a class action under Fed. R. Civ. P. 23, because he is not an adequate class representative.

31.    As a further affirmative defense, the PROGRESSIVE Defendants adopt and incorporate by reference any and all affirmative defenses asserted by its co-Defendants in this action.

32.    As a further affirmative defense, the PROGRESSIVE Defendants state that Plaintiff's RICO claims are barred by the McCarran-Ferguson Act, 15 U.S.C. Sec. 1012(b).

## CROSS-CLAIM AGAINST BEECH STREET

The Defendants/Cross-Claim Plaintiffs, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE COMPANY (collectively "PROGRESSIVE Cross-Claim Plaintiffs"),

Case No. No. 00-CIV-6061-FERGUSON
Page 19

hereby sue Cross-Claim Defendant, BEECH STREET CORPORATION, a California corporation ("BEECH"), and allege as follows:

## JURISDICTION, PARTIES AND VENUE

1.     This is an action for damages in excess of $75,000, exclusive of interest, attorney's fees and costs.

2.     PROGRESSIVE EXPRESS INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

3.     PROGRESSIVE CONSUMERS INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

4.     PROGRESSIVE BAYSIDE INSURANCE COMPANY is and, at all times material to this Cross-Claim, was a Florida corporation with its principal place of business in Florida.

5.     BEECH is and, at all times material to this Cross-Claim, was a California corporation, authorized to do and doing business in the State of Florida, with agents and employees in Broward County.

6.     Venue in this action is proper in the Southern District of Florida because BEECH has offices and agents in the Southern District of Florida, who conduct its regular and usual business.

## GENERAL ALLEGATIONS

7.     BEECH is the largest independently-owned Preferred Provider Organization in the United States with nationwide access to 345,000 providers and 3,300 hospitals.

8.     BEECH negotiates preferred rates with medical providers and facilities, in exchange for its commitment to direct or "steer"eligible patients to those providers.

9.     PROGRESSIVE Cross-Claim Plaintiffs are and, at all times material to this Cross-Claim, were Florida corporations, providing automobile insurance to individuals throughout the State of Florida, with agents and employees in the Southern District of Florida.

10.    On December 1, 1995, Progressive Casualty Insurance Company ("Progressive Casualty") entered into a Services Agreement with ADP Integrated Medical Solutions ("ADP").

Case No. No. 00-CIV-6061-FERGUSON
Page 20

That Services Agreement entitled PROGRESSIVE to access ADP's Provider Bill Audit ("PBA") software to process medical claims for PROGRESSIVE insureds.

11.     Thereafter, on February 1, 1997, Progressive Casualty entered into a Payor Provider Network Agreement ("Agreement") with BEECH.  Because the terms of that Agreement are confidential and BEECH is in possession of a copy, PROGRESSIVE will not attach a copy hereto.

12.     Pursuant to that Agreement, PROGRESSIVE was entitled to access the contractually agreed upon rates of members of BEECH's network of medical providers when PROGRESSIVE insureds chose to seek treatment within that network.

13.     Pursuant to the terms of Progressive Casualty's agreements with BEECH and ADP, BEECH provided ADP with the names of its participating providers and the fee schedules they had agreed to accept for covered services.

14.     ADP programmed that information into its PBA software program, which PROGRESSIVE subsequently used to process medical invoices that it received from participating providers and/or PROGRESSIVE insureds.

15.     Pursuant to the Provider Agreement, PROGRESSIVE insureds who chose to seek treatment within BEECH's network were entitled to access the reduced rates available through BEECH's network of medical providers.

16.     Since February 1997, BEECH has been obligated to comply with the terms and conditions of the Provider Agreement, which states, in pertinent part, as follows:

> (a)     Beech Street shall be responsible for enforcing the terms of its provider agreements and managing the provider relationships.  Beech shall work with Client [PROGRESSIVE] and contracted Participating Providers to resolve any claims issues resulting from inaccurate data extracts, at its own expense.
>
> (b)     Beech Street represents and warrants [that] the Client [PROGRESSIVE] shall have the right to apply the Provider Contracted Rates against the amounts charged for Eligible Persons receiving the Covered Services pursuant to the applicable Utilization Management Program rates applied by Client [PROGRESSIVE].

