UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CONSOLIDATED CASE NO.: 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
et al.,

        Defendants.        /

KEITH BRICKELL, D.C., individually and        Case No. 00-6649-CIV-ZLOCH
on behalf of all others similarly situated,

        Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE,
et al.,

        Defendants.        /

## BEECH STREET CORPORATION AND ADP INTEGRATED MEDICAL SOLUTIONS, INC.'S, REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE STIPULATION AND SETTLEMENT AGREEMENT PURSUANT TO FED.R.CIV.P. 23(e) AND FOR VOLUNTARY DISMISSAL PURSUANT TO FED.R.CIV.P. 41(a)(2)

      Pursuant to Local Rule 7.1 of the United States District Court for the Southern District of

Florida, Defendants Beech Street Corporation ("Beech Street") and ADP Integrated Medical

Solutions, Inc., ("ADP")("collectively, the "Settling Defendants")(the Settling Plaintiffs and the

Settling Defendants shall be referred to collectively as the "Settling Parties"), file this Reply

Memorandum in Support of the Joint Motion to Approve Stipulation and Settlement Agreement

Pursuant to Fed.R.Civ.P. 23(e) and for Voluntary Dismissal Pursuant to Fed.R.Civ.P. 42(a)(2) (DE

No. 935), and state as follows:

# I. **INTRODUCTION**

After comprehensive arms-length negotiations, the Settling Parties reached a fair and mutually beneficial Settlement Agreement, (the "Settlement Agreement") on May 10, 2002. The Settling Parties filed a Joint Motion to Approve Stipulation and Settlement Agreement with this Court on December 17, 2003 (DE No. 935). Defendant Allstate and others (collectively, "Allstate") have filed a Response to the Joint Motion to Approve the Stipulation and Settlement Agreement, ("Allstate's Response")(DE No. 942) and Progressive Defendants ("Progressive") have filed the following motions in an attempt to undermine the Settlement Agreement and preclude Beech Street's dismissal from this case: Progressive Defendants' Memorandum of Law in Opposition to Brickell and Beech Streets' Joint Motion to Approve Stipulation and Settlement Agreement, (DE No. 945)("Memorandum in Opposition"); Progressive Defendants' Motion for Leave to Amend Answer and Affirmative Defenses (DE No. 811); Progressive Defendants' Motion to Re-Open Case No. 00-6649 to Consider Motion for Leave to Amend Answer and Affirmative Defenses (DE No. 943); and Progressive Defendants' Renewed Motion For Leave to Amend Their Answer and Affirmative Defenses, (DE No. 944)(collectively "Motions for Leave to Amend").

Progressives' opposition to the Settlement Agreement should be overruled because Progressive lacks standing to oppose the Settlement Agreement. Progressives' untimely and prejudicial Motions to Amend should also be denied pursuant to Federal Rules of Civil Procedure 16(b), 15(a) and applicable federal case law. Allstates' Response should be denied for the same substantive reasons as Progressives' Motions to Amend: Allstate Defendants are non-settling defendants with no standing to object to the Settlement Agreement; Allstate did not file a timely Motion for Leave to Amend pursuant to the deadline in this Court's Rule 16(b) Scheduling Order

2

and thus has waived any right to add a cross–claim against ADP or Beech Street in the future; and

preserving Allstates' right to amend its pleadings to add a cross-claim against Beech Street or ADP

at some later date, as they request in their Response, will render the Settlement Agreement null and

void. Accordingly, this Court should grant the Settling Parties' Joint Motion to Approve Stipulation

and Settlement Agreement Pursuant to Fed.R.Civ.P., 23(e) and for Voluntary Dismissal Pursuant

to Fed.R.Civ.P. 41(a)(2).

## II. <u>MEMORANDUM OF LAW</u>

### A.    *Progressive Does Not Have Standing to Oppose the Settlement Agreement*

Public policy strongly encourages the settlement of class action lawsuits and approval of such

settlements is within the sound discretion of the district court. *See In re U.S. Oil and Gas Litigation*,

967 F. 2d 489 (11th Cir. 1992); *see also Biben v. Card*, 1991 WL 272848, *3 (W.D. Mo.

1991)("Strong federal policy supports settlement of class actions."). To foster the settlement of class

action lawsuits, federal courts have established that non-settling defendants only have standing to

object to settlement agreements when they can show that they will be legally prejudiced by the

settlement. *See Zupnick v. JEM Management Associates, Corp.*, 989 F. 2d 93, 98 (2d Cir. 1993)("a

nonsettling defendant lacks standing to object to a court order approving a partial settlement because

a nonsettling defendant is ordinarily not affected by such a settlement."). *Accord In re Nasdaq

Market-Makers Antitrust Litigation*, 176 F.R.D. 99 (S.D.N.Y. 1997); *see also  In re Beef Industry

Antitrust Litigation*, 607 F. 2d 167 (5th Cir. 1979)(court held that non-settling defendant was not

prejudiced by the settlement agreement and therefore lacked standing to object).

