FILED
ELECTRONIC

Feb 17 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CONSOLIDATED CASE NO.: 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
et al.,

      Defendants.
_____/

KEITH BRICKELL, D.C., individually and
on behalf of all others similarly situated,

      Plaintiffs,

v.                                               Case No. 00-6649-CIV-ZLOCH

PROGRESSIVE EXPRESS INSURANCE CO.,
et al.,

      Defendants.
_____/

## THE PROGRESSIVE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO RE-OPEN CASE NO. 00-6649 TO CONSIDER MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES AND RENEWED MOTION FOR LEAVE TO AMEND THEIR ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Local Rule 7.1 of the United States District Court for the Southern District of Florida, the Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE COMPANY (collectively "PROGRESSIVE Defendants"), file this Reply Memorandum in Support

Case No. 00-6061-CIV-ZLOCH
Page 2

of their Motion to Re-Open Case No. 00-6649 To Consider Motion For Leave to Amend Answer and Affirmative Defenses and their Renewed Motion for Leave to Amend Answer and Affirmative Defenses and state as follows:

## STATEMENT OF PROCEEDINGS

On January 21, 2004, the PROGRESSIVE Defendants filed a Memorandum of Law in Opposition to the Joint Motion to Approve Stipulation and Settlement Agreement filed herein by the Plaintiff, KEITH BRICKELL, D.C. ("BRICKELL"), and the Defendants, BEECH STREET SERVICES CORPORATION ("BEECH STREET"), and ADP INTEGRATED MEDICAL SOLUTIONS, INC. ("ADP"). In an abundance of caution, the PROGRESSIVE Defendants also filed a Renewed Motion for Leave to Amend Their Answer and Affirmative Defenses to add a Cross-Claim against BEECH STREET, which was the subject of an identical Motion filed on July 24, 2002, *i.e.*, **approximately two (2) months prior to the date on which the Court administratively closed all of the consolidated cases, pending the final resolution of a number of appeals.** (DE No. 943, 944, 945). Finally, the PROGRESSIVE Defendants filed a Motion to Re-Open the Case for purposes of allowing this Court to consider their Motion for Leave to Amend.

BEECH STREET and ADP, in turn, have responded to the PROGRESSIVE Defendants' Motions by filing a "Reply Memorandum" in support of their Joint Motion. In doing so, BEECH STREET and ADP have made it clear that the "Reply" also is intended to serve as their Memorandum in Opposition to the PROGRESSIVE Defendants' Motions To Re-Open, Leave to Amend, and Renewed Motion for Leave to Amend. *See* Omnibus Memorandum in Opposition to Progressives' Motion to Re-Open Case No. 00-6649 and Motions for Leave to Amend Their Answer

2 of 10

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER. SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

and Affirmative Defenses.(DE No. 951) In that "Reply," BEECH STREET and ADP do little to address the PROGRESSIVE Defendants' substantive right to amend their Answer. Instead, they argue that this Court should deny the PROGRESSIVE Defendants' Motion for Leave to Amend, ostensibly because it is untimely and would prejudice the ability of BEECH STREET and ADP to consummate a proposed settlement agreement with the Plaintiffs. However, a review of the record and the applicable authorities conclusively demonstrates that the PROGRESSIVE Defendants' Motion for Leave to Amend is timely and that the only party prejudiced by the rather unique procedural posture of this consolidated action and the administrative closure of these cases is the PROGRESSIVE Defendants **and not BEECH STREET or ADP.** Accordingly, this Court should grant their Motion for Leave to Amend and deny the Joint Motion to Approve Settlement.

