UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/           01-6778

ULTRA OPEN MRI CORPORATION,
et al., on behalf of itself and others
similarly situated,

     Plaintiffs,

v.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY

     Defendant.

_____/



## JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Ultra Open MRI

Corporation and Walter Afield, M.D ("Class Representatives"), and Defendant Prudential

Property And Casualty Insurance Company ("Prupac") hereby jointly move the Court for entry of

an Order preliminarily approving the proposed settlement in the above-captioned class action

case. A proposed Order is attached as Exhibit 1. In support of their Motion, the Parties state as

follows:

1.      On February 13, 2004, the Eleventh Circuit Court of Appeals entered an Order partially remanding this matter to this Court for the approval of a settlement reached in this pending class action.

2.      The parties have reached a comprehensive settlement of the pending class action case, the terms and conditions of which are contained within the Stipulation and Agreement of Compromise and Settlement (the "Settlement Agreement") attached as Exhibit 2.  The Parties jointly move for preliminary approval of the Settlement Agreement, believing it to be fair, adequate, and reasonable to the Parties, as well as to the members of the Settlement Class, as defined in the Settlement Agreement.

3.      Preliminary approval is necessary in order to commence the process of providing notice to class members of the nature of the case and the terms and conditions of Settlement. The notice will also inform class members how to file a claim and permits class members to evaluate whether, among other things they want to opt-out of the Settlement.  Attached as Exhibit 3 is a copy of the proposed Notice Of Proposed Settlement Of Class Action With Prudential Property And Casualty Insurance Company, Of Settlement Hearing To Consider The Proposed Settlement, And Of Your Rights Concerning The Proposed Settlement.

4.      Class members wishing to file a claim must file a Claim And Verification Of Assignment Of Benefits Form, the proposed form of which is attached as Exhibit 4.

CONSOLIDATED CASE NOS. 00-6061 AND 01-6778-CIV-ZLOCH/SNOW

**WHEREFORE,** the Parties jointly move the Court for entry of an Order of Preliminary

Approval of Settlement Agreement.

                                        Respectfully submitted,

                                        Eric Lee, Fla. Bar No. 961299
                                        LEE & AMTZIS, P.L.
                                        5550 Glades Road, Suite 401
                                        Boca Raton, FL 33431
                                        Phone: 561-981-9988
                                        Fax: 561-981-9980

                                        Counsel for Plaintiffs Ultra Open MRI Corporation
                                        and Walter Afield, M.D.

John D. Aldock                          Kathy J. Maus (Fla. Bar No. 896330)
Michael K. Isenman                      Lauren D. Levy (Fla. Bar No. 0116490)
SHEA & GARDNER                          BUTLER BURNETTE PAPPAS
1800 Massachusetts Avenue, N.W.         3520 Thomasville Road, Suite 102
Washington, D.C. 20036                  Tallahassee, Florida 32308
(202) 828-2000                          (850) 894-4111
Fax (202) 828-2195                      Fax (850) 894-4999

                                        Counsel for Defendant Prudential Property and
                                        Casualty Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

  v.

PRUDENTIAL INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/         01-6778

ULTRA OPEN MRI CORPORATION,
et al., on behalf of itself and others
similarly situated,

      Plaintiffs,

  v.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY

      Defendant.

_____/

**ORDER PRELIMINARILY APPROVING PROPOSED**
**SETTLEMENT AS TO PLAINTIFFS AND PRUDENTIAL**
**PROPERTY AND CASUALTY INSURANCE COMPANY**

      The Court having reviewed and considered the Joint Motion for Preliminary Approval of

Settlement Concerning Claims Against Defendant PRUDENTIAL PROPERTY AND CASUALTY

INSURANCE COMPANY (D.E. # ___), and having reviewed and considered the terms and

conditions of the proposed Settlement as set forth in the Settlement Agreement, a copy of which has

been submitted with the Joint Motion, and on the basis of such admissions, together with any other

ATTACHMENT / EXHIBIT ___

submission by the parties in support of the Joint Motion, and all prior proceedings had in the consolidated action, good cause for this Order having been shown,

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.    The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Settlement Hearing provided for below. The Court concludes that the settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the settlement class, the scheduling of the Final Settlement Hearing and the circulation of notice to members of the class, each as provided for in this Order.

<u>**Conditional Certification of the Class**</u>

2.    For purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to Defendant Prudential Property and Casualty Insurance Company of Indiana, on behalf of itself and its affiliates Prudential Property and Casualty Insurance Company of New Jersey, Merastar Insurance Company, and Prudential General Insurance Company (collectively, "PRUPAC"), in the action styled <u>Zidel v. Allstate Insurance Company</u>, consolidated Case No. 00-6061-CIV-ZLOCH/SNOW (the "Action"), is conditionally certified as a class action on behalf of the following class:

> All Florida healthcare providers (each, a "Class Member") that provided healthcare services to a patient covered by a PRUPAC automobile insurance policy issued in the state of Florida (a "PRUPAC Insured"), where such PRUPAC insured submitted an assignment of benefits or direction to pay to the Class Member, that Class Member submitted one or more bills for payment to PRUPAC for services rendered to the PRUPAC insured, and PRUPAC reduced the amount it paid to the Class Member in satisfaction of that bill or bills based on the application of a PPO discount between May 8, 1996 and October 31, 2003.

Representative Plaintiffs are temporarily certified as representatives of the class. This conditional certification of the class and class representatives is solely for purposes of effectuating

the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of class representatives shall be void and of no further effect and the parties to the settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted to the Settlement Agreement. The Court notes that because the proposed certification of the class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Complaint in the Action.

### Final Settlement Hearing; Right to Appear and Object

3.      A Final Settlement Hearing shall take place before the undersigned, United States District Judge Zloch, at the United States Courthouse, Courtroom ____, _____ on _____, 2004 to determine:

a.      Whether the Court should certify the class and whether the representative Plaintiffs and their counsel have adequately represented the class;

b.      Whether the settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

c.      Whether the Action should be dismissed on the merits and with prejudice as to PRUPAC;

d.      Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the action against PRUPAC;

e.      Whether the application for attorneys' fees and expenses to be submitted by class counsel in connection with the final settlement hearing should be approved;

f.      Whether the application for a fee award to representatives plaintiffs to be

3

submitted in connection with the final settlement hearing should be approved; and

g.    Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the settlement at or after the Final Settlement Hearing with any modifications agreed to by the parties and without further notice to the class.

4.    Any member of the class who is not timely and properly provided notice of an election to opt out of the class and the settlement in the manner set forth below, and any other interested person, may appear at the Final Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in consideration of those matters, unless on or before _____, such person:

a.    Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the settlement hearing;

b.    If a member of the class, files with the Court a copy of a valid Assignment of Benefits demonstrating the healthcare provider's standing to assert objections; and

c.    Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel:

Eric Lee, Esq.
Lee & Amtzis, P.L.
Suite 401
5550 Glades Road
Boca Raton, FL 33431

Carlin Phillips, Esq.
Phillips & Garcia, LLP
13 Ventura Drive
N. Dartmouth, MA 02747

Michael K. Isenman, Esq.
Shea & Gardner
1800 Massachusetts Ave. NW
Washington, DC 20036

5.      The Court may adjourn the Final Settlement Hearing or any adjournment thereof,

including the consideration of the application for attorneys' fees and expenses, without further notice

of any kind other than an announcement of such adjournment in open court at the Final Settlement

Hearing or any adjournment thereof.

**Form and Timing of Notice**

6.      As soon as practicable after entry of this Order, but no later than 30 days after the

Order is entered, PRUPAC or its designee shall cause copies of the Notice of Class Action and

Proposed Settlement in the form attached as Exhibit ____ to the Settlement Agreement (the "Mailed

Notice"), including the Claim Form substantially in the form attached as Exhibit ____ to the

Settlement Agreement (the "Claim Form"), the forms of which are hereby approved, to be mailed by

first-class mail, postage pre-paid, to all potential members of the class to the extent such class

members can be identified with reasonable diligence.

7.      Beginning on the earliest date that notice is provided pursuant to the foregoing

paragraph of this Order and continuing through the deadline for members of the class to return a

completed claim form (as that date is specified in the Settlement Agreement), PRUPAC shall make

available to potential members of the class principal versions of the Mailed Notice and the Claim

Form from the public website maintained by or on behalf of PRUPAC.

8.      Prior to the Final Settlement Hearing, PRUPAC or counsel for PRUPAC will serve

5

and file a sworn statement attesting to compliance with paragraph 6 of this Order. Costs of providing the Notice to the class as specified in this Order shall be paid as set forth in the Settlement Agreement.

9. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Final Settlement Hearing to all persons affected by and/or entitled to participate in the settlement or the Final Settlement Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

### Ability of Class Members to Opt-Out of the Settlement Class

10. All members of the class who wish to opt-out of a class must do so by sending written notice of their election to opt-out to the settlement administrator at the address set forth in the Notices to be provided as set forth in this Order. To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt-out request for such person must be post marked by no later than _____, 2004 (the "Opt-Out Deadline"), or, if applicable, the deadline specified in ¶12 of the Settlement Agreement. Within fifteen days of the Opt-Out Deadline, class counsel or a designee shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely electing to opt-out from the class.

11. Any potential member of the class that does not properly and timely request exclusion from the class shall be included in the class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to sue described therein, whether or not such person

shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

## Confidentiality

12.    The names, addresses, policy numbers, medical records and other information concerning PRUPAC's insureds that may be compiled by PRUPAC in effectuating the Settlement Agreement and the electronic data processing and other record keeping procedures and materials to be utilized by PRUPAC in identifying potential members of the Settlement Classes and effectuating PRUPAC's other obligations hereunder (the "Information"), which is represented by PRUPAC to constitute highly confidential and proprietary business information, shall be kept confidential as described below, provided that PRUPAC and Class Counsel are authorized to use and disclose such Information as is contemplated and necessary to effectuate the terms and conditions of the Settlement Agreement.

a.    No person, other than individuals employed by PRUPAC or to whom PRUPAC has expressly permitted access, shall be allowed access to any Information except Class Counsel and attorneys, experts and clerical personnel employed by such counsel; and such other persons as the Court may order after notice to all counsel of record.

b.    At no time, except pursuant to Court order upon notice to all counsel of record, shall any Information be made known or available to any person, other than individuals described in paragraph 12(a) above and the individuals employed by PRUPAC or to whom PRUPAC has expressly permitted access, unless he or she first signs a statement attesting to the fact that he or she has read and understands the confidentiality provisions of this order, that he or she agrees to be bound and to comply with the confidentiality provisions of this order and that he or she understands

that disclosure of Information to unauthorized persons may constitute contempt of court. Copies of all such signed statements shall be retained by Class Counsel and delivered to PRUPAC upon request.

13.    At the conclusion of this action, any and all Information provided by PRUPAC to Class Counsel or anyone else, and all copies thereof shall, upon PRUPAC's request, be promptly returned to PRUPAC.

### Other Provisions

14.    Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

15.    All proceedings against and concerning PRUPAC in the Action, other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, including all pending actions in any other state or federal court relating to the same issues asserted in this Action, are hereby stayed and suspended until the opt-out deadline. Pending final determination of whether the settlement and Settlement Agreement should be approved and the class permanently certified, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief regarding PPO reductions.

16.    No discovery with regard to the settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

17.    Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, class counsel, any

members of the class, PRUPAC, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

18.    In the event that the Settlement Agreement is terminated or is not consummated for any reason, this settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

DONE AND ORDERED in the Southern District of Florida on _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All counsel of record

9



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

  v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/          01-6778

ULTRA OPEN MRI CORPORATION,
et al., on behalf of itself and others
similarly situated,

     Plaintiffs,

  v.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY

     Defendant.

_____/

## STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT

This Stipulation and Agreement of Compromise and Settlement (the "Stipulation" or "Settlement") is made and entered into by and between Plaintiffs ULTRA OPEN MRI CORPORATION and WALTER AFIELD, M.D ("CLASS REPRESENTATIVES"), acting for themselves and as representatives of a Class of similarly situated Florida health care providers in the action captioned above pending in the United States District Court for the Southern District

1

ATTACHMENT / EXHIBIT ___

of Florida and currently on appeal to the Eleventh Circuit Court of Appeals (Case No. 02-16054A), and Defendant PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY OF INDIANA, on behalf of itself and its affiliates Prudential Property and Casualty Insurance Company of New Jersey, Merastar Insurance Company, and Prudential General Insurance Company (collectively, "PRUPAC"), subject to the approval of the District Court as provided herein. In the event that the Settlement is not approved, then the action will proceed as if no Settlement had been attempted, and in such event PRUPAC shall retain the rights to pursue its appeal, to contest whether the action should be maintained as a class action, and generally to defend on the merits of the case itself.

WHEREAS, in this action CLASS REPRESENTATIVES seek to recover from PRUPAC damages, including interest, costs and attorneys' fees, that they claim are owed by PRUPAC to them and a class of Florida health care providers whose medical bills were discounted and paid at a reduced rate by PRUPAC under PRUPAC's Florida automobile insurance policies based on purported preferred provider organization ("PPO") reductions identified and described more fully herein.

WHEREAS, CLASS REPRESENTATIVES, an MRI facility and a Florida licensed medical doctor, and the members of the Class they seek to represent, are all health care providers whose medical bills were submitted to PRUPAC for payment and whose bills were reduced by PRUPAC based on the application of PPO discount rates from the Medview Services, Inc. ("Medview"), Community Care Network, Inc. ("CCN"), and/or Beech Street Corporation ("Beech Street") preferred provider organizations. In its Class Action Complaint, CLASS REPRESENTATIVES allege seven federal and state causes of action against PRUPAC for its

2

systematic practice of discounting automobile medical expense claims based on the operation of a "Silent PPO." CLASS REPRESENTATIVES allege that PRUPAC misappropriated PPO discount rates and applied them to Florida automobile insurance medical expense claims. CLASS REPRESENTATIVES further allege that through the systematic operation of this Silent PPO PRUPAC has been paying automobile medical expense claims at a reduced rate without authority or consideration contrary to the preferred provider contracts, the standard Florida PRUPAC Automobile Policy and the Florida PIP statute, Florida Statutes § 627.736. Moreover, CLASS REPRESENTATIVES allege that by its conduct PRUPAC has violated the federal RICO Act.

WHEREAS, CLASS REPRESENTATIVES further allege that under the terms of their, and the Class members', PPO contracts, the preferred providers agreed to provide health care services or benefits to patients specifically enrolled in the Medview, CCN and/or Beech Street PPOs. According to CLASS REPRESENTATIVES, to qualify as a proper Payor under any of these PPO arrangements, PRUPAC must have offered a preferred provider or exclusive health care provider coverage plan to its auto insurance customers that properly identified and marketed CLASS REPRESENTATIVES and the Class Members as participating preferred health care providers in its automobile insurance PPO plan, and properly provided economic incentives to its insureds to use the services of participating preferred health care providers.

WHEREAS, CLASS REPRESENTATIVES also allege that PRUPAC offers Florida residents automobile insurance policies providing medical expense benefits under which PRUPAC agrees to pay 80% of "all reasonable and necessary treatment expenses" to a defined limit. CLASS REPRESENTATIVES contend that under the statutory law of Florida, Fla. Stat. §

3

627.736(10), however, an automobile insurance company may establish an auto insurance preferred provider network that financially encourages an insured to use a pre-defined group of preferred medical providers. Under Section 627.736(10), if an insurance company offers a preferred provider auto policy, it must provide each policy-holder with a current roster of preferred providers in the county in which the insured resides at the time of purchase of such policy. CLASS REPRESENTATIVES allege that at no time relevant to the claims made in this litigation has PRUPAC offered its insureds a "preferred provider policy" that includes Medview's, CCN's and/or Beech Street's preferred providers.

WHEREAS, CLASS REPRESENTATIVES further allege that PRUPAC obtained access to Medview's, CCN's and/or Beech Street's databases containing the identities of all of their preferred providers, including CLASS REPRESENTATIVES, and the discounted rates that they were willing to accept under each respective PPO contract despite the fact that PRUPAC did not offer an auto preferred provider policy to its insureds. According to CLASS REPRESENTATIVES, PRUPAC allegedly then began to systematically apply PPO discounted medical rates to PIP medical expense claims submitted by CLASS REPRESENTATIVES and the members of the Class. When PRUPAC received a medical bill for payment under its automobile insurance policy, PRUPAC and/or its agent would discount the bill to the discounted preferred provider rate, would print out an explanation of benefits ("EOB") form showing the application of the discount, and would then make payment at that rate. CLASS REPRESENTATIVES allege that at no time did PRUPAC market CLASS REPRESENTATIVES', or any Class member's, medical services to its insureds or comply with the requirements of Section 627.736(10) by providing an automobile preferred provider policy.

4

WHEREAS, PRUPAC denies all allegations of fault, wrongdoing or liability in the action and does not concede any infirmity in its defenses. Moreover, PRUPAC contends CLASS REPRESENTATIVES' claim is subject to arbitration and cannot be litigated in court.

WHEREAS, each party has had the benefit of conducting substantial investigation, research and analysis of the claims and/or defenses of the other party, as the case may be.

WHEREAS, counsel for the parties have concluded that further proceedings in this action would be protracted, complex and expensive.

