UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA    FILED BY: _____ D.C.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW    2004 JUL 27  PM 3: 37

CLERK U.S. DIST. CT.
S.D. OF FL.-FTL.

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

        Plaintiffs,
    v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants.
_____/

## CLASS PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO CASEY FUNDARO, ESQ.'S OBJECTION
## TO SETTLEMENT AND SWORN PETITION FOR ATTORNEY'S FEES

Class Plaintiffs DR. PAUL ZIDEL, KEITH BRICKELL, D.C., P.A., MARC J. BROWNER,

D.C., SALVATORE D. LARUSSO, D.C., DR. ANDREW ELLOWITZ, ULTRA OPEN MRI

CORPORATION, DR. WALTER AFIELD, and THE CHIROPRACTIC CENTER, INC.

(collectively, "Class Plaintiffs"), by their undersigned counsel, hereby submit their Memorandum of

Law in Opposition to Casey Fundaro, Esq.'s ("Fundaro") Objection to Settlement and Sworn Petition

for Attorney's Fees ("Petition for Fees").  For all the reasons set forth herein, the Class Plaintiffs

respectfully submit that Fundaro's Petition for Fees should be denied in all respects.

### INTRODUCTION

Fundaro's Petition for Fees is an obvious effort by Fundaro to improperly benefit from the

extensive work performed by the attorneys representing the Class Plaintiffs in this matter for the past

four years.  When Fundaro met with class counsel in April 2001, he indicated that his client, THE

CHIROPRACTIC CENTER, INC. ("TCCI") desired to be a class representative in actions against

METROPOLITAN CASUALTY INSURANCE COMPANY ("METROPOLITAN") and

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

SUPERIOR INSURANCE COMPANY ("SUPERIOR"). (Ex. 1, ¶ 4).[1] Since class counsel already represented class representatives in thirteen matters, Fundaro was advised TCCI could pursue its claims against METROPOLITAN and SUPERIOR, that Fundaro could act as co-counsel in the METROPOLITAN and SUPERIOR cases, that a written Contingency Fee Agreement would need to be entered into among the class representatives, class counsel, and Fundaro, and that Fundaro would not be co-counsel in the thirteen remaining matters. (Ex. 1, ¶ 7). Fundaro agreed that he would be co-counsel solely in the METROPOLITAN and SUPERIOR cases and that he would not assert any claims or seek the recovery of any attorneys' fees generated from any cases other than the METROPOLITAN and SUPERIOR cases. (Ex. 1, ¶ 8). For the past three years, Fundaro has been co-counsel solely in the METROPOLITAN and SUPERIOR cases. Fundaro does not have a written Contingency Fee Agreement with any class representative other than TCCI. (Ex. 1, ¶ 9). Thus, Fundaro's Petition for Fees is a sad example of an attorney's greed and desperation taking precedent over the true facts and applicable law.

## FACTS

Rather than provide the lengthy details of the extensive procedural background of these class actions, the docket sheet containing hundreds of filings demonstrates that the Class Plaintiffs have been vigorously pursuing these actions for the past four years. The Class Plaintiffs have asserted claims against the Defendant insurance companies for violations of the Racketeer Influenced and Corrupt Organizations Act, breach of contract, unjust enrichment, and a violation of Section 627.736(10), Florida Statutes. Class Plaintiffs have asserted these causes of action against the Defendants for claims arising under Florida's Personal Injury Protection Statutes ("PIP"). Basically, the Class Plaintiffs have alleged that the Defendants improperly reduced their bills for services

---

[1] The Affidavits of Carlin Phillips, Esq., Lawrence M. Kopelman, Esq. and Andrew Garcia, Esq. are attached hereto as Composite Exhibit "1."

LEE & AMTZIS, P.L.
Attorneys at Law

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

rendered to individuals injured in automobile accidents based on preferred provider organization ("PPO") rates in violation of the applicable insurance policies and the Florida Statutes. The result of the application of PPO rates to the PIP bills was to reduce the amounts paid to healthcare providers throughout the State of Florida.

As the parties' Joint Status Report filed in February 2004 indicates, all Defendants, with the exception of the PROGRESSIVE Defendants, SUPERIOR, BEECHSTREET, and ADP have appealed the Court's Order denying all respective Motions to Compel Arbitration. These appeals have all been consolidated. The consolidated appeal has been stayed by the Eleventh Circuit pending the resolution of certain settlements.

**Settled cases.**

The following cases have been settled and the status of the settlement is indicated:

1.    Ultra Open MRI Corp. v. Integon National Insurance Company and Integon General Insurance Company (Case No. 01-6780)

This matter has been settled. The Eleventh Circuit has issued an order of remand to allow the settlement to be approved and completed. The parties have filed a motion for preliminary approval and have requested a brief hearing for preliminary approval and to explain the settlement to the Court.

2.    Salvatore Larusso v. Hartford Ins. Co. of the Midwest (Case No. 01-8111)

This matter has been settled. The Defendant is in the process of compiling information needed in order to complete the settlement documents.

3.    The Chiropractic Centre, Inc. v. Metropolitan Casualty Insurance Company (Case No. 01-6783)

This matter has been settled. The Eleventh Circuit has issued an order of remand to allow the settlement to be approved and completed. The parties are preparing the necessary settlement documents and are awaiting finalization of arrangements with a settlement administrator so that the settlement documents can be finalized and submitted to the Court. The parties will be filing a motion for preliminary approval and will be requesting a brief hearing for preliminary approval and to explain the settlement to the Court.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

4.      Ultra Open MRI Corporation and Walter E. Afield, M.D., P.A. v. Prudential Property & Casualty (Case No. 01-6778)

This matter has been settled.  The Eleventh Circuit issued an order of remand to allow the settlement to be approved and completed.  The parties have filed their motion for preliminary approval and have requested a brief hearing for preliminary approval and to explain the settlement to the Court.

5.      Salvatore D. Larusso, D.C. d/b/a Family Chiropractic Center, on behalf of himself and all others similarly situated v. Liberty Mutual Insurance Company and Community Care Network, Inc. (Case No. 00 7692)

This matter has been settled.  The parties have filed a Motion with the Eleventh Circuit seeking partial remand.  Upon partial remand, the parties will file a joint motion for preliminary approval and will request a brief hearing.

## Continuing Settlement Discussions

In the following cases, the parties have been involved in continuing settlement discussions:

1.      Salvatore D. Larusso, D.C. d/b/a Family Chiropractic Center, on behalf of himself and all others similarly situated v. Nationwide Insurance Company of America (Case No. 01 8109)

2.      Dr. Andrew Ellowitz, on behalf of himself and all others similarly situated v. American International Insurance Company (Case No. 01 8549)

This Court has not preliminarily approved any of the above settlements.  The Class Plaintiffs and Defendants in those cases are awaiting the scheduling of a hearing to preliminarily approve the class action settlements so that the parties can provide notice to the class members and a final settlement hearing can be scheduled.  In accordance with the terms of the Settlement Agreements, until such time as the Settlement Agreements are preliminarily approved, objections to the settlements are premature.[2]

---

[2] A careful reading of Fundaro's Petition for Fees indicates that his only objection to the pending settlements is that they provide for payment of attorneys' fees to class counsel and that Fundaro believes he should receive some of the attorneys' fees.  Although the Petition for Fees is titled as an "objection to settlement," Fundaro is not objecting to the actual settlement of these cases, but is merely asserting his alleged claim for fees.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

## ARGUMENT

**I.    FUNDARO IS CONTRACTUALLY BARRED FROM SEEKING ATTORNEYS' FEES IN ANY ACTIONS OTHER THAN THE SUPERIOR AND METROPOLITAN CASES.**

In April 2001, when Fundaro met with class counsel to discuss representation of a potential class plaintiff, he was advised that class counsel would represent TCCI as a class representative against SUPERIOR and METROPOLITAN. (Ex. 1, ¶ 6). Fundaro was advised that he would not be co-counsel in the thirteen other matters in which class counsel were involved. (Ex. 1, ¶ 7). Fundaro was advised that in order for him to become co-counsel for TCCI in the matters to be brought against METROPOLITAN and SUPERIOR, that he would have to agree not only that he would not be co-counsel in the thirteen remaining cases, but that he would not make any claim to attorneys' fees or costs from those matters. (Ex. 1, ¶ 7). Fundaro agreed that he would only seek attorneys' fees and costs pursuant to the written Contingency Fee Agreement entered into in the METROPOLITAN and SUPERIOR cases. (Ex. 1, ¶¶ 8-9). Fundaro agreed that he would not seek attorneys' fees or costs in any of the other cases in which he was not a party to a written Contingency Fee Agreement. (Ex. 1, ¶ 8).

Fundaro acknowledges that he was retained on a contingent fee basis. Pursuant to Rule 4-1.5 of the Rules Regulating the Florida Bar ("Rule 4-1.5"):

(f) Contingent Fees. As to contingent fees:

(1) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (f)(3) or by law. **A contingent fee agreement shall be in writing** and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial, or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingency fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery,

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

showing the remittance to the client and the method of its determination.

(2) **Every lawyer** who accepts a retainer or enters into an agreement, express or implied, for compensation for services rendered or to be rendered in any action, claim, or proceeding whereby the lawyer's compensation is to be dependant or contingent in whole or in part upon the successful prosecution or settlement thereof shall do so only where such fee arrangement is reduced to a written contact, signed by the client, and by a lawyer for the lawyer or for the law firm representing the client. **No lawyer or firm may participate in the fee without the consent of the client in writing. Each participating lawyer or law firm shall sign the contract with the client and shall agree to assume joint legal responsibility to the client for the performance of the services in question as if each were partners of the other lawyer or law firm involved**. The client shall be furnished with a copy of the signed contract and any subsequent notices or consents. All provisions of this rule shall apply to such fee contracts.

(emphasis added).

An attorney who does not have a signed retainer agreement or contract with the client is prohibited from obtaining an award of attorneys' fees. D.H. Blair & Co., Inc. v. Johnson, 697 So.2d 912 (Fla. 4th DCA 1997) (citing Perez v. George, Hartz, Lundeen, Flagg & Fulmer, 662 So.2d 361 (Fla. 3d DCA 1995)). "[A] contingent fee contract entered into by a member of The Bar must comply with the rule governing contingent fees in order to be enforceable . . . thus, a contract that fails to adhere to these requirements is against public policy and is not enforceable by the member of The Florida Bar who has violated the rule." Chandris, S.A. v. Yanakakis, 668 So.2d 180, 185-186 (Fla. 1995).

Moreover, pursuant to Rule 4-1.5(f)(2), a contingency fee arrangement must be reduced to writing, must be signed by each participating lawyer, and "[n]o lawyer or firm may participate in the fee without the consent of the client in writing." When an attorney or firm fails to enter into a signed retainer or agreement or contract with the client, they are precluded from participating in any fee award. In fact, efforts to receive a contingent fee without a written contract or based upon an alleged oral agreement are unethical and can subject an attorney to disciplinary proceedings by The Florida Bar. See The Florida Bar v. Carson, 737 So. 2d 1069 (Fla. 1999); The Florida Bar v. Rubin, 709 So.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2d 1361 (Fla. 1998).

As Fundaro must admit, he is not a signatory to any of the written Contingency Fee Agreements, other than the METROPOLITAN and SUPERIOR Agreements.  In addition to the original Contingency Fee Agreements that were entered into by the parties, when Plaintiffs' co-counsel, Eric Lee, Esq., left Atlas Pearlman, P.A. in April 2002, Amended Contingency Fee Agreements were entered into by all counsel and all parties.  (Ex. 1, ¶ 10).  Once again, in accordance with Fundaro's agreement not to seek attorneys' fees or costs from any action other than the METROPOLITAN and SUPERIOR cases, Fundaro was a party to the written Amended Contingency Fee Agreements in the SUPERIOR and METROPOLITAN cases, but was not a party to the remaining Agreements.  (Ex. 1, ¶ 10).  These cases have been consolidated for discovery purposes only.  Fundaro has not established that he is counsel in any case other than the SUPRERIOR and METROPOLITAN cases.  Fundaro has not, in writing, entered into an agreement with the other Class Plaintiffs agreeing to assume joint legal responsibility for the clients.  Thus, with the exception of the METROPOLITAN and SUPERIOR cases, Fundaro has no right to obtain any attorneys' fees or costs.

## II.    FUNDARO IS NOT ENTITLED TO ATTORNEYS' FEES UNDER A *QUANTUM MERUIT* THEORY.

Fundaro requests an evidentiary hearing to determine the reasonable amount of his fees.  As addressed above, Fundaro contractually agreed to seek attorneys' fees and costs solely in the METROPOLITAN and SUPERIOR cases.  Pursuant to his agreement in those cases, he has already agreed to the amount he is entitled to.[3]  Fundaro's Petition for Fees demonstrates that he is actually seeking attorneys' fees and costs incurred in State Court actions in which he represented individual

---

[3] In the event that this Court determines an evidentiary hearing is warranted to determine whether Fundaro is entitled to attorneys' fees under a *quantum meruit* theory in the thirteen cases in which Fundaro is not counsel, discovery is necessary to properly determine whether Fundaro's allegations in the Petition for Fees are, in fact, true.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

clients. The total amount of time Fundaro has admittedly spent on the pending class actions is only, at best, less than 35 total hours. (See Petition for Fees at Ex. Z3, Z4, and Z5).

Fundaro claims to have incidentally benefited the class by the independent actions he pursued in State Court for his clients. However, incidental benefits cannot form the basis for fees in these class actions. In Class Plaintiffs v. Jaffe & Schlesinger, P.A., 19 F.3d 1306 (9th Cir. 1994), the Court addressed a more compelling case in which attorneys' fees were sought by counsel who actually provided benefits to the class on numerous legal and factual issues. In denying attorneys' fees, the Court found:

> It is well established that an award of attorneys' fees from a common fund depends on whether the attorneys' "specific services benefited the fund—whether they tended to create, increase, protect or preserve the fund." Lindy Bros. Builders, Inc. v. American Radiator, Etc., 540 F.2d 102, 112 (3d Cir. 1976) (hereinafter "Lindy II"). The district court applied the Lindy II rule.
>
> Although the district court conceded that the [petitioning] counsels' efforts may have benefited the Class Plaintiffs, it concluded that the litigation undertaken by the [petitioning] counsel was not sufficiently related to the class action involving Class Counsel. The court found that
>
>> the state court proceeding was an independent, somewhat parallel action in a different forum. It was not undertaken by MDL Counsel. **It was not waged on behalf of the entire Class, and the entire Class would not have shared all potentially attainable benefits**. The two actions were distinct and detached. Thus, while the cases may have been "related," the relationship was attenuated.
>
> WPPSS II, 779 F.Supp. at 1225 (footnote omitted). Counsel do not inform us how this conclusion was erroneous.
>
> The [petitioning] counsel did not represent the Class Plaintiffs in [the case at issue], but represented distinct plaintiffs in another proceeding in state court. No money judgment or settlement fund was generated in that litigation. We know of no authority which mandates an award of fees to attorneys not formally representing the class, whose activities in representing others incidentally benefit the class.

(emphasis added).

Similarly, where legal work is performed on behalf of individuals who pursue their

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

claims outside of a class action proceeding, attorneys' fees sought by their counsel must be denied.

In re Prudential Securities Inc. Ltd. Partnerships Litigation, 911 F. Supp. 135 (S.D.N.Y. 1996). As

the court specifically addressed:

> "The question of whether, and to what extent, a Firm that represents private parties in separate litigation can recover attorney's fees in a class action covering the same matter has arisen in connection with previous settlements. Courts have held that work that was not undertaken for the purpose of benefiting the class (**as opposed to the lawyers' private clients**), or which did not actually result in such a benefit, could not be the basis for a fee award." In re: Prudential-Bache Energy Income Partnerships Securities Litigation, 1994 WL 202394, *11, 1994 U.S.Dist. LEXIS 6621, *29 (E.D.La. May 18, 1994).
>
> Neither the case law nor equity requires compensation where the benefit contributed is incidental, or of a minimal or *de minimis* value to the class. Class Plaintiffs v. Jaffe & Schlesinger, P.A., 19 F.3d 1306, 1309 (9th Cir. 1994) ("We know of no authority which mandates an award of fees to attorneys not formally representing the class whose activities in representing others incidentally benefit the class."); Cranston, 504 F.2d at 579; In re Marine Midland Motor Vehicle Leasing Lit., 155 F.R.D. 416, 423 (W.D.N.Y. 1994).
>
> Moreover, **where legal work has been performed on behalf of claimants who have elected to exclude themselves from the class—particularly where, as here, they have done so at the behest of the counsel seeking fees—it would be inappropriate to impose the cost of that work on the class.** See, generally, Class Plaintiffs, 19 F.3d at 1306; In re "Agent Orange" Product Liability Litigation, 818 F.2d 226 (2d Cir. 1987); Cranston, 504 F.2d at 579; Marine Midland, 155 F.R.D. at 422-423).

It is extremely important to note that out of the more than 500 hours Fundaro claims to have

put into this matter, less than 35 hours relate to this class action. (Petition for Fees Ex. Z1, Z2, Z3).

The remaining timesheets relate to cases in which Fundaro represented providers (his clients) in

individual lawsuits filed in the State Courts. Fundaro is seeking compensation for 585.5 hours of

which he admits, less than 35 hours were spent in this case.[4] Interestingly, in the case in which he

seeks 135.4 hours worth of compensation, it appears that Fundaro may have acted detrimentally to

---

[4] Discovery may be necessary to determine whether Fundaro was compensated in those cases and how the cases were ultimately resolved. All of the cases proffered by Fundaro relate to actions that were pending over two years ago and nowhere in Fundaro's Petition for Fees does he indicate how these cases were resolved.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

the class when he lost on the defendant's motion for summary judgment (Ex. Y). Moreover, in many of the cases, there are references to attorneys' fee hearings. Fundaro does not indicate whether he has already been compensated in those cases. Finally, Fundaro refers to numerous cases in which he represented clients in which the cases have been settled. (Ex. V). Clearly, it appears that Fundaro has benefited substantially from his representation in his individual state court cases.[5]

Fundaro had an independent obligation to represent his clients in every case he pursued. That obligation is independent of any perceived obligation he thought he had to the Class Plaintiffs. Moreover, as Fundaro's Petition for Fees points out, Fundaro's entire basis for proceeding in these cases was the David W. Ice v. Progressive Bayside Insurance Company Order entered in December 2000 (Ex. D). As the Order indicates, it was obtained by Larry Kopelman, Esq., co-counsel for the Class Plaintiffs herein. Fundaro would be hard pressed to show any case in which he did not rely on this critical decision and Fundaro's claim that he somehow was the originator of these issues is baseless.

As the Petition for Fees proves, Fundaro did not have anything to do with the class action cases during the past three years. Nowhere in Fundaro's Petition for Fees does he indicate that he attended a single hearing, had any part in responding to the dozens of Motions filed by the Defendants, had any part in the dozens of Motions filed by the Class Plaintiffs, had any involvement in any settlement discussions, had any involvement in any settlement meetings that took place outside of Florida, had any involvement in the numerous mediations that took place in Miami pursuant to the pending appeal in the Eleventh Circuit, or that he had any involvement in working on

---

[5] If an evidentiary hearing and discovery are scheduled, Class Plaintiffs will demonstrate that this Petition for Fees is not the first time Fundaro has attempted to extract fees from class counsel. Fundaro's October 3, 2002 letter (Ex. F) was sent after Fundaro advised class counsel that he needed an "advance" on his fees in the METROPOLITAN and SUPERIOR cases of $30,000.00 or he was going to agree to vacate Orders obtained against ALLSTATE in certain state court cases. Naturally, class counsel refused Fundaro's request but, as the letter indicates, offered him the use of office space and offered to assist him preparing an appeal if necessary. Class counsel did not hear another word from Fundaro on fees until cases started settling.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

the appeals to the Second District Court of Appeal and the Fifth District Court of Appeal relating to issues critical to this case. Since the Second District Court of Appeal and Fifth District Court of Appeal have entered conflicting decisions on issues affecting this case, the issues are presently before the Florida Supreme Court. Class counsel have been involved in those appeals. Fundaro has not. Since the issue will be decided by the Florida Supreme Court, it is hard to imagine how any of the Orders obtained by Fundaro in representing his clients in independent lawsuits will have any benefit whatsoever in this case.

The State Court proceedings in which Fundaro is attempting to assert as a basis for fees are completely independent actions outside of the jurisdiction of this Court. The entire class has not shared in any recovery obtained by Fundaro or his clients in the State Court proceedings. Clearly, Fundaro undertook representing these clients in State Court actions to benefit himself and his clients. It would be unethical for Fundaro to assert that he was not solely focused on representing his clients' interests in the State Court cases. The State Court matters in which Fundaro represented individual clients involved legal work he performed on behalf of claimants who elected to exclude themselves from the pending class action. It would be inappropriate and inequitable to impose the cost of Fundaro's work on behalf of his individual clients upon the class members. Fundaro chose to represent individual class members outside of the class action mechanism and in numerous cases was able to obtain settlements that benefited those individuals and Fundaro. He cannot now use those cases a second time to reap more fees for himself.

## CONCLUSION

For all the reasons set forth herein, Class Plaintiffs DR. PAUL ZIDEL, KEITH BRICKELL, D.C., P.A., MARC J. BROWNER, D.C., SALVATORE D. LARUSSO, D.C., DR. ANDREW ELLOWITZ, ULTRA OPEN MRI CORPORATION, DR. WALTER AFIELD, AND THE CHIROPRACTIC CENTER, INC. respectfully request that this Court enter an Order denying Casey

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Fundaro, Esq.'s Objection to Settlement and Sworn Petition for Attorney's Fees in its entirety or, in

the alternative, permitting discovery to address the claims and allegations made by Fundaro and to

defend against his claimed benefit to the Class, together with such other and further relief as this

Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail on July 23, 2004, upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
Suite 401
5550 Glades Road
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile
RICHARD BOKOR, P.A.

Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

Casey Fundaro, Esq.
fundaro@aol.com
P.O. Box 7420
Fort Lauderdale, FL 33338-7420
(954) 462-2833
(954) 462-2835 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd.
Ste. 1100
Miami, FL 33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd., Ste. 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

**Counsel for Casey Fundaro, Esq.**

TRIPP SCOTT
Edward Royce Curtis, Esq.
erc@trippscott.com
110 S.E. 6th Street
Flr. 15
Ft. Lauderdale, FL 33301

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs.

v.

ALLSTATE INSURANCE COMPANY.
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/

## AFFIDAVIT OF LAWRENCE M. KOPELMAN, ESQ.

Lawrence M. Kopelman, Esq., being duly sworn, deposes and states:

1.    I am an individual over the age of eighteen and I make this Affidavit based upon personal knowledge of the facts stated herein.

2.    I am an attorney licensed to practice law in the State of Florida and I am co-counsel for the Plaintiffs in this action..

3.    I, along with the other attorneys representing the Plaintiffs in this action, met with Casey Fundaro, Esq. ("Fundaro") at the law offices of Atlas Pearlman, P.A., n/k/a Adorno & Yoss, P.A. in early 2001.

4.    The purpose of the meeting was to discuss Fundaro's desire to refer to us a potential class representative to assert claims against Metropolitan Casualty Insurance Company ("Metropolitan") and Superior Insurance Company ("Superior").

5.    Since we had already filed a number of class actions against a number of insurance companies, Fundaro sought our assistance in pursuing the claims against Metropolitan and Superior.

6.      We agreed to assist Fundaro by representing the class representative he brought to us in the actions filed against Metropolitan and Superior.

7.      However, we specifically advised Fundaro that, although we could assist him in the two actions he brought to us, he would not be a part of the other cases we had already brought and would not be counsel in any future cases that we pursued, unless he originated the matters.

8.      Fundaro agreed that he would only be co-counsel in the Metropolitan and Superior actions and agreed that he would <u>not assert any claims or seek the recovery of any attorneys' fees</u> generated from any cases other than the Metropolitan and Superior cases.

9.      Pursuant to Fundaro's agreement and pursuant to Florida law, written Contingency Fee Agreements were entered into between the class representative in the Metropolitan and Superior actions, Fundaro, and the remaining counsel in those actions.  Fundaro is not a party to any written Contingency Fee Agreements in any of the class actions that are consolidated for discovery purposes only.

10.      When co-counsel, Eric Lee, Esq., left Atlas Pearlman, P.A. in April 2002, new Contingency Fee Agreements were entered into in each of the class actions.  Once again, Fundaro's written Contingency Fee Agreement relates only to the Metropolitan and Superior cases.

11.      At no time prior to when Fundaro filed the purported lien in this case and his Petition for Fees did Fundaro ever indicate that he believed he was entitled to any attorneys' fees generated from any matter other than the Metropolitan and Superior matters.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AFFIDAVIT AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT.

By:                    
LAWRENCE M. KOPELMAN

STATE OF FLORIDA        )
                        )SS:
COUNTY OF BROWARD    )

The foregoing instrument was acknowledged before me this _15th_ day of July, 2004 by LAWRENCE M. KOPELMAN, who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

Notary Public:

sign _Catherine Lepore_

print _CATHERINE LEPORE_
State of Florida at Large (Seal)
My Commission Expires:

Catherine Lepore
MY COMMISSION # DD189682 EXPIRES
June 11, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

  v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/

### AFFIDAVIT OF CARLIN J. PHILLIPS, ESQ.

Carlin J. Phillips, Esq., being duly sworn, deposes and states:

1.     I am an individual over the age of eighteen and I make this Affidavit based upon personal knowledge of the facts stated herein.

2.     I am an attorney licensed to practice law in the State of Massachusetts and I am co-counsel for the Plaintiffs in this action.

3.     I, along with the other attorneys representing the Plaintiffs in this action, met with Casey Fundaro, Esq. ("Fundaro") at the law offices of Atlas Pearlman, P.A., n/k/a Adorno & Yoss, P.A. in early 2001.

4.     The purpose of the meeting was to discuss Fundaro's desire to refer to us a potential class representative to assert claims against Metropolitan Casualty Insurance Company ("Metropolitan") and Superior Insurance Company ("Superior").

5.     Since we had already filed a number of class actions against a number of insurance companies, Fundaro sought our assistance in pursuing the claims against Metropolitan and Superior.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

6.    We agreed to assist Fundaro by representing the class representative he brought to us in the actions filed against Metropolitan and Superior.

7.    However, we specifically advised Fundaro that, although we could assist him in the two actions he brought to us, he would not be a part of the other cases we had already brought and would not be counsel in any future cases that we pursued, unless he originated the matters and assisted in the matters he originated.

8.    Fundaro agreed that he would only be co-counsel in the Metropolitan and Superior actions and agreed that he would <u>not assert any claims or seek the recovery of any attorneys' fees</u> generated from any cases other than the Metropolitan and Superior cases.

9.    Pursuant to Fundaro's agreement and pursuant to Florida law, written Contingency Fee Agreements were entered into between the class representative in the Metropolitan and Superior actions, Fundaro, and the remaining counsel in those actions.   Fundaro is not a party to any written Contingency Fee Agreements in any of the class actions that are consolidated for discovery purposes only.

10.    When co-counsel, Eric Lee, Esq., left Atlas Pearlman, P.A. in April 2002, new Contingency Fee Agreements were entered into in each of the class actions.  Once again, Fundaro's written Contingency Fee Agreement relates only to the Metropolitan and Superior cases.

11.    At no time prior to when Fundaro filed the purported lien in this case and his Petition for Fees did Fundaro ever indicate that he believed he was entitled to any attorneys' fees generated from any matter other than the Metropolitan and Superior matters.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AFFIDAVIT AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT.

By: _____
Carlin J. Phillips

STATE OF MASSACHUSETTS          )
                                )
COUNTY OF BRISTOL               )

The foregoing instrument was acknowledged before me this _____ day of July, 2004 by Carlin J. Phillips, who is personally known to me ~~or who has produced~~ _____ as identification and who did/~~did not~~ take an oath.

Notary Public:

sign _____

print _____
State of Massachusetts at Large (Seal)
My Commission Expires: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/

## AFFIDAVIT OF ANDREW J. GARCIA, ESQ.

Andrew J. Garcia, Esq., being duly sworn, deposes and states:

1.     I am an individual over the age of eighteen and I make this Affidavit based upon personal knowledge of the facts stated herein.

2.     I am an attorney licensed to practice law in the State of Massachusetts and I am co-counsel for the Plaintiffs in this action.

3.     I, along with the other attorneys representing the Plaintiffs in this action, met with Casey Fundaro, Esq. ("Fundaro") at the law offices of Atlas Pearlman, P.A., n/k/a Adorno & Yoss, P.A. in early 2001.

4.     The purpose of the meeting was to discuss Fundaro's desire to refer to us a potential class representative to assert claims against Metropolitan Casualty Insurance Company ("Metropolitan") and Superior Insurance Company ("Superior").

5.     Since we had already filed a number of class actions against a number of insurance companies, Fundaro sought our assistance in pursuing the claims against Metropolitan and Superior.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

6.    We agreed to assist Fundaro by representing the class representative he brought to us in the actions filed against Metropolitan and Superior.

7.    However, we specifically advised Fundaro that, although we could assist him in the two actions he brought to us, he would not be a part of the other cases we had already brought and would not be counsel in any future cases that we pursued, unless he originated the matters and assisted in the matters he originated.

8.    Fundaro agreed that he would only be co-counsel in the Metropolitan and Superior actions and agreed that he would <u>not assert any claims or seek the recovery of any attorneys' fees</u> generated from any cases other than the Metropolitan and Superior cases.

9.    Pursuant to Fundaro's agreement and pursuant to Florida law, written Contingency Fee Agreements were entered into between the class representative in the Metropolitan and Superior actions, Fundaro, and the remaining counsel in those actions.   Fundaro is not a party to any written Contingency Fee Agreements in any of the class actions that are consolidated for discovery purposes only.

10.    When co-counsel, Eric Lee, Esq., left Atlas Pearlman, P.A. in April 2002, new Contingency Fee Agreements were entered into in each of the class actions.  Once again, Fundaro's written Contingency Fee Agreement relates only to the Metropolitan and Superior cases.

11.    At no time prior to when Fundaro filed the purported lien in this case and his Petition for Fees did Fundaro ever indicate that he believed he was entitled to any attorneys' fees generated from any matter other than the Metropolitan and Superior matters.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AFFIDAVIT AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT.

By: _____
Andrew J. Garcia

STATE OF MASSACHUSETTS        )
                              )
COUNTY OF BRISTOL             )

The foregoing instrument was acknowledged before me this 16th day of July, 2004 by Andrew J. Garcia, who is personally known to me or who has produced ___ _____ as identification and who did/did not take an oath.

Notary Public:

sign _____

print _Lynne A. Kueterle_____
State of Massachusetts at Large (Seal)
My Commission Expires: 11/16/06

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW