UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY: _____ D.C.

2004 AUG 12  AM 10: 10

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

CLARENCE _____ MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.-FTL.

DR. PAUL ZIDEL, on behalf of himself and
all similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants,

_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly
situated,

        Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC., d/b/a CNN,

        Defendants.

_____/

Case No. 00-7692

## JOINT MOTION FOR PRELIMINARY
## APPROVAL OF SETTLEMENT AGREEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, Salvatore D. Larusso,

D.C., d/b/a, Family Chiropractor Center ("Larusso" or the "Class Representative"), and Defendant,

Liberty Mutual Insurance Company and those direct or indirect subsidiaries or affiliates of Liberty

Mutual Insurance Company (collectively "Liberty Mutual"), sometimes collectively referred to as the

"Parties," hereby jointly move the Court for entry of an Order of Preliminary Approval of the Settlement Agreement executed by the Parties in the above-captioned class action case. A proposed Order is attached as Exhibit 1. In support of their Motion, the Parties state as follows:

1.      The Parties have reached a comprehensive settlement of the pending class action case, the terms and conditions of which are contained within the Settlement Agreement attached as Exhibit 2.

2.      The Parties jointly move for preliminary approval of the Settlement Agreement, believing it to be fair, adequate, and reasonable to the Parties, as well as to the members of the Settlement Class, as defined in the Settlement Agreement.

3.      Preliminary approval is necessary in order to commence the process of providing notice to class members of the nature of the case, and the terms and conditions of Settlement. The notice will also permit class members to evaluate whether, among other things: (a) they want to opt-out of the Settlement, and/or (b) whether they are entitled to a portion of the Settlement Fund. A copy of the proposed Notice of Pendency of Class Action is attached as Exhibit 3.

4.      Should the class members determine that they are members of the class and entitled to receive a portion of the Settlement Fund, the Settlement Agreement requires them to fill out a Proof of Claim. The proposed Proof of Claim is attached as Exhibit 4.

**WHEREFORE,** the Parties jointly move the Court for entry of an Order of Preliminary Approval of Settlement Agreement.

CASE No. 00-6061-CIV-ZLOCH/SNOW

Respectfully submitted,

**LEE & AMTZIS, P.L.**
Counsel for Appellee/Plaintiff
5550 Glades Road, Suite 401
Boca Raton, Florida 33431
Telephone: (561) 981-9988
Fax: (561) 981-9980


By: _____
ERIC LEE
Florida Bar No. 961299

**AKERMAN SENTERFITT**
Counsel for Appellant/Defendant
One Southeast Third Avenue - 28th Floor
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095


By: _____
NINA K. BROWN
Florida Bar No. 354260
MARK S. SHAPIRO
Florida Bar No. 894631


## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this __11th__ day of ~~July~~ August, 2004.


_____
Attorney

CASE No. 00-6061-CIV-ZLOCH/SNOW

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 401
5550 Glades Road
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 East Las Olas Boulevard , # 980
Fort Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street & ADP**

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Miami Center, 26th Floor
201 S. Biscayne Boulevard
Miami, Florida 33131-4336
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

KENNEY NACHWALTER
SEYMOUR ARNOLD CRITCHLOW
& SPECTOR, P.A.
Richard H. Critchlow, Esq.
Robert D.W. Landon, III, Esq.
rlando@knsacs.com
201 South Biscayne Blvd., Suite 1100
Miami, FL 33131
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

CASE No. 00-6061-CIV-ZLOCH/SNOW

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd, Suite 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

SHEA & GARDNER
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000
(202) 828-2195 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of himself and
all similarly situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

       Defendants,
_____/

SALVATORE D. LARUSSO, D.C., d/b/a              Case No. 00-7692
FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly
situated,

       Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC., d/b/a CNN,

       Defendants.
_____/

## ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered the Joint Motion for Preliminary Approval of

Settlement (D.E. # ____), filed on _____, 2004, and having reviewed and considered the terms

and conditions of the proposed Settlement as set forth in the Settlement Agreement and Stipulation, a

copy of which has been submitted with the Joint Motion and the terms of which are incorporated

CASE NO. 00-CIV-6061-FERGUSON/SNOW

herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED:**

1.      The terms of the Settlement Agreement and Stipulation (the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

### Conditional Certification of the Class

2.      For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to Defendant Liberty Mutual Insurance Company and those direct or indirect subsidiaries or affiliates of Liberty Mutual Insurance Company (collectively "LIBERTY MUTUAL" or the "Defendants"), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act:
> (a) That rendered medical services to person(s) insured under a LIBERTY MUTUAL automobile policy issued in the State of Florida with PIP benefits;
> (b) That received a valid assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such services; (c) That submitted bills for payment for such services to LIBERTY MUTUAL; and (d) Which bills were reduced by LIBERTY MUTUAL based on the application of an ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through July 15, 2004).

Plaintiff SALVATORE D. LARUSSO, D.C., d/b/a FAMILY CHIROPRACTOR CENTER ("LARUSSO"), is conditionally certified as the Representative of the Settlement Class. This

conditional certification of the class and Class Representative is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

**Fairness Hearing; Right to Appear and Object**

3.      A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Judge Zloch, at the United States Courthouse, Courtroom ____, on _____ to determine:

a.      Whether the Court should certify the Settlement Class and whether the Class Representative and its counsel have adequately represented the class;

b.      Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

c.      Whether the Action should be dismissed on the merits and with prejudice as to LIBERTY MUTUAL;

d.      Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against LIBERTY MUTUAL;

e.  Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

f.  Whether the application for an incentive award to be submitted by the Class Representative should be approved; and

g.  Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

4.  Any member of the class who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with its consideration of those matters, unless on or before the Claim Deadline of _____, such person:

a.  Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing;

b.  Files with the Court a copy of a valid Assignment of Benefits demonstrating the person's standing to assert objections; and

c.  Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by _____:

Counsel for the Settlement Class
Phillips & Garcia, LLP
Carlin Phillips, Esq.
13 Ventura Drive
N. Dartmouth, MA  02747


and


Counsel for LIBERTY MUTUAL
Akerman Senterfitt
Nina Kole Brown, Esq.
One S.E. Third Ave., 28th Floor
Miami, FL  33131

5.    The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

### Form and Timing of Notice

6.    As soon as practicable after entry of this Order, but no later than 30 days after the Order is entered, the Settlement Administrator shall cause copies of the  Notice and Proof of Claim, substantially in the form of Exhibits B and D to the Settlement Agreement, the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class to the extent such class members can be identified with reasonable diligence.

7.    Prior to the Final Settlement Hearing, LIBERTY MUTUAL and/or the Settlement Administrator shall file a sworn statement attesting to compliance with the preceding paragraph.  The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

CASE NO. 00-CIV-6061-FERGUSON/SNOW

8.     The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

### Ability of Class Members to Opt Out of the Settlement Class

9.     All members of the class who wish to opt out of the class must do so by sending written notice of their election to opt out to the Settlement Administrator at the address set forth in the Notices to be provided as set forth in this Order. To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request for such person must be post-marked by no later than _____, 2004 (the "Opt Out Deadline"). Prior to the Final Settlement Hearing, LIBERTY MUTUAL and/or the Settlement Administrator shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely electing to opt out of the class.

10.     Any potential member of the class that does not properly and timely request exclusion from the Settlement Class shall be included in such class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to Sue described therein, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

CASE NO. 00-CIV-6061-FERGUSON/SNOW

## Other Provisions

11.     Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

12.     All proceedings against and concerning LIBERTY MUTUAL in the Action, other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, including all pending actions in any other state or federal court relating to the same issues asserted in this Action, are hereby stayed and suspended until the Opt Out Deadline. Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief against LIBERTY MUTUAL relating to PPO reductions.

13.     No discovery with regard to the settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

14.     Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class, LIBERTY MUTUAL, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

15.    In the event that the Settlement Agreement is terminated or is not consummated for

any reason, this settlement and all proceedings had in connection therewith shall be null and void,

except to the extent expressly provided to the contrary in the Settlement Agreement, and without

prejudice to the rights of the parties to the Settlement Agreement before it was executed.

DONE AND ORDERED in the Southern District of Florida on _____, 2004.


_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:  All counsel of record

# EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

SALVATORE D. LARUSSO, D.C., d/b/a/,
FAMILY CHIROPRACTOR CENTER,
on behalf of himself and all others similarly
situated,

      Plaintiffs,

v.

LIBERTY    MUTUAL    INSURANCE
COMPANY, and COMMUNITY CARE
NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

CASE NO. 00-7692


## SETTLEMENT AGREEMENT AND STIPULATION

    This Settlement Agreement and Stipulation (the "Agreement") is entered into as of

July 16 , 2004, between SALVATORE D. LARUSSO, D.C., d/b/a/, FAMILY

CHIROPRACTOR CENTER ("LARUSSO" or the "Class Representative"), suing on behalf of

itself and the Settlement Class defined below, and those direct or indirect subsidiaries or affilates

of LIBERTY MUTUAL INSURANCE COMPANY (collectively, " LIBERTY MUTUAL") that

{M2113438;1.1}

underwrote automobile insurance in the State of Florida during the Class Period defined below. These entities are Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, First Liberty Insurance Company and Employers Insurance Company of Wausau.

**WHEREAS,** the Class Representative has brought the above-captioned Action in the United States District Court for the Southern District of Florida (the "Action").

**WHEREAS,** the Action generally alleges that LIBERTY MUTUAL improperly applied certain preferred provider organization ("PPO") reductions to medical bills arising from personal injury protection ("PIP") automobile insurance claims.

**WHEREAS,** the Complaint specifically alleges that LARUSSO entered into a contract with non-party Beech Street Corporation ("Beech Street"), a medical PPO. Pursuant to that agreement, LARUSSO agreed to discount its normal fees to Beech Street's PPO subscribers. LARUSSO alleges that LIBERTY MUTUAL used the services of ADP Integrated Medical Solutions, Inc. ("ADP") to process and discount such bills. LARUSSO alleges that it provided medical services to certain persons who were insured by LIBERTY MUTUAL for PIP benefits in connection with automobile insurance policies issued by LIBERTY MUTUAL. LARUSSO alleges that it submitted to LIBERTY MUTUAL medical bills arising from its provision of medical services to LIBERTY MUTUAL insureds. While LARUSSO acknowledges that LIBERTY MUTUAL did not reject payment of these bills outright, it alleges that LIBERTY MUTUAL improperly reduced the amounts payable. In particular, LARUSSO alleges that LIBERTY MUTUAL improperly applied the discount that LARUSSO had agreed to accept pursuant to its contract with the Beech Street PPO. LARUSSO alleges that LIBERTY MUTUAL was not entitled to discount LARUSSO's fees because LIBERTY MUTUAL had not

{M2113438;1.1}

2

become a Beech Street PPO subscriber and had not complied with Fla. Stat. § 627.736(10). Based on these alleged facts, LARUSSO has asserted the following claims against LIBERTY MUTUAL: (1) unjust enrichment; (2) breach of third-party beneficiary contract; (3) RICO Act violations; (4) declaratory relief; and (5) violation of Fla. Stat. § 627.736.

**WHEREAS,** LIBERTY MUTUAL denies all allegations of fault, wrongdoing or liability in the action and does not concede any infirmity in its defenses.  Moreover, LIBERTY MUTUAL contends that LARUSSO's claims are subject to arbitration and cannot be litigated in federal court.

**WHEREAS,** the Class Representative has purported to bring the Action as a class action on behalf of all persons similarly situated;

**WHEREAS,** this Settlement is made on behalf of the following Settlement Class:

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a LIBERTY MUTUAL automobile policy issued in the State of Florida with PIP benefits;  (b) That received a valid assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such services; (c) That submitted bills for payment for such services to LIBERTY MUTUAL; and (d) Which bills were reduced by LIBERTY MUTUAL based on the application of a ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through July 15, 2004).

The Parties have agreed to seek conditional certification of this Settlement Class.  The Parties have also agreed: (a) that LARUSSO shall be appointed as the representative of this Settlement Class; and (b) the following law firms shall be appointed to serve as Counsel to the Settlement Class: Kopelman & Blankman, Lee & Amtzis, Gold & Coulson, and Phillips & Garcia.

**WHEREAS,** counsel for the Parties have conducted extensive settlement discussions and arm's-length negotiations before Joseph Unger, a mediator with the United States Court of Appeals for the Eleventh Circuit, in an effort to accomplish a global compromise and settlement of the claims asserted in the Action.  Based on the investigation, research and analysis conducted

to date and the efforts of the mediator, the parties consider it desirable and in their best interests, and in the interests of the Settlement Class to have an opportunity to reach an equitable, appropriate, statewide resolution of the issues raised in the litigation, on the terms set forth herein, taking into account the risks, uncertainties, delay and expense involved in this Action, as well as other relevant considerations, including, but not limited to, the time and expense of defending costly and protracted litigation on Appeal and in the trial court, and to fully and finally settle all claims asserted in this matter.

**WHEREAS,** the Parties agree that, by entering into this Settlement, no party shall be deemed to have admitted in any way any claims or contentions made by the other nor to have diminished in any way the validity of any claim or contention asserted by that party with respect to the Action. It is further specifically agreed that LIBERTY MUTUAL's execution of this Agreement is not, and shall not be construed as, an admission by LIBERTY MUTUAL or deemed to be evidence: (a) of the validity of any of the claims made by Class Representative on behalf of the members of the Settlement Class or of any liability to Class Representative or to any member of the Settlement Class; (b) that LIBERTY MUTUAL has waived any right to arbitration of the claims; (c) that LIBERTY MUTUAL has violated § 627.736(10); or (d) that this Action is properly maintainable as a class action. The Parties further agree that neither the Settlement Agreement itself, nor any of the other documents prepared or executed by any party in negotiating or implementing the Settlement called for by this Agreement, nor any of the terms of any such documents, shall ever be offered in evidence in or shared with any party to any civil, criminal or administrative action or proceeding without LIBERTY MUTUAL's express written consent.

{M2113438;1.1}

4

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Agreement, and subject to approval by the Court as provided herein pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between Class Representative, acting for itself and on behalf of the Settlement Class, and LIBERTY MUTUAL, that all claims, rights and causes of action, state or federal, and including damages, losses and demands of any nature, that have been asserted by Class Representative and the Settlement Class in this matter against LIBERTY MUTUAL, as defined herein, shall be settled, released and dismissed with prejudice upon and subject to the following terms and conditions all of which are subject to approval by the Court:

<u>**DEFINITIONS**</u>

1.    The following terms shall have the following meanings in this Agreement and the annexed exhibits.

1.1.    The "Action" means the Action captioned above pending in the United States District Court for the Southern District of Florida, and currently on appeal to the United States Court of Appeals for the Eleventh Circuit (Case No. 02-16054A).

1.2.    "ADP" means ADP Integrated Medical Solutions, Inc.

1.3.    "Beech Street" means Beech Street Corporation.

1.4.    A "PPO Reduction" means a reduction taken by LIBERTY MUTUAL on medical bills submitted on behalf of LIBERTY MUTUAL Insureds pursuant to contracts entered into by or between LIBERTY MUTUAL and ADP and/or Beech Street.

1.5.    A "Class Member" means a health care provider, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a LIBERTY MUTUAL automobile policy with PIP benefits issued in the State of Florida; (b) That

received a valid assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such services; (c) Who submitted bills for payment for such services to LIBERTY MUTUAL; and (d) That were reduced by LIBERTY MUTUAL based on the application of a ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 though May , 2004). These Class Members comprise the "Settlement Class." Excluded from the Settlement Class are: LIBERTY MUTUAL, any parent, subsidiary, affiliate, or controlled person of LIBERTY MUTUAL, as well as the officers, directors, agents, servants, and employees of LIBERTY MUTUAL Also excluded is any trial judge who may preside over this Action.

      1.6.    The "Class Period" means the period January 1, 1996 through July 15, 2004.

      1.7.    The "Claim Deadline" means the date by which all Proof of Claim forms, elections to opt out or objections must be postmarked or received by the Settlement Administrator, Class Counsel, or the Court pursuant to the terms of this Agreement. This date shall be agreed upon by the Parties and the Settlement Administrator and is subject to the approval of the Court. This date shall be sixty (60) days after Notice to the Class Members as set forth in ¶7 hereto.

      1.8.    The "Complaint" means the Amended Class Action Complaint filed in this Action pursuant to Section 2 of this Agreement.

      1.9.    The "Court" means the United States District Court for the Southern District of Florida.

      1.10    Any order of the Court contemplated by or entered pursuant to this Agreement shall be deemed to have become "Final": (a) thirty (30) days after the entry of Final Judgment, if no appeal is taken during such thirty-day period; or (b) if, during the aforesaid

thirty-day period, an appeal is taken from such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date of the expiration of the time to initiate such petitions or proceedings.  It is expressly agreed by Class Counsel and by LIBERTY MUTUAL that neither party intends that this Section nor any other part of this Agreement establishes or acknowledges that anyone is entitled to or has the right to appeal from any such orders, which may be entered in connection herewith.

      1.11.  The "Final Judgment" means the Final Judgment and Order Approving Settlement, substantially in the form of Exhibit A.

      1.12.  "LIBERTY MUTUAL" means all the direct or indirect subsidiaries or affliates of LIBERTY MUTUAL that underwrote automobile insurance in the State of Florida during the Class Period.  These entities are: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, First Liberty Insurance Company and Employers Insurance Company of Wausau.  This definition also includes these entities' current and former officers, directors, employees, agents and representatives.

      1.13.  The "Notice" means the Notice of Pendency of Class Action, Proposed Settlement and Hearing, substantially in the form of Exhibit B.

      1.14.  The "Order of Preliminary Approval" means an order substantially in the form of Exhibit C.

      1.15.  The "Proof of Claim" means the proof of claim form substantially in the form of Exhibit D.

      1.16.  "Released Claims" means any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued

or unaccrued, which now exist or heretofore existed in favor of LARUSSO or the Settlement Class against LIBERTY MUTUAL which arise out of or are based upon any bill submitted to LIBERTY MUTUAL during the Class Period which was reduced by the application of a PPO discount and/or the acts, transactions, occurrences, facts, and events alleged in the Complaint.

1.17.  "Settlement" means the settlement of this Action as set forth in this Agreement and attachments.

1.18.  "Settlement Administrator" means LIBERTY MUTUAL or an independent class action settlement administration company retained by LIBERTY MUTUAL for the purposes of administering the Settlement.

1.19.  "Settlement Effective Date" shall mean the date the Final Judgment, having been entered in the form of Exhibit A, shall have become final.

1.20.  The "Maximum Claim Amount" refers to an amount calculated as follows: Each Class Member shall be entitled to reimbursement of the PPO reductions taken by LIBERTY MUTUAL on bills submitted by that Class Member to LIBERTY MUTUAL during the Class Period, in accordance with the terms below, and conditioned upon the Class member's timely submission of a completed Proof of Claim. Each Class Member will be entitled to sixty percent (60%) of the difference between (a) eighty percent (80%) of the amount billed by the Class Member and (b) the amount paid by LIBERTY MUTUAL to that Class Member after application of a PPO reduction.

1.21.  The "Settlement Fund" shall mean the $950,000 (nine hundred and fity thousand) fund provided for in Paragraph 13.

1.22.  The "Fairness Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Rule 23.

{M2113438;1.1}

1.23.    "Class Counsel" shall mean and refer to Kopelman & Blankman, Lee & Amtzis, Gold & Coulson, and Phillips & Garcia, LLP, and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Action.

<u>**Submission of Agreement for Preliminary Approval and Order**</u>

2.    The Parties agree to submit an agreed order permitting the amendment of the Complaint to add the following defendants: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, First Liberty Insurance Company and Employers Insurance Company of Wausau.    After the filing of the Amended Class Action Complaint and the entry of the Order approving same, counsel for the Parties shall submit this Agreement, and shall request an Order of Preliminary Approval substantially in the form of Exhibit C. The Order of Preliminary Approval shall include terms as follows:

2.1.    Preliminarily approving the Settlement of this Action;

2.2.    Staying any pending proceedings in any Florida Court and enjoining the initiation of any new litigation in any Florida Court seeking the payment of PIP benefits from LIBERTY MUTUAL based on LIBERTY MUTUAL's application of PPO reductions during the Class Period (the "Stay Order");

2.3.    Providing that any Class Member that does not file a timely and complete election to opt out of this Settlement by the Claim Deadline will be bound by the Stay Order and the Settlement.

2.4.    Providing that any Class Member that files a timely and complete election to opt out of this Settlement by the Claim Deadline may proceed with its own action;

2.5.    Providing that the Stay Order shall expire thirty (30) days after the Claim Deadline;

{M2113438:1.1}

2.6.    Certifying the Class Action as a class action for settlement purposes only on behalf of the Settlement Class defined above.

2.7.    Approving and directing the Settlement Administrator to cause to be mailed a Notice and Proof of Claim substantially in the form of Exhibits B & D to all Settlement Class Members in the manner provided herein;

2.8.    Determining, pursuant to Rule 23, that such notification procedures will provide the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto;

2.9.    Scheduling a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Rule 23 of the Federal Rules of Civil Procedure; (b) to determine whether the Final Judgment substantially in the form of Exhibit A should be entered; and (c) to determine whether the application of Plaintiff and Class Counsel for an award of fees and expenses should be granted.  The Fairness Hearing shall be scheduled not less than thirty (30) days after the Claim Deadline;

2.10.    Approving the proposed Proof of Claim form (Exhibit D);

2.11.    Providing that any member of the Settlement Class may opt out of the Settlement Class and this Action in the manner and with the consequences described herein, providing that all such elections to opt out must be postmarked or received by the Settlement Administrator no later than the Claim Deadline;

2.12.    Providing that the Settlement Administrator shall file with the Court all elections to opt out received by the Settlement Administrator by no later than fifteen (15) days after the Claim Deadline;

2.13.   Providing that any member of the Settlement Class that objects to the approval of this Settlement may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.  Any such objections or any petition to intervene in the Action must be submitted in writing, must attach a copy of a valid assignment of benefits by a LIBERTY MUTUAL insured to the objecting/intervening Class Member, and must be served on Class Counsel, the attorneys for LIBERTY MUTUAL, and filed with the Court on or before the Claim Deadline;

2.14.   Providing that no person shall be entitled to contest the approval of the terms and conditions of this Settlement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions herein.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising, objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in this Action; and

2.15.   Authorizing the use and disclosure by LIBERTY MUTUAL and Class Counsel of such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, to protect the confidentiality of the names and addresses of persons insured by LIBERTY MUTUAL or other confidential or proprietary information pursuant to the terms of this Agreement.

## Fairness Hearing

{M2113438;1.1}

3.      On the date set by the Court for the Fairness Hearing, the parties shall jointly request the Court to review any petitions to intervene or objections to the Settlement that have been timely filed and to conduct such other proceedings as the Court may deem appropriate under the circumstances.

3.1.    At the Fairness Hearing, the parties shall jointly request the Court to enter the Final Judgment, substantially in the form of Exhibit A:

3.2.    Determining that the mailing of the Notice and Proof of Claim substantially in the form of Exhibits B & D to all Class Members in the manner provided herein is the best method of notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled thereto, and satisfies the requirements of Rule 23 and due process;

3.3.    Approving the Settlement; finding that its terms are fair, reasonable and adequate to the Settlement Class, for purposes of Rule 23 of the Federal Rules of Civil Procedure; and directing the consummation of the Settlement in accordance with the terms and conditions of this Agreement;

3.4.    Approving the elections to opt out that have been filed timely and completely before the Claim Deadline;

3.5.    Certifying the Settlement Class for settlement purposes only pursuant to Rule 23;

3.6.    Providing that each member of the Settlement Class (except those who have filed timely and complete elections to opt out by the Claim Deadline) shall be bound by this Settlement; releasing and discharging LIBERTY MUTUAL from all Released Claims; barring and permanently enjoining LARUSSO and the Class Members from asserting any of the Released Claims against LIBERTY MUTUAL in any court or forum whatsoever; dismissing all

claims in this Action against LIBERTY MUTUAL, on the merits and with prejudice; and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

        3.7.    Awarding attorneys' fees and costs as provided infra;

        3.8.    Reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Agreement;

        3.9.    Awarding LARUSSO an incentive award not to exceed the sum of $15,000, which award LIBERTY MUTUAL has agreed that it will not oppose (and which is payable pursuant to the same schedule for the payment of Settlement payments pursuant to this Agreement); and

        3.10.    Awarding such other and further relief consistent with the terms and provisions of this Agreement, as the Parties hereto may agree.

## Class Notification

4.    Upon execution of this Agreement by all Parties and preliminary approval of the Settlement by the Court, the Settlement Administrator will compile the names and last-known addresses of all Class Members.

5.    All costs of settlement administration, including the costs of notification to the Class Members, shall be borne by LIBERTY MUTUAL, subject to paragraph 9 hereof and the approval by the Court.  Class Counsel shall cooperate with Liberty Mutual to the extent necessary with the settlement administration process.

6.    In the event that the Parties use a third-party Settlement Administrator, it is understood and agreed that neither Party shall have responsibility or liability with respect to any acts, omissions, or any conduct of such Settlement Administrator in connection with the

administration and distribution of this Settlement, including, but not limited to, providing notice to the Class Members and responding to queries from Class Members.

7.      Within 30 days of the entry of the Order of Preliminary Approval, LIBERTY MUTUAL or the Settlement Administrator will send to each Class Member a Notice and Proof of Claim substantially in the form of Exhibits B & D, by first class mail, postage pre-paid, addressed to his, her or its last known address, if any, as shown by the records of LIBERTY MUTUAL's bill review vendor and/or the information obtained as part of the Parties' confirmatory discovery.

8.      The Parties shall agree on the form and content of the Notice and Proof of Claim. At a minimum, the Proof of Claim must contain a requirement that a Class Member must:

      8.1.    Affirm class membership;

      8.2.    Affirm identity;

      8.3.    Provide tax identification and/or social security information;

      8.4.    Affirm treatment of LIBERTY MUTUAL insured(s);

      8.5.    Verify under oath that, upon information and belief, the provider(s) hold assignments(s) of benefits for any LIBERTY MUTUAL insureds treated, that Liberty Mutual's reimbursement or payment of such bills was reduced by application of a PPO discount and that the Class Member has not been previously paid, through any subsequent negotiations or adjudication the amount taken as a PPO discount; and

      8.6.    Execute the Proof of Claim on information and belief and under pains and penalties of perjury.

9.      LIBERTY MUTUAL shall bear all expenses incurred in connection with the identification of all members of the Class from LIBERTY MUTUAL's bill review vendor's

records. Up to $30,000.00 in the costs of administration (including, but not limited to, printing and mailing the Notice and Proof of Claim forms, costs of any follow-up attempts to redeliver Notices, Proof of Claim forms or Settlement Payments which are returned to the Settlement Administrator by the U.S. Post Office, processing Proof of Claim forms, printing and distributing checks and drafts to Settlement Class Members and all postage relating to the foregoing) will be paid by LIBERTY MUTUAL from its own funds based upon invoices submitted by the Settlement Administrator. In the event such expense exceed $30,000.00 (the "excess expense"), the excess expense shall be paid out of the Settlement Fund.

10.    In the event any mailing to a Member of the Class containing a Notice and Proof of Claim is returned to the Settlement Administrator, the Settlement Administrator shall take steps which are economically sensible to locate said Class Member or its successor(s) in interest, heir(s) or assign(s) and thereafter redeliver said Notice and Proof of Claim as appropriate. The method to locate said Class Members shall be via Equifax or other similar service for those Class Members who have an available Social Security Number, and via the National Change of Address (N.C.O.A.) database for those Class Members for whom Social Security Numbers are not available. If the cost of locating a Class Member exceeds five dollar ($5.00), then the excess costs of locating that Class Member shall be deducted from that Class Member's recovery.

11.    Under no circumstances shall LIBERTY MUTUAL be required under this Agreement to incur or pay any fees or expenses, which it is not explicitly obligated to incur or pay hereunder.

12.    LIBERTY MUTUAL shall have the right to audit the Settlement Administrator's claims administration at any time.

**Settlement Fund and Claims Procedure**

13.    Upon the execution of this Settlement by all Parties and preliminary approval of the Settlement by the Court, LIBERTY MUTUAL shall reserve the amount of nine hundred and fifty thousand dollars ($950,000.00) to pay the timely and complete claims of Class Members. This Settlement Fund need not be placed into escrow or be segregated from LIBERTY MUTUAL's other funds or accounts. The Settlement Fund shall not bear interest. All payments to Class Members shall be paid solely from the Settlement Fund. The Settlement Fund shall be the exclusive remedy for all Class Members.   At all times, the Settlement Fund shall be controlled by LIBERTY MUTUAL. All Class Members must comply with the procedures set forth below in order to receive a payment from the Settlement Fund.

14.    In order to qualify to receive a payment from the Settlement Fund, a Class Member must complete and sign a Proof of Claim upon information and belief and under the pains and penalties of perjury.   The Proof of Claim Form must be sent by United States Mail, postmarked on or before the Claim Deadline, to the Settlement Administrator.   Claims may not be made via facsimile transmission or electronic mail.   The Settlement Administrator shall not be required to provide notice of rejection or otherwise process or respond to elections to opt out or proofs of claim received by it after fifteen (15) days following the Claim Deadline.

15.    All Class Members that submit a Proof of Claim to the Settlement Administrator that is postmarked after the Claim Deadline shall be barred from recovering any payment from the Settlement Fund.

16.    Each Class Member that submits a timely and complete Proof of Claim shall be entitled to payment of that Class Member's Maximum Claim Amount, in accordance with the terms set forth herein, and calculated as follows:   Each Class Member shall be entitled to reimbursement of the PPO reductions taken by LIBERTY MUTUAL on bills submitted by that

Class Member to LIBERTY MUTUAL during the Class Period, in accordance with the terms below, and conditioned upon the Class Member's timely submission of a completed Proof of Claim. Each Class Member will be entitled to reimbursement of the PPO reductions taken by LIBERTY MUTUAL on bills submitted by that Class Member to LIBERTY MUTUAL during the Class Period, in accordance with the terms below, and conditioned upon the Class member's timely submission of a completed Proof of Claim. Each Class Member will be entitled to sixty percent (60%) of the difference between (a) eighty percent (80%) of the amount billed by the Class Member and (b) the amount paid by LIBERTY MUTUAL to that Class Member after application of a PPO reduction.. No attorneys' fees, interest, costs or any additional sums of any kind shall be paid to any Class Member, other than those attorneys' fees and costs paid to Class Counsel as provided herein. Any payments as provided for in this Settlement shall be made only to the Class Member directly (except as otherwise provided in ¶¶ 27-29 of this Agreement).

17.    Class Members that submit a timely and complete Proof of Claim as set forth below will be entitled to make a claim against the Fund.

18.    If the total of all Maximum Claim Amounts submitted by Class Members is less than or equal to $950,000.00, all Maximum Claim Amounts shall be paid, unless the Settlement Fund has been reduced by any excess expense..

19.    If the total of all Maximum Claim Amounts submitted by Class Members is greater than $950,000.00, all claims will be paid on a *pro rata* basis to each Class Member. For example, if the total of all Maximum Claim Amounts submitted is $1,900,000.00, each claim shall be paid at fifty percent (50%) of the Maximum Claim Amount, unless the Settlement Fund has been reduced by any excess expense.

20.    After payment of claims made by Class Members, all amounts remaining in the Settlement Fund, if any, shall revert and belong to LIBERTY MUTUAL, and neither Class Counsel nor any Class Member shall make any claim to any such amounts, or object or oppose in any way the reverter of such amounts to LIBERTY MUTUAL.

21.    LIBERTY MUTUAL shall permit Class Counsel to inspect all claims made within fifteen (15) days after the Claim Deadline.

22.    The Parties agree that at least one representative from LIBERTY MUTUAL and at least one representative from Class Counsel, on behalf of all Settlement Class Members, shall be permitted to review claims to determine: (a) whether the Claim has been timely filed; (b) whether the Claim is complete; and (c) whether the proposed settlement payment to that Class Member is in accordance with the terms of this Agreement.    The parties agree to work cooperatively and fairly together to arrive at a fair and equitable determination of any Class Member claim.

23.    Each Class Member that receives Notice and either files or fails to file a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to their claim, as well as the Final Judgment.

<u>**Claim Dispute Resolution**</u>

24.    Based upon the information submitted with each Proof of Claim, LIBERTY MUTUAL will conduct a review of the Settlement Payment due to each Class Member. LIBERTY MUTUAL will also compile a list of those claims that it deems incomplete.

25.    LIBERTY MUTUAL shall make the Settlement Payments by check to Class Members entitled to payment.    No checks shall be issued to any Class Member until this Settlement becomes Final.

{M2113438;1.1}

18

26.    The following procedure will be utilized to resolve any disputes between Settlement Class Members and LIBERTY MUTUAL as to the amount of any Settlement Payment or as to the completeness of any Proof of Claim:

26.1.    The Class Member will be notified after receipt of the Proof of Claim if there is a dispute as to the completeness of the Proof of Claim or as to the amount claimed;

26.2.    At the Class Member's election, the Class Member shall be entitled to arbitration regarding his, her or its eligibility to receive a Settlement Payment pursuant to this Agreement. Class Counsel and LIBERTY MUTUAL shall designate in advance an independent arbitrator and shall establish a uniform arbitration fee for such arbitrations not to exceed $50;

26.3.    A Class Member requesting arbitration will be required to submit payment of the uniform arbitration fee by certified check within 15 days of the notice or waives the right to arbitrate;

26.4.    As a condition precedent to demanding arbitration, the Claimant must submit his/her or its Proof of Claim to the Settlement Administrator within fifteen (15) days after compliance with the required arbitration fee payment. The Settlement Administrator shall forward such file to Class Counsel and LIBERTY MUTUAL at the addresses set forth below;

26.5.    LIBERTY MUTUAL, Class Counsel, and the Class Member shall be permitted to submit written presentations regarding their respective positions regarding the disputed claim;

26.6.    The arbitrator shall determine whether the Class Member has filed a complete claim and is therefore eligible to receive a Settlement Payment pursuant to this Agreement. The arbitrator shall also determine the amount of the appropriate Settlement Payment;

{M2113438;1.1}

26.7.    The arbitrator shall make his or her determinations solely based upon written submissions and relevant documentation submitted to him or her by the Class Member, Class Counsel, and LIBERTY MUTUAL;

26.8.    If the arbitrator rules in favor of the Class Member, LIBERTY MUTUAL will reimburse the Class Member for the arbitration fee, the Class Member's claim will be deemed perfected, and a Settlement Payment will be made pursuant to this Agreement;

26.9.    The determinations of the arbitrator as to the eligibility of a claim to receive a Settlement Payment pursuant to this Agreement shall be binding, final, conclusive and non-appealable.

26.10.  LIBERTY MUTUAL, Class Counsel, and the Class Member shall bear their own respective legal fees and expense incurred in connection with an arbitration proceeding under this Agreement.

## **Deceased, Dissolved or Bankrupt Class Members**

27.    Where a Class Member is deceased and a payment is due to that Class Member, LIBERTY MUTUAL will, upon receipt of proper notification and documentation, make the payment to such Member's personal representative.

28.    Where a Class Member is out-of-business or dissolved and a payment is due to that Class Member, LIBERTY MUTUAL will, upon receipt of proper notification and documentation, make the payment to such Class Member or its creditors (including governmental taxing authorities) as LIBERTY MUTUAL in its sole discretion shall determine.

29.    Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Class Member, LIBERTY

{M2113438;1.1}

MUTUAL will, upon receipt of proper notification and documentation, make payment to such Class Member in accordance with U.S. Bankruptcy Code laws.

### Attorneys' Fees and Costs

30.    LIBERTY MUTUAL agrees not to oppose a request by Class Counsel for an award of attorneys' fees, including reasonable costs and expense of this litigation, equal to twenty five percent (25 %) of the Settlement Fund.  This amount will be paid in addition to and outside of the Settlement Fund.

31.    Any Court-awarded attorneys' fees and costs to Class Counsel will be paid to the trust account of Kopelman & Blankman, P.A. within thirty (30) days after the expiration of the thirty (30) day appeal period running from the date of the Final Judgment.  If an appeal is taken from the Final Judgment, outstanding attorneys' fees and costs shall not be due until the resolution of such appeal.  However, LIBERTY MUTUAL shall not be obligated to deliver such fees and costs if the Settlement is not approved and sustained on appeal.

### Payment of Settlement Amounts

32.    The Settlement Administrator shall provide and certify to LIBERTY MUTUAL a list of the Settlement Payments approved for payment for each Class Member that has submitted a timely and complete Proof of Claim.  LIBERTY MUTUAL shall send a check or draft payable to each Class Member within 60 days after the expiration of the thirty (30) day appeal period running from the date of the Final Judgment.  If an appeal is taken from the Order of Final Approval, the Settlement Payments shall not be due until the resolution of such appeal.  However, LIBERTY MUTUAL shall not be obligated to make Settlement Payments if the Settlement is not approved and sustained on appeal.

{M2113438;1.1}

33.    Within 60 days after the Settlement Payments are made, any funds remaining in the Settlement Fund shall revert to LIBERTY MUTUAL.

## Termination of the Agreement

34.    LIBERTY MUTUAL shall have the right, in its sole discretion after reviewing the number of opt outs, objectors, and pending litigation, to nullify this Settlement if more than ten percent (10%) of the Class Members opt out of the Settlement.  If LIBERTY MUTUAL so elects, the Settlement thereafter shall have no further force and effect with respect to any party in this action.  LIBERTY MUTUAL may exercise this right within ten (10) business days after the Claim Deadline.  In order to invoke this right to nullification, LIBERTY MUTUAL must file and serve (by facsimile and U.S. Mail) Class Counsel a formal document entitled Notice of Nullification of Settlement.  Neither LARUSSO nor any Class Member shall be permitted to seek enforcement of Settlement or any of its terms against LIBERTY MUTUAL should LIBERTY MUTUAL elect to nullify the Settlement.  If any of the Class Members represented by Class Counsel, (with the exception of the 3 pending cases in which Kopelman & Blankman, P.A. represent Ortho Associates, P.A.: Case Number: 02-15895 (21) (Broward- Circuit Court); Case Number: 02-19173 (21) (Broward -Circuit Court); and Case Number: 02-5144 (49) (Broward-COUNTY COURT)) but also maintaining an individual lawsuit against Liberty Mutual, submit a request for Exclusion, then Liberty Mutual shall have the right but not the obligation to elect, in its sole discretion, to terminate the Settlement, it being the intent that such members remain in this class settlement.

35.    Either the Class Representative or Liberty Mutual shall have the right to nullify and to void the Settlement, and the Settlement thereafter shall have no further force and effect with respect to any party in this Action, upon entry of an order by a court of competent

jurisdiction that invalidates or disapproves the Settlement, in whole or in part, or which alters any material term of this Settlement without the Parties' consent.

36.    In the event the Settlement is nullified, the Settlement shall not be offered in evidence or used in this or any other action for any purpose including, but not limited to, the existence, certification or maintenance of any purported class.

37.    In such event, this Settlement and all negotiations, proceedings, documents prepared and statements made in connection with this Settlement shall be without prejudice to any party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to this action shall stand in the same position as if this Settlement had not been negotiated, made or filed with the Court.

38.    If this Settlement shall fail for any reason or if this Agreement shall be nullified by LIBERTY MUTUAL:

38.1.    This Agreement shall not have further force and effect and all proceedings having taken place with regard to this Agreement or the Proposed Settlement shall be without prejudice to the rights and contentions of the parties hereto or of any potential Class members in the action or in any other litigation;

38.2.    The Parties hereto agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Agreement; and

38.3.    The parties shall in all respects be returned to their respective statuses immediately prior to the execution of this Agreement.

## **Confidentiality**

39.    The names, addresses, policy numbers and other information which may be compiled by LIBERTY MUTUAL pursuant to this Agreement and the data processing and other record keeping procedures and materials to be utilized by LIBERTY MUTUAL in identifying the  Members of the Class and effectuating LIBERTY MUTUAL's other obligations hereunder (the "Information") are represented by LIBERTY MUTUAL to constitute highly confidential and proprietary business information. The confidentiality of the Information shall be protected by entry by the Court of an agreed protective order.

40.    It is agreed that no person, other than individuals employed by LIBERTY MUTUAL or to whom LIBERTY MUTUAL has expressly permitted access, shall be allowed access to any Information except:

40.1.    Class Counsel and attorneys and clerical personnel employed by such counsel; and

40.2.    Such other persons as the Court may order after hearing on notice to all counsel of record.

41.    At no time, except pursuant to Court order after hearing upon notice to all counsel of record, shall any Information be made known or available to any person, other than individuals described above and the individuals employed by LIBERTY MUTUAL or to whom LIBERTY MUTUAL has expressly permitted access, unless he or she first signs a statement attesting to the fact that: (a) he or she has read and understands the protective order to be entered by the Court; (b) that he or she agrees to be bound and to comply with the terms of the protective order; and (c) that he or she understands that disclosure of Information to unauthorized persons may constitute contempt of court. Such signed statements shall be obtained from those individuals employed by or otherwise associated with the Settlement Administrator before any

Information is provided to the Settlement Administrator. Copies of all such signed statements shall be retained by Class Counsel and delivered to LIBERTY MUTUAL upon request.

42.    It is further agreed that, after performance of all terms of this Agreement is complete, any and all Information provided by LIBERTY MUTUAL to Class Counsel or anyone else, and all copies thereof, shall be promptly returned to LIBERTY MUTUAL.

43.    Additionally, those letter agreements which were previously executed by Class Counsel and other individuals associated with Class Counsel, regarding the confidentiality of information supplied by LIBERTY MUTUAL in connection with the negotiation of this Settlement Agreement shall remain in force and effect.

## Release of Claims

44.    No claim that was not specifically referenced herein is released as a result of this settlement.

45.    If this Agreement and the Final Judgment become Final, as of that date, each member of the Settlement Class who has not timely and properly opted out of the Settlement Class, and his, her or its heirs, successors, trustees, executors, administrators, principals, beneficiaries and assigns forever, agrees to release LIBERTY MUTUAL and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents from any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of LARUSSO, any Class Member or the Settlement Class against LIBERTY MUTUAL which arise out of or are based upon any bill submitted to LIBERTY

MUTUAL during the Class Period which was reduced by the application of a PPO discount and/or the acts, transactions, occurrences, facts, and events alleged in the Complaint.

46.    Any Class Member that receives a Settlement Payment pursuant to this Agreement agrees to reimburse LIBERTY MUTUAL if it later turns out that the Class Member has already been paid and/or released that particular claim against LIBERTY MUTUAL. This amount is limited to the amount actually paid by LIBERTY MUTUAL to that Class Member pursuant to this Settlement.

### Miscellaneous Provisions

47.    Neither this Agreement, approved or not approved, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement is intended to be or shall be construed as or deemed to be evidence of an admission or concession by LIBERTY MUTUAL of any liability or wrongdoing or the truth of any allegations in the Complaint, and none of them shall be admissible in evidence for any such purpose in this or any other proceeding, except that the Settlement Agreement and any Orders entered in connection therewith may be offered and received in connection with proceedings as may be necessary to consummate or enforce the Settlement Agreement, or in any proceeding in which issues are presented which pertain to LIBERTY MUTUAL's compliance with the Settlement or with any Orders which may have been entered at any time in connection with this Settlement.

48.    All proceedings with respect to the Settlement described by this Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the continuing jurisdiction of the Court.

{M2113438;1.1}

49. LARUSSO shall be entitled to reasonable confirmatory discovery of the information provided by LIBERTY MUTUAL or ADP/Beech Street in effectuating this Settlement.

50. Within sixty (60) days after the date the LIBERTY MUTUAL shall have mailed all Settlement Payments pursuant to this Agreement, LIBERTY MUTUAL shall file with the Court a verified statement of its accounting by its officers or employees with respect to payment of such Settlement Payments.

51. All matters not specifically covered by the provisions of this Agreement shall be resolved by Agreement of Class Counsel and counsel for LIBERTY MUTUAL, or if they cannot agree, by the Court.

52. The service of papers and notices under this Agreement shall be made upon the Plaintiff and the Class by mailing such papers on:

> Carlin Phillips, Esq.
> Phillips & Garcia, LLP
> 13 Ventura Drive
> N. Dartmouth, MA 02747.

and upon LIBERTY MUTUAL by mailing such papers on:

> Nina Brown, Esq.
> Akerman Senterfitt
> One Southeast Third Ave., 28th Floor
> Miami, FL  33131

53. This Agreement represents an integrated document negotiated and agreed to between the Parties and shall not be amended, modified or supplemented, nor shall any of its provisions be deemed to be waived, unless by written agreement signed by the respective attorneys for the Parties. This document has been drafted jointly and is not to be construed against any party.

{M2113438;1.1}

CONSOLIDATED CASE NOS    5061 AND 00-7692-CIV-ZLOCH

54. This Agreement represents the entire and sole agreement negotiated and agreed to between the Parties to this Agreement.

55. Each and every term of this Agreement shall be binding upon and inure to the benefit of the Class Representative, the Members of the Settlement Class, and any and all of their successors, assigns, and personal representatives, and shall bind and inure to the benefit of LIBERTY MUTUAL, which is intended to be the beneficiary of this Agreement.

56. Class Counsel and counsel for LIBERTY MUTUAL each represent that they are authorized by their respective clients to execute this Agreement, to take all steps contemplated by this Agreement, and to effect this Agreement on the terms and conditions stated herein, and further that they will take all steps on their respective clients' behalf contemplated by this Agreement.

57. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. Photocopies of fully executed copies of this Agreement may be treated as originals.

58. Except to the extent that the Federal Rules of Civil Procedure govern, Florida law shall govern this Agreement and any documents prepared or executed pursuant to this Agreement.

**EXECUTED BY:**

**EXECUTED ON BEHALF OF LIBERTY MUTUAL BY:**

_Nina Kole Brown_

Print Name: _Nina Kole Brown_
Title: _Attorney_

Date: _7/16/04_

CONSOLIDATED CASE NO: 6061 AND 00-7692-CIV-ZLOCH

STATE OF _Florida_ )
): SS
COUNTY OF _Miami-Dade_ )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _Nina K Brown_ who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

WITNESS my hand and official seal in the County and State last aforesaid this _16th_ day of _July_, 2004.

My commission expires:

_Diane L. Lawrence_
Notary Public, State of _Florida_

Commission No.:

Printed Name of Notary _Diane L Lawrence_


DIANE L. LAWRENCE
MY COMMISSION # DD 307102
EXPIRES: June 19, 2008
Bonded Thru Notary Public Underwriters

{M2113438;1.1}

29

**EXECUTED INDIVIDUALLY AND ON BEHALF OF THE
SETTLEMENT CLASS BY LARUSSO:**

X

Print Name: <u>Salvatore D. LaRusso, D.C.</u>
Title: <u>Individually and as Class Representative</u>

Date: 7/7/04

STATE OF _Florida_ )
                            ): SS
COUNTY OF _Palm Beach_ )

     I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared <u>Salvatore D. LaRusso, D.C.</u>, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _Personally Known_ No. _____, as identification, and executed the foregoing instrument.

     WITNESS my hand and official seal in the County and State last aforesaid this 7th day of _July_ ,2004.

My commission expires 03/28/06        Notary Public, State of _Florida_

Commission No.: DD104260        Printed Name of Notary _Rehannon N. Bischoff_



Rehannon N. Bischoff
Commission # DD104262
Expires March 28, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

# EXHIBIT "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/

SALVATORE D. LARUSSO, D.C., d/b/a/,     00-7692
FAMILY CHIROPRACTOR CENTER,
on behalf of himself and all others similarly
situated,

     Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, and COMMUNITY CARE
NETWORK, INC., d/b/a CCN,

     Defendants.

_____/

## NOTICE OF PROPOSED SETTLEMENT

IF YOU ARE A HEALTH CARE PROVIDER, AS DEFINED BY THE FLORIDA MOTOR
VEHICLE NO-FAULT ACT, AND YOU PROVIDED SERVICES TO ANY INSURED OF
LIBERTY MUTUAL INSURANCE COMPANY AND ANY DIRECT AND INDIRECT
SUBSIDARIES OR AFFILIATES OF LIBERTY MUTUAL INSURANCE COMPANY,
(INCLUDING LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY INSURANCE
CORPORATION, FIRST LIBERTY INSURANCE COMPANY AND EMPLOYERS INSURANCE
COMPANY OF WAUSAU) (COLLECTIVELY, "LIBERTY MUTUAL") FOR WHICH YOU
WERE PAID AT ANY TIME DURING THE PERIOD JANUARY 1, 1996 THROUGH JULY 15,
2004 PLEASE READ THIS NOTICE CAREFULLY. THIS PROPOSED CLASS ACTION
SETTLEMENT MAY AFFECT YOUR RIGHTS.

{M2124170;2}

1.    <u>WHY SHOULD YOU READ THIS NOTICE</u>?

If you are or have been a healthcare provider, as defined by the Florida Motor Vehicle No-Fault Act, and you provided services to LIBERTY MUTUAL insured(s) for injuries covered by a LIBERTY MUTUAL personal injury protection ("PIP") insurance policy for which you were paid from January 1, 1996 through May        , 2004 your rights may be affected by a proposed settlement (the "Settlement") with LIBERTY MUTUAL in <u>Salvatore Larusso, D.C.. v. Liberty Mutual Insurance Company., et al.</u>, (Case No. 00-7692-CV, part of Consolidated Case No. 00-6061-CV)  (the "Action"), which is part of a number of consolidated class actions pending in the United States District Court for the Southern District of Florida (the "Court").  The Class Representative has agreed to settle all claims against LIBERTY MUTUAL in the Action in exchange for LIBERTY MUTUAL's agreement to fund settlement payments to members of the Settlement Class as set forth below.

The Court has scheduled a hearing to consider the fairness, reasonableness and adequacy of the Settlement with LIBERTY MUTUAL, together with certain other matters, to be held on_____, at the United States Courthouse, United States District Court for the Southern District of Florida, _____ (the "Fairness Hearing").  The Order scheduling that hearing also provides that it may be adjourned by the Court and that no additional notice will be provided to potential members of the Settlement Class other than an announcement in open court.

You may be a member of the Settlement Class and would therefore be entitled to receive the benefits of the Settlement.  As a member of the Settlement Class, however, you will also be bound by the release and other provisions of the Settlement if it is approved by the Court.  You may elect to opt out of the Settlement Class and the Settlement, as explained below.  You also have a right to object to the Settlement or to the application for attorneys' fees and the Class Representative's incentive award that Counsel for the Settlement Class intend to make to the Court, but only if you comply with the procedures described in this Notice.

2.    <u>WHAT IS THIS LITIGATION ABOUT</u>?

This Action has been brought by Salvatore Larusso, D.C. ("LARUSSO" or the "Class Representative"), a Florida healthcare provider, against LIBERTY MUTUAL.  The Amended Complaint alleges that LIBERTY MUTUAL improperly reduced payments to healthcare providers, including LARUSSO, for PIP benefits based on the application of certain preferred provider organization ("PPO") reductions. The Amended Complaint claims that this conduct violates various state and federal statutes and also seeks recovery on various common law theories.  LIBERTY MUTUAL denied the allegations of wrongdoing set forth in the Amended Complaint.

This Action is one of several similar actions (the "Consolidated Actions") pending in the Court against several automobile insurers, which have been consolidated for certain purposes.  Since the initial complaints were filed, substantial litigation has occurred in the Consolidated Actions, and the Consolidated Action is presently on appeal to the United States Court of Appeal for the Eleventh Circuit from the Court's Order denying LIBERTY MUTUAL's (and others') motions to compel arbitration.  As part of this Settlement, LIBERTY MUTUAL will no longer actively participate in that appeal and the appeal is stayed.

{M2124170;2}

3.    WHAT ARE THE TERMS OF THE SETTLEMENT?

The terms of the Settlement Agreement are summarized in this Notice, but a copy of the entire Settlement Agreement is available in the Court file, which can be reviewed at the office of the Clerk of the Court, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 during regular business hours.

a.    The Settlement Class.

The Settlement is on behalf of the following Settlement Class:

Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a LIBERTY MUTUAL automobile policy issued in the State of Florida with PIP benefits; (b) That received a valid assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such services; (c) That submitted bills for payment for such services to LIBERTY MUTUAL; and (d) That were reduced by LIBERTY MUTUAL based on the application of an ADP/Beech Street PPO reduction during the Class Period [January 1, 1996 through July 15, 2004].

b.    The Settlement Consideration.

If the Settlement is approved by the Court, the Settlement Agreement provides for benefits to be provided by LIBERTY MUTUAL on behalf of the Members of the Settlement Class.

Pursuant to the Settlement, LIBERTY MUTUAL has agreed to pay claims made by members of the Settlement Class not to exceed an aggregate amount of nine hundred and fifty thousand dollars ($950,000.00) (the "Settlement Fund"). If the Settlement is approved by the Court, the members of the Settlement Class will be entitled to payments from the settlement fund in accordance with formulas that are set forth therein. Unless the Settlement Fund is exhausted, healthcare providers who submit timely and complete Proof of Claim forms will be entitled to sixty percent (60%) of the difference between (a) eighty (80%) of the amount billed by the class member and (b) the amount paid by LIBERTY MUTUAL to that Class Member after application of a  PPO reduction.  If the Settlement Fund is exhausted, Settlement Class Members who submit timely and complete Proof of Claim forms will be entitled to a pro rata share of the Settlement Fund.

CONSOLIDATED CASE NOS. 00-6061 AND 00-7692-CIV-ZLOCH

c.    The Release and Dismissal with Prejudice.

In exchange for the consideration, and if the Settlement is approved, the Action will be dismissed with prejudice as to LIBERTY MUTUAL. In addition, LIBERTY MUTUAL will receive a release and discharge from the Settlement Class (which would not include members of the Settlement Class who timely elected to opt out of the Settlement as discussed below) of any and all causes of action, judgments, liens, indebtedness, costs, damages, attorneys' fees, losses, claims, liabilities and demands of whatever kind of character (each a "claim"), arising on or before May, 2004, that are, were, or could have been asserted against any of the released parties based on or arising from the factual allegations of the Amended Complaint in this Action, whether any such claim was or could have been asserted by any releasing party on its own behalf or on behalf of other persons.

4.    WHAT WILL HAPPEN AT THE FAIRNESS HEARING?

At the Fairness Hearing, the Court will consider several different issues, including the following: (a) whether the Settlement is fair, reasonable, and adequate to members of the Settlement Class; (b) whether it should certify the Settlement Class pursuant to Fed. R. Civ. P. 23; (c) whether to enter orders that would prevent members of the Settlement Class from asserting certain claims against LIBERTY MUTUAL in the future; (d) whether to approve the application for a payment of an incentive premium to the Class Representative by LIBERTY MUTUAL; and (e) whether to approve an application by Counsel for the Settlement Class for attorneys' fees and costs to be paid by LIBERTY MUTUAL.

5.    CAN I PARTICIPATE IN THE FAIRNESS HEARING?

Anyone who objects to the Settlement, the Settlement Agreement, the application for attorneys' fees or the other matters to be considered at the Fairness Hearing may appear and present such objections. In order to be permitted to do so, however, you must, on or before _____, 2004:

a.    File with the Court a notice of your intention to appear, together with a statement setting forth your objections, if any, to the matter to be considered and the basis for these objections, together with any documentation that you intend to rely upon at the Fairness Hearing;

b.    File a copy of a valid assignment of benefits from an LIBERTY MUTUAL insured demonstrating your standing to set forth any objections to the Settlement; and

c.    Serve copies of all such materials either by hand delivery or by first-class mail, postage pre-paid, upon the following counsel:

| | | |
|---|---|---|
| Phillips & Garcia, LLP | Akerman Senterfitt | Kopelman & Blankman, P.A. |
| Carlin Phillips, Esq. | Nina Brown, Esq. | Larry Kopelman, Esq. |
| 13 Ventura Drive | One SE Third Ave, 28th Floor | Douglas Blankman, Esq. |
| N. Dartmouth, MA  02747 | Miami, FL 33131 | 350 East Las Olas Blvd, #980 |
| | | Fort Lauderdale, FL 33301 |

If you do not comply with the foregoing procedures and deadlines for submitting written objections and/or appearing at the Fairness Hearing, you may lose substantial legal rights, including but not

{M2124170;2}

4

limited to, the right to appear at the Fairness Hearing; the right to contest approval of the Settlement or the application for an award of attorneys' fees and costs to Class Counsel; the right to contest approval of the application for an award of an incentive premium to the Class Representative; or the right to contest any other orders or judgments of the Court entered in connection with the Settlement. If the Court does not approve the Settlement, the Settlement Agreement will be null and void.

6.    <u>HOW DO I FILE A CLAIM</u>?

The Settlement contemplates certain settlement payments to each Member of the Settlement Class that submits a timely and complete Proof of Claim to the Settlement Administrator at the following address:

Liberty Mutual Settlement Administrator
Wachovia Information Consulting Group
210 N. Ridgecrest Lane, Suite 100
Jacksonville, FL 32259

**IN ORDER TO BE ENTITLED TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN A PROOF OF CLAIM AND MAIL THE PROOF OF CLAIM TO THE SETTLEMENT ADMINISTRATOR. THE ENVELOPE CONTAINING YOUR PROOF OF CLAIM MUST BE POST-MARKED BY NO LATER THAN _____. IF YOU DO NOT MAIL YOUR PROOF OF CLAIM BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND. IF YOU FILE A CLAIM, YOU WILL BE ELECTING TO BE A MEMBER OF THE CLASS AND WILL BE BOUND BY ALL PROCEEDINGS, ORDERS, AND JUDGMENTS ENTERED IN CONNECTION WITH THE PROPOSED SETTLEMENT INCLUDING THE RELEASE AND DISMISSAL WITH PREJUDICE DESCRIBED ABOVE. CLAIM PAYMENTS WILL BE MADE ONLY TO CLASS MEMBERS DIRECTLY.**

7.    <u>WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT</u>?

If you do **not** want to be a member of the Settlement Class and participate in the Settlement, then **BY NO LATER THAN _____, 2004**, you must send a signed statement to that effect that includes your name, business address, telephone number and federal tax identification number. If the claim is being filed by or on behalf of a business or entity, the signed statement must include the full name of the entity, the address of the entity, and the name and title of the person filing the claim on the entity's behalf. The signed statement must be sent to the following:

Liberty Mutual Settlement Administrator
Wachovia Information Consulting Group
210 N. Ridgecrest Lane, Suite100
Jacksonville, FL 32259

CONSOLIDATED CASE NOS. 00-6061 AND 00-7692-CIV-ZLOCH

**TO BE CONSIDERED TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR COMPLETED SIGNED STATEMENT ADVISING OF YOUR ELECTION TO OPT OUT MUST BE POST-MARKED BY NO LATER THAN _____, 2004. IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.**

If you choose to opt out of the Settlement and the Settlement Class, you will not be entitled to receive the benefits of the Settlement with LIBERTY MUTUAL, including any payment from the Settlement Fund. Your claims against LIBERTY MUTUAL will not be released and you will be free to pursue any claims you believe you have by filing a separate action or request for arbitration if you are subject to an arbitration agreement.

8.    WHAT ABOUT ATTORNEYS' FEES AND EXPENSES?

Since the beginning of this litigation, Plaintiffs' counsel in the Action have not received any payment for their services in prosecuting the Action, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the Settlement, counsel for the Settlement Class will apply to the Court for an award of attorneys' fees, including costs and expenses. In the Settlement Agreement, LIBERTY MUTUAL has agreed not to oppose such an application in the aggregate amount of up to $237,500. If the Court awards Plaintiffs' attorneys' fees and expenses in an amount no greater than that amount, LIBERTY MUTUAL will pay the amount awarded by the Court to Plaintiffs' counsel. This payment is in addition to the consideration to the members of the Settlement Class that is described above and will not reduce the amount available to members of the Settlement Class if the Settlement is approved.

9.    WHAT IS THE CLASS REPRESENTATIVE'S INCENTIVE AWARD?

In addition to the application for attorneys' fees and expenses described in the preceding section, in connection with the Court's consideration of the Settlement, LARUSSO intends to seek an award from the Court in the amount of up to $15,000.00, which, if awarded, would be in addition to the settlement consideration that will be available to members of the Settlement Class. In the Settlement Agreement, LIBERTY MUTUAL has agreed not to oppose such an application up to $15,000.00. If the Court awards LARUSSO up to that amount, LIBERTY MUTUAL will pay such amount to LARUSSO.

10.    WHO CAN I CONTACT WITH QUESTIONS?

If you have questions regarding this Notice, the Settlement with LIBERTY MUTUAL or the Action generally, you can obtain additional information from the following sources:

> Liberty Mutual Settlement Administrator
> Wachovia Information Consulting Group
> Attn: Jill DePietto
> 210 N. Ridgecrest Lane, #100
> Jacksonville, FL 32259
> Phone No. (904) 367-4140
> e-mail: jill.depietto@wachovia.com

{M2124170;2}

6

CONSOLIDATED CASE NOS. 00-6061 AND 00-7692-CIV-ZLOCH

Counsel for the Settlement Class
Phillips & Garcia, LLP
Carlin Phillips, Esq.
13 Ventura Drive
N. Dartmouth, MA  02747
Phone No. 508-998-0800
e-mail:  cphillips@phillipsgarcia.com

Kopelman & Blankman, P.A.
Larry Kopelman, Esq.
Douglas Blankman, Esq.
350 East Las Olas Boulevard , # 980
Fort Lauderdale, FL 33301
Phone No. 954 462-6855
e-mail:  dblan2155@aol.com

**PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE.**

11.    <u>REQUEST TO FORWARD THIS NOTICE</u>.

If you would be a member of the Settlement Class described in this notice but you have assigned any claims that might be covered by the Settlement or be released as described above, please forward this notice to the appropriate person as soon as possible.

Dated _____, 2004.

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

# EXHIBIT "4"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,


      Defendants.
_____/


SALVATORE D. LARUSSO, D.C., d/b/a     Case No.: 00-7692
FAMILY CHIROPRACTOR CENTER,
on behalf of himself and all others similarly
situated,

      Plaintiffs,
v.

LIBERTY MUTUAL INSURANCE
COMPANY, and COMMUNITY CARE
NETWORK, INC., d/b/a CCN,

      Defendants.
_____/


## **PROOF OF CLAIM**

**DEADLINE FOR SUBMISSION:** _____

If you submit a Proof of Claim that is incomplete or inaccurate, it may be rejected, and you may be precluded from obtaining a Settlement Payment.

Please do not mail or deliver this Form to the Court or to any of the Parties or their Counsel. In addition, do not telephone the Judge or Clerk of the Court, your insurance agent, or any representatives of Liberty Mutual.

{M2124172;1}

IF YOU ARE A MEMBER OF THE CLASS, YOU MUST COMPLETE THIS FORM IN ORDER TO BE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT.

As described in the enclosed Notice of Proposed Settlement, members of the class who completely and properly fill out this form are entitled to receive a cash payment. Subject to the terms of the Settlement Agreement, your settlement payment will be based upon 60% of the difference between (a) eighty percent (80%) of the amount billed by the class member and (b) the amount paid by LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY MUTUAL") to that Class Member after application of a PPO reduction.

To obtain payment, members of the class must complete this claim form, sign it under oath, and submit it to the settlement administrator prior to _____, 2004. You do not need to submit any additional documentation unless requested by the settlement administrator. The maximum amount you will receive, subject to any pro rata adjustment if necessary depending upon the total number of claims submitted by all class members, is specified on the attached page, which is based upon the books and records of Liberty Mutual's bill review vendor during the class period.

Please type or print legibly.

<b><u>CERTIFICATION</u></b>

I hereby certify, under penalty of perjury, that:

1.    I am either (check one):

_____ (a) the class member listed on the attached page ("Class Member").

_____ (b) the authorized representative of the Class Member listed on the attached page.

2.    I further certify under penalty of perjury that:

(i)    My name is _____.

(ii)    My title is _____.

{M2124172;1}

(iii)    The Class Member's Tax I.D. or Social Security Number is

(please print clearly)_____:

(iv)    I am authorized by the class member on the attached page to complete and execute this Certification on the class member's behalf, and to bind the class member as if that class member executed this document itself.

3.    I have reviewed the enclosed notice of proposed settlement.

4.    The person or entity listed on the attached page is a member of the class (as described in the enclosed Notice of Proposed Settlement).

5.    I am directing the settlement administrator to pay to the Class Member the settlement payment specified on the attached page, subject to any pro rata adjustment under the terms of the Settlement.

6.    To the best of my knowledge and belief, formed after reasonable inquiry, (a) the Class Member holds the assignment(s) of benefits for the Liberty Mutual insureds listed on the attached page, (b) each such insured was treated by the Class Member, (c) the bills for such treatment were submitted to Liberty Mutual, (d) Liberty Mutual's reimbursement or payment of such bills was reduced by application of a PPO discount, and (e) the Class Member has not been previously paid, through any subsequent negotiations, the amount taken as a PPO reduction by Liberty Mutual.

7.    In the event an insured makes a successful claim for the same benefits for which I am being paid in this settlement, I will cause the Class Member, and I have the power and authority to cause the Class Member, to reimburse those funds to Liberty Mutual. Any such reimbursement is limited to the amount the Class Member receives as part of the settlement for the specific claim asserted by the insured.

{M2124172;1}

CONSOLIDATED CASE NOS. 00-6061 AND 00-7692-CIV-ZLOCH

Under penalties of perjury, I declare that the foregoing statements are true and correct.

_____
Signature

_____
Print Name (please print clearly)

_____
Title (if signing in a representative
capacity). Please print clearly.

_____
Name of Class Member (if other than person signing).

_____
Address of Person signing this Form

_____
City, State, Zip Code

_____
Telephone Number

*Note: If you do not submit this form to the settlement administrator prior to _____,*

*2004, you will give up any right to receive payment under the Settlement. If you validly submit this*

*form to the settlement administrator prior to _____, 2004, your claim will be processed by*

*the settlement administrator.*