NIGHT BOX FILED
AUG 1 3 2004
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-ZLOCK/SNOW
(Consolidated)

DR. PAUL ZIDEL, on behalf of himself,
and all others similarly situated,

    Plaintiffs,
vs.

ALLSTATE INSURANCE COMPANY,
ET AL.,

    Defendants.
_____/

## PETITIONER'S SWORN REPLY TO CLASS PLAINTIFF'S MEMORANDUM OF LAW AND AFFIDAVITS IN OPPOSITION TO CASEY FUNDARO, ESQUIRE'S OBJECTION TO SETTLEMENT AND SWORN PETITION FOR ATTORNEY'S FEES

Petitioner by and through undersigned counsel, states as follows, that:

1. The unsworn Memorandum of Law and three Affidavits submitted by Lead Counsel fail to dispute a *single fact* alleged in Petitioner's Objection and Sworn Petition for Attorney's Fees. No contrary competent evidence has been offered that:

    a. Lead Counsel directed and supervised Petitioner in obtaining summary judgment orders throughout Florida in pursuit of the *Mendoza*/collateral estoppel strategy to the *substantial benefit of the consolidated class*.

    b. Lead Counsel directed Petitioner to preserve any favorable orders and was threatened with termination if he vacated the Allstate orders to the *substantial benefit of the consolidated class*.

    c. Lead counsel communicated with Petitioner on an ongoing basis on his individual cases and issues arising under those cases germane to the Class Action to the *substantial benefit of the consolidated class*.

    d. Petitioner devoted the majority of his professional time for over two (2) years in pursuit of and protection of orders *to substantially benefit the class*.

## THERE IS NO COMPETENT EVIDENCE THAT FUNDARO IS CONTRACTUALLY BARRED FROM SEEKING FEES IN ACTIONS OTHER THAN THE SUPERIOR AND METROPOLITAN CASES.

2. The only evidence offered by Lead Counsel is a purported agreement that Fundaro would not be co-counsel in the thirteen remaining PPO matters and that Fundaro would agree to accept only attorney's fees generated from the Metropolitan and Superior cases. No such understanding or written agreement ever existed between Lead Counsel and Fundaro. Lead Counsel cites no written agreement, no particular date of discussion, no particular person who made this agreement with Fundaro and no exact words or conduct which would indicate that Fundaro accepted such a term. Indeed, had such a term been included in the original agreement or subsequent agreement, Fundaro would not have signed such an agreement allowing Fundaro to pursue other opportunities over a two year period.

3. Petitioner's Sworn Petition has been buttressed by the Affidavit of Metropolitan and Superior Class Representative, Frank Lanzisera. He indicates that he litigated his individual cases considering the interest of the class first and foremost. Indeed, as instructed by Lead Counsel when Petitioner first became formally involved as Class Counsel, Petitioner was *required* to litigate his individual cases considering the best interest of the Class or not be formally involved in the consolidated Class Action. Where: (1) all the Class Representatives in this case have a unity of interest; (2) the factual and legal issues are the same; (3) this Court recognized the identity of issues by consolidating the Met and Superior cases with the other 13 consolidated actions; (4) Fundaro has written contingency fee agreements with class representative Frank Lanzisera; and (5) the fee agreements entered into allow the Court to determine a

reasonable attorney's fee outside of the four corners of this agreement, Lead Counsel's position that Fundaro is contractually barred from recovering attorney's fees is without merit.

> FUNDARO IS ENTITLED TO ATTORNEYS FEES UNDER THE COMMON FUND DOCTRINE WHERE (1) INDIVIDUAL CASE LITIGATION IS RELATED BECAUSE OF DIRECTION AND SUPERVISION OF LEAD COUNSEL AND (2) FUNDARO'S SPECIFIC SERVICES IN OBTAINING 40% OF PPO AUTHORITY, PROTECTING IT AND ALLOWING PARTICIPATION IN DISCOVERY CREATED AND PRESERVED THE FUND TO THE SUBSTANTIAL BENEFIT OF THE CLASS

4. Even without a fee agreement as to actions other than the Metropolitan and Superior cases, as outlined in Petitioner's Memorandum of Law, this Court has broad discretion to award attorney's fees to Fundaro under the common fund doctrine. In the instant case, the Sworn Petition details specific services which created or preserved the common fund. Where specific services are rendered which have the effect of benefiting a class tending to create, increase, protect or preserve a fund, an attorney may be entitled to attorneys fees even if not counsel of record. *See, Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939). Explaining *Sprague*, the court in *Kargman v. Sullivan*, 589 F.2d 63 (1st Cir. 1978) stated:

> ...the federal court may award fees where the legal efforts of the parties seeking the award ultimately benefit everyone with an interest in a fund under court control. The rationale is to prevent the entire cost of legal representation falling on the few who press the claims of many. *Kargman* at 68.

5. The United States Supreme Court recognizes that an attorney claimant may be entitled to attorneys fees where efforts result in a ruling which, by *stare decisis*, helps determine future cases or influences future conduct. *See, City of Klawock v. Gustafson*, 585 F.2d 428, 431 (9th Cir. 1978) *citing Sprague v. Ticonic National Bank*,

307 U.S. 161 (1939). Whether the ruling is reduced to judgment or results in settlement is irrelevant. *Id.*

6.  Petitioner's pursuit and protection of summary judgment orders at the direction of Lead Counsel to create *stare decisis* was at the heart of the class action strategy, *a fact that Lead Counsel has not disputed.* In the instant case, each time an order was obtained and preserved, it had *stare decisis* effect under the *Mendoza* line of cases.

7.  In 2001, when the class action was slowed due to stays in discovery and appeals on the arbitration issues, Petitioner at the direction of Lead Counsel created what became 40% of the authority used in Lead Counsel's summary judgment motion against Progressive. The moment Petitioner created the authority, Petitioner created the fund which Lead Counsel is just now collecting. When Petitioner successfully defended two motions to vacate the only orders against Allstate at the direction of Lead Counsel, Petitioner helped preserve the fund. When Petitioner allowed Lead Counsel to participate in discovery on an individual case, Petitioner helped create and protect the fund where discovery was either stayed or severely limited in the class action. Where class representative Lanzisera agreed to delay his own appeals in his Progressive cases pending the results in the 2d DCA for fear of creating bad law which would adversely affect the class, Petitioner helped preserve the fund.

8.  In the cases cited by Lead Counsel, the state and federal cases were unrelated, Class Counsel did not control or supervise work in the parallel litigation and there were no specific services which created or preserved the common fund. In *In Re: Prudential Securities, Inc., Ltd. Partnerships Liquidation*, 911 F. Supp 135 (S.D.N.Y.

1996), the law firm seeking fees admitted in a pleading that the legal and factual contentions in the unrelated action were incompatible and unrelated. *Id.* at 137. In *Prudential*, the plaintiffs were different and out for their own individual interests. Unlike the instant case, Class Counsel did not enter a Notice of Appearance or participate in discovery on an individual case. The only contribution to the unrelated class action in *Prudential* was the untimely delivery of documents with incidental value to the class action.

9. No specific services *at the direction or supervision of Lead Counsel* existed in *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306 (9th Cir. 1994). There, although benefits were conferred by the petitioning attorney, the Court focused on the fact that state court proceedings and the class action were insufficiently related. In *Class Plaintiffs*, the plaintiffs in the state court proceedings were different and the state litigation was pursued for the benefit of the individual plaintiff. In the case at bar, an overlapping plaintiff, class representative Frank Lanzisera, D.C., attests that his individual claims were pursued considering the interest of the class first. In the instant case, Lead Counsel entered a Notice of Appearance and participated in discovery in one individual case. Unlike the unrelated cases in *Class Plaintiffs*, the relationship between the class action and individual cases in the instant case could not be more intertwined or related where the specific goal was to use the results of Petitioner's efforts in state court as a sword to create, preserve and protect the interest of the consolidated classes.

10. For Lead Counsel to claim incidental benefit to the class from Petitioner's efforts is tantamount to criticizing its own *Mendoza*/collateral estoppel strategy in creating and preserving the common fund. To suggest that Petitioner was out on his own

pursuing his own strategy and personal interests is not consistent with the detailed Sworn Petition, documentary evidence and the paucity of denial by Lead Counsel.

11.     Whether the strategy was abandoned or effective is irrelevant where Fundaro merely contributed to the overall workload which has resulted in the settlements. Up until this dispute, Lead Counsel and Class Counsel Bokor, Lawson and Petitioner merely did what was required at the directive of Lead Counsel. No scoresheets or tallies were highlighted until this fee dispute. To flyspeck Petitioner's timesheets is fruitless where the 11th Circuit follows the percentage of the fund approach in cases such as these. *See, Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768 (11th Circuit 1991).

12.     To scrutinize Petitioner's efforts and timesheets would require that this Court scrutinize Class Counsel Bokor and Lawson's fee demands to determine exactly what basis exists to award them attorneys fees that are in excess of Fundaro's share. Petitioner objects to an award of attorney's fees to Bokor and Lawson in excess of Petitioner's share unless Bokor and Lawson can show precisely what services they performed which inured to the benefit of the class in excess of what Petitioner contributed.

13.     That Bokor and Lawson merely produced more class representatives with insurance companies with a bigger market share than Fundaro should not entitle them to a larger share of attorneys fees. That Bokor and Lawson insisted on being involved in meetings and settlement discussions when Lead Counsel could handle these activities without them should not warrant a larger fee. That Petitioner trusted the excellent judgment of Lead Counsel and avoided duplication of effort should not cause Petitioner to be penalized.

14. To suggest that Petitioner has already been paid in full on these claims is untrue and unfair. Petitioner was forced to settle some of the individual cases against Progressive and Allstate for pennies on the dollar when Lead Counsel abandoned the *Mendoza* strategy at the same time that Petitioner ran out of resources. No double recovery is requested. None of the fees earned on the individual cases are fees paid by any of the insurers who have settled. Any payments made on the cases identified on the timesheets could be setoff against Fundaro's equitable share which may or may not come from an Allstate or Progressive settlement. Petitioner merely requests that this Court exercise its equitable power so that Petitioner is compensated fairly in relation to the respective contributions of all Class Counsel, particularly non-Lead Counsel Bokor and Lawson.

15. Lead Counsel suggests that it may need discovery before an evidentiary hearing to determine if Petitioner's allegations are true. Petitioner has provided detail and copious exhibits to the Petition, and Lead Counsel is in exclusive control of whatever evidence it has to dispute the Petition. A request for attorney's fees should not result in a second major litigation. *See, Hensley v. Eckerhart*, 461 U.S. 424 (1983).

16. It is not in the consolidated class' interest to go through protracted discovery on the attorney's fee issue. Either this Court believes the facts alleged in Petitioner's detailed and thorough Sworn Petition for Attorney's Fees or this Court believes the two paragraph blanket assertion by Lead Counsel that an agreement precluding an award of fees on the thirteen consolidated matters was made. Everything else is a question of law. If discovery goes forward, extensive discovery will be required

to controvert and dispute entitlement to and the amount of attorney's fees to be paid to Class Counsels Bokor and Lawson.

17. As stated to Petitioner by Lead Counsel Larry Kopelman in Kopelman's office after Petitioner closed his practice, "…nobody did more than you did for the good of the class action…nobody." It is unfortunate that judicial intervention became absolutely necessary.

18. To avoid unpleasant, unproductive analysis of minutiae not in the interest of the consolidated classes, the suggestion to this Court is that Lead Counsel be awarded a larger share and Petitioner Fundaro, Bokor and Lawson be awarded an equal smaller share of attorneys fees earned in all settlements pending before the Court. For those cases not yet settled, Petitioner requests that the Court award Petitioner the same percentage of attorneys fees agreed to in any eventual settlement in the remaining matters.

19. An award of attorneys fees to Petitioner is respectfully supported by law, fact, and equity and should be granted in all respects.

_____
Casey Fundaro

STATE OF FLORIDA
COUNTY OF BROWARD

Before me the undersigned authority, personally appeared Casey Fundaro, who is personally known to me and who after being duly sworn, deposes and says that the above is true and correct to the best of his knowledge

SWORN TO AND SUBSCRIBED before me on this _13_ day of _Aug_____, 2004.



_____
Notary

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail, this _13_ day of _Aug____, 2004 upon all individuals on the attached service list.

TRIPP SCOTT, P.A.
Attorneys for Casey Fundaro
Post Office Box 14245
Fort Lauderdale, Florida 33302
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

By_____
Edward R. Curtis
Florida Bar No. 236845

## SERVICE LIST

### DR. PAUL ZIDEL, et al., v. ALLSTATE INSURANCE COMPANY, et al
Case No. 00-6061-CIV-Zlock/Snow
(Consolidated)

Eric Lee, Esquire
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, Florida 33431

Arthur S. Gold, Esquire
Gold & Coulson
11 S. LaSalle Street, Suite 2500
Chicago, Illinois 60603

Andrew Garcia, Esquire
Carlin Phillips, Esquire
Phillips & Garcia
13 Ventura Drive
North Darthmouth, MA 02747

Larry Kopelman, Esquire
Douglas Blankman, Esquire
Kopelman & Blankman, P.A.
350 E. Las Olas Blvd., Suite 980
Fort Lauderdale, Florida 33301

Susan L. Lawson, Esquire
230 East Davis Blvd., Suite 200
Tampa, Florida 33606

Richard Bokor, Esquire
Richard Bokor, P.A.
230 East Drive Blvd.
Tampa, Florida 33606

David B. Shelton, Esquire
Rumberger, Kirk & Caldwell
Signature Plaza, Suite 200
Post Office Box 1873
Orlando, Florida 32802

Peter J. Valeta, Esquire
Ross & Hardies
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

John M. Quaranta, Esquire
Tew, Cardenas
Miami Center, 26th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131

Francis A. Anania, Esquire
Anania, Bandklayder
NationsBank Tower, Suite 4300
100 SE 2nd Street
Miami, Florida 33131

Richard Critchlow, Esquire
Robert Landon, Esquire
The Kenny Nachwalter Law Firm
201 S. Biscayne Blvd., Suite 1100
Miami, Florida 33131

Katherine C. Lake, Esquire
Fowler, White
Post Office Box 1438
Tampa, Florida 33601

James C. Haggerty, Esquire
Swartz Campbell Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA 19103

Robert K. Levenson, Esquire
Greg Baldwin, Esquire
Holland & Knight, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131

Mark Shapiro, Esquire
Akerman, Senterfit
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131

Marcy Levine Aldrich, Esquire
Akerman, Senterfit
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131

Jeffrey P. Lennard, Esquire
Sonnenschein, Nath & Rosenthal
8000 Sears Tower
Chicago, IL 60606

Alan J. Nisberg, Esquire
Butler Burnette Pappas
Bayport Plaza
6200 Courtney Campbell Causeway, Suite 1100
Tampa, Florida 33607

Kathy J. Maus, Esquire
Lauren D. Levy, Esquire
Butler Burnette Pappas
3600 Maclay Blvd., Suite 101
Tallahassee, Florida 32312

John D. Aldock, Esquire
Michael Isenman, Esquire
Shea & Gardner
1800 Massachusetts Avenue, NW
Washington, DC 20036

Dale L. Friedman, Esquire
Brian P. Knight, Esquire
Conroy, Simberg, Ganon, Krevans & Abel, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, Florida 33021