UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

**ORDER OF PRELIMINARY APPROVAL**

ALLSTATE INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN,

Defendants.
_______________________________/

FILED by ______ D.C.
AUG 20 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

ULTRA OPEN MRI CORP., on behalf of itself and all others similarly situated,

01-6780

Plaintiffs,

vs.

INTEGON NATIONAL INSURANCE COMPANY, INTEGON GENERAL INSURANCE COMPANY, INTEGON PREFERRED INSURANCE COMPANY, INTEGON INDEMNITY CORPORATION, NATIONAL GENERAL ASSURANCE COMPANY, NATIONAL GENERAL INSURANCE COMPANY, MIC GENERAL INSURANCE CORPORATION and INTEGON CASUALTY INSURANCE COMPANY,

Defendants.
_______________________________/

THIS MATTER is before the Court upon Plaintiff, Ultra Open MRI Corporation and Defendants, Integon General Insurance Corporation, Integon National Insurance Company, Integon Preferred Insurance Company, Integon Indemnity Coproration, National General Assurance Company, National General Insurance Company, MIC General Insurance



Corporation and Integon Casualty Insurance Company's Joint Motion For Preliminary Approval Of Settlement Agreement (DE 959). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff, Ultra Open MRI Corporation and Defendants, Integon General Insurance Corporation, Integon National Insurance Company, Integon Preferred Insurance Company, Integon Indemnity Coproration, National General Assurance Company, National General Insurance Company, MIC General Insurance Corporation and Integon Casualty Insurance Company's Joint Motion For Preliminary Approval Of Settlement Agreement (DE 959) be and the same is hereby **GRANTED** as follows:

1.  The terms of the Settlement Agreement And Stipulation (DE 959, Ex. 2) (hereinafter the "Settlement Agreement") be and the same are hereby preliminarily approved, subject to further consideration at a Final Settlement and Fairness Hearing (hereinafter the "Fairness Hearing") as provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of a Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

**<u>Conditional Certification of the Class</u>**

2. For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to Defendants, Integon General Insurance Corporation, Integon National Insurance Company, Integon Preferred Insurance Company, Integon Indemnity Corporation, National General Assurance Company, National General Insurance Company, MIC General Insurance Corporation and Integon Casualty Insurance Company (hereinafter collectively "GMAC Insurance" or the "Defendants"), this Action is conditionally certified as a class action on behalf of the following persons (hereinafter the "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a GMAC Insurance PIP policy; (b) That received a valid assignment of benefits from the person(s) insured by GMAC Insurance as to such services; (c) That submitted bills for payment for such services to GMAC Insurance; and (d) Which bills were reduced by GMAC Insurance based on the application of a ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through August 1, 2003).

Excluded from the Settlement Class are: GMAC Insurance, any parent, subsidiary, affiliate, or controlled person of GMAC Insurance, as well as the officers, directors, agents, servants, and employees of GMAC Insurance, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action. Plaintiff, Ultra Open MRI Corporation (hereinafter "UOMC"), is conditionally certified as the Representative of the Settlement Class. This conditional certification of the Settlement Class and

Class Representative is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

**Fairness Hearing; Right to Appear and Object**

3. A Fairness Hearing shall take place on Friday, January 7, 2005, at 10:00 a.m., before the Honorable William J. Zloch, in Courtroom A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida to determine:

a. Whether the Court should certify the Settlement Class and whether the Class Representative and its counsel have adequately represented the class;

b. Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

      c.    Whether the Action should be dismissed on the merits and with prejudice as to GMAC Insurance;

      d.    Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against GMAC Insurance;

      e.    Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

      f.    Whether the application for an incentive award to be submitted by the Class Representative should be approved; and

      g.    Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

      4.    Any member of the class who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted to the Court in connection with consideration of those matters, unless on or before the Claim Deadline of <u>Monday, November 22, 2004</u> such person:

      a. Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing;

b. Files with the Court a copy of a valid Assignment of Benefits demonstrating the person's standing to assert objections; and

c. Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by Monday, November 22, 2004 at 5:00 p.m.:

Counsel for the Settlement Class
Phillips & Garcia, LLP
Carlin Phillips, Esq.
13 Ventura Drive
N. Dartmouth, MA 02747

and

Counsel for GMAC Insurance
Akerman Senterfitt
Marcy Levine Aldrich, Esq.
One S.E. Third Ave., 28th Floor
Miami, FL 33131

5. The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

**Form and Timing of Notice**

6. As soon as practicable after entry of this Order, but no later than Monday, September 20, 2004, the Settlement Administrator shall cause copies of the Notice and Proof of Claim, substantially in the form of Exhibits B and D to the Settlement Agreement (DE 959, Ex. 2), the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class to the extent such class members can be identified with reasonable diligence.

7. Prior to the Fairness Hearing, GMAC Insurance and/or the Settlement Administrator shall file a sworn statement attesting to compliance with the preceding paragraph. The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

8. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

**Ability of Class Members to Opt Out of the Settlement Class**

9. All members of the class who wish to opt out of the class must do so by sending written notice of their election to opt out to the Settlement Administrator at the address set forth in the Notices to be provided as set forth in this Order. To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request for such person must be post-marked by no later than Monday, November 22, 2004 (hereinafter the "Opt Out Deadline"). Prior to the Final Settlement Hearing, GMAC Insurance and/or the Settlement Administrator shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely electing to opt out of the class.

10. Any potential member of the class that does not properly and timely request exclusion from the Settlement Class shall be included in such class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to Sue described therein, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

**Other Provisions**

11. Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

12. All proceedings against and concerning GMAC Insurance in the Action, other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, including all pending actions in any other state or federal court relating to the same issues asserted in this Action, are hereby stayed and suspended until the Opt Out Deadline. Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief against GMAC Insurance relating to PPO reductions.

13. No discovery with regard to the settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

14. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class,

GMAC Insurance, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

15. In the event that the Settlement Agreement is terminated or is not consummated for any reason, this settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of August, 2004.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

All counsel of record