UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated,

       Plaintiffs,
vs.                       **ORDER OF PRELIMINARY APPROVAL**

PRUDENTIAL INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

       Defendants.
_____/



ULTRA OPEN MRI CORPORATION,     01-6778
et al., on behalf of itself
and others similarly situated,

       Plaintiffs,

vs.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY

       Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiffs, Ultra Open MRI Corporation and Walter Afield, M.D. and Defendant, Prudential Property and Casualty Insurance Company's Joint Motion For Preliminary Approval Of Settlement (DE 962). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    Accordingly, after due consideration, it is

        **ORDERED AND ADJUDGED** that Plaintiffs, Ultra Open MRI Corporation and Walter Afield, M.D. and Defendant, Prudential



Property and Casualty Insurance Company's Joint Motion For Preliminary Approval Of Settlement (DE 962) be and the same is hereby **GRANTED** as follows:

1.  The terms of the Settlement Agreement And Stipulation (DE 962, Ex. 2) (hereinafter the "Settlement Agreement") be and the same are hereby preliminarily approved, subject to further consideration at a Final Settlement and Fairness Hearing (hereinafter the "Fairness Hearing") as provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of a Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

### Conditional Certification of the Class

2.  For purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to Defendant Prudential Property and Casualty Insurance Company of Indiana, on behalf of itself and its affiliates Prudential Property and Casualty Insurance Company of New Jersey, Merastar Insurance Company, and Prudential General Insurance Company (hereinafter collectively, "PRUPAC"), the above-styled cause is conditionally certified as a class action on behalf of the following class:

> All Florida healthcare providers (each, a "Class Member") that provided healthcare services to a patient covered by a PRUPAC automobile insurance policy issued in the state of Florida (a "PRUPAC Insured"), where such PRUPAC

      insured submitted an assignment of benefits or direction to pay to the Class Member, that Class Member submitted one or more bills for payment to PRUPAC for services rendered to the PRUPAC insured, and PRUPAC reduced the amount it paid to the Class Member in satisfaction of that bill or bills based on the application of a PPO discount between May 8, 1996 and October 31, 2003.

Representative Plaintiffs are temporarily certified as representatives of the class. This conditional certification of the class and class representatives is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of class representatives shall be void and of no further effect and the parties to the settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted to the Settlement Agreement. The Court notes that because the proposed certification of the class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Complaint in the Action.

### Fairness Hearing; Right to Appear and Object

    3. A Fairness Hearing shall take place on <u>Friday, January 7, 2005</u>, at <u>10:00 a.m.</u>, before the Honorable William J. Zloch, in Courtroom A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida to determine:

  a. Whether the Court should certify the class and whether the representative Plaintiffs and their counsel have adequately represented the class;

  b. Whether the settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

  c. Whether the Action should be dismissed on the merits and with prejudice as to PRUPAC;

  d. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the action against PRUPAC;

  e. Whether the application for attorneys' fees and expenses to be submitted by class counsel in connection with the final settlement hearing should be approved;

  f. Whether the application for a fee award to representatives plaintiffs to be submitted in connection with the final settlement hearing should be approved; and

  g. Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the settlement at or after the Fairness Hearing with any modifications agreed to by the parties and without further notice to the class.

  4. Any member of the class who is not timely and properly provided notice of an election to opt out of the class and the settlement in the manner set forth below, and any other interested

person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in consideration of those matters, unless on or before <u>Friday, November 5, 2004</u> , such person:

     a.   Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the settlement hearing;

     b.   If a member of the class, files with the Court a copy of a valid Assignment of Benefits demonstrating the healthcare provider's standing to assert objections; and

     c.   Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel:

Eric Lee, Esq.  
Lee & Amtzis, P.L.  
Suite 401  
5550 Glades Road  
Boca Raton, FL  33431

Carlin Phillips, Esq.  
Phillips & Garcia, LLP  
13 Ventura Drive  
N. Dartmouth, MA  02747

Michael K. Isenman, Esq.

Shea & Gardner
1800 Massachusetts Ave. NW
Washington, DC 20036

5.  The Court may adjourn the Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Final Settlement Hearing or any adjournment thereof.

### Form and Timing of Notice

6.  As soon as practicable after entry of this Order, but no later than <u>Monday, September 20, 2004</u>, PRUPAC or its designee shall cause copies of the Notice of Class Action and Proposed Settlement in the form attached as Exhibit 3 to the Joint Motion (the "Mailed Notice"), including the Claim Form substantially in the form attached as Exhibit 4 to the Joint Motion (the "Claim Form"), the forms of which are hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the class to the extent such class members can be identified with reasonable diligence.

7.  Beginning on the earliest date that notice is provided pursuant to the foregoing paragraph of this Order and continuing through the deadline for members of the class to return a completed claim form (as that date is specified in the Settlement Agreement), PRUPAC shall make available to potential members of the class principal versions of the Mailed Notice and the Claim Form from the

public website maintained by or on behalf of PRUPAC.

8. Prior to the Fairness Hearing, PRUPAC or counsel for PRUPAC will serve and file a sworn statement attesting to compliance with paragraph 6 of this Order. Costs of providing the Notice to the class as specified in this Order shall be paid as set forth in the Settlement Agreement.

9. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Final Settlement Hearing to all persons affected by and/or entitled to participate in the settlement or the Final Settlement Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

**Ability of Class Members to Opt-Out of the Settlement Class**

10. All members of the class who wish to opt-out of a class must do so by sending written notice of their election to opt-out to the settlement administrator at the address set forth in the Notices to be provided as set forth in this Order. To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt-out request for such person must be post marked by no later than <u>Friday, November 5, 2004</u> (the "Opt-Out Deadline"), or, if applicable, the deadline specified in ¶12 of the Settlement Agreement. Within fifteen days

of the Opt-Out Deadline, class counsel or a designee shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely electing to opt-out from the class.

11. Any potential member of the class that does not properly and timely request exclusion from the class shall be included in the class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to sue described therein, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

## Confidentiality

12. The names, addresses, policy numbers, medical records and other information concerning PRUPAC's insureds that may be compiled by PRUPAC in effectuating the Settlement Agreement and the electronic data processing and other record keeping procedures and materials to be utilized by PRUPAC in identifying potential members of the Settlement Classes and effectuating PRUPAC's other obligations hereunder (hereinafter the "Information"), which is represented by PRUPAC to constitute highly confidential and proprietary business information, shall be kept confidential as

described below, provided that PRUPAC and Class Counsel are authorized to use and disclose such Information as is contemplated and necessary to effectuate the terms and conditions of the Settlement Agreement.

   a. No person, other than individuals employed by PRUPAC or to whom PRUPAC has expressly permitted access, shall be allowed access to any Information except Class Counsel and attorneys, experts and clerical personnel employed by such counsel; and such other persons as the Court may order after notice to all counsel of record.

   b. At no time, except pursuant to Court order upon notice to all counsel of record, shall any Information be made known or available to any person, other than individuals described in paragraph 12(a) above and the individuals employed by PRUPAC or to whom PRUPAC has expressly permitted access, unless he or she first signs a statement attesting to the fact that he or she has read and understands the confidentiality provisions of this order, that he or she agrees to be bound and to comply with the confidentiality provisions of this order and that he or she understands that disclosure of Information to unauthorized persons may constitute contempt of court. Copies of all such signed statements shall be retained by Class Counsel and delivered to PRUPAC upon request.

   13. At the conclusion of this action, any and all Information

provided by PRUPAC to Class Counsel or anyone else, and all copies thereof shall, upon PRUPAC's request, be promptly returned to PRUPAC.

### **Other Provisions**

14. Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

15. All proceedings against and concerning PRUPAC in the Action, other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, including all pending actions in any other state or federal court relating to the same issues asserted in the above-styled cause, are hereby stayed and suspended until the opt-out deadline. Pending final determination of whether the settlement and Settlement Agreement should be approved and the class permanently certified, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief regarding PPO reductions.

16. No discovery with regard to the settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

17. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, class counsel, any members of the class, PRUPAC, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

18. In the event that the Settlement Agreement is terminated or is not consummated for any reason, this settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _20th_ day of August, 2004.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:
All counsel of record