UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF FLORIDA

CONSOLIDATED CASE NO.: 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of himself, and all similarly situated,

     Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,,

     Defendants.

_____/

SALVATORE D. LARUSSO, D.C.,
d/b/a FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly situated,

     Plaintiffs,

vs.

LIBERTY MUTUAL INSURANCE COMPANY
and COMMUNITY CARE NETWORK, INC., d/b/a CCN,

     Defendants.

_____/

FILED by ___ D.C.
INTAKE
DEC 3 0 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## NOTICE OF FILING OBJECTION TO CLASS ACTION SETTLEMENT

     COMES NOW, Hurst Chiropractic Clinic, as assignee of Janice E. Kensel, and files this, its' Objection to Class Action Settlement, and in support thereof, states:

1.    Hurst Chiropractic Clinic (Hurst), as assignee of Janice E. Kensel, is the Plaintiff in a case filed in the Duval County Court, styled HURST CHIROPRACTIC CLINIC, as assignee of Janice E. Kensel, vs. LIBERTY MUTUAL FIRE INSURANCE COMPANY, Case No.: 16-2003-SC-008129, Division J.

2.    In that action, Hurst is seeking payment of certain No-Fault Benefits, which were reduced by Liberty Mutual, based on the improper application of PPO reductions. A copy of the Complaint



filed in that case, filed on July 31, 2003, is attached to this Notice as "Exhibit 1".

3.  Local counsel for Liberty Mutual is aware of the pending lawsuit, and on September 10, 2004, attorney Cary A.W. Braswell entered into a Joint Stipulation Setting Forth Good Cause Why Action Should Remain Pending, which was filed in Case No.: 16-2003-SC-008129. A copy of the Joint Stipulation is attached to this Notice as "Exhibit 2".

4.  In the Joint Stipulation, Ms. Braswell represented that "the ruling by the Supreme Court will be dispositive in this case. Furthermore, the parties are negotiating a settlement of this action and the parties are confident that a settlement will be reached within the next 45 - 60 days." The undersigned has been in contact with Ms. Braswell, and had been discussing possible resolution of this claim. On or about September 28, 2004, Ms. Braswell informed this office of Judge Zloch's order, staying all Beech Street cases against Liberty Mutual in any Florida Court, making Liberty unable to proceed with settlement negotiations. A copy of Cary Braswell's letter of September 28, 2004, is attached to this Notice as "Exhibit 3".

5.  On October 25, 2004, defense counsel for Liberty Mutual filed with the Duval County Court in Case No.: 16-2003-SC-008129, Division J, its' Notice of Preliminary Approval of Settlement and Stay, based on Judge Zloch's Order of Preliminary Approval, of August 20, 2004. A copy of the Notice filed in the case, is attached to this Notice as "Exhibit 4".

6.  It is clear to the undersigned, that Liberty Mutual intends to argue that, due to the class action settlement, Hurst's claim for PPO reductions taken to bills for treating Janice Kensel, are forever barred. The undersigned has attempted to reach attorney Braswell, to clarify Liberty's position and intentions with regard to this dispute, but has been unsuccessful to date.

7.  Liberty Mutual Fire Insurance Company has been well aware that Hurst did not accept the PPO reductions taken to the bills for treatment of Janice Kensel, for injuries related to her motor vehicle accident of October 25, 2000. Liberty Mutual Fire Insurance Company has been well aware that Farah, Farah & Abbott, P.A. has represented Hurst in Case No.: 16-2003-SC-008129, Div. J (Duval County) since July, 2003. Despite this, Liberty Mutual has never provided Hurst's counsel with a Notice and Proof of Claim, as required by the Order of Preliminary Approval.

8.  Liberty Mutual Fire Insurance Company is in breach of the Order of Preliminary Approval, as Hurst can be identified with reasonable diligence, and as Hurst is a represented party in the Kensel case, Notice and Proof of Claim should be required to be submitted to its attorneys, no later than Monday, September 20, 2004. As Hurst was never properly notified of the settlement, or the opt out deadline, Hurst should not be required to have completed an opt out request by November 22, 2004. Therefore, as to Hurst, the claims sought in Case No.: 16-2003-SC-008129, Division J (Duval County) should not be barred.

9.  A copy of the valid Assignment of Benefits, demonstrating Hurst's standing to assert the objections stated in this Notice, is attached as "Exhibit 5'.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished to:

Cary A. W. Braswell, Esquire
Law Office Of Amy L. Warpinski
1301 Riverplace Blvd., Suite 620
Jacksonville, FL 32207
Telephone: (904) 346-5422
Facsimile: (904)346-3306
Attorneys for Defendant

Carlin Phillips, Esq.
Phillips & Garcia, LLP
13 Ventura Drive
N. Dartmouth, MA 02747
Counsel for the Settlement Class

Nina Kole Brown, Esq.
Akerman Senterfitt
One SE Third Avenue, 28th Floor
Miami, FL 33131
Counsel for Liberty Mutual

by U.S. Mail this 22nd day of December, 2004.

FARAH, FARAH & ABBOTT, P.A.

D. Scott Craig, Esq.
Florida Bar No.: 0134480
10 West Adams, Third Floor
Jacksonville, Florida 32202
Telephone  (904) 358-8888
Facsimile:  (904) 807-3199
Attorneys for Plaintiff

# EXHIBIT   1

IN THE SMALL CLAIMS COURT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO:
DIV:

16- 2003-SC-008129    -XXXX-MA

HURST CHIROPRACTIC CLINIC,
     as assignee of Janice E. Kensel,

    Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

---

## COMPLAINT

    The Plaintiff, Hurst Chiropractic Clinic, as assignee of Janice E. Kensel (hereinafter "Plaintiff"), sues the Defendant, Liberty Mutual Insurance Company (hereinafter "Defendant"), and alleges:

    1.    This is an action for damages for overdue and unpaid No-Fault benefits and interest on overdue and unpaid No-Fault benefits, that do not exceed Twenty-Five Hundred Dollars ($2,500.00).

    2.    At all times material hereto, Plaintiff is a medical provider doing business in Duval County, Florida, and the policy of insurance involved herein was issued by Defendant to its insured in Duval County, Florida.

    3.    At all times material hereto, Defendant was a corporation duly licensed to transact insurance in the State of Florida and maintained agents for transaction of its customary business in Duval County, Florida.

    4.    On or about **October 25, 2000**, Janice E. Kensel sustained personal injuries related

to the operation, maintenance or use of a motor vehicle in Duval County, Florida, insured by Defendant.

5.      As a direct and proximate result of the bodily injuries, Plaintiff provided its patient, Janice E. Kensel, with reasonable and necessary medical, rehabilitative, nursing and remedial care. In consideration of receiving such care, Janice E. Kensel provided an assignment of her No-Fault benefits under the insurance policy herein to Plaintiff.

6.      Defendant issued a policy of insurance **policy number: AO2251031424100024** which provided personal injury protection (PIP) benefits required by law to comply with Florida Statutes §627.730 - §627.7405.   Defendant received claims for such benefits under its **claim number: LA-001096259-02**.  Plaintiff does not have a copy of the policy to attach, but Defendant is in possession of the original policy.  Plaintiff is making a written request for the policy from Defendant, and will attach same to the Complaint when it is received.

7.      The above-described policy was in full force and effect on the date Janice E. Kensel sustained the bodily injuries and provided No-Fault benefits coverage to Janice E. Kensel for the bodily injuries she sustained.

8.      Defendant was furnished with a properly executed application for No-Fault benefits together with medical authorizations for the Defendant to obtain information necessary for prompt adjustment of any claims, and Defendant had the opportunity to seek any additional information needed pursuant to the means provided under F.S. §627.736(6) & (7).

9.      Plaintiff gave notice of covered losses and made demand for No-Fault benefits for reasonable, necessary and related medical, rehabilitative, and remedial treatment.

10.      Plaintiff has performed all conditions precedent to entitle Plaintiff to recover benefits

2

for said necessary medical, rehabilitative, nursing, and remedial treatment regarding the above-described policy.

11.    Defendant did not make payment of the No-Fault benefits within thirty (30) days as required by F.S. §627.736(4)(b), to Plaintiff.

12.    Defendant failed to pay Plaintiff's covered losses and Defendant had no reasonable proof to establish that it was not responsible for the payment.

13.    Due to the failure of the Defendant to pay No-Fault benefits in accordance with the law, Plaintiff has been required to retain the undersigned law firm for the prosecution of this suit. Plaintiff has agreed to pay, and the attorneys of the firm have agreed to accept, any Court awarded fee, including a fee multiplier.

14.    Defendant has failed to pay the 10% annual statutory interest penalties and the statutory attorneys fees required by law.    Interest is accruing on the total amount of the unpaid and overdue benefits.

15.    Plaintiff would derive a direct benefit from the court's judgment ordering the Defendant to pay interest and attorneys' fees even if Defendant pays all or some of the disputed benefits before judgment is entered after suit is filed.

**WHEREFORE**, Plaintiff demands judgment for No-Fault benefits together with pre-judgment interest thereon, all interest on any past benefits not timely paid pursuant to F.S. §627.736(4)(c), attorneys' fees pursuant to F.S. §627.428 and F.S. §627.736(8), legal assistant fees pursuant to F.S. §57.104 and costs pursuant to F.S. §92.231 and F.S. §57.041.

Dated this 31ª day of July, 2003.

FARAH, FARAH AND ABBOTT, P.A.

_____
DAVID G. CANDELARIA, ESQUIRE
Florida Bar No.: 0569216
10 West Adams, Third Floor
Jacksonville, Florida 32202
Telephone: (904) 358-8888
Facsimile: (904) 807-3199
Attorneys for Plaintiff

4

# EXHIBIT   2

IN THE SMALL CLAIMS COURT,
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO: 16-2003-SC-008129
DIV: J

HURST CHIROPRACTIC CLINIC,
     as assignee of JANICE E. KENSEL,

     Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

### NOTICE OF FILING JOINT STIPULATION

     Plaintiff, Hurst Chiropractic Clinic, as assignee of Janice E. Kensel, hereby gives notice that the Joint Stipulation Setting Forth Good Cause Why Action Should Remain Pending, has been filed with the clerk of the court.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished to:

     Cary A. W. Braswell, Esquire
     Law Office Of Amy L. Warpinski
     1301 Riverplace Blvd., Suite 620
     Jacksonville, FL 32207
     Telephone: (904) 346-5422
     Facsimile: (904)346-3306
     Attorneys for Defendant

     by U.S. Mail and Facsimile this 10th day of September, 2004.

     FARAH, FARAH & ABBOTT, P.A.

     DAVID G. CANDELARIA, ESQUIRE
     Florida Bar No.: 0569216
     10 West Adams, Third Floor
     Jacksonville, Florida 32202
     Telephone (904) 358-8888
     Facsimile: (904) 807-3199
     Attorneys for Plaintiff

Case 1:03-cv-00066-SWW Document 10-3 Entered on FLSD Docket 07/04/2005 Page 11 of 99

IN THE SMALL CLAIMS COURT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO:    16-2003-SC-008129
DIV:        J

HURST CHIROPRACTIC CLINIC,
     as assignee of Janice E. Kensel,

     Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

### JOINT STIPULATION SETTING FORTH GOOD CAUSE WHY ACTION SHOULD REMAIN PENDING

     IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel that good

cause exists to keep the instant action pending and as grounds thereof, would state: no action was

taken on this file in the last six (6) months due to the fact that the Florida Supreme Court is on the

verge of rendering a decision on the central issue involved in this case and such decision will be

applied in the instant action. As such, the ruling by the Supreme Court will be dispositive in this

case. Furthermore, the parties are negotiating a settlement of this action and the parties are confident

that a settlement will be reached within the next 45 - 60 days.

DAVID G. CANDELARIA, ESQUIRE
FARAH, FARAH & ABBOTT, P.A.
10 West Adams Street, 3rd Floor
Jacksonville, Florida 32202
Telephone: (904) 358-8888
Facsimile: (904) 807-3199
Attorneys for Plaintiff

CARY A. BRASWELL, ESQUIRE
LAW OFFICE OF AMY L. WARPINSKI
1301 Riverside Boulevard, Suite 620
Jacksonville, Florida 32207
(904) 346-5422 office
(904) 346-3306 facsimile
Attorneys for Defendant

# EXHIBIT   3

LAW OFFICE
OF

# AMY L. WARPINSKI

**Amy L. Warpinski**
  Managing Attorney
**Peter Kellogg***
  Assistant Managing Attorney

Cary A. W. Braswell
William Ray Holley
Tara L. Sa'id
Pamela Haddock Klavon

EMPLOYEES OF LIBERTY MUTUAL INSURANCE COMPANY
A MEMBER COMPANY OF THE LIBERTY MUTUAL GROUP

1301 RIVERPLACE BOULEVARD
SUITE 620
JACKSONVILLE, FLORIDA  32207

Telephone:  (904) 346-5422
Facsimile:  (904) 346-3306

* Board Certified Civil Trial Lawyer
* Also Admitted in GA

September 28, 2004

*Via Fax & Mail*
David G. Candelaria, Esquire
Farah, Farah & Abbott, P.A.
12276 San Jose Blvd., Suite 126
Jacksonville, FL 32223
(904) 358-2424

RE:    Hurst Chiropractic Clinic a/a/o Janice Kensel v. Liberty Mutual Fire Insurance Co.
       Case No: 16-2003-SC-008129

Dear Mr. Candelaria:

Thank you for your courtesy regarding this file.   We have been discussing settlement of same.
However, I was informed on the afternoon of Monday, September 27, 2004, that on August 20,
2004, Chief United States District Judge William J. Zloch signed an order staying all Beech Street
cases against Liberty Mutual in any Florida Court.  Therefore, we are unable proceed with settlement
negotiations as all litigation has been stayed.  As soon as I receive a copy of the order, I will provide
you with a copy of same.

I apologize for this inconvenience.  Thank you for your courtesy and cooperation.

Very truly yours

Cary A. W. Braswell
Attorney at Law

CAWB/dvd

# EXHIBIT   4

IN THE SMALL CLAIMS COURT,
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO: 16-2003-SC-008129
DIVISION: J

HURST CHIROPRACTIC CLINIC,
As assignee for Janice E. Kensel,
                        Plaintiff,

vs.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,
                        Defendant.

## NOTICE OF PRELIMINARY APPROVAL OF
## SETTLEMENT AND STAY

Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, hereby notifies this Court that the United States District Court in the Southern District of Florida, in a class action[1] seeking reimbursement of PIP benefits arising from Liberty Mutual's application of PPO reductions, has issued an order staying all related litigation in the state and federal courts pending against Liberty Mutual until November 23, 2004. In further support thereof, Liberty Mutual states as follows:

1.      In the class action styled, Salvatore D. Larusso, D.C., d/b/a, Family Chiropractor Center, on behalf of himself and all others similarly situated v. Liberty Mutual Insurance Company and Community Care Network, Inc., d/b/a CCN, Case No. 00-7692 (Consolidated Case No. 00-6061-CIV-ZLOCH), the parties have entered into a Settlement Agreement and

---

[1] The class is defined as: "Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a LIBERTY MUTUAL policy issued in the State of Florida with PIP Benefits; (b) That received a valid assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such services; (c) That submitted bills for payment for such services to LIBERTY MUTUAL; and (d) Which bills were reduced by LIBERTY MUTUAL based on the application of an ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through July 15, 2004.")

Stipulation ("Settlement Agreement") wherein the parties agreed that they would request that the Court, in its order of preliminary approval regarding the Settlement Agreement, "[s]tay any pending proceedings in any Florida Court and enjoin the initiation of any new litigation in any Florida Court seeking the payment of PIP benefits from LIBERTY MUTUAL based on LIBERTY MUTUAL'S application of PPO reductions during the Class Period (the "Stay Order")." *Settlement Agreement* at ¶ 2.2. A copy of the Settlement Agreement is on file with the United States District Court, Southern District of Florida, Consolidated Case No. 00-6061-CIV-ZLOCH, Case No. 00-7692.

2.    In accordance with the Settlement Agreement, the Court entered its Order of Preliminary Approval (the "Approval Order") regarding the Settlement Agreement on August 20, 2004. In the Approval Order, the Court stayed all pending actions in federal and state court against Liberty Mutual related to Liberty Mutual's application of PPO reductions to PIP benefits and enjoined all class members from commencing or prosecuting such claims until the expiration of the Opt Out Deadline, November 22, 2004. The Approval Order provides:

> All proceedings against and concerning LIBERTY MUTUAL in the Action, other than proceedings that may be necessary to carry out the terms and conditions of the settlement, including all pending actions in any other state or federal court relating to the same issues asserted in this Action, are hereby stayed and suspended until the Opt Out Deadline. Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief against LIBERTY MUTUAL relating to PPO reductions.

Approval Order at ¶ 12. A copy of the Approval Order is on file with the United States District Court, Southern District of Florida, Consolidated Case No. 00-6061-CIV-ZLOCH, Case No. 00-7692.

WHEREFORE, Defendant Liberty Mutual notifies this Court that the Approval Order has been entered staying this action until November 23, 2004 (attached as Exhibit A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by the U.S. Mail, this 25th day of October, 2004 to David Candelaria, Esquire, 10 West Adams, Jacksonville, FL 32202, Attorney for Plaintiff.

LAW OFFICE OF AMY L. WARPINSKI
Attorney for Defendant
1301 Riverplace Boulevard, Suite 620
Jacksonville, Florida 32207
Telephone: (904) 346-5422

By: _Cary A.W. Braswell_
CARY A. BRASWELL
Florida Bar No: 0193460

# EXHIBIT  5

**PLEASE PRINT**

FRANK E. HURST, D.C.
PATIENT INTRODUCTION

REFERRED BY: You Are in An Comedy

DATE 10/26/00

NAME: Kensel (Last)    First

DATE OF BIRTH 03/27/59   AGE 41   RACE B

HOME ADDRESS: 755 Sunken Meadow Lane   CITY Jax   STATE FL   32218

HOME PHONE 904/696-9006   EMPLOYED BY Of America, Mortgage Funding   OCCUPATION Office Manager

SPOUSE ADDRESS: 455 Restlawn Dr.   Jax   FL   32208   (904)765-6563

NAME OF SPOUSE: Willie A. Kensel   OCCUPATION JEA Foreman

ADDRESS: 755 Sunken Meadow Lane   JAX   FL   32218

HAVE YOU HAD CHIROPRACTIC CARE BEFORE?  YES ☐  NO ☑

NAME OF AGENT: N/A

IS YOUR CARE LITIGATED?  YES ☐  NO ☑

Signature of Patient: Janice Kensel

Signature of other Responsible Party: