UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Judge Snow)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

ULTRA OPEN MRI CORP., on behalf of            01-6778
itself and all others similarly situated,

    Plaintiffs,
v.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY

    Defendant.
_____/

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs, Ultra Open MRI Corporation (hereinafter "UOMC") and Walter Afield, M.D. ("Dr. Afield"), and Defendant, Prudential Property and Casualty Insurance Company of Indiana, on behalf of itself and its affiliates, Prudential Property and Casualty Insurance Company of New Jersey, Merastar Insurance Company and Prudential General Insurance Company (hereinafter collectively,

1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Judge Snow)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

ULTRA OPEN MRI CORP., on behalf of          01-6778
itself and all others similarly situated,

    Plaintiffs,
v.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE COMPANY

    Defendant.
_____/

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiffs, Ultra Open MRI Corporation (hereinafter "UOMC") and Walter Afield, M.D. ("Dr. Afield"), and Defendant, Prudential Property and Casualty Insurance Company of Indiana, on behalf of itself and its affiliates, Prudential Property and Casualty Insurance Company of New Jersey, Merastar Insurance Company, and Prudential General Insurance Company (hereinafter collectively, "PRUPAC"), have submitted for final approval a proposed settlement of this class

1



action.

By an Order of Preliminary Approval dated August 20, 2004 (the "Order of Preliminary Approval"), this Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Joint Motion For Preliminary Approval of Settlement (DE 962) (the "Joint Motion for Preliminary Approval") and the Stipulation and Agreement of Compromise and Settlement (the "Settlement Agreement") attached as Exhibit 2 to the Joint Motion for Preliminary Approval, subject to further consideration at the Final Settlement and Fairness Hearing conducted on January 7, 2005. In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as a class action for settlement purposes only and temporarily certified UOMC and Dr. Afield as representatives of the following class:

> All Florida healthcare providers (each, a "Class Member") that provided healthcare services to a patient covered by a PRUPAC automobile insurance policy issued in the state of Florida (a "PRUPAC" insured), where such PRUPAC insured submitted an assignment of benefits or direction to pay to the Class Member, that Class Member submitted one or more bills for payment to PRUPAC for services rendered to the PRUPAC insured, and PRUPAC reduced the amount it paid to the Class Member in satisfaction of that bill or bills based on the application of a PPO discount between May 8, 1996 and October 31, 2003.

The Court also ordered that the Notice of Proposed Settlement of Class Action attached as Exhibit 3 to the Joint Motion for Preliminary Approval (the "Mailed Notice"), including the Claim Form in substantially the form attached as Exhibit 4 to the Joint Motion for Preliminary Approval (the "Claim Form"), be mailed no later than September 20, 2004, by first-class mail, postage pre-paid to all potential members of the class to the extent that such Class Members could be identified with reasonable diligence.

On January 7, 2005, at 10:00 a.m., the Court conducted a Fairness Hearing to determine:

a. Whether the Court should certify the class and whether the representative Plaintiffs and their counsel have adequately represented the class;

b. Whether the settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

c. Whether the Action should be dismissed on the merits and with prejudice as to PRUPAC;

d. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the action against PRUPAC;

e. Whether the application for attorneys' fees and expenses to be submitted by class counsel in connection with the final settlement hearing should be approved; and

f. Whether the application for a fee award to representatives plaintiffs to be submitted in connection with the final settlement hearing should be approved.

All interested persons were afforded the opportunity to be heard. This Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, this Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved. Accordingly, this Court issues this Final Approval Order and Judgment, approves the Settlement and dismisses the Amended Complaint in this action with prejudice as it relates to PRUPAC:

1. On January 7, 2005, this Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this case, this Court considered the parties' Settlement Agreement, the extensive Court file in this case, and the presentations by Class Counsel

on behalf of the Plaintiffs and counsel for the Defendant in support of the fairness, reasonableness and adequacy of the Settlement.

2. As recognized in the Order of Preliminary Approval on August 20, 2004, this Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to PRUPAC a class of Florida healthcare providers as identified above.

3. The Court hereby affirms its decision certifying that class and approving the Settlement. The Court finds that the requirements for approving a settlement class pursuant to Federal Rules of Civil Procedure Rule 23 have been met.

4. In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5. The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the plaintiffs would prevail at trial; b) the range of possible recovery if the plaintiffs prevailed at trial; c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the settlement; and f) the stage of proceedings at which the settlement was

4

achieved. *Bennet v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 643 F. 2d 195 (5th Cir. 1981). This Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit, in conjunction with the conflicting state court decisions in the Florida Second and Fifth Districts, the benefits available directly to the Class represent an excellent result that can be summarized as follows:

    A.    The Settlement creates a reserved fund of $450,000.00, for Class Members to recover 60% of their individual damages as defined in the Settlement Agreement.

    B.    The Settlement requires PRUPAC to cease its practice in Florida of applying preferred provider organization reduced payment rates to no-fault automobile insurance claims by healthcare providers except in compliance with Florida Statutes, §627.736(10) as interpreted by applicable decisional law.

    C.    The Settlement included the right to opt-out, so that any Class Member could decline to participate in the Settlement.

    D.    The Settlement requires PRUPAC to pay, separate and outside of the settlement fund of $450,000, Class Counsel attorney's fees up to $112,500 and reasonable class settlement administration costs.

6.    If the case were to proceed without settlement, the current appeal and possible resulting trial would be complex, lengthy and very expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, PRUPAC has defended this action vigorously and,

absent a settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits, which might not produce a better recovery than they have achieved in this Settlement. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount reserved by PRUPAC to pay Class Member claims, $450,000, plus attorney's fees of up to $112,500, plus reasonable class settlement administration costs, plus agreement by PRUPAC to stop applying PPO discounted medical rates to no-fault auto insurance claims except in compliance with Florida Statutes, §627.736(10) as interpreted by applicable decisional law, to be of substantial value to the Class.

7. The Court finds that there were no objections filed to the Settlement.

8. In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

9. The Court hereby approves as timely filed the Requests for Exclusion of the Settlement Class Members as listed on the attached Exhibit A, and finds that they are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it.

10. This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests for Exclusion as listed on the attached Exhibit A. All Settlement Class Members (excluding those listed in attached Exhibit A) hereby release and discharge PRUPAC – that is, Prudential Property and Casualty Insurance Company of Indiana, Prudential Property and Casualty Insurance Company of New Jersey, Merastar Insurance Company, and Prudential General Insurance Company – from all "Released Claims," where "Released Claims" is defined herein and in the Settlement Agreement preliminarily approved by this Court in its Order of Preliminary Approval dated August 20, 2004 as:

> "any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs, and causes of action (each, a 'claim'), accrued or unaccrued, which now exist or heretofore existed in favor of Plaintiffs or the Settlement Class against PRUPAC, including all PRUPAC entities who underwrote automobile insurance in the State of Florida during the Class Period and/or participated in PPO discounting in Florida as well as these entities' present and former officers, directors, employees, agents and representatives, which arise out of or are based upon the acts, transactions, occurrences and events alleged in the Class Action, including without limitation any 'extra-contractual' or bad faith claims premised upon the Complaint's factual allegations, whether any such claim was or could have been asserted by any releasing party on its own behalf or on behalf of other persons."

All Settlement Class Members (excluding those listed in attached Exhibit A) are hereby barred and permanently enjoined from asserting any of the Released Claims against PRUPAC in any court or forum whatsoever, and the litigation is dismissed on the merits, with prejudice and without costs to any party, except as provided herein.

11. The Court finds that the law firms preliminarily approved as Class Counsel in its Order of August 20, 2004, are competent and experienced attorneys and have adequately and

7

aggressively represented the interests of the Class. The Court therefore certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee & Amtzis, of Ft. Lauderdale, Florida, Gold & Coulson of Chicago, Illinois, and Phillips & Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class.

12. The Settlement also provides that PRUPAC will pay Class Counsel fees up to $112,500 separate and apart from the Settlement Fund of $450,000 that has been established for payment of Class Member damage claims. The Court finds that the total amount of fees requested by Class Counsel (i.e., $112,500) to be reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time (four years) and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, a fee award of $112,500 is approved and shall be paid in accordance with the terms of the Settlement Agreement.

13. The Court hereby certifies UOMC and Dr. Afield as Class Representatives of the Class herein defined. The terms of the Settlement provide that PRUPAC will pay an incentive award to the named Class Representatives, UOMC and Dr. Afield, and incentive award of up to $15,000 from the Class Member Benefits and provided that PRUPAC need not pay such fee if doing so would require PRUPAC to pay more than the Settlement Cap of $562,500. The Court finds that the payment by PRUPAC of such incentive awards would not result in PRUPAC paying more than the Settlement Cap and hereby awards the

       named Class Representatives, UOMC and Dr. Afield, an incentive award of $15,000 each.

14. Without affecting the finality of this Final Approval Order and Judgment, this Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Settlement Agreement.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of January, 2004.

                                      _____
                                      William J. Zloch
                                      Chief United States District Judge

EXHIBIT A

Excluded Class Members

Citrus Orthopedic Products, Inc.
1312 Apollo Beach Blvd., Suite L
Apollo Beach, FL 33572

Johnson Chiropractic Clinic
2717 Santa Barbara Blvd.
Cape Coral, FL 33914

Paul A. Andrews, DDS, LMT
235 S. Maitland Avenue, Suite 105
Maitland, FL 32751

Dr. Mark T. Machuga, P.A.
740 North Hastings Street
Orlando, FL 32808

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

| | |
|---|---|
| DR. PAUL ZIDEL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRUDENTIAL INSURANCE COMPANY, and COMMUNITY CARE NETWORK, INC., d/b/a CCN,<br><br>Defendants. | |
| ULTRA OPEN MRI CORP. et al., on behalf of itself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>Defendant. | 01-6778<br><br><br><br><br><br><br><br><br>**AFFIDAVIT OF<br>FRANK DOMINGUEZ** |

| | |
|---|---|
| STATE OF FLORIDA )<br>                                   ) TO WIT:<br>COUNTY OF ST. JOHN'S ) | |

FRANK DOMINGUEZ, being first duly sworn according to law, deposes and states:

1.  I am an adult over the age of eighteen (18) years of age, and I am competent to make this Affidavit. I am employed by Wachovia Information Consulting Group ("WICG") as the Operations Manager, and in that capacity, I administer class action settlements as my primary duty. I make this Affidavit based upon personal knowledge, and upon personal knowledge of the business records and practices of WICG. WICG is the Administrator selected by the defendent to administer

EXHIBIT 2

this settlement. All documents attached hereto are maintained by WICG, a regularly conducted business, in the ordinary course of WICG's business, created at or about the time of the transactions they purport to represent, are made and/or recorded by persons with personal knowledge of the matters reflected therein, and it is the regular business practice of WICG to make and keep these records in the ordinary course of WICG's business.

2. WICG was responsible for implementing notice to the Plaintiff Class as agreed to by the parties in the Agreement, and as ordered by this Court in its August 20, 2004 Order of Preliminary Approval (the "Preliminary Order").

3. WICG received a data file containing 968 class member name and address records, and WICG was able to obtain address information for all but 4 class members. On September 20, 2004, in accordance with Paragraph 6 of the Preliminary Order, WICG caused 964 copies of the Notice and Proof of Claim, substantially in the form of Exhibits 3 and 4 to the Joint Motion, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class to the extent such class members could be identified with reasonable diligence.

4. As of January 4, 2005 a total of 136 notice and claim form packets were returned to WICG as undeliverable. Address searches were performed on all undeliverable notice and claim form packets. WICG remailed 175 notice and claim form packets to new addresses found of which 13 were returned as undeliverable. In total, 119 better addresses were found and there are 17 bad addresses (including the 4 for which WICG did not have address information).

5. On September 20, 2004, WICG activated a toll-free telephone number, 1-877-332-0716, to respond to questions from class members in regards in the <u>PRUPAC</u> settlement. This toll-free number was printed on the notices and claim forms mailed to class members. A brief announcement was recorded on the line to greet callers and to provide a description of the settlement. Call center representatives were also provided with a set of Frequently Asked Questions

2

and Answers (FAQ's) to assist representatives when taking calls from class members. As of January 4, 2005, the Call Center has answered 27 calls from persons regarding the PRUPAC settlement.

6. A website for persons interested in the PRUPAC settlement to consult with questions (www.prupac.net) was established on September 20, 2004 and was referenced in the notices and claim forms mailed to class members. As of January 4, 2005, the website has received 150 visits.

7. Under the Agreement and this Court's orders, members of the Plaintiff Class were to complete and mail their Claims by no later than November 5, 2004. As of January 4, 2005, WICG has received a total of 202 claim forms of which 173 were considered timely and complete, 25 were returned timely but incomplete and 4 were returned after the November 5, 2004 claims deadline. WICG mailed deficiency letters and copies of the claim form to the 25 class members who submitted incomplete claim forms and 16 were returned properly completed. The total number of timely filed claims deemed to be deficient is 9; the total number of claims accepted for payment is 189.

8. As of January 4, 2005, WICG has received opt-outs from four (4) members of the Plaintiff Class.

> I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE TO THE BEST OF MY PERSONAL KNOWLEDGE, INFORMATION, AND BELIEF.
>
> _/s/ Frank Dominguez_
> Frank Dominguez
> Dated: January 4, 2005

Sworn and subscribed to
before me this  4  day
of January, 2005.

_/s/ April M. Montgomery_
NOTARY PUBLIC
My Commission Expires:

[Notary Seal: April M. Montgomery, My Commission DD304055, Expires June 18, 2008]

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Consolidated Case No. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself
And all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
And COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

    Defendants.

---

ULTRA OPEN MRI CORPORATION, *et al.*,         01-6778
on behalf of itself and others similarly situated,

    Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant.

---

## DECLARATION OF EUGENE BROWN

1.    I, Eugene Brown, state that I am an adult citizen of the United States and resident of New Jersey and that these statements are true to the best of my knowledge and belief formed after reasonable inquiry.


EXHIBIT 3

2. I am submitting this Declaration pursuant to paragraph 8 of the Court's Order of Preliminary Approval dated August 20, 2004 in the above-captioned case.

3. Prudential Property and Casualty Insurance Company ("Prupac") is the defendant in the lawsuit captioned as *Ultra Open MRI Corp* et al. v. *Prudential Property and Casualty Insurance Company*, No. 01-6778 (S.D. Fla.) (the "Lawsuit"), which has been consolidated for discovery purposes with *Zidel* v. *Allstate Insurance Co.*, No. 00-6061-CIV-ZLOCH/SNOW. Prupac was formerly a wholly-owned subsidiary of Prudential Financial Inc. ("Prudential Financial").

4. I am employed by The Prudential Insurance Company of America ("PICA"), where my job title is Master Consultant. PICA, a wholly-owned subsidiary of Prudential Financial, provides certain services to Prudential Financial, including litigation management services. One of my responsibilities as Master Consultant at PICA is managing the Lawsuit on behalf of Prupac.

5. Prupac has engaged Wachovia Information Consulting Group (the "Settlement Administrator") to administer the notice and claims process under the proposed settlement of the above-captioned case. The Settlement Administrator has informed me, and on that basis I believe to be true, the following:

   (a) On or before September 20, 2004, the Settlement Administrator caused copies of the Notice of Class Action and Proposed Settlement in the form approved by the Court (the "Notice") and the Claim Form in the form approved by the Court (the "Claim Form") to be mailed by first-class mail, postage pre-paid, to all potential members of the class

whose addresses could be identified with reasonable diligence.

      (b)    The Settlement Administrator subsequently sent copies of the Notice and the Claim Form to additional class members whose addresses were identified following additional investigation that occurred because either (i) no address was initially available for that class member or (ii) copies of the Notice and Claim Form sent to the initially identified address was returned by the U.S. Postal Service as undeliverable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2005.

*[signature]*
Eugene Brown

-3-