UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

Defendants.
_____/

ULTRA OPEN MRI CORP., on behalf of                    01-6780
itself and all others similarly situated,

Plaintiffs,
v.

INTEGON NATIONAL INSURANCE
COMPANY, INTEGON GENERAL
INSURANCE COMPANY, INTEGON
PREFERRED INSURANCE COMPANY,
INTEGON INDEMNITY CORPORATION,
NATIONAL GENERAL ASSURANCE
COMPANY, NATIONAL GENERAL
INSURANCE COMPANY, MIC GENERAL
INSURANCE CORPORATION and
INTEGON CASUALTY INSURANCE
COMPANY,

Defendants.
_____/

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, Ultra Open MRI

1



Corporation ("UOMC") and Defendants, Integon General Insurance Corporation, Integon

National Insurance Company, Integon Preferred Insurance Company, Integon Indemnity

Corporation, National General Assurance Company, National General Insurance Company, MIC

General Insurance Corporation and Integon Casualty Insurance Company (collectively "GMAC

Insurance"), hereby jointly move the Court for entry of a Final Approval Order and Judgment of

the class action Settlement Agreement executed by the parties and preliminarily approved by this

Court on August 20, 2004.  A proposed Final Approval Order and Judgment is attached as

Exhibit 1.  In support of their Motion, the Parties state as follows:

1.     The parties reached a comprehensive settlement of the class action that was preliminarily

       approved by this Court in its Order of August 20, 2004.

2.     In accordance with the Court's Order of August 20, 2004 and the terms of the parties'

       Settlement Agreement and Stipulation, due Notice of the proposed Settlement

       substantially in a form preliminarily approved by this Court, was mailed by first-class

       mail, postage pre-paid, to all potential members of the Settlement Class.  A sworn

       statement attesting to compliance with the notice requirements of this Court and the

       Settlement Stipulation is attached as Exhibit 2.

3.     The Settlement is fair, reasonable, and adequate and should  be approved.

       **WHEREFORE,** the Parties jointly move the Court for entry of an Order of final

approval and judgment of the class action Settlement.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Lead Counsel for the Plaintiff
5550 Glades Road, Ste 401
Boca Raton, FL 33431
Phone: 561-981-9988
Facsimile: 561-981-9980
E-mail: lee@leeamlaw.com


By: _____
       Eric Lee, Fla. Bar No. 961299



- - and - -



AKERMAN SENTERFITT
Counsel for Defendants
One Southeast Third Ave., 28th Flr
Miami, FL 33131-1704
Phone: 305-374-5600
Facsimile: 305-374-5095
E-mail: maldrich@akerman.com


By: _Nancy Copperthwaite_____
       Marcy Levine Aldrich,
           Fla. Bar No. 0968447
       Nancy A. Copperthwaite,
           Fla. Bar No. 549428
       Scott B. Cosgrove, Fla Bar No. 0161365

3

Case No. 00-6061-CIV-Zloch

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this 5th day of January 2005 to all persons on the attached Service List.

Nancy A. Copperthwaite

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 401
5550 Glades Road
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 East Las Olas Boulevard , # 980
Fort Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, LLP.
Joseph A. DeMaria, Esq.
(305)539-2495
jad@tewlaw.com
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, FL 33131-3407

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

KENNY NACHWALTER,
SEYMOUR ARNOLD CRITCHLOW
& SPECTOR, P.A.
Richard H. Critchlow, Esq.
Robert D.W. Landon, III, Esq.
rlandon@knsacs.com
201 South Biscayne Blvd., Suite 1100
Miami, FL 33131
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

{MI800177;1}

## SERVICE LIST

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT
Nina Brown, Esq.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for American International
Hartford, Metropolitan, Integon**

AKERMAN SENTERFITT
Marcy Levine Aldrich, Esq.
Scott Cosgrove, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd, Suite 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

GOODWIN PROCTER LLP
John D. Aldock, Esq.
Jaldock@SheaGardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
(202) 346-4444 Facsimile

**Counsel for American International**

CONROY,    SIMBERG,    GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

**EXHIBIT  1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

Defendants.
_____/

ULTRA OPEN MRI CORP., on behalf of                    01-6780
itself and all others similarly situated,

Plaintiffs,
v.

INTEGON NATIONAL INSURANCE
COMPANY, INTEGON GENERAL
INSURANCE COMPANY, INTEGON
PREFERRED INSURANCE COMPANY,
INTEGON INDEMNITY CORPORATION,
NATIONAL GENERAL ASSURANCE
COMPANY, NATIONAL GENERAL
INSURANCE COMPANY, MIC GENERAL
INSURANCE CORPORATION and
INTEGON CASUALTY INSURANCE
COMPANY,

Defendants.
_____/

**FINAL APPROVAL ORDER AND JUDGMENT**

1

Plaintiff, Ultra Open MRI Corporation (hereinafter "UOMC") and the named Defendants which are direct or indirect subsidiaries of GMAC Insurance Holdings, Inc.[1] (collectively "GMAC Insurance") have submitted for final approval a proposed settlement of this class action.

By an Order of Preliminary Approval dated August 20, 2004, this Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Settlement Agreement and Stipulation (the "Stipulation") and Notice of Proposed Settlement of Class Action jointly presented to the Court, subject to further consideration at the Final Settlement and Fairness Hearing conducted on January 7, 2005.  In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as a class action for settlement purposes only and temporarily certified UOMC as representatives of the following class:

Healthcare providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a GMAC Insurance PIP policy; (b) That received a valid assignment of benefits from the person(s) insured by GMAC Insurance as to such services; (c) That submitted bills for payment for such services to GMAC Insurance; and (d) Which bills were reduced by GMAC Insurance based on the application of a ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through August 1, 2003).

The Court also ordered that the Notice of Proposed Settlement attached as Exhibit A to the Stipulation, including the Proof of Claim in substantially the form attached as Exhibit C to the Stipulation, be mailed no later than September 20, 2004, by first -class mail, postage pre-paid to

---

[1] The subsidiaries include Integon General Insurance Corporation, Integon National Insurance Company, Integon Preferred Insurance Company, Integon Indemnity Corporation, National General Assurance Company, National General Insurance Company, MIC General Insurance Corporation and Integon Casualty Insurance Company.

2

all potential members of the class to the extent that such Class Members can be identified with reasonable diligence.

On January 7, 2005, at 10:00 a.m., the Court conducted a Fairness Hearing to determine: (a) whether the proposed Settlement on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and (b) whether final judgment should be entered dismissing the Litigation on the merits, with prejudice, and without costs, except as otherwise provided in the Stipulation. All interested persons were afforded the opportunity to be heard. This Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, this Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved. Accordingly, this Court issues this Final Approval Order and Judgment, approves the Settlement and dismisses the Amended Complaint in this action with prejudice as it relates to GMAC Insurance:

1.  On January 7, 2005, this Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this case, this Court considered the parties' Settlement Agreement and Stipulation, the extensive Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiffs, and counsel for the Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

2.  As recognized in the Order of Preliminary Approval on August 20, 2004, this Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to the GMAC Insurance Defendants, a class of healthcare providers as identified above.

3

3. The Court hereby affirms its decision certifying the class and approving the Settlement. The Court finds that the requirements for certification of a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met.

4. In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5. The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the plaintiffs would prevail at trial; b) the range of possible recovery if the plaintiffs prevailed at trial; c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the settlement; and f) the stage of proceedings at which the settlement was achieved. *Bennet v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 643 F. 2d 195 (5th Cir. 1981). This Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit, in conjunction with the

4

conflicting state court decisions in the Florida Second and Fifth Districts, the benefits

available directly to the Class represent an excellent result that can be summarized as

follows:

    A.    The Settlement creates a reserved fund of $1,500,000.00, for Class Members to recover up to 100% of their individual damages.

    B.    The Settlement included the right to opt-out, so that any Class Member could decline to participate in the Settlement.

    C.    The Settlement provided for a Claim Dispute Resolution process involving arbitration.

    D.    The Settlement requires GMAC Insurance to pay Class Counsel fees up to $500,000 and reasonable litigation costs and expenses, separate and outside of the reserved fund of $1,500,000.

6.    If the case were to proceed without settlement, the current appeal and possible resulting

trial would be complex, lengthy and very expensive. The Settlement eliminates a

substantial risk that the Class would walk away "empty-handed" after the conclusion of

such appeals and/or trial. Further, GMAC Insurance has defended this action vigorously

and, absent a settlement, by all indications would continue to do so on appeal. Because of

the resulting motion practice, trial and appeals, it could be years before Class Members

would see any recovery, even if they were to prevail on the merits, which might not

produce a better recovery than they have achieved in this Settlement. *Behrens v.

Wometco Enters., Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir.

1990). The Court is satisfied that the amount to be reserved by GMAC Insurance to pay

Class Member claims, $1,500,000, plus attorneys' fees of up to $500,000 and reasonable

costs and expenses, to be of substantial value to the Class.

5

7.    The Court finds that there were no objections filed to the Settlement.

8.    In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length.  Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.  Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

9.    The Court hereby approves as timely filed, the Requests for Exclusion of the Settlement Class Members all as listed on the attached Exhibit A, and finds that they are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it.

10.    This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests for Exclusion as listed on the attached Exhibit A, and all such Settlement Class Members hereby release and discharge GMAC Insurance from all Released Claims as that term is defined in the Stipulation preliminarily approved by this Court in its Order of Preliminary Approval dated August 20, 2004, and are hereby barred and permanently enjoined from asserting any of the Released Claims against GMAC Insurance in any court or forum whatsoever, and the litigation is dismissed on the merits, with prejudice and without costs to any party, except as provided in the Stipulation of Settlement.

11.    The Court finds that the law firms preliminarily approved as Class Counsel in its Order of August 20, 2004, are competent and experienced attorneys and have adequately and

6

aggressively represented the interests of the Class. The Court therefor certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee & Amtzis, of Ft. Lauderdale, Florida, Gold & Coulson of Chicago, Illinois, and Phillips & Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class,

12. The Settlement also provides that GMAC Insurance will pay Class Counsel fees of up to $500,000 plus reasonable costs and expenses separate and apart from the Settlement Fund of $1,500,000 that has been established for payment of Class Member damage claims. The Court finds that the total amount of fees requested by Class Counsel (i.e., $500,000) plus its reasonable costs and expenses, to be reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time (four years) and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, a fee award of $500,000 plus reasonable costs and expenses is approved and shall be paid in accordance with the terms of the Settlement Agreement.

13. The Court hereby certifies UOMC as Class Representative of the Class herein defined. The terms of the Settlement provide that GMAC Insurance will pay an incentive award to the named Class Representative, UOMC, of up to $15,000. The Court finds that the payment by GMAC Insurance of a $15,000 incentive award is reasonable and hereby awards the named Class Representative, UOMC, an incentive award of $15,000.

14. Without affecting the finality of this Final Approval Order and Judgment, this Court

7

reserves continuing and exclusive jurisdiction over all matters relating to the

administration, implementation, effectuation and enforcement of the Settlement

Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

_____ of January, 2005.


_____

William J. Zloch
Chief United States District Judge

8

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of himself and all )
others similarly situated, )
)
           Plaintiffs, )
)
  vs. )
)
ALLSTATE INSURANCE COMPANY, and )
COMMUNITY CARE NETWORK, INC., )
D/b/a CCN, )
)
         Defendants. )
_____)
)
ULTRA OPEN MRI CORP., on behalf of )      01-6780
itself and all others similarly situated, )
)
         Plaintiffs, )
)
vs. )
)
INTEGON NATIONAL INSURANCE )
COMPANY, et al. )
)     **AFFIDAVIT OF**
         Defendants. )     **FRANK DOMINGUEZ**
_____)

STATE OF FLORIDA       )
                  )   TO WIT:
COUNTY OF ST. JOHN'S  )

FRANK DOMINGUEZ, being first duly sworn according to law, deposes and states:

1.     I am an adult over the age of eighteen (18) years of age, and I am competent to make this Affidavit. I am employed by Wachovia Information Consulting Group ("WICG") as a Operations Manager, and in that capacity, I administer class action settlements as my primary duty. I make this Affidavit based upon personal knowledge, and upon personal knowledge of the business records and practices of WICG. WICG is the Administrator selected by the parties to administer

this settlement. All documents attached hereto are maintained by WICG, a regularly conducted business, in the ordinary course of WICG's business, created at or about the time of the transactions they purport to represent, are made and/or recorded by persons with personal knowledge of the matters reflected therein, and it is the regular business practice of WICG to make and keep these records in the ordinary course of WICG's business.

2.      WICG was responsible for implementing notice to the Plaintiff Class as agreed to by the parties in the Agreement, and as ordered by this Court in its August 20, 2004 Order of Preliminary Approval (the "Preliminary Order").

3.      On September 15, 2004, in accordance with Paragraph 6 of the Preliminary Order, WICG caused 2,493 copies of the Notice and Proof of Claim, substantially in the form of Exhibits B and D to the Settlement Agreement, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class to the extent such class members could be identified with reasonable diligence.

4.      As of January 4, 2005, WICG has not received any objections from members of the Plaintiff Class.

5.      As of January 4, 2005, WICG has received opt-outs from ten (10) members of the Plaintiff Class, attached hereto as *Exhibit A*.

6.      As of January 4, 2005, WICG has received a total of 179 claim forms of which 148 were considered timely and complete, 26 were returned timely but incomplete and 5 were returned after the November 22, 2004 claims deadline. WICG mailed deficiency letters and copies of the claim form to 25 class members who submitted incomplete claim forms and 13 were returned properly completed. The total number of timely filed claims deemed to be deficient is 13; the total number of claims accepted for payment is 161.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE TO THE BEST OF MY PERSONAL KNOWLEDGE, INFORMATION, AND BELIEF.

_____
Frank Dominguez
Dated: January 4, 2005

Sworn and subscribed to before me this __4__ day of January, 2005.

_____
NOTARY PUBLIC
My Commission Expires:

April M. Montgomery
My Commission DD304055
Expires June 18, 2008

3

**EXHIBIT  A**

Ultra Open MRI Corp. v. Integon National Ins. Co. et al.
Consolidated Case No. 00-6061/01-6780-CIV-Zloch
Detail Listing of Opt Outs/ Exclusions
As of 01/4/05

| OPT OUT/ EXCLUSION # | DATE RCD. | POSTMARK DATE | NAME | ADDRESS | ADDRESS | CITY | STATE | ZIP | TIN | PHONE |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 9/24/2004 | 9/21/2004 | BRANDON FAMILY CHIROPRACTIC CLINIC | 2119 W BRANDON BLVD, SUITE D | | BRANDON | FL | 33511 | 59-2817543 | 813-684-1648 |
| 2 | 9/27/2004 | 9/24/2004 | BITTIKER CHIROPRACTIC CLINIC | 7135 STATE RD 52, SUITE 304 | | HUDSON | FL | 34667 | 59-2065328 | 727-868-8729 |
| 3 | 9/27/2004 | 9/23/2004 | LEE S. NELSEN, D.C. | 305 N ORANGE ST | | PERRY | FL | 32347 | 59-3582354 | 850-584-7119 |
| 4 | 10/13/2004 | 10/11/2004 | NORTHEAST FLORIDA NEUROLOGY CLINICS, INC. & FIRST COAST MEDICAL CENTER | PO BOX 17809 | SUITE 105 | JACKSONVILLE | FL | 32245-7809 | 59-3458889 | |
| 5 | 10/14/2004 | 10/11/2004 | BLOOMINGDALE MEDICAL ASSOCIATES | 13403 BOYETTE ROAD | | RIVERVIEW | FL | 33569 | 59-3318760 | 813-654-1775 |
| 6 | 10/27/2004 | 10/25/2004 | PAUL A. ANDREWS | 235 S. MAITLAND AVENUE | | MAITLAND | FL | 32751 | 59-3370041 | 407-647-4077 |
| 7 | 11/5/2004 | 11/3/2004 | NORTH BROWARD HOSPITAL DISTRICT | 1608 SE 3RD AVENUE | | FORT LAUDERDALE | FL | 33316 | 596012065 | 954-847-4111 |
| 8 | 11/26/2004 | 11/22/2004 | SOUTH GULF COAST EMERGENCY PHYSICIANS, PA | 1318 GASPARILLA DR | | FORT MYERS | FL | 33901 | 650226813 | |
| 9 | 11/26/2004 | 11/22/2004 | DR. MARK T MACHUGA | 740 NORTH HASTINGS STREET | | ORLANDO | FL | 32808 | 592913988 | 407-299-8462 |
| 10 | 11/29/2004 | 11/22/2004 | CRAIG HENDERSON, DC | FAMILY CHIROPRACTOR | 510 B SW 5TH TERRACE | WILLISTON | FL | 32696 | 593001495 | 407-382-8402 |