UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC.. d/b/a CCN,

      Defendants,

_____/

SALVATORE D. LARUSSO, D.C., d/b/a          CASE NO:  00-7692
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC., d/b/a CCN,

      Defendants.

_____/

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, Salvatore D.

Larusso, D.C. d/b/a Family Chiropractic Center (hereinafter "Larusso") and the Defendant,

Liberty Mutual Insurance Company and those direct or indirect subsidiaries of Liberty Mutual

{M2196237;1}

Insurance Company ("LIBERTY MUTUAL"), sometimes collectively referred to as the "Parties" hereby jointly move the Court for entry of a Final Approval Order and Judgment of the class action Settlement Agreement executed by the Parties and preliminarily approved by this Court on August 20, 2004. A proposed Final Approval Order and Judgment is attached as Exhibit 1. In support of their Motion, the Parties state as follows:

1.    The Parties reached a comprehensive settlement of the class action that was preliminarily approved by this Court in its Order of August 20, 2004.

2.    In accordance with the Court's Order of August 20, 2004 and the terms of the parties' Settlement Agreement and Stipulation, due Notice of the proposed Settlement substantially in a form preliminarily approved by this Court, was mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class.[1] A sworn statement attesting to compliance with the notice requirements of this Court and the Settlement Stipulation is attached as Exhibit 2.

3.    The Settlement is fair, reasonable, and adequate and should be approved.

**WHEREFORE,** the Parties jointly move the Court for entry of an Order of final approval and judgment of the class action Settlement.

---

[1] The Parties have jointly moved the Court to exclude "those health care providers who would otherwise be Class Members who upon calculation of the Maximum Claim Amount as set forth in ¶¶ 1.20 and 16 of the Settlement Agreement would receive no funds."

{M2196237;1}

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Lead Counsel for the Plaintiff
5550 Glades Road, Ste 401
Boca Raton, FL 33431
Phone: 561-981-9988
Facsimile: 561-981-9980
E-mail: lee@leeamlaw.com

By: _____
      Eric Lee, Fla. Bar No. 961299


   - and -

AKERMAN SENTERFITT
Counsel for Defendants
One Southeast Third Ave., 28th Flr
Miami, FL 33131-1704
Phone: 305-374-5600
Facsimile: 305-374-5095
E-mail: nbrown@akerman.com
By: _____
      Nina K. Brown, Fla. Bar No. 354260
      Mark S. Shapiro, Fla. Bar No. 894631

CASE NO. 00-6061-CIV-ZLOCH/SNOW

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this _7th_ day of January, 2005.

_Nina K. Brown_

Attorney

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 401
5550 Glades Road
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 East Las Olas Boulevard , # 980
Fort Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK &
CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street & ADP**

TEW, CARDENAS,et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

KENNEY NACHWALTER
SEYMOUR ARNOLD CRITCHLOW
& SPECTOR, P.A.
Richard H. Critchlow, Esq.
Robert D.W. Landon, III, Esq.
rlando@knsacs.com
201 South Biscayne Blvd., Suite 1100
Miami, FL 33131
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

CASE No. 00-6061-CIV-ZLOCH/SNOW

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN. SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd, Suite 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

GOODWIN PROCTER LLP
John D. Aldock, Esq.
Jaldock@goodwinprocter.com
Michael Isenman, Esq.
misenman@goodwinprocter.com
901 New York Avenue., N.W.
Washington, D.C. 20001
(202) 346-4229
(202) 346-4444 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

     Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants,
_____/

SALVATORE D. LARUSSO, D.C., d/b/a         CASE NO:  00-7692
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

     Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY CARE
NETWORK, INC., d/b/a CCN,

     Defendants.
_____/

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiff, Salvatore D. Larusso, D.C. d/b/a Family Chiropractic Center (hereinafter

"Larusso") and the Defendant, Liberty Mutual Insurance Company and those direct or indirect

subsidiaries or affiliates of Liberty Mutual Insurance Company ("LIBERTY MUTUAL"),


EXHIBIT
tabbies®
1

sometimes collectively referred to as the "Parties", have submitted for final approval a proposed

settlement of this class action.

By an Order of Preliminary Approval dated August 20, 2004, this Court preliminarily

approved the proposed Settlement by the Parties based on the terms and conditions of the

Settlement Agreement (the "Settlement Agreement") and Notice of Proposed Settlement jointly

presented to the Court, subject to further consideration at the Final Settlement and Fairness

Hearing conducted on January 7, 2005. In its Order of Preliminary Approval, the Court

conditionally certified the case to proceed as a class action for settlement purposes only and

conditionally certified Larusso as representatives of the following class[1]:

> Healthcare providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That
> rendered medical services to person(s) insured under a LIBERTY MUTUAL automobile
> policy issued in the State of Florida with PIP benefits; (b) That received a valid
> assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such
> services; (c) That submitted bills for payment for such services to LIBERTY MUTUAL;
> and (d) Which bills were reduced by LIBERTY MUTUAL based on the application of a
> ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through July
> 15, 2004).

The Court also ordered that the Notice of Proposed Settlement and the Proof of Claim in

substantially the form attached as Exhibits 3 and 4 to the Joint Motion for Preliminary Approval

of Settlement, be mailed no later than September 20, 2004, by first -class mail, postage pre-paid

to all potential members of the class to the extent that such Class Members can be identified with

reasonable diligence.

---

[1] Excluded from the Settlement Class are Liberty Mutual, any parent, subsidiary, affiliate, or controlled person of
Liberty Mutual, as well as the officers, directors, agents, servants, and employees of Liberty Mutual, as well as the
officers, directors, agents, servants, and employees of Liberty Mutual. Also excluded is any trial judge who may
preside over this Action. By Joint Motion to Amend Settlement Agreement and Order thereon, also excluded from
the Settlement Class are those health care providers who would otherwise be Class Members who, upon calculation
of the Maximum Claim Amount as set forth in ¶¶ 1.20 and 16 of the Settlement Agreement would receive no funds.

On January 7, 2005, at 10:00 a.m., the Court conducted a Fairness Hearing to determine:
(a) whether the proposed Settlement on the terms and conditions provided in the Settlement
Agreement is fair, reasonable, and adequate and (b) whether final judgment should be entered
dismissing the Litigation on the merits, with prejudice, and without costs, except as otherwise
provided in the Settlement Agreement. All interested persons were afforded the opportunity to
be heard. This Court has duly considered all of the submissions and arguments presented on the
proposed Settlement. After due deliberation and for the reasons set out below, this Court has
determined that the Settlement is fair, reasonable, and adequate and should therefore be
approved. Accordingly, this Court issues this Final Approval Order and Judgment, approves the
Settlement and dismisses the Amended Complaint in this action with prejudice as it relates to
LIBERTY MUTUAL:

1.    On January 7, 2005, this Court held a Fairness Hearing, after due and proper notice, to
      consider the fairness, reasonableness and adequacy of the proposed Settlement. In
      reaching its decision in this case, this Court considered the parties' Settlement
      Agreement, the extensive Court file in this case, and the presentations by Class Counsel
      on behalf of the Plaintiff, and counsel for the Defendant in support of the fairness,
      reasonableness and adequacy of the Settlement.

2.    As recognized in the Order of Preliminary Approval on August 20, 2004, this Court
      previously certified a class for settlement purposes only, pursuant to Federal Rules of
      Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to LIBERTY MUTUAL, a
      class of healthcare providers as identified above.

3.     The Court hereby affirms its decision certifying that class (as amended) and approving the Settlement. The Court finds that the requirements for certification of a settlement class pursuant to Federal Rules of Civil Procedure Rule 23(a) have been met.

4.     In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5.     The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the plaintiffs would prevail at trial; b) the range of possible recovery if the plaintiffs prevailed at trial; c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the settlement; and f) the stage of proceedings at which the settlement was achieved. *Bennet v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 643 F. 2d 195 (5th Cir. 1981). This Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit, in conjunction with the

{M2196277;1}                                        4

conflicting state court decisions in the Florida Second and Fifth Districts, the benefits available directly to the Class represent an excellent result that can be summarized as follows:

A.    The Settlement creates a fund of $950,000.00, for Class Members to recover 60% of the difference between 80% of the amount billed by each Class Member and the amount paid by LIBERTY MUTUAL to that Class Member after applying the PPO discount.

B.    The Settlement included the right to opt-out, so that any Class Member could decline to participate in the Settlement.

C.    The Settlement provided for a Claim Dispute Resolution process involving arbitration.

D.    The Settlement requires LIBERTY MUTUAL to pay Class Counsel fees, including reasonable costs and expenses, up to $237,500, separate and outside of the settlement fund of $950,000.

6.    If the case were to proceed without settlement, the current appeal and possible resulting trial would be complex, lengthy and very expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, LIBERTY MUTUAL has defended this action vigorously and, absent a settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits, which might not produce a better recovery than they have achieved in this Settlement. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount to be received by the Class Members, $950,000 plus attorneys' fees of up to $237,500, to be of substantial value to the Class.

7.      The Court finds that only one objection has been filed to the Settlement, but that objection has been withdrawn.

8.      In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length.  Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.  Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

9.      The Court hereby approves as timely filed, the Requests for Exclusion of the Settlement Class Members all as listed on the attached Exhibit A, and finds that they are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it.

10.     This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests for Exclusion as listed on the attached Exhibit A, and all such Settlement Class Members hereby release and discharge LIBERTY MUTUAL from all Released Claims as that term is defined in the Settlement Agreement preliminarily approved by this Court in its Order of Preliminary Approval dated August 20, 2004, and are hereby barred and permanently enjoined from asserting any of the Released Claims against LIBERTY MUTUAL in any court or forum whatsoever, and the litigation is dismissed on the merits, with prejudice and without costs to any party, except as provided in the Settlement Agreement.

11.     The Court finds that the law firms preliminarily approved as Class Counsel in its Order

{M2196277;1}                                    6

of August 20, 2004, are competent and experienced attorneys and have adequately and

aggressively represented the interests of the Class. The Court therefore certifies and

appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee &

Amtzis, of Ft. Lauderdale, Florida, Gold & Coulson of Chicago, Illinois, and Phillips &

Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class.

12.     The Settlement also provides that LIBERTY MUTUAL will pay Class Counsel fees of up

to $237,500 which includes reasonable costs and expenses, separate and apart from the

Settlement Fund of $950,000. The Court finds that the total amount of fees, costs and

expenses requested by Class Counsel (i.e., $237,500), to be reasonable in view of the

great risk associated with asserting these claims; the novelty and difficulty of the

questions involved; the excellent results achieved for the Class and the extensive time

(four years) and effort it took to achieve that result as verified by the submissions of Class

Counsel; the experience, reputation and ability of the attorneys; and the preclusion of

other employment by the attorneys due to acceptance of this case. Accordingly, a fee

award of $237,500 which includes reasonable costs and expenses is approved and shall be

paid in accordance with the terms of the Settlement Agreement.

13.     The Court hereby certifies Larusso as Class Representative of the Class herein defined.

The terms of the Settlement provide that LIBERTY MUTUAL will pay an incentive

award to the named Class Representative, Larusso of up to $15,000. The Court finds that

the payment by LIBERTY MUTUAL of a $15,000 incentive award is reasonable and

hereby awards the named Class Representative, Larusso an incentive award of $15,000.

14.     Without affecting the finality of this Final Approval Order and Judgment, this Court

{M2196277;1}                                           7

reserves continuing and exclusive jurisdiction over all matters relating to the

administration, implementation, effectuation and enforcement of the Settlement

Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

_____ of January, 2004.



_____
William J. Zloch
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of himself and all )
others similarly situated, )
                          )
             Plaintiffs, )
                          )
   vs. )
                          )
ALLSTATE INSURANCE COMPANY, and )
COMMUNITY CARE NETWORK, INC., )
d/b/a CCN, )
                          )
            Defendants. )
_____)
                          )
SALVATORE D. LARUSSO, D.C., d/b/a, )     00-7692
FAMILY CHIROPRACTOR CENTER, )
on behalf of himself and all others similarly )
situated, )
                          )
            Plaintiffs, )
                          )
vs. )
                          )
LIBERTY MUTUAL INSURANCE )
COMPANY, and COMMUNITY CARE )
NETWORK, INC., d/b/a CCN, )
                          )    **AFFIDAVIT OF**
            Defendants. )    **FRANK DOMINGUEZ**
_____)

STATE OF FLORIDA           )
                         )    TO WIT:
COUNTY OF ST. JOHN'S     )

FRANK DOMINGUEZ, being first duly sworn according to law, deposes and states:

       1.      I am an adult over the age of eighteen (18) years of age, and I am competent to make

this Affidavit. I am employed by Wachovia Information Consulting Group ("WICG") as a

Operations Manager, and in that capacity, I administer class action settlements as my primary duty.

I make this Affidavit based upon personal knowledge, and upon personal knowledge of the business

EXHIBIT

2

records and practices of WICG.  WICG is the Administrator selected by the parties to administer this settlement.  All documents attached hereto are maintained by WICG, a regularly conducted business, in the ordinary course of WICG's business, created at or about the time of the transactions they purport to represent, are made and/or recorded by persons with personal knowledge of the matters reflected therein, and it is the regular business practice of WICG to make and keep these records in the ordinary course of WICG's business.

2.      WICG was responsible for implementing notice to the Plaintiff Class as agreed to by the parties in the Agreement, and as ordered by this Court in its August 20, 2004 Order of Preliminary Approval (the "Preliminary Order").

3.      On September 20, 2004, in accordance with Paragraph 6 of the Preliminary Order, WICG caused 2,078 copies of the Notice and Proof of Claim, substantially in the form of Exhibits B and D to the Settlement Agreement, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class who had a potential payment amount greater than zero, to the extent such class members could be identified with reasonable diligence.

4.      As of January 5, 2005, WICG had been notified that one member of the Plaintiff Class filed an objection.  As of January 6, 2005, WICG was notified that the objection was withdrawn. Presently, there are no objectors to the Settlement Agreement.

5.      As of January 5, 2005, WICG has received opt-outs from forty-two (42) members of the Plaintiff Class, attached hereto as *Exhibit A*.

6.      As of January 5, 2005, WICG has received a total of 446 claim forms of which 379 were considered timely and complete, 58 were returned timely but incomplete, 5 were considered to be duplicate claims and 4 were returned after the November 22, 2004 claims deadline.  WICG mailed deficiency letters and copies of the claim form to the 58 class members who submitted

2

incomplete claim forms and 36 were returned properly completed. The total number of timely filed

claims deemed to be deficient is 22; the total number of claims accepted for payment is 415.


        I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE
        CONTENTS OF THE FOREGOING PAPER ARE TRUE TO THE BEST OF MY
        PERSONAL KNOWLEDGE, INFORMATION, AND BELIEF.


                                    Frank Dominguez
                                    Dated: January 6, 2005


Sworn and subscribed to
before me this __6__ day            NOTARY PUBLIC
of January, 2005.                   My Commission Expires:

                                        April M Montgomery
                                        My Commission DD304066
                                        Expires June 16, 2008


                        3

Exhibit A

Lanasker et al v Liberty Mutual
Consolidated Case No. 00-6061-WJZ-1966-CIV-Dimitrouleas
Detail Listing of Opt Outs/ Exclusions
As of 1/6/2005