UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of himself and
all similarly situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

       Defendants,
_____/

SALVATORE D. LARUSSO, D.C., d/b/a              Case No. 00-7692
FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly
situated,

       Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC., d/b/a CNN,

       Defendants.
_____/

## JOINT MOTION TO AMEND SETTLEMENT AGREEMENT

Plaintiff, Salvatore D. Larusso, D.C., d/b/a Family Chiropractor Center ("Larusso" or the "Class Representative") and defendant, Liberty Mutual Insurance Company and those direct or indirect subsidiaries or affiliates of Liberty Mutual Insurance Company (collectively "Liberty Mutual"), sometimes collectively referred to as the "Parties," hereby jointly move the Court for entry

{M2196125;1}

of an Order permitting the parties to amend the Settlement Agreement executed by the Parties in the above-captioned class action case by interlineation as follows:

1.   In the Settlement Agreement a Class Member is defined as:

> [A] health care provider, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a LIBERTY MUTUAL automobile policy with PIP benefits issued in the State of Florida; (b) That received a valid assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such services; (c) Who submitted bills for payment for such services to LIBERTY MUTUAL; and (d) That were reduced by LIBERTY MUTUAL based upon the application of an ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through July 15, 2004). These Class Members comprise the "Settlement Class." Excluded from the Settlement Class are: LIBERTY MUTUAL, any parent, subsidiary, affiliate, or controlled person of LIBERTY MUTUAL, as well as the officers, directors, agents, servants, and employees of LIBERTY MUTUAL. Also excluded is any trial judge who may preside over this Action.

Settlement Agreement at ¶1.5.

2.   Pursuant to the provisions of the Settlement Agreement, each Class Member, who is otherwise in compliance with all terms and conditions of the Settlement Agreement, that submits a timely and complete Proof of Claim, shall be entitled to payment of that Class Member's Maximum Claim Amount, as follows:

> Each Class Member shall be entitled to reimbursement of the PPO reductions taken by LIBERTY MUTUAL on bills submitted by that Class Member to LIBERTY MUTUAL during the class period, in accordance with the terms below, and conditioned upon the Class Member's timely submission of a completed Proof of Claim. Each Class Member will be entitled to reimbursement of the PPO reduction taken by LIBERTY MUTUAL on bills submitted by that Class Member to LIBERTY MUTUAL during the Class Period, in accordance with the terms below, and conditioned upon the Class member's timely submission of a completed Proof of Claim. Each Class Member will be entitled to sixty percent (60%) of the difference between (a) eighty percent (80%) of the amount billed by the Class Member and (b) the amount paid by LIBERTY MUTUAL to that Class Member after application of a PPO reduction. . . .

CASE NO. 00-6061-CIV-ZLOCH/SNOW

Id. at ¶ 16. Additionally, the Settlement Agreement provides that if the total amount of claims exceeds a specified sum, all claims will be paid on a pro rata basis to each class member. Id. at ¶ 19.[1]

3.  The Settlement Agreement provides that it can be amended by written agreement signed by the Parties. Id. at ¶ 53.

4.  The Settlement Agreement provides that Liberty Mutual can retain a Settlement Administrator to administer the Settlement. See e.g., Settlement Agreement at ¶¶ 1.18, 6.

5.  Pursuant to the Settlement Agreement and in order to administer the Settlement, Liberty Mutual hired Wachovia Information Consulting Group, an affiliate of Wachovia Bank (the "Settlement Administrator"). See Affidavit of Frank Dominguez.

6.  During the administration of the Settlement, and upon making the calculations to determine the potential Maximum Claim Amount that could be paid to each Class Member, it was determined that certain Class Members' Maximum Claim Amount would be zero. Since these Class Members would not be entitled to any sums under the Settlement Agreement, notice was not provided to these members. Because these Class Members were not notified of the Settlement and because they would not monetarily benefit from the Settlement even if they had filed a timely Proof of Claim, it is the desire of the Parties to modify the Settlement Agreement to exclude these Class Members from the definition of Class Member in the Settlement Agreement. In effect, these Class Members would be treated as other Class Members that timely filed to opt out of the Settlement.

7.  In order to effectuate such a modification the Parties seek to amend paragraph 1.5 of the Settlement Agreement to exclude those health care providers who would otherwise be Class Members who would receive no Maximum Claim Amount under the provisions of Paragraph 16 of

---

[1] The data provided by the Settlement Administrator shows that the aggregate Maximum Claim Amount to be paid pursuant to the Settlement Agreement is below this amount.

{M2196125;1}

3

the Settlement Agreement if they had filed a Proof of Claim. As amended, Paragraph 1.5 would provide:

> a health care provider, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a LIBERTY MUTUAL automobile policy with PIP benefits issued in the State of Florida; (b) That received a valid assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such services; (c) Who submitted bills for payment for such services to LIBERTY MUTUAL; and (d) That were reduced by LIBERTY MUTUAL based upon the application of an ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through July 15, 2004). These Class Members comprise the "Settlement Class." Excluded from the Settlement Class are: *Those health care providers who would otherwise be Class Members who, upon calculation of the Maximum Claim Amount as set forth in ¶¶ 1.20 and 16 of the Settlement Agreement, would receive no funds.* Also excluded from the Settlement Class are LIBERTY MUTUAL, any parent, subsidiary, affiliate, or controlled person of LIBERTY MUTUAL, as well as the officers, directors, agents, servants, and employees of LIBERTY MUTUAL. Also excluded is any trial judge who may preside over this Action.

(Emphasis supplied to indicate interlineation).[2]

WHEREFORE the Parties jointly move the Court for entry of an Order permitting the Parties to amend the Settlement Agreement as set forth herein.

---

[2] A proposed order is submitted herewith as Exhibit A.

{M2196125;1}

4

CASE NO. 00-6061-CIV-ZLOCH/SNOW

Respectfully submitted,

| | |
|---|---|
| **LEE & AMTZIS, P.L.** | **AKERMAN SENTERFITT** |
| Counsel for Appellee/Plaintiff | Counsel for Appellant/Defendant |
| 5550 Glades Road, Suite 401 | One Southeast Third Avenue - 28th Floor |
| Boca Raton, Florida 33431 | Miami, Florida 33131-1704 |
| Telephone: (561) 981-9988 | Phone: (305) 374-5600 |
| Fax: (561) 981-9980 | Fax: (305) 374-5095 |
| By: *Nina K. Brown for* | By: *Nina K. Brown* |
| ERIC LEE | NINA K. BROWN |
| Florida Bar No. 961299 | Florida Bar No. 354260 |
| | MARK S. SHAPIRO |
| | Florida Bar No. 894631 |

{M2196125;1}

5

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this __7__ day of January, 2005.

_____Nina K. Brown_____
Attorney

CASE 00-6061-CIV-ZLOCH/SNOW

## SERVICE LIST

<u>Co-Lead Counsel for Plaintiffs</u>

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 401
5550 Glades Road
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 East Las Olas Boulevard, # 980
Fort Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

Counsel for:
<u>Allstate, Fidelity and Casualty, Continental, Deerbrook</u>

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

ROSS & HARDIES
Peter J. Valeta, Esq.
peter.valeta@rosshardies.com
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 750-3619
(312) 920-7241 Facsimile

<u>Counsel for Beech Street & ADP</u>

TEW, CARDENAS, et al.
John M. Quaranta, Esq.
(305)539-2495
jmq@tewlaw.com
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
(305) 536-1116 Facsimile

<u>Counsel for Progressive</u>

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

<u>Counsel for CCN</u>

KENNEY NACHWALTER
SEYMOUR ARNOLD CRITCHLOW
& SPECTOR, P.A.
Richard H. Critchlow, Esq.
Robert D.W. Landon, III, Esq.
rlando@knsacs.com
201 South Biscayne Blvd., Suite 1100
Miami, FL 33131
(305) 373-1000
(305) 372-1861 Facsimile

<u>Counsel for Nationwide</u>

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

<u>Counsel for Florida Farm Bureau</u>

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

{M2196125;1}

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd, Suite 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

GOODWIN PROCTER LLP
John D. Aldock, Esq.
Jaldock@goodwinprocter.com
Michael Isenman, Esq.
misenman@goodwinprocter.com
901 New York Avenue., N.W.
Washington, D.C. 20001
(202) 346-4229
(202) 346-4444 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of himself and
all similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants,
_____/

SALVATORE D. LARUSSO, D.C., d/b/a         Case No. 00-7692
FAMILY CHIROPRACTIC CENTER,
on behalf of himself and all others similarly
situated,

        Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC., d/b/a CNN,

        Defendants.
_____/

**ORDER GRANTING JOINT MOTION TO AMEND SETTLEMENT AGREEMENT**

      THIS CAUSE came on to be heard on the Joint Motion to Amend Settlement Agreement, and the Court having heard argument of counsel, and being otherwise duly advised in the premises, it is hereby



EXHIBIT 1

{M2196289;1}

CASE NO. 00-6061-CIV-ZLOCH/SNOW

ORDERED AND ADJUDGED THAT said Motion is hereby Granted. Paragraph 1.5 of the Settlement Agreement is amended by interlineation as follows:

> a health care provider, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a LIBERTY MUTUAL automobile policy with PIP benefits issued in the State of Florida; (b) That received a valid assignment of benefits from the person(s) insured by LIBERTY MUTUAL as to such services; (c) Who submitted bills for payment for such services to LIBERTY MUTUAL; and (d) That were reduced by LIBERTY MUTUAL based upon the application of an ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through July 15, 2004). These Class Members comprise the "Settlement Class." Excluded from the Settlement Class are: *Those health care providers who would otherwise be Class Members who, upon calculation of the Maximum Claim Amount as set forth in ¶¶ 1.20 and 16 of the Settlement Agreement, would receive no funds.*[1] Also excluded from the Settlement Class are LIBERTY MUTUAL, any parent, subsidiary, affiliate, or controlled person of LIBERTY MUTUAL, as well as the officers, directors, agents, servants, and employees of LIBERTY MUTUAL. Also excluded is any trial judge who may preside over this Action.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this _____ day of January, 2005.

_____
William J. Zloch
Chief United States District Judge

---

[1] The portion of paragraph 1.5 in italics is the amended portion of the paragraph.

{M2196289;1}

2