UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH



DR. PAUL ZIDEL, on behalf of
himself and all similarly
situated,

    Plaintiffs,

vs.         **O R D E R**

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants,
_____/

SALVATORE D. LARUSSO, D.C.,     Case No. 00-7692
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself
and all others similarly
situated,

    Plaintiffs,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY and COMMUNITY
CARE NETWORK, INC., d/b/a CNN,

    Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Salvatore D. Larusso, D.C., d/b/a Family Chiropractic Center and Defendant Liberty Mutual Insurance Company's Joint Motion To Amend Settlement Agreement (DE 1022). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The Court notes that the aforementioned parties filed their



proposed Settlement Agreement (DE 972, Ex. 2) on August 8, 2004 and that the same was given preliminary approval in the Court's prior Order Of Preliminary Approval (DE 982).  Paragraph 1.5 of the Settlement Agreement, in pertinent part, articulates which Class Members are a part of the Settlement Class, and certain parties excluded from the Settlement Class.  The parties seek to amend paragraph 1.5 so that Class Members who would receive no funds after certain calculations would be excluded from the Settlement Class.  The proposed amendment to paragraph 1.5 would read as follows, with emphasis supplied to indicate the exact proposed text of the amendment:

> a health care provider, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical service to person(s) insured under a LIBERTY MUTUAL automobile policy with PIP benefits issued in the State of Florida; (b) That received a valid assignment of benefits from the person(s) insured by the LIBERTY MUTUAL as to such services; (c) Who submitted bills for payment for such services to LIBERTY MUTUAL; and (d) That were reduced by LIBERTY MUTUAL based upon the application of an ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through July 15, 2004). These Class Members comprise the "Settlement Class." Excluded from the Settlement Class are: <u>Those health care providers who would otherwise be Class Members who, upon calculation of the Maximum Claim Amount as set forth in ¶¶ 1.20 and 16 of the Settlement Agreement, would receive no funds.</u> Also excluded from the Settlement Class are LIBERTY MUTUAL, any parent, subsidiary, affiliate, or controlled person of LIBERTY MUTUAL, as well as the officers, directors, agents, servants, and employees of LIBERTY MUTUAL. Also excluded is any trial judge who may preside over this action.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Salvatore D. Larusso, D.C., d/b/a Family Chiropractic Center and Defendant Liberty Mutual Insurance Company's Joint Motion To Amend Settlement Agreement (DE 1022) be and the same is hereby **GRANTED**. The parties' Settlement Agreement (DE 972, Ex. 2) shall be amended to include the aforementioned text.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of January, 2005.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:
All counsel of record