

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

**ORDER OF FINAL APPROVAL
AND FINAL JUDGMENT**

ULTRA OPEN MRI CORP., on
behalf of itself and all
others similarly situated,

Plaintiffs,
v.

Case No. 01-6780

INTEGON NATIONAL INSURANCE
COMPANY, INTEGON GENERAL
INSURANCE COMPANY, INTEGON
PREFERRED INSURANCE COMPANY,
INTEGON INDEMNITY CORPORATION,
NATIONAL GENERAL ASSURANCE
COMPANY, NATIONAL GENERAL
INSURANCE COMPANY, MIC GENERAL
INSURANCE CORPORATION and
INTEGON CASUALTY INSURANCE
COMPANY,

Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Ultra Open MRI Corporation and Defendants Integon General Insurance Corporation,

1

Integon National Insurance Company, Integon Preferred Insurance Company, Integon Indemnity Coproration, National General Assurance Company, National General Insurance Company, MIC General Insurance Corporation and Integon Casualty Insurance Company's Joint Motion For Final Approval Of Class Action Settlement (DE 1020). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff, Ultra Open MRI Corporation (hereinafter "UOMC") and the named Defendants which are direct or indirect subsidiaries of GMAC Insurance Holdings, Inc.[1] (hereinafter collectively "GMAC Insurance") have submitted for final approval a proposed settlement of this class action.

By an Order Of Preliminary Approval (DE 980) dated August 20, 2004, the Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Settlement Agreement And Stipulation (DE 959, Ex. 2) (hereinafter the "Stipulation") and Notice Of Proposed Settlement Of Class Action (DE 959, Ex. A) jointly presented to the Court, subject to further consideration at the Final Settlement and Fairness Hearing conducted on January 7, 2005. In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as

---

[1] The subsidiaries include Integon General Insurance Corporation, Integon National Insurance Company, Integon Preferred Insurance Company, Integon Indemnity Corporation, National General Assurance Company, National General Insurance Company, MIC General Insurance Corporation and Integon Casualty Insurance Company.

a class action for settlement purposes only and temporarily certified UOMC as representatives of the following class:

> Healthcare providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a GMAC Insurance PIP policy; (b) That received a valid assignment of benefits from the person(s) insured by GMAC Insurance as to such services; (c) That submitted bills for payment for such services to GMAC Insurance; and (d) Which bills were reduced by GMAC Insurance based on the application of a ADP/Beech Street PPO reduction during the Class Period (January 1, 1996 through August 1, 2003).

The Court also ordered that the Notice Of Proposed Settlement attached as Exhibit A to the Stipulation, including the Proof Of Claim in substantially the form attached as Exhibit C to the Stipulation, be mailed no later than September 20, 2004, by first-class mail, postage pre-paid to all potential members of the class to the extent that such Class Members can be identified with reasonable diligence.

On January 7, 2005, at 10:00 a.m., the Court conducted a Fairness Hearing to determine: (a) whether the proposed Settlement on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and (b) whether final judgment should be entered dismissing the Litigation on the merits, with prejudice, and without costs, except as otherwise provided in the Stipulation. All interested persons were afforded the opportunity to be heard. The Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, the Court has determined that the

Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Ultra Open MRI Corporation and Defendants Integon General Insurance Corporation, Integon National Insurance Company, Integon Preferred Insurance Company, Integon Indemnity Coproration, National General Assurance Company, National General Insurance Company, MIC General Insurance Corporation and Integon Casualty Insurance Company's Joint Motion For Final Approval Of Class Action Settlement (DE 1020) be and the same is hereby **GRANTED** as follows:

   1. On January 7, 2005, the Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this case, the Court considered the parties' Settlement Agreement and Stipulation, the extensive Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiffs, and counsel for the Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

   2. As recognized in the Order Of Preliminary Approval (DE 980), the Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to the GMAC Insurance Defendants, a class of healthcare providers as identified above.

4

    3. The Court hereby affirms its decision certifying the class and approving the Settlement. The Court finds that the requirements for certification of a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met.

    4. In the Order Of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

    5. The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the plaintiffs would prevail at trial; b) the range of possible recovery if the plaintiffs prevailed at trial; c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the settlement; and f) the stage of proceedings at which the settlement was achieved. <u>Bennet v. Behring Corp.</u>, 737 F.2d 982 (11th Cir. 1984); <u>In re Corrugated</u>

Container Antitrust Litig., 643 F. 2d 195 (5th Cir. 1981). This Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit, in conjunction with the conflicting state court decisions in the Florida Second and Fifth Districts, the benefits available directly to the Class represent an excellent result that can be summarized as follows:

> i. The Settlement creates a reserved fund of $1,500,000.00, for Class Members to recover up to 100% of their individual damages.
>
> ii. The Settlement included the right to opt-out, so that any Class Member could decline to participate in the Settlement.
>
> iii. The Settlement provided for a Claim Dispute Resolution process involving arbitration.
>
> iv. The Settlement requires GMAC Insurance to pay Class Counsel fees up to $500,000 and reasonable litigation costs and expenses, separate and outside of the reserved fund of $1,500,000.

6. If the case were to proceed without settlement, the current appeal and possible resulting trial would be complex, lengthy and very expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, GMAC Insurance has defended this action vigorously and, absent a

settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits, which might not produce a better recovery than they have achieved in this Settlement. <u>Behrens v. Wometco Enters., Inc.</u>, 118 F.R.D. 534, 543 (S.D. Fla. 1988), <u>aff'd</u> 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount to be reserved by GMAC Insurance to pay Class Member claims, $1,500,000, plus attorneys' fees of up to $500,000 and reasonable costs and expenses, to be of substantial value to the Class.

7. The Court finds that there were no objections filed to the Settlement.

8. In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

9. The Court hereby approves as timely filed, the Requests For Exclusion Of The Settlement Class Members as listed in the

attached Exhibit A to the instant Motion, and finds that they are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it.

10. This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests for Exclusion as listed in the attached Exhibit A to the instant Motion, and all such Settlement Class Members hereby release and discharge GMAC Insurance from all Released Claims as that term is defined in the Stipulation preliminarily approved by this Court in its Order Of Preliminary Approval (DE 980), and are hereby barred and permanently enjoined from asserting any of the Released Claims against GMAC Insurance in any court or forum whatsoever, and the litigation is dismissed on the merits, with prejudice and without costs to any party, except as provided in the Stipulation of Settlement.

11. The Court finds that the law firms preliminarily approved as Class Counsel in its prior Order Of Preliminary Approval (DE 980), are competent and experienced attorneys and have adequately and aggressively represented the interests of the Class. The Court therefor certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee & Amtzis, of Ft. Lauderdale, Florida, Gold & Coulson of Chicago, Illinois, and Phillips & Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class,

12.  The Settlement also provides that GMAC Insurance will pay Class Counsel fees of up to $500,000 plus reasonable costs and expenses separate and apart from the Settlement Fund of $1,500,000 that has been established for payment of Class Member damage claims.  The Court finds the total amount of fees requested by Class Counsel (i.e., $500,000) plus its reasonable costs and expenses, to be reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time (four years) and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case.  Accordingly, a fee award of $500,000 plus reasonable costs and expenses is approved and shall be paid in accordance with the terms of the Settlement Agreement.

13.  The Court hereby certifies UOMC as Class Representative of the Class herein defined. The terms of the Settlement provide that GMAC Insurance will pay an incentive award to the named Class Representative, UOMC, of up to $15,000.  The Court finds that the payment by GMAC Insurance of a $15,000 incentive award is reasonable and hereby awards the named Class Representative, UOMC, an incentive award of $15,000.

14.  Without affecting the finality of this Final Approval

Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th of January, 2005.

                                                          _____
                                                          William J. Zloch
                                                          Chief United States District Judge

Copies furnished:

All counsel of record