UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

                    Plaintiffs,
        v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

        Defendants

_____

SALVATORE D. LARUSSO, D.C., d/b/a FAMILY            01-8108
CHIROPRACTIC CENTER, AUGUSTINE
JOSEPH, P.A., and JOEL D. STEIN, D.O. P.A., on
behalf of themselves and all others similarly
situated,

                    Plaintiffs,

        v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.

        Defendants.

_____



## JOINT MOTION FOR PRELIMINARY
## APPROVAL OF PROPOSED SETTLEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Salvatore D. LaRusso,

D.C., d/b/a, Family Chiropractor Center, Augustine Joseph, P.A., and Joel D. Stein, D.O., P.A. (the

"Class Representatives"), and Defendants Nationwide Mutual Insurance Company, Nationwide

Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company,

Nationwide Insurance Company of America, Nationwide General Insurance Company and Nationwide Assurance Company f/k/a Colonial Insurance Company (collectively "Nationwide") (the Class Representatives and Nationwide are collectively referred to as the "Parties"), hereby jointly move the Court for entry of an Order of Preliminary Approval of the Settlement Agreement and Stipulation ("Settlement Agreement") executed by the Parties. The Parties state as follows in support of this motion:

   1. The Parties have agreed upon a comprehensive settlement of this pending proposed class action case. The terms and conditions of the proposed settlement are set forth in the Settlement Agreement attached hereto.

   2. The Parties jointly move for preliminary approval of the Settlement Agreement, believing it to be fair, adequate, and reasonable to the Parties, as well as to the members of the proposed Settlement Class and Payment Sub-Classes, as defined in the Settlement Agreement. A proposed Order of Preliminary Approval is attached as Exhibit C to the Settlement Agreement.

   3. Preliminary approval is necessary in order to commence the process of providing notice as set forth in the Settlement Agreement. The notice will permit Settlement Class members to evaluate whether, among other things: (a) they want to opt-out of the Settlement, and/or (b) whether they are entitled to make a claim for a portion of the Settlement Fund. A copy of the proposed Notice of Pendency of Class Action, Proposed Settlement and Hearing is attached as Exhibit B to the Settlement Agreement.

   **WHEREFORE,** the Parties jointly move the Court for entry of an Order of Preliminary Approval, together with such further relief as the Court deems proper.

CASE NO. 00-6061-CIV-ZLOCH/SNOW

Respectfully submitted,

Eric Lee
LEE & AMTZIS, P.L.
Counsel for Class Representatives
5550 Glades Road, Suite 401
Boca Raton, Florida 33431
Telephone:    561-981-9988
Telefax:       561-981-9980

John P. Marino
FOWLER WHITE BOGGS BANKER P.A.
Counsel for Nationwide
50 North Laura Street, Suite 2200
Jacksonville, FL  32202
Telephone:    904-598-3100
Telefax:       904-598-3131

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was sent by U.S. Mail to counsel listed below on this _16_ day of March, 2005.

3

## MASTER SERVICE LIST
### (Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MCGUIRE WOODS LLP
Peter J. Valeta, Esq.
pvaleta@mcguirewoods.com
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1815
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS LLP
John M. Quaranta, Esq.
(305)536-1112
jmq@tewlaw.com
Four Seasons Tower, 15th Flr.
1441 Brickell Avenue
Miami, FL 33131-3407
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL 33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

FOWLER, WHITE, ET AL.
John P. Marino, Esq.
jamrino@fowlerwhite.com
50 North Laura Street, Suite 2200
Jacksonville, FL 32202
(904) 598-3120
(904) 598-3131 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT et al.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center,
One Southeast Third Ave., 28th Flr.
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

Counsel for:
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
One Southeast Third Ave., 28th Flr.
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd., Ste. 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

GOODWIN PROCTER
John D. Aldock, Esq.
Jaldock@goodwinprocter.com
Michael Isenman, Esq.
misenman@goodwinprocter.com
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000
(202) 346-4444 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Flr.
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

**Counsel for Casey Fundaro, Esq.**

TRIPP SCOTT
Edward Royce Curtis, Esq.
erc@trippscott.com
110 S.E. 6th Street, Flr. 15
Ft. Lauderdale, FL 33301

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

                    Plaintiffs,

    v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

                Defendants           01-8108

SALVATORE D. LARUSSO, D.C., d/b/a FAMILY
CHIROPRACTIC CENTER, AUGUSTINE
JOSEPH, P.A., and JOEL D. STEIN, D.O. P.A.,on
behalf of themselves and all others similarly
situated,

                    Plaintiffs,

    v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

                    Defendant.

## SETTLEMENT AGREEMENT AND STIPULATION

    This Settlement Agreement and Stipulation (the "Agreement") is entered into as of January 21, 2005, between Salvatore D. LaRusso, D.C., Augustine Joseph, M.D. and Joel D. Stein, D.O., P.A. (the "Class Representatives"), suing on behalf of themselves and their assignors and for the Settlement Class and Payment Sub-Classes defined below, and those defendants herein of Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of

America, Nationwide General Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company (collectively, "Nationwide Insurance") that issued and underwrote automobile insurance in the State of Florida during the Class Period.

**WHEREAS,** the Class Representatives have brought the above-captioned Action in the United States District Court Southern District of Florida (the "Action").

**WHEREAS,** the Action generally alleges that Nationwide Insurance improperly applied certain reductions by reference to preferred provider organization ("PPO") contracts, other usual and customary ("UCR") reductions including adjustments to codes associated with charges of providers for medical bills arising from personal injury protection ("PIP") automobile insurance claims and other alleged violations of Sections 627.730-627.7405, Florida Statutes.

**WHEREAS,** the Complaint alleges that Nationwide Insurance, among other acts and practices, entered into contracts with non-party vendors for application of PPO agreed pricing for medical services and products provided to insureds of Nationwide Insurance under automobile liability insurance with PIP benefits and by other reductions arrived and computed as part of final UCR (pursuant to Florida statute) payment. The Class Representatives allege that Nationwide Insurance used these services and reductions to improperly or unlawfully process and discount the bills of the Class Members. The Class Representatives allege that they and other professional Health Care Providers provided medical services or products to certain persons who were insured by Nationwide Insurance and that the PIP payments they received in connection with PIP claims under policies issued by Nationwide Insurance were wrongly and inadequately paid. LaRusso and Joseph allege that they or other professional Health Care Providers submitted to Nationwide Insurance medical bills arising from provision of medical services or products to Nationwide Insurance insureds. While LaRusso and Joseph acknowledge

that Nationwide Insurance did not reject payment of these bills outright, they allege that Nationwide Insurance improperly reduced the billed amounts payable and paid to them and the Class Members less than required under the Florida statutes or governing Florida law. In particular, LaRusso and Joseph allege that Nationwide Insurance improperly applied discounts or reductions to their and the Class Members' claims, or otherwise failed to pay their and the Class Members' claims in full. LaRusso and Joseph allege that Nationwide Insurance was not entitled to some of the discounts applied and that Nationwide Insurance had not complied with Fla. Stat. § 627.736(10). Based on these alleged facts, the Class Representatives, on behalf of themselves and the Class Members, have asserted the following claims against Nationwide Insurance: (1) unjust enrichment; (2) breach of third-party beneficiary contract; (3) declaratory relief; (4) violations of Fla. Stat. § 627.736 and (5) violations of the Racketeer Influenced and Corrupt Organizations Act.

**WHEREAS,** Nationwide Insurance denies all allegations of fault, wrongdoing or liability in the Action and does not concede any infirmity in its defenses. Moreover, Nationwide Insurance contends that the Class Representatives' and Class Members' claims are subject to arbitration and cannot be litigated in court, nor are they subject to class action relief.

**WHEREAS,** the Class Representatives have brought the Action as a class action on behalf of all Persons similarly situated;

**WHEREAS,** this Settlement is made on behalf of the following Settlement Class and Payment Sub-Classes:

Settlement Class

All Persons who have submitted claims for healthcare benefits under a personal injury protection insurance policy issued by Nationwide Insurance in Florida, either as an insured under a policy or pursuant to a valid assignment from an

3

insured, whose claims were reduced, adjusted or otherwise paid, but not paid in full, during the Class Period.

### 627.736(10) Payment Sub-Class

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on PPO reductions taken pursuant to Section 627.736(10), Florida Statutes during the Class Period.

### 627.736(1) Payment Sub-Class

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on UCR reductions taken pursuant to Section 627.736 (1), Florida Statutes during the Class Period.

### Chapter 627 Payment Sub-Class

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full for reasons other than reductions taken pursuant to Sections 627.736(10) or 627.736(1), Florida Statutes during the Class Period.

Notwithstanding anything in this Agreement to the contrary, all claims or purported claims against Nationwide Insurance that (i) have been released or otherwise discharged prior to the date of the Order of Preliminary Approval, (ii) are expressly alleged in Pending Litigation against Nationwide Insurance, or (iii) are claims by MRI service providers for consumer price index adjustments or for professional fees consolidated for payment in their billings to Nationwide Insurance are excluded from and shall not be part of the Settlement Class and Payment Sub-Classes, and shall not be otherwise included in this Settlement.

The Parties have agreed to seek conditional certification of the Settlement Class and Payment Sub-Classes. The Parties have also agreed: (a) that LaRusso, Joseph, and Stein shall be

appointed as the representatives of the Settlement Class and Payment Sub-Classes; and (b) the following law firms shall be appointed to serve as Counsel to the Settlement Class and Payment Sub-Classes: Lee & Amtzis, P.L., Kopelman & Blankman, P.A., Zebersky & Payne, L.L.P., Gold & Coulson, P.A., and Phillips & Garcia, L.L.P. ("Class Counsel").

**WHEREAS,** Nationwide Insurance has provided certain information and made certain representations to Class Counsel concerning the manner in which it conducts business in the State of Florida as it pertains to the allegations contained in the Complaint, and Class Counsel has further conducted its own investigation in this regard. Nationwide Insurance has represented that the information and data that it has provided is reasonably accurate and complete. Class Counsel has relied upon their own investigation and the reasonable accuracy and completeness of information and data supplied by Nationwide Insurance.

**WHEREAS,** the Parties and their counsel have conducted extensive settlement discussions and arm's-length negotiations in an effort to accomplish a global compromise and settlement of the claims asserted in the Action. Based on the investigation, research and analysis conducted to date and the efforts of the Parties, they consider it desirable and in their best interests, and in the interests of the Settlement Class to achieve the advantages of an opportunity to reach an equitable, appropriate, statewide resolution of all the issues and claims raised or that could have been raised in the Action, on the terms set forth herein, taking into account the risks, uncertainties, delay and expense involved in the Action, as well as other relevant considerations, including, but not limited to, the time and expense of defending costly, uncertain and protracted class action litigation, including appeals from the trial court, and to fully and finally compromise and settle all claims which are or could have been asserted in the Action.

**WHEREAS,** the Parties agree that, by entering into this Settlement, no Party shall be deemed to have admitted in any way any claims or contentions made by any other Party nor to have diminished in any way the validity of any of the claims or contentions asserted by that Party with respect to the Action. It is further specifically agreed that Nationwide Insurance's execution of this Agreement is not, and shall not be construed as, an admission by Nationwide Insurance or deemed or asserted to be evidence: (a) of the validity of any of the claims made by the Class Representatives on behalf of themselves or Class Members, nor of any liability to the Class Representatives or Class Members; (b) that Nationwide Insurance has waived any right to arbitration of any claims; (c) that Nationwide Insurance has violated any Florida Statutes or Florida law; or (d) that this Action is properly maintainable as a class action. The Parties further agree that neither this Agreement itself, nor any of the other documents prepared or executed by any Party in negotiating or implementing the Settlement called for by this Agreement, nor any of the terms of any such documents, shall ever be offered in evidence in or shared with any party to any civil, criminal, administrative, or other action or proceeding, including without limitation any Pending Litigation, without Nationwide Insurance's express written consent.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Agreement, and subject to approval by the Court as provided herein pursuant to Federal Rule of Civil Procedure 23, it is hereby stipulated and agreed by and between the Class Representatives, acting for themselves and on behalf of the Class Members, and by Nationwide Insurance, that all claims, rights and causes of action, state or federal, and including all damages, losses and demands of any nature, that have been asserted or could have been asserted, alleged or plead by the Class Representatives and the Class Members in this Action against Nationwide Insurance, as defined herein, shall be settled, and all such claims against Nationwide Insurance

6

are released and dismissed on the merits and with prejudice upon and subject to the following terms and conditions, all of which are subject to approval by the Court.

## DEFINITIONS

1.      The following terms shall have the following meanings in this Agreement and the attached exhibits.

1.1.    The "Action" means the action captioned above pending in the United States District Court Southern District of Florida.

1.2.    A "627.736(10) Reduction" means a reduction taken by Nationwide Insurance on a claim submitted to Nationwide Insurance pursuant to contracts entered into by or between one or more of the defendants and third-party non-party entities to this Action and wherein the third party entered into a preferred provider contract and/or agreement with a Class Member regarding negotiated fees to be charged for their professional services and products as more fully defined under Florida law.

1.3.    A "627.736 (1) Reduction" means a payment or adjustment taken by Nationwide Insurance on a claim submitted to Nationwide Insurance based on an assertion that the claim, or a portion of the claim, was not a reasonable or customary charge.

1.4.    A "627.736 Reduction" means a payment or adjustment taken by Nationwide Insurance on a claim submitted to Nationwide Insurance based on a reduction, adjustment, denial or delay in payment for any reason other than a 627.736 (10) Reduction or 627.736 (1) Reduction.

1.5.    A "Section 627.736(10) Payment Sub-Class Member" means all Persons who have submitted claims for health care benefits under a personal injury protection insurance

7

policy issued by Nationwide Insurance where Nationwide Insurance made a Section 627.726 (10) Reduction and payment during the Class Period.

1.6.    A "Section 627.736(1) Payment Sub-Class Member" means all Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance where Nationwide Insurance made a Section 627.736 (1) Reduction and payment during the Class Period.

1.7.    A "Section 627.736 Payment Sub-Class Member" means all Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance where Nationwide Insurance made a Section 627.736 Reduction and payment during the Class Period.

1.8.    The "Claims Dispute Facilitator" shall be F. Dennis Alvarez, Esq. If he is unable to complete his duties as set forth in this Agreement, then Nationwide Insurance and Class Counsel shall mutually choose and appoint an alternate Claims Dispute Facilitator.

1.9.    "Class Members" means any and all Persons that comprise the Settlement Class and Payment Settlement Sub-Classes defined in this Agreement.

1.10.    The "Class Period" means the period from January 1, 1996 through November 30, 2004.

1.11.    The "Claim Deadline" means the date by which all Proof of Claim forms must be postmarked or received by the Settlement Administrator as provided pursuant to the terms of this Agreement. This date shall be agreed upon by the Parties and the Settlement Administrator and is subject to the approval of the Court. This date shall be at least one hundred and twenty (120) days after Notice to the Class Members as set forth in ¶7 to this Agreement.

1.12.    The "Complaint" means the Second Amended Class Action Complaint filed in this Action pursuant to ¶2 of this Agreement.

1.13.    The "Court" means the United States District Court Southern District of Florida.

1.14.    The Final Judgment entered by the Court pursuant to this Agreement shall be deemed to have become "Final:" (a) upon the expiration of the thirty (30) day appeal period applicable to the Final Judgment, if no appeal is taken during such thirty-day period; or (b) if, during the aforesaid thirty-day period, an appeal is taken from such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, without modification of the Final Judgment, or the date of the expiration of the time to initiate such petitions or proceedings. It is expressly agreed by Class Counsel and by Nationwide Insurance that neither Party intends that this section nor any other part of this Agreement establishes or acknowledges that anyone is entitled to or has the right to appeal from any such judgments or orders, which may be entered in connection herewith.

1.15.    The "Final Judgment" means the Final Judgment and Order Approving Settlement entered by the Court, substantially in the form of Exhibit A.

1.16.    "Nationwide Insurance" means all the direct or indirect subsidiaries of Nationwide Insurance as aforesaid including Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company that underwrote automobile liability insurance with PIP in the State of Florida at issue in this Action.

This definition also includes these entities' current and former officers, directors, employees, agents, insureds, contractors and representatives, as well as these entities' respective predecessors, successors, assigns, trustees or representatives.

1.17. "Net Opt Outs" means the total number of Persons that opt out of this Settlement.

1.18. "Gross Settlement Class Membership" means the total number of Class Members sent direct mail notice as provided in this Agreement.

1.19. A "Health Care Provider" means those Persons defined under Section 776.202 of the Florida Statutes.

1.20. The "Notice" means the Notice of Pendency of Class Action, Proposed Settlement and Hearing, substantially in the form of Exhibit B.

1.21. The "Order of Preliminary Approval" means an order entered by the Court substantially in the form of Exhibit C.

1.22. The "Parties" means Nationwide Insurance and the Class Representatives, on behalf of themselves and the Settlement Class.

1.23. "Pending Litigation" means any suits or proceedings (other than this Action) pending in any Florida state or federal court (including applicable appellate courts) against Nationwide Insurance as of the date of the Order of Preliminary Approval seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out of a PIP Policy issued by Nationwide Insurance.

1.24.   "Person" or "Persons" means an individual, corporation, proprietorship, business, business trust, estate, trust, partnership, limited partnership, limited liability company, association, joint venture, governmental subdivision, agency or instrumentality, or any other legal or commercial entity of any kind.

1.25.   "PIP Policy" means a policy of personal injury protection insurance as described under the Florida Motor Vehicle No-Fault Law (Florida Statutes Sections 627.730-627.7405).

1.26.   "Proof of Claim" means the proof of claim form substantially in the form of Exhibit D.

1.27.   "Released Claims" means any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, whether accrued or unaccrued, known or unknown, fixed or contingent, including extra-contractual damages, damages at law or in equity, fines, or penalties of any kind or description which now exist or heretofore existed, which are or could have been alleged in the Action or in any other action, court, arbitration proceeding, tribunal or administrative proceeding by any Person, including without limitation any Health Care Providers, which arise out of or are based directly or indirectly upon the acts, transactions, occurrences, facts, sales and events and/or statutes that are alleged or which could have been alleged in the Complaint.

1.28.   "Settlement" means the settlement of this Action as set forth in this Agreement and the exhibits to this Agreement.

1.29.   "Settlement Administrator" means the independent class action settlement administration company of Heffler, Radetich & Saitta LLP, or any substitute independent class action administration company to which Nationwide Insurance and Class Counsel may consent.

11

1.30. "Settlement Class" means the Settlement Class and Payment Sub-Classes defined in this Agreement.

1.31. "Settlement Dispute Resolution" means the process described and set forth in paragraph 28 of this Agreement.

1.32. "Settlement Effective Date" means the date the Final Judgment, having been entered in the form of Exhibit A, shall have become Final.

1.33. The "Maximum Claim Amount" refers to an amount calculated as set forth in paragraph 16.1 of this Agreement.

1.34. The "Settlement Fund" means the $9.875 million fund plus accumulated interest as provided for in Paragraph 13 of this Agreement.

1.35. A "Settlement Payment" means a payment to a Class Member from the Settlement Fund pursuant to the terms and conditions of this Agreement.

1.36. The "Fairness Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23.

1.37. "Class Counsel" means and refers to Lee & Amtzis, P.L., Kopelman & Blankman, P.A., Zebersky & Payne, L.L.P., Gold & Coulson, P.A., and Phillips & Garcia, P.A. and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Action.

1.38. The "Opt Out and Objection Deadline" means the date by which all elections to opt out and all objections to the proposed Settlement must be postmarked or received by the Settlement Administrator, Class Counsel, or the Court as provided pursuant to the terms of this Agreement. This date shall be agreed upon by the Parties and the Settlement

Administrator and is subject to approval by the Court. This date shall be at least forty-five (45) days after Notice to Class Members as set forth in ¶ 7 of this Agreement.

## Submission of Agreement for Preliminary Approval and Order

2.      The Parties agree to stipulate to the amendment of the Complaint to name the following Nationwide defendants: Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Insurance Company and Nationwide Assurance Company f/k/a Colonial Insurance Company. After the filing of the Second Amended Class Action Complaint, counsel for the Parties shall submit this Agreement, and shall request that the Court enter an Order of Preliminary Approval substantially in the form of Exhibit C. The Order of Preliminary Approval shall include terms as follows:

2.1.      Preliminarily approving the Settlement of this Action;

2.2.      Enjoining the initiation of any new suits or proceedings in any state or federal court against Nationwide Insurance seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out of a PIP Policy issued by Nationwide Insurance (the "Stay Order"). The statute of limitations and all other time limits shall be tolled during this injunction period;

2.3.      Providing that any Class Member that does not file a timely and complete election to opt out of this Settlement by the Opt Out and Objection Deadline will be bound by the Stay Order and the Settlement;

13

2.4. Providing that any Class Member that files a timely and complete election to opt out of this Settlement on or before the Opt Out and Objection Deadline may proceed with its own action subject to Nationwide Insurance's defenses and subject to paragraph 2.5 below;

2.5. Providing that the Stay Order shall expire five (5) days after the Opt Out and Objection Deadline as to any Class Member that files a timely and complete election to opt out of this Settlement on or before the Opt Out and Objection Deadline;

2.6. Certifying the Action as a class action for settlement purposes only on behalf of the Settlement Class and Payment Sub-Classes defined above;

2.7. Approving and directing the Settlement Administrator to cause to be mailed a Notice and Proof of Claim substantially in the form of Exhibits B & D to Class Members in the manner provided herein;

2.8. Determining that such notification procedures will provide the best notice practicable under the circumstances and constitutes due and sufficient notice to all Persons entitled thereto;

2.9. Scheduling a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Federal Rule of Civil Procedure 23; (b) to determine whether the Final Judgment substantially in the form of Exhibit A should be entered; and (c) to determine whether the application of Class Counsel for an award of fees and expenses, and whether incentive awards to the Class Representatives, should be granted. Subject to the Court's schedule, the Fairness Hearing shall be scheduled not less than thirty (30) days after the Opt Out and Objection Deadline;

2.10. Approving the proposed Proof of Claim form (Exhibit D);

2.11.    Providing that any Class Member may opt out of the Settlement Class and this Settlement in the manner and with the consequences described herein, and providing that all such elections to opt out must be postmarked or received by the Settlement Administrator on or before the Opt Out and Objection Deadline;

2.12.    Providing that the Settlement Administrator shall file with the Court all timely elections to opt out received by the Settlement Administrator no later than fifteen (15) days after the Opt Out and Objection Deadline;

2.13.    Providing that any Class Member that objects to the approval of this Settlement may appear at the Fairness Hearing and attempt to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.  Any such Class Member wishing to object shall only be heard if, by the Opt Out and Objection Deadline, they serve upon Class Counsel and counsel for Nationwide Insurance and file with the Court written notice of the objection, the names of all witnesses and a copy of all documents to be relied upon at the Fairness Hearing, together with a general statement of the factual and legal basis for such objection.  Any such objections or any petition to intervene in the Action must be submitted in writing, must attach a copy of a valid assignment of benefits by a Nationwide Insurance insured to the objecting/intervening Class Member (unless the objecting Class Member is the insured), and must be served on Class Counsel, counsel for Nationwide Insurance, and filed with the Court on or before the Opt Out and Objection Deadline.  Any Class Member objecting to this settlement shall not be entitled to propound any discovery without order of the Court;

2.14.    Providing that no Class Member shall be entitled to contest the approval of the terms and conditions of this Settlement or the judgment to be entered thereon except by

timely filing and serving written objections in accordance with the provisions herein. Any Class Member who does not timely opt out of the Settlement Class or who does not timely object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections to the proposed Settlement, and from asserting any claims against Nationwide Insurance arising out of, related to, or based in whole or in part on any of the facts or matters alleged in the Complaint, or which could have been alleged in the Complaint, or which otherwise were at issue in this Action and which are the claims herein released;

2.15. Authorizing the use and disclosure by Nationwide Insurance and Class Counsel of such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, to protect the confidentiality of the names and addresses of Persons insured by Nationwide Insurance or other confidential or proprietary information pursuant to the terms of this Agreement; and

2.16. Providing that if the Net Opt-Outs exceeds seven (7%) of the Gross Settlement Class Membership, Nationwide Insurance may, in its sole discretion, terminate this Agreement and all the obligations set forth herein. In such case, the Parties shall return to their pre-settlement status with all their rights and defenses unaffected and undiminished by this Agreement. In such circumstances no facts of this Agreement or evidence of intent of settlement shall be admissible in any proceeding.

## **Fairness Hearing**

3. On the date set by the Court for the Fairness Hearing, the Parties shall jointly request the Court to review any petitions to intervene or objections to the Settlement that have been timely filed and served and to conduct such other proceedings as the Court may deem appropriate under the circumstances.

16

3.1.    At the Fairness Hearing, the Parties shall jointly request the Court to enter the Final Judgment, substantially in the form of Exhibit A:

3.2.    Determining that the mailing of the Notice and Proof of Claim substantially in the form of Exhibits B & D to Class Members in the manner provided herein is the best method of notice practicable under the circumstances, constitutes due and sufficient notice to all Persons entitled thereto, and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

3.3.    Approving the Settlement; finding that its terms are fair, reasonable and adequate to the Class Members for purposes of Rule 23 of the Federal Rules of Civil Procedure; and directing the consummation of the Settlement in accordance with the terms and conditions of this Agreement;

3.4.    Approving the elections to opt out that are complete and have been timely filed on or before the Opt Out and Objection Deadline;

3.5.    Certifying the Settlement Class and Payment Sub-Classes for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.6.    Providing that each Class Member (except those who have filed timely and complete elections to opt out on or before the Claim Deadline) shall be bound by this Settlement; releasing and discharging Nationwide Insurance from all Released Claims; barring and permanently enjoining LaRusso, Joseph, and Stein and the Class Members from asserting any of the Released Claims against Nationwide Insurance in any court or forum whatsoever; dismissing all claims in this Action against Nationwide Insurance on the merits and with prejudice; and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

17

3.7.    Awarding attorneys' fees and costs as provided infra;

3.8.    Reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Agreement;

3.9.    Awarding LaRusso, Joseph, and Stein incentive awards not to exceed the sum of $15,000.00 each, which award Nationwide Insurance has agreed that it will not oppose (and which is payable pursuant to the same schedule for the payment of Settlement Payments pursuant to this Agreement); and

3.10.   Awarding such other and further relief consistent with the terms and provisions of this Agreement, as the Parties hereto may agree and the Court may approve.

## Class Notification

4.    Upon preliminary approval of this Agreement, the Settlement Administrator will compile the names and last-known addresses of potential Class Members based upon the current data and records reasonably available to Nationwide Insurance for the purpose of providing Notice as required by this Agreement.

5.    All costs of settlement administration, including the costs of notification to the Class Members, shall be borne by Nationwide Insurance, subject to approval by the Court. Except as provided herein, costs shall be paid separately from the Settlement Fund.

6.    It is understood and agreed that no Party shall have responsibility or liability with respect to any of their acts, omissions, or any conduct of any Settlement Administrator in connection with the administration and distribution of this Settlement, including, but not limited to, providing notice to Class Members and responding to queries from Class Members. The Settlement Administrator is not the agent of any of the Parties hereto.

7.      Within thirty (30) days of the entry of the Order of Preliminary Approval, Nationwide Insurance or the Settlement Administrator will send potential Class Members a Notice and Proof of Claim substantially in the form of Exhibits B & D, by first class mail, postage pre-paid, addressed to Class Members' last known address, if any, based upon the current records and electronic data reasonably available to Nationwide Insurance.

8.      The Parties shall agree on the form and content of the Notice and Proof of Claim. At a minimum, the Proof of Claim, which shall be approved by the Court, will contain requirements that Class Members:

8.1.    Must affirm class membership;

8.2.    Must affirm member identity, billing entity identity, and provide their current mailing address and telephone number;

8.3.    Must provide Health Care Providers' tax identification and/or social security information;

8.4.    Must affirm Health Care Providers' treatment and provide the name(s) of Nationwide Insurance insured(s) patient and/or applicable claim number(s);

8.5.    Are requested to provide optional additional information necessary for Nationwide Insurance to validate and identify a potential Settlement Payment with references and/or documents that are reasonably available to them including, without limitation, the address of the Nationwide Insurance insured(s), the date of the subject accident(s), the date of first treatment of the Nationwide Insurance insured(s), the applicable Explanation of Benefits reflecting payment by Nationwide Insurance, and the applicable policy number(s). Class Members should also provide copies of documents relating to their claim(s) that are currently in their possession. The Settlement Administrator may contact and seek additional information

from Class Members as it deems necessary to validate and identify a potential Settlement Payment.

8.6.    Must verify under oath that, upon information and belief, the provider(s) holds an assignment(s) of benefits or directions to pay for the Health Care Providers' professional services or products sold and at issue for Settlement Payment by Nationwide Insurance, and that no rights arising under the subject claim(s) have been released, discharged or assigned; and

8.7.    Execute the Proof of Claim on information and belief and under pains and penalties of perjury.

9.    Nationwide Insurance shall bear all expenses incurred in connection with the identification of potential Class Members based upon the current records and electronic data reasonably available to Nationwide Insurance.  Costs of administration (including, but not limited to, preparing, printing and mailing the Notice and Proof of Claim forms, costs of any follow-up attempts to redeliver Notices, Proof of Claim forms or Settlement Payments which are returned to the Settlement Administrator by the U.S. Post Office, processing Proof of Claim forms, providing claim information and records to the Claim Dispute Facilitator and Class Counsel and counsel for Nationwide Insurance, printing and distributing checks and drafts to Settlement Class Members and all postage relating to the foregoing) will be paid by Nationwide Insurance based upon invoices submitted by the Settlement Administrator up to a $500,000 cap of expenses.  This amount will be paid outside of and in addition to the Settlement Fund.  Any administration expenses in excess of $500,000 shall be paid by the Settlement Fund.

10.    In the event that a mailing to a Class Member containing a Notice and Proof of Claim is returned to the Settlement Administrator, the Settlement Administrator shall take steps

which are economically reasonable to locate a more current address for the Class Member or its successor(s) in interest, heir(s) or assign(s) and thereafter redeliver a Notice and Proof of Claim as appropriate. The method to locate a more current address for a Class Member shall be via Equifax or other similar service for those Class Members for whom the Settlement Administrator is able to identify a Social Security Number based upon the current records and data reasonably available to Nationwide Insurance, and via the National Change of Address (N.C.O.A.) database for those Class Members for whom Social Security Numbers cannot be identified as provided herein. If the cost of locating a more current address for a Class Member exceeds five dollars ($5.00), then the excess costs of locating the Class Member's more current address shall be deducted from any Settlement Payment paid to the Class Member pursuant to the terms of this Agreement.

11.    Under no circumstances shall Nationwide Insurance be required under this Agreement to incur or pay any fees or expenses which it is not explicitly obligated to incur or pay hereunder.

12.    Nationwide Insurance and its counsel and Class Counsel shall have the right to audit the Settlement Administrator's claims administration at any time.

**Settlement Fund and Claims Procedure**

13.    Within five (5) days of the entry of the Order of Preliminary Approval by the Court Nationwide Insurance shall reserve the amount of nine million, eight hundred seventy five thousand dollars ($9,875,000.00) and place it in a joint escrow account at Mellon Bank titled "LaRusso-Nationwide Insurance Settlement Fund Trust Account," pursuant to a Deposit and Disbursement Agreement in a form to be agreed upon by the Parties, to pay the timely, complete and valid claims of Class Members as provided in this Agreement. This amount shall constitute

21

the full, final and complete Settlement Fund. The Settlement Fund shall be an interest bearing account comprising U.S. Government guaranteed securities of such maturities as to provide funds necessary to make Settlement Payments to Class Members as provided in this Agreement. Nationwide Insurance and Class Counsel shall be co-signers on the account. All payments to Class Members as provided in this Agreement shall be paid solely from the Settlement Fund. The Settlement Fund shall be the exclusive remedy for all Class Members. Class Members must comply with the terms and conditions of, and the procedures set forth in, this Agreement in order to receive a Settlement Payment from the Settlement Fund. If this Agreement is not finally approved by the Court, if approval is reversed, vacated or modified on appeal, or if this Agreement is terminated, cancelled or otherwise does not become Final for any reason then, in such event, within ten (10) business days thereof, the Settlement Fund, including all accumulated interest, shall immediately revert to Nationwide Insurance, less any authorized expenses, and the escrow agent shall take all immediate and reasonable steps to effect this provision.

14.     In order to qualify for and receive a Settlement Payment from the Settlement Fund, a Class Member must complete and sign a Proof of Claim upon information and belief and under the pains and penalties of perjury. The Proof of Claim must be sent by United States Mail, postmarked on or before the Claim Deadline, to the Settlement Administrator. A separate Proof of Claim must be submitted for each claim a Class Member submits. A Proof of Claim may not be made and will not be accepted via facsimile or electronic transmission. The Settlement Administrator shall not be required to provide notice of rejection or otherwise process or respond to elections to opt out or Proofs of Claim received by it after fifteen (15) or more days following the Claim Deadline.

15.    All Class Members that submit a Proof of Claim to the Settlement Administrator that is postmarked <u>after</u> the Claim Deadline shall remain Class Members subject to the terms of this Agreement and the release provided herein, but are barred from recovering any Settlement Payment from the Settlement Fund.

16.    Proof of Claims.

16.1.    Each Class Member that submits a timely and complete Proof of Claim shall be entitled to payment of that Class Member's Maximum Claim Amount, in accordance with the terms set forth herein, and calculated as provided below. Each Class Member shall be entitled to a percentage reimbursement of the reductions or adjustments taken by Nationwide Insurance regarding the amount of bills submitted by that Class Member to Nationwide Insurance during the Class Period, in accordance with the terms below, and conditioned upon the Class Member's timely submission of a completed Proof of Claim. Except as specifically provided in this Agreement, no attorneys' fees, interest, costs or any additional sums of any kind shall be paid to any Class Member, other than those attorneys' fees and costs paid to Class Counsel as provided herein to be paid from the Attorney Fee Fund and the incentive awards to the Class Representatives as provided herein. Any Settlement Payments as provided for in this Agreement shall be made only to the Class Member directly. Each Class Member shall be eligible to be a member of only one Payment Sub-Class. Subject to the foregoing, Class Members are eligible to receive one of the following Settlement Payments:

16.1.1  <u>627.736(10) Payment Sub-Class Members</u>

80% of the difference between (a) eighty percent (80%) of the amount billed by the Class Member, and (b) the amount paid by Nationwide Insurance to that Class Member after application of a reduction, if any (i.e. – if the billed amount was $1,000.00 and Nationwide

Insurance paid $600.00, the reimbursement amount would be $160 ($1,000 x 80% = $800 - $600 = $200 x 80% = $160).

### 16.1.2  627.736(1) Payment Sub-Class Members

40% of the difference between (a) eighty percent (80%) of the amount billed by the Class Member, and (b) the amount paid by Nationwide Insurance to that Class Member after application of a reduction, if any (i.e. – if the billed amount was $1,000.00 and Nationwide Insurance paid $600.00, the reimbursement amount would be $80 ($1,000 x 80% = $800 - $600 = $200 x 40% = $80).

### 16.1.3  627 Payment Sub-Class Members

40% of the difference between (a) eighty percent (80%) of the amount billed by the Class Member, and (b) the amount paid by Nationwide Insurance to that Class Member after application of a reduction, if any (i.e. – if the billed amount was $1,000.00 and Nationwide Insurance paid $600.00, the reimbursement amount would be $80 ($1,000 x 80% = $800 - $600 = $200 x 40% = $80).

16.2.   Any Class Member that has claims asserted in Pending Litigation, but also has claims that are not asserted in Pending Litigation, must follow the Proof of Claim Procedure outlined in this Agreement, and is subject to the terms and conditions of this Agreement and Settlement, with regard to any claims within the Settlement Class and Payment Sub-Classes that are not expressly asserted in Pending Litigation.

17.    Class Members that submit a timely, complete and valid Proof of Claim as required by this Agreement will be entitled to make a claim against the Settlement Fund.

18.    If the total of all Maximum Claim Amounts submitted by Class Members is less than or equal to $9,875,000.00 plus the accumulated interest, after all Maximum Claim Amounts

shall be paid in full (*i.e.*, at one hundred percent (100%) of the Maximum Claim Amount) such further sums shall revert and be paid to Nationwide Insurance free and clear of any claim of right or title by any Class Member, Class Counsel, or any other party.

19.    If the total of all Maximum Claim Amounts submitted by 627.736(10) Payment Sub-Class Members is greater than $5,104,000 plus the accumulated interest, less an equal 50% share of any administration expenses in excess of $500,000, if any, claims to 627.736(10) Payment Sub-Class Members will be paid on a *pro rata* basis to 627.736(10) Payment Sub-Class Member who submitted a complete, timely and valid Proof of Claim.

20.    If the total of all Maximum Claim Amounts submitted by 627.736(1) and 627 Payment Sub-Class Members is greater than $4,771,000 plus the accumulated interest, less an equal 50% share of any administration expenses in excess of $500,000, if any, claims to 627.736(1) and 627.736 Payment Sub-Class Members will be paid on a *pro rata* basis to 627.736(1) and 627.736 Payment Sub-Class Member who submitted a complete, timely and valid Proof of Claim.

21.    The Parties and their counsel express no opinion concerning the tax consequences of this proposed Settlement to individual Class Members and make no representations, warranties or other assurances regarding such tax consequences.  No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to such tax consequences by virtue of this Agreement or by effectuating this Settlement, and the Parties and their counsel shall not be held liable for any such tax consequences that may occur.  The Notice will direct Class Members to consult their own tax advisors regarding any tax consequences of the proposed Settlement, including any payments or benefits provided hereunder, and any tax reporting obligations they may have with respect

thereto. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

22.    Following Settlement Payments to Class Members as provided in this Agreement, any and all amounts remaining in the Settlement Fund shall revert and belong to Nationwide Insurance, and neither Class Counsel nor any Class Member shall make any claim to any such amounts, or object or oppose in any way the reverter of such amounts to Nationwide Insurance.

23.    Nationwide Insurance shall permit Class Counsel to inspect all Proofs of Claim received within fifteen (15) days after the Claim Deadline.

24.    The Parties agree that Nationwide Insurance or its counsel and Class Counsel, on behalf of all Settlement Class Members, shall be permitted to review Proofs of Claim to determine: (a) whether they have been timely filed; (b) whether they are complete; and (c) whether any proposed Settlement Payment to Class Members is in accordance with the terms of this Agreement and to which Payment Sub-Class they may be a member and qualify. The Parties agree to work cooperatively and fairly together to arrive at a fair and equitable determination of any Proof of Claim timely submitted by a Class Member.

25.    Each Class Member who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to any Settlement Payment, as well as the Final Judgment.

## Claim Dispute Resolution for Class Members

26.    Based upon the information submitted with a timely and complete Proof of Claim, Nationwide Insurance and Class Counsel will conduct a review of any Settlement Payment that

may be due to the Class Member who submitted the Proof of Claim. Nationwide and Class Counsel will also compile a list of those Proofs of Claim that are deemed incomplete.

27.     Nationwide Insurance or its counsel and Class Counsel shall approve the release of funds from the Settlement Fund for the Settlement Payments by check to Class Members entitled to a Settlement Payment. No checks shall be issued to any Class Member without an authorized signature and before the Settlement becomes Final.

28.     The following procedure will be utilized to resolve any disputes between Class Members who adequately perfect their claim and Nationwide Insurance as to the amount of any Settlement Payment or as to the completeness of any Proof of Claim:

28.1.   The Class Member will be notified in writing after receipt of the Proof of Claim if there is an issue or dispute as to the completeness of the Proof of Claim or as to the amount claimed;

28.2.   At the Class Member's election, the Class Member shall be entitled to Settlement Dispute Resolution to be conducted by the Claims Dispute Facilitator regarding his, her or its eligibility to receive a Settlement Payment or the amount of a Settlement Payment pursuant to this Agreement. The Class Member must make this election by written notification to the Settlement Administrator sent by U.S. mail that is post-marked within thirty (30) days of the date the written notification is sent to the Class Member as provided in paragraph 28.1;

28.3.   A Class Member requesting Settlement Dispute Resolution as provided herein will be required to submit payment of the fee of the Claims Dispute Facilitator by certified check that must be received by the Settlement Administrator within 15 days of mailing written notice electing Settlement Dispute Resolution or waives the right to the Settlement Dispute Resolution process;

27

28.4.    As a condition precedent to demanding Settlement Dispute Resolution, the Class Member must submit his/her or its Proof of Claim to the Settlement Administrator within fifteen (15) days after compliance with the required fee payment. The Settlement Administrator shall forward such file to Class Counsel and Nationwide Insurance at the addresses set forth below;

28.5.    Nationwide Insurance, Class Counsel, and the Class Member shall be permitted to submit written presentations regarding their respective positions regarding the disputed claim;

28.6.    The Claims Dispute Facilitator shall determine whether the Class Member has filed a complete Proof of Claim and is eligible to receive a Settlement Payment pursuant to any one Payment Sub-Class designation by this Agreement. The Claims Dispute Facilitator shall also determine the amount of any appropriate Settlement Payment;

28.7.    The Claims Dispute Facilitator shall make his or her determinations solely based upon written submissions and relevant documentation submitted to him by the Class Member, Class Counsel, and Nationwide Insurance;

28.8.    If the Claims Dispute Facilitator rules in favor of the Class Member, Nationwide Insurance will reimburse the Class Member for the fee of the Claims Dispute Facilitator, the Class Member's claim will be deemed perfected, and a Settlement Payment will be made pursuant to this Agreement; and

28.9.    The determinations of the Claims Dispute Facilitator as to the eligibility of a Class Member to receive a Settlement Payment pursuant to this Agreement shall be binding, final, conclusive and non-appealable.

28

## Deceased, Dissolved or Bankrupt Class Members

29.     Where a Class Member is deceased and a Settlement Payment is due to that Class Member, Nationwide Insurance will, upon receipt of proper notification and documentation of the appropriate representative of the Class Member's estate, make the Settlement Payment to such deceased Class Member's authorized representative.

30.     Where a Class Member is out-of-business or dissolved and a Settlement Payment is due to that Class Member, Nationwide Insurance will, upon receipt of proper notification and documentation, make the Settlement Payment to such Class Member or its creditors (including governmental taxing authorities) as Nationwide Insurance in its sole discretion may determine.

31.     Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a Settlement Payment is due to the Class Member, Nationwide Insurance will, upon receipt of proper notification and documentation, make the Settlement Payment to such Class Member, or such Class Member's bankruptcy trustee or bankruptcy estate, as it deems appropriate in accordance with governing bankruptcy laws.

## Attorneys' Fees and Costs

32.     Nationwide Insurance agrees not to oppose a request by Class Counsel for an award of attorneys' fees equal to thirty three and one-third percent (33 1/3 %) of the Settlement Fund.  Any amount of attorneys' fees to Class Counsel approved by the Court will be paid in addition to and outside of the Settlement Fund.

33.     Nationwide Insurance agrees not to oppose a request by Class Counsel for an award of Class Counsel's reasonable court costs and expenses of this Action incurred to date, not

to exceed $15,000.00. Any amount for reasonable court costs and expenses approved by the Court will be paid in addition to and outside of the Settlement Fund.

34.    Within five (5) business days of the Order of Preliminary Approval by the Court Nationwide Insurance shall reserve the amount of three million, two hundred eighty-eight thousand three hundred seventy-five dollars ($3,288,375.00) and place it in escrow at Mellon Bank to pay attorneys' fees approved by the Court. This Attorney Fee Fund should be placed into escrow, in an interest bearing account or other U.S. Government guaranteed security at Mellon Bank with Nationwide Insurance and Class Counsel as co-signors on the account. The Attorney Fee Fund shall bear interest. All payments for attorneys' fees shall be paid solely from the Attorney Fee Fund. Any amount of the Attorney Fee Fund not distributed to Class Counsel pursuant to Court approval shall revert to Nationwide. Class Counsel shall be entitled to all interest on the Court approved fee amounts on deposit with Mellon Bank.

35.    Any Court-awarded attorneys' fees and costs to Class Counsel will be paid to the trust accounts of Class Counsel as directed in writing by Class Counsel within five (5) days after the expiration of the thirty (30) day appeal period applicable to the Final Judgment. If an appeal is taken from the Final Judgment, attorneys' fees and costs shall not be due until the resolution of such appeal. However, Nationwide Insurance shall not be obligated to deliver such fees and costs if the Final Judgment is not approved and sustained on appeal.

## Payment of Settlement Amounts

36.    The Settlement Administrator shall provide and certify to Nationwide Insurance a list of the Settlement Payments approved for payment to Class Members that have timely submitted complete Proofs of Claim. Nationwide Insurance shall authorize the Settlement Administrator to draw and send a check or draft payable to such Class Members within one

hundred eighty (180) days after the expiration of the Claim Deadline. If an appeal is taken from the Final Judgment, the Settlement Payments shall not be due until the final resolution of such appeal. However, Nationwide Insurance shall not be obligated to make Settlement Payments if the Final Judgment is not approved and sustained on appeal.

37.    Any funds remaining in the Settlement Fund within sixty (60) days after Settlement Payments are made shall revert to Nationwide Insurance.


### Termination of the Agreement

38.    Nationwide Insurance shall have the right, in its sole discretion after reviewing the number of opt outs, to nullify this Settlement if the number of Net Opt-Outs exceeds seven percent (7%) of the Gross Class Membership. If Nationwide so elects, this Agreement and Settlement thereafter shall have no further force and effect with respect to any Party in this Action. Nationwide may exercise this right within ten (10) days after the Opt Out and Objection Deadline by filing with the Court and serving upon Class Counsel (by facsimile and Certified U.S. Mail) a document entitled Notice of Nullification of Settlement. Neither Class Counsel nor any Class Member shall be permitted to seek enforcement of this Agreement and Settlement, or any of its terms, against Nationwide Insurance should Nationwide Insurance elect to nullify the Settlement.

39.    Any Party to this Agreement and Settlement has the right to nullify or to void the Settlement, and the Settlement thereafter shall have no further force and effect with respect to any Party in this Action, upon entry of an order by any court (including any appellate court) or other governing department or authority that invalidates or disapproves the Settlement, in whole

or in part, or which alters any material term of this Settlement without the Parties' written consent.

40.     In the event the Settlement is nullified, the Settlement shall not be offered in evidence or used in this or any other action or proceeding for any purpose including, but not limited to, the existence, certification or maintenance of any purported class.

41.     In such event, this Agreement and Settlement and all negotiations, proceedings, documents prepared and statements made in connection with this Agreement and Settlement shall be without prejudice to any Party and shall not be admissible into evidence, and shall not be deemed, asserted or construed to be an admission or confession by any Party or any other Person of any fact, matter or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties to this Action shall stand in the same position as if this Agreement and Settlement had not been negotiated, made or submitted to the Court.

42.     If this Settlement shall not become Final for any reason or if this Agreement shall be nullified by Nationwide Insurance:

42.1.     This Agreement and Settlement shall not have further force and effect and all proceedings having taken place with regard to this Agreement and Settlement shall be without prejudice to the rights and contentions of the Parties hereto or of any potential Class Members in this Action or in any other actions or proceedings;

42.2.     The Parties agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Agreement; and

42.3.     The Parties shall in all respects be returned to their respective statuses immediately prior to the execution of this Agreement, and the amended complaint contemplated by this Agreement shall be withdrawn and the previous complaint shall again become operative.

## Confidentiality

43.     The names, addresses, policy numbers and other information which may be compiled by Nationwide Insurance pursuant to this Agreement and the data processing and other record keeping procedures and materials to be utilized by Nationwide Insurance in identifying potential Class Members and effectuating the Parties' other obligations hereunder (the "Information") constitute highly confidential and proprietary personal and business information. The confidentiality of the Information shall be protected by entry by the Court of an agreed protective order.

44.     No person, other than individuals employed by Nationwide Insurance or to whom Nationwide Insurance has expressly permitted access, shall be allowed access to any Information except:

44.1.   Nationwide Insurance's counsel and Class Counsel and attorneys and clerical personnel employed by such counsel; and

44.2.   Such other persons as the Court may order after hearing on notice to all counsel of record.

45.     At no time, except pursuant to Court order after hearing upon notice to all counsel of record, shall any Information be made known or available to any Person, other than individuals described above and the individuals employed by Nationwide Insurance or to whom Nationwide Insurance has expressly permitted access, unless he or she first signs a statement attesting to the fact that: (a) he or she has read and understands the protective order to be entered by the Court; (b) that he or she agrees to be bound and to comply with the terms of the protective order; and (c) that he or she understands that disclosure of Information to unauthorized persons may constitute contempt of court. Such signed statements shall be obtained from those individuals employed by or otherwise associated with the Settlement Administrator before any

33

Information is provided to the Settlement Administrator. Copies of all such signed statements shall be retained by Class Counsel and delivered to Nationwide Insurance upon request.

46.    It is further agreed that, after the performance of all terms of this Agreement is complete, any and all Information provided by Nationwide Insurance to Class Counsel or anyone else, and all copies thereof, shall be promptly returned to Nationwide Insurance or its counsel, as Nationwide Insurance may direct.

47.    Additionally, those letter agreements which were previously executed by Class Counsel and other individuals associated with Class Counsel, regarding the confidentiality of data and information supplied by Nationwide Insurance in connection with the negotiation of this Agreement and Settlement shall remain in full force and effect.

48.    No statement or agreement, whether in writing or otherwise, prior to the execution of this Agreement shall be valid or binding on the Parties hereto.

## **Release of Claims**

49.    If this Agreement and the Final Judgment become Final, as of that date, the Class Representatives and each Class Member who has not timely and properly opted out of this Settlement, and his, her or its heirs, successors, trustees, executors, administrators, principals, beneficiaries, representatives, attorneys, employees, agents, insureds, contractors, successors and assigns forever, release and discharge Nationwide Insurance and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees, agents, contractors, trustees or representatives from any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, known or unknown, fixed or contingent, including any extra-contractual claims or damages, damages at

law or in equity, fines, penalties of any kind or description which now exist or heretofore existed, which were or could have been alleged, or could hereafter be alleged, in the Action or in any other action, court, arbitration proceeding, tribunal or administrative body which arise out of or are based directly or indirectly upon the acts, transactions, occurrences, facts, sales and events and/or statutes, including any arising from this Agreement or any Settlement Payment made pursuant to this Agreement, which are alleged or could have been alleged in the Complaint or which could be hereafter alleged.

50.     Any Class Member that receives a Settlement Payment for a claim pursuant to this Agreement shall reimburse Nationwide Insurance if the Class Member had previously been paid and/or released that particular claim against Nationwide Insurance.  This amount is limited to the amount actually paid by Nationwide Insurance to that Class Member pursuant to this Settlement.

## Miscellaneous Provisions

51.     Notwithstanding anything in this Agreement to the contrary, all taxes, including interest or penalties with respect to any income earned by the Settlement Fund or the Attorney Fee Fund, including any that may be imposed upon Nationwide Insurance, and expenses and costs relating to filing or failing to file tax returns or other required filings, including without limitation fees and expenses of tax attorneys and/or accountants or consultants, shall be borne by and paid from the respective Settlement Fund or Attorney Fee Fund.

52.     The Parties and their counsel undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

53.     Neither this Agreement, approved or not approved, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of this Agreement is intended to be or shall be construed as or deemed to be evidence of an admission or concession by Nationwide Insurance of any liability or wrongdoing or the truth of any allegations in the Complaint, and none of them shall be admissible in evidence for any such purpose in this Action or any other proceeding, except that this Agreement and any Orders entered in connection therewith may be offered and received in connection with proceedings as may be necessary to consummate or enforce this Agreement and Settlement, including the release provided herein, or in any proceeding in which issues are presented which pertain to Nationwide Insurance's compliance with the Settlement or with any orders which may have been entered at any time in connection with this Settlement.

54.     By execution of this Agreement, Nationwide Insurance does not intend and shall not be deemed, to release, waive or prejudice any claim, assertion, position or defense that Nationwide Insurance may have against any party or Person in any Pending Litigation, or against any insurer or other party for any cost or expense hereunder, including attorneys' fees and costs. Further, this Agreement and any matters relating in any way to this Settlement shall not be disclosed, asserted or admissible for any purpose in any Pending Litigation.

55.     All proceedings with respect to the Settlement set forth in this Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of any claims submitted pursuant to this Agreement, shall be subject to the continuing jurisdiction of the Court.

56.     The Class Representatives, by their Counsel shall be entitled to reasonable confirmatory discovery of the information provided by Nationwide Insurance in effectuating this

Settlement, but only from reasonably accessible electronic data without further rule of Court. This discovery shall be comprised of affidavits to be provided by Nationwide Insurance which shall verify the information to be provided or shall verify that the information provided has been furnished to Nationwide Insurance by others and is believed by Nationwide Insurance to be accurate.

57.    Within sixty (60) days after the date that Nationwide Insurance and/or the Claims Administrator shall have mailed all Settlement Payments pursuant to this Agreement, Nationwide Insurance or the Settlement Administrator shall file with the Court a verified statement of its accounting with respect to payment of such Settlement Payments. Any Settlement Payment check not cashed within forty (40) days of the date it is mailed shall be void, and the allocated funds represented by the check shall remain part of the Settlement Fund, subject to ultimate distribution pursuant to the Final Judgment and the terms of this Agreement. Nationwide Insurance and the Settlement Administrator shall not be required to maintain a reserve for, reissue, or otherwise take any further action with regard to a Settlement Payment check that becomes void pursuant to the terms of this Agreement.

58.    All matters not specifically covered by the provisions of this Agreement shall be resolved by Agreement of Class Counsel and counsel for Nationwide Insurance, or if they cannot agree, by the Court.

59.    The service of papers and notices under this Agreement shall be made upon the Class Representatives and the Settlement Class by mailing such papers to:

Edward Zebersky, Esq.
Zebersky & Payne, L.L.P.
4000 Hollywood Blvd., Suite 400 North
Hollywood, FL 33021

and

Larry Kopelman, Esq.
Kopelman & Blankman
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL  33301

and upon Nationwide Insurance by mailing such papers to:

Curtis Cheyney, Esq.
Swartz Campbell, LLC
1601 Market Street, Floor 34
Philadelphia, PA  19103

and

John P. Marino, Esq.
Fowler White Boggs Banker P.A.
50 N. Laura Street, Suite 2200
Jacksonville, FL  32202

60.    This Agreement represents an integrated document negotiated and agreed to between the Parties and shall not be amended, modified or supplemented, nor shall any of its provisions be deemed to be waived, unless by written agreement signed by the respective attorneys for the Parties. This document has been drafted jointly and is not to be construed against any Party.

61.    This Agreement represents the entire and sole agreement negotiated and agreed to between the Parties to this Agreement.

62.    Each and every term of this Agreement shall be binding upon and inure to the benefit of the Class Representatives, the Class Members, and any and all of their successors, assigns, and personal representatives, and shall bind and inure to the benefit of Nationwide Insurance, and any and all of its successors, assigns or representatives which are intended to be the beneficiary of this Agreement.

63.    The Class Representatives represent and certify (i) that they have agreed to serve as representatives of the Settlement Class and Payment Sub-Classes proposed to be certified

38

herein; (ii) that they are familiar with the pleadings in the Action; (iii) that they are willing, able and ready to perform any of the duties and obligations of a representative of the Settlement Class and Payment Sub-Classes; (iv) that they have consulted with Class Counsel about the Action, the results of the fact finding in the Action, the form and substance of this Agreement and the obligations of a representative of the Settlement Class and Payment Sub-Classes; (v) that they have authorized Class Counsel to negotiate and enter into this Agreement on their behalf; and (vi) that they will remain and serve as representatives of the Settlement Class and Payment Sub-Classes until the earliest of the following three events: (a) the terms of this Agreement are effectuated, (b) this Agreement is terminated in accordance with its terms, or (c) the Court at any time determines that the Class Representatives cannot represent the Settlement Class or Payment Sub-Classes.

64.    Class Counsel and counsel for Nationwide Insurance each represent that they are authorized by their respective clients to enter into this Agreement, to take all steps contemplated by this Agreement, and to effect this Agreement on the terms and conditions stated herein, and further that they will take all steps on their respective clients' behalf contemplated by this Agreement.

65.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. Signatures transmitted by facsimile shall be deemed original signatures and photocopies of fully executed copies of this Agreement may be treated as originals.

66.    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

67.    Except to the extent that the Federal Rules of Civil Procedure govern, Florida law shall govern this Agreement and any documents prepared or executed pursuant to this Agreement.

**EXECUTED BY:**

**EXECUTED ON BEHALF OF NATIONWIDE INSURANCE BY:**

Print Name: _DAVID A. BANO_
Title: _VICE PRESIDENT - CLAIMS_

Date: _1/21/05_

STATE OF _Ohio_ )
                              ): SS
COUNTY OF _Franklin_ )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _David A. Bano_ who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

    WITNESS my hand and official seal in the County and State last aforesaid this _21_ day of _January_, 2005.

My commission expires: _9-5-2007_        Notary Public, State of _Ohio_

Commission No.: _27099_        Printed Name of Notary _Paul Wayne Bailey_

**PAUL WAYNE BAILEY**
Notary Public, State of Ohio
My Commission Expires 9-5-2007

40

**EXECUTED INDIVIDUALLY AND ON BEHALF OF THE SETTLEMENT CLASSES BY CLASS REPRESENTATIVES:**

SALVATORE D. LARUSSO, D.C.

Title: _PHysciuan_

Date: _1/25/05_

STATE OF _Florida_ )
                              ): SS
COUNTY OF _Palm Beach_ )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _SALVATORE LARUSSO_, who is <u>personally known to me</u>, or who is not personally known to me, but to whom an oath was administered, and who produced ___—___ No. ___—___, as identification, and executed the foregoing instrument.

WITNESS my hand and official seal in the County and State last aforesaid this 25th day of _January_, 2005.

My commission expires: _3/28/06_    Notary Public, State of _Florida_

Commission No.: _DD104359_    Printed Name of Notary _Jennifer Krivos_

Jennifer Krivos
Commission # DD104359
Expires March 28, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

41

**EXECUTED INDIVIDUALLY AND ON BEHALF OF THE
SETTLEMENT CLASSES BY CLASS REPRESENTATIVES:**

_____

AUGUSTINE JOSEPH, M.D.
Title: _____


Date: _01-24-05_


STATE OF _Florida_        )
                          ): SS
COUNTY OF _Orange_        )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared Dr. Joseph, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

    WITNESS my hand and official seal in the County and State last aforesaid this 24TH day of _Jan._, 2005.

My commission expires:                Notary Public, State of _Florida_

Commission No.:                       Printed Name of Notary _____

ANGELLA GONZALEZ
MY COMMISSION # DD 091508
EXPIRES: February 12, 2006
Bonded Thru Notary Public Underwriters

42

**EXECUTED INDIVIDUALLY AND ON BEHALF OF THE
SETTLEMENT CLASSES BY CLASS REPRESENTATIVES:**

_____

JOEL D. STEIN, D.O.
Title: _____

Date: _____

STATE OF _FLORIDA_____ )
                        ): SS
COUNTY OF _BROWARD___ )

     I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _____ K _____, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

     WITNESS my hand and official seal in the County and State last aforesaid this 28 day of January, 2005.

My commission expires: _____    Notary Public, State of _FLORIDA_____

Commission No.: _____    Printed Name of Notary: SANDRA L THOMAS

Sandra L. Thomas
Commission #DD269134
Expires: Nov 19, 2007
Bonded Thru
Atlantic Bonding Co., Inc.

2235815

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

                Plaintiffs,

    v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

                Defendants           01-8108

_____

SALVATORE D. LARUSSO, D.C., d/b/a FAMILY
CHIROPRACTIC CENTER, AUGUSTINE
JOSEPH, P.A., and JOEL D. STEIN, D.O. P.A., on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

    v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, et. al.,

                Defendants.

_____

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiff, Salvatore D. LaRusso, D.C. d/b/a Family Chiropractic Center ("LaRusso"),

Augustine Joseph, P.A. ("Joseph") and Joel D. Stein, D.O. P.A. ("Stein") and Defendants,

Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company,

Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company (sometimes collectively referred to as the "Parties"), have submitted for final approval a proposed settlement of this Action.

By an Order of Preliminary Approval dated _____, 2005, the Court preliminarily approved the proposed settlement by the Parties (the "Settlement") based on the terms and conditions of the Settlement Agreement and Stipulation (the "Settlement Agreement") jointly presented to the Court, subject to further consideration at the Fairness Hearing conducted on _____, 2005. In its Order of Preliminary Approval, the Court preliminarily certified the Action to proceed as a class action for settlement purposes only and preliminarily certified LaRusso, Joseph and Stein as representatives of the following Settlement Class and Payment Sub-Classes:

Settlement Class

All Persons[1] who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance[2] in Florida, either as an

---

[1] The term "Persons" includes individuals, corporations, proprietorships, businesses, business trusts, estates, trusts, partnerships, limited partnerships, limited liability companies, associations, joint ventures, governmental subdivisions, agencies or instrumentalities, or any other legal or commercial entities of any kind.

[2] The term "Nationwide Insurance" includes the following companies, as well as these companies' direct or indirect subsidiaries, that issued and underwrote automobile insurance in the State of Florida during the period from January 1, 1996 through November 30, 2004: Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company.

2

insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise paid, but not paid in full, during the Class Period.[3]

<u>627.736(10) Payment Sub-Class</u>

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on PPO reductions taken pursuant to Section 627.736(10), Florida Statutes during the Class Period.

<u>627.736(1) Payment Sub-Class</u>

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on UCR reductions taken pursuant to Section 627.736 (1), Florida Statutes during the Class Period.

<u>Chapter 627 Payment Sub-Class</u>

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full for reasons other than reductions taken pursuant to Sections 627.736(10) or 627.736(1), Florida Statutes during the Class Period.

Notwithstanding anything in this Final Approval Order and Judgment or the Settlement Agreement to the contrary, all claims or purported claims against Nationwide Insurance that (i) have been released or otherwise discharged prior to the date of the Order of Preliminary Approval dated _____, 2005, (ii) are expressly alleged in Pending Litigation[4] against

---

[3] The "Class Period" means the period from January 1, 1996 through November 30, 2004.

[4] "Pending Litigation" includes any suits or proceedings (other than this Action) pending in any Florida state or federal court (including applicable appellate courts) against Nationwide Insurance as of the date of the Order of Preliminary Approval seeking the payment of PIP benefits based on

Nationwide Insurance, or (iii) are claims by MRI service providers for consumer price index adjustments or for professional fees consolidated for payment in their billings to Nationwide Insurance are excluded from and shall not be part of the Settlement Class and Payment Sub-Classes, and shall not be otherwise included in the Settlement.

Also excluded from the Settlement Class and Payment Sub-Classes are: Nationwide Insurance, any parent, subsidiary, affiliate, or controlled person of Nationwide Insurance, as well as the officers, directors, agents, servants, and employees of Nationwide Insurance, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action.

The Court also ordered that the Notice of the proposed Settlement and the Proof of Claim in substantially the forms attached as Exhibits B and D to the Settlement Agreement be mailed to potential Class Members[5] no later than _____, 2005, by first-class mail, postage pre-paid, addressed to Class Members' last known address to the extent that such Class Members could be identified with reasonable diligence based upon the current records and electronic data reasonably available to Nationwide Insurance.

On _____, 2005, at _____ a.m., the Court conducted a Fairness Hearing to determine, among other things: (a) whether the proposed Settlement on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate; and (b) whether final

---

an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out of a PIP policy issued by Nationwide Insurance.

[5] The term "Class Members" means any and all Persons that comprise the Settlement Class and payment Sub-Classes defined in this Final Approval Order and Judgment.

4

judgment should be entered dismissing the Action on the merits and with prejudice, and without costs, except as specifically provided in the Settlement Agreement. All interested parties were afforded the opportunity to be heard. The Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set forth below, the Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved. Accordingly, the Court issues this Final Approval Order and Judgment, approves the Settlement and dismisses this Action on the merits and with prejudice as it relates to Nationwide Insurance:

1.     The Court has jurisdiction over the subject matter of this Action, and over all Parties to this Action, including all Class Members, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

2.     On _____, 2005, this Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this Action, this Court has considered, among other things, the Parties' Settlement Agreement, the extensive Court file in this Action, and the presentations by Class Counsel on behalf of the Class Representatives, and counsel for Nationwide Insurance in support of the fairness, reasonableness and adequacy of the Settlement. The Court approves the terms and provisions of the Settlement Agreement, and finds that it was entered into in good faith and is fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Class Members.

3.     As recognized in the Order of Preliminary Approval dated _____, 2005, this Court previously certified the Settlement Class and Payment Sub-Classes for

settlement purposes only, pursuant to Federal Rule of Civil Procedure 23, solely with respect to Nationwide Insurance, as identified above.

4.    The Court hereby affirms its decision certifying the Settlement Class and Payment Sub-Classes and approving the Settlement. The Court finds that the requirements for certification of the Settlement Class and Payment Sub-Classes pursuant to Federal Rule of Civil Procedure 23 have been met.

5.    In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process, the Federal Rules of Civil Procedure and applicable law. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and that it constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all Persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

6.    The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the Plaintiffs would prevail at trial; b) the range of possible recovery if the Plaintiffs prevailed at trial; c) the fairness of the Settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the Settlement; and f) the stage of proceedings at which the settlement was achieved. *Bennet v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 643 F. 2d 195 (5th Cir. 1981). The Court has considered the

6

submissions of the Parties, and the discovery and investigation by Class Counsel conducted during and prior to this Action, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues and the uncertainty associated with the pending appeal in the Eleventh Circuit, in conjunction with the conflicting state appellate decisions in the Florida District Courts of Appeal, the benefits available directly to the Class Members represent an excellent result that can be summarized as follows:

    A.    The Settlement creates a Settlement Fund of $9,875,000.00, from which Class Members are eligible to recover 80% of the difference between 80% of the amount billed and the amount paid by Nationwide Insurance to the Class Member, or 40% of the difference between the amount billed and the amount paid by Nationwide Insurance to the Class Member, depending upon the applicable Payment Sub-Class.

    B.    The Settlement includes the right to opt out, so that any Class Member can decline to participate in the Settlement.

    C.    The Settlement provides for a claim dispute resolution process available to Class Members.

    D.    The Settlement requires Nationwide Insurance to pay Class Counsel fees of up to $3,288,375.00, and reasonable costs and expenses of up to $15,000.00, in addition to and outside the Settlement Fund of $9,875,000.00.

7.    If the case were to proceed without settlement, the current appeal and possible resulting trial would be complex, lengthy and very expensive. The Settlement eliminates a substantial risk that the Settlement Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, Nationwide Insurance has defended this action vigorously and, absent the Settlement, by all indications would continue to do so

on appeal. Because of the resulting motion practice, possible trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits, which might not produce a better recovery than they have achieved in this Settlement. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount available to be received by the Class Members, plus attorneys' fees and costs, as set forth above is of substantial value to the Settlement Class and Payment Sub-Classes.

8.    In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was hard-fought and fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

9.    The Court hereby approves as timely submitted and valid, the requests for exclusion of the Class Members listed on Exhibit __ to the Affidavit of _____ filed on _____, 2005, and finds that they are not bound by any terms of this Final Approval Order and Judgment or the Settlement and shall not be entitled to participate in the proceeds of the Settlement or receive any benefits under it.

10.    This Final Approval Order and Judgment, and the terms and conditions of the Settlement Agreement, shall be binding on all Class Members (excluding those Class Members who timely submitted valid requests for exclusion as listed on Exhibit __ to the Affidavit of _____ filed on _____, 2005). All such Class Members,

8

and their heirs, successors, trustees, executors, administrators, principals, beneficiaries, representatives, attorneys, employees, agents, insureds, contractors, successors and assigns forever, hereby release and discharge Nationwide Insurance and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees, agents, contractors, trustees or representatives from any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, known or unknown, fixed or contingent, including any extra-contractual claims or damages, damages at law or in equity, fines, or penalties of any kind or description which now exist or heretofore existed, which were or could have been alleged, or could hereafter be alleged, in the Action or in any other action, court, arbitration proceeding, tribunal or administrative body which arise out of or are based directly or indirectly upon the acts, transactions, occurrences, facts, sales and events and/or statutes, including any arising from the Settlement Agreement or any payment made pursuant to the Settlement, which are alleged or could have been alleged in the Action or which could be hereafter alleged (the "Released Claims").

11.    All Class Members (excluding those Class Members who timely filed valid requests for exclusion as listed in Exhibit __ to the Affidavit of _____ filed on _____, 2005), are hereby barred and permanently enjoined from asserting any of the Released Claims against Nationwide Insurance in any court or forum whatsoever, and this Action is dismissed on the merits, with prejudice and without costs to any party, except as specifically provided in this Final Approval Order and Judgment

and in the Settlement Agreement.

12.     The Court finds that the law firms preliminarily approved as Class Counsel in its Order of
_____, 2005, are competent and experienced attorneys and have adequately
and aggressively represented the interests of the Settlement Class and Payment
Sub-Classes. The Court therefore certifies and appoints the law firms of Kopelman &
Blankman of Ft. Lauderdale, Florida; Lee & Amtzis of Ft. Lauderdale, Florida; Gold &
Coulson of Chicago, Illinois; Phillips & Garcia of Dartmouth, Massachusetts; and
Zebersky & Payne of Hollywood, Florida to serve as Class Counsel on behalf of the
Settlement Class and Payment Sub-Classes.

13.     The Settlement also provides that Nationwide Insurance will pay Class Counsel fees and
costs and expenses up to the amounts specified above. The Court finds attorneys' fees of
$_____ and costs and expenses of $_____ to Class Counsel to be
reasonable in view of the great risk associated with asserting these claims; the novelty and
difficulty of the questions involved; the excellent results achieved for the Settlement
Class and Payment Sub-Classes; the extensive time (four years) and effort it took to
achieve that result as verified by the submissions of Class Counsel; the experience,
reputation and ability of the attorneys; and the preclusion of other employment by the
attorneys due to acceptance of this case. Accordingly, a fee award of $_____
and costs and expenses of $_____ is approved and shall be paid in accordance with
the terms of the Settlement Agreement.

14.     The Court hereby certifies LaRusso, Joseph and Stein as Class Representatives of the
Settlement Class and respective Payment Sub-Classes defined in this Final Approval

Order and Judgment. The terms of the Settlement provide that Nationwide Insurance will pay incentive awards to the Class Representatives of up to $15,000.00 each. The Court finds that the payment by Nationwide Insurance of incentive awards to the Class Representatives of $_____ each is reasonable and hereby awards the Class Representatives, LaRusso, Joseph and Stein, incentive awards of $_____ each.

15.    The Court finds that the Parties and their counsel have expressed no opinion concerning the tax consequences of the Settlement to individual Class Members and have made no representations, warranties or other assurances regarding any such tax consequences. No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to any such tax consequences by virtue of the Settlement Agreement or by effectuating the Settlement, and the Parties and their counsel shall not be held liable or otherwise responsible for any such tax consequences that may occur.

16.    Capitalized terms used in this Final Approval Order and Judgment not otherwise defined herein have the meanings assigned to them in the Settlement Agreement.

17.    Nothing in this Final Approval Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement and/or this Final Approval Order and Judgment.

18.    Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Final Approval Order and Judgment and/or the Settlement Agreement.

19.    The Court finds that no just reason exists for delay in entering final judgment in

11

accordance with the Settlement Agreement.    Accordingly, the Clerk is hereby directed

forthwith to enter this  Final Approval Order and Judgment.

**DONE AND ORDERED** at Fort Lauderdale, Broward County, Florida, this _____ of

_____, 2005.


_____
William J. Zloch
Chief United States District Judge


Copies furnished to:  All counsel of record

2262252

12

.

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

Defendants                          01-8108

_____

SALVATORE D. LARUSSO, D.C., d/b/a FAMILY
CHIROPRACTIC CENTER, AUGUSTINE
JOSEPH, P.A., and JOEL D. STEIN, D.O. P.A., on
behalf of themselves and all others similarly
situated,

Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, et. al.,

Defendants.

_____

## NOTICE OF PENDENCY OF CLASS ACTION,
## PROPOSED SETTLEMENT AND HEARING

IF YOU HAVE SUBMITTED A CLAIM OR CLAIMS FOR HEALTH CARE BENEFITS UNDER
A PERSONAL INJURY PROTECTION INSURANCE POLICY ISSUED BY NATIONWIDE
INSURANCE IN FLORIDA, EITHER AS AN INSURED OR PURSUANT TO A VALID
ASSIGNMENT FROM AN INSURED, DURING THE PERIOD JANUARY 1, 1996 THROUGH
NOVEMBER 30, 2004, PLEASE READ THIS NOTICE CAREFULLY. THIS PROPOSED
CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.[1]

_____

[1] The term "Nationwide Insurance" includes the following companies, as well as these companies'
direct or indirect subsidiaries, that issued and underwrote automobile insurance in the state of
Florida during the period from January 1, 1996 through November 30, 2004: Nationwide Mutual

1.    WHY SHOULD YOU READ THIS NOTICE?

If you have submitted a claim or claims for health care benefits under a personal injury protection ("PIP") insurance policy issued by Nationwide Insurance in Florida, either as an insured or pursuant to a valid assignment from an insured, during the period from January 1, 1996 through November 30, 2004 (the "Class Period"), your rights may be affected by a proposed class action settlement (the "Settlement") with Salvatore D. LaRusso, D.C. d/b/a Family Chiropractic Center, Augustine V. Joseph, M.D., P.A. and Joel D. Stein, D.O., P.A. (the "Class Representatives"), on behalf of themselves and all others similarly situated, pending in the United States District Court for the Southern District of Florida, Civil Action No.: 01-8108-CV (part of Consolidated Case No. 00-6061-CV) (the "Action"), which is part of a number of consolidated class actions pending in the United States District Court for the Southern District of Florida (the "Court"). The Class Representatives have agreed to settle all claims against Nationwide Insurance in the Action in exchange for Nationwide Insurance's agreement to fund settlement payments to members of the Settlement Class[2] as set forth below.

The Court has scheduled a hearing to consider the fairness, reasonableness and adequacy of the Settlement with Nationwide Insurance, together with certain other matters, to be held at _____ on_____ , at the _____ Courthouse, _____ , Florida _____ (the "Fairness Hearing"). The Order scheduling the Fairness hearing also provides that it may be adjourned by the Court and that no additional notice will be provided to potential members of the Settlement Class other than an announcement in open court.

You may be a member of the Settlement Class and may therefore be eligible to receive benefits made available by the Settlement. As a member of the Settlement Class, however, you will also be bound by the release and other provisions of the Settlement if it is approved by the Court. You may elect to opt out of the Settlement Class and the Settlement, as explained below. You also have the right to object to the Settlement or to the applications for attorneys' fees and the Class Representatives' incentive awards that counsel for the Settlement Class intends to make to the Court, but only if you comply with the procedures described in this Notice.

2.    WHAT IS THIS LITIGATION ABOUT?

This Action has been brought by the Class Representatives against Nationwide Insurance. The Second Amended Class Action Complaint ("Complaint") alleges that Nationwide Insurance, among other acts and practices, improperly reduced payments to members of the Settlement Class ("Settlement Class Members"), including the Class Representatives, for PIP benefits based on the application of insurance cost containment adjustments and reductions to PIP medical expense claims, including the use of preferred provider organization ("PPO"), usual and customary ("UCR") and medical necessity reductions. The Complaint alleges that this conduct violates various Florida and federal statutes and also seeks recovery on various common law theories.

---

Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company.

[2] The Settlement Class and Payment Subclasses are defined below in paragraph 3 of this Notice.

Nationwide Insurance denies all allegations of fault, wrongdoing or liability in the Action and does not concede any infirmity in its defenses. Nationwide Insurance maintains that its acts and practices are, and always have been, in full compliance with all legal, contractual or other requirements.

This Action is one of several similar actions (the "Consolidated Actions") pending in the Court against several automobile insurers, which have been consolidated for certain purposes. Since the initial complaints were filed, substantial litigation has occurred in the Consolidated Actions.

3.     WHAT ARE THE TERMS OF THE SETTLEMENT?

The terms of the Settlement Agreement and Stipulation ("Settlement Agreement") are summarized in this Notice. A copy of the entire Settlement Agreement is available in the Court file, which can be reviewed at the Office of the Clerk of the Court, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, during regular business hours.

     a.     The Settlement Class and Payment Sub-Classes.

The Settlement is on behalf of the following Settlement Class and Payment Sub-Classes:

Settlement Class

All Persons[3] who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance in Florida, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise paid, but not paid in full, during the Class Period.

     627.736(10) Payment Sub-Class

     All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on PPO reductions taken pursuant to Section 627.736(10), Florida Statutes during the Class Period.

     627.736(1) Payment Sub-Class

     All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on UCR reductions taken pursuant to Section 627.736 (1), Florida Statutes during the Class Period.

---

[3] The term "Person(s)" includes individuals, corporations, proprietorships, businesses, business trusts, estates, trusts, partnerships, limited partnerships, limited liability companies, associations, joint ventures, governmental subdivisions, agencies or instrumentalities, or any other legal or commercial entities of any kind.

Chapter 627 Payment Sub-Class

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full for reasons other than reductions taken pursuant to Sections 627.736(10) or 627.736(1), Florida Statutes during the Class Period.

Notwithstanding anything in this Notice or the Settlement Agreement to the contrary, all claims or purported claims against Nationwide Insurance that (i) have been released or otherwise discharged prior to _____, (ii) are expressly alleged in Pending Litigation[4] against Nationwide Insurance, or (iii) are claims by MRI service providers for consumer price index adjustments or for professional fees consolidated for payment in their billings to Nationwide Insurance are excluded from and shall not be part of the Settlement Class and Payment Sub-Classes, and shall not be otherwise included in the Settlement.

Also excluded from the Settlement Class and Payment Sub-Classes are: Nationwide Insurance, any parent, subsidiary, affiliate, or controlled person of Nationwide Insurance, as well as the officers, directors, agents, servants, and employees of Nationwide Insurance, and the immediate family members of such persons. Also excluded is any trial judge who may preside over the Action.

b.      The Settlement Consideration.

If the Settlement is approved by the Court, the Settlement Agreement provides for benefits to be made available by Nationwide Insurance to Settlement Class Members.

Pursuant to the Settlement, Nationwide Insurance has agreed to pay timely, complete and valid claims made by Settlement Class Members not to exceed an aggregate amount of Nine Million Eight Hundred Seventy-Five Thousand Dollars ($9,875,000.00) (the "Settlement Fund"). If the Settlement is approved by the Court, Settlement Class Members will be eligible to receive payments from the Settlement Fund in accordance with formulas summarized below. Unless the total amount of certain claims exceed specified amounts, Settlement Class Members who submit timely, complete and valid proof of claim forms will be entitled to the full amounts described below. If the total amount of certain claims exceed specified amounts, as further explained below, Settlement Class Members who submit timely, complete and valid proof of claim forms will be entitled to a pro rata share of the Settlement Fund as described below.

---

[4] "Pending Litigation" includes any suits or proceedings (other than the Action) pending in any Florida state or federal court (including applicable appellate courts) against Nationwide Insurance as of _____ seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out of a PIP policy issued by Nationwide Insurance.

4

c.    Proof of Claim and Settlement Payment.

Each Settlement Class Member that submits a timely, complete and valid proof of claim shall be entitled to payment from the Settlement Fund ("Settlement Payment") in accordance with the terms of the Settlement Agreement, calculated as summarized below. Each Settlement Class Member shall be entitled to a percentage reimbursement of the reductions taken by Nationwide Insurance during the Class Period, as described below, and conditioned upon the Settlement Class Member's timely submission of a completed and valid proof of claim. Each Settlement Class Member shall be eligible to be a member of only one Payment Sub-Class for each claim submitted.

No attorneys' fees, interest, costs or any additional sums of any kind shall be paid to any Settlement Class Member, other than those attorneys' fees and costs paid to counsel for the Settlement Class as provided in the Settlement Agreement and described below. Any payments made pursuant to this Settlement shall be made only to the Settlement Class Member directly. Subject to the foregoing, Settlement Class Members are eligible to receive one of the following payments:

### 627.736(10) Payment Sub-Class Members

80% of the difference between (a) eighty percent (80%) of the amount billed by the health care provider, and (b) the amount paid by Nationwide Insurance to the Settlement Class Member after application of a reduction (i.e., if the billed amount was $1,000.00 and Nationwide Insurance paid $600.00, the reimbursement amount would be $160 ($1,000 x 80% = $800 - $600 = $200 x 80% = $160).

### 627.763(1) Payment Sub-Class Members

40% of the difference between (a) eighty percent (80%) of the amount billed by the health care provider, and (b) the amount paid by Nationwide Insurance to the Settlement Class Member after application of a reduction (i.e., if the billed amount was $1,000.00 and Nationwide Insurance paid $600.00, the reimbursement amount would be $80 ($1,000 x 80% = $800 - $600 = $200 x 40% = $80).

### 627 Payment Sub-Class Members

40% of the difference between (a) eighty percent (80%) of the amount billed by the health care provider, and (b) the amount paid by Nationwide Insurance to the Settlement Class Member after application of a reduction (i.e., if the billed amount was $1,000.00 and Nationwide Insurance paid $600.00, the reimbursement amount would be $80 ($1,000 x 80% = $800 - $600 = $200 x 40% = $80).

If the total amount of claims submitted by 627.736(10) Payment Sub-Class Members is greater than $5,104,000 plus the accumulated interest, less an equal 50% share of any administration expenses in excess of $500,000, if any, claims to 627.736(10) Payment

Sub-Class Members will be paid on a *pro rata* basis to 627.736(10) Payment Sub-Class Members who submitted a complete, timely and valid proof of claim.

If the total of all claims submitted by 627.736(1) and 627 Payment Sub-Class Members is greater than $4,771,000 plus the accumulated interest, less an equal 50% share of any administration expenses in excess of $500,000, if any, claims to 627.736(1) and 627.736 Payment Sub-Class Members will be paid on a *pro rata* basis to 627.736(1) and 627.736 Payment Sub-Class Members who submitted a complete, timely and valid proof of claim.

d.    The Release and Dismissal with Prejudice.

In exchange for the consideration provided by Nationwide Insurance, and if the Court approves the Settlement, the Action will be dismissed on the merits and with prejudice as to Nationwide Insurance. In addition, Nationwide Insurance will receive a release and discharge from the Settlement Class (which will not include Settlement Class Members who timely elect to opt out of the Settlement as provided below). The release will release and discharge Nationwide Insurance and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees, agents, contractors, trustees or representatives from any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, known or unknown, fixed or contingent, including any extra-contractual claims or damages, damages at law or in equity, fines, penalties of any kind or description which now exist or heretofore existed, which were or could have been alleged, or could hereafter be alleged, in the Action or in any other action, court, arbitration proceeding, tribunal or administrative body which arise out of or are based directly or indirectly upon the acts, transactions, occurrences, facts, sales and events and/or statutes, including any arising from the Settlement Agreement or any payment made pursuant to the Settlement, which are alleged or could have been alleged in the Complaint or which could be hereafter alleged.

4.    WHAT WILL HAPPEN AT THE FAIRNESS HEARING?

At the Fairness Hearing, the Court may consider several different issues, including the following: (a) whether the Settlement is fair, reasonable, and adequate to members of the Settlement Class; (b) whether it should certify the Settlement Class and Payment Sub-Classes pursuant to Federal Rule of Civil Procedure 23; (c) whether to enter orders that would prevent members of the Settlement Class from asserting certain claims against Nationwide Insurance in the future; (d) whether to approve the application for payment of incentive awards to the Class Representatives to be paid by Nationwide Insurance; and (e) whether to approve the application by counsel for the Settlement Class for attorneys' fees and costs to be paid by Nationwide Insurance.

5.    CAN I OBJECT AND PARTICIPATE IN THE FAIRNESS HEARING?

Anyone who does not opt out of the Settlement Class may object in writing to the Settlement, the Settlement Agreement, the application by counsel for the Settlement Class for attorneys' fees and costs, the application for payment of incentive awards to the Class Representatives or the other matters to be considered at the Fairness Hearing and may appear and present such objections. You may appear yourself or through your own attorney hired at your expense. In order to object and

appear at the Fairness Hearing, however, you or your attorney acting on your behalf must do the following **ON OR BEFORE** _____, **2005:**

a.    To object, file with the Court and serve on counsel your written objection(s). Your filing must include: (1) the case name and number (*Larusso, et. al. v. Nationwide Mutual Insurance Co., et al.*, Consolidated Case No. 00-6061-CIV-ZLOCH); (2) your name, address and telephone number; (3) a description of the claim or claims that make you a Settlement Class member, together with an assignment of benefits (if you are not a Nationwide Insurance insured) from a Nationwide Insurance insured demonstrating your standing to set forth any objections to the Settlement; and (4) a statement of your objection(s), the factual and legal basis for each objection, and the names of all witnesses and a copy of all documents that you intend to rely upon.

b.    To appear at the Fairness Hearing, file with the Court and serve on counsel (1) your objection(s) as described above; and (2) a Notice of Intention to Appear identifying who will be appearing and on whose behalf.

Filings with the Court of your original objection(s) and Notice of Intention to Appear must be directed to [insert clerk's information].

To serve your objection(s) and Notice of Intention to Appear on counsel you must send complete copies, by first-class mail, postage pre-paid, to all of the following counsel:

Edward Zebersky, Esq.              Larry Kopelman, Esq.
Zebersky & Payne, LLP             Kopelman & Blankman, P.A.
4000 Hollywood Boulevard,      350 East Las Olas Blvd, #980
Ste. 400N                                 Fort Lauderdale, FL 33301
Hollywood, FL  33021-6789

Curtis Cheyney, Esq.               John P. Marino, Esq.
Swartz Campbell, LLC             Fowler White Boggs Banker  P.A.
1601 Market Street, Flr. 34      50 N. Laura Street, Suite 2200
Philadelphia, PA  19103          Jacksonville, FL  32202

If you do not comply with the foregoing procedures and deadlines for submitting written objections and/or appearing at the Fairness Hearing, you may lose substantial legal rights, including but not limited to, the right to appear at the Fairness Hearing; the right to contest the approval of the Settlement or the application for an award of attorneys' fees and costs to counsel for the Settlement Class; the right to contest the approval of the application for incentive awards to the Class Representatives; and the right to contest any other orders or judgments of the Court entered in connection with the Settlement.  If the Court does not approve the Settlement, the Settlement Agreement will be null and void.

5.     <u>HOW DO I SUBMIT A PROOF CLAIM</u>?

The Settlement contemplates certain Settlement Payments to Class Members as summarized above. To be eligible to receive a Settlement Payment, Settlement Class Members must mail a timely, complete and valid proof of claim to the Settlement Administrator addressed as follows:

        Settlement Administrator

        _____

        _____

**IN ORDER TO BE ENTITLED TO RECEIVE ANY SETTLEMENT PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN A PROOF OF CLAIM AND MAIL THE PROOF OF CLAIM, WITH SUFFICIENT POSTAGE PREPAID, TO THE SETTLEMENT ADMINISTRATOR AS SET FORTH ABOVE. THE ENVELOPE CONTAINING YOUR PROOF OF CLAIM MUST BE POST-MARKED BY NO LATER THAN _____. IF YOU DO NOT MAIL YOUR PROOF OF CLAIM BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED ANY RIGHT TO RECEIVE ANY SETTLEMENT PAYMENT FROM THE SETTLEMENT FUND. SETTLEMENT PAYMENTS WILL BE MADE ONLY TO SETTLEMENT CLASS MEMBERS DIRECTLY. A SEPARATE PROOF OF CLAIM MUST BE SUBMITTED FOR EACH CLAIM A SETTLEMENT CLASS MEMBER SUBMITS. A PROOF OF CLAIM MAY NOT BE MADE AND WILL NOT BE ACCEPTED VIA FACSIMILE OR ELECTRONIC TRANSMISSION.**

6.     <u>WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT</u>?

If you do **not** want to be a member of the Settlement Class and participate in the Settlement, then **BY NO LATER THAN _____, 2005**, you must send a signed statement indicating that you are electing to opt out of the Settlement. The statement must also include your name, address, telephone number and social security or federal tax identification number. If the election to opt out is being submitted by or on behalf of a business or entity, the signed statement must include the full name of the entity, the address of the entity, and the name and title of the person filing the election on the entity's behalf. Your complete signed election to opt out must be mailed, with sufficient postage prepaid, to the Settlement Administrator addressed as follows:

        Settlement Administrator

        _____

        _____

**TO BE TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR COMPLETED SIGNED ELECTION TO OPT OUT MUST BE POST-MARKED BY NO**

**LATER THAN _____, 2005. IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT, INCLUDING THE RELEASE AND DISMISSAL WITH PREJUDICE DESCRIBED ABOVE.**

If you choose to opt out of the Settlement and the Settlement Class, you will not be entitled to object to the Settlement or to receive any benefits of the Settlement, including any Settlement Payment from the Settlement Fund. You will not be bound by any orders or judgments entered in the Action if the Settlement is approved and will be free to pursue any claims that you believe you have against Nationwide Insurance.

7.     WHAT ABOUT ATTORNEYS' FEES AND EXPENSES?

Since the beginning of this litigation, counsel for the Settlement Class in the Action have not received any payment for their services in prosecuting the Action, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the Settlement, counsel for the Settlement Class will apply to the Court for an award of attorneys' fees, including costs and expenses. In the Settlement Agreement, Nationwide Insurance has agreed not to oppose such an application in the aggregate amount of up to 33-1/3 percent of the amount of the Settlement Fund. If the Court awards Plaintiffs' attorneys' fees and expenses in an amount no greater than that amount, Nationwide Insurance will pay the amount awarded by the Court to counsel for the Settlement Class. This payment is in addition to the consideration made available to Settlement Class Members that is described above and will not reduce the amount available to Settlement Class Members if the Settlement is approved.

8.     WHAT ARE THE CLASS REPRESENTATIVES' INCENTIVE AWARDS?

In addition to the application for attorneys' fees and expenses described in the preceding section, in connection with the Court's consideration of the Settlement, the Class Representatives intend to seek an award from the Court in the amount of up to $15,000.00 each, which, if awarded, would be paid to them in addition to the consideration made available to Settlement Class Members that is described above. In the Settlement Agreement, Nationwide Insurance has agreed not to oppose such an application up to $15,000.00 each. If the Court awards the Class Representatives up to that amount, Nationwide Insurance will pay such amount to the Class Representatives.

9.     WHO CAN I CONTACT WITH QUESTIONS?

If you have questions regarding this Notice, the Proof of Claim form provided with this Notice, the Settlement with Nationwide Insurance or the Action generally, you can obtain additional information from the following sources:

Settlement Administrator

_____

_____

_____

9

Counsel for the Settlement Class:

Phillips & Garcia, LLP
Carlin Phillips, Esq.
13 Ventura Drive
N. Dartmouth, MA  02747

e-mail:  cphillips@phillipsgarcia.com

Kopelman & Blankman, P.A.
Larry Kopelman, Esq.
Douglas Blankman, Esq.
350 East Las Olas Boulevard , # 980
Fort Lauderdale, FL 33301
e-mail:  DAB@Kopelblank.com


**PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE.**


11.    TAX CONSEQUENCES.

The relief described above could have tax consequences for you.  Those tax consequences may vary, depending upon your individual circumstances.  You should consult your own tax advisor regarding any tax consequences of the Settlement, including any payments or benefits provided under the Settlement, and any tax reporting obligations you may have with respect thereto.  The parties make no representations, and assume no responsibility, with respect to any tax consequences that may occur.

12.    REQUEST TO FORWARD THIS NOTICE.

If you have assigned any claims that might be covered by the Settlement or be released as described above, please forward this notice to the appropriate person as soon as possible.


Dated _____, 2005.


BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA


2274262

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

                    Plaintiffs,

        v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

                    Defendants                    01-8108

_____

SALVATORE D. LARUSSO, D.C., d/b/a FAMILY
CHIROPRACTIC CENTER, AUGUSTINE
JOSEPH, P.A., and JOEL D. STEIN, D.O. P.A., on
behalf of themselves and all others similarly
situated,

                    Plaintiffs,

      v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

                    Defendant.

_____

## ORDER OF PRELIMINARY APPROVAL

        This matter is before the Court upon the parties' Joint Motion for Preliminary Approval of

Settlement (D.E. # ___), filed on _____, 2005 (the "Joint Motion"). The Court having reviewed

and considered the terms and conditions of the proposed settlement as set forth in the Settlement

Agreement and Stipulation submitted with the Joint Motion (the "Settlement") and all prior

proceedings in this Action, and having heard argument of counsel and being otherwise fully advised in the premises, finds that good cause for this Order has been shown. It is therefore

**ORDERED:**

1.    The Court has jurisdiction over the subject matter of this Action, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and over the parties and the Class Members.[1]

2.    The terms of the Settlement Agreement and Stipulation (the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing as provided below. The Court further finds that the Settlement resulted from extensive arm's-length negotiations and is sufficiently within the range of reasonableness to warrant the preliminary certification of the Settlement Class and Payment Sub-Classes (as defined in this Order), the scheduling of the Fairness Hearing, and the providing of Notice to Class Members, each as provided for in this Order and the Settlement Agreement.

**Conditional Certification of the Settlement Class and Payment Sub-Classes**

3.    For purposes of settlement of the Action (and only for such purposes and without an adjudication on the merits), and pursuant to Federal Rule of Civil Procedure 23, this Action is preliminarily certified as a class action on behalf of the following Settlement Class and Payment Sub-Classes:

_____

[1] The term "Class Members" means any and all Persons that comprise the Settlement Class and Payment Sub-Classes defined in this Order.

2

<u>Settlement Class</u>

All Persons[2] who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance[3] in Florida, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise paid, but not paid in full, during the Class Period.[4]

> <u>627.736(10) Payment Sub-Class</u>
>
> All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on PPO reductions taken pursuant to Section 627.736(10), Florida Statutes during the Class Period.
>
> <u>627.736(1) Payment Sub-Class</u>
>
> All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on UCR reductions taken pursuant to Section 627.736 (1), Florida Statutes during the Class Period.
>
> <u>Chapter 627 Payment Sub-Class</u>
>
> All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid

---

[2]The term "Persons" includes individuals, corporations, proprietorships, businesses, business trusts, estates, trusts, partnerships, limited partnerships, limited liability companies, associations, joint ventures, governmental subdivisions, agencies or instrumentalities, or any other legal or commercial entities of any kind.

[3] The term "Nationwide Insurance" includes the following companies, as well as these companies' direct or indirect subsidiaries, that issued and underwrote automobile insurance in the State of Florida during the period from January 1, 1996 through November 30, 2004: Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company.

[4] The "Class Period" means the period from January 1, 1996 through November 30, 2004.

assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full for reasons other than reductions taken pursuant to Sections 627.736(10) or 627.736(1), Florida Statutes during the Class Period.

Notwithstanding anything in this Order or the Settlement Agreement to the contrary, all claims or purported claims against Nationwide Insurance that (i) have been released or otherwise discharged prior to the date of this Order, (ii) are expressly alleged in Pending Litigation[5] against Nationwide Insurance, or (iii) are claims by MRI service providers for consumer price index adjustments or for professional fees consolidated for payment in their billings to Nationwide Insurance are excluded from and shall not be part of the Settlement Class and Payment Sub-Classes, and shall not be otherwise included in the Settlement. Also excluded from the Settlement Class and Payment Sub-Classes are: Nationwide Insurance, any parent, subsidiary, affiliate, or controlled person of Nationwide Insurance, as well as the officers, directors, agents, servants, and employees of Nationwide Insurance, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action.

4.     Plaintiffs Salvatore D. LaRusso, D.C., Augustine V. Joseph, M.D., and Joel D. Stein, D.O. P.A. (the "Class Representatives") are each preliminarily appointed as representatives of the Settlement Class and respective Payment Sub-Classes. This conditional certification of the Settlement Class and Payment Sub-Classes and appointment of the Class Representatives is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated pursuant to its

---

[5] "Pending Litigation" includes any suits or proceedings (other than this Action) pending in any Florida state or federal court (including applicable appellate courts) against Nationwide Insurance as of the date of this Order seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in

4

terms or for any other reason, or if the Settlement is not approved or is not consummated for any

reason, the foregoing preliminary certification of the Settlement Class and Payment Sub-Classes and

appointment of the Class Representatives shall be null and void and of no further effect and shall not

be used or referred to for any purpose in this Action or any other action or proceeding, and the parties

shall be returned to the status each occupied before execution of the Settlement Agreement and entry

of this Order, without prejudice to any legal argument that any of the parties might have asserted or

may hereafter assert in this Action.  The Court notes that, because the preliminary certification of the

Settlement Class and Payment Sub-Classes is in connection with the Settlement rather than litigation,

the Court need not resolve the issues of manageability.

## **Fairness Hearing; Right to Appear and Object**

5.    A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place

before the undersigned Judge at the _____ Courthouse, Courtroom ____, at

_____, on _____ to determine:

a.    whether the Court should certify the Settlement Class and Payment

Sub-Classes and whether the Class Representatives and their counsel have adequately represented

the Settlement Class and Payment Sub-Classes;

b.    whether the Settlement, on the terms and conditions provided for in the

Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

c.    whether the Action should be dismissed on the merits and with prejudice as to

Nationwide Insurance;

d.    whether the Court should permanently enjoin the assertion of any claims that

connection therewith) or any contract or declaratory judgment action arising out of a PIP policy
issued by Nationwide Insurance.

arise from or relate to the subject matter of this Action, and/or are released pursuant to the Settlement Agreement, against Nationwide Insurance;

        e.      whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

        f.      whether the applications for incentive awards to be submitted by the Class Representatives should be approved; and

        g.      such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class.

      6.      Any Class Member who has not timely and properly submitted an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Fairness Hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before the Opt Out and Objection Deadline, such person:

        a.      files with the Court a notice of their intention to appear, together with a general statement setting forth their objections and the factual and legal basis for their objections. The statement must also contain the names of all witnesses and a copy of all documents that such person intends to rely upon at the Fairness Hearing;

        b.      files a copy of a valid assignment of benefits (if they are not a Nationwide Insurance insured) from a Nationwide Insurance insured demonstrating their standing to set forth any objections to the Settlement; and

      c.     serves copies of all such materials by first-class mail, postage prepaid, upon the following counsel:

Counsel for the Settlement Class:

Edward Zebersky, Esq.
Zebersky & Payne, LLP
4000 Hollywood Boulevard
Suite 400N
Hollywood, FL 33021-6789

Larry Kopelman, Esq.
Kopelman & Blankman, P.A.
350 East Las Olas Boulevard, #980
Ft. Lauderdale, FL  33301

and

Counsel for Nationwide Insurance:

Curtis P. Cheyney, Esq.
Swartz Campbell, LLC
1601 Market Street, Floor 34
Philadelphia, PA  19103

John P. Marino, Esq.
Fowler White Boggs Banker P.A.
50 N. Laura Street, Suite 2200
Jacksonville, FL  32202

      7.     The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

## Form and Timing of Notice

      8.     As soon as practicable after entry of this Order, but no later than 30 days after entry of this Order, Nationwide Insurance or the Settlement Administrator shall send potential Class

Members a Notice and Proof of Claim form, substantially in the form of Exhibits B and D to the Settlement Agreement, the forms of which are hereby approved. The Notice and Proof of Claim form shall be sent by first-class mail, postage pre-paid, addressed to Class Members' last known address, to the extent that they can be identified with reasonable diligence based upon the current records and electronic data reasonably available to Nationwide Insurance.

9.    At or prior to the Fairness Hearing, Nationwide Insurance and/or the Settlement Administrator shall file a sworn statement attesting to compliance with the preceding paragraph. The cost of providing the Notice and Proof of Claim form as specified in this Order shall be paid as set forth in the Settlement Agreement.

10.    The Notice to be provided as set forth in this Order is hereby found to be the best means of notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons entitled thereto, and meets the requirements of due process, the Federal Rules of Civil Procedure and applicable law.

**Ability of Class Members to Opt Out of the Settlement**

11.    All Class Members who wish to opt out of the Settlement must do so by sending a signed statement, indicating that they are electing to opt out of the Settlement Class and Settlement, to the Settlement Administrator at the address set forth in the Notice to be provided as set forth in this Order. The signed statement must contain the Class Member's name, address, telephone number and social security or federal tax identification number. If the election to opt out is being submitted by or on behalf of a business or entity, the signed statement must include the full name of the entity, the address of the entity, and the name and title of the person filing the election on the entity's behalf. To be considered timely and thereby effectively exclude a Class Member from the Settlement Class

and Settlement, the envelope delivering a completed opt out request for such Class Member must be post-marked by no later than the Opt Out and Objection Deadline. The Settlement Administrator shall file with the Court (under seal or as may otherwise be ordered by the Court to protect personal information) all timely elections to opt out received by the Settlement Administrator no later than fifteen (15) days after the Opt Out and Objection Deadline.

12.    Any potential member of the Settlement Class that does not properly and timely opt out of the Settlement Class shall be included in such Settlement Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to Sue described therein, whether or not such Person shall have objected to the Settlement and whether or not such Person makes a claim for benefits or relief available to Class Members under the Settlement Agreement.

**Other Provisions**

13.    Capitalized terms used in this Order that are not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

14.    Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any state or federal court or other forum against Nationwide Insurance seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out of a PIP policy issued by Nationwide Insurance (the "Stay

9

Order"). The statute of limitations and all other time limits, including without limitation any time limits to pay or otherwise respond to notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida statutes, shall be tolled during this injunction period.

15.    The Stay Order shall expire five days after the Opt Out and Objection Deadline as to any Class Member that submits a timely and complete election to opt out of the Settlement on or before the Opt Out and Objection Deadline.

16.    No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement, or by any Class Members or other parties, other than as may be directed by the Court upon a proper showing seeking such discovery by motion properly noticed and served in accordance with the governing Federal Rules of Civil Procedure and Local Rules of the Court.

17.    If the Net Opt Outs exceeds seven percent (7%) of the Gross Settlement Class Membership, Nationwide Insurance may, in its sole discretion, terminate the Settlement Agreement and all the obligations set forth therein. In such case, the Parties shall return to their pre-settlement status with all their rights and defenses unaffected and undiminished by the Settlement Agreement or any orders or proceedings in connection therewith. In such circumstances no facts of the Settlement Agreement or evidence of intent of settlement shall be admissible in this Action or any other proceeding.

18.    Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Class Representatives, Class Members, Nationwide Insurance, or any other Person of liability or wrongdoing by them, or that the claims and defenses

10

that have been, or could have been, asserted in the Action are or are not meritorious, and neither the

Settlement Agreement nor any such communications or proceedings in connection therewith shall be

offered or received in evidence in this Action or any other action or proceeding, or be used or

asserted in any way as an admission, concession or evidence of any matter whatsoever.

19.    In the event that the Settlement Agreement is terminated or is not consummated for

any reason, this Settlement and all proceedings had in connection therewith shall be null and void,

except to the extent expressly provided to the contrary in the Settlement Agreement, and without

prejudice to the rights of the parties to the Settlement Agreement as set forth in the Settlement

Agreement.

**DONE AND ORDERED** at Fort Lauderdale, Broward County, Florida, this ____ day of

_____, 2005.

_____
WILLIAM J. ZLOCH
CHIEF UNITED STATES DISTRICT JUDGE

Copies furnished to:  All counsel of record

2265123

11

.

# EXHIBIT "D"

## PROOF OF CLAIM

DEADLINE FOR SUBMISSION: _____

Capitalized terms have the meanings set forth in the enclosed Notice of Pendency of Class Action, Proposed Settlement and Hearing.

If you submit a Proof of Claim that is incomplete or inaccurate, it may be rejected, and you may be precluded from receiving a Settlement Payment.

Please do not mail or deliver this form to the Court.  In addition, please do not telephone the Judge or Clerk of the Court, your insurance agent, or any representatives of Nationwide Insurance.

As described in the enclosed Notice of Pendency of Class Action, Proposed Settlement and Hearing, Settlement Class Members who properly complete and timely submit a valid Proof of Claim will be entitled to receive a Settlement Payment.  Settlement Payments will be based upon the terms and formulas set forth in the Settlement Agreement and summarized in the enclosed Notice of Pendency of Class Action, Proposed Settlement and Hearing.

To be eligible to receive a Settlement Payment, you must complete this form.  **You must copy this form and submit a separate completed form for each patient and/or claim number that you believe qualifies for a Settlement Payment under the Settlement.** Claims are subject to verification based upon the records of Nationwide Insurance.

## PART I:  CLAIMANT INFORMATION

**PLEASE PROVIDE THE FOLLOWING INFORMATION.   YOU ARE REQUIRED TO PROVIDE THIS INFORMATION.  PLEASE TYPE OR PRINT LEGIBLY.**

Name of Claimant (Provider or Insured):_____

If Claimant is a Business or other Entity, Full Business Name of the Entity:

_____

If Claimant is a Business or other Entity, Name, Address and Title of Person Submitting this Proof of Claim on Behalf of the Entity:

_____

Claimant Social Security or Tax Identification Number:_____

Claimant Street Address:_____

City:_____State: _____Zip Code:_____

Claimant Telephone Contact Number(s):

Daytime: (\_\_\_) \_\_\_-_____        Evening: (\_\_\_) \_\_\_-_____

## PART II: YOUR CLAIM

UNDER THE TERMS OF THE PROPOSED SETTLEMENT, YOU ARE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT IF YOU ARE A MEMBER OF THE FOLLOWING SETTLEMENT CLASS AND ONE OF THE FOLLOWING PAYMENT SUBCLASSES:

Settlement Class

All persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance in Florida, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise paid, but not paid in full, during the Class Period.

627.736(10) Payment Sub-Class

All persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on PPO reductions taken pursuant to Section 627.736(10), Florida Statutes during the Class Period.

627.736(1) Payment Sub-Class

All persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on UCR reductions taken pursuant to Section 627.736(1), Florida Statutes during the Class Period.

2

Chapter 627 Payment Sub-Class

All persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full for reasons other than reductions taken pursuant to Sections 627.736(10) or 627.736(1), Florida Statutes during the Class Period.

Notwithstanding anything in this Proof of Claim form, the Notice of Pendency of Class Action, Proposed Settlement and Hearing or the Settlement Agreement to the contrary, all claims or purported claims against Nationwide Insurance that (i) have been released or otherwise discharged prior to _____, (ii) are expressly alleged in Pending Litigation against Nationwide Insurance, or (iii) are claims by MRI service providers for consumer price index adjustments or for professional fees consolidated for payment in their billings to Nationwide Insurance are excluded from and shall not be part of the Settlement Class and Payment Sub-Classes, and shall not be otherwise included in the Settlement.

Also excluded from the Settlement Class and Payment Sub-Classes are: Nationwide Insurance, any parent, subsidiary, affiliate, or controlled person of Nationwide Insurance, as well as the officers, directors, agents, servants, and employees of Nationwide Insurance, and the immediate family members of such persons. Also excluded is any trial judge who may preside over the Action.

**PLEASE PROVIDE THE FOLLOWING INFORMATION.    YOU ARE REQUIRED TO PROVIDE THIS INFORMATION.**

1.  Under the terms of the proposed Settlement, you are eligible to receive a Settlement Payment if you are a health care provider and provided medical services or products to a person(s) insured by Nationwide Insurance for which you were paid by Nationwide Insurance less than 80% of the billed amount during the Class Period. If you are a health care provider, please confirm the information contained in one of the following two boxes by checking the appropriate box:

    [ ] I am a health care provider and affirm that I provided medical services or products to a person(s) insured by Nationwide Insurance for which I was paid by Nationwide Insurance less than 80% of the billed amount during the Class Period.

    [ ] I am a health care provider and I did not provide health care services or products to a person insured by Nationwide Insurance for which I was

3

paid by Nationwide Insurance less than 80% of the billed amount during the Class Period.

2.  If you are not a health care provider, please confirm the information contained in the box below by checking the box:

    [ ] I am not a health care provider and affirm that I was insured by Nationwide Insurance and was paid by Nationwide Insurance less than 80% of the billed amount for medical services or products during the Class Period.

3.  Under the terms of the proposed Settlement, you are not eligible to receive a Settlement Payment if you are a health care provider and do not have an assignment of benefits from a person who was insured by Nationwide Insurance to whom you provided health care products or services and for which you were paid less than 80% of the billed amount during the Class Period. If you are a health care provider, please confirm the information contained in one of the following two boxes by checking the appropriate box:

    [ ] I verify that (i) I am a health care provider and member of the Settlement Class, (ii) upon information and belief, I have an assignment(s) of benefits from a person(s) who was insured by Nationwide Insurance to whom I provided health care products or services and for which I was paid by Nationwide Insurance less than 80% of the billed amount during the Class Period, and (iii) with regard to the patient and/or claim number referenced in this Proof of Claim, I do not have Pending Litigation against Nationwide Insurance, nor have I discharged or released Nationwide Insurance or its insured, in connection with such health care products or services.

    [ ] I do not have an assignment(s) of benefits from a person who was insured by Nationwide Insurance to whom I provided health care products or services and for which I was paid by Nationwide Insurance less than 80% of the billed amount during the Class Period.

4.  If you are not a health care provider, please confirm the information contained in the box below by checking the box:

    [ ] I verify that (i) I am not a health care provider, (ii) I did not execute an assignment(s) of benefits to a health care provider who provided health care products or services and for which I was paid by Nationwide Insurance less than 80% of the billed amount during the Class Period; and (iii) I do not have Pending Litigation against Nationwide Insurance, nor have I discharged or released Nationwide Insurance, in connection with such health care products or services.

4

ANY SETTLEMENT CLASS MEMBERS THAT ARE HEALTH CARE PROVIDERS AND VERIFY THAT THEY POSSESS AN ASSIGNMENT OF BENEFITS FROM A NATIONWIDE INSURANCE INSURED AGREE THAT THEY WILL REIMBURSE FUNDS TO NATIONWIDE INSURANCE IF AN INSURED OF NATIONWIDE INSURANCE SUBSEQUENTLY SUCCESSFULLY ASSERTS A CLAIM FOR THE SAME BENEFITS. THE REIMBURSEMENT WILL BE LIMITED TO THE AMOUNT RECEIVED UNDER THE SETTLEMENT FOR THE SPECIFIC CLAIM THAT IS SUBMITTED BY THE HEALTH CARE PROVIDER AND IS SUBSEQUENTLY SUCCESSFULLY ASSERTED BY THE INSURED.

NATIONWIDE INSURANCE AND/OR THE CLAIMS ADMINISTRATOR MAY INVESTIGATE AND VALIDATE CLAIMS TO ASSURE ELIGIBILITY FOR AND THE AMOUNT OF A SETTLEMENT PAYMENT.

**YOU ARE REQUIRED TO PROVIDE THE FOLLOWING INFORMATION FOR EACH CLAIM:**

5.    Name of Patient: _____

        And/Or

        Claim No.: _____

Settlement Class Members who are health care providers must submit a separate Proof of Claim form **(a copy of this form)** for each claim number and/or patient (a Nationwide insured) who provided a valid assignment of benefits for health care products or services for which Nationwide Insurance paid less than 80% of the billed amount.

**NOTICE:** The Settlement Administrator may contact and seek additional information from you as it deems necessary to validate and identify a potential Settlement Payment. To assist Nationwide Insurance and/or the Settlement Administrator, additional but optional information is requested to provide a factual basis for each claim you seek to have considered for a Settlement Payment under the Settlement Agreement. **You are not required to provide this information to perfect a claim.**

5

1.   The claim number or policy number upon which the bills were previously submitted to Nationwide Insurance (this information should have been described by you on the HCFA form you submitted for payment and was identified on the EOB form accompanying the payment from Nationwide Insurance).

Claim No. or Policy No.: _____

2.   The dates of treatment: _____

3.   The billed amount for each such treatment (copies of HCFA form or EOB forms may be provided in lieu of this information)

_____

_____

4.   Copies of other relevant documents that are currently in your possession.

## **CERTIFICATION**

I state and affirm under the penalty of perjury under the laws of Florida and the United States of America that:

A.   I am a member of the Settlement Class defined above and have not requested to be excluded from the Settlement Class.

B.   I have reviewed the Notice of Pendency of Class Action, Proposed Settlement and Hearing, and the information supplied by me in this Proof of Claim is true and correct.

C.   I have not assigned or transferred any claims, actions or causes of action arising out of, based on or relating in any manner to the subject matter of this Proof of Claim.

_____

Signature

_____

Print Name

6

Dated:_____

IF YOU ARE SIGNING ON BEHALF OF A BUSINESS OR ENTITY (e.g., A CORPORATION, SOLE PROPRIETORSHIP, PROFESSIONAL ASSOCIATION, OR PARTNERSHIP), PLEASE PROVIDE THE FULL NAME OF THE BUSINESS OR ENTITY AND YOUR TITLE OR POSITION WITH THE BUSINESS OR ENTITY:

Full Name of Business or Entity: _____

Title or Position: _____

2274260

7