UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-ZLOCH

FILED by _____ D.C.

MAR 3 1 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated,

          Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC. d/b/a CCN,

          Defendants.
_____/

SALVATORE D. LARUSSO, D.C.          CASE NO. 01-8108
d/b/a FAMILY CHIROPRACTIC
CENTER, AUGUSTINE JOSEPH,
P.A., and JOEL D. STEIN, D.O.
P.A., on behalf of themselves
and all others similarly
situated,

          Plaintiffs,
v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY,
NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY,
NATIONWIDE INSURANCE COMPANY
OF AMERICA, NATIONWIDE GENERAL
INSURANCE COMPANY, and
NATIONWIDE ASSURANCE COMPANY
f/k/a COLONIAL INSURANCE
COMPANY,

          Defendants.
_____/

## ORDER OF PRELIMINARY APPROVAL

THIS MATTER is before the Court upon the parties' Joint Motion

For Preliminary Approval Of Proposed Settlement (DE 1032). The Court, having reviewed and considered the terms and conditions of the proposed settlement as set forth in the Settlement Agreement And Stipulation (hereinafter the "Settlement") submitted as an attachment to the instant Motion and all prior proceedings in the above-styled cause, and having heard argument of counsel and being otherwise fully advised in the premises, finds the settlement to be fair, reasonable and adequate and further finds that good cause for granting the instant Motion has been shown.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion For Preliminary Approval Of Proposed Settlement (DE 1032) be and the same is hereby **GRANTED** as follows:

1.   The Court has jurisdiction over the subject matter of the above-styled cause, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and over the parties and the Class Members.

2.   The terms of the Settlement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing as provided below. The Court finds that the Settlement resulted from extensive arm's-length negotiations and is sufficiently within the range of reasonableness to warrant the preliminary certification of the Settlement Class and Payment Sub-Classes (as defined in this Order), the scheduling of the Fairness Hearing, and the providing of Notice to Class Members, each as provided for in this Order and the Settlement Agreement.

2

## Conditional Certification of the Settlement Class and

## Payment Sub-Classes

3.    For purposes of settlement of the above-styled cause (and only for such purposes and without an adjudication on the merits), and pursuant to Federal Rule of Civil Procedure 23, this action is preliminarily certified as a class action on behalf of the following Settlement Class and Payment Sub-Classes:

Settlement Class

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance in Florida, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise paid, but not paid in full, during the Class Period.

627.736(10) Payment Sub-Class

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on PPO reductions taken pursuant to Section 627.736(10), Florida Statutes during the Class Period.

627.736(1) Payment Sub-Class

All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on UCR reductions taken pursuant to Section 627.736(1), Florida Statutes during the Class Period.

Chapter 627 Payment Sub-Class

> All Persons who have submitted claims for health
> care benefits under a personal injury protection
> insurance policy issued by Nationwide Insurance,
> either as an insured under a policy or pursuant
> to a valid assignment from an insured, whose
> claims were reduced, adjusted or otherwise not
> paid in full for reasons other than reductions
> taken pursuant to Sections 627.736(10) or
> 627.736(1), Florida Statutes during the Class
> Period.

Notwithstanding anything in this Order or the Settlement to the contrary, all claims or purported claims against Nationwide Insurance that (i) have been released or otherwise discharged prior to the date of this Order, (ii) are expressly alleged in pending litigation against Nationwide Insurance, or (iii) are claims by MRI service providers for consumer price index adjustments or for professional fees consolidated for payment in their billings to Nationwide Insurance are excluded from and shall not be part of the Settlement Class and Payment Sub-Classes, and shall not be otherwise included in the Settlement. Also excluded from the Settlement Class and Payment Sub-Classes are: Nationwide Insurance, any parent, subsidiary, affiliate, or controlled person of Nationwide Insurance, as well as the officers, directors, agents, servants, and employees of Nationwide Insurance, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action.

4. Plaintiffs Salvatore D. LaRusso, D.C., Augustine V. Joseph, M.D., and Joel D. Stein, D.O. P.A. (hereinafter the "Class Representatives") are each preliminarily appointed as representatives of the Settlement Class and respective Payment Sub-Classes. This conditional certification of the Settlement Class and

4

Payment Sub-Classes and appointment of the Class Representatives is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated pursuant to its terms or for any other reason, or if the Settlement is not approved or is not consummated for any reason, the foregoing preliminary certification of the Settlement Class and Payment Sub-Classes and appointment of the Class Representatives shall be null and void and of no further effect and shall not be used or referred to for any purpose in this action or any other action or proceeding, and the parties shall be returned to the status each occupied before execution of the Settlement and entry of this Order, without prejudice to any legal argument that any of the parties might have asserted or may hereafter assert in this action. The Court notes that, because the preliminary certification of the Settlement Class and Payment Sub-Classes is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability.

### Fairness Hearing; Right to Appear and Object

5.    A Final Settlement and Fairness Hearing (hereinafter the "Fairness Hearing") shall take place before the Court on **Monday, August 15, 2005** at **10:00 a.m.** in Courtroom A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida to determine:

a.    whether the Court should certify the Settlement Class and Payment Sub-Classes and whether the Class Representatives and their counsel have adequately represented the Settlement Class and Payment Sub-Classes;

5

      b.    whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

      c.    whether the above-styled cause should be dismissed on the merits and with prejudice as to Nationwide Insurance;

      d.    whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the above-styled cause, and/or are released pursuant to the Settlement Agreement, against Nationwide Insurance;

      e.    whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

      f.    whether the applications for incentive awards to be submitted by the Class Representatives should be approved; and

      g.    such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class.

      6.    Any Class Member who has not timely and properly submitted an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Fairness Hearing, provided, however, that no person shall be heard, and no papers, briefs or

other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before the Opt Out and Objection Deadline, such person:

a. files with the Court a notice of their intention to appear, together with a general statement setting forth their objections and the factual and legal basis for their objections. The statement must also contain the names of all witnesses and a copy of all documents that such person intends to rely upon at the Fairness Hearing;

b. files a copy of a valid assignment of benefits (if they are not a Nationwide Insurance insured) from a Nationwide Insurance insured demonstrating their standing to set forth any objections to the Settlement; and

c. serves copies of all such materials by first-class mail, postage prepaid, upon the following counsel:

Counsel for the Settlement Class:

Edward Zebersky, Esq.
Zebersky & Payne, LLP
4000 Hollywood Boulevard
Suite 400N
Hollywood, FL 33021-6789

Larry Kopelman, Esq.
Kopelman & Blankman, P.A.
350 East Las Olas Boulevard, #980
Ft. Lauderdale, FL   33301

and

Counsel for Nationwide Insurance:

Curtis P. Cheyney, Esq.

Swartz Campbell, LLC
1601 Market Street, Floor 34
Philadelphia, PA  19103

John P. Marino, Esq.
Fowler White Boggs Banker P.A.
50 N. Laura Street, Suite 2200
Jacksonville, FL  32202

     7.    The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

### Form and Timing of Notice

     8.    As soon as practicable after entry of this Order, but no later than 30 days after entry of this Order, Nationwide Insurance or the Settlement Administrator shall send potential Class Members a Notice and Proof of Claim form, substantially in the form of Exhibits B and D to the Settlement Agreement, the forms of which are hereby approved.  The Notice and Proof of Claim form shall be sent by first-class mail, postage pre-paid, addressed to Class Members' last known address, to the extent that they can be identified with reasonable diligence based upon the current records and electronic data reasonably available to Nationwide Insurance.

     9.    At or prior to the Fairness Hearing, Nationwide Insurance and/or the Settlement Administrator shall file a sworn statement attesting to compliance with the preceding paragraph.  The cost of

providing the Notice and Proof of Claim form as specified in this Order shall be paid as set forth in the Settlement Agreement.

10. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons entitled thereto, and meets the requirements of due process, the Federal Rules of Civil Procedure and applicable law.

### Ability of Class Members to Opt Out of the Settlement

11. All Class Members who wish to opt out of the Settlement must do so by sending a signed statement, indicating that they are electing to opt out of the Settlement Class and Settlement, to the Settlement Administrator at the address set forth in the Notice to be provided as set forth in this Order. The signed statement must contain the Class Member's name, address, telephone number and social security or federal tax identification number. If the election to opt out is being submitted by or on behalf of a business or entity, the signed statement must include the full name of the entity, the address of the entity, and the name and title of the person filing the election on the entity's behalf. To be considered timely and thereby effectively exclude a Class Member from the Settlement Class and Settlement, the envelope delivering a completed opt out request for such Class Member must be post-marked by no later than the Opt Out and Objection Deadline. The

Settlement Administrator shall file with the Court (under seal or as may otherwise be ordered by the Court to protect personal information) all timely elections to opt out received by the Settlement Administrator no later than fifteen (15) days after the Opt Out and Objection Deadline.

12. Any potential member of the Settlement Class that does not properly and timely opt out of the Settlement Class shall be included in such Settlement Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to Sue described therein, whether or not such Person shall have objected to the Settlement and whether or not such Person makes a claim for benefits or relief available to Class Members under the Settlement Agreement.

## Other Provisions

13. Capitalized terms used in this Order that are not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

14. Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any state or federal court or other forum against Nationwide Insurance seeking the payment of PIP benefits based on

an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out of a PIP policy issued by Nationwide Insurance (the "Stay Order"). The statute of limitations and all other time limits, including without limitation any time limits to pay or otherwise respond to notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida statutes, shall be tolled during this injunction period.

15. The Stay Order shall expire five days after the Opt Out and Objection Deadline as to any Class Member that submits a timely and complete election to opt out of the Settlement on or before the Opt Out and Objection Deadline.

16. No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement, or by any Class Members or other parties, other than as may be directed by the Court upon a proper showing seeking such discovery by motion properly noticed and served in accordance with the governing Federal Rules of Civil Procedure and Local Rules of the Court.

17.  If the Net Opt Outs exceeds seven percent (7%) of the
Gross Settlement Class Membership, Nationwide Insurance may, in its
sole discretion, terminate the Settlement Agreement and all the
obligations set forth therein.   In such case, the Parties shall
return to their pre-settlement status with all their rights and
defenses unaffected and undiminished by the Settlement Agreement or
any orders or proceedings in connection therewith.   In such
circumstances no facts of the Settlement Agreement or evidence of
intent of settlement shall be admissible in this Action or any
other proceeding.

18.  Neither the Settlement Agreement nor any provision
therein, nor any negotiations, statements or proceedings in
connection therewith shall be construed as, or be deemed to be
evidence of, an admission or concession on the part of the Class
Representatives, Class Members, Nationwide Insurance, or any other
Person of liability or wrongdoing by them, or that the claims and
defenses that have been, or could have been, asserted in the Action
are or are not meritorious, and neither the Settlement Agreement
nor any such communications or proceedings in connection therewith
shall be offered or received in evidence in this Action or any
other action or proceeding, or be used or asserted in any way as an
admission, concession or evidence of any matter whatsoever.

19.  In the event that the Settlement Agreement is terminated
or is not consummated for any reason, this Settlement and all

proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement as set forth in the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _31st_ day of _MARCH_____, 2005.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished to:

All counsel of record