

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of
himself and all similarly
situated,

        Plaintiffs,

vs.                      **ORDER OF PRELIMINARY APPROVAL**

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants,
_____/

THE CHIROPRACTIC CENTRE, INC.,     Case No. 01-6783
on behalf of itself and all
others similarly situated,

        Plaintiff,

vs.

Metropolitan Casualty Insurance
Company, Metropolitan Property
and Casualty Insurance Company,
Metropolitan Direct Property
and Casualty Insurance Company,
Metropolitan General Insurance
Company, Metropolitan Group
Property and Casualty Insurance
Company, Economy Fire and
Casualty Company, Economy
Preferred Insurance Company,
Economy Premier Assurance
Company, St. Paul Fire and
Marine Insurance Company, St.
Paul Mercury Insurance Company,
St. Paul Guardian Insurance
Company, Athena Assurance
Company, Discover Property &
Casualty Insurance Company, St.
Paul Protective Insurance
Company f/k/a Northbrook
Property & Casualty Insurance

Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Victoria Fire & Casualty Insurance Company, and Victoria Select Insurance Company,

    Defendants.
_____/

  THIS MATTER is before the Court upon Plaintiff The Chiropractic Centre, Inc. and Defendants Metropolitan Casualty Insurance Company, Metropolitan Property and Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, Metropolitan General Insurance Company, Metropolitan Group Property and Casualty Insurance Company, Economy Fire and Casualty Company, Economy Preferred Insurance Company, Economy Premier Assurance Company, St. Paul Fire and Marine Insurance Company, St. Paul Mercury Insurance Company, St. Paul Guardian Insurance Company, Athena Assurance Company, Discover Property & Casualty Insurance Company, St. Paul Protective Insurance Company f/k/a Northbrook Property & Casualty Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Victoria Fire & Casualty Insurance Company, and Victoria Select Insurance Company's Joint Motion For Preliminary Approval Of Settlement Agreement (DE 1034). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully

advised in the premises.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion For Preliminary Approval Of Settlement Agreement (DE 1034) be and the same is hereby **GRANTED** as follows:

1. The terms of the Settlement Agreement and Stipulation (DE 1035) (hereinafter the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

## Conditional Certification of the Class

2. For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to Defendants Metropolitan Property and Casualty Insurance Company, Metropolitan Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, Metropolitan General Insurance Company, Metropolitan Group Property and Casualty Insurance Company, Economy Fire & Casualty Company, Economy Preferred Insurance Company, Economy Premier Assurance Company, St. Paul Fire and Marine Insurance Company, St. Paul Mercury Insurance

Company, St. Paul Guardian Insurance Company, Athena Assurance Company, Discover Property & Casualty Insurance Company, St. Paul Protective Insurance Company f/k/a Northbrook Property & Casualty Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Victoria Fire & Casualty Insurance Company, and Victoria Select Insurance Company (hereinafter collectively "Met P&C" or the "Defendants"), the above-styled cause is conditionally certified as a class action on behalf of the following persons (hereinafter the "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a Met P&C PIP policy; (b) That received a valid assignment of benefits from the person(s) insured by Met P&C as to such services; (c) That submitted bills for payment for such services to Met P&C; and (d) Which bills were reduced by Met P&C based on the application of a CCN/Medview PPO reduction during the Class Period (January 1, 1998 through August 1, 2003).

Excluded from the Settlement Class are: Met P&C, any parent, subsidiary, affiliate, or controlled person of Met P&C, as well as the officers, directors, agents, servants, and employees of Met P&C, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action. Plaintiff The Chiropractic Centre, Inc. (hereinafter "CCI"), is conditionally certified as the Representative of the Settlement Class. This conditional certification of the class and Class

Representative is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

### **Fairness Hearing; Right to Appear and Object**

3. A Final Settlement and Fairness Hearing (hereinafter the "Fairness Hearing") shall take place before the undersigned, Chief United States District Judge William J. Zloch, in Court Room A at the United States Courthouse, 299 East Broward Blvd. in Fort Lauderdale, on <u>Monday, August 22, 2005</u> at <u>10:00 a.m.</u> to determine:

    a. Whether the Court should certify the Settlement Class and whether the Class Representative and its counsel have adequately represented the class;

      b.  Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

      c.  Whether the Action should be dismissed on the merits and with prejudice as to Met P&C;

      d.  Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against Met P&C;

      e.  Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

      f.  Whether the application for an incentive award to be submitted by the Class Representative should be approved; and

      g.  Such other matters as the Court may deem necessary or appropriate.  The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

    4.  Any member of the class who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with

consideration of those matters, unless on or before the Claim Deadline of <u>Wednesday, July 20, 2005</u>, such person:

    a.  Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing;

    b.  Files with the Court a copy of a valid Assignment of Benefits demonstrating the person's standing to assert objections; and

    c.  Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by <u>Wednesday, July 20, 2005</u>:

> Counsel for the Settlement Class
> Phillips & Garcia, LLP
> Carlin Phillips, Esq.
> 13 Ventura Drive
> N. Dartmouth, MA 02747
>
> and
>
> Counsel for Defendants
> Akerman Senterfitt
> Marcy Levine Aldrich, Esq.
> One S.E. Third Ave, 28th Floor
> Miami, FL 33131

5.  The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of

such adjournment in open court at the Fairness Hearing or any adjournment thereof.

### Form and Timing of Notice

6.  As soon as practicable after entry of this Order, but no later than 30 days after the Order is entered, the Settlement Administrator shall cause copies of the Notice and Proof of Claim, substantially in the form of Exhibits A and B to the Settlement Agreement (DE 1035), the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class to the extent such class members can be identified with reasonable diligence.

7.  Prior to the Final Settlement Hearing, Met P&C and/or the Settlement Administrator shall file a sworn statement attesting to compliance with the preceding paragraph.  The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

8.  The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

**Ability of Class Members to Opt Out of the Settlement Class**

9.   All members of the class who wish to opt out of the class must do so by sending written notice of their election to opt out to the Settlement Administrator at the address set forth in the Notices to be provided as set forth in this Order. To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request for such person must be post-marked by no later than <u>Wednesday, July 20, 2005</u> (hereinafter the "Opt Out Deadline"). Prior to the Final Settlement Hearing, Met P&C and/or the Settlement Administrator shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely electing to opt out of the class.

10.   Any potential member of the class that does not properly and timely request exclusion from the Settlement Class shall be included in such class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to sue described therein, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

**Other Provisions**

11. Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

12. All proceedings against and concerning Met P&C in the Action, other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, including all pending actions in any other state or federal court relating to the same issues asserted in the above-styled cause, are hereby stayed and suspended until the Opt Out Deadline. Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief against Met P&C relating to PPO reductions.

13. No discovery with regard to the settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

14. Neither this Order, nor the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class, Met P&C, or any other person of liability or wrongdoing by them, or

that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

15. In the event that the Settlement Agreement is terminated, does not become final, or is not consummated for any reason, this settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _21_ day of April, 2005.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:
All counsel of record