NIGHT BOX
FILED

JUL 2 9 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/

DR. ANDREW ELLOWITZ, on           01-8549
behalf of himself and others similarly
situated,

     Plaintiffs,

v.

AMERICAN INTERNATIONAL
INSURANCE COMPANY, AIU
INSURANCE COMPANY, AMERICAN
HOME ASSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH
INSURANCE COMPANY,

     Defendants.

_____/

**JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, Dr. Andrew Ellowitz

("Ellowitz" or the "Class Representative"), and Defendants, American International Insurance

Company, AIU Insurance Company, American Home Assurance Company, and American

{M2203160;1}

CONSOLIDATED CASE NOS. 00-6061 AND 01-8549-CIV-ZLOCH

International South Insurance Company (collectively, "American International"), hereby jointly move the Court for entry of an Order of Preliminary Approval of the Settlement Agreement executed by the Parties in the above-captioned class action case. A proposed Order is attached as Exhibit 1. In support of their Motion, the Parties state as follows:

1.      The Parties have reached a comprehensive settlement of the pending class action case, the terms and conditions of which are contained within the Settlement Agreement separately filed with the Court. The Parties jointly move for preliminary approval of the Settlement Agreement, believing it to be fair, adequate, and reasonable to the Parties, as well as to the members of the Settlement Class, as defined in the Settlement Agreement.

2.      Preliminary approval is necessary in order to commence the process of providing notice to class members of the nature of the case, and the terms and conditions of Settlement. The notice will also permit class members to evaluate whether, among other things: (a) they want to opt-out of the Settlement, and/or (b) whether they are entitled to a portion of the Settlement Fund. A copy of the proposed Notice of Pendency of Class Action is attached as Exhibit A to the Settlement Agreement.

3.      Should the class members determine that they are members of the class and entitled to receive a portion of the Settlement Fund, the Settlement Agreement requires them to fill out a Proof of Claim. The proposed Proof of Claim is attached as Exhibit C to the Settlement Agreement.

CONSOLIDATED CASE NOS. 00-6061 AND 01-8549-CIV-ZLOCH

**WHEREFORE,** the Parties jointly move the Court for entry of an Order of Preliminary

Approval of Settlement Agreement.

Respectfully submitted,

Lee & Amtzis, P.L.
Counsel for Plaintiff
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Phone: 561-981-9988
Fax: 561-981-9980
E-Mail: lee@leeamlaw.com.

By: _____
         Eric Lee
         Fla. Bar No. 961299

--and--

Akerman Senterfitt
Counsel for Defendants
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131-1704
Phone: 305-374-5600
Fax: 305-374-5095
E-Mail: maldrich@akerman.com

By: _____
         Marcy Levine Aldrich
         Fla. Bar No. 0968447
         Nancy A. Copperthwaite
         Fla. Bar No. 549428
         Scott B. Cosgrove
         Florida Bar No.: 0161365

CONSOLIDATED CASE NOS. 00-6061 AND 01-8549-CIV-ZLOCH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on this *29th* day of *July*, 2005 on all persons on the attached service list:

_____
Attorney

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
Suite 401
5550 Glades Road
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 East Las Olas Boulevard , # 980
Fort Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON LLP
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 North Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

**Counsel for Beech Street and ADP**

TEW, CARDENAS, LLP.
Joseph A. DeMaria, Esq.
(305)539-2495
jad@tewlaw.com
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, FL 33131-3407

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

KENNY NACHWALTER,
SEYMOUR ARNOLD CRITCHLOW
& SPECTOR, P.A.
Richard H. Critchlow, Esq.
Robert D.W. Landon, III, Esq.
rlandon@knsacs.com
201 South Biscayne Blvd., Suite 1100
Miami, FL 33131
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

{M2288877;1}

# SERVICE LIST

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT
Nina Brown, Esq.
Mark Shapiro, Esq.
mshapiro@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for American International
Hartford, Metropolitan, Integon**

AKERMAN SENTERFITT
Marcy Levine Aldrich, Esq.
Scott Cosgrove, Esq.
maldrich@akerman.com
SunTrust International Center
28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd, Suite 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

GOODWIN PROCTER LLP
Michael Isenman, Esq.
misenman@sheagardner.com
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4000
(202) 346-4444 Facsimile

**Co-Counsel for American
International**

CONROY,　SIMBERG,　GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH
(Magistrate Snow)

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

     Defendants.

_____/

DR. ANDREW ELLOWITZ, on           01-8549
behalf of himself and others similarly
situated,

     Plaintiffs,

v.

AMERICAN INTERNATIONAL
INSURANCE COMPANY, AIU
INSURANCE COMPANY, AMERICAN
HOME ASSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH
INSURANCE COMPANY,

     Defendants.

_____/

## ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered the Joint Motion for Preliminary Approval of

Settlement (D.E. # __), filed on _____, 2005, and having reviewed and considered the

terms and conditions of the proposed Settlement as set forth in the Settlement Agreement and

Stipulation, a copy of which has been submitted with the Joint Motion and the terms of which are

{M2203174;2}

incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED:**

1.    The terms of the Settlement Agreement and Stipulation (the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.  The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

<u>Conditional Certification of the Class</u>

2.    For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to Defendants American International Insurance Company, AIU Insurance Company, American Home Assurance Company, and American International South Insurance Company (collectively, "American International" or the "Defendants"), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act:  (a) That rendered medical services to person(s) insured under an American International PIP policy;  (b) That received a valid assignment of benefits from the person(s) insured by American International as to such services; (c) That submitted bills for payment for such services to American International; (d) Whose bills were reduced by American International based on the application of a PPO reduction during the Class Period (January 1, 1996 through January 1, 2005); and (e) Who are identified as having had bills subject to a PPO reduction in American International's own records for the period December 1, 1997 through March 30, 2001.

Excluded from the Settlement Class are: American International, any parent, subsidiary, affiliate, or controlled person of American International, as well as the officers, directors, agents, servants, and employees of American International, and the immediate family members of such persons.  Also

excluded is any trial judge who may preside over this Action. Plaintiff Dr. Andrew Ellowitz ("Ellowitz"), is conditionally certified as the Representative of the Settlement Class. This conditional certification of the class and Class Representative is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

### Fairness Hearing; Right to Appear and Object

3.    A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Judge Zloch, at the United States Courthouse, Courtroom ____, on _____ *[at least 120 days from the date of this Order]* to determine:

a.    Whether the Court should certify the Settlement Class and whether the Class Representative and his counsel have adequately represented the class;

b.    Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

c.    Whether the Action should be dismissed on the merits and with prejudice as to American International;

d.    Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against American International;

{M2203174;2}

3

e.    Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

f.    Whether the application for an incentive award to be submitted by the Class Representative should be approved; and

g.    Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

4.    Any member of the class who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with its consideration of those matters, unless on or before the Claim Deadline of _____ [*90 days from the date of this Order*], such person:

a.    Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing;

b.    Files with the Court a copy of a valid Assignment of Benefits demonstrating the person's standing to assert objections; and

{M2203174;2}

4

c.    Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by _____ [*90 days from the date of this Order*]:

Counsel for the Settlement Class
Phillips & Garcia, LLP
Carlin Phillips, Esq.
13 Ventura Drive
N. Dartmouth, MA  02747

and

Counsel for American International
Akerman Senterfitt
Marcy Levine Aldrich, Esq.
One S.E. Third Ave., 28th Floor
Miami, FL  33131

5.    The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

## Form and Timing of Notice

6.    As soon as practicable after entry of this Order, but no later than 30 days after the Order is entered, the Settlement Administrator shall cause copies of the Notice and Proof of Claim, substantially in the form of Exhibits A and C to the Settlement Agreement, the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class to the extent such class members can be identified with reasonable diligence.

7.    Prior to the Final Settlement Hearing, American International and/or the Settlement Administrator shall file a sworn statement attesting to compliance with the preceding paragraph. The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

{M2203174;2}

8.    The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

## Ability of Class Members to Opt Out of the Settlement Class

9.    All members of the class who wish to opt out of the class must do so by sending written notice of their election to opt out to the Settlement Administrator at the address set forth in the Notices to be provided as set forth in this Order.  To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request for such person must be post-marked by no later than _____, 200__ (the "Opt Out Deadline") [*90 days from the date of this Order*].  Prior to the Final Settlement Hearing, American International and/or the Settlement Administrator shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely electing to opt out of the class.

10.    Any potential member of the class that does not properly and timely request exclusion from the Settlement Class shall be included in such class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to Sue described therein, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

## Other Provisions

11.    Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

{M2203174;2}

6

12.    All proceedings against and concerning American International in the Action, other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, including all pending actions in any other state or federal court relating to the same issues asserted in this Action, are hereby stayed and suspended until the Opt Out Deadline. Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief against American International relating to PPO reductions.

13.    No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the Parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the Parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

14.    Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class, American International, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

15.    In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

{M2203174;2}

CONSOLIDATED CASE NOS. 00-6061 AND 01-8549-CIV-ZLOCH

DONE AND ORDERED in the Southern District of Florida on _____, 2005.


_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:  All counsel of record