FILED by _____ D.C.

ELECTRONIC

**Aug 9 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

      Defendants.

_____/     01-8108

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

## MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S UNOPPOSED[1] APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

### PRELIMINARY STATEMENT

    Class Counsel in the above-captioned action respectfully submit this memorandum in

---

[1] Pursuant to the Settlement Agreement, Nationwide does not oppose the Class Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses. In addition, pursuant to this Court's Order of Preliminary Approval, class members were provided notice of the attorneys' fees and expenses being sought by Class Counsel. Over 73,000 Notices were sent. To date, there have been no objections to the attorneys' fees or reimbursement of expenses sought by Class Counsel.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

1

**1098/gz**

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

support of their application for an award of attorneys' fees and reimbursement of costs and expenses incurred in the prosecution of this class action which has resulted in a settlement of approximately $9,875,000 in benefits to the Class. The class action Settlement, which is currently before the Court for final approval, involves the named defendants Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Assurance Company, and Nationwide Assurance Company f/k/a/ Colonial Insurance Company, all of which are direct or indirect subsidiaries of Nationwide Mutual Insurance Company (collectively "Nationwide Insurance") for total class relief of over $9,875,000 (the "Settlement").[2]

As described in detail in the accompanying Declaration of Class Counsel in Support of Final Approval of Class Action Settlement and An Award Of Attorney's Fees and Costs ("Class Counsel's Declaration"), Class Counsel have devoted a substantial number of hours to this case and have incurred out-of-pocket costs and expenses over the five years that this case has been pending in the District Court and the Eleventh Circuit Court of Appeals. Given the extraordinary results achieved, the complexity and amount of work involved, the skill and expertise of Class Counsel and the risks counsel undertook, Class Counsel strongly believe that this case warrants an award of fees totaling $3,288,375, which is equivalent to one third of the reserved Class Fund – an amount Nationwide Insurance has agreed to pay separate and outside of the Class Fund. Class Counsel also request an award of $15,000 towards reasonable costs and expenses in prosecuting the action. The Notice sent to class members notified class members that Class Counsel would be

---

[2] The specific terms of the Settlement have been set forth in the Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court and preliminarily approved on March 31, 2005. The settlement provides for a $9,875,000 class fund. Nationwide Insurance has also agreed to pay the following monies separate from the class fund: 1) up to $3,288,375 in attorneys' fees; 2) reasonable litigation costs and expenses up to $15,000; and, 3)

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

seeking these fees and expenses. **Nationwide has agreed to pay these amounts and there were no objections to the settlement or Class Counsels' request for fees and expenses.**

## I.    <u>BACKGROUND</u>

The procedural history and relevant facts about the initiation and prosecution of these consolidated cases, and the Nationwide Insurance litigation in particular, since their inception almost five years ago is described in detail in Co-Lead Counsel's Declaration and in the Memorandum in Support of Proposed Settlement, both of which are submitted concurrently herewith. The Nationwide Insurance settlement cannot be viewed in a vacuum because it was part of the massive litigation effort Class Counsel put forth in these consolidated cases. As indicated in Class Counsel's Declaration, the plaintiffs in the consolidated actions challenged an industry-wide practice undertaken by automobile insurers throughout the state of Florida. Class Counsel brought novel allegations based on complex legal theories against fifteen different insurers, some of which are the nation's largest insurance companies. As the docket clearly indicates, the defendants poured legal firepower into the defense of these claims retaining some of the biggest and best defense firms in the country to defend these cases.[3]

Class Counsel efficiently and effectively managed and prosecuted these fifteen RICO class actions over a five year period enabling them to reach settlements with certain insurance company defendants, one of which is Nationwide Insurance. In addition to this class action, this settlement encompasses a state court class action filed on behalf of Augustine Joseph, M.D., P.A. with relation to similar claims brought against Nationwide Insurance for improperly taking PPO

---

$500,000 for the costs of settlement administration.

[3] Defendants retained the following defense firms: Rumberger, Kirk & Caldwell; Ross & Hardies; Tew Cardenas; Anania Bandklayder; Fowler White; Kenney Nachwalter Seymour Arnold Critchlow & Spector; Swartz Campbell Detweiler; Holland & Knight; Akerman Senterfitt; Sonnenschein, Nath & Rosenthal; Butler Burnette Pappas; Shea & Gardner; and, Conroy, Simberg, Ganon, Krevans & Abel.

<u>LEE & AMTZIS, P.L.</u>
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

reductions. Finally, this settlement also encompasses an action brought by Joel M. Stein, D.O., P.A. in Ohio state court relating to the issue of "usual, customary and reasonable charges" ("UCR") as defined by Nationwide. As of the filing of this pleading, all of the defendant insurers, including Nationwide Insurance, have stopped the practice of taking PPO discounts on automobile insurance medical expense claims in the State of Florida. While certain defendants, including Nationwide Insurance, dispute whether these class actions caused the termination of their PPO discounting programs, an industry-wide practice that siphoned millions of dollars from medical providers throughout the State of Florida has been stopped and, through this settlement and others, millions of dollars of settlement benefits have been made available for medical providers to claim.

## II.     CLASS COUNSEL ARE ENTITLED TO A FEE BASED ON A PERCENTAGE OF THE CLASS RECOVERY

The award of counsel fees in this class action is governed by the common fund doctrine. The Supreme Court has consistently recognized that when a common fund is successfully established for the benefit of Class members, the cost of litigation, and specifically counsel's efforts, should be spread among the common fund's beneficiaries. As the Supreme Court noted in Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980): "A litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." This was reiterated by the Eleventh Circuit in Camden I Condominium Association, Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991) when the court reasoned that attorneys who create a common fund are entitled to be compensated for their efforts from a percentage of that fund. In Camden, the Court held: "Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

fund established for the benefit of the class." 946 F.2d at 774-75.

Furthermore, in the absence of any evidence of collusion or detriment to the class, a court should give substantial weight to a negotiated fee amount, assuming that it represents the parties' "best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees." Elkins v. Equitable Life Ins. Co., 1998 WL 133741 (M.D. Fla. Jan. 27, 1998)(quoting Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 720 (5th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87, 109 (1989). This weight is particularly appropriate when, as in the present case, no objections have been raised to the fee award and the amount of fees is entirely consistent with a reasonable fee award under the circumstances of the cases. See e.g., Ingram v. Coca-Cola Co., 200 F.R.D. 685, 695 (N.D. Ga. 2001).

## III.   THE REQUESTED FEES ARE APPROPRIATE GIVEN THE RESULTS ACHIEVED, THE RISKS INVOLVED AND THE EFFORT EXPENDED.

### A.   The Relevant Factors for Assessing Attorney's Fees in Class Actions.

In the Eleventh Circuit "an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded." Camden, 946 F.2d at 774-75. Courts have repeatedly emphasized however that the range is merely a benchmark, not a hard and fast rule. As a result, the Eleventh Circuit has developed a number of non-exclusive factor that courts may consider in assessing what fees are reasonable in a particular class action.

In Camden, the Court enumerated the following factors as ones the Court may consider in determining the percentage of a fund to be applied to each case: (1) the time and labor required; (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The Camden decision went on to state the following additional considerations:

> Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action. In most instances, there will also be additional factors unique to a particular case which will be relevant to the district court's consideration.

946 F.2d at 775. While each of the above factors may be an appropriate consideration, the factors which will impact upon the appropriate percentage to be awarded as a fee in any particular case will undoubtedly vary. Id.

**B.    The Relevant Factors For Assessing Attorney's Fees Weigh in Favor of the One-Third Fee Requested By Class Counsel.**

**1.    The Results Obtained Support Class Counsels' Fee Request.**

There is no better indicator of the quality of Class Counsels' representation than the result obtained. Behrens, 118 F.R.D. at 547. Class Counsel achieved a monetary settlement of up to 80% of the Class Members' damages with a minimal claims process where Class Members do not have to submit documentary evidence to establish their claims.[4] To claim benefits Class Members need only complete a simple, straightforward claim form providing basic information to the

---

[4] The precise terms of the Settlement involving payment to the three Sub-Class Members, specifically 627.736(1) Payment Sub-Class Members, 627.736(1) Payment Sub-Class Members, and 627 Payment Sub-Class Members, are set forth in the Stipulation of Settlement and the Declaration of Class Counsel filed concurrently with the Court. In summary, the Settlement created a $9,875,000 Settlement Fund from which Class Members are eligible to recover 80% of the difference between 80% of the amount billed and the amount paid by Nationwide Insurance to the Class Member, or 40% of the difference between the amount billed and the amount paid by Nationwide

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Settlement Administrator, far less proof than they would be required at trial or even in the prosecution of an individual state court PIP case. Moreover, Nationwide Insurance has agreed to pay Class Counsel fees and reasonable costs and litigation expenses separate and outside of the Class Member fund of $9,875,000 that has been reserved by Nationwide Insurance to pay the Class their claims, a fund that is being held in an interest bearing account. In essence, the only monetary damage the Class does not receive in the Settlement is interest on their actual damages. Had this case gone to trial and the plaintiffs prevailed, the Class might not have achieved as good a result as they have under the Settlement.

> **2.      The Substantial Time and Labor Required to Produce the Settlement and the Length of Time Required to Reach A Resolution of the Case Supports the Fee Request.**

As discussed at length in Class Counsel's Declaration, this case was one of fifteen consolidated cases and a substantial amount of the effort expended in the consolidated cases benefited the Class Members in the Nationwide Insurance case. In addition, two additional class action cases have been combined as part of this settlement. The Joseph Florida state court class action and the Stein Ohio state court class action have been combined into this settlement to provide global relief for all of the class members. More than ten law firms have worked on these three cases during the past five years and this settlement was the result of protracted negotiations and substantial cooperation among the various firms involved.

The substantial efforts by these law firms, in addition to the results obtained, is demonstrated by the number of hours spent on these matters. Class Counsel has expended over 12,126.7 total hours in the prosecution of the consolidated cases for a total lodestar to date of

---

Insurance to the Class member, depending upon the applicable sub-class.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

approximately $3,429,447.97.[5]

The time expended by Class Counsel in this litigation is described in detail in the Declaration of Class Counsel. In summary, Class Counsel conducted an intensive pre-suit investigation, performed a great deal of research prior to filing and poured a tremendous amount of time and resources into drafting the initial class action complaint which served as the model for the Nationwide Insurance filing. At the same time suit was filed, Class Counsel filed a motion for class certification and aggressively pursued discovery. Additionally, Class Counsel opposed Nationwide Insurance's numerous motions including the motion to compel arbitration. Class Counsel were able to defeat Nationwide Insurance's motion to compel arbitration at which time Nationwide Insurance appealed the case to the Eleventh Circuit. Additionally, not only did the Plaintiffs in the Nationwide Insurance case challenge the direct practice of utilizing "silent PPO" discounts by insurers, they also challenged the use of ambiguous language related to such policies, known as the usual, customary and reasonable charges issue (the "UCR" issue). Specifically, Class Counsel argued that the industry practice of applying the UCR ambiguity against the provider and not the insurer was essentially a part of the "silent PPO" industry problem.

While the case was in the Eleventh Circuit, Class Counsel worked diligently to negotiate a settlement and, as part of that settlement, agreed to amend the Complaint to add an additional PPO plaintiff (Joseph) and the UCR case (Stein) that was then on appeal from a dismissal in Ohio state court. After a period of several months and after several intensive settlement meetings, Class Counsel and defense counsel were able to finalize the Settlement Agreement with

---

[5] Due to the overlap of work and effort inherent in a consolidated case, the hours were calculated based on the time spent on all of the cases without allocation of a percentage, such as 1/15, of the general time spent on the prosecution of the consolidated cases.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Nationwide Insurance.

**3.    The Economics Involved in Prosecuting the Action, the Contingent Nature of the Representation and the Preclusion of Other Employment.**

This action was prosecuted by Class Counsel on a contingent fee basis.  Class Counsel would be paid only if they achieved a successful result for the Class.  Class Counsel have not been paid one penny for their services in the four years the Nationwide Insurance case has been pending.[6]  Courts have long recognized, particularly in this Circuit, that the attorneys' contingent fee risk is an important factor in determining the fee award.  See Jones v. Central Soya Co., 748 F.2d 586, 591 (11th Cir. 1986), In Behrens, when discussing a securities class action Judge King noted:

> A contingency fee arrangement often justifies an increase in the award of attorneys' fees.  This rule helps assure that the contingency fee arrangement endures.  If this 'bonus methodology' did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort and money, especially in light of the risks of recovering nothing.

118 F.R.D. at 548.

The specter of potential financial loss in this case loomed large.  Class Counsel were confronted with a number of major factors that affected their case: (1) the uncertain outcome of pending appeals to the Florida Supreme Court concerning the interpretation of Florida Statute section 627.736(1)); (2) the uncertain outcome of a pending appeal to the 11th Circuit Court of Appeals concerning Nationwide Insurance's motion to compel arbitration or in the alternative to dismiss the action; (3) the uncertain outcome of a pending appeal in Ohio regarding the UCR language argument; and (4) the inherent difficulties in proving the elements of a RICO action against Nationwide Insurance in a full trial on the merits. Class Counsel recognized that  a

---

[6] Earlier this year, Class Counsel in the consolidated actions received partial compensation by way of three

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

9

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

negative decision in any of the pending state or federal appeals would have essentially stripped the plaintiff's case theory and wasted years of work by Class Counsel. Moreover, Class Counsel was proceeding in part on a complex civil RICO claim which would be subject to summary judgment in the trial court and, if the Plaintiffs succeeded, further subject to Nationwide Insurance's appeal to the Eleventh Circuit.

The risks inherent in losing years of work, as well as the monies spent funding this case were further compounded by the effective preclusion of other employment by Class Counsel due to their acceptance of this case and the consolidated cases. The substantial amount of work at times on the consolidated cases and this case bordered on overwhelming. For example, as discussed in Class Counsel's Declaration, in one two month period the defendants in these consolidated cases filed 49 separate pleadings with the Court. For long periods of time during the pendency of the Nationwide Insurance case and the consolidated cases, Class Counsel was required to work almost exclusively on this litigation to aggressively represent the Class.

**4.    The Novelty and Difficult of the Questions Involved and the Skill Requisite to Perform the Legal Services Properly.**

In assessing the quality of work performed and the risk undertaken by Class Counsel, it is also necessary to consider the complexity and magnitude of the litigation, as well as the difficulty of the questions involved. As discussed throughout this petition, the Nationwide Insurance case can now be totally disassociated from the consolidated litigation because it has settled. A civil RICO class action against an insurance company is complex enough in itself, but when combined with fourteen other similar class actions, the complexity and magnitude of the litigation increases exponentially. The current 1,000 plus docket entries alone speak volumes to the complexity and

settlements approved by this Court.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

10

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

magnitude of the litigation.

Moreover, the Plaintiffs' claims were novel both factually and legally. These cases are the first and only federal court class actions in the country to challenge the "silent PPO" discount scheme emerging in the automobile insurance industry, cases of first impression on this issue. Not only did Class Counsel in the Nationwide Insurance case challenge the direct practice of utilizing "silent PPO" discounts by insurers, they also challenged the use of ambiguous language related to such policies, known as the "UCR" issue and asserted that the application of the UCR ambiguity against the provider and not the insurer was essentially a part of an industry wide problem of wrongfully and unilaterally reducing health care providers' legitimate fees. In addition to having unique factual allegations, Class Counsel had to select legal theories that allowed for the real aggrieved parties, i.e., the Florida medical providers, to maintain standing to prosecute their claims against the automobile insurers.

Counsel's fee should also reflect the degree of experience, competence and effort necessary to achieve the proposed Settlement. Class Counsel are experienced in class action cases and trial work in general and worked together as a cohesive team to prosecute the Nationwide Insurance case and the consolidated cases. Courts have long recognized the importance of providing incentives to experienced counsel who take complex litigation cases on a contingent fee basis, so that those cases can be prosecuted effectively.

In assessing the quality of representation by Class Counsel, the Court should also consider the quality of the opposition, as well as the standing of Class Counsel. See Ressler, 149 F.R.D. at 654. As noted above, the law firm defending Nationwide Insurance is well known for its defense work in Florida and the litany of law firms representing the other defendants in the

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

consolidated litigation reads like a veritable "Who's Who" of the corporate civil defense bar.

5.      **The Requested Percentage Is Fair and Reasonable And Is Consistent With Fee Awards in Comparable Cases.**

For the reasons set forth here, and in Class Counsel's Declaration, Class Counsel respectfully submit that their performance in this litigation, and the superior results efficiently achieved, warrant more than a simple "benchmark" level of compensation.  Given the work involved and the result achieved, Class Counsel believe that it is fair, reasonable and eminently appropriate for the Court to award counsel the requested fee.  Additionally, the requested one-third fee is consistent with fees awarded in similar cases in this Circuit.  See e.g. Waters, 190 F.3d at 1298 (finding no abuse of discretion in approving a 1/3 class counsel fee award of $13.33 million in case involving class fund of $40 million on scheme to defraud customers); Bakalor v. Integrated Communication Network Inc., 96-2021-Civ-King (S.D. Fla. 1997)(awarding 33.3%).

Class Counsel's requested one-third fee is also consistent with awards in other jurisdictions in similar class action cases.  See e.g., In re IKON Office Solutions, Inc., 194 F.R.D. 166, 192 (E.D. Pa. 2000)(awarding attorney's fees of 33% on $111 million partial settlement, where plaintiffs later failed in claim against accountant); Kurzweil v. Philip Morris Cos., 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. 999)(awarding attorney's fees of 30% on settlement fund of over $123 million); In re Combustion, Inc., 968 F. Supp. 1116 (W.D. La. 1997)(awarding attorney's fees of 36% on settlement fund of over $127 million).

Moreover, the fee requested by Class Counsel in this case, when considering the total hours incurred in the consolidated cases, represents a 1.2 multiplier to Class Counsel's lodestar.[7] In relation to other class action settlements, a 1.19 multiplier is reasonable given the novelty of the

---

[7] When adding the previous fee awards of $850,000 in the consolidated cases, the total multiplier for all the cases

12

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

subject matter, the ultimate benefits conferred on the class and the difficulty faced by Class Counsel in prosecuting the action.  See e.g., Behrens, 118 F.R.D. at 539; see also In re RJR Nabisco, Inc., Sec. Litig., [1992 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96, 984 at 94, 267 (S.D.N.Y. 1991)(applying a lodestar multiplier of 8.74).

   6.    **The Requested Fees Are Consistent With Contingent Fee Arrangements Negotiated In Non-Class Litigation.**

   The percentage method is also consistent with, and is intended to mirror, the private marketplace for negotiated contingent fee arrangements.  See Kirchoff v. Flynn, 786 F.2d 320, 324 (7th Cir. 1986)("When the 'prevailing' method of compensating lawyers for 'similar services' is the contingent fee, then the contingent fee is the 'market rate.'").  In non-class litigation, 33 1/3% to 40% contingency fees are typical.   As Justices Brennan and Marshall observed in their concurring opinion in Blum v. Stenson, 465 U.S. 886 (1984): "In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers.  In those cases, therefore, the fee is directly proportional to the recovery." 465 U.S. at 904 n. 19; see also In re Prudential Bache Energy Income Partnerships Sec. Litig., MDL 888, 1994 U.S. Dist. LEXIS 662 1, at * 1 (E. D. La, May 18, 1994)("Were this not a class action, attorney's fees would range between 30% and 40%, the percentages commonly contracted for in contingency cases.); Phemister v. Harcourt Brace Jovanovich, Inc., 1984-2 Trade Cas. (CCH) ¶ 66,234, at 66,995 (N.D. 111. 1984) ("The percentages agreed on [in non-class action damage lawsuits] vary, with one-third (1/3) being particularly common").

   Class Counsel's efforts were performed, and the result was achieved, on a wholly contingent basis, despite the significant risks, time and expenses.  Therefore, their fee request of

is only 1.19.

13

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

one- third is in keeping with the standard contingent fee agreement in non-class litigation. In summary, based the application of the relevant <u>Camden</u> factors to the circumstances of this case – and the fact that Nationwide Insurance has agreed to pay Class Counsel's fee separate and distinct from the reserved Class Fund – Class Counsel's fee request is fair and reasonable and should be approved by the Court.

**C.    <u>Reimbursement of Costs</u>**.

Plaintiffs' counsel also seek reimbursement of $15,0000 in expenses and costs incurred in prosecuting this action. The Declaration of Class Counsel, and Counsels' Compendium of Declarations (attached hereto as Exhibit 1), which are submitted herewith, describe the expenses and costs incurred for which reimbursement is sought. Plaintiffs respectfully request that the listed expenses and costs be awarded because they were necessary and appropriate in prosecuting this action.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in Class Counsel's Declaration, the Court should grant Class Counsel's application for an award of attorneys' fees in the amount of $3,288,375, plus interest, and reimbursement of expenses in the amount of $15,000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on August 9, 2005 upon: all individuals on the attached service list.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
5550 Glades Rd., Ste. 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Fax

By: _____
      ERIC LEE
      Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

Zebersky & Payne, LLP
Edward Herbert Zebersky, Esq.
4000 Hollywood Blvd., Ste. 400 N
Hollywood, FL  33021
(954) 989-6333
(954) 989-7781 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

## <u>SERVICE LIST</u>

**<u>Co-Lead Counsel for Plaintiffs</u>**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 Facsimile

**<u>Co-Counsel for Plaintiffs</u>**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, <u>Continental, Deerbrook</u>**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
<u>dshelton@rumberger.com</u>
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

**<u>Counsel for Progressive</u>**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
<u>fanania@anania-law.com</u>
Donald A. Blackwell, Esq.
<u>dblackwell@Anania-law.com</u>
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**<u>Counsel for CCN</u>**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL  33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

17

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

FOWLER, WHITE, ET AL.
John P. Marino, Esq.
jamrino@fowlerwhite.com
50 North Laura Street, Suite 2200
Jacksonville, FL  32202
(904) 598-3120
(904) 598-3131 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile
**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
One Southeast Third Ave., 28th Flr.
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

18

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Flr.
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW