UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

     Defendants.

_____/     01-8108

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on behalf of
himself and all others similarly situated,

     Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## NOTICE OF FILING AFFIDAVITS

     PLEASE TAKE NOTICE that Plaintiffs, by their undersigned counsel, hereby file the

following Affidavits in support of Class Counsels' Application for an Award of Attorneys' Fees

and Expenses:

1.     Arthur S. Gold, Esq.;

2.     Carlin J. Phillips, Esq.;

3.     Edward H. Zebersky, Esq.;



CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

4.    Douglas Blankman, Esq.;

5.    Kevin B. Weiss, Esq.;

6.    Robert W. Kerpsack, Esq.;

7.    Eric Lee, Esq.;

8.    Darin Lentner; and

9.    Glen Klausman.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail on August 9, 2005 upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
5550 Glades Rd., Ste. 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Bank of America Tower
Suite 2510
One Financial Plaza
Fort Lauderdale, FL 33394
(954) 462-6855
(954) 462-6899 Facsimile

Zebersky & Payne, LLP
Edward Herbert Zebersky, Esq.
4000 Hollywood Blvd., Ste. 400 N
Hollywood, FL  33021
(954) 989-6333
(954) 989-7781 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW)
### (Updated 8/9/05)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty,**
**Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL 33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

FOWLER, WHITE, ET AL.
John P. Marino, Esq.
jamrino@fowlerwhite.com
50 North Laura Street, Suite 2200
Jacksonville, FL  32202
(904) 598-3120
(904) 598-3131 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
One Southeast Third Ave., 28th Flr.
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON,
KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Flr.
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

               **Plaintiffs,**

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

               **Defendants**

_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,
AUGUSTINE JOSEPH, P.A., and
JOEL M. STEIN, D.O. P.A.,
on behalf of themselves and
 all others similarly situated,


    v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.,
    **Defendants**

_____/


**AFFIDAVIT OF ARTHUR S. GOLD, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES <u>AND
REIMBURSEMENT OF EXPENSES</u>**

    NOW COMES Arthur S. Gold and after being duly sworn does under oath depose and

state as follows:

1. I am an attorney duly licensed in the state of Illinois and am certified to practice in both federal and state courts. I am a partner in the law firm of Gold & Coulson, 11 S. LaSalle Street, Suite 2500, Chicago, IL 60603. This Court has previously granted my pro hac vice motion to appear in these consolidated cases. I have acted as Co-Lead Class Counsel in the present litigation and have personal knowledge of the facts and circumstances contained herein.

2. I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeal and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended by Gold & Coulson**

3. Gold & Coulson has expended approximately 3,053.41 in hours in the prosecution of these consolidated cases for a total lodestar of approximately $1,026,253.10. As for the Nationwide Insurance case, my firm worked approximately 294.15 hours for a total lodestar of $91,196.25. My firm worked approximately 454 hours on the Ohio State UCR class action for a total lodestar of $159,207.5. Thus, the total lodestar for the Nationwide Insurance class action settlement litigation is $250,403.75. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefitted the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Gold & Coulson's hourly rates during the pendency of this case were between $300 and $350 an hour for attorneys and $75-$85 per hour for paralegal work.. These rates are reasonable based on hourly rates charged in similar litigation in this community. The

amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Nationwide Insurance case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

**Expenses of Gold & Coulson**

6. In the prosecution of this action, my firm has incurred $7,819.72 in reasonable and necessary expenses. These expenses were generally related to the consolidated litigation and were divided by 1/15 and only 1/15 of those expenses were added to the expenses of this case so as to create a fair and equitable distribution of general expenses from the consolidated litigation.

Sworn to under the pains and penalties of perjury this ___ day of August, 2005.

_____
Arthur S. Gold, Esq.

OFFICIAL SEAL
KATHLEEN H SEDLOCK
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. AUG. 30,2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

     **Plaintiffs,**

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

     **Defendants**

_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,
AUGUSTINE JOSEPH, P.A., and
JOEL M. STEIN, D.O. P.A.,
on behalf of themselves and
 all others similarly situated,

  **Plaintiff,**

  v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,
  **Defendant**

**AFFIDAVIT OF CARLIN J. PHILLIPS, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES
AND REIMBURSEMENT OF EXPENSES**

   NOW COMES Carlin J. Phillips and after being duly sworn does under oath depose and

state as follows:

1.  I am an attorney duly licensed in the Commonwealth of Massachusetts and am certified to

practice in both federal and state courts.  I am a partner in the law firm of PHILLIPS &

GARCIA, LLP, 13 Ventura Drive, North Dartmouth, Massachusetts, 02747. This Court

has previously granted my pro hac vice motion to appear in these consolidated cases. I

have acted as Co-Lead Class Counsel in the present litigation and have personal

knowledge of the facts and circumstances contained herein.

2.     I have been involved in all aspects of the litigation from the pre-suit investigation through

the Eleventh Circuit appeal and the eventual settlement negotiations in several of the

cases. I have direct knowledge of the work my firm has done in these cases and, this

settled case in particular, and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended by Phillips & Garcia, LLP**

3.     Phillips & Garcia, LLP has expended approximately 1,985.3 hours in the prosecution of

these consolidated cases for a total lodestar of $442,845.40. As for the Nationwide

Insurance case, my firm worked approximately 413 hours for a total lodestar of

$93,492.51 and 9.25 hours for a total lodestar of $2,543.75 in the Stein v. Nationwide

Insurance Co., Ohio State case involving the UCR issue. Thus, the total lodestar for the

Nationwide Insurance litigation class action is 1,996.35 hours for $96,036.26. This

lodestar figure does not account for general time from the consolidated litigation where

work performed in the consolidated cases benefitted the Class in this case. If a

percentage of the general consolidated time were allocated to this case, the lodestar would

increase significantly.

4.     Class Counsel's hourly rates during the pendency of this case were between $200 and

$275 and are reasonable based on hourly rates charged in similar litigation in this

community. The amount of hours expended is also reasonable given the complexity of

this case, the size of the class, the statewide aspect of the case, and the results obtained.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

     Plaintiffs,

  v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

    Defendants     01-8108
_____

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,
AUGUSTINE JOSEPH, P.A., and JOEL M.
STEIN, D.O. P.A.,on behalf of themselves and
all others similarly situated,

     Plaintiffs,

  v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

     Defendant.
_____

**AFFIDAVIT OF EDWARD H. ZEBERSKY, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES
<u>AND REIMBURSEMENT OF EXPENSES</u>**

STATE OF FLORIDA

COUNTY OF BROWARD

  BEFORE ME, the undersigned authority, on this 3rd day of August 2005,

personally appeared EDWARD H. ZEBERSKY, who first being duly sworn and personally

known to me, deposes and says:

1.      I am an AV rated trial attorney licensed to practice in the United States Supreme Court, the Florida Supreme Court and multiple United States District Courts including the United States District Court for the Southern District of Florida. I am currently the President-Elect of the Academy of Florida Trial Lawyers and have prosecuted over 40 class action lawsuits in the past ten years. I am currently a partner in the law firm of Zebersky & Payne, LLP, 4000 Hollywood, FL 33021 and I have personal knowledge of the facts and circumstances contained herein..

2.      I originally acted as Lead Class Counsel in *Joseph v. Nationwide,* Orange County Circuit Court Case No. CA-03-6777, and have acted as Co-Lead Class Counsel for the global settlement of this matter in the federal court proceedings.

3.      I have been involved in all aspects of the state court litigation from the pre-suit class-action investigation through the initiation of settlement discussions and the federal litigation from the initiation of settlement discussions through the eventual settlement of this matter. I have direct knowledge of the work my firm has done in this settled case in particular, and the expenses we have incurred in prosecuting this case.

**Time and Effort Expended by Zebersky & Payne, LLP**

4.      Zebersky & Payne, LLP has expended approximately 364 hours in the prosecution of this matter in both the State and Federal actions for a lodestar of approximately $107,189.

5.      Zebersky & Payne, LLP's hourly rates during the pendancy of this case were between $225 and $350 for attorneys and $95 for paralegal work. These rates are reasonable based on hourly rates charged in similar litigation in this community. The

amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

6.      My firm primarily handles cases on a contingency basis.  To achieve this settlement for class members, my firm had to devote considerable time, effort and resources to the prosecution of this case.  Accordingly, the prosecution of the Nationwide case has affected my firm's ability to prosecute other cases.   As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

**Expenses of Zebersky & Payne, LLP**

7.      In the prosecution of this action, my firm has incurred $2,332.42 in reasonable and necessary expenses.

Sworn to under the pains and penalties of perjury this ___3ᵈ___ day of January _August_ , 2005.

FURTHER AFFIANT SAYETH NAUGHT.

Edward H. Zebersky, Esq.

Sworn to and subscribed before me this _3ᵈ_ day of August 2005 who is personally known to me and did take an oath.

Notary Public, State of Florida
Name:

My Commission Expires:



LAURA SAIZ
MY COMMISSION # DD 258271
EXPIRES: October 13, 2007
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

                           **Plaintiffs,**

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

                         **Defendants**

_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,
AUGUSTINE JOSEPH, P.A., and
JOEL M. STEIN, D.O. P.A.,
on behalf of themselves and
 all others similarly situated,

      v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.,
      **Defendants**

_____/

**AFFIDAVIT OF DOUGLAS BLANKMAN, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES <u>AND
REIMBURSEMENT OF EXPENSES</u>**

NOW COMES Douglas Blankman and after being duly sworn does under oath depose

and state as follows:

1.    I am an attorney duly licensed in the State of Florida and am certified to practice in both

federal and state courts. I am a partner in the law firm of Kopelman & Blankman, 350 E.

Las Olas Blvd., Ft. Lauderdale, FL 33301. I have acted as Co-Lead Class Counsel in the

present litigation and have personal knowledge of the facts and circumstances contained

herein.

2.    I have been involved in all aspects of the litigation from the pre-suit investigation through

the Eleventh Circuit appeal and the eventual settlement negotiations in several of the

cases. I have direct knowledge of the work my firm has done in these cases and, this

settled case in particular, and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended by Kopelman & Blankman**

3.    Kopelman & Blankman has expended approximately 423.85 hours in the prosecution of

the Nationwide Insurance case for a total lodestar of $127,155.00. The firm has also

spent approximately 121.10 hours on the related Ohio State UCR class action for a

lodestar of $36,330.00. The total lodestar figure for our firm related to the Nationwide

Insurance case is $163,485. This lodestar figure does not account for general time from

the consolidated litigation where work performed in the consolidated cases benefited the

Class in this case. If a percentage of the general consolidated time were allocated to this

case, the lodestar would increase significantly.

4.    Class Counsel's hourly rates during the pendency of this case were $300 per hour and are

reasonable based on hourly rates charged in similar litigation in this community. The

amount of hours expended is also reasonable given the complexity of this case, the size of

the class, the statewide aspect of the case, and the results obtained.

5.    My firm primarily handles cases on a contingency basis. To achieve this Settlement for

Class Members, my firm had to devote considerable time, effort and resources to the

prosecution of this case. Accordingly, the prosecution of the Prudential case and the

consolidated litigation in general has affected my firm's ability to prosecute other cases.

As with all firms with a contingent fee caseload, fees from larger cases typically represent

remuneration for years worth of effort and have to account for missed opportunities in the

legal marketplace.

**Expenses of Kopelman & Blankman**

6.    In the prosecution of this action, my firm has incurred $2,854.12 in reasonable and

necessary expenses. These expenses were generally related to the consolidated litigation,

such as certain travel and conference call expenses, and represent 1/15 of my firm's total

general consolidated expenses. These expenses were divided in this manner to create a

fair and equitable distribution of general expenses from the consolidated litigation.

Sworn to under the pains and penalties of perjury this ⟨8th⟩ day of August, 2005.

_____
Douglas Blankman, Esq.

SWORN TO AND SUBSCRIBED before me this ⟨8th⟩ day of ⟨August⟩, 2005 by
Douglas Blankman.

_____
Notary Public, State of Florida

⟨CATHERINE LEPORE⟩
(Printed Name)

My Commission Expires:



Catherine Lepore
MY COMMISSION # DD189682 EXPIRES
June 11, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

    Plaintiffs,

 v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

   Defendants      01-8108

SALVATORE D. LARUSSO, D.C., d/b/a FAMILY
CHIROPRACTIC CENTER, AUGUSTINE
JOSEPH, P.A., and JOEL M. STEIN, D.O. P.A., on
behalf of themselves and all others similarly
situated,

    Plaintiffs,

 v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

    Defendant.

---

**AFFIDAVIT OF KEVIN B. WEISS, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES
AND REIMBURSEMENT OF EXPENSES**

STATE OF FLORIDA

COUNTY OF ORANGE

  BEFORE ME, the undersigned authority, on this ___ day of August 2005, personally

WEISS LEGAL GROUP, P.A Fax:4075993978          Aug  8 2005 18:04          P.04

appeared KEVIN B. WEISS, who first being duly sworn and personally known to me, deposes and says:

1.      I am an attorney licensed to practice in the State of Florida.  My license number is 0117595.  I am currently the managing partner in the law firm of Weiss Legal Group, P.A., 500 North Maitland Avenue, Suite 303, Maitland, Florida 32751 and I have personal knowledge of the facts and circumstances contained herein..

2.      I originally acted as Class Counsel in *Joseph v. Nationwide*, Orange County Circuit Court Case No. CA-03-6777.  I am also the attorney who originally filed the *Joseph v. Nationwide* case in Orange County on May 9, 2001 and litigated the case until it was transferred to Circuit Court for the Class Case.

3.      I have direct knowledge of the work my firm has done in this settled case in particular, and the expenses we have incurred in prosecuting this case.

**Time and Effort Expended by Weiss Legal Group, P.A.**

4.      Weiss Legal Group, P.A. has expended approximately 210 hours in the prosecution of this matter in the state action for a lodestar of approximately $73,500.00.

5.      Weiss Legal Group, P.A.'s hourly rates during the pendency of this case were between $300.00 and $350.00 for attorneys and $95 for paralegal work.  These rates are reasonable based on hourly rates charged in similar litigation in this community.  The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

6.      My firm primarily handles cases on a contingency basis.  To achieve this settlement for class members, my firm had to devote considerable time, effort and resources to the prosecution

of this case. Accordingly, the prosecution of the Nationwide case has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

**Weiss Legal Group, P.A.**

7.      In the prosecution of this action, my firm has incurred $470.00 in reasonable and necessary expenses.

Sworn to under the pains and penalties of perjury this _____ day of August, 2005.

FURTHER AFFIANT SAYETH NAUGHT.



Kevin B. Weiss, Esq.
Weiss Legal Group, P.A.
500 North Maitland Avenue, Suite 303
Maitland, FL 32751
407-599-9036  telephone
407-599-3978  facsimile

Sworn to and subscribed before me this _____ day of August 2005 who is personally known to me and did take an oath.

Notary Public, State of Florida
Name:

My Commission Expires:

ANGELLA GONZALEZ
MY COMMISSION # DD 091508
EXPIRES: February 12, 2008
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

               Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

               Defendants
_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,
AUGUSTINE JOSEPH, P.A., and
JOEL M. STEIN, D.O. P.A.,
on behalf of themselves and
 all others similarly situated,


     v.
NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.,
       Defendants

_____/


**AFFIDAVIT OF ROBERT W. KERPSACK**
**IN SUPPORT OF CLASS COUNSEL'S APPLICATION**
**FOR AN AWARD OF ATTORNEY'S FEES**
**AND REIMBURSEMENT OF EXPENSES**

      NOW COMES Robert W. Kerpsack, and after being duly sworn, does under oath depose

and state as follows:

1.   I am an attorney duly licensed in the State of Ohio and am certified to practice in several

     federal courts, including the United State District Courts for the Northern and Southern

     Districts of Ohio, the Sixth United States Circuit Court of Appeals, and the United States

     Supreme Court. I am a principal in the law firm of ROBERT W. KERPSACK CO., LPA.

     I have acted as Co-Lead Counsel in the <u>Stein v. Nationwide Insurance Co.</u> Ohio State

     litigation (the "UCR Litigation") that has been settled as part of the Nationwide Insurance

     class action settlement presently before the Court. I have personal knowledge of the facts

     and circumstances contained herein.

2.   I have been involved in all aspects of the UCR Litigation including the Ohio appeal of the

     trial court dismissal of the action. I have direct knowledge of the work my firm has done

     in this case and the expenses we have incurred in prosecuting these cases.


**Time and Effort Expended**

3.   My law firm and I have expended approximately 270 hours in the prosecution of the UCR

     Litigation for a total lodestar of $78,533.00.

4.   My law firm's hourly rates during the pendency of this case was $300 for partner time

     and $90 for paralegal time. These charges are reasonable based on hourly rates charged

     in similar litigation in this community. The amount of hours expended is also reasonable

     given the complexity of this case, the size and location of the class, the statewide aspect

     of the case, and the results obtained.

5.   My law firm primarily handles cases on a contingency basis. To achieve this Settlement

     for Class Members, my firm had to devote considerable time, effort and resources to the

     prosecution of this case. Accordingly, the prosecution of the UCR Litigation and the

2

Nationwide Insurance case in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

**Litigation Expenses**

6.      In the prosecution of this action, my law firm has incurred and advanced $1,770.52 in reasonable and necessary expenses. Expenses that were generally related to the consolidated litigation, such as certain travel and conference call expenses, were divided by 1/15 and only 1/15 of those expense were added to the expenses of this case so as to create a fair and equitable distribution of general expenses from the consolidated litigation.

Further Affiant sayeth naught.

Robert W. Kerpsack

Sworn to under the pains and penalties of perjury this 8th day of August, 2005.

NOTARY PUBLIC

KELLY D. BORROR
Notary Public, State of Ohio
My Commission Expires 09/16/2009

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

      Defendants.

_____/      01-8108

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

**AFFIDAVIT OF ERIC LEE, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Eric Lee, being duly sworn, states as follows:

1.      I am an attorney duly licensed in the State of Florida and I am certified to practice

in both federal and state courts. I am a managing member in the law firm of Lee & Amtzis, P.L.,

5550 Glades Road, Suite 401, Boca Raton, FL 33431. Prior to working at Lee & Amtzis, I was a

partner at Atlas Pearlman, formerly of Ft. Lauderdale. I have acted as Co-Lead Class Counsel in

the present litigation while at my firm and Atlas Pearlman and have personal knowledge of the facts and circumstances contained herein.

2.     I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeal and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended by Atlas Pearlman**

3.     While I was employed at Atlas Pearlman, the firm expended approximately 3,313.20 hours in the prosecution of the consolidated litigation for a total lodestar of $815,197.71. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefited the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4.     Atlas Pearlman's hourly rates during the pendency of this case were between $175 and $350 per hour for attorneys and are reasonable based on hourly rates charged in similar litigation in this community.   The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

**Time and Effort Expended by Lee & Amtzis**

5.     Lee & Amtzis has expended approximately 765.70 hours in the prosecution of the consolidated litigation for a total lodestar of approximately $262,213.50.  Based on my billing practices, time for Nationwide Insurance was aggregated into the consolidated PPO billing file.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

The lodestar figure for the Nationwide Insurance case would be further enhanced by the attribution of a percentage of the consolidated time Lee & Amtzis has worked on these consolidated cases.

6.    Lee & Amtzis has also expended approximately 105.3 hours in the prosecution of the Nationwide Insurance case, for a lodestar of $36,855.00 and has spent approximately 67.9 hours on the related Ohio State UCR class action for a lodestar of $22,680.00. The lodestar figure for our firm relating specifically to the Nationwide Insurance case is $59,535.00.

7.    Lee & Amtzis's hourly rates during the pendency of this case were between $195 for associates and $350 for partners and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

8.    To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Nationwide Insurance case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

**Expenses of Lee & Amtzis**

9.    In the prosecution of this action, my firm has incurred approximately $1,631.08 in reasonable and necessary expenses. These expenses were generally related to the consolidated litigation and have been estimated as expenses attributable to the Nationwide Insurance case.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Sworn to under the pains and penalties of perjury this _8th_ day of August, 2005.

Eric Lee, Esq.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

SENT BY: WATSON AND LENTNER;           9543519155;        AUG-9-05  2:11PM;        PAGE 2/4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW


DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

                **Plaintiffs,**

v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

                **Defendants**

_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,
AUGUSTINE JOSEPH, P.A., and
JOEL M. STEIN, D.O. P.A.,
on behalf of themselves and
all others similarly situated,


      v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.,
      **Defendants**

_____/


**AFFIDAVIT OF DARIN J. LENTNER, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND
REIMBURSEMENT OF EXPENSES**

    NOW COMES Darin J. Lentner and after being duly sworn does under oath depose and

state as follows:

SENT BY: WATSON AND LENTNER;          9543519155;          AUG-9-05  2:11PM;          PAGE 3/4

1.     I am an attorney duly licensed in the State of Florida and am certified to practice in both federal and state courts. I am a partner in the law firm of LAURA M. WATSON, P.A. I have acted as Co-Counsel in the <u>Stein v. Nationwide Insurance Co.</u>, Ohio State litigation (the "UCR Litigation") that has been settled as part of the Nationwide Insurance class action settlement presently before the Court. I have personal knowledge of the facts and circumstances contained herein.

2.     I have been involved in all aspects of the UCR Litigation including the Ohio appeal of the trial court dismissal of the action. I have direct knowledge of the work my firm has done in this case and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended**

3.     My firm has expended approximately 137.4 hours in the prosecution of the UCR Litigation for a total lodestar of $41,220.00.

4.     My firm's hourly rates during the pendency of this case was $300 for partner time and $225.00 for associate time. These charges are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5.     My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the UCR Litigation and the Nationwide Insurance case in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically

represent remuneration for years worth of effort and have to account for missed

opportunities in the legal marketplace.

**Litigation Expenses**

6.      In the prosecution of this action, my firm has incurred $1,457.37 in reasonable and

necessary expenses.  Expenses that were generally related to the consolidated litigation,

such as certain travel and conference call expenses, were divided by 1/15 and only 1/15 of

those expense were added to the expenses of this case so as to created a fair and equitable

distribution of general expenses from the consolidated litigation.

FURTHER AFFIANT SAYETH NAUGHT.

                                                Darin J. Lentner, Esquire


The foregoing instrument was acknowledged before me this ___9___ day of August, 2005

by DARIN J. LENTNER, who is personally known to me and did not take an oath.


Notary Public
My Commission Expires:

Lourdes T Torres
My Commission DD172020
Expires January 31, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

              Plaintiffs,

    v.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

              Defendants

---

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER,
AUGUSTINE JOSEPH, P.A., and JOEL M.
STEIN, D.O. P.A., on behalf of themselves
and all others similarly situated,

              Plaintiffs,

    v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

              Defendant.

01-8108

---

## AFFIDAVIT OF ATTORNEY TIME EXPENDED AND COSTS INCURRED

STATE OF FLORIDA
COUNTY OF SEMINOLE

1.     My name is Glenn Klausman and I am an attorney licensed to practice law in the State of Florida and in good standing since 1976.  My Florida Bar Number is 0215260.  A copy of my resume is attached hereto as Exhibit "A."

2.     I was retained as co-counsel by plaintiff Augustine Joseph, P.A., to pursue claims against Nationwide Mutual Insurance Company for motor vehicle insurance personal injury protection benefits, including claims wherein the assignee was Michelle Turner.  My fee agreement was a pure contingency fee "no recovery = no attorney fees or costs" agreement.  My hourly rate is $400.  I have been awarded $400 as an hourly rate for more than two years and by at least five central Florida judges.

3.     I expended 142 hours attorney time in pursuing the PIP benefits claims for Augustine Joseph, P.A., against Nationwide Mutual Insurance Company, including time spent in the prosecution of the underlying claims in County Court, in the class action claim in Circuit Court, and in the negotiation of the settlement of the claim in federal court.   The lodestar fee is $56,800.

4.     The issues presented in the case at issue were both complex and difficult, with the chances of a recovery at the outset being less than 50%.  At the outset of the case, our prosecution of this case challenged the business practice of Nationwide to cut reimbursement of physician billings by using the physician's

2

PPO discounted rates with the CCN PPO network. Nationwide claimed to be a member of the CCN PPO network and the plaintiff's position was although the plaintiff joined the CCN network, Nationwide was not entitled to the plaintiff's discounted CCN PPO rates. At issue was the entitlement of Nationwide to utilize this business practice of paying the physicians the CCN PPO discounted fee schedule.

After entering into the agreement to serve as co-counsel, the discovery in this case, including the deposition of a Nationwide corporate executive taken by the undersigned attorney, revealed potential problems for Nationwide's claim of entitlement to pay physicians at the discounted CCN PPO fee schedule rates. This discovery likely resulted in the decision of Nationwide to settle this case rather than litigate further. The undersigned attorney subsequently participated in extensive discussions and negotiations with co-counsel representing the other plaintiffs in the above-styled case concerning consolidating the cases and working together towards the resolution of a global class settlement with Nationwide. The undersigned also assisted and participated in extensive negotiations with Nationwide to attempt to reach the global settlement that was ultimately achieved.

3

5. In the prosecution of this action, the undersigned attorney's law firm has incurred $1,204.40 in filing fee and court reporter expenses related to this litigation and the underlying litigation in State court.

Further affiant sayeth not.

Glenn Klausman
Florida Bar No. 0215260
Jacobs & Goodman, P.A.
890 S.R. 434 North
Altamonte Springs, FL  32714
(407) 788-2949, FAX (407) 788-8628
Attorneys for Augustine Joseph, P.A.

Sworn to and subscribed before me this 9th day of August, 2005, by Glenn Klausman, who is personally known to me and did take an oath.

Notary Public, State of Florida
Name: LOUISE  SCARBOROUGH

My Commission Expires: 7/29/09



LOUISE SCARBOROUGH
Notary Public, State of Florida
My comm. expires July 29, 2009
No. DD428716
Bonded thru Ashton Agency, Inc. (800)451-4854

4

Received Fax  Aug. 9. 2005 3:30PM  Fax Station  LEE & AMTZIS, P.A

Aug. 9. 2005 3:28PM                                        No.5928   P. 6

Glenn Klausman
Jacobs & Goodman, P.A.
890 SR 434 N.
Altamonte Springs, FL 32714

Educational:
University of Georgia, 1969-1973, graduated w/Honors A.B.J. degree,
        College of Journalism
Stetson College of Law, Sept. 1973-Jan. 1976, graduated with Juris Doctor degree

Post-law school courses/training:
College of Advocacy at Hastings College of Law/University of California (1979)
Trial Practice Institute of Nat'l College for Criminal Defense, Houston, Texas (1981)
University of Alabama in Birmingham, Special Studies (1981)

Career Employment:
Office of the Public Defender of the 18th Judicial Circuit, June 1976-December 1976
Office of the Public Defender of the 9th Judicial Circuit, January 1977-January 1981
        Juvenile Court Division Chief 1978, Felony Division Chief 1979-1981
Jacobs & Goodman, P.A., January 1981-present

Professional:
Admitted to the Florida Bar in June, 1976
Admitted to the Bar of the Supreme Court of the United States in July, 1979
Seminole County Bar Association:
        Board of Directors 1991-1993, Secretary 1993, President 1994-1995
Florida Bar Grievance Committee 1994-1997, Chairman 1997
Central Florida Legal Services Board 1996-1997
Academy of Florida Trial Lawyers beginning 1987
        Member AFTL Insurance Committee, with focus on PIP legislation 2001,
                Participated in drafting PIP legislation in 2001, 2003, and 2004
        Member AFTL Insurance Committee 2002-present
                Co-Chairman Motor Vehicle Insurance Committee 2003-2204
                Vice Chair Motor Vehicle Insurance Committee 2005
                Participated in drafting PIP legislation and appeared before the
                Florida Senate Committee Hearing re PIP legislation 2003 and before
                the Florida House Committee Hearing re PIP legislation in 2004
        Speaker, AFTL 2003 Convention: 2003 Legislative Changes in PIP Law
        Moderator and Speaker, AFTL PIP Law Seminar 2004, Tampa and
                Ft. Lauderdale
        Speaker AFTL 2005 Convention: Insurance Case Law Update
        Elected to AFTL Board of Directors 2003-2004, 2005-2006
        AFTL Membership Committee 2003-present
        AFTL CLE Committee 2003-present
Association of Trial Lawyers of America 2001-present
Central Florida Trial Attorneys Association 1998-present
        Board of Directors 1999-present
Seminole County Civil Trial Lawyers Association, 1997-present
Certified County Court Mediator 1993-2003

Received Fax       Aug. 09 2005 3:30PM       Fax Station : LEE & AMTZIS, P.<br>Case 0:00-cv-06061-WJZ   Document 1102   Entered on FLSD Docket 08/12/2005   Page 35 of 35

Aug. 9. 2005  3:28PM                                    No.5928   P. 7

2002-2004 Chairperson, Orange County PIP Committee appointed by
    Judge Jeffery Arnold


Presentations:
"2003 Legislative Changes to the Florida Motor Vehicle No-Fault Law"
    to the Florida Chiropractic Assn, Summer Convention 2003
Moderator/presenter at AFTL seminar "Current Challenges in PIP,"
    3/25/04 in Tampa and 3/26/04 in Ft. Lauderdale
"Current Issues in Florida PIP Law" to the Florida Chiropractic Assn.
    Summer Convention, 2004.
"Insurance Case Law Update" at AFTL annual convention 2005


Appellate Counsel (published opinions):
Florida Supreme Court case:
    State v. Cain, 381 So. 2d 1361, Fla. 1980
Fifth District Court of Appeal cases:
    Nationwide v. Friedman, Fla. 5th DCA October, 2004
    Nationwide v. Cartagena, Fla. 5th DCA, October, 2004
    Gramman v. Stachkunas, 750 So.2d 688, Fla. 5th DCA 1999
    Allstate v. Neville, 687 So.2d 82, Fla. 5th DCA 1997
    Stewart v. Allstate, 618 So. 2d 576, Fla. 5th DCA 1993
    Giaculli v. Bright, 584 So.2d 187, Fla. 5th DCA 1991
    Kirby v. Adkins, 582 So.2d 1209, Fla. 5th DCA 1991
    Rogers v. Keating, 411 So. 2d 231, Fla. 5th DCA 1982
    State v. Bonamy, 409 So.2d 518, Fla. 5th DCA 1982
    Baxley v. State, 411 So.2d 194, Fla. 5th DCA 1981
    Bates v. Keating, 396 So. 2d 1172, Fla. 5th DCA 1981
    Sowers v. State 395 So. 2d 576, Fla. 5th DCA 1981
    Sowers v. State, 386 So.2d 245, Fla. 5th DCA 1980
    Simmons v. State, 371 So.2d 151, Fla. 5th DCA 1979
Circuit Court appellate cases and county court published opinion:
    Friedman v. Nationwide, 18th Judicial Circuit 2003
    Cartagena v. Nationwide, 18th Judicial Circuit, 2003
    Balauat v. Metropolitan, 9th Judicial Circuit 2005