FILED by __ D.C.

ELECTRONIC

**Aug 16 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated**,**

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

      Defendants.

_____/

THE CHIROPRACTIC CENTRE, INC., on          01-6783
behalf of itself and all others similarly  situated,

      Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE
COMPANY, et al.,

      Defendants.

_____/

## MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S UNOPPOSED[1] APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

      Class Counsel in the above-captioned action respectfully submit this memorandum in

support of their application for an award of attorneys' fees and reimbursement of costs and

expenses incurred in the prosecution of this class action which has resulted in a settlement of

---

[1] Pursuant to the Settlement Agreement, Metropolitan does not oppose Class Counsel's Application for an Award of Attorney's Fees and Reimbursement of Expenses.  In addition, pursuant to this Court's Order of Preliminary Approval, class members were provided notice of the attorney's fees and expenses being sought by Class Counsel. Over 1,042 Notices were sent.  To date, there have been no objections to the attorney's fees or reimbursement of

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

**1103/gp**

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

approximately $380,000 in benefits to the Class. The class action Settlement, which is currently before the Court for final approval, involves the named defendants Metropolitan Property and Casualty Insurance Company, Metropolitan Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, Metropolitan General Insurance Company, Metropolitan Group Property and Casualty Insurance Company, Economy Fire & Casualty Company, Economy Preferred Insurance Company, Economy Premier Assurance Company, St. Paul Fire and Marine Insurance Company, St. Paul Mercury Insurance Company, St. Paul Guardian Insurance Company, Athena Assurance Company, Discover Property & Casualty Insurance Company, St. Paul Protective Insurance Company f/k/a Northbrook Property and Casualty Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Victoria Fire & Casualty Insurance Company, and Victoria Select Insurance Company (collectively hereinafter "Metropolitan") for total class relief of over $380,000 (the "Settlement").[2]

As described in detail in the accompanying Declaration of Class Counsel in Support of Final Approval of Class Action Settlement and an Award of Attorney's Fees and Costs ("Class Counsel's Declaration"), Class Counsel have devoted a substantial number of hours to this case and have incurred out-of-pocket costs and expenses over the five years that this case has been pending in the District Court and the Eleventh Circuit Court of Appeals. Given the extraordinary

_____

expenses sought by Class Counsel.

[2]  The specific terms of the Settlement have been set forth in the Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court and preliminarily approved on April 21, 2005. The settlement provides for a $380,000 class fund for Class Members to recover up to 100% of their individual damages.. Metropolitan has also agreed to pay the following monies separate from the class fund: 1) up to $114,000 in attorneys' fees; 2) reasonable litigation costs and expenses, not to exceed $5,250; and (3) costs of settlement administration. The settlement also provides for a Claim Dispute Resolution process involving arbitration to resolve any individual Class Member claims disputes.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

results achieved, the complexity and amount of work involved, the skill and expertise of Class

Counsel and the risks counsel undertook, Class Counsel strongly believe that this case warrants an

award of fees totaling $114,000 which is equivalent to one third of the reserved Class Fund – an

amount Metropolitan Insurance  has agreed to pay separate and outside of the Class Fund.  Class

Counsel also request an award of $5,250 towards reasonable costs and expenses in prosecuting

the action.  The Notice sent to class members notified class members that Class Counsel would be

seeking these fees and expenses.  **Metropolitan has agreed to pay these amounts and there

were no objections to the settlement or Class Counsels' request for fees and expenses.**

I.      **BACKGROUND.**

        The procedural history and relevant facts about the initiation and prosecution of these

consolidated cases since their inception almost five years ago is described in detail in Counsel's

Declaration and in the Memorandum in Support of Proposed Settlement, both of which are

submitted concurrently herewith.  The Metropolitan settlement cannot be viewed in a vacuum

because it was part of the massive litigation effort Class Counsel put forth in these consolidated

cases.  As indicated in Class Counsel's Declaration, the plaintiffs in the consolidated actions

challenged an industry-wide practice undertaken by automobile insurers throughout the state of

Florida.  Class Counsel brought novel allegations based on complex legal theories against fifteen

different insurers, some of which are the nation's largest insurance companies.  As the docket

clearly indicates, the defendants poured legal firepower into the defense of these claims retaining

some of the biggest and best defense firms in the country to defend these cases.[3]

---

[3]   Defendants retained the following defense firms: Rumberger, Kirk & Caldwell; Ross & Hardies; Tew Cardenas;
Anania Bandklayder; Fowler White; Kenney Nachwalter Seymour Arnold Critchlow & Spector; Swartz Campbell
Detweiler; Holland & Knight; Akerman Senterfitt; Sonnenschein, Nath & Rosenthal; Butler Burnette Pappas; Shea
& Gardner; and, Conroy, Simberg, Ganon, Krevans & Abel.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Class Counsel efficiently and effectively managed and prosecuted these fifteen RICO class actions over a five year period enabling them to reach settlements with certain insurance company defendants, one of which is Metropolitan. As of the filing of this pleading, all of the defendant insurers, including Metropolitan, have stopped the practice of taking PPO discounts on automobile insurance medical expense claims in the State of Florida. While certain defendants, including Metropolitan, dispute whether these class actions caused the termination of their PPO discounting programs, an industry-wide practice that siphoned millions of dollars from medical providers throughout the State of Florida has been stopped and, through this settlement and others, millions of dollars of settlement benefits have been made available for medical providers to claim.

## II.     CLASS COUNSEL ARE ENTITLED TO A FEE BASED UPON A PERCENTAGE OF THE CLASS RECOVERY.

The award of counsel fees in this class action is governed by the common fund doctrine. The Supreme Court has consistently recognized that when a common fund is successfully established for the benefit of Class members, the cost of litigation, and specifically counsel's efforts, should be spread among the common fund's beneficiaries. As the Supreme Court noted in Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980):

> A litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.

This was reiterated by the Eleventh Circuit in Camden I Condominium Association, Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991) when the court reasoned that attorneys who create a common fund are entitled to be compensated for their efforts from a percentage of that fund. In Camden the Court held : "Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

946 F.2d at 774-75.

Furthermore, in the absence of any evidence of collusion or detriment to the class, a court should give substantial weight to a negotiated fee amount, assuming that it represents the parties' "best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees." Elkins v. Equitable Life Ins. Co., 1998 WL 133741 (M.D. Fla. Jan. 27, 1998)(quoting Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 720 (5th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87, 109 (1989)).  This weight is particularly appropriate when, as in the present case, no objections have been raised to the fee award and the amount of fees is entirely consistent with a reasonable fee award under the circumstances of the cases.  See e.g., Ingram v. Coca-Cola Co., 200 F.R.D. 685, 695 (N.D. Ga. 2001).

**III.    THE REQUESTED FEES ARE APPROPRIATE GIVEN THE RESULTS ACHIEVED, THE RISKS INVOLVED AND THE EFFORT EXPENDED.**

**A.    The Relevant Factors for Assessing Attorney's Fees in Class Actions.**

In the Eleventh Circuit "an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded.." Camden, 926 F.2d 775.  Courts have repeatedly emphasized however that the range is merely a benchmark, not a hard and fast rule.  As a result, the Eleventh Circuit has developed a number of non-exclusive factor that courts may consider in assessing what fees are reasonable in a particular class action.

In Camden, the Court enumerated the following factors as ones the Court may consider in determining the percentage of a fund to be applied to each case: (1) the time and labor required; (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The Camden decision went on to state the following additional considerations:

> Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action. In most instances, there will also be additional factors unique to a particular case which will be relevant to the district court's consideration.

946 F.2d at 775. While each of the above factors may be an appropriate consideration, the factors which will impact upon the appropriate percentage to be awarded as a fee in any particular case will undoubtedly vary. Id.

**B.      The Relevant Factors for Assessing Attorney's Fees Weigh in Favor of the One-Third fee Requested by Class Counsel.**

**1.      The Results Obtained Support Class Counsel's Fee Request.**

There is no better indicator of the quality of Class Counsel's representation than the result obtained. Behrens, 118 F. R. D. at 547. Class Counsel achieved a monetary settlement of approximately 100% of the Class Members' damages with a minimal claims process where Class Members do not have to submit documentary evidence to establish their claims.[4] To claim benefits Class Members need only complete a simple, straightforward claim form providing basic information to the Settlement Administrator, far less proof than they would be required at trial or even in the prosecution of an individual state court PIP case. Moreover, Metropolitan has agreed to pay Class Counsel fees and reasonable costs and litigation expenses separate and outside of the

---

[4] The precise terms of the Settlement involving payment to the Class Members are set forth in the Stipulation of Settlement filed with the Court and are also discussed in detail in the Declaration of Class Counsel.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Class Member fund of $380,000 that has been reserved by Metropolitan to pay the Class their claims. In essence, the only monetary damage the Class does not receive in the Settlement is interest on their actual damages. Had this case gone to trial and the plaintiffs prevailed, the Class might not have achieved as good a result as they have under the Settlement.

2.    **The Substantial Time and Labor Required to Produce the Settlement and the Length of Time Required to Reach a Resolution of the Case Supports the Fee Request.**

As discussed at length in Class Counsel's Declaration, this case was one of fifteen consolidated cases and a substantial amount of the effort expended in the consolidated cases benefited the Class Members in the Metropolitan case. Five law firms have worked on these cases during the past five years and this settlement was a result of protracted negotiations and substantial cooperation among the various firms involved. The substantial efforts by these law firms, in addition to the results obtained, is demonstrated by the number of hours spent on these matters. Class Counsel has expended over 12,126 total hours in the prosecution of the consolidated cases for a total lodestar to date of approximately $3,429,447.97.[6] The total hours expended in the Metropolitan Insurance case exceeds 254 hours with a lodestar of more than $75,000.00. The multiplier being sought solely on the Metropolitan case is only a 1.52 multiplier. The total multiplier, including prior fee awards, is only a 1.2 multiplier.

The time expended by Class Counsel in this litigation is described in detail in the Declaration of Class Counsel. In summary, Class Counsel conducted an intensive pre-suit investigation, performed a great deal of research prior to filing and poured a tremendous amount of time and resources into drafting the initial class action complaint which challenged the direct

---

[6]    Due to the overlap of work and effort inherent in a consolidated case, the hours were calculated based on the time spent on all of the cases without allocation of a percentage, such as 1/15, of the general time spent on the prosecution of the consolidated cases.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

practice of utilizing "silent PPO" discounts by insurers, and also served as the model for the Metropolitan filing. Within weeks after suit was filed, Class Counsel filed a motion for class certification and aggressively pursued discovery. Additionally, Class Counsel opposed Metropolitan's numerous motions including the motion to compel arbitration. Class Counsel were able to defeat Metropolitan's motion to compel arbitration at which time Metropolitan appealed the case to the Eleventh Circuit. While the case was in the Eleventh Circuit, Class Counsel worked diligently to negotiate a settlement. After a period of several months and several intensive settlement meetings, Class Counsel and defense counsel were able to finalize the Settlement Agreement with Metropolitan.

### 3.    The Economics Involved in Prosecuting the Action, the Contingent Nature of the Representation and the Preclusion of Other Employment.

This action was prosecuted by Class Counsel on a contingent fee basis. Class Counsel would be paid only if they achieved a successful result for the Class. Class Counsel have not been paid one penny for their services in the four years the Metropolitan case has been pending[7]. Courts have long recognized, particularly in this Circuit, that the attorneys' contingent fee risk is an important factor in determining the fee award. See Jones v. Central Soya Co., 748 F.2d 586, 591 (11th Cir. 1986), In Behrens, when discussing a securities class action Judge King noted:

> A contingency fee arrangement often justifies an increase in the award of attorneys fees. This rule helps assure that the contingency fee arrangement endures. If this 'bonus methodology' did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort and money, especially in light of the risks of recovering nothing.

118 F. R. D. at 548.

_____

[7] Earlier this year, Class Counsel in the consolidated actions received partial compensation by way of three settlements approved by this Court.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

The specter of potential financial loss in this case loomed large.  Class Counsel were confronted with a number of major factors that affected their case: (1) the uncertain outcome of pending appeals to the Florida Supreme Court concerning the interpretation of Florida Statute section 627.736(1)); (2) the uncertain outcome of a pending appeal to the 11th Circuit Court of Appeals concerning Metropolitan's motion to compel arbitration or in the alternative to dismiss the action; and (3) the inherent difficulties in proving the elements of a RICO action against Metropolitan in a full trial on the merits. Class Counsel recognized that  a negative decision in any of the pending state or federal appeals would have essentially stripped the plaintiff's case theory and wasted years of work by Class Counsel.  Moreover, Class Counsel was proceeding in part on a complex civil RICO claim which would be subject to summary judgment in the trial court and, if the Plaintiffs succeeded, further subject to Metropolitan's appeal to the Eleventh Circuit.

The risks inherent in losing years of work, as well as the monies spent funding this case were further compounded by the effective preclusion of other employment by Class Counsel due to their acceptance of this case and the consolidated cases.  The substantial amount of work at times on the consolidated cases and this case bordered on overwhelming.  For example, as discussed in Class Counsel's Declaration, in one two month period the defendants in these consolidated cases filed 49 separate pleadings with the Court.  For long periods of time during the pendency of the Metropolitan case and the consolidated cases, Class Counsel was required to work almost exclusively on this litigation to aggressively represent the Class.

**4.      The Novelty and Difficult of the Questions Involved and the Skill Requisite to Perform the Legal Services Properly.**

In assessing the quality of work performed and the risk undertaken by Class Counsel, it is

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

also necessary to consider the complexity and magnitude of the litigation, as well as the difficulty of the questions involved. As discussed throughout this petition, the Metropolitan case cannot now be totally disassociated from the consolidated litigation because it has settled. A civil RICO class action against an insurance company is complex enough in itself, but when combined with fourteen other similar class actions, the complexity and magnitude of the litigation increases exponentially. The current 1,000 plus docket entries alone speak volumes to the complexity and magnitude of the litigation.

Moreover, the Plaintiffs' claims were novel both factually and legally. These cases are the first and only federal court class actions in the country to challenge the "silent PPO" discount scheme emerging in the automobile insurance industry, cases of first impression on this issue. In addition to having unique factual allegations, Class Counsel had to select legal theories that allowed for the real aggrieved parties, i.e., the Florida medical providers, to maintain standing to prosecute their claims against the automobile insurers.

Counsel's fee should also reflect the degree of experience, competence and effort necessary to achieve the proposed Settlement. Class Counsel are experienced in class action cases and trial work in general and worked together as a cohesive team to prosecute the Metropolitan case and the consolidated cases. Courts have long recognized the importance of providing incentives to experienced counsel who take complex litigation cases on a contingent fee basis, so that those cases can be prosecuted effectively.

In assessing the quality of representation by Class Counsel, the Court should also consider the quality of the opposition, as well as the standing of Class Counsel. See Ressler, 149 F.R.D. at 654. As noted above, the law firm defending Metropolitan is well known for its defense work in Florida and the litany of law firms representing the other defendants in the consolidated

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

10

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

litigation reads like a veritable "Who's Who" of the corporate civil defense bar.

5.    **The Requested Percentage is Fair and Reasonable and Is Consistent With fee Awards in Comparable Cases.**

For the reasons set forth here, and in Class Counsel's Declaration, Class Counsel respectfully submit that their performance in this litigation, and the superior results efficiently achieved, warrant more than a simple "benchmark" level of compensation. Given the work involved and the result achieved, Class Counsel believe that it is fair, reasonable and eminently appropriate for the Court to award counsel the requested fee. Additionally, the requested one-third fee is consistent with fees awarded in similar cases in this Circuit. See e.g. Waters, 190 F.3d at 1298 (finding no abuse of discretion in approving a 1/3 class counsel fee award of $13.33 million in case involving class fund of $40 million on scheme to defraud customers); Bakalor v. Integrated Communication Network Inc., 96-2021-Civ-King (S.D. Fla. 1997)(awarding 33.3%).

Class Counsel's requested one-third fee is also consistent with awards in other jurisdictions in similar class action cases. See e.g., In re IKON Office Solutions, Inc., 194 F.R.D. 166, 192 (E.D. Pa. 2000)(awarding attorney's fees of 33% on $111 million partial settlement, where plaintiffs later failed in claim against accountant); Kurzweil v. Philip Morris Cos., 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. 999)(awarding attorney's fees of 30% on settlement fund of over $123 million); In re Combustion, Inc., 968 F. Supp. 1116 (W.D. La. 1997)(awarding attorney's fees of 36% on settlement fund of over $127 million).

Moreover, the fee requested by Class Counsel in this case represents a 1.52 multiplier on Class Counsel's lodestar. In relation to other class action settlements, a 1.52 multiplier is reasonable given the novelty of the subject matter, the ultimate benefits conferred on the class and the difficulty faced by Class Counsel in prosecuting the action. See e.g., Behrens v. Wometco Enter, Inc., 118 F.R.D. 534, 539 (S.D. Fla. 1998), a'ffd, 899 F. 2d 21(11th Cir. 1990); See also,

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

In re RJR Nabisco, Inc., Sec. Litig., [1992 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96, 984 at

94, 267 (S.D.N.Y. 1991)(applying a lodestar multiplier of 8.74).

      **6.**      **The Requested Fees are Consistent With Contingent Fee Arrangements Negotiated in Non-Class Litigation.**

      The percentage method is also consistent with, and is intended to mirror, the private

marketplace for negotiated contingent fee arrangements.  See Kirchoff v. Flynn, 786 F.2d 320,

324 (7th Cir. 1986)('When the 'prevailing' method of compensating lawyers for 'similar services'

is the contingent fee, then the contingent fee is the 'market rate.'").  In non-class litigation, 33

1/3% to 40% contingency fees are typical.  As Justices Brennan and Marshall observed in their

concurring opinion in Blum v. Stenson, 465 U.S. 886 (1984): "In tort suits, an attorney might

receive one-third of whatever amount the plaintiff recovers.  In those cases, therefore, the fee is

directly proportional to the recovery." 465 U.S. at 904 n. 19; see also In re Prudential Bache

Energy Income Partnerships Sec. Litig., MDL 888, 1994 U.S. Dist. LEXIS 662 1, at * 1 (E. D.

La, May 18, 1994)("Were this not a class action, attorney's fees would range between 30% and

40%, the percentages commonly contracted for in contingency cases.); Phemister v. Harcourt

Brace Jovanovich, Inc., 1984-2 Trade Cas. (CCH) ¶ 66,234, at 66,995 (N.D. 111. 1984) ("The

percentages agreed on [in non-class action damage lawsuits] vary, with one-third (1/3) being

particularly common").

      Class Counsel's efforts were performed, and the result was achieved, on a wholly

contingent basis, despite the significant risks, time and expenses.  Therefore, their fee request of

one- third is in keeping with the standard contingent fee agreement in non-class litigation.  In

summary, based the application of the relevant Camden factors to the circumstances of this case –

and the fact that Metropolitan has agreed to pay Class Counsel's fee separate and distinct from

the reserved Class Fund – Class Counsel's fee request is  fair and reasonable and should be

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

12

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

approved by the Court.

    **C.**    **Reimbursement of Costs**.

    Class counsel also seek reimbursement of $5,250.00 in expenses and costs incurred in prosecuting this action.   The Declaration of Class Counsel, and Counsels' Compendium of Affidavits, which are submitted herewith, describe the expenses and costs incurred for which reimbursement is sought.   Plaintiffs respectfully request that the expenses and costs be awarded because they were necessary and appropriate in prosecuting this action.

**CONCLUSION**

    For all of the foregoing reasons, and for the reasons set forth in Class Counsel's Declaration, the Court should grant Class Counsel's application for an award of attorneys' fees in the amount of $114,000.00 and reimbursement of expenses in the amount of $5,250.00, together with such other and further relief as this Court may deem just and proper.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on August 16, 2005 upon: all individuals on the attached service list.

                                     Respectfully submitted,

                                     Co-Counsel for Class Plaintiffs
                                     LEE & AMTZIS, P.L.
                                     5550 Glades Road, Suite 401
                                     Boca Raton, FL 33431
                                     Telephone: (561) 981-9988
                                     Facsimile: (561) 981-9980

                         By:_____
                              ERIC LEE
                              Florida Bar No. 961299

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Co-Counsel for Class Plaintiff**

GOLD & COULSON, A Partnership of
Professional and Limited Liability Corps.
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A.
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 (Facsimile)

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Counsel for:**
**Allstate, Fidelity and Casualty, <u>Continental, Deerbrook</u>**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
<u>dshelton@rumberger.com</u>
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

**<u>Counsel for Progressive</u>**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
<u>fanania@anania-law.com</u>
Donald A. Blackwell, Esq.
<u>dblackwell@Anania-law.com</u>
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**<u>Counsel for CCN</u>**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL  33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**<u>Counsel for Nationwide</u>**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
<u>klake@fowlerwhite.com</u>
Post Office Box 1438
Tampa, FL 33601

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

16

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

FOWLER, WHITE, ET AL.
John P. Marino, Esq.
jamrino@fowlerwhite.com
50 North Laura Street, Suite 2200
Jacksonville, FL  32202
(904) 598-3120
(904) 598-3131 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile
**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
One Southeast Third Ave., 28th Flr.
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Flr.
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW