FILED by ___ D.C.
ELECTRONIC

**Aug 16 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.

_____/

THE CHIROPRACTIC CENTRE, INC.,          01-6783
on behalf of itself and all others similarly
situated,

      Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE
COMPANY, et al.,

      Defendants.

_____/

## DECLARATION OF CLASS COUNSEL IN SUPPORT
## OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AN
## AWARD OF ATTORNEY'S FEES AND COSTS

      1.      My name is Eric Lee and I am the managing partner of the law firm of Lee &

Amtzis, P.L. in Boca Raton, Florida.  I am one of the lead Class Counsel in the fifteen

consolidated class action cases (Zidel v. Allstate Insurance Company, et al, Consolidated C.A.

No. 00-6061) pending in this Court, one of which is the class action The Chiropractic Centre, Inc.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW
**1104/gp**

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

v. Metropolitan Casualty Insurance Company, et al., C.A. No. 01-6783 (hereinafter "Metropolitan"). I am submitting this declaration in support of final approval of the Metropolitan class action Settlement Agreement and Plaintiff's Memorandum in Support of Class Counsel's Application for an Award of Attorney's Fees and Reimbursement of Expenses.

2.    I have been plaintiff's counsel in the Metropolitan case and all the consolidated cases since the first class action case was filed against Allstate Insurance Company approximately five years ago on January 12, 2000. Although the Metropolitan case is before the Court for final approval of the class settlement, the historical background of the litigation in the consolidated cases is necessary to understand the tremendous effort of Class Counsel in prosecuting and managing the consolidated litigation which contributed substantially to the settlement of the Metropolitan case.

**Pre-Suit Investigation.**

3.    Prior to filing any of the consolidated cases, Class Counsel conducted an intensive and thorough investigation of what they believed to be an industry-wide practice of Florida automobile insurers reducing medical expense claims based on managed care preferred provider organization ("PPO") discounts. A practice Class Counsel has characterized throughout this litigation as a "silent PPO."

4.    The investigation had three facets: 1) obtaining and reviewing any state and national decisions on the PPO issue; 2) obtaining discovery documentation and deposition and hearing testimony from Florida state cases, some of which Florida Class Counsel, Kopelman & Blankman and myself were directly involved; and 3) acquiring documentation such as PPO contracts and explanation of benefit forms from as many sources as possible throughout the state

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

of Florida.

5.      Also, prior to the filing of these consolidated cases, Class Counsel, Larry Kopleman, and myself had filed a state court class action seeking reimbursement for insureds whose medical providers "balanced billed" them after the insurer's application of PPO discounts to their medical expense claims.  Information from the state court class action also served as part of the wealth of information reviewed by Class Counsel prior to filing the consolidated cases. Finally, documents and deposition transcripts from similar class actions in Massachusetts state court were accumulated and reviewed as the Massachusetts cases involved some of the same PPOs, PPO contracts and claim re-pricing companies working with the automobile insurers in Florida.

6.      Also as part of our investigation, Class Counsel met with their clients and their clients' billing personnel to gain information "on the ground" about how the PPOs, insurers and claims facilitators, such as ADP, were processing medical expense claims on a day-to-day basis.

7.      The majority of the documents obtained in Class Counsel's investigation, as well as documents gained after the litigation was filed, were organized into an electronic document depository which Class Counsel could access online from their offices for the purposes of prosecuting the litigation.

8.      Class Counsel's research at the time revealed that no similar federal or state class actions challenging a "silent PPO" discounting scheme on automobile medical expense claims had been filed anywhere in the country with the exception of two cases brought in Massachusetts by Class Counsel team member Phillips & Garcia, LLP.  The filing of the Florida federal court class actions based on the emerging "silent PPO" discounting practice in the automobile industry was

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

both novel in theory and scope.

9.      After this extensive pre-suit investigation of what amounted to the PPO discounting practices of the entire Florida automobile insurance industry, Class Counsel spent an enormous amount of time researching viable state and federal court causes of action before filing the first case.  After completing their research and cognizant of the inherent difficulties of a federal court civil RICO case, Class Counsel spent a great deal of time on the drafting and re-drafting of the model class action complaint which was used as the backbone for all of the complaints filed in these consolidated cases.  This time and effort proved valuable as the plaintiffs' RICO claims survived the defendants' motions to dismiss.

**The Allstate Filing and the Consolidated Litigation.**

10.      On January 12, 2000, Class Counsel filed the first class action case against Allstate.  From the start, the case was aggressively defended with defendants Allstate and Medview Services, Inc. moving to dismiss.

11.      After the Allstate filing, Class Counsel filed the following cases:

    a.      Brickell, et al v. Progressive Express Ins. Co., et al, C.A. No. 00-6649 (filed 5/12/00);

    b.      Browner v. Allstate Indemnity Company, et al, C.A. No. 00-7163 (filed 8/16/00);

    c.      LaRusso, et al v. Liberty Mutual Ins. Co., C.A. No. 00-7692 (filed 11/15/00);

    d.      Larusso, et al v. Nationwide Ins. Co., C.A. No. 01-8108 (filed 2/7/01);

    e.      Larusso, et al v. Florida Farm Bureau Casualty Ins. Co., C.A. No. 01-8110 (filed 2/7/01);

    f.      Larusso ITT Hartford Life & Annuity Ins. Co., C.A. No. 01-8111 (filed 2/7/01);

    g.      Ultra Open MRI Corp., et al v. Progressive American Ins. Co., C.A. No. 01-6776 (filed 5/8/01);

    h.      Ultra Open MRI Corp., et al v. Deerbrook Ins. Co., C.A. No. .01-6777 (filed 5/8/01);

    i.      Ultra Open MRI Corp., et al v. Prudential Property & Casualty Ins. Co., C.A. No. 01-6778 (filed 5/8/01);

    j.      Ultra Open Mri Corporation, et al v. Fidelity & Casualty Co. of New York, et

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

<div style="padding-left:2em">

al, C.A. No. 01-6779 (filed 5/8/01);

k.    <u>Ultra Open MRI Corp. v. Integon National Ins. Co., et al</u>, C.A. No. 01-6780 (filed 5/8/01);

l.    <u>The Chiropractic Centre, Inc., et al v. Superior Ins. Co.</u>, C.A. No. 01-6782 (filed 5/8/01);

m.    <u>The Chiropractic Centre, Inc., et al v. Metropolitan Ins. Co.</u>, C.A. No. 01-6783 (filed 5/8/01);

n.    Mote Wellness & Rehab., Inc., et al v. American International Ins. Co., et al, C.A. No. 01-8549 (filed 6/14/01).

</div>

12.    The cases were consolidated by Judge Ferguson.  Each filed case was aggressively defended.  As evidenced by the individual and consolidated case dockets, prior to the ultimate appeal of the cases, the defendants filed scores of different motions to dismiss and/or to compel arbitration.

13.    Class Counsel opposed all of the defendants' motions to dismiss and to compel arbitration and, with the exception of the dismissal of their Lanham Act counts, the plaintiffs prevailed on each and every motion.  In the two circumstances where Magistrate Judge Snow partially ruled against the plaintiffs on the issue of arbitration, Class Counsel challenged the Magistrate Judge's recommendation and was able to convince the District Court not to adopt the recommendation.  All motions to dismiss and compel were successfully defeated.  It almost goes without saying that it took Class Counsel a tremendous amount of time and effort to defeat the defendants' initial attempts to dismiss these consolidated cases.

14.    While opposing the defendants' attempts to dismiss the cases, Class Counsel also went on the offensive by propounding discovery to the defendants and subpoenaing non-party witnesses.  Class Counsel served separate requests for production, interrogatories and admissions on all the defendants.  Class Counsel also noticed over 40 depositions of various witnesses and sent document and deposition subpoenas to many non-party witnesses.

15.    The vast majority of the Class Counsel's discovery requests were opposed by the

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

defendants.  The defendants either objected to the discovery in its entirety or filed motions for protective orders seeking to limit or stop Class Counsel from taking discovery.  Class Counsel opposed the defendants' motions and in some circumstances filed motions to compel and for sanctions due to the defendants' failures to respond to discovery.  Despite these efforts, the defendants were for the most part successful in preventing Class Counsel from conducting discovery as the District Court eventually stayed the cases.

16.    As an example of the intense nature of the litigation, after the District Court issued its Omnibus Order on September 28, 2001, in the two month period from October 3, 2001 through December 7, 2001, the defendants filed 49 motions, notices, requests and submissions seeking all manner of stays, modifications, reaffirmations, clarifications, vacations, re-considerations and dismissals, all of which Class Counsel had to respond to in one form or another.

17.    As of October 30, 2002, the time at which the District Court appears to have issued its last order prior to appeal, the consolidated docket had been consumed with some 886 entries over a two and a half year period.

18.    After losing their motions to compel arbitration in the trial court, the majority of the defendants, with the exception of the Progressive defendants, appealed Judge Ferguson's decision to the Eleventh Circuit where the appeals are currently pending.

19.    Since the filing of these cases, all of the defendant insurers in these consolidated cases have stopped taking discounts on automobile medical expense claims.

**The Metropolitan Case.**

20.    The Metropolitan class action was filed on May 8, 2001, over one year after the

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

initial filing of the Allstate case.  The case was transferred and reassigned to Judge Ferguson.

21.    After filing, Class Counsel aggressively pursued the Metropolitan case.  On May 25, 2001, the plaintiff filed a motion for class certification.  Class Counsel also served requests for production, admissions and interrogatories on Metropolitan and noticed depositions of Metropolitan personnel.

22.    Metropolitan aggressively defended the case from the beginning.  On October 22, 2001, Metropolitan moved to compel arbitration and to stay the case, which Class Counsel opposed.  On October 22, 2001, Metropolitan also moved for a protective order on Class Counsel's discovery.  Class Counsel opposed Metropolitan's attempts at obtaining a protective order and filed a motion to compel Metropolitan to attend depositions that had been scheduled by the plaintiff.

23.    Ultimately, a Report and Recommendation partially denying Metropolitan's motion to dismiss and to compel arbitration was issued by Magistrate Judge Snow.   The Report and Recommendation, however, was objected to by *both* Class Counsel and Metropolitan.  Class Counsel's objection challenged the Magistrate's reasoning that the arbitration provision in the PIP contract was invalid *solely* because it was entered into before the Nationwide Mut. Fire Ins. Co. v. Pinnacle Medical, Inc., 753 So. 2d 55 (Fla. 2000) decision and thus limited the effect of Pinnacle case.  Ultimately, this Court adopted the Report and Recommendation fully denying the motion to compel arbitration and the Court later issued a Supplemental Order to further clarify the reasons for denying the various motions to compel arbitration.   Immediately thereafter, Metropolitan appealed the decision to the Eleventh Circuit Court of Appeals.  The appeal is currently pending.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

24.     After the appeal was filed, Class Counsel and Metropolitan agreed to participate in the Eleventh Circuit's mediation program.  In the spring of 2003, Class Counsel, defense counsel and a representative from Metropolitan appeared in person for an initial mediation session. Although, some progress toward settlement was made with Metropolitan making an offer that was not acceptable to the Plaintiff, Metropolitan withdrew its offer and settlement discussions "broke-off" during the early summer.   Class Counsel and defense counsel continued to communicate about the possibility of a settlement and in early August, 2003, settlement discussions were re-opened and various terms of the settlement were hotly negotiated.  With the help of Joseph Unger in the Eleventh Circuit's mediation program, progress continued to be made between the parties.

25.     There were times in the negotiation process where Class Counsel questioned whether the parties would be able to settle the case.  Through hard work and perseverance, the parties were able to resolve their differences and enter into a detailed settlement agreement. Settlement discussions were always conducted at arms-length, were very contentious at times and there was no collusion between counsel for the parties.

26.     During the pendency of these cases there have been three appellate state cases on the PPO discounting issue pending before the Fifth, Second and Fourth Florida district courts of appeal.  At the time the Metropolitan case was settled in principle, the Fifth District Court of Appeal had already issued its decision declaring that the insurer's PPO discounting practices violated the Florida statute.  However, the Second District Court of Appeal had not yet rendered its decision.  Ultimately, though, the Second District Court of Appeal ruled that the discounting practice did not violate the Florida PIP Statute.  Thereafter, the Fourth District Court of Appeal

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

followed the decision by the Second District Court of Appeal.

27.    Class Counsel were able to negotiate benefits for the Class where claims would be paid at 100% of the PPO discounted amount and were also able to negotiate the payment of attorney's fees and costs and the costs of settlement administration outside and separate from the Class Fund of $380,000.  Moreover, the settlement provided for direct mail notice to Class Members with a minimal proof of claim process where Class Members would not be required to submit any documentation besides the basic information requested on the claim form.

28.    Pursuant to the Settlement, Class Counsel communicated with defense counsel about the claims process and received and reviewed periodic reports from the independent Settlement Administrator and defense counsel regarding settlement administration.

29.    Class Counsel have not yet received a fee for prosecuting the Metropolitan case. Class Counsel have spent approximately 12,126.7 hours on the consolidated cases for a total lodestar of over $3,429,447.  With respect to the Metropolitan case, Class Counsel have spent approximately 254.30 hours prosecuting the case for a total lodestar of $75,639.36.

30.    Based on Class Counsel's experience, negotiating a class action settlement where class members can receive approximately 100% of their actual damages without an evidentiary proof of claim process is a tremendous benefit to the class, especially given the risks associated with the age of the claims, the state and Eleventh Circuit appeals and the difficulties in certifying and trying a complex RICO case.  At all times Class Counsel maintained and advocated for the interests of the Class, and as a result, negotiated a settlement that far exceeds the standard class benefits in typical class action cases.

Sworn to under the pains and penalties of perjury this 16th day of August, 2005.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail on August 16, 2005 upon: all individuals on the attached service list.

Respectfully submitted,
LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiff
5550 Glades Rd., Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Fla Bar No. 961299

### <u>Co-Counsel for Class Plaintiff</u>

GOLD & COULSON, A Partnership of
Professional and Limited Liability Corps.
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A.
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 (Facsimile)

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, <u>Continental, Deerbrook</u>**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
<u>dshelton@rumberger.com</u>
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

<u>Counsel for Progressive</u>

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
<u>fanania@anania-law.com</u>
Donald A. Blackwell, Esq.
<u>dblackwell@Anania-law.com</u>
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

<u>Counsel for CCN</u>

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL  33131-4327
(305) 373-1000

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

FOWLER, WHITE, ET AL.
John P. Marino, Esq.
jamrino@fowlerwhite.com
50 North Laura Street, Suite 2200
Jacksonville, FL  32202
(904) 598-3120
(904) 598-3131 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile
**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
One Southeast Third Ave., 28th Flr.
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

13

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Flr.
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW