FILED by ___ D.C.
ELECTRONIC

Aug 16 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

      Defendants.
_____/

THE CHIROPRACTIC CENTRE, INC., on              01-6783
behalf of itself and all others similarly situated,

      Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE
COMPANY, et al.,

      Defendants.
_____/

**NOTICE OF FILING AFFIDAVITS IN SUPPORT
OF CLASS COUNSEL'S APPLICATION FOR AN AWARD OF
<u>ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES</u>**

    PLEASE TAKE NOTICE that the Class Plaintiff, by its undersigned counsel, hereby files

the Affidavits of the following in Support of Class Counsel's Application for an Award of

Attorney's Fees and Reimbursement of Expenses:

    1.    Eric Lee, Esq.;

    2.    Arthur S. Gold, Esq.;

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

3. Carlin J. Phillips, Esq.; and

4. Douglas Blankman, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail on August 16, 2005 upon: all individuals on the attached service list.

Respectfully submitted,

LEE & AMTZIS, P.L.
Co-Counsel for Class Plaintiffs
5550 Glades Rd., Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Fax

By: _____
ERIC LEE
Florida Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON, A Partnership of
Professional and Limited Liability Corps.
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 (Facsimile)

PHILLIPS & GARCIA, LLP
13 Ventura Drive
Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (Facsimile)

KOPELMAN & BLANKMAN, P.A.
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL 33301 (954) 462-6855
(954) 462-6899 (Facsimile)

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

# SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile
RICHARD BOKOR, P.A.
Richard Bokor, Esq.
rabokor1@tampabay.rr.com
230 East Davis Boulevard

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

3

Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, <u>Continental, Deerbrook</u>**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

**<u>Counsel for Progressive</u>**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**<u>Counsel for CCN</u>**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL  33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Counsel for Nationwide**

FOWLER, WHITE, et al.
Katherine C. Lake, Esq.
klake@fowlerwhite.com
Post Office Box 1438
Tampa, FL 33601
(813) 228-7411
(813) 229-8313 Facsimile

SWARTZ CAMPBELL DETWEILER
James C. Haggerty, Esq.
haggerty@scdlaw.com
1601 Market Street, 34th Floor
Philadelphia, PA 19103-2316
(215) 299-4314
(215) 299-4301 Facsimile

FOWLER, WHITE, ET AL.
John P. Marino, Esq.
jamrino@fowlerwhite.com
50 North Laura Street, Suite 2200
Jacksonville, FL  32202
(904) 598-3120
(904) 598-3131 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile
**Counsel for:**
**Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
One Southeast Third Ave., 28th Flr.
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

5

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Counsel for Metropolitan**

SONNENSCHEIN, NATH & ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Flr.
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and all others
similarly situated,
    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and COMMUNITY
CARE NETWORK, INC., d/b/a CCN,
    Defendants.
_____/

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and
all others similarly situated,
    Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,
et al.,

    Defendants.
_____/

**AFFIDAVIT OF ARTHUR S. GOLD, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES
AND REIMBURSEMENT OF EXPENSES**

NOW COMES Arthur S. Gold and after being duly sworn does under oath depose and state as follows:

1. I am an attorney duly licensed in the state of Illinois and am certified to practice in both federal and state courts. I am a partner in the law firm of Gold & Coulson, 11 S. LaSalle Street, Suite 2500, Chicago, IL 60603. This Court has previously granted my pro hac vice motion to appear in these consolidated cases. I have acted as Co-Lead Class Counsel

1

in the present litigation and have personal knowledge of the facts and circumstances contained herein.

2. I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeal and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended by Gold & Coulson**

3. Gold & Coulson has expended approximately 3,053.41 in hours in the prosecution of these consolidated cases for a total lodestar of approximately $1,026,253.10. As for the Metropolitan Insurance case, my firm worked approximately 54.25 hours for a total lodestar of $18,712.50. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefitted the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Gold & Coulson's hourly rates during the pendency of this case were between $300 and $350 an hour for attorneys and $75-$85 per hour for paralegal work.. These rates are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Metropolitan Insurance case

2

and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

**Expenses of Gold & Coulson**

6. In the prosecution of this action, my firm has incurred $3,940.67 in reasonable and necessary expenses. These expenses were generally related to the consolidated litigation and were divided by 1/15 and only 1/15 of those expenses were added to the expenses of this case so as to create a fair and equitable distribution of general expenses from the consolidated litigation.

Sworn to under the pains and penalties of perjury this 15th day of August, 2005.

_____
Arthur S. Gold, Esq.

_____
Notary Public

OFFICIAL SEAL
DONNA M. ANDORKA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-21-2009

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and all others
similarly situated,
    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and COMMUNITY
CARE NETWORK, INC., d/b/a CCN,
    Defendants.
_____/

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and
all others similarly situated,
    Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,
et al.,

    Defendants.
_____/

**AFFIDAVIT OF CARLIN J. PHILLIPS, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES
AND REIMBURSEMENT OF EXPENSES**

NOW COMES Carlin J. Phillips and after being duly sworn does under oath depose and state as follows:

1.     I am an attorney duly licensed in the Commonwealth of Massachusetts and am certified to practice in both federal and state courts. I am a partner in the law firm of PHILLIPS & GARCIA, LLP, 13 Ventura Drive, North Dartmouth, Massachusetts, 02747. This Court

1

has previously granted my pro hac vice motion to appear in these consolidated cases. I have acted as Co-Lead Class Counsel in the present litigation and have personal knowledge of the facts and circumstances contained herein.

2. I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeal and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended by Phillips & Garcia, LLP**

3. Phillips & Garcia, LLP has expended approximately 1,985.3 hours in the prosecution of these consolidated cases for a total lodestar of $442,845.40. As for the Metropolitan Insurance case, my firm worked approximately 74.75 hours for a total lodestar of $18,151.86. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefitted the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Class Counsel's hourly rates during the pendency of this case were between $225 and $275 and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Metropolitan Insurance case

and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

**Expenses of Phillips & Garcia, LLP**

6. In the prosecution of this action, my firm has incurred $1,309.33 in reasonable and necessary expenses. Expenses that were generally related to the consolidated litigation, such as certain travel and conference call expenses, were divided by 1/15 and only 1/15 of those expenses were added to the expenses of this case so as to create a fair and equitable distribution of general expenses from the consolidated litigation.

Sworn to under the pains and penalties of perjury this 15th day of August, 2005.

_____
Carlin J. Phillips, Esq.

COMMONWEALTH OF MASSACHUSETTS

Bristol, ss

On this 15th day of August 2005, before me, the undersigned notary public, personally appeared the above-named Carlin J. Phillips, who proved to me through satisfactory evidence of identification which was/were a valid Massachusetts drivers license(s) to be the person(s) whose name is/are signed on the preceding or attached document, and acknowledged the foregoing instrument to be his/her/their free act and deed, and that he/she/they signed it voluntarily for its stated purpose.

_____
Notary Public - Andrew J. Garcia
My Commission Expires: 03/20/2009

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and all others
similarly situated,
　　Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and COMMUNITY
CARE NETWORK, INC., d/b/a CCN,
　　Defendants.
　　_____/

THE CHIROPRACTIC CENTRE, INC., on behalf of itself and
all others similarly situated,
　　Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,
et al.,

　　Defendants.
　　_____/

**AFFIDAVIT OF DOUGLAS BLANKMAN, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES
AND REIMBURSEMENT OF EXPENSES**

　　NOW COMES Douglas Blankman and after being duly sworn does under oath depose and state as follows:

1.　　I am an attorney duly licensed in the State of Florida and am certified to practice in both federal and state courts. I am a partner in the law firm of Kopelman & Blankman, 350 E. Las Olas Blvd., Ft. Lauderdale, FL 33301. I have acted as Co-Lead Class Counsel in the present litigation and have personal knowledge of the facts and circumstances contained herein.

2. I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeal and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended by Kopelman & Blankman**

3. Kopelman & Blankman has expended approximately 103.4 hours in the prosecution of the Metropolitan Insurance case for a total lodestar of $31,110.00. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefitted the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Class Counsel's hourly rates during the pendency of this case were $300 per hour and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Metropolitan case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

Sworn to under the pains and penalties of perjury this 15th day of August, 2005.

_____
Douglas Blankman, Esq.

STATE OF FLORIDA

COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this __15th__ day of __August__ 2005, by __Douglas A. Blankman__ who is personally known to me to be the person described in and who, acknowledged that he executed the foregoing Affidavit and that they are true and correct to the best of his/her knowledge and belief.

WITNESS my hand and official seal in the County and State last aforesaid.

_____
Notary Public, State of __Florida__

_Catherine Lepore_____
(Printed name)

My Commission Expires:



Catherine Lepore
MY COMMISSION # DD189682 EXPIRES
June 11, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

        Defendants.
_____/   CASE NO. 01-6783

THE CHIROPRACTIC CENTRE, INC., on
behalf of itself and all others similarly situated,

        Plaintiffs,

v.

METROPOLITAN CASUALTY INSURANCE
COMPANY, et al.,

        Defendants.
_____/

**AFFIDAVIT OF ERIC LEE, ESQ. IN SUPPORT OF**
**CLASS COUNSEL'S APPLICATION FOR AN AWARD OF**
**ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES**

Eric Lee, being duly sworn, does under oath depose and state as follows:

1.    I am an attorney duly licensed in the State of Florida and am certified to practice in both federal and state courts. I am a partner in the law firm of Lee & Amtzis, P.L., 5550 Glades Road, Suite 401, Boca Raton, FL 33431. Prior to working at Lee & Amtzis, I was a partner at Atlas Pearlman, formerly of Ft. Lauderdale. I have acted as Co-Lead Class Counsel in

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

the present litigation while at my firm and Atlas Pearlman and have personal knowledge of the facts and circumstances contained herein.

**Time and Effort Expended by Atlas Pearlman**

2. I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeal and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

3. While I was employed at Atlas Pearlman the firm expended approximately 3,313.20 hours in the prosecution of the consolidated litigation for a total lodestar of $815,197.71. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefited the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Atlas Pearlman's hourly rates during the pendency of this case were between $350 and $175 an hour for attorneys and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

**Time and Effort Expended by Lee & Amtzis**

5. Lee & Amtzis has expended approximately 1,048.8 hours in the prosecution of the consolidated litigation for a total lodestar of approximately $366,343.51. Lee & Amtzis has expended 24.2 hours in the Metropolitan insurance case for a lodestar of $8,470.00. The lodestar

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

figure for the Metropolitan case would be further enhanced by the attribution of a percentage of the consolidated time Lee & Amtzis' has worked on these consolidated cases.

6. Lee & Amtzis's hourly rates during the pendency of this case were between $350 for partners and $195 for associates and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

7. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Metropolitan case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

Sworn to under the pains and penalties of perjury this 15th day of August, 2005.

Eric Lee, Esq.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW