UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/



SALVATORE D. LARUSSO, D.C.
d/b/a FAMILY CHIROPRACTIC
CENTER, on behalf of himself
and all others similarly
situated,

    Plaintiff,

vs.

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.,

    Defendants.
_____/

Case No.: 01-8108-CIV-ZLOCH

**FINAL APPROVAL ORDER AND JUDGMENT**

Plaintiffs, Salvatore D. LaRusso, D.C. d/b/a Family Chiropractic Center (hereinafter "LaRusso"), Augustine Joseph, P.A. (hereinafter "Joseph") and Joel D. Stein, D.O. P.A. (hereinafter "Stein") and Defendants, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Insurance Company, and Nationwide

Assurance Company f/k/a Colonial Insurance Company (hereinafter "Nationwide Insurance"), have submitted for final approval a proposed Settlement of this Action.

In its prior Order Of Preliminary Approval (DE 1037) dated March 31, 2005, the Court preliminarily approved the proposed Settlement by the Parties (hereinafter the "Settlement") based on the terms and conditions of the Settlement Agreement And Stipulation (DE 1032) (hereinafter the "Settlement Agreement") jointly presented to the Court, subject to further consideration at the Fairness Hearing conducted on August 15, 2005. In its Order Of Preliminary Approval, the Court preliminarily certified the above-styled cause to proceed as a class action for settlement purposes only and preliminarily certified LaRusso, Joseph and Stein as representatives of the following Settlement Class and Payment Sub-Classes:

> Settlement Class
>
> All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance in Florida, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise paid, but not paid in full, during the Class Period.
>
> 627.736(10) Payment Sub-Class
>
> All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on PPO reductions taken pursuant to

    Section 627.736(10), Florida Statutes during the Class Period.

    <u>627.736(1) Payment Sub-Class</u>

    All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full based on UCR reductions taken pursuant to Section 627.736 (1), Florida Statutes during the Class Period.

    <u>Chapter 627 Payment Sub-Class</u>

    All Persons who have submitted claims for health care benefits under a personal injury protection insurance policy issued by Nationwide Insurance, either as an insured under a policy or pursuant to a valid assignment from an insured, whose claims were reduced, adjusted or otherwise not paid in full for reasons other than reductions taken pursuant to Sections 627.736(10) or 627.736(1), Florida Statutes during the Class Period.

Notwithstanding anything in this Final Approval Order And Judgment or the Settlement Agreement to the contrary, all parties stating claims or purported claims against Nationwide Insurance that (i) have been released or otherwise discharged prior to the date of this Order, (ii) are expressly alleged in Pending Litigation against Nationwide Insurance, or (iii) are claims by MRI service providers for consumer price index adjustments or for professional fees consolidated for payment in their billings to Nationwide Insurance are excluded from and shall not be part of the Settlement Class and Payment Sub-Classes, and shall not otherwise be included in the Settlement.

Also excluded from the Settlement Class and Payment Sub-Classes are: Nationwide Insurance, any parent, subsidiary, affiliate, or controlled person of Nationwide Insurance, as well as the officers, directors, agents, servants, and employees of Nationwide Insurance, and the immediate family members of such persons. Also excluded is any trial judge who may preside over the above-styled cause.

The Court ordered that the Notice Of The Proposed Settlement and the Proof Of Claim (hereinafter collectively the "Notice") in substantially the forms attached as Exhibits B and D to the Settlement Agreement (DE 1032) be mailed to potential Class Members no later than April 30, 2005, by first-class mail, postage pre-paid, addressed to Class Members' last known address to the extent that such Class Members could be identified with reasonable diligence based upon the current records and electronic data reasonably available to Nationwide Insurance.

On August 15, 2005, at 10:00 a.m., the Court conducted a Fairness Hearing to determine, among other things: (a) whether the Settlement on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate; and (b) whether final judgment should be entered dismissing the above-styled cause on the merits and with prejudice, and without costs, except as specifically provided for in the Settlement Agreement. All interested parties were afforded the opportunity to be heard. The

Court has duly considered all of the submissions and arguments presented on the proposed Settlement. Additionally, the Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Settlement Agreement (DE 1032) be and the same is hereby approved, adopted and ratified by the Court as follows:

1. The Court has jurisdiction over the subject matter of the above-styled cause, and over all Parties to the same, including all Class Members, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

2. On August 15, 2005, the Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in the above-styled cause, the Court has considered, among other things, the parties' Settlement Agreement, the extensive Court file in this action, and the presentations by Class Counsel on behalf of the Class Representatives, and counsel for Nationwide Insurance in support of the fairness, reasonableness and adequacy of the Settlement Agreement. The Court approves the terms and provisions of the Settlement Agreement, and finds that it was entered into in good faith and is fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the

Class Members.

3. In its Order Of Preliminary Approval (DE 1037), the Court certified the Settlement Class and Payment Sub-Classes for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23, solely with respect to Nationwide Insurance, as identified herein.

4. The Court hereby affirms its decision certifying the Settlement Class and Payment Sub-Classes and approving the Settlement Agreement. The Court finds that the requirements for certification of the Settlement Class and Payment Sub-Classes pursuant to Federal Rule of Civil Procedure Rule 23 have been met.

5. In the Order Of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process, the Federal Rules of Civil Procedure and applicable law. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and that it constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all Persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

6. The Parties filed a Joint Motion To Amend Settlement Agreement (DE 1100) (hereinafter "Joint Motion") for consideration during the Fairness Hearing. The Court granted the Joint Motion by

separate Order. The Court reaffirms and incorporates by reference its findings approving the Joint Motion, the extension of the claim deadline for certain claims, the form and content of the Notice of Extension of Claim Deadline as to Certain Class Member Coding Claims, and the notice procedure directed therein; and the Court finds that the relief granted and notice process approved by that Order provides further and sufficient notice that the claims addressed therein are encompassed within the Settlement. Accordingly, claims relating to a statement or consolidated statements for medical services rendered that were deemed improperly coded (under the CPT or other coding system), and as a result were reduced or denied, in whole or part, are encompassed as claims reduced, adjusted or otherwise paid, but not paid in full, within the Settlement Class and the Chapter 627 Payment Sub-Class.

7. The Court has determined that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: (a) the likelihood that the Plaintiffs would prevail at trial; (b) the range of possible recovery if the Plaintiffs prevailed at trial; (c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; (d) the complexity, expense and duration of the litigation; (e) the substance and amount of opposition to the settlement; and (f) the stage of proceedings at which the

settlement was achieved. See Bennet v. Behring Corp., 737 F.2d 982 (11th Cir. 1984); In re Corrugated Container Antitrust Litig., 643 F.2d 195 (5th Cir. April 1981). The Court has considered the submissions of the parties, and the discovery and investigation by Class Counsel conducted during and prior to the above-styled cause, along with the court file, all of which show that there exists a substantial risk to Plaintiffs, as well as uncertainty that they will ultimately prevail on their claims. Given the considerable open issues and the uncertainty associated with the pending appeal in the United States Court of Appeals for the Eleventh Circuit, in conjunction with the conflicting state appellate decisions in the Florida District Courts of Appeal, the Court finds it in the best interest of the Class Members to be presented with the benefits available directly to them and summarized as follows:

    A.    The Settlement creates a Settlement Fund of $9,875,000.00, from which Class Members are eligible to recover 80% of the difference between 80% of the amount billed and the amount paid by Nationwide Insurance to the Class Member, or 40% of the difference between the amount billed and the amount paid by Nationwide Insurance to the Class Member, depending upon the applicable Payment Sub-Class.

    B.    The Settlement includes the right to opt out, so that any Class Member could have declined to participate in the Settlement.

    C.    The Settlement provides for a claim dispute resolution process available to Class Members.

    D.    The Settlement requires Nationwide Insurance to pay

>     Class Counsel fees of up to $3,288,375.00, and
>     reasonable costs and expenses of up to $15,000.00,
>     in addition to and outside the Settlement Fund of
>     $9,875,000.00.

8. The Court further finds that if the case were to proceed without settlement, the current appeal and possible resulting trial would be complex, lengthy and expensive to the parties. The Settlement eliminates a substantial risk that the Settlement Class would walk away "empty-handed" after the conclusion of a trial and any appeals. Further, Nationwide Insurance has defended this action vigorously and, by all indications, would continue to do so on appeal absent the Settlement. Because of the resulting motion practice, possible trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits. See Behrens v. Wometco Enters., Inc., 118 F.R.D. 534, 543 (S.D. Fla. 1988), aff'd 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount available to be received by the Class Members, plus attorneys' fees and costs, as set forth above is of substantial value to the Settlement Class and Payment Sub-Classes.

9. In addition to finding the terms of the proposed Settlement Agreement to be fair, reasonable and adequate, the Court further finds that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement Agreement's terms, and that all negotiations were made at arms-length.

Furthermore, the terms of the Settlement make it clear that the process by which it was achieved was hard-fought and fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

10. The Court hereby approves as valid the timely submitted requests for exclusion of the Class Members listed in Exhibit B to the Settlement Administrator's Report And Affidavit Of Edward J. Sincavage (DE 1101), and finds that those Class Members are not bound by any terms of this Final Approval Order And Judgment or the Settlement Agreement and shall not be entitled to participate in the proceeds of the Settlement or receive any benefits under it.

11. This Final Approval Order And Judgment, and the terms and conditions of the Settlement Agreement, shall be binding on all Class Members (excluding those Class Members who timely submitted valid requests for exclusion as listed in Exhibit B to the aforementioned Settlement Administrator Report And Affidavit Of Edward J. Sincavage). All such Class Members, and their heirs, successors, trustees, executors, administrators, principals, beneficiaries, representatives, attorneys, employees, agents, insureds, contractors, successors and assigns forever, hereby release and discharge Nationwide Insurance and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees,

agents, contractors, trustees or representatives from any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, known or unknown, fixed or contingent, including any extra-contractual claims or damages, damages at law or in equity, fines, or penalties of any kind or description which now exist or heretofore existed, which were or could have been alleged, or could hereafter be alleged, in the above-styled cause or in any other action, court, arbitration proceeding, tribunal or administrative body which arise out of or are based directly or indirectly upon the acts, transactions, occurrences, facts, sales and events and/or statutes, including any arising from the Settlement Agreement or any payment made pursuant to the Settlement, which are alleged or could have been alleged in the above-styled cause or which could be hereafter alleged (hereinafter the "Released Claims").

12.   All Class Members (excluding those Class Members who timely submitted valid requests for exclusion as listed in Exhibit B to the aforementioned Settlement Administrator Report And Affidavit Of Edward J. Sincavage), are hereby barred and permanently enjoined from asserting any of the Released Claims against Nationwide Insurance in any court or forum whatsoever, and Case No. 01-8108-CIV-ZOCH be and the same is hereby **DISMISSED** on the merits, with prejudice and without costs to any party, except

as specifically provided in this Final Approval Order And Judgment and in the Settlement Agreement.

13. The Court finds that the law firms preliminarily approved as Class Counsel in its prior Order (DE 1037), are competent and experienced attorneys and have adequately and aggressively represented the interests of the Settlement Class and Payment Sub-Classes. The Court therefore certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida; Lee & Amtzis of Ft. Lauderdale, Florida; Gold & Coulson of Chicago, Illinois; Phillips & Garcia of Dartmouth, Massachusetts; and Zebersky & Payne of Hollywood, Florida to serve as Class Counsel on behalf of the Settlement Class and Payment Sub-Classes.

14. The Settlement Agreement also provides that Nationwide Insurance will pay Class Counsel fees and costs and expenses up to the amounts specified above. The Court finds attorneys' fees of $3,288,375.00 and costs and expenses of $15,000.00 to Class Counsel to be reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Settlement Class and Payment Sub-Classes; the extensive time (four years) and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, the firms certified

and appointed as Class Counsel in paragraph 13 of this Final Approval Order And Judgment do have and recover from Nationwide Insurance attorneys' fees in the amount of $3,288,375.00 and reasonable costs in the amount of $15,000.00, to be paid in accord with the terms of the Settlement Agreement, for all of which let execution issue.

15. The Court hereby certifies LaRusso, Joseph and Stein as Class Representatives of the Settlement Class and respective Payment Sub-Classes defined in this Final Approval Order and Judgment. The terms of the Settlement Agreement provide that Nationwide Insurance will pay incentive awards to the Class Representatives of up to $15,000.00 each. The Court finds that the payment by Nationwide Insurance of incentive awards to the Class Representatives of $15,000.00 each is reasonable. Larusso, Joseph and Stein do each have and recover an incentive award in the amount of $15,000.00 from Nationwide Insurance, for all of which let execution issue.

16. The Court finds that the Parties and their counsel have expressed no opinion concerning the tax consequences of the Settlement to individual Class Members and have made no representations, warranties or other assurances regarding any such tax consequences. No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to any such tax consequences by

virtue of the Settlement Agreement or by effectuating the Settlement, and the Parties and their counsel shall not be held liable or otherwise responsible for any such tax consequences that may occur.

17. As used in this Final Approval Order And Judgment, the following terms shall have the following meanings:

a. "Class Members" means any and all Persons that comprise the Settlement Class and payment Sub-Classes defined in this Final Approval Order And Judgment;

b. "Class Period" means the period from January 1, 1996 through November 30, 2004;

c. "Nationwide Insurance" means and includes the following companies, as well as these companies' direct or indirect subsidiaries, that issued and underwrote automobile insurance in the State of Florida during the period from January 1, 1996 through November 30, 2004: Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Insurance Company of America, Nationwide General Insurance Company, and Nationwide Assurance Company f/k/a Colonial Insurance Company.

d. "Pending Litigation" means and includes any suits or proceedings (other than the above-styled cause) pending in any Florida state or federal court (including applicable appellate courts) against Nationwide Insurance as of the date of the Order Of

Preliminary Approval (DE 1037) seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out of a PIP policy issued by Nationwide Insurance.

    e.  "Persons" means and includes individuals, corporations, proprietorships, businesses, business trusts, estates, trusts, partnerships, limited partnerships, limited liability companies, associations, joint ventures, governmental subdivisions, agencies or instrumentalities, or any other legal or commercial entities of any kind.

    f.  Capitalized terms used in this Final Approval Order And Judgment not otherwise defined herein have the meanings assigned to them in the Settlement Agreement.

    18.  Nothing in this Final Approval Order And Judgment shall preclude any action to enforce the terms of the Settlement Agreement and/or this Final Approval Order And Judgment.

    19.  Without affecting the finality of this Final Approval Order And Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Final Approval

Order And Judgment and/or the Settlement Agreement.

20. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Settlement Agreement. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order And Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___16th___ of August, 2005.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished to:

All counsel of record