## IN THE UNITED STATES DISTICT COURT,
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 00-6061-CIV-ZLOCH-SNOW

DR. PAUL ZIDEL, on behalf of himself
And all others similarly situated.

       Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a, CCN,

       Defendant.

_____/

SALVATORE D. LARUSSO, D.C., d/b/a,
FAMILY CHIROPRACTIC CENTER, AUGUSTINE
V. JOSEPH, M.D., P.A., and JOEL STEIN,
D.O. P.A., on behalf of themselves and all others
Similarly related.

       Plaintiff's

Vs.

NATIONWIDE MUTUAL INSURANCE COMPANY,
Et al.,

       Defendant's

_____/

## NOTICE OF FILING

Plaintiff, Dr. RICHARD W. MERRITT, d/b/a CHIROPRACTIC HEALTH CENTER, as

assignee of CHANCE PETRUCCI,  by and through his undersigned counsel, hereby files this his

Notice of Filing his Decision To Opt Out of the above styled Class Action Suit in the

above matter.

PAUL P. LATVIS, P.A.
7405 East Temple Terrace Hwy
Suite C
Tampa, Florida 33637
(813) 989-2400
Florida Bar Number: 0899097

Dated this ~~June 15, 2005.~~ August 17, 2005

IN THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF FLORIDA

DR. PAUL ZIDEL, on behalf of himself
and all others similarly situated.

     Plaintiff,

v.                        CASE   NO:   00-6061-CIV-ZLOCH-
                                                            SNOW

ALLSTATE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a, CCN,

     Defendants,
_____/

SALVATORE D. LARUSSO, D.C., d/b/a,
FAMILY CHIROPRACTIC CENTER, AUGUSTINE
V. JOSEPH, M.D., P.A., and JOEL STEIN,
D.O. P.A., on behalf of themselves
And all others similarly situated.

     Plaintiff's,

v.

NATIONWIDE MUTUAL
INSURANCE COMPANY, et al.,

     Defendant's
_____/

## NOTICE OF EXCLUSION FROM CLASS ACTION

    DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, by and through

his undersigned counsel, respectfully requests exclusion from the

PLAINTIFF'S Class Action now before this Honorable Court in the

above referenced matter.  The request for exclusion is in reference

to DR. SALVATORE D. LARUSSO, D.C., d/b/a, FAMILY CHIROPRACTIC CENTER, AUGUSTINE V. JOSEPH, M.D., P.A., and JOEL D. STEIN, D.O., P.A., on behalf of themselves and all others similarly situated, Plaintiff's v. NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant's, Case Number: 00-6061-CIV-ZLOCH/SNOW.    The name of the medical provider is Dr. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, and his address is 1253 W. MEMORIAL BLVD. LAKELAND, FL. 33815, PH. 863-687-9865, TAX I.D. # 592619379.    Dr. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, by and through his undersigned counsel, desires to be excluded from the Class Action so that he may continue to litigate his individual claim against the Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, case number 53-2004-SC-3893 now pending in Polk County, Florida. DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, by and through his undersigned counsel, has attached hereto a copy of him Policy of Insurance with Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, a copy of the PIP Application, with attachments, submitted by DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient,  to NATIONWIDE MUTUAL INSURANCE COMPANY, a copy of the correspondence from NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, and a copy of all medical bills submitted on behalf of DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, to NATIONWIDE MUTUAL FIRE INSURANCE COMPANY. The attached documents are submitted as DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, affirmative proof that he is member of the class.

DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, reasons for opting out of the settlement are many.  Among them are

(1) the fact that DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, has employed counsel of his own choosing to represent him in the issues addressed in this Class Action; (2) DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, has employed counsel of his choosing because of the law firm's reputation and has been satisfactorily represented in the past by his counsel; (3) DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, has no knowledge concerning the law firm or the lawyers representing the named Plaintiffs in the Class Action and has no desire to be represented by them; (4) DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, has the right to be represented by counsel of his own choosing; (5) DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, has confidence that counsel of his own choosing will put his own interests above those of all others; (6) DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, has retained his own counsel who represents him in not only the narrow issues addressed by the Class Action but in all aspects of the claims he has against NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and he prefers him own counsel's representation exclusively.

WHEREFORE, DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, patient, respectfully requests that this Honorable Court exclude him from the Plaintiff's Class Action as referenced above.

PAUL P. LATVIS, ESQUIRE
7405 East Temple Terrace Hwy
Suite C
Tampa, Florida  33637
(813) 989-2400
(813) 989-2404 facsimile
Florida Bar Number:  0899097

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Certified Mail directly to DR. PAUL ZIDEL, AND SALVATORE D. LARUSSO, Settlement Administrator, Post Office Box 370, PHILADELPHIA, PA. 19105-0370 , this June 13, 2005.


_____
PAUL P. LATVIS, ESQUIRE

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

PHILADELPHIA PA 19105

| | | |
|---|---|---|
| Postage | $ | $2.67 |
| Certified Fee | | $2.30 |
| Return Reciept Fee (Endorsement Required) | | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.72 |

Sent To: Dr. Paul Zidel
Street, Apt. No.; or PO Box No. P.O. Box 370
City, State, ZIP+4 Philadelphia PA 19105

PS Form 3800, June 2002          See Reverse for Instructions

ITED STATES DISTRICT COURT,
ERN DISTRICT OF FLORIDA

f of himself
situated.

CASE   NO:   00-6061-CIV-ZLOCH-
SNOW

...LINE INSURANCE COMPANY and
COMMUNITY CARE NETWORK, INC.,
d/b/a, CCN,

     Defendants,

_____/


SALVATORE D. LARUSSO, D.C., d/b/a,
FAMILY CHIROPRACTIC CENTER, AUGUSTINE
V. JOSEPH, M.D., P.A., and JOEL STEIN,
D.O. P.A., on behalf of themselves
And all others similarly situated.

     Plaintiff's,

V.


NATIONWIDE MUTUAL
INSURANCE COMPANY, et al.,

     Defendant's

_____/


## NOTICE OF EXCLUSION FROM CLASS ACTION


    DR. RICHARD W. MERRITT, a/a/o, CHANCE PETRUCCI, by and through

his undersigned counsel, respectfully requests exclusion from the

PLAINTIFF'S Class Action now before this Honorable Court in the

above referenced matter.  The request for exclusion is in reference

<u>Chiropractic Health Center</u>
Dr. Richard W. Merritt
1253 West Memorial Boulevard
Lakeland, Florida 33815
(863) 687-8165

July 20, 2004

VIA CERTIFIED MAIL # 7099 3220 0009 3871 4518
RETURN RECEIPT REQUESTED

Nationwide Mutual Fire Insurance Company
Attn: Robert Costello, Jr.
Managing Claims Counsel
Legal Department(FL-02-35)
3300 Williston Road
Gainesville, FL 32608

Name of Insured:  Trina Petrucci
Name of Patient:  Chance Petrucci
Claim Number:  858998
Date of Loss:  07/01/01

## DEMAND LETTER UNDER FLORIDA STATUTE 627.736(11)

Dear Sir/Madam:

Kindly be advised that this is a demand letter issued pursuant to Florida Statute 627.736(11) and a written Notice of Intent to Initiate Litigation, filed via Certified Mail, as a condition precedent to filing a civil action for overdue and unpaid personal injury protection and/or medical payment benefits pursuant to Florida Statute 627.736(11) (a) (b) (2003). Kindly be advised this office has previously provided treatment, services, accommodations, or supplies to the above referenced patient. This demand letter serves as our written notice of our intent to initiate litigation and as our condition precedent to the filing of a civil action for overdue Personal Injury Protection and/or Medical Payment benefits, pursuant to Florida Statue and the applicable insurance policy entered into between your company and the named insured.

Please find enclosed herewith a copy of our Assignment of Benefits, as well as the completed Itemized Statement specifying each exact amount, the date of treatment, service or accommodation and completed copies of Centers For Medicare and Medicaid Services 1500 forms previously submitted to your company which remain either wholly or partially unpaid as of the date of this statutory demand letter. Kindly note the enclosed Centers for Medicare and Medicaid Services 1500 forms evidence the name of the medical provider, the dates of services, the exact amount and the treatment, service or accommodation provided 05/19-11/12/03. This notice has been issued because the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).

Pursuant to Florida Statute 627.736(11)(b)(3)(2003), to the best of our knowledge and belief the exact amount due for these dates of treatment, service, or accommodation for Personal Injury Protection/Medical Payments benefits equals $1,410.00, plus applicable statutory interest and a statutory penalty of ten percent of the overdue amount paid, subject to a maximum penalty of $250.00, pursuant to Florida Statute 627.736(11)(d). Pursuant to Florida Statute 627.736(11)(c), we hereby request reimbursement for postage costs incurred by filing this statutory notice in the amount of $4.64.

Enclosed herein please find a copy of your company's Notice of Withdrawing Payments under paragraph (7)(a) for future treatment. Pursuant to Florida Statute 627.736(11)(b)(3), please find our itemized statements setting forth the type, frequency and duration of future treatment we deem to be reasonable and medically necessary.

Master Chance Petrucci was involved in a motor vehicle accident July 1, 2001. He requires continuing chiropractic management for injuries sustained in this accident. The current treatment plan is on an elective basis.

Treatments will consist of chiropractic adjustments, and physical therapy modalities including intersegmental traction, interferential electrical stimulation, ultrasound, hydrocollator packs, low level photon therapy, and/or diathermy. Physical examination and special testing procedures will also be necessary to assist in determining patient progress and the point of pathological release.

A visit-by-visit assessment will be made as to this patient's progress and response to treatment in order to determine the appropriateness of the treatments, and to assess the need for changes or additions to the program.

Estimated future costs for his care is $1,000.00.

Should your company decide to not fully honor this claim, we demand the carrier reserve and/or escrow sufficient funds to satisfy the complete outstanding claim prior to exhaustion of Personal Injury Protection and/or Medical Payments benefits, pending judicial resolution of any action filed subsequent to this statutory demand letter. This shall serve as our notice of legal intent to initiate litigation and to preserve and pursue all applicable rights both pursuant to Florida Statute and the underlying contract of insurance between the named insured and your company.

Lastly, we request any reply further denying or, in the alternative, not fully satisfying this claim, to outline with specificity why the carrier denies this claim or reduces this claim for denied or overdue benefits and other applicable damages.

If we may be of further assistance in this matter, or should you require further clarification, please do not hesitate to contact us.

Sincerely,

Dr. Richard W. Merritt
RWM/js
Enclosures

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nationwide
attn-Robert Costello Jr
3300 Williston Rd
Gainesville, FL 32608

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7009 3220 0004 3871 4618

PS Form 3811, August 2001    Domestic Return Receipt    2ACPRI-03-P-4081

(C. Petrucci)

Nationwide Insurance

# Explanation Of Benefits

## APPEAL

1 U U D    6/18/2002
3
8:02:38 PM, 11/19/2003
Page 1

This form must accompany any records or bills submitted for review

DEC 1 0 2003

| | |
|---|---|
| Insurance Claim # | 7709N858998 |
| Claimant Name | PETRUCCI, CHANCE |
| Claimant D.O.B. | 1/18/1999 |
| Date of Loss | 7/1/2001 |
| Claim Form # | 14 |
| Reference # | |
| Claim Identifier | 368879 |

| | |
|---|---|
| Adjuster | GUZMANM1 |
| Insured Name | PETRUCCI, TRINA |
| Claimant Phone | |
| Entry Date | 10/9/2003 |
| Entered By | 104 |
| Account # | |

**GE**

| | |
|---|---|
| Provider Info. | DR. RICHARD W. MERRITT |
| | RICHARD MERRITT, D.C. |
| | 1253 WEST MEMORIAL BLVD. |
| | LAKELAND, FL 33815 |
| Description | CHIROPRACTOR |

| | |
|---|---|
| Phone | 863-687-8165 |
| Service ZIP | 33815 |
| Tax ID | 592619379 |
| Owner / Director | |
| GWEN AND RICHARD MERRITT, D.C. | |

Referring Provider

Provider has Accepted Assignment ?    **No**

Provider Charges
**$40.00**
Allowable Charges
**$0.00**

Diagnosis

| | | |
|---|---|---|
| 1. | **839.00** | Closed dislocation, unspecified cervical vertebra |
| 2. | **905.7** | Late effect of sprain and strain without mention of tendon |
| 3. | **781.0** | Abnormal involuntary movements |

| Item # | Service Date | POS | Cpt Code | Mod | Charge | U | Actual Cpt | Actual Charge | Allowed Charge | Units | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 9/30/2003 | 11 | 98940 | | 40.00 | 1 | 98940 | | .00 | 0 | 674 |

**Notes**

674    On the basis of a chiropractic independent medical exam, benefits have been denied

This is a report of all charges and coding that you have presented to Nationwide Insurance. This report has been based on information you have provided as well as our obligation to pay reasonable expenses for medically necessary care. If you feel that you have facts concerning coding or medical treatment that you have not presented, please return a copy of this report which explains the benefits allowed with your corrected information or other documentation clearly outlined that would allow the review of a line charge that was denied or changed. In order to secure proper documentation of needed information for our insured's file, phone correction will not be accepted. If you wish to appeal this decision, please submit; 1) the Explanation of Benefits (EOB). 2) Reason you disagree. 3) Medical Records.

Nationwide Insurance
P.O. Box 147081
Gainesville, Fl. 32614-7081

Notice- Section 817.234, Florida Statutes, provides in part: ' Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree.'



3300 Williston Rd  * Gainesville, FL  32608  *

July 27, 2004

CHIROPRACTIC HEALTH CENTER
RICHARD W MERRITT DC
1253 WEST MEMORIAL BLVD
LAKELAND, FL  33815

FAX# 863-687-1807

**OUR INSURED :** Trina L Petrucci
**OUR CLAIM NUMBER :** 77 09 N  858998 07012001 01
**DATE OF LOSS :** 07-01-2001

PATIENT: Chance Petrucci  DOB:  01-18-1999
REFERENCE:  DOS 05/17 through 11/12/03

Dear Provider:

This will acknowledge receipt of your demand letter dated 07/20/04, which was received by
Nationwide on 07/22/04.

A careful review of the demand and/or claim reveals the following:

❑  Nationwide supports the original payment decision reflected in the Explanation of Benefits
previously forwarded.

❑  An Independent Medical Exam (IME), performed on the above referenced patient,
determined further D.C. medical treatment was no longer reasonable, necessary, or related to
the 07/01/01 motor vehicle accident.  Nationwide continued to pay for D.C. medical
treatment through 05/17/03, but no dates beyond that on the basis of the IME.

❑  We are in receipt of your demand letter requesting that Nationwide escrow benefits for
any amounts in dispute. Please provide a copy of any policy provision, statute, or  District
Court of Appeal opinion that requires Nationwide to escrow benefits.

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure,
defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or
misleading information is guilty of a felony of the third degree."



Should you have any questions, please do not hesitate to contact me at 352/384-4993.

Sincerely,

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
Gail S. Clark SCR1
Claims Department
(352)384-4993

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."

APPROVED OMB-0938-0008

NATIONWIDE-MBA UN
P.O. BOX 147017
GAINESVILLE FL 32614-

COPY

**HEALTH INSURANCE CLAIM FORM**

PICA

CLM#286981

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | (SSN or ID) | (SSN) | (ID) | CL#858998 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
PETRUCCI CHANCE

3. PATIENT'S BIRTH DATE  MM DD YY  SEX
01 18 1999   M   F

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
TRINA PETRUCCI

5. PATIENT'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

6. PATIENT RELATIONSHIP TO INSURED
Self  Spouse  Child  Other

7. INSURED'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

CITY  LAKELAND   STATE  FL

8. PATIENT STATUS
Single X  Married  Other
Employed  Full-Time Student  Part-Time Student

CITY  LAKELAND   STATE  FL

ZIP CODE  33813-2434   TELEPHONE (Include Area Code) (863) 646-2107

ZIP CODE  33813 2434   TELEPHONE (INCLUDE AREA CODE) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

11. INSURED'S POLICY GROUP OR FECA NUMBER
593819823

a. OTHER INSURED'S POLICY OR GROUP NUMBER

10. IS PATIENT'S CONDITION RELATED TO:

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES  X NO

a. INSURED'S DATE OF BIRTH  MM DD YY  SEX
M  F X

b. OTHER INSURED'S DATE OF BIRTH  MM DD YY  SEX
M  F

b. AUTO ACCIDENT?  PLACE (State)
YES  X NO  FL

b. EMPLOYER'S NAME OR SCHOOL NAME
MINOR

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?
YES  X NO

c. INSURANCE PLAN NAME OR PROGRAM NAME
NATIONWIDE-MBA UNIT

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES  NO  If yes, return to and complete item 9 a-d.

**READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.**

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED  SIGNATURE ON FILE   DATE  11 17 2003

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED  SIGNATURE ON FILE

14. DATE OF CURRENT:  ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)
07 01 2001

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE  MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM  MM DD YY  TO  MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM  MM DD YY  TO  MM DD YY

19. RESERVED FOR LOCAL USE
Original auth. to pay physician valid/assignment

20. OUTSIDE LAB?  $ CHARGES
YES  X NO

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)
1. 839 00
2. 905 7
3. 781 0
4.

22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B Place of Service | C Type of Service | D PROCEDURES, SERVICES, OR SUPPLIES CPT/HCPCS  MODIFIER | E DIAGNOSIS CODE | F $ CHARGES | G DAYS OR UNITS | H EPSDT Family Plan | I EMG | J COB | K RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11052003 | | 11 | | 98940 | 1 2 3 | 40 00 | 001 | | | | |
| 11052003 | | 11 | | 97012 | 1 2 3 | 30 00 | 001 | | | | |
| 11122003 | | 11 | | 98940 | 1 2 3 | 40 00 | 001 | | | | |
| 11122003 | | 11 | | 97012 | 1 2 3 | 30 00 | 001 | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

25. FEDERAL TAX I.D. NUMBER  SSN EIN
592619379   X

26. PATIENT'S ACCOUNT NO.
107041-286981

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
YES  NO

28. TOTAL CHARGE
$ 140 00

29. AMOUNT PAID
$ 0 00

30. BALANCE DUE
$ 140 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
RICHARD W. MERRITT DC
SIGNED  DATE  11 10 2003

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
DR. RICHARD W. MERRITT
1253 WEST MEMORIAL BLVD.
LAKELAND, FLORIDA 33815
PIN# 89929 00129  GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)

**PLEASE PRINT OR TYPE**

FORM CMS-1500   (12-90)
FORM OWCP-1500   FORM RRB-1500

WHCFA-1500-CS-N90 (5/02)

NATIONWIDE-MBA UN_
P.O. BOX 147017
GAINESVILLE FL 32614-

COPY

XXX PICA   CLM#285735

**HEALTH INSURANCE CLAIM FORM**   PICA XXX

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | (SSN or ID) | (SSN) | X (ID) | CL#858998 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
PETRUCCI CHANCE

3. PATIENT'S BIRTH DATE
MM 01 DD 18 YY 1999   M X   F

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
TRINA PETRUCCI

5. PATIENT'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

6. PATIENT RELATIONSHIP TO INSURED
Self [ ] Spouse [ ] Child [ ] Other [ ]

7. INSURED'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

CITY LAKELAND   STATE FL

8. PATIENT STATUS
Single X   Married [ ]   Other [ ]
Employed [ ]   Full-Time Student [ ]   Part-Time Student [ ]

CITY LAKELAND   STATE FL

ZIP CODE 33813-2434   TELEPHONE (Include Area Code) (863) 646-2107

ZIP CODE 33813 2434   TELEPHONE (INCLUDE AREA CODE) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
593819823

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
[ ] YES   X NO

a. INSURED'S DATE OF BIRTH
MM DD YY   M [ ] SEX F X

b. OTHER INSURED'S DATE OF BIRTH
MM DD YY   M [ ] SEX F [ ]

b. AUTO ACCIDENT?
X YES   [ ] NO   PLACE (State) FL

b. EMPLOYER'S NAME OR SCHOOL NAME
MINOR

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?
[ ] YES   X NO

c. INSURANCE PLAN NAME OR PROGRAM NAME
NATIONWIDE-MBA UNIT

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
[ ] YES   X NO   If yes, return to and complete item 9 a-d.

**READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.**
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED SIGNATURE ON FILE   DATE 10 01 2003

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED SIGNATURE ON FILE

14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)
07 01 2003

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY   TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY   TO MM DD YY

19. RESERVED FOR LOCAL USE
Original auth. to pay physician valid/assignment

20. OUTSIDE LAB?
[ ] YES   X NO   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)
1. 839.00   3. 781 0
2. 905.7   4.

22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09 30 2003 | | 11 | | 98940 | 1 2 3 | 40 00 | 001 | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

25. FEDERAL TAX I.D. NUMBER
592619379   SSN [ ]   EIN X

26. PATIENT'S ACCOUNT NO.
107041-285735

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
X YES   [ ] NO

28. TOTAL CHARGE
$ 40 00

29. AMOUNT PAID
$ 0 00

30. BALANCE DUE
$ 40 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
SIGNED RICHARD W. MERRITT   DATE 10 01 2003

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
DR. RICHARD W. MERRITT
1253 WEST MEMORIAL BLVD.
LAKELAND, FLORIDA  33815
489929 00129   GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)   PLEASE PRINT OR TYPE
WHCFA-1500-CS-N90 (5/02)

FORM CMS-1500   (12-90)
FORM OWCP-1500
FORM RRB-1500

APPROVED OMB-0938-0008

NATIONWIDE-MBA UNIT
P.O. BOX 147017
GAINESVILLE FL 32614-

COPY

**HEALTH INSURANCE CLAIM FORM**

PICA    CLM#285328                                                    PICA

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid#) | (Sponsor's SSN) | (VA File #) | (SSN or ID) | (SSN) | X (ID) | CL#858998 | |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
PETRUCCI CHANCE

3. PATIENT'S BIRTH DATE   MM DD YY   SEX
01 18 1999   M [ ] F [X]

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
TRINA PETRUCCI

5. PATIENT'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

6. PATIENT RELATIONSHIP TO INSURED
Self [ ]  Spouse [ ]  Child [X]  Other [ ]

7. INSURED'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

CITY  LAKELAND                     STATE FL

8. PATIENT STATUS
Single [X]  Married [ ]  Other [ ]

CITY  LAKELAND                     STATE FL

ZIP CODE  33813-2434   TELEPHONE (Include Area Code) ( 863 646-2107 )

Employed [ ]  Full-Time Student [ ]  Part-Time Student [ ]

ZIP CODE  33813 2434   TELEPHONE (INCLUDE AREA CODE) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
593819823

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES [ ]  NO [X]

a. INSURED'S DATE OF BIRTH   MM DD YY   SEX
M [ ]  F [X]

b. OTHER INSURED'S DATE OF BIRTH   MM DD YY   SEX
M [ ]  F [ ]

b. AUTO ACCIDENT?
YES [ ]  NO [X]   PLACE (State) FL

b. EMPLOYER'S NAME OR SCHOOL NAME
MINOR

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?
YES [ ]  NO [X]

c. INSURANCE PLAN NAME OR PROGRAM NAME
NATIONWIDE-MBA UNIT

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
[ ] YES [ ] NO   If yes, return to and complete item 9 a-d.

**READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.**
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED  SIGNATURE ON FILE   DATE  09 14 2003

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED  SIGNATURE ON FILE

14. DATE OF CURRENT:   ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)
07 01 2003

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE   MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM  TO

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM  MM DD YY   TO  MM DD YY

19. RESERVED FOR LOCAL USE
Original auth. to pay physician valid/assignment

20. OUTSIDE LAB?
YES [ ]  NO [ ]   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)
1. 839 00          3. 781 0
2. 905 7           4.

22. MEDICAID RESUBMISSION CODE          ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. | DATE(S) OF SERVICE | | | | | B | C | D | | E | F | G | H | I | J | K |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From | | | To | | Place of Service | Type of Service | PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | | DIAGNOSIS CODE | $ CHARGES | DAYS OR UNITS | EPSDT Family Plan | EMG | COB | RESERVED FOR LOCAL USE |
| | MM DD YY | | MM | DD | YY | | | | | | | | | | | |
| 1 | 09 09 2003 | | | | | 11 | | 98940 | | 1 2 3 | 40 00 | 001 | | | | |
| 2 | 09 09 2003 | | | | | 11 | | 97012 | | 1 2 3 | 30 00 | 001 | | | | |
| 3 | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | | | | | |
| 6 | | | | | | | | | | | | | | | | |

25. FEDERAL TAX I.D. NUMBER   SSN [ ] EIN [X]
592619379

26. PATIENT'S ACCOUNT NO.
107041-285328

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
YES [X]  NO [ ]

28. TOTAL CHARGE
$ 70 00

29. AMOUNT PAID
$ 0 00

30. BALANCE DUE
$ 70 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
RICHARD W. MERRITT, DC
SIGNED   09 DEC 2003

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
DR. RICHARD W. MERRITT
1253 WEST MEMORIAL BLVD.
LAKELAND, FLORIDA 33815
PIN# 89929 00129   GRP#

NATIONWIDE-MBA UNI.
P.O. BOX 147017
GAINESVILLE FL 32614-

XXX PICA   CLM#284543

# HEALTH INSURANCE CLAIM FORM

PICA XXX

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicad #) | (Sponsor's SSN) | (VA File #) | (SSN or ID) | (SSN) X | (ID) | CL#858998 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
PETRUCCI CHANCE

3. PATIENT'S BIRTH DATE
01 18 1999  M X  SEX F

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
TRINA PETRUCCI

5. PATIENT'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

6. PATIENT RELATIONSHIP TO INSURED
Self   Spouse   Child X   Other

7. INSURED'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

CITY   LAKELAND   STATE FL

8. PATIENT STATUS
Single X   Married   Other

CITY   LAKELAND   STATE FL

ZIP CODE   33813-2434   TELEPHONE (Include Area Code)   (863) 646-2107

Employed   Full-Time Student   Part-Time Student

ZIP CODE   33813 2434   TELEPHONE (INCLUDE AREA CODE)   (   )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
593819823

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES   NO X

a. INSURED'S DATE OF BIRTH
MM DD YY   SEX M   F X

b. OTHER INSURED'S DATE OF BIRTH
MM DD YY   M   F

b. AUTO ACCIDENT?
YES   NO X   PLACE (State) FL

b. EMPLOYER'S NAME OR SCHOOL NAME
MINOR

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?
YES   NO X

c. INSURANCE PLAN NAME OR PROGRAM NAME
NATIONWIDE-MBA UNIT

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES   NO   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED   SIGNATURE ON FILE   DATE   08 18 2003

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED   SIGNATURE ON FILE

14. DATE OF CURRENT:   07 01 2001   ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM   MM DD YY   TO   MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM   MM DD YY   TO   MM DD YY

19. RESERVED FOR LOCAL USE
Original auth. to pay physician valid/assignment

20. OUTSIDE LAB?
YES   NO X   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)
1. 839.00   3. 781 0
2. 905.7   4.

22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A DATE(S) OF SERVICE | | | | | | B Place of Service | C Type of Service | D PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS   MODIFIER | E DIAGNOSIS CODE | F $ CHARGES | G DAYS OR UNITS | H EPSDT Family Plan | I EMG | J COB | K RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| From MM | DD | YY | To MM | DD | YY | | | | | | | | | | |
| 08 | 08 | 2003 | | | | 11 | | 98940 | 1 2 3 | 40 00 | 001 | | | | |
| 08 | 08 | 2003 | | | | 11 | | 97012 | 1 2 3 | 30 00 | 001 | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

25. FEDERAL TAX I.D. NUMBER
592619379   SSN   EIN X

26. PATIENT'S ACCOUNT NO.
107041-284543

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
YES X   NO

28. TOTAL CHARGE
$ 70 00

29. AMOUNT PAID
$ 0 00

30. BALANCE DUE
$ 70 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
RICHARD W. MERRITT DC
SIGNED   DATE 08 18 2003

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
DR. RICHARD W. MERRITT
1253 WEST MEMORIAL BLVD.
LAKELAND, FLORIDA   33815
489929 00129   GRP#

COPY

APPROVED OMB-0938-0008

NATIONWIDE-MBA UNIT
P.O. BOX 147017
GAINESVILLE FL 32614-

**HEALTH INSURANCE CLAIM FORM**

PICA | XXX | PICA | CL#283724 | **HEALTH INSURANCE CLAIM FORM** | PICA | XXX

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | (SSN or ID) | (SSN) | X (ID) | CL#858998 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
PETRUCCI CHANCE

3. PATIENT'S BIRTH DATE
MM 01 | DD 18 | YY 1999   SEX F X

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
TRINA PETRUCCI

5. PATIENT'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

6. PATIENT RELATIONSHIP TO INSURED
Self | Spouse | Child | Other X

7. INSURED'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

CITY  LAKELAND   STATE  FL
8. PATIENT STATUS
Single X | Married | Other

CITY  LAKELAND   STATE  FL

ZIP CODE 33813-2434   TELEPHONE (Include Area Code) ( 863 ) 646-2107
Employed | Full-Time Student | Part-Time Student

ZIP CODE 33813 2434   TELEPHONE (INCLUDE AREA CODE) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)
10. IS PATIENT'S CONDITION RELATED TO:
11. INSURED'S POLICY GROUP OR FECA NUMBER
593819823

a. OTHER INSURED'S POLICY OR GROUP NUMBER
a. EMPLOYMENT? (CURRENT OR PREVIOUS)   YES | X NO
a. INSURED'S DATE OF BIRTH  MM | DD | YY   SEX  M | F X

b. OTHER INSURED'S DATE OF BIRTH  MM | DD | YY   M | F
b. AUTO ACCIDENT?   YES | X NO   PLACE (State) FL
b. EMPLOYER'S NAME OR SCHOOL NAME
MINOR

c. EMPLOYER'S NAME OR SCHOOL NAME
c. OTHER ACCIDENT?   YES | X NO
c. INSURANCE PLAN NAME OR PROGRAM NAME
NATIONWIDE-MBA UNIT

d. INSURANCE PLAN NAME OR PROGRAM NAME
10d. RESERVED FOR LOCAL USE
d. IS THERE ANOTHER HEALTH BENEFIT PLAN?   YES | X NO   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED  SIGNATURE ON FILE   DATE  07 19 2003

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED  SIGNATURE ON FILE

14. DATE OF CURRENT: ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)
07 01 200

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE  MM | DD | YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM  MM | DD | YY   TO  MM | DD | YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE
17a. I.D. NUMBER OF REFERRING PHYSICIAN
18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM  MM | DD | YY   TO  MM | DD | YY

19. RESERVED FOR LOCAL USE
Original auth. to pay physician valid/assignment
20. OUTSIDE LAB?   YES | X NO   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)
1. 724 8
3.
22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

2.
4.
23. PRIOR AUTHORIZATION NUMBER

| 24. | A. DATE(S) OF SERVICE From MM DD YY To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 07 01 2003 | 11 | | 98940 | 1 | 40 00 | 001 | | | | |
| 2 | 07 01 2003 | 11 | | 97012 | 1 | 30 00 | 001 | | | | |
| 3 | 07 02 2003 | 11 | | 98940 | 1 | 40 00 | 001 | | | | |
| 4 | 07 02 2003 | 11 | | 97012 | 1 | 30 00 | 001 | | | | |
| 5 | 07 02 2003 | 11 | | 98940 | 1 | 40 00 | 001 | | | | |
| 6 | 07 07 2003 | 11 | | 97012 | 1 | 30 00 | 001 | | | | |

25. FEDERAL TAX I.D. NUMBER  592619379  SSN | EIN X
26. PATIENT'S ACCOUNT NO.  107041-283724
27. ACCEPT ASSIGNMENT? (For govt. claims, see back)  YES | NO
28. TOTAL CHARGE  $ 210 00
29. AMOUNT PAID  $ 0 00
30. BALANCE DUE  $ 210 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
RICHARD W. MERRITT, DC
SIGNED  07 19 2003

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
DR. RICHARD W. MERRITT
1253 WEST MEMORIAL BLVD.
LAKELAND, FLORIDA  33815
PIN# 489929 00129   GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
WHCFA-1500-CS-N90 (5/02)
**PLEASE PRINT OR TYPE**
FORM CMS-1500   (12-90)
FORM OWCP-1500
FORM RRB-1500

COPY
APPROVED OMB-0938-0008

NATIONWIDE-MBA UNIT
P.O. BOX 147017
GAINESVILLE FL 32614-

**HEALTH INSURANCE CLAIM FORM**

PICA

| 1. | MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|---|---|
| | (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | (SSN or ID) | (SSN) | X (ID) | CL#858998 | |

CLM#283725

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
PETRUCCI CHANCE

3. PATIENT'S BIRTH DATE
MM 01 DD 18 YY 1999  SEX M X F

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
TRINA PETRUCCI

5. PATIENT'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

6. PATIENT RELATIONSHIP TO INSURED
Self Spouse Child Other X

7. INSURED'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

CITY
LAKELAND   STATE FL

8. PATIENT STATUS
Single X Married Other
Employed Full-Time Student Part-Time Student

CITY
LAKELAND   STATE FL

ZIP CODE
33813-2434   TELEPHONE (Include Area Code)
(863) 646-2107

ZIP CODE
33813 2434   TELEPHONE (INCLUDE AREA CODE)
( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
593819823

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES X NO

a. INSURED'S DATE OF BIRTH
MM DD YY   SEX M F X

b. OTHER INSURED'S DATE OF BIRTH
MM DD YY   SEX M F

b. AUTO ACCIDENT?
YES X NO   PLACE (State) FL

b. EMPLOYER'S NAME OR SCHOOL NAME
MINOR

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?
YES X NO

c. INSURANCE PLAN NAME OR PROGRAM NAME
NATIONWIDE-MBA UNIT

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES X NO   If yes, return to and complete item 9 a-d

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED SIGNATURE ON FILE   DATE 07 19 2003

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED SIGNATURE ON FILE

14. DATE OF CURRENT:   ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)
MM 07 DD 01 YY 200

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY   TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY   TO MM DD YY

19. RESERVED FOR LOCAL USE
Original auth. to pay physician valid/assignment

20. OUTSIDE LAB?
YES NO X   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE)

1. 839 00   3. 781 0
2. 905 7   4.

22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B Place of Service | C Type of Service | D PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E DIAGNOSIS CODE | F $ CHARGES | G DAYS OR UNITS | H EPSDT Family Plan | I EMG | J COB | K RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 07 09 2003 | | 11 | | 98940 | | 1 2 3 | 40 00 | 001 | | | | |
| 2 | 07 09 2003 | | 11 | | 97012 | | 1 2 3 | 30 00 | 001 | | | | |
| 3 | 07 09 2003 | | 11 | | 95999 | | 1 2 3 | 135 00 | 001 | | | | |
| 4 | 07 09 2003 | | 11 | | 96002 | | 1 2 3 | 21 00 | 001 | | | | |
| 5 | 07 09 2003 | | 11 | | 96004 | | 1 2 3 | 94 00 | 001 | | | | |

25. FEDERAL TAX I.D. NUMBER   SSN EIN X
592619379

26. PATIENT'S ACCOUNT NO.
107041-283725

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
YES NO

28. TOTAL CHARGE
$ 320 00

29. AMOUNT PAID
$ 0 00

30. BALANCE DUE
$ 320 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
R R Merritt
SIGNED RICHARD W. MERRITT DC   07 19 2003

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
DR. RICHARD W. MERRITT
1253 WEST MEMORIAL BLVD.
LAKELAND, FLORIDA 33815
PIN# 489929   GRP# 00129

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
WHCFA-1500-CS-N90 (5/02)

**PLEASE PRINT OR TYPE**

FORM CMS-1500   (12-90)
FORM OWCP-1500
FORM RRB-1500

Nationwide Insurance

# Explanation Of Benefits

## APPEAL

This form must accompany any records or bills submitted for review

1 U U D 3      6/18/2002

5:29:25 PM, 7/31/2003
Page 1

| | | | |
|---|---|---|---|
| Insurance Claim # | 7709N858998 | Adjuster | GRIGGST |
| Claimant Name | PETRUCCI, CHANCE | Insured Name | PETRUCCI, TRINA |
| Claimant D.O.B. | 1/18/1999 | Claimant Phone | |
| Date of Loss | 7/1/2001 | Entry Date | 7/29/2003 |
| Claim Form # | 11 | Entered By | 102 |
| Reference # | | Account # | |
| Claim Identifier | 323593 | | |

**GE**

| | | |
|---|---|---|
| Provider Info. | DR. RICHARD W. MERRITT | Phone  863-687-8165 |
| | RICHARD MERRITT, D.C. | Service ZIP  33815 |
| | 1253 WEST MEMORIAL BLVD. | Tax ID  592619379 |
| | LAKELAND, FL 33815 | Owner / Director |
| Description | CHIROPRACTOR | GWEN AND RICHARD MERRITT, D.C. |

---

Referring Provider

Provider has Accepted Assignment ?  No

Provider Charges
**$530.00**
Allowable Charges
**$0.00**

Diagnosis

1.  724.8      Other symptoms referable to back

---

| Item # | Service Date | POS | Cpt Code | Mod | Charge | U | Actual CPT | Actual Mod | Allowed Charge | Units | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 7/1/2003 | 11 | 98940 | | 40.00 | 1 | 98940 | | .00 | 0 | 674 |
| 2 | 7/1/2003 | 11 | 97012 | | 30.00 | 1 | 97012 | | .00 | 0 | 674 |
| 3 | 7/2/2003 | 11 | 98940 | | 40.00 | 1 | 98940 | | .00 | 0 | 674 |
| 4 | 7/2/2003 | 11 | 97012 | | 30.00 | 1 | 97012 | | .00 | 0 | 674 |
| 5 | 7/7/2003 | 11 | 98940 | | 40.00 | 1 | 98940 | | .00 | 0 | 674 |
| 6 | 7/7/2003 | 11 | 97012 | | 30.00 | 1 | 97012 | | .00 | 0 | 674 |
| 7 | 7/9/2003 | 11 | 98940 | | 40.00 | 1 | 98940 | | .00 | 0 | 674 |
| 8 | 7/9/2003 | 11 | 97012 | | 30.00 | 1 | 97012 | | .00 | 0 | 674 |
| 9 | 7/9/2003 | 11 | 95999 | | 135.00 | 1 | 95999 | | .00 | 0 | 674 |
| 10 | 7/9/2003 | 11 | 96002 | | 21.00 | 1 | 96002 | | .00 | 0 | 674 |
| 11 | 7/9/2003 | 11 | 96004 | | 94.00 | 1 | 96004 | | .00 | 0 | 674 |

**Notes**

674      On the basis of a chiropractic independent medical exam, benefits have been denied

---

This is a report of all charges and coding that you have presented to Nationwide Insurance. This report has been based on information you have provided as well as our obligation to pay reasonable expenses for medically necessary care. If you feel that you have facts concerning coding or medical treatment that you have not presented, please return a copy of this report which explains the benefits allowed with your corrected information or other documentation clearly outlined that would allow the review of a line charge that was denied or changed. In order to secure proper documentation of needed information for our insured's file, phone correction will not be accepted. If you wish to appeal this decision, please submit; 1) the Explanation of Benefits (EOB). 2) Reason you disagree. 3) Medical Records.

Nationwide Insurance

# Explanation Of Benefits

## APPEAL

1 U U D 3    6/18/2002

5:29:25 PM, 7/31/2003
Page 2

**This form must accompany any records or bills submitted for review**

| | | | |
|---|---|---|---|
| Insurance Claim # | **7709N858998** | Adjuster | **GRIGGST** |
| Claimant Name | **PETRUCCI, CHANCE** | Insured Name | **PETRUCCI, TRINA** |
| Claimant D.O.B. | **1/18/1999** | Claimant Phone | |
| Date of Loss | **7/1/2001** | Entry Date | **7/29/2003** |
| Claim Form # | **11** | Entered By | **102** |
| Reference # | | Account # | |
| Claim Identifier | **323593** | | |

**GE**

Nationwide Insurance
P.O. Box 147081
Gainesville, Fl. 32614-7081

Notice- Section 817.234, Florida Statutes, provides in part: ' Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree.'

APPROVED OMB-0938-0008
COPY

NATIONWIDE-MBA UNIT
P.O. BOX 147017
GAINESVILLE FL 32614-

**HEALTH INSURANCE CLAIM FORM**

XXX PICA    CLM#283232                                                          PICA XXX

| 1. MEDICARE | MEDICAID | CHAMPUS | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) |
|---|---|---|---|---|---|---|---|
| (Medicare #) | (Medicaid #) | (Sponsor's SSN) | (VA File #) | (SSN or ID) | (SSN) X | (ID) | CL#858998 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
PETRUCCI CHANCE

3. PATIENT'S BIRTH DATE  MM 01 DD 18 YY 1999  SEX M X  F

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
TRINA PETRUCCI

5. PATIENT'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

6. PATIENT RELATIONSHIP TO INSURED
Self  Spouse  Child X  Other

7. INSURED'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

CITY LAKELAND  STATE FL

8. PATIENT STATUS
Single X  Married  Other

CITY LAKELAND  STATE FL

ZIP CODE 33813-2434  TELEPHONE (Include Area Code) (863) 646-2107

Employed  Full-Time Student  Part-Time Student

ZIP CODE 33813 2434  TELEPHONE (INCLUDE AREA CODE) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
593819823

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)  YES  NO X

a. INSURED'S DATE OF BIRTH  MM DD YY  SEX M  F X

b. OTHER INSURED'S DATE OF BIRTH  MM DD YY  SEX M  F

b. AUTO ACCIDENT?  YES  NO X  PLACE (State) FL

b. EMPLOYER'S NAME OR SCHOOL NAME
MINOR

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT?  YES  NO X

c. INSURANCE PLAN NAME OR PROGRAM NAME
NATIONWIDE-MBA UNIT

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES  NO X  If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED  SIGNATURE ON FILE  DATE 06 28 2003

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED  SIGNATURE ON FILE

14. DATE OF CURRENT:  MM 07 DD 01 YY 2001  ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE  MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY  TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY  TO MM DD YY

19. RESERVED FOR LOCAL USE
Original auth. to pay physician valid/assignment

20. OUTSIDE LAB?  YES  NO X  $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 or 4 TO ITEM 24E BY LINE)
1. 724.8
2.
3.
4.

22. MEDICAID RESUBMISSION CODE  ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. | A. DATE(S) OF SERVICE | | | | | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From MM DD YY | | | To MM DD YY | | | | | | | | | | | | |
| 1 | 06 23 2003 | | | | | 11 | | 98940 | | 1 | 40 00 | 001 | | | | |
| 2 | 06 23 2003 | | | | | 11 | | 97012 | | 1 | 30 00 | 001 | | | | |
| 3 | 06 25 2003 | | | | | 11 | | 98940 | | 1 | 40 00 | 001 | | | | |
| 4 | 06 25 2003 | | | | | 11 | | 97012 | | 1 | 30 00 | 001 | | | | |
| 5 | 06 27 2003 | | | | | 11 | | 98940 | | 1 | 40 00 | 001 | | | | |
| 6 | 06 27 2003 | | | | | 11 | | 97012 | | 1 | 30 00 | 001 | | | | |

25. FEDERAL TAX I.D. NUMBER  SSN  EIN X
592619379

26. PATIENT'S ACCOUNT NO.
107041-283232

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)  YES  NO

28. TOTAL CHARGE $ 210 00

29. AMOUNT PAID $ 0 00

30. BALANCE DUE $ 210 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
RICHARD W. MERRITT DC
SIGNED  06 28 2003

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
DR. RICHARD W. MERRITT
1253 WEST MEMORIAL BLVD.
LAKELAND, FLORIDA  33815
489929 00129
PIN#  GRP#

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
WHCFA-1500-CS-N90 (5/02)
PLEASE PRINT OR TYPE
FORM CMS-1500 (12-90)
FORM OWCP-1500  FORM RRB-1500

NATIONWIDE MBA UNIT
P.O. BOX 147017
GAINESVILLE FL 32614-


COPY

APPROVED OMB-0938-0008

XXX PICA     CLM#282395

# HEALTH INSURANCE CLAIM FORM

PICA XXX

CARRIER

| 1. MEDICARE (Medicare #) | MEDICAID (Medicaid #) | CHAMPUS (Sponsor's SSN) | CHAMPVA (VA File #) | GROUP HEALTH PLAN (SSN or ID) | FECA BLK LUNG (SSN) | OTHER (ID) X | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) CL#858998 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
PETRUCCI CHANCE

3. PATIENT'S BIRTH DATE
MM 01 DD 18 YY 1999   SEX M [ ] F [ ]

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
TRINA PETRUCCI

5. PATIENT'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

6. PATIENT RELATIONSHIP TO INSURED
Self [ ] Spouse [ ] Child [ ] Other [X]

7. INSURED'S ADDRESS (No., Street)
2132 EAST GACHET BLVD.

CITY
LAKELAND   STATE FL

8. PATIENT STATUS
Single [X] Married [ ] Other [ ]

CITY
LAKELAND   STATE FL

ZIP CODE 33813-2434   TELEPHONE (Include Area Code) (863) 646-2107

Employed [ ] Full-Time Student [ ] Part-Time Student [ ]

ZIP CODE 33813 2434   TELEPHONE (INCLUDE AREA CODE) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER
593819823

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (CURRENT OR PREVIOUS)
YES [ ] NO [X]

a. INSURED'S DATE OF BIRTH MM DD YY   SEX M [ ] F [X]

b. OTHER INSURED'S DATE OF BIRTH MM DD YY   SEX M [ ] F [ ]

b. AUTO ACCIDENT? YES [ ] NO [X]   PLACE (State) FL

b. EMPLOYER'S NAME OR SCHOOL NAME
MINOR

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT? YES [ ] NO [X]

c. INSURANCE PLAN NAME OR PROGRAM NAME
NATIONWIDE-MBA UNIT

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES [ ] NO [X]   If yes, return to and complete item 9 a-d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED  SIGNATURE ON FILE   DATE 06 02 2003

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED  SIGNATURE ON FILE

PATIENT AND INSURED INFORMATION

14. DATE OF CURRENT: MM 07 DD 01 YY 2001  ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY (LMP)

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY   TO MM DD YY

17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE

17a. I.D. NUMBER OF REFERRING PHYSICIAN

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY   TO MM DD YY

19. RESERVED FOR LOCAL USE
Original auth. to pay physician valid/assignment

20. OUTSIDE LAB? YES [ ] NO [X]   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 or 4 TO ITEM 24E BY LINE)
1. 724.8
2. ____
3. ____
4. ____

22. MEDICAID RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. | A. DATE(S) OF SERVICE From MM DD YY   To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS   MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 05 19 2003 | 11 | | 98940 | 1 | 40 00 | 001 | | | | |
| 2 | 05 19 2003 | 11 | | 97012 | 1 | 30 00 | 001 | | | | |
| 3 | 05 21 2003 | 11 | | 98940 | 1 | 40 00 | 001 | | | | |
| 4 | 05 21 2003 | 11 | | 97012 | 1 | 30 00 | 001 | | | | |
| 5 | 05 23 2003 | 11 | | 98940 | 1 | 40 00 | 001 | | | | |
| 6 | 05 23 2003 | 11 | | 97012 | 1 | 30 00 | 001 | | | | |

25. FEDERAL TAX I.D. NUMBER
592619379   SSN [ ] EIN [X]

26. PATIENT'S ACCOUNT NO.
107041-282395

27. ACCEPT ASSIGNMENT? (For govt. claims, see back) YES [ ] NO [ ]

28. TOTAL CHARGE $ 210 00

29. AMOUNT PAID $ 0 00

30. BALANCE DUE $ 210 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
RICHARD W. MERRITT, DC
SIGNED   06 02 2003

32. NAME AND ADDRESS OF FACILITY WHERE SERVICES RENDERED (If other than home or office)

33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE #
DR. RICHARD W. MERRITT
1253 WEST MEMORIAL BLVD.
LAKELAND, FLORIDA   33815
489929 00129
PIN#   GRP#

PHYSICIAN OR SUPPLIER INFORMATION

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
WHCFA-1500-CS-N90 (5/02)

PLEASE PRINT OR TYPE

FORM CMS-1500   (12-90)
FORM OWCP-1500
FORM RRB-1500

NATIONWIDE-MBA UNIT
P.O. BOX 147017
GAINESVILLE FL 32614-

APPROVED OMB-0938-0008
COPY

**HEALTH INSURANCE CLAIM FORM**

| | | | | | |
|---|---|---|---|---|---|
| XXX PICA | | | | | PICA XXX |

CL M#282396

| 1. MEDICARE (Medicare #) | MEDICAID (Medicaid #) | CHAMPUS (Sponsor's SSN) | CHAMPVA (VA File #) | GROUP HEALTH PLAN (SSN or ID) | FECA BLK LUNG (SSN) | OTHER X (ID) | 1a. INSURED'S I.D. NUMBER (FOR PROGRAM IN ITEM 1) CL#858998 |
|---|---|---|---|---|---|---|---|

| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial) PETRUCCI CHANCE | 3. PATIENT'S BIRTH DATE MM DD YY 01 18 1999 SEX M X F | 4. INSURED'S NAME (Last Name, First Name, Middle Initial) TRINA PETRUCCI |

| 5. PATIENT'S ADDRESS (No., Street) 2132 EAST GACHET BLVD. | 6. PATIENT RELATIONSHIP TO INSURED Self Spouse Child X Other | 7. INSURED'S ADDRESS (No., Street) 2132 EAST GACHET BLVD. |

| CITY LAKELAND | STATE FL | 8. PATIENT STATUS Single X Married Other | CITY LAKELAND | STATE FL |

| ZIP CODE 33813-2434 | TELEPHONE (Include Area Code) (863) 646-2107 | Employed Full-Time Student Part-Time Student | ZIP CODE 33813 2434 | TELEPHONE (INCLUDE AREA CODE) ( ) |

| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial) | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER 593819823 |

| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (CURRENT OR PREVIOUS) YES X NO | a. INSURED'S DATE OF BIRTH MM DD YY SEX M F X |

| b. OTHER INSURED'S DATE OF BIRTH MM DD YY SEX M F | b. AUTO ACCIDENT? X YES NO PLACE (State) FL | b. EMPLOYER'S NAME OR SCHOOL NAME MINOR |

| c. EMPLOYER'S NAME OR SCHOOL NAME | c. OTHER ACCIDENT? YES X NO | c. INSURANCE PLAN NAME OR PROGRAM NAME NATIONWIDE-MBA UNIT |

| d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. RESERVED FOR LOCAL USE | d. IS THERE ANOTHER HEALTH BENEFIT PLAN? YES X NO If yes, return to and complete item 9 a-d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

| 12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below. SIGNED SIGNATURE ON FILE DATE 06 02 2003 | 13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below. SIGNED SIGNATURE ON FILE |

| 14. DATE OF CURRENT: ILLNESS (First symptom) OR MM DD YY INJURY (Accident) OR 07 01 2001 PREGNANCY (LMP) | 15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION FROM MM DD YY TO MM DD YY |

| 17. NAME OF REFERRING PHYSICIAN OR OTHER SOURCE | 17a. I.D. NUMBER OF REFERRING PHYSICIAN | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES FROM MM DD YY TO MM DD YY |

| 19. RESERVED FOR LOCAL USE Original auth. to pay physician valid/assignment | 20. OUTSIDE LAB? YES X NO $ CHARGES |

| 21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. (RELATE ITEMS 1,2,3 OR 4 TO ITEM 24E BY LINE) 1. 724.8 3. 2. 4. | 22. MEDICAID RESUBMISSION CODE ORIGINAL REF. NO. |
| | 23. PRIOR AUTHORIZATION NUMBER |

| 24. A. DATE(S) OF SERVICE From MM DD YY To MM DD YY | B. Place of Service | C. Type of Service | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS CODE | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. EMG | J. COB | K. RESERVED FOR LOCAL USE |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 05 28 2003 | | 11 | 98940 | 1 | 40 00 | 001 | | | | |
| 2 05 28 2003 | | 11 | 97012 | 1 | 30 00 | 001 | | | | |
| 3 05 30 2003 | | 11 | 98940 | 1 | 40 00 | 001 | | | | |
| 4 05 30 2003 | | 11 | 97012 | 1 | 30 00 | 001 | | | | |
| 5 | | | | | | | | | | |
| 6 | | | | | | | | | | |

| 25. FEDERAL TAX I.D. NUMBER 592619379 SSN EIN X | 26. PATIENT'S ACCOUNT NO. 107041-282396 | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) YES NO | 28. TOTAL CHARGE $ 140 00 | 29. AMOUNT PAID $ 0 00 | 30. BALANCE DUE $ 140 00 |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) SIGNED RICHARD W. MERRITT DC 06 02 2003 | 32. NAME AND ADDRESS OF FACILITY WHERE SERVICES WERE RENDERED (If other than home or office) | 33. PHYSICIAN'S, SUPPLIER'S BILLING NAME, ADDRESS, ZIP CODE & PHONE # DR. RICHARD W. MERRITT 1253 WEST MEMORIAL BLVD. LAKELAND, FLORIDA 33815 489929 00129 GRP# |

(APPROVED BY AMA COUNCIL ON MEDICAL SERVICE 8/88)
WHCFA-1500-CS-N90 (5/02)

**PLEASE PRINT OR TYPE**

FORM CMS-1500 (12-90)
FORM OWCP-1500 FORM RRB-1500

# Provider/Patient Assignment, Lien, Power Of Attorney, Records Release, And Payment Agreement

THIS AGREEMENT, entered into this date by and between Chance Petrucci, a minor hereinafter call "Patient", and Dr. Richard W. Merritt, hereinafter called "Provider"

WHEREAS Patient desires to receive health care services from Provider and desires to assign certain rights and benefits to Provider as an inducement to cause Provider to wait for the payment of such benefits, it is hereby agreed:

**SECTION 1.** Patient assigns to Provider any and all benefits payable by Patient's insurance or health care plan(s) as a result of charges incurred by Patient for services rendered by Provider. Patient also assigns to Provider any and all contractual rights Patient has against any insurance company, health care benefit plan, or any other party contractually liable to Patient for payment of health care costs incurred by Patient as a result of services rendered by Provider. This agreement of benefits and contractual rights relating to those benefits includes, but is not limited to, the following described policies or plans: Nationwide Ins.

This assignment of benefits and contractual rights to those benefits shall not exceed the total amount of charges incurred by Patient for services rendered by Provider. Patient agrees that payment for services rendered by Provider is due upon receipt of said services and Provider's acceptance of Patient's assignment of benefits is a convenience to Patient, and that Provider may revoke this assignment at any time.

**SECTION 2.** Patient hereby grants Provider a lien against any proceeds resulting from any claim Patient has or may have against any party whose negligence may have caused Patient's injuries or illness. Patient also hereby grants a lien against the proceeds of any insurance policy or health care plan to which Patient is entitled as a result of services rendered to Patient by Provider. Said liens shall not exceed the total amount of expenses incurred by Patient for services rendered by Provider.

**SECTION 3.** Patient hereby directs all insurers and other persons responsible for Patient's health care costs to make all payments for health care services rendered by Provider directly to Provider.

**SECTION 4.** Patient hereby appoints Provider as Patient's true and lawful attorney, irrevocable, and with full power of substitution, for Patient and in Patient's name, to ask, demand, sue for, collect, endorse, sign, and receive proceeds from insurance, other health benefits, and third party claims relating to services rendered to Patient by Provider. Although Provider is granted such special powers contained herein, Provider is not obligated or compelled to exercise such powers but may do so at Provider's discretion. Patient agrees to cooperate with Provider in collecting such amounts. Said cooperation shall include appearing in court if necessary. Patient further empowers Provider to request and receive from any insurer, employer, or other third party payor any and all information and documentation pertaining to

Patient's health care policies or plans, including a copy of such policies or plans, and any information or supporting documentation concerning or touching upon the handling, calculation, processing, or payment of any claims arising from services rendered to Patient by provider.

**SECTION 5.** Patient agrees to waive any applicable statute of limitations which may at any time interfere with Provider's right to collect for services rendered to Patient.

**SECTION 6.** Patient agrees that in the event Patient receives any check, draft, or other payment subject to this Agreement. Patient agrees to act as fiduciary agent for Provider and will immediately deliver said check, draft, or payment to Provider. Provider agrees to apply the proceeds from said check, draft, or payments to Patient's debt for services rendered.

**SECTION 7.** Patient hereby authorizes Provider to release and permit the examination and/or copying of any of Patient's medical records, x-rays, laboratory reports, and the results of all tests of any type or character to such persons as Provider deems appropriate.

**SECTION 8.** Provider agrees to submit a copy of this Agreement with the initial claim form(s) which Provider submits to third party payor(s) as notice to the third party payor(s) of the assignment and other agreements contained herein. A copy of this document shall be as binding as the document bearing original signature. At the time each claim is submitted, a copy of the claim will be stored for safekeeping in Patient's file and may be picked up by the Patient/insured at any time or will, upon request by Patient/insured, be mailed to a designated address.

**SECTION 9.** Patient agrees to be responsible for insurance or health plan deductibles and co-payments; and for the cost of services not covered by said insurance or health care plan(s). With the above exception, Provider agrees to accept as payment in full, for services rendered, the proceeds of insurance or health care plan benefits.

A. This Section is void if applicable insurance or health care plans do not provide coverage for chiropractic services.

B. This Section is void if prohibited by law or the terms of the Patient's insurance policy or health care plan.

C. Both Provider and Patient have the right to terminate the provisions of this Section at any time by providing written notice to the other. Such termination shall have no effect on assignments, assumptions, or payments due, prior to said notice of termination.

**SECTION 10.** In the event that any Section or provision of this Agreement is legally void, invalid, or unenforceable, all other Sections and provisions of this Agreement shall remain in full force and effect.

**SECTION 11.** The assignments and agreements contained in this document may not be revoked by Patient without the express written consent of the Provider, with the exception of the provision of Section 9.

IN WITNESS WHEREOF, this Agreement has been entered into the day and year set forth below.

Chance Petrucci, a minor by Trina Petrucci

DATE *March 19, 2005*

WITNESS *Heather Russell*

PATIENT *Trina Petrucci*

PROVIDER *Dr. Richard W. Merritt*

Form DRM0015



P. O. Box 147081 * GAINESVILLE, FL 32614 * *

January 19, 2004

The Law Office of Paul P. Latvis, P.A.
7405 Temple Terrace Hwy, E. Suite C
Tampa, FL 33637-5707


**OUR INSURED :** Trina L Petrucci
**OUR CLAIM NUMBER :** 77 09 N 858998 08202003 01
**DATE OF LOSS :** 08-20-2003

YOUR CLIENT: Trina Petrucci


Enclosed, is the policy information that you requested. If you have any questions, please do not hesitate to contact me. Thank you.



Sincerely,



NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
Sherry L. Price
Claims Department
1-(800)985-7078  Ext. 4323


NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."

0130 - 000702-01

# NATIONWIDE AUTO POLICY
## DECLARATIONS

Page 1 of 2

These Declarations are a part of the policy named above and identified by policy number below. They supersede any Declarations issued earlier. Your policy provides the coverages and limits shown in the schedule of coverages. They apply to each insured vehicle as indicated. Your policy complies with the motorists' financial responsibility laws of your state only for vehicles for which Property Damage and Bodily Injury Liability coverages are provided.

**Policy Number:**
77 09 N 858998

**Policyholder:**
**(Named Insured)**

TRINA L PETRUCCI
2132 GACHET BLVD
LAKELAND, FL
33813-2434

**Issued:**
JUN 16, 2003

**Policy Period From:**

JUL 17, 2003 to JAN 17, 2004 but only if the required premium for this period has been paid and only for six month renewal periods if renewal premiums have been paid as required. This policy is initially effective at (1) the time the application for insurance is completed, or (2) 12:01 a.m. on the first day of the policy period, whichever is later. Each renewal period begins and ends at 12:01 a.m. standard time at the address of the named insured stated herein. This policy cancels at 12:01 a.m. at the address of the named insured stated herein.

**IMPORTANT MESSAGES:**
THE FOLLOWING CHANGE(S) HAVE BEEN MADE TO YOUR POLICY:

EFFECTIVE JUL 17, 2003

1994 JEEP CHEROKEE
-CHANGED LOSS OF USE

SEE ENCLOSED NOTICE FOR PREMIUM DETAIL

**INSURED VEHICLE(S) & SCHEDULE OF COVERAGES**

1.    **1994 JEEP CHEROKEE**    ID #1J4FJ78S3RL103571

| Coverages | Limits Of Liability | | Six Month Premium |
|---|---|---|---|
| COMPREHENSIVE | ACTUAL CASH VALUE LESS $ 250 | | $ 44.70 |
| COLLISION | ACTUAL CASH VALUE LESS $ 250 | | $ 86.20 |
| PROPERTY DAMAGE LIABILITY | $ 25,000 EACH OCCURRENCE | | $ 69.30 |
| BODILY INJURY LIABILITY | $ 25,000 EACH PERSON | | |
| | $ 50,000 EACH OCCURRENCE | | $ 85.70 |
| MEDICAL PAYMENTS | $ 2,000 | | $ 20.90 |
| UNINSURED MOTORISTS | | ENDORSEMENT 3258 * | |
| - BODILY INJURY | $ 10,000 EACH PERSON | | $ 16.90 |
| | $ 20,000 EACH OCCURRENCE | | |
| LOSS OF USE BROAD FORM | | ENDORSEMENT 3022 * | $ 10.40 |
| | $ 25 PER DAY | | |
| | $ 500 PER ACCIDENT | | |
| PERSONAL INJURY PROTECTION | $ 10,000 FULL COVERAGE | | $ 97.10 |
| | | TOTAL | $ 431.20 |

**INSURED DRIVERS:**

| # | Driver Name | Birth Date | Marital Status | License Number |
|---|---|---|---|---|
| 01 | TRINA    L PETRUCCI | 05/19/69 | SINGLE | P362812696790 |

*[signature]* Craig A. Gordel

V-100-A

APPLIED DISCOUNTS:

ANTI-LOCK BRAKE     PASSIVE RESTRAINT     SAFE DRIVER          MULTI CAR
LONG TERM           MULTI LINE

**Policy Form & Endorsements:**   V009

**Office Use:**
            DEC 17, 2002       TERR: 010       $    0.00
**Issued By:** NATIONWIDE MUTUAL FIRE INSURANCE COMPANY              **Home Office - Columbus, Ohio**
**Countersigned At:** GAINESVILLE, FL.              **By:** GARY B      HEADLEY B.A.

## IMPORTANT PHONE NUMBERS

Nationwide 24-Hour Claims Number: 1-800-421-3535

For QUESTIONS About Your Policy, Call Your NATIONWIDE AGENT :   HEADLEY INSURANCE INC
863-701-7411

For Hearing Impaired: TTY 1-800-622-2421

Nationwide Regional Office: 352-377-8500



Endorsement 3258

# *Uninsured Motorists Coverage*
# *—Non-Stacked*

*("non-stacked" coverage for bodily injury caused by uninsured or underinsured motorists)*
*(Florida)*

**Please attach this important addition to your auto policy.**

This endorsement replaces the Uninsured Motorists coverage section of the policy entirely. All other terms and conditions of the policy apply, except as changed by this endorsement.

## COVERAGE AGREEMENT

### YOU AND A RELATIVE

**We** will pay compensatory damages, including derivative claims, which are due by law to **you** or a **relative** from the owner or driver of an **uninsured motor vehicle** because of **bodily injury** suffered by **you** or a **relative**. Damages must result from an accident arising out of the:

1. ownership;
2. maintenance, or
3. use;

of the **uninsured motor vehicle**.

### OTHER PERSONS

**We** will also pay compensatory damages, including derivative claims, which are due by law to any other person who suffers **bodily injury** while **occupying**:

1. **your auto**.
2. a **motor vehicle you** do not own, while it is used temporarily in place of **your auto**. **Your auto** must be out of use because of:
   a) breakdown;
   b) repair;
   c) servicing;
   d) loss; or
   e) destruction.
3. a **private passenger auto** newly acquired by **you**. This applies only during the first 30 days **you** own the vehicle, unless it replaces **your auto**.

### DEFINITIONS

1. An **uninsured motor vehicle** is:
   a) one for which there is no bodily injury liability bond, insurance, or other security at the time of the accident.
   b) one which is underinsured. This is a **motor vehicle** for which bodily injury liability coverage or bonds are in effect; however, their total amount is less than the damages for **bodily injury** sustained by the **insured**.
   c) one for which the insuring company denies coverage or becomes insolvent.
   d) a "hit-and-run" **motor vehicle** which causes **bodily injury** to an **insured**. The driver and the owner of the "hit-and-run" vehicle must be unknown. A report must be made to the police within 24 hours. **We** must have a sworn statement within 30 days. It must state that the **insured** has a legal action due to the accident. It must include facts to support the action. **We** may inspect any vehicle the **insured** was **occupying**.

If the "hit-and-run" vehicle has no physical contact with:

(1) the insured; or

(2) the vehicle the **insured** was **occupying**;

the facts of the accident must be proven by reliable evidence. The burden of proof will be on the injured party.

2. We will not consider as an **uninsured motor vehicle**:
   a) any **motor vehicle** owned by a government unit or agency;
   b) any **vehicle** in use as a residence or premises;
   c) any equipment or vehicle designed for use off public roads except while on public roads;
   d) any **motor vehicle** owned by, or furnished for the regular use of, **you** or a **relative**; nor
   e) any **motor vehicle** insured under the liability coverage of this policy unless **your auto** is being operated by a non-resident person causing **bodily injury** to **you** or a **relative**.

## COVERAGE EXCLUSIONS

This coverage does not apply to:

1. Use of any **motor vehicle**:
   a) to carry persons or property for a fee; or
   b) for retail or wholesale delivery, including but not limited to pizza, magazine, newspaper and mail delivery.

   This exclusion does not apply to **your auto** used in shared-expense car pools.

2. Use of any **motor vehicle** by an **insured** without the owner's permission.

3. **Bodily injury** of any **insured** if the **insured** or a legal representative settles, without **our** consent, with a liable party.

4. **Bodily injury** suffered while **occupying** a **motor vehicle** owned by **you** or a **relative** but not insured for Uninsured Motorists coverage under this policy or for which the owner has previously rejected Uninsured Motorists coverage with any insurer as permitted by Florida law. It also does not apply to **bodily injury** from being hit by any such **motor vehicle**.

5. Directly or indirectly benefit any workers' compensation or disability benefits carrier, or any person or organization qualifying as a "self-insurer" under a workers' compensation, disability benefits, or similar law.

6. Payment for any punitive or exemplary damages.

7. Damages for pain, suffering, mental anguish and inconvenience unless **bodily injury** consists of:
   a) significant and permanent loss of an important bodily function;
   b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement;
   c) significant and permanent scarring or disfigurement; or
   d) death.

## INSURED PERSON'S DUTIES

1. The **insured** must:
   a) submit written proof of the claim to **us**. It must be under oath, if required. It must include details of:
      (1) the nature and extent of injuries;
      (2) treatment; and
      (3) any other facts which could affect the amount of payment.

b) provide all facts of the accident and the name of all witnesses;

c) answer questions under oath as often as we require with good reason;

d) be examined by doctors chosen by us as often as we require with good reason. At our request, the injured person must promptly authorize us to:

(1) speak with any doctor who has provided treatment;

(2) read all medical history and reports of the injury;

(3) obtain copies of wage and medical reports and records; and

(4) obtain copies of all medical bills as they are incurred.

2. After notice of claim, we may require the insured to take legal action against any liable party.

3. An insured may bring legal action against the other party for bodily injury. A copy of any paper served in this action must be sent to us at once.

## CLAIMS SETTLEMENT (Including Arbitration)

1. We will jointly determine with the insured whether there is a legal right to recover damages, and if so, the amount of such damages.

If the insured and we can't agree, then:

a) If both parties consent, the following arbitration procedure will be used:

Each party will select a competent and disinterested arbitrator. The two so selected will select a third. If selection of the third arbitrator cannot be agreed upon within 30 days, the insured shall proceed as provided in item b) below. Each party will pay its chosen arbitrator, and pay half of all other expenses.

Unless the insured and the company agree otherwise, arbitration will take place in the county and state in which the insured lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will determine questions in dispute. The limits of coverage as shown in the Declarations, however, are not subject to arbitration. A written decision on which two agree will be binding on the insured and us; or

b) If either party does not consent to arbitration or the two selected arbitrators cannot agree on a third arbitrator, the insured shall:

(1) file a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle and us, or if such owner or driver is not known, against us; and

(2) immediately provide us copies of the summons and complaints upon filing by the insured; and

(3) secure a judgment. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.

In the event of such a suit, we have the right to defend the owner or driver of the uninsured motor vehicle on the issues of his legal liability and the amount of damages owed.

2. If the insured and the uninsured motorist or organization legally liable for the insured's bodily injury reach a settlement agreement to pay the insured such person's limits of liability, the insured must submit the agreement to us in writing for our approval prior to final execution of such settlement agreement if:

a) the settlement would not fully satisfy the insured's claim for bodily injury; and

b) an uninsured motorists claim has been or will be made against us.

3. The insured may file suit against us and the uninsured motorist if, within 30 days after our receipt of the settlement agreement, we do not:

a) approve the settlement;

b) waive our rights of recovery against the person or organization legally liable for the bodily injury;

c) authorize the signing of a full release; and

d) agree to arbitrate the uninsured motorists claim.

The suit shall decide if the insured is legally entitled to collect damages, and if so, how much.

The limit of bodily injury liability of the person legally liable shall be exhausted before any award may be entered against **us**. The award against us shall be binding and conclusive on **us** and the **insured** up to our coverage limit.

4. Except as provided above:

a) any judgment against the uninsured will be binding and conclusive on **us** only if it has our written consent; and

b) the **insured** must:

(1) obtain **our** written consent to:

(a) settle any legal action brought against any liable party; or

(b) release any liable party.

(2) preserve and protect **our** right to recovery from any liable party.

## TRUST AGREEMENT

This applies to the extent of any payment **we** make under this coverage.

1. We will have first right to any amount the **insured** receives from any liable party. The **insured** must:

a) hold in trust for **us** the right to recover against any such party;

b) do whatever is proper to secure such rights, and do nothing to prejudice them;

c) furnish **us** all papers in any suit the **insured** files;

d) do whatever is necessary to recover for **us** payments made under this coverage; and

e) repay **us** out of any recovery for any payments we have made and any expenses **we** have incurred in the action.

2. **Our** payment of a claim may result from the insolvency of an insurer. If so, **we** have the right to recover from the insurer, but not its insured.

## LIMITS OF PAYMENT

### AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES

**We** agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:

1. Bodily Injury limits shown for any one person are for all legal damages, including all derivative claims, claimed by anyone arising out of and due to **bodily injury** to one person as a result of one occurrence.

The per-person limit is the total amount available when one person sustains **bodily injury**, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims, or any other claims made by anyone arising out of **bodily injury**, including death, to one person as a result of one occurrence.

Subject to this per-person limit, the total limit of **our** liability shown for each occurrence is the total amount available when two or more persons sustain **bodily injury**, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims, or any other claims made by anyone arising out of **bodily injury**, including death, to two or more persons as a result of one occurrence.

2. Limits apply as stated in the Declarations. The insuring of more than one person or vehicle under this policy does not increase **our** Uninsured Motorists payment limits. Subject to these terms, limits are payable as follows:

a) if any **insured** is injured while **occupying your auto**, only the limits on that auto apply.

    b)  if any **insured** is injured while **occupying a motor vehicle** not owned by **you** or a **relative**, the highest limits on any one **motor vehicle** insured by **us** will apply, but such coverage shall be excess over the Uninsured Motorists coverage on the vehicle the **insured** is **occupying**.

    c)  if **you** or a **relative** are injured while a pedestrian, **we** will pay only up to the one per-person limit such **insured** selects from this policy to apply to the loss. Such **insured** may not select limits from more than one policy.

3. **We** will pay benefits under this coverage only over and above any that are available:

    a)  under any workers' compensation or disability benefits law or similar law.

    b)  under any auto Liability or auto Medical Payments coverage.

    c)  from any liable party.

    d)  from any source under the Florida Motor Vehicle No-Fault Law. Benefits also will be payable only over and above any that would be available under this law except for the application of a deductible

## OTHER INSURANCE

1. For any Uninsured Motorists coverage loss while **you** or a **relative** are **occupying a motor vehicle** not owned by **you** or a **relative**, any coverage payable under this policy will be excess over any available coverage on the occupied vehicle.

2. For any Uninsured Motorists coverage loss involving injury to **you** or a **relative** while:

    a)  a pedestrian; or

    b)  occupying a **motor vehicle** not owned by **you** or a **relative**;

such **insured** may select one limit of coverage to apply to the loss, from any policy under which he or she is covered as a named insured or insured household member. If such **insured** selects limits from another policy to apply, coverage under this policy will not be payable.

3. Except as stated above, if there is other collectible Uninsured Motorists coverage, **we** will be liable for only **our** share of the loss. **Our** share is **our** proportion of the total insurance limits for the loss.

## DUPLICATE PAYMENT

**We** will make no duplicate payment to or for any **insured** for the same element of loss.

## ASSIGNABILITY

No interest in this coverage can be transferred without **our** written consent. However, if the **policyholder** dies, this coverage will stay in force for the rest of the policy period. It will apply to the deceased's legal representative and those persons protected on the date of death.

This endorsement applies as stated in the policy Declarations.

This endorsement is issued by the company shown in the Declarations as the issuing company.

### NATIONWIDE INSURANCE COMPANIES
### Home Office: Columbus, Ohio 43215-2220

Endorsement 3022



*Loss of Use – Broad Form*
*Comprehensive or Collision Coverages*
*(Auto Rental – Travel Expense)*

**Please attach this important addition to your auto policy.**

Loss of Use – Broad Form coverage is subject to the provisions of the policy that apply to the Comprehensive and/or Collision coverages. The most we will pay under this coverage for all Covered Expenses incurred by all persons as a result of one accident is shown in the Declarations. Coverage applies only if this endorsement was in effect at the time of a covered Comprehensive or Collision **loss**.

Any expense payable under this coverage shall be reduced to the extent it is payable under the Comprehensive or Collision coverages of the policy.

## COVERED EXPENSES are:

### AUTO RENTAL EXPENSE

We will pay **you** for auto rental expense incurred by **you** or a **relative** if unable to use **your auto** because of a covered Comprehensive or Collision **loss**.

Auto rental expense is the cost of renting one vehicle from a rental agency or garage. Subject to the coverage limit, reimbursement is limited to a maximum daily payment. The coverage limit and daily payment amounts are shown in the Declarations. This expense must be incurred within a certain time period. It begins when **your auto** cannot run due to a covered **loss**; or if **your auto** can run, when left at a shop for agreed repairs. It continues:

    a) for 30 consecutive days; or

    b) until **your auto** is repaired; or

    c) until a total settlement is agreed to;

whichever comes first.

Also included is the expense of any **deductible you** are required to pay the owner of a rental auto as the result of damage to it under any Comprehensive or Collision coverage in effect on an auto rented from an auto rental agency or garage.

### TRAVEL EXPENSE

We will also repay **you** for certain expenses incurred by **you** or a **relative** if unable to use **your auto** because of a covered Comprehensive or Collision **loss**. This **loss** must occur more than 50 miles from **your** home residence. The expenses covered are:

1. Commercial transportation fares for an **insured** to continue to his/her destination or home residence.

2. Extra meals and lodging needed when the covered **loss** to **your auto** causes a delay en route. The expenses must be incurred between the time of **loss** and the arrival of the **insured** at **your** residence or destination or by the end of the fifth day, whichever occurs first.

3. Extra meals, lodging, and commercial transportation costs incurred by **you** or a person **you** choose to drive **your auto** from the place of repair to **your** destination or home residence.

This endorsement applies as stated in the policy Declarations.

This endorsement is issued by the company shown in the Declarations as the issuing company.

**NATIONWIDE INSURANCE COMPANIES**
**Home Office: Columbus, Ohio 43215-2220**

V-3022

# *Table Of Contents*

Page

**INSURING AGREEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . D1

**DEFINITIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . D1

**INSURED PERSONS' DUTIES AFTER AN ACCIDENT OR LOSS** . . . . . . . . . D2

**TERRITORY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . D2

COVERAGES:

**Physical Damage** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . P1–P6
(damage to your auto)
    Comprehensive
    Collision
    Towing and Labor

**Auto Liability** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . L1–L5
(for damage or injury to others caused by your auto)
    Property Damage and Bodily Injury

**Personal Injury Protection** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . N1–N3
(no-fault motor vehicle insurance)

**Medical Payments** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . M1–M4
(medical expenses payable regardless of fault)

**Uninsured Motorists (Stacked)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . U1–U5
(for bodily injury caused by uninsured and underinsured motorists)

## GENERAL POLICY CONDITIONS

How Your Policy May Be Changed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G1
Optional Payment of Premium in Installments . . . . . . . . . . . . . . . . . . . . . . . . . . . . G1
Renewal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G1
Non-Renewal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G1
Cancellation During Policy Period . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G2
Dividends . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G2
If You Become Bankrupt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G2
Unauthorized Use of Other Motor Vehicles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G2
Fraud and Misrepresentation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G3
Legal Action Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G3
Subrogation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G3
Non-Sufficient Funds and Late Payment Charges . . . . . . . . . . . . . . . . . . . . . . . . G4
Mediation of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G4

## MUTUAL POLICY CONDITIONS

Nationwide Mutual Insurance Company
Nationwide Mutual Fire Insurance Company . . . . . . . . . . . . . . . . . . . . . . . . . . . . . G5

V-009

# Insuring Agreement

For the **policyholder's** payment of premiums and fees in amounts **we** require and subject to all of the terms and conditions of this policy, we agree to provide the coverages the **policyholder** has selected. These selections are shown in the enclosed Declarations, which are a part of this policy contract. The selected coverages in this policy apply only to occurrences while this policy is in force. Renewal premiums must be paid in advance.

# Definitions

This policy uses certain common words for easy reading. They are defined as follows:

1. "POLICYHOLDER" means the first person named in the Declarations. The **policyholder** is the named insured under this policy but does not include the **policyholder's** spouse. If the first named insured is an organization, that organization is the **policyholder**.

2. "YOU" and "YOUR" mean the **policyholder** and spouse if living in the same household.

3. "RELATIVE" means one who regularly resides in **your** household and who is related to **you** by blood, marriage or adoption (including a ward or foster child). A **relative** may live temporarily outside **your** household.

4. "INSURED" means one who is described as entitled to protection under each coverage.

5. "WE," "US," "OUR," and "THE COMPANY" mean or refer to **the company** issuing the policy--Nationwide Assurance Company, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, or Nationwide General Insurance Company.

6. "YOUR AUTO" means the vehicle(s) described in the Declarations.

7. "MOTOR VEHICLE" means a land **motor vehicle** designed primarily to be driven on public roads. This does not include vehicles operated on rails or crawler treads. Other motorized vehicles designed for use mainly off public roads shall be included within the definition of **motor vehicle** when used on public roads.

8. "PRIVATE PASSENGER AUTO" means a four-wheel:
   a) **private passenger auto**;
   b) van; or
   c) pickup truck having either four or six wheels.

9. "DEDUCTIBLE" means the amount of loss to be paid by the **insured**. We pay for covered loss above the **deductible** amount shown in the Declarations.

10. "OCCUPYING" means in, upon, entering, or alighting from.

11. "BODILY INJURY" means:
    a) physical injury;
    b) sickness;
    c) disease; or
    d) resultant death;
    of any person which results directly from a **motor vehicle** accident.

12. "PROPERTY DAMAGE" means:
    a) destruction of tangible property;
    b) damage or injury to it; and
    c) loss of its use.

D1

*Insuring Agreement*

13. "MEDICALLY NECESSARY" means medical services or supplies that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is:

    a)   in accordance with generally accepted standards of medical practice;

    b)   clinically appropriate in terms of type, frequency, extent, site, and duration; and

    c)   not primarily for the convenience of the patient, physician, or other health care provider.

Other words are also defined. All defined words are in bold print.

# Insured Persons' Duties After an Accident or Loss

The **insured** will:

1. give **us** or **our** agent prompt notice of all losses and provide written proof of claim if required.

2. notify the police of all theft and vandalism losses as soon as practicable.

3. promptly deliver to **us** all papers dealing with any claims or suits.

4. submit to examinations under oath as often as reasonably requested by **us**.

5. assist **us** and, if applicable, the defense counsel chosen for **you** by **us**, with any claim or suit.

6. if injured, submit to examinations by company-selected physicians as often as **the company** reasonably requires. The injured person must grant **us** authority, at **our** request, to obtain copies of all wage and medical, dental or other health care provider records.

7. protect damaged property insured under this policy and make it available to **us** for inspection before its repair or disposal.

8. provide all records and documents **we** reasonably request and permit **us** to make copies.

# Territory

The policy applies in Canada, the United States of America and its territories or possessions, or between their ports.  All coverages except Uninsured Motorists apply to occurrences in Mexico, if within 50 miles of the United States boundary.  We will base the amount of any Comprehensive or Collision loss in Mexico on cost at the nearest United States point.

NOTE: **You** will need to buy auto insurance from a Mexican insurance company--regardless of coverage provided by this policy--before driving in Mexico.  Otherwise, **you** may be subject to jail detention, auto impoundment, and other legal complications in case of an accident.



# *Physical Damage*

## (damage to your auto)

## ADDITIONAL DEFINITIONS APPLICABLE TO THESE COVERAGES

For purposes of these coverages only:

1. "LOSS" means direct and accidental loss or damage to your auto. Your auto includes its **equipment**.

2. "EQUIPMENT" means anything usual and incidental to the use of a **motor vehicle** as a **motor vehicle**. Any type of trailer is not **equipment**.

# *Coverage Agreements*

## COMPREHENSIVE COVERAGE

1. We will pay for **loss** to **your auto** not caused by collision or upset. We will pay for the **loss** less your **deductible**. Coverage is included for:

   a) damage from contact with:

       (1) animals; or

       (2) falling or flying objects.

   b) broken glass:

       (1) even if caused by collision or upset; and

       (2) if you do not have Collision coverage.

   No **deductible** will apply to **loss** to the windshield of **your auto**.

   For damage to **your auto's** windshield, **we** may offer to have it repaired in lieu of replacement. However, if the repair is not satisfactory, **we** will replace the windshield.

2. Also, if **your auto** has a **loss** under this coverage **we** will:

   a) pay for resulting damage to **your** clothing and luggage or that of any **relative**. Maximum payment is $200 per occurrence. We will pay for stolen clothing or luggage only if **your auto** is stolen.

   b) repay **your** travel costs after **your auto** is stolen. Maximum payment is $15 per day--not to exceed $450 per occurrence. These costs must be incurred within a certain time. It starts 48 hours after **you** report the theft to **us** and the police. It ends when **your auto** is returned to **you** or **we** pay for its **loss**.

   c) repay **you** for the cost of travel from where **your auto** was disabled to where **you** were going. Maximum payment is $10 per occurrence.

## COLLISION COVERAGE

1. We will pay for **loss** to **your auto** caused by collision or upset. We will pay for the **loss** less **your deductible**. However, **we** will not subtract the **deductible** amount:

   a) for broken glass other than a windshield if **you** have full (no **deductible**) Comprehensive coverage in force; or

   b) for **loss** to the windshield of **your auto** if Comprehensive coverage is in force.

2. Also if **your auto** has a **loss** under this coverage **we** will:

   a) pay for resulting damage to **your** clothing and luggage or that of any **relative**. Maximum payment is $200 per occurrence.

*Physical Damage*

    b) repay **you** for the travel cost to where you were going. Maximum payment is $10 per occurrence.

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs if **your** auto is disabled. We will pay only for labor costs at the place where **your auto** is disabled. Our maximum payment per disablement is shown in the Declarations.

# *Coverage Extensions*

## USE OF TRAILERS

The insurance on **your auto** covers a trailer used by **you** or a **relative**.

1. The trailer must be:
   a) designed for use with a **private passenger auto**; and
   b) used with a vehicle that is insured under these coverages.

2. The trailer must not be:
   a) otherwise insured;
   b) owned by **you** or a **relative**; or
   c) used for business purposes with a vehicle that's not a **private passenger auto**.

3. The maximum amount payable is $500.

## USE OF OTHER MOTOR VEHICLES

The insurance on **your auto** also covers other motor vehicles as follows:

1. A **motor vehicle you** do not own, while it is used as a temporary substitute for **your auto**. **Your auto** must be out of use because of:
   a) breakdown;
   b) repair;
   c) servicing; or
   d) **loss**.

2. A **private passenger auto** newly acquired by **you**. **You** must report the acquisition of the vehicle to **us** during the first 30 days **you** own the vehicle. Also, if the newly acquired vehicle does not replace **your auto**, all household vehicles owned by **you** must be insured by **us** or a company affiliated with **us** for this extension of coverage to apply.

   We provide this coverage only if **you** do not have other collectible insurance. **You** must pay any added premium resulting from this coverage extension.

3. A **private passenger auto** owned by a non-member of **your** household and not covered in item 1. of this section.
   a) This applies only:
      (1) to policies issued to persons (not organizations).
      (2) while such auto is used by **you** or a **relative**.
   b) **We** will not pay for **loss**:
      (1) that results from the operation of an auto:
         (a) repair shop;
         (b) public garage or parking place;
         (c) sales or leasing agency; or
         (d) service or maintenance facility.

(2) involving a **private passenger auto** owned by an employer of an insured.

(3) involving a **private passenger auto** furnished to **you** or a relative for regular use.

(4) to any rented **motor vehicle**.

4.  A rented **private passenger auto**, including its loss of income.

   a) This applies only:

     (1) while such auto is rented by **you** or a relative;

     (2) to policies issued to persons (not organizations);

     (3) if such auto is rented from a rental company for less than 28 days; and

     (4) for loss of income that is:

       (a) verifiable by **us**; and

       (b) owed to a rental company because:

         (1) the rental company had a customer willing to rent a **private passenger auto**; and

         (2) there was no other vehicle available for rental in place of the damaged rented auto.

   b) We will not pay for loss involving a **private passenger auto** rented or leased by anyone for or on behalf of the employer of an **insured**.

## *Coverage Exclusions*

**We** will not pay for **loss**:

1.  To more than one:

   a) *recording tape;*

   b) compact disc; or

   c) other recording media.

2.  To a container to be used for storing or carrying:

   a) recording tapes;

   b) *compact discs;* or

   c) other recording media.

3.  To any device which is a:

   a) tape player;

   b) compact disc player or recorder;

   c) digital video disc player or recorder;

   d) video cassette player or recorder;

   e) television;

   f) electronic navigational system;

   g) citizens band radio;

   h) two-way mobile radio;

   i) telephone; or

   j) any other device which records, emits, amplifies, receives and/or transmits sound, pictures, or data.

However, this exclusion (3.) does not apply:

   a) to such a device, its antenna or its other parts or accessories if permanently installed by the original manufacturer or new car dealer as part of the purchase agreement for the vehicle; or

P3

*Physical Damage*

    b)  up to the first $1,500 of the actual cash value of any and all such devices, antennas, or other parts and accessories that are permanently installed but that were not a part of the new car purchase agreement for the vehicle. However, payment under this subpart b) shall not exceed the actual cash value of the insured vehicle in which the devices are installed.

Permanently installed means installed, using bolts, brackets, or welding, in a location designated by an auto manufacturer for such a device. A device attached only by wires is not "permanently installed." No coverage will be provided for any item that is not permanently installed. No coverage will be provided for the devices designed to detect or deter speed monitoring equipment excluded in exclusion 4. below, whether permanently installed or not.

4.  To scanning monitor receivers used for radar detection, or any other device designed to detect or deter the monitoring of speed.

5.  To a camper or living quarters unit which can be mounted on or attached to a vehicle. We will pay the **loss** if:

    a)  the unit is reported to **us**; and

    b)  the required premium is paid;

before the **loss**.

6.  Caused by and limited to:

    a)  wear and tear;

    b)  freezing;

    c)  mechanical or electrical breakdown or failure.

This exclusion (6.) does not apply to Towing and Labor coverage.

7.  To any **motor vehicle** while used:

    a)  to carry persons or property for a fee; or

    b)  for retail or wholesale delivery, including but not limited to pizza, magazine, newspaper and mail delivery.

This exclusion does not apply to **motor vehicles** used in shared-expense car pools.

8.  To any **motor vehicle** due to an act of war, including insurrection, rebellion or revolution.

9.  To **your auto** which occurs:

    a)  while **your auto** is being used in any illegal trade or transportation by:

        (1)  **you**;

        (2)  a **relative**; or

        (3)  anyone else with **your** knowledge or permission; or

    b)  due to confiscation of **your auto** by any law enforcement agency because of **your auto's use** in such activities.

10.  Caused intentionally by or at the direction of **you** or a **relative**, including willful acts the result of which that person knows or ought to know will follow from their conduct.

11.  To **your auto** while rented or leased to others.

12.  To **your auto** while used in any competitive event, including but not limited to drag racing, or in practice or preparation for such an event.

13.  Caused by or resulting from nuclear hazard, meaning any:

    a)  nuclear reaction;

    b)  nuclear discharge;

    c)  radiation; or

    d)  radioactive contamination;

whether controlled or uncontrolled or however caused, or as a consequence of any of these. Loss caused by nuclear hazard is not considered loss caused by smoke or explosion.

14. To **your auto** or any other **motor vehicle** for diminution in value or depreciation.

# *Limits and Conditions of Payment*

## ACTUAL CASH VALUE

The limit of **our** coverage is the actual cash value of **your auto** or its damaged parts at the time of **loss**. To determine actual cash value, **we** will consider:

1. fair market value;

2. age; and

3. condition of the property;

at the time of **loss**.

In addition to **our** payment of the **loss**, necessary and reasonable towing and storage will be paid to protect the auto from further damage. Covered storage costs are not to exceed four days of storage charges incurred prior to the date **you** report the **loss** to **us**.

## LOSS SETTLEMENT

At **our** option, **we** may:

1. pay **you** directly for a **loss**;

2. pay to repair or replace **your auto** or its damaged parts with the parts furnished either by original equipment manufacturers or non-original equipment manufacturers;

3. return stolen property at **our** expense and pay for any damage.

## AMOUNTS PAYABLE FOR TOWING AND LABOR COSTS

The limit of **our** coverage for a **loss** is limited to the amount shown in the Declarations. Limits apply as stated in the Declarations. Insuring more than one person or vehicle under this policy does not increase **our** limits.

## APPRAISAL

If **we** and the **insured** fail to agree on the amount payable under the Comprehensive or Collision Coverage, either party may demand appraisal for the **loss**.

Each will:

1. appoint and pay a competent and disinterested appraiser; and

2. equally share other appraisal expenses.

Any fees of expert witnesses or attorneys will be paid by the party who hires them.

The appraisers, or a judge of a court having jurisdiction, will select an umpire to decide any differences. Each appraiser will state separately the actual cash value and the amount of **loss**.

An award in writing by any two appraisers will determine the amount payable.

## OTHER INSURANCE

If there is other insurance that covers any **loss**, **we** will pay only **our** share of the **loss**. **Our** share is **our** proportion of the total insurance collectible for the **loss**. For **loss** to **motor vehicles** other than **your auto**, **we** will pay only the insured **loss** not covered by other insurance or self insurance.

# Coverage Condition

## AUTO RECOVERY

When an insured auto which has been stolen or abandoned is located, we have the right to take it into our care and custody.

## Loss Payable Clause

This clause applies to the Comprehensive and Collision coverages provided by this policy. It protects the lienholder named in the policy Declarations.

Payment for **loss** will be made according to the interest of the **policyholder** and lienholder. At **our** option, payment may be made to both jointly, or to either separately. Either way, **the company** will protect the interests of both.

Protection of the lienholder's financial interest will not be affected by any change in ownership of the vehicle insured, nor by any act or omission by any person entitled to coverage under this policy. However, protection under this clause does not apply:

    a) in any case of conversion, embezzlement, secretion, or willful damaging or destruction, of the vehicle committed by or at the direction of **you** or a **relative**.

    b) to the **loss** of **your auto** while it is being used on a temporary or permanent basis, for the transportation of, or in exchange for, any illegal substance, or in connection with any criminal trade or transaction.

**The company** will not notify the lienholder each time **you** renew this policy, and we may cancel this policy according to the terms. **We** will protect the lienholder's interest for 10 days from the date we notify h m that the policy has terminated, for any reason. If we pay the lienholder for any **loss** or damage suffered during that 10-day period, we have the right to recover the amount of any such payment from **you**. **The company** will also notify the lienholder if coverage under the policy is excluded for any named driver.

The lienholder shall notify **the company** upon learning of any change in ownership of the vehicle.

To the extent of payment to the lienholder, **the company** will be entitled to the lienholder's rights of recovery. **The company** will do nothing to impair the right of the lienholder to recover the full amount of its claim.

IF **WE** BECOME OBLIGATED TO REIMBURSE A LIENHOLDER UNDER THIS COVERAGE DUE TO **YOUR** FAILURE TO MEET THE POLICY REQUIREMENTS OR THROUGH **YOUR** FAILING TO MAKE **YOUR** PREMIUM PAYMENTS, **WE** HAVE THE RIGHT TO RECOVER FROM **YOU** ANY MONEY **WE** PAY.

# Assignability

No interest in these coverages can be transferred without **our** written consent. However, if the **policyholder** dies, this coverage will stay in force for the rest of the policy period. It will apply for the deceased's legal representative and those persons protected on the date of death.

 *Auto Liability*

(for damage or injury to others caused by your auto)

# *Coverage Agreement*

### PROPERTY DAMAGE AND BODILY INJURY LIABILITY COVERAGE

1. We will pay for damages for which **you** are legally liable as a result of an accident arising out of the:
   a) ownership;
   b) maintenance or use; or
   c) loading or unloading;

   of **your auto**. A **relative** also has this protection. So does any other person or organization, except a vehicle leasing company, who is liable for use of **your auto** while used with **your** permission.

2. Damages must involve:
   a) **property damage**; or
   b) **bodily injury**.

3. We will pay such liability losses up to the limits stated in the Declarations. In addition to **our** limit of liability and as to any covered damages, **we** will:
   a) defend at **our** expense, with attorneys of **our** choice, any suit against the **insured**. **We** may settle or defend any claim or suit as **we** think proper.
   b) pay:
      (1) all expenses incurred by **us**; and
      (2) all costs levied against the **insured**;

      in any such suit.
   c) pay premiums:
      (1) of not more than $250 per **insured** for bail bonds required because of an accident or traffic violation.
      (2) for appeal bonds in defended suits and for bonds to release attached property. The amount of such bonds shall not be more than the limits of liability shown in the Declarations.

      Although paying such premiums, **we** are not required to apply for or furnish any bonds.
   d) pay post-judgment interest on all damages awarded. **We** will not pay interest that accrues after such time as **we** have:
      (1) paid;
      (2) formally offered; or
      (3) deposited in court;

      the amount for which **we** are liable under this policy.
   e) pay expenses incurred by an **insured** for emergency medical aid to others at the time of accident.
   f) pay all reasonable expenses incurred by an **insured** at **our** request, but not more than $50 per day for loss of earnings.

4. After the limits of this coverage have been paid, **we** will not defend any suit or pay any claim or judgment.

*Auto Liability*

# Coverage Extensions

## USE OF TRAILERS

1. This coverage applies to the use of a trailer by:
   a) **you**;
   b) a **relative**; or
   c) someone else with your permission.

2. The trailer must be:
   a) designed for use with a **private passenger auto**; and
   b) used with a vehicle that is insured under this coverage.

3. The trailer must not be used for business purposes with a vehicle that's not a **private passenger auto**.

## USE OF OTHER MOTOR VEHICLES

This coverage also applies to certain other **motor vehicles** as follows:

1. A **motor vehicle you** do not own, while it is used as a temporary substitute for **your auto**. **Your** auto must be out of use because of:
   a) breakdown;                   c) servicing; or
   b) repair;                       d) loss.

2. A **private passenger auto** newly acquired by **you**. This coverage applies only during the first 30 days **you** own the vehicle unless it replaces **your auto**. If the newly acquired vehicle does not replace **your auto**, all household vehicles owned by **you** must be insured by **us** or a company affiliated with **us** for this extension of coverage to apply.

   **We** provide this coverage only if **you** do not have other collectible insurance. **You** must pay any added premium resulting from this coverage extension.

3. A **motor vehicle** owned by a non-member of **your** household and not covered in item 1. of this section.
   a) This applies only to policies issued to persons (not organizations) and while the vehicle is being used by **you** or a **relative**. It protects the user, and any person or organization, except as noted below in b), who does not own the vehicle but is legally responsible for its use.
   b) This does not apply to losses involving a **motor vehicle**:
      (1) used in the business or occupation of **you** or a **relative** except a **private passenger auto** used by **you**, **your** chauffeur, or **your** household employee;
      (2) owned, rented or leased by an employer of an **insured**;
      (3) rented or leased by anyone for or on behalf of an employer of an **insured**; or
      (4) furnished to **you** or a **relative** for regular use. Furnished for regular use does not include a **motor vehicle** rented from a rental company for less than 28 days.

## FINANCIAL RESPONSIBILITY

**We** will adjust this policy to comply:

1. With the financial responsibility law of any state or province which requires higher liability limits than those provided by this policy.

2. With the kinds and limits of coverage required of non-residents by any compulsory **motor vehicle** insurance law, or similar law of a state or province other than Florida.

However, any loss payment under this coverage will be made only over and above any other collectible **motor vehicle** insurance. In no case will anyone be entitled to duplicate payments for the same loss.

When we certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the coverage required by the law.

# Coverage Exclusions

This coverage does not apply to:

1. **Property damage** or **bodily injury** caused intentionally by or at the direction of an **insured**, including willful acts the result of which the insured knows or ought to know will follow from the **insured's** conduct.

2. Use of any **motor vehicle**:

    a) to carry persons or property for a fee; or

    b) for retail or wholesale delivery, including but not limited to pizza, magazine, newspaper and mail delivery.

    This exclusion does not apply to **motor vehicles** used in shared-expense car pools.

3. a) Any person for any occurrence arising out of the operation of an auto:

    (1) repair shop;                        (3) sales or leasing agency; or

    (2) public garage or parking place;     (4) service or maintenance facility.

    b) However, this exclusion does not apply to:

    (1) **you**;

    (2) a **relative**; or

    (3) a partner, employee, or agent of **you** or a **relative**;

    with regard to the use of **your auto**.

4. **Property damage** caused by any **insured**:

    a) to a **motor vehicle** that is owned or operated by, or in the custody of, that **insured**; or

    b) to any other property that is owned by or in the custody of any **insured** or anyone **occupying your auto**. This exclusion does not apply to a:

    (1) rented home; or

    (2) rented private garage.

5. **Bodily injury** to any person eligible to receive any benefits required to be provided or voluntarily provided by any **insured** under a:

    a) workers' compensation;

    b) unemployment compensation;

    c) non-occupational or occupational disease;

    d) disability benefits;

    or any similar law.

6. **Bodily injury** to an employee of any **insured** while engaged in employment. However, it does cover an employee at **your** home who is not, or is not required to be, covered by any workers' compensation law.

7. The United States of America or any of its agencies. It also does not apply to any employee of the United States of America or any of its agencies while such person is acting within the scope of his or her office or employment and the provisions of the Federal Tort Claims Act apply.

8. Any person protected under nuclear energy liability insurance. This exclusion applies even if that insurance has been exhausted.

9. **Bodily injury** or **property damage** arising out of the ownership, maintenance or use of any **motor vehicle** while rented or leased to others by any **insured**.

*Auto Liability*

10. **Bodily injury** or **property damage** arising out of the ownership, maintenance or use of any **motor vehicle** while used in any competitive event, including but not limited to drag racing, or in practice or preparation for such an event.

11. **Bodily injury** to:
    a) **you;**
    b) any other **insured** person under the policy; or
    c) any member of your family residing in the same household with **you;** or
    d) any member of the family of any other **insured** person residing in the same household with that other **insured.**

# *Limits and Conditions of Payment*

## AMOUNTS PAYABLE FOR LIABILITY LOSSES

Our obligation to pay Property Damage or Bodily Injury Liability losses is limited to the amounts per person and per occurrence stated in the Declarations. The following conditions apply to these limits:

1. The limit shown:
    a) for Property Damage Liability is for all **property damage** in one occurrence.
    b) for Bodily Injury Liability for any one person applies to one person's **bodily injury,** including death, and includes all claims resulting from or arising out of that one person's **bodily injury,** including death. This per-person policy limit shall be enforceable regardless of the number of **insureds,** claims made, vehicles or premiums shown in the Declarations or policy, or vehicles involved in the accident.
    c) for Bodily Injury Liability for each occurrence is, subject to the per-person limit described in paragraph b) above, the total limit of **our** liability for all covered damages when two or more persons sustain **bodily injury,** including death, as a result of one occurrence. The per-occurrence policy limit shall be enforceable regardless of the number of **insureds,** claims made, vehicles or premiums shown in the Declarations or policy, or vehicles involved in the accident.

2. Liability limits apply as stated in the Declarations. The insuring of more than one person or vehicle under this policy does not increase **our** liability limits.

3. In any loss covered under items 2. and 3. of "USE OF OTHER MOTOR VEHICLES," the highest liability limit applicable to any one vehicle on this policy will apply.

4. A **motor vehicle** and attached trailer are considered one vehicle for Auto Liability coverage.

5. **Our** obligation to pay property damage or bodily injury liability losses will not be dependent upon the **insured's** actual payment of a judgment for such damages.

## OTHER INSURANCE

1. For any loss involving the use of **your auto,** we will be liable for only **our** share of the loss if there is other collectible liability insurance. **Our** share is **our** proportion of the total insurance limits for the loss.

2. For losses covered under "USE OF OTHER MOTOR VEHICLES," **our** coverage is excess over any other collectible:
    a) insurance;
    b) self insurance;
    c) proceeds from a governmental entity; or
    d) sources of recovery.

L4

If more than one policy issued by **us** or a company affiliated with **us** applies on an excess basis to the same loss, **we** will pay only up to the highest limit of any one of them.

However, if **you** or a **relative** have rented a **motor vehicle** and have signed an agreement under which **we** are to provide primary insurance:

a) **we** will provide primary coverage for such a vehicle under "USE OF OTHER MOTOR VEHICLES" up to the limits required under the Florida Financial Responsibility Law.

b) beyond the financial responsibility limits, within the limits of the policy, we will pay the insured loss not covered by other insurance.

## *Assignability*

No interest in this coverage can be transferred without **our** written consent. However, if the **policyholder** dies, the **Liability** coverage will stay in force for the rest of the policy period. It will apply for the deceased's legal representative and those persons protected on the date of death.



# *Personal Injury Protection*

(no-fault motor vehicle insurance)

# *Coverage Agreement*

This coverage provides Personal Injury Protection in accordance with the Florida Motor Vehicle No-Fault Law. We will pay benefits for accidental bodily injury of an insured arising out of the:

1. ownership;
2. maintenance; or
3. use;

of a motor vehicle as a vehicle. We will pay regardless of fault in the accident. Benefits include:

· Medical Expenses
· Work Loss
· Death Benefits

These are payable up to a total of $10,000--from all sources of Personal Injury Protection benefits including this policy--to or for any one person injured in any one accident.

## YOU AND A RELATIVE

1. You and a relative are covered for bodily injury:
   a) while occupying a motor vehicle in Florida;
   b) as pedestrians, if hit by a motor vehicle in Florida; or
   c) while occupying your auto outside of Florida.
2. Also, you are covered while outside Florida if occupying a motor vehicle:
   a) owned by a relative; and
   b) insured for Florida Personal Injury Protection.

## OTHER PERSONS

Any other person is covered:

1. While occupying your auto in Florida; or
2. As a pedestrian, if such person:
   a) is a legal resident of Florida; and
   b) is hit by your auto in Florida.

## DEFINITIONS

For purposes of this coverage only:

1. "MOTOR VEHICLE" means any self-propelled vehicle of a type both designed and required to be licensed for use on the highways of Florida. It includes any trailer or semi-trailer designed for use with such vehicles. It does not include:
   a) mopeds;
   b) mobile homes;
   c) any vehicles with less than four wheels; nor
   d) any vehicle other than one used for public school transportation which is:
      (1) owned by any governmental unit; and
      (2) used in mass transit and designed to transport more than five passengers;
      exclusive of the operator of the vehicle.

*Personal Injury Protection*

2. "YOUR AUTO" includes a trailer other than a mobile home trailer. This trailer:

   a) must be designed for use with a **private passenger auto**; and

   b) must not be used for business if designed for use with a:

     (1) pickup truck;

     (2) panel truck; or

     (3) van.

## BENEFITS

Benefits are as follows:

### MEDICAL EXPENSES

We will pay 80% of reasonable charges incurred for **medically necessary** services and supplies, including surgical, x-ray, dental, ambulance, hospital, professional nursing, and rehabilitative services. Covered medical expenses include any **medically necessary** prosthetic devices and recognized and legal religious healing methods.

### WORK LOSS

If the **insured** is unable to work because of the injury, **we** will pay for 60% of the **insured's** loss of income. **We** also will pay reasonable expenses incurred for hiring others to perform ordinary and necessary services the **insured** would have performed free for the benefit of the **insured's** household had the injury not occurred.

### DEATH BENEFITS

We will pay death benefits of $5,000 per individual. These benefits are payable within the $10,000 maximum for all Personal Injury Protection benefits from all sources including this policy.

# Coverage Exclusions

**We** will not pay Personal Injury Protection benefits:

1. for **bodily injury** to **you** or any **relative** while **occupying** any **motor vehicle you** own but do not have insured for Personal Injury Protection under this policy.

2. for **bodily injury** to anyone other than **you** who owns a **motor vehicle** that is required to be insured for Personal Injury Protection.

3. for **bodily injury** to anyone, other than **you** or a **relative**, who is entitled to Personal Injury Protection from anyone else or under a policy covering any **motor vehicle** other than **your auto**.

4. for **bodily injury** to anyone while operating **your auto** without **your** expressed or implied permission.

5. for **bodily injury** to anyone whose conduct contributed to his or her own **bodily injury** if that person:

   a) intentionally caused self-injury; or

   b) was injured while committing a felony.

6. for **bodily injury** to anyone while **occupying** a **motor vehicle** located for use as a residence or premises.

# Limits And Conditions Of Payment

## AMOUNTS PAYABLE

1. The insuring of more than one person or **motor vehicle** under this coverage does not increase **our** liability to any one person in any one accident.

N2

2.  We will reduce any amount payable for **bodily injury** under this coverage by any amount paid or payable under any workers' compensation law.

## NO DUPLICATION OF BENEFITS

If an **insured** receives Personal Injury Protection benefits from another insurer for the same elements of loss covered under this policy, we will not pay duplicate benefits to the **insured**. The paying insurer, however, will have the right to recover from us our proportional share of benefits paid and claim processing expenses.

## DEDUCTIBLE AMOUNT

Any **deductible** amount the **policyholder** has chosen for this coverage is shown in the policy Declarations. When a **deductible** applies, we will pay the loss up to the difference between the **deductible** amount and the Personal Injury Protection coverage limits. However, this **deductible** shall not apply to death benefits.

# *Insured Persons' Duties*

1.  The **insured** or someone on the **insured's** behalf will report any accident to **us** in writing as soon as practical.

2.  As soon as practicable, the **insured** will submit written proof of claim to **us**, under oath if **we** request. This proof must include details of:

    a)  the nature and extent of injuries;

    b)  treatment received and contemplated; and

    c)  any other facts which could affect the types and amounts of benefits payable.

3.  The **insured** must submit to examinations by physicians we select, as often as we reasonably require. If the **insured** unreasonably refuses to submit to a physical examination **we** request, **we** will not be liable for subsequent benefits which would be payable under this coverage.

# *Special Provision for Rented or Leased Vehicles*

This coverage provides, subject to its terms, Personal Injury Protection for accidental **bodily injury** of an **insured** that arises out of the use, ownership or maintenance of a rented or leased **motor vehicle**. This special provision applies only to losses occurring within the state of Florida. However, unless otherwise stated in bold type on the face of the rental or lease agreement, the Personal Injury Protection coverage afforded under the renter's or lessor's policy will be primary.

# *Arbitration/Assignment of Benefits*

If a dispute arises between **us** and any person who, as a provider of medical services and supplies, has agreed to accept assignment of Personal Injury Protection benefits, **we** and the provider may agree to settle the dispute by binding arbitration. The provisions of Chapter 682 relating to arbitration shall apply.

When an assignment of Personal Injury Protection benefits is made by any **insured**, any and all claims to such benefits by the insured belong to the health care provider who has received the assignment. Priority of payment of this coverage shall be given to the assigned claims of which **the company** has written notice.

# *Assignability*

No interest in this coverage can be transferred without **our** written consent. However, if the **policyholder** dies, the Personal Injury Protection coverage will stay in force for the rest of the policy period. It will apply for the deceased's legal representative and those persons protected on the date of death.

N3



# *Medical Payments*

(medical expenses payable regardless of fault)

## *Coverage Agreement*

This coverage provides benefits over and above any available Personal Injury Protection benefits. We will pay reasonable charges:

1.  for expenses incurred for:

    a)  **medically necessary** services; or

    b)  funeral costs;

    due to accidental **bodily injury** suffered by **you** or a **relative** while **occupying your auto**.

2.  incurred within one year after the accident. However, when Personal Injury Protection benefits apply to the same accident, the one-year time limit will begin when Personal Injury Protection benefits are exhausted.

3.  up to the limit stated in the policy Declarations.

4.  regardless of who is at fault in the accident.

We will also pay the portion of any claim for Personal Injury Protection medical benefits which is otherwise covered but not payable due to the coinsurance provision for Medical Expense benefits. This applies regardless of whether the full amount of Personal Injury Protection coverage has been exhausted. This does not include any amount of Personal Injury Protection **deductible** which has been selected.

## *Coverage Extensions*

### YOU AND A RELATIVE

In addition, **you** and a **relative** are covered:

1.  While **occupying a motor vehicle you** do not own, while it is used as a temporary substitute for **your auto**. **Your auto** must be out of use because of:

    a)  breakdown;

    b)  repair;

    c)  servicing;

    d)  loss; or

    e)  destruction.

2.  While **occupying a private passenger auto** newly acquired by **you**. This coverage applies only during the first 30 days **you** own the vehicle, unless it replaces **your auto**. If the newly acquired vehicle does not replace **your auto**, all household vehicles owned by **you** must be insured by **us** or a company affiliated with **us** for this extension of coverage to apply.

3.  While **occupying** any other **motor vehicle** not owned by or furnished for the regular use of **you** or a **relative**.

4.  As pedestrians, if hit by any **motor vehicle** or trailer, which is not owned by or furnished for regular use by **you** or a **relative** other than **your auto**.

M1

*Medical Payments*

## OTHER PERSONS

Persons other than **you** and a **relative** are protected under this coverage:

1. While **occupying you auto** when it is being used by:

   a) **you;**

   b) a **relative**; or

   c) anyone else with **your** permission.

2. While **occupying a motor vehicle you** do not own, while it is used as a temporary substitute for **your auto. Your auto** must be out of use because of:

   a) breakdown;

   b) repair;

   c) servicing; or

   d) loss; or

   e) destruction.

3. While **occupying a private passenger auto** newly acquired by **you.** This coverage applies only during the first 30 days **you** own the vehicle, unless it replaces **your auto.** If the newly acquired vehicle does not replace **your auto**, all household vehicles owned by **you** must be insured by **us** or a company affiliated with **us** for this extension of coverage to apply.

4. While **occupying a motor vehicle** that belongs to someone who is not a member of **your** household.

   a) This protection applies only:

      (1) when the vehicle is being used by **you** or a **relative**; and

      (2) to policies issued to persons (not organizations).

   b) This protection does not apply to:

      (1) use of any vehicle in the business or occupation of **you** or a **relative**, except a **private passenger auto** used by:

         (a) **you;**

         (b) **your** chauffeur; or

         (c) **your** household employee.

      (2) use of a **motor vehicle** furnished to **you** or a **relative** for regular use.

## USE OF TRAILERS

1. This coverage applies to the use of a trailer by:

   a) **you;**

   b) a **relative**; or

   c) someone else with **your** permission;

   regardless of who owns it.

2. The trailer must be:

   a) designed for use with a **private passenger auto**; and

   b) used with a vehicle that is insured under this coverage.

3. The trailer must not be used for business purposes with a vehicle that is not a **private passenger auto.**

# Coverage Exclusions

This coverage does not apply to:

1. Use of any **motor vehicle** by an insured:

    a) to carry persons or property for a fee; or

    b) for retail or wholesale delivery, including but not limited to pizza, magazine, newspaper and mail delivery.

    This exclusion does not apply to **motor vehicles** used in shared-expense car pools.

2. a) Any person for any occurrence arising out of the operation of an auto:

    (1) repair shop;

    (2) public garage or parking place;

    (3) sales or leasing agency; or

    (4) service or maintenance facility.

    b) However, this exclusion does not apply to the use of **your auto** by:

    (1) **you**;

    (2) a **relative**; or

    (3) a partner, employee, or agent of **you** or a **relative**.

3. Use of any **motor vehicle** when rented or leased to others by an insured.

4. Use of any **motor** vehicle in a competitive event, including but not limited to drag racing, or in practice or preparation for such an event.

5. **Bodily injury** caused by an act of war, including insurrection, rebellion or revolution.

6. Any person who owns a **motor vehicle** on which Personal Injury Protection coverage is required to be carried but who does not have such coverage in force at the time of the accident. This exclusion does not apply to:

    a) **you**; or

    b) if the accident occurs outside Florida, a **relative** occupying **your auto**.

7. **Bodily injury** to anyone whose conduct contributed to his or her own **bodily injury** if that person:

    a) intentionally caused self-injury; or

    b) was injured while committing a felony.

8. **Bodily injury** caused by or resulting from nuclear hazard, meaning any:

    a) nuclear reaction;

    b) nuclear discharge;

    c) radiation; or

    d) radioactive contamination;

    whether controlled or uncontrolled or however caused, or as a consequence of any of these.

# Limits and Conditions of Payment

## BENEFITS PAYABLE

1. The amount payable under this coverage to or for one person in one accident is limited as stated in the policy Declarations. Limits apply to each insured vehicle as stated in the Declarations. The stated limit is not increased by the insuring of more than one person or vehicle under this policy or any other policy issued by **us**.

M3

*Medical Payments*

2. **We** will pay an **insured** up to limit of this coverage that applies to **your auto** which was involved in the accident. For accidents involving a vehicle other than **your auto**, we will pay only up to the highest limit which applies to any one vehicle insured by **us**.

## OTHER INSURANCE

1. **We** will pay benefits under this coverage only over and above any Personal Injury Protection benefits that are paid or payable under this policy or any other policy.

2. We will pay only the insured benefit over and above the amount of other collectible auto Medical Payments insurance in any loss involving:

    a) use of a **motor vehicle** other than **your auto**; or

    b) **you** or a **relative** if hit, while a pedestrian, by any **motor vehicle** or trailer.

## DUPLICATE PAYMENTS

We will make no duplicate payment to or for any **insured** for the same element of loss.

## OTHER CLAIMS AND JUDGMENTS

Any loss payment under this coverage will apply toward payment of any claim or judgment relating to the same loss under the Bodily Injury Liability coverage of this policy. **The company** will require written agreement to this condition before payment of a Medical Payments loss.

## ASSIGNMENT OP BENEFITS

When an assignment of Medical Payments benefits is made by any **insured**, any and all claims to such benefits by **the insured** belong to the health care provider who has received the assignment. Priority of payment of this coverage shall be given to the assigned claims of which **the company** has written notice.

## *Assignability*

No interest in this coverage can be transferred without **our** written consent. However, if the **policyholder** dies, the Medical Payments coverage will stay in force for the rest of the policy period. It will apply for the deceased's legal representative and those persons protected on the date of death.



# *Uninsured Motorists—Stacked*

(for bodily injury caused by uninsured or underinsured motorists)

## *Coverage Agreement*

### YOU AND A RELATIVE

We will pay compensatory damages, including derivative claims, which are due by law to **you** or a **relative** from the owner or driver of an **uninsured motor vehicle** because of **bodily injury** suffered by **you** or a **relative**. Damages must result from an accident arising out of the:

1. ownership;
2. maintenance; or
3. use;

of the **uninsured motor vehicle**.

### OTHER PERSONS

We will also pay compensatory damages, including derivative claims, which are due by law to any other person who suffers **bodily injury** while **occupying**:

1. **Your auto**.
2. A **motor vehicle you** do not own, while it is used temporarily in place of **your auto**. **Your auto** must be out of use because of:
   a) breakdown;
   b) repair;
   c) servicing;
   d) loss; or
   e) destruction.
3. A **private passenger auto** newly acquired by **you**. This applies only during the first 30 days **you** own the vehicle, unless it replaces **your auto**.

### DEFINITIONS

1. An **uninsured motor vehicle** is:

   a) one for which there is no bodily injury liability bond, insurance, or other security at the time of the accident.

   b) one which is underinsured. This is a **motor vehicle** for which bodily injury liability coverage or bonds are in effect; however, their total amount is less than the damages for **bodily injury** sustained by the **insured**.

   c) one for which the insuring company denies coverage or becomes insolvent.

   d) A "hit-and-run" **motor vehicle** which causes **bodily injury** to an **insured**. The driver and the owner of the "hit-and-run" vehicle must be unknown. A report must be made to the police within 24 hours. **We** must have a sworn statement within 30 days. It must state that the **insured** has a legal action due to the accident. It must include facts to support the action. **We** may inspect any vehicle the **insured** was **occupying**.

   If the "hit-and-run" vehicle has no physical contact with:

   (1) the **insured**; or

   (2) the vehicle the **insured** was **occupying**;

   the facts of the accident must be proven by reliable evidence. The burden of proof will be on the injured party.

U1

*Uninsured Motorists (Stacked)*

2. We will not consider as an **uninsured motor vehicle**:
   a) any **motor vehicle** owned by a government unit or agency;
   b) any vehicle in use as a residence or premises;
   c) any equipment or vehicle designed for use off public roads except while on public roads; nor
   d) any **motor vehicle** insured under the liability coverage of this policy unless **your auto** is being operated by a non-resident person causing bodily injury to you or a relative.

# Coverage Exclusions

This coverage does not apply to:

1. Use of any **motor vehicle**:
   a) to carry persons or property for a fee; or
   b) for retail or wholesale delivery, including but not limited to pizza, magazine, newspaper and mail delivery.
   This exclusion does not apply to **motor vehicles** used in shared-expense car pools.
2. Use of any **motor vehicle** by an **insured** without the owner's permission.
3. **Bodily injury** of any **insured** if the **insured** or a legal representative settles, without **our** written consent, with a liable party.
4. Bodily injury suffered while occupying a motor vehicle owned by **you** or a **relative**:
   a) which is not insured for Bodily Injury Liability coverage under this policy; or
   b) for which the owner has previously rejected Uninsured Motorists coverage with any insurer as permitted by Florida law.
   It also does not apply to **bodily injury** from being hit by any such **motor vehicle**.
5. Directly or indirectly benefit any workers' compensation or disability benefits carrier, or any person or organization qualifying as a "self insurer" under a workers' compensation, disability benefits, or similar law.
6. Payment for punitive or exemplary damages.
7. Damages for pain, suffering, mental anguish and inconvenience unless **bodily injury** consists of:
   a) significant and permanent loss of an important bodily function;
   b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement;
   c) significant and permanent scarring or disfigurement; or
   d) death.

# Insured Persons' Duties

1. The **insured** must:
   a) submit written proof of the claim to **us**. It must be under oath, if required. It must include details of:
      (1) the nature and extent of injuries;
      (2) treatment; and
      (3) any other facts which could affect the amount of payment.
   b) provide all facts of the accident and the names of all witnesses.
   c) answer questions under oath as often as **we** require with good reason.
   d) be examined by doctors chosen by **us** as often as **we** require with good reason. At **our** request, the injured person must promptly authorize **us** to:
      (1) speak with any doctor who has provided treatment;

U2

(2) obtain statements of any witnesses of the injury;

(3) obtain copies of wage and medical reports and records; and

(4) obtain copies of all medical bills as they are incurred.

2. After notice of claim, we may require the insured to take legal action against any liable party.

3. An **insured** may bring legal action against the other party for **bodily injury**. A copy of any paper served in this action must be sent to **us** at once.

# Claims Settlement (Including Arbitration)

1. We will jointly determine with the **insured** whether there is a legal right to recover damages, and if so, the amount of such damages. If the **insured** and **we** can't agree, then:

    a) If both parties consent, the following arbitration procedure will be used:

    Each party will select a competent and disinterested arbitrator. The two so selected will select a third. If selection of the third arbitrator cannot be agreed upon within 30 days, the **insured** shall proceed as provided in item b) below. Each party will pay its chosen arbitrator, and half of all other expenses.

    Unless the **insured** and **the company** agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will determine questions in dispute. The limits of coverage as shown in the Declarations, however, are not subject to arbitration. A written decision on which two agree will be binding on the **insured** and **us**; or

    b) If either party does not consent to arbitration or the two selected arbitrators cannot agree on a third arbitrator, the **insured** shall:

    (1) file a lawsuit in the proper court against the owner or driver of the **uninsured motor vehicle** and **us**, or, if such owner or driver is not known, against **us**; and

    (2) immediately provide **us** copies of the summons and complaints upon filing by the **insured**; and

    (3) secure a judgment. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.

    In the event of such a suit, **we** have the right to defend the owner or driver of the **uninsured motor vehicle** on the issues of his legal liability and the amount of damages owed.

    If the **insured** and the uninsured motorist or organization legally liable for the **insured's bodily injury** reach a settlement agreement to pay the **insured** such person's limits of liability, the **insured** must submit the agreement to **us** in writing for **our** approval prior to final execution of such settlement agreement if:

    (a) the settlement would not fully satisfy the **insured's** claim for **bodily injury**; and

    (b) an uninsured motorists claim has been or will be made against **us**.

3. The **insured** may file against **us** and the uninsured motorist if, within 30 days after **our** receipt of the settlement agreement, **we** do not:

    a) approve the settlement;

    b) waive **our** rights of recovery against the person or organization legally liable for the **bodily injury**;

    c) authorize the signing of a full release; and

    d) agree to arbitrate the uninsured motorists claim.

    The suit shall decide if the **insured** is legally entitled to collect damages, and if so, how much. The limit of bodily injury liability of the person legally liable shall be exhausted before any award may be entered against **us**. The award against **us** shall be binding and conclusive on **us** and the **insured** up to **our** coverage limit.

4. Except as provided above:

    a) any judgment against the uninsured will be binding and conclusive on us only if it has our written consent; and

    b) the **insured** must:

        (1) obtain **our** written consent to:

            (a) settle any legal action brought against any liable party; or

            (b) release any liable party.

        (2) preserve and protect **our** right to recovery from any liable party.

## Trust Agreement

This applies to the extent of any payment **we** make under this coverage.

1. **We** will have first right to any amount the **insured** receives from any liable party. The **insured** must:

    a) hold in trust for **us** the right to recover against any such party;

    b) do whatever is proper to secure such rights, and do nothing to prejudice them;

    c) furnish **us** all papers in any suit the **insured** files;

    d) do whatever is necessary to recover for **us** payments made under this coverage; and

    e) repay **us** out of any recovery for any payments **we** have made and any expenses **we** have incurred in the action.

2. **Our** payment of a claim may result from the insolvency of an insurer. If so, **we** have the right to recover from the insurer, but not its insured.

## Limits and Conditions of Payment

### AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES

**We** agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:

1. Bodily Injury limits shown for any one person are for all legal damages, including all derivative claims, claimed by anyone arising out of and due to **bodily injury** to one person as a result of one occurrence.

    The per-person limit is the total amount available when one person sustains **bodily injury**, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims, or any other claims made by anyone arising out of **bodily injury**, including death, to one person as a result of one occurrence.

    Subject to this per-person limit, the total limit of **our** liability shown for each occurrence is the total amount available when two or more persons sustain **bodily injury**, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims, or any other claims made by anyone arising out of **bodily injury**, including death, to two or more persons as a result of one occurrence.

2. Limits apply as stated in the Declarations, and are payable as follows:

    a) Except with respect to **you** or a **relative**, the insuring of more than one person or vehicle under this policy does not increase **our** payment limits.

    b) In no event will any **insured** other than **you** or a **relative** be entitled to more than the per-person limit which applies to the **motor vehicle** the **insured** was **occupying** when injured.

    c) **You** or a **relative** are entitled to up to the sum of the per-person payment limits shown on the Declarations. This does not apply to policies issued to corporations.

U4

3. We will pay benefits under this coverage only over and above any that are available:

    a) under any workers' compensation or disability benefits or similar law.

    b) under any auto Liability or auto Medical Payments coverage.

    c) from any liable party.

    d) from any source under the Florida Motor Vehicle No-Fault Law. Benefits also will be payable only over and above any that would be available under this law except for the application of a **deductible**.

4. We will not pay any uninsured motorists loss until the limits of all bodily injury liability coverage available from any source have been exhausted by payment of settlements or judgments.

## OTHER INSURANCE

1. For any Uninsured Motorists coverage loss while **you** or a **relative** are **occupying a motor vehicle** other than **your auto**, **we** will pay the insured loss not covered by other Uninsured Motorists coverage.

2. If **you** or a **relative**:

    a) are also covered as a named insured or insured household member by a policy which provides "non-stacking" Uninsured Motorists coverage; and

    b) are injured by an **uninsured motor vehicle** while a pedestrian;

    we will pay only up to the one per-person limit such **insured** selects from this policy to apply to the loss. If such **insured** selects a limit from another policy, coverage under this policy will not apply.

3. Except as stated above, if there is other collectible Uninsured Motorists coverage, **we** will be liable for only **our** share of the loss. **Our** share is **our** proportion of the total insurance limits for the loss.

## DUPLICATE PAYMENT

**We** will make no duplicate payment to or for any **insured** for the same element of loss.

## *Assignability*

No interest in this coverage can be transferred without **our** written consent. However, if the **policyholder** dies, this coverage will stay in force for the rest of the policy period. It will apply for the deceased's legal representative and those persons protected on the date of death.



# *General Policy Conditions*

We, you, and anyone insured by this policy must do certain things in order for the provisions of the policy to apply. The following are policy conditions:

1. **HOW YOUR POLICY MAY BE CHANGED**

   a) Any terms of this policy which may be in conflict with statutes of the state in which the policy is issued are hereby amended to conform.

   b) Any **insured** will automatically have the benefit of any extension or broadening of coverage in this policy, as of the effective date of the change, provided it does not require more premium.

   c) No other changes may be made in the terms of this policy except by endorsement or policy revision.

   d) The premium for each coverage is based on information in **our** possession. Any change or correction in this information will allow **us** to make an adjustment of the premium as of the date the change is effective.

   e) The **policyholder** has a duty to notify **us** as soon as possible of any change which may affect the premium or the risk under this policy. This includes, but is not limited to, changes in:

      (1) the principal garaging address of the insured vehicle(s), which must be reported to **us** within 30 days of the date the address change becomes effective;

      (2) drivers;

      (3) use of the insured vehicle(s); or

      (4) desired coverages, deductibles, or limits.

2. **OPTIONAL PAYMENT OF PREMIUM IN INSTALLMENTS**

   The **policyholder** may pay the premium for this policy in installments, under terms and conditions approved where required by the Department of Insurance. For each separate installment payment there is an installment service charge. **Your** agent can provide more information.

3. **RENEWAL**

   We will renew this policy for successive policy periods, subject to the following conditions:

   a) Renewal will be in accordance with policy forms, rules, rates and rating plans in use by **us** at the time.

   b) All premiums, premium installment payments, and fees must be paid when due.

   c) Prior to the expiration of a policy term for which premium has been paid, we will mail a notice to the **policyholder** for the premium required to renew or maintain the policy in effect. **We** will mail this notice to the address last known to **us**.

4. **NON-RENEWAL**

   a) At the end of each six-month policy period after the effective date of this policy, **we** will have the right to refuse to renew the entire policy or any of its coverages.

   b) If **we** elect not to renew, **we** will mail written notice to the **policyholder** 45 days in advance of the date **our** action will take effect. Mailing of this notice to the last known address or delivery of it to the **policyholder** will be considered proof of notice.

   c) For non-payment of renewal premium, coverage will terminate at the end of the last policy period for which premium was paid.

*General Policy Conditions*

5. **CANCELLATION DURING POLICY PERIOD**

   a) The policyholder may cancel this policy or any of its coverages by mailing notice to us of the future date of cancellation desired. However, during the first two months the policy is in force, the policyholder may cancel Property Damage Liability and Personal Injury Protection coverage only if:

   (1) the insured vehicle is sold or totally destroyed;

   (2) another policy is purchased to cover the same vehicle; or

   (3) the policyholder chooses not to pay any additional premium which is due to us, after receiving proper notice from us of a premium correction.

   b) Up to the time the original policy or any coverage has been in effect 60 days, **we** have unlimited right of cancellation. However, during the first 60 days the policy is in force, **we** may cancel for nonpayment of premium only if:

   (1) the **policyholder's** payment is dishonored for any reason; or

   (2) the **policyholder** chooses not to pay any additional premium which is due to **us**, after receiving proper notice from **us** of a premium correction.

   While the date **we** mail notice of cancellation must be within 60 days, the date of termination need not be.

   c) After any coverage of this policy has been in force 60 days, **our** right to cancel such coverage during the policy period is limited. **We** may cancel for any of the following reasons:

   (1) if premiums, premium installment payments, and fees are not paid when due, whether payable directly to **us** or through any premium finance plan.

   (2) if **you**, anyone who lives in **your** household, or anyone who customarily operates a **motor vehicle** covered by this policy has his or her driver's license suspended or revoked during the policy period or the 180 days immediately preceding its effective date.

   (3) material misrepresentation or fraud.

   d) In any case of cancellation by **us** under items b) or c) above, **we** may cancel by mailing or delivering notice to the **policyholder** 45 days in advance of termination of coverage unless **we** are cancelling for nonpayment of premium. To cancel for nonpayment, **we** will mail or deliver notice to the **policyholder** 10 days in advance of termination of coverage. **Our** mailing of notice to the **policyholder's** last known address or delivery of it to the **policyholder** will be considered proof of notice.

   e) Premium refund, if any due, will be made as soon as practicable after the date of cancellation. Mailing or delivery of **our** check will constitute tender of refund. **We** will calculate any returned premium according to the rules, rates, fees and forms in effect and on file if required, for **our** use in **your** state.

6. **DIVIDENDS**

   The **policyholder** is entitled to any dividends which are declared by the Board of Directors and are applicable to coverages in this policy.

7. **IF YOU BECOME BANKRUPT**

   Bankruptcy or insolvency of any **insured** will not relieve **us** of any obligation under the terms of this policy.

8. **UNAUTHORIZED USE OF OTHER MOTOR VEHICLES**

   Protection in this policy does not apply to other **motor vehicles** which any **insured**:

   a) uses without a reasonable belief that the **insured** is entitled to do so.

   b) has stolen.

   c) knows to have been stolen.

G2

9. **FRAUD AND MISREPRESENTATION**

   a) THIS POLICY WAS ISSUED IN RELIANCE ON THE INFORMATION YOU PROVIDED AT THE TIME OF **YOUR** APPLICATION FOR INSURANCE COVERAGE. **WE** MAY VOID THIS POLICY, DENY COVERAGE UNDER THIS POLICY, OR, AT OUR ELECTION, ASSERT ANY OTHER REMEDY AVAILABLE UNDER APPLICABLE LAW, **IF YOU**, OR ANY INSURED PERSON SEEKING COVERAGE UNDER THIS POLICY KNOWINGLY OR UNKNOWINGLY CONCEALED, MISREPRESENTED OR OMITTED ANY MATERIAL FACT OR ENGAGED IN FRAUDULENT CONDUCT AT THE TIME THE APPLICATION WAS MADE OR AT ANY TIME DURING THE POLICY PERIOD.

   b) **WE** MAY VOID THIS POLICY, DENY COVERAGE FOR AN ACCIDENT OR LOSS, OR AT **OUR** ELECTION, ASSERT ANY OTHER REMEDY AVAILABLE UNDER APPLICABLE LAW, IF ANY INSURED PERSON OR ANY OTHER PERSON SEEKING COVERAGE UNDER THIS POLICY HAS KNOWINGLY OR UNKNOWINGLY CONCEALED OR MISREPRESENTED ANY MATERIAL FACT OR ENGAGED IN FRAUDULENT CONDUCT IN CONNECTION WITH THE FILING OR SETTLEMENT OF ANY CLAIM.

   c) IF **WE** VOID THIS POLICY, THIS SHALL NOT AFFECT THE LIABILITY COVERAGE OF THIS POLICY UP TO THE MINIMUM LIMITS REQUIRED BY THE FINANCIAL RESPONSIBILITY LAW OF THE STATE OF FLORIDA, IF **WE** HAVE CERTIFIED **YOUR** POLICY AS PROOF OF FINANCIAL RESPONSIBILITY TO THE REGISTRAR OF MOTOR VEHICLES OF THE STATE OF FLORIDA, AND IF THE ACCIDENT OCCURS BEFORE **WE** NOTIFY THE NAMED INSURED THAT THE POLICY IS VOID. IF **WE** VOID THIS POLICY, YOU MUST REIMBURSE **US** IF **WE** MAKE A PAYMENT.

   d) NO PERSON OR ORGANIZATION WHO ENGAGES IN FRAUDULENT CONDUCT IN CONNECTION WITH THE APPLICATION PROCESS, AN ACCIDENT OR FILING A CLAIM, OR ENGAGES IN ANY MATERIAL MISREPRESENTATION REGARDING THE ISSUANCE OF THIS POLICY SHALL BE ENTITLED TO RECEIVE ANY PAYMENT UNDER THIS POLICY AT ANY TIME.

10. **LEGAL ACTION LIMITATIONS**

    No legal action may be brought against **the company** concerning any of the coverages provided in this policy until the **insured** has fully complied with all terms of the policy.

    Under the liability coverages of this policy, no legal action may be brought against **the company** until judgment against the **insured** has been finally determined after trial. This policy does not give anyone the right to make **us** a party to any action to determine the liability of an **insured**. In no event shall **we** be liable for more than the policy limits. **The company's** assets may not be attached in any such action.

    Under Uninsured Motorists coverage, legal action against **the company** must begin within the time allowed by law for **bodily injury** or death actions in the state where the accident occurred.

    Under the Personal Injury Protection coverage, no legal action may be brought against **the company** until 30 days after the required notice of accident and proof of claims have been submitted to **us**.

11. **SUBROGATION**

    a) **We** have the right of subrogation under any:
       (1) Physical Damage;
       (2) Auto Liability;
       (3) Comprehensive Family Liability;
       (4) Personal Injury Protection; and
       (5) Medical Payments;

coverages in this policy and its endorsements. This means that after paying a loss to **you** or others under this policy, we will have the insured's right to sue for or otherwise recover such loss from anyone else who may be held liable. Also, we may require reimbursement from the insured out of any settlement or judgment that duplicates our payments. These provisions will be applied in accordance with state law. Any **insured** will sign such papers, and will do whatever else is necessary to transfer these rights to us, and will do nothing to prejudice them.

b) With respect to Personal Injury Protection benefits we pay, if the insured's injuries are sustained:

(1) while **occupying**; or

(2) as a pedestrian, if hit by:

a commercial **motor vehicle** as defined in the Florida Motor Vehicle No-Fault Law, we will be entitled to reimbursement from the owner or insurer of such commercial **motor vehicle**.

## 12. NON-SUFFICIENT FUNDS AND LATE PAYMENT CHARGES

**The company** reserves the right to impose a fee for any premium payment that is unable to be processed due to non-sufficient funds, or if there are non-sufficient funds in an account that is being utilized for electronic funds transfer (EFT) payments, or if the premium is not paid by the due date. This is under the terms and conditions approved where required by the Department of Insurance.

## 13. MEDIATION OF CLAIMS

In any claim filed with **us** for Basic Personal Injury Protection benefits in an amount of $10,000 or less, or for Property Damage Liability coverage in any amount, either party may demand mediation of the claim prior to litigation.

a) A request for mediation must:

(1) be filed with the Department of Insurance on a form approved by that department; and

(2) state the reason for the request and the issues in dispute.

b) The following mediation process will be used:

(1) mediation procedures will be informal.

(2) all parties must have the authority to make a binding decision, and must mediate in good faith.

(3) the Department of Insurance will select a qualified mediator. Each party will have one opportunity to reject the chosen mediator, if desired.

(4) the mediator will notify the applicant and any other interested parties of the date, time, and place of the mediation conference. The conference may be held by telephone, if feasible. The mediation conference will be held within 45 days of the request for mediation.

(5) costs of mediation will be shared equally by both parties, unless the mediator determines that one party has not mediated in good faith.

(6) disclosures and information divulged in the mediation process shall not be admissible in any subsequent action or proceeding relating to the same disputed claim.

c) Only one mediation may be requested for each claim, unless all parties agree to further mediation. A party demanding mediation as described above will not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated.

d) The time period for filing suit will be extended 60 days following the conclusion of the mediation process, if later than the time normally allowed by the statute of limitations.

## MUTUAL POLICY CONDITIONS

(Applicable only to policies issued by Nationwide Mutual Insurance Company--Nationwide Mutual Fire Insurance Company.)

If this policy is issued by Nationwide Mutual Insurance Company or Nationwide Mutual Fire Insurance Company, the **policyholder** is a member of **the company** issuing the policy while this or any other policy issued by one of these two companies is in force. While a member, the **policyholder** is entitled to one vote only--regardless of the number of policies issued to the policyholder--either in person or by proxy at meetings of members of said company.

The annual meeting of members of Nationwide Mutual Insurance Company will be held at the Home Office at Columbus, Ohio, at 10 a.m. on the first Thursday of April. The annual meeting of members of Nationwide Mutual Fire Insurance Company will be held at the Home Office at Columbus, Ohio, at 9:30 a.m. on the first Thursday of April. If the Board of Directors of either of the above companies should elect to change the time or place of meeting, that company will mail notice of the change to the **policyholder** at the address last known to it. **The company** will mail this notice at least 10 days in advance of the meeting date.

This policy is non-assessable, meaning that the **policyholder** is not subject to any assessment beyond the premiums the above companies require for each policy term.

**IN WITNESS WHEREOF:** Nationwide Assurance Company, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, or Nationwide General Insurance Company, whichever is the issuing company as shown in the Declarations, has caused this policy to be signed by its President and Secretary, and countersigned as may be required by a duly authorized representative of **the company**.

*Patricia R. Hatler*
**Secretary**

*Galen Barnes*
**President**

Nationwide Mutual Insurance Company ● Nationwide Mutual Fire Insurance Company
Nationwide Property and Casualty Insurance Company ● Nationwide General Insurance Company
Nationwide Assurance Company/Home Office: Columbus, Ohio 43215-2220

G5