UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of
himself and all similarly
situated,

   Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

   Defendants,
_____/



THE CHIROPRACTIC CENTRE, INC.,  Case No. 01-6783
on behalf of itself and all
others similarly situated,

   Plaintiff,

vs.

Metropolitan Casualty Insurance
Company, Metropolitan Property
and Casualty Insurance Company,
Metropolitan Direct Property
and Casualty Insurance Company,
Metropolitan General Insurance
Company, Metropolitan Group
Property and Casualty Insurance
Company, Economy Fire and
Casualty Company, Economy
Preferred Insurance Company,
Economy Premier Assurance
Company, St. Paul Fire and
Marine Insurance Company, St.
Paul Mercury Insurance Company,
St. Paul Guardian Insurance
Company, Athena Assurance
Company, Discover Property &
Casualty Insurance Company, St.
Paul Protective Insurance
Company f/k/a Northbrook
Property & Casualty Insurance



```
Company, United States Fidelity
and Guaranty Company, Fidelity
and Guaranty Insurance Company,
Fidelity and Guaranty Insurance
Underwriters, Inc., Victoria
Fire & Casualty Insurance
Company, and Victoria Select
Insurance Company,

          Defendants.
_____/
```

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiff, The Chiropractic Centre, Inc. (hereinafter "TCCI") and the named Defendants, Metropolitan Property and Casualty Insurance Company, Metropolitan Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, Metropolitan General Insurance Company, Metropolitan Group Property and Casualty Insurance Company, Economy Fire & Casualty Company, Economy Preferred Insurance Company, Economy Premier Assurance Company, St. Paul Fire and Marine Insurance Company, St. Paul Mercury Insurance Company, St. Paul Guardian Insurance Company, Athena Assurance Company, Discover Property & Casualty Insurance Company, St. Paul Protective Insurance Company f/k/a Northbrook Property & Casualty Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Victoria Fire & Casualty Insurance Company, and Victoria Select Insurance Company (hereinafter collectively "Met P&C" or "Defendants"), have submitted for final approval a proposed Settlement of this class

action case.

By an Order Of Preliminary Approval (DE 1041) dated April 21, 2005, the Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Settlement Agreement And Stipulation (DE 1035) (hereinafter the "Stipulation"), subject to further consideration at the Final Settlement and Fairness Hearing conducted on August 22, 2005. In its Order Of Preliminary Approval, the Court conditionally certified the above-styled cause to proceed as a class action for settlement purposes only and temporarily certified TCCI as a representative of the following class:

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a Met P&C PIP policy; (b) That received a valid assignment of benefits from the person(s) insured by Met P&C as to such services; (c) That submitted bills for payment for such services to Met P&C; and (d) Which bills were reduced by Met P&C based on the application of a CCN/Medview PPO reduction during the Class Period (January 1, 1998 through August 1, 2003).

Excluded from the Settlement Class are: Met P&C, any parent, subsidiary, affiliate, or controlled person of Met P&C, as well as the officers, directors, agents, servants, and employees of Met P&C, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action.

The Court also ordered that the Notice Of Proposed Settlement attached as Exhibit A to the Stipulation, including the Proof of Claim in substantially the same form attached as Exhibit B to the

Stipulation, be mailed no later than May 21, 2005, by first-class mail, postage pre-paid to all potential members of the class to the extent that such Class Members can be identified with reasonable diligence.

On August 22, 2005, the Court conducted a Fairness Hearing to determine: (a) whether the proposed Settlement on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and (b) whether final judgment should be entered dismissing this Action on the merits, with prejudice, and without fees and costs, except as otherwise provided in the Stipulation. All interested persons were afforded the opportunity to be heard. The Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, the Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Settlement Agreement And Stipulation (DE 1035) be and the same is hereby approved, adopted and ratified by the Court as follows:

1. On August 22, 2005, the Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this case, the Court considered the

parties' Settlement Agreement And Stipulation, the extensive Court file in this case, and the presentations by Class Counsel on behalf of Plaintiffs, and counsel for Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

2. As recognized in the Order Of Preliminary Approval (DE 1041), the Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to the Met P&C Defendants, a class of healthcare providers as identified above.

3. The Court hereby affirms its decision certifying the class and approving the Stipulation. The Court finds that the requirements for certification of a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met.

4. In the Order Of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5. The Court finds that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination,

the Court has considered factors that include: a) the likelihood that the plaintiffs would prevail at trial; b) the range of possible recovery if the plaintiffs prevailed at trial; c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the settlement; and f) the stage of proceedings at which the settlement was achieved. See Bennet v. Behring Corp., 737 F.2d 982 (11th Cir. 1984); In re Corrugated Container Antitrust Litig., 643 F.2d 195 (5th Cir. April 1981). The Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty as to Plaintiffs ultimately prevailing on their claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit, in conjunction with conflicting state court appellate decisions, the Court finds it in the best interest of the Class Members to be presented with the benefits available directly to them and summarized as follows:

    A.    The Settlement created a settlement fund of $380,000.00, for Class Members to recover up to 100% of their individual damages.

    B.    The Settlement included the right to opt-out, so that any Class Member could decline to participate in the Settlement.

    C.    The Settlement provided for a Claim Dispute Resolution process involving arbitration; and

    D.    The Settlement requires Met P&C to pay Class Counsel fees up to $114,000.00 and reasonable litigation costs and expenses up to $5,250.00, separate and outside of the settlement fund.

6. If the case were to proceed without settlement, the Court notes that the current appeal and possible resulting trial would likely be complex, lengthy and expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, Met P&C has defended this action vigorously and would, by all indications, continue to do so on appeal absent a settlement. Because of the resulting motion practice, possible trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits. <u>Behrens v. Wometco Enters., Inc.</u>, 118 F.R.D. 534, 543 (S.D. Fla. 1988), <u>aff'd</u> 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount to be reserved by Met P&C to pay Class Member claims is of substantial value to the Class.

7. The Court finds that there were no timely objections filed to the Settlement.

8. In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Stipulation's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Stipulation make it clear that the process by which it was

achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

9. The Court hereby approves as timely filed, the Requests For Exclusion Of The Settlement Class Members referenced in the Affidavit Of The Settlement Administrator (DE 1107), and finds that they are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it.

10. This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests For Exclusion, see DE 1107, and all such Settlement Class Members hereby release and discharge Met P&C from all Released Claims as that term is defined in the Stipulation preliminarily approved by the Court in its prior Order Of Preliminary Approval (DE 1041). That is, each member of the Settlement Class who has not timely and properly opted out of the Settlement Class, and his, her or its heirs, successors, trustees, executors, administrators, principals, beneficiaries and assigns forever, hereby release and discharge Met P&C and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents from any and all claims, suits, demands, rights, liabilities, damages, losses,

attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of TCCI or the Settlement Class against Met P&C which arise out of any bill submitted to Met P&C during the Class Period which was reduced by the application of a PPO discount and/or are based upon the acts, transactions, occurrences, facts, and events alleged in the Complaint. The Settlement Class members are hereby barred and permanently enjoined from asserting any of the Released Claims against Met P&C in any court or forum whatsoever, and Case No. 01-6783-CIV-ZOCH be and the same is hereby **DISMISSED** on the merits, with prejudice and without costs to any party, except as specifically provided in this Final Approval Order And Judgment and in the Settlement Agreement.

11. The Court finds that the law firms approved as Class Counsel are competent and experienced attorneys and have adequately and aggressively represented the interests of the Class. The Court therefore certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee & Amtzis, of Ft. Lauderdale, Florida, Gold & Coulson of Chicago, Illinois, and Phillips & Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class.

12. The Settlement also provides that Met P&C will pay Class Counsel fees of up to $114,000.00 plus reasonable costs and expenses of up to $5,250.00 separate and apart from the Settlement

Fund that has been established for payment of Class Member claims. The Court finds that the total amount of fees requested by Class Counsel (i.e., $114,000.00) plus its reasonable costs and expenses ($5,250.00), to be reasonable in view of the risk associated with asserting these claims; the novelty and difficulty of the questions involved; the results achieved for the Class and the extensive time (over four years) and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, the firms certified and appointed as Class Counsel in paragraph 11 of this Final Approval Order And Judgment do have and recover from Met P&C attorneys' fees in the amount of $114,000.00 and reasonable costs in the amount of $5,250.00, to be paid in accord with the terms of the Settlement Agreement, for all of which let execution issue.

13.  The Court hereby certifies TCCI as Class Representative of the Class herein defined. The terms of the Settlement provide that Met P&C will pay an incentive award to the named Class Representative, TCCI, of up to $15,000.00.  The Court finds that the payment by Met P&C of a $15,000.00 incentive award is reasonable.  TCCI does have and recover an incentive award in the amount of $15,000.00 from Met P&C, for all of which let execution issue.

14. Capitalized terms used in this Final Approval Order And Judgment not otherwise defined herein have the meanings assigned to them in the Stipulation.

15. Without affecting the finality of this Final Approval Order and Judgment, this Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Stipulation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___24th___ of August, 2005.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished to:

All counsel of record