# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

ZIDEL, ET AL,

      v.

ALLSTATE INSURANCE, ET AL

)
)
)
)
)
)
)
)

**00-CV-6061**

**JUDGE ZLOCH**

## THE UNITED STATES' STATEMENT OF INTEREST

Pursuant to 28 U.S.C. § 517, the United States Department of Justice respectfully files

this Statement of Interest on behalf of the Department of Health and Human Services ("HHS").[1]

The United States files this Statement of Interest to advise the Court and the parties of the United

States' rights under federal law to recover, from the settlement monies, amounts Medicare paid

to Plaintiffs in this action for medical care provided to Medicare beneficiaries when the

Defendant Primary Insurers either did not pay at all or did not pay the proper amount. The

United States respectfully requests that the Court require notice of the United States' interest in

---

[1] By filing this Statement of Interest, the United States does not intend to waive its right to intervene in this action at a later date if intervention becomes necessary to protect its rights. See 42 U.S.C. § 2651(b); 42 U.S.C. 1395y(b)(2)(B)(ii); 42 C.F.R. § 411.26(b).



all published notices of settlement to Plaintiffs and Defendants.

HHS administers the Medicare program, which pays for medical care for the aged, disabled, and persons suffering from end stage renal disease. Medicare may have paid for medical care for which the Plaintiffs herein will receive settlement funds. In any instance where a Plaintiff physician receives settlement funds associated with a patient's treatment for which the Plaintiff physician has already received some level of Medicare reimbursement, those funds may constitute duplicate primary payments of all or a portion of the dollar amount already paid by Medicare, and Medicare must be reimbursed.

### THE MEDICARE SECONDARY PAYER PROVISIONS PROVIDE FOR THE RECOVERY OF CONDITIONAL MEDICARE PAYMENTS FROM THE PLAINTIFFS UPON PAYMENT BY THE PRIMARY INSURER

### A.    Factual Background

The United States is entitled to recover costs of medical care for which Medicare originally paid the Plaintiffs and for which the Plaintiffs are now receiving settlement monies from the actual primary insurer, resulting in double payment to the Plaintiffs. As an accommodation and as permitted by statute, Medicare paid benefits on behalf of its beneficiaries to certain of the Plaintiffs because payment could not reasonably be expected or the amount paid by a Defendant's no-fault or personal injury protection policy or plan entitled the Plaintiffs to a secondary payment from Medicare. As outlined below, such Medicare payments are conditional, and any subsequent payments received by the Plaintiff physicians for, inter alia, medical expenses, constitutes overpayments to those physicians. The United States is entitled to be reimbursed dollar for dollar up to the amount of Medicare's prior payment or the amount of

2

Plaintiff's settlement payment for a particular claim, whichever is less.

### B.     Statutory Background

The Centers for Medicare and Medicaid Services ("CMS") administers the Medicare program, which pays for medical care for the aged, disabled, and persons suffering from end stage renal disease. For the first fifteen years of the Medicare program's existence, Medicare generally paid for medical services regardless of whether the beneficiary was also covered by another health plan. See Social Security Amendments of 1965, Pub. L. No. 89-97, § 1862(b), 79 Stat. 286. Beginning in 1980, however, Congress enacted a series of amendments **"designed to make Medicare a 'secondary' payer with respect to such plans."** Health Ins. Ass'n of America, Inc. v. Shalala, 23 F.3d 412, 414 (D.C. Cir. 1994) ("HIAA"); accord U.S. v. Baxter International, Inc., 345 F.3d 866, 888-89 (11 Cir. 2003) ("Baxter"). The amendments have been codified at 42 U.S.C. § 1395y(b)(2) and are referred to as the Medicare Secondary Payer (or "MSP") provisions.[2]

The MSP provisions were designed to curb skyrocketing health care costs and to preserve the fiscal integrity of the Medicare system. Fanning v. United.States, 346 F.3d 386, (3d Cir. 2003) ("Fanning", citing Zinman v. Shalala, 67 F.3d 841, 843, 845 (9th Cir. 1995)); H.R. Rep. No. 96-1167, at 352 (1980), reprinted in 1980 U.S.C.C.A.N. 5526, 5717. **"In a nutshell, the MSP declares that, under certain conditions, Medicare will be the secondary rather than primary payer for its insureds,"** Baxter, 345 F.3d at 875, by requiring Medicare beneficiaries to exhaust all available insurance coverage before resorting to their Medicare coverage. See United

---

[2] The statutory language quoted in the cited cases herein has changed to reflect clarifications of certain of the MSP provisions contained in the Medicare Modernization Act. The changed language, however, is not inconsistent with the holdings in the cases.

States v. Rhode Island Insurers' Insolvency Fund, 80 F.3d 616, 618 (1st Cir. 1996).

Toward that end, Congress established two principal directives. First, the MSP provisions direct that Medicare should not make payment under certain circumstances. The provisions direct that Medicare should not pay benefits when "payment has been made or can reasonably be expected to be made * * * under * * * no-fault insurance." 42 U.S.C. § 1395y(b)(2)(A)(ii). This prohibition "is intended to keep the government from paying a medical bill where it is clear an insurance company will pay instead." Evanston Hosp. v. Hauck, 1 F.3d 540, 544 (7th Cir. 1993) (citation omitted); accord, Fanning, 346 F.3d at 389.

Second, the MSP provisions require that, under certain circumstances, Medicare must be reimbursed for the payments that it makes. If payment from another insurer cannot reasonably be expected to be made, Medicare is authorized to make payment to accommodate its beneficiaries. The statute specifies, however, that such Medicare payments are conditional and subject to reimbursement to the appropriate Medicare Trust Fund once a primary plan's responsibility is demonstrated (such as by making payment to the plaintiffs). 42 U.S.C. § 1395y(b)(2)(B)(ii). When another insurer makes a payment with respect to medical care for which the Medicare program has already paid, this second payment constitutes a Medicare overpayment by operation of the MSP provisions. See 42 C.F.R. § 405.924(b)(15) As provided in 42 U.S.C. 1395y(b)(2)(B)(ii):

> A primary plan, and an entity [Plaintiff physician] that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary under this subchapter with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service. . . . If reimbursement is not made to the appropriate Trust Fund before the expiration of the 60-day

4

> period that begins on the date notice of, or information related to ,
> a primary plans' responsibility for such payment or other
> information is received the Secretary may charge interest. . . .

In this case, the Defendants' "responsibility to make payment" with respect to the medical care

provided by Plaintiffs has been demonstrated by this settlement, which constitutes "a payment

conditioned upon the recipient's compromise, waiver, or release (whether or not there is a

determination or admission of liability)". 42 U.S.C. 1395y(b)(2)(B)(ii). Congress very clearly

intended Medicare to recover overpayments to the extent possible, and the Eleventh Circuit noted

disappointment that Medicare was not recovering more from primary payers. Baxter, 345 F.3d at

891 n. 16.

If the reimbursement required under the MSP provisions is not made, the MSP provisions

authorize the United States to bring an action against "any or all entities that are or were required

or responsible . . . to make payment with respect to the same item or service . . . under a primary

plan. . . In addition, the United States may recover under this clause from any entity that has

received payment from a primary plan or from the proceeds of a primary plan's payment to any

entity." 42 U.S.C. § 1395y(b)(2)(B)(iii). Under this provision, the United States could recover

against the Defendant insurers or Plaintiff physicians in this action.

In this case, Medicare believes there will arise two scenarios in which it may have made

primary payment for medical care and be entitled to reimbursement: (1) the no-fault insurer

made no payment because it crafted improper restrictions on any such primary payment for

services, and Medicare made the primary payment; or (2) the no-fault insurer applied an

improper rate and made a primary payment that was too low, and Medicare made a secondary

payment that was too high because that primary payment was too low. In both of these instances,

the Plaintiffs are obligated to determine on a patient by patient basis the extent to which

Medicare has made an overpayment, and reimburse the Medicare Trust Fund.

The United States respectfully asks this Court to include language in notice to the

Plaintiffs and Defendants of the settlement that (1) Medicare is a secondary payer to no–fault

insurance; and (2) to the extent that the defendants pay the Plaintiffs for services previously paid

by Medicare, Plaintiffs are obligated to make a dollar-for-dollar refund to Medicare up to the

amount Medicare previously paid or the amount of Plaintiffs' settlement payment for each

particular claim, whichever amount is less.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

DAVID I. MELLINGER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar # 0821365
500 E. Broward Blvd.
Suite 700
Ft. Lauderdale, FL  33394
(954) 356-7314
(954) 356-7180 (facsimile)

PETER D. KEISLER
Assistant Attorney General

J. CHRISTOPHER KOHN
SANDRA P. SPOONER
CATHY J. BURDETTE
Department of Justice

6

Civil Division
Ben Franklin Station
P.O. Box 875
Washington, DC 20044
(202) 616-2316


Attorneys for United States of America

Dated: September 27, 2005

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ZIDEL, ET AL, ) | |
| ) | 00-CV-6061 |
| v. ) | |
| ) | JUDGE ZLOCH |
| ALLSTATE INSURANCE, ET AL ) | |
| ) | |
| ) | |
| ———————————————— ) | |

CERTIFICATE OF SERVICE

I hereby certify that the United States's Statement of Interest has been served via

United States first class mail this 27th day of September, 2005, to the following counsel:

Douglas Alan Blankman
Andrew J.Garcia
Kenneth J. Gogel
Kopelman & Blankman
350 E Las Olas Boulevard
Suite 980
Fort Lauderdale, FL  33301 954-462-6855

Arthur S. Gold
Gold & Coulson
11 S LaSalle Street
Suite 2500
Chicago, IL  60603

1

312-372-0777

Carlin S. Phillips
Phillips & Garcia
13 Ventura Drive North Dartmouth, MA  02747 508-998-0800

Laura M. Watson
Watson & Lentner
220 NE 51 Street
Fort Lauderdale, FL 33334 954-772-6690

Susan L. Lawson
Richard A. Bokor
Lawson & Associates PA
230 E Davis Boulevard
Tampa, FL  33606 813-251-1000

Eric Allan Lee
Lee & Amtzis
5550 Glades Road
Suite 401
Boca Raton, FL  33431
561-981-9988

Jan Douglas Atlas
Adorno & Yoss
350 E Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL  33301-4217
954-763-1200

D. Scott Craig
Farah Farah & Abbott
10 W Adams
3rd  Floor
Jacksonville, FL 32202
904-358-8888

Farah Harah & Abbott
10 W Adams
3rd Floor
Jacksonville, FL 32202
904-358-8888

Adam Ross Littman
Adam Ross Littman PA
1801 Lee Road
Suite 320
Winter Park, FL  32789 407-644-9670

Casey Anthony Fundaro
PO Box 7420
Fort Lauderdale, FL  33338
954-462-2833

David Bryan Shelton
Lori Jean Caldwell
Rumberger Kirk & Caldwell
300 S Orange Avenue
Suite 1400
PO Box 1873
Orlando, FL  32802
407-872-7300

Scott M. Sarason
Rumberger Kirk &Caldwell
Brickell Bayview Centre
80 SW 8th Street
Suite 3000
Miami, FL  33130
305-358-5577

Peter J. Valeta
Meckler Bulger & Tilson
123 N Wacker Drive
Suite 1800
Chicago, IL  60606
312-474-7900

William Wallace Deem
McGuire Woods
50 N  Laura Street
Suite 3300
PO Box 4099

3

Jacksonville, FL 32201-4099
904-798-3200

Michele Elizabeth Muir
Kane & Kane
4800 N Federal Highway
Suite 101-E
Boca Raton, FL  331431-5179
561-391-0303

Donald Arthur Blackwell
Francis A. Anania
Anania Bandklayder Blackwell &
Baumgarten
Nations Bank Tower
100 SE 2nd Street
Suite 4300
Miami, Fl 33131-2144
305-373-4900

Joseph A. DeMaria
C. Thomas Tew, Jr.
Te Cardenas LLP
Four Seasons Tower
1441 Birckell Avenue
15th Floor
Miami, FL 33131-3407
305-536-1112

William Xanttopoulos PA
9350 S Dixie Highway
Suite 1000
Miami, FL  33156
305-670-3076

Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
28th Floor
Miami, FL  33131-1714
305-374-5600

Kathleen Johnson Maus

4

Butler Pappas Weihmuller Katz,et al
3600 Maclay Boulevard
Suite 101
Tallahassee, FL 32312
850-894-4111


Lauren Diane Levy
Butler Pappas Weihmuller et al
80 SW 8 Street
Suite 3300
Miami, FL 33130
305-416-9998

John D. Aldock
Richard W. Wyner
Jeffrey M. Klein
Michael K. Isenman
Lisa M. Harrison
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
202-346-4240

Alan Jeffrey Nisberg
Butler Pappas Weihmuller
KatzCraig
777 S Harbour Island Boulevard
One Harbour Place
Suite 500
Tampa, FL 33602
813-281-1900

Katherine Claire Lake
Fowler White Boggs Banker
501 E Kennedy Boulevard
Suite 1700
PO Box 1438
Tampa, FL 33602
813-222-1136

James C. Haggerty
Swartz Campbell & Detweiler

5

1601 Market Street
34th Floor
Philadelphia, PA  19103

Gregory Alan Baldwin
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL  33131
305-374-8500

Paul Alan Shelowitz
Marcy Levine Aldrich
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
28th Floor
Miami, FL  33131-1714
305-374-5600

Howard J. Roin
Mayer Brown Rowe & Maw LLP
71 S Wacker Drive
Chicago, IL  60606
312-782-0600

George Volsky
Marcy Levine Aldrich
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
28th Floor
Miami, FL  33131-1714
305-374-5600

Jeffrey Lennard
Sonnenschein Nath & Rosenthal
233 S Wacker Drive
8000 Sears Tower
Chicago, IL  60606
312-876-8000

6

Nancy A. Copperthwaite
Marcy Levine Aldrich
Scott Brian Cosgrove
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
28th Floor
Miami, FL  33131-1714
305-374-5600


Dale Lyn Friedman
Brian Patrick Knight
Conroy Simberg Ganon Krevans & Abel
3440 Hollywood Boulevard
2nd Floor
Hollywood, FL  33021
954-961-1400

William Wallace Deem
W. Curtis Caywood, IV
McGuire Woods
50 N Laura Street
Suite 3300
PO Box 4099
Jacksonville, FL  32201-4099
904-798-3200

William E. Adams, Jr.
Nova University Law Center
3305 College Avenue
Fort Lauderdale, FL  33314
954-262-6100

William Hester Adams, III
William Wallace Deem
W. Curtis Caywood, IV
McGuire Woods
50 N Laura Street
Suite 3300
PO Box 4099
Jacksonville, FL  32201-4099
904-798-3200

7

Peter J. Valeta
Meckler Bulger & Tilson
123 N Wacker Drive
Suite 1800
Chicago, IL  60606
312-474-7900

Richard H. Critchlow
Robert Donald Wike Landon, III
Kenny Nachwalter Seymour Arnold
Critchlow  & Spector
Miami Center
201 S Biscayne Boulevard
Suite 1100
Miami, FL   33131-4327
305-373-1000

FOR :   Cathy J. Burdette

9