FILED by _____ D.C.

ELECTRONIC

**Nov 18 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, and
COMMUNITY CARE NETWORK, INC.,
d/b/a CCN,

      Defendants.

_____/

SALVATORE D. LARUSSO, D.C. d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and all others similarly
situated,

      Plaintiffs,

vs.                01-8108

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.

      Defendants.

_____/

## NATIONWIDE INSURANCE'S
## MOTION TO ENFORCE FINAL ORDER AND JUDGMENT
## AND SUPPORTING MEMORANDUM OF LAW

    Defendants, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance

Company, Nationwide Property And Casualty Insurance Company, Nationwide Insurance

Company of America, Nationwide General Insurance Company and Nationwide Assurance

Company f/k/a Colonial Insurance Company (collectively "Nationwide Insurance"), move to

enforce the Final Approval Order and Judgment entered August 16, 2005. In support of this motion, Nationwide Insurance states the following and incorporates the attached supporting memorandum of law:

1.      The Court entered a Final Approval Order and Judgment (DE1109) (the "Final Judgment") on August 16, 2005, which finally certified a proposed settlement class, approved a proposed class-wide settlement, dismissed with prejudice claims of class members, and enjoined class members from prosecuting independent actions concerning released claims against Nationwide Insurance. The Court also retained exclusive jurisdiction to enforce the approved settlement and the Court's Final Judgment. (Final Judgment ¶ 19)

2.      The Court further adopted the list of opt outs submitted by the Settlement Administrator on August 11, 2005, as Exhibit "B" to the Settlement Administrator's Report and Affidavit of Edward J. Sincavage (DE 1101) (the "Settlement Administrator's Report"), and excluded only those listed entities from the binding effects of its Final Judgment. (Final Judgment ¶¶ 10, 11, 12)

3.      A group of class members (hereinafter the "Lazega Claimants"), all purportedly represented by the same counsel - the Law Office of Russel Lazega, P.A.(the "Lazega" firm) - have continued to file statutory demands and prosecute multiple lawsuits despite being subject to the Final Judgment and despite having been advised numerous times of its terms and effect.

4.      The Lazega Claimants, through their counsel, rely on two purported attempted opt outs attached hereto as Exhibits "A" and "B" even though they have been advised by Nationwide Insurance and its counsel that they are not on the Court approved opt out list because they did not comply with the opt out procedures approved by the Court and set forth in the Class Notice.

5.     The purported attempted opt outs were improper and invalid.  The Lazega Claimants' purported opt outs were not submitted to the Settlement Administrator as required by the Court's Order of Preliminary Approval (DE 1037) and as directed in the Class Notice.  Rather than following the Court's procedures, the Lazega firm filed two purported opt outs listing seven entities on one filing and sixty-six entities on the other.  These two filings were filed in the consolidated proceeding a day after the opt out deadline (*see* DE 1074, 1075), but were not sent to the Settlement Administrator or served in accordance with the Federal Rules of Civil Procedure.  In particular, they were not served upon or otherwise provided to Nationwide Insurance or its counsel.

6.     Substantial prejudice has resulted from these improper purported opt outs.  Florida's Motor Vehicle No-Fault Statute, § 627.736(11), requires providers who dispute payments made by insurers under the statute to submit statutorily compliant demand letters (a/k/a notices of intent to initiate litigation) as a condition to filing a lawsuit.  Under this provision, insurers are provided the opportunity to evaluate and pay the amounts demanded, in full or part, and thereby avoid a lawsuit and attorneys' fees on the claim.  The Court protected this right in its Order of Preliminary Approval by temporarily tolling the time for Nationwide Insurance to respond to demand letters until after the opt out deadline had run.  Nationwide Insurance was thereafter able to timely respond to demands submitted by providers who opted out of the settlement (as identified by the Settlement Administrator in its opt out list).  The Lazega Claimants effectively precluded Nationwide Insurance from timely evaluating and responding to demands by depriving Nationwide Insurance of notice that they considered themselves outside the scope of the settlement class.

7.    <u>Local Rule 7.1 Certificate</u>.  Counsel for the movant has conferred with all parties or non-parties, through their counsel, who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

WHEREFORE, Nationwide Insurance respectfully requests the Court to enforce its Final Approval Order and Judgment and the Settlement Agreement by entering an Order rejecting the two improper filings as invalid attempts to opt out or by awarding such alternative relief that would relieve Nationwide Insurance of the prejudice that it has incurred.  Nationwide Insurance further requests all further relief the Court deems proper, including recovery of costs, expenses, and attorneys' fees for defending the improperly filed actions and bringing this motion.

## SUPPORTING MEMORANDUM OF LAW

### I.    LEGAL STANDARD

Rule 23(c) of the Federal Rules of Civil Procedure requires that a judgment entered concerning a Rule 23(b)(3) class, such as the one in this action, describe the members of the class and identify those who have excluded themselves from the class.[1]  In compliance with this provision, the Court's Final Judgment expressly adopts the opt out list on file as submitted by the Settlement Administrator.

The list adopted by the Court governs who is excluded from the class and therefore not subject to the Final Judgment.  Despite being advised that they are not on the Court's opt out list and therefore are bound by the Final Judgment, the Lazega law firm and two of their clients -

---

[1] Rule 23(c)(3) provides in relevant part:  "The judgment in an action maintained as a class action under subdivision (b)(3), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and <u>who have not requested exclusion</u>, and whom the court finds to be members of the class." Fed.R.Civ.P. 23(c)(3) (emphasis supplied).

Coastal Medical Orthopedic Services ("Coastal Medical") and Atlantic Medical Concepts, Inc. ("Atlantic Medical") - have continued to prosecute lawsuits against Nationwide Insurance. Since these entities have not sought relief from the Court, Nationwide Insurance is compelled to seek enforcement of the Final Judgment.

The Court retained continuing and exclusive jurisdiction to enforce the Final Judgment concerning matters such as this:

> Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Final Approval Order And Judgment and/or the Settlement Agreement.

(Final Judgment ¶ 19). The Court is empowered to enforce the Final Judgment and its injunction. *Battle v. Liberty National Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1989); *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1071 (11th Cir. 2001) *aff'd Sygenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002); *Gross v. Barnett Banks, Inc.*, 934 F.Supp. 1340 (M.D. Fla. 1995).

Although the Lazega Claimants have chosen to ignore the Final Judgment rather than request relief from the Court, the Court does have discretion to allow late opt outs upon the demonstration of excusable neglect. This standard has recently been summarized in a Southern District of Florida decision considering whether to accept late opt outs as follows:

> As the Supreme Court has explained, the determination of whether to accept a late filing based on excusable neglect is "at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The factors to be considered are "the danger of prejudice to the [opposing party], the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Further, "the starting point and common denominator (indeed, the s*ine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay." *Demint v. NationsBank Corp.*, 208 F.R.D. 639, 642 & n.4 (M.D. Fla. 2002); *see also* Manual for Complex Litigation (Third) § 30.231 (1995) (stating that "[t]he Court may, in its discretion,

5

treat as effective a tardy election to opt out. In exercising its discretion, the court should consider the reasons for the delay, whether there was excusable neglect, and whether prejudice resulted.")

*In re: Terazosin Hydrochloride Antitrust Litigation*, 18 Fla. L. Weekly Fed. D690a (S.D. Fla. July 8, 2005); *In re The Prudential Insurance Company of America Sales Practices Litigation*, 177 F.R.D. 216, 231 (D.N.J. 1997); *In re Diet Drugs Litigation*, 282 F.3d 220, 241-242 (3d Cir. 2002).

The class member bears the burden of making a "clear showing" of excusable neglect. *Id.*; *Grilli v. Metro. Life Ins. Co., Inc.*, 78 F.3d 1533, 1538 (11th Cir. 1996) (finding no abuse of discretion in the district court's refusal to allow late opt-outs in the absence of a clear showing of excusable neglect). As established by the pertinent facts set forth below, excusable neglect does not exist under these circumstances.


## II.    PERTINENT FACTS

**The Class Settlement, Preliminary Approval, and Class Notice**

This action was brought as a class action against Nationwide Insurance by a putative class medical providers and insureds with personal injury protection ("PIP") coverage provided pursuant to § 627.736, Florida Statutes. The action asserted claims based upon the alleged failure to pay in full the amounts billed for health care benefits and submitted to Nationwide Insurance for payment.

On March 31, 2005, the Court entered an Order of Preliminary Approval. In that Order, the Court preliminarily certified this action to proceed as a class action for settlement purposes only, preliminarily approved the class representatives and class counsel, and established a notice procedure. As discussed in more detail below, the Court also established a procedure by which class members could opt out of the settlement class . (Order of Preliminary Approval ¶¶ 11-12).

The Court further entered a Stay Order, preliminarily enjoining class members from initiating proceedings against Nationwide Insurance and tolling the time for Nationwide Insurance to respond to demands for payment made pursuant to § 627.736(11). (*Id.* ¶¶ 14-15).

On April 29, 2005, the Notice of Pendency of Class Action, Proposed Settlement And Hearing (the "Class Notice") was sent to class members as directed and approved by the Court. The Class Notice summarized the terms of the settlement and explained class members' rights and obligations. It specifically directed class members how to opt out of the settlement as discussed below.

**Opt Out Rights and Procedures**

In its Order of Preliminary Approval, the Court set forth the right and procedures for class members to validly opt out of the settlement class consistent with Federal Rule of Civil Procedure 23(b)(3) . The Court further advised that failure to properly opt out would result in class members being bound by the Settlement Agreement and the Final Judgment. (Order of Preliminary Approval ¶¶ 11-12).

The Class Notice, in Section 7, advised class members of the proper procedure to opt out of the class consistent with Rule 23(c)(2)(B)[2] and the Order of Preliminary Approval, as follows:

> **7.   WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?**
>
> If you do **not** want to be a member of the Settlement Class and participate in the Settlement, then **BY NO LATER THAN JUNE 13, 2005**, you must send a signed statement indicating that you are electing to opt out of the Settlement. The statement must also include your name, address, telephone number and social security or federal tax identification number. If the election to opt out is being submitted by or on behalf of a business or entity, the signed statement must include the full name of the entity, the address of the entity, and the name and

---

[2]  Rule 23(c)(2)(B) provides that the notice shall state "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded."

7

title of the person filing the election on the entity's behalf.  Your complete signed election to opt out must be mailed, with sufficient postage prepaid, to the Settlement Administrator addressed as follows:

Settlement Administrator
P. O. Box 370
Philadelphia, PA  19105-0370

**TO BE TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR COMPLETED SIGNED ELECTION TO OPT OUT MUST BE POSTMARKED BY NO LATER THAN JUNE 13, 2005. IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT, INCLUDING THE RELEASE AND DISMISSAL WITH PREJUDICE DESCRIBED ABOVE.**

If you choose to opt out of the Settlement and the Settlement Class, you will not be entitled to object to the Settlement or to receive any benefits of the Settlement, including any Settlement Payment from the Settlement Fund.  You will not be bound by any orders or judgments entered in the Action if the Settlement is approved and will be free to pursue any claims that you believe you have against Nationwide Insurance.

Thus, all class members had to do was submit the simple written statements containing essential identifying information to the Settlement Administrator with a postmark not later than June 13, 2005.

**The Stay Order and Demands Under § 627.736(10)**

The Order of Preliminary Approval included a Stay Order, temporarily enjoining the initiation of lawsuits or other proceedings by members of the preliminarily certified class until June 18, 2005, which was five days after the Opt Out and Objection Deadline:

14.    Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or other wise) any lawsuit, claim, demand or proceeding in any state or federal court or other forum against Nationwide Insurance seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs, or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual

8

claims in connection therewith) or any contract or declaratory judgment action arising out of a PIP policy issued by Nationwide Insurance (the "Stay Order"). **The statute of limitations and all other time limits, including without limitation any time limits to pay or otherwise respond to notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida statutes, shall be tolled during this injunction period.**

      15.    The Stay Order shall expire five days after the Opt Out and Objection Deadline as to any Class Member that submits a timely and complete election to opt out of the Settlement on or before the Opt Out and Objection Deadline.

(Order of Preliminary Approval ¶¶ 14-15) (emphasis supplied).

As indicated in the bolded text above, the Stay Order also tolled the time for Nationwide Insurance to respond to notices of intent to initiate litigation under Chapter 627. This preserved an important protection provided insurers under Subsection 11 of § 627.736. Subsection 11 provides that "[a]s a condition precedent filing any action for benefits under this section, the insurer must be provided with written notice of an intent to initiate litigation." It further specifies the required contents of such a notice (a/k/a demand letter). The insurer is then provided 15 days from receipt to respond to the notice. Payment of the disputed amount, together with interest and a penalty, precludes filing of a lawsuit as well as recovery of attorneys' fees by the claimant.

Because the preliminarily approved settlement would resolve claims of class members who chose to remain in the class, this tolling provision in the Stay Order allowed Class Members the opportunity to receive notice and evaluate whether or not to remain in the class, without prejudicing their limitations periods or Nationwide Insurance's rights under Chapter 627.

For demands received from the date of preliminary approval through final approval, Nationwide Insurance responded to demands with a letter quoting the terms of the Stay Order

above and providing information to contact class counsel.[3]  Nationwide Insurance also received a report of opt outs from the Settlement Administrator at the expiration of the opt out deadline. Nationwide Insurance thereafter responded in accordance with Chapter 627 to notices submitted by former class members identified on the Settlement Administrator's opt out list who were no longer subject to the Stay Order or class settlement.

**The Fairness Hearing, Opt Out List, and Final Judgment**

On August 11, 2005, the Settlement Administrator's Report was filed in preparation for the fairness hearing.  The Settlement Administrator's Report indicated that the Settlement Administrator received 493 requests to opt out.  It also included as Exhibit "B" a "list of those persons and entities from whom a request to opt out was received through August 4, 2005, indicating the postmark date and receipt date (the applicable deadline required a postmark of June 13, 2005 or earlier) (Settlement Administrator's Report, ¶¶ 15-17).

On August 15, 2005, the Court held a fairness hearing as scheduled in its Order of Preliminary Approval and as published in the Class Notice.  No objections were filed and no class member made an appearance.  In particular, none of the Lazega Claimants nor the Lazega firm appeared at the hearing to request or confirm their opt out status.

On August 16, 2005, the Court entered its Final Approval Order and Judgment, which finally certified the proposed settlement class, approved a proposed class-wide settlement, dismissed with prejudice claims of class members, and enjoined class members from prosecuting independent actions concerning released claims against Nationwide Insurance.

The Final Judgment expressly adopts as valid only the list of opt outs submitted by the

---

[3] Representative samples of this letter is attached hereto as Exhibit "C" and discussed in more detail on pg. 14, infra.

independent settlement administrator and excepts only those persons or entities from the Final

Judgment:

> 10.    The Court hereby approves as valid the timely submitted requests for exclusion of the Class Members as listed in Exhibit B to the Settlement Administrator's Report And Affidavit of Edward J. Sincavage (DE 1101), and finds that those Class Members are not bound by any terms of this Final Approval Order and Judgment or the Settlement Agreement and shall not be entitled to participate in the proceeds of the Settlement or receive any benefits under it.

> 11.    This Final Approval Order and Judgment, and the terms and conditions of the Settlement Agreement, shall be binding on all Class Members (excluding those Class Members who timely submitted valid requests for exclusion as listed in Exhibit B to the aforementioned Settlement Administrator Report and Affidavit of Edward J. Sincavage). . . .

> 12.    All Class Members (excluding those Class Members who timely submitted valid requests for exclusion as listed in Exhibit B to the aforementioned Settlement Administrator Report And Affidavit of Edward J. Sincavage), are hereby barred and permanently enjoined from asserting any of the Released Claims against Nationwide Insurance in any court or forum whatsoever . . .

(Final Judgment ¶¶ 10-12).  This is consistent with the requirement of Rule 23(c)(3) that requires

a final judgment to identify who has been excluded from the class.[4]

As set forth in more detail below, apparently all class members who wished to opt out

followed the Court's simple procedure, except for the Lazega Claimants.  As a result, Nationwide

Insurance - who had no notice of the defective opt outs - properly treated the Lazega Claimants

as class members.

---

[4] *See* note 1, supra.

III.    **THE LAZEGA CLAIMANTS DID NOT PROPERLY OPT OUT AND CANNOT ESTABLISH EXCUSABLE NEGLECT.**

**The Lazega Claimants Did Not Properly Opt Out**

The Lazega Claimants, like the other class members, were mailed the Class Notice on April 29, 2005 in compliance with the Order of Preliminary Approval. They were provided until June 13, 2005 - roughly 45 days - to send a properly completed opt out to the Settlement Administrator. Rather than following the simple directive of the Court as set forth in the Class Notice, the Lazega Claimants (and their counsel) chose to follow their own defective procedure.

The first notice is attached hereto as Exhibit "A" and is also DE 1074 in the consolidated actions. It lists Coastal Medical and Atlantic Medical (the plaintiffs in the filed small claims actions), along with four other entities.[5] The notice also obliquely purports to apply to "any and all corporations, d/b/a's, business entities, or tax I.D.'s this provider ever had an ownership interest in." Contrary to the Court's directive, it is not signed by an authorized person identified by name and title and does not provide each entity's address.

Most importantly, the notice was not sent to the Settlement Administrator as directed in the Class Notice. Rather, it was filed in the consolidated actions a day after the opt out deadline had expired. The notice indicates that it was also mailed to counsel for the class, Zebersky & Payne, LLP and Kopelman & Blankman, P.A. on June 13, 2005.[6] Although these Lazega Claimants apparently attempted to effect their opt out by filing, they did not serve any other counsel of record (most notably, counsel for Nationwide Insurance). As a result, neither the

---

[5] South Boca Imaging Center, Diagnostic Clinical Imaging, Inc., Diagnostic Clinical Testing, Inc., and Multi-Tech Diagnostic Technologies, Inc.

[6] A copy of the Notice provided by the Law Office of Russel Lazega, P.A. is not consistent with the notice on file with the Court. It reflects instead that the Notice was mailed, not hand delivered, to the Clerk of Court.

12

Settlement Administrator nor Nationwide Insurance received notice of the purported opt out.

The second notice was even more problematic than the first. A copy of the second notice is attached hereto as Exhibit "B" and is also DE 1075 in the consolidated actions. Like the first notice, it purports to apply to unidentified entities, is not signed by an authorized person identified by name and title and does not provide an address for any listed entity. However, rather than listing six entities, the second notice defectively lists *sixty-six* entities as purported opt outs.

Also like the first notice, the second notice was not sent to the Settlement Administrator or counsel for Nationwide Insurance. Rather, it was filed in the consolidated proceeding on June 14, a day after the opt out deadline. Unlike the first notice, the second notice is undated and there is no indication what day this notice was purportedly mailed to counsel for the class.

Because they did not comply with the procedures directed by the Court in the Class Notice, the Lazega Claimants were not on the opt out list adopted by the Court in its Final Judgment. They are therefore subject to the Final Judgment and its permanent injunction - unless and until they are provided relief from the Final Judgment from the Court. As established in this section and below, their omission occurred due to their failure to comply with the Court's opt out procedures and without excusable neglect.

**The Lazega Claimants Cannot Establish Excusable Neglect**

The Lazega Claimants should not be provided relief from the Final Judgment because they cannot demonstrate excusable neglect.

As established above, the Lazega Claimant's own conduct resulted in their omission from the Final Judgment's opt out list. They did not follow the Court's procedure to provide notice to the Settlement Administrator. The Court's procedure was simple and apparently followed by all

13

other class members who wished to opt out.  Instead, the Lazega Claimants followed their own procedure by making a belated filing directly with the Court.  A number of other opt out class members made filings with the Court, but every one of them timely sent a copy to the Settlement Administrator.  Accordingly, every one of them is on the Final Judgment's opt out list.  As also established above, the Lazega Claimant filings were further defective in content.

Moreover, the Lazega Claimants waited until the very last moment to attempt to make their defective opt out.  This resulted in their filing being a day late.  In the *Terazosin Hydrochloride* decision, the court rejected opt outs that were received late by the settlement administrator because the claimants waited until near the deadline and therefore assumed the risk of late delivery.  18 Fla. L. Weekly Fed. D690a (S.D. Fla. July 8, 2005).  In this case, the parties eliminated the delivery risk for class members by simply requiring that the statement be postmarked to the Settlement Administrator by the deadline.  Despite this easier standard, the Lazega Claimants inexcusably did not send their purported opt out to the Settlement Administrator - timely or untimely.

The Lazega Claimants also took no action to confirm their status as valid opt outs.  They did not follow up with a corrected opt out.  Nor did they follow up with the Settlement Administrator or any parties to verify their status.  Moreover, they were on notice of the fairness hearing and made no appearance to request or confirm acceptance of their filing as an opt out.

The conduct of the Lazega Claimants is especially surprising because they continued to send notices of intent to initiate litigation to Nationwide Insurance, and were sent responses that would have indicated that Nationwide Insurance considered them class members subject to the

Court's Orders.[7]  Nationwide Insurance has identified no attempt by the Lazega law firm or any Lazega Claimant to clarify its status.

Rather than attempting to clarify their status as class members, certain of the Lazega Claimants began to submit a multitude of notices of intent to initiate litigation.  This had the result that Nationwide Insurance treated these as class member submissions, and therefore did not respond to them under Chapter 627, except to advise them that their claims were a part of the class settlement.  The Lazega law firm has now filed at least four small claims lawsuits in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida based upon these demands:

| Name and Case No. | Date Filed | PIP Benefits Sought |
|---|---|---|
| Coastal Medical Orthopedic Services (assignee of Federic, Verona) v. Nationwide Assurance Company, Case No. 05-05787 SP COSO (60) | 7/18/05 | $34.40 |
| Atlantic Medical Concepts, Inc., (assignee of McKissack, Nora) v. Nationwide Assurance Company, Case No. 05-05012 SP COSO (62) | 6/21/05 | $101.80 |
| Coastal Medical Orthopedic Services (assignee of Graindor, Georges) v. Nationwide Assurance Company, Case No. 05-05450 SP COSO (62) | 6/23/05 | $37.32 |
| Coastal Medical Orthopedic Services (assignee of Joseph, Joanes) v. Nationwide Assurance Company, Case No. 05-06547 SP COSO (62) | 8/15/05 | $231.02 |

Coastal Medical, the plaintiff in three of these actions, has been dissolved since December 2001 according to the on-line records of the Florida Department of State.  Each of these lawsuits seeks recovery from Nationwide Insurance of PIP health care benefits within the Class Period and is

---

[7]  *See* Nationwide Insurance response letters to demands from Coastal Medical c/o the Lazega firm, which are attached hereto as Exhibit "C."

therefore subject to the Final Judgment. As indicated above, the amount in dispute for each lawsuit is minimal. However, the plaintiffs also seek recovery of attorneys' fees in each lawsuit, which amounts would be exponentially greater than the amount in dispute.

## IV.    NATIONWIDE INSURANCE WOULD BE SEVERELY PREJUDICED IF THE LAZEGA CLAIMANTS' DEFECTIVE OPT OUTS ARE TREATED AS VALID

Nationwide Insurance first became aware of the Lazega Claimants' purported opt outs as a result of one of these lawsuits. Coastal Medical filed a small claims action on July 18, 2005, but it was not served until August 25, 2005. Once this action came to the attention of Nationwide Insurance's counsel in this matter a few days before the pre-trial on September 19, 2005, counsel for Nationwide Insurance tried to contact counsel from the Lazega law firm and received no response. Accordingly, counsel attended the pre-trial and filed a motion to dismiss based upon the Final Judgment - which included as exhibits the Final Judgment and the Settlement Administrator's Report (including the Opt Out list). The counsel from the Lazega law firm indicated that Coastal Medical had opted out of the class, and later that day faxed a copy of the notice attached hereto as Exhibit "A."

For reasons unknown, counsel from the Lazega law firm did not also advise counsel for Nationwide Insurance of the other purported notice filing for *sixty-six* additional entities. This notice was obtained when counsel for Nationwide Insurance reviewed the court file for the consolidated actions to identify any other purported opt out filings of which it did not receive notice.

As a result of the Lazega Claimants' failure to properly opt out, and compounded by their other failures to advise Nationwide or its counsel, Nationwide Insurance was deprived of the opportunity to analyze and respond to notices of intent to initiate litigation as provided under § 627.736(11) and as preserved by the Court in the Order of Preliminary Approval. The Lazega

16

Claimants now seek to profit from their improper conduct to Nationwide's prejudice. They continue to prosecute claims for attorneys' fees in at least four lawsuits. Moreover, they apparently submitted numerous additional notices of intent to initiate litigation during the relevant period. Nationwide Insurance is trying to identify and collect these demands, and believes the total count will range between 60 to 100 such demands. Believing (correctly) that these entities were class members, Nationwide Insurance treated them as subject to the settlement. If the improper opt outs are deemed valid, then Nationwide Insurance will be subject to a flood of lawsuits (with attorneys' fees claims), while being deprived of its rights to avoid such litigation under § 627.736(11).

Nationwide Insurance has been further prejudiced because it has had to retain counsel to defend the four filed actions. Nationwide Insurance has been forced to attend separate pre-trial hearings, file separate motions to dismiss or abate, and schedule separate hearings on each motion. As recently as November 8, 2005, Coastal Medical has propounded discovery upon Nationwide Insurance on the Frederic claim, indicating that its counsel fully intends to proceed without first receiving a ruling from this Court. Nationwide Insurance is now forced to make this motion to the Court because the Lazega Claimants apparently believe that they can simply unilaterally choose to ignore the Court's Final Judgment.

## V.    CONCLUSION

The Lazega Claimant's conduct cannot be countenanced or rewarded. Coastal Medical, Atlantic Medical, and the Lazega law firm have continued to prosecute actions despite being indisputably subject to the Final Judgment and the Court's injunction. They have not sought relief from the Court. Even if they seek such relief from the Court in response to this motion,

such relief would not be warranted. There is no excusable neglect and Nationwide Insurance has been prejudiced by their defective opt outs and subsequent failures to disclose.

Nationwide Insurance therefore requests the Court to enter a specific order enjoining Lazega Claimants and the Lazega law firm from continuing to prosecute the four identified lawsuits or any other lawsuits, and further awarding Nationwide Insurance its attorneys' fees and expenses for defending the pending lawsuits and for bringing this motion against Coastal Medical, Atlantic Medical, and the Lazega law firm.

FOWLER WHITE BOGGS BANKER P.A.
120 South Olive Avenue, Suite 600
West Palm Beach, FL 34401
*Attorneys for Nationwide Insurance*

By: _____/S/  [via E-File]_____.
John P. Marino, FBN 814539
Edward K. Cottrell, FBN 0013579
Joshua A. Payne, FBN 122378

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above has been furnished by U.S. mail to the individuals identified on the attached Service List and to Christopher M. Tuccitto, Esq., The Law Office of Russel Lazega, 13499 Biscayne Boulevard, Suite 107, North Miami, Florida 33181, this 18th day of November, 2005.

    /S/              .
Attorney

#2377849

# SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
elee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 East Las Olas Boulevard , #980
Fort Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

Counsel for:

**Allstate, Fidelity and Casualty, Continental, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Post Office Box 1873
Orlando, FL 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MCGUIREWOODS LLP
Peter J. Valeta, Esq.
pvaleta@mcguirewoods.com
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1815
(312) 750-3619
(312) 920-7241 Facsimile

**Counsel for Beech Street & ADP**

TEW, CARDENAS, LLP
Joseph A. DeMaria, Esq.
(305)539-2495
jad@tewlaw.com
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
(305) 536-1112
(305) 536-1116 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

20

**Counsel for CCN**

KENNEY NACHWALTER SEYMOUR
ARNOLD CRITCHLOW & SPECTOR, P.A.
Richard H. Critchlow, Esq.
Robert D.W. Landon, III, Esq.
rlando@knsacs.com
201 South Biscayne Blvd., Suite 1100
Miami, FL 33131
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Nationwide**

FOWLER WHITE BANKER BOGGS P.A.
John P. Marino, Esq.
jmarino@fowlerwhite.com
50 North Laura Street, Suite 2200
Jacksonville, FL  32202
(904) 598-3100
(904) 598-3131 Facsimile


**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Robert K. Levenson, Esq.
rlevenson@hklaw.com
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for Liberty Mutual**

AKERMAN, SENTERFITT
Nina Brown, Esq.
Mark Shapiro, Esq.
msharpiro@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for American International Hartford, Metropolitan, Integon**

AKERMAN, SENTERFITT
Marcy Levine Aldrich, Esq.
Scott Cosgrove, Esq.
maldrich@akerman.com
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Metropolitan**

SONNENSCHEIN, NATH &
ROSENTHAL
Jeffrey P. Lennard, Esq.
jpl@sonnenschein.com
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
(312) 876-7934

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for Prudential**

BUTLER BURNETTE PAPPAS
Kathy J. Maus, Esq.
kmaus@bbplaw.com
Lauren D. Levy, Esq.
llevy@bbplaw.com
3600 Maclay Blvd, Suite 101
Tallahassee, FL 32312
(850) 894-4111
(850) 894-4999 Facsimile

GOODWIN PROCTER LLP
John D. Aldock, Esq.
jaldock@sheagardner.com
Michael Isenman, Esq.
misenman@sheagardner.com
901 New York Avenue, NW
Washington, D.C. 20001
(202) 346-4000
(202) 346-4444 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL,
P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

22

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ JC _____ DKT

05 JUN 14 PM 2: 54

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

CASE NO.: 01-8108-CV
00-6061-CV- zloch

SALVATORE D. LARUSSO, D.C., et al.
v.
NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.

_____/

### NOTICE OF EXCLUSION FROM CLASS ACTION

South Boca Imaging Center, tax ID# 65-1073813
**Atlantic Medical Concepts, tax ID #650865119**
**Coastal Medical Orthopedic Services, tax ID #650831767**
**Diagnostic Clinical Imaging, Inc., tax ID #651051440**
**Diagnostic Clinical Testing, Inc., tax ID #650623940**
**Multi-Tech Diagnostic Technologies, Inc., tax ID #650752512**

The provider(s) whose name appears above files this notice of intent to be excluded

from the Plaintiff class in the Salvatore D. LaRusso, D.C., et al. v. Nationwide Mutual Insurance

Company, et al., 01-8108-CV, 00-6061-CV class action settlement. This notice shall be effective

as to any and all corporations, d/b/a's, business entities, or tax I.D.'s this provider has ever had

an ownership interest in.

I HEREBY CERTIFY that the original of the foregoing was delivered via hand

delivery to the **Clerk of the Court, 301 North Miami Avenue, Miami, Florida 33128** and a

true and correct copy of the foregoing has been mailed to the following list of counsel:

1074
D

1

**EXHIBIT A**

Edward Zebersky, Esq.
Zebersky & Payne, LLP
4000 Hollywood Boulevard
Suite 400N
Hollywood, FL 33021-6789

06/13/05
Date

Larry Kopelman, Esq.
Kopelman & Blankman, PA
350 East Las Olas Boulevard
#980
Fort Lauderdale, FL 33301

Authorized Signature

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY JC OKT

05 JUN 14 PM 2:54

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI

CASE NO.: 01-8108-CV
00-6061-CV- Zloch

SALVATORE D. LARUSSO, D.C., et al.
v.
NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.
_____/

### NOTICE OF EXCLUSION FROM CLASS ACTION

| | |
|---|---|
| Accident & Injury Rehab Center, Lakeland / Accident & Injury Recovery Center, Lakeland | tax ID #020541968 |
| All Care Health & Wellness Centers, P.A. | tax ID #650159415 |
| Altamonte Springs Imaging, L.C. | tax ID #593572096 |
| Americana Chiropractic Center, Inc. | tax ID #201536864 |
| Associates In Trauma, Inc. | tax ID #650635143 |
| Be Well Therapy Center, Inc. | tax ID #861090329 |
| Biscayne Chiropractic Center, Inc. | tax ID #650042542 |
| Boynton Beach Pain & Rehabilitation, Inc. | tax ID #141918161 |
| Brian M. Silver, D.C., P.A. | tax ID #650326208 |
| Broward Rehab Center, Inc. | tax ID #593322692 |
| Broward Spine Associates | tax ID #65-0633355 |
| Care Plus Injury Rehabilitation Center, Inc. | tax ID #650374847 |
| Cloverleaf Chiropractic Clinic | tax ID #65-0417452 |
| Coral Springs Physicians Associates, Inc. | tax ID #650628828 |
| County Line Chiropractic Center, Inc. | tax ID #650809221 |
| Craig B. August, D.C., P.A. | tax ID #650316801 |
| Dade Injury Rehabilitation, Inc. | tax ID #650858114 |
| David E. Yachter, D.C., P.A. | tax ID #650520815 |
| Del Grosso Chiropractic, P.A. | tax ID #043665988 |
| Eliot Corvin, P.A. | tax ID #650904465 |
| Fidel S. Goldson, D.C., P.A. | tax ID #650387194 |
| Fountain Imaging of North Miami Beach L.L.C. | tax ID #651114111 |
| G & H Medical Group, Inc. | tax ID #200634316 |
| General Testing and Diagnostic Center | tax ID #651003201 |
| General Therapy Center, Inc. | tax ID #010565595 |
| Global Rehab Center, Inc. | tax ID #651022569 |
| H.C. Brass, T.J. Singer, P.A. | tax ID #650791181 |
| Hialeah Open MRI, Inc. | tax ID #651041932 |

1075
D

1

**EXHIBIT B**

| Provider | Tax ID |
|---|---|
| Hollywood Injury Rehab Center, Inc. | tax ID #650789337 |
| Ideal Rehabilitation Center, Inc. | tax ID #650962947 |
| Indian Trace Chiropractic Center, Inc. | tax ID #593223911 |
| Injuries Rehab Center, Inc. | tax ID #651014210 |
| Kam Habibi, D.C., P.A. | tax ID #650875255 |
| Mandell Chiropractic Centre, Inc. | tax ID #592767119 |
| Marc Weinberg, D.C., P.A. | tax ID #650599878 |
| Medscan Diagnostics & Imaging, Inc. | tax ID #650662562 |
| Metro Health Center, Inc. | tax ID #650860373 |
| Metro Injury Rehab Center, Inc. | tax ID #043699975 |
| Miami Shores Pain Relief Center, P.A. | tax ID #650705408 |
| Michael L. Douglas, D.C., P.A. | tax ID #650341218 |
| Mid Florida Imaging Centers, L.C. | tax ID #593696541 |
| Naples Injury Center, Inc. | tax ID #11368851 |
| Nile R. Lestrange, M.D., P.A. | tax ID #591269793 |
| Open MRI of Miami-Dade, LTD | tax ID #270015050 |
| Partners In Health Chiropractic Center, Inc. | tax ID #59650915982 |
| Physiatric Pain and Medical Rehabilitation Clinic, P.A. | tax ID #200642692 |
| Physical Medicine Group, L.L.C. | tax ID #593710858 |
| Pines Total Health Center, Inc. | tax ID #522367002 |
| Progress Rehabilitation, Inc. | tax ID #650999127 |
| R. J. Trapana, M.D., P.A. | tax ID #591960776 |
| Rainforest Rehabilitation, Inc. | tax ID #650984108 |
| Sabal Palm Chiropractic and Injury Center, Inc. | tax ID #650599878 |
| Silver Chiropractic Centre, Inc. | tax ID #650326208 |
| South Florida Pain and Rehabilitation, P.A. | tax ID #651127214 |
| South Florida Pain and Rehab, West Broward | tax ID #342024375 |
| Stat Diagnostic Imaging Inc. | tax ID #030467419 |
| Stat Technologies, Inc. | tax ID #650315881 |
| Stephen B. Bittiker, D.C., P.A. | tax ID # 592065328 |
| Steven D. Gelbard, M.D., P.A. | tax ID #650374191 |
| South Florida Chiropractic Centres, Inc. | tax ID #650897913 |
| Third Avenue Chiropractic Center, Inc. | tax ID #650155765 |
| Universal Health Technologies, Inc. | tax ID #650485728 |
| Universal X-Ray Corporation | tax ID #650835356 |
| United Health & Rehabilitation Center, Inc. | tax ID #542134924 |
| West Dixie Chiropractic Center, Inc. | tax ID #651097789 |
| Wide Open MRI, Inc. | tax ID #651152350 |

The undersigned attorney, on behalf of the provider(s) whose name appears above files

this notice of intent to be excluded from the Plaintiff class in the <u>Salvatore D. LaRusso, D.C.,</u> et

2

al. v. Nationwide Mutual Insurance Company, et al., 01-8108-CV, 00-6061-CV class action

settlement. This notice shall be effective as to any and all corporations, d/b/a's, business entities,

or tax I.D.'s this provider has ever had an ownership interest in.

I HEREBY CERTIFY that the original of the foregoing was delivered via hand

delivery to the **Clerk of the Court, 301 North Miami Avenue, Miami, Florida 33128** and a

true and correct copy of the foregoing has been mailed to the following list of counsel:

| | |
|---|---|
| Edward Zebersky, Esq. | Larry Kopelman, Esq. |
| Zebersky & Payne, LLP | Kopelman & Blankman, PA |
| 4000 Hollywood Boulevard | 350 East Las Olas Boulevard |
| Suite 400N | #980 |
| Hollywood, FL 33021-6789 | Fort Lauderdale, FL 33301 |

Respectfully Submitted,
Law Office of Russel Lazega, P.A.
13499 Biscayne Boulevard, Suite 107
North Miami, Florida 33181
(305) 981-9055 telephone
(305) 981-9053 facsimile

Christopher M. Tuccitto, Esq.
Florida Bar # 0168297

3



3300 Williston Road (FL-01-08)  * Gainesville, FL  32608  * *

June 14, 2005

FAX: 305-981-9053
Coastal Medical Orthopedic Services
C/o LAW OFFICE OF RUSSEL LAZEGA
13499 BISCAYNE BLVD  STE 107
NORTH MIAMI, FL  33181

**OUR INSURED :** Georges Graindor
**OUR CLAIM NUMBER :** 77 09 7  319667 08102001 41
**DATE OF LOSS :** 08-10-2001

PATIENT: Georges Graindor          DOB:  02-16-1952
REFERENCE:  DOS 09-20-01

Dear Attorney or Provider:

This will acknowledge receipt of your demand letter dated 06-06-05, which was received by
Nationwide on 06-14-05.

A careful review of the demand and/or claim reveals the following:

⊠   Please see the attached letter in regard to DOS 09-20-01.

⊠   You have requested that we provide a copy of all Explanation of Benefits (EOBs) generated
in connection with your client. Please see attached.

Should you have any questions, please do not hesitate to contact me at 352/384-4581.

Sincerely,

NATIONWIDE ASSURANCE
Michael Pittman
Claims Department
(352)384-4581

**EXHIBIT C**

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure,
defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or
misleading information is guilty of a felony of the third degree."



3300 Williston Road (FL-01-08) * Gainesville, FL 32608 * *

June 14, 2005

FAX: 305-981-9053
Coastal medical Orthopedic Services
C/o LAW OFFICE OF RUSSEL LAZEGA
13499 BISCAYNE BLVD  STE 107
NORTH MIAMI, FL  33181

**OUR INSURED :** Georges Graindor
**OUR CLAIM NUMBER :** 77 09 7  319667 08102001 41
**DATE OF LOSS :** 08-10-2001

Re:    Notice of Intent to Initiate Litigation dated 06-06-05, 2005 which was received on 06-09-05, regarding:

Patient: Georges Graindor
Date(s) of Service: 09-20-01, CPT 99244

Dear Attorney, Insured, or Provider:

NATIONWIDE ASSURANCE has received the above-referenced notice of intent to initiate litigation.  Please be advised that the United State District Court for the Southern District of Florida (the "Court") has preliminarily certified a settlement class and preliminarily approved a proposed settlement in *Salvatore D. LaRusso, D.C., et al. v. Nationwide Mutual Insurance Company, et al.,* Civil Action No. 01-8108-CV (part of Consolidated Case No. 00-6061-CV (the "Action").

NATIONWIDE ASSURANCE records indicate that  you are a member of the settlement class that has been preliminarily certified.

Paragraphs 14 and 15 of the Court's March 31, 2005, Order of Preliminary Approval ("Preliminary Approval Order") in the Action provide:

14. Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any state or federal court or other forum against Nationwide Insurance seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."



(including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out or a PIP policy issued by Nationwide Insurance (the "Stay Order"). The statute of limitations and all other time limits, including without limitation any time limits to pay or otherwise respond to notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida Statutes, shall be tolled during this injunction period.

15. The Stay Order shall expire five days after the Opt Out and Objection Deadline as to any Class Member that submits a timely and complete election to opt out of the Settlement on or before the Opt Out and Objection Deadline.

NATIONWIDE ASSURANCE is one of the entities defined as Nationwide Insurance in the Court's Preliminary Approval Order. Notice of the proposed settlement of the Action is being provided in accordance with the Court's Preliminary Approval Order.

The Opt Out and Objection Deadline referenced in the Stay Order quoted above is June 13, 2005, which date is set forth in the Notice to class members.

Counsel for the settlement class preliminarily certified by the Court include:

> Edward Zebersky, Esq.
> Zebersky & Payne, LLP
> 4000 Hollywood Boulevard
> Suite 400N
> Hollywood, FL  33021-6789
>
> Larry Kopelman, Esq.
> Kopelman & Blankman, P.A.
> 350 East Las Olas Boulevard, #980
> Ft. Lauderdale, FL  33301

Please direct any inquiries to counsel for the settlement class.

Thank you for your attention to this matter.

Sincerely,


NATIONWIDE ASSURANCE
Michael Pittman
Claims Department
(352)384-4581


NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."



3300 Williston Road (FL-01-08)  * Gainesville, FL  32608  * *

June 15, 2005

FAX: 305-981-9053
Coastal Medical Orthopedic
C/o LAW OFFICE OF RUSSEL LAZEGA
13499 BISCAYNE BLVD  STE 107
NORTH MIAMI, FL  33181

**OUR INSURED :** Verona Frederic
**OUR CLAIM NUMBER :** 77 09 P  304152 06232001 01
**DATE OF LOSS :** 06-23-2001

PATIENT: Verona Frederic        DOB: 02-15-1964
REFERENCE:  DOS 07-12-01

Dear Attorney or Provider:

This will acknowledge receipt of your demand letter dated 06-06-05, which was received by Nationwide on 06-09-05.

The claim has been carefully reviewed and the following payment will be forthcoming under separate cover, through U.S. mail no later than  06-23-05.

| Date(s) of Service: | CPT code(s): |
|---|---|
| 07-12-01 | 99070 |

| Coverage available: | ☐☑ PIP only | ☐ MP only | ☐ PIP and MP |
|---|---|---|---|

| Amount Allowed by Nationwide: $35.00 |
|---|
| **Paid Amount : $28.00** |
| **Interest:  $0.00 SEE BELOW** |
| **Penalty:  $0.00 SEE BELOW** |
| **Postage:  $0.00 SEE BELOW** |
| **TOTAL PAYMENT: $28.00** |

| PAYABLE TO: LAW OFFICE OF RUSSEL LAZEGA |
|---|
| **Interest: $7.74** |
| **Penalty: $2.80** |
| **Postage: $4.65** |
| **TOTAL PAYMENT: $15.19** |

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."



In addition, a careful review of the demand and/or claim reveals the following:

☒   Please see the attached letter in regard to DOS 07-12-01, CPT code 99244,

☒   You have requested that we provide a copy of all Explanation of Benefits (EOBs) generated in connection with your client and this demand. Please see the attached copy of the original EOB.

Please be advised that Nationwide has tendered payment based upon the allowable and lawful amounts submitted, in compliance with Fla. Stat. §627.736(4)(b). Should you dispute the amount tendered by Nationwide, please be advised that an accord and satisfaction defense will not be raised. However, this correspondence in no way waives any other defenses available to Nationwide.

Should you have any questions, please do not hesitate to contact me at 352/384-4581.

Sincerely,


NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY
Michael Pittman
Claims Department
(352)384-4581


NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."



3300 Williston Road (FL-01-08) * Gainesville, FL 32608 * *

June 15, 2005

FAX: 305-981-9053
Coastal Medical Orthopedic
C/o LAW OFFICE OF RUSSEL LAZEGA
13499 BISCAYNE BLVD  STE 107
NORTH MIAMI, FL  33181

**OUR INSURED :** Verona Frederic
**OUR CLAIM NUMBER :** 77 09 P  304152 06232001 01
**DATE OF LOSS :** 06-23-2001

Re:    Notice of Intent to Initiate Litigation dated 06-06-05, 2005 which was received on 06-09-05, regarding:

    Patient: Verona Frederic
    Date(s) of Service: 07-12-01 CPT 99244

Dear Attorney, Insured, or Provider:

NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY has received the above-referenced notice of intent to initiate litigation.  Please be advised that the United State District Court for the Southern District of Florida (the "Court") has preliminarily certified a settlement class and preliminarily approved a proposed settlement in *Salvatore D. LaRusso, D.C., et al. v. Nationwide Mutual Insurance Company, et al.,* Civil Action No. 01-8108-CV (part of Consolidated Case No. 00-6061-CV (the "Action").

NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY records indicate that you are a member of the settlement class that has been preliminarily certified.

Paragraphs 14 and 15 of the Court's March 31, 2005, Order of Preliminary Approval ("Preliminary Approval Order") in the Action provide:

    14. Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any state or federal court or other forum against Nationwide Insurance seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."



(including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out or a PIP policy issued by Nationwide Insurance (the "Stay Order"). The statute of limitations and all other time limits, including without limitation any time limits to pay or otherwise respond to notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida Statutes, shall be tolled during this injunction period.

15. The Stay Order shall expire five days after the Opt Out and Objection Deadline as to any Class Member that submits a timely and complete election to opt out of the Settlement on or before the Opt Out and Objection Deadline.

NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY is one of the entities defined as Nationwide Insurance in the Court's Preliminary Approval Order. Notice of the proposed settlement of the Action is being provided in accordance with the Court's Preliminary Approval Order.

The Opt Out and Objection Deadline referenced in the Stay Order quoted above is June 13, 2005, which date is set forth in the Notice to class members.

Counsel for the settlement class preliminarily certified by the Court include:

> Edward Zebersky, Esq.
> Zebersky & Payne, LLP
> 4000 Hollywood Boulevard
> Suite 400N
> Hollywood, FL 33021-6789

> Larry Kopelman, Esq.
> Kopelman & Blankman, P.A.
> 350 East Las Olas Boulevard, #980
> Ft. Lauderdale, FL 33301

Please direct any inquiries to counsel for the settlement class.

Thank you for your attention to this matter.

Sincerely,


NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY
Michael Pittman
Claims Department
(352)384-4581

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."



3300 Williston Rd  * Gainesville, FL 32608  * *

July 8, 2005

COASTAL MEDICAL ORTHOPEDIC SERVICES
C/O LAW OFFICE OF RUSSEL LAZEGA PA
13499 BISCAYNE BLVD
STE 107
NORTH MIAMI, FL  33181
FAX: 305-981-9053

**OUR INSURED :**  Armand Saint-Gerard
**OUR CLAIM NUMBER :**  77 09 2  229237 07032001 41
**DATE OF LOSS :**  07-03-2001

PATIENT: Joanes Joseph
REFERENCE:  DOS 08/09/01 & 09/28/01

Dear Attorney:

This will acknowledge receipt of your demand letter dated 06/27/05, which was received by Nationwide on 06/30/05.

A careful review of the demand and/or claim reveals the following:

- Please see the attached Class Action letter.
- You have requested that we provide a copy of all Explanation of Benefits (EOBs) generated in connection with your client. Please see the attached EOBs.

Should you have any questions, please do not hesitate to contact me at 352/384-4992.

Sincerely,

NATIONWIDE ASSURANCE
Jennifer Farmer
Claims Department
(352)384-4992

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."



3300 Williston Rd  * Gainesville, FL 32608  * *

July 8, 2005

LAW OFFICE OF RUSSEL LAZEGA PA
13499 BISCAYNE BLVD STE 107
NORTH MIAMI, FL  33181

**OUR INSURED :** Armand Saint-Gerard
**OUR CLAIM NUMBER :** 77 09 2  229237 07032001 41
**DATE OF LOSS :** 07-03-2001

Re:    Notice of Intent to Initiate Litigation dated 06/27/05 which was received on 06/30/05, regarding:
Patient: Joanes Joseph
Provider: COASTAL MEDICAL ORTHOPEDIC SERVICES, INC
Date(s) of Service: 08/09/2001 CPT 99244, 99070; 09/28/01 CPT 99241

Dear Attorney:

Nationwide Assurance has received the above-referenced notice of intent to initiate litigation. Please be advised that the United State District Court for the Southern District of Florida (the "Court") has preliminarily certified a settlement class and preliminarily approved a proposed settlement in Salvatore D. LaRusso, D.C., et al. v. Nationwide Mutual Insurance Company, et al., Civil Action No. 01-8108-CV (part of Consolidated Case No. 00-6061-CV (the "Action").

Nationwide Assurance's  records indicate that you are a member of the settlement class that has been preliminarily certified.

Paragraphs 14 and 15 of the Court's March 31, 2005, Order of Preliminary Approval ("Preliminary Approval Order") in the Action provide:

14. Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any state or federal court or other forum against Nationwide Insurance seeking the payment of PIP benefits based on an alleged inadequate payment or underpayment from Nationwide Insurance during the Class Period, and/or the claim of interest and/or other damages, costs or attorneys' fees arising from those alleged inadequate payments or underpayments during the Class Period (including any extra contractual claims in connection therewith) or any contract or declaratory judgment action arising out or a PIP policy issued by Nationwide Insurance (the "Stay Order").  The statute of limitations and all other time limits, including without limitation any time limits to pay or otherwise respond to

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."



notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida Statutes, shall be tolled during this injunction period.

15. The Stay Order shall expire five days after the Opt Out and Objection Deadline as to any Class Member that submits a timely and complete election to opt out of the Settlement on or before the Opt Out and Objection Deadline.

Nationwide Assurance is one of the entities defined as Nationwide Insurance in the Court's Preliminary Approval Order. Notice of the proposed settlement of the Action is being provided in accordance with the Court's Preliminary Approval Order.

The Opt Out and Objection Deadline referenced in the Stay Order quoted above is June 13, 2005, which date is set forth in the Notice to class members.

Counsel for the settlement class preliminarily certified by the Court include:

Edward Zebersky, Esq.
Zebersky & Payne, LLP
4000 Hollywood Boulevard
Suite 400N
Hollywood, FL  33021-6789

Larry Kopelman, Esq.
Kopelman & Blankman, P.A.
350 East Las Olas Boulevard, #980
Ft. Lauderdale, FL  33301

Please direct any inquiries to counsel for the settlement class.

Thank you for your attention to this matter.

Sincerely,


NATIONWIDE ASSURANCE
Jennifer Farmer
Claims Department
(352)384-4992

---

NOTICE - Section 817.234, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree."