UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-ZLOCH



DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

SALVATORE D. LARUSSO, D.C., d/b/a
FAMILY CHIROPRACTIC CENTER, on
behalf of himself and
others similarly situated,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST, HARTFORD
CASUALTY INSURANCE COMPANY,
HARTFORD ACCIDENT AND
INDEMNITY COMPANY, HARTFORD
UNDERWRITERS INSURANCE
COMPANY, TWIN CITY FIRE
INSURANCE COMPANY, HARTFORD
INSURANCE COMPANY OF THE
SOUTHEAST, and HARTFORD FIRE
INSURANCE COMPANY,

    Defendants.
_____/

CASE NO. 01-8111

## FINAL APPROVAL ORDER AND JUDGMENT

    Plaintiff, Salvatore D. Larusso, D.C., d/b/a Family Chiropractic Center (hereinafter "Larusso") and the named

Defendants, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company, Hartford Accident and Indemnity Company, Hartford Underwriters Insurance Company, Twin City Fire Insurance Company, Hartford Insurance Company of the Southeast, and Hartford Fire Insurance Company (collectively "Hartford" or "Defendants"), have submitted for final approval a proposed Settlement of the above-styled class action case.

By an Order of Preliminary Approval (DE 1093) dated July 28, 2005, the Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Settlement Agreement And Stipulation (DE 1053) (hereinafter the "Settlement" or "Agreement"), subject to further consideration at the Final Settlement and Fairness Hearing conducted on December 1, 2005. In its Order Of Preliminary Approval, the Court conditionally certified the above-styled cause to proceed as a class action for settlement purposes only and temporarily certified Larusso as representative of the following class:

> Healthcare providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a Hartford PIP policy; (b) That received a valid assignment of benefits from the person(s) insured by Hartford as to such services; (c) That submitted bills for payment for such services to Hartford; (d) Which bills were reduced by Hartford based on the application of a CNN/Medview PPO reduction during the Class Period (October 1, 1996 through September 30, 2000); and (e) are identified as having been subject to a PPO reduction in Hartford's own records for the 1999-2000 time period.
>
> Excluded from the Settlement Class are: Hartford, any parent,

subsidiary, affiliate, or controlled person of Hartford, as well as the officers, directors, agents, servants, and employees of Hartford, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this Action.

The Court also ordered that the Notice Af Proposed Settlement attached as Exhibit A to the Agreement, including the Proof of Claim in substantially the form attached as Exhibit C to the Agreement, be mailed no later than August 28, 2005 by first -class mail, postage pre-paid to all potential members of the class to the extent that such Class Members can be identified with reasonable diligence.

On December 1, 2005 the Court conducted a Fairness Hearing to determine: (a) whether the proposed Settlement on the terms and conditions provided in the Agreement is fair, reasonable, and adequate and (b) whether final judgment should be entered dismissing this Action on the merits, with prejudice, and without costs, except as otherwise provided in the Agreement. All interested persons were afforded the opportunity to be heard. This Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, this Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Settlement Agreement And Stipulation (DE 1053) be and the same is hereby approved, adopted, and ratified by the Court as follows:

1. On December 1, 2005, the Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness, and adequacy of the proposed Settlement. In reaching its decision in this case, this Court considered the parties' Settlement Agreement And Stipulation, the extensive Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiff, and counsel for the Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

2. As recognized in the Order Of Preliminary Approval (DE 1093), the Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to the Hartford Defendants, a class of healthcare providers as identified above.

3. The Court hereby affirms its decision certifying the class and approving the Settlement. The Court finds that the requirements for certification of a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met.

4. In the Order Of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and

holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5. The Court also finds that the inclusion of the October 27, 2005 Memo from the Centers for Medicare and Medicaid Services with each claims payment to the Class Members, informing them of Medicare's Secondary Payer Priority Right of Recovery as outlined in the Memo satisfies the requested notice by the Department of Justice regarding this issue.

6. The Court finds that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the Plaintiff would prevail at trial; b) the range of possible recovery if the Plaintiff prevailed at trial; c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the settlement; and f) the stage of proceedings at which the settlement was achieved. See Bennet v. Behring Corp., 737 F.2d 982 (11th Cir. 1984); In re Corrugated Container Antitrust Litig., 643 F.2d 195 (5th Cir. 1981). The Court has considered the submissions of the parties,

and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiff ultimately prevailing on his claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit, in conjunction with the conflicting state court decisions in the Florida Second and Fifth Districts, the Court finds it in the best interests of the Class Members to be presented with the benefits available directly to the Class and summarized as follows:

    A.   The Settlement creates a settlement fund of $540,000.00, for Class Members to recover up to 80% of their individual damages.

    B.  The Settlement included the right to opt-out, so that any Class Member could decline to participate in the Settlement.

    C.   The Settlement provided for a Claim Dispute Resolution process involving arbitration; and

    D.   The Settlement requires that Hartford pay Class Counsel fees up to $189,000 and reasonable litigation costs and expenses up to $5,500 separate and outside of the settlement fund.

7. If the case were to proceed without settlement, the Court notes that the current appeal and possible resulting trial would be complex, lengthy and expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, Hartford has defended this action vigorously and, absent a

settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits. See Behrens v. Wometco Enters., Inc., 118 F.R.D. 534, 543 (S.D. Fla. 1988), aff'd 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount to be reserved by Hartford to pay Class Member claims is of substantial value to the Class.

8. The Court finds that there were no objections filed to the Settlement.

9. In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

10. The Court hereby approves as timely filed, the Requests for Exclusion of the Settlement Class Members referenced in the Affidavit of the Settlement Administrator (DE 1125, Ex. A), and finds that they are not bound by any terms of this Judgment and

shall not participate in the proceeds of the Settlement or receive any benefits under it.

11. This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests for Exclusion, and all such Settlement Class Members hereby release and discharge Hartford from all Released Claims as that term is defined in the Stipulation preliminarily approved by this Court in its prior Order of Preliminary Approval (DE 1093). That is, each member of the Settlement Class who has not timely and properly opted out of the Settlement Class, and his, her or its heirs, successors, trustees, executors, administrators, principals, beneficiaries, and assigns forever, hereby release and discharge Hartford and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents from any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of Larusso or the Settlement Class against Hartford which arise out of any bill submitted to Hartford during the Class Period which was reduced by the application of a PPO discount and/or are based upon the acts, transactions, occurrences, facts and events alleged in the Second Amended Complaint. The Settlement Members are hereby

barred and permanently enjoined from asserting any of the Released Claims against Hartford in any court or forum whatsoever, and Case No. 01-8111-CIV-ZLOCH be and the same is hereby **DISMISSED** on the merits, with prejudice and without costs to any party except as specifically provided in this Final Approval Order and Judgment and in the Stipulation of Settlement.

12.   The Court finds that the law firms approved as Class Counsel are competent and experienced attorneys and have adequately and aggressively represented the interests of the Class. The Court therefor certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee & Amtzis, of Boca Raton, Florida, Gold & Coulson of Chicago, Illinois, and Phillips & Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class.

13.   The Settlement also provides that Hartford will not object to payment of Class Counsel fees up to $189,000.00 plus reasonable costs and expenses of up to $5,500 separate and apart from the Settlement Fund that has been established for payment of Class Member claims. The Court finds that the total amount of fees requested by Class Counsel (i.e., $189,000.00) plus its reasonable costs and expenses ($5,500.00), are reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time (over four years) and

effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, the firms certified and appointed as Class Counsel in Paragraph 11 of this Final Approval Order and Judgment do have and recover from Hartford attorneys' fees in the amount of $189,000.00 plus reasonable costs in the amount of $5,500.00, to be paid in accord with the terms of the Settlement Agreement, for all of which let execution issue.

14. The Court hereby certifies Larusso as Class Representative of the Class herein defined. The terms of the Settlement provide that Hartford will pay an incentive award to the named Class Representative, Larusso, of up to $15,000. The Court finds that the payment by Hartford of a $15,000 incentive award is reasonable. Larusso therefore does have and recover an incentive award in the amount of $15,000 from Hartford, for all of which let execution issue.

15. Capitalized terms used in this Final Approval Order And Judgment not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

16. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration,

implementation, effectuation and enforcement of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _1st_ of December, 2005.

                                                          _____
                                                          WILLIAM  J.  ZLOCH
                                                          Chief United States District Judge

Copies furnished to:

All counsel of record