FILED ELECTRONIC

Dec 9 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

                Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

                Defendants.
_____/

**STATUS REPORT ON THE STATEMENT
OF INTEREST BY UNITED STATES (DE 1117)**

Class Representatives, DR. PAUL ZIDEL, SALVATORE LARUSSO, D.C., ULTRA OPEN MRI, INC., DR. ANDREW ELLOWITZ, THE CHIROPRACTIC CENTER and KEITH BRICKELL, D.C., JOEL STEIN, D.O., P.A. and AUGUSTINE JOSEPH, P.A., on behalf of themselves and all others similarly situated, hereby notify the Court of the status of the issues raised in the Statement of Interest by United States (DE 1117). After having numerous discussions with the Department of Justice and counsel for the insurance companies who have already entered into Settlement Agreements in this case, the following agreements have been reached:

1.     For those cases which have already settled and settlement checks had already been sent at the time of the resolution (Prudential, Liberty Mutual, and Integon),[1] the names and

---

[1] Prudential and Integon have taken the position that because they are no longer parties in this case, they are expressing no opinion about this Status Report. Prudential and Integon have not approved or disapproved this Status Report or Agreement to provide information to the Department of Justice.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

addresses of the Class Members who received settlement checks will be provided by class counsel to counsel for the Department of Justice. The Centers for Medicare and Medicaid Services will provide notice to these Class Members in the form attached hereto as Exhibit "1," advising them of their possible subrogation responsibilities.

2. In cases in which this Court approved the settlement, but checks had not been sent at the time of the resolution of this issue (Metropolitan, Nationwide, Hartford and AIG), the same Notice attached hereto as Exhibit "1" will be sent by the Settlement Administrator with settlement checks to all Class Members who are receiving settlement checks.

3. The Class Representatives and their counsel in each respective action, each insurance carrier (with the exception of Prudential and Integon) and the Department of Justice have agreed to the foregoing notification procedures and believe that these procedures will ensure that Class Members are provided with actual notice of their potential obligations.[2]

4. With regard to any potential future settlements, class counsel will provide additional information in the Notice of Settlement and the Notice attached hereto as Exhibit "1" will be sent with checks to any Class Members entitled to payments.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 9, 2005 the foregoing was served on: See attached Service List.

---

[2] Counsel represents from discussions with the Justice Department that the agreements among the parties and the United States discussed above obviate the need for any court action with respect to the issues raised in the Untied States' Statement of Interest.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Respectfully submitted,

Lee & Amtzis, P.L.
Counsel for Class Plaintiffs
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Phone: 561-981-9988
Fax: 561-981-9980
E-Mail: lee@leeamlaw.com

By: _____
    ERIC LEE
    Fla. Bar No. 961299

**Co-Counsel for Class Plaintiffs**

GOLD & COULSON
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA, LLP
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 Facsimile

3

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

# MASTER SERVICE LIST
**(Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW)**

(Updated 11/23/05)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
richard@bokorlaw.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Counsel for CCN**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL 33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

**Counsel for:**
**Hartford**

AKERMAN, SENTERFITT et al.
Marcy Levine Aldrich, Esq.
maldrich@akerman.com
SunTrust International Center
One Southeast Third Ave., 28th Flr.
Miami, FL 33131
(305) 374-5600
(305) 374-5095 Facsimile

**Counsel for Superior**

BUTLER BURNETTE PAPPAS
Alan J. Nisberg, Esq.
anisberg@bbplaw.com
Bayport Plaza
6200 Courtney Campbell Causeway
Suite 1100
Tampa, FL 33607
(813) 281-1900
(813) 281-0900 Facsimile

**Counsel for American International**

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Dale L. Friedman, Esq.
dfriedman@csglaw.com
Brian P. Knight, Esq.
bknight@csglaw.com
3440 Hollywood Blvd., 2nd Flr.
Hollywood, FL 33021
(954) 961-1400
(954) 967-8577 Facsimile

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop C3-14-16
Baltimore, Maryland 21244-1850



### Office of Financial Management/Financial Services Group

**DATE:** October 27, 2005

**TO:** Settling Plaintiffs, Zidel v. Allstate Insurance Consolidated Cases; 00-CV-6061 (Judge Zloch) (S.D. FL)

**SUBJECT:** Medicare Secondary Payer Priority Right of Recovery--ALERT

The Centers for Medicare & Medicaid Services (CMS) has included this memorandum with your settlement check to advise you of Medicare's rights under federal law to recover, from the settlement monies, amounts Medicare paid to you for medical care provided to Medicare beneficiaries when the Defendant Primary No-Fault Insurers allegedly either did not pay at all or did not pay the proper amount.

As you know, CMS administers the Medicare program, which pays for medical care for the aged, disabled, and persons suffering from end stage renal disease. The Medicare Secondary Payer ("MSP") provisions, which are designed to make Medicare a "secondary" payer with respect to most health plans, including no-fault plans, are codified at 42 U.S.C. § 1395y(b((2). The MSP provisions require that, under certain circumstances, Medicare must be reimbursed for the payments that it makes. For no-fault and liability insurance, if payment from another insurer has not been made or cannot reasonably be expected to be made promptly, Medicare is authorized to make payment to accommodate its beneficiaries. The statute specifies, however, that such Medicare payments are conditional and subject to reimbursement to the appropriate Medicare Trust Fund once a primary plan's responsibility is demonstrated (such as by making payment to the plaintiffs). 42 U.S.C. § 1395y(b)(2)(B)(ii). When another insurer makes a payment with respect to medical care for which the Medicare program has already paid, this second payment constitutes a Medicare overpayment by operation of the MSP provisions. See 42 C.F.R. § 405.924(b)(15). If necessary, the MSP provisions also authorize the United States to bring an action to collect such Medicare overpayments. 42 U.S.C. § 1395y(b)(2)(B)(iii).

In this case, Medicare believes there may be two scenarios in which it may have made primary payment for medical care and be entitled to reimbursement: (1) the no-fault insurer made no payment, and Medicare made the primary payment; or (2) the no-fault insurer paid less than the amount sought, and Medicare made a secondary payment to cover some or all of the difference. In both of these instances, the Plaintiffs are obligated to determine on a patient by patient basis the extent to which Medicare has made an overpayment, and reimburse the Medicare Trust Funds. To the extent that defendants (through the settlement monies) are paying the Plaintiffs for services previously paid by Medicare, Plaintiffs are obligated to make a dollar-for-dollar refund to Medicare up to the amount Medicare previously paid or the amount of Plaintiffs' settlement payment for each particular claim, whichever amount is less. If you discover that Medicare has overpaid you, please proceed to reimburse Medicare through the Medicare contractor that processed the underlying claim. Questions should also be directed to your local contractor.