

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

       Defendants.
_____/

DR. ANDREW ELLOWITZ, on behalf      CASE NO. 01-8549
of himself and others
similarly situated,

       Plaintiff,

v.

AMERICAN INTERNATIONAL
INSURANCE COMPANY, AIU
INSURANCE COMPANY, AMERICAN
HOME ASSURANCE COMPANY, and
AMERICAN INTERNATIONAL SOUTH
INSURANCE COMPANY,

       Defendants.
_____/

## FINAL APPROVAL ORDER AND JUDGMENT

    Plaintiff, Dr. Andrew Ellowitz (hereinafter "Ellowitz") and the named Defendants, American International Insurance Company, AIU Insurance Company, American Home Assurance Company, and American International South Insurance Company (hereinafter collectively

"American International" or "Defendants"), have submitted for final approval a proposed Settlement of this class action case.

By an Order Of Preliminary Approval (DE 1113) dated August 24, 2005, this Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Settlement Agreement And Stipulation (DE 1095) (hereinafter the "Settlement" or "Agreement"), subject to further consideration at the Final Settlement And Fairness Hearing to be conducted on January 17, 2006. In its Order of Preliminary Approval, the Court conditionally certified the above-styled cause to proceed as a class action for settlement purposes only and temporarily certified Ellowitz as representative of the following class:

> Healthcare providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under an American International PIP policy; (b) That received a valid assignment of benefits from the person(s) insured by American International as to such services; (c) That submitted bills for payment for such services to American International; (d) Whose bills were reduced by American International based on the application of a PPO reduction during the Class Period (January 1, 1996 through January 1, 2005); and (e) Who are identified as having had bills subject to a PPO reduction in American International's own records for the period December 1, 1997 through March 30, 2001.

Excluded from the Settlement Class are: American International, any parent, subsidiary, affiliate, or controlled person of American International, as well as the officers, directors, agents, servants, and employees of American International, and the

immediate family members of such persons. Also excluded is any trial judge who may preside over this Action.

The Court also ordered that the Notice of Proposed Settlement attached as Exhibit A to the Agreement, including the Proof of Claim in substantially the form attached as Exhibit C to the Agreement, be mailed no later than September 24, 2005 by first - class mail, postage pre-paid to all potential members of the class to the extent that such Class Members can be identified with reasonable diligence. Subsequently in a September 7, 2005 Order Re-Setting Final Fairness Hearing (DE 1114), the Court extended the mailing date for the Notice of Proposed Settlement and Proof of Claim to October 7, 2005.

On January 17, 2006 the Court conducted a Fairness Hearing to determine: (a) whether the proposed Settlement on the terms and conditions provided in the Agreement is fair, reasonable, and adequate and (b) whether final judgment should be entered dismissing this Action on the merits, with prejudice, and without costs, except as otherwise provided in the Agreement. All interested persons were afforded the opportunity to be heard. This Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, this Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Settlement Agreement And Stipulation (DE 1095) be and the same is hereby approved, adopted and ratified by the Court as follows:

1. On January 17, 2006, this Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this case, this Court considered the parties' Settlement Agreement And Stipulation, the extensive Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiff, and counsel for the Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

2. As recognized in the Order Of Preliminary Approval (DE 1113), the Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to the American International Defendants, of healthcare providers as identified above.

3. The Court hereby affirms its decision certifying the class and approving the Settlement. The Court finds that the requirements for certification of a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met.

4. In the Order Of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and

holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing.

5. The Court further finds that the inclusion of the October 27, 2005 Memo, see DE 1128, from the Centers for Medicare and Medicaid Services with each claims payment to the Class Members, informing them of Medicare's Secondary Payer Priority Right of Recovery as outlined in the Memo satisfies the requested notice by the Department of Justice regarding this issue.

6. The Court finds that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the Plaintiff would prevail at trial; b) the range of possible recovery if the Plaintiff prevailed at trial; c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the settlement; and f) the stage of proceedings at which the settlement was achieved. See Bennet v. Behring Corp., 737 F.2d 982 (11th Cir. 1984); In re Corrugated Container Antitrust Litig., 643 F.2d 195 (5th Cir. 1981). The Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with

the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiff ultimately prevailing on his claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit, in conjunction with the conflicting state court decisions in the Florida Second, Fourth, and Fifth Districts, the Court finds it in the best interests of the Class Members to be presented with the benefits available directly to the Class and summarized as follows:

   A.   The Settlement creates a settlement fund of $755,000.00, for Class Members to recover up to 75% of their individual damages.
   B.   The Settlement included the right to opt-out, so that any Class Member could decline to participate in the Settlement.
   C.   The Settlement provided for a Claim Dispute Resolution process involving arbitration; and
   D.   The Settlement requires that American International pay Class Counsel fees up to $225,000 and reasonable litigation costs and expenses up to $5,000 separate and outside of the settlement fund.

   7.   If the case were to proceed without settlement, the Court notes that the current appeal and possible resulting trial would be complex, lengthy and expensive to the parties. The Settlement eliminates a substantial risk that Class members would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, American International has defended this action vigorously and, absent a settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits. See Behrens

6

<u>v. Wometco Enters., Inc.</u>, 118 F.R.D. 534, 543 (S.D. Fla. 1988), <u>aff'd</u> 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount to be reserved by American International to pay Class Members claims is of substantial value to the Class.

   8. The Court finds that there were no objections filed to the Settlement.

   9. In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

   10. The Court hereby approves as timely filed, the Requests for Exclusion of the Settlement Class Members referenced in the Affidavit Of The Settlement Administrator (DE 1133), and finds that they are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it.

   11. This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests for Exclusion, and all such Settlement Class Members hereby release and discharge American International from all

Released Claims as that term is defined in the Stipulation preliminarily approved by this Court in its prior Order of Preliminary Approval (DE 1095). That is, each member of the Settlement Class who has not timely and properly opted out of the Settlement Class, and his, her or its heirs, successors, trustees, executors, administrators, principals, beneficiaries and assigns forever, hereby release and discharge American International and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents from any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of Ellowitz or the Settlement Class against American International which arise out of any bill submitted to American International during the Class Period which was reduced by the application of a PPO discount and/or are based upon the acts, transactions, occurrences, facts and events alleged in the Second Amended Complaint. The Settlement Members are hereby barred and permanently enjoined from asserting any of the Released Claims against American International in any court or forum whatsoever, and Case No. 01-8549-CIV-ZLOCH be and the same is hereby **DISMISSED** on the merits, with prejudice and without costs to any party except as specifically provided in this

Final Approval Order And Judgment and in the Stipulation of Settlement.

12. The Court finds that the law firms approved as Class Counsel are competent and experienced attorneys and have adequately and aggressively represented the interests of the Class. The Court therefor certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee & Amtzis, of Ft. Lauderdale, Florida, Gold & Coulson of Chicago, Illinois, and Phillips & Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class.

13. The Settlement also provides that American International will pay Class Counsel fees of up to $225,000.00 plus reasonable costs and expenses of up to $5,000 separate and apart from the Settlement Fund that has been established for payment of Class Member claims. The Court finds the total amount of fees requested by Class Counsel (i.e., $225,000.00) plus its reasonable costs and expenses ($5,000.00), to be reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time (over four years) and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, the firms certified and appointed as Class Counsel in Paragraph 12 of this Final Approval

Order and Judgment do have and recover from American International attorneys' fees in the amount of $225,000.00 plus reasonable costs in the amount of $5,000.00, to be paid in accord with the terms of the Settlement Agreement, for all of which let execution issue.

14. The Court hereby certifies Ellowitz as Class Representative of the Class herein defined. The terms of the Settlement provide that American International will pay an incentive award to the named Class Representative, Ellowitz, of up to $15,000. The Court finds that the payment by American International of a $15,000 incentive award is reasonable. Ellowitz therefore does have and recover an incentive award in the amount of $15,000 from American International, for all of which let execution issue.

15. Capitalized terms used in this Final Approval Order And Judgment not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

16. Without affecting the finality of this Final Approval Order And Judgment, this Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____17th_____ of January, 2006.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished to:
All counsel of record