UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR PAUL ZIDEL, on behalf of himself and
others similarly situated,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant/Third Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC.,
doing business as CCN,

        Third Party Defendant.

_____

Case No. 00-6649

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, et al.,

        Defendants.

_____/

Case No. 01-6776

ULTRA OPEN MRI CORP., on behalf of itself
and all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

        Defendant.

_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs, KEITH

BRICKELL, D.C. ("Brickell") and ULTRA OPEN MRI CORPORATION ("Ultra

Open")(collectively "Class Representatives"), and the Defendants, Progressive American Insurance Company, Progressive Casualty Insurance Company, Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Progressive Southeastern Insurance Company, Progressive Auto Pro Insurance Company, and National Continental Insurance Company (collectively "Progressive"), hereby jointly move the Court for the entry of an Order of Preliminary Approval of the Settlement Agreement executed by the parties in the above-styled class action case. A proposed Order is attached as Exhibit B. In support of their Motion, the Parties state as follows:

1.      The Parties have reached a comprehensive settlement of the actions styled *Keith Brickell, D.C. v. Progressive Express Ins. Co., et al.*, Case No. 00-6649 and *Ultra Open MRI Corp. v. Progressive American Ins. Co.*, Case No.01-6776, the terms and conditions of which are contained within the Settlement Agreement separately filed with the Court. The Parties jointly move for preliminary approval of the Settlement Agreement, believing it to be fair, adequate, and reasonable to the parties, as well as to the members of the Settlement Class, as defined in the Settlement Agreement.

2.      Preliminary approval is necessary in order to commence the process of providing notice to Class Members of the nature of the case, and the terms and conditions of the Settlement Agreement. The notice also will permit Class Members, other than the Class Representatives, to evaluate whether, among other things: (a) they want to opt-out of the settlement; and/or (b) whether they are entitled to a portion of the Settlement Fund. A copy of the proposed Notice of Pendency of Class Action is attached as Exhibit A to the Settlement Agreement.

3.      Should the Class Members determine that they are members of the class and, therefore, are entitled to receive a portion of the Settlement Fund, the Settlement Agreement requires them to fill out a Proof of Claim. The proposed Proof of Claim is attached to the Settlement Agreement as Exhibit C.

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 3

WHEREFORE the parties jointly move the Court for the entry of an Order of Preliminary

Approval of the Settlement Agreement.

Respectfully Submitted,

LEE & AMTZIS, P.L.
Co-Lead Counsel for Plaintiffs
5550 Glades Road, Suite 401
Boca Raton, Florida 33431
Tele:   561-981-9988
Fax:    561-981-9980

By: _____
Eric Lee, Esq.
Florida Bar No. 961299
lee@leeamlaw.com

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN & TORRICELLA
Attorneys for PROGRESSIVE Defendants
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900 - Telephone
(305) 373-6914 - Facsimile

By: /S/ Don Blackwell    by Eric Lee
Francis A. Anania
Florida Bar No. 160256
fanania@anania-law.com
Donald A. Blackwell
dblackwell@anania-law.com
Florida Bar No. 370967

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class
mail to all counsel on the attached service list this 21st day of February, 2006.

By: _____
Eric Lee, Esq.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

# MASTER SERVICE LIST
## (Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW)
### (Updated 2/21/06)

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL  33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786  Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
richard@bokorlaw.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@Anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

1

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

**Counsel for CCN**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@knsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL  33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR PAUL ZIDEL, on behalf of himself and others
similarly situated,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant/Third Party Plaintiff,

_____/

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

      Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE          Case No. 00-6649
COMPANY, et. al.,

      Defendants.

_____/

ULTRA OPEN MRI CORP., on behalf of itself      Case No. 01-6776
and all others similarly situated,

      Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

      Defendant.

_____/

## SETTLEMENT AGREEMENT AND STIPULATION

This Settlement Agreement and Stipulation ("Agreement") is entered into as of this _16th_ day of February, 2006, between the Plaintiffs, Keith Brickell, D.C. ("Brickell") and Ultra Open MRI Corporation("Ultra Open")(collectively "Class Representatives"), suing on behalf of themselves and the class defined below, and the following entities: Progressive Casualty Insurance Company, Progressive Express Insurance Company, Progressive Consumers Insurance Company,

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 2

Progressive Bayside Insurance Company, Progressive Southeastern Insurance Company, Progressive

Auto Pro Insurance Company, and National Continental Insurance Company (collectively

"Progressive").

**WHEREAS,** the Class Representatives have brought the above-captioned actions in the

United States District Court for the Southern District of Florida ("Actions").

**WHEREAS,** the Actions generally allege that Progressive improperly applied certain

preferred provider organization ("PPO") reductions to medical bills for services rendered to persons

entitled to benefits under policies of insurance issued by Progressive in the State of Florida

(collectively "Assignors").

**WHEREAS,** Class Representatives allege that: (a) they and the Class Members provided

medical services to Assignors; (b) they and the Class Members submitted to Progressive medical bills

arising from their provision of medical services to Assignors; and (c) Progressive improperly reduced

the amounts payable to them and the Class Members.

**WHEREAS,** Progressive denies all allegations of fault, wrongdoing or liability in the Actions

and does not concede any infirmity in its defenses.

**WHEREAS,** the Class Representatives have purported to bring these Actions as class actions

on behalf of all persons similarly situated;

**WHEREAS,** this Settlement is made on behalf of the following Settlement Class:

Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) that
rendered medical services to Assignors in the State of Florida; (b) that received a valid
assignment of benefits from Assignors as to such services; (c) that submitted bills for
payment for such services to Progressive; (d) whose bills were reduced by Progressive
based on the application of a ADP/Beech Street PPO reduction during the Class
Period (*i.e.,* January 1, 1997 through January 1, 2005); and (e) who have not
previously been paid the amount taken as a PPO discount and/or previously settled,
resolved or released claims against Progressive based on or arising out of such
discounts ("Settlement Class").

The Parties have agreed to seek conditional certification of this Settlement Class.  The Parties also

have agreed: (a) that Brickell and Ultra Open shall be appointed as the representatives of the

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 3

Settlement Class; and (b) the following law firms shall be appointed to serve as Counsel to the Settlement Class: Kopelman & Blankman, Lee & Amtzis, Gold & Coulson, and Phillips & Garcia.

**WHEREAS,** counsel for the Parties have conducted extensive settlement discussions and arm's length negotiations in an effort to accomplish a global compromise and settlement of the claims asserted against Progressive in the Actions. Based on the investigation, research and analysis conducted to date, the Parties consider it desirable, in their best interests, and in the interests of the Settlement Class to reach an equitable, appropriate, statewide resolution of the issues raised in the Actions, on the terms set forth herein, taking into account the risks, uncertainties, delays and expense involved in the Actions, as well as other relevant considerations, including, but not limited to, the time and expense of engaging in costly and protracted litigation in the trial and appellate courts.

**WHEREAS,** the Parties agree that, by entering into this Settlement, no party shall be deemed to have admitted, in any way, any claims or contentions made by the other, nor to have diminished, in any way, the validity of any claim or contention asserted by that party with respect to the Actions. It is further specifically agreed that Progressive's execution of this Agreement is not intended, and shall not be construed, as an admission by Progressive or deemed to be evidence: (a) of the validity of any of the claims made by the Class Representatives on behalf of the members of the Settlement Class or of any liability to Class Representatives or to any member of the Settlement Class; (b) that Progressive has violated §627.736(10); or (c) that the Actions are properly maintainable as class actions. The Parties further agree that neither this Agreement, nor any of the other documents prepared or executed by any party in negotiating or implementing the Settlement called for by this Agreement, nor any of the terms of any such documents, shall ever be offered in evidence in or shared with any party to any civil, criminal or administrative action or proceeding without Progressive's express written consent.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Agreement, and subject to approval by the Court as provided herein, pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the Class

Representatives, acting for themselves and on behalf of the Settlement Class, and Progressive, that

all claims, rights and causes of action, state or federal, and all damages, losses and demands of any

nature, that have been or could have been asserted against Progressive in the Actions by the Class

Representatives or any member of the Settlement Class, shall be and hereby are settled, compromised,

released and dismissed, with prejudice, upon and subject to the following terms and conditions, all

of which are subject to approval by the Court:

## DEFINITIONS

1       The following terms shall have the following meanings in this Agreement and the

annexed exhibits.

      1.1       The "Actions" mean the actions styled *Keith Brickell, D.C. vs. Progressive*

*Express Ins. Co., et al.*, Case No. 00-6649-CIV-ZLOCH/SNOW, and *Ultra Open MRI Corp. v.*

*Progressive American Insurance Co.*, Case No. 01-6776-CIV-ZLOCH/SNOW, pending in the United

States District Court for the Southern District of Florida.

      1.2       "ADP" means ADP Integrated Medical Solutions, Inc.

      1.3       "Beech Street" means Beech Street Corporation.

      1.4       A "PPO reduction" means a reduction taken by Progressive on medical bills

submitted on behalf of Progressive insureds pursuant to contracts entered into by or between

Progressive and ADP and/or Beech Street.

      1.5       A "Class Member" means a healthcare provider, as defined by the Florida

Motor Vehicle No-Fault Act: (a) that rendered medical services to Assignors in the State of Florida;

(b) that received a valid assignment of benefits from Assignors as to such services; (c) that submitted

bills for payment for such services to Progressive; (d) whose bills were reduced by Progressive based

on the application of a ADP/Beech Street PPO reduction during the Class Period (*i.e.*, from January

1, 1997 through January 1, 2005); and (e) who has not previously been paid the amount taken as a

PPO discount and/or previously settled, resolved or released claims against Progressive based on or

arising out of such discounts.

1.6    The "Class Period" means the period from January 1, 1997 through January 1, 2005.

1.7    The "Claim Deadline" means the date by which all Proof of Claims forms, elections to opt out, or objections must be postmarked or received by the Settlement Administrator, Class Counsel, or the Court pursuant to the terms of this Agreement. This date shall be agreed upon by the Parties and the Settlement Administrator and is subject to the approval of the Court. This date shall be sixty (60) days after the mailing of the Notice to the Class Members as set forth in ¶7 hereto.

1.8    The "Complaint" means the Amended Class Action Complaint filed in the Actions pursuant to Section 2 of this Agreement.

1.9    The "Court" means the United States District Court for the Southern District of Florida.

1.10    Any order of the Court contemplated by or entered pursuant to this Agreement shall be deemed to have become "Final": (a) thirty (30) days after the entry of Final Judgment, if no appeal is taken during such thirty-day period; or (b) if, during the aforesaid thirty-day period, an appeal is taken from such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom have been finally disposed of, and the time to initiate such petitions or proceedings has expired. It is expressly agreed by Class Counsel and by Progressive that neither party intends that this Section or any other part of this Agreement, establishes or acknowledges that anyone is entitled to or has the right to appeal from any such orders, which may be entered in connection herewith.

1.11    The "Final Judgment" means the Final Judgment and Order Approving Settlement.

1.12    "Progressive" means the following entities: Progressive Casualty Insurance Company, Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Progressive Southeastern Insurance Company, Progressive Auto Pro Insurance Company, Progressive American Insurance Company, and National Continental

Insurance Company. This definition also includes these entities' current and former officers, directors, employees, agents and representatives.

1.13    The "Notice" means the Notice of Proposed Settlement, without material alteration from the form attached hereto as Exhibit A.

1.14    The "Order of Preliminary Approval" means an Order, without material alteration from the form attached hereto as Exhibit B.

1.15    The "Proof of Claim" means the proof of claim form, without material alteration from the form attached hereto as Exhibit C.

1.16    "Released Claims" means any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of Brickell or Ultra Open or the Settlement Class against Progressive or Assignors, which arise out of or are based upon any bill submitted to Progressive during the Class Period which was reduced by the application of a PPO discount and/or the acts, transactions, occurrences, facts, and events, alleged or which could have been alleged in the Complaint, including, but not limited to, any and all claims for bad faith deriving from such PPO deductions.

1.17    "Settlement" means the settlement of the Actions as set forth in this Agreement and attachments.

1.18    "Settlement Administrator" means Progressive or an independent class action settlement administration company retained by Progressive for the purposes of administering the Settlement.

1.19    "Settlement Effective Date" shall mean the date the Final Judgment shall have become final.

1.20    The "Class Member Benefits" refers to the benefits that Progressive will be obligated to pay each Class Member who fully complies with the claims procedures contained herein. Subject to the terms and conditions set forth in Paragraph 19, *infra*, those benefits shall be calculated

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 7

by taking sixty percent (60%) of the difference between the amount that the Class Member would have been paid if no PPO discount had been applied to their bills and the amount that the Class Member actually was paid with the PPO discount. For purposes of this calculation, all bills shall be deemed to have been submitted pursuant to Section 627.736 (1)(a), Florida Statutes. No additional sums shall be paid for interest, including, but not limited to, statutory or pre-judgment interest.

1.21    The "Settlement Fund" shall mean the $9 million fund that Progressive has agreed to make available for the payment of Class Member Benefits.

1.22    The "Fairness Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Fed. R. Civ. P. 23.

1.23    "Class Counsel" shall mean and refer to Kopelman & Blankman, Lee & Amtzis, Gold & Coulson, and Phillips & Garcia, LLP, and any attorneys designated by those firms necessary to assist in the representation of the Settlement Class in this Action.

### Submission of Agreement for Preliminary Approval and Order

2    The Parties agree to submit an Agreed Order permitting the amendment of the Complaint to add the following Defendants: Progressive Casualty Insurance Company, Progressive Southeastern Insurance Company, Progressive Auto Pro Insurance Company, and National Continental Insurance Company. After the filing of the Amended Class Action Complaint and the entry of the Order approving same, counsel for the Parties shall submit this Agreement to the Court and shall request that it enter an Order of Preliminary Approval substantially in the form of Exhibit B. The Order of Preliminary Approval shall provide for the following:

2.1    Preliminary approval of the Settlement of this Action;

2.2    A stay of any pending proceedings in any Florida court and an injunction barring the initiation of any new litigation in any Florida court seeking the payment of benefits from Progressive based on Progressive's application of PPO reductions during the Class Period ("Stay Order");

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 8

2.3    A provision that any Class Member that does not file a timely and complete election to opt out of this Settlement by the Claim Deadline will be bound by the Stay Order and the Settlement.

2.4    A provision that any Class Member that files a timely and complete election to opt out of this Settlement by the Claim Deadline may proceed with its own action, subject to any and all defenses and limitations periods that are otherwise applicable to such action;

2.5    A provision that the Stay Order shall expire thirty (30) days after the Claims Deadline;

2.6    A provision certifying the Actions as class actions for settlement purposes only on behalf of the Settlement Class defined above.

2.7    A provision approving and directing the Settlement Administrator to cause to be mailed a Notice and Proof of Claim substantially in the form of Exhibits A and C to all Settlement Class members in the manner provided herein;

2.8    A determination, pursuant to Fed. R. Civ. P. 23, that such notification procedures will provide the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled thereto;

2.9    The scheduling of a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the settlement for purposes of Rule 23 of the Federal Rules of Civil Procedure; (b) to determine whether a Final Judgment should be entered; and (c) to determine whether the application of Class Representatives and Class Counsel for an award of fees and expenscs should be granted.  The Fairness Hearing shall be scheduled not less than thirty (30) days after the Claim Deadline;

2.10    Approval of the proposed Proof of Claim form (Exhibit C);

2.11    A provision that a prospective Class Member, but not the Class Representatives themselves, may opt out of the Settlement Class and the Actions in the manner and with the consequences described herein, providing that all such elections to opt out must be postmarked or

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 9

received by the Settlement Administrator no later than the Claim Deadline;

    2.12    A provision that the Settlement Administrator shall file with the Court all elections to opt out received by the Settlement Administrator by no later than fifteen (15) days after the Claim Deadline;

    2.13    A provision that any Class Member that objects to the approval of this Settlement may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon. Any such objections or any petition to intervene in the Actions must be submitted in writing, must attach a copy of a valid assignment of benefits by a Progressive insured to the objecting/intervening Class Member, and must be served on Class Counsel, the attorneys for Progressive, and filed with the Court on or before the Claim Deadline;

    2.14    A provision that no person shall be entitled to contest the approval of the terms and conditions of this Settlement Agreement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions herein. Any Class Member who fails to opt out of the Settlement or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based, in whole or in part, on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Actions; and

    2.15    Authorization for Progressive and Class Counsel to use and disclose such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, to protect the confidentiality of the names and addresses of persons insured by Progressive or other confidential or proprietary information pursuant to the terms of this Agreement.

**Fairness Hearing**

    3    On the date set by the Court for the Fairness Hearing, the Parties shall jointly request that the Court review any petitions to intervene or objections to the Settlement that have been timely filed and to conduct such other proceedings as the Court may deem appropriate under the

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 10

circumstances. The Parties also shall jointly request that the Court enter a Final Judgment, which shall provide the following:

3.1     A determination that the mailing of the Notice and Proof of Claim without material alteration from the form of Exhibits A and C to all Class Members in the manner provided herein is the best method of notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled thereto, and satisfies the requirements of Fed. R. Civ. P. 23 and due process;

3.2     Approval of the Settlement, including a finding that its terms are fair, reasonable and adequate to the Settlement Class, for purposes of Rule 23 of the Federal Rules of Civil Procedure; and directing the consummation of the settlement in accordance with the terms and conditions of this Agreement;

3.3     Approval of the elections to opt out, including a finding that they were filed timely and completely before the Claim Deadline;

3.4     Certification of the Settlement Class for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.5     A provision that the Class Representatives and each Class Member (except those who have filed timely and complete elections to opt out by the Claim Deadline) shall be bound by this Settlement; releasing and discharging Progressive from all Released Claims; barring and permanently enjoining Brickell , Ultra Open, and each of the Class Members from asserting any of the Released Claims against Progressive or Assignors in any court or forum whatsoever; dismissing all claims in the Actions against Progressive, on the merits and with prejudice; and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

3.6     An award of attorneys' fees and costs as provided herein;

3.7     A reservation of jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Agreement; and

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 11

3.8    An incentive award to Brickell and Ultra Open in an amount not to exceed the sum of $15,000.00, which award Progressive has agreed that it will not oppose (and which is payable pursuant to the same schedule for the payment of Settlement payments pursuant to this Agreement).

**<u>Class Notification</u>**

4    Upon execution of this Agreement by all parties and preliminary approval of the Settlement by the Court, the Settlement Administrator will compile the names and last-known addresses of all Class Members.

5    All costs of settlement administration, including the costs of notification to Class Members, shall be borne by Progressive, subject to Paragraph 9 hereof and approval by the Court. Such costs shall be paid separately and in addition to the Settlement Fund amount. Class Counsel shall cooperate with Progressive with this and all other aspects of the settlement administration process.

6    It is understood and agreed that neither Party shall have responsibility or liability with respect to any acts, omissions, or any conduct of any Settlement Administrator in connection with the administration and distribution of this Settlement, including, but not limited to, providing notice to the Class Members and responding to queries from Class Members.

7    Within 30 days of the entry of the Order of Preliminary Approval, Progressive or the Settlement Administrator will send to each Class Member a Notice and Proof of Claim without material alteration from the form of Exhibits A and C, by first class mail, postage pre-paid, addressed to his, her or its last known address, if any, as shown by the records of Progressive or its bill review vendor(s).

8    At a minimum, the Proof of Claim shall require each Class Member to:

8.1    Affirm that it is a class member;

8.2    Affirm his/her/its identity;

8.3    Provide tax identification and/or social security information;

8.4    Affirm his/her/its treatment of an Assignor;

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 12

8.5     Verify, under oath, that he/she/it holds a valid assignments of benefits for each

Assignor that he/she/it treated, that Progressive's reimbursement or payment of such bills was reduced

by application of a PPO discount, and that he/she/it has not previously been paid the amount taken

as a PPO discount, and that he/she/it has not previously settled, resolved or released his/her/its claims

against Progressive;

8.6     Execute the Proof of Claim under penalties of perjury; and

8.7     Attest that they will not seek any additional compensation on the subject bills

from Progressive insured(s), beyond that afforded under this Agreement.

9      Progressive shall bear all expenses incurred in connection with the identification of

all Class Members from Progressive's own records and/or the records of its bill review vendor(s).

Up to $200,000.00 in the costs of administration (including, but not limited to, printing and mailing

the Notice and Proof of Claim forms, costs of any follow-up attempts to redeliver Notices, Proof of

Claim forms or Settlement Payments which are returned to the Settlement Administrator by the U.S.

Post Office, processing Proof of Claim forms, printing and distributing checks and drafts to

Settlement Class Members and all postage relating to the foregoing) will be paid by Progressive from

its own funds based upon invoices submitted by the Settlement Administrator. In the event that such

expense exceed $200,000.00 ("excess expense"), the excess expense shall be paid out of the

Settlement Fund.

10     In the event any mailing to a Class Member containing a Notice and Proof of Claim

is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall take

steps the steps outlined in this paragraph to locate said Class Member or its successor(s) in interest,

heir(s) or assign(s) and, thereafter, redeliver said Notice and Proof of Claims as appropriate. The

method to locate said Class Members shall be via Equifax or other similar service for those Class

Members who have an available Tax Identification Number, and via the National Change of Address

(N.C.O.A.) database for those Class Members for whom a Tax Identification Number is not available.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 13

11      The Settlement Administrator also will provide an affidavit, as necessary, for the Fairness Hearing.

12      If the cost of locating a Class Member exceeds five dollars ($5.00), then the excess cost of locating that Class Member shall be deducted from that Class Member's recovery.

13      Under no circumstances shall Progressive be required under this Agreement to incur or pay any fees or expenses, which it is not explicitly obligated to incur or pay hereunder.

14      Progressive shall have the right to audit the Settlement Administrator's claims administration at any time.

### Settlement Fund and Claims Procedure

15      Upon the execution of this Settlement by all Parties and preliminary approval of the Settlement by the Court, Progressive shall make the sum of $9 million ($9,000,000.00) available to pay the timely and complete claims of Class Members. This Settlement Fund need not be placed into escrow or be segregated from Progressive's other funds or accounts. The Settlement Fund shall not bear interest. All payments to Class Members shall be paid solely from the Settlement Fund. The Settlement Fund shall be the exclusive remedy for all Class Members. At all times, the Settlement Fund shall be controlled by Progressive. All Class Members must comply with the procedures set forth herein in order to receive a payment from the Settlement Fund.

16      In order to qualify to receive a payment, a Class Member must complete and sign a Proof of Claim under the penalties of perjury. The Proof of Claim Form must be sent by United States Mail, postmarked on or before the Claim Deadline, to the Settlement Administrator. Claims may not be made via facsimile transmission. The Settlement Administrator shall not be required to provide notice of rejection or otherwise process or respond to elections to opt out or proofs of claim received by it after fifteen (15) days following the Claim Deadline.

17      All Class Members that submit a Proof of Claim to the Settlement Administrator that is postmarked after the Claim Deadline shall be barred from recovering any payment from the Settlement Fund.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 14

18      If the total of all claims for Class Member Benefits is less than or equal to $9 million, all Class Member Benefits shall be paid in full.

19      If the total of all claims for Class Member Benefits is greater than $9 million, claims will be paid on a *pro rata* basis to each Class Member.

20      After payment of claims made by Class Members, all amounts remaining in the Settlement Fund, if any, and all checks issued to Class Members from the Settlement Fund that Class Members have not tendered to the payor bank within ninety (90) days of their issuance, shall revert back and belong to Progressive, and neither Class Counsel nor any Class Member shall make any claim to any such amounts, or object or oppose in any way the reverter of such amounts to Progressive.

21      Progressive shall permit Class Counsel to inspect all Proof of Claims made within fifteen (15) days after the Claim Deadline.

22      The Parties agree that at least one representative from Progressive and at least one representative from Class Counsel, on behalf of all Class Members, shall be permitted to review Proof of Claims to determine: (a) whether the Claim has been timely filed; (b) whether the Claim is complete; (c) whether the Claim and the underlying Assignment of Benefits are valid; and, if so, (d) whether the proposed settlement payment to the Class Member is in accordance with the terms of this Agreement.  The Parties agree to work cooperatively and fairly together to arrive at a fair and equitable determination of any Class Member claim.

23      Each Class Member that files a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to their claim, as well as the Final Judgment.

## **Claim Dispute Resolution**

24      Based upon the information submitted with each Proof of Claim, Progressive will conduct a review of the Class Member Benefits due to each Class Member.  Progressive also will compile a list of those claims that it deems to be incomplete and/or invalid.

25     Progressive shall pay the Class Member Benefits by check to Class Members entitled to payment. No checks shall be issued to any Class Member until this Settlement becomes final.

26     The following procedure will be utilized to resolve any disputes between Settlement Class Members and Progressive as to the completeness of a Proof of Claim, the validity of the Class Member's claim, and/or the amount of Class Member Benefits due:

26.1     The Class Member will be notified after receipt of the Proof of Claim if there is a dispute as to the completeness and/or validity of the Proof of Claim or as to the amount claimed;

26.2     At the Class Member's election, the Class Member shall be entitled to arbitrate the completeness and validity of any Proof of Claim and/or his, her or its eligibility to receive Class Member Benefits. The Class Member and Progressive shall agree upon an independent arbitrator and agree to pay that arbitrator a reasonable fee not to exceed $50. In the event that the Class Member and Progressive are unable to agree on an arbitrator, one will be appointed by the Court.

26.3     A Class Member requesting arbitration will be required to submit payment of the uniform arbitration fee by certified check within 15 days of the notice or he/she/it shall be deemed to have waived the right to arbitrate;

26.4     As a condition precedent to demanding arbitration, the Class Member must submit his/her/its Proof of Claim to the Settlement Administrator within fifteen (15) days after compliance with the required arbitration fee payment;

26.5     Progressive, Class Counsel, and the Class Member shall be permitted to make written submissions in support of their respective positions;

26.6     The arbitrator shall determine whether the Class Member has filed a complete and valid claim and, therefore, is eligible to receive Class Member Benefits pursuant to this Agreement. The arbitrator also shall determine the amount of the appropriate Settlement Payment;

26.7     The arbitrator shall make his or her determinations solely based upon written submissions and relevant documentation submitted to him or her by the Class Member, Class Counsel, and Progressive;

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 16

26.8    If the arbitrator rules in favor of the Class Member, Progressive will reimburse the Class Member for the arbitration fee, the Class Member's claim will be deemed perfected and Class Member Benefits will be paid pursuant to this Agreement;

26.9    The determinations of the arbitrator as to the eligibility of a claim to receive Class Member Benefits pursuant to this Agreement shall be binding, final, conclusive and non-appealable.

26.10    Progressive, Class Counsel, and the Class Member shall bear their own respective legal fees and expenses incurred in connection with an arbitration proceeding under this Agreement.

### Deceased, Dissolved or Bankrupt Class Members

27    Where a Class Member is deceased and Class Member Benefits are due to that Class Member, Progressive will, upon receipt of proper notification and documentation, make the payment to such Member's personal representative.

28    Where a Class Member no longer is conducting business or is dissolved and Class Member Benefits are due to that Class Member, Progressive will, upon receipt of proper notification and documentation, make the payment to such Class Member or its creditors (including governmental taxing authorities) as Progressive in its sole discretion shall determine.

29    Where a Class Member has been declared bankrupt, or is the subject of an ongoing bankruptcy proceeding, and Class Member Benefits are due to the Class Member, Progressive will, upon receipt of proper notification and documentation, make payment to such Class Member in accordance with U.S. Bankruptcy laws.

### Attorneys' Fees and Costs

30    Progressive agrees not to oppose a request by Class Counsel for an award of attorneys' fees equal to 30 percent of the total value of the Settlement Fund (*i.e.,* no more than Two Million Seven Hundred Thousand Dollars ($2,700,000.00)). This will be paid in addition to and outside of the Settlement Consideration.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 17

31   Progressive agrees not to oppose a request by Class Counsel for an award of Class Counsel's reasonable costs and expenses of this litigation in an amount not to exceed Fifteen Thousand Dollars ($15,000.00). This amount will be paid in addition to and outside of the Settlement Fund.

32   Any Court-awarded attorneys' fees and costs to Class Counsel will be paid to the trust account of Kopelman & Blankman, P.A. within five (5) days after the expiration of the thirty (30) day appeal period running from the date of the Final Judgment. If an appeal is taken from the Final Judgment, outstanding attorneys' fees and costs shall not be due until the resolution of such appeal. However, Progressive shall not be obligated to deliver such fees and costs if the Settlement is not approved and sustained on appeal.

### Payment of Settlement Amounts

33   The Settlement Administrator shall provide and certify to Progressive a list of Class Member Benefits approved for payment for each Class Member that has submitted a timely, valid, and complete Proof of Claim. Progressive shall send a check or draft payable to each Class Member within 60 days after the expiration of the thirty (30) day appeal period running from the date of the Final Judgment. If an appeal is taken from the Order of Final Approval, the Class Member Benefits shall not be due until sixty (60) days after the full and final resolution of such appeal. However, Progressive shall not be obligated to make payments of Class Member Benefits if the Settlement is not approved and sustained on appeal.

34   Within 60 days after the Class Member Benefits have been paid, any funds remaining in the Settlement Fund shall revert back to Progressive.

### Termination of the Agreement

35   Progressive shall have the right, in its sole discretion, after reviewing the number of opts outs, objectors, and pending litigation, to nullify this Settlement if more than five percent (5%) of the Class Members opt out of the Settlement or if the combined Class Members Benefits of those Class Members who opt out represent more than five percent (5%) of the total Settlement Fund. If

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 18

Progressive so elects, the Settlement thereafter shall have no further force and effect with respect to any party in this action. Progressive may exercise this right within ten (10) days after the Claim Deadline. In order to invoke this right to nullification, Progressive must file and serve (by facsimile and U.S. Mail) a formal document entitled Notice of Nullification of Settlement. Neither Brickell, Ultra Open, nor any Class Member, shall be permitted to seek enforcement of the Settlement or any of its terms against Progressive should Progressive elect to nullify the Settlement.

36    Either Class Representatives or Progressive shall have the right to nullify and to void the Settlement, and the Settlement thereafter shall have no further force and effect with respect to any party in this Action, upon entry of an order by any court of competent jurisdiction that invalidates or disapproves the Settlement, in whole or in part, or which alters any material term of this Settlement without the Parties' consent.

37    In the event the Settlement is nullified or otherwise fails for any reason, the Settlement shall not be offered in evidence or used in this or any other action for any purpose, including, but not limited to, the existence, certification or maintenance of any purported class.

38    In such event, this Settlement and all negotiations, proceedings, documents prepared and statements made in connection with this Settlement shall be without prejudice to any party and shall not admissible into evidence, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Parties to this action shall stand in the same position as if this Settlement had not been negotiated, made or filed with the Court.

39    If this Settlement shall fail for any reason or if this Agreement shall be nullified by Progressive:

39.1    This Agreement shall not have further force and effect and all proceedings having taken place with regard to this Agreement or the proposed Settlement shall be without prejudice to the rights and contentions of the Parties hereto or of any potential Class Members in the

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 19

action or in any other litigation;

39.2    The Parties hereto agree that they will promptly file a joint motion with the Court to vacate all Orders entered pursuant to the terms of this Agreement; and

39.3    The Parties shall in all respects be returned to their respective statuses immediately prior to the execution of this Agreement.

## Confidentiality

40    The names, addresses, policy numbers and other information which may be compiled by Progressive pursuant to this Agreement and the data processing and other record keeping procedures and materials to be utilized by Progressive in identifying the Class Members and effectuating Progressive's other obligations hereunder ("Information") constitute highly confidential and proprietary business information.  The confidentiality of the Information shall be protected by entry by the Court of an agreed Protective Order.

41    It is agreed that no person, other than individuals employed by Progressive or to whom Progressive has expressly permitted access, shall be allowed access to any Information except:

41.1    Class Counsel and attorneys and clerical personnel employed by Class Counsel; and

41.2    Such other persons as the Court may order after hearing on notice to all counsel of record.

42    At no time, except pursuant to Court Order after hearing upon notice to all counsel of record, shall any Information be made known or available to any person, other than individuals described above and the individuals employed by Progressive or to whom Progressive has expressly permitted access, unless he or she first signs a statement attesting to the fact that: (a) he or she has read and understands the Protective Order to be entered by the Court; (b) that he or she agrees to be bound and to comply with the Protective Order; and (c) that he or she understands that disclosure of Information to unauthorized persons may constitute contempt of court.  Such signed statements shall be obtained from those individuals employed by or otherwise associated with the Settlement

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 20

Administrator before any Information is provided to the Settlement Administrator. Copies of all such signed statements shall be retained by Class Counsel and delivered to Progressive upon request.

43    It is further agreed that, after performance of all terms of this Agreement is complete, any and all Information provided by Progressive or anyone else, and all copies thereof, shall be promptly returned to Progressive.

44    Additionally, those letter agreements which previously were executed by Class Counsel and other individuals associated with Class Counsel, regarding the confidentiality of information supplied by Progressive in connection with the negotiations of this Agreement shall remain in force and effect.

## Release of Claims

45    If this Agreement and the Final Judgment become final, as of that date, each member of the Settlement Class who has not timely and properly opted out of the Settlement Class, and his, her or its heirs, successors, trustees, executors, administrators, principals, beneficiaries and assigns forever, agrees to release Progressive and its current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents from any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccured, which now exist or heretofore existed in favor of Brickell, Ultra Open, any Class Member, or the Settlement Class against Progressive or Assignors which arise out of or are based upon any bill submitted to Progressive during the Class Period which was reduced by the application of a PPO discount and/or which arise out of or are based on the acts, transactions, occurrences, facts, and events alleged or which could have been alleged in the Complaint, including, but not limited to, any and all claims for bad faith deriving from such PPO deductions.

46    Any Class Member that receives Class Member Benefits pursuant to this Agreement agrees to reimburse Progressive in the event that: (a) the Class Member already has been paid and/or has settled, released or resolved that particular claim against Progressive; or (b) Progressive becomes

obligated to pay those same benefits to an insured, because the Class Member either did not have an Assignment or, alternatively, did not have a valid Assignment entitling the Class Member to receive such benefits. A Class Member's obligation under this paragraph is limited to the amount actually paid by Progressive to that Class Member pursuant to this Settlement.

## Miscellaneous Provisions

47    Neither this Agreement, approved or not approved, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement is intended to be, nor should it be, construed as or deemed to be evidence of any admission or concession by Progressive of any liability or wrongdoing or the truth of any allegations in the Complaint, and none of them shall be admissible in evidence for any such purpose in this or any other proceeding, except that the Agreement and any Orders entered in connection therewith may be offered and received in connection with proceedings as may be necessary to consummate or enforce the Agreement, or in any proceeding in which issues are presented which pertain to Progressive's compliance with the Settlement or with any Orders which may have been entered at any time in connection with this Settlement.

48    All proceedings with respect to the Settlement described by this Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the continuing jurisdiction of the Court.

49    Within sixty (60) days after the date that Progressive shall have mailed all Class Member Benefits pursuant to this Agreement, Progressive shall file with the Court a verified statement confirming its payment of such Class Member Benefits.

50    Except as expressly authorized in this Agreement, neither the Class Representatives, nor their counsel, shall submit for publication any press release or make any public statement intended to be disseminated through the press, television, radio or other media regarding the Settlement without the prior written approval of Progressive or its counsel.

51    All matters not specifically covered by the provisions of this Agreement shall be

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 22

resolved by agreement of Class Counsel and counsel for Progressive, or if they cannot agree, by the Court.

52      The service of papers and notices under this Agreement shall be made upon the Plaintiff and the Class Representatives by mailing such papers to:

> Eric Lee, Esq.
> LEE & AMTZIS, P.L
> 5550 Glades Road, Suite 401
> Boca Raton, Florida 33431

and upon Progressive by mailing such papers to:

> Francis A. Anania, Esq.
> Donald A. Blackwell, Esq.
> ANANIA, BANDKLAYDER, BLACKWELL,
> BAUMGARTEN, TORRICELLA & STEIN, P.A.
> Bank of America Tower, Suite 4300
> 100 Southeast Second Street
> Miami, Florida 33131

53      This Agreement represents an integrated document negotiated and agreed to between the Parties and shall not be amended, modified or supplemented, nor shall any of its provisions be deemed to be waived, unless by written agreement signed by the respective attorneys for the Parties. This document has been drafted jointly and is not to be construed against any party.

54      This Agreement represents the entire and sole agreement negotiated and agreed to between the Parties to this Agreement.

55      Each and every term of this Agreement shall be binding upon and inure to the benefit of the Class Representatives, the Class Members, and any and all of their successors, assigns, and personal representatives, and shall bind and inure to the benefit of Progressive, which are intended to be the beneficiary of this Agreement.

56      Class Counsel and counsel for Progressive each represent that they are authorized by their respective clients to execute this Agreement, to take all steps contemplated by this Agreement, and to effect this Agreement on the terms and conditions stated herein, and further that they will take all steps on their respective clients' behalf contemplated by this Agreement.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 23

57    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be on and the same instrument. Photocopies of fully executed copies of this Agreement may be treated as originals.

58    Except to the extent that the Federal Rules of Civil Procedure govern, Florida law shall govern this Agreement and any documents prepared or executed pursuant to this Agreement.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 24

**EXECUTED ON BEHALF OF THE PROGRESSIVE DEFENDANTS:**

PROGRESSIVE CASUALTY INSURANCE COMPANY

By: _____

Title: _____

PROGRESSIVE EXPRESS INSURANCE COMPANY

By: _____

Title: _____

PROGRESSIVE CONSUMERS INSURANCE COMPANY

By: _____

Title: _____

PROGRESSIVE BAYSIDE INSURANCE COMPANY

By: _____

Title: _____

PROGRESSIVE AUTO PRO INSURANCE COMPANY

By: _____

Title: _____

NATIONAL CONTINENTAL INSURANCE COMPANY

By: _____

Title: _____

PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY

By: _____

Title: _____

PROGRESSIVE AMERICAN INSURANCE COMPANY

By: _____

Title: _____

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 25

Title: _____

Date:_____

STATE OF _____)
                                                    ): SS
COUNTY OF_____)

     I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _____, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No._____, as identification, and executed the foregoing instrument.

     WITNESS my hand and official seal in the County and State last aforesaid this _____ day of _____, 2006.

My Commission expires:               Notary Public, States of _____

Commission No:                   Printed Name of Notary:_____

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 26

**EXECUTED INDIVIDUALLY AND ON BEHALF OF
THE SETTLEMENT CLASS BY KEITH BRICKELL, D.C.**

_Keith Brickell D.C, DACBSp._

Print Name:
Title: _Owner_

Date: _2/1/06_

STATE OF _Florida_          )
                                            ): SS
COUNTY OF _Broward_      )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _Keith Brickell_, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _Florida Drivers License_ No. _B 624517591340_, as identification, and executed the foregoing instrument.

    WITNESS my hand and official seal in the County and State last aforesaid this _1_ day of _February_, 2006.

My Commission expires:                    Notary Public, States of _Florida_

Commission No:                                  Printed Name of Notary: _Arthur Rosenauer_

Arthur Rosenauer
Commission # DD132355
Expires Aug. 2, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

Page 27

**EXECUTED ON BEHALF OF THE SETTLEMENT CLASS
BY ULTRA OPEN MRI CORP.**

*[signature]*

Print Name: John H. McCoskrie
Title: President

Date: 2-6-06

STATE OF _____ Florida _____ )
                                              ): SS
COUNTY OF _ Hillsborough _ )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _ John H. McCoskrie _, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

WITNESS my hand and official seal in the County and State last aforesaid this _6th_ day of _February_, 2006.

My Commission expires:                    Notary Public, States of _ Florida _

Commission No:                               Printed Name of Notary: _ WAYNE MCCLAIN _

*[notary seal: WAYNE A. MCCLAIN MY COMMISSION EXPIRES October 11, 2009 #DD 477148]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR PAUL ZIDEL, on behalf of himself and
others similarly situated,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant/Third Party Plaintiff,

_____

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, et al,                          Case No. 00-6649

        Defendants.

_____/

ULTRA OPEN MRI CORP., on behalf of itself        Case No. 01-6776
and all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

        Defendant.

_____/

## NOTICE OF PROPOSED SETTLEMENT
## (NOTE: YOU ARE NOT BEING SUED)

IF YOU ARE A HEALTHCARE PROVIDER, AS DEFINED BY THE FLORIDA MOTOR
VEHICLE NO-FAULT ACT, AND YOU PROVIDED SERVICES TO ANY PERSON ENTITLED

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 2

TO BENEFITS UNDER POLICIES OF INSURANCE ISSUED IN THE STATE OF FLORIDA BY PROGRESSIVE AMERICAN INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, PROGRESSIVE BAYSIDE INSURANCE COMPANY, PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, PROGRESSIVE AUTO PRO INSURANCE COMPANY, and NATIONAL CONTINENTAL INSURANCE COMPANY (COLLECTIVELY "PROGRESSIVE") FOR WHICH YOU WERE PAID AT ANY TIME DURING THE PERIOD JANUARY 1, 1997 THROUGH JANUARY 1, 2005, PLEASE READ THIS NOTICE CAREFULLY. THIS PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

1.    WHY SHOULD YOU READ THIS NOTICE?

If you are or have been a healthcare provider, as defined by the Florida Motor Vehicle No-Fault Act, and you provided services to persons entitled to benefits under policies of insurance issued by Progressive in the State of Florida for which you were paid from January 1, 1997 through January 1, 2005, your rights may be affected by a proposed settlement ("Settlement") with Progressive in *Keith Brickell, D.C. v. Progressive Express Ins. Co.*, (Case No. 00-6649-CV) and *Ultra Open MRI Corp. v. Progressive American Ins. Co.*, (Case No. 01-6776), part of Consolidated Case No. 00-6061-CV)(the "Actions"), which are part of a number of consolidated class actions pending in the United States District Court for the Southern District of Florida ("Court"). The Class Representatives have agreed to settle all claims against Progressive in the Action in exchange for Progressive's agreement to fund settlement payments to members of the Settlement Class as set forth below.

The Court has scheduled a hearing to consider the fairness, reasonableness and adequacy of the Settlement with Progressive, together with certain other matters, to be held on_____, at the United States Courthouse, United States District Court for the Southern District of Florida, _____ ("Fairness Hearing"). The Order scheduling that hearing also provides that it may be adjourned by the Court and that no additional notice will be provided to potential members of the Settlement Class other than an announcement in open court.

You may be a member of the Settlement Class and, therefore, would be entitled to receive the benefits of the Settlement. As a member of the Settlement Class, however, you also will be bound by the release and other provisions of the Settlement if it is approved by the Court. You may elect to opt out of the Settlement Class and the Settlement, as explained below. You also have a right to object to the Settlement or to the application for attorneys' fees and the Class Representatives' incentive awards that Counsel for the Settlement Class intend to make to the Court, but only if you comply with the procedures described in this Notice.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 3

2.    WHAT IS THIS LITIGATION ABOUT?

These Actions have been brought by Keith Brickell, D.C.("Brickell") and Ultra Open MRI
Corp.("Ultra Open")(collectively "Class Representatives"), both of whom are Florida healthcare
providers, against Progressive. These Actions generally allege that Progressive improperly applied
certain preferred provider organization ("PPO") reductions to medical bills for services rendered to
persons entitled to benefits under policies of insurance issued by Progressive in the State of Florida
(collectively "Assignors"), including Class Representatives. The Amended Complaint claims that
this conduct violates various state and federal statutes and also seeks recovery on various common
law theories.

These Actions are two of several similar actions ("Consolidated Actions") pending in the Court
against several automobile insurers, which have been consolidated for certain purposes. Since the
initial Complaints were filed, substantial litigation has occurred in the Consolidated Actions.

3.    WHAT ARE THE TERMS OF THE SETTLEMENT?

The terms of the Settlement Agreement are summarized in this Notice, but a copy of the entire
Settlement Agreement is available in the Court file, which can be reviewed at the office of the Clerk
of the Court, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida
33301 during regular business hours.

        a.       The Settlement Class.

The Settlement is on behalf of the following Settlement Class:

Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) that
rendered medical services to Assignors in the State of Florida; (b) that received a valid
assignment of benefits from Assignors as to such services; (c) that submitted bills for
payment for such services to Progressive; (d) whose bills were reduced by Progressive based
on the application of a ADP/Beech Street PPO reduction during the Class Period (*i.e.,*
January 1, 1997 through January 1, 2005); and (e) who have not previously been paid the
amount taken as a PPO discount and/or previously settled, resolved or released claims
against Progressive based on or arising out of such discounts ("Settlement Class").

        b.       The Settlement Consideration.

If the Settlement is approved by the Court, the Settlement Agreement provides for benefits
to be provided by Progressive on behalf of the Members of the Settlement Class.

If the Settlement is approved by the Court, each Class Member shall be entitled to
reimbursement of the PPO reductions taken by Progressive in accordance with the terms

below, and conditioned upon the Class Member's timely submission of a complete and valid Proof of Claim: Each Class Member will be entitled to sixty percent (60%) of the difference between the amount that the Class Member would have been paid if no PPO discount had been applied to their bills and the amount that the Class Member actually was paid with the PPO discount. For purposes of this calculation, all bills shall be deemed to have been submitted pursuant to Section 627.736, Florida Statutes. No additional sums shall be paid for interest, including, but not limited to, statutory or pre-judgment interest. All reimbursements to Class Members shall be determined from ADP's records for the period January 1, 1997 through January 1, 2005.

c. <u>The Release and Dismissal with Prejudice.</u>

In exchange for the consideration, and if the Settlement is approved, the Actions will be dismissed with prejudice as to Progressive. In addition, Progressive will receive a release and discharge from the Settlement Class (which would not include members of the Settlement Class who timely elected to opt out of the Settlement as discussed below) of any and all causes of action, judgments, liens, indebtedness, costs, damages, attorneys' fees, losses, claims, liabilities and demands of whatever kind or character (each a "claim"), that arise out of or are based upon any bill submitted to Progressive during the Class Period which was reduced by the application of a PPO reduction and/or arise out of or are based on the acts, transactions, occurrences, facts, and events alleged or which could have been alleged in the Complaint, including, but not limited to, any and all claims for bad faith deriving from such PPO deductions.

d. <u>Subrogation Claims, Tax Implications, and Reimbursement Requirements.</u>

Any settlement payment made to you is in full and final payment for any claims you may have in this matter. To the extent that other sources, including, but not limited to, The Centers for Medicare and Medicaid Services, health insurance carriers, other insurance companies, or insureds, paid all or a portion of the bills that you submitted for payment, you may have an obligation to reimburse the appropriate party. It is your responsibility to determine whether you are under any such obligation. Moreover, acceptance of any benefits under the Settlement Agreement could have tax implications, for the tax period in which you receive payment, and for any prior tax periods. You should consult with an accountant or financial advisor to determine the tax implications of any such benefits.

4.    <u>WHAT WILL HAPPEN AT THE FAIRNESS HEARING?</u>

At the Fairness Hearing, the Court will consider several different issues, including the following: (a) whether the Settlement is fair, reasonable, and adequate to members of the Settlement Class; (b) whether it should certify the Settlement Class pursuant to Fed. R. Civ. P. 23; (c) whether to enter Orders that would prevent members of the Settlement Class from asserting certain claims against

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 5

Progressive in the future; (d) whether to approve the application for a payment of an incentive premium to the Class Representatives by Progressive; and (e) whether to approve an application by Counsel for the Settlement Class for attorneys' fees and costs to be paid by Progressive.

5.    CAN I PARTICIPATE IN THE FAIRNESS HEARING?

Anyone who objects to the Settlement, the Settlement Agreement, the application for attorneys' fees or the other matters to be considered at the Fairness Hearing may appear and present such objections. In order to be permitted to do so, however, you must, on or before _____, 2006: File with the Court a notice of your intention to appear, together with a statement setting forth your objections, if any, to the matter to be considered and the basis for these objections, together with any documentation that you intend to rely upon at the Fairness Hearing;

    a.    File a copy of a valid assignment of benefits from a Progressive insured demonstrating your standing to set forth any objections to the Settlement; and

    b.    Serve copies of all such materials either by hand delivery or by first-class mail, postage pre-paid, upon the following counsel:

| | | |
|---|---|---|
| LEE & AMTZIS, P.L<br>Eric Lee, Esq.<br>5550 Glades Road,<br>Suite 401<br>Boca Raton, Florida<br>33431 | ANANIA, BANDKLAYDER,<br>BLACKWELL, BAUMGARTEN,<br>TORRICELLA & STEIN, P.A.<br>Francis A. Anania, Esq.<br>Donald A. Blackwell, Esq.<br>Bank of America Tower, Suite<br>4300<br>100 Southeast Second Street<br>Miami, Florida 33131 | Kopelman & Blankman, P.A.<br>Larry Kopelman, Esq.<br>Douglas Blankman, Esq.<br>350 East Las Olas Blvd, #980<br>Fort Lauderdale, FL 33301 |

If you do not comply with the foregoing procedures and deadlines for submitting written objections and/or appearing at the Fairness Hearing, you may lose substantial legal rights, including, but not limited to, the right to appear at the Fairness Hearing; the right to contest approval of the Settlement or the application for an award of attorneys' fees and costs to Class Counsel; the right to contest approval of the application for an award of an incentive premium to the Class Representatives; or the right to contest any other orders or judgments of the Court entered in connection with the Settlement. If the Court does not approve the Settlement, the Settlement Agreement will be null and void.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 6

6.    HOW DO I FILE A CLAIM?

The Settlement contemplates certain settlement payments to each Member of the Settlement Class that submits a timely, complete and valid Proof of Claim to the Settlement Administrator at the following address:

Progressive Settlement Administrator
The Garden City Group, Inc.
2720 Airport Drive, Suite 100
Columbus, Ohio 43219

**IN ORDER TO BE ENTITLED TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN A PROOF OF CLAIM AND MAIL THE PROOF OF CLAIM TO THE SETTLEMENT ADMINISTRATOR. THE ENVELOPE CONTAINING YOUR PROOF OF CLAIM MUST BE POST-MARKED BY NO LATER THAN _____, 2006. IF YOU DO NOT MAIL YOUR PROOF OF CLAIM BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND. IF YOU FILE A CLAIM, YOU WILL BE ELECTING TO BE A MEMBER OF THE CLASS AND WILL BE BOUND BY ALL PROCEEDINGS, ORDERS, AND JUDGMENTS ENTERED IN CONNECTION WITH THE PROPOSED SETTLEMENT INCLUDING THE RELEASE AND DISMISSAL WITH PREJUDICE DESCRIBED ABOVE. CLAIM PAYMENTS WILL BE MADE ONLY TO CLASS MEMBERS DIRECTLY.**

7.    WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?

If you do **not** want to be a member of the Settlement Class and participate in the Settlement, then **BY NO LATER THAN _____, 2006**, you must send a signed statement to that effect that includes your name, business address, telephone number and federal tax identification number. If the claim is being filed by or on behalf of a business or entity, the signed statement must include the full name of the entity, the address of the entity, and the name and title of the person filing the claim on the entity's behalf. The signed statement must be sent to the following:

ANANIA, BANDKLAYDER,
BLACKWELL, BAUMGARTEN,
TORRICELLA & STEIN, P.A.
Francis A. Anania, Esq.
Donald A. Blackwell, Esq.
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

Kopelman & Blankman, P.A.
Larry Kopelman, Esq.
Douglas Blankman, Esq.
350 East Las Olas Blvd, #980
Fort Lauderdale, FL 33301

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 7

TO BE CONSIDERED TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR COMPLETED SIGNED STATEMENT ADVISING OF YOUR ELECTION TO OPT OUT MUST BE POST-MARKED BY NO LATER THAN _____, 2006 IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS, JUDGMENTS, AND RELEASES ENTERED IN CONNECTION WITH THE SETTLEMENT.

If you choose to opt out of the Settlement and the Settlement Class, you will not be entitled to receive the benefits of the Settlement with Progressive, including any payment from the Settlement Fund. Your claims against Progressive will not be released and you will be free, subject to any otherwise applicable defenses and limitations periods, to pursue any claims you believe you have against Progressive by filing a separate action or request for arbitration if you are subject to an arbitration agreement.

8.    WHAT ABOUT ATTORNEYS' FEES AND EXPENSES?

Since the beginning of this litigation, Class Counsel in the Actions have not received any payment for their services in prosecuting the Action, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the Settlement, counsel for the Settlement Class will apply to the Court for an award of attorneys' fees, including costs and expenses. In the Settlement Agreement, Progressive has agreed not to oppose such an application for attorneys' fees in the amount of up to 30% of the total value of the Settlement Fund. In addition, Progressive has agreed not to oppose an award of reasonable costs and expenses of this litigation in an amount not to exceed $15,000. If the Court awards Plaintiffs' attorneys' fees and expenses in an amount no greater than these amounts, Progressive will pay the amount awarded by the Court to Plaintiffs' counsel. This payment is in addition to the consideration to the members of the Settlement Class that is described above and will not reduce the amount available to Class Members if the Settlement is approved.

9.    WHAT IS THE CLASS REPRESENTATIVES' INCENTIVE AWARD?

In addition to the application for attorneys' fees and expenses described in the preceding section, in connection with the Court's consideration of the Settlement, Class Representatives intend to seek an award from the Court in the amount of up to $15,000, which, if awarded, would be in addition to the settlement consideration that will be available to members of the Settlement Class. In the Settlement Agreement, Progressive has agreed not to oppose such an application up to $15,000 for each Class Representative. If the Court awards the Class Representatives up to that amount, Progressive will pay such amount to the Class Representatives.

10.    WHO CAN I CONTACT WITH QUESTIONS?

If you have questions regarding this Notice, the Settlement with Progressive or the Action generally, you can obtain additional information from the following sources:

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 8

Progressive Settlement Administrator
The Garden City Group, Inc.
2720 Airport Drive, Suite 100
Columbus, Ohio 43219

Counsel for the Settlement Class
Carlin J. Phillips, Esq.
Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
E-mail: cphillips@phillipsgarcia.com

Kopelman & Blankman, P.A.
Larry Kopelman, Esq.
Douglas Blankman, Esq.
350 East Las Olas Blvd., #980
Fort Lauderdale, FL 33301
E-mail: dab@kopelblank.com

**PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE.**

11.    REQUEST TO FORWARD THIS NOTICE.

If you would be a member of the Settlement Class described in this Notice but you have assigned any claims that might be covered by the Settlement or be released as described above, please forward this notice to the appropriate person as soon as possible.

Dated this ____ day of _____, 2006.

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR PAUL ZIDEL, on behalf of himself and
others similarly situated,

       Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

       Defendant/Third Party Plaintiff,

_____

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

       Plaintiff,
vs.

PROGRESSIVE EXPRESS INSURANCE       Case No. 00-6649
COMPANY, et al,

       Defendants.
_____/

ULTRA OPEN MRI CORP., on behalf of itself       Case No. 01-6776
and all others similarly situated,

       Plaintiff,
vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

       Defendant.
_____/

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

THIS MATTER came before the Court upon the Joint Motion for Preliminary Approval of

Settlement Agreement (D.E. # _____), dated February _____, 2006, filed herein by the Plaintiffs,

Keith Brickell, D.C. ("Brickell") and Ultra Open MRI Corporation ("Ultra Open")(collectively

"Class Representatives"), and the Defendants, Progressive American Insurance Company,

Progressive Casualty Insurance Company, Progressive Express Insurance Company, Progressive

Consumers Insurance Company, Progressive Bayside Insurance Company, Progressive Southeastern

Insurance Company, Progressive Auto Pro Insurance Company, and National Continental Insurance Company (collectively "Progressive"), and the Court, having reviewed that Joint Motion and the terms and conditions of the proposed settlement, as set forth in the Settlement Agreement and Stipulation, a copy of which has been submitted with the Joint Motion and the terms of which are incorporated herein, and been duly advised of all other prior proceedings in this action and finding good cause for the entry of this Order, it is hereby:

<strong>CONSIDERED, ORDERED and ADJUDGED as follows:</strong>

1.      The terms of the Settlement Agreement ("Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

<strong><u>CONDITIONAL CERTIFICATION OF THE CLASS</u></strong>

2.      For purposes of settlement only and pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), and solely with respect to Progressive, this action is conditionally certified as a class action on behalf of the following persons or entities (collectively "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) that rendered medical services to Assignors[1] in the State of Florida; (b) that received a valid assignment of benefits from Assignors as to such services; (c) that submitted bills for payment for such services to Progressive; (d) whose bills were reduced by Progressive based on the application of a ADP/Beech Street PPO reduction during the Class Period (*i.e.,* January 1, 1997 through January 1, 2005); and (e) who have not previously been paid the amount taken as a PPO discount and/or previously settled, resolved or released claims against Progressive based on or arising out of such discounts ("Settlement Class").

Brickell and Ultra Open are conditionally certified as the Representatives of the Settlement Class.

This conditional certification of the Settlement Class and Class Representatives is solely for purposes

---

[1]"Assignors" include all persons entitled to benefits under policies of insurance issued by Progressive in the State of Florida.

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 3

of effectuating the settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect and the parties to the settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the settlement, rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

## FAIRNESS HEARING: RIGHT TO APPEAR AND OBJECT

3.    A Final Settlement and Fairness Hearing ("Fairness Hearing") shall take place before the undersigned, United States District Judge Zloch, at the United States Courthouse, Courtroom _____, on _____ [*at least 120 days from the date of this Order*] to determine:

a.    Whether the Court should certify the Settlement Class and whether the Class Representatives and their counsel have adequately represented the Settlement Class;

b.    Whether the settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

c.    Whether the actions styled *Keith Brickell, D.C. v. Progressive Express Ins. Co.*, Case No. 00-6649 and *Ultra Open MRI Corp. v. Progressive American Ins. Co.* , Case No. 01-6776 (collectively "the Actions") should be dismissed on the merits and with prejudice as to Progressive;

d.    Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Actions against Progressive;

e.    Whether the application for attorney's fees and expenses to be submitted by Class Counsel should be approved;

f.    Whether the application for incentive awards to be submitted by the Class Representatives should be approved; and

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 4

g.    Such other matters as the Court may deem necessary or appropriate.  The Court may finally approve the settlement at or after the Fairness Hearing with any modifications agreed to by the parties and without further notice to the class.

4.    Any Class Member who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with its consideration of those matters, unless on or before the Claim Deadline of _____[*90 days from the date of this Order*], such person:

a.    Files with the Court a notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documents that such person intends to rely upon at the Fairness Hearing;

b.    Files with the Court a copy of a valid Assignment of Benefits demonstrating the person's standing to assert objections; and

c.    Serves copies of such materials either by hand-delivery or by first-class mail, postage prepaid, upon the following counsel by _____[*90 days from the date of this Order*]:

Counsel for the Settlement Class
Eric Lee, Esq.
LEE & AMTZIS, P.L
5550 Glades Road, Suite 401
Boca Raton, Florida 33431

and

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 5

Counsel for the Progressive Defendants
Francis A. Anania, Esq.
Donald A. Blackwell, Esq.
ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN, P.A.
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131

5.      The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

## FORM AND TIMING OF NOTICE

6.      As soon as practicable after entry of this Order, but no later than 30 days after the Order is entered, the Settlement Administrator shall cause copies of the Notice and Proof of Claim, substantially in the form of Exhibits A and C to the Settlement Agreement, the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class to the extent such Class Members can be identified with reasonable diligence.

7.      Prior to the Final Settlement Hearing, Progressive and/or the Settlement Administrator shall file a sworn statement attesting to compliance with the preceding paragraph. The cost of providing the Notice to the Settlement Class, as specified in this Order, shall be paid as set forth in the Settlement Agreement.

8.      The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to Class Members and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 6

## ABILITY OF CLASS MEMBERS TO OPT OUT OF THE SETTLEMENT CLASS

9.    All Class Members who wish to opt out of the Settlement Class must do so by sending written notice of their election to opt out to the Settlement Administrator at the address set forth in the Notices to be provided as set forth in this Order. The Class Representative shall not be permitted to opt out of the Settlement. To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request must be post-marked by no later than _____, 2006 ("Opt Out Deadline")[*90 days from the date of this Order*]. Prior to the Final Settlement Hearing, Progressive and/or the Settlement Administrator shall submit to the Court a sworn statement setting forth the names and addresses of each Class Member who is timely electing to opt out of the class.

10.    Any potential Class Member who does not properly and timely request exclusion from the class shall be included in such class and, if the Settlement is approved and become effective, shall be bound by all the terms and provisions of the Settlement Agreement, including, but not limited to, the Releases, Waivers and Covenants not to sue described therein, whether or not such person shall have objected to the Settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

## OTHER PROVISIONS

11.    Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

12.    All proceedings against and concerning Progressive in this action, other than proceedings that may be necessary to carry out the terms and conditions to the settlement, including all pending actions in any other state or federal court relating to the same issues asserted in this action, are hereby stayed and suspended until the Opt Out Deadline. Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting claims for relief against Progressive relating to PPO reductions.

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 7

13.    No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

14.    Neither the Settlement Agreement, nor any provisions therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or to be deemed to be evidence of or an admission or concession of liability or wrongdoing on part of the Class Representatives, their counsel, any members of the class, Progressive, or any other person or that the claims and defenses that have been, or could have been, asserted in the Actions are or are not meritorious. Moreover, neither the Settlement Agreement, nor any communications relating to its, shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of liability or wrongdoing of any nature or that the Class Representatives, or any Class Member or any person has or has not suffered any damage.

15.    In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

DONE and ORDERED in the Southern District of Florida on this ____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR PAUL ZIDEL, on behalf of himself and others
similarly situated,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant/Third Party Plaintiff,

_____

KEITH BRICKELL, D.C., individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE        Case No. 00-6649
COMPANY, et al,

        Defendants.

_____/

ULTRA OPEN MRI CORP., on behalf of itself        Case No. 01-6776
and all others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

        Defendant.

_____/

## PROOF OF CLAIM

**DEADLINE FOR SUBMISSION:** _____

If you submit a Proof of Claim that is incomplete or inaccurate, it may be rejected, and you may be precluded from obtaining a Settlement Payment.

Please do not mail or deliver this Form to the Court or to any of the Parties, *i.e.*, Keith Brickell, D.C. or Ultra Open MRI Corporation, or their Counsel. In addition, do not telephone the Judge or Clerk of the Court, your insurance agent, or any representatives of Progressive.

Please type or print legibly.

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 2

## PART I: CLAIMANT INFORMATION

Name of Claimant:_____

If Claimant is a Business or other Entity, Full Name of the Entity:
_____

If Claimant is a Business or Other Entity, Name and Title of Person filing claim on behalf of the Entity:
_____

Claimant Social Security or Tax Identification Number: _____

Claimant Street Address:_____

City: _____ State:_____ Zip Code: _____

Claimant Telephone/Contact Number(s):

Daytime: (_____) _____ - _____    Evening: (_____) _____ - _____

## PART II.  YOUR CLAIM

UNDER THE TERMS OF THE PROPOSED SETTLEMENT, YOU ARE NOT ELIGIBLE TO RECOVER IF YOU ARE NOT A MEMBER OF THE FOLLOWING SETTLEMENT CLASS:

>  Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) that rendered medical services to Assignors in the State of Florida; (b) that received a valid assignment of benefits from Assignors as to such services; (c) that submitted bills for payment for such services to Progressive; (d) whose bills were reduced by Progressive based on the application of a ADP/Beech Street PPO reduction during the Class Period (*i.e.*, January 1, 1997 through January 1, 2005); and (e) who have not previously been paid the amount taken as a PPO discount and/or previously settled, resolved or released claims against Progressive based on or arising out of such discounts ("Settlement Class").

"Assignors" include all persons entitled to benefits under policies of insurance issued by Progressive in the State of Florida.

"Progressive" includes the following entities: Progressive American Insurance Company, Progressive Casualty Insurance Company, Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Progressive Southeastern Insurance Company, Progressive Auto Pro Insurance Company, and National Continental Insurance Company.

**PLEASE ANSWER THE FOLLOWING:**

1.    Under the terms of the proposed settlement, you are not eligible to recover if you did not provide medical services to Assignors for which you were paid during the class period.  Please check one of the following two boxes:

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 3

[ ]   I verify that I provided medical services to Assignors for which I was paid during the period January 1, 1997 through January 1, 2005.

[ ]   I did **not** treat any Assignors during the period January 1, 1997 through January 1, 2005.

2.     Under the terms of the Proposed Settlement, you are not eligible to recover if you did not have a valid assignment of benefits from Assignors to whom you provided medical services for which you were paid during the Class Period. Please check one of the following two boxes:

[ ]   I verify that, upon information and belief, I hold valid assignment(s) of benefits from Assignors to whom I provided medical services for which I was paid during the period January 1, 1997 through January 1, 2005.

[ ]   I do **not** hold valid assignment(s) of benefits from Assignors to whom I provided medical services for which I was paid during the period January 1, 1997 through January 1, 2005.

3.     Under the terms of the Proposed Settlement, you are not eligible to recover if you previously have been paid the amount taken as a PPO discount and/or previously settled, resolved or released claims against Progressive based on or arising out of such discounts.

[ ]   I verify that, upon information and belief, I have not previously been paid the amount taken as a PPO discount and/or previously settled, resolved or released claims against Progressive based on or arising out of such discounts.

[ ]   I previously have been paid the amount taken as a PPO discount and/or previously have settled, resolved or released claims against Progressive based on or arising out of such discounts.

**ANY CLASS MEMBERS WHO VERIFY UNDER OATH THAT THEY POSSESS ASSIGNMENTS OF BENEFITS ALSO AGREE THAT THEY WILL REIMBURSE THOSE FUNDS TO PROGRESSIVE IF A PERSON ENTITLED TO BENEFITS UNDER POLICIES OF INSURANCE ISSUED BY PROGRESSIVE IN THE STATE OF FLORIDA SUCCESSFULLY CLAIMS FOR THE SAME BENEFITS. THE REIMBURSEMENT IS LIMITED TO THE AMOUNT THE CLASS MEMBER RECEIVES AS PART OF THE SETTLEMENT FOR THE SPECIFIC CLAIM SUBSEQUENTLY ASSERTED BY SUCH PERSON.**

**PROGRESSIVE MAY INVESTIGATE THE VALIDITY OF ANY AND ALL PROOF OF CLAIM FORMS.**

## CERTIFICATION

I state under penalty of perjury under the laws of Florida and the United States of America that:

A.     I am a member of the Settlement Class defined above and did not request to be excluded from the Settlement Class;

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
Page 4

B.    The information supplied by me in this Proof of Claim is true and accurate and executed under the pains and penalties of perjury.

_____
Signature

_____
Print Name

_____
Dated:

**IF THIS IS BEING SIGNED BY AN INDIVIDUAL ON BEHALF OF A MEDICAL ENTITY CLAIMANT (*e.g.,* A CORPORATION, SOLE PROPRIETORSHIP, PROFESSIONAL ASSOCIATION, OR PARTNERSHIP), PLEASE PROVIDE THE NAME OF THE ENTITY:**

Filed on behalf of: _____
                    Name of Entity