UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH



FILED by _____ D.C.

MAR 21 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

DR PAUL ZIDEL, on behalf of
himself and others similarly
situated,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

KEITH BRICKELL, D.C.,             Case No. 00-6649-CIV-ZLOCH
individually and on behalf of
all others similarly situated,

    Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE
COMPANY, et al.,

    Defendants.
_____/

ULTRA OPEN MRI CORP., on            Case No. 01-6776-CIV-ZLOCH
behalf of itself and all
others similarly situated,

    Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

THIS MATTER is before the Court upon the Joint Motion for Preliminary Approval of Settlement Agreement (DE 1144) filed herein



by Plaintiffs Keith Brickell, D.C. (hereinafter "Brickell") and Ultra Open MRI Corporation (hereinafter "Ultra Open")(hereinafter collectively "Class Representatives"), and Defendants Progressive American Insurance Company, Progressive Casualty Insurance Company, Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Progressive Southeastern Insurance Company, Progressive Auto Pro Insurance Company, and National Continental Insurance Company (hereinafter collectively "Progressive").  The Court has carefully reviewed the instant Motion and the terms and conditions of the Settlement Agreement And Stipulation, a copy of which has been submitted with the instant Motion, and the entire court file herein and is otherwise fully advised in the premises.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Joint Motion for Preliminary Approval of Settlement Agreement (DE 1144) be and the same is hereby **GRANTED** as follows:

The terms of the Settlement Agreement And Stipulation (DE 1144, Appendix) (hereinafter the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.  The Court concludes that the settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the fairness Hearing, and the circulation of Notice

to Class Members, each as provided for in this Order and the Stipulation.

## CONDITIONAL CERTIFICATION OF THE CLASS

For purposes of settlement only and pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), and solely with respect to Progressive, this action is conditionally certified as a class action on behalf of the following persons or entities (hereinafter collectively the "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) that rendered medical services to Assignors[1] in the State of Florida; (b) that received a valid assignment of benefits from Assignors as to such services; (c) that submitted bills for payment for such services to Progressive; (d) whose bills were reduced by Progressive based on the application of a ADP/Beech Street PPO reduction during the Class Period (*i.e.*, January 1, 1997 through January 1, 2005); and (e) who have not previously been paid the amount taken as a PPO discount and/or previously settled, resolved or released claims against Progressive based on or arising out of such discounts.

Brickell and Ultra Open are conditionally certified as the Representatives of the Settlement Class. This conditional certification of the Settlement Class and Class Representatives is solely for purposes of effectuating the settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representatives shall be void

---

[1] "Assignors" include all persons entitled to benefits under policies of insurance issued by Progressive in the State of Florida.

and of no further effect and the parties to the settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the settlement, rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

### FAIRNESS HEARING: RIGHT TO APPEAR AND OBJECT

A Final Fairness Hearing (hereinafter the "Fairness Hearing") shall take place on <u>Monday, August 7, 2006</u>, at <u>10:00 a.m.</u>, before the Honorable William J. Zloch, in Courtroom A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida to determine:

   a.   Whether the Court should certify the Settlement Class and whether the Class Representatives and their counsel have adequately represented the Settlement Class;

   b.   Whether the settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

   c.   Whether the actions styled <u>Keith Brickell, D.C. v. Progressive Express Ins. Co.</u>, Case No. 00-6649 and <u>Ultra Open MRI Corp. v. Progressive American Ins. Co.</u>, Case No. 01-6776

(hereinafter collectively "the Actions") should be dismissed on the merits and with prejudice as to Progressive;

  d. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Actions against Progressive;

  e. Whether the application for attorney's fees and expenses to be submitted by Class Counsel should be approved;

  f. Whether the application for incentive awards to be submitted by the Class Representatives should be approved; and

  g. Such other matters as the Court may deem necessary or appropriate.  The Court may finally approve the settlement at or after the Fairness Hearing with any modifications agreed to by the parties and without further notice to the class.

Any Class Member who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with its consideration of those matters, unless on or before the Claim Deadline of <u>Friday, June 30, 2006</u>, such person:

  a. Files with the Court a notice of such person's intention

to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documents that such person intends to rely upon at the Fairness Hearing;

   b.   Files with the Court a copy of a valid Assignment of Benefits demonstrating the person's standing to assert objections; and

   c.   Serves copies of such materials either by hand-delivery or by first-class mail, postage prepaid, upon the following counsel by Friday, June 30, 2006:

   Counsel for the Settlement Class
   Eric Lee, Esq.
   LEE & AMTZIS, P.L
   5550 Glades Road, Suite 401
   Boca Raton, Florida 33431

and

   Counsel for the Progressive Defendants
   Francis A. Anania, Esq.
   Donald A. Blackwell, Esq.
   ANANIA, BANDKLAYDER, BLACKWELL,
   BAUMGARTEN, TORRICELLA & STEIN, P.A.
   Bank of America Tower, Suite 4300
   100 Southeast Second Street
   Miami, Florida 33131

The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

### FORM AND TIMING OF NOTICE

As soon as practicable after entry of this Order, but no later than 30 days after the Order is entered, the Settlement Administrator shall cause copies of the Notice and Proof of Claim, substantially in the form of Exhibits A and C to the Settlement Agreement, the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class to the extent such Class Members can be identified with reasonable diligence.

Prior to the Fairness Hearing, Progressive and/or the Settlement Administrator shall file a sworn statement attesting to compliance with the preceding paragraph. The cost of providing the Notice to the Settlement Class, as specified in this Order, shall be paid as set forth in the Settlement Agreement.

The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to Class Members and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

**ABILITY OF CLASS MEMBERS TO OPT OUT OF THE SETTLEMENT CLASS**

All Class Members who wish to opt out of the Settlement Class must do so by sending written notice of their election to opt out

to the Settlement Administrator at the address set forth in the Notices to be provided as set forth in this Order. The Class Representative shall not be permitted to opt out of the Settlement. To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request must be post-marked by no later than <u>Friday, June 30, 2006</u> (hereinafter the "Opt Out Deadline"). Prior to the Final Settlement Hearing, Progressive and/or the Settlement Administrator shall submit to the Court a sworn statement setting forth the names and addresses of each Class Member who is timely electing to opt out of the class.

Any potential Class Member who does not properly and timely request exclusion from the class shall be included in such class and, if the Settlement is approved and become effective, shall be bound by all the terms and provisions of the Settlement Agreement, including, but not limited to, the Releases, Waivers and Covenants not to sue described therein, whether or not such person shall have objected to the Settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

## OTHER PROVISIONS

Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the

Settlement Agreement.

All proceedings against and concerning Progressive in this action, other than proceedings that may be necessary to carry out the terms and conditions to the settlement, including all pending actions in any other state or federal court relating to the same issues asserted in this action, are hereby stayed and suspended until the Opt Out Deadline.  Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting claims for relief against Progressive relating to PPO reductions.

No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

Neither the Settlement Agreement, nor any provisions therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or to be deemed to be evidence of or an admission or concession of liability or wrongdoing on part of the Class Representatives, their counsel, any members of the class, Progressive, or any other person or that the claims and defenses that have been, or could have been, asserted in the Actions are or are not meritorious.  Moreover, neither the Settlement Agreement,

nor any communications relating to it, shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of liability or wrongdoing of any nature or that the Class Representatives, or any Class Member or any person has or has not suffered any damage.

In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _21st_ day of March, 2006.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished to:

All counsel of record