

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

       Defendants.

_____/

MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

       Plaintiffs,

v.                                  00-7163

ALLSTATE INDEMNITY COMPANY, et al.

       Defendants.

_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

       Plaintiff,

v.                                  00-6777

DEERBROOK INSURANCE COMPANY,

       Defendant.

_____/



CONSOLIDATED CASE NO. 00-6061

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

      Plaintiff,

v.                                                                          01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

      Defendants.

_____/

## JOINT MOTION FOR PRELIMINARY
## APPROVAL OF SETTLEMENT AGREEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs, Dr. Paul Zidel, Marc Browner, D.C. and Ultra Open MRI Corporation (the "Class Representatives"), and Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, The Fidelity and Casualty Company of New York, and The Continental Insurance Company (collectively, "Defendants"), hereby jointly move the Court for entry of an Order of Preliminary Approval of the Settlement Agreement executed by the Parties in the above-captioned class action case. A true and correct copy of the Settlement Agreement and Stipulation is attached as Exhibit 1. A proposed Order is attached as Exhibit 2. In support of their Motion, the Parties state as follows:

1.      The Parties have reached a comprehensive settlement of the pending class action case, the terms and conditions of which are contained within the Settlement Agreement and Stipulation. The Parties jointly move for preliminary approval of the Settlement Agreement, believing it to be fair, adequate, and reasonable to the Parties, as well as to the members of the Settlement Class, as defined in the Settlement Agreement.

2.      On March 10, 2006, the Eleventh Circuit Court of Appeals entered an Order of Partial Remand, relinquishing jurisdiction to this Court for approval of the class action settlement. A true and correct copy of the Remand Order is attached hereto as Exhibit 3.

3.      Preliminary approval is necessary in order to commence the process of providing notice to class members of the nature of the case, and the terms and conditions of Settlement. The notice will also permit class members to evaluate whether, among other things: (a) they want to opt-out of the Settlement, and/or (b) whether they are entitled to a portion of the Settlement Fund. A copy of the proposed Notice of Pendency of Class Action is attached as Exhibit A to the Settlement Agreement.

4.      Should the class members determine that they are members of the class and entitled to receive a portion of the Settlement Fund, the Settlement Agreement requires them to fill out a Proof of Claim. The proposed Proof of Claim is attached as Exhibit C to the Settlement Agreement.

**WHEREFORE,** the Parties jointly move the Court for entry of an Order of Preliminary Approval of Settlement Agreement.

CONSOLIDATED CASE NO. 00-6061

Respectfully submitted,

Lee & Amtzis, P.L.
Counsel for Plaintiffs
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Phone: 561-981-9988
Fax: 561-981-9980
E-Mail: lee@leeamlaw.com.

By: _____
Eric Lee
Fla. Bar No. 961299

--and--

Meckler Bulger & Tilson LLP
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
Phone: (312) 474-7900
Fax: (312) 474-7898
E-Mail: peter.valeta@mbtlaw.com

By: _____
Peter Valeta, Esq.
Fla. Bar No. 32755

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by

U.S. Mail, on this ___11th___ day of May, 2006 on all persons on the attached service list.

_____
Peter Valeta

4

# SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
Richard@bokorlaw.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for:**
**Allstate, Fidelity and Casualty, Deerbrook**

RUMBERGER, KIRK & CALDWELL
David B. Shelton, Esq.
dshelton@rumberger.com
Signature Plaza, Suite 300
201 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 Facsimile

MECKLER BULGER & TILSON
Peter J. Valeta, Esq.
peter.valeta@mbtlaw.com
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
(312) 474-7895
(312) 474-7898 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@krtsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL 33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants.
_____/
MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                        00-7163

ALLSTATE INDEMNITY COMPANY, et al.

        Defendants.
_____/
ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

        Plaintiff,

v.                                        00-6777

DEERBROOK INSURANCE COMPANY,

        Defendant.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

     Plaintiff,

v.                                   01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

     Defendants.

_____/

## SETTLEMENT AGREEMENT AND STIPULATION

     This Settlement Agreement and Stipulation (the "Agreement") is entered into as of

May 4, 2006, between Dr. Paul Zidel, Dr. Marc Browner, and Ultra Open MRI Corp. (the

"Class Representatives"), suing on behalf of themselves and the Settlement Class defined below,

and the following entities: ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY

COMPANY, DEERBROOK INSURANCE COMPANY, THE FIDELITY AND CASUALTY

COMPANY OF NEW YORK, THE CONTINENTAL INSURANCE COMPANY,

NATIONAL-BEN FRANKLIN INSURANCE COMPANY OF ILLINOIS, THE BUCKEYE

UNION INSURANCE COMPANY, THE GLENS FALLS INSURANCE COMPANY,

KANSAS CITY FIRE & MARINE INSURANCE COMPANY, FIREMAN'S INSURANCE

COMPANY OF NEWARK, NEW JERSEY, PACIFIC INSURANCE COMPANY, NIAGARA

FIRE INSURANCE COMPANY, BOSTON OLD COLONY INSURANCE COMPANY,

COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, CONTINENTAL

REINSURANCE CORPORATION, CONTINENTAL CASUALTY COMPANY,

TRANSPORTATION INSURANCE COMPANY, AMERICAN CASUALTY COMPANY OF

READING, PENNSYLVANIA, TRANSCONTINENTAL INSURANCE COMPANY,

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, VALLEY FORGE INSURANCE COMPANY, ENCOMPASS FLORIDIAN INSURANCE COMPANY, and ENCOMPASS FLORIDIAN INDEMNITY COMPANY. (collectively, "Defendants").

**WHEREAS,** the Class Representatives have brought the above-captioned Actions in the United States District Court for the Southern District of Florida (the "Actions").

**WHEREAS,** the Actions generally allege that Defendants improperly applied certain preferred provider organization ("PPO") reductions to medical bills arising from no-fault ("PIP") and medical payments ("MedPay") automobile insurance claims.

**WHEREAS,** the Complaint alleges that the Class Representatives entered into a participating provider contract with a provider network organization (a "Provider Network"). Pursuant to the agreement between the Class Representatives and the Provider Network, the Class Representatives agreed to discount their fees to the Provider Network's subscribers (the "PPO reduction"). The Class Representatives allege that Defendants used the PPO reduction to process and discount their bills. The Class Representatives allege that they provided medical services to certain persons who were insured by Defendants for PIP and MedPay benefits in connection with automobile insurance policies issued by Defendants. The Class Representatives allege that they submitted to Defendants medical bills arising from their provision of medical services to Defendants insureds. While the Class Representatives acknowledge that Defendants did not reject payment of these bills outright, they allege that Defendants improperly reduced the amounts payable. In particular, the Class Representatives allege that Defendants improperly applied the discount that the Class Representatives had agreed to accept pursuant to their contract with the Provider Network. The Class Representatives allege that Defendants were not entitled to discount their fees because Defendants had not complied with Fla. Stat. § 627.736(10) and/or

3

their participating provider contract. Based on these alleged facts, the Class Representatives have asserted the following claims against Defendants: (1) unjust enrichment; (2) breach of third-party beneficiary contract; (3) RICO Act violations; (4) declaratory relief; and (5) violation of Fla. Stat. § 627.736.

**WHEREAS,** Defendants deny all allegations of fault, wrongdoing or liability in the action and do not concede any infirmity in its defenses. Moreover, Defendants contend that the Class Representatives' claims are subject to arbitration and cannot be litigated in federal court.

**WHEREAS,** the Class Representatives have purported to bring the Actions as class actions on behalf of all persons they claim are similarly situated;

**WHEREAS,** this Settlement is made on behalf of the following Settlement Class:

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a motor vehicle insurance policy issued by one of the Defendants in the state of Florida that provided PIP coverage; (b) That received a valid assignment of benefits from the person(s) insured by such Defendants as to such services; (c) That submitted bills for payment for such services to Defendants; and (d) Whose bills were paid at a reduced rate by Defendants based on the application of a PPO reduction during the Class Period (January 1, 1998 through the date of this Agreement).

Excluded from the Class are: Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants. Also excluded is any trial judge that may preside over the Actions. In addition, the two individual claims which are at issue in the case entitled *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545, are expressly excluded from this settlement and no claim with regard to those claims shall be payable under this Agreement. The Parties have agreed to seek conditional certification of this Settlement Class. The Parties have also agreed, subject to Court approval: (a) that the Class

Representatives shall be appointed as the representative of this Settlement Class; and (b) the following law firms shall be appointed to serve as Counsel to the Settlement Class: Kopelman & Blankman, Lee & Amtzis, Gold & Coulson, and Phillips & Garcia.

**WHEREAS,** counsel for the Parties have conducted extensive settlement discussions and arm's-length negotiations before Joseph Unger, a mediator with the United States Court of Appeals for the Eleventh Circuit, in an effort to accomplish a global compromise and settlement of the claims asserted in the Actions. In the course of such settlement discussions and negotiations, Plaintiffs and Defendants have exchanged various information, including an affidavit from Defendants regarding the PPO reductions applied by Defendants during the time period covered by this settlement, regarding Defendants' business operations and activities relating to the application of such PPO reductions, and regarding non-class claims previously litigated, negotiated, settled, and/or paid by Defendants for claims pertaining to such PPO reductions. Based on the investigation, research and analysis conducted to date and the efforts of the mediator, the Parties consider it desirable and in their best interests, and in the interests of the Settlement Class to have an opportunity to reach an equitable, appropriate, statewide resolution of the issues raised in the litigation, on the terms set forth herein, taking into account the risks, uncertainties, delay and expenses involved in the Actions, as well as other relevant considerations, including, but not limited to, the time and expenses of defending costly and protracted litigation on Appeal and in the trial court, and to fully and finally settle all claims asserted in this matter.

**WHEREAS,** the Parties agree that, by entering into this Settlement, no party shall be deemed to have admitted in any way any claims or contentions made by the other nor to have diminished in any way the validity of any claim or contention asserted by that party with respect

to the Actions. It is further specifically agreed that Defendants' execution of this Agreement is not, and shall not be construed as, an admission by Defendants or deemed to be evidence: (a) of the validity of any of the claims made by Class Representative on behalf of the members of the Settlement Class or of any liability to Class Representatives or to any member of the Settlement Class; (b) that Defendants have waived any right to arbitration of the claims; (c) that Defendants have violated § 627.736(10); or (d) that the Actions are properly maintainable as a class action. The Parties further agree that neither the Settlement Agreement itself, nor any of the other documents prepared or executed by any party in negotiating or implementing the Settlement called for by this Agreement, nor any of the terms of any such documents, shall ever be offered in evidence in or shared with any party to any civil, criminal or administrative action or proceeding without Defendants' express written consent.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Agreement, and subject to approval by the Court as provided herein pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the Class Representatives, acting for themselves and on behalf of the Settlement Class, and Defendants, that all claims, rights and causes of action, state or federal, and including damages, losses and demands of any nature, that have been asserted by the Class Representatives and the Settlement Class in the Actions against Defendants, as defined herein, shall be settled, released and dismissed with prejudice upon and subject to the following terms and conditions all of which are subject to approval by the Court:

<u>**DEFINITIONS**</u>

1.      The following terms shall have the following meanings in this Agreement and the annexed exhibits.

1.1.    "Actions" shall refer to the cases captioned Dr. Paul Zidel v. Allstate Insurance Company, and Community Care Network, Inc., Case No. 00-60601-CIV-Zloch (S.D. Fla.); Marc J. Browner v. Allstate Indemnity Company, Beech Street Corporation, and ADP Integrated Medical Solutions, Inc., Case No. 00-7163-CIV-Zloch (S.D. Fla.); Ultra Open MRI Corp. v. Deerbrook Insurance Co., Case No. 01-6777-CIV-Zloch (S.D. Fla.); and Ultra Open MRI Corp. v. Fidelity and Casualty Insurance Co. of New York and Continental Insurance Co., Case No. 01-6779-CIV-Zloch (S.D. Fla.), pending in the United States District Court for the Southern District of Florida and currently on appeal to the United States Court of Appeals for the Eleventh Circuit (Case No. 02-16054A).

1.2.    A "PPO reduction" means a reduction calculated pursuant to a participating provider network contract on medical bills submitted on behalf of persons who were covered by and who filed a claim for PIP and/or MedPay benefits under an automobile insurance policy issued by Defendants in the state of Florida.

1.3.    A "Class Member" means a healthcare provider, as defined by the Florida Motor Vehicle No-Fault Act:

> 1.3.1.    That rendered medical services to person(s) insured under an automobile insurance policy issued by one of the Defendants in the state of Florida that provided PIP and/or MedPay coverage;
>
> 1.3.2.    That received a valid assignment of benefits from the person(s) insured by Defendants as to such services;
>
> 1.3.3.    That submitted bills for payment for such services to Defendants; and
>
> 1.3.4.    Who are identified in the CCN, Beech Street and/or ADP

databases referred to in ¶ 4.1 of this Agreement as having had PPO reductions calculated regarding such bills, or for whose bills a PPO reduction was actually calculated.

These Class Members comprise the "Settlement Class." Excluded from the Settlement Class are: 1) Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants; and 2) any trial judge who may preside over the Actions.

1.3.5.  Additionally, certain claims of Class Members are excluded from payment under this settlement as follows:

a.     the individual claims or purported claims of each Class Member against the Defendants that have been released, settled, or otherwise discharged prior to the date of this, Agreement;

b.     the individual claims or purported claims of any Class Member regarding the PPO reductions which are the subject of this settlement, which are alleged in a individual lawsuit brought against one or more of the Defendants that is pending as of the date of preliminary approval of this settlement; provided, however, that payment of such claims for a Class Member may be paid under this settlement if that provider submits a timely and complete qualified Proof of Claim and expressly agrees to the dismissal of such pending lawsuit(s) with prejudice upon the final approval of this settlement (this proviso shall not be applicable to the two individual claims at issue in *Allstate Ins. Co. v. Holy Cross Hosp.,*

*Inc.*, listed below); and

c.      the two individual claims which are at issue in the case entitled *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545; these claims are expressly excluded from this settlement and no claim with regard to those claims shall be payable under this Agreement.

1.4.    The "Class Period" means the period January 1, 1998 through the date of this Agreement.

1.5.    The "Claim Deadline" means the date by which all Proof of Claim forms, elections to opt out or objections must be postmarked or received by Allstate, Class Counsel, or the Court pursuant to the terms of this Agreement. This date shall be agreed upon by the Parties and is subject to the approval of the Court. This date shall be forty-five (45) days after Notice is mailed to the Class Members as set forth in ¶¶ 6-8 hereto.

1.6.    The "Complaint" means the Class Action Complaints as amended and filed in the Actions.

1.7.    The "Court" means the United States District Court for the Southern District of Florida.

1.8.    Any order of the Court contemplated by or entered pursuant to this Agreement shall be deemed to have become "Final": (a) thirty (30) days after the entry of Final Judgment, if no appeal is taken during such thirty-day period; or (b) if any appeal is filed pertaining to such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally

9

disposed of, or the date of the expiration of the time to initiate such petitions or proceedings. It is expressly agreed by Class Counsel and by Defendants that none of the parties hereto intend that this Section or any other part of this Agreement establishes or acknowledges that anyone is entitled to or has any right to appeal with regard to such orders which may be entered in connection with or concerning this Agreement.

   1.9. The "Final Judgment" means the Final Judgment and Order Approving Settlement.

   1.10. "Defendants" means the following entities that underwrote automobile insurance in the State of Florida during the Class Period and who applied PPO reductions in Florida: Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, The Fidelity and Casualty Company of New York, The Continental Insurance Company, National-Ben Franklin Insurance Company of Illinois, The Buckeye Union Insurance Company, The Glens Falls Insurance Company, Kansas City Fire & Marine Insurance Company, Fireman's Insurance Company of Newark, New Jersey, Pacific Insurance Company, Niagara Fire Insurance Company, Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey, Continental Reinsurance Corporation, Continental Casualty Company, Transportation Insurance Company, American Casualty Company of Reading, Pennsylvania, Transcontinental Insurance Company, National Fire Insurance Company of Hartford, Valley Forge Insurance Company, Encompass Floridian Insurance Company, and Encompass Floridian Indemnity Company . This definition also includes these entities' current and former officers, directors, employees, agents and representatives.

   1.11. The "Notice" means the Notice of Proposed Settlement, without material alteration from the form of Exhibit A.

1.12.    The "Order of Preliminary Approval" means an order without material alteration from the form of Exhibit B.

1.13.    The "Proof of Claim" means the proof of claim form without material alteration from the form of Exhibit C.

1.14.    "Released Claims" means any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, which are the subject of the Release set forth in ¶ 43 of this Agreement.

1.15.    "Settlement" means the settlement of this Action as set forth in this Agreement and attachments.

1.16.    "Settlement Effective Date" shall mean the date the Final Judgment shall have become Final as provided in ¶ 1.8.

The "Maximum Claim Amount" refers to an amount calculated pursuant to ¶ 13 (and its subparagraphs) below.

1.17.    The "Fairness Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.18.    "Class Counsel" shall mean and refer to Kopelman & Blankman, Lee & Amtzis, Gold & Coulson, and Phillips & Garcia, LLP, and any attorneys designated by those firms as necessary to assist in the representation of the Settlement Class in this Action, subject to Court approval.

**Submission of Agreement for Preliminary Approval and Order**

2.    The Parties agree to submit an agreed order permitting the amendment of the Complaint to add the following defendants: National-Ben Franklin Insurance Company of

Illinois, The Buckeye Union Insurance Company, The Glens Falls Insurance Company, Kansas City Fire & Marine Insurance Company, Fireman's Insurance Company of Newark, New Jersey, Pacific Insurance Company, Niagara Fire Insurance Company, Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey, Continental Reinsurance Corporation, Continental Casualty Company, Transportation Insurance Company, American Casualty Company of Reading, Pennsylvania, Transcontinental Insurance Company, National Fire Insurance Company of Hartford, Valley Forge Insurance Company, Encompass Floridian Insurance Company, and Encompass Floridian Indemnity Company. Counsel for the Parties shall submit this Agreement, and shall request an Order of Preliminary Approval substantially in the form of Exhibit B. The Order of Preliminary Approval shall include terms as follows:

2.1.    Preliminarily approving the Settlement of this Action;

2.2.    Staying any pending proceedings in any Florida Court and enjoining the initiation of any new litigation in any Florida Court asserting any claim or seeking any recovery of damages or other relief related to Defendants' application of PPO reductions during the Class Period (the "Stay Order"), except that such Stay Order shall not be applicable to and shall expressly exempt from its terms and operations the case entitled *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545;

2.3.    Providing that any Class Member that does not file a timely and complete election to opt out of this Settlement by the Claim Deadline shall be bound by the Stay Order and the Settlement.

2.4.    Providing that any Class Member that files a timely and complete election to opt out of this Settlement by the Claim Deadline may proceed with his/her/its own individual

action;

2.5.    Providing that the Stay Order shall expire five (5) days after the Claim Deadline;

2.6.    Certifying the Actions as a class action for settlement purposes only on behalf of the Settlement Class defined above;

2.7.    Providing that Allstate Insurance Company ("Allstate") will be authorized to administer this Settlement, including the mailing of notices to Class Members, determining the Settlement Payments to be made and issuing and mailing the settlement checks to Class Members who submit complete and qualified Proof of Claim forms;

2.8.    Approving and directing the mailing of a Notice and Proof of Claim substantially in the form of Exhibits A & C to all Settlement Class Members in the manner provided herein;

2.9.    Determining, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that such notification procedures will provide the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto;

2.10.    Scheduling a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Rule 23 of the Federal Rules of Civil Procedure; (b) to determine whether Final Judgment should be entered; and (c) to determine whether the application of Plaintiffs and Class Counsel for an award of fees and expenses should be granted. The Fairness Hearing shall be scheduled not less than thirty (30) days after the expiration of the Nullification Period as set forth in ¶ 32 (and its subparts);

2.11.    Approving the proposed Proof of Claim form (Exhibit C);

2.12.    Providing that any member of the Settlement Class may opt out of the

Settlement Class and the Actions in the manner and with the consequences described herein, providing that all such elections to opt out must be postmarked or received by Allstate no later than the Claim Deadline;

2.13.    Providing that counsel for Plaintiffs and Defendants shall file with the Court all elections to opt out received by no later than thirty (30) days after the Claim Deadline;

2.14.    Providing that any member of the Settlement Class that objects to the approval of this Settlement may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.  Any such objections or any petition to intervene in the Actions must be submitted in writing, must attach a copy of a valid assignment of benefits to the objecting/intervening Class Member by a person insured under an automobile insurance policy issued by Defendants in the state of Florida,, and must be served on  Class Counsel, the attorneys for Defendants, and filed with the Court on or before the Claim Deadline;

2.15.    Providing that no person shall be entitled to contest the approval of the terms and conditions of this Settlement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions herein.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Actions; and

2.16.    Authorizing the use and disclosure by Defendants and Class Counsel of such information as is contemplated and necessary to effectuate the terms and conditions of this

14

Settlement, while protecting the confidentiality of the names and addresses of persons insured by Defendants or other confidential or proprietary information pursuant to the terms of this Agreement.

### **Fairness Hearing**

3.      On the date set by the Court for the Fairness Hearing, the Parties shall jointly request the Court to review any petitions to intervene or objections to the Settlement that have been timely filed and to conduct such other proceedings as the Court may deem appropriate under the circumstances. At the Fairness Hearing, the Parties shall jointly request the Court to enter Final Judgment:

3.1.    Determining that the mailing of the Notice and Proof of Claim without material alteration from the form of Exhibits A & C to all Class Members in the manner provided herein is the best method of notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled thereto, and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

3.2.    Approving the Settlement; finding that its terms are fair, reasonable and adequate to the Settlement Class, for purposes of Rule 23 of the Federal Rules of Civil Procedure; and directing the consummation of the Settlement in accordance with the terms and conditions of this Agreement;

3.3.    Approving the elections to opt out that have been filed timely and completely before the Claim Deadline;

3.4.    Certifying the Settlement Class for settlement purposes only pursuant to Rule 23;

3.5.    Providing that each member of the Settlement Class (except those who

have filed timely and complete elections to opt out by the Claim Deadline) shall be bound by this Settlement; releasing and discharging Defendants, and their current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents, from all Released Claims; covenanting not to sue any of the Defendants over the Released Claims; barring and permanently enjoining The Class Representatives and the Class Members from asserting any of the Released Claims against Defendants, and their current and former officers and directors, or any assignee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents, in any court or forum whatsoever; dismissing all claims in the Actions against Defendants, on the merits and with prejudice; and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

       3.6.     Awarding attorneys' fees and costs as provided *infra*;

       3.7.     Reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Agreement;

       3.8.     Awarding each Class Representatives an incentive award not to exceed the sum of $15,000, which award Defendants have agreed that they will not oppose (and which is payable pursuant to the same schedule for the payment of Settlement Payments pursuant to this Agreement); and

       3.9.     Awarding such other and further relief consistent with the terms and provisions of this Agreement, as the Parties hereto may agree.

### Class Notification

4.      After due consideration of all relevant facts and available information, the Class Counsel and Counsel for Defendants have agreed that the most practical means of providing notice to the Settlement Class Members will be by direct mail:

4.1.    Certain databases relating to calculated PPO reductions were previously prepared and maintained by ADP Integrated Medical Solutions, Inc. ("ADP"), Beech Street Corporation ("Beech Street"), and/or Community Care Network, Inc. ("CCN"). Identification of the Class Members to whom notice will be sent will be based on the information reflected in the ADP, Beech Street, or CCN databases.

4.2.    Prior to mailing notices to the Class Members so identified in such databases, Allstate will seek to update the addresses of such Class Members via the National Change of Address (N.C.O.A.) database.

5.      All costs of settlement administration, including the costs of notification to the Class Members, shall be borne by Defendants, subject to approval by the Court. Such costs shall be paid separately and in addition to the Settlement Fund amount.

6.      Within forty-five (45) days following entry of the Preliminary Order, Allstate will send to each Class Member a Notice and Proof of Claim without material alteration from the form of Exhibits A & C, by first class mail, postage pre-paid, addressed to his, her or its last known address, as shown by the ADP, Beech Street, or CCN databases.

7.      The Parties shall agree on the form and content of the Notice and Proof of Claim. At a minimum, the Proof of Claim must contain a requirement that a Class Member must:

7.1.    Affirm class membership;

7.2.    Affirm identity;

7.3.    Provide tax identification and/or social security information;

17

7.4.    Affirm treatment of a Defendant's insured(s);

7.5.    Verify under oath that, upon information and belief, the provider(s) hold assignments(s) of benefits for any Defendant's insureds treated;

7.6.    Execute the Proof of Claim on information and belief and under pains and penalties of perjury; and

7.7.    Attest that they will not seek any additional compensation on the subject bills from Defendants' insured(s).

8.    Defendants shall bear all expenses incurred in connection with the identification of all members of the Class from ADP, Beech Street, or CCN databases. Costs of administration (including, but not limited to, printing and mailing the Notice and Proof of Claim forms, processing Proof of Claim forms, printing and distributing checks and drafts to Settlement Class Members and all postage relating to the foregoing) will be paid by Defendants from their own funds.

9.    Under no circumstances shall Defendants be required under this Agreement to incur or pay any fees or expenses, which it is not explicitly obligated to incur or pay hereunder.

### Claims Procedure

10.    In order to qualify to receive a payment, a Class Member must complete and sign a Proof of Claim upon information and belief and under the pains and penalties of perjury. The Proof of Claim Form must be sent by United States Mail, postmarked on or before the Claim Deadline, to a post office box to be established by Allstate. Claims may not be made via facsimile transmission.

11.    All Class Members that submit a Proof of Claim that is incomplete or is postmarked after the Claim Deadline shall be barred from recovering any payment. Allstate will

18

mail notice of rejection of elections to opt out or proofs of claim that are incomplete or postmarked after the Claim Deadline; provided, however, that Allstate shall not be required to provide notice of rejection or otherwise process or respond to elections to opt out or proofs of claim that are postmarked after the Claim Deadline and received after fifteen (15) days following the Claim Deadline.

    12.    A Class Member's claim:

        12.1.    Shall not be eligible for payment if that claim previously has been settled by a Defendant, disposed of by a final court order, or otherwise resolved, regardless of the amount paid on that claim; and

        12.2.    Shall not be eligible for payment so long as any dispute over PPO reductions already has been so resolved by a settlement, final court order, or otherwise, even if other disputes over the same bill are outstanding; and

        12.3.    Shall not be eligible for payment with regard to any bill for which a PPO reduction was calculated if, at the time the reduction was calculated, PIP benefits under the policy had already been exhausted by payment of claims.

    13.    Each Class Member that submits a timely and complete Proof of Claim shall be entitled to payment of that Class Member's Maximum Claim Amount, in accordance with the terms set forth herein, and calculated as follows:

        13.1.    The total PPO reductions will be identified from the ADP, Beech Street, or CCN databases records for that Class Member, based upon the TIN listed in that Class Member's Proof of Claim. The PPO reduction amounts shall be determined based upon the ADP, Beech Street, or CCN databases and not any other source.

13.2.    Each Class Member's PPO Reduction Amount so identified will be multiplied by eighty percent (80%)("Net PPO Reduction Amount").

13.3.    The total amount of PPO reductions for each Class member will be reduced by the following (as determined based upon a Defendant's own records) to calculate that Class Member's "PPO Reduction Amount":

> (a)    The amount of any claim for PPO reductions which was the subject of a prior settlement or final court order resolving such claim by such Class Member against one of the Defendants; and
>
> (b)    The amount of any PPO reductions that have been otherwise previously repaid or credited by Defendants to such Class Member.

13.4.    The Net PPO Reduction Amount will be multiplied by sixty-five percent (65%) (the "PPO Settlement Amount").

13.5.    If the aggregate total of all PPO Settlement Amounts calculated under this Settlement Agreement for all Class Members does not exceed the Settlement Fund Amount, then each Class Member's Maximum Claim Amount will be equal to the PPO Settlement Amounts calculated for that Class Member.

13.6.    If the aggregate total of all PPO Settlement Amounts calculated under this Settlement Agreement for all Class Members exceeds the Settlement Fund Amount, then each Class Member's Maximum Claim Amount will be equal to the PPO Settlement Amount for that Class Member **multiplied by** a fraction whose numerator is the Settlement Fund Amount and whose denominator is the aggregate total of all PPO Settlement Amounts.

14.    No attorneys' fees, interest, costs or any additional sums of any kind shall be paid

to any Class Member, other than those attorneys' fees and costs paid to Class Counsel as provided herein.

15.    Any payments as provided for in this Settlement shall be made only to the Class Member directly (except as otherwise provided in ¶¶ 24-26 of this Agreement).

16.    Upon the execution of this Agreement and preliminary approval of the Settlement by the Court, Allstate will make the sum of eight million, nine hundred thousand dollars ($8,900,000.00) (the "Settlement Fund Amount") available to pay the timely and complete claims of the Class Members.  This Settlement Fund need not be placed into escrow or be segregated from Allstate's other funds or accounts. All payments to Class Members shall be paid solely from the Settlement Fund. The Settlement Fund shall be the exclusive remedy for all Class Members. At all times, the Settlement Fund shall be controlled by Allstate. All Class Members must comply with the procedures set forth herein to receive a payment from the Settlement Fund. Under no circumstances shall Defendants be liable for or required to pay any amount in excess of eight million, nine hundred thousand dollars ($8,900,000.00) for claims submitted by Class Members. Any portion of the Settlement Fund Amount remaining after payment to Class Members reverts to Allstate.

17.    Class Members that submit a timely and complete Proof of Claim as set forth below will be entitled to make a claim.

18.    Allstate shall permit Class Counsel to inspect all claims forms received within thirty (30) days after the Claim Deadline.

19.    The Parties agree that at least one representative from Class Counsel, on behalf of all Settlement Class Members, shall be permitted to review claims to determine: (a) whether the Claim has been timely filed; (b) whether the Claim is complete; and (c) whether the proposed

settlement payment to that Class Member is in accordance with the terms of this Agreement. The Parties agree to work cooperatively and fairly together to arrive at a fair and equitable determination of any Class Member claim.

20.     Each Class Member that files a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to their claim, as well as the Final Judgment.

### Claim Dispute Resolution

21.     Based upon the information submitted with each Proof of Claim, Allstate will conduct a review of the claims submitted to determine the Settlement Payment, if any, due to each Class Member.

22.     Allstate shall make the Settlement Payments by check to Class Members entitled to payment.  No checks shall be issued to any Class Member until this Settlement becomes final.

23.     The following procedure will be utilized to resolve any disputes between any Class Member and  Allstate as to the completeness of any Proof of Claim or regarding the Settlement Payment Amount that is determined to be payable to that Class Member:

23.1.   Class Counsel and Defendants shall designate in advance an independent arbitrator and shall establish a uniform arbitration fee for such arbitrations;

23.2.   At the Class Member's election, the Class Member shall be entitled to arbitrate the completeness of any Proof of Claim;

23.3.   As a condition precedent to demanding arbitration and in order to arbitrate the completeness of any Proof of Claim, the Class Member must submit a written notice of intent to arbitrate accompanied by payment of the uniform arbitration fee by certified check within 15 days after the notice referred to in ¶ 11 was postmarked as being sent to the address on the Proof of Claim Form or waives the right to arbitrate;

23.4.    As a condition precedent to demanding arbitration and in order to arbitrate a dispute regarding the Settlement Payment Amount that is determined to be payable to that Class Member, the Class Member must submit a written notice of intent to arbitrate accompanied by: (a) payment of the uniform arbitration fee by certified check; (b) the return of the Settlement Payment check previously issued; and (c) a written, specific, final demand of the amount claimed by the Class Member as a settlement payment. Such items must be delivered within 15 days after the Settlement Payment was postmarked as being sent to the address on the Proof of Claim Form, or Class Member waives the right to arbitrate the Settlement Payment Amount;

23.5.    Defendants, Class Counsel, and the Class Member shall only submit written presentations regarding their respective positions regarding the disputed claim;

23.6.    In arbitrations of the completeness of any Proof of Claim, the arbitrator shall determine whether the Class Member has filed a complete Proof of Claim and is therefore eligible to receive a Settlement Payment pursuant to this Agreement;

23.7.    In arbitrations of the Settlement Payment Amount, the arbitrator shall determine whether the Class Member is entitled to the Settlement Payment Amount calculated or to the amount claimed by the Class Member as a settlement payment;

23.8.    The arbitrator shall make his or her determinations solely based upon written submissions and relevant documentation submitted to him or her by the Class Member, Class Counsel, and Defendants;

23.9.    If the arbitrator rules in favor of the Class Member, Allstate will reimburse the Class Member for the arbitration fee, the Class Member's claim will be deemed perfected, and a payment will be made pursuant to this Agreement (and in the amount determined by the arbitrator, if so determined). If, in the arbitration of a dispute regarding the amount of a

Settlement Payment, the arbitrator determines the Class Member is entitled to the Settlement Payment in the amount calculated by Allstate, the Class Member shall pay all attorneys' fees and costs of the Defendants pertaining to that arbitration.

23.10.  The determinations of the arbitrator as to the eligibility of a Class Member to receive a Settlement Payment or as to the amount of a Settlement Payment pursuant to this Agreement shall be binding, final, conclusive and non-appealable.

## Deceased, Dissolved or Bankrupt Class Members

24.    Where a Class Member is deceased and a payment is due to that Class Member, upon receipt of proper notification and documentation, the Settlement Payment will be made to such Member's personal representative.

25.    Where a Class Member is out-of-business or dissolved and a payment is due to that Class Member, upon receipt of proper notification and documentation, the Settlement Payment will be made to such Class Member or its creditors (including governmental taxing authorities) as Allstate in its sole discretion shall determine.

26.    Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Class Member, upon receipt of proper notification and documentation, the Settlement Payment will be made to such Class Member in accordance with applicable U.S. Bankruptcy Code laws.

## Attorneys' Fees and Costs

27.    Defendants agree not to oppose a request by Class Counsel for an award of attorneys' fees equal to 33 1/3 percent of the total value of the Settlement Fund Amount (i.e., no more than $2,966,667.00).  This will be paid in addition to and outside of the Settlement Fund Amount.

28.    Defendants agree not to oppose a request by Class Counsel for an award of Class Counsel's reasonable costs and expenses of this litigation in an amount not to exceed fifteen thousand dollars ($15,000.00).  This amount will be paid in addition to and outside of the Settlement Fund Amount.

29.    Any Court-awarded attorneys' fees and costs to Class Counsel will be paid to the trust account of Kopelman & Blankman, P.A. within 5 business days after the Final Judgment becomes Final as defined in ¶ 1.8.  If an appeal is taken from the Final Judgment, payment of outstanding attorneys' fees and costs shall not be due until the resolution of such appeal. However, Defendants shall not be obligated to deliver such fees and costs if the Settlement is not approved and sustained on appeal.

### Payment of Settlement Amounts

30.    Allstate shall send a check or draft payable to each Class Member that has submitted a timely and complete Proof of Claim for whom a Settlement Payment is due under the terms of this Agreement not less than one hundred fifty (150) days after the Claim Deadline, but shall not be required to send such Settlement Payments unless and until the Final Judgment has become Final as defined in ¶ 1.8.  If an appeal is taken from the Order of Final Approval, the Settlement Payments shall not be due until at least forty-five (45) days after the final resolution of such appeal.  However, Defendants shall not be obligated to make any Settlement Payments if the Settlement is not approved and sustained on appeal, in which case this Agreement shall be null and void.

31.    All funds remaining in the Settlement Fund after the Settlement Payments are made shall revert to Allstate. Additionally, any Settlement Payment check sent to class members at the address listed on the Proof of Claim that remains uncashed more than 180 days after the

date such check was issued shall be deemed "stale," and the Settlement Funds pertaining to such "stale" checks shall also revert to Allstate.

### Termination of the Agreement

32.     Defendants shall have the right, in their sole discretion after reviewing the number of opt outs, objectors, and claims made to nullify this Settlement on the following terms:

32.1.    In the event that the "Nullification Amount" (as hereinafter defined) exceeds five million dollars ($5,000,000), Defendants shall have the right, in its sole discretion, to nullify and void the Settlement. If Defendants so elects, the Settlement thereafter shall have no further force and effect with respect to any party in this action.

32.2.    For purposes of this Agreement, the "Nullification Amount" equals the sum of:

(a)     the aggregate total of all PPO Settlement Amounts calculated under this Settlement Agreement for all Class Members for all claims submitted for payment in connection with this Settlement, **plus**

(b)     the aggregate amount 80% of the "PPO reductions" listed on the ADP, Beech Street, or CCN databases with regard to potential PPO reduction claims by Class Members who submit timely requests for exclusion or objections to the Settlement, **plus**;

(c)     the aggregate amount of the incentive awards payable to The Class Representatives, **plus**;

(d)     the amount of attorneys' fees and costs awarded to Class Counsel by the Court.

32.3.    Defendants may exercise this nullification right within ninety (90) _days after the last day on which a Class Member can submit a proof of claim (the "Nullification Period"). The Nullification Period may be extended upon the filing of a motion and a showing

26

by the Defendants that the claims administrative process requires additional time, as determined by the Court.

32.4.   If Defendants so elect to nullify this Settlement Agreement, the Settlement thereafter shall have no further force and effect with respect to any party in the Actions.  In order to invoke this right to nullification, Defendants must file and serve (by facsimile and U.S. Mail) a formal document entitled "Notice of Nullification of Settlement."    Neither the Class Representatives, nor any Class Member, shall be permitted to seek enforcement of Settlement or any of its terms against Defendants should Defendants elect to nullify the Settlement.

32.5.   Defendants agree to provide Plaintiffs with the information sufficient to identify the basis asserted for nullification based on the Nullification Amount at least 10 days prior to the end of the Nullification Period.

33.   Any party to the Settlement shall have the right to nullify and to void the Settlement, and the Settlement thereafter shall have no further force and effect with respect to any party in the Actions, upon entry of an order by any court that invalidates or disapproves the Settlement, in whole or in part, or which alters any material term of this Settlement without the Parties' consent.

34.   Additionally, in the event that the Court does not give final approval of the Settlement, or if such approval is not sustained on any appeal, the Settlement shall become null and void.

35.   In the event the Settlement is nullified, the Settlement shall not be offered in evidence or used in this or any other action for any purpose including, but not limited to, the existence, certification or maintenance of any purported class.

36.   In such event, this Settlement and all negotiations, proceedings, documents

prepared and statements made in connection with this Settlement shall be without prejudice to any party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Parties to this action shall stand in the same position as if this Settlement had not been negotiated, made or filed with the Court.

37.    If this Settlement shall fail for any reason or if this Agreement shall be terminated:

37.1.    This Agreement shall not have further force and effect and all proceedings having taken place with regard to this Agreement or the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties hereto or of any potential Class Members in the action or in any other litigation;

37.2.    The Parties hereto agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Agreement; and

37.3.    The Parties shall in all respects be returned to their respective statuses immediately prior to the execution of this Agreement.

## **Confidentiality**

38.    The names, addresses, policy numbers and other information which may be compiled by Defendants pursuant to this Agreement and the data processing and other record keeping procedures and materials to be utilized by Defendants in identifying the Members of the Class and effectuating Defendants' other obligations hereunder (the "Information") are represented by Defendants to constitute highly confidential and proprietary business information. The confidentiality of the Information shall be protected by entry by the Court of an agreed protective order.

39.    It is agreed that no person, other than individuals employed by Defendants or to whom Defendants have expressly permitted access, shall be allowed access to any Information except:

39.1.    Class Counsel and attorneys and clerical personnel employed by such counsel; and

39.2.    Such other persons as the Court may order after hearing on notice to all counsel of record.

40.    At no time, except pursuant to Court order after hearing upon notice to all counsel of record, shall any Information be made known or available to any person, other than individuals described above and the individuals employed by Defendants or to whom Defendants have expressly permitted access, unless he or she first signs a statement attesting to the fact that: (a) he or she has read and understands the protective order to be entered by the Court; (b) that he or she agrees to be bound and to comply with the terms of the protective order; and (c) that he or she understands that disclosure of Information to unauthorized persons may constitute contempt of court. Copies of all such signed statements shall be retained by Class Counsel and delivered to Defendants upon request.

41.    It is further agreed that, after performance of all terms of this Agreement is complete, any and all Information provided by Defendants to Class Counsel or anyone else, and all copies thereof, shall be promptly returned to Defendants.

42.    Additionally, any letter agreements which were previously executed by Class Counsel and other individuals associated with Class Counsel, regarding the confidentiality of information supplied by Defendants in connection with the negotiation of this Settlement Agreement shall remain in force and effect.

## Release of Claims

43.     In consideration of the payments described above, Plaintiffs agree and the Class and each Class Member agree, to the following release:

**Release**: Plaintiffs promise, covenant and agree, and each Class Member and the Class shall be deemed to have promised, covenanted and agreed, that, upon the Effective Date of Settlement, Plaintiffs and the Class Members shall, by operation of the Final Order and Judgment, hereby release and forever discharge Defendants, individually and collectively, from liability for any and all claims related to those bills for medical services submitted for payment under the PIP and/or MedPay coverages of an automobile insurance policy issued by one of the Defendants in the state of Florida as to which PPO reductions were calculated, and/or which arise out of or are based on the acts, transactions, occurrences, facts, and events alleged in or which could have been alleged in the Complaint, or that were or could have been made in the Actions, whether such claims were or could have been made in this Court, in any other state or federal court, in or before any administrative agency, or in any other proceeding, including but not limited to any tort claims, contract claims, all federal or state statutory claims, federal or state Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, federal or state antitrust, trade regulation, restraint of trade or consumer fraud or deceptive trade practices claims, claims for fraud, claims for money had and received, claims for conversion, statutory bad faith claims, common law bad faith claims, claims for disgorgement, claims for restitution, claims for unjust enrichment, claims for damages, liquidated damages, punitive damages or exemplary damages, equitable relief, costs, expenses and/or attorneys' fees, and any and all other causes of action or claims, or liabilities of any nature whatsoever in both law or in equity, past and present, and whether or not now or heretofore known, suspected or claimed, regardless of whether each such Plaintiff or Class Member or the Class timely makes a claim under this Agreement of Settlement (except those Class Members who have filed a proper and timely request for exclusion from the Class that was approved by the Court); provided, however, that this Release shall not apply to any claim possessed by a Class Member, other than a PPO reduction claim, that is the subject of a lawsuit currently pending outside the state of Florida.

44.     Upon the Effective Date of Settlement, for the consideration provided for herein and by operation of the Final Order and Judgment, Plaintiffs shall have, and each Class Member and the Class shall be deemed to have, covenanted and agreed that he, she or it shall not, at any time, institute, cause to be instituted, assist in instituting or permit to be instituted on his, her or

its behalf any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise allege or assert any of the claims released against the Defendants, individually or collectively,..

45.    In consideration of the payments described above, Plaintiffs agree, and the Class and each Class Member shall be deemed to have agreed, to: (1) assign to Defendants any and all claims and rights of action that each of the Plaintiffs and each Class Member that has not filed a timely and complete election to opt out of this Settlement by the Claim Deadline have or may have against Beech Street and/or CCN arising from or pertaining to Defendants' PPO reductions of bills for medical services which are the subject of the Actions and this Settlement Agreement; and (2) dismiss with prejudice the litigation entitled *Dr. Paul Zidel v. Allstate Insurance Company, and Community Care Network, Inc.*, Case No. 00-60601-CIV Zloch; *Marc J. Browner v. Allstate Indemnity Company, Beech Street Corporation, and ADP Integrated Medical Solutions, Inc.*, Case No. 00-7163-CIV-Zloch; *Ultra Open MRI Corp. v. Deerbrook Insurance Co.*, Case No. 01-6777-CIV-Zloch; and *Ultra Open MRI Corp. v. Fidelity and Casualty Insurance Co. of New York and Continental Insurance Co.*, Case No. 01-6779-CIV-Zloch pending in the United States District Court for the Southern District of Florida.

## Miscellaneous Provisions

46.    Within ten (10) days after the execution of this Settlement Agreement and before the preliminary approval hearing, Plaintiffs shall file amended Complaints in the Actions, as needed, the allegations of which shall conform to the parties, settlement class and claims which are the subject of this Settlement Agreement.  Defendants shall file their Answers, including affirmative defenses, to such amended Complaints within ten (10) days after their filing.

47.    In the event that either the Release provided for herein or the termination provisions contained in this Agreement shall for any reason be held in whole or in part to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement if Defendants, individually or collectively, elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

47.1.    If no such election is made, then the Agreement shall be null and void.

48.    In the event any one or more of the remaining provisions contained in this Agreement shall for any reason be held in whole or in part to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement if Plaintiff or Defendants, individually or collectively, elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

48.1.    If no such election is made, then the Agreement shall be null and void.

49.    If this Agreement is terminated for any reason prior to issuance by the Court of an Order approving the Settlement, or if the Settlement contemplated by this Agreement is not concluded substantially as described in this Agreement with an Order of the Court approving the Settlement that becomes final after all appeals, then the Agreement and all other acts taken to effect a Settlement shall be void and of no effect and shall not be admissible by or against any Party to this Agreement.

50.    The parties to this Agreement shall use their best efforts to obtain approval of this Agreement by the Court.

51.    Neither this Agreement, approved or not approved, nor any exhibit, document or

instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement is intended to be or shall be construed as or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing or the truth of any allegations in the Complaint, and none of them shall be admissible in evidence for any such purpose in this or any other proceeding, including, but not limited to, proceedings concerning the existence, certification or maintenance of any purported class, except that the Settlement Agreement and any Orders entered in connection therewith may be offered and received in connection with proceedings as may be necessary to consummate or enforce the Settlement Agreement, or in any proceeding in which issues are presented which pertain to Defendants' compliance with the Settlement or with any Orders which may have been entered at any time in connection with this Settlement.

52.    It is understood that no consideration or amount or sum paid, credited, offered, or expended by Defendants in its or their performance of this Agreement of Settlement constitutes a penalty, fine, punitive damages or other form of assessment for any alleged claim or offense.

53.    All proceedings with respect to the Settlement described by this Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the continuing jurisdiction of the Court.

54.    The Class Representatives shall be entitled to reasonable confirmatory discovery of the information provided by Defendants in effectuating this Settlement. This discovery shall be comprised of affidavits to be provided by Defendants which shall verify the information to be provided or shall verify that the information provided has been furnished to Defendants.

55.    The parties hereto understand, acknowledge and agree that they (i) have each performed an independent investigation of the allegations of fact and law made in connection

with this action, and (ii) that they each may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of this Agreement of Settlement. Nevertheless, it is the parties' intention to resolve their disputes pursuant to the terms of this Agreement and, thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any change or difference in facts or law.

56.     Within sixty (60) days after the date that all Settlement Payments pursuant to this Agreement have been mailed, Allstate shall file with the Court a verified statement of its accounting by its officers or employees with respect to payment of such Settlement Payments.

57.     Except as expressly authorized in this Agreement, neither the Class Representatives nor their counsel shall submit for publication any press release or make any public statement intended to be disseminated through the press, television, radio or other media regarding the Settlement or the proceedings seeking preliminary approval of the settlement without the prior written approval of Defendants or its counsel. Nothing herein will preclude Class Counsel from responding to inquiries from Class Members regarding this case, the proposed Settlement or the proceedings for seeking preliminary approval of the Settlement. Nothing herein will preclude Defendants from communicating with their customers in the ordinary course of business.

58.     All matters not specifically covered by the provisions of this Agreement shall be resolved by agreement of Class Counsel and counsel for Defendants, or if they cannot agree, by the Court, subject to the provisions of ¶¶ 47-49.

59.     The service of papers and notices under this Agreement shall be made upon the

Plaintiff and the Class by mailing such papers on:

> Carlin Phillips, Esq.
> Phillips & Garcia, LLP
> 13 Ventura Drive
> N. Dartmouth, MA 02747.

and upon Defendants by mailing such papers on:

> Peter Valeta, Esq.
> Meckler Bulger & Tilson LLP
> 123 N. Wacker Dr., Ste. 1800
> Chicago, IL 60606

60.    This Agreement represents an integrated document negotiated and agreed to between the Parties and shall not be amended, modified or supplemented, nor shall any of its provisions be deemed to be waived, unless by written agreement signed by the respective attorneys for the Parties. This document has been drafted jointly and is not to be construed against any party.

61.    This Agreement represents the entire and sole agreement negotiated and agreed to between the Parties to this Agreement. Only the express terms of this written agreement shall control, and any and all previous or other agreements, communications, discussions, or other statements of any kind regarding the terms of this settlement not expressly contained herein have been and are entirely superseded by the written terms of this Agreement, and shall be without force or effect.

62.    Each and every term of this Agreement shall be binding upon and inure to the benefit of each Class Representative, the Members of the Settlement Class, and any and all of their successors, assigns, and personal representatives, and shall bind and inure to the benefit of Defendants, which are intended to be the beneficiaries of this Agreement.

63.    Class Counsel and counsel for Defendants each represent that they are authorized

by their respective clients to execute this Agreement, to bind to all terms of this Agreement every person, partnership, corporation or entity included within the definitions of Class Representative and Defendants, to take all steps contemplated by this Agreement, and to effect this Agreement on the terms and conditions stated herein, and further that they will take all steps on their respective clients' behalf contemplated by this Agreement. Plaintiffs, the Class, and each Class Member agree to indemnify Defendants, defend and hold Defendants harmless from any and all claims, demands, disputes and causes of action asserted against Defendants and from any and all losses, judgments, legal costs, attorneys' fees, expert fees and expenses incurred by Defendants as a result of a violation of this paragraph.

64.    The parties hereto warrant and represent that no promise or inducement has been offered or made for the Release except as herein set forth, that the Release is executed without reliance on any statements or any representations not contained herein, and the Release reflects the entire agreement among the parties with respect to the terms of the Release. The warranties and representations made herein shall survive the execution and delivering of the Release and shall be binding upon the respective heirs, representatives, successors and assigns of each of the parties.

65.    Plaintiffs and Defendants, individually and collectively, expressly agree that the terms of this Agreement and all provisions hereof, including all representations, promises, agreements, covenants, and warranties, are contractual and not a mere recital and shall survive the execution of this Agreement and entry of the Final Order and Judgment and shall continue in full force and effect thereunder. This Agreement shall be binding upon and inure to the benefit of the parties hereof and their representatives, heirs, successors, and assigns.

CONSOLIDATED CASE NO. 00-6061

66.    The parties acknowledge, agree and specifically warrant to each other that they have fully read this Agreement and the Release contained herein, have received independent legal advice with respect to the advisability of entering into this Agreement and the Release concerning the legal effect of this Agreement and the Release, and fully understand this Agreement, the Release and its effect.

67.    Tax obligations which may arise by virtue of the Settlement Payments made pursuant to this Agreement, if any, are solely the responsibility of the individual(s) or entities who receive such Settlement Payments, and are not the responsibility of Defendants. The parties to this Agreement do not in any way express any belief or opinion regarding the existence of such tax obligations and do not undertake to provide any advice to the Class Representatives or any Class Member regarding tax obligations which may arise by virtue of the Settlement Payments made pursuant to this Agreement, if any. Additionally notice in the following form shall be sent by Allstate to each Class Member to whom a Settlement Payment is sent:

> The settlement payment is being made to you as full and final payment for any claims you may have in this matter. As you should be aware, to the extent any bills you submitted for reimbursement have previously been paid by other sources, including but not limited to, The Centers for Medicare and Medicaid Services, health insurance carriers, other insurance companies, or insureds, you may have an obligation to reimburse the appropriate party. It is your obligation to determine whether you are under any such obligation. Moreover, acceptance of any reimbursement amount could have tax implications, not only for the tax period in which you receive the payment, but for any prior tax periods. You should consult an accountant or financial advisor to determine the tax implications of the payment.

68.    The parties may agree, subject to approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Agreement.

69.    This Agreement may be executed in any number of counterparts, each of which

CONSOLIDATED CASE NO. 00-6061

shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. Photocopies of fully executed copies of this Agreement may be treated as originals.

70.    Except to the extent that the Federal Rules of Civil Procedure govern, Florida law shall govern this Agreement and any documents prepared or executed pursuant to this Agreement.

**EXECUTED ON BEHALF OF ALLSTATE
INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, DEERBROOK
INSURANCE COMPANY
:**

*Christine Sullivan*

Print Name: CHristine A Sullivan, Assistant Vice President
Title: 5/4/06,

Date: _____

STATE OF Illinois       )
                        ): SS
COUNTY OF Cook          )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared *Christine Sullivan* who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced Illinois Drive License No. 5415.1015-3653, as identification, and executed the foregoing instrument.

    WITNESS my hand and official seal in the County and State last aforesaid this 4 day of May, 2006.

My commission expires: 11-16-08

Commission No.: 519546

Notary Public, State of Illinois

Printed Name of Notary Patti Gariti



"OFFICIAL SEAL"
PATTI GARITI
COMMISSION EXPIRES 11/16/08

**EXECUTED ON BEHALF OF FIDELITY AND CASUALTY COMPANY OF NEW YORK, THE CONTINENTAL INSURANCE COMPANY, THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, THE CONTINENTAL INSURANCE COMPANY, NATIONAL-BEN FRANKLIN INSURANCE COMPANY OF ILLINOIS, THE BUCKEYE UNION INSURANCE COMPANY, THE GLENS FALLS INSURANCE COMPANY, KANSAS CITY FIRE & MARINE INSURANCE COMPANY, FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, PACIFIC INSURANCE COMPANY, NIAGARA FIRE INSURANCE COMPANY, BOSTON OLD COLONY INSURANCE COMPANY, COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, CONTINENTAL REINSURANCE CORPORATION, CONTINENTAL CASUALTY COMPANY, TRANSPORTATION INSURANCE COMPANY, AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, TRANSCONTINENTAL INSURANCE COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, VALLEY FORGE INSURANCE COMPANY, ENCOMPASS FLORIDIAN INSURANCE COMPANY, and ENCOMPASS FLORIDIAN INDEMNITY COMPANY**

*Christine G Sullivan*
Print Name: *Christine A Sullivan, Assistant Vice President*
Title: *5/4/06*

Date: _____

STATE OF *Illinois* )
                    ): SS
COUNTY OF *Cook* )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared *Christine Sullivan*, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced *Illinois Driver License* No. *5 415 - 1015 - 3657* as identification, and executed the foregoing instrument.

    WITNESS my hand and official seal in the County and State last aforesaid this *4th* day of *May*, 2006.

My commission expires: *11-16-08*    Notary Public, State of *Illinois*

Commission No.: *519546*    Printed Name of Notary *Patti Gariti*



"OFFICIAL SEAL"
PATTI GARITI
COMMISSION EXPIRES 11/16/08

CONSOLIDATED CASE NO. 00-6061

**EXECUTED ON BEHALF OF DR. PAUL ZIDEL**

Print Name: _Paul Zidel_
Title: _M.D._

Date: _April 27, 2006_

STATE OF _Florida_        )
                          ): SS
COUNTY OF _Broward_       )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _Paul Zidel_ , who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _FL ID Z340680251810_ No. _____, as identification, and executed the foregoing instrument.

    WITNESS my hand and official seal in the County and State last aforesaid this _27_ day of _April_ , 2006.

My commission expires:                Notary Public, State of _Florida_

Commission No.:                       Printed Name of Notary _Arthur Rosenauer_

Arthur Rosenauer
Commission # DD192255
Expires Aug. 2, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

CONSOLIDATED CASE NO. 00-6061

**EXECUTED ON BEHALF OF MARC BROWNER, D.C.**

Print Name: _____ MARC J. BROWNER PL _____
Title: _____ PRES. _____

Date: _4/26/06_

STATE OF _Broward_ )
                                        ): SS
COUNTY OF _Florida_ )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _Marc J. Browner_, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

WITNESS my hand and official seal in the County and State last aforesaid this _26_ day of _April_, 2006.

My commission expires:                    Notary Public, State of 

Commission No.:                    Printed Name of Notary _____

TAMMY TINNEY
MY COMMISSION # DD 371321
EXPIRES: November 14, 2008
Bonded Thru Notary Public Underwriters

42

CONSOLIDATED CASE NO. 00-6061

**EXECUTED ON BEHALF OF ULTRA
OPEN MRI CORPORATION**

Print Name: _Frederick J. Bergmann_
Title: _VP_

Date: _May 3rd, 2006_

STATE OF _Florida_ )
): SS
COUNTY OF _Hillsborough_ )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _Frederick J. Bergmann_ who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _FL DMV_ No. _B6245250584230_ , as identification, and executed the foregoing instrument.

WITNESS my hand and official seal in the County and State last aforesaid this _3rd_ day of _May_ , 2006.

My commission expires: _March 23, 2009_  Notary Public, State of _Florida_

Commission No.: _DD410442_  Printed Name of Notary _Laura F. Holliday_

LAURA F HOLLIDAY
Notary Public - State of Florida
My Commission Expires Mar 23, 2009
Commission # DD 410442
Bonded By National Notary Assn.

43

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants.
_____/
MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                     00-7163

ALLSTATE INDEMNITY COMPANY, et al.

    Defendants.
_____/
ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                     00-6777

DEERBROOK INSURANCE COMPANY,

    Defendant.
_____/

EXHIBIT A to the Settlement Agreement

CONSOLIDATED CASE NO. 00-6061

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

     Plaintiff,

v.                                          01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

     Defendants.
_____/

### NOTICE OF PROPOSED SETTLEMENT

IF YOU ARE A HEALTHCARE PROVIDER, AS DEFINED BY THE FLORIDA MOTOR
VEHICLE NO-FAULT ACT, AND YOU PROVIDED MEDICAL SERVICES TO ANY
PERSON(S) INSURED, UNDER A MOTOR VEHICLE INSURANCE POLICY ISSUED BY
ONE OF THE DEFENDANT INSURANCE COMPANIES (LISTED BELOW) IN THE
STATE OF FLORIDA, FOR PERSONAL INJURY PROTECTION (PIP) AND/OR MEDPAY
COVERAGE FOR WHICH YOU WERE PAID BY SUCH INSURER(S) AT ANY TIME
DURING THE PERIOD JANUARY 1, 1998 THROUGH APRIL 30, 2006, PLEASE READ
THIS NOTICE CAREFULLY.  THIS PROPOSED CLASS ACTION SETTLEMENT MAY
AFFECT YOUR RIGHTS.

THE DEFENDANT INSURANCE COMPANIES ARE:

| | |
|---|---|
| Allstate Insurance Company | Boston Old Colony Insurance Company |
| Allstate Indemnity Company | Commercial Insurance Company of Newark, New Jersey |
| Deerbrook Insurance Company | |
| The Fidelity and Casualty Company of New York | Continental Reinsurance Corporation |
| | Continental Casualty Company |
| The Continental Insurance Company | Transportation Insurance Company |
| National-Ben Franklin Insurance Company of Illinois | American Casualty Company of Reading, Pennsylvania |
| The Buckeye Union Insurance Company | Transcontinental Insurance Company |
| The Glens Falls Insurance Company | National Fire Insurance Company of Hartford |
| Kansas City Fire & Marine Insurance Company | Valley Forge Insurance Company |
| | Encompass Floridian Insurance Company |
| Fireman's Insurance Company of Newark New Jersey, Pacific Insurance Company | Encompass Floridian Indemnity Company |
| Niagara Fire Insurance Company | |

2

1.    WHY SHOULD YOU READ THIS NOTICE?

If you are or have been a healthcare provider, as defined by the Florida Motor Vehicle No-Fault Act, and you provided services to insured(s) of the Defendant Insurance Companies for injuries covered by an personal injury protection ("PIP") and/or MedPay insurance coverage for which you were paid from January 1, 1998 through April 30, 2006, your rights may be affected by a proposed settlement (the "Settlement") with the Defendant Insurance companies in Dr. Paul Zidel v. Allstate Insurance Company, and Community Care Network, Inc., Case No. 00-6061-CIV-Zloch (S.D. Fla.); Marc J. Browner v. Allstate Indemnity Company, Beech Street Corporation, and ADP Integrated Medical Solutions, Inc., Case No. 00-7163-CIV-Zloch (S.D. Fla.); Ultra Open MRI Corp. v. Deerbrook Insurance Co., Case No. 01-6777-CIV-Zloch (S.D. Fla.); and Ultra Open MRI Corp. v. Fidelity and Casualty Insurance Co. of New York and Continental Insurance Co., Case No. 01-6779-CIV-Zloch (S.D. Fla.) (the "Actions"), which are part of a number of consolidated class actions pending in the United States District Court for the Southern District of Florida (the "Court"). The Class Representatives have agreed to settle all claims against the Defendant Insurance Companies in the Actions in exchange for their agreement to fund settlement payments to members of the Settlement Class as set forth below.

The Court has scheduled a hearing to consider the fairness, reasonableness and adequacy of the Settlement with Allstate, together with certain other matters, to be held on_____, at the United States Courthouse, United States District Court for the Southern District of Florida, _____ (the "Fairness Hearing"). The Order scheduling that hearing also provides that it may be adjourned by the Court and that no additional notice will be provided to potential members of the Settlement Class other than an announcement in open court.

You may be a member of the Settlement Class and may be entitled to receive the benefits of the Settlement. As a member of the Settlement Class, however, you will also be bound by the release and other provisions of the Settlement if it is approved by the Court. You may elect to opt out of the Settlement Class and the Settlement, as explained below. You also have a right to object to the Settlement or to the application for attorneys' fees and the Class Representatives' incentive awards that Counsel for the Settlement Class intend to make to the Court, but only if you comply with the procedures described in this Notice.

2.    WHAT IS THIS LITIGATION ABOUT?

The Actions have been brought by Dr. Paul Zidel, Marc J. Browner, D.C., and Ultra Open MRI Corporation (the "Class Representatives"), Florida healthcare providers, against the Defendant Insurance Companies. The Complaints (as amended) allege that the Defendant Insurance Companies improperly reduced payments to healthcare providers, including the Class Representatives, for PIP and MedPay benefits based on the application of certain preferred provider organization ("PPO") reductions. The Amended Complaint claims that this conduct violates various state and federal statutes and also seeks recovery on various common law theories.

These Actions are among several similar actions (the "Consolidated Actions") pending in the Court against several automobile insurers, which have been consolidated for certain purposes.

Since the initial complaints were filed, substantial litigation has occurred in the Consolidated Actions, and the Consolidated Action is presently on appeal to the United States Court of Appeals for the Eleventh Circuit from the Court's Order denying the Defendant Insurance Companies' (and others') motions to compel arbitration. As part of this Settlement, the Defendant Insurance Companies will no longer actively participate in that appeal and the appeal is stayed.

3.    WHAT ARE THE TERMS OF THE SETTLEMENT?

The terms of the Settlement Agreement are summarized in this Notice, but a copy of the entire Settlement Agreement is available in the Court file, which can be reviewed at the office of the Clerk of the Court, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 during regular business hours.

   3.1    The Settlement Class.

The Settlement is on behalf of the following Settlement Class:

Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a motor vehicle insurance policy issued by one of the Defendants in the state of Florida that provided PIP coverage; (b) That received a valid assignment of benefits from the person(s) insured by such Defendant Insurance Companies as to such services; (c) That submitted bills for payment for such services to Defendant Insurance Companies ; and (d) Whose bills were paid at a reduced rate by Defendants based on the application of a PPO reduction during the Class Period (January 1, 1998 through the date of this Agreement). Excluded from the Settlement Class are: the Defendant Insurance Companies, any parent, subsidiary, affiliate, or controlled person of the Defendant Insurance Companies, as well as the officers, directors, agents, servants, and employees of the Defendant Insurance Companies. Also excluded is any trial judge who may preside over this Action.

Additionally, certain claims of Class Members are excluded from payment under this settlement as follows:

   (a)    the individual claims or purported claims of each Class Member against the Defendant Insurance Companies that have been released, settled, or otherwise discharged prior to the date of this, Agreement;

   (b)    the individual claims or purported claims of any Class Member regarding the PPO reductions which are the subject of this settlement, which are alleged in a individual lawsuit brought against one or more of the Defendants that is pending as of the date of preliminary approval of this settlement; provided, however, that payment of such claims for a Class Member may be paid under this

CONSOLIDATED CASE NO. 00-6061

settlement if that provider submits a timely and complete qualified Proof of Claim and expressly agrees to the dismissal of such pending lawsuit(s) with prejudice upon the final approval of this settlement (this proviso shall not be applicable to the two individual claims at issue in *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, listed below); and

(c)    the two individual claims which are at issue in the case entitled *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545; these claims are expressly excluded from this settlement and no claim with regard to those claims shall be payable under this Agreement.

3.2    <u>The Settlement Consideration</u>.

(a)    Certain databases relating to calculated PPO reductions were previously prepared and maintained by ADP Integrated Medical Solutions, Inc. ("ADP"), Beech Street Corporation ("Beech Street"), and/or Community Care Network, Inc. ("CCN"). The total PPO reductions for each Class Member will be identified from the databases records from ADP, Beech Street, or CCN (which were produced in these Actions), based upon the TIN listed in that Class Member's Proof of Claim. The PPO reduction amounts shall be determined based upon the ADP, Beech Street, or CCN databases and not any other source.

(b)    Each Class Member's PPO Reduction Amount so identified will be multiplied by eighty percent (80%)("Net PPO Reduction Amount").

(c)    The total amount of PPO reductions for each Class member will be reduced by the following (as determined based upon a Defendant Insurance Company's own records) to calculate that Class Member's "PPO Reduction Amount":

1.    The amount of any claim for PPO reductions which was the subject of a prior settlement or final court order resolving such claim by such Class Member against one of the Defendants; and

2.    The amount of any PPO reductions that have been otherwise previously repaid or credited by Defendants to such Class Member. The Net PPO Reduction Amount will be multiplied by sixty-five percent (65%) (the "PPO Settlement Amount").

CONSOLIDATED CASE NO. 00-6061

(d)    If the aggregate total of all PPO Settlement Amounts calculated under this Settlement Agreement for all Class Members does not exceed the Settlement Fund Amount, then each Class Member's Maximum Claim Amount will be equal to the PPO Settlement Amounts calculated for that Class Member.

(e)    If the aggregate total of all PPO Settlement Amounts calculated under this Settlement Agreement for all Class Members exceeds the Settlement Fund Amount, then each Class Member's Maximum Claim Amount will be equal to the PPO Settlement Amount for that Class Member **multiplied by** a fraction whose numerator is the Settlement Fund Amount and whose denominator is the aggregate total of all PPO Settlement Amounts.

(f)    The total of all Maximum Claim Amounts for all Class Members shall be no more than $8,900,000.00.

3.3    The Assignment, Release, Dismissal with Prejudice, Covenant and Representation.

If the Settlement is approved, in exchange for the consideration:

3.3.1    Each of the Plaintiffs and each Class Member that has not filed a timely and complete election to opt out of this Settlement by the Claim Deadline will be deemed to have assigned to Defendants any and all claims and rights of action that they have or may have against Beech Street and/or CCN arising from or pertaining to Defendants' PPO reductions of the bills for medical services which are the subject of the Actions and this Settlement Agreement;

3.3.2    The Action will be dismissed with prejudice as to the Defendant Insurance Companies.  In addition, the Defendant Insurance Companies will receive a release and discharge from the Settlement Class (which would not include members of the Settlement Class who timely elected to opt out of the Settlement as discussed below) for any and all claims related to those bills for medical services submitted for payment under the PIP and/or MedPay as to which PPO reductions were calculated, and/or which arise out of or are based on the acts, transactions, occurrences, facts, and events alleged in or which could have been alleged in the Complaint, or that were or could have been made in the Actions, whether such claims were or could have been made in this Court, in any other state or federal court, in or before any administrative agency, or in any other proceeding, including but not limited to any tort claims, contract claims, all federal or state statutory claims, federal or state Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, federal or state antitrust, trade regulation, restraint of trade or consumer fraud or deceptive trade practices claims, claims for fraud, claims for money had and received, claims for conversion, statutory bad faith claims, common law bad faith claims, claims for disgorgement, claims for

restitution, claims for unjust enrichment, claims for damages, liquidated damages, punitive damages or exemplary damages, equitable relief, costs, expenses and/or attorneys' fees, and any and all other causes of action or claims, or liabilities of any nature whatsoever in both law or in equity, past and present, and whether or not now or heretofore known, suspected or claimed;

3.3.3   Each member of the Settlement Class also shall be deemed to have covenanted and agreed that he, she or it shall not, at any time, institute, cause to be instituted, assist in instituting or permit to be instituted on his, her or its behalf any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise allege or assert any of the claims released against the Defendant Insurance Companies, individually or collectively; and

3.3.4   Each Class Member who submits a Proof of Claim Form must represent and agree that with regard to all bills for services rendered to insureds of the Defendant Insurance Companies that are the subject of this Settlement, no additional compensation with regard to such bills will be sought from the insureds of the Defendant Insurance Companies.

3.4    Termination of the Settlement Agreement

The Settlement Agreement provides that under certain circumstances, the Settlement may be terminated or nullified, for example, because of the number of Class Members requesting exclusion from the settlement (based on the amount of the PPO reductions listed for those Class Members and for the Class Members submitting Claim Forms under the settlement) or because of disapproval of the settlement or material changes to its terms by the Court. The specific details regarding these termination provisions can be reviewed in the Settlement Agreement on file with the Court.

4.    WHAT WILL HAPPEN AT THE FAIRNESS HEARING?

At the Fairness Hearing, the Court will consider several different issues, including the following: (a) whether the Settlement is fair, reasonable, and adequate to members of the Settlement Class; (b) whether it should certify the Settlement Class pursuant to Fed. R. Civ. P. 23; (c) whether to enter orders that would prevent members of the Settlement Class from asserting certain claims against Allstate in the future; (d) whether to approve the application for a payment of an incentive premium to the Class Representative by Allstate; and (e) whether to approve an application by Counsel for the Settlement Class for attorneys' fees and costs to be paid by Allstate.

5.    CAN I PARTICIPATE IN THE FAIRNESS HEARING?

Anyone who objects to the Settlement, the Settlement Agreement, the application for attorneys'

fees or the other matters to be considered at the Fairness Hearing may appear and present such objections. In order to be permitted to do so, however, you must, on or before _____, 2006:

      a.     File with the Court a notice of your intention to appear, together with a statement setting forth your objections, if any, to the matter to be considered and the basis for these objections, together with any documentation that you intend to rely upon at the Fairness Hearing;

      b.     File a copy of a valid assignment of benefits from an Allstate insured demonstrating your standing to set forth any objections to the Settlement; and

      c.     Serve copies of all such materials either by hand delivery or by first-class mail, postage pre-paid, upon the following counsel:

| Phillips & Garcia, LLP | Meckler Bulger & Tilson LLP | Kopelman & Blankman, P.A. |
|---|---|---|
| Carlin Phillips, Esq. | Peter Valeta, Esq. | Larry Kopelman, Esq. |
| 13 Ventura Drive | 123 N. Wacker Dr., Ste. 1800 | Douglas Blankman, Esq. |
| N. Dartmouth, MA  02747 | Chicago, IL  60606 | 350 East Las Olas Blvd, #980 |
| | | Fort Lauderdale, FL 33301 |

Unless otherwise ordered by the Court on or before_____ [*90 days from the date of this Order*], based upon an appropriate motion, the Fairness Hearing shall be conducted solely based upon the written submissions filed with the Court, as provided herein, and the argument of counsel.

If you do not comply with the foregoing procedures and deadlines for submitting written objections and/or appearing at the Fairness Hearing, you may lose substantial legal rights, including but not limited to, the right to appear at the Fairness Hearing; the right to contest approval of the Settlement or the application for an award of attorneys' fees and costs to Class Counsel; the right to contest approval of the application for an award of an incentive premium to the Class Representative; or the right to contest any other orders or judgments of the Court entered in connection with the Settlement. If the Court does not approve the Settlement, the Settlement Agreement will be null and void.

6.     HOW DO I FILE A CLAIM?

The Settlement contemplates certain settlement payments to each Member of the Settlement Class that submits a timely and complete Proof of Claim to the Settlement Administrator at the following address:

**IN ORDER TO BE ENTITLED TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN A PROOF OF CLAIM AND MAIL THE PROOF OF CLAIM TO THE SETTLEMENT ADMINISTRATOR. THE ENVELOPE CONTAINING YOUR PROOF OF CLAIM MUST BE POST-MARKED BY NO LATER THAN _____, 2006. IF YOU DO NOT MAIL YOUR PROOF OF CLAIM BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND. IF YOU FILE A CLAIM, YOU WILL BE ELECTING TO BE A MEMBER OF THE CLASS AND WILL BE BOUND BY ALL PROCEEDINGS, ORDERS, AND JUDGMENTS ENTERED IN CONNECTION WITH THE PROPOSED SETTLEMENT INCLUDING THE RELEASE AND DISMISSAL WITH PREJUDICE DESCRIBED ABOVE. CLAIM PAYMENTS WILL BE MADE ONLY TO CLASS MEMBERS DIRECTLY.**

7.    WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?

If you do **not** want to be a member of the Settlement Class and participate in the Settlement, then **BY NO LATER THAN _____, 2006,** you must send a signed statement to that effect that includes your name, business address, telephone number and federal tax identification number. If the claim is being filed by or on behalf of a business or entity, the signed statement must include the full name of the entity, the address of the entity, and the name and title of the person filing the claim on the entity's behalf. The signed statement must be sent to the following:

TO BE CONSIDERED TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR COMPLETED SIGNED STATEMENT ADVISING OF YOUR ELECTION TO OPT OUT MUST BE POST-MARKED BY NO LATER THAN _____, 2006. IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.

If you choose to opt out of the Settlement and the Settlement Class, you will not be entitled to receive the benefits of the Settlement with the Defendant Insurance Companies, including any payment from the Settlement Fund. Your claims against the Defendant Insurance Companies will not be released and you will be free to pursue any claims you believe you have by filing a separate action or request for arbitration if you are subject to an arbitration agreement.

8.    WHAT ABOUT ATTORNEYS' FEES AND EXPENSES?

CONSOLIDATED CASE NO. 00-6061

Since the beginning of this litigation, Plaintiffs' counsel in the Action have not received any payment for their services in prosecuting the Action, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the Settlement, counsel for the Settlement Class will apply to the Court for an award of attorneys' fees, including costs and expenses. In the Settlement Agreement, the Defendant Insurance Companies have agreed not to oppose such an application for attorneys' fees in the amount of up to 33 1/3 % of the total value of the Settlement Consideration. In addition, the Defendant Insurance Companies have agreed not to oppose an award of reasonable costs and expenses of this litigation in an amount not to exceed $15,000.00. If the Court awards Plaintiffs' attorneys' fees and expenses in an amount no greater than these amounts, the Defendant Insurance Companies will pay the amount awarded by the Court to Plaintiffs' counsel. This payment is in addition to the consideration to the members of the Settlement Class that is described above and will not reduce the amount available to members of the Settlement Class if the Settlement is approved.

9.      WHAT IS THE CLASS REPRESENTATIVE'S INCENTIVE AWARD?

In addition to the application for attorneys' fees and expenses described in the preceding section, in connection with the Court's consideration of the Settlement, The Class Representatives intend to seek awards from the Court in the amount of up to $15,000.00, which, if awarded, would be in addition to the settlement consideration that will be available to members of the Settlement Class. In the Settlement Agreement, Allstate has agreed not to oppose such applications up to $15,000.00. If the Court awards The Class Representatives up to that amount, the Defendant Insurance Companies will pay such amount to The Class Representatives.

10.     WHO CAN I CONTACT WITH QUESTIONS?

If you have questions regarding this Notice, the Settlement with Allstate or the Action generally, you can obtain additional information from the following sources:

Counsel for the Settlement Class

      Phillips & Garcia, LLP
      Carlin Phillips, Esq.
      13 Ventura Drive
      N. Dartmouth, MA  02747
      e-mail:  cphillips@phillipsgarcia.com

      Kopelman & Blankman, P.A.
      Larry Kopelman, Esq.
      Douglas Blankman, Esq.
      350 East Las Olas Boulevard , # 980
      Fort Lauderdale, FL 33301
      e-mail:  dab@kopelblank.com

**PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE.**

11.    <u>REQUEST TO FORWARD THIS NOTICE</u>.

If you would be a member of the Settlement Class described in this notice but you have assigned any claims that might be covered by the Settlement or be released as described above, please forward this notice to the appropriate person as soon as possible.

Dated _____, 2006.

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

       Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

       Defendants.
_____/
MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

       Plaintiffs,

v.                                   00-7163

ALLSTATE INDEMNITY COMPANY, et al.

       Defendants.
_____/
ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

       Plaintiff,

v.                                   00-6777

DEERBROOK INSURANCE COMPANY,

       Defendant.
_____/

---

**EXHIBIT B to the Settlement Agreement**

CONSOLIDATED CASE NO. 00-6061

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

       Plaintiff,

v.                                              01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

       Defendants.

_____/

## ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement (D.E. # __), filed on _____, 2006, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement and Stipulation, a copy of which has been submitted with the Joint Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED:**

1.     The terms of the Settlement Agreement and Stipulation (the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

## Conditional Certification of the Class

2.     For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure

23(a), (b)(2) and (b)(3), and solely with respect to Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, The Fidelity and Casualty Company of New York, The Continental Insurance Company, National-Ben Franklin Insurance Company of Illinois, The Buckeye Union Insurance Company, The Glens Falls Insurance Company, Kansas City Fire & Marine Insurance Company, Fireman's Insurance Company of Newark, New Jersey, Pacific Insurance Company, Niagara Fire Insurance Company, Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey, Continental Reinsurance Corporation, Continental Casualty Company, Transportation Insurance Company, American Casualty Company of Reading, Pennsylvania, Transcontinental Insurance Company, National Fire Insurance Company of Hartford, Valley Forge Insurance Company, Encompass Floridian Insurance Company, and Encompass Floridian Indemnity Company (Collectively, "Defendants"), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a motor vehicle insurance policy issued by one of the Defendants in the state of Florida that provided PIP coverage; (b) That received a valid assignment of benefits from the person(s) insured by such Defendants as to such services; (c) That submitted bills for payment for such services to Defendants; and (d) Whose bills were paid at a reduced rate by Defendants based on the application of a PPO reduction during the Class Period (January 1, 1998 through the date of this Agreement).

Excluded from the Class are: Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants. Also excluded is any trial judge that may preside over the Actions. In addition, the two individual claims which are at issue in the case entitled *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545, are expressly excluded from this settlement and no settlement payment with regard to those claims

shall be made under this settlement. Plaintiffs Dr. Paul Zidel, Marc Browner. D.C. and Ultra Open MRI Corporation (the "Class Representatives"), are conditionally certified as the Representatives of the Settlement Class. This conditional certification of the class and Class Representatives is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

### Fairness Hearing; Right to Appear and Object

3.    A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Judge Zloch, at the United States Courthouse, Courtroom _____, on _____ *[at least 180 days from the date of this Order]* to determine:

a.    Whether the Court should certify the Settlement Class and whether the Class Representative and his counsel have adequately represented the class;

b.    Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

c.    Whether the Action should be dismissed on the merits and with prejudice

as to the Defendant Insurance Companies;

        d.      Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against the Defendant Insurance Companies;

        e.      Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

        f.      Whether the application for an incentive award to be submitted by the Class Representative should be approved; and

        g.      Such other matters as the Court may deem necessary or appropriate.  The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

    4.      Any member of the class who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with it consideration of those matters, unless on or before the Claim Deadline of _____ [*90 days from the date of this Order*], such person:

        a.      Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing;

        b.      Files with the Court a copy of a valid Assignment of Benefits

demonstrating the person's standing to assert objections; and

   c. Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by _____ [*90 days from the date of this Order*]:

> Counsel for the Settlement Class
> Phillips & Garcia, LLP
> Carlin Phillips, Esq.
> 13 Ventura Drive
> N. Dartmouth, MA 02747

and

> Counsel for the Defendant Insurance Companies
> Meckler Bulger & Tilson LLP
> Peter Valeta, Esq.
> 123 N. Wacker Dr., Ste. 1800
> Chicago, IL 60606

Unless otherwise ordered by the Court on or before_____ [*90 days from the date of this Order*], based upon an appropriate motion, the Fairness Hearing shall be conducted solely based upon the written submissions filed with the Court, as provided herein, and the argument of counsel.

   5. The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

## Form and Timing of Notice

   6. Defendant Allstate Insurance Company ("Allstate") will be authorized to administer this Settlement, including the mailing of notices to Class Members, determining the Settlement Payments to be made and issuing and mailing the settlement checks to Class

Members who submit complete and qualified Proof of Claim forms;

7.     As soon as practicable after entry of this Order, but no later than forty five (45) days after the Order is entered, Allstate shall cause copies of the Notice and Proof of Claim, substantially in the form of Exhibits A and C to the Settlement Agreement, the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to potential members of the Settlement Class as provided in the Settlement Agreement.

8.     Prior to the Final Settlement Hearing, Allstate shall file a sworn statement attesting to compliance with the preceding paragraph.  The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

9.     The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

<u>**Ability of Class Members to Opt Out of the Settlement Class**</u>

10.     All members of the class who wish to opt out of the class must do so by sending written notice of their election to opt out to the address set forth in the Notices to be provided as set forth in this Order.  To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request for such person must be post-marked by no later than _____, 2006 (the "Opt Out Deadline") [*90 days from the date of this Order*].  Prior to the Final Settlement Hearing, Allstate shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely

electing to opt out of the class.

11.     Any potential member of the class that does not properly and timely request exclusion from the Settlement Class shall be included in such class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to Sue described therein, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

## **Other Provisions**

12.     Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

13.     Other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, all proceedings against and concerning the Defendant Insurance Companies in the Action, including all pending actions in any other state or federal court relating to the same issues asserted in this Action, are hereby stayed and suspended until five (5) days after the Opt Out Deadline, except that this stay shall not be applicable to the case entitled *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545, which case shall be expressly exempt from the terms and operations of this stay.  Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief against the Defendant Insurance Companies relating to PPO reductions.

14.     No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the Parties to the Settlement Agreement other than as may be directed by

the Court upon a proper showing by the Parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

15.     Defendants and Class Counsel are authorized to use such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, while protecting the confidentiality of the names and addresses of persons insured by Defendants or other confidential or proprietary information pursuant to the terms of this Agreement. The confidentiality of information utilized in connection with the administration of this settlement shall be protected under the terms of this order as follows:

      a.     The names, addresses, policy numbers and other information which may be compiled by Defendants pursuant to this Agreement and the data processing and other record keeping procedures and materials to be utilized by Defendants in identifying the Members of the Class and effectuating Defendants' other obligations hereunder (the "Information") are represented by Defendants to constitute highly confidential and proprietary business information.

      b.     No person, other than individuals employed by Defendants or to whom Defendants have expressly permitted access, shall be allowed access to any Information except:

            (1)     Class Counsel and attorneys and clerical personnel employed by such counsel; and

            (2)     Such other persons as the Court may order after hearing on notice to all counsel of record.

16.     At no time, except pursuant to Court order after hearing upon notice to all counsel of record, shall any Information be made known or available to any person, other than

individuals described above and the individuals employed by Defendants or to whom Defendants have expressly permitted access, unless he or she first signs a statement attesting to the fact that: (a) he or she has read and understands the protective order to be entered by the Court; (b) that he or she agrees to be bound and to comply with the terms of the protective order; and (c) that he or she understands that disclosure of Information to unauthorized persons may constitute contempt of court. Copies of all such signed statements shall be retained by Class Counsel and delivered to Defendants upon request.

17.    It is further agreed that, after performance of all terms of this Agreement is complete, any and all Information provided by Defendants to Class Counsel or anyone else, and all copies thereof, shall be promptly returned to Defendants.

18.    Additionally, any letter agreements which were previously executed by Class Counsel and other individuals associated with Class Counsel, regarding the confidentiality of information supplied by Defendants in connection with the negotiation of this Settlement Agreement shall remain in force and effect.

19.    Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class, Allstate, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any

damage.

20.    In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

DONE AND ORDERED in the Southern District of Florida on _____, 2006.


_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:  All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants.
_____/
MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                       00-7163

ALLSTATE INDEMNITY COMPANY, et al.

        Defendants.
_____/
ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

        Plaintiff,

v.                                       00-6777

DEERBROOK INSURANCE COMPANY,

        Defendant.
_____/

---

**EXHIBIT C to the Settlement Agreement**

CONSOLIDATED CASE NO. 00-6061

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

      Plaintiff,

v.                                                                                          01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

      Defendants.
_____/

## **PROOF OF CLAIM**

**DEADLINE FOR SUBMISSION:** _____

If you submit a Proof of Claim that is incomplete or inaccurate, it may be rejected, and you may
be precluded from obtaining a Settlement Payment.

Please do not mail or deliver this Form to the Court or to any of the Parties or their Counsel.  In
addition, do not telephone the Judge or Clerk of the Court, your insurance agent, or any
representatives of any Defendant Insurance Company.

Please type or print legibly.

### **PART I: CLAIMANT INFORMATION**

Name of Claimant:_____

If Claimant is a Business or other Entity, Full Name of the Entity:
_____

If Claimant is Business or Other Entity, Name and Title of Person filing claim on behalf of the
Entity:
_____

Claimant Tax Identification Number(s): _____

Claimant Street Address:_____

City: _____ State:_____ Zip Code: _____

Claimant Telephone Contact Number(s):

CONSOLIDATED CASE NO. 00-6061

Daytime: (_____) _____ - _____  Evening: (_____) _____ - _____

## PART II.  YOUR CLAIM

UNDER THE TERMS OF THE PROPOSED SETTLEMENT, YOU ARE NOT ELIGIBLE TO
RECOVER IF YOU ARE NOT A MEMBER OF THE FOLLOWING SETTLEMENT CLASS:

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a)
> That rendered medical services to person(s) insured under a motor vehicle
> insurance policy issued by one of the Defendant Insurance Companies in the state
> of Florida that provided PIP coverage;  (b) That received a valid assignment of
> benefits from the person(s) insured by such Defendant Insurance Companies as to
> such services; (c) That submitted bills for payment for such services to Defendant
> Insurance Companies; and (d) Whose bills were paid at a reduced rate by
> Defendant Insurance Companies based on the application of a PPO reduction
> during the Class Period (January 1, 1998 through the date of this Agreement).

The Defendant Insurance Companies Are:

| | |
|---|---|
| Allstate Insurance Company | Boston Old Colony Insurance Company |
| Allstate Indemnity Company | Commercial Insurance Company of Newark, New Jersey |
| Deerbrook Insurance Company | |
| The Fidelity and Casualty Company of New York | Continental Reinsurance Corporation |
| | Continental Casualty Company |
| The Continental Insurance Company | Transportation Insurance Company |
| National-Ben Franklin Insurance Company of Illinois | American Casualty Company of Reading, Pennsylvania |
| The Buckeye Union Insurance Company | Transcontinental Insurance Company |
| The Glens Falls Insurance Company | National Fire Insurance Company of Hartford |
| Kansas City Fire & Marine Insurance Company | Valley Forge Insurance Company |
| | Encompass Floridian Insurance Company |
| Fireman's Insurance Company of Newark | Encompass Floridian Indemnity Company |
| New Jersey, Pacific Insurance Company | |
| Niagara Fire Insurance Company | |

## PLEASE ANSWER THE FOLLOWING TWO QUESTIONS:

Under the terms of the proposed settlement, you are not eligible to recover if you did not provide
medical services to insureds of a Defendant Insurance Company for which you were paid during
the class period.  Please check **one** of the following two boxes:

[  ]  I affirm that I provided medical services to an insured(s) of a Defendant Insurance
     Company for which I was paid during the period January 1, 1998 through ____ ,
     2006.

[ ]    I did **not** treat any insured(s) of a Defendant Insurance Company during the period January 1, 1998 through _____, 2006.

Under the terms of the Proposed Settlement, you are not eligible to recover if you did not have an assignment of benefits from the insureds of a Defendant Insurance Company that you provided with medical services for which you were paid during the Class Period. Please check one of the following two boxes:

[ ]    I verify that, upon information and belief, I hold assignment(s) of benefits from all insureds of Defendant Insurance Companies to whom I provided medical services for which I was paid during the period January 1, 1998 through _____, 2006.

[ ]    I do **not** hold assignment(s) of benefits from all insureds of Defendant Insurance Companies to whom I provided medical services for which I was paid during the period January 1, 1998 through _____, 2006.

**ANY CLASS MEMBERS WHO VERIFY UNDER OATH THAT THEY POSSESS ASSIGNMENTS OF BENEFITS ALSO AGREE THAT THEY WILL REIMBURSE THOSE FUNDS TO THE DEFENDANT INSURANCE COMPANIES IF AN INSURED SUCCESSFULLY CLAIMS FOR THE SAME BENEFITS. THE REIMBURSEMENT IS LIMITED TO THE AMOUNT THE CLASS MEMBER RECEIVES AS PART OF THE SETTLEMENT FOR THE SPECIFIC CLAIM SUBSEQUENTLY ASSERTED BY THE INSURED.**

**THE DEFENDANT INSURANCE COMPANIES MAY INVESTIGATE THE VALIDITY OF ANY AND ALL PROOF OF CLAIM FORMS.**

Under the terms of the Proposed Settlement, every Class Member who submits a Proof of Claim Form must represent and agree that with regard to all bills for services rendered to insureds of the Defendant Insurance Companies that are the subject of this Settlement, no additional compensation with regard to such bills will be sought from the insureds of the Defendant Insurance Companies. Please check the following box to confirm your agreement:

[ ]    With regard to all bills for services rendered to insureds of the Defendant Insurance Companies that are the subject of this Settlement, I will **not** seek any additional compensation with regard to such bills from the insureds of the Defendant Insurance Companies.

CONSOLIDATED CASE NO. 00-6061

## CERTIFICATION

I state under penalty of perjury under the laws of Florida and the United States of America that:

A.   I am a member of the Settlement Class defined above and did not request to be excluded from the Settlement Class;

B.   The information supplied by me in this Proof of Claim is true and accurate and executed under the pains and penalties of perjury.

Signature _____

Print Name _____

Dated: _____

**IF THIS IS BEING SIGNED BY AN INDIVIDUAL ON BEHALF OF A MEDICAL ENTITY CLAIMANT (*e.g.,* A CORPORATION, SOLE PROPRIETORSHIP, PROFESSIONAL ASSOCIATION, OR PARTNERSHIP), PLEASE PROVIDE THE NAME OF THE ENTITY:**

Filed on behalf of: _____
                         Name of Entity

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants.
_____/
MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                     00-7163

ALLSTATE INDEMNITY COMPANY, et al.

        Defendants.
_____/
ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

        Plaintiff,

v.                                     00-6777

DEERBROOK INSURANCE COMPANY,

        Defendant.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

      Plaintiff,

v.                                                                                           01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

      Defendants.

_____/

## ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement (D.E. # __), filed on _____, 2006, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement and Stipulation, a copy of which has been submitted with the Joint Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED:**

1.     The terms of the Settlement Agreement and Stipulation (the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

### Conditional Certification of the Class

2.     For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure

23(a), (b)(2) and (b)(3), and solely with respect to Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, The Fidelity and Casualty Company of New York, The Continental Insurance Company, National-Ben Franklin Insurance Company of Illinois, The Buckeye Union Insurance Company, The Glens Falls Insurance Company, Kansas City Fire & Marine Insurance Company, Fireman's Insurance Company of Newark, New Jersey, Pacific Insurance Company, Niagara Fire Insurance Company, Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey, Continental Reinsurance Corporation, Continental Casualty Company, Transportation Insurance Company, American Casualty Company of Reading, Pennsylvania, Transcontinental Insurance Company, National Fire Insurance Company of Hartford, Valley Forge Insurance Company, Encompass Floridian Insurance Company, and Encompass Floridian Indemnity Company (Collectively, "Defendants"), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a motor vehicle insurance policy issued by one of the Defendants in the state of Florida that provided PIP coverage; (b) That received a valid assignment of benefits from the person(s) insured by such Defendants as to such services; (c) That submitted bills for payment for such services to Defendants; and (d) Whose bills were paid at a reduced rate by Defendants based on the application of a PPO reduction during the Class Period (January 1, 1998 through the date of this Agreement).

Excluded from the Class are: Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants. Also excluded is any trial judge that may preside over the Actions. In addition, the two individual claims which are at issue in the case entitled *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545, are expressly excluded from this settlement and no settlement payment with regard to those claims

shall be made under this settlement. Plaintiffs Dr. Paul Zidel, Marc Browner. D.C. and Ultra Open MRI Corporation (the "Class Representatives"), are conditionally certified as the Representatives of the Settlement Class. This conditional certification of the class and Class Representatives is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

### **Fairness Hearing; Right to Appear and Object**

3.     A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Judge Zloch, at the United States Courthouse, Courtroom ____, on _____ *[at least 180 days from the date of this Order]* to determine:

a.     Whether the Court should certify the Settlement Class and whether the Class Representative and his counsel have adequately represented the class;

b.     Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

c.     Whether the Action should be dismissed on the merits and with prejudice

as to the Defendant Insurance Companies;

       d.     Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against the Defendant Insurance Companies;

       e.     Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

       f.     Whether the application for an incentive award to be submitted by the Class Representative should be approved; and

       g.     Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

       4.     Any member of the class who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with it consideration of those matters, unless on or before the Claim Deadline of _____ [*90 days from the date of this Order*], such person:

       a.     Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing;

       b.     Files with the Court a copy of a valid Assignment of Benefits

demonstrating the person's standing to assert objections; and

        c.     Serves copies of all such materials either by hand delivery or by first-class

mail, postage prepaid, upon the following counsel by _____ [*90 days from the date of*

*this Order*]:

> Counsel for the Settlement Class
> Phillips & Garcia, LLP
> Carlin Phillips, Esq.
> 13 Ventura Drive
> N. Dartmouth, MA  02747

and

> Counsel for the Defendant Insurance Companies
> Meckler Bulger & Tilson LLP
> Peter Valeta, Esq.
> 123 N. Wacker Dr., Ste. 1800
> Chicago, IL  60606

Unless otherwise ordered by the Court on or before_____ [*90 days from the date of*

*this Order*], based upon an appropriate motion, the Fairness Hearing shall be conducted solely

based upon the written submissions filed with the Court, as provided herein, and the argument of

counsel.

        5.     The Court may adjourn the Fairness Hearing, including the consideration of the

application for attorneys' fees and expenses, without further notice of any kind other than an

announcement of such adjournment in open court at the Fairness Hearing or any adjournment

thereof.

## **Form and Timing of Notice**

        6.     Defendant Allstate Insurance Company ("Allstate") will be authorized to

administer this Settlement, including the mailing of notices to Class Members, determining the

Settlement Payments to be made and issuing and mailing the settlement checks to Class

CONSOLIDATED CASE NO. 00-6061

Members who submit complete and qualified Proof of Claim forms;

7.     As soon as practicable after entry of this Order, but no later than forty five (45) days after the Order is entered, Allstate shall cause copies of the Notice and Proof of Claim, substantially in the form of Exhibits A and C to the Settlement Agreement, the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to potential members of the Settlement Class as provided in the Settlement Agreement.

8.     Prior to the Final Settlement Hearing, Allstate shall file a sworn statement attesting to compliance with the preceding paragraph. The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

9.     The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

## Ability of Class Members to Opt Out of the Settlement Class

10.     All members of the class who wish to opt out of the class must do so by sending written notice of their election to opt out to the address set forth in the Notices to be provided as set forth in this Order. To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request for such person must be post-marked by no later than _____, 2006 (the "Opt Out Deadline") [*90 days from the date of this Order*]. Prior to the Final Settlement Hearing, Allstate shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely

electing to opt out of the class.

11.    Any potential member of the class that does not properly and timely request exclusion from the Settlement Class shall be included in such class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to Sue described therein, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

### Other Provisions

12.    Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

13.    Other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, all proceedings against and concerning the Defendant Insurance Companies in the Action, including all pending actions in any other state or federal court relating to the same issues asserted in this Action, are hereby stayed and suspended until five (5) days after the Opt Out Deadline, except that this stay shall not be applicable to the case entitled *Allstate Ins. Co. v. Holy Cross Hosp., Inc.*, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545, which case shall be expressly exempt from the terms and operations of this stay. Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief against the Defendant Insurance Companies relating to PPO reductions.

14.    No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the Parties to the Settlement Agreement other than as may be directed by

the Court upon a proper showing by the Parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

15.     Defendants and Class Counsel are authorized to use such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, while protecting the confidentiality of the names and addresses of persons insured by Defendants or other confidential or proprietary information pursuant to the terms of this Agreement. The confidentiality of information utilized in connection with the administration of this settlement shall be protected under the terms of this order as follows:

      a.     The names, addresses, policy numbers and other information which may be compiled by Defendants pursuant to this Agreement and the data processing and other record keeping procedures and materials to be utilized by Defendants in identifying the Members of the Class and effectuating Defendants' other obligations hereunder (the "Information") are represented by Defendants to constitute highly confidential and proprietary business information.

      b.     No person, other than individuals employed by Defendants or to whom Defendants have expressly permitted access, shall be allowed access to any Information except:

           (1)     Class Counsel and attorneys and clerical personnel employed by such counsel; and

           (2)     Such other persons as the Court may order after hearing on notice to all counsel of record.

16.     At no time, except pursuant to Court order after hearing upon notice to all counsel of record, shall any Information be made known or available to any person, other than

individuals described above and the individuals employed by Defendants or to whom Defendants have expressly permitted access, unless he or she first signs a statement attesting to the fact that: (a) he or she has read and understands the protective order to be entered by the Court; (b) that he or she agrees to be bound and to comply with the terms of the protective order; and (c) that he or she understands that disclosure of Information to unauthorized persons may constitute contempt of court. Copies of all such signed statements shall be retained by Class Counsel and delivered to Defendants upon request.

17.    It is further agreed that, after performance of all terms of this Agreement is complete, any and all Information provided by Defendants to Class Counsel or anyone else, and all copies thereof, shall be promptly returned to Defendants.

18.    Additionally, any letter agreements which were previously executed by Class Counsel and other individuals associated with Class Counsel, regarding the confidentiality of information supplied by Defendants in connection with the negotiation of this Settlement Agreement shall remain in force and effect.

19.    Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class, Allstate, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any

damage.

20.    In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

DONE AND ORDERED in the Southern District of Florida on _____, 2006.


_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:  All counsel of record

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

02-15544-AA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAR 1 0 2006

THOMAS K. KAHN
CLERK

ULTRA OPEN MRI CORPORATION,
SALVATORE D. LARUSSO, D.C., d.b.a. Family
Chiropractic Center, on behalf of himself and all
others similarly situated,

Plaintiffs-Appellees,

versus

FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY,
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendants-Appellants.

02-16054-AA

PAUL ZIDEL,
SALVATORE D. LARUSSO, D.C., d.b.a. Family
Chiropractic Center, on behalf of himself and all
others similarly situated,
ET AL.,

Plaintiffs-Appellees,

versus

ALLSTATE INSURANCE COMPANY,

Defendant-Third Party-
Plaintiff-Appellant,

ALLSTATE INDEMNITY COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
ET AL.,

Defendants-Appellants,

COMMUNITY CARE NETWORK, INC.,

Defendant-Third Party-
Defendant-Appellant.

-------------------------

On Appeal from the United States District Court for the
Southern District of Florida

-------------------------

BEFORE:   CARNES and PRYOR, Circuit Judges.

BY THE COURT:

The "Joint Agreed Motion for Partial Remand...and for Continued Stay of

Consolidated Appeal" filed by Defendants-Appellants Allstate Insurance Company,

Allstate Indemnity Company, Deerbrook Insurance Company, Fidelity and Casualty

Company of New York, and The Continental Insurance Company, as well as

Plaintiffs-Appellees Dr. Paul Zidel, et al., seeking remand to district court for the

-2-

limited purpose of obtaining approval of their proposed class action settlement and a stay of these appeals pending the district court's ruling, is GRANTED. Appellants are directed to file monthly reports advising the Court of the status of the proceedings on limited remand. Appellants should dismiss their appeal promptly if the district court approves the settlement terms.

The stay granted by this order is independent of the stays previously granted by separate orders.