UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6061-CIV-ZLOCH

DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated, et al.,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,
et al.,

    Defendants.
_____/



MARC J. BROWNER, D.C.,
individually and on behalf
of all others similarly
situated,

    Plaintiff,

vs.

ALLSTATE INDEMNITY COMPANY, et
al.,

    Defendants.
_____/

Case No. 00-7163

ULTRA OPEN MRI CORPORATION,
on behalf of itself and all
others similarly situated,

    Plaintiff,

vs.

DEERBROOK INSURANCE COMPANY,

    Defendants.
_____/

Case No. 00-6777

ULTRA OPEN MRI CORPORATION,
on behalf of itself and all
others similarly situated,

Case No. 01-6779



      Plaintiff,

vs.

FIDELITY AND CASUALTY COMPANY
OF NEW YORK and THE
CONTINENTAL INSURANCE COMPANY,

      Defendants.
_____/

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

THIS MATTER is before the Court upon the Joint Motion for Preliminary Approval of Settlement Agreement (DE 1152) filed herein by Plaintiffs Dr. Paul Zidel, Dr. Marc Browner, and Ultra Open MRI Corporation and Defendants Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, The Fidelity and Casualty Company of New York, The Continental Insurance Company, National-Ben Franklin Insurance Company of Illinois, The Buckeye Union Insurance Company, The Glens Falls Insurance Company, Kansas City Fire & Marine Insurance Company, Fireman's Insurance Company of Newark, New Jersey, Pacific Insurance Company, Niagara Fire Insurance Company, Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey, Continental Reinsurance Corporation, Continental Casualty Company, Transportation Insurance Company, American Casualty Company of Reading, Pennsylvania, Transcontinental Insurance Company, National Fire Insurance Company of Hartford, Valley Forge Insurance Company, Encompass Floridian Insurance Company, and Encompass Floridian Indemnity Company. The

Court has carefully reviewed the instant Motion and the terms and conditions of the Settlement Agreement And Stipulation, a copy of which is attached as Exhibit 1 to the instant Motion, and the entire court file herein and is otherwise fully advised in the premises.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Joint Motion for Preliminary Approval of Settlement Agreement (DE 1152) be and the same is hereby **GRANTED** as follows:

1. The terms of the Settlement Agreement And Stipulation (DE 1152, Ex. 1) (hereinafter the "Settlement" or "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order and the Stipulation.

<u>Conditional Certification of the Class</u>

2. For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, The Fidelity and Casualty Company of New York, The Continental Insurance Company, National-Ben Franklin

3

Insurance Company of Illinois, The Buckeye Union Insurance Company, The Glens Falls Insurance Company, Kansas City Fire & Marine Insurance Company, Fireman's Insurance Company of Newark, New Jersey, Pacific Insurance Company, Niagara Fire Insurance Company, Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey, Continental Reinsurance Corporation, Continental Casualty Company, Transportation Insurance Company, American Casualty Company of Reading, Pennsylvania, Transcontinental Insurance Company, National Fire Insurance Company of Hartford, Valley Forge Insurance Company, Encompass Floridian Insurance Company, and Encompass Floridian Indemnity Company (hereinafter collectively "Defendants"), this Action is conditionally certified as a class action on behalf of the following persons (hereinafter the "Settlement Class"):

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a motor vehicle insurance policy issued by one of the Defendants in the state of Florida that provided PIP coverage; (b) That received a valid assignment of benefits from the person(s) insured by such Defendants as to such services; (c) That submitted bills for payment for such services to Defendants; and (d) Whose bills were paid at a reduced rate by Defendants based on the application of a PPO reduction during the Class Period (January 1, 1998 through May 4, 2006).

Excluded from the Class are: Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants. Also excluded is any trial judge that may preside over the Actions.

In addition, the two individual claims which are at issue in the case entitled <u>Allstate Ins. Co. v. Holy Cross Hosp., Inc.</u>, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545, are expressly excluded from this settlement and no settlement payment with regard to those claims shall be made under this settlement. Plaintiffs Dr. Paul Zidel, Marc Browner, D.C. and Ultra Open MRI Corporation (hereinafter the "Class Representatives"), are conditionally certified as the representatives of the Settlement Class. This conditional certification of the class and Class Representatives is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the statewide class proposed in the Amended Complaint.

### Fairness Hearing; Right to Appear and Object

3.  A Final Fairness Hearing (hereinafter the "Fairness Hearing") shall take place on <u>Tuesday, January 23, 2007</u>, at <u>10:00 a.m.</u>, before the Honorable William J. Zloch, in Courtroom A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida to determine:

   a.  Whether the Court should certify the Settlement Class and whether the Class Representative and his counsel have adequately represented the class;

   b.  Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

   c.  Whether the Action should be dismissed on the merits and with prejudice as to the Defendant Insurance Companies;

   d.  Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against the Defendant Insurance Companies;

   e.  Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

   f.  Whether the application for an incentive award to be submitted by the Class Representative should be approved; and

   g.  Such other matters as the Court may deem necessary or appropriate.  The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

4. Any member of the class who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with it consideration of those matters, unless on or before the Claim Deadline of <u>Friday, September 22, 2006</u>, such person:

    a. Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing;

    b. Files with the Court a copy of a valid Assignment of Benefits demonstrating the person's standing to assert objections; and

    c. Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by <u>Friday, September 22, 2006</u>:

>Counsel for the Settlement Class
>Phillips & Garcia, LLP
>Carlin Phillips, Esq.
>13 Ventura Drive
>N. Dartmouth, MA  02747

and

> Counsel for the Defendant Insurance Companies
> Meckler Bulger & Tilson LLP
> Peter Valeta, Esq.
> 123 N. Wacker Dr., Ste. 1800
> Chicago, IL  60606

Unless otherwise ordered by the Court on or before <u>Friday, September 22, 2006</u>, based upon an appropriate motion, the Fairness Hearing shall be conducted solely based upon the written submissions filed with the Court, as provided herein, and the argument of counsel.

5. The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

## Form and Timing of Notice

6. Defendant Allstate Insurance Company (hereinafter "Allstate") will be authorized to administer this Settlement, including the mailing of notices to Class Members, determining the Settlement Payments to be made and issuing and mailing the settlement checks to Class Members who submit complete and qualified Proof of Claim forms;

7. As soon as practicable after entry of this Order, but no later than forty five (45) days after the Order is entered, Allstate shall cause copies of the Notice and Proof of Claim,

substantially in the form of Exhibits A and C to the Settlement Agreement, the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to potential members of the Settlement Class as provided in the Settlement Agreement.

8.  Prior to the Final Settlement Hearing, Allstate shall file a sworn statement attesting to compliance with the preceding paragraph.  The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

9.  The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

### Ability of Class Members to Opt Out of the Settlement Class

10.  All members of the class who wish to opt out of the class must do so by sending written notice of their election to opt out to the address set forth in the Notices to be provided as set forth in this Order.  To be considered timely and thereby effectively exclude a person from the class, the envelope delivering a completed opt out request for such person must be post-marked by no

later than <u>Friday, September 22, 2006</u> (hereinafter the "Opt Out Deadline"). Prior to the Final Settlement Hearing, Allstate shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who is timely electing to opt out of the class.

11. Any potential member of the class that does not properly and timely request exclusion from the Settlement Class shall be included in such class and, if the settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Releases, Waivers and Covenants not to Sue described therein, whether or not such person shall have objected to the settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

## Other Provisions

12. Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

13. Other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, all proceedings against and concerning the Defendant Insurance Companies in the Action, including all pending actions in any other state or federal court relating to the same issues asserted in this Action, are hereby

stayed and suspended until five (5) days after the Opt Out Deadline, except that this stay shall not be applicable to the case entitled <u>Allstate Ins. Co. v. Holy Cross Hosp., Inc.</u>, currently pending in the Florida Supreme Court as Case Nos. SC05-435 and SC05-545, which case shall be expressly exempt from the terms and operations of this stay.  Until the Opt Out Deadline date, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any claims for relief against the Defendant Insurance Companies relating to PPO reductions.

14.  No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the Parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the Parties seeking such discovery by Motion properly noticed and served in accordance with the Local Rules.

15.  Defendants and Class Counsel are authorized to use such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, while protecting the confidentiality of the names and addresses of persons insured by Defendants or other confidential or proprietary information pursuant to the terms of this Agreement. The confidentiality of information utilized in connection with the administration of this settlement shall be protected under the terms of this order as follows:

      a.    The names, addresses, policy numbers and other information which may be compiled by Defendants pursuant to this Agreement and the data processing and other record keeping procedures and materials to be utilized by Defendants in identifying the Members of the Class and effectuating Defendants' other obligations hereunder (hereinafter "Information") are represented by Defendants to constitute highly confidential and proprietary business information.

      b.    No person, other than individuals employed by Defendants or to whom Defendants have expressly permitted access, shall be allowed access to any Information except:

          (1)    Class Counsel and attorneys and clerical personnel employed by such counsel; and

          (2)    Such other persons as the Court may order after hearing on notice to all counsel of record.

16.    At no time, except pursuant to Court order after hearing upon notice to all counsel of record, shall any Information be made known or available to any person, other than individuals described above and the individuals employed by Defendants or to whom Defendants have expressly permitted access, unless he or she first signs a statement attesting to the fact that: (a) he or she has read and understands the protective order to be entered by the Court; (b) that he or she agrees to be bound and to comply with the terms of the protective order; and (c) that he or she understands

that disclosure of Information to unauthorized persons may constitute contempt of court. Copies of all such signed statements shall be retained by Class Counsel and delivered to Defendants upon request.

17. It is further agreed that, after performance of all terms of this Agreement is complete, any and all Information provided by Defendants to Class Counsel or anyone else, and all copies thereof, shall be promptly returned to Defendants.

18. Additionally, any letter agreements which were previously executed by Class Counsel and other individuals associated with Class Counsel, regarding the confidentiality of information supplied by Defendants in connection with the negotiation of this Settlement Agreement shall remain in force and effect.

19. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the representative plaintiffs, as counsel, any members of the class, Allstate, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability

or wrongdoing of any nature or that representative plaintiffs, or any member of the class or any person has or has not suffered any damage.

20. In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of June, 2006.

                                              WILLIAM J. ZLOCH
                                              Chief United States District Judge

Copies furnished to:

All counsel of record