UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/
MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                                 00-7163

ALLSTATE INDEMNITY COMPANY, et al.

    Defendants.
_____/
ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                 00-6777

DEERBROOK INSURANCE COMPANY,

    Defendant.
_____/



CONSOLIDATED CASE NO. 00-6061

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                                                                 01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

    Defendants.
_____/

## JOINT MOTION TO CLARIFY AND AMEND THE ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs, Dr. Paul Zidel, Marc Browner, D.C. and Ultra Open MRI Corporation (the "Class Representatives"), and Defendants Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, The Fidelity and Casualty Company of New York, The Continental Insurance Company, National-Ben Franklin Insurance Company of Illinois, The Buckeye Union Insurance Company, The Glens Falls Insurance Company, Kansas City Fire & Marine Insurance Company, Fireman's Insurance Company of Newark, New Jersey, Pacific Insurance Company, Niagara Fire Insurance Company, Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey, Continental Reinsurance Corporation, Continental Casualty Company, Transportation Insurance Company, American Casualty Company of Reading, Pennsylvania, Transcontinental Insurance Company, National Fire Insurance Company of Hartford, Valley Forge Insurance Company, Encompass Floridian Insurance Company, and Encompass Floridian Indemnity Company. (collectively, "Defendants"), hereby jointly move the Court for entry of an order clarifying and amending the Order of Preliminary Approval of Settlement Agreement ("Order") entered by this Court on June 19, 2006. In support of their Motion, the Parties state as follows:

2

1. This action pertains to claims relating to Personal Injury Protection ("PIP") coverage benefits.

2. The Order of Preliminary Approval conditionally certified this action as a class action on behalf of a defined settlement class. (Order, ¶ 2.)

3. In order to permit an orderly claims and opt-out process, and to avoid the risk of inconsistent treatment of and prejudice to the settlement class members, the Order of Preliminary Approval provides that during the administration of this class action settlement and until the expiration of the time for submitting opt-out requests, members of the settlement class are "barred and enjoined from commencing or prosecuting any action asserting any claims for relief against the Defendant Insurance Companies relating to PPO reductions." (Order, ¶13.)

4. The Florida PIP statute provides that as a condition precedent to the filing of any action for PIP benefits, an individual who wishes to file suit to recover unpaid and overdue PIP benefits must provide a demand letter to the PIP insurer that provides advance written notice of the intent to initiate litigation for such benefits. Fla. Stat. § 627.726(11) ("Section 627.726(11)"). An insurer who receives such a demand letter has the ability to avoid such litigation by satisfying that demand in accordance with the provisions of Section 627.726(11), including payment of the PIP benefits so demanded. In the event the insurer avails itself of this opportunity to satisfy such a demand within fifteen (15) days of receipt of such notice, the insurer shall not be obligated to pay attorneys' fee in connection with that claim for PIP benefits.

5. Such a demand letter under Section 627.736(11) would arguably constitute a "claim for relief" against the Defendant Insurance Companies.

6. It is possible that members of the settlement class might attempt to serve demand letters pursuant to Section 627.726(11) before or during the period for filing claims or submitting opt-outs under the settlement preliminarily approved by this Court. However, because the

3

CONSOLIDATED CASE NO. 00-6061

settlement class has been conditionally certified by this Court, the Defendant Companies would be prohibited from responding to such demands and settling any individual claims of such class members in response to a demand letter pursuant to Section 627.726(11) because such individual settlements would be on terms different from the Settlement Agreement preliminarily approved by this Court that would be available to the other members of the Settlement Class.

7.  Moreover, the inability of the Defendant Insurance Companies to respond to demand letters issued pursuant to Section 627.726(11) because of the pending certification of the Settlement Class could give rise to claims that such failures to respond within 15 days as required by statute requires the Defendant Insurance Companies to litigate such claims with the attendant risk of being liable for both PIP benefits and attorneys fees in the event the insurer is determined to have failed to pay PIP benefits in a timely manner.

8.  While the Parties believe that all such forms of "claims for relief," including claims under Section 627.736(11) are barred and enjoined pursuant to ¶ 13 of the Order of Preliminary Approval, in order to clarify and remove any possible uncertainty, the Parties request that the Order of Preliminary Approval be clarified and amended to expressly provide that: (1) until the expiration of the time for submitting opt-out requests, the members of the settlement class are barred and enjoined from submitting to the Defendant Insurance Companies any demand letters under Fla. Stat. § 627.736(11) for benefits against the Defendant Insurance Companies relating to PPO reductions; and (2) with regard to any demand letters that may be submitted to the Defendant Insurance Companies under Fla. Stat. § 627.736(11) for benefits against relating to PPO reductions from the date of the Order of Preliminary Approval until the expiration of the time for submitting opt-out requests, the fifteen (15) day period for response to such demand letters under Fla. Stat. § 627.736(11) is stayed and tolled until such time as may be further ordered by this Court.

4

CONSOLIDATED CASE NO. 00-6061

9. This requested amendment does not change any of the relief provided to class members, does not change any of the time deadlines, and is not being requested in response to any demand letter received by any of the Defendant Insurance Companies. It is merely being requested to clarify the Order of Preliminary Approval and to avoid having to address this issue on an expedited basis if a demand letter is received.

**WHEREFORE,** the Parties jointly move the Court for entry of an order amending the Order of Preliminary Approval of Settlement Agreement, to add the following provisions to paragraph 13 of the Order of Preliminary Approval:

> (1) until the expiration of the time for submitting opt-out requests, the members of the settlement class are barred and enjoined from submitting to the Defendant Insurance Companies any demand letters under Fla. Stat. § 627.736(11) for benefits against the Defendant Insurance Companies relating to PPO reductions; and
>
> (2) any demand letters that may be submitted to the Defendant Insurance Companies under Fla. Stat. § 627.736(11) for benefits against relating to PPO reductions from the date of the Order of Preliminary Approval until the expiration of the time for submitting opt-out requests, the fifteen (15) day period for response to such demand letters under Fla. Stat. § 627.736(11) is stayed and tolled until such time as may be further ordered by this Court; and

awarding the Parties such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Lee & Amtzis, P.L.
Counsel for Plaintiffs
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Phone: 561-981-9988
Fax: 561-981-9980
E-Mail: lee@leeamlaw.com.

By: *[signature]*
Eric Lee
Fla. Bar No. 961299

--and--

5

CONSOLIDATED CASE NO. 00-6061

        Meckler Bulger & Tilson LLP
        123 N. Wacker Dr., Ste. 1800
        Chicago, IL 60606
        Phone: (312) 474-7900
        Fax: (312) 474-7898
        E-Mail: peter.valeta@mbtlaw.com

By: _____
        Peter Valeta, Esq.
        Fla. Bar No. 0327557

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served, by U.S. Mail, on this _____ day of _____, 2006 on all persons on the attached service list.

_____
Peter Valeta

6

## SERVICE LIST

**Co-Lead Counsel for Plaintiffs**

LEE & AMTZIS, P.L.
Eric Lee, Esq.
lee@leeamlaw.com
5550 Glades Road, Suite 401
Boca Raton, FL 33431
(561) 981-9988
(561) 981-9980 Facsimile

GOLD & COULSON
Arthur S. Gold, Esq.
asg@gcjustice.com
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
(312) 372-0777
(312) 372-0778 Facsimile

PHILLIPS & GARCIA
Andrew Garcia, Esq.
agarcia@phillipsgarcia.com
Carlin Phillips, Esq.
cphillips@phillipsgarcia.com
Attorneys at Law
13 Ventura Drive
North Darthmouth, MA 02747
(508) 998-0800
(508) 998-0919 Facsimile

KOPELMAN & BLANKMAN, P.A.
Larry Kopelman, Esq.
Douglas Blankman, Esq.
dblan2155@aol.com
350 E. Las Olas Blvd., Ste. 980
Ft. Lauderdale, FL 33301
(954) 462-6855
(954) 462-6899 Facsimile

**Co-Counsel for Plaintiffs**

Susan L. Lawson, Esq.
personalinjurylawyer@earthlink.net
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
(813) 251-8879
(813) 251-5786 Facsimile

RICHARD BOKOR, P.A.
Richard Bokor, Esq.
Richard@bokorlaw.com
230 East Davis Boulevard
Tampa, FL 33606
(813) 251-1000
(813) 254-6327 Facsimile

**Counsel for Progressive**

ANANIA, BANDKLAYDER, et al.
Francis Anania, Esq.
fanania@anania-law.com
Donald A. Blackwell, Esq.
dblackwell@anania-law.com
NationsBank Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900
(305) 373-6914 Facsimile

**Counsel for CCN**

The Kenny Nachwalter Law Firm
Richard Critchlow, Esq.
rcritchlow@knsacs.com
Robert Landon, Esq.
rlandon@krtsacs.com
201 S. Biscayne Blvd., Ste. 1100
Miami, FL 33131-4327
(305) 373-1000
(305) 372-1861 Facsimile

**Counsel for Florida Farm Bureau**

HOLLAND & KNIGHT, LLP
Greg Baldwin, Esq.
gbaldwin@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 374-8500
(305) 789-7799 Facsimile