FILED by DJ D.C.
ELECTRONIC

Aug 3 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR PAUL ZIDEL, on behalf of himself and others similarly situated,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third Party Plaintiff,

v.

COMMUNITY CARE NETWORK, INC., doing business as CCN,

    Third Party Defendant.
_____

KEITH BRICKELL, D.C., individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE COMPANY, et al.,

    Defendants.
_____/

ULTRA OPEN MRI CORP., on behalf of itself and all others similarly situated,

    Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

    Defendant.
_____/

Case No. 00-6649

Case No. 01-6776

### NOTICE OF FILING AFFIDAVIT OF PATRICK M. PASSRELLA

    Defendants, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, and PROGRESSIVE BAYSIDE INSURANCE

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 2

COMPANY, hereby give notice of the filing of the Affidavit of Patrick M. Passrella, Vice President of Operations for The Garden City Group, Inc., which serves as the class action settlement administrator in this matter.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by first class mail to all counsel on the attached service list this 3rd day of August, 2006.

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN
Attorneys for PROGRESSIVE Defendants
Bank of America Tower, Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900 - Telephone
(305) 373-6914 - Facsimile

By:   /s/ Francis A. Anania
Francis A. Anania
fanania@anania-law.com
Florida Bar No. 160256
Donald A. Blackwell
dblackwell@anania-law.com
Florida Bar No. 370967

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 3

# MASTER SERVICE LIST
### Consolidated Case No. 00-6061-Civ-ZLOCH/SNOW
**(Updated 08/03/06)**

Eric Lee, Esq.
**Co-Lead Counsel for Plaintiffs**
LEE & AMTZIS, P.I.
5550 Glades Road, Suite 401
Boca Raton, Florida 33431
Tele:   561-981-9988
Fax:   561-981-9980
E-mail:   lee@leeamlaw.com

Arthur S. Gold, Esq.
**Co-Lead Counsel for Plaintiffs**
GOLD & COULSON
11 S. LaSalle Street, Suite 2500
Chicago, IL 60603
Tele:   312-372-0777
Fax:   312-372-0778
E-mail:   asg@gcjustice.com

Andrew Garcia, Esq.
Carlin Phillips, Esq.
**Co-Lead Counsel for Plaintiffs**
PHILLIPS & GARCIA
13 Ventura Drive
North Darthmouth, MA 02747
Tele:   508-998-0800
Fax:   508-998-0919
E-mail:   agarcia@phillipsgarcia.com
cphillips@phillipsgarcia.com

Larry Kopelman, Esq.
Doulgas Blankman, Esq.
**Co-Lead Counsel for Plaintiffs**
KOPELMAN & BLANKMAN, P.A.
350 East Las Olas Boulevard, Suite 980
Fort Lauderdale, Florida 33301
Tele:   954-462-6855
Fax:   954-462-6899
E-mail:   dblan2155@aol.com

Susan L. Lawson, Esq.
**Co-Counsel for Plaintiffs**
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
Tele:   813-251-8879
Fax:   813-251-5786
E-mail:   personalinjurylawyer@earthlink.net

Richard Bokor, Esq.
**Co-Counsel for Plaintiffs**
RICHARD BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606
Tele:   813-251-1000
Fax:   813-254-6327
E-mail:   richard@bokorlaw.com

David B. Shelton, Esq.
**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**
RUMBERGER, KIRK & CALDWELL
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, FL 32802-1873
Tele:   407-872-7300
Fax:   407-841-2133
E-mail:   dshelton@rumberger.com

Peter J. Valeta, Esq.
**Counsel for Allstate, Fidelity and Casualty, Continental, Deerbrook**
MECKLER BULGER & TILSON
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606-1815
Tele:   312-474-7895
Fax:   312-474-7898
E-mail:   peter.valeta@mbtlaw.com

Case No. 00-6061-CIV-ZLOCH/SNOW
Page 4

Francis Anania, Esq.
Donald A. Blackwell, Esq.
**Counsel for Progressive**
ANANIA, BANDKLAYDER, et al.
Bank of America Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131
Tele:   305-373-4900
Fax:    305-373-6914
E-mail:        fanania@anania-law.com
               dblackwell@anania-law.com

Gregory A. Baldwin, Esq.
Robert K. Levenson, Esq.
**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tele:   305-374-8500
Fax:    305-789-7799
E-mail:        rlevenson@hklaw.com
               gbaldwin@hklaw.com

Greg Baldwin, Esq.
**Counsel for Florida Farm Bureau**
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 300
Miami, Florida 33131
Tele:   305-374-8500
Fax:    305-789-7799
E-mail:        gbaldwin@hklaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR PAUL ZIDEL, on behalf of himself and others similarly situated,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant/Third Party Plaintiff,

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

---

KEITH BRICKELL, D.C., individually and on behalf
of all others similarly situated,

    Plaintiff,

vs.

PROGRESSIVE EXPRESS INSURANCE COMPANY, et al,

    Defendants.

Case No. 00-6649

---

ULTRA OPEN MRI CORP., on behalf of itself and all others similarly situated,

    Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

    Defendant.

Case No. 01-6776

---

### AFFIDAVIT OF PATRICK M. PASSARELLA

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF SUFFOLK  )

PATRICK M. PASSARELLA, being duly sworn, deposes and says:

1. I am a Vice President of Operations for The Garden City Group, Inc. ("GCG"), a company with headquarters in Melville, New York, which specializes in class action settlement administration. I have personal knowledge of the facts stated herein.

2. GCG has been retained as the settlement administrator in numerous class action cases in the antitrust, victim's rights, insurance, securities, and consumer fraud areas. Recent cases handled by GCG include: <u>Teresa Herminia Giral, et al., and The District of Columbia v. F. Hoffman-La Roche Ltd, et al., C.A. No. 98-7467</u>; <u>In Re Starlink Corn Products Liability Litigation, MDL Docket No. 1403</u>; and <u>In re Lucent Technologies Securities Litigation, Case No. 00-CV-621 (JAP)</u>. I have personally overseen the administration of approximately 200 settlements.

3. GCG was appointed by the parties to act as administrator of the Settlement in the above-captioned litigation. In connection with this role, and pursuant to the Settlement Agreement and Stipulation and Court Orders (hereinafter the "Settlement Papers"), GCG's responsibilities have included (1) formatting, printing and mailing the Notice of Proposed Settlement and Proof of Claim Form, ("Claim Packet") to potential Class Members, (2) maintaining a post office box to receive Exclusion Requests, completed Claim Forms, Objections, and other communications regarding the Settlement, and (3) receiving, reviewing, and processing Exclusion Requests, Claim Forms, Objections, and other communications regarding the Settlement.

4. In accordance with the Settlement Papers, GCG effectuated the mailing of the Claim Packet. With respect to the mailing, GCG received a total of 15,948 claim records of Health Care Providers from the Defendant's Counsel, along with their names and addresses, (the "Class Member Files"), who were to receive a copy of the Claim Packet. A copy of the Claim Packet is attached hereto as Exhibit A.

-2-

5. The Class Member Files were reviewed by GCG staff for duplication, and when exact duplicate names and addresses were found for a Health Care Provider, the records were consolidated on the mailing list to ensure that each Health Care Provider received one mailing. This process yielded a total of 7,473 unique mailing addresses.

6. In anticipation of mailing, GCG created a database specific to this settlement and on March 30, 2006, downloaded the Class Member Files, containing the 7,473 unique names and addresses of the Health Care Providers, and on April 19, 2006, GCG effectuated mailing of the 7,473 Claim Packets .

**Response of Class Members**

7. As of July 21, 2006, GCG has received a total of 2,562 pieces of returned mail from the initial mailing of 7,473. Of these, 283 pieces of returned mail came back with a forwarding address provided by the U.S. Postal Service ("USPS"). These addresses were updated in the GCG database and Claim Packets have been mailed to these new addresses. A total of 2,279 Claim Packets were returned by the USPS with no forwarding address.

8. As directed by the Settlement Papers, GCG passed the undeliverable notice files for which a tax id was available, through Choicepoint, which is a service similar to Equifax, to obtain a more current address and GCG passed the undeliverable notice files for which a tax id was unavailable, through the National Change of Address Database, ("NCOA") for the same purpose. Of these 2,279 undeliverable records, 1,244 updated addresses were obtained and corresponding claim packets were promptly re-mailed.

9. As of July 21, 2006, GCG has received a total of 523 Proof of Claim Forms. Of these, 515 were timely claims with a postmark on or before the filing deadline of June 30, 2006, and 8 had a postmark after the filing deadline of June 30, 2006 and have been deemed late.

- 3 -

10. GCG has received a total of 18 requests for exclusion from the Settlement. GCG reviewed each request for exclusion to determine whether it was timely, (i.e., postmarked on or before June 30, 2006). Of the 18 requests for exclusion, all 18 were timely. A complete listing of these requests for exclusion is attached hereto as Exhibit B.

11. No objections to the Settlement were received by GCG.

_____<br>
Patrick M. Passarella

Sworn to before me this

27 day of July, 2006

_____
Notary Public

MARYANN K. AIELLO
Attorney & Counselor at Law
Notary Public - State of New York
No. 02AI6099679
Qualified in Suffolk County
My Commission Expires Oct. 6, 2007

- 4 -

# EXHIBIT A

| | | |
|---|---|---|
| **Must Be Postmarked No Later Than: June 30, 2006** | **Brickell Settlement Administrator** c/o The Garden City Group, Inc. PO Box 9000 #6412 Merrick, NY 11566-9000 | BPR  |

**PART I: STATEMENT OF CLAIM:**

Claim Number:                    Control Number:

WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW, *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE:*

Name:

Address:

City/State/Zip Code:

Country:

**IF THE ABOVE AREA IS BLANK, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE** ➡

If you are a U.S. citizen or resident, please fill in your Social Security Number/Taxpayer ID Number if box is blank:

Daytime Telephone Number: (     )     -

E-mail Address:

Evening Telephone Number: (     )     -

## PROOF OF CLAIM

### PART II. YOUR CLAIM

UNDER THE TERMS OF THE PROPOSED SETTLEMENT, YOU ARE NOT ELIGIBLE TO RECOVER IF YOU ARE NOT A MEMBER OF THE FOLLOWING SETTLEMENT CLASS:

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) that rendered medical services to Assignors in the State of Florida; (b) that received a valid assignment of benefits from Assignors as to such services; (c) that submitted bills for payment for such services to Progressive; (d) whose bills were reduced by Progressive based on the application of a ADP/Beech Street PPO reduction during the Class Period (i.e., January 1, 1997 through January 1, 2005); and (e) who have not previously been paid the amount taken as a PPO discount and/or previously settled, resolved or released claims against Progressive based on or arising out of such discounts ("Settlement Class").

"Assignors" include all persons entitled to benefits under policies of insurance issued by Progressive in the State of Florida.

"Progressive" includes the following entities: Progressive American Insurance Company, Progressive Casualty Insurance Company, Progressive Express Insurance Company, Progressive Consumers Insurance Company, Progressive Bayside Insurance Company, Progressive Southeastern Insurance Company, Progressive Auto Pro Insurance Company, and National Continental Insurance Company.

**PLEASE ANSWER THE FOLLOWING:**

1. Under the terms of the proposed settlement, you are not eligible to recover if you did not provide medical services to Assignors for which you were paid during the class period. Please check one of the following two boxes:

    ☐    I verify that I provided medical services to Assignors for which I was paid during the period January 1, 1997 through January 1, 2005.

    ☐    I did **not** treat any Assignors during the period January 1, 1997 through January 1, 2005.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR PAUL ZIDEL, on behalf of himself and others
similarly situated,
    Plaintiff,
vs.                                    CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW
ALLSTATE INSURANCE COMPANY,
    Defendant/Third Party Plaintiff,

---

KEITH BRICKELL, D.C., individually and on behalf
of all others similarly situated,
    Plaintiff,
vs.                                    Case No. 00-6649
PROGRESSIVE EXPRESS INSURANCE COMPANY,
et al,
    Defendants.

---

ULTRA OPEN MRI CORP., on behalf of itself
and all others similarly situated,
                                          Case No. 01-6776
    Plaintiff,
vs.
PROGRESSIVE AMERICAN INSURANCE
COMPANY,
    Defendant.

---

### NOTICE OF PROPOSED SETTLEMENT
### (NOTE: YOU ARE NOT BEING SUED)

IF YOU ARE A HEALTHCARE PROVIDER, AS DEFINED BY THE FLORIDA MOTOR VEHICLE NO-FAULT ACT, AND YOU PROVIDED SERVICES TO ANY PERSON ENTITLED TO BENEFITS UNDER POLICIES OF INSURANCE ISSUED IN THE STATE OF FLORIDA BY PROGRESSIVE AMERICAN INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE EXPRESS INSURANCE COMPANY, PROGRESSIVE CONSUMERS INSURANCE COMPANY, PROGRESSIVE BAYSIDE INSURANCE COMPANY, PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, PROGRESSIVE AUTO PRO INSURANCE COMPANY, and NATIONAL CONTINENTAL INSURANCE COMPANY (COLLECTIVELY "PROGRESSIVE") FOR WHICH YOU WERE PAID AT ANY TIME DURING THE PERIOD JANUARY 1, 1997 THROUGH JANUARY 1, 2005, PLEASE READ THIS NOTICE CAREFULLY. THIS PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

1.    WHY SHOULD YOU READ THIS NOTICE?

If you are or have been a healthcare provider, as defined by the Florida Motor Vehicle No-Fault Act, and you provided services to persons entitled to benefits under policies of insurance issued by Progressive in the State of Florida for which you were paid from January 1, 1997 through January 1, 2005, your rights may be affected by a proposed settlement ("Settlement") with Progressive in *Keith Brickell, D.C. v. Progressive Express Ins. Co.*, (Case No. 00-6649-CV) and *Ultra Open MRI Corp. v. Progressive American Ins. Co.*, (Case No. 01-6776), part of Consolidated Case No. 00-6061-CV)(the "Actions"), which are part of a number of consolidated class actions pending in the United States District Court for the Southern District of Florida ("Court"). The Class Representatives have agreed to settle all claims against Progressive in the Action in exchange for Progressive's agreement to fund settlement payments to members of the Settlement Class as set forth below.

The Court has scheduled a hearing to consider the fairness, reasonableness and adequacy of the Settlement with Progressive, together with certain other matters, to be held on August 7, 2006, at the United States Courthouse, United States District Court for the Southern District of Florida, at 10:00 a.m. ("Fairness Hearing"). The Order scheduling that hearing also provides that it may be adjourned by the Court and that no additional notice will be provided to potential members of the Settlement Class other than an announcement in open court.

You may be a member of the Settlement Class and, therefore, would be entitled to receive the benefits of the Settlement. As a member of the Settlement Class, however, you also will be bound by the release and other provisions of the Settlement if it is approved by the Court. You may elect to opt out of the Settlement Class and the Settlement, as explained below. You also have a right to object to the Settlement or to the application for attorneys' fees and the Class Representatives' incentive awards that Counsel for the Settlement Class intend to make to the Court, but only if you comply with the procedures described in this Notice.

1

2.  **WHAT IS THIS LITIGATION ABOUT?**

These Actions have been brought by Keith Brickell, D.C.("Brickell") and Ultra Open MRI Corp.("Ultra Open")(collectively "Class Representatives"), both of whom are Florida healthcare providers, against Progressive. These Actions generally allege that Progressive improperly applied certain preferred provider organization ("PPO") reductions to medical bills for services rendered to persons entitled to benefits under policies of insurance issued by Progressive in the State of Florida (collectively "Assignors"), including Class Representatives. The Amended Complaint claims that this conduct violates various state and federal statutes and also seeks recovery on various common law theories.

These Actions are two of several similar actions ("Consolidated Actions") pending in the Court against several automobile insurers, which have been consolidated for certain purposes. Since the initial Complaints were filed, substantial litigation has occurred in the Consolidated Actions.

3.  **WHAT ARE THE TERMS OF THE SETTLEMENT?**

The terms of the Settlement Agreement are summarized in this Notice, but a copy of the entire Settlement Agreement is available in the Court file, which can be reviewed at the office of the Clerk of the Court, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 during regular business hours.

   a. The Settlement Class.

The Settlement is on behalf of the following Settlement Class:

Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) that rendered medical services to Assignors in the State of Florida; (b) that received a valid assignment of benefits from Assignors as to such services; (c) that submitted bills for payment for such services to Progressive; (d) whose bills were reduced by Progressive based on the application of a ADP/Beech Street PPO reduction during the Class Period (*i.e.,* January 1, 1997 through January 1, 2005); and (e) who have not previously been paid the amount taken as a PPO discount and/or previously settled, resolved or released claims against Progressive based on or arising out of such discounts ("Settlement Class").

   b. The Settlement Consideration.

If the Settlement is approved by the Court, the Settlement Agreement provides for benefits to be provided by Progressive on behalf of the Members of the Settlement Class.

If the Settlement is approved by the Court, each Class Member shall be entitled to reimbursement of the PPO reductions taken by Progressive in accordance with the terms below, and conditioned upon the Class Member's timely submission of a complete and valid Proof of Claim: Each Class Member will be entitled to sixty percent (60%) of the difference between the amount that the Class Member would have been paid if no PPO discount had been applied to their bills and the amount that the Class Member actually was paid with the PPO discount. For purposes of this calculation, all bills shall be deemed to have been submitted pursuant to Section 627.736, Florida Statutes. No additional sums shall be paid for interest, including, but not limited to, statutory or pre-judgment interest. All reimbursements to Class Members shall be determined from ADP's records for the period January 1, 1997 through January 1, 2005.

   c. The Release and Dismissal with Prejudice.

In exchange for the consideration, and if the Settlement is approved, the Actions will be dismissed with prejudice as to Progressive. In addition, Progressive will receive a release and discharge from the Settlement Class (which would not include members of the Settlement Class who timely elected to opt out of the Settlement as discussed below) of any and all causes of action, judgments, liens, indebtedness, costs, damages, attorneys' fees, losses, claims, liabilities and demands of whatever kind or character (each a "claim"), that arise out of or are based upon any bill submitted to Progressive during the Class Period which was reduced by the application of a PPO reduction and/or arise out of or are based on the acts, transactions, occurrences, facts, and events alleged or which could have been alleged in the Complaint, including, but not limited to, any and all claims for bad faith deriving from such PPO deductions.

   d. Subrogation Claims, Tax Implications, and Reimbursement Requirements.

Any settlement payment made to you is in full and final payment for any claims you may have in this matter. To the extent that other sources, including, but not limited to, The Centers for Medicare and Medicaid Services, health insurance carriers, other insurance companies, or insureds, paid all or a portion of the bills that you submitted for payment, you may have an obligation to reimburse the appropriate party. It is your responsibility to determine whether you are under any such obligation. Moreover, acceptance of any benefits under the Settlement Agreement could have tax implications, for the tax period in which you receive payment, and for any prior tax periods. You should consult with an accountant or financial advisor to determine the tax implications of any such benefits.

4.  **WHAT WILL HAPPEN AT THE FAIRNESS HEARING?**

At the Fairness Hearing, the Court will consider several different issues, including the following: (a) whether the Settlement is fair, reasonable, and adequate to members of the Settlement Class; (b) whether it should certify the Settlement Class pursuant to Fed. R. Civ. P. 23; (c) whether to enter Orders that would prevent members of the Settlement Class from asserting certain claims against Progressive in the future; (d) whether to approve the application for a payment of an incentive premium to the Class Representatives by Progressive; and (e) whether to approve an application by Counsel for the Settlement Class for attorneys' fees and costs to be paid by Progressive.

2

5. <u>CAN I PARTICIPATE IN THE FAIRNESS HEARING</u>?

Anyone who objects to the Settlement, the Settlement Agreement, the application for attorneys' fees or the other matters to be considered at the Fairness Hearing may appear and present such objections. In order to be permitted to do so, however, you must, on or before Friday, June 30, 2006: File with the Court a notice of your intention to appear, together with a statement setting forth your objections, if any, to the matter to be considered and the basis for these objections, together with any documentation that you intend to rely upon at the Fairness Hearing;

    a. File a copy of a valid assignment of benefits from a Progressive insured demonstrating your standing to set forth any objections to the Settlement; and

    b. Serve copies of all such materials either by hand delivery or by first-class mail, postage pre-paid, upon the following counsel:

| | | |
|---|---|---|
| LEE & AMTZIS, P.L<br>Eric Lee, Esq.<br>5550 Glades Road,<br>Suite 401<br>Boca Raton, Florida 33431 | ANANIA, BANDKLAYDER, BLACKWELL,<br>BAUMGARTEN, TORRICELLA & STEIN, P.A.<br>Francis A. Anania, Esq.<br>Donald A. Blackwell, Esq.<br>Bank of America Tower, Suite 4300<br>100 Southeast Second Street<br>Miami, Florida 33131 | Kopelman & Blankman, P.A.<br>Larry Kopelman, Esq.<br>Douglas Blankman, Esq.<br>350 East Las Olas Blvd, #980<br>Fort Lauderdale, FL 33301 |

If you do not comply with the foregoing procedures and deadlines for submitting written objections and/or appearing at the Fairness Hearing, you may lose substantial legal rights, including, but not limited to, the right to appear at the Fairness Hearing; the right to contest approval of the Settlement or the application for an award of attorneys' fees and costs to Class Counsel; the right to contest approval of the application for an award of an incentive premium to the Class Representatives; or the right to contest any other orders or judgments of the Court entered in connection with the Settlement. If the Court does not approve the Settlement, the Settlement Agreement will be null and void.

6. <u>HOW DO I FILE A CLAIM</u>?

The Settlement contemplates certain settlement payments to each Member of the Settlement Class that submits a timely, complete and valid Proof of Claim to the Settlement Administrator at the following address:

Brickell Settlement Administrator<br>
c/o The Garden City Group, Inc.<br>
P.O. Box 9000 #6412<br>
Merrick, NY 11566-9000

**IN ORDER TO BE ENTITLED TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN A PROOF OF CLAIM AND MAIL THE PROOF OF CLAIM TO THE SETTLEMENT ADMINISTRATOR. THE ENVELOPE CONTAINING YOUR PROOF OF CLAIM MUST BE POST-MARKED BY NO LATER THAN JUNE 30, 2006. IF YOU DO NOT MAIL YOUR PROOF OF CLAIM BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND. IF YOU FILE A CLAIM, YOU WILL BE ELECTING TO BE A MEMBER OF THE CLASS AND WILL BE BOUND BY ALL PROCEEDINGS, ORDERS, AND JUDGMENTS ENTERED IN CONNECTION WITH THE PROPOSED SETTLEMENT INCLUDING THE RELEASE AND DISMISSAL WITH PREJUDICE DESCRIBED ABOVE. CLAIM PAYMENTS WILL BE MADE ONLY TO CLASS MEMBERS DIRECTLY.**

7. <u>WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT</u>?

If you do **not** want to be a member of the Settlement Class and participate in the Settlement, then **BY NO LATER THAN FRIDAY, JUNE 30 2006**, you must send a signed statement to that effect that includes your name, business address, telephone number and federal tax identification number. If the claim is being filed by or on behalf of a business or entity, the signed statement must include the full name of the entity, the address of the entity, and the name and title of the person filing the claim on the entity's behalf. The signed statement must be sent to the following:

Brickell Settlement Administrator<br>
c/o The Garden City Group, Inc.<br>
Attn: Exclusion Department<br>
P.O. Box 9000 #6412<br>
Merrick, NY 11566-9000

**TO BE CONSIDERED TIMELY AND TO EFFECTIVELY OPT OUT OF THE SETTLEMENT, YOUR COMPLETED SIGNED STATEMENT ADVISING OF YOUR ELECTION TO OPT OUT MUST BE POST-MARKED BY NO LATER THAN FRIDAY, JUNE 30, 2006. IF IT IS NOT POSTMARKED BY THAT DATE, YOUR RIGHT TO OPT OUT WILL BE DEEMED WAIVED AND YOU WILL BE BOUND BY ALL ORDERS, JUDGMENTS, AND RELEASES ENTERED IN CONNECTION WITH THE SETTLEMENT.**

3

If you choose to opt out of the Settlement and the Settlement Class, you will not be entitled to receive the benefits of the Settlement with Progressive, including any payment from the Settlement Fund. Your claims against Progressive will not be released and you will be free, subject to any otherwise applicable defenses and limitations periods, to pursue any claims you believe you have against Progressive by filing a separate action or request for arbitration if you are subject to an arbitration agreement.

8.     WHAT ABOUT ATTORNEYS' FEES AND EXPENSES?

Since the beginning of this litigation, Class Counsel in the Actions have not received any payment for their services in prosecuting the Action, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the Settlement, counsel for the Settlement Class will apply to the Court for an award of attorneys' fees, including costs and expenses. In the Settlement Agreement, Progressive has agreed not to oppose such an application for attorneys' fees in the amount of up to 30% of the total value of the Settlement Fund. In addition, Progressive has agreed not to oppose an award of reasonable costs and expenses of this litigation in an amount not to exceed $15,000. If the Court awards Plaintiffs' attorneys' fees and expenses in an amount no greater than these amounts, Progressive will pay the amount awarded by the Court to Plaintiffs' counsel. This payment is in addition to the consideration to the members of the Settlement Class that is described above and will not reduce the amount available to Class Members if the Settlement is approved.

9.     WHAT IS THE CLASS REPRESENTATIVES' INCENTIVE AWARD?

In addition to the application for attorneys' fees and expenses described in the preceding section, in connection with the Court's consideration of the Settlement, Class Representatives intend to seek an award from the Court in the amount of up to $15,000, which, if awarded, would be in addition to the settlement consideration that will be available to members of the Settlement Class. In the Settlement Agreement, Progressive has agreed not to oppose such an application up to $15,000 for each Class Representative. If the Court awards the Class Representatives up to that amount, Progressive will pay such amount to the Class Representatives.

10.    WHO CAN I CONTACT WITH QUESTIONS?

If you have questions regarding this Notice, the Settlement with Progressive or the Action generally, you can obtain additional information from the following sources:

Brickell Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9000 #6412
Merrick, NY 11566-9000

Counsel for the Settlement Class
Carlin J. Phillips, Esq.
Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
E-mail: cphillips@phillipsgarcia.com

Kopelman & Blankman, P.A.
Larry Kopelman, Esq.
Douglas Blankman, Esq.
350 East Las Olas Blvd., #980
Fort Lauderdale, FL 33301
E-mail: dab@kopelblank.com

**PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE.**

11.    REQUEST TO FORWARD THIS NOTICE.

If you would be a member of the Settlement Class described in this Notice but you have assigned any claims that might be covered by the Settlement or be released as described above, please forward this notice to the appropriate person as soon as possible.

Dated March 21, 2006

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

4

Brickell Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9000 #6412
Merrick, NY 11566-9000

Return Service Requested

# EXHIBIT B

| | | | | |
|---|---|---|---|---|
| EXC1T | Timely Exclusions as of 7/21/06 | | Page 1 of 3 | |
| EXC1T008 | BRICKELL VS. PROGRESSIVE | | 27-Jul-06  1:14 PM | |

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1001260 BAYFRONT MEDICA | BAYFRONT MEDICAL CENTER<br>PO BOX 30394<br>TAMPA FL | | 06/29/06 | E |
| 1002070 CENTRAL FLORIDA | CENTRAL FLORIDA PHYSIATRISTS<br>PO BOX 691645<br>ORLANDO FL | | 06/15/06 | E |
| 1003053 DAVID LIBERT, M | DAVID LIBERT, M.D.<br>697 MAITLAND AVENUE #1001<br>ALTAMONTE SPRINGS FL | | 06/29/06 | E |
| 1003240 DENNIS J. D'ERA | DENNIS J. D'ERAMO, D.C.<br>797 N SR 434<br>ALTAMONTE SPRINGS FL | | 06/28/06 | E |
| 1003677 DR JULIE STUBER | DR JULIE STUBER DC CCSP CCRD<br>4435 13TH ST<br>SAINT CLOUD FL | | 06/22/06 | E |
| 1003994 DR. MICHAEL CAS | DR. MICHAEL CASSATLY<br>1025 MILITARY TRAIL #110<br>JUPITER FL | | 06/28/06 | E |
| 1004053 DR. ROBERT FREY | DR. ROBERT FREY<br>760 SW 89TH TERRACE<br>OCALA FL | | 06/13/06 | E |
| 1004424 EDWARD VICKERS | EDWARD VICKERS JR., D.C.<br>PO BOX 592<br>PAHOKEE FL | | 06/16/06 | E |
| 1006937 ISBELL CHIROPRA | ISBELL CHIROPRACTIC CTR (PPO)<br>257 W BRANDON BLVD<br>BRANDON FL | | 04/25/06 | E |

| EXC1T<br>EXC1T008 | Timely Exclusions as of 7/21/06<br>BRICKELL VS. PROGRESSIVE | | | Page 2 of 3<br>27-Jul-06  1:14 PM |
|---|---|---|---|---|
| **IdNo Description** | **Name/Address** | **Phone No** | **Postmark Date** | **Acct No** |
| 1006956 J MARK RENFROE | J MARK RENFROE<br>1421 E. NINE MILE RD<br>PENSACOLA FL | | 05/09/06 | E |
| 1007219 JAMES SHEA**2** | JAMES SHEA**2**<br>277 DOUGLAS AVE. STE.#1006<br>ALTAMONTE SPRINGS FL | | 06/15/06 | E |
| 1007413 JEWETT ORTHOPAE | JEWETT ORTHOPAEDIC CLINIC<br>P.O. BOX 140099<br>ORLANDO FL | | 05/31/06 | E |
| 1011298 PAPIA CHIROPRAC | PAPIA CHIROPRACTIC CLINIC<br>1004 NORTH FLORIDA<br>TAMPA FL | | 04/26/06 | E |
| 011513 PAUL W. BUZA DO | PAUL W. BUZA DO<br>PO BOX 2227<br>MELBOURNE FL | | 05/17/06 | E |
| 012992 ROBERTS CHIROPR | ROBERTS CHIROPRACTIC CENTER, P.A.<br>730 NEW WARRINGTON ROAD<br>PENSACOLA FL | | 05/03/06 | E |
| 013267 S.M.S., DO (NON | S.M.S., DO, P A<br>DBA GULF COAST MEDICAL CENTER<br>11528 US 19<br>PORT RICHEY FL | | 05/30/06 | E |
| 014092 ST LUKES RADIOL | ST LUKES RADIOLOGY SERVICES<br>PO BOX 40663<br>JACKSONVILLE FL | | 06/30/06 | E |

| EXC1T | | Timely Exclusions as of 7/21/06 | | Page 3 of 3 | |
|---|---|---|---|---|---|
| EXC1T008 | | BRICKELL VS. PROGRESSIVE | | 27-Jul-06  1:14 PM | |

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1014881 THOMAS A. ROBER | THOMAS A. ROBERTS<br>730 NEW WARRINGTON ROAD<br>PENSACOLA FL | | 05/03/06 | E |

Total 18