UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/
MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                                                                                                                             00-7163

ALLSTATE INDEMNITY COMPANY, et al.

    Defendants.
_____/
ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                                                                                                        00-6777

DEERBROOK INSURANCE COMPANY,

    Defendant.
_____/

Exhibit 2

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                                                             01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

    Defendants.
_____/

**AFFIDAVIT OF ERIC LEE, ESQ. IN SUPPORT OF
CLASS COUNSEL'S APPLICATION FOR AN AWARD OF
ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES**

    Eric Lee, being duly sworn does under oath depose and state as follows:

    1.    I am an attorney duly licensed in the State of Florida and am certified to practice in both federal and state courts. I am the managing member of the law firm of Lee & Amtzis, P.L., 5550 Glades Road, Suite 401, Boca Raton, FL 33431. Prior to working at Lee & Amtzis, I was a partner at Atlas Pearlman, formerly of Ft. Lauderdale. I have acted as Co-Lead Class Counsel in the present litigation while at my firm and Atlas Pearlman and have personal knowledge of the facts and circumstances contained herein.

    2.    I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeals and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

    **Time and Effort Expended by Atlas Pearlman**

    3.    While I was employed at Atlas Pearlman the firm expended approximately 3,313.20 hours in the prosecution of the consolidated litigation for a total lodestar of

$815,197.71. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefited the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4.    Atlas Pearlman's hourly rates during the pendency of this case were between $350 and $175 an hour for attorneys and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

**Time and Effort Expended by Lee & Amtzis**

5.    Lee & Amtzis has expended 137.7 hours in the Allstate case for a lodestar of $48,195.00. The lodestar figure for the Allstate case would be further enhanced by the attribution of a percentage of the consolidated time Lee & Amtzis has worked on these consolidated cases.

6.    Lee & Amtzis' hourly rates during the pendency of this case were between $350 for partners and $195 for associates and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

7.    My firm handles many cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Allstate case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms

with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

      8.     I have been advised that Class Counsel has expended over $29,274.00 in litigation cost advances in the prosecution of the Allstate case. These expenses include such reasonable expenses as court filing fees, on-line legal research expenses, copy and courier charges, and reasonable airfare, lodging costs and ground transportation for out-of-state counsel traveling to further the prosecution of the litigation. As part of the Allstate Settlement Agreement Class Counsel has agreed to accept $15,000.00 as reimbursement in full of these cost advances subject to the Court's approval.

Sworn to under the pains and penalties of perjury this 16th day of January, 2007.

                                                   _____
                                                   Eric Lee, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/
MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                                                                                                         00-7163

ALLSTATE INDEMNITY COMPANY, et al.

    Defendants.
_____/
ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                                                                              00-6777

DEERBROOK INSURANCE COMPANY,

    Defendant.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                                                                  01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

    Defendants.
_____/

### AFFIDAVIT OF DOUGLAS BLANKMAN, ESQ. IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES

NOW COMES Douglas Blankman and after being duly sworn does under oath depose and state as follows:

1. I am an attorney duly licensed in the State of Florida and am certified to practice in both federal and state courts. I am a partner in the law firm of Kopelman & Blankman, 350 E. Las Olas Blvd., Ft. Lauderdale, FL 33301. I have acted as Co-Lead Class Counsel in the present litigation and have personal knowledge of the facts and circumstances contained herein.

2. I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeals and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

### Time and Effort Expended by Kopelman & Blankman

3. Kopelman & Blankman has expended approximately 988 hours in the prosecution of the Allstate case for a total lodestar of $345,800.00. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefited the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Class Counsel's hourly rates during the pendency of this case were $300 per hour and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Allstate case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

Sworn to under the pains and penalties of perjury this 16th day of January, 2007.

_____
Douglas Blankman, Esq.

STATE OF FLORIDA

COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this __16th__ day of __January__ _____, 2007, by __Douglas A. Blankman__, who is personally known to me to be the person described in and who executed the foregoing instrument.

WITNESS my hand and official seal in the County and State last aforesaid.

_____
Notary Public, State of Florida

__Catherine Lepore__
(Printed Name)

My commission expires:


Catherine Lepore
MY COMMISSION # DD189682 EXPIRES
June 11, 2007
BONDED THRU TROY FAIN INSURANCE, INC.




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

      Defendants.
_____/

MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

      Plaintiffs,

v.                                                                                                                 00-7163

ALLSTATE INDEMNITY COMPANY, et al.

      Defendants.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

      Plaintiff,

v.                                                                                                        00-6777

DEERBROOK INSURANCE COMPANY,

      Defendant.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.        01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

    Defendants.
_____/

## AFFIDAVIT OF CARLIN J. PHILLIPS ESQ. IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES

NOW COMES Carlin J. Phillips and after being duly sworn does under oath depose and state as follows:

1. I am an attorney duly licensed in the Commonwealth of Massachusetts and am certified to practice in both federal and state courts. I am a partner in the law firm of PHILLIPS & GARCIA, LLP, 13 Ventura Drive, North Dartmouth, Massachusetts, 02747. This Court has previously granted my pro hac vice motion to appear in these consolidated cases. I have acted as Co-Lead Class Counsel in the present litigation and have personal knowledge of the facts and circumstances contained herein.

2. I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeal and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

2

### Time and Effort Expended by Phillips & Garcia, LLP

3. Phillips & Garcia, LLP has expended 583.5 hours in prosecuting the Allstate litigation for a total lodestar of $154,627.50. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefited the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Class Counsel's hourly rates during the pendency of this case were between $225 and $275 and are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Allstate case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

Sworn to under the pains and penalties of perjury this 16th day of January, 2007.

_____
Carlin J. Phillips, Esq.

### COMMONWEALTH OF MASSACHUSETTS

Bristol, ss

On this 16th day of January 2007, before me, the undersigned notary public, personally appeared the above-named Carlin J. Phillips, who proved to me through satisfactory evidence of identification which was/were a valid Massachusetts drivers license(s) to be the person(s) whose name is/are signed on the preceding or attached document, and acknowledged the foregoing

3

instrument to be his/her/their free act and deed, and that he/she/they signed it voluntarily for its stated purpose.

_____
Notary Public - Donna Medeiros
My Commission Expires: 6/25/10

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                                                                                                                                                                                         00-7163

ALLSTATE INDEMNITY COMPANY, et al.

    Defendants.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                                                                                                                                                                00-6777

DEERBROOK INSURANCE COMPANY,

    Defendant.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                                                01-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

    Defendants.
_____/

### AFFIDAVIT OF ARTHUR S. GOLD, ESQ. IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES

NOW COMES Arthur S. Gold and after being duly sworn does under oath depose and state as follows:

1. I am an attorney duly licensed in the State of Illinois and am certified to practice in both federal and state courts. I am a partner in the law firm of Gold & Coulson, 11 S. LaSalle Street, Suite 2500, Chicago, IL 60603. This Court has previously granted my pro hac vice motion to appear in these consolidated cases. I have acted as Co-Lead Class Counsel in the present litigation and have personal knowledge of the facts and circumstances contained herein.

2. I have been involved in all aspects of the litigation from the pre-suit investigation through the Eleventh Circuit appeals and the eventual settlement negotiations in several of the cases. I have direct knowledge of the work my firm has done in these cases and, this settled case in particular, and the expenses we have incurred in prosecuting these cases.

**Time and Effort Expended by Gold & Coulson**

3. Gold & Coulson has expended approximately 1,163.4 hours in the prosecution of the Allstate litigation for a total lodestar of $375,881.00. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefited the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Gold & Coulson's hourly rates during the pendency of this case were between $300 and $350 an hour for attorneys and $75-$85 per hour for paralegal work. These rates are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Allstate case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

Sworn to under the pains and penalties of perjury this ____ day of January, 2007.

                                        Arthur S. Gold, Esq.

**Time and Effort Expended by Gold & Coulson**

3. Gold & Coulson has expended approximately 1,163.4 hours in the prosecution of the Allstate litigation for a total lodestar of $375,881.00. This lodestar figure does not account for general time from the consolidated litigation where work performed in the consolidated cases benefited the Class in this case. If a percentage of the general consolidated time were allocated to this case, the lodestar would increase significantly.

4. Gold & Coulson's hourly rates during the pendency of this case were between $300 and $350 an hour for attorneys and $75-$85 per hour for paralegal work. These rates are reasonable based on hourly rates charged in similar litigation in this community. The amount of hours expended is also reasonable given the complexity of this case, the size of the class, the statewide aspect of the case, and the results obtained.

5. My firm primarily handles cases on a contingency basis. To achieve this Settlement for Class Members, my firm had to devote considerable time, effort and resources to the prosecution of this case. Accordingly, the prosecution of the Allstate case and the consolidated litigation in general has affected my firm's ability to prosecute other cases. As with all firms with a contingent fee caseload, fees from larger cases typically represent remuneration for years worth of effort and have to account for missed opportunities in the legal marketplace.

Sworn to under the pains and penalties of perjury this 15 day of January, 2007.

_____
Carla Shull
Notary Public

_____
Arthur S. Gold, Esq.

OFFICIAL SEAL
CARLA SHULL
Notary Public, State of Illinois
My Commission Expires 06/08/09

3