UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of
himself and all others
similarly situated,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

    Defendants.
_____/

MARC J. BROWNER, D.C.,
individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                                                                                                                                        00-7163

ALLSTATE INDEMNITY COMPANY,
et al.

    Defendants.
_____/

ULTRA OPEN MRI CORPORATION,
and on behalf of itself and
all others similarly situated,

    Plaintiff,

v.                                                                                                                                          00-6777

DEERBROOK INSURANCE COMPANY,

    Defendant.
_____/

ULTRA OPEN MRI CORPORATION,
and on behalf of itself and
all others similarly situated,

      Plaintiff,

v.                                                                01-6779

FIDELITY AND CASUALTY COMPANY
OF NEW YORK and THE
CONTINENTAL INSURANCE COMPANY,

      Defendants.
_____/

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiffs, DR. PAUL ZIDEL, MARC J. BROWNER, D.C. and ULTRA OPEN MRI CORP, (hereinafter "Class Representatives") and the named Defendants Allstate Insurance Company (hereinafter "Allstate"), Allstate Indemnity Company, Deerbrook Insurance Company, The Fidelity and Casualty Company of New York, The Continental insurance Company, National-Ben Franklin Insurance Company of Illinois, The Buckeye Union Insurance Company, The Glens Falls Insurance Company, Kansas City Fire & Marine Insurance Company, Fireman's Insurance Company of Newark, New Jersey, Pacific Insurance Company, Niagara Fire Insurance Company, Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey, Continental Reinsurance Corporation, Continental Casualty Company, Transportation Insurance Company, American Casualty Company of Reading, Pennsylvania, Transcontinental Insurance Company, National Fire Insurance Company of Hartford, Valley Forge Insurance Company, Encompass Floridian Insurance

2

Company and Encompass Floridian Indemnity Company (hereinafter collectively the "Defendants"), have submitted for final approval a proposed Settlement of this class action case.

By an Order Of Preliminary Approval (DE 1157) dated June 19th, 2006 this Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Settlement Agreement and Stipulation (DE 1152) (hereinafter the "Settlement" or "Agreement"), subject to further consideration at the Final Settlement and Fairness Hearing conducted on January 23, 2007. In its Order of Preliminary Approval, the Court conditionally certified the above-styled cause to proceed as a class action for settlement purposes only and temporarily certified Class Representatives as representative of the following class:

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a motor vehicle insurance policy issued by one of the Defendants in the state of Florida that provided PIP coverage; (b) That received a valid assignment of benefits from the person(s) insured by such Defendants as to such services; (c) That submitted bills for payment for such services to Defendants; and (d) Whose bills were paid at a reduced rate by Defendants based on the application of a PPO reduction during the Class Period (January 1, 1998 through May 4, 2006).

The Court also ordered that the Notice of Proposed Settlement attached as Exhibit A to the Agreement, including the Proof of Claim in substantially the form attached as Exhibit C to the Agreement, be mailed no later than August 3, 2006 by first-class mail, postage pre-paid to all potential members of the class to the

extent that such Class Members can be identified with reasonable diligence.

In its prior Order Of Preliminary Approval (DE 1157), the Court scheduled a Final Fairness Hearing for January 23, 2007 to determine: (a) whether the proposed Settlement on the terms and conditions provided in the Agreement is fair, reasonable, and adequate and (b) whether final judgment should be entered dismissing this Action on the merits, with prejudice, and without costs, except as otherwise provided in the Agreement. Said Hearing was ultimately unnecessary because not a single class member objected to the Settlement. See DE 1180, p. 3. This Court has duly considered all of the submissions and arguments presented on the proposed Settlement. After due deliberation and for the reasons set out below, this Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Settlement Agreement And Stipulation (DE 1152) be and the same is hereby approved, adopted and ratified by the Court as follows:

1. In its prior Order Of Preliminary Approval (DE 1157), the Court provided an opportunity to appear before it on January 23, 2007 and object to the Settlement if notice of intent to so object was filed on or before September 22, 2006. There being no such filings, and no other attempted objections to consider, and

4

approval of the Settlement being requested by all interested parties, the Court did not conduct said Hearing. In reaching its decision in this case, this Court considered the parties' Settlement Agreement and Stipulation, the extensive Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiffs, and counsel for the Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

2. As recognized in the Order of Preliminary Approval (DE 1157), the Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to the Defendants, of healthcare providers as identified above.

3. The Court hereby affirms its decision certifying the class and approving the Settlement. The Court finds that the requirements for certification of a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met.

4. In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness

Hearing.

5. The Court also finds that the sending of a notice containing the language from the October 27, 2005 Memo from the Centers for Medicare and Medicaid Services to each Class Members receiving a claims payment, informing them of Medicare's Secondary Payer Priority Right of Recovery as outlined in the Memo, satisfies the requested notice by the Department of Justice regarding this issue.

6. The Court finds that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the Plaintiffs would prevail at trial; b) the range of possible recovery if the Plaintiffs prevailed at trial; c) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the settlement; and f) the stage of proceedings at which the settlement was achieved. <u>Bennet v. Behring Corp.</u>, 737 F.2d 982 (11th Cir. 1984); <u>In re Corrugated Container Antitrust Litig.</u>, 643 F.2d 195 (5th Cir. 1981). The Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their

claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit, in conjunction with the conflicting state court decisions in the Florida Second, Fourth, and Fifth Districts, the Court finds it in the best interests of the Class Members to be presented with the benefits available directly to the Class and summarized as follows:

- A. The Settlement creates a settlement fund of $8,900,000.00, for Class Members to recover up to 65% of their individual damages.
- B. The Settlement included the right to opt-out, so that any Class Member could decline to participate in the Settlement.
- C. The Settlement provided for a Claim Dispute Resolution process involving arbitration; and
- D. The Settlement requires that Allstate pay Class Counsel fees up to $2,966,667.00 and reasonable litigation costs and expenses up to $15,000 separate and outside of the settlement fund.

7. If the case were to proceed without settlement, the Court notes that the current appeal and possible resulting trial would be complex, lengthy and very expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, the Defendants have defended this action vigorously and, absent a settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits. Behrens v. Wometco Enters., Inc., 118 F.R.D. 534, 543 (S.D. Fla. 1988), aff'd 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the amount to be reserved

by Allstate to pay Class Member claims is of substantial value to the Class.

8. The Court finds that there were no timely objections filed to the Settlement.

9. In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

10. The Court hereby approves as timely filed, the Requests for Exclusion of the Settlement Class Members referenced in the Class Settlement Opt-Out List (DE 1177), and finds that they are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it.

11. This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests for Exclusion, and all such Settlement Class Members hereby release and discharge the Defendants from all Released Claims as that term is defined in the Stipulation preliminarily approved by this Court in its prior Order of Preliminary Approval (DE 1157). That is, each member of the Settlement Class who has

not timely and properly opted out of the Settlement Class, and his, her or its heirs, successors, trustees, executors, administrators, principals, beneficiaries and assigns forever shall be bound by this Order.

In consideration of the payments described above, Plaintiffs agree and the Class and each Class Member agree, to:

> Promise, covenant and agree, and each Class Member and the Class shall be deemed to have promised, covenanted and agreed, that, upon the Effective Date of Settlement, Plaintiffs and the Class Members shall, by operation of the Final Order and Judgment, hereby release and forever discharge Defendants, individually and collectively, from liability for any and all claims related to those bills for medical services submitted for payment under the PIP and/or MedPay coverages of an automobile insurance policy issued by one of the Defendants in the state of Florida as to which PPO reductions were calculated, and/or which arise out of or are based on the acts, transactions, occurrences, facts, and events alleged in or which could have been alleged in the Complaints or amended Complaints filed in the above-captioned Actions, or that were or could have been made in the above-captioned Actions, whether such claims were or could have been made in this Court, in any other state or federal court, in or before any administrative agency, or in any other proceeding, including but not limited to any tort claims, contract claims, all federal or state statutory claims, federal or state Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, federal or state antitrust, trade regulation, restraint of trade or consumer fraud or deceptive trade practices claims, claims for fraud, claims for money had and received, claims for conversion, statutory bad faith claims, common law bad faith claims, claims for disgorgement, claims for restitution, claims for unjust enrichment, claims for damages, liquidated damages, punitive damages or exemplary damages, equitable relief, costs, expenses and/or attorneys' fees, and any and all other causes of action or claims, or liabilities of any nature whatsoever in both law or in equity, past and present, and whether or not now or heretofore known, suspected or claimed, regardless of whether each such Plaintiff or Class Member or the Class timely makes a claim under the Agreement of Settlement (except those Class Members who have filed a proper and timely request for exclusion from the Class that

was approved by the Court); provided, however, that this Release shall not apply to any claim possessed by a Class Member, other than a PPO reduction claim, that is the subject of a lawsuit currently pending outside the state of Florida.

The Settlement Members are hereby barred and permanently enjoined from asserting any of the Released Claims against the Defendants in any court or forum whatsoever, and Case No. 00-6061-CIV-ZLOCH, Case No. 00-7163-CIV-ZLOCH, Case No. 00-6777-CIV-ZLOCH, and Case No. 01-6779- CIV-ZLOCH be and the same are hereby DISMISSED on the merits, with prejudice and without costs to any party except as specifically provided in this Final Approval Order and Judgment and in the Stipulation of Settlement.

12. The Court finds that the law firms approved as Class Counsel are competent and experienced attorneys and have adequately and aggressively represented the interests of the Class. The Court therefor certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee & Amtzis, of Boca Raton, Florida, Gold & Coulson of Chicago, Illinois, and Phillips & Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class,

13. The Settlement also provides that Allstate will pay Class Counsel attorneys' fees of up to $2,966,667.00 plus reasonable costs and expenses of up to $15,000.00 separate and apart from the Settlement Fund that has been established for payment of Class Member claims. The Court finds that the total amount of fees requested by Class Counsel (i.e., $2,966,667.00) plus its reasonable costs and expenses ($15,000.00), to be reasonable in

view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time (over four years) and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, the firms certified and appointed as Class Counsel in Paragraph 12 of this Final Approval Order and Judgment do have and recover from Allstate attorneys' fees in the amount of $2,966,667.00 plus reasonable costs in the amount of $15,000.00, to be paid in accord with the terms of the Settlement Agreement, for all of which let execution issue.

14. The Court hereby certifies DR. PAUL ZIDEL, MARC J. BROWNER, D.C., and ULTRA OPEN MRI CORP. as Class Representatives of the Class herein defined. The terms of the Settlement provide that AllState will pay an incentive award to the named Class Representatives, DR. PAUL ZIDEL, MARC J. BROWNER, D.C., and ULTRA OPEN MRI CORP., of up to $15,000.00. The Court finds that the payment by Allstate of a $15,000.00 incentive award is reasonable. DR. PAUL ZIDEL, MARC J. BROWNER, D.C., and ULTRA OPEN MRI CORP. therefore do each have and recover an incentive award in the amount of $15,000.00 from Allstate, for all of which let execution issue.

15. Capitalized terms used in this Final Approval Order and Judgment not otherwise defined herein have the meaning assigned to

them in the Settlement Agreement.

16. Without affecting the finality of this Final Approval Order and Judgment, this Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th of January, 2007.

*[signature]*

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished to:

All counsel of record