UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself and
all others similarly situated,

        Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
and COMMUNITY CARE NETWORK,
INC., d/b/a CCN,

        Defendants.
_____/

MARC J. BROWNER, D.C., individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                                                                                     00-7163

ALLSTATE INDEMNITY COMPANY, et al.

        Defendants.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

        Plaintiff,

v.                                                                                                      00-6777

DEERBROOK INSURANCE COMPANY,

        Defendant.
_____/

ULTRA OPEN MRI CORPORATION, and on behalf of
Itself and all others similarly situated,

    Plaintiff,

v.                                                                                                          00-6779

FIDELITY AND CASUALTY COMPANY OF
NEW YORK and THE CONTINENTAL
INSURANCE COMPANY,

    Defendants.
_____/

## AFFIDAVIT OF TARA WATSON

1.    I am currently a Front Line Process Expert for Allstate Insurance Company ("Allstate") and have been in this position from 1998 through the present.

2.    I participated in have knowledge regarding the administration of the class action settlement in the above-captioned action by Allstate.

3.    In connection with this settlement, and pursuant to the Settlement Agreement between the parties as approved by this Court, Allstate utilized the ADP, Beech Street and CCN databases to create a mailing list of potential settlement class members after reviewing and consolidating those lists to eliminate duplicates. Allstate then utilized the services of an outside vendor, Axiom, to review the addresses on this mailing list and update them to the most current available mailing address for each settlement class member.

4.    On August 3, 2006 Allstate mailed the Notice of Class Settlement and Proof of Claim forms approved by this Court to each the settlement class members on the mailing list created as described in paragraph 3. A total of 8068 packages of notices and claim forms were mailed. Of these, 1374 were returned undeliverable.

5.  A total of 534 Proof of Claims forms were received postmarked on or before the claim deadline, September 22, 2006. After review of those forms and of records pertaining to those claimants, 389 Proof of Claims forms were approved for payment. Letters were sent to those claimants whose Proof of Claims form was not approved for payment advising them of this determination.

6.  A total of 77 requests for exclusion were received postmarked on or before the claim deadline, September 22, 2006. No objection to the settlement were received.

7.  A total of 3 Proof of Claims forms were received postmarked after the claim deadline, September 22, 2006. Letters were sent to each claimant submitting a Proof of Claim forms were received postmarked after the claim deadline, rejecting their claim as untimely.

8.  Between February 27, 2007 and March 13, 2007, settlement payment checks totaling $863,400.44 were mailed to the settlement class members' whose Proof of Claims forms were approved for payment.

9.  Between February 27, 2007 and March 13, 2007 as required by the Settlement Agreement approved by this Court, notices regarding possible Medicare liens as set forth in paragraph 65 of the Settlement Agreement and Stipulation in this matter as approved by this Court were mailed to each of the settlement class members to whom a settlement was being made.

10. On February 27, 2007, pursuant to the Settlement Agreement approved by this Court, the class counsels' attorneys' fees payment totaling $2,966,667.00 was wire transferred in accordance with class counsels' instructions, to the account of Kopelman and Blankman, P.A., one of the class counsel law firms.

11. Additionally, pursuant to the Settlement Agreement approved by this Court, on February 27, 2007, a $15,000 check payable to Kopelman and Blankman, P.A., in payment of litigation costs and expenses, along with thee $15,000 checks made payable to the three class representatives, Dr. Paul Zidel, Marc J. Browner, D.C., and Ultra Open MRI Corporation, in payment of the incentive awards, were sent by overnight delivery to Kopelman and Blankman, P.A.

FURTHER AFFIANT SAYETH NOT.

_Tara Watson_
Tara Watson

Date: 3-21-07

STATE OF __Florida__ )
                             ): SS
COUNTY OF __Pinellas__ )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _Tara Watson_, who is personally known to me, or who is not personally known to me, but to whom an oath was administered, and who produced _____ No. _____, as identification, and executed the foregoing instrument.

WITNESS my hand and official seal in the County and State last aforesaid this 21 day of __march__, 2007.

My commission expires:         Notary Public, State of __Florida__

Commission No.:                Printed Name of Notary __Denise Spatzer__

_Denise Spatzer_



DENISE SPATZER
Comm# DD0314279
Expires 5/17/2008
Bonded thru (800)432-4254
Florida Notary Assn., Inc