UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 00-6061-CIV-ZLOCH/SNOW

DR. PAUL ZIDEL, on behalf of himself
and all others similarly
situated,

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY, and COMMUNITY
CARE NETWORK, INC., d/b/a CCN,

    Defendants
_____/
SALVATORE D. LARUSSO, D.C.             CASE NO. 01-8110

v.

FLORIDA FARM BUREAU,
_____/

**Final Approval Order and Judgment**

Plaintiff SALVATORE LARUSSO, D.C. (hereinafter "Class Representative") and Defendants FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY and FLORIDA FARM BUREAU GENERAL INSURANCE COMPANY ("Defendants"), have submitted for final approval a proposed Settlement of this class action case.

By an Order of Preliminary Approval of Settlement Agreement dated May 16, 2007 (DE 1191), this Court preliminarily approved the proposed Settlement by the parties based on the terms and conditions of the Settlement Agreement and Stipulation (the "Settlement" or "Agreement"), subject to further consideration at a Final Fairness Hearing to be conducted on September 17,

2007. In its Order of Preliminary Approval, the Court conditionally certified the above-styled case to proceed as a class action for settlement purposes only and temporarily certified the Class Representative as representative of the following class:

> Health care providers, as defined by the Florida Motor Vehicle No-Fault Act: (a) That rendered medical services to person(s) insured under a FFB PIP policy; (b) That received a valid assignment of benefits from the person(s) insured by such FFB as to such services; (c) That submitted bills for payment for such services to FFB; and (d) Which bills were reduced by FFB based on the application of a PPO reduction during the Class Period (January 1, 1998 through August 1, 2003).

The Court also ordered that the Notice of Proposed Settlement attached as Exhibit A to the Agreement, including the Proof of Claim in substantially the form attached as Exhibit B to the Agreement, be mailed no later than June 15, 2007 by first-class mail, postage pre-paid to all potential members of the class to the extent that such Class Members could be identified with reasonable diligence.

The Court also explained that any class member could appear in person at the Final Fairness Hearing to object to the Settlement, but that no person would be heard unless they filed with the Court and the Parties' counsel on or before August 17, 2007 a notice of such person's intention to appear and a statement setting forth such person's objections, as well as a copy of a valid assignment of benefits demonstrating the person's standing to assert objections.

The Court scheduled a Final Fairness Hearing for September 17, 2007 to determine, among other things,: (a) whether the proposed Settlement on the terms and conditions provided in the Agreement is fair, reasonable, and adequate and (b) whether final judgment should be entered dismissing this Action on the merits, with prejudice, and without costs, except as otherwise provided in the Agreement.  Said hearing was ultimately unnecessary because not a single class member filed with the Court or the Parties' counsel a notice indicating their intention to appear at the Final Fairness Hearing to object to the Settlement.  <u>See</u> DE 1192.

This Court has duly considered all of the submissions and arguments presented on the proposed Settlement.  After due deliberation and for the reasons set out below, this Court has determined that the Settlement is fair, reasonable, and adequate and should therefore be approved.  Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Settlement Agreement and Stipulation (DE 1190 Exhibit 1) be and the same is hereby approved, adopted and ratified by the Court as follows:

1.  In its prior Order of Preliminary Approval of Settlement Agreement (DE 1191), the Court provided to class members an opportunity to appear before it on September 17, 2007 and object to the Settlement if notice of intent to so object was filed on or before August 17, 2007.  There being no such filings, and no other attempted objections to consider, and approval of the

Settlement being requested by all interested parties, the Court did not conduct said hearing. In reaching its decision in this case, this Court considered the parties' Settlement Agreement and Stipulation, the extensive Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiffs, and counsel for the Defendants in support of the fairness, reasonableness and adequacy of the Settlement.

2. As recognized in the Order of Preliminary Approval of Settlement Agreement (DE 1190), the Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), and solely with respect to the Defendants, of healthcare providers as identified above.

3. The Court hereby affirms its decision certifying the class and approving the Settlement. The Court finds that the requirements for certification of a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met.

4. In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement and the Final Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Fairness Hearing.

5. The Court also finds that the sending of a notice containing the language from the October 27, 2005 Memo from the Centers for Medicare and Medicaid Services to each Class Members receiving a claims payment, informing them of Medicare's Secondary Payer Priority Right of Recovery as outlined in the Memo, satisfies the requested notice by the Department of Justice regarding this issue.

6. The Court finds that the Settlement is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors that include: a) the likelihood that the Plaintiffs would prevail at trial; b) the range of possible recovery if the Plaintiffs prevailed at trial; c) the fairness of the Settlement compared to the range of possible recovery, discounted for the risks associated with the litigation; d) the complexity, expense and duration of the litigation; e) the substance and amount of opposition to the Settlement; and f) the stage of proceedings at which the Settlement was achieved. *Bennet v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195 (5th Cir. 1981). The Court has considered the submissions of the parties, and the class action discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues and uncertainty of the pending appeal in the Eleventh Circuit Court of Appeals, in conjunction with

the conflicting state court decisions in the Florida Second, Fourth, and Fifth Districts, the Court finds it in the best interests of the Class Members to be presented with the benefits available directly to the Class and summarized as follows:

> A. The Settlement creates a settlement fund of $1,200,000 for Class Members to recover up to 100% of their individual damages.
> B. The Settlement included the right to opt out, so that any Class Member could decline to participate in the Settlement.
> C. The Settlement provided for a Claim Dispute Resolution process involving arbitration; and
> D. The Settlement requires that Defendants pay Class Counsel fees up to $300,000 and reasonable litigation costs and expenses up to $15,000 separate and outside of the settlement fund.

7. If the case were to proceed without settlement, the Court notes that the current appeal and possible resulting trial would be complex, lengthy and very expensive. The Settlement eliminates a substantial risk that the Class would walk away "empty-handed" after the conclusion of such appeals and/or trial. Further, the Defendants have defended this action vigorously and, absent a settlement, by all indications would continue to do so on appeal. Because of the resulting motion practice, trial and appeals, it could be years before Class Members would see any recovery, even if they were to prevail on the merits. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir. 1990). The Court is satisfied that the settlement fund is of substantial value to the Class.

8. The Court finds that there were no timely objections filed to the Settlement.

9. In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arms-length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel.

10. The Court hereby approves as timely filed, the Requests for Exclusion of the Settlement Class Members referenced in the Class Settlement Opt-Out List (DE 1192), and finds that they are not bound by any terms of this Judgment and shall not participate in the proceeds of the Settlement or receive any benefits under it.

11. This Order shall be binding on all Settlement Class Members, excluding all those Members who timely filed valid Requests for Exclusion, and all such Settlement Class Members hereby release and discharge the Defendants from all "Released Claims," as that term is defined in the Settlement Agreement and Stipulation preliminarily approved by this Court in its prior Order of Preliminary Approval of Settlement Agreement (DE 1191). That is, each member of the Settlement Class who has not timely and properly opted out of the Settlement Class, and his, her or

its heirs, successors, trustees, executors, administrators, principals, beneficiaries and assigns forever shall be bound by this Order.

In consideration of the payments described above, Plaintiff agrees and the Class and each Class Member agree, to:

> Promise, covenant and agree, and each Class Member and the Class shall be deemed to have promised, covenanted and agreed, that, upon the Effective Date of Settlement, Plaintiffs and the Class Members shall, by operation of the Final Order and Judgment, hereby release and forever discharge Defendants, individually and collectively, and Defendants' current and former officers and directors, or any assigneee, successor, predecessor, direct or indirect subsidiary, direct or indirect parent company, divisions, affiliates, attorneys, employees and agents from liability for any and all claims, suits, demands, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, accrued or unaccrued, which now exist or heretofore existed in favor of the Class Members against Defendants which arise out of any bill submitted to FFB during the Class Period which was reduced by the application of a PPO discount and/or are based upon the acts, transactions, occurrences, facts, and events alleged or which could have been alleged in the Complaint.

The Settlement Members are hereby barred and permanently enjoined from asserting any of the Released Claims against the Defendants in any court or forum whatsoever, and Case No. 00-6061-CIV-ZLOCH and Case No. 01-8110-CIV-ZLOCH be and the same are hereby DISMISSED on the merits, with prejudice and without costs to any party except as specifically provided in this Final Approval Order and Judgment and in the Settlement Agreement and Stipulation.

12. The Court finds that the law firms approved as Class Counsel are competent and experienced attorneys and have

adequately and aggressively represented the interests of the Class. The Court therefore certifies and appoints the law firms of Kopelman & Blankman of Ft. Lauderdale, Florida, Lee & Amtzis, of Boca Raton, Florida, Gold & Coulson of Chicago, Illinois, and Phillips & Garcia of Dartmouth, Massachusetts, to serve as Class Counsel on behalf of the Class.

13. The Settlement also provides that Defendants will pay Class Counsel attorneys' fees of up to $300,000 plus reasonable costs and expenses of up to $15,000 separate and apart from the Settlement Fund that has been established for payment of Class Member claims. The Court finds that the total amount of fees requested by Class Counsel (i.e., $300,000) plus its reasonable costs and expenses ($15,000), to be reasonable in view of the great risk associated with asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the Class and the extensive time (over four years) and effort it took to achieve that result as verified by the submissions of Class Counsel; the experience, reputation and ability of the attorneys; and the preclusion of other employment by the attorneys due to acceptance of this case. Accordingly, the firms certified and appointed as Class Counsel in Paragraph 12 of this Final Approval Order and Judgment do have and recover from Defendants attorneys' fees in the amount of $300,000 plus reasonable costs in the amount of $15,000, to be paid in accord with the terms of the Settlement Agreement, for all of which let execution issue.

14. The Court hereby certifies SALVATORE LARUSSO, D.C. as Class Representative of the Class herein defined. The terms of the Settlement provide that Defendants will pay an incentive award to the named Class Representative, of up to $15,000. The Court finds that the payment by Defendants of a $15,000 incentive award is reasonable. SALVATORE LARUSSO, D.C. therefore does have and recover an incentive award in the amount of $15,000 from Defendants, for all of which let execution issue.

15. Capitalized terms used in this Final Approval Order and Judgment not otherwise defined herein have the meaning assigned to them in the Settlement Agreement and Stipulation (DE 1190 Exhibit 1).

16. Without affecting the finality of this Final Approval Order and Judgment, this Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Settlement Agreement and Stipulation (DE 1190 Exhibit 1) and this Final Approval Order and Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ of September, 2007.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished to:

All counsel of record