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN

BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

> (c)    Beech Street agrees to defend, indemnify and hold harmless Client [PROGRESSIVE] from and against all lawsuits, liabilities, claims, damages, causes of action, settlements, judgments, costs and expenses (including without limitation, reasonable attorney's fees and related expenses) alleged against, imposed upon or incurred by Client [PROGRESSIVE] arising from (a) Beech Street's breach of the material terms and conditions of this Agreement, (b) Beech Street's negligence or intentional wrongdoing in the course of performing its obligations under this Agreement or (c) Beech Street's violations of any state or federal laws or administrative regulations.

Agreement, p. 4.

17.    PROGRESSIVE relied on the accuracy and completeness of the information BEECH supplied to ADP, in processing invoices and rendering payments to the providers in accordance with BEECH's fee schedule.

18.    PROGRESSIVE has been named as a defendant in the instant lawsuit where a putative class of medical providers claim that PROGRESSIVE wrongfully reduced payments allegedly due and owing to them.

19.    PROGRESSIVE has been compelled to defend itself in this lawsuit, thus incurring attorney's fees, litigation expenses and other costs.

20.    All conditions precedent to this action have been performed, have occurred, or have been waived.

## COUNT I: BREACH OF CONTRACT

21.    PROGRESSIVE alleges and incorporates by reference the allegations in Paragraph Nos. 1 through 20, as if fully set forth herein.

22.    BEECH has materially breached its obligations under the Provider Agreement in one or all of the following material respects:

(a)    by failing to enforce the terms of its Provider Agreements and manage provider relationships;

(b)    by failing to work with PROGRESSIVE to resolve claims issues resulting from inaccurate data, at its own expense;

 (c) by informing ADP that there was an enforceable preferred provider agreement in place when BEECH did not have an enforceable agreement, either because the provider agreement had expired or been cancelled;

 (d) by failing to ensure that it had a contract in force and effect with each of the providers and/or groups of providers whose names it supplied to ADP for inclusion in ADP's PBA bill-review software;

 (e) by failing to ensure that the contracts it had with providers and/or groups of providers whose names it supplied to ADP included auto medical claims;

 (f) by failing to take reasonable steps to update the list of providers and groups of providers whose names it had supplied to ADP for inclusion in its bill review system when those providers terminated or amended their agreements;

 (g) by providing ADP with inconsistent or incorrect reduction amounts on behalf of medical providers who were in the BEECH network; and

 (h) by such other acts or omissions as discovery in this action may reveal.

 23. As a direct and proximate result of BEECH's material breaches, PROGRESSIVE has suffered damages, including, but not limited to, compensatory damages, attorney's fees and interest.

 24. PROGRESSIVE retained undersigned counsel to enforce its contractual rights and it is entitled to recover that firm's fees and costs pursuant to the Provider Agreement with BEECH.

 WHEREFORE, the Defendants/Cross-Claim Plaintiffs, PROGRESSIVE BAYSIDE INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE EXPRESS INSURANCE COMPANY, demand judgment against the Cross-Claim Defendant, BEECH STREET CORPORATION, for compensatory damages, attorney's fees, pre- and post-judgment interest, costs and for such other and further relief as the Court deems appropriate.

Case No. No. 00-CIV-6061-FERGUSON
Page 23

## COUNT II: CONTRACTUAL INDEMNIFICATION

25.     PROGRESSIVE realleges and incorporates by reference the allegations in Paragraph

Nos.1 through 20, as if fully set forth herein.

26.     The Provider Agreement between PROGRESSIVE and BEECH expressly provides

that

> Beech Street agrees to defend, indemnify and hold harmless [PROGRESSIVE] from
> and against all lawsuits, liabilities, claims, damages, causes of action, settlements,
> judgments, costs and expenses, (including, without limitation, reasonable attorney's
> fees and related expenses) alleged against, imposed upon or incurred by
> [PROGRESSIVE] arising from (a) Beech Street's breach of the material terms and
> conditions of this Agreement. . . .

Agreement, p. 6.

27.     To the extent that PROGRESSIVE has suffered any damages, those damages are

solely and exclusively attributable to BEECH's "breach of the material terms and conditions" of the

Provider Agreement with PROGRESSIVE.

28.     Specifically, PROGRESSIVE 's damages, if any, are solely and exclusively attributable

to BEECH's:

(a)     failure to enforce the terms of its Provider Agreements and manage provider

relationships;

(b)     failure to work with PROGRESSIVE to resolve claims issues resulting from

inaccurate data, at its own expense;

(c)     informing ADP that there was an enforceable preferred provider agreement in place

when BEECH did not have an enforceable agreement, either because the provider agreement had

expired or been cancelled;

(d)     failure to ensure that it had a contract in force and effect with each of the providers

and/or groups of providers whose names it supplied to ADP for inclusion in its bill-review software;

(e)     failure to ensure that the contracts it had with providers and/or groups of providers

whose names it supplied to ADP included auto medical claims;

(f)      failure to take reasonable steps to update the list of providers and groups of providers whose names it had supplied to ADP for inclusion in its bill review system when those providers terminated or amended their agreements;

(g)      providing ADP with inconsistent or incorrect reduction amounts on behalf of medical providers who were in the BEECH network; and

(h)      such other acts or omissions as discovery in this action may reveal.

29.      Thus, to the extent that PROGRESSIVE is found liable for damages, such liability will be based solely and exclusively upon the actions or inactions of BEECH and, therefore, PROGRESSIVE is entitled to full contractual indemnification from BEECH.

30.      Moreover, PROGRESSIVE is entitled to recover its costs and attorney's fees incurred in defending third party actions against it, and in prosecuting this action because those costs and expenses are incurred solely as a result of the acts or inactions of BEECH.

WHEREFORE, the Defendants/Cross-Claim Plaintiffs, PROGRESSIVE BAYSIDE INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE EXPRESS INSURANCE COMPANY, demand judgment against the Cross-Claim Defendant, BEECH STREET CORPORATION, for compensatory damages, attorney's fees, pre- and post-judgment interest, costs and for such other and further relief as the Court deems appropriate.

Case No. No. 00-CIV-6061-FERGUSON
Page 25

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class mail to all counsel on the attached list this _24_ day of July, 2002.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
Attorneys for PROGRESSIVE
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
Telephone:    (305) 373-4900
Facsimile:    (305) 373-6914

By: _____
Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
Florida Bar No. 370967
dblackwell@anania-law.com
Ana Rivero Alexander
Florida Bar No. 872490
aalexander@anania-law.com

## MASTER SERVICE LIST
### Consolidated Case No. 00-6061-Civ-FERGUSON/SNOW
### (Updated 5/6/02)

**Co-Lead Counsel for Plaintiffs**

Eric Lee, Esq.
LEE & AMTZIS, P.L.
350 N.W. 12th Avenue
Suite 150
Deerfield Beach, Florida 33442

Arthur S. Gold, Esq.
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603

Andrew Garcia, Esq.
Carlin Phillips, Esq.
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
One Financial Plaza, Suite 1611
Fort Lauderdale, Florida 33394

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard Bokor, Esq.
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Casey Fundaro, Esq.
P.O. Box 7420
Fort Lauderdale, FL 33338-7420

**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**

David B. Shelton, Esq.
RUMBERGER, KIRK & CALDWELL
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873

Peter J. Valeta, Esq.
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**Counsel for Beech Street and ADP**

John M. Quaranta, Esq.
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336

**Counsel for Progressive**

Francis Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, et al.
Bank of America, Suite 4300
100 S.E. Second Street
Miami, Florida 33131

**Counsel for CCN**

William W. Deem, Esq.
MCGUIRE WOODS, LLP
3300 Bank of America Tower
50 N. Laura Street
Jacksonville, FL 32202

**Counsel for Nationwide**

Katherine C. Lake, Esq.
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601

James C. Haggerty, Esq.
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316

**Counsel for Florida Farm Bureau**

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131

**Counsel for Liberty Mutual**

Mark Shapiro, Esq.
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131

**Counsel for Hartford, Metropolitan, Integon**

Marcy Levine Aldrich, Esq.
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131

**Counsel for Metropolitan**

Jeffrey P. Lennard, Esq.
SONNENSCHEIN, NATH &
ROSENTHAL
8000 Sears Tower
Chicago, IL 60606

**Counsel for Hartford**

Howard J. Roin, Esq.
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, IL 60603-3441

**Counsel for Prudential**

Kathy J. Maus, Esq.
Lauren D. Levy, Esq.
BUTLER BURNETTE PAPPAS
3520 Thomasville Road, Suite 102
Tallahassee, FL 32308-3469

John D. Aldock, Esq.
Michael Isenman, Esq.
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

**Counsel for Superior**

Alan J. Nisberg, Esq.
BUTLER BURNETTE PAPPAS
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607

**Counsel for American International**

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

DR PAUL ZIDEL, on behalf of himself and
others similarly situated,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant/Third Party Plaintiff,

_____

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE        Case No. 00-6649
COMPANY, et al.,

        Defendants.
_____/

**ORDER ON PROGRESSIVE DEFENDANTS'**
**RENEWED MOTION FOR LEAVE TO AMEND THEIR ANSWER**

      THIS CAUSE having come before the Court on the PROGRESSIVE DEFENDANTS' Re-
Renewed Motion for Leave to Amend Their Answer, and the Court, having reviewed the Motion and
supporting memorandum and being otherwise fully advised in the premises, it is hereby

      ORDERED and ADJUDGED that said Motion be and the same is hereby GRANTED. The
Cross Claim attached to PROGRESSIVE's Renewed Motion to Amend shall be deemed accepted
as of the date of this Order, and Defendant BEECH STREET shall have ____ days from the date of
this Order within which to serve its response to the Cross Claim.

      DONE and ORDERED in Chambers at Ft. Lauderdale, Broward County, Florida this ____
day of January, 2004.

                          _____
                          U.S. DISTRICT COURT JUDGE

Copies furnished to:
All counsel of record

**MASTER SERVICE LIST**
**Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW**
**(Updated 01/07/04)**

Eric Lee, Esq.
**Co-Lead Counsel for Plaintiffs**
LEE & AMTZIS, P.I.
350 N.W. 12th Avenue, Suite 150
Deerfield Beach, Florida 33442
Tele:   561-981-9988
Fax:    561-981-9980
E-mail:        lee@leeamlaw.com

Arthur S. Gold, Esq.
**Co-Lead Counsel for Plaintiffs**
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tele:   312-372-0777
Fax:    312-372-0778
E-mail:        asg@gcjustice.com

Andrew Garcia, Esq.
Carlin Phillips, Esq.
**Co-Lead Counsel for Plaintiffs**
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
Tele:   508-998-0800
Fax:    508-998-0919
E-mail:        agarcia@phillipsgarcia.com
               cphillips@phillipsgarcia.com

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
**Co-Lead Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A.
350 East Las Olas Boulevard, Suite 980
Fort Lauderdale, Florida 33301
Tele:   954-462-6855
Fax:    954-462-6899
E-mail:        lmk@kopelblank.com
               dab@kopelblank.com

Susan L. Lawson, Esq.
**Co-Counsel for Plaintiffs**
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
Tele:   813-251-8879
Fax:    813-251-5786
E-mail:        personalinjurylawyer@earthlink.net

Richard Bokor, Esq.
**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606
Tele:   813-251-1000
Fax:    813-254-6327
E-mail:        richard@bokorlaw.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 2

Casey Fundaro, Esq.
**Co-Counsel for Plaintiffs**
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
Tele:   954-252-6666
Fax:    954-252-0901
E-mail:         fundaro@aol.com

David B. Shelton, Esq.
**Counsel for Allstate, Fidelity and**
**Casualty, Continental, Deerbrook**
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
Tele:   407-872-7300
Fax:    407-841-2133
E-mail:         dshelton@rumberger.com

Peter J. Valeta, Esq.
**Counsel for Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**
ROSS & HARDIES
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Tele:   312-750-3619
Fax:    312-920-7241
E-mail:         peter.valeta@rosshardies.com

John M. Quaranta, Esq.
**Counsel for Beech Street and ADP**
TEW, CARDENAS, et al.
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
Tele:   305-539-2495
Fax:    305-536-1116
E-mail:         jmq@tewlaw.com

Francis Anania, Esq.
Donald A. Blackwell, Esq.
**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
NationsBank Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131
Tele:   305-373-4900
Fax:    305-373-6914
E-mail:         fanania@anania-law.com
                dblackwell@anania-law.com

William W. Deem, Esq.
**Counsel for CCN**
McGuire Woods LLP
3300 Bank of America Tower
50 North Laura Street
Jacksonville, Florida 32202
Tele:   904-798-3200
Fax:    904-798-3207
E-mail:         wdeem@mcguirewoods.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 3

Katherine C. Lake, Esq.
**Counsel for Nationwide**
FOWLER, WHITE, et al.
Post Office Box 1438
Tampa, FL 33601
Tele:   813-228-7411
Fax:   813-229-8313
E-mail:     klake@fowlerwhite.com

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tele:   305-374-8500
Fax:   305-789-7799
E-mail:     rlevenson@hklaw.com
              gbaldwin@hklaw.com

Marcy Levine Aldrich, Esq.
**Counsel for Hartford, Metropolitan, Integon**
AKERMAN, SENTERFITT, et al
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
Tele:   305-374-5600
Fax:   305-374-5095
E-mail:     maldrich@akerman.com

James C. Haggerty, Esq.
**Counsel for Nationwide**
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
Tele:   215-299-4314
Fax:   215-299-4301
E-mail:     haggerty@scdlaw.com

Mark Shapiro, Esq.
**Counsel for Liberty Mutual**
AKERMAN, SENTERFITT, et al.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Tele:   305-374-5600
Fax:   305-374-5095
E-mail:     mshapiro@akerman.com

Jeffrey P. Lennard, Esq.
**Counsel for Metropolitan**
SONNENSCHEIN, NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606
Tele:   312-876-8000
Fax:   312-876-7934
E-mail:     jpl@sonnenschein.com

Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
Page 4

Kathy J. Maus, Esq.
Lauren D. Levy, Esq.
**Counsel for Prudential**
BUTLER BURNETTE PAPPAS
3600 Maclay Boulevard, Suite 101
Tallahassee, FL 32312
Tele:   850-894-4111
Fax:    850-894-4999
E-mail:      kmaus@bbplaw.com
             llevy@bbplaw.com

Alan J. Nisberg, Esq.
**Counsel for Superior**
BUTLER BURNETTE PAPPAS
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL 33607
Tele:   813-281-1900
Fax:    813-281-0900
E-mail:      anisberg@bbplaw.com

John D. Aldock, Esq.
Michael Isenman, Esq.
**Counsel for Prudential**
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
Tele:   202-828-2000
Fax:    202-828-2195
E-mail:      jaldock@sheagardner.com
             Misenman@sheagardner.com

Dale L. Friedman, Esq.
Brian P. Knight, Esq.
**Counsel for American International**
CONROY, SIMBERG, GANNON,
KREVANS & ABEL, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021
Tele:   954-961-1400
Fax:    954-967-8577
E-mail:      dfriedman@csglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NOS.  00-6061; 00-6649; 00-7163; 00-7692; 01-6776;
01-6777; 01-6778; 01-6779; 01-6780; 01-6782; 01-6783;
01-8108;01-8110;01-8111;01-8549-CIV-FERGUSON

DR. PAUL ZIDEL, on behalf of himself
and others similarly situated,

     Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

     Defendant/Third Party Plaintiff,

vs.

COMMUNITY CARE NETWORK, INC.,
d/b/a CCN.

     Third-Party Defendant.

_____/



FILED by _____ D.C.

SEP 3 0 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND ADMINISTRATIVELY CLOSING CASES

A motion filed by the defendant Hartford Insurance Company to compel arbitration, dismiss

the amended complaint and stay discovery was referred to United States Magistrate Judge Lurana

S. Snow for a report and recommendation.[1]  After a hearing the Magistrate Judge issued a report

which recommends that the motion to compel arbitration and the motion to dismiss be denied and

_____

[1] This order impacts fifteen (15) cases which have been consolidated.



EXHIBIT
B

that the motion to stay discovery be found moot. Both parties have filed objections to parts of the report and recommendation. Hartford argues that the report is erroneous "because it is well-established that the Federal Arbitration Act (the "FAA") preempts state laws restricting the enforcement of arbitration agreements." Dr. Zidel contends that the Magistrate Judge's basis for recommending denial of arbitration-- that the arbitration clause is unconstitutional based on a Florida Supreme Court decision--falls short and that otherwise there would have been a duty to arbitrate, is erroneous.

The conclusion reached by the Magistrate Judge, that the motion to compel arbitration be denied, is adopted by this Court. Hartford's objection is **OVERRULED**. This Court agrees with the plaintiffs that the motion to compel arbitration should be denied for the additional reason that a contractual provision entered into between an insured and an insurance company cannot require arbitration of claims that are assigned to a healthcare provider where the insured is not required to arbitrate the same claim. For that reason the Plaintiffs' objection to the Report and Recommendation are **SUSTAINED**. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation is **ADOPTED** in part as the finding and conclusions of this Court. It is further

**ORDERED AND ADJUDGED that these cases are administratively closed.**[2] All other pending motions are dismissed without prejudice.

---

[2] The parties have a right to immediate appeal of this order denying arbitration and have informed the Court that they will appeal.

**DONE AND ORDERED** in chambers, at Ft. Lauderdale, Florida, this  day of

September, 2002.

_____
WILKIE D. FERGUSON, JR.
United States District Judge

cc:    All Counsel of Record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of himself ans
all others similarly situated,

     Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

     Defendants.

_____/

Case No. 00-6061-CIV-FERGUSON

FILED by _____ D.C.

[SEP. 2 8 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

     Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

     Defendants.

_____/

Case No. 00-6649-CIV-FERGUSON

**EXHIBIT**

*C*

OCT-11-2001  09:04AM  FROM-

T-361  P.003/029  F-323

MARC J. BROWNER, D.C., individually and          Case No. 00-7163-CIV-FERGUSON
on behalf of all others similarly situated,

      Plaintiffs,

vs.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

      Defendants.

_____/

SALVATORE D. LARUSSO, D.C. d/b/a          Case No. 00-7692-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiffs,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

      Defendants.

_____/

ULTRA OPEN MRI CORPORATION, on                  Case No. 01-6776-CIV-FERGUSON
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

     Defendant.

_____/

ULTRA OPEN MRI CORPORATION, on                  Case No. 01-6777-CIV-FERGUSON
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

DEERBROOK INSURANCE COMPANY,

     Defendant.

_____/

ULTRA OPEN MRI CORPORATION, on                  Case No. 01-6778-CIV-FERGUSON
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY,

     Defendant.

_____/

ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and THE CONTINENTAL INSURANCE COMPANY,

      Defendants.

_____/

Case No. 01-6779-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

INTEGON NATIONAL INSURANCE COMPANY and INTEGON GENERAL INSURANCE COMPANY,

      Defendants.

_____/

Case No. 01-6780-CIV-FERGUSON

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

SUPERIOR INSURANCE COMPANY,

      Defendant.

_____/

Case No. 01-6782-CIV-FERGUSON

OCT-11-2001  09:05AM  FROM-

T-361  P.006/029  F-323

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated,

     Plaintiffs,

vs.

METROPOLITAN CASUALTY INSURANCE COMPANY,

     Defendant.

_____/

Case No. 01-6783-CIV-FERGUSON

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,

     Plaintiffs,

vs.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

     Defendant.

_____/

Case No. 01-8108-CIV-FERGUSON

OCT-11-2001  09:05AM    FROM-

T-361  P.007/029  F-323

SALVATORE LARUSSO D.C. d/b/a          Case No. 01-8110-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiffs,

vs.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/


SALVATORE D. LARUSSO, D.C. d/b/a          Case No. 01-8111-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiffs,

vs.

ITT HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

      Defendant.
_____/

OCT-11-2001 09:05AM FROM-

T-361 P 008/029 F-323

MOTE WELLNESS & REHAB, INC., on     Case No. 01-8549-CIV-FERGUSON
behalf of itself and all others similarly
situated,

       Plaintiffs,

vs.

AMERICAN INTERNATIONAL
INSURANCE COMPANY and AMERICAN
INTERNATIONAL SOUTH INSURANCE
COMPANY,

       Defendants.

                         /

## _AMENDED_ ORDER SETTING TRIAL DATE and DISCOVERY SCHEDULE

Trial in this matter is set for the two-week period commencing June 17, 2002, before the

Honorable Wilkie D. Ferguson, Jr., United States District Judge, at **299 East Broward Boulevard,**

**Courtroom 207A, Fort Lauderdale, Florida.** If not reached during this period, this cause will be

continued to each succeeding two-week trial period until reached or until further notice from the

Court.

    **IT IS ORDERED AND ADJUDGED** as follows:

    1.     Counsel shall meet prior to the mandatory pretrial conference to confer to the

preparation of a Joint Pretrial Stipulation. The original and one copy of a Joint Pretrial Stipulation

must be filed on or before the date set forth below and shall conform to Local Rule 16.1(e). **The**

**Court will not accept unilateral Pretrial Stipulations. Failure to file a Joint Pretrial**

**Stipulation on or before the date set forth below shall be grounds for dismissal or striking of**

**defenses.**

    2.     In cases tried before a jury, each party shall file a copy of the proposed jury

01\10\02

instructions in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning

of the trial period. Each jury instruction shall be typed on a separate sheet and must be supported

by citations of authority. In preparing their requested jury instructions, the parties shall utilized as

a guide the Patterned Jury Instructions for Civil Cases approved by the United States Eleventh

Circuit, including the Directions to Counsel contained therein. Copies shall be delivered to

chambers at the time of filing. **Failure to timely file jury instructions and verdict forms as**

**directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

3.    In cases tried before the Court, each party shall file Proposed Findings of Fact and

Conclusions of Law in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the   01\10\02

beginning of the trial period. Proposed Conclusions of law shall be supported by citations of

authority. Copies shall be delivered to chambers at the time of filing. **Failure to timely file**

**Proposed Findings of Fact and Conclusions of Law as directed above shall be grounds for**

**sanctions, including dismissal or striking of defenses.**

4.    All exhibits must be pre-marked. The Plaintiff shall mark its exhibits numerically.

Defendant shall mark its exhibits alphabetically. A typewritten exhibit list setting forth the number,

or letter, and description of each exhibit must be submitted at the time of trial. The parties shall

submit said exhibit list on **Form AO 187,** which is available from the Clerk's office.

5.    A Motion for Continuance shall not stay the requirement for the filing of a Joint   5\28\02

Pretrial Stipulation and, unless an emergency situation arises, a Motion for Continuance will not be

considered unless it is filed at least twenty (20) days prior to the date on which the trial period is

scheduled to commence.

6.    All motions for extension of time shall be accompanied by a proposed order. Counsel

are reminded to comply with Local Rule 7.1(A)(4).

7.    A PENDING MOTION TO DISMISS SHALL NOT STAY DISCOVERY except

where a Stay is mandated by Statute.

8.    **Non-compliance with any provision of this Order may subject the offending**

**party to sanctions, or striking of defenses.** It is the duty of all counsel to enforce the timetable set

forth herein in order to insure an expeditious resolution of this cause.

9.    The following timetable shall govern the pretrial procedure in this cause.  **This**

**schedule shall not be modified absent compelling circumstances.**

| | |
|---|---|
| Jan. 28, 2002 | Joinder of Additional Parties and Amended Pleadings. |
| Feb. 11, 2002 | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.  Within the fourteenth day period following this disclosure, the Plaintiff shall make its experts available for deposition by the Defendant.  The experts' depositions may be conducted without further order from the Court. |
| Feb. 25, 2002 | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.  Within the fourteenth day period following this disclosure, the Defendant shall make its experts available for deposition by the Plaintiff.  The experts' depositions may be conducted without further order from the Court. |
| Mar. 11, 2002 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| Apr. 1, 2002 | **All Discovery must be completed.** |

| Apr. 22, 2002 | All Pretrial Motions, including Motions for Summary Judgment and Memoranda of Law, must be filed. |
| May 6, 2002 | Joint Pretrial Stipulation must be filed. |
| May 13, 2002 | **Pretrial Conference at 4:15 p.m.** Parties should be prepared to address all pending motions. |
| Jun. 10, 2002 | **Calendar Call at 4:15 p.m.** Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law and Proposed Verdict Form shall be filed. **The parties are ordered to confer prior to submitting the Proposed Jury Instructions and Proposed Verdict Form** to determine whether they can agree to them prior to their submission to the Court. |
| Jun. 17, 2002 | **Two-Week Trial Period.** A time for your appearance will be given at Calendar Call. |

10.     All pretrial Motions in Limine shall be filed not later than twelve (12) days prior to the scheduled Calendar Call. All oppositions to Motions in Limine must be filed seven (7) days prior to the scheduled Calendar Call.

11.     In order to facilitate the accurate transcription of the trial proceeding, the parties shall mail to Stephen Franklin, the Court's Official Court Reporter, at **299 East Broward Boulevard, Suite 207B, Fort Lauderdale, Florida 33301,** a copy of (1) the witness and exhibit lists and (2) a designation of unique proper nouns/names which may be raised at trial, to be received no later than five (5) days prior to the scheduled trial period.

12.     If the case is settled, counsel are directed to inform the Court promptly by calling the judge's chambers and to submit an appropriate Order for Dismissal, pursuant to Fed.R.Civ.P. 41(a)(1). The proposed Order must be filed no later than ten (10) days after the Notice of Settlement is given to the Court.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this _____ day of

September, 2001.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Lurana Snow, United States Magistrate Judge
William Deem, Esq.
Eric Lee, Esq.
Arthur Gold, Esq.
Andrew Garcia, Esq.
Larry Kopelman, Esq.
Susan Lawson, Esq.
Richard Bokor, Esq.
Casey Fundaro, Esq.
David Shelton, Esq.
Peter Valeta, Esq.
Thomas Tew, Esq.
Francis Anania, Esq.
Katherine Lake, Esq.
James Haggerty, Esq.
Gregory Baldwin, Esq.
mark Shapiro, Esq.
Marcy Aldrich, Esq.
John Aldock, Esq.
Kathy Johnson, Esq.
Alan Nisburg, Esq.
Dale Friedman, Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

    Third-Party Defendant.

CONSOLIDATED CASE NO. 00-6061-
CIV-FERGUSON/SNOW

FILED by _____ D.C.

MAR 0 3 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

---

KEITH BRICKELL, D.C., individually
and on behalf of himself and others
similarly situated,

    Plaintiffs,

v.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
PROGRESSIVE CONSUMERS INSURANCE COMPANY,
PROGRESSIVE BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

    Defendants.

00-6649

---



EXHIBIT

D



MARC J. BROWNER, D.C., individually                    00-7163
and on behalf of himself and others
similarly situated,

     Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL SOLUTIONS, INC.,

     Defendants.

---

SALVATORE D. LARUSSO, D.C., d/b/a                      00-7692
Family Chiropractic Center, on behalf
of himself and others similarly situated,

     Plaintiffs,

v.
LIBERTY MUTUAL INSURANCE and
COMMUNITY CARE NETWORK, INC.,

     Defendants.

---

ULTRA OPEN MRI CORPORATION, on behalf                  01-6776
of itself and others similarly situated,

     Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

     Defendant.

---

ULTRA OPEN MRI CORPORATION, on behalf          01-6777
of itself and others similarly situated,

    Plaintiffs,

v.

DEERBROOK INSURANCE COMPANY,

    Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf          01-6778
of itself and others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

ULTRA OPEN MRI CORPORATION, on behalf          01-6779
of itself and others similarly situated,

    Plaintiffs,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and
THE CONTINENTAL INSURANCE COMPANY,

    Defendants.

_____

ULTRA OPEN MRI CORPORATION, on behalf          01-6780
of itself and others similarly situated,

    Plaintiffs,

v.

INTEGON NATIONAL INSURANCE COMPANY and
INTEGON GENERAL INSURANCE COMPANY,

    Defendants.

_____

-3-

CHIROPRACTIC CENTRE, INC., on behalf                    01-6782
of itself and others similarly situated,

    Plaintiffs,

v.

SUPERIOR INSURANCE COMPANY,

    Defendants.

---

CHIROPRACTIC CENTRE, INC., on behalf                    01-6783
of itself and others similarly situated,

    Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                       01-8108
Family Chiropractic Center, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

    Defendant.

---

SALVATORE D. LARUSSO, D.C., d/b/a                       01-8110
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,

    Defendant.

---

-4-

SALVATORE D. LARUSSO, D.C., d/b/a                    01-8111
FAMILY CHIROPRACTIC CENTER, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

———————————————————————————

DR. ANDREW ELLOWITZ, et al., on behalf             01-8549
of himself and all others similarly situated,

    Plaintiffs,

v.

AMERICAN INTERNATIONAL INSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

    Defendants.

———————————————————————————

## ORDER CANCELING SCHEDULED HEARING

**PLEASE TAKE NOTICE** that the pre-trial conference scheduled for May 15, 2002 has

been canceled. A new trial date and discovery schedule will be sent by separate order. **DONE**

**AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 3rd day of May, 2002.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
all counsel of record

-5-