Before a non-settling defendant is permitted to oppose a settlement agreement, it must first

demonstrate to the court that it has or will suffer "some cognizable prejudice to a legal relationship

TEW CARDENAS L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

between it and the settling parties." *In re School Asbestos Litigation*, 921 F. 2d 1330, 1332 (10th

Cir. 1991). Essentially, the only "prejudice" that Progressive alleges it will suffer as a result of the

Settlement Agreement is that they will be required to file a separate lawsuit against Beech Street for

indemnity; and that the Settling Plaintiffs will potentially have access to the Settling Defendants'

documents and employees. *See* Progressive Defendants' Memorandum in Opposition, p. 5. This

does not rise to the level of "prejudice" contemplated by the federal courts when determining

whether a non-settling defendant has standing to object to a Settlement Agreement:

> [C]ourts have repeatedly held that a settlement which does not prevent the later
> assertion of a non-settling party's claims, although it may force a second lawsuit
> against the dismissed parties, does not cause plain legal prejudice to the non-settling
> party...Mere allegations of injury in fact or tactical disadvantage as a result of a
> settlement simply do not rise to the level of plain legal prejudice.
> *Agretti v. ANR Freight System, Inc.*, 982 F. 2d 242, 247 (7th Cir. 1992). *Accord In re Integra*

*Realty Resources. Inc.*, 262 F. 3d 1089, 1102 (10th Cir. 2001)(It is not sufficient for non-settling

defendants to merely show the loss of some strategic or practical advantage in litigating their case).

The Settlement Agreement submitted for this Court's approval does not contain any terms

or provisions that legally prejudice Progressive, or limit any potential rights or claims it may have

against the Settling Defendants.[1] Progressive, as it is required to do under the law, has failed to

demonstrate that it will suffer legal prejudice were this Court to approve the Settlement Agreement

and therefore, Progressive does not have standing to oppose its approval.

---

[1] The extent to which federal courts favor settlements is evidenced by the fact that they
routinely approve settlement agreements, which unlike the Settlement Agreement in this case, do in
fact contain provisions that prevent a non-settling defendant from seeking contribution or indemnity
from a settling defendant. So long as the non-settling defendant is allowed a set-off against any
damages it is found liable to the plaintiffs for, many courts will approve the settlement. *See In re
U.S. Oil and Gas Litigation*, 967 F.2d 489 (11th Cir. 1992); *see also In re Granada Partnership
Securities Litigations*, 803 F. Supp. 1236 (S.D. Tex. 1992).

TEW CARDENAS, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

**B.    *Progressive Defendants Have Failed to Show "Good Cause" For Filing Their Motion for Leave to Amend Past The Deadline Set by This Court in its Rule 16(b) Scheduling Order***

Fed.R.Civ.P. 16(b) states in pertinent part, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." If the record demonstrates that a moving party was not diligent in pursuing its claim, then the "good cause" standard has not been met and its motion for leave to amend should be denied. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment...the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.").

Progressive could have added a cross-claim against Beech Street at any time after the Plaintiffs filed their Complaint in May of 2000, including in the Answer and Affirmative Defenses Progressive filed with this Court on November 9, 2001. Progressive did not add a cross-claim against Beech Street in its initial Answer and failed to seek leave to amend within the time limits set by the Court in its September 28, 2001 Order. It wasn't until after Progressive learned that Beech Street and ADP were considering settlement that they finally filed their Motion for Leave to Amend on July 24, 2002 - a delay of over two years from the inception of the lawsuit and some six months after the January 28, 2002 deadline set by the Court in its Rule 16(b) Scheduling Order.

Moreover, in April of 2002, Progressive sued Beech Street in Florida state court for contractual indemnity and breach of contract in a separate matter - the identical causes of action it is seeking to add cross-claims against Beech Street in this case. (*See* Progressives' Third Party Complaint attached as Exhibit "A"). Therefore, Progressive cannot argue that it was unaware of its ability to seek claims for breach of contract and indemnification from Beech Street and as a result,

5

Progressive has failed to demonstrate sufficient "good cause" to permit it leave to amend. *See Forstmann v. Culp*, 114 F.R.D. 83, 87 (M.D.N.C. 1987)("Many courts have held that where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion is subject to denial.").[2]

## C.    Rule 15(a) Does Not Mandate that Progressive be Granted Leave to Assert a Cross-Claim Against Defendant Beech Street

In a situation such as the one in this case, where a party (Progressive) seeks leave to amend its pleadings past the deadlines set in the Rule 16(b) Scheduling Order, the party must first demonstrate "good cause" for failing to meet the Rule 16(b) deadline, before it will be allowed to ask for leave to amend under Rule 15(a). *See Sosa v. Airprint Systems, Inc.*, 133 F. 3d 1417, 1419 (11th Cir. 1998)("because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."); *see also Payne v. Ryder System, Inc., Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997)("If 'good cause' is shown then the party may demonstrate that leave to amend is proper under Rule 15.").

As explained in the previous section, Progressive has not demonstrated sufficient "good cause" for failing to file its Motion for Leave to Amend in a timely manner and should not be permitted to ask this Court for leave to amend under Rule 15(a). However, in the event that this

---

[2] In its Memorandum in Opposition, Progressive attempts to argue that it should be excused for its lack of diligence in complying with the deadlines contained in the Rule 16(b) Scheduling Order because nothing of "substance" happened prior to the May 3, 2002 Administrative Closure by this Court. *See* Memorandum in Opposition, pp. 8-10. Attached for this Court's review is a copy of the Rule 16(b) Scheduling Order demonstrating the parties were engaged in discovery concerning the Plaintiffs' Motion for Class Certification. Documents had been produced by the parties and depositions of corporate representatives were noticed before the case was administratively closed. (*See* Rule 16(b) Scheduling Order attached as Exhibit "B").

Tew Cardenas, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

Court were to excuse Progressive for disregarding the deadlines established in its Rule 16(b) Scheduling Order and thus entertain its arguments for leave to amend under Rule 15(a), federal law demonstrates that Progressive should still be denied leave to amend.  In discussing what factors a district court may consider when reviewing a motion for leave to amend under Rule 15(a), the Eleventh Circuit Court of Appeals states: "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F. 3d 1161, 1163 (11th Cir. 2001).[3]  The Supreme Court of the United States has established that in deciding whether to allow a party leave to amend under Rule 15(a), the trial court is required to take into account any prejudice that the opposing party will suffer as a result.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (U.S. 1971); *see also Ricciuti v. Voltarc Tubes, Inc.*, 277 F. 2d 809, 814 (2d Cir. 1960)("The trial judge's discretion to permit amendments to pleading under Rule 15(a) is broad.  We do not think, however, that his discretion is so broad as to permit an amendment when the other party would be substantially prejudiced thereby.").    Additionally, federal courts will deny a party leave to add a cross-claim under Rule 15(a) if allowing the party leave to do so will sabotage a hard earned settlement - particularly when the party is able to bring a separate suit for indemnity or contribution:

---

[3] In further support of the position that this Court should approve the Settlement Agreement and deny Progressives' Motions for Leave to Amend, Beech Street and ADP bring to this Court's attention the possibility that a claim by Progressive for indemnity against Beech Street may ultimately be futile, as federal law prohibits a party found liable for RICO Act violations from seeking indemnity, either express or implied, from a co-defendant. *See Sikes v. American Telephone and Telegraph Company*, 841 F. Supp. 1572 (S.D. Ga. 1993).

TEW CARDENAS L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

In deciding whether to permit amendment, a district court must consider whether the amendment, if allowed, would prejudice the party opposing it. The District Court in this case considered the possible prejudice and accorded it controlling importance. It found that the harm to the distributor defendants, particularly the loss of time and money spent in attempting to settle the claims against them in order to be dismissed from the suit, outweighed any prejudice to appellants which would result from a refusal to allow the cross-claim. We cannot say that it erred in so finding, especially in light of appellants' three year delay in asserting the cross-claim and the ongoing availability to appellants of relief in an independent action or actions against appellees. The record supports the conclusion that the District Court acted well within the area committed to its discretion.

*In re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64, 66 (8th Cir. 1976). *Accord In re Arthur Andersen & Co.*, 621 F.2d 37, 41 (1st Cir. 1980). The U.S. District Court for the District of Columbia has succinctly explained why allowing a co-defendant leave to add a cross-claim in such a situation is inequitable, stating:

Were the Court to allow Bristol to assert its proposed cross-claims, the effect would be to prevent Beecham's elimination as a defendant in this case. Beecham has stated that its motive in entering into the settlements is to end its participation in this litigation. This incentive would be destroyed if Bristol were permitted to assert its proposed cross-claims. With these cross-claims pending against it, Beecham would have reason to participate fully in the defense of the case, in order to reduce any primary liability to the plaintiffs. Under these circumstances, it would be less than equitable for the Court to require Beecham to carry out the terms of the settlements while remaining in the case by way of Bristol's newly asserted cross claims. Therefore, to grant the current motion to amend would cause Beecham and the plaintiffs to lose the benefit of their settlement bargain.

*In re Ampicillin Antitrust Litigation*, 82 F.R.D. 647, 649 (D.D.C. 1979). If Progressive is permitted to add cross-claims against Beech Street, then the Settlement Agreement will be terminated. This result would be extremely prejudicial to both the Settling Plaintiffs and the Settling Defendants, as the considerable time, money and effort expended by the parties in reaching the Settlement Agreement will have been wasted. Such a result would be contrary to the interests of justice and should be avoided, particularly in light of the fact that any legal rights which Progressive may possess against Beech Street remain unaffected.

8

**D.  Allstate Is Not Entitled to Reserve the Right to Add Cross-Claims Against Beech Street or ADP in this Case.**

Allstate has failed to bring a cross-claim against either Beech Street or ADP at any time in this litigation, nor have they petitioned this Court for leave to amend to do so.  Allstate is in the same position as Progressive - they are non-settlings defendant who are neither a party to the Settlement Agreement nor prejudiced in any way by its terms. If Allstate is permitted to add a cross-claim against either Beech Street and/or ADP at some future date, then the benefit of the settlement bargain will be lost to the Settling Defendants, as the Plaintiffs will be entitled to bring Beech Street and ADP back into the case. *See* Stipulation and Settlement Agreement ¶ 2(b).  In their Response, Allstate claims that they are unable to proceed with any potential cross-claims against the Settling Defendants due to the fact that certain issues regarding motions to compel arbitration are on interlocutory appeal with the Eleventh Circuit; and that until those issues are resolved, they do not find it necessary to assert such cross-claims.  Allstate also represents that they will not oppose the Settlement Agreement, so long as the Court approves it without prejudice to preserve Allstates' right to bring a cross-claim against the Settling Defendants in the future.[4] *See* Allstates' Response p. 2.

For the same legal and substantive reasons that Progressives' Motion for Leave to Amend should be denied, as stated above, Allstate Defendants are not entitled to reserve the right to bring cross-claims against Beech Street and ADP in the future, and therefore, if Allstate wishes to sue

---

[4] The Settling Defendants are not parties to the interlocutory appeals. Therefore, regardless of the determination of the Eleventh Circuit in regards to the motions to compel arbitration, any dispute between the Settling Plaintiffs and the Settling Defendants is properly within the jurisdiction of the District Court. Accordingly, this Court may approve the Settlement Agreement while the interlocutory appeals are pending before the Eleventh Circuit. *See Barnstead Broadcasting Corp., v. Offshore Broadcasting Corp.*, 869 F. Supp. 35, 37 ("When an appeal is taken from an interlocutory order ... the district court retains jurisdiction to act with respect to matters no related to the issues in the appeal..")(D.D.C. 1994); *see also Bryant v. Smith*, 175 B.R. 9, 12 ("a district court retains jurisdiction to decide matters not related to the appeal.")(W.D. Va. 1994).

9

Beech Street or ADP for indemnity or breach of contract, they must do so in a separate cause of action.

<u>**CONCLUSION**</u>

Based on the foregoing, Defendants Beech Street Corporation and ADP Integrated Medical Solutions, Inc., respectfully request that this Court deny: Progressive Defendants' Memorandum in Opposition; Progressive Defendants' Motions for Leave to Amend; Allstates' Response to the Joint Motion to Approve Stipulation and Settlement Agreement, and subsequently grant the Settling Parties' Joint Motion to Approve Stipulation and Settlement Agreement Pursuant to Fed.R.Civ.P., 23(e) and for Voluntary Dismissal Pursuant to Fed.R.Civ.P. 41(a)(2).

Respectfully submitted,

**TEW CARDENAS LLP**
Co-Counsel for Defendants Beech Street Corporation
201 South Biscayne Boulevard
2600 Miami Center
Miami, Florida 33131-4336
Telephone: 305-536-1112
Facsimile: 305-536-1116

By: _____
        Joseph A. DeMaria, Esq.
        Florid Bar No. 764711
        John M. Quaranta, Esq.
        Florida Bar No. 764711

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via facsimile and U.S. Mail (see attached counsel service list) this 10th day of February, 2004, on all counsel listed on the attached Service List.

_____
John M. Quaranta, Esq.

::ODMA\MHODMA\MIAMI;395927;1

11

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CA 01-11649

DRS. FISHMAN & STASHAK,
M.D., P.A., d/b/a GOLDCOAST
ORTHOPEDICS, a/d/b/a GOLDCOAST
ORTHOPEDICS AND REHABILITATION
(Lynn Hemmings),

      Plaintiffs,

vs.

PROGRESSIVE BAYSIDE INSURANCE
COMPANY,

      Defendant/Third Party Plaintiff,

vs.

BEECH STREET CORPORATION,
a Georgia corporation,

      Third Party Defendant.

_____/



JOCKETED

BY: _____ MJD

RSP: 6/26

EXHIBIT
A

## THIRD PARTY COMPLAINT

The Defendant/Third Party Plaintiff, PROGRESSIVE BAYSIDE INSURANCE COMPANY

("PROGRESSIVE"), hereby sues the Third Party Defendant, BEECH STREET CORPORATION,

a Georgia corporation ("BEECH"), and alleges as follows:

## JURISDICTION AND PARTIES

1.     This is an action for damages in excess of the minimum jurisdictional requirements of

this Court, exclusive of interest, attorney's fees and costs.

2.     PROGRESSIVE is and, at all times material to this Third Party Complaint, was a

Florida corporation, providing automobile insurance to individuals throughout the State of Florida,

with agents and employees in Palm Beach County.

4|5

CASE NO. 01-11649
Page 2

3.    BEECH is and, at all times material to this Third Party Complaint, was a Georgia corporation, authorized to do and doing business in the State of Florida, with agents and employees in Palm Beach County.

## GENERAL ALLEGATIONS

4.    BEECH is the largest independently-owned Preferred Provider Organization in the United States with over fifty (50) years of service, and nationwide access to 345,000 providers and 3,300 hospitals. BEECH negotiates preferred rates with medical providers and facilities, in exchange for its commitment to direct or "steer"eligible patients to those providers.

5.    On December 1, 1995, Progressive Casualty Insurance Company ("Progressive Casualty") entered into a Services Agreement with ADP Integrated Medical Solutions ("ADP"). That Services Agreement entitled PROGRESSIVE to access ADP's Provider Bill Audit ("PBA") software to process medical claims for PROGRESSIVE insureds.

6.    Thereafter, on February 1, 1997, Progressive Casualty entered into a Payor Provider Network Agreement ("Agreement") with BEECH. Because the terms of that Agreement are confidential and BEECH is in possession of a copy, PROGRESSIVE will not attach a copy hereto.

7.    Pursuant to that Agreement, PROGRESSIVE was entitled to access the contractually agreed upon rates of members of BEECH's network of medical providers when PROGRESSIVE insureds chose to seek treatment within that network.

8.    BEECH, in turn, provided ADP with the names of its participating providers and the fee schedules they had agreed to accept for covered services. ADP then programmed that information into its PBA software program, which PROGRESSIVE subsequently used to process medical invoices that it received from participating providers and/or PROGRESSIVE insureds.

9.    In July of 1997, PROGRESSIVE insured, Lynn Hemmings, was involved in an automobile accident. Ms. Hemmings sought medical care to treat injuries, which she reportedly sustained as a result of the accident.

CASE NO. 01-11649
Page 3

10.    In November and December of 1997, Ms. Hemmings was treated by Dr. Gerald
Fishman, a medical provider doing business as FISHMAN & STASHAK, M.D., P.A. and
GOLDCOAST ORTHOPEDICS (collectively "GOLDCOAST").

11.    Upon information and belief, Dr. Fishman and/or GOLDCOAST, in turn, submitted
invoices to PROGRESSIVE for the medical services they provided to Ms. Hemmings, a
representative copy of which is attached hereto as Exhibit A.

12.    When PROGRESSIVE utilized the ADP software to adjust the invoices,
GOLDCOAST appeared as a member of the BEECH network. Accordingly, PROGRESSIVE
processed the payment according to the contractually agreed-upon provider rate.

13.    PROGRESSIVE relied to its detriment on the accuracy and completeness of the
information in the ADP software, as provided by BEECH, in processing the medical claims of Dr.
Fishman and/or GOLDCOAST.

14.    GOLDCOAST has now filed an action against PROGRESSIVE, wherein it alleges
that PROGRESSIVE improperly reduced its medical bills. A copy of GOLDCOAST's Second
Amended Complaint is attached hereto as Exhibit B and incorporated herein by reference.

15.    Specifically, GOLDCOAST alleges that it did not have a contract with BEECH at the
time it rendered services to Ms. Hemmings or, alternatively, that its contract did not encompass auto
medical claims and, therefore, any reductions for same were improper.

16.    GOLDCOAST further alleges that, by taking the improper reductions,
PROGRESSIVE failed to act fairly and honestly towards its insured in violation of Sections 624.155
and 626.9541, Florida Statutes.

17.    Finally, GOLDCOAST alleges that PROGRESSIVE violated the Federal and State
Racketeer Influenced and Corrupt Organizations ("RICO") Acts by, among other things, conspiring
with others to defraud GOLDCOAST of its reasonable medical charges.

CASE NO. 01-11649
Page 4

18.    As evidenced by its Answer and Affirmative Defenses to GOLDCOAST's Complaint, a copy of which is attached hereto as Exhibit C, PROGRESSIVE has denied liability to GOLDCOAST.

19.    All conditions precedent to the filing of this action have occurred, have been performed, or have been waived.

## COUNT I: BREACH OF CONTRACT

20.    PROGRESSIVE realleges and incorporates by reference the allegations in Paragraph Nos.1 through 19, as if fully set forth herein.

21.    BEECH breached its agreement with PROGRESSIVE in one or all of the following material respects:

(a)    failing to ensure that it had a contract in force and effect with each of the providers and/or groups of providers whose names it supplied to ADP for inclusion in its bill-review software;

(b)    failing to ensure that the contracts it had with providers and/or groups of providers whose names it supplied to ADP for inclusion in its bill-review software included auto medical claims;

(c)    failing to take reasonable steps to update the list of providers and groups of providers whose names it had supplied to ADP for inclusion in its bill review system when those providers terminated or amended their agreements; and

(d)    such other acts or omissions as discovery in this action may reveal.

22.    As a direct and proximate result of BEECH's breach, PROGRESSIVE has suffered compensatory damages.

23.    Moreover, PROGRESSIVE has been forced to retain the undersigned counsel to enforce its contractual rights and it is entitled to recover that firm's fees and costs pursuant to its Agreement with BEECH.

JUN-04-2002  10:13    ANANIA BANDKLAYDER ET AL    3053736902    P.09/19

CASE NO. 01-11649
Page 5

WHEREFORE, the Defendant/Third Party Plaintiff, PROGRESSIVE BAYSIDE INSURANCE COMPANY, demands judgment against Third Party Defendant, BEECH STREET CORPORATION, for compensatory damages, attorney's fees, pre- and post-judgment interest, costs and for such other and further relief as the Court deems appropriate.

## COUNT II: CONTRACTUAL INDEMNIFICATION

24.    PROGRESSIVE realleges and incorporates by reference the allegations in Paragraph Nos. 1 through 19, as if fully set forth herein.

25.    The Agreement between PROGRESSIVE and BEECH expressly provides that "Beech Street agrees to defend, indemnify and hold harmless [Progressive] from and against all lawsuits, liabilities, claims, damages, causes of action, settlements, judgments, costs and expenses, (including, without limitation, reasonable attorney's fees and related expenses) alleged against, imposed upon or incurred by [Progressive] arising from (a) Beech Street's breach of the material terms and conditions of this Agreement. . . ." *See* Agreement, p. 6.

26.    To the extent that GOLDCOAST has suffered any damages, which PROGRESSIVE denies, those damages are solely and exclusively attributable to BEECH STREET's "breach of the material terms and conditions" of the Agreement with PROGRESSIVE.

27.    Specifically, GOLDCOAST's damages, if any, are solely and exclusively attributable to BEECH's:

        (a)    failure to ensure that BEECH had a contract in force and effect with each of the providers and/or groups of providers whose names appeared in its bill-review software;

        (b)    failure to ensure that the contracts BEECH had with providers and/or groups of providers whose names appeared in ADP's bill-review software included auto medical claims;

CASE NO. 01-11649
Page 6

(c)     failure to take reasonable steps to update the list of providers and groups of
providers whose names appeared in ADP's bill review system when those
providers terminated or amended their agreements with BEECH; and

(d)     such other acts or omissions as discovery in this action may reveal.

28.     Thus, to the extent that PROGRESSIVE is found liable to GOLDCOAST for
damages, such liability will be based solely and exclusively upon the actions or inactions of BEECH
and, therefore, PROGRESSIVE is entitled to full contractual indemnification from BEECH.

29.     Moreover, PROGRESSIVE is entitled to recover its costs and attorney's fees incurred
in defending the GOLDCOAST action and in prosecuting this action because said costs and expenses
are incurred solely as a result of the acts or inactions of BEECH.

WHEREFORE the Defendant/Third Party Plaintiff, PROGRESSIVE BAYSIDE
INSURANCE COMPANY, demands judgment against the Third Party Defendant, BEECH STREET
CORPORATION, for the full amount of any award granted to GOLDCOAST, plus court costs,
interest and attorney's fees, and for such other and further relief as the Court deems appropriate.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN & TORRICELLA

CASE NO. 01-11649
Page 7

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. mail

on this 5th day of April, 2002 to: Todd Stewart, Esquire, Law Offices of Todd S. Stewart, 935

Military Trail, Suite 102, P.O. Box 491, Jupiter, FL 33468, and served on the Third Party Defendants

by service of process.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN & TORRICELLA
Attorneys for PROGRESSIVE
Bank of America Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131
Telephone:    (305) 373-4900
Facsimile:    (305) 373-6914

By: _____
Francis A. Anania
Florida Bar No. 160256
Donald A. Blackwell
Florida Bar No. 370967
Ana Rivero-Alexander
Florida Bar No. 872490

# EXHIBIT B



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of himself ans
all others similarly situated,

      Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

      Defendants.

_____/

Case No. 00-6061-CIV-FERGUSON

FILED by _____ D.C.

SEP. 2 8 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

      Plaintiffs,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, PROGRESSIVE CONSUMERS
INSURANCE COMPANY, PROGRESSIVE
BAYSIDE INSURANCE COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

      Defendants.

_____/

Case No. 00-6649-CIV-FERGUSON

**EXHIBIT**

ß

**DOCKETED**

BY: _____

RSP: _____

MARC J. BROWNER, D.C., individually and
on behalf of all others similarly situated,

      Plaintiffs,

vs.

ALLSTATE INDEMNITY COMPANY,
BEECH STREET CORPORATION, and
ADP INTEGRATED MEDICAL
SOLUTIONS, INC.,

      Defendants.
_____/

Case No. 00-7163-CIV-FERGUSON

SALVATORE D. LARUSSO, D.C. d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiffs,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC.,

      Defendants.
_____/

Case No. 00-7692-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

      Defendant.
_____/

Case No. 01-6776-CIV-FERGUSON


ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

DEERBROOK INSURANCE COMPANY,

      Defendant.
_____/

Case No. 01-6777-CIV-FERGUSON


ULTRA OPEN MRI CORPORATION, on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

      Defendant.
_____/

Case No. 01-6778-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

FIDELITY AND CASUALTY COMPANY
OF NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

     Defendants.
_____/

Case No. 01-6779-CIV-FERGUSON

ULTRA OPEN MRI CORPORATION, on
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

INTEGON NATIONAL INSURANCE
COMPANY and INTEGON GENERAL
INSURANCE COMPANY,

     Defendants.
_____/

Case No. 01-6780-CIV-FERGUSON

THE CHIROPRACTIC CENTRE, INC., on
behalf of itself and all others similarly
situated,

     Plaintiffs,

vs.

SUPERIOR INSURANCE COMPANY,

     Defendant.
_____/

Case No. 01-6782-CIV-FERGUSON

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

METROPOLITAN CASUALTY INSURANCE COMPANY,

      Defendant.

_____/

Case No. 01-6783-CIV-FERGUSON

SALVATORE D. LARUSSO, D.C. d/b/a FAMILY CHIROPRACTIC CENTER, on behalf of himself and all others similarly situated,

      Plaintiffs,

vs.

NATIONWIDE INSURANCE COMPANY OF AMERICA,

      Defendant.

_____/

Case No. 01-8108-CIV-FERGUSON

SALVATORE LARUSSO D.C. d/b/a        Case No. 01-8110-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

     Plaintiffs,

vs.

FLORIDA FARM BUREAU CASUALTY
INSURANCE COMPANY,

     Defendant.
_____/


SALVATORE D. LARUSSO, D.C. d/b/a        Case No. 01-8111-CIV-FERGUSON
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

     Plaintiffs,

vs.

ITT HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

     Defendant.
_____/

MOTE WELLNESS & REHAB, INC., on behalf of itself and all others similarly situated,

      Plaintiffs,

vs.

AMERICAN INTERNATIONAL INSURANCE COMPANY and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,

      Defendants.
_____/

Case No. 01-8549-CIV-FERGUSON

## *AMENDED* ORDER SETTING TRIAL DATE and DISCOVERY SCHEDULE

Trial in this matter is set for the two-week period commencing June 17, 2002, before the Honorable Wilkie D. Ferguson, Jr., United States District Judge, at **299 East Broward Boulevard, Courtroom 207A, Fort Lauderdale, Florida.** If not reached during this period, this cause will be continued to each succeeding two-week trial period until reached or until further notice from the Court.

**IT IS ORDERED AND ADJUDGED** as follows:

1.    Counsel shall meet prior to the mandatory pretrial conference to confer to the preparation of a **Joint** Pretrial Stipulation. The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below and shall conform to Local Rule 16.1(e). **The Court will not accept unilateral Pretrial Stipulations. Failure to file a Joint Pretrial Stipulation on or before the date set forth below shall be grounds for dismissal or striking of defenses.**

2.    In cases tried before a jury, each party shall file a copy of the proposed jury

instructions in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning of the trial period. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. In preparing their requested jury instructions, the parties shall utilized as a guide the Patterned Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. Copies shall be delivered to chambers at the time of filing. **Failure to timely file jury instructions and verdict forms as directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

3.    In cases tried before the Court, each party shall file Proposed Findings of Fact and Conclusions of Law in hard copy form and on a 3.5" diskette at least **ONE WEEK** prior to the beginning of the trial period. Proposed Conclusions of law shall be supported by citations of authority. Copies shall be delivered to chambers at the time of filing. **Failure to timely file Proposed Findings of Fact and Conclusions of Law as directed above shall be grounds for sanctions, including dismissal or striking of defenses.**

4.    All exhibits must be pre-marked. The Plaintiff shall mark its exhibits numerically. Defendant shall mark its exhibits alphabetically. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on **Form AO 187,** which is available from the Clerk's office.

5.    A Motion for Continuance shall not stay the requirement for the filing of a Joint Pretrial Stipulation and, unless an emergency situation arises, a Motion for Continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial period is scheduled to commence.

6.    All motions for extension of time shall be accompanied by a proposed order. Counsel

are reminded to comply with Local Rule 7.1(A)(4).

7.     **A PENDING MOTION TO DISMISS SHALL NOT STAY DISCOVERY** except

where a Stay is mandated by Statute.

8.     **Non-compliance with any provision of this Order may subject the offending**

**party to sanctions, or striking of defenses.**  It is the duty of all counsel to enforce the timetable set

forth herein in order to insure an expeditious resolution of this cause.

9.     The following timetable shall govern the pretrial procedure in this cause.  **This**

**schedule shall not be modified absent compelling circumstances.**

Jan. 28, 2002          Joinder of Additional Parties and Amended Pleadings.

Feb. 11, 2002          Plaintiff shall furnish opposing counsel with a written list
                       containing the names and addresses of all expert witnesses
                       intended to be called at trial and only those expert witnesses
                       listed shall be permitted to testify.  Within the fourteenth day
                       period following this disclosure, the Plaintiff shall make its
                       experts available for deposition by the Defendant.  The
                       experts' depositions may be  conducted without further order
                       from the Court.

Feb. 25, 2002          Defendant shall furnish opposing counsel with a written list
                       containing the names and addresses of all expert witnesses
                       intended to be called at trial and only those expert witnesses
                       listed shall be permitted to testify.  Within the fourteenth day
                       period following this disclosure, the Defendant shall make its
                       experts available for deposition by the Plaintiff.  The experts'
                       depositions may be conducted without further order from the
                       Court.

Mar. 11, 2002          Parties shall furnish opposing counsel with a written list
                       containing the names and addresses of all witnesses intended
                       to be called at trial and only those witnesses listed shall be
                       permitted to testify.

Apr. 1, 2002           **All Discovery must be completed.**

| | |
|---|---|
| Apr. 22, 2002 | All Pretrial Motions, including Motions for Summary Judgment and Memoranda of Law, must be filed. |
| May 6, 2002 | Joint Pretrial Stipulation must be filed. |
| May 13, 2002 | **Pretrial Conference at 4:15 p.m.** Parties should be prepared to address all pending motions. |
| Jun. 10, 2002 | **Calendar Call at 4:15 p.m.** Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law and Proposed Verdict Form shall be filed. **The parties are ordered to confer prior to submitting the Proposed Jury Instructions and Proposed Verdict Form** to determine whether they can agree to them prior to their submission to the Court. |
| Jun. 17, 2002 | **Two-Week Trial Period.** A time for your appearance will be given at Calendar Call. |

10.     All pretrial Motions in Limine shall be filed not later than twelve (12) days prior to the scheduled Calendar Call. All oppositions to Motions in Limine must be filed seven (7) days prior to the scheduled Calendar Call.

11.     In order to facilitate the accurate transcription of the trial proceeding, the parties shall mail to Stephen Franklin, the Court's Official Court Reporter, at **299 East Broward Boulevard, Suite 207B, Fort Lauderdale, Florida 33301,** a copy of (1) the witness and exhibit lists and (2) a designation of unique proper nouns/names which may be raised at trial, to be received no later than five (5) days prior to the scheduled trial period.

12.     If the case is settled, counsel are directed to inform the Court promptly by calling the judge's chambers and to submit an appropriate Order for Dismissal, pursuant to Fed.R.Civ.P. 41(a)(1). The proposed Order must be filed no later than ten (10) days after the Notice of Settlement is given to the Court.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 28th day of
September, 2001.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Lurana Snow, United States Magistrate Judge
William Deem, Esq.
Eric Lee, Esq.
Arthur Gold, Esq.
Andrew Garcia, Esq.
Larry Kopelman, Esq.
Susan Lawson, Esq.
Richard Bokor, Esq.
Casey Fundaro, Esq.
David Shelton, Esq.
Peter Valeta, Esq.
Thomas Tew, Esq.
Francis Anania, Esq.
Katherine Lake, Esq.
James Haggerty, Esq.
Gregory Baldwin, Esq.
mark Shapiro, Esq.
Marcy Aldrich, Esq.
John Aldock, Esq.
Kathy Johnson, Esq.
Alan Nisburg, Esq.
Dale Friedman, Esq.