## ARGUMENT

### A. PROGRESSIVE Defendants' Motion Is Not Untimely

BEECH STREET argues that this Court should deny the Motion for Leave to Amend under Federal Rule of Civil Procedure 16, which requires a party to show good case for not amending a pleading before the time specified in a scheduling order. In support of that argument, BEECH STREET relies on the Court's September 28, 2001 Scheduling Order ("Scheduling Order"), which established January 28, 2002 as the deadline for the amendment of pleadings. Significantly, however, as the PROGRESSIVE Defendants thoroughly explained in their Memorandum in Opposition to the Joint Motion, the Scheduling Order no longer was in effect at the time they filed their July 24, 2002 Motion for Leave to Amend. Indeed, more than two months prior to that date (*i.e.*, on May 3, 2002), the Court, recognizing that most, if not all, of the deadlines set forth in the

Case No. 00-6061-CIV-ZLOCH
Page 4

Scheduling Order had passed, abandoned the Scheduling Order and advised the parties that it would issue "[a] new trial date and discovery schedule." *See* May 3, 2002 Order Canceling Scheduled Hearing (DE No. 665). Accordingly, since no scheduling order was in effect, the "good cause" standard under Federal Rule 16(b) is inapplicable. Instead, this Court is required to follow the more liberal standard under Federal Rule 15, which mandates that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See also Roberson v. Hayti Police Dep't*, 241 F.3d 992 (8th Cir. 2001)(holding that Federal Rule 15 applies unless court is enforcing a scheduling order).[1]

BEECH STREET's suggestion that the PROGRESSIVE Defendants' Motion for Leave to Amend is untimely, because it was filed after "a delay of over two years from the inception of the lawsuit" also lacks merit for several reasons. First, it is axiomatic that delay, without any precipitating prejudice, is insufficient, standing alone, to warrant the denial of a motion for leave to amend. *See, e.g., Upper Valley Ass'n of Handicapped Citizens v. Mills*, 928 F. Supp. 429 (D. Vt. 1996). *See also Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989), *rev'd on other grounds*, 499 U.S. 530 (1991)(opining that the mere passage of time, standing alone, is not a sufficient basis for denying a party leave to amend). Here, BEECH STREET has failed to assert and, in good faith, cannot assert that it suffered any prejudice, let alone, the degree of prejudice required

---

[1] Indicative of the lack of merit in BEECH STREET's position is the fact that it raises this argument, for the first time, approximately **a year and a half after** the PROGRESSIVE Defendants first moved to amend their Answer to assert the Cross-claim. BEECH STREET easily could have made this rather simple and straightforward argument at the time of the proposed pleading. Instead, it chose to delay the proceedings, in what the PROGRESSIVE Defendants now realize was an attempt to facilitate BEECH STREET's settlement discussions with the Plaintiffs, by obtaining several extensions of time before this Court closed the case.

Case No. 00-6061-CIV-ZLOCH
Page 5

to overcome the PROGRESSIVE Defendants' Motion for Leave to Amend, from the time that elapsed between the filing of Plaintiffs' Complaint and the filing of the PROGRESSIVE Defendants' Motion for Leave to Amend.

Moreover, BEECH STREET's assertion that the PROGRESSIVE Defendants filed their Motion after "a delay of over two years from the inception of the lawsuit" is, at best, misleading. The record reflects that the Plaintiffs filed their Complaint against the PROGRESSIVE Defendants, BEECH STREET and ADP in May, 2000. The PROGRESSIVE Defendants and BEECH STREET responded to that Complaint by filing timely Motions to Dismiss, which both parties reasonably anticipated would bring an end to or, alternatively, significantly streamline the issues in this litigation. After the Court ruled on the Motions to Dismiss, the PROGRESSIVE Defendants filed a timely Answer and Affirmative Defenses to the Complaint on November 9, 2001. (D.E. No. 307) Then, on July 24, 2002, just a few months after they filed their Answer and **before the case had been set for trial or any substantive discovery had been scheduled**, the PROGRESSIVE Defendants sought leave to amend to assert their Cross-Claim against BEECH STREET.

Thus, while it is technically correct to state that two years elapsed between the filing of the Plaintiffs' Complaint and the filing of the PROGRESSIVE Defendants' Motion for Leave to Amend, the delay was due to the pace of the litigation, rather than to any dilatory behavior on the part of the PROGRESSIVE Defendants. More importantly, because of the lack of any other activity in the case, the delay was not "undue" and did not result in any prejudice to BEECH STREET. *See Farkus v. Texas Instruments, Inc.*, 429 F.2d 849 (1st Cir. 1970)(holding that delay of approximately two years between commencement of action and denial of motion to amend was insufficient reason for denial

Case No. 00-6061-CIV-ZLOCH
Page 6

of motion to amend, where there was neither prejudice to the defendant nor bad faith on the part of the plaintiff and part of the delay was attributable to the district court). Accordingly, it cannot properly form the basis for the denial of the PROGRESSIVE Defendants' Motion for Leave to Amend.

### B. BEECH STREET Has Not Suffered Any Prejudice

BEECH STREET next attempts to argue that it is the PROGRESSIVE Defendants and not BEECH STREET, who should be required to demonstrate that they would be prejudiced if this Court were to deny their Motion for Leave to Amend and approve the Joint Motion. Respectfully, BEECH STREET has things backwards. **Almost two years prior to** the tentative "consummation" of the proposed settlement agreement between BEECH STREET, ADP and the Plaintiffs, the PROGRESSIVE Defendants sought leave of court to amend their Answer for the purpose of asserting a Cross-Claim against BEECH STREET. The moment the PROGRESSIVE Defendants did so, it was incumbent upon BEECH STREET, under Fed. R. Civ. P. 15(a), to demonstrate that it would be unduly prejudiced by such an amendment. Recognizing that it could not do so, BEECH STREET chose instead to seek and, ultimately, secured not one, but two, extensions of time to respond to the Motion, presumably so that it could continue what now appear to have been ongoing settlement discussions with Plaintiffs. In the interim, of course, the Court administratively closed the consolidated cases, which, unbeknownst to the PROGRESSIVE Defendants afforded BEECH STREET and the Plaintiffs sufficient opportunity to reach their collusive agreement.

Significantly, however, nothing has changed with respect the relative burdens of the parties as they related to the PROGRESSIVE Defendants' Motion for Leave to Amend, *i.e.*, BEECH

6 of 10

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

STREET still bears the burden of demonstrating prejudice and the PROGRESSIVE Defendants respectfully submit that the determination of whether BEECH STREET has satisfied that burden should be made without any consideration regarding the impact that the amendment may have on the settlement agreement. Indeed, BEECH STREET has not cited any authority for the novel proposition that a district court should, let alone, must deny a motion for leave to amend, simply because two parties, one of whom is a stranger to the motion, have chosen to make their settlement agreement contingent on the denial of the motion. At the end of the day, BEECH STREET still has the burden to demonstrate that it would be prejudiced by the granting of the PROGRESSIVE Defendants' Motion for Leave to Amend. *See, e.g., Air Prods. And Chems., Inc. v. Eaton Metal Prods., Inc.*, 256 F. Supp. 2d 329 (E.D. Pa. 2003)(holding that party opposing amendment to pleading must satisfy burden of showing undue prejudice).

BEECH STREET simply has not met that burden in this case. BEECH STREET argues that it and BRICKELL would be prejudiced because the proposed amendment would "sabotage" their class action settlement agreement. There are several obvious flaws in this argument. First, the Court has not yet certified a "class" in this action. In fact, while BRICKELL filed a Motion for Class Certification prior to the order consolidating these actions, the Court never ruled on that Motion, nor did the parties conduct any discovery directed at class certification. Therefore, BEECH STREET's reliance on cases which suggest that class action settlements are favored, even at the expense of non-settling defendants, is completely misplaced. *Compare In re U.S. Oil and Gas Litigation*, 967 F.2d 489 (11th Cir. 1992)(holding that public policy favors the pretrial settlement of class action lawsuits); *See also Biben v. Card*, No. 84-0844-CV-W-6 (W.D. Mo. 1991)(holding that federal

7 of 10

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER. SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No. 00-6061-CIV-ZLOCH
Page 8

policy supports settlements of class actions). Thus, this case currently is nothing more than the claim of a single provider against a number of insurance defendants and their third party providers.

Second, BEECH STREET would have this Court believe that, if it does not deny the PROGRESSIVE Defendants' Motion for Leave to Amend, BRICKELL, ADP and BEECH STREET will have "wasted" all of the time, money, and effort that they expended during the past two (2) years in reaching their tentative settlement. Significantly, however, those parties have known about the PROGRESSIVE Defendants' intent to prosecute a Cross-Claim against BEECH STREET from the outset of their negotiations, *i.e.*, from the date that the PROGRESSIVE Defendants first sought leave to amend (July 24, 2002). At that time, BRICKELL, ADP and the Plaintiffs had at least three options: (1) BEECH STREET could have acted aggressively to have the Court decide the Motion for Leave to Amend shortly after it was filed; (2) BEECH STREET, ADP and BRICKELL could have chosen not to engage in any further settlement discussions until the Court resolved the Motion for Leave to Amend; or (3) the parties could have chosen not to make their agreement contingent on the denial of the Motion for Leave to Amend and continued their negotiations. They chose, instead, to move forward with their discussions and, ultimately, to make their agreement contingent on the denial of the Motion to Dismiss. Accordingly, to the extent that there will be any "waste" of resources or prejudice resulting from their chosen course of action, it is prejudice of BEECH STREET's own making and is not properly attributable to the PROGRESSIVE Defendants. *See, e.g., Jacobs v. McClosky & Co.*, 40 F.R.D. 486 (E.D. Pa. 1966)(holding that to the extent the complaining party causes the prejudice, it is not "undue" within the meaning of the rule).

Finally, the continued viability of the parties' proposed settlement agreement is wholly

8 of 10

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No. 00-6061-CIV-ZLOCH
Page 9

irrelevant to the disposition of the PROGRESSIVE Defendants' Motion for Leave to Amend. Federal courts have made it clear that a court should determine a motion for leave to amend on its own merit. *See, e.g., Baez v. Banc One Leasing Corp.*, 348 F.3d 972 (11th Cir. 2003)(holding that district court's failure to address pending motion to amend complaint prior to entry of final judgment constituted an abuse of discretion); *Ross v. Zavarella*, 732 F. Supp. 1306 (M.D. Pa. 1990)(recognizing that courts must consider merits of proposed amendments). Here, the PROGRESSIVE Defendants have sought leave to assert what indisputably is a meritorious Cross-Claim against BEECH STREET. In fact, BEECH STREET has never challenged the legal sufficiency of the Motion, choosing instead to attempt to dictate where (*i.e.*, in what forum) and when the PROGRESSIVE Defendants should be allowed to prosecute their claim. Such arguments, in the absence of a showing of substantial prejudice, simply do not provide a sufficient basis for denying a party leave to amend. Accordingly, this Court should grant the PROGRESSIVE Defendants' Motion for Leave to Amend.

## CONCLUSION

WHEREFORE, the Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMER INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE COMPANY, respectfully request that this Court grant the PROGRESSIVE Defendants' Motion for Leave to Amend or, in the alternative, its Renewed Motion for Leave to Amend.

ANANIA, BANDKLAYDER, BLACKWELL, BAUMGARTEN, TORRICELLA & STEIN
BANK OF AMERICA TOWER, SUITE 4300, 100 S.E. SECOND STREET, MIAMI, FLORIDA 33131-2144 • TELEPHONE (305) 373-4900 • FACSIMILE (305) 373-6914

Case No. 00-6061-CIV-ZLOCH
Page 10

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class mail to all counsel on the attached service list on this 17th day of February, 2004.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA, & STEIN
Attorneys for PROGRESSIVE Defendants
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305)373-4900-Telephone
(305)373-6914-Facsimile

By: _____
Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
Florida Bar No. 370967
dblackwell@anania-law.com