WHEREAS, counsel for the parties have conducted extensive settlement discussions and arm's-length negotiations before Joseph Unger, an Eleventh Circuit Court of Appeals mediator, to accomplish a global compromise and settlement of the claims asserted in this matter. Based on the investigation, research and analysis conducted to date and the efforts of the mediator, the parties consider it desirable and in their best interests and in the interests of the Class to have an opportunity to reach an equitable, appropriate, statewide resolution of the issues raised in the litigation, on the terms set forth herein, taking into account the risks, uncertainties, delay and expense involved in the Class Action, as well as other relevant considerations, including but not limited to the time and expense of defending costly and protracted litigation on Appeal and in the trial court, and to fully and finally settle all claims asserted in this matter.

WHEREAS, the parties agree that by entering into this Stipulation, no party shall be deemed to have admitted in any way any claims or contentions made by the other nor to have diminished in any way the validity of any claim or contention asserted by that party with respect to the Class Action. It is further specifically agreed that PRUPAC's execution of this Stipulation is not, and shall not be construed, as an admission by PRUPAC or deemed to be evidence of: (a)

the validity of any of the claims made by CLASS REPRESENTATIVES on behalf of the members of the Class or of any liability to CLASS REPRESENTATIVES or to any member of the Class; (b) that PRUPAC has breached any contract of insurance or has violated Fla. Stat. § 627.736 in connection with the payment of PIP benefits by PRUPAC; or c) that the Class Action is properly maintainable as a class action. The parties further agree that neither the Stipulation itself, nor any of the other documents prepared or executed by any party in negotiating or implementing the settlement called for by this Stipulation, nor any of the terms of any such documents, shall ever be offered in evidence in or shared with any party to any civil, criminal or administrative action or proceeding without PRUPAC's express written consent.

WHEREAS, the parties have agreed to seek conditional certification of a state-wide class for settlement purposes only (the "Settlement Class") defined as:

> All Florida healthcare providers (each, a "Class Member") that provided healthcare services to a patient covered by PRUPAC automobile insurance policy issued in the state of Florida (a "PRUPAC Insured"), where such PRUPAC insured submitted an assignment of benefits or direction to pay to the Class Member, that Class Member submitted one or more bills for payment to PRUPAC for services rendered to the PRUPAC insured, and PRUPAC reduced the amount it paid to the Class Member in satisfaction of that bill or bills based on the application of a PPO discount during the Class Period (as defined in this Stipulation).

As part of the agreement seeking conditional statewide certification, the parties have also agreed to request that the Court appoint CLASS REPRESENTATIVES as class representative and the law firms of KOPELMAN & BLANKMAN. LEE & AMTZIS, GOLD & COULSON, and PHILLIPS & GARCIA, LLP, to serve as Class Counsel.

NOW, THEREFORE, the parties hereto, through their duly authorized counsel, in consideration of the mutual promises and covenants contained in this Stipulation, and subject to approval by the Court as provided herein pursuant to Rule 23 of the Federal Rules of Civil

6

Procedure, it is hereby stipulated and agreed by and between CLASS REPRESENTATIVES, acting for themselves and on behalf of the Settlement Class, and PRUPAC, that all claims, rights and causes of action, state or federal, and including damages, losses and demands of any nature, that have been asserted by CLASS REPRESENTATIVES and the Settlement Class in this matter against PRUPAC, as defined herein, shall be settled, released and dismissed with prejudice upon and subject to the following terms and conditions all of which are subject to approval by the Court:

## CERTAIN DEFINED TERMS

1.     The following terms shall have the following meanings in this Stipulation and the annexed exhibits.

1.1.     "Claim and Verification of Assignment of Benefits Form" means a verification form substantially in the form of Exhibit ____ attached hereto that has been approved by the Court in connection with this Settlement.

1.2.     "Claimant" means a Settlement Class Member who files a timely, properly executed "Verification of Assignment of Benefits/Right to Receive Payment Form" confirming that the Settlement Class Member has obtained an assignment of benefits from a patient entitled to PIP benefits from PRUPAC under a Florida PIP policy.

1.3.     "Claims Deadline" shall mean and refer to the date by which all Claim and Assignment of Benefits Forms, elections to opt out, or objections must be postmarked or received by the Settlement Administrator, Class Counsel, or the Court pursuant to the terms of this Agreement.  This date, which is subject to the approval of the Court, shall be forty-five (45) days after the Settlement Administrator shall have caused the Notice to be mailed to the Class

7

Members as specified in ¶9 herein.

1.4.    "Class Action" means the action captioned above pending in the United States District Court for the Southern District of Florida and currently on appeal to the Eleventh Circuit Court of Appeals (Case No. 02-16054A).

1.5.    "Class Counsel" shall mean and refer to KOPELMAN & BLANKMAN, LEE & AMTZIS, GOLD & COULSON, and PHILLIPS & GARCIA, LLP, and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Class Action.

1.6.    "Class Period" means May 8, 1996 through October 31, 2003.

1.7.    "Class Plaintiffs" means CLASS REPRESENTATIVES.

1.8.    "Complaint" means the Class Action Complaint filed in the Class Action on or about May 8, 2000 and the Amended Class Action Complaint filed on or about January 22, 2002.

1.9.    "Court" means the United States District Court for the Southern District of Florida.

1.10.    "Fairness Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.11.    "Final Judgment" means the Final Judgment and Order Approving Settlement to be entered pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.12.    "Notice" means the Notice of Pendency of Class Action, Proposed Settlement and Hearing, substantially in the form annexed hereto as Exhibit ____.

1.13.    "Notice Order" means an order substantially in the form annexed hereto as Exhibit ____, preliminarily approving this Stipulation and the settlement of this Class Action,

approving the proposed form of Notice to members of the Settlement Class, and setting a hearing for approval of this Stipulation.

1.14.     "PRUPAC" means Prudential Property and Casualty Insurance Company of Indiana, Prudential Property and Casualty Insurance Company of New Jersey, Merastar Insurance Company, and Prudential General Insurance Company, but does not include THI Holdings, Inc., Titan Insurance, or Victoria Insurance.  PRUPAC hereby represents that no other PRUPAC affiliates underwrote automobile insurance policies issued in the State of Florida during the Class Period.

1.15.     "Released Claims" means any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs, and causes of action (each, a "claim"), accrued or  unaccrued, which now exist or heretofore existed in favor of Plaintiffs or the Settlement Class against PRUPAC, including all PRUPAC entities who underwrote automobile insurance in the State of Florida during the Class Period and/or participated in PPO discounting in Florida as well as these entities' present and former officers, directors, employees, agents and representatives, which arise out of or are based upon the acts, transactions, occurrences and events alleged in the Class Action, including without limitation any "extra-contractual" or bad faith claims premised upon the Complaint's factual allegations, whether any such claim was or could have been asserted by any releasing party on its own behalf or on behalf of other persons.

1.16.     "Settlement" means the settlement of the Class Action as set forth in this Stipulation and attachments.

1.17.     "Settlement Administrator" means PRUPAC or, in PRUPAC's sole discretion, an independent class action settlement administration company retained by PRUPAC for the

purposes of administering the Settlement.

1.18.    "Settlement Effective Date" shall mean the date the Final Judgment, having been entered in the form of Exhibit _____, shall have become "final" as set forth in ¶ 41, infra.

1.19.    "Settlement Fund" shall mean the aggregate amount of potential Settlement Payments the Class is entitled to receive under the Settlement prior to any claims process.

1.20.    "Settlement Payment" shall mean and refer to the amount calculated as described in ¶ 32 of this Stipulation as payable to a member of the Settlement Class.

## SUBMISSION OF STIPULATION FOR PRELIMINARY APPROVAL AND ORDER

2.    Immediately upon the execution of this Stipulation, or prior to said execution if agreed upon by the parties, counsel for the parties shall report to the Eleventh Court of Appeals that this matter has preliminarily settled and that they jointly request a stay of the appeal and partial remand to seek trial court approval of the settlement.    After the case is stayed on appeal and partial remand granted, counsel for the parties hereto shall submit this Stipulation and the proposed forms of "Notice" to the Court, and shall request an order:

2.1.    preliminarily approving this Stipulation;

2.2.    staying any further proceedings in any Florida State Court and enjoining the initiation of any further litigation in Florida State Court seeking payment of PIP benefits from PRUPAC related to PRUPAC's reduction of medical bills by the application of a Medview, CCN and/or Beech Street discount from May 8, 1996 through the settlement approval date;

2.3.    certifying the Class Action as a class action for settlement purposes only on behalf of the Settlement Class;

2.4.    approving and directing the Settlement Administrator to cause to be mailed a

Notice substantially in the form attached hereto as Exhibit _____ to all Settlement Class Members in the manner provided herein;

2.5.        determining, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that such notification procedures will provide the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto;

2.6.        scheduling a Settlement Hearing to be held as set forth in the Notice and Summary Notice to determine the reasonableness, adequacy and fairness of the Settlement, for purposes of Rule 23 of the Federal Rules of Civil Procedure, to determine whether Final Judgment should be entered, and to determine whether the application of Plaintiffs and Class Counsel for an award of fees and expenses should be granted. The Settlement Hearing shall be scheduled not less than sixty (60) days after the entry of the Notice Order;

2.7.        approving the proposed Claim and Verification of Assignment of Benefits Form (Exhibit ____);

2.8.        providing that any member of the Settlement Class may exclude himself or herself from said Settlement Class and the Class Action in the manner and with the consequences described in the Notice, providing that all such requests for exclusion must be received by the Settlement Administrator no later than the Claims Deadline, or, if applicable, such later deadline specified in ¶12 herein;

2.9.        providing that Class Counsel shall file with the Court all requests for exclusion which have been received no later than fifteen (15) days after the deadline for submission of requests for exclusion;

2.10.      providing that any member of the Settlement Class who objects to the approval

of this Stipulation may appear at the Settlement Hearing and show cause why the proposed Settlement called for by this Stipulation should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon, and further providing that any such objections or any petition to intervene in the Class Action must be in writing, and both filed with the Court and delivered to Class Counsel and the attorneys for PRUPAC no later than ten (10) business days prior to the Settlement Hearing;

2.11.     providing that no person shall be entitled in any way to contest the approval of the terms and conditions of this Stipulation or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions of ¶ 2.10 herein, and that any member of the Settlement Class who fails to exclude himself or herself from either the Settlement Class in accordance with the provisions of ¶ 2.8 or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising, objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Class Action; and

2.12.     authorizing use and disclosure by PRUPAC and Class Counsel of such information as is contemplated and necessary to effectuate the terms and conditions of this Stipulation, and protecting the confidentiality of the names and addresses of persons insured by PRUPAC and other confidential information pursuant to the terms of ¶ 34 of this Stipulation.

2.13.     At the Fairness Hearing, the Settlement Administrator through Class Counsel shall file with the Clerk of the Court a sworn statement confirming compliance with the requirements of mailing the Notice.

## FINAL APPROVAL OF SETTLEMENT

3.     On the date set by the Court for the Fairness Hearing, the parties shall jointly request the Court to review any petitions to intervene or objections to the Stipulation that have been timely filed and to conduct such other proceedings (including the taking of testimony, receipt of legal memoranda and hearing of arguments from the parties or others properly present at the Fairness Hearing) as the Court may deem appropriate under the circumstances.

4.     At the Fairness Hearing, the parties shall jointly request the Court to enter Final Judgment:

4.1.     determining that mailing the Notice substantially in the form attached hereto as Exhibit _____ to all Settlement Class Members in the manner provided herein is the best method of notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled thereto, and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process;

4.2.     approving the Settlement, without material alteration, finding that its terms are fair, reasonable and adequate to the Settlement Class, for purposes of Rule 23 of the Federal Rules of Civil Procedure, and directing consummation of the Settlement in accordance with the terms and conditions of this Stipulation;

4.3.     approving the requests for exclusion that have been timely submitted to the Court;

4.4.     certifying the Settlement Class for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure;

4.5.     providing that each member of the Settlement Class (except those who are excluded pursuant to ¶ 2.8) shall be bound by this Stipulation, releasing and discharging

13

PRUPAC from all Released Claims, and barring and permanently enjoining Plaintiffs and Settlement Class Members from asserting any of the Released Claims against PRUPAC in any court or forum whatsoever, and dismissing all claims in the Class Action against PRUPAC, on the merits and with prejudice and entering final judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

    4.6.       awarding attorneys' fees and costs as provided in ¶¶26-27, infra;

    4.7.       enjoining PRUPAC from taking PPO discounts in the future unless and until it complies with the Florida Statutes, § 627.736(10) as interpreted by applicable decisional law;

    4.8.       reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Stipulation;

    4.9.       awarding CLASS REPRESENTATIVES, the named Plaintiffs in the Class Action, an incentive award not to exceed the sum of $15,000; provided that such fees are to be paid out of the aggregate amount of Class Member Benefits, as described herein, and further provided that PRUPAC need not pay such fee if doing so would require PRUPAC to pay more than the Settlement Cap, as defined herein; and provided these conditions are complied with, PRUPAC has agreed that it will not oppose these awards; and

    4.10.       awarding such other and further relief consistent with the terms and provisions of this Stipulation, as the parties hereto may agree.

### NOTIFICATION OF CLASS MEMBERS, PUBLICATION AND TRACING

5.    On execution of this Agreement, PRUPAC will conduct a preliminary review to identify members of the Settlement Class and the amounts their medical expense claims were reduced based on Medview, CCN and/or Beech Street PPO discounts. PRUPAC will use its best efforts

to identify all Florida healthcare providers by name, last known mailing address and Taxpayer Identification Number or Social Security Number whose medical expense claims were discounted by PRUPAC based on Medview, CCN and/or Beech Street PPO discounts during the Class Period and will use best efforts to calculate and provide to Class Counsel the aggregate amount of PPO discounts taken per provider.

6.     PRUPAC shall use its best efforts to identify all members of the Settlement Class and the amount of aggregate discounts per provider during the relevant time period and will complete its identification of class members and the amounts of their discounts as soon as practicable under the circumstances.

7.     PRUPAC will provide Class Counsel with a status report within thirty (30) days of the Notice Order setting forth the final results of its efforts to identify such Settlement Class Members, and providing the names, last known addresses and federal identification numbers of each Settlement Class Member so identified.

8.     All reasonable costs of settlement administration, including the costs of notification to the Settlement Class Members, shall be borne by PRUPAC, subject to approval by the Court.

9.     The parties agree that within 30 days of the date of the Notice Order, each Settlement Class Member will be sent a Notice substantially in the form of Exhibit ____ attached hereto about the proposed Settlement, by U.S. mail, postage pre-paid, addressed to his, her, or its last known address, if any, as shown by the records of PRUPAC and/or the information obtained as part of the parties' confirmatory discovery. Notice to class members is to be accomplished by direct mail.

10.    The parties must agree on form and content of a class notice. At a minimum, the notice

must contain a requirement that a class member must complete a form which will:

10.1.    affirm class membership;

10.2.    affirm identity;

10.3.    provide tax identification and/or social security information;

10.4.    verify under oath that to the best of their knowledge and belief formed after reasonable inquiry, the provider(s) hold assignments(s) of benefits or the right to payment for any PRUPAC insureds treated whose bills were subject to a PPO discount by PRUPAC; and

10.5.    be executed under pains and penalties of perjury.

10.6.    Any class member who verifies under oath that they possess assignments of benefits must also agree that they will reimburse those funds to PRUPAC if an insured makes a successful claim for the same benefits. The reimbursement is limited to the amount the provider received as part of the settlement for the specific claim subsequently asserted by the insured.

11.    Each Settlement Class Member shall individually receive a copy of the Notice. If a mailing is returned with a forwarding address provided by the United States Postal Service ("USPS"), then the notice will be remitted to the address or addresses provided by the USPS at PRUPAC's sole cost. If the initial mailing of the Notice as described herein does not result in notice to a Settlement Class Member for any reason, including, but not necessarily limited to, the notice being returned undeliverable, without a forwarding address, or undeliverable after receiving a forwarding address, then PRUPAC will make reasonable efforts to have the bad addresses skip traced in an attempt to find a current address. PRUPAC shall bear the cost of reasonable efforts to locate a Settlement Class Member in this manner up to $5.00 per Settlement Class Member. If the cost of reasonable efforts to locate a Settlement Class Member exceeds

$5.00, then the excess costs shall be deducted from that Settlement Class Member's recovery.

12.     If, prior to the Claims Deadline, PRUPAC receives notice that a Settlement Class Member has not been located, then such Settlement Class Member will retain the right to opt out of the Settlement within fourteen (14) days of receipt of the notice, but not to object. This right shall expire sixty (60) days after the Settlement Effective Date as described herein.

### SETTLEMENT BENEFITS AND CLAIMS PROCEDURES

13.     PRUPAC agrees to pay to each Settlement Class Member who complies with the claims procedures contained herein a cash payment in the form of a check representing sixty (60%) percent of the difference between the amount the Class Member was paid and the amount that the Class Member would have been paid if no PPO discount had been applied during the Class Period (hereinafter "Class Member Benefit(s)"). The determination and calculation of Class Member Benefits by PRUPAC will be based on PRUPAC's records and the confirmatory discovery of Class Counsel and will be binding upon all Class Members. No additional sums shall be paid for statutory PIP interest and/or prejudgment interest. PRUPAC has calculated the aggregate Class Member Benefits to be approximately $450,000. Any portion of this amount not paid to Class Members under this Agreement shall remain the property of PRUPAC. In no event shall PRUPAC be required to pay an amount greater than $562,500 (the "Settlement Cap"), including payment of all attorney's fees.

14.     To be entitled to the Settlement Payment herein described, Settlement Class Members must submit a signed "Claim Form" in substantially the same form annexed hereto as Exhibit ____, and return it by mail to a post office box address established and maintained by the Settlement Administrator, postmarked on or before the Claims Deadline. Settlement Class

Members do not need to present any evidence, documentary or otherwise, other than the signed "Claim and Verification of Assignment of Benefits Form" to be entitled to receive a Settlement Payment. Each Settlement Class Member that executes a "Claim and Verification of Assignment of Benefits" form and submits that form by the deadline described in this paragraph is referred to herein as a "Claimant Class Member."

15.    All Settlement Class Members who fail to submit a "Claim and Verification of Assignment of Benefits Claim Form" postmarked on or before the Claims Deadline shall be forever barred from recovering in any Settlement Payment from PRUPAC pursuant to this Settlement.

16.    PRUPAC shall provide Class Counsel with a copy of all claims made within fifteen (15) business days after the close of the period in which to make claims.

17.    The parties agree that at least one representative from PRUPAC and at least one representative from Class Counsel on behalf of all Claimant Class Members, will review all submitted claims to determine:

17.1.    whether such documents have been timely filed;

17.2.    whether there exists sufficient evidence to support the Claimant Class Member's claimed amount of benefits; and

17.3.    to determine a fair and appropriate award of settlement benefits to such Claimant Class Member; provided, however, that PRUPAC's good faith calculation of the exact monetary benefit each Class Member is to receive shall be binding on that Class Member. The parties agree to work cooperatively and fairly together to arrive at a fair and equitable determination on any Claimant Class Member claim.

18.    Any Settlement Class Member who wishes to be excluded from the Class or the Class Action may do so by filing a request for exclusion in the manner described in the Notice and shall not be a Settlement Class Member or Claimant Class Member for purposes of this Settlement.

19.    Each Settlement Class Member and Claimant Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to their claim, as well as the Final Judgment.

## AGREEMENT AS TO INJUNCTIVE RELIEF RELATING TO PPO DISCOUNTING

20.    As a further benefit to the Class, PRUPAC has discontinued the practice of applying PPO discounts to automobile insurance no fault medical expense claims, and in the future will abide by requirements of Florida Statutes Section 627.736(10), as interpreted by applicable decisional law.

## TREATMENT OF DECEASED SETTLEMENT CLASS MEMBERS, OUT-OF-BUSINESS CLASS MEMBERS, AND BANKRUPT CLASS MEMBERS

21.    Where a Claimant Class Member is deceased and a payment is due to that Member, PRUPAC will, upon receipt of proper notification and documentation, make the payment to such Member's heir(s) or estate.

22.    Where a Claimant Class Member is out-of-business or dissolved and a payment is due to that Member, PRUPAC will, upon receipt of proper notification and documentation, make the payment to such Member subject to valid creditor or governmental taxing authority claims.

23.    Where a Claimant Class Member has declared bankruptcy, is the subject of an open and ongoing bankruptcy proceeding or a closed proceeding, and a payment is due to the Member,

PRUPAC will, upon receipt of proper notification and documentation, make payment to such Member in accordance with U.S. Bankruptcy Code laws.

## COSTS OF NOTICE AND CLAIMS HANDLING

24.     PRUPAC will pay all reasonable costs and fees incurred in providing Notice as described herein to the Settlement Class Members, and of the processing, claim adjustment, and calculation of reimbursement payments as follows:

24.1.     PRUPAC shall bear all reasonable expenses incurred in the administration of the settlement and will either handle claims administration internally and/or, in its sole discretion, hire an external claims administrator. These expenses shall include but not be limited to, the following:

24.2.     printing and mailing the Notice, Proof of Claim forms, and all other documents incident to the Settlement administration process;

24.3.     printing and distributing checks and drafts to Settlement Class Members; and

24.4.     performing any follow-up attempts to redeliver Proof of Claim forms or settlement payments which are returned by the U.S. Post Office, including skip tracing bad addresses.

25.     The parties will work together to effectuate reliable and accurate claims administration.

## ATTORNEYS' FEES AND COSTS

26.     PRUPAC will pay to Class Counsel, subject to Court approval, attorney's fees equal to 25% of the total potential Settlement Fund. PRUPAC has agreed not to oppose a fee petition based on 25% of the Settlement Fund and has further agreed to pay attorney's fees of 25% of the Settlement Fund from monies outside of the Settlement Fund so the payment of attorney's fees

does not deplete any Class Member's settlement benefits.

27.    PRUPAC also agrees to pay all reasonable class settlement administration costs. PRUPAC has further agreed to pay such reasonable settlement administration costs and expenses outside of the Settlement Fund so the payment of costs and expenses does not deplete any Class Member's settlement benefits.

28.    Court awarded attorney's fees to Class Counsel will be paid by wire transfer into the account of KOPELMAN & BLANKMAN, P.A. within ten (10) business days after the expiration of the thirty (30) day appeal period running from the date of Final Approval.

<u>**RELEASE**</u>

29.    Upon the Settlement Effective Date, Settlement Class Members and Claimant Class Members, other than those individuals who timely file a valid Request for Exclusion form, will release all Released Claims as defined above. As part of any Release, Class Members will agree to reimburse PRUPAC for any benefits received under this Settlement that they were not entitled by law to receive. A Class Member's right to reimbursement is limited to the amounts of benefits they were entitled to receive on the specific claim where they were entitled by law to receive said Settlement Benefits. The obligation of Class Members to reimburse PRUPAC for certain benefits paid as part of this Settlement is specifically included in the Settlement to reimburse PRUPAC for benefits paid under this Settlement where a Class Member had no right to receive said benefits.

30.    The Releases set forth herein shall be binding upon the respective heirs, executors, administrators, successors and assigns of the parties thereto.

## TERMINATION AND RELATED MATTERS

31.    Within fifteen (15) business days of the occurrence of notice of any of the following events, PRUPAC shall have the right, exercisable in its own discretion, to terminate this Stipulation by serving written notification of such election to Class Counsel:

31.1.    If approval of this Stipulation is not obtained from the Court or, if on appeal, the Court's approval is reversed or substantially modified; or

31.2.    If the Court should alter, in any way that PRUPAC believes is materially adverse to PRUPAC's interests, any of the terms of the Proposed Settlement without PRUPAC's express written consent; or

31.3.    If in excess of ten percent of the Settlement Class Members submit Requests for Exclusion, in which case PRUPAC shall have the right but not the obligation to elect, in its sole discretion, to terminate the Settlement; or

31.4.    If the Court does not enter the Final Judgment provided for herein; or

31.5.    If this Stipulation, for any reason, does not become final within the meaning of ¶ 41 hereof.

32.    If the Proposed Settlement shall fail for any reason or if this Stipulation shall be terminated by PRUPAC pursuant to ¶ 31 above,

32.1.    this Stipulation and the Proposed Settlement shall not have further force and effect and all proceedings having taken place with regard to this Stipulation or the Proposed Settlement shall be without prejudice to the rights and contentions of the parties hereto or of any potential Class members in the action or in any other litigation; and

32.2.    the Parties hereto agree that they will promptly file a joint motion with the Court

to vacate all orders entered pursuant to the terms of this Stipulation.

33.    If this Stipulation shall terminate:

33.1.    the parties shall not refer to this Stipulation or any approvals of it or attempt to use it in any proceeding against any party (other than a proceeding to enforce the Stipulation itself) for any purpose except to the extent that the parties agree in writing;

33.2.    PRUPAC's appeal to the United States Court of Appeals for the Eleventh Circuit shall be reinstated, and Class Representatives and, if applicable, Class Members shall consent to and will cooperate with any motion reasonably necessary to effectuate that reinstatement; and

33.3.    the parties shall in all respects be returned to their respective statuses immediately prior to the execution of this Stipulation.

## **CONFIDENTIALITY**

34.    It is agreed by the parties hereto as follows:

34.1.    The names, addresses, policy numbers, medical records and other information concerning PRUPAC's insureds that may be compiled by PRUPAC in effectuating this Proposed Settlement and the electronic data processing and other record keeping procedures and materials to be utilized by PRUPAC in identifying potential members of the Settlement Classes and effectuating PRUPAC's other obligations hereunder (the "Information") are represented by PRUPAC to constitute highly confidential and proprietary business information. The confidentiality of the Information shall be protected by entry by the Court of the Notice Order, which includes confidentiality provisions.

35.    It is agreed that no person, other than individuals employed by PRUPAC or to whom PRUPAC has expressly permitted access, shall be allowed access to any Information except:

23

35.1.    Class Counsel and attorneys, experts and clerical personnel employed by such counsel; and

35.2.    such other persons as the Court may order after hearing on notice to all counsel of record.

36.    At no time, except pursuant to Court order after hearing upon notice to all counsel of record, shall any Information be made known or available to any person, other than individuals described in ¶ 35 above and the individuals employed by PRUPAC or to whom PRUPAC has expressly permitted access, unless he or she first signs a statement attesting to the fact that he or she has read and understands the protective order to be entered by the Court pursuant to ¶ 34 above, that he or she agrees to be bound and to comply with the terms of the protective order and that he or she understands that disclosure of Information to unauthorized persons may constitute contempt of court.  Copies of all such signed statements shall be retained by Class Counsel and delivered to PRUPAC upon request.

37.    It is further agreed that after performance of all terms of this Stipulation is complete, upon PRUPAC's request, any and all Information provided by PRUPAC to Class Counsel or anyone else, and all copies thereof shall be promptly returned to PRUPAC.

## OTHER

38.    Neither this Stipulation, approved or not approved, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement (collectively, the "Settlement Documents") is intended to be or shall be construed as or deemed to be evidence of an admission or concession by PRUPAC of any liability or wrongdoing or the truth of any allegations in the

Complaint, and none of them shall be admissible in evidence for any such purpose in this or any other proceeding, except that the Settlement Stipulation and any Orders entered in connection therewith may be offered and received in connection with proceedings as may be necessary to consummate or enforce the Settlement Stipulation, or in any proceeding in which issues are presented which pertain to PRUPAC's compliance with the Settlement or with any Orders which may have been entered at any time in connection with this Settlement. Without limiting the foregoing, in no event shall the Settlement or any Settlement Document waive, or be construed to waive, any defenses or claims PRUPAC may have against a person or entity that would otherwise be a Class Member but for having submitted a timely Request for Exclusion.

39.    All proceedings with respect to the Settlement described by this Stipulation and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the continuing jurisdiction of the Court.

40.    This Stipulation, including but not limited to the Release contained herein, shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its conflict of laws principles.

41.    Any order of the Court contemplated by or entered pursuant to this Stipulation shall be deemed to have become "final":

41.1.    Thirty (30) days after the entry of the order, if no appeal is taken during such thirty-day period; or

41.2.    If during the aforesaid thirty-day period, an appeal is taken from such judgment or order, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date of the

25

expiration of the time to initiate such petitions or proceedings. It is expressly agreed by Class Counsel and by PRUPAC that neither party intends that this paragraph nor any other part of this Stipulation establishes or acknowledges that anyone is entitled to or has the right to appeal from any such orders, which may be entered in connection herewith.

42.     The Plaintiffs shall be entitled to reasonable confirmatory discovery of the information provided by PRUPAC in effectuating this Settlement. This discovery shall be comprised of affidavits and/or depositions to be provided by PRUPAC, which shall verify the information to be provided. Nothing in this Stipulation shall limit Plaintiffs' right to take discovery from any non-PRUPAC person or entity to confirm information relevant to the Settlement.

43.     The Parties agree that each Settlement Class Member will have to, and will have to agree to, reimburse PRUPAC if it later turns out that such Settlement Class Member has already been paid and/or released a particular claim against PRUPAC.

44.     If this Stipulation and the final approval order  contemplated by this Stipulation become final, as of that date, each member of the Settlement Class who has not timely and properly excluded himself or herself from the Settlement Class hereby releases PRUPAC and its officers, directors, agents, attorneys, subsidiaries, divisions, and affiliates from any claim arising out of or related to, or based in whole of in part on any of the facts or matters alleged, or which could have been alleged or which otherwise were at issue in the Class Action.

45.     Within sixty (60) days after the date PRUPAC shall have mailed all Settlement Payments pursuant to this Stipulation and the orders of the Court in this Class Action, PRUPAC shall file with the Court a verified statement of its accounting by its officers or employees with respect to payment of such Settlement Payments.

26

46.    All matters not specifically covered by the provisions of this Stipulation shall be resolved by Stipulation of Class Counsel and counsel for PRUPAC, or if they cannot agree, by the Court.

47.    Class Counsel and counsel for PRUPAC each represent that they are authorized by their respective clients to execute this Stipulation, to take all steps contemplated by this Stipulation, and to effect this Stipulation on the terms and conditions stated herein, and further that they will take all steps on their respective clients' behalf contemplated by this Stipulation.

48.    The service of papers and notices under this Stipulation shall be made upon the Plaintiffs and the Class by mailing such papers on:

Eric Lee, Esq.
LEE & AMTZIS, P.L.
Suite 401
5550 Glades Road
Boca Raton, FL  33431

   and

Carlin Phillips, Esq.
PHILLIPS & GARCIA, LLP
13 Ventura Drive
N. Dartmouth, MA 02747

and upon PRUPAC by mailing such papers on:

Michael Isenman, Esq.
SHEA & GARDNER
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036

49.    This Stipulation represents an integrated document negotiated and agreed to between the parties and shall not be amended, modified or supplemented, nor shall any of its provisions be deemed to be waived, unless by written Stipulation signed by the respective attorneys for the

parties. This document has been drafted jointly and is not to be construed against any party. This Stipulation represents the entire and sole agreement negotiated and agreed to between the parties to this Stipulation.

50.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

PRUDENTIAL PROPERTY AND                ULTRA OPEN MRI CORPORATION
CASUALTY INSURANCE COMPANY
OF INDIANA

By: _____            By: _____

Its: _____           Its: _____

                                        _____
                                        WALTER AFIELD, M.D.


Attorneys for PRUPAC:

John D. Aldock, Esq.                    Kathy J. Maus (Bar No. 896330)
Michael K. Isenman, Esq.                BUTLER PAPPAS
SHEA & GARDNER                          3600 Maclay Boulevard
1800 Massachusetts Ave., N.W.           Suite 101
Washington, D.C. 20036                  Tallahassee, FL 32312
(202) 828-2000                          (850) 894-4111
(202) 828-2195 Facsimile                Fax (850) 894-4999


By: _____
     Michael K. Isenman


Attorneys for the Class:

28

Eric Lee, Esq. (Bar No. 961299)
LEE & AMTZIS, P.L.
Suite 401
5550 Glades Road
Boca Raton, FL 33431

By: _____
    Eric Lee

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.
      _____/            01-6778

ULTRA OPEN MRI CORPORATION,
et al., on behalf of itself and others
similarly situated,

      Plaintiffs,

v.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY

      Defendant.
      _____/

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION WITH PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, OF SETTLEMENT HEARING TO CONSIDER THE PROPOSED SETTLEMENT, AND OF YOUR RIGHTS CONCERNING THE PROPOSED SETTLEMENT

      IF YOU ARE A HEALTHCARE PROVIDER WHO PROVIDED SERVICES TO ANY PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, MERASTAR INSURANCE COMPANY, OR PRUDENTIAL GENERAL INSURANCE COMPANY (COLLECTIVELY, "PRUPAC") AUTOMOBILE INSURANCE PIP CLAIMANT AT ANY TIME BETWEEN MAY 8, 1996 THROUGH OCTOBER 31, 2003, AND YOUR INVOICES OR BILLS WERE REDUCED BY A PREFERRED PROVIDER ORGANIZATION DISCOUNT, PLEASE READ THIS NOTICE CAREFULLY. THIS CLASS ACTION AND THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS.

DOCUMENT / EXHIBIT 3

1.    <u>WHY SHOULD YOU READ THIS NOTICE?</u>

If you are or have been a healthcare provider who provided services to individuals for injuries incurred that were covered by a PRUPAC personal injury protection insurance policy from January 1, 1996 through October 31, 2003, your rights may be affected by a proposed settlement with PRUPAC in the class action lawsuit known as <u>Paul Zidel v. Allstate Insurance Company</u>, Consolidated Case No. 00-6061-CIV-ZLOCH/SNOW (the "Action"), which is part of a number of consolidated class actions pending in the U.S. District Court for the Southern District of Florida (the "Court"). The class representatives have agreed to settle all claims against PRUPAC in the Action in exchange for PRUPAC's agreement to take PPO discounts only in compliance with applicable law and the establishment of a settlement fund against which individuals who are members of the Class (as defined below) can make claims for a settlement payout. The Court has scheduled a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement with PRUPAC, together with certain other matters, to be held on _____, at the United States Courthouse, U.S. District Court for the Southern District of Florida, _____ (the "Settlement Hearing").

You may be a member of the Class and would therefore be entitled to receive the benefits of the proposed settlement. As a member of the class, however, you will also be bound by the release and other provisions of the settlement if it is approved by the Court. You may elect to opt-out of the Class and the settlement, as explained below. You also have a right to object to the settlement or to the application for attorneys' fees and representative plaintiffs' fees which counsel for the Class intend to make to the Court, but only if you comply with the procedures described in this Notice.

BECAUSE YOUR RIGHT TO PURSUE CERTAIN TYPES OF CLAIMS AGAINST PRUPAC AND OTHER DEFENDANTS IN THE ACTION BASED ON PRUPAC'S CONDUCT

2

MAY BE AFFECTED BY THE SETTLEMENT, YOU SHOULD READ THIS NOTICE CAREFULLY.

2.    WHAT IS THIS LITIGATION ABOUT?

The Action has been brought by the representative Plaintiffs, who are healthcare providers in Florida, against a number of automobile insurance companies including PRUPAC. The Complaint in the Action alleges that PRUPAC engaged in conduct intended to improperly reduce payments to healthcare providers for personal injury protection ("PIP") benefits based on PPO reductions. The Complaint claims that this conduct violated various state and federal statutes. The named Plaintiffs in the Complaint also seek recovery on various common law theories, including unjust enrichment and breach of contract.

The Action is one significant component of litigation asserting these claims and certain others against numerous insurance companies which began in early 2000 and were ultimately consolidated. Since the initial Complaints were filed, substantial litigation has occurred in the Action, and the matters are presently on appeal at the Eleventh Circuit Court of Appeals with regard to the District Court's Order denying the respective insurance companies' Motions to Compel Arbitration. The Defendants in the Action, including PRUPAC, have appealed the ruling regarding arbitration to the Eleventh Circuit Court of Appeals and proceedings on that appeal are still ongoing. As part of the settlement, PRUPAC will no longer actively participate in that appeal, the appeal is stayed, but the parties expect the other Defendants, who are not parties to the proposed settlement, to continue to pursue that appeal and to defend the claims asserted in the Action on various grounds.

3.    WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

In the Settlement Agreement (the "Settlement Agreement"), the representative Plaintiffs have agreed to settle all claims that were or could have been asserted against PRUPAC and its affiliates and subsidiaries in the Action in exchange for PRUPAC's agreement to discontinue taking PPO discounts and for certain monetary consideration.  The terms of the Settlement Agreement are summarized in this Notice, but a copy of the entire Settlement Agreement can be viewed on the following website: http://www.prupac.net.

None of the Defendants in the Action other than PRUPAC are parties to this proposed Settlement Agreement and even if the Settlement Agreement is approved by the Court, the representative Plaintiffs and other representative Plaintiffs intend to continue to prosecute their claims against the other Defendants in the Action.

a.    The Settlement Class.

The proposed settlement will be on behalf of a settlement class (the "Class") consisting of all Florida healthcare providers that provided medical services to a patient covered by a PRUPAC automobile insurance policy issued in the state of Florida, where that patient submitted an assignment of benefits or direction to pay to the healthcare provider, that healthcare provider submitted one or more bills for payment to PRUPAC for services rendered to the patient, and PRUPAC reduced the amount it paid to the healthcare provider in satisfaction of that bill or bills based on the application of a PPO discount during the class period.

b.    The Settlement Consideration.

If the settlement is approved by the Court, the Settlement Agreement provides for both monetary and other benefits to be provided by PRUPAC to members of the Class.

      i.      Business Practice Initiatives.

As part of the settlement, PRUPAC has discontinued taking PPO discounts on PIP bills, and has agreed that in the future it will abide by requirements of section 627.736(10), Florida Statutes, as interpreted by applicable decisional law.

      ii.     The Settlement Fund.

Under the proposed settlement, PRUPAC has agreed to the establishment of a settlement fund in the aggregate amount of $450,000 dollars. If the settlement is approved by the Court, each member of the Class will be entitled to payments from the settlement fund equal to 60% of the PPO discounts taken by PRUPAC, less the applicable deductible and copayments, from any payments PRUPAC made to that Class member during the class period. No attorneys' fees will be deducted from these settlement payments.

      c.     The Release and Dismissal with Prejudice.

In exchange for the consideration, if the Settlement Agreement is approved, the Action will be dismissed with prejudice as to PRUPAC. In addition, PRUPAC will receive a release and discharge from the Class (which would not include members of the Class who timely elect to opt-out of the settlement as discussed below) of any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs, and causes of action (each, a "claim"), accrued or unaccrued, which existed on or before October 31, 2003 in favor of Plaintiffs or the Settlement Class against PRUPAC, including all PRUPAC entities who underwrote automobile insurance in the State of Florida during the Class Period and/or participated in PPO discounting in Florida as well as these entities' present and former officers, directors, employees, agents and representatives, which arise out of or are based upon the acts, transactions, occurrences and events alleged in the Class Action, including without limitation any "extra-contractual" or bad faith claims

premised upon the Complaint's factual allegations, whether any such claim was or could have been asserted by any releasing party on its own behalf or on behalf of other persons.

4.    WHAT WILL HAPPEN AT THE SETTLEMENT HEARING?

As mentioned above, the Settlement Hearing will be held on _____ at the United States Courthouse, U.S. District Court for the Southern District of Florida _____. However, the Order scheduling that hearing also provides that it may be adjourned by the Court and that no additional notice will be provided to potential members of the Class other than an announcement in open court.

At the Settlement Hearing, the Court will consider several different issues.

a.    First, the Court will consider whether the proposed settlement of the Action with PRUPAC that is reflected in the Settlement Agreement is fair, reasonable, and adequate to members of the Class.

b.    Second, the Court will consider whether it should certify the Class pursuant to Rules 23(a), (b) (2) and (b) (3) of the Federal Rules of Civil Procedure. Among other things, this will require the Court to determine (i) whether questions of law or fact to the members of the Class predominate over questions affecting only individual members of the Class, and (ii) whether a class action is superior to other available methods for fair and efficient adjudication of the controversy. If the Court certifies the Class, potential Class members who have elected to opt-out from the Class by following the procedures described below will be excluded from it.

c.    Third, the Court will consider whether to enter orders that would prevent members of the Class from asserting certain claims against PRUPAC in the future.

d.    The Court will consider the application for a payment of fees to the representative Plaintiffs by PRUPAC, which is discussed in more detail below.

e.    Finally, the Court will consider an application by counsel to the Class for attorneys' fees and expenses to be paid by PRUPAC, which is also discussed in more detail below.

5.    CAN I OBJECT TO THE SETTLEMENT?

Anyone who wishes to object to the proposed settlement with PRUPAC, the Settlement Agreement, the application for Plaintiffs' attorneys' fees or the other matters to be considered at the Settlement Hearing may appear and present such objections.  In order to be permitted to do so, however, you must, on or before _____, 2004:

a.    File with the Court a notice of your intention to appear, together with a statement setting forth your objections, if any, to the matter to be considered and the basis for these objections, together with any documentation that you intend to rely upon at the Settlement Hearing;

b.    File a copy of a valid assignment of benefits from a claimant demonstrating your standing to set forth any objections to the settlement; and

c.    Serve copies of all such materials either by hand delivery or by first-class mail, postage pre-paid, upon the following counsel:

Eric Lee, Esq.
Lee & Amtzis, P.L.
Suite 401
5550 Glades Road
Boca Raton, FL  33431

Carlin Phillips, Esq.
Phillips & Garcia, LLP
13 Ventura Drive
N. Dartmouth, MA  02747

Michael K. Isenman, Esq.
Shea & Gardner
1800 Massachusetts Ave. NW
Washington, DC 20036

If you do not comply with the foregoing procedures and deadlines for submitting written objections and/or appearing at the Settlement Hearing, you may lose substantial legal rights, including but not limited to, the right to appear at the Settlement Hearing; the right to contest approval of the proposed settlement or the application for an award of attorneys' fees and expenses to Plaintiffs' counsel; the right to contest approval of the application for an award of a fee to representative Plaintiffs; or the right to contest any other orders or judgments of the Court entered in connection with the proposed settlement.

If the Court does not approve the proposed settlement, the Settlement Agreement will be null and void. If there are further actions taken in the Action that effect your rights, you will receive notice as determined by the Court.

6.    HOW DO I FILE A CLAIM?

As discussed above, the proposed settlement contemplates certain settlement payments to members of the Class who timely submit claim forms to the settlement administrator. The form requires that you: affirm that you are a member of the class; affirm your identity; provide tax identification and/or social security information; verify that you hold assignments(s) of benefits or the right to payment for any individual treated whose bills were subject to a PPO discount by PRUPAC; and execute it under oath. In order to qualify for a settlement payment, you must complete and sign the enclosed claim form and sign the form, then mail the completed and signed form by **NO LATER THAN** _____ to:

PRUPAC Settlement Administrator
Wachovia Information Consulting
210 N. Ridgecrest Lane, Suite 100
Jacksonville, FL 32259

**IN ORDER TO BE ENTITLED TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN A CLAIM FORM AND THE ENVELOPE RETURNING YOUR CLAIM FORM MUST BE POST-MARKED BY NO LATER THAN _____, 2004. IF YOU DO NOT MAIL YOUR ASSIGNED CLAIM FORM BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND. IF YOU FILE A CLAIM, YOU WILL BE ELECTING TO BE A MEMBER OF THE CLASS AND WILL BE BOUND BY ALL PROCEEDINGS, ORDERS, AND JUDGMENTS ENTERED IN CONNECTION WITH THE PROPOSED SETTLEMENT INCLUDING THE RELEASE AND DISMISSAL WITH PREJUDICE DESCRIBED ABOVE.**

7.    WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?

If you do not want to be a member of the Class and participate in the proposed Settlement, then **BY NO LATER THAN _____, 2004**, you must send a signed statement to that effect that includes your name, business address, telephone number and federal tax identification number or social security number to the following:

PRUPAC Settlement Administrator
Wachovia Information Consulting
210 N. Ridgecrest Lane, Suite 100
Jacksonville, FL 32259

**TO BE CONSIDERED TIMELY AND TO EFFECTIVELY OPT-OUT OF THE SETTLEMENT, YOUR COMPLETED AND SIGNED OPT-OUT NOTICE MUST BE POST-MARKED BY NO LATER THAN _____, 2004. IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT-OUT WILL BE DEEMED WAIVED AND YOU**

**WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.**

If you choose to opt-out of the settlement and the settlement Class, you will not be entitled to receive the benefits of the proposed settlement with PRUPAC, including any payment from the settlement fund. Your claims against PRUPAC will not be released and you will be free to pursue any claims you believe you have by filing a separate action or request for arbitration if you are subject to an arbitration agreement.

8.    WHAT ABOUT ATTORNEYS' FEES AND EXPENSES?

Since the beginning of this litigation, Plaintiffs' counsel in the Action have not received any payment for their services in prosecuting the Action, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the proposed settlement, counsel to the Plaintiff Class will apply to the Court for an award of attorneys' fees, including costs and expenses. In the Settlement Agreement, PRUPAC has agreed not to oppose such an application up to an aggregate amount of $112,500. If the Court awards Plaintiffs' attorneys' fees and expenses in an amount no greater than that amount, PRUPAC will pay the amount awarded by the Court to Plaintiffs' counsel. This payment is in addition to the Settlement Fund described above and will not reduce the amount available to members of the Class if the proposed settlement is approved.

9.    WHAT ARE THE REPRESENTATIVE PLAINTIFFS' FEES?

In addition to the application for attorneys' fees and expenses described in the preceding section, in connection with the Court's consideration of the proposed settlement, the Representative Plaintiffs intend to seek an award from the Court in the amount of up to $5,000 for each Representative Plaintiff, which if awarded would be in addition to the settlement consideration that will be available to members of the Class generally. In the Settlement Agreement, PRUPAC has

agreed not to oppose such an application up to $5000 for each Representative Plaintiff. If the Court awards Representative Plaintiffs a fee up to that amount, PRUPAC will pay such amount to the Representative Plaintiffs.

10.    WHO CAN I CONTACT WITH QUESTIONS?

If you have questions regarding this notice, the proposed settlement with PRUPAC or the Action generally, you can obtain additional information from the following sources:

By telephone:  The Settlement Administrator's telephone number is (877) 332-0716.

By mail:        Laurence M. Kopelman
                Kopelman & Blankman
                350 E. Las Olas Blvd., Ste. 980
                Ft. Lauderdale, FL 33301

                Carlin Phillips, Esq.
                Phillips & Garcia, LLP
                13 Ventura Drive
                N. Dartmouth, MA 02747

**PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE.**

11.    EXAMINATION OF PAPERS.

This notice is a summary and does not describe all details of the proposed settlement with PRUPAC, the Settlement Agreement or the proceedings in the Action generally. Complete copies of the Settlement Agreement and certain pleadings and papers filed in the Action can be reviewed at the office of the Clerk of the Court, United States Courthouse, U.S. District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 during regular business hours.

12.    REQUEST TO FORWARD THIS NOTICE.

If you would otherwise be a member of the Class described in this notice but you have assigned any claims that might be covered by the proposed settlement or be released as described above, please forward this notice to the appropriate person as soon as possible.

Dated _____, 2004.

BY ORDER OF THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-FERGUSON/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/               01-6778

ULTRA OPEN MRI CORPORATION,
et al., on behalf of itself and others
similarly situated,

      Plaintiffs,

v.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY

      Defendant.

_____/

## CLAIM AND VERIFICATION
## OF ASSIGNMENT OF BENEFITS FORM

DEADLINE FOR SUBMISSION: _____, 2004

IF YOU ARE A MEMBER OF THE CLASS, YOU MUST COMPLETE THIS FORM IN

ORDER TO BE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT.

      As described in the enclosed Notice of Proposed Settlement, members of the class who

properly fill out this form are entitled to receive a cash payment. Your settlement payment will be

ATTACHMENT / EXHIBIT 4

based upon 60% of the PPO reductions taken by Prudential Property And Casualty Insurance Company of Indiana, Prudential Property and Casualty Insurance Company of New Jersey, Merastar Insurance Company, and Prudential General Insurance Company (collectively, "PRUPAC"), less the applicable deductible and copayments, from bills you submitted during the class period.

To obtain payment, members of the class must complete this claim form, sign it under oath, and submit it to the settlement administrator prior to _____, 2004. You do not need to submit any additional documentation. The amount you will receive is specified on the last page attached attached to this form, which is based upon PRUPAC's books and records for the period beginning from May 8, 1996 through October 31, 2003, which is the class period.

Any questions about this procedure should be addressed to the settlement administrator at:

PRUPAC Settlement Administrator
Wachovia Information Consulting Group
210 N. Ridgecrest Lane, Suite 100
Jacksonville, FL 32259

## CERTIFICATION

I hereby certify, under penalty of perjury, that:

1. I am either (check one):

_____ (a) the class member listed on the attached page. (You need not complete part 1(b) below.)

_____ (b) the authorized representative of the class member listed on the attached page. (Please complete the following.) I further certify under penalty of perjury that:

(i)    My name is _____.

(ii)   My title is _____.

2

(iii)    I am authorized by the class member on the attached page to complete and execute this Certification on the class member's behalf, and to bind the class member as if that class member executed this document itself.

2. I have reviewed the enclosed notice of proposed settlement.

3. The person or entity listed on the attached page (the "Class Member") is a member of the class (as described in the enclosed Notice of Proposed Settlement).

4. I am directing the settlement administrator to pay to the Class Member the settlement payment specified on the attached page.

5. To the best of my knowledge and belief, formed after reasonable inquiry, (a) the Class Member holds the assignment(s) of benefits for the PRUPAC insureds listed on the attached page, (b) each such insured was treated by the Class Member, (c) the bills for such treatment were submitted to PRUPAC, and (d) PRUPAC's reimbursement or payment of such bills was reduced by application of a PPO discount.

6. In the event an insured makes a successful claim for the same benefits for which I am being paid in this settlement, I will cause the Class Member, and I have the power and authority to cause the Class Member, to reimburse those funds to PRUPAC. Any such reimbursement is limited to the amount the Class Member receives as part of the settlement for the specific claim asserted by the insured.

Under penalties of perjury, I declare that the foregoing statements are true and correct.

_____

Signature

_____

Print Name (please print clearly)

_____

Title (if signing in a representative
capacity).  Please print clearly.

_____

Name of Class Member (if other than person signing).

_____

Address

_____

City, State, Zip Code

_____

Tax ID Number or Social Security Number
of Class Member (please print clearly)

_____

Telephone Number

*Note:  If you do not submit this form to the settlement administrator prior to* _____,

*2004, you will give up any right to receive payment under the Settlement.  If you validly submit this*

*form to the settlement administrator prior to* _____, *2004, your claim will be processed by*

*the settlement administrator.*

4

CONSOLIDATED CASE NOS. 00-6061 AND 01-6778-CIV-ZLOCH/SNOW

## CERTIFICATE OF SERVICE

I hereby certify that I caused copies of the foregoing Joint Motion for Preliminary

Approval of Settlement to be served upon the counsel in the accompanying service list by U.S.

Mail, postage prepaid, on July 12, 2004.

Lauren D. Levy

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW)
(Updated 1/13/03)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 401
5550 Glades Road
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd.
Ste. 1100
Miami, FL  33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd., Ste